QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 90378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et. al.,<br><br>        Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>**[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT IN SUPPORT OF MGA PARTIES' MOTION TO COMPEL FURTHER RESPONSES TO MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (9049, SET TWO)**<br><br><br>Hearing Date:  TBA<br>Time:          TBA<br>Place:          Arent Fox LLP<br>                  555 West Fifth St.<br>                  48th Floor<br>                  Los Angeles, CA 90013<br><br>**Phase 2**<br>Disc. Cut-off:    June 1, 2010<br>Pre-trial Conf.:  None Set<br>Trial Date:      None Set |

1       Plaintiff Mattel, Inc. ("Mattel") submits this Opposition to the Separate

2   Statement in Support of MGA Parties' Motion to Compel Further Responses to

3   MGA's Requests for Production of Documents (9049, Set Two).  This Separate

4   Statement covers MGA's Second Set of Requests in Case No. CV 04- 9049 SGL of

5   the consolidated proceedings, served on March 27, 2007.  The requests included in

6   this Separate Statement are Request Nos. 125, 127, 130, 168, 170-171, 176-177 and

7   180.

8   **REQUEST FOR PRODUCTION NO. 125:**

9       DOCUMENTS sufficient to identify by name and title the employees that

10   BRYANT allegedly enlisted to perform work on BRATZ while BRYANT was still

11   a MATTEL employee.

12   **RESPONSE TO REQUEST NO. 125:**

13       In addition to the general objections stated above which are incorporated

14   herein by reference, Mattel objects to this Request on the grounds that it is

15   overbroad, unduly burdensome and unintelligible, including in that it seeks all

16   documents on this subject without limitation as to time, and regardless of whether

17   such documents relate to products or matters at issue in this case.  Mattel further

18   objects to the Request on the grounds that it seeks documents that are not relevant to

19   this action or likely to lead to the discovery of admissible evidence.  Mattel further

20   objects to this Request on the grounds that it seeks confidential, proprietary and

21   trade secret information that has no bearing on the claims or defenses in this case.

22   Mattel further objects to this Request on the grounds that it calls for the disclosure

23   of information subject to the attorney-client privilege, the attorney work-product

24   doctrine and other applicable privileges.

25   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 125:**

26       In addition to the general objections stated above which are incorporated

27   herein by reference, Mattel objects to this Request on the grounds that it is

28   unintelligible, including in that it seeks documents without meaningful limitation as

1  to subject matter, and regardless of whether such documents relate to products or

2  matters at issue in this case.  Mattel further objects to the Request on the grounds

3  that it seeks documents that are not relevant to this action or likely to lead to the

4  discovery of admissible evidence.  Mattel also objects to this Request on the

5  grounds that it seeks documents and information in the possession or control of

6  MGA and/or Bryant, including documents and information that MGA and Bryant

7  have been compelled to produce by Court orders but still have not produced.

8       Mattel further objects to this Request on the grounds that it calls for the

9  disclosure of information subject to the attorney-client privilege, the attorney work-

10  product doctrine and other applicable privileges.

11  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

12  **TO SHOULD BE COMPELLED**

13       Mattel refuses to produce documents responsive to this request.  Under the

14  Federal Rules of Civil Procedure, "an objection to part of a request must specify the

15  part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic

16  objections that fail to explain the basis for an objection with specificity are routinely

17  rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234

18  F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

19  burdensome and harassing' are improper – especially when a party fails to submit

20  any evidentiary declarations supporting such objections").  Accordingly, Mattel

21  must be compelled either to certify that it has produced all Non-privileged

22  responsive documents or to produce all such documents by a date certain.

23       To the extent that Mattel is relying on its blanket objections, they are not

24  sustainable and do not justify Mattel's failure to produce documents.

25       As to overbreadth, Mattel provides no explanation, let alone the required

26  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

27  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

28  (overruling objections not stated with specificity), Rutowski Dec., Ex. 55.  To the

00505.07975/3121194.2

**-3-**

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET TWO)

1  contrary, the request is narrowly tailored to documents sufficient to identify

2  individuals that Bryant allegedly enlisted to work on BRATZ at Mattel.

3       This request does not seek documents protected by the attorney-client

4  privilege, the attorney work product doctrine, or other applicable privileges.  To the

5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6       Mattel objects that the request contains confidential, proprietary and trade

7  secret information.  A Protective Order exists in this case, obviating any concern as

8  to protection of privacy rights and/or commercially sensitive information.

9       Mattel objects that the request seeks information in MGA's possession, but

10  this objection does not relieve Mattel of its obligation to produce all responsive non-

11  privileged documents in its possession, custody or control.

12       As for relevancy, Mattel has not attempted to demonstrate why the

13  information sought in response to this request is not discoverable in Phase 2.  On the

14  contrary, documents sufficient to show the employees that Bryant allegedly enlisted

15  to work on BRATZ while at Mattel are highly likely to lead to the discovery of

16  admissible evidence regarding MGA's unfair competition claims of serial copying,

17  its statute of limitations defense, and Mattel's alleged trade secrets in BRATZ,

18  among other things.

19       None of Mattel's improper objections are valid and Mattel is obligated to

20  produce all non-privileged responsive documents in its possession, custody, or

21  control.

22  **MATTEL'S RESPONSE:**

23       This Request does not seek "all" documents on the subject, but rather only

24  documents "sufficient to identify by name and title" the employees Bryant enlisted

25  to work on Bratz while he was employed by Mattel.  As MGA's current counsel

26  would have learned had it taken the time to review the extensive correspondence

27  between the parties, prior briefing and subsequent Orders, or bothered to meet and

28  confer on these issues, Mattel has already produced documents regarding all

1  employees of which it is aware, and this issue was fully litigated in Phase 1 trial. If

2  MGA's current counsel were to merely review those transcripts, it would have ample

3  information to identify the relevant Mattel employees. MGA would have confirmed

4  yet again that Mattel is not withholding any documents that would identify any other

5  employees.

6        On July 3, 2007, MGA moved to compel Mattel to produce documents

7  responsive to MGA's First Set of Requests for the Production of Documents and

8  Things in Mattel v. Bryant, Case No. CV04-9059. Request Nos. 180-183, 186-187,

9  258 and 260 sought all documents pertaining to Bryant, including his work at Mattel

10  and MGA and the design and development of Bratz. Rutowski Decl. Ex. 41 at 1648.

11  Request No. 180, the broadest request, asked for "all DOCUMENTS mentioning,

12  referring or relating to BRYANT." Id. On September 11, 2007, Discovery Master

13  Infante granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258

14  and 260. Dart Decl., Exh. 9. Pursuant to this order, Mattel was required to produce

15  documents responsive to these requests. Mattel has since confirmed that it has

16  produced responsive, non-privileged documents to these requests in its Third

17  Supplemental Responses to MGA's First Set of Requests for Production. Rutowski

18  Decl. Ex 46 at 2238. Because this Request relates to Bryant, it is duplicative of

19  Request Nos. 180-183, 186-187, 260 and 258. MGA's motion to compel responses

20  to this Request should therefore be denied as moot.[1]

21

22

23     [1]  Indeed, the reason documents related to this Request have been produced
already is that it seeks information regarding issues that were fullly settled in

24  Mattel's favor in Phase 1. Though MGA conclusorily states that these documents
would be relevant to "MGA's unfair competition claims of serial copying, its statute

25  of limitations defense, and Mattel's alleged trade secrets in BRATZ, among other

26  things," it does not explain why the findings from Phase 1 trial should not be given
conclusive effect, or how such documents would be relevant to any remaining

27  issues.

28

1    The Order MGA seeks overruling Mattel's objections should also be denied as

2  moot.  Thus, for example, there is no basis for overruling Mattel's privilege

3  objection.  MGA's bald assertion that "this request does not seek information

4  protected by the attorney-client privilege, the attorney work product doctrine, or

5  other applicable privileges" has no merit.  Documents discussing Mattel employees

6  who worked on Bratz—the essence of the Phase 1 trial—could very well be subject

7  to a claim of privilege or work product protection.  Moreover, as MGA has itself

8  argued, the parties have agreed that in general "all privileged documents would be

9  logged except for documents created after this action was filed on April 27, 2004."[2]

10  Thus, to the extent privileged documents fall within the post lawsuit time period,

11  they need not be included on Mattel's log.

12    Similarly, MGA states that "Mattel has not attempted to demonstrate why

13  responding to this request and/or producing responsive documents presents any

14  burden."  Yet, as MGA knows, the Discovery Master has already placed limits on

15  the searches Mattel must make in producing documents, and this objection is only

16  meant to invoke those issues that have already been settled.  See, e.g., Order

17  Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel

18  on all outstanding emails, holding that Mattel has produced all relevant emails and

19  does not need to consult back-up tapes to complete its production).  MGA should

20  not be permitted to circumvent prior Orders by seeking to overrule Mattel's

21  objections here.

22    Finally, MGA failed to meet and confer at all, much less in good faith,

23  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

24  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

---

26  [2]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.

-6-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET TWO)

1   the moving party shall first identify each dispute, state the relief sought and identify

2   the authority supporting the requested relief in a meet and confer letter that shall be

3   served on all parties by facsimile or electronic mail. The parties shall have five court

4   days from the date of service of that letter to conduct an in-person conference to

5   attempt to resolve the dispute."). At no point during the meet and confer process did

6   the parties discuss this Request or Mattel's response to it.[3] In order to engage in a

7   meaningful meet and confer, MGA had the burden to show the relevance of any

8   requests it sought to move on.[4] Because MGA refused to even attempt to make this

9   showing, there was no possibility of a good faith meet and confer to resolve the

10  parties' disputes. The Discovery Master should deny MGA's motion with respect to

11  this Request on that grounds alone.

