QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation<br><br>　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>**[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT IN SUPPORT OF MGA PARTIES' MOTION TO COMPEL FURTHER RESPONSES TO MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (9049 SET THREE)**<br><br>Date:　TBD<br>Time:　TBD<br>Place:　Arant Fox LLP<br>555 West Fifth St.<br>48th Floor<br>Los Angeles, CA 90013<br><br>**Phase 2**<br>Discovery December 11: 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

**MGA'S RESPONSES TO**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 182:**

All DOCUMENTS REFERRING OR RELATING TO Ricardo Abundis's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 182:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 182:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further

1   objects to this Request on the grounds that it calls for documents or information in
2   the possession, custody or control of MGA, including without limitation documents
3   and information that MGA has been compelled by Court orders to produce but has
4   not produced.  Mattel further objects to this Request on the grounds that it seeks
5   confidential, proprietary and trade secret information, including such information
6   that has no bearing on the claims or defenses in this case.  Mattel further objects to
7   this Request on the grounds that it calls for the disclosure of information subject to
8   the attorney-client privilege, the attorney work product doctrine and other applicable
9   privileges.

10      Subject to the foregoing objections, Mattel responds as follows: Mattel will
11   produce responsive, non-privileged documents relating to Ricardo Abundis's
12   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
13   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
14   has been able to locate after a diligent search and reasonable inquiry, to the extent
15   not previously produced.

16   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
17   **TO SHOULD BE COMPELLED**

18      Mattel has improperly limited its agreement to produce documents in
19   response to this request, subject to its improper boilerplate objections.  Mattel has
20   refused to confirm whether or not it has produced all non-privileged responsive
21   documents or whether it is withholding documents based on its objections in Phase
22   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
23   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
24   Generic objections that fail to explain the basis for an objection with specificity are
25   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
26   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
27   'overly burdensome and harassing' are improper – especially when a party fails to
28   submit any evidentiary declarations supporting such objections").  Accordingly,

1  Mattel must be compelled either to certify that it has produced all non-privileged
2  responsive documents or to produce all such documents by a date certain.

3      To the extent that Mattel is relying on its blanket objections, they are not
4  sustainable and do not justify Mattel's failure to produce documents.

5      As to overbreadth, Mattel provides no explanation, let alone the required
6  particularity, as to why this request is supposedly overly broad, nor can it do so.
7  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
8  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
10  custody, or control concerning Abundis's alleged knowledge of "MGA's access to
11  Mattel's intellectual property and trade secrets" and "MGA's business practices."
12  This area of information is taken directly from Mattel's allegations regarding
13  Abundis in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated
14  Initial Disclosures, dated Jan. 5, 2007, p. 3).

15      As to burden, Mattel has not attempted to demonstrate why responding to this
16  request and/or producing responsive documents presents any burden. This objection
17  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
18  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
19  unduly burdensome must allege specific facts which indicate the nature and extent
20  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
21  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
22  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
23  secrets. MGA is entitled to discovery on this claim.

24      This request does not seek documents protected by the attorney-client
25  privilege, the attorney work product doctrine, or other applicable privileges. To the
26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27      This request seeks relevant information. Mattel identified Abundis in its
28  initial disclosures an individual with discoverable knowledge regarding "MGA's

1  access to Mattel's intellectual property and trade secrets" and "MGA business
2  practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
3  Jan. 5, 2007, p. 3). Accordingly, Mattel's initial disclosures demonstrate the
4  relevance of this request. Further, this information is relevant to, among other
5  things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
6  MGA's affirmative defenses of statute of limitations and laches.

7      Mattel's objection that the request seeks information within MGA's
8  possession, custody or control is nonsensical and lacks factual support. Mattel
9  makes no argument, let alone a factual showing, that any documents in MGA's
10  possession are duplicative of documents within Mattel's control. MGA is entitled to
11  discovery from Mattel of documents within its possession, custody, or control that
12  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
13  conclusory statement that MGA also possesses responsive documents.

14      Mattel's objection that the request seeks confidential, proprietary, and trade
15  secret information should be disregarded. The parties have entered into a protective
16  order in this matter, which governs the handling of confidential business
17  information. Further, Mattel has put its confidential business information at issue in
18  this litigation, including but not limited to its trade secret misappropriation claim
19  Accordingly, it cannot resist discovery of confidential business information.

20      Finally, Mattel has improperly limited its agreement to produce to "the facts
21  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
22  the individual is identified as being knowledgeable about certain topics in Mattel's
23  initial disclosures, Mattel's obligation to produce does not end with the facts that it
24  has unilaterally alleged. Rather, Mattel must produce all non-privileged, responsive
25  information from the individual on the topics identified, regardless of whether it
26  supports the facts as alleged by Mattel, MGA, or any other party. See Order
27  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
28  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

1  MGA might be excluding documents that are responsive to the request based upon
2  its unilateral determination of what is 'relevant' or 'sufficient.'").

3       None of Mattel's improper objections are valid and Mattel is obligated to
4  produce all non-privileged responsive documents in its possession, custody, or
5  control.

6  **MATTEL'S RESPONSE:**

7       MGA ignores that (i) Mattel has produced its non-privileged, responsive
8  documents, as it agreed to do, and that (ii) most information sought by this request is
9  within MGA's possession, custody or control, and is equally if not more readily
10 available to MGA than it is to Mattel.  Abundis is an employee of MGA.  MGA
11 gives no reason why it requests information from Mattel regarding its *own company*
12 and its *own employee*, other than to say that "this area of information is taken
13 directly from Mattel's allegations regarding Abundis in its initial disclosures."
14 Indeed, it appears that MGA merely cut and paste its request from Mattel's initial
15 disclosures without consideration as to what information Mattel may have that is
16 already within MGA's possession, custody or control.

17      MGA's conclusory arguments also ignore that the Request is facially
18 overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
19 Civil Procedure do not permit MGA to use broad discovery requests untethered to
20 any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
21 for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
22 See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
23 Cir. 2004) ("District courts need not condone the use of discovery to engage in
24 'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
25 Abundis's knowledge of extremely broad subjects—including
26        MGA makes no attempt to link this request with the claims and defenses
27 in this case.  For example, Abundis may have knowledge of MGA's retirement
28 plans, health benefits, OSHA compliance, sexual harassment policies, or any

-6-

1   number of subjects regarding business practices at MGA which clearly fall outside
2   the narrow scope required by the Discovery Master. Because MGA has not linked
3   its broad request to any of the numerous and far-ranging allegations of unfair
4   competition set forth in its complaint, the Discovery Master should uphold Mattel's
5   overbreadth objection.

6        The term "RELATING TO ... alleged knowledge" as used in the request is
7   likewise overbroad.  The universe of documents that could "relate" to Abundis's
8   knowledge are potentially without limit.  The request is not confined to documents
9   in Abundis's possession or control; rather, all documents containing information that
10  Abundis coincidentally knows about the subjects at issue are subsumed within this
11  request.

12       MGA complains that Mattel has limited its responses  regarding individuals in
13  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
14  disclosures."  Mattel has produced all information as to these individuals that is
15  relevant or pertinent to this litigation.  There is nothing to compel.

16       Quite simply, there is nothing to compel.  Mattel has produced responsive,
17  non-privileged documents relating to Abundis's knowledge of the facts at issue in
18  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
19  possession, custody or control.

20  **REQUEST FOR PRODUCTION NO. 183:**

21       All DOCUMENTS REFERRING OR RELATING TO Lourdes Aguilar's
22  alleged knowledge of "MGA's access to Mattel's intellectual property and trade
23  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
24  DISCLOSURES.

