1    This request seeks relevant information.  Mattel identified Bennett in its

2  initial disclosures an individual with discoverable knowledge regarding "[t]he

3  development and ownership of intellectual property at issue."  Rutowski Decl.

4  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3).

5  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

6  Further, this information is relevant to, among other things, Mattel's trade secret

7  defense and MGA's claims of trade dress infringement.

8    Mattel's objection that the request seeks confidential, proprietary, and trade

9  secret information should be disregarded.  The parties have entered into a protective

10  order in this matter, which governs the handling of confidential business

11  information.  Further, Mattel has put its confidential business information at issue in

12  this litigation, including but not limited to its trade secret misappropriation claim

13  Accordingly, it cannot resist discovery of confidential business information.

14    Finally, Mattel has improperly limited its agreement to produce to "the facts

15  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

16  the individual is identified as being knowledgeable about certain topics in Mattel's

17  initial disclosures, Mattel's obligation to produce does not end with the facts that it

18  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

19  information from the individual on the topics identified, regardless of whether it

20  supports the facts as alleged by Mattel, MGA, or any other party.  See Order

21  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

22  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

23  MGA might be excluding documents that are responsive to the request based upon

24  its unilateral determination of what is 'relevant' or 'sufficient.'").

25    None of Mattel's improper objections are valid and Mattel is obligated to

26  produce all non-privileged responsive documents in its possession, custody, or

27  control.

28

1 | **MATTEL'S RESPONSE:**

2 |     The term "RELATING TO ... alleged knowledge" as used in the request is

3 | overbroad. The universe of documents that could "relate" to Bennett's knowledge

4 | are potentially without limit. The request is not confined to documents in Bennett's

5 | possession or control; rather, all documents containing information that Bennett

6 | coincidentally knows about the subjects at issue are subsumed within this request.

7 |     MGA complains that Mattel has limited its responses regarding individuals in

8 | Mattel's Initial Disclosures to information "as alleged in Mattel's initial

9 | disclosures." Mattel has produced all information as to these individuals that is

10 | relevant or pertinent to this litigation. There is nothing to compel.

11 |     Quite simply, there is nothing to compel. Mattel has produced responsive,

12 | non-privileged documents relating to Bennett's knowledge of the facts at issue in

13 | this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

14 | possession, custody or control, if any, that Mattel has been able to locate after a

15 | diligent search. and reasonable inquiry.

16 | **REQUEST FOR PRODUCTION NO. 192:**

17 |     All DOCUMENTS in Nancy Bennett's possession or control REFERRING

18 | OR RELATING TO her alleged knowledge of "[t]he development and ownership of

19 | intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

20 | **RESPONSE TO REQUEST NO. 192:**

21 |     In addition to the general objections stated above which are incorporated

22 | herein by reference, Mattel objects to this Request on the grounds that it is

23 | overbroad, unduly burdensome and unintelligible, including in that it seeks all

24 | documents on this subject without limitation as to time, and regardless of whether

25 | such documents relate to products or matters at issue in this case. Mattel further

26 | objects to the Request on the grounds that it seeks documents that are not relevant to

27 | this action or likely to lead to the discovery of admissible evidence. Mattel further

28 | objects to this Request on the grounds that it seeks confidential, proprietary and

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  trade secret information that has no bearing on the claims or defenses in this case.
2  Mattel further objects to this Request on the grounds that it calls for the disclosure
3  of information subject to the attorney-client privilege, the attorney work product
4  doctrine and other applicable privileges.

5  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 192:**

6       In addition to the general objections stated above which are incorporated
7  herein by reference, Mattel objects to this Request on the grounds that it is
8  overbroad, unduly burdensome and unintelligible, including in that it seeks all
9  documents on this subject without limitation as to time, and regardless of whether
10  such documents relate to products or matters at issue in this case. Mattel further
11  objects to the Request on the grounds that it seeks documents that are not relevant to
12  this action or likely to lead to the discovery of admissible evidence. Mattel further
13  objects to this Request on the grounds that it seeks confidential, proprietary and
14  trade secret information, including such information that has no bearing on the
15  claims or defenses in this case. Mattel further objects to this Request on the ground
16  that it calls for the disclosure of information subject to the attorney-client privilege
17  the attorney work-product doctrine and other applicable privileges.

18       Subject to the foregoing objections, Mattel responds as follows: Mattel will
19  produce responsive, non-privileged documents relating to Nancy Bennett's
20  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
21  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
22  has been able to locate after a diligent search and reasonable inquiry, to the extent
23  not previously produced.

24  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
25  **TO SHOULD BE COMPELLED**

26       Mattel has improperly limited its agreement to produce documents in
27  response to this request, subject to its improper boilerplate objections. Mattel has
28  refused to confirm whether or not it has produced all non-privileged responsive

1   documents or whether it is withholding documents based on its objections in Phase
2   2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
3   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
4   Generic objections that fail to explain the basis for an objection with specificity are
5   routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
6   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
7   'overly burdensome and harassing' are improper – especially when a party fails to
8   submit any evidentiary declarations supporting such objections"). Accordingly,
9   Mattel must be compelled either to certify that it has produced all non-privileged
10  responsive documents or to produce all such documents by a date certain.

11      To the extent that Mattel is relying on its blanket objections, they are not
12  sustainable and do not justify Mattel's failure to produce documents.

13      As to overbreadth, Mattel provides no explanation, let alone the required
14  particularity, as to why this request is supposedly overly broad, nor can it do so.
15  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
16  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
17  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
18  custody, or control concerning Bennett's alleged knowledge of "[t]he development
19  and ownership of intellectual property at issue." This area of information is taken
20  directly from Mattel's allegations regarding Bennett in its initial disclosures.
21  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
22  p. 3).

23      As to burden, Mattel has not attempted to demonstrate why responding to this
24  request and/or producing responsive documents presents any burden. This objection
25  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
26  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
27  unduly burdensome must allege specific facts which indicate the nature and extent
28  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

1   unduly burdensome, as noted above, in that the request is narrowly tailored to seek
2   only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
3   secrets. MGA is entitled to discovery on this claim.

4        This request does not seek documents protected by the attorney-client
5   privilege, the attorney work product doctrine, or other applicable privileges. To the
6   extent that Mattel contends that it does, Mattel must provide a privilege log.

7        This request seeks relevant information. Mattel identified Bennett in its
8   initial disclosures an individual with discoverable knowledge regarding "[t]he
9   development and ownership of intellectual property at issue." Rutowski Decl.
10  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3).
11  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
12  Further, this information is relevant to, among other things, Mattel's trade secret
13  defense and MGA's claims of trade dress infringement.

14       Mattel's objection that the request seeks confidential, proprietary, and trade
15  secret information should be disregarded. The parties have entered into a protective
16  order in this matter, which governs the handling of confidential business
17  information. Further, Mattel has put its confidential business information at issue in
18  this litigation, including but not limited to its trade secret misappropriation claim
19  Accordingly, it cannot resist discovery of confidential business information.

20       Finally, Mattel has improperly limited its agreement to produce to "the facts
21  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
22  the individual is identified as being knowledgeable about certain topics in Mattel's
23  initial disclosures, Mattel's obligation to produce does not end with the facts that it
24  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
25  information from the individual on the topics identified, regardless of whether it
26  supports the facts as alleged by Mattel, MGA, or any other party. See Order
27  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
28  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

-52

1  MGA might be excluding documents that are responsive to the request based upon
2  its unilateral determination of what is 'relevant' or 'sufficient.'").

3      None of Mattel's improper objections are valid and Mattel is obligated to
4  produce all non-privileged responsive documents in its possession, custody, or
5  control.

6  **MATTEL'S RESPONSE:**

7      MGA complains that Mattel has limited its responses  regarding individuals in
8  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
9  disclosures."  Mattel has produced all information as to these individuals that is
10 relevant or pertinent to this litigation.  There is nothing to compel.

11     Quite simply, there is nothing to compel.  Mattel has produced responsive,
12 non-privileged documents relating to Bennett's knowledge of the facts at issue in
13 this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
14 possession, custody or control, if any, that Mattel has been able to locate after a
15 diligent search. and reasonable inquiry.

16 **REQUEST FOR PRODUCTION NO. 193:**

17     All DOCUMENTS REFERRING OR RELATING TO Molly Benz's alleged
18 knowledge of "[t]he development and ownership of intellectual property at issue," as
19 alleged in MATTEL'S INITIAL DISCLOSURES.

