1  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
2  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
3  custody, or control concerning Brisbois's alleged knowledge of "MGA's theft of
4  Mattel's intellectual property and trade secrets" and "MGA's business practices."
5  This area of information is taken directly from Mattel's allegations regarding
6  Brisbois in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated
7  Initial Disclosures, dated Jan. 5, 2007, p. 4).

8      As to burden, Mattel has not attempted to demonstrate why responding to this
9  request and/or producing responsive documents presents any burden.  This objection
10 must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
11 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
12 unduly burdensome must allege specific facts which indicate the nature and extent
13 of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
14 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
15 only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
16 secrets.  MGA is entitled to discovery on this claim.

17     This request does not seek documents protected by the attorney-client
18 privilege, the attorney work product doctrine, or other applicable privileges.  To the
19 extent that Mattel contends that it does, Mattel must provide a privilege log.

20     This request seeks relevant information.  Mattel identified Brisbois in its
21 initial disclosures an individual with discoverable knowledge regarding "MGA's
22 theft of Mattel's intellectual property and trade secrets" and "MGA's business
23 practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
24 Jan. 5, 2007, p. 4).  Accordingly, Mattel's initial disclosures demonstrate the
25 relevance of this request.  Further, this information is relevant to, among other
26 things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
27 MGA's affirmative defenses of statute of limitations and laches.
28

1  Mattel's objection that the request seeks information within MGA's
2  possession, custody or control is nonsensical and lacks factual support. Mattel
3  makes no argument, let alone a factual showing, that any documents in MGA's
4  possession are duplicative of documents within Mattel's control. MGA is entitled to
5  discovery from Mattel of documents within its possession, custody, or control that
6  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
7  conclusory statement that MGA also possesses responsive documents.

8  Mattel's objection that the request seeks confidential, proprietary, and trade
9  secret information should be disregarded. The parties have entered into a protective
10  order in this matter, which governs the handling of confidential business
11  information. Further, Mattel has put its confidential business information at issue in
12  this litigation, including but not limited to its trade secret misappropriation claim
13  Accordingly, it cannot resist discovery of confidential business information.

14  Finally, Mattel has improperly limited its agreement to produce to "the facts
15  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
16  the individual is identified as being knowledgeable about certain topics in Mattel's
17  initial disclosures, Mattel's obligation to produce does not end with the facts that it
18  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
19  information from the individual on the topics identified, regardless of whether it
20  supports the facts as alleged by Mattel, MGA, or any other party. See Order
21  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
22  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
23  MGA might be excluding documents that are responsive to the request based upon
24  its unilateral determination of what is 'relevant' or 'sufficient.'").

25  None of Mattel's improper objections are valid and Mattel is obligated to
26  produce all non-privileged responsive documents in its possession, custody, or
27  control.

28

1 | **MATTEL'S RESPONSE:**

2 |      MGA ignores that (i) Mattel has produced its non-privileged, responsive
3 | documents, as it agreed to do, and that (ii) most information sought by this request is
4 | within MGA's possession, custody or control, and is equally if not more readily
5 | available to MG Brisbois is an employee of MGA.  MGA gives no reason why it
6 | requests information from Mattel regarding its *own company* and its *own employee,*
7 | other than to say that "this area of information is taken directly from Mattel's
8 | allegations regarding Brisbois in its initial disclosures."  Indeed, it appears that
9 | MGA merely cut and paste its request from Mattel's initial disclosures without
10 | consideration as to what information Mattel may have that is already within MGA's
11 | possession, custody or control.

12 |      MGA's conclusory arguments also ignore that the Request is facially
13 | overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
14 | Civil Procedure do not permit MGA to use broad discovery requests untethered to
15 | any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
16 | for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
17 | See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
18 | Cir. 2004) ("District courts need not condone the use of discovery to engage in
19 | 'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
20 | Brisbois's knowledge of extremely broad subjects—including
21 |          MGA makes no attempt to link this request with the claims and defenses
22 | in this case.  For example, Brisbois may have knowledge of MGA's retirement
23 | plans, health benefits, OSHA compliance, sexual harassment policies, or any
24 | number of subjects regarding business practices at MGA which clearly fall outside
25 | the narrow scope required by the Discovery Master. Because MGA has not linked
26 | its broad request to any of the numerous and far-ranging allegations of unfair
27 | competition set forth in its complaint, the Discovery Master should uphold Mattel's
28 | overbreadth objection.

1  The term "RELATING TO ... alleged knowledge" as used in the request is
2  likewise overbroad.  The universe of documents that could "relate" to Brisbois's
3  knowledge are potentially without limit.  The request is not confined to documents
4  in Brisbois's possession or control; rather, all documents containing information that
5  Brisbois coincidentally knows about the subjects at issue are subsumed within this
6  request.

7  MGA complains that Mattel has limited its responses  regarding individuals in
8  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
9  disclosures."  Mattel has produced all information as to these individuals that is
10  relevant or pertinent to this litigation.  There is nothing to compel.

11  Quite simply, there is nothing to compel.  Mattel has produced responsive,
12  non-privileged documents relating to Brisbois's knowledge of the facts at issue in
13  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
14  possession, custody or control.

15  **REQUEST FOR PRODUCTION NO. 202:**

16  All DOCUMENTS REFERRING OR RELATING TO Carter 's alleged
17  knowledge of "[d]esign and development of Bratz and Bryant's work with or for
18  MGA during his Mattel employment," "Bryant' s breach of obligations to Mattel,"
19  "MGA's theft of Mattel's intellectual property and trade secrets" and "MGA business
20  practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

21  **RESPONSE TO REQUEST NO. 202:**

22  In addition to the general objections stated above which are incorporated
23  herein by reference, Mattel objects to this Request on the grounds that it is
24  overbroad, unduly burdensome and unintelligible, including in that it seeks all
25  documents on this subject without limitation as to time, and regardless of whether
26  such documents relate to products or matters at issue in this case.  Mattel further
27  objects to the Request on the grounds that it seeks documents that are not relevant to
28  this action or likely to lead to the discovery of admissible evidence.  Mattel further

1 | objects to this Request on the grounds that it seeks confidential, proprietary and
2 | trade secret information that has no bearing on the claims or defenses in this case.
3 | Mattel further objects to this Request on the grounds that it calls for the disclosure
4 | of information subject to the attorney-client privilege, the attorney work product
5 | doctrine and other applicable privileges.

6 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 202:**

7 | In addition to the general objections stated above which are incorporated
8 | herein by reference, Mattel objects to this Request on the grounds that it is
9 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
10 | documents on this subject without limitation as to time, and regardless of whether
11 | such documents relate to products or matters at issue in this case. Mattel further
12 | objects to the Request on the grounds that it seeks documents that are not relevant to
13 | this action or likely to lead to the discovery of admissible evidence. Mattel further
14 | objects to this Request on the grounds that it calls for documents or information in
15 | the possession, custody or control of MGA, including without limitation documents
16 | and information that MGA has been compelled by Court orders to produce but has
17 | not produced. Mattel further objects to this Request on the grounds that it seeks
18 | confidential, proprietary and trade secret information, including such information
19 | that has no bearing on the claims or defenses in this case. Mattel further objects to
20 | this Request on the grounds that it calls for the disclosure of information subject to
21 | the attorney-client privilege, the attorney work product doctrine and other applicable
22 | privileges.

23 | Subject to the foregoing objections, Mattel responds as follows: Mattel will
24 | produce responsive, non-privileged documents relating to Carter Bryant's
25 | knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
26 | Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
27 | has been able to locate after a diligent search and reasonable inquiry, to the extent
28 | not previously produced.

1  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2  **TO SHOULD BE COMPELLED**

3      Mattel has improperly limited its agreement to produce documents in
4  response to this request, subject to its improper boilerplate objections.  Mattel has
5  refused to confirm whether or not it has produced all non-privileged responsive
6  documents or whether it is withholding documents based on its objections in Phase
7  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
8  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
9  Generic objections that fail to explain the basis for an objection with specificity are
10  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
11  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
12  'overly burdensome and harassing' are improper – especially when a party fails to
13  submit any evidentiary declarations supporting such objections").  Accordingly,
14  Mattel must be compelled either to certify that it has produced all non-privileged
15  responsive documents or to produce all such documents by a date certain.

16      To the extent that Mattel is relying on its blanket objections, they are not
17  sustainable and do not justify Mattel's failure to produce documents.

