1 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2 | **TO SHOULD BE COMPELLED**

3 |     Mattel has improperly limited its agreement to produce documents in
4 | response to this request, subject to its improper boilerplate objections. Mattel has
5 | refused to confirm whether or not it has produced all non-privileged responsive
6 | documents or whether it is withholding documents based on its objections in Phase
7 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
8 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
9 | Generic objections that fail to explain the basis for an objection with specificity are
10 | routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
11 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
12 | 'overly burdensome and harassing' are improper – especially when a party fails to
13 | submit any evidentiary declarations supporting such objections"). Accordingly,
14 | Mattel must be compelled either to certify that it has produced all non-privileged
15 | responsive documents or to produce all such documents by a date certain.

16 |     To the extent that Mattel is relying on its blanket objections, they are not
17 | sustainable and do not justify Mattel's failure to produce documents.

18 |     As to overbreadth, Mattel provides no explanation, let alone the required
19 | particularity, as to why this request is supposedly overly broad, nor can it do so.
20 | This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
21 | (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
22 | contrary, the request is narrowly tailored to seek documents in Mattel's possession,
23 | custody, or control concerning Cheng's alleged knowledge of "MGA's access to
24 | Mattel's intellectual property and trade secrets" and "MGA's business practices."
25 | This area of information is taken directly from Mattel's allegations regarding Chen
26 | in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
27 | Disclosures, dated Jan. 5, 2007, p. 5).

28 |

1    As to burden, Mattel has not attempted to demonstrate why responding to this
2  request and/or producing responsive documents presents any burden. This objection
3  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
4  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
5  unduly burdensome must allege specific facts which indicate the nature and extent
6  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
7  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
8  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
9  secrets. MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client
11  privilege, the attorney work product doctrine, or other applicable privileges. To the
12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information. Mattel identified Cheng in its initial
14  disclosures an individual with discoverable knowledge regarding "MGA's access to
15  Mattel's intellectual property and trade secrets" and "MGA business practices."
16  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
17  p. 5). Accordingly, Mattel's initial disclosures demonstrate the relevance of this
18  request. Further, this information is relevant to, among other things, Mattel's trade
19  secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
20  defenses of statute of limitations and laches.

21    Mattel's objection that the request seeks information within MGA's
22  possession, custody or control is nonsensical and lacks factual support. Mattel
23  makes no argument, let alone a factual showing, that any documents in MGA's
24  possession are duplicative of documents within Mattel's control. MGA is entitled to
25  discovery from Mattel of documents within its possession, custody, or control that
26  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
27  conclusory statement that MGA also possesses responsive documents.

28

1    Mattel's objection that the request seeks confidential, proprietary, and trade
2  secret information should be disregarded.  The parties have entered into a protective
3  order in this matter, which governs the handling of confidential business
4  information.  Further, Mattel has put its confidential business information at issue in
5  this litigation, including but not limited to its trade secret misappropriation claim
6  Accordingly, it cannot resist discovery of confidential business information.

7    Finally, Mattel has improperly limited its agreement to produce to "the facts
8  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
9  the individual is identified as being knowledgeable about certain topics in Mattel's
10  initial disclosures, Mattel's obligation to produce does not end with the facts that it
11  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
12  information from the individual on the topics identified, regardless of whether it
13  supports the facts as alleged by Mattel, MGA, or any other party.  See Order
14  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
15  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
16  MGA might be excluding documents that are responsive to the request based upon
17  its unilateral determination of what is 'relevant' or 'sufficient.'").

18    None of Mattel's improper objections are valid and Mattel is obligated to
19  produce all non-privileged responsive documents in its possession, custody, or
20  control.

21  **MATTEL'S RESPONSE:**

22    MGA ignores that (i) Mattel has produced its non-privileged, responsive
23  documents, as it agreed to do, and that (ii) most information sought by this request is
24  within MGA's possession, custody or control, and is equally if not more readily
25  available to MG  Cheng is an employee of MGA.  MGA gives no reason why it
26  requests information from Mattel regarding its *own company* and its *own employee*,
27  other than to say that "this area of information is taken directly from Mattel's
28  allegations regarding Cheng in its initial disclosures."  Indeed, it appears that MGA

1  merely cut and paste its request from Mattel's initial disclosures without
2  consideration as to what information Mattel may have that is already within MGA's
3  possession, custody or control.

4       MGA's conclusory arguments also ignore that the Request is facially
5  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
6  Civil Procedure do not permit MGA to use broad discovery requests untethered to
7  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
8  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
9  See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
10 Cir. 2004) ("District courts need not condone the use of discovery to engage in
11 'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
12 Cheng's knowledge of extremely broad subjects—including █████████████
13 ████████  MGA makes no attempt to link this request with the claims and defenses
14 in this case.  For example, Cheng may have knowledge of MGA's retirement plans,
15 health benefits, OSHA compliance, sexual harassment policies, or any number of
16 subjects regarding business practices at MGA which clearly fall outside the narrow
17 scope required by the Discovery Master. Because MGA has not linked its broad
18 request to any of the numerous and far-ranging allegations of unfair competition set
19 forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
20 objection.

21      The term "RELATING TO … alleged knowledge" as used in the request is
22 likewise overbroad.  The universe of documents that could "relate" to Cheng's
23 knowledge are potentially without limit.  The request is not confined to documents
24 in Cheng's possession or control; rather, all documents containing information that
25 Cheng coincidentally knows about the subjects at issue are subsumed within this
26 request.

27      MGA complains that Mattel has limited its responses  regarding individuals in
28 Mattel's Initial Disclosures to information "as alleged in Mattel's initial

-145-

1  disclosures." Mattel has produced all information as to these individuals that is
2  relevant or pertinent to this litigation. There is nothing to compel.

3       Quite simply, there is nothing to compel. Mattel has produced responsive,
4  non-privileged documents relating to Cheng's knowledge of the facts at issue in this
5  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
6  custody or control.

7  **REQUEST FOR PRODUCTION NO. 211:**

8       All DOCUMENTS REFERRING OR RELATING TO Maureen Mullen
9  Chianese's alleged knowledge of "[t]he development and ownership of intellectual
10  property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

11  **RESPONSE TO REQUEST NO. 211:**

12       In addition to the general objections stated above which are incorporated
13  herein by reference, Mattel objects to this Request on the grounds that it is
14  overbroad, unduly burdensome and unintelligible, including in that it seeks all
15  documents on this subject without limitation as to time, and regardless of whether
16  such documents relate to products or matters at issue in this case. Mattel further
17  objects to the Request on the grounds that it seeks documents that are not relevant to
18  this action or likely to lead to the discovery of admissible evidence. Mattel further
19  objects to this Request on the grounds that it seeks confidential, proprietary and
20  trade secret information that has no bearing on the claims or defenses in this case.
21  Mattel further objects to this Request on the grounds that it calls for the disclosure
22  of information subject to the attorney-client privilege, the attorney work product
23  doctrine and other applicable privileges.

24  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 211:**

25       In addition to the general objections stated above which are incorporated
26  herein by reference, Mattel objects to this Request on the grounds that it is
27  overbroad, unduly burdensome and unintelligible, including in that it seeks all
28  documents on this subject without limitation as to time, and regardless of whether

1  such documents relate to products or matters at issue in this case.  Mattel further
2  objects to the Request on the grounds that it seeks documents that are not relevant to
3  this action or likely to lead to the discovery of admissible evidence.  Mattel further
4  objects to this Request on the grounds that it calls for documents or information in
5  the possession, custody or control of MGA and/or Bryant, including without
6  limitation documents and information that MGA and Bryant have been compelled
7  by Court orders to produce but have not produced.  Mattel further object to this
8  Request on the grounds that it seeks confidential, proprietary and trade secret
9  information, including such information that has no bearing on the claims or
10  defenses in this case.  Mattel further objects to this Request on the grounds that it
11  calls for the disclosure of information subject to the attorney-client privilege, the
12  attorney work-product doctrine and other applicable privileges.

