1  Jan. 5, 2007, p. 6). Accordingly, Mattel's initial disclosures demonstrate the
2  relevance of this request. Further, this information is relevant to, among other
3  things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
4  MGA's affirmative defenses of statute of limitations and laches.

5      Mattel's objection that the request seeks information within MGA's
6  possession, custody or control is nonsensical and lacks factual support. Mattel
7  makes no argument, let alone a factual showing, that any documents in MGA's
8  possession are duplicative of documents within Mattel's control. MGA is entitled to
9  discovery from Mattel of documents within its possession, custody, or control that
10 relate to the subject of this suit. Mattel cannot avoid this obligation by making a
11 conclusory statement that MGA also possesses responsive documents.

12     Mattel's objection that the request seeks confidential, proprietary, and trade
13 secret information should be disregarded. The parties have entered into a protective
14 order in this matter, which governs the handling of confidential business
15 information. Further, Mattel has put its confidential business information at issue in
16 this litigation, including but not limited to its trade secret misappropriation claim
17 Accordingly, it cannot resist discovery of confidential business information.

18     Finally, Mattel has improperly limited its agreement to produce to "the facts
19 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
20 the individual is identified as being knowledgeable about certain topics in Mattel's
21 initial disclosures, Mattel's obligation to produce does not end with the facts that it
22 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
23 information from the individual on the topics identified, regardless of whether it
24 supports the facts as alleged by Mattel, MGA, or any other party. See Order
25 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
26 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
27 MGA might be excluding documents that are responsive to the request based upon
28 its unilateral determination of what is 'relevant' or 'sufficient.'").

1   None of Mattel's improper objections are valid and Mattel is obligated to
2   produce all non-privileged responsive documents in its possession, custody, or
3   control.

4   **MATTEL'S RESPONSE:**

5   MGA ignores that (i) Mattel has produced its non-privileged, responsive
6   documents, as it agreed to do, and that (ii) most information sought by this request is
7   within MGA's possession, custody or control, and is equally if not more readily
8   available to MG Contreras is an employee of MGA.  MGA gives no reason why it
9   requests information from Mattel regarding its *own company* and its *own employee*,
10  other than to say that "this area of information is taken directly from Mattel's
11  allegations regarding Contreras in its initial disclosures."  Indeed, it appears that
12  MGA merely cut and paste its request from Mattel's initial disclosures without
13  consideration as to what information Mattel may have that is already within MGA's
14  possession, custody or control.

15  MGA's conclusory arguments also ignore that the Request is facially
16  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
17  Civil Procedure do not permit MGA to use broad discovery requests untethered to
18  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
19  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
20  See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
21  Cir. 2004) ("District courts need not condone the use of discovery to engage in
22  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
23  Contreras's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮
24  ▮▮▮▮   MGA makes no attempt to link this request with the claims and defenses
25  in this case.  For example, Contreras may have knowledge of MGA's retirement
26  plans, health benefits, OSHA compliance, sexual harassment policies, or any
27  number of subjects regarding business practices at MGA which clearly fall outside
28  the narrow scope required by the Discovery Master. Because MGA has not linked

1   its broad request to any of the numerous and far-ranging allegations of unfair
2   competition set forth in its complaint, the Discovery Master should uphold Mattel's
3   overbreadth objection.

4        The term "RELATING TO … alleged knowledge" as used in the request is
5   likewise overbroad.  The universe of documents that could "relate" to Contreras's
6   knowledge are potentially without limit.  The request is not confined to documents
7   in Contreras's possession or control; rather, all documents containing information
8   that Contreras coincidentally knows about the subjects at issue are subsumed within
9   this request.

10       MGA complains that Mattel has limited its responses  regarding individuals in
11  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
12  disclosures."  Mattel has produced all information as to these individuals that is
13  relevant or pertinent to this litigation.  There is nothing to compel.

14       Quite simply, there is nothing to compel.  Mattel has produced responsive,
15  non-privileged documents relating to Contreras's knowledge of the facts at issue in
16  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
17  possession, custody or control.

18  **REQUEST FOR PRODUCTION NO. 220:**

19       All DOCUMENTS REFERRING OR RELATING TO Daniel Cooney's
20  alleged knowledge of "MGA's access to Mattel's intellectual property and trade
21  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
22  DISCLOSURES.

23  **RESPONSE TO REQUEST NO. 220:**

24       In addition to the general objections stated above which are incorporated
25  herein by reference, Mattel objects to this Request on the grounds that it is
26  overbroad, unduly burdensome and unintelligible, including in that it seeks all
27  documents on this subject without limitation as to time, and regardless of whether
28  such documents relate to products or matters at issue in this case.  Mattel further

1  objects to the Request on the grounds that it seeks documents that are not relevant to
2  this action or likely to lead to the discovery of admissible evidence.  Mattel further
3  objects to this Request on the grounds that it seeks confidential, proprietary and
4  trade secret information that has no bearing on the claims or defenses in this case.
5  Mattel further objects to this Request on the grounds that it calls for the disclosure
6  of information subject to the attorney-client privilege, the attorney work product
7  doctrine and other applicable privileges.

8  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 220:**

9  In addition to the general objections stated above which are incorporated
10 herein by reference, Mattel objects to this Request on the grounds that it is
11 overbroad, unduly burdensome and unintelligible, including in that it seeks all
12 documents on this subject without limitation as to time, and regardless of whether
13 such documents relate to products or matters at issue in this case.  Mattel further
14 objects to the Request on the grounds that it seeks documents that are not relevant to
15 this action or likely to lead to the discovery of admissible evidence.  Mattel further
16 objects to this Request on the grounds that it calls for documents or information in
17 the possession, custody or control of MGA, including without limitation documents
18 and information that MGA has been compelled by Court orders to produce but has
19 not produced.  Mattel further objects to this Request on the grounds that it seeks
20 confidential, proprietary and trade secret information, including such information
21 that has no bearing on the claims or defenses in this case.  Mattel further objects to
22 this Request on the grounds that it calls for the disclosure of information subject to
23 the attorney-client privilege, the attorney work product doctrine and other applicable
24 privileges.

25 Subject to the foregoing objections, Mattel responds as follows: Mattel will
26 produce responsive, non-privileged documents relating to Daniel Cooney's
27 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
28 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

-192-

1  has been able to locate after a diligent search and reasonable inquiry, to the extent
2  not previously produced.

3  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
4  **TO SHOULD BE COMPELLED**

5       Mattel has improperly limited its agreement to produce documents in
6  response to this request, subject to its improper boilerplate objections. Mattel has
7  refused to confirm whether or not it has produced all non-privileged responsive
8  documents or whether it is withholding documents based on its objections in Phase
9  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
10  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
11  Generic objections that fail to explain the basis for an objection with specificity are
12  routinely rejected in the Central District. <u>See A. Farber and Partners, Inc. v. Garber</u>,
13  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
14  'overly burdensome and harassing' are improper – especially when a party fails to
15  submit any evidentiary declarations supporting such objections"). Accordingly,
16  Mattel must be compelled either to certify that it has produced all non-privileged
17  responsive documents or to produce all such documents by a date certain.

18       To the extent that Mattel is relying on its blanket objections, they are not
19  sustainable and do not justify Mattel's failure to produce documents.

20       As to overbreadth, Mattel provides no explanation, let alone the required
21  particularity, as to why this request is supposedly overly broad, nor can it do so.
22  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
23  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
24  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
25  custody, or control concerning Cooney's alleged knowledge of "MGA's access to
26  Mattel's intellectual property and trade secrets" and "MGA's business practices."
27  This area of information is taken directly from Mattel's allegations regarding

28

1 │ Cooney in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated
2 │ Initial Disclosures, dated Jan. 5, 2007, p. 6).

3 │      As to burden, Mattel has not attempted to demonstrate why responding to this
4 │ request and/or producing responsive documents presents any burden. This objection
5 │ must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
6 │ F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7 │ unduly burdensome must allege specific facts which indicate the nature and extent
8 │ of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
9 │ unduly burdensome, as noted above, in that the request is narrowly tailored to seek
10 │ only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
11 │ secrets. MGA is entitled to discovery on this claim.

12 │      This request does not seek documents protected by the attorney-client
13 │ privilege, the attorney work product doctrine, or other applicable privileges. To the
14 │ extent that Mattel contends that it does, Mattel must provide a privilege log.

