1 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
2 'overly burdensome and harassing' are improper – especially when a party fails to
3 submit any evidentiary declarations supporting such objections").  Accordingly,
4 Mattel must be compelled either to certify that it has produced all non-privileged
5 responsive documents or to produce all such documents by a date certain.

6     To the extent that Mattel is relying on its blanket objections, they are not
7 sustainable and do not justify Mattel's failure to produce documents.

8     As to overbreadth, Mattel provides no explanation, let alone the required
9 particularity, as to why this request is supposedly overly broad, nor can it do so.
10 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
11 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
12 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
13 custody, or control concerning Dyer's alleged knowledge of "[t]he development and
14 ownership of intellectual property at issue."  This area of information is taken
15 directly from Mattel's allegations regarding Dyer in its initial disclosures.  Rutowski
16 Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).

17     As to burden, Mattel has not attempted to demonstrate why responding to this
18 request and/or producing responsive documents presents any burden.  This objection
19 must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
20 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
21 unduly burdensome must allege specific facts which indicate the nature and extent
22 of the burden, usually by affidavit or other reliable evidence.").

23     Moreover, it is not unduly burdensome, as noted above, in that the request is
24 narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA
25 misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

26     This request does not seek documents protected by the attorney-client
27 privilege, the attorney work product doctrine, or other applicable privileges.  To the
28 extent that Mattel contends that it does, Mattel must provide a privilege log.

1    This request seeks relevant information. Mattel identified Dyer in its initial
2    disclosures an individual with discoverable knowledge regarding "[t]he
3    development and ownership of intellectual property at issue." Rutowski Decl.
4    Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).
5    Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
6    Further, this information is relevant to, among other things, Mattel's trade secret
7    defense and MGA's claims of trade dress infringement.

8    Mattel's objection that the request seeks confidential, proprietary, and trade
9    secret information should be disregarded. The parties have entered into a protective
10   order in this matter, which governs the handling of confidential business
11   information. Further, Mattel has put its confidential business information at issue in
12   this litigation, including but not limited to its trade secret misappropriation claim
13   Accordingly, it cannot resist discovery of confidential business information.

14   Finally, Mattel has improperly limited its agreement to produce to "the facts
15   at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
16   the individual is identified as being knowledgeable about certain topics in Mattel's
17   initial disclosures, Mattel's obligation to produce does not end with the facts that it
18   has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
19   information from the individual on the topics identified, regardless of whether it
20   supports the facts as alleged by Mattel, MGA, or any other party. See Order
21   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
22   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
23   MGA might be excluding documents that are responsive to the request based upon
24   its unilateral determination of what is 'relevant' or 'sufficient.'").

25   None of Mattel's improper objections are valid and Mattel is obligated to
26   produce all non-privileged responsive documents in its possession, custody, or
27   control.

28

**MATTEL'S RESPONSE:**

The term "RELATING TO ... alleged knowledge" as used in the request is likewise overbroad.  The universe of documents that could "relate" to Dyer's knowledge are potentially without limit.  The request is not confined to documents in Dyer's possession or control; rather, all documents containing information that Dyer coincidentally knows about the subjects at issue are subsumed within this request.

MGA complains that Mattel has limited its responses  regarding individuals in Mattel's Initial Disclosures to information "as alleged in Mattel's initial disclosures."  Mattel has produced all information as to these individuals that is relevant or pertinent to this litigation.  There is nothing to compel.

Quite simply, there is nothing to compel.  Mattel has produced responsive, non-privileged documents relating to Dyer's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 230:**

All DOCUMENTS in Ian Dyer's possession or control REFERRING OR RELATING TO his alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 230:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and

-238-

1   trade secret information that has no bearing on the claims or defenses in this case.
2   Mattel further objects to this Request on the grounds that it calls for the disclosure
3   of information subject to the attorney-client privilege, the attorney work-product
4   doctrine and other applicable privileges.

5   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 230:**

6   In addition to the general objections stated above which are incorporated
7   herein by reference, Mattel objects to this Request on the grounds that it is
8   overbroad, unduly burdensome and unintelligible, including in that it seeks all
9   documents on this subject without limitation as to time, and regardless of whether
10   such documents relate to products or matters at issue in this case. Mattel further
11   objects to the Request on the grounds that it seeks documents that are not relevant to
12   this action or likely to lead to the discovery of admissible evidence. Mattel further
13   objects to this Request on the grounds that it seeks confidential, proprietary and
14   trade secret information, including such information that has no bearing on the
15   claims or defenses in this case. Mattel further objects to this Request on the ground
16   that it calls for the disclosure of information subject to the attorney-client privilege
17   the attorney work-product doctrine and other applicable privileges.

18   Subject to the foregoing objections, Mattel responds as follows: Mattel will
19   produce responsive, non-privileged documents relating to Ian Dyer's knowledge of
20   the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in
21   Mattel's possession, custody, or control, if any, that Mattel has been able to locate
22   after a diligent search and reasonable inquiry, to the extent not previously produced.

23   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
24   **TO SHOULD BE COMPELLED**

25   Mattel has improperly limited its agreement to produce documents in
26   response to this request, subject to its improper boilerplate objections. Mattel has
27   refused to confirm whether or not it has produced all non-privileged responsive
28   documents or whether it is withholding documents based on its objections in Phase

1  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

2  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

3  Generic objections that fail to explain the basis for an objection with specificity are

4  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

5  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

6  'overly burdensome and harassing' are improper – especially when a party fails to

7  submit any evidentiary declarations supporting such objections").

8  Accordingly, Mattel must be compelled either to certify that it has produced

9  all non-privileged responsive documents or to produce all such documents by a date

10  certain.

11  To the extent that Mattel is relying on its blanket objections, they are not

12  sustainable and do not justify Mattel's failure to produce documents.

13  As to overbreadth, Mattel provides no explanation, let alone the required

14  particularity, as to why this request is supposedly overly broad, nor can it do so.

15  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

16  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

17  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

18  custody, or control concerning Dyer's alleged knowledge of "[t]he development and

19  ownership of intellectual property at issue." This area of information is taken

20  directly from Mattel's allegations regarding Dyer in its initial disclosures. Rutowski

21  Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).

22  As to burden, Mattel has not attempted to demonstrate why responding to this

23  request and/or producing responsive documents presents any burden. This objection

24  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

25  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

26  unduly burdensome must allege specific facts which indicate the nature and extent

27  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

28  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

1 | only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
2 | secrets.  MGA is entitled to discovery on this claim.

3 |      This request does not seek documents protected by the attorney-client
4 | privilege, the attorney work product doctrine, or other applicable privileges.  To the
5 | extent that Mattel contends that it does, Mattel must provide a privilege log.

6 |      This request seeks relevant information.  Mattel identified Dyer in its initial
7 | disclosures an individual with discoverable knowledge regarding "[t]he
8 | development and ownership of intellectual property at issue." Rutowski Decl.
9 | Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).
10 | Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
11 | Further, this information is relevant to, among other things, Mattel's trade secret
12 | defense and MGA's claims of trade dress infringement.

13 |      Mattel's objection that the request seeks confidential, proprietary, and trade
14 | secret information should be disregarded.  The parties have entered into a protective
15 | order in this matter, which governs the handling of confidential business
16 | information.  Further, Mattel has put its confidential business information at issue in
17 | this litigation, including but not limited to its trade secret misappropriation claim
18 | Accordingly, it cannot resist discovery of confidential business information.

19 |      Finally, Mattel has improperly limited its agreement to produce to "the facts
20 | at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
21 | the individual is identified as being knowledgeable about certain topics in Mattel's
22 | initial disclosures, Mattel's obligation to produce does not end with the facts that it
23 | has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
24 | information from the individual on the topics identified, regardless of whether it
25 | supports the facts as alleged by Mattel, MGA, or any other party.  See Order
26 | Granting Mattel's Motion to Compel Production of Documents and Interrogatory
27 | Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
28 |

1   MGA might be excluding documents that are responsive to the request based upon
2   its unilateral determination of what is 'relevant' or 'sufficient.'").

