1   information is relevant to, among other things, Mattel's trade secret defense, MGA's

2   claims of trade dress infringement, and MGA's unfair competition claims.

3         Mattel's objection that the request seeks confidential, proprietary, and trade

4   secret information should be disregarded. The parties have entered into a protective

5   order in this matter, which governs the handling of confidential business

6   information. Further, Mattel has put its confidential business information at issue in

7   this litigation, including but not limited to its trade secret misappropriation claim

8   Accordingly, it cannot resist discovery of confidential business information.

9         Finally, Mattel has improperly limited its agreement to produce to "the facts

10  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

11  the individual is identified as being knowledgeable about certain topics in Mattel's

12  initial disclosures, Mattel's obligation to produce does not end with the facts that it

13  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

14  information from the individual on the topics identified, regardless of whether it

15  supports the facts as alleged by Mattel, MGA, or any other party. See Order

16  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

17  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

18  MGA might be excluding documents that are responsive to the request based upon

19  its unilateral determination of what is 'relevant' or 'sufficient.'").

20        None of Mattel's improper objections are valid and Mattel is obligated to

21  produce all non-privileged responsive documents in its possession, custody, or

22  control.

23  **MATTEL'S RESPONSE:**

24        MGA's conclusory arguments ignore that the Request is facially overbroad.

25  The Discovery Master has previously ruled that "[t]he Federal Rules of Civil

26  Procedure do not permit MGA to use broad discovery requests untethered to any

27  claim or defense." Order Granting in Part and Denying in Part Mattel's Motion for

28  protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007. See

1 | also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.
2 | 2004) ("District courts need not condone the use of discovery to engage in 'fishing
3 | expeditions.'").  Here, MGA seeks all documents referring or relating to Friedman's
4 | knowledge of extremely broad subjects—including "Mattel's business operations."
5 | MGA makes no attempt to link this request with the claims and defenses in this
6 | case.  For example, Friedman may have knowledge of Mattel's retirement plans,
7 | health benefits, OSHA compliance, sexual harassment policies, or any number of
8 | subjects regarding business operations at Mattel which clearly fall outside the
9 | narrow scope required by the Discovery Master. Because MGA has not linked its
10 | broad request to any of the numerous and far-ranging allegations of unfair
11 | competition set forth in its complaint, the Discovery Master should uphold Mattel's
12 | overbreadth objection.

13 | The term "RELATING TO … alleged knowledge" as used in the request is
14 | likewise overbroad.  The universe of documents that could "relate" to Friedman's
15 | knowledge are potentially without limit.  The request is not confined to documents
16 | in Friedman's possession or control; rather, all documents containing information
17 | that Friedman coincidentally knows about the subjects at issue are subsumed within
18 | this request.

19 | MGA complains that Mattel has limited its responses  regarding individuals in
20 | Mattel's Initial Disclosures to information "as alleged in Mattel's initial
21 | disclosures."  Mattel has produced all information as to these individuals that is
22 | relevant or pertinent to this litigation.  There is nothing to compel.

23 | Quite simply, there is nothing to compel.  Mattel has produced responsive,
24 | non-privileged documents relating to Friedman's knowledge of the facts at issue in
25 | this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
26 | possession, custody or control, if any, that Mattel has been able to locate after a
27 | diligent search. and reasonable inquiry.

28 |

1  **REQUEST FOR PRODUCTION NO. 240:**

2      All DOCUMENTS in Neil Friedman's possession or control REFERRING

3  OR RELATING TO his alleged knowledge of "Mattel's business operations and the

4  development and ownership of intellectual property at issue" and "TIA and Toy of

5  the Year," as alleged in MATTEL'S INITIAL DISCLOSURES.

6  **RESPONSE TO REQUEST NO. 240:**

7      In addition to the general objections stated above which are incorporated

8  herein by reference, Mattel objects to this Request on the grounds that it is

9  overbroad, unduly burdensome and unintelligible, including in that it seeks all

10  documents on this subject without limitation as to time, and regardless of whether

11  such documents relate to products or matters at issue in this case.  Mattel further

12  objects to the Request on the grounds that it seeks documents that are not relevant to

13  this action or likely to lead to the discovery of admissible evidence.  Mattel further

14  objects to this Request on the grounds that it seeks confidential, proprietary and

15  trade secret information, including such information that has no bearing on the

16  claims or defenses in this case.  Mattel further objects to this Request on the ground

17  that it calls for the disclosure of information subject to the attorney-client privilege

18  the attorney work-product doctrine and other applicable privileges.

19      Subject to the foregoing objections, Mattel responds as follows: Mattel will

20  produce responsive, non-privileged documents relating to Neil Friedman's

21  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

22  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

23  has been able to locate after a diligent search and reasonable inquiry, to the extent

24  not previously produced.

25  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 240:**

26      In addition to the general objections stated above which are incorporated

27  herein by reference, Mattel objects to this Request on the grounds that it is

28  overbroad, unduly burdensome and unintelligible, including in that it seeks all

-285-

1  documents on this subject without limitation as to time, and regardless of whether
2  such documents relate to products or matters at issue in this case. Mattel further
3  objects to the Request on the grounds that it seeks documents that are not relevant to
4  this action or likely to lead to the discovery of admissible evidence. Mattel further
5  objects to this Request on the grounds that it seeks confidential, proprietary and
6  trade secret information, including such information that has no bearing on the
7  claims or defenses in this case. Mattel further objects to this Request on the ground
8  that it calls for the disclosure of information subject to the attorney-client privilege
9  the attorney work-product doctrine and other applicable privileges.

10     Subject to the foregoing objections, Mattel responds as follows: Mattel will
11  produce responsive, non-privileged documents relating to Neil Friedman's
12  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
13  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
14  has been able to locate after a diligent search and reasonable inquiry, to the extent
15  not previously produced.

16  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
17  **TO SHOULD BE COMPELLED**

18     Mattel has improperly limited its agreement to produce documents in
19  response to this request, subject to its improper boilerplate objections. Mattel has
20  refused to confirm whether or not it has produced all non-privileged responsive
21  documents or whether it is withholding documents based on its objections in Phase
22  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
23  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
24  Generic objections that fail to explain the basis for an objection with specificity are
25  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
26  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
27  'overly burdensome and harassing' are improper – especially when a party fails to
28  submit any evidentiary declarations supporting such objections"). Accordingly,

-286

1    Mattel must be compelled either to certify that it has produced all non-privileged
2    responsive documents or to produce all such documents by a date certain.

3         To the extent that Mattel is relying on its blanket objections, they are not
4    sustainable and do not justify Mattel's failure to produce documents.

5         As to overbreadth, Mattel provides no explanation, let alone the required
6    particularity, as to why this request is supposedly overly broad, nor can it do so.
7    This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
8    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9    contrary, the request is narrowly tailored to seek documents in Mattel's possession,
10   custody, or control concerning Friedman's alleged knowledge of "Mattel's busines
11   operations and the development and ownership of intellectual property at issue" an
12   "TIA and Toy of the Year." This area of information is taken directly from Mattel's
13   allegations regarding Friedman in its initial disclosures. Rutowski Decl. Ex. 56
14   (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).

15        As to burden, Mattel has not attempted to demonstrate why responding to this
16   request and/or producing responsive documents presents any burden. This objection
17   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
18   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
19   unduly burdensome must allege specific facts which indicate the nature and extent
20   of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
21   unduly burdensome, as noted above, in that the request is narrowly tailored to seek
22   only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
23   secrets. MGA is entitled to discovery on this claim.

24        This request does not seek documents protected by the attorney-client
25   privilege, the attorney work product doctrine, or other applicable privileges. To the
26   extent that Mattel contends that it does, Mattel must provide a privilege log.

27        This request seeks relevant information. Mattel identified Friedman in its
28   initial disclosures an individual with discoverable knowledge regarding "Mattel's

-287

1   business operations and the development and ownership of intellectual property at
2   issue" and "TIA and Toy of the Year."  Rutowski Decl. Ex. 56 (Mattel's
3   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).  Accordingly, Mattel's
4   initial disclosures demonstrate the relevance of this request.  Further, this
5   information is relevant to, among other things, Mattel's trade secret defense, MGA's
6   claims of trade dress infringement, and MGA's claims of unfair competition.

