1  order in this matter, which governs the handling of confidential business
2  information.  Further, Mattel has put its confidential business information at issue in
3  this litigation, including but not limited to its trade secret misappropriation claim
4  Accordingly, it cannot resist discovery of confidential business information.

5      Finally, Mattel has improperly limited its agreement to produce to "the facts
6  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
7  the individual is identified as being knowledgeable about certain topics in Mattel's
8  initial disclosures, Mattel's obligation to produce does not end with the facts that it
9  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
10  information from the individual on the topics identified, regardless of whether it
11  supports the facts as alleged by Mattel, MGA, or any other party.  See Order
12  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
13  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
14  MGA might be excluding documents that are responsive to the request based upon
15  its unilateral determination of what is 'relevant' or 'sufficient.'").

16      None of Mattel's improper objections are valid and Mattel is obligated to
17  produce all non-privileged responsive documents in its possession, custody, or
18  control.

19  **MATTEL'S RESPONSE:**

20      MGA complains that Mattel has limited its responses  regarding individuals in
21  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
22  disclosures."  Mattel has produced all information as to these individuals that is
23  relevant or pertinent to this litigation.  There is nothing to compel.

24      Quite simply, there is nothing to compel.  Mattel has produced responsive,
25  non-privileged documents relating to Green's knowledge of the facts at issue in this
26  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
27  custody or control.

28

1 | **REQUEST FOR PRODUCTION NO. 249:**

2 |    All DOCUMENTS REFERRING OR RELATING TO Sarah Halpern's
3 | alleged knowledge of "MGA's access to Mattel's intellectual property and trade
4 | secrets," "design and development of Bratz and Bryant's work with or for MGA
5 | during his Mattel employment," and "Bryant's breach of obligations to Mattel," as
6 | alleged in MATTEL'S INITIAL DISCLOSURES.

7 | **RESPONSE TO REQUEST NO. 249:**

8 |    In addition to the general objections stated above which are incorporated
9 | herein by reference, Mattel objects to this Request on the grounds that it is
10 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
11 | documents on this subject without limitation as to time, and regardless of whether
12 | such documents relate to products or matters at issue in this case. Mattel further
13 | objects to the Request on the grounds that it seeks documents that are not relevant to
14 | this action or likely to lead to the discovery of admissible evidence. Mattel further
15 | objects to this Request on the grounds that it calls for documents or information in
16 | the possession, custody or control of MGA, including without limitation documents
17 | and information that MGA has been compelled by Court orders to produce but has
18 | not produced. Mattel further objects to this Request on the grounds that it seeks
19 | confidential, proprietary and trade secret information, including such information
20 | that has no bearing on the claims or defenses in this case. Mattel further objects to
21 | this Request on the grounds that it calls for the disclosure of information subject to
22 | the attorney-client privilege, the attorney work product doctrine and other applicable
23 | privileges.

24 |    Subject to the foregoing objections, Mattel responds as follows: Mattel will
25 | produce responsive, non-privileged documents relating to Sarah Halpern's
26 | knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
27 | Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

28 |

1  has been able to locate after a diligent search and reasonable inquiry, to the extent
2  not previously produced.

3  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 249:**

4  In addition to the general objections stated above which are incorporated
5  herein by reference, Mattel objects to this Request on the grounds that it is
6  overbroad, unduly burdensome and unintelligible, including in that it seeks all
7  documents on this subject without limitation as to time, and regardless of whether
8  such documents relate to products or matters at issue in this case. Mattel further
9  objects to the Request on the grounds that it seeks documents that are not relevant to
10  this action or likely to lead to the discovery of admissible evidence. Mattel further
11  objects to this Request on the grounds that it calls for documents or information in
12  the possession, custody or control of MGA, including without limitation documents
13  and information that MGA has been compelled by Court orders to produce but has
14  not produced. Mattel further objects to this Request on the grounds that it seeks
15  confidential, proprietary and trade secret information, including such information
16  that has no bearing on the claims or defenses in this case. Mattel further objects to
17  this Request on the grounds that it calls for the disclosure of information subject to
18  the attorney-client privilege, the attorney work product doctrine and other applicable
19  privileges.

20  Subject to the foregoing objections, Mattel responds as follows: Mattel will
21  produce responsive, non-privileged documents relating to Sarah Halpern's
22  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
23  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
24  has been able to locate after a diligent search and reasonable inquiry, to the extent
25  not previously produced.

26
27
28

1 ## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE
2 ## TO SHOULD BE COMPELLED

3      Mattel has improperly limited its agreement to produce documents in
4 response to this request, subject to its improper boilerplate objections. Mattel has
5 refused to confirm whether or not it has produced all non-privileged responsive
6 documents or whether it is withholding documents based on its objections in Phase
7 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
8 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
9 Generic objections that fail to explain the basis for an objection with specificity are
10 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
11 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
12 'overly burdensome and harassing' are improper – especially when a party fails to
13 submit any evidentiary declarations supporting such objections"). Accordingly,
14 Mattel must be compelled either to certify that it has produced all non-privileged
15 responsive documents or to produce all such documents by a date certain.

16      To the extent that Mattel is relying on its blanket objections, they are not
17 sustainable and do not justify Mattel's failure to produce documents.

18      As to overbreadth, Mattel provides no explanation, let alone the required
19 particularity, as to why this request is supposedly overly broad, nor can it do so.
20 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
21 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
22 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
23 custody, or control concerning Halpern's alleged knowledge of "MGA's access to
24 Mattel's intellectual property and trade secrets," "design and development of Bratz
25 and Bryant's work with or for MGA during his Mattel employment," and "Bryant'
26 breach of obligations to Mattel." This area of information is taken directly from
27 Mattel's allegations regarding Halpern in its initial disclosures. Rutowski Decl. Ex
28 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 8).

1    As to burden, Mattel has not attempted to demonstrate why responding to this
2  request and/or producing responsive documents presents any burden. This objection
3  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
4  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
5  unduly burdensome must allege specific facts which indicate the nature and extent
6  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
7  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
8  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
9  secrets. MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client
11  privilege, the attorney work product doctrine, or other applicable privileges. To the
12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information. Mattel identified Halpern in its
14  initial disclosures an individual with discoverable knowledge regarding "MGA's
15  access to Mattel's intellectual property and trade secrets," "design and developmen
16  of Bratz and Bryant's work with or for MGA during his Mattel employment," and
17  "Bryant's breach of obligations to Mattel." Rutowski Decl. Ex. 56 (Mattel's
18  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 8). Accordingly, Mattel's
19  initial disclosures demonstrate the relevance of this request. Further, this
20  information is relevant to, among other things, Mattel's trade secret defense, MGA's
21  claims of trade dress infringement, and MGA's affirmative defenses of statute of
22  limitations and laches.

23    Mattel's objection that the request seeks information within MGA's
24  possession, custody or control is nonsensical and lacks factual support. Mattel
25  makes no argument, let alone a factual showing, that any documents in MGA's
26  possession are duplicative of documents within Mattel's control. MGA is entitled to
27  discovery from Mattel of documents within its possession, custody, or control that
28

1 | relate to the subject of this suit. Mattel cannot avoid this obligation by making a
2 | conclusory statement that MGA also possesses responsive documents.

3 |     Mattel's objection that the request seeks confidential, proprietary, and trade
4 | secret information should be disregarded. The parties have entered into a protective
5 | order in this matter, which governs the handling of confidential business
6 | information. Further, Mattel has put its confidential business information at issue in
7 | this litigation, including but not limited to its trade secret misappropriation claim
8 | Accordingly, it cannot resist discovery of confidential business information.

9 |     Finally, Mattel has improperly limited its agreement to produce to "the facts
10 | at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
11 | the individual is identified as being knowledgeable about certain topics in Mattel's
12 | initial disclosures, Mattel's obligation to produce does not end with the facts that it
13 | has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
14 | information from the individual on the topics identified, regardless of whether it
15 | supports the facts as alleged by Mattel, MGA, or any other party. See Order
16 | Granting Mattel's Motion to Compel Production of Documents and Interrogatory
17 | Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
18 | MGA might be excluding documents that are responsive to the request based upon
19 | its unilateral determination of what is 'relevant' or 'sufficient.'").

