1  Subject to the foregoing objections, Mattel responds as follows: Matte will
2  produce responsive, non-privileged documents relating to Margaret Hatch-Leahy's
3  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
4  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
5  has been able to locate after a diligent search and reasonable inquiry, to the extent
6  not previously produced.

7  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
8  **TO SHOULD BE COMPELLED**

9  Mattel has improperly limited its agreement to produce documents in
10  response to this request, subject to its improper boilerplate objections.  Mattel has
11  refused to confirm whether or not it has produced all non-privileged responsive
12  documents or whether it is withholding documents based on its objections in Phase
13  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
14  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
15  Generic objections that fail to explain the basis for an objection with specificity are
16  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
17  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
18  'overly burdensome and harassing' are improper – especially when a party fails to
19  submit any evidentiary declarations supporting such objections").  Accordingly,
20  Mattel must be compelled either to certify that it has produced all non-privileged
21  responsive documents or to produce all such documents by a date certain.

22  To the extent that Mattel is relying on its blanket objections, they are not
23  sustainable and do not justify Mattel's failure to produce documents.

24  As to overbreadth, Mattel provides no explanation, let alone the required
25  particularity, as to why this request is supposedly overly broad, nor can it do so.
26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
28  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

1    custody, or control concerning Hatch-Leahy's alleged knowledge of "[d]esign and

2    development of Bratz and Bryant' s work with or for MGA during his Mattel

3    employment," "Bryant's breach of obligations to Mattel," and "MGA business

4    practices." This area of information is taken directly from Mattel's allegations

5    regarding Hatch-Leahy in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's

6    Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 8).

7       As to burden, Mattel has not attempted to demonstrate why responding to this

8    request and/or producing responsive documents presents any burden. This objection

9    must therefore be rejected. See Jackson v. Montgomery Ward & Co.,

10       Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a

11    discovery request is unduly burdensome must allege specific facts which indicate

12    the nature and extent of the burden, usually by affidavit or other reliable evidence.").

13    Moreover, it is not unduly burdensome, as noted above, in that the request is

14    narrowly tailored to seek only discoverable evidence. Mattel has alleged that MGA

15    misappropriated its trade secrets. MGA is entitled to discovery on this claim.

16       This request does not seek documents protected by the attorney-client

17    privilege, the attorney work product doctrine, or other applicable privileges. To the

18    extent that Mattel contends that it does, Mattel must provide a privilege log.

19       This request seeks relevant information. Mattel identified Hatch-Leahy in it

20    initial disclosures an individual with discoverable knowledge regarding "[d]esign

21    and development of Bratz and Bryant's work with or for MGA during his Mattel

22    employment," "Bryant's breach of obligations to Mattel," and "MGA business

23    practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

24    Jan. 5, 2007, p. 8). Accordingly, Mattel's initial disclosures demonstrate the

25    relevance of this request. Further, this information is relevant to, among other

26    things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and

27    MGA's affirmative defenses of statute of limitations and laches.

28

1    Mattel's objection that the request seeks information within MGA's
2  possession, custody or control is nonsensical and lacks factual support. Mattel
3  makes no argument, let alone a factual showing, that any documents in MGA's
4  possession are duplicative of documents within Mattel's control. MGA is entitled to
5  discovery from Mattel of documents within its possession, custody, or control that
6  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
7  conclusory statement that MGA also possesses responsive documents.

8    Mattel's objection that the request seeks confidential, proprietary, and trade
9  secret information should be disregarded. The parties have entered into a protective
10  order in this matter, which governs the handling of confidential business
11  information. Further, Mattel has put its confidential business information at issue in
12  this litigation, including but not limited to its trade secret misappropriation claim
13  Accordingly, it cannot resist discovery of confidential business information.

14    Finally, Mattel has improperly limited its agreement to produce to "the facts
15  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
16  the individual is identified as being knowledgeable about certain topics in Mattel's
17  initial disclosures, Mattel's obligation to produce does not end with the facts that it
18  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
19  information from the individual on the topics identified, regardless of whether it
20  supports the facts as alleged by Mattel, MGA, or any other party. See Order
21  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
22  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
23  MGA might be excluding documents that are responsive to the request based upon
24  its unilateral determination of what is 'relevant' or 'sufficient.'").

25    None of Mattel's improper objections are valid and Mattel is obligated to
26  produce all non-privileged responsive documents in its possession, custody, or
27  control.

28

1 **MATTEL'S RESPONSE:**

2      MGA's request is duplicative of previous requests for which Mattel has
3 produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
4 produce documents responsive to MGA's First Set of Requests for the Production of
5 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[45] Request Nos.
6 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
7 his work at Mattel and MGA and the design and development of Bratz. Request
8 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
9 or relating to BRYANT."[46] On September 11, 2007, Discovery Master Infante
10 granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
11 260.[47] Pursuant to this order, Mattel produced documents responsive to these
12 requests. Mattel has since confirmed that it has produced responsive, non-privileged
13 documents to these requests in its Third Supplemental Responses to MGA's First
14 Set of Requests for Production.[48] There is nothing additional to compel and MGA's
15 motion is moot.

16      MGA's conclusory arguments also ignore that the Request is facially
17 overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
18 Civil Procedure do not permit MGA to use broad discovery requests untethered to
19 any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion
20 for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
21 See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
22 Cir. 2004) ("District courts need not condone the use of discovery to engage in

23     [45] See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
24 Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
    [46] See MGA's First Set of Requests for the Production of Documents and
25 Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
26     [47] See September 12, 2007 Order Granting in Part and Denying in Part MGA's
Motion to Compel, at 7-10, Dart Decl., Exh. 9.
27     [48] See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28 for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1 | 'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to

2 | Hatch-Leahy's knowledge of extremely broad subjects—including ███████████

3 | ██████ MGA makes no attempt to link this request with the claims and defenses

4 | in this case. For example, Hatch-Leahy may have knowledge of MGA's retirement

5 | plans, health benefits, OSHA compliance, sexual harassment policies, or any

6 | number of subjects regarding business practices at MGA which clearly fall outside

7 | the narrow scope required by the Discovery Master. Because MGA has not linked

8 | its broad request to any of the numerous and far-ranging allegations of unfair

9 | competition set forth in its complaint, the Discovery Master should uphold Mattel's

10 | overbreadth objection.

11 | The term "RELATING TO … alleged knowledge" as used in the request is

12 | likewise overbroad. The universe of documents that could "relate" to Hatch-Leahy's

13 | knowledge are potentially without limit. The request is not confined to documents

14 | in Hatch-Leahy's possession or control; rather, all documents containing information

15 | that Hatch-Leahy coincidentally knows about the subjects at issue are subsumed

16 | within this request.

17 | MGA complains that Mattel has limited its responses regarding individuals in

18 | Mattel's Initial Disclosures to information "as alleged in Mattel's initial

19 | disclosures." Mattel has produced all information as to these individuals that is

20 | relevant or pertinent to this litigation. There is nothing to compel.

21 | Quite simply, there is nothing to compel. Mattel has produced responsive,

22 | non-privileged documents relating to Hatch-Leahy's knowledge of the facts at issue

23 | in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

24 | possession, custody or control.

25 | **REQUEST FOR PRODUCTION NO. 258:**

26 | All DOCUMENTS REFERRING OR RELATING TO Kiyomi Haverly's

27 | alleged knowledge of "[t]he development and ownership of intellectual property at

28 | issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

1 **RESPONSE TO REQUEST NO. 258:**

2      In addition to the general objections stated above which are incorporated

3 herein by reference, Mattel objects to this Request on the grounds that it is

4 overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 documents on this subject without limitation as to time, and regardless of whether

6 such documents relate to products or matters at issue in this case. Mattel further

7 objects to the Request on the grounds that it seeks documents that are not relevant to

8 this action or likely to lead to the discovery of admissible evidence. Mattel further

9 objects to this Request on the grounds that it seeks confidential, proprietary and

10 trade secret information, including such information that has no bearing on the

11 claims or defenses in this case. Mattel further objects to this Request on the ground

12 that it calls for the disclosure of information subject to the attorney-client privilege

13 the attorney work-product doctrine and other applicable privileges.

14      Subject to the foregoing objections, Mattel responds as follows: Mattel will

15 produce responsive, non-privileged documents relating to Kiyomi Haverly's

16 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

17 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

18 has been able to locate after a diligent search and reasonable inquiry, to the extent

19 not previously produced.

