1 **MATTEL'S RESPONSE:**

2      MGA's request is duplicative of previous requests for which Mattel has
3 produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
4 produce documents responsive to MGA's First Set of Requests for the Production of
5 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[61] Request Nos.
6 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
7 his work at Mattel and MGA and the design and development of Bratz. Request
8 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
9 or relating to BRYANT."[62] On September 11, 2007, Discovery Master Infante
10 granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
11 260.[63] Pursuant to this order, Mattel produced documents responsive to these
12 requests. Mattel has since confirmed that it has produced responsive, non-privileged
13 documents to these requests in its Third Supplemental Responses to MGA's First
14 Set of Requests for Production.[64] There is nothing additional to compel and MGA's
15 motion is moot.

16 The term "RELATING TO ... alleged knowledge" as used in the request is likewise
17 overbroad. The universe of documents that could "relate" to Howarth's knowledge
18 are potentially without limit. The request is not confined to documents in Howarth's
19 possession or control; rather, all documents containing information that Howarth
20 coincidentally knows about the subjects at issue are subsumed within this request.

21      MGA complains that Mattel has limited its responses regarding individuals in
22 Mattel's Initial Disclosures to information "as alleged in Mattel's initial

23     [61] See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
24 Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
    [62] See MGA's First Set of Requests for the Production of Documents and
25 Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
26     [63] See September 12, 2007 Order Granting in Part and Denying in Part MGA's
Motion to Compel, at 7-10, Dart Decl., Exh. 9.
27     [64] See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28 for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1   disclosures." Mattel has produced all information as to these individuals that is
2   relevant or pertinent to this litigation. There is nothing to compel.

3        Quite simply, there is nothing to compel. Mattel has produced responsive,
4   non-privileged documents relating to Howarth's knowledge of the facts at issue in
5   this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
6   possession, custody or control.

7   **REQUEST FOR PRODUCTION NO. 266:**

8        All DOCUMENTS REFERRING OR RELATING TO James Brian Huntley's
9   alleged knowledge of "MGA's access to Mattel's intellectual property and trade
10  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
11  DISCLOSURES.

12  **RESPONSE TO REQUEST NO. 266:**

13       In addition to the general objections stated above which are incorporated
14  herein by reference, Mattel objects to this Request on the grounds that it is
15  overbroad, unduly burdensome and unintelligible, including in that it seeks all
16  documents on this subject without limitation as to time, and regardless of whether
17  such documents relate to products or matters at issue in this case. Mattel further
18  objects to the Request on the grounds that it seeks documents that are not relevant to
19  this action or likely to lead to the discovery of admissible evidence. Mattel further
20  objects to this Request on the grounds that it calls for documents or information in
21  the possession, custody or control of MGA, including without limitation documents
22  and information that MGA has been compelled by Court orders to produce but has
23  not produced. Mattel further objects to this Request on the grounds that it seeks
24  confidential, proprietary and trade secret information, including such information
25  that has no bearing on the claims or defenses in this case. Mattel further objects to
26  this Request on the grounds that it calls for the disclosure of information subject to
27  the attorney-client privilege, the attorney work product doctrine and other applicable
28  privileges.

1  Subject to the foregoing objections, Mattel responds as follows: Mattel will
2  produce responsive, non-privileged documents relating to James Brian Huntley's
3  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
4  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
5  has been able to locate after a diligent search and reasonable inquiry, to the extent
6  not previously produced.

7  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 266:**

8  In addition to the general objections stated above which are incorporated
9  herein by reference, Mattel objects to this Request on the grounds that it is
10 overbroad, unduly burdensome and unintelligible, including in that it seeks all
11 documents on this subject without limitation as to time, and regardless of whether
12 such documents relate to products or matters at issue in this case. Mattel further
13 objects to the Request on the grounds that it seeks documents that are not relevant to
14 this action or likely to lead to the discovery of admissible evidence. Mattel further
15 objects to this Request on the grounds that it calls for documents or information in
16 the possession, custody or control of MGA, including without limitation documents
17 and information that MGA has been compelled by Court orders to produce but has
18 not produced. Mattel further objects to this Request on the grounds that it seeks
19 confidential, proprietary and trade secret information,

20 including such information that has no bearing on the claims or defenses in
21 this case. Mattel further objects to this Request on the grounds that it calls for the
22 disclosure of information subject to the attorney-client privilege, the attorney work
23 product doctrine and other applicable privileges.

24 Subject to the foregoing objections, Mattel responds as follows: Mattel will
25 produce responsive, non-privileged documents relating to James Brian Huntley's
26 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
27 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
28

1    has been able to locate after a diligent search and reasonable inquiry, to the extent
2    not previously produced.

3    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
4    **TO SHOULD BE COMPELLED**

5           Mattel has improperly limited its agreement to produce documents in
6    response to this request, subject to its improper boilerplate objections. Mattel has
7    refused to confirm whether or not it has produced all non-privileged responsive
8    documents or whether it is withholding documents based on its objections in Phase
9    2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
10   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
11   Generic objections that fail to explain the basis for an objection with specificity are
12   routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
13   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
14   'overly burdensome and harassing' are improper – especially when a party fails to
15   submit any evidentiary declarations supporting such objections"). Accordingly,
16   Mattel must be compelled either to certify that it has produced all non-privileged
17   responsive documents or to produce all such documents by a date certain.

18          To the extent that Mattel is relying on its blanket objections, they are not
19   sustainable and do not justify Mattel's failure to produce documents.

20          As to overbreadth, Mattel provides no explanation, let alone the required
21   particularity, as to why this request is supposedly overly broad, nor can it do so.
22   This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
23   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
24   contrary, the request is narrowly tailored to seek documents in Mattel's possession,
25   custody, or control concerning Huntley's alleged knowledge of "MGA's access to
26   Mattel's intellectual property and trade secrets" and "MGA's business practices."
27   This area of information is taken directly from Mattel's allegations regarding

28

1 | Huntley in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated
2 | Initial Disclosures, dated Jan. 5, 2007, p. 9).

3 | As to burden, Mattel has not attempted to demonstrate why responding to this
4 | request and/or producing responsive documents presents any burden. This objection
5 | must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
6 | F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7 | unduly burdensome must allege specific facts which indicate the nature and extent
8 | of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
9 | unduly burdensome, as noted above, in that the request is narrowly tailored to seek
10 | only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
11 | secrets. MGA is entitled to discovery on this claim.

12 | This request does not seek documents protected by the attorney-client
13 | privilege, the attorney work product doctrine, or other applicable privileges. To the
14 | extent that Mattel contends that it does, Mattel must provide a privilege log.

15 | This request seeks relevant information. Mattel identified Huntley in its
16 | initial disclosures an individual with discoverable knowledge regarding "MGA's
17 | access to Mattel's intellectual property and trade secrets" and "MGA business
18 | practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
19 | Jan. 5, 2007, p. 9). Accordingly, Mattel's initial disclosures demonstrate the
20 | relevance of this request. Further, this information is relevant to, among other
21 | things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
22 | MGA's affirmative defenses of statute of limitations and laches.

23 | Mattel's objection that the request seeks information within MGA's
24 | possession, custody or control is nonsensical and lacks factual support. Mattel
25 | makes no argument, let alone a factual showing, that any documents in MGA's
26 | possession are duplicative of documents within Mattel's control. MGA is entitled to
27 | discovery from Mattel of documents within its possession, custody, or control that
28 |

1  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
2  conclusory statement that MGA also possesses responsive documents.

3      Mattel's objection that the request seeks confidential, proprietary, and trade
4  secret information should be disregarded. The parties have entered into a protective
5  order in this matter, which governs the handling of confidential business
6  information. Further, Mattel has put its confidential business information at issue in
7  this litigation, including but not limited to its trade secret misappropriation claim
8  Accordingly, it cannot resist discovery of confidential business information.

9      Finally, Mattel has improperly limited its agreement to produce to "the facts
10  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
11  the individual is identified as being knowledgeable about certain topics in Mattel's
12  initial disclosures, Mattel's obligation to produce does not end with the facts that it
13  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
14  information from the individual on the topics identified, regardless of whether it
15  supports the facts as alleged by Mattel, MGA, or any other party. See Order
16  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
17  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
18  MGA might be excluding documents that are responsive to the request based upon
19  its unilateral determination of what is 'relevant' or 'sufficient.'").

