1 Mattel's possession, custody, or control, if any, that Mattel has been able to locate
2 after a diligent search and reasonable inquiry, to the extent not previously produced.

3 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
4 **TO SHOULD BE COMPELLED**

5    Mattel has improperly limited its agreement to produce documents in
6 response to this request, subject to its improper boilerplate objections. Mattel has
7 refused to confirm whether or not it has produced all non-privileged responsive
8 documents or whether it is withholding documents based on its objections in Phase
9 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
10 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
11 Generic objections that fail to explain the basis for an objection with specificity are
12 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
13 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
14 'overly burdensome and harassing' are improper – especially when a party fails to
15 submit any evidentiary declarations supporting such objections"). Accordingly,
16 Mattel must be compelled either to certify that it has produced all non-privileged
17 responsive documents or to produce all such documents by a date certain.

18    To the extent that Mattel is relying on its blanket objections, they are not
19 sustainable and do not justify Mattel's failure to produce documents.

20    As to overbreadth, Mattel provides no explanation, let alone the required
21 particularity, as to why this request is supposedly overly broad, nor can it do so.
22 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
23 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
24 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
25 custody, or control concerning Kaye's alleged knowledge of "Bryant's breach of
26 obligations to Mattel." This area of information is taken directly from Mattel's
27 allegations regarding Kaye in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's
28 Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 10).

1      As to burden, Mattel has not attempted to demonstrate why responding to this

2  request and/or producing responsive documents presents any burden.  This objection

3  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

4  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

5  unduly burdensome must allege specific facts which indicate the nature and extent

6  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not

7  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

8  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade

9  secrets.  MGA is entitled to discovery on this claim.

10     This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13     This request seeks relevant information.  Mattel identified Kaye in its initial

14  disclosures an individual with discoverable knowledge regarding "Bryant's breach of

15  obligations to Mattel."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

16  Disclosures, dated Jan. 5, 2007, p. 10).  Accordingly, Mattel's initial disclosures

17  demonstrate the relevance of this request.  Further, this information is relevant to,

18  among other things, Mattel's trade secret defense and MGA's affirmative defenses of

19  statute of limitations and laches.

20     Mattel's objection that the request seeks confidential, proprietary, and trade

21  secret information should be disregarded.  The parties have entered into a protective

22  order in this matter, which governs the handling of confidential business

23  information.  Further, Mattel has put its confidential business information at issue in

24  this litigation, including but not limited to its trade secret misappropriation claim

25  Accordingly, it cannot resist discovery of confidential business information.

26     Finally, Mattel has improperly limited its agreement to produce to "the facts

27  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

28  the individual is identified as being knowledgeable about certain topics in Mattel's

1  initial disclosures, Mattel's obligation to produce does not end with the facts that it
2  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
3  information from the individual on the topics identified, regardless of whether it
4  supports the facts as alleged by Mattel, MGA, or any other party. See Order
5  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
6  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
7  MGA might be excluding documents that are responsive to the request based upon
8  its unilateral determination of what is 'relevant' or 'sufficient.'").

9  　　　None of Mattel's improper objections are valid and Mattel is obligated to
10  produce all non-privileged responsive documents in its possession, custody, or
11  control.

12  **MATTEL'S RESPONSE:**

13  　　　MGA's request is duplicative of previous requests for which Mattel has
14  produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
15  produce documents responsive to MGA's First Set of Requests for the Production of
16  Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[65]  Request Nos.
17  180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
18  his work at Mattel and MGA and the design and development of Bratz.  Request
19  No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
20  or relating to BRYANT."[66]  On September 11, 2007, Discovery Master Infante
21  granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
22  260.[67]  Pursuant to this order, Mattel produced documents responsive to these
23  requests. Mattel has since confirmed that it has produced responsive, non-privileged

24  ───────────────

25  [65]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
　　Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
26  [66]  See MGA's First Set of Requests for the Production of Documents and
27  Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
　　[67]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's
28  Motion to Compel, at 7-10, Dart Decl., Exh. 9.

1   documents to these requests in its Third Supplemental Responses to MGA's First

2   Set of Requests for Production.[68]   There is nothing additional to compel and MGA's

3   motion is moot.

4           The term "RELATING TO ... alleged knowledge" as used in the request is

5   likewise overbroad.  The universe of documents that could "relate" to Kaye's

6   knowledge are potentially without limit.  The request is not confined to documents

7   in Kaye's possession or control; rather, all documents containing information that

8   Kaye coincidentally knows about the subjects at issue are subsumed within this

9   request.

10          MGA complains that Mattel has limited its responses  regarding individuals in

11  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

12  disclosures."  Mattel has produced all information as to these individuals that is

13  relevant or pertinent to this litigation.  There is nothing to compel.

14          Quite simply, there is nothing to compel.  Mattel has produced responsive,

15  non-privileged documents relating to Kaye's knowledge of the facts at issue in this

16  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

17  custody or control.

18  **REQUEST FOR PRODUCTION NO. 276:**

19          All DOCUMENTS in Alan Kaye's possession or control REFERRING OR

20  RELATING TO his alleged knowledge of "Bryant's breach of obligations to

21  Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

22  **RESPONSE TO REQUEST NO. 276:**

23          In addition to the general objections stated above which are incorporated

24  herein by reference, Mattel objects to this Request on the grounds that it is

25  overbroad, unduly burdensome and unintelligible, including in that it seeks all

26  documents on this subject without limitation as to time, and regardless of whether

27  ───────────────────────

28  [68]   See Mattel's Third Supplemental Responses to MGA's First Set of Requests
    for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1  such documents relate to products or matters at issue in this case. Mattel further
2  objects to the Request on the grounds that it seeks documents that are not relevant to
3  this action or likely to lead to the discovery of admissible evidence. Mattel further
4  objects to this Request on the grounds that it seeks confidential, proprietary and
5  trade secret information, including such information that has no bearing on the
6  claims or defenses in this case. Mattel further objects to this Request on the ground
7  that it calls for the disclosure of information subject to the attorney-client privilege
8  the attorney work-product doctrine and other applicable privileges.

9       Subject to the foregoing objections, Mattel responds as follows: Mattel will
10  produce responsive, non-privileged documents relating to Alan Kaye's knowledge of
11  the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in
12  Mattel's possession, custody, or control, if any, that Mattel has been able to locate
13  after a diligent search and reasonable inquiry, to the extent not previously produced.

14  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 276:**

15       In addition to the general objections stated above which are incorporated
16  herein by reference, Mattel objects to this Request on the grounds that it is
17  overbroad, unduly burdensome and unintelligible, including in that it seeks all
18  documents on this subject without limitation as to time, and regardless of whether
19  such documents relate to products or matters at issue in this case. Mattel further
20  objects to the Request on the grounds that it seeks documents that are not relevant to
21  this action or likely to lead to the discovery of admissible evidence. Mattel further
22  objects to this Request on the grounds that it seeks confidential, proprietary and
23  trade secret information, including such information that has no bearing on the
24  claims or defenses in this case. Mattel further objects to this Request on the ground
25  that it calls for the disclosure of information subject to the attorney-client privilege
26  the attorney work-product doctrine and other applicable privileges.

27       Subject to the foregoing objections, Mattel responds as follows: Mattel will
28  produce responsive, non-privileged documents relating to Alan Kaye's knowledge of

1 | the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in
2 | Mattel's possession, custody, or control, if any, that Mattel has been able to locate
3 | after a diligent search and reasonable inquiry, to the extent not previously produced.

4 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
5 | **TO SHOULD BE COMPELLED**

6 |     Mattel has improperly limited its agreement to produce documents in
7 | response to this request, subject to its improper boilerplate objections. Mattel has
8 | refused to confirm whether or not it has produced all non-privileged responsive
9 | documents or whether it is withholding documents based on its objections in Phase
10 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
11 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
12 | Generic objections that fail to explain the basis for an objection with specificity are
13 | routinely rejected in the Central District. See <u>A. Farber and Partners, Inc. v. Garber,</u>
14 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
15 | 'overly burdensome and harassing' are improper – especially when a party fails to
16 | submit any evidentiary declarations supporting such objections"). Accordingly,
17 | Mattel must be compelled either to certify that it has produced all non-privileged
18 | responsive documents or to produce all such documents by a date certain.

