1  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion

2  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

3  See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

4  Cir. 2004) ("District courts need not condone the use of discovery to engage in

5  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to

6  Koch's knowledge of extremely broad subjects—including

7       MGA makes no attempt to link this request with the claims and defenses

8  in this case.  For example, Koch may have knowledge of MGA's retirement plans,

9  health benefits, OSHA compliance, sexual harassment policies, or any number of

10  subjects regarding business practices at MGA which clearly fall outside the narrow

11  scope required by the Discovery Master. Because MGA has not linked its broad

12  request to any of the numerous and far-ranging allegations of unfair competition set

13  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth

14  objection.

15       The term "RELATING TO … alleged knowledge" as used in the request is

16  likewise overbroad.  The universe of documents that could "relate" to Koch's

17  knowledge are potentially without limit.  The request is not confined to documents

18  in Koch's possession or control; rather, all documents containing information that

19  Koch coincidentally knows about the subjects at issue are subsumed within this

20  request.

21       MGA complains that Mattel has limited its responses  regarding individuals in

22  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

23  disclosures."  Mattel has produced all information as to these individuals that is

24  relevant or pertinent to this litigation.  There is nothing to compel.

25       Quite simply, there is nothing to compel.  Mattel has produced responsive,

26  non-privileged documents relating to Koch's knowledge of the facts at issue in this

27  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

28  custody or control.

**REQUEST FOR PRODUCTION NO. 284:**

All DOCUMENTS REFERRING OR RELATING TO Ellen F. Komatsu's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 284:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Ellen F. Komatsu's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

1 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 284:**

2 In addition to the general objections stated above which are incorporated

3 herein by reference, Mattel objects to this Request on the grounds that it is

4 overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 documents on this subject without limitation as to time, and regardless of whether

6 such documents relate to products or matters at issue in this case. Mattel further

7 objects to the Request on the grounds that it seeks documents that are not relevant to

8 this action or likely to lead to the discovery of admissible evidence. Mattel further

9 objects to this Request on the grounds that it calls for documents or information in

10 the possession, custody or control of MGA, including without limitation documents

11 and information that MGA has been compelled by Court orders to produce but has

12 not produced. Mattel further objects to this Request on the grounds that it seeks

13 confidential, proprietary and trade secret information, including such information

14 that has no bearing on the claims or defenses in this case. Mattel further objects to

15 this Request on the grounds that it calls for the disclosure of information subject to

16 the attorney-client privilege, the attorney work product doctrine and other applicable

17 privileges.

18 Subject to the foregoing objections, Mattel responds as follows: Mattel will

19 produce responsive, non-privileged documents relating to Ellen F. Komatsu's

20 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

21 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

22 has been able to locate after a diligent search and reasonable inquiry, to the extent

23 not previously produced.

24 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

25 | **TO SHOULD BE COMPELLED**

26 Mattel has improperly limited its agreement to produce documents in

27 response to this request, subject to its improper boilerplate objections. Mattel has

28 refused to confirm whether or not it has produced all non-privileged responsive

1 documents or whether it is withholding documents based on its objections in Phase

2 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

3 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

4 Generic objections that fail to explain the basis for an objection with specificity are

5 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

6 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

7 'overly burdensome and harassing' are improper – especially when a party fails to

8 submit any evidentiary declarations supporting such objections"). Accordingly,

9 Mattel must be compelled either to certify that it has produced all non-privileged

10 responsive documents or to produce all such documents by a date certain.

11      To the extent that Mattel is relying on its blanket objections, they are not

12 sustainable and do not justify Mattel's failure to produce documents.

13      As to overbreadth, Mattel provides no explanation, let alone the required

14 particularity, as to why this request is supposedly overly broad, nor can it do so.

15 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

16 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

17 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

18 custody, or control concerning Komatsu's alleged knowledge of "MGA's access to

19 Mattel's intellectual property and trade secrets" and "MGA's business practices."

20 This area of information is taken directly from Mattel's allegations regarding

21 Komatsu in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated

22 Initial Disclosures, dated Jan. 5, 2007, p. 10).

23      As to burden, Mattel has not attempted to demonstrate why responding to this

24 request and/or producing responsive documents presents any burden. This objection

25 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

26 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

27 unduly burdensome must allege specific facts which indicate the nature and extent

28 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

1  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
2  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
3  secrets. MGA is entitled to discovery on this claim.

4       This request does not seek documents protected by the attorney-client
5  privilege, the attorney work product doctrine, or other applicable privileges. To the
6  extent that Mattel contends that it does, Mattel must provide a privilege log.

7       This request seeks relevant information. Mattel identified Komatsu in its
8  initial disclosures an individual with discoverable knowledge regarding "MGA's
9  access to Mattel's intellectual property and trade secrets" and "MGA business
10 practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
11 Jan. 5, 2007, p. 10). Accordingly, Mattel's initial disclosures demonstrate the
12 relevance of this request. Further, this information is relevant to, among other
13 things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
14 MGA's affirmative defenses of statute of limitations and laches.

15      Mattel's objection that the request seeks information within MGA's
16 possession, custody or control is nonsensical and lacks factual support. Mattel
17 makes no argument, let alone a factual showing, that any documents in MGA's
18 possession are duplicative of documents within Mattel's control. MGA is entitled to
19 discovery from Mattel of documents within its possession, custody, or control that
20 relate to the subject of this suit. Mattel cannot avoid this obligation by making a
21 conclusory statement that MGA also possesses responsive documents.

22      Mattel's objection that the request seeks confidential, proprietary, and trade
23 secret information should be disregarded. The parties have entered into a protective
24 order in this matter, which governs the handling of confidential business
25 information. Further, Mattel has put its confidential business information at issue in
26 this litigation, including but not limited to its trade secret misappropriation claim
27 Accordingly, it cannot resist discovery of confidential business information.

28

1        Finally, Mattel has improperly limited its agreement to produce to "the facts

2  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

3  the individual is identified as being knowledgeable about certain topics in Mattel's

4  initial disclosures, Mattel's obligation to produce does not end with the facts that it

5  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

6  information from the individual on the topics identified, regardless of whether it

7  supports the facts as alleged by Mattel, MGA, or any other party. See Order

8  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

9  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

10  MGA might be excluding documents that are responsive to the request based upon

11  its unilateral determination of what is 'relevant' or 'sufficient.'").

12        None of Mattel's improper objections are valid and Mattel is obligated to

13  produce all non-privileged responsive documents in its possession, custody, or

14  control.

15  **MATTEL'S RESPONSE:**

16        MGA ignores that (i) Mattel has produced its non-privileged, responsive

17  documents, as it agreed to do, and that (ii) most information sought by this request is

18  within MGA's possession, custody or control, and is equally if not more readily

19  available to MG Komatsu is an employee of MGA. MGA gives no reason why it

20  requests information from Mattel regarding its *own company* and its *own employee*,

21  other than to say that "this area of information is taken directly from Mattel's

22  allegations regarding Komatsu in its initial disclosures." Indeed, it appears that

23  MGA merely cut and paste its request from Mattel's initial disclosures without

24  consideration as to what information Mattel may have that is already within MGA's

25  possession, custody or control.

26        MGA's conclusory arguments also ignore that the Request is facially

27  overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of

28  Civil Procedure do not permit MGA to use broad discovery requests untethered to

-523-

1  any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion
2  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
3  See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
4  Cir. 2004) ("District courts need not condone the use of discovery to engage in
5  'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to
6  Komatsu's knowledge of extremely broad subjects—including ███████████

7  ████████ MGA makes no attempt to link this request with the claims and defenses
8  in this case. For example, Komatsu may have knowledge of MGA's retirement
9  plans, health benefits, OSHA compliance, sexual harassment policies, or any
10  number of subjects regarding business practices at MGA which clearly fall outside
11  the narrow scope required by the Discovery Master. Because MGA has not linked
12  its broad request to any of the numerous and far-ranging allegations of unfair
13  competition set forth in its complaint, the Discovery Master should uphold Mattel's
14  overbreadth objection.

