1       Subject to the foregoing objections, Mattel responds as follows: Mattel will
2  produce responsive, non-privileged documents relating to Isaac Larian's knowledg
3  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
4  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
5  after a diligent search and reasonable inquiry, to the extent not previously produced.
6  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
7  **TO SHOULD BE COMPELLED**
8       Mattel has improperly limited its agreement to produce documents in
9  response to this request, subject to its improper boilerplate objections.  Mattel has
10  refused to confirm whether or not it has produced all non-privileged responsive
11  documents or whether it is withholding documents based on its objections in Phase
12  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
13  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
14  Generic objections that fail to explain the basis for an objection with specificity are
15  routinely rejected in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber</u>,
16  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
17  'overly burdensome and harassing' are improper – especially when a party fails to
18  submit any evidentiary declarations supporting such objections").  Accordingly,
19  Mattel must be compelled either to certify that it has produced all non-privileged
20  responsive documents or to produce all such documents by a date certain.
21       To the extent that Mattel is relying on its blanket objections, they are not
22  sustainable and do not justify Mattel's failure to produce documents.
23       As to overbreadth, Mattel provides no explanation, let alone the required
24  particularity, as to why this request is supposedly overly broad, nor can it do so.
25  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
26  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
27  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
28  custody, or control concerning Larian's alleged knowledge of "[d]esign and

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1   development of Bratz and Bryant's work with or for MGA during his Mattel
2   employment," "Bryant's breach of obligations to Mattel and MGA's efforts to
3   conceal same," "MGA's theft of Mattel's intellectual property and trade secrets," and
4   "MGA's business practices." This area of information is taken directly from Mattel's
5   allegations regarding Larian in its initial disclosures. Rutowski Decl. Ex. 56
6   (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 11).

7       As to burden, Mattel has not attempted to demonstrate why responding to this
8   request and/or producing responsive documents presents any burden. This objection
9   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
10  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
11  unduly burdensome must allege specific facts which indicate the nature and extent
12  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
13  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
14  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
15  secrets. MGA is entitled to discovery on this claim.

16      This request does not seek documents protected by the attorney-client
17  privilege, the attorney work product doctrine, or other applicable privileges. To the
18  extent that Mattel contends that it does, Mattel must provide a privilege log.

19      This request seeks relevant information. Mattel identified Larian in its initial
20  disclosures an individual with discoverable knowledge regarding "[d]esign and
21  development of Bratz and Bryant' s work with or for MGA during his Mattel
22  employment," "Bryant's breach of obligations to Mattel and MGA's efforts to
23  conceal same," "MGA's theft of Mattel's intellectual property and trade secrets," and
24  "MGA's business practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
25  Disclosures, dated Jan. 5, 2007, p. 11). Accordingly, Mattel's initial disclosures
26  demonstrate the relevance of this request. Further, this information is relevant to,
27  among other things, Mattel's trade secret defense, MGA's claims of trade dress
28  infringement, and MGA's affirmative defenses of statute of limitations and laches.

1    Mattel's objection that the request seeks information within MGA's
2  possession, custody or control is nonsensical and lacks factual support. Mattel
3  makes no argument, let alone a factual showing, that any documents in MGA's
4  possession are duplicative of documents within Mattel's control. MGA is entitled to
5  discovery from Mattel of documents within its possession, custody, or control that
6  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
7  conclusory statement that MGA also possesses responsive documents.

8    Mattel's objection that the request seeks confidential, proprietary, and trade
9  secret information should be disregarded. The parties have entered into a protective
10  order in this matter, which governs the handling of confidential business
11  information. Further, Mattel has put its confidential business information at issue in
12  this litigation, including but not limited to its trade secret misappropriation claim
13  Accordingly, it cannot resist discovery of confidential business information.

14    Finally, Mattel has improperly limited its agreement to produce to "the facts
15  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
16  the individual is identified as being knowledgeable about certain topics in Mattel's
17  initial disclosures, Mattel's obligation to produce does not end with the facts that it
18  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
19  information from the individual on the topics identified, regardless of whether it
20  supports the facts as alleged by Mattel, MGA, or any other party. See Order
21  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
22  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
23  MGA might be excluding documents that are responsive to the request based upon
24  its unilateral determination of what is 'relevant' or 'sufficient.'").

25    None of Mattel's improper objections are valid and Mattel is obligated to
26  produce all non-privileged responsive documents in its possession, custody, or
27  control.

28

1 | **MATTEL'S RESPONSE:**

2  MGA ignores that (i) Mattel has produced its non-privileged, responsive

3 documents, as it agreed to do, and that (ii) most information sought by this request is

4 within MGA's possession, custody or control, and is equally if not more readily

5 available to MGA than it is to Mattel. Larian is an employee of MGA. MGA gives

6 no reason why it requests information from Mattel regarding its *own company* and

7 its *own employee*, other than to say that "this area of information is taken directly

8 from Mattel's allegations regarding Larian in its initial disclosures." Indeed, it

9 appears that MGA merely cut and paste its request from Mattel's initial disclosures

10 without consideration as to what information Mattel may have that is already within

11 MGA's possession, custody or control.

12  MGA's request is duplicative of previous requests for which Mattel has

13 produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to

14 produce documents responsive to MGA's First Set of Requests for the Production of

15 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[97]  Request Nos.

16 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including

17 his work at Mattel and MGA and the design and development of Bratz.   Request

18 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring

19 or relating to BRYANT."[98]  On September 11, 2007, Discovery Master Infante

20 granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and

21 260.[99]  Pursuant to this order, Mattel produced documents responsive to these

22 requests. Mattel has since confirmed that it has produced responsive, non-privileged

23 documents to these requests in its Third Supplemental Responses to MGA's First

24

25     [97] See MGA's Motion to Compel Mattel to Supplement its Responses and Produce Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.

26     [98] See MGA's First Set of Requests for the Production of Documents and

27 Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

    [99] See September 12, 2007 Order Granting in Part and Denying in Part MGA's

28 Motion to Compel, at 7-10, Dart Decl., Exh. 9.

1  Set of Requests for Production.[100]   There is nothing additional to compel and
2  MGA's motion is moot.

3        MGA's conclusory arguments also ignore that the Request is facially
4  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
5  Civil Procedure do not permit MGA to use broad discovery requests untethered to
6  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
7  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
8  See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
9  Cir. 2004) ("District courts need not condone the use of discovery to engage in
10 'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
11 Larian's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮
12 ▮▮▮▮▮▮  MGA makes no attempt to link this request with the claims and defenses
13 in this case.  For example, Larian may have knowledge of MGA's retirement plans,
14 health benefits, OSHA compliance, sexual harassment policies, or any number of
15 subjects regarding business practices at MGA which clearly fall outside the narrow
16 scope required by the Discovery Master. Because MGA has not linked its broad
17 request to any of the numerous and far-ranging allegations of unfair competition set
18 forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
19 objection.

20       The term "RELATING TO … alleged knowledge" as used in the request is
21 likewise overbroad.  The universe of documents that could "relate" to Larian's
22 knowledge are potentially without limit.  The request is not confined to documents
23 in Larian's possession or control; rather, all documents containing information that
24 Larian coincidentally knows about the subjects at issue are subsumed within this
25 request.

26

27 ───────────────
   [100]   See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28 for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1    MGA complains that Mattel has limited its responses regarding individuals in
2    Mattel's Initial Disclosures to information "as alleged in Mattel's initial
3    disclosures." Mattel has produced all information as to these individuals that is
4    relevant or pertinent to this litigation. There is nothing to compel.

5    Quite simply, there is nothing to compel. Mattel has produced responsive,
6    non-privileged documents relating to Larian's knowledge of the facts at issue in this
7    litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
8    custody or control.

9    **REQUEST FOR PRODUCTION NO. 293:**

10   All DOCUMENTS REFERRING OR RELATING TO Jill Larson's alleged
11   knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and
12   "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

13   **RESPONSE TO REQUEST NO. 293:**

14   In addition to the general objections stated above which are incorporated
15   herein by reference, Mattel objects to this Request on the grounds that it is
16   overbroad, unduly burdensome and unintelligible, including in that it seeks all
17   documents on this subject without limitation as to time, and regardless of whether
18   such documents relate to products or matters at issue in this case. Mattel further
19   objects to the Request on the grounds that it seeks documents that are not relevant to
20   this action or likely to lead to the discovery of admissible evidence. Mattel further
21   objects to this Request on the grounds that it calls for documents or information in
22   the possession, custody or control of MGA, including without limitation documents
23   and information that MGA has been compelled by Court orders to produce but has
24   not produced. Mattel further objects to this Request on the grounds that it seeks
25   confidential, proprietary and trade secret information, including such information
26   that has no bearing on the claims or defenses in this case. Mattel further objects to
27   this Request on the grounds that it calls for the disclosure of information subject to
28

1  the attorney-client privilege, the attorney work product doctrine and other applicable
2  privileges.

