1    This request seeks relevant information. Mattel identified Lider in its initial
2 disclosures an individual with discoverable knowledge regarding "MGA's theft of
3 Mattel's intellectual property and trade secrets." Rutowski Decl. Ex. 56 (Mattel's
4 Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12). Accordingly, Mattel's
5 initial disclosures demonstrate the relevance of this request. Further, this
6 information is relevant to, among other things, Mattel's trade secret defense, MGA's
7 claims of trade dress infringement, and MGA's affirmative defenses of statute of
8 limitations and laches.

9    Mattel's objection that the request seeks confidential, proprietary, and trade
10 secret information should be disregarded. The parties have entered into a protective
11 order in this matter, which governs the handling of confidential business
12 information. Further, Mattel has put its confidential business information at issue in
13 this litigation, including but not limited to its trade secret misappropriation claim
14 Accordingly, it cannot resist discovery of confidential business information.

15    Finally, Mattel has improperly limited its agreement to produce to "the facts
16 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
17 the individual is identified as being knowledgeable about certain topics in Mattel's
18 initial disclosures, Mattel's obligation to produce does not end with the facts that it
19 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
20 information from the individual on the topics identified, regardless of whether it
21 supports the facts as alleged by Mattel, MGA, or any other party. See Order
22 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
23 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
24 MGA might be excluding documents that are responsive to the request based upon
25 its unilateral determination of what is 'relevant' or 'sufficient.'").

26    None of Mattel's improper objections are valid and Mattel is obligated to
27 produce all non-privileged responsive documents in its possession, custody, or
28 control.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1 **MATTEL'S RESPONSE:**

2    The term "RELATING TO ... alleged knowledge" as used in the request is

3 likewise overbroad. The universe of documents that could "relate" to Lider's

4 knowledge are potentially without limit. The request is not confined to documents

5 in Lider's possession or control; rather, all documents containing information that

6 Lider coincidentally knows about the subjects at issue are subsumed within this

7 request.

8    MGA complains that Mattel has limited its responses regarding individuals in

9 Mattel's Initial Disclosures to information "as alleged in Mattel's initial

10 disclosures." Mattel has produced all information as to these individuals that is

11 relevant or pertinent to this litigation. There is nothing to compel.

12    Quite simply, there is nothing to compel. Mattel has produced responsive,

13 non-privileged documents relating to Lider's knowledge of the facts at issue in this

14 litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

15 custody or control.

16 **REQUEST FOR PRODUCTION NO. 300:**

17    All DOCUMENTS REFERRING OR RELATING TO Steve Linker's alleged

18 knowledge of "[t]he development of intellectual property at issue," as alleged in

19 MATTEL'S INITIAL DISCLOSURES.

20 **RESPONSE TO REQUEST NO. 300:**

21    In addition to the general objections stated above which are incorporated

22 herein by reference, Mattel objects to this Request on the grounds that it is

23 overbroad, unduly burdensome and unintelligible, including in that it seeks all

24 documents on this subject without limitation as to time, and regardless of whether

25 such documents relate to products or matters at issue in this case. Mattel further

26 objects to the Request on the grounds that it seeks documents that are not relevant to

27 this action or likely to lead to the discovery of admissible evidence. Mattel further

28 objects to this Request on the grounds that it calls for documents or information in

-613-

1  the possession, custody or control of MGA and/or Bryant, including without
2  limitation documents and information that MGA and Bryant have been compelled
3  by Court orders to produce but have not produced. Mattel further object to this
4  Request on the grounds that it seeks confidential, proprietary and trade secret
5  information, including such information that has no bearing on the claims or
6  defenses in this case. Mattel further objects to this Request on the grounds that it
7  calls for the disclosure of information subject to the attorney-client privilege, the
8  attorney work-product doctrine and other applicable privileges.

9      Subject to the foregoing objections, Mattel responds as follows: Mattel will
10  produce responsive, non-privileged documents relating to Steve Linker's knowledge
11  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
12  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
13  after a diligent search and reasonable inquiry, to the extent not previously produced.
14  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 300:**

15      In addition to the general objections stated above which are incorporated
16  herein by reference, Mattel objects to this Request on the grounds that it is
17  overbroad, unduly burdensome and unintelligible, including in that it seeks all
18  documents on this subject without limitation as to time, and regardless of whether
19  such documents relate to products or matters at issue in this case. Mattel further
20  objects to the Request on the grounds that it seeks documents that are not relevant to
21  this action or likely to lead to the discovery of admissible evidence. Mattel further
22  objects to this Request on the grounds that it calls for documents or information in
23  the possession, custody or control of MGA and/or Bryant, including without
24  limitation documents and information that MGA and Bryant have been compelled
25  by Court orders to produce but have not produced. Mattel further object to this
26  Request on the grounds that it seeks confidential, proprietary and trade secret
27  information, including such information that has no bearing on the claims or
28  defenses in this case. Mattel further objects to this Request on the grounds that it

1    calls for the disclosure of information subject to the attorney-client privilege, the

2    attorney work-product doctrine and other applicable privileges.

3        Subject to the foregoing objections, Mattel responds as follows: Mattel will

4    produce responsive, non-privileged documents relating to Steve Linker's knowledge

5    of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

6    in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

7    after a diligent search and reasonable inquiry, to the extent not previously produced.

8    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

9    **TO SHOULD BE COMPELLED**

10       Mattel has improperly limited its agreement to produce documents in

11   response to this request, subject to its improper boilerplate objections.  Mattel has

12   refused to confirm whether or not it has produced all non-privileged responsive

13   documents or whether it is withholding documents based on its objections in Phase

14   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

15   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)

16   Generic objections that fail to explain the basis for an objection with specificity are

17   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

18   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

19   'overly burdensome and harassing' are improper – especially when a party fails to

20   submit any evidentiary declarations supporting such objections").  Accordingly,

21   Mattel must be compelled either to certify that it has produced all non-privileged

22   responsive documents or to produce all such documents by a date certain.

23       To the extent that Mattel is relying on its blanket objections, they are not

24   sustainable and do not justify Mattel's failure to produce documents.

25       As to overbreadth, Mattel provides no explanation, let alone the required

26   particularity, as to why this request is supposedly overly broad, nor can it do so.

27   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

28   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

-615-

1 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
2 custody, or control concerning Linker's alleged knowledge of "[t]he development of
3 intellectual property at issue." This area of information is taken directly from
4 Mattel's allegations regarding Linker in its initial disclosures. Rutowski Decl.
5 Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12).

6 As to burden, Mattel has not attempted to demonstrate why responding to this
7 request and/or producing responsive documents presents any burden. This objection
8 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
9 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
10 unduly burdensome must allege specific facts which indicate the nature and extent
11 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
12 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
13 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
14 secrets. MGA is entitled to discovery on this claim.

15 This request does not seek documents protected by the attorney-client
16 privilege, the attorney work product doctrine, or other applicable privileges. To the
17 extent that Mattel contends that it does, Mattel must provide a privilege log.

18 This request seeks relevant information. Mattel identified Linker in its initial
19 disclosures an individual with discoverable knowledge regarding "[t]he
20 development of intellectual property at issue." Rutowski Decl. Ex. 56 (Mattel's
21 Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12). Accordingly, Mattel's
22 initial disclosures demonstrate the relevance of this request. Further, this
23 information is relevant to, among other things, Mattel's trade secret defense and
24 MGA's claims of trade dress infringement.

25 Mattel's objection that the request seeks information within MGA's
26 possession, custody or control is nonsensical and lacks factual support. Mattel
27 makes no argument, let alone a factual showing, that any documents in MGA's
28 possession are duplicative of documents within Mattel's control. MGA is entitled to

-616-

1  discovery from Mattel of documents within its possession, custody, or control that
2  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
3  conclusory statement that MGA also possesses responsive documents.

4      Mattel's objection that the request seeks confidential, proprietary, and trade
5  secret information should be disregarded. The parties have entered into a protective
6  order in this matter, which governs the handling of confidential business
7  information. Further, Mattel has put its confidential business information at issue in
8  this litigation, including but not limited to its trade secret misappropriation claim
9  Accordingly, it cannot resist discovery of confidential business information.

10     Finally, Mattel has improperly limited its agreement to produce to "the facts
11 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
12 the individual is identified as being knowledgeable about certain topics in Mattel's
13 initial disclosures, Mattel's obligation to produce does not end with the facts that it
14 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
15 information from the individual on the topics identified, regardless of whether it
16 supports the facts as alleged by Mattel, MGA, or any other party. See Order
17 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
18 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
19 MGA might be excluding documents that are responsive to the request based upon
20 its unilateral determination of what is 'relevant' or 'sufficient.'").

