1    To the extent that Mattel is relying on its blanket objections, they are not
2  sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required
4  particularity, as to why this request is supposedly overly broad, nor can it do so.
5  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
6  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
7  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
8  custody, or control concerning Miller's alleged knowledge of "[t]he development
9  and ownership of intellectual property at issue." This area of information is taken
10 directly from Mattel's allegations regarding Miller in its initial disclosures.
11 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
12 p. 13).

13    As to burden, Mattel has not attempted to demonstrate why responding to this
14 request and/or producing responsive documents presents any burden. This objection
15 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
16 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
17 unduly burdensome must allege specific facts which indicate the nature and extent
18 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
19 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
20 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
21 secrets. MGA is entitled to discovery on this claim.

22    This request does not seek documents protected by the attorney-client
23 privilege, the attorney work product doctrine, or other applicable privileges. To the
24 extent that Mattel contends that it does, Mattel must provide a privilege log.

25    This request seeks relevant information. Mattel identified Miller in its initial
26 disclosures an individual with discoverable knowledge regarding "[t]he
27 development and ownership of intellectual property at issue." Rutowski Decl.

28

1 │ Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 13).

2 │ Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

3 │     Further, this information is relevant to, among other things, Mattel's trade

4 │ secret defense and MGA's claims of trade dress infringement.

5 │     Mattel's objection that the request seeks information within MGA's

6 │ possession, custody or control is nonsensical and lacks factual support. Mattel

7 │ makes no argument, let alone a factual showing, that any documents in MGA's

8 │ possession are duplicative of documents within Mattel's control. MGA is entitled to

9 │ discovery from Mattel of documents within its possession, custody, or control that

10 │ relate to the subject of this suit. Mattel cannot avoid this obligation by making a

11 │ conclusory statement that MGA also possesses responsive documents.

12 │     Mattel's objection that the request seeks confidential, proprietary, and trade

13 │ secret information should be disregarded. The parties have entered into a protective

14 │ order in this matter, which governs the handling of confidential business

15 │ information. Further, Mattel has put its confidential business information at issue in

16 │ this litigation, including but not limited to its trade secret misappropriation claim

17 │ Accordingly, it cannot resist discovery of confidential business information.

18 │     Finally, Mattel has improperly limited its agreement to produce to "the facts

19 │ at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

20 │ the individual is identified as being knowledgeable about certain topics in Mattel's

21 │ initial disclosures, Mattel's obligation to produce does not end with the facts that it

22 │ has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

23 │ information from the individual on the topics identified, regardless of whether it

24 │ supports the facts as alleged by Mattel, MGA, or any other party. See Order

25 │ Granting Mattel's Motion to Compel Production of Documents and Interrogatory

26 │ Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

27 │ MGA might be excluding documents that are responsive to the request based upon

28 │ its unilateral determination of what is 'relevant' or 'sufficient.'").

1      None of Mattel's improper objections are valid and Mattel is obligated to

2 produce all non-privileged responsive documents in its possession, custody, or

3 control.

4 **MATTEL'S RESPONSE:**

5      The term "RELATING TO ... alleged knowledge" as used in the request is

6 likewise overbroad. The universe of documents that could "relate" to Miller's

7 knowledge are potentially without limit. The request is not confined to documents

8 in Miller's possession or control; rather, all documents containing information that

9 Miller coincidentally knows about the subjects at issue are subsumed within this

10 request.

11      MGA complains that Mattel has limited its responses regarding individuals in

12 Mattel's Initial Disclosures to information "as alleged in Mattel's initial

13 disclosures." Mattel has produced all information as to these individuals that is

14 relevant or pertinent to this litigation. There is nothing to compel.

15      Quite simply, there is nothing to compel. Mattel has produced responsive,

16 non-privileged documents relating to Miller's knowledge of the facts at issue in this

17 litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

18 custody or control.

19 **REQUEST FOR PRODUCTION NO. 309:**

20      All DOCUMENTS REFERRING OR RELATING TO Frank B. Mils's

21 alleged knowledge of "MGA's access to Mattel's intellectual property and trade

22 secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

23 DISCLOSURES.

24 **RESPONSE TO REQUEST NO. 309:**

25      In addition to the general objections stated above which are incorporated

26 herein by reference, Mattel objects to this Request on the grounds that it is

27 overbroad, unduly burdensome and unintelligible, including in that it seeks all

28 documents on this subject without limitation as to time, and regardless of whether

1  such documents relate to products or matters at issue in this case. Mattel further

2  objects to the Request on the grounds that it seeks documents that are not relevant to

3  this action or likely to lead to the discovery of admissible evidence. Mattel further

4  objects to this Request on the grounds that it seeks confidential, proprietary and

5  trade secret information that has no bearing on the claims or defenses in this case.

6  Mattel further objects to this Request on the grounds that it calls for the disclosure

7  of information subject to the attorney-client privilege, the attorney work product

8  doctrine and other applicable privileges.

9  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 309:**

10  In addition to the general objections stated above which are incorporated

11  herein by reference, Mattel objects to this Request on the grounds that it is

12  overbroad, unduly burdensome and unintelligible, including in that it seeks all

13  documents on this subject without limitation as to time, and regardless of whether

14  such documents relate to products or matters at issue in this case. Mattel further

15  objects to the Request on the grounds that it seeks documents that are not relevant to

16  this action or likely to lead to the discovery of admissible evidence. Mattel further

17  objects to this Request on the grounds that it calls for documents or information in

18  the possession, custody or control of MGA, including without limitation documents

19  and information that MGA has been compelled by Court orders to produce but has

20  not produced. Mattel further objects to this Request on the grounds that it seeks

21  confidential, proprietary and trade secret information, including such information

22  that has no bearing on the claims or defenses in this case. Mattel further objects to

23  this Request on the grounds that it calls for the disclosure of information subject to

24  the attorney-client privilege, the attorney work product doctrine and other applicable

25  privileges.

26  Subject to the foregoing objections, Mattel responds as follows: Mattel will

27  produce responsive, non-privileged documents relating to Frank B. Mils's

28  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

1 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
2 has been able to locate after a diligent search and reasonable inquiry, to the extent
3 not previously produced.

4 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
5 **TO SHOULD BE COMPELLED**

6       Mattel has improperly limited its agreement to produce documents in
7 response to this request, subject to its improper boilerplate objections. Mattel has
8 refused to confirm whether or not it has produced all non-privileged responsive
9 documents or whether it is withholding documents based on its objections in Phase
10 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
11 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
12 Generic objections that fail to explain the basis for an objection with specificity are
13 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
14 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
15 'overly burdensome and harassing' are improper – especially when a party fails to
16 submit any evidentiary declarations supporting such objections"). Accordingly,
17 Mattel must be compelled either to certify that it has produced all non-privileged
18 responsive documents or to produce all such documents by a date certain.

19       To the extent that Mattel is relying on its blanket objections, they are not
20 sustainable and do not justify Mattel's failure to produce documents.

21       As to overbreadth, Mattel provides no explanation, let alone the required
22 particularity, as to why this request is supposedly overly broad, nor can it do so.
23 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
24 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
25 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
26 custody, or control concerning Mils's alleged knowledge of "MGA's access to
27 Mattel's intellectual property and trade secrets" and "MGA's business practices."
28 This area of information is taken directly from Mattel's allegations regarding Mils in

1 | its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
2 | Disclosures, dated Jan. 5, 2007, p. 13).

3 | As to burden, Mattel has not attempted to demonstrate why responding to this
4 | request and/or producing responsive documents presents any burden. This objection
5 | must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
6 | F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7 | unduly burdensome must allege specific facts which indicate the nature and extent
8 | of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
9 | unduly burdensome, as noted above, in that the request is narrowly tailored to seek
10 | only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
11 | secrets. MGA is entitled to discovery on this claim.

12 | This request does not seek documents protected by the attorney-client
13 | privilege, the attorney work product doctrine, or other applicable privileges. To the
14 | extent that Mattel contends that it does, Mattel must provide a privilege log.

