1  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

3  custody, or control concerning Owen's alleged knowledge of "MGA's access to

4  Mattel's intellectual property and trade secrets" and "MGA's business practices."

5  This area of information is taken directly from Mattel's allegations regarding Owen

6  in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

7  Disclosures, dated Jan. 5, 2007, p. 14).

8      As to burden, Mattel has not attempted to demonstrate why responding to this

9  request and/or producing responsive documents presents any burden.  This objection

10  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

11  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

12  unduly burdensome must allege specific facts which indicate the nature and extent

13  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not

14  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

15  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade

16  secrets.  MGA is entitled to discovery on this claim.

17      This request does not seek documents protected by the attorney-client

18  privilege, the attorney work product doctrine, or other applicable privileges.  To the

19  extent that Mattel contends that it does, Mattel must provide a privilege log.

20      This request seeks relevant information.  Mattel identified Owen in its initial

21  disclosures an individual with discoverable knowledge regarding "MGA's access to

22  Mattel's intellectual property and trade secrets" and "MGA business practices."

23  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

24  p. 14).  Accordingly, Mattel's initial disclosures demonstrate the relevance o this

25  request.  Further, this information is relevant to, among other things, Mattel's trade

26  secret defense, MGA's claims of trade dress infringement, and MGA's affirmative

27  defenses of statute of limitations and laches.

28

1    Mattel's objection that the request seeks information within MGA's
2   possession, custody or control is nonsensical and lacks factual support. Mattel
3   makes no argument, let alone a factual showing, that any documents in MGA's
4   possession are duplicative of documents within Mattel's control. MGA is entitled to
5   discovery from Mattel of documents within its possession, custody, or control that
6   relate to the subject of this suit. Mattel cannot avoid this obligation by making a
7   conclusory statement that MGA also possesses responsive documents.

8    Mattel's objection that the request seeks confidential, proprietary, and trade
9   secret information should be disregarded. The parties have entered into a protective
10  order in this matter, which governs the handling of confidential business
11  information. Further, Mattel has put its confidential business information at issue in
12  this litigation, including but not limited to its trade secret misappropriation claim
13  Accordingly, it cannot resist discovery of confidential business information.

14   Finally, Mattel has improperly limited its agreement to produce to "the facts
15  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
16  the individual is identified as being knowledgeable about certain topics in Mattel's
17  initial disclosures, Mattel's obligation to produce does not end with the facts that it
18  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
19  information from the individual on the topics identified, regardless of whether it
20  supports the facts as alleged by Mattel, MGA, or any other party. See Order
21  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
22  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
23  MGA might be excluding documents that are responsive to the request based upon
24  its unilateral determination of what is 'relevant' or 'sufficient.'").

25   None of Mattel's improper objections are valid and Mattel is obligated to
26  produce all non-privileged responsive documents in its possession, custody, or
27  control.

28

1 | **MATTEL'S RESPONSE:**

2    MGA ignores that (i) Mattel has produced its non-privileged, responsive
3 documents, as it agreed to do, and that (ii) most information sought by this request is
4 within MGA's possession, custody or control, and is equally if not more readily
5 available to MG  Owen is an employee of MGA.  MGA gives no reason why it
6 requests information from Mattel regarding its *own company* and its *own employee*,
7 other than to say that "this area of information is taken directly from Mattel's
8 allegations regarding Owen in its initial disclosures."  Indeed, it appears that MGA
9 merely cut and paste its request from Mattel's initial disclosures without
10 consideration as to what information Mattel may have that is already within MGA's
11 possession, custody or control.

12    MGA's conclusory arguments also ignore that the Request is facially
13 overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
14 Civil Procedure do not permit MGA to use broad discovery requests untethered to
15 any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
16 for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
17 See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
18 Cir. 2004) ("District courts need not condone the use of discovery to engage in
19 'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
20 Owen's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮
21 ▮▮▮▮▮▮   MGA makes no attempt to link this request with the claims and defenses
22 in this case.  For example, Owen may have knowledge of MGA's retirement plans,
23 health benefits, OSHA compliance, sexual harassment policies, or any number of
24 subjects regarding business practices at MGA which clearly fall outside the narrow
25 scope required by the Discovery Master. Because MGA has not linked its broad
26 request to any of the numerous and far-ranging allegations of unfair competition set
27 forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
28 objection.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1   The term "RELATING TO ... alleged knowledge" as used in the request is
2   likewise overbroad.  The universe of documents that could "relate" to Owen's
3   knowledge are potentially without limit.  The request is not confined to documents
4   in Owen's possession or control; rather, all documents containing information that
5   Owen coincidentally knows about the subjects at issue are subsumed within this
6   request.

7   MGA complains that Mattel has limited its responses  regarding individuals in
8   Mattel's Initial Disclosures to information "as alleged in Mattel's initial
9   disclosures."  Mattel has produced all information as to these individuals that is
10   relevant or pertinent to this litigation.  There is nothing to compel.

11   Quite simply, there is nothing to compel.  Mattel has produced responsive,
12   non-privileged documents relating to Owen's knowledge of the facts at issue in this
13   litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
14   custody or control.

15   **REQUEST FOR PRODUCTION NO. 318:**

16   All DOCUMENTS REFERRING OR RELATING TO Amelia Ivy Arafiles
17   Palijo's alleged knowledge of "MGA's access to Mattel's intellectual property and
18   trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
19   DISCLOSURES.

20   **RESPONSE TO REQUEST NO. 318:**

21   In addition to the general objections stated above which are incorporated
22   herein by reference, Mattel objects to this Request on the grounds that it is
23   overbroad, unduly burdensome and unintelligible, including in that it seeks all
24   documents on this subject without limitation as to time, and regardless of whether
25   such documents relate to products or matters at issue in this case.  Mattel further
26   objects to the Request on the grounds that it seeks documents that are not relevant to
27   this action or likely to lead to the discovery of admissible evidence.  Mattel further
28   objects to this Request on the grounds that it seeks confidential, proprietary and

1    trade secret information that has no bearing on the claims or defenses in this case.
2    Mattel further objects to this Request on the grounds that it calls for the disclosure
3    of information subject to the attorney-client privilege, the attorney work product
4    doctrine and other applicable privileges.

5    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 318:**

6            In addition to the general objections stated above which are incorporated
7    herein by reference, Mattel objects to this Request on the grounds that it is
8    overbroad, unduly burdensome and unintelligible, including in that it seeks all
9    documents on this subject without limitation as to time, and regardless of whether
10   such documents relate to products or matters at issue in this case. Mattel further
11   objects to the Request on the grounds that it seeks documents that are not relevant to
12   this action or likely to lead to the discovery of admissible evidence. Mattel further
13   objects to this Request on the grounds that it calls for documents or information in
14   the possession, custody or control of MGA, including without limitation documents
15   and information that MGA has been compelled by Court orders to produce but has
16   not produced. Mattel further objects to this Request on the grounds that it seeks
17   confidential, proprietary and trade secret information, including such information
18   that has no bearing on the claims or defenses in this case. Mattel further objects to
19   this Request on the grounds that it calls for the disclosure of information subject to
20   the attorney-client privilege, the attorney work product doctrine and other applicable
21   privileges.

22           Subject to the foregoing objections, Mattel responds as follows: Mattel will
23   produce responsive, non-privileged documents relating to Amelia Ivy Arafiles
24   Palijo's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
25   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
26   has been able to locate after a diligent search and reasonable inquiry, to the extent
27   not previously produced.

28

1  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2  **TO SHOULD BE COMPELLED**

3       Mattel has improperly limited its agreement to produce documents in
4  response to this request, subject to its improper boilerplate objections. Mattel has
5  refused to confirm whether or not it has produced all non-privileged responsive
6  documents or whether it is withholding documents based on its objections in Phase
7  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
8  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
9  Generic objections that fail to explain the basis for an objection with specificity are
10 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
11 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
12 'overly burdensome and harassing' are improper – especially when a party fails to
13 submit any evidentiary declarations supporting such objections"). Accordingly,
14 Mattel must be compelled either to certify that it has produced all non-privileged
15 responsive documents or to produce all such documents by a date certain.

