1    information. Further, Mattel has put its confidential business information at issue in
2    this litigation, including but not limited to its trade secret misappropriation claim
3    Accordingly, it cannot resist discovery of confidential business information.

4        Finally, Mattel has improperly limited its agreement to produce to "the facts
5    at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
6    the individual is identified as being knowledgeable about certain topics in Mattel's
7    initial disclosures, Mattel's obligation to produce does not end with the facts that it
8    has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
9    information from the individual on the topics identified, regardless of whether it
10   supports the facts as alleged by Mattel, MGA, or any other party. See Order
11   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
12   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
13   MGA might be excluding documents that are responsive to the request based upon
14   its unilateral determination of what is 'relevant' or 'sufficient.'").

15        None of Mattel's improper objections are valid and Mattel is obligated to
16   produce all non-privileged responsive documents in its possession, custody, or
17   control.

18   **MATTEL'S RESPONSE:**

19        The term "RELATING TO … alleged knowledge" as used in the request is
20   likewise overbroad. The universe of documents that could "relate" to Pasko's
21   knowledge are potentially without limit. The request is not confined to documents
22   in Pasko's possession or control; rather, all documents containing information that
23   Pasko coincidentally knows about the subjects at issue are subsumed within this
24   request.

25        MGA complains that Mattel has limited its responses regarding individuals in
26   Mattel's Initial Disclosures to information "as alleged in Mattel's initial
27   disclosures." Mattel has produced all information as to these individuals that is
28   relevant or pertinent to this litigation. There is nothing to compel.

1  Quite simply, there is nothing to compel.  Mattel has produced responsive,
2  non-privileged documents relating to Pasko's knowledge of the facts at issue in this
3  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
4  custody or control.

5  **REQUEST FOR PRODUCTION NO. 327:**

6  All DOCUMENTS in Rene Pasko's possession or control REFERRING OR
7  RELATING TO her alleged knowledge of "[t]he development and ownership of
8  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

9  **RESPONSE TO REQUEST NO. 327:**

10  In addition to the general objections stated above which are incorporated
11  herein by reference, Mattel objects to this Request on the grounds that it is
12  overbroad, unduly burdensome and unintelligible, including in that it seeks all
13  documents on this subject without limitation as to time, and regardless of whether
14  such documents relate to products or matters at issue in this case.  Mattel further
15  objects to the Request on the grounds that it seeks documents that are not relevant to
16  this action or likely to lead to the discovery of admissible evidence.  Mattel further
17  objects to this Request on the grounds that it seeks confidential, proprietary and
18  trade secret information that has no bearing on the claims or defenses in this case.
19  Mattel further objects to this Request on the grounds that it calls for the disclosure
20  of information subject to the attorney-client privilege, the attorney work product
21  doctrine and other applicable privileges.

22  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 327:**

23  In addition to the general objections stated above which are incorporated
24  herein by reference, Mattel objects to this Request on the grounds that it is
25  overbroad, unduly burdensome and unintelligible, including in that it seeks all
26  documents on this subject without limitation as to time, and regardless of whether
27  such documents relate to products or matters at issue in this case.  Mattel further
28  objects to the Request on the grounds that it seeks documents that are not relevant to

1   this action or likely to lead to the discovery of admissible evidence. Mattel further

2   objects to this Request on the grounds that it seeks confidential, proprietary and

3   trade secret information, including such information that has no bearing on the

4   claims or defenses in this case. Mattel further objects to this Request on the ground

5   that it calls for the disclosure of information subject to the attorney-client privilege

6   the attorney work-product doctrine and other applicable privileges.

7        Subject to the foregoing objections, Mattel responds as follows: Mattel will

8   produce responsive, non-privileged documents relating to Rene Pasko's knowledge

9   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

10   in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

11   after a diligent search and reasonable inquiry, to the extent not previously produced.

12   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

13   **TO SHOULD BE COMPELLED**

14        Mattel has improperly limited its agreement to produce documents in

15   response to this request, subject to its improper boilerplate objections. Mattel has

16   refused to confirm whether or not it has produced all non-privileged responsive

17   documents or whether it is withholding documents based on its objections in Phase

18   2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

19   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

20   Generic objections that fail to explain the basis for an objection with specificity are

21   routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

22   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

23   'overly burdensome and harassing' are improper – especially when a party fails to

24   submit any evidentiary declarations supporting such objections"). Accordingly,

25   Mattel must be compelled either to certify that it has produced all non-privileged

26   responsive documents or to produce all such documents by a date certain.

27        To the extent that Mattel is relying on its blanket objections, they are not

28   sustainable and do not justify Mattel's failure to produce documents.

1       As to overbreadth, Mattel provides no explanation, let alone the required

2  particularity, as to why this request is supposedly overly broad, nor can it do so.

3  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

4  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

5  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

6  custody, or control concerning Pasko's alleged knowledge of "[t]he development and

7  ownership of intellectual property at issue." This area of information is taken

8  directly from Mattel's allegations regarding Pasko in its initial disclosures.

9  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

10  p. 14).

11       As to burden, Mattel has not attempted to demonstrate why responding to this

12  request and/or producing responsive documents presents any burden. This objection

13  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

14  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

15  unduly burdensome must allege specific facts which indicate the nature and extent

16  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

17  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

18  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

19  secrets. MGA is entitled to discovery on this claim.

20       This request does not seek documents protected by the attorney-client

21  privilege, the attorney work product doctrine, or other applicable privileges. To the

22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23       This request seeks relevant information. Mattel identified Pasko in its initial

24  disclosures an individual with discoverable knowledge regarding "[t]he

25  development and ownership of intellectual property at issue." Rutowski Decl.

26  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 14).

27  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

28

1    Further, this information is relevant to, among other things, Mattel's trade
2  secret defense and MGA's claims of trade dress infringement.

3    Mattel's objection that the request seeks confidential, proprietary, and trade
4  secret information should be disregarded. The parties have entered into a protective
5  order in this matter, which governs the handling of confidential business
6  information. Further, Mattel has put its confidential business information at issue in
7  this litigation, including but not limited to its trade secret misappropriation claim
8  Accordingly, it cannot resist discovery of confidential business information.

9    Finally, Mattel has improperly limited its agreement to produce to "the facts
10 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
11 the individual is identified as being knowledgeable about certain topics in Mattel's
12 initial disclosures, Mattel's obligation to produce does not end with the facts that it
13 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
14 information from the individual on the topics identified, regardless of whether it
15 supports the facts as alleged by Mattel, MGA, or any other party. See Order
16 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
17 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
18 MGA might be excluding documents that are responsive to the request based upon
19 its unilateral determination of what is 'relevant' or 'sufficient.'").

20    None of Mattel's improper objections are valid and Mattel is obligated to
21 produce all non-privileged responsive documents in its possession, custody, or
22 control.

23 **MATTEL'S RESPONSE:**

24    MGA complains that Mattel has limited its responses regarding individuals in
25 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
26 disclosures." Mattel has produced all information as to these individuals that is
27 relevant or pertinent to this litigation. There is nothing to compel.

28

1    Quite simply, there is nothing to compel. Mattel has produced responsive,
2    non-privileged documents relating to Pasko's knowledge of the facts at issue in this
3    litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
4    custody or control.

5    **REQUEST FOR PRODUCTION NO. 328:**

6    All DOCUMENTS REFERRING OR RELATING TO Danny Pestonji's
7    alleged knowledge of "MGA's access to Mattel's intellectual property and trade
8    secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
9    DISCLOSURES.

10   **RESPONSE TO REQUEST NO. 328:**

11   In addition to the general objections stated above which are incorporated
12   herein by reference, Mattel objects to this Request on the grounds that it is
13   overbroad, unduly burdensome and unintelligible, including in that it seeks all
14   documents on this subject without limitation as to time, and regardless of whether
15   such documents relate to products or matters at issue in this case. Mattel further
16   objects to the Request on the grounds that it seeks documents that are not relevant to
17   this action or likely to lead to the discovery of admissible evidence. Mattel further
18   objects to this Request on the grounds that it seeks confidential, proprietary and
19   trade secret information that has no bearing on the claims or defenses in this case.
20   Mattel further objects to this Request on the grounds that it calls for the disclosure
21   of information subject to the attorney-client privilege, the attorney work product
22   doctrine and other applicable privileges.

