1   2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

2 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

3 Generic objections that fail to explain the basis for an objection with specificity are

4 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

5 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

6 'overly burdensome and harassing' are improper – especially when a party fails to

7 submit any evidentiary declarations supporting such objections"). Accordingly,

8 Mattel must be compelled either to certify that it has produced all non-privileged

9 responsive documents or to produce all such documents by a date certain.

10       To the extent that Mattel is relying on its blanket objections, they are not

11 sustainable and do not justify Mattel's failure to produce documents.

12       As to overbreadth, Mattel provides no explanation, let alone the required

13 particularity, as to why this request is supposedly overly broad, nor can it do so.

14 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

15 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

16 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

17 custody, or control concerning Rangel's alleged knowledge of "MGA's access to

18 Mattel's intellectual property and trade secrets" and "MGA's business practices."

19 This area of information is taken directly from Mattel's allegations regarding Rangel

20 in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

21 Disclosures, dated Jan. 5, 2007, p. 15).

22       As to burden, Mattel has not attempted to demonstrate why responding to this

23 request and/or producing responsive documents presents any burden. This objection

24 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

25 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

26 unduly burdensome must allege specific facts which indicate the nature and extent

27 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

28 unduly burdensome, as noted above, in that the request is narrowly tailored to seek

1 | only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
2 | secrets. MGA is entitled to discovery on this claim.

3 |     This request does not seek documents protected by the attorney-client
4 | privilege, the attorney work product doctrine, or other applicable privileges. To the
5 | extent that Mattel contends that it does, Mattel must provide a privilege log.

6 |     This request seeks relevant information. Mattel identified Rangel in its initial
7 | disclosures an individual with discoverable knowledge regarding "MGA's access to
8 | Mattel's intellectual property and trade secrets" and "MGA business practices."
9 | Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
10 | p. 15). Accordingly, Mattel's initial disclosures demonstrate the relevance o this
11 | request. Further, this information is relevant to, among other things, Mattel's trade
12 | secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
13 | defenses of statute of limitations and laches.

14 |     Mattel's objection that the request seeks information within MGA's
15 | possession, custody or control is nonsensical and lacks factual support. Mattel
16 | makes no argument, let alone a factual showing, that any documents in MGA's
17 | possession are duplicative of documents within Mattel's control. MGA is entitled to
18 | discovery from Mattel of documents within its possession, custody, or control that
19 | relate to the subject of this suit. Mattel cannot avoid this obligation by making a
20 | conclusory statement that MGA also possesses responsive documents.

21 |     Mattel's objection that the request seeks confidential, proprietary, and trade
22 | secret information should be disregarded. The parties have entered into a protective
23 | order in this matter, which governs the handling of confidential business
24 | information. Further, Mattel has put its confidential business information at issue in
25 | this litigation, including but not limited to its trade secret misappropriation claim
26 | Accordingly, it cannot resist discovery of confidential business information.

27 |     Finally, Mattel has improperly limited its agreement to produce to "the facts
28 | at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

1 the individual is identified as being knowledgeable about certain topics in Mattel's
2 initial disclosures, Mattel's obligation to produce does not end with the facts that it
3 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
4 information from the individual on the topics identified, regardless of whether it
5 supports the facts as alleged by Mattel, MGA, or any other party. See Order
6 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
7 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
8 MGA might be excluding documents that are responsive to the request based upon
9 its unilateral determination of what is 'relevant' or 'sufficient.'").

10　　　None of Mattel's improper objections are valid and Mattel is obligated to
11 produce all non-privileged responsive documents in its possession, custody, or
12 control.

13 **MATTEL'S RESPONSE:**

14　　　MGA ignores that (i) Mattel has produced its non-privileged, responsive
15 documents, as it agreed to do, and that (ii) most information sought by this request is
16 within MGA's possession, custody or control, and is equally if not more readily
17 available to MG Rangel is an employee of MGA. MGA gives no reason why it
18 requests information from Mattel regarding its *own company* and its *own employee*,
19 other than to say that "this area of information is taken directly from Mattel's
20 allegations regarding Rangel in its initial disclosures." Indeed, it appears that MGA
21 merely cut and paste its request from Mattel's initial disclosures without
22 consideration as to what information Mattel may have that is already within MGA's
23 possession, custody or control.

24　　　MGA's conclusory arguments also ignore that the Request is facially
25 overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
26 Civil Procedure do not permit MGA to use broad discovery requests untethered to
27 any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion
28 for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

1   See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

2   Cir. 2004) ("District courts need not condone the use of discovery to engage in

3   'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to

4   Rangel's knowledge of extremely broad subjects—including ▇▇▇▇▇▇▇▇▇▇

5   ▇▇▇▇▇   MGA makes no attempt to link this request with the claims and defenses

6   in this case. For example, Rangel may have knowledge of MGA's retirement plans,

7   health benefits, OSHA compliance, sexual harassment policies, or any number of

8   subjects regarding business practices at MGA which clearly fall outside the narrow

9   scope required by the Discovery Master. Because MGA has not linked its broad

10  request to any of the numerous and far-ranging allegations of unfair competition set

11  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth

12  objection.

13      The term "RELATING TO ... alleged knowledge" as used in the request is

14  likewise overbroad. The universe of documents that could "relate" to Rangel's

15  knowledge are potentially without limit. The request is not confined to documents

16  in Rangel's possession or control; rather, all documents containing information that

17  Rangel coincidentally knows about the subjects at issue are subsumed within this

18  request.

19      MGA complains that Mattel has limited its responses regarding individuals in

20  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

21  disclosures." Mattel has produced all information as to these individuals that is

22  relevant or pertinent to this litigation. There is nothing to compel.

23      Quite simply, there is nothing to compel. Mattel has produced responsive,

24  non-privileged documents relating to Rangel's knowledge of the facts at issue in this

25  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

26  custody or control.

27

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1 **REQUEST FOR PRODUCTION NO. 337:**

2      All DOCUMENTS REFERRING OR RELATING TO Lee Ratleff's alleged
3 knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and
4 "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

5 **RESPONSE TO REQUEST NO. 337:**

6      In addition to the general objections stated above which are incorporated
7 herein by reference, Mattel objects to this Request on the grounds that it is
8 overbroad, unduly burdensome and unintelligible, including in that it seeks all
9 documents on this subject without limitation as to time, and regardless of whether
10 such documents relate to products or matters at issue in this case. Mattel further
11 objects to the Request on the grounds that it seeks documents that are not relevant to
12 this action or likely to lead to the discovery of admissible evidence. Mattel further
13 objects to this Request on the grounds that it seeks confidential, proprietary and
14 trade secret information that has no bearing on the claims or defenses in this case.
15 Mattel further objects to this Request on the grounds that it calls for the disclosure
16 of information subject to the attorney-client privilege, the attorney work product
17 doctrine and other applicable privileges.

18 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 337:**

19      In addition to the general objections stated above which are incorporated
20 herein by reference, Mattel objects to this Request on the grounds that it is
21 overbroad, unduly burdensome and unintelligible, including in that it seeks all
22 documents on this subject without limitation as to time, and regardless of whether
23 such documents relate to products or matters at issue in this case. Mattel further
24 objects to the Request on the grounds that it seeks documents that are not relevant to
25 this action or likely to lead to the discovery of admissible evidence. Mattel further
26 objects to this Request on the grounds that it calls for documents or information in
27 the possession, custody or control of MGA, including without limitation documents
28 and information that MGA has been compelled by Court orders to produce but has

1  not produced. Mattel further objects to this Request on the grounds that it seeks
2  confidential, proprietary and trade secret information, including such information
3  that has no bearing on the claims or defenses in this case. Mattel further objects to
4  this Request on the grounds that it calls for the disclosure of information subject to
5  the attorney-client privilege, the attorney work product doctrine and other applicable
6  privileges.

7       Subject to the foregoing objections, Mattel responds as follows: Mattel will
8  produce responsive, non-privileged documents relating to Lee Ratleff's knowledge
9  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
10 in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
11 after a diligent search and reasonable inquiry, to the extent not previously produced.

12 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
13 **TO SHOULD BE COMPELLED**

14      Mattel has improperly limited its agreement to produce documents in
15 response to this request, subject to its improper boilerplate objections. Mattel has
16 refused to confirm whether or not it has produced all non-privileged responsive
17 documents or whether it is withholding documents based on its objections in Phase
18 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
19 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
20 Generic objections that fail to explain the basis for an objection with specificity are
21 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
22 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
23 'overly burdensome and harassing' are improper – especially when a party fails to
24 submit any evidentiary declarations supporting such objections"). Accordingly,
25 Mattel must be compelled either to certify that it has produced all non-privileged
26 responsive documents or to produce all such documents by a date certain.

