1  that has no bearing on the claims or defenses in this case.  Mattel further objects to
2  this Request on the grounds that it calls for the disclosure of information subject to
3  the attorney-client privilege, the attorney work product doctrine and other applicable
4  privileges.

5      Subject to the foregoing objections, Mattel responds as follows: Mattel will
6  produce responsive, non-privileged documents relating to Desiree E. Ronquillo's
7  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
8  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
9  has been able to locate after a diligent search and reasonable inquiry, to the extent
10 not previously produced.

11 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
12 **TO SHOULD BE COMPELLED**

13     Mattel has improperly limited its agreement to produce documents in
14 response to this request, subject to its improper boilerplate objections.  Mattel has
15 refused to confirm whether or not it has produced all non-privileged responsive
16 documents or whether it is withholding documents based on its objections in Phase
17 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
18 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
19 Generic objections that fail to explain the basis for an objection with specificity are
20 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
21 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
22 'overly burdensome and harassing' are improper – especially when a party fails to
23 submit any evidentiary declarations supporting such objections").  Accordingly,
24 Mattel must be compelled either to certify that it has produced all non-privileged
25 responsive documents or to produce all such documents by a date certain.

26     To the extent that Mattel is relying on its blanket objections, they are not
27 sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the required
2  particularity, as to why this request is supposedly overly broad, nor can it do so.
3  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
4  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
5  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
6  custody, or control concerning Ronquillo's alleged knowledge of "MGA's access to
7  Mattel's intellectual property and trade secrets" and "MGA's business practices."
8  This area of information is taken directly from Mattel's allegations regarding
9  Ronquillo in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated
10  Initial Disclosures, dated Jan. 5, 2007, p. 16).

11    As to burden, Mattel has not attempted to demonstrate why responding to this
12  request and/or producing responsive documents presents any burden.  This objection
13  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
14  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
15  unduly burdensome must allege specific facts which indicate the nature and extent
16  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
17  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
18  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
19  secrets.  MGA is entitled to discovery on this claim.

20    This request does not seek documents protected by the attorney-client
21  privilege, the attorney work product doctrine, or other applicable privileges.  To the
22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23    This request seeks relevant information.  Mattel identified Ronquillo in its
24  initial disclosures an individual with discoverable knowledge regarding "MGA's
25  access to Mattel's intellectual property and trade secrets" and "MGA business
26  practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
27  Jan. 5, 2007, p. 16).  Accordingly, Mattel's initial disclosures demonstrate the
28  relevance of this request.  Further, this information is relevant to, among other

1  things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and

2  MGA's affirmative defenses of statute of limitations and laches.

3      Mattel's objection that the request seeks information within MGA's

4  possession, custody or control is nonsensical and lacks factual support. Mattel

5  makes no argument, let alone a factual showing, that any documents in MGA's

6  possession are duplicative of documents within Mattel's control. MGA is entitled to

7  discovery from Mattel of documents within its possession, custody, or control that

8  relate to the subject of this suit. Mattel cannot avoid this obligation by making a

9  conclusory statement that MGA also possesses responsive documents.

10     Mattel's objection that the request seeks confidential, proprietary, and trade

11 secret information should be disregarded. The parties have entered into a protective

12 order in this matter, which governs the handling of confidential business

13 information. Further, Mattel has put its confidential business information at issue in

14 this litigation, including but not limited to its trade secret misappropriation claim

15 Accordingly, it cannot resist discovery of confidential business information.

16     Finally, Mattel has improperly limited its agreement to produce to "the facts

17 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

18 the individual is identified as being knowledgeable about certain topics in Mattel's

19 initial disclosures, Mattel's obligation to produce does not end with the facts that it

20 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

21 information from the individual on the topics identified, regardless of whether it

22 supports the facts as alleged by Mattel, MGA, or any other party. See Order

23 Granting Mattel's Motion to Compel Production of Documents and Interrogatory

24 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

25 MGA might be excluding documents that are responsive to the request based upon

26 its unilateral determination of what is 'relevant' or 'sufficient.'").

27

28

1    None of Mattel's improper objections are valid and Mattel is obligated to
2    produce all non-privileged responsive documents in its possession, custody, or
3    control.

4    **MATTEL'S RESPONSE:**

5    MGA ignores that (i) Mattel has produced its non-privileged, responsive
6    documents, as it agreed to do, and that (ii) most information sought by this request is
7    within MGA's possession, custody or control, and is equally if not more readily
8    available to MG  Ronquillo is an employee of MGA.  MGA gives no reason why it
9    requests information from Mattel regarding its *own company* and its *own employee*,
10   other than to say that "this area of information is taken directly from Mattel's
11   allegations regarding Ronquillo in its initial disclosures."  Indeed, it appears that
12   MGA merely cut and paste its request from Mattel's initial disclosures without
13   consideration as to what information Mattel may have that is already within MGA's
14   possession, custody or control.

15   MGA's conclusory arguments also ignore that the Request is facially
16   overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
17   Civil Procedure do not permit MGA to use broad discovery requests untethered to
18   any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
19   for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
20   See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
21   Cir. 2004) ("District courts need not condone the use of discovery to engage in
22   'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
23   Ronquillo's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮▮
24   ▮▮▮▮▮▮  MGA makes no attempt to link this request with the claims and defenses
25   in this case.  For example, Ronquillo may have knowledge of MGA's retirement
26   plans, health benefits, OSHA compliance, sexual harassment policies, or any
27   number of subjects regarding business practices at MGA which clearly fall outside
28   the narrow scope required by the Discovery Master. Because MGA has not linked

1   its broad request to any of the numerous and far-ranging allegations of unfair

2   competition set forth in its complaint, the Discovery Master should uphold Mattel's

3   overbreadth objection.

4        The term "RELATING TO ... alleged knowledge" as used in the request is

5   likewise overbroad. The universe of documents that could "relate" to Ronquillo's

6   knowledge are potentially without limit. The request is not confined to documents

7   in Ronquillo's possession or control; rather, all documents containing information

8   that Ronquillo coincidentally knows about the subjects at issue are subsumed within

9   this request.

10       MGA complains that Mattel has limited its responses regarding individuals in

11   Mattel's Initial Disclosures to information "as alleged in Mattel's initial

12   disclosures." Mattel has produced all information as to these individuals that is

13   relevant or pertinent to this litigation. There is nothing to compel.

14       Quite simply, there is nothing to compel. Mattel has produced responsive,

15   non-privileged documents relating to Ronquillo's knowledge of the facts at issue in

16   this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

17   possession, custody or control.

18   **REQUEST FOR PRODUCTION NO. 346:**

19       All DOCUMENTS REFERRING OR RELATING TO David Rosenbaum's

20   alleged knowledge of `Bryant's breach of his obligations to Mattel" and `Bryant's

21   work with or for MGA during his Mattel employment," as alleged in MATTEL'S

22   INITIAL DISCLOSURES.

23   **RESPONSE TO REQUEST NO. 346:**

24       In addition to the general objections stated above which are incorporated

25   herein by reference, Mattel objects to this Request on the grounds that it is

26   overbroad, unduly burdensome and unintelligible, including in that it seeks all

27   documents on this subject without limitation as to time, and regardless of whether

28   such documents relate to products or matters at issue in this case. Mattel further

1   objects to the Request on the grounds that it seeks documents that are not relevant to
2   this action or likely to lead to the discovery of admissible evidence. Mattel further
3   objects to this Request on the grounds that it seeks confidential, proprietary and
4   trade secret information that has no bearing on the claims or defenses in this case.
5   Mattel further objects to this Request on the grounds that it calls for the disclosure
6   of information subject to the attorney-client privilege, the attorney work product
7   doctrine and other applicable privileges.

8   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 346:**

9       In addition to the general objections stated above which are incorporated
10  herein by reference, Mattel objects to this Request on the grounds that it is
11  overbroad, unduly burdensome and unintelligible, including in that it seeks all
12  documents on this subject without limitation as to time, and regardless of whether
13  such documents relate to products or matters at issue in this case. Mattel further
14  objects to this Request on the grounds that it calls for documents or information in
15  the possession, custody or control of MGA, including without limitation document
16  and information that MGA has been compelled by Court orders to produce but has
17  not produced. Mattel further objects to this Request on the grounds that it seeks
18  confidential, proprietary and trade secret information, including such information
19  that has no bearing on the claims or defenses in this case. Mattel further objects to
20  this Request on the grounds that it calls for the disclosure of information subject to
21  the attorney-client privilege, the attorney work-product doctrine and other applicable
22  privileges.

23      Subject to the foregoing objections, Mattel responds as follows: Mattel will
24  produce responsive, non-privileged documents relating to David Rosenbaum's
25  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
26  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
27  has been able to locate after a diligent search and reasonable inquiry, to the extent
28  not previously produced.

