1 | submit any evidentiary declarations supporting such objections"). Accordingly,
2 | Mattel must be compelled either to certify that it has produced all non-privileged
3 | responsive documents or to produce all such documents by a date certain.

4 | To the extent that Mattel is relying on its blanket objections, they are not
5 | sustainable and do not justify Mattel's failure to produce documents.

6 | As to overbreadth, Mattel provides no explanation, let alone the required
7 | particularity, as to why this request is supposedly overly broad, nor can it do so.
8 | This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
9 | (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
10 | contrary, the request is narrowly tailored to seek documents in Mattel's possession,
11 | custody, or control concerning Scott's alleged knowledge of "MGA's access to
12 | Mattel's intellectual property and trade secrets" and "MGA's business practices."
13 | This area of information is taken directly from Mattel's allegations regarding Scott
14 | in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
15 | Disclosures, dated Jan. 5, 2007, p. 17).

16 | As to burden, Mattel has not attempted to demonstrate why responding to this
17 | request and/or producing responsive documents presents any burden. This objection
18 | must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
19 | F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
20 | unduly burdensome must allege specific facts which indicate the nature and extent
21 | of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
22 | unduly burdensome, as noted above, in that the request is narrowly tailored to seek
23 | only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
24 | secrets. MGA is entitled to discovery on this claim.

25 | This request does not seek documents protected by the attorney-client
26 | privilege, the attorney work product doctrine, or other applicable privileges. To the
27 | extent that Mattel contends that it does, Mattel must provide a privilege log.

28 |

1    This request seeks relevant information. Mattel identified Scott in its initial
2  disclosures an individual with discoverable knowledge regarding "MGA's access to
3  Mattel's intellectual property and trade secrets" and "MGA business practices."
4  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
5  p. 17). Accordingly, Mattel's initial disclosures demonstrate the relevance o this
6  request. Further, this information is relevant to, among other things, Mattel's trade
7  secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
8  defenses of statute of limitations and laches.

9    Mattel's objection that the request seeks information within MGA's
10  possession, custody or control is nonsensical and lacks factual support. Mattel
11  makes no argument, let alone a factual showing, that any documents in MGA's
12  possession are duplicative of documents within Mattel's control. MGA is entitled to
13  discovery from Mattel of documents within its possession, custody, or control that
14  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
15  conclusory statement that MGA also possesses responsive documents.

16    Mattel's objection that the request seeks confidential, proprietary, and trade
17  secret information should be disregarded. The parties have entered into a protective
18  order in this matter, which governs the handling of confidential business
19  information. Further, Mattel has put its confidential business information at issue in
20  this litigation, including but not limited to its trade secret misappropriation claim
21  Accordingly, it cannot resist discovery of confidential business information.

22    Finally, Mattel has improperly limited its agreement to produce to "the facts
23  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
24  the individual is identified as being knowledgeable about certain topics in Mattel's
25  initial disclosures, Mattel's obligation to produce does not end with the facts that it
26  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
27  information from the individual on the topics identified, regardless of whether it
28  supports the facts as alleged by Mattel, MGA, or any other party. See Order

1  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
2  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
3  MGA might be excluding documents that are responsive to the request based upon
4  its unilateral determination of what is 'relevant' or 'sufficient.'").

5      None of Mattel's improper objections are valid and Mattel is obligated to
6  produce all non-privileged responsive documents in its possession, custody, or
7  control.

8  **MATTEL'S RESPONSE:**

9      MGA ignores that (i) Mattel has produced its non-privileged, responsive
10  documents, as it agreed to do, and that (ii) most information sought by this request is
11  within MGA's possession, custody or control, and is equally if not more readily
12  available to MG  Scott is an employee of MGA.  MGA gives no reason why it
13  requests information from Mattel regarding its *own company* and its *own employee*,
14  other than to say that "this area of information is taken directly from Mattel's
15  allegations regarding Scott in its initial disclosures."  Indeed, it appears that MGA
16  merely cut and paste its request from Mattel's initial disclosures without
17  consideration as to what information Mattel may have that is already within MGA's
18  possession, custody or control.

19      MGA's conclusory arguments also ignore that the Request is facially
20  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
21  Civil Procedure do not permit MGA to use broad discovery requests untethered to
22  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
23  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
24  See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
25  Cir. 2004) ("District courts need not condone the use of discovery to engage in
26  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
27  Scott's knowledge of extremely broad subjects—including
28          MGA makes no attempt to link this request with the claims and defenses

1   in this case. For example, Scott may have knowledge of MGA's retirement plans,
2   health benefits, OSHA compliance, sexual harassment policies, or any number of
3   subjects regarding business practices at MGA which clearly fall outside the narrow
4   scope required by the Discovery Master. Because MGA has not linked its broad
5   request to any of the numerous and far-ranging allegations of unfair competition set
6   forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
7   objection.

8       The term "RELATING TO … alleged knowledge" as used in the request is
9   likewise overbroad. The universe of documents that could "relate" to Scott's
10  knowledge are potentially without limit. The request is not confined to documents
11  in Scott's possession or control; rather, all documents containing information that
12  Scott coincidentally knows about the subjects at issue are subsumed within this
13  request.

14      MGA complains that Mattel has limited its responses regarding individuals in
15  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
16  disclosures." Mattel has produced all information as to these individuals that is
17  relevant or pertinent to this litigation. There is nothing to compel.

18      Quite simply, there is nothing to compel. Mattel has produced responsive,
19  non-privileged documents relating to Scott's knowledge of the facts at issue in this
20  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
21  custody or control, if any, that Mattel has been able to locate after a diligent search.
22  and reasonable inquiry.

23  **REQUEST FOR PRODUCTION NO. 355:**

24      All DOCUMENTS REFERRING OR RELATING TO Mark Spencer's
25  alleged knowledge of "MGA's theft of Mattel's intellectual property and trade
26  secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

27

28

1 | **RESPONSE TO REQUEST NO. 355:**

2 |     In addition to the general objections stated above which are incorporated
3 | herein by reference, Mattel objects to this Request on the grounds that it is
4 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
5 | documents on this subject without limitation as to time, and regardless of whether
6 | such documents relate to products or matters at issue in this case. Mattel further
7 | objects to the Request on the grounds that it seeks documents that are not relevant to
8 | this action or likely to lead to the discovery of admissible evidence. Mattel further
9 | objects to this Request on the grounds that it seeks confidential, proprietary and
10 | trade secret information that has no bearing on the claims or defenses in this case.
11 | Mattel further objects to this Request on the grounds that it calls for the disclosure
12 | of information subject to the attorney-client privilege, the attorney work product
13 | doctrine and other applicable privileges.

14 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 355:**

15 |     In addition to the general objections stated above which are incorporated
16 | herein by reference, Mattel objects to this Request on the grounds that it is
17 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
18 | documents on this subject without limitation as to time, and regardless of whether
19 | such documents relate to products or matters at issue in this case. Mattel further
20 | objects to the Request on the grounds that it seeks documents that are not relevant to
21 | this action or likely to lead to the discovery of admissible evidence. Mattel further
22 | objects to this Request on the grounds that it seeks confidential, proprietary and
23 | trade secret information, including such information that has no bearing on the
24 | claims or defenses in this case. Mattel further objects to this Request on the ground
25 | that it calls for the disclosure of information subject to the attorney-client privilege
26 | the attorney work-product doctrine and other applicable privileges.

27 |     Subject to the foregoing objections, Mattel responds as follows: Mattel
28 | produce responsive, non-privileged documents relating to Mark Spencer's

1  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

2  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

3  has been able to locate after a diligent search and reasonable inquiry, to the extent

4  not previously produced.

5  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

6  **TO SHOULD BE COMPELLED**

7       Mattel has improperly limited its agreement to produce documents in

8  response to this request, subject to its improper boilerplate objections. Mattel has

9  refused to confirm whether or not it has produced all non-privileged responsive

10 documents or whether it is withholding documents based on its objections in Phase

11 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

12 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

13 Generic objections that fail to explain the basis for an objection with specificity are

14 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

15 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

16 'overly burdensome and harassing' are improper – especially when a party fails to

17 submit any evidentiary declarations supporting such objections"). Accordingly,

18 Mattel must be compelled either to certify that it has produced all non-privileged

19 responsive documents or to produce all such documents by a date certain.

20       To the extent that Mattel is relying on its blanket objections, they are not

21 sustainable and do not justify Mattel's failure to produce documents.