12  **REQUEST FOR PRODUCTION NO. 127:**

13  DOCUMENTS sufficient to identify by name and title the employees that

14  BRYANT led to believe that work done on BRATZ design or development was for

15  MATTEL.

16  **RESPONSE TO REQUEST NO. 127:**

17  In addition to the general objections stated above which are incorporated

18  herein by reference, Mattel objects to this Request on the grounds that it is

19  overbroad, unduly burdensome and unintelligible, including in that it seeks all

20  documents on this subject without limitation as to time, and regardless of whether

21  such documents relate to products or matters at issue in this case. Mattel further

22  objects to the Request on the grounds that it seeks documents that are not relevant to

23  this action or likely to lead to the discovery of admissible evidence. Mattel further

24

25  [3]  See Webster Decl., ¶¶ 6-20.

26  [4]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1 objects to this Request on the grounds that it seeks confidential, proprietary and

2 trade secret information that has no bearing on the claims or defenses in this case.

3 Mattel further objects to this Request on the grounds that it calls for the disclosure

4 of information subject to the attorney-client privilege, the attorney work-product

5 doctrine and other applicable privileges.

6 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 127:**

7      In addition to the general objections stated above which are incorporated

8 herein by reference, Mattel objects to this Request on the grounds that it is

9 unintelligible, including in that it seeks documents without meaningful limitation as

10 to subject matter, and regardless of whether such documents relate to products or

11 matters at issue in this case.  Mattel further objects to the Request on the grounds

12 that it seeks documents that are not relevant to this action or likely to lead to the

13 discovery of admissible evidence.  Mattel also objects to this Request on the

14 grounds that it seeks documents and information in the possession or control of

15 MGA and/or Bryant, including documents and information that MGA and Bryant

16 have been compelled to produce by Court orders but still have not produced.  Mattel

17 further objects to this Request on the grounds that it calls for the disclosure of

18 information subject to the attorney-client privilege, the attorney work-product

19 doctrine and other applicable privileges.

20 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

21 **TO SHOULD BE COMPELLED**

22      Mattel refuses to produce documents responsive to this request.  Under the

23 Federal Rules of Civil Procedure, "an objection to part of a request must specify the

24 part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic

25 objections that fail to explain the basis for an objection with specificity are routinely

26 rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234

27 F.R.D.  186, 188 (C.D.  Cal.  2006) ("general or boilerplate objections such as

28 'overly burdensome and harassing' are improper – especially when a party fails to

1  submit any evidentiary declarations supporting such objections").  Accordingly,

2  Mattel must be compelled either to certify that it has produced all non-privileged

3  responsive documents or to produce all such documents by a date certain.

4      To the extent that Mattel is relying on its blanket objections, they are not

5  sustainable and do not justify Mattel's failure to produce documents.

6      As to overbreadth, Mattel provides no explanation, let alone the required

7  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9  (overruling objections not stated with specificity), Rutowski Dec., Ex. 55.  To the

10  contrary, the request is narrowly tailored to documents sufficient to identify

11  individuals that Bryant allegedly led to believe that BRATZ was for Mattel.

12      This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      Mattel objects that the request contains confidential, proprietary and trade

16  secret information.  A Protective Order exists in this case, obviating any concern as

17  to protection of privacy rights and/or commercially sensitive information.

18      Mattel objects that the request seeks information in MGA's possession, but

19  this objection does not relieve Mattel of its obligation to produce all responsive non-

20  privileged documents in its possession, custody or control.

21      As for relevancy, Mattel has not attempted to demonstrate why the

22  information sought in response to this request is not discoverable in Phase 2.  On the

23  contrary, documents sufficient to show the employees that Bryant allegedly enlisted

24  to work on BRATZ while at Mattel are highly likely to lead to the discovery of

25  admissible evidence regarding MGA's unfair competition claims of serial copying,

26  its statute of limitations defense, and Mattel's alleged trade secrets in BRATZ,

27  among other things.

28

1    None of Mattel's improper objections are valid and Mattel is obligated to

2  produce all non-privileged responsive documents in its possession, custody, or

3  control.

4  **MATTEL'S RESPONSE**

5    This Request does not seek "all" documents on the subject, but rather only

6  documents "sufficient to identify by name and title" the employees Bryant enlisted

7  to work on Bratz while he was employed by Mattel, under the belief that they were

8  working for Mattel.  As MGA's current counsel would have learned had it taken the

9  time to review the extensive correspondence between the parties, prior briefing and

10  subsequent Orders, or bothered to meet and confer on these issues, Mattel has

11  already produced documents regarding all employees of which it is aware, and this

12  issue was fully litigated in Phase 1 trial.  If MGA's current counsel were to merely

13  review those transcripts and the exhibits admitted at trial, it would have ample

14  information to identify the relevant Mattel employees.  MGA would have confirmed

15  yet again that Mattel is not withholding any documents that would identify any other

16  employees.

17    On July 3, 2007, MGA moved to compel Mattel to produce documents

18  responsive to MGA's First Set of Requests for the Production of Documents and

19  Things in Mattel v. Bryant, Case No. CV04-9059.  Request Nos. 180-183, 186-187,

20  258 and 260 sought all documents pertaining to Bryant, including his work at Mattel

21  and MGA and the design and development of Bratz. Rutowski Decl. Ex. 41 at 1648.

22  Request No. 180, the broadest request, asked for "all DOCUMENTS mentioning,

23  referring or relating to BRYANT." Id. On September 11, 2007, Discovery Master

24  Infante granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258

25  and 260.  Dart Decl., Exh. 9.  Pursuant to this order, Mattel was required to produce

26  documents responsive to these requests. Mattel has since confirmed that it has

27  produced responsive, non-privileged documents to these requests in its Third

28  Supplemental Responses to MGA's First Set of Requests for Production. Rutowski

1  Decl. Ex 46 at 2238.  Because this Request relates to Bryant, it is duplicative of

2  Request Nos. 180-183, 186-187, 260 and 258.  MGA's motion to compel responses

3  to this Request should therefore be denied as moot.[5]

4        The Order MGA seeks overruling Mattel's objections should also be denied as

5  moot.  Thus, for example, there is no basis for overruling Mattel's privilege

6  objection.  MGA's bald assertion that "this request does not seek information

7  protected by the attorney-client privilege, the attorney work product doctrine, or

8  other applicable privileges" has no merit.  Documents discussing Mattel employees

9  who worked on Bratz—the essence of the Phase 1 trial—could very well be subject

10 to a claim of privilege or work product protection.  Moreover, as MGA has itself

11 argued, the parties have agreed that in general "all privileged documents would be

12 logged except for documents created after this action was filed on April 27, 2004."[6]

13 Thus, to the extent privileged documents fall within the post lawsuit time period,

14 they need not be included on Mattel's log.

15       Similarly, MGA states that "Mattel has not attempted to demonstrate why

16 responding to this request and/or producing responsive documents presents any

17 burden."  Yet, as MGA knows, the Discovery Master has already placed limits on

18 the searches Mattel must make in producing documents, and this objection is only

19 meant to invoke those issues that have already been settled.  See, e.g., Order

20

21

22

23       [5]  Indeed, the reason documents related to this Request have been produced
    already is that it seeks information regarding issues that were fullly settled in
24  Mattel's favor in Phase 1.  Though MGA conclusorily states that these documents
    would be relevant to "MGA's unfair competition claims of serial copying, its statute
25  of limitations defense, and Mattel's alleged trade secrets in BRATZ, among other
    things," it does not explain why the findings from Phase 1 trial should not be given
26  conclusive effect, or how such documents would be relevant to any remaining
27  issues.

28

1 Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel
2 on all outstanding emails, holding that Mattel has produced all relevant emails and
3 does not need to consult back-up tapes to complete its production).  MGA should
4 not be permitted to circumvent prior Orders by seeking to overrule Mattel's
5 objections here.

6          Finally, MGA failed to meet and confer at all, much less in good faith,
7 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
8 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
9 the moving party shall first identify each dispute, state the relief sought and identify
10 the authority supporting the requested relief in a meet and confer letter that shall be
11 served on all parties by facsimile or electronic mail. The parties shall have five court
12 days from the date of service of that letter to conduct an in-person conference to
13 attempt to resolve the dispute.").  At no point during the meet and confer process did
14 the parties discuss this Request or Mattel's response to it.[7]  In order to engage in a
15 meaningful meet and confer, MGA had the burden to show the relevance of any
16 requests it sought to move on.[8]   Because MGA refused to even attempt to make this
17 showing, there was no possibility of a good faith meet and confer to resolve the
18 parties' disputes.  The Discovery Master should deny MGA's motion with respect to
19 this Request on that grounds alone.

20
21
22
_____
23     [6]  See Order Denying Mattel's Motion for Protective Order Limiting the
24 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
25 3.
       [7]  See Webster Decl., ¶¶ 6-20.
26     [8]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27 bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
1390794 at *1 (S.D. Cal. May 14, 2009).
28

**REQUEST FOR PRODUCTION NO. 130:**

DOCUMENTS sufficient to identify by name and title the members of management and employees to whom BRYANT allegedly made misrepresentations while employed at MATTEL.

**RESPONSE TO REQUEST NO. 130:**

In addition to the general objections stated above which are Incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 130:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unintelligible, including in that it seeks documents without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel also objects to this Request on the grounds that it seeks documents and information in the possession or control of MGA and/or Bryant, including documents and information that MGA and Bryant have been compelled to produce by Court orders but still have not produced. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request

1    on the grounds that it seeks confidential, proprietary and trade secret information,

2    including such information that has no bearing on the claims or defenses in this

3    case.  Mattel further objects to this Request on the grounds that it calls for the

4    disclosure of information subject to the attorney-client privilege, the attorney work-

5    product doctrine and other applicable privileges.

6    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

7    **TO SHOULD BE COMPELLED**

8           Mattel refuses to produce documents responsive to this request.  Under the

9    Federal Rules of Civil Procedure, "an objection to part of a request must specify the

10   part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic

11   objections that fail to explain the basis for an objection with specificity are routinely

12   rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234

13   F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

14   burdensome and harassing' are improper – especially when a party fails to submit

15   any evidentiary declarations supporting such objections").  Accordingly, Mattel

16   must be compelled either to certify that it has produced all non-privileged

17   responsive documents or to produce all such documents by a date certain.