25  **RESPONSE TO REQUEST NO. 183:**

26       In addition to the general objections stated above which are incorporated
27  herein by reference, Mattel objects to this Request on the grounds that it is
28  overbroad, unduly burdensome and unintelligible, including in that it seeks all

-7-

1 documents on this subject without limitation as to time, and regardless of whether
2 such documents relate to products or matters at issue in this case. Mattel further
3 objects to the Request on the grounds that it seeks documents that are not relevant to
4 this action or likely to lead to the discovery of admissible evidence. Mattel further
5 objects to this Request on the grounds that it seeks confidential, proprietary and
6 trade secret information that has no bearing on the claims or defenses in this case.
7 Mattel further objects to this Request on the grounds that it calls for the disclosure
8 of information subject to the attorney-client privilege, the attorney work product
9 doctrine and other applicable privileges.

10 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 183:**

11      In addition to the general objections stated above which are incorporated
12 herein by reference, Mattel objects to this Request on the grounds that it is
13 overbroad, unduly burdensome and unintelligible, including in that it seeks all
14 documents on this subject without limitation as to time, and regardless of whether
15 such documents relate to products or matters at issue in this case. Mattel further
16 objects to the Request on the grounds that it seeks documents that are not relevant to
17 this action or likely to lead to the discovery of admissible evidence. Mattel further
18 objects to this Request on the grounds that it calls for documents or information in
19 the possession, custody or control of MGA, including without limitation documents
20 and information that MGA has been compelled by Court orders to produce but has
21 not produced. Mattel further objects to this Request on the grounds that it seeks
22 confidential, proprietary and trade secret information, including such information
23 that has no bearing on the claims or defenses in this case. Mattel further objects to
24 this Request on the grounds that it calls for the disclosure of information subject to
25 the attorney-client privilege, the attorney work product doctrine and other applicable
26 privileges.

27      Subject to the foregoing objections, Mattel responds as follows: Mattel will
28 produce responsive, non-privileged documents relating to Lourdes Aguilar's

1 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

2 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

3 has been able to locate after a diligent search and reasonable inquiry, to the extent

4 not previously produced.

5 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

6 **TO SHOULD BE COMPELLED**

7      Mattel has improperly limited its agreement to produce documents in

8 response to this request, subject to its improper boilerplate objections. Mattel has

9 refused to confirm whether or not it has produced all non-privileged responsive

10 documents or whether it is withholding documents based on its objections in Phase

11 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

12 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

13 Generic objections that fail to explain the basis for an objection with specificity are

14 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

15 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

16 'overly burdensome and harassing' are improper – especially when a party fails to

17 submit any evidentiary declarations supporting such objections"). Accordingly,

18 Mattel must be compelled either to certify that it has produced all non-privileged

19 responsive documents or to produce all such documents by a date certain.

20      To the extent that Mattel is relying on its blanket objections, they are not

21 sustainable and do not justify Mattel's failure to produce documents.

22      As to overbreadth, Mattel provides no explanation, let alone the required

23 particularity, as to why this request is supposedly overly broad, nor can it do so.

24 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

25 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

26 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

27 custody, or control concerning Aguilar's alleged knowledge of "MGA's access to

28 Mattel's intellectual property and trade secrets" and "MGA's business practices."

1   This area of information is taken directly from Mattel's allegations regarding
2   Aguilar in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated
3   Initial Disclosures, dated Jan. 5, 2007, p. 3).

4        As to burden, Mattel has not attempted to demonstrate why responding to this
5   request and/or producing responsive documents presents any burden.  This objection
6   must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
7   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
8   unduly burdensome must allege specific facts which indicate the nature and extent
9   of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
10  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
11  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
12  secrets.  MGA is entitled to discovery on this claim.

13       This request does not seek documents protected by the attorney-client
14  privilege, the attorney work product doctrine, or other applicable privileges.  To the
15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16       This request seeks relevant information.  Mattel identified Aguilar in its initial
17  disclosures an individual with discoverable knowledge regarding "MGA's access to
18  Mattel's intellectual property and trade secrets" and "MGA business practices."
19  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
20  p. 3).  Accordingly, Mattel's initial disclosures demonstrate the relevance of this
21  request.  Further, this information is relevant to, among other things, Mattel's trade
22  secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
23  defenses of statute of limitations and laches.

24       Mattel's objection that the request seeks information within MGA's
25  possession, custody or control is nonsensical and lacks factual support.  Mattel
26  makes no argument, let alone a factual showing, that any documents in MGA's
27  possession are duplicative of documents within Mattel's control.  MGA is entitled to
28  discovery from Mattel of documents within its possession, custody, or control that

1  relate to the subject of this suit.  Mattel cannot avoid this obligation by making a
2  conclusory statement that MGA also possesses responsive documents.

3      Mattel's objection that the request seeks confidential, proprietary, and trade
4  secret information should be disregarded.  The parties have entered into a protective
5  order in this matter, which governs the handling of confidential business
6  information.  Further, Mattel has put its confidential business information at issue in
7  this litigation, including but not limited to its trade secret misappropriation claim
8  Accordingly, it cannot resist discovery of confidential business information.

9      Finally, Mattel has improperly limited its agreement to produce to "the facts
10  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
11  the individual is identified as being knowledgeable about certain topics in Mattel's
12  initial disclosures, Mattel's obligation to produce does not end with the facts that it
13  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
14  information from the individual on the topics identified, regardless of whether it
15  supports the facts as alleged by Mattel, MGA, or any other party.  See Order
16  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
17  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
18  MGA might be excluding documents that are responsive to the request based upon
19  its unilateral determination of what is 'relevant' or 'sufficient.'").

20      None of Mattel's improper objections are valid and Mattel is obligated to
21  produce all non-privileged responsive documents in its possession, custody, or
22  control.

23  **MATTEL'S RESPONSE:**

24      MGA ignores that (i) Mattel has produced its non-privileged, responsive
25  documents, as it agreed to do, and that (ii) most information sought by this request is
26  within MGA's possession, custody or control, and is equally if not more readily
27  available to MGA than it is to Mattel.  Aguilar is an employee of MGA.  MGA
28  gives no reason why it requests information from Mattel regarding its *own company*

1   and its *own employee*, other than to say that "this area of information is taken
2   directly from Mattel's allegations regarding Aguilar in its initial disclosures."
3   Indeed, it appears that MGA merely cut and paste its request from Mattel's initial
4   disclosures without consideration as to what information Mattel may have that is
5   already within MGA's possession, custody or control.

6          MGA's conclusory arguments also ignore that the Request is facially
7   overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
8   Civil Procedure do not permit MGA to use broad discovery requests untethered to
9   any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
10  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
11  See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
12  Cir. 2004) ("District courts need not condone the use of discovery to engage in
13  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
14  Aguilar's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮▮▮
15  ▮▮▮▮▮▮  MGA makes no attempt to link this request with the claims and defenses
16  in this case.  For example, Aguilar may have knowledge of MGA's retirement plans,
17  health benefits, OSHA compliance, sexual harassment policies, or any number of
18  subjects regarding business practices at MGA which clearly fall outside the narrow
19  scope required by the Discovery Master. Because MGA has not linked its broad
20  request to any of the numerous and far-ranging allegations of unfair competition set
21  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
22  objection.

23         The term "RELATING TO ... alleged knowledge" as used in the request is
24  likewise overbroad.  The universe of documents that could "relate" to Aguilar's
25  knowledge are potentially without limit.  The request is not confined to documents
26  in Aguilar's possession or control; rather, all documents containing information that
27  Aguilar coincidentally knows about the subjects at issue are subsumed within this
28  request.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1    MGA complains that Mattel has limited its responses  regarding individuals in
2  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
3  disclosures." Mattel has produced all information as to these individuals that is
4  relevant or pertinent to this litigation. There is nothing to compel.