20 **RESPONSE TO REQUEST NO. 193:**

21     In addition to the general objections stated above which are incorporated
22 herein by reference, Mattel objects to this Request on the grounds that it is
23 overbroad, unduly burdensome and unintelligible, including in that it seeks all
24 documents on this subject without limitation as to time, and regardless of whether
25 such documents relate to products or matters at issue in this case.  Mattel further
26 objects to the Request on the grounds that it seeks documents that are not relevant to
27 this action or likely to lead to the discovery of admissible evidence.  Mattel further
28 objects to this Request on the grounds that it seeks confidential, proprietary and

-53

1 | trade secret information that has no bearing on the claims or defenses in this case.
2 | Mattel further objects to this Request on the grounds that it calls for the disclosure
3 | of information subject to the attorney-client privilege, the attorney work product
4 | doctrine and other applicable privileges.

5 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 193:**

6 | In addition to the general objections stated above which are incorporated
7 | herein by reference, Mattel objects to this Request on the grounds that it is
8 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
9 | documents on this subject without limitation as to time, and regardless of whether
10 | such documents relate to products or matters at issue in this case. Mattel further
11 | objects to the Request on the grounds that it seeks documents that are not relevant to
12 | this action or likely to lead to the discovery of admissible evidence. Mattel further
13 | objects to this Request on the grounds that it seeks confidential, proprietary and
14 | trade secret information, including such information that has no bearing on the
15 | claims or defenses in this case. Mattel further objects to this Request on the ground
16 | that it calls for the disclosure of information subject to the attorney-client privilege
17 | the attorney work-product doctrine and other applicable privileges.

18 | Subject to the foregoing objections, Mattel responds as follows: Mattel will
19 | produce responsive, non-privileged documents relating to Molly Benz's knowledge
20 | of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
21 | in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
22 | after a diligent search and reasonable inquiry, to the extent not previously produced.

23 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
24 | **TO SHOULD BE COMPELLED**

25 | Mattel has improperly limited its agreement to produce documents in
26 | response to this request, subject to its improper boilerplate objections. Mattel has
27 | refused to confirm whether or not it has produced all non-privileged responsive
28 | documents or whether it is withholding documents based on its objections in

-54-

1  Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a

2  request must specify the part and permit inspection of the rest."  Fed. R. Civ. P.

3  34(b)(2)(c) Generic objections that fail to explain the basis for an objection with

4  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

5  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

6  objections such as 'overly burdensome and harassing' are improper – especially

7  when a party fails to submit any evidentiary declarations supporting such

8  objections").  Accordingly, Mattel must be compelled either to certify that it has

9  produced all non-privileged responsive documents or to produce all such documents

10  by a date certain.

11      To the extent that Mattel is relying on its blanket objections, they are not

12  sustainable and do not justify Mattel's failure to produce documents.

13      As to overbreadth, Mattel provides no explanation, let alone the required

14  particularity, as to why this request is supposedly overly broad, nor can it do so.

15  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

16  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

17  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

18  custody, or control concerning Benz's alleged knowledge of "[t]he development and

19  ownership of intellectual property at issue."  This area of information is taken

20  directly from Mattel's allegations regarding Benz in its initial disclosures.  Rutowski

21  Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3).

22      As to burden, Mattel has not attempted to demonstrate why responding to this

23  request and/or producing responsive documents presents any burden.  This objection

24  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

25  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

26  unduly burdensome must allege specific facts which indicate the nature and extent

27  of the burden, usually by affidavit or other reliable evidence.").

28

1    Moreover, it is not unduly burdensome, as noted above, in that the request is
2    narrowly tailored to seek only discoverable evidence. Mattel has alleged that MGA
3    misappropriated its trade secrets. MGA is entitled to discovery on this claim.

4    This request does not seek documents protected by the attorney-client
5    privilege, the attorney work product doctrine, or other applicable privileges. To the
6    extent that Mattel contends that it does, Mattel must provide a privilege log.

7    This request seeks relevant information. Mattel identified Benz in its initial
8    disclosures an individual with discoverable knowledge regarding "[t]he
9    development and ownership of intellectual property at issue." Rutowski Decl.
10   Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3).
11   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
12   Further, this information is relevant to, among other things, Mattel's trade secret
13   defense and MGA's claims of trade dress infringement.

14   Mattel's objection that the request seeks confidential, proprietary, and trade
15   secret information should be disregarded. The parties have entered into a protective
16   order in this matter, which governs the handling of confidential business
17   information. Further, Mattel has put its confidential business information at issue in
18   this litigation, including but not limited to its trade secret misappropriation claim
19   Accordingly, it cannot resist discovery of confidential business information.

20   Finally, Mattel has improperly limited its agreement to produce to "the facts
21   at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
22   the individual is identified as being knowledgeable about certain topics in Mattel's
23   initial disclosures, Mattel's obligation to produce does not end with the facts that it
24   has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
25   information from the individual on the topics identified, regardless of whether it
26   supports the facts as alleged by Mattel, MGA, or any other party. See Order
27   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
28   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

-56

1  MGA might be excluding documents that are responsive to the request based upon
2  its unilateral determination of what is 'relevant' or 'sufficient.'").

3       None of Mattel's improper objections are valid and Mattel is obligated to
4  produce all non-privileged responsive documents in its possession, custody, or
5  control.

6  **MATTEL'S RESPONSE:**

7       The term "RELATING TO … alleged knowledge" as used in the request is
8  overbroad.  The universe of documents that could "relate" to Benz's knowledge are
9  potentially without limit.  The request is not confined to documents in Benz's
10  possession or control; rather, all documents containing information that Benz
11  coincidentally knows about the subjects at issue are subsumed within this request.

12       MGA complains that Mattel has limited its responses  regarding individuals in
13  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
14  disclosures."  Mattel has produced all information as to these individuals that is
15  relevant or pertinent to this litigation.  There is nothing to compel.

16       Quite simply, there is nothing to compel.  Mattel has produced responsive,
17  non-privileged documents relating to Benz's knowledge of the facts at issue in this
18  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
19  custody or control, if any, that Mattel has been able to locate after a diligent search.
20  and reasonable inquiry.

21  **REQUEST FOR PRODUCTION NO. 194:**

22       All DOCUMENTS in Molly Benz's possession or control REFERRING OR
23  RELATING TO her alleged knowledge of "[t]he development and ownership of
24  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

25  **RESPONSE TO REQUEST NO. 194:**

26       In addition to the general objections stated above which are incorporated
27  herein by reference, Mattel objects to this Request on the grounds that it is
28  overbroad, unduly burdensome and unintelligible, including in that it seeks all

-57

1   documents on this subject without limitation as to time, and regardless of whether
2   such documents relate to products or matters at issue in this case.  Mattel further
3   objects to the Request on the grounds that it seeks documents that are not relevant to
4   this action or likely to lead to the discovery of admissible evidence.  Mattel further
5   objects to this Request on the grounds that it seeks confidential, proprietary and
6   trade secret information that has no bearing on the claims or defenses in this case.
7   Mattel further objects to this Request on the grounds that it calls for the disclosure
8   of information subject to the attorney-client privilege, the attorney work product
9   doctrine and other applicable privileges.

10  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 194:**

11      In addition to the general objections stated above which are incorporated
12  herein by reference, Mattel objects to this Request on the grounds that it is
13  overbroad, unduly burdensome and unintelligible, including in that it seeks all
14  documents on this subject without limitation as to time, and regardless of whether
15  such documents relate to products or matters at issue in this case.  Mattel further
16  objects to the Request on the grounds that it seeks documents that are not relevant to
17  this action or likely to lead to the discovery of admissible evidence.  Mattel further
18  objects to this Request on the grounds that it seeks confidential, proprietary and
19  trade secret information, including such information that has no bearing on the
20  claims or defenses in this case.  Mattel further objects to this Request on the ground
21  that it calls for the disclosure of information subject to the attorney-client privilege
22  the attorney work-product doctrine and other applicable privileges.

23      Subject to the foregoing objections, Mattel responds as follows: Mattel will
24  produce responsive, non-privileged documents relating to Molly Benz's knowledge
25  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
26  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
27  after a diligent search and reasonable inquiry, to the extent not previously produced.
28

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c) Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").

Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Benz's alleged knowledge of "[t]he development and ownership of intellectual property at issue." This area of information is taken directly from Mattel's allegations regarding Benz in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3).