18      As to overbreadth, Mattel provides no explanation, let alone the required
19  particularity, as to why this request is supposedly overly broad, nor can it do so.
20  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
21  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
22  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
23  custody, or control concerning Bryant's alleged knowledge of "[d]esign and
24  development of Bratz and Bryant's work with or for MGA during his Mattel
25  employment," "Bryant's breach of obligations to Mattel," "MGA's theft of Mattel'
26  intellectual property and trade secrets" and "MGA business practices."  This area o
27  information is taken directly from Mattel's allegations regarding Bryant in its initial
28

1   disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
2   Jan. 5, 2007, p. 4).

3        As to burden, Mattel has not attempted to demonstrate why responding to this
4   request and/or producing responsive documents presents any burden. This objection
5   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
6   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7   unduly burdensome must allege specific facts which indicate the nature and extent
8   of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
9   unduly burdensome, as noted above, in that the request is narrowly tailored to seek
10  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
11  secrets. MGA is entitled to discovery on this claim.

12       This request does not seek documents protected by the attorney-client
13  privilege, the attorney work product doctrine, or other applicable privileges. To the
14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15       This request seeks relevant information. Mattel identified Bryant in its initial
16  disclosures an individual with discoverable knowledge regarding "[d]esign and
17  development of Bratz and Bryant' s work with or for MGA during his Mattel
18  employment," "Bryant's breach of obligations to Mattel," "MGA's theft of Mattel'
19  intellectual property and trade secrets" and "MGA business practices. Rutowski
20  Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 4).
21  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
22  Further, this information is relevant to, among other things, Mattel's trade secret
23  defense, MGA's claims of trade dress infringement, and MGA's affirmative defenses
24  of statute of limitations and laches.

25       Mattel's objection that the request seeks information within MGA's
26  possession, custody or control is nonsensical and lacks factual support. Mattel
27  makes no argument, let alone a factual showing, that any documents in MGA's
28  possession are duplicative of documents within Mattel's control. MGA is entitled to

1 discovery from Mattel of documents within its possession, custody, or control that
2 relate to the subject of this suit. Mattel cannot avoid this obligation by making a
3 conclusory statement that MGA also possesses responsive documents.

4      Mattel's objection that the request seeks confidential, proprietary, and trade
5 secret information should be disregarded. The parties have entered into a protective
6 order in this matter, which governs the handling of confidential business
7 information. Further, Mattel has put its confidential business information at issue in
8 this litigation, including but not limited to its trade secret misappropriation claim
9 Accordingly, it cannot resist discovery of confidential business information.

10      Finally, Mattel has improperly limited its agreement to produce to "the facts
11 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
12 the individual is identified as being knowledgeable about certain topics in Mattel's
13 initial disclosures, Mattel's obligation to produce does not end with the facts that it
14 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
15 information from the individual on the topics identified, regardless of whether it
16 supports the facts as alleged by Mattel, MGA, or any other party. See Order
17 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
18 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
19 MGA might be excluding documents that are responsive to the request based upon
20 its unilateral determination of what is 'relevant' or 'sufficient.'").

21      None of Mattel's improper objections are valid and Mattel is obligated to
22 produce all non-privileged responsive documents in its possession, custody, or
23 control.

24 **MATTEL'S RESPONSE:**

25      MGA ignores that (i) Mattel has produced its non-privileged, responsive
26 documents, as it agreed to do, and that (ii) most information sought by this request is
27 within MGA's possession, custody or control, and is equally if not more readily
28 available to MGA than it is to Mattel. Bryant is an employee of MGA. MGA gives

1   no reason why it requests information from Mattel regarding its *own company* and
2   its *own employee*, other than to say that "this area of information is taken directly
3   from Mattel's allegations regarding Bryant in its initial disclosures." Indeed, it
4   appears that MGA merely cut and paste its request from Mattel's initial disclosures
5   without consideration as to what information Mattel may have that is already within
6   MGA's possession, custody or control.

7        MGA's request is duplicative of previous requests for which Mattel has
8   produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
9   produce documents responsive to MGA's First Set of Requests for the Production of
10  Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[1] Request Nos.
11  180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
12  his work at Mattel and MGA and the design and development of Bratz. Request
13  No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
14  or relating to BRYANT."[2] On September 11, 2007, Discovery Master Infante
15  granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
16  260.[3] Pursuant to this order, Mattel produced documents responsive to these
17  requests. Mattel has since confirmed that it has produced responsive, non-privileged
18  documents to these requests in its Third Supplemental Responses to MGA's First
19  Set of Requests for Production.[4]

20       MGA's conclusory arguments also ignore that the Request is facially
21  overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
22  Civil Procedure do not permit MGA to use broad discovery requests untethered to

---

23  [1] See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
24  Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
25  [2] See MGA's First Set of Requests for the Production of Documents and Things,
    dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
26  [3] See September 12, 2007 Order Granting in Part and Denying in Part MGA's
27  Motion to Compel, at 7-10, Dart Decl., Exh. 9.
    [4] See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28  for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1   any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion

2   for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

3   See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

4   Cir. 2004) ("District courts need not condone the use of discovery to engage in

5   'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to

6   Bryant's knowledge of extremely broad subjects—including ███████████

7   ████████   MGA makes no attempt to link this request with the claims and defenses

8   in this case.  For example, Bryant may have knowledge of MGA's retirement plans,

9   health benefits, OSHA compliance, sexual harassment policies, or any number of

10  subjects regarding business practices at MGA which clearly fall outside the narrow

11  scope required by the Discovery Master. Because MGA has not linked its broad

12  request to any of the numerous and far-ranging allegations of unfair competition set

13  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth

14  objection.

15       The term "RELATING TO ... alleged knowledge" as used in the request is

16  likewise overbroad.  The universe of documents that could "relate" to Bryant's

17  knowledge are potentially without limit.  The request is not confined to documents

18  in Bryant's possession or control; rather, all documents containing information that

19  Bryant coincidentally knows about the subjects at issue are subsumed within this

20  request.

21       MGA complains that Mattel has limited its responses  regarding individuals in

22  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

23  disclosures."  Mattel has produced all information as to these individuals that is

24  relevant or pertinent to this litigation.  There is nothing to compel.

25       Quite simply, there is nothing to compel.  Mattel has produced responsive,

26  non-privileged documents relating to Bryant's knowledge of the facts at issue in this

27  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

28  custody or control.

1  **REQUEST FOR PRODUCTION NO. 203:**

2          All DOCUMENTS REFERRING OR RELATING TO Sarah Buzby's alleged

3  knowledge of "[t]he development and ownership of intellectual property at issue," as

4  alleged in MATTEL'S INITIAL DISCLOSURES.

5  **RESPONSE TO REQUEST NO. 203:**

6          In addition to the general objections stated above which are incorporated

7  herein by reference, Mattel objects to this Request on the grounds that it is

8  overbroad, unduly burdensome and unintelligible, including in that it seeks all

9  documents on this subject without limitation as to time, and regardless of whether

10  such documents relate to products or matters at issue in this case.  Mattel further

11  objects to the Request on the grounds that it seeks documents that are not relevant to

12  this action or likely to lead to the discovery of admissible evidence.  Mattel further

13  objects to this Request on the grounds that it seeks confidential, proprietary and

14  trade secret information that has no bearing on the claims or defenses in this case.

15  Mattel further objects to this Request on the grounds that it calls for the disclosure

16  of information subject to the attorney-client privilege, the attorney work product

17  doctrine and other applicable privileges.

18  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 203:**

19          In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case.  Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant to

25  this action or likely to lead to the discovery of admissible evidence.  Mattel further

26  objects to this Request on the grounds that it seeks confidential, proprietary and

27  trade secret information, including such information that has no bearing on the

28  claims or defenses in this case.  Mattel further objects to this Request on the ground

1  that it calls for the disclosure of information subject to the attorney-client privilege
2  the attorney work-product doctrine and other applicable privileges.

3  　　　Subject to the foregoing objections, Mattel responds as follows: Mattel will
4  produce responsive, non-privileged documents relating to Sarah Buzby's knowledge
5  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
6  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
7  after a diligent search and reasonable inquiry, to the extent not previously produced.

8  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9  **TO SHOULD BE COMPELLED**

10  　　　Mattel has improperly limited its agreement to produce documents in
11  response to this request, subject to its improper boilerplate objections. Mattel has
12  refused to confirm whether or not it has produced all non-privileged responsive
13  documents or whether it is withholding documents based on its objections in Phase
14  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
15  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
16  Generic objections that fail to explain the basis for an objection with specificity are
17  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
18  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
19  'overly burdensome and harassing' are improper – especially when a party fails to
20  submit any evidentiary declarations supporting such objections"). Accordingly,
21  Mattel must be compelled either to certify that it has produced all non-privileged
22  responsive documents or to produce all such documents by a date certain.

23  　　　To the extent that Mattel is relying on its blanket objections, they are not
24  sustainable and do not justify Mattel's failure to produce documents.