13      Subject to the foregoing objections, Mattel responds as follows: Mattel will
14  produce responsive, non-privileged documents relating to Maureen Mullen
15  Chianese's knowledge of the facts at issue in this litigation as alleged in Mattel's
16  Initial Disclosures that are in Mattel's possession, custody, or control, if any, that
17  Mattel has been able to locate after a diligent search and reasonable inquiry, to the
18  extent not previously produced.

19  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
20  **TO SHOULD BE COMPELLED**

21      Mattel has improperly limited its agreement to produce documents in
22  response to this request, subject to its improper boilerplate objections.  Mattel has
23  refused to confirm whether or not it has produced all non-privileged responsive
24  documents or whether it is withholding documents based on its objections in Phase
25  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
26  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
27  Generic objections that fail to explain the basis for an objection with specificity are
28  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

1 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
2 | 'overly burdensome and harassing' are improper – especially when a party fails to
3 | submit any evidentiary declarations supporting such objections"). Accordingly,
4 | Mattel must be compelled either to certify that it has produced all non-privileged
5 | responsive documents or to produce all such documents by a date certain.

6 | To the extent that Mattel is relying on its blanket objections, they are not
7 | sustainable and do not justify Mattel's failure to produce documents.

8 | As to overbreadth, Mattel provides no explanation, let alone the required
9 | particularity, as to why this request is supposedly overly broad, nor can it do so.
10 | This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
11 | (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
12 | contrary, the request is narrowly tailored to seek documents in Mattel's possession,
13 | custody, or control concerning Chianese's alleged knowledge of "[t]he development
14 | and ownership of intellectual property at issue." This area of information is taken
15 | directly from Mattel's allegations regarding Chianese in its initial disclosures.
16 | Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
17 | p. 5).

18 | As to burden, Mattel has not attempted to demonstrate why responding to this
19 | request and/or producing responsive documents presents any burden. This objection
20 | must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
21 | F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
22 | unduly burdensome must allege specific facts which indicate the nature and extent
23 | of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
24 | unduly burdensome, as noted above, in that the request is narrowly tailored to seek
25 | only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
26 | secrets. MGA is entitled to discovery on this claim.

27

28

1  This request does not seek documents protected by the attorney-client
2  privilege, the attorney work product doctrine, or other applicable privileges. To the
3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4  This request seeks relevant information. Mattel identified Chianese in its
5  initial disclosures an individual with discoverable knowledge regarding "[t]he
6  development and ownership of intellectual property at issue." Rutowski Decl.
7  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 5).
8  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
9  Further, this information is relevant to, among other things, Mattel's trade secret
10  defense and MGA's claims of trade dress infringement.

11  Mattel's objection that the request seeks information within MGA's
12  possession, custody or control is nonsensical and lacks factual support. Mattel
13  makes no argument, let alone a factual showing, that any documents in MGA's
14  possession are duplicative of documents within Mattel's control. MGA is entitled to
15  discovery from Mattel of documents within its possession, custody, or control that
16  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
17  conclusory statement that MGA also possesses responsive documents.

18  Mattel's objection that the request seeks confidential, proprietary, and trade
19  secret information should be disregarded. The parties have entered into a protective
20  order in this matter, which governs the handling of confidential business
21  information. Further, Mattel has put its confidential business information at issue in
22  this litigation, including but not limited to its trade secret misappropriation claim
23  Accordingly, it cannot resist discovery of confidential business information.

24  Finally, Mattel has improperly limited its agreement to produce to "the facts
25  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
26  the individual is identified as being knowledgeable about certain topics in Mattel's
27  initial disclosures, Mattel's obligation to produce does not end with the facts that it
28  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

1 information from the individual on the topics identified, regardless of whether it
2 supports the facts as alleged by Mattel, MGA, or any other party. <u>See</u> Order
3 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
4 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
5 MGA might be excluding documents that are responsive to the request based upon
6 its unilateral determination of what is 'relevant' or 'sufficient.'").

7     None of Mattel's improper objections are valid and Mattel is obligated to
8 produce all non-privileged responsive documents in its possession, custody, or
9 control.

10 **MATTEL'S RESPONSE:**

11     The term "RELATING TO ... alleged knowledge" as used in the request is
12 overbroad.  The universe of documents that could "relate" to Chianese's knowledge
13 are potentially without limit.  The request is not confined to documents in
14 Chianese's possession or control; rather, all documents containing information that
15 Chianese coincidentally knows about the subjects at issue are subsumed within this
16 request.

17     MGA complains that Mattel has limited its responses  regarding individuals in
18 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
19 disclosures."  Mattel has produced all information as to these individuals that is
20 relevant or pertinent to this litigation.  There is nothing to compel.

21     Quite simply, there is nothing to compel.  Mattel has produced responsive,
22 non-privileged documents relating to Chianese's knowledge of the facts at issue in
23 this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
24 possession, custody or control, if any, that Mattel has been able to locate after a
25 diligent search. and reasonable inquiry.

26
27
28

**REQUEST FOR PRODUCTION NO. 212:**

All DOCUMENTS REFERRING OR RELATING TO Ok Soo Choi's alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 212:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 212:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the ground

-151-

1  that it calls for the disclosure of information subject to the attorney-client privilege

2  the attorney work-product doctrine and other applicable privileges.

3       Subject to the foregoing objections, Mattel responds as follows: Mattel will

4  produce responsive, non-privileged documents relating to Ok Soo Choi's knowledge

5  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

6  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

7  after a diligent search and reasonable inquiry, to the extent not previously produced.

8  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

9  **TO SHOULD BE COMPELLED**

10     Mattel has improperly limited its agreement to produce documents in

11  response to this request, subject to its improper boilerplate objections. Mattel has

12  refused to confirm whether or not it has produced all non-privileged responsive

13  documents or whether it is withholding documents based on its objections in Phase

14  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

15  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

16  Generic objections that fail to explain the basis for an objection with specificity are

17  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

18  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

19  'overly burdensome and harassing' are improper – especially when a party fails to

20  submit any evidentiary declarations supporting such objections"). Accordingly,

21  Mattel must be compelled either to certify that it has produced all non-privileged

22  responsive documents or to produce all such documents by a date certain.

23       To the extent that Mattel is relying on its blanket objections, they are not

24  sustainable and do not justify Mattel's failure to produce documents.

25       As to overbreadth, Mattel provides no explanation, let alone the required

26  particularity, as to why this request is supposedly overly broad, nor can it do so.

27  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

28  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

1  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
2  custody, or control concerning Choi's alleged knowledge of "[t]he development an
3  ownership of intellectual property at issue." This area of information is taken
4  directly from Mattel's allegations regarding Choi in its initial disclosures. Rutowski
5  Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 5).

6       As to burden, Mattel has not attempted to demonstrate why responding to this
7  request and/or producing responsive documents presents any burden. This objection
8  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
9  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
10  unduly burdensome must allege specific facts which indicate the nature and extent
11  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
12  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
13  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
14  secrets. MGA is entitled to discovery on this claim.

15       This request does not seek documents protected by the attorney-client
16  privilege, the attorney work product doctrine, or other applicable privileges. To the
17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18       This request seeks relevant information. Mattel identified Choi in its initial
19  disclosures an individual with discoverable knowledge regarding "[t]he
20  development and ownership of intellectual property at issue." Rutowski Decl.
21  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 5).
22  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
23  Further, this information is relevant to, among other things, Mattel's trade secret
24  defense and MGA's claims of trade dress infringement.

25       Mattel's objection that the request seeks confidential, proprietary, and trade
26  secret information should be disregarded. The parties have entered into a protective
27  order in this matter, which governs the handling of confidential business
28  information. Further, Mattel has put its confidential business information at issue in

1  this litigation, including but not limited to its trade secret misappropriation claim
2  Accordingly, it cannot resist discovery of confidential business information.