15 │      This request seeks relevant information. Mattel identified Cooney in its
16 │ initial disclosures an individual with discoverable knowledge regarding "MGA's
17 │ access to Mattel's intellectual property and trade secrets" and "MGA business
18 │ practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
19 │ Jan. 5, 2007, p. 6). Accordingly, Mattel's initial disclosures demonstrate the
20 │ relevance of this request. Further, this information is relevant to, among other
21 │ things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
22 │ MGA's affirmative defenses of statute of limitations and laches.

23 │      Mattel's objection that the request seeks information within MGA's
24 │ possession, custody or control is nonsensical and lacks factual support. Mattel
25 │ makes no argument, let alone a factual showing, that any documents in MGA's
26 │ possession are duplicative of documents within Mattel's control. MGA is entitled to
27 │ discovery from Mattel of documents within its possession, custody, or control that
28 │

1 relate to the subject of this suit. Mattel cannot avoid this obligation by making a
2 conclusory statement that MGA also possesses responsive documents.

3 Mattel's objection that the request seeks confidential, proprietary, and trade
4 secret information should be disregarded. The parties have entered into a protective
5 order in this matter, which governs the handling of confidential business
6 information. Further, Mattel has put its confidential business information at issue in
7 this litigation, including but not limited to its trade secret misappropriation claim
8 Accordingly, it cannot resist discovery of confidential business information.

9 Finally, Mattel has improperly limited its agreement to produce to "the facts
10 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
11 the individual is identified as being knowledgeable about certain topics in Mattel's
12 initial disclosures, Mattel's obligation to produce does not end with the facts that it
13 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
14 information from the individual on the topics identified, regardless of whether it
15 supports the facts as alleged by Mattel, MGA, or any other party. See Order
16 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
17 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
18 MGA might be excluding documents that are responsive to the request based upon
19 its unilateral determination of what is 'relevant' or 'sufficient.'").

20 None of Mattel's improper objections are valid and Mattel is obligated to
21 produce all non-privileged responsive documents in its possession, custody, or
22 control.

23 **MATTEL'S RESPONSE:**

24 MGA ignores that (i) Mattel has produced its non-privileged, responsive
25 documents, as it agreed to do, and that (ii) most information sought by this request is
26 within MGA's possession, custody or control, and is equally if not more readily
27 available to MG  Cooney is an employee of MGA. MGA gives no reason why it
28 requests information from Mattel regarding its *own company* and its *own employee*,

1 | other than to say that "this area of information is taken directly from Mattel's
2 | allegations regarding Cooney in its initial disclosures." Indeed, it appears that MGA
3 | merely cut and paste its request from Mattel's initial disclosures without
4 | consideration as to what information Mattel may have that is already within MGA's
5 | possession, custody or control.

6 |      MGA's conclusory arguments also ignore that the Request is facially
7 | overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
8 | Civil Procedure do not permit MGA to use broad discovery requests untethered to
9 | any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion
10 | for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
11 | See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
12 | Cir. 2004) ("District courts need not condone the use of discovery to engage in
13 | 'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to
14 | Cooney's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮▮▮
15 | ▮▮▮▮▮ MGA makes no attempt to link this request with the claims and defenses
16 | in this case. For example, Cooney may have knowledge of MGA's retirement plans,
17 | health benefits, OSHA compliance, sexual harassment policies, or any number of
18 | subjects regarding business practices at MGA which clearly fall outside the narrow
19 | scope required by the Discovery Master. Because MGA has not linked its broad
20 | request to any of the numerous and far-ranging allegations of unfair competition set
21 | forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
22 | objection.

23 |      The term "RELATING TO … alleged knowledge" as used in the request is
24 | likewise overbroad. The universe of documents that could "relate" to Cooney's
25 | knowledge are potentially without limit. The request is not confined to documents
26 | in Cooney's possession or control; rather, all documents containing information that
27 | Cooney coincidentally knows about the subjects at issue are subsumed within this
28 | request.

1        MGA complains that Mattel has limited its responses regarding individuals in
2   Mattel's Initial Disclosures to information "as alleged in Mattel's initial
3   disclosures." Mattel has produced all information as to these individuals that is
4   relevant or pertinent to this litigation. There is nothing to compel.

5        Quite simply, there is nothing to compel. Mattel has produced responsive,
6   non-privileged documents relating to Cooney's knowledge of the facts at issue in
7   this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
8   possession, custody or control.

9   **REQUEST FOR PRODUCTION NO. 221:**

10       All DOCUMENTS REFERRING OR RELATING TO Stephanie Cota's
11  alleged knowledge of "[t]he development and ownership of intellectual property at
12  issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

13  **RESPONSE TO REQUEST NO. 221:**

14       In addition to the general objections stated above which are incorporated
15  herein by reference, Mattel objects to this Request on the grounds that it is
16  overbroad, unduly burdensome and unintelligible, including in that it seeks all
17  documents on this subject without limitation as to time, and regardless of whether
18  such documents relate to products or matters at issue in this case. Mattel further
19  objects to the Request on the grounds that it seeks documents that are not relevant to
20  this action or likely to lead to the discovery of admissible evidence. Mattel further
21  objects to this Request on the grounds that it seeks confidential, proprietary and
22  trade secret information that has no bearing on the claims or defenses in this case.
23  Mattel further objects to this Request on the grounds that it calls for the disclosure
24  of information subject to the attorney-client privilege, the attorney work product
25  doctrine and other applicable privileges.

26  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 221:**

27       In addition to the general objections stated above which are incorporated
28  herein by reference, Mattel objects to this Request on the grounds that it is

1  overbroad, unduly burdensome and unintelligible, including in that it seeks all
2  documents on this subject without limitation as to time, and regardless of whether
3  such documents relate to products or matters at issue in this case.  Mattel further
4  objects to the Request on the grounds that it seeks documents that are not relevant to
5  this action or likely to lead to the discovery of admissible evidence.  Mattel further
6  objects to this Request on the grounds that it seeks confidential, proprietary and
7  trade secret information, including such information that has no bearing on the
8  claims or defenses in this case.  Mattel further objects to this Request on the ground
9  that it calls for the disclosure of information subject to the attorney-client privilege
10 the attorney work-product doctrine and other applicable privileges.

11        Subject to the foregoing objections, Mattel responds as follows: Mattel will
12 produce responsive, non-privileged documents relating to Stephanie Cota's
13 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
14 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
15 has been able to locate after a diligent search and reasonable inquiry, to the extent
16 not previously produced.

17 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
18 **TO SHOULD BE COMPELLED**

19        Mattel has improperly limited its agreement to produce documents in
20 response to this request, subject to its improper boilerplate objections.  Mattel has
21 refused to confirm whether or not it has produced all non-privileged responsive
22 documents or whether it is withholding documents based on its objections in Phase
23 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
24 must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
25 Generic objections that fail to explain the basis for an objection with specificity are
26 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
27 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
28 'overly burdensome and harassing' are improper – especially when a party fails to

1   submit any evidentiary declarations supporting such objections").  Accordingly,
2   Mattel must be compelled either to certify that it has produced all non-privileged
3   responsive documents or to produce all such documents by a date certain.

4       To the extent that Mattel is relying on its blanket objections, they are not
5   sustainable and do not justify Mattel's failure to produce documents.

6       As to overbreadth, Mattel provides no explanation, let alone the required
7   particularity, as to why this request is supposedly overly broad, nor can it do so.
8   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
9   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
10  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
11  custody, or control concerning Cota's alleged knowledge of "[t]he development an
12  ownership of intellectual property at issue."  This area of information is taken
13  directly from Mattel's allegations regarding Cota in its initial disclosures.  Rutowski
14  Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).

15      As to burden, Mattel has not attempted to demonstrate why responding to this
16  request and/or producing responsive documents presents any burden.  This objection
17  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
18  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
19  unduly burdensome must allege specific facts which indicate the nature and extent
20  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
21  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
22  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
23  secrets.  MGA is entitled to discovery on this claim.

24      This request does not seek documents protected by the attorney-client
25  privilege, the attorney work product doctrine, or other applicable privileges.  To the
26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27      This request seeks relevant information.  Mattel identified Cota in its initial
28  disclosures an individual with discoverable knowledge regarding "[t]he

1  development and ownership of intellectual property at issue."  Rutowski Decl.

2  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).

3  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

4  Further, this information is relevant to, among other things, Mattel's trade secret

5  defense and MGA's claims of trade dress infringement.