3       None of Mattel's improper objections are valid and Mattel is obligated to
4   produce all non-privileged responsive documents in its possession, custody, or
5   control.

6   **MATTEL'S RESPONSE:**

7       MGA complains that Mattel has limited its responses  regarding individuals in
8   Mattel's Initial Disclosures to information "as alleged in Mattel's initial
9   disclosures."  Mattel has produced all information as to these individuals that is
10  relevant or pertinent to this litigation.  There is nothing to compel.

11      Quite simply, there is nothing to compel.  Mattel has produced responsive,
12  non-privileged documents relating to Dyer's knowledge of the facts at issue in this
13  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
14  custody or control.

15  **REQUEST FOR PRODUCTION NO. 231:**

16      All DOCUMENTS REFERRING OR RELATING TO Robert Eckert's
17  alleged knowledge of "Mattel's business operations and the development and
18  ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL
19  DISCLOSURES.

20  **RESPONSE TO REQUEST NO. 231:**

21      In addition to the general objections stated above which are incorporated
22  herein by reference, Mattel objects to this Request on the grounds that it is
23  overbroad, unduly burdensome and unintelligible, including in that it seeks all
24  documents on this subject without limitation as to time, and regardless of whether
25  such documents relate to products or matters at issue in this case.  Mattel further
26  objects to the Request on the grounds that it seeks documents that are not relevant to
27  this action or likely to lead to the discovery of admissible evidence.  Mattel further
28  objects to this Request on the grounds that it seeks confidential, proprietary and

1 │ trade secret information that has no bearing on the claims or defenses in this case.

2 │ Mattel further objects to this Request on the grounds that it calls for the disclosure

3 │ of information subject to the attorney-client privilege, the attorney work product

4 │ doctrine and other applicable privileges.

5 │ **SUPPLEMENTAL RESPONSE TO REQUEST NO. 231:**

6 │ In addition to the general objections stated above which are incorporated

7 │ herein by reference, Mattel objects to this Request on the grounds that it is

8 │ overbroad, unduly burdensome and unintelligible, including in that it seeks all

9 │ documents on this subject without limitation as to time, and regardless of whether

10 │ such documents relate to products or matters at issue in this case. Mattel further

11 │ objects to the Request on the grounds that it seeks documents that are not relevant to

12 │ this action or likely to lead to the discovery of admissible evidence. Mattel further

13 │ objects to this Request on the grounds that it seeks confidential, proprietary and

14 │ trade secret information, including such information that has no bearing on the

15 │ claims or defenses in this case. Mattel further objects to this Request on the ground

16 │ that it calls for the disclosure of information subject to the attorney-client privilege

17 │ the attorney work-product doctrine and other applicable privileges.

18 │ Subject to the foregoing objections, Mattel responds as follows: Mattel will

19 │ produce responsive, non-privileged documents relating to Robert Eckert's

20 │ knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

21 │ Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

22 │ has been able to locate after a diligent search and reasonable inquiry, to the extent

23 │ not previously produced.

24 │ **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

25 │ **TO SHOULD BE COMPELLED**

26 │ Mattel has improperly limited its agreement to produce documents in

27 │ response to this request, subject to its improper boilerplate objections. Mattel has

28 │ refused to confirm whether or not it has produced all non-privileged responsive

1 documents or whether it is withholding documents based on its objections in Phase
2 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
3 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
4 Generic objections that fail to explain the basis for an objection with specificity are
5 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
6 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
7 'overly burdensome and harassing' are improper – especially when a party fails to
8 submit any evidentiary declarations supporting such objections"). Accordingly,
9 Mattel must be compelled either to certify that it has produced all non-privileged
10 responsive documents or to produce all such documents by a date certain.

11      To the extent that Mattel is relying on its blanket objections, they are not
12 sustainable and do not justify Mattel's failure to produce documents.

13      As to overbreadth, Mattel provides no explanation, let alone the required
14 particularity, as to why this request is supposedly overly broad, nor can it do so.
15 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
16 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
17 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
18 custody, or control concerning Eckert's alleged knowledge of "Mattel's business
19 operations and the development and ownership of intellectual property at issue."
20 This area of information is taken directly from Mattel's allegations regarding Ecker
21 in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
22 Disclosures, dated Jan. 5, 2007, p. 6).

23      As to burden, Mattel has not attempted to demonstrate why responding to this
24 request and/or producing responsive documents presents any burden. This objection
25 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
26 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
27 unduly burdensome must allege specific facts which indicate the nature and extent
28 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

1   unduly burdensome, as noted above, in that the request is narrowly tailored to seek
2   only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
3   secrets. MGA is entitled to discovery on this claim.

4       This request does not seek documents protected by the attorney-client
5   privilege, the attorney work product doctrine, or other applicable privileges. To the
6   extent that Mattel contends that it does, Mattel must provide a privilege log.

7       This request seeks relevant information. Mattel identified Eckert in its initial
8   disclosures an individual with discoverable knowledge regarding "Mattel's busines
9   operations and the development and ownership of intellectual property at issue."
10   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
11   p. 6). Accordingly, Mattel's initial disclosures demonstrate the relevance of this
12   request. Further, this information is relevant to, among other things, Mattel's trade
13   secret defense and MGA's claims of trade dress infringement.

14       Mattel's objection that the request seeks confidential, proprietary, and trade
15   secret information should be disregarded. The parties have entered into a protective
16   order in this matter, which governs the handling of confidential business
17   information. Further, Mattel has put its confidential business information at issue in
18   this litigation, including but not limited to its trade secret misappropriation claim
19   Accordingly, it cannot resist discovery of confidential business information.

20       Finally, Mattel has improperly limited its agreement to produce to "the facts
21   at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
22   the individual is identified as being knowledgeable about certain topics in Mattel's
23   initial disclosures, Mattel's obligation to produce does not end with the facts that it
24   has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
25   information from the individual on the topics identified, regardless of whether it
26   supports the facts as alleged by Mattel, MGA, or any other party. See Order
27   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
28   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1 MGA might be excluding documents that are responsive to the request based upon
2 its unilateral determination of what is 'relevant' or 'sufficient.'").

3    None of Mattel's improper objections are valid and Mattel is obligated to
4 produce all non-privileged responsive documents in its possession, custody, or
5 control.

6 **MATTEL'S RESPONSE:**

7    MGA's conclusory arguments also ignore that the Request is facially
8 overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
9 Civil Procedure do not permit MGA to use broad discovery requests untethered to
10 any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
11 for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
12 See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
13 Cir. 2004) ("District courts need not condone the use of discovery to engage in
14 'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
15 Eckert's knowledge of extremely broad subjects—including "Mattel's business
16 operations."  MGA makes no attempt to link this request with the claims and
17 defenses in this case.  For example, Eckert may have knowledge of Mattel's
18 retirement plans, health benefits, OSHA compliance, sexual harassment policies, or
19 any number of subjects regarding business operations at Mattel which clearly fall
20 outside the narrow scope required by the Discovery Master. Because MGA has not
21 linked its broad request to any of the numerous and far-ranging allegations of unfair
22 competition set forth in its complaint, the Discovery Master should uphold Mattel's
23 overbreadth objection.

24    The term "RELATING TO … alleged knowledge" as used in the request is
25 likewise overbroad.  The universe of documents that could "relate" to Eckert's
26 knowledge are potentially without limit.  The request is not confined to documents
27 in Eckert's possession or control; rather, all documents containing information that
28

1 | Eckert coincidentally knows about the subjects at issue are subsumed within this
2 | request.

3 | MGA complains that Mattel has limited its responses regarding individuals in
4 | Mattel's Initial Disclosures to information "as alleged in Mattel's initial
5 | disclosures." Mattel has produced all information as to these individuals that is
6 | relevant or pertinent to this litigation. There is nothing to compel.

7 | Quite simply, there is nothing to compel. Mattel has produced responsive,
8 | non-privileged documents relating to Eckert's knowledge of the facts at issue in this
9 | litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
10 | custody or control, if any, that Mattel has been able to locate after a diligent search.
11 | and reasonable inquiry.