7        Mattel's objection that the request seeks confidential, proprietary, and trade
8   secret information should be disregarded.  The parties have entered into a protective
9   order in this matter, which governs the handling of confidential business
10  information.  Further, Mattel has put its confidential business information at issue in
11  this litigation, including but not limited to its trade secret misappropriation claim
12  Accordingly, it cannot resist discovery of confidential business information.

13       Finally, Mattel has improperly limited its agreement to produce to "the facts
14  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
15  the individual is identified as being knowledgeable about certain topics in Mattel's
16  initial disclosures, Mattel's obligation to produce does not end with the facts that it
17  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
18  information from the individual on the topics identified, regardless of whether it
19  supports the facts as alleged by Mattel, MGA, or any other party. See Order
20  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
21  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
22  MGA might be excluding documents that are responsive to the request based upon
23  its unilateral determination of what is 'relevant' or 'sufficient.'").

24       None of Mattel's improper objections are valid and Mattel is obligated to
25  produce all non-privileged responsive documents in its possession, custody, or
26  control.

27

28

-288-

1 | **MATTEL'S RESPONSE:**

2       MGA's conclusory arguments ignore that the Request is facially overbroad.
3 The Discovery Master has previously ruled that "[t]he Federal Rules of Civil
4 Procedure do not permit MGA to use broad discovery requests untethered to any
5 claim or defense." Order Granting in Part and Denying in Part Mattel's Motion for
6 protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007. See
7 also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.
8 2004) ("District courts need not condone the use of discovery to engage in 'fishing
9 expeditions.'"). Here, MGA seeks all documents referring or relating to Friedman's
10 knowledge of extremely broad subjects—including "Mattel's business operations."
11 MGA makes no attempt to link this request with the claims and defenses in this
12 case. For example, Friedman may have knowledge of Mattel's retirement plans,
13 health benefits, OSHA compliance, sexual harassment policies, or any number of
14 subjects regarding business operations at Mattel which clearly fall outside the
15 narrow scope required by the Discovery Master. Because MGA has not linked its
16 broad request to any of the numerous and far-ranging allegations of unfair
17 competition set forth in its complaint, the Discovery Master should uphold Mattel's
18 overbreadth objection.

19       MGA complains that Mattel has limited its responses regarding individuals in
20 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
21 disclosures." Mattel has produced all information as to these individuals that is
22 relevant or pertinent to this litigation. There is nothing to compel.

23       Quite simply, there is nothing to compel. Mattel has produced responsive,
24 non-privileged documents relating to Friedman's knowledge of the facts at issue in
25 this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
26 possession, custody or control, if any, that Mattel has been able to locate after a
27 diligent search and reasonable inquiry.

28

1 **REQUEST FOR PRODUCTION NO. 241:**

2       All DOCUMENTS REFERRING OR RELATING TO Mia Maria Garcia's

3 alleged knowledge of "MGA's access to Mattel's intellectual property and trade

4 secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

5 DISCLOSURES.

6 **RESPONSE TO REQUEST NO. 241:**

7       In addition to the general objections stated above which are incorporated

8 herein by reference, Mattel objects to this Request on the grounds that it is

9 overbroad, unduly burdensome and unintelligible, including in that it seeks all

10 documents on this subject without limitation as to time, and regardless of whether

11 such documents relate to products or matters at issue in this case.  Mattel further

12 objects to the Request on the grounds that it seeks documents that are not relevant to

13 this action or likely to lead to the discovery of admissible evidence.  Mattel further

14 objects to this Request on the grounds that it calls for documents or information in

15 the possession, custody or control of MGA, including without limitation documents

16 and information that MGA has been compelled by Court orders to produce but has

17 not produced.  Mattel further objects to this Request on the grounds that it seeks

18 confidential, proprietary and trade secret information, including such information

19 that has no bearing on the claims or defenses in this case.  Mattel further objects to

20 this Request on the grounds that it calls for the disclosure of information subject to

21 the attorney-client privilege, the attorney work product doctrine and other applicable

22 privileges.

23       Subject to the foregoing objections, Mattel responds as follows: Mattel will

24 produce responsive, non-privileged documents relating to Mia Maria Garcia's

25 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

26 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

27 has been able to locate after a diligent search and reasonable inquiry, to the extent

28 not previously produced.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 241:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Mia Maria Garcia's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive

-291-

1    documents or whether it is withholding documents based on its objections in Phase
2    2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
3    must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
4    Generic objections that fail to explain the basis for an objection with specificity are
5    routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
6    234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
7    'overly burdensome and harassing' are improper – especially when a party fails to
8    submit any evidentiary declarations supporting such objections"). Accordingly,
9    Mattel must be compelled either to certify that it has produced all non-privileged
10   responsive documents or to produce all such documents by a date certain.

11        To the extent that Mattel is relying on its blanket objections, they are not
12   sustainable and do not justify Mattel's failure to produce documents.

13        As to overbreadth, Mattel provides no explanation, let alone the required
14   particularity, as to why this request is supposedly overly broad, nor can it do so.
15   This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
16   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
17   contrary, the request is narrowly tailored to seek documents in Mattel's possession,
18   custody, or control concerning Garcia's alleged knowledge of "MGA's access to
19   Mattel's intellectual property and trade secrets" and "MGA's business practices."
20   This area of information is taken directly from Mattel's allegations regarding Garcia
21   in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
22   Disclosures, dated Jan. 5, 2007, p. 7).

23        As to burden, Mattel has not attempted to demonstrate why responding to this
24   request and/or producing responsive documents presents any burden. This objection
25   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
26   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
27   unduly burdensome must allege specific facts which indicate the nature and extent
28   of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

1 | unduly burdensome, as noted above, in that the request is narrowly tailored to seek
2 | only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
3 | secrets. MGA is entitled to discovery on this claim.

4 | This request does not seek documents protected by the attorney-client
5 | privilege, the attorney work product doctrine, or other applicable privileges. To the
6 | extent that Mattel contends that it does, Mattel must provide a privilege log.

7 | This request seeks relevant information. Mattel identified Garcia in its initial
8 | disclosures an individual with discoverable knowledge regarding "MGA's access to
9 | Mattel's intellectual property and trade secrets" and "MGA business practices."
10 | Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
11 | p. 7). Accordingly, Mattel's initial disclosures demonstrate the relevance of this
12 | request. Further, this information is relevant to, among other things, Mattel's trade
13 | secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
14 | defenses of statute of limitations and laches.

15 | Mattel's objection that the request seeks information within MGA's
16 | possession, custody or control is nonsensical and lacks factual support. Mattel
17 | makes no argument, let alone a factual showing, that any documents in MGA's
18 | possession are duplicative of documents within Mattel's control. MGA is entitled to
19 | discovery from Mattel of documents within its possession, custody, or control that
20 | relate to the subject of this suit. Mattel cannot avoid this obligation by making a
21 | conclusory statement that MGA also possesses responsive documents.

22 | Mattel's objection that the request seeks confidential, proprietary, and trade
23 | secret information should be disregarded. The parties have entered into a protective
24 | order in this matter, which governs the handling of confidential business
25 | information. Further, Mattel has put its confidential business information at issue in
26 | this litigation, including but not limited to its trade secret misappropriation claim
27 | Accordingly, it cannot resist discovery of confidential business information.

28 |

1      Finally, Mattel has improperly limited its agreement to produce to "the facts
2  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
3  the individual is identified as being knowledgeable about certain topics in Mattel's
4  initial disclosures, Mattel's obligation to produce does not end with the facts that it
5  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
6  information from the individual on the topics identified, regardless of whether it
7  supports the facts as alleged by Mattel, MGA, or any other party. See Order
8  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10  MGA might be excluding documents that are responsive to the request based upon
11  its unilateral determination of what is 'relevant' or 'sufficient.'").

12      None of Mattel's improper objections are valid and Mattel is obligated to
13  produce all non-privileged responsive documents in its possession, custody, or
14  control.

15  **MATTEL'S RESPONSE:**

16      MGA ignores that (i) Mattel has produced its non-privileged, responsive
17  documents, as it agreed to do, and that (ii) most information sought by this request is
18  within MGA's possession, custody or control, and is equally if not more readily
19  available to MG Garcia is an employee of MGA. MGA gives no reason why it
20  requests information from Mattel regarding its *own company* and its *own employee*,
21  other than to say that "this area of information is taken directly from Mattel's
22  allegations regarding Garcia in its initial disclosures." Indeed, it appears that MGA
23  merely cut and paste its request from Mattel's initial disclosures without
24  consideration as to what information Mattel may have that is already within MGA's
25  possession, custody or control.