20 |     None of Mattel's improper objections are valid and Mattel is obligated to
21 | produce all non-privileged responsive documents in its possession, custody, or
22 | control.

23 | **MATTEL'S RESPONSE:**

24 |     MGA's request is duplicative of previous requests for which Mattel has
25 | produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
26 | produce documents responsive to MGA's First Set of Requests for the Production of
27 |
28 |

1  Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[37]  Request Nos.

2  180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including

3  his work at Mattel and MGA and the design and development of Bratz.   Request

4  No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring

5  or relating to BRYANT."[38]  On September 11, 2007, Discovery Master Infante

6  granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and

7  260.[39]  Pursuant to this order, Mattel produced documents responsive to these

8  requests. Mattel has since confirmed that it has produced responsive, non-privileged

9  documents to these requests in its Third Supplemental Responses to MGA's First

10  Set of Requests for Production.[40]   There is nothing additional to compel and MGA's

11  motion is moot.

12       The term "RELATING TO … alleged knowledge" as used in the request is

13  likewise overbroad.  The universe of documents that could "relate" to Halpern's

14  knowledge are potentially without limit.  The request is not confined to documents

15  in Halpern's possession or control; rather, all documents containing information that

16  Halpern coincidentally knows about the subjects at issue are subsumed within this

17  request.

18       MGA complains that Mattel has limited its responses  regarding individuals in

19  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

20  disclosures."  Mattel has produced all information as to these individuals that is

21  relevant or pertinent to this litigation.  There is nothing to compel.

22

23       [37]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
24  Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
     [38]  See MGA's First Set of Requests for the Production of Documents and
25  Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
26  [39]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's
     Motion to Compel, at 7-10, Dart Decl., Exh. 9.
27  [40]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28  for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1   Quite simply, there is nothing to compel.  Mattel has produced responsive,
2   non-privileged documents relating to Halpern's knowledge of the facts at issue in
3   this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
4   possession, custody or control.

5   **REQUEST FOR PRODUCTION NO. 250:**

6   All DOCUMENTS REFERRING OR RELATING TO Janet R.  Han's
7   alleged knowledge of "MGA's access to Mattel's intellectual property and trade
8   secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
9   DISCLOSURES.

10  **RESPONSE TO REQUEST NO. 250:**

11  In addition to the general objections stated above which are incorporated
12  herein by reference, Mattel objects to this Request on the grounds that it is
13  overbroad, unduly burdensome and unintelligible, including in that it seeks all
14  documents on this subject without limitation as to time, and regardless of whether
15  such documents relate to products or matters at issue in this case.  Mattel further
16  objects to the Request on the grounds that it seeks documents that are not relevant to
17  this action or likely to lead to the discovery of admissible evidence.  Mattel further
18  objects to this Request on the grounds that it calls for documents or information in
19  the possession, custody or control of MGA, including without limitation documents
20  and information that MGA has been compelled by Court orders to produce but has
21  not produced.  Mattel further objects to this Request on the grounds that it seeks
22  confidential, proprietary and trade secret information, including such information
23  that has no bearing on the claims or defenses in this case.  Mattel further objects to
24  this Request on the grounds that it calls for the disclosure of information subject to
25  the attorney-client privilege, the attorney work product doctrine and other applicable
26  privileges.

27  Subject to the foregoing objections, Mattel responds as follows: Mattel will
28  produce responsive, non-privileged documents relating to Janet R.  Han's knowledge

1  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

2  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

3  after a diligent search and reasonable inquiry, to the extent not previously produced.

4  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 250:**

5      In addition to the general objections stated above which are incorporated

6  herein by reference, Mattel objects to this Request on the grounds that it is

7  overbroad, unduly burdensome and unintelligible, including in that it seeks all

8  documents on this subject without limitation as to time, and regardless of whether

9  such documents relate to products or matters at issue in this case.  Mattel further

10  objects to the Request on the grounds that it seeks documents that are not relevant to

11  this action or likely to lead to the discovery of admissible evidence.  Mattel further

12  objects to this Request on the grounds that it calls for documents or information in

13  the possession, custody or control of MGA, including without limitation documents

14  and information that MGA has been compelled by Court orders to produce but has

15  not produced.  Mattel further objects to this Request on the grounds that it seeks

16  confidential, proprietary and trade secret information, including such information

17  that has no bearing on the claims or defenses in this case.  Mattel further objects to

18  this Request on the grounds that it calls for the disclosure of information subject to

19  the attorney-client privilege, the attorney work product doctrine and other applicable

20  privileges.

21      Subject to the foregoing objections, Mattel responds as follows: Mattel ill

22  produce responsive, non-privileged documents relating to Janet R.  Han's knowledge

23  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

24  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

25  after a diligent search and reasonable inquiry, to the extent not previously produced.

26

27

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2  **TO SHOULD BE COMPELLED**

3      Mattel has improperly limited its agreement to produce documents in
4  response to this request, subject to its improper boilerplate objections.  Mattel has
5  refused to confirm whether or not it has produced all non-privileged responsive
6  documents or whether it is withholding documents based on its objections in Phase
7  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
8  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
9  Generic objections that fail to explain the basis for an objection with specificity are
10  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
11  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
12  'overly burdensome and harassing' are improper – especially when a party fails to
13  submit any evidentiary declarations supporting such objections").  Accordingly,
14  Mattel must be compelled either to certify that it has produced all non-privileged
15  responsive documents or to produce all such documents by a date certain.

16      To the extent that Mattel is relying on its blanket objections, they are not
17  sustainable and do not justify Mattel's failure to produce documents.

18      As to overbreadth, Mattel provides no explanation, let alone the required
19  particularity, as to why this request is supposedly overly broad, nor can it do so.
20  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
21  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
22  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
23  custody, or control concerning Han's alleged knowledge of "MGA's access to
24  Mattel's intellectual property and trade secrets" and "MGA's business practices."
25  This area of information is taken directly from Mattel's allegations regarding Han in
26  its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
27  Disclosures, dated Jan. 5, 2007, p. 8).

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET THREE)

1       As to burden, Mattel has not attempted to demonstrate why responding to this
2 request and/or producing responsive documents presents any burden.  This objection
3 must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
4 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
5 unduly burdensome must allege specific facts which indicate the nature and extent
6 of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
7 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
8 only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
9 secrets.  MGA is entitled to discovery on this claim.

10       This request does not seek documents protected by the attorney-client
11 privilege, the attorney work product doctrine, or other applicable privileges.  To the
12 extent that Mattel contends that it does, Mattel must provide a privilege log.

13       This request seeks relevant information.  Mattel identified Han in its initial
14 disclosures an individual with discoverable knowledge regarding "MGA's access to
15 Mattel's intellectual property and trade secrets" and "MGA business practices."
16 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
17 p. 8).  Accordingly, Mattel's initial disclosures demonstrate the relevance of this
18 request.  Further, this information is relevant to, among other things, Mattel's trade
19 secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
20 defenses of statute of limitations and laches.

21       Mattel's objection that the request seeks information within MGA's
22 possession, custody or control is nonsensical and lacks factual support.  Mattel
23 makes no argument, let alone a factual showing, that any documents in MGA's
24 possession are duplicative of documents within Mattel's control.  MGA is entitled to
25 discovery from Mattel of documents within its possession, custody, or control that
26 relate to the subject of this suit.  Mattel cannot avoid this obligation by making a
27 conclusory statement that MGA also possesses responsive documents.

28

1    Mattel's objection that the request seeks confidential, proprietary, and trade
2 secret information should be disregarded. The parties have entered into a protective
3 order in this matter, which governs the handling of confidential business
4 information. Further, Mattel has put its confidential business information at issue in
5 this litigation, including but not limited to its trade secret misappropriation claim
6 Accordingly, it cannot resist discovery of confidential business information.

7    Finally, Mattel has improperly limited its agreement to produce to "the facts
8 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
9 the individual is identified as being knowledgeable about certain topics in Mattel's
10 initial disclosures, Mattel's obligation to produce does not end with the facts that it
11 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
12 information from the individual on the topics identified, regardless of whether it
13 supports the facts as alleged by Mattel, MGA, or any other party. <u>See</u> Order
14 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
15 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
16 MGA might be excluding documents that are responsive to the request based upon
17 its unilateral determination of what is 'relevant' or 'sufficient.'").