20 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 258:**

21      In addition to the general objections stated above which are incorporated

22 herein by reference, Mattel objects to this Request on the grounds that it is

23 overbroad, unduly burdensome and unintelligible, including in that it seeks all

24 documents on this subject without limitation as to time, and regardless of whether

25 such documents relate to products or matters at issue in this case. Mattel further

26 objects to the Request on the grounds that it seeks documents that are not relevant to

27 this action or likely to lead to the discovery of admissible evidence. Mattel further

28 objects to this Request on the grounds that it seeks confidential, proprietary and

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  trade secret information, including such information that has no bearing on the
2  claims or defenses in this case.  Mattel further objects to this Request on the ground
3  that it calls for the disclosure of information subject to the attorney-client privilege
4  the attorney work-product doctrine and other applicable privileges.

5       Subject to the foregoing objections, Mattel responds as follows: Mattel will
6  produce responsive, non-privileged documents relating to Kiyomi Haverly's
7  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
8  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
9  has been able to locate after a diligent search and reasonable inquiry, to the extent
10  not previously produced.

11  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
12  **TO SHOULD BE COMPELLED**

13       Mattel has improperly limited its agreement to produce documents in
14  response to this request, subject to its improper boilerplate objections.  Mattel has
15  refused to confirm whether or not it has produced all non-privileged responsive
16  documents or whether it is withholding documents based on its objections in Phase
17  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
18  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
19  Generic objections that fail to explain the basis for an objection with specificity are
20  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
21  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
22  'overly burdensome and harassing' are improper – especially when a party fails to
23  submit any evidentiary declarations supporting such objections").  Accordingly,
24  Mattel must be compelled either to certify that it has produced all non-privileged
25  responsive documents or to produce all such documents by a date certain.

26       To the extent that Mattel is relying on its blanket objections, they are not
27  sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the required
2  particularity, as to why this request is supposedly overly broad, nor can it do so.
3  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
4  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
5  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
6  custody, or control concerning Haverly's alleged knowledge of "[t]he development
7  and ownership of intellectual property at issue." This area of information is taken
8  directly from Mattel's allegations regarding Haverly in its initial disclosures.
9  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
10  pp. 8-9).

11    As to burden, Mattel has not attempted to demonstrate why responding to this
12  request and/or producing responsive documents presents any burden. This objection
13  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
14  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
15  unduly burdensome must allege specific facts which indicate the nature and extent
16  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
17  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
18  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
19  secrets. MGA is entitled to discovery on this claim.

20    This request does not seek documents protected by the attorney-client
21  privilege, the attorney work product doctrine, or other applicable privileges. To the
22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23    This request seeks relevant information. Mattel identified Haverly in its
24  initial disclosures an individual with discoverable knowledge regarding "[t]he
25  development and ownership of intellectual property at issue." Rutowski Decl.
26  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, pp. 8-9).
27  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
28

1 Further, this information is relevant to, among other things, Mattel's trade secret
2 defense and MGA's claims of trade dress infringement.

3 Mattel's objection that the request seeks confidential, proprietary, and trade
4 secret information should be disregarded. The parties have entered into a protective
5 order in this matter, which governs the handling of confidential business
6 information. Further, Mattel has put its confidential business information at issue in
7 this litigation, including but not limited to its trade secret misappropriation claim
8 Accordingly, it cannot resist discovery of confidential business information.

9 Finally, Mattel has improperly limited its agreement to produce to "the facts
10 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
11 the individual is identified as being knowledgeable about certain topics in Mattel's
12 initial disclosures, Mattel's obligation to produce does not end with the facts that it
13 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
14 information from the individual on the topics identified, regardless of whether it
15 supports the facts as alleged by Mattel, MGA, or any other party. See Order
16 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
17 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
18 MGA might be excluding documents that are responsive to the request based upon
19 its unilateral determination of what is 'relevant' or 'sufficient.'").

20 None of Mattel's improper objections are valid and Mattel is obligated to
21 produce all non-privileged responsive documents in its possession, custody, or
22 control.

23 **MATTEL'S RESPONSE:**

24 The term "RELATING TO ... alleged knowledge" as used in the request is
25 overbroad. The universe of documents that could "relate" to Haverly's knowledge
26 are potentially without limit. The request is not confined to documents in Haverly's
27 possession or control; rather, all documents containing information that Haverly
28 coincidentally knows about the subjects at issue are subsumed within this request.

1  MGA complains that Mattel has limited its responses regarding individuals in
2  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
3  disclosures." Mattel has produced all information as to these individuals that is
4  relevant or pertinent to this litigation. There is nothing to compel.

5  Quite simply, there is nothing to compel. Mattel has produced responsive,
6  non-privileged documents relating to Haverly's knowledge of the facts at issue in
7  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
8  possession, custody or control.

9  **REQUEST FOR PRODUCTION NO. 259:**

10  All DOCUMENTS in Kiyomi Haverly's possession or control REFERRING
11  OR RELATING TO her alleged knowledge of "[t]he development and ownership of
12  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

13  **RESPONSE TO REQUEST NO. 259:**

14  In addition to the general objections stated above which are incorporated
15  herein by reference, Mattel objects to this Request on the grounds that it is
16  overbroad, unduly burdensome and unintelligible, including in that it seeks all
17  documents on this subject without limitation as to time, and regardless of whether
18  such documents relate to products or matters at issue in this case. Mattel further
19  objects to the Request on the grounds that it seeks documents that are not relevant to
20  this action or likely to lead to the discovery of admissible evidence. Mattel further
21  objects to this Request on the grounds that it seeks confidential, proprietary and
22  trade secret information, including such information that has no bearing on the
23  claims or defenses in this case. Mattel further objects to this Request on the ground
24  that it calls for the disclosure of information subject to the attorney-client privilege
25  the attorney work-product doctrine and other applicable privileges.

26  Subject to the foregoing objections, Mattel responds as follows: Mattel will
27  produce responsive, non-privileged documents relating to Kiyomi Haverly's
28  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

1 | Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
2 | has been able to locate after a diligent search and reasonable inquiry, to the extent
3 | not previously produced.

4 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 259:**

5 | In addition to the general objections stated above which are incorporated
6 | herein by reference, Mattel objects to this Request on the grounds that it is
7 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
8 | documents on this subject without limitation as to time, and regardless of whether
9 | such documents relate to products or matters at issue in this case. Mattel further
10 | objects to the Request on the grounds that it seeks documents that are not relevant to
11 | this action or likely to lead to the discovery of admissible evidence. Mattel further
12 | objects to this Request on the grounds that it seeks confidential, proprietary and
13 | trade secret information, including such information that has no bearing on the
14 | claims or defenses in this case. Mattel further objects to this Request on the ground
15 | that it calls for the disclosure of information subject to the attorney-client privilege
16 | the attorney work-product doctrine and other applicable privileges.

17 | Subject to the foregoing objections, Mattel responds as follows: Mattel will
18 | produce responsive, non-privileged documents relating to Kiyomi Haverly's
19 | knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
20 | Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
21 | has been able to locate after a diligent search and reasonable inquiry, to the extent
22 | not previously produced.

23 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
24 | **TO SHOULD BE COMPELLED**

25 | Mattel has improperly limited its agreement to produce documents in
26 | response to this request, subject to its improper boilerplate objections. Mattel has
27 | refused to confirm whether or not it has produced all non-privileged responsive
28 | documents or whether it is withholding documents based on its objections in Phase

-387

1  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
2  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
3  Generic objections that fail to explain the basis for an objection with specificity are
4  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
5  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
6  'overly burdensome and harassing' are improper – especially when a party fails to
7  submit any evidentiary declarations supporting such objections"). Accordingly,
8  Mattel must be compelled either to certify that it has produced all non-privileged
9  responsive documents or to produce all such documents by a date certain.

10  To the extent that Mattel is relying on its blanket objections, they are not
11  sustainable and do not justify Mattel's failure to produce documents.

12  As to overbreadth, Mattel provides no explanation, let alone the required
13  particularity, as to why this request is supposedly overly broad, nor can it do so.
14  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
15  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
16  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
17  custody, or control concerning Haverly's alleged knowledge of "[t]he development
18  and ownership of intellectual property at issue." This area of information is taken
19  directly from Mattel's allegations regarding Haverly in its initial disclosures.
20  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
21  pp. 8-9).