20      None of Mattel's improper objections are valid and Mattel is obligated to
21  produce all non-privileged responsive documents in its possession, custody, or
22  control.

23  **MATTEL'S RESPONSE:**

24      MGA ignores that (i) Mattel has produced its non-privileged, responsive
25  documents, as it agreed to do, and that (ii) most information sought by this request is
26  within MGA's possession, custody or control, and is equally if not more readily
27  available to MG Huntley is an employee of MGA. MGA gives no reason why it
28  requests information from Mattel regarding its *own company* and its *own employee*,

1   other than to say that "this area of information is taken directly from Mattel's

2   allegations regarding Huntley in its initial disclosures." Indeed, it appears that

3   MGA merely cut and paste its request from Mattel's initial disclosures without

4   consideration as to what information Mattel may have that is already within MGA's

5   possession, custody or control.

6          MGA's conclusory arguments also ignore that the Request is facially

7   overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of

8   Civil Procedure do not permit MGA to use broad discovery requests untethered to

9   any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion

10  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

11  See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

12  Cir. 2004) ("District courts need not condone the use of discovery to engage in

13  'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to

14  Huntley's knowledge of extremely broad subjects—including

15            MGA makes no attempt to link this request with the claims and defenses

16  in this case. For example, Huntley may have knowledge of MGA's retirement plans,

17  health benefits, OSHA compliance, sexual harassment policies, or any number of

18  subjects regarding business practices at MGA which clearly fall outside the narrow

19  scope required by the Discovery Master. Because MGA has not linked its broad

20  request to any of the numerous and far-ranging allegations of unfair competition set

21  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth

22  objection.

23         The term "RELATING TO … alleged knowledge" as used in the request is

24  likewise overbroad. The universe of documents that could "relate" to Huntley's

25  knowledge are potentially without limit. The request is not confined to documents

26  in Huntley's possession or control; rather, all documents containing information that

27  Huntley coincidentally knows about the subjects at issue are subsumed within this

28  request.

1    MGA complains that Mattel has limited its responses regarding individuals in

2 Mattel's Initial Disclosures to information "as alleged in Mattel's initial

3 disclosures." Mattel has produced all information as to these individuals that is

4 relevant or pertinent to this litigation. There is nothing to compel.

5    Quite simply, there is nothing to compel. Mattel has produced responsive,

6 non-privileged documents relating to Huntley's knowledge of the facts at issue in

7 this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

8 possession, custody or control.

9 **REQUEST FOR PRODUCTION NO. 267:**

10    All DOCUMENTS REFERRING OR RELATING TO Ricardo Ibarra's

11 alleged knowledge of "MGA's theft of Mattel's intellectual property and trade

12 secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

13 **RESPONSE TO REQUEST NO. 267:**

14    In addition to the general objections stated above which are incorporated

15 herein by reference, Mattel objects to this Request on the grounds that it is

16 overbroad, unduly burdensome and unintelligible, including in that it seeks all

17 documents on this subject without limitation as to time, and regardless of whether

18 such documents relate to products or matters at issue in this case. Mattel further

19 objects to the Request on the grounds that it seeks documents that are not relevant to

20 this action or likely to lead to the discovery of admissible evidence. Mattel further

21 objects to this Request on the grounds that it seeks confidential, proprietary and

22 trade secret information, including such information that has no bearing on the

23 claims or defenses in this case. Mattel further objects to this Request on the ground

24 that it calls for the disclosure of information subject to the attorney-client privilege

25 the attorney work-product doctrine and other applicable privileges.

26    Subject to the foregoing objections, Mattel responds as follows: Mattel will

27 produce responsive, non-privileged documents relating to Ricardo Ibarra's

28 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

1  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

2  has been able to locate after a diligent search and reasonable inquiry, to the extent

3  not previously produced.

4  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 267:**

5      In addition to the general objections stated above which are incorporated

6  herein by reference, Mattel objects to this Request on the grounds that it is

7  overbroad, unduly burdensome and unintelligible, including in that it seeks all

8  documents on this subject without limitation as to time, and regardless of whether

9  such documents relate to products or matters at issue in this case. Mattel further

10  objects to the Request on the grounds that it seeks documents that are not relevant to

11  this action or likely to lead to the discovery of admissible evidence. Mattel further

12  objects to this Request on the grounds that it seeks confidential, proprietary and

13  trade secret information, including such information that has no bearing on the

14  claims or defenses in this case. Mattel further objects to this Request on the ground

15  that it calls for the disclosure of information subject to the attorney-client privilege

16  the attorney work-product doctrine and other applicable privileges.

17      Subject to the foregoing objections, Mattel responds as follows: Mattel will

18  produce responsive, non-privileged documents relating to Ricardo Ibarra's

19  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

20  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

21  has been able to locate after a diligent search and reasonable inquiry, to the extent

22  not previously produced.

23  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

24  **TO SHOULD BE COMPELLED**

25      Mattel has improperly limited its agreement to produce documents in

26  response to this request, subject to its improper boilerplate objections. Mattel has

27  refused to confirm whether or not it has produced all non-privileged responsive

28  documents or whether it is withholding documents based on its objections in Phase

-432

2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Ibarra's alleged knowledge of "MGA's theft of Mattel's intellectual property and trade secrets." This area of information is taken directly from Mattel's allegations regarding Ibarra in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek

1  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
2  secrets. MGA is entitled to discovery on this claim.

3      This request does not seek documents protected by the attorney-client
4  privilege, the attorney work product doctrine, or other applicable privileges. To the
5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6      This request seeks relevant information. Mattel identified Ibarra in its initial
7  disclosures an individual with discoverable knowledge regarding "MGA's theft of
8  Mattel's intellectual property and trade secrets." Rutowski Decl. Ex. 56 (Mattel's
9  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9). Accordingly, Mattel's
10  initial disclosures demonstrate the relevance of this request. Further, this
11  information is relevant to, among other things, Mattel's trade secret defense, MGA's
12  claims of trade dress infringement, and MGA's affirmative defenses of statute of
13  limitations and laches.

14      Mattel's objection that the request seeks confidential, proprietary, and trade
15  secret information should be disregarded. The parties have entered into a protective
16  order in this matter, which governs the handling of confidential business
17  information. Further, Mattel has put its confidential business information at issue in
18  this litigation, including but not limited to its trade secret misappropriation claim
19  Accordingly, it cannot resist discovery of confidential business information.

20      Finally, Mattel has improperly limited its agreement to produce to "the facts
21  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
22  the individual is identified as being knowledgeable about certain topics in Mattel's
23  initial disclosures, Mattel's obligation to produce does not end with the facts that it
24  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
25  information from the individual on the topics identified, regardless of whether it
26  supports the facts as alleged by Mattel, MGA, or any other party. See Order
27  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
28  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

-434-

1   MGA might be excluding documents that are responsive to the request based upon
2   its unilateral determination of what is 'relevant' or 'sufficient.'").

3        None of Mattel's improper objections are valid and Mattel is obligated to
4   produce all non-privileged responsive documents in its possession, custody, or
5   control.

6   **MATTEL'S RESPONSE:**

7        The term "RELATING TO ... alleged knowledge" as used in the request is
8   likewise overbroad.  The universe of documents that could "relate" to Ibarra's
9   knowledge are potentially without limit.  The request is not confined to documents
10  in Ibarra's possession or control; rather, all documents containing information that
11  Ibarra coincidentally knows about the subjects at issue are subsumed within this
12  request.

13       MGA complains that Mattel has limited its responses  regarding individuals in
14  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
15  disclosures."  Mattel has produced all information as to these individuals that is
16  relevant or pertinent to this litigation.  There is nothing to compel.

17       Quite simply, there is nothing to compel.  Mattel has produced responsive,
18  non-privileged documents relating to Ibarra's knowledge of the facts at issue in this
19  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
20  custody or control.