19 |     To the extent that Mattel is relying on its blanket objections, they are not
20 | sustainable and do not justify Mattel's failure to produce documents.

21 |     As to overbreadth, Mattel provides no explanation, let alone the required
22 | particularity, as to why this request is supposedly overly broad, nor can it do so.
23 | This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
24 | (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
25 | contrary, the request is narrowly tailored to seek documents in Mattel's possession,
26 | custody, or control concerning Kaye's alleged knowledge of "Bryant's breach of
27 | obligations to Mattel." This area of information is taken directly from Mattel's

28 |

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET THREE)

1  allegations regarding Kaye in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's
2  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 10).

3      As to burden, Mattel has not attempted to demonstrate why responding to this
4  request and/or producing responsive documents presents any burden.  This objection
5  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
6  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7  unduly burdensome must allege specific facts which indicate the nature and extent
8  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
9  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
10  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
11  secrets.  MGA is entitled to discovery on this claim.

12      This request does not seek documents protected by the attorney-client
13  privilege, the attorney work product doctrine, or other applicable privileges.  To the
14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      This request seeks relevant information.  Mattel identified Kaye in its initial
16  disclosures an individual with discoverable knowledge regarding "Bryant's breach of
17  obligations to Mattel."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
18  Disclosures, dated Jan. 5, 2007, p. 10).  Accordingly, Mattel's initial disclosures
19  demonstrate the relevance of this request.  Further, this information is relevant to,
20  among other things, Mattel's trade secret defense and MGA's affirmative defenses of
21  statute of limitations and laches.

22      Mattel's objection that the request seeks confidential, proprietary, and trade
23  secret information should be disregarded.  The parties have entered into a protective
24  order in this matter, which governs the handling of confidential business
25  information.  Further, Mattel has put its confidential business information at issue in
26  this litigation, including but not limited to its trade secret misappropriation claim
27  Accordingly, it cannot resist discovery of confidential business information.

28

1    Finally, Mattel has improperly limited its agreement to produce to "the facts
2    at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
3    the individual is identified as being knowledgeable about certain topics in Mattel's
4    initial disclosures, Mattel's obligation to produce does not end with the facts that it
5    has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
6    information from the individual on the topics identified, regardless of whether it
7    supports the facts as alleged by Mattel, MGA, or any other party. See Order
8    Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9    Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10   MGA might be excluding documents that are responsive to the request based upon
11   its unilateral determination of what is 'relevant' or 'sufficient.'").

12   None of Mattel's improper objections are valid and Mattel is obligated to
13   produce all non-privileged responsive documents in its possession, custody, or
14   control.

15   **MATTEL'S RESPONSE:**

16   MGA's request is duplicative of previous requests for which Mattel has
17   produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
18   produce documents responsive to MGA's First Set of Requests for the Production of
19   Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[69] Request Nos.
20   180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
21   his work at Mattel and MGA and the design and development of Bratz. Request
22   No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
23   or relating to BRYANT."[70] On September 11, 2007, Discovery Master Infante
24   granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and

25

---

26   [69]   See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
27   Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
     [70]   See MGA's First Set of Requests for the Production of Documents and
28   Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

1   260.[71]  Pursuant to this order, Mattel produced documents responsive to these

2   requests. Mattel has since confirmed that it has produced responsive, non-privileged

3   documents to these requests in its Third Supplemental Responses to MGA's First

4   Set of Requests for Production.[72]   There is nothing additional to compel and MGA's

5   motion is moot.

6   The term "RELATING TO ... alleged knowledge" as used in the request is likewise

7   overbroad.  The universe of documents that could "relate" to Kaye's knowledge are

8   potentially without limit.  All documents containing information that Kaye

9   coincidentally knows about the subjects at issue are subsumed within this request.

10   MGA complains that Mattel has limited its responses  regarding individuals in

11   Mattel's Initial Disclosures to information "as alleged in Mattel's initial

12   disclosures."  Mattel has produced all information as to these individuals that is

13   relevant or pertinent to this litigation.  There is nothing to compel.

14   Quite simply, there is nothing to compel.  Mattel has produced responsive,

15   non-privileged documents relating to Kaye's knowledge of the facts at issue in this

16   litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

17   custody or control.

18   **REQUEST FOR PRODUCTION NO. 277:**

19   All DOCUMENTS REFERRING OR RELATING TO Tim Kilpin's alleged

20   knowledge of "[t]he development and ownership of intellectual property at issue," as

21   alleged in MATTEL'S INITIAL DISCLOSURES.

22   **RESPONSE TO REQUEST NO. 277:**

23   In addition to the general objections stated above which are incorporated

24   herein by reference, Mattel objects to this Request on the grounds that it is

25

---

26   [71]   See September 12, 2007 Order Granting in Part and Denying in Part MGA's

27   Motion to Compel, at 7-10, Dart Decl., Exh. 9.
    [72]   See Mattel's Third Supplemental Responses to MGA's First Set of Requests

28   for Production 04-9059, dated January 19, 2008, at 8-11, Dart Decl., Exh. 18.

1  overbroad, unduly burdensome and unintelligible, including in that it seeks all
2  documents on this subject without limitation as to time, and regardless of whether
3  such documents relate to products or matters at issue in this case. Mattel further
4  objects to the Request on the grounds that it seeks documents that are not relevant to
5  this action or likely to lead to the discovery of admissible evidence. Mattel further
6  objects to this Request on the grounds that it seeks confidential, proprietary and
7  trade secret information, including such information that has no bearing on the
8  claims or defenses in this case. Mattel further objects to this Request on the ground
9  that it calls for the disclosure of information subject to the attorney-client privilege
10  the attorney work-product doctrine and other applicable privileges.

11       Subject to the foregoing objections, Mattel responds as follows: Mattel will
12  produce responsive, non-privileged documents relating to Tim Kilpin's knowledge
13  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
14  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
15  after a diligent search and reasonable inquiry, to the extent not previously produced.

16  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 277:**

17       In addition to the general objections stated above which are incorporated
18  herein by reference, Mattel objects to this Request on the grounds that it is
19  overbroad, unduly burdensome and unintelligible, including in that it seeks all
20  documents on this subject without limitation as to time, and regardless of whether
21  such documents relate to products or matters at issue in this case. Mattel further
22  objects to the Request on the grounds that it seeks documents that are not relevant to
23  this action or likely to lead to the discovery of admissible evidence. Mattel further
24  objects to this Request on the grounds that it seeks confidential, proprietary and
25  trade secret information, including such information that has no bearing on the
26  claims or defenses in this case. Mattel further objects to this Request on the ground
27  that it calls for the disclosure of information subject to the attorney-client privilege
28  the attorney work-product doctrine and other applicable privileges.

-480-

1    Subject to the foregoing objections, Mattel responds as follows: Mattel will
2  produce responsive, non-privileged documents relating to Tim Kilpin's knowledge
3  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
4  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
5  after a diligent search and reasonable inquiry, to the extent not previously produced.
6  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
7  **TO SHOULD BE COMPELLED**
8    Mattel has improperly limited its agreement to produce documents in
9  response to this request, subject to its improper boilerplate objections.  Mattel has
10  refused to confirm whether or not it has produced all non-privileged responsive
11  documents or whether it is withholding documents based on its objections in Phase
12  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
13  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
14  Generic objections that fail to explain the basis for an objection with specificity are
15  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
16  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
17  'overly burdensome and harassing' are improper – especially when a party fails to
18  submit any evidentiary declarations supporting such objections").  Accordingly,
19  Mattel must be compelled either to certify that it has produced all non-privileged
20  responsive documents or to produce all such documents by a date certain.
21    To the extent that Mattel is relying on its blanket objections, they are not
22  sustainable and do not justify Mattel's failure to produce documents.
23    As to overbreadth, Mattel provides no explanation, let alone the required
24  particularity, as to why this request is supposedly overly broad, nor can it do so.
25  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
26  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
27  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
28  custody, or control concerning Kilpin's alleged knowledge of "[t]he development

1   and ownership of intellectual property at issue."  This area of information is taken
2   directly from Mattel's allegations regarding Kilpin in its initial disclosures.
3   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
4   p. 10).