15  The term "RELATING TO … alleged knowledge" as used in the request is
16  likewise overbroad. The universe of documents that could "relate" to Komatsu's
17  knowledge are potentially without limit. The request is not confined to documents
18  in Komatsu's possession or control; rather, all documents containing information
19  that Komatsu coincidentally knows about the subjects at issue are subsumed within
20  this request.

21  MGA complains that Mattel has limited its responses regarding individuals in
22  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
23  disclosures." Mattel has produced all information as to these individuals that is
24  relevant or pertinent to this litigation. There is nothing to compel.

25  Quite simply, there is nothing to compel. Mattel has produced responsive,
26  non-privileged documents relating to Komatsu's knowledge of the facts at issue in
27  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
28  possession, custody or control.

1 **REQUEST FOR PRODUCTION NO. 285:**

2     All DOCUMENTS REFERRING OR RELATING TO Kara Kuchem's

3 alleged knowledge of "[t]he development and ownership of intellectual property at

4 issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

5 **RESPONSE TO REQUEST NO. 285:**

6     In addition to the general objections stated above which are incorporated

7 herein by reference, Mattel objects to this Request on the grounds that it is

8 overbroad, unduly burdensome and unintelligible, including in that it seeks all

9 documents on this subject without limitation as to time, and regardless of whether

10 such documents relate to products or matters at issue in this case. Mattel further

11 objects to the Request on the grounds that it seeks documents that are not relevant to

12 this action or likely to lead to the discovery of admissible evidence. Mattel further

13 objects to this Request on the grounds that it seeks confidential, proprietary and

14 trade secret information, including such information that has no bearing on the

15 claims or defenses in this case. Mattel further objects to this Request on the ground

16 that it calls for the disclosure of information subject to the attorney-client privilege

17 the attorney work-product doctrine and other applicable privileges.

18     Subject to the foregoing objections, Mattel responds as follows: Mattel will

19 produce responsive, non-privileged documents relating to Kara Kuchem's

20 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

21 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

22 has been able to locate after a diligent search and reasonable inquiry, to the extent

23 not previously produced.

24 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 285:**

25     In addition to the general objections stated above which are incorporated

26 herein by reference, Mattel objects to this Request on the grounds that it is

27 overbroad, unduly burdensome and unintelligible, including in that it seeks all

28 documents on this subject without limitation as to time, and regardless of whether

1   such documents relate to products or matters at issue in this case. Mattel further
2   objects to the Request on the grounds that it seeks documents that are not relevant to
3   this action or likely to lead to the discovery of admissible evidence. Mattel further
4   objects to this Request on the grounds that it seeks confidential, proprietary and
5   trade secret information, including such information that has no bearing on the
6   claims or defenses in this case. Mattel further objects to this Request on the ground
7   that it calls for the disclosure of information subject to the attorney-client privilege
8   the attorney work-product doctrine and other applicable privileges.

9       Subject to the foregoing objections, Mattel responds as follows: Mattel will
10  produce responsive, non-privileged documents relating to Kara Kuchem's
11  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
12  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
13  has been able to locate after a diligent search and reasonable inquiry, to the extent
14  not previously produced.

15  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
16  **TO SHOULD BE COMPELLED**

17      Mattel has improperly limited its agreement to produce documents in
18  response to this request, subject to its improper boilerplate objections. Mattel has
19  refused to confirm whether or not it has produced all non-privileged responsive
20  documents or whether it is withholding documents based on its objections in Phase
21  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
22  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
23  Generic objections that fail to explain the basis for an objection with specificity are
24  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
25  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
26  'overly burdensome and harassing' are improper – especially when a party fails to
27  submit any evidentiary declarations supporting such objections"). Accordingly,
28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1   Mattel must be compelled either to certify that it has produced all non-privileged
2   responsive documents or to produce all such documents by a date certain.

3       To the extent that Mattel is relying on its blanket objections, they are not
4   sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the required
6   particularity, as to why this request is supposedly overly broad, nor can it do so.
7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
9   contrary, the request is narrowly tailored to seek documents in Mattel's possession,
10  custody, or control concerning Kuchem's alleged knowledge of "[t]he developmen
11  and ownership of intellectual property at issue."  This area of information is taken
12  directly from Mattel's allegations regarding Kuchem in its initial disclosures.
13  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
14  p. 10).

15      As to burden, Mattel has not attempted to demonstrate why responding to this
16  request and/or producing responsive documents presents any burden.  This objection
17  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
18  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
19  unduly burdensome must allege specific facts which indicate the nature and extent
20  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
21  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
22  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
23  secrets.  MGA is entitled to discovery on this claim.

24      This request does not seek documents protected by the attorney-client
25  privilege, the attorney work product doctrine, or other applicable privileges.  To the
26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27      This request seeks relevant information.  Mattel identified Kuchem in its
28  initial disclosures an individual with discoverable knowledge regarding "[t]he

1 development and ownership of intellectual property at issue." Rutowski Decl.

2 Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 10).

3 Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

4 Further, this information is relevant to, among other things, Mattel's trade secret

5 defense and MGA's claims of trade dress infringement.

6      Mattel's objection that the request seeks confidential, proprietary, and trade

7 secret information should be disregarded.  The parties have entered into a protective

8 order in this matter, which governs the handling of confidential business

9 information.  Further, Mattel has put its confidential business information at issue in

10 this litigation, including but not limited to its trade secret misappropriation claim

11 Accordingly, it cannot resist discovery of confidential business information.

12      Finally, Mattel has improperly limited its agreement to produce to "the facts

13 at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

14 the individual is identified as being knowledgeable about certain topics in Mattel's

15 initial disclosures, Mattel's obligation to produce does not end with the facts that it

16 has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

17 information from the individual on the topics identified, regardless of whether it

18 supports the facts as alleged by Mattel, MGA, or any other party.  See Order

19 Granting Mattel's Motion to Compel Production of Documents and Interrogatory

20 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

21 MGA might be excluding documents that are responsive to the request based upon

22 its unilateral determination of what is 'relevant' or 'sufficient.'").

23      None of Mattel's improper objections are valid and Mattel is obligated to

24 produce all non-privileged responsive documents in its possession, custody, or

25 control.

26 **MATTEL'S RESPONSE:**

27      The term "RELATING TO … alleged knowledge" as used in the request is

28 overbroad.  The universe of documents that could "relate" to Kuchem's knowledge

-528

1   are potentially without limit. The request is not confined to documents in Kuchem's
2   possession or control; rather, all documents containing information that Kuchem
3   coincidentally knows about the subjects at issue are subsumed within this request.

4       MGA complains that Mattel has limited its responses regarding individuals in
5   Mattel's Initial Disclosures to information "as alleged in Mattel's initial
6   disclosures." Mattel has produced all information as to these individuals that is
7   relevant or pertinent to this litigation. There is nothing to compel.

8       Quite simply, there is nothing to compel. Mattel has produced responsive,
9   non-privileged documents relating to Kuchem's knowledge of the facts at issue in
10  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
11  possession, custody or control.

12  **REQUEST FOR PRODUCTION NO. 286:**

13      All DOCUMENTS in Kara Kuchem's possession or control REFERRING OR
14  RELATING TO her alleged knowledge of "[t]he development and ownership of
15  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

16  **RESPONSE TO REQUEST NO. 286:**

17      In addition to the general objections stated above which are incorporated
18  herein by reference, Mattel objects to this Request on the grounds that it is
19  overbroad, unduly burdensome and unintelligible, including in that it seeks all
20  documents on this subject without limitation as to time, and regardless of whether
21  such documents relate to products or matters at issue in this case. Mattel further
22  objects to the Request on the grounds that it seeks documents that are not relevant to
23  this action or likely to lead to the discovery of admissible evidence. Mattel further
24  objects to this Request on the grounds that it seeks confidential, proprietary and
25  trade secret information, including such information that has no bearing on the
26  claims or defenses in this case. Mattel further objects to this Request on the ground
27  that it calls for the disclosure of information subject to the attorney-client privilege
28  the attorney work-product doctrine and other applicable privileges.

1    Subject to the foregoing objections, Mattel responds as follows: Mattel will

2    produce responsive, non-privileged documents relating to Kara Kuchem's

3    knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

4    Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

5    has been able to locate after a diligent search and reasonable inquiry, to the extent

6    not previously produced.