3      Subject to the foregoing objections, Mattel responds as follows: Mattel will
4  produce responsive, non-privileged documents relating to Jill Larson's knowledge of
5  the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in
6  Mattel's possession, custody, or control, if any, that Mattel has been able to locate
7  after a diligent search and reasonable inquiry, to the extent not previously produced.

8  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 293:**

9      In addition to the general objections stated above which are incorporated
10  herein by reference, Mattel objects to this Request on the grounds that it is
11  overbroad, unduly burdensome and unintelligible, including in that it seeks all
12  documents on this subject without limitation as to time, and regardless of whether
13  such documents relate to products or matters at issue in this case.  Mattel further
14  objects to the Request on the grounds that it seeks documents that are not relevant to
15  this action or likely to lead to the discovery of admissible evidence.  Mattel further
16  objects to this Request on the grounds that it calls for documents or information in
17  the possession, custody or control of MGA, including without limitation documents
18  and information that MGA has been compelled by Court orders to produce but has
19  not produced.  Mattel further objects to this Request on the grounds that it seeks
20  confidential, proprietary and trade secret information, including such information
21  that has no bearing on the claims or defenses in this case.  Mattel further objects to
22  this Request on the grounds that it calls for the disclosure of information subject to
23  the attorney-client privilege, the attorney work product doctrine and other applicable
24  privileges.

25      Subject to the foregoing objections, Mattel responds as follows: Mattel will
26  produce responsive, non-privileged documents relating to Jill Larson's knowledge of
27  the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in
28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  Mattel's possession, custody, or control, if any, that Mattel has been able to locate

2  after a diligent search and reasonable inquiry, to the extent not previously produced.

3  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

4  **TO SHOULD BE COMPELLED**

5      Mattel has improperly limited its agreement to produce documents in

6  response to this request, subject to its improper boilerplate objections. Mattel has

7  refused to confirm whether or not it has produced all non-privileged responsive

8  documents or whether it is withholding documents based on its objections in Phase

9  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

10 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

11 Generic objections that fail to explain the basis for an objection with specificity are

12 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

13 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

14 'overly burdensome and harassing' are improper – especially when a party fails to

15 submit any evidentiary declarations supporting such objections"). Accordingly,

16 Mattel must be compelled either to certify that it has produced all non-privileged

17 responsive documents or to produce all such documents by a date certain.

18      To the extent that Mattel is relying on its blanket objections, they are not

19 sustainable and do not justify Mattel's failure to produce documents.

20      As to overbreadth, Mattel provides no explanation, let alone the required

21 particularity, as to why this request is supposedly overly broad, nor can it do so.

22 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

23 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

24 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

25 custody, or control concerning Larson's alleged knowledge of "MGA's access to

26 Mattel's intellectual property and trade secrets" and "MGA's business practices."

27 This area of information is taken directly from Mattel's allegations regarding Larson

28

1  in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
2  Disclosures, dated Jan. 5, 2007, p. 11).

3       As to burden, Mattel has not attempted to demonstrate why responding to this
4  request and/or producing responsive documents presents any burden.  This objection
5  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
6  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7  unduly burdensome must allege specific facts which indicate the nature and extent
8  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
9  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
10  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
11  secrets.  MGA is entitled to discovery on this claim.

12       This request does not seek documents protected by the attorney-client
13  privilege, the attorney work product doctrine, or other applicable privileges.  To the
14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15       This request seeks relevant information.  Mattel identified Larson in its initial
16  disclosures an individual with discoverable knowledge regarding "MGA's access to
17  Mattel's intellectual property and trade secrets" and "MGA business practices."
18  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
19  p. 11).  Accordingly, Mattel's initial disclosures demonstrate the relevance o this
20  request.  Further, this information is relevant to, among other things, Mattel's trade
21  secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
22  defenses of statute of limitations and laches.

23       Mattel's objection that the request seeks information within MGA's
24  possession, custody or control is nonsensical and lacks factual support.  Mattel
25  makes no argument, let alone a factual showing, that any documents in MGA's
26  possession are duplicative of documents within Mattel's control.  MGA is entitled to
27  discovery from Mattel of documents within its possession, custody, or control that
28

1  relate to the subject of this suit.  Mattel cannot avoid this obligation by making a

2  conclusory statement that MGA also possesses responsive documents.

3       Mattel's objection that the request seeks confidential, proprietary, and trade

4  secret information should be disregarded.  The parties have entered into a protective

5  order in this matter, which governs the handling of confidential business

6  information.  Further, Mattel has put its confidential business information at issue in

7  this litigation, including but not limited to its trade secret misappropriation claim

8  Accordingly, it cannot resist discovery of confidential business information.

9       Finally, Mattel has improperly limited its agreement to produce to "the facts

10  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

11  the individual is identified as being knowledgeable about certain topics in Mattel's

12  initial disclosures, Mattel's obligation to produce does not end with the facts that it

13  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

14  information from the individual on the topics identified, regardless of whether it

15  supports the facts as alleged by Mattel, MGA, or any other party.  See Order

16  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

17  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

18  MGA might be excluding documents that are responsive to the request based upon

19  its unilateral determination of what is 'relevant' or 'sufficient.'").

20       None of Mattel's improper objections are valid and Mattel is obligated to

21  produce all non-privileged responsive documents in its possession, custody, or

22  control.

23  **MATTEL'S RESPONSE:**

24       MGA ignores that (i) Mattel has produced its non-privileged, responsive

25  documents, as it agreed to do, and that (ii) most information sought by this request is

26  within MGA's possession, custody or control, and is equally if not more readily

27  available to MG  Larson is an employee of MGA.  MGA gives no reason why it

28  requests information from Mattel regarding its *own company* and its *own employee*,

-574

1 | other than to say that "this area of information is taken directly from Mattel's
2 | allegations regarding Larson in its initial disclosures." Indeed, it appears that MGA
3 | merely cut and paste its request from Mattel's initial disclosures without
4 | consideration as to what information Mattel may have that is already within MGA's
5 | possession, custody or control.

6 |      MGA's conclusory arguments also ignore that the Request is facially
7 | overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
8 | Civil Procedure do not permit MGA to use broad discovery requests untethered to
9 | any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion
10 | for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
11 | See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
12 | Cir. 2004) ("District courts need not condone the use of discovery to engage in
13 | 'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to
14 | Larson's knowledge of extremely broad subjects—including
15 | MGA makes no attempt to link this request with the claims and defenses
16 | in this case. For example, Larson may have knowledge of MGA's retirement plans,
17 | health benefits, OSHA compliance, sexual harassment policies, or any number of
18 | subjects regarding business practices at MGA which clearly fall outside the narrow
19 | scope required by the Discovery Master. Because MGA has not linked its broad
20 | request to any of the numerous and far-ranging allegations of unfair competition set
21 | forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
22 | objection.

23 |      The term "RELATING TO ... alleged knowledge" as used in the request is
24 | likewise overbroad. The universe of documents that could "relate" to Larson's
25 | knowledge are potentially without limit. The request is not confined to documents
26 | in Larson's possession or control; rather, all documents containing information that
27 | Larson coincidentally knows about the subjects at issue are subsumed within this
28 | request.

1   MGA complains that Mattel has limited its responses  regarding individuals in
2   Mattel's Initial Disclosures to information "as alleged in Mattel's initial
3   disclosures."  Mattel has produced all information as to these individuals that is
4   relevant or pertinent to this litigation.  There is nothing to compel.

5   Quite simply, there is nothing to compel.  Mattel has produced responsive,
6   non-privileged documents relating to Larson's knowledge of the facts at issue in this
7   litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
8   custody or control.

9   **REQUEST FOR PRODUCTION NO. 294:**

10   All DOCUMENTS REFERRING OR RELATING TO Stephen Lee's allege
11   knowledge of "[d]esign and development of Bratz and Bryant's work with or for
12   MGA during his Mattel employment" and "MGA's business practices," as alleged in
13   MATTEL'S INITIAL DISCLOSURES.

14   **RESPONSE TO REQUEST NO. 294:**

15   In addition to the general objections stated above which are incorporated
16   herein by reference, Mattel objects to this Request on the grounds that it is
17   overbroad, unduly burdensome and unintelligible, including in that it seeks all
18   documents on this subject without limitation as to time, and regardless of whether
19   such documents relate to products or matters at issue in this case.  Mattel further
20   objects to the Request on the grounds that it seeks documents that are not relevant to
21   this action or likely to lead to the discovery of admissible evidence.  Mattel further
22   objects to this Request on the grounds that it calls for documents or information in
23   the possession, custody or control of MGA and/or Bryant, including without
24   limitation documents and information that MGA and Bryant have been compelled
25   by Court orders to produce but have not produced.  Mattel further object to this
26   Request on the grounds that it seeks confidential, proprietary and trade secret
27   information, including such information that has no bearing on the claims or
28   defenses in this case.  Mattel further objects to this Request on the grounds that it

1   calls for the disclosure of information subject to the attorney-client privilege, the
2   attorney work-product doctrine and other applicable privileges.