21     None of Mattel's improper objections are valid and Mattel is obligated to
22 produce all non-privileged responsive documents in its possession, custody, or
23 control.

24 **MATTEL'S RESPONSE:**

25     The term "RELATING TO … alleged knowledge" as used in the request is
26 overbroad. The universe of documents that could "relate" to Linker's knowledge are
27 potentially without limit. The request is not confined to documents in Linker's
28

1  possession or control; rather, all documents containing information that Linker
2  coincidentally knows about the subjects at issue are subsumed within this request.

3  MGA complains that Mattel has limited its responses regarding individuals in
4  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
5  disclosures." Mattel has produced all information as to these individuals that is
6  relevant or pertinent to this litigation. There is nothing to compel.

7  Quite simply, there is nothing to compel. Mattel has produced responsive,
8  non-privileged documents relating to Linker's knowledge of the facts at issue in this
9  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
10  custody or control.

11  **REQUEST FOR PRODUCTION NO. 301:**

12  All DOCUMENTS REFERRING OR RELATING TO Dave Malacrida's
13  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or
14  for MGA during his Mattel employment" and "MGA's business practices," as
15  alleged in MATTEL'S INITIAL DISCLOSURES.

16  **RESPONSE TO REQUEST NO. 301:**

17  In addition to the general objections stated above which are incorporated
18  herein by reference, Mattel objects to this Request on the grounds that it is
19  overbroad, unduly burdensome and unintelligible, including in that it seeks all
20  documents on this subject without limitation as to time, and regardless of whether
21  such documents relate to products or matters at issue in this case. Mattel further
22  objects to the Request on the grounds that it seeks documents that are not relevant to
23  this action or likely to lead to the discovery of admissible evidence. Mattel further
24  objects to this Request on the grounds that it calls for documents or information in
25  the possession, custody or control of MGA and/or Bryant, including without
26  limitation documents and information that MGA and Bryant have been compelled
27  by Court orders to produce but have not produced. Mattel further object to this
28  Request on the grounds that it seeks confidential, proprietary and trade secret

1    information, including such information that has no bearing on the claims or
2    defenses in this case. Mattel further objects to this Request on the grounds that it
3    calls for the disclosure of information subject to the attorney-client privilege, the
4    attorney work-product doctrine and other applicable privileges.

5        Subject to the foregoing objections, Mattel responds as follows: Mattel will
6    produce responsive, non-privileged documents relating to Dave Malacrida's
7    knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
8    Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
9    has been able to locate after a diligent search and reasonable inquiry, to the extent
10   not previously produced.

11   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 301:**

12       In addition to the general objections stated above which are incorporated
13   herein by reference, Mattel objects to this Request on the grounds that it is
14   overbroad, unduly burdensome and unintelligible, including in that it seeks all
15   documents on this subject without limitation as to time, and regardless of whether
16   such documents relate to products or matters at issue in this case. Mattel further
17   objects to the Request on the grounds that it seeks documents that are not relevant to
18   this action or likely to lead to the discovery of admissible evidence. Mattel further
19   objects to this Request on the grounds that it calls for documents or information in
20   the possession, custody or control of MGA and/or Bryant, including without
21   limitation documents and information that MGA and Bryant have been compelled
22   by Court orders to produce but have not produced. Mattel further object to this
23   Request on the grounds that it seeks confidential, proprietary and trade secret
24   information, including such information that has no bearing on the claims or
25   defenses in this case. Mattel further objects to this Request on the grounds that it
26   calls for the disclosure of information subject to the attorney-client privilege, the
27   attorney work-product doctrine and other applicable privileges.

28

1       Subject to the foregoing objections, Mattel responds as follows: Mattel will

2  produce responsive, non-privileged documents relating to Dave Malacrida's

3  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

4  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

5  has been able to locate after a diligent search and reasonable inquiry, to the extent

6  not previously produced.

7  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

8  **TO SHOULD BE COMPELLED**

9       Mattel has improperly limited its agreement to produce documents in

10  response to this request, subject to its improper boilerplate objections. Mattel has

11  refused to confirm whether or not it has produced all non-privileged responsive

12  documents or whether it is withholding documents based on its objections in Phase

13  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

14  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

15  Generic objections that fail to explain the basis for an objection with specificity are

16  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

17  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

18  'overly burdensome and harassing' are improper – especially when a party fails to

19  submit any evidentiary declarations supporting such objections"). Accordingly,

20  Mattel must be compelled either to certify that it has produced all non-privileged

21  responsive documents or to produce all such documents by a date certain.

22       To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24       As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to why this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

28  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

1　custody, or control concerning Malacrida's alleged knowledge of "[d]esign and
2　development of Bratz and Bryant' s work with or for MGA during his Mattel
3　employment" and "MGA's business practices." This area of information is taken
4　directly from Mattel's allegations regarding Malacrida in its initial disclosures.
5　Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
6　p. 12).

7　　　As to burden, Mattel has not attempted to demonstrate why responding to this
8　request and/or producing responsive documents presents any burden. This objection
9　must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
10　F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
11　unduly burdensome must allege specific facts which indicate the nature and extent
12　of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
13　unduly burdensome, as noted above, in that the request is narrowly tailored to seek
14　only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
15　secrets. MGA is entitled to discovery on this claim.

16　　　This request does not seek documents protected by the attorney-client
17　privilege, the attorney work product doctrine, or other applicable privileges. To the
18　extent that Mattel contends that it does, Mattel must provide a privilege log.

19　　　This request seeks relevant information. Mattel identified Malacrida in its
20　initial disclosures an individual with discoverable knowledge regarding "[d]esign
21　and development of Bratz and Bryant' s work with or for MGA during his Mattel
22　employment" and "MGA business practices." Rutowski Decl. Ex. 56 (Mattel's
23　Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12). Accordingly, Mattel's
24　initial disclosures demonstrate the relevance of this request. Further, this
25　information is relevant to, among other things, Mattel's trade secret defense, MGA's
26　claims of trade dress infringement, and MGA's affirmative defenses of statute of
27　limitations and laches.

28

1     Mattel's objection that the request seeks information within MGA's

2  possession, custody or control is nonsensical and lacks factual support. Mattel

3  makes no argument, let alone a factual showing, that any documents in MGA's

4  possession are duplicative of documents within Mattel's control. MGA is entitled to

5  discovery from Mattel of documents within its possession, custody, or control that

6  relate to the subject of this suit. Mattel cannot avoid this obligation by making a

7  conclusory statement that MGA also possesses responsive documents.

8     Mattel's objection that the request seeks confidential, proprietary, and trade

9  secret information should be disregarded. The parties have entered into a protective

10 order in this matter, which governs the handling of confidential business

11 information. Further, Mattel has put its confidential business information at issue in

12 this litigation, including but not limited to its trade secret misappropriation claim

13 Accordingly, it cannot resist discovery of confidential business information.

14     Finally, Mattel has improperly limited its agreement to produce to "the facts

15 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

16 the individual is identified as being knowledgeable about certain topics in Mattel's

17 initial disclosures, Mattel's obligation to produce does not end with the facts that it

18 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

19 information from the individual on the topics identified, regardless of whether it

20 supports the facts as alleged by Mattel, MGA, or any other party. See Order

21 Granting Mattel's Motion to Compel Production of Documents and Interrogatory

22 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

23 MGA might be excluding documents that are responsive to the request based upon

24 its unilateral determination of what is 'relevant' or 'sufficient.'").

25     None of Mattel's improper objections are valid and Mattel is obligated to

26 produce all non-privileged responsive documents in its possession, custody, or

27 control.

28

**MATTEL'S RESPONSE:**

MGA ignores that (i) Mattel has produced its non-privileged, responsive documents, as it agreed to do, and that (ii) most information sought by this request is within MGA's possession, custody or control, and is equally if not more readily available to MGA than it is to Mattel.  Malacrida is an employee of MGA.  MGA gives no reason why it requests information from Mattel regarding its *own company* and its *own employee*, other than to say that "this area of information is taken directly from Mattel's allegations regarding Malacrida in its initial disclosures."  Indeed, it appears that MGA merely cut and paste its request from Mattel's initial disclosures without consideration as to what information Mattel may have that is already within MGA's possession, custody or control.