15 | This request seeks relevant information. Mattel identified Mils in its initial
16 | disclosures an individual with discoverable knowledge regarding "MGA's access to
17 | Mattel's intellectual property and trade secrets" and "MGA business practices."
18 | Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
19 | p. 13). Accordingly, Mattel's initial disclosures demonstrate the relevance o this
20 | request. Further, this information is relevant to, among other things, Mattel's trade
21 | secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
22 | defenses of statute of limitations and laches.

23 | Mattel's objection that the request seeks information within MGA's
24 | possession, custody or control is nonsensical and lacks factual support. Mattel
25 | makes no argument, let alone a factual showing, that any documents in MGA's
26 | possession are duplicative of documents within Mattel's control. MGA is entitled to
27 | discovery from Mattel of documents within its possession, custody, or control that
28 |

-664

1  relate to the subject of this suit. Mattel cannot avoid this obligation by making a

2  conclusory statement that MGA also possesses responsive documents.

3     Mattel's objection that the request seeks confidential, proprietary, and trade

4  secret information should be disregarded. The parties have entered into a protective

5  order in this matter, which governs the handling of confidential business

6  information. Further, Mattel has put its confidential business information at issue in

7  this litigation, including but not limited to its trade secret misappropriation claim

8  Accordingly, it cannot resist discovery of confidential business information.

9     Finally, Mattel has improperly limited its agreement to produce to "the facts

10  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

11  the individual is identified as being knowledgeable about certain topics in Mattel's

12  initial disclosures, Mattel's obligation to produce does not end with the facts that it

13  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

14  information from the individual on the topics identified, regardless of whether it

15  supports the facts as alleged by Mattel, MGA, or any other party. See Order

16  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

17  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

18  MGA might be excluding documents that are responsive to the request based upon

19  its unilateral determination of what is 'relevant' or 'sufficient.'").

20     None of Mattel's improper objections are valid and Mattel is obligated to

21  produce all non-privileged responsive documents in its possession, custody, or

22  control.

23  **MATTEL'S RESPONSE:**

24     MGA ignores that (i) Mattel has produced its non-privileged, responsive

25  documents, as it agreed to do, and that (ii) most information sought by this request is

26  within MGA's possession, custody or control, and is equally if not more readily

27  available to MG  Mils is an employee of MGA. MGA gives no reason why it

28  requests information from Mattel regarding its *own company* and its *own employee*,

1  other than to say that "this area of information is taken directly from Mattel's
2  allegations regarding Mils in its initial disclosures." Indeed, it appears that MGA
3  merely cut and paste its request from Mattel's initial disclosures without
4  consideration as to what information Mattel may have that is already within MGA's
5  possession, custody or control.

6       MGA's conclusory arguments also ignore that the Request is facially
7  overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
8  Civil Procedure do not permit MGA to use broad discovery requests untethered to
9  any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion
10 for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
11 See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
12 Cir. 2004) ("District courts need not condone the use of discovery to engage in
13 'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to
14 Mils's knowledge of extremely broad subjects—including
15          MGA makes no attempt to link this request with the claims and defenses
16 in this case. For example, Mils may have knowledge of MGA's retirement plans,
17 health benefits, OSHA compliance, sexual harassment policies, or any number of
18 subjects regarding business practices at MGA which clearly fall outside the narrow
19 scope required by the Discovery Master. Because MGA has not linked its broad
20 request to any of the numerous and far-ranging allegations of unfair competition set
21 forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
22 objection.

23       The term "RELATING TO ... alleged knowledge" as used in the request is
24 likewise overbroad. The universe of documents that could "relate" to Mils's
25 knowledge are potentially without limit. The request is not confined to documents
26 in Mils's possession or control; rather, all documents containing information that
27 Mils coincidentally knows about the subjects at issue are subsumed within this
28 request.

1   MGA complains that Mattel has limited its responses regarding individuals in
2   Mattel's Initial Disclosures to information "as alleged in Mattel's initial
3   disclosures." Mattel has produced all information as to these individuals that is
4   relevant or pertinent to this litigation. There is nothing to compel.

5   Quite simply, there is nothing to compel. Mattel has produced responsive,
6   non-privileged documents relating to Mils's knowledge of the facts at issue in this
7   litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
8   custody or control.

9   **REQUEST FOR PRODUCTION NO. 310:**

10  All DOCUMENTS REFERRING OR RELATING TO Joyce Ng's alleged
11  knowledge of "[d]esign and development of Bratz and Bryant's work with or for
12  MGA during his Mattel employment," as alleged in MATTEL'S INITIAL
13  DISCLOSURES.

14  **RESPONSE TO REQUEST NO. 310:**

15  In addition to the general objections stated above which are incorporated
16  herein by reference, Mattel objects to this Request on the grounds that it is
17  overbroad, unduly burdensome and unintelligible, including in that it seeks all
18  documents on this subject without limitation as to time, and regardless of whether
19  such documents relate to products or matters at issue in this case. Mattel further
20  objects to the Request on the grounds that it seeks documents that are not relevant to
21  this action or likely to lead to the discovery of admissible evidence. Mattel further
22  objects to this Request on the grounds that it seeks confidential, proprietary and
23  trade secret information that has no bearing on the claims or defenses in this case.
24  Mattel further objects to this Request on the grounds that it calls for the disclosure
25  of information subject to the attorney-client privilege, the attorney work product
26  doctrine and other applicable privileges.

27
28

1 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 310:**

2 |      In addition to the general objections stated above which are incorporated
3 | herein by reference, Mattel objects to this Request on the grounds that it is
4 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
5 | documents on this subject without limitation as to time, and regardless of whether
6 | such documents relate to products or matters at issue in this case. Mattel further
7 | objects to the Request on the grounds that it seeks documents that are not relevant to
8 | this action or likely to lead to the discovery of admissible evidence. Mattel further
9 | objects to this Request on the grounds that it calls for documents or information in
10 | the possession, custody or control of MGA and/or Bryant, including without
11 | limitation documents and information that MGA and Bryant have been compelled
12 | by Court orders to produce but have not produced. Mattel further object to this
13 | Request on the grounds that it seeks confidential, proprietary and trade secret
14 | information, including such information that has no bearing on the claims or
15 | defenses in this case. Mattel further objects to this Request on the grounds that it
16 | calls for the disclosure of information subject to the attorney-client privilege, the
17 | attorney work-product doctrine and other applicable privileges.

18 |      Subject to the foregoing objections, Mattel responds as follows: Mattel will
19 | produce responsive, non-privileged documents relating to Joyce Ng's knowledge o
20 | the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in
21 | Mattel's possession, custody, or control, if any, that Mattel has been able to locate
22 | after a diligent search and reasonable inquiry, to the extent not previously produced.

23 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
24 | **TO SHOULD BE COMPELLED**

25 |      Mattel has improperly limited its agreement to produce documents in
26 | response to this request, subject to its improper boilerplate objections. Mattel has
27 | refused to confirm whether or not it has produced all non-privileged responsive
28 | documents or whether it is withholding documents based on its objections in Phase

2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c) Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Ng's alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment." This area of information is taken directly from Mattel's allegations regarding Ng in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 13).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek

1  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
2  secrets. MGA is entitled to discovery on this claim.

3      This request does not seek documents protected by the attorney-client
4  privilege, the attorney work product doctrine, or other applicable privileges. To the
5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6      This request seeks relevant information. Mattel identified Ng in its initial
7  disclosures an individual with discoverable knowledge regarding "[d]esign and
8  development of Bratz and Bryant' s work with or for MGA during his Mattel
9  employment." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures,
10 dated Jan. 5, 2007, p. 13). Accordingly, Mattel's initial disclosures demonstrate th
11 relevance of this request. Further, this information is relevant to, among other
12 things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
13 MGA's affirmative defenses of statute of limitations and laches.

14     Mattel's objection that the request seeks information within MGA's
15 possession, custody or control is nonsensical and lacks factual support. Mattel
16 makes no argument, let alone a factual showing, that any documents in MGA's
17 possession are duplicative of documents within Mattel's control. MGA is entitled to
18 discovery from Mattel of documents within its possession, custody, or control that
19 relate to the subject of this suit. Mattel cannot avoid this obligation by making a
20 conclusory statement that MGA also possesses responsive documents.