16      To the extent that Mattel is relying on its blanket objections, they are not
17 sustainable and do not justify Mattel's failure to produce documents.

18      As to overbreadth, Mattel provides no explanation, let alone the required
19 particularity, as to why this request is supposedly overly broad, nor can it do so.
20 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
21 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
22 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
23 custody, or control concerning Palijo's alleged knowledge of "MGA's access to
24 Mattel's intellectual property and trade secrets" and "MGA's business practices."
25 This area of information is taken directly from Mattel's allegations regarding Palijo
26 in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
27 Disclosures, dated Jan. 5, 2007, p. 14).

28

1   As to burden, Mattel has not attempted to demonstrate why responding to this
2   request and/or producing responsive documents presents any burden. This objection
3   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
4   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
5   unduly burdensome must allege specific facts which indicate the nature and extent
6   of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
7   unduly burdensome, as noted above, in that the request is narrowly tailored to seek
8   only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
9   secrets. MGA is entitled to discovery on this claim.

10   This request does not seek documents protected by the attorney-client
11   privilege, the attorney work product doctrine, or other applicable privileges. To the
12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13   This request seeks relevant information. Mattel identified Palij o in its initial
14   disclosures an individual with discoverable knowledge regarding "MGA's access to
15   Mattel's intellectual property and trade secrets" and "MGA business practices."
16   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
17   p. 14). Accordingly, Mattel's initial disclosures demonstrate the relevance o this
18   request. Further, this information is relevant to, among other things, Mattel's trade
19   secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
20   defenses of statute of limitations and laches.

21   Mattel's objection that the request seeks information within MGA's
22   possession, custody or control is nonsensical and lacks factual support. Mattel
23   makes no argument, let alone a factual showing, that any documents in MGA's
24   possession are duplicative of documents within Mattel's control. MGA is entitled to
25   discovery from Mattel of documents within its possession, custody, or control that
26   relate to the subject of this suit. Mattel cannot avoid this obligation by making a
27   conclusory statement that MGA also possesses responsive documents.

28

1      Mattel's objection that the request seeks confidential, proprietary, and trade
2 secret information should be disregarded. The parties have entered into a protective
3 order in this matter, which governs the handling of confidential business
4 information. Further, Mattel has put its confidential business information at issue in
5 this litigation, including but not limited to its trade secret misappropriation claim
6 Accordingly, it cannot resist discovery of confidential business information.

7      Finally, Mattel has improperly limited its agreement to produce to "the facts
8 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
9 the individual is identified as being knowledgeable about certain topics in Mattel's
10 initial disclosures, Mattel's obligation to produce does not end with the facts that it
11 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
12 information from the individual on the topics identified, regardless of whether it
13 supports the facts as alleged by Mattel, MGA, or any other party. <u>See</u> Order
14 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
15 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
16 MGA might be excluding documents that are responsive to the request based upon
17 its unilateral determination of what is 'relevant' or 'sufficient.'").

18      None of Mattel's improper objections are valid and Mattel is obligated to
19 produce all non-privileged responsive documents in its possession, custody, or
20 control.

21 **MATTEL'S RESPONSE:**

22      MGA ignores that (i) Mattel has produced its non-privileged, responsive
23 documents, as it agreed to do, and that (ii) most information sought by this request is
24 within MGA's possession, custody or control, and is equally if not more readily
25 available to MG Palijo is an employee of MGA. MGA gives no reason why it
26 requests information from Mattel regarding its *own company* and its *own employee*,
27 other than to say that "this area of information is taken directly from Mattel's
28 allegations regarding Palijo in its initial disclosures." Indeed, it appears that MGA

1  merely cut and paste its request from Mattel's initial disclosures without

2  consideration as to what information Mattel may have that is already within MGA's

3  possession, custody or control.

4       MGA's conclusory arguments also ignore that the Request is facially

5  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of

6  Civil Procedure do not permit MGA to use broad discovery requests untethered to

7  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion

8  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

9  See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

10  Cir. 2004) ("District courts need not condone the use of discovery to engage in

11  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to

12  Palijo's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮▮▮▮

13  ▮▮▮▮▮  MGA makes no attempt to link this request with the claims and defenses

14  in this case.  For example, Palijo may have knowledge of MGA's retirement plans,

15  health benefits, OSHA compliance, sexual harassment policies, or any number of

16  subjects regarding business practices at MGA which clearly fall outside the narrow

17  scope required by the Discovery Master. Because MGA has not linked its broad

18  request to any of the numerous and far-ranging allegations of unfair competition set

19  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth

20  objection.

21       The term "RELATING TO … alleged knowledge" as used in the request is

22  likewise overbroad.  The universe of documents that could "relate" to Palijo's

23  knowledge are potentially without limit.  The request is not confined to documents

24  in Palijo's possession or control; rather, all documents containing information that

25  Palijo coincidentally knows about the subjects at issue are subsumed within this

26  request.

27       MGA complains that Mattel has limited its responses  regarding individuals in

28  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

1 disclosures." Mattel has produced all information as to these individuals that is
2 relevant or pertinent to this litigation. There is nothing to compel.

3      Quite simply, there is nothing to compel. Mattel has produced responsive,
4 non-privileged documents relating to Palijo's knowledge of the facts at issue in this
5 litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
6 custody or control.

7 **REQUEST FOR PRODUCTION NO. 319:**

8      All DOCUMENTS REFERRING OR RELATING TO Karla
9 Papayanopulos's alleged knowledge of "MGA's theft of Mattel's intellectual
10 property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

11 **RESPONSE TO REQUEST NO. 319:**

12      In addition to the general objections stated above which are incorporated
13 herein by reference, Mattel objects to this Request on the grounds that it is
14 overbroad, unduly burdensome and unintelligible, including in that it seeks all
15 documents on this subject without limitation as to time, and regardless of whether
16 such documents relate to products or matters at issue in this case. Mattel further
17 objects to the Request on the grounds that it seeks documents that are not relevant to
18 this action or likely to lead to the discovery of admissible evidence. Mattel further
19 objects to this Request on the grounds that it seeks confidential, proprietary and
20 trade secret information that has no bearing on the claims or defenses in this case.
21 Mattel further objects to this Request on the grounds that it calls for the disclosure
22 of information subject to the attorney-client privilege, the attorney work product
23 doctrine and other applicable privileges.

24 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 319:**

25      In addition to the general objections stated above which are Incorporated
26 herein by reference, Mattel objects to this Request on the grounds that it is
27 overbroad, unduly burdensome and unintelligible, including in that it seeks all
28 documents on this subject without limitation as to time, and regardless of whether

1  such documents relate to products or matters at issue in this case.  Mattel further
2  objects to the Request on the grounds that it seeks documents that are not relevant to
3  this action or likely to lead to the discovery of admissible evidence.  Mattel further
4  objects to this Request on the grounds that it seeks confidential, proprietary and
5  trade secret information, including such information that has no bearing on the
6  claims or defenses in this case.  Mattel further objects to this Request on the ground
7  that it calls for the disclosure of information subject to the attorney-client privilege
8  the attorney work-product doctrine and other applicable privileges.

9      Subject to the foregoing objections, Mattel responds as follows: Mattel will
10  produce responsive, non-privileged documents relating to Karla Papayanopulos's
11  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
12  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
13  has been able to locate after a diligent search and reasonable inquiry, to the extent
14  not previously produced.

15  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
16  **TO SHOULD BE COMPELLED**

17      Mattel has improperly limited its agreement to produce documents in
18  response to this request, subject to its improper boilerplate objections.  Mattel has
19  refused to confirm whether or not it has produced all non-privileged responsive
20  documents or whether it is withholding documents based on its objections in Phase
21  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
22  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).
23  Generic objections that fail to explain the basis for an objection with specificity are
24  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
25  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
26  'overly burdensome and harassing' are improper – especially when a party fails to
27  submit any evidentiary declarations supporting such objections").  Accordingly,
28

1    Mattel must be compelled either to certify that it has produced all non-privileged
2    responsive documents or to produce all such documents by a date certain.