23   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 328:**

24   In addition to the general objections stated above which are incorporated
25   herein by reference, Mattel objects to this Request on the grounds that it is
26   overbroad, unduly burdensome and unintelligible, including in that it seeks all
27   documents on this subject without limitation as to time, and regardless of whether
28   such documents relate to products or matters at issue in this case. Mattel further

1 objects to the Request on the grounds that it seeks documents that are not relevant to
2 this action or likely to lead to the discovery of admissible evidence. Mattel further
3 objects to this Request on the grounds that it calls for documents or information in
4 the possession, custody or control of MGA, including without limitation documents
5 and information that MGA has been compelled by Court orders to produce but has
6 not produced. Mattel further objects to this Request on the grounds that it seeks
7 confidential, proprietary and trade secret information, including such information
8 that has no bearing on the claims or defenses in this case. Mattel further objects to
9 this Request on the grounds that it calls for the disclosure of information subject to
10 the attorney-client privilege, the attorney work product doctrine and other applicable
11 privileges.

12      Subject to the foregoing objections, Mattel responds as follows: Mattel will
13 produce responsive, non-privileged documents relating to Danny Pestonji's
14 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
15 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
16 has been able to locate after a diligent search and reasonable inquiry, to the extent
17 not previously produced.

18 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
19 **TO SHOULD BE COMPELLED**

20      Mattel has improperly limited its agreement to produce documents in
21 response to this request, subject to its improper boilerplate objections. Mattel has
22 refused to confirm whether or not it has produced all non-privileged responsive
23 documents or whether it is withholding documents based on its objections in Phase
24 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
25 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
26 Generic objections that fail to explain the basis for an objection with specificity are
27 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
28 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

1  'overly burdensome and harassing' are improper – especially when a party fails to
2  submit any evidentiary declarations supporting such objections"). Accordingly,
3  Mattel must be compelled either to certify that it has produced all non-privileged
4  responsive documents or to produce all such documents by a date certain.

5       To the extent that Mattel is relying on its blanket objections, they are not
6  sustainable and do not justify Mattel's failure to produce documents.

7       As to overbreadth, Mattel provides no explanation, let alone the required
8  particularity, as to why this request is supposedly overly broad, nor can it do so.
9  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
10 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
11 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
12 custody, or control concerning Pestonji's alleged knowledge of "MGA's access to
13 Mattel's intellectual property and trade secrets" and "MGA's business practices."
14 This area of information is taken directly from Mattel's allegations regarding
15 Pestonji in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated
16 Initial Disclosures, dated Jan. 5, 2007, p. 14).

17      As to burden, Mattel has not attempted to demonstrate why responding to this
18 request and/or producing responsive documents presents any burden. This objection
19 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
20 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
21 unduly burdensome must allege specific facts which indicate the nature and extent
22 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
23 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
24 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
25 secrets. MGA is entitled to discovery on this claim.

26      This request does not seek documents protected by the attorney-client
27 privilege, the attorney work product doctrine, or other applicable privileges. To the
28 extent that Mattel contends that it does, Mattel must provide a privilege log.

1    This request seeks relevant information.  Mattel identified Pestonji in its
2  initial disclosures an individual with discoverable knowledge regarding "MGA's
3  access to Mattel's intellectual property and trade secrets" and "MGA business
4  practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
5  Jan. 5, 2007, p. 14).  Accordingly, Mattel's initial disclosures demonstrate the
6  relevance of this request.  Further, this information is relevant to, among other
7  things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
8  MGA's affirmative defenses of statute of limitations and laches.

9    Mattel's objection that the request seeks information within MGA's
10  possession, custody or control is nonsensical and lacks factual support.  Mattel
11  makes no argument, let alone a factual showing, that any documents in MGA's
12  possession are duplicative of documents within Mattel's control.  MGA is entitled to
13  discovery from Mattel of documents within its possession, custody, or control that
14  relate to the subject of this suit.  Mattel cannot avoid this obligation by making a
15  conclusory statement that MGA also possesses responsive documents.

16    Mattel's objection that the request seeks confidential, proprietary, and trade
17  secret information should be disregarded.  The parties have entered into a protective
18  order in this matter, which governs the handling of confidential business
19  information.  Further, Mattel has put its confidential business information at issue in
20  this litigation, including but not limited to its trade secret misappropriation claim
21  Accordingly, it cannot resist discovery of confidential business information.

22    Finally, Mattel has improperly limited its agreement to produce to "the facts
23  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
24  the individual is identified as being knowledgeable about certain topics in Mattel's
25  initial disclosures, Mattel's obligation to produce does not end with the facts that it
26  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
27  information from the individual on the topics identified, regardless of whether it
28  supports the facts as alleged by Mattel, MGA, or any other party.  See Order

1  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
2  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
3  MGA might be excluding documents that are responsive to the request based upon
4  its unilateral determination of what is 'relevant' or 'sufficient.'").

5      None of Mattel's improper objections are valid and Mattel is obligated to
6  produce all non-privileged responsive documents in its possession, custody, or
7  control.

8  **MATTEL'S RESPONSE:**

9      MGA ignores that (i) Mattel has produced its non-privileged, responsive
10  documents, as it agreed to do, and that (ii) most information sought by this request is
11  within MGA's possession, custody or control, and is equally if not more readily
12  available to MG Pestonji is an employee of MGA.  MGA gives no reason why it
13  requests information from Mattel regarding its *own company* and its *own employee*,
14  other than to say that "this area of information is taken directly from Mattel's
15  allegations regarding Pestonji in its initial disclosures."  Indeed, it appears that
16  MGA merely cut and paste its request from Mattel's initial disclosures without
17  consideration as to what information Mattel may have that is already within MGA's
18  possession, custody or control.

19      MGA's conclusory arguments also ignore that the Request is facially
20  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
21  Civil Procedure do not permit MGA to use broad discovery requests untethered to
22  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
23  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
24  See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
25  Cir. 2004) ("District courts need not condone the use of discovery to engage in
26  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
27  Pestonji's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮
28  ▮▮▮▮▮  MGA makes no attempt to link this request with the claims and defenses

-762

1  in this case. For example, Pestonji may have knowledge of MGA's retirement plans,
2  health benefits, OSHA compliance, sexual harassment policies, or any number of
3  subjects regarding business practices at MGA which clearly fall outside the narrow
4  scope required by the Discovery Master. Because MGA has not linked its broad
5  request to any of the numerous and far-ranging allegations of unfair competition set
6  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
7  objection.

8      The term "RELATING TO ... alleged knowledge" as used in the request is
9  likewise overbroad. The universe of documents that could "relate" to Pestonji's
10  knowledge are potentially without limit. The request is not confined to documents
11  in Pestonji's possession or control; rather, all documents containing information that
12  Pestonji coincidentally knows about the subjects at issue are subsumed within this
13  request.

14      MGA complains that Mattel has limited its responses regarding individuals in
15  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
16  disclosures." Mattel has produced all information as to these individuals that is
17  relevant or pertinent to this litigation. There is nothing to compel.

18      Quite simply, there is nothing to compel. Mattel has produced responsive,
19  non-privileged documents relating to Pestonji's knowledge of the facts at issue in
20  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
21  possession, custody or control.

22  **REQUEST FOR PRODUCTION NO. 329:**

23      All DOCUMENTS REFERRING OR RELATING TO Pootipong
24  Phoosopha's alleged knowledge of "MGA's access to Mattel's intellectual property
25  and trade secrets" and "MGA business practices," as alleged in MATTEL'S
26  INITIAL DISCLOSURES.

27
28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET THREE)

**RESPONSE TO REQUEST NO. 329:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 329:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA and/or Bryant, including without limitation documents and information that MGA and Bryant have been compelled by Court orders to produce but have not produced. Mattel further object to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1 | calls for the disclosure of information subject to the attorney-client privilege, the
2 | attorney work-product doctrine and other applicable privileges.

3 | Subject to the foregoing objections, Mattel responds as follows: Mattel will
4 | produce responsive, non-privileged documents relating to Pootipong Phoosopha's
5 | knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
6 | Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
7 | has been able to locate after a diligent search and reasonable inquiry, to the extent
8 | not previously produced.

9 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
10 | **TO SHOULD BE COMPELLED**

11 | Mattel has improperly limited its agreement to produce documents in
12 | response to this request, subject to its improper boilerplate objections. Mattel has
13 | refused to confirm whether or not it has produced all non-privileged responsive
14 | documents or whether it is withholding documents based on its objections in Phase
15 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
16 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
17 | Generic objections that fail to explain the basis for an objection with specificity are
18 | routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
19 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
20 | 'overly burdensome and harassing' are improper – especially when a party fails to
21 | submit any evidentiary declarations supporting such objections"). Accordingly,
22 | Mattel must be compelled either to certify that it has produced all non-privileged
23 | responsive documents or to produce all such documents by a date certain.