27      To the extent that Mattel is relying on its blanket objections, they are not
28 sustainable and do not justify Mattel's failure to produce documents.

1    As to overbreadth, Mattel provides no explanation, let alone the required
2 particularity, as to why this request is supposedly overly broad, nor can it do so.
3 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
4 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
5 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
6 custody, or control concerning Ratleff's alleged knowledge of "MGA's access to
7 Mattel's intellectual property and trade secrets" and "MGA's business practices."
8 This area of information is taken directly from Mattel's allegations regarding Ratleff
9 in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
10 Disclosures, dated Jan. 5, 2007, p. 15).

11    As to burden, Mattel has not attempted to demonstrate why responding to this
12 request and/or producing responsive documents presents any burden. This objection
13 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
14 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
15 unduly burdensome must allege specific facts which indicate the nature and extent
16 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
17 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
18 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
19 secrets. MGA is entitled to discovery on this claim.

20    This request does not seek documents protected by the attorney-client
21 privilege, the attorney work product doctrine, or other applicable privileges. To the
22 extent that Mattel contends that it does, Mattel must provide a privilege log.

23    This request seeks relevant information. Mattel identified Ratleff in its initial
24 disclosures an individual with discoverable knowledge regarding "MGA's access to
25 Mattel's intellectual property and trade secrets" and "MGA business practices."
26 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
27 p. 15). Accordingly, Mattel's initial disclosures demonstrate the relevance o this
28 request. Further, this information is relevant to, among other things, Mattel's trade

1  secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
2  defenses of statute of limitations and laches.

3       Mattel's objection that the request seeks information within MGA's
4  possession, custody or control is nonsensical and lacks factual support. Mattel
5  makes no argument, let alone a factual showing, that any documents in MGA's
6  possession are duplicative of documents within Mattel's control. MGA is entitled to
7  discovery from Mattel of documents within its possession, custody, or control that
8  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
9  conclusory statement that MGA also possesses responsive documents.

10      Mattel's objection that the request seeks confidential, proprietary, and trade
11 secret information should be disregarded. The parties have entered into a protective
12 order in this matter, which governs the handling of confidential business
13 information. Further, Mattel has put its confidential business information at issue in
14 this litigation, including but not limited to its trade secret misappropriation claim
15 Accordingly, it cannot resist discovery of confidential business information.

16      Finally, Mattel has improperly limited its agreement to produce to "the facts
17 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
18 the individual is identified as being knowledgeable about certain topics in Mattel's
19 initial disclosures, Mattel's obligation to produce does not end with the facts that it
20 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
21 information from the individual on the topics identified, regardless of whether it
22 supports the facts as alleged by Mattel, MGA, or any other party. See Order
23 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
24 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
25 MGA might be excluding documents that are responsive to the request based upon
26 its unilateral determination of what is 'relevant' or 'sufficient.'").

27

28

1    None of Mattel's improper objections are valid and Mattel is obligated to
2  produce all non-privileged responsive documents in its possession, custody, or
3  control.

4  **MATTEL'S RESPONSE:**

5    MGA ignores that (i) Mattel has produced its non-privileged, responsive
6  documents, as it agreed to do, and that (ii) most information sought by this request is
7  within MGA's possession, custody or control, and is equally if not more readily
8  available to MG  Ratleff is an employee of MGA.  MGA gives no reason why it
9  requests information from Mattel regarding its *own company* and its *own employee*,
10  other than to say that "this area of information is taken directly from Mattel's
11  allegations regarding Ratleff in its initial disclosures."  Indeed, it appears that MGA
12  merely cut and paste its request from Mattel's initial disclosures without
13  consideration as to what information Mattel may have that is already within MGA's
14  possession, custody or control.

15    MGA's conclusory arguments also ignore that the Request is facially
16  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
17  Civil Procedure do not permit MGA to use broad discovery requests untethered to
18  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
19  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
20  <u>See also</u> Fed.R.Civ.P. 26(b)(1); <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th
21  Cir. 2004) ("District courts need not condone the use of discovery to engage in
22  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
23  Ratleff's knowledge of extremely broad subjects—including
24            MGA makes no attempt to link this request with the claims and defenses
25  in this case.  For example, Ratleff may have knowledge of MGA's retirement plans,
26  health benefits, OSHA compliance, sexual harassment policies, or any number of
27  subjects regarding business practices at MGA which clearly fall outside the narrow
28  scope required by the Discovery Master. Because MGA has not linked its broad

1   request to any of the numerous and far-ranging allegations of unfair competition set

2   forth in its complaint, the Discovery Master should uphold Mattel's overbreadth

3   objection.

4       The term "RELATING TO ... alleged knowledge" as used in the request is

5   likewise overbroad. The universe of documents that could "relate" to Ratleff's

6   knowledge are potentially without limit. The request is not confined to documents

7   in Ratleff's possession or control; rather, all documents containing information that

8   Ratleff coincidentally knows about the subjects at issue are subsumed within this

9   request.

10      MGA complains that Mattel has limited its responses regarding individuals in

11  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

12  disclosures." Mattel has produced all information as to these individuals that is

13  relevant or pertinent to this litigation. There is nothing to compel.

14      Quite simply, there is nothing to compel. Mattel has produced responsive,

15  non-privileged documents relating to Ratleff's knowledge of the facts at issue in this

16  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

17  custody or control.

18  **REQUEST FOR PRODUCTION NO. 338:**

19      All DOCUMENTS REFERRING OR RELATING TO Wendy Reed's alleged

20  knowledge of "[d]esign and development of Bratz and Bryant's work with or for

21  MGA during his Mattel employment" and "MGA business practices," as alleged in

22  MATTEL'S INITIAL DISCLOSURES.

23  **RESPONSE TO REQUEST NO. 338:**

24      In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  overbroad, unduly burdensome and unintelligible, including in that it seeks all

27  documents on this subject without limitation as to time, and regardless of whether

28  such documents relate to products or matters at issue in this case. Mattel further

-810

1  objects to the Request on the grounds that it seeks documents that are not relevant to
2  this action or likely to lead to the discovery of admissible evidence. Mattel further
3  objects to this Request on the grounds that it seeks confidential, proprietary and
4  trade secret information that has no bearing on the claims or defenses in this case.
5  Mattel further objects to this Request on the grounds that it calls for the disclosure
6  of information subject to the attorney-client privilege, the attorney work product
7  doctrine and other applicable privileges.

8  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 338:**

9       In addition to the general objections stated above which are incorporated
10 herein by reference, Mattel objects to this Request on the grounds that it is
11 overbroad, unduly burdensome and unintelligible, including in that it seeks all
12 documents on this subject without limitation as to time, and regardless of whether
13 such documents relate to products or matters at issue in this case. Mattel further
14 objects to the Request on the grounds that it seeks documents that are not relevant to
15 this action or likely to lead to the discovery of admissible evidence. Mattel further
16 objects to this Request on the grounds that it calls for documents or information in
17 the possession, custody or control of MGA, including without limitation documents
18 and information that MGA has been compelled by Court orders to produce but has
19 not produced. Mattel further objects to this Request on the grounds that it seeks
20 confidential, proprietary and trade secret information, including such information
21 that has no bearing on the claims or defenses in this case. Mattel further objects to
22 this Request on the grounds that it calls for the disclosure of information subject to
23 the attorney-client privilege, the attorney work product doctrine and other applicable
24 privileges.

25      Subject to the foregoing objections, Mattel responds as follows: Matte will
26 produce responsive, non-privileged documents relating to Wendy Reed's knowledge
27 of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
28

1  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
2  after a diligent search and reasonable inquiry, to the extent not previously produced.
3  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
4  **TO SHOULD BE COMPELLED**

5       Mattel has improperly limited its agreement to produce documents in
6  response to this request, subject to its improper boilerplate objections.  Mattel has
7  refused to confirm whether or not it has produced all non-privileged responsive
8  documents or whether it is withholding documents based on its objections in Phase
9  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
10 must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
11 Generic objections that fail to explain the basis for an objection with specificity are
12 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
13 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
14 'overly burdensome and harassing' are improper – especially when a party fails to
15 submit any evidentiary declarations supporting such objections").  Accordingly,
16 Mattel must be compelled either to certify that it has produced all non-privileged
17 responsive documents or to produce all such documents by a date certain.

18      To the extent that Mattel is relying on its blanket objections, they are not
19 sustainable and do not justify Mattel's failure to produce documents.

20      As to overbreadth, Mattel provides no explanation, let alone the required
21 particularity, as to why this request is supposedly overly broad, nor can it do so.
22 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
23 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
24 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
25 custody, or control concerning Reed's alleged knowledge of "[d]esign and
26 development of Bratz and Bryant's work with or for MGA during his Mattel
27 employment" and "MGA business practices."  This area of information is taken
28

1  directly from Mattel's allegations regarding Reed in its initial disclosures. Rutowski

2  Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 15).