1  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2  **TO SHOULD BE COMPELLED**

3      Mattel has improperly limited its agreement to produce documents in
4  response to this request, subject to its improper boilerplate objections. Mattel has
5  refused to confirm whether or not it has produced all non-privileged responsive
6  documents or whether it is withholding documents based on its objections in Phase
7  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
8  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
9  Generic objections that fail to explain the basis for an objection with specificity are
10  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
11  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
12  'overly burdensome and harassing' are improper – especially when a party fails to
13  submit any evidentiary declarations supporting such objections"). Accordingly,
14  Mattel must be compelled either to certify that it has produced all non-privileged
15  responsive documents or to produce all such documents by a date certain.

16      To the extent that Mattel is relying on its blanket objections, they are not
17  sustainable and do not justify Mattel's failure to produce documents.

18      As to overbreadth, Mattel provides no explanation, let alone the required
19  particularity, as to why this request is supposedly overly broad, nor can it do so.
20  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
21  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
22  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
23  custody, or control concerning Rosenbaum's alleged knowledge of "Bryant's breach
24  of his obligations to Mattel" and "Bryant's work with or for MGA during his Mattel
25  employment." This area of information is taken directly from Mattel's allegations
26  regarding Rosenbaum in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's
27  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 16).

28

1      As to burden, Mattel has not attempted to demonstrate why responding to this

2  request and/or producing responsive documents presents any burden. This objection

3  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

4  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

5  unduly burdensome must allege specific facts which indicate the nature and extent

6  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

7  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

8  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

9  secrets. MGA is entitled to discovery on this claim.

10      This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges. To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13      This request seeks relevant information. Mattel identified Rosenbaum in its

14  initial disclosures an individual with discoverable knowledge regarding "Bryant's

15  breach of his obligations to Mattel" and "Bryant's work with or for MGA during his

16  Mattel employment." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

17  Disclosures, dated Jan. 5, 2007, p. 16). Accordingly, Mattel's initial disclosures

18  demonstrate the relevance of this request. Further, this information is relevant to,

19  among other things, Mattel's trade secret defense and MGA's affirmative defenses of

20  statute of limitations and laches.

21      Mattel's objection that the request seeks information within MGA's

22  possession, custody or control is nonsensical and lacks factual support. Mattel

23  makes no argument, let alone a factual showing, that any documents in MGA's

24  possession are duplicative of documents within Mattel's control. MGA is entitled to

25  discovery from Mattel of documents within its possession, custody, or control that

26  relate to the subject of this suit. Mattel cannot avoid this obligation by making a

27  conclusory statement that MGA also possesses responsive documents.

28

1  Mattel's objection that the request seeks confidential, proprietary, and trade
2  secret information should be disregarded.  The parties have entered into a protective
3  order in this matter, which governs the handling of confidential business
4  information.  Further, Mattel has put its confidential business information at issue in
5  this litigation, including but not limited to its trade secret misappropriation claim
6  Accordingly, it cannot resist discovery of confidential business information.

7  Finally, Mattel has improperly limited its agreement to produce to "the facts
8  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
9  the individual is identified as being knowledgeable about certain topics in Mattel's
10  initial disclosures, Mattel's obligation to produce does not end with the facts that it
11  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
12  information from the individual on the topics identified, regardless of whether it
13  supports the facts as alleged by Mattel, MGA, or any other party.  <u>See</u> Order
14  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
15  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
16  MGA might be excluding documents that are responsive to the request based upon
17  its unilateral determination of what is 'relevant' or 'sufficient.'").

18  None of Mattel's improper objections are valid and Mattel is obligated to
19  produce all non-privileged responsive documents in its possession, custody, or
20  control.

21  **MATTEL'S RESPONSE:**

22  Mattel has produced all documents responsive to this request.  MGA's request
23  is duplicative of previous requests for which Mattel has produced responsive
24  documents. On July 3, 2007, MGA moved to compel Mattel to produce documents
25  responsive to MGA's First Set of Requests for the Production of Documents and

26
27
28

1 | Things in Mattel v. Bryant, Case No. CV04-9059.[185]  Request Nos. 180-183, 186-
2 | 187, 258 and 260 sought all documents pertaining to Bryant, including his work at
3 | Mattel and MGA and the design and development of Bratz.  Request No. 180, the
4 | broadest request, asked for "all DOCUMENTS mentioning, referring or relating to
5 | BRYANT."[186]  On September 11, 2007, Discovery Master Infante granted MGA's
6 | motion to compel as to Request Nos. 180-183, 186-187, 258 and 260.[187]  Pursuant to
7 | this order, Mattel produced documents responsive to these requests. Mattel has since
8 | confirmed that it has produced responsive, non-privileged documents to these
9 | requests in its Third Supplemental Responses to MGA's First Set of Requests for
10 | Production.[188]  There is nothing additional to compel and MGA's motion is moot.

11 | The term "RELATING TO … alleged knowledge" as used in the request is
12 | likewise overbroad.  The universe of documents that could "relate" to Lee's
13 | knowledge are potentially without limit.  The request is not confined to documents
14 | in Lee's possession or control; rather, all documents containing information that Lee
15 | coincidentally knows about the subjects at issue are subsumed within this request.

16 | MGA complains that Mattel has limited its responses  regarding individuals in
17 | Mattel's Initial Disclosures to information "as alleged in Mattel's initial
18 | disclosures."  Mattel has produced all information as to these individuals that is
19 | relevant or pertinent to this litigation.  There is nothing to compel.

20 | Quite simply, there is nothing to compel.  Mattel has produced responsive,
21 | non-privileged documents relating to Lee's knowledge of the facts at issue in this
22 |

---

23 | [185]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
24 | Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
25 | [186]  See MGA's First Set of Requests for the Production of Documents and
   | Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
26 | [187]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's
27 | Motion to Compel, at 7-10, Dart Decl., Exh. 9.
   | [188]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28 | for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1   litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

2   custody or control.

3   **REQUEST FOR PRODUCTION NO. 347:**

4        All DOCUMENTS REFERRING OR RELATING TO Lon P. Ross's alleged

5   knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and

6   "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

7   **RESPONSE TO REQUEST NO. 347:**

8        In addition to the general objections stated above which are incorporated

9   herein by reference, Mattel objects to this Request on the grounds that it is

10  overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products or matters at issue in this case. Mattel further

13  objects to the Request on the grounds that it seeks documents that are not relevant to

14  this action or likely to lead to the discovery of admissible evidence. Mattel further

15  objects to this Request on the grounds that it seeks confidential, proprietary and

16  trade secret information that has no bearing on the claims or defenses in this case.

17  Mattel further objects to this Request on the grounds that it calls for the disclosure

18  of information subject to the attorney-client privilege, the attorney work product

19  doctrine and other applicable privileges.

20  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 347:**

21       In addition to the general objections stated above which are incorporated

22  herein by reference, Mattel objects to this Request on the grounds that it is

23  overbroad, unduly burdensome and unintelligible, including in that it seeks all

24  documents on this subject without limitation as to time, and regardless of whether

25  such documents relate to products or matters at issue in this case. Mattel further

26  objects to the Request on the grounds that it seeks documents that are not relevant to

27  this action or likely to lead to the discovery of admissible evidence. Mattel further

28  objects to this Request on the grounds that it seeks documents that are not relevant to

1  this action or likely to lead to the discovery of admissible evidence.  Mattel further

2  objects to this Request on the grounds that it seeks confidential, proprietary and

3  trade secret information, including such information that has no bearing on the

4  claims or defenses in this case.  Mattel further objects to this Reques on the grounds

5  that it calls for the disclosure of information subject to the attorney-client privilege,

6  the attorney work-product doctrine and other applicable privileges.

7       Subject to the foregoing objections, Mattel responds as follows: Mattel will

8  produce responsive, non-privileged documents relating to Lon P.  Ross's knowledg

9  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

10  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

11  after a diligent search and reasonable inquiry, to the extent not previously produced.

12  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

13  **TO SHOULD BE COMPELLED**

14       Mattel has improperly limited its agreement to produce documents in

15  response to this request, subject to its improper boilerplate objections.  Mattel has

16  refused to confirm whether or not it has produced all non-privileged responsive

17  documents or whether it is withholding documents based on its objections in Phase

18  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

19  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)

20  Generic objections that fail to explain the basis for an objection with specificity are

21  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

22  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

23  'overly burdensome and harassing' are improper – especially when a party fails to

24  submit any evidentiary declarations supporting such objections").  Accordingly,

25  Mattel must be compelled either to certify that it has produced all non-privileged

26  responsive documents or to produce all such documents by a date certain.