22       As to overbreadth, Mattel provides no explanation, let alone the required

23 particularity, as to why this request is supposedly overly broad, nor can it do so.

24 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

25 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

26 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

27 custody, or control concerning Spencer's alleged knowledge of "MGA's theft of

28 Mattel's intellectual property and trade secrets." This area of information is taken

-902-

1  directly from Mattel's allegations regarding Spencer in its initial disclosures.

2  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

3  p. 17).

4       As to burden, Mattel has not attempted to demonstrate why responding to this

5  request and/or producing responsive documents presents any burden.  This objection

6  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

7  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

8  unduly burdensome must allege specific facts which indicate the nature and extent

9  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not

10 unduly burdensome, as noted above, in that the request is narrowly tailored to seek

11 only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade

12 secrets.  MGA is entitled to discovery on this claim.

13      This request does not seek documents protected by the attorney-client

14 privilege, the attorney work product doctrine, or other applicable privileges.  To the

15 extent that Mattel contends that it does, Mattel must provide a privilege log.

16      This request seeks relevant information.  Mattel identified Spencer in its

17 initial disclosures an individual with discoverable knowledge regarding "MGA's

18 theft of Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56

19 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 17).  Accordingly

20 Mattel's initial disclosures demonstrate the relevance of this request.  Further, this

21 information is relevant to, among other things, Mattel's trade secret defense, MGA's

22 claims of trade dress infringement, and MGA's affirmative defenses of statute of

23 limitations and laches.

24      Mattel's objection that the request seeks confidential, proprietary, and trade

25 secret information should be disregarded.  The parties have entered into a protective

26 order in this matter, which governs the handling of confidential business

27 information.  Further, Mattel has put its confidential business information at issue in

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1 this litigation, including but not limited to its trade secret misappropriation claim

2 Accordingly, it cannot resist discovery of confidential business information.

3 Finally, Mattel has improperly limited its agreement to produce to "the facts

4 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

5 the individual is identified as being knowledgeable about certain topics in Mattel's

6 initial disclosures, Mattel's obligation to produce does not end with the facts that it

7 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

8 information from the individual on the topics identified, regardless of whether it

9 supports the facts as alleged by Mattel, MGA, or any other party. <u>See</u> Order

10 Granting Mattel's Motion to Compel Production of Documents and Interrogatory

11 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

12 MGA might be excluding documents that are responsive to the request based upon

13 its unilateral determination of what is 'relevant' or 'sufficient.'").

14 None of Mattel's improper objections are valid and Mattel is obligated to

15 produce all non-privileged responsive documents in its possession, custody, or

16 control.

17 **MATTEL'S RESPONSE:**

18 The term "RELATING TO … alleged knowledge" as used in the request is

19 likewise overbroad. The universe of documents that could "relate" to Spencer's

20 knowledge are potentially without limit. The request is not confined to documents

21 in Spencer's possession or control; rather, all documents containing information that

22 Spencer coincidentally knows about the subjects at issue are subsumed within this

23 request.

24 MGA complains that Mattel has limited its responses regarding individuals in

25 Mattel's Initial Disclosures to information "as alleged in Mattel's initial

26 disclosures." Mattel has produced all information as to these individuals that is

27 relevant or pertinent to this litigation. There is nothing to compel.

28

1      Quite simply, there is nothing to compel.  Mattel has produced responsive,

2  non-privileged documents relating to Spencer's knowledge of the facts at issue in

3  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

4  possession, custody or control, if any, that Mattel has been able to locate after a

5  diligent search. and reasonable inquiry.

6  **REQUEST FOR PRODUCTION NO. 356:**

7      All DOCUMENTS REFERRING OR RELATING TO Holly Aileen

8  Stinnett's alleged knowledge of "MGA's access to Mattel's intellectual property and

9  trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

10  DISCLOSURES.

11  **RESPONSE TO REQUEST NO. 356:**

12      In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it is

14  overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case.  Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant to

18  this action or likely to lead to the discovery of admissible evidence.  Mattel further

19  objects to this Request on the grounds that it seeks confidential, proprietary and

20  trade secret information that has no bearing on the claims or defenses in this case.

21  Mattel further objects to this Request on the grounds that it calls for the disclosure

22  of information subject to the attorney-client privilege, the attorney work product

23  doctrine and other applicable privileges.

24  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 356:**

25      In addition to the general objections stated above which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is

27  overbroad, unduly burdensome and unintelligible, including in that it seeks all

28  documents on this subject without limitation as to time, and regardless of whether

1  such documents relate to products or matters at issue in this case. Mattel further
2  objects to the Request on the grounds that it seeks documents that are not relevant to
3  this action or likely to lead to the discovery of admissible evidence. Mattel further
4  objects to this Request on the grounds that it calls for documents or information in
5  the possession, custody or control of MGA, including without limitation documents
6  and information that MGA has been compelled by Court orders to produce but has
7  not produced. Mattel further objects to this Request on the grounds that it seeks
8  confidential, proprietary and trade secret information, including such information
9  that has no bearing on the claims or defenses in this case. Mattel further objects to
10 this Request on the grounds that it calls for the disclosure of information subject to
11 the attorney-client privilege, the attorney work product doctrine and other applicable
12 privileges.

13      Subject to the foregoing objections, Mattel responds as follows: Mattel will
14 produce responsive, non-privileged documents relating to Holly Aileen Stinnett's
15 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
16 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
17 has been able to locate after a diligent search and reasonable inquiry, to the extent
18 not previously produced.

19 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
20 **TO SHOULD BE COMPELLED**

21      Mattel has improperly limited its agreement to produce documents in
22 response to this request, subject to its improper boilerplate objections. Mattel has
23 refused to confirm whether or not it has produced all non-privileged responsive
24 documents or whether it is withholding documents based on its objections in Phase
25 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
26 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
27 Generic objections that fail to explain the basis for an objection with specificity are
28 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

1   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

2   'overly burdensome and harassing' are improper – especially when a party fails to

3   submit any evidentiary declarations supporting such objections").  Accordingly,

4   Mattel must be compelled either to certify that it has produced all non-privileged

5   responsive documents or to produce all such documents by a date certain.

6          To the extent that Mattel is relying on its blanket objections, they are not

7   sustainable and do not justify Mattel's failure to produce documents.

8          As to overbreadth, Mattel provides no explanation, let alone the required

9   particularity, as to why this request is supposedly overly broad, nor can it do so.

10  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

11  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

13  custody, or control concerning Stinnett's alleged knowledge of "MGA's access to

14  Mattel's intellectual property and trade secrets" and "MGA's business practices."

15         This area of information is taken directly from Mattel's allegations regarding

16  Stinnett in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

17  Initial Disclosures, dated Jan. 5, 2007, p. 17).

18         As to burden, Mattel has not attempted to demonstrate why responding to this

19  request and/or producing responsive documents presents any burden.  This objection

20  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

21  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

22  unduly burdensome must allege specific facts which indicate the nature and extent

23  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not

24  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

25  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade

26  secrets.  MGA is entitled to discovery on this claim.

27

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1    This request does not seek documents protected by the attorney-client
2 privilege, the attorney work product doctrine, or other applicable privileges. To the
3 extent that Mattel contends that it does, Mattel must provide a privilege log.

4    This request seeks relevant information. Mattel identified Stinnett in its
5 initial disclosures an individual with discoverable knowledge regarding "MGA's
6 access to Mattel's intellectual property and trade secrets" and "MGA business
7 practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
8 Jan. 5, 2007, p. 17). Accordingly, Mattel's initial disclosures demonstrate the
9 relevance of this request. Further, this information is relevant to, among other
10 things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
11 MGA's affirmative defenses of statute of limitations and laches.

12    Mattel's objection that the request seeks information within MGA's
13 possession, custody or control is nonsensical and lacks factual support. Mattel
14 makes no argument, let alone a factual showing, that any documents in MGA's
15 possession are duplicative of documents within Mattel's control. MGA is entitled to
16 discovery from Mattel of documents within its possession, custody, or control that
17 relate to the subject of this suit. Mattel cannot avoid this obligation by making a
18 conclusory statement that MGA also possesses responsive documents.

19    Mattel's objection that the request seeks confidential, proprietary, and trade
20 secret information should be disregarded. The parties have entered into a protective
21 order in this matter, which governs the handling of confidential business
22 information. Further, Mattel has put its confidential business information at issue in
23 this litigation, including but not limited to its trade secret misappropriation claim
24 Accordingly, it cannot resist discovery of confidential business information.