18          To the extent that Mattel is relying on its blanket objections, they are not

19   sustainable and do not justify Mattel's failure to produce documents.

20          As to overbreadth, Mattel provides no explanation, let alone the required

21   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

22   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

23   (overruling objections not stated with specificity), Rutowski Dec., Ex. 55.  To the

24   contrary, the request is narrowly tailored to documents sufficient to identify

25   individuals to whom Bryant allegedly made misrepresentations while at Mattel.

26          This request does not seek documents protected by the attorney-client

27   privilege, the attorney work product doctrine, or other applicable privileges.  To the

28   extent that Mattel contends that it does, Mattel must provide a privilege log.

1      Mattel objects that the request contains confidential, proprietary and trade

2  secret information.  A Protective Order exists in this case, obviating any concern as

3  to protection of privacy rights and/or commercially sensitive information.

4      Mattel objects that the request seeks information in MGA's possession, but

5  this does not relieve Mattel of its obligation to produce all responsive non-

6  privileged documents in its possession, custody or control.

7      As for relevancy, Mattel has not attempted to demonstrate why the

8  information sought in response to this request is not discoverable in Phase 2.  On the

9  contrary, documents sufficient to identify individuals to whom Bryant allegedly

10  made misrepresentations while at Mattel are highly likely to lead to the discovery of

11  admissible evidence regarding MGA's unfair competition claims of serial copying,

12  its statute of limitations defense, and Mattel's alleged trade secrets in BRATZ,

13  among other things.

14      None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17  **MATTEL'S RESPONSE**

18      MGA must establish that its discovery meets the relevance requirements of

19  Rule 26(b)(1).[9]  This Request as phrased is hopelessly overbroad.  It seeks

20  information regarding not merely the misrepresentations Bryant made regarding

21  Bratz, but rather *any* misrepresentations Bryant made while at Mattel.  This would

22  include everything from claims of sickness to avoid coming to work to polite

23  comments regarding how he liked the work of other employees to indeed any

24  subject whatsoever, provided the misrepresentation were made to a Mattel

25

26  [9] See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

1  employee. MGA's conclusory assertions aside, there could be no possible relevance

2  to such documents. MGA has therefore made no showing how this request is

3  related to the claims and defenses in this case. "A trial court has a duty, of special

4  significance in lengthy and complex cases where the possibility of abuse is always

5  present, to supervise and limit discovery to protect parties and witnesses from

6  annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664

7  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

8  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

9  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous

10  Discovery Master held, a party may not propound document requests as part of a

11  fishing expedition or to discover new claims.[10]  Rivera v. NIBCO, Inc., 364 F.3d

12  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

13  to engage in 'fishing expeditions.'").

14       In any case, MGA's motion is moot, as Mattel has already produced all

15  documents even mentioning Bryant, and there is therefore nothing else to produce.

16  As MGA's current counsel would have learned had it taken the time to review the

17  extensive correspondence between the parties, prior briefing and subsequent Orders,

18  or bothered to meet and confer on these issues, Mattel has already produced

19  documents identifying all employees of which it is aware, and this issue was fully

20  litigated in Phase 1 trial. If MGA's current counsel were to merely review those

21  transcripts and the exhibits admitted at trial, it would have ample information to

22  identify the relevant Mattel employees. MGA would have confirmed yet again that

23  Mattel is not withholding any documents that would identify any other employees.

24

25

_____

26  [10]  See Order Granting In Part and Denying In Part Mattel's Motion for
27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
1.

28

1        On July 3, 2007, MGA moved to compel Mattel to produce documents

2  responsive to MGA's First Set of Requests for the Production of Documents and

3  Things in Mattel v. Bryant, Case No. CV04-9059.  Request Nos. 180-183, 186-187,

4  258 and 260 sought all documents pertaining to Bryant, including his work at Mattel

5  and MGA and the design and development of Bratz. Rutowski Decl. Ex. 41 at 1648.

6  Request No. 180, the broadest request, asked for "all DOCUMENTS mentioning,

7  referring or relating to BRYANT."  Id. On September 11, 2007, Discovery Master

8  Infante granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258

9  and 260.  Dart Decl., Exh. 9.  Pursuant to this order, Mattel was required to produce

10  documents responsive to these requests. Mattel has since confirmed that it has

11  produced responsive, non-privileged documents to these requests in its Third

12  Supplemental Responses to MGA's First Set of Requests for Production. Rutowski

13  Decl. Ex 46 at 2238.  Because this Request relates to Bryant, it is duplicative of

14  Request Nos. 180-183, 186-187, 260 and 258.  MGA's motion to compel responses

15  to this Request should therefore be denied as moot.[11]

16        MGA fails to make the required showing of relevance required of a moving

17  party.  MGA must establish that its discovery meets the relevance requirements of

18  Rule 26(b)(1).[12]  The Order MGA seeks overruling Mattel's objections should also

19  be denied as moot.  Thus, for example, there is no basis for overruling Mattel's

20

21

22

23     [11]  Indeed, the reason documents related to this Request have been produced already is that it seeks information regarding issues that were fully settled in

24  Mattel's favor in Phase 1.  Though MGA conclusorily states that these documents would be relevant to "MGA's unfair competition claims of serial copying, its statute

25  of limitations defense, and Mattel's alleged trade secrets in BRATZ, among other

26  things," it does not explain why the findings from Phase 1 trial should not be given conclusive effect, or how such documents would be relevant to any remaining

27  issues.

28

privilege objection.  MGA's bald assertion that "this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Documents discussing Carter Bryant's misrepresentations—including those that were the essence of the Phase 1 trial—could very well be subject to a claim of privilege or work product protection. Moreover, as MGA has itself argued, the parties have agreed that in general "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[13]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Similarly, MGA states that "Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden."  Yet, as MGA knows, the Discovery Master has already placed limits on the searches Mattel must make in producing documents, and this objection is only meant to invoke those issues that have already been settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel on all outstanding emails, holding that Mattel has produced all relevant emails and does not need to consult back-up tapes to complete its production).  MGA should not be permitted to circumvent prior Orders by seeking to overrule Mattel's objections here.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

---

[12]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[13]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1  the moving party shall first identify each dispute, state the relief sought and identify

2  the authority supporting the requested relief in a meet and confer letter that shall be

3  served on all parties by facsimile or electronic mail. The parties shall have five court

4  days from the date of service of that letter to conduct an in-person conference to

5  attempt to resolve the dispute."). At no point during the meet and confer process did

6  the parties discuss this Request or Mattel's response to it.[14]  In order to engage in a

7  meaningful meet and confer, MGA had the burden to show the relevance of any

8  requests it sought to move on.[15]  Because MGA refused to even attempt to make

9  this showing, there was no possibility of a good faith meet and confer to resolve the

10  parties' disputes. The Discovery Master should deny MGA's motion with respect to

11  this Request on that grounds alone.

12  **REQUEST FOR PRODUCTION NO. 168:**

13      All DOCUMENTS REFERRING OR RELATING TO YOUR

14  COMMUNICATIONS with any third party regarding MY SCENE MY BLING

15  BLING product with real gems, including but not limited to advertisements,

16  announcements, memoranda, conversations, offers for sale, and purchase orders,

17  including but not limited to any such COMMUNICATIONS made before May 12,

18  2006.

19  **RESPONSE TO REQUEST NO. 168:**

20      In addition to the general objections stated above which are incorporated

21  herein by reference, Mattel objects to this Request on the grounds that it is

22  overbroad, unduly burdensome and unintelligible, including in that it seeks all

23  documents on this subject without limitation as to time, and regardless of whether

24

25  [14]  See Webster Decl., ¶¶ 6-20.

26  [15]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET TWO)

1  such documents relate to products or matters at issue in this case.  Mattel further

2  objects to the Request on the grounds that it seeks documents that are not relevant to

3  this action or likely to lead to the discovery of admissible evidence.  Mattel further

4  objects to this Request on the grounds that it seeks confidential, proprietary and

5  trade secret information that has no bearing on the claims or defenses in this case.

6  Mattel further objects to this Request on the grounds that it calls for the disclosure

7  of information subject to the attorney-client privilege, the attorney work-product

8  doctrine and other applicable privileges.

9  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 168:**

10      In addition to the general objections stated above which are incorporated

11  herein by reference, Mattel objects to this Request on the grounds that it is

12  overbroad, unduly burdensome and unintelligible, including in that it seeks all

13  documents on this subject without limitation as to time, and regardless of whether

14  such documents relate to products or matters at issue in this case.  Mattel further

15  objects to the Request on the grounds that it seeks documents that are not relevant to

16  this action or likely to lead to the discovery of admissible evidence.  Mattel further

17  objects to this Request on the grounds that it seeks confidential, proprietary and

18  trade secret information, including such information that has no bearing on the

19  claims or defenses in this case.  Mattel further objects to this Request on the grounds

20  that it calls for the disclosure of information subject to the attorney-client privilege,

21  the attorney work-product doctrine and other applicable privileges.

22      Subject to the foregoing objections, Mattel responds as follows: Mattel will

23  produce such responsive, non-privileged documents relating to those matters placed

24  at issue in this litigation that are in Mattel's possession, custody, or control, if any,

25  that Mattel has been able to locate after a diligent search and reasonable inquiry, to

26  the extent not previously produced.

27

28

1 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2 | **TO SHOULD BE COMPELLED**

3 Mattel improperly limits its agreement to produce to documents relating to

4 "those matters placed at issue in this litigation." MGA is entitled to a complete

5 production in response to this request, and Mattel must not withhold documents if it

6 unilaterally deems that a matter is not placed at issue. Mattel has refused to confirm

7 whether or not it has produced all non-privileged responsive documents or whether

8 it is withholding documents based on this limitation or its objections in Phase 2.