5    Quite simply, there is nothing to compel. Mattel has produced
6  responsive, non-privileged documents relating to Aguilar's knowledge of the facts at
7  issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
8  possession, custody or control.

9  **REQUEST FOR PRODUCTION NO. 184:**

10    All DOCUMENTS REFERRING OR RELATING TO Mariana Trueba
11  Almada's alleged knowledge of "MGA's theft of Mattel's intellectual property and
12  trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
13  DISCLOSURES.

14  **RESPONSE TO REQUEST NO. 184:**

15    In addition to the general objections stated above which are incorporated
16  herein by reference, Mattel objects to this Request on the grounds that it is
17  overbroad, unduly burdensome and unintelligible, including in that it seeks all
18  documents on this subject without limitation as to time, and regardless of whether
19  such documents relate to products or matters at issue in this case. Mattel further
20  objects to the Request on the grounds that it seeks documents that are not relevant to
21  this action or likely to lead to the discovery of admissible evidence. Mattel further
22  objects to this Request on the grounds that it seeks confidential, proprietary and
23  trade secret information that has no bearing on the claims or defenses in this case.
24  Mattel further objects to this Request on the grounds that it calls for the disclosure
25  of information subject to the attorney-client privilege, the attorney work product
26  doctrine and other applicable privileges.

27

28

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 184:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Mariana Trueba Almada's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive

-14-

1   documents or whether it is withholding documents based on its objections in Phase
2   2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
3   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
4   Generic objections that fail to explain the basis for an objection with specificity are
5   routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
6   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
7   'overly burdensome and harassing' are improper – especially when a party fails to
8   submit any evidentiary declarations supporting such objections"). Accordingly,
9   Mattel must be compelled either to certify that it has produced all non-privileged
10  responsive documents or to produce all such documents by a date certain.

11          To the extent that Mattel is relying on its blanket objections, they are not
12  sustainable and do not justify Mattel's failure to produce documents.

13          As to overbreadth, Mattel provides no explanation, let alone the required
14  particularity, as to why this request is supposedly overly broad, nor can it do so.
15  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
16  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
17  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
18  custody, or control concerning Almada's alleged knowledge of "MGA's theft of
19  Mattel's intellectual property and trade secrets" and "MGA's business practices."
20  This area of information is taken directly from Mattel's allegations regarding
21  Almada in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated
22  Initial Disclosures, dated Jan. 5, 2007, p. 3).

23          As to burden, Mattel has not attempted to demonstrate why responding to this
24  request and/or producing responsive documents presents any burden. This objection
25  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
26  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
27  unduly burdensome must allege specific facts which indicate the nature and extent
28  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

1  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
2  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
3  secrets. MGA is entitled to discovery on this claim.

4       This request does not seek documents protected by the attorney-client
5  privilege, the attorney work product doctrine, or other applicable privileges. To the
6  extent that Mattel contends that it does, Mattel must provide a privilege log.

7       This request seeks relevant information. Mattel identified Almada in its
8  initial disclosures an individual with discoverable knowledge regarding "MGA's
9  theft of Mattel's intellectual property and trade secrets" and "MGA business
10 practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
11 Jan. 5, 2007, p. 3). Accordingly, Mattel's initial disclosures demonstrate the
12 relevance of this request. Further, this information is relevant to, among other
13 things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
14 MGA's affirmative defenses of statute of limitations and laches.

15      Mattel's objection that the request seeks information within MGA's
16 possession, custody or control is nonsensical and lacks factual support. Mattel
17 makes no argument, let alone a factual showing, that any documents in MGA's
18 possession are duplicative of documents within Mattel's control. MGA is entitled to
19 discovery from Mattel of documents within its possession, custody, or control that
20 relate to the subject of this suit. Mattel cannot avoid this obligation by making a
21 conclusory statement that MGA also possesses responsive documents.

22      Mattel's objection that the request seeks confidential, proprietary, and trade
23 secret information should be disregarded. The parties have entered into a protective
24 order in this matter, which governs the handling of confidential business
25 information. Further, Mattel has put its confidential business information at issue in
26 this litigation, including but not limited to its trade secret misappropriation claim
27 Accordingly, it cannot resist discovery of confidential business information.

28

1        Finally, Mattel has improperly limited its agreement to produce to "the facts
2 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
3 the individual is identified as being knowledgeable about certain topics in Mattel's
4 initial disclosures, Mattel's obligation to produce does not end with the facts that it
5 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
6 information from the individual on the topics identified, regardless of whether it
7 supports the facts as alleged by Mattel, MGA, or any other party. <u>See</u> Order
8 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10 MGA might be excluding documents that are responsive to the request based upon
11 its unilateral determination of what is 'relevant' or 'sufficient.'").

12        None of Mattel's improper objections are valid and Mattel is obligated to
13 produce all non-privileged responsive documents in its possession, custody, or
14 control.

15 **MATTEL'S RESPONSE:**

16        MGA ignores that (i) Mattel has produced its non-privileged, responsive
17 documents, as it agreed to do, and that (ii) most information sought by this request is
18 within MGA's possession, custody or control, and is equally if not more readily
19 available to MGA than it is to Mattel. Almada is an employee of MGA. MGA
20 gives no reason why it requests information from Mattel regarding its *own company*
21 and its *own employee*, other than to say that "this area of information is taken
22 directly from Mattel's allegations regarding Almada in its initial disclosures."
23 Indeed, it appears that MGA merely cut and paste its request from Mattel's initial
24 disclosures without consideration as to what information Mattel may have that is
25 already within MGA's possession, custody or control.

26        MGA's conclusory arguments also ignore that the Request is facially
27 overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
28 Civil Procedure do not permit MGA to use broad discovery requests untethered to

1   any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion

2   for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

3   See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

4   Cir. 2004) ("District courts need not condone the use of discovery to engage in

5   'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to

6   Almada's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮

7   ▮▮▮▮▮   MGA makes no attempt to link this request with the claims and defenses

8   in this case.  For example, Almada may have knowledge of MGA's retirement plans,

9   health benefits, OSHA compliance, sexual harassment policies, or any number of

10  subjects regarding business practices at MGA which clearly fall outside the narrow

11  scope required by the Discovery Master. Because MGA has not linked its broad

12  request to any of the numerous and far-ranging allegations of unfair competition set

13  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth

14  objection.

15      The term "RELATING TO … alleged knowledge" as used in the request is

16  likewise overbroad.  The universe of documents that could "relate" to Almada's

17  knowledge are potentially without limit.  The request is not confined to documents

18  in Almada's possession or control; rather, all documents containing information that

19  Almada coincidentally knows about the subjects at issue are subsumed within this

20  request.

21      MGA complains that Mattel has limited its responses  regarding individuals in

22  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

23  disclosures."  Mattel has produced all information as to these individuals that is

24  relevant or pertinent to this litigation.  There is nothing to compel.

25      Quite simply, there is nothing to compel.  Mattel has produced responsive,

26  non-privileged documents relating to Almada's knowledge of the facts at issue in

27  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

28  possession, custody or control.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

**REQUEST FOR PRODUCTION NO. 185:**

All DOCUMENTS REFERRING OR RELATING TO Jules Andres's alleged knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 185:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 185:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the ground

1   that it calls for the disclosure of information subject to the attorney-client privilege
2   the attorney work-product doctrine and other applicable privileges.

3       Subject to the foregoing objections, Mattel responds as follows: Mattel will
4   produce responsive, non-privileged documents relating to Jules Andres's knowledge
5   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
6   in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
7   after a diligent search and reasonable inquiry, to the extent not previously produced.