1    As to burden, Mattel has not attempted to demonstrate why responding to this
2  request and/or producing responsive documents presents any burden. This objection
3  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
4  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
5  unduly burdensome must allege specific facts which indicate the nature and extent
6  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
7  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
8  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
9  secrets. MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client
11  privilege, the attorney work product doctrine, or other applicable privileges. To the
12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information. Mattel identified Benz in its initial
14  disclosures an individual with discoverable knowledge regarding "[t]he
15  development and ownership of intellectual property at issue." Rutowski Decl.
16  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3).
17  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
18  Further, this information is relevant to, among other things, Mattel's trade secret
19  defense and MGA's claims of trade dress infringement.

20    Mattel's objection that the request seeks confidential, proprietary, and trade
21  secret information should be disregarded. The parties have entered into a protective
22  order in this matter, which governs the handling of confidential business
23  information. Further, Mattel has put its confidential business information at issue in
24  this litigation, including but not limited to its trade secret misappropriation claim
25  Accordingly, it cannot resist discovery of confidential business information.

26    Finally, Mattel has improperly limited its agreement to produce to "the facts
27  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
28  the individual is identified as being knowledgeable about certain topics in Mattel's

-60

1   initial disclosures, Mattel's obligation to produce does not end with the facts that it
2   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
3   information from the individual on the topics identified, regardless of whether it
4   supports the facts as alleged by Mattel, MGA, or any other party.  See Order
5   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
6   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
7   MGA might be excluding documents that are responsive to the request based upon
8   its unilateral determination of what is 'relevant' or 'sufficient.'").

9        None of Mattel's improper objections are valid and Mattel is obligated to
10  produce all non-privileged responsive documents in its possession, custody, or
11  control.

12  **MATTEL'S RESPONSE:**

13       MGA complains that Mattel has limited its responses  regarding individuals in
14  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
15  disclosures."  Mattel has produced all information as to these individuals that is
16  relevant or pertinent to this litigation.  There is nothing to compel.

17       Quite simply, there is nothing to compel.  Mattel has produced responsive,
18  non-privileged documents relating to Benz's knowledge of the facts at issue in this
19  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
20  custody or control, if any, that Mattel has been able to locate after a diligent search.
21  and reasonable inquiry.

22  **REQUEST FOR PRODUCTION NO. 195:**

23       All DOCUMENTS REFERRING OR RELATING TO Jason Bergerson's
24  alleged knowledge of "MGA's theft of Mattel's intellectual property and trade
25  secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

26  **RESPONSE TO REQUEST NO. 195:**

27       In addition to the general objections stated above which are incorporated
28  herein by reference, Mattel objects to this Request on the grounds that it is

1  overbroad, unduly burdensome and unintelligible, including in that it seeks all
2  documents on this subject without limitation as to time, and regardless of whether
3  such documents relate to products or matters at issue in this case. Mattel further
4  objects to the Request on the grounds that it seeks documents that are not relevant to
5  this action or likely to lead to the discovery of admissible evidence. Mattel further
6  objects to this Request on the grounds that it seeks confidential, proprietary and
7  trade secret information that has no bearing on the claims or defenses in this case.
8  Mattel further objects to this Request on the grounds that it calls for the disclosure
9  of information subject to the attorney-client privilege, the attorney work-product
10  doctrine and other applicable privileges.

11  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 195:**

12      In addition to the general objections stated above which are incorporated
13  herein by reference, Mattel objects to this Request on the grounds that it is
14  overbroad, unduly burdensome and unintelligible, including in that it seeks all
15  documents on this subject without limitation as to time, and regardless of whether
16  such documents relate to products or matters at issue in this case. Mattel further
17  objects to the Request on the grounds that it seeks documents that are not relevant to
18  this action or likely to lead to the discovery of admissible evidence. Mattel further
19  objects to this Request on the grounds that it seeks confidential, proprietary and
20  trade secret information, including such information that has no bearing on the
21  claims or defenses in this case. Mattel further objects to this Request on the ground
22  that it calls for the disclosure of information subject to the attorney-client privilege
23  the attorney work-product doctrine and other applicable privileges.

24      Subject to the foregoing objections, Mattel responds as follows: Mattel will
25  produce responsive, non-privileged documents relating to Jason Bergerson's
26  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
27  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
28

1 | has been able to locate after a diligent search and reasonable inquiry, to the extent
2 | not previously produced.

3 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
4 | **TO SHOULD BE COMPELLED**

5 | Mattel has improperly limited its agreement to produce documents in
6 | response to this request, subject to its improper boilerplate objections. Mattel has
7 | refused to confirm whether or not it has produced all non-privileged responsive
8 | documents or whether it is withholding documents based on its objections in Phase
9 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
10 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
11 | Generic objections that fail to explain the basis for an objection with specificity are
12 | routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
13 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
14 | 'overly burdensome and harassing' are improper – especially when a party fails to
15 | submit any evidentiary declarations supporting such objections"). Accordingly,
16 | Mattel must be compelled either to certify that it has produced all non-privileged
17 | responsive documents or to produce all such documents by a date certain.

18 | To the extent that Mattel is relying on its blanket objections, they are not
19 | sustainable and do not justify Mattel's failure to produce documents.

20 | As to overbreadth, Mattel provides no explanation, let alone the required
21 | particularity, as to why this request is supposedly overly broad, nor can it do so.
22 | This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
23 | (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
24 | contrary, the request is narrowly tailored to seek documents in Mattel's possession,
25 | custody, or control concerning Bergerson's alleged knowledge of "MGA's theft of
26 | Mattel's intellectual property and trade secrets." This area of information is taken
27 | directly from Mattel's allegations regarding Bergerson in its initial disclosures.

28 |

1  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
2  p. 4).

3      As to burden, Mattel has not attempted to demonstrate why responding to this
4  request and/or producing responsive documents presents any burden. This objection
5  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
6  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7  unduly burdensome must allege specific facts which indicate the nature and extent
8  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
9  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
10  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
11  secrets. MGA is entitled to discovery on this claim.

12      This request does not seek documents protected by the attorney-client
13  privilege, the attorney work product doctrine, or other applicable privileges. To the
14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      This request seeks relevant information. Mattel identified Bergerson in its
16  initial disclosures an individual with discoverable knowledge regarding "MGA's
17  theft of Mattel's intellectual property and trade secrets." Rutowski Decl. Ex. 56
18  (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 4. Accordingly,
19  Mattel's initial disclosures demonstrate the relevance of this request. Further, this
20  information is relevant to, among other things, Mattel's trade secret defense, MGA's
21  claims of trade dress infringement, and MGA's affirmative defenses of statute of
22  limitations and laches.

23      Mattel's objection that the request seeks confidential, proprietary, and trade
24  secret information should be disregarded. The parties have entered into a protective
25  order in this matter, which governs the handling of confidential business
26  information. Further, Mattel has put its confidential business information at issue in
27  this litigation, including but not limited to its trade secret misappropriation claim
28  Accordingly, it cannot resist discovery of confidential business information.

-64-

1    Finally, Mattel has improperly limited its agreement to produce to "the facts
2  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
3  the individual is identified as being knowledgeable about certain topics in Mattel's
4  initial disclosures, Mattel's obligation to produce does not end with the facts that it
5  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
6  information from the individual on the topics identified, regardless of whether it
7  supports the facts as alleged by Mattel, MGA, or any other party.  <u>See</u> Order
8  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10 MGA might be excluding documents that are responsive to the request based upon
11 its unilateral determination of what is 'relevant' or 'sufficient.'").

12    None of Mattel's improper objections are valid and Mattel is obligated to
13 produce all non-privileged responsive documents in its possession, custody, or
14 control.

15 **MATTEL'S RESPONSE:**

16    The term "RELATING TO ... alleged knowledge" as used in the request is
17 overbroad.  The universe of documents that could "relate" to Bergerson's knowledge
18 are potentially without limit.  The request is not confined to documents in
19 Bergerson's possession or control; rather, all documents containing information that
20 Bergerson coincidentally knows about the subjects at issue are subsumed within this
21 request.

22    MGA complains that Mattel has limited its responses  regarding individuals in
23 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
24 disclosures."  Mattel has produced all information as to these individuals that is
25 relevant or pertinent to this litigation.  There is nothing to compel.

26    Quite simply, there is nothing to compel.  Mattel has produced responsive,
27 non-privileged documents relating to Bergerson's knowledge of the facts at issue in
28 this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

-65-

1 | possession, custody or control, if any, that Mattel has been able to locate after a
2 | diligent search. and reasonable inquiry.

3 | **REQUEST FOR PRODUCTION NO. 196:**

4 |   All DOCUMENTS REFERRING OR RELATING TO John Bloodworth's
5 | alleged knowledge of "MGA's access to Mattel's intellectual property and trade
6 | secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
7 | DISCLOSURES.