25  　　　As to overbreadth, Mattel provides no explanation, let alone the required
26  particularity, as to why this request is supposedly overly broad, nor can it do so.
27  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
28  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

-106

1  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
2  custody, or control concerning Buzby's alleged knowledge of "[t]he development
3  and ownership of intellectual property at issue." This area of information is taken
4  directly from Mattel's allegations regarding Buzby's in its initial disclosures.
5  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
6  p. 4).

7       As to burden, Mattel has not attempted to demonstrate why responding to this
8  request and/or producing responsive documents presents any burden. This objection
9  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
10 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
11 unduly burdensome must allege specific facts which indicate the nature and extent
12 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
13 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
14 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
15 secrets. MGA is entitled to discovery on this claim.

16      This request does not seek documents protected by the attorney-client
17 privilege, the attorney work product doctrine, or other applicable privileges. To the
18 extent that Mattel contends that it does, Mattel must provide a privilege log.

19      This request seeks relevant information. Mattel identified Buzby in its initial
20 disclosures an individual with discoverable knowledge regarding "[t]he
21 development and ownership of intellectual property at issue." Rutowski Decl.
22 Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 4).
23 Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
24 Further, this information is relevant to, among other things, Mattel's trade secret
25 defense and MGA's claims of trade dress infringement.

26      Mattel's objection that the request seeks confidential, proprietary, and trade
27 secret information should be disregarded. The parties have entered into a protective
28 order in this matter, which governs the handling of confidential business

-107

1  information. Further, Mattel has put its confidential business information at issue in
2  this litigation, including but not limited to its trade secret misappropriation claim
3  Accordingly, it cannot resist discovery of confidential business information.

4  Finally, Mattel has improperly limited its agreement to produce to "the facts
5  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
6  the individual is identified as being knowledgeable about certain topics in Mattel's
7  initial disclosures, Mattel's obligation to produce does not end with the facts that it
8  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
9  information from the individual on the topics identified, regardless of whether it
10  supports the facts as alleged by Mattel, MGA, or any other party. See Order
11  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
12  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
13  MGA might be excluding documents that are responsive to the request based upon
14  its unilateral determination of what is 'relevant' or 'sufficient.'").

15  None of Mattel's improper objections are valid and Mattel is obligated to
16  produce all non-privileged responsive documents in its possession, custody, or
17  control.

18  **MATTEL'S RESPONSE:**

19  The term "RELATING TO … alleged knowledge" as used in the request is
20  overbroad. The universe of documents that could "relate" to Buzby's knowledge are
21  potentially without limit. The request is not confined to documents in Buzby's
22  possession or control; rather, all documents containing information that Buzby
23  coincidentally knows about the subjects at issue are subsumed within this request.

24  MGA complains that Mattel has limited its responses regarding individuals in
25  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
26  disclosures." Mattel has produced all information as to these individuals that is
27  relevant or pertinent to this litigation. There is nothing to compel.

28

1       Quite simply, there is nothing to compel. Mattel has produced responsive,

2 non-privileged documents relating to Buzby's knowledge of the facts at issue in this

3 litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

4 custody or control.

5 **REQUEST FOR PRODUCTION NO. 204:**

6       All DOCUMENTS in Sarah Buzby's possession or control REFERRING OR

7 RELATING TO her alleged knowledge of "[t]he development and ownership of

8 intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

9 **RESPONSE TO REQUEST NO. 204:**

10       In addition to the general objections stated above which are incorporated

11 herein by reference, Mattel objects to this Request on the grounds that it is

12 overbroad, unduly burdensome and unintelligible, including in that it seeks all

13 documents on this subject without limitation as to time, and regardless of whether

14 such documents relate to products or matters at issue in this case. Mattel further

15 objects to the Request on the grounds that it seeks documents that are not relevant to

16 this action or likely to lead to the discovery of admissible evidence. Mattel further

17 objects to this Request on the grounds that it seeks confidential, proprietary and

18 trade secret information that has no bearing on the claims or defenses in this case.

19 Mattel further objects to this Request on the grounds that it calls for the disclosure

20 of information subject to the attorney-client privilege, the attorney work product

21 doctrine and other applicable privileges.

22 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 204:**

23       In addition to the general objections stated above which are incorporated

24 herein by reference, Mattel objects to this Request on the grounds that it is

25 overbroad, unduly burdensome and unintelligible, including in that it seeks all

26 documents on this subject without limitation as to time, and regardless of whether

27 such documents relate to products or matters at issue in this case. Mattel further

28 objects to the Request on the grounds that it seeks documents that are not relevant to

1    this action or likely to lead to the discovery of admissible evidence.  Mattel further
2    objects to this Request on the grounds that it seeks confidential, proprietary and
3    trade secret information, including such information that has no bearing on the
4    claims or defenses in this case.  Mattel further objects to this Request on the ground
5    that it calls for the disclosure of information subject to the attorney-client privilege
6    the attorney work-product doctrine and other applicable privileges.

7        Subject to the foregoing objections, Mattel responds as follows: Mattel will
8    produce responsive, non-privileged documents relating to Sarah Buzby's knowledge
9    of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
10   in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
11   after a diligent search and reasonable inquiry, to the extent not previously produced.

12   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
13   **TO SHOULD BE COMPELLED**

14       Mattel has improperly limited its agreement to produce documents in
15   response to this request, subject to its improper boilerplate objections.  Mattel has
16   refused to confirm whether or not it has produced all non-privileged responsive
17   documents or whether it is withholding documents based on its objections in Phase
18   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
19   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
20   Generic objections that fail to explain the basis for an objection with specificity are
21   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
22   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
23   'overly burdensome and harassing' are improper – especially when a party fails to
24   submit any evidentiary declarations supporting such objections").  Accordingly,
25   Mattel must be compelled either to certify that it has produced all non-privileged
26   responsive documents or to produce all such documents by a date certain.

27       To the extent that Mattel is relying on its blanket objections, they are not
28   sustainable and do not justify Mattel's failure to produce documents.

1    As to overbreadth, Mattel provides no explanation, let alone the required
2 particularity, as to why this request is supposedly overly broad, nor can it do so.
3 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
4 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
5 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
6 custody, or control concerning Buzby's alleged knowledge of "[t]he development
7 and ownership of intellectual property at issue." This area of information is taken
8 directly from Mattel's allegations regarding Buzby's in its initial disclosures.
9 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
10 p. 4).

11    As to burden, Mattel has not attempted to demonstrate why responding to this
12 request and/or producing responsive documents presents any burden. This objection
13 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
14 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
15 unduly burdensome must allege specific facts which indicate the nature and extent
16 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
17 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
18 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
19 secrets. MGA is entitled to discovery on this claim.

20    This request does not seek documents protected by the attorney-client
21 privilege, the attorney work product doctrine, or other applicable privileges. To the
22 extent that Mattel contends that it does, Mattel must provide a privilege log.

23    This request seeks relevant information. Mattel identified Buzby in its initial
24 disclosures an individual with discoverable knowledge regarding "[t]he
25 development and ownership of intellectual property at issue." Rutowski Decl.
26 Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 4).
27 Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
28

1   Further, this information is relevant to, among other things, Mattel's trade secret
2   defense and MGA's claims of trade dress infringement.

3        Mattel's objection that the request seeks confidential, proprietary, and trade
4   secret information should be disregarded.  The parties have entered into a protective
5   order in this matter, which governs the handling of confidential business
6   information.  Further, Mattel has put its confidential business information at issue in
7   this litigation, including but not limited to its trade secret misappropriation claim
8   Accordingly, it cannot resist discovery of confidential business information.

9        Finally, Mattel has improperly limited its agreement to produce to "the facts
10  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
11  the individual is identified as being knowledgeable about certain topics in Mattel's
12  initial disclosures, Mattel's obligation to produce does not end with the facts that it
13  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
14  information from the individual on the topics identified, regardless of whether it
15  supports the facts as alleged by Mattel, MGA, or any other party.  See Order
16  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
17  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
18  MGA might be excluding documents that are responsive to the request based upon
19  its unilateral determination of what is 'relevant' or 'sufficient.'").

20       None of Mattel's improper objections are valid and Mattel is obligated to
21  produce all non-privileged responsive documents in its possession, custody, or
22  control.

23  **MATTEL'S RESPONSE:**

24       MGA complains that Mattel has limited its responses  regarding individuals in
25  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
26  disclosures."  Mattel has produced all information as to these individuals that is
27  relevant or pertinent to this litigation.  There is nothing to compel.

28

1  Quite simply, there is nothing to compel.  Mattel has produced responsive,
2  non-privileged documents relating to Buzby's knowledge of the facts at issue in this
3  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
4  custody or control.