3       Finally, Mattel has improperly limited its agreement to produce to "the facts
4  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
5  the individual is identified as being knowledgeable about certain topics in Mattel's
6  initial disclosures, Mattel's obligation to produce does not end with the facts that it
7  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
8  information from the individual on the topics identified, regardless of whether it
9  supports the facts as alleged by Mattel, MGA, or any other party.  <u>See</u> Order
10 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
11 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
12 MGA might be excluding documents that are responsive to the request based upon
13 its unilateral determination of what is 'relevant' or 'sufficient.'").

14      None of Mattel's improper objections are valid and Mattel is obligated to
15 produce all non-privileged responsive documents in its possession, custody, or
16 control.

17 **MATTEL'S RESPONSE:**

18      The term "RELATING TO … alleged knowledge" as used in the request is
19 likewise overbroad.  The universe of documents that could "relate" to Choi's
20 knowledge are potentially without limit.  The request is not confined to documents
21 in Choi's possession or control; rather, all documents containing information that
22 Choi coincidentally knows about the subjects at issue are subsumed within this
23 request.

24      MGA complains that Mattel has limited its responses  regarding individuals in
25 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
26 disclosures."  Mattel has produced all information as to these individuals that is
27 relevant or pertinent to this litigation.  There is nothing to compel.

28

1    Quite simply, there is nothing to compel.  Mattel has produced responsive,

2  non-privileged documents relating to Choi's knowledge of the facts at issue in this

3  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

4  custody or control, if any, that Mattel has been able to locate after a diligent search.

5  and reasonable inquiry.

6  **REQUEST FOR PRODUCTION NO. 213:**

7    All DOCUMENTS in Ok Soo Choi's possession or control REFERRING O

8  RELATING TO his or her alleged knowledge of "[t]he development and ownershi

9  of intellectual property at issue," as alleged in MATTEL'S INITIAL

10  DISCLOSURES.

11  **RESPONSE TO REQUEST NO. 213:**

12    In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it is

14  overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case.  Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant to

18  this action or likely to lead to the discovery of admissible evidence.  Mattel further

19  objects to this Request on the grounds that it seeks confidential, proprietary and

20  trade secret information that has no bearing on the claims or defenses in this case.

21  Mattel further objects to this Request on the grounds that it calls for the disclosure

22  of information subject to the attorney-client privilege, the attorney work product

23  doctrine and other applicable privileges.

24  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 213:**

25    In addition to the general objections stated above which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is

27  overbroad, unduly burdensome and unintelligible, including in that it seeks all

28  documents on this subject without limitation as to time, and regardless of whether

1   such documents relate to products or matters at issue in this case. Mattel further
2   objects to the Request on the grounds that it seeks documents that are not relevant to
3   this action or likely to lead to the discovery of admissible evidence. Mattel further
4   objects to this Request on the grounds that it seeks confidential, proprietary and
5   trade secret information, including such information that has no bearing on the
6   claims or defenses in this case. Mattel further objects to this Request on the ground
7   that it calls for the disclosure of information subject to the attorney-client privilege
8   the attorney work-product doctrine and other applicable privileges.

9       Subject to the foregoing objections, Mattel responds as follows: Mattel will
10  produce responsive, non-privileged documents relating to Ok Soo Choi's knowledge
11  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
12  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
13  after a diligent search and reasonable inquiry, to the extent not previously produced.

14  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
15  **TO SHOULD BE COMPELLED**

16      Mattel has improperly limited its agreement to produce documents in
17  response to this request, subject to its improper boilerplate objections. Mattel has
18  refused to confirm whether or not it has produced all non-privileged responsive
19  documents or whether it is withholding documents based on its objections in Phase
20  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
21  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
22  Generic objections that fail to explain the basis for an objection with specificity are
23  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
24  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
25  'overly burdensome and harassing' are improper – especially when a party fails to
26  submit any evidentiary declarations supporting such objections"). Accordingly,
27  Mattel must be compelled either to certify that it has produced all non-privileged
28  responsive documents or to produce all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are not
2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required
4    particularity, as to why this request is supposedly overly broad, nor can it do so.
5    This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
7    contrary, the request is narrowly tailored to seek documents in Mattel's possession,
8    custody, or control concerning Choi's alleged knowledge of "[t]he development an
9    ownership of intellectual property at issue." This area of information is taken
10   directly from Mattel's allegations regarding Choi in its initial disclosures. Rutowski
11   Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 5).

12   As to burden, Mattel has not attempted to demonstrate why responding to this
13   request and/or producing responsive documents presents any burden. This objection
14   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
15   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
16   unduly burdensome must allege specific facts which indicate the nature and extent
17   of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
18   unduly burdensome, as noted above, in that the request is narrowly tailored to seek
19   only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
20   secrets. MGA is entitled to discovery on this claim.

21   This request does not seek documents protected by the attorney-client
22   privilege, the attorney work product doctrine, or other applicable privileges. To the
23   extent that Mattel contends that it does, Mattel must provide a privilege log.

24   This request seeks relevant information. Mattel identified Choi in its initial
25   disclosures an individual with discoverable knowledge regarding "[t]he
26   development and ownership of intellectual property at issue." Rutowski Decl.
27   Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 5).
28   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

1 Further, this information is relevant to, among other things, Mattel's trade secret
2 defense and MGA's claims of trade dress infringement.

3     Mattel's objection that the request seeks confidential, proprietary, and trade
4 secret information should be disregarded. The parties have entered into a protective
5 order in this matter, which governs the handling of confidential business
6 information. Further, Mattel has put its confidential business information at issue in
7 this litigation, including but not limited to its trade secret misappropriation claim
8 Accordingly, it cannot resist discovery of confidential business information.

9     Finally, Mattel has improperly limited its agreement to produce to "the facts
10 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
11 the individual is identified as being knowledgeable about certain topics in Mattel's
12 initial disclosures, Mattel's obligation to produce does not end with the facts that it
13 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
14 information from the individual on the topics identified, regardless of whether it
15 supports the facts as alleged by Mattel, MGA, or any other party. See Order
16 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
17 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
18 MGA might be excluding documents that are responsive to the request based upon
19 its unilateral determination of what is 'relevant' or 'sufficient.'").

20     None of Mattel's improper objections are valid and Mattel is obligated to
21 produce all non-privileged responsive documents in its possession, custody, or
22 control.

23 **MATTEL'S RESPONSE:**

24     MGA complains that Mattel has limited its responses regarding individuals in
25 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
26 disclosures." Mattel has produced all information as to these individuals that is
27 relevant or pertinent to this litigation. There is nothing to compel.

28

1        Quite simply, there is nothing to compel. Mattel has produced responsive,

2  non-privileged documents relating to Choi's knowledge of the facts at issue in this

3  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

4  custody or control, if any, that Mattel has been able to locate after a diligent search.

5  and reasonable inquiry.

6  **REQUEST FOR PRODUCTION NO. 214:**

7        All DOCUMENTS REFERRING OR RELATING TO Fabienne Chonavel's

8  alleged knowledge of "[t]he development of Bratz and MGA's access to Mattel's

9  intellectual property and trade secrets" and "MGA business practices," as alleged in

10  MATTEL'S INITIAL DISCLOSURES.

11  **RESPONSE TO REQUEST NO. 214:**

12        In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it is

14  overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case. Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant to

18  this action or likely to lead to the discovery of admissible evidence. Mattel further

19  objects to this Request on the grounds that it seeks confidential, proprietary and

20  trade secret information that has no bearing on the claims or defenses in this case.

21  Mattel further objects to this Request on the grounds that it calls for the disclosure

22  of information subject to the attorney-client privilege, the attorney work product

23  doctrine and other applicable privileges.

24  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 214:**

25        In addition to the general objections stated above which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is

27  overbroad, unduly burdensome and unintelligible, including in that it seeks all

28  documents on this subject without limitation as to time, and regardless of whether

1  such documents relate to products or matters at issue in this case.  Mattel further
2  objects to the Request on the grounds that it seeks documents that are not relevant to
3  this action or likely to lead to the discovery of admissible evidence.  Mattel further
4  objects to this Request on the grounds that it seeks confidential, proprietary and
5  trade secret information, including such information that has no bearing on the
6  claims or defenses in this case.  Mattel further objects to this Request on the ground
7  that it calls for the disclosure of information subject to the attorney-client privilege
8  the attorney work-product doctrine and other applicable privileges.