6      Mattel's objection that the request seeks confidential, proprietary, and trade

7  secret information should be disregarded.  The parties have entered into a protective

8  order in this matter, which governs the handling of confidential business

9  information.  Further, Mattel has put its confidential business information at issue in

10  this litigation, including but not limited to its trade secret misappropriation claim

11  Accordingly, it cannot resist discovery of confidential business information.

12      Finally, Mattel has improperly limited its agreement to produce to "the facts

13  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

14  the individual is identified as being knowledgeable about certain topics in Mattel's

15  initial disclosures, Mattel's obligation to produce does not end with the facts that it

16  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

17  information from the individual on the topics identified, regardless of whether it

18  supports the facts as alleged by Mattel, MGA, or any other party.  See Order

19  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

20  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

21  MGA might be excluding documents that are responsive to the request based upon

22  its unilateral determination of what is 'relevant' or 'sufficient.'").

23      None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession, custody, or

25  control.

26  **MATTEL'S RESPONSE:**

27      The term "RELATING TO ... alleged knowledge" as used in the request is

28  likewise overbroad.  The universe of documents that could "relate" to Cota's

-200

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1　knowledge are potentially without limit. The request is not confined to documents
2　in Cota's possession or control; rather, all documents containing information that
3　Cota coincidentally knows about the subjects at issue are subsumed within this
4　request.

5　　　　MGA complains that Mattel has limited its responses regarding individuals in
6　Mattel's Initial Disclosures to information "as alleged in Mattel's initial
7　disclosures." Mattel has produced all information as to these individuals that is
8　relevant or pertinent to this litigation. There is nothing to compel.

9　　　　Quite simply, there is nothing to compel. Mattel has produced responsive,
10　non-privileged documents relating to Cota's knowledge of the facts at issue in this
11　litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
12　custody or control.

13　**REQUEST FOR PRODUCTION NO. 222:**

14　　　　All DOCUMENTS in Stephanie Cota's possession or control REFERRING
15　OR RELATING TO her alleged knowledge of "[t]he development and ownership of
16　intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

17　**RESPONSE TO REQUEST NO. 222:**

18　　　　In addition to the general objections stated above which are incorporated
19　herein by reference, Mattel objects to this Request on the grounds that it is
20　overbroad, unduly burdensome and unintelligible, including in that it seeks all
21　documents on this subject without limitation as to time, and regardless of whether
22　such documents relate to products or matters at issue in this case. Mattel further
23　objects to the Request on the grounds that it seeks documents that are not relevant to
24　this action or likely to lead to the discovery of admissible evidence. Mattel further
25　objects to this Request on the grounds that it seeks confidential, proprietary and
26　trade secret information that has no bearing on the claims or defenses in this case.
27　Mattel further objects to this Request on the grounds that it calls for the disclosure
28

1  of information subject to the attorney-client privilege, the attorney work product

2  doctrine and other applicable privileges.

3  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 222:**

4         In addition to the general objections stated above which are incorporated

5  herein by reference, Mattel objects to this Request on the grounds that it is

6  overbroad, unduly burdensome and unintelligible, including in that it seeks all

7  documents on this subject without limitation as to time, and regardless of whether

8  such documents relate to products or matters at issue in this case. Mattel further

9  objects to the Request on the grounds that it seeks documents that are not relevant to

10 this action or likely to lead to the discovery of admissible evidence. Mattel further

11 objects to this Request on the grounds that it seeks confidential, proprietary and

12 trade secret information, including such information that has no bearing on the

13 claims or defenses in this case. Mattel further objects to this Request on the ground

14 that it calls for the disclosure of information subject to the attorney-client privilege

15 the attorney work-product doctrine and other applicable privileges.

16        Subject to the foregoing objections, Mattel responds as follows: Mattel will

17 produce responsive, non-privileged documents relating to Stephanie Cota's

18 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

19 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

20 has been able to locate after a diligent search and reasonable inquiry, to the extent

21 not previously produced.

22 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

23 **TO SHOULD BE COMPELLED**

24        Mattel has improperly limited its agreement to produce documents in

25 response to this request, subject to its improper boilerplate objections. Mattel has

26 refused to confirm whether or not it has produced all non-privileged responsive

27 documents or whether it is withholding documents based on its objections in Phase

28 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

1 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
2 Generic objections that fail to explain the basis for an objection with specificity are
3 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
4 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
5 'overly burdensome and harassing' are improper – especially when a party fails to
6 submit any evidentiary declarations supporting such objections"). Accordingly,
7 Mattel must be compelled either to certify that it has produced all non-privileged
8 responsive documents or to produce all such documents by a date certain.

9 To the extent that Mattel is relying on its blanket objections, they are not
10 sustainable and do not justify Mattel's failure to produce documents.

11 As to overbreadth, Mattel provides no explanation, let alone the required
12 particularity, as to why this request is supposedly overly broad, nor can it do so.
13 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
14 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
15 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
16 custody, or control concerning Cota's alleged knowledge of "[t]he development an
17 ownership of intellectual property at issue." This area of information is taken
18 directly from Mattel's allegations regarding Cota in its initial disclosures. Rutowski
19 Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).

20 As to burden, Mattel has not attempted to demonstrate why responding to this
21 request and/or producing responsive documents presents any burden. This objection
22 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
23 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
24 unduly burdensome must allege specific facts which indicate the nature and extent
25 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
26 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
27 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
28 secrets. MGA is entitled to discovery on this claim.

1       This request does not seek documents protected by the attorney-client
2   privilege, the attorney work product doctrine, or other applicable privileges.  To the
3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4       This request seeks relevant information.  Mattel identified Cota in its initial
5   disclosures an individual with discoverable knowledge regarding "[t]he
6   development and ownership of intellectual property at issue."  Rutowski Decl.
7   Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).
8   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

9       Further, this information is relevant to, among other things, Mattel's trade
10  secret defense and MGA's claims of trade dress infringement.

11      Mattel's objection that the request seeks confidential, proprietary, and trade
12  secret information should be disregarded.  The parties have entered into a protective
13  order in this matter, which governs the handling of confidential business
14  information.  Further, Mattel has put its confidential business information at issue in
15  this litigation, including but not limited to its trade secret misappropriation claim
16  Accordingly, it cannot resist discovery of confidential business information.

17      Finally, Mattel has improperly limited its agreement to produce to "the facts
18  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
19  the individual is identified as being knowledgeable about certain topics in Mattel's
20  initial disclosures, Mattel's obligation to produce does not end with the facts that it
21  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
22  information from the individual on the topics identified, regardless of whether it
23  supports the facts as alleged by Mattel, MGA, or any other party.  See Order
24  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
25  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
26  MGA might be excluding documents that are responsive to the request based upon
27  its unilateral determination of what is 'relevant' or 'sufficient.'").

28

1    None of Mattel's improper objections are valid and Mattel is obligated to

2  produce all non-privileged responsive documents in its possession, custody, or

3  control.

4  **MATTEL'S RESPONSE:**

5    MGA complains that Mattel has limited its responses regarding individuals in

6  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

7  disclosures." Mattel has produced all information as to these individuals that is

8  relevant or pertinent to this litigation. There is nothing to compel.

9    Quite simply, there is nothing to compel. Mattel has produced responsive,

10  non-privileged documents relating to Cota's knowledge of the facts at issue in this

11  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

12  custody or control.

13  **REQUEST FOR PRODUCTION NO. 223:**

14    All DOCUMENTS REFERRING OR RELATING TO David Dees's alleged

15  knowledge of "[t]he development of Bratz," as alleged in MATTEL'S INITIAL

16  DISCLOSURES.

17  **RESPONSE TO REQUEST NO. 223:**

18    In addition to the general objections stated above which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it is

20  overbroad, unduly burdensome and unintelligible, including in that it seeks all

21  documents on this subject without limitation as to time, and regardless of whether

22  such documents relate to products or matters at issue in this case. Mattel further

23  objects to the Request on the grounds that it seeks documents that are not relevant to

24  this action or likely to lead to the discovery of admissible evidence. Mattel further

25  objects to this Request on the grounds that it seeks confidential, proprietary and

26  trade secret information that has no bearing on the claims or defenses in this case.

27  Mattel further objects to this Request on the grounds that it calls for the disclosure

28

1    of information subject to the attorney-client privilege, the attorney work product

2    doctrine and other applicable privileges.