12 | **REQUEST FOR PRODUCTION NO. 232:**

13 | All DOCUMENTS in Robert Eckert's possession or control REFERRING OR
14 | RELATING TO his alleged knowledge of "Mattel's business operations and the
15 | development and ownership of intellectual property at issue," as alleged in
16 | MATTEL'S INITIAL DISCLOSURES.

17 | **RESPONSE TO REQUEST NO. 232:**

18 | In addition to the general objections stated above which are incorporated
19 | herein by reference, Mattel objects to this Request on the grounds that it is
20 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
21 | documents on this subject without limitation as to time, and regardless of whether
22 | such documents relate to products or matters at issue in this case. Mattel further
23 | objects to the Request on the grounds that it seeks documents that are not relevant to
24 | this action or likely to lead to the discovery of admissible evidence. Mattel further
25 | objects to this Request on the grounds that it seeks confidential, proprietary and
26 | trade secret information that has no bearing on the claims or defenses in this case.
27 | Mattel further objects to this Request on the grounds that it calls for the disclosure

28 |

1  of information subject to the attorney-client privilege, the attorney work product
2  doctrine and other applicable privileges.

3  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 232:**

4       In addition to the general objections stated above which are incorporated
5  herein by reference, Mattel objects to this Request on the grounds that it is
6  overbroad, unduly burdensome and unintelligible, including in that it seeks all
7  documents on this subject without limitation as to time, and regardless of whether
8  such documents relate to products or matters at issue in this case. Mattel further
9  objects to the Request on the grounds that it seeks documents that are not relevant to
10 this action or likely to lead to the discovery of admissible evidence. Mattel further
11 objects to this Request on the grounds that it seeks confidential, proprietary and
12 trade secret information, including such information that has no bearing on the
13 claims or defenses in this case. Mattel further objects to this Request on the ground
14 that it calls for the disclosure of information subject to the attorney-client privilege
15 the attorney work-product doctrine and other applicable privileges.

16      Subject to the foregoing objections, Mattel responds as follows: Mattel will
17 produce responsive, non-privileged documents relating to Robert Eckert's
18 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
19 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
20 has been able to locate after a diligent search and reasonable inquiry, to the extent
21 not previously produced.

22 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
23 **TO SHOULD BE COMPELLED**

24      Mattel has improperly limited its agreement to produce documents in
25 response to this request, subject to its improper boilerplate objections. Mattel has
26 refused to confirm whether or not it has produced all non-privileged responsive
27 documents or whether it is withholding documents based on its objections in Phase
28 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

1    must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

2    Generic objections that fail to explain the basis for an objection with specificity are

3    routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

4    234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

5    'overly burdensome and harassing' are improper – especially when a party fails to

6    submit any evidentiary declarations supporting such objections").  Accordingly,

7    Mattel must be compelled either to certify that it has produced all non-privileged

8    responsive documents or to produce all such documents by a date certain.

9           To the extent that Mattel is relying on its blanket objections, they are not

10   sustainable and do not justify Mattel's failure to produce documents.

11          As to overbreadth, Mattel provides no explanation, let alone the required

12   particularity, as to why this request is supposedly overly broad, nor can it do so.

13   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

14   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

15   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

16   custody, or control concerning Eckert's alleged knowledge of "Mattel's business

17   operations and the development and ownership of intellectual property at issue."

18   This area of information is taken directly from Mattel's allegations regarding Ecker

19   in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

20   Disclosures, dated Jan. 5, 2007, p. 6).

21          As to burden, Mattel has not attempted to demonstrate why responding to this

22   request and/or producing responsive documents presents any burden.  This objection

23   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

24   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

25   unduly burdensome must allege specific facts which indicate the nature and extent

26   of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not

27   unduly burdensome, as noted above, in that the request is narrowly tailored to seek

28

1    only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
2    secrets. MGA is entitled to discovery on this claim.

3       This request does not seek documents protected by the attorney-client
4    privilege, the attorney work product doctrine, or other applicable privileges. To the
5    extent that Mattel contends that it does, Mattel must provide a privilege log.

6       This request seeks relevant information. Mattel identified Eckert in its initial
7    disclosures an individual with discoverable knowledge regarding "Mattel's busines
8    operations and the development and ownership of intellectual property at issue."
9    Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
10   p. 6). Accordingly, Mattel's initial disclosures demonstrate the relevance of this
11   request. Further, this information is relevant to, among other things, Mattel's trade
12   secret defense and MGA's claims of trade dress infringement.

13       Mattel's objection that the request seeks confidential, proprietary, and trade
14   secret information should be disregarded. The parties have entered into a protective
15   order in this matter, which governs the handling of confidential business
16   information. Further, Mattel has put its confidential business information at issue in
17   this litigation, including but not limited to its trade secret misappropriation claim
18   Accordingly, it cannot resist discovery of confidential business information.

19       Finally, Mattel has improperly limited its agreement to produce to "the facts
20   at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
21   the individual is identified as being knowledgeable about certain topics in Mattel's
22   initial disclosures, Mattel's obligation to produce does not end with the facts that it
23   has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
24   information from the individual on the topics identified, regardless of whether it
25   supports the facts as alleged by Mattel, MGA, or any other party. See Order
26   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
27   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
28

1   MGA might be excluding documents that are responsive to the request based upon
2   its unilateral determination of what is 'relevant' or 'sufficient.'").

3       None of Mattel's improper objections are valid and Mattel is obligated to
4   produce all non-privileged responsive documents in its possession, custody, or
5   control.

6   **MATTEL'S RESPONSE:**

7       MGA's conclusory arguments  ignore that the Request is facially overbroad.
8   The Discovery Master has previously ruled that "[t]he Federal Rules of Civil
9   Procedure do not permit MGA to use broad discovery requests untethered to any
10  claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion for
11  protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007. <u>See</u>
12  <u>also</u> Fed.R.Civ.P. 26(b)(1); <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir.
13  2004) ("District courts need not condone the use of discovery to engage in 'fishing
14  expeditions.'").  Here, MGA seeks all documents referring or relating to Eckert's
15  knowledge of extremely broad subjects—including "Mattel's business operations."
16  MGA makes no attempt to link this request with the claims and defenses in this
17  case.  For example, Eckert may have knowledge of Mattel's retirement plans, health
18  benefits, OSHA compliance, sexual harassment policies, or any number of subjects
19  regarding business operations at Mattel which clearly fall outside the narrow scope
20  required by the Discovery Master. Because MGA has not linked its broad request to
21  any of the numerous and far-ranging allegations of unfair competition set forth in its
22  complaint, the Discovery Master should uphold Mattel's overbreadth objection.

23      MGA complains that Mattel has limited its responses  regarding individuals in
24  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
25  disclosures."  Mattel has produced all information as to these individuals that is
26  relevant or pertinent to this litigation.  There is nothing to compel.

27      Quite simply, there is nothing to compel.  Mattel has produced responsive,
28  non-privileged documents relating to Eckert's knowledge of the facts at issue in this

1  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

2  custody or control, if any, that Mattel has been able to locate after a diligent search.

3  and reasonable inquiry.

4  **REQUEST FOR PRODUCTION NO. 233:**

5      All DOCUMENTS REFERRING OR RELATING TO Jaime Elias's alleged

6  knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as

7  alleged in MATTEL'S INITIAL DISCLOSURES.

8  **RESPONSE TO REQUEST NO. 233:**

9      In addition to the general objections stated above which are incorporated

10  herein by reference, Mattel objects to this Request on the grounds that it is

11  overbroad, unduly burdensome and unintelligible, including in that it seeks all

12  documents on this subject without limitation as to time, and regardless of whether

13  such documents relate to products or matters at issue in this case. Mattel further

14  objects to the Request on the grounds that it seeks documents that are not relevant to

15  this action or likely to lead to the discovery of admissible evidence. Mattel further

16  objects to this Request on the grounds that it seeks confidential, proprietary and

17  trade secret information that has no bearing on the claims or defenses in this case.