26      MGA's conclusory arguments also ignore that the Request is facially
27  overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
28  Civil Procedure do not permit MGA to use broad discovery requests untethered to

1  any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion

2  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

3  See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

4  Cir. 2004) ("District courts need not condone the use of discovery to engage in

5  'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to

6  Garcia's knowledge of extremely broad subjects—including ███████████

7  ██████████ MGA makes no attempt to link this request with the claims and defenses

8  in this case. For example, Garcia may have knowledge of MGA's retirement plans,

9  health benefits, OSHA compliance, sexual harassment policies, or any number of

10  subjects regarding business practices at MGA which clearly fall outside the narrow

11  scope required by the Discovery Master. Because MGA has not linked its broad

12  request to any of the numerous and far-ranging allegations of unfair competition set

13  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth

14  objection.

15       The term "RELATING TO … alleged knowledge" as used in the request is

16  likewise overbroad. The universe of documents that could "relate" to Garcia's

17  knowledge are potentially without limit. The request is not confined to documents

18  in Garcia's possession or control; rather, all documents containing information that

19  Garcia coincidentally knows about the subjects at issue are subsumed within this

20  request.

21       MGA complains that Mattel has limited its responses regarding individuals in

22  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

23  disclosures." Mattel has produced all information as to these individuals that is

24  relevant or pertinent to this litigation. There is nothing to compel.

25       Quite simply, there is nothing to compel. Mattel has produced responsive,

26  non-privileged documents relating to Garcia's knowledge of the facts at issue in this

27  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

28  custody or control.

1 | **REQUEST FOR PRODUCTION NO. 242:**

2 |     All DOCUMENTS REFERRING OR RELATING TO Kami

3 | Gilimour—Bryant's alleged knowledge of "MGA's access to Mattel's intellectual

4 | property and trade secrets" and "MGA business practices," as alleged in MATTEL'S

5 | INITIAL DISCLOSURES.

6 | **RESPONSE TO REQUEST NO. 242:**

7 |     In addition to the general objections stated above which are incorporated

8 | herein by reference, Mattel objects to this Request on the grounds that it is

9 | overbroad, unduly burdensome and unintelligible, including in that it seeks all

10 | documents on this subject without limitation as to time, and regardless of whether

11 | such documents relate to products or matters at issue in this case. Mattel further

12 | objects to the Request on the grounds that it seeks documents that are not relevant to

13 | this action or likely to lead to the discovery of admissible evidence. Mattel further

14 | objects to this Request on the grounds that it calls for documents or information in

15 | the possession, custody or control of MGA and/or Bryant, including without

16 | limitation documents and information that MGA and Bryant have been compelled

17 | by Court orders to produce but have not produced. Mattel further object to this

18 | Request on the grounds that it seeks confidential, proprietary and trade secret

19 | information, including such information that has no bearing on the claims or

20 | defenses in this case. Mattel further objects to this Request on the grounds that it

21 | calls for the disclosure of information subject to the attorney-client privilege, the

22 | attorney work-product doctrine and other applicable privileges.

23 |     Subject to the foregoing objections, Mattel responds as follows: Mattel will

24 | produce responsive, non-privileged documents relating to Kami Gillmour—Bryant'

25 |     knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

26 | Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

27 | has been able to locate after a diligent search and reasonable inquiry, to the extent

28 | not previously produced.

1 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 242:**

2       In addition to the general objections stated above which are incorporated

3 herein by reference, Mattel objects to this Request on the grounds that it is

4 overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 documents on this subject without limitation as to time, and regardless of whether

6 such documents relate to products or matters at issue in this case. Mattel further

7 objects to the Request on the grounds that it seeks documents that are not relevant to

8 this action or likely to lead to the discovery of admissible evidence. Mattel further

9 objects to this Request on the grounds that it calls for documents or information in

10 the possession, custody or control of MGA and/or Bryant, including without

11 limitation documents and information that MGA and Bryant have been compelled

12 by Court orders to produce but have not produced. Mattel further object to this

13 Request on the grounds that it seeks confidential, proprietary and trade secret

14 information, including such information that has no bearing on the claims or

15 defenses in this case. Mattel further objects to this Request on the grounds that it

16 calls for the disclosure of information subject to the attorney-client privilege, the

17 attorney work-product doctrine and other applicable privileges.

18       Subject to the foregoing objections, Mattel responds as follows: Mattel will

19 produce responsive, non-privileged documents relating to Kami Gillmour-Bryant's

20 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

21 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

22 has been able to locate after a diligent search and reasonable inquiry, to the extent

23 not previously produced.

24 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

25 **TO SHOULD BE COMPELLED**

26       Mattel has improperly limited its agreement to produce documents in

27 response to this request, subject to its improper boilerplate objections. Mattel has

28 refused to confirm whether or not it has produced all non-privileged responsive

1 documents or whether it is withholding documents based on its objections in Phase
2 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
3 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
4 Generic objections that fail to explain the basis for an objection with specificity are
5 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
6 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
7 'overly burdensome and harassing' are improper – especially when a party fails to
8 submit any evidentiary declarations supporting such objections"). Accordingly,
9 Mattel must be compelled either to certify that it has produced all non-privileged
10 responsive documents or to produce all such documents by a date certain.

11      To the extent that Mattel is relying on its blanket objections, they are not
12 sustainable and do not justify Mattel's failure to produce documents.

13      As to overbreadth, Mattel provides no explanation, let alone the required
14 particularity, as to why this request is supposedly overly broad, nor can it do so.
15 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
16 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
17 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
18 custody, or control concerning Gillmour-Bryant's alleged knowledge of "MGA's
19 access to Mattel's intellectual property and trade secrets" and "MGA's business
20 practices." This area of information is taken directly from Mattel's allegations
21 regarding Gillmour-Bryant in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's
22 Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).

23      As to burden, Mattel has not attempted to demonstrate why responding to this
24 request and/or producing responsive documents presents any burden. This objection
25 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
26 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
27 unduly burdensome must allege specific facts which indicate the nature and extent
28 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

1  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
2  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
3  secrets. MGA is entitled to discovery on this claim.

4       This request does not seek documents protected by the attorney-client
5  privilege, the attorney work product doctrine, or other applicable privileges. To the
6  extent that Mattel contends that it does, Mattel must provide a privilege log.

7       This request seeks relevant information. Mattel identified Gillmour-Bryant in
8  its initial disclosures an individual with discoverable knowledge regarding "MGA's
9  access to Mattel's intellectual property and trade secrets" and "MGA business
10 practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
11 Jan. 5, 2007, p. 7). Accordingly, Mattel's initial disclosures demonstrate the
12 relevance of this request. Further, this information is relevant to, among other
13 things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
14 MGA's affirmative defenses of statute of limitations and laches.

15      Mattel's objection that the request seeks information within MGA's
16 possession, custody or control is nonsensical and lacks factual support. Mattel
17 makes no argument, let alone a factual showing, that any documents in MGA's
18 possession are duplicative of documents within Mattel's control. MGA is entitled to
19 discovery from Mattel of documents within its possession, custody, or control that
20 relate to the subject of this suit. Mattel cannot avoid this obligation by making a
21 conclusory statement that MGA also possesses responsive documents.

22      Mattel's objection that the request seeks confidential, proprietary, and trade
23 secret information should be disregarded. The parties have entered into a protective
24 order in this matter, which governs the handling of confidential business
25 information. Further, Mattel has put its confidential business information at issue in
26 this litigation, including but not limited to its trade secret misappropriation claim
27 Accordingly, it cannot resist discovery of confidential business information.

28

1     Finally, Mattel has improperly limited its agreement to produce to "the facts

2 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

3 the individual is identified as being knowledgeable about certain topics in Mattel's

4 initial disclosures, Mattel's obligation to produce does not end with the facts that it

5 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

6 information from the individual on the topics identified, regardless of whether it

7 supports the facts as alleged by Mattel, MGA, or any other party. See Order

8 Granting Mattel's Motion to Compel Production of Documents and Interrogatory

9 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

10 MGA might be excluding documents that are responsive to the request based upon

11 its unilateral determination of what is 'relevant' or 'sufficient.'").