18    None of Mattel's improper objections are valid and Mattel is obligated to
19 produce all non-privileged responsive documents in its possession, custody, or
20 control.

21 **MATTEL'S RESPONSE:**

22    MGA ignores that (i) Mattel has produced its non-privileged, responsive
23 documents, as it agreed to do, and that (ii) most information sought by this request is
24 within MGA's possession, custody or control, and is equally if not more readily
25 available to MG Han is an employee of MGA. MGA gives no reason why it
26 requests information from Mattel regarding its *own company* and its *own employee*,
27 other than to say that "this area of information is taken directly from Mattel's
28 allegations regarding Han in its initial disclosures." Indeed, it appears that MGA

1  merely cut and paste its request from Mattel's initial disclosures without
2  consideration as to what information Mattel may have that is already within MGA's
3  possession, custody or control.

4        MGA's conclusory arguments also ignore that the Request is facially
5  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
6  Civil Procedure do not permit MGA to use broad discovery requests untethered to
7  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
8  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
9  See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
10  Cir. 2004) ("District courts need not condone the use of discovery to engage in
11  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
12  Han's knowledge of extremely broad subjects—including ████████████
13  ████████  MGA makes no attempt to link this request with the claims and defenses
14  in this case.  For example, Han may have knowledge of MGA's retirement plans,
15  health benefits, OSHA compliance, sexual harassment policies, or any number of
16  subjects regarding business practices at MGA which clearly fall outside the narrow
17  scope required by the Discovery Master. Because MGA has not linked its broad
18  request to any of the numerous and far-ranging allegations of unfair competition set
19  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
20  objection.

21        The term "RELATING TO … alleged knowledge" as used in the request is
22  likewise overbroad.  The universe of documents that could "relate" to Han's
23  knowledge are potentially without limit.  The request is not confined to documents
24  in Han's possession or control; rather, all documents containing information that
25  Han coincidentally knows about the subjects at issue are subsumed within this
26  request.

27        MGA complains that Mattel has limited its responses  regarding individuals in
28  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  disclosures." Mattel has produced all information as to these individuals that is
2  relevant or pertinent to this litigation. There is nothing to compel.

3  Quite simply, there is nothing to compel. Mattel has produced responsive,
4  non-privileged documents relating to Han's knowledge of the facts at issue in this
5  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
6  custody or control, if any, that Mattel has been able to locate after a diligent search.
7  and reasonable inquiry.

8  **REQUEST FOR PRODUCTION NO. 251:**

9  All DOCUMENTS REFERRING OR RELATING TO Melody Hanson's
10 alleged knowledge of "MGA's access to Mattel's intellectual property and trade
11 secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
12 DISCLOSURES.

13 **RESPONSE TO REQUEST NO. 251:**

14 In addition to the general objections stated above which are incorporated
15 herein by reference, Mattel objects to this Request on the grounds that it is
16 overbroad, unduly burdensome and unintelligible, including in that it seeks all
17 documents on this subject without limitation as to time, and regardless of whether
18 _such documents -relate to-products or matters-at issue in-this-case. Mattel further
19 objects to the Request on the grounds that it seeks documents that are not relevant to
20 this action or likely to lead to the discovery of admissible evidence. Mattel further
21 objects to this Request on the grounds that it calls for documents or information in
22 the possession, custody or control of MGA, including without limitation documents
23 and information that MGA has been compelled by Court orders to produce but has
24 not produced. Mattel further objects to this Request on the grounds that it seeks
25 confidential, proprietary and trade secret information, including such information
26 that has no bearing on the claims or defenses in this case. Mattel further objects to
27 this Request on the grounds that it calls for the disclosure of information subject to
28

1 | the attorney-client privilege, the attorney work product doctrine and other applicable
2 | privileges.

3 | Subject to the foregoing objections, Mattel responds as follows: Mattel will
4 | produce responsive, non-privileged documents relating to Melody Hanson's
5 | knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
6 | Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
7 | has been able to locate after a diligent search and reasonable inquiry, to the extent
8 | not previously produced.

9 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 251:**

10 | In addition to the general objections stated above which are incorporated
11 | herein by reference, Mattel objects to this Request on the grounds that it is
12 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
13 | documents on this subject without limitation as to time, and regardless of whether
14 | such documents relate to products or matters at issue in this case. Mattel further
15 | objects to the Request on the grounds that it seeks documents that are not relevant to
16 | this action or likely to lead to the discovery of admissible evidence. Mattel further
17 | objects to this Request on the grounds that it calls for documents or information in
18 | the possession, custody or control of MGA, including without limitation documents
19 | and information that MGA has been compelled by Court orders to produce but has
20 | not produced. Mattel further objects to this Request on the grounds that it seeks
21 | confidential, proprietary and trade secret information, including such information
22 | that has no bearing on the claims or defenses in this case. Mattel further objects to
23 | this Request on the grounds that it calls for the disclosure of information subject to
24 | the attorney-client privilege, the attorney work product doctrine and other applicable
25 | privileges.

26 | Subject to the foregoing objections, Mattel responds as follows: Mattel will
27 | produce responsive, non-privileged documents relating to Melody Hanson's
28 | knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

1  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

2  has been able to locate after a diligent search and reasonable inquiry, to the extent

3  not previously produced.

4  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

5  **TO SHOULD BE COMPELLED**

6         Mattel has improperly limited its agreement to produce documents in

7  response to this request, subject to its improper boilerplate objections. Mattel has

8  refused to confirm whether or not it has produced all non-privileged responsive

9  documents or whether it is withholding documents based on its objections in Phase

10  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

11  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

12  Generic objections that fail to explain the basis for an objection with specificity are

13  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

14  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

15  'overly burdensome and harassing' are improper – especially when a party fails to

16  submit any evidentiary declarations supporting such objections"). Accordingly,

17  Mattel must be compelled either to certify that it has produced all non-privileged

18  responsive documents or to produce all such documents by a date certain.

19         To the extent that Mattel is relying on its blanket objections, they are not

20  sustainable and do not justify Mattel's failure to produce documents.

21         As to overbreadth, Mattel provides no explanation, let alone the required

22  particularity, as to why this request is supposedly overly broad, nor can it do so.

23  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

24  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

25  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

26  custody, or control concerning Hanson's alleged knowledge of "MGA's access to

27  Mattel's intellectual property and trade secrets" and "MGA's business practices."

28  This area of information is taken directly from Mattel's allegations regarding

1  Hanson in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated
2  Initial Disclosures, dated Jan. 5, 2007, p. 8).

3      As to burden, Mattel has not attempted to demonstrate why responding to this
4  request and/or producing responsive documents presents any burden.  This objection
5  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
6  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7  unduly burdensome must allege specific facts which indicate the nature and extent
8  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
9  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
10  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
11  secrets.  MGA is entitled to discovery on this claim.

12      This request does not seek documents protected by the attorney-client
13  privilege, the attorney work product doctrine, or other applicable privileges.  To the
14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      This request seeks relevant information.  Mattel identified Hanson in its initial
16  disclosures an individual with discoverable knowledge regarding "MGA's access to
17  Mattel's intellectual property and trade secrets" and "MGA business practices."
18  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
19  p. 8).  Accordingly, Mattel's initial disclosures demonstrate the relevance of this
20  request.  Further, this information is relevant to, among other things, Mattel's trade
21  secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
22  defenses of statute of limitations and laches.

23      Mattel's objection that the request seeks information within MGA's
24  possession, custody or control is nonsensical and lacks factual support.  Mattel
25  makes no argument, let alone a factual showing, that any documents in MGA's
26  possession are duplicative of documents within Mattel's control.  MGA is entitled to
27  discovery from Mattel of documents within its possession, custody, or control that
28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
2  conclusory statement that MGA also possesses responsive documents.

3      Mattel's objection that the request seeks confidential, proprietary, and trade
4  secret information should be disregarded. The parties have entered into a protective
5  order in this matter, which governs the handling of confidential business
6  information. Further, Mattel has put its confidential business information at issue in
7  this litigation, including but not limited to its trade secret misappropriation claim
8  Accordingly, it cannot resist discovery of confidential business information.