22  As to burden, Mattel has not attempted to demonstrate why responding to this
23  request and/or producing responsive documents presents any burden. This objection
24  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
25  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
26  unduly burdensome must allege specific facts which indicate the nature and extent
27  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
28  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

1  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
2  secrets. MGA is entitled to discovery on this claim.

3      This request does not seek documents protected by the attorney-client
4  privilege, the attorney work product doctrine, or other applicable privileges. To the
5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6      This request seeks relevant information. Mattel identified Haverly in its
7  initial disclosures an individual with discoverable knowledge regarding "[t]he
8  development and ownership of intellectual property at issue." Rutowski Decl.
9  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, pp. 8-9).
10 Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
11 Further, this information is relevant to, among other things, Mattel's trade secret
12 defense and MGA's claims of trade dress infringement.

13     Mattel's objection that the request seeks confidential, proprietary, and trade
14 secret information should be disregarded. The parties have entered into a protective
15 order in this matter, which governs the handling of confidential business
16 information. Further, Mattel has put its confidential business information at issue in
17 this litigation, including but not limited to its trade secret misappropriation claim
18 Accordingly, it cannot resist discovery of confidential business information.

19     Finally, Mattel has improperly limited its agreement to produce to "the facts
20 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
21 the individual is identified as being knowledgeable about certain topics in Mattel's
22 initial disclosures, Mattel's obligation to produce does not end with the facts that it
23 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
24 information from the individual on the topics identified, regardless of whether it
25 supports the facts as alleged by Mattel, MGA, or any other party. See Order
26 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
27 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
28

1 MGA might be excluding documents that are responsive to the request based upon
2 its unilateral determination of what is 'relevant' or 'sufficient.'").

3    None of Mattel's improper objections are valid and Mattel is obligated to
4 produce all non-privileged responsive documents in its possession, custody, or
5 control.

6 **MATTEL'S RESPONSE:**

7    MGA complains that Mattel has limited its responses regarding individuals in
8 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
9 disclosures." Mattel has produced all information as to these individuals that is
10 relevant or pertinent to this litigation. There is nothing to compel.

11    Quite simply, there is nothing to compel. Mattel has produced responsive,
12 non-privileged documents relating to Haverly's knowledge of the facts at issue in
13 this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
14 possession, custody or control, if any, that Mattel has been able to locate after a
15 diligent search. and reasonable inquiry.

16 **REQUEST FOR PRODUCTION NO. 260:**

17    All DOCUMENTS REFERRING OR RELATING TO Maria del Carmen
18 Mendez Hernandez's alleged knowledge of "MGA's access to Mattel's intellectual
19 property and trade secrets" and "MGA business practices," as alleged in MATTEL'S
20 INITIAL DISCLOSURES.

21 **RESPONSE TO REQUEST NO. 260:**

22    In addition to the general objections stated above which are incorporated
23 herein by reference, Mattel objects to this Request on the grounds that it is
24 overbroad, unduly burdensome and unintelligible, including in that it seeks all
25 documents on this subject without limitation as to time, and regardless of whether
26 such documents relate to products or matters at issue in this case. Mattel further
27 objects to the Request on the grounds that it seeks documents that are not relevant to
28 this action or likely to lead to the discovery of admissible evidence. Mattel further

1 objects to this Request on the grounds that it seeks confidential, proprietary and
2 trade secret information, including such information that has no bearing on the
3 claims or defenses in this case. Mattel further objects to this Request on the ground
4 that it calls for the disclosure of information subject to the attorney-client privilege
5 the attorney work-product doctrine and other applicable privileges.

6       Subject to the foregoing objections, Mattel responds as follows: Mattel will
7 produce responsive, non-privileged documents relating to Maria del Carmen
8 Mendez Hernandez's knowledge of the facts at issue in this litigation as alleged in
9 Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if
10 any, that Mattel has been able to locate after a diligent search and reasonable
11 inquiry, to the extent not previously produced.

12 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 260:**

13       In addition to the general objections stated above which are incorporated
14 herein by reference, Mattel objects to this Request on the grounds that it is
15 overbroad, unduly burdensome and unintelligible, including in that it seeks all
16 documents on this subject without limitation as to time, and regardless of whether
17 such documents relate to products or matters at issue in this case. Mattel further
18 objects to the Request on the grounds that it seeks documents that are not relevant to
19 this action or likely to lead to the discovery of admissible evidence. Mattel further
20 objects to this Request on the grounds that it seeks confidential, proprietary and
21 trade secret information, including such information that has no bearing on the
22 claims or defenses in this case. Mattel further objects to this Request on the ground
23 that it calls for the disclosure of information subject to the attorney-client privilege
24 the attorney work-product doctrine and other applicable privileges.

25       Subject to the foregoing objections, Mattel responds as follows: Mattel will
26 produce responsive, non-privileged documents relating to Maria del Carmen
27 Mendez Hernandez's knowledge of the facts at issue in this litigation as alleged in
28 Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if

1  any, that Mattel has been able to locate after a diligent search and reasonable

2  inquiry, to the extent not previously produced.

3  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

4  **TO SHOULD BE COMPELLED**

5  Mattel has improperly limited its agreement to produce documents in

6  response to this request, subject to its improper boilerplate objections. Mattel has

7  refused to confirm whether or not it has produced all non-privileged responsive

8  documents or whether it is withholding documents based on its objections in Phase

9  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

10  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

11  Generic objections that fail to explain the basis for an objection with specificity are

12  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

13  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

14  'overly burdensome and harassing' are improper – especially when a party fails to

15  submit any evidentiary declarations supporting such objections"). Accordingly,

16  Mattel must be compelled either to certify that it has produced all non-privileged

17  responsive documents or to produce all such documents by a date certain.

18  To the extent that Mattel is relying on its blanket objections, they are not

19  sustainable and do not justify Mattel's failure to produce documents.

20  As to overbreadth, Mattel provides no explanation, let alone the required

21  particularity, as to why this request is supposedly overly broad, nor can it do so.

22  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

23  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

24  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

25  custody, or control concerning Hernandez's alleged knowledge of "MGA's access to

26  Mattel's intellectual property and trade secrets" and "MGA's business practices.

27  This area of information is taken directly from Mattel's allegations regarding

28

1 | Hernandez in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated
2 | Initial Disclosures, dated Jan. 5, 2007, p. 9).

3 | As to burden, Mattel has not attempted to demonstrate why responding to this
4 | request and/or producing responsive documents presents any burden. This objection
5 | must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
6 | F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7 | unduly burdensome must allege specific facts which indicate the nature and extent
8 | of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
9 | unduly burdensome, as noted above, in that the request is narrowly tailored to seek
10 | only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
11 | secrets. MGA is entitled to discovery on this claim.

12 | This request does not seek documents protected by the attorney-client
13 | privilege, the attorney work product doctrine, or other applicable privileges. To the
14 | extent that Mattel contends that it does, Mattel must provide a privilege log.

15 | This request seeks relevant information. Mattel identified Hernandez in its
16 | initial disclosures an individual with discoverable knowledge regarding "MGA's
17 | access to Mattel's intellectual property and trade secrets" and "MGA business
18 | practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
19 | Jan. 5, 2007, p. 9). Accordingly, Mattel's initial disclosures demonstrate the
20 | relevance of this request. Further, this information is relevant to, among other
21 | things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
22 | MGA's affirmative defenses of statute of limitations and laches.

23 | Mattel's objection that the request seeks confidential, proprietary, and trade
24 | secret information should be disregarded. The parties have entered into a protective
25 | order in this matter, which governs the handling of confidential business
26 | information. Further, Mattel has put its confidential business information at issue in
27 | this litigation, including but not limited to its trade secret misappropriation claim
28 | Accordingly, it cannot resist discovery of confidential business information.

1    Finally, Mattel has improperly limited its agreement to produce to "the facts
2    at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
3    the individual is identified as being knowledgeable about certain topics in Mattel's
4    initial disclosures, Mattel's obligation to produce does not end with the facts that it
5    has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
6    information from the individual on the topics identified, regardless of whether it
7    supports the facts as alleged by Mattel, MGA, or any other party. See Order
8    Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9    Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10   MGA might be excluding documents that are responsive to the request based upon
11   its unilateral determination of what is 'relevant' or 'sufficient.'").