21  **REQUEST FOR PRODUCTION NO. 268:**

22       All DOCUMENTS in Ricardo Ibarra's possession or control REFERRING
23  OR RELATING TO his alleged knowledge of "MGA's theft of Mattel's intellectual
24  property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

25  **RESPONSE TO REQUEST NO. 268:**

26       In addition to the general objections stated above which are incorporated
27  herein by reference, Mattel objects to this Request on the grounds that it is
28  overbroad, unduly burdensome and unintelligible, including in that it seeks all

-435-

1  documents on this subject without limitation as to time, and regardless of whether
2  such documents relate to products or matters at issue in this case. Mattel further
3  objects to the Request on the grounds that it seeks documents that are not relevant to
4  this action or likely to lead to the discovery of admissible evidence. Mattel further
5  objects to this Request on the grounds that it seeks confidential, proprietary and
6  trade secret information, including such information that has no bearing on the
7  claims or defenses in this case. Mattel further objects to this Request on the ground
8  that it calls for the disclosure of information subject to the attorney-client privilege
9  the attorney work-product doctrine and other applicable privileges.

10  Subject to the foregoing objections, Mattel responds as follows: Mattel will
11  produce responsive, non-privileged documents relating to Ricardo Ibarra's
12  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
13  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
14  has been able to locate after a diligent search and reasonable inquiry, to the extent
15  not previously produced.

16  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 268:**

17  In addition to the general objections stated above which are incorporated
18  herein by reference, Mattel objects to this Request on the grounds that it is
19  overbroad, unduly burdensome and unintelligible, including in that it seeks all
20  documents on this subject without limitation as to time, and regardless of whether
21  such documents relate to products or matters at issue in this case. Mattel further
22  objects to the Request on the grounds that it seeks documents that are not relevant to
23  this action or likely to lead to the discovery of admissible evidence. Mattel further
24  objects to this Request on the grounds that it seeks confidential, proprietary and
25  trade secret information, including such information that has no bearing on the
26  claims or defenses in this case. Mattel further objects to this Request on the ground
27  that it calls for the disclosure of information subject to the attorney-client privilege
28  the attorney work-product doctrine and other applicable privileges.

1    Subject to the foregoing objections, Mattel responds as follows: Mattel will

2   produce responsive, non-privileged documents relating to Ricardo Ibarra's

3   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

4   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

5   has been able to locate after a diligent search and reasonable inquiry, to the extent

6   not previously produced.

7   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

8   **TO SHOULD BE COMPELLED**

9    Mattel has improperly limited its agreement to produce documents in

10  response to this request, subject to its improper boilerplate objections. Mattel has

11  refused to confirm whether or not it has produced all non-privileged responsive

12  documents or whether it is withholding documents based on its objections in Phase

13  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

14  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

15  Generic objections that fail to explain the basis for an objection with specificity are

16  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

17  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

18  'overly burdensome and harassing' are improper – especially when a party fails to

19  submit any evidentiary declarations supporting such objections"). Accordingly,

20  Mattel must be compelled either to certify that it has produced all non-privileged

21  responsive documents or to produce all such documents by a date certain.

22   To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24   As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to why this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

28  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

1   custody, or control concerning Ibarra's alleged knowledge of "MGA's theft of

2   Mattel's intellectual property and trade secrets."  This area of information is taken

3   directly from Mattel's allegations regarding Ibarra in its initial disclosures.

4   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

5   p. 9).

6        As to burden, Mattel has not attempted to demonstrate why responding to this

7   request and/or producing responsive documents presents any burden.  This objection

8   must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

9   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

10  unduly burdensome must allege specific facts which indicate the nature and extent

11  of the burden, usually by affidavit or other reliable evidence.").

12       Moreover, it is not unduly burdensome, as noted above, in that the request is

13  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

14  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

15       This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18       This request seeks relevant information.  Mattel identified Ibarra in its initial

19  disclosures an individual with discoverable knowledge regarding "MGA's theft of

20  Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's

21  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9).  Accordingly, Mattel's

22  initial disclosures demonstrate the relevance of this request.  Further, this

23  information is relevant to, among other things, Mattel's trade secret defense, MGA's

24  claims of trade dress infringement, and MGA's affirmative defenses of statute of

25  limitations and laches.

26       Mattel's objection that the request seeks confidential, proprietary, and trade

27  secret information should be disregarded.  The parties have entered into a protective

28  order in this matter, which governs the handling of confidential business

-438-

1   information. Further, Mattel has put its confidential business information at issue in

2   this litigation, including but not limited to its trade secret misappropriation claim

3   Accordingly, it cannot resist discovery of confidential business information.

4        Finally, Mattel has improperly limited its agreement to produce to "the facts

5   at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

6   the individual is identified as being knowledgeable about certain topics in Mattel's

7   initial disclosures, Mattel's obligation to produce does not end with the facts that it

8   has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

9   information from the individual on the topics identified, regardless of whether it

10   supports the facts as alleged by Mattel, MGA, or any other party. See Order

11   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

12   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

13   MGA might be excluding documents that are responsive to the request based upon

14   its unilateral determination of what is 'relevant' or 'sufficient.'").

15        None of Mattel's improper objections are valid and Mattel is obligated to

16   produce all non-privileged responsive documents in its possession, custody, or

17   control.

18   **MATTEL'S RESPONSE:**

19        MGA complains that Mattel has limited its responses regarding individuals in

20   Mattel's Initial Disclosures to information "as alleged in Mattel's initial

21   disclosures." Mattel has produced all information as to these individuals that is

22   relevant or pertinent to this litigation. There is nothing to compel.

23        Quite simply, there is nothing to compel. Mattel has produced responsive,

24   non-privileged documents relating to Ibarra's knowledge of the facts at issue in this

25   litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

26   custody or control.

27

28

1  **REQUEST FOR PRODUCTION NO. 269:**

2       All DOCUMENTS in Mattel de Mexico, S.A. de C.V.'s possession or control

3  REFERRING OR RELATING TO Ricardo Ibarra's alleged knowledge of "MGA's

4  theft of Mattel's intellectual property and trade secrets," as alleged in MATTEL'S

5  INITIAL DISCLOSURES.

6  **RESPONSE TO REQUEST NO. 269:**

7       In addition to the general objections stated above which are incorporated

8  herein by reference, Mattel objects to this Request on the grounds that it is

9  overbroad, unduly burdensome and unintelligible, including in that it seeks all

10 documents on this subject without limitation as to time, and regardless of whether

11 such documents relate to products or matters at issue in this case.  Mattel further

12 objects to the Request on the grounds that it seeks documents that are not relevant to

13 this action or likely to lead to the discovery of admissible evidence.  Mattel further

14 objects to this Request on the grounds that it seeks confidential, proprietary and

15 trade secret information, including such information that has no bearing on the

16 claims or defenses in this case.  Mattel further objects to this Request on the ground

17 that it seeks documents that are not in the possession of Mattel, and any production

18 by Mattel pursuant to this Request is solely to facilitate discovery and does not

19 constitute a concession that Mattel de Mexico, S.A. de C.V. is under the control of

20 Mattel.  Mattel further objects to this Request on the grounds that it calls for the

21 disclosure of information subject to the attorney-client privilege, the attorney work

22 product doctrine and other applicable privileges.

23      Subject to the foregoing objections, Mattel responds as follows: Mattel will

24 produce responsive, non-privileged documents relating to Ricardo Ibarra's

25 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

26 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

27 has been able to locate after a diligent search and reasonable inquiry, to the extent

28 not previously produced.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 269:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the ground that it seeks documents that are not in the possession of Mattel, and any production by Mattel pursuant to this Request is solely to facilitate discovery and does not constitute a concession that Mattel de Mexico, S.A. de C.V. is under the control of Mattel. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Ricardo Ibarra's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive

-441-

1  documents or whether it is withholding documents based on its objections in Phase
2  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
3  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
4  Generic objections that fail to explain the basis for an objection with specificity are
5  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
6  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
7  'overly burdensome and harassing' are improper – especially when a party fails to
8  submit any evidentiary declarations supporting such objections"). Accordingly,
9  Mattel must be compelled either to certify that it has produced all non-privileged
10 responsive documents or to produce all such documents by a date certain.