5       As to burden, Mattel has not attempted to demonstrate why responding to this
6   request and/or producing responsive documents presents any burden.  This objection
7   must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
8   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
9   unduly burdensome must allege specific facts which indicate the nature and extent
10  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
11  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
12  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
13  secrets.  MGA is entitled to discovery on this claim.

14      This request does not seek documents protected by the attorney-client
15  privilege, the attorney work product doctrine, or other applicable privileges.  To the
16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17      This request seeks relevant information.  Mattel identified Kilpin in its initial
18  disclosures an individual with discoverable knowledge regarding "[t]he
19  development and ownership of intellectual property at issue."  Rutowski Decl.
20  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 10).
21  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
22  Further, this information is relevant to, among other things, Mattel's trade secret
23  defense and MGA's claims of trade dress infringement.

24      Mattel's objection that the request seeks confidential, proprietary, and trade
25  secret information should be disregarded.  The parties have entered into a protective
26  order in this matter, which governs the handling of confidential business
27  information.  Further, Mattel has put its confidential business information at issue in
28

1   this litigation, including but not limited to its trade secret misappropriation claim

2   Accordingly, it cannot resist discovery of confidential business information.

3        Finally, Mattel has improperly limited its agreement to produce to "the facts

4   at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

5   the individual is identified as being knowledgeable about certain topics in Mattel's

6   initial disclosures, Mattel's obligation to produce does not end with the facts that it

7   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

8   information from the individual on the topics identified, regardless of whether it

9   supports the facts as alleged by Mattel, MGA, or any other party.  <u>See</u> Order

10  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

11  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

12  MGA might be excluding documents that are responsive to the request based upon

13  its unilateral determination of what is 'relevant' or 'sufficient.'").

14       None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17  **MATTEL'S RESPONSE:**

18       The term "RELATING TO ... alleged knowledge" as used in the request is

19  likewise overbroad.  The universe of documents that could "relate" to Kilpin's

20  knowledge are potentially without limit.  The request is not confined to documents

21  in Kilpin's possession or control; rather, all documents containing information that

22  Kilpin coincidentally knows about the subjects at issue are subsumed within this

23  request.

24       MGA complains that Mattel has limited its responses  regarding individuals in

25  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

26  disclosures."  Mattel has produced all information as to these individuals that is

27  relevant or pertinent to this litigation.  There is nothing to compel.

28

1   Quite simply, there is nothing to compel. Mattel has produced responsive,
2   non-privileged documents relating to Kilpin's knowledge of the facts at issue in this
3   litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
4   custody or control.

5   **REQUEST FOR PRODUCTION NO. 278:**

6   All DOCUMENTS in Tim Kilpin's possession or control REFERRING OR
7   RELATING TO his alleged knowledge of "[t]he development and ownership of
8   intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

9   **RESPONSE TO REQUEST NO. 278:**

10   In addition to the general objections stated above which are incorporated
11   herein by reference, Mattel objects to this Request on the grounds that it is
12   overbroad, unduly burdensome and unintelligible, including in that it seeks all
13   documents on this subject without limitation as to time, and regardless of whether
14   such documents relate to products or matters at issue in this case. Mattel further
15   objects to the Request on the grounds that it seeks documents that are not relevant to
16   this action or likely to lead to the discovery of admissible evidence. Mattel further
17   objects to this Request on the grounds that it seeks confidential, proprietary and
18   trade secret information, including such information that has no bearing on the
19   claims or defenses in this case. Mattel further objects to this Request on the ground
20   that it calls for the disclosure of information subject to the attorney-client privilege
21   the attorney work-product doctrine and other applicable privileges.

22   Subject to the foregoing objections, Mattel responds as follows: Mattel will
23   produce responsive, non-privileged documents relating to Tim Kilpin's knowledge
24   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
25   in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
26   after a diligent search and reasonable inquiry, to the extent not previously produced.

27

28

1  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 278:**

2      In addition to the general objections stated above which are incorporated

3  herein by reference, Mattel objects to this Request on the grounds that it is

4  overbroad, unduly burdensome and unintelligible, including in that it seeks all

5  documents on this subject without limitation as to time, and regardless of whether

6  such documents relate to products or matters at issue in this case. Mattel further

7  objects to the Request on the grounds that it seeks documents that are not relevant to

8  this action or likely to lead to the discovery of admissible evidence. Mattel further

9  objects to this Request on the grounds that it seeks confidential, proprietary and

10 trade secret information, including such information that has no bearing on the

11 claims or defenses in this case. Mattel further objects to this Request on the ground

12 that it calls for the disclosure of information subject to the attorney-client privilege

13 the attorney work-product doctrine and other applicable privileges.

14     Subject to the foregoing objections, Mattel responds as follows: Mattel will

15 produce responsive, non-privileged documents relating to Tim Kilpin's knowledge

16 of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

17 in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

18 after a diligent search and reasonable inquiry, to the extent not previously produced.

19 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

20 **TO SHOULD BE COMPELLED**

21     Mattel has improperly limited its agreement to produce documents in

22 response to this request, subject to its improper boilerplate objections. Mattel has

23 refused to confirm whether or not it has produced all non-privileged responsive

24 documents or whether it is withholding documents based on its objections in Phase

25 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

26 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

27 Generic objections that fail to explain the basis for an objection with specificity are

28 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

1   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

2   'overly burdensome and harassing' are improper – especially when a party fails to

3   submit any evidentiary declarations supporting such objections").  Accordingly,

4   Mattel must be compelled either to certify that it has produced all non-privileged

5   responsive documents or to produce all such documents by a date certain.

6        To the extent that Mattel is relying on its blanket objections, they are not

7   sustainable and do not justify Mattel's failure to produce documents.

8        As to overbreadth, Mattel provides no explanation, let alone the required

9   particularity, as to why this request is supposedly overly broad, nor can it do so.

10  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

11  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

13  custody, or control concerning Kilpin's alleged knowledge of "[t]he development

14  and ownership of intellectual property at issue."  This area of information is taken

15  directly from Mattel's allegations regarding Kilpin in its initial disclosures.

16  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

17  p. 10).

18       As to burden, Mattel has not attempted to demonstrate why responding to this

19  request and/or producing responsive documents presents any burden.  This objection

20  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

21  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

22  unduly burdensome must allege specific facts which indicate the nature and extent

23  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not

24  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

25  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade

26  secrets.  MGA is entitled to discovery on this claim.

27

28

1      This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4      This request seeks relevant information.  Mattel identified Kilpin in its initial

5   disclosures an individual with discoverable knowledge regarding "[t]he

6   development and ownership of intellectual property at issue."  Rutowski Decl.

7   Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 10).

8   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

9   Further, this information is relevant to, among other things, Mattel's trade secret

10   defense and MGA's claims of trade dress infringement.

11      Mattel's objection that the request seeks confidential, proprietary, and trade

12   secret information should be disregarded.  The parties have entered into a protective

13   order in this matter, which governs the handling of confidential business

14   information.  Further, Mattel has put its confidential business information at issue in

15   this litigation, including but not limited to its trade secret misappropriation claim

16   Accordingly, it cannot resist discovery of confidential business information.

17      Finally, Mattel has improperly limited its agreement to produce to "the facts

18   at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

19   the individual is identified as being knowledgeable about certain topics in Mattel's

20   initial disclosures, Mattel's obligation to produce does not end with the facts that it

21   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

22   information from the individual on the topics identified, regardless of whether it

23   supports the facts as alleged by Mattel, MGA, or any other party.  See Order

24   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

25   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

26   MGA might be excluding documents that are responsive to the request based upon

27   its unilateral determination of what is 'relevant' or 'sufficient.'").

28

1    None of Mattel's improper objections are valid and Mattel is obligated to

2  produce all non-privileged responsive documents in its possession, custody, or

3  control.

4  **MATTEL'S RESPONSE:**

5    MGA complains that Mattel has limited its responses  regarding individuals in

6  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

7  disclosures."  Mattel has produced all information as to these individuals that is

8  relevant or pertinent to this litigation.  There is nothing to compel.

9    Quite simply, there is nothing to compel.  Mattel has produced responsive,

10  non-privileged documents relating to Kilpin's knowledge of the facts at issue in this

11  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

12  custody or control.