7    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 286:**

8    In addition to the general objections stated above which are incorporated

9    herein by reference, Mattel objects to this Request on the grounds that it is

10   overbroad, unduly burdensome and unintelligible, including in that it seeks all

11   documents on this subject without limitation as to time, and regardless of whether

12   such documents relate to products or matters at issue in this case.  Mattel further

13   objects to the Request on the grounds that it seeks documents that are not relevant to

14   this action or likely to lead to the discovery of admissible evidence.  Mattel further

15   objects to this Request on the grounds that it seeks confidential, proprietary and

16   trade secret information, including such information that has no bearing on the

17   claims or defenses in this case.  Mattel further objects to this Request on the ground

18   that it calls for the disclosure of information subject to the attorney-client privilege

19   the attorney work-product doctrine and other applicable privileges.

20   Subject to the foregoing objections, Mattel responds as follows: Mattel will

21   produce responsive, non-privileged documents relating to Kara Kuchem's

22   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

23   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

24   has been able to locate after a diligent search and reasonable inquiry, to the extent

25   not previously produced.

26

27

28

1 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2 | **TO SHOULD BE COMPELLED**

3 |   Mattel has improperly limited its agreement to produce documents in
4 | response to this request, subject to its improper boilerplate objections.  Mattel has
5 | refused to confirm whether or not it has produced all non-privileged responsive
6 | documents or whether it is withholding documents based on its objections in Phase
7 | 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
8 | must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)

9 |   Generic objections that fail to explain the basis for an objection with
10 | specificity are routinely rejected in the Central District.  See A. Farber and Partners,
11 | Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate
12 | objections such as 'overly burdensome and harassing' are improper – especially
13 | when a party fails to submit any evidentiary declarations supporting such
14 | objections").  Accordingly, Mattel must be compelled either to certify that it has
15 | produced all non-privileged responsive documents or to produce all such documents
16 | by a date certain.

17 |   To the extent that Mattel is relying on its blanket objections, they are not
18 | sustainable and do not justify Mattel's failure to produce documents.

19 |   As to overbreadth, Mattel provides no explanation, let alone the required
20 | particularity, as to why this request is supposedly overly broad, nor can it do so.
21 | This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
22 | (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
23 | contrary, the request is narrowly tailored to seek documents in Mattel's possession,
24 | custody, or control concerning Kuchem's alleged knowledge of "[t]he developmen
25 | and ownership of intellectual property at issue."  This area of information is taken
26 | directly from Mattel's allegations regarding Kuchem in its initial disclosures.
27 | Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
28 | p. 10).

1    As to burden, Mattel has not attempted to demonstrate why responding to this
2  request and/or producing responsive documents presents any burden. This objection
3  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
4  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
5  unduly burdensome must allege specific facts which indicate the nature and extent
6  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
7  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
8  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
9  secrets. MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client
11  privilege, the attorney work product doctrine, or other applicable privileges. To the
12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information. Mattel identified Kuchem in its
14  initial disclosures an individual with discoverable knowledge regarding "[t]he
15  development and ownership of intellectual property at issue." Rutowski Decl.
16  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 10).
17  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
18  Further, this information is relevant to, among other things, Mattel's trade secret
19  defense and MGA's claims of trade dress infringement.

20    Mattel's objection that the request seeks confidential, proprietary, and trade
21  secret information should be disregarded. The parties have entered into a protective
22  order in this matter, which governs the handling of confidential business
23  information. Further, Mattel has put its confidential business information at issue in
24  this litigation, including but not limited to its trade secret misappropriation claim
25  Accordingly, it cannot resist discovery of confidential business information.

26    Finally, Mattel has improperly limited its agreement to produce to "the facts
27  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
28  the individual is identified as being knowledgeable about certain topics in Mattel's

-532-

1  initial disclosures, Mattel's obligation to produce does not end with the facts that it
2  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
3  information from the individual on the topics identified, regardless of whether it
4  supports the facts as alleged by Mattel, MGA, or any other party.  <u>See</u> Order
5  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
6  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
7  MGA might be excluding documents that are responsive to the request based upon
8  its unilateral determination of what is 'relevant' or 'sufficient.'").

9       None of Mattel's improper objections are valid and Mattel is obligated to
10  produce all non-privileged responsive documents in its possession, custody, or
11  control.

12  **MATTEL'S RESPONSE:**

13       MGA complains that Mattel has limited its responses  regarding individuals in
14  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
15  disclosures."  Mattel has produced all information as to these individuals that is
16  relevant or pertinent to this litigation.  There is nothing to compel.

17       Quite simply, there is nothing to compel.  Mattel has produced responsive,
18  non-privileged documents relating to Kuchem's knowledge of the facts at issue in
19  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
20  possession, custody or control.

21  **REQUEST FOR PRODUCTION NO. 287:**

22       All DOCUMENTS REFERRING OR RELATING TO Susana Kuemmerle's
23  alleged knowledge of MGA's theft of Mattel's intellectual property and trade
24  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
25  DISCLOSURES.

26  **RESPONSE TO REQUEST NO. 287:**

27       In addition to the general objections stated above which are incorporated
28  herein by reference, Mattel objects to this Request on the grounds that it is

1  overbroad, unduly burdensome and unintelligible, including in that it seeks all
2  documents on this subject without limitation as to time, and regardless of whether
3  such documents relate to products or matters at issue in this case. Mattel further
4  objects to the Request on the grounds that it seeks documents that are not relevant to
5  this action or likely to lead to the discovery of admissible evidence. Mattel further
6  objects to this Request on the grounds that it calls for documents or information in
7  the possession, custody or control of MGA and/or Bryant, including without
8  limitation documents and information that MGA and Bryant have been compelled
9  by Court orders to produce but have not produced. Mattel further object to this
10 Request on the grounds that it seeks confidential, proprietary and trade secret
11 information, including such information that has no bearing on the claims or
12 defenses in this case. Mattel further objects to this Request on the grounds that it
13 calls for the disclosure of information subject to the attorney-client privilege, the
14 attorney work-product doctrine and other applicable privileges.

15        Subject to the foregoing objections, Mattel responds as follows: Mattel will
16 produce responsive, non-privileged documents relating to Susana Kuemmerle's
17 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
18 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
19 has been able to locate after a diligent search and reasonable inquiry, to the extent
20 not previously produced.

21 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 287:**

22        In addition to the general objections stated above which are incorporated
23 herein by reference, Mattel objects to this Request on the grounds that it is
24 overbroad, unduly burdensome and unintelligible, including in that it seeks all
25 documents on this subject without limitation as to time, and regardless of whether
26 such documents relate to products or matters at issue in this case. Mattel further
27 objects to the Request on the grounds that it seeks documents that are not relevant to
28 this action or likely to lead to the discovery of admissible evidence. Mattel further

1 objects to this Request on the grounds that it calls for documents or information in
2 the possession, custody or control of MGA and/or Bryant, including without
3 limitation documents and information that MGA and Bryant have been compelled
4 by Court orders to produce but have not produced. Mattel further object to this
5 Request on the grounds that it seeks confidential, proprietary and trade secret
6 information, including such information that has no bearing on the claims or
7 defenses in this case. Mattel further objects to this Request on the grounds that it
8 calls for the disclosure of information subject to the attorney-client privilege, the
9 attorney work-product doctrine and other applicable privileges.

10      Subject to the foregoing objections, Mattel responds as follows: Mattel will
11 produce responsive, non-privileged documents relating to Susana Kuemmerle's
12 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
13 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
14 has been able to locate after a diligent search and reasonable inquiry, to the extent
15 not previously produced.

16 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
17 **TO SHOULD BE COMPELLED**

18      Mattel has improperly limited its agreement to produce documents in
19 response to this request, subject to its improper boilerplate objections. Mattel has
20 refused to confirm whether or not it has produced all non-privileged responsive
21 documents or whether it is withholding documents based on its objections in Phase
22 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
23 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
24 Generic objections that fail to explain the basis for an objection with specificity are
25 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
26 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
27 'overly burdensome and harassing' are improper – especially when a party fails to
28 submit any evidentiary declarations supporting such objections"). Accordingly,

1 │ Mattel must be compelled either to certify that it has produced all non-privileged
2 │ responsive documents or to produce all such documents by a date certain.