3       Subject to the foregoing objections, Mattel responds as follows: Mattel will
4   produce responsive, non-privileged documents relating to Stephen Lee's knowledg
5   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
6   in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
7   after a diligent search and reasonable inquiry, to the extent not previously produced.

8   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 294:**

9       In addition to the general objections stated above which are incorporated
10  herein by reference, Mattel objects to this Request on the grounds that it is
11  overbroad, unduly burdensome and unintelligible, including in that it seeks all
12  documents on this subject without limitation as to time, and regardless of whether
13  such documents relate to products or matters at issue in this case.  Mattel further
14  objects to the Request on the grounds that it seeks documents that are not relevant to
15  this action or likely to lead to the discovery of admissible evidence.  Mattel further
16  objects to this Request on the grounds that it calls for documents or information in
17  the possession, custody or control of MGA and/or Bryant, including without
18  limitation documents and information that MGA and Bryant have been compelled
19  by Court orders to produce but have not produced.  Mattel further object to this
20  Request on the grounds that it seeks confidential, proprietary and trade secret
21  information, including such information that has no bearing on the claims or
22  defenses in this case.  Mattel further objects to this Request on the grounds that it
23  calls for the disclosure of information subject to the attorney-client privilege, the
24  attorney work-product doctrine and other applicable privileges.

25      Subject to the foregoing objections, Mattel responds as follows: Mattel will
26  produce responsive, non-privileged documents relating to Stephen Lee's knowledg
27  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
28

1  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
2  after a diligent search and reasonable inquiry, to the extent not previously produced.

3  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
4  **TO SHOULD BE COMPELLED**

5          Mattel has improperly limited its agreement to produce documents in
6  response to this request, subject to its improper boilerplate objections. Mattel has
7  refused to confirm whether or not it has produced all non-privileged responsive
8  documents or whether it is withholding documents based on its objections in Phase
9  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
10  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
11  Generic objections that fail to explain the basis for an objection with specificity are
12  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
13  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
14  'overly burdensome and harassing' are improper – especially when a party fails to
15  submit any evidentiary declarations supporting such objections"). Accordingly,
16  Mattel must be compelled either to certify that it has produced all non-privileged
17  responsive documents or to produce all such documents by a date certain.

18          To the extent that Mattel is relying on its blanket objections, they are not
19  sustainable and do not justify Mattel's failure to produce documents.

20          As to overbreadth, Mattel provides no explanation, let alone the required
21  particularity, as to why this request is supposedly overly broad, nor can it do so.
22  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
23  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
24  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
25  custody, or control concerning Lee's alleged knowledge of "[d]esign and
26  development of Bratz and Bryant's work with or for MGA during his Mattel
27  employment" and "MGA's business practices." This area of information is taken
28

1 directly from Mattel's allegations regarding Lee in its initial disclosures. Rutowski

2 Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 11).

3      As to burden, Mattel has not attempted to demonstrate why responding to this

4 request and/or producing responsive documents presents any burden. This objection

5 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

6 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

7 unduly burdensome must allege specific facts which indicate the nature and extent

8 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

9 unduly burdensome, as noted above, in that the request is narrowly tailored to seek

10 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

11 secrets. MGA is entitled to discovery on this claim.

12      This request does not seek documents protected by the attorney-client

13 privilege, the attorney work product doctrine, or other applicable privileges. To the

14 extent that Mattel contends that it does, Mattel must provide a privilege log.

15      This request seeks relevant information. Mattel identified Lee in its initial

16 disclosures an individual with discoverable knowledge regarding "[d]esign and

17 development of Bratz and Bryant' s work with or for MGA during his Mattel

18 employment" and "MGA's business practices." Rutowski Decl. Ex. 56 (Mattel's

19 Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 11). Accordingly, Mattel's

20 initial disclosures demonstrate the relevance of this request. Further, this

21 information is relevant to, among other things, Mattel's trade secret defense, MGA's

22 claims of trade dress infringement, and MGA's affirmative defenses of statute of

23 limitations and laches.

24      Mattel's objection that the request seeks information within MGA's

25 possession, custody or control is nonsensical and lacks factual support. Mattel

26 makes no argument, let alone a factual showing, that any documents in MGA's

27 possession are duplicative of documents within Mattel's control. MGA is entitled to

28 discovery from Mattel of documents within its possession, custody, or control that

-579

1 │ relate to the subject of this suit. Mattel cannot avoid this obligation by making a
2 │ conclusory statement that MGA also possesses responsive documents.

3 │     Mattel's objection that the request seeks confidential, proprietary, and trade
4 │ secret information should be disregarded. The parties have entered into a protective
5 │ order in this matter, which governs the handling of confidential business
6 │ information. Further, Mattel has put its confidential business information at issue in
7 │ this litigation, including but not limited to its trade secret misappropriation claim
8 │ Accordingly, it cannot resist discovery of confidential business information.

9 │     Finally, Mattel has improperly limited its agreement to produce to "the facts
10 │ at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
11 │ the individual is identified as being knowledgeable about certain topics in Mattel's
12 │ initial disclosures, Mattel's obligation to produce does not end with the facts that it
13 │ has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
14 │ information from the individual on the topics identified, regardless of whether it
15 │ supports the facts as alleged by Mattel, MGA, or any other party. See Order
16 │ Granting Mattel's Motion to Compel Production of Documents and Interrogatory
17 │ Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
18 │ MGA might be excluding documents that are responsive to the request based upon
19 │ its unilateral determination of what is 'relevant' or 'sufficient.'").

20 │     None of Mattel's improper objections are valid and Mattel is obligated to
21 │ produce all non-privileged responsive documents in its possession, custody, or
22 │ control.

23 │ **MATTEL'S RESPONSE:**

24 │     MGA ignores that (i) Mattel has produced its non-privileged, responsive
25 │ documents, as it agreed to do, and that (ii) most information sought by this request is
26 │ within MGA's possession, custody or control, and is equally if not more readily
27 │ available to MGA than it is to Mattel. Lee is an employee of MGA. MGA gives no
28 │ reason why it requests information from Mattel regarding its *own company* and its

1  *own employee*, other than to say that "this area of information is taken directly from

2  Mattel's allegations regarding Lee in its initial disclosures."  Indeed, it appears that

3  MGA merely cut and paste its request from Mattel's initial disclosures without

4  consideration as to what information Mattel may have that is already within MGA's

5  possession, custody or control.

6      MGA's request is duplicative of previous requests for which Mattel has

7  produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to

8  produce documents responsive to MGA's First Set of Requests for the Production of

9  Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[101]  Request Nos.

10  180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including

11  his work at Mattel and MGA and the design and development of Bratz.   Request

12  No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring

13  or relating to BRYANT."[102]  On September 11, 2007, Discovery Master Infante

14  granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and

15  260.[103]  Pursuant to this order, Mattel produced documents responsive to these

16  requests. Mattel has since confirmed that it has produced responsive, non-privileged

17  documents to these requests in its Third Supplemental Responses to MGA's First

18  Set of Requests for Production.[104]   There is nothing additional to compel and

19  MGA's motion is moot.

20      MGA's conclusory arguments also ignore that the Request is facially

21  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of

22  Civil Procedure do not permit MGA to use broad discovery requests untethered to

23  ────────────

[101]   See MGA's Motion to Compel Mattel to Supplement its Responses and Produce

24  Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.

[102]   See MGA's First Set of Requests for the Production of Documents and

25  Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

[103]   See September 12, 2007 Order Granting in Part and Denying in Part MGA's

26  Motion to Compel, at 7-10, Dart Decl., Exh. 9.

27  [104]   See Mattel's Third Supplemental Responses to MGA's First Set of Requests

28  for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1    any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion

2    for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

3    See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

4    Cir. 2004) ("District courts need not condone the use of discovery to engage in

5    'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to

6    Lee's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮

7    ▮▮▮▮▮▮  MGA makes no attempt to link this request with the claims and defenses

8    in this case.  For example, Lee may have knowledge of MGA's retirement plans,

9    health benefits, OSHA compliance, sexual harassment policies, or any number of

10   subjects regarding business practices at MGA which clearly fall outside the narrow

11   scope required by the Discovery Master. Because MGA has not linked its broad

12   request to any of the numerous and far-ranging allegations of unfair competition set

13   forth in its complaint, the Discovery Master should uphold Mattel's overbreadth

14   objection.