MGA's request is duplicative of previous requests for which Mattel has produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to produce documents responsive to MGA's First Set of Requests for the Production of Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[117]  Request Nos. 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including his work at Mattel and MGA and the design and development of Bratz.   Request No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring or relating to BRYANT."[118]  On September 11, 2007, Discovery Master Infante granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and 260.[119]  Pursuant to this order, Mattel produced documents responsive to these requests. Mattel has since confirmed that it has produced responsive, non-privileged documents to these requests in its Third Supplemental Responses to MGA's First

---

[117]   See MGA's Motion to Compel Mattel to Supplement its Responses and Produce Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.

[118]   See MGA's First Set of Requests for the Production of Documents and Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

[119]   See September 12, 2007 Order Granting in Part and Denying in Part MGA's Motion to Compel, at 7-10, Dart Decl., Exh. 9.

1 | Set of Requests for Production.[120]   There is nothing additional to compel and
2 | MGA's motion is moot.

3 |     MGA's conclusory arguments also ignore that the Request is facially
4 | overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
5 | Civil Procedure do not permit MGA to use broad discovery requests untethered to
6 | any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
7 | for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
8 | See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
9 | Cir. 2004) ("District courts need not condone the use of discovery to engage in
10 | 'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
11 | Malacrida's knowledge of extremely broad subjects—including
12 |     MGA makes no attempt to link this request with the claims and defenses
13 | in this case.  For example, Malacrida may have knowledge of MGA's retirement
14 | plans, health benefits, OSHA compliance, sexual harassment policies, or any
15 | number of subjects regarding business practices at MGA which clearly fall outside
16 | the narrow scope required by the Discovery Master. Because MGA has not linked
17 | its broad request to any of the numerous and far-ranging allegations of unfair
18 | competition set forth in its complaint, the Discovery Master should uphold Mattel's
19 | overbreadth objection.

20 |     The term "RELATING TO ... alleged knowledge" as used in the request is
21 | likewise overbroad.  The universe of documents that could "relate" to Malacrida's
22 | knowledge are potentially without limit.  The request is not confined to documents
23 | in Malacrida's possession or control; rather, all documents containing information
24 | that Malacrida coincidentally knows about the subjects at issue are subsumed within
25 | this request.

26 |

27 | [120]   See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28 | for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1    MGA complains that Mattel has limited its responses regarding individuals in
2    Mattel's Initial Disclosures to information "as alleged in Mattel's initial
3    disclosures." Mattel has produced all information as to these individuals that is
4    relevant or pertinent to this litigation. There is nothing to compel.

5    Quite simply, there is nothing to compel. Mattel has produced responsive,
6    non-privileged documents relating to Malacrida's knowledge of the facts at issue in
7    this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
8    possession, custody or control.

9    **REQUEST FOR PRODUCTION NO. 302:**

10    All DOCUMENTS REFERRING OR RELATING TO Joy Mann's alleged
11    knowledge of "[t]he development and ownership of intellectual property at issue," as
12    alleged in MATTEL'S INITIAL DISCLOSURES.

13    **RESPONSE TO REQUEST NO. 302:**

14    In addition to the general objections stated above which are incorporated
15    herein by reference, Mattel objects to this. Request on the grounds that it is
16    overbroad, unduly burdensome and unintelligible, including in that it seeks all
17    documents on this subject without limitation as to time, and regardless of whether
18    such documents relate to products or matters at issue in this case. Mattel further
19    objects to the Request on the grounds that it seeks documents that are not relevant to
20    this action or likely to lead to the discovery of admissible evidence. Mattel further
21    objects to this Request on the grounds that it seeks confidential, proprietary and
22    trade secret information, including such information that has no bearing on the
23    claims or defenses in this case. Mattel further objects to this Request on the ground
24    that it calls for the disclosure of information subject to the attorney-client privilege
25    the attorney work-product doctrine and other applicable privileges.

26    Subject to the foregoing objections, Mattel responds as follows: Mattel will
27    produce responsive, non-privileged documents relating to Joy Mann's knowledge of
28    the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in

1  Mattel's possession, custody, or control, if any, that Mattel has been able to locate
2  after a diligent search and reasonable inquiry, to the extent not previously produced.
3  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 302:**

4      In addition to the general objections stated above which are incorporated
5  herein by reference, Mattel objects to this. Request on the grounds that it is
6  overbroad, unduly burdensome and unintelligible, including in that it seeks all
7  documents on this subject without limitation as to time, and regardless of whether
8  such documents relate to products or matters at issue in this case. Mattel further
9  objects to the Request on the grounds that it seeks documents that are not relevant to
10 this action or likely to lead to the discovery of admissible evidence. Mattel further
11 objects to this Request on the grounds that it seeks confidential, proprietary and
12 trade secret information, including such information that has no bearing on the
13 claims or defenses in this case. Mattel further objects to this Request on the ground
14 that it calls for the disclosure of information subject to the attorney-client privilege
15 the attorney work-product doctrine and other applicable privileges.

16      Subject to the foregoing objections, Mattel responds as follows: Mattel will
17 produce responsive, non-privileged documents relating to Joy Mann's knowledge of
18 the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in
19 Mattel's possession, custody, or control, if any, that Mattel has been able to locate
20 after a diligent search and reasonable inquiry, to the extent not previously produced.
21 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
22 **TO SHOULD BE COMPELLED**

23      Mattel has improperly limited its agreement to produce documents in
24 response to this request, subject to its improper boilerplate objections. Mattel has
25 refused to confirm whether or not it has produced all non-privileged responsive
26 documents or whether it is withholding documents based on its objections in Phase
27 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
28 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

1  Generic objections that fail to explain the basis for an objection with specificity are

2  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

3  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

4  'overly burdensome and harassing' are improper – especially when a party fails to

5  submit any evidentiary declarations supporting such objections").  Accordingly,

6  Mattel must be compelled either to certify that it has produced all non-privileged

7  responsive documents or to produce all such documents by a date certain.

8      To the extent that Mattel is relying on its blanket objections, they are not

9  sustainable and do not justify Mattel's failure to produce documents.

10      As to overbreadth, Mattel provides no explanation, let alone the required

11 particularity, as to why this request is supposedly overly broad, nor can it do so.

12 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

15 custody, or control concerning Mann's alleged knowledge of "[t]he development and

16 ownership of intellectual property at issue."  This area of information is taken

17 directly from Mattel's allegations regarding Mann in its initial disclosures.

18 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

19 p. 12).

20      As to burden, Mattel has not attempted to demonstrate why responding to this

21 request and/or producing responsive documents presents any burden.  This objection

22 must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

23 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

24 unduly burdensome must allege specific facts which indicate the nature and extent

25 of the burden, usually by affidavit or other reliable evidence.").

26      Moreover, it is not unduly burdensome, as noted above, in that the request is

27 narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

28 misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

1    This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4    This request seeks relevant information.  Mattel identified Mann in its initial

5   disclosures an individual with discoverable knowledge regarding "[t]he

6   development and ownership of intellectual property at issue."  Rutowski Decl.

7   Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12).

8   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

9   Further, this information is relevant to, among other things, Mattel's trade secret

10   defense and MGA's claims of trade dress infringement.

11    Mattel's objection that the request seeks confidential, proprietary, and trade

12   secret information should be disregarded.  The parties have entered into a protective

13   order in this matter, which governs the handling of confidential business

14   information.  Further, Mattel has put its confidential business information at issue in

15   this litigation, including but not limited to its trade secret misappropriation claim

16   Accordingly, it cannot resist discovery of confidential business information.

17    Finally, Mattel has improperly limited its agreement to produce to "the facts

18   at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

19   the individual is identified as being knowledgeable about certain topics in Mattel's

20   initial disclosures, Mattel's obligation to produce does not end with the facts that it

21   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

22   information from the individual on the topics identified, regardless of whether it

23   supports the facts as alleged by Mattel, MGA, or any other party.  See Order

24   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

25   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

26   MGA might be excluding documents that are responsive to the request based upon

27   its unilateral determination of what is 'relevant' or 'sufficient.'").

28

1       None of Mattel's improper objections are valid and Mattel is obligated to
2   produce all non-privileged responsive documents in its possession, custody, or
3   control.

4   **MATTEL'S RESPONSE:**

5       The term "RELATING TO ... alleged knowledge" as used in the request is
6   likewise overbroad. The universe of documents that could "relate" to Mann's
7   knowledge are potentially without limit. The request is not confined to documents
8   in Mann's possession or control; rather, all documents containing information that
9   Mann coincidentally knows about the subjects at issue are subsumed within this
10  request.

11      MGA complains that Mattel has limited its responses regarding individuals in
12  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
13  disclosures." Mattel has produced all information as to these individuals that is
14  relevant or pertinent to this litigation. There is nothing to compel.