21     Mattel's objection that the request seeks confidential, proprietary, and trade
22 secret information should be disregarded. The parties have entered into a protective
23 order in this matter, which governs the handling of confidential business
24 information. Further, Mattel has put its confidential business information at issue in
25 this litigation, including but not limited to its trade secret misappropriation claim
26 Accordingly, it cannot resist discovery of confidential business information.

27     Finally, Mattel has improperly limited its agreement to produce to "the facts
28 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

1   the individual is identified as being knowledgeable about certain topics in Mattel's
2   initial disclosures, Mattel's obligation to produce does not end with the facts that it
3   has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
4   information from the individual on the topics identified, regardless of whether it
5   supports the facts as alleged by Mattel, MGA, or any other party. See Order
6   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
7   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
8   MGA might be excluding documents that are responsive to the request based upon
9   its unilateral determination of what is 'relevant' or 'sufficient.'").

10      None of Mattel's improper objections are valid and Mattel is obligated to
11   produce all non-privileged responsive documents in its possession, custody, or
12   control.

13   **MATTEL'S RESPONSE:**

14      MGA's request is duplicative of previous requests for which Mattel has
15   produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
16   produce documents responsive to MGA's First Set of Requests for the Production of
17   Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[133]   Request Nos.
18   180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
19   his work at Mattel and MGA and the design and development of Bratz.   Request
20   No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
21   or relating to BRYANT."[134]   On September 11, 2007, Discovery Master Infante
22   granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
23   260.[135]   Pursuant to this order, Mattel produced documents responsive to these

24   _____

25   [133]   See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
     Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
26   [134]   See MGA's First Set of Requests for the Production of Documents and
27   Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
     [135]   See September 12, 2007 Order Granting in Part and Denying in Part MGA's
28   Motion to Compel, at 7-10, Dart Decl., Exh. 9.

1  requests. Mattel has since confirmed that it has produced responsive, non-privileged
2  documents to these requests in its Third Supplemental Responses to MGA's First
3  Set of Requests for Production.[136]  is nothing additional to compel and MGA's
4  motion is moot.

5       The term "RELATING TO ... alleged knowledge" as used in the request is
6  likewise overbroad.  The universe of documents that could "relate" to Ng's
7  knowledge are potentially without limit.  The request is not confined to documents
8  in Ng's possession or control; rather, all documents containing information that Ng
9  coincidentally knows about the subjects at issue are subsumed within this request.

10      MGA complains that Mattel has limited its responses  regarding individuals in
11  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
12  disclosures."  Mattel has produced all information as to these individuals that is
13  relevant or pertinent to this litigation.  There is nothing to compel.

14      Quite simply, there is nothing to compel.  Mattel has produced responsive,
15  non-privileged documents relating to Ng's knowledge of the facts at issue in this
16  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
17  custody or control.

18  **REQUEST FOR PRODUCTION NO. 311:**

19      All DOCUMENTS REFERRING OR RELATING TO Jill Nordquist's
20  alleged knowledge of "Bryant's breach of obligations to Mattel" and "MGA's access
21  to Mattel's intellectual property and trade secrets," as alleged in MATTEL' INITIAL
22  DISCLOSURES.

23  **RESPONSE TO REQUEST NO. 311:**

24      In addition to the general objections stated above which are incorporated
25  herein by reference, Mattel objects to this Request on the grounds that it is
26  overbroad, unduly burdensome and unintelligible, including in that it seeks all

27  _____
    [136]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28  for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1   documents on this subject without limitation as to time, and regardless of whether
2   such documents relate to products or matters at issue in this case.  Mattel further
3   objects to the Request on the grounds that it seeks documents that are not relevant to
4   this action or likely to lead to the discovery of admissible evidence.  Mattel further
5   objects to this Request on the grounds that it seeks confidential, proprietary and
6   trade secret information that has no bearing on the claims or defenses in this case.
7   Mattel further objects to this Request on the grounds that it calls for the disclosure
8   of information subject to the attorney-client privilege, the attorney work product
9   doctrine and other applicable privileges.

10  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 311:**

11          In addition to the general objections stated above which are incorporated
12  herein by reference, Mattel objects to this Request on the grounds that it is
13  overbroad, unduly burdensome and unintelligible, including in that it seeks all
14  documents on this subject without limitation as to time, and regardless of whether
15  such documents relate to products or matters at issue in this case.  Mattel further
16  objects to the Request on the grounds that it seeks documents that are not relevant to
17  this action or likely to lead to the discovery of admissible evidence.  Mattel further
18  objects to this Request on the grounds that it seeks confidential, proprietary and
19  trade secret information, including such information that has no bearing on the
20  claims or defenses in this case.  Mattel further objects to this Request on the ground
21  that it calls for the disclosure of information subject to the attorney-client privilege
22  the attorney work-product doctrine and other applicable privileges.

23          Subject to the foregoing objections, Mattel responds as follows: Mattel will
24  produce responsive, non-privileged documents relating to Jill Nordquist's
25  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
26  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
27  has been able to locate after a diligent search and reasonable inquiry, to the extent
28  not previously produced.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c) Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Nordquist's alleged knowledge of "Bryant's breach of obligations to Mattel" and "MGA's access to Mattel's intellectual property and trade secrets." This area of information is taken directly from Mattel's allegations regarding Nordquist in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 13).

1        As to burden, Mattel has not attempted to demonstrate why responding to this

2  request and/or producing responsive documents presents any burden. This objection

3  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

4  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

5  unduly burdensome must allege specific facts which indicate the nature and extent

6  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

7  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

8  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

9  secrets. MGA is entitled to discovery on this claim.

10       This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges. To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13       This request seeks relevant information. Mattel identified Nordquist in its

14  initial disclosures an individual with discoverable knowledge regarding "Bryant's

15  breach of obligations to Mattel" and "MGA's access to Mattel's intellectual property

16  and trade secrets." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

17  Disclosures, dated Jan. 5, 2007, p. 13). Accordingly, Mattel's initial disclosures

18  demonstrate the relevance of this request. Further, this information is relevant to,

19  among other things, Mattel's trade secret defense, MGA's claims of trade dress

20  infringement, and MGA's affirmative defenses of statute of limitations and laches.

21       Mattel's objection that the request seeks confidential, proprietary, and trade

22  secret information should be disregarded. The parties have entered into a protective

23  order in this matter, which governs the handling of confidential business

24  information. Further, Mattel has put its confidential business information at issue in

25  this litigation, including but not limited to its trade secret misappropriation claim

26  Accordingly, it cannot resist discovery of confidential business information.

27       Finally, Mattel has improperly limited its agreement to produce to "the facts

28  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

1  the individual is identified as being knowledgeable about certain topics in Mattel's
2  initial disclosures, Mattel's obligation to produce does not end with the facts that it
3  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
4  information from the individual on the topics identified, regardless of whether it
5  supports the facts as alleged by Mattel, MGA, or any other party.  See Order
6  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
7  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
8  MGA might be excluding documents that are responsive to the request based upon
9  its unilateral determination of what is 'relevant' or 'sufficient.'").

10     None of Mattel's improper objections are valid and Mattel is obligated to
11 produce all non-privileged responsive documents in its possession, custody, or
12 control.

13 **MATTEL'S RESPONSE:**

14     MGA's request is duplicative of previous requests for which Mattel has
15 produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
16 produce documents responsive to MGA's First Set of Requests for the Production of
17 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[137]  Request Nos.
18 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
19 his work at Mattel and MGA and the design and development of Bratz.   Request
20 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
21 or relating to BRYANT."[138]  On September 11, 2007, Discovery Master Infante
22 granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
23 260.[139]  Pursuant to this order, Mattel produced documents responsive to these

24

25  [137]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
    Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
26  [138]  See MGA's First Set of Requests for the Production of Documents and
27  Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
    [139]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's
28 Motion to Compel, at 7-10, Dart Decl., Exh. 9.

1 requests. Mattel has since confirmed that it has produced responsive, non-privileged
2 documents to these requests in its Third Supplemental Responses to MGA's First
3 Set of Requests for Production.[140]   There is nothing additional to compel and
4 MGA's motion is moot.