3         To the extent that Mattel is relying on its blanket objections, they are not
4    sustainable and do not justify Mattel's failure to produce documents.

5         As to overbreadth, Mattel provides no explanation, let alone the required
6    particularity, as to why this request is supposedly overly broad, nor can it do so.
7    This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
8    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9    contrary, the request is narrowly tailored to seek documents in Mattel's possession,
10   custody, or control concerning Papayanopulos's alleged knowledge of "MGA's theft
11   of Mattel's intellectual property and trade secrets." This area of information i taken
12   directly from Mattel's allegations regarding Papayanopulos in its initial disclosures.
13   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
14   p. 14).

15        As to burden, Mattel has not attempted to demonstrate why responding to this
16   request and/or producing responsive documents presents any burden. This objection
17   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
18   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
19   unduly burdensome must allege specific facts which indicate the nature and extent
20   of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
21   unduly burdensome, as noted above, in that the request is narrowly tailored to seek
22   only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
23   secrets. MGA is entitled to discovery on this claim.

24        This request does not seek documents protected by the attorney-client
25   privilege, the attorney work product doctrine, or other applicable privileges. To the
26   extent that Mattel contends that it does, Mattel must provide a privilege log.

27        This request seeks relevant information. Mattel identified Papayanopulos in
28   its initial disclosures an individual with discoverable knowledge regarding "MGA'

1  theft of Mattel's intellectual property and trade secrets" and "MGA business

2  practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

3  Jan. 5, 2007, p. 14).  Accordingly, Mattel's initial disclosures demonstrate the

4  relevance of this request.  Further, this information is relevant to, among other

5  things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and

6  MGA's affirmative defenses of statute of limitations and laches.

7      Mattel's objection that the request seeks confidential, proprietary, and trade

8  secret information should be disregarded.  The parties have entered into a protective

9  order in this matter, which governs the handling of confidential business

10  information.  Further, Mattel has put its confidential business information at issue in

11  this litigation, including but not limited to its trade secret misappropriation claim

12  Accordingly, it cannot resist discovery of confidential business information.

13      Finally, Mattel has improperly limited its agreement to produce to "the facts

14  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

15  the individual is identified as being knowledgeable about certain topics in Mattel's

16  initial disclosures, Mattel's obligation to produce does not end with the facts that it

17  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

18  information from the individual on the topics identified, regardless of whether it

19  supports the facts as alleged by Mattel, MGA, or any other party.  See Order

20  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

21  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

22  MGA might be excluding documents that are responsive to the request based upon

23  its unilateral determination of what is 'relevant' or 'sufficient.'").

24      None of Mattel's improper objections are valid and Mattel is obligated to

25  produce all non-privileged responsive documents in its possession, custody, or

26  control.

27

28

1 | **MATTEL'S RESPONSE:**

2 |     The term "RELATING TO ... alleged knowledge" as used in the request is
3 | overbroad.  The universe of documents that could "relate" to Papayanopulos's
4 | knowledge are potentially without limit.  The request is not confined to documents
5 | in Papayanopulos's possession or control; rather, all documents containing
6 | information that Papayanopulos coincidentally knows about the subjects at issue are
7 | subsumed within this request.

8 |     MGA complains that Mattel has limited its responses  regarding individuals in
9 | Mattel's Initial Disclosures to information "as alleged in Mattel's initial
10 | disclosures."  Mattel has produced all information as to these individuals that is
11 | relevant or pertinent to this litigation.  There is nothing to compel.

12 |     Quite simply, there is nothing to compel.  Mattel has produced responsive,
13 | non-privileged documents relating to Papayanopulos's knowledge of the facts at
14 | issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
15 | possession, custody or control.

16 | **REQUEST FOR PRODUCTION NO. 320:**

17 |     All DOCUMENTS in Karla Papayanopulos's possession or control
18 | REFERRING OR RELATING TO her alleged knowledge of "MGA's theft of
19 | Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIA
20 | DISCLOSURES.

21 | **RESPONSE TO REQUEST NO. 320:**

22 |     In addition to the general objections stated above which are incorporated
23 | herein by reference, Mattel objects to this Request on the grounds that it is
24 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
25 | documents on this subject without limitation as to time, and regardless of whether
26 | such documents relate to products or matters at issue in this case.  Mattel further
27 | objects to the Request on the grounds that it seeks documents that are not relevant to
28 | this action or likely to lead to the discovery of admissible evidence.  Mattel further

objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 320:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the ground that it calls for the disclosure of information subject to the attorney-client privilege the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Karla Papayanopulos's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has

-720-

1  refused to confirm whether or not it has produced all non-privileged responsive

2  documents or whether it is withholding documents based on its objections in Phase

3  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

4  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

5  Generic objections that fail to explain the basis for an objection with specificity are

6  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

7  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

8  'overly burdensome and harassing' are improper – especially when a party fails to

9  submit any evidentiary declarations supporting such objections"). Accordingly,

10 Mattel must be compelled either to certify that it has produced all non-privileged

11 responsive documents or to produce all such documents by a date certain.

12        To the extent that Mattel is relying on its blanket objections, they are not

13 sustainable and do not justify Mattel's failure to produce documents.

14        As to overbreadth, Mattel provides no explanation, let alone the required

15 particularity, as to why this request is supposedly overly broad, nor can it do so.

16 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

17 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

18 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

19 custody, or control concerning Papayanopulos's alleged knowledge of "MGA's theft

20 of Mattel's intellectual property and trade secrets." This area of information i taken

21 directly from Mattel's allegations regarding Papayanopulos in its initial disclosures.

22 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

23 p. 14).

24        As to burden, Mattel has not attempted to demonstrate why responding to this

25 request and/or producing responsive documents presents any burden. This objection

26 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

27 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

28 unduly burdensome must allege specific facts which indicate the nature and extent

1 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
2 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
3 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
4 secrets. MGA is entitled to discovery on this claim.

5 This request does not seek documents protected by the attorney-client
6 privilege, the attorney work product doctrine, or other applicable privileges. To the
7 extent that Mattel contends that it does, Mattel must provide a privilege log.

8 This request seeks relevant information. Mattel identified Papayanopulos in
9 its initial disclosures an individual with discoverable knowledge regarding "MGA'
10 theft of Mattel's intellectual property and trade secrets" and "MGA business
11 practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
12 Jan. 5, 2007, p. 14). Accordingly, Mattel's initial disclosures demonstrate the
13 relevance of this request. Further, this information is relevant to, among other
14 things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
15 MGA's affirmative defenses of statute of limitations and laches.

16 Mattel's objection that the request seeks confidential, proprietary, and trade
17 secret information should be disregarded. The parties have entered into a protective
18 order in this matter, which governs the handling of confidential business
19 information. Further, Mattel has put its confidential business information at issue in
20 this litigation, including but not limited to its trade secret misappropriation claim
21 Accordingly, it cannot resist discovery of confidential business information.

22 Finally, Mattel has improperly limited its agreement to produce to "the facts
23 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
24 the individual is identified as being knowledgeable about certain topics in Mattel's
25 initial disclosures, Mattel's obligation to produce does not end with the facts that it
26 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
27 information from the individual on the topics identified, regardless of whether it
28 supports the facts as alleged by Mattel, MGA, or any other party. See Order

-722-

1   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

2   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

3   MGA might be excluding documents that are responsive to the request based upon

4   its unilateral determination of what is 'relevant' or 'sufficient.'").

5        None of Mattel's improper objections are valid and Mattel is obligated to

6   produce all non-privileged responsive documents in its possession, custody, or

7   control.

8   **MATTEL'S RESPONSE:**

9        MGA complains that Mattel has limited its responses regarding individuals in

10   Mattel's Initial Disclosures to information "as alleged in Mattel's initial

11   disclosures." Mattel has produced all information as to these individuals that is

12   relevant or pertinent to this litigation. There is nothing to compel.