24 | To the extent that Mattel is relying on its blanket objections, they are not
25 | sustainable and do not justify Mattel's failure to produce documents.

26 | As to overbreadth, Mattel provides no explanation, let alone the required
27 | particularity, as to why this request is supposedly overly broad, nor can it do so.
28 | This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

3  custody, or control concerning Phoosopha's alleged knowledge of "MGA's access to

4  Mattel's intellectual property and trade secrets" and "MGA's business practices.

5  This area of information is taken directly from Mattel's allegations regarding

6  Phoosopha in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

7  Initial Disclosures, dated Jan. 5, 2007, p. 14).

8       As to burden, Mattel has not attempted to demonstrate why responding to this

9  request and/or producing responsive documents presents any burden.  This objection

10  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

11  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

12  unduly burdensome must allege specific facts which indicate the nature and extent

13  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not

14  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

15  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade

16  secrets.  MGA is entitled to discovery on this claim.

17       This request does not seek documents protected by the attorney-client

18  privilege, the attorney work product doctrine, or other applicable privileges.  To the

19  extent that Mattel contends that it does, Mattel must provide a privilege log.

20       This request seeks relevant information.  Mattel identified Phoosopha in its

21  initial disclosures an individual with discoverable knowledge regarding "MGA's

22  access to Mattel's intellectual property and trade secrets" and "MGA business

23  practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

24  Jan. 5, 2007, p. 14).  Accordingly, Mattel's initial disclosures demonstrate the

25  relevance of this request.  Further, this information is relevant to, among other

26  things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and

27  MGA's affirmative defenses of statute of limitations and laches.

28

1    Mattel's objection that the request seeks information within MGA's
2 possession, custody or control is nonsensical and lacks factual support. Mattel
3 makes no argument, let alone a factual showing, that any documents in MGA's
4 possession are duplicative of documents within Mattel's control. MGA is entitled to
5 discovery from Mattel of documents within its possession, custody, or control that
6 relate to the subject of this suit. Mattel cannot avoid this obligation by making a
7 conclusory statement that MGA also possesses responsive documents.

8    Mattel's objection that the request seeks confidential, proprietary, and trade
9 secret information should be disregarded. The parties have entered into a protective
10 order in this matter, which governs the handling of confidential business
11 information. Further, Mattel has put its confidential business information at issue in
12 this litigation, including but not limited to its trade secret misappropriation claim
13 Accordingly, it cannot resist discovery of confidential business information.

14    Finally, Mattel has improperly limited its agreement to produce to "the facts
15 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
16 the individual is identified as being knowledgeable about certain topics in Mattel's
17 initial disclosures, Mattel's obligation to produce does not end with the facts that it
18 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
19 information from the individual on the topics identified, regardless of whether it
20 supports the facts as alleged by Mattel, MGA, or any other party. See Order
21 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
22 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
23 MGA might be excluding documents that are responsive to the request based upon
24 its unilateral determination of what is 'relevant' or 'sufficient.'").

25    None of Mattel's improper objections are valid and Mattel is obligated to
26 produce all non-privileged responsive documents in its possession, custody, or
27 control.

28

1 || **MATTEL'S RESPONSE:**

2  MGA ignores that (i) Mattel has produced its non-privileged, responsive

3 documents, as it agreed to do, and that (ii) most information sought by this request is

4 within MGA's possession, custody or control, and is equally if not more readily

5 available to MG  Phoosopha is an employee of MGA.  MGA gives no reason why it

6 requests information from Mattel regarding its *own company* and its *own employee*,

7 other than to say that "this area of information is taken directly from Mattel's

8 allegations regarding Phoosopha in its initial disclosures."  Indeed, it appears that

9 MGA merely cut and paste its request from Mattel's initial disclosures without

10 consideration as to what information Mattel may have that is already within MGA's

11 possession, custody or control.

12  MGA's conclusory arguments also ignore that the Request is facially

13 overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of

14 Civil Procedure do not permit MGA to use broad discovery requests untethered to

15 any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion

16 for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

17 See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

18 Cir. 2004) ("District courts need not condone the use of discovery to engage in

19 'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to

20 Phoosopha's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮▮

21 ▮▮▮▮▮▮  MGA makes no attempt to link this request with the claims and defenses

22 in this case.  For example, Phoosopha may have knowledge of MGA's retirement

23 plans, health benefits, OSHA compliance, sexual harassment policies, or any

24 number of subjects regarding business practices at MGA which clearly fall outside

25 the narrow scope required by the Discovery Master. Because MGA has not linked

26 its broad request to any of the numerous and far-ranging allegations of unfair

27 competition set forth in its complaint, the Discovery Master should uphold Mattel's

28 overbreadth objection.

1    The term "RELATING TO ... alleged knowledge" as used in the request is
2  likewise overbroad.  The universe of documents that could "relate" to Phoosopha's
3  knowledge are potentially without limit.  The request is not confined to documents
4  in Phoosopha's possession or control; rather, all documents containing information
5  that Phoosopha coincidentally knows about the subjects at issue are subsumed
6  within this request.

7    MGA complains that Mattel has limited its responses  regarding individuals in
8  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
9  disclosures."  Mattel has produced all information as to these individuals that is
10  relevant or pertinent to this litigation.  There is nothing to compel.

11    Quite simply, there is nothing to compel.  Mattel has produced responsive,
12  non-privileged documents relating to Phoosopha's knowledge of the facts at issue in
13  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
14  possession, custody or control.

15  **REQUEST FOR PRODUCTION NO. 330:**

16    All DOCUMENTS REFERRING OR RELATING TO Cynthia Pierce's
17  alleged knowledge of "[p]ayment from MGA to Carter Bryant," as alleged in
18  MATTEL'S INITIAL DISCLOSURES.

19  **RESPONSE TO REQUEST NO. 330:**

20    In addition to the general objections stated above which are incorporated
21  herein by reference, Mattel objects to this Request on the grounds that it is
22  overbroad, unduly burdensome and unintelligible, including in that it seeks all
23  documents on this subject without limitation as to time, and regardless of whether
24  such documents relate to products or matters at issue in this case.  Mattel further
25  objects to the Request on the grounds that it seeks documents that are not relevant to
26  this action or likely to lead to the discovery of admissible evidence.  Mattel further
27  objects to this Request on the grounds that it seeks confidential, proprietary and
28  trade secret information that has no bearing on the claims or defenses in this case.

1  Mattel further objects to this Request on the grounds that it calls for the disclosure
2  of information subject to the attorney-client privilege, the attorney work product
3  doctrine and other applicable privileges.

4  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 330:**

5       In addition to the general objections stated above which are incorporated
6  herein by reference, Mattel objects to this Request on the grounds that it is
7  overbroad, unduly burdensome and unintelligible, including in that it seeks all
8  documents on this subject without limitation as to time, and regardless of whether
9  such documents relate to products or matters at issue in this case. Mattel further
10 objects to the Request on the grounds that it seeks documents that are not relevant to
11 this action or likely to lead to the discovery of admissible evidence. Mattel further
12 objects to this Request on the grounds that it calls for documents or information in
13 the possession, custody or control of MGA, including without limitation documents
14 and information that MGA has been compelled by Court orders to produce but has
15 not produced. Mattel further objects to this Request on the grounds that it seeks
16 confidential, proprietary and trade secret information, including such information
17 that has no bearing on the claims or defenses in this case. Mattel further objects to
18 this Request on the grounds that it calls for the disclosure of information subject to
19 the attorney-client privilege, the attorney work product doctrine and other applicable
20 privileges.

21      Subject to the foregoing objections, Mattel responds as follows: Mattel will
22 produce responsive, non-privileged documents relating to Cynthia Pierce's
23 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
24 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
25 has been able to locate after a diligent search and reasonable inquiry, to the extent
26 not previously produced.

27

28

1 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2 | **TO SHOULD BE COMPELLED**

3      Response to this request, subject to its improper boilerplate objections.
4 | Mattel has refused to confirm whether or not it has produced all non-privileged
5      responsive documents or whether it is withholding documents based on its
6 | objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to
7 | part of a request must specify the part and permit inspection of the rest."  Fed. R.
8 | Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objectio
9 | with specificity are routinely rejected in the Central District.  See A. Farber and
10 | Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or
11 | boilerplate objections such as 'overly burdensome and harassing' are improper –
12 | especially when a party fails to submit any evidentiary declarations supporting such
13 | objections").  Accordingly, Mattel must be compelled either to certify that it has
14 | produced all non-privileged responsive documents or to produce all such documents
15 | by a date certain.