3      As to burden, Mattel has not attempted to demonstrate why responding to this

4  request and/or producing responsive documents presents any burden. This objection

5  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

6  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

7  unduly burdensome must allege specific facts which indicate the nature and extent

8  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

9  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

10  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

11  secrets. MGA is entitled to discovery on this claim.

12      This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges. To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      This request seeks relevant information. Mattel identified Reed in its initial

16  disclosures an individual with discoverable knowledge regarding "[d]esign and

17  development of Bratz and Bryant' s work with or for MGA during his Mattel

18  employment" and "MGA business practices." Rutowski Decl. Ex. 56 (Mattel's

19  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 15). Accordingly, Mattel's

20  initial disclosures demonstrate the relevance of this request. Further, this

21  information is relevant to, among other things, Mattel's trade secret defense, MGA's

22  claims of trade dress infringement, and MGA's affirmative defenses of statute of

23  limitations and laches.

24      Mattel's objection that the request seeks information within MGA's

25  possession, custody or control is nonsensical and lacks factual support. Mattel

26  makes no argument, let alone a factual showing, that any documents in MGA's

27  possession are duplicative of documents within Mattel's control. MGA is entitled to

28  discovery from Mattel of documents within its possession, custody, or control that

1    relate to the subject of this suit.  Mattel cannot avoid this obligation by making a
2    conclusory statement that MGA also possesses responsive documents.

3          Mattel's objection that the request seeks confidential, proprietary, and trade
4    secret information should be disregarded.  The parties have entered into a protective
5    order in this matter, which governs the handling of confidential business
6    information.  Further, Mattel has put its confidential business information at issue in
7    this litigation, including but not limited to its trade secret misappropriation claim
8    Accordingly, it cannot resist discovery of confidential business information.

9          Finally, Mattel has improperly limited its agreement to produce to "the facts
10   at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
11   the individual is identified as being knowledgeable about certain topics in Mattel's
12   initial disclosures, Mattel's obligation to produce does not end with the facts that it
13   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
14   information from the individual on the topics identified, regardless of whether it
15   supports the facts as alleged by Mattel, MGA, or any other party.  See Order
16   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
17   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
18   MGA might be excluding documents that are responsive to the request based upon
19   its unilateral determination of what is 'relevant' or 'sufficient.'").

20         None of Mattel's improper objections are valid and Mattel is obligated to
21   produce all non-privileged responsive documents in its possession, custody, or
22   control.

23   **MATTEL'S RESPONSE:**

24         MGA ignores that (i) Mattel has produced its non-privileged, responsive
25   documents, as it agreed to do, and that (ii) most information sought by this request is
26   within MGA's possession, custody or control, and is equally if not more readily
27   available to MGA than it is to Mattel.  Reed is an employee of MGA.  MGA gives
28   no reason why it requests information from Mattel regarding its *own company* and

1  its *own employee*, other than to say that "this area of information is taken directly
2  from Mattel's allegations regarding Reed in its initial disclosures."  Indeed, it
3  appears that MGA merely cut and paste its request from Mattel's initial disclosures
4  without consideration as to what information Mattel may have that is already within
5  MGA's possession, custody or control.

6      MGA's request is duplicative of previous requests for which Mattel has
7  produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
8  produce documents responsive to MGA's First Set of Requests for the Production of
9  Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[173]  Request Nos.
10 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
11 his work at Mattel and MGA and the design and development of Bratz.   Request
12 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
13 or relating to BRYANT."[174]  On September 11, 2007, Discovery Master Infante
14 granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
15 260.[175]  Pursuant to this order, Mattel produced documents responsive to these
16 requests. Mattel has since confirmed that it has produced responsive, non-privileged
17 documents to these requests in its Third Supplemental Responses to MGA's First
18 Set of Requests for Production.[176]   There is nothing additional to compel and
19 MGA's motion is moot.

20     MGA's conclusory arguments also ignore that the Request is facially
21 overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
22 Civil Procedure do not permit MGA to use broad discovery requests untethered to

---

[173] See MGA's Motion to Compel Mattel to Supplement its Responses and Produce Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
[174] See MGA's First Set of Requests for the Production of Documents and Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
[175] See September 12, 2007 Order Granting in Part and Denying in Part MGA's Motion to Compel, at 7-10, Dart Decl., Exh. 9.
[176] See Mattel's Third Supplemental Responses to MGA's First Set of Requests for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1  any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion

2  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

3  See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

4  Cir. 2004) ("District courts need not condone the use of discovery to engage in

5  'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to

6  Reed's knowledge of extremely broad subjects—including ▓▓▓▓▓▓▓▓

7  ▓▓▓▓▓▓ MGA makes no attempt to link this request with the claims and defenses

8  in this case. For example, Reed may have knowledge of MGA's retirement plans,

9  health benefits, OSHA compliance, sexual harassment policies, or any number of

10  subjects regarding business practices at MGA which clearly fall outside the narrow

11  scope required by the Discovery Master. Because MGA has not linked its broad

12  request to any of the numerous and far-ranging allegations of unfair competition set

13  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth

14  objection.

15      The term "RELATING TO … alleged knowledge" as used in the request is

16  likewise overbroad. The universe of documents that could "relate" to Reed's

17  knowledge are potentially without limit. The request is not confined to documents

18  in Reed's possession or control; rather, all documents containing information that

19  Reed coincidentally knows about the subjects at issue are subsumed within this

20  request.

21      MGA complains that Mattel has limited its responses regarding individuals in

22  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

23  disclosures." Mattel has produced all information as to these individuals that is

24  relevant or pertinent to this litigation. There is nothing to compel.

25

26

27

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET THREE)

1   Quite simply, there is nothing to compel. Mattel has produced responsive,
2   non-privileged documents relating to Reed's knowledge of the facts at issue in this
3   litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
4   custody or control.

5   **REQUEST FOR PRODUCTION NO. 339:**

6   All DOCUMENTS REFERRING OR RELATING TO Scot Anthony Reyes's
7   alleged knowledge of "MGA's access to Mattel's intellectual property and trade
8   secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
9   DISCLOSURES.

10  **RESPONSE TO REQUEST NO. 339:**

11  In addition to the general objections stated above which are incorporated
12  herein by reference, Mattel objects to this Request on the grounds that it is
13  overbroad, unduly burdensome and unintelligible, including in that it seeks all
14  documents on this subject without limitation as to time, and regardless of whether
15  such documents relate to products or matters at issue in this case. Mattel further
16  objects to the Request on the grounds that it seeks documents that are not relevant to
17  this action or likely to lead to the discovery of admissible evidence. Mattel further
18  objects to this Request on the grounds that it seeks confidential, proprietary and
19  trade secret information that has no bearing on the claims or defenses in this case.
20  Mattel further objects to this Request on the grounds that it calls for the disclosure
21  of information subject to the attorney-client privilege, the attorney work product
22  doctrine and other applicable privileges.

23  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 339:**

24  In addition to the general objections stated above which are incorporated
25  herein by reference, Mattel objects to this Request on the grounds that it is
26  overbroad, unduly burdensome and unintelligible, including in that it seeks all
27  documents on this subject without limitation as to time, and regardless of whether
28  such documents relate to products or matters at issue in this case. Mattel further

1  objects to the Request on the grounds that it seeks documents that are not relevant to
2  this action or likely to lead to the discovery of admissible evidence.  Mattel further
3  objects to this Request on the grounds that it calls for documents or information in
4  the possession, custody or control of MGA, including without limitation documents
5  and information that MGA has been compelled by Court orders to produce but has
6  not produced.  Mattel further objects to this Request on the grounds that it seeks
7  confidential, proprietary and trade secret information, including such information
8  that has no bearing on the claims or defenses in this case.  Mattel further objects to
9  this Request on the grounds that it calls for the disclosure of information subject to
10  the attorney-client privilege, the attorney work product doctrine and other applicable
11  privileges.

12        Subject to the foregoing objections, Mattel responds as follows: Mattel will
13  produce responsive, non-privileged documents relating to Scot Anthony Reyes's
14  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
15  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
16  has been able to locate after a diligent search and reasonable inquiry, to the extent
17  not previously produced.

18  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
19  **TO SHOULD BE COMPELLED**

20        Mattel has improperly limited its agreement to produce documents in
21  response to this request, subject to its improper boilerplate objections.  Mattel has
22  refused to confirm whether or not it has produced all non-privileged responsive
23  documents or whether it is withholding documents based on its objections in Phase
24  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
25  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
26  Generic objections that fail to explain the basis for an objection with specificity are
27  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
28  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

1  'overly burdensome and harassing' are improper – especially when a party fails to
2  submit any evidentiary declarations supporting such objections").  Accordingly,
3  Mattel must be compelled either to certify that it has produced all non-privileged
4  responsive documents or to produce all such documents by a date certain.