27       To the extent that Mattel is relying on its blanket objections, they are not

28  sustainable and do not justify Mattel's failure to produce documents.

1  As to overbreadth, Mattel provides no explanation, let alone the required
2  particularity, as to why this request is supposedly overly broad, nor can it do so.
3  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
4  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
5  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
6  custody, or control concerning Ross's alleged knowledge of "MGA's access to
7  Mattel's intellectual property and trade secrets" and "MGA's business practices."
8  This area of information is taken directly from Mattel's allegations regarding Ross in
9  its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
10 Disclosures, dated Jan. 5, 2007, p. 16).

11 As to burden, Mattel has not attempted to demonstrate why responding to this
12 request and/or producing responsive documents presents any burden. This objection
13 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
14 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
15 unduly burdensome must allege specific facts which indicate the nature and extent
16 of the burden, usually by affidavit or other reliable evidence.").

17 Moreover, it is not unduly burdensome, as noted above, in that the request is
18 narrowly tailored to seek only discoverable evidence. Mattel has alleged that MGA
19 misappropriated its trade secrets. MGA is entitled to discovery on this claim.

20 This request does not seek documents protected by the attorney-client
21 privilege, the attorney work product doctrine, or other applicable privileges. To the
22 extent that Mattel contends that it does, Mattel must provide a privilege log.

23 This request seeks relevant information. Mattel identified Ross in its initial
24 disclosures an individual with discoverable knowledge regarding "MGA's access to
25 Mattel's intellectual property and trade secrets" and "MGA business practices."
26 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
27 p. 16). Accordingly, Mattel's initial disclosures demonstrate the relevance o this
28 request. Further, this information is relevant to, among other things, Mattel's trade

secret defense, MGA's claims of trade dress infringement, and MGA's affirmative defenses of statute of limitations and laches.

Mattel's objection that the request seeks confidential, proprietary, and trade secret information should be disregarded. The parties have entered into a protective order in this matter, which governs the handling of confidential business information. Further, Mattel has put its confidential business information at issue in this litigation, including but not limited to its trade secret misappropriation claim Accordingly, it cannot resist discovery of confidential business information.

Finally, Mattel has improperly limited its agreement to produce to "the facts at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that the individual is identified as being knowledgeable about certain topics in Mattel's initial disclosures, Mattel's obligation to produce does not end with the facts that it has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive information from the individual on the topics identified, regardless of whether it supports the facts as alleged by Mattel, MGA, or any other party. See Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is 'relevant' or 'sufficient.'").

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

MGA ignores that (i) Mattel has produced its non-privileged, responsive documents, as it agreed to do, and that (ii) most information sought by this request is within MGA's possession, custody or control, and is equally if not more readily available to MG  Ross is an employee of MGA.  MGA gives no reason why it requests information from Mattel regarding its *own company* and its *own employee*,

1   other than to say that "this area of information is taken directly from Mattel's

2   allegations regarding Ross in its initial disclosures." Indeed, it appears that MGA

3   merely cut and paste its request from Mattel's initial disclosures without

4   consideration as to what information Mattel may have that is already within MGA's

5   possession, custody or control.

6          MGA's conclusory arguments also ignore that the Request is facially

7   overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of

8   Civil Procedure do not permit MGA to use broad discovery requests untethered to

9   any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion

10  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

11  See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

12  Cir. 2004) ("District courts need not condone the use of discovery to engage in

13  'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to

14  Ross's knowledge of extremely broad subjects—including ███████████████

15  ██████     MGA makes no attempt to link this request with the claims and defenses

16  in this case. For example, Ross may have knowledge of MGA's retirement plans,

17  health benefits, OSHA compliance, sexual harassment policies, or any number of

18  subjects regarding business practices at MGA which clearly fall outside the narrow

19  scope required by the Discovery Master. Because MGA has not linked its broad

20  request to any of the numerous and far-ranging allegations of unfair competition set

21  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth

22  objection.

23         The term "RELATING TO … alleged knowledge" as used in the request is

24  likewise overbroad. The universe of documents that could "relate" to Ross's

25  knowledge are potentially without limit. The request is not confined to documents

26  in Ross's possession or control; rather, all documents containing information that

27  Ross coincidentally knows about the subjects at issue are subsumed within this

28  request.

1   MGA complains that Mattel has limited its responses regarding individuals in
2   Mattel's Initial Disclosures to information "as alleged in Mattel's initial
3   disclosures." Mattel has produced all information as to these individuals that is
4   relevant or pertinent to this litigation. There is nothing to compel.

5   Quite simply, there is nothing to compel. Mattel has produced responsive,
6   non-privileged documents relating to Ross's knowledge of the facts at issue in this
7   litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
8   custody or control.

9   **REQUEST FOR PRODUCTION NO. 348:**

10   All DOCUMENTS REFERRING OR RELATING TO Ivy Ross's alleged
11   knowledge of "Bryant's breach of obligations to Mattel," as alleged in MATTEL'S
12   INITIAL DISCLOSURES.

13   **RESPONSE TO REQUEST NO. 348:**

14   In addition to the general objections stated above which are incorporated
15   herein by reference, Mattel objects to this Request on the grounds that it is
16   overbroad, unduly burdensome and unintelligible, including in that it seeks all
17   documents on this subject without limitation as to time, and regardless of whether
18   such documents relate to products or matters at issue in this case. Mattel further
19   objects to the Request on the grounds that it seeks documents that are not relevant to
20   this action or likely to lead to the discovery of admissible evidence. Mattel further
21   objects to this Request on the grounds that it seeks confidential, proprietary and
22   trade secret information that has no bearing on the claims or defenses in this case.
23   Mattel further objects to this Request on the grounds that it calls for the disclosure
24   of information subject to the attorney-client privilege, the attorney work product
25   doctrine and other applicable privileges.

26   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 348:**

27   In addition to the general objections stated above which are incorporated
28   herein by reference, Mattel objects to this Request on the grounds that it is

1  overbroad, unduly burdensome and unintelligible, including in that it seeks all
2  documents on this subject without limitation as to time, and regardless of whether
3  such documents relate to products or matters at issue in this case.  Mattel further
4  objects to this Request on the grounds that it seeks confidential, proprietary and
5  trade secret information, including such information that has no bearing on the
6  claims or defenses in this case.  Mattel further objects to this Request on the ground
7  that it calls for the disclosure of information subject to the attorney-client privilege
8  the attorney work-product doctrine and other applicable privileges.

9      Subject to the foregoing objections, Mattel responds as follows: Mattel will
10 produce responsive, non-privileged documents relating to Ivy Ross's knowledge of
11 the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in
12 Mattel's possession, custody, or control, if any, that Mattel has been able to locate
13 after a diligent search and reasonable inquiry, to the extent not previously produced.

14 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
15 **TO SHOULD BE COMPELLED**

16     Mattel has improperly limited its agreement to produce documents in
17 response to this request, subject to its improper boilerplate objections.  Mattel has
18 refused to confirm whether or not it has produced all non-privileged responsive
19 documents or whether it is withholding documents based on its objections in Phase
20 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
21 must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
22 Generic objections that fail to explain the basis for an objection with specificity are
23 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
24 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
25 'overly burdensome and harassing' are improper – especially when a party fails to
26 submit any evidentiary declarations supporting such objections").  Accordingly,
27 Mattel must be compelled either to certify that it has produced all non-privileged
28 responsive documents or to produce all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to why this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

7    contrary, the request is narrowly tailored to seek documents in Mattel's possession,

8    custody, or control concerning Ross's alleged knowledge of "Bryant's breach of

9    obligations to Mattel." This area of information is taken directly from Mattel's

10   allegations regarding Ross in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's

11   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 16).

12   As to burden, Mattel has not attempted to demonstrate why responding to this

13   request and/or producing responsive documents presents any burden. This objection

14   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

15   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

16   unduly burdensome must allege specific facts which indicate the nature and extent

17   of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

18   unduly burdensome, as noted above, in that the request is narrowly tailored to seek

19   only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

20   secrets. MGA is entitled to discovery on this claim.

21   This request does not seek documents protected by the attorney-client

22   privilege, the attorney work product doctrine, or other applicable privileges. To the

23   extent that Mattel contends that it does, Mattel must provide a privilege log.

24   Mattel's objection that the request seeks confidential, proprietary, and trade

25   secret information should be disregarded. The parties have entered into a protective

26   order in this matter, which governs the handling of confidential business

27   information. Further, Mattel has put its confidential business information at issue in

28

1 | this litigation, including but not limited to its trade secret misappropriation claim

2 | Accordingly, it cannot resist discovery of confidential business information.