25    Finally, Mattel has improperly limited its agreement to produce to "the facts
26 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
27 the individual is identified as being knowledgeable about certain topics in Mattel's
28 initial disclosures, Mattel's obligation to produce does not end with the facts that it

1  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

2  information from the individual on the topics identified, regardless of whether it

3  supports the facts as alleged by Mattel, MGA, or any other party.  <u>See</u> Order

4  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

5  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

6  MGA might be excluding documents that are responsive to the request based upon

7  its unilateral determination of what is 'relevant' or 'sufficient.'").

8       None of Mattel's improper objections are valid and Mattel is obligated to

9  produce all non-privileged responsive documents in its possession, custody, or

10  control.

11  **MATTEL'S RESPONSE:**

12       MGA ignores that (i) Mattel has produced its non-privileged, responsive

13  documents, as it agreed to do, and that (ii) most information sought by this request is

14  within MGA's possession, custody or control, and is equally if not more readily

15  available to MG  Stinnett is an employee of MGA.  MGA gives no reason why it

16  requests information from Mattel regarding its *own company* and its *own employee*,

17  other than to say that "this area of information is taken directly from Mattel's

18  allegations regarding Stinnett in its initial disclosures."  Indeed, it appears that MGA

19  merely cut and paste its request from Mattel's initial disclosures without

20  consideration as to what information Mattel may have that is already within MGA's

21  possession, custody or control.

22       MGA's conclusory arguments also ignore that the Request is facially

23  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of

24  Civil Procedure do not permit MGA to use broad discovery requests untethered to

25  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion

26  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

27  <u>See also</u> Fed.R.Civ.P. 26(b)(1);  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th

28  Cir. 2004) ("District courts need not condone the use of discovery to engage in

-909

1  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to

2  Stinnett's knowledge of extremely broad subjects—including ▆▆▆▆▆▆▆▆▆▆

3  ▆▆▆▆▆▆▆  MGA makes no attempt to link this request with the claims and defenses

4  in this case.  For example, Stinnett may have knowledge of MGA's retirement plans,

5  health benefits, OSHA compliance, sexual harassment policies, or any number of

6  subjects regarding business practices at MGA which clearly fall outside the narrow

7  scope required by the Discovery Master. Because MGA has not linked its broad

8  request to any of the numerous and far-ranging allegations of unfair competition set

9  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth

10  objection.

11       The term "RELATING TO ... alleged knowledge" as used in the request is

12  likewise overbroad.  The universe of documents that could "relate" to Stinnett's

13  knowledge are potentially without limit.  The request is not confined to documents

14  in Stinnett's possession or control; rather, all documents containing information that

15  Stinnett coincidentally knows about the subjects at issue are subsumed within this

16  request.

17       MGA complains that Mattel has limited its responses  regarding individuals in

18  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

19  disclosures."  Mattel has produced all information as to these individuals that is

20  relevant or pertinent to this litigation.  There is nothing to compel.

21       Quite simply, there is nothing to compel.  Mattel has produced responsive,

22  non-privileged documents relating to Stinnett's knowledge of the facts at issue in

23  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

24  possession, custody or control, if any, that Mattel has been able to locate after a

25  diligent search. and reasonable inquiry.

26

27

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

**REQUEST FOR PRODUCTION NO. 357:**

All DOCUMENTS REFERRING OR RELATING TO Jier Su's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 357:**

N/A

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 357:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Jier Su's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

1 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2 | **TO SHOULD BE COMPELLED**

3 |     Mattel has improperly limited its agreement to produce documents in
4 | response to this request, subject to its improper boilerplate objections. Mattel has
5 | refused to confirm whether or not it has produced all non-privileged responsive
6 | documents or whether it is withholding documents based on its objections in Phase
7 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
8 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
9 | Generic objections that fail to explain the basis for an objection with specificity are
10 | routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
11 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
12 | 'overly burdensome and harassing' are improper – especially when a party fails to
13 | submit any evidentiary declarations supporting such objections"). Accordingly,
14 | Mattel must be compelled either to certify that it has produced all non-privileged
15 | responsive documents or to produce all such documents by a date certain.

16 |     To the extent that Mattel is relying on its blanket objections, they are not
17 | sustainable and do not justify Mattel's failure to produce documents.

18 |     As to overbreadth, Mattel provides no explanation, let alone the required
19 | particularity, as to why this request is supposedly overly broad, nor can it do so.
20 | This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
21 | (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
22 | contrary, the request is narrowly tailored to seek documents in Mattel's possession,
23 | custody, or control concerning Su's alleged knowledge of "MGA's access to Mattel's
24 | intellectual property and trade secrets" and "MGA's business practices." This area
25 | of information is taken directly from Mattel's allegations regarding Su in its initial
26 | disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
27 | Jan. 5, 2007, p. 17).

28 |

1    As to burden, Mattel has not attempted to demonstrate why responding to this
2  request and/or producing responsive documents presents any burden. This objection
3  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
4  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
5  unduly burdensome must allege specific facts which indicate the nature and extent
6  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
7  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
8  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
9  secrets. MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client
11  privilege, the attorney work product doctrine, or other applicable privileges. To the
12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information. Mattel identified Su in its initial
14  disclosures an individual with discoverable knowledge regarding "MGA's access to
15  Mattel's intellectual property and trade secrets" and "MGA business practices."
16  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
17  p. 17). Accordingly, Mattel's initial disclosures demonstrate the relevance o this
18  request. Further, this information is relevant to, among other things, Mattel's trade
19  secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
20  defenses of statute of limitations and laches.

21    Mattel's objection that the request seeks information within MGA's
22  possession, custody or control is nonsensical and lacks factual support. Mattel
23  makes no argument, let alone a factual showing, that any documents in MGA's
24  possession are duplicative of documents within Mattel's control. MGA is entitled to
25  discovery from Mattel of documents within its possession, custody, or control that
26  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
27  conclusory statement that MGA also possesses responsive documents.

28

1        Mattel's objection that the request seeks confidential, proprietary, and trade

2  secret information should be disregarded.  The parties have entered into a protective

3  order in this matter, which governs the handling of confidential business

4  information.  Further, Mattel has put its confidential business information at issue in

5  this litigation, including but not limited to its trade secret misappropriation claim

6  Accordingly, it cannot resist discovery of confidential business information.

7        Finally, Mattel has improperly limited its agreement to produce to "the facts

8  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

9  the individual is identified as being knowledgeable about certain topics in Mattel's

10  initial disclosures, Mattel's obligation to produce does not end with the facts that it

11  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

12  information from the individual on the topics identified, regardless of whether it

13  supports the facts as alleged by Mattel, MGA, or any other party.  <u>See</u> Order

14  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

15  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

16  MGA might be excluding documents that are responsive to the request based upon

17  its unilateral determination of what is 'relevant' or 'sufficient.'").

18        None of Mattel's improper objections are valid and Mattel is obligated to

19  produce all non-privileged responsive documents in its possession, custody, or

20  control.

21  **MATTEL'S RESPONSE:**

22        MGA ignores that (i) Mattel has produced its non-privileged, responsive

23  documents, as it agreed to do, and that (ii) most information sought by this request is

24  within MGA's possession, custody or control, and is equally if not more readily

25  available to MG  Su is an employee of MGA.  MGA gives no reason why it requests

26  information from Mattel regarding its *own company* and its *own employee*, other

27  than to say that "this area of information is taken directly from Mattel's allegations

28  regarding Su in its initial disclosures."  Indeed, it appears that MGA merely cut and

1   paste its request from Mattel's initial disclosures without consideration as to what
2   information Mattel may have that is already within MGA's possession, custody or
3   control.

4        MGA's conclusory arguments also ignore that the Request is facially
5   overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
6   Civil Procedure do not permit MGA to use broad discovery requests untethered to
7   any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
8   for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
9   See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
10  Cir. 2004) ("District courts need not condone the use of discovery to engage in
11  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to Su's
12  knowledge of extremely broad subjects—including ███████████████████
13  MGA makes no attempt to link this request with the claims and defenses in this
14  case.  For example, Su may have knowledge of MGA's retirement plans, health
15  benefits, OSHA compliance, sexual harassment policies, or any number of subjects
16  regarding business practices at MGA which clearly fall outside the narrow scope
17  required by the Discovery Master. Because MGA has not linked its broad request to
18  any of the numerous and far-ranging allegations of unfair competition set forth in its
19  complaint, the Discovery Master should uphold Mattel's overbreadth objection.