9 Under the Federal Rules of Civil Procedure, "an objection to part of a request must

10 specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

11 Generic objections that fail to explain the basis for an objection with specificity are

12 routinely rejected in the Central District. See <u>A. Farber and Partners, Inc. v.</u>

13 <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

14 such as 'overly burdensome and harassing' are improper – especially when a party

15 fails to submit any evidentiary declarations supporting such objections").

16 Accordingly, Mattel must be compelled either to certify that it has produced all non-

17 privileged responsive documents or to produce all such documents by a date certain.

18 To the extent that Mattel is relying on its blanket objections, they are not

19 sustainable and do not justify Mattel's failure to produce documents.

20 As to overbreadth, Mattel provides no explanation, let alone the required

21 particularity, as to *why* this request is supposedly overly broad, nor can it do so.

22 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

23 (overruling objections not stated with specificity), Rutowski Dec., Ex. 55. To the

24 contrary, the request is narrowly tailored to seek documents related to Mattel's

25 communications with third parties regarding a specific product, namely, the MY

26 SCENE MY BLING BLING product with real gems.

27 As to burden, Mattel has not attempted to demonstrate why responding to this

28 request and/or producing responsive documents presents any burden. This objection

1  must therefore be rejected.  <u>See</u> <u>Jackson v.  Montgomery Ward & Co., Inc.</u>, 173

2  F.R.D.  524, 528-29 (D.  Nev.  1997) ("The party claiming that a discovery request

3  is unduly burdensome must allege specific facts which indicate the nature and extent

4  of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not

5  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

6  only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad

7  variety of unfair trade practices including serial copying of MGA products.

8      This request does not seek documents protected by the attorney-client

9  privilege, the attorney work product doctrine, or other applicable privileges.  To the

10  extent that Mattel contends that it does, Mattel must provide a privilege log.

11      As to relevance, Mattel has not attempted to demonstrate why the responsive

12  documents are irrelevant to the current action.  On the contrary, MGA has alleged

13  that Mattel is engaged in copying of MGA products, packaging, themes and

14  advertising.  MY SCENE MY BLING BLING is an example of one such product, as

15  detailed in MGA's interrogatory responses (for example, Supplemental Responses of

16  MGA Entertainment Inc. to Interrogatories 51-55 and 64 Pursuant to Order of April

17  14, 2009).  A request for documents related to communications mentioned above is

18  therefore likely to lead to the discovery of admissible evidence related to MGA's

19  claims and defenses.

20      Mattel objects that the request contains confidential, proprietary, and trade

21  secret information.  A Protective Order exists in this case, obviating any concern as

22  to protection of privacy rights and/or commercially sensitive information.

23      None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession, custody, or

25  control.

26  **MATTEL'S RESPONSE**

27      Mattel has produced documents relating to those matters at issue in this

28  litigation, and Mattel's objections to producing any more than this are timely and

1  proper and should be sustained.  MGA must establish that its discovery meets the

2  relevance requirements of Rule 26(b)(1).[16]  MGA's request seeks every single

3  communication Mattel has had related to MY SCENE BLING BLING, regardless of

4  whether they have anything to do with the claims or defenses in this case.  MGA

5  states that these documents are relevant because "MGA has alleged that Mattel is

6  engaged in copying of MGA products, packaging, themes and advertising."  But

7  MGA's Request is not limited to documents related to the development of the

8  packaging, theme, or advertising, or indeed even remotely related to such issues.

9  Indeed, documents related to the design of MY SCENE BLING BLING would

10 necessarily be internal documents, rather than the communications sought here,

11 because they are Mattel trade secrets.

12 ████████████████████████████████████████████

13 ████████████████████████████████████████

14 ██████████████████████████████████████████████

15 ████████████████████████████████████████████

16 ████████████████████████████████████████████

17 ████████████████████████████████████████████████

18 ████████████████████████████████████████████████

19 ████████████████████████████████████████████

20 ████████████████████████████████████████████

21 ████████████████████████████████████████████

22 ████████  Mattel would have to search through each of these employees' hard copy

23 files and electronically stored information to determine whether their copies of this

---

[16]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[17]   Hernandez Decl. ¶ 7, Dart Decl., Exh. 33.

1   data, or any related documents that might have been created by Mattel, include a

2   reference to MY SCENE BLING BLING.  MGA has provided absolutely no

3   explanation as to why such documents would be even remotely relevant to this case.

4   MGA has therefore made no showing how this request is related to the claims and

5   defenses in this case.  "A trial court has a duty, of special significance in lengthy and

6   complex cases where the possibility of abuse is always present, to supervise and

7   limit discovery to protect parties and witnesses from annoyance and excessive

8   expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also

9   Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36

10  (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

11  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master held, a party

12  may not propound document requests as part of a fishing expedition or to discover

13  new claims.[18]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)

14  ("District courts need not condone the use of discovery to engage in 'fishing

15  expeditions.'").

16      The Request is also unduly burdensome.  As demonstrated above, there would

17  be an unnecessary and extreme burden on Mattel to collect and produce the

18  documents MGA demands.

19      This is precisely the kind of overbroad Request the prior Discovery Master

20  has already rejected.  MGA previously sought to compel production of documents

21  relating to Mattel's communications "referring or relating to Bratz, Larian or MGA

22  regarding the origins, designs, development, product launch, sales, promotions,

23  advertising, quality, or price of Bratz or any other MGA product."[19] █████

24

---

25  [18]  See Order Granting In Part and Denying In Part Mattel's Motion for

26  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

27  1.
    [19]  May 22, 2007 Order at 16-17, Dart Decl., Exh. 5.

28

1 ████████████████████████████████████████████

2 ████████████████████████████████████████████

3 ████████████████████████████████████ This reasoning

4 applies with even more force in relation to Mattel's communications regarding its

5 very own product, and would necessarily result in an even greater volume of

6 communications.

7     MGA's motion should therefore be rejected. Moreover, there is no basis for

8 overruling Mattel's privilege objection. MGA's bald assertion that "this request does

9 not seek information protected by the attorney-client privilege, the attorney work

10 product doctrine, or other applicable privileges" has no merit. Communications

11 regarding MY SCENE BLING BLING—which, as phrased, could include

12 communications between Mattel and its counsel—could very well be subject to a

13 claim of privilege or work product protection. Moreover, as MGA has itself argued,

14 the parties have agreed that in general "all privileged documents would be logged

15 except for documents created after this action was filed on April 27, 2004."[21] Thus,

16 to the extent privileged documents fall within the post lawsuit time period, they need

17 not be included on Mattel's log.

18     Similarly, MGA states that "Mattel has not attempted to demonstrate why

19 responding to this request and/or producing responsive documents presents any

20 burden." Yet, as MGA knows, the Discovery Master has already placed limits on

21 the searches Mattel must make in producing documents, and this objection is only

22 meant to invoke those issues that have already been settled. See, e.g., Order

23 Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel

24

25    [20] Id.

26    [21] See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

00505.07975/3121194.2

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET TWO)

1  on all outstanding emails, holding that Mattel has produced all relevant emails and

2  does not need to consult back-up tapes to complete its production).  MGA should

3  not be permitted to circumvent prior Orders by seeking to overrule Mattel's

4  objections here.

5       Finally, MGA failed to meet and confer at all, much less in good faith,

6  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8  the moving party shall first identify each dispute, state the relief sought and identify

9  the authority supporting the requested relief in a meet and confer letter that shall be

10 served on all parties by facsimile or electronic mail. The parties shall have five court

11 days from the date of service of that letter to conduct an in-person conference to

12 attempt to resolve the dispute.").  At no point during the meet and confer process did

13 the parties discuss this Request or Mattel's response to it.[22]  In order to engage in a

14 meaningful meet and confer, MGA had the burden to show the relevance of any

15 requests it sought to move on.[23]  Because MGA refused to even attempt to make

16 this showing, there was no possibility of a good faith meet and confer to resolve the

17 parties' disputes.  The Discovery Master should deny MGA's motion with respect to

18 this Request on that grounds alone.

19      In sum, MGA's motion should be denied.

20 **REQUEST FOR PRODUCTION NO. 170:**

21      All DOCUMENT REFERRING OR RELATING TO COMMUNICATIONS

22 LARIAN had with third parties concerning any and all products made, sold or

23 offered for sale by MATTEL.

24

25  [22]  See Webster Decl., ¶¶ 6-20.

26  [23]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27 bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

**RESPONSE TO REQUEST NO. 170:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work- product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 170:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents in response to this request, subject to its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Dec., Ex. 55. To the contrary, the request is narrowly tailored to seek communications in Mattel's possession, custody or control between Larian (who is at MGA and not Mattel) and third parties about Mattel products. The request seeks a discrete set of documents.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not

1  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
2  only discoverable evidence. MGA has alleged that Mattel has engaged in a broad
3  variety of unfair trade practices, from threatening retailers and suppliers to cease
4  doing business with MGA, to using improper means to obtain MGA's confidential
5  business information. MGA is entitled to discovery on these claims.

6      This request does not seek documents protected by the attorney-client
7  privilege, the attorney work product doctrine, or other applicable privileges. To the
8  extent that Mattel contends that it does, Mattel must provide a privilege log.

9      Mattel objects that the request seeks confidential, proprietary and trade secret
10  information. A Protective Order exists in this case, obviating any concern as to
11  protection of privacy rights and/or commercially sensitive information. Moreover,
12  by its nature this request seeks information sent to or from a person at MGA
13  (Larian), thus there can be no concerns regarding disclosure to MGA. If Mattel has
14  knowledge of any such communications, that information would be relevant to
15  MGA's unfair competition claim, at a minimum.

16      None of Mattel's improper objections are valid and Mattel is obligated to
17  produce all non-privileged responsive documents in its possession, custody, or
18  control.

19  **MATTEL'S RESPONSE**

20      MGA must establish that its discovery meets the relevance requirements of
21  Rule 26(b)(1).[24] MGA's request seeks every single document related to any
22  communications made by Isaac Larian involving Mattel, regardless of whether they
23  have anything to do with the claims or defenses in this case. Indeed, MGA *does not*
24  *provide even a conclusory claim that the documents at issue are relevant.* Nor

25  _____

26  [24]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
   1390794 at *1 (S.D. Cal. 2009).