8   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9   **TO SHOULD BE COMPELLED**

10      Mattel has improperly limited its agreement to produce documents in
11  response to this request, subject to its improper boilerplate objections.  Mattel has
12  refused to confirm whether or not it has produced all non-privileged responsive
13  documents or whether it is withholding documents based on its objections in Phase
14  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
15  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
16  Generic objections that fail to explain the basis for an objection with specificity are
17  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
18  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
19  'overly burdensome and harassing' are improper – especially when a party fails to
20  submit any evidentiary declarations supporting such objections").  Accordingly,
21  Mattel must be compelled either to certify that it has produced all non-privileged
22  responsive documents or to produce all such documents by a date certain.

23      To the extent that Mattel is relying on its blanket objections, they are not
24  sustainable and do not justify Mattel's failure to produce documents.

25      As to overbreadth, Mattel provides no explanation, let alone the required
26  particularity, as to why this request is supposedly overly broad, nor can it do so.
27  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
28  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

1   contrary, the request is narrowly tailored to seek documents in Mattel's possession,
2   custody, or control concerning Andres's alleged knowledge of "MGA's theft of
3   Mattel's intellectual property and trade secrets." This area of information is taken
4   directly from Mattel's allegations regarding Andres in its initial disclosures.
5   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
6   p. 3).

7       As to burden, Mattel has not attempted to demonstrate why responding to this
8   request and/or producing responsive documents presents any burden. This objection
9   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
10  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
11  unduly burdensome must allege specific facts which indicate the nature and extent
12  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
13  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
14  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
15  secrets. MGA is entitled to discovery on this claim.

16      This request does not seek documents protected by the attorney-client
17  privilege, the attorney work product doctrine, or other applicable privileges. To the
18  extent that Mattel contends that it does, Mattel must provide a privilege log.

19      This request seeks relevant information. Mattel identified Andres in its initial
20  disclosures an individual with discoverable knowledge regarding "MGA's theft of
21  Mattel's intellectual property and trade secrets." Rutowski Decl. Ex. 56 (Mattel's
22  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3). Accordingly, Mattel's
23  initial disclosures demonstrate the relevance of this request. Further, this
24  information is relevant to, among other things, Mattel's trade secret defense, MGA's
25  claims of trade dress infringement, and MGA's affirmative defenses of statute of
26  limitations and laches.

27      Mattel's objection that the request seeks confidential, proprietary, and trade
28  secret information should be disregarded. The parties have entered into a protective

-21-

1  order in this matter, which governs the handling of confidential business

2  information.  Further, Mattel has put its confidential business information at issue in

3  this litigation, including but not limited to its trade secret misappropriation claim

4  Accordingly, it cannot resist discovery of confidential business information.

5  Finally, Mattel has improperly limited its agreement to produce to "the facts

6  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

7  the individual is identified as being knowledgeable about certain topics in Mattel's

8  initial disclosures, Mattel's obligation to produce does not end with the facts that it

9  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

10  information from the individual on the topics identified, regardless of whether it

11  supports the facts as alleged by Mattel, MGA, or any other party.  See Order

12  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

13  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

14  MGA might be excluding documents that are responsive to the request based upon

15  its unilateral determination of what is 'relevant' or 'sufficient.'").

16  None of Mattel's improper objections are valid and Mattel is obligated to

17  produce all non-privileged responsive documents in its possession, custody, or

18  control.

19  **MATTEL'S RESPONSE:**

20  The term "RELATING TO … alleged knowledge" as used in the request is

21  overbroad.  The universe of documents that could "relate" to Andres's knowledge

22  are potentially without limit.  The request is not confined to documents in Andres's

23  possession or control; rather, all documents containing information that Andres

24  coincidentally knows about the subjects at issue are subsumed within this request.

25  MGA complains that Mattel has limited its responses  regarding individuals in

26  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

27  disclosures."  Mattel has produced all information as to these individuals that is

28  relevant or pertinent to this litigation.  There is nothing to compel.

1       Quite simply, there is nothing to compel. Mattel has produced responsive,

2 non-privileged documents relating to Andres's knowledge of the facts at issue in this

3 litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

4 custody or control.

5 **REQUEST FOR PRODUCTION NO. 186:**

6       All DOCUMENTS in Jules Andres's possession or control REFERRING OR

7 RELATING TO his alleged knowledge of "MGA's theft of Mattel's intellectual

8 property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

9 **RESPONSE TO REQUEST NO. 186:**

10       In addition to the general objections stated above which are incorporated

11 herein by reference, Mattel objects to this Request on the grounds that it is

12 overbroad, unduly burdensome and unintelligible, including in that it seeks all

13 documents on this subject without limitation as to time, and regardless of whether

14 such documents relate to products or matters at issue in this case. Mattel further

15 objects to the Request on the grounds that it seeks documents that are not relevant to

16 this action or likely to lead to the discovery of admissible evidence. Mattel further

17 objects to this Request on the grounds that it seeks confidential, proprietary and

18 trade secret information that has no bearing on the claims or defenses in this case.

19 Mattel further objects to this Request on the grounds that it calls for the disclosure

20 of information subject to the attorney-client privilege, the attorney work product

21 doctrine and other applicable privileges.

22 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 186:**

23       In addition to the general objections stated above which are incorporated

24 herein by reference, Mattel objects to this Request on the grounds that it is

25 overbroad, unduly burdensome and unintelligible, including in that it seeks all

26 documents on this subject without limitation as to time, and regardless of whether

27 such documents relate to products or matters at issue in this case. Mattel further

28 objects to the Request on the grounds that it seeks documents that are not relevant to

1  this action or likely to lead to the discovery of admissible evidence.  Mattel further
2  objects to this Request on the grounds that it seeks confidential, proprietary and
3  trade secret information, including such information that has no bearing on the
4  claims or defenses in this case.  Mattel further objects to this Request on the ground
5  that it calls for the disclosure of information subject to the attorney-client privilege
6  the attorney work-product doctrine and other applicable privileges.

7  　　　　Subject to the foregoing objections, Mattel responds as follows: Mattel will
8  produce responsive, non-privileged documents relating to Jules Andres's knowledge
9  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
10  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
11  after a diligent search and reasonable inquiry, to the extent not previously produced.
12  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
13  **TO SHOULD BE COMPELLED**
14  　　　　Mattel has improperly limited its agreement to produce documents in
15  response to this request, subject to its improper boilerplate objections.  Mattel has
16  refused to confirm whether or not it has produced all non-privileged responsive
17  documents or whether it is withholding documents based on its objections in Phase
18  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
19  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
20  Generic objections that fail to explain the basis for an objection with specificity are
21  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
22  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
23  'overly burdensome and harassing' are improper – especially when a party fails to
24  submit any evidentiary declarations supporting such objections").

25  　　　　Accordingly, Mattel must be compelled either to certify that it has produced
26  all non-privileged responsive documents or to produce all such documents by a date
27  certain.

28

-24

1        To the extent that Mattel is relying on its blanket objections, they are not

2   sustainable and do not justify Mattel's failure to produce documents.

3        As to overbreadth, Mattel provides no explanation, let alone the required

4   particularity, as to why this request is supposedly overly broad, nor can it do so.

5   This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

6   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

7   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

8   custody, or control concerning Andres's alleged knowledge of "MGA's theft of

9   Mattel's intellectual property and trade secrets." This area of information is taken

10   directly from Mattel's allegations regarding Andres in its initial disclosures.

11   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

12   p. 3).