8 | **RESPONSE TO REQUEST NO. 196:**

9 |   In addition to the general objections stated above which are incorporated
10 | herein by reference, Mattel objects to this Request on the grounds that it is
11 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
12 | documents on this subject without limitation as to time, and regardless of whether
13 | such documents relate to products or matters at issue in this case. Mattel further
14 | objects to the Request on the grounds that it seeks documents that are not relevant to
15 | this action or likely to lead to the discovery of admissible evidence. Mattel further
16 | objects to this Request on the grounds that it seeks confidential, proprietary and
17 | trade secret information that has no bearing on the claims or defenses in this case.
18 | Mattel further objects to this Request on the grounds that it calls for the disclosure
19 | of information subject to the attorney-client privilege, the attorney work product
20 | doctrine and other applicable privileges.

21 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 196:**

22 |   In addition to the general objections stated above which are incorporated
23 | herein by reference, Mattel objects to this Request on the grounds that it is
24 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
25 | documents on this subject without limitation as to time, and regardless of whether
26 | such documents relate to products or matters at issue in this case. Mattel further
27 | objects to the Request on the grounds that it seeks documents that are not relevant to
28 | this action or likely to lead to the discovery of admissible evidence. Mattel further

1   objects to this Request on the grounds that it calls for documents or information in
2   the possession, custody or control of MGA, including without limitation documents
3   and information that MGA has been compelled by Court orders to produce but has
4   not produced. Mattel further objects to this Request on the grounds that it seeks
5   confidential, proprietary and trade secret information, including such information
6   that has no bearing on the claims or defenses in this case. Mattel further objects to
7   this Request on the grounds that it calls for the disclosure of information subject to
8   the attorney-client privilege, the attorney work product doctrine and other applicable
9   privileges.

10      Subject to the foregoing objections, Mattel responds as follows: Mattel will
11  produce responsive, non-privileged documents relating to John Bloodworth's
12  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
13  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
14  has been able to locate after a diligent search and reasonable inquiry, to the extent
15  not previously produced.

16  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
17  **TO SHOULD BE COMPELLED**

18      Mattel has improperly limited its agreement to produce documents in
19  response to this request, subject to its improper boilerplate objections. Mattel has
20  refused to confirm whether or not it has produced all non-privileged responsive
21  documents or whether it is withholding documents based on its objections in Phase
22  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
23  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
24  Generic objections that fail to explain the basis for an objection with specificity are
25  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
26  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
27  'overly burdensome and harassing' are improper – especially when a party fails to
28  submit any evidentiary declarations supporting such objections"). Accordingly,

1   Mattel must be compelled either to certify that it has produced all non-privileged
2   responsive documents or to produce all such documents by a date certain.

3     To the extent that Mattel is relying on its blanket objections, they are not
4   sustainable and do not justify Mattel's failure to produce documents.

5     As to overbreadth, Mattel provides no explanation, let alone the required
6   particularity, as to why this request is supposedly overly broad, nor can it do so.
7   This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9   contrary, the request is narrowly tailored to seek documents in Mattel's possession,
10   custody, or control concerning Bloodworth's alleged knowledge of "MGA's access
11   to Mattel's intellectual property and trade secrets" and "MGA's business practices.
12   This area of information is taken directly from Mattel's allegations regarding
13   Bloodworth in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidate
14   Initial Disclosures, dated Jan. 5, 2007, p. 4).

15     As to burden, Mattel has not attempted to demonstrate why responding to this
16   request and/or producing responsive documents presents any burden. This objection
17   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
18   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
19   unduly burdensome must allege specific facts which indicate the nature and extent
20   of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
21   unduly burdensome, as noted above, in that the request is narrowly tailored to seek
22   only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
23   secrets. MGA is entitled to discovery on this claim.

24     This request does not seek documents protected by the attorney-client
25   privilege, the attorney work product doctrine, or other applicable privileges. To the
26   extent that Mattel contends that it does, Mattel must provide a privilege log.

27     This request seeks relevant information. Mattel identified Bloodworth in its
28   initial disclosures an individual with discoverable knowledge regarding "MGA's

1    access to Mattel's intellectual property and trade secrets" and "MGA business
2    practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
3    Jan. 5, 2007, p. 4). Accordingly, Mattel's initial disclosures demonstrate the
4    relevance of this request. Further, this information is relevant to, among other
5    things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
6    MGA's affirmative defenses of statute of limitations and laches.

7         Mattel's objection that the request seeks information within MGA's
8    possession, custody or control is nonsensical and lacks factual support. Mattel
9    makes no argument, let alone a factual showing, that any documents in MGA's
10   possession are duplicative of documents within Mattel's control. MGA is entitled to
11   discovery from Mattel of documents within its possession, custody, or control that
12   relate to the subject of this suit. Mattel cannot avoid this obligation by making a
13   conclusory statement that MGA also possesses responsive documents.

14        Mattel's objection that the request seeks confidential, proprietary, and trade
15   secret information should be disregarded. The parties have entered into a protective
16   order in this matter, which governs the handling of confidential business
17   information. Further, Mattel has put its confidential business information at issue in
18   this litigation, including but not limited to its trade secret misappropriation claim
19   Accordingly, it cannot resist discovery of confidential business information.

20        Finally, Mattel has improperly limited its agreement to produce to "the facts
21   at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
22   the individual is identified as being knowledgeable about certain topics in Mattel's
23   initial disclosures, Mattel's obligation to produce does not end with the facts that it
24   has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
25   information from the individual on the topics identified, regardless of whether it
26   supports the facts as alleged by Mattel, MGA, or any other party. See Order
27   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
28   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

1   MGA might be excluding documents that are responsive to the request based upon
2   its unilateral determination of what is 'relevant' or 'sufficient.'").

3         None of Mattel's improper objections are valid and Mattel is obligated to
4   produce all non-privileged responsive documents in its possession, custody, or
5   control.

6   **MATTEL'S RESPONSE:**

7         MGA ignores that (i) Mattel has produced its non-privileged, responsive
8   documents, as it agreed to do, and that (ii) most information sought by this request is
9   within MGA's possession, custody or control, and is equally if not more readily
10  available to MG  Bloodworth is an employee of MGA.  MGA gives no reason why
11  it requests information from Mattel regarding its *own company* and its *own*
12  *employee*, other than to say that "this area of information is taken directly from
13  Mattel's allegations regarding Bloodworth in its initial disclosures."  Indeed, it
14  appears that MGA merely cut and paste its request from Mattel's initial disclosures
15  without consideration as to what information Mattel may have that is already within
16  MGA's possession, custody or control.

17        MGA's conclusory arguments also ignore that the Request is facially
18  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
19  Civil Procedure do not permit MGA to use broad discovery requests untethered to
20  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
21  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
22  See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
23  Cir. 2004) ("District courts need not condone the use of discovery to engage in
24  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
25  Bloodworth's knowledge of extremely broad subjects—including ▓▓▓▓▓
26  ▓▓▓▓  MGA makes no attempt to link this request with the claims and defenses
27  in this case.  For example, Bloodworth may have knowledge of MGA's retirement
28  plans, health benefits, OSHA compliance, sexual harassment policies, or any

-70-

1  number of subjects regarding business practices at MGA which clearly fall outside
2  the narrow scope required by the Discovery Master. Because MGA has not linked
3  its broad request to any of the numerous and far-ranging allegations of unfair
4  competition set forth in its complaint, the Discovery Master should uphold Mattel's
5  overbreadth objection.

6      The term "RELATING TO … alleged knowledge" as used in the request is
7  likewise overbroad. The universe of documents that could "relate" to Bloodworth's
8  knowledge are potentially without limit. The request is not confined to documents
9  in Bloodworth's possession or control; rather, all documents containing information
10 that Bloodworth coincidentally knows about the subjects at issue are subsumed
11 within this request.

12     MGA complains that Mattel has limited its responses  regarding individuals in
13 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
14 disclosures." Mattel has produced all information as to these individuals that is
15 relevant or pertinent to this litigation. There is nothing to compel.

16     Quite simply, there is nothing to compel. Mattel has produced responsive,
17 non-privileged documents relating to Bloodworth's knowledge of the facts at issue
18 in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
19 possession, custody or control, if any, that Mattel has been able to locate after a
20 diligent search. and reasonable inquiry.

21 **REQUEST FOR PRODUCTION NO. 197:**

22     All DOCUMENTS REFERRING OR RELATING TO Kevin Bloomfield's
23 alleged knowledge of "MGA's access to Mattel's intellectual property and trade
24 secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
25 DISCLOSURES.