5  **REQUEST FOR PRODUCTION NO. 205:**

6  All DOCUMENTS REFERRING OR RELATING TO Juan Carlos Virrueta
7  Carnacho's alleged knowledge of "MGA's access to Mattel's intellectual property
8  and trade secrets" and "MGA business practices," as alleged in MATTEL'S
9  INITIAL DISCLOSURES.

10  **RESPONSE TO REQUEST NO. 205:**

11  In addition to the general objections stated above which are incorporated
12  herein by reference, Mattel objects to this Request on the grounds that it is
13  overbroad, unduly burdensome and unintelligible, including in that it seeks all
14  documents on this subject without limitation as to time, and regardless of whether
15  such documents relate to products or matters at issue in this case.  Mattel further
16  objects to the Request on the grounds that it seeks documents that are not relevant to
17  this action or likely to lead to the discovery of admissible evidence.  Mattel further
18  objects to this Request on the grounds that it seeks confidential, proprietary and
19  trade secret information that has no bearing on the claims or defenses in this case.
20  Mattel further objects to this Request on the grounds that it calls for the disclosure
21  of information subject to the attorney-client privilege, the attorney work product
22  doctrine and other applicable privileges.

23  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 205:**

24  In addition to the general objections stated above which are incorporated
25  herein by reference, Mattel objects to this Request on the grounds that it is
26  overbroad, unduly burdensome and unintelligible, including in that it seeks all
27  documents on this subject without limitation as to time, and regardless of whether
28  such documents relate to products or matters at issue in this case.  Mattel further

-113-

1  objects to the Request on the grounds that it seeks documents that are not relevant to
2  this action or likely to lead to the discovery of admissible evidence.  Mattel further
3  objects to this Request on the grounds that it calls for documents or information in
4  the possession, custody or control of MGA, including without limitation documents
5  and information that MGA has been compelled by Court orders to produce but has
6  not produced.  Mattel further objects to this Request on the grounds that it seeks
7  confidential, proprietary and trade secret information, including such information
8  that has no bearing on the claims or defenses in this case.  Mattel further objects to
9  this Request on the grounds that it calls for the disclosure of information subject to
10 the attorney-client privilege, the attorney work product doctrine and other applicable
11 privileges.

12        Subject to the foregoing objections, Mattel responds as follows: Mattel will
13 produce responsive, non-privileged documents relating to Juan Carlos Virrueta
14 Carnacho's knowledge of the facts at issue in this litigation as alleged in Mattel's
15 Initial Disclosures that are in Mattel's possession, custody, or control, if any, that
16 Mattel has been able to locate after a diligent search and reasonable inquiry, to the
17 extent not previously produced.

18 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
19 **TO SHOULD BE COMPELLED**

20        Mattel has improperly limited its agreement to produce documents in
21 response to this request, subject to its improper boilerplate objections.  Mattel has
22 refused to confirm whether or not it has produced all non-privileged responsive
23 documents or whether it is withholding documents based on its objections in Phase
24 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
25 must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
26 Generic objections that fail to explain the basis for an objection with specificity are
27 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
28 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

1  'overly burdensome and harassing' are improper – especially when a party fails to
2  submit any evidentiary declarations supporting such objections"). Accordingly,
3  Mattel must be compelled either to certify that it has produced all non-privileged
4  responsive documents or to produce all such documents by a date certain.

5       To the extent that Mattel is relying on its blanket objections, they are not
6  sustainable and do not justify Mattel's failure to produce documents.

7       As to overbreadth, Mattel provides no explanation, let alone the required
8  particularity, as to why this request is supposedly overly broad, nor can it do so.
9  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
10 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
11 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
12 custody, or control concerning Camacho's alleged knowledge of "MGA's access to
13 Mattel's intellectual property and trade secrets" and "MGA's business practices."
14 This area of information is taken directly from Mattel's allegations regarding
15 Camacho in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated
16 Initial Disclosures, dated Jan. 5, 2007, pp. 4-5).

17      As to burden, Mattel has not attempted to demonstrate why responding to this
18 request and/or producing responsive documents presents any burden.  This objection
19 must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
20 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
21 unduly burdensome must allege specific facts which indicate the nature and extent
22 of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
23 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
24 only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
25 secrets.  MGA is entitled to discovery on this claim.

26      This request does not seek documents protected by the attorney-client
27 privilege, the attorney work product doctrine, or other applicable privileges.  To the
28 extent that Mattel contends that it does, Mattel must provide a privilege log.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1      This request seeks relevant information. Mattel identified Camacho in its
2 initial disclosures an individual with discoverable knowledge regarding "MGA's
3 access to Mattel's intellectual property and trade secrets" and "MGA business
4 practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
5 Jan. 5, 2007, pp. 4-5). Accordingly, Mattel's initial disclosures demonstrate the
6 relevance of this request. Further, this information is relevant to, among other
7 things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
8 MGA's affirmative defenses of statute of limitations and laches.

9      Mattel's objection that the request seeks information within MGA's
10 possession, custody or control is nonsensical and lacks factual support. Mattel
11 makes no argument, let alone a factual showing, that any documents in MGA's
12 possession are duplicative of documents within Mattel's control. MGA is entitled to
13 discovery from Mattel of documents within its possession, custody, or control that
14 relate to the subject of this suit. Mattel cannot avoid this obligation by making a
15 conclusory statement that MGA also possesses responsive documents.

16      Mattel's objection that the request seeks confidential, proprietary, and trade
17 secret information should be disregarded. The parties have entered into a protective
18 order in this matter, which governs the handling of confidential business
19 information. Further, Mattel has put its confidential business information at issue in
20 this litigation, including but not limited to its trade secret misappropriation claim
21 Accordingly, it cannot resist discovery of confidential business information.

22      Finally, Mattel has improperly limited its agreement to produce to "the facts
23 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
24 the individual is identified as being knowledgeable about certain topics in Mattel's
25 initial disclosures, Mattel's obligation to produce does not end with the facts that it
26 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
27 information from the individual on the topics identified, regardless of whether it
28 supports the facts as alleged by Mattel, MGA, or any other party. See Order

1   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
2   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
3   MGA might be excluding documents that are responsive to the request based upon
4   its unilateral determination of what is 'relevant' or 'sufficient.'").

5       None of Mattel's improper objections are valid and Mattel is obligated to
6   produce all non-privileged responsive documents in its possession, custody, or
7   control.

8   **MATTEL'S RESPONSE:**

9       MGA ignores that (i) Mattel has produced its non-privileged, responsive
10  documents, as it agreed to do, and that (ii) most information sought by this request is
11  within MGA's possession, custody or control, and is equally if not more readily
12  available to MG Camacho is an employee of MGA.  MGA gives no reason why it
13  requests information from Mattel regarding its *own company* and its *own employee*,
14  other than to say that "this area of information is taken directly from Mattel's
15  allegations regarding Camacho in its initial disclosures."  Indeed, it appears that
16  MGA merely cut and paste its request from Mattel's initial disclosures without
17  consideration as to what information Mattel may have that is already within MGA's
18  possession, custody or control.

19      MGA's conclusory arguments also ignore that the Request is facially
20  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
21  Civil Procedure do not permit MGA to use broad discovery requests untethered to
22  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
23  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
24  See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
25  Cir. 2004) ("District courts need not condone the use of discovery to engage in
26  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
27  Camacho's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮
28  ▮▮▮▮▮ MGA makes no attempt to link this request with the claims and defenses

-117-

1  in this case. For example, Camacho may have knowledge of MGA's retirement
2  plans, health benefits, OSHA compliance, sexual harassment policies, or any
3  number of subjects regarding business practices at MGA which clearly fall outside
4  the narrow scope required by the Discovery Master. Because MGA has not linked
5  its broad request to any of the numerous and far-ranging allegations of unfair
6  competition set forth in its complaint, the Discovery Master should uphold Mattel's
7  overbreadth objection.

8      The term "RELATING TO … alleged knowledge" as used in the request is
9  likewise overbroad. The universe of documents that could "relate" to Camacho's
10 knowledge are potentially without limit. The request is not confined to documents
11 in Camacho's possession or control; rather, all documents containing information
12 that Camacho coincidentally knows about the subjects at issue are subsumed within
13 this request.

14     MGA complains that Mattel has limited its responses regarding individuals in
15 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
16 disclosures." Mattel has produced all information as to these individuals that is
17 relevant or pertinent to this litigation. There is nothing to compel.

18     Quite simply, there is nothing to compel. Mattel has produced responsive,
19 non-privileged documents relating to Camacho's knowledge of the facts at issue in
20 this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
21 possession, custody or control, if any, that Mattel has been able to locate after a
22 diligent search. and reasonable inquiry.