9      Subject to the foregoing objections, Mattel responds as follows: Mattel will
10  produce responsive, non-privileged documents relating to Fabienne Chonavel's
11  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
12  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
13  has been able to locate after a diligent search and reasonable inquiry, to the extent
14  not previously produced.

15  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
16  **TO SHOULD BE COMPELLED**

17      Mattel has improperly limited its agreement to produce documents in
18  response to this request, subject to its improper boilerplate objections.  Mattel has
19  refused to confirm whether or not it has produced all non-privileged responsive
20  documents or whether it is withholding documents based on its objections in Phase
21  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
22  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
23  Generic objections that fail to explain the basis for an objection with specificity are
24  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
25  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
26  'overly burdensome and harassing' are improper – especially when a party fails to
27  submit any evidentiary declarations supporting such objections").  Accordingly,
28

1  Mattel must be compelled either to certify that it has produced all non-privileged
2  responsive documents or to produce all such documents by a date certain.

3      To the extent that Mattel is relying on its blanket objections, they are not
4  sustainable and do not justify Mattel's failure to produce documents.

5      As to overbreadth, Mattel provides no explanation, let alone the required
6  particularity, as to why this request is supposedly overly broad, nor can it do so.
7  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
8  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
10  custody, or control concerning Chonavel's alleged knowledge of "[t]he development
11  of Bratz and MGA's access to Mattel's intellectual property and trade secrets" and
12  "MGA's business practices." This area of information is taken directl from Mattel's
13  allegations regarding Chonavel in its initial disclosures. Rutowski Decl. Ex. 56
14  (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 5).

15      As to burden, Mattel has not attempted to demonstrate why responding to this
16  request and/or producing responsive documents presents any burden. This objection
17  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
18  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
19  unduly burdensome must allege specific facts which indicate the nature and extent
20  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
21  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
22  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
23  secrets. MGA is entitled to discovery on this claim.

24      This request does not seek documents protected by the attorney-client
25  privilege, the attorney work product doctrine, or other applicable privileges. To the
26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27      This request seeks relevant information. Mattel identified Chonavel in its
28  initial disclosures an individual with discoverable knowledge regarding "[t]he

1   development of Bratz and MGA's access to Mattel's intellectual property and trade
2   secrets" and "MGA's business practices." Rutowski Decl. Ex. 56 (Mattel's
3   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 5). Accordingly, Mattel's
4   initial disclosures demonstrate the relevance of this request. Further, this
5   information is relevant to, among other things, Mattel's trade secret defense, MGA's
6   claims of trade dress infringement, and MGA's affirmative defenses of statute of
7   limitations and laches.

8       Mattel's objection that the request seeks confidential, proprietary, and trade
9   secret information should be disregarded. The parties have entered into a protective
10  order in this matter, which governs the handling of confidential business
11  information. Further, Mattel has put its confidential business information at issue in
12  this litigation, including but not limited to its trade secret misappropriation claim
13  Accordingly, it cannot resist discovery of confidential business information.

14      Finally, Mattel has improperly limited its agreement to produce to "the facts
15  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
16  the individual is identified as being knowledgeable about certain topics in Mattel's
17  initial disclosures, Mattel's obligation to produce does not end with the facts that it
18  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
19  information from the individual on the topics identified, regardless of whether it
20  supports the facts as alleged by Mattel, MGA, or any other party. See Order
21  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
22  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
23  MGA might be excluding documents that are responsive to the request based upon
24  its unilateral determination of what is 'relevant' or 'sufficient.'").

25      None of Mattel's improper objections are valid and Mattel is obligated to
26  produce all non-privileged responsive documents in its possession, custody, or
27  control.

28

1 **MATTEL'S RESPONSE:**

2      MGA's request is duplicative of previous requests for which Mattel has
3 produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
4 produce documents responsive to MGA's First Set of Requests for the Production of
5 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[9] Request Nos.
6 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
7 his work at Mattel and MGA and the design and development of Bratz.   Request
8 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
9 or relating to BRYANT."[10]   On September 11, 2007, Discovery Master Infante
10 granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
11 260.[11]   Pursuant to this order, Mattel produced documents responsive to these
12 requests. Mattel has since confirmed that it has produced responsive, non-privileged
13 documents to these requests in its Third Supplemental Responses to MGA's First
14 Set of Requests for Production.[12]   There is nothing additional to compel and MGA's
15 motion is moot.

16      MGA's conclusory arguments also ignore that the Request is facially
17 overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
18 Civil Procedure do not permit MGA to use broad discovery requests untethered to
19 any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
20 for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
21 See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
22 Cir. 2004) ("District courts need not condone the use of discovery to engage in

---

23    [9]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
24 Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
   [10]  See MGA's First Set of Requests for the Production of Documents and
25 Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
26    [11]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's
Motion to Compel, at 7-10, Dart Decl., Exh. 9.
27    [12]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28 for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1  'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to

2  Chonavel's knowledge of extremely broad subjects—including ▓▓▓▓▓▓▓▓

3  ▓▓▓▓▓▓ MGA makes no attempt to link this request with the claims and defenses

4  in this case. For example, Chonavel may have knowledge of MGA's retirement

5  plans, health benefits, OSHA compliance, sexual harassment policies, or any

6  number of subjects regarding business practices at MGA which clearly fall outside

7  the narrow scope required by the Discovery Master. Because MGA has not linked

8  its broad request to any of the numerous and far-ranging allegations of unfair

9  competition set forth in its complaint, the Discovery Master should uphold Mattel's

10  overbreadth objection.

11  　　　　The term "RELATING TO … alleged knowledge" as used in the request is

12  likewise overbroad. The universe of documents that could "relate" to Chonavel's

13  knowledge are potentially without limit. The request is not confined to documents

14  in Chonavel's possession or control; rather, all documents containing information

15  that Chonavel coincidentally knows about the subjects at issue are subsumed within

16  this request.

17  　　　　MGA complains that Mattel has limited its responses  regarding individuals in

18  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

19  disclosures." Mattel has produced all information as to these individuals that is

20  relevant or pertinent to this litigation. There is nothing to compel.

21  　　　　Quite simply, there is nothing to compel. Mattel has produced responsive,

22  non-privileged documents relating to Chonavel's knowledge of the facts at issue in

23  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

24  possession, custody or control.

25  **REQUEST FOR PRODUCTION NO. 215:**

26  　　　　All DOCUMENTS REFERRING OR RELATING TO Larry Clayton's

27  alleged knowledge of "[t]he development and ownership of intellectual property at

28  issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

1 | **RESPONSE TO REQUEST NO. 215:**

2 |     In addition to the general objections stated above which are incorporated
3 | herein by reference, Mattel objects to this Request on the grounds that it is
4 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
5 | documents on this subject without limitation as to time, and regardless of whether
6 | such documents relate to products or matters at issue in this case. Mattel further
7 | objects to the Request on the grounds that it seeks documents that are not relevant to
8 | this action or likely to lead to the discovery of admissible evidence. Mattel further
9 | objects to this Request on the grounds that it seeks confidential, proprietary and
10 | trade secret information that has no bearing on the claims or defenses in this case.
11 | Mattel further objects to this Request on the grounds that it calls for the disclosure
12 | of information subject to the attorney-client privilege, the attorney work product
13 | doctrine and other applicable privileges.