3    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 223:**

4        In addition to the general objections stated above which are incorporated

5    herein by reference, Mattel objects to this Request on the grounds that it is

6    overbroad, unduly burdensome and unintelligible, including in that it seeks all

7    documents on this subject without limitation as to time, and regardless of whether

8    such documents relate to products or matters at issue in this case. Mattel further

9    objects to this Request on the grounds that it calls for documents or information in

10    the possession, custody or control of MGA and/or Bryant, including without

11    limitation documents and information that MGA and Bryant have been compelled

12    by Court orders to produce but have not produced. Mattel further objects to this

13    Request on the grounds that it seeks confidential, proprietary and trade secret

14    information, including such information that has no bearing on the claims or

15    defenses in this case. Mattel further objects to this Request on the grounds that it

16    calls for the disclosure of information subject to the attorney-client privilege, the

17    attorney work-product doctrine and other applicable privileges.

18        Subject to the foregoing objections, Mattel responds as follows: Mattel will

19    produce responsive, non-privileged documents relating to David Dees's knowledge

20    of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

21    in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

22    after a diligent search and reasonable inquiry, to the extent not previously produced.

23    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

24    **TO SHOULD BE COMPELLED**

25        Mattel has improperly limited its agreement to produce documents in

26    response to this request, subject to its improper boilerplate objections. Mattel has

27    refused to confirm whether or not it has produced all non-privileged responsive

28    documents or whether it is withholding documents based on its objections in Phase

1   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

2   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

3   Generic objections that fail to explain the basis for an objection with specificity are

4   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

5   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

6   'overly burdensome and harassing' are improper – especially when a party fails to

7   submit any evidentiary declarations supporting such objections").  Accordingly,

8   Mattel must be compelled either to certify that it has produced all non-privileged

9   responsive documents or to produce all such documents by a date certain.

10          To the extent that Mattel is relying on its blanket objections, they are not

11   sustainable and do not justify Mattel's failure to produce documents.

12          As to overbreadth, Mattel provides no explanation, let alone the required

13   particularity, as to why this request is supposedly overly broad, nor can it do so.

14   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

15   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

16   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

17   custody, or control concerning Dees's alleged knowledge of "[t]he development of

18   Bratz."  This area of information is taken directly from Mattel's allegations

19   regarding Dees in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's

20   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).

21          As to burden, Mattel has not attempted to demonstrate why responding to this

22   request and/or producing responsive documents presents any burden.  This objection

23   must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

24   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

25   unduly burdensome must allege specific facts which indicate the nature and extent

26   of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not

27   unduly burdensome, as noted above, in that the request is narrowly tailored to seek

28

1  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
2  secrets. MGA is entitled to discovery on this claim.

3      This request does not seek documents protected by the attorney-client
4  privilege, the attorney work product doctrine, or other applicable privileges. To the
5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6      This request seeks relevant information. Mattel identified Dees in its initial
7  disclosures an individual with discoverable knowledge regarding "[t]he
8  development of Bratz." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
9  Disclosures, dated Jan. 5, 2007, p. 6). Accordingly, Mattel's initial disclosures
10 demonstrate the relevance of this request. Further, this information is relevant to,
11 among other things, Mattel's trade secret defense, MGA's claims of trade dress
12 infringement, and MGA's affirmative defenses of statute of limitations and laches.

13     Mattel's objection that the request seeks information within MGA's
14 possession, custody or control is nonsensical and lacks factual support. Mattel
15 makes no argument, let alone a factual showing, that any documents in MGA's
16 possession are duplicative of documents within Mattel's control. MGA is entitled to
17 discovery from Mattel of documents within its possession, custody, or control that
18 relate to the subject of this suit. Mattel cannot avoid this obligation by making a
19 conclusory statement that MGA also possesses responsive documents.

20     Mattel's objection that the request seeks confidential, proprietary, and trade
21 secret information should be disregarded. The parties have entered into a protective
22 order in this matter, which governs the handling of confidential business
23 information. Further, Mattel has put its confidential business information at issue in
24 this litigation, including but not limited to its trade secret misappropriation claim
25 Accordingly, it cannot resist discovery of confidential business information.

26     Finally, Mattel has improperly limited its agreement to produce to "the facts
27 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
28 the individual is identified as being knowledgeable about certain topics in Mattel's

-208

1  initial disclosures, Mattel's obligation to produce does not end with the facts that it

2  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

3  information from the individual on the topics identified, regardless of whether it

4  supports the facts as alleged by Mattel, MGA, or any other party. See Order

5  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

6  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

7  MGA might be excluding documents that are responsive to the request based upon

8  its unilateral determination of what is 'relevant' or 'sufficient.'").

9       None of Mattel's improper objections are valid and Mattel is obligated to

10  produce all non-privileged responsive documents in its possession, custody, or

11  control.

12  **MATTEL'S RESPONSE:**

13       MGA's request is duplicative of previous requests for which Mattel has

14  produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to

15  produce documents responsive to MGA's First Set of Requests for the Production of

16  Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[21]  Request Nos.

17  180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including

18  his work at Mattel and MGA and the design and development of Bratz.  Request

19  No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring

20  or relating to BRYANT."[22]  On September 11, 2007, Discovery Master Infante

21  granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and

22  260.[23]  Pursuant to this order, Mattel produced documents responsive to these

23  requests. Mattel has since confirmed that it has produced responsive, non-privileged

24

25  [21]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
    Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.

26  [22]  See MGA's First Set of Requests for the Production of Documents and
27  Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

    [23]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's
28  Motion to Compel, at 7-10, Dart Decl., Exh. 9.

1  documents to these requests in its Third Supplemental Responses to MGA's First

2  Set of Requests for Production.[24]  There is nothing additional to compel and MGA's

3  motion is moot.

4       The term "RELATING TO … alleged knowledge" as used in the request is

5  likewise overbroad.  The universe of documents that could "relate" to Dees's

6  knowledge are potentially without limit.  The request is not confined to documents

7  in Dees's possession or control; rather, all documents containing information that

8  Dees coincidentally knows about the subjects at issue are subsumed within this

9  request.

10       MGA complains that Mattel has limited its responses  regarding individuals in

11  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

12  disclosures."  Mattel has produced all information as to these individuals that is

13  relevant or pertinent to this litigation.  There is nothing to compel.

14       Quite simply, there is nothing to compel.  Mattel has produced responsive,

15  non-privileged documents relating to Dees's knowledge of the facts at issue in this

16  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

17  custody or control.

18  **REQUEST FOR PRODUCTION NO. 224:**

19       All DOCUMENTS REFERRING OR RELATING TO Alan Dennis's alleged

20  knowledge of "[t]he development and ownership of intellectual property at issue," as

21  alleged in MATTEL'S INITIAL DISCLOSURES.

22  **RESPONSE TO REQUEST NO. 224:**

23       In addition to the general objections stated above which are incorporated

24  herein by reference, Mattel objects to this Request on the grounds that it is

25  overbroad, unduly burdensome and unintelligible, including in that it seeks all

26  documents on this subject without limitation as to time, and regardless of whether

27  _____

   [24]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests

28  for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1 such documents relate to products or matters at issue in this case. Mattel further
2 objects to the Request on the grounds that it seeks documents that are not relevant to
3 this action or likely to lead to the discovery of admissible evidence. Mattel further
4 objects to this Request on the grounds that it seeks confidential, proprietary and
5 trade secret information that has no bearing on the claims or defenses in this case.
6 Mattel further objects to this Request on the grounds that it calls for the disclosure
7 of information subject to the attorney-client privilege, the attorney work product
8 doctrine and other applicable privileges.

9 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 224:**

10        In addition to the general objections stated above which are incorporated
11 herein by reference, Mattel objects to this Request on the grounds that it is
12 overbroad, unduly burdensome and unintelligible, including in that it seeks all
13 documents on this subject without limitation as to time, and regardless of whether
14 such documents relate to products or matters at issue in this case. Mattel further
15 objects to the Request on the grounds that it seeks documents that are not relevant to
16 this action or likely to lead to the discovery of admissible evidence. Mattel further
17 objects to this Request on the grounds that it seeks confidential, proprietary and
18 trade secret information, including such information that has no bearing on the
19 claims or defenses in this case. Mattel further objects to this Request on the ground
20 that it calls for the disclosure of information subject to the attorney-client privilege
21 the attorney work-product doctrine and other applicable privileges.

22        Subject to the foregoing objections, Mattel responds as follows: Mattel will
23 produce responsive, non-privileged documents relating to Alan Dennis's knowledge
24 of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
25 in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
26 after a diligent search and reasonable inquiry, to the extent not previously produced.

27
28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c) Generic objections that fail to explain the basis an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Dennis's alleged knowledge of "[t]he development and ownership of intellectual property at issue." This area of information is taken directly from Mattel's allegations regarding Dennis in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).