18  Mattel further objects to this Request on the grounds that it calls for the disclosure

19  of information subject to the attorney-client privilege, the attorney work product

20  doctrine and other applicable privileges.

21  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 233:**

22      In addition to the general objections stated above which are incorporated

23  herein by reference, Mattel objects to this Request on the grounds that it is

24  overbroad, unduly burdensome and unintelligible, including in that it seeks all

25  documents on this subject without limitation as to time, and regardless of whether

26  such documents relate to products or matters at issue in this case. Mattel further

27  objects to the Request on the grounds that it seeks documents that are not relevant to

28  this action or likely to lead to the discovery of admissible evidence. Mattel further

objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the ground that it calls for the disclosure of information subject to the attorney-client privilege the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Jaime Elias's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c) Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

1  As to overbreadth, Mattel provides no explanation, let alone the required

2  particularity, as to why this request is supposedly overly broad, nor can it do so.

3  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

4  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

5  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

6  custody, or control concerning Elias's alleged knowledge of "MGA's theft of

7  Mattel's intellectual property and trade secrets." This area of information is taken

8  directly from Mattel's allegations regarding Elias in its initial disclosures. Rutowski

9  Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).

10  As to burden, Mattel has not attempted to demonstrate why responding to this

11  request and/or producing responsive documents presents any burden. This objection

12  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

13  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

14  unduly burdensome must allege specific facts which indicate the nature and extent

15  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

16  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

17  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

18  secrets. MGA is entitled to discovery on this claim.

19  This request does not seek documents protected by the attorney-client

20  privilege, the attorney work product doctrine, or other applicable privileges. To the

21  extent that Mattel contends that it does, Mattel must provide a privilege log.

22  This request seeks relevant information. Mattel identified Elias in its initial

23  disclosures an individual with discoverable knowledge regarding "MGA's theft of

24  Mattel's intellectual property and trade secrets." Rutowski Decl. Ex. 56 (Mattel's

25  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7). Accordingly, Mattel's

26  initial disclosures demonstrate the relevance of this request. Further, this

27  information is relevant to, among other things, Mattel's trade secret defense, MGA's

28

1  claims of trade dress infringement, and MGA's affirmative defenses of statute of
2  limitations and laches.

3      Mattel's objection that the request seeks confidential, proprietary, and trade
4  secret information should be disregarded.  The parties have entered into a protective
5  order in this matter, which governs the handling of confidential business
6  information.  Further, Mattel has put its confidential business information at issue in
7  this litigation, including but not limited to its trade secret misappropriation claim
8  Accordingly, it cannot resist discovery of confidential business information.

9      Finally, Mattel has improperly limited its agreement to produce to "the facts
10 at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
11 the individual is identified as being knowledgeable about certain topics in Mattel's
12 initial disclosures, Mattel's obligation to produce does not end with the facts that it
13 has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
14 information from the individual on the topics identified, regardless of whether it
15 supports the facts as alleged by Mattel, MGA, or any other party.  See Order
16 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
17 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
18 MGA might be excluding documents that are responsive to the request based upon
19 its unilateral determination of what is 'relevant' or 'sufficient.'").

20     None of Mattel's improper objections are valid and Mattel is obligated to
21 produce all non-privileged responsive documents in its possession, custody, or
22 control.

23 **MATTEL'S RESPONSE:**

24     The term "RELATING TO … alleged knowledge" as used in the request is
25 likewise overbroad.  The universe of documents that could "relate" to Elias's
26 knowledge are potentially without limit.  The request is not confined to documents
27 in Elias's possession or control; rather, all documents containing information that
28

1 | Elias coincidentally knows about the subjects at issue are subsumed within this
2 | request.

3 |   MGA complains that Mattel has limited its responses  regarding individuals in
4 | Mattel's Initial Disclosures to information "as alleged in Mattel's initial
5 | disclosures."  Mattel has produced all information as to these individuals that is
6 | relevant or pertinent to this litigation.  There is nothing to compel.

7 |   Quite simply, there is nothing to compel.  Mattel has produced responsive,
8 | non-privileged documents relating to Elias's knowledge of the facts at issue in this
9 | litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
10 | custody or control, if any, that Mattel has been able to locate after a diligent search.
11 | and reasonable inquiry.

12 | **REQUEST FOR PRODUCTION NO. 234:**

13 |   All DOCUMENTS in Jaime Elias's possession or control REFERRING OR
14 | RELATING TO his alleged knowledge of "MGA's theft of Mattel's intellectual
15 | property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

16 | **RESPONSE TO REQUEST NO. 234:**

17 |   In addition to the general objections stated above which are incorporated
18 | herein by reference, Mattel objects to this Request on the grounds that it is
19 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
20 | documents on this subject without limitation as to time, and regardless of whether
21 | such documents relate to products or matters at issue in this case.  Mattel further
22 | objects to the Request on the grounds that it seeks documents that are not relevant to
23 | this action or likely to lead to the discovery of admissible evidence.  Mattel further
24 | objects to this Request on the grounds that it seeks confidential, proprietary and
25 | trade secret information that has no bearing on the claims or defenses in this case.
26 | Mattel further objects to this Request on the grounds that it calls for the disclosure
27 | of information subject to the attorney-client privilege, the attorney work product
28 | doctrine and other applicable privileges.

1 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 234:**

2 |     In addition to the general objections stated above which are incorporated
3 | herein by reference, Mattel objects to this Request on the grounds that it is
4 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
5 | documents on this subject without limitation as to time, and regardless of whether
6 | such documents relate to products or matters at issue in this case. Mattel further
7 | objects to the Request on the grounds that it seeks documents that are not relevant to
8 | this action or likely to lead to the discovery of admissible evidence. Mattel further
9 | objects to this Request on the grounds that it seeks confidential, proprietary and
10 | trade secret information, including such information that has no bearing on the
11 | claims or defenses in this case. Mattel further objects to this Request on the ground
12 | that it calls for the disclosure of information subject to the attorney-client privilege
13 | the attorney work-product doctrine and other applicable privileges.

14 |     Subject to the foregoing objections, Mattel responds as follows: Mattel will
15 | produce responsive, non-privileged documents relating to Jaime Elias's knowledge
16 | of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
17 | in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
18 | after a diligent search and reasonable inquiry, to the extent not previously produced.

19 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
20 | **TO SHOULD BE COMPELLED**

21 |     Mattel has improperly limited its agreement to produce documents in
22 | response to this request, subject to its improper boilerplate objections. Mattel has
23 | refused to confirm whether or not it has produced all non-privileged responsive
24 | documents or whether it is withholding documents based on its objections in Phase
25 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
26 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
27 | Generic objections that fail to explain the basis for an objection with specificity are
28 | routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Elias's alleged knowledge of "MGA's theft of Mattel's intellectual property and trade secrets." This area of information is taken directly from Mattel's allegations regarding Elias in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.").

Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. Mattel has alleged that MGA misappropriated its trade secrets. MGA is entitled to discovery on this claim.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

1       This request seeks relevant information. Mattel identified Elias in its initial

2   disclosures an individual with discoverable knowledge regarding "MGA's theft of

3   Mattel's intellectual property and trade secrets." Rutowski Decl. Ex. 56 (Mattel's

4   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7). Accordingly, Mattel's

5   initial disclosures demonstrate the relevance of this request. Further, this

6   information is relevant to, among other things, Mattel's trade secret defense, MGA's

7   claims of trade dress infringement, and MGA's affirmative defenses of statute of

8   limitations and laches.

9       Mattel's objection that the request seeks confidential, proprietary, and trade

10  secret information should be disregarded. The parties have entered into a protective

11  order in this matter, which governs the handling of confidential business

12  information. Further, Mattel has put its confidential business information at issue in

13  this litigation, including but not limited to its trade secret misappropriation claim

14  Accordingly, it cannot resist discovery of confidential business information.

15      Finally, Mattel has improperly limited its agreement to produce to "the facts

16  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

17  the individual is identified as being knowledgeable about certain topics in Mattel's

18  initial disclosures, Mattel's obligation to produce does not end with the facts that it

19  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

20  information from the individual on the topics identified, regardless of whether it

21  supports the facts as alleged by Mattel, MGA, or any other party. See Order

22  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

23  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

24  MGA might be excluding documents that are responsive to the request based upon

25  its unilateral determination of what is 'relevant' or 'sufficient.'").