12     None of Mattel's improper objections are valid and Mattel is obligated to

13 produce all non-privileged responsive documents in its possession, custody, or

14 control.

15 **MATTEL'S RESPONSE:**

16     MGA's conclusory arguments  ignore that the Request is facially overbroad.

17 The Discovery Master has previously ruled that "[t]he Federal Rules of Civil

18 Procedure do not permit MGA to use broad discovery requests untethered to any

19 claim or defense." Order Granting in Part and Denying in Part Mattel's Motion for

20 protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007. See

21 also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

22 2004) ("District courts need not condone the use of discovery to engage in 'fishing

23 expeditions.'"). Here, MGA seeks all documents referring or relating to Gillmour-

24 Bryant's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮▮

25 ▮▮▮▮▮▮▮ MGA makes no attempt to link this request with the claims and defenses

26 in this case. For example, Gillmour-Bryant may have knowledge of MGA's

27 retirement plans, health benefits, OSHA compliance, sexual harassment policies, or

28 any number of subjects regarding business practices at MGA which clearly fall

1  outside the narrow scope required by the Discovery Master. Because MGA has not
2  linked its broad request to any of the numerous and far-ranging allegations of unfair
3  competition set forth in its complaint, the Discovery Master should uphold Mattel's
4  overbreadth objection.

5       The term "RELATING TO ... alleged knowledge" as used in the request is
6  likewise overbroad.  The universe of documents that could "relate" to Gillmour-
7  Bryant's knowledge are potentially without limit.  The request is not confined to
8  documents in Gillmour-Bryant's possession or control; rather, all documents
9  containing information that Gillmour-Bryant coincidentally knows about the
10 subjects at issue are subsumed within this request.

11      MGA complains that Mattel has limited its responses  regarding individuals in
12 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
13 disclosures."  Mattel has produced all information as to these individuals that is
14 relevant or pertinent to this litigation.  There is nothing to compel.

15      Quite simply, there is nothing to compel.  Mattel has produced responsive,
16 non-privileged documents relating to Gillmour-Bryant's knowledge of the facts at
17 issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
18 possession, custody or control, if any, that Mattel has been able to locate after a
19 diligent search. and reasonable inquiry.

20 **REQUEST FOR PRODUCTION NO. 243:**

21      All DOCUMENTS REFERRING OR RELATING TO Dana Goldstein's
22 alleged knowledge of "MGA's access to Mattel's intellectual property and trade
23 secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
24 DISCLOSURES.

25 **RESPONSE TO REQUEST NO. 243:**

26      In addition to the general objections stated above which are incorporated
27 herein by reference, Mattel objects to this Request on the grounds that it is
28 overbroad, unduly burdensome and unintelligible, including in that it seeks all

documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Dana Goldstein's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 243:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1   the possession, custody or control of MGA, including without limitation documents
2   and information that MGA has been compelled by Court orders to produce but has
3   not produced.  Mattel further objects to this Request on the grounds that it seeks
4   confidential, proprietary and trade secret information, including such information
5   that has no bearing on the claims or defenses in this case.  Mattel further objects to
6   this Request on the grounds that it calls for the disclosure of information subject to
7   the attorney-client privilege, the attorney work product doctrine and other applicable
8   privileges.

9       Subject to the foregoing objections, Mattel responds as follows: Mattel will
10  produce responsive, non-privileged documents relating to Dana Goldstein's
11  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
12  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
13  has been able to locate after a diligent search and reasonable inquiry, to the extent
14  not previously produced.

15  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
16  **TO SHOULD BE COMPELLED**

17      Mattel has improperly limited its agreement to produce documents in
18  response to this request, subject to its improper boilerplate objections.  Mattel has
19  refused to confirm whether or not it has produced all non-privileged responsive
20  documents or whether it is withholding documents based on its objections in Phase
21  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
22  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
23  Generic objections that fail to explain the basis for an objection with specificity are
24  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
25  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
26  'overly burdensome and harassing' are improper – especially when a party fails to
27  submit any evidentiary declarations supporting such objections").  Accordingly,
28

1  Mattel must be compelled either to certify that it has produced all non-privileged

2  responsive documents or to produce all such documents by a date certain.

3  To the extent that Mattel is relying on its blanket objections, they are not

4  sustainable and do not justify Mattel's failure to produce documents.

5  As to overbreadth, Mattel provides no explanation, let alone the required

6  particularity, as to why this request is supposedly overly broad, nor can it do so.

7  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

8  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

9  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

10  custody, or control concerning Goldstein's alleged knowledge of "MGA's access to

11  Mattel's intellectual property and trade secrets" and "MGA's business practices."

12  This area of information is taken directly from Mattel's allegations regarding

13  Goldstein in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated

14  Initial Disclosures, dated Jan. 5, 2007, p. 7).

15  As to burden, Mattel has not attempted to demonstrate why responding to this

16  request and/or producing responsive documents presents any burden. This objection

17  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

18  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

19  unduly burdensome must allege specific facts which indicate the nature and extent

20  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

21  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

22  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

23  secrets. MGA is entitled to discovery on this claim.

24  This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges. To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27  This request seeks relevant information. Mattel identified Goldstein in its

28  initial disclosures an individual with discoverable knowledge regarding "MGA's

-304-

1  access to Mattel's intellectual property and trade secrets" and "MGA business

2  practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

3  Jan. 5, 2007, p. 7). Accordingly, Mattel's initial disclosures demonstrate the

4  relevance of this request. Further, this information is relevant to, among other

5  things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and

6  MGA's affirmative defenses of statute of limitations and laches.

7      Mattel's objection that the request seeks information within MGA's

8  possession, custody or control is nonsensical and lacks factual support. Mattel

9  makes no argument, let alone a factual showing, that any documents in MGA's

10  possession are duplicative of documents within Mattel's control. MGA is entitled to

11  discovery from Mattel of documents within its possession, custody, or control that

12  relate to the subject of this suit. Mattel cannot avoid this obligation by making a

13  conclusory statement that MGA also possesses responsive documents.

14      Mattel's objection that the request seeks confidential, proprietary, and trade

15  secret information should be disregarded. The parties have entered into a protective

16  order in this matter, which governs the handling of confidential business

17  information. Further, Mattel has put its confidential business information at issue in

18  this litigation, including but not limited to its trade secret misappropriation claim

19  Accordingly, it cannot resist discovery of confidential business information.

20      Finally, Mattel has improperly limited its agreement to produce to "the facts

21  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

22  the individual is identified as being knowledgeable about certain topics in Mattel's

23  initial disclosures, Mattel's obligation to produce does not end with the facts that it

24  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

25  information from the individual on the topics identified, regardless of whether it

26  supports the facts as alleged by Mattel, MGA, or any other party. See Order

27  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

28  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

1 || MGA might be excluding documents that are responsive to the request based upon
2 || its unilateral determination of what is 'relevant' or 'sufficient.'").

3      None of Mattel's improper objections are valid and Mattel is obligated to
4 || produce all non-privileged responsive documents in its possession, custody, or
5 || control.

6 || **MATTEL'S RESPONSE:**

7      MGA ignores that (i) Mattel has produced its non-privileged, responsive
8 || documents, as it agreed to do, and that (ii) most information sought by this request is
9 || within MGA's possession, custody or control, and is equally if not more readily
10 || available to MG Goldstein is an employee of MGA. MGA gives no reason why it
11 || requests information from Mattel regarding its *own company* and its *own employee*,
12 || other than to say that "this area of information is taken directly from Mattel's
13 || allegations regarding Goldstein in its initial disclosures." Indeed, it appears that
14 || MGA merely cut and paste its request from Mattel's initial disclosures without
15 || consideration as to what information Mattel may have that is already within MGA's
16 || possession, custody or control.