9      Finally, Mattel has improperly limited its agreement to produce to "the facts
10  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
11  the individual is identified as being knowledgeable about certain topics in Mattel's
12  initial disclosures, Mattel's obligation to produce does not end with the facts that it
13  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
14  information from the individual on the topics identified, regardless of whether it
15  supports the facts as alleged by Mattel, MGA, or any other party. See Order
16  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
17  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
18  MGA might be excluding documents that are responsive to the request based upon
19  its unilateral determination of what is 'relevant' or 'sufficient.'").

20      None of Mattel's improper objections are valid and Mattel is obligated to
21  produce all non-privileged responsive documents in its possession, custody, or
22  control.

23  **MATTEL'S RESPONSE:**

24      MGA ignores that (i) Mattel has produced its non-privileged, responsive
25  documents, as it agreed to do, and that (ii) most information sought by this request is
26  within MGA's possession, custody or control, and is equally if not more readily
27  available to MG  Hanson is an employee of MGA. MGA gives no reason why it
28  requests information from Mattel regarding its *own company* and its *own employee*,

-347-

1  other than to say that "this area of information is taken directly from Mattel's
2  allegations regarding Hanson in its initial disclosures." Indeed, it appears that MGA
3  merely cut and paste its request from Mattel's initial disclosures without
4  consideration as to what information Mattel may have that is already within MGA's
5  possession, custody or control.

6        MGA's conclusory arguments also ignore that the Request is facially
7  overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
8  Civil Procedure do not permit MGA to use broad discovery requests untethered to
9  any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion
10 for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
11 See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
12 Cir. 2004) ("District courts need not condone the use of discovery to engage in
13 'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to
14 Hanson's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮▮▮▮▮
15 ▮▮▮▮▮▮▮  MGA makes no attempt to link this request with the claims and defenses
16 in this case. For example, Hanson may have knowledge of MGA's retirement plans,
17 health benefits, OSHA compliance, sexual harassment policies, or any number of
18 subjects regarding business practices at MGA which clearly fall outside the narrow
19 scope required by the Discovery Master. Because MGA has not linked its broad
20 request to any of the numerous and far-ranging allegations of unfair competition set
21 forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
22 objection.

23       The term "RELATING TO … alleged knowledge" as used in the request is
24 likewise overbroad. The universe of documents that could "relate" to Hanson's
25 knowledge are potentially without limit. The request is not confined to documents
26 in Hanson's possession or control; rather, all documents containing information that
27 Hanson coincidentally knows about the subjects at issue are subsumed within this
28 request.

1  MGA complains that Mattel has limited its responses regarding individuals in
2  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
3  disclosures." Mattel has produced all information as to these individuals that is
4  relevant or pertinent to this litigation. There is nothing to compel.

5  Quite simply, there is nothing to compel. Mattel has produced responsive,
6  non-privileged documents relating to Hanson's knowledge of the facts at issue in
7  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
8  possession, custody or control, if any, that Mattel has been able to locate after a
9  diligent search. and reasonable inquiry.

10  **REQUEST FOR PRODUCTION NO. 252:**

11  All DOCUMENTS REFERRING OR RELATING TO Rachel Harris's
12  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or
13  for MGA during his Mattel employment," "Bryant's breach of obligations to
14  Mattel," and "MGA business practices," as alleged in MATTEL'S INITIAL
15  DISCLOSURES.

16  **RESPONSE TO REQUEST NO. 252:**

17  In addition to the general objections stated above which are incorporated
18  herein by reference, Mattel objects to this Request on the grounds that it is
19  overbroad, unduly burdensome and unintelligible, including in that it seeks all
20  documents on this subject without limitation as to time, and regardless of whether
21  such documents relate to products or matters at issue in this case. Mattel further
22  objects to the Request on the grounds that it, seeks documents that are not relevant
23  to this action or likely to lead to the discovery of admissible evidence. Mattel
24  further objects to this Request on the grounds that it calls for documents or
25  information in the possession, custody or control of MGA, including without
26  limitation documents and information that MGA has been compelled by Court
27  orders to produce but has not produced. Mattel further objects to this Request on the
28  grounds that it seeks confidential, proprietary and trade secret information, including

1   such information that has no bearing on the claims or defenses in this case.  Mattel
2   further objects to this Request on the grounds that it calls for the disclosure of
3   information subject to the attorney-client privilege, the attorney work product
4   doctrine and other applicable privileges.

5       Subject to the foregoing objections, Mattel responds as follows: Mattel will
6   produce responsive, non-privileged documents relating to Rachel Harris's
7   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
8   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
9   has been able to locate after a diligent search and reasonable inquiry, to the extent
10  not previously produced.

11  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 252:**

12      In addition to the general objections stated above which are incorporated
13  herein by reference, Mattel objects to this Request on the grounds that it is
14  overbroad, unduly burdensome and unintelligible, including in that it seeks all
15  documents on this subject without limitation as to time, and regardless of whether
16  such documents relate to products or matters at issue in this case.  Mattel further
17  objects to the Request on the grounds that it seeks documents that are not relevant to
18  this action or likely to lead to the discovery of admissible evidence.  Mattel further
19  objects to this Request on the grounds that it calls for documents or information in
20  the possession, custody or control of MGA, including without limitation documents
21  and information that MGA has been compelled by Court orders to produce but has
22  not produced.  Mattel further objects to this Request on the grounds that it seeks
23  confidential, proprietary and trade secret information, including such information
24  that has no bearing on the claims or defenses in this case.  Mattel further objects to
25  this Request on the grounds that it calls for the disclosure of information subject to
26  the attorney-client privilege, the attorney work product doctrine and other applicable
27  privileges.

28

1    Subject to the foregoing objections, Mattel responds as follows: Mattel will

2  produce responsive, non-privileged documents relating to Rachel Harris's

3  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

4  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

5  has been able to locate after a diligent search and reasonable inquiry, to the extent

6  not previously produced.

7  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

8  **TO SHOULD BE COMPELLED**

9    Mattel has improperly limited its agreement to produce documents in

10 response to this request, subject to its improper boilerplate objections. Mattel has

11 refused to confirm whether or not it has produced all non-privileged responsive

12 documents or whether it is withholding documents based on its objections in Phase

13 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

14 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

15 Generic objections that fail to explain the basis for an objection with specificity are

16 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

17 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

18 'overly burdensome and harassing' are improper – especially when a party fails to

19 submit any evidentiary declarations supporting such objections"). Accordingly,

20 Mattel must be compelled either to certify that it has produced all non-privileged

21 responsive documents or to produce all such documents by a date certain.

22    To the extent that Mattel is relying on its blanket objections, they are not

23 sustainable and do not justify Mattel's failure to produce documents.

24    As to overbreadth, Mattel provides no explanation, let alone the required

25 particularity, as to why this request is supposedly overly broad, nor can it do so.

26 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

27 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

28 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  custody, or control concerning Harris's alleged knowledge of "[d]esign and
2  development of Bratz and Bryant' s work with or for MGA during his Mattel
3  employment," "Bryant's breach of obligations to Mattel," and "MGA business
4  practices." This area of information is taken directly from Mattel's allegations
5  regarding Harris in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's
6  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 8).

7  As to burden, Mattel has not attempted to demonstrate why responding to this
8  request and/or producing responsive documents presents any burden. This objection
9  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
10 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
11 unduly burdensome must allege specific facts which indicate the nature and extent
12 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
13 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
14 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
15 secrets. MGA is entitled to discovery on this claim.

16 This request does not seek documents protected by the attorney-client
17 privilege, the attorney work product doctrine, or other applicable privileges. To the
18 extent that Mattel contends that it does, Mattel must provide a privilege log.

19 This request seeks relevant information. Mattel identified Harris in its initial
20 disclosures an individual with discoverable knowledge regarding "[d]esign and
21 development of Bratz and Bryant' s work with or for MGA during his Mattel
22 employment," "Bryant's breach of obligations to Mattel," and "MGA business
23 practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
24 Jan. 5, 2007, p. 8). Accordingly, Mattel's initial disclosures demonstrate the
25 relevance of this request. Further, this information is relevant to, among other
26 things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
27 MGA's affirmative defenses of statute of limitations and laches.