12   None of Mattel's improper objections are valid and Mattel is obligated to
13   produce all non-privileged responsive documents in its possession, custody, or
14   control.

15   **MATTEL'S RESPONSE:**

16   MGA's conclusory arguments  ignore that the Request is facially overbroad.
17   The Discovery Master has previously ruled that "[t]he Federal Rules of Civil
18   Procedure do not permit MGA to use broad discovery requests untethered to any
19   claim or defense." Order Granting in Part and Denying in Part Mattel's Motion for
20   protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007. See
21   also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.
22   2004) ("District courts need not condone the use of discovery to engage in 'fishing
23   expeditions.'"). Here, MGA seeks all documents referring or relating to Hernandez's
24   knowledge of extremely broad subjects—including ███████████████
25   MGA makes no attempt to link this request with the claims and defenses in this
26   case. For example, Hernandez may have knowledge of MGA's retirement plans,
27   health benefits, OSHA compliance, sexual harassment policies, or any number of
28   subjects regarding business practices at MGA which clearly fall outside the narrow

-394

1  scope required by the Discovery Master. Because MGA has not linked its broad
2  request to any of the numerous and far-ranging allegations of unfair competition set
3  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
4  objection.

5       The term "RELATING TO ... alleged knowledge" as used in the request is
6  likewise overbroad. The universe of documents that could "relate" to Hernandez's
7  knowledge are potentially without limit. The request is not confined to documents
8  in Hernandez's possession or control; rather, all documents containing information
9  that Hernandez coincidentally knows about the subjects at issue are subsumed
10 within this request.

11      MGA complains that Mattel has limited its responses regarding individuals in
12 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
13 disclosures." Mattel has produced all information as to these individuals that is
14 relevant or pertinent to this litigation. There is nothing to compel.

15      Quite simply, there is nothing to compel. Mattel has produced responsive,
16 non-privileged documents relating to Hernandez's knowledge of the facts at issue in
17 this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
18 possession, custody or control.

19 **REQUEST FOR PRODUCTION NO. 261:**

20      All DOCUMENTS REFERRING OR RELATING TO Michael Hinh's
21 alleged knowledge of "MGA's access to Mattel's intellectual property and trade
22 secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
23 DISCLOSURES.

24 **RESPONSE TO REQUEST NO. 261:**

25      In addition to the general objections stated above which are incorporated
26 herein by reference, Mattel objects to this Request on the grounds that it is
27 overbroad, unduly burdensome and unintelligible, including in that it seeks all
28 documents on this subject without limitation as to time, and regardless of whether

1  such documents relate to products or matters at issue in this case. Mattel further
2  objects to the Request on the grounds that it seeks documents that are not relevant to
3  this action or likely to lead to the discovery of admissible evidence. Mattel further
4  objects to this Request on the grounds that it calls for documents or information in
5  the possession, custody or control of MGA, including without limitation documents
6  and information that MGA has been compelled by Court orders to produce but has
7  not produced. Mattel further objects to this Request on the grounds that it seeks
8  confidential, proprietary and trade secret information, including such information
9  that has no bearing on the claims or defenses in this case. Mattel further objects to
10  this Request on the grounds that it calls for the disclosure of information subject to
11  the attorney-client privilege, the attorney work product doctrine and other applicable
12  privileges.

13      Subject to the foregoing objections, Mattel responds as follows: Mattel will
14  produce responsive, non-privileged documents relating to Michael Hinh's
15  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
16  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
17  has been able to locate after a diligent search and reasonable inquiry, to the extent
18  not previously produced.

19  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 261:**

20      In addition to the general objections stated above which are incorporated
21  herein by reference, Mattel objects to this Request on the grounds that it is
22  overbroad, unduly burdensome and unintelligible, including in that it seeks all
23  documents on this subject without limitation as to time, and regardless of whether
24  such documents relate to products or matters at issue in this case. Mattel further
25  objects to the Request on the grounds that it seeks documents that are not relevant to
26  this action or likely to lead to the discovery of admissible evidence. Mattel further
27  objects to this Request on the grounds that it calls for documents or information in
28  the possession, custody or control of MGA, including without limitation documents

-396

1  and information that MGA has been compelled by Court orders to produce but has

2  not produced.  Mattel further objects to this Request on the grounds that it seeks

3  confidential, proprietary and trade secret information, including such information.

4  that has no bearing on the claims or defenses in this case.  Mattel further objects to

5  this Request on the grounds that it calls for the disclosure of information subject to

6  the attorney-client privilege, the attorney work product doctrine and other applicable

7  privileges.

8        Subject to the foregoing objections, Mattel responds as follows: Mattel will

9  produce responsive, non-privileged documents relating to Michael Hinh's

10  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

11  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

12  has been able to locate after a diligent search and reasonable inquiry, to the extent

13  not previously produced.

14  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

15  **TO SHOULD BE COMPELLED**

16        Mattel has improperly limited its agreement to produce documents in

17  response to this request, subject to its improper boilerplate objections.  Mattel has

18  refused to confirm whether or not it has produced all non-privileged responsive

19  documents or whether it is withholding documents based on its objections in Phase

20  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

21  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)

22  Generic objections that fail to explain the basis for an objection with specificity are

23  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

24  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

25  'overly burdensome and harassing' are improper – especially when a party fails to

26  submit any evidentiary declarations supporting such objections").  Accordingly,

27  Mattel must be compelled either to certify that it has produced all non-privileged

28  responsive documents or to produce all such documents by a date certain.

1       To the extent that Mattel is relying on its blanket objections, they are not

2  sustainable and do not justify Mattel's failure to produce documents.

3       As to overbreadth, Mattel provides no explanation, let alone the required

4  particularity, as to why this request is supposedly overly broad, nor can it do so.

5  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

8  custody, or control concerning Hinh's alleged knowledge of "MGA's access to

9  Mattel's intellectual property and trade secrets" and "MGA's business practices."

10  This area of information is taken directly from Mattel's allegations regarding Hinh

11  in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

12  Disclosures, dated Jan. 5, 2007, p. 9).

13       As to burden, Mattel has not attempted to demonstrate why responding to this

14  request and/or producing responsive documents presents any burden.  This objection

15  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

16  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

17  unduly burdensome must allege specific facts which indicate the nature and extent

18  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not

19  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

20  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade

21  secrets.  MGA is entitled to discovery on this claim.

22       This request does not seek documents protected by the attorney-client

23  privilege, the attorney work product doctrine, or other applicable privileges.  To the

24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25       This request seeks relevant information.  Mattel identified Hinh in its initial

26  disclosures an individual with discoverable knowledge regarding "MGA's access to

27  Mattel's intellectual property and trade secrets" and "MGA business practices."

28  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

1  p. 9). Accordingly, Mattel's initial disclosures demonstrate the relevance of this
2  request. Further, this information is relevant to, among other things, Mattel's trade
3  secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
4  defenses of statute of limitations and laches.

5      Mattel's objection that the request seeks information within MGA's
6  possession, custody or control is nonsensical and lacks factual support. Mattel
7  makes no argument, let alone a factual showing, that any documents in MGA's
8  possession are duplicative of documents within Mattel's control. MGA is entitled to
9  discovery from Mattel of documents within its possession, custody, or control that
10  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
11  conclusory statement that MGA also possesses responsive documents.

12      Mattel's objection that the request seeks confidential, proprietary, and trade
13  secret information should be disregarded. The parties have entered into a protective
14  order in this matter, which governs the handling of confidential business
15  information. Further, Mattel has put its confidential business information at issue in
16  this litigation, including but not limited to its trade secret misappropriation claim
17  Accordingly, it cannot resist discovery of confidential business information.

18      Finally, Mattel has improperly limited its agreement to produce to "the facts
19  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
20  the individual is identified as being knowledgeable about certain topics in Mattel's
21  initial disclosures, Mattel's obligation to produce does not end with the facts that it
22  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
23  information from the individual on the topics identified, regardless of whether it
24  supports the facts as alleged by Mattel, MGA, or any other party. See Order
25  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
26  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
27  MGA might be excluding documents that are responsive to the request based upon
28  its unilateral determination of what is 'relevant' or 'sufficient.'").

1    None of Mattel's improper objections are valid and Mattel is obligated to
2  produce all non-privileged responsive documents in its possession, custody, or
3  control.