11     To the extent that Mattel is relying on its blanket objections, they are not
12 sustainable and do not justify Mattel's failure to produce documents.

13     As to overbreadth, Mattel provides no explanation, let alone the required
14 particularity, as to why this request is supposedly overly broad, nor can it do so.
15 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
16 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
17 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
18 custody, or control concerning Ibarra's alleged knowledge of "MGA's theft of
19 Mattel's intellectual property and trade secrets." This area of information is taken
20 directly from Mattel's allegations regarding Ibarra in its initial disclosures.
21 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
22 p. 9).

23     As to burden, Mattel has not attempted to demonstrate why responding to this
24 request and/or producing responsive documents presents any burden. This objection
25 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
26 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
27 unduly burdensome must allege specific facts which indicate the nature and extent
28 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

-442

1   unduly burdensome, as noted above, in that the request is narrowly tailored to seek

2   only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

3   secrets. MGA is entitled to discovery on this claim.

4       This request does not seek documents protected by the attorney-client

5   privilege, the attorney work product doctrine, or other applicable privileges. To the

6   extent that Mattel contends that it does, Mattel must provide a privilege log.

7       This request seeks relevant information. Mattel identified Ibarra in its initial

8   disclosures an individual with discoverable knowledge regarding "MGA's theft of

9   Mattel's intellectual property and trade secrets." Rutowski Decl. Ex. 56 (Mattel's

10  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9). Accordingly, Mattel's

11  initial disclosures demonstrate the relevance of this request. Further, this

12  information is relevant to, among other things, Mattel's trade secret defense, MGA's

13  claims of trade dress infringement, and MGA's affirmative defenses of statute of

14  limitations and laches.

15      Mattel's objection that the request seeks confidential, proprietary, and trade

16  secret information should be disregarded. The parties have entered into a protective

17  order in this matter, which governs the handling of confidential business

18  information. Further, Mattel has put its confidential business information at issue in

19  this litigation, including but not limited to its trade secret misappropriation claim

20  Accordingly, it cannot resist discovery of confidential business information.

21      Finally, Mattel has improperly limited its agreement to produce to "the facts

22  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

23  the individual is identified as being knowledgeable about certain topics in Mattel's

24  initial disclosures, Mattel's obligation to produce does not end with the facts that it

25  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

26  information from the individual on the topics identified, regardless of whether it

27  supports the facts as alleged by Mattel, MGA, or any other party. See Order

28  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

-443-

1  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
2  MGA might be excluding documents that are responsive to the request based upon
3  its unilateral determination of what is 'relevant' or 'sufficient.'").

4      None of Mattel's improper objections are valid and Mattel is obligated to
5  produce all non-privileged responsive documents in its possession, custody, or
6  control.

7  **MATTEL'S RESPONSE:**

8      MGA complains that Mattel has limited its responses regarding individuals in
9  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
10 disclosures." Mattel has produced all information as to these individuals that is
11 relevant or pertinent to this litigation. There is nothing to compel.

12     Quite simply, there is nothing to compel. Mattel has produced responsive,
13 non-privileged documents relating to Ibarra's knowledge of the facts at issue in this
14 litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
15 custody or control.

16 **REQUEST FOR PRODUCTION NO. 270:**

17     All DOCUMENTS REFERRING OR RELATING TO Roberto Isaias's
18 alleged knowledge of "MGA's theft of Mattel's intellectual property and trade
19 secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

20 **RESPONSE TO REQUEST NO. 270:**

21     In addition to the general objections stated above which are incorporated
22 herein by reference, Mattel objects to this Request on the grounds that it is
23 overbroad, unduly burdensome and unintelligible, including in that it seeks all
24 documents on this subject without limitation as to time, and regardless of whether
25 such documents relate to products or matters at issue in this case. Mattel further
26 objects to the Request on the grounds that it seeks documents that are not relevant to
27 this action or likely to lead to the discovery of admissible evidence. Mattel further
28 objects to this Request on the grounds that it seeks confidential, proprietary and

1  trade secret information, including such information that has no bearing on the

2  claims or defenses in this case. Mattel further objects to this Request on the ground

3  that it calls for the disclosure of information subject to the attorney-client privilege

4  the attorney work-product doctrine and other applicable privileges.

5       Subject to the foregoing objections, Mattel responds as follows: Mattel will

6  produce responsive, non-privileged documents relating to Roberto Isaias's

7  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

8  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

9  has been able to locate after a diligent search and reasonable inquiry, to the extent

10  not previously produced.

11  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 270:**

12       In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it is

14  overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case. Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant to

18  this action or likely to lead to the discovery of admissible evidence. Mattel further

19  objects to this Request on the grounds that it seeks confidential, proprietary and

20  trade secret information, including such information that has no bearing on the

21  claims or defenses in this case. Mattel further objects to this Request on the ground

22  that it calls for the disclosure of information subject to the attorney-client privilege

23  the attorney work-product doctrine and other applicable privileges.

24       Subject to the foregoing objections, Mattel responds as follows: Mattel will

25  produce responsive, non-privileged documents relating to Roberto Isaias's

26  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

27  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

28

1 | has been able to locate after a diligent search and reasonable inquiry, to the extent
2 | not previously produced.

3 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
4 | **TO SHOULD BE COMPELLED**

5 |     Mattel has improperly limited its agreement to produce documents in
6 | response to this request, subject to its improper boilerplate objections. Mattel has
7 | refused to confirm whether or not it has produced all non-privileged responsive
8 | documents or whether it is withholding documents based on its objections in Phase
9 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
10 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
11 | Generic objections that fail to explain the basis for an objection with specificity are
12 | routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
13 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
14 | 'overly burdensome and harassing' are improper – especially when a party fails to
15 | submit any evidentiary declarations supporting such objections"). Accordingly,
16 | Mattel must be compelled either to certify that it has produced all non-privileged
17 | responsive documents or to produce all such documents by a date certain.

18 |     To the extent that Mattel is relying on its blanket objections, they are not
19 | sustainable and do not justify Mattel's failure to produce documents.

20 |     As to overbreadth, Mattel provides no explanation, let alone the required
21 | particularity, as to why this request is supposedly overly broad, nor can it do so.
22 | This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
23 | (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
24 | contrary, the request is narrowly tailored to seek documents in Mattel's possession,
25 | custody, or control concerning Isaias's alleged knowledge of "MGA's theft of
26 | Mattel's intellectual property and trade secrets." This area of information is taken
27 | directly from Mattel's allegations regarding Isaias in its initial disclosures.

28 |

1  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
2  p. 9).

3       As to burden, Mattel has not attempted to demonstrate why responding to this
4  request and/or producing responsive documents presents any burden. This objection
5  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
6  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7  unduly burdensome must allege specific facts which indicate the nature and extent
8  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
9  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
10 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
11 secrets. MGA is entitled to discovery on this claim.

12      This request does not seek documents protected by the attorney-client
13 privilege, the attorney work product doctrine, or other applicable privileges. To the
14 extent that Mattel contends that it does, Mattel must provide a privilege log.

15      This request seeks relevant information. Mattel identified Isaias in its initial
16 disclosures an individual with discoverable knowledge regarding "MGA's theft of
17 Mattel's intellectual property and trade secrets." Rutowski Decl. Ex. 56 (Mattel's
18 Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9). Accordingly, Mattel's
19 initial disclosures demonstrate the relevance of this request. Further, this
20 information is relevant to, among other things, Mattel's trade secret defense, MGA's
21 claims of trade dress infringement, and MGA's affirmative defenses of statute of
22 limitations and laches.

23      Mattel's objection that the request seeks confidential, proprietary, and trade
24 secret information should be disregarded. The parties have entered into a protective
25 order in this matter, which governs the handling of confidential business
26 information. Further, Mattel has put its confidential business information at issue in
27 this litigation, including but not limited to its trade secret misappropriation claim
28 Accordingly, it cannot resist discovery of confidential business information.