13  **REQUEST FOR PRODUCTION NO. 279:**

14    All DOCUMENTS REFERRING OR RELATING TO Joyce Chi Hee Kim'

15  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

16  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

17  DISCLOSURES.

18  **RESPONSE TO REQUEST NO. 279:**

19    In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case.  Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant to

25  this action or likely to lead to the discovery of admissible evidence.  Mattel further

26  objects to this Request on the grounds that it calls for documents or information in

27  the possession, custody or control of MGA, including without limitation documents

28  and information that MGA has been compelled by Court orders to produce but has

1 | not produced.  Mattel further objects to this Request on the grounds that it seeks
2 | confidential, proprietary and trade secret information, including such information
3 | that has no bearing on the claims or defenses in this case.  Mattel further objects to
4 | this Request on the grounds that it calls for the disclosure of information subject to
5 | the attorney-client privilege, the attorney work product doctrine and other applicable
6 | privileges.

7 | Subject to the foregoing objections, Mattel responds as follows: Mattel will
8 | produce responsive, non-privileged documents relating to Joyce Chi Hee knowledge
9 | of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
10 | in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
11 | after a diligent search and reasonable inquiry, to the extent not previously produced.

12 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 279:**

13 | In addition to the general objections stated above which are incorporated
14 | herein by reference, Mattel objects to this Request on the grounds that is overbroad
15 | unduly burdensome and unintelligible, including in that it seeks all documents on
16 | this subject without limitation as to time, and regardless of whether such document
17 | relate to products or matters at issue in this case.  Mattel further objects to the
18 | Request on the grounds that it seeks documents that are not relevant to this action or
19 | likely to lead to the discovery of admissible evidence.  Mattel further objects to this
20 | Request on the grounds that it calls for documents or information in the possession,
21 | custody or control of MGA, including without limitation documents and information
22 | that MGA has been compelled by Court orders to produce but has not produced.
23 | Mattel further objects to this Request on the grounds that it seeks confidential,
24 | proprietary and trade secret information, including such information that has no
25 | bearing on the claims or defenses in this case.  Mattel further objects to this Request
26 | on the grounds that it calls for the disclosure of information subject to the attorney-
27 | client privilege, the attorney work-product doctrine and other applicable privileges.
28 |

1   Subject to the foregoing objections, Mattel responds as follows: Mattel will
2   produce responsive, non-privileged documents relating to Joyce Chi Hee knowledge
3   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
4   in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
5   after a diligent search and reasonable inquiry, to the extent not previously produced.
6   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
7   **TO SHOULD BE COMPELLED**
8   Mattel has improperly limited its agreement to produce documents in
9   response to this request, subject to its improper boilerplate objections. Mattel has
10  refused to confirm whether or not it has produced all non-privileged responsive
11  documents or whether it is withholding documents based on its objections in Phase
12  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
13  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
14  Generic objections that fail to explain the basis for an objection with specificity are
15  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
16  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
17  'overly burdensome and harassing' are improper – especially when a party fails to
18  submit any evidentiary declarations supporting such objections"). Accordingly,
19  Mattel must be compelled either to certify that it has produced all non-privileged
20  responsive documents or to produce all such documents by a date certain.
21  To the extent that Mattel is relying on its blanket objections, they are not
22  sustainable and do not justify Mattel's failure to produce documents.
23  As to overbreadth, Mattel provides no explanation, let alone the required
24  particularity, as to why this request is supposedly overly broad, nor can it do so.
25  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
26  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
27  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
28  custody, or control concerning Kim's alleged knowledge of "MGA's access to

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

Mattel's intellectual property and trade secrets" and "MGA's business practices." This area of information is taken directly from Mattel's allegations regarding Kim in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 10).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. Mattel has alleged that MGA misappropriated its trade secrets. MGA is entitled to discovery on this claim.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

This request seeks relevant information. Mattel identified Kim in its initial disclosures an individual with discoverable knowledge regarding "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 10). Accordingly, Mattel's initial disclosures demonstrate the relevance o this request. Further, this information is relevant to, among other things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and MGA's affirmative defenses of statute of limitations and laches.

Mattel's objection that the request seeks information within MGA's possession, custody or control is nonsensical and lacks factual support. Mattel makes no argument, let alone a factual showing, that any documents in MGA's possession are duplicative of documents within Mattel's control. MGA is entitled to

1  discovery from Mattel of documents within its possession, custody, or control that
2  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
3  conclusory statement that MGA also possesses responsive documents.

4       Mattel's objection that the request seeks confidential, proprietary, and trade
5  secret information should be disregarded. The parties have entered into a protective
6  order in this matter, which governs the handling of confidential business
7  information. Further, Mattel has put its confidential business information at issue in
8  this litigation, including but not limited to its trade secret misappropriation claim
9  Accordingly, it cannot resist discovery of confidential business information.

10       Finally, Mattel has improperly limited its agreement to produce to "the facts
11  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
12  the individual is identified as being knowledgeable about certain topics in Mattel's
13  initial disclosures, Mattel's obligation to produce does not end with the facts that it
14  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
15  information from the individual on the topics identified, regardless of whether it
16  supports the facts as alleged by Mattel, MGA, or any other party. See Order
17  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
18  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
19  MGA might be excluding documents that are responsive to the request based upon
20  its unilateral determination of what is 'relevant' or 'sufficient.'").

21       None of Mattel's improper objections are valid and Mattel is obligated to
22  produce all non-privileged responsive documents in its possession, custody, or
23  control.

24  **MATTEL'S RESPONSE:**

25       MGA ignores that (i) Mattel has produced its non-privileged, responsive
26  documents, as it agreed to do, and that (ii) most information sought by this request is
27  within MGA's possession, custody or control, and is equally if not more readily
28  available to MG Kim is an employee of MGA. MGA gives no reason why it

1 | requests information from Mattel regarding its *own company* and its *own employee*,
2 | other than to say that "this area of information is taken directly from Mattel's
3 | allegations regarding Kim in its initial disclosures." Indeed, it appears that MGA
4 | merely cut and paste its request from Mattel's initial disclosures without
5 | consideration as to what information Mattel may have that is already within MGA's
6 | possession, custody or control.

7 |       MGA's conclusory arguments also ignore that the Request is facially
8 | overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
9 | Civil Procedure do not permit MGA to use broad discovery requests untethered to
10 | any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion
11 | for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
12 | See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
13 | Cir. 2004) ("District courts need not condone the use of discovery to engage in
14 | 'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to
15 | Kim's knowledge of extremely broad subjects—including

16 |       MGA makes no attempt to link this request with the claims and defenses
17 | in this case. For example, Kim may have knowledge of MGA's retirement plans,
18 | health benefits, OSHA compliance, sexual harassment policies, or any number of
19 | subjects regarding business practices at MGA which clearly fall outside the narrow
20 | scope required by the Discovery Master. Because MGA has not linked its broad
21 | request to any of the numerous and far-ranging allegations of unfair competition set
22 | forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
23 | objection.

24 |       The term "RELATING TO … alleged knowledge" as used in the request is
25 | likewise overbroad. The universe of documents that could "relate" to Kim's
26 | knowledge are potentially without limit. The request is not confined to documents
27 | in Kim's possession or control; rather, all documents containing information that
28 |

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1   Kim coincidentally knows about the subjects at issue are subsumed within this
2   request.

3       MGA complains that Mattel has limited its responses regarding individuals in
4   Mattel's Initial Disclosures to information "as alleged in Mattel's initial
5   disclosures." Mattel has produced all information as to these individuals that is
6   relevant or pertinent to this litigation. There is nothing to compel.

7       Quite simply, there is nothing to compel. Mattel has produced responsive,
8   non-privileged documents relating to Kim's knowledge of the facts at issue in this
9   litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
10  custody or control.