3 │ To the extent that Mattel is relying on its blanket objections, they are not
4 │ sustainable and do not justify Mattel's failure to produce documents.

5 │ As to overbreadth, Mattel provides no explanation, let alone the required
6 │ particularity, as to why this request is supposedly overly broad, nor can it do so.
7 │ This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
8 │ (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9 │ contrary, the request is narrowly tailored to seek documents in Mattel's possession,
10 │ custody, or control concerning Kummerle's alleged knowledge of "MGA's theft of
11 │ Mattel's intellectual property and trade secrets" and "MGA's business practices."

12 │ This area of information is taken directly from Mattel's allegations regarding
13 │ Kummerle in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated
14 │ Initial Disclosures, dated Jan. 5, 2007, p. 11).

15 │ As to burden, Mattel has not attempted to demonstrate why responding to this
16 │ request and/or producing responsive documents presents any burden. This objection
17 │ must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
18 │ F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
19 │ unduly burdensome must allege specific facts which indicate the nature and extent
20 │ of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
21 │ unduly burdensome, as noted above, in that the request is narrowly tailored to seek
22 │ only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
23 │ secrets. MGA is entitled to discovery on this claim.

24 │ This request does not seek documents protected by the attorney-client
25 │ privilege, the attorney work product doctrine, or other applicable privileges. To the
26 │ extent that Mattel contends that it does, Mattel must provide a privilege log.

27 │ This request seeks relevant information. Mattel identified Kummerle in its
28 │ initial disclosures an individual with discoverable knowledge regarding "MGA's

1  theft of Mattel's intellectual property and trade secrets" and "MGA business
2  practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
3  Jan. 5, 2007, p. 11). Accordingly, Mattel's initial disclosures demonstrate the
4  relevance of this request. Further, this information is relevant to, among other
5  things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
6  MGA's affirmative defenses of statute of limitations and laches.

7      Mattel's objection that the request seeks information within MGA's
8  possession, custody or control is nonsensical and lacks factual support. Mattel
9  makes no argument, let alone a factual showing, that any documents in MGA's
10 possession are duplicative of documents within Mattel's control. MGA is entitled to
11 discovery from Mattel of documents within its possession, custody, or control that
12 relate to the subject of this suit. Mattel cannot avoid this obligation by making a
13 conclusory statement that MGA also possesses responsive documents.

14     Mattel's objection that the request seeks confidential, proprietary, and trade
15 secret information should be disregarded. The parties have entered into a protective
16 order in this matter, which governs the handling of confidential business
17 information. Further, Mattel has put its confidential business information at issue in
18 this litigation, including but not limited to its trade secret misappropriation claim
19 Accordingly, it cannot resist discovery of confidential business information.

20     Finally, Mattel has improperly limited its agreement to produce to "the facts
21 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
22 the individual is identified as being knowledgeable about certain topics in Mattel's
23 initial disclosures, Mattel's obligation to produce does not end with the facts that it
24 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
25 information from the individual on the topics identified, regardless of whether it
26 supports the facts as alleged by Mattel, MGA, or any other party. See Order
27 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
28 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

1  MGA might be excluding documents that are responsive to the request based upon
2  its unilateral determination of what is 'relevant' or 'sufficient.'").

3      None of Mattel's improper objections are valid and Mattel is obligated to
4  produce all non-privileged responsive documents in its possession, custody, or
5  control.

6  **MATTEL'S RESPONSE:**

7      MGA ignores that (i) Mattel has produced its non-privileged, responsive
8  documents, as it agreed to do, and that (ii) most information sought by this request is
9  within MGA's possession, custody or control, and is equally if not more readily
10  available to MG  Kuemmerle is an employee of MGA.  MGA gives no reason why
11  it requests information from Mattel regarding its *own company* and its *own*
12  *employee*, other than to say that "this area of information is taken directly from
13  Mattel's allegations regarding Kuemmerle in its initial disclosures."  Indeed, it
14  appears that MGA merely cut and paste its request from Mattel's initial disclosures
15  without consideration as to what information Mattel may have that is already within
16  MGA's possession, custody or control.

17      MGA's conclusory arguments also ignore that the Request is facially
18  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
19  Civil Procedure do not permit MGA to use broad discovery requests untethered to
20  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
21  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
22  See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
23  Cir. 2004) ("District courts need not condone the use of discovery to engage in
24  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
25  Kuemmerle's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮
26  ▮▮▮▮▮  MGA makes no attempt to link this request with the claims and defenses
27  in this case.  For example, Kuemmerle may have knowledge of MGA's retirement
28  plans, health benefits, OSHA compliance, sexual harassment policies, or any

-538-

1  number of subjects regarding business practices at MGA which clearly fall outside
2  the narrow scope required by the Discovery Master. Because MGA has not linked
3  its broad request to any of the numerous and far-ranging allegations of unfair
4  competition set forth in its complaint, the Discovery Master should uphold Mattel's
5  overbreadth objection.

6      The term "RELATING TO ... alleged knowledge" as used in the request is
7  likewise overbroad.  The universe of documents that could "relate" to Kuemmerle's
8  knowledge are potentially without limit.  The request is not confined to documents
9  in Kuemmerle's possession or control; rather, all documents containing information
10 that Kuemmerle coincidentally knows about the subjects at issue are subsumed
11 within this request.

12     MGA complains that Mattel has limited its responses  regarding individuals in
13 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
14 disclosures."  Mattel has produced all information as to these individuals that is
15 relevant or pertinent to this litigation.  There is nothing to compel.

16     Quite simply, there is nothing to compel.  Mattel has produced responsive,
17 non-privileged documents relating to Kuemmerle's knowledge of the facts at issue in
18 this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
19 possession, custody or control.

20 **REQUEST FOR PRODUCTION NO. 288:**

21     All DOCUMENTS REFERRING OR RELATING TO Cecelia Kwok's
22 alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or
23 for MGA during his Mattel employment" and "MGA business practices," as alleged
24 in MATTEL'S INITIAL DISCLOSURES.

25 **RESPONSE TO REQUEST NO. 288:**

26     In addition to the general objections stated above which are incorporated
27 herein by reference, Mattel objects to this Request on the grounds that it is
28 overbroad, unduly burdensome and unintelligible, including in that it seeks all

1  documents on this subject without limitation as to time, and regardless of whether
2  such documents relate to products or matters at issue in this case. Mattel further
3  objects to the Request on the grounds that it seeks documents that are not relevant to
4  this action or likely to lead to the discovery of admissible evidence. Mattel further
5  objects to this Request on the grounds that it calls for documents or information in
6  the possession, custody or control of MGA and/or Bryant, including without
7  limitation documents and information that MGA and Bryant have been compelled
8  by Court orders to produce but have not produced. Mattel further object to this
9  Request on the grounds that it seeks confidential, proprietary and trade secret
10  information, including such information that has no bearing on the claims or
11  defenses in this case. Mattel further objects to this Request on the grounds that it
12  calls for the disclosure of information subject to the attorney-client privilege, the
13  attorney work-product doctrine and other applicable privileges.

14      Subject to the foregoing objections, Mattel responds as follows: Mattel will
15  produce responsive, non-privileged documents relating to Cecelia Kwok's
16  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
17  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
18  has been able to locate after a diligent search and reasonable inquiry, to the extent
19  not previously produced.

20  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 288:**

21      In addition to the general objections stated above which are incorporated
22  herein by reference, Mattel objects to this Request on the grounds that it is
23  overbroad, unduly burdensome and unintelligible, including in that it seeks all
24  documents on this subject without limitation as to time, and regardless of whether
25  such documents relate to products or matters at issue in this case. Mattel further
26  objects to the Request on the grounds that it seeks documents that are not relevant to
27  this action or likely to lead to the discovery of admissible evidence. Mattel further
28  objects to this Request on the grounds that it calls for documents or information in

1  the possession, custody or control of MGA and/or Bryant, including without
2  limitation documents and information that MGA and Bryant have been compelled
3  by Court orders to produce but have not produced.  Mattel further object to this
4  Request on the grounds that it seeks confidential, proprietary and trade secret
5  information, including such information that has no bearing on the claims or
6  defenses in this case.  Mattel further objects to this Request on the grounds that it
7  calls for the disclosure of information subject to the attorney-client privilege, the
8  attorney work-product doctrine and other applicable privileges.