15        The term "RELATING TO … alleged knowledge" as used in the request is

16   likewise overbroad.  The universe of documents that could "relate" to Lee's

17   knowledge are potentially without limit.  The request is not confined to documents

18   in Lee's possession or control; rather, all documents containing information that Lee

19   coincidentally knows about the subjects at issue are subsumed within this request.

20        MGA complains that Mattel has limited its responses  regarding individuals in

21   Mattel's Initial Disclosures to information "as alleged in Mattel's initial

22   disclosures."  Mattel has produced all information as to these individuals that is

23   relevant or pertinent to this litigation.  There is nothing to compel.

24        Quite simply, there is nothing to compel.  Mattel has produced responsive,

25   non-privileged documents relating to Lee's knowledge of the facts at issue in this

26   litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

27   custody or control.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1 | **REQUEST FOR PRODUCTION NO. 295:**

2 |     All DOCUMENTS REFERRING OR RELATING TO Victor Lee's alleged

3 | knowledge of "[d]esign and development of Bratz and Bryant's work with or for

4 | MGA during his Mattel employment" and "MGA's business practices," as alleged in

5 | MATTEL'S INITIAL DISCLOSURES.

6 | **RESPONSE TO REQUEST NO. 295:**

7 |     In addition to the general objections stated above which are incorporated

8 | herein by reference, Mattel objects to this Request on the grounds that it is

9 | overbroad, unduly burdensome and unintelligible, including in that it seeks all

10 | documents on this subject without limitation as to time, and regardless of whether

11 | such documents relate to products or matters at issue in this case.  Mattel further

12 | objects to the Request on the grounds that it seeks documents that are not relevant to

13 | this action or likely to lead to the discovery of admissible evidence.  Mattel further

14 | objects to this Request on the grounds that it calls for documents or information in

15 | the possession, custody or control of MGA and/or Bryant, including without

16 | limitation documents and information that MGA and Bryant have been compelled

17 | by Court orders to produce but have not produced.  Mattel further object to this

18 | Request on the grounds that it seeks confidential, proprietary and trade secret

19 | information, including such information that has no bearing on the claims or

20 | defenses in this case.  Mattel further objects to this Request on the grounds that it

21 | calls for the disclosure of information subject to the attorney-client privilege, the

22 | attorney work-product doctrine and other applicable privileges.

23 |     Subject to the foregoing objections, Mattel responds as follows: Mattel will

24 | produce responsive, non-privileged documents relating to Victor Lee's knowledge of

25 | the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in

26 | Mattel's possession, custody, or control, if any, that Mattel has been able to locate

27 | after a diligent search and reasonable inquiry, to the extent not previously produced.

28 |

1 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 295:**

2 |     In addition to the general objections stated above which are incorporated
3 | herein by reference, Mattel objects to this Request on the grounds that it is
4 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
5 | documents on this subject without limitation as to time, and regardless of whether
6 | such documents relate to products or matters at issue in this case. Mattel further
7 | objects to the Request on the grounds that it seeks documents that are not relevant to
8 | this action or likely to lead to the discovery of admissible evidence. Mattel further
9 | objects to this Request on the grounds that it calls for documents or information in
10 | the possession, custody or control of MGA and/or Bryant, including without
11 | limitation documents and information that MGA and Bryant have been compelled
12 | by Court orders to produce but have not produced. Mattel further object to this
13 | Request on the grounds that it seeks confidential, proprietary and trade secret
14 | information, including such information that has no bearing on the claims or
15 | defenses in this case. Mattel further objects to this Request on the grounds that it
16 | calls for the disclosure of information subject to the attorney-client privilege, the
17 | attorney work-product doctrine and other applicable privileges.

18 |     Subject to the foregoing objections, Mattel responds as follows: Mattel will
19 | produce responsive, non-privileged documents relating to Victor Lee's knowledge of
20 | the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in
21 | Mattel's possession, custody, or control, if any, that Mattel has been able to locate
22 | after a diligent search and reasonable inquiry, to the extent not previously produced.

23 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
24 | **TO SHOULD BE COMPELLED**

25 |     Mattel has improperly limited its agreement to produce documents in
26 | response to this request, subject to its improper boilerplate objections. Mattel has
27 | refused to confirm whether or not it has produced all non-privileged responsive
28 | documents or whether it is withholding documents based on its objections in Phase

2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c) Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Lee's alleged knowledge of "[d]esign and development of Bratz and Bryant' s work with or for MGA during his Mattel employment" and "MGA's business practices." This area of information is taken directly from Mattel's allegations regarding Lee in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, pp. 1 1 - 12).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

1    unduly burdensome, as noted above, in that the request is narrowly tailored to seek
2    only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
3    secrets. MGA is entitled to discovery on this claim.

4          This request does not seek documents protected by the attorney-client
5    privilege, the attorney work product doctrine, or other applicable privileges. To the
6    extent that Mattel contends that it does, Mattel must provide a privilege log.

7          This request seeks relevant information. Mattel identified Lee in its initial
8    disclosures an individual with discoverable knowledge regarding "[d]esign and
9    development of Bratz and Bryant' s work with or for MGA during his Mattel
10   employment" and "MGA's business practices," Rutowski Decl. Ex. 56 (Mattel's
11   Consolidated Initial Disclosures, dated Jan. 5, 2007, pp. 11-12). Accordingly,
12   Mattel's initial disclosures demonstrate the relevance of this request. Further, this
13   information is relevant to, among other things, Mattel's trade secret defense, MGA's
14   claims of trade dress infringement, and MGA's affirmative defenses of statute of
15   limitations and laches.

16         Mattel's objection that the request seeks information within MGA's
17   possession, custody or control is nonsensical and lacks factual support. Mattel
18   makes no argument, let alone a factual showing, that any documents in MGA's
19   possession are duplicative of documents within Mattel's control. MGA is entitled to
20   discovery from Mattel of documents within its possession, custody, or control that
21   relate to the subject of this suit. Mattel cannot avoid this obligation by making a
22   conclusory statement that MGA also possesses responsive documents.

23         Mattel's objection that the request seeks confidential, proprietary, and trade
24   secret information should be disregarded. The parties have entered into a protective
25   order in this matter, which governs the handling of confidential business
26   information. Further, Mattel has put its confidential business information at issue in
27   this litigation, including but not limited to its trade secret misappropriation claim
28   Accordingly, it cannot resist discovery of confidential business information.

1    Finally, Mattel has improperly limited its agreement to produce to "the facts
2    at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
3    the individual is identified as being knowledgeable about certain topics in Mattel's
4    initial disclosures, Mattel's obligation to produce does not end with the facts that it
5    has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
6    information from the individual on the topics identified, regardless of whether it
7    supports the facts as alleged by Mattel, MGA, or any other party. See Order
8    Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9    Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10   MGA might be excluding documents that are responsive to the request based upon
11   its unilateral determination of what is 'relevant' or 'sufficient.'").

12   None of Mattel's improper objections are valid and Mattel is obligated to
13   produce all non-privileged responsive documents in its possession, custody, or
14   control.

15   **MATTEL'S RESPONSE:**

16   MGA ignores that (i) Mattel has produced its non-privileged, responsive
17   documents, as it agreed to do, and that (ii) most information sought by this request is
18   within MGA's possession, custody or control, and is equally if not more readily
19   available to MGA than it is to Mattel. Lee is an employee of MGA. MGA gives no
20   reason why it requests information from Mattel regarding its *own company* and its
21   *own employee*, other than to say that "this area of information is taken directly from
22   Mattel's allegations regarding Lee in its initial disclosures." Indeed, it appears that
23   MGA merely cut and paste its request from Mattel's initial disclosures without
24   consideration as to what information Mattel may have that is already within MGA's
25   possession, custody or control.

26   MGA's request is duplicative of previous requests for which Mattel has
27   produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
28   produce documents responsive to MGA's First Set of Requests for the Production of

1  Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[105]  Request Nos.

2  180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including

3  his work at Mattel and MGA and the design and development of Bratz.   Request

4  No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring

5  or relating to BRYANT."[106]  On September 11, 2007, Discovery Master Infante

6  granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and

7  260.[107]  Pursuant to this order, Mattel produced documents responsive to these

8  requests. Mattel has since confirmed that it has produced responsive, non-privileged

9  documents to these requests in its Third Supplemental Responses to MGA's First

10 Set of Requests for Production.[108]  There is nothing additional to compel and

11 MGA's motion is moot.

12        MGA's conclusory arguments also ignore that the Request is facially

13 overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of

14 Civil Procedure do not permit MGA to use broad discovery requests untethered to

15 any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion

16 for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

17 See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

18 Cir. 2004) ("District courts need not condone the use of discovery to engage in

19 'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to

20 Lee's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮

21 ▮▮▮▮▮▮  MGA makes no attempt to link this request with the claims and defenses

22 in this case.  For example, Lee may have knowledge of MGA's retirement plans,

23 ───────────────────
   [105]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
24 Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
   [106]  See MGA's First Set of Requests for the Production of Documents and
25 Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
   [107]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's
26 Motion to Compel, at 7-10, Dart Decl., Exh. 9.
27 [108]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28 for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1 | health benefits, OSHA compliance, sexual harassment policies, or any number of
2 | subjects regarding business practices at MGA which clearly fall outside the narrow
3 | scope required by the Discovery Master. Because MGA has not linked its broad
4 | request to any of the numerous and far-ranging allegations of unfair competition set
5 | forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
6 | objection.