15      Quite simply, there is nothing to compel. Mattel has produced responsive,
16  non-privileged documents relating to Mann's knowledge of the facts at issue in this
17  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
18  custody or control.

19  **REQUEST FOR PRODUCTION NO. 303:**

20      All DOCUMENTS in Joy Mann's possession or control REFERRING OR
21  RELATING TO her alleged knowledge of "[t]he development and ownership of
22  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

23  **RESPONSE TO REQUEST NO. 303:**

24      In addition to the general objections stated above which are incorporated
25  herein by reference, Mattel objects to this Request on the grounds that it is
26  overbroad, unduly burdensome and unintelligible, including in that it seeks all
27  documents on this subject without limitation as to time, and regardless of whether
28  such documents relate to products or matters at issue in this case. Mattel further

1 | objects to the Request on the grounds that it seeks documents that are not relevant to
2 | this action or likely to lead to the discovery of admissible evidence. Mattel further
3 | objects to this Request on the grounds that it seeks confidential, proprietary and
4 | trade secret information, including such information that has no bearing on the
5 | claims or defenses in this case. Mattel further objects to this Request on the ground
6 | that it calls for the disclosure of information subject to the attorney-client privilege
7 | the attorney work-product doctrine and other applicable privileges.

8 |      Subject to the foregoing objections, Mattel responds as follows: Mattel will
9 | produce responsive, non-privileged documents relating to Joy Mann's knowledge of
10 | the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in
11 | Mattel's possession, custody, or control, if any, that Mattel has been able to locate
12 | after a diligent search and reasonable inquiry, to the extent not previously produced.

13 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 303:**

14 |      In addition to the general objections stated above which are incorporated
15 | herein by reference, Mattel objects to this Request on the grounds that it is
16 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
17 | documents on this subject without limitation as to time, and regardless of whether
18 | such documents relate to products or matters at issue in this case. Mattel further
19 | objects to the Request on the grounds that it seeks documents that are not relevant to
20 | this action or likely to lead to the discovery of admissible evidence. Mattel further
21 | objects to this Request on the grounds that it seeks confidential, proprietary and
22 | trade secret information, including such information that has no bearing on the
23 | claims or defenses in this case. Mattel further objects to this Request on the ground
24 | that it calls for the disclosure of information subject to the attorney-client privilege
25 | the attorney work-product doctrine and other applicable privileges.

26 |      Subject to the foregoing objections, Mattel responds as follows: Mattel will
27 | produce responsive, non-privileged documents relating to Joy Mann's knowledge of
28 | the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in

1   Mattel's possession, custody, or control, if any, that Mattel has been able to locate

2   after a diligent search and reasonable inquiry, to the extent not previously produced.

3   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

4   **TO SHOULD BE COMPELLED**

5          Mattel has improperly limited its agreement to produce documents in

6   response to this request, subject to its improper boilerplate objections. Mattel has

7   refused to confirm whether or not it has produced all non-privileged responsive

8   documents or whether it is withholding documents based on its objections in Phase

9   2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

10   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

11   Generic objections that fail to explain the basis for an objection with specificity are

12   routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

13   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

14   'overly burdensome and harassing' are improper – especially when a party fails to

15   submit any evidentiary declarations supporting such objections"). Accordingly,

16   Mattel must be compelled either to certify that it has produced all non-privileged

17   responsive documents or to produce all such documents by a date certain.

18          To the extent that Mattel is relying on its blanket objections, they are not

19   sustainable and do not justify Mattel's failure to produce documents.

20          As to overbreadth, Mattel provides no explanation, let alone the required

21   particularity, as to why this request is supposedly overly broad, nor can it do so.

22   This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

23   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

24   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

25   custody, or control concerning Mann's alleged knowledge of "[t]he development and

26   ownership of intellectual property at issue." This area of information is taken

27   directly from Mattel's allegations regarding Mann in its initial disclosures.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
2  p. 12).

3      As to burden, Mattel has not attempted to demonstrate why responding to this
4  request and/or producing responsive documents presents any burden. This objection
5  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
6  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7  unduly burdensome must allege specific facts which indicate the nature and extent
8  of the burden, usually by affidavit or other reliable evidence.").

9      Moreover, it is not unduly burdensome, as noted above, in that the request is
10  narrowly tailored to seek only discoverable evidence. Mattel has alleged that MGA
11  misappropriated its trade secrets. MGA is entitled to discovery on this claim.

12      This request does not seek documents protected by the attorney-client
13  privilege, the attorney work product doctrine, or other applicable privileges. To the
14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      This request seeks relevant information. Mattel identified Mann in its initial
16  disclosures an individual with discoverable knowledge regarding "[t]he
17  development and ownership of intellectual property at issue." Rutowski Decl.
18  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12).
19  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
20  Further, this information is relevant to, among other things, Mattel's trade secret
21  defense and MGA's claims of trade dress infringement.

22      Mattel's objection that the request seeks confidential, proprietary, and trade
23  secret information should be disregarded. The parties have entered into a protective
24  order in this matter, which governs the handling of confidential business
25  information. Further, Mattel has put its confidential business information at issue in
26  this litigation, including but not limited to its trade secret misappropriation claim
27  Accordingly, it cannot resist discovery of confidential business information.

28

-632

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  Finally, Mattel has improperly limited its agreement to produce to "the facts
2  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
3  the individual is identified as being knowledgeable about certain topics in Mattel's
4  initial disclosures, Mattel's obligation to produce does not end with the facts that it
5  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
6  information from the individual on the topics identified, regardless of whether it
7  supports the facts as alleged by Mattel, MGA, or any other party. <u>See</u> Order
8  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10  MGA might be excluding documents that are responsive to the request based upon
11  its unilateral determination of what is 'relevant' or 'sufficient.'").

12  None of Mattel's improper objections are valid and Mattel is obligated to
13  produce all non-privileged responsive documents in its possession, custody, or
14  control.

15  **MATTEL'S RESPONSE:**

16  MGA complains that Mattel has limited its responses regarding individuals in
17  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
18  disclosures." Mattel has produced all information as to these individuals that is
19  relevant or pertinent to this litigation. There is nothing to compel.

20  Quite simply, there is nothing to compel. Mattel has produced responsive,
21  non-privileged documents relating to Mann's knowledge of the facts at issue in this
22  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
23  custody or control.

24  **REQUEST FOR PRODUCTION NO. 304:**

25  All DOCUMENTS REFERRING OR RELATING TO Maria Veronica de
26  Souza Brandao Marlow's alleged knowledge of "[d]esign and development of Bratz
27  and Bryant's work with or for MGA during his Mattel employment," "MGA's access
28

-633-
MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  to Mattel's intellectual property and trade secrets," and "MGA's business practices,"

2  as alleged in MATTEL'S INITIAL DISCLOSURES.

3  **RESPONSE TO REQUEST NO. 304:**

4  In addition to the general objections stated above which are incorporated

5  herein by reference, Mattel objects to this Request on the grounds that it is

6  overbroad, unduly burdensome and unintelligible, including in that it seeks all

7  documents on this subject without limitation as to time, and regardless of whether

8  such documents relate to products or matters at issue in this case. Mattel further

9  objects to the Request on the grounds that it seeks documents that are not relevant to

10  this action or likely to lead to the discovery of admissible evidence. Mattel further

11  objects to this Request on the grounds that it calls for documents or information in

12  the possession, custody or control of MGA and/or Bryant, including without

13  limitation documents and information that MGA and Bryant have been compelled

14  by Court orders to produce but have not produced. Mattel further object to this

15  Request on the grounds that it seeks confidential, proprietary and trade secret

16  information, including such information that has no bearing on the claims or

17  defenses in this case. Mattel further objects to this Request on the grounds that it

18  calls for the disclosure of information subject to the attorney-client privilege, the

19  attorney work-product doctrine and other applicable privileges.

20  Subject to the foregoing objections, Mattel responds as follows: Mattel will

21  produce responsive, non-privileged documents relating to Maria Veronica de Souz

22  Brandao Marlow's knowledge of the facts at issue in this litigation as alleged in

23  Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if

24  any, that Mattel has been able to locate after a diligent search and reasonable

25  inquiry, to the extent not previously produced.