5      The term "RELATING TO ... alleged knowledge" as used in the request is
6 likewise overbroad.  The universe of documents that could "relate" to Nordquist's
7 knowledge are potentially without limit.  The request is not confined to documents
8 in Nordquist's possession or control; rather, all documents containing information
9 that Nordquist coincidentally knows about the subjects at issue are subsumed within
10 this request.

11      MGA complains that Mattel has limited its responses  regarding individuals in
12 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
13 disclosures."  Mattel has produced all information as to these individuals that is
14 relevant or pertinent to this litigation.  There is nothing to compel.

15      Quite simply, there is nothing to compel.  Mattel has produced responsive,
16 non-privileged documents relating to Nordquist's knowledge of the facts at issue in
17 this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
18 possession, custody or control.

19 **REQUEST FOR PRODUCTION NO. 312:**

20      All DOCUMENTS in Jill Nordquist's possession or control REFERRING OR
21 RELATING TO her alleged knowledge of "Bryant's breach of obligations to Mattel"
22 and "MGA's access to Mattel's intellectual property and trade secrets," as alleged in
23 MATTEL'S INITIAL DISCLOSURES.

24 **RESPONSE TO REQUEST NO. 312:**

25      In addition to the general objections stated above which are incorporated
26 herein by reference, Mattel objects to this Request on the grounds that it is

27     [140]   See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28 for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

-677-

1   overbroad, unduly burdensome and unintelligible, including in that it seeks all
2   documents on this subject without limitation as to time, and regardless of whether
3   such documents relate to products or matters at issue in this case. Mattel further
4   objects to the Request on the grounds that it seeks documents that are not relevant to
5   this action or likely to lead to the discovery of admissible evidence. Mattel further
6   objects to this Request on the grounds that it seeks confidential, proprietary and
7   trade secret information that has no bearing on the claims or defenses in this case.
8   Mattel further objects to this Request on the grounds that it calls for the disclosure
9   of information subject to the attorney-client privilege, the attorney work product
10  doctrine and other applicable privileges.

11  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 312:**

12      In addition to the general objections stated above which are incorporated
13  herein by reference, Mattel objects to this Request on the grounds that it is
14  overbroad, unduly burdensome and unintelligible, including in that it seeks all
15  documents on this subject without limitation as to time, and regardless of whether
16  such documents relate to products or matters at issue in this case. Mattel further
17  objects to the Request on the grounds that it seeks documents that are not relevant to
18  this action or likely to lead to the discovery of admissible evidence. Mattel further
19  objects to this Request on the grounds that it seeks confidential, proprietary and
20  trade secret information, including such information that has no bearing on the
21  claims or defenses in this case. Mattel further objects to this Request on the ground
22  that it calls for the disclosure of information subject to the attorney-client privilege
23  the attorney work-product doctrine and other applicable privileges.

24      Subject to the foregoing objections, Mattel responds as follows: Mattel will
25  produce responsive, non-privileged documents relating to Jill Nordquist's
26  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
27  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
28

1    has been able to locate after a diligent search and reasonable inquiry, to the extent
2    not previously produced.

3    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
4    **TO SHOULD BE COMPELLED**

5         Mattel has improperly limited its agreement to produce documents in
6    response to this request, subject to its improper boilerplate objections. Mattel has
7    refused to confirm whether or not it has produced all non-privileged responsive
8    documents or whether it is withholding documents based on its objections in Phase
9    2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
10   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
11   Generic objections that fail to explain the basis for an objection with specificity are
12   routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
13   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
14   'overly burdensome and harassing' are improper – especially when a party fails to
15   submit any evidentiary declarations supporting such objections"). Accordingly,
16   Mattel must be compelled either to certify that it has produced all non-privileged
17   responsive documents or to produce all such documents by a date certain.

18        To the extent that Mattel is relying on its blanket objections, they are not
19   sustainable and do not justify Mattel's failure to produce documents.

20        As to overbreadth, Mattel provides no explanation, let alone the required
21   particularity, as to why this request is supposedly overly broad, nor can it do so.
22   This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
23   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
24   contrary, the request is narrowly tailored to seek documents in Mattel's possession,
25   custody, or control concerning Nordquist's alleged knowledge of "Bryant's breach of
26   obligations to Mattel" and "MGA's access to Mattel's intellectual property and trade
27   secrets." This area of information is taken directly from Mattel's allegations
28

1  regarding Nordquist in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's

2  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 13).

3      As to burden, Mattel has not attempted to demonstrate why responding to this

4  request and/or producing responsive documents presents any burden.  This objection

5  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

6  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

7  unduly burdensome must allege specific facts which indicate the nature and extent

8  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not

9  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

10  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade

11  secrets.  MGA is entitled to discovery on this claim.

12      This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      This request seeks relevant information.  Mattel identified Nordquist in its

16  initial disclosures an individual with discoverable knowledge regarding "Bryant's

17  breach of obligations to Mattel" and "MGA's access to Mattel's intellectual property

18  and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

19  Disclosures, dated Jan. 5, 2007, p. 13).  Accordingly, Mattel's initial disclosures

20  demonstrate the relevance of this request.  Further, this information is relevant to,

21  among other things, Mattel's trade secret defense, MGA's claims of trade dress

22  infringement, and MGA's affirmative defenses of statute of limitations and laches.

23      Mattel's objection that the request seeks confidential, proprietary, and trade

24  secret information should be disregarded.  The parties have entered into a protective

25  order in this matter, which governs the handling of confidential business

26  information.  Further, Mattel has put its confidential business information at issue in

27  this litigation, including but not limited to its trade secret misappropriation claim

28  Accordingly, it cannot resist discovery of confidential business information.

1    Finally, Mattel has improperly limited its agreement to produce to "the facts
2   at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
3   the individual is identified as being knowledgeable about certain topics in Mattel's
4   initial disclosures, Mattel's obligation to produce does not end with the facts that it
5   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
6   information from the individual on the topics identified, regardless of whether it
7   supports the facts as alleged by Mattel, MGA, or any other party.  See Order
8   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10  MGA might be excluding documents that are responsive to the request based upon
11  its unilateral determination of what is 'relevant' or 'sufficient.'").

12    None of Mattel's improper objections are valid and Mattel is obligated to
13  produce all non-privileged responsive documents in its possession, custody, or
14  control.

15  **MATTEL'S RESPONSE:**

16    MGA's request is duplicative of previous requests for which Mattel has
17  produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
18  produce documents responsive to MGA's First Set of Requests for the Production of
19  Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[141]   Request Nos.
20  180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
21  his work at Mattel and MGA and the design and development of Bratz.   Request
22  No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
23  or relating to BRYANT."[142]   On September 11, 2007, Discovery Master Infante
24  granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and

25

26  [141]   See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
    Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
27
    [142]   See MGA's First Set of Requests for the Production of Documents and
28  Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

1  260.[143]  Pursuant to this order, Mattel produced documents responsive to these

2  requests. Mattel has since confirmed that it has produced responsive, non-privileged

3  documents to these requests in its Third Supplemental Responses to MGA's First

4  Set of Requests for Production.[144]   There is nothing additional to compel and

5  MGA's motion is moot.

6      The term "RELATING TO ... alleged knowledge" as used in the request is

7  likewise overbroad.  The universe of documents that could "relate" to Nordquist's

8  knowledge are potentially without limit.  All documents containing information that

9  Nordquist coincidentally knows about the subjects at issue are subsumed within this

10  request.

11      MGA complains that Mattel has limited its responses  regarding individuals in

12  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

13  disclosures."  Mattel has produced all information as to these individuals that is

14  relevant or pertinent to this litigation.  There is nothing to compel.

15      Quite simply, there is nothing to compel.  Mattel has produced responsive,

16  non-privileged documents relating to Nordquist's knowledge of the facts at issue in

17  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

18  possession, custody or control.