13        Quite simply, there is nothing to compel. Mattel has produced responsive,

14   non-privileged documents relating to Papayanopulos's knowledge of the facts at

15   issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

16   possession, custody or control.

17   **REQUEST FOR PRODUCTION NO. 321:**

18        All DOCUMENTS in Mattel de Mexico, S.A. de C.V.'s possession or control

19   REFERRING OR RELATING TO Karla Papayanopulos's alleged knowledge of

20   "MGA's theft of Mattel's intellectual property and trade secrets," as alleged in

21   MATTEL'S INITIAL DISCLOSURES.

22   **RESPONSE TO REQUEST NO. 321:**

23        In addition to the general objections stated above which are incorporated

24   herein by reference, Mattel objects to this Request on the grounds that it is

25   overbroad, unduly burdensome and unintelligible, including in that it seeks all

26   documents on this subject without limitation as to time, and regardless of whether

27   such documents relate to products or matters at issue in this case. Mattel further

28   objects to the Request on the grounds that it seeks documents that are not relevant to

1   this action or likely to lead to the discovery of admissible evidence.  Mattel further

2   objects to this Request on the grounds that it seeks confidential, proprietary and

3   trade secret information that has no bearing on the claims or defenses in this case.

4   Mattel further objects to this Request on the grounds that it calls for the disclosure

5   of information subject to the attorney-client privilege, the attorney work product

6   doctrine and other applicable privileges.

7   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 321:**

8          In addition to the general objections stated above which are incorporated

9   herein by reference, Mattel objects to this Request on the grounds that it is

10  overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products or matters at issue in this case.  Mattel further

13  objects to the Request on the grounds that it seeks documents that are not relevant to

14  this action or likely to lead to the discovery of admissible evidence.  Mattel further

15  objects to this Request on the grounds that it seeks confidential, proprietary and

16  trade secret information, including such information that has no bearing on the

17  claims or defenses in this case.  Mattel further objects to this Request on the ground

18  that it seeks documents that are not in the possession of Mattel, and any production

19  by Mattel pursuant to this Request is solely to facilitate discovery and does not

20  constitute a concession that Mattel de Mexico, S.A. de C.V. is under the control of

21  Mattel.  Mattel further objects to this Request on the grounds that it calls for the

22  disclosure of information subject to the attorney-client privilege, the attorney work

23  product doctrine and other applicable privileges.

24         Subject to the foregoing objections, Mattel responds as follows: Mattel will

25  produce responsive, non-privileged documents relating to Karla Papayanopulos's

26  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

27  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET THREE)

1   has been able to locate after a diligent search and reasonable inquiry, to the extent

2   not previously produced.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

5   Mattel has improperly limited its agreement to produce documents in

6   response to this request, subject to its improper boilerplate objections.  Mattel has

7   refused to confirm whether or not it has produced all non-privileged responsive

8   documents or whether it is withholding documents based on its objections in Phase

9   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

10   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

11   Generic objections that fail to explain the basis for an objection with specificity are

12   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

13   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

14   'overly burdensome and harassing' are improper – especially when a party fails to

15   submit any evidentiary declarations supporting such objections").  Accordingly,

16   Mattel must be compelled either to certify that it has produced all non-privileged

17   responsive documents or to produce all such documents by a date certain.

18   To the extent that Mattel is relying on its blanket objections, they are not

19   sustainable and do not justify Mattel's failure to produce documents.

20   As to overbreadth, Mattel provides no explanation, let alone the required

21   particularity, as to why this request is supposedly overly broad, nor can it do so.

22   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

23   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

24   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

25   custody, or control concerning Papayanopulos's alleged knowledge of "MGA's theft

26   of Mattel's intellectual property and trade secrets."  This area of information i taken

27   directly from Mattel's allegations regarding Papayanopulos in its initial disclosures.

28

1   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
2   p. 14).

3       As to burden, Mattel has not attempted to demonstrate why responding to this
4   request and/or producing responsive documents presents any burden. This objection
5   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
6   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7   unduly burdensome must allege specific facts which indicate the nature and extent
8   of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
9   unduly burdensome, as noted above, in that the request is narrowly tailored to seek
10  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
11  secrets. MGA is entitled to discovery on this claim.

12      This request does not seek documents protected by the attorney-client
13  privilege, the attorney work product doctrine, or other applicable privileges. To the
14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      This request seeks relevant information. Mattel identified Papayanopulos in
16  its initial disclosures an individual with discoverable knowledge regarding "MGA'
17  theft of Mattel's intellectual property and trade secrets" and "MGA business
18  practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
19  Jan. 5, 2007, p. 14). Accordingly, Mattel's initial disclosures demonstrate the
20  relevance of this request. Further, this information is relevant to, among other
21  things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
22  MGA's affirmative defenses of statute of limitations and laches.

23      Mattel's objection that the request seeks confidential, proprietary, and trade
24  secret information should be disregarded. The parties have entered into a protective
25  order in this matter, which governs the handling of confidential business
26  information. Further, Mattel has put its confidential business information at issue in
27  this litigation, including but not limited to its trade secret misappropriation claim
28  Accordingly, it cannot resist discovery of confidential business information.

1    Finally, Mattel has improperly limited its agreement to produce to "the facts
2    at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
3    the individual is identified as being knowledgeable about certain topics in Mattel's
4    initial disclosures, Mattel's obligation to produce does not end with the facts that it
5    has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
6    information from the individual on the topics identified, regardless of whether it
7    supports the facts as alleged by Mattel, MGA, or any other party. See Order
8    Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9    Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10   MGA might be excluding documents that are responsive to the request based upon
11   its unilateral determination of what is 'relevant' or 'sufficient.'").

12   None of Mattel's improper objections are valid and Mattel is obligated to
13   produce all non-privileged responsive documents in its possession, custody, or
14   control.

15   **MATTEL'S RESPONSE:**

16   MGA complains that Mattel has limited its responses  regarding individuals in
17   Mattel's Initial Disclosures to information "as alleged in Mattel's initial
18   disclosures." Mattel has produced all information as to these individuals that is
19   relevant or pertinent to this litigation. There is nothing to compel.

20   Quite simply, there is nothing to compel. Mattel has produced responsive,
21   non-privileged documents relating to Papayanopulos's knowledge of the facts at
22   issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
23   possession, custody or control.

24   **REQUEST FOR PRODUCTION NO. 322:**

25   All DOCUMENTS REFERRING OR RELATING TO Cassidy Park's alleged
26   knowledge of "Carter Bryant's breach of obligations to Mattel," as alleged in
27   MATTEL'S INITIAL DISCLOSURES.

28

1 | **RESPONSE TO REQUEST NO. 322:**

2 |      In addition to the general objections stated above which are incorporated
3 | herein by reference, Mattel objects to this Request on the grounds that it is
4 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
5 | documents on this subject without limitation as to time, and regardless of whether
6 | such documents relate to products or matters at issue in this case.  Mattel further
7 | objects to the Request on the grounds that it seeks documents that are not relevant to
8 | this action or likely to lead to the discovery of admissible evidence.  Mattel further
9 | objects to this Request on the grounds that it seeks confidential, proprietary and
10 | trade secret information that has no bearing on the claims or defenses in this case.
11 | Mattel further objects to this Request on the grounds that it calls for the disclosure
12 | of information subject to the attorney-client privilege, the attorney work product
13 | doctrine and other applicable privileges.

14 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 322:**

15 |      In addition to the general objections stated above which are incorporated
16 | herein by reference, Mattel objects to this Request on the grounds that it is
17 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
18 | documents on this subject without limitation as to time, and regardless of whether
19 | such documents relate to products or matters at issue in this case.  Mattel further
20 | objects to the Request on the grounds that it seeks documents that are not relevant to
21 | this action or likely to lead to the discovery of admissible evidence.  Mattel further
22 | objects to this Request on the grounds that it seeks confidential, proprietary and
23 | trade secret information, including such information that has no bearing on the
24 | claims or defenses in this case.  Mattel further objects to this Request on the ground
25 | that it calls for the disclosure of information subject to the attorney-client privilege
26 | the attorney work-product doctrine and other applicable privileges.