16      To the extent that Mattel is relying on its blanket objections, they are not
17 | sustainable and do not justify Mattel's failure to produce documents.

18      As to overbreadth, Mattel provides no explanation, let alone the required
19 | particularity, as to why this request is supposedly overly broad, nor can it do so.
20 | This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
21 | (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
22 | contrary, the request is narrowly tailored to seek documents in Mattel's possession,
23 | custody, or control concerning Pierce's alleged knowledge of "[p]ayment from MGA
24 | to Carter Bryant."  This area of information is taken directly from Mattel's
25 | allegations regarding Pierce in its initial disclosures.  Rutowski Decl. Ex. 56
26 | (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, pp. 14-15).

27      As to burden, Mattel has not attempted to demonstrate why responding to this
28 | request and/or producing responsive documents presents any burden.  This objection

1  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

2  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

3  unduly burdensome must allege specific facts which indicate the nature and extent

4  of the burden, usually by affidavit or other reliable evidence.").

5      Moreover, it is not unduly burdensome, as noted above, in that the request is

6  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

7  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

8      This request does not seek documents protected by the attorney-client

9  privilege, the attorney work product doctrine, or other applicable privileges.  To the

10 extent that Mattel contends that it does, Mattel must provide a privilege log.

11     This request seeks relevant information.  Mattel identified Pierce in its initial

12 disclosures an individual with discoverable knowledge regarding "[p]ayment from

13 MGA to Carter Bryant," Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

14 Disclosures, dated Jan. 5, 2007, pp. 14-15).  Accordingly, Mattel's initial disclosures

15 demonstrate the relevance of this request.  Further, this information is relevant to,

16 among other things, MGA's affirmative defenses of competition privilege, bona fide

17 purchaser for value, and good faith improver.

18     Mattel's objection that the request seeks information within MGA's

19 possession, custody or control is nonsensical and lacks factual support.  Mattel

20 makes no argument, let alone a factual showing, that any documents in MGA's

21 possession are duplicative of documents within Mattel's control.  MGA is entitled to

22 discovery from Mattel of documents within its possession, custody, or control that

23 relate to the subject of this suit.  Mattel cannot avoid this obligation by making a

24 conclusory statement that MGA also possesses responsive documents.

25     Mattel's objection that the request seeks confidential, proprietary, and trade

26 secret information should be disregarded.  The parties have entered into a protective

27 order in this matter, which governs the handling of confidential business

28 information.  Further, Mattel has put its confidential business information at issue in

-772-

1   this litigation, including but not limited to its trade secret misappropriation claim

2   Accordingly, it cannot resist discovery of confidential business information.

3       Finally, Mattel has improperly limited its agreement to produce to "the facts

4   at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

5   the individual is identified as being knowledgeable about certain topics in Mattel's

6   initial disclosures, Mattel's obligation to produce does not end with the facts that it

7   has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

8   information from the individual on the topics identified, regardless of whether it

9   supports the facts as alleged by Mattel, MGA, or any other party. See Order

10  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

11  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

12  MGA might be excluding documents that are responsive to the request based upon

13  its unilateral determination of what is 'relevant' or 'sufficient.'").

14      None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17  **MATTEL'S RESPONSE:**

18      MGA's request is duplicative of previous requests for which Mattel has

19  produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to

20  produce documents responsive to MGA's First Set of Requests for the Production of

21  Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[161]  Request Nos.

22  180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including

23  his work at Mattel and MGA and the design and development of Bratz.   Request

24  No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring

25

26

27  ───────────────────────
    [161]   See MGA's Motion to Compel Mattel to Supplement its Responses and Produce

28  Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.

1  or relating to BRYANT."[162]   On September 11, 2007, Discovery Master Infante
2  granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
3  260.[163]  Pursuant to this order, Mattel produced documents responsive to these
4  requests. Mattel has since confirmed that it has produced responsive, non-privileged
5  documents to these requests in its Third Supplemental Responses to MGA's First
6  Set of Requests for Production.[164]   There is nothing additional to compel and
7  MGA's motion is moot.

8       The term "RELATING TO … alleged knowledge" as used in the request is
9  likewise overbroad.  The universe of documents that could "relate" to Pierce's
10 knowledge are potentially without limit.  The request is not confined to documents
11 in Pierce's possession or control; rather, all documents containing information that
12 Pierce coincidentally knows about the subjects at issue are subsumed within this
13 request.

14       MGA complains that Mattel has limited its responses  regarding individuals in
15 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
16 disclosures."  Mattel has produced all information as to these individuals that is
17 relevant or pertinent to this litigation.  There is nothing to compel.

18       Quite simply, there is nothing to compel.  Mattel has produced responsive,
19 non-privileged documents relating to Pierce's knowledge of the facts at issue in this
20 litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
21 custody or control.

22
23
24

25  [162]   See MGA's First Set of Requests for the Production of Documents and
    Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
26  [163]   See September 12, 2007 Order Granting in Part and Denying in Part MGA's
    Motion to Compel, at 7-10, Dart Decl., Exh. 9.
27  [164]   See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28  for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1 **REQUEST FOR PRODUCTION NO. 331:**

2         All DOCUMENTS REFERRING OR RELATING TO Joni Pratte's alleged

3 knowledge of "[t]he development and ownership of intellectual property at issue," as

4 alleged in MATTEL'S INITIAL DISCLOSURES.

5 **RESPONSE TO REQUEST NO. 331:**

6         In addition to the general objections stated above which are incorporated

7 herein by reference, Mattel objects to this Request on the grounds that it is

8 overbroad, unduly burdensome and unintelligible, including in that it seeks all

9 documents on this subject without limitation as to time, and regardless of whether

10 such documents relate to products or matters at issue in this case. Mattel further

11 objects to the Request on the grounds that it seeks documents that are not relevant to

12 this action or likely to lead to the discovery of admissible evidence. Mattel further

13 objects to this Request on the grounds that it seeks confidential, proprietary and

14 trade secret information that has no bearing on the claims or defenses in this case.

15 Mattel further objects to this Request on the grounds that it calls for the disclosure

16 of information subject to the attorney-client privilege, the attorney work product

17 doctrine and other applicable privileges.

18 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 331:**

19         In addition to the general objections stated above which are incorporated

20 herein by reference, Mattel objects to this Request on the grounds that it is

21 overbroad, unduly burdensome and unintelligible, including in that it seeks all

22 documents on this subject without limitation as to time, and regardless of whether

23 such documents relate to products or matters at issue in this case. Mattel further

24 objects to the Request on the grounds that it seeks documents that are not relevant to

25 this action or likely to lead to the discovery of admissible evidence. Mattel further

26 objects to this Request on the grounds that it seeks confidential, proprietary and

27 trade secret information, including such information that has no bearing on the

28 claims or defenses in this case. Mattel further objects to this Request on the ground

1 | that it calls for the disclosure of information subject to the attorney-client privilege
2 | the attorney work-product doctrine and other applicable privileges.

3 |      Subject to the foregoing objections, Mattel responds as follows: Mattel will
4 | produce responsive, non-privileged documents relating to Joni Pratte's knowledge of
5 | the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in
6 | Mattel's possession, custody, or control, if any, that Mattel has been able to locate
7 | after a diligent search and reasonable inquiry, to the extent not previously produced.

8 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9 | **TO SHOULD BE COMPELLED**

10 |      Mattel has improperly limited its agreement to produce documents in
11 | response to this request, subject to its improper boilerplate objections.  Mattel has
12 | refused to confirm whether or not it has produced all non-privileged responsive
13 | documents or whether it is withholding documents based on its objections in Phase
14 | 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
15 | must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
16 | Generic objections that fail to explain the basis for an objection with specificity are
17 | routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
18 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
19 | 'overly burdensome and harassing' are improper – especially when a party fails to
20 | submit any evidentiary declarations supporting such objections").  Accordingly,
21 | Mattel must be compelled either to certify that it has produced all non-privileged
22 | responsive documents or to produce all such documents by a date certain.

23 |      To the extent that Mattel is relying on its blanket objections, they are not
24 | sustainable and do not justify Mattel's failure to produce documents.