5      To the extent that Mattel is relying on its blanket objections, they are not
6  sustainable and do not justify Mattel's failure to produce documents.

7      As to overbreadth, Mattel provides no explanation, let alone the required
8  particularity, as to why this request is supposedly overly broad, nor can it do so.
9  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
10 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
11 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
12 custody, or control concerning Reyes's alleged knowledge of "MGA's access to
13 Mattel's intellectual property and trade secrets" and "MGA's business practices."
14 This area of information is taken directly from Mattel's allegations regarding Reye
15 in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
16 Disclosures, dated Jan. 5, 2007, p. 15).

17     As to burden, Mattel has not attempted to demonstrate why responding to this
18 request and/or producing responsive documents presents any burden.  This objection
19 must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
20 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
21 unduly burdensome must allege specific facts which indicate the nature and extent
22 of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
23 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
24 only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
25 secrets.  MGA is entitled to discovery on this claim.

26     This request does not seek documents protected by the attorney-client
27 privilege, the attorney work product doctrine, or other applicable privileges.  To the
28 extent that Mattel contends that it does, Mattel must provide a privilege log.

1      This request seeks relevant information. Mattel identified Reyes in its initial
2 disclosures an individual with discoverable knowledge regarding "MGA's access to
3 Mattel's intellectual property and trade secrets" and "MGA business practices."
4 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
5 p. 15). Accordingly, Mattel's initial disclosures demonstrate the relevance o this
6 request. Further, this information is relevant to, among other things, Mattel's trade
7 secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
8 defenses of statute of limitations and laches.

9      Mattel's objection that the request seeks information within MGA's
10 possession, custody or control is nonsensical and lacks factual support. Mattel
11 makes no argument, let alone a factual showing, that any documents in MGA's
12 possession are duplicative of documents within Mattel's control. MGA is entitled to
13 discovery from Mattel of documents within its possession, custody, or control that
14 relate to the subject of this suit. Mattel cannot avoid this obligation by making a
15 conclusory statement that MGA also possesses responsive documents.

16      Mattel's objection that the request seeks confidential, proprietary, and trade
17 secret information should be disregarded. The parties have entered into a protective
18 order in this matter, which governs the handling of confidential business
19 information. Further, Mattel has put its confidential business information at issue in
20 this litigation, including but not limited to its trade secret misappropriation claim
21 Accordingly, it cannot resist discovery of confidential business information.

22      Finally, Mattel has improperly limited its agreement to produce to "the facts
23 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
24 the individual is identified as being knowledgeable about certain topics in Mattel's
25 initial disclosures, Mattel's obligation to produce does not end with the facts that it
26 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
27 information from the individual on the topics identified, regardless of whether it
28 supports the facts as alleged by Mattel, MGA, or any other party. See Order

1 | Granting Mattel's Motion to Compel Production of Documents and Interrogatory
2 | Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
3 | MGA might be excluding documents that are responsive to the request based upon
4 | its unilateral determination of what is 'relevant' or 'sufficient.'").

5 |      None of Mattel's improper objections are valid and Mattel is obligated to
6 | produce all non-privileged responsive documents in its possession, custody, or
7 | control.

8 | **MATTEL'S RESPONSE:**

9 |      MGA ignores that (i) Mattel has produced its non-privileged, responsive
10 | documents, as it agreed to do, and that (ii) most information sought by this request is
11 | within MGA's possession, custody or control, and is equally if not more readily
12 | available to MG  Reyes is an employee of MGA.  MGA gives no reason why it
13 | requests information from Mattel regarding its *own company* and its *own employee*,
14 | other than to say that "this area of information is taken directly from Mattel's
15 | allegations regarding Reyes in its initial disclosures."  Indeed, it appears that MGA
16 | merely cut and paste its request from Mattel's initial disclosures without
17 | consideration as to what information Mattel may have that is already within MGA's
18 | possession, custody or control.

19 |      MGA's conclusory arguments also ignore that the Request is facially
20 | overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
21 | Civil Procedure do not permit MGA to use broad discovery requests untethered to
22 | any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
23 | for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
24 | See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
25 | Cir. 2004) ("District courts need not condone the use of discovery to engage in
26 | 'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
27 | Reyes's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮▮▮
28 |     ▮▮▮▮▮▮▮ MGA makes no attempt to link this request with the claims and defenses

-821-

1   in this case.  For example, Reyes may have knowledge of MGA's retirement plans,
2   health benefits, OSHA compliance, sexual harassment policies, or any number of
3   subjects regarding business practices at MGA which clearly fall outside the narrow
4   scope required by the Discovery Master. Because MGA has not linked its broad
5   request to any of the numerous and far-ranging allegations of unfair competition set
6   forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
7   objection.

8        The term "RELATING TO … alleged knowledge" as used in the request is
9   likewise overbroad.  The universe of documents that could "relate" to Reyes's
10  knowledge are potentially without limit.  The request is not confined to documents
11  in Reyes's possession or control; rather, all documents containing information that
12  Reyes coincidentally knows about the subjects at issue are subsumed within this
13  request.

14       MGA complains that Mattel has limited its responses  regarding individuals in
15  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
16  disclosures."  Mattel has produced all information as to these individuals that is
17  relevant or pertinent to this litigation.  There is nothing to compel.

18       Quite simply, there is nothing to compel.  Mattel has produced responsive,
19  non-privileged documents relating to Reyes's knowledge of the facts at issue in this
20  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
21  custody or control.

22  **REQUEST FOR PRODUCTION NO. 340:**

23       All DOCUMENTS REFERRING OR RELATING TO Anna Rhee's alleged
24  knowledge of "[t]he development and ownership of intellectual property at issue,"
25  "[d]esign and development of Bratz and Bryant's work with or for MGA during his
26  Mattel employment," and "Bryant's breach of obligations to Mattel," as alleged in
27  MATTEL'S INITIAL DISCLOSURES.

28

**RESPONSE TO REQUEST NO. 340:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 340:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Reques on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

1   Subject to the foregoing objections, Mattel responds as follows: Mattel will
2   produce responsive, non-privileged documents relating to Anna Rhee's knowledge
3   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
4   in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
5   after a diligent search and reasonable inquiry, to the extent not previously produced.
6   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
7   **TO SHOULD BE COMPELLED**
8   Mattel has improperly limited its agreement to produce documents in
9   response to this request, subject to its improper boilerplate objections.  Mattel has
10  refused to confirm whether or not it has produced all non-privileged responsive
11  documents or whether it is withholding documents based on its objections in Phase
12  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
13  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
14  Generic objections that fail to explain the basis for an objection with specificity are
15  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
16  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
17  'overly burdensome and harassing' are improper – especially when a party fails to
18  submit any evidentiary declarations supporting such objections").  Accordingly,
19  Mattel must be compelled either to certify that it has produced all non-privileged
20  responsive documents or to produce all such documents by a date certain.
21  To the extent that Mattel is relying on its blanket objections, they are not
22  sustainable and do not justify Mattel's failure to produce documents.
23  As to overbreadth, Mattel provides no explanation, let alone the required
24  particularity, as to why this request is supposedly overly broad, nor can it do so.
25  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
26  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
27  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
28  custody, or control concerning Rhee's alleged knowledge of "[t]he development and

-824-

1 | ownership of intellectual property at issue," "[d]esign and development of Bratz and

2 | Bryant's work with or for MGA during his Mattel employment," and "Bryant's

3 | breach of obligations to Mattel." This area of information is taken directly from

4 | Mattel's allegations regarding Rhee in its initial disclosures. Rutowski Decl. Ex. 56

5 | (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, pp. 15-16).

6 | As to burden, Mattel has not attempted to demonstrate why responding to this

7 | request and/or producing responsive documents presents any burden. This objection

8 | must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

9 | F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

10 | unduly burdensome must allege specific facts which indicate the nature and extent

11 | of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

12 | unduly burdensome, as noted above, in that the request is narrowly tailored to seek

13 | only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

14 | secrets. MGA is entitled to discovery on this claim.

15 | This request does not seek documents protected by the attorney-client

16 | privilege, the attorney work product doctrine, or other applicable privileges. To the

17 | extent that Mattel contends that it does, Mattel must provide a privilege log.

18 | This request seeks relevant information. Mattel identified Rhee in its initial

19 | disclosures an individual with discoverable knowledge regarding "[t]he

20 | development and ownership of intellectual property at issue," "[d]esign and

21 | development of Bratz and Bryant's work with or for MGA during his Mattel

22 | employment," and "Bryant's breach of obligations to Mattel." Rutowski Decl.