3 |  Finally, Mattel has improperly limited its agreement to produce to "the facts

4 | at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

5 | the individual is identified as being knowledgeable about certain topics in Mattel's

6 | initial disclosures, Mattel's obligation to produce does not end with the facts that it

7 | has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

8 | information from the individual on the topics identified, regardless of whether it

9 | supports the facts as alleged by Mattel, MGA, or any other party. See Order

10 | Granting Mattel's Motion to Compel Production of Documents and Interrogatory

11 | Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

12 | MGA might be excluding documents that are responsive to the request based upon

13 | its unilateral determination of what is 'relevant' or 'sufficient.'").

14 |  None of Mattel's improper objections are valid and Mattel is obligated to

15 | produce all non-privileged responsive documents in its possession, custody, or

16 | control.

17 | **MATTEL'S RESPONSE:**

18 |  Mattel has produced all documents responsive to this request. MGA's request

19 | is duplicative of previous requests for which Mattel has produced responsive

20 | documents. On July 3, 2007, MGA moved to compel Mattel to produce documents

21 | responsive to MGA's First Set of Requests for the Production of Documents and

22 | Things in Mattel v. Bryant, Case No. CV04-9059.[189] Request Nos. 180-183, 186-

23 | 187, 258 and 260 sought all documents pertaining to Bryant, including his work at

24 | Mattel and MGA and the design and development of Bratz. Request No. 180, the

25 | broadest request, asked for "all DOCUMENTS mentioning, referring or relating to

26 |

27 | ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

28 | [189] See MGA's Motion to Compel Mattel to Supplement its Responses and Produce Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.

1   BRYANT."[190]  On September 11, 2007, Discovery Master Infante granted MGA's
2   motion to compel as to Request Nos. 180-183, 186-187, 258 and 260.[191]  Pursuant to
3   this order, Mattel produced documents responsive to these requests. Mattel has since
4   confirmed that it has produced responsive, non-privileged documents to these
5   requests in its Third Supplemental Responses to MGA's First Set of Requests for
6   Production.[192]  There is nothing additional to compel and MGA's motion is moot.

7   The term "RELATING TO … alleged knowledge" as used in the request is
8   likewise overbroad.  The universe of documents that could "relate" to Ross's
9   knowledge are potentially without limit.  The request is not confined to documents
10   in Ross's possession or control; rather, all documents containing information that
11   Ross coincidentally knows about the subjects at issue are subsumed within this
12   request.

13   MGA complains that Mattel has limited its responses  regarding individuals in
14   Mattel's Initial Disclosures to information "as alleged in Mattel's initial
15   disclosures."  Mattel has produced all information as to these individuals that is
16   relevant or pertinent to this litigation.  There is nothing to compel.

17   Quite simply, there is nothing to compel.  Mattel has produced responsive,
18   non-privileged documents relating to Ross's knowledge of the facts at issue in this
19   litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
20   custody or control.

21
22
23
24

---

25   [190]   See MGA's First Set of Requests for the Production of Documents and
   Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
26   [191]   See September 12, 2007 Order Granting in Part and Denying in Part MGA's
27   Motion to Compel, at 7-10, Dart Decl., Exh. 9.
   [192]   See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28   for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1 **REQUEST FOR PRODUCTION NO. 349:**

2      All DOCUMENTS REFERRING OR RELATING TO Arnold Rubin's

3 alleged knowledge of "Toy of the Year and the dealings of Mattel and MGA with

4 TIA," as alleged in MATTEL'S INITIAL DISCLOSURES.

5 **RESPONSE TO REQUEST NO. 349:**

6      In addition to the general objections stated above which are incorporated

7 herein by reference, Mattel objects to this Request on the grounds that it is

8 overbroad, unduly burdensome and unintelligible, including in that it seeks all

9 documents on this subject without limitation as to time, and regardless of whether

10 such documents relate to products or matters at issue in this case. Mattel further

11 objects to the Request on the grounds that it seeks documents that are not relevant to

12 this action or likely to lead to the discovery of admissible evidence. Mattel further

13 objects to this Request on the grounds that it seeks confidential, proprietary and

14 trade secret information that has no bearing on the claims or defenses in this case.

15 Mattel further objects to this Request on the grounds that it calls for the disclosure

16 of information subject to the attorney-client privilege, the attorney work product

17 doctrine and other applicable privileges.

18 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 349:**

19      In addition to the general objections stated above which are incorporated

20 herein by reference, Mattel objects to this Request on the grounds that it is

21 overbroad, unduly burdensome and unintelligible, including in that it seeks all

22 documents on this subject without limitation as to time, and regardless of whether

23 such documents relate to products or matters at issue in this case. Mattel further

24 objects to the Request on the grounds that it seeks documents that are not relevant to

25 this action or likely to lead to the discovery of admissible evidence. Mattel further

26 objects to this Request on the grounds that it calls for documents or information in

27 the possession, custody or control of MGA, including without limitation documents

28 and information that MGA has been compelled by Court orders to produce but has

1   not produced.  Mattel further objects to this Request on the grounds that it seeks
2   confidential, proprietary and trade secret information, including such information
3   that has no bearing on the claims or defenses in this case.  Mattel further objects to
4   this Request on the grounds that it calls for the disclosure of information subject to
5   the attorney-client privilege, the attorney work product doctrine and other applicable
6   privileges.

7       Subject to the foregoing objections, Mattel responds as follows: Mattel will
8   produce responsive, non-privileged documents relating to Arnold Rubin's
9   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
10  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
11  has been able to locate after a diligent search and reasonable inquiry, to the extent
12  not previously produced.

13  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
14  **TO SHOULD BE COMPELLED**

15      Mattel has improperly limited its agreement to produce documents in
16  response to this request, subject to its improper boilerplate objections.  Mattel has
17  refused to confirm whether or not it has produced all non-privileged responsive
18  documents or whether it is withholding documents based on its objections in Phase
19  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
20  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
21  Generic objections that fail to explain the basis for an objection with specificity are
22  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
23  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
24  'overly burdensome and harassing' are improper – especially when a party fails to
25  submit any evidentiary declarations supporting such objections").  Accordingly,
26  Mattel must be compelled either to certify that it has produced all non-privileged
27  responsive documents or to produce all such documents by a date certain.
28

1   To the extent that Mattel is relying on its blanket objections, they are not
2   sustainable and do not justify Mattel's failure to produce documents.

3   As to overbreadth, Mattel provides no explanation, let alone the required
4   particularity, as to why this request is supposedly overly broad, nor can it do so.
5   This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
6   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
7   contrary, the request is narrowly tailored to seek documents in Mattel's possession,
8   custody, or control concerning Rubin's alleged knowledge of "Toy of the Year and
9   the dealings of Mattel and MGA with TIA." This area of information is taken
10   directly from Mattel's allegations regarding Rubin in its initial disclosures.
11   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
12   p. 16).

13   As to burden, Mattel has not attempted to demonstrate why responding to this
14   request and/or producing responsive documents presents any burden. This objection
15   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
16   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
17   unduly burdensome must allege specific facts which indicate the nature and extent
18   of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
19   unduly burdensome, as noted above, in that the request is narrowly tailored to seek
20   only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
21   secrets. MGA is entitled to discovery on this claim.

22   This request does not seek documents protected by the attorney-client
23   privilege, the attorney work product doctrine, or other applicable privileges. To the
24   extent that Mattel contends that it does, Mattel must provide a privilege log.

25   This request seeks relevant information. Mattel identified Rubin in its initial
26   disclosures an individual with discoverable knowledge regarding "Toy of the Year
27   and the dealings of Mattel and MGA with TIA." Rutowski Decl. Ex. 56 (Mattel's
28   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 16). Accordingly, Mattel's

1 | initial disclosures demonstrate the relevance of this request. Further, this
2 | information is relevant to, among other things, MGA's unfair competition claims.

3 | Mattel's objection that the request seeks information within MGA's
4 | possession, custody or control is nonsensical and lacks factual support. Mattel
5 | makes no argument, let alone a factual showing, that any documents in MGA's
6 | possession are duplicative of documents within Mattel's control. MGA is entitled to
7 | discovery from Mattel of documents within its possession, custody, or control that
8 | relate to the subject of this suit. Mattel cannot avoid this obligation by making a
9 | conclusory statement that MGA also possesses responsive documents.

10 | Mattel's objection that the request seeks confidential, proprietary, and trade
11 | secret information should be disregarded. The parties have entered into a protective
12 | order in this matter, which governs the handling of confidential business
13 | information. Further, Mattel has put its confidential business information at issue in
14 | this litigation, including but not limited to its trade secret misappropriation claim
15 | Accordingly, it cannot resist discovery of confidential business information.