20       The term "RELATING TO ... alleged knowledge" as used in the request is
21  likewise overbroad.  The universe of documents that could "relate" to Su's
22  knowledge are potentially without limit.  The request is not confined to documents
23  in Su's possession or control; rather, all documents containing information that Su
24  coincidentally knows about the subjects at issue are subsumed within this request.

25       MGA complains that Mattel has limited its responses  regarding individuals in
26  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
27  disclosures."  Mattel has produced all information as to these individuals that is
28  relevant or pertinent to this litigation.  There is nothing to compel.

1   Quite simply, there is nothing to compel. Mattel has produced responsive,

2   non-privileged documents relating to Su's knowledge of the facts at issue in this

3   litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

4   custody or control, if any, that Mattel has been able to locate after a diligent search.

5   and reasonable inquiry.

6   **REQUEST FOR PRODUCTION NO. 358:**

7   All DOCUMENTS REFERRING OR RELATING TO Maureen Tafoya's

8   alleged knowledge of "MGA's access to Mattel's intellectual property and trade

9   secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

10   **RESPONSE TO REQUEST NO. 358:  N/A**

11   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 358:**

12   In addition to the general objections stated above which are incorporated

13   herein by reference, Mattel objects to this Request on the grounds that it is

14   overbroad, unduly burdensome and unintelligible, including in that it seeks all

15   documents on this subject without limitation as to time, and regardless of whether

16   such documents relate to products or matters at issue in this case. Mattel further

17   objects to the Request on the grounds that it seeks documents that are not relevant to

18   this action or likely to lead to the discovery of admissible evidence. Mattel further

19   objects to this Request on the grounds that it seeks confidential, proprietary and

20   trade secret information, including such information that has no bearing on the

21   claims or defenses in this case. Mattel further objects to this Request on the ground

22   that it calls for the disclosure of information subject to the attorney client privilege,

23   the attorney work-product doctrine and other applicable privileges.

24   Subject to the foregoing objections, Mattel responds as follows: Mattel will

25   produce responsive, non-privileged documents relating to Maureen Tafoya's

26   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

27   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1   has been able to locate after a diligent search and reasonable inquiry, to the extent

2   not previously produced.

3   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

4   **TO SHOULD BE COMPELLED**

5        Mattel has improperly limited its agreement to produce documents in

6   response to this request, subject to its improper boilerplate objections.  Mattel has

7   refused to confirm whether or not it has produced all non-privileged responsive

8   documents or whether it is withholding documents based on its objections in Phase

9   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

10   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

11   Generic objections that fail to explain the basis for an objection with specificity are

12   routinely rejected in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber</u>,

13   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

14   'overly burdensome and harassing' are improper – especially when a party fails to

15   submit any evidentiary declarations supporting such objections").  Accordingly,

16   Mattel must be compelled either to certify that it has produced all non-privileged

17   responsive documents or to produce all such documents by a date certain.

18        To the extent that Mattel is relying on its blanket objections, they are not

19   sustainable and do not justify Mattel's failure to produce documents.

20        As to overbreadth, Mattel provides no explanation, let alone the required

21   particularity, as to why this request is supposedly overly broad, nor can it do so.

22   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

23   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

24   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

25   custody, or control concerning Tafoya's alleged knowledge of "MGA's access to

26   Mattel's intellectual property and trade secrets."  This area of information is taken

27   directly from Mattel's allegations regarding Tafoya in its initial disclosures.

28

1 | Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
2 | p. 17).

3 As to burden, Mattel has not attempted to demonstrate why responding to this
4 request and/or producing responsive documents presents any burden. This objection
5 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
6 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7 unduly burdensome must allege specific facts which indicate the nature and extent
8 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
9 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
10 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
11 secrets. MGA is entitled to discovery on this claim.

12 This request does not seek documents protected by the attorney-client
13 privilege, the attorney work product doctrine, or other applicable privileges. To the
14 extent that Mattel contends that it does, Mattel must provide a privilege log.

15 This request seeks relevant information. Mattel identified Tafoya in its initial
16 disclosures an individual with discoverable knowledge regarding "MGA's access to
17 Mattel's intellectual property and trade secrets." Rutowski Decl. Ex. 56 (Mattel's
18 Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 17). Accordingly, Mattel's
19 initial disclosures demonstrate the relevance of this request. Further, this
20 information is relevant to, among other things, Mattel's trade secret defense, MGA's
21 claims of trade dress infringement, and MGA's affirmative defenses of statute of
22 limitations and laches.

23 Mattel's objection that the request seeks confidential, proprietary, and trade
24 secret information should be disregarded. The parties have entered into a protective
25 order in this matter, which governs the handling of confidential business
26 information. Further, Mattel has put its confidential business information at issue in
27 this litigation, including but not limited to its trade secret misappropriation claim
28 Accordingly, it cannot resist discovery of confidential business information.

1    Finally, Mattel has improperly limited its agreement to produce to "the facts
2  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
3  the individual is identified as being knowledgeable about certain topics in Mattel's
4  initial disclosures, Mattel's obligation to produce does not end with the facts that it
5  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
6  information from the individual on the topics identified, regardless of whether it
7  supports the facts as alleged by Mattel, MGA, or any other party. <u>See</u> Order
8  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10  MGA might be excluding documents that are responsive to the request based upon
11  its unilateral determination of what is 'relevant' or 'sufficient.'").

12    None of Mattel's improper objections are valid and Mattel is obligated to
13  produce all non-privileged responsive documents in its possession, custody, or
14  control.

15  **MATTEL'S RESPONSE:**

16    The term "RELATING TO ... alleged knowledge" as used in the request is
17  likewise overbroad. The universe of documents that could "relate" to Tafoya's
18  knowledge are potentially without limit. The request is not confined to documents
19  in Tafoya's possession or control; rather, all documents containing information that
20  Tafoya coincidentally knows about the subjects at issue are subsumed within this
21  request.

22    MGA complains that Mattel has limited its responses regarding individuals in
23  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
24  disclosures." Mattel has produced all information as to these individuals that is
25  relevant or pertinent to this litigation. There is nothing to compel.

26    Quite simply, there is nothing to compel. Mattel has produced responsive,
27  non-privileged documents relating to Tafoya's knowledge of the facts at issue in this
28  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

-919-

1  custody or control, if any, that Mattel has been able to locate after a diligent search.

2  and reasonable inquiry.

3  **REQUEST FOR PRODUCTION NO. 359:**

4  All DOCUMENTS in Maureen Tafoya's possession or control REFERRING

5  OR RELATING TO her alleged knowledge of "MGA's access to Mattel's

6  intellectual property and trade secrets," as alleged in MATTEL'S INITIAL

7  DISCLOSURES.

8  **RESPONSE TO REQUEST NO. 359:**

9  N/A

10  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 359:**

11  In addition to the general objections stated above which are incorporated

12  herein by reference, Mattel objects to this Request on the grounds that it is

13  overbroad, unduly burdensome and unintelligible, including in that it seeks all

14  documents on this subject without limitation as to time, and regardless of whether

15  such documents relate to products or matters at issue in this case. Mattel further

16  objects to the Request on the grounds that it seeks documents that are not relevant to

17  this action or likely to lead to the discovery of admissible evidence. Mattel further

18  objects to this Request on the grounds that it seeks confidential, proprietary and

19  trade secret information, including such information that has no bearing on the

20  claims or defenses in this case. Mattel further objects to this Request on the ground

21  that it calls for the disclosure of information subject to the attorney-client privilege

22  the attorney work-product doctrine and other applicable privileges.

23  Subject to the foregoing objections, Mattel responds as follows: Mattel will

24  produce responsive, non-privileged documents relating to Maureen Tafoya's

25  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

26  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

27  has been able to locate after a diligent search and reasonable inquiry, to the extent

28  not previously produced.

1 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2 **TO SHOULD BE COMPELLED**

3    Mattel has improperly limited its agreement to produce documents in
4 response to this request, subject to its improper boilerplate objections. Mattel has
5 refused to confirm whether or not it has produced all non-privileged responsive
6 documents or whether it is withholding documents based on its objections in Phase
7 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
8 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
9 Generic objections that fail to explain the basis for an objection with specificity are
10 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
11 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
12 'overly burdensome and harassing' are improper – especially when a party fails to
13 submit any evidentiary declarations supporting such objections"). Accordingly,
14 Mattel must be compelled either to certify that it has produced all non-privileged
15 responsive documents or to produce all such documents by a date certain.