28

1   could it.  Mattel has alleged Larian made misrepresentations to retailers regarding
2   certain Mattel products, but it has already produced all such documents.  MGA's
3   Request that requires Mattel to do more, to search for every single communication it
4   has from Larian—when MGA itself has much easier access to the same
5   documents—is entirely unrelated to the issues in this case.  MGA has therefore
6   made no showing how this request is related to the claims and defenses in this case.
7   "A trial court has a duty, of special significance in lengthy and complex cases where
8   the possibility of abuse is always present, to supervise and limit discovery to protect
9   parties and witnesses from annoyance and excessive expense."  Dolgow v.
10  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan
11  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);
12  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)
13  (same).  As the previous Discovery Master held, a party may not propound
14  document requests as part of a fishing expedition or to discover new claims.[25]
15  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need
16  not condone the use of discovery to engage in 'fishing expeditions.'").
17       This is precisely the kind of overbroad Request the prior Discovery Master
18  has already rejected.  MGA previously sought to compel production of documents
19  relating to Mattel's communications "referring or relating to Bratz, Larian or MGA
20  regarding the origins, designs, development, product launch, sales, promotions,
21  advertising, quality, or price of Bratz or any other MGA product."[26] ████████
22  ████████████████████████████████████████████████
23  ████████████████████████████████████████████████
24

---

25  [25]  See Order Granting In Part and Denying In Part Mattel's Motion for
26  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
27  1.
    [26]  May 22, 2007 Order at 16-17, Dart Decl., Exh. 5.
28

1   ██████████████████████████████████████"[27]   MGA's

2   requirement that Mattel review every document it has for communications from

3   Larian is an end-run around this binding Order.

4        MGA's motion should therefore be rejected.  Moreover, there is no basis for

5   overruling Mattel's privilege objection.  MGA's bald assertion that "this request does

6   not seek information protected by the attorney-client privilege, the attorney work

7   product doctrine, or other applicable privileges" has no merit.  Communications

8   referring or relating to Larian's own communications could include communications

9   between Mattel and its counsel, and thus subject to a claim of privilege or work

10  product protection.  Moreover, as MGA has itself argued, the parties have agreed

11  that in general "all privileged documents would be logged except for documents

12  created after this action was filed on April 27, 2004."[28]  Thus, to the extent

13  privileged documents fall within the post lawsuit time period, they need not be

14  included on Mattel's log.

15       Similarly, MGA states that "Mattel has not attempted to demonstrate why

16  responding to this request and/or producing responsive documents presents any

17  burden."  Yet, as MGA knows, the Discovery Master has already placed limits on

18  the searches Mattel must make in producing documents, and this objection is only

19  meant to invoke those issues that have already been settled.  <u>See, e.g.</u>, Order

20  Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel

21  on all outstanding emails, holding that Mattel has produced all relevant emails and

22  does not need to consult back-up tapes to complete its production).  MGA should

23

24

25  [27]  <u>Id.</u>

26  [28]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the
    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
27  3.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET TWO)

1  not be permitted to circumvent prior Orders by seeking to overrule Mattel's

2  objections here.

3      Finally, MGA failed to meet and confer at all, much less in good faith,

4  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6  the moving party shall first identify each dispute, state the relief sought and identify

7  the authority supporting the requested relief in a meet and confer letter that shall be

8  served on all parties by facsimile or electronic mail. The parties shall have five court

9  days from the date of service of that letter to conduct an in-person conference to

10 attempt to resolve the dispute.").  At no point during the meet and confer process did

11 the parties discuss this Request or Mattel's response to it.[29]  In order to engage in a

12 meaningful meet and confer, MGA had the burden to show the relevance of any

13 requests it sought to move on.[30]  Because MGA refused to even attempt to make

14 this showing, there was no possibility of a good faith meet and confer to resolve the

15 parties' disputes.  The Discovery Master should deny MGA's motion with respect to

16 this Request on that grounds alone.

17 **REQUEST FOR PRODUCTION NO. 171:**

18     All DOCUMENTS, including but not limited to COMMUNICATIONS,

19 REFERRING OR RELATING TO any third party's decision not to buy, license,

20 manufacture, promote, distribute or sell MY SCENE MY BLING BLING, including

21 but not limited to MY SCENE MY BLING BLING with real gems.

22

23

24

25   [29]  See Webster Decl., ¶¶ 6-20.

26   [30]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
27 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  **RESPONSE TO REQUEST NO. 171:**

2       In addition to the general objections stated above which are incorporated

3  herein by reference, Mattel objects to this Request on the grounds that it is

4  overbroad, unduly burdensome and unintelligible, including in that it seeks all

5  documents on this subject without limitation as to time, and regardless of whether

6  such documents relate to products or matters at issue in this case.  Mattel further

7  objects to the Request on the grounds that it seeks documents that are not relevant to

8  this action or likely to lead to the discovery of admissible evidence.  Mattel further

9  objects to this Request on the grounds that it seeks confidential, proprietary and

10  trade secret information that has no bearing on the claims or defenses in this case.

11  Mattel further objects to this Request on the grounds that it calls for the disclosure

12  of information subject to the attorney-client privilege, the attorney work-product

13  doctrine and other applicable privileges.

14  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 171:**

15       In addition to the general objections stated above which are incorporated

16  herein by reference, Mattel objects to this Request on the grounds that it is

17  overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case.  Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant to

21  this action or likely to lead to the discovery of admissible evidence.  Mattel further

22  objects to this Request on the grounds that it seeks confidential, proprietary and

23  trade secret information, including such information that has no bearing on the

24  claims or defenses in this case.  Mattel further objects to this Request on the grounds

25  that it calls for the disclosure of information subject to the attorney-client privilege,

26  the attorney work-product doctrine and other applicable privileges.

27       Subject to the foregoing objections, Mattel responds as follows: Mattel will

28  produce such responsive, non-privileged documents relating to those matters placed

1   at issue in this litigation that are in Mattel's possession, custody, or control, if any,

2   that Mattel has been able to locate after a diligent search and reasonable inquiry, to

3   the extent not previously produced.

4   <u>**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**</u>

5   <u>**TO SHOULD BE COMPELLED**</u>

6         Mattel has improperly limited its agreement to produce documents in

7   response to this request to documents relating to matters Mattel unilaterally deems

8   to be placed at issue in this litigation, subject to its improper boilerplate objections.

9   Mattel has refused to confirm whether or not it has produced all non-privileged

10   responsive documents or whether it is withholding documents based on its

11   objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to

12   part of a request must specify the part and permit inspection of the rest." Fed. R.

13   Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

14   with specificity are routinely rejected in the Central District.   <u>See</u> <u>A. Farber and</u>

15   <u>Partners, Inc. v. Garber</u>, 234 F.R.D.  186, 188 (C.D. Cal. 2006) ("general or

16   boilerplate objections such as 'overly burdensome and harassing' are improper –

17   especially when a party fails to submit any evidentiary declarations supporting such

18   objections").  Accordingly, Mattel must be compelled either to certify that it has

19   produced all non-privileged responsive documents or to produce all such documents

20   by a date certain.

21         To the extent that Mattel is relying on its blanket objections, they are not

22   sustainable and do not justify Mattel's failure to produce documents.

23         As to overbreadth, Mattel provides no explanation, let alone the required

24   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

25   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

26   (overruling objections not stated with specificity), Rutowski Dec., Ex. 55.  To the

27   contrary, the request is narrowly tailored to seek documents concerning a particular

28   product, MY SCENE MY BLING BLING.

1       As to burden, Mattel has not attempted to demonstrate why responding to this

2  request and/or producing responsive documents presents any burden.  This objection

3  must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173

4  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

5  unduly burdensome must allege specific facts which indicate the nature and extent

6  of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not

7  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

8  only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad

9  variety of unfair trade practices, from serial copying of MGA products, to

10  threatening retailers and suppliers to cease doing business with MGA, to

11  intimidating employees and industry groups in order to prevent MGA from fairly

12  competing, and the documents sought in response to this request are directly related

13  to these claims.

14       This request does not seek documents protected by the attorney-client

15  privilege, the attorney work product doctrine, or other applicable privileges.  To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17       Mattel objects that the request contains confidential, proprietary and trade

18  secret information.  A Protective Order exists in this case, obviating any concern as

19  to protection of privacy rights and/or commercially sensitive information.

20       As to relevancy, Mattel has not attempted to demonstrate why the responsive

21  documents are irrelevant to the current action.  On the contrary, MGA has alleged

22  that Mattel is engaged in copying of MGA products, packaging, themes and

23  advertising.  MY SCENE MY BLING BLING is an example of one such product, as

24  detailed in MGA's interrogatory responses (for example, Supplemental Responses of

25  MGA Entertainment Inc. to Interrogatories 51-55 and 64 Pursuant to Order of

26  April 14, 2009).  A request for documents related to communications mentioned

27  above is therefore likely to lead to the discovery of admissible evidence related to

28  MGA's claims and defenses.

1  **MATTEL'S RESPONSE**

2       MGA must establish that its discovery meets the relevance requirements of

3  Rule 26(b)(1).[31]  MGA's request seeks every single document Mattel has related to

4  any third party decision not to buy, license, manufacture, promote, distribute or sell

5  MY SCENE BLING BLING, regardless of whether they have anything to do with

6  the claims or defenses in this case.  MGA states that these documents are relevant

7  because "MGA has alleged that Mattel is engaged in copying of MGA products,

8  packaging, themes and advertising."  But MGA's Request is not limited to

9  documents related to the development of the packaging, theme, or advertising, or

10 indeed even remotely related to such issues.  Indeed, documents related to the

11 design of MY SCENE BLING BLING would necessarily be internal documents,

12 rather than documents related to Mattel's interactions with third parties sought here,

13 because they are Mattel trade secrets.  Mattel has alleged that certain companies

14 decided not to do business with MY SCENE BLING BLING because of

15 misrepresentations by Isaac Larian, but Mattel has already produced documents

16 regarding its knowledge of such decisions, and MGA concedes that it has all it

17 needs on this issue.