13        As to burden, Mattel has not attempted to demonstrate why responding to this

14   request and/or producing responsive documents presents any burden. This objection

15   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

16   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

17   unduly burdensome must allege specific facts which indicate the nature and extent

18   of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

19   unduly burdensome, as noted above, in that the request is narrowly tailored to seek

20   only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

21   secrets. MGA is entitled to discovery on this claim.

22        This request does not seek documents protected by the attorney-client

23   privilege, the attorney work product doctrine, or other applicable privileges. To the

24   extent that Mattel contends that it does, Mattel must provide a privilege log.

25        This request seeks relevant information. Mattel identified Andres in its initial

26   disclosures an individual with discoverable knowledge regarding "MGA's theft of

27   Mattel's intellectual property and trade secrets." Rutowski Decl. Ex. 56 (Mattel's

28   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3). Accordingly, Mattel's

1 initial disclosures demonstrate the relevance of this request. Further, this

2 information is relevant to, among other things, Mattel's trade secret defense, MGA's

3 claims of trade dress infringement, and MGA's affirmative defenses of statute of

4 limitations and laches.

5      Mattel's objection that the request seeks confidential, proprietary, and trade

6 secret information should be disregarded. The parties have entered into a protective

7 order in this matter, which governs the handling of confidential business

8 information. Further, Mattel has put its confidential business information at issue in

9 this litigation, including but not limited to its trade secret misappropriation claim

10 Accordingly, it cannot resist discovery of confidential business information.

11      Finally, Mattel has improperly limited its agreement to produce to "the facts

12 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

13 the individual is identified as being knowledgeable about certain topics in Mattel's

14 initial disclosures, Mattel's obligation to produce does not end with the facts that it

15 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

16 information from the individual on the topics identified, regardless of whether it

17 supports the facts as alleged by Mattel, MGA, or any other party. See Order

18 Granting Mattel's Motion to Compel Production of Documents and Interrogatory

19 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

20 MGA might be excluding documents that are responsive to the request based upon

21 its unilateral determination of what is 'relevant' or 'sufficient.'").

22      None of Mattel's improper objections are valid and Mattel is obligated to

23 produce all non-privileged responsive documents in its possession, custody, or

24 control.

25 **MATTEL'S RESPONSE:**

26      MGA complains that Mattel has limited its responses regarding individuals

27 in Mattel's Initial Disclosures to information "as alleged in Mattel's initial

28

1   disclosures." Mattel has produced all information as to these individuals that is
2   relevant or pertinent to this litigation. There is nothing to compel.

3        Quite simply, there is nothing to compel. Mattel has produced responsive,
4   non-privileged documents relating to Andres's knowledge of the facts at issue in this
5   litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
6   custody or control.

7   **REQUEST FOR PRODUCTION NO. 187:**

8        All DOCUMENTS REFERRING OR RELATING TO Russell Arons's
9   alleged knowledge of "[t]he development and ownership of intellectual property at
10  issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

11  **RESPONSE TO REQUEST NO. 187:**

12       In addition to the general objections stated above which are incorporated
13  herein by reference, Mattel objects to this Request on the grounds that it is
14  overbroad, unduly burdensome and unintelligible, including in that it seeks all
15  documents on this subject without limitation as to time, and regardless of whether
16  such documents relate to products or matters at issue in this case. Mattel further
17  objects to the Request on the grounds that it seeks documents that are not relevant to
18  this action or likely to lead to the discovery of admissible evidence. Mattel further
19  objects to this Request on the grounds that it seeks confidential, proprietary and
20  trade secret information that has no bearing on the claims or defenses in this case.
21  Mattel further objects to this Request on the grounds that it calls for the disclosure
22  of information subject to the attorney-client privilege, the attorney work product
23  doctrine and other applicable privileges.

24  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 187:**

25       In addition to the general objections stated above which are incorporated
26  herein by reference, Mattel objects to this Request on the grounds that it is
27  overbroad, unduly burdensome and unintelligible, including in that it seeks all
28  documents on this subject without limitation as to time, and regardless of whether

1  such documents relate to products or matters at issue in this case. Mattel further

2  objects to the Request on the grounds that it seeks documents that are not relevant to

3  this action or likely to lead to the discovery of admissible evidence. Mattel further

4  objects to this Request on the grounds that it seeks confidential, proprietary and

5  trade secret information, including such information that has no bearing on the

6  claims or defenses in this case. Mattel further objects to this Request on the ground

7  that it calls for the disclosure of information subject to the attorney-client privilege

8  the attorney work-product doctrine and other applicable privileges.

9      Subject to the foregoing objections, Mattel responds as follows: Mattel will

10  produce responsive, non-privileged documents relating to Russell Arons's

11  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

12  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

13  has been able to locate after a diligent search and reasonable inquiry, to the extent

14  not previously produced.

15  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

16  **TO SHOULD BE COMPELLED**

17      Mattel has improperly limited its agreement to produce documents in

18  response to this request, subject to its improper boilerplate objections. Mattel has

19  refused to confirm whether or not it has produced all non-privileged responsive

20  documents or whether it is withholding documents based on its objections in Phase

21  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

22  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

23  Generic objections that fail to explain the basis for an objection with specificity are

24  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

25  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

26  'overly burdensome and harassing' are improper – especially when a party fails to

27  submit any evidentiary declarations supporting such objections"). Accordingly,

28

1   Mattel must be compelled either to certify that it has produced all non-privileged

2   responsive documents or to produce all such documents by a date certain.

3       To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the required

6   particularity, as to why this request is supposedly overly broad, nor can it do so.

7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

10  custody, or control concerning Arons's alleged knowledge of "[t]he development

11  and ownership of intellectual property at issue."  This area of information is taken

12  directly from Mattel's allegations regarding Arons in its initial disclosures.

13  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

14  p. 3).

15      As to burden, Mattel has not attempted to demonstrate why responding to this

16  request and/or producing responsive documents presents any burden.  This objection

17  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

18  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

19  unduly burdensome must allege specific facts which indicate the nature and extent

20  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not

21  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

22  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade

23  secrets.  MGA is entitled to discovery on this claim.

24      This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27      This request seeks relevant information.  Mattel identified Arons in its initial

28  disclosures an individual with discoverable knowledge regarding "[t]he

-29-

1   development and ownership of intellectual property at issue." Rutowski Decl.

2   Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3).

3   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

4       Further, this information is relevant to, among other things, Mattel's trade

5   secret defense and MGA's claims of trade dress infringement.

6       Mattel's objection that the request seeks confidential, proprietary, and trade

7   secret information should be disregarded. The parties have entered into a protective

8   order in this matter, which governs the handling of confidential business

9   information. Further, Mattel has put its confidential business information at issue in

10  this litigation, including but not limited to its trade secret misappropriation claim

11  Accordingly, it cannot resist discovery of confidential business information.

12      Finally, Mattel has improperly limited its agreement to produce to "the facts

13  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

14  the individual is identified as being knowledgeable about certain topics in Mattel's

15  initial disclosures, Mattel's obligation to produce does not end with the facts that it

16  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

17  information from the individual on the topics identified, regardless of whether it

18  supports the facts as alleged by Mattel, MGA, or any other party. See Order

19  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

20  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

21  MGA might be excluding documents that are responsive to the request based upon

22  its unilateral determination of what is 'relevant' or 'sufficient.'").

23      None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession, custody, or

25  control.

26  **MATTEL'S RESPONSE:**

27      The term "RELATING TO ... alleged knowledge" as used in the request is

28  overbroad. The universe of documents that could "relate" to Arons's knowledge are

1 potentially without limit. The request is not confined to documents in Arons's
2 possession or control; rather, all documents containing information that Arons
3 coincidentally knows about the subjects at issue are subsumed within this request.