26 **RESPONSE TO REQUEST NO. 197:**

27     In addition to the general objections stated above which are incorporated
28 herein by reference, Mattel objects to this Request on the grounds that it is

1  overbroad, unduly burdensome and unintelligible, including in that it seeks all
2  documents on this subject without limitation as to time, and regardless of whether
3  such documents relate to products or matters at issue in this case. Mattel further
4  objects to the Request on the grounds that it seeks documents that are not relevant to
5  this action or likely to lead to the discovery of admissible evidence. Mattel further
6  objects to this Request on the grounds that it seeks confidential, proprietary and
7  trade secret information that has no bearing on the claims or defenses in this case.
8  Mattel further objects to this Request on the grounds that it calls for the disclosure
9  of information subject to the attorney-client privilege, the attorney work-product
10  doctrine and other applicable privileges.

11  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 197:**

12     In addition to the general objections stated above which are incorporated
13  herein by reference, Mattel objects to this Request on the grounds that it is
14  overbroad, unduly burdensome and unintelligible, including in that it seeks all
15  documents on this subject without limitation as to time, and regardless of whether
16  such documents relate to products or matters at issue in this case. Mattel further
17  objects to the Request on the grounds that it seeks documents that are not relevant to
18  this action or likely to lead to the discovery of admissible evidence. Mattel further
19  objects to this Request on the grounds that it calls for documents or information in
20  the possession, custody or control of MGA, including without limitation documents
21  and information that MGA has been compelled by Court orders to produce but has
22  not produced. Mattel further objects to this Request on the grounds that it seeks
23  confidential, proprietary and trade secret information, including such information
24  that has no bearing on the claims or defenses in this case. Mattel further objects to
25  this Request on the grounds that it calls for the disclosure of information subject to
26  the attorney-client privilege, the attorney work product doctrine and other applicable
27  privileges.

28

1  Subject to the foregoing objections, Mattel responds as follows: Mattel will
2  produce responsive, non-privileged documents relating to Kevin Bloomfield's
3  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
4  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
5  has been able to locate after a diligent search and reasonable inquiry, to the extent
6  not previously produced.

7  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
8  **TO SHOULD BE COMPELLED**

9  Mattel has improperly limited its agreement to produce documents in
10  response to this request, subject to its improper boilerplate objections. Mattel has
11  refused to confirm whether or not it has produced all non-privileged responsive
12  documents or whether it is withholding documents based on its objections in Phase
13  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
14  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
15  Generic objections that fail to explain the basis for an objection with specificity are
16  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
17  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
18  'overly burdensome and harassing' are improper – especially when a party fails to
19  submit any evidentiary declarations supporting such objections"). Accordingly,
20  Mattel must be compelled either to certify that it has produced all non-privileged
21  responsive documents or to produce all such documents by a date certain.

22  To the extent that Mattel is relying on its blanket objections, they are not
23  sustainable and do not justify Mattel's failure to produce documents.

24  As to overbreadth, Mattel provides no explanation, let alone the required
25  particularity, as to why this request is supposedly overly broad, nor can it do so.
26  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
28  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

1 custody, or control concerning Bloomfield's alleged knowledge of "MGA's access to
2 Mattel's intellectual property and trade secrets" and "MGA's business practices.
3 This area of information is taken directly from Mattel's allegations regarding
4 Bloomfield in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated
5 Initial Disclosures, dated Jan. 5, 2007, p. 4).

6 As to burden, Mattel has not attempted to demonstrate why responding to this
7 request and/or producing responsive documents presents any burden. This objection
8 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
9 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
10 unduly burdensome must allege specific facts which indicate the nature and extent
11 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
12 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
13 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
14 secrets. MGA is entitled to discovery on this claim.

15 This request does not seek documents protected by the attorney-client
16 privilege, the attorney work product doctrine, or other applicable privileges. To the
17 extent that Mattel contends that it does, Mattel must provide a privilege log.

18 This request seeks relevant information. Mattel identified Bloomfield in its
19 initial disclosures an individual with discoverable knowledge regarding "MGA's
20 access to Mattel's intellectual property and trade secrets" and "MGA business
21 practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
22 Jan. 5, 2007, p. 4). Accordingly, Mattel's initial disclosures demonstrate the
23 relevance of this request. Further, this information is relevant to, among other
24 things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
25 MGA's affirmative defenses of statute of limitations and laches.

26 Mattel's objection that the request seeks information within MGA's
27 possession, custody or control is nonsensical and lacks factual support. Mattel
28 makes no argument, let alone a factual showing, that any documents in MGA's

-74-

1   possession are duplicative of documents within Mattel's control.  MGA is entitled to

2   discovery from Mattel of documents within its possession, custody, or control that

3   relate to the subject of this suit.  Mattel cannot avoid this obligation by making a

4   conclusory statement that MGA also possesses responsive documents.

5        Mattel's objection that the request seeks confidential, proprietary, and trade

6   secret information should be disregarded.  The parties have entered into a protective

7   order in this matter, which governs the handling of confidential business

8   information.  Further, Mattel has put its confidential business information at issue in

9   this litigation, including but not limited to its trade secret misappropriation claim

10  Accordingly, it cannot resist discovery of confidential business information.

11       Finally, Mattel has improperly limited its agreement to produce to "the facts

12  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

13  the individual is identified as being knowledgeable about certain topics in Mattel's

14  initial disclosures, Mattel's obligation to produce does not end with the facts that it

15  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

16  information from the individual on the topics identified, regardless of whether it

17  supports the facts as alleged by Mattel, MGA, or any other party.  <u>See</u> Order

18  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

19  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

20  MGA might be excluding documents that are responsive to the request based upon

21  its unilateral determination of what is 'relevant' or 'sufficient.'").

22       None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession, custody, or

24  control.

25  **MATTEL'S RESPONSE:**

26       MGA ignores that (i) Mattel has produced its non-privileged, responsive

27  documents, as it agreed to do, and that (ii) most information sought by this request is

28  within MGA's possession, custody or control, and is equally if not more readily

1  available to MG  Bloomfield is an employee of MGA.  MGA gives no reason why it
2  requests information from Mattel regarding its *own company* and its *own employee,*
3  other than to say that "this area of information is taken directly from Mattel's
4  allegations regarding Bloomfield in its initial disclosures."  Indeed, it appears that
5  MGA merely cut and paste its request from Mattel's initial disclosures without
6  consideration as to what information Mattel may have that is already within MGA's
7  possession, custody or control.

8      MGA's conclusory arguments also ignore that the Request is facially
9  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
10  Civil Procedure do not permit MGA to use broad discovery requests untethered to
11  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
12  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
13  See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
14  Cir. 2004) ("District courts need not condone the use of discovery to engage in
15  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
16  Bloomfield's knowledge of extremely broad subjects—including

17  ██████████  MGA makes no attempt to link this request with the claims and defenses
18  in this case.  For example, Bloomfield may have knowledge of MGA's retirement
19  plans, health benefits, OSHA compliance, sexual harassment policies, or any
20  number of subjects regarding business practices at MGA which clearly fall outside
21  the narrow scope required by the Discovery Master. Because MGA has not linked
22  its broad request to any of the numerous and far-ranging allegations of unfair
23  competition set forth in its complaint, the Discovery Master should uphold Mattel's
24  overbreadth objection.

25      The term "RELATING TO ... alleged knowledge" as used in the request is
26  likewise overbroad.  The universe of documents that could "relate" to Bloomfield's
27  knowledge are potentially without limit.  The request is not confined to documents
28  in Bloomfield's possession or control; rather, all documents containing information

1 || that Bloomfield coincidentally knows about the subjects at issue are subsumed

2 || within this request.

3       MGA complains that Mattel has limited its responses regarding individuals in

4 || Mattel's Initial Disclosures to information "as alleged in Mattel's initial

5 || disclosures." Mattel has produced all information as to these individuals that is

6 || relevant or pertinent to this litigation. There is nothing to compel.

7       Quite simply, there is nothing to compel. Mattel has produced responsive,

8 || non-privileged documents relating to Bloomfield's knowledge of the facts at issue in

9 || this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

10 || possession, custody or control, if any, that Mattel has been able to locate after a

11 || diligent search. and reasonable inquiry.

12 || **REQUEST FOR PRODUCTION NO. 198:**

13       All DOCUMENTS REFERRING OR RELATING TO Matt Bousquette's

14 || alleged knowledge of "Mattel's business operations and the development and

15 || ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL

16 || DISCLOSURES.