23 **REQUEST FOR PRODUCTION NO. 206:**

24     All DOCUMENTS REFERRING OR RELATING TO Kathy Casey's alleged
25 knowledge of "Mattel's business operations and the development and ownership of
26 intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

27

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1 | **RESPONSE TO REQUEST NO. 206:**

2      In addition to the general objections stated above which are incorporated
3 herein by reference, Mattel objects to this Request on the grounds that it is
4 overbroad, unduly burdensome and unintelligible, including in that it seeks all
5 documents on this subject without limitation as to time, and regardless of whether
6 such documents relate to products or matters at issue in this case. Mattel further
7 objects to the Request on the grounds that it seeks documents that are not relevant to
8 this action or likely to lead to the discovery of admissible evidence. Mattel further
9 objects to this Request on the grounds that it seeks confidential, proprietary and
10 trade secret information that has no bearing on the claims or defenses in this case.
11 Mattel further objects to this Request on the grounds that it calls for the disclosure
12 of information subject to the attorney-client privilege, the attorney work product
13 doctrine and other applicable privileges.

14 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 206:**

15      In addition to the general objections stated above which are incorporated
16 herein by reference, Mattel objects to this Request on the grounds that it is
17 overbroad, unduly burdensome and unintelligible, including in that it seeks all
18 documents on this subject without limitation as to time, and regardless of whether
19 such documents relate to products or matters at issue in this case. Mattel further
20 objects to the Request on the grounds that it seeks documents that are not relevant to
21 this action or likely to lead to the discovery of admissible evidence. Mattel further
22 objects to this Request on the grounds that it seeks confidential, proprietary and
23 trade secret information, including such information that has no bearing on the
24 claims or defenses in this case. Mattel further objects to this Request on the ground
25 that it calls for the disclosure of information subject to the attorney-client privilege
26 the attorney work-product doctrine and other applicable privileges.

27      Subject to the foregoing objections, Mattel responds as follows: Mattel will
28 produce responsive, non-privileged documents relating to Kathy Casey's knowledge

1 of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
2 in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
3 after a diligent search and reasonable inquiry, to the extent not previously produced.

4 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
5 **TO SHOULD BE COMPELLED**

6      Mattel has improperly limited its agreement to produce documents in
7 response to this request, subject to its improper boilerplate objections. Mattel has
8 refused to confirm whether or not it has produced all non-privileged responsive
9 documents or whether it is withholding documents based on its objections in Phase
10 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
11 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
12 Generic objections that fail to explain the basis for an objection with specificity are
13 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
14 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
15 'overly burdensome and harassing' are improper – especially when a party fails to
16 submit any evidentiary declarations supporting such objections"). Accordingly,
17 Mattel must be compelled either to certify that it has produced all non-privileged
18 responsive documents or to produce all such documents by a date certain.

19      To the extent that Mattel is relying on its blanket objections, they are not
20 sustainable and do not justify Mattel's failure to produce documents.

21      As to overbreadth, Mattel provides no explanation, let alone the required
22 particularity, as to why this request is supposedly overly broad, nor can it do so.
23 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
24 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
25 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
26 custody, or control concerning Casey's alleged knowledge of "Mattel's business
27 operations and the development and ownership of intellectual property at issue."
28 This area of information is taken directly from Mattel's allegations regarding Casey

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1 | in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
2 | Disclosures, dated Jan. 5, 2007, p. 5).

3 | As to burden, Mattel has not attempted to demonstrate why responding to this
4 | request and/or producing responsive documents presents any burden.  This objection
5 | must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
6 | F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7 | unduly burdensome must allege specific facts which indicate the nature and extent
8 | of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
9 | unduly burdensome, as noted above, in that the request is narrowly tailored to seek
10 | only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
11 | secrets.  MGA is entitled to discovery on this claim.

12 | This request does not seek documents protected by the attorney-client
13 | privilege, the attorney work product doctrine, or other applicable privileges.  To the
14 | extent that Mattel contends that it does, Mattel must provide a privilege log.

15 | This request seeks relevant information.  Mattel identified Casey in its initial
16 | disclosures an individual with discoverable knowledge regarding "Mattel's busines
17 | operations and the development and ownership of intellectual property at issue."
18 | Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
19 | p. 5).  Accordingly, Mattel's initial disclosures demonstrate the relevance of this
20 | request.  Further, this information is relevant to, among other things, Mattel's trade
21 | secret defense and MGA's claims of trade dress infringement.

22 | Mattel's objection that the request seeks confidential, proprietary, and trade
23 | secret information should be disregarded.  The parties have entered into a protective
24 | order in this matter, which governs the handling of confidential business
25 | information.  Further, Mattel has put its confidential business information at issue in
26 | this litigation, including but not limited to its trade secret misappropriation claim
27 | Accordingly, it cannot resist discovery of confidential business information.

28 |

1    Finally, Mattel has improperly limited its agreement to produce to "the facts
2  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
3  the individual is identified as being knowledgeable about certain topics in Mattel's
4  initial disclosures, Mattel's obligation to produce does not end with the facts that it
5  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
6  information from the individual on the topics identified, regardless of whether it
7  supports the facts as alleged by Mattel, MGA, or any other party.  <u>See</u> Order
8  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10  MGA might be excluding documents that are responsive to the request based upon
11  its unilateral determination of what is 'relevant' or 'sufficient.'").

12    None of Mattel's improper objections are valid and Mattel is obligated to
13  produce all non-privileged responsive documents in its possession, custody, or
14  control.

15  **MATTEL'S RESPONSE:**

16    MGA's conclusory arguments  ignore that the Request is facially overbroad.
17  The Discovery Master has previously ruled that "[t]he Federal Rules of Civil
18  Procedure do not permit MGA to use broad discovery requests untethered to any
19  claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion for
20  protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.  <u>See
21  also</u> Fed.R.Civ.P. 26(b)(1); <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir.
22  2004) ("District courts need not condone the use of discovery to engage in 'fishing
23  expeditions.'").  Here, MGA seeks all documents referring or relating to Casey's
24  knowledge of extremely broad subjects—including "Mattel's business operations."
25  MGA makes no attempt to link this request with the claims and defenses in this
26  case.  For example, Casey may have knowledge of Mattel's retirement plans, health
27  benefits, OSHA compliance, sexual harassment policies, or any number of subjects
28  regarding business operations at Mattel which clearly fall outside the narrow scope

-122

1   required by the Discovery Master. Because MGA has not linked its broad request to
2   any of the numerous and far-ranging allegations of unfair competition set forth in its
3   complaint, the Discovery Master should uphold Mattel's overbreadth objection.

4          The term "RELATING TO ... alleged knowledge" as used in the request is
5   likewise overbroad.  The universe of documents that could "relate" to Casey's
6   knowledge are potentially without limit.  The request is not confined to documents
7   in Casey's possession or control; rather, all documents containing information that
8   Casey coincidentally knows about the subjects at issue are subsumed within this
9   request.

10          MGA complains that Mattel has limited its responses  regarding individuals in
11  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
12  disclosures."  Mattel has produced all information as to these individuals that is
13  relevant or pertinent to this litigation.  There is nothing to compel.

14          Quite simply, there is nothing to compel.  Mattel has produced responsive,
15  non-privileged documents relating to Casey's knowledge of the facts at issue in this
16  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
17  custody or control, if any, that Mattel has been able to locate after a diligent search.
18  and reasonable inquiry.

19  **REQUEST FOR PRODUCTION NO. 207:**

20          All DOCUMENTS in Kathy Casey's possession or control REFERRING OR
21  RELATING TO her alleged knowledge of "Mattel's business operations and the
22  development and ownership of intellectual property at issue," as alleged in
23  MATTEL'S INITIAL DISCLOSURES.

24  **RESPONSE TO REQUEST NO. 207:**

25          In addition to the general objections stated above which are incorporated
26  herein by reference, Mattel objects to this Request on the grounds that it is
27  overbroad, unduly burdensome and unintelligible, including in that it seeks all
28  documents on this subject without limitation as to time, and regardless of whether

-123

1    such documents relate to products or matters at issue in this case. Mattel further

2    objects to the Request on the grounds that it seeks documents that are not relevant to

3    this action or likely to lead to the discovery of admissible evidence. Mattel further

4    objects to this Request on the grounds that it seeks confidential, proprietary and

5    trade secret information that has no bearing on the claims or defenses in this case.

6    Mattel further objects to this Request on the grounds that it calls for the disclosure

7    of information subject to the attorney-client privilege, the attorney work product

8    doctrine and other applicable privileges.