14 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 215:**

15 |     In addition to the general objections stated above which are incorporated
16 | herein by reference, Mattel objects to this Request on the grounds that it is
17 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
18 | documents on this subject without limitation as to time, and regardless of whether
19 | such documents relate to products or matters at issue in this case. Mattel further
20 | objects to the Request on the grounds that it seeks documents that are not relevant to
21 | this action or likely to lead to the discovery of admissible evidence. Mattel further
22 | objects to this Request on the grounds that it seeks confidential, proprietary and
23 | trade secret information, including such information that has no bearing on the
24 | claims or defenses in this case. Mattel further objects to this Request on the ground
25 | that it calls for the disclosure of information subject to the attorney-client privilege
26 | the attorney work-product doctrine and other applicable privileges.

27 |     Subject to the foregoing objections, Mattel responds as follows: Mattel will
28 | produce responsive, non-privileged documents relating to Larry Clayton's

1 | knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
2 | Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
3 | has been able to locate after a diligent search and reasonable inquiry, to the extent
4 | not previously produced.

## 5 | 6 | MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

7 |      Mattel has improperly limited its agreement to produce documents in
8 | response to this request, subject to its improper boilerplate objections. Mattel has
9 | refused to confirm whether or not it has produced all non-privileged responsive
10 | documents or whether it is withholding documents based on its objections in Phase
11 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
12 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
13 | Generic objections that fail to explain the basis for an objection with specificity are
14 | routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
15 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
16 | 'overly burdensome and harassing' are improper – especially when a party fails to
17 | submit any evidentiary declarations supporting such objections"). Accordingly,
18 | Mattel must be compelled either to certify that it has produced all non-privileged
19 | responsive documents or to produce all such documents by a date certain.

20 |      To the extent that Mattel is relying on its blanket objections, they are not
21 | sustainable and do not justify Mattel's failure to produce documents.

22 |      As to overbreadth, Mattel provides no explanation, let alone the required
23 | particularity, as to why this request is supposedly overly broad, nor can it do so.
24 | This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
25 | (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
26 | contrary, the request is narrowly tailored to seek documents in Mattel's possession,
27 | custody, or control concerning Clayton's alleged knowledge of "[t]he development
28 | and ownership of intellectual property at issue." This area of information is taken

1  directly from Mattel's allegations regarding Clayton in its initial disclosures.
2  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
3  p. 5).

4        As to burden, Mattel has not attempted to demonstrate why responding to this
5  request and/or producing responsive documents presents any burden.  This objection
6  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
7  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
8  unduly burdensome must allege specific facts which indicate the nature and extent
9  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
10 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
11 only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
12 secrets.  MGA is entitled to discovery on this claim.

13       This request does not seek documents protected by the attorney-client
14 privilege, the attorney work product doctrine, or other applicable privileges.  To the
15 extent that Mattel contends that it does, Mattel must provide a privilege log.

16       This request seeks relevant information.  Mattel identified Clayton in its
17 initial disclosures an individual with discoverable knowledge regarding "[t]he
18 development and ownership of intellectual property at issue."  Rutowski Decl.
19 Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 5).
20 Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
21 Further, this information is relevant to, among other things, Mattel's trade secret
22 defense and MGA's claims of trade dress infringement.

23       Mattel's objection that the request seeks confidential, proprietary, and trade
24 secret information should be disregarded.  The parties have entered into a protective
25 order in this matter, which governs the handling of confidential business
26 information.  Further, Mattel has put its confidential business information at issue in
27 this litigation, including but not limited to its trade secret misappropriation claim
28 Accordingly, it cannot resist discovery of confidential business information.

1    Finally, Mattel has improperly limited its agreement to produce to "the facts
2  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
3  the individual is identified as being knowledgeable about certain topics in Mattel's
4  initial disclosures, Mattel's obligation to produce does not end with the facts that it
5  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
6  information from the individual on the topics identified, regardless of whether it
7  supports the facts as alleged by Mattel, MGA, or any other party. <u>See</u> Order
8  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10  MGA might be excluding documents that are responsive to the request based upon
11  its unilateral determination of what is 'relevant' or 'sufficient.'").

12    None of Mattel's improper objections are valid and Mattel is obligated to
13  produce all non-privileged responsive documents in its possession, custody, or
14  control.

15  **<u>MATTEL'S RESPONSE:</u>**

16    The term "RELATING TO … alleged knowledge" as used in the request is
17  overbroad. The universe of documents that could "relate" to Clayton's knowledge
18  are potentially without limit. The request is not confined to documents in Clayton's
19  possession or control; rather, all documents containing information that Clayton
20  coincidentally knows about the subjects at issue are subsumed within this request.

21    MGA complains that Mattel has limited its responses regarding individuals in
22  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
23  disclosures." Mattel has produced all information as to these individuals that is
24  relevant or pertinent to this litigation. There is nothing to compel.

25    Quite simply, there is nothing to compel. Mattel has produced responsive,
26  non-privileged documents relating to Clayton's knowledge of the facts at issue in
27  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

28

1  possession, custody or control, if any, that Mattel has been able to locate after a

2  diligent search. and reasonable inquiry.

3  **REQUEST FOR PRODUCTION NO. 216:**

4      All DOCUMENTS in Larry Clayton's possession or control REFERRING

5  OR RELATING TO his alleged knowledge of "[t]he development and ownership o

6  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

7  **RESPONSE TO REQUEST NO. 216:**

8      In addition to the general objections stated above which are incorporated

9  herein by reference, Mattel objects to this Request on the grounds that it is

10  overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products or matters at issue in this case.  Mattel further

13  objects to the Request on the grounds that it seeks documents that are not relevant to

14  this action or likely to lead to the discovery of admissible evidence.  Mattel further

15  objects to this Request on the grounds that it seeks confidential, proprietary and

16  trade secret information that has no bearing on the claims or defenses in this case.

17  Mattel further objects to this Request on the grounds that it calls for the disclosure

18  of information subject to the attorney-client privilege, the attorney work product

19  doctrine and other applicable privileges.

20  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 216:**

21      In addition to the general objections stated above which are incorporated

22  herein by reference, Mattel objects to this Request on the grounds that it is

23  overbroad, unduly burdensome and unintelligible, including in that it seeks all

24  documents on this subject without limitation as to time, and regardless of whether

25  such documents relate to products or matters at issue in this case.  Mattel further

26  objects to the Request on the grounds that it seeks documents that are not relevant to

27  this action or likely to lead to the discovery of admissible evidence.  Mattel further

28  objects to this Request on the grounds that it seeks confidential, proprietary and

1  trade secret information, including such information that has no bearing on the

2  claims or defenses in this case. Mattel further objects to this Request on the ground

3  that it calls for the disclosure of information subject to the attorney-client privilege

4  the attorney work-product doctrine and other applicable privileges.

5      Subject to the foregoing objections, Mattel responds as follows: Mattel will

6  produce responsive, non-privileged documents relating to Larry Clayton's

7  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

8  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

9  has been able to locate after a diligent search and reasonable inquiry, to the extent

10  not previously produced.

11  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

12  **TO SHOULD BE COMPELLED**

13      Mattel has improperly limited its agreement to produce documents in

14  response to this request, subject to its improper boilerplate objections. Mattel has

15  refused to confirm whether or not it has produced all non-privileged responsive

16  documents or whether it is withholding documents based on its objections in Phase

17  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

18  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

19  Generic objections that fail to explain the basis for an objection with specificity are

20  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

21  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

22  'overly burdensome and harassing' are improper — especially when a party fails to

23  submit any evidentiary declarations supporting such objections"). Accordingly,

24  Mattel must be compelled either to certify that it has produced all non-privileged

25  responsive documents or to produce all such documents by a date certain.

26      To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1     As to overbreadth, Mattel provides no explanation, let alone the required

2  particularity, as to why this request is supposedly overly broad, nor can it do so.

3  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

4  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

5  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

6  custody, or control concerning Clayton's alleged knowledge of "[t]he development

7  and ownership of intellectual property at issue." This area of information is taken

8  directly from Mattel's allegations regarding Clayton in its initial disclosures.

9  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

10  p. 5).