1   As to burden, Mattel has not attempted to demonstrate why responding to this

2 request and/or producing responsive documents presents any burden. This objection

3 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

4 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

5 unduly burdensome must allege specific facts which indicate the nature and extent

6 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

7 unduly burdensome, as noted above, in that the request is narrowly tailored to seek

8 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

9 secrets. MGA is entitled to discovery on this claim.

10   This request does not seek documents protected by the attorney-client

11 privilege, the attorney work product doctrine, or other applicable privileges. To the

12 extent that Mattel contends that it does, Mattel must provide a privilege log.

13   This request seeks relevant information. Mattel identified Dennis in its initial

14 disclosures an individual with discoverable knowledge regarding "[t]he

15 development and ownership of intellectual property at issue." Rutowski Decl.

16 Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).

17 Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

18   Further, this information is relevant to, among other things, Mattel's trade

19 secret defense and MGA's claims of trade dress infringement.

20   Mattel's objection that the request seeks confidential, proprietary, and trade

21 secret information should be disregarded. The parties have entered into a protective

22 order in this matter, which governs the handling of confidential business

23 information. Further, Mattel has put its confidential business information at issue in

24 this litigation, including but not limited to its trade secret misappropriation claim

25 Accordingly, it cannot resist discovery of confidential business information.

26   Finally, Mattel has improperly limited its agreement to produce to "the facts

27 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

28 the individual is identified as being knowledgeable about certain topics in Mattel's

1  initial disclosures, Mattel's obligation to produce does not end with the facts that it
2  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
3  information from the individual on the topics identified, regardless of whether it
4  supports the facts as alleged by Mattel, MGA, or any other party.  <u>See</u> Order
5  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
6  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
7  MGA might be excluding documents that are responsive to the request based upon
8  its unilateral determination of what is 'relevant' or 'sufficient.'").

9       None of Mattel's improper objections are valid and Mattel is obligated to
10  produce all non-privileged responsive documents in its possession, custody, or
11  control.

12  **MATTEL'S RESPONSE:**

13      The term "RELATING TO … alleged knowledge" as used in the request is
14  overbroad.  The universe of documents that could "relate" to Dennis's knowledge
15  are potentially without limit.  The request is not confined to documents in Dennis's
16  possession or control; rather, all documents containing information that Dennis
17  coincidentally knows about the subjects at issue are subsumed within this request.

18      MGA complains that Mattel has limited its responses  regarding individuals in
19  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
20  disclosures."  Mattel has produced all information as to these individuals that is
21  relevant or pertinent to this litigation.  There is nothing to compel.

22      Quite simply, there is nothing to compel.  Mattel has produced responsive,
23  non-privileged documents relating to Dennis's knowledge of the facts at issue in this
24  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
25  custody or control.

26

27

28

1  **REQUEST FOR PRODUCTION NO. 225:**

2      All DOCUMENTS in Alan Dennis's possession or control REFERRING OR

3  RELATING TO his alleged knowledge of "[t]he development and ownership of

4  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

5  **RESPONSE TO REQUEST NO. 225:**

6      In addition to the general objections stated above which are incorporated

7  herein by reference, Mattel objects to this Request on the grounds that it is

8  overbroad, unduly burdensome and unintelligible, including in that it seeks all

9  documents on this subject without limitation as to time, and regardless of whether

10 such documents relate to products or matters at issue in this case. Mattel further

11 objects to the Request on the grounds that it seeks documents that are not relevant to

12 this action or likely to lead to the discovery of admissible evidence. Mattel further

13 objects to this Request on the grounds that it seeks confidential, proprietary and

14 trade secret information that has no bearing on the claims or defenses in this case.

15 Mattel further objects to this Request on the grounds that it calls for the disclosure

16 of information subject to the attorney-client privilege, the attorney work product

17 doctrine and other applicable privileges.

18 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 225:**

19     In addition to the general objections stated above which are incorporated

20 herein by reference, Mattel objects to this Request on the grounds that it is

21 overbroad, unduly burdensome and unintelligible, including in that it seeks all

22 documents on this subject without limitation as to time, and regardless of whether

23 such documents relate to products or matters at issue in this case. Mattel further

24 objects to the Request on the grounds that it seeks documents that are not relevant to

25 this action or likely to lead to the discovery of admissible evidence. Mattel further

26 objects to this Request on the grounds that it seeks confidential, proprietary and

27 trade secret information, including such information that has no bearing on the

28 claims or defenses in this case. Mattel further objects to this Request on the ground

1    that it calls for the disclosure of information subject to the attorney-client privilege
2    the attorney work-product doctrine and other applicable privileges.

3        Subject to the foregoing objections, Mattel responds as follows: Mattel will
4    produce responsive, non-privileged documents relating to Alan Dennis's knowledge
5    of the facts at issue in this litigation as alleged in Mattel's. Initial Disclosures that
6    are in Mattel's possession, custody, or control, if any, that Mattel has been able to
7    locate after a diligent search and reasonable inquiry, to the extent not previously
8    produced.

9    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
10   **TO SHOULD BE COMPELLED**

11        Mattel has improperly limited its agreement to produce documents in
12   response to this request, subject to its improper boilerplate objections. Mattel has
13   refused to confirm whether or not it has produced all non-privileged responsive
14   documents or whether it is withholding documents based on its objections in Phase
15   2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
16   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
17   Generic objections that fail to explain the basis for an objection with specificity are
18   routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
19   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
20   'overly burdensome and harassing' are improper – especially when a party fails to
21   submit any evidentiary declarations supporting such objections"). Accordingly,
22   Mattel must be compelled either to certify that it has produced all non-privileged
23   responsive documents or to produce all such documents by a date certain.

24        To the extent that Mattel is relying on its blanket objections, they are not
25   sustainable and do not justify Mattel's failure to produce documents.

26        As to overbreadth, Mattel provides no explanation, let alone the required
27   particularity, as to why this request is supposedly overly broad, nor can it do so.
28   This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

-216-

1   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

3   custody, or control concerning Dennis's alleged knowledge of "[t]he development

4   and ownership of intellectual property at issue."  This area of information is taken

5   directly from Mattel's allegations regarding Dennis in its initial disclosures.

6   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

7   p. 6).

8        As to burden, Mattel has not attempted to demonstrate why responding to this

9   request and/or producing responsive documents presents any burden.  This objection

10  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

11  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

12  unduly burdensome must allege specific facts which indicate the nature and extent

13  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not

14  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

15  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade

16  secrets.  MGA is entitled to discovery on this claim.

17       This request does not seek documents protected by the attorney-client

18  privilege, the attorney work product doctrine, or other applicable privileges.  To the

19  extent that Mattel contends that it does, Mattel must provide a privilege log.

20       This request seeks relevant information.  Mattel identified Dennis in its initial

21  disclosures an individual with discoverable knowledge regarding "[t]he

22  development and ownership of intellectual property at issue."  Rutowski Decl.

23  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).

24  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

25  Further, this information is relevant to, among other things, Mattel's trade secret

26  defense and MGA's claims of trade dress infringement.

27       Mattel's objection that the request seeks confidential, proprietary, and trade

28  secret information should be disregarded.  The parties have entered into a protective

-217-

1    order in this matter, which governs the handling of confidential business

2    information. Further, Mattel has put its confidential business information at issue in

3    this litigation, including but not limited to its trade secret misappropriation claim

4    Accordingly, it cannot resist discovery of confidential business information.

5        Finally, Mattel has improperly limited its agreement to produce to "the facts

6    at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

7    the individual is identified as being knowledgeable about certain topics in Mattel's

8    initial disclosures, Mattel's obligation to produce does not end with the facts that it

9    has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

10    information from the individual on the topics identified, regardless of whether it

11    supports the facts as alleged by Mattel, MGA, or any other party. See Order

12    Granting Mattel's Motion to Compel Production of Documents and Interrogatory

13    Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

14    MGA might be excluding documents that are responsive to the request based upon

15    its unilateral determination of what is 'relevant' or 'sufficient.'").

16        None of Mattel's improper objections are valid and Mattel is obligated to

17    produce all non-privileged responsive documents in its possession, custody, or

18    control.

19    **MATTEL'S RESPONSE:**

20        MGA complains that Mattel has limited its responses regarding individuals in

21    Mattel's Initial Disclosures to information "as alleged in Mattel's initial

22    disclosures." Mattel has produced all information as to these individuals that is

23    relevant or pertinent to this litigation. There is nothing to compel.