26      None of Mattel's improper objections are valid and Mattel is obligated to

27  produce all non-privileged responsive documents in its possession, custody, or

28  control.

1 | **MATTEL'S RESPONSE:**

2 |     MGA complains that Mattel has limited its responses regarding individuals in

3 | Mattel's Initial Disclosures to information "as alleged in Mattel's initial

4 | disclosures." Mattel has produced all information as to these individuals that is

5 | relevant or pertinent to this litigation. There is nothing to compel.

6 |     Quite simply, there is nothing to compel. Mattel has produced responsive,

7 | non-privileged documents relating to Elias's knowledge of the facts at issue in this

8 | litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

9 | custody or control, if any, that Mattel has been able to locate after a diligent search.

10 | and reasonable inquiry.

11 | **REQUEST FOR PRODUCTION NO. 235:**

12 |     All DOCUMENTS REFERRING OR RELATING TO Wendy Feinberg's

13 | alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or

14 | for MGA during his Mattel employment," as alleged in MATTEL'S INITIAL

15 | DISCLOSURES.

16 | **RESPONSE TO REQUEST NO. 235:**

17 |     In addition to the general objections stated above which are incorporated

18 | herein by reference, Mattel objects to this Request on the grounds that it is

19 | overbroad, unduly burdensome and unintelligible, including in that it seeks all

20 | documents on this subject without limitation as to time, and regardless of whether

21 | such documents relate to products or matters at issue in this case. Mattel further

22 | objects to the Request on the grounds that it seeks documents that are not relevant to

23 | this action or likely to lead to the discovery of admissible evidence. Mattel further

24 | objects to this Request on the grounds that it seeks confidential, proprietary and

25 | trade secret information that has no bearing on the claims or defenses in this case.

26 | Mattel further objects to this Request on the grounds that it calls for the disclosure

27 | of information subject to the attorney-client privilege, the attorney work product

28 | doctrine and other applicable privileges.

1 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 235:**

2      In addition to the general objections stated above which are incorporated
3 herein by reference, Mattel objects to this Request on the grounds that it is
4 overbroad, unduly burdensome and unintelligible, including in that it seeks all
5 documents on this subject without limitation as to time, and regardless of whether
6 such documents relate to products or matters at issue in this case. Mattel further
7 objects to the Request on the grounds that it seeks documents that are not relevant to
8 this action or likely to lead to the discovery of admissible evidence. Mattel further
9 objects to this Request on the grounds that it calls for documents or information in
10 the possession, custody or control of MGA, including without limitation documents
11 and information that MGA has been compelled by Court orders to produce but has
12 not produced. Mattel further objects to this Request on the grounds that it seeks
13 confidential, proprietary and trade secret information, including such information
14 that has no bearing on the claims or defenses in this case. Mattel further objects to
15 this Request on the grounds that it calls for the disclosure of information subject to
16 the attorney-client privilege, the attorney work product doctrine and other applicable
17 privileges.

18      Subject to the foregoing objections, Mattel responds as follows: Mattel will
19 produce responsive, non-privileged documents relating to Wendy Feinberg's
20 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
21 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
22 has been able to locate after a diligent search and reasonable inquiry, to the extent
23 not previously produced.

24 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
25 **TO SHOULD BE COMPELLED**

26      Mattel has improperly limited its agreement to produce documents in
27 response to this request, subject to its improper boilerplate objections. Mattel has
28 refused to confirm whether or not it has produced all non-privileged responsive

1   documents or whether it is withholding documents based on its objections in Phase

2   2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

3   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

4   Generic objections that fail to explain the basis for an objection with specificity are

5   routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

6   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

7   'overly burdensome and harassing' are improper – especially when a party fails to

8   submit any evidentiary declarations supporting such objections"). Accordingly,

9   Mattel must be compelled either to certify that it has produced all non-privileged

10  responsive documents or to produce all such documents by a date certain.

11        To the extent that Mattel is relying on its blanket objections, they are not

12  sustainable and do not justify Mattel's failure to produce documents.

13        As to overbreadth, Mattel provides no explanation, let alone the required

14  particularity, as to why this request is supposedly overly broad, nor can it do so.

15  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

16  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

17  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

18  custody, or control concerning Feingberg's alleged knowledge of "[d]esign and

19  development of Bratz and Bryant' s work with or for MGA during his Mattel

20  employment." This area of information is taken directly from Mattel's allegations

21  regarding Feinberg in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's

22  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).

23        As to burden, Mattel has not attempted to demonstrate why responding to this

24  request and/or producing responsive documents presents any burden. This objection

25  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

26  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

27  unduly burdensome must allege specific facts which indicate the nature and extent

28  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

1  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
2  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
3  secrets. MGA is entitled to discovery on this claim.

4  This request does not seek documents protected by the attorney-client
5  privilege, the attorney work product doctrine, or other applicable privileges. To the
6  extent that Mattel contends that it does, Mattel must provide a privilege log.

7  This request seeks relevant information. Mattel identified Feinberg in its
8  initial disclosures an individual with discoverable knowledge regarding "[d]esign
9  and development of Bratz and Bryant' s work with or for MGA during his Mattel
10 employment." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures,
11 dated Jan. 5, 2007, p. 7). Accordingly, Mattel's initial disclosures demonstrate the
12 relevance of this request. Further, this information is relevant to, among other
13 things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
14 MGA's affirmative defenses of statute of limitations and laches.

15 Mattel's objection that the request seeks information within MGA's
16 possession, custody or control is nonsensical and lacks factual support. Mattel
17 makes no argument, let alone a factual showing, that any documents in MGA's
18 possession are duplicative of documents within Mattel's control. MGA is entitled to
19 discovery from Mattel of documents within its possession, custody, or control that
20 relate to the subject of this suit. Mattel cannot avoid this obligation by making a
21 conclusory statement that MGA also possesses responsive documents.

22 Mattel's objection that the request seeks confidential, proprietary, and trade
23 secret information should be disregarded. The parties have entered into a protective
24 order in this matter, which governs the handling of confidential business
25 information. Further, Mattel has put its confidential business information at issue in
26 this litigation, including but not limited to its trade secret misappropriation claim
27 Accordingly, it cannot resist discovery of confidential business information.

28

1    Finally, Mattel has improperly limited its agreement to produce to "the facts
2    at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
3    the individual is identified as being knowledgeable about certain topics in Mattel's
4    initial disclosures, Mattel's obligation to produce does not end with the facts that it
5    has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
6    information from the individual on the topics identified, regardless of whether it
7    supports the facts as alleged by Mattel, MGA, or any other party. See Order
8    Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9    Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10   MGA might be excluding documents that are responsive to the request based upon
11   its unilateral determination of what is 'relevant' or 'sufficient.'").

12   None of Mattel's improper objections are valid and Mattel is obligated to
13   produce all non-privileged responsive documents in its possession, custody, or
14   control.

15   **MATTEL'S RESPONSE:**

16   MGA's request is duplicative of previous requests for which Mattel has
17   produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
18   produce documents responsive to MGA's First Set of Requests for the Production of
19   Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[33] Request Nos.
20   180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
21   his work at Mattel and MGA and the design and development of Bratz. Request
22   No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
23   or relating to BRYANT."[34] On September 11, 2007, Discovery Master Infante
24   granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and

25

26   [33]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
27   Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
     [34]  See MGA's First Set of Requests for the Production of Documents and
28   Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

1  260.[35]  Pursuant to this order, Mattel produced documents responsive to these

2  requests. Mattel has since confirmed that it has produced responsive, non-privileged

3  documents to these requests in its Third Supplemental Responses to MGA's First

4  Set of Requests for Production.[36]   There is nothing additional to compel and MGA's

5  motion is moot.