17      MGA's conclusory arguments also ignore that the Request is facially
18 || overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
19 || Civil Procedure do not permit MGA to use broad discovery requests untethered to
20 || any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion
21 || for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
22 || See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
23 || Cir. 2004) ("District courts need not condone the use of discovery to engage in
24 || 'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to
25 || Goldstein's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮
26 || ▮▮▮▮▮ MGA makes no attempt to link this request with the claims and defenses
27 || in this case. For example, Goldstein may have knowledge of MGA's retirement
28 || plans, health benefits, OSHA compliance, sexual harassment policies, or any

-306

1    number of subjects regarding business practices at MGA which clearly fall outside

2    the narrow scope required by the Discovery Master. Because MGA has not linked

3    its broad request to any of the numerous and far-ranging allegations of unfair

4    competition set forth in its complaint, the Discovery Master should uphold Mattel's

5    overbreadth objection.

6        The term "RELATING TO ... alleged knowledge" as used in the request is

7    likewise overbroad.  The universe of documents that could "relate" to Goldstein's

8    knowledge are potentially without limit.  The request is not confined to documents

9    in Goldstein's possession or control; rather, all documents containing information

10   that Goldstein coincidentally knows about the subjects at issue are subsumed within

11   this request.

12       MGA complains that Mattel has limited its responses  regarding individuals in

13   Mattel's Initial Disclosures to information "as alleged in Mattel's initial

14   disclosures."  Mattel has produced all information as to these individuals that is

15   relevant or pertinent to this litigation.  There is nothing to compel.

16       Quite simply, there is nothing to compel.  Mattel has produced responsive,

17   non-privileged documents relating to Goldstein's knowledge of the facts at issue in

18   this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

19   possession, custody or control.

20   **REQUEST FOR PRODUCTION NO. 244:**

21       All DOCUMENTS REFERRING OR RELATING TO Carlos Gustavo

22   Machado Gomez's alleged knowledge of "MGA's theft of Mattel's intellectual

23   property and trade secrets" and "MGA business practices," as alleged in MATTEL'S

24   INITIAL DISCLOSURES.

25   **RESPONSE TO REQUEST NO. 244:**

26       In addition to the general objections stated above which are incorporated

27   herein by reference, Mattel objects to this Request on the grounds that it is

28   overbroad, unduly burdensome and unintelligible, including in that it seeks all

-307-

1  documents on this subject without limitation as to time, and regardless of whether
2  such documents relate to products or matters at issue in this case. Mattel further
3  objects to the Request on the grounds that it seeks documents that are not relevant to
4  this action or likely to lead to the discovery of admissible evidence. Mattel further
5  objects to this Request on the grounds that it calls for documents or information in
6  the possession, custody or control of MGA, including without limitation documents
7  and information that MGA has been compelled by Court orders to produce but has
8  not produced. Mattel further objects to this Request on the grounds that it seeks
9  confidential, proprietary and trade secret information, including such information
10 that has no bearing on the claims or defenses in this case. Mattel further objects to
11 this Request on the grounds that it calls for the disclosure of information subject to
12 the attorney-client privilege, the attorney work product doctrine and other applicable
13 privileges.

14      Subject to the foregoing objections, Mattel responds as follows: Mattel will
15 produce responsive, non-privileged documents relating to Carlos Gustavo Machado
16 Gomez's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
17 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
18 has been able to locate after a diligent search and reasonable inquiry, to the extent
19 not previously produced.

20 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 244:**

21      In addition to the general objections stated above which are incorporated
22 herein by reference, Mattel objects to this Request on the grounds that it is
23 overbroad, unduly burdensome and unintelligible, including in that it seeks all
24 documents on this subject without limitation as to time, and regardless of whether
25 such documents relate to products or matters at issue in this case. Mattel further
26 objects to the Request on the grounds that it seeks documents that are not relevant to
27 this action or likely to lead to the discovery of admissible evidence. Mattel further
28 objects to this Request on the grounds that it calls for documents or information in

1  the possession, custody or control of MGA, including without limitation documents
2  and information that MGA has been compelled by Court orders to produce but has
3  not produced. Mattel further objects to this Request on the grounds that it seeks
4  confidential, proprietary and trade secret information, including such information
5  that has no bearing on the claims or defenses in this case. Mattel further objects to
6  this Request on the grounds that it calls for the disclosure of information subject to
7  the attorney-client privilege, the attorney work product doctrine and other applicable
8  privileges.

9      Subject to the foregoing objections, Mattel responds as follows: Mattel ill
10 produce responsive, non-privileged documents relating to Carlos Gustavo Machado
11 Gomez's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
12 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
13 has been able to locate after a diligent search and reasonable inquiry, to the extent
14 not previously produced.

15 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
16 **TO SHOULD BE COMPELLED**

17     Mattel has improperly limited its agreement to produce documents in
18 response to this request, subject to its improper boilerplate objections. Mattel has
19 refused to confirm whether or not it has produced all non-privileged responsive
20 documents or whether it is withholding documents based on its objections in Phase
21 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
22 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
23 Generic objections that fail to explain the basis for an objection with specificity are
24 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
25 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
26 'overly burdensome and harassing' are improper – especially when a party fails to
27 submit any evidentiary declarations supporting such objections"). Accordingly,
28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1    Mattel must be compelled either to certify that it has produced all non-privileged

2    responsive documents or to produce all such documents by a date certain.

3        To the extent that Mattel is relying on its blanket objections, they are not

4    sustainable and do not justify Mattel's failure to produce documents.

5        As to overbreadth, Mattel provides no explanation, let alone the required

6    particularity, as to why this request is supposedly overly broad, nor can it do so.

7    This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

8    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

9    contrary, the request is narrowly tailored to seek documents in Mattel's possession,

10   custody, or control concerning Gomez's alleged knowledge of "MGA's theft of

11   Mattel's intellectual property and trade secrets" and "MGA's business practices."

12   This area of information is taken directly from Mattel's allegations regarding Gomez

13   in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

14   Disclosures, dated Jan. 5, 2007, p. 7).

15       As to burden, Mattel has not attempted to demonstrate why responding to this

16   request and/or producing responsive documents presents any burden. This objection

17   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

18   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

19   unduly burdensome must allege specific facts which indicate the nature and extent

20   of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

21   unduly burdensome, as noted above, in that the request is narrowly tailored to seek

22   only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

23   secrets. MGA is entitled to discovery on this claim.

24       This request does not seek documents protected by the attorney-client

25   privilege, the attorney work product doctrine, or other applicable privileges. To the

26   extent that Mattel contends that it does, Mattel must provide a privilege log.

27       This request seeks relevant information. Mattel identified Gomez in its initial

28   disclosures an individual with discoverable knowledge regarding "MGA's theft of

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET THREE)

1 | Mattel's intellectual property and trade secrets" and "MGA business practices."
2 | Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
3 | p. 7). Accordingly, Mattel's initial disclosures demonstrate the relevance of this
4 | request. Further, this information is relevant to, among other things, Mattel's trade
5 | secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
6 | defenses of statute of limitations and laches.

7 | Mattel's objection that the request seeks information within MGA's
8 | possession, custody or control is nonsensical and lacks factual support. Mattel
9 | makes no argument, let alone a factual showing, that any documents in MGA's
10 | possession are duplicative of documents within Mattel's control. MGA is entitled to
11 | discovery from Mattel of documents within its possession, custody, or control that
12 | relate to the subject of this suit. Mattel cannot avoid this obligation by making a
13 | conclusory statement that MGA also possesses responsive documents.

14 | Mattel's objection that the request seeks confidential, proprietary, and trade
15 | secret information should be disregarded. The parties have entered into a protective
16 | order in this matter, which governs the handling of confidential business
17 | information. Further, Mattel has put its confidential business information at issue in
18 | this litigation, including but not limited to its trade secret misappropriation claim
19 | Accordingly, it cannot resist discovery of confidential business information.

20 | Finally, Mattel has improperly limited its agreement to produce to "the facts
21 | at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
22 | the individual is identified as being knowledgeable about certain topics in Mattel's
23 | initial disclosures, Mattel's obligation to produce does not end with the facts that it
24 | has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
25 | information from the individual on the topics identified, regardless of whether it
26 | supports the facts as alleged by Mattel, MGA, or any other party. See Order
27 | Granting Mattel's Motion to Compel Production of Documents and Interrogatory
28 | Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

1   MGA might be excluding documents that are responsive to the request based upon
2   its unilateral determination of what is 'relevant' or 'sufficient.'").

3        None of Mattel's improper objections are valid and Mattel is obligated to
4   produce all non-privileged responsive documents in its possession, custody, or
5   control.