28

1    Mattel's objection that the request seeks information within MGA's
2 possession, custody or control is nonsensical and lacks factual support. Mattel
3 makes no argument, let alone a factual showing, that any documents in MGA's
4 possession are duplicative of documents within Mattel's control. MGA is entitled to
5 discovery from Mattel of documents within its possession, custody, or control that
6 relate to the subject of this suit. Mattel cannot avoid this obligation by making a
7 conclusory statement that MGA also possesses responsive documents.

8    Mattel's objection that the request seeks confidential, proprietary, and trade
9 secret information should be disregarded. The parties have entered into a protective
10 order in this matter, which governs the handling of confidential business
11 information. Further, Mattel has put its confidential business information at issue in
12 this litigation, including but not limited to its trade secret misappropriation claim
13 Accordingly, it cannot resist discovery of confidential business information.

14    Finally, Mattel has improperly limited its agreement to produce to "the facts
15 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
16 the individual is identified as being knowledgeable about certain topics in Mattel's
17 initial disclosures, Mattel's obligation to produce does not end with the facts that it
18 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
19 information from the individual on the topics identified, regardless of whether it
20 supports the facts as alleged by Mattel, MGA, or any other party. See Order
21 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
22 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
23 MGA might be excluding documents that are responsive to the request based upon
24 its unilateral determination of what is 'relevant' or 'sufficient.'").

25    None of Mattel's improper objections are valid and Mattel is obligated to
26 produce all non-privileged responsive documents in its possession, custody, or
27 control.

28

1 | **MATTEL'S RESPONSE:**

2    MGA's request is duplicative of previous requests for which Mattel has
3 produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
4 produce documents responsive to MGA's First Set of Requests for the Production of
5 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[41]  Request Nos.
6 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
7 his work at Mattel and MGA and the design and development of Bratz.   Request
8 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
9 or relating to BRYANT."[42]  On September 11, 2007, Discovery Master Infante
10 granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
11 260.[43]  Pursuant to this order, Mattel produced documents responsive to these
12 requests. Mattel has since confirmed that it has produced responsive, non-privileged
13 documents to these requests in its Third Supplemental Responses to MGA's First
14 Set of Requests for Production.[44]   There is nothing additional to compel and MGA's
15 motion is moot.

16    MGA's conclusory arguments also ignore that the Request is facially
17 overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
18 Civil Procedure do not permit MGA to use broad discovery requests untethered to
19 any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
20 for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
21 See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
22 Cir. 2004) ("District courts need not condone the use of discovery to engage in

---

[41]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
[42]  See MGA's First Set of Requests for the Production of Documents and
Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
[43]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's
Motion to Compel, at 7-10, Dart Decl., Exh. 9.
[44]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests
for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1   'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to

2   Harris's knowledge of extremely broad subjects—including ███████████

3   ███████   MGA makes no attempt to link this request with the claims and defenses

4   in this case.  For example, Harris may have knowledge of MGA's retirement plans,

5   health benefits, OSHA compliance, sexual harassment policies, or any number of

6   subjects regarding business practices at MGA which clearly fall outside the narrow

7   scope required by the Discovery Master. Because MGA has not linked its broad

8   request to any of the numerous and far-ranging allegations of unfair competition set

9   forth in its complaint, the Discovery Master should uphold Mattel's overbreadth

10  objection.

11      The term "RELATING TO … alleged knowledge" as used in the request is

12  likewise overbroad.  The universe of documents that could "relate" to Harris's

13  knowledge are potentially without limit.  The request is not confined to documents

14  in Harris's possession or control; rather, all documents containing information that

15  Harris coincidentally knows about the subjects at issue are subsumed within this

16  request.

17      MGA complains that Mattel has limited its responses  regarding individuals in

18  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

19  disclosures."  Mattel has produced all information as to these individuals that is

20  relevant or pertinent to this litigation.  There is nothing to compel.

21      Quite simply, there is nothing to compel.  Mattel has produced responsive,

22  non-privileged documents relating to Harris's knowledge of the facts at issue in this

23  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

24  custody or control, if any, that Mattel has been able to locate after a diligent search.

25  and reasonable inquiry.

26

27

28

1 | **REQUEST FOR PRODUCTION NO. 253:**

2 | All DOCUMENTS REFERRING OR RELATING TO Ricardo Honda
3 | Hatadi's alleged knowledge of "MGA's theft of Mattel's intellectual property and
4 | trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

5 | **RESPONSE TO REQUEST NO. 253:**

6 | In addition to the general objections stated above which are incorporated
7 | herein by reference, Mattel objects to this Request on the grounds that it is
8 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
9 | documents on this subject without limitation as to time, and regardless of whether
10 | such documents relate to products or matters at issue in this case. Mattel further
11 | objects to the Request on the grounds that it seeks documents that are not relevant to
12 | this action or likely to lead to the discovery of admissible evidence. Mattel further
13 | objects to this Request on the grounds that it seeks confidential, proprietary and
14 | trade secret information, including such information that has no bearing on the
15 | claims or defenses in this case. Mattel further objects to this Request on the ground
16 | that it calls for the disclosure of information subject to the attorney-client privilege
17 | the attorney work-product doctrine and other applicable privileges.

18 | Subject to the foregoing objections, Mattel responds as follows: Mattel will
19 | produce responsive, non-privileged documents relating to Ricardo Honda Hatadi's
20 | knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
21 | Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
22 | has been able to locate after a diligent search and reasonable inquiry, to the extent
23 | not previously produced.

24 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 253:**

25 | In addition to the general objections stated above which are incorporated
26 | herein by reference, Mattel objects to this Request on the grounds that it is
27 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
28 | documents on this subject without limitation as to time, and regardless of whether

1  such documents relate to products or matters at issue in this case. Mattel further
2  objects to the Request on the grounds that it seeks documents that are not relevant to
3  this action or likely to lead to the discovery of admissible evidence. Mattel further
4  objects to this Request on the grounds that it seeks confidential, proprietary and
5  trade secret information, including such information that has no bearing on the
6  claims or defenses in this case. Mattel further objects to this Request on the ground
7  that it calls for the disclosure of information subject to the attorney-client privilege
8  the attorney work-product doctrine and other applicable privileges.

9      Subject to the foregoing objections, Mattel responds as follows: Mattel will
10  produce responsive, non-privileged documents relating to Ricardo Honda Hatadi's
11  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
12  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
13  has been able to locate after a diligent search and reasonable inquiry, to the extent
14  not previously produced.

15  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
16  **TO SHOULD BE COMPELLED**

17      Mattel has improperly limited its agreement to produce documents in
18  response to this request, subject to its improper boilerplate objections. Mattel has
19  refused to confirm whether or not it has produced all non-privileged responsive
20  documents or whether it is withholding documents based on its objections in Phase
21  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
22  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
23  Generic objections that fail to explain the basis for an objection with specificity are
24  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
25  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
26  'overly burdensome and harassing' are improper – especially when a party fails to
27  submit any evidentiary declarations supporting such objections").
28

1    Accordingly, Mattel must be compelled either to certify that it has produced
2    all non-privileged responsive documents or to produce all such documents by a date
3    certain.

4    To the extent that Mattel is relying on its blanket objections, they are not
5    sustainable and do not justify Mattel's failure to produce documents.

6    As to overbreadth, Mattel provides no explanation, let alone the required
7    particularity, as to why this request is supposedly overly broad, nor can it do so.
8    This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
9    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
10   contrary, the request is narrowly tailored to seek documents in Mattel's possession,
11   custody, or control concerning Hatadi's alleged knowledge of "MGA's theft of
12   Mattel's intellectual property and trade secrets." This area of information is taken
13   directly from Mattel's allegations regarding Hatadi in its initial disclosures.
14   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
15   p. 8).

16   As to burden, Mattel has not attempted to demonstrate why responding to this
17   request and/or producing responsive documents presents any burden. This objection
18   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
19   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
20   unduly burdensome must allege specific facts which indicate the nature and extent
21   of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
22   unduly burdensome, as noted above, in that the request is narrowly tailored to seek
23   only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
24   secrets. MGA is entitled to discovery on this claim.