4  **MATTEL'S RESPONSE:**

5    MGA ignores that (i) Mattel has produced its non-privileged, responsive
6  documents, as it agreed to do, and that (ii) most information sought by this request is
7  within MGA's possession, custody or control, and is equally if not more readily
8  available to MG  Hinh is an employee of MGA.  MGA gives no reason why it
9  requests information from Mattel regarding its *own company* and its *own employee*,
10  other than to say that "this area of information is taken directly from Mattel's
11  allegations regarding Hinh in its initial disclosures."  Indeed, it appears that MGA
12  merely cut and paste its request from Mattel's initial disclosures without
13  consideration as to what information Mattel may have that is already within MGA's
14  possession, custody or control.

15    MGA's conclusory arguments also ignore that the Request is facially
16  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
17  Civil Procedure do not permit MGA to use broad discovery requests untethered to
18  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
19  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
20  See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
21  Cir. 2004) ("District courts need not condone the use of discovery to engage in
22  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
23  Hinh's knowledge of extremely broad subjects—including ▇▇▇▇▇▇▇▇
24  ▇▇▇▇▇▇  MGA makes no attempt to link this request with the claims and defenses
25  in this case.  For example, Hinh may have knowledge of MGA's retirement plans,
26  health benefits, OSHA compliance, sexual harassment policies, or any number of
27  subjects regarding business practices at MGA which clearly fall outside the narrow
28  scope required by the Discovery Master. Because MGA has not linked its broad

1   request to any of the numerous and far-ranging allegations of unfair competition set
2   forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
3   objection.

4       The term "RELATING TO ... alleged knowledge" as used in the request is
5   likewise overbroad. The universe of documents that could "relate" to Hinh's
6   knowledge are potentially without limit. The request is not confined to documents
7   in Hinh's possession or control; rather, all documents containing information that
8   Hinh coincidentally knows about the subjects at issue are subsumed within this
9   request.

10      MGA complains that Mattel has limited its responses regarding individuals in
11  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
12  disclosures." Mattel has produced all information as to these individuals that is
13  relevant or pertinent to this litigation. There is nothing to compel.

14      Quite simply, there is nothing to compel. Mattel has produced responsive,
15  non-privileged documents relating to Hinh's knowledge of the facts at issue in this
16  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
17  custody or control.

18  **REQUEST FOR PRODUCTION NO. 262:**

19      All DOCUMENTS REFERRING OR RELATING TO Martin Hitch's alleged
20  knowledge of "[d]esign and development of Bratz and Bryant's work with or for
21  MGA during his Mattel employment" and "MGA business practices," as alleged in
22  MATTEL'S INITIAL DISCLOSURES.

23  **RESPONSE TO REQUEST NO. 262:**

24      In addition to the general objections stated above which are incorporated
25  herein by reference, Mattel objects to this Request on the grounds that it is
26  overbroad, unduly burdensome and unintelligible, including in that it seeks all
27  documents on this subject without limitation as to time, and regardless of whether
28  such documents relate to products or matters at issue in this case. Mattel further

1  objects to the Request on the grounds that it seeks documents that are not relevant to
2  this action or likely to lead to the discovery of admissible evidence. Mattel further
3  objects to this Request on the grounds that it calls for documents or information in
4  the possession, custody or control of MGA, including without limitation documents
5  and information that MGA has been compelled by Court orders to produce but has
6  not produced. Mattel further objects to this Request on the grounds that it seeks
7  confidential, proprietary and trade secret information, including such information
8  that has no bearing on the claims or defenses in this case. Mattel further objects to
9  this Request on the grounds that it calls for the disclosure of information subject to
10  the attorney-client privilege, the attorney work product doctrine and other applicable
11  privileges.

12      Subject to the foregoing objections, Mattel responds as follows: Mattel will
13  produce responsive, non-privileged documents relating to Martin Hitch's knowledge
14  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
15  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
16  after a diligent search and reasonable inquiry, to the extent not previously produced.

17  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 262:**

18      In addition to the general objections stated above which are incorporated
19  herein by reference, Mattel objects to this Request on the grounds that it is
20  overbroad, unduly burdensome and unintelligible, including in that it seeks all
21  documents on this subject without limitation as to time, and regardless of whether
22  such documents relate to products or matters at issue in this case. Mattel further
23  objects to the Request on the grounds that it seeks documents that are not relevant to
24  this action or likely to lead to the discovery of admissible evidence. Mattel further
25  objects to this Request on the grounds that it calls for documents or information in
26  the possession, custody or control of MGA, including without limitation documents
27  and information that MGA has been compelled by Court orders to produce but has
28  not produced. Mattel further objects to this Request on the grounds that it seeks

1  confidential, proprietary and trade secret information, including such information
2  that has no bearing on the claims or defenses in this case. Mattel further objects to
3  this Request on the grounds that it calls for the disclosure of information subject to
4  the attorney-client privilege, the attorney work-product doctrine and other applicable
5  privileges.

6      Subject to the foregoing objections, Mattel responds as follows: Mattel will
7  produce responsive, non-privileged documents relating to Martin Hitch's knowledge
8  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
9  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
10 after a diligent search and reasonable inquiry, to the extent not previously produced.

11 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
12 **TO SHOULD BE COMPELLED**

13     Mattel has improperly limited its agreement to produce documents in
14 response to this request, subject to its improper boilerplate objections. Mattel has
15 refused to confirm whether or not it has produced all non-privileged responsive
16 documents or whether it is withholding documents based on its objections in Phase
17 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
18 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
19 Generic objections that fail to explain the basis for an objection with specificity are
20 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
21 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
22 'overly burdensome and harassing' are improper – especially when a party fails to
23 submit any evidentiary declarations supporting such objections"). Accordingly,
24 Mattel must be compelled either to certify that it has produced all non-privileged
25 responsive documents or to produce all such documents by a date certain.

26     To the extent that Mattel is relying on its blanket objections, they are not
27 sustainable and do not justify Mattel's failure to produce documents.

28

1   As to overbreadth, Mattel provides no explanation, let alone the required
2   particularity, as to why this request is supposedly overly broad, nor can it do so.
3   This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
4   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
5   contrary, the request is narrowly tailored to seek documents in Mattel's possession,
6   custody, or control concerning Hitch's alleged knowledge of "[d]esign and
7   development of Bratz and Bryant' s work with or for MGA during his Mattel
8   employment" and "MGA business practices." This area of information is taken
9   directly from Mattel's allegations regarding Hitch in its initial disclosures. Rutowski
10  Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9).

11  As to burden, Mattel has not attempted to demonstrate why responding to this
12  request and/or producing responsive documents presents any burden. This objection
13  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
14  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
15  unduly burdensome must allege specific facts which indicate the nature and extent
16  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
17  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
18  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
19  secrets. MGA is entitled to discovery on this claim.

20  This request does not seek documents protected by the attorney-client
21  privilege, the attorney work product doctrine, or other applicable privileges. To the
22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23  This request seeks relevant information. Mattel identified Hitch in its initial
24  disclosures an individual with discoverable knowledge regarding "[d]esign and
25  development of Bratz and Bryant' s work with or for MGA during his Mattel
26  employment" and "MGA business practices." Rutowski Decl. Ex. 56 (Mattel's
27  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9). Accordingly, Mattel's
28  initial disclosures demonstrate the relevance of this request. Further, this

-404

1   information is relevant to, among other things, Mattel's trade secret defense, MGA's

2   claims of trade dress infringement, and MGA's affirmative defenses of statute of

3   limitations and laches.

4        Mattel's objection that the request seeks information within MGA's

5   possession, custody or control is nonsensical and lacks factual support.  Mattel

6   makes no argument, let alone a factual showing, that any documents in MGA's

7   possession are duplicative of documents within Mattel's control.  MGA is entitled to

8   discovery from Mattel of documents within its possession, custody, or control that

9   relate to the subject of this suit.  Mattel cannot avoid this obligation by making a

10   conclusory statement that MGA also possesses responsive documents.