1      Finally, Mattel has improperly limited its agreement to produce to "the facts

2  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

3  the individual is identified as being knowledgeable about certain topics in Mattel's

4  initial disclosures, Mattel's obligation to produce does not end with the facts that it

5  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

6  information from the individual on the topics identified, regardless of whether it

7  supports the facts as alleged by Mattel, MGA, or any other party.  <u>See</u> Order

8  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

9  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

10  MGA might be excluding documents that are responsive to the request based upon

11  its unilateral determination of what is 'relevant' or 'sufficient.'").

12      None of Mattel's improper objections are valid and Mattel is obligated to

13  produce all non-privileged responsive documents in its possession, custody, or

14  control.

15  **MATTEL'S RESPONSE:**

16      The term "RELATING TO … alleged knowledge" as used in the request is

17  likewise overbroad.  The universe of documents that could "relate" to Isaias's

18  knowledge are potentially without limit.  The request is not confined to documents

19  in Isaias's possession or control; rather, all documents containing information that

20  Isaias coincidentally knows about the subjects at issue are subsumed within this

21  request.

22      MGA complains that Mattel has limited its responses  regarding individuals in

23  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

24  disclosures."  Mattel has produced all information as to these individuals that is

25  relevant or pertinent to this litigation.  There is nothing to compel.

26      Quite simply, there is nothing to compel.  Mattel has produced responsive,

27  non-privileged documents relating to Isaias's knowledge of the facts at issue in this

28

1  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
2  custody or control.

3  **REQUEST FOR PRODUCTION NO. 271:**

4      All DOCUMENTS in Roberto Isaias's possession or control REFERRING
5  OR RELATING TO his alleged knowledge of "MGA's theft of Mattel's intellectual
6  property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

7  **RESPONSE TO REQUEST NO. 271:**

8      In addition to the general objections stated above which are incorporated
9  herein by reference, Mattel objects to this Request on the grounds that it is
10 overbroad, unduly burdensome and unintelligible, including in that it seeks all
11 documents on this subject without limitation as to time, and regardless of whether
12 such documents relate to products or matters at issue in this case. Mattel further
13 objects to the Request on the grounds that it seeks documents that are not relevant to
14 this action or likely to lead to the discovery of admissible evidence. Mattel further
15 objects to this Request on the grounds that it seeks confidential, proprietary and
16 trade secret information, including such information that has no bearing on the
17 claims or defenses in this case. Mattel further objects to this Request on the ground
18 that it calls for the disclosure of information subject to the attorney-client privilege
19 the attorney work-product doctrine and other applicable privileges.

20     Subject to the foregoing objections, Mattel responds as follows: Mattel will
21 produce responsive, non-privileged documents relating to Roberto Isaias's
22 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
23 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
24 has been able to locate after a diligent search and reasonable inquiry, to the extent
25 not previously produced.

26 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 271:**

27     In addition to the general objections stated above which are incorporated
28 herein by reference, Mattel objects to this Request on the grounds that it s

-449-

1 overbroad, unduly burdensome and unintelligible, including in that it seeks all
2 documents on this subject without limitation as to time, and regardless of whether
3 such documents relate to products or matters at issue in this case. Mattel further
4 objects to the Request on the grounds that it seeks documents that are not relevant to
5 this action or likely to lead to the discovery of admissible evidence. Mattel further
6 objects to this Request on the grounds that it seeks confidential, proprietary and
7 trade secret information, including such information that has no bearing on the
8 claims or defenses in this case. Mattel further objects to this Request on the ground
9 that it calls for the disclosure of information subject to the attorney-client privilege
10 the attorney work-product doctrine and other applicable privileges.

11 Subject to the foregoing objections, Mattel responds as follows: Mattel will
12 produce responsive, non-privileged documents relating to Roberto Isaias's
13 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
14 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
15 has been able to locate after a diligent search and reasonable inquiry, to the extent
16 not previously produced.

17 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
18 **TO SHOULD BE COMPELLED**

19 Mattel has improperly limited its agreement to produce documents in
20 response to this request, subject to its improper boilerplate objections. Mattel has
21 refused to confirm whether or not it has produced all non-privileged responsive
22 documents or whether it is withholding documents based on its objections in Phase
23 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
24 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
25 Generic objections that fail to explain the basis for an objection with specificity are
26 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
27 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
28 'overly burdensome and harassing' are improper – especially when a party fails to

1  submit any evidentiary declarations supporting such objections"). Accordingly,
2  Mattel must be compelled either to certify that it has produced all non-privileged
3  responsive documents or to produce all such documents by a date certain.

4      To the extent that Mattel is relying on its blanket objections, they are not
5  sustainable and do not justify Mattel's failure to produce documents.

6      As to overbreadth, Mattel provides no explanation, let alone the required
7  particularity, as to why this request is supposedly overly broad, nor can it do so.
8  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
9  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
10 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
11 custody, or control concerning Isaias's alleged knowledge of "MGA's theft of
12 Mattel's intellectual property and trade secrets." This area of information is taken
13 directly from Mattel's allegations regarding Isaias in its initial disclosures.
14 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
15 p. 9).

16     As to burden, Mattel has not attempted to demonstrate why responding to this
17 request and/or producing responsive documents presents any burden. This objection
18 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
19 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
20 unduly burdensome must allege specific facts which indicate the nature and extent
21 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
22 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
23 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
24 secrets. MGA is entitled to discovery on this claim.

25     This request does not seek documents protected by the attorney-client
26 privilege, the attorney work product doctrine, or other applicable privileges. To the
27 extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1    This request seeks relevant information. Mattel identified Isaias in its initial
2    disclosures an individual with discoverable knowledge regarding "MGA's theft of
3    Mattel's intellectual property and trade secrets." Rutowski Decl. Ex. 56 (Mattel's
4    Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9). Accordingly, Mattel's
5    initial disclosures demonstrate the relevance of this request. Further, this
6    information is relevant to, among other things, Mattel's trade secret defense, MGA's
7    claims of trade dress infringement, and MGA's affirmative defenses of statute of
8    limitations and laches.

9    Mattel's objection that the request seeks confidential, proprietary, and trade
10   secret information should be disregarded. The parties have entered into a protective
11   order in this matter, which governs the handling of confidential business
12   information. Further, Mattel has put its confidential business information at issue in
13   this litigation, including but not limited to its trade secret misappropriation claim.
14   Accordingly, it cannot resist discovery of confidential business information.

15   Finally, Mattel has improperly limited its agreement to produce to "the facts
16   at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
17   the individual is identified as being knowledgeable about certain topics in Mattel's
18   initial disclosures, Mattel's obligation to produce does not end with the facts that it
19   has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
20   information from the individual on the topics identified, regardless of whether it
21   supports the facts as alleged by Mattel, MGA, or any other party. See Order
22   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
23   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
24   MGA might be excluding documents that are responsive to the request based upon
25   its unilateral determination of what is 'relevant' or 'sufficient.'").

26   None of Mattel's improper objections are valid and Mattel is obligated to
27   produce all non-privileged responsive documents in its possession, custody, or
28   control.

1  **MATTEL'S RESPONSE:**

2       MGA complains that Mattel has limited its responses regarding individuals in

3  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

4  disclosures." Mattel has produced all information as to these individuals that is

5  relevant or pertinent to this litigation. There is nothing to compel.

6       Quite simply, there is nothing to compel. Mattel has produced responsive,

7  non-privileged documents relating to Isaias's knowledge of the facts at issue in this

8  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

9  custody or control.

10  **REQUEST FOR PRODUCTION NO. 272:**

11       All DOCUMENTS in Mattel Chile, S.A.'s possession or control

12  REFERRING OR RELATING TO Roberto Isaias's alleged knowledge of "MGA's

13  theft of Mattel's intellectual property and trade secrets," as alleged in MATTEL'S

14  INITIAL DISCLOSURES.

15  **RESPONSE TO REQUEST NO. 272:**

16       In addition to the general objections stated above which are incorporated

17  herein by reference, Mattel objects to this Request on the grounds that it is

18  overbroad, unduly burdensome and unintelligible, including in that it seeks all

19  documents on this subject without limitation as to time, and regardless of whether

20  such documents relate to products or matters at issue in this case. Mattel further

21  objects to the Request on the grounds that it seeks documents that are not relevant to

22  this action or likely to lead to the discovery of admissible evidence. Mattel further

23  objects to this Request on the grounds that it seeks confidential, proprietary and

24  trade secret information, including such information that has no bearing on the

25  claims or defenses in this case. Mattel further objects to this Request on the ground

26  that it calls for the disclosure of information subject to the attorney-client privilege

27  the attorney work-product doctrine and other applicable privileges.