11  **REQUEST FOR PRODUCTION NO. 280:**

12      All DOCUMENTS REFERRING OR RELATING TO Young Kim's alleged
13  knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and
14  "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

15  **RESPONSE TO REQUEST NO. 280:**

16      In addition to the general objections stated above which are incorporated
17  herein by reference, Mattel objects to this Request on the grounds that it is
18  overbroad, unduly burdensome and unintelligible, including in that it seeks all
19  documents on this subject without limitation as to time, and regardless of whether
20  such documents relate to products or matters at issue in this case. Mattel further
21  objects to the Request on the grounds that it seeks documents that are not relevant to
22  this action or likely to lead to the discovery of admissible evidence. Mattel further
23  objects to this Request on the grounds that it calls for documents or information in
24  the possession, custody or control of MGA, including without limitation documents
25  and information that MGA has been compelled by Court orders to produce but has
26  not produced. Mattel further objects to this Request on the grounds that it seeks
27  confidential, proprietary and trade secret information, including such information
28  that has no bearing on the claims or defenses in this case. Mattel further objects to

1  this Request on the grounds that it calls for the disclosure of information subject to
2  the attorney-client privilege, the attorney work product doctrine and other applicable
3  privileges.

4      Subject to the foregoing objections, Mattel responds as follows: Mattel will
5  produce responsive, non-privileged documents relating to Young Kim's knowledge
6  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
7  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
8  after a diligent search and reasonable inquiry, to the extent not previously produced.

9  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 280:**

10     In addition to the general objections stated above which are incorporated
11 herein by reference, Mattel objects to this Request on the grounds that it is
12 overbroad, unduly burdensome and unintelligible, including in that it seeks all
13 documents on this subject without limitation as to time, and regardless of whether
14 such documents relate to products or matters at issue in this case. Mattel further
15 objects to the Request on the grounds that it seeks documents that are not relevant to
16 this action or likely to lead to the discovery of admissible evidence. Mattel further
17 objects to this Request on the grounds that it calls for documents or information in
18 the possession, custody or control of MGA, including without limitation documents
19 and information that MGA has been compelled by Court orders to produce but has
20 not produced. Mattel further objects to this Request on the grounds that it seeks
21 confidential, proprietary and trade secret information, including such information
22 that has no bearing on the claims or defenses in this case. Mattel further objects to
23 this Request on the grounds that it calls for the disclosure of information subject to
24 the attorney-client privilege, the attorney work product doctrine and other applicable
25 privileges.

26     Subject to the foregoing objections, Mattel responds as follows: Mattel will
27 produce responsive, non-privileged documents relating to Young Kim's knowledge
28 of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

1  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

2  after a diligent search and reasonable inquiry, to the extent not previously produced.

3  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

4  **TO SHOULD BE COMPELLED**

5      Mattel has improperly limited its agreement to produce documents in

6  response to this request, subject to its improper boilerplate objections. Mattel has

7  refused to confirm whether or not it has produced all non-privileged responsive

8  documents or whether it is withholding documents based on its objections in Phase

9  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

10  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

11  Generic objections that fail to explain the basis for an objection with specificity are

12  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

13  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

14  'overly burdensome and harassing' are improper – especially when a party fails to

15  submit any evidentiary declarations supporting such objections"). Accordingly,

16  Mattel must be compelled either to certify that it has produced all non-privileged

17  responsive documents or to produce all such documents by a date certain.

18      To the extent that Mattel is relying on its blanket objections, they are not

19  sustainable and do not justify Mattel's failure to produce documents.

20      As to overbreadth, Mattel provides no explanation, let alone the required

21  particularity, as to why this request is supposedly overly broad, nor can it do so.

22  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

23  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

24  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

25  custody, or control concerning Kim's alleged knowledge of "MGA's access to

26  Mattel's intellectual property and trade secrets" and "MGA's business practices."

27  This area of information is taken directly from Mattel's allegations regarding Kim in

28

1  its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
2  Disclosures, dated Jan. 5, 2007, p. 10).

3      As to burden, Mattel has not attempted to demonstrate why responding to this
4  request and/or producing responsive documents presents any burden. This objection
5  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
6  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7  unduly burdensome must allege specific facts which indicate the nature and extent
8  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
9  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
10 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
11 secrets. MGA is entitled to discovery on this claim.

12     This request does not seek documents protected by the attorney-client
13 privilege, the attorney work product doctrine, or other applicable privileges. To the
14 extent that Mattel contends that it does, Mattel must provide a privilege log.

15     This request seeks relevant information. Mattel identified Kim in its initial
16 disclosures an individual with discoverable knowledge regarding "MGA's access to
17 Mattel's intellectual property and trade secrets" and "MGA business practices."
18 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
19 p. 10). Accordingly, Mattel's initial disclosures demonstrate the relevance o this
20 request. Further, this information is relevant to, among other things, Mattel's trade
21 secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
22 defenses of statute of limitations and laches.

23     Mattel's objection that the request seeks information within MGA's
24 possession, custody or control is nonsensical and lacks factual support. Mattel
25 makes no argument, let alone a factual showing, that any documents in MGA's
26 possession are duplicative of documents within Mattel's control. MGA is entitled to
27 discovery from Mattel of documents within its possession, custody, or control that
28

1  relate to the subject of this suit.  Mattel cannot avoid this obligation by making a

2  conclusory statement that MGA also possesses responsive documents.

3        Mattel's objection that the request seeks confidential, proprietary, and trade

4  secret information should be disregarded.  The parties have entered into a protective

5  order in this matter, which governs the handling of confidential business

6  information.  Further, Mattel has put its confidential business information at issue in

7  this litigation, including but not limited to its trade secret misappropriation claim

8  Accordingly, it cannot resist discovery of confidential business information.

9        Finally, Mattel has improperly limited its agreement to produce to "the facts

10  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

11  the individual is identified as being knowledgeable about certain topics in Mattel's

12  initial disclosures, Mattel's obligation to produce does not end with the facts that it

13  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

14  information from the individual on the topics identified, regardless of whether it

15  supports the facts as alleged by Mattel, MGA, or any other party.  See Order

16  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

17  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

18  MGA might be excluding documents that are responsive to the request based upon

19  its unilateral determination of what is 'relevant' or 'sufficient.'").

20        None of Mattel's improper objections are valid and Mattel is obligated to

21  produce all non-privileged responsive documents in its possession, custody, or

22  control.

23  **MATTEL'S RESPONSE:**

24        MGA ignores that (i) Mattel has produced its non-privileged, responsive

25  documents, as it agreed to do, and that (ii) most information sought by this request is

26  within MGA's possession, custody or control, and is equally if not more readily

27  available to MG Kim is an employee of MGA.  MGA gives no reason why it

28  requests information from Mattel regarding its *own company* and its *own employee*,

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1   other than to say that "this area of information is taken directly from Mattel's

2   allegations regarding Kim in its initial disclosures." Indeed, it appears that MGA

3   merely cut and paste its request from Mattel's initial disclosures without

4   consideration as to what information Mattel may have that is already within MGA's

5   possession, custody or control.

6       MGA's conclusory arguments also ignore that the Request is facially

7   overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of

8   Civil Procedure do not permit MGA to use broad discovery requests untethered to

9   any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion

10  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

11  See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

12  Cir. 2004) ("District courts need not condone the use of discovery to engage in

13  'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to

14  Kim's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮▮

15  ▮▮▮▮▮ MGA makes no attempt to link this request with the claims and defenses

16  in this case. For example, Kim may have knowledge of MGA's retirement plans,

17  health benefits, OSHA compliance, sexual harassment policies, or any number of

18  subjects regarding business practices at MGA which clearly fall outside the narrow

19  scope required by the Discovery Master. Because MGA has not linked its broad

20  request to any of the numerous and far-ranging allegations of unfair competition set

21  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth

22  objection.

23      The term "RELATING TO … alleged knowledge" as used in the request is

24  likewise overbroad. The universe of documents that could "relate" to Kim's

25  knowledge are potentially without limit. The request is not confined to documents

26  in Kim's possession or control; rather, all documents containing information that

27  Kim coincidentally knows about the subjects at issue are subsumed within this

28  request.

1    MGA complains that Mattel has limited its responses regarding individuals in
2  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
3  disclosures." Mattel has produced all information as to these individuals that is
4  relevant or pertinent to this litigation. There is nothing to compel.

5    Quite simply, there is nothing to compel. Mattel has produced responsive,
6  non-privileged documents relating to Kim's knowledge of the facts at issue in this
7  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
8  custody or control.