9       Subject to the foregoing objections, Mattel responds as follows: Mattel will
10 produce responsive, non-privileged documents relating to Cecelia Kwok's
11 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
12 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
13 has been able to locate after a diligent search and reasonable inquiry, to the extent
14 not previously produced.

15 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
16 **TO SHOULD BE COMPELLED**

17      Mattel has improperly limited its agreement to produce documents in
18 response to this request, subject to its improper boilerplate objections.  Mattel has
19 refused to confirm whether or not it has produced all non-privileged responsive
20 documents or whether it is withholding documents based on its objections in Phase
21 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
22 must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
23 Generic objections that fail to explain the basis for an objection with specificity are
24 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
25 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
26 'overly burdensome and harassing' are improper – especially when a party fails to
27 submit any evidentiary declarations supporting such objections").  Accordingly,
28

1    Mattel must be compelled either to certify that it has produced all non-privileged
2    responsive documents or to produce all such documents by a date certain.

3        To the extent that Mattel is relying on its blanket objections, they are not
4    sustainable and do not justify Mattel's failure to produce documents.

5        As to overbreadth, Mattel provides no explanation, let alone the required
6    particularity, as to why this request is supposedly overly broad, nor can it do so.
7    This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
8    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9    contrary, the request is narrowly tailored to seek documents in Mattel's possession,
10   custody, or control concerning Kwok's alleged knowledge of "[d]esign and
11   development of Bratz and Bryant' s work with or for MGA during his Mattel
12   employment" and "MGA business practices," This area of information is taken
13   directly from Mattel's allegations regarding Kwok in its initial disclosures.
14   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
15   p. 11).

16       As to burden, Mattel has not attempted to demonstrate why responding to this
17   request and/or producing responsive documents presents any burden. This objection
18   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
19   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
20   unduly burdensome must allege specific facts which indicate the nature and extent
21   of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
22   unduly burdensome, as noted above, in that the request is narrowly tailored to seek
23   only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
24   secrets. MGA is entitled to discovery on this claim.

25       This request does not seek documents protected by the attorney-client
26   privilege, the attorney work product doctrine, or other applicable privileges. To the
27   extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1    This request seeks relevant information. Mattel identified Kwok in its initial
2  disclosures an individual with discoverable knowledge regarding "[d]esign and
3  development of Bratz and Bryant' s work with or for MGA during his Mattel
4  employment" and "MGA business practices," Rutowski Decl. Ex. 56 (Mattel's
5  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 11). Accordingly, Mattel's
6  initial disclosures demonstrate the relevance of this request. Further, this
7  information is relevant to, among other things, Mattel's trade secret defense, MGA's
8  claims of trade dress infringement, and MGA's affirmative defenses of statute of
9  limitations and laches.

10    Mattel's objection that the request seeks information within MGA's
11  possession, custody or control is nonsensical and lacks factual support. Mattel
12  makes no argument, let alone a factual showing, that any documents in MGA's
13  possession are duplicative of documents within Mattel's control. MGA is entitled to
14  discovery from Mattel of documents within its possession, custody, or control that
15  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
16  conclusory statement that MGA also possesses responsive documents.

17    Mattel's objection that the request seeks confidential, proprietary, and trade
18  secret information should be disregarded. The parties have entered into a protective
19  order in this matter, which governs the handling of confidential business
20  information. Further, Mattel has put its confidential business information at issue in
21  this litigation, including but not limited to its trade secret misappropriation claim
22  Accordingly, it cannot resist discovery of confidential business information.

23    Finally, Mattel has improperly limited its agreement to produce to "the facts
24  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
25  the individual is identified as being knowledgeable about certain topics in Mattel's
26  initial disclosures, Mattel's obligation to produce does not end with the facts that it
27  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
28  information from the individual on the topics identified, regardless of whether it

1 supports the facts as alleged by Mattel, MGA, or any other party.  See Order
2 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
3 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
4 MGA might be excluding documents that are responsive to the request based upon
5 its unilateral determination of what is 'relevant' or 'sufficient.'").

6      None of Mattel's improper objections are valid and Mattel is obligated to
7 produce all non-privileged responsive documents in its possession, custody, or
8 control.

9 **MATTEL'S RESPONSE:**

10      MGA ignores that (i) Mattel has produced its non-privileged, responsive
11 documents, as it agreed to do, and that (ii) most information sought by this request is
12 within MGA's possession, custody or control, and is equally if not more readily
13 available to MGA than it is to Mattel.  Kwok is an employee of MGA.  MGA gives
14 no reason why it requests information from Mattel regarding its *own company* and
15 its *own employee*, other than to say that "this area of information is taken directly
16 from Mattel's allegations regarding Kwok in its initial disclosures."  Indeed, it
17 appears that MGA merely cut and paste its request from Mattel's initial disclosures
18 without consideration as to what information Mattel may have that is already within
19 MGA's possession, custody or control.

20      MGA's request is duplicative of previous requests for which Mattel has
21 produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
22 produce documents responsive to MGA's First Set of Requests for the Production of
23 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[81]  Request Nos.
24 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
25 his work at Mattel and MGA and the design and development of Bratz.   Request
26 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring

27 ---
[81] See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
28 Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  or relating to BRYANT."[82]  On September 11, 2007, Discovery Master Infante
2  granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
3  260.[83]  Pursuant to this order, Mattel produced documents responsive to these
4  requests. Mattel has since confirmed that it has produced responsive, non-privileged
5  documents to these requests in its Third Supplemental Responses to MGA's First
6  Set of Requests for Production.[84]   There is nothing additional to compel and MGA's
7  motion is moot.

8       MGA's conclusory arguments also ignore that the Request is facially
9  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
10  Civil Procedure do not permit MGA to use broad discovery requests untethered to
11  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
12  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
13  See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
14  Cir. 2004) ("District courts need not condone the use of discovery to engage in
15  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
16  Kwok's knowledge of extremely broad subjects—including ███████████

17  ███████  MGA makes no attempt to link this request with the claims and defenses
18  in this case. For example, Kwok may have knowledge of MGA's retirement plans,
19  health benefits, OSHA compliance, sexual harassment policies, or any number of
20  subjects regarding business practices at MGA which clearly fall outside the narrow
21  scope required by the Discovery Master. Because MGA has not linked its broad
22  request to any of the numerous and far-ranging allegations of unfair competition set
23
24

25  [82]  See MGA's First Set of Requests for the Production of Documents and
     Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
26  [83]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's
27  Motion to Compel, at 7-10, Dart Decl., Exh. 9.
     [84]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28  for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1    forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
2    objection.

3           The term "RELATING TO … alleged knowledge" as used in the request is
4    likewise overbroad.  The universe of documents that could "relate" to Kwok's
5    knowledge are potentially without limit.  The request is not confined to documents
6    in Kwok's possession or control; rather, all documents containing information that
7    Kwok coincidentally knows about the subjects at issue are subsumed within this
8    request.

9           MGA complains that Mattel has limited its responses  regarding individuals in
10   Mattel's Initial Disclosures to information "as alleged in Mattel's initial
11   disclosures."  Mattel has produced all information as to these individuals that is
12   relevant or pertinent to this litigation.  There is nothing to compel.

13          Quite simply, there is nothing to compel.  Mattel has produced responsive,
14   non-privileged documents relating to Kwok's knowledge of the facts at issue in this
15   litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
16   custody or control.

17   **REQUEST FOR PRODUCTION NO. 289:**

18          All DOCUMENTS REFERRING OR RELATING TO Sheila Kyaw's alleged
19   knowledge of "[d]esign and development of Bratz and Bryant's work with or for
20   MGA during his Mattel employment," as alleged in MATTEL'S INITIAL
21   DISCLOSURES.