7 | The term "RELATING TO ... alleged knowledge" as used in the request is
8 | likewise overbroad. The universe of documents that could "relate" to Lee's
9 | knowledge are potentially without limit. The request is not confined to documents
10 | in Lee's possession or control; rather, all documents containing information that Lee
11 | coincidentally knows about the subjects at issue are subsumed within this request.

12 | MGA complains that Mattel has limited its responses regarding individuals in
13 | Mattel's Initial Disclosures to information "as alleged in Mattel's initial
14 | disclosures." Mattel has produced all information as to these individuals that is
15 | relevant or pertinent to this litigation. There is nothing to compel.

16 | Quite simply, there is nothing to compel. Mattel has produced responsive,
17 | non-privileged documents relating to Lee's knowledge of the facts at issue in this
18 | litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
19 | custody or control.

20 | **REQUEST FOR PRODUCTION NO. 296:**

21 | All DOCUMENTS REFERRING OR RELATING TO Kerri Legg's alleged
22 | knowledge of "[d]esign and development of Bratz and Bryant's work with or for
23 | MGA during his Mattel employment" and "MGA's business practices," as alleged in
24 | MATTEL'S INITIAL DISCLOSURES.

25 | **RESPONSE TO REQUEST NO. 296:**

26 | In addition to the general objections stated above which are incorporated
27 | herein by reference, Mattel objects to this Request on the grounds that it is
28 | overbroad, unduly burdensome and unintelligible, including in that it seeks all

-589-

1 | documents on this subject without limitation as to time, and regardless of whether
2 | such documents relate to products or matters at issue in this case. Mattel further
3 | objects to the Request on the grounds that it seeks documents that are not relevant to
4 | this action or likely to lead to the discovery of admissible evidence. Mattel further
5 | objects to this Request on the grounds that it calls for documents or information in
6 | the possession, custody or control of MGA and/or Bryant, including without
7 | limitation documents and information that MGA and Bryant have been compelled
8 | by Court orders to produce but have not produced. Mattel further object to this
9 | Request on the grounds that it seeks confidential, proprietary and trade secret
10 | information, including such information that has no bearing on the claims or
11 | defenses in this case. Mattel further objects to this Request on the grounds that it
12 | calls for the disclosure of information subject to the attorney-client privilege, the
13 | attorney work-product doctrine and other applicable privileges.

14 | Subject to the foregoing objections, Mattel responds as follows: Mattel will
15 | produce responsive, non-privileged documents relating to Kerri Legg's knowledge
16 | of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
17 | in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
18 | after a diligent search and reasonable inquiry, to the extent not previously produced.
19 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 296:**

20 | In addition to the general objections stated above which are incorporated
21 | herein by reference, Mattel objects to this Request on the grounds that it is
22 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
23 | documents on this subject without limitation as to time, and regardless of whether
24 | such documents relate to products or matters at issue in this case. Mattel further
25 | objects to the Request on the grounds that it seeks documents that are not relevant to
26 | this action or likely to lead to the discovery of admissible evidence. Mattel further
27 | objects to this Request on the grounds that it calls for documents or information in
28 | the possession, custody or control of MGA and/or Bryant, including without

1 limitation documents and information that MGA and Bryant have been compelled
2 by Court orders to produce but have not produced. Mattel further object to this
3 Request on the grounds that it seeks confidential, proprietary and trade secret
4 information, including such information that has no bearing on the claims or
5 defenses in this case. Mattel further objects to this Request on the grounds that it
6 calls for the disclosure of information subject to the attorney-client privilege, the
7 attorney work-product doctrine and other applicable privileges.

8      Subject to the foregoing objections, Mattel responds as follows: Mattel will
9 produce responsive, non-privileged documents relating to Kerri Legg's knowledge
10 of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
11 in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
12 after a diligent search and reasonable inquiry, to the extent not previously produced.

13 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
14 **TO SHOULD BE COMPELLED**

15      Mattel has improperly limited its agreement to produce documents in
16 response to this request, subject to its improper boilerplate objections. Mattel has
17 refused to confirm whether or not it has produced all non-privileged responsive
18 documents or whether it is withholding documents based on its objections in Phase
19 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
20 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
21 Generic objections that fail to explain the basis for an objection with specificity are
22 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
23 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
24 'overly burdensome and harassing' are improper – especially when a party fails to
25 submit any evidentiary declarations supporting such objections"). Accordingly,
26 Mattel must be compelled either to certify that it has produced all non-privileged
27 responsive documents or to produce all such documents by a date certain.

28

1    To the extent that Mattel is relying on its blanket objections, they are not
2 sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required
4 particularity, as to why this request is supposedly overly broad, nor can it do so.
5 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
6 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
7 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
8 custody, or control concerning Legg's alleged knowledge of "[d]esign and
9 development of Bratz and Bryant' s work with or for MGA during his Mattel
10 employment" and "MGA's business practices." This area of information is taken
11 directly from Mattel's allegations regarding Lee in its initial disclosures. Rutowski
12 Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12).

13    As to burden, Mattel has not attempted to demonstrate why responding to this
14 request and/or producing responsive documents presents any burden. This objection
15 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
16 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
17 unduly burdensome must allege specific facts which indicate the nature and extent
18 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
19 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
20 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
21 secrets. MGA is entitled to discovery on this claim.

22    This request does not seek documents protected by the attorney-client
23 privilege, the attorney work product doctrine, or other applicable privileges. To the
24 extent that Mattel contends that it does, Mattel must provide a privilege log.

25    This request seeks relevant information. Mattel identified Legg in its initial
26 disclosures an individual with discoverable knowledge regarding "[d]esign and
27 development of Bratz and Bryant' s work with or for MGA during his Mattel
28 employment" and "MGA's business practices." Rutowski Decl. Ex. 56 (Mattel's

1  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12).  Accordingly, Mattel's
2  initial disclosures demonstrate the relevance of this request.  Further, this
3  information is relevant to, among other things, Mattel's trade secret defense, MGA's
4  claims of trade dress infringement, and MGA's affirmative defenses of statute of
5  limitations and laches.

6        Mattel's objection that the request seeks information within MGA's
7  possession, custody or control is nonsensical and lacks factual support.  Mattel
8  makes no argument, let alone a factual showing, that any documents in MGA's
9  possession are duplicative of documents within Mattel's control.  MGA is entitled to
10  discovery from Mattel of documents within its possession, custody, or control that
11  relate to the subject of this suit.  Mattel cannot avoid this obligation by making a
12  conclusory statement that MGA also possesses responsive documents.

13        Mattel's objection that the request seeks confidential, proprietary, and trade
14  secret information should be disregarded.  The parties have entered into a protective
15  order in this matter, which governs the handling of confidential business
16  information.  Further, Mattel has put its confidential business information at issue in
17  this litigation, including but not limited to its trade secret misappropriation claim
18  Accordingly, it cannot resist discovery of confidential business information.

19        Finally, Mattel has improperly limited its agreement to produce to "the facts
20  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
21  the individual is identified as being knowledgeable about certain topics in Mattel's
22  initial disclosures, Mattel's obligation to produce does not end with the facts that it
23  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
24  information from the individual on the topics identified, regardless of whether it
25  supports the facts as alleged by Mattel, MGA, or any other party.  See Order
26  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
27  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
28

1  MGA might be excluding documents that are responsive to the request based upon
2  its unilateral determination of what is 'relevant' or 'sufficient.'").

3      None of Mattel's improper objections are valid and Mattel is obligated to
4  produce all non-privileged responsive documents in its possession, custody, or
5  control.

6  **MATTEL'S RESPONSE:**

7      MGA ignores that (i) Mattel has produced its non-privileged, responsive
8  documents, as it agreed to do, and that (ii) most information sought by this request is
9  within MGA's possession, custody or control, and is equally if not more readily
10 available to MGA than it is to Mattel.  Legg is an employee of MGA.  MGA gives
11 no reason why it requests information from Mattel regarding its *own company* and
12 its *own employee*, other than to say that "this area of information is taken directly
13 from Mattel's allegations regarding Legg in its initial disclosures."  Indeed, it
14 appears that MGA merely cut and paste its request from Mattel's initial disclosures
15 without consideration as to what information Mattel may have that is already within
16 MGA's possession, custody or control.