26  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 304:**

27  In addition to the general objections stated above which are incorporated

28  herein by reference, Mattel objects to this Request on the grounds that it is

1  overbroad, unduly burdensome and unintelligible, including in that it seeks all
2  documents on this subject without limitation as to time, and regardless of whether
3  such documents relate to products or matters at issue in this case. Mattel further
4  objects to the Request on the grounds that it seeks documents that are not relevant to
5  this action or likely to lead to the discovery of admissible evidence. Mattel further
6  objects to this Request on the grounds that it calls for documents or information in
7  the possession, custody or control of MGA and/or Bryant, including without
8  limitation documents and information that MGA and Bryant have been compelled
9  by Court orders to produce but have not produced. Mattel further object to this
10  Request on the grounds that it seeks confidential, proprietary and trade secret
11  information, including such information that has no bearing on the claims or
12  defenses in this case. Mattel further objects to this Request on the grounds that it
13  calls for the disclosure of information subject to the attorney-client privilege, the
14  attorney work-product doctrine and other applicable privileges.

15      Subject to the foregoing objections, Mattel responds as follows: Mattel will
16  produce responsive, non-privileged documents relating to Maria Veronica de Souz
17  Brandao Marlow's knowledge of the facts at issue in this litigation as alleged in
18  Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if
19  any, that Mattel has been able to locate after a diligent search and reasonable
20  inquiry, to the extent not previously produced.

21  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
22  **TO SHOULD BE COMPELLED**

23      Mattel has improperly limited its agreement to produce documents in
24  response to this request, subject to its improper boilerplate objections. Mattel has
25  refused to confirm whether or not it has produced all non-privileged responsive
26  documents or whether it is withholding documents based on its objections in Phase
27  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
28  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

1   Generic objections that fail to explain the basis for an objection with specificity are

2   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

3   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

4   'overly burdensome and harassing' are improper – especially when a party fails to

5   submit any evidentiary declarations supporting such objections").  Accordingly,

6   Mattel must be compelled either to certify that it has produced all non-privileged

7   responsive documents or to produce all such documents by a date certain.

8        To the extent that Mattel is relying on its blanket objections, they are not

9   sustainable and do not justify Mattel's failure to produce documents.

10       As to overbreadth, Mattel provides no explanation, let alone the required

11   particularity, as to why this request is supposedly overly broad, nor can it do so.

12   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

15   custody, or control concerning Marlow's alleged knowledge of "[d]esign and

16   development of Bratz and Bryant's work with or for MGA during his Mattel

17   employment," "MGA's access to Mattel's intellectual property and trade secrets,"

18   and "MGA's business practices."  This area of information is taken directly from

19   Mattel's allegations regarding Marlow in its initial disclosures.  Rutowski Decl. Ex

20   56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12).

21       As to burden, Mattel has not attempted to demonstrate why responding to this

22   request and/or producing responsive documents presents any burden.  This objection

23   must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

24   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

25   unduly burdensome must allege specific facts which indicate the nature and extent

26   of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not

27   unduly burdensome, as noted above, in that the request is narrowly tailored to seek

28

1  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
2  secrets. MGA is entitled to discovery on this claim.

3      This request does not seek documents protected by the attorney-client
4  privilege, the attorney work product doctrine, or other applicable privileges. To the
5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6      This request seeks relevant information. Mattel identified Marlow in its
7  initial disclosures an individual with discoverable knowledge regarding "[d]esign
8  and development of Bratz and Bryant' s work with or for MGA during his Mattel
9  employment," "MGA's access to Mattel's intellectual property and trade secrets,"
10 and "MGA's business practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated
11 Initial Disclosures, dated Jan. 5, 2007, p. 12). Accordingly, Mattel's initial
12 disclosures demonstrate the relevance of this request. Further, this information is
13 relevant to, among other things, Mattel's trade secret defense, MGA's claims of trade
14 dress infringement, and MGA's affirmative defenses of statute of limitations and
15 laches.

16     Mattel's objection that the request seeks information within MGA's
17 possession, custody or control is nonsensical and lacks factual support. Mattel
18 makes no argument, let alone a factual showing, that any documents in MGA's
19 possession are duplicative of documents within Mattel's control. MGA is entitled to
20 discovery from Mattel of documents within its possession, custody, or control that
21 relate to the subject of this suit. Mattel cannot avoid this obligation by making a
22 conclusory statement that MGA also possesses responsive documents.

23     Mattel's objection that the request seeks confidential, proprietary, and trade
24 secret information should be disregarded. The parties have entered into a protective
25 order in this matter, which governs the handling of confidential business
26 information. Further, Mattel has put its confidential business information at issue in
27 this litigation, including but not limited to its trade secret misappropriation claim
28 Accordingly, it cannot resist discovery of confidential business information.

1    Finally, Mattel has improperly limited its agreement to produce to "the facts

2 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

3 the individual is identified as being knowledgeable about certain topics in Mattel's

4 initial disclosures, Mattel's obligation to produce does not end with the facts that it

5 has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

6 information from the individual on the topics identified, regardless of whether it

7 supports the facts as alleged by Mattel, MGA, or any other party. <u>See</u> Order

8 Granting Mattel's Motion to Compel Production of Documents and Interrogatory

9 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

10 MGA might be excluding documents that are responsive to the request based upon

11 its unilateral determination of what is 'relevant' or 'sufficient.'").

12    None of Mattel's improper objections are valid and Mattel is obligated to

13 produce all non-privileged responsive documents in its possession, custody, or

14 control.

15 **MATTEL'S RESPONSE:**

16    MGA's request is duplicative of previous requests for which Mattel has

17 produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to

18 produce documents responsive to MGA's First Set of Requests for the Production of

19 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[121]  Request Nos.

20 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including

21 his work at Mattel and MGA and the design and development of Bratz.  Request

22 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring

23 or relating to BRYANT."[122]  On September 11, 2007, Discovery Master Infante

24 granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and

25

_____

26  [121]  <u>See</u> MGA's Motion to Compel Mattel to Supplement its Responses and Produce
27 Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
    [122]  <u>See</u> MGA's First Set of Requests for the Production of Documents and
28 Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

1  260.[123]  Pursuant to this order, Mattel produced documents responsive to these
2  requests. Mattel has since confirmed that it has produced responsive, non-privileged
3  documents to these requests in its Third Supplemental Responses to MGA's First
4  Set of Requests for Production.[124]   There is nothing additional to compel and
5  MGA's motion is moot.

6       MGA's conclusory arguments also ignore that the Request is facially
7  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
8  Civil Procedure do not permit MGA to use broad discovery requests untethered to
9  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
10 for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
11 See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
12 Cir. 2004) ("District courts need not condone the use of discovery to engage in
13 'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
14 Marlow's knowledge of extremely broad subjects—including ███████████
15 ███████  MGA makes no attempt to link this request with the claims and defenses
16 in this case.  For example, Marlow may have knowledge of MGA's retirement plans,
17 health benefits, OSHA compliance, sexual harassment policies, or any number of
18 subjects regarding business practices at MGA which clearly fall outside the narrow
19 scope required by the Discovery Master. Because MGA has not linked its broad
20 request to any of the numerous and far-ranging allegations of unfair competition set
21 forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
22 objection.

23      The term "RELATING TO … alleged knowledge" as used in the request is
24 likewise overbroad.  The universe of documents that could "relate" to Marlow's
25

26  [123]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's
27 Motion to Compel, at 7-10, Dart Decl., Exh. 9.
   [124]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28 for Production 04-9059, dated January 19, 2008, at 8-11, Dart Decl., Exh. 18.

1  knowledge are potentially without limit. The request is not confined to documents
2  in Marlow's possession or control; rather, all documents containing information that
3  Marlow coincidentally knows about the subjects at issue are subsumed within this
4  request.

5      MGA complains that Mattel has limited its responses regarding individuals in
6  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
7  disclosures." Mattel has produced all information as to these individuals that is
8  relevant or pertinent to this litigation. There is nothing to compel.

9      Quite simply, there is nothing to compel. Mattel has produced responsive,
10 non-privileged documents relating to Marlow's knowledge of the facts at issue in
11 this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
12 possession, custody or control.

13 **REQUEST FOR PRODUCTION NO. 305:**

14     All DOCUMENTS REFERRING OR RELATING TO Lily Martinez's
15 alleged knowledge of "[t]he development and ownership of intellectual property at
16 issue" and "Bryant's breach of obligations to Mattel," as alleged in MATTEL'S
17 INITIAL DISCLOSURES.