19  **REQUEST FOR PRODUCTION NO. 313:**

20      All DOCUMENTS REFERRING OR RELATING TO Conrad Nussbaum's

21  alleged knowledge of "Mattel's business operations, Mattel's dealings with NPD,

22  and the development and ownership of intellectual property at issue," as alleged in

23  MATTEL'S INITIAL DISCLOSURES.

24

25

---

26  [143]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's

27  Motion to Compel, at 7-10, Dart Decl., Exh. 9.

   [144]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests

28  for Production 04-9059, dated January 19, 2008, at 8-11, Dart Decl., Exh. 18.

1 | **RESPONSE TO REQUEST NO. 313:**

2 |　　　In addition to the general objections stated above which are incorporated
3 | herein by reference, Mattel objects to this Request on the grounds that it is
4 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
5 | documents on this subject without limitation as to time, and regardless of whether
6 | such documents relate to products or matters at issue in this case. Mattel further
7 | objects to the Request on the grounds that it seeks documents that are not relevant to
8 | this action or likely to lead to the discovery of admissible evidence. Mattel further
9 | objects to this Request on the grounds that it seeks confidential, proprietary and
10 | trade secret information that has no bearing on the claims or defenses in this case.
11 | Mattel further objects to this Request on the grounds that it calls for the disclosure
12 | of information subject to the attorney-client privilege, the attorney work product
13 | doctrine and other applicable privileges.

14 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 313:**

15 |　　　In addition to the general objections stated above which are incorporated
16 | herein by reference, Mattel objects to this Request on the grounds that it is
17 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
18 | documents on this subject without limitation as to time, and regardless of whether
19 | such documents relate to products or matters at issue in this case. Mattel further
20 | objects to the Request on the grounds that it seeks documents that are not relevant to
21 | this action or likely to lead to the discovery of admissible evidence. Mattel further
22 | objects to this Request on the grounds that it seeks confidential, proprietary and
23 | trade secret information, including such information that has no bearing on the
24 | claims or defenses in this case. Mattel further objects to this Request on the ground
25 | that it calls for the disclosure of information subject to the attorney-client privilege
26 | the attorney work-product doctrine and other applicable privileges.

27 |　　　Subject to the foregoing objections, Mattel responds as follows: Mattel will
28 | produce responsive, non-privileged documents relating to Conrad Nussbaum's

1  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

2  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

3  has been able to locate after a diligent search and reasonable inquiry, to the extent

4  not previously produced.

5  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

6  **TO SHOULD BE COMPELLED**

7      Mattel has improperly limited its agreement to produce documents in

8  response to this request, subject to its improper boilerplate objections. Mattel has

9  refused to confirm whether or not it has produced all non-privileged responsive

10  documents or whether it is withholding documents based on its objections in Phase

11  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

12  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

13  Generic objections that fail to explain the basis for an objection with specificity are

14  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

15  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

16  'overly burdensome and harassing' are improper – especially when a party fails to

17  submit any evidentiary declarations supporting such objections"). Accordingly,

18  Mattel must be compelled either to certify that it has produced all non-privileged

19  responsive documents or to produce all such documents by a date certain.

20      To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22      As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to why this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

26  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

27  custody, or control concerning Nussbaum's alleged knowledge of "Mattel's business

28  operations, Mattel's dealings with NPD, and the development and ownership of

1  intellectual property at issue." This area of information is taken directly from

2  Mattel's allegations regarding Nussbaum in its initial disclosures. Rutowski Decl.

3  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 13).

4      As to burden, Mattel has not attempted to demonstrate why responding to this

5  request and/or producing responsive documents presents any burden. This objection

6  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

7  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

8  unduly burdensome must allege specific facts which indicate the nature and extent

9  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

10  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

11  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

12  secrets. MGA is entitled to discovery on this claim.

13      This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges. To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16      This request seeks relevant information. Mattel identified Nussbaum in its

17  initial disclosures an individual with discoverable knowledge regarding "Mattel's

18  business operations, Mattel's dealings with NPD, and the development and

19  ownership of intellectual property at issue." Rutowski Decl. Ex. 56 (Mattel's

20  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 13). Accordingly, Mattel's

21  initial disclosures demonstrate the relevance of this request. Further, this

22  information is relevant to, among other things, Mattel's trade secret defense, MGA's

23  claims of trade dress infringement, and MGA's unfair competition claim.

24      Mattel's objection that the request seeks confidential, proprietary, and trade

25  secret information should be disregarded. The parties have entered into a protective

26  order in this matter, which governs the handling of confidential business

27  information. Further, Mattel has put its confidential business information at issue in

28

1 | this litigation, including but not limited to its trade secret misappropriation claim
2 | Accordingly, it cannot resist discovery of confidential business information.

3 |      Finally, Mattel has improperly limited its agreement to produce to "the facts
4 | at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
5 | the individual is identified as being knowledgeable about certain topics in Mattel's
6 | initial disclosures, Mattel's obligation to produce does not end with the facts that it
7 | has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
8 | information from the individual on the topics identified, regardless of whether it
9 | supports the facts as alleged by Mattel, MGA, or any other party. <u>See</u> Order
10 | Granting Mattel's Motion to Compel Production of Documents and Interrogatory
11 | Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
12 | MGA might be excluding documents that are responsive to the request based upon
13 | its unilateral determination of what is 'relevant' or 'sufficient.'").

14 |      None of Mattel's improper objections are valid and Mattel is obligated to
15 | produce all non-privileged responsive documents in its possession, custody, or
16 | control.

17 | **MATTEL'S RESPONSE:**

18 |      MGA's conclusory arguments also ignore that the Request is facially
19 | overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
20 | Civil Procedure do not permit MGA to use broad discovery requests untethered to
21 | any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion
22 | for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
23 | <u>See also</u> Fed.R.Civ.P. 26(b)(1); <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th
24 | Cir. 2004) ("District courts need not condone the use of discovery to engage in
25 | 'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to
26 | Nussbaum's knowledge of extremely broad subjects—including "Mattel's business
27 | operations." MGA makes no attempt to link this request with the claims and
28 | defenses in this case. For example, Nussbaum may have knowledge of Mattel's

1  retirement plans, health benefits, OSHA compliance, sexual harassment policies, or

2  any number of subjects regarding business operations at Mattel which clearly fall

3  outside the narrow scope required by the Discovery Master. Because MGA has not

4  linked its broad request to any of the numerous and far-ranging allegations of unfair

5  competition set forth in its complaint, the Discovery Master should uphold Mattel's

6  overbreadth objection.

7       The term "RELATING TO … alleged knowledge" as used in the request is

8  likewise overbroad.  The universe of documents that could "relate" to Nussbaum's

9  knowledge are potentially without limit.  The request is not confined to documents

10 in Nussbaum's possession or control; rather, all documents containing information

11 that Nussbaum coincidentally knows about the subjects at issue are subsumed within

12 this request.

13      MGA complains that Mattel has limited its responses  regarding individuals in

14 Mattel's Initial Disclosures to information "as alleged in Mattel's initial

15 disclosures."  Mattel has produced all information as to these individuals that is

16 relevant or pertinent to this litigation.  There is nothing to compel.

17      Quite simply, there is nothing to compel.  Mattel has produced responsive,

18 non-privileged documents relating to Nussbaum's knowledge of the facts at issue in

19 this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

20 possession, custody or control, if any, that Mattel has been able to locate after a

21 diligent search. and reasonable inquiry.

22 **REQUEST FOR PRODUCTION NO. 314:**

23      All DOCUMENTS in Conrad Nussbaum's possession or control

24 REFERRING OR RELATING TO his alleged knowledge of "Mattel's business

25 operations, Mattel's dealings with NPD, and the development and ownership of

26 intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

27

28

1 **RESPONSE TO REQUEST NO. 314:**

2     In addition to the general objections stated above which are incorporated

3 herein by reference, Mattel objects to this Request on the grounds that it is

4 overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 documents on this subject without limitation as to time, and regardless of whether

6 such documents relate to products or matters at issue in this case. Mattel further

7 objects to the Request on the grounds that it seeks documents that are not relevant to

8 this action or likely to lead to the discovery of admissible evidence. Mattel further

9 objects to this Request on the grounds that it seeks confidential, proprietary and

10 trade secret information that has no bearing on the claims or defenses in this case.