27 |      Subject to the foregoing objections, Mattel responds as follows: Mattel will
28 | produce responsive, non-privileged documents relating to Cassidy Park's knowledge

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET THREE)

1 | of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

2 | in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

3 | after a diligent search and reasonable inquiry, to the extent not previously produced.

4 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

5 | **TO SHOULD BE COMPELLED**

6 |       Mattel has improperly limited its agreement to produce documents in

7 | response to this request, subject to its improper boilerplate objections. Mattel has

8 | refused to confirm whether or not it has produced all non-privileged responsive

9 | documents or whether it is withholding documents based on its objections in Phase

10 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

11 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

12 | Generic objections that fail to explain the basis for an objection with specificity are

13 | routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

14 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

15 | 'overly burdensome and harassing' are improper – especially when a party fails to

16 | submit any evidentiary declarations supporting such objections"). Accordingly,

17 | Mattel must be compelled either to certify that it has produced all non-privileged

18 | responsive documents or to produce all such documents by a date certain.

19 |       To the extent that Mattel is relying on its blanket objections, they are not

20 | sustainable and do not justify Mattel's failure to produce documents.

21 |       As to overbreadth, Mattel provides no explanation, let alone the required

22 | particularity, as to why this request is supposedly overly broad, nor can it do so.

23 | This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

24 | (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

25 | contrary, the request is narrowly tailored to seek documents in Mattel's possession,

26 | custody, or control concerning Park's alleged knowledge of "Carter Bryant's breac of

27 | obligations to Mattel." This area of information is taken directly from Mattel's

28 |

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  allegations regarding Park in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's
2  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 14).

3  As to burden, Mattel has not attempted to demonstrate why responding to this
4  request and/or producing responsive documents presents any burden. This objection
5  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
6  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7  unduly burdensome must allege specific facts which indicate the nature and extent
8  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
9  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
10 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
11 secrets. MGA is entitled to discovery on this claim.

12 This request does not seek documents protected by the attorney-client
13 privilege, the attorney work product doctrine, or other applicable privileges. To the
14 extent that Mattel contends that it does, Mattel must provide a privilege log.

15 This request seeks relevant information. Mattel identified Park in its initial
16 disclosures an individual with discoverable knowledge regarding "Carter Bryant's
17 breach of obligations to Mattel." Rutowski Decl. Ex. 56 (Mattel's Consolidated
18 Initial Disclosures, dated Jan. 5, 2007, p. 14). Accordingly, Mattel's initial
19 disclosures demonstrate the relevance of this request. Further, this information is
20 relevant to, among other things, Mattel's trade secret defense and MGA's affirmative
21 defenses of statute of limitations and laches.

22 Mattel's objection that the request seeks confidential, proprietary, and trade
23 secret information should be disregarded. The parties have entered into a protective
24 order in this matter, which governs the handling of confidential business
25 information. Further, Mattel has put its confidential business information at issue in
26 this litigation, including but not limited to its trade secret misappropriation claim
27 Accordingly, it cannot resist discovery of confidential business information.

28

1    Finally, Mattel has improperly limited its agreement to produce to "the facts
2 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
3 the individual is identified as being knowledgeable about certain topics in Mattel's
4 initial disclosures, Mattel's obligation to produce does not end with the facts that it
5 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
6 information from the individual on the topics identified, regardless of whether it
7 supports the facts as alleged by Mattel, MGA, or any other party. See Order
8 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10 MGA might be excluding documents that are responsive to the request based upon
11 its unilateral determination of what is 'relevant' or 'sufficient.'").

12    None of Mattel's improper objections are valid and Mattel is obligated to
13 produce all non-privileged responsive documents in its possession, custody, or
14 control.

15 **MATTEL'S RESPONSE:**

16    MGA's request is duplicative of previous requests for which Mattel has
17 produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
18 produce documents responsive to MGA's First Set of Requests for the Production of
19 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[149] Request Nos.
20 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
21 his work at Mattel and MGA and the design and development of Bratz. Request
22 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
23 or relating to BRYANT."[150] On September 11, 2007, Discovery Master Infante
24 granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
25

26    [149]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
27 Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
   [150]  See MGA's First Set of Requests for the Production of Documents and
28 Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

1  260.[151]  Pursuant to this order, Mattel produced documents responsive to these

2  requests. Mattel has since confirmed that it has produced responsive, non-privileged

3  documents to these requests in its Third Supplemental Responses to MGA's First

4  Set of Requests for Production.[152]   There is nothing additional to compel and

5  MGA's motion is moot.

6       The term "RELATING TO ... alleged knowledge" as used in the request is

7  likewise overbroad.  The universe of documents that could "relate" to Park's

8  knowledge are potentially without limit.  The request is not confined to documents

9  in Park's possession or control; rather, all documents containing information that

10 Park coincidentally knows about the subjects at issue are subsumed within this

11 request.

12      MGA complains that Mattel has limited its responses  regarding individuals in

13 Mattel's Initial Disclosures to information "as alleged in Mattel's initial

14 disclosures."  Mattel has produced all information as to these individuals that is

15 relevant or pertinent to this litigation.  There is nothing to compel.

16      Quite simply, there is nothing to compel.  Mattel has produced responsive,

17 non-privileged documents relating to Park's knowledge of the facts at issue in this

18 litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

19 custody or control.

20 **REQUEST FOR PRODUCTION NO. 323:**

21      All DOCUMENTS in Cassidy Park's possession or control REFERRING OR

22 RELATING TO his alleged knowledge of "Carter Bryant's breach of obligations to

23 Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

24

25

26   [151]   See September 12, 2007 Order Granting in Part and Denying in Part MGA's
27 Motion to Compel, at 7-10, Dart Decl., Exh. 9.
     [152]   See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28 for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1 **RESPONSE TO REQUEST NO. 323:**

2        In addition to the general objections stated above which are incorporated
3 herein by reference, Mattel objects to this Request on the grounds that it is
4 overbroad, unduly burdensome and unintelligible, including in that it seeks all
5 documents on this subject without limitation as to time, and regardless of whether
6 such documents relate to products or matters at issue in this case. Mattel further
7 objects to the Request on the grounds that it seeks documents that are not relevant to
8 this action or likely to lead to the discovery of admissible evidence. Mattel further
9 objects to this Request on the grounds that it seeks confidential, proprietary and
10 trade secret information that has no bearing on the claims or defenses in this case.
11 Mattel further objects to this Request on the grounds that it calls for the disclosure
12 of information subject to the attorney-client privilege, the attorney work product
13 doctrine and other applicable privileges.

14 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 323:**

15        In addition to the general objections stated above which are incorporated
16 herein by reference, Mattel objects to this Request on the grounds that it is
17 overbroad, unduly burdensome and unintelligible, including in that it seeks all
18 documents on this subject without limitation as to time, and regardless of whether
19 such documents relate to products or matters at issue in this case. Mattel further
20 objects to the Request on the grounds that it seeks documents that are not relevant to
21 this action or likely to lead to the discovery of admissible evidence. Mattel further
22 objects to this Request on the grounds that it seeks confidential, proprietary and
23 trade secret information, including such information that has no bearing on the
24 claims or defenses in this case. Mattel further objects to this Request on the ground
25 that it calls for the disclosure of information subject to the attorney-client privilege
26 the attorney work-product doctrine and other applicable privileges.

27        Subject to the foregoing objections, Mattel responds as follows: Mattel will
28 produce responsive, non-privileged documents relating to Cassidy Park's knowledge

-733

1 │ of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
2 │ in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
3 │ after a diligent search and reasonable inquiry, to the extent not previously produced.