25 |      As to overbreadth, Mattel provides no explanation, let alone the required
26 | particularity, as to why this request is supposedly overly broad, nor can it do so.
27 | This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
28 | (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

1  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
2  custody, or control concerning Pratte's alleged knowledge of "[t]he development and
3  ownership of intellectual property at issue." This area of information is taken
4  directly from Mattel's allegations regarding Pratte in its initial disclosures.
5  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
6  p. 15).

7      As to burden, Mattel has not attempted to demonstrate why responding to this
8  request and/or producing responsive documents presents any burden. This objection
9  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
10  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
11  unduly burdensome must allege specific facts which indicate the nature and extent
12  of the burden, usually by affidavit or other reliable evidence.").

13      Moreover, it is not unduly burdensome, as noted above, in that the request is
14  narrowly tailored to seek only discoverable evidence. Mattel has alleged that MGA
15  misappropriated its trade secrets. MGA is entitled to discovery on this claim.

16      This request does not seek documents protected by the attorney-client
17  privilege, the attorney work product doctrine, or other applicable privileges. To the
18  extent that Mattel contends that it does, Mattel must provide a privilege log.

19      This request seeks relevant information. Mattel identified Pratte in its initial
20  disclosures an individual with discoverable knowledge regarding "[t]he
21  development and ownership of intellectual property at issue." Rutowski Decl.
22  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 15).
23  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
24  Further, this information is relevant to, among other things, Mattel's trade secret
25  defense and MGA's claims of trade dress infringement.

26      Mattel's objection that the request seeks confidential, proprietary, and trade
27  secret information should be disregarded. The parties have entered into a protective
28  order in this matter, which governs the handling of confidential business

1   information.  Further, Mattel has put its confidential business information at issue in

2   this litigation, including but not limited to its trade secret misappropriation claim

3   Accordingly, it cannot resist discovery of confidential business information.

4       Finally, Mattel has improperly limited its agreement to produce to "the facts

5   at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

6   the individual is identified as being knowledgeable about certain topics in Mattel's

7   initial disclosures, Mattel's obligation to produce does not end with the facts that it

8   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

9   information from the individual on the topics identified, regardless of whether it

10  supports the facts as alleged by Mattel, MGA, or any other party.  <u>See</u> Order

11  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

12  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

13  MGA might be excluding documents that are responsive to the request based upon

14  its unilateral determination of what is 'relevant' or 'sufficient.'").

15      None of Mattel's improper objections are valid and Mattel is obligated to

16  produce all non-privileged responsive documents in its possession, custody, or

17  control.

18  **MATTEL'S RESPONSE:**

19      The term "RELATING TO ... alleged knowledge" as used in the request is

20  likewise overbroad.  The universe of documents that could "relate" to Pratte's

21  knowledge are potentially without limit.  The request is not confined to documents

22  in Pratte's possession or control; rather, all documents containing information that

23  Pratte coincidentally knows about the subjects at issue are subsumed within this

24  request.

25      MGA complains that Mattel has limited its responses  regarding individuals in

26  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

27  disclosures."  Mattel has produced all information as to these individuals that is

28  relevant or pertinent to this litigation.  There is nothing to compel.

1    Quite simply, there is nothing to compel. Mattel has produced responsive,
2  non-privileged documents relating to Pratte's knowledge of the facts at issue in this
3  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
4  custody or control.

5  **REQUEST FOR PRODUCTION NO. 332:**

6    All DOCUMENTS in Joni Pratte's possession or control REFERRING OR
7  RELATING TO her alleged knowledge of "[t]he development and ownership of
8  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

9  **RESPONSE TO REQUEST NO. 332:**

10    In addition to the general objections stated above which are incorporated
11  herein by reference, Mattel objects to this Request on the grounds that it is
12  overbroad, unduly burdensome and unintelligible, including in that it seeks all
13  documents on this subject without limitation as to time, and regardless of whether
14  such documents relate to products or matters at issue in this case. Mattel further
15  objects to the Request on the grounds that it seeks documents that are not relevant to
16  this action or likely to lead to the discovery of admissible evidence. Mattel further
17  objects to this Request on the grounds that it seeks confidential, proprietary and
18  trade secret information that has no bearing on the claims or defenses in this case.
19  Mattel further objects to this Request on the grounds that it calls for the disclosure
20  of information subject to the attorney-client privilege, the attorney work product
21  doctrine and other applicable privileges.

22  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 332:**

23    In addition to the general objections stated above which are incorporated
24  herein by reference, Mattel objects to this Request on the grounds that it is
25  overbroad, unduly burdensome and unintelligible, including in that it seeks all
26  documents on this subject without limitation as to time, and regardless of whether
27  such documents relate to products or matters at issue in this case. Mattel further
28  objects to the Request on the grounds that it seeks documents that are not relevant to

1 | this action or likely to lead to the discovery of admissible evidence. Mattel further
2 | objects to this Request on the grounds that it seeks confidential, proprietary and
3 | trade secret information, including such information that has no bearing on the
4 | claims or defenses in this case. Mattel further objects to this Request on the ground
5 | that it calls for the disclosure of information subject to the attorney-client privilege
6 | the attorney work-product doctrine and other applicable privileges.

7 | Subject to the foregoing objections, Mattel responds as follows: Mattel will
8 | produce responsive, non-privileged documents relating to Joni Pratte's knowledge of
9 | the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in
10 | Mattel's possession, custody, or control, if any, that Mattel has been able to locate
11 | after a diligent search and reasonable inquiry, to the extent not previously produced.

12 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
13 | **TO SHOULD BE COMPELLED**

14 | Mattel has improperly limited its agreement to produce documents in
15 | response to this request, subject to its improper boilerplate objections. Mattel has
16 | refused to confirm whether or not it has produced all non-privileged responsive
17 | documents or whether it is withholding documents based on its objections in Phase
18 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
19 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
20 | Generic objections that fail to explain the basis for an objection with specificity are
21 | routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
22 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
23 | 'overly burdensome and harassing' are improper – especially when a party fails to
24 | submit any evidentiary declarations supporting such objections").

25 | Accordingly, Mattel must be compelled either to certify that it has produced
26 | all non-privileged responsive documents or to produce all such documents by a date
27 | certain.

28 |

1      To the extent that Mattel is relying on its blanket objections, they are not

2  sustainable and do not justify Mattel's failure to produce documents.

3      As to overbreadth, Mattel provides no explanation, let alone the required

4  particularity, as to why this request is supposedly overly broad, nor can it do so.

5  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

6  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

7  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

8  custody, or control concerning Pratte's alleged knowledge of "[t]he development and

9  ownership of intellectual property at issue." This area of information is taken

10 directly from Mattel's allegations regarding Pratte in its initial disclosures.

11 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

12 p. 15).

13     As to burden, Mattel has not attempted to demonstrate why responding to this

14 request and/or producing responsive documents presents any burden. This objection

15 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

16 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

17 unduly burdensome must allege specific facts which indicate the nature and extent

18 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

19 unduly burdensome, as noted above, in that the request is narrowly tailored to seek

20 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

21 secrets. MGA is entitled to discovery on this claim.

22     This request does not seek documents protected by the attorney-client

23 privilege, the attorney work product doctrine, or other applicable privileges. To the

24 extent that Mattel contends that it does, Mattel must provide a privilege log.

25     This request seeks relevant information. Mattel identified Pratte in its initial

26 disclosures an individual with discoverable knowledge regarding "[t]he

27 development and ownership of intellectual property at issue." Rutowski Decl.

28 Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 15).

1 Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
2 Further, this information is relevant to, among other things, Mattel's trade secret
3 defense and MGA's claims of trade dress infringement.

4    Mattel's objection that the request seeks confidential, proprietary, and trade
5 secret information should be disregarded. The parties have entered into a protective
6 order in this matter, which governs the handling of confidential business
7 information. Further, Mattel has put its confidential business information at issue in
8 this litigation, including but not limited to its trade secret misappropriation claim
9 Accordingly, it cannot resist discovery of confidential business information.

10    Finally, Mattel has improperly limited its agreement to produce to "the facts
11 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
12 the individual is identified as being knowledgeable about certain topics in Mattel's
13 initial disclosures, Mattel's obligation to produce does not end with the facts that it
14 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
15 information from the individual on the topics identified, regardless of whether it
16 supports the facts as alleged by Mattel, MGA, or any other party. See Order
17 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
18 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
19 MGA might be excluding documents that are responsive to the request based upon
20 its unilateral determination of what is 'relevant' or 'sufficient.'").