23 | Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 15).

24 | Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

25 | Further, this information is relevant to, among other things, Mattel's trade

26 | secret defense and MGA's claims of trade dress infringement.

27 | Mattel's objection that the request seeks confidential, proprietary, and trade

28 | secret information should be disregarded. The parties have entered into a protective

1  order in this matter, which governs the handling of confidential business

2  information. Further, Mattel has put its confidential business information at issue in

3  this litigation, including but not limited to its trade secret misappropriation claim

4  Accordingly, it cannot resist discovery of confidential business information.

5  Finally, Mattel has improperly limited its agreement to produce to "the facts

6  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

7  the individual is identified as being knowledgeable about certain topics in Mattel's

8  initial disclosures, Mattel's obligation to produce does not end with the facts that it

9  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

10  information from the individual on the topics identified, regardless of whether it

11  supports the facts as alleged by Mattel, MGA, or any other party. See Order

12  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

13  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

14  MGA might be excluding documents that are responsive to the request based upon

15  its unilateral determination of what is 'relevant' or 'sufficient.'").

16  None of Mattel's improper objections are valid and Mattel is obligated to

17  produce all non-privileged responsive documents in its possession, custody, or

18  control.

19  **MATTEL'S RESPONSE:**

20  Mattel has produced all documents responsive to this request. MGA's request

21  is duplicative of previous requests for which Mattel has produced responsive

22  documents. On July 3, 2007, MGA moved to compel Mattel to produce documents

23  responsive to MGA's First Set of Requests for the Production of Documents and

24  Things in Mattel v. Bryant, Case No. CV04-9059.[177] Request Nos. 180-183, 186-

25  187, 258 and 260 sought all documents pertaining to Bryant, including his work at

26  Mattel and MGA and the design and development of Bratz. Request No. 180, the

27  _____

[177] See MGA's Motion to Compel Mattel to Supplement its Responses and Produce

28  Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.

1   broadest request, asked for "all DOCUMENTS mentioning, referring or relating to
2   BRYANT."[178]   On September 11, 2007, Discovery Master Infante granted MGA's
3   motion to compel as to Request Nos. 180-183, 186-187, 258 and 260.[179]   Pursuant to
4   this order, Mattel produced documents responsive to these requests. Mattel has since
5   confirmed that it has produced responsive, non-privileged documents to these
6   requests in its Third Supplemental Responses to MGA's First Set of Requests for
7   Production.[180]   There is nothing additional to compel and MGA's motion is moot.

8         The term "RELATING TO … alleged knowledge" as used in the request is
9   likewise overbroad. The universe of documents that could "relate" to Rhee's
10  knowledge are potentially without limit. The request is not confined to documents
11  in Rhee's possession or control; rather, all documents containing information that
12  Rhee coincidentally knows about the subjects at issue are subsumed within this
13  request.

14        MGA complains that Mattel has limited its responses  regarding individuals in
15  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
16  disclosures." Mattel has produced all information as to these individuals that is
17  relevant or pertinent to this litigation. There is nothing to compel.

18        Quite simply, there is nothing to compel. Mattel has produced responsive,
19  non-privileged documents relating to Rhee's knowledge of the facts at issue in this
20  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
21  custody or control.

22
23
24
    _____
25  [178]   See MGA's First Set of Requests for the Production of Documents and
    Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
26  [179]   See September 12, 2007 Order Granting in Part and Denying in Part MGA's
    Motion to Compel, at 7-10, Dart Decl., Exh. 9.
27  [180]   See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28  for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1  **REQUEST FOR PRODUCTION NO. 341:**

2      All DOCUMENTS REFERRING OR RELATING TO Judy Rich's alleged

3  knowledge of "[d]esign and development of Bratz and Bryant's work with or for

4  MGA during his Mattel employment" and "MGA business practices," as alleged in

5  MATTEL'S INITIAL DISCLOSURES.

6  **RESPONSE TO REQUEST NO. 341:**

7      In addition to the general objections stated above which are incorporated

8  herein by reference, Mattel objects to this Request on the grounds that it is

9  overbroad, unduly burdensome and unintelligible, including in that it seeks all

10  documents on this subject without limitation as to time, and regardless of whether

11  such documents relate to products or matters at issue in this case.  Mattel further

12  objects to the Request on the grounds that it seeks documents that are not relevant to

13  this action or likely to lead to the discovery of admissible evidence.  Mattel further

14  objects to this Request on the grounds that it seeks confidential, proprietary and

15  trade secret infatuation that has no bearing on the claims or defenses in this case.

16  Mattel further objects to this Request on the grounds that it calls for the disclosure

17  of information subject to the attorney-client privilege, the attorney work-product

18  doctrine and other applicable privileges.

19  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 341:**

20      In addition to the general objections stated above which are incorporated

21  herein by reference, Mattel objects to this Request on the grounds that it is

22  overbroad, unduly burdensome and unintelligible, including in that it seeks all

23  documents on this subject without limitation as to time, and regardless of whether

24  such documents relate to products or matters at issue in this case.  Mattel further

25  objects to the Request on the grounds that it seeks documents that are not relevant to

26  this action or likely to lead to the discovery of admissible evidence.  Mattel further

27  objects to the Request on the grounds that it seeks documents that are not relevant to

28  this action or likely to lead to the discovery of admissible evidence.  Mattel further

1  objects to this Request on the grounds that it seeks confidential, proprietary and

2  trade secret information, including such information that has no bearing on the

3  claims or defenses in this case.  Mattel further objects to this Reques on the grounds

4  that it calls for the disclosure of information subject to the attorney-client privilege,

5  the attorney work-product doctrine and other applicable privileges.

6      Subject to the foregoing objections, Mattel responds as follows: Mattel will

7  produce responsive, non-privileged documents relating to Judy Rich's knowledge of

8  the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in

9  Mattel's possession, custody, or control, if any, that Mattel has been able to locate

10  after a diligent search and reasonable inquiry, to the extent not previously produced.

11  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

12  **TO SHOULD BE COMPELLED**

13      Mattel has improperly limited its agreement to produce documents in

14  response to this request, subject to its improper boilerplate objections.  Mattel has

15  refused to confirm whether or not it has produced all non-privileged responsive

16  documents or whether it is withholding documents based on its objections in Phase

17  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

18  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)

19  Generic objections that fail to explain the basis for an objection with specificity are

20  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

21  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

22  'overly burdensome and harassing' are improper – especially when a party fails to

23  submit any evidentiary declarations supporting such objections").  Accordingly,

24  Mattel must be compelled either to certify that it has produced all non-privileged

25  responsive documents or to produce all such documents by a date certain.

26      To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the required
2    particularity, as to why this request is supposedly overly broad, nor can it do so.
3    This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
5    contrary, the request is narrowly tailored to seek documents in Mattel's possession,
6    custody, or control concerning Rich's alleged knowledge of "[d]esign and
7    development of Bratz and Bryant's work with or for MGA during his Mattel
8    employment" and "MGA business practices." This area of information is taken
9    directly from Mattel's allegations regarding Rich in its initial disclosures. Rutowski
10   Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 16).

11   As to burden, Mattel has not attempted to demonstrate why responding to this
12   request and/or producing responsive documents presents any burden. This objection
13   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
14   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
15   unduly burdensome must allege specific facts which indicate the nature and extent
16   of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
17   unduly burdensome, as noted above, in that the request is narrowly tailored to seek
18   only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
19   secrets. MGA is entitled to discovery on this claim.

20   This request does not seek documents protected by the attorney-client
21   privilege, the attorney work product doctrine, or other applicable privileges. To the
22   extent that Mattel contends that it does, Mattel must provide a privilege log.

23   This request seeks relevant information. Mattel identified Rich in its initial
24   disclosures an individual with discoverable knowledge regarding "[d]esign and
25   development of Bratz and Bryant' s work with or for MGA during his Mattel
26   employment" and "MGA business practices." Rutowski Decl. Ex. 56 (Mattel's
27   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 16). Accordingly, Mattel's
28   initial disclosures demonstrate the relevance of this request. Further, this

1  information is relevant to, among other things, Mattel's trade secret defense, MGA's

2  claims of trade dress infringement, and MGA's affirmative defenses of statute of

3  limitations and laches.