16 | Finally, Mattel has improperly limited its agreement to produce to "the facts
17 | at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
18 | the individual is identified as being knowledgeable about certain topics in Mattel's
19 | initial disclosures, Mattel's obligation to produce does not end with the facts that it
20 | has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
21 | information from the individual on the topics identified, regardless of whether it
22 | supports the facts as alleged by Mattel, MGA, or any other party. See Order
23 | Granting Mattel's Motion to Compel Production of Documents and Interrogatory
24 | Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
25 | MGA might be excluding documents that are responsive to the request based upon
26 | its unilateral determination of what is 'relevant' or 'sufficient.'").

27
28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1 None of Mattel's improper objections are valid and Mattel is obligated to
2 produce all non-privileged responsive documents in its possession, custody, or
3 control.

4 **MATTEL'S RESPONSE:**

5 The term "RELATING TO ... alleged knowledge" as used in the request is
6 likewise overbroad. The universe of documents that could "relate" to Rubin's
7 knowledge are potentially without limit. The request is not confined to documents
8 in Rubin's possession or control; rather, all documents containing information that
9 Rubin coincidentally knows about the subjects at issue are subsumed within this
10 request.

11 MGA complains that Mattel has limited its responses regarding individuals in
12 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
13 disclosures." Mattel has produced all information as to these individuals that is
14 relevant or pertinent to this litigation. There is nothing to compel.

15 Quite simply, there is nothing to compel. Mattel has produced responsive,
16 non-privileged documents relating to Rubin's knowledge of the facts at issue in this
17 litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
18 custody or control.

19 **REQUEST FOR PRODUCTION NO. 350:**

20 All DOCUMENTS REFERRING OR RELATING TO Shirin Salemnia's
21 alleged knowledge of "MGA's access to Mattel's intellectual property and trade
22 secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
23 DISCLOSURES.

24 **RESPONSE TO REQUEST NO. 350:**

25 In addition to the general objections stated above which are incorporated
26 herein by reference, Mattel objects to this Request on the grounds that it is
27 overbroad, unduly burdensome and unintelligible, including in that it seeks all
28 documents on this subject without limitation as to time, and regardless of whether

1 such documents relate to products or matters at issue in this case. Mattel further

2 objects to the Request on the grounds that it seeks documents that are not relevant to

3 this action or likely to lead to the discovery of admissible evidence. Mattel further

4 objects to this Request on the grounds that it seeks confidential, proprietary and

5 trade secret information that has no bearing on the claims or defenses in this case.

6 Mattel further objects to this Request on the grounds that it calls for the disclosure

7 of information subject to the attorney-client privilege, the attorney work product

8 doctrine and other applicable privileges.

9 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 350:**

10      In addition to the general objections stated above which are incorporated

11 herein by reference, Mattel objects to this Request on the grounds that it is

12 overbroad, unduly burdensome and unintelligible, including in that it seeks all

13 documents on this subject without limitation as to time, and regardless of whether

14 such documents relate to products or matters at issue in this case. Mattel further

15 objects to the Request on the grounds that it seeks documents that are not relevant to

16 this action or likely to lead to the discovery of admissible evidence. Mattel further

17 objects to this Request on the grounds that it calls for documents or information in

18 the possession, custody or control of MGA and/or Bryant, including without

19 limitation documents and information that MGA and Bryant have been compelled

20 by Court orders to produce but have not produced. Mattel further object to this

21 Request on the grounds that it seeks confidential, proprietary and trade secret

22 information, including such information that has no bearing on the claims or

23 defenses in this case. Mattel further objects to this Request on the grounds that it

24 calls for the disclosure of information subject to the attorney-client privilege, the

25 attorney work-product doctrine and other applicable privileges.

26      Subject to the foregoing objections, Mattel responds as follows: Mattel will

27 produce responsive, non-privileged documents relating to Shirin Salemnia's

28 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

1 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
2 has been able to locate after a diligent search and reasonable inquiry, to the extent
3 not previously produced.

4 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
5 **TO SHOULD BE COMPELLED**

6          Mattel has improperly limited its agreement to produce documents in
7 response to this request, subject to its improper boilerplate objections. Mattel has
8 refused to confirm whether or not it has produced all non-privileged responsive
9 documents or whether it is withholding documents based on its objections in Phase
10 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
11 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
12 Generic objections that fail to explain the basis for an objection with specificity are
13 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
14 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
15 'overly burdensome and harassing' are improper – especially when a party fails to
16 submit any evidentiary declarations supporting such objections"). Accordingly,
17 Mattel must be compelled either to certify that it has produced all non-privileged
18 responsive documents or to produce all such documents by a date certain.

19          To the extent that Mattel is relying on its blanket objections, they are not
20 sustainable and do not justify Mattel's failure to produce documents.

21          As to overbreadth, Mattel provides no explanation, let alone the required
22 particularity, as to why this request is supposedly overly broad, nor can it do so.
23 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
24 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
25 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
26 custody, or control concerning Salemnia's alleged knowledge of "MGA's access to
27 Mattel's intellectual property and trade secrets" and "MGA's business practices."
28 This area of information is taken directly from Mattel's allegations regarding

1   Salemnia in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated

2   Initial Disclosures, dated Jan. 5, 2007, p. 17).

3       As to burden, Mattel has not attempted to demonstrate why responding to this

4   request and/or producing responsive documents presents any burden. This objection

5   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

6   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

7   unduly burdensome must allege specific facts which indicate the nature and extent

8   of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

9   unduly burdensome, as noted above, in that the request is narrowly tailored to seek

10  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

11  secrets. MGA is entitled to discovery on this claim.

12      This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges. To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      This request seeks relevant information. Mattel identified Salemnia in its

16  initial disclosures an individual with discoverable knowledge regarding "MGA's

17  access to Mattel's intellectual property and trade secrets" and "MGA business

18  practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

19  Jan. 5, 2007, p. 17). Accordingly, Mattel's initial disclosures demonstrate the

20  relevance of this request. Further, this information is relevant to, among other

21  things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and

22  MGA's affirmative defenses of statute of limitations and laches.

23      Mattel's objection that the request seeks information within MGA's

24  possession, custody or control is nonsensical and lacks factual support. Mattel

25  makes no argument, let alone a factual showing, that any documents in MGA's

26  possession are duplicative of documents within Mattel's control. MGA is entitled to

27  discovery from Mattel of documents within its possession, custody, or control that

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1 relate to the subject of this suit. Mattel cannot avoid this obligation by making a
2 conclusory statement that MGA also possesses responsive documents.

3 Mattel's objection that the request seeks confidential, proprietary, and trade
4 secret information should be disregarded. The parties have entered into a protective
5 order in this matter, which governs the handling of confidential business
6 information. Further, Mattel has put its confidential business information at issue in
7 this litigation, including but not limited to its trade secret misappropriation claim
8 Accordingly, it cannot resist discovery of confidential business information.

9 Finally, Mattel has improperly limited its agreement to produce to "the facts
10 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
11 the individual is identified as being knowledgeable about certain topics in Mattel's
12 initial disclosures, Mattel's obligation to produce does not end with the facts that it
13 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
14 information from the individual on the topics identified, regardless of whether it
15 supports the facts as alleged by Mattel, MGA, or any other party. See Order
16 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
17 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
18 MGA might be excluding documents that are responsive to the request based upon
19 its unilateral determination of what is 'relevant' or 'sufficient.'").

20 None of Mattel's improper objections are valid and Mattel is obligated to
21 produce all non-privileged responsive documents in its possession, custody, or
22 control.

23 **MATTEL'S RESPONSE:**

24 MGA ignores that (i) Mattel has produced its non-privileged, responsive
25 documents, as it agreed to do, and that (ii) most information sought by this request is
26 within MGA's possession, custody or control, and is equally if not more readily
27 available to MG Salemnia is an employee of MGA. MGA gives no reason why it
28 requests information from Mattel regarding its *own company* and its *own employee*,

1 | other than to say that "this area of information is taken directly from Mattel's
2 | allegations regarding Salemnia in its initial disclosures." Indeed, it appears that
3 | MGA merely cut and paste its request from Mattel's initial disclosures without
4 | consideration as to what information Mattel may have that is already within MGA's
5 | possession, custody or control.

6 |      MGA's conclusory arguments also ignore that the Request is facially
7 | overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
8 | Civil Procedure do not permit MGA to use broad discovery requests untethered to
9 | any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion
10 | for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
11 | See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
12 | Cir. 2004) ("District courts need not condone the use of discovery to engage in
13 | 'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to
14 | Salemnia's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮
15 | ▮▮▮▮▮▮▮ MGA makes no attempt to link this request with the claims and defenses
16 | in this case. For example, Salemnia may have knowledge of MGA's retirement
17 | plans, health benefits, OSHA compliance, sexual harassment policies, or any
18 | number of subjects regarding business practices at MGA which clearly fall outside
19 | the narrow scope required by the Discovery Master. Because MGA has not linked
20 | its broad request to any of the numerous and far-ranging allegations of unfair
21 | competition set forth in its complaint, the Discovery Master should uphold Mattel's
22 | overbreadth objection.