16    To the extent that Mattel is relying on its blanket objections, they are not
17 sustainable and do not justify Mattel's failure to produce documents.

18    As to overbreadth, Mattel provides no explanation, let alone the required
19 particularity, as to why this request is supposedly overly broad, nor can it do so.
20 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
21 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
22 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
23 custody, or control concerning Tafoya's alleged knowledge of "MGA's access to
24 Mattel's intellectual property and trade secrets." This area of information is taken
25 directly from Mattel's allegations regarding Tafoya in its initial disclosures.
26 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
27 p. 17).

28

1    As to burden, Mattel has not attempted to demonstrate why responding to this
2    request and/or producing responsive documents presents any burden. This objection
3    must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
4    F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
5    unduly burdensome must allege specific facts which indicate the nature and extent
6    of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
7    unduly burdensome, as noted above, in that the request is narrowly tailored to seek
8    only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
9    secrets. MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client
11   privilege, the attorney work product doctrine, or other applicable privileges. To the
12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information. Mattel identified Tafoya in its initial
14   disclosures an individual with discoverable knowledge regarding "MGA's access to
15   Mattel's intellectual property and trade secrets." Rutowski Decl. Ex. 56 (Mattel's
16   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 17). Accordingly, Mattel's
17   initial disclosures demonstrate the relevance of this request. Further, this
18   information is relevant to, among other things, Mattel's trade secret defense, MGA's
19   claims of trade dress infringement, and MGA's affirmative defenses of statute of
20   limitations and laches.

21    Mattel's objection that the request seeks confidential, proprietary, and trade
22   secret information should be disregarded. The parties have entered into a protective
23   order in this matter, which governs the handling of confidential business
24   information. Further, Mattel has put its confidential business information at issue in
25   this litigation, including but not limited to its trade secret misappropriation claim
26   Accordingly, it cannot resist discovery of confidential business information.

27    Finally, Mattel has improperly limited its agreement to produce to "the facts
28   at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

-922-

1   the individual is identified as being knowledgeable about certain topics in Mattel's
2   initial disclosures, Mattel's obligation to produce does not end with the facts that it
3   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
4   information from the individual on the topics identified, regardless of whether it
5   supports the facts as alleged by Mattel, MGA, or any other party.  See Order
6   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
7   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
8   MGA might be excluding documents that are responsive to the request based upon
9   its unilateral determination of what is 'relevant' or 'sufficient.'").

10      None of Mattel's improper objections are valid and Mattel is obligated to
11  produce all non-privileged responsive documents in its possession, custody, or
12  control.

13  **MATTEL'S RESPONSE:**

14      MGA complains that Mattel has limited its responses  regarding individuals in
15  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
16  disclosures."  Mattel has produced all information as to these individuals that is
17  relevant or pertinent to this litigation.  There is nothing to compel.

18      Quite simply, there is nothing to compel.  Mattel has produced responsive,
19  non-privileged documents relating to Tafoya's knowledge of the facts at issue in this
20  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
21  custody or control, if any, that Mattel has been able to locate after a diligent search.
22  and reasonable inquiry.

23  **REQUEST FOR PRODUCTION NO. 360:**

24      All DOCUMENTS REFERRING OR RELATING TO Gail Tamae's alleged
25  knowledge of "[t]he development and ownership of intellectual property at issue," as
26  alleged in MATTEL'S INITIAL DISCLOSURES.

27  **RESPONSE TO REQUEST NO. 360:**

28      N/A

-923-

1 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 360:**

2 　　　In addition to the general objections stated above which are incorporated

3 herein by reference, Mattel objects to this Request on the grounds that it is

4 overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 documents on this subject without limitation as to time, and regardless of whether

6 such documents relate to products or matters at issue in this case. Mattel further

7 objects to the Request on the grounds that it seeks documents that are not relevant to

8 this action or likely to lead to the discovery of admissible evidence. Mattel further

9 objects to this Request on the grounds that it seeks confidential, proprietary and

10 trade secret information, including such information that has no bearing on the

11 claims or defenses in this case. Mattel further objects to this Request on the ground

12 that it calls for the disclosure of information subject to the attorney-client privilege

13 the attorney work-product doctrine and other applicable privileges.

14 　　　Subject to the foregoing objections, Mattel responds as follows: Mattel will

15 produce responsive, non-privileged documents relating to Gail Tamae's knowledge

16 of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

17 in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

18 after a diligent search and reasonable inquiry, to the extent not previously produced.

19 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

20 **TO SHOULD BE COMPELLED**

21 　　　Mattel has improperly limited its agreement to produce documents in

22 response to this request, subject to its improper boilerplate objections. Mattel has

23 refused to confirm whether or not it has produced all non-privileged responsive

24 documents or whether it is withholding documents based on its objections in Phase

25 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

26 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

27 Generic objections that fail to explain the basis for an objection with specificity are

28 routinely rejected in the Central District. See <u>A. Farber and Partners, Inc. v. Garber,</u>

1 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
2 'overly burdensome and harassing' are improper – especially when a party fails to
3 submit any evidentiary declarations supporting such objections"). Accordingly,
4 Mattel must be compelled either to certify that it has produced all non-privileged
5 responsive documents or to produce all such documents by a date certain.

6 To the extent that Mattel is relying on its blanket objections, they are not
7 sustainable and do not justify Mattel's failure to produce documents.

8 As to overbreadth, Mattel provides no explanation, let alone the required
9 particularity, as to why this request is supposedly overly broad, nor can it do so.
10 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
11 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
12 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
13 custody, or control concerning Tamae's alleged knowledge of "[t]he development
14 and ownership of intellectual property at issue." This area of information is taken
15 directly from Mattel's allegations regarding Tamae in its initial disclosures.
16 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
17 p. 17).

18 As to burden, Mattel has not attempted to demonstrate why responding to this
19 request and/or producing responsive documents presents any burden. This objection
20 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
21 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
22 unduly burdensome must allege specific facts which indicate the nature and extent
23 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
24 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
25 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
26 secrets. MGA is entitled to discovery on this claim.

27
28

1    This request does not seek documents protected by the attorney-client

2  privilege, the attorney work product doctrine, or other applicable privileges.  To the

3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4    This request seeks relevant information.  Mattel identified Tamae in its initial

5  disclosures an individual with discoverable knowledge regarding "[t]he

6  development and ownership of intellectual property at issue."  Rutowski Decl.

7  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 17).

8  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

9  Further, this information is relevant to, among other things, Mattel's trade secret

10  defense and MGA's claims of trade dress infringement.

11    Mattel's objection that the request seeks confidential, proprietary, and trade

12  secret information should be disregarded.  The parties have entered into a protective

13  order in this matter, which governs the handling of confidential business

14  information.  Further, Mattel has put its confidential business information at issue in

15  this litigation, including but not limited to its trade secret misappropriation claim

16  Accordingly, it cannot resist discovery of confidential business information.

17    Finally, Mattel has improperly limited its agreement to produce to "the facts

18  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

19  the individual is identified as being knowledgeable about certain topics in Mattel's

20  initial disclosures, Mattel's obligation to produce does not end with the facts that it

21  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

22  information from the individual on the topics identified, regardless of whether it

23  supports the facts as alleged by Mattel, MGA, or any other party.  See Order

24  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

25  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

26  MGA might be excluding documents that are responsive to the request based upon

27  its unilateral determination of what is 'relevant' or 'sufficient.'").

28

1      None of Mattel's improper objections are valid and Mattel is obligated to

2  produce all non-privileged responsive documents in its possession, custody, or

3  control.

4  **MATTEL'S RESPONSE:**

5      The term "RELATING TO ... alleged knowledge" as used in the request is

6  likewise overbroad.  The universe of documents that could "relate" to Tamae's

7  knowledge are potentially without limit.  The request is not confined to documents

8  in Tamae's possession or control; rather, all documents containing information that

9  Tamae coincidentally knows about the subjects at issue are subsumed within this

10  request.

11      MGA complains that Mattel has limited its responses  regarding individuals in

12  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

13  disclosures."  Mattel has produced all information as to these individuals that is

14  relevant or pertinent to this litigation.  There is nothing to compel.