18      Rather, such documents would instead necessarily include every

19 communication with every third party that resulted in a decision not to pursue MY

20 SCENE BLING BLING for any reason at all, including for example because it was

21 already too busy or booked to take additional business or simply not interested in

22 purchasing any fashion dolls.  Given the large number of third parties with which

23 Mattel does business, there are likely countless such documents.  There is simply no

24 basis for believing that each and every document related to such decisions is

25 _____

26  [31]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

1    relevant.  MGA has therefore made no showing how this request is related to the

2    claims and defenses in this case.  "A trial court has a duty, of special significance in

3    lengthy and complex cases where the possibility of abuse is always present, to

4    supervise and limit discovery to protect parties and witnesses from annoyance and

5    excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see

6    also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133

7    n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

8    1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master held, a party

9    may not propound document requests as part of a fishing expedition or to discover

10   new claims.[32]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)

11   ("District courts need not condone the use of discovery to engage in 'fishing

12   expeditions.'").

13        MGA's motion should therefore be rejected for being overbroad and unduly

14   burdensome.  Moreover, there is no basis for overruling Mattel's privilege objection.

15   MGA's bald assertion that "this request does not seek information protected by the

16   attorney-client privilege, the attorney work product doctrine, or other applicable

17   privileges" has no merit.  Documents regarding MY SCENE BLING BLING—

18   which, as phrased, could include communications between Mattel and its counsel—

19   could very well be subject to a claim of privilege or work product protection.

20   Moreover, as MGA has itself argued, the parties have agreed that in general "all

21   privileged documents would be logged except for documents created after this

22

23

24

25   _____

26   [32]   See Order Granting In Part and Denying In Part Mattel's Motion for
     Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
27   1.

28

1 action was filed on April 27, 2004."[33]  Thus, to the extent privileged documents fall

2 within the post lawsuit time period, they need not be included on Mattel's log.

3          Finally, MGA failed to meet and confer at all, much less in good faith,

4 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

5 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6 the moving party shall first identify each dispute, state the relief sought and identify

7 the authority supporting the requested relief in a meet and confer letter that shall be

8 served on all parties by facsimile or electronic mail. The parties shall have five court

9 days from the date of service of that letter to conduct an in-person conference to

10 attempt to resolve the dispute.").  At no point during the meet and confer process did

11 the parties discuss this Request or Mattel's response to it.[34]  In order to engage in a

12 meaningful meet and confer, MGA had the burden to show the relevance of any

13 requests it sought to move on.[35]  Because MGA refused to even attempt to make

14 this showing, there was no possibility of a good faith meet and confer to resolve the

15 parties' disputes.  The Discovery Master should deny MGA's motion with respect to

16 this Request on that grounds alone.

17 **REQUEST FOR PRODUCTION NO. 176:**

18          All DOCUMENTS REFERRING OR RELATING TO how access to

19 MATTEL'S confidential information is controlled, including but not limited to

20 DOCUMENTS CONTAINING MATTEL's policy with respect to confidential

21 information, sign-in and sign-out sheets for access to confidential information, logs

---

23    [33]   See Order Denying Mattel's Motion for Protective Order Limiting the

24 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25 3.
     [34]   See Webster Decl., ¶¶ 6-20.

26    [35]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27 bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  of PERSONS who access confidential information, and procedures for accessing
2  confidential information.
3  **RESPONSE TO REQUEST NO. 176:**
4      In addition to the general objections stated above which are incorporated
5  herein by reference, Mattel objects to this Request on the grounds that it is
6  overbroad, unduly burdensome and unintelligible, including in that it seeks all
7  documents on this subject without limitation as to time, and regardless of whether
8  such documents relate to products or matters at issue in this case. Mattel further
9  objects to the Request on the grounds that it seeks documents that are not relevant to
10  this action or likely to lead to the discovery of admissible evidence. Mattel further
11  objects to this Request on the grounds that it seeks confidential, proprietary and
12  trade secret information that has no bearing on the claims or defenses in this case.
13  Mattel further objects to this Request on the grounds that it calls for the disclosure
14  of information subject to the attorney-client privilege, the attorney work-product
15  doctrine and other applicable privileges.
16  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 176:**
17      In addition to the general objections stated above which are incorporated
18  herein by reference, Mattel objects to this Request on the grounds that it is
19  overbroad, unduly burdensome and unintelligible, including in that it seeks all
20  documents on this subject without limitation as to time, and regardless of whether
21  such documents relate to products or matters at issue in this case. Mattel further
22  objects to the Request on the grounds that it seeks documents that are not relevant to
23  this action or likely to lead to the discovery of admissible evidence. Mattel further
24  objects to this Request on the grounds that it seeks confidential, proprietary and
25  trade secret information, including such information that has no bearing on the
26  claims or defenses in this case. Mattel further objects on the grounds that the
27  Request seeks documents that are evidence in or pertain to criminal proceedings,
28  disclosure of which might interfere with such proceedings. Mattel further objects to

1  this Request on the grounds that it calls for the disclosure of information subject to

2  the attorney-client privilege, the attorney work-product doctrine and other applicable

3  privileges.

4  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 176:**

5      In addition to the general objections stated above which are incorporated

6  herein by reference, Mattel objects to this Request on the grounds that it is

7  overbroad, unduly burdensome and unintelligible, including in that it seeks all

8  documents on this subject without limitation as to time, and regardless of whether

9  such documents relate to products or matters at issue in this case.  Mattel further

10  objects to the Request on the grounds that it seeks documents that are not relevant to

11  this action or likely to lead to the discovery of admissible evidence.  Mattel further

12  objects to this Request on the grounds that it seeks confidential, proprietary and

13  trade secret information, including such information that has no bearing on the

14  claims or defenses in this case.  Mattel further objects on the grounds that the

15  Request seeks documents that are evidence in or pertain to criminal proceedings,

16  disclosure of which might interfere with such proceedings.  Mattel further objects to

17  this Request on the grounds that it calls for the disclosure of information subject to

18  the attorney-client privilege, the attorney work-product doctrine and other applicable

19  privileges.

20      Subject to the foregoing objections, Mattel responds as follows: Mattel will

21  produce responsive, non-privileged documents that relate to the trade secrets at issue

22  in this case and to the policies and procedures applied in the U.S., Mexico and

23  Canada with respect to those trade secrets, that are in Mattel's possession, custody,

24  or control, if any, that Mattel has been able to locate after a diligent search and

25  reasonable inquiry, to the extent not previously produced.

26

27

28

1  <u>**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**</u>

2  <u>**TO SHOULD BE COMPELLED**</u>

3       Mattel has improperly limited its agreement to produce documents in

4  response to this request, subject to its improper boilerplate objections.  Mattel has

5  refused to confirm whether or not it has produced all non-privileged responsive

6  documents or whether it is withholding documents based on its objections in Phase

7  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

8  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

9  Generic objections that fail to explain the basis for an objection with specificity are

10  routinely rejected in the Central District.   See <u>A. Farber and Partners, Inc. v.</u>

11  <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

12  such as 'overly burdensome and harassing' are improper – especially when a party

13  fails to submit any evidentiary declarations supporting such objections").

14  Accordingly, Mattel must be compelled either to certify that it has produced all non-

15  privileged responsive documents or to produce all such documents by a date certain.

16       To the extent that Mattel is relying on its blanket objections, they are not

17  sustainable and do not justify Mattel's failure to produce documents.

18       As to overbreadth, Mattel provides no explanation, let alone the required

19  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

20  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

21  (overruling objections not stated with specificity), Rutowski Dec., Ex. 55.  To the

22  contrary, the request is narrowly tailored to seek documents concerning how access

23  to Mattel's confidential information is controlled.

24       As to burden, Mattel has not attempted to demonstrate why responding to this

25  request and/or producing responsive documents presents any burden.  This objection

26  must therefore be rejected.   See <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173

27  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

28  unduly burdensome must allege specific facts which indicate the nature and extent

1  of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not
2  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
3  only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad
4  variety of unfair trade practices both as affirmative claims as well as defenses,
5  including intimidating its former employees by sending threatening letters to them
6  warning them not to disclose publicly-available information about Mattel.
7  Additionally, Mattel has alleged that MGA has directly and indirectly engaged in
8  various efforts to illegally obtain alleged trade information from Mattel, including
9  that MGA misappropriated alleged trade secrets.  MGA is entitled to discovery on
10  its claims and defenses.

11      Mattel objects that the request contains confidential, proprietary and trade
12  secret information.  A Protective Order exists in this case, obviating any concern as
13  to protection of privacy rights and/or commercially sensitive information.

14      Mattel also does not identify what documents, if any, it is withholding on the
15  grounds that such documents are evidence in or pertain to criminal proceedings, and
16  that their disclosure might interfere with such proceedings, nor does it explain how
17  their disclosure might cause such interference.  This objection is therefore improper.
18  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with
19  specificity), Rutowski Dec., Ex. 55.

20      This request does not seek documents protected by the attorney-client
21  privilege, the attorney work product doctrine, or other applicable privileges.  To the
22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23      None of Mattel's improper objections are valid and Mattel is obligated to
24  produce all non-privileged responsive documents in its possession, custody, or
25  control.