4 MGA complains that Mattel has limited its responses regarding individuals in
5 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
6 disclosures." Mattel has produced all information as to these individuals that is
7 relevant or pertinent to this litigation. There is nothing to compel.

8 Quite simply, there is nothing to compel. Mattel has produced responsive,
9 non-privileged documents relating to Arons's knowledge of the facts at issue in this
10 litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
11 custody or control.

12 **REQUEST FOR PRODUCTION NO. 188:**

13 All DOCUMENTS in Russell Arons's possession or control REFERRING
14 OR RELATING TO his alleged knowledge of "[t]he development and ownership o
15 intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

16 **RESPONSE TO REQUEST NO. 188:**

17 In addition to the general objections stated above which are incorporated
18 herein by reference, Mattel objects to this Request on the grounds that it is
19 overbroad, unduly burdensome and unintelligible, including in that it seeks all
20 documents on this subject without limitation as to time, and regardless of whether
21 such documents relate to products or matters at issue in this case. Mattel further
22 objects to the Request on the grounds that it seeks documents that are not relevant to
23 this action or likely to lead to the discovery of admissible evidence. Mattel further
24 objects to this Request on the grounds that it seeks confidential, proprietary and
25 trade secret information that has no bearing on the claims or defenses in this case.
26 Mattel further objects to this Request on the grounds that it calls for the disclosure
27 of information subject to the attorney-client privilege, the attorney work product
28 doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 188:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the ground that it calls for the disclosure of information subject to the attorney-client privilege the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Russell Arons's

knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c) Generic objections that fail to explain the basis for an objection with specificity are

1 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

2 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

3 'overly burdensome and harassing' are improper – especially when a party fails to

4 submit any evidentiary declarations supporting such objections").  Accordingly,

5 Mattel must be compelled either to certify that it has produced all non-privileged

6 responsive documents or to produce all such documents by a date certain.

7       To the extent that Mattel is relying on its blanket objections, they are not

8 sustainable and do not justify Mattel's failure to produce documents.

9       As to overbreadth, Mattel provides no explanation, let alone the required

10 particularity, as to why this request is supposedly overly broad, nor can it do so.

11 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

14 custody, or control concerning Arons's alleged knowledge of "[t]he development

15 and ownership of intellectual property at issue."  This area of information is taken

16 directly from Mattel's allegations regarding Arons in its initial disclosures.

17 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

18 p. 3).

19       As to burden, Mattel has not attempted to demonstrate why responding to this

20 request and/or producing responsive documents presents any burden.  This objection

21 must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

22 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

23 unduly burdensome must allege specific facts which indicate the nature and extent

24 of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not

25 unduly burdensome, as noted above, in that the request is narrowly tailored to seek

26 only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade

27 secrets.  MGA is entitled to discovery on this claim.

28

1    This request does not seek documents protected by the attorney-client
2  privilege, the attorney work product doctrine, or other applicable privileges.  To the
3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4    This request seeks relevant information.  Mattel identified Arons in its initial
5  disclosures an individual with discoverable knowledge regarding "[t]he
6  development and ownership of intellectual property at issue."  Rutowski Decl.
7  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3).
8  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
9  Further, this information is relevant to, among other things, Mattel's trade secret
10  defense and MGA's claims of trade dress infringement.

11    Mattel's objection that the request seeks confidential, proprietary, and trade
12  secret information should be disregarded.  The parties have entered into a protective
13  order in this matter, which governs the handling of confidential business
14  information.  Further, Mattel has put its confidential business information at issue in
15  this litigation, including but not limited to its trade secret misappropriation claim
16  Accordingly, it cannot resist discovery of confidential business information.

17    Finally, Mattel has improperly limited its agreement to produce to "the facts
18  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
19  the individual is identified as being knowledgeable about certain topics in Mattel's
20  initial disclosures, Mattel's obligation to produce does not end with the facts that it
21  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
22  information from the individual on the topics identified, regardless of whether it
23  supports the facts as alleged by Mattel, MGA, or any other party.  See Order
24  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
25  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
26  MGA might be excluding documents that are responsive to the request based upon
27  its unilateral determination of what is 'relevant' or 'sufficient.'").

28

1    None of Mattel's improper objections are valid and Mattel is obligated to
2 produce all non-privileged responsive documents in its possession, custody, or
3 control.

4 **MATTEL'S RESPONSE:**

5    MGA complains that Mattel has limited its responses  regarding individuals in
6 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
7 disclosures."  Mattel has produced all information as to these individuals that is
8 relevant or pertinent to this litigation.  There is nothing to compel.

9    Quite simply, there is nothing to compel.  Mattel has produced responsive,
10 non-privileged documents relating to Arons's knowledge of the facts at issue in this
11 litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
12 custody or control.

13 **REQUEST FOR PRODUCTION NO. 189:**

14    All DOCUMENTS REFERRING OR RELATING TO Terry Bartlett's
15 alleged knowledge of "Toy of the Year and the dealings of Mattel and MGA with
16 TIA," as alleged in MATTEL'S INITIAL DISCLOSURES.

17 **RESPONSE TO REQUEST NO. 189:**

18    In addition to the general objections stated above which are incorporated
19 herein by reference, Mattel objects to this Request on the grounds that it is
20 overbroad, unduly burdensome and unintelligible, including in that it seeks all
21 documents on this subject without limitation as to time, and regardless of whether
22 such documents relate to products or matters at issue in this case.  Mattel further
23 objects to the Request on the grounds that it seeks documents that are not relevant to
24 this action or likely to lead to the discovery of admissible evidence.  Mattel further
25 objects to this Request on the grounds that it seeks confidential, proprietary and
26 trade secret information that has no bearing on the claims or defenses in this case.
27 Mattel further objects to this Request on the grounds that it calls for the disclosure
28

1  of information subject to the attorney-client privilege, the attorney work product

2  doctrine and other applicable privileges.

3  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 189:**

4      In addition to the general objections stated above which are incorporated

5  herein by reference, Mattel objects to this Request on the grounds that it is

6  overbroad, unduly burdensome and unintelligible, including in that it seeks all

7  documents on this subject without limitation as to time, and regardless of whether

8  such documents relate to products or matters at issue in this case. Mattel further

9  objects to the Request on the grounds that it seeks documents that are not relevant to

10  this action or likely to lead to the discovery of admissible evidence. Mattel further

11  objects to this Request on the grounds that it seeks confidential, proprietary and

12  trade secret information, including such information that has no bearing on the

13  claims or defenses in this case. Mattel further objects to this Request on the ground

14  that it calls for the disclosure of information subject to the attorney-client privilege

15  the attorney work-product doctrine and other applicable privileges.

16      Subject to the foregoing objections, Mattel responds as follows: Mattel will

17  produce responsive, non-privileged documents relating to Terry Bartlett's

18  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

19  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

20  has been able to locate after a diligent search and reasonable inquiry, to the extent

21  not previously produced.

22  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

23  **TO SHOULD BE COMPELLED**

24      Mattel has improperly limited its agreement to produce documents in

25  response to this request, subject to its improper boilerplate objections. Mattel has

26  refused to confirm whether or not it has produced all non-privileged responsive

27  documents or whether it is withholding documents based on its objections in Phase

28  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

-36-

must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
Generic objections that fail to explain the basis for an objection with specificity are
routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
'overly burdensome and harassing' are improper – especially when a party fails to
submit any evidentiary declarations supporting such objections").  Accordingly,
Mattel must be compelled either to certify that it has produced all non-privileged
responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not
sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required
particularity, as to why this request is supposedly overly broad, nor can it do so.
This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
(overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
contrary, the request is narrowly tailored to seek documents in Mattel's possession,
custody, or control concerning Bartlett's alleged knowledge of "Toy of the Year and
the dealings of Mattel and MGA with TIA."  This area of information is taken
directly from Mattel's allegations regarding Bartlett in its initial disclosures.
Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
p. 3).