17 || **RESPONSE TO REQUEST NO. 198:**

18       In addition to the general objections stated above which are incorporated

19 || herein by reference, Mattel objects to this Request on the grounds that it is

20 || overbroad, unduly burdensome and unintelligible, including in that it seeks all

21 || documents on this subject without limitation as to time, and regardless of whether

22 || such documents relate to products or matters at issue in this case. Mattel further

23 || objects to the Request on the grounds that it seeks documents that are not relevant to

24 || this action or likely to lead to the discovery of admissible evidence. Mattel further

25 || objects to this Request on the grounds that it seeks confidential, proprietary and

26 || trade secret information that has no bearing on the claims or defenses in this case.

27 || Mattel further objects to this Request on the grounds that it calls for the disclosure

28

1  of information subject to the attorney-client privilege, the attorney work product
2  doctrine and other applicable privileges.

3  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 198:**

4       In addition to the general objections stated above which are incorporated
5  herein by reference, Mattel objects to this Request on the grounds that it is
6  overbroad, unduly burdensome and unintelligible, including in that it seeks all
7  documents on this subject without limitation as to time, and regardless of whether
8  such documents relate to products or matters at issue in this case. Mattel further
9  objects to the Request on the grounds that it seeks documents that are not relevant to
10 this action or likely to lead to the discovery of admissible evidence. Mattel further
11 objects to this Request on the grounds that it seeks confidential, proprietary and
12 trade secret information, including such information that has no bearing on the
13 claims or defenses in this case. Mattel further objects to this Request on the ground
14 that it calls for the disclosure of information subject to the attorney-client privilege
15 the attorney work-product doctrine and other applicable privileges.

16      Subject to the foregoing objections, Mattel responds as follows: Mattel will
17 produce responsive, non-privileged documents relating to Matt Bousquette's
18 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
19 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
20 has been able to locate after a diligent search and reasonable inquiry, to the extent
21 not previously produced.

22 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
23 **TO SHOULD BE COMPELLED**

24      Mattel has improperly limited its agreement to produce documents in
25 response to this request, subject to its improper boilerplate objections. Mattel has
26 refused to confirm whether or not it has produced all non-privileged responsive
27 documents or whether it is withholding documents based on its objections in Phase
28 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

-78-

1   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
2   Generic objections that fail to explain the basis for an objection with specificity are
3   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
4   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
5   'overly burdensome and harassing' are improper – especially when a party fails to
6   submit any evidentiary declarations supporting such objections").  Accordingly,
7   Mattel must be compelled either to certify that it has produced all non-privileged
8   responsive documents or to produce all such documents by a date certain.

9        To the extent that Mattel is relying on its blanket objections, they are not
10  sustainable and do not justify Mattel's failure to produce documents.

11       As to overbreadth, Mattel provides no explanation, let alone the required
12  particularity, as to why this request is supposedly overly broad, nor can it do so.
13  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
14  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
15  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
16  custody, or control concerning Bousquette's alleged knowledge of "Mattel's business
17  operations and the development and ownership of intellectual property at issue."
18  This area of information is taken directly from Mattel's allegations regarding
19  Bousquette in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated
20  Initial Disclosures, dated Jan. 5, 2007, p. 4).

21       As to burden, Mattel has not attempted to demonstrate why responding to this
22  request and/or producing responsive documents presents any burden.  This objection
23  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
24  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
25  unduly burdensome must allege specific facts which indicate the nature and extent
26  of the burden, usually by affidavit or other reliable evidence.").

27

28

1       Moreover, it is not unduly burdensome, as noted above, in that the request is

2 narrowly tailored to seek only discoverable evidence. Mattel has alleged that MGA

3 misappropriated its trade secrets. MGA is entitled to discovery on this claim.

4       This request does not seek documents protected by the attorney-client

5 privilege, the attorney work product doctrine, or other applicable privileges. To the

6 extent that Mattel contends that it does, Mattel must provide a privilege log.

7       This request seeks relevant information. Mattel identified Bousquette in its

8 initial disclosures an individual with discoverable knowledge regarding "Mattel's

9 business operations and the development and ownership of intellectual property at

10 issue." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan.

11 5, 2007, p. 4). Accordingly, Mattel's initial disclosures demonstrate the relevance of

12 this request. Further, this information is relevant to, among other things, Mattel's

13 trade secret defense and MGA's claims of trade dress infringement Mattel's

14 objection that the request seeks confidential, proprietary, and trade secret

15 information should be disregarded. The parties have entered into a protective order

16 in this matter, which governs the handling of confidential business information.

17 Further, Mattel has put its confidential business information at issue in this

18 litigation, including but not limited to its trade secret misappropriation claim

19 Accordingly, it cannot resist discovery of confidential business information.

20       Finally, Mattel has improperly limited its agreement to produce to "the facts

21 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

22 the individual is identified as being knowledgeable about certain topics in Mattel's

23 initial disclosures, Mattel's obligation to produce does not end with the facts that it

24 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

25 information from the individual on the topics identified, regardless of whether it

26 supports the facts as alleged by Mattel, MGA, or any other party. See Order

27 Granting Mattel's Motion to Compel Production of Documents and Interrogatory

28 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

1  MGA might be excluding documents that are responsive to the request based upon
2  its unilateral determination of what is 'relevant' or 'sufficient.'").

3        None of Mattel's improper objections are valid and Mattel is obligated to
4  produce all non-privileged responsive documents in its possession, custody, or
5  control.

6  **MATTEL'S RESPONSE:**

7        MGA's conclusory arguments ignore that the Request is facially overbroad.
8  The Discovery Master has previously ruled that "[t]he Federal Rules of Civil
9  Procedure do not permit MGA to use broad discovery requests untethered to any
10 claim or defense." Order Granting in Part and Denying in Part Mattel's Motion for
11 protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007. See
12 also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.
13 2004) ("District courts need not condone the use of discovery to engage in 'fishing
14 expeditions.'"). Here, MGA seeks all documents referring or relating to
15 Bousquette's knowledge of extremely broad subjects—including "Mattel's business
16 operations." MGA makes no attempt to link this request with the claims and
17 defenses in this case. For example, Bousquette may have knowledge of Mattel's
18 retirement plans, health benefits, OSHA compliance, sexual harassment policies, or
19 any number of subjects regarding business operations at Mattel which clearly fall
20 outside the narrow scope required by the Discovery Master. Because MGA has not
21 linked its broad request to any of the numerous and far-ranging allegations of unfair
22 competition set forth in its complaint, the Discovery Master should uphold Mattel's
23 overbreadth objection.

24       The term "RELATING TO … alleged knowledge" as used in the request is
25 likewise overbroad. The universe of documents that could "relate" to Bousquette's
26 knowledge are potentially without limit. The request is not confined to documents
27 in Bousquette's possession or control; rather, all documents containing information

28

1   that Bousquette coincidentally knows about the subjects at issue are subsumed
2   within this request.

3        MGA complains that Mattel has limited its responses regarding individuals in
4   Mattel's Initial Disclosures to information "as alleged in Mattel's initial
5   disclosures." Mattel has produced all information as to these individuals that is
6   relevant or pertinent to this litigation. There is nothing to compel.

7        Quite simply, there is nothing to compel. Mattel has produced responsive,
8   non-privileged documents relating to Bousquette's knowledge of the facts at issue in
9   this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
10   possession, custody or control, if any, that Mattel has been able to locate after a
11   diligent search. and reasonable inquiry.

12   **REQUEST FOR PRODUCTION NO. 199:**

13        All DOCUMENTS in Matt Bousquette's possession or control REFERRING
14   OR RELATING TO his alleged knowledge of "Mattel's business operations and the
15   development and ownership of intellectual property at issue," as alleged in
16   MATTEL'S INITIAL DISCLOSURES.

17   **RESPONSE TO REQUEST NO. 199:**

18        In addition to the general objections stated above which are incorporated
19   herein by reference, Mattel objects to this Request on the grounds that it is
20   overbroad, unduly burdensome and unintelligible, including in that it seeks all
21   documents on this subject without limitation as to time, and regardless of whether
22   such documents relate to products or matters at issue in this case. Mattel further
23   objects to the Request on the grounds that it seeks documents that are not relevant to
24   this action or likely to lead to the discovery of admissible evidence. Mattel further
25   objects to this Request on the grounds that it seeks confidential, proprietary and
26   trade secret information that has no bearing on the claims or defenses in this case.
27   Mattel further objects to this Request on the grounds that it calls for the disclosure
28

1 | of information subject to the attorney-client privilege, the attorney work product
2 | doctrine and other applicable privileges.