9    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 207:**

10         In addition to the general objections stated above which are incorporated

11    herein by reference, Mattel objects to this Request on the grounds that it is

12    overbroad, unduly burdensome and unintelligible, including in that it seeks all

13    documents on this subject without limitation as to time, and regardless of whether

14    such documents relate to products or matters at issue in this case. Mattel further

15    objects to the Request on the grounds that it seeks documents that are not relevant to

16    this action or likely to lead to the discovery of admissible evidence. Mattel further

17    objects to this Request on the grounds that it seeks confidential, proprietary and

18    trade secret information, including such information that has no bearing on the

19    claims or defenses in this case. Mattel further objects to this Request on the ground

20    that it calls for the disclosure of information subject to the attorney-client privilege

21    the attorney work-product doctrine and other applicable privileges.

22         Subject to the foregoing objections, Mattel responds as follows: Mattel will

23    produce responsive, non-privileged documents relating to Kathy Casey's knowledge

24    of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

25    in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

26    after a diligent search and reasonable inquiry, to the extent not previously produced.

27

28

1 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2 | **TO SHOULD BE COMPELLED**

3 |      Mattel has improperly limited its agreement to produce documents in
4 | response to this request, subject to its improper boilerplate objections. Mattel has
5 | refused to confirm whether or not it has produced all non-privileged responsive
6 | documents or whether it is withholding documents based on its objections in Phase
7 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
8 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
9 | Generic objections that fail to explain the basis for an objection with specificity are
10 | routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
11 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
12 | 'overly burdensome and harassing' are improper – especially when a party fails to
13 | submit any evidentiary declarations supporting such objections"). Accordingly,
14 | Mattel must be compelled either to certify that it has produced all non-privileged
15 | responsive documents or to produce all such documents by a date certain.

16 |      To the extent that Mattel is relying on its blanket objections, they are not
17 | sustainable and do not justify Mattel's failure to produce documents.

18 |      As to overbreadth, Mattel provides no explanation, let alone the required
19 | particularity, as to why this request is supposedly overly broad, nor can it do so.
20 | This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
21 | (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
22 | contrary, the request is narrowly tailored to seek documents in Mattel's possession,
23 | custody, or control concerning Casey's alleged knowledge of "Mattel's business
24 | operations and the development and ownership of intellectual property at issue."
25 | This area of information is taken directly from Mattel's allegations regarding Casey
26 | in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
27 | Disclosures, dated Jan. 5, 2007, p. 5).

28 |

1    As to burden, Mattel has not attempted to demonstrate why responding to this
2    request and/or producing responsive documents presents any burden. This objection
3    must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
4    F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
5    unduly burdensome must allege specific facts which indicate the nature and extent
6    of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
7    unduly burdensome, as noted above, in that the request is narrowly tailored to seek
8    only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
9    secrets. MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client
11    privilege, the attorney work product doctrine, or other applicable privileges. To the
12    extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information. Mattel identified Casey in its initial
14    disclosures an individual with discoverable knowledge regarding "Mattel's busines
15    operations and the development and ownership of intellectual property at issue."
16    Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
17    p. 5). Accordingly, Mattel's initial disclosures demonstrate the relevance of this
18    request. Further, this information is relevant to, among other things, Mattel's trade
19    secret defense and MGA's claims of trade dress infringement.

20    Mattel's objection that the request seeks confidential, proprietary, and trade
21    secret information should be disregarded. The parties have entered into a protective
22    order in this matter, which governs the handling of confidential business
23    information. Further, Mattel has put its confidential business information at issue in
24    this litigation, including but not limited to its trade secret misappropriation claim
25    Accordingly, it cannot resist discovery of confidential business information.

26    Finally, Mattel has improperly limited its agreement to produce to "the facts
27    at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
28    the individual is identified as being knowledgeable about certain topics in Mattel's

-126

1   initial disclosures, Mattel's obligation to produce does not end with the facts that it
2   has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
3   information from the individual on the topics identified, regardless of whether it
4   supports the facts as alleged by Mattel, MGA, or any other party. <u>See</u> Order
5   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
6   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
7   MGA might be excluding documents that are responsive to the request based upon
8   its unilateral determination of what is 'relevant' or 'sufficient.'").

9        None of Mattel's improper objections are valid and Mattel is obligated to
10  produce all non-privileged responsive documents in its possession, custody, or
11  control.

12  **MATTEL'S RESPONSE:**

13       MGA's conclusory arguments ignore that the Request is facially overbroad.
14  The Discovery Master has previously ruled that "[t]he Federal Rules of Civil
15  Procedure do not permit MGA to use broad discovery requests untethered to any
16  claim or defense." Order Granting in Part and Denying in Part Mattel's Motion for
17  protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007. <u>See
18  also</u> Fed.R.Civ.P. 26(b)(1); <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir.
19  2004) ("District courts need not condone the use of discovery to engage in 'fishing
20  expeditions.'"). Here, MGA seeks all documents referring or relating to Casey's
21  knowledge of extremely broad subjects—including "Mattel's business operations."
22  MGA makes no attempt to link this request with the claims and defenses in this
23  case. For example, Casey may have knowledge of Mattel's retirement plans, health
24  benefits, OSHA compliance, sexual harassment policies, or any number of subjects
25  regarding business operations at Mattel which clearly fall outside the narrow scope
26  required by the Discovery Master. Because MGA has not linked its broad request to
27  any of the numerous and far-ranging allegations of unfair competition set forth in its
28  complaint, the Discovery Master should uphold Mattel's overbreadth objection.

1   MGA complains that Mattel has limited its responses regarding individuals in
2   Mattel's Initial Disclosures to information "as alleged in Mattel's initial
3   disclosures." Mattel has produced all information as to these individuals that is
4   relevant or pertinent to this litigation. There is nothing to compel.

5   Quite simply, there is nothing to compel. Mattel has produced responsive,
6   non-privileged documents relating to Casey's knowledge of the facts at issue in this
7   litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
8   custody or control, if any, that Mattel has been able to locate after a diligent search.
9   and reasonable inquiry.

10  **REQUEST FOR PRODUCTION NO. 208:**

11  All DOCUMENTS REFERRING OR RELATING TO Jorge Castilla's
12  alleged knowledge of "MGA's access to Mattel's intellectual property and trade
13  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
14  DISCLOSURES.

15  **RESPONSE TO REQUEST NO. 208:**

16  In addition to the general objections stated above which are incorporated
17  herein by reference, Mattel objects to this Request on the grounds that it is
18  overbroad, unduly burdensome and unintelligible, including in that it seeks all
19  documents on this subject without limitation as to time, and regardless of whether
20  such documents relate to products or matters at issue in this case. Mattel further
21  objects to the Request on the grounds that it seeks documents that are not relevant to
22  this action or likely to lead to the discovery of admissible evidence. Mattel further
23  objects to this Request on the grounds that it seeks confidential, proprietary and
24  trade secret information that has no bearing on the claims or defenses in this case.
25  Mattel further objects to this Request on the grounds that it calls for the disclosure
26  of information subject to the attorney-client privilege, the attorney work product
27  doctrine and other applicable privileges.

28

-128-
MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 208:**

2 |      In addition to the general objections stated above which are incorporated
3 | herein by reference, Mattel objects to this Request on the grounds that it is
4 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
5 | documents on this subject without limitation as to time, and regardless of whether
6 | such documents relate to products or matters at issue in this case. Mattel further
7 | objects to the Request on the grounds that it seeks documents that are not relevant to
8 | this action or likely to lead to the discovery of admissible evidence. Mattel further
9 | objects to this Request on the grounds that it calls for documents or information in
10 | the possession, custody or control of MGA, including without limitation documents
11 | and information that MGA has been compelled by Court orders to produce but has
12 | not produced. Mattel further objects to this Request on the grounds that it seeks
13 | confidential, proprietary and trade secret information, including such information
14 | that has no bearing on the claims or defenses in this case. Mattel further objects to
15 | this Request on the grounds that it calls for the disclosure of information subject to
16 | the attorney-client privilege, the attorney work product doctrine and other applicable
17 | privileges.

18 |      Subject to the foregoing objections, Mattel responds as follows: Mattel will
19 | produce responsive, non-privileged documents relating to Jorge Castilla's
20 | knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
21 | Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
22 | has been able to locate after a diligent search and reasonable inquiry, to the extent
23 | not previously produced.

24 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
25 | **TO SHOULD BE COMPELLED**

26 |      Mattel has improperly limited its agreement to produce documents in
27 | response to this request, subject to its improper boilerplate objections. Mattel has
28 | refused to confirm whether or not it has produced all non-privileged responsive

1  documents or whether it is withholding documents based on its objections in Phase
2  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
3  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
4  Generic objections that fail to explain the basis for an objection with specificity are
5  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
6  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
7  'overly burdensome and harassing' are improper – especially when a party fails to
8  submit any evidentiary declarations supporting such objections"). Accordingly,
9  Mattel must be compelled either to certify that it has produced all non-privileged
10 responsive documents or to produce all such documents by a date certain.