11     As to burden, Mattel has not attempted to demonstrate why responding to this

12  request and/or producing responsive documents presents any burden. This objection

13  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

14  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

15  unduly burdensome must allege specific facts which indicate the nature and extent

16  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

17  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

18  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

19  secrets. MGA is entitled to discovery on this claim.

20     This request does not seek documents protected by the attorney-client

21  privilege, the attorney work product doctrine, or other applicable privileges. To the

22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23     This request seeks relevant information. Mattel identified Clayton in its

24  initial disclosures an individual with discoverable knowledge regarding "[t]he

25  development and ownership of intellectual property at issue." Rutowski Decl.

26  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 5).

27  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

28

1  Further, this information is relevant to, among other things, Mattel's trade
2  secret defense and MGA's claims of trade dress infringement.

3  Mattel's objection that the request seeks confidential, proprietary, and trade
4  secret information should be disregarded.  The parties have entered into a protective
5  order in this matter, which governs the handling of confidential business
6  information.  Further, Mattel has put its confidential business information at issue in
7  this litigation, including but not limited to its trade secret misappropriation claim
8  Accordingly, it cannot resist discovery of confidential business information.

9  Finally, Mattel has improperly limited its agreement to produce to "the facts
10  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
11  the individual is identified as being knowledgeable about certain topics in Mattel's
12  initial disclosures, Mattel's obligation to produce does not end with the facts that it
13  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
14  information from the individual on the topics identified, regardless of whether it
15  supports the facts as alleged by Mattel, MGA, or any other party.  See Order
16  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
17  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
18  MGA might be excluding documents that are responsive to the request based upon
19  its unilateral determination of what is 'relevant' or 'sufficient.'").

20  None of Mattel's improper objections are valid and Mattel is obligated to
21  produce all non-privileged responsive documents in its possession, custody, or
22  control.

23  **MATTEL'S RESPONSE:**

24  MGA complains that Mattel has limited its responses  regarding individuals in
25  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
26  disclosures."  Mattel has produced all information as to these individuals that is
27  relevant or pertinent to this litigation.  There is nothing to compel.

28

1      Quite simply, there is nothing to compel. Mattel has produced responsive,

2  non-privileged documents relating to Clayton's knowledge of the facts at issue in

3  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

4  possession, custody or control, if any, that Mattel has been able to locate after a

5  diligent search. and reasonable inquiry.

6  **REQUEST FOR PRODUCTION NO. 217:**

7      All DOCUMENTS REFERRING OR RELATING TO Elise Cloonan's

8  alleged knowledge of "[d]esign and development of Bratz and Bryant's work for

9  MGA during his employment by Mattel," "Bryant's breach of obligations to Mattel,"

10 "the development and ownership of intellectual property at issue," and "MGA

11 business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

12 **RESPONSE TO REQUEST NO. 217:**

13     In addition to the general objections stated above which are incorporated

14 herein by reference, Mattel objects to this Request on the grounds that it is

15 overbroad, unduly burdensome and unintelligible, including in that it seeks all

16 documents on this subject without limitation as to time, and regardless of whether

17 such documents relate to products or matters at issue in this case. Mattel further

18 objects to the Request on the grounds that it seeks documents that are not relevant to

19 this action or likely to lead to the discovery of admissible evidence. Mattel further

20 objects to this Request on the grounds that it seeks confidential, proprietary and

21 trade secret information that has no bearing on the claims or defenses in this case.

22 Mattel further objects to this Request on the grounds that it calls for the disclosure

23 of information subject to the attorney-client privilege, the attorney work product

24 doctrine and other applicable privileges.

25 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 217:**

26     In addition to the general objections stated above which are incorporated

27 herein by reference, Mattel objects to this Request on the grounds that it is

28 overbroad, unduly burdensome and unintelligible, including in that it seeks all

1   documents on this subject without limitation as to time, and regardless of whether
2   such documents relate to products or matters at issue in this case. Mattel further
3   objects to the Request on the grounds that it seeks documents that are not relevant to
4   this action or likely to lead to the discovery of admissible evidence. Mattel further
5   objects to this Request on the grounds that it calls for documents or information in
6   the possession, custody or control of MGA and/or Bryant, including without
7   limitation documents and information that MGA and Bryant have been compelled
8   by Court orders to produce but have not produced. Mattel further object to this
9   Request on the grounds that it seeks confidential, proprietary and trade secret
10  information, including such information that has no bearing on the claims or
11  defenses in this case. Mattel further objects to this Request on the grounds that it
12  calls for the disclosure of information subject to the attorney-client privilege, the
13  attorney work-product doctrine and other applicable privileges.

14          Subject to the foregoing objections, Mattel responds as follows: Mattel will
15  produce responsive, non-privileged documents relating to Elise Cloonan's
16  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
17  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
18  has been able to locate after a diligent search and reasonable inquiry, to the extent
19  not previously produced.

20  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
21  **TO SHOULD BE COMPELLED**

22          Mattel has improperly limited its agreement to produce documents in
23  response to this request, subject to its improper boilerplate objections. Mattel has
24  refused to confirm whether or not it has produced all non-privileged responsive
25  documents or whether it is withholding documents based on its objections in Phase
26  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
27  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
28  Generic objections that fail to explain the basis for an objection with specificity are

1 | routinely rejected in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber</u>,

2 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

3 | 'overly burdensome and harassing' are improper – especially when a party fails to

4 | submit any evidentiary declarations supporting such objections").  Accordingly,

5 | Mattel must be compelled either to certify that it has produced all non-privileged

6 | responsive documents or to produce all such documents by a date certain.

7 |       To the extent that Mattel is relying on its blanket objections, they are not

8 | sustainable and do not justify Mattel's failure to produce documents.

9 |       As to overbreadth, Mattel provides no explanation, let alone the required

10 | particularity, as to why this request is supposedly overly broad, nor can it do so.

11 | This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12 | (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13 | contrary, the request is narrowly tailored to seek documents in Mattel's possession,

14 | custody, or control concerning Cloonan's alleged knowledge of "[d]esign and

15 | development of Bratz and Bryant's work for MGA during his employment by

16 | Mattel," "Bryant's breach of obligations to Mattel," "the development and ownership

17 | of intellectual property at issue," and "MGA business practices."  This area of

18 | information is taken directly from Mattel's allegations regarding Cloonan in its

19 | initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

20 | Disclosures, dated Jan. 5, 2007, pp. 5-6).

21 |       As to burden, Mattel has not attempted to demonstrate why responding to this

22 | request and/or producing responsive documents presents any burden.  This objection

23 | must therefore be rejected.  See <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173

24 | F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

25 | unduly burdensome must allege specific facts which indicate the nature and extent

26 | of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not

27 | unduly burdensome, as noted above, in that the request is narrowly tailored to seek

28 |

1  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
2  secrets.  MGA is entitled to discovery on this claim.

3      This request does not seek documents protected by the attorney-client
4  privilege, the attorney work product doctrine, or other applicable privileges.  To the
5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6      This request seeks relevant information.  Mattel identified Cloonan in its
7  initial disclosures an individual with discoverable knowledge regarding "[d]esign
8  and development of Bratz and Bryant's work for MGA during his employment by
9  Mattel," "Bryant's breach of obligations to Mattel," "the development and ownership
10  of intellectual property at issue," and "MGA business practices."  Rutowski Decl.
11  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, pp. 5-6).
12  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
13  Further, this information is relevant to, among other things, Mattel's trade secret
14  defense, MGA's claims of trade dress infringement, and MGA's affirmative defenses
15  of statute of limitations and laches.

16      Mattel's objection that the request seeks information within MGA's
17  possession, custody or control is nonsensical and lacks factual support.  Mattel
18  makes no argument, let alone a factual showing, that any documents in MGA's
19  possession are duplicative of documents within Mattel's control.  MGA is entitled to
20  discovery from Mattel of documents within its possession, custody, or control that
21  relate to the subject of this suit.  Mattel cannot avoid this obligation by making a
22  conclusory statement that MGA also possesses responsive documents.