24        Quite simply, there is nothing to compel. Mattel has produced responsive,

25    non-privileged documents relating to Dennis's knowledge of the facts at issue in this

26    litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

27    custody or control.

28

1 **REQUEST FOR PRODUCTION NO. 226:**

2      All DOCUMENTS REFERRING OR RELATING TO Luis H. Domingo's

3 alleged knowledge of "MGA's access to Mattel's intellectual property and trade

4 secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

5 DISCLOSURES.

6 **RESPONSE TO REQUEST NO. 226:**

7      In addition to the general objections stated above which are incorporated

8 herein by reference, Mattel objects to this Request on the grounds that it is

9 overbroad, unduly burdensome and unintelligible, including in that it seeks all

10 documents on this subject without limitation as to time, and regardless of whether

11 such documents relate to products or matters at issue in this case. Mattel further

12 objects to the Request on the grounds that it seeks documents that are not relevant to

13 this action or likely to lead to the discovery of admissible evidence. Mattel further

14 objects to this Request on the grounds that it seeks confidential, proprietary and

15 trade secret information that has no bearing on the claims or defenses in this case.

16 Mattel further objects to this Request on the grounds that it calls for the disclosure

17 of information subject to the attorney-client privilege, the attorney work product

18 doctrine and other applicable privileges.

19 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 226:**

20      In addition to the general objections stated above which are incorporated

21 herein by reference, Mattel objects to this Request on the grounds that it is

22 overbroad, unduly burdensome and unintelligible, including in that it seeks all

23 documents on this subject without limitation as to time, and regardless of whether

24 such documents relate to products or matters at issue in this case. Mattel further

25 objects to the Request on the grounds that it seeks documents that are not relevant to

26 this action or likely to lead to the discovery of admissible evidence. Mattel further

27 objects to this Request on the grounds that it calls for documents or information in

28 the possession, custody or control of MGA, including without limitation documents

1 | and information that MGA has been compelled by Court orders to produce but has
2 | not produced. Mattel further objects to this Request on the grounds that it seeks
3 | confidential, proprietary and trade secret information, including such information
4 | that has no bearing on the claims or defenses in this case. Mattel further objects to
5 | this Request on the grounds that it calls for the disclosure of information subject to
6 | the attorney-client privilege, the attorney work product doctrine and other applicable
7 | privileges.

8 | Subject to the foregoing objections, Mattel responds as follows: Mattel will
9 | produce responsive, non-privileged documents relating to Luis H. Domingo's
10 | knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
11 | Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
12 | has been able to locate after a diligent search and reasonable inquiry, to the extent
13 | not previously produced.

14 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
15 | **TO SHOULD BE COMPELLED**

16 | Mattel has improperly limited its agreement to produce documents in
17 | response to this request, subject to its improper boilerplate objections. Mattel has
18 | refused to confirm whether or not it has produced all non-privileged responsive
19 | documents or whether it is withholding documents based on its objections in Phase
20 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
21 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
22 | Generic objections that fail to explain the basis for an objection with specificity are
23 | routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
24 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
25 | 'overly burdensome and harassing' are improper – especially when a party fails to
26 | submit any evidentiary declarations supporting such objections"). Accordingly,
27 | Mattel must be compelled either to certify that it has produced all non-privileged
28 | responsive documents or to produce all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are not
2  sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required
4  particularity, as to why this request is supposedly overly broad, nor can it do so.
5  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
6  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
7  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
8  custody, or control concerning Domingo's alleged knowledge of "MGA's access to
9  Mattel's intellectual property and trade secrets" and "MGA's business practices."

10    This area of information is taken directly from Mattel's allegations regarding
11  Domingo in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated
12  Initial Disclosures, dated Jan. 5, 2007, p. 6).

13    As to burden, Mattel has not attempted to demonstrate why responding to this
14  request and/or producing responsive documents presents any burden. This objection
15  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
16  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
17  unduly burdensome must allege specific facts which indicate the nature and extent
18  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
19  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
20  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
21  secrets. MGA is entitled to discovery on this claim.

22    This request does not seek documents protected by the attorney-client
23  privilege, the attorney work product doctrine, or other applicable privileges. To the
24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25    This request seeks relevant information. Mattel identified Domingo in its
26  initial disclosures an individual with discoverable knowledge regarding "MGA's
27  access to Mattel's intellectual property and trade secrets" and "MGA business
28  practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

1 | Jan. 5, 2007, p. 6). Accordingly, Mattel's initial disclosures demonstrate the
2 | relevance of this request. Further, this information is relevant to, among other
3 | things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
4 | MGA's affirmative defenses of statute of limitations and laches.

5 | Mattel's objection that the request seeks information within MGA's
6 | possession, custody or control is nonsensical and lacks factual support. Mattel
7 | makes no argument, let alone a factual showing, that any documents in MGA's
8 | possession are duplicative of documents within Mattel's control. MGA is entitled to
9 | discovery from Mattel of documents within its possession, custody, or control that
10 | relate to the subject of this suit. Mattel cannot avoid this obligation by making a
11 | conclusory statement that MGA also possesses responsive documents.

12 | Mattel's objection that the request seeks confidential, proprietary, and trade
13 | secret information should be disregarded. The parties have entered into a protective
14 | order in this matter, which governs the handling of confidential business
15 | information. Further, Mattel has put its confidential business information at issue in
16 | this litigation, including but not limited to its trade secret misappropriation claim
17 | Accordingly, it cannot resist discovery of confidential business information.

18 | Finally, Mattel has improperly limited its agreement to produce to "the facts
19 | at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
20 | the individual is identified as being knowledgeable about certain topics in Mattel's
21 | initial disclosures, Mattel's obligation to produce does not end with the facts that it
22 | has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
23 | information from the individual on the topics identified, regardless of whether it
24 | supports the facts as alleged by Mattel, MGA, or any other party. See Order
25 | Granting Mattel's Motion to Compel Production of Documents and Interrogatory
26 | Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
27 | MGA might be excluding documents that are responsive to the request based upon
28 | its unilateral determination of what is 'relevant' or 'sufficient.'").

1    None of Mattel's improper objections are valid and Mattel is obligated to
2  produce all non-privileged responsive documents in its possession, custody, or
3  control.

4  **MATTEL'S RESPONSE:**

5    MGA ignores that (i) Mattel has produced its non-privileged, responsive
6  documents, as it agreed to do, and that (ii) most information sought by this request is
7  within MGA's possession, custody or control, and is equally if not more readily
8  available to MG Domingo is an employee of MGA. MGA gives no reason why it
9  requests information from Mattel regarding its *own company* and its *own employee*,
10 other than to say that "this area of information is taken directly from Mattel's
11 allegations regarding Domingo in its initial disclosures." Indeed, it appears that
12 MGA merely cut and paste its request from Mattel's initial disclosures without
13 consideration as to what information Mattel may have that is already within MGA's
14 possession, custody or control.

15   MGA's conclusory arguments also ignore that the Request is facially
16 overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
17 Civil Procedure do not permit MGA to use broad discovery requests untethered to
18 any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion
19 for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
20 See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
21 Cir. 2004) ("District courts need not condone the use of discovery to engage in
22 'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to
23 Domingo's knowledge of extremely broad subjects—including ▬▬▬▬▬▬▬
24 ▬▬▬▬▬ MGA makes no attempt to link this request with the claims and defenses
25 in this case. For example, Domingo may have knowledge of MGA's retirement
26 plans, health benefits, OSHA compliance, sexual harassment policies, or any
27 number of subjects regarding business practices at MGA which clearly fall outside
28 the narrow scope required by the Discovery Master. Because MGA has not linked

1    its broad request to any of the numerous and far-ranging allegations of unfair
2    competition set forth in its complaint, the Discovery Master should uphold Mattel's
3    overbreadth objection.

4          The term "RELATING TO … alleged knowledge" as used in the request is
5    likewise overbroad.  The universe of documents that could "relate" to Domingo's
6    knowledge are potentially without limit.  The request is not confined to documents
7    in Domingo's possession or control; rather, all documents containing information
8    that Domingo coincidentally knows about the subjects at issue are subsumed within
9    this request.

10         MGA complains that Mattel has limited its responses  regarding individuals in
11   Mattel's Initial Disclosures to information "as alleged in Mattel's initial
12   disclosures."  Mattel has produced all information as to these individuals that is
13   relevant or pertinent to this litigation.  There is nothing to compel.