6      The term "RELATING TO ... alleged knowledge" as used in the request is

7  likewise overbroad.  The universe of documents that could "relate" to Feinberg's

8  knowledge are potentially without limit.  The request is not confined to documents

9  in Feinberg's possession or control; rather, all documents containing information

10  that Feinberg coincidentally knows about the subjects at issue are subsumed within

11  this request.

12      MGA complains that Mattel has limited its responses  regarding individuals in

13  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

14  disclosures."  Mattel has produced all information as to these individuals that is

15  relevant or pertinent to this litigation.  There is nothing to compel.

16      Quite simply, there is nothing to compel.  Mattel has produced responsive,

17  non-privileged documents relating to Feinberg's knowledge of the facts at issue in

18  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

19  possession, custody or control.

20  **REQUEST FOR PRODUCTION NO. 236:**

21      All DOCUMENTS REFERRING OR RELATING TO Joseph B.  Feldman's

22  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

23  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

24  DISCLOSURES.

25

---

26  [35]   See September 12, 2007 Order Granting in Part and Denying in Part MGA's

27  Motion to Compel, at 7-10, Dart Decl., Exh. 9.

   [36]   See Mattel's Third Supplemental Responses to MGA's First Set of Requests

28  for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

**RESPONSE TO REQUEST NO. 236:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 236:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET THREE)

1 the attorney-client privilege, the attorney work product doctrine and other applicable
2 privileges.

3          Subject to the foregoing objections, Mattel responds as follows: Mattel will
4 produce responsive, non-privileged documents relating to Joseph B.  Feldman's
5 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
6 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
7 has been able to locate after a diligent search and reasonable inquiry, to the extent
8 not previously produced.

9 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
10 **TO SHOULD BE COMPELLED**

11          Mattel has improperly limited its agreement to produce documents in
12 response to this request, subject to its improper boilerplate objections.  Mattel has
13 refused to confirm whether or not it has produced all non-privileged responsive
14 documents or whether it is withholding documents based on its objections in Phase
15 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
16 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
17 Generic objections that fail to explain the basis for an objection with specificity are
18 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
19 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
20 'overly burdensome and harassing' are improper – especially when a party fails to
21 submit any evidentiary declarations supporting such objections").  Accordingly,
22 Mattel must be compelled either to certify that it has produced all non-privileged
23 responsive documents or to produce all such documents by a date certain.

24          To the extent that Mattel is relying on its blanket objections, they are not
25 sustainable and do not justify Mattel's failure to produce documents.

26          As to overbreadth, Mattel provides no explanation, let alone the required
27 particularity, as to why this request is supposedly overly broad, nor can it do so.
28 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

1  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
2  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
3  custody, or control concerning Feldman's alleged knowledge of "MGA's access to
4  Mattel's intellectual property and trade secrets" and "MGA's business practices."
5  This area of information is taken directly from Mattel's allegations regarding
6  Feldman in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated
7  Initial Disclosures, dated Jan. 5, 2007, p. 7).

8       As to burden, Mattel has not attempted to demonstrate why responding to this
9  request and/or producing responsive documents presents any burden. This objection
10 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
11 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
12 unduly burdensome must allege specific facts which indicate the nature and extent
13 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
14 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
15 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
16 secrets. MGA is entitled to discovery on this claim.

17      This request does not seek documents protected by the attorney-client
18 privilege, the attorney work product doctrine, or other applicable privileges. To the
19 extent that Mattel contends that it does, Mattel must provide a privilege log.

20      This request seeks relevant information. Mattel identified Feldman in its
21 initial disclosures an individual with discoverable knowledge regarding "MGA's
22 access to Mattel's intellectual property and trade secrets" and "MGA business
23 practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
24 Jan. 5, 2007, p. 7). Accordingly, Mattel's initial disclosures demonstrate the
25 relevance of this request. Further, this information is relevant to, among other
26 things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
27 MGA's affirmative defenses of statute of limitations and laches.

28

1   Mattel's objection that the request seeks information within MGA's
2   possession, custody or control is nonsensical and lacks factual support. Mattel
3   makes no argument, let alone a factual showing, that any documents in MGA's
4   possession are duplicative of documents within Mattel's control. MGA is entitled to
5   discovery from Mattel of documents within its possession, custody, or control that
6   relate to the subject of this suit. Mattel cannot avoid this obligation by making a
7   conclusory statement that MGA also possesses responsive documents.

8   Mattel's objection that the request seeks confidential, proprietary, and trade
9   secret information should be disregarded. The parties have entered into a protective
10  order in this matter, which governs the handling of confidential business
11  information. Further, Mattel has put its confidential business information at issue in
12  this litigation, including but not limited to its trade secret misappropriation claim
13  Accordingly, it cannot resist discovery of confidential business information.

14  Finally, Mattel has improperly limited its agreement to produce to "the facts
15  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
16  the individual is identified as being knowledgeable about certain topics in Mattel's
17  initial disclosures, Mattel's obligation to produce does not end with the facts that it
18  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
19  information from the individual on the topics identified, regardless of whether it
20  supports the facts as alleged by Mattel, MGA, or any other party. See Order
21  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
22  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
23  MGA might be excluding documents that are responsive to the request based upon
24  its unilateral determination of what is 'relevant' or 'sufficient.'").

25  None of Mattel's improper objections are valid and Mattel is obligated to
26  produce all non-privileged responsive documents in its possession, custody, or
27  control.

28

**MATTEL'S RESPONSE:**

MGA ignores that (i) Mattel has produced its non-privileged, responsive documents, as it agreed to do, and that (ii) most information sought by this request is within MGA's possession, custody or control, and is equally if not more readily available to MG Feldman is an employee of MGA. MGA gives no reason why it requests information from Mattel regarding its *own company* and its *own employee*, other than to say that "this area of information is taken directly from Mattel's allegations regarding Feldman in its initial disclosures." Indeed, it appears that MGA merely cut and paste its request from Mattel's initial disclosures without consideration as to what information Mattel may have that is already within MGA's possession, custody or control.

MGA's conclusory arguments also ignore that the Request is facially overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of Civil Procedure do not permit MGA to use broad discovery requests untethered to any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007. See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to Feldman's knowledge of extremely broad subjects—including ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓ MGA makes no attempt to link this request with the claims and defenses in this case. For example, Feldman may have knowledge of MGA's retirement plans, health benefits, OSHA compliance, sexual harassment policies, or any number of subjects regarding business practices at MGA which clearly fall outside the narrow scope required by the Discovery Master. Because MGA has not linked its broad request to any of the numerous and far-ranging allegations of unfair competition set forth in its complaint, the Discovery Master should uphold Mattel's

1  overbreadth objection.  knowledge of extremely broad subjects—including ▮▮▮▮

2  ▮▮▮▮▮▮▮

3      The term "RELATING TO … alleged knowledge" as used in the request is

4  likewise overbroad.  The universe of documents that could "relate" to Feldman's

5  knowledge are potentially without limit.  The request is not confined to documents

6  in Feldman's possession or control; rather, all documents containing information that

7  Feldman coincidentally knows about the subjects at issue are subsumed within this

8  request.

9      MGA complains that Mattel has limited its responses  regarding individuals in

10  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

11  disclosures."  Mattel has produced all information as to these individuals that is

12  relevant or pertinent to this litigation.  There is nothing to compel.

13      Quite simply, there is nothing to compel.  Mattel has produced responsive,

14  non-privileged documents relating to Feldman's knowledge of the facts at issue in

15  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

16  possession, custody or control.

17  **REQUEST FOR PRODUCTION NO. 237:**

18      All DOCUMENTS REFERRING OR RELATING TO Yeira Fierro's allege

19  knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as

20  alleged in MATTEL'S INITIAL DISCLOSURES.