6   **MATTEL'S RESPONSE:**

7        MGA ignores that (i) Mattel has produced its non-privileged, responsive
8   documents, as it agreed to do, and that (ii) most information sought by this request is
9   within MGA's possession, custody or control, and is equally if not more readily
10  available to MG  Gomez is an employee of MGA.  MGA gives no reason why it
11  requests information from Mattel regarding its *own company* and its *own employee*,
12  other than to say that "this area of information is taken directly from Mattel's
13  allegations regarding Gomez in its initial disclosures."  Indeed, it appears that MGA
14  merely cut and paste its request from Mattel's initial disclosures without
15  consideration as to what information Mattel may have that is already within MGA's
16  possession, custody or control.

17       MGA's conclusory arguments also ignore that the Request is facially
18  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
19  Civil Procedure do not permit MGA to use broad discovery requests untethered to
20  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
21  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
22  See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
23  Cir. 2004) ("District courts need not condone the use of discovery to engage in
24  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
25  Gomez's knowledge of extremely broad subjects—including ████████████
26  ████████  MGA makes no attempt to link this request with the claims and defenses
27  in this case.  For example, Gomez may have knowledge of MGA's retirement plans,
28  health benefits, OSHA compliance, sexual harassment policies, or any number of

1  subjects regarding business practices at MGA which clearly fall outside the narrow
2  scope required by the Discovery Master. Because MGA has not linked its broad
3  request to any of the numerous and far-ranging allegations of unfair competition set
4  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
5  objection.

6  The term "RELATING TO … alleged knowledge" as used in the request is
7  likewise overbroad. The universe of documents that could "relate" to Gomez's
8  knowledge are potentially without limit. The request is not confined to documents
9  in Gomez's possession or control; rather, all documents containing information that
10 Gomez coincidentally knows about the subjects at issue are subsumed within this
11 request.

12 MGA complains that Mattel has limited its responses  regarding individuals in
13 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
14 disclosures." Mattel has produced all information as to these individuals that is
15 relevant or pertinent to this litigation. There is nothing to compel.

16 Quite simply, there is nothing to compel. Mattel has produced responsive,
17 non-privileged documents relating to Gomez's knowledge of the facts at issue in this
18 litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
19 custody or control.

20 **REQUEST FOR PRODUCTION NO. 245:**

21 All DOCUMENTS REFERRING OR RELATING TO Jean Gomez's allege
22 knowledge of "[t]he development and ownership of intellectual property at issue," as
23 alleged in MATTEL'S INITIAL DISCLOSURES.

24 **RESPONSE TO REQUEST NO. 245:**

25 In addition to the general objections stated above which are incorporated
26 herein by reference, Mattel objects to this Request on the grounds that it is
27 overbroad, unduly burdensome and unintelligible, including in that it seeks all
28 documents on this subject without limitation as to time, and regardless of whether

-313-

1  such documents relate to products or matters at issue in this case. Mattel further

2  objects to the Request on the grounds that it seeks documents that are not relevant to

3  this action or likely to lead to the discovery of admissible evidence. Mattel further

4  objects to this Request on the grounds that it seeks confidential, proprietary and

5  trade secret information, including such information that has no bearing on the

6  claims or defenses in this case. Mattel further objects to this Request on the ground

7  that it calls for the disclosure of information subject to the attorney-client privilege

8  the attorney work-product doctrine and other applicable privileges.

9      Subject to the foregoing objections, Mattel responds as follows: Mattel will

10  produce responsive, non-privileged documents relating to Jean Gomez's knowledg

11  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

12  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

13  after a diligent search and reasonable inquiry, to the extent not previously produced.

14  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 245:**

15      In addition to the general objections stated above which are incorporated

16  herein by reference, Mattel objects to this Request on the grounds that it is

17  overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case. Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant to

21  this action or likely to lead to the discovery of admissible evidence. Mattel further

22  objects to this Request on the grounds that it seeks confidential, proprietary and

23  trade secret information, including such information that has no bearing on the

24  claims or defenses in this case. Mattel further objects to this Request on the ground

25  that it calls for the disclosure of information subject to the attorney-client privilege

26  the attorney work-product doctrine and other applicable privileges.

27      Subject to the foregoing objections, Mattel responds as follows: Mattel will

28  produce responsive, non-privileged documents relating to Jean Gomez's knowledg

1  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

2  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

3  after a diligent search and reasonable inquiry, to the extent not previously produced.

4  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

5  **TO SHOULD BE COMPELLED**

6      Mattel has improperly limited its agreement to produce documents in

7  response to this request, subject to its improper boilerplate objections.  Mattel has

8  refused to confirm whether or not it has produced all non-privileged responsive

9  documents or whether it is withholding documents based on its objections in Phase

10 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

11 must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)

12 Generic objections that fail to explain the basis for an objection with specificity are

13 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

14 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

15 'overly burdensome and harassing' are improper – especially when a party fails to

16 submit any evidentiary declarations supporting such objections").

17      Accordingly, Mattel must be compelled either to certify that it has produced

18 all non-privileged responsive documents or to produce all such documents by a date

19 certain.

20      To the extent that Mattel is relying on its blanket objections, they are not

21 sustainable and do not justify Mattel's failure to produce documents.

22      As to overbreadth, Mattel provides no explanation, let alone the required

23 particularity, as to why this request is supposedly overly broad, nor can it do so.

24 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

27 custody, or control concerning Gomez's alleged knowledge of "[t]he development

28 and ownership of intellectual property at issue."  This area of information is taken

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  directly from Mattel's allegations regarding Gomez in its initial disclosures.

2  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

3  p. 7).

4       As to burden, Mattel has not attempted to demonstrate why responding to this

5  request and/or producing responsive documents presents any burden. This objection

6  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

7  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

8  unduly burdensome must allege specific facts which indicate the nature and extent

9  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

10  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

11  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

12  secrets. MGA is entitled to discovery on this claim.

13       This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges. To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16       This request seeks relevant information. Mattel identified Gomez in its initial

17  disclosures an individual with discoverable knowledge regarding "[t]he

18  development and ownership of intellectual property at issue." Rutowski Decl.

19  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).

20  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

21  Further, this information is relevant to, among other things, Mattel's trade secret

22  defense and MGA's claims of trade dress infringement.

23       Mattel's objection that the request seeks confidential, proprietary, and trade

24  secret information should be disregarded. The parties have entered into a protective

25  order in this matter, which governs the handling of confidential business

26  information. Further, Mattel has put its confidential business information at issue in

27  this litigation, including but not limited to its trade secret misappropriation claim

28  Accordingly, it cannot resist discovery of confidential business information.

1    Finally, Mattel has improperly limited its agreement to produce to "the facts
2  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
3  the individual is identified as being knowledgeable about certain topics in Mattel's
4  initial disclosures, Mattel's obligation to produce does not end with the facts that it
5  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
6  information from the individual on the topics identified, regardless of whether it
7  supports the facts as alleged by Mattel, MGA, or any other party. <u>See</u> Order
8  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10 MGA might be excluding documents that are responsive to the request based upon
11 its unilateral determination of what is 'relevant' or 'sufficient.'").

12    None of Mattel's improper objections are valid and Mattel is obligated to
13 produce all non-privileged responsive documents in its possession, custody, or
14 control.

15 **MATTEL'S RESPONSE:**

16    The term "RELATING TO … alleged knowledge" as used in the request is
17 likewise overbroad. The universe of documents that could "relate" to Gomez's
18 knowledge are potentially without limit. The request is not confined to documents
19 in Gomez's possession or control; rather, all documents containing information that
20 Gomez coincidentally knows about the subjects at issue are subsumed within this
21 request.

22    MGA complains that Mattel has limited its responses regarding individuals in
23 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
24 disclosures." Mattel has produced all information as to these individuals that is
25 relevant or pertinent to this litigation. There is nothing to compel.

26    Quite simply, there is nothing to compel. Mattel has produced responsive,
27 non-privileged documents relating to Gomez's knowledge of the facts at issue in this
28

1 litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

2 custody or control.