25   This request does not seek documents protected by the attorney-client
26   privilege, the attorney work product doctrine, or other applicable privileges. To the
27   extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1    This request seeks relevant information.  Mattel identified Hatadi in its initial
2  disclosures an individual with discoverable knowledge regarding "MGA's theft of
3  Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's
4  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 8).  Accordingly, Mattel's
5  initial disclosures demonstrate the relevance of this request.  Further, this
6  information is relevant to, among other things, Mattel's trade secret defense, MGA's
7  claims of trade dress infringement, and MGA's affirmative defenses of statute of
8  limitations and laches.

9    Mattel's objection that the request seeks confidential, proprietary, and trade
10  secret information should be disregarded.  The parties have entered into a protective
11  order in this matter, which governs the handling of confidential business
12  information.  Further, Mattel has put its confidential business information at issue in
13  this litigation, including but not limited to its trade secret misappropriation claim
14  Accordingly, it cannot resist discovery of confidential business information.

15    Finally, Mattel has improperly limited its agreement to produce to "the facts
16  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
17  the individual is identified as being knowledgeable about certain topics in Mattel's
18  initial disclosures, Mattel's obligation to produce does not end with the facts that it
19  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
20  information from the individual on the topics identified, regardless of whether it
21  supports the facts as alleged by Mattel, MGA, or any other party.  See Order
22  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
23  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
24  MGA might be excluding documents that are responsive to the request based upon
25  its unilateral determination of what is 'relevant' or 'sufficient.'").

26    None of Mattel's improper objections are valid and Mattel is obligated to
27  produce all non-privileged responsive documents in its possession, custody, or
28  control.

-359-

**MATTEL'S RESPONSE:**

The term "RELATING TO ... alleged knowledge" as used in the request is likewise overbroad. The universe of documents that could "relate" to Hatadi's knowledge are potentially without limit. The request is not confined to documents in Hatadi's possession or control; rather, all documents containing information that Hatadi coincidentally knows about the subjects at issue are subsumed within this request.

MGA complains that Mattel has limited its responses regarding individuals in Mattel's Initial Disclosures to information "as alleged in Mattel's initial disclosures." Mattel has produced all information as to these individuals that is relevant or pertinent to this litigation. There is nothing to compel.

Quite simply, there is nothing to compel. Mattel has produced responsive, non-privileged documents relating to Hatadi's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody or control, if any, that Mattel has been able to locate after a diligent search. and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 254:**

All DOCUMENTS in Ricardo Honda Hatadi's possession or control REFERRING OR RELATING TO his alleged knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIA DISCLOSURES.

**RESPONSE TO REQUEST NO. 254:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to

1   this action or likely to lead to the discovery of admissible evidence. Mattel further

2   objects to this Request on the grounds that it seeks confidential, proprietary and

3   trade secret information, including such information that has no bearing on the

4   claims or defenses in this case. Mattel further objects to this Request on the ground

5   that it calls for the disclosure of information subject to the attorney-client privilege

6   the attorney work-product doctrine and other applicable privileges.

7          Subject to the foregoing objections, Mattel responds as follows: Mattel will

8   produce responsive, non-privileged documents relating to Ricardo Honda Hatadi's

9   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

10  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

11  has been able to locate after a diligent search and reasonable inquiry, to the extent

12  not previously produced.

13  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 254:**

14         In addition to the general objections stated above which are incorporated

15  herein by reference, Mattel objects to this Request on the grounds that it is

16  overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case. Mattel further

19  objects to the Request on the grounds that it seeks documents that are not relevant to

20  this action or likely to lead to the discovery of admissible evidence. Mattel further

21  objects to this Request on the grounds that it seeks confidential, proprietary and

22  trade secret information, including such information that has no bearing on the

23  claims or defenses in this case. Mattel further objects to this Request on the ground

24  that it calls for the disclosure of information subject to the attorney-client privilege

25  the attorney work-product doctrine and other applicable privileges.

26         Subject to the foregoing objections, Mattel responds as follows: Mattel will

27  produce responsive, non-privileged documents relating to Ricardo Honda Hatadi's

28  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

1 │ Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

2 │ has been able to locate after a diligent search and reasonable inquiry, to the extent

3 │ not previously produced.

4 │ **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

5 │ **TO SHOULD BE COMPELLED**

6 │      Mattel has improperly limited its agreement to produce documents in

7 │ response to this request, subject to its improper boilerplate objections. Mattel has

8 │ refused to confirm whether or not it has produced all non-privileged responsive

9 │ documents or whether it is withholding documents based on its objections in Phase

10 │ 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

11 │ must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

12 │ Generic objections that fail to explain the basis for an objection with specificity are

13 │ routinely rejected in the Central District. See <u>A. Farber and Partners, Inc. v. Garber</u>,

14 │ 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

15 │ 'overly burdensome and harassing' are improper – especially when a party fails to

16 │ submit any evidentiary declarations supporting such objections"). Accordingly,

17 │ Mattel must be compelled either to certify that it has produced all non-privileged

18 │ responsive documents or to produce all such documents by a date certain.

19 │      To the extent that Mattel is relying on its blanket objections, they are not

20 │ sustainable and do not justify Mattel's failure to produce documents.

21 │      As to overbreadth, Mattel provides no explanation, let alone the required

22 │ particularity, as to why this request is supposedly overly broad, nor can it do so.

23 │ This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

24 │ (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

25 │ contrary, the request is narrowly tailored to seek documents in Mattel's possession,

26 │ custody, or control concerning Hatadi's alleged knowledge of "MGA's theft of

27 │ Mattel's intellectual property and trade secrets." This area of information is taken

28 │ directly from Mattel's allegations regarding Hatadi in its initial disclosures.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
2  p. 8).

3      As to burden, Mattel has not attempted to demonstrate why responding to this
4  request and/or producing responsive documents presents any burden. This objection
5  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
6  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7  unduly burdensome must allege specific facts which indicate the nature and extent
8  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
9  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
10  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
11  secrets. MGA is entitled to discovery on this claim.

12      This request does not seek documents protected by the attorney-client
13  privilege, the attorney work product doctrine, or other applicable privileges. To the
14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      This request seeks relevant information. Mattel identified Hatadi in its initial
16  disclosures an individual with discoverable knowledge regarding "MGA's theft of
17  Mattel's intellectual property and trade secrets." Rutowski Decl. Ex. 56 (Mattel's
18  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 8). Accordingly, Mattel's
19  initial disclosures demonstrate the relevance of this request. Further, this
20  information is relevant to, among other things, Mattel's trade secret defense, MGA's
21  claims of trade dress infringement, and MGA's affirmative defenses of statute of
22  limitations and laches.

23      Mattel's objection that the request seeks confidential, proprietary, and trade
24  secret information should be disregarded. The parties have entered into a protective
25  order in this matter, which governs the handling of confidential business
26  information. Further, Mattel has put its confidential business information at issue in
27  this litigation, including but not limited to its trade secret misappropriation claim
28  Accordingly, it cannot resist discovery of confidential business information.

1    Finally, Mattel has improperly limited its agreement to produce to "the facts
2  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
3  the individual is identified as being knowledgeable about certain topics in Mattel's
4  initial disclosures, Mattel's obligation to produce does not end with the facts that it
5  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
6  information from the individual on the topics identified, regardless of whether it
7  supports the facts as alleged by Mattel, MGA, or any other party.  <u>See</u> Order
8  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10  MGA might be excluding documents that are responsive to the request based upon
11  its unilateral determination of what is 'relevant' or 'sufficient.'").
12    None of Mattel's improper objections are valid and Mattel is obligated to
13  produce all non-privileged responsive documents in its possession, custody, or
14  control.
15  **MATTEL'S RESPONSE:**
16    MGA complains that Mattel has limited its responses  regarding individuals in
17  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
18  disclosures."  Mattel has produced all information as to these individuals that is
19  relevant or pertinent to this litigation.  There is nothing to compel.
20    Quite simply, there is nothing to compel.  Mattel has produced responsive,
21  non-privileged documents relating to Hatadi's knowledge of the facts at issue in this
22  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
23  custody or control, if any, that Mattel has been able to locate after a diligent search.
24  and reasonable inquiry.
25  **REQUEST FOR PRODUCTION NO. 255:**
26    All DOCUMENTS in Mattel de Mexico, S.A. de C.V.'s possession or control
27  REFERRING OR RELATING TO Ricardo Honda Hatadi's alleged knowledge of
28