11        Mattel's objection that the request seeks confidential, proprietary, and trade

12   secret information should be disregarded.  The parties have entered into a protective

13   order in this matter, which governs the handling of confidential business

14   information.  Further, Mattel has put its confidential business information at issue in

15   this litigation, including but not limited to its trade secret misappropriation claim

16   Accordingly, it cannot resist discovery of confidential business information.

17        Finally, Mattel has improperly limited its agreement to produce to "the facts

18   at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

19   the individual is identified as being knowledgeable about certain topics in Mattel's

20   initial disclosures, Mattel's obligation to produce does not end with the facts that it

21   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

22   information from the individual on the topics identified, regardless of whether it

23   supports the facts as alleged by Mattel, MGA, or any other party.  See Order

24   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

25   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

26   MGA might be excluding documents that are responsive to the request based upon

27   its unilateral determination of what is 'relevant' or 'sufficient.'").

28

1    None of Mattel's improper objections are valid and Mattel is obligated to

2    produce all non-privileged responsive documents in its possession, custody, or

3    control.

4    **MATTEL'S RESPONSE:**

5    MGA's request is duplicative of previous requests for which Mattel has

6    produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to

7    produce documents responsive to MGA's First Set of Requests for the Production of

8    Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[49]  Request Nos.

9    180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including

10   his work at Mattel and MGA and the design and development of Bratz.   Request

11   No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring

12   or relating to BRYANT."[50]  On September 11, 2007, Discovery Master Infante

13   granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and

14   260.[51]  Pursuant to this order, Mattel produced documents responsive to these

15   requests. Mattel has since confirmed that it has produced responsive, non-privileged

16   documents to these requests in its Third Supplemental Responses to MGA's First

17   Set of Requests for Production.[52]   There is nothing additional to compel and MGA's

18   motion is moot.

19   MGA ignores that (i) Mattel has produced its non-privileged, responsive

20   documents, as it agreed to do, and that (ii) most information sought by this request is

21   within MGA's possession, custody or control, and is equally if not more readily

22   available to MG  Hitch is an employee of MGA.  MGA gives no reason why it

---

[49]   See MGA's Motion to Compel Mattel to Supplement its Responses and Produce Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.

[50]   See MGA's First Set of Requests for the Production of Documents and Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

[51]   See September 12, 2007 Order Granting in Part and Denying in Part MGA's Motion to Compel, at 7-10, Dart Decl., Exh. 9.

[52]   See Mattel's Third Supplemental Responses to MGA's First Set of Requests for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1   requests information from Mattel regarding its *own company* and its *own employee*,
2   other than to say that "this area of information is taken directly from Mattel's
3   allegations regarding Hitch in its initial disclosures."  Indeed, it appears that MGA
4   merely cut and paste its request from Mattel's initial disclosures without
5   consideration as to what information Mattel may have that is already within MGA's
6   possession, custody or control.

7       MGA's conclusory arguments also ignore that the Request is facially
8   overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
9   Civil Procedure do not permit MGA to use broad discovery requests untethered to
10  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
11  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
12  See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
13  Cir. 2004) ("District courts need not condone the use of discovery to engage in
14  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
15  Hitch's knowledge of extremely broad subjects—including                   .
16       MGA makes no attempt to link this request with the claims and defenses
17  in this case.  For example, Hitch may have knowledge of MGA's retirement plans,
18  health benefits, OSHA compliance, sexual harassment policies, or any number of
19  subjects regarding business practices at MGA which clearly fall outside the narrow
20  scope required by the Discovery Master. Because MGA has not linked its broad
21  request to any of the numerous and far-ranging allegations of unfair competition set
22  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
23  objection.

24       The term "RELATING TO ... alleged knowledge" as used in the request is
25  likewise overbroad.  The universe of documents that could "relate" to Hitch's
26  knowledge are potentially without limit.  The request is not confined to documents
27  in Hitch's possession or control; rather, all documents containing information that
28

-407-

1  Hitch coincidentally knows about the subjects at issue are subsumed within this
2  request.

3  MGA complains that Mattel has limited its responses regarding individuals in
4  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
5  disclosures." Mattel has produced all information as to these individuals that is
6  relevant or pertinent to this litigation. There is nothing to compel.

7  Quite simply, there is nothing to compel. Mattel has produced responsive,
8  non-privileged documents relating to Hitch's knowledge of the facts at issue in this
9  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
10  custody or control.

11  **REQUEST FOR PRODUCTION NO. 263:**

12  All DOCUMENTS REFERRING OR RELATING TO Hoi Hoffman-
13  Briggs's alleged knowledge of "Bryant's breach of obligations to Mattel," as alleged
14  in MATTEL'S INITIAL DISCLOSURES.

15  **RESPONSE TO REQUEST NO. 263:**

16  In addition to the general objections stated above which are incorporated
17  herein by reference, Mattel objects to this Request on the grounds that it is
18  overbroad, unduly burdensome and unintelligible, including in that it seeks all
19  documents on this subject without limitation as to time, and regardless of whether
20  such documents relate to products or matters at issue in this case. Mattel further
21  objects to the Request on the grounds that it seeks documents that are not relevant to
22  this action or likely to lead to the discovery of admissible evidence. Mattel further
23  objects to this Request on the grounds that it seeks confidential, proprietary and
24  trade secret information, including such information that has no bearing on the
25  claims or defenses in this case. Mattel further objects to this Request on the ground
26  that it calls for the disclosure of information subject to the attorney-client privilege
27  the attorney work-product doctrine and other applicable privileges.

28

1     Subject to the foregoing objections, Mattel responds as follows: Mattel will
2 produce responsive, non-privileged documents relating to Hoi Hoffman- Briggs's
3 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
4 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
5 has been able to locate after a diligent search and reasonable inquiry, to the extent
6 not previously produced.

7 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 263:**

8     In addition to the general objections stated above which are incorporated
9 herein by reference, Mattel objects to this Request on the grounds that it is
10 overbroad, unduly burdensome and unintelligible, including in that it seeks all
11 documents on this subject without limitation as to time, and regardless of whether
12 such documents relate to products or matters at issue in this case.  Mattel further
13 objects to the Request on the grounds that it seeks documents that are not relevant to
14 this action or likely to lead to the discovery of admissible evidence.  Mattel further
15 objects to this Request on the grounds that it seeks confidential, proprietary and
16 trade secret information, including such information that has no bearing on the
17 claims or defenses in this case.  Mattel further objects to this Request on the ground
18 that it calls for the disclosure of information subject to the attorney-client privilege
19 the attorney work-product doctrine and other applicable privileges.

20     Subject to the foregoing objections, Mattel responds as follows: Mattel will
21 produce responsive, non-privileged documents relating to Hoi Hoffman-Briggs's
22 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
23 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
24 has been able to locate after a diligent search and reasonable inquiry, to the extent
25 not previously produced.

26
27
28

1 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2 | **TO SHOULD BE COMPELLED**

3       Mattel has improperly limited its agreement to produce documents in
4 | response to this request, subject to its improper boilerplate objections. Mattel has
5 | refused to confirm whether or not it has produced all non-privileged responsive
6 | documents or whether it is withholding documents based on its objections in Phase
7 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
8 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
9 | Generic objections that fail to explain the basis for an objection with specificity are
10 | routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
11 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
12 | 'overly burdensome and harassing' are improper – especially when a party fails to
13 | submit any evidentiary declarations supporting such objections").

14       Accordingly, Mattel must be compelled either to certify that it has produced
15 | all non-privileged responsive documents or to produce all such documents by a date
16 | certain.

17       To the extent that Mattel is relying on its blanket objections, they are not
18 | sustainable and do not justify Mattel's failure to produce documents.

19       As to overbreadth, Mattel provides no explanation, let alone the required
20 | particularity, as to why this request is supposedly overly broad, nor can it do so.
21 | This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
22 | (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
23 | contrary, the request is narrowly tailored to seek documents in Mattel's possession,
24 | custody, or control concerning Hoffman-Briggs's alleged knowledge of "Bryant's
25 | breach of obligations to Mattel." This area of information is taken directly from
26 | Mattel's allegations regarding Hoffman-Briggs in its initial disclosures. Rutowski
27 | Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9).