28

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 272:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the ground that it calls for the disclosure of information subject to the attorney-client privilege the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c) Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1    To the extent that Mattel is relying on its blanket objections, they are not
2  sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required
4  particularity, as to why this request is supposedly overly broad, nor can it do so.
5  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
6  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
7  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
8  custody, or control concerning Isaias's alleged knowledge of "MGA's theft of
9  Mattel's intellectual property and trade secrets." This area of information is taken
10  directly from Mattel's allegations regarding Isaias in its initial disclosures.
11  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
12  p. 9).

13    As to burden, Mattel has not attempted to demonstrate why responding to this
14  request and/or producing responsive documents presents any burden. This objection
15  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
16  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
17  unduly burdensome must allege specific facts which indicate the nature and extent
18  of the burden, usually by affidavit or other reliable evidence.").

19    Moreover, it is not unduly burdensome, as noted above, in that the request is
20  narrowly tailored to seek only discoverable evidence. Mattel has alleged that MGA
21  misappropriated its trade secrets. MGA is entitled to discovery on this claim.

22    This request does not seek documents protected by the attorney-client
23  privilege, the attorney work product doctrine, or other applicable privileges. To the
24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25    This request seeks relevant information. Mattel identified Isaias in its initial
26  disclosures an individual with discoverable knowledge regarding "MGA's theft of
27  Mattel's intellectual property and trade secrets." Rutowski Decl. Ex. 56 (Mattel's
28  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9). Accordingly, Mattel's

1  initial disclosures demonstrate the relevance of this request.  Further, this

2  information is relevant to, among other things, Mattel's trade secret defense, MGA's

3  claims of trade dress infringement, and MGA's affirmative defenses of statute of

4  limitations and laches.

5      Mattel's objection that the request seeks confidential, proprietary, and trade

6  secret information should be disregarded.  The parties have entered into a protective

7  order in this matter, which governs the handling of confidential business

8  information.  Further, Mattel has put its confidential business information at issue in

9  this litigation, including but not limited to its trade secret misappropriation claim

10  Accordingly, it cannot resist discovery of confidential business information.

11      Finally, Mattel has improperly limited its agreement to produce to "the facts

12  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

13  the individual is identified as being knowledgeable about certain topics in Mattel's

14  initial disclosures, Mattel's obligation to produce does not end with the facts that it

15  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

16  information from the individual on the topics identified, regardless of whether it

17  supports the facts as alleged by Mattel, MGA, or any other party.  See Order

18  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

19  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

20  MGA might be excluding documents that are responsive to the request based upon

21  its unilateral determination of what is 'relevant' or 'sufficient.'").

22      None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession, custody, or

24  control.

25  **MATTEL'S RESPONSE:**

26      MGA's conclusory arguments  ignore that the Request is facially overbroad.

27  The Discovery Master has previously ruled that "[t]he Federal Rules of Civil

28  Procedure do not permit MGA to use broad discovery requests untethered to any

-456

1   claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion for

2   protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.  See

3   also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

4   2004) ("District courts need not condone the use of discovery to engage in 'fishing

5   expeditions.'").  Here, MGA seeks all documents referring or relating to Isaias's

6   knowledge of a broad subject.  Because MGA has not linked its broad request to any

7   of the numerous and far-ranging allegations of unfair competition set forth in its

8   complaint, the Discovery Master should uphold Mattel's overbreadth objection.

9        The term "RELATING TO ... alleged knowledge" as used in the request is

10  likewise overbroad.  The universe of documents that could "relate" to Isaias's

11  knowledge are potentially without limit.  The request is not confined to documents

12  in Isaias's possession or control; rather, all documents containing information that

13  Isaias coincidentally knows about the subjects at issue are subsumed within this

14  request.

15       Mattel will not produce documents in Mattel Chile, S.A.'s possession or

16  control relating to Isaias's knowledge.

17  **REQUEST FOR PRODUCTION NO. 273:**

18       All DOCUMENTS REFERRING OR RELATING TO Alice C. Kao's alleged

19  knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and

20  "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

21  **RESPONSE TO REQUEST NO. 273:**

22       In addition to the general objections stated above which are incorporated

23  herein by reference, Mattel objects to this Request on the grounds that it is

24  overbroad, unduly burdensome and unintelligible, including in that it seeks all

25  documents on this subject without limitation as to time, and regardless of whether

26  such documents relate to products or matters at issue in this case.  Mattel further

27  objects to the Request on the grounds that it seeks documents that are not relevant to

28  this action or likely to lead to the discovery of admissible evidence.  Mattel further

-457

1  objects to this Request on the grounds that it calls for documents or information in
2  the possession, custody or control of MGA, including without limitation documents
3  and information that MGA has been compelled by Court orders to produce but has
4  not produced. Mattel further objects to this Request on the grounds that it seeks
5  confidential, proprietary and trade secret information, including such information
6  that has no bearing on the claims or defenses in this case. Mattel further objects to
7  this Request on the grounds that it calls for the disclosure of information subject to
8  the attorney-client privilege, the attorney work product doctrine and other applicable
9  privileges.

10  　　Subject to the foregoing objections, Mattel responds as follows: Mattel will
11  produce responsive, non-privileged documents relating to Alice C. Kao's
12  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
13  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
14  has been able to locate after a diligent search and reasonable inquiry, to the extent
15  not previously produced.

16  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 273:**

17  　　In addition to the general objections stated above which are incorporated
18  herein by reference, Mattel objects to this Request on the grounds that it is
19  overbroad, unduly burdensome and unintelligible, including in that it seeks all
20  documents on this subject without limitation as to time, and regardless of whether
21  such documents relate to products or matters at issue in this case. Mattel further
22  objects to the Request on the grounds that it seeks documents that are not relevant to
23  this action or likely to lead to the discovery of admissible evidence. Mattel further
24  objects to this Request on the grounds that it calls for documents or information in
25  the possession, custody or control of MGA, including without limitation documents
26  and information that MGA has been compelled by Court orders to produce but has
27  not produced. Mattel further objects to this Request on the grounds that it seeks
28  confidential, proprietary and trade secret information, including such information

1   that has no bearing on the claims or defenses in this case. Mattel further objects to

2   this Request on the grounds that it calls for the disclosure of information subject to

3   the attorney-client privilege, the attorney work product doctrine and other applicable

4   privileges.

5        Subject to the foregoing objections, Mattel responds as follows: Mattel will

6   produce responsive, non-privileged documents relating to Alice C. Kao's

7   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

8   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

9   has been able to locate after a diligent search and reasonable inquiry, to the extent

10  not previously produced.

11  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

12  **TO SHOULD BE COMPELLED**

13       Mattel has improperly limited its agreement to produce documents in

14  response to this request, subject to its improper boilerplate objections. Mattel has

15  refused to confirm whether or not it has produced all non-privileged responsive

16  documents or whether it is withholding documents based on its objections in Phase

17  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

18  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

19  Generic objections that fail to explain the basis for an objection with specificity are

20  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

21  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

22  'overly burdensome and harassing' are improper – especially when a party fails to

23  submit any evidentiary declarations supporting such objections"). Accordingly,

24  Mattel must be compelled either to certify that it has produced all non-privileged

25  responsive documents or to produce all such documents by a date certain.

26       To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

1      As to overbreadth, Mattel provides no explanation, let alone the required

2  particularity, as to why this request is supposedly overly broad, nor can it do so.

3  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

4  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

5  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

6  custody, or control concerning Kao's alleged knowledge of "MGA's access to

7  Mattel's intellectual property and trade secrets" and "MGA's business practices."

8  This area of information is taken directly from Mattel's allegations regarding Kao in

9  its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

10  Disclosures, dated Jan. 5, 2007, p. 9).

11      As to burden, Mattel has not attempted to demonstrate why responding to this

12  request and/or producing responsive documents presents any burden. This objection

13  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

14  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

15  unduly burdensome must allege specific facts which indicate the nature and extent

16  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

17  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

18  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

19  secrets. MGA is entitled to discovery on this claim.