9  **REQUEST FOR PRODUCTION NO. 281:**

10    All DOCUMENTS REFERRING OR RELATING TO Kristen L. Kirst's
11  alleged knowledge of "MGA's access to Mattel's intellectual property and trade
12  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
13  DISCLOSURES.

14  **RESPONSE TO REQUEST NO. 281:**

15    In addition to the general objections stated above which are incorporated
16  herein by reference, Mattel objects to this Request on the grounds that it is
17  overbroad, unduly burdensome and unintelligible, including in that it seeks all
18  documents on this subject without limitation as to time, and regardless of whether
19  such documents relate to products or matters at issue in this case. Mattel further
20  objects to the Request on the grounds that it seeks documents that are not relevant to
21  this action or likely to lead to the discovery of admissible evidence. Mattel further
22  objects to this Request on the grounds that it calls for documents or information in
23  the possession, custody or control of MGA, including without limitation documents
24  and information that MGA has been compelled by Court orders to produce but has
25  not produced. Mattel further objects to this Request on the grounds that it seeks
26  confidential, proprietary and trade secret information, including such information
27  that has no bearing on the claims or defenses in this case. Mattel further objects to
28  this Request on the grounds that it calls for the disclosure of information subject to

1   the attorney-client privilege, the attorney work product doctrine and other applicable
2   privileges.

3        Subject to the foregoing objections, Mattel responds as follows: Mattel will
4   produce responsive, non-privileged documents relating to Kristen L. Kirst's
5   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
6   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
7   has been able to locate after a diligent search and reasonable inquiry, to the extent
8   not previously produced.

9   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 281:**

10       In addition to the general objections stated above which are incorporated
11  herein by reference, Mattel objects to this Request on the grounds that it is
12  overbroad, unduly burdensome and unintelligible, including in that it seeks all
13  documents on this subject without limitation as to time, and regardless of whether
14  such documents relate to products or matters at issue in this case.  Mattel further
15  objects to the Request on the grounds that it seeks documents that are not relevant to
16  this action or likely to lead to the discovery of admissible evidence.  Mattel further
17  objects to this Request on the grounds that it calls for documents or information in
18  the possession, custody or control of MGA, including without limitation documents
19  and information that MGA has been compelled by Court orders to produce but has
20  not produced.  Mattel further objects to this Request on the grounds that it seeks
21  confidential, proprietary and trade secret information, including such information
22  that has no bearing on the claims or defenses in this case.  Mattel further objects to
23  this Request on the grounds that it calls for the disclosure of information subject to
24  the attorney-client privilege, the attorney work product doctrine and other applicable
25  privileges.

26       Subject to the foregoing objections, Mattel responds as follows: Mattel will
27  produce responsive, non-privileged documents relating to Kristen L. Kirst's
28  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

1 | Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
2 | has been able to locate after a diligent search and reasonable inquiry, to the extent
3 | not previously produced.

4 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
5 | **TO SHOULD BE COMPELLED**

6 |     Mattel has improperly limited its agreement to produce documents in
7 | response to this request, subject to its improper boilerplate objections. Mattel has
8 | refused to confirm whether or not it has produced all non-privileged responsive
9 | documents or whether it is withholding documents based on its objections in Phase
10 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
11 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
12 | Generic objections that fail to explain the basis for an objection with specificity are
13 | routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
14 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
15 | 'overly burdensome and harassing' are improper – especially when a party fails to
16 | submit any evidentiary declarations supporting such objections"). Accordingly,
17 | Mattel must be compelled either to certify that it has produced all non-privileged
18 | responsive documents or to produce all such documents by a date certain.

19 |     To the extent that Mattel is relying on its blanket objections, they are not
20 | sustainable and do not justify Mattel's failure to produce documents.

21 |     As to overbreadth, Mattel provides no explanation, let alone the required
22 | particularity, as to why this request is supposedly overly broad, nor can it do so.
23 | This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
24 | (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
25 | contrary, the request is narrowly tailored to seek documents in Mattel's possession,
26 | custody, or control concerning Kirst's alleged knowledge of "MGA's access to
27 | Mattel's intellectual property and trade secrets" and "MGA's business practices."
28 | This area of information is taken directly from Mattel's allegations regarding Kirst

1 in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
2 Disclosures, dated Jan. 5, 2007, p. 10).

3      As to burden, Mattel has not attempted to demonstrate why responding to this
4 request and/or producing responsive documents presents any burden. This objection
5 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
6 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7 unduly burdensome must allege specific facts which indicate the nature and extent
8 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
9 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
10 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
11 secrets. MGA is entitled to discovery on this claim.

12      This request does not seek documents protected by the attorney-client
13 privilege, the attorney work product doctrine, or other applicable privileges. To the
14 extent that Mattel contends that it does, Mattel must provide a privilege log.

15      This request seeks relevant information. Mattel identified Kirst in its initial
16 disclosures an individual with discoverable knowledge regarding "MGA's access to
17 Mattel's intellectual property and trade secrets" and "MGA business practices."
18 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
19 p. 10). Accordingly, Mattel's initial disclosures demonstrate the relevance o this
20 request. Further, this information is relevant to, among other things, Mattel's trade
21 secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
22 defenses of statute of limitations and laches.

23      Mattel's objection that the request seeks information within MGA's
24 possession, custody or control is nonsensical and lacks factual support. Mattel
25 makes no argument, let alone a factual showing, that any documents in MGA's
26 possession are duplicative of documents within Mattel's control. MGA is entitled to
27 discovery from Mattel of documents within its possession, custody, or control that
28

1 relate to the subject of this suit. Mattel cannot avoid this obligation by making a

2 conclusory statement that MGA also possesses responsive documents.

3        Mattel's objection that the request seeks confidential, proprietary, and trade

4 secret information should be disregarded. The parties have entered into a protective

5 order in this matter, which governs the handling of confidential business

6 information. Further, Mattel has put its confidential business information at issue in

7 this litigation, including but not limited to its trade secret misappropriation claim

8 Accordingly, it cannot resist discovery of confidential business information.

9        Finally, Mattel has improperly limited its agreement to produce to "the facts

10 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

11 the individual is identified as being knowledgeable about certain topics in Mattel's

12 initial disclosures, Mattel's obligation to produce does not end with the facts that it

13 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

14 information from the individual on the topics identified, regardless of whether it

15 supports the facts as alleged by Mattel, MGA, or any other party. See Order

16 Granting Mattel's Motion to Compel Production of Documents and Interrogatory

17 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

18 MGA might be excluding documents that are responsive to the request based upon

19 its unilateral determination of what is 'relevant' or 'sufficient.'").

20        None of Mattel's improper objections are valid and Mattel is obligated to

21 produce all non-privileged responsive documents in its possession, custody, or

22 control.

23 **MATTEL'S RESPONSE:**

24        MGA ignores that (i) Mattel has produced its non-privileged, responsive

25 documents, as it agreed to do, and that (ii) most information sought by this request is

26 within MGA's possession, custody or control, and is equally if not more readily

27 available to MG  Kirst is an employee of MGA. MGA gives no reason why it

28 requests information from Mattel regarding its *own company* and its *own employee*,

1    other than to say that "this area of information is taken directly from Mattel's
2    allegations regarding Kirst in its initial disclosures." Indeed, it appears that MGA
3    merely cut and paste its request from Mattel's initial disclosures without
4    consideration as to what information Mattel may have that is already within MGA's
5    possession, custody or control.

6        MGA's conclusory arguments also ignore that the Request is facially
7    overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
8    Civil Procedure do not permit MGA to use broad discovery requests untethered to
9    any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion
10   for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
11   See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
12   Cir. 2004) ("District courts need not condone the use of discovery to engage in
13   'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to
14   Kirst's knowledge of extremely broad subjects—including ███████████████
15   ████████ MGA makes no attempt to link this request with the claims and defenses
16   in this case. For example, Kirst may have knowledge of MGA's retirement plans,
17   health benefits, OSHA compliance, sexual harassment policies, or any number of
18   subjects regarding business practices at MGA which clearly fall outside the narrow
19   scope required by the Discovery Master. Because MGA has not linked its broad
20   request to any of the numerous and far-ranging allegations of unfair competition set
21   forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
22   objection.