22   **RESPONSE TO REQUEST NO. 289:**

23          In addition to the general objections stated above which are incorporated
24   herein by reference, Mattel objects to this Request on the grounds that it is
25   overbroad, unduly burdensome and unintelligible, including in that it seeks all
26   documents on this subject without limitation as to time, and regardless of whether
27   such documents relate to products or matters at issue in this case.  Mattel further
28   objects to the Request on the grounds that it seeks documents that are not relevant to

1    this action or likely to lead to the discovery of admissible evidence. Mattel further

2    objects to this Request on the grounds that it seeks confidential, proprietary and

3    trade secret information, including such information that has no bearing on the

4    claims or defenses in this case. Mattel further objects to this Request on the ground

5    that it calls for the disclosure of information subject to the attorney-client privilege

6    the attorney work-product doctrine and other applicable privileges.

7        Subject to the foregoing objections, Mattel responds as follows: Mattel will

8    produce responsive, non-privileged documents relating to Sheila Kyaw's knowledge

9    of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

10   in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

11   after a diligent search and reasonable inquiry, to the extent not previously produced.

12   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 289:**

13       In addition to the general objections stated above which are incorporated

14   herein by reference, Mattel objects to this Request on the grounds that it is

15   overbroad, unduly burdensome and unintelligible, including in that it seeks all

16   documents on this subject without limitation as to time, and regardless of whether

17   such documents relate to products or matters at issue in this case. Mattel further

18   objects to the Request on the grounds that it seeks documents that are not relevant to

19   this action or likely to lead to the discovery of admissible evidence. Mattel further

20   objects to this Request on the grounds that it seeks confidential, proprietary and

21   trade secret information, including such information that has no bearing on the

22   claims or defenses in this case. Mattel further objects to this Request on the ground

23   that it calls for the disclosure of information subject to the attorney-client privilege

24   the attorney work-product doctrine and other applicable privileges.

25       Subject to the foregoing objections, Mattel responds as follows: Mattel will

26   produce responsive, non-privileged documents relating to Sheila Kyaw's knowledge

27   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

28

1 in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
2 after a diligent search and reasonable inquiry, to the extent not previously produced.

3 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
4 **TO SHOULD BE COMPELLED**

5     Mattel has improperly limited its agreement to produce documents in
6 response to this request, subject to its improper boilerplate objections. Mattel has
7 refused to confirm whether or not it has produced all non-privileged responsive
8 documents or whether it is withholding documents based on its objections in Phase
9 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
10 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
11 Generic objections that fail to explain the basis for an objection with specificity are
12 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
13 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
14 'overly burdensome and harassing' are improper – especially when a party fails to
15 submit any evidentiary declarations supporting such objections"). Accordingly,
16 Mattel must be compelled either to certify that it has produced all non-privileged
17 responsive documents or to produce all such documents by a date certain.

18     To the extent that Mattel is relying on its blanket objections, they are not
19 sustainable and do not justify Mattel's failure to produce documents.

20     As to overbreadth, Mattel provides no explanation, let alone the required
21 particularity, as to why this request is supposedly overly broad, nor can it do so.
22 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
23 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
24 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
25 custody, or control concerning Kyaw's alleged knowledge of "[d]esign and
26 development of Bratz and Bryant' s work with or for MGA during his Mattel
27 employment." This area of information is taken directly from Mattel's allegations

28

1  regarding Kyaw in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's

2  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 11).

3       As to burden, Mattel has not attempted to demonstrate why responding to this

4  request and/or producing responsive documents presents any burden. This objection

5  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

6  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

7  unduly burdensome must allege specific facts which indicate the nature and extent

8  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

9  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

10  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

11  secrets. MGA is entitled to discovery on this claim.

12       This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges. To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15       This request seeks relevant information. Mattel identified Kyaw in its initial

16  disclosures an individual with discoverable knowledge regarding "[d]esign and

17  development of Bratz and Bryant' s work with or for MGA during his Mattel

18  employment." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures,

19  dated Jan. 5, 2007, p. 11). Accordingly, Mattel's initial disclosures demonstrate th

20  relevance of this request. Further, this information is relevant to, among other

21  things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and

22  MGA's affirmative defenses of statute of limitations and laches.

23       Mattel's objection that the request seeks confidential, proprietary, and trade

24  secret information should be disregarded. The parties have entered into a protective

25  order in this matter, which governs the handling of confidential business

26  information. Further, Mattel has put its confidential business information at issue in

27  this litigation, including but not limited to its trade secret misappropriation claim

28  Accordingly, it cannot resist discovery of confidential business information.

1    Finally, Mattel has improperly limited its agreement to produce to "the facts
2 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
3 the individual is identified as being knowledgeable about certain topics in Mattel's
4 initial disclosures, Mattel's obligation to produce does not end with the facts that it
5 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
6 information from the individual on the topics identified, regardless of whether it
7 supports the facts as alleged by Mattel, MGA, or any other party. See Order
8 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10 MGA might be excluding documents that are responsive to the request based upon
11 its unilateral determination of what is 'relevant' or 'sufficient.'").

12    None of Mattel's improper objections are valid and Mattel is obligated to
13 produce all non-privileged responsive documents in its possession, custody, or
14 control.

15 **MATTEL'S RESPONSE:**

16    MGA's request is duplicative of previous requests for which Mattel has
17 produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
18 produce documents responsive to MGA's First Set of Requests for the Production of
19 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[85] Request Nos.
20 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
21 his work at Mattel and MGA and the design and development of Bratz. Request
22 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
23 or relating to BRYANT."[86] On September 11, 2007, Discovery Master Infante
24 granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
25

26    [85] See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
27 Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
    [86] See MGA's First Set of Requests for the Production of Documents and
28 Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

1  260.[87]  Pursuant to this order, Mattel produced documents responsive to these

2  requests. Mattel has since confirmed that it has produced responsive, non-privileged

3  documents to these requests in its Third Supplemental Responses to MGA's First

4  Set of Requests for Production.[88]  There is nothing additional to compel and MGA's

5  motion is moot.

6       The term "RELATING TO … alleged knowledge" as used in the request is

7  likewise overbroad.  The universe of documents that could "relate" to Kyaw's

8  knowledge are potentially without limit.  The request is not confined to documents

9  in Kyaw's possession or control; rather, all documents containing information that

10  Kyaw coincidentally knows about the subjects at issue are subsumed within this

11  request.

12       MGA complains that Mattel has limited its responses  regarding individuals in

13  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

14  disclosures."  Mattel has produced all information as to these individuals that is

15  relevant or pertinent to this litigation.  There is nothing to compel.

16       Quite simply, there is nothing to compel.  Mattel has produced responsive,

17  non-privileged documents relating to Kyaw's knowledge of the facts at issue in this

18  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

19  custody or control.

20  **REQUEST FOR PRODUCTION NO. 290:**

21       All DOCUMENTS in Sheila Kyaw's possession or control REFERRING OR

22  RELATING TO her alleged knowledge of "[d]esign and development of Bratz and

23  Bryant's work with or for MGA during his Mattel employment," as alleged in

24  MATTEL'S INITIAL DISCLOSURES.

25

26  [87]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's

27  Motion to Compel, at 7-10, Dart Decl., Exh. 9.

   [88]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests

28  for Production 04-9059, dated January 19, 2008, at 8-11, Dart Decl., Exh. 18.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1 | **RESPONSE TO REQUEST NO. 290:**

2 |     In addition to the general objections stated above which are incorporated

3 | herein by reference, Mattel objects to this Request on the grounds that it is

4 | overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 | documents on this subject without limitation as to time, and regardless of whether

6 | such documents relate to products or matters at issue in this case. Mattel further

7 | objects to the Request on the grounds that it seeks documents that are not relevant to

8 | this action or likely to lead to the discovery of admissible evidence. Mattel further

9 | objects to this Request on the grounds that it seeks confidential, proprietary and

10 | trade secret information, including such information that has no bearing on the

11 | claims or defenses in this case. Mattel further objects to this Request on the ground

12 | that it calls for the disclosure of information subject to the attorney-client privilege

13 | the attorney work-product doctrine and other applicable privileges.

14 |     Subject to the foregoing objections, Mattel responds as follows: Mattel will

15 | produce responsive, non-privileged documents relating to Sheila Kyaw's knowledge

16 | of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

17 | in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

18 | after a diligent search and reasonable inquiry, to the extent not previously produced.