17     MGA's request is duplicative of previous requests for which Mattel has
18 produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
19 produce documents responsive to MGA's First Set of Requests for the Production of
20 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[109]  Request Nos.
21 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
22 his work at Mattel and MGA and the design and development of Bratz.   Request
23 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
24 or relating to BRYANT."[110]  On September 11, 2007, Discovery Master Infante

25

26 [109]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
27 Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
   [110]  See MGA's First Set of Requests for the Production of Documents and
28 Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

1   granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
2   260.[111]  Pursuant to this order, Mattel produced documents responsive to these
3   requests. Mattel has since confirmed that it has produced responsive, non-privileged
4   documents to these requests in its Third Supplemental Responses to MGA's First
5   Set of Requests for Production.[112]   is nothing additional to compel and MGA's
6   motion is moot.

7        MGA's conclusory arguments also ignore that the Request is facially
8   overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
9   Civil Procedure do not permit MGA to use broad discovery requests untethered to
10  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
11  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
12  See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
13  Cir. 2004) ("District courts need not condone the use of discovery to engage in
14  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
15  Legg's knowledge of extremely broad subjects—including ▇▇▇▇▇▇▇▇▇▇
16  ▇▇▇▇▇   MGA makes no attempt to link this request with the claims and defenses
17  in this case.  For example, Legg may have knowledge of MGA's retirement plans,
18  health benefits, OSHA compliance, sexual harassment policies, or any number of
19  subjects regarding business practices at MGA which clearly fall outside the narrow
20  scope required by the Discovery Master. Because MGA has not linked its broad
21  request to any of the numerous and far-ranging allegations of unfair competition set
22  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
23  objection.

24
25
26  [111]   See September 12, 2007 Order Granting in Part and Denying in Part MGA's
27  Motion to Compel, at 7-10, Dart Decl., Exh. 9.
    [112]   See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28  for Production 04-9059, dated January 19, 2008, at 8-11, Dart Decl., Exh. 18.

1    The term "RELATING TO ... alleged knowledge" as used in the request is
2 likewise overbroad. The universe of documents that could "relate" to Legg's
3 knowledge are potentially without limit. The request is not confined to documents
4 in Legg's possession or control; rather, all documents containing information that
5 Legg coincidentally knows about the subjects at issue are subsumed within this
6 request.

7    MGA complains that Mattel has limited its responses regarding individuals in
8 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
9 disclosures." Mattel has produced all information as to these individuals that is
10 relevant or pertinent to this litigation. There is nothing to compel.

11    Quite simply, there is nothing to compel. Mattel has produced responsive,
12 non-privileged documents relating to Legg's knowledge of the facts at issue in this
13 litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
14 custody or control.

15 **REQUEST FOR PRODUCTION NO. 297:**

16    All DOCUMENTS REFERRING OR RELATING TO Lidia Ivete Montero
17 Leyva's alleged knowledge of "MGA's access to Mattel's intellectual property and
18 trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
19 DISCLOSURES.

20 **RESPONSE TO REQUEST NO. 297:**

21    In addition to the general objections stated above which are incorporated
22 herein by reference, Mattel objects to this Request on the grounds that it is
23 overbroad, unduly burdensome and unintelligible, including in that it seeks all
24 documents on this subject without limitation as to time, and regardless of whether
25 such documents relate to products or matters at issue in this case. Mattel further
26 objects to the Request on the grounds that it seeks documents that are not relevant to
27 this action or likely to lead to the discovery of admissible evidence. Mattel further
28 objects to this Request on the grounds that it calls for documents or information in

1 | the possession, custody or control of MGA, including without limitation documents
2 | and information that MGA has been compelled by Court orders to produce but has
3 | not produced. Mattel further objects to this Request on the grounds that it seeks
4 | confidential, proprietary and trade secret information, including such information
5 | that has no bearing on the claims or defenses in this case. Mattel further objects to
6 | this Request on the grounds that it calls for the disclosure of information subject to
7 | the attorney-client privilege, the attorney work product doctrine and other applicable
8 | privileges.

9 | Subject to the foregoing objections, Mattel responds as follows: Mattel will
10 | produce responsive, non-privileged documents relating to Lidia Ivete knowledge o
11 | the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in
12 | Mattel's possession, custody, or control, if any, that Mattel has been able to locate
13 | after a diligent search and reasonable inquiry, to the extent not previously produced.

14 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 297:**

15 | In addition to the general objections stated above which are incorporated
16 | herein by reference, Mattel objects to this Request on the grounds that it is
17 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
18 | documents on this subject without limitation as to time, and regardless of whether
19 | such documents relate to products or matters at issue in this case. Mattel further
20 | objects to the Request on the grounds that it seeks documents that are not relevant to
21 | this action or likely to lead to the discovery of admissible evidence. Mattel further
22 | objects to this Request on the grounds that it calls for documents or information in
23 | the possession, custody or control of MGA, including without limitation documents
24 | and information that MGA has been compelled by Court orders to produce but has
25 | not produced. Mattel further objects to this Request on the grounds that it seeks
26 | confidential, proprietary and trade secret information, including such information
27 | that has no bearing on the claims or defenses in this case. Mattel further objects to
28 | this Request on the grounds that it calls for the disclosure of information subject to

-597

1   the attorney-client privilege, the attorney work product doctrine and other applicable
2   privileges.

3        Subject to the foregoing objections, Mattel responds as follows: Mattel will
4   produce responsive, non-privileged documents relating to Lidia Ivete knowledge o
5   the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in
6   Mattel's possession, custody, or control, if any, that Mattel has been able to locate
7   after a diligent search and reasonable inquiry, to the extent not previously produced.

8   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9   **TO SHOULD BE COMPELLED**

10       Mattel has improperly limited its agreement to produce documents in
11  response to this request, subject to its improper boilerplate objections.  Mattel has
12  refused to confirm whether or not it has produced all non-privileged responsive
13  documents or whether it is withholding documents based on its objections in Phase
14  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
15  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
16  Generic objections that fail to explain the basis for an objection with specificity are
17  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
18  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
19  'overly burdensome and harassing' are improper – especially when a party fails to
20  submit any evidentiary declarations supporting such objections").  Accordingly,
21  Mattel must be compelled either to certify that it has produced all non-privileged
22  responsive documents or to produce all such documents by a date certain.

23       To the extent that Mattel is relying on its blanket objections, they are not
24  sustainable and do not justify Mattel's failure to produce documents.

25       As to overbreadth, Mattel provides no explanation, let alone the required
26  particularity, as to why this request is supposedly overly broad, nor can it do so.
27  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
28  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

-598-

1 | contrary, the request is narrowly tailored to seek documents in Mattel's possession,
2 | custody, or control concerning Leyva's alleged knowledge of "MGA's access to
3 | Mattel's intellectual property and trade secrets" and "MGA's business practices."
4 | This area of information is taken directly from Mattel's allegations regarding Leyv
5 | in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
6 | Disclosures, dated Jan. 5, 2007, p. 12).

7 | As to burden, Mattel has not attempted to demonstrate why responding to this
8 | request and/or producing responsive documents presents any burden. This objection
9 | must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
10 | F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
11 | unduly burdensome must allege specific facts which indicate the nature and extent
12 | of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
13 | unduly burdensome, as noted above, in that the request is narrowly tailored to seek
14 | only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
15 | secrets. MGA is entitled to discovery on this claim.

16 | This request does not seek documents protected by the attorney-client
17 | privilege, the attorney work product doctrine, or other applicable privileges. To the
18 | extent that Mattel contends that it does, Mattel must provide a privilege log.

19 | This request seeks relevant information. Mattel identified Leyva in its initial
20 | disclosures an individual with discoverable knowledge regarding "MGA's access to
21 | Mattel's intellectual property and trade secrets" and "MGA business practices."
22 | Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
23 | p. 12). Accordingly, Mattel's initial disclosures demonstrate the relevance o this
24 | request. Further, this information is relevant to, among other things, Mattel's trade
25 | secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
26 | defenses of statute of limitations and laches.

27 | Mattel's objection that the request seeks information within MGA's
28 | possession, custody or control is nonsensical and lacks factual support. Mattel

1    makes no argument, let alone a factual showing, that any documents in MGA's

2    possession are duplicative of documents within Mattel's control. MGA is entitled to

3    discovery from Mattel of documents within its possession, custody, or control that

4    relate to the subject of this suit. Mattel cannot avoid this obligation by making a

5    conclusory statement that MGA also possesses responsive documents.