18 **RESPONSE TO REQUEST NO. 305:**

19     In addition to the general objections stated above which are incorporated
20 herein by reference, Mattel objects to this Request on the grounds that it is
21 overbroad, unduly burdensome and unintelligible, including in that it seeks all
22 documents on this subject without limitation as to time, and regardless of whether
23 such documents relate to products or matters at issue in this case. Mattel further
24 objects to the Request on the grounds that it seeks documents that are not relevant to
25 this action or likely to lead to the discovery of admissible evidence. Mattel further
26 objects to this Request on the grounds that it seeks confidential, proprietary and
27 trade secret information, including such information that has no bearing on the
28 claims or defenses in this case. Mattel further objects to this Request on the ground

1 | that it calls for the disclosure of information subject to the attorney-client privilege

2 | the attorney work-product doctrine and other applicable privileges.

3 |     Subject to the foregoing objections, Mattel responds as follows: Mattel will

4 | produce responsive, non-privileged documents relating to Lily Martinez's

5 | knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6 | Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7 | has been able to locate after a diligent search and reasonable inquiry, to the extent

8 | not previously produced.

9 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 305:**

10 |     In addition to the general objections stated above which are incorporated

11 | herein by reference, Mattel objects to this Request on the grounds that it is

12 | overbroad, unduly burdensome and unintelligible, including in that it seeks all

13 | documents on this subject without limitation as to time, and regardless of whether

14 | such documents relate to products or matters at issue in this case.  Mattel further

15 | objects to the Request on the grounds that it seeks documents that are not relevant to

16 | this action or likely to lead to the discovery of admissible evidence.  Mattel further

17 | objects to this Request on the grounds that it seeks confidential, proprietary and

18 | trade secret information, including such information that has no bearing on the

19 | claims or defenses in this case.  Mattel further objects to this Request on the ground

20 | that it calls for the disclosure of information subject to the attorney-client privilege

21 | the attorney work-product doctrine and other applicable privileges.

22 |     Subject to the foregoing objections, Mattel responds as follows: Mattel will

23 | produce responsive, non-privileged documents relating to Lily Martinez's

24 | knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

25 | Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

26 | has been able to locate after a diligent search and reasonable inquiry, to the extent

27 | not previously produced.

28 |

1  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2  **TO SHOULD BE COMPELLED**

3      Mattel has improperly limited its agreement to produce documents in
4  response to this request, subject to its improper boilerplate objections. Mattel has
5  refused to confirm whether or not it has produced all non-privileged responsive
6  documents or whether it is withholding documents based on its objections in Phase
7  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
8  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
9  Generic objections that fail to explain the basis for an objection with specificity are
10 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
11 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
12 'overly burdensome and harassing' are improper – especially when a party fails to
13 submit any evidentiary declarations supporting such objections"). Accordingly,
14 Mattel must be compelled either to certify that it has produced all non-privileged
15 responsive documents or to produce all such documents by a date certain.

16     To the extent that Mattel is relying on its blanket objections, they are not
17 sustainable and do not justify Mattel's failure to produce documents.

18     As to overbreadth, Mattel provides no explanation, let alone the required
19 particularity, as to why this request is supposedly overly broad, nor can it do so.
20 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
21 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
22 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
23 custody, or control concerning Martinez's alleged knowledge of "[t]he developmen
24 and ownership of intellectual property at issue" and "Bryant's breach of obligation to
25 Mattel." This area of information is taken directly from Mattel's allegations
26 regarding Martinez in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's
27 Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 13).

28

1    As to burden, Mattel has not attempted to demonstrate why responding to this

2  request and/or producing responsive documents presents any burden. This objection

3  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

4  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

5  unduly burdensome must allege specific facts which indicate the nature and extent

6  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

7  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

8  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

9  secrets. MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges. To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information. Mattel identified Martinez in its

14  initial disclosures an individual with discoverable knowledge regarding "[t]he

15  development and ownership of intellectual property at issue" and "Bryant's breach

16  of obligations to Mattel." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

17  Disclosures, dated Jan. 5, 2007, p. 13). Accordingly, Mattel's initial disclosures

18  demonstrate the relevance of this request. Further, this information is relevant to,

19  among other things, Mattel's trade secret defense and MGA's claims of trade dress

20  infringement.

21    Mattel's objection that the request seeks confidential, proprietary, and trade

22  secret information should be disregarded. The parties have entered into a protective

23  order in this matter, which governs the handling of confidential business

24  information. Further, Mattel has put its confidential business information at issue in

25  this litigation, including but not limited to its trade secret misappropriation claim

26  Accordingly, it cannot resist discovery of confidential business information.

27    Finally, Mattel has improperly limited its agreement to produce to "the facts

28  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

1 the individual is identified as being knowledgeable about certain topics in Mattel's
2 initial disclosures, Mattel's obligation to produce does not end with the facts that it
3 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
4 information from the individual on the topics identified, regardless of whether it
5 supports the facts as alleged by Mattel, MGA, or any other party. See Order
6 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
7 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
8 MGA might be excluding documents that are responsive to the request based upon
9 its unilateral determination of what is 'relevant' or 'sufficient.'").

10    None of Mattel's improper objections are valid and Mattel is obligated to
11 produce all non-privileged responsive documents in its possession, custody, or
12 control.

13 **MATTEL'S RESPONSE:**

14    MGA's request is duplicative of previous requests for which Mattel has
15 produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
16 produce documents responsive to MGA's First Set of Requests for the Production of
17 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[125]  Request Nos.
18 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
19 his work at Mattel and MGA and the design and development of Bratz.   Request
20 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
21 or relating to BRYANT."[126]  On September 11, 2007, Discovery Master Infante
22 granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
23 260.[127]  Pursuant to this order, Mattel produced documents responsive to these

24 
25 [125]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
26 [126]  See MGA's First Set of Requests for the Production of Documents and
27 Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
[127]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's
28 Motion to Compel, at 7-10, Dart Decl., Exh. 9.

1  requests. Mattel has since confirmed that it has produced responsive, non-privileged
2  documents to these requests in its Third Supplemental Responses to MGA's First
3  Set of Requests for Production.[128]   There is nothing additional to compel and
4  MGA's motion is moot.

5         The term "RELATING TO … alleged knowledge" as used in the request is
6  likewise overbroad.  The universe of documents that could "relate" to Martinez's
7  knowledge are potentially without limit.  The request is not confined to documents
8  in Martinez's possession or control; rather, all documents containing information
9  that Martinez coincidentally knows about the subjects at issue are subsumed within
10 this request.

11        MGA complains that Mattel has limited its responses  regarding individuals in
12 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
13 disclosures."  Mattel has produced all information as to these individuals that is
14 relevant or pertinent to this litigation.  There is nothing to compel.

15        Quite simply, there is nothing to compel.  Mattel has produced responsive,
16 non-privileged documents relating to Martinez's knowledge of the facts at issue in
17 this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
18 possession, custody or control.

19 **REQUEST FOR PRODUCTION NO. 306:**

20        All DOCUMENTS in Lily Martinez's possession or control REFERRING OR
21 RELATING TO her alleged knowledge of "[t]he development and ownership of
22 intellectual property at issue" and "Bryant's breach of obligations to Mattel," as
23 alleged in MATTEL'S INITIAL DISCLOSURES.

24 **RESPONSE TO REQUEST NO. 306:**

25        In addition to the general objections stated above which are incorporated
26 herein by reference, Mattel objects to this Request on the grounds that it is

27        [128]   See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28 for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1   overbroad, unduly burdensome and unintelligible, including in that it seeks all
2   documents on this subject without limitation as to time, and regardless of whether
3   such documents relate to products or matters at issue in this case. Mattel further
4   objects to the Request on the grounds that it seeks documents that are not relevant to
5   this action or likely to lead to the discovery of admissible evidence. Mattel further
6   objects to this Request on the grounds that it seeks confidential, proprietary and
7   trade secret information, including such information that has no bearing on the
8   claims or defenses in this case. Mattel further objects to this Request on the ground
9   that it calls for the disclosure of information subject to the attorney-client privilege
10  the attorney work-product doctrine and other applicable privileges.

11      Subject to the foregoing objections, Mattel responds as follows: Mattel will
12  produce responsive, non-privileged documents relating to Lily Martinez's
13  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
14  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
15  has been able to locate after a diligent search and reasonable inquiry, to the extent
16  not previously produced.

17  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 306:**

18      In addition to the general objections stated above which are incorporated
19  herein by reference, Mattel objects to this Request on the grounds that it is
20  overbroad, unduly burdensome and unintelligible, including in that it seeks all
21  documents on this subject without limitation as to time, and regardless of whether
22  such documents relate to products or matters at issue in this case. Mattel further
23  objects to the Request on the grounds that it seeks documents that are not relevant to
24  this action or likely to lead to the discovery of admissible evidence. Mattel further
25  objects to this Request on the grounds that it seeks confidential, proprietary and
26  trade secret information, including such information that has no bearing on the
27  claims or defenses in this case. Mattel further objects to this Request on the ground
28

1  that it calls for the disclosure of information subject to the attorney-client privilege
2  the attorney work-product doctrine and other applicable privileges.