11 Mattel further objects to this Request on the grounds that it calls for the disclosure

12 of information subject to the attorney-client privilege, the attorney work product

13 doctrine and other applicable privileges.

14 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 314:**

15     In addition to the general objections stated above which are incorporated

16 herein by reference, Mattel objects to this Request on the grounds that it is

17 overbroad, unduly burdensome and unintelligible, including in that it seeks all

18 documents on this subject without limitation as to time, and regardless of whether

19 such documents relate to products or matters at issue in this case. Mattel further

20 objects to the Request on the grounds that it seeks documents that are not relevant to

21 this action or likely to lead to the discovery of admissible evidence. Mattel further

22 objects to this Request on the grounds that it seeks confidential, proprietary and

23 trade secret information, including such information that has no bearing on the

24 claims or defenses in this case. Mattel further objects to this Request on the ground

25 that it calls for the disclosure of information subject to the attorney-client privilege

26 the attorney work-product doctrine and other applicable privileges.

27     Subject to the foregoing objections, Mattel responds as follows: Mattel will

28 produce responsive, non-privileged documents relating to Conrad Nussbaum's

1 | knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
2 | Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
3 | has been able to locate after a diligent search and reasonable inquiry, to the extent
4 | not previously produced.

5 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
6 | **TO SHOULD BE COMPELLED**

7 | Mattel has improperly limited its agreement to produce documents in
8 | response to this request, subject to its improper boilerplate objections. Mattel has
9 | refused to confirm whether or not it has produced all non-privileged responsive
10 | documents or whether it is withholding documents based on its objections in Phase
11 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
12 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
13 | Generic objections that fail to explain the basis for an objection with specificity are
14 | routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
15 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
16 | 'overly burdensome and harassing' are improper – especially when a party fails to
17 | submit any evidentiary declarations supporting such objections"). Accordingly,
18 | Mattel must be compelled either to certify that it has produced all non-privileged
19 | responsive documents or to produce all such documents by a date certain.

20 | To the extent that Mattel is relying on its blanket objections, they are not
21 | sustainable and do not justify Mattel's failure to produce documents.

22 | As to overbreadth, Mattel provides no explanation, let alone the required
23 | particularity, as to why this request is supposedly overly broad, nor can it do so.
24 | This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
25 | (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
26 | contrary, the request is narrowly tailored to seek documents in Mattel's possession,
27 | custody, or control concerning Nussbaum's alleged knowledge of "Mattel's business
28 | operations, Mattel's dealings with NPD, and the development and ownership of

1   intellectual property at issue." This area of information is taken directly from

2   Mattel's allegations regarding Nussbaum in its initial disclosures. Rutowski Decl.

3   Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 13).

4       As to burden, Mattel has not attempted to demonstrate why responding to this

5   request and/or producing responsive documents presents any burden. This objection

6   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

7   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

8   unduly burdensome must allege specific facts which indicate the nature and extent

9   of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

10  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

11  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

12  secrets. MGA is entitled to discovery on this claim.

13      This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges. To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16      This request seeks relevant information. Mattel identified Nussbaum in its

17  initial disclosures an individual with discoverable knowledge regarding "Mattel's

18  business operations, Mattel's dealings with NPD, and the development and

19  ownership of intellectual property at issue." Rutowski Decl. Ex. 56 (Mattel's

20  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 13). Accordingly, Mattel's

21  initial disclosures demonstrate the relevance of this request. Further, this

22  information is relevant to, among other things, Mattel's trade secret defense, MGA's

23  claims of trade dress infringement, and MGA's unfair competition claim.

24      Mattel's objection that the request seeks confidential, proprietary, and trade

25  secret information should be disregarded. The parties have entered into a protective

26  order in this matter, which governs the handling of confidential business

27  information. Further, Mattel has put its confidential business information at issue in

28

1   this litigation, including but not limited to its trade secret misappropriation claim
2   Accordingly, it cannot resist discovery of confidential business information.

3       Finally, Mattel has improperly limited its agreement to produce to "the facts
4   at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
5   the individual is identified as being knowledgeable about certain topics in Mattel's
6   initial disclosures, Mattel's obligation to produce does not end with the facts that it
7   has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
8   information from the individual on the topics identified, regardless of whether it
9   supports the facts as alleged by Mattel, MGA, or any other party. See Order
10  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
11  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
12  MGA might be excluding documents that are responsive to the request based upon
13  its unilateral determination of what is 'relevant' or 'sufficient.'").

14      None of Mattel's improper objections are valid and Mattel is obligated to
15  produce all non-privileged responsive documents in its possession, custody, or
16  control.

17  **MATTEL'S RESPONSE:**

18      MGA's conclusory arguments also ignore that the Request is facially
19  overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
20  Civil Procedure do not permit MGA to use broad discovery requests untethered to
21  any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion
22  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
23  See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
24  Cir. 2004) ("District courts need not condone the use of discovery to engage in
25  'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to
26  Nussbaum's knowledge of extremely broad subjects—including "Mattel's business
27  operations." MGA makes no attempt to link this request with the claims and
28  defenses in this case. For example, Nussbaum may have knowledge of Mattel's

1    retirement plans, health benefits, OSHA compliance, sexual harassment policies, or
2    any number of subjects regarding business operations at Mattel which clearly fall
3    outside the narrow scope required by the Discovery Master. Because MGA has not
4    linked its broad request to any of the numerous and far-ranging allegations of unfair
5    competition set forth in its complaint, the Discovery Master should uphold Mattel's
6    overbreadth objection.

7        MGA complains that Mattel has limited its responses  regarding individuals in
8    Mattel's Initial Disclosures to information "as alleged in Mattel's initial
9    disclosures."  Mattel has produced all information as to these individuals that is
10   relevant or pertinent to this litigation.  There is nothing to compel.

11       Quite simply, there is nothing to compel.  Mattel has produced responsive,
12   non-privileged documents relating to Nussbaum's knowledge of the facts at issue in
13   this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
14   possession, custody or control, if any, that Mattel has been able to locate after a
15   diligent search. and reasonable inquiry.

16   **REQUEST FOR PRODUCTION NO. 315:**

17       All DOCUMENTS REFERRING OR RELATING TO Laura Ochoa's alleged
18   knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and
19   "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

20   **RESPONSE TO REQUEST NO. 315:**

21       In addition to the general objections stated above which are incorporated
22   herein by reference, Mattel objects to this Request on the grounds that it is
23   overbroad, unduly burdensome and unintelligible, including in that it seeks all
24   documents on this subject without limitation as to time, and regardless of whether
25   such documents relate to products or matters at issue in this case.  Mattel further
26   objects to the Request on the grounds that it seeks documents that are not relevant to
27   this action or likely to lead to the discovery of admissible evidence.  Mattel further
28   objects to this Request on the grounds that it seeks confidential, proprietary and

1 trade secret information that has no bearing on the claims or defenses in this case.
2 Mattel further objects to this Request on the grounds that it calls for the disclosure
3 of information subject to the attorney-client privilege, the attorney work product
4 doctrine and other applicable privileges.

5 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 315:**

6      In addition to the general objections stated above which are incorporated
7 herein by reference, Mattel objects to this Request on the grounds that it is
8 overbroad, unduly burdensome and unintelligible, including in that it seeks all
9 documents on this subject without limitation as to time, and regardless of whether
10 such documents relate to products or matters at issue in this case. Mattel further
11 objects to the Request on the grounds that it seeks documents that are not relevant to
12 this action or likely to lead to the discovery of admissible evidence. Mattel further
13 objects to this Request on the grounds that it calls for documents or information in
14 the possession, custody or control of MGA, including without limitation documents
15 and information that MGA has been compelled by Court orders to produce but has
16 not produced. Mattel further objects to this Request on the grounds that it seeks
17 confidential, proprietary and trade secret information, including such information
18 that has no bearing on the claims or defenses in this case. Mattel further objects to
19 this Request on the grounds that it calls for the disclosure of information subject to
20 the attorney-client privilege, the attorney work product doctrine and other applicable
21 privileges.