4 │ **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
5 │ **TO SHOULD BE COMPELLED**

6 │      Mattel has improperly limited its agreement to produce documents in
7 │ response to this request, subject to its improper boilerplate objections. Mattel has
8 │ refused to confirm whether or not it has produced all non-privileged responsive
9 │ documents or whether it is withholding documents based on its objections in Phase
10 │ 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
11 │ must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
12 │ Generic objections that fail to explain the basis for an objection with specificity are
13 │ routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
14 │ 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
15 │ 'overly burdensome and harassing' are improper – especially when a party fails to
16 │ submit any evidentiary declarations supporting such objections"). Accordingly,
17 │ Mattel must be compelled either to certify that it has produced all non-privileged
18 │ responsive documents or to produce all such documents by a date certain.

19 │      To the extent that Mattel is relying on its blanket objections, they are not
20 │ sustainable and do not justify Mattel's failure to produce documents.

21 │      As to overbreadth, Mattel provides no explanation, let alone the required
22 │ particularity, as to why this request is supposedly overly broad, nor can it do so.
23 │ This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
24 │ (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
25 │ contrary, the request is narrowly tailored to seek documents in Mattel's possession,
26 │ custody, or control concerning Park's alleged knowledge of "Carter Bryant's breac of
27 │ obligations to Mattel." This area of information is taken directly from Mattel's
28 │

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET THREE)

1  allegations regarding Park in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's

2  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 14).

3  As to burden, Mattel has not attempted to demonstrate why responding to this

4  request and/or producing responsive documents presents any burden.  This objection

5  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

6  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

7  unduly burdensome must allege specific facts which indicate the nature and extent

8  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not

9  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

10  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade

11  secrets.  MGA is entitled to discovery on this claim.

12  This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15  This request seeks relevant information.  Mattel identified Park in its initial

16  disclosures an individual with discoverable knowledge regarding "Carter Bryant's

17  breach of obligations to Mattel."  Rutowski Decl. Ex. 56 (Mattel's Consolidated

18  Initial Disclosures, dated Jan. 5, 2007, p. 14).  Accordingly, Mattel's initial

19  disclosures demonstrate the relevance of this request.  Further, this information is

20  relevant to, among other things, Mattel's trade secret defense and MGA's affirmative

21  defenses of statute of limitations and laches.

22  Mattel's objection that the request seeks confidential, proprietary, and trade

23  secret information should be disregarded.  The parties have entered into a protective

24  order in this matter, which governs the handling of confidential business

25  information.  Further, Mattel has put its confidential business information at issue in

26  this litigation, including but not limited to its trade secret misappropriation claim

27  Accordingly, it cannot resist discovery of confidential business information.

28

1    Finally, Mattel has improperly limited its agreement to produce to "the facts
2  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
3  the individual is identified as being knowledgeable about certain topics in Mattel's
4  initial disclosures, Mattel's obligation to produce does not end with the facts that it
5  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
6  information from the individual on the topics identified, regardless of whether it
7  supports the facts as alleged by Mattel, MGA, or any other party. See Order
8  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10 MGA might be excluding documents that are responsive to the request based upon
11 its unilateral determination of what is 'relevant' or 'sufficient.'").

12   None of Mattel's improper objections are valid and Mattel is obligated to
13 produce all non-privileged responsive documents in its possession, custody, or
14 control.

15 **MATTEL'S RESPONSE:**

16   MGA's request is duplicative of previous requests for which Mattel has
17 produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
18 produce documents responsive to MGA's First Set of Requests for the Production of
19 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[153]  Request Nos.
20 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
21 his work at Mattel and MGA and the design and development of Bratz.  Request
22 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
23 or relating to BRYANT."[154]  On September 11, 2007, Discovery Master Infante
24 granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
25

---

26   [153]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
27 Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
   [154]  See MGA's First Set of Requests for the Production of Documents and
28 Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

1   260.[155]  Pursuant to this order, Mattel produced documents responsive to these

2   requests. Mattel has since confirmed that it has produced responsive, non-privileged

3   documents to these requests in its Third Supplemental Responses to MGA's First

4   Set of Requests for Production.[156]  There is nothing additional to compel and

5   MGA's motion is moot.

6        The term "RELATING TO ... alleged knowledge" as used in the request is

7   likewise overbroad.  The universe of documents that could "relate" to Park's

8   knowledge are potentially without limit.  All documents containing information that

9   Park coincidentally knows about the subjects at issue are subsumed within this

10  request.

11       MGA complains that Mattel has limited its responses  regarding individuals in

12  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

13  disclosures."  Mattel has produced all information as to these individuals that is

14  relevant or pertinent to this litigation.  There is nothing to compel.

15       Quite simply, there is nothing to compel.  Mattel has produced responsive,

16  non-privileged documents relating to Park's knowledge of the facts at issue in this

17  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

18  custody or control.

19  **REQUEST FOR PRODUCTION NO. 324:**

20       All DOCUMENTS REFERRING OR RELATING TO Thomas Park's alleged

21  knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and

22  "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

23

24

25

26   [155]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's

27  Motion to Compel, at 7-10, Dart Decl., Exh. 9.
     [156]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests

28  for Production 04-9059, dated January 19, 2008, at 8-11, Dart Decl., Exh. 18.

1 | **RESPONSE TO REQUEST NO. 324:**

2    In addition to the general objections stated above which are incorporated
3 herein by reference, Mattel objects to this Request on the grounds that it is
4 overbroad, unduly burdensome and unintelligible, including in that it seeks all
5 documents on this subject without limitation as to time, and regardless of whether
6 such documents relate to products or matters at issue in this case. Mattel further
7 objects to the Request on the grounds that it seeks documents that are not relevant to
8 this action or likely to lead to the discovery of admissible evidence. Mattel further
9 objects to this Request on the grounds that it seeks confidential, proprietary and
10 trade secret information that has no bearing on the claims or defenses in this case.
11 Mattel further objects to this Request on the grounds that it calls for the disclosure
12 of information subject to the attorney-client privilege, the attorney work product
13 doctrine and other applicable privileges.

14 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 324:**

15    In addition to the general objections stated above which are incorporated
16 herein by reference, Mattel objects to this Request on the grounds that it is
17 overbroad, unduly burdensome and unintelligible, including in that it seeks all
18 documents on this subject without limitation as to time, and regardless of whether
19 such documents relate to products or matters at issue in this case. Mattel further
20 objects to the Request on the grounds that it seeks documents that are not relevant to
21 this action or likely to lead to the discovery of admissible evidence. Mattel further
22 objects to this Request on the grounds that it calls for documents or information in
23 the possession, custody or control of MGA, including without limitation documents
24 and information that MGA has been compelled by Court orders to produce but has
25 not produced. Mattel further objects to this Request on the grounds that it seeks
26 confidential, proprietary and trade secret information, including such information
27 that has no bearing on the claims or defenses in this case. Mattel further objects to
28 this Request on the grounds that it calls for the disclosure of information subject to

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1 the attorney-client privilege, the attorney work product doctrine and other applicable
2 privileges.

3       Subject to the foregoing objections, Mattel responds as follows: Matte will
4 produce responsive, non-privileged documents relating to Thomas Park's knowledge
5 of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
6 in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
7 after a diligent search and reasonable inquiry, to the extent not previously produced.

8 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9 **TO SHOULD BE COMPELLED**

10       Mattel has improperly limited its agreement to produce documents in
11 response to this request, subject to its improper boilerplate objections.  Mattel has
12 refused to confirm whether or not it has produced all non-privileged responsive
13 documents or whether it is withholding documents based on its objections in Phase
14 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
15 must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
16 Generic objections that fail to explain the basis for an objection with specificity are
17 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
18 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
19 'overly burdensome and harassing' are improper – especially when a party fails to
20 submit any evidentiary declarations supporting such objections").  Accordingly,
21 Mattel must be compelled either to certify that it has produced all non-privileged
22 responsive documents or to produce all such documents by a date certain.

23       To the extent that Mattel is relying on its blanket objections, they are not
24 sustainable and do not justify Mattel's failure to produce documents.