21    None of Mattel's improper objections are valid and Mattel is obligated to
22 produce all non-privileged responsive documents in its possession, custody, or
23 control.

24 **MATTEL'S RESPONSE:**

25    MGA complains that Mattel has limited its responses regarding individuals in
26 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
27 disclosures." Mattel has produced all information as to these individuals that is
28 relevant or pertinent to this litigation. There is nothing to compel.

1   Quite simply, there is nothing to compel.  Mattel has produced responsive,

2   non-privileged documents relating to Pratte's knowledge of the facts at issue in this

3   litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

4   custody or control.

5   **REQUEST FOR PRODUCTION NO. 333:**

6   All DOCUMENTS REFERRING OR RELATING TO Jacqueline Ramona

7   Prince's alleged knowledge of "[d]esign and development of Bratz and Bryant's

8   work with or for MGA during his Mattel employment" and "Bryant's breach of

9   obligations to Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

10  **RESPONSE TO REQUEST NO. 333:**

11  In addition to the general objections stated above which are incorporated

12  herein by reference, Mattel objects to this Request on the grounds that it is

13  overbroad, unduly burdensome and unintelligible, including in that it seeks all

14  documents on this subject without limitation as to time, and regardless of whether

15  such documents relate to products or matters at issue in this case.  Mattel further

16  objects to the Request on the grounds that it seeks documents that are not relevant to

17  this action or likely to lead to the discovery of admissible evidence.  Mattel further

18  objects to this Request on the grounds that it seeks confidential, proprietary and

19  trade secret information that has no bearing on the claims or defenses in this case.

20  Mattel further objects to this Request on the grounds that it calls for the disclosure

21  of information subject to the attorney-client privilege, the attorney work product

22  doctrine and other applicable privileges.

23  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 333:**

24  In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  overbroad, unduly burdensome and unintelligible, including in that it seeks all

27  documents on this subject without limitation as to time, and regardless of whether

28  such documents relate to products or matters at issue in this case.  Mattel further

1  objects to the Request on the grounds that it seeks documents that are not relevant to
2  this action or likely to lead to the discovery of admissible evidence.  Mattel further
3  objects to this Request on the grounds that it calls for documents or information in
4  the possession, custody or control of MGA and/or Bryant, including without
5  limitation documents and information that MGA and Bryant have been compelled
6  by Court orders to produce but have not produced.  Mattel further object to this
7  Request on the grounds that it seeks confidential, proprietary and trade secret
8  information, including such information that has no bearing on the claims or
9  defenses in this case.  Mattel further objects to this Request on the grounds that it
10 calls for the disclosure of information subject to the attorney-client privilege, the
11 attorney work-product doctrine and other applicable privileges.

12      Subject to the foregoing objections, Mattel responds as follows: Mattel will
13 produce responsive, non-privileged documents relating to Jacqueline Ramona
14 Prince's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
15 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
16 has been able to locate after a diligent search and reasonable inquiry, to the extent
17 not previously produced.

18 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
19 **TO SHOULD BE COMPELLED**

20      Mattel has improperly limited its agreement to produce documents in
21 response to this request, subject to its improper boilerplate objections.  Mattel has
22 refused to confirm whether or not it has produced all non-privileged responsive
23 documents or whether it is withholding documents based on its objections in Phase
24 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
25 must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
26 Generic objections that fail to explain the basis for an objection with specificity are
27 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
28 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

1  'overly burdensome and harassing' are improper – especially when a party fails to
2  submit any evidentiary declarations supporting such objections"). Accordingly,
3  Mattel must be compelled either to certify that it has produced all non-privileged
4  responsive documents or to produce all such documents by a date certain.

5      To the extent that Mattel is relying on its blanket objections, they are not
6  sustainable and do not justify Mattel's failure to produce documents.

7      As to overbreadth, Mattel provides no explanation, let alone the required
8  particularity, as to why this request is supposedly overly broad, nor can it do so.
9  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
10  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
11  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
12  custody, or control concerning Prince's alleged knowledge of "[d]esign and
13  development of Bratz and Bryant's work with or for MGA during his Mattel
14  employment" and "Bryant's breach of obligations to Mattel." This area of
15  information is taken directly from Mattel's allegations regarding Prince in its initial
16  disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
17  Jan. 5, 2007, p. 15).

18     As to burden, Mattel has not attempted to demonstrate why responding to this
19  request and/or producing responsive documents presents any burden. This objection
20  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
21  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
22  unduly burdensome must allege specific facts which indicate the nature and extent
23  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
24  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
25  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
26  secrets. MGA is entitled to discovery on this claim.

27

28

1    This request does not seek documents protected by the attorney-client
2    privilege, the attorney work product doctrine, or other applicable privileges. To the
3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    This request seeks relevant information. Mattel identified Prince in its initial
5    disclosures an individual with discoverable knowledge regarding "[d]esign and
6    development of Bratz and Bryant's work with or for MGA during his Mattel
7    employment" and "Bryant's breach of obligations to Mattel." Rutowski Decl. Ex. 56
8    (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 15). Accordingly,
9    Mattel's initial disclosures demonstrate the relevance of this request. Further, this
10   information is relevant to, among other things, Mattel's trade secret defense, MGA's
11   claims of trade dress infringement, and MGA's affirmative defenses of statute of
12   limitations and laches.

13   Mattel's objection that the request seeks information within MGA's
14   possession, custody or control is nonsensical and lacks factual support. Mattel
15   makes no argument, let alone a factual showing, that any documents in MGA's
16   possession are duplicative of documents within Mattel's control. MGA is entitled to
17   discovery from Mattel of documents within its possession, custody, or control that
18   relate to the subject of this suit. Mattel cannot avoid this obligation by making a
19   conclusory statement that MGA also possesses responsive documents.

20   Mattel's objection that the request seeks confidential, proprietary, and trade
21   secret information should be disregarded. The parties have entered into a protective
22   order in this matter, which governs the handling of confidential business
23   information. Further, Mattel has put its confidential business information at issue in
24   this litigation, including but not limited to its trade secret misappropriation claim
25   Accordingly, it cannot resist discovery of confidential business information.

26   Finally, Mattel has improperly limited its agreement to produce to "the facts
27   at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
28   the individual is identified as being knowledgeable about certain topics in Mattel's

1   initial disclosures, Mattel's obligation to produce does not end with the facts that it

2   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

3   information from the individual on the topics identified, regardless of whether it

4   supports the facts as alleged by Mattel, MGA, or any other party.  See Order

5   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

6   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

7   MGA might be excluding documents that are responsive to the request based upon

8   its unilateral determination of what is 'relevant' or 'sufficient.'").

9       None of Mattel's improper objections are valid and Mattel is obligated to

10   produce all non-privileged responsive documents in its possession, custody, or

11   control.

12   **MATTEL'S RESPONSE:**

13       MGA's request is duplicative of previous requests for which Mattel has

14   produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to

15   produce documents responsive to MGA's First Set of Requests for the Production of

16   Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[165]  Request Nos.

17   180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including

18   his work at Mattel and MGA and the design and development of Bratz.   Request

19   No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring

20   or relating to BRYANT."[166]  On September 11, 2007, Discovery Master Infante

21   granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and

22   260.[167]  Pursuant to this order, Mattel produced documents responsive to these

23   requests. Mattel has since confirmed that it has produced responsive, non-privileged

24

25   [165] See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.

26   [166] See MGA's First Set of Requests for the Production of Documents and

27   Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

[167] See September 12, 2007 Order Granting in Part and Denying in Part MGA's

28   Motion to Compel, at 7-10, Dart Decl., Exh. 9.

1 documents to these requests in its Third Supplemental Responses to MGA's First
2 Set of Requests for Production.[168]  There is nothing additional to compel and
3 MGA's motion is moot.

4     The term "RELATING TO ... alleged knowledge" as used in the request is
5 likewise overbroad.  The universe of documents that could "relate" to Prince's
6 knowledge are potentially without limit.  The request is not confined to documents
7 in Prince's possession or control; rather, all documents containing information that
8 Prince coincidentally knows about the subjects at issue are subsumed within this
9 request.

10     MGA complains that Mattel has limited its responses regarding individuals in
11 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
12 disclosures."  Mattel has produced all information as to these individuals that is
13 relevant or pertinent to this litigation.  There is nothing to compel.

14     Quite simply, there is nothing to compel.  Mattel has produced responsive,
15 non-privileged documents relating to Prince's knowledge of the facts at issue in this
16 litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
17 custody or control.