4      Mattel's objection that the request seeks confidential, proprietary, and trade

5  secret information should be disregarded.  The parties have entered into a protective

6  order in this matter, which governs the handling of confidential business

7  information.  Further, Mattel has put its confidential business information at issue in

8  this litigation, including but not limited to its trade secret misappropriation claim

9  Accordingly, it cannot resist discovery of confidential business information.

10     Finally, Mattel has improperly limited its agreement to produce to "the facts

11  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

12  the individual is identified as being knowledgeable about certain topics in Mattel's

13  initial disclosures, Mattel's obligation to produce does not end with the facts that it

14  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

15  information from the individual on the topics identified, regardless of whether it

16  supports the facts as alleged by Mattel, MGA, or any other party.  See Order

17  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

18  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

19  MGA might be excluding documents that are responsive to the request based upon

20  its unilateral determination of what is 'relevant' or 'sufficient.'").

21     None of Mattel's improper objections are valid and Mattel is obligated to

22  produce all non-privileged responsive documents in its possession, custody, or

23  control.

24  **MATTEL'S RESPONSE:**

25     MGA ignores that (i) Mattel has produced its non-privileged, responsive

26  documents, as it agreed to do, and that (ii) most information sought by this request is

27  within MGA's possession, custody or control, and is equally if not more readily

28  available to MGA than it is to Mattel.  Rich is an employee of MGA.  MGA gives

1  no reason why it requests information from Mattel regarding its *own company* and
2  its *own employee*, other than to say that "this area of information is taken directly
3  from Mattel's allegations regarding Rich in its initial disclosures." Indeed, it appears
4  that MGA merely cut and paste its request from Mattel's initial disclosures without
5  consideration as to what information Mattel may have that is already within MGA's
6  possession, custody or control.

7         MGA's request is duplicative of previous requests for which Mattel has
8  produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
9  produce documents responsive to MGA's First Set of Requests for the Production of
10 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[181]  Request Nos.
11 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
12 his work at Mattel and MGA and the design and development of Bratz.  Request
13 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
14 or relating to BRYANT."[182]  On September 11, 2007, Discovery Master Infante
15 granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
16 260.[183]  Pursuant to this order, Mattel produced documents responsive to these
17 requests. Mattel has since confirmed that it has produced responsive, non-privileged
18 documents to these requests in its Third Supplemental Responses to MGA's First
19 Set of Requests for Production.[184]  There is nothing additional to compel and
20 MGA's motion is moot.

21        MGA's conclusory arguments also ignore that the Request is facially
22 overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of

[181]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
[182]  See MGA's First Set of Requests for the Production of Documents and Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
[183]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's Motion to Compel, at 7-10, Dart Decl., Exh. 9.
[184]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1    Civil Procedure do not permit MGA to use broad discovery requests untethered to
2    any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
3    for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
4    See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
5    Cir. 2004) ("District courts need not condone the use of discovery to engage in
6    'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
7    Rich's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮▮▮
8    ▮▮▮▮▮▮     MGA makes no attempt to link this request with the claims and defenses
9    in this case.  For example, Rich may have knowledge of MGA's retirement plans,
10   health benefits, OSHA compliance, sexual harassment policies, or any number of
11   subjects regarding business practices at MGA which clearly fall outside the narrow
12   scope required by the Discovery Master. Because MGA has not linked its broad
13   request to any of the numerous and far-ranging allegations of unfair competition set
14   forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
15   objection.

16          The term "RELATING TO ... alleged knowledge" as used in the request is
17   likewise overbroad.  The universe of documents that could "relate" to Rich's
18   knowledge are potentially without limit.  The request is not confined to documents
19   in Rich's possession or control; rather, all documents containing information that
20   Rich coincidentally knows about the subjects at issue are subsumed within this
21   request.

22          MGA complains that Mattel has limited its responses  regarding individuals in
23   Mattel's Initial Disclosures to information "as alleged in Mattel's initial
24   disclosures."  Mattel has produced all information as to these individuals that is
25   relevant or pertinent to this litigation.  There is nothing to compel.

26          Quite simply, there is nothing to compel.  Mattel has produced responsive,
27   non-privileged documents relating to Rich's knowledge of the facts at issue in this
28

1 | litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

2 | custody or control.

3 | **REQUEST FOR PRODUCTION NO. 342:**

4 | All DOCUMENTS REFERRING OR RELATING TO Ian Richter's alleged

5 | knowledge of "[t]he development and ownership of intellectual property at issue," as

6 | alleged in MATTEL'S INITIAL DISCLOSURES.

7 | **RESPONSE TO REQUEST NO. 342:**

8 | In addition to the general objections stated above which are incorporated

9 | herein by reference, Mattel objects to this Request on the grounds that it is

10 | overbroad, unduly burdensome and unintelligible, including in that it seeks all

11 | documents on this subject without limitation as to time, and regardless of whether

12 | such documents relate to products or matters at issue in this case. Mattel further

13 | objects to the Request on the grounds that it seeks documents that are not relevant to

14 | this action or likely to lead to the discovery of admissible evidence. Mattel further

15 | objects to this Request on the grounds that it seeks confidential, proprietary and

16 | trade secret information that has no bearing on the claims or defenses in this case.

17 | Mattel further objects to this Request on the grounds that it calls for the disclosure

18 | of information subject to the attorney-client privilege, the attorney work product

19 | doctrine and other applicable privileges.

20 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 342:**

21 | In addition to the general objections stated above which are incorporated

22 | herein by reference, Mattel objects to this Request on the grounds that it is

23 | overbroad, unduly burdensome and unintelligible, including in that it seeks all

24 | documents on this subject without limitation as to time, and regardless of whether

25 | such documents relate to products or matters at issue in this case. Mattel further

26 | objects to the Request on the grounds that it seeks documents that are not relevant to

27 | this action or likely to lead to the discovery of admissible evidence. Mattel further

28 | objects to this Request on the grounds that it seeks confidential, proprietary and

-834-

1  trade secret information, including such information that has no bearing on the
2  claims or defenses in this case. Mattel further objects to this Request on the ground
3  that it calls for the disclosure of information subject to the attorney-client privilege
4  the attorney work-product doctrine and other applicable privileges.

5      Subject to the foregoing objections, Mattel responds as follows: Mattel will
6  produce responsive, non-privileged documents relating to Ian Richter's knowledge
7  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
8  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
9  after a diligent search and reasonable inquiry, to the extent not previously produced.

10 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
11 **TO SHOULD BE COMPELLED**

12     Mattel has improperly limited its agreement to produce documents in
13 response to this request, subject to its improper boilerplate objections. Mattel has
14 refused to confirm whether or not it has produced all non-privileged responsive
15 documents or whether it is withholding documents based on its objections in Phase
16 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
17 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
18 Generic objections that fail to explain the basis for an objection with specificity are
19 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
20 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
21 'overly burdensome and harassing' are improper – especially when a party fails to
22 submit any evidentiary declarations supporting such objections"). Accordingly,
23 Mattel must be compelled either to certify that it has produced all non-privileged
24 responsive documents or to produce all such documents by a date certain.

25     To the extent that Mattel is relying on its blanket objections, they are not
26 sustainable and do not justify Mattel's failure to produce documents.

27     As to overbreadth, Mattel provides no explanation, let alone the required
28 particularity, as to why this request is supposedly overly broad, nor can it do so.

1   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

2   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

3   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

4   custody, or control concerning Richter's alleged knowledge of "[t]he development

5   and ownership of intellectual property at issue."  This area of information is taken

6   directly from Mattel's allegations regarding Richter in its initial disclosures.

7   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

8   p. 16).

9          As to burden, Mattel has not attempted to demonstrate why responding to this

10   request and/or producing responsive documents presents any burden.  This objection

11   must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

12   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

13   unduly burdensome must allege specific facts which indicate the nature and extent

14   of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not

15   unduly burdensome, as noted above, in that the request is narrowly tailored to seek

16   only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade

17   secrets.  MGA is entitled to discovery on this claim.

18          This request does not seek documents protected by the attorney-client

19   privilege, the attorney work product doctrine, or other applicable privileges.  To the

20   extent that Mattel contends that it does, Mattel must provide a privilege log.

21          This request seeks relevant information.  Mattel identified Richter in its initial

22   disclosures an individual with discoverable knowledge regarding "[t]he

23   development and ownership of intellectual property at issue."  Rutowski Decl.

24   Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 16).

25   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

26   Further, this information is relevant to, among other things, Mattel's trade secret

27   defense and MGA's claims of trade dress infringement.

28

1   Mattel's objection that the request seeks confidential, proprietary, and trade
2   secret information should be disregarded. The parties have entered into a protective
3   order in this matter, which governs the handling of confidential business
4   information. Further, Mattel has put its confidential business information at issue in
5   this litigation, including but not limited to its trade secret misappropriation claim
6   Accordingly, it cannot resist discovery of confidential business information.