23 |      The term "RELATING TO ... alleged knowledge" as used in the request is
24 | likewise overbroad. The universe of documents that could "relate" to Salemnia's
25 | knowledge are potentially without limit. The request is not confined to documents
26 | in Salemnia's possession or control; rather, all documents containing information
27 | that Salemnia coincidentally knows about the subjects at issue are subsumed within
28 | this request.

1    MGA complains that Mattel has limited its responses regarding individuals in
2    Mattel's Initial Disclosures to information "as alleged in Mattel's initial
3    disclosures." Mattel has produced all information as to these individuals that is
4    relevant or pertinent to this litigation. There is nothing to compel.
5    Quite simply, there is nothing to compel. Mattel has produced responsive,
6    non-privileged documents relating to Salemnia's knowledge of the facts at issue in
7    this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
8    possession, custody or control.

9    **REQUEST FOR PRODUCTION NO. 351:**

10    All DOCUMENTS REFERRING OR RELATING TO Pablo Vargas San
11    Jose's alleged knowledge of "MGA's theft of Mattel's intellectual property and trade
12    secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
13    DISCLOSURES.

14    **RESPONSE TO REQUEST NO. 351:**

15    In addition to the general objections stated above which are incorporated
16    herein by reference, Mattel objects to this Request on the grounds that it is
17    overbroad, unduly burdensome and unintelligible, including in that it seeks all
18    documents on this subject without limitation as to time, and regardless of whether
19    such documents relate to products or matters at issue in this case. Mattel further
20    objects to the Request on the grounds that it seeks documents that are not relevant to
21    this action or likely to lead to the discovery of admissible evidence. Mattel further
22    objects to this Request on the grounds that it seeks confidential, proprietary and
23    trade secret information that has no bearing on the claims or defenses in this case.
24    Mattel further objects to this Request on the grounds that it calls for the disclosure
25    of information subject to the attorney-client privilege, the attorney work product
26    doctrine and other applicable privileges.

27

28

1 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 351:**

2     In addition to the general objections stated above which are incorporated

3 herein by reference, Mattel objects to this Request on the grounds that it is

4 overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 documents on this subject without limitation as to time, and regardless of whether

6 such documents relate to products or matters at issue in this case. Mattel further

7 objects to the Request on the grounds that it seeks documents that are not relevant to

8 this action or likely to lead to the discovery of admissible evidence. Mattel further

9 objects to this Request on the grounds that it calls for documents or information in

10 the possession, custody or control of MGA, including without limitation documents

11 and information that MGA has been compelled by Court orders to produce but has

12 not produced. Mattel further objects to this Request on the grounds that it seeks

13 confidential, proprietary and trade secret information, including such information

14 that has no bearing on the claims or defenses in this case. Mattel further objects to

15 this Request on the grounds that it calls for the disclosure of information subject to

16 the attorney-client privilege, the attorney work product doctrine and other applicable

17 privileges.

18     Subject to the foregoing objections, Mattel responds as follows: Mattel will

19 produce responsive, non-privileged documents relating to Pablo Vargas San Jose's

20 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

21 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

22 has been able to locate after a diligent search and reasonable inquiry, to the extent

23 not previously produced.

24 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

25 **TO SHOULD BE COMPELLED**

26     Mattel has improperly limited its agreement to produce documents in

27 response to this request, subject to its improper boilerplate objections. Mattel has

28 refused to confirm whether or not it has produced all non-privileged responsive

1   documents or whether it is withholding documents based on its objections in Phase
2   2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
3   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
4   Generic objections that fail to explain the basis for an objection with specificity are
5   routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
6   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
7   'overly burdensome and harassing' are improper – especially when a party fails to
8   submit any evidentiary declarations supporting such objections"). Accordingly,
9   Mattel must be compelled either to certify that it has produced all non-privileged
10  responsive documents or to produce all such documents by a date certain.

11      To the extent that Mattel is relying on its blanket objections, they are not
12  sustainable and do not justify Mattel's failure to produce documents.

13      As to overbreadth, Mattel provides no explanation, let alone the required
14  particularity, as to why this request is supposedly overly broad, nor can it do so.
15  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
16  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
17  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
18  custody, or control concerning San Jose's alleged knowledge of "MGA's theft of
19  Mattel's intellectual property and trade secrets" and "MGA's business practices."
20  This area of information is taken directly from Mattel's allegations regarding San
21  Jose in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
22  Disclosures, dated Jan. 5, 2007, p. 17).

23      As to burden, Mattel has not attempted to demonstrate why responding to this
24  request and/or producing responsive documents presents any burden. This objection
25  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
26  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
27  unduly burdensome must allege specific facts which indicate the nature and extent
28  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

1  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
2  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
3  secrets. MGA is entitled to discovery on this claim.

4      This request does not seek documents protected by the attorney-client
5  privilege, the attorney work product doctrine, or other applicable privileges. To the
6  extent that Mattel contends that it does, Mattel must provide a privilege log.

7      This request seeks relevant information. Mattel identified San Jose in its
8  initial disclosures an individual with discoverable knowledge regarding "MGA's
9  theft of Mattel's intellectual property and trade secrets" and "MGA business
10 practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
11 Jan. 5, 2007, p. 17). Accordingly, Mattel's initial disclosures demonstrate the
12 relevance of this request. Further, this information is relevant to, among other
13 things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
14 MGA's affirmative defenses of statute of limitations and laches.

15      Mattel's objection that the request seeks information within MGA's
16 possession, custody or control is nonsensical and lacks factual support. Mattel
17 makes no argument, let alone a factual showing, that any documents in MGA's
18 possession are duplicative of documents within Mattel's control. MGA is entitled to
19 discovery from Mattel of documents within its possession, custody, or control that
20 relate to the subject of this suit. Mattel cannot avoid this obligation by making a
21 conclusory statement that MGA also possesses responsive documents.

22      Mattel's objection that the request seeks confidential, proprietary, and trade
23 secret information should be disregarded. The parties have entered into a protective
24 order in this matter, which governs the handling of confidential business
25 information. Further, Mattel has put its confidential business information at issue in
26 this litigation, including but not limited to its trade secret misappropriation claim
27 Accordingly, it cannot resist discovery of confidential business information.

28

-882-

1    Finally, Mattel has improperly limited its agreement to produce to "the facts
2  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
3  the individual is identified as being knowledgeable about certain topics in Mattel's
4  initial disclosures, Mattel's obligation to produce does not end with the facts that it
5  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
6  information from the individual on the topics identified, regardless of whether it
7  supports the facts as alleged by Mattel, MGA, or any other party. <u>See</u> Order
8  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10  MGA might be excluding documents that are responsive to the request based upon
11  its unilateral determination of what is 'relevant' or 'sufficient.'").

12    None of Mattel's improper objections are valid and Mattel is obligated to
13  produce all non-privileged responsive documents in its possession, custody, or
14  control.

15  **MATTEL'S RESPONSE:**

16    MGA ignores that (i) Mattel has produced its non-privileged, responsive
17  documents, as it agreed to do, and that (ii) most information sought by this request is
18  within MGA's possession, custody or control, and is equally if not more readily
19  available to MG  San Jose is an employee of MGA. MGA gives no reason why it
20  requests information from Mattel regarding its *own company* and its *own employee*,
21  other than to say that "this area of information is taken directly from Mattel's
22  allegations regarding San Jose in its initial disclosures." Indeed, it appears that
23  MGA merely cut and paste its request from Mattel's initial disclosures without
24  consideration as to what information Mattel may have that is already within MGA's
25  possession, custody or control.

26    MGA's conclusory arguments also ignore that the Request is facially
27  overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
28  Civil Procedure do not permit MGA to use broad discovery requests untethered to

1   any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion

2   for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

3   <u>See also</u> Fed.R.Civ.P. 26(b)(1);  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th

4   Cir. 2004) ("District courts need not condone the use of discovery to engage in

5   'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to San

6   Jose's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮▮▮

7   ▮▮▮▮▮▮▮   MGA makes no attempt to link this request with the claims and defenses

8   in this case.  For example, San Jose may have knowledge of MGA's retirement

9   plans, health benefits, OSHA compliance, sexual harassment policies, or any

10   number of subjects regarding business practices at MGA which clearly fall outside

11   the narrow scope required by the Discovery Master. Because MGA has not linked

12   its broad request to any of the numerous and far-ranging allegations of unfair

13   competition set forth in its complaint, the Discovery Master should uphold Mattel's

14   overbreadth objection.