15      Quite simply, there is nothing to compel.  Mattel has produced responsive,

16  non-privileged documents relating to Tamae's knowledge of the facts at issue in this

17  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

18  custody or control, if any, that Mattel has been able to locate after a diligent search.

19  and reasonable inquiry.

20  **REQUEST FOR PRODUCTION NO. 361:**

21      All DOCUMENTS in Gail Tamae's possession or control REFERRING OR

22  RELATING TO her alleged knowledge of "[t]he development and ownership of

23  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

24  **RESPONSE TO REQUEST NO. 361:**

25      N/A

26  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 361:**

27      In addition to the general objections stated above which are incorporated

28  herein by reference, Mattel objects to this Request on the grounds that it is

1  overbroad, unduly burdensome and unintelligible, including in that it seeks all

2  documents on this subject without limitation as to time, and regardless of whether

3  such documents relate to products or matters at issue in this case.  Mattel further

4  objects to the Request on the grounds that it seeks documents that are not relevant to

5  this action or likely to lead to the discovery of admissible evidence.  Mattel further

6  objects to this Request on the grounds that it seeks confidential, proprietary and

7  trade secret information, including such information that has no bearing on the

8  claims or defenses in this case.  Mattel further objects to this Request on the ground

9  that it calls for the disclosure of information subject to the attorney-client privilege

10  the attorney work-product doctrine and other applicable privileges.

11       Subject to the foregoing objections, Mattel responds as follows: Mattel will

12  produce responsive, non-privileged documents relating to Gail Tamae's knowledge

13  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

14  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

15  after a diligent search and reasonable inquiry, to the extent not previously produced.

16  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

17  **TO SHOULD BE COMPELLED**

18       Mattel has improperly limited its agreement to produce documents in

19  response to this request, subject to its improper boilerplate objections.  Mattel has

20  refused to confirm whether or not it has produced all non-privileged responsive

21  documents or whether it is withholding documents based on its objections in Phase

22  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

23  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)

24  Generic objections that fail to explain the basis for an objection with specificity are

25  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

26  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

27  'overly burdensome and harassing' are improper – especially when a party fails to

28  submit any evidentiary declarations supporting such objections").  Accordingly,

1 Mattel must be compelled either to certify that it has produced all non-privileged
2 responsive documents or to produce all such documents by a date certain.

3 To the extent that Mattel is relying on its blanket objections, they are not
4 sustainable and do not justify Mattel's failure to produce documents.

5 As to overbreadth, Mattel provides no explanation, let alone the required
6 particularity, as to why this request is supposedly overly broad, nor can it do so.
7 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
8 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
10 custody, or control concerning Tamae's alleged knowledge of "[t]he development
11 and ownership of intellectual property at issue." This area of information is taken
12 directly from Mattel's allegations regarding Tamae in its initial disclosures.
13 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
14 p. 17).

15 As to burden, Mattel has not attempted to demonstrate why responding to this
16 request and/or producing responsive documents presents any burden. This objection
17 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
18 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
19 unduly burdensome must allege specific facts which indicate the nature and extent
20 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
21 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
22 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
23 secrets. MGA is entitled to discovery on this claim.

24 This request does not seek documents protected by the attorney-client
25 privilege, the attorney work product doctrine, or other applicable privileges. To the
26 extent that Mattel contends that it does, Mattel must provide a privilege log.

27 This request seeks relevant information. Mattel identified Tamae in its initial
28 disclosures an individual with discoverable knowledge regarding "[t]he

1   development and ownership of intellectual property at issue." Rutowski Decl.

2   Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 17).

3   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

4   Further, this information is relevant to, among other things, Mattel's trade secret

5   defense and MGA's claims of trade dress infringement.

6        Mattel's objection that the request seeks confidential, proprietary, and trade

7   secret information should be disregarded.  The parties have entered into a protective

8   order in this matter, which governs the handling of confidential business

9   information.  Further, Mattel has put its confidential business information at issue in

10  this litigation, including but not limited to its trade secret misappropriation claim

11  Accordingly, it cannot resist discovery of confidential business information.

12        Finally, Mattel has improperly limited its agreement to produce to "the facts

13  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

14  the individual is identified as being knowledgeable about certain topics in Mattel's

15  initial disclosures, Mattel's obligation to produce does not end with the facts that it

16  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

17  information from the individual on the topics identified, regardless of whether it

18  supports the facts as alleged by Mattel, MGA, or any other party.  See Order

19  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

20  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

21  MGA might be excluding documents that are responsive to the request based upon

22  its unilateral determination of what is 'relevant' or 'sufficient.'").

23        None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession, custody, or

25  control.

26  **MATTEL'S RESPONSE:**

27        MGA complains that Mattel has limited its responses  regarding individuals in

28  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  disclosures." Mattel has produced all information as to these individuals that is
2  relevant or pertinent to this litigation. There is nothing to compel.

3  　　Quite simply, there is nothing to compel. Mattel has produced responsive,
4  non-privileged documents relating to Tamae's knowledge of the facts at issue in this
5  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
6  custody or control, if any, that Mattel has been able to locate after a diligent search.
7  and reasonable inquiry.

8  **REQUEST FOR PRODUCTION NO. 362:**

9  　　All DOCUMENTS REFERRING OR RELATING TO Lisa Tawil's alleged
10  knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and
11  "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

12  **RESPONSE TO REQUEST NO. 362:**

13  　　N/A

14  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 362:**

15  　　In addition to the general objections stated above which are incorporated
16  herein by reference, Mattel objects to this Request on the grounds that it is
17  overbroad, unduly burdensome and unintelligible, including in that it seeks all
18  documents on this subject without limitation as to time, and regardless of whether
19  such documents relate to products or matters at issue in this case. Mattel further
20  objects to the Request on the grounds that it seeks documents that are not relevant to
21  this action or likely to lead to the discovery of admissible evidence. Mattel further
22  objects to this Request on the grounds that it calls for documents or information in
23  the possession, custody or control of MGA, including without limitation documents
24  and information that MGA has been compelled by Court

25  　　orders to produce but has not produced. Mattel further objects to this Request
26  on the grounds that it seeks confidential, proprietary and trade secret information,
27  including such information that has no bearing on the claims or defenses in this
28  case. Mattel further objects to this Request on the grounds that it calls for the

-931-

1  disclosure of information subject to the attorney-client privilege, the attorney work
2  product doctrine and other applicable privileges.

3       Subject to the foregoing objections, Mattel responds as follows: Mattel ill
4  produce responsive, non-privileged documents relating to Lisa Tawil's knowledge of
5  the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in
6  Mattel's possession, custody, or control, if any, that Mattel has been able to locate
7  after a diligent search and reasonable inquiry, to the extent not previously produced.

8  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9  **TO SHOULD BE COMPELLED**

10      Mattel has improperly limited its agreement to produce documents in
11 response to this request, subject to its improper boilerplate objections.  Mattel has
12 refused to confirm whether or not it has produced all non-privileged responsive
13 documents or whether it is withholding documents based on its objections in Phase
14 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
15 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
16 Generic objections that fail to explain the basis for an objection with specificity are
17 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
18 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
19 'overly burdensome and harassing' are improper – especially when a party fails to
20 submit any evidentiary declarations supporting such objections").  Accordingly,
21 Mattel must be compelled either to certify that it has produced all non-privileged
22 responsive documents or to produce all such documents by a date certain.

23      To the extent that Mattel is relying on its blanket objections, they are not
24 sustainable and do not justify Mattel's failure to produce documents.

25      As to overbreadth, Mattel provides no explanation, let alone the required
26 particularity, as to why this request is supposedly overly broad, nor can it do so.
27 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
28 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

1 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
2 custody, or control concerning Tawil's alleged knowledge of "MGA's access to
3 Mattel's intellectual property and trade secrets" and "MGA's business practices."
4 This area of information is taken directly from Mattel's allegations regarding Tawi
5 in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
6 Disclosures, dated Jan. 5, 2007, p. 18).

7     As to burden, Mattel has not attempted to demonstrate why responding to this
8 request and/or producing responsive documents presents any burden. This objection
9 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
10 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
11 unduly burdensome must allege specific facts which indicate the nature and extent
12 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
13 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
14 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
15 secrets. MGA is entitled to discovery on this claim.

16     This request does not seek documents protected by the attorney-client
17 privilege, the attorney work product doctrine, or other applicable privileges. To the
18 extent that Mattel contends that it does, Mattel must provide a privilege log.