26  **MATTEL'S RESPONSE**

27      Mattel has produced responsive, non-privileged documents that relate to the
28  trade secrets at issue, and Mattel's objections to providing more than this are timely

1   and proper and should be sustained.  MGA objects that "[u]nder the Federal Rules of

2   Civil Procedure, 'an objection to part of a request must specify the part and permit

3   inspection of the rest.'"  But that is exactly what Mattel did.  Mattel has stated that it

4   will produce documents related to its efforts to protect the specific trade secrets at

5   issue in the United States, Mexico, and Canada.  Indeed, Mattel has already

6   produced such documents, and expounded upon its efforts to protect its trade secrets

7   at length in interrogatory responses.[36]

8        MGA must establish that its discovery meets the relevance requirements of

9   Rule 26(b)(1).[37]  MGA never explicitly argues the Request seeks relevant

10  information, though in discussing burden it states that has alleged that Mattel

11  "intimidated its former employees by sending threatening letters to them warning

12  them not to disclose publicly-available information about Mattel" and that Mattel

13  alleged that MGA stole its trade secrets.  But its Request is not limited to seeking

14  information related to these facts, and Mattel's limitation addressed that fact.

15  Rather, by its terms it asks for each and every sign-in sheet Mattel has ever used at

16  any of its offices around the world completely unlimited by time; each and every

17  security policy used by Mattel in any of its offices at any time, including before the

18  current trade secrets ever existed, and in countries where they were never sent; and

19  each and every security log from each of these offices throughout time, to name just

20  a few examples.  There are countless such documents, which have absolutely no

21  bearing to this case.  MGA has therefore made no showing how this request is

22  related to the claims and defenses in this case.  "A trial court has a duty, of special

23  _____

24  [36]   See Mattel, Inc.'s Second Supplemental Objections and Responses to

25  Interrogatory Nos. 20-23 and 28 in MGA Entertainment, Inc.'s Second Set of
     Interrogatories, dated September 14, 2009, at 257-265, Dart Decl., Exh. 52.

26  [37]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. 2009).

28

1  significance in lengthy and complex cases where the possibility of abuse is always

2  present, to supervise and limit discovery to protect parties and witnesses from

3  annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664

4  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

5  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

6  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

7  Discovery Master held, a party may not propound document requests as part of a

8  fishing expedition or to discover new claims.[38]  Rivera v. NIBCO, Inc., 364 F.3d

9  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

10  to engage in 'fishing expeditions.'").

11       Further, the Request is overbroad and unduly burdensome.  The costs to

12  collecting all such security related documents from all of Mattel's offices would be

13  vast, given the number of offices and Mattel employees.

14       There is no basis for overruling Mattel's privilege objection.  MGA's bald

15  assertion that "[t]his request does not seek information protected by the attorney-

16  client privilege, the attorney work product doctrine, or other applicable privileges"

17  has no merit.  Moreover, as MGA has itself argued, the parties have agreed that in

18  general "all privileged documents would be logged except for documents created

19  after this action was filed on April 27, 2004."[39]  Thus, to the extent privileged

20  documents fall within the post lawsuit time period, they need not be included on

21  Mattel's log.

22

23  _____

24  [38]  See Order Granting In Part and Denying In Part Mattel's Motion for

25  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

26  [39]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4   the moving party shall first identify each dispute, state the relief sought and identify

5   the authority supporting the requested relief in a meet and confer letter that shall be

6   served on all parties by facsimile or electronic mail. The parties shall have five court

7   days from the date of service of that letter to conduct an in-person conference to

8   attempt to resolve the dispute.").  At no point during the meet and confer process did

9   the parties discuss this Request or Mattel's response to it.[40]  In order to engage in a

10   meaningful meet and confer, MGA had the burden to show the relevance of any

11   requests it sought to move on.[41]   Because MGA refused to even attempt to make

12   this showing, there was no possibility of a good faith meet and confer to resolve the

13   parties' disputes.  The Discovery Master should deny MGA's motion with respect to

14   this Request on that grounds alone.

15   **REQUEST FOR PRODUCTION NO. 177:**

16    All DOCUMENTS REFERRING OR RELATING TO the steps and

17   procedures that MATTEL takes to keep MATTEL's confidential information

18   confidential.

19   **RESPONSE TO REQUEST NO. 177:**

20    In addition to the general objections stated above which are incorporated

21   herein by reference, Mattel objects to this Request on the grounds that it is

22   overbroad, unduly burdensome and unintelligible, including in that it seeks all

23   documents on this subject without limitation as to time, and regardless of whether

24

25   [40]  See Webster Decl., ¶¶ 6-20.

26   [41]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27   bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. May 14, 2009).

28

such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 177:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects on the grounds that the Request seeks documents that are evidence in or pertain to criminal proceedings, disclosure of which might interfere with such proceedings.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 177:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects on the grounds that the Request seeks documents that are evidence in or pertain to criminal proceedings, disclosure of which might interfere with such proceedings.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents that relate to the confidential information at issue in this case and to the policies and procedures applied in the U.S., Mexico and Canada with respect to that confidential information, that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on the limitation it imposes in its response or its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the

1 | Central District.   See A. Farber and Partners, Inc. v. Garber, 234 F.R.D.  186, 188
2 | (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
3 | harassing' are improper – especially when a party fails to submit any evidentiary
4 | declarations supporting such objections").  Accordingly, Mattel must be compelled
5 | either to certify that it has produced all non-privileged responsive documents or to
6 | produce all such documents by a date certain.

7 |      To the extent that Mattel is relying on its blanket objections, they are not
8 | sustainable and do not justify Mattel's failure to produce documents.

9 |      As to overbreadth, Mattel provides no explanation, let alone the required
10 | particularity, as to *why* this request is supposedly overly broad, nor can it do so.
11 | This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
12 | (overruling objections not stated with specificity), Rutowski Dec., Ex. 55.  To the
13 | contrary, the request is narrowly tailored to seek documents concerning the steps
14 | and procedures Mattel takes to protect its confidential information, which is directly
15 | relevant to MGA's unfair competition claim based on Mattel's unlawful constraints,
16 | intimidation, and coercion of MGA's current and potential employees formerly or
17 | currently employed by Mattel, as well as to Mattel's claim for misappropriation of
18 | alleged trade secrets.

19 |      As to burden, Mattel has not attempted to demonstrate why responding to this
20 | request and/or producing responsive documents presents any burden.  This objection
21 | must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
22 | F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
23 | unduly burdensome must allege specific facts which indicate the nature and extent
24 | of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not
25 | unduly burdensome, as noted above, in that the request is narrowly tailored to seek
26 | only discoverable evidence.  MGA has alleged that Mattel has unlawfully
27 | constrained, intimidated and coerced its current and potential employees, and Mattel
28 | has alleged that MGA has directly and indirectly engaged in various efforts to

1 | illegally obtain protected trade information from Mattel, including that MGA
2 | misappropriated Mattel trade secrets.  MGA is entitled to discovery on these claims.

3 |      Mattel objects that the request contains confidential, proprietary and trade
4 | secret information.  A Protective Order exists in this case, obviating any concern as
5 | to protection of privacy rights and/or commercially sensitive information.

6 |      Mattel also does not identify what documents, if any, it is withholding on the
7 | grounds that such documents are evidence in or pertain to criminal proceedings, and
8 | that their disclosure might interfere with such proceedings, nor does it explain how
9 | such disclosure might cause such interference.  This objection is therefore improper.

10 |      Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated
11 | with specificity), Rutowski Dec., Ex. 55.

12 |      This request does not seek documents protected by the attorney-client
13 | privilege, the attorney work product doctrine, or other applicable privileges.  To the
14 | extent that Mattel contends that it does, Mattel must provide a privilege log.

15 |      None of Mattel's improper objections are valid and Mattel is obligated to
16 | produce all non-privileged responsive documents in its possession, custody, or
17 | control.

18 | **MATTEL'S RESPONSE**

19 |      MGA objects that "[u]nder the Federal Rules of Civil Procedure, 'an objection
20 | to part of a request must specify the part and permit inspection of the rest.'"  But that
21 | is exactly what Mattel did.  Mattel has stated that it will produce documents related
22 | to its efforts to protect the specific trade secrets at issue in the United States,
23 | Mexico, and Canada.  Indeed, Mattel has already produced such documents, and

24 |
25 |
26 |
27 |
28 |

1    expounded upon its efforts to protect its trade secrets at length in interrogatory

2    responses.[42]

3         This is apparently not enough for MGA.  But MGA must establish that its

4    discovery meets the relevance requirements of Rule 26(b)(1).[43]  MGA never

5    explicitly argues the Request seeks relevant information, though in discussing

6    burden it states that has alleged that Mattel "intimidated its former employees by

7    sending threatening letters to them warning them not to disclose publicly-available

8    information about Mattel" and that Mattel alleged that MGA stole its trade secrets.

9    But its Request is not limited to seeking information related to these facts, and

10   Mattel's limitation addressed that fact.  Rather, by its terms it asks for each and

11   every sign-in sheet Mattel has ever used at any of its offices around the world

12   completely unlimited by time; each and every security policy used by Mattel in any

13   of its offices at any time, including before the current trade secrets ever existed, and

14   in countries where they were never sent; and each and every security log from each

15   of these offices throughout time, to name just a few examples.  There are countless

16   such documents, which have absolutely no bearing to this case.  MGA has therefore

17   made no showing how this request is related to the claims and defenses in this case.

18   "A trial court has a duty, of special significance in lengthy and complex cases where

19   the possibility of abuse is always present, to supervise and limit discovery to protect

20   parties and witnesses from annoyance and excessive expense."  Dolgow v.

21   Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

22   American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

---

24   [42]  See Mattel, Inc.'s Second Supplemental Objections and Responses to
25   Interrogatory Nos. 20-23 and 28 in MGA Entertainment, Inc.'s Second Set of
     Interrogatories, dated September 14, 2009, at 257-265, Dart Decl., Exh. 52.
26   [43]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27   bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. 2009).

28

1    <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983)

2    (same).  As the previous Discovery Master held, a party may not propound

3    document requests as part of a fishing expedition or to discover new claims.[44]

4    <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

5    not condone the use of discovery to engage in 'fishing expeditions.'").

6            Further, the Request is overbroad and unduly burdensome.  The costs to

7    collecting all security documents from all of Mattel's offices would be vast, given

8    the number of offices and Mattel employees.