As to burden, Mattel has not attempted to demonstrate why responding to this
request and/or producing responsive documents presents any burden.  This objection
must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
unduly burdensome must allege specific facts which indicate the nature and extent
of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
unduly burdensome, as noted above, in that the request is narrowly tailored to seek

1   only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
2   secrets.  MGA is entitled to discovery on this claim.

3       This request does not seek documents protected by the attorney-client
4   privilege, the attorney work product doctrine, or other applicable privileges.  To the
5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6       This request seeks relevant information.  Mattel identified Bartlett in its initial
7   disclosures an individual with discoverable knowledge regarding "Toy of the Year
8   and the dealings of Mattel and MGA with TIA."  Rutowski Decl. Ex. 56 (Mattel's
9   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3).  Accordingly, Mattel's
10  initial disclosures demonstrate the relevance of this request.  Further, this
11  information is relevant to, among other things, MGA's unfair competition claims.

12      Mattel's objection that the request seeks confidential, proprietary, and trade
13  secret information should be disregarded.  The parties have entered into a protective
14  order in this matter, which governs the handling of confidential business
15  information.  Further, Mattel has put its confidential business information at issue in
16  this litigation, including but not limited to its trade secret misappropriation claim
17  Accordingly, it cannot resist discovery of confidential business information.

18      Finally, Mattel has improperly limited its agreement to produce to "the facts
19  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
20  the individual is identified as being knowledgeable about certain topics in Mattel's
21  initial disclosures, Mattel's obligation to produce does not end with the facts that it
22  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
23  information from the individual on the topics identified, regardless of whether it
24  supports the facts as alleged by Mattel, MGA, or any other party.  See Order
25  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
26  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
27  MGA might be excluding documents that are responsive to the request based upon
28  its unilateral determination of what is 'relevant' or 'sufficient.'").

1   None of Mattel's improper objections are valid and Mattel is obligated to
2   produce all non-privileged responsive documents in its possession, custody, or
3   control.

4   **MATTEL'S RESPONSE:**

5   The term "RELATING TO ... alleged knowledge" as used in the request is
6   likewise overbroad.  The universe of documents that could "relate" to Bartlett's
7   knowledge are potentially without limit.  The request is not confined to documents
8   in Bartlett's possession or control; rather, all documents containing information that
9   Bartlett coincidentally knows about the subjects at issue are subsumed within this
10  request.

11  MGA complains that Mattel has limited its responses  regarding individuals in
12  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
13  disclosures."  Mattel has produced all information as to these individuals that is
14  relevant or pertinent to this litigation.  There is nothing to compel.

15  Quite simply, there is nothing to compel.  Mattel has produced responsive,
16  non-privileged documents relating to Bartlett's knowledge of the facts at issue in this
17  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
18  custody or control.

19  **REQUEST FOR PRODUCTION NO. 190:**

20  All DOCUMENTS REFERRING OR RELATING TO Eve Karen Laskaris
21  Bennett's alleged knowledge of "MGA's access to Mattel's intellectual property and
22  trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
23  DISCLOSURES.

24  **RESPONSE TO REQUEST NO. 190:**

25  In addition to the general objections stated above which are incorporated
26  herein by reference, Mattel objects to this Request on the grounds that it is
27  overbroad, unduly burdensome and unintelligible, including in that it seeks all
28  documents on this subject without limitation as to time, and regardless of whether

1  such documents relate to products or matters at issue in this case.  Mattel further
2  objects to the Request on the grounds that it seeks documents that are not relevant to
3  this action or likely to lead to the discovery of admissible evidence.  Mattel further
4  objects to this Request on the grounds that it seeks confidential, proprietary and
5  trade secret information that has no bearing on the claims or defenses in this case.
6  Mattel further objects to this Request on the grounds that it calls for the disclosure
7  of information subject to the attorney-client privilege, the attorney work product
8  doctrine and other applicable privileges.

9  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 190:**

10       In addition to the general objections stated above which are incorporated
11  herein by reference, Mattel objects to this Request on the grounds that it is
12  overbroad, unduly burdensome and unintelligible, including in that it seeks all
13  documents on this subject without limitation as to time, and regardless of whether
14  such documents relate to products or matters at issue in this case.  Mattel further
15  objects to the Request on the grounds that it seeks documents that are not relevant to
16  this action or likely to lead to the discovery of admissible evidence.  Mattel further
17  objects to this Request on the grounds that it calls for documents or information in
18  the possession, custody or control of MGA, including without limitation documents
19  and information that MGA has been compelled by Court orders to produce but has
20  not produced.  Mattel further objects to this Request on the grounds that it seeks
21  confidential, proprietary and trade secret information, including such information
22  that has no bearing on the claims or defenses in this case.  Mattel further objects to
23  this Request on the grounds that it calls for the disclosure of information subject to
24  the attorney-client privilege, the attorney work product doctrine and other applicable
25  privileges.

26       Subject to the foregoing objections, Mattel responds as follows: Mattel will
27  produce responsive, non-privileged documents relating to Eve Karen Laskaris
28  Bennett's knowledge of the facts at issue in this litigation as alleged in Mattel's

1  Initial Disclosures that are in Mattel's possession, custody, or control, if any, that
2  Mattel has been able to locate after a diligent search and reasonable inquiry, to the
3  extent not previously produced.

4  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
5  **TO SHOULD BE COMPELLED**

6      Mattel has improperly limited its agreement to produce documents in
7  response to this request, subject to its improper boilerplate objections.  Mattel has
8  refused to confirm whether or not it has produced all non-privileged responsive
9  documents or whether it is withholding documents based on its objections in Phase
10  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
11  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
12  Generic objections that fail to explain the basis for an objection with specificity are
13  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
14  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
15  'overly burdensome and harassing' are improper – especially when a party fails to
16  submit any evidentiary declarations supporting such objections").  Accordingly,
17  Mattel must be compelled either to certify that it has produced all non-privileged
18  responsive documents or to produce all such documents by a date certain.

19      To the extent that Mattel is relying on its blanket objections, they are not
20  sustainable and do not justify Mattel's failure to produce documents.

21      As to overbreadth, Mattel provides no explanation, let alone the required
22  particularity, as to why this request is supposedly overly broad, nor can it do so.
23  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
24  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
25  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
26  custody, or control concerning Bennett's alleged knowledge of "MGA's access to
27  Mattel's intellectual property and trade secrets" and "MGA's business practices."
28  This area of information is taken directly from Mattel's allegations regarding

1  Bennett in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated
2  Initial Disclosures, dated Jan. 5, 2007, p. 3).

3      As to burden, Mattel has not attempted to demonstrate why responding to this
4  request and/or producing responsive documents presents any burden.  This objection
5  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
6  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7  unduly burdensome must allege specific facts which indicate the nature and extent
8  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
9  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
10  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
11  secrets.  MGA is entitled to discovery on this claim.

12      This request does not seek documents protected by the attorney-client
13  privilege, the attorney work product doctrine, or other applicable privileges.  To the
14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      This request seeks relevant information.  Mattel identified Bennett in its
16  initial disclosures an individual with discoverable knowledge regarding "MGA's
17  access to Mattel's intellectual property and trade secrets" and "MGA business
18  practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
19  Jan. 5, 2007, p. 3).  Accordingly, Mattel's initial disclosures demonstrate the
20  relevance of this request.  Further, this information is relevant to, among other
21  things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
22  MGA's affirmative defenses of statute of limitations and laches.