3 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 199:**

4 |      In addition to the general objections stated above which are incorporated
5 | herein by reference, Mattel objects to this Request on the grounds that it is
6 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
7 | documents on this subject without limitation as to time, and regardless of whether
8 | such documents relate to products or matters at issue in this case. Mattel further
9 | objects to the Request on the grounds that it seeks documents that are not relevant to
10 | this action or likely to lead to the discovery of admissible evidence. Mattel further
11 | objects to this Request on the grounds that it seeks confidential, proprietary and
12 | trade secret information, including such information that has no bearing on the
13 | claims or defenses in this case. Mattel further objects to this Request on the ground
14 | that it calls for the disclosure of information subject to the attorney-client privilege
15 | the attorney work-product doctrine and other applicable privileges.

16 |      Subject to the foregoing objections, Mattel responds as follows: Mattel will
17 | produce responsive, non-privileged documents relating to Matt Bousquette's
18 | knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
19 | Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
20 | has been able to locate after a diligent search and reasonable inquiry, to the extent
21 | not previously produced.

22 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
23 | **TO SHOULD BE COMPELLED**

24 |      Mattel has improperly limited its agreement to produce documents in
25 | response to this request, subject to its improper boilerplate objections. Mattel has
26 | refused to confirm whether or not it has produced all non-privileged responsive
27 | documents or whether it is withholding documents based on its objections in Phase
28 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

1  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
2  Generic objections that fail to explain the basis for an objection with specificity are
3  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
4  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
5  'overly burdensome and harassing' are improper – especially when a party fails to
6  submit any evidentiary declarations supporting such objections").  Accordingly,
7  Mattel must be compelled either to certify that it has produced all non-privileged
8  responsive documents or to produce all such documents by a date certain.

9      To the extent that Mattel is relying on its blanket objections, they are not
10  sustainable and do not justify Mattel's failure to produce documents.

11      As to overbreadth, Mattel provides no explanation, let alone the required
12  particularity, as to why this request is supposedly overly broad, nor can it do so.
13  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
14  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
15  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
16  custody, or control concerning Bousquette's alleged knowledge of "Mattel's business
17  operations and the development and ownership of intellectual property at issue."
18  This area of information is taken directly from Mattel's allegations regarding
19  Bousequette in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated
20  Initial Disclosures, dated Jan. 5, 2007, p. 4).

21      As to burden, Mattel has not attempted to demonstrate why responding to this
22  request and/or producing responsive documents presents any burden.  This objection
23  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
24  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
25  unduly burdensome must allege specific facts which indicate the nature and extent
26  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
27  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
28

1 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
2 secrets. MGA is entitled to discovery on this claim.

3     This request does not seek documents protected by the attorney-client
4 privilege, the attorney work product doctrine, or other applicable privileges. To the
5 extent that Mattel contends that it does, Mattel must provide a privilege log.

6     This request seeks relevant information. Mattel identified Bousquette in its
7 initial disclosures an individual with discoverable knowledge regarding "Mattel's
8 business operations and the development and ownership of intellectual property at
9 issue." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan.
10 5, 2007, p. 4). Accordingly, Mattel's initial disclosures demonstrate the relevance of
11 this request. Further, this information is relevant to, among other things, Mattel's
12 trade secret defense and MGA's claims of trade dress infringement Mattel's
13 objection that the request seeks confidential, proprietary, and trade secret
14 information should be disregarded. The parties have entered into a protective order
15 in this matter, which governs the handling of confidential business information.
16 Further, Mattel has put its confidential business information at issue in this
17 litigation, including but not limited to its trade secret misappropriation claim
18 Accordingly, it cannot resist discovery of confidential business information.

19     Finally, Mattel has improperly limited its agreement to produce to "the facts
20 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
21 the individual is identified as being knowledgeable about certain topics in Mattel's
22 initial disclosures, Mattel's obligation to produce does not end with the facts that it
23 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
24 information from the individual on the topics identified, regardless of whether it
25 supports the facts as alleged by Mattel, MGA, or any other party. See Order
26 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
27 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
28

1  MGA might be excluding documents that are responsive to the request based upon
2  its unilateral determination of what is 'relevant' or 'sufficient.'").

3      None of Mattel's improper objections are valid and Mattel is obligated to
4  produce all non-privileged responsive documents in its possession, custody, or
5  control.

6  **MATTEL'S RESPONSE:**

7      MGA's conclusory arguments also ignore that the Request is facially
8  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
9  Civil Procedure do not permit MGA to use broad discovery requests untethered to
10 any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
11 for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
12 See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
13 Cir. 2004) ("District courts need not condone the use of discovery to engage in
14 'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
15 Bousquette's knowledge of extremely broad subjects—including "Mattel's business
16 operations."  MGA makes no attempt to link this request with the claims and
17 defenses in this case.  For example, Bousquette may have knowledge of Mattel's
18 retirement plans, health benefits, OSHA compliance, sexual harassment policies, or
19 any number of subjects regarding business operations at Mattel which clearly fall
20 outside the narrow scope required by the Discovery Master. Because MGA has not
21 linked its broad request to any of the numerous and far-ranging allegations of unfair
22 competition set forth in its complaint, the Discovery Master should uphold Mattel's
23 overbreadth objection.

24     MGA complains that Mattel has limited its responses  regarding individuals in
25 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
26 disclosures."  Mattel has produced all information as to these individuals that is
27 relevant or pertinent to this litigation.  There is nothing to compel.

28

1  Quite simply, there is nothing to compel. Mattel has produced responsive,

2  non-privileged documents relating to Bousquette's knowledge of the facts at issue in

3  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

4  possession, custody or control, if any, that Mattel has been able to locate after a

5  diligent search. and reasonable inquiry.

6  **REQUEST FOR PRODUCTION NO. 200:**

7  All DOCUMENTS REFERRING OR RELATING TO Ron Brawer's alleged

8  knowledge of "MGA's theft of Mattel's intellectual property and trade secrets" and

9  "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

10  **RESPONSE TO REQUEST NO. 200:**

11  In addition to the general objections stated above which are incorporated

12  herein by reference, Mattel objects to this Request on the grounds that it is

13  overbroad, unduly burdensome and unintelligible, including in that it seeks all

14  documents on this subject without limitation as to time, and regardless of whether

15  such documents relate to products or matters at issue in this case. Mattel further

16  objects to the Request on the grounds that it seeks documents that are not relevant to

17  this action or likely to lead to the discovery of admissible evidence. Mattel further

18  objects to this Request on the grounds that it seeks confidential, proprietary and

19  trade secret information that has no bearing on the claims or defenses in this case.

20  Mattel further objects to this Request on the grounds that it calls for the disclosure

21  of information subject to the attorney-client privilege, the attorney work product

22  doctrine and other applicable privileges.

23  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 200:**

24  In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  overbroad, unduly burdensome and unintelligible, including in that it seeks all

27  documents on this subject without limitation as to time, and regardless of whether

28  such documents relate to products or matters at issue in this case. Mattel further

1  objects to the Request on the grounds that it seeks documents that are not relevant to
2  this action or likely to lead to the discovery of admissible evidence. Mattel further
3  objects to this Request on the grounds that it calls for documents or information in
4  the possession, custody or control of MGA, including without limitation documents
5  and information that MGA has been compelled by Court orders to produce but has
6  not produced. Mattel further objects to this Request on the grounds that it seeks
7  confidential, proprietary and trade secret information, including such information
8  that has no bearing on the claims or defenses in this case. Mattel further objects to
9  this Request on the grounds that it calls for the disclosure of information subject to
10  the attorney-client privilege, the attorney work product doctrine and other applicable
11  privileges.

12      Subject to the foregoing objections, Mattel responds as follows: Mattel will
13  produce responsive, non-privileged documents relating to Ron Brawer's knowledg
14  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
15  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
16  after a diligent search and reasonable inquiry, to the extent not previously produced.

17  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
18  **TO SHOULD BE COMPELLED**

19      Mattel has improperly limited its agreement to produce documents in
20  response to this request, subject to its improper boilerplate objections. Mattel has
21  refused to confirm whether or not it has produced all non-privileged responsive
22  documents or whether it is withholding documents based on its objections in Phase
23  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
24  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
25  Generic objections that fail to explain the basis for an objection with specificity are
26  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
27  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
28  'overly burdensome and harassing' are improper – especially when a party fails to

1  submit any evidentiary declarations supporting such objections").  Accordingly,
2  Mattel must be compelled either to certify that it has produced all non-privileged
3  responsive documents or to produce all such documents by a date certain.

4        To the extent that Mattel is relying on its blanket objections, they are not
5  sustainable and do not justify Mattel's failure to produce documents.