11      To the extent that Mattel is relying on its blanket objections, they are not
12 sustainable and do not justify Mattel's failure to produce documents.

13      As to overbreadth, Mattel provides no explanation, let alone the required
14 particularity, as to why this request is supposedly overly broad, nor can it do so.
15 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
16 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
17 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
18 custody, or control concerning Castilla's alleged knowledge of "MGA's access to
19 Mattel's intellectual property and trade secrets" and "MGA's business practices."
20 This area of information is taken directly from Mattel's allegations regarding
21 Castilla in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated
22 Initial Disclosures, dated Jan. 5, 2007, p. 5).

23      As to burden, Mattel has not attempted to demonstrate why responding to this
24 request and/or producing responsive documents presents any burden. This objection
25 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
26 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
27 unduly burdensome must allege specific facts which indicate the nature and extent
28 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

1   unduly burdensome, as noted above, in that the request is narrowly tailored to seek
2   only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
3   secrets. MGA is entitled to discovery on this claim.

4        This request does not seek documents protected by the attorney-client
5   privilege, the attorney work product doctrine, or other applicable privileges. To the
6   extent that Mattel contends that it does, Mattel must provide a privilege log.

7        This request seeks relevant information. Mattel identified Castilla in its initial
8   disclosures an individual with discoverable knowledge regarding "MGA's access to
9   Mattel's intellectual property and trade secrets" and "MGA business practices."
10  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
11  p. 5). Accordingly, Mattel's initial disclosures demonstrate the relevance of this
12  request. Further, this information is relevant to, among other things, Mattel's trade
13  secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
14  defenses of statute of limitations and laches.

15       Mattel's objection that the request seeks information within MGA's
16  possession, custody or control is nonsensical and lacks factual support. Mattel
17  makes no argument, let alone a factual showing, that any documents in MGA's
18  possession are duplicative of documents within Mattel's control. MGA is entitled to
19  discovery from Mattel of documents within its possession, custody, or control that
20  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
21  conclusory statement that MGA also possesses responsive documents.

22       Mattel's objection that the request seeks confidential, proprietary, and trade
23  secret information should be disregarded. The parties have entered into a protective
24  order in this matter, which governs the handling of confidential business
25  information. Further, Mattel has put its confidential business information at issue in
26  this litigation, including but not limited to its trade secret misappropriation claim
27  Accordingly, it cannot resist discovery of confidential business information.

28

1   Finally, Mattel has improperly limited its agreement to produce to "the facts
2   at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
3   the individual is identified as being knowledgeable about certain topics in Mattel's
4   initial disclosures, Mattel's obligation to produce does not end with the facts that it
5   has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
6   information from the individual on the topics identified, regardless of whether it
7   supports the facts as alleged by Mattel, MGA, or any other party. See Order
8   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10  MGA might be excluding documents that are responsive to the request based upon
11  its unilateral determination of what is 'relevant' or 'sufficient.'").

12  None of Mattel's improper objections are valid and Mattel is obligated to
13  produce all non-privileged responsive documents in its possession, custody, or
14  control.

15  **MATTEL'S RESPONSE:**

16  MGA ignores that (i) Mattel has produced its non-privileged, responsive
17  documents, as it agreed to do, and that (ii) most information sought by this request is
18  within MGA's possession, custody or control, and is equally if not more readily
19  available to MG  Castilla is an employee of MGA. MGA gives no reason why it
20  requests information from Mattel regarding its *own company* and its *own employee*,
21  other than to say that "this area of information is taken directly from Mattel's
22  allegations regarding Castilla in its initial disclosures." Indeed, it appears that MGA
23  merely cut and paste its request from Mattel's initial disclosures without
24  consideration as to what information Mattel may have that is already within MGA's
25  possession, custody or control.

26  MGA's conclusory arguments also ignore that the Request is facially
27  overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
28  Civil Procedure do not permit MGA to use broad discovery requests untethered to

-132-

1  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion

2  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

3  See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

4  Cir. 2004) ("District courts need not condone the use of discovery to engage in

5  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to

6  Castilla's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7  ▮▮▮▮▮▮▮   MGA makes no attempt to link this request with the claims and defenses

8  in this case.  For example, Castilla may have knowledge of MGA's retirement plans,

9  health benefits, OSHA compliance, sexual harassment policies, or any number of

10  subjects regarding business practices at MGA which clearly fall outside the narrow

11  scope required by the Discovery Master. Because MGA has not linked its broad

12  request to any of the numerous and far-ranging allegations of unfair competition set

13  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth

14  objection.

15       The term "RELATING TO ... alleged knowledge" as used in the request is

16  likewise overbroad.  The universe of documents that could "relate" to Castilla's

17  knowledge are potentially without limit.  The request is not confined to documents

18  in Castilla's possession or control; rather, all documents containing information that

19  Castilla coincidentally knows about the subjects at issue are subsumed within this

20  request.

21       MGA complains that Mattel has limited its responses  regarding individuals in

22  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

23  disclosures."  Mattel has produced all information as to these individuals that is

24  relevant or pertinent to this litigation.  There is nothing to compel.

25       Quite simply, there is nothing to compel.  Mattel has produced responsive,

26  non-privileged documents relating to Castilla's knowledge of the facts at issue in

27  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

28  possession, custody or control.

-133-

1 **REQUEST FOR PRODUCTION NO. 209:**

2    All DOCUMENTS REFERRING OR RELATING TO Jimmy Cheng's

3 alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or

4 for MGA during his Mattel employment" and "MGA business practices," as alleged

5 in MATTEL'S INITIAL DISCLOSURES.

6 **RESPONSE TO REQUEST NO. 209:**

7    In addition to the general objections stated above which are incorporated

8 herein by reference, Mattel objects to this Request on the grounds that it is

9 overbroad, unduly burdensome and unintelligible, including in that it seeks all

10 documents on this subject without limitation as to time, and regardless of whether

11 such documents relate to products or matters at issue in this case.  Mattel further

12 objects to the Request on the grounds that it seeks documents that are not relevant to

13 this action or likely to lead to the discovery of admissible evidence.  Mattel further

14 objects to this Request on the grounds that it seeks confidential, proprietary and

15 trade secret information that has no bearing on the claims or defenses in this case.

16 Mattel further objects to this Request on the grounds that it calls for the disclosure

17 of information subject to the attorney-client privilege, the attorney work product

18 doctrine and other applicable privileges.

19 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 209**

20    In addition to the general objections stated above which are incorporated

21 herein by reference, Mattel objects to this Request on the grounds that it is

22 overbroad, unduly burdensome and unintelligible, including in that it seeks all

23 documents on this subject without limitation as to time, and regardless of whether

24 such documents relate to products or matters at issue in this case.  Mattel further

25 objects to the Request on the grounds that it seeks documents that are not relevant to

26 this action or likely to lead to the discovery of admissible evidence.  Mattel further

27 objects to this Request on the grounds that it calls for documents or information in

28 the possession, custody or control of MGA and/or Bryant, including without

1   limitation documents and information that MGA and Bryant have been compelled
2   by Court orders to produce but have not produced. Mattel further object to this
3   Request on the grounds that it seeks confidential, proprietary and trade secret
4   information, including such information that has no bearing on the claims or
5   defenses in this case. Mattel further objects to this Request on the grounds that it
6   calls for the disclosure of information subject to the attorney-client privilege, the
7   attorney work-product doctrine and other applicable privileges.

8          Subject to the foregoing objections, Mattel responds as follows: Matte will
9   produce responsive, non-privileged documents relating to Jimmy Cheng's
10  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
11  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
12  has been able to locate after a diligent search and reasonable inquiry, to the extent
13  not previously produced.

14  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
15  **TO SHOULD BE COMPELLED**

16         Mattel has improperly limited its agreement to produce documents in
17  response to this request, subject to its improper boilerplate objections. Mattel has
18  refused to confirm whether or not it has produced all non-privileged responsive
19  documents or whether it is withholding documents based on its objections in Phase
20  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
21  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
22  Generic objections that fail to explain the basis for an objection with specificity are
23  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
24  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
25  'overly burdensome and harassing' are improper – especially when a party fails to
26  submit any evidentiary declarations supporting such objections"). Accordingly,
27  Mattel must be compelled either to certify that it has produced all non-privileged
28  responsive documents or to produce all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are not
2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required
4    particularity, as to why this request is supposedly overly broad, nor can it do so.
5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
7    contrary, the request is narrowly tailored to seek documents in Mattel's possession,
8    custody, or control concerning Cheng's alleged knowledge of "[d]esign and
9    development of Bratz and Bryant' s work with or for MGA during his Mattel
10   employment" and "MGA's business practices."  This area of information is taken
11   directly from Mattel's allegations regarding Cheng in its initial disclosures.
12   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
13   p. 5).