23      Mattel's objection that the request seeks confidential, proprietary, and trade
24  secret information should be disregarded.  The parties have entered into a protective
25  order in this matter, which governs the handling of confidential business
26  information.  Further, Mattel has put its confidential business information at issue in
27  this litigation, including but not limited to its trade secret misappropriation claim
28  Accordingly, it cannot resist discovery of confidential business information.

-176

1    Finally, Mattel has improperly limited its agreement to produce to "the facts
2  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
3  the individual is identified as being knowledgeable about certain topics in Mattel's
4  initial disclosures, Mattel's obligation to produce does not end with the facts that it
5  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
6  information from the individual on the topics identified, regardless of whether it
7  supports the facts as alleged by Mattel, MGA, or any other party. <u>See</u> Order
8  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10 MGA might be excluding documents that are responsive to the request based upon
11 its unilateral determination of what is 'relevant' or 'sufficient.'").

12    None of Mattel's improper objections are valid and Mattel is obligated to
13 produce all non-privileged responsive documents in its possession, custody, or
14 control.

15 **MATTEL'S RESPONSE:**

16    MGA's request is duplicative of previous requests for which Mattel has
17 produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
18 produce documents responsive to MGA's First Set of Requests for the Production of
19 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[13]  Request Nos.
20 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
21 his work at Mattel and MGA and the design and development of Bratz.   Request
22 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
23 or relating to BRYANT."[14]  On September 11, 2007, Discovery Master Infante
24 granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and

25

26  [13]   <u>See</u> MGA's Motion to Compel Mattel to Supplement its Responses and Produce
27 Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
    [14]   <u>See</u> MGA's First Set of Requests for the Production of Documents and
28 Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

-177

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1    260.[15]  Pursuant to this order, Mattel produced documents responsive to these

2    requests. Mattel has since confirmed that it has produced responsive, non-privileged

3    documents to these requests in its Third Supplemental Responses to MGA's First

4    Set of Requests for Production.[16]   There is nothing additional to compel and MGA's

5    motion is moot.

6        MGA's conclusory arguments also ignore that the Request is facially

7    overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of

8    Civil Procedure do not permit MGA to use broad discovery requests untethered to

9    any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion

10    for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

11    See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

12    Cir. 2004) ("District courts need not condone the use of discovery to engage in

13    'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to

14    Cloonan's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮

15    ▮▮▮▮   MGA makes no attempt to link this request with the claims and defenses

16    in this case.  For example, Cloonan may have knowledge of MGA's retirement

17    plans, health benefits, OSHA compliance, sexual harassment policies, or any

18    number of subjects regarding business practices at MGA which clearly fall outside

19    the narrow scope required by the Discovery Master. Because MGA has not linked

20    its broad request to any of the numerous and far-ranging allegations of unfair

21    competition set forth in its complaint, the Discovery Master should uphold Mattel's

22    overbreadth objection.

23        The term "RELATING TO … alleged knowledge" as used in the request is

24    likewise overbroad.  The universe of documents that could "relate" to Cloonan's

25

26    [15]   See September 12, 2007 Order Granting in Part and Denying in Part MGA's

27    Motion to Compel, at 7-10, Dart Decl., Exh. 9.
       [16]   See Mattel's Third Supplemental Responses to MGA's First Set of Requests

28    for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1  knowledge are potentially without limit. The request is not confined to documents

2  in Cloonan's possession or control; rather, all documents containing information that

3  Cloonan coincidentally knows about the subjects at issue are subsumed within this

4  request.

5      MGA complains that Mattel has limited its responses regarding individuals in

6  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

7  disclosures." Mattel has produced all information as to these individuals that is

8  relevant or pertinent to this litigation. There is nothing to compel.

9      Quite simply, there is nothing to compel. Mattel has produced responsive,

10  non-privileged documents relating to Cloonan's knowledge of the facts at issue in

11  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

12  possession, custody or control.

13  **REQUEST FOR PRODUCTION NO. 218:**

14      All DOCUMENTS REFERRING OR RELATING TO Gary Cogland's

15  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or

16  for MGA during his Mattel employment" and "MGA business practices," as alleged

17  in MATTEL'S INITIAL DISCLOSURES.

18  **RESPONSE TO REQUEST NO. 218:**

19      In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case. Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant to

25  this action or likely to lead to the discovery of admissible evidence. Mattel further

26  objects to this Request on the grounds that it seeks confidential, proprietary and

27  trade secret information that has no bearing on the claims or defenses in this case.

28  Mattel further objects to this Request on the grounds that it calls for the disclosure

1 | of information subject to the attorney-client privilege, the attorney work product
2 | doctrine and other applicable privileges.

3 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 218:**

4 |      In addition to the general objections stated above which are incorporated
5 | herein by reference, Mattel objects to this Request on the grounds that it is
6 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
7 | documents on this subject without limitation as to time, and regardless of whether
8 | such documents relate to products or matters at issue in this case. Mattel further
9 | objects to the Request on the grounds that it seeks documents that are not relevant to
10 | this action or likely to lead to the discovery of admissible evidence. Mattel further
11 | objects to this Request on the grounds that it calls for documents or information in
12 | the possession, custody or control of MGA, including without limitation documents
13 | and information that MGA has been compelled by Court orders to produce but has
14 | not produced. Mattel further objects to this Request on the grounds that it seeks
15 | confidential, proprietary and trade secret information, including such information
16 | that has no bearing on the claims or defenses in this case. Mattel further objects to
17 | this Request on the grounds that it calls for the disclosure of information subject to
18 | the attorney-client privilege, the attorney work product doctrine and other applicable
19 | privileges.

20 |      Subject to the foregoing objections, Mattel responds as follows: Mattel
21 | produce responsive, non-privileged documents relating to Gary Cogland's
22 | knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
23 | Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
24 | has been able to locate after a diligent search and reasonable inquiry, to the extent
25 | not previously produced.

26

27

28

1  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2  **TO SHOULD BE COMPELLED**

3      Mattel has improperly limited its agreement to produce documents in
4  response to this request, subject to its improper boilerplate objections. Mattel has
5  refused to confirm whether or not it has produced all non-privileged responsive
6  documents or whether it is withholding documents based on its objections in Phase
7  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
8  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
9  Generic objections that fail to explain the basis for an objection with specificity are
10 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
11 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
12 'overly burdensome and harassing' are improper – especially when a party fails to
13 submit any evidentiary declarations supporting such objections"). Accordingly,
14 Mattel must be compelled either to certify that it has produced all non-privileged
15 responsive documents or to produce all such documents by a date certain.

16     To the extent that Mattel is relying on its blanket objections, they are not
17 sustainable and do not justify Mattel's failure to produce documents.

18     As to overbreadth, Mattel provides no explanation, let alone the required
19 particularity, as to why this request is supposedly overly broad, nor can it do so.
20 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
21 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
22 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
23 custody, or control concerning Cogland's alleged knowledge of "[d]esign and
24 development of Bratz and Bryant's work for MGA during his employment by
25 Mattel" and "MGA business practices." This area of information is taken directly
26 from Mattel's allegations regarding Cogland in its initial disclosures. Rutowski
27 Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).

28

1     As to burden, Mattel has not attempted to demonstrate why responding to this

2  request and/or producing responsive documents presents any burden. This objection

3  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

4  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

5  unduly burdensome must allege specific facts which indicate the nature and extent

6  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

7  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

8  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

9  secrets. MGA is entitled to discovery on this claim.

10     This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges. To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13     This request seeks relevant information. Mattel identified Cogland in its

14  initial disclosures an individual with discoverable knowledge regarding "[d]esign

15  and development of Bratz and Bryant's work for MGA during his employment by

16  Mattel" and "MGA business practices." Rutowski Decl. Ex. 56 (Mattel's

17  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6). Accordingly, Mattel's

18  initial disclosures demonstrate the relevance of this request. Further, this

19  information is relevant to, among other things, Mattel's trade secret defense, MGA's

20  claims of trade dress infringement, and MGA's affirmative defenses of statute of

21  limitations and laches.