14         Quite simply, there is nothing to compel.  Mattel has produced responsive,
15   non-privileged documents relating to Domingo's knowledge of the facts at issue in
16   this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
17   possession, custody or control.

18   **REQUEST FOR PRODUCTION NO. 227:**

19         All DOCUMENTS REFERRING OR RELATING TO Ann Driskill's alleged
20   knowledge of "Carter Bryant's breach of obligations to Mattel," as alleged in
21   MATTEL'S INITIAL DISCLOSURES.

22   **RESPONSE TO REQUEST NO. 227:**

23         In addition to the general objections stated above which are incorporated
24   herein by reference, Mattel objects to this Request on the grounds that it is
25   overbroad, unduly burdensome and unintelligible, including in that it seeks all
26   documents on this subject without limitation as to time, and regardless of whether
27   such documents relate to products or matters at issue in this case.  Mattel further
28   objects to the Request on the grounds that it seeks documents that are not relevant to

1  this action or likely to lead to the discovery of admissible evidence.  Mattel further

2  objects to this Request on the grounds that it seeks confidential, proprietary and

3  trade secret information that has no bearing on the claims or defenses in this case.

4  Mattel further objects to this Request on the grounds that it calls for the disclosure

5  of information subject to the attorney-client privilege, the attorney work product

6  doctrine and other applicable privileges.

7  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 227:**

8         In addition to the general objections stated above which are incorporated

9  herein by reference, Mattel objects to this Request on the grounds that it is

10  overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products or matters at issue in this case.  Mattel further

13  objects to the Request on the grounds that it seeks documents that are not relevant to

14  this action or likely to lead to the discovery of admissible evidence.  Mattel further

15  objects to this Request on the grounds that it seeks confidential, proprietary and

16  trade secret information, including such information that has no bearing on the

17  claims or defenses in this case.  Mattel further objects to this Request on the ground

18  that it calls for the disclosure of information subject to the attorney-client privilege

19  the attorney work-product doctrine and other applicable privileges.

20         Subject to the foregoing objections, Mattel responds as follows: Mattel will

21  produce responsive, non-privileged documents relating to Ann Driskill's knowledge

22  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

23  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

24  after a diligent search and reasonable inquiry, to the extent not previously produced.

25  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

26  **TO SHOULD BE COMPELLED**

27         Mattel has improperly limited its agreement to produce documents in

28  response to this request, subject to its improper boilerplate objections.  Mattel has

-225-

1  refused to confirm whether or not it has produced all non-privileged responsive
2  documents or whether it is withholding documents based on its objections in Phase
3  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
4  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
5  Generic objections that fail to explain the basis for an objection with specificity are
6  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
7  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
8  'overly burdensome and harassing' are improper – especially when a party fails to
9  submit any evidentiary declarations supporting such objections"). Accordingly,
10 Mattel must be compelled either to certify that it has produced all non-privileged
11 responsive documents or to produce all such documents by a date certain.

12       To the extent that Mattel is relying on its blanket objections, they are not
13 sustainable and do not justify Mattel's failure to produce documents.

14       As to overbreadth, Mattel provides no explanation, let alone the required
15 particularity, as to why this request is supposedly overly broad, nor can it do so.
16 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
17 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
18 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
19 custody, or control concerning Driskill's alleged knowledge of "Carter Bryant's
20 breach of obligations to Mattel." This area of information is taken directly from
21 Mattel's allegations regarding Driskill in its initial disclosures. Rutowski Decl. Ex
22 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).

23       As to burden, Mattel has not attempted to demonstrate why responding to this
24 request and/or producing responsive documents presents any burden. This objection
25 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
26 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
27 unduly burdensome must allege specific facts which indicate the nature and extent
28 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

1  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
2  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
3  secrets. MGA is entitled to discovery on this claim.

4      This request does not seek documents protected by the attorney-client
5  privilege, the attorney work product doctrine, or other applicable privileges. To the
6  extent that Mattel contends that it does, Mattel must provide a privilege log.

7      This request seeks relevant information. Mattel identified Driskill in its initial
8  disclosures an individual with discoverable knowledge regarding "Carter Bryant's
9  breach of obligations to Mattel." Rutowski Decl. Ex. 56 (Mattel's Consolidated
10 Initial Disclosures, dated Jan. 5, 2007, p. 6). Accordingly, Mattel's initial
11 disclosures demonstrate the relevance of this request. Further, this information is
12 relevant to, among other things, Mattel's trade secret defense and MGA's affirmative
13 defenses of statute of limitations and laches.

14     Mattel's objection that the request seeks confidential, proprietary, and trade
15 secret information should be disregarded. The parties have entered into a protective
16 order in this matter, which governs the handling of confidential business
17 information. Further, Mattel has put its confidential business information at issue in
18 this litigation, including but not limited to its trade secret misappropriation claim.
19 Accordingly, it cannot resist discovery of confidential business information.

20     Finally, Mattel has improperly limited its agreement to produce to "the facts
21 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
22 the individual is identified as being knowledgeable about certain topics in Mattel's
23 initial disclosures, Mattel's obligation to produce does not end with the facts that it
24 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
25 information from the individual on the topics identified, regardless of whether it
26 supports the facts as alleged by Mattel, MGA, or any other party. See Order
27 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
28 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

1 MGA might be excluding documents that are responsive to the request based upon
2 its unilateral determination of what is 'relevant' or 'sufficient.'").

3       None of Mattel's improper objections are valid and Mattel is obligated to
4 produce all non-privileged responsive documents in its possession, custody, or
5 control.

6 **MATTEL'S RESPONSE:**

7       MGA's request is duplicative of previous requests for which Mattel has
8 produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
9 produce documents responsive to MGA's First Set of Requests for the Production of
10 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[25]  Request Nos.
11 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
12 his work at Mattel and MGA and the design and development of Bratz.   Request
13 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
14 or relating to BRYANT."[26]  On September 11, 2007, Discovery Master Infante
15 granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
16 260.[27]  Pursuant to this order, Mattel produced documents responsive to these
17 requests. Mattel has since confirmed that it has produced responsive, non-privileged
18 documents to these requests in its Third Supplemental Responses to MGA's First
19 Set of Requests for Production.[28]   There is nothing additional to compel and MGA's
20 motion is moot.

21       The term "RELATING TO … alleged knowledge" as used in the request is
22 likewise overbroad.  The universe of documents that could "relate" to Driskill's

23 ─────────────
[25] See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
24 Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
[26] See MGA's First Set of Requests for the Production of Documents and
25 Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
26 [27] See September 12, 2007 Order Granting in Part and Denying in Part MGA's
Motion to Compel, at 7-10, Dart Decl., Exh. 9.
27 [28] See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28 for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1  knowledge are potentially without limit.  The request is not confined to documents

2  in Driskill's possession or control; rather, all documents containing information that

3  Driskill coincidentally knows about the subjects at issue are subsumed within this

4  request.

5      MGA complains that Mattel has limited its responses  regarding individuals in

6  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

7  disclosures."  Mattel has produced all information as to these individuals that is

8  relevant or pertinent to this litigation.  There is nothing to compel.

9      Quite simply, there is nothing to compel.  Mattel has produced responsive,

10 non-privileged documents relating to Driskill's knowledge of the facts at issue in

11 this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

12 possession, custody or control.

13 **REQUEST FOR PRODUCTION NO. 228:**

14     All DOCUMENTS in Ann Driskill's possession or control REFERRING OR

15 RELATING TO her alleged knowledge of "Carter Bryant's breach of obligations t

16 Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

17 **RESPONSE TO REQUEST NO. 228:**

18     In addition to the general objections stated above which are incorporated

19 herein by reference, Mattel objects to this Request on the grounds that it is

20 overbroad, unduly burdensome and unintelligible, including in that it seeks all

21 documents on this subject without limitation as to time, and regardless of whether

22 such documents relate to products or matters at issue in this case.  Mattel further

23 objects to the Request on the grounds that it seeks documents that are not relevant to

24 this action or likely to lead to the discovery of admissible evidence.  Mattel further

25 objects to this Request on the grounds that it seeks confidential, proprietary and

26 trade secret information that has no bearing on the claims or defenses in this case.

27 Mattel further objects to this Request on the grounds that it calls for the disclosure

28

-229

1 | of information subject to the attorney-client privilege, the attorney work product
2 | doctrine and other applicable privileges.

3 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 228:**

4 | In addition to the general objections stated above which are incorporated
5 | herein by reference, Mattel objects to this Request on the grounds that it is
6 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
7 | documents on this subject without limitation as to time, and regardless of whether
8 | such documents relate to products or matters at issue in this case. Mattel further
9 | objects to the Request on the grounds that it seeks documents that are not relevant to
10 | this action or likely to lead to the discovery of admissible evidence. Mattel further
11 | objects to this Request on the grounds that it seeks confidential, proprietary and
12 | trade secret information, including such information that has no bearing on the
13 | claims or defenses in this case. Mattel further objects to this Request on the ground
14 | that it calls for the disclosure of information subject to the attorney-client privilege
15 | the attorney work-product doctrine and other applicable privileges.

16 | Subject to the foregoing objections, Mattel responds as follows: Mattel will
17 | produce responsive, non-privileged documents relating to Ann Driskill's knowledge
18 | of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
19 | in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
20 | after a diligent search and reasonable inquiry, to the extent not previously produced.

21 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
22 | **TO SHOULD BE COMPELLED**

23 | Mattel has improperly limited its agreement to produce documents in
24 | response to this request, subject to its improper boilerplate objections. Mattel has
25 | refused to confirm whether or not it has produced all non-privileged responsive
26 | documents or whether it is withholding documents based on its objections in Phase
27 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
28 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

1  Generic objections that fail to explain the basis for an objection with specificity are
2  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
3  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
4  'overly burdensome and harassing' are improper – especially when a party fails to
5  submit any evidentiary declarations supporting such objections").  Accordingly,
6  Mattel must be compelled either to certify that it has produced all non-privileged
7  responsive documents or to produce all such documents by a date certain.

8      To the extent that Mattel is relying on its blanket objections, they are not
9  sustainable and do not justify Mattel's failure to produce documents.

10     As to overbreadth, Mattel provides no explanation, let alone the required
11  particularity, as to why this request is supposedly overly broad, nor can it do so.
12  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
13  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
14  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
15  custody, or control concerning Driskill's alleged knowledge of "Carter Bryant's
16  breach of obligations to Mattel."  This area of information is taken directly from
17  Mattel's allegations regarding Driskill in its initial disclosures.  Rutowski Decl. Ex
18  56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).

19     As to burden, Mattel has not attempted to demonstrate why responding to this
20  request and/or producing responsive documents presents any burden.  This objection
21  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
22  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
23  unduly burdensome must allege specific facts which indicate the nature and extent
24  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
25  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
26  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
27  secrets.  MGA is entitled to discovery on this claim.

28

1       This request does not seek documents protected by the attorney-client
2   privilege, the attorney work product doctrine, or other applicable privileges. To the
3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4       This request seeks relevant information. Mattel identified Driskill in its initial
5   disclosures an individual with discoverable knowledge regarding "Carter Bryant's
6   breach of obligations to Mattel." Rutowski Decl. Ex. 56 (Mattel's Consolidated
7   Initial Disclosures, dated Jan. 5, 2007, p. 6). Accordingly, Mattel's initial
8   disclosures demonstrate the relevance of this request. Further, this information is
9   relevant to, among other things, Mattel's trade secret defense and MGA's affirmative
10  defenses of statute of limitations and laches.

11      Mattel's objection that the request seeks confidential, proprietary, and trade
12  secret information should be disregarded. The parties have entered into a protective
13  order in this matter, which governs the handling of confidential business
14  information. Further, Mattel has put its confidential business information at issue in
15  this litigation, including but not limited to its trade secret misappropriation claim
16  Accordingly, it cannot resist discovery of confidential business information.

17      Finally, Mattel has improperly limited its agreement to produce to "the facts
18  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
19  the individual is identified as being knowledgeable about certain topics in Mattel's
20  initial disclosures, Mattel's obligation to produce does not end with the facts that it
21  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
22  information from the individual on the topics identified, regardless of whether it
23  supports the facts as alleged by Mattel, MGA, or any other party. See Order
24  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
25  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
26  MGA might be excluding documents that are responsive to the request based upon
27  its unilateral determination of what is 'relevant' or 'sufficient.'").

28

1       None of Mattel's improper objections are valid and Mattel is obligated to

2 produce all non-privileged responsive documents in its possession, custody, or

3 control.

4 **MATTEL'S RESPONSE:**

5       MGA's request is duplicative of previous requests for which Mattel has

6 produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to

7 produce documents responsive to MGA's First Set of Requests for the Production of

8 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[29]  Request Nos.

9 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including

10 his work at Mattel and MGA and the design and development of Bratz.   Request

11 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring

12 or relating to BRYANT."[30]  On September 11, 2007, Discovery Master Infante

13 granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and

14 260.[31]  Pursuant to this order, Mattel produced documents responsive to these

15 requests. Mattel has since confirmed that it has produced responsive, non-privileged

16 documents to these requests in its Third Supplemental Responses to MGA's First

17 Set of Requests for Production.[32]  There is nothing additional to compel and MGA's

18 motion is moot.

19       The term "RELATING TO … alleged knowledge" as used in the request is

20 likewise overbroad.  The universe of documents that could "relate" to Driskill's

21 knowledge are potentially without limit.  All documents containing information that

22

23     [29]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce

24 Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.

    [30]  See MGA's First Set of Requests for the Production of Documents and

25 Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

26     [31]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's

27 Motion to Compel, at 7-10, Dart Decl., Exh. 9.

    [32]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests

28 for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1  Driskill coincidentally knows about the subjects at issue are subsumed within this
2  request.

3      MGA complains that Mattel has limited its responses  regarding individuals in
4  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
5  disclosures."  Mattel has produced all information as to these individuals that is
6  relevant or pertinent to this litigation.  There is nothing to compel.

7      Quite simply, there is nothing to compel.  Mattel has produced responsive,
8  non-privileged documents relating to Driskill's knowledge of the facts at issue in
9  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
10  possession, custody or control.

11  **REQUEST FOR PRODUCTION NO. 229:**

12      All DOCUMENTS REFERRING OR RELATING TO Ian Dyer's alleged
13  knowledge of "[t]he development and ownership of intellectual property at issue," as
14  alleged in MATTEL'S INITIAL DISCLOSURES.

15  **RESPONSE TO REQUEST NO. 229:**

16      In addition to the general objections stated above which are incorporated
17  herein by reference, Mattel objects to this Request on the grounds that it is
18  overbroad, unduly burdensome and unintelligible, including in that it seeks all
19  documents on this subject without limitation as to time, and regardless of whether
20  such documents relate to products or matters at issue in this case.  Mattel further
21  objects to the Request on the grounds that it seeks documents that are not relevant to
22  this action or likely to lead to the discovery of admissible evidence.  Mattel further
23  objects to this Request on the grounds that it seeks confidential, proprietary and
24  trade secret information that has no bearing on the claims or defenses in this case.
25  Mattel further objects to this Request on the grounds that it calls for the disclosure
26  of information subject to the attorney-client privilege, the attorney work product
27  doctrine and other applicable privileges.

28

1 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 229:**

2 |     In addition to the general objections stated above which are incorporated

3 | herein by reference, Mattel objects to this Request on the grounds that it is

4 | overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 | documents on this subject without limitation as to time, and regardless of whether

6 | such documents relate to products or matters at issue in this case. Mattel further

7 | objects to the Request on the grounds that it seeks documents that are not relevant to

8 | this action or likely to lead to the discovery of admissible evidence. Mattel further

9 | objects to this Request on the grounds that it seeks confidential, proprietary and

10 | trade secret information, including such information that has no bearing on the

11 | claims or defenses in this case. Mattel further objects to this Request on the ground

12 | that it calls for the disclosure of information subject to the attorney-client privilege

13 | the attorney work-product doctrine and other applicable privileges.

14 |     Subject to the foregoing objections, Mattel responds as follows: Mattel will

15 | produce responsive, non-privileged documents relating to Ian Dyer's knowledge of

16 | the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in

17 | Mattel's possession, custody, or control, if any, that Mattel has been able to locate

18 | after a diligent search and reasonable inquiry, to the extent not previously produced.

19 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

20 | **TO SHOULD BE COMPELLED**

21 |     Mattel has improperly limited its agreement to produce documents in

22 | response to this request, subject to its improper boilerplate objections. Mattel has

23 | refused to confirm whether or not it has produced all non-privileged responsive

24 | documents or whether it is withholding documents based on its objections in Phase

25 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

26 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

27 | Generic objections that fail to explain the basis for an objection with specificity are

28 | routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,