21  **RESPONSE TO REQUEST NO. 237:**

22      In addition to the general objections stated above which are incorporated

23  herein by reference, Mattel objects to this Request on the grounds that it is

24  overbroad, unduly burdensome and unintelligible, including in that it seeks all

25  documents on this subject without limitation as to time, and regardless of whether

26  such documents relate to products or matters at issue in this case.  Mattel further

27  objects to the Request on the grounds that it seeks documents that are not relevant to

28  this action or likely to lead to the discovery of admissible evidence.  Mattel further

1    objects to this Request on the grounds that it seeks confidential, proprietary and
2    trade secret information that has no bearing on the claims or defenses in this case.
3    Mattel further objects to this Request on the grounds that it calls for the disclosure
4    of information subject to the attorney-client privilege, the attorney work product
5    doctrine and other applicable privileges.

6    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 237:**

7           In addition to the general objections stated above which are incorporated
8    herein by reference, Mattel objects to this Request on the grounds that it is
9    overbroad, unduly burdensome and unintelligible, including in that it seeks all
10   documents on this subject without limitation as to time, and regardless of whether
11   such documents relate to products or matters at issue in this case. Mattel further
12   objects to the Request on the grounds that it seeks documents that are not relevant to
13   this action or likely to lead to the discovery of admissible evidence. Mattel further
14   objects to this Request on the grounds that it seeks confidential, proprietary and
15   trade secret information, including such information that has no bearing on the
16   claims or defenses in this case. Mattel further objects to this Request on the ground
17   that it calls for the disclosure of information subject to the attorney-client privilege
18   the attorney work-product doctrine and other applicable privileges.

19          Subject to the foregoing objections, Mattel responds as follows: Mattel will
20   produce responsive, non-privileged documents relating to Yeira Fierro's knowledg
21   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
22   in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
23   after a diligent search and reasonable inquiry, to the extent not previously produced.

24   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
25   **TO SHOULD BE COMPELLED**

26          Mattel has improperly limited its agreement to produce documents in
27   response to this request, subject to its improper boilerplate objections. Mattel has
28   refused to confirm whether or not it has produced all non-privileged responsive

1  documents or whether it is withholding documents based on its objections in Phase
2  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
3  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
4  Generic objections that fail to explain the basis for an objection with specificity are
5  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
6  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
7  'overly burdensome and harassing' are improper – especially when a party fails to
8  submit any evidentiary declarations supporting such objections"). Accordingly,
9  Mattel must be compelled either to certify that it has produced all non-privileged
10 responsive documents or to produce all such documents by a date certain.

11      To the extent that Mattel is relying on its blanket objections, they are not
12 sustainable and do not justify Mattel's failure to produce documents.

13      As to overbreadth, Mattel provides no explanation, let alone the required
14 particularity, as to why this request is supposedly overly broad, nor can it do so.
15 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
16 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
17 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
18 custody, or control concerning Fierro's alleged knowledge of "MGA's theft of
19 Mattel's intellectual property and trade secrets." This area of information is taken
20 directly from Mattel's allegations regarding Fierro in its initial disclosures.
21 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
22 p. 7).

23      As to burden, Mattel has not attempted to demonstrate why responding to this
24 request and/or producing responsive documents presents any burden. This objection
25 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
26 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
27 unduly burdensome must allege specific facts which indicate the nature and extent
28 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

1   unduly burdensome, as noted above, in that the request is narrowly tailored to seek
2   only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
3   secrets. MGA is entitled to discovery on this claim.

4         This request does not seek documents protected by the attorney-client
5   privilege, the attorney work product doctrine, or other applicable privileges. To the
6   extent that Mattel contends that it does, Mattel must provide a privilege log.

7         This request seeks relevant information. Mattel identified Fierro in its initial
8   disclosures an individual with discoverable knowledge regarding "MGA's theft of
9   Mattel's intellectual property and trade secrets." Rutowski Decl. Ex. 56 (Mattel's
10  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7). Accordingly, Mattel's
11  initial disclosures demonstrate the relevance of this request. Further, this
12  information is relevant to, among other things, Mattel's trade secret defense, MGA's
13  claims of trade dress infringement, and MGA's affirmative defenses of statute of
14  limitations and laches.

15        Mattel's objection that the request seeks confidential, proprietary, and trade
16  secret information should be disregarded. The parties have entered into a protective
17  order in this matter, which governs the handling of confidential business
18  information. Further, Mattel has put its confidential business information at issue in
19  this litigation, including but not limited to its trade secret misappropriation claim
20  Accordingly, it cannot resist discovery of confidential business information.

21        Finally, Mattel has improperly limited its agreement to produce to "the facts
22  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
23  the individual is identified as being knowledgeable about certain topics in Mattel's
24  initial disclosures, Mattel's obligation to produce does not end with the facts that it
25  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
26  information from the individual on the topics identified, regardless of whether it
27  supports the facts as alleged by Mattel, MGA, or any other party. See Order
28  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

-274

1 │ Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

2 │ MGA might be excluding documents that are responsive to the request based upon

3 │ its unilateral determination of what is 'relevant' or 'sufficient.'").

4 │     None of Mattel's improper objections are valid and Mattel is obligated to

5 │ produce all non-privileged responsive documents in its possession, custody, or

6 │ control.

7 │ **MATTEL'S RESPONSE:**

8 │     The term "RELATING TO … alleged knowledge" as used in the request is

9 │ overbroad. The universe of documents that could "relate" to Fierro's knowledge are

10 │ potentially without limit. The request is not confined to documents in Fierro's

11 │ possession or control; rather, all documents containing information that Fierro

12 │ coincidentally knows about the subjects at issue are subsumed within this request.

13 │     MGA complains that Mattel has limited its responses  regarding individuals in

14 │ Mattel's Initial Disclosures to information "as alleged in Mattel's initial

15 │ disclosures." Mattel has produced all information as to these individuals that is

16 │ relevant or pertinent to this litigation. There is nothing to compel.

17 │     Quite simply, there is nothing to compel. Mattel has produced responsive,

18 │ non-privileged documents relating to Fierro's knowledge of the facts at issue in this

19 │ litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

20 │ custody or control.

21 │ **REQUEST FOR PRODUCTION NO. 238:**

22 │     All DOCUMENTS in Yeira Fierro's possession or control REFERRING OR

23 │ RELATING TO his alleged knowledge of "MGA's theft of Mattel's intellectual

24 │ property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

25 │ **RESPONSE TO REQUEST NO. 238:**

26 │     In addition to the general objections stated above which are incorporated

27 │ herein by reference, Mattel objects to this Request on the grounds that it is

28 │ overbroad, unduly burdensome and unintelligible, including in that it seeks all

1  documents on this subject without limitation as to time, and regardless of whether
2  such documents relate to products or matters at issue in this case. Mattel further
3  objects to the Request on the grounds that it seeks documents that are not relevant to
4  this action or likely to lead to the discovery of admissible evidence. Mattel further
5  objects to this Request on the grounds that it seeks confidential, proprietary and
6  trade secret information that has no bearing on the claims or defenses in this case.
7  Mattel further objects to this Request on the grounds that it calls for the disclosure
8  of information subject to the attorney-client privilege, the attorney work product
9  doctrine and other applicable privileges.

10 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 238:**

11       In addition to the general objections stated above which are incorporated
12 herein by reference, Mattel objects to this Request on the grounds that it is
13 overbroad, unduly burdensome and unintelligible, including in that it seeks all
14 documents on this subject without limitation as to time, and regardless of whether
15 such documents relate to products or matters at issue in this case. Mattel further
16 objects to the Request on the grounds that it seeks documents that are not relevant to
17 this action or likely to lead to the discovery of admissible evidence. Mattel further
18 objects to this Request on the grounds that it seeks confidential, proprietary and
19 trade secret information, including such information that has no bearing on the
20 claims or defenses in this case. Mattel further objects to this Request on the ground
21 that it calls for the disclosure of information subject to the attorney-client privilege
22 the attorney work-product doctrine and other applicable privileges.

23       Subject to the foregoing objections, Mattel responds as follows: Mattel will
24 produce responsive, non-privileged documents relating to Yeira Fierro's knowledg
25 of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
26 in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
27 after a diligent search and reasonable inquiry, to the extent not previously produced.
28

1  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2  **TO SHOULD BE COMPELLED**

3        Mattel has improperly limited its agreement to produce documents in
4  response to this request, subject to its improper boilerplate objections. Mattel has
5  refused to confirm whether or not it has produced all non-privileged responsive
6  documents or whether it is withholding documents based on its objections in Phase
7  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
8  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
9  Generic objections that fail to explain the basis for an objection with specificity are
10 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
11 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
12 'overly burdensome and harassing' are improper – especially when a party fails to
13 submit any evidentiary declarations supporting such objections"). Accordingly,
14 Mattel must be compelled either to certify that it has produced all non-privileged
15 responsive documents or to produce all such documents by a date certain.

16      To the extent that Mattel is relying on its blanket objections, they are not
17 sustainable and do not justify Mattel's failure to produce documents.

18      As to overbreadth, Mattel provides no explanation, let alone the required
19 particularity, as to why this request is supposedly overly broad, nor can it do so.
20 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
21 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
22 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
23 custody, or control concerning Fierro's alleged knowledge of "MGA's theft of
24 Mattel's intellectual property and trade secrets." This area of information is taken
25 directly from Mattel's allegations regarding Fierro in its initial disclosures.
26 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
27 p. 7).

28

1       As to burden, Mattel has not attempted to demonstrate why responding to this

2  request and/or producing responsive documents presents any burden. This objection

3  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

4  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

5  unduly burdensome must allege specific facts which indicate the nature and extent

6  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

7  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

8  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

9  secrets. MGA is entitled to discovery on this claim.

10      This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges. To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13      This request seeks relevant information. Mattel identified Fierro in its initial

14  disclosures an individual with discoverable knowledge regarding "MGA's theft of

15  Mattel's intellectual property and trade secrets." Rutowski Decl. Ex. 56 (Mattel's

16  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7). Accordingly, Mattel's

17  initial disclosures demonstrate the relevance of this request. Further, this

18  information is relevant to, among other things, Mattel's trade secret defense, MGA's

19  claims of trade dress infringement, and MGA's affirmative defenses of statute of

20  limitations and laches.

21      Mattel's objection that the request seeks confidential, proprietary, and trade

22  secret information should be disregarded. The parties have entered into a protective

23  order in this matter, which governs the handling of confidential business

24  information. Further, Mattel has put its confidential business information at issue in

25  this litigation, including but not limited to its trade secret misappropriation claim

26  Accordingly, it cannot resist discovery of confidential business information.

27      Finally, Mattel has improperly limited its agreement to produce to "the facts

28  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

1  the individual is identified as being knowledgeable about certain topics in Mattel's
2  initial disclosures, Mattel's obligation to produce does not end with the facts that it
3  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
4  information from the individual on the topics identified, regardless of whether it
5  supports the facts as alleged by Mattel, MGA, or any other party. See Order
6  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
7  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
8  MGA might be excluding documents that are responsive to the request based upon
9  its unilateral determination of what is 'relevant' or 'sufficient.'").

10      None of Mattel's improper objections are valid and Mattel is obligated to
11  produce all non-privileged responsive documents in its possession, custody, or
12  control.

13  **MATTEL'S RESPONSE:**

14      MGA complains that Mattel has limited its responses  regarding individuals in
15  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
16  disclosures." Mattel has produced all information as to these individuals that is
17  relevant or pertinent to this litigation. There is nothing to compel.

18      Quite simply, there is nothing to compel. Mattel has produced responsive,
19  non-privileged documents relating to Fierro's knowledge of the facts at issue in this
20  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
21  custody or control.

22  **REQUEST FOR PRODUCTION NO. 239:**

23      All DOCUMENTS REFERRING OR RELATING TO Neil Friedman's
24  alleged knowledge of "Mattel's business operations and the development and
25  ownership of intellectual property at issue" and "TIA and Toy of the Year," as
26  alleged in MATTEL'S INITIAL DISCLOSURES.

27

28

1 **RESPONSE TO REQUEST NO. 239:**

2        In addition to the general objections stated above which are incorporated

3 herein by reference, Mattel objects to this Request on the grounds that it is

4 overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 documents on this subject without limitation as to time, and regardless of whether

6 such documents relate to products or matters at issue in this case.  Mattel further

7 objects to the Request on the grounds that it seeks documents that are not relevant to

8 this action or likely to lead to the discovery of admissible evidence.  Mattel further

9 objects to this Request on the grounds that it seeks confidential, proprietary and

10 trade secret information, including such information that has no bearing on the

11 claims or defenses in this case.  Mattel further objects to this Request on the ground

12 that it calls for the disclosure of information subject to the attorney-client privilege

13 the attorney work-product doctrine and other applicable privileges.

14        Subject to the foregoing objections, Mattel responds as follows: Mattel will

15 produce responsive, non-privileged documents relating to Neil Friedman's

16 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

17 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

18 has been able to locate after a diligent search and reasonable inquiry, to the extent

19 not previously produced.

20 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 239:**

21        In addition to the general objections stated above which are incorporated

22 herein by reference, Mattel objects to this Request on the grounds that it is

23 overbroad, unduly burdensome and unintelligible, including in that it seeks all

24 documents on this subject without limitation as to time, and regardless of whether

25 such documents relate to products or matters at issue in this case.  Mattel further

26 objects to the Request on the grounds that it seeks documents that are not relevant to

27 this action or likely to lead to the discovery of admissible evidence.  Mattel further

28 objects to this Request on the grounds that it seeks confidential, proprietary and

1    trade secret information, including such information that has no bearing on the

2    claims or defenses in this case. Mattel further objects to this Request on the ground

3    that it calls for the disclosure of information subject to the attorney-client privilege

4    the attorney work-product doctrine and other applicable privileges.

5        Subject to the foregoing objections, Mattel responds as follows: Mattel will

6    produce responsive, non-privileged documents relating to Neil Friedman's

7    knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

8    Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

9    has been able to locate after a diligent search and reasonable inquiry, to the extent

10   not previously produced.

11   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

12   **TO SHOULD BE COMPELLED**

13       Mattel has improperly limited its agreement to produce documents in

14   response to this request, subject to its improper boilerplate objections. Mattel has

15   refused to confirm whether or not it has produced all non-privileged responsive

16   documents or whether it is withholding documents based on its objections in Phase

17   2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

18   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

19   Generic objections that fail to explain the basis for an objection with specificity are

20   routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

21   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

22   'overly burdensome and harassing' are improper – especially when a party fails to

23   submit any evidentiary declarations supporting such objections"). Accordingly,

24   Mattel must be compelled either to certify that it has produced all non-privileged

25   responsive documents or to produce all such documents by a date certain.

26       To the extent that Mattel is relying on its blanket objections, they are not

27   sustainable and do not justify Mattel's failure to produce documents.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1    As to overbreadth, Mattel provides no explanation, let alone the required
2  particularity, as to why this request is supposedly overly broad, nor can it do so.
3  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
4  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
5  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
6  custody, or control concerning Friedman's alleged knowledge of "Mattel's busines
7  operations and the development and ownership of intellectual property at issue" an
8  "TIA and Toy of the Year." This area of information is taken directly from Mattel's
9  allegations regarding Friedman in its initial disclosures. Rutowski Decl. Ex. 56
10  (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).

11    As to burden, Mattel has not attempted to demonstrate why responding to this
12  request and/or producing responsive documents presents any burden. This objection
13  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
14  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
15  unduly burdensome must allege specific facts which indicate the nature and extent
16  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
17  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
18  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
19  secrets. MGA is entitled to discovery on this claim.

20    This request does not seek documents protected by the attorney-client
21  privilege, the attorney work product doctrine, or other applicable privileges. To the
22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23    This request seeks relevant information. Mattel identified Friedman in its
24  initial disclosures an individual with discoverable knowledge regarding "Mattel's
25  business operations and the development and ownership of intellectual property at
26  issue" and "TIA and Toy of the Year." Rutowski Decl. Ex. 56 (Mattel's
27  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7). Accordingly, Mattel's
28  initial disclosures demonstrate the relevance of this request. Further, this