3 **REQUEST FOR PRODUCTION NO. 246:**

4     All DOCUMENTS in Jean Gomez's possession or control REFERRING OR

5 RELATING TO her alleged knowledge of "[t]he development and ownership of

6 intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

7 **RESPONSE TO REQUEST NO. 246:**

8     In addition to the general objections stated above which are incorporated

9 herein by reference, Mattel objects to this Request on the grounds that it is

10 overbroad, unduly burdensome and unintelligible, including in that it seeks all

11 documents on this subject without limitation as to time, and regardless of whether

12 such documents relate to products or matters at issue in this case. Mattel further

13 objects to the Request on the grounds that it seeks documents that are not relevant to

14 this action or likely to lead to the discovery of admissible evidence. Mattel further

15 objects to this Request on the grounds that it seeks confidential, proprietary and

16 trade secret information, including such information that has no bearing on the

17 claims or defenses in this case. Mattel further objects to this Request on the ground

18 that it calls for the disclosure of information subject to the attorney-client privilege

19 the attorney work-product doctrine and other applicable privileges.

20     Subject to the foregoing objections, Mattel responds as follows: Mattel will

21 produce responsive, non-privileged documents relating to Jean Gomez's knowledg

22 of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

23 in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

24 after a diligent search and reasonable inquiry, to the extent not previously produced.

25 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 246:**

26     In addition to the general objections stated above which are incorporated

27 herein by reference, Mattel objects to this Request on the grounds that it is

28 overbroad, unduly burdensome and unintelligible, including in that it seeks all

1  documents on this subject without limitation as to time, and regardless of whether

2  such documents relate to products or matters at issue in this case. Mattel further

3  objects to the Request on the grounds that it seeks documents that are not relevant to

4  this action or likely to lead to the discovery of admissible evidence. Mattel further

5  objects to this Request on the grounds that it seeks confidential, proprietary and

6  trade secret information, including such information that has no bearing on the

7  claims or defenses in this case. Mattel further objects to this Request on the ground

8  that it calls for the disclosure of information subject to the attorney-client privilege

9  the attorney work-product doctrine and other applicable privileges.

10     Subject to the foregoing objections, Mattel responds as follows: Mattel will

11  produce responsive, non-privileged documents relating to Jean Gomez's knowledg

12  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

13  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

14  after a diligent search and reasonable inquiry, to the extent not previously produced.

15  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

16  **TO SHOULD BE COMPELLED**

17     Mattel has improperly limited its agreement to produce documents in

18  response to this request, subject to its improper boilerplate objections. Mattel has

19  refused to confirm whether or not it has produced all non-privileged responsive

20  documents or whether it is withholding documents based on its objections in Phase

21  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

22  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

23  Generic objections that fail to explain the basis for an objection with specificity are

24  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

25  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

26  'overly burdensome and harassing' are improper – especially when a party fails to

27  submit any evidentiary declarations supporting such objections").

28

1       Accordingly, Mattel must be compelled either to certify that it has produced

2   all non-privileged responsive documents or to produce all such documents by a date

3   certain.

4       To the extent that Mattel is relying on its blanket objections, they are not

5   sustainable and do not justify Mattel's failure to produce documents.

6       As to overbreadth, Mattel provides no explanation, let alone the required

7   particularity, as to why this request is supposedly overly broad, nor can it do so.

8   This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

9   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

10  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

11  custody, or control concerning Gomez's alleged knowledge of "[t]he development

12  and ownership of intellectual property at issue." This area of information is taken

13  directly from Mattel's allegations regarding Gomez in its initial disclosures.

14  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

15  p. 7).

16      As to burden, Mattel has not attempted to demonstrate why responding to this

17  request and/or producing responsive documents presents any burden. This objection

18  must therefore be rejected. <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173

19  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

20  unduly burdensome must allege specific facts which indicate the nature and extent

21  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

22  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

23  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

24  secrets. MGA is entitled to discovery on this claim.

25      This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges. To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1      This request seeks relevant information.  Mattel identified Gomez in its initial
2  disclosures an individual with discoverable knowledge regarding "[t]he
3  development and ownership of intellectual property at issue."  Rutowski Decl.
4  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).
5  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
6  Further, this information is relevant to, among other things, Mattel's trade secret
7  defense and MGA's claims of trade dress infringement.

8      Mattel's objection that the request seeks confidential, proprietary, and trade
9  secret information should be disregarded.  The parties have entered into a protective
10  order in this matter, which governs the handling of confidential business
11  information.  Further, Mattel has put its confidential business information at issue in
12  this litigation, including but not limited to its trade secret misappropriation claim
13  Accordingly, it cannot resist discovery of confidential business information.

14      Finally, Mattel has improperly limited its agreement to produce to "the facts
15  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
16  the individual is identified as being knowledgeable about certain topics in Mattel's
17  initial disclosures, Mattel's obligation to produce does not end with the facts that it
18  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
19  information from the individual on the topics identified, regardless of whether it
20  supports the facts as alleged by Mattel, MGA, or any other party.  See Order
21  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
22  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
23  MGA might be excluding documents that are responsive to the request based upon
24  its unilateral determination of what is 'relevant' or 'sufficient.'").

25      None of Mattel's improper objections are valid and Mattel is obligated to
26  produce all non-privileged responsive documents in its possession, custody, or
27  control.

28

1 | **MATTEL'S RESPONSE:**

2 MGA complains that Mattel has limited its responses regarding individuals in

3 Mattel's Initial Disclosures to information "as alleged in Mattel's initial

4 disclosures." Mattel has produced all information as to these individuals that is

5 relevant or pertinent to this litigation. There is nothing to compel.

6 Quite simply, there is nothing to compel. Mattel has produced responsive,

7 non-privileged documents relating to Gomez's knowledge of the facts at issue in this

8 litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

9 custody or control.

10 | **REQUEST FOR PRODUCTION NO. 247:**

11 All DOCUMENTS REFERRING OR RELATING TO Joanne Green's

12 alleged knowledge of "[t]he development and ownership of intellectual property at

13 issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

14 | **RESPONSE TO REQUEST NO. 247:**

15 In addition to the general objections stated above which are incorporated

16 herein by reference, Mattel objects to this Request on the grounds that it is

17 overbroad, unduly burdensome and unintelligible, including in that it seeks all

18 documents on this subject without limitation as to time, and regardless of whether

19 such documents relate to products or matters at issue in this case. Mattel further

20 objects to the Request on the grounds that it seeks documents that are not relevant to

21 this action or likely to lead to the discovery of admissible evidence. Mattel further

22 objects to this Request on the grounds that it seeks confidential, proprietary and

23 trade secret information, including such information that has no bearing on the

24 claims or defenses in this case. Mattel further objects to this Request on the ground

25 that it calls for the disclosure of information subject to the attorney-client privilege

26 the attorney work-product doctrine and other applicable privileges.

27 Subject to the foregoing objections, Mattel responds as follows: Mattel will

28 produce responsive, non-privileged documents relating to Joanne Green's

-322-

1  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

2  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

3  has been able to locate after a diligent search and reasonable inquiry, to the extent

4  not previously produced.

5  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 247:**

6        In addition to the general objections stated above which are incorporated

7  herein by reference, Mattel objects to this Request on the grounds that it is

8  overbroad, unduly burdensome and unintelligible, including in that it seeks all

9  documents on this subject without limitation as to time, and regardless of whether

10  such documents relate to products or matters at issue in this case. Mattel further

11  objects to the Request on the grounds that it seeks documents that are not relevant to

12  this action or likely to lead to the discovery of admissible evidence. Mattel further

13  objects to this Request on the grounds that it seeks confidential, proprietary and

14  trade secret information, including such information that has no bearing on the

15  claims or defenses in this case. Mattel further objects to this Request on the ground

16  that it calls for the disclosure of information subject to the attorney-client privilege

17  the attorney work-product doctrine and other applicable privileges.

18        Subject to the foregoing objections, Mattel responds as follows: Mattel will

19  produce responsive, non-privileged documents relating to Joanne Green's

20  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

21  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

22  has been able to locate after a diligent search and reasonable inquiry, to the extent

23  not previously produced.

24  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

25  **TO SHOULD BE COMPELLED**

26        Mattel has improperly limited its agreement to produce documents in

27  response to this request, subject to its improper boilerplate objections. Mattel has

28  refused to confirm whether or not it has produced all non-privileged responsive

-323-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1 | documents or whether it is withholding documents based on its objections in Phase
2 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
3 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
4 | Generic objections that fail to explain the basis for an objection with specificity are
5 | routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
6 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
7 | 'overly burdensome and harassing' are improper – especially when a party fails to
8 | submit any evidentiary declarations supporting such objections").

9 | Accordingly, Mattel must be compelled either to certify that it has produced
10 | all non-privileged responsive documents or to produce all such documents by a date
11 | certain.

12 | To the extent that Mattel is relying on its blanket objections, they are not
13 | sustainable and do not justify Mattel's failure to produce documents.

14 | As to overbreadth, Mattel provides no explanation, let alone the required
15 | particularity, as to why this request is supposedly overly broad, nor can it do so.
16 | This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
17 | (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
18 | contrary, the request is narrowly tailored to seek documents in Mattel's possession,
19 | custody, or control concerning Green's alleged knowledge of "[t]he development
20 | and ownership of intellectual property at issue." This area of information is taken
21 | directly from Mattel's allegations regarding Green in its initial disclosures.
22 | Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
23 | p. 8).

24 | As to burden, Mattel has not attempted to demonstrate why responding to this
25 | request and/or producing responsive documents presents any burden. This objection
26 | must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
27 | F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
28 | unduly burdensome must allege specific facts which indicate the nature and extent

1 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
2 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
3 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
4 secrets. MGA is entitled to discovery on this claim.

5      This request does not seek documents protected by the attorney-client
6 privilege, the attorney work product doctrine, or other applicable privileges. To the
7 extent that Mattel contends that it does, Mattel must provide a privilege log.

8      This request seeks relevant information. Mattel identified Green in its initial
9 disclosures an individual with discoverable knowledge regarding "[t]he
10 development and ownership of intellectual property at issue." Rutowski Decl.
11 Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 8).
12 Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
13 Further, this information is relevant to, among other things, Mattel's trade secret
14 defense and MGA's claims of trade dress infringement.

15      Mattel's objection that the request seeks confidential, proprietary, and trade
16 secret information should be disregarded. The parties have entered into a protective
17 order in this matter, which governs the handling of confidential business
18 information. Further, Mattel has put its confidential business information at issue in
19 this litigation, including but not limited to its trade secret misappropriation claim
20 Accordingly, it cannot resist discovery of confidential business information.

21      Finally, Mattel has improperly limited its agreement to produce to "the facts
22 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
23 the individual is identified as being knowledgeable about certain topics in Mattel's
24 initial disclosures, Mattel's obligation to produce does not end with the facts that it
25 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
26 information from the individual on the topics identified, regardless of whether it
27 supports the facts as alleged by Mattel, MGA, or any other party. See Order
28 Granting Mattel's Motion to Compel Production of Documents and Interrogatory

1  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
2  MGA might be excluding documents that are responsive to the request based upon
3  its unilateral determination of what is 'relevant' or 'sufficient.'").

4      None of Mattel's improper objections are valid and Mattel is obligated to
5  produce all non-privileged responsive documents in its possession, custody, or
6  control.

7  **MATTEL'S RESPONSE:**

8      The term "RELATING TO … alleged knowledge" as used in the request is
9  likewise overbroad.  The universe of documents that could "relate" to Green's
10 knowledge are potentially without limit.  The request is not confined to documents
11 in Green's possession or control; rather, all documents containing information that
12 Green coincidentally knows about the subjects at issue are subsumed within this
13 request.

14     MGA complains that Mattel has limited its responses  regarding individuals in
15 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
16 disclosures."  Mattel has produced all information as to these individuals that is
17 relevant or pertinent to this litigation.  There is nothing to compel.

18     Quite simply, there is nothing to compel.  Mattel has produced responsive,
19 non-privileged documents relating to Green's knowledge of the facts at issue in this
20 litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
21 custody or control.

22 **REQUEST FOR PRODUCTION NO. 248:**

23     All DOCUMENTS in Joanne Green's possession or control REFERRING OR
24 RELATING TO her alleged knowledge of "[t]he development and ownership of
25 intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

26 **RESPONSE TO REQUEST NO. 248:**

27     In addition to the general objections stated above which are incorporated
28 herein by reference, Mattel objects to this Request on the grounds that it is

-326-

1 overbroad, unduly burdensome and unintelligible, including in that it seeks all
2 documents on this subject without limitation as to time, and regardless of whether
3 such documents relate to products or matters at issue in this case. Mattel further
4 objects to the Request on the grounds that it seeks documents that are not relevant to
5 this action or likely to lead to the discovery of admissible evidence. Mattel further
6 objects to this Request on the grounds that it seeks confidential, proprietary and
7 trade secret information, including such information that has no bearing on the
8 claims or defenses in this case. Mattel further objects to this Request on the ground
9 that it calls for the disclosure of information subject to the attorney-client privilege
10 the attorney work-product doctrine and other applicable privileges.

11      Subject to the foregoing objections, Mattel responds as follows: Mattel will
12 produce responsive, non-privileged documents relating to Joanne Green's
13 knowledge of the facts at issue in this litigation as alleged in Mattel's. Initial
14 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
15 has been able to locate after a diligent search and reasonable inquiry, to the extent
16 not previously produced.

17 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 248:**

18      In addition to the general objections stated above which are incorporated
19 herein by reference, Mattel objects to this Request on the grounds that it is
20 overbroad, unduly burdensome and unintelligible, including in that it seeks all
21 documents on this subject without limitation as to time, and regardless of whether
22 such documents relate to products or matters at issue in this case. Mattel further
23 objects to the Request on the grounds that it seeks documents that are not relevant to
24 this action or likely to lead to the discovery of admissible evidence. Mattel further
25 objects to this Request on the grounds that it seeks confidential, proprietary and
26 trade secret information, including such information that has no bearing on the
27 claims or defenses in this. case. Mattel further objects to this Request on the
28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  grounds that it calls for the disclosure of information subject to the attorney-client
2  privilege, the attorney work-product doctrine and other applicable privileges.

3      Subject to the foregoing objections, Mattel responds as follows: Mattel will
4  produce responsive, non-privileged documents relating to Joanne Green's
5  knowledge of the facts at issue in this litigation as alleged in Mattel's.  Initial
6  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
7  has been able to locate after a diligent search and reasonable inquiry, to the extent
8  not previously produced.

9  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
10 **TO SHOULD BE COMPELLED**

11     Mattel has improperly limited its agreement to produce documents in
12 response to this request, subject to its improper boilerplate objections.  Mattel has
13 refused to confirm whether or not it has produced all non-privileged responsive
14 documents or whether it is withholding documents based on its objections in Phase
15 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
16 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
17 Generic objections that fail to explain the basis for an objection with specificity are
18 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
19 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
20 'overly burdensome and harassing' are improper – especially when a party fails to
21 submit any evidentiary declarations supporting such objections").  Accordingly,
22 Mattel must be compelled either to certify that it has produced all non-privileged
23 responsive documents or to produce all such documents by a date certain.

24     To the extent that Mattel is relying on its blanket objections, they are not
25 sustainable and do not justify Mattel's failure to produce documents.

26     As to overbreadth, Mattel provides no explanation, let alone the required
27 particularity, as to why this request is supposedly overly broad, nor can it do so.
28 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

1   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

3   custody, or control concerning Green's alleged knowledge of "[t]he development

4   and ownership of intellectual property at issue."  This area of information is taken

5   directly from Mattel's allegations regarding Green in its initial disclosures.

6   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

7   p. 8).

8        As to burden, Mattel has not attempted to demonstrate why responding to this

9   request and/or producing responsive documents presents any burden.  This objection

10  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

11  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

12  unduly burdensome must allege specific facts which indicate the nature and extent

13  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not

14  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

15  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade

16  secrets.  MGA is entitled to discovery on this claim.

17       This request does not seek documents protected by the attorney-client

18  privilege, the attorney work product doctrine, or other applicable privileges.  To the

19  extent that Mattel contends that it does, Mattel must provide a privilege log.

20       This request seeks relevant information.  Mattel identified Green in its initial

21  disclosures an individual with discoverable knowledge regarding "[t]he

22  development and ownership of intellectual property at issue."  Rutowski Decl.

23  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 8).

24  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

25  Further, this information is relevant to, among other things, Mattel's trade secret

26  defense and MGA's claims of trade dress infringement.

27       Mattel's objection that the request seeks confidential, proprietary, and trade

28  secret information should be disregarded.  The parties have entered into a protective

-329