1   "MGA's theft of Mattel's intellectual property and trade secrets," as alleged in
2   MATTEL'S INITIAL DISCLOSURES.
3   **RESPONSE TO REQUEST NO. 255:**
4        In addition to the general objections stated above which are incorporated
5   herein by reference, Mattel objects to this Request on the grounds that it is
6   overbroad, unduly burdensome and unintelligible, including in that it seeks all
7   documents on this subject without limitation as to time, and regardless of whether
8   such documents relate to products or matters at issue in this case. Mattel further
9   objects to the Request on the grounds that it seeks documents that are not relevant to
10  this action or likely to lead to the discovery of admissible evidence. Mattel further
11  objects to this Request on the grounds that it seeks confidential, proprietary and
12  trade secret information, including such information that has no bearing on the
13  claims or defenses in this case. Mattel further objects to this Request on the ground
14  that it seeks documents that are not in the possession of Mattel, and any production
15  by Mattel pursuant to this Request is solely to facilitate discovery and does not
16  constitute a concession that Mattel de Mexico, S.A. de C.V. is under the control of
17  Mattel. Mattel further objects to this Request on the grounds that it calls for the
18  disclosure of information subject to the attorney-client privilege, the attorney work
19  product doctrine and other applicable privileges.
20       Subject to the foregoing objections, Mattel responds as follows: Mattel will
21  produce responsive, non-privileged documents relating to Ricardo Honda Hatadi's
22  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
23  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
24  has been able to locate after a diligent search and reasonable inquiry, to the extent
25  not previously produced.
26  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 255:**
27       In addition to the general objections stated above which are incorporated
28  herein by reference, Mattel objects to this Request on the grounds that it is

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the ground that it seeks documents that are not in the possession of Mattel, and any production by Mattel pursuant to this Request is solely to facilitate discovery and does not constitute a concession that Mattel de Mexico, S.A. de C.V. is under the control of Mattel. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Ricardo Honda Hatadi's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

1  Generic objections that fail to explain the basis for an objection with specificity are
2  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
3  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
4  'overly burdensome and harassing' are improper – especially when a party fails to
5  submit any evidentiary declarations supporting such objections").  Accordingly,
6  Mattel must be compelled either to certify that it has produced all non-privileged
7  responsive documents or to produce all such documents by a date certain.

8       To the extent that Mattel is relying on its blanket objections, they are not
9  sustainable and do not justify Mattel's failure to produce documents.

10      As to overbreadth, Mattel provides no explanation, let alone the required
11  particularity, as to why this request is supposedly overly broad, nor can it do so.
12  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
13  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
14  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
15  custody, or control concerning Hatadi's alleged knowledge of "MGA's theft of
16  Mattel's intellectual property and trade secrets."  This area of information is taken
17  directly from Mattel's allegations regarding Hatadi in its initial disclosures.
18  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
19  p. 8).

20      As to burden, Mattel has not attempted to demonstrate why responding to this
21  request and/or producing responsive documents presents any burden.  This objection
22  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
23  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
24  unduly burdensome must allege specific facts which indicate the nature and extent
25  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
26  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
27  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
28  secrets.  MGA is entitled to discovery on this claim.

1    This request does not seek documents protected by the attorney-client
2  privilege, the attorney work product doctrine, or other applicable privileges.  To the
3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4    This request seeks relevant information.  Mattel identified Hatadi in its initial
5  disclosures an individual with discoverable knowledge regarding "MGA's theft of
6  Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's
7  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 8).  Accordingly, Mattel's
8  initial disclosures demonstrate the relevance of this request.  Further, this
9  information is relevant to, among other things, Mattel's trade secret defense, MGA's
10  claims of trade dress infringement, and MGA's affirmative defenses of statute of
11  limitations and laches.

12    Mattel's objection that the request seeks confidential, proprietary, and trade
13  secret information should be disregarded.  The parties have entered into a protective
14  order in this matter, which governs the handling of confidential business
15  information.  Further, Mattel has put its confidential business information at issue in
16  this litigation, including but not limited to its trade secret misappropriation claim
17  Accordingly, it cannot resist discovery of confidential business information.

18    Finally, Mattel has improperly limited its agreement to produce to "the facts
19  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
20  the individual is identified as being knowledgeable about certain topics in Mattel's
21  initial disclosures, Mattel's obligation to produce does not end with the facts that it
22  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
23  information from the individual on the topics identified, regardless of whether it
24  supports the facts as alleged by Mattel, MGA, or any other party.  See Order
25  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
26  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
27  MGA might be excluding documents that are responsive to the request based upon
28  its unilateral determination of what is 'relevant' or 'sufficient.'").

1    None of Mattel's improper objections are valid and Mattel is obligated to

2  produce all non-privileged responsive documents in its possession, custody, or

3  control.

4  **MATTEL'S RESPONSE:**

5    MGA complains that Mattel has limited its responses regarding individuals in

6  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

7  disclosures." Mattel has produced all information as to these individuals that is

8  relevant or pertinent to this litigation. There is nothing to compel.

9    Quite simply, there is nothing to compel. Mattel has produced responsive,

10  non-privileged documents relating to Hatadi's knowledge of the facts at issue in this

11  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

12  custody or control, if any, that Mattel has been able to locate after a diligent search.

13  and reasonable inquiry.

14  **REQUEST FOR PRODUCTION NO. 256:**

15    All DOCUMENTS REFERRING OR RELATING TO Jill Hatch's alleged

16  knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and

17  "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

18  **RESPONSE TO REQUEST NO. 256:**

19    In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case. Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant to

25  this action or likely to lead to the discovery of admissible evidence. Mattel further

26  objects to this Request on the grounds that it calls for documents or information in

27  the possession, custody or control of MGA, including without limitation documents

28  and information that MGA has been compelled by Court orders to produce but has

1 | not produced. Mattel further objects to this Request on the grounds that it seeks
2 | confidential, proprietary and trade secret information, including such information
3 | that has no bearing on the claims or defenses in this case. Mattel further objects to
4 | this Request on the grounds that it calls for the disclosure of information subject to
5 | the attorney-client privilege, the attorney work product doctrine and other applicable
6 | privileges.

7 |     Subject to the foregoing objections, Mattel responds as follows: Mattel will
8 | produce responsive, non-privileged documents relating to Jill Hatch's knowledge o
9 | the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in
10 | Mattel's possession, custody, or control, if any, that Mattel has been able to locate
11 | after a diligent search and reasonable inquiry, to the extent not previously produced.
12 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 256:**

13 |     In addition to the general objections stated above which are incorporated
14 | herein by reference, Mattel objects to this Request on the grounds that it is
15 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
16 | documents on this subject without limitation as to time, and regardless of whether
17 | such documents relate to products or matters at issue in this case. Mattel further
18 | objects to the Request on the grounds that it seeks documents that are not relevant to
19 | this action or likely to lead to the discovery of admissible evidence. Mattel further
20 | objects to this Request on the grounds that it calls for documents or information in
21 | the possession, custody or control of MGA, including without limitation documents
22 | and information that MGA has been compelled by Court orders to produce but has
23 | not produced. Mattel further objects to this Request on the grounds that it seeks
24 | confidential, proprietary and trade secret information, including such information
25 | that has no bearing on the claims or defenses in this case. Mattel further objects to
26 | this Request on the grounds that it calls for the disclosure of information subject to
27 | the attorney-client privilege, the attorney work product doctrine and other applicable
28 | privileges.

1    Subject to the foregoing objections, Mattel responds as follows: Mattel will
2   produce responsive, non-privileged documents relating to Jill Hatch's knowledge of
3   the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in
4   Mattel's possession, custody, or control, if any, that Mattel has been able to locate
5   after a diligent search and reasonable inquiry, to the extent not previously produced.

6   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
7   **TO SHOULD BE COMPELLED**

8    Mattel has improperly limited its agreement to produce documents in
9   response to this request, subject to its improper boilerplate objections.  Mattel has
10   refused to confirm whether or not it has produced all non-privileged responsive
11   documents or whether it is withholding documents based on its objections in Phase
12   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
13   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
14   Generic objections that fail to explain the basis for an objection with specificity are
15   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
16   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
17   'overly burdensome and harassing' are improper – especially when a party fails to
18   submit any evidentiary declarations supporting such objections").  Accordingly,
19   Mattel must be compelled either to certify that it has produced all non-privileged
20   responsive documents or to produce all such documents by a date certain.

21    To the extent that Mattel is relying on its blanket objections, they are not
22   sustainable and do not justify Mattel's failure to produce documents.

23    As to overbreadth, Mattel provides no explanation, let alone the required
24   particularity, as to why this request is supposedly overly broad, nor can it do so.
25   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
26   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
27   contrary, the request is narrowly tailored to seek documents in Mattel's possession,
28   custody, or control concerning Hatch's alleged knowledge of "MGA's access to

1 | Mattel's intellectual property and trade secrets" and "MGA's business practices."
2 | This area of information is taken directly from Mattel's allegations regarding Hatch
3 | in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
4 | Disclosures, dated Jan. 5, 2007, p. 8).

5 | As to burden, Mattel has not attempted to demonstrate why responding to this
6 | request and/or producing responsive documents presents any burden. This objection
7 | must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
8 | F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
9 | unduly burdensome must allege specific facts which indicate the nature and extent
10 | of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
11 | unduly burdensome, as noted above, in that the request is narrowly tailored to seek
12 | only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
13 | secrets. MGA is entitled to discovery on this claim.

14 | This request does not seek documents protected by the attorney-client
15 | privilege, the attorney work product doctrine, or other applicable privileges. To the
16 | extent that Mattel contends that it does, Mattel must provide a privilege log.

17 | This request seeks relevant information. Mattel identified Hatch in its initial
18 | disclosures an individual with discoverable knowledge regarding "MGA's access to
19 | Mattel's intellectual property and trade secrets" and "MGA business practices."
20 | Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
21 | p. 8). Accordingly, Mattel's initial disclosures demonstrate the relevance of this
22 | request. Further, this information is relevant to, among other things, Mattel's trade
23 | secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
24 | defenses of statute of limitations and laches.

25 | Mattel's objection that the request seeks information within MGA's
26 | possession, custody or control is nonsensical and lacks factual support. Mattel
27 | makes no argument, let alone a factual showing, that any documents in MGA's
28 | possession are duplicative of documents within Mattel's control. MGA is entitled to

1 | discovery from Mattel of documents within its possession, custody, or control that
2 | relate to the subject of this suit. Mattel cannot avoid this obligation by making a
3 | conclusory statement that MGA also possesses responsive documents.

4 |      Mattel's objection that the request seeks confidential, proprietary, and trade
5 | secret information should be disregarded. The parties have entered into a protective
6 | order in this matter, which governs the handling of confidential business
7 | information. Further, Mattel has put its confidential business information at issue in
8 | this litigation, including but not limited to its trade secret misappropriation claim
9 | Accordingly, it cannot resist discovery of confidential business information.

10 |      Finally, Mattel has improperly limited its agreement to produce to "the facts
11 | at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
12 | the individual is identified as being knowledgeable about certain topics in Mattel's
13 | initial disclosures, Mattel's obligation to produce does not end with the facts that it
14 | has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
15 | information from the individual on the topics identified, regardless of whether it
16 | supports the facts as alleged by Mattel, MGA, or any other party. See Order
17 | Granting Mattel's Motion to Compel Production of Documents and Interrogatory
18 | Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
19 | MGA might be excluding documents that are responsive to the request based upon
20 | its unilateral determination of what is 'relevant' or 'sufficient.'").

21 |      None of Mattel's improper objections are valid and Mattel is obligated to
22 | produce all non-privileged responsive documents in its possession, custody, or
23 | control.

24 | **MATTEL'S RESPONSE:**

25 |      MGA ignores that (i) Mattel has produced its non-privileged, responsive
26 | documents, as it agreed to do, and that (ii) most information sought by this request is
27 | within MGA's possession, custody or control, and is equally if not more readily
28 | available to MG  Hatch is an employee of MGA. MGA gives no reason why it

1  requests information from Mattel regarding its *own company* and its *own employee*,
2  other than to say that "this area of information is taken directly from Mattel's
3  allegations regarding Hatch in its initial disclosures."  Indeed, it appears that MGA
4  merely cut and paste its request from Mattel's initial disclosures without
5  consideration as to what information Mattel may have that is already within MGA's
6  possession, custody or control.

7      MGA's conclusory arguments also ignore that the Request is facially
8  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
9  Civil Procedure do not permit MGA to use broad discovery requests untethered to
10  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
11  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
12  See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
13  Cir. 2004) ("District courts need not condone the use of discovery to engage in
14  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
15  Hatch's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮▮▮
16  ▮▮▮▮▮▮  MGA makes no attempt to link this request with the claims and defenses
17  in this case.  For example, Hatch may have knowledge of MGA's retirement plans,
18  health benefits, OSHA compliance, sexual harassment policies, or any number of
19  subjects regarding business practices at MGA which clearly fall outside the narrow
20  scope required by the Discovery Master. Because MGA has not linked its broad
21  request to any of the numerous and far-ranging allegations of unfair competition set
22  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
23  objection.

24      The term "RELATING TO … alleged knowledge" as used in the request is
25  likewise overbroad.  The universe of documents that could "relate" to Hatch's
26  knowledge are potentially without limit.  The request is not confined to documents
27  in Hatch's possession or control; rather, all documents containing information that
28

-374-

1  Hatch coincidentally knows about the subjects at issue are subsumed within this
2  request.

3      MGA complains that Mattel has limited its responses regarding individuals in
4  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
5  disclosures." Mattel has produced all information as to these individuals that is
6  relevant or pertinent to this litigation. There is nothing to compel.

7      Quite simply, there is nothing to compel. Mattel has produced responsive,
8  non-privileged documents relating to Hatch's knowledge of the facts at issue in this
9  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
10  custody or control.

11  **REQUEST FOR PRODUCTION NO. 257:**

12      All DOCUMENTS REFERRING OR RELATING TO Margaret
13  Hatch¬Leahy's alleged knowledge of "[d]esign and development of Bratz and
14  Bryant's work with or for MGA during his Mattel employment," "Bryant's breach of
15  obligations to Mattel," and "MGA business practices," as alleged in MATTEL'S
16  INITIAL DISCLOSURES.

17  **RESPONSE TO REQUEST NO. 257:**

18      In addition to the general objections stated above which are incorporated
19  herein by reference, Mattel objects to this Request on the grounds that it is
20  overbroad, unduly burdensome and unintelligible, including in that it seeks all
21  documents on this subject without limitation as to time, and regardless of whether
22  such documents relate to products or matters at issue in this case. Mattel further
23  objects to the Request on the grounds that it seeks documents that are not relevant to
24  this action or likely to lead to the discovery of admissible evidence. Mattel further
25  objects to this Request on the grounds that it calls for documents or information in
26  the possession, custody or control of MGA and/or Bryant, including without
27  limitation documents and information that MGA and Bryant have been compelled
28  by Court orders to produce but have not produced. Mattel further object to this

1  Request on the grounds that it seeks confidential, proprietary and trade secret

2  information, including such information that has no bearing on the claims or

3  defenses in this case. Mattel further objects to this Request on the grounds that it

4  calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.

6      Subject to the foregoing objections, Mattel responds as follows: Mattel will

7  produce responsive, non-privileged documents relating to Margaret Hatch¬Leahy's

8  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

9  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

10  has been able to locate after a diligent search and reasonable inquiry, to the extent

11  not previously produced.

12  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 257:**

13      In addition to the general objections stated above which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case. Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant to

19  this action or likely to lead to the discovery of admissible evidence. Mattel further

20  objects to this Request on the grounds that it calls for documents or information in

21  the possession, custody or control of MGA and/or Bryant, including without

22  limitation documents and information that MGA and Bryant have been compelled

23  by Court orders to produce but have not produced. Mattel further object to this

24  Request on the grounds that it seeks confidential, proprietary and trade secret

25  information, including such information that has no bearing on the claims or

26  defenses in this case. Mattel further objects to this Request on the grounds that it

27  calls for the disclosure of information subject to the attorney-client privilege, the

28  attorney work-product doctrine and other applicable privileges.