28

1    As to burden, Mattel has not attempted to demonstrate why responding to this
2   request and/or producing responsive documents presents any burden. This objection
3   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
4   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
5   unduly burdensome must allege specific facts which indicate the nature and extent
6   of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
7   unduly burdensome, as noted above, in that the request is narrowly tailored to seek
8   only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
9   secrets. MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client
11   privilege, the attorney work product doctrine, or other applicable privileges. To the
12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information. Mattel identified Hoffman-Briggs i
14   its initial disclosures an individual with discoverable knowledge regarding "Bryant's
15   breach of obligations to Mattel." Rutowski Decl. Ex. 56 (Mattel's Consolidated
16   Initial Disclosures, dated Jan. 5, 2007, p. 9). Accordingly, Mattel's initial
17   disclosures demonstrate the relevance of this request. Further, this information is
18   relevant to, among other things, Mattel's trade secret defense and MGA's affirmative
19   defenses of statute of limitations and laches.

20    Mattel's objection that the request seeks confidential, proprietary, and trade
21   secret information should be disregarded. The parties have entered into a protective
22   order in this matter, which governs the handling of confidential business
23   information. Further, Mattel has put its confidential business information at issue in
24   this litigation, including but not limited to its trade secret misappropriation claim
25   Accordingly, it cannot resist discovery of confidential business information.

26    Finally, Mattel has improperly limited its agreement to produce to "the facts
27   at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
28   the individual is identified as being knowledgeable about certain topics in Mattel's

1 | initial disclosures, Mattel's obligation to produce does not end with the facts that it
2 | has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
3 | information from the individual on the topics identified, regardless of whether it
4 | supports the facts as alleged by Mattel, MGA, or any other party.  <u>See</u> Order
5 | Granting Mattel's Motion to Compel Production of Documents and Interrogatory
6 | Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
7 | MGA might be excluding documents that are responsive to the request based upon
8 | its unilateral determination of what is 'relevant' or 'sufficient.'").

9 |     None of Mattel's improper objections are valid and Mattel is obligated to
10 | produce all non-privileged responsive documents in its possession, custody, or
11 | control.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

**MATTEL'S RESPONSE:**

MGA's request is duplicative of previous requests for which Mattel has produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to produce documents responsive to MGA's First Set of Requests for the Production of Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[53] Request Nos. 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including his work at Mattel and MGA and the design and development of Bratz. Request No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring or relating to BRYANT."[54] On September 11, 2007, Discovery Master Infante granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and 260.[55] Pursuant to this order, Mattel produced documents responsive to these requests. Mattel has since confirmed that it has produced responsive, non-privileged documents to these requests in its Third Supplemental Responses to MGA's First Set of Requests for Production.[56] There is nothing additional to compel and MGA's motion is moot.

The term "RELATING TO … alleged knowledge" as used in the request is likewise overbroad. The universe of documents that could "relate" to Hoffman-Briggs's knowledge are potentially without limit. The request is not confined to documents in Hoffman-Briggs's possession or control; rather, all documents containing information that Hoffman-Briggs coincidentally knows about the subjects at issue are subsumed within this request.

---

[53] See MGA's Motion to Compel Mattel to Supplement its Responses and Produce Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
[54] See MGA's First Set of Requests for the Production of Documents and Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
[55] See September 12, 2007 Order Granting in Part and Denying in Part MGA's Motion to Compel, at 7-10, Dart Decl., Exh. 9.
[56] See Mattel's Third Supplemental Responses to MGA's First Set of Requests for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1    MGA complains that Mattel has limited its responses regarding individuals in
2  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
3  disclosures." Mattel has produced all information as to these individuals that is
4  relevant or pertinent to this litigation. There is nothing to compel.

5    Quite simply, there is nothing to compel. Mattel has produced responsive,
6  non-privileged documents relating to Hoffman-Briggs's knowledge of the facts at
7  issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
8  possession, custody or control.

9  **REQUEST FOR PRODUCTION NO. 264:**

10    All DOCUMENTS in Hoi Hoffman-Briggs's possession or control
11  REFERRING OR RELATING TO his alleged knowledge of "Bryant's breach of
12  obligations to Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

13  **RESPONSE TO REQUEST NO. 264:**

14    In addition to the general objections stated above which are incorporated
15  herein by reference, Mattel objects to this Request on the grounds that it is
16  overbroad, unduly burdensome and unintelligible, including in that it seeks all
17  documents on this subject without limitation as to time, and regardless of whether
18  such documents relate to products or matters at issue in this case. Mattel further
19  objects to the Request on the grounds that it seeks documents that are not relevant to
20  this action or likely to lead to the discovery of admissible evidence. Mattel further
21  objects to this Request on the grounds that it seeks confidential, proprietary and
22  trade secret information, including such information that has no bearing on the
23  claims or defenses in this case. Mattel further objects to this Request on the ground
24  that it calls for the disclosure of information subject to the attorney-client privilege
25  the attorney work-product doctrine and other applicable privileges.

26    Subject to the foregoing objections, Mattel responds as follows: Mattel will
27  produce responsive, non-privileged documents relating to Hoi Hoffman- Briggs's
28  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

1  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
2  has been able to locate after a diligent search and reasonable inquiry, to the extent
3  not previously produced.

4  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 264:**

5       In addition to the general objections stated above which are incorporated
6  herein by reference, Mattel objects to this Request on the grounds that it is
7  overbroad, unduly burdensome and unintelligible, including in that it seeks all
8  documents on this subject without limitation as to time, and regardless of whether
9  such documents relate to products or matters at issue in this case. Mattel further
10  objects to the Request on the grounds that it seeks documents that are not relevant to
11  this action or likely to lead to the discovery of admissible evidence. Mattel further
12  objects to this Request on the grounds that it seeks confidential, proprietary and
13  trade secret information, including such information that has no bearing on the
14  claims or defenses in this case. Mattel further objects to this Request on the ground
15  that it calls for the disclosure of information subject to the attorney-client privilege
16  the attorney work-product doctrine and other applicable privileges.

17       Subject to the foregoing objections, Mattel responds as follows: Mattel will
18  produce responsive, non-privileged documents relating to Hoi Hoffman- Briggs's
19  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
20  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
21  has been able to locate after a diligent search and reasonable inquiry, to the extent
22  not previously produced.

23  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
24  **TO SHOULD BE COMPELLED**

25       Mattel has improperly limited its agreement to produce documents in
26  response to this request, subject to its improper boilerplate objections. Mattel has
27  refused to confirm whether or not it has produced all non-privileged responsive
28  documents or whether it is withholding documents based on its objections in Phase

2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c) Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").

Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Hoffman-Briggs's alleged knowledge of "Bryant's breach of obligations to Mattel." This area of information is taken directly from Mattel's allegations regarding Hoffman-Briggs in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek

1  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
2  secrets. MGA is entitled to discovery on this claim.

3      This request does not seek documents protected by the attorney-client
4  privilege, the attorney work product doctrine, or other applicable privileges. To the
5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6      This request seeks relevant information. Mattel identified Hoffman-Briggs i
7  its initial disclosures an individual with discoverable knowledge regarding "Bryant's
8  breach of obligations to Mattel." Rutowski Decl. Ex. 56 (Mattel's Consolidated
9  Initial Disclosures, dated Jan. 5, 2007, p. 9). Accordingly, Mattel's initial
10 disclosures demonstrate the relevance of this request. Further, this information is
11 relevant to, among other things, Mattel's trade secret defense and MGA's affirmative
12 defenses of statute of limitations and laches.

13     Mattel's objection that the request seeks confidential, proprietary, and trade
14 secret information should be disregarded. The parties have entered into a protective
15 order in this matter, which governs the handling of confidential business
16 information. Further, Mattel has put its confidential business information at issue in
17 this litigation, including but not limited to its trade secret misappropriation claim
18 Accordingly, it cannot resist discovery of confidential business information.

19     Finally, Mattel has improperly limited its agreement to produce to "the facts
20 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
21 the individual is identified as being knowledgeable about certain topics in Mattel's
22 initial disclosures, Mattel's obligation to produce does not end with the facts that it
23 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
24 information from the individual on the topics identified, regardless of whether it
25 supports the facts as alleged by Mattel, MGA, or any other party. See Order
26 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
27 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
28

1 MGA might be excluding documents that are responsive to the request based upon
2 its unilateral determination of what is 'relevant' or 'sufficient.'").

3      None of Mattel's improper objections are valid and Mattel is obligated to
4 produce all non-privileged responsive documents in its possession, custody, or
5 control.

6 **MATTEL'S RESPONSE:**

7      MGA's request is duplicative of previous requests for which Mattel has
8 produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
9 produce documents responsive to MGA's First Set of Requests for the Production of
10 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[57]  Request Nos.
11 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
12 his work at Mattel and MGA and the design and development of Bratz.   Request
13 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
14 or relating to BRYANT."[58]  On September 11, 2007, Discovery Master Infante
15 granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
16 260.[59]  Pursuant to this order, Mattel produced documents responsive to these
17 requests. Mattel has since confirmed that it has produced responsive, non-privileged
18 documents to these requests in its Third Supplemental Responses to MGA's First
19 Set of Requests for Production.[60]   There is nothing additional to compel and MGA's
20 motion is moot.

21      The term "RELATING TO ... alleged knowledge" as used in the request is
22 likewise overbroad.  The universe of documents that could "relate" to Hoffman-

23 ───────────────
   [57]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
24 Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
   [58]  See MGA's First Set of Requests for the Production of Documents and
25 Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
26 [59]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's
   Motion to Compel, at 7-10, Dart Decl., Exh. 9.
27 [60]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28 for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1  Briggs's knowledge are potentially without limit. All documents containing
2  information that Hoffman-Briggs coincidentally knows about the subjects at issue
3  are subsumed within this request.

4      MGA complains that Mattel has limited its responses regarding individuals in
5  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
6  disclosures." Mattel has produced all information as to these individuals that is
7  relevant or pertinent to this litigation. There is nothing to compel.

8      Quite simply, there is nothing to compel. Mattel has produced responsive,
9  non-privileged documents relating to Hoffman-Briggs's knowledge of the facts at
10  issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
11  possession, custody or control.

12  **REQUEST FOR PRODUCTION NO. 265:**

13      All DOCUMENTS REFERRING OR RELATING TO Don Howarth's
14  alleged knowledge of "[d]evelopment of Bratz," as alleged in MATTEL'S INITIA
15  DISCLOSURES.

16  **RESPONSE TO REQUEST NO. 265:**

17      In addition to the general objections stated above which are incorporated
18  herein by reference, Mattel objects to this Request on the grounds that it is
19  overbroad, unduly burdensome and unintelligible, including in that it seeks all
20  documents on this subject without limitation as to time, and regardless of whether
21  such documents relate to products or matters at issue in this case. Mattel further
22  objects to the Request on the grounds that it seeks documents that are not relevant to
23  this action or likely to lead to the discovery of admissible evidence. Mattel further
24  objects to this Request on the grounds that it calls for documents or information in
25  the possession, custody or control of MGA, including without limitation documents
26  and information that MGA has been compelled by Court orders to produce but has
27  not produced. Mattel further objects to this Request on the grounds that it seeks
28  confidential, proprietary and trade secret information, including such information

-419

1  that has no bearing on the claims or defenses in this case. Mattel further objects to
2  this Request on the grounds that it calls for the disclosure of information subject to
3  the attorney-client privilege, the attorney work product doctrine and other applicable
4  privileges.

5      Subject to the foregoing objections, Mattel responds as follows: Mattel will
6  produce responsive, non-privileged documents relating to Don Howarth's
7  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
8  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
9  has been able to locate after a diligent search and reasonable inquiry, to the extent
10  not previously produced.

11  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 265:**

12      In addition to the general objections stated above which are incorporated
13  herein by reference, Mattel objects to this Request on the grounds that it is
14  overbroad, unduly burdensome and unintelligible, including in that it seeks all
15  documents on this subject without limitation as to time, and regardless of whether
16  such documents relate to products or matters at issue in this case. Mattel further
17  objects to the Request on the grounds that it seeks documents that are not relevant to
18  this action or likely to lead to the discovery of admissible evidence. Mattel further
19  objects to this Request on the grounds that it calls for documents or information in
20  the possession, custody or control of MGA, including without limitation documents
21  and information that MGA has been compelled by Court orders to produce but has
22  not produced. Mattel further objects to this Request on the grounds that it seeks
23  confidential, proprietary and trade secret information, including such information
24  that has no bearing on the claims or defenses in this case. Mattel further objects to
25  this Request on the grounds that it calls for the disclosure of information subject to
26  the attorney-client privilege, the attorney work product doctrine and other applicable
27  privileges.

28

1    Subject to the foregoing objections, Mattel responds as follows: Mattel will

2  produce responsive, non-privileged documents relating to Don Howarth's

3  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

4  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

5  has been able to locate after a diligent search and reasonable inquiry, to the extent

6  not previously produced.

7  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

8  **TO SHOULD BE COMPELLED**

9    Mattel has improperly limited its agreement to produce documents in

10  response to this request, subject to its improper boilerplate objections.  Mattel has

11    refused to confirm whether or not it has produced all non-privileged

12  responsive documents or whether it is withholding documents based on its

13  objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to

14  part of a request must specify the part and permit inspection of the rest." Fed. R.

15  Civ. P. 34(b)(2)(c) Generic objections that fail to explain the basis for an objection

16  with specificity are routinely rejected in the Central District.  See A. Farber and

17  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

18  boilerplate objections such as 'overly burdensome and harassing' are improper –

19  especially when a party fails to submit any evidentiary declarations supporting such

20  objections").  Accordingly, Mattel must be compelled either to certify that it has

21  produced all non-privileged responsive documents or to produce all such documents

22  by a date certain.

23    To the extent that Mattel is relying on its blanket objections, they are not

24  sustainable and do not justify Mattel's failure to produce documents.

25    As to overbreadth, Mattel provides no explanation, let alone the required

26  particularity, as to why this request is supposedly overly broad, nor can it do so.

27  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

28  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

1  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
2  custody, or control concerning Howarth's alleged knowledge of "[d]evelopment of
3  Bratz." This area of information is taken directly from Mattel's allegations
4  regarding Howarth in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's
5  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9).

6       As to burden, Mattel has not attempted to demonstrate why responding to this
7  request and/or producing responsive documents presents any burden. This objection
8  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
9  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
10 unduly burdensome must allege specific facts which indicate the nature and extent
11 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
12 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
13 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
14 secrets. MGA is entitled to discovery on this claim.

15      This request does not seek documents protected by the attorney-client
16 privilege, the attorney work product doctrine, or other applicable privileges. To the
17 extent that Mattel contends that it does, Mattel must provide a privilege log.

18      This request seeks relevant information. Mattel identified Howarth in its
19 initial disclosures an individual with discoverable knowledge regarding
20 "[d]evelopment of Bratz." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
21 Disclosures, dated Jan. 5, 2007, p. 9). Accordingly, Mattel's initial disclosures
22 demonstrate the relevance of this request. Further, this information is relevant to,
23 among other things, Mattel's trade secret defense, MGA's claims of trade dress
24 infringement, and MGA's affirmative defenses of statute of limitations and laches.

25      Mattel's objection that the request seeks information within MGA's
26 possession, custody or control is nonsensical and lacks factual support. Mattel
27 makes no argument, let alone a factual showing, that any documents in MGA's
28 possession are duplicative of documents within Mattel's control. MGA is entitled to

-422-

1 | discovery from Mattel of documents within its possession, custody, or control that
2 | relate to the subject of this suit. Mattel cannot avoid this obligation by making a
3 | conclusory statement that MGA also possesses responsive documents.

4 | Mattel's objection that the request seeks confidential, proprietary, and trade
5 | secret information should be disregarded. The parties have entered into a protective
6 | order in this matter, which governs the handling of confidential business
7 | information. Further, Mattel has put its confidential business information at issue in
8 | this litigation, including but not limited to its trade secret misappropriation claim
9 | Accordingly, it cannot resist discovery of confidential business information.

10 | Finally, Mattel has improperly limited its agreement to produce to "the facts
11 | at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
12 | the individual is identified as being knowledgeable about certain topics in Mattel's
13 | initial disclosures, Mattel's obligation to produce does not end with the facts that it
14 | has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
15 | information from the individual on the topics identified, regardless of whether it
16 | supports the facts as alleged by Mattel, MGA, or any other party. See Order
17 | Granting Mattel's Motion to Compel Production of Documents and Interrogatory
18 | Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
19 | MGA might be excluding documents that are responsive to the request based upon
20 | its unilateral determination of what is 'relevant' or 'sufficient.'").

21 | None of Mattel's improper objections are valid and Mattel is obligated to
22 | produce all non-privileged responsive documents in its possession, custody, or
23 | control.

24 |
25 |
26 |
27 |
28 |

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)