20      This request does not seek documents protected by the attorney-client

21  privilege, the attorney work product doctrine, or other applicable privileges. To the

22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23      This request seeks relevant information. Mattel identified Kao in its initial

24  disclosures an individual with discoverable knowledge regarding "MGA's access to

25  Mattel's intellectual property and trade secrets" and "MGA business practices."

26  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

27  p. 9). Accordingly, Mattel's initial disclosures demonstrate the relevance of this

28  request. Further, this information is relevant to, among other things, Mattel's trade

1 | secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
2 | defenses of statute of limitations and laches.

3 |     Mattel's objection that the request seeks information within MGA's
4 | possession, custody or control is nonsensical and lacks factual support. Mattel
5 | makes no argument, let alone a factual showing, that any documents in MGA's
6 | possession are duplicative of documents within Mattel's control. MGA is entitled to
7 | discovery from Mattel of documents within its possession, custody, or control that
8 | relate to the subject of this suit. Mattel cannot avoid this obligation by making a
9 | conclusory statement that MGA also possesses responsive documents.

10 |     Mattel's objection that the request seeks confidential, proprietary, and trade
11 | secret information should be disregarded. The parties have entered into a protective
12 | order in this matter, which governs the handling of confidential business
13 | information. Further, Mattel has put its confidential business information at issue in
14 | this litigation, including but not limited to its trade secret misappropriation claim
15 | Accordingly, it cannot resist discovery of confidential business information.

16 |     Finally, Mattel has improperly limited its agreement to produce to "the facts
17 | at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
18 | the individual is identified as being knowledgeable about certain topics in Mattel's
19 | initial disclosures, Mattel's obligation to produce does not end with the facts that it
20 | has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
21 | information from the individual on the topics identified, regardless of whether it
22 | supports the facts as alleged by Mattel, MGA, or any other party. See Order
23 | Granting Mattel's Motion to Compel Production of Documents and Interrogatory
24 | Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
25 | MGA might be excluding documents that are responsive to the request based upon
26 | its unilateral determination of what is 'relevant' or 'sufficient.'").

27 |
28 |

1    None of Mattel's improper objections are valid and Mattel is obligated to

2 produce all non-privileged responsive documents in its possession, custody, or

3 control.

4 **MATTEL'S RESPONSE:**

5    MGA ignores that (i) Mattel has produced its non-privileged, responsive

6 documents, as it agreed to do, and that (ii) most information sought by this request is

7 within MGA's possession, custody or control, and is equally if not more readily

8 available to MG  Kao is an employee of MGA.  MGA gives no reason why it

9 requests information from Mattel regarding its *own company* and its *own employee*,

10 other than to say that "this area of information is taken directly from Mattel's

11 allegations regarding Kao in its initial disclosures."  Indeed, it appears that MGA

12 merely cut and paste its request from Mattel's initial disclosures without

13 consideration as to what information Mattel may have that is already within MGA's

14 possession, custody or control.

15    MGA's conclusory arguments also ignore that the Request is facially

16 overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of

17 Civil Procedure do not permit MGA to use broad discovery requests untethered to

18 any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion

19 for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

20 See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

21 Cir. 2004) ("District courts need not condone the use of discovery to engage in

22 'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to

23 Kao's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮

24 ▮▮▮▮▮▮   MGA makes no attempt to link this request with the claims and defenses

25 in this case.  For example, Kao may have knowledge of MGA's retirement plans,

26 health benefits, OSHA compliance, sexual harassment policies, or any number of

27 subjects regarding business practices at MGA which clearly fall outside the narrow

28 scope required by the Discovery Master. Because MGA has not linked its broad

1    request to any of the numerous and far-ranging allegations of unfair competition set

2    forth in its complaint, the Discovery Master should uphold Mattel's overbreadth

3    objection.

4       The term "RELATING TO ... alleged knowledge" as used in the request is

5    likewise overbroad. The universe of documents that could "relate" to Kao's

6    knowledge are potentially without limit. The request is not confined to documents

7    in Kao's possession or control; rather, all documents containing information that

8    Kao coincidentally knows about the subjects at issue are subsumed within this

9    request.

10       MGA complains that Mattel has limited its responses  regarding individuals in

11    Mattel's Initial Disclosures to information "as alleged in Mattel's initial

12    disclosures." Mattel has produced all information as to these individuals that is

13    relevant or pertinent to this litigation. There is nothing to compel.

14       Quite simply, there is nothing to compel. Mattel has produced responsive,

15    non-privileged documents relating to Kao's knowledge of the facts at issue in this

16    litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

17    custody or control.

18    **REQUEST FOR PRODUCTION NO. 274:**

19       All DOCUMENTS REFERRING OR RELATING TO Kenneth Kauffmann's

20    alleged knowledge of "MGA's access to Mattel's intellectual property and trade

21    secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

22    DISCLOSURES.

23    **RESPONSE TO REQUEST NO. 274:**

24       In addition to the general objections stated above which are incorporated

25    herein by reference, Mattel objects to this Request on the grounds that it is

26    overbroad, unduly burdensome and unintelligible, including in that it seeks all

27    documents on this subject without limitation as to time, and regardless of whether

28    such documents relate to products or matters at issue in this case. Mattel further

1  objects to the Request on the grounds that it seeks documents that are not relevant to
2  this action or likely to lead to the discovery of admissible evidence.  Mattel further
3  objects to this Request on the grounds that it calls for documents or information in
4  the possession, custody or control of MGA and/or Bryant, including without
5  limitation documents and information that MGA and Bryant have been compelled
6  by Court orders to produce but have not produced.  Mattel further object to this
7  Request on the grounds that it seeks confidential, proprietary and trade secret
8  information, including such information that has no bearing on the claims or
9  defenses in this case.  Mattel further objects to this Request on the grounds that it
10  calls for the disclosure of information subject to the attorney-client privilege, the
11  attorney work-product doctrine and other applicable privileges.

12      Subject to the foregoing objections, Mattel responds as follows: Mattel will
13  produce responsive, non-privileged documents relating to Kenneth Kauffmann's
14  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
15  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
16  has been able to locate after a diligent search and reasonable inquiry, to the extent
17  not previously produced.

18  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 274:**

19      In addition to the general objections stated above which are incorporated
20  herein by reference, Mattel objects to this Request on the grounds that it is
21  overbroad, unduly burdensome and unintelligible, including in that it seeks all
22  documents on this subject without limitation as to time, and regardless of whether
23  such documents relate to products or matters at issue in this case.  Mattel further
24  objects to the Request on the grounds that it seeks documents that are not relevant to
25  this action or likely to lead to the discovery of admissible evidence.  Mattel further
26  objects to this Request on the grounds that it calls for documents or information in
27  the possession, custody or control of MGA and/or Bryant, including without
28  limitation documents and information that MGA and Bryant have been compelled

1  by Court orders to produce but have not produced. Mattel further object to this
2  Request on the grounds that it seeks confidential, proprietary and trade secret
3  information, including such information that has no bearing on the claims or
4  defenses in this case. Mattel further objects to this Request on the grounds that it
5  calls for the disclosure of information subject to the attorney-client privilege, the
6  attorney work-product doctrine and other applicable privileges.

7        Subject to the foregoing objections, Mattel responds as follows: Mattel will
8  produce responsive, non-privileged documents relating to Kenneth Kauffmann's
9  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
10  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
11  has been able to locate after a diligent search and reasonable inquiry, to the extent
12  not previously produced.

13  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
14  **TO SHOULD BE COMPELLED**

15        Mattel has improperly limited its agreement to produce documents in
16  response to this request, subject to its improper boilerplate objections. Mattel has
17  refused to confirm whether or not it has produced all non-privileged responsive
18  documents or whether it is withholding documents based on its objections in Phase
19  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
20  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
21  Generic objections that fail to explain the basis for an objection with specificity are
22  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
23  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
24  'overly burdensome and harassing' are improper – especially when a party fails to
25  submit any evidentiary declarations supporting such objections"). Accordingly,
26  Mattel must be compelled either to certify that it has produced all non-privileged
27  responsive documents or to produce all such documents by a date certain.

28

1    To the extent that Mattel is relying on its blanket objections, they are not
2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required
4    particularity, as to why this request is supposedly overly broad, nor can it do so.
5    This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
7    contrary, the request is narrowly tailored to seek documents in Mattel's possession,
8    custody, or control concerning Kauffmann's alleged knowledge of "MGA's access to
9    Mattel's intellectual property and trade secrets" and "MGA's business practices.
10   This area of information is taken directly from Mattel's allegations regarding
11   Kauffmann in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated
12   Initial Disclosures, dated Jan. 5, 2007, p. 10).

13   As to burden, Mattel has not attempted to demonstrate why responding to this
14   request and/or producing responsive documents presents any burden. This objection
15   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
16   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
17   unduly burdensome must allege specific facts which indicate the nature and extent
18   of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
19   unduly burdensome, as noted above, in that the request is narrowly tailored to seek
20   only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
21   secrets. MGA is entitled to discovery on this claim.

22   This request does not seek documents protected by the attorney-client
23   privilege, the attorney work product doctrine, or other applicable privileges. To the
24   extent that Mattel contends that it does, Mattel must provide a privilege log.

25   This request seeks relevant information. Mattel identified Kauffmann in its
26   initial disclosures an individual with discoverable knowledge regarding "MGA's
27   access to Mattel's intellectual property and trade secrets" and "MGA business
28   practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

1  Jan. 5, 2007, p. 10). Accordingly, Mattel's initial disclosures demonstrate the
2  relevance of this request. Further, this information is relevant to, among other
3  things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
4  MGA's affirmative defenses of statute of limitations and laches.

5      Mattel's objection that the request seeks information within MGA's
6  possession, custody or control is nonsensical and lacks factual support. Mattel
7  makes no argument, let alone a factual showing, that any documents in MGA's
8  possession are duplicative of documents within Mattel's control. MGA is entitled to
9  discovery from Mattel of documents within its possession, custody, or control that
10 relate to the subject of this suit. Mattel cannot avoid this obligation by making a
11 conclusory statement that MGA also possesses responsive documents.

12     Mattel's objection that the request seeks confidential, proprietary, and trade
13 secret information should be disregarded. The parties have entered into a protective
14 order in this matter, which governs the handling of confidential business
15 information. Further, Mattel has put its confidential business information at issue in
16 this litigation, including but not limited to its trade secret misappropriation claim
17 Accordingly, it cannot resist discovery of confidential business information.

18     Finally, Mattel has improperly limited its agreement to produce to "the facts
19 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
20 the individual is identified as being knowledgeable about certain topics in Mattel's
21 initial disclosures, Mattel's obligation to produce does not end with the facts that it
22 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
23 information from the individual on the topics identified, regardless of whether it
24 supports the facts as alleged by Mattel, MGA, or any other party. See Order
25 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
26 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
27 MGA might be excluding documents that are responsive to the request based upon
28 its unilateral determination of what is 'relevant' or 'sufficient.'").

1    None of Mattel's improper objections are valid and Mattel is obligated to
2    produce all non-privileged responsive documents in its possession, custody, or
3    control.

4    **MATTEL'S RESPONSE:**

5    MGA ignores that (i) Mattel has produced its non-privileged, responsive
6    documents, as it agreed to do, and that (ii) most information sought by this request is
7    within MGA's possession, custody or control, and is equally if not more readily
8    available to MG Kauffmann is an employee of MGA.  MGA gives no reason why it
9    requests information from Mattel regarding its *own company* and its *own employee*,
10   other than to say that "this area of information is taken directly from Mattel's
11   allegations regarding Kauffmann in its initial disclosures."  Indeed, it appears that
12   MGA merely cut and paste its request from Mattel's initial disclosures without
13   consideration as to what information Mattel may have that is already within MGA's
14   possession, custody or control.

15   MGA's conclusory arguments also ignore that the Request is facially
16   overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
17   Civil Procedure do not permit MGA to use broad discovery requests untethered to
18   any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
19   for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
20   See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
21   Cir. 2004) ("District courts need not condone the use of discovery to engage in
22   'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
23   Kauffmann's knowledge of extremely broad subjects—including
24   [ ]  MGA makes no attempt to link this request with the claims and defenses
25   in this case.  For example, Kauffmann may have knowledge of MGA's retirement
26   plans, health benefits, OSHA compliance, sexual harassment policies, or any
27   number of subjects regarding business practices at MGA which clearly fall outside
28   the narrow scope required by the Discovery Master.  Because MGA has not linked

1  its broad request to any of the numerous and far-ranging allegations of unfair

2  competition set forth in its complaint, the Discovery Master should uphold Mattel's

3  overbreadth objection.

4       The term "RELATING TO ... alleged knowledge" as used in the request is

5  likewise overbroad.  The universe of documents that could "relate" to Kauffmann's

6  knowledge are potentially without limit.  The request is not confined to documents

7  in Kauffmann's possession or control; rather, all documents containing information

8  that Kauffmann coincidentally knows about the subjects at issue are subsumed

9  within this request.

10      MGA complains that Mattel has limited its responses  regarding individuals in

11 Mattel's Initial Disclosures to information "as alleged in Mattel's initial

12 disclosures."  Mattel has produced all information as to these individuals that is

13 relevant or pertinent to this litigation.  There is nothing to compel.

14      Quite simply, there is nothing to compel.  Mattel has produced responsive,

15 non-privileged documents relating to Kauffmann's knowledge of the facts at issue in

16 this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

17 possession, custody or control.

18 **REQUEST FOR PRODUCTION NO. 275:**

19      All DOCUMENTS REFERRING OR RELATING TO Alan Kaye's alleged

20 knowledge of "Bryant's breach of obligations to Mattel," as alleged in MATTEL'S

21 INITIAL DISCLOSURES.

22 **RESPONSE TO REQUEST NO. 275:**

23      In addition to the general objections stated above which are incorporated

24 herein by reference, Mattel objects to this Request on the grounds that it is

25 overbroad, unduly burdensome and unintelligible, including in that it seeks all

26 documents on this subject without limitation as to time, and regardless of whether

27 such documents relate to products or matters at issue in this case.  Mattel further

28 objects to the Request on the grounds that it seeks documents that are not relevant to

1 | this action or likely to lead to the discovery of admissible evidence. Mattel further
2 | objects to this Request on the grounds that it seeks confidential, proprietary and
3 | trade secret information, including such information that has no bearing on the
4 | claims or defenses in this case. Mattel further objects to this Request on the ground
5 | that it calls for the disclosure of information subject to the attorney-client privilege
6 | the attorney work-product doctrine and other applicable privileges.

7 |      Subject to the foregoing objections, Mattel responds as follows: Mattel will
8 | produce responsive, non-privileged documents relating to Alan Kaye's knowledge of
9 | the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in
10 | Mattel's possession, custody, or control, if any, that Mattel has been able to locate
11 | after a diligent search and reasonable inquiry, to the extent not previously produced.

12 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 275:**

13 |      In addition to the general objections stated above which are incorporated
14 | herein by reference, Mattel objects to this Request on the grounds that it is
15 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
16 | documents on this subject without limitation as to time, and regardless of whether
17 | such documents relate to products or matters at issue in this case. Mattel further
18 | objects to the Request on the grounds that it seeks documents that are not relevant to
19 | this action or likely to lead to the discovery of admissible evidence. Mattel further
20 | objects to this Request on the grounds that it seeks confidential, proprietary and
21 | trade secret information, including such information that has no bearing on the
22 | claims or defenses in this case. Mattel further objects to this Request on the ground
23 | that it calls for the disclosure of information subject to the attorney-client privilege
24 | the attorney work-product doctrine and other applicable privileges.

25 |      Subject to the foregoing objections, Mattel responds as follows: Mattel will
26 | produce responsive, non-privileged documents relating to Alan Kaye's knowledge of
27 | the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in
28 |