23       The term "RELATING TO ... alleged knowledge" as used in the request is
24   likewise overbroad. The universe of documents that could "relate" to Kirst's
25   knowledge are potentially without limit. The request is not confined to documents
26   in Kirst's possession or control; rather, all documents containing information that
27   Kirst coincidentally knows about the subjects at issue are subsumed within this
28   request.

1         MGA complains that Mattel has limited its responses regarding individuals in
2 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
3 disclosures." Mattel has produced all information as to these individuals that is
4 relevant or pertinent to this litigation. There is nothing to compel.

5         Quite simply, there is nothing to compel. Mattel has produced responsive,
6 non-privileged documents relating to Kirst's knowledge of the facts at issue in this
7 litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
8 custody or control.

9 **REQUEST FOR PRODUCTION NO. 282:**

10         All DOCUMENTS REFERRING OR RELATING TO Joel N. Klevins's
11 alleged knowledge of "[d]evelopment of Bratz," as alleged in MATTEL'S INITIA
12 DISCLOSURES.

13 **RESPONSE TO REQUEST NO. 282:**

14         In addition to the general objections stated above which are incorporated
15 herein by reference, Mattel objects to this Request on the grounds that it is
16 overbroad, unduly burdensome and unintelligible, including in that it seeks all
17 documents on this subject without limitation as to time, and regardless of whether
18 such documents relate to products or matters at issue in this case. Mattel further
19 objects to this Request on the grounds that it calls for documents or information in
20 the possession, custody or control of MGA, including without limitation document
21 and information that MGA has been compelled by Court orders to produce but has
22 not produced. Mattel further objects to this Request on the grounds that it seeks
23 confidential, proprietary and trade secret information, including such information
24 that has no bearing on the claims or defenses in this case. Mattel further objects to
25 this Request on the grounds that it calls for the disclosure of information subject to
26 the attorney-client privilege, the attorney work-product doctrine and other applicable
27 privileges.

28

1   Subject to the foregoing objections, Mattel responds as follows: Mattel will
2   produce responsive, non-privileged documents relating to Joel N. Klevins's
3   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
4   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
5   has been able to locate after a diligent search and reasonable inquiry, to the extent
6   not previously produced.

7   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 282:**

8   In addition to the general objections stated above which are incorporated
9   herein by reference, Mattel objects to this Request on the grounds that it is
10  overbroad, unduly burdensome and unintelligible, including in that it seeks all
11  documents on this subject without limitation as to time, and regardless of whether
12  such documents relate to products or matters at issue in this case. Mattel further
13  objects to this Request on the grounds that it calls for documents or information in
14  the possession, custody or control of MGA, including without limitation document
15  and information that MGA has been compelled by Court orders to produce but has
16  not produced. Mattel further objects to this Request on the grounds that it seeks
17  confidential, proprietary and trade secret information, including such information
18  that has no bearing on the claims or defenses in this case. Mattel further objects to
19  this Request on the grounds that it calls for the disclosure of information subject to
20  the attorney-client privilege, the attorney work-product doctrine and other applicable
21  privileges.

22  Subject to the foregoing objections, Mattel responds as follows: Mattel will
23  produce responsive, non-privileged documents relating to Joel N. Klevins's
24  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
25  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
26  has been able to locate after a diligent search and reasonable inquiry, to the extent
27  not previously produced.

28

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c) Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Klevins's alleged knowledge of "[d]evelopment of Bratz." This area of information is taken directly from Mattel's allegations regarding Klevins in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 10).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

2 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

3 unduly burdensome must allege specific facts which indicate the nature and extent

4 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

5 unduly burdensome, as noted above, in that the request is narrowly tailored to seek

6 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

7 secrets. MGA is entitled to discovery on this claim.

8       This request does not seek documents protected by the attorney-client

9 privilege, the attorney work product doctrine, or other applicable privileges. To the

10 extent that Mattel contends that it does, Mattel must provide a privilege log.

11      This request seeks relevant information. Mattel identified Klevins in its

12 initial disclosures an individual with discoverable knowledge regarding

13 "[d]evelopment of Bratz." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

14 Disclosures, dated Jan. 5, 2007, p. 10). Accordingly, Mattel's initial disclosures

15 demonstrate the relevance of this request. Further, this information is relevant to,

16 among other things, Mattel's trade secret defense, MGA's claims of trade dress

17 infringement, and MGA's affirmative defenses of statute of limitations and laches.

18      Mattel's objection that the request seeks information within MGA's

19 possession, custody or control is nonsensical and lacks factual support. Mattel

20 makes no argument, let alone a factual showing, that any documents in MGA's

21 possession are duplicative of documents within Mattel's control. MGA is entitled to

22 discovery from Mattel of documents within its possession, custody, or control that

23 relate to the subject of this suit. Mattel cannot avoid this obligation by making a

24 conclusory statement that MGA also possesses responsive documents.

25      Mattel's objection that the request seeks confidential, proprietary, and trade

26 secret information should be disregarded. The parties have entered into a protective

27 order in this matter, which governs the handling of confidential business

28 information. Further, Mattel has put its confidential business information at issue in

1 | this litigation, including but not limited to its trade secret misappropriation claim
2 | Accordingly, it cannot resist discovery of confidential business information.

3 |      Finally, Mattel has improperly limited its agreement to produce to "the facts
4 | at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
5 | the individual is identified as being knowledgeable about certain topics in Mattel's
6 | initial disclosures, Mattel's obligation to produce does not end with the facts that it
7 | has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
8 | information from the individual on the topics identified, regardless of whether it
9 | supports the facts as alleged by Mattel, MGA, or any other party. <u>See</u> Order
10 | Granting Mattel's Motion to Compel Production of Documents and Interrogatory
11 | Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
12 | MGA might be excluding documents that are responsive to the request based upon
13 | its unilateral determination of what is 'relevant' or 'sufficient.'").

14 |      None of Mattel's improper objections are valid and Mattel is obligated to
15 | produce all non-privileged responsive documents in its possession, custody, or
16 | control.

17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1 **MATTEL'S RESPONSE:**

2      MGA's request is duplicative of previous requests for which Mattel has

3 produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to

4 produce documents responsive to MGA's First Set of Requests for the Production of

5 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[73]  Request Nos.

6 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including

7 his work at Mattel and MGA and the design and development of Bratz.   Request

8 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring

9 or relating to BRYANT."[74]  On September 11, 2007, Discovery Master Infante

10 granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and

11 260.[75]  Pursuant to this order, Mattel produced documents responsive to these

12 requests. Mattel has since confirmed that it has produced responsive, non-privileged

13 documents to these requests in its Third Supplemental Responses to MGA's First

14 Set of Requests for Production.[76]   There is nothing additional to compel and MGA's

15 motion is moot.

16 The term "RELATING TO … alleged knowledge" as used in the request is likewise

17 overbroad.  The universe of documents that could "relate" to Klevins's knowledge

18 are potentially without limit.  The request is not confined to documents in Klevins's

19 possession or control; rather, all documents containing information that Klevins

20 coincidentally knows about the subjects at issue are subsumed within this request.

21      MGA complains that Mattel has limited its responses  regarding individuals in

22 Mattel's Initial Disclosures to information "as alleged in Mattel's initial

23 ────────────────────

[73]   See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
24 Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.

[74]   See MGA's First Set of Requests for the Production of Documents and
25 Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

[75]   See September 12, 2007 Order Granting in Part and Denying in Part MGA's
26 Motion to Compel, at 7-10, Dart Decl., Exh. 9.

27 [76]   See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28 for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1 | disclosures." Mattel has produced all information as to these individuals that is
2 | relevant or pertinent to this litigation.  There is nothing to compel.

3 |      Quite simply, there is nothing to compel.  Mattel has produced responsive,
4 | non-privileged documents relating to Klevins's knowledge of the facts at issue in
5 | this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
6 | possession, custody or control.

7 | **REQUEST FOR PRODUCTION NO. 283:**

8 |      All DOCUMENTS REFERRING OR RELATING TO Andreas Koch's
9 | alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or
10 | for MGA during his Mattel employment" and "MGA business practices," as alleged
11 | in MATTEL'S INITIAL DISCLOSURES.

12 | **RESPONSE TO REQUEST NO. 283:**

13 |      In addition to the general objections stated above which are incorporated
14 | herein by reference, Mattel objects to this Request on the grounds that it is
15 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
16 | documents on this subject without limitation as to time, and regardless of whether
17 | such documents relate to products or matters at issue in this case.  Mattel further
18 | objects to the Request on the grounds that it seeks documents that are not relevant to
19 | this action or likely to lead to the discovery of admissible evidence.  Mattel further
20 | objects to this Request on the grounds that it calls for documents or information in
21 | the possession, custody or control of MGA and/or Bryant, including without
22 | limitation documents and information that MGA and Bryant have been compelled
23 | by Court orders to produce but have not produced.  Mattel further object to this
24 | Request on the grounds that it seeks confidential, proprietary and trade secret
25 | information, including such information that has no bearing on the claims or
26 | defenses in this case.  Mattel further objects to this Request on the grounds that it
27 | calls for the disclosure of information subject to the attorney-client privilege, the
28 | attorney work-product doctrine and other applicable privileges.

1       Subject to the foregoing objections, Mattel responds as follows: Mattel will

2  produce responsive, non-privileged documents relating to Andreas Koch's

3  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

4  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

5  has been able to locate after a diligent search and reasonable inquiry, to the extent

6  not previously produced.

7  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 283:**

8       In addition to the general objections stated above which are incorporated

9  herein by reference, Mattel objects to this Request on the grounds that it is

10  overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products or matters at issue in this case. Mattel further

13  objects to the Request on the grounds that it seeks documents that are not relevant to

14  this action or likely to lead to the discovery of admissible evidence. Mattel further

15  objects to this Request on the grounds that it calls for documents or information in

16  the possession, custody or control of MGA and/or Bryant, including without

17  limitation documents and information that MGA and Bryant have been compelled

18  by Court orders to produce but have not produced. Mattel further object to this

19  Request on the grounds that it seeks confidential, proprietary and trade secret

20  information, including such information that has no bearing on the claims or

21  defenses in this case. Mattel further objects to this Request on the grounds that it

22  calls for the disclosure of information subject to the attorney-client privilege, the

23  attorney work-product doctrine and other applicable privileges.

24       Subject to the foregoing objections, Mattel responds as follows: Mattel will

25  produce responsive, non-privileged documents relating to Andreas Koch's

26  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

27  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

28

1 | has been able to locate after a diligent search and reasonable inquiry, to the extent
2 | not previously produced.

3 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
4 | **TO SHOULD BE COMPELLED**

5 |      Mattel has improperly limited its agreement to produce documents in
6 | response to this request, subject to its improper boilerplate objections. Mattel has
7 | refused to confirm whether or not it has produced all non-privileged responsive
8 | documents or whether it is withholding documents based on its objections in Phase
9 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
10 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
11 | Generic objections that fail to explain the basis for an objection with specificity are
12 | routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
13 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
14 | 'overly burdensome and harassing' are improper – especially when a party fails to
15 | submit any evidentiary declarations supporting such objections"). Accordingly,
16 | Mattel must be compelled either to certify that it has produced all non-privileged
17 | responsive documents or to produce all such documents by a date certain.

18 |      To the extent that Mattel is relying on its blanket objections, they are not
19 | sustainable and do not justify Mattel's failure to produce documents.

20 |      As to overbreadth, Mattel provides no explanation, let alone the required
21 | particularity, as to why this request is supposedly overly broad, nor can it do so.
22 | This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
23 | (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
24 | contrary, the request is narrowly tailored to seek documents in Mattel's possession,
25 | custody, or control concerning Koch's alleged knowledge of "[d]esign and
26 | development of Bratz and Bryant's work with or for MGA during his Mattel
27 | employment" and "MGA business practices." This area of information is taken

28 |

1   directly from Mattel's allegations regarding Koch in its initial disclosures. Rutowski
2   Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 10).

3        As to burden, Mattel has not attempted to demonstrate why responding to this
4   request and/or producing responsive documents presents any burden. This objection
5   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
6   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7   unduly burdensome must allege specific facts which indicate the nature and extent
8   of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
9   unduly burdensome, as noted above, in that the request is narrowly tailored to seek
10  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
11  secrets. MGA is entitled to discovery on this claim.

12       This request does not seek documents protected by the attorney-client
13  privilege, the attorney work product doctrine, or other applicable privileges. To the
14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15       This request seeks relevant information. Mattel identified Koch in its initial
16  disclosures an individual with discoverable knowledge regarding "[d]esign and
17  development of Bratz and Bryant' s work with or for MGA during his Mattel
18  employment" and "MGA business practices." Rutowski Decl. Ex. 56 (Mattel's
19  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 10). Accordingly, Mattel's
20  initial disclosures demonstrate the relevance of this request. Further, this
21  information is relevant to, among other things, Mattel's trade secret defense, MGA's
22  claims of trade dress infringement, and MGA's affirmative defenses of statute of
23  limitations and laches.

24       Mattel's objection that the request seeks information within MGA's
25  possession, custody or control is nonsensical and lacks factual support. Mattel
26  makes no argument, let alone a factual showing, that any documents in MGA's
27  possession are duplicative of documents within Mattel's control. MGA is entitled to
28  discovery from Mattel of documents within its possession, custody, or control that

1  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
2  conclusory statement that MGA also possesses responsive documents.

3      Mattel's objection that the request seeks confidential, proprietary, and trade
4  secret information should be disregarded. The parties have entered into a protective
5  order in this matter, which governs the handling of confidential business
6  information. Further, Mattel has put its confidential business information at issue in
7  this litigation, including but not limited to its trade secret misappropriation claim
8  Accordingly, it cannot resist discovery of confidential business information.

9      Finally, Mattel has improperly limited its agreement to produce to "the facts
10 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
11 the individual is identified as being knowledgeable about certain topics in Mattel's
12 initial disclosures, Mattel's obligation to produce does not end with the facts that it
13 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
14 information from the individual on the topics identified, regardless of whether it
15 supports the facts as alleged by Mattel, MGA, or any other party. See Order
16 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
17 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
18 MGA might be excluding documents that are responsive to the request based upon
19 its unilateral determination of what is 'relevant' or 'sufficient.'").

20     None of Mattel's improper objections are valid and Mattel is obligated to
21 produce all non-privileged responsive documents in its possession, custody, or
22 control.

23 **MATTEL'S RESPONSE:**

24     MGA ignores that (i) Mattel has produced its non-privileged, responsive
25 documents, as it agreed to do, and that (ii) most information sought by this request is
26 within MGA's possession, custody or control, and is equally if not more readily
27 available to MGA than it is to Mattel. Koch is an employee of MGA. MGA gives
28 no reason why it requests information from Mattel regarding its *own company* and

-516-

1  its *own employee*, other than to say that "this area of information is taken directly
2  from Mattel's allegations regarding Koch in its initial disclosures." Indeed, it
3  appears that MGA merely cut and paste its request from Mattel's initial disclosures
4  without consideration as to what information Mattel may have that is already within
5  MGA's possession, custody or control.

6  MGA's request is duplicative of previous requests for which Mattel has
7  produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
8  produce documents responsive to MGA's First Set of Requests for the Production of
9  Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[77]  Request Nos.
10 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
11 his work at Mattel and MGA and the design and development of Bratz.   Request
12 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
13 or relating to BRYANT."[78]  On September 11, 2007, Discovery Master Infante
14 granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
15 260.[79]  Pursuant to this order, Mattel produced documents responsive to these
16 requests. Mattel has since confirmed that it has produced responsive, non-privileged
17 documents to these requests in its Third Supplemental Responses to MGA's First
18 Set of Requests for Production.[80]   There is nothing additional to compel and MGA's
19 motion is moot.

20 MGA's conclusory arguments also ignore that the Request is facially
21 overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
22 Civil Procedure do not permit MGA to use broad discovery requests untethered to

23 [77]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
24 Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
   [78]  See MGA's First Set of Requests for the Production of Documents and
25 Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
26 [79]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's
   Motion to Compel, at 7-10, Dart Decl., Exh. 9.
27 [80]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28 for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.