19 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 290:**

20 |     In addition to the general objections stated above which are incorporated

21 | herein by reference, Mattel objects to this Request on the grounds that it is

22 | overbroad, unduly burdensome and unintelligible, including in that it seeks all

23 | documents on this subject without limitation as to time, and regardless of whether

24 | such documents relate to products or matters at issue in this case. Mattel further

25 | objects to the Request on the grounds that it seeks documents that are not relevant to

26 | this action or likely to lead to the discovery of admissible evidence. Mattel further

27 | objects to this Request on the grounds that it seeks confidential, proprietary and

28 | trade secret information, including such information that has no bearing on the

1  claims or defenses in this case. Mattel further objects to this Request on the ground

2  that it calls for the disclosure of information subject to the attorney-client privilege

3  the attorney work-product doctrine and other applicable privileges.

4        Subject to the foregoing objections, Mattel responds as follows: Mattel will

5  produce responsive, non-privileged documents relating to Sheila Kyaw's knowledge

6  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

7  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

8  after a diligent search and reasonable inquiry, to the extent not previously produced.

9  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

10  **TO SHOULD BE COMPELLED**

11        Mattel has improperly limited its agreement to produce documents in

12  response to this request, subject to its improper boilerplate objections. Mattel has

13  refused to confirm whether or not it has produced all non-privileged responsive

14  documents or whether it is withholding documents based on its objections in Phase

15  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

16  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

17  Generic objections that fail to explain the basis for an objection with specificity are

18  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

19  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

20  'overly burdensome and harassing' are improper – especially when a party fails to

21  submit any evidentiary declarations supporting such objections"). Accordingly,

22  Mattel must be compelled either to certify that it has produced all non-privileged

23  responsive documents or to produce all such documents by a date certain.

24        To the extent that Mattel is relying on its blanket objections, they are not

25  sustainable and do not justify Mattel's failure to produce documents.

26        As to overbreadth, Mattel provides no explanation, let alone the required

27  particularity, as to why this request is supposedly overly broad, nor can it do so.

28  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

1  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
2  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
3  custody, or control concerning Kyaw's alleged knowledge of "[d]esign and
4  development of Bratz and Bryant's work with or for MGA during his Mattel
5  employment." This area of information is taken directly from Mattel's allegations
6  regarding Kyaw in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's
7  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 11).

8      As to burden, Mattel has not attempted to demonstrate why responding to this
9  request and/or producing responsive documents presents any burden. This objection
10  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
11  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
12  unduly burdensome must allege specific facts which indicate the nature and extent
13  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
14  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
15  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
16  secrets. MGA is entitled to discovery on this claim.

17      This request does not seek documents protected by the attorney-client
18  privilege, the attorney work product doctrine, or other applicable privileges. To the
19  extent that Mattel contends that it does, Mattel must provide a privilege log.

20      This request seeks relevant information. Mattel identified Kyaw in its initial
21  disclosures an individual with discoverable knowledge regarding "[d]esign and
22  development of Bratz and Bryant's work with or for MGA during his Mattel
23  employment." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures,
24  dated Jan. 5, 2007, p. 11). Accordingly, Mattel's initial disclosures demonstrate th
25  relevance of this request. Further, this information is relevant to, among other
26  things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
27  MGA's affirmative defenses of statute of limitations and laches.

28

1   Mattel's objection that the request seeks confidential, proprietary, and trade
2   secret information should be disregarded.  The parties have entered into a protective
3   order in this matter, which governs the handling of confidential business
4   information.  Further, Mattel has put its confidential business information at issue in
5   this litigation, including but not limited to its trade secret misappropriation claim
6   Accordingly, it cannot resist discovery of confidential business information.

7   Finally, Mattel has improperly limited its agreement to produce to "the facts
8   at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
9   the individual is identified as being knowledgeable about certain topics in Mattel's
10  initial disclosures, Mattel's obligation to produce does not end with the facts that it
11  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
12  information from the individual on the topics identified, regardless of whether it
13  supports the facts as alleged by Mattel, MGA, or any other party.  See Order
14  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
15  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
16  MGA might be excluding documents that are responsive to the request based upon
17  its unilateral determination of what is 'relevant' or 'sufficient.'").

18  None of Mattel's improper objections are valid and Mattel is obligated to
19  produce all non-privileged responsive documents in its possession, custody, or
20  control.

21  **MATTEL'S RESPONSE:**

22  MGA's request is duplicative of previous requests for which Mattel has
23  produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
24  produce documents responsive to MGA's First Set of Requests for the Production of
25  Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[89]  Request Nos.
26  180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including

27  ────────────
    [89]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
28  Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.

1  his work at Mattel and MGA and the design and development of Bratz.  Request

2  No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring

3  or relating to BRYANT."[90]  On September 11, 2007, Discovery Master Infante

4  granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and

5  260.[91]  Pursuant to this order, Mattel produced documents responsive to these

6  requests. Mattel has since confirmed that it has produced responsive, non-privileged

7  documents to these requests in its Third Supplemental Responses to MGA's First

8  Set of Requests for Production.[92]  There is nothing additional to compel and MGA's

9  motion is moot.

10       The term "RELATING TO ... alleged knowledge" as used in the request is

11  likewise overbroad.  The universe of documents that could "relate" to Kyaw's

12  knowledge are potentially without limit.  All documents containing information that

13  Kyaw coincidentally knows about the subjects at issue are subsumed within this

14  request.

15       MGA complains that Mattel has limited its responses  regarding individuals in

16  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

17  disclosures."  Mattel has produced all information as to these individuals that is

18  relevant or pertinent to this litigation.  There is nothing to compel.

19       Quite simply, there is nothing to compel.  Mattel has produced responsive,

20  non-privileged documents relating to Kyaw's knowledge of the facts at issue in this

21  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

22  custody or control.

23

24

25  [90]  See MGA's First Set of Requests for the Production of Documents and Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

26  [91]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's

27  Motion to Compel, at 7-10, Dart Decl., Exh. 9.

    [92]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests

28  for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

**REQUEST FOR PRODUCTION NO. 291:**

All DOCUMENTS REFERRING OR RELATING TO Farhad Larian's alleged knowledge of "[d]evelopment of Bratz" and "MGA's business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 291:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA and/or Bryant, including without limitation documents and information that MGA and Bryant have been compelled by Court orders to produce but have not produced. Mattel further object to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Farhad Larian's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

1 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 291:**

2     In addition to the general objections stated above which are incorporated

3 herein by reference, Mattel objects to this Request on the grounds that it is

4 overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 documents on this subject without limitation as to time, and regardless of whether

6 such documents relate to products or matters at issue in this case. Mattel further

7 objects to the Request on the grounds that it seeks documents that are not relevant to

8 this action or likely to lead to the discovery of admissible evidence. Mattel further

9 objects to this Request on the grounds that it calls for documents or information in

10 the possession, custody or control of MGA and/or Bryant, including without

11 limitation documents and information that MGA and Bryant have been compelled

12 by Court orders to produce but have not produced. Mattel further object to this

13 Request on the grounds that it seeks confidential, proprietary and trade secret

14 information, including such information that has no bearing on the claims or

15 defenses in this case. Mattel further objects to this Request on the grounds that it

16 calls for the disclosure of information subject to the attorney-client privilege, the

17 attorney work-product doctrine and other applicable privileges.

18     Subject to the foregoing objections, Mattel responds as follows: Mattel will

19 produce responsive, non-privileged documents relating to Farhad Larian's

20 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

21 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

22 has been able to locate after a diligent search and reasonable inquiry, to the extent

23 not previously produced.

24 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

25 **TO SHOULD BE COMPELLED**

26     Mattel has improperly limited its agreement to produce documents in

27 response to this request, subject to its improper boilerplate objections. Mattel has

28 refused to confirm whether or not it has produced all non-privileged responsive

1 documents or whether it is withholding documents based on its objections in Phase
2 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
3 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
4 Generic objections that fail to explain the basis for an objection with specificity are
5 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
6 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
7 'overly burdensome and harassing' are improper – especially when a party fails to
8 submit any evidentiary declarations supporting such objections"). Accordingly,
9 Mattel must be compelled either to certify that it has produced all non-privileged
10 responsive documents or to produce all such documents by a date certain.

11    To the extent that Mattel is relying on its blanket objections, they are not
12 sustainable and do not justify Mattel's failure to produce documents.

13    As to overbreadth, Mattel provides no explanation, let alone the required
14 particularity, as to why this request is supposedly overly broad, nor can it do so.
15 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
16 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
17 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
18 custody, or control concerning Larian's alleged knowledge of "[d]evelopment of
19 Bratz" and "MGA's business practices." This area of information is taken directly
20 from Mattel's allegations regarding Larian in its initial disclosures. Rutowski Decl
21 Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 11).

22    As to burden, Mattel has not attempted to demonstrate why responding to this
23 request and/or producing responsive documents presents any burden. This objection
24 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
25 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
26 unduly burdensome must allege specific facts which indicate the nature and extent
27 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
28 unduly burdensome, as noted above, in that the request is narrowly tailored to seek

1   only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade

2   secrets.  MGA is entitled to discovery on this claim.

3        This request does not seek documents protected by the attorney-client

4   privilege, the attorney work product doctrine, or other applicable privileges.  To the

5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6        This request seeks relevant information.  Mattel identified Larian in its initial

7   disclosures an individual with discoverable knowledge regarding "[d]evelopment o

8   Bratz" and "MGA's business practices."  Rutowski Decl. Ex. 56 (Mattel's

9   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 11).  Accordingly, Mattel's

10  initial disclosures demonstrate the relevance of this request.  Further, this

11  information is relevant to, among other things, Mattel's trade secret defense, MGA's

12  claims of trade dress infringement, and MGA's affirmative defenses of statute of

13  limitations and laches.

14       Mattel's objection that the request seeks information within MGA's

15  possession, custody or control is nonsensical and lacks factual support.  Mattel

16  makes no argument, let alone a factual showing, that any documents in MGA's

17  possession are duplicative of documents within Mattel's control.  MGA is entitled to

18  discovery from Mattel of documents within its possession, custody, or control that

19  relate to the subject of this suit.  Mattel cannot avoid this obligation by making a

20  conclusory statement that MGA also possesses responsive documents.

21       Mattel's objection that the request seeks confidential, proprietary, and trade

22  secret information should be disregarded.  The parties have entered into a protective

23  order in this matter, which governs the handling of confidential business

24  information.  Further, Mattel has put its confidential business information at issue in

25  this litigation, including but not limited to its trade secret misappropriation claim

26  Accordingly, it cannot resist discovery of confidential business information.

27       Finally, Mattel has improperly limited its agreement to produce to "the facts

28  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

1   the individual is identified as being knowledgeable about certain topics in Mattel's
2   initial disclosures, Mattel's obligation to produce does not end with the facts that it
3   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
4   information from the individual on the topics identified, regardless of whether it
5   supports the facts as alleged by Mattel, MGA, or any other party.  <u>See</u> Order
6   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
7   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
8   MGA might be excluding documents that are responsive to the request based upon
9   its unilateral determination of what is 'relevant' or 'sufficient.'").

10      None of Mattel's improper objections are valid and Mattel is obligated to
11   produce all non-privileged responsive documents in its possession, custody, or
12   control.

13   **MATTEL'S RESPONSE:**

14      MGA's request is duplicative of previous requests for which Mattel has
15   produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
16   produce documents responsive to MGA's First Set of Requests for the Production of
17   Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[93]  Request Nos.
18   180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
19   his work at Mattel and MGA and the design and development of Bratz.   Request
20   No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
21   or relating to BRYANT."[94]  On September 11, 2007, Discovery Master Infante
22   granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
23   260.[95]  Pursuant to this order, Mattel produced documents responsive to these

24

25   [93]  <u>See</u> MGA's Motion to Compel Mattel to Supplement its Responses and Produce
     Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
26   [94]  <u>See</u> MGA's First Set of Requests for the Production of Documents and
27   Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
     [95]  <u>See</u> September 12, 2007 Order Granting in Part and Denying in Part MGA's
28   Motion to Compel, at 7-10, Dart Decl., Exh. 9.

1  requests. Mattel has since confirmed that it has produced responsive, non-privileged
2  documents to these requests in its Third Supplemental Responses to MGA's First
3  Set of Requests for Production.[96]   There is nothing additional to compel and MGA's
4  motion is moot.

5      MGA's conclusory arguments also ignore that the Request is facially
6  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
7  Civil Procedure do not permit MGA to use broad discovery requests untethered to
8  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
9  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
10 See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
11 Cir. 2004) ("District courts need not condone the use of discovery to engage in
12 'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
13 Larian's knowledge of extremely broad subjects—including
14       MGA makes no attempt to link this request with the claims and defenses
15 in this case.  For example, Larian may have knowledge of MGA's retirement plans,
16 health benefits, OSHA compliance, sexual harassment policies, or any number of
17 subjects regarding business practices at MGA which clearly fall outside the narrow
18 scope required by the Discovery Master. Because MGA has not linked its broad
19 request to any of the numerous and far-ranging allegations of unfair competition set
20 forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
21 objection.

22     The term "RELATING TO ... alleged knowledge" as used in the request is
23 likewise overbroad.  The universe of documents that could "relate" to Larian's
24 knowledge are potentially without limit.  The request is not confined to documents
25 in Larian's possession or control; rather, all documents containing information that
26
27 ───────────────
28 [96]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests
   for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

-562-

1  Larian coincidentally knows about the subjects at issue are subsumed within this
2  request.

3      MGA complains that Mattel has limited its responses regarding individuals in
4  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
5  disclosures." Mattel has produced all information as to these individuals that is
6  relevant or pertinent to this litigation. There is nothing to compel.

7      Quite simply, there is nothing to compel. Mattel has produced responsive,
8  non-privileged documents relating to Larian's knowledge of the facts at issue in this
9  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
10 custody or control.

11 **REQUEST FOR PRODUCTION NO. 292:**

12     All DOCUMENTS REFERRING OR RELATING TO Isaac Larian's allege
13 knowledge of "[d]esign and development of Bratz and Bryant's work with or for
14 MGA during his Mattel employment," "Bryant's breach of obligations to Mattel and
15 MGA's efforts to conceal same," "MGA's theft of Mattel's intellectual property and
16 trade secrets," and "MGA's business practices," as alleged in MATTEL'S INITIAL
17 DISCLOSURES.

18 **RESPONSE TO REQUEST NO. 292:**

19     In addition to the general objections stated above which are incorporated
20 herein by reference, Mattel objects to this Request on the grounds that it is
21 overbroad, unduly burdensome and unintelligible, including in that it seeks all
22 documents on this subject without limitation as to time, and regardless of whether
23 such documents relate to products or matters at issue in this case. Mattel further
24 objects to the Request on the grounds that it seeks documents that are not relevant to
25 this action or likely to lead to the discovery of admissible evidence. Mattel further
26 objects to this Request on the grounds that it calls for documents or information in
27 the possession, custody or control of MGA and/or Bryant, including without
28 limitation documents and information that MGA and Bryant have been compelled

1  by Court orders to produce but have not produced.  Mattel further object to this

2  Request on the grounds that it seeks confidential, proprietary and trade secret

3  information, including such information that has no bearing on the claims or

4  defenses in this case.  Mattel further objects to this Request on the grounds that it

5  calls for the disclosure of information subject to the attorney-client privilege, the

6  attorney work-product doctrine and other applicable privileges.

7        Subject to the foregoing objections, Mattel responds as follows: Mattel will

8  produce responsive, non-privileged documents relating to Isaac Larian's knowledg

9  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

10  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

11  after a diligent search and reasonable inquiry, to the extent not previously produced.

12  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 292:**

13        In addition to the general objections stated above which are Incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case.  Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant to

19  this action or likely to lead to the discovery of admissible evidence.  Mattel further

20  objects to this Request on the grounds that it calls for documents or information in

21  the possession, custody or control of MGA and/or Bryant, including without

22  limitation documents and information that MGA and Bryant have been compelled

23  by Court orders to produce but have not produced.  Mattel further object to this

24  Request on the grounds that it seeks confidential, proprietary and trade secret

25  information, including such information that has no bearing on the claims or

26  defenses in this case.  Mattel further objects to this Request on the grounds that it

27  calls for the disclosure of information subject to the attorney-client privilege, the

28  attorney work-product doctrine and other applicable privileges.