6          Mattel's objection that the request seeks confidential, proprietary, and trade

7    secret information should be disregarded. The parties have entered into a protective

8    order in this matter, which governs the handling of confidential business

9    information. Further, Mattel has put its confidential business information at issue in

10   this litigation, including but not limited to its trade secret misappropriation claim

11   Accordingly, it cannot resist discovery of confidential business information.

12         Finally, Mattel has improperly limited its agreement to produce to "the facts

13   at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

14   the individual is identified as being knowledgeable about certain topics in Mattel's

15   initial disclosures, Mattel's obligation to produce does not end with the facts that it

16   has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

17   information from the individual on the topics identified, regardless of whether it

18   supports the facts as alleged by Mattel, MGA, or any other party. <u>See</u> Order

19   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

20   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

21   MGA might be excluding documents that are responsive to the request based upon

22   its unilateral determination of what is 'relevant' or 'sufficient.'").

23         None of Mattel's improper objections are valid and Mattel is obligated to

24   produce all non-privileged responsive documents in its possession, custody, or

25   control.

26   **MATTEL'S RESPONSE:**

27         MGA ignores that (i) Mattel has produced its non-privileged, responsive

28   documents, as it agreed to do, and that (ii) most information sought by this request is

1   within MGA's possession, custody or control, and is equally if not more readily
2   available to MG  Leyva is an employee of MGA.  MGA gives no reason why it
3   requests information from Mattel regarding its *own company* and its *own employee*,
4   other than to say that "this area of information is taken directly from Mattel's
5   allegations regarding Leyva in its initial disclosures."  Indeed, it appears that MGA
6   merely cut and paste its request from Mattel's initial disclosures without
7   consideration as to what information Mattel may have that is already within MGA's
8   possession, custody or control.

9       MGA's conclusory arguments also ignore that the Request is facially
10  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
11  Civil Procedure do not permit MGA to use broad discovery requests untethered to
12  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
13  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
14  See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
15  Cir. 2004) ("District courts need not condone the use of discovery to engage in
16  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
17  Leyva's knowledge of extremely broad subjects—including

18       MGA makes no attempt to link this request with the claims and defenses
19  in this case.  For example, Leyva may have knowledge of MGA's retirement plans,
20  health benefits, OSHA compliance, sexual harassment policies, or any number of
21  subjects regarding business practices at MGA which clearly fall outside the narrow
22  scope required by the Discovery Master. Because MGA has not linked its broad
23  request to any of the numerous and far-ranging allegations of unfair competition set
24  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
25  objection.

26       The term "RELATING TO … alleged knowledge" as used in the request is
27  likewise overbroad.  The universe of documents that could "relate" to Leyva's
28  knowledge are potentially without limit.  The request is not confined to documents

1   in Leyva's possession or control; rather, all documents containing information that
2   Leyva coincidentally knows about the subjects at issue are subsumed within this
3   request.

4        MGA complains that Mattel has limited its responses  regarding individuals in
5   Mattel's Initial Disclosures to information "as alleged in Mattel's initial
6   disclosures." Mattel has produced all information as to these individuals that is
7   relevant or pertinent to this litigation. There is nothing to compel.

8        Quite simply, there is nothing to compel. Mattel has produced responsive,
9   non-privileged documents relating to Leyva's knowledge of the facts at issue in this
10   litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
11   custody or control.

12   **REQUEST FOR PRODUCTION NO. 298:**

13        All DOCUMENTS REFERRING OR RELATING TO Stanley Li's alleged
14   knowledge of "[d]esign and development of Bratz and Bryant's work with or for
15   MGA during his Mattel employment" and "MGA's business practices," as alleged in
16   MATTEL'S INITIAL DISCLOSURES.

17   **RESPONSE TO REQUEST NO. 298:**

18        In addition to the general objections stated above which are incorporated
19   herein by reference, Mattel objects to this Request on the grounds that it is
20   overbroad, unduly burdensome and unintelligible, including in that it seeks all
21   documents on this subject without limitation as to time, and regardless of whether
22   such documents relate to products or matters at issue in this case. Mattel further
23   objects to the Request on the grounds that it seeks documents that are not relevant to
24   this action or likely to lead to the discovery of admissible evidence. Mattel further
25   objects to this Request on the grounds that it calls for documents or information in
26   the possession, custody or control of MGA and/or Bryant, including without
27   limitation documents and information that MGA and Bryant have been compelled
28   by Court orders to produce but have not produced. Mattel further object to this

1 Request on the grounds that it seeks confidential, proprietary and trade secret
2 information, including such information that has no bearing on the claims or
3 defenses in this case. Mattel further objects to this Request on the grounds that it
4 calls for the disclosure of information subject to the attorney-client privilege, the
5 attorney work-product doctrine and other applicable privileges.

6        Subject to the foregoing objections, Mattel responds as follows: Mattel will
7 produce responsive, non-privileged documents relating to Stanley Li's knowledge of
8 the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in
9 Mattel's possession, custody, or control, if any, that Mattel has been able to locate
10 after a diligent search and reasonable inquiry, to the extent not previously produced.

11 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 298:**

12        In addition to the general objections stated above which are incorporated
13 herein by reference, Mattel objects to this Request on the grounds that it is
14 overbroad, unduly burdensome and unintelligible, including in that it seeks all
15 documents on this subject without limitation as to time, and regardless of whether
16 such documents relate to products or matters at issue in this case. Mattel further
17 objects to the Request on the grounds that it seeks documents that are not relevant to
18 this action or likely to lead to the discovery of admissible evidence. Mattel further
19 objects to this Request on the grounds that it calls for documents or information in
20 the possession, custody or control of MGA and/or Bryant, including without
21 limitation documents and information that MGA and Bryant have been compelled
22 by Court orders to produce but have not produced. Mattel further object to this
23 Request on the grounds that it seeks confidential, proprietary and trade secret
24 information, including such information that has no bearing on the claims or
25 defenses in this case. Mattel further objects to this Request on the grounds that it
26 calls for the disclosure of information subject to the attorney-client privilege, the
27 attorney work-product doctrine and other applicable privileges.

28

1    Subject to the foregoing objections, Mattel responds as follows: Mattel will
2  produce responsive, non-privileged documents relating to Stanley Li's knowledge of
3  the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in
4  Mattel's possession, custody, or control, if any, that Mattel has been able to locate
5  after a diligent search and reasonable inquiry, to the extent not previously produced.

6  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
7  **TO SHOULD BE COMPELLED**

8    Mattel has improperly limited its agreement to produce documents in
9  response to this request, subject to its improper boilerplate objections. Mattel has
10  refused to confirm whether or not it has produced all non-privileged responsive
11  documents or whether it is withholding documents based on its objections in Phase
12  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
13  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
14  Generic objections that fail to explain the basis for an objection with specificity are
15  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
16  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
17  'overly burdensome and harassing' are improper – especially when a party fails to
18  submit any evidentiary declarations supporting such objections"). Accordingly,
19  Mattel must be compelled either to certify that it has produced all non-privileged
20  responsive documents or to produce all such documents by a date certain.

21    To the extent that Mattel is relying on its blanket objections, they are not
22  sustainable and do not justify Mattel's failure to produce documents.

23    As to overbreadth, Mattel provides no explanation, let alone the required
24  particularity, as to why this request is supposedly overly broad, nor can it do so.
25  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
26  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
27  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
28  custody, or control concerning Li's alleged knowledge of "[d]esign and development

-604-

1  of Bratz and Bryant's work with or for MGA during his Mattel employment" and
2  "MGA's business practices." This area of information is taken directly from Mattel's
3  allegations regarding Li in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's
4  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12).

5      As to burden, Mattel has not attempted to demonstrate why responding to this
6  request and/or producing responsive documents presents any burden. This objection
7  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
8  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
9  unduly burdensome must allege specific facts which indicate the nature and extent
10 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
11 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
12 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
13 secrets. MGA is entitled to discovery on this claim.

14     This request does not seek documents protected by the attorney-client
15 privilege, the attorney work product doctrine, or other applicable privileges. To the
16 extent that Mattel contends that it does, Mattel must provide a privilege log.

17     This request seeks relevant information. Mattel identified Li in its initial
18 disclosures an individual with discoverable knowledge regarding "[d]esign and
19 development of Bratz and Bryant' s work with or for MGA during his Mattel
20 employment" and "MGA's business practices." Rutowski Decl. Ex. 56 (Mattel's
21 Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12). Accordingly, Mattel's
22 initial disclosures demonstrate the relevance of this request. Further, this
23 information is relevant to, among other things, Mattel's trade secret defense, MGA's
24 claims of trade dress infringement, and MGA's affirmative defenses of statute of
25 limitations and laches.

26     Mattel's objection that the request seeks information within MGA's
27 possession, custody or control is nonsensical and lacks factual support. Mattel
28 makes no argument, let alone a factual showing, that any documents in MGA's

1   possession are duplicative of documents within Mattel's control.  MGA is entitled to
2   discovery from Mattel of documents within its possession, custody, or control that
3   relate to the subject of this suit.  Mattel cannot avoid this obligation by making a
4   conclusory statement that MGA also possesses responsive documents.

5       Mattel's objection that the request seeks confidential, proprietary, and trade
6   secret information should be disregarded.  The parties have entered into a protective
7   order in this matter, which governs the handling of confidential business
8   information.  Further, Mattel has put its confidential business information at issue in
9   this litigation, including but not limited to its trade secret misappropriation claim
10  Accordingly, it cannot resist discovery of confidential business information.

11      Finally, Mattel has improperly limited its agreement to produce to "the facts
12  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
13  the individual is identified as being knowledgeable about certain topics in Mattel's
14  initial disclosures, Mattel's obligation to produce does not end with the facts that it
15  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
16  information from the individual on the topics identified, regardless of whether it
17  supports the facts as alleged by Mattel, MGA, or any other party.  See Order
18  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
19  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
20  MGA might be excluding documents that are responsive to the request based upon
21  its unilateral determination of what is 'relevant' or 'sufficient.'").

22      None of Mattel's improper objections are valid and Mattel is obligated to
23  produce all non-privileged responsive documents in its possession, custody, or
24  control.

25  **MATTEL'S RESPONSE:**

26      MGA ignores that (i) Mattel has produced its non-privileged, responsive
27  documents, as it agreed to do, and that (ii) most information sought by this request is
28  within MGA's possession, custody or control, and is equally if not more readily

1  available to MGA than it is to Mattel.  Li is an employee of MGA.  MGA gives no
2  reason why it requests information from Mattel regarding its *own company* and its
3  *own employee*, other than to say that "this area of information is taken directly from
4  Mattel's allegations regarding Li in its initial disclosures."  Indeed, it appears that
5  MGA merely cut and paste its request from Mattel's initial disclosures without
6  consideration as to what information Mattel may have that is already within MGA's
7  possession, custody or control.

8      MGA's request is duplicative of previous requests for which Mattel has
9  produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
10 produce documents responsive to MGA's First Set of Requests for the Production of
11 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[113]  Request Nos.
12 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
13 his work at Mattel and MGA and the design and development of Bratz.   Request
14 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
15 or relating to BRYANT."[114]  On September 11, 2007, Discovery Master Infante
16 granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
17 260.[115]  Pursuant to this order, Mattel produced documents responsive to these
18 requests. Mattel has since confirmed that it has produced responsive, non-privileged
19 documents to these requests in its Third Supplemental Responses to MGA's First
20 Set of Requests for Production.[116]   There is nothing additional to compel and
21 MGA's motion is moot.

22

23 [113] See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
24 Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
25 [114] See MGA's First Set of Requests for the Production of Documents and
   Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
26 [115] See September 12, 2007 Order Granting in Part and Denying in Part MGA's
27 Motion to Compel, at 7-10, Dart Decl., Exh. 9.
   [116] See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28 for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1    MGA's conclusory arguments also ignore that the Request is facially
2    overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
3    Civil Procedure do not permit MGA to use broad discovery requests untethered to
4    any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
5    for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
6    See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
7    Cir. 2004) ("District courts need not condone the use of discovery to engage in
8    'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to Li's
9    knowledge of extremely broad subjects—including ███████████████████
10   MGA makes no attempt to link this request with the claims and defenses in this
11   case.  For example, Li may have knowledge of MGA's retirement plans, health
12   benefits, OSHA compliance, sexual harassment policies, or any number of subjects
13   regarding business practices at MGA which clearly fall outside the narrow scope
14   required by the Discovery Master. Because MGA has not linked its broad request to
15   any of the numerous and far-ranging allegations of unfair competition set forth in its
16   complaint, the Discovery Master should uphold Mattel's overbreadth objection.
17       The term "RELATING TO ... alleged knowledge" as used in the request is
18   likewise overbroad.  The universe of documents that could "relate" to Li's
19   knowledge are potentially without limit.  The request is not confined to documents
20   in Li's possession or control; rather, all documents containing information that Li
21   coincidentally knows about the subjects at issue are subsumed within this request.
22       MGA complains that Mattel has limited its responses  regarding individuals in
23   Mattel's Initial Disclosures to information "as alleged in Mattel's initial
24   disclosures."  Mattel has produced all information as to these individuals that is
25   relevant or pertinent to this litigation.  There is nothing to compel.
26       Quite simply, there is nothing to compel.  Mattel has produced responsive,
27   non-privileged documents relating to Li's knowledge of the facts at issue in this
28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1 | litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
2 | custody or control.

3 | **REQUEST FOR PRODUCTION NO. 299:**

4 | All DOCUMENTS REFERRING OR RELATING TO Timothy James
5 | Lider's alleged knowledge of "MGA's theft of Mattel's intellectual property and
6 | trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

7 | **RESPONSE TO REQUEST NO. 299:**

8 | In addition to the general objections stated above which are incorporated
9 | herein by reference, Mattel objects to this Request on the grounds that it is
10 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
11 | documents on this subject without limitation as to time, and regardless of whether
12 | such documents relate to products or matters at issue in this case. Mattel further
13 | objects to the Request on the grounds that it seeks documents that are not relevant to
14 | this action or likely to lead to the discovery of admissible evidence. Mattel further
15 | objects to this Request on the grounds that it seeks confidential, proprietary and
16 | trade secret information, including such information that has no bearing on the
17 | claims or defenses in this case. Mattel further objects to this Request on the ground
18 | that it calls for the disclosure of information subject to the attorney-client privilege
19 | the attorney work-product doctrine and other applicable privileges.

20 | Subject to the foregoing objections, Mattel responds as follows: Mattel will
21 | produce responsive, non-privileged documents relating to Timothy James Lider's
22 | knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
23 | Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
24 | has been able to locate after a diligent search and reasonable inquiry, to the extent
25 | not previously produced.

26 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 299:**

27 | In addition to the general objections stated above which are incorporated
28 | herein by reference, Mattel objects to this Request on the grounds that it is

1  overbroad, unduly burdensome and unintelligible, including in that it seeks all
2  documents on this subject without limitation as to time, and regardless of whether
3  such documents relate to products or matters at issue in this case. Mattel further
4  objects to the Request on the grounds that it seeks documents that are not relevant to
5  this action or likely to lead to the discovery of admissible evidence. Mattel further
6  objects to this Request on the grounds that it seeks confidential, proprietary and
7  trade secret information, including such information that has no bearing on the
8  claims or defenses in this case. Mattel further objects to this Request on the ground
9  that it calls for the disclosure of information subject to the attorney-client privilege
10 the attorney work-product doctrine and other applicable privileges.

11      Subject to the foregoing objections, Mattel responds as follows: Mattel will
12 produce responsive, non-privileged documents relating to Timothy James Lider's
13 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
14 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
15 has been able to locate after a diligent search and reasonable inquiry, to the extent
16 not previously produced.

17 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
18 **TO SHOULD BE COMPELLED**

19      Mattel has improperly limited its agreement to produce documents in
20 response to this request, subject to its improper boilerplate objections. Mattel has
21 refused to confirm whether or not it has produced all non-privileged responsive
22 documents or whether it is withholding documents based on its objections in Phase
23 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
24 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
25 Generic objections that fail to explain the basis for an objection with specificity are
26 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
27 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
28

1  'overly burdensome and harassing' are improper – especially when a party fails to
2  submit any evidentiary declarations supporting such objections").

3       Accordingly, Mattel must be compelled either to certify that it has produced
4  all non-privileged responsive documents or to produce all such documents by a date
5  certain.

6       To the extent that Mattel is relying on its blanket objections, they are not
7  sustainable and do not justify Mattel's failure to produce documents.

8       As to overbreadth, Mattel provides no explanation, let alone the required
9  particularity, as to why this request is supposedly overly broad, nor can it do so.
10  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
11  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
12  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
13  custody, or control concerning Lider's alleged knowledge of "MGA's theft of
14  Mattel's intellectual property and trade secrets."  This area of information is taken
15  directly from Mattel's allegations regarding Lider in its initial disclosures.  Rutowski
16  Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12).

17       As to burden, Mattel has not attempted to demonstrate why responding to this
18  request and/or producing responsive documents presents any burden.  This objection
19  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
20  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
21  unduly burdensome must allege specific facts which indicate the nature and extent
22  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
23  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
24  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
25  secrets.  MGA is entitled to discovery on this claim.

26       This request does not seek documents protected by the attorney-client
27  privilege, the attorney work product doctrine, or other applicable privileges.  To the
28  extent that Mattel contends that it does, Mattel must provide a privilege log.