3       Subject to the foregoing objections, Mattel responds as follows: Mattel will
4  produce responsive, non-privileged documents relating to Lily Martinez's
5  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
6  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
7  has been able to locate after a diligent search and reasonable inquiry, to the extent
8  not previously produced.

9  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
10 **TO SHOULD BE COMPELLED**

11      Mattel has improperly limited its agreement to produce documents in
12 response to this request, subject to its improper boilerplate objections. Mattel has
13 refused to confirm whether or not it has produced all non-privileged responsive
14 documents or whether it is withholding documents based on its objections in Phase
15 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
16 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
17 Generic objections that fail to explain the basis for an objection with specificity are
18 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
19 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
20 'overly burdensome and harassing' are improper – especially when a party fails to
21 submit any evidentiary declarations supporting such objections"). Accordingly,
22 Mattel must be compelled either to certify that it has produced all non-privileged
23 responsive documents or to produce all such documents by a date certain.

24      To the extent that Mattel is relying on its blanket objections, they are not
25 sustainable and do not justify Mattel's failure to produce documents.

26      As to overbreadth, Mattel provides no explanation, let alone the required
27 particularity, as to why this request is supposedly overly broad, nor can it do so.
28 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

-647-

1  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

2  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

3  custody, or control concerning Martinez's alleged knowledge of "[t]he developmen

4  and ownership of intellectual property at issue" and "Bryant's breach of obligation to

5  Mattel." This area of information is taken directly from Mattel's allegations

6  regarding Martinez in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's

7  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 13).

8       As to burden, Mattel has not attempted to demonstrate why responding to this

9  request and/or producing responsive documents presents any burden. This objection

10  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

11  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

12  unduly burdensome must allege specific facts which indicate the nature and extent

13  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

14  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

15  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

16  secrets. MGA is entitled to discovery on this claim.

17       This request does not seek documents protected by the attorney-client

18  privilege, the attorney work product doctrine, or other applicable privileges. To the

19  extent that Mattel contends that it does, Mattel must provide a privilege log.

20       This request seeks relevant information. Mattel identified Martinez in its

21  initial disclosures an individual with discoverable knowledge regarding "[t]he

22  development and ownership of intellectual property at issue" and "Bryant's breach

23  of obligations to Mattel." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

24  Disclosures, dated Jan. 5, 2007, p. 13). Accordingly, Mattel's initial disclosures

25  demonstrate the relevance of this request. Further, this information is relevant to,

26  among other things, Mattel's trade secret defense and MGA's claims of trade dress

27  infringement.

28

1       Mattel's objection that the request seeks confidential, proprietary, and trade
2   secret information should be disregarded.  The parties have entered into a protective
3   order in this matter, which governs the handling of confidential business
4   information.  Further, Mattel has put its confidential business information at issue in
5   this litigation, including but not limited to its trade secret misappropriation claim
6   Accordingly, it cannot resist discovery of confidential business information.

7       Finally, Mattel has improperly limited its agreement to produce to "the facts
8   at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
9   the individual is identified as being knowledgeable about certain topics in Mattel's
10  initial disclosures, Mattel's obligation to produce does not end with the facts that it
11  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
12  information from the individual on the topics identified, regardless of whether it
13  supports the facts as alleged by Mattel, MGA, or any other party.  See Order
14  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
15  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
16  MGA might be excluding documents that are responsive to the request based upon
17  its unilateral determination of what is 'relevant' or 'sufficient.'").

18      None of Mattel's improper objections are valid and Mattel is obligated to
19  produce all non-privileged responsive documents in its possession, custody, or
20  control.

21  **MATTEL'S RESPONSE:**

22      MGA's request is duplicative of previous requests for which Mattel has
23  produced responsive documents.  On July 3, 2007, MGA moved to compel Mattel to
24  produce documents responsive to MGA's First Set of Requests for the Production of
25  Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[129]  Request Nos.
26  180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including

27  ───────────────
       [129]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
28  Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.

1   his work at Mattel and MGA and the design and development of Bratz.   Request
2   No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
3   or relating to BRYANT."[130]   On September 11, 2007, Discovery Master Infante
4   granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
5   260.[131]   Pursuant to this order, Mattel produced documents responsive to these
6   requests. Mattel has since confirmed that it has produced responsive, non-privileged
7   documents to these requests in its Third Supplemental Responses to MGA's First
8   Set of Requests for Production.[132]   There is nothing additional to compel and
9   MGA's motion is moot.

10         The term "RELATING TO ... alleged knowledge" as used in the request is
11   likewise overbroad.  The universe of documents that could "relate" to Martinez's
12   knowledge are potentially without limit.  All documents containing information that
13   Martinez coincidentally knows about the subjects at issue are subsumed within this
14   request.

15         MGA complains that Mattel has limited its responses  regarding individuals in
16   Mattel's Initial Disclosures to information "as alleged in Mattel's initial
17   disclosures."  Mattel has produced all information as to these individuals that is
18   relevant or pertinent to this litigation.  There is nothing to compel.

19         Quite simply, there is nothing to compel.  Mattel has produced responsive,
20   non-privileged documents relating to Martinez's knowledge of the facts at issue in
21   this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
22   possession, custody or control.

23

24   _____

25   [130]   See MGA's First Set of Requests for the Production of Documents and
      Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
26   [131]   See September 12, 2007 Order Granting in Part and Denying in Part MGA's
      Motion to Compel, at 7-10, Dart Decl., Exh. 9.
27   [132]   See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28   for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1  **REQUEST FOR PRODUCTION NO. 307:**

2      All DOCUMENTS REFERRING OR RELATING TO Susan G. McBride's

3  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

4  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

5  DISCLOSURES.

6  **RESPONSE TO REQUEST NO. 307:**

7      In addition to the general objections stated above which are incorporated

8  herein by reference, Mattel objects to this Request on the grounds that it is

9  overbroad, unduly burdensome and unintelligible, including in that it seeks all

10 documents on this subject without limitation as to time, and regardless of whether

11 such documents relate to products or matters at issue in this case. Mattel further

12 objects to the Request on the grounds that it seeks documents that are not relevant to

13 this action or likely to lead to the discovery of admissible evidence. Mattel further

14 objects to this Request on the grounds that it calls for documents or information in

15 the possession, custody or control of MGA, including without limitation documents

16 and information that MGA has been compelled by Court orders to produce but has

17 not produced. Mattel further objects to this Request on the grounds that it seeks

18 confidential, proprietary and trade secret information, including such information

19 that has no bearing on the claims or defenses in this case. Mattel further objects to

20 this Request on the grounds that it calls for the disclosure of information subject to

21 the attorney-client privilege, the attorney work product doctrine and other applicable

22 privileges.

23     Subject to the foregoing objections, Mattel responds as follows: Mattel will

24 produce responsive, non-privileged documents relating to Susan G. McBride's

25 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

26 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

27 has been able to locate after a diligent search and reasonable inquiry, to the extent

28 not previously produced.

1  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 307:**

2      In addition to the general objections stated above which are incorporated

3  herein by reference, Mattel objects to this Request on the grounds that it is

4  overbroad, unduly burdensome and unintelligible, including in that it seeks all

5  documents on this subject without limitation as to time, and regardless of whether

6  such documents relate to products or matters at issue in this case. Mattel further

7  objects to the Request on the grounds that it seeks documents that are not relevant to

8  this action or likely to lead to the discovery of admissible evidence. Mattel further

9  objects to this Request on the grounds that it calls for documents or information in

10  the possession, custody or control of MGA, including without limitation documents

11  and information that MGA has been compelled by Court orders to produce but has

12  not produced. Mattel further objects to this Request on the grounds that it seeks

13  confidential, proprietary and trade secret information, including such information

14  that has no bearing on the claims or defenses in this case. Mattel further objects to

15  this Request on the grounds that it calls for the disclosure of information subject to

16  the attorney-client privilege, the attorney work product doctrine and other applicable

17  privileges.

18      Subject to the foregoing objections, Mattel responds as follows: Mattel will

19  produce responsive, non-privileged documents relating to Susan G. McBride's

20  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

21  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

22  has been able to locate after a diligent search and reasonable inquiry, to the extent

23  not previously produced.

24  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

25  **TO SHOULD BE COMPELLED**

26      Mattel has improperly limited its agreement to produce documents in

27  response to this request, subject to its improper boilerplate objections. Mattel has

28  refused to confirm whether or not it has produced all non-privileged responsive

1 documents or whether it is withholding documents based on its objections in Phase

2 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

3 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

4 Generic objections that fail to explain the basis for an objection with specificity are

5 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

6 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

7 'overly burdensome and harassing' are improper – especially when a party fails to

8 submit any evidentiary declarations supporting such objections"). Accordingly,

9 Mattel must be compelled either to certify that it has produced all non-privileged

10 responsive documents or to produce all such documents by a date certain.

11     To the extent that Mattel is relying on its blanket objections, they are not

12 sustainable and do not justify Mattel's failure to produce documents.

13     As to overbreadth, Mattel provides no explanation, let alone the required

14 particularity, as to why this request is supposedly overly broad, nor can it do so.

15 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

16 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

17 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

18 custody, or control concerning McBride's alleged knowledge of "MGA's access to

19 Mattel's intellectual property and trade secrets" and "MGA's business practices."

20     This area of information is taken directly from Mattel's allegations regarding

21 McBride in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated

22 Initial Disclosures, dated Jan. 5, 2007, p. 13).

23     As to burden, Mattel has not attempted to demonstrate why responding to this

24 request and/or producing responsive documents presents any burden. This objection

25 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

26 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

27 unduly burdensome must allege specific facts which indicate the nature and extent

28 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

1  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
2  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
3  secrets. MGA is entitled to discovery on this claim.

4    This request does not seek documents protected by the attorney-client
5  privilege, the attorney work product doctrine, or other applicable privileges. To the
6  extent that Mattel contends that it does, Mattel must provide a privilege log.

7    This request seeks relevant information. Mattel identified McBride in its
8  initial disclosures an individual with discoverable knowledge regarding "MGA's
9  access to Mattel's intellectual property and trade secrets" and "MGA business
10  practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
11  Jan. 5, 2007, p. 12). Accordingly, Mattel's initial disclosures demonstrate the
12  relevance of this request. Further, this information is relevant to, among other
13  things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
14  MGA's affirmative defenses of statute of limitations and laches.

15    Mattel's objection that the request seeks information within MGA's
16  possession, custody or control is nonsensical and lacks factual support. Mattel
17  makes no argument, let alone a factual showing, that any documents in MGA's
18  possession are duplicative of documents within Mattel's control. MGA is entitled to
19  discovery from Mattel of documents within its possession, custody, or control that
20  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
21  conclusory statement that MGA also possesses responsive documents.

22    Mattel's objection that the request seeks confidential, proprietary, and trade
23  secret information should be disregarded. The parties have entered into a protective
24  order in this matter, which governs the handling of confidential business
25  information. Further, Mattel has put its confidential business information at issue in
26  this litigation, including but not limited to its trade secret misappropriation claim
27  Accordingly, it cannot resist discovery of confidential business information.
28

1  Finally, Mattel has improperly limited its agreement to produce to "the facts
2  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
3  the individual is identified as being knowledgeable about certain topics in Mattel's
4  initial disclosures, Mattel's obligation to produce does not end with the facts that it
5  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
6  information from the individual on the topics identified, regardless of whether it
7  supports the facts as alleged by Mattel, MGA, or any other party.  See Order
8  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10  MGA might be excluding documents that are responsive to the request based upon
11  its unilateral determination of what is 'relevant' or 'sufficient.'").

12  None of Mattel's improper objections are valid and Mattel is obligated to
13  produce all non-privileged responsive documents in its possession, custody, or
14  control.

15  **MATTEL'S RESPONSE:**

16  MGA ignores that (i) Mattel has produced its non-privileged, responsive
17  documents, as it agreed to do, and that (ii) most information sought by this request is
18  within MGA's possession, custody or control, and is equally if not more readily
19  available to MG  McBride is an employee of MGA.  MGA gives no reason why it
20  requests information from Mattel regarding its *own company* and its *own employee*,
21  other than to say that "this area of information is taken directly from Mattel's
22  allegations regarding McBride in its initial disclosures."  Indeed, it appears that
23  MGA merely cut and paste its request from Mattel's initial disclosures without
24  consideration as to what information Mattel may have that is already within MGA's
25  possession, custody or control.

26  MGA's conclusory arguments also ignore that the Request is facially
27  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
28  Civil Procedure do not permit MGA to use broad discovery requests untethered to

-655-
MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1   any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion

2   for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

3   See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

4   Cir. 2004) ("District courts need not condone the use of discovery to engage in

5   'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to

6   McBride's knowledge of extremely broad subjects—including

7   MGA makes no attempt to link this request with the claims and defenses

8   in this case.  For example, McBride may have knowledge of MGA's retirement

9   plans, health benefits, OSHA compliance, sexual harassment policies, or any

10  number of subjects regarding business practices at MGA which clearly fall outside

11  the narrow scope required by the Discovery Master. Because MGA has not linked

12  its broad request to any of the numerous and far-ranging allegations of unfair

13  competition set forth in its complaint, the Discovery Master should uphold Mattel's

14  overbreadth objection.

15       The term "RELATING TO … alleged knowledge" as used in the request is

16  likewise overbroad.  The universe of documents that could "relate" to McBride's

17  knowledge are potentially without limit.  The request is not confined to documents

18  in McBride's possession or control; rather, all documents containing information

19  that McBride coincidentally knows about the subjects at issue are subsumed within

20  this request.

21       MGA complains that Mattel has limited its responses  regarding individuals in

22  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

23  disclosures."  Mattel has produced all information as to these individuals that is

24  relevant or pertinent to this litigation.  There is nothing to compel.

25       Quite simply, there is nothing to compel.  Mattel has produced responsive,

26  non-privileged documents relating to McBride's knowledge of the facts at issue in

27  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

28  possession, custody or control.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  **REQUEST FOR PRODUCTION NO. 308:**

2      All DOCUMENTS REFERRING OR RELATING TO Barbara Miller's

3  alleged knowledge of "[t]he development and ownership of intellectual property at

4  issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

5  **RESPONSE TO REQUEST NO. 308:**

6      In addition to the general objections stated above which are incorporated

7  herein by reference, Mattel objects to this Request on the grounds that it is

8  overbroad, unduly burdensome and unintelligible, including in that it seeks all

9  documents on this subject without limitation as to time, and regardless of whether

10  such documents relate to products or matters at issue in this case. Mattel further

11  objects to the Request on the grounds that it seeks documents that are not relevant to

12  this action or likely to lead to the discovery of admissible evidence. Mattel further

13  objects to this Request on the grounds that it seeks confidential, proprietary and

14  trade secret information that has no bearing on the claims or defenses in this case.

15  Mattel further objects to this Request on the grounds that it calls for the disclosure

16  of information subject to the attorney-client privilege, the attorney work product

17  doctrine and other applicable privileges.

18  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 308:**

19      In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case. Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant to

25  this action or likely to lead to the discovery of admissible evidence. Mattel further

26  objects to this Request on the grounds that it calls for documents or information in

27  the possession, custody or control of MGA and/or Bryant, including without

28  limitation documents and information that MGA and Bryant have been compelled

1   by Court orders to produce but have not produced. Mattel further object to this
2   Request on the grounds that it seeks confidential, proprietary and trade secret
3   information, including such information that has no bearing on the claims or
4   defenses in this case. Mattel further objects to this Request on the grounds that it
5   calls for the disclosure of information subject to the attorney-client privilege, the
6   attorney work-product doctrine and other applicable privileges.

7       Subject to the foregoing objections, Mattel responds as follows: Mattel will
8   produce responsive, non-privileged documents relating to Barbara Miller's
9   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
10  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
11  has been able to locate after a diligent search and reasonable inquiry, to the extent
12  not previously produced.

13  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
14  **TO SHOULD BE COMPELLED**

15      Mattel has improperly limited its agreement to produce documents in
16  response to this request, subject to its improper boilerplate objections. Mattel has
17  refused to confirm whether or not it has produced all non-privileged responsive
18  documents or whether it is withholding documents based on its objections in Phase
19  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
20  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
21  Generic objections that fail to explain the basis for an objection with specificity are
22  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
23  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
24  'overly burdensome and harassing' are improper – especially when a party fails to
25  submit any evidentiary declarations supporting such objections"). Accordingly,
26  Mattel must be compelled either to certify that it has produced all non-privileged
27  responsive documents or to produce all such documents by a date certain.
28