22      Subject to the foregoing objections, Mattel responds as follows: Mattel will
23 produce responsive, non-privileged documents relating to Laura Ochoa's knowledge
24 of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
25 in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
26 after a diligent search and reasonable inquiry, to the extent not previously produced.

27
28

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Ochoa's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA's business practices." This area of information is taken directly from Mattel's allegations regarding Ocho in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 13).

1    As to burden, Mattel has not attempted to demonstrate why responding to this

2  request and/or producing responsive documents presents any burden. This objection

3  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

4  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

5  unduly burdensome must allege specific facts which indicate the nature and extent

6  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

7  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

8  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

9  secrets. MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges. To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information. Mattel identified Ochoa in its initial

14  disclosures an individual with discoverable knowledge regarding "MGA's access to

15  Mattel's intellectual property and trade secrets" and "MGA business practices."

16  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

17  p. 13). Accordingly, Mattel's initial disclosures demonstrate the relevance o this

18  request. Further, this information is relevant to, among other things, Mattel's trade

19  secret defense, MGA's claims of trade dress infringement, and MGA's affirmative

20  defenses of statute of limitations and laches.

21    Mattel's objection that the request seeks information within MGA's

22  possession, custody or control is nonsensical and lacks factual support. Mattel

23  makes no argument, let alone a factual showing, that any documents in MGA's

24  possession are duplicative of documents within Mattel's control. MGA is entitled to

25  discovery from Mattel of documents within its possession, custody, or control that

26  relate to the subject of this suit. Mattel cannot avoid this obligation by making a

27  conclusory statement that MGA also possesses responsive documents.

28

1   Mattel's objection that the request seeks confidential, proprietary, and trade
2   secret information should be disregarded.  The parties have entered into a protective
3   order in this matter, which governs the handling of confidential business
4   information.  Further, Mattel has put its confidential business information at issue in
5   this litigation, including but not limited to its trade secret misappropriation claim
6   Accordingly, it cannot resist discovery of confidential business information.

7   Finally, Mattel has improperly limited its agreement to produce to "the facts
8   at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
9   the individual is identified as being knowledgeable about certain topics in Mattel's
10  initial disclosures, Mattel's obligation to produce does not end with the facts that it
11  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
12  information from the individual on the topics identified, regardless of whether it
13  supports the facts as alleged by Mattel, MGA, or any other party. <u>See</u> Order
14  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
15  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
16  MGA might be excluding documents that are responsive to the request based upon
17  its unilateral determination of what is 'relevant' or 'sufficient.'").

18  None of Mattel's improper objections are valid and Mattel is obligated to
19  produce all non-privileged responsive documents in its possession, custody, or
20  control.

21  **MATTEL'S RESPONSE:**

22  MGA ignores that (i) Mattel has produced its non-privileged, responsive
23  documents, as it agreed to do, and that (ii) most information sought by this request is
24  within MGA's possession, custody or control, and is equally if not more readily
25  available to MG  Ochoa is an employee of MGA.  MGA gives no reason why it
26  requests information from Mattel regarding its *own company* and its *own employee*,
27  other than to say that "this area of information is taken directly from Mattel's
28  allegations regarding Ochoa in its initial disclosures."  Indeed, it appears that MGA

1   merely cut and paste its request from Mattel's initial disclosures without
2   consideration as to what information Mattel may have that is already within MGA's
3   possession, custody or control.

4         MGA's conclusory arguments also ignore that the Request is facially
5   overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
6   Civil Procedure do not permit MGA to use broad discovery requests untethered to
7   any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
8   for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
9   See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
10  Cir. 2004) ("District courts need not condone the use of discovery to engage in
11  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
12  Ochoa's knowledge of extremely broad subjects—including ███████████████
13  ███████     MGA makes no attempt to link this request with the claims and defenses
14  in this case.  For example, Ochoa may have knowledge of MGA's retirement plans,
15  health benefits, OSHA compliance, sexual harassment policies, or any number of
16  subjects regarding business practices at MGA which clearly fall outside the narrow
17  scope required by the Discovery Master. Because MGA has not linked its broad
18  request to any of the numerous and far-ranging allegations of unfair competition set
19  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
20  objection.

21        The term "RELATING TO … alleged knowledge" as used in the request is
22  likewise overbroad.  The universe of documents that could "relate" to Ochoa's
23  knowledge are potentially without limit.  The request is not confined to documents
24  in Ochoa's possession or control; rather, all documents containing information that
25  Ochoa coincidentally knows about the subjects at issue are subsumed within this
26  request.

27        MGA complains that Mattel has limited its responses  regarding individuals in
28  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

1   disclosures." Mattel has produced all information as to these individuals that is
2   relevant or pertinent to this litigation. There is nothing to compel.

3       Quite simply, there is nothing to compel. Mattel has produced responsive,
4   non-privileged documents relating to Ochoa's knowledge of the facts at issue in this
5   litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
6   custody or control.

7   **REQUEST FOR PRODUCTION NO. 316:**

8       All DOCUMENTS REFERRING OR RELATING TO Victoria O'Connor's
9   alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or
10  for MGA during his Mattel employment, and MGA's efforts to conceal same,"
11  "MGA's access to Mattel's intellectual property and trade secrets," and "MGA
12  business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

13  **RESPONSE TO REQUEST NO. 316:**

14      In addition to the general objections stated above which are incorporated
15  herein by reference, Mattel objects to this Request on the grounds that it is
16  overbroad, unduly burdensome and unintelligible, including in that it seeks all
17  documents on this subject without limitation as to time, and regardless of whether
18  such documents relate to products or matters at issue in this case. Mattel further
19  objects to the Request on the grounds that it seeks documents that are not relevant to
20  this action or likely to lead to the discovery of admissible evidence. Mattel further
21  objects to this Request on the grounds that it seeks confidential, proprietary and
22  trade secret information that has no bearing on the claims or defenses in this case.
23  Mattel further objects to this Request on the grounds that it calls for the disclosure
24  of information subject to the attorney-client privilege, the attorney work product
25  doctrine and other applicable privileges.

26  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 316:**

27      In addition to the general objections stated above which are incorporated
28  herein by reference, Mattel objects to this Request on the grounds that it is

-698-

1  overbroad, unduly burdensome and unintelligible, including in that it seeks all

2  documents on this subject without limitation as to time, and regardless of whether

3  such documents relate to products or matters at issue in this case.  Mattel further

4  objects to the Request on the grounds that it seeks documents that are not relevant to

5  this action or likely to lead to the discovery of admissible evidence.  Mattel further

6  objects to this Request on the grounds that it calls for documents or information in

7  the possession, custody or control of MGA and/or Bryant, including without

8  limitation documents and information that MGA and Bryant have been compelled

9  by Court orders to produce but have not produced.  Mattel further object to this

10  Request on the grounds that it seeks confidential, proprietary and trade secret

11  information, including such information that has no bearing on the claims or

12  defenses in this case.  Mattel further objects to this Request on the grounds that it

13  calls for the disclosure of information subject to the attorney-client privilege, the

14  attorney work-product doctrine and other applicable privileges.

15       Subject to the foregoing objections, Mattel responds as follows: Mattel will

16  produce responsive, non-privileged documents relating to Victoria O'Connor's

17  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

18  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

19  has been able to locate after a diligent search and reasonable inquiry, to the extent

20  not previously produced.

21  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

22  **TO SHOULD BE COMPELLED**

23       Mattel has improperly limited its agreement to produce documents in

24  response to this request, subject to its improper boilerplate objections.  Mattel has

25  refused to confirm whether or not it has produced all non-privileged responsive

26  documents or whether it is withholding documents based on its objections in Phase

27  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

28  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)

1  Generic objections that fail to explain the basis for an objection with specificity are
2  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
3  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
4  'overly burdensome and harassing' are improper – especially when a party fails to
5  submit any evidentiary declarations supporting such objections"). Accordingly,
6  Mattel must be compelled either to certify that it has produced all non-privileged
7  responsive documents or to produce all such documents by a date certain.

8      To the extent that Mattel is relying on its blanket objections, they are not
9  sustainable and do not justify Mattel's failure to produce documents.

10     As to overbreadth, Mattel provides no explanation, let alone the required
11  particularity, as to why this request is supposedly overly broad, nor can it do so.
12  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
13  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
14  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
15  custody, or control concerning O'Connor's alleged knowledge of "[d]esign and
16  development of Bratz and Bryant' s work with or for MGA during his Mattel
17  employment, and MGA's efforts to conceal same," "MGA's access to Mattel's
18  intellectual property and trade secrets," and "MGA business practices." This area of
19  information is taken directly from Mattel's allegations regarding O'Connor in its
20  initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
21  Disclosures, dated Jan. 5, 2007, p. 13).

22     As to burden, Mattel has not attempted to demonstrate why responding to this
23  request and/or producing responsive documents presents any burden. This objection
24  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
25  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
26  unduly burdensome must allege specific facts which indicate the nature and extent
27  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
28  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

1  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
2  secrets. MGA is entitled to discovery on this claim.

3      This request does not seek documents protected by the attorney-client
4  privilege, the attorney work product doctrine, or other applicable privileges. To the
5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6      This request seeks relevant information. Mattel identified O'Connor in its
7  initial disclosures an individual with discoverable knowledge regarding "[d]esign
8  and development of Bratz and Bryant' s work with or for MGA during his Mattel
9  employment, and MGA's efforts to conceal same," "MGA's access to Mattel's
10  intellectual property and trade secrets," and "MGA business practices." Rutowski
11  Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 13).
12  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
13  Further, this information is relevant to, among other things, Mattel's trade secret
14  defense, MGA's claims of trade dress infringement, and MGA's affirmative defenses
15  of statute of limitations and laches.

16      Mattel's objection that the request seeks information within MGA's
17  possession, custody or control is nonsensical and lacks factual support. Mattel
18  makes no argument, let alone a factual showing, that any documents in MGA's
19  possession are duplicative of documents within Mattel's control. MGA is entitled to
20  discovery from Mattel of documents within its possession, custody, or control that
21  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
22  conclusory statement that MGA also possesses responsive documents.

23      Mattel's objection that the request seeks confidential, proprietary, and trade
24  secret information should be disregarded. The parties have entered into a protective
25  order in this matter, which governs the handling of confidential business
26  information. Further, Mattel has put its confidential business information at issue in
27  this litigation, including but not limited to its trade secret misappropriation claim
28  Accordingly, it cannot resist discovery of confidential business information.

1    Finally, Mattel has improperly limited its agreement to produce to "the facts
2 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
3 the individual is identified as being knowledgeable about certain topics in Mattel's
4 initial disclosures, Mattel's obligation to produce does not end with the facts that it
5 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
6 information from the individual on the topics identified, regardless of whether it
7 supports the facts as alleged by Mattel, MGA, or any other party. See Order
8 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10 MGA might be excluding documents that are responsive to the request based upon
11 its unilateral determination of what is 'relevant' or 'sufficient.'").

12    None of Mattel's improper objections are valid and Mattel is obligated to
13 produce all non-privileged responsive documents in its possession, custody, or
14 control.

15 **MATTEL'S RESPONSE:**

16    MGA's request is duplicative of previous requests for which Mattel has
17 produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
18 produce documents responsive to MGA's First Set of Requests for the Production of
19 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[145] Request Nos.
20 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
21 his work at Mattel and MGA and the design and development of Bratz. Request
22 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
23 or relating to BRYANT."[146] On September 11, 2007, Discovery Master Infante
24 granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and

25

26    [145] See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
27 Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
    [146] See MGA's First Set of Requests for the Production of Documents and
28 Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

1   260.[147]  Pursuant to this order, Mattel produced documents responsive to these

2   requests. Mattel has since confirmed that it has produced responsive, non-privileged

3   documents to these requests in its Third Supplemental Responses to MGA's First

4   Set of Requests for Production.[148]   There is nothing additional to compel and

5   MGA's motion is moot.

6        The term "RELATING TO … alleged knowledge" as used in the request is

7   likewise overbroad.  The universe of documents that could "relate" to O'Connor's

8   knowledge are potentially without limit.  The request is not confined to documents

9   in O'Connor's possession or control; rather, all documents containing information

10  that O'Connor coincidentally knows about the subjects at issue are subsumed within

11  this request.

12       MGA complains that Mattel has limited its responses  regarding individuals in

13  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

14  disclosures."  Mattel has produced all information as to these individuals that is

15  relevant or pertinent to this litigation.  There is nothing to compel.

16       Quite simply, there is nothing to compel.  Mattel has produced responsive,

17  non-privileged documents relating to O'Connor's knowledge of the facts at issue in

18  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

19  possession, custody or control.

20  **REQUEST FOR PRODUCTION NO. 317:**

21       All DOCUMENTS REFERRING OR RELATING TO Daniel Ray Owen's

22  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

23  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

24  DISCLOSURES.

25

26  [147]   See September 12, 2007 Order Granting in Part and Denying in Part MGA's
     Motion to Compel, at 7-10, Dart Decl., Exh. 9.
27  [148]   See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28  for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1 **RESPONSE TO REQUEST NO. 317:**

2       In addition to the general objections stated above which are incorporated
3 herein by reference, Mattel objects to this Request on the grounds that it is
4 overbroad, unduly burdensome and unintelligible, including in that it seeks all
5 documents on this subject without limitation as to time, and regardless of whether
6 such documents relate to products or matters at issue in this case. Mattel further
7 objects to the Request on the grounds that it seeks documents that are not relevant to
8 this action or likely to lead to the discovery of admissible evidence. Mattel further
9 objects to this Request on the grounds that it seeks confidential, proprietary and
10 trade secret information that has no bearing on the claims or defenses in this case.
11 Mattel further objects to this Request on the grounds that it calls for the disclosure
12 of information subject to the attorney-client privilege, the attorney work product
13 doctrine and other applicable privileges.

14 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 317:**

15       In addition to the general objections stated above which are incorporated
16 herein by reference, Mattel objects to this Request on the grounds that it is
17 overbroad, unduly burdensome and unintelligible, including in that it seeks all
18 documents on this subject without limitation as to time, and regardless of whether
19 such documents relate to products or matters at issue in this case. Mattel further
20 objects to the Request on the grounds that it seeks documents that are not relevant to
21 this action or likely to lead to the discovery of admissible evidence. Mattel further
22 objects to this Request on the grounds that it calls for documents or information in
23 the possession, custody or control of MGA, including without limitation documents
24 and information that MGA has been compelled by Court orders to produce but has
25 not produced. Mattel further objects to this Request on the grounds that it seeks
26 confidential, proprietary and trade secret information, including such information
27 that has no bearing on the claims or defenses in this case. Mattel further objects to
28 this Request on the grounds that it calls for the disclosure of information subject to

1 | the attorney-client privilege, the attorney work product doctrine and other applicable
2 | privileges.

3 |      Subject to the foregoing objections, Mattel responds as follows: Mattel will
4 | produce responsive, non-privileged documents relating to Daniel Ray Owen's
5 | knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
6 | Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
7 | has been able to locate after a diligent search and reasonable inquiry, to the extent
8 | not previously produced.

9 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
10 | **TO SHOULD BE COMPELLED**

11 |      Mattel has improperly limited its agreement to produce documents in
12 | response to this request, subject to its improper boilerplate objections.  Mattel has
13 | refused to confirm whether or not it has produced all non-privileged responsive
14 | documents or whether it is withholding documents based on its objections in Phase
15 | 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
16 | must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
17 | Generic objections that fail to explain the basis for an objection with specificity are
18 | routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
19 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
20 | 'overly burdensome and harassing' are improper – especially when a party fails to
21 | submit any evidentiary declarations supporting such objections").  Accordingly,
22 | Mattel must be compelled either to certify that it has produced all non-privileged
23 | responsive documents or to produce all such documents by a date certain.

24 |      To the extent that Mattel is relying on its blanket objections, they are not
25 | sustainable and do not justify Mattel's failure to produce documents.

26 |      As to overbreadth, Mattel provides no explanation, let alone the required
27 | particularity, as to why this request is supposedly overly broad, nor can it do so.
28 | This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)