25       As to overbreadth, Mattel provides no explanation, let alone the required
26 particularity, as to why this request is supposedly overly broad, nor can it do so.
27 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
28 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

-739

1  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
2  custody, or control concerning Park's alleged knowledge of "MGA's access to
3  Mattel's intellectual property and trade secrets" and "MGA's business practices."
4  This area of information is taken directly from Mattel's allegations regarding Park in
5  its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
6  Disclosures, dated Jan. 5, 2007, p. 14).

7      As to burden, Mattel has not attempted to demonstrate why responding to this
8  request and/or producing responsive documents presents any burden. This objection
9  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
10  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
11  unduly burdensome must allege specific facts which indicate the nature and extent
12  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
13  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
14  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
15  secrets. MGA is entitled to discovery on this claim.

16      This request does not seek documents protected by the attorney-client
17  privilege, the attorney work product doctrine, or other applicable privileges. To the
18  extent that Mattel contends that it does, Mattel must provide a privilege log.

19      This request seeks relevant information. Mattel identified Park in its initial
20  disclosures an individual with discoverable knowledge regarding "MGA's access to
21  Mattel's intellectual property and trade secrets" and "MGA business practices."
22  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
23  p. 14). Accordingly, Mattel's initial disclosures demonstrate the relevance o this
24  request. Further, this information is relevant to, among other things, Mattel's trade
25  secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
26  defenses of statute of limitations and laches.

27      Mattel's objection that the request seeks information within MGA's
28  possession, custody or control is nonsensical and lacks factual support. Mattel

1 makes no argument, let alone a factual showing, that any documents in MGA's
2 possession are duplicative of documents within Mattel's control.  MGA is entitled to
3 discovery from Mattel of documents within its possession, custody, or control that
4 relate to the subject of this suit.  Mattel cannot avoid this obligation by making a
5 conclusory statement that MGA also possesses responsive documents.

6     Mattel's objection that the request seeks confidential, proprietary, and trade
7 secret information should be disregarded.  The parties have entered into a protective
8 order in this matter, which governs the handling of confidential business
9 information.  Further, Mattel has put its confidential business information at issue in
10 this litigation, including but not limited to its trade secret misappropriation claim
11 Accordingly, it cannot resist discovery of confidential business information.

12     Finally, Mattel has improperly limited its agreement to produce to "the facts
13 at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
14 the individual is identified as being knowledgeable about certain topics in Mattel's
15 initial disclosures, Mattel's obligation to produce does not end with the facts that it
16 has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
17 information from the individual on the topics identified, regardless of whether it
18 supports the facts as alleged by Mattel, MGA, or any other party.  See Order
19 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
20 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
21 MGA might be excluding documents that are responsive to the request based upon
22 its unilateral determination of what is 'relevant' or 'sufficient.'").

23     None of Mattel's improper objections are valid and Mattel is obligated to
24 produce all non-privileged responsive documents in its possession, custody, or
25 control.

26 **MATTEL'S RESPONSE:**

27     MGA ignores that (i) Mattel has produced its non-privileged, responsive
28 documents, as it agreed to do, and that (ii) most information sought by this request is

1  within MGA's possession, custody or control, and is equally if not more readily
2  available to MG  Park is an employee of MGA.  MGA gives no reason why it
3  requests information from Mattel regarding its *own company* and its *own employee*,
4  other than to say that "this area of information is taken directly from Mattel's
5  allegations regarding Park in its initial disclosures."  Indeed, it appears that MGA
6  merely cut and paste its request from Mattel's initial disclosures without
7  consideration as to what information Mattel may have that is already within MGA's
8  possession, custody or control.

9      MGA's conclusory arguments also ignore that the Request is facially
10  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
11  Civil Procedure do not permit MGA to use broad discovery requests untethered to
12  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
13  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
14  See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
15  Cir. 2004) ("District courts need not condone the use of discovery to engage in
16  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
17  Park's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮

18  ▮▮▮▮▮▮   MGA makes no attempt to link this request with the claims and defenses
19  in this case.  For example, Park may have knowledge of MGA's retirement plans,
20  health benefits, OSHA compliance, sexual harassment policies, or any number of
21  subjects regarding business practices at MGA which clearly fall outside the narrow
22  scope required by the Discovery Master. Because MGA has not linked its broad
23  request to any of the numerous and far-ranging allegations of unfair competition set
24  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
25  objection.

26      The term "RELATING TO ... alleged knowledge" as used in the request is
27  likewise overbroad.  The universe of documents that could "relate" to Park's
28  knowledge are potentially without limit.  The request is not confined to documents

1  in Park's possession or control; rather, all documents containing information that
2  Park coincidentally knows about the subjects at issue are subsumed within this
3  request.

4       MGA complains that Mattel has limited its responses regarding individuals in
5  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
6  disclosures." Mattel has produced all information as to these individuals that is
7  relevant or pertinent to this litigation. There is nothing to compel.

8       Quite simply, there is nothing to compel. Mattel has produced responsive,
9  non-privileged documents relating to Park's knowledge of the facts at issue in this
10  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
11  custody or control.

12  **REQUEST FOR PRODUCTION NO. 325:**

13       All DOCUMENTS REFERRING OR RELATING TO Marlene Parker's
14  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or
15  for MGA during his Mattel employment" and "MGA business practices," as alleged
16  in MATTEL'S INITIAL DISCLOSURES.

17  **RESPONSE TO REQUEST NO. 325:**

18       In addition to the general objections stated above which are incorporated
19  herein by reference, Mattel objects to this Request on the grounds that it is
20  overbroad, unduly burdensome and unintelligible, including in that it seeks all
21  documents on this subject without limitation as to time, and regardless of whether
22  such documents relate to products or matters at issue in this case. Mattel further
23  objects to the Request on the grounds that it seeks documents that are not relevant to
24  this action or likely to lead to the discovery of admissible evidence. Mattel further
25  objects to this Request on the grounds that it seeks confidential, proprietary and
26  trade secret information that has no bearing on the claims or defenses in this case.
27  Mattel further objects to this Request on the grounds that it calls for the disclosure
28

1   of information subject to the attorney-client privilege, the attorney work product
2   doctrine and other applicable privileges.

3   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 325:**

4         In addition to the general objections stated above which are incorporated
5   herein by reference, Mattel objects to this Request on the grounds that it is
6   overbroad, unduly burdensome and unintelligible, including in that it seeks all
7   documents on this subject without limitation as to time, and regardless of whether
8   such documents relate to products or matters at issue in this case. Mattel further
9   objects to the Request on the grounds that it seeks documents that are not relevant to
10  this action or likely to lead to the discovery of admissible evidence. Mattel further
11  objects to this Request on the grounds that it calls for documents or information in
12  the possession, custody or control of MGA, including without limitation documents
13  and information that MGA has been compelled by Court orders to produce but has.
14  not produced. Mattel further objects to this Request on the grounds that it seeks
15  confidential, proprietary and trade secret information, including such information
16  that has no bearing on the claims or defenses in this case. Mattel further objects to
17  this Request on the grounds that it calls for the disclosure of information subject to
18  the attorney-client privilege, the attorney work product doctrine and other applicable
19  privileges.

20        Subject to the foregoing objections, Mattel responds as follows: Mattel will
21  produce responsive, non-privileged documents relating to Marlene Parker's
22  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
23  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
24  has been able to locate after a diligent search and reasonable inquiry, to the extent
25  not previously produced.

26

27

28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c) Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Parker's alleged knowledge of "[d]esign and development of Bratz and Bryant' s work with or for MGA during his Mattel employment" and "MGA business practices." This area of information is taken directly from Mattel's allegations regarding Parker in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 14).

1    As to burden, Mattel has not attempted to demonstrate why responding to this
2   request and/or producing responsive documents presents any burden. This objection
3   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
4   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
5   unduly burdensome must allege specific facts which indicate the nature and extent
6   of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
7   unduly burdensome, as noted above, in that the request is narrowly tailored to seek
8   only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
9   secrets. MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client
11   privilege, the attorney work product doctrine, or other applicable privileges. To the
12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information. Mattel identified Parker in its initial
14   disclosures an individual with discoverable knowledge regarding "[d]esign and
15   development of Bratz and Bryant' s work with or for MGA during his Mattel
16   employment" and "MGA business practices." Rutowski Decl. Ex. 56 (Mattel's
17   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 14). Accordingly, Mattel's
18   initial disclosures demonstrate the relevance of this request. Further, this
19   information is relevant to, among other things, Mattel's trade secret defense, MGA's
20   claims of trade dress infringement, and MGA's affirmative defenses of statute of
21   limitations and laches.

22    Mattel's objection that the request seeks information within MGA's
23   possession, custody or control is nonsensical and lacks factual support. Mattel
24   makes no argument, let alone a factual showing, that any documents in MGA's
25   possession are duplicative of documents within Mattel's control. MGA is entitled to
26   discovery from Mattel of documents within its possession, custody, or control that
27   relate to the subject of this suit. Mattel cannot avoid this obligation by making a
28   conclusory statement that MGA also possesses responsive documents.

1       Mattel's objection that the request seeks confidential, proprietary, and trade

2  secret information should be disregarded.  The parties have entered into a protective

3  order in this matter, which governs the handling of confidential business

4  information.  Further, Mattel has put its confidential business information at issue in

5  this litigation, including but not limited to its trade secret misappropriation claim

6  Accordingly, it cannot resist discovery of confidential business information.

7       Finally, Mattel has improperly limited its agreement to produce to "the facts

8  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

9  the individual is identified as being knowledgeable about certain topics in Mattel's

10  initial disclosures, Mattel's obligation to produce does not end with the facts that it

11  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

12  information from the individual on the topics identified, regardless of whether it

13  supports the facts as alleged by Mattel, MGA, or any other party.  See Order

14  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

15  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

16  MGA might be excluding documents that are responsive to the request based upon

17  its unilateral determination of what is 'relevant' or 'sufficient.'").

18       None of Mattel's improper objections are valid and Mattel is obligated to

19  produce all non-privileged responsive documents in its possession, custody, or

20  control.

21  **MATTEL'S RESPONSE:**

22       MGA ignores that (i) Mattel has produced its non-privileged, responsive

23  documents, as it agreed to do, and that (ii) most information sought by this request is

24  within MGA's possession, custody or control, and is equally if not more readily

25  available to MGA than it is to Mattel.  Parker is an employee of MGA.  MGA gives

26  no reason why it requests information from Mattel regarding its *own company* and

27  its *own employee*, other than to say that "this area of information is taken directly

28  from Mattel's allegations regarding Parker in its initial disclosures."  Indeed, it

1 | appears that MGA merely cut and paste its request from Mattel's initial disclosures
2 | without consideration as to what information Mattel may have that is already within
3 | MGA's possession, custody or control.

4 | MGA's request is duplicative of previous requests for which Mattel has
5 | produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
6 | produce documents responsive to MGA's First Set of Requests for the Production of
7 | Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[157] Request Nos.
8 | 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
9 | his work at Mattel and MGA and the design and development of Bratz. Request
10 | No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
11 | or relating to BRYANT."[158] On September 11, 2007, Discovery Master Infante
12 | granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
13 | 260.[159] Pursuant to this order, Mattel produced documents responsive to these
14 | requests. Mattel has since confirmed that it has produced responsive, non-privileged
15 | documents to these requests in its Third Supplemental Responses to MGA's First
16 | Set of Requests for Production.[160] There is nothing additional to compel and
17 | MGA's motion is moot.

18 | MGA's conclusory arguments also ignore that the Request is facially
19 | overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
20 | Civil Procedure do not permit MGA to use broad discovery requests untethered to
21 | any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion
22 | for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

23 | [157] See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
24 | Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
25 | [158] See MGA's First Set of Requests for the Production of Documents and
Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
26 | [159] See September 12, 2007 Order Granting in Part and Denying in Part MGA's
27 | Motion to Compel, at 7-10, Dart Decl., Exh. 9.
[160] See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28 | for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1   See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

2   Cir. 2004) ("District courts need not condone the use of discovery to engage in

3   'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to

4   Parker's knowledge of extremely broad subjects—including ████████████

5   ██████   MGA makes no attempt to link this request with the claims and defenses

6   in this case.  For example, Parker may have knowledge of MGA's retirement plans,

7   health benefits, OSHA compliance, sexual harassment policies, or any number of

8   subjects regarding business practices at MGA which clearly fall outside the narrow

9   scope required by the Discovery Master. Because MGA has not linked its broad

10  request to any of the numerous and far-ranging allegations of unfair competition set

11  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth

12  objection.

13      The term "RELATING TO ... alleged knowledge" as used in the request is

14  likewise overbroad.  The universe of documents that could "relate" to Parker's

15  knowledge are potentially without limit.  The request is not confined to documents

16  in Parker's possession or control; rather, all documents containing information that

17  Parker coincidentally knows about the subjects at issue are subsumed within this

18  request.

19      MGA complains that Mattel has limited its responses  regarding individuals in

20  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

21  disclosures."  Mattel has produced all information as to these individuals that is

22  relevant or pertinent to this litigation.  There is nothing to compel.

23      Quite simply, there is nothing to compel.  Mattel has produced responsive,

24  non-privileged documents relating to Parker's knowledge of the facts at issue in this

25  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

26  custody or control.

27

28

**REQUEST FOR PRODUCTION NO. 326:**

All DOCUMENTS REFERRING OR RELATING TO Rene Pasko's alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 326:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 326:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the ground

1 that it calls for the disclosure of information subject to the attorney-client privilege
2 the attorney work-product doctrine and other applicable privileges.

3       Subject to the foregoing objections, Mattel responds as follows: Mattel will
4 produce responsive, non-privileged documents relating to Rene Pasko's knowledge
5 of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
6 in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
7 after a diligent search and reasonable inquiry, to the extent not previously produced.

8 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9 **TO SHOULD BE COMPELLED**

10       Mattel has improperly limited its agreement to produce documents in
11 response to this request, subject to its improper boilerplate objections. Mattel has
12 refused to confirm whether or not it has produced all non-privileged responsive
13 documents or whether it is withholding documents based on its objections in Phase
14 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
15 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
16 Generic objections that fail to explain the basis for an objection with specificity are
17 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
18 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
19 'overly burdensome and harassing' are improper – especially when a party fails to
20 submit any evidentiary declarations supporting such objections"). Accordingly,
21 Mattel must be compelled either to certify that it has produced all non-privileged
22 responsive documents or to produce all such documents by a date certain.

23       To the extent that Mattel is relying on its blanket objections, they are not
24 sustainable and do not justify Mattel's failure to produce documents.

25       As to overbreadth, Mattel provides no explanation, let alone the required
26 particularity, as to why this request is supposedly overly broad, nor can it do so.
27 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
28 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

-751-

1   contrary, the request is narrowly tailored to seek documents in Mattel's possession,
2   custody, or control concerning Pasko's alleged knowledge of "[t]he development and
3   ownership of intellectual property at issue." This area of information is taken
4   directly from Mattel's allegations regarding Pasko in its initial disclosures.
5   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
6   p. 14).

7       As to burden, Mattel has not attempted to demonstrate why responding to this
8   request and/or producing responsive documents presents any burden. This objection
9   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
10  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
11  unduly burdensome must allege specific facts which indicate the nature and extent
12  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
13  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
14  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
15  secrets. MGA is entitled to discovery on this claim.

16      This request does not seek documents protected by the attorney-client
17  privilege, the attorney work product doctrine, or other applicable privileges. To the
18  extent that Mattel contends that it does, Mattel must provide a privilege log.

19      This request seeks relevant information. Mattel identified Pasko in its initial
20  disclosures an individual with discoverable knowledge regarding "[t]he
21  development and ownership of intellectual property at issue." Rutowski Decl.
22  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 14).
23  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
24  Further, this information is relevant to, among other things, Mattel's trade secret
25  defense and MGA's claims of trade dress infringement.

26      Mattel's objection that the request seeks confidential, proprietary, and trade
27  secret information should be disregarded. The parties have entered into a protective
28  order in this matter, which governs the handling of confidential business