18 **REQUEST FOR PRODUCTION NO. 334:**

19     All DOCUMENTS REFERRING OR RELATING TO Andrea Ramirez's
20 alleged knowledge of "MGA's access to Mattel's intellectual property and trade
21 secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
22 DISCLOSURES.

23 **RESPONSE TO REQUEST NO. 334:**

24     In addition to the general objections stated above which are incorporated
25 herein by reference, Mattel objects to this Request on the grounds that it is
26 overbroad, unduly burdensome and unintelligible, including in that it seeks all

27     [168]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28 for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1 documents on this subject without limitation as to time, and regardless of whether
2 such documents relate to products or matters at issue in this case. Mattel further
3 objects to the Request on the grounds that it seeks documents that are not relevant to
4 this action or likely to lead to the discovery of admissible evidence. Mattel further
5 objects to this Request on the grounds that it seeks confidential, proprietary and
6 trade secret information that has no bearing on the claims or defenses in this case.
7 Mattel further objects to this Request on the grounds that it calls for the disclosure
8 of information subject to the attorney-client privilege, the attorney work product
9 doctrine and other applicable privileges.

10 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 334:**

11     In addition to the general objections stated above which are incorporated
12 herein by reference, Mattel objects to this Request on the grounds that it is
13 overbroad, unduly burdensome and unintelligible, including in that it seeks all
14 documents on this subject without limitation as to time, and regardless of whether
15 such documents relate to products or matters at issue in this case. Mattel further
16 objects to the Request on the grounds that it seeks documents that are not relevant to
17 this action or likely to lead to the discovery of admissible evidence. Mattel further
18 objects to this Request on the grounds that it seeks confidential, proprietary and
19 trade secret information, including such information that has no bearing on the
20 claims or defenses in this case. Mattel further objects to this Request on the ground
21 that it calls for the disclosure of information subject to the attorney-client privilege
22 the attorney work-product doctrine and other applicable privileges.

23     Subject to the foregoing objections, Mattel responds as follows: Mattel ill
24 produce responsive, non-privileged documents relating to Andrea Ramirez's
25 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
26 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
27 has been able to locate after a diligent search and reasonable inquiry, to the extent
28 not previously produced.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Ramirez's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA's business practices." This area of information is taken directly from Mattel's allegations regarding Ramirez in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 15).

1    As to burden, Mattel has not attempted to demonstrate why responding to this
2    request and/or producing responsive documents presents any burden. This objection
3    must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
4    F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
5    unduly burdensome must allege specific facts which indicate the nature and extent
6    of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
7    unduly burdensome, as noted above, in that the request is narrowly tailored to seek
8    only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
9    secrets. MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client
11    privilege, the attorney work product doctrine, or other applicable privileges. To the
12    extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information. Mattel identified Ramirez in its
14    initial disclosures an individual with discoverable knowledge regarding "MGA's
15    access to Mattel's intellectual property and trade secrets" and "MGA business
16    practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
17    Jan. 5, 2007, p. 15). Accordingly, Mattel's initial disclosures demonstrate the
18    relevance of this request. Further, this information is relevant to, among other
19    things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
20    MGA's affirmative defenses of statute of limitations and laches.

21    Mattel's objection that the request seeks confidential, proprietary, and trade
22    secret information should be disregarded. The parties have entered into a protective
23    order in this matter, which governs the handling of confidential business
24    information. Further, Mattel has put its confidential business information at issue in
25    this litigation, including but not limited to its trade secret misappropriation claim
26    Accordingly, it cannot resist discovery of confidential business information.

27    Finally, Mattel has improperly limited its agreement to produce to "the facts
28    at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

-791

1   the individual is identified as being knowledgeable about certain topics in Mattel's
2   initial disclosures, Mattel's obligation to produce does not end with the facts that it
3   has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
4   information from the individual on the topics identified, regardless of whether it
5   supports the facts as alleged by Mattel, MGA, or any other party. See Order
6   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
7   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
8   MGA might be excluding documents that are responsive to the request based upon
9   its unilateral determination of what is 'relevant' or 'sufficient.'").

10      None of Mattel's improper objections are valid and Mattel is obligated to
11  produce all non-privileged responsive documents in its possession, custody, or
12  control.

13  **MATTEL'S RESPONSE:**

14      MGA ignores that (i) Mattel has produced its non-privileged, responsive
15  documents, as it agreed to do, and that (ii) most information sought by this request is
16  within MGA's possession, custody or control, and is equally if not more readily
17  available to MG Ramirez is an employee of MGA. MGA gives no reason why it
18  requests information from Mattel regarding its *own company* and its *own employee*,
19  other than to say that "this area of information is taken directly from Mattel's
20  allegations regarding Ramirez in its initial disclosures." Indeed, it appears that
21  MGA merely cut and paste its request from Mattel's initial disclosures without
22  consideration as to what information Mattel may have that is already within MGA's
23  possession, custody or control.

24      MGA's conclusory arguments also ignore that the Request is facially
25  overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
26  Civil Procedure do not permit MGA to use broad discovery requests untethered to
27  any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion
28  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

1  See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

2  Cir. 2004) ("District courts need not condone the use of discovery to engage in

3  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to

4  Ramirez's knowledge of extremely broad subjects—including █████████████

5  ████████  MGA makes no attempt to link this request with the claims and defenses

6  in this case.  For example, Ramirez may have knowledge of MGA's retirement

7  plans, health benefits, OSHA compliance, sexual harassment policies, or any

8  number of subjects regarding business practices at MGA which clearly fall outside

9  the narrow scope required by the Discovery Master. Because MGA has not linked

10  its broad request to any of the numerous and far-ranging allegations of unfair

11  competition set forth in its complaint, the Discovery Master should uphold Mattel's

12  overbreadth objection.

13      The term "RELATING TO … alleged knowledge" as used in the request is

14  likewise overbroad.  The universe of documents that could "relate" to Ramirez's

15  knowledge are potentially without limit.  The request is not confined to documents

16  in Ramirez's possession or control; rather, all documents containing information that

17  Ramirez coincidentally knows about the subjects at issue are subsumed within this

18  request.

19      MGA complains that Mattel has limited its responses  regarding individuals in

20  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

21  disclosures."  Mattel has produced all information as to these individuals that is

22  relevant or pertinent to this litigation.  There is nothing to compel.

23      Quite simply, there is nothing to compel.  Mattel has produced responsive,

24  non-privileged documents relating to Ramirez's knowledge of the facts at issue in

25  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

26  possession, custody or control.

27

28

1  **REQUEST FOR PRODUCTION NO. 335:**

2      All DOCUMENTS REFERRING OR RELATING TO Jessie Ramirez's

3  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or

4  for MGA during his Mattel employment," as alleged in MATTEL'S INITIAL

5  DISCLOSURES.

6  **RESPONSE TO REQUEST NO. 335:**

7      In addition to the general objections stated above which are incorporated

8  herein by reference, Mattel objects to this Request on the grounds that it is

9  overbroad, unduly burdensome and unintelligible, including in that it seeks all

10  documents on this subject without limitation as to time, and regardless of whether

11  such documents relate to products or matters at issue in this case. Mattel further

12  objects to the Request on the grounds that it seeks documents that are not relevant to

13  this action or likely to lead to the discovery of admissible evidence. Mattel further

14  objects to this Request on the grounds that it seeks confidential, proprietary and

15  trade secret information that has no bearing on the claims or defenses in this case.

16  Mattel further objects to this Request on the grounds that it calls for the disclosure

17  of information subject to the attorney-client privilege, the attorney work product

18  doctrine and other applicable privileges.

19  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 335:**

20      In addition to the general objections stated above which are incorporated

21  herein by reference, Mattel objects to this Request on the grounds that it is

22  overbroad, unduly burdensome and unintelligible, including in that it seeks all

23  documents on this subject without limitation as to time, and regardless of whether

24  such documents relate to products or matters at issue in this case. Mattel further

25  objects to this Request on the grounds that it calls for documents or information in

26  the possession, custody or control of MGA, including without limitation document

27  and information that MGA has been compelled by Court orders to produce but has

28  not produced. Mattel further objects to this Request on the grounds that it seeks

1  confidential, proprietary and trade secret information, including such information

2  that has no bearing on the claims or defenses in this case. Mattel further objects to

3  this Request on the grounds that it calls for the disclosure of information subject to

4  the attorney-client privilege, the attorney work-product doctrine and other applicable

5  privileges.

6  Subject to the foregoing objections, Mattel responds as follows: Mattel ill

7  produce responsive, non-privileged documents relating to Jessie Ramirez's

8  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

9  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

10  has been able to locate after a diligent search and reasonable inquiry, to the extent

11  not previously produced.

12  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

13  **TO SHOULD BE COMPELLED**

14  Mattel has improperly limited its agreement to produce documents in

15  response to this request, subject to its improper boilerplate objections. Mattel has

16  refused to confirm whether or not it has produced all non-privileged responsive

17  documents or whether it is withholding documents based on its objections in Phase

18  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

19  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

20  Generic objections that fail to explain the basis for an objection with specificity are

21  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

22  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

23  'overly burdensome and harassing' are improper – especially when a party fails to

24  submit any evidentiary declarations supporting such objections"). Accordingly,

25  Mattel must be compelled either to certify that it has produced all non-privileged

26  responsive documents or to produce all such documents by a date certain.

27  To the extent that Mattel is relying on its blanket objections, they are not

28  sustainable and do not justify Mattel's failure to produce documents.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1    As to overbreadth, Mattel provides no explanation, let alone the required
2  particularity, as to why this request is supposedly overly broad, nor can it do so.
3  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
4  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
5  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
6  custody, or control concerning Ramirez's alleged knowledge of "[d]esign and
7  development of Bratz and Bryant' s work with or for MGA during his Mattel
8  employment." This area of information is taken directly from Mattel's allegations
9  regarding Ramirez in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's
10  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 15).

11    As to burden, Mattel has not attempted to demonstrate why responding to this
12  request and/or producing responsive documents presents any burden. This objection
13  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
14  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
15  unduly burdensome must allege specific facts which indicate the nature and extent
16  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
17  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
18  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
19  secrets. MGA is entitled to discovery on this claim.

20    This request does not seek documents protected by the attorney-client
21  privilege, the attorney work product doctrine, or other applicable privileges. To the
22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23    This request seeks relevant information. Mattel identified Ramirez in its
24  initial disclosures an individual with discoverable knowledge regarding "[d]esign
25  and development of Bratz and Bryant' s work with or for MGA during his Mattel
26  employment." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures,
27  dated Jan. 5, 2007, p. 15). Accordingly, Mattel's initial disclosures demonstrate th
28  relevance of this request. Further, this information is relevant to, among other

1   things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
2   MGA's affirmative defenses of statute of limitations and laches.

3       Mattel's objection that the request seeks information within MGA's
4   possession, custody or control is nonsensical and lacks factual support. Mattel
5   makes no argument, let alone a factual showing, that any documents in MGA's
6   possession are duplicative of documents within Mattel's control. MGA is entitled to
7   discovery from Mattel of documents within its possession, custody, or control that
8   relate to the subject of this suit. Mattel cannot avoid this obligation by making a
9   conclusory statement that MGA also possesses responsive documents.

10      Mattel's objection that the request seeks confidential, proprietary, and trade
11  secret information should be disregarded. The parties have entered into a protective
12  order in this matter, which governs the handling of confidential business
13  information. Further, Mattel has put its confidential business information at issue in
14  this litigation, including but not limited to its trade secret misappropriation claim
15  Accordingly, it cannot resist discovery of confidential business information.

16      Finally, Mattel has improperly limited its agreement to produce to "the facts
17  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
18  the individual is identified as being knowledgeable about certain topics in Mattel's
19  initial disclosures, Mattel's obligation to produce does not end with the facts that it
20  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
21  information from the individual on the topics identified, regardless of whether it
22  supports the facts as alleged by Mattel, MGA, or any other party. See Order
23  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
24  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
25  MGA might be excluding documents that are responsive to the request based upon
26  its unilateral determination of what is 'relevant' or 'sufficient.'").

27

28

1   None of Mattel's improper objections are valid and Mattel is obligated to
2   produce all non-privileged responsive documents in its possession, custody, or
3   control.

4   **MATTEL'S RESPONSE:**

5   Mattel has produced all documents responsive to this request. MGA's request
6   is duplicative of previous requests for which Mattel has produced responsive
7   documents. On July 3, 2007, MGA moved to compel Mattel to produce documents
8   responsive to MGA's First Set of Requests for the Production of Documents and
9   Things in Mattel v. Bryant, Case No. CV04-9059.[169]  Request Nos. 180-183, 186-
10  187, 258 and 260 sought all documents pertaining to Bryant, including his work at
11  Mattel and MGA and the design and development of Bratz.  Request No. 180, the
12  broadest request, asked for "all DOCUMENTS mentioning, referring or relating to
13  BRYANT."[170]  On September 11, 2007, Discovery Master Infante granted MGA's
14  motion to compel as to Request Nos. 180-183, 186-187, 258 and 260.[171]  Pursuant to
15  this order, Mattel produced documents responsive to these requests. Mattel has since
16  confirmed that it has produced responsive, non-privileged documents to these
17  requests in its Third Supplemental Responses to MGA's First Set of Requests for
18  Production.[172]  There is nothing additional to compel and MGA's motion is moot.

19  The term "RELATING TO … alleged knowledge" as used in the request is
20  likewise overbroad.  The universe of documents that could "relate" to Ramirez's
21  knowledge are potentially without limit.  The request is not confined to documents
22  in Ramirez's possession or control; rather, all documents containing information that

---

23  [169]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
24  Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
25  [170]  See MGA's First Set of Requests for the Production of Documents and
    Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
26  [171]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's
27  Motion to Compel, at 7-10, Dart Decl., Exh. 9.
    [172]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28  for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1   Ramirez coincidentally knows about the subjects at issue are subsumed within this
2   request.

3       MGA complains that Mattel has limited its responses regarding individuals in
4   Mattel's Initial Disclosures to information "as alleged in Mattel's initial
5   disclosures." Mattel has produced all information as to these individuals that is
6   relevant or pertinent to this litigation. There is nothing to compel.

7       Quite simply, there is nothing to compel. Mattel has produced responsive,
8   non-privileged documents relating to Ramirez's knowledge of the facts at issue in
9   this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
10  possession, custody or control.

11  **REQUEST FOR PRODUCTION NO. 336:**

12      All DOCUMENTS REFERRING OR RELATING TO Erika Rangel's alleged
13  knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and
14  "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

15  **RESPONSE TO REQUEST NO. 336:**

16      In addition to the general objections stated above which are incorporated
17  herein by reference, Mattel objects to this Request on the grounds that it is
18  overbroad, unduly burdensome and unintelligible, including in that it seeks all
19  documents on this subject without limitation as to time, and regardless of whether
20  such documents relate to products or matters at issue in this case. Mattel further
21  objects to the Request on the grounds that it seeks documents that are not relevant to
22  this action or likely to lead to the discovery of admissible evidence. Mattel further
23  objects to this Request on the grounds that it seeks confidential, proprietary and
24  trade secret information that has no bearing on the claims or defenses in this case.
25  Mattel further objects to this Request on the grounds that it calls for the disclosure
26  of information subject to the attorney-client privilege, the attorney work product
27  doctrine and other applicable privileges.

28

1 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 336:**

2      In addition to the general objections stated above which are incorporated

3 herein by reference, Mattel objects to this Request on the grounds that it is

4 overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 documents on this subject without limitation as to time, and regardless of whether

6 such documents relate to products or matters at issue in this case.  Mattel further

7 objects to the Request on the grounds that it seeks documents that are not relevant to

8 this action or likely to lead to the discovery of admissible evidence.  Mattel further

9 objects to this Request on the grounds that it calls for documents or information in

10 the possession, custody or control of MGA, including without limitation documents

11 and information that MGA has been compelled by Court orders to produce but has

12 not produced.  Mattel further objects to this Request on the grounds that it seeks

13 confidential, proprietary and trade secret information, including such information

14 that has no bearing on the claims or defenses in this case.  Mattel further objects to

15 this Request on the grounds that it calls for the disclosure of information subject to

16 the attorney-client privilege, the attorney work product doctrine and other applicable

17 privileges.

18      Subject to the foregoing objections, Mattel responds as follows: Mattel will

19 produce responsive, non-privileged documents relating to Erika Rangel's knowledge

20 of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

21 in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

22 after a diligent search and reasonable inquiry, to the extent not previously produced.

23 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

24 **TO SHOULD BE COMPELLED**

25      Mattel has improperly limited its agreement to produce documents in

26 response to this request, subject to its improper boilerplate objections.  Mattel has

27 refused to confirm whether or not it has produced all non-privileged responsive

28 documents or whether it is withholding documents based on its objections in Phase