7   Finally, Mattel has improperly limited its agreement to produce to "the facts
8   at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
9   the individual is identified as being knowledgeable about certain topics in Mattel's
10  initial disclosures, Mattel's obligation to produce does not end with the facts that it
11  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
12  information from the individual on the topics identified, regardless of whether it
13  supports the facts as alleged by Mattel, MGA, or any other party. See Order
14  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
15  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
16  MGA might be excluding documents that are responsive to the request based upon
17  its unilateral determination of what is 'relevant' or 'sufficient.'").

18  None of Mattel's improper objections are valid and Mattel is obligated to
19  produce all non-privileged responsive documents in its possession, custody, or
20  control.

21  **MATTEL'S RESPONSE:**

22  The term "RELATING TO … alleged knowledge" as used in the request is
23  likewise overbroad. The universe of documents that could "relate" to Richter's
24  knowledge are potentially without limit. The request is not confined to documents
25  in Richter's possession or control; rather, all documents containing information that
26  Richter coincidentally knows about the subjects at issue are subsumed within this
27  request.

28

1    MGA complains that Mattel has limited its responses regarding individuals in
2    Mattel's Initial Disclosures to information "as alleged in Mattel's initial
3    disclosures." Mattel has produced all information as to these individuals that is
4    relevant or pertinent to this litigation. There is nothing to compel.

5    Quite simply, there is nothing to compel. Mattel has produced responsive,
6    non-privileged documents relating to Richter's knowledge of the facts at issue in this
7    litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
8    custody or control.

9    **REQUEST FOR PRODUCTION NO. 343:**

10    All DOCUMENTS in Ian Richter's possession or control REFERRING OR
11    RELATING TO his alleged knowledge of "[t]he development and ownership of
12    intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

13    **RESPONSE TO REQUEST NO. 343:**

14    In addition to the general objections stated above which are incorporated
15    herein by reference, Mattel objects to this Request on the grounds that it is
16    overbroad, unduly burdensome and unintelligible, including in that it seeks all
17    documents on this subject without limitation as to time, and regardless of whether
18    such documents relate to products or matters at issue in this case. Mattel further
19    objects to the Request on the grounds that it seeks documents that are not relevant to
20    this action or likely to lead to the discovery of admissible evidence. Mattel further
21    objects to this Request on the grounds that it seeks confidential, proprietary and
22    trade secret information that has no bearing on the claims or defenses in this case.
23    Mattel further objects to this Request on the grounds that it calls for the disclosure
24    of information subject to the attorney-client privilege, the attorney work product
25    doctrine and other applicable privileges.

26    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 343:**

27    In addition to the general objections stated above which are incorporated
28    herein by reference, Mattel objects to this Request on the grounds that it is

1  overbroad, unduly burdensome and unintelligible, including in that it seeks all
2  documents on this subject without limitation as to time, and regardless of whether
3  such documents relate to products or matters at issue in this case.  Mattel further
4  objects to the Request on the grounds that it seeks documents that are not relevant to
5  this action or likely to lead to the discovery of admissible evidence.  Mattel further
6  objects to this Request on the grounds that it seeks confidential, proprietary and
7  trade secret information, including such information that has no bearing on the
8  claims or defenses in this case.  Mattel further objects to this Request on the ground
9  that it calls for the disclosure of information subject to the attorney-client privilege
10  the attorney work-product doctrine and other applicable privileges.

11      Subject to the foregoing objections, Mattel responds as follows: Mattel will
12  produce responsive, non-privileged documents relating to Ian Richter's knowledge
13  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
14  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
15  after a diligent search and reasonable inquiry, to the extent not previously produced.

16  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
17  **TO SHOULD BE COMPELLED**

18      Mattel has improperly limited its agreement to produce documents in
19  response to this request, subject to its improper boilerplate objections.  Mattel has
20  refused to confirm whether or not it has produced all non-privileged responsive
21  documents or whether it is withholding documents based on its objections in Phase
22  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
23  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
24  Generic objections that fail to explain the basis for an objection with specificity are
25  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
26  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
27  'overly burdensome and harassing' are improper – especially when a party fails to
28  submit any evidentiary declarations supporting such objections").  Accordingly,

1 Mattel must be compelled either to certify that it has produced all non-privileged
2 responsive documents or to produce all such documents by a date certain.

3     To the extent that Mattel is relying on its blanket objections, they are not
4 sustainable and do not justify Mattel's failure to produce documents.

5     As to overbreadth, Mattel provides no explanation, let alone the required
6 particularity, as to why this request is supposedly overly broad, nor can it do so.
7 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
8 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
10 custody, or control concerning Richter's alleged knowledge of "[t]he development
11 and ownership of intellectual property at issue." This area of information is taken
12 directly from Mattel's allegations regarding Richter in its initial disclosures.
13 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
14 p. 16).

15     As to burden, Mattel has not attempted to demonstrate why responding to this
16 request and/or producing responsive documents presents any burden. This objection
17 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
18 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
19 unduly burdensome must allege specific facts which indicate the nature and extent
20 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
21 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
22 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
23 secrets. MGA is entitled to discovery on this claim.

24     This request does not seek documents protected by the attorney-client
25 privilege, the attorney work product doctrine, or other applicable privileges. To the
26 extent that Mattel contends that it does, Mattel must provide a privilege log.

27     This request seeks relevant information. Mattel identified Richter in its initial
28 disclosures an individual with discoverable knowledge regarding "[t]he

1  development and ownership of intellectual property at issue." Rutowski Decl.

2  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 16).

3  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

4  Further, this information is relevant to, among other things, Mattel's trade secret

5  defense and MGA's claims of trade dress infringement.

6     Mattel's objection that the request seeks confidential, proprietary, and trade

7  secret information should be disregarded.  The parties have entered into a protective

8  order in this matter, which governs the handling of confidential business

9  information.  Further, Mattel has put its confidential business information at issue in

10 this litigation, including but not limited to its trade secret misappropriation claim

11 Accordingly, it cannot resist discovery of confidential business information.

12     Finally, Mattel has improperly limited its agreement to produce to "the facts

13 at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

14 the individual is identified as being knowledgeable about certain topics in Mattel's

15 initial disclosures, Mattel's obligation to produce does not end with the facts that it

16 has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

17 information from the individual on the topics identified, regardless of whether it

18 supports the facts as alleged by Mattel, MGA, or any other party.  See Order

19 Granting Mattel's Motion to Compel Production of Documents and Interrogatory

20 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

21 MGA might be excluding documents that are responsive to the request based upon

22 its unilateral determination of what is 'relevant' or 'sufficient.'").

23     None of Mattel's improper objections are valid and Mattel is obligated to

24 produce all non-privileged responsive documents in its possession, custody, or

25 control.

26 **MATTEL'S RESPONSE:**

27     MGA complains that Mattel has limited its responses  regarding individuals in

28 Mattel's Initial Disclosures to information "as alleged in Mattel's initial

-841-
MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET THREE)

1  disclosures." Mattel has produced all information as to these individuals that is
2  relevant or pertinent to this litigation. There is nothing to compel.

3      Quite simply, there is nothing to compel. Mattel has produced responsive,
4  non-privileged documents relating to Richter's knowledge of the facts at issue in this
5  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
6  custody or control.

7  **REQUEST FOR PRODUCTION NO. 344:**

8      All DOCUMENTS REFERRING OR RELATING TO Alejandro Gurza
9  Romay's alleged knowledge of "MGA's access to Mattel's intellectual property an
10  trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
11  DISCLOSURES.

12  **RESPONSE TO REQUEST NO. 344:**

13      In addition to the general objections stated above which are incorporated
14  herein by reference, Mattel objects to this Request on the grounds that it is
15  overbroad, unduly burdensome and unintelligible, including in that it seeks all
16  documents on this subject without limitation as to time, and regardless of whether
17  such documents relate to products or matters at issue in this case. Mattel further
18  objects to the Request on the grounds that it seeks documents that are not relevant to
19  this action or likely to lead to the discovery of admissible evidence. Mattel further
20  objects to this Request on the grounds that it seeks confidential, proprietary and
21  trade secret information that has no bearing on the claims or defenses in this case.
22  Mattel further objects to this Request on the grounds that it calls for the disclosure
23  of information subject to the attorney-client privilege, the attorney work product
24  doctrine and other applicable privileges.

25  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 344:**

26      In addition to the general objections stated above which are incorporated
27  herein by reference, Mattel objects to this Request on the grounds that it is
28  overbroad, unduly burdensome and unintelligible, including in that it seeks all

1  documents on this subject without limitation as to time, and regardless of whether
2  such documents relate to products or matters at issue in this case. Mattel further
3  objects to the Request on the grounds that it seeks documents that are not relevant to
4  this action or likely to lead to the discovery of admissible evidence. Mattel further
5  objects to this Request on the grounds that it calls for documents or information in
6  the possession, custody or control of MGA, including without limitation documents
7  and information that MGA has been compelled by Court orders to produce but has
8  not produced. Mattel further objects to this Request on the grounds that it seeks
9  confidential, proprietary and trade secret information, including such information
10  that has no bearing on the claims or defenses in this case. Mattel further objects to
11  this Request on the grounds that it calls for the disclosure of information subject to
12  the attorney-client privilege, the attorney work product doctrine and other applicable
13  privileges.
14      Subject to the foregoing objections, Mattel responds as follows: Mattel will
15  produce responsive, non-privileged documents relating to Alejandro Gurza Romay's
16  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
17  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
18  has been able to locate after a diligent search and reasonable inquiry, to the extent
19  not previously produced.
20  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
21  **TO SHOULD BE COMPELLED**
22      Mattel has improperly limited its agreement to produce documents in
23  response to this request, subject to its improper boilerplate objections. Mattel has
24  refused to confirm whether or not it has produced all non-privileged responsive
25  documents or whether it is withholding documents based on its objections in Phase
26  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
27  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
28  Generic objections that fail to explain the basis for an objection with specificity are

1   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
2   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
3   'overly burdensome and harassing' are improper – especially when a party fails to
4   submit any evidentiary declarations supporting such objections").  Accordingly,
5   Mattel must be compelled either to certify that it has produced all non-privileged
6   responsive documents or to produce all such documents by a date certain.

7        To the extent that Mattel is relying on its blanket objections, they are not
8   sustainable and do not justify Mattel's failure to produce documents.

9        As to overbreadth, Mattel provides no explanation, let alone the required
10  particularity, as to why this request is supposedly overly broad, nor can it do so.
11  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
12  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
13  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
14  custody, or control concerning Romay's alleged knowledge of "MGA's access to
15  Mattel's intellectual property and trade secrets" and "MGA's business practices."
16  This area of information is taken directly from Mattel's allegations regarding Romay
17  in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
18  Disclosures, dated Jan. 5, 2007, p. 16).

19       As to burden, Mattel has not attempted to demonstrate why responding to this
20  request and/or producing responsive documents presents any burden.  This objection
21  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
22  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
23  unduly burdensome must allege specific facts which indicate the nature and extent
24  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
25  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
26  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
27  secrets.  MGA is entitled to discovery on this claim.

28

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges. To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4        This request seeks relevant information. Mattel identified Romay in its initial

5    disclosures an individual with discoverable knowledge regarding "MGA's access to

6    Mattel's intellectual property and trade secrets" and "MGA business practices."

7    Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

8    p. 16). Accordingly, Mattel's initial disclosures demonstrate the relevance of this

9    request. Further, this information is relevant to, among other things, Mattel's trade

10   secret defense, MGA's claims of trade dress infringement, and MGA's affirmative

11   defenses of statute of limitations and laches.

12       Mattel's objection that the request seeks information within MGA's

13   possession, custody or control is nonsensical and lacks factual support. Mattel

14   makes no argument, let alone a factual showing, that any documents in MGA's

15   possession are duplicative of documents within Mattel's control. MGA is entitled to

16   discovery from Mattel of documents within its possession, custody, or control that

17   relate to the subject of this suit. Mattel cannot avoid this obligation by making a

18   conclusory statement that MGA also possesses responsive documents.

19       Mattel's objection that the request seeks confidential, proprietary, and trade

20   secret information should be disregarded. The parties have entered into a protective

21   order in this matter, which governs the handling of confidential business

22   information. Further, Mattel has put its confidential business information at issue in

23   this litigation, including but not limited to its trade secret misappropriation claim

24   Accordingly, it cannot resist discovery of confidential business information.

25       Finally, Mattel has improperly limited its agreement to produce to "the facts

26   at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

27   the individual is identified as being knowledgeable about certain topics in Mattel's

28   initial disclosures, Mattel's obligation to produce does not end with the facts that it

1   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
2   information from the individual on the topics identified, regardless of whether it
3   supports the facts as alleged by Mattel, MGA, or any other party.  See Order
4   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
5   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
6   MGA might be excluding documents that are responsive to the request based upon
7   its unilateral determination of what is 'relevant' or 'sufficient.'").

8       None of Mattel's improper objections are valid and Mattel is obligated to
9   produce all non-privileged responsive documents in its possession, custody, or
10  control.

11  **MATTEL'S RESPONSE:**

12      MGA ignores that (i) Mattel has produced its non-privileged, responsive
13  documents, as it agreed to do, and that (ii) most information sought by this request is
14  within MGA's possession, custody or control, and is equally if not more readily
15  available to MG  Romay is an employee of MGA.  MGA gives no reason why it
16  requests information from Mattel regarding its *own company* and its *own employee*,
17  other than to say that "this area of information is taken directly from Mattel's
18  allegations regarding Romay in its initial disclosures."  Indeed, it appears that MGA
19  merely cut and paste its request from Mattel's initial disclosures without
20  consideration as to what information Mattel may have that is already within MGA's
21  possession, custody or control.

22      MGA's conclusory arguments also ignore that the Request is facially
23  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
24  Civil Procedure do not permit MGA to use broad discovery requests untethered to
25  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
26  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
27  See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
28  Cir. 2004) ("District courts need not condone the use of discovery to engage in

1   'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to

2   Romay's knowledge of extremely broad subjects—including

3   MGA makes no attempt to link this request with the claims and defenses

4   in this case. For example, Romay may have knowledge of MGA's retirement plans,

5   health benefits, OSHA compliance, sexual harassment policies, or any number of

6   subjects regarding business practices at MGA which clearly fall outside the narrow

7   scope required by the Discovery Master. Because MGA has not linked its broad

8   request to any of the numerous and far-ranging allegations of unfair competition set

9   forth in its complaint, the Discovery Master should uphold Mattel's overbreadth

10   objection.

11   The term "RELATING TO … alleged knowledge" as used in the request is

12   likewise overbroad. The universe of documents that could "relate" to Romay's

13   knowledge are potentially without limit. The request is not confined to documents

14   in Romay's possession or control; rather, all documents containing information that

15   Romay coincidentally knows about the subjects at issue are subsumed within this

16   request.

17   MGA complains that Mattel has limited its responses  regarding individuals in

18   Mattel's Initial Disclosures to information "as alleged in Mattel's initial

19   disclosures." Mattel has produced all information as to these individuals that is

20   relevant or pertinent to this litigation. There is nothing to compel.

21   Quite simply, there is nothing to compel. Mattel has produced responsive,

22   non-privileged documents relating to Romay's knowledge of the facts at issue in this

23   litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

24   custody or control.

25   **REQUEST FOR PRODUCTION NO. 345:**

26   All DOCUMENTS REFERRING OR RELATING TO Desiree E. Ronquillo's

27   alleged knowledge of "MGA's access to Mattel's intellectual property and trade

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1 │ secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

2 │ DISCLOSURES.

3 │ **RESPONSE TO REQUEST NO. 345:**

4 │     In addition to the general objections stated above which are incorporated

5 │ herein by reference, Mattel objects to this Request on the grounds that it is

6 │ overbroad, unduly burdensome and unintelligible, including in that it seeks all

7 │ documents on this subject without limitation as to time, and regardless of whether

8 │ such documents relate to products or matters at issue in this case. Mattel further

9 │ objects to the Request on the grounds that it seeks documents that are not relevant to

10 │ this action or likely to lead to the discovery of admissible evidence. Mattel further

11 │ objects to this Request on the grounds that it seeks confidential, proprietary and

12 │ trade secret information that has no bearing on the claims or defenses in this case.

13 │ Mattel further objects to this Request on the grounds that it calls for the disclosure

14 │ of information subject to the attorney-client privilege, the attorney work product

15 │ doctrine and other applicable privileges.

16 │ **SUPPLEMENTAL RESPONSE TO REQUEST NO. 345:**

17 │     In addition to the general objections stated above which are incorporated

18 │ herein by reference, Mattel objects to this Request on the grounds that it is

19 │ overbroad, unduly burdensome and unintelligible, including in that it seeks all

20 │ documents on this subject without limitation as to time, and regardless of whether

21 │ such documents relate to products or matters at issue in this case. Mattel further

22 │ objects to the Request on the grounds that it seeks documents that are not relevant to

23 │ this action or likely to lead to the discovery of admissible evidence. Mattel further

24 │ objects to this Request on the grounds that it calls for documents or information in

25 │ the possession, custody or control of MGA, including without limitation documents

26 │ and information that MGA has been compelled by Court orders to produce but has

27 │ not produced. Mattel further objects to this Request on the grounds that it seeks

28 │ confidential, proprietary and trade secret information, including such information