15       The term "RELATING TO … alleged knowledge" as used in the request is

16   likewise overbroad.  The universe of documents that could "relate" to San Jose's

17   knowledge are potentially without limit.  The request is not confined to documents

18   in San Jose's possession or control; rather, all documents containing information that

19   San Jose coincidentally knows about the subjects at issue are subsumed within this

20   request.

21       MGA complains that Mattel has limited its responses  regarding individuals in

22   Mattel's Initial Disclosures to information "as alleged in Mattel's initial

23   disclosures."  Mattel has produced all information as to these individuals that is

24   relevant or pertinent to this litigation.  There is nothing to compel.

25       Quite simply, there is nothing to compel.  Mattel has produced responsive,

26   non-privileged documents relating to San Jose's knowledge of the facts at issue in

27   this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

28   possession, custody or control.

**REQUEST FOR PRODUCTION NO. 352:**

All DOCUMENTS REFERRING OR RELATING TO Chuck Scothon's alleged knowledge of "Mattel's business operations and the development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 352:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 352:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the

1 claims or defenses in this case. Mattel further objects to this Request on the ground

2 that it calls for the disclosure of information subject to the attorney-client privilege

3 the attorney work-product doctrine and other applicable privileges.

4      Subject to the foregoing objections, Mattel responds as follows: Mattel will

5 produce responsive, non-privileged documents relating to Chuck Scothon's

6 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

7 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

8 has been able to locate after a diligent search and reasonable inquiry, to the extent

9 not previously produced.

10 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

11 **TO SHOULD BE COMPELLED**

12      Mattel has improperly limited its agreement to produce documents in

13 response to this request, subject to its improper boilerplate objections. Mattel has

14 refused to confirm whether or not it has produced all non-privileged responsive

15 documents or whether it is withholding documents based on its objections in Phase

16 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

17 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

18 Generic objections that fail to explain the basis for an objection with specificity are

19 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

20 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

21 'overly burdensome and harassing' are improper – especially when a party fails to

22 submit any evidentiary declarations supporting such objections"). Accordingly,

23 Mattel must be compelled either to certify that it has produced all non-privileged

24 responsive documents or to produce all such documents by a date certain.

25      To the extent that Mattel is relying on its blanket objections, they are not

26 sustainable and do not justify Mattel's failure to produce documents.

27      As to overbreadth, Mattel provides no explanation, let alone the required

28 particularity, as to why this request is supposedly overly broad, nor can it do so.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

2  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

3  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

4  custody, or control concerning Scothon's alleged knowledge of "Mattel's business

5  operations and the development and ownership of intellectual property at issue."

6  This area of information is taken directly from Mattel's allegations regarding

7  Scothon in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

8  Initial Disclosures, dated Jan. 5, 2007, p. 17).

9      As to burden, Mattel has not attempted to demonstrate why responding to this

10  request and/or producing responsive documents presents any burden.  This objection

11  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

12  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

13  unduly burdensome must allege specific facts which indicate the nature and extent

14  of the burden, usually by affidavit or other reliable evidence.").

15      Moreover, it is not unduly burdensome, as noted above, in that the request is

16  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

17  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

18      This request does not seek documents protected by the attorney-client

19  privilege, the attorney work product doctrine, or other applicable privileges.  To the

20  extent that Mattel contends that it does, Mattel must provide a privilege log.

21      This request seeks relevant information.  Mattel identified Scothon in its

22  initial disclosures an individual with discoverable knowledge regarding "Mattel's

23  business operations and the development and ownership of intellectual property at

24  issue."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan.

25  5, 2007, p. 17).  Accordingly, Mattel's initial disclosures demonstrate the relevance

26  of this request.  Further, this information is relevant to, among other things, Mattel's

27  trade secret defense and MGA's claims of trade dress infringement Mattel's

28  objection that the request seeks information within MGA's possession, custody or

1   control is nonsensical and lacks factual support. Mattel makes no argument, let
2   alone a factual showing, that any documents in MGA's possession are duplicative of
3   documents within Mattel's control. MGA is entitled to discovery from Mattel of
4   documents within its possession, custody, or control that relate to the subject of this
5   suit. Mattel cannot avoid this obligation by making a conclusory statement that
6   MGA also possesses responsive documents.

7       Mattel's objection that the request seeks confidential, proprietary, and trade
8   secret information should be disregarded. The parties have entered into a protective
9   order in this matter, which governs the handling of confidential business
10  information. Further, Mattel has put its confidential business information at issue in
11  this litigation, including but not limited to its trade secret misappropriation claim
12  Accordingly, it cannot resist discovery of confidential business information.

13      Finally, Mattel has improperly limited its agreement to produce to "the facts
14  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
15  the individual is identified as being knowledgeable about certain topics in Mattel's
16  initial disclosures, Mattel's obligation to produce does not end with the facts that it
17  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
18  information from the individual on the topics identified, regardless of whether it
19  supports the facts as alleged by Mattel, MGA, or any other party. See Order
20  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
21  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
22  MGA might be excluding documents that are responsive to the request based upon
23  its unilateral determination of what is 'relevant' or 'sufficient.'").

24      None of Mattel's improper objections are valid and Mattel is obligated to
25  produce all non-privileged responsive documents in its possession, custody, or
26  control.

27

28

1 **MATTEL'S RESPONSE:**

2       MGA's conclusory arguments ignore that the Request is facially overbroad.
3 The Discovery Master has previously ruled that "[t]he Federal Rules of Civil
4 Procedure do not permit MGA to use broad discovery requests untethered to any
5 claim or defense." Order Granting in Part and Denying in Part Mattel's Motion for
6 protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007. See
7 also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.
8 2004) ("District courts need not condone the use of discovery to engage in 'fishing
9 expeditions.'"). Here, MGA seeks all documents referring or relating to Scothon's
10 knowledge of extremely broad subjects—including "Mattel's business operations."
11 MGA makes no attempt to link this request with the claims and defenses in this
12 case. For example, Scothon may have knowledge of Mattel's retirement plans,
13 health benefits, OSHA compliance, sexual harassment policies, or any number of
14 subjects regarding business operations at Mattel which clearly fall outside the
15 narrow scope required by the Discovery Master. Because MGA has not linked its
16 broad request to any of the numerous and far-ranging allegations of unfair
17 competition set forth in its complaint, the Discovery Master should uphold Mattel's
18 overbreadth objection.

19       The term "RELATING TO … alleged knowledge" as used in the request is
20 likewise overbroad. The universe of documents that could "relate" to Scothon's
21 knowledge are potentially without limit. The request is not confined to documents
22 in Scothon's possession or control; rather, all documents containing information that
23 Scothon coincidentally knows about the subjects at issue are subsumed within this
24 request.

25       MGA complains that Mattel has limited its responses regarding individuals in
26 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
27 disclosures." Mattel has produced all information as to these individuals that is
28 relevant or pertinent to this litigation. There is nothing to compel.

1    Quite simply, there is nothing to compel. Mattel has produced responsive,
2    non-privileged documents relating to Scothon's knowledge of the facts at issue in
3    this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
4    possession, custody or control, if any, that Mattel has been able to locate after a
5    diligent search. and reasonable inquiry.

6    **REQUEST FOR PRODUCTION NO. 353:**

7    All DOCUMENTS in Chuck Scothon's possession or control REFERRING
8    OR RELATING TO his alleged knowledge of "Mattel's business operations and the
9    development and ownership of intellectual property at issue," as alleged in
10   MATTEL'S INITIAL DISCLOSURES.

11   **RESPONSE TO REQUEST NO. 353:**

12   In addition to the general objections stated above which are incorporated
13   herein by reference, Mattel objects to this Request on the grounds that it is
14   overbroad, unduly burdensome and unintelligible, including in that it seeks all
15   documents on this subject without limitation as to time, and regardless of whether
16   such documents relate to products or matters at issue in this case. Mattel further
17   objects to the Request on the grounds that it seeks documents that are not relevant to
18   this action or likely to lead to the discovery of admissible evidence. Mattel further
19   objects to this Request on the grounds that it seeks confidential, proprietary and
20   trade secret information that has no bearing on the claims or defenses in this case.
21   Mattel further objects to this Request on the grounds that it calls for the disclosure
22   of information subject to the attorney-client privilege, the attorney work product
23   doctrine and other applicable privileges.

24   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 353:**

25   In addition to the general objections stated above which are Incorporated
26   herein by reference, Mattel objects to this Request on the grounds that it is
27   overbroad, unduly burdensome and unintelligible, including in that it seeks all
28   documents on this subject without limitation as to time, and regardless of whether

1 such documents relate to products or matters at issue in this case. Mattel further
2 objects to the Request on the grounds that it seeks documents that are not relevant to
3 this action or likely to lead to the discovery of admissible evidence. Mattel further
4 objects to this Request on the grounds that it seeks confidential, proprietary and
5 trade secret information, including such information that has no bearing on the
6 claims or defenses in this case. Mattel further objects to this Request on the ground
7 that it calls for the disclosure of information subject to the attorney-client privilege
8 the attorney work-product doctrine and other applicable privileges.

9      Subject to the foregoing objections, Mattel responds as follows: Matte will
10 produce responsive, non-privileged documents relating to Chuck Scothon's
11 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
12 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
13 has been able to locate after a diligent search and reasonable inquiry, to the extent
14 not previously produced.

15 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
16 **TO SHOULD BE COMPELLED**

17      Mattel has improperly limited its agreement to produce documents in
18 response to this request, subject to its improper boilerplate objections. Mattel has
19 refused to confirm whether or not it has produced all non-privileged responsive

20      documents or whether it is withholding documents based on its objections in
21 Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a
22 request must specify the part and permit inspection of the rest." Fed. R. Civ. P.
23 34(b)(2)(c) Generic objections that fail to explain the basis for an objection with
24 specificity are routinely rejected in the Central District. See A. Farber and Partners,
25 Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate
26 objections such as 'overly burdensome and harassing' are improper – especially
27 when a party fails to submit any evidentiary declarations supporting such
28 objections"). Accordingly, Mattel must be compelled either to certify that it has

1  produced all non-privileged responsive documents or to produce all such documents
2  by a date certain.

3    To the extent that Mattel is relying on its blanket objections, they are not
4  sustainable and do not justify Mattel's failure to produce documents.

5    As to overbreadth, Mattel provides no explanation, let alone the required
6  particularity, as to why this request is supposedly overly broad, nor can it do so.
7  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
8  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
10 custody, or control concerning Scothon's alleged knowledge of "Mattel's business
11 operations and the development and ownership of intellectual property at issue."
12 This area of information is taken directly from Mattel's allegations regarding
13 Scothon in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated
14 Initial Disclosures, dated Jan. 5, 2007, p. 17).

15   As to burden, Mattel has not attempted to demonstrate why responding to this
16 request and/or producing responsive documents presents any burden. This objection
17 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
18 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
19 unduly burdensome must allege specific facts which indicate the nature

20   and extent of the burden, usually by affidavit or other reliable evidence.").
21 Moreover, it is not unduly burdensome, as noted above, in that the request is
22 narrowly tailored to seek only discoverable evidence. Mattel has alleged that MGA
23 misappropriated its trade secrets. MGA is entitled to discovery on this claim.

24   This request does not seek documents protected by the attorney-client
25 privilege, the attorney work product doctrine, or other applicable privileges. To the
26 extent that Mattel contends that it does, Mattel must provide a privilege log.

27   This request seeks relevant information. Mattel identified Scothon in its
28 initial disclosures an individual with discoverable knowledge regarding "Mattel's

1  business operations and the development and ownership of intellectual property at

2  issue." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan.

3  5, 2007, p. 17). Accordingly, Mattel's initial disclosures demonstrate the relevance

4  of this request. Further, this information is relevant to, among other things, Mattel's

5  trade secret defense and MGA's claims of trade dress infringement Mattel's

6  objection that the request seeks information within MGA's possession, custody or

7  control is nonsensical and lacks factual support. Mattel makes no argument, let

8  alone a factual showing, that any documents in MGA's possession are duplicative of

9  documents within Mattel's control. MGA is entitled to discovery from Mattel of

10  documents within its possession, custody, or control that relate to the subject of this

11  suit. Mattel cannot avoid this obligation by making a conclusory statement that

12  MGA also possesses responsive documents.

13       Mattel's objection that the request seeks confidential, proprietary, and trade

14  secret information should be disregarded. The parties have entered into a protective

15  order in this matter, which governs the handling of confidential business

16  information. Further, Mattel has put its confidential business information at issue in

17  this litigation, including but not limited to its trade secret misappropriation claim

18  Accordingly, it cannot resist discovery of confidential business information.

19       Finally, Mattel has improperly limited its agreement to produce to "the facts

20  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

21  the individual is identified as being knowledgeable about certain topics in Mattel's

22  initial disclosures, Mattel's obligation to produce does not end with the facts that it

23  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

24  information from the individual on the topics identified, regardless of whether it

25  supports the facts as alleged by Mattel, MGA, or any other party. See Order

26  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

27  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

28

1  MGA might be excluding documents that are responsive to the request based upon
2  its unilateral determination of what is 'relevant' or 'sufficient.'").

3       None of Mattel's improper objections are valid and Mattel is obligated to
4  produce all non-privileged responsive documents in its possession, custody, or
5  control.

6  **MATTEL'S RESPONSE:**

7       MGA's conclusory arguments also ignore that the Request is facially
8  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
9  Civil Procedure do not permit MGA to use broad discovery requests untethered to
10 any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
11 for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
12 See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
13 Cir. 2004) ("District courts need not condone the use of discovery to engage in
14 'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
15 Scothon's knowledge of extremely broad subjects—including "Mattel's business
16 operations."  MGA makes no attempt to link this request with the claims and
17 defenses in this case.  For example, Scothon may have knowledge of Mattel's
18 retirement plans, health benefits, OSHA compliance, sexual harassment policies, or
19 any number of subjects regarding business operations at Mattel which clearly fall
20 outside the narrow scope required by the Discovery Master. Because MGA has not
21 linked its broad request to any of the numerous and far-ranging allegations of unfair
22 competition set forth in its complaint, the Discovery Master should uphold Mattel's
23 overbreadth objection.

24       MGA complains that Mattel has limited its responses  regarding individuals in
25 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
26 disclosures."  Mattel has produced all information as to these individuals that is
27 relevant or pertinent to this litigation.  There is nothing to compel.

28

1    Quite simply, there is nothing to compel. Mattel has produced responsive,

2  non-privileged documents relating to Scothon's knowledge of the facts at issue in

3  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

4  possession, custody or control, if any, that Mattel has been able to locate after a

5  diligent search. and reasonable inquiry.

6  **REQUEST FOR PRODUCTION NO. 354:**

7    All DOCUMENTS REFERRING OR RELATING TO Harvey Scott's alleged

8  knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and

9  "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

10  **RESPONSE TO REQUEST NO. 354:**

11    In addition to the general objections stated above which are incorporated

12  herein by reference, Mattel objects to this Request on the grounds that it is

13  overbroad, unduly burdensome and unintelligible, including in that it seeks all

14  documents on this subject without limitation as to time, and regardless of whether

15  such documents relate to products or matters at issue in this case. Mattel further

16  objects to the Request on the grounds that it seeks documents that are not relevant to

17  this action or likely to lead to the discovery of admissible evidence. Mattel further

18  objects to this Request on the grounds that it seeks confidential, proprietary and

19  trade secret information that has no bearing on the claims or defenses in this case.

20  Mattel further objects to this Request on the grounds that it calls for the disclosure

21  of information subject to the attorney-client privilege, the attorney work product

22  doctrine and other applicable privileges.

23  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 354:**

24    In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  overbroad, unduly burdensome and unintelligible, including in that it seeks all

27  documents on this subject without limitation as to time, and regardless of whether

28  such documents relate to products or matters at issue in this case. Mattel further

1  objects to the Request on the grounds that it seeks documents that are not relevant to
2  this action or likely to lead to the discovery of admissible evidence. Mattel further
3  objects to this Request on the grounds that it calls for documents or information in
4  the possession, custody or control of MGA, including without limitation documents
5  and information that MGA has been compelled by Court orders to produce but has
6  not produced. Mattel further objects to this Request on the grounds that it seeks
7  confidential, proprietary and trade secret information, including such information
8  that has no bearing on the claims or defenses in this case. Mattel further objects to
9  this Request on the grounds that it calls for the disclosure of information subject to
10  the attorney-client privilege, the attorney work product doctrine and other applicable
11  privileges.

12      Subject to the foregoing objections, Mattel responds as follows: Mattel will
13  produce responsive, non-privileged documents relating to Harvey Scott's knowledge
14  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
15  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
16  after a diligent search and reasonable inquiry, to the extent not previously produced.

17  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
18  **TO SHOULD BE COMPELLED**

19      Mattel has improperly limited its agreement to produce documents in
20  response to this request, subject to its improper boilerplate objections. Mattel has
21  refused to confirm whether or not it has produced all non-privileged responsive
22  documents or whether it is withholding documents based on its objections in Phase
23  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
24  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
25  Generic objections that fail to explain the basis for an objection with specificity are
26  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
27  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
28  'overly burdensome and harassing' are improper – especially when a party fails to