19     This request seeks relevant information. Mattel identified Tawil in its initial
20 disclosures an individual with discoverable knowledge regarding "MGA's access to
21 Mattel's intellectual property and trade secrets" and "MGA business practices."

22     Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan.
23 5, 2007, p. 18). Accordingly, Mattel's initial disclosures demonstrate the relevance
24 o this request. Further, this information is relevant to, among other things, Mattel's
25 trade secret defense, MGA's claims of trade dress infringement, and MGA's
26 affirmative defenses of statute of limitations and laches.

27     Mattel's objection that the request seeks information within MGA's
28 possession, custody or control is nonsensical and lacks factual support. Mattel

1   makes no argument, let alone a factual showing, that any documents in MGA's

2   possession are duplicative of documents within Mattel's control.  MGA is entitled to

3   discovery from Mattel of documents within its possession, custody, or control that

4   relate to the subject of this suit.  Mattel cannot avoid this obligation by making a

5   conclusory statement that MGA also possesses responsive documents.

6        Mattel's objection that the request seeks confidential, proprietary, and trade

7   secret information should be disregarded.  The parties have entered into a protective

8   order in this matter, which governs the handling of confidential business

9   information.  Further, Mattel has put its confidential business information at issue in

10  this litigation, including but not limited to its trade secret misappropriation claim

11  Accordingly, it cannot resist discovery of confidential business information.

12       Finally, Mattel has improperly limited its agreement to produce to "the facts

13  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

14  the individual is identified as being knowledgeable about certain topics in Mattel's

15  initial disclosures, Mattel's obligation to produce does not end with the facts that it

16  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

17  information from the individual on the topics identified, regardless of whether it

18  supports the facts as alleged by Mattel, MGA, or any other party.  See Order

19  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

20  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

21  MGA might be excluding documents that are responsive to the request based upon

22  its unilateral determination of what is 'relevant' or 'sufficient.'").

23       None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession, custody, or

25  control.

26  **MATTEL'S RESPONSE:**

27       MGA ignores that (i) Mattel has produced its non-privileged, responsive

28  documents, as it agreed to do, and that (ii) most information sought by this request is

1  within MGA's possession, custody or control, and is equally if not more readily
2  available to MG Tawil is an employee of MGA. MGA gives no reason why it
3  requests information from Mattel regarding its *own company* and its *own employee*,
4  other than to say that "this area of information is taken directly from Mattel's
5  allegations regarding Tawil in its initial disclosures." Indeed, it appears that MGA
6  merely cut and paste its request from Mattel's initial disclosures without
7  consideration as to what information Mattel may have that is already within MGA's
8  possession, custody or control.

9      MGA's conclusory arguments also ignore that the Request is facially
10  overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
11  Civil Procedure do not permit MGA to use broad discovery requests untethered to
12  any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion
13  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
14  See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
15  Cir. 2004) ("District courts need not condone the use of discovery to engage in
16  'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to
17  Tawil's knowledge of extremely broad subjects—including ████████████

18  ████████ MGA makes no attempt to link this request with the claims and defenses
19  in this case. For example, Tawil may have knowledge of MGA's retirement plans,
20  health benefits, OSHA compliance, sexual harassment policies, or any number of
21  subjects regarding business practices at MGA which clearly fall outside the narrow
22  scope required by the Discovery Master. Because MGA has not linked its broad
23  request to any of the numerous and far-ranging allegations of unfair competition set
24  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
25  objection.

26      The term "RELATING TO ... alleged knowledge" as used in the request is
27  likewise overbroad. The universe of documents that could "relate" to Tawil's
28  knowledge are potentially without limit. The request is not confined to documents

-935

1   in Tawil's possession or control; rather, all documents containing information that

2   Tawil coincidentally knows about the subjects at issue are subsumed within this

3   request.

4        MGA complains that Mattel has limited its responses  regarding individuals in

5   Mattel's Initial Disclosures to information "as alleged in Mattel's initial

6   disclosures." Mattel has produced all information as to these individuals that is

7   relevant or pertinent to this litigation. There is nothing to compel.

8        Quite simply, there is nothing to compel. Mattel has produced responsive,

9   non-privileged documents relating to Tawil's knowledge of the facts at issue in this

10  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

11  custody or control, if any, that Mattel has been able to locate after a diligent search.

12  and reasonable inquiry.

13  **REQUEST FOR PRODUCTION NO. 363:**

14       All DOCUMENTS REFERRING OR RELATING TO Marla Reynolds

15  Thompson's alleged knowledge of "MGA's access to Mattel's intellectual property

16  and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

17  **RESPONSE TO REQUEST NO. 363:**

18       In addition to the general objections stated above which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it is

20  overbroad, unduly burdensome and unintelligible, including in that it seeks all

21  documents on this subject without limitation as to time, and regardless of whether

22  such documents relate to products or matters at issue in this case. Mattel further

23  objects to the Request on the grounds that it seeks documents that are not relevant to

24  this action or likely to lead to the discovery of admissible evidence. Mattel further

25  objects to this Request on the grounds that it seeks confidential, proprietary and

26  trade secret information that has no bearing on the claims or defenses in this case

27  Mattel further objects to this Request on the grounds that it calls for the disclosure o

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  information subject to the attorney-client privilege, the attorney work-product

2  doctrine and other applicable privileges.

3  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 363:**

4       In addition to the general objections stated above which are incorporated

5  herein by reference, Mattel objects to this Request on the grounds that it is

6  overbroad, unduly burdensome and unintelligible, including in that it seeks all

7  documents on this subject without limitation as to time, and regardless of whether

8  such documents relate to products or matters at issue in this case. Mattel further

9  objects to the Request on the grounds that it seeks documents that are not relevant to

10  this action or likely to lead to the discovery of admissible evidence. Mattel further

11  objects to this Request on the grounds that it calls for documents or information in

12  the possession, custody or control of MGA, including without limitation documents

13  and information that MGA has been compelled by Court orders to produce but has

14  not produced. Mattel further objects to this Request on the grounds that it seeks

15  confidential, proprietary and trade secret information, including such information

16  that has no bearing on the claims or defenses in this case. Mattel further objects to

17  this Request on the grounds that it calls for the disclosure of information subject to

18  the attorney-client privilege, the attorney work product doctrine and other applicable

19  privileges.

20       Subject to the foregoing objections, Mattel responds as follows: Mattel will

21  produce responsive, non-privileged documents relating to Marla Reynolds

22  Thompson's knowledge of the facts at issue in this litigation as alleged in Mattel's

23  Initial Disclosures that are in Mattel's possession, custody, or control, if any, that

24  Mattel has been able to locate after a diligent search and reasonable inquiry, to the

25  extent not previously produced.

26

27

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2  **TO SHOULD BE COMPELLED**

3      Mattel has improperly limited its agreement to produce documents in
4  response to this request, subject to its improper boilerplate objections. Mattel has
5  refused to confirm whether or not it has produced all non-privileged responsive
6  documents or whether it is withholding documents based on its objections in Phase
7  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
8  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
9  Generic objections that fail to explain the basis for an objection with specificity are
10 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
11 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
12 'overly burdensome and harassing' are improper – especially when a party fails to
13 submit any evidentiary declarations supporting such objections"). Accordingly,
14 Mattel must be compelled either to certify that it has produced all non-privileged
15 responsive documents or to produce all such documents by a date certain.

16     To the extent that Mattel is relying on its blanket objections, they are not
17 sustainable and do not justify Mattel's failure to produce documents.

18     As to overbreadth, Mattel provides no explanation, let alone the required
19 particularity, as to why this request is supposedly overly broad, nor can it do so.
20 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
21 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
22 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
23 custody, or control concerning Thompson's alleged knowledge of "MGA's access to
24 Mattel's intellectual property and trade secrets." This area of information is taken
25 directly from Mattel's allegations regarding Thompson in its initial disclosures.
26 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
27 p. 18).

28

-938

1   As to burden, Mattel has not attempted to demonstrate why responding to this

2 request and/or producing responsive documents presents any burden. This objection

3 must therefore be rejected. <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173

4 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

5 unduly burdensome must allege specific facts which indicate the nature and extent

6 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

7 unduly burdensome, as noted above, in that the request is narrowly tailored to seek

8 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

9 secrets. MGA is entitled to discovery on this claim.

10   This request does not seek documents protected by the attorney-client

11 privilege, the attorney work product doctrine, or other applicable privileges. To the

12 extent that Mattel contends that it does, Mattel must provide a privilege log.

13   This request seeks relevant information. Mattel identified Thompson in its

14 initial disclosures an individual with discoverable knowledge regarding "MGA's

15 access to Mattel's intellectual property and trade secrets." Rutowski Decl. Ex. 56

16 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 18). Accordingly

17 Mattel's initial disclosures demonstrate the relevance of this request. Further, this

18 information is relevant to, among other things, Mattel's trade secret defense, MGA's

19 claims of trade dress infringement, and MGA's affirmative defenses of statute of

20 limitations and laches.

21   Mattel's objection that the request seeks information within MGA's

22 possession, custody or control is nonsensical and lacks factual support. Mattel

23 makes no argument, let alone a factual showing, that any documents in MGA's

24 possession are duplicative of documents within Mattel's control. MGA is entitled to

25 discovery from Mattel of documents within its possession, custody, or control that

26 relate to the subject of this suit. Mattel cannot avoid this obligation by making a

27 conclusory statement that MGA also possesses responsive documents.

28

1        Mattel's objection that the request seeks confidential, proprietary, and trade
2  secret information should be disregarded.  The parties have entered into a protective
3  order in this matter, which governs the handling of confidential business
4  information.  Further, Mattel has put its confidential business information at issue in
5  this litigation, including but not limited to its trade secret misappropriation claim
6  Accordingly, it cannot resist discovery of confidential business information.

7        Finally, Mattel has improperly limited its agreement to produce to "the facts
8  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
9  the individual is identified as being knowledgeable about certain topics in Mattel's
10  initial disclosures, Mattel's obligation to produce does not end with the facts that it
11  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
12  information from the individual on the topics identified, regardless of whether it
13  supports the facts as alleged by Mattel, MGA, or any other party.  See Order
14  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
15  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
16  MGA might be excluding documents that are responsive to the request based upon
17  its unilateral determination of what is 'relevant' or 'sufficient.'").

18        None of Mattel's improper objections are valid and Mattel is obligated to
19  produce all non-privileged responsive documents in its possession, custody, or
20  control.

21  **MATTEL'S RESPONSE:**

22        MGA ignores that (i) Mattel has produced its non-privileged, responsive
23  documents, as it agreed to do, and that (ii) most information sought by this request is
24  within MGA's possession, custody or control, and is equally if not more readily
25  available to MG Thompson is an employee of MGA.  MGA gives no reason why it
26  requests information from Mattel regarding its *own company* and its *own employee*,
27  other than to say that "this area of information is taken directly from Mattel's
28  allegations regarding Thompson in its initial disclosures."  Indeed, it appears that

1   MGA merely cut and paste its request from Mattel's initial disclosures without
2   consideration as to what information Mattel may have that is already within MGA's
3   possession, custody or control.

4         The term "RELATING TO … alleged knowledge" as used in the request is
5   likewise overbroad. The universe of documents that could "relate" to Thompson's
6   knowledge are potentially without limit. The request is not confined to documents
7   in Thompson's possession or control; rather, all documents containing information
8   that Thompson coincidentally knows about the subjects at issue are subsumed
9   within this request.

10        MGA complains that Mattel has limited its responses regarding individuals in
11  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
12  disclosures." Mattel has produced all information as to these individuals that is
13  relevant or pertinent to this litigation. There is nothing to compel.

14        Quite simply, there is nothing to compel. Mattel has produced responsive,
15  non-privileged documents relating to Thompson's knowledge of the facts at issue in
16  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
17  possession, custody or control, if any, that Mattel has been able to locate after a
18  diligent search. and reasonable inquiry.

19  **REQUEST FOR PRODUCTION NO. 364:**

20        All DOCUMENTS REFERRING OR RELATING TO Michele Thompson's
21  alleged knowledge of "MGA's access to Mattel's intellectual property and trade
22  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
23  DISCLOSURES.

24  **RESPONSE TO REQUEST NO. 364:**

25        In addition to the general objections stated above which are incorporated
26  herein by reference, Mattel objects to this Request on the grounds that it is
27  overbroad, unduly burdensome and unintelligible, including in that it seeks all
28  documents on this subject without limitation as to time, and regardless of whether

1  such documents relate to products or matters at issue in this case. Mattel further
2  objects to the Request on the grounds that it seeks documents that are not relevant to
3  this action or likely to lead to the discovery of admissible evidence. Mattel further
4  objects to this Request on the grounds that it seeks confidential, proprietary and
5  trade secret information that has no bearing on the claims or defenses in this case.
6  Mattel further objects to this Request on the grounds that it calls for the disclosure
7  of information subject to the attorney-client privilege, the attorney work product
8  doctrine and other applicable privileges.

9  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 364:**

10      In addition to the general objections stated above which are incorporated
11  herein by reference, Mattel objects to this Request on the grounds that it is
12  overbroad, unduly burdensome and unintelligible, including in that it seeks all
13  documents on this subject without limitation as to time, and regardless of whether
14  such documents relate to products or matters at issue in this case. Mattel further
15  objects to the Request on the grounds that it seeks documents that are not relevant to
16  this action or likely to lead to the discovery of admissible evidence. Mattel further
17  objects to this Request on the grounds that it calls for documents or information in
18  the possession, custody or control of MGA, including without limitation documents
19  and information that MGA has been compelled by Court orders to produce but has
20  not produced. Mattel further objects to this Request on the grounds that it seeks
21  confidential, proprietary and trade secret information, including such information
22  that has no bearing on the claims or defenses in this case. Mattel further objects to
23  this Request on the grounds that it calls for the disclosure of information subject to
24  the attorney-client privilege, the attorney work product doctrine and other applicable
25  privileges.

26      Subject to the foregoing objections, Mattel responds as follows: Mattel will
27  produce responsive, non-privileged documents relating to Michele Thompson's
28  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

1 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
2 has been able to locate after a diligent search and reasonable inquiry, to the extent
3 not previously produced.

4 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
5 **TO SHOULD BE COMPELLED**

6       Mattel has improperly limited its agreement to produce documents in
7 response to this request, subject to its improper boilerplate objections. Mattel has
8 refused to confirm whether or not it has produced all non-privileged responsive
9 documents or whether it is withholding documents based on its objections in Phase
10 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
11 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
12 Generic objections that fail to explain the basis for an objection with specificity are
13 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
14 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
15 'overly burdensome and harassing' are improper – especially when a party fails to
16 submit any evidentiary declarations supporting such objections"). Accordingly,
17 Mattel must be compelled either to certify that it has produced all non-privileged
18 responsive documents or to produce all such documents by a date certain.

19       To the extent that Mattel is relying on its blanket objections, they are not
20 sustainable and do not justify Mattel's failure to produce documents.

21       As to overbreadth, Mattel provides no explanation, let alone the required
22 particularity, as to why this request is supposedly overly broad, nor can it do so.
23 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
24 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
25 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
26 custody, or control concerning Thompson's alleged knowledge of "MGA's access to
27 Mattel's intellectual property and trade secrets" and "MGA's business practices.
28 This area of information is taken directly from Mattel's allegations regarding

-943

1  Thompson in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated
2  Initial Disclosures, dated Jan. 5, 2007, p. 18).

3       As to burden, Mattel has not attempted to demonstrate why responding to this
4  request and/or producing responsive documents presents any burden.  This objection
5  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
6  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7  unduly burdensome must allege specific facts which indicate the nature and extent
8  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
9  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
10  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
11  secrets.  MGA is entitled to discovery on this claim.

12       This request does not seek documents protected by the attorney-client
13  privilege, the attorney work product doctrine, or other applicable privileges.  To the
14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15       This request seeks relevant information.  Mattel identified Thompson in its
16  initial disclosures an individual with discoverable knowledge regarding "MGA's
17  access to Mattel's intellectual property and trade secrets" and "MGA business
18  practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
19  Jan. 5, 2007, p. 18).  Accordingly, Mattel's initial disclosures demonstrate the
20  relevance of this request.  Further, this information is relevant to, among other
21  things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
22  MGA's affirmative defenses of statute of limitations and laches.

23       Mattel's objection that the request seeks information within MGA's
24  possession, custody or control is nonsensical and lacks factual support.  Mattel
25  makes no argument, let alone a factual showing, that any documents in MGA's
26  possession are duplicative of documents within Mattel's control.  MGA is entitled to
27  discovery from Mattel of documents within its possession, custody, or control that
28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)