9            There is no basis for overruling Mattel's privilege objection.  MGA's bald

10   assertion that "[t]his request does not seek information protected by the attorney-

11   client privilege, the attorney work product doctrine, or other applicable privileges"

12   has no merit.  Moreover, as MGA has itself argued, the parties have agreed that in

13   general "all privileged documents would be logged except for documents created

14   after this action was filed on April 27, 2004."[45]  Thus, to the extent privileged

15   documents fall within the post lawsuit time period, they need not be included on

16   Mattel's log.

17           Finally, MGA failed to meet and confer at all, much less in good faith,

18   regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master

19   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

20   the moving party shall first identify each dispute, state the relief sought and identify

21   the authority supporting the requested relief in a meet and confer letter that shall be

22   served on all parties by facsimile or electronic mail. The parties shall have five court

23   _____

24   [44]  <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for

25   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

26   [45]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the

27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1  days from the date of service of that letter to conduct an in-person conference to

2  attempt to resolve the dispute.").  At no point during the meet and confer process did

3  the parties discuss this Request or Mattel's response to it.[46]  In order to engage in a

4  meaningful meet and confer, MGA had the burden to show the relevance of any

5  requests it sought to move on.[47]   Because MGA refused to even attempt to make

6  this showing, there was no possibility of a good faith meet and confer to resolve the

7  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

8  this Request on that grounds alone.

9  **REQUEST FOR PRODUCTION NO. 180:**

10        All DOCUMENTS REFERRING OR RELATING TO changes to store

11  layouts or displays for Mattel products in relation to MGA products from January 1,

12  2001 to the present.

13  **RESPONSE TO REQUEST NO. 180:**

14        In addition to the general objections stated above which are incorporated

15  herein by reference, Mattel objects to this Request on the grounds that it is

16  overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case.  Mattel further

19  objects to the Request on the grounds that it seeks documents that are not relevant to

20  this action or likely to lead to the discovery of admissible evidence.  Mattel further

21  objects to this Request on the grounds that it seeks confidential, proprietary and

22  trade secret information that has no bearing on the claims or defenses in this case.

23  Mattel further objects to this Request on the grounds that it calls for the disclosure

24

25        [46]  See Webster Decl., ¶¶ 6-20.

26        [47]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1   of information subject to the attorney-client privilege, the attorney work- product

2   doctrine and other applicable privileges.

3   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 180:**

4        In addition to the general objections stated above which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   overbroad, unduly burdensome and unintelligible, including in that it seeks all

7   documents on this subject without limitation as to time, and regardless of whether

8   such documents relate to products or matters at issue in this case. Mattel further

9   objects to the Request on the grounds that it seeks documents that are not relevant to

10  this action or likely to lead to the discovery of admissible evidence. Mattel further

11  objects to this Request on the grounds that it seeks confidential, proprietary and

12  trade secret information, including such information that has no bearing on the

13  claims or defenses in this case. Mattel further objects to this Request on the grounds

14  that it calls for the disclosure of information subject to the attorney-client privilege,

15  the attorney work-product doctrine and other applicable privileges.

16  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

17  **TO SHOULD BE COMPELLED**

18       Mattel refuses to produce responsive documents, subject to its improper

19  boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to

20  part of a request must specify the part and permit inspection of the rest." Fed. R.

21  Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection

22  with specificity are routinely rejected in the Central District.   See A. Farber and

23  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

24  boilerplate objections such as 'overly burdensome and harassing' are improper –

25  especially when a party fails to submit any evidentiary declarations supporting such

26  objections"). Accordingly, Mattel must be compelled either to certify that it has

27  produced all non-privileged responsive documents or to produce all such documents

28  by a date certain.

1        To the extent that Mattel is relying on its blanket objections, they are not

2  sustainable and do not justify Mattel's failure to produce documents.

3        As to overbreadth, Mattel provides no explanation, let alone the required

4  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

6  (overruling objections not stated with specificity), Rutowski Dec., Ex. 55. To the

7  contrary, the request is narrowly tailored to seek documents related to changes to

8  store layouts or displays for Mattel products in relation to MGA products from

9  during the discrete time frame of January 1, 2001 to the present date.

10       As to burden, Mattel has not attempted to demonstrate why responding to this

11  request and/or producing responsive documents presents any burden. This objection

12  must therefore be rejected. <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173

13  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

14  unduly burdensome must allege specific facts which indicate the nature and extent

15  of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not

16  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

17  only discoverable evidence. MGA has alleged that Mattel has engaged in a broad

18  variety of unfair trade practices including serial copying of MGA products,

19  advertising, packaging and store displays.

20       This request does not seek documents protected by the attorney-client

21  privilege, the attorney work product doctrine, or other applicable privileges. To the

22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23       As to relevancy, Mattel has not attempted to demonstrate why the responsive

24  documents are irrelevant to the current action. On the contrary, MGA has alleged

25  that Mattel is engaged in copying of MGA products, packaging, themes and

26  advertising. A request to seek documents related to changes to store layouts or

27  displays for Mattel products in relation to MGA products is therefore relevant to this

28  action and MGA's claims and affirmative defenses.

1    Mattel objects that the request contains confidential, proprietary, and trade

2    secret information.  A Protective Order exists in this case, obviating any concern as

3    to protection of privacy rights and/or commercially sensitive information.

4    None of Mattel's improper objections are valid and Mattel is obligated to

5    produce all non-privileged responsive documents in its possession, custody, or

6    control.

7    **MATTEL'S RESPONSE**

8    MGA must establish that its discovery meets the relevance requirements of

9    Rule 26(b)(1).[48]  MGA argues that the Request is relevant because it has alleged that

10   Mattel is engaged in copying of MGA products, packaging, themes and advertising.

11   But this Request has absolutely nothing to do with any of those things.  How for

12   example Mattel's HOT WHEELS cars are placed on the shelf has nothing to do with

13   MY SCENE dolls, packaging, themes, or advertising.  But that is exactly the type of

14   information this Request seeks.  MGA has therefore made no showing how this

15   request is related to the claims and defenses in this case.  "A trial court has a duty, of

16   special significance in lengthy and complex cases where the possibility of abuse is

17   always present, to supervise and limit discovery to protect parties and witnesses

18   from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664

19   (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

20   F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

21   Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

22   Discovery Master held, a party may not propound document requests as part of a

23

24

25

---

26   [48]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27   bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. 2009).

28

1   fishing expedition or to discover new claims.[49]   Rivera v. NIBCO, Inc., 364 F.3d

2   1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

3   to engage in 'fishing expeditions.'").

4           Similarly, the Request seeks documents up to the present, when the

5   only wrongdoing MGA has alleged occurred years ago.  MGA has previously taken

6   the position that documents and communications post-dating the issues in the

7   Complaint are not relevant.  See MGA Parties' Reply In Support of Their Motion to

8   Quash Receiver Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing

9   that MGA's transactions with the Financing Parties were not relevant to Phase 2

10  because, inter alia, "these events occurred years after [Mattel's] complaint was

11  filed.").[50]  The Discovery Master credited this argument in denying Mattel its

12  requested discovery, ruling that Mattel's requests were not reasonably calculated to

13  lead to the discovery of admissible evidence regarding Mattel's RICO counterclaim

14  because the "RICO counterclaim (like the other counterclaims to be adjudicated in

15  Phase 2) was asserted in July, 2007 – more than a year before either Omni 808

16  Investors, LLC or Vision Capital, LLC came into existence . . . ."  Discovery Matter

17  Order No. 3, dated March 10, 2009, at 18.[51]  MGA offers no reason, nor could it

18  consistent with judicial estoppel, why documents post-dating the filing of claims

19  which do not allege continuing wrongdoing are relevant to those claims.  See New

20  Hampshire v. Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain

21  position in a legal proceeding, and succeeds in maintaining that position, he may not

22  thereafter, simply because his interests have changed, assume a contrary position,

23  especially if it be to the prejudice of the party who has acquiesced in the position

24

25    [49]  See Order Granting In Part and Denying In Part Mattel's Motion for
26  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
27  1.  [50]  Dart Decl., Exh. 6.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET TWO)

1  formerly taken by him."). Thus, under MGA's own arguments, the relevant cut-off

2  date for discovery is April 2005, when MGA filed its Complaint.

3         The Request is also unduly burdensome. Given that the Request is not

4  limited to the products or issues in dispute in this litigation, the costs to collecting

5  information regarding how each and every one of Mattel's products are placed

6  within its numerous retailers is overly burdensome.

7         There is no basis for overruling Mattel's privilege objection. MGA's bald

8  assertion that "[t]his request does not seek information protected by the attorney-

9  client privilege, the attorney work product doctrine, or other applicable privileges"

10 has no merit. Moreover, as MGA has itself argued, the parties have agreed that in

11 general "all privileged documents would be logged except for documents created

12 after this action was filed on April 27, 2004."[52] Thus, to the extent privileged

13 documents fall within the post lawsuit time period, they need not be included on

14 Mattel's log.

15        Finally, MGA failed to meet and confer at all, much less in good faith,

16 regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

17 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

18 the moving party shall first identify each dispute, state the relief sought and identify

19 the authority supporting the requested relief in a meet and confer letter that shall be

20 served on all parties by facsimile or electronic mail. The parties shall have five court

21 days from the date of service of that letter to conduct an in-person conference to

22 attempt to resolve the dispute."). At no point during the meet and confer process did

23

24

25     [51]  Dart Decl., Exh. 7.

26     [52]  See Order Denying Mattel's Motion for Protective Order Limiting the
       Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
27     3.

28

1  the parties discuss this Request or Mattel's response to it.[53]  In order to engage in a

2  meaningful meet and confer, MGA had the burden to show the relevance of any

3  requests it sought to move on.[54]  Because MGA refused to even attempt to make

4  this showing, there was no possibility of a good faith meet and confer to resolve the

5  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

6  this Request on that grounds alone.

7

8  DATED:  October 19, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

9

10                                By _____

11                                   James J. Webster
                                     Attorneys for Mattel. Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

_____

25  [53]  See Webster Decl., ¶¶ 6-20.

26  [54]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28