23      Mattel's objection that the request seeks information within MGA's
24  possession, custody or control is nonsensical and lacks factual support.  Mattel
25  makes no argument, let alone a factual showing, that any documents in MGA's
26  possession are duplicative of documents within Mattel's control.  MGA is entitled to
27  discovery from Mattel of documents within its possession, custody, or control that
28

1  relate to the subject of this suit.  Mattel cannot avoid this obligation by making a

2  conclusory statement that MGA also possesses responsive documents.

3      Mattel's objection that the request seeks confidential, proprietary, and trade

4  secret information should be disregarded.  The parties have entered into a protective

5  order in this matter, which governs the handling of confidential business

6  information.  Further, Mattel has put its confidential business information at issue in

7  this litigation, including but not limited to its trade secret misappropriation claim

8  Accordingly, it cannot resist discovery of confidential business information.

9      Finally, Mattel has improperly limited its agreement to produce to "the facts

10 at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

11 the individual is identified as being knowledgeable about certain topics in Mattel's

12 initial disclosures, Mattel's obligation to produce does not end with the facts that it

13 has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

14 information from the individual on the topics identified, regardless of whether it

15 supports the facts as alleged by Mattel, MGA, or any other party.  See Order

16 Granting Mattel's Motion to Compel Production of Documents and Interrogatory

17 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

18 MGA might be excluding documents that are responsive to the request based upon

19 its unilateral determination of what is 'relevant' or 'sufficient.'").

20     None of Mattel's improper objections are valid and Mattel is obligated to

21 produce all non-privileged responsive documents in its possession, custody, or

22 control.

23 **MATTEL'S RESPONSE:**

24     MGA ignores that (i) Mattel has produced its non-privileged, responsive

25 documents, as it agreed to do, and that (ii) most information sought by this request is

26 within MGA's possession, custody or control, and is equally if not more readily

27 available to MG  Bennett is an employee of MGA.  MGA gives no reason why it

28 requests information from Mattel regarding its *own company* and its *own employee*,

-43

1   other than to say that "this area of information is taken directly from Mattel's
2   allegations regarding Bennett in its initial disclosures." Indeed, it appears that MGA
3   merely cut and paste its request from Mattel's initial disclosures without
4   consideration as to what information Mattel may have that is already within MGA's
5   possession, custody or control.

6        MGA's conclusory arguments also ignore that the Request is facially
7   overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
8   Civil Procedure do not permit MGA to use broad discovery requests untethered to
9   any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion
10  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
11  See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
12  Cir. 2004) ("District courts need not condone the use of discovery to engage in
13  'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to
14  Bennett's knowledge of extremely broad subjects—including
15        MGA makes no attempt to link this request with the claims and defenses
16  in this case. For example, Bennett may have knowledge of MGA's retirement plans,
17  health benefits, OSHA compliance, sexual harassment policies, or any number of
18  subjects regarding business practices at MGA which clearly fall outside the narrow
19  scope required by the Discovery Master. Because MGA has not linked its broad
20  request to any of the numerous and far-ranging allegations of unfair competition set
21  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
22  objection.

23        The term "RELATING TO … alleged knowledge" as used in the request is
24  likewise overbroad. The universe of documents that could "relate" to Bennett's
25  knowledge are potentially without limit. The request is not confined to documents
26  in Bennett's possession or control; rather, all documents containing information that
27  Bennett coincidentally knows about the subjects at issue are subsumed within this
28  request.

1   MGA complains that Mattel has limited its responses regarding individuals in
2   Mattel's Initial Disclosures to information "as alleged in Mattel's initial
3   disclosures." Mattel has produced all information as to these individuals that is
4   relevant or pertinent to this litigation. There is nothing to compel.

5   Quite simply, there is nothing to compel. Mattel has produced responsive,
6   non-privileged documents relating to Bennett's knowledge of the facts at issue in
7   this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
8   possession, custody or control.

9   **REQUEST FOR PRODUCTION NO. 191:**

10   All DOCUMENTS REFERRING OR RELATING TO Nancy Bennett's
11   alleged knowledge of "[t]he development and ownership of intellectual property at
12   issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

13   **RESPONSE TO REQUEST NO. 191:**

14   In addition to the general objections stated above which are incorporated
15   herein by reference, Mattel objects to this Request on the grounds that it is
16   overbroad, unduly burdensome and unintelligible, including in that it seeks all
17   documents on this subject without limitation as to time, and regardless of whether
18   such documents relate to products or matters at issue in this case. Mattel further
19   objects to the Request on the grounds that it seeks documents that are not relevant to
20   this action or likely to lead to the discovery of admissible evidence. Mattel further
21   objects to this Request on the grounds that it seeks confidential, proprietary and
22   trade secret information that has no bearing on the claims or defenses in this case.
23   Mattel further objects to this Request on the grounds that it calls for the disclosure
24   of information subject to the attorney-client privilege, the attorney work product
25   doctrine and other applicable privileges.

26   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 191:**

27   In addition to the general objections stated above which are incorporated
28   herein by reference, Mattel objects to this Request on the grounds that it is

1  overbroad, unduly burdensome and unintelligible, including in that it seeks all

2  documents on this subject without limitation as to time, and regardless of whether

3  such documents relate to products or matters at issue in this case. Mattel further

4  objects to the Request on the grounds that it seeks documents that are not relevant to

5  this action or likely to lead to the discovery of admissible evidence. Mattel further

6  objects to this Request on the grounds that it seeks confidential, proprietary and

7  trade secret information, including such information that has no bearing on the

8  claims or defenses in this case. Mattel further objects to this Request on the ground

9  that it calls for the disclosure of information subject to the attorney-client privilege

10 the attorney work-product doctrine and other applicable privileges.

11     Subject to the foregoing objections, Mattel responds as follows: Mattel will

12 produce responsive, non-privileged documents relating to Nancy Bennett's

13 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

14 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

15 has been able to locate after a diligent search and reasonable inquiry, to the extent

16 not previously produced.

17 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

18 **TO SHOULD BE COMPELLED**

19     Mattel has improperly limited its agreement to produce documents in

20 response to this request, subject to its improper boilerplate objections. Mattel has

21 refused to confirm whether or not it has produced all non-privileged responsive

22 documents or whether it is withholding documents based on its objections in Phase

23 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

24 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

25 Generic objections that fail to explain the basis for an objection with specificity are

26 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

27 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

28 'overly burdensome and harassing' are improper – especially when a party fails to

1 submit any evidentiary declarations supporting such objections").  Accordingly,

2 Mattel must be compelled either to certify that it has produced all non-privileged

3 responsive documents or to produce all such documents by a date certain.

4      To the extent that Mattel is relying on its blanket objections, they are not

5 sustainable and do not justify Mattel's failure to produce documents.

6      As to overbreadth, Mattel provides no explanation, let alone the required

7 particularity, as to why this request is supposedly overly broad, nor can it do so.

8 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

11 custody, or control concerning Bennett's alleged knowledge of "[t]he development

12 and ownership of intellectual property at issue."  This area of information is taken

13 directly from Mattel's allegations regarding Bennett in its initial disclosures.

14 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

15 p. 3).

16      As to burden, Mattel has not attempted to demonstrate why responding to this

17 request and/or producing responsive documents presents any burden.  This objection

18 must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

19 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

20 unduly burdensome must allege specific facts which indicate the nature and extent

21 of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not

22 unduly burdensome, as noted above, in that the request is narrowly tailored to seek

23 only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade

24 secrets.  MGA is entitled to discovery on this claim.

25      This request does not seek documents protected by the attorney-client

26 privilege, the attorney work product doctrine, or other applicable privileges.  To the

27 extent that Mattel contends that it does, Mattel must provide a privilege log.

28