6        As to overbreadth, Mattel provides no explanation, let alone the required
7  particularity, as to why this request is supposedly overly broad, nor can it do so.
8  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
9  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
10 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
11 custody, or control concerning Brawer's alleged knowledge of "MGA's theft of
12 Mattel's intellectual property and trade secrets" and "MGA's business practices."
13 This area of information is taken directly from Mattel's allegations regarding Brawer
14 in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
15 Disclosures, dated Jan. 5, 2007, p. 4).

16       As to burden, Mattel has not attempted to demonstrate why responding to this
17 request and/or producing responsive documents presents any burden.  This objection
18 must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
19 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
20 unduly burdensome must allege specific facts which indicate the nature and extent
21 of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
22 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
23 only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
24 secrets.  MGA is entitled to discovery on this claim.

25       This request does not seek documents protected by the attorney-client
26 privilege, the attorney work product doctrine, or other applicable privileges.  To the
27 extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1    This request seeks relevant information. Mattel identified Brawer in its initial
2  disclosures an individual with discoverable knowledge regarding "MGA's theft of
3  Mattel's intellectual property and trade secrets" and "MGA's business practices."
4  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
5  p. 4). Accordingly, Mattel's initial disclosures demonstrate the relevance of this
6  request. Further, this information is relevant to, among other things, Mattel's trade
7  secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
8  defenses of statute of limitations and laches.

9    Mattel's objection that the request seeks information within MGA's
10  possession, custody or control is nonsensical and lacks factual support. Mattel
11  makes no argument, let alone a factual showing, that any documents in MGA's
12  possession are duplicative of documents within Mattel's control. MGA is entitled to
13  discovery from Mattel of documents within its possession, custody, or control that
14  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
15  conclusory statement that MGA also possesses responsive documents.

16    Mattel's objection that the request seeks confidential, proprietary, and trade
17  secret information should be disregarded. The parties have entered into a protective
18  order in this matter, which governs the handling of confidential business
19  information. Further, Mattel has put its confidential business information at issue in
20  this litigation, including but not limited to its trade secret misappropriation claim
21  Accordingly, it cannot resist discovery of confidential business information.

22    Finally, Mattel has improperly limited its agreement to produce to "the facts
23  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
24  the individual is identified as being knowledgeable about certain topics in Mattel's
25  initial disclosures, Mattel's obligation to produce does not end with the facts that it
26  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
27  information from the individual on the topics identified, regardless of whether it
28  supports the facts as alleged by Mattel, MGA, or any other party. See Order

1 | Granting Mattel's Motion to Compel Production of Documents and Interrogatory
2 | Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
3 | MGA might be excluding documents that are responsive to the request based upon
4 | its unilateral determination of what is 'relevant' or 'sufficient.'").

5 |     None of Mattel's improper objections are valid and Mattel is obligated to
6 | produce all non-privileged responsive documents in its possession, custody, or
7 | control.

8 | **MATTEL'S RESPONSE:**

9 |     MGA ignores that (i) Mattel has produced its non-privileged, responsive
10 | documents, as it agreed to do, and that (ii) most information sought by this request is
11 | within MGA's possession, custody or control, and is equally if not more readily
12 | available to MG Brawer is an employee of MGA.  MGA gives no reason why it
13 | requests information from Mattel regarding its *own company* and its *own employee*,
14 | other than to say that "this area of information is taken directly from Mattel's
15 | allegations regarding Brawer in its initial disclosures."  Indeed, it appears that MGA
16 | merely cut and paste its request from Mattel's initial disclosures without
17 | consideration as to what information Mattel may have that is already within MGA's
18 | possession, custody or control.

19 |     MGA's conclusory arguments also ignore that the Request is facially
20 | overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
21 | Civil Procedure do not permit MGA to use broad discovery requests untethered to
22 | any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
23 | for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
24 | See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
25 | Cir. 2004) ("District courts need not condone the use of discovery to engage in
26 | 'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
27 | Brawer's knowledge of extremely broad subjects—including ████████████
28 | ████████ MGA makes no attempt to link this request with the claims and defenses

1  in this case. For example, Brawer may have knowledge of MGA's retirement plans,
2  health benefits, OSHA compliance, sexual harassment policies, or any number of
3  subjects regarding business practices at MGA which clearly fall outside the narrow
4  scope required by the Discovery Master. Because MGA has not linked its broad
5  request to any of the numerous and far-ranging allegations of unfair competition set
6  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
7  objection.

8       The term "RELATING TO … alleged knowledge" as used in the request is
9  likewise overbroad. The universe of documents that could "relate" to Brawer's
10  knowledge are potentially without limit. The request is not confined to documents
11  in Brawer's possession or control; rather, all documents containing information that
12  Brawer coincidentally knows about the subjects at issue are subsumed within this
13  request.

14       MGA complains that Mattel has limited its responses regarding individuals in
15  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
16  disclosures." Mattel has produced all information as to these individuals that is
17  relevant or pertinent to this litigation. There is nothing to compel.

18       Quite simply, there is nothing to compel. Mattel has produced responsive,
19  non-privileged documents relating to Brawer's knowledge of the facts at issue in this
20  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
21  custody or control.

22  **REQUEST FOR PRODUCTION NO. 201:**

23       All DOCUMENTS REFERRING OR RELATING TO Janine Brisbois's
24  alleged knowledge of "MGA's theft of Mattel's intellectual property and trade
25  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
26  DISCLOSURES.

27

28

1 **RESPONSE TO REQUEST NO. 201:**

2      In addition to the general objections stated above which are incorporated
3 herein by reference, Mattel objects to this Request on the grounds that it is
4 overbroad, unduly burdensome and unintelligible, including in that it seeks all
5 documents on this subject without limitation as to time, and regardless of whether
6 such documents relate to products or matters at issue in this case. Mattel further
7 objects to the Request on the grounds that it seeks documents that are not relevant to
8 this action or likely to lead to the discovery of admissible evidence. Mattel further
9 objects to this Request on the grounds that it seeks confidential, proprietary and
10 trade secret information that has no bearing on the claims or defenses in this case.
11 Mattel further objects to this Request on the grounds that it calls for the disclosure
12 of information subject to the attorney-client privilege, the attorney work product
13 doctrine and other applicable privileges.

14 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 201:**

15      In addition to the general objections stated above which are incorporated
16 herein by reference, Mattel objects to this Request on the grounds that it is
17 overbroad, unduly burdensome and unintelligible, including in that it seeks all
18 documents on this subject without limitation as to time, and regardless of whether
19 such documents relate to products or matters at issue in this case. Mattel further
20 objects to the Request on the grounds that it seeks documents that are not relevant to
21 this action or likely to lead to the discovery of admissible evidence. Mattel further
22 objects to this Request on the grounds that it calls for documents or information in
23 the possession, custody or control of MGA, including without limitation documents
24 and information that MGA has been compelled by Court orders to produce but has
25 not produced. Mattel further objects to this Request on the grounds that it seeks
26 confidential, proprietary and trade secret information, including such information
27 that has no bearing on the claims or defenses in this case. Mattel further objects to
28 this Request on the grounds that it calls for the disclosure of information subject to

1 | the attorney-client privilege, the attorney work product doctrine and other applicable
2 | privileges.

3 |      Subject to the foregoing objections, Mattel responds as follows: Mattel will
4 | produce responsive, non-privileged documents relating to Janine Brisbois's
5 | knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
6 | Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
7 | has been able to locate after a diligent search and reasonable inquiry, to the extent
8 | not previously produced.

9 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
10 | **TO SHOULD BE COMPELLED**

11 |      Mattel has improperly limited its agreement to produce documents in
12 | response to this request, subject to its improper boilerplate objections. Mattel has
13 | refused to confirm whether or not it has produced all non-privileged responsive
14 | documents or whether it is withholding documents based on its objections in Phase
15 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
16 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
17 | Generic objections that fail to explain the basis for an objection with specificity are
18 | routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
19 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
20 | 'overly burdensome and harassing' are improper – especially when a party fails to
21 | submit any evidentiary declarations supporting such objections"). Accordingly,
22 | Mattel must be compelled either to certify that it has produced all non-privileged
23 | responsive documents or to produce all such documents by a date certain.

24 |      To the extent that Mattel is relying on its blanket objections, they are not
25 | sustainable and do not justify Mattel's failure to produce documents.

26 |      As to overbreadth, Mattel provides no explanation, let alone the required
27 | particularity, as to why this request is supposedly overly broad, nor can it do so.
28 | This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

-94-
MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET THREE)