14   As to burden, Mattel has not attempted to demonstrate why responding to this
15   request and/or producing responsive documents presents any burden.  This objection
16   must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
17   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
18   unduly burdensome must allege specific facts which indicate the nature and extent
19   of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
20   unduly burdensome, as noted above, in that the request is narrowly tailored to seek
21   only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
22   secrets.  MGA is entitled to discovery on this claim.

23   This request does not seek documents protected by the attorney-client
24   privilege, the attorney work product doctrine, or other applicable privileges.  To the
25   extent that Mattel contends that it does, Mattel must provide a privilege log.

26   This request seeks relevant information.  Mattel identified Cheng in its initial
27   disclosures an individual with discoverable knowledge regarding "[d]esign and
28   development of Bratz and Bryant' s work with or for MGA during his Mattel

-136-

1   employment" and "MGA business practices."  Rutowski Decl. Ex. 56 (Mattel's
2   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 5).  Accordingly, Mattel's
3   initial disclosures demonstrate the relevance of this request.  Further, this
4   information is relevant to, among other things, Mattel's trade secret defense, MGA's
5   claims of trade dress infringement, and MGA's affirmative defenses of statute of
6   limitations and laches.

7       Mattel's objection that the request seeks information within MGA's
8   possession, custody or control is nonsensical and lacks factual support.  Mattel
9   makes no argument, let alone a factual showing, that any documents in MGA's
10  possession are duplicative of documents within Mattel's control.  MGA is entitled to
11  discovery from Mattel of documents within its possession, custody, or control that
12  relate to the subject of this suit.  Mattel cannot avoid this obligation by making a
13  conclusory statement that MGA also possesses responsive documents.

14      Mattel's objection that the request seeks confidential, proprietary, and trade
15  secret information should be disregarded.  The parties have entered into a protective
16  order in this matter, which governs the handling of confidential business
17  information.  Further, Mattel has put its confidential business information at issue in
18  this litigation, including but not limited to its trade secret misappropriation claim
19  Accordingly, it cannot resist discovery of confidential business information.

20      Finally, Mattel has improperly limited its agreement to produce to "the facts
21  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
22  the individual is identified as being knowledgeable about certain topics in Mattel's
23  initial disclosures, Mattel's obligation to produce does not end with the facts that it
24  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
25  information from the individual on the topics identified, regardless of whether it
26  supports the facts as alleged by Mattel, MGA, or any other party.  See Order
27  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
28  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

1  MGA might be excluding documents that are responsive to the request based upon
2  its unilateral determination of what is 'relevant' or 'sufficient.'").

3       None of Mattel's improper objections are valid and Mattel is obligated to
4  produce all non-privileged responsive documents in its possession, custody, or
5  control.

6  **MATTEL'S RESPONSE:**

7       MGA ignores that (i) Mattel has produced its non-privileged, responsive
8  documents, as it agreed to do, and that (ii) most information sought by this request is
9  within MGA's possession, custody or control, and is equally if not more readily
10 available to MGA than it is to Mattel.  Cheng is an employee of MGA.  MGA gives
11 no reason why it requests information from Mattel regarding its *own company* and
12 its *own employee*, other than to say that "this area of information is taken directly
13 from Mattel's allegations regarding Cheng in its initial disclosures."  Indeed, it
14 appears that MGA merely cut and paste its request from Mattel's initial disclosures
15 without consideration as to what information Mattel may have that is already within
16 MGA's possession, custody or control.

17

18      MGA's request is duplicative of previous requests for which Mattel has
19 produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
20 produce documents responsive to MGA's First Set of Requests for the Production of
21 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[5]  Request Nos.
22 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
23 his work at Mattel and MGA and the design and development of Bratz.  Request
24 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring

25
26
27      [5]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
28 Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.

1   or relating to BRYANT."[6]  On September 11, 2007, Discovery Master Infante

2   granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and

3   260.[7]  Pursuant to this order, Mattel produced documents responsive to these

4   requests. Mattel has since confirmed that it has produced responsive, non-privileged

5   documents to these requests in its Third Supplemental Responses to MGA's First

6   Set of Requests for Production.[8]

7          MGA's conclusory arguments also ignore that the Request is facially

8   overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of

9   Civil Procedure do not permit MGA to use broad discovery requests untethered to

10  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion

11  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

12  See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

13  Cir. 2004) ("District courts need not condone the use of discovery to engage in

14  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to

15  Cheng's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮▮▮

16  ▮▮▮▮▮▮   MGA makes no attempt to link this request with the claims and defenses

17  in this case.  For example, Cheng may have knowledge of MGA's retirement plans,

18  health benefits, OSHA compliance, sexual harassment policies, or any number of

19  subjects regarding business practices at MGA which clearly fall outside the narrow

20  scope required by the Discovery Master. Because MGA has not linked its broad

21  request to any of the numerous and far-ranging allegations of unfair competition set

22  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth

23  objection.

24

25  [6]  See MGA's First Set of Requests for the Production of Documents and Things,
     dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

26  [7]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's

27  Motion to Compel, at 7-10, Dart Decl., Exh. 9.
     [8]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests

28  for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1   The term "RELATING TO ... alleged knowledge" as used in the request is
2   likewise overbroad.  The universe of documents that could "relate" to Cheng's
3   knowledge are potentially without limit.  The request is not confined to documents
4   in Cheng's possession or control; rather, all documents containing information that
5   Cheng coincidentally knows about the subjects at issue are subsumed within this
6   request.

7   MGA complains that Mattel has limited its responses  regarding individuals in
8   Mattel's Initial Disclosures to information "as alleged in Mattel's initial
9   disclosures."  Mattel has produced all information as to these individuals that is
10   relevant or pertinent to this litigation.  There is nothing to compel.

11   Quite simply, there is nothing to compel.  Mattel has produced responsive,
12   non-privileged documents relating to Cheng's knowledge of the facts at issue in this
13   litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
14   custody or control.

15   **REQUEST FOR PRODUCTION NO. 210:**

16   All DOCUMENTS REFERRING OR RELATING TO Steve Quoc Cheng's
17   alleged knowledge of "MGA's access to Mattel's intellectual property and trade
18   secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
19   DISCLOSURES.

20   **RESPONSE TO REQUEST NO. 210**

21   In addition to the general objections stated above which are incorporated
22   herein by reference, Mattel objects to this Request on the grounds that it is
23   overbroad, unduly burdensome and unintelligible, including in that it seeks all
24   documents on this subject without limitation as to time, and regardless of whether
25   such documents relate to products or matters at issue in this case.  Mattel further
26   objects to the Request on the grounds that it seeks documents that are not relevant to
27   this action or likely to lead to the discovery of admissible evidence.  Mattel further
28   objects to this Request on the grounds that it seeks confidential, proprietary and

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1 trade secret information that has no bearing on the claims or defenses in this case.
2 Mattel further objects to this Request on the grounds that it calls for the disclosure
3 of information subject to the attorney-client privilege, the attorney work product
4 doctrine and other applicable privileges.
5 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 210**
6       In addition to the general objections stated above which are incorporated
7 herein by reference, Mattel objects to this Request on the grounds that it is
8 overbroad, unduly burdensome and unintelligible, including in that it seeks all
9 documents on this subject without limitation as to time, and regardless of whether
10 such documents relate to products or matters at issue in this case. Mattel further
11 objects to the Request on the grounds that it seeks documents that are not relevant to
12 this action or likely to lead to the discovery of admissible evidence. Mattel further
13 objects to this Request on the grounds that it calls for documents or information in
14 the possession, custody or control of MGA and/or Bryant, including without
15 limitation documents and information that MGA and Bryant have been compelled
16 by Court orders to produce but have not produced. Mattel further object to this
17 Request on the grounds that it seeks confidential, proprietary and trade secret
18 information, including such information that has no bearing on the claims or
19 defenses in this case. Mattel further objects to this Request on the grounds that it
20 calls for the disclosure of information subject to the attorney-client privilege, the
21 attorney work-product doctrine and other applicable privileges.
22       Subject to the foregoing objections, Mattel responds as follows: Mattel will
23 produce responsive, non-privileged documents relating to Steve Quoc Cheng's
24 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
25 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
26 has been able to locate after a diligent search and reasonable inquiry, to the extent
27 not previously produced.
28