22     Mattel's objection that the request seeks information within MGA's

23  possession, custody or control is nonsensical and lacks factual support. Mattel

24  makes no argument, let alone a factual showing, that any documents in MGA's

25  possession are duplicative of documents within Mattel's control. MGA is entitled to

26  discovery from Mattel of documents within its possession, custody, or control that

27  relate to the subject of this suit. Mattel cannot avoid this obligation by making a

28  conclusory statement that MGA also possesses responsive documents.

1    Mattel's objection that the request seeks confidential, proprietary, and trade
2  secret information should be disregarded.  The parties have entered into a protective
3  order in this matter, which governs the handling of confidential business
4  information.  Further, Mattel has put its confidential business information at issue in
5  this litigation, including but not limited to its trade secret misappropriation claim
6  Accordingly, it cannot resist discovery of confidential business information.

7    Finally, Mattel has improperly limited its agreement to produce to "the facts
8  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
9  the individual is identified as being knowledgeable about certain topics in Mattel's
10  initial disclosures, Mattel's obligation to produce does not end with the facts that it
11  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
12  information from the individual on the topics identified, regardless of whether it
13  supports the facts as alleged by Mattel, MGA, or any other party.  See Order
14  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
15  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
16  MGA might be excluding documents that are responsive to the request based upon
17  its unilateral determination of what is 'relevant' or 'sufficient.'").

18    None of Mattel's improper objections are valid and Mattel is obligated to
19  produce all non-privileged responsive documents in its possession, custody, or
20  control.

21  **MATTEL'S RESPONSE:**

22    MGA's request is duplicative of previous requests for which Mattel has
23  produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
24  produce documents responsive to MGA's First Set of Requests for the Production of
25  Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[17]  Request Nos.
26  180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including

27  ───────────────
   [17]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
28  Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.

1  his work at Mattel and MGA and the design and development of Bratz. Request

2  No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring

3  or relating to BRYANT."[18]  On September 11, 2007, Discovery Master Infante

4  granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and

5  260.[19]  Pursuant to this order, Mattel produced documents responsive to these

6  requests. Mattel has since confirmed that it has produced responsive, non-privileged

7  documents to these requests in its Third Supplemental Responses to MGA's First

8  Set of Requests for Production.[20]  There is nothing additional to compel and MGA's

9  motion is moot.

10       MGA ignores that (i) Mattel has produced its non-privileged, responsive

11  documents, as it agreed to do, and that (ii) most information sought by this request is

12  within MGA's possession, custody or control, and is equally if not more readily

13  available to MG Cogland is an employee of MGA.  MGA gives no reason why it

14  requests information from Mattel regarding its *own company* and its *own employee*,

15  other than to say that "this area of information is taken directly from Mattel's

16  allegations regarding Cogland in its initial disclosures."  Indeed, it appears that

17  MGA merely cut and paste its request from Mattel's initial disclosures without

18  consideration as to what information Mattel may have that is already within MGA's

19  possession, custody or control.

20       MGA's conclusory arguments also ignore that the Request is facially

21  overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of

22  Civil Procedure do not permit MGA to use broad discovery requests untethered to

23  any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion

24

25    [18]  See MGA's First Set of Requests for the Production of Documents and Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

26    [19]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's

27  Motion to Compel, at 7-10, Dart Decl., Exh. 9.

     [20]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests

28  for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1   for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

2   See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

3   Cir. 2004) ("District courts need not condone the use of discovery to engage in

4   'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to

5   Cogland's knowledge of extremely broad subjects—including ▓▓▓▓▓▓▓▓

6   ▓▓▓▓▓  MGA makes no attempt to link this request with the claims and defenses

7   in this case.  For example, Cogland may have knowledge of MGA's retirement

8   plans, health benefits, OSHA compliance, sexual harassment policies, or any

9   number of subjects regarding business practices at MGA which clearly fall outside

10   the narrow scope required by the Discovery Master. Because MGA has not linked

11   its broad request to any of the numerous and far-ranging allegations of unfair

12   competition set forth in its complaint, the Discovery Master should uphold Mattel's

13   overbreadth objection.

14        The term "RELATING TO … alleged knowledge" as used in the request is

15   likewise overbroad.  The universe of documents that could "relate" to Cogland's

16   knowledge are potentially without limit.  The request is not confined to documents

17   in Cogland's possession or control; rather, all documents containing information that

18   Cogland coincidentally knows about the subjects at issue are subsumed within this

19   request.

20        MGA complains that Mattel has limited its responses  regarding individuals in

21   Mattel's Initial Disclosures to information "as alleged in Mattel's initial

22   disclosures."  Mattel has produced all information as to these individuals that is

23   relevant or pertinent to this litigation.  There is nothing to compel.

24        Quite simply, there is nothing to compel.  Mattel has produced responsive,

25   non-privileged documents relating to Cogland's knowledge of the facts at issue in

26   this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

27   possession, custody or control.

28

**REQUEST FOR PRODUCTION NO. 219:**

All DOCUMENTS REFERRING OR RELATING TO Nick Armando Contreras's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 219:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 219:**

In addition to the general objections stated above which are incorporated herein by reference; Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents

-186

1   and information that MGA has been compelled by Court orders to produce but has

2   not produced.  Mattel further objects to this Request on the grounds that it seeks

3   confidential, proprietary and trade secret information, including such information

4   that has no bearing on the claims or defenses in this case.  Mattel further objects to

5   this Request on the grounds that it calls for the disclosure of information subject to

6   the attorney-client privilege, the attorney work product doctrine and other applicable

7   privileges.

8          Subject to the foregoing objections, Mattel responds as follows: Mattel will

9   produce responsive, non-privileged documents relating to Nick Armando

10  Contreras's knowledge of the facts at issue in this litigation as alleged in Mattel's

11  Initial Disclosures that are in Mattel's possession, custody, or control, if any, that

12  Mattel has been able to locate after a diligent search and reasonable inquiry, to the

13  extent not previously produced.

14  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

15  **TO SHOULD BE COMPELLED**

16         Mattel has improperly limited its agreement to produce documents in

17  response to this request, subject to its improper boilerplate objections.  Mattel has

18  refused to confirm whether or not it has produced all non-privileged responsive

19  documents or whether it is withholding documents based on its objections in Phase

20  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

21  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)

22  Generic objections that fail to explain the basis for an objection with specificity are

23  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

24  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

25  'overly burdensome and harassing' are improper – especially when a party fails to

26  submit any evidentiary declarations supporting such objections").  Accordingly,

27  Mattel must be compelled either to certify that it has produced all non-privileged

28  responsive documents or to produce all such documents by a date certain.

1   To the extent that Mattel is relying on its blanket objections, they are not
2   sustainable and do not justify Mattel's failure to produce documents.

3   As to overbreadth, Mattel provides no explanation, let alone the required
4   particularity, as to why this request is supposedly overly broad, nor can it do so.
5   This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
6   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
7   contrary, the request is narrowly tailored to seek documents in Mattel's possession,
8   custody, or control concerning Contreras's alleged knowledge of "MGA's access to
9   Mattel's intellectual property and trade secrets" and "MGA's business practices."

10  This area of information is taken directly from Mattel's allegations regarding
11  Contreras in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated
12  Initial Disclosures, dated Jan. 5, 2007, p. 6).

13  As to burden, Mattel has not attempted to demonstrate why responding to this
14  request and/or producing responsive documents presents any burden. This objection
15  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
16  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
17  unduly burdensome must allege specific facts which indicate the nature and extent
18  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
19  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
20  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
21  secrets. MGA is entitled to discovery on this claim.

22  This request does not seek documents protected by the attorney-client
23  privilege, the attorney work product doctrine, or other applicable privileges. To the
24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25  This request seeks relevant information. Mattel identified Contreras in its
26  initial disclosures an individual with discoverable knowledge regarding "MGA's
27  access to Mattel's intellectual property and trade secrets" and "MGA business
28  practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated