1  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
2  conclusory statement that MGA also possesses responsive documents.

3        Mattel's objection that the request seeks confidential, proprietary, and trade
4  secret information should be disregarded. The parties have entered into a protective
5  order in this matter, which governs the handling of confidential business
6  information. Further, Mattel has put its confidential business information at issue in
7  this litigation, including but not limited to its trade secret misappropriation claim
8  Accordingly, it cannot resist discovery of confidential business information.

9        Finally, Mattel has improperly limited its agreement to produce to "the facts
10 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
11 the individual is identified as being knowledgeable about certain topics in Mattel's
12 initial disclosures, Mattel's obligation to produce does not end with the facts that it
13 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
14 information from the individual on the topics identified, regardless of whether it
15 supports the facts as alleged by Mattel, MGA, or any other party. See Order
16 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
17 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
18 MGA might be excluding documents that are responsive to the request based upon
19 its unilateral determination of what is 'relevant' or 'sufficient.'").

20       None of Mattel's improper objections are valid and Mattel is obligated to
21 produce all non-privileged responsive documents in its possession, custody, or
22 control.

23 **MATTEL'S RESPONSE:**

24       MGA ignores that (i) Mattel has produced its non-privileged, responsive
25 documents, as it agreed to do, and that (ii) most information sought by this request is
26 within MGA's possession, custody or control, and is equally if not more readily
27 available to MG Thompson is an employee of MGA. MGA gives no reason why it
28 requests information from Mattel regarding its *own company* and its *own employee*,

1  other than to say that "this area of information is taken directly from Mattel's

2  allegations regarding Thompson in its initial disclosures." Indeed, it appears that

3  MGA merely cut and paste its request from Mattel's initial disclosures without

4  consideration as to what information Mattel may have that is already within MGA's

5  possession, custody or control.

6      MGA's conclusory arguments also ignore that the Request is facially

7  overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of

8  Civil Procedure do not permit MGA to use broad discovery requests untethered to

9  any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion

10  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

11  See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

12  Cir. 2004) ("District courts need not condone the use of discovery to engage in

13  'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to

14  Thompson's knowledge of extremely broad subjects—including

15      MGA makes no attempt to link this request with the claims and defenses

16  in this case. For example, Thompson may have knowledge of MGA's retirement

17  plans, health benefits, OSHA compliance, sexual harassment policies, or any

18  number of subjects regarding business practices at MGA which clearly fall outside

19  the narrow scope required by the Discovery Master. Because MGA has not linked

20  its broad request to any of the numerous and far-ranging allegations of unfair

21  competition set forth in its complaint, the Discovery Master should uphold Mattel's

22  overbreadth objection.

23      The term "RELATING TO … alleged knowledge" as used in the request is

24  likewise overbroad. The universe of documents that could "relate" to Thompson's

25  knowledge are potentially without limit. The request is not confined to documents

26  in Thompson's possession or control; rather, all documents containing information

27  that Thompson coincidentally knows about the subjects at issue are subsumed

28  within this request.

1    MGA complains that Mattel has limited its responses regarding individuals in
2  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
3  disclosures." Mattel has produced all information as to these individuals that is
4  relevant or pertinent to this litigation. There is nothing to compel.

5    Quite simply, there is nothing to compel. Mattel has produced responsive,
6  non-privileged documents relating to Thompson's knowledge of the facts at issue in
7  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
8  possession, custody or control, if any, that Mattel has been able to locate after a
9  diligent search. and reasonable inquiry.

10  **REQUEST FOR PRODUCTION NO. 365:**

11    All DOCUMENTS REFERRING OR RELATING TO Ben Ton's alleged
12  knowledge of "[d]esign and development of Bratz and Bryant's work with or for
13  MGA during his Mattel employment" and "MGA business practices," as alleged in
14  MATTEL'S INITIAL DISCLOSURES.

15  **RESPONSE TO REQUEST NO. 365:**

16    In addition to the general objections stated above which are incorporated
17  herein by reference, Mattel objects to this Request on the grounds that it is
18  overbroad, unduly burdensome and unintelligible, including in that it seeks all
19  documents on this subject without limitation as to time, and regardless of whether
20  such documents relate to products or matters at issue in this case. Mattel further
21  objects to the Request on the grounds that it seeks documents that are not relevant to
22  this action or likely to lead to the discovery of admissible evidence. Mattel further
23  objects to this Request on the grounds that it seeks confidential, proprietary and
24  trade secret information that has no bearing on the claims or defenses in this case.
25  Mattel further objects to this Request on the grounds that it calls for the disclosure
26  of information subject to the attorney-client privilege, the attorney work product
27  doctrine and other applicable privileges.

28

1 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 365:**

2 In addition to the general objections stated above which are incorporated
3 herein by reference, Mattel objects to this Request on the grounds that it is
4 overbroad, unduly burdensome and unintelligible, including in that it seeks all
5 documents on this subject without limitation as to time, and regardless of whether
6 such documents relate to products or matters at issue in this case. Mattel further
7 objects to the Request on the grounds that it seeks documents that are not relevant to
8 this action or likely to lead to the discovery of admissible evidence. Mattel further
9 objects to this Request on the grounds that it calls for documents or information in
10 the possession, custody or control of MGA and/or Bryant, including without
11 limitation documents and information that MGA and Bryant have been compelled
12 by Court orders to produce but have not produced. Mattel further object to this
13 Request on the grounds that it seeks confidential, proprietary and trade secret
14 information, including such information that has no bearing on the claims or
15 defenses in this case. Mattel further objects to this Request on the grounds that it
16 calls for the disclosure of information subject to the attorney-client privilege, the
17 attorney work-product doctrine and other applicable privileges.

18 Subject to the foregoing objections, Mattel responds as follows: Mattel will
19 produce responsive, non-privileged documents relating to Ben Ton's knowledge of
20 the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in
21 Mattel's possession, custody, or control, if any, that Mattel has been able to locate
22 after a diligent search and reasonable inquiry, to the extent not previously produced.

23 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
24 | **TO SHOULD BE COMPELLED**

25 Mattel has improperly limited its agreement to produce documents in
26 response to this request, subject to its improper boilerplate objections. Mattel has
27 refused to confirm whether or not it has produced all non-privileged responsive
28 documents or whether it is withholding documents based on its objections in Phase

1  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

2  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

3  Generic objections that fail to explain the basis for an objection with specificity are

4  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

5  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

6  'overly burdensome and harassing' are improper – especially when a party fails to

7  submit any evidentiary declarations supporting such objections"). Accordingly,

8  Mattel must be compelled either to certify that it has produced all non-privileged

9  responsive documents or to produce all such documents by a date certain.

10  To the extent that Mattel is relying on its blanket objections, they are not

11  sustainable and do not justify Mattel's failure to produce documents.

12  As to overbreadth, Mattel provides no explanation, let alone the required

13  particularity, as to why this request is supposedly overly broad, nor can it do so.

14  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

15  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

16  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

17  custody, or control concerning Ton's alleged knowledge of "[d]esign and

18  development of Bratz and Bryant's work with or for MGA during his Mattel

19  employment" and "MGA business practices." This area of information is taken

20  directly from Mattel's allegations regarding Ton in its initial disclosures. Rutowsk

21  Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 18).

22  As to burden, Mattel has not attempted to demonstrate why responding to this

23  request and/or producing responsive documents presents any burden. This objection

24  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

25  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

26  unduly burdensome must allege specific facts which indicate the nature and extent

27  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

28  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

1 | only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
2 | secrets. MGA is entitled to discovery on this claim.

3 |     This request does not seek documents protected by the attorney-client
4 | privilege, the attorney work product doctrine, or other applicable privileges. To the
5 | extent that Mattel contends that it does, Mattel must provide a privilege log.

6 |     This request seeks relevant information. Mattel identified Ton in its initial
7 | disclosures an individual with discoverable knowledge regarding "[d]esign and
8 | development of Bratz and Bryant' s work with or for MGA during his Mattel
9 | employment" and "MGA business practices." Rutowski Decl. Ex. 56 (Mattel's
10 | Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 18). Accordingly, Mattel's
11 | initial disclosures demonstrate the relevance of this request. Further, this
12 | information is relevant to, among other things, Mattel's trade secret defense, MGA's
13 | claims of trade dress infringement, and MGA's affirmative defenses of statute of
14 | limitations and laches.

15 |     Mattel's objection that the request seeks information within MGA's
16 | possession, custody or control is nonsensical and lacks factual support. Mattel
17 | makes no argument, let alone a factual showing, that any documents in MGA's
18 | possession are duplicative of documents within Mattel's control. MGA is entitled to
19 | discovery from Mattel of documents within its possession, custody, or control that
20 | relate to the subject of this suit. Mattel cannot avoid this obligation by making a
21 | conclusory statement that MGA also possesses responsive documents.

22 |     Mattel's objection that the request seeks confidential, proprietary, and trade
23 | secret information should be disregarded. The parties have entered into a protective
24 | order in this matter, which governs the handling of confidential business
25 | information. Further, Mattel has put its confidential business information at issue in
26 | this litigation, including but not limited to its trade secret misappropriation claim
27 | Accordingly, it cannot resist discovery of confidential business information.

28 |

1        Finally, Mattel has improperly limited its agreement to produce to "the facts
2  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
3  the individual is identified as being knowledgeable about certain topics in Mattel's
4  initial disclosures, Mattel's obligation to produce does not end with the facts that it
5  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
6  information from the individual on the topics identified, regardless of whether it
7  supports the facts as alleged by Mattel, MGA, or any other party. See Order
8  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10  MGA might be excluding documents that are responsive to the request based upon
11  its unilateral determination of what is 'relevant' or 'sufficient.'").

12        None of Mattel's improper objections are valid and Mattel is obligated to
13  produce all non-privileged responsive documents in its possession, custody, or
14  control.

15  **MATTEL'S RESPONSE:**

16        MGA ignores that (i) Mattel has produced its non-privileged, responsive
17  documents, as it agreed to do, and that (ii) most information sought by this request is
18  within MGA's possession, custody or control, and is equally if not more readily
19  available to MGA than it is to Mattel. Ton is an employee of MGA. MGA gives no
20  reason why it requests information from Mattel regarding its *own company* and its
21  *own employee,* other than to say that "this area of information is taken directly from
22  Mattel's allegations regarding Ton in its initial disclosures." Indeed, it appears that
23  MGA merely cut and paste its request from Mattel's initial disclosures without
24  consideration as to what information Mattel may have that is already within MGA's
25  possession, custody or control.

26        MGA's request is duplicative of previous requests for which Mattel has
27  produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to
28  produce documents responsive to MGA's First Set of Requests for the Production of

1  Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[193]  Request Nos.
2  180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including
3  his work at Mattel and MGA and the design and development of Bratz.  Request
4  No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring
5  or relating to BRYANT."[194]  On September 11, 2007, Discovery Master Infante
6  granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and
7  260.[195]  Pursuant to this order, Mattel produced documents responsive to these
8  requests. Mattel has since confirmed that it has produced responsive, non-privileged
9  documents to these requests in its Third Supplemental Responses to MGA's First
10 Set of Requests for Production.[196]  There is nothing additional to compel and
11 MGA's motion is moot.

12     MGA's conclusory arguments also ignore that the Request is facially
13 overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
14 Civil Procedure do not permit MGA to use broad discovery requests untethered to
15 any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
16 for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
17 See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
18 Cir. 2004) ("District courts need not condone the use of discovery to engage in
19 'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
20 Ton's knowledge of extremely broad subjects—including ▇▇▇▇▇▇▇▇▇▇
21 ▇▇▇▇▇  MGA makes no attempt to link this request with the claims and defenses
22 in this case. For example, Ton may have knowledge of MGA's retirement plans,

---

[193]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
[194]  See MGA's First Set of Requests for the Production of Documents and
Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
[195]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's
Motion to Compel, at 7-10, Dart Decl., Exh. 9.
[196]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests
for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1  health benefits, OSHA compliance, sexual harassment policies, or any number of
2  subjects regarding business practices at MGA which clearly fall outside the narrow
3  scope required by the Discovery Master. Because MGA has not linked its broad
4  request to any of the numerous and far-ranging allegations of unfair competition set
5  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
6  objection.

7       The term "RELATING TO … alleged knowledge" as used in the request is
8  likewise overbroad.  The universe of documents that could "relate" to Ton's
9  knowledge are potentially without limit.  The request is not confined to documents
10 in Ton's possession or control; rather, all documents containing information that Ton
11 coincidentally knows about the subjects at issue are subsumed within this request.

12      MGA complains that Mattel has limited its responses  regarding individuals in
13 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
14 disclosures."  Mattel has produced all information as to these individuals that is
15 relevant or pertinent to this litigation.  There is nothing to compel.

16      Quite simply, there is nothing to compel.  Mattel has produced responsive,
17 non-privileged documents relating to Ton's knowledge of the facts at issue in this
18 litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
19 custody or control.

20 **REQUEST FOR PRODUCTION NO. 366:**

21      All DOCUMENTS REFERRING OR RELATING TO Paula Dianthe
22 Treantafelles Garcia's alleged knowledge of "[d]esign and development of Bratz and
23 Bryant's work with or for MGA during his Mattel employment," "Bryant's breach of
24 obligations to Mattel," "MGA's theft of Mattel's intellectual property an trade
25 secrets," and "MGA business practices," as alleged in MATTEL'S INITIAL
26 DISCLOSURES.

27

28

**RESPONSE TO REQUEST NO. 366:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 366:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA and/or Bryant, including without limitation documents and information that MGA and Bryant have been compelled by Court orders to produce but have not produced. Mattel further object to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it

1 | calls for the disclosure of information subject to the attorney-client privilege, the
2 | attorney work-product doctrine and other applicable privileges.

3 |     Subject to the foregoing objections, Mattel responds as follows: Mattel will
4 | produce responsive, non-privileged documents relating to Paula Dianthe
5 | Treantafelles Garcia's knowledge of the facts at issue in this litigation as alleged in
6 | Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if
7 | any, that Mattel has been able to locate after a diligent search and reasonable
8 | inquiry, to the extent not previously produced.

9 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
10 | **TO SHOULD BE COMPELLED**

11 |     Mattel has improperly limited its agreement to produce documents in
12 | response to this request, subject to its improper boilerplate objections. Mattel has
13 | refused to confirm whether or not it has produced all non-privileged responsive
14 | documents or whether it is withholding documents based on its objections in Phase
15 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
16 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
17 | Generic objections that fail to explain the basis for an objection with specificity are
18 | routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
19 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
20 | 'overly burdensome and harassing' are improper – especially when a party fails to
21 | submit any evidentiary declarations supporting such objections"). Accordingly,
22 | Mattel must be compelled either to certify that it has produced all non-privileged
23 | responsive documents or to produce all such documents by a date certain.

24 |     To the extent that Mattel is relying on its blanket objections, they are not
25 | sustainable and do not justify Mattel's failure to produce documents.

26 |     As to overbreadth, Mattel provides no explanation, let alone the required
27 | particularity, as to why this request is supposedly overly broad, nor can it do so.
28 | This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

1  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

3  custody, or control concerning Garcia's alleged knowledge of "[d]esign and

4  development of Bratz and Bryant' s work with or for MGA during his Mattel

5  employment," "Bryant's breach of obligations to Mattel," "MGA's theft of Mattel'

6  intellectual property and trade secrets," and "MGA business practices."  This area of

7  information is taken directly from Mattel's allegations regarding Garcia in its initial

8  disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

9  Jan. 5, 2007, p. 18).

10  As to burden, Mattel has not attempted to demonstrate why responding to this

11  request and/or producing responsive documents presents any burden.  This objection

12  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

13  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

14  unduly burdensome must allege specific facts which indicate the nature and extent

15  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not

16  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

17  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade

18  secrets.  MGA is entitled to discovery on this claim.

19  This request does not seek documents protected by the attorney-client

20  privilege, the attorney work product doctrine, or other applicable privileges.  To the

21  extent that Mattel contends that it does, Mattel must provide a privilege log.

22  This request seeks relevant information.  Mattel identified Garcia in its initial

23  disclosures an individual with discoverable knowledge regarding "[d]esign and

24  development of Bratz and Bryant's work with or for MGA during his Mattel

25  employment," "Bryant's breach of obligations to Mattel," "MGA's theft of Mattel'

26  intellectual property and trade secrets," and "MGA business practices."  Rutowski

27  Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 18).

28  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

-956

1   Further, this information is relevant to, among other things, Mattel's trade secret
2   defense, MGA's claims of trade dress infringement, and MGA's affirmative defenses
3   of statute of limitations and laches.

4        Mattel's objection that the request seeks information within MGA's
5   possession, custody or control is nonsensical and lacks factual support.  Mattel
6   makes no argument, let alone a factual showing, that any documents in MGA's
7   possession are duplicative of documents within Mattel's control.  MGA is entitled to
8   discovery from Mattel of documents within its possession, custody, or control that
9   relate to the subject of this suit.  Mattel cannot avoid this obligation by making a
10  conclusory statement that MGA also possesses responsive documents.

11        Mattel's objection that the request seeks confidential, proprietary, and trade
12  secret information should be disregarded.  The parties have entered into a protective
13  order in this matter, which governs the handling of confidential business
14  information.  Further, Mattel has put its confidential business information at issue in
15  this litigation, including but not limited to its trade secret misappropriation claim
16  Accordingly, it cannot resist discovery of confidential business information.

17        Finally, Mattel has improperly limited its agreement to produce to "the facts
18  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
19  the individual is identified as being knowledgeable about certain topics in Mattel's
20  initial disclosures, Mattel's obligation to produce does not end with the facts that it
21  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
22  information from the individual on the topics identified, regardless of whether it
23  supports the facts as alleged by Mattel, MGA, or any other party. See Order
24  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
25  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
26  MGA might be excluding documents that are responsive to the request based upon
27  its unilateral determination of what is 'relevant' or 'sufficient.'").

28

1    None of Mattel's improper objections are valid and Mattel is obligated to

2 produce all non-privileged responsive documents in its possession, custody, or

3 control.

4 **MATTEL'S RESPONSE:**

5    MGA ignores that (i) Mattel has produced its non-privileged, responsive

6 documents, as it agreed to do, and that (ii) most information sought by this request is

7 within MGA's possession, custody or control, and is equally if not more readily

8 available to MGA than it is to Mattel.  Treantafelles Garcia is an employee of MGA.

9 MGA gives no reason why it requests information from Mattel regarding its *own*

10 *company* and its *own employee*, other than to say that "this area of information is

11 taken directly from Mattel's allegations regarding Treantafelles Garcia in its initial

12 disclosures."  Indeed, it appears that MGA merely cut and paste its request from

13 Mattel's initial disclosures without consideration as to what information Mattel may

14 have that is already within MGA's possession, custody or control.

15    MGA's request is duplicative of previous requests for which Mattel has

16 produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to

17 produce documents responsive to MGA's First Set of Requests for the Production of

18 Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[197]  Request Nos.

19 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including

20 his work at Mattel and MGA and the design and development of Bratz.   Request

21 No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring

22 or relating to BRYANT."[198]  On September 11, 2007, Discovery Master Infante

23 granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and

24

25

26    [197]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
27 Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
     [198]  See MGA's First Set of Requests for the Production of Documents and
28 Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

260.[199] Pursuant to this order, Mattel produced documents responsive to these requests. Mattel has since confirmed that it has produced responsive, non-privileged documents to these requests in its Third Supplemental Responses to MGA's First Set of Requests for Production.[200] is nothing additional to compel and MGA's motion is moot.

MGA's conclusory arguments also ignore that the Request is facially overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of Civil Procedure do not permit MGA to use broad discovery requests untethered to any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007. See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to Treantafelles Garcia's knowledge of extremely broad subjects—including ████████ ████████████ MGA makes no attempt to link this request with the claims and defenses in this case. For example, Treantafelles Garcia may have knowledge of MGA's retirement plans, health benefits, OSHA compliance, sexual harassment policies, or any number of subjects regarding business practices at MGA which clearly fall outside the narrow scope required by the Discovery Master. Because MGA has not linked its broad request to any of the numerous and far-ranging allegations of unfair competition set forth in its complaint, the Discovery Master should uphold Mattel's overbreadth objection.

The term "RELATING TO … alleged knowledge" as used in the request is likewise overbroad. The universe of documents that could "relate" to Treantafelles

---

[199] See September 12, 2007 Order Granting in Part and Denying in Part MGA's Motion to Compel, at 7-10, Dart Decl., Exh. 9.

[200] See Mattel's Third Supplemental Responses to MGA's First Set of Requests for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1  Garcia's knowledge are potentially without limit.  The request is not confined to
2  documents in Treantafelles Garcia's possession or control; rather, all documents
3  containing information that Treantafelles Garcia coincidentally knows about the
4  subjects at issue are subsumed within this request.

5      MGA complains that Mattel has limited its responses  regarding individuals in
6  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
7  disclosures."  Mattel has produced all information as to these individuals that is
8  relevant or pertinent to this litigation.  There is nothing to compel.

9      Quite simply, there is nothing to compel.  Mattel has produced responsive,
10  non-privileged documents relating to Treantafelles Garcia's knowledge of the facts
11  at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
12  possession, custody or control.

13  **REQUEST FOR PRODUCTION NO. 367:**

14      All DOCUMENTS REFERRING OR RELATING TO Frankie Tsang's
15  alleged knowledge of "MGA's theft of Mattel's intellectual property and trade
16  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
17  DISCLOSURES.

18  **RESPONSE TO REQUEST NO. 367:**

19      In addition to the general objections stated above which are incorporated
20  herein by reference, Mattel objects to this Request on the grounds that it is
21  overbroad, unduly burdensome and unintelligible, including in that it seeks all
22  documents on this subject without limitation as to time, and regardless of whether
23  such documents relate to products or matters at issue in this case.  Mattel further
24  objects to the Request on the grounds that it seeks documents that are not relevant to
25  this action or likely to lead to the discovery of admissible evidence.  Mattel further
26  objects to this Request on the grounds that it seeks confidential, proprietary and
27  trade secret information that has no bearing on the claims or defenses in this case.
28  Mattel further objects to this Request on the grounds that it calls for the disclosure

1  of information subject to the attorney-client privilege, the attorney work product

2  doctrine and other applicable privileges.

3  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 367:**

4  In addition to the general objections stated above which are incorporated

5  herein by reference, Mattel objects to this Request on the grounds that it is

6  overbroad, unduly burdensome and unintelligible, including in that it seeks all

7  documents on this subject without limitation as to time, and regardless of whether

8  such documents relate to products or matters at issue in this case. Mattel further

9  objects to the Request on the grounds that it seeks documents that are not relevant to

10  this action or likely to lead to the discovery of admissible evidence. Mattel further

11  objects to this Request on the grounds that it calls for documents or information in

12  the possession, custody or control of MGA and/or Bryant, including without

13  limitation documents and information that MGA and Bryant have been compelled

14  by Court orders to produce but have not produced. Mattel further object to this

15  Request on the grounds that it seeks confidential, proprietary and trade secret

16  information, including such information that has no bearing on the claims or

17  defenses in this case. Mattel further objects to this Request on the grounds that it

18  calls for the disclosure of information subject to the attorney-client privilege, the

19  attorney work-product doctrine and other applicable privileges.

20  Subject to the foregoing objections, Mattel responds as follows: Mattel will

21  produce responsive, non-privileged documents relating to Frankie Tsang's

22  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

23  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

24  has been able to locate after a diligent search and reasonable inquiry, to the extent

25  not previously produced.

26

27

28

1 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2 | **TO SHOULD BE COMPELLED**

3     Mattel has improperly limited its agreement to produce documents in
4 response to this request, subject to its improper boilerplate objections.  Mattel has
5 refused to confirm whether or not it has produced all non-privileged responsive
6 documents or whether it is withholding documents based on its objections in Phase
7 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
8 must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
9 Generic objections that fail to explain the basis for an objection with specificity are
10 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
11 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
12 'overly burdensome and harassing' are improper – especially when a party fails to
13 submit any evidentiary declarations supporting such objections").  Accordingly,
14 Mattel must be compelled either to certify that it has produced all non-privileged
15 responsive documents or to produce all such documents by a date certain.

16     To the extent that Mattel is relying on its blanket objections, they are not
17 sustainable and do not justify Mattel's failure to produce documents.

18     As to overbreadth, Mattel provides no explanation, let alone the required
19 particularity, as to why this request is supposedly overly broad, nor can it do so.
20 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
21 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
22 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
23 custody, or control concerning Tsang's alleged knowledge of "MGA's theft of
24 Mattel's intellectual property and trade secrets" and "MGA's business practices."
25 This area of information is taken directly from Mattel's allegations regarding Tsang
26 in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
27 Disclosures, dated Jan. 5, 2007, p. 18).

28

1       As to burden, Mattel has not attempted to demonstrate why responding to this

2  request and/or producing responsive documents presents any burden. This objection

3  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

4  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

5  unduly burdensome must allege specific facts which indicate the nature and extent

6  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

7  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

8  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

9  secrets. MGA is entitled to discovery on this claim.

10       This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges. To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13       This request seeks relevant information. Mattel identified Tsang in its initial

14  disclosures an individual with discoverable knowledge regarding "MGA's theft of

15  Mattel's intellectual property and trade secrets" and "MGA business practices."

16  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

17  p. 18). Accordingly, Mattel's initial disclosures demonstrate the relevance o this

18  request. Further, this information is relevant to, among other things, Mattel's trade

19  secret defense, MGA's claims of trade dress infringement, and MGA's affirmative

20  defenses of statute of limitations and laches.

21       Mattel's objection that the request seeks information within MGA's

22  possession, custody or control is nonsensical and lacks factual support. Mattel

23  makes no argument, let alone a factual showing, that any documents in MGA's

24  possession are duplicative of documents within Mattel's control. MGA is entitled to

25  discovery from Mattel of documents within its possession, custody, or control that

26  relate to the subject of this suit. Mattel cannot avoid this obligation by making a

27  conclusory statement that MGA also possesses responsive documents.

28

1  Mattel's objection that the request seeks confidential, proprietary, and trade
2  secret information should be disregarded. The parties have entered into a protective
3  order in this matter, which governs the handling of confidential business
4  information. Further, Mattel has put its confidential business information at issue in
5  this litigation, including but not limited to its trade secret misappropriation claim.
6  Accordingly, it cannot resist discovery of confidential business information.

7  Finally, Mattel has improperly limited its agreement to produce to "the facts
8  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
9  the individual is identified as being knowledgeable about certain topics in Mattel's
10 initial disclosures, Mattel's obligation to produce does not end with the facts that it
11 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
12 information from the individual on the topics identified, regardless of whether it
13 supports the facts as alleged by Mattel, MGA, or any other party. See Order
14 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
15 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
16 MGA might be excluding documents that are responsive to the request based upon
17 its unilateral determination of what is 'relevant' or 'sufficient.'").

18 None of Mattel's improper objections are valid and Mattel is obligated to
19 produce all non-privileged responsive documents in its possession, custody, or
20 control.

21 **MATTEL'S RESPONSE:**

22 MGA ignores that (i) Mattel has produced its non-privileged, responsive
23 documents, as it agreed to do, and that (ii) most information sought by this request is
24 within MGA's possession, custody or control, and is equally if not more readily
25 available to MG Tsang is an employee of MGA. MGA gives no reason why it
26 requests information from Mattel regarding its *own company* and its *own employee*,
27 other than to say that "this area of information is taken directly from Mattel's
28 allegations regarding Tsang in its initial disclosures." Indeed, it appears that MGA

1 merely cut and paste its request from Mattel's initial disclosures without
2 consideration as to what information Mattel may have that is already within MGA's
3 possession, custody or control.

4       MGA's conclusory arguments also ignore that the Request is facially
5 overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
6 Civil Procedure do not permit MGA to use broad discovery requests untethered to
7 any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
8 for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
9 See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
10 Cir. 2004) ("District courts need not condone the use of discovery to engage in
11 'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
12 Tsang's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮▮▮
13 ▮▮▮▮▮▮   MGA makes no attempt to link this request with the claims and defenses
14 in this case.  For example, Tsang may have knowledge of MGA's retirement plans,
15 health benefits, OSHA compliance, sexual harassment policies, or any number of
16 subjects regarding business practices at MGA which clearly fall outside the narrow
17 scope required by the Discovery Master. Because MGA has not linked its broad
18 request to any of the numerous and far-ranging allegations of unfair competition set
19 forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
20 objection.

21       The term "RELATING TO … alleged knowledge" as used in the request is
22 likewise overbroad.  The universe of documents that could "relate" to Tsang's
23 knowledge are potentially without limit.  The request is not confined to documents
24 in Tsang's possession or control; rather, all documents containing information that
25 Tsang coincidentally knows about the subjects at issue are subsumed within this
26 request.

27       MGA complains that Mattel has limited its responses  regarding individuals in
28 Mattel's Initial Disclosures to information "as alleged in Mattel's initial

1 disclosures." Mattel has produced all information as to these individuals that is
2 relevant or pertinent to this litigation. There is nothing to compel.

3       Quite simply, there is nothing to compel. Mattel has produced responsive,
4 non-privileged documents relating to Tsang's knowledge of the facts at issue in this
5 litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
6 custody or control, if any, that Mattel has been able to locate after a diligent search.
7 and reasonable inquiry.

8 **REQUEST FOR PRODUCTION NO. 368:**

9       All DOCUMENTS REFERRING OR RELATING TO Vivianne Waisman's
10 alleged knowledge of "MGA's access to Mattel's intellectual property and trade
11 secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

12 **RESPONSE TO REQUEST NO. 368:**

13       In addition to the general objections stated above which are incorporated
14 herein by reference, Mattel objects to this Request on the grounds that it is
15 overbroad, unduly burdensome and unintelligible, including in that it seeks all
16 documents on this subject without limitation as to time, and regardless of whether
17 such documents relate to products or matters at issue in this case. Mattel further
18 objects to the Request on the grounds that it seeks documents that are not relevant to
19 this action or likely to lead to the discovery of admissible evidence. Mattel further
20 objects to this Request on the grounds that it seeks confidential, proprietary and
21 trade secret information that has no bearing on the claims or defenses in this case.
22 Mattel further objects to this Request on the grounds that it calls for the disclosure
23 of information subject to the attorney-client privilege, the attorney work product
24 doctrine and other applicable privileges.

25 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 368:**

26       In addition to the general objections stated above which are incorporated
27 herein by reference, Mattel objects to this Request on the grounds that it is
28 overbroad, unduly burdensome and unintelligible, including in that it seeks all

-966-

1 documents on this subject without limitation as to time, and regardless of whether
2 such documents relate to products or matters at issue in this case. Mattel further
3 objects to the Request on the grounds that it seeks documents that are not relevant to
4 this action or likely to lead to the discovery of admissible evidence. Mattel further
5 objects to this Request on the grounds that it seeks confidential, proprietary and
6 trade secret information, including such information that has no bearing on the
7 claims or defenses in this case. Mattel further objects to this Request on the ground
8 that it calls for the disclosure of information subject to the attorney-client privilege
9 the attorney work-product doctrine and other applicable privileges.

10      Subject to the foregoing objections, Mattel responds as follows: Mattel will
11 produce responsive, non-privileged documents relating to Vivianne Waisman's
12 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
13 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
14 has been able to locate after a diligent search and reasonable inquiry, to the extent
15 not previously produced.

16 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
17 **TO SHOULD BE COMPELLED**

18      Mattel has improperly limited its agreement to produce documents in
19 response to this request, subject to its improper boilerplate objections. Mattel has
20 refused to confirm whether or not it has produced all non-privileged responsive
21 documents or whether it is withholding documents based on its objections in Phase
22 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
23 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
24 Generic objections that fail to explain the basis for an objection with specificity are
25 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
26 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
27 'overly burdensome and harassing' are improper – especially when a party fails to
28 submit any evidentiary declarations supporting such objections"). Accordingly,

1  Mattel must be compelled either to certify that it has produced all non-privileged
2  responsive documents or to produce all such documents by a date certain.

3      To the extent that Mattel is relying on its blanket objections, they are not
4  sustainable and do not justify Mattel's failure to produce documents.

5      As to overbreadth, Mattel provides no explanation, let alone the required
6  particularity, as to why this request is supposedly overly broad, nor can it do so.
7  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
8  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
9  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
10  custody, or control concerning Waisman's alleged knowledge of "MGA's access to
11  Mattel's intellectual property and trade secrets."  This area of information is taken
12  directly from Mattel's allegations regarding Waisman in its initial disclosures.
13  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
14  p. 18).

15      As to burden, Mattel has not attempted to demonstrate why responding to this
16  request and/or producing responsive documents presents any burden.  This objection
17  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
18  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
19  unduly burdensome must allege specific facts which indicate the nature and extent
20  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
21  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
22  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
23  secrets.  MGA is entitled to discovery on this claim.

24      This request does not seek documents protected by the attorney-client
25  privilege, the attorney work product doctrine, or other applicable privileges.  To the
26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27      This request seeks relevant information.  Mattel identified Waisman in its
28  initial disclosures an individual with discoverable knowledge regarding "MGA's

-968

1 access to Mattel's intellectual property and trade secrets." Rutowski Decl. Ex. 56
2 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 18). Accordingly
3 Mattel's initial disclosures demonstrate the relevance of this request. Further, this
4 information is relevant to, among other things, Mattel's trade secret defense, MGA's
5 claims of trade dress infringement, and MGA's affirmative defenses of statute of
6 limitations and laches.

7      Mattel's objection that the request seeks confidential, proprietary, and trade
8 secret information should be disregarded. The parties have entered into a protective
9 order in this matter, which governs the handling of confidential business
10 information. Further, Mattel has put its confidential business information at issue in
11 this litigation, including but not limited to its trade secret misappropriation claim
12 Accordingly, it cannot resist discovery of confidential business information.

13      Finally, Mattel has improperly limited its agreement to produce to "the facts
14 at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
15 the individual is identified as being knowledgeable about certain topics in Mattel's
16 initial disclosures, Mattel's obligation to produce does not end with the facts that it
17 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
18 information from the individual on the topics identified, regardless of whether it
19 supports the facts as alleged by Mattel, MGA, or any other party. See Order
20 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
21 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
22 MGA might be excluding documents that are responsive to the request based upon
23 its unilateral determination of what is 'relevant' or 'sufficient.'").

24      None of Mattel's improper objections are valid and Mattel is obligated to
25 produce all non-privileged responsive documents in its possession, custody, or
26 control.

27

28

1  **MATTEL'S RESPONSE:**

2      The term "RELATING TO ... alleged knowledge" as used in the request is

3  likewise overbroad.  The universe of documents that could "relate" to Waisman's

4  knowledge are potentially without limit.  The request is not confined to documents

5  in Waisman's possession or control; rather, all documents containing information

6  that Waisman coincidentally knows about the subjects at issue are subsumed within

7  this request.

8      MGA complains that Mattel has limited its responses  regarding individuals in

9  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

10  disclosures."  Mattel has produced all information as to these individuals that is

11  relevant or pertinent to this litigation.  There is nothing to compel.

12      Quite simply, there is nothing to compel.  Mattel has produced responsive,

13  non-privileged documents relating to Waisman's knowledge of the facts at issue in

14  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

15  possession, custody or control, if any, that Mattel has been able to locate after a

16  diligent search. and reasonable inquiry.

17  **REQUEST FOR PRODUCTION NO. 369:**

18      All DOCUMENTS in Vivianne Waisman's possession or control

19  REFERRING OR RELATING TO her alleged knowledge of "MGA's access to

20  Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIA

21  DISCLOSURES.

22  **RESPONSE TO REQUEST NO. 369:**

23      In addition to the general objections stated above which are incorporated

24  herein by reference, Mattel objects to this Request on the grounds that it is

25  overbroad, unduly burdensome and unintelligible, including in that it seeks all

26  documents on this subject without limitation as to time, and regardless of whether

27  such documents relate to products or matters at issue in this case.  Mattel further

28  objects to the Request on the grounds that it seeks documents that are not relevant to

1  this action or likely to lead to the discovery of admissible evidence.  Mattel further

2  objects to this Request on the grounds that it seeks confidential, proprietary and

3  trade secret information that has no bearing on the claims or defenses in this case.

4  Mattel further objects to this Request on the grounds that it calls for the disclosure

5  of information subject to the attorney-client privilege, the attorney work product

6  doctrine and other applicable privileges.

7  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 369:**

8       In addition to the general objections stated above which are incorporated

9  herein by reference, Mattel objects to this Request on the grounds that it is

10  overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products or matters at issue in this case.  Mattel further

13  objects to the Request on the grounds that it seeks documents that are not relevant to

14  this action or likely to lead to the discovery of admissible evidence.  Mattel further

15  objects to this Request on the grounds that it seeks confidential, proprietary and

16  trade secret information, including such information that has no bearing on the

17  claims or defenses in this case.  Mattel further objects to this Request on the ground

18  that it calls for the disclosure of information subject to the attorney-client privilege

19  the attorney work-product doctrine and other applicable privileges.

20       Subject to the foregoing objections, Mattel responds as follows: Mattel will

21  produce responsive, non-privileged documents relating to Vivianne Waisman's

22  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

23  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

24  has been able to locate after a diligent search and reasonable inquiry, to the extent

25  not previously produced.

26

27

28

1 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2 | **TO SHOULD BE COMPELLED**

3     Mattel has improperly limited its agreement to produce documents in
4 response to this request, subject to its improper boilerplate objections. Mattel has
5 refused to confirm whether or not it has produced all non-privileged responsive
6 documents or whether it is withholding documents based on its objections in Phase
7 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
8 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
9 Generic objections that fail to explain the basis for an objection with specificity are
10 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
11 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
12 'overly burdensome and harassing' are improper – especially when a party fails to
13 submit any evidentiary declarations supporting such objections"). Accordingly,
14 Mattel must be compelled either to certify that it has produced all non-privileged
15 responsive documents or to produce all such documents by a date certain.

16     To the extent that Mattel is relying on its blanket objections, they are not
17 sustainable and do not justify Mattel's failure to produce documents.

18     As to overbreadth, Mattel provides no explanation, let alone the required
19 particularity, as to why this request is supposedly overly broad, nor can it do so.
20 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
21 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
22 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
23 custody, or control concerning Waisman's alleged knowledge of "MGA's access to
24 Mattel's intellectual property and trade secrets." This area of information is taken
25 directly from Mattel's allegations regarding Waisman in its initial disclosures.
26 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
27 p. 18).

28

1    As to burden, Mattel has not attempted to demonstrate why responding to this
2    request and/or producing responsive documents presents any burden.  This objection
3    must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
4    F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
5    unduly burdensome must allege specific facts which indicate the nature and extent
6    of the burden, usually by affidavit or other reliable evidence.").

7    Moreover, it is not unduly burdensome, as noted above, in that the request is
8    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA
9    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10   This request does not seek documents protected by the attorney-client
11   privilege, the attorney work product doctrine, or other applicable privileges.  To the
12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13   This request seeks relevant information.  Mattel identified Waisman in its
14   initial disclosures an individual with discoverable knowledge regarding "MGA's
15   access to Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56
16   (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 18).  Accordingly
17   Mattel's initial disclosures demonstrate the relevance of this request.  Further, this
18   information is relevant to, among other things, Mattel's trade secret defense, MGA's
19   claims of trade dress infringement, and MGA's affirmative defenses of statute of
20   limitations and laches.

21   Mattel's objection that the request seeks confidential, proprietary, and trade
22   secret information should be disregarded.  The parties have entered into a protective
23   order in this matter, which governs the handling of confidential business
24   information.  Further, Mattel has put its confidential business information at issue in
25   this litigation, including but not limited to its trade secret misappropriation claim
26   Accordingly, it cannot resist discovery of confidential business information.

27   Finally, Mattel has improperly limited its agreement to produce to "the facts
28   at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

1  the individual is identified as being knowledgeable about certain topics in Mattel's

2  initial disclosures, Mattel's obligation to produce does not end with the facts that it

3  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

4  information from the individual on the topics identified, regardless of whether it

5  supports the facts as alleged by Mattel, MGA, or any other party. See Order

6  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

7  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

8  MGA might be excluding documents that are responsive to the request based upon

9  its unilateral determination of what is 'relevant' or 'sufficient.'").

10       None of Mattel's improper objections are valid and Mattel is obligated to

11  produce all non-privileged responsive documents in its possession, custody, or

12  control.

13  **MATTEL'S RESPONSE:**

14       The term "RELATING TO … alleged knowledge" as used in the request is

15  likewise overbroad. The universe of documents that could "relate" to Waisman's

16  knowledge are potentially without limit. The request is not confined to documents

17  in Waisman's possession or control; rather, all documents containing information

18  that Waisman coincidentally knows about the subjects at issue are subsumed within

19  this request.

20       MGA complains that Mattel has limited its responses regarding individuals in

21  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

22  disclosures." Mattel has produced all information as to these individuals that is

23  relevant or pertinent to this litigation. There is nothing to compel.

24       Quite simply, there is nothing to compel. Mattel has produced responsive,

25  non-privileged documents relating to Waisman's knowledge of the facts at issue in

26  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's

27  possession, custody or control, if any, that Mattel has been able to locate after a

28  diligent search. and reasonable inquiry.

1 **REQUEST FOR PRODUCTION NO. 370:**

2      All DOCUMENTS REFERRING OR RELATING TO Simon Waldron's

3 alleged knowledge of "[t]he development and ownership of intellectual property at

4 issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

5 **RESPONSE TO REQUEST NO. 370:**

6      In addition to the general objections stated above which are incorporated

7 herein by reference, Mattel objects to this Request on the grounds that it is

8 overbroad, unduly burdensome and unintelligible, including in that it seeks all

9 documents on this subject without limitation as to time, and regardless of whether

10 such documents relate to products or matters at issue in this case. Mattel further

11 objects to the Request on the grounds that it seeks documents that are not relevant to

12 this action or likely to lead to the discovery of admissible evidence. Mattel further

13 objects to this Request on the grounds that it seeks confidential, proprietary and

14 trade secret information that has no bearing on the claims or defenses in this case.

15 Mattel further objects to this Request on the grounds that it calls for the disclosure

16 of information subject to the attorney-client privilege, the attorney work product

17 doctrine and other applicable privileges.

18 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 370:**

19      In addition to the general objections stated above which are incorporated

20 herein by reference, Mattel objects to this Request on the grounds that it is

21 overbroad, unduly burdensome and unintelligible, including in that it seeks all

22 documents on this subject without limitation as to time, and regardless of whether

23 such documents relate to products or matters at issue in this case. Mattel further

24 objects to the Request on the grounds that it seeks documents that are not relevant to

25 this action or likely to lead to the discovery of admissible evidence. Mattel further

26 objects to this Request on the grounds that it seeks confidential, proprietary and

27 trade secret information, including such information that has no bearing on the

28 claims or defenses in this case. Mattel further objects to this Request on the ground

1  that it calls for the disclosure of information subject to the attorney-client privilege
2  the attorney work-product doctrine and other applicable privileges.

3      Subject to the foregoing objections, Mattel responds as follows: Mattel will
4  produce responsive, non-privileged documents relating to Simon Waldron's
5  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
6  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
7  has been able to locate after a diligent search and reasonable inquiry, to the extent
8  not previously produced.

9  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
10 **TO SHOULD BE COMPELLED**

11     Mattel has improperly limited its agreement to produce documents in
12 response to this request, subject to its improper boilerplate objections. Mattel has
13 refused to confirm whether or not it has produced all non-privileged responsive
14 documents or whether it is withholding documents based on its objections in Phase
15 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
16 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
17 Generic objections that fail to explain the basis for an objection with specificity are
18 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
19 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
20 'overly burdensome and harassing' are improper – especially when a party fails to
21 submit any evidentiary declarations supporting such objections"). Accordingly,
22 Mattel must be compelled either to certify that it has produced all non-privileged
23 responsive documents or to produce all such documents by a date certain.

24     To the extent that Mattel is relying on its blanket objections, they are not
25 sustainable and do not justify Mattel's failure to produce documents.

26     As to overbreadth, Mattel provides no explanation, let alone the required
27 particularity, as to why this request is supposedly overly broad, nor can it do so.
28 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

1   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

3   custody, or control concerning Waldron's alleged knowledge of "[t]he developmen

4   and ownership of intellectual property at issue."  This area of information is taken

5   directly from Mattel's allegations regarding Waldron in its initial disclosures.

6   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

7   p. 18).

8        As to burden, Mattel has not attempted to demonstrate why responding to this

9   request and/or producing responsive documents presents any burden.  This objection

10  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

11  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

12  unduly burdensome must allege specific facts which indicate the nature and extent

13  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not

14  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

15  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade

16  secrets.  MGA is entitled to discovery on this claim.

17       This request does not seek documents protected by the attorney-client

18  privilege, the attorney work product doctrine, or other applicable privileges.  To the

19  extent that Mattel contends that it does, Mattel must provide a privilege log.

20       This request seeks relevant information.  Mattel identified Waldron in its

21  initial disclosures an individual with discoverable knowledge regarding "[t]he

22  development and ownership of intellectual property at issue."  Rutowski Decl.

23  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 18).

24  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

25  Further, this information is relevant to, among other things, Mattel's trade secret

26  defense and MGA's claims of trade dress infringement.

27       Mattel's objection that the request seeks confidential, proprietary, and trade

28  secret information should be disregarded.  The parties have entered into a protective

-977-

1 order in this matter, which governs the handling of confidential business
2 information.  Further, Mattel has put its confidential business information at issue in
3 this litigation, including but not limited to its trade secret misappropriation claim
4 Accordingly, it cannot resist discovery of confidential business information.

5 Finally, Mattel has improperly limited its agreement to produce to "the facts
6 at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
7 the individual is identified as being knowledgeable about certain topics in Mattel's
8 initial disclosures, Mattel's obligation to produce does not end with the facts that it
9 has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
10 information from the individual on the topics identified, regardless of whether it
11 supports the facts as alleged by Mattel, MGA, or any other party.  See Order
12 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
13 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
14 MGA might be excluding documents that are responsive to the request based upon
15 its unilateral determination of what is 'relevant' or 'sufficient.'").

16 None of Mattel's improper objections are valid and Mattel is obligated to
17 produce all non-privileged responsive documents in its possession, custody, or
18 control.

19 **MATTEL'S RESPONSE:**

20 The term "RELATING TO … alleged knowledge" as used in the request is
21 likewise overbroad.  The universe of documents that could "relate" to Waldron's
22 knowledge are potentially without limit.  The request is not confined to documents
23 in Waldron's possession or control; rather, all documents containing information that
24 Waldron coincidentally knows about the subjects at issue are subsumed within this
25 request.

26 MGA complains that Mattel has limited its responses  regarding individuals in
27 Mattel's Initial Disclosures to information "as alleged in Mattel's initial

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  disclosures." Mattel has produced all information as to these individuals that is
2  relevant or pertinent to this litigation. There is nothing to compel.

3  Quite simply, there is nothing to compel. Mattel has produced responsive,
4  non-privileged documents relating to Waldron's knowledge of the facts at issue in
5  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
6  possession, custody or control, if any, that Mattel has been able to locate after a
7  diligent search. and reasonable inquiry.

8  **REQUEST FOR PRODUCTION NO. 371:**

9  All DOCUMENTS in Simon Waldron's possession or control REFERRING
10  OR RELATING TO his alleged knowledge of "[t]he development and ownership o
11  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

12  **RESPONSE TO REQUEST NO. 371:**

13  In addition to the general objections stated above which are incorporated
14  herein by reference, Mattel objects to this Request on the grounds that it is
15  overbroad, unduly burdensome and unintelligible, including in that it seeks all
16  documents on this subject without limitation as to time, and regardless of whether
17  such documents relate to products or matters at issue in this case. Mattel further
18  objects to the Request on the grounds that it seeks documents that are not relevant to
19  this action or likely to lead to the discovery of admissible evidence. Mattel further
20  objects to this Request on the grounds that it seeks confidential, proprietary and
21  trade secret information that has no bearing on the claims or defenses in this case.
22  Mattel further objects to this Request on the grounds that it calls for the disclosure
23  of information subject to the attorney-client privilege, the attorney work product
24  doctrine and other applicable privileges.

25  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 371:**

26  In addition to the general objections stated above which are incorporated
27  herein by reference, Mattel objects to this Request on the grounds that it is
28  overbroad, unduly burdensome and unintelligible, including in that it seeks all

1  documents on this subject without limitation as to time, and regardless of whether
2  such documents relate to products or matters at issue in this case.  Mattel further
3  objects to the Request on the grounds that it seeks documents that are not relevant to
4  this action or likely to lead to the discovery of admissible evidence.  Mattel further
5  objects to this Request on the grounds that it seeks confidential, proprietary and
6  trade secret information, including such information that has no bearing on the
7  claims or defenses in this case.  Mattel further objects to this Request on the ground
8  that it calls for the disclosure of information subject to the attorney-client privilege
9  the attorney work-product doctrine and other applicable privileges.

10       Subject to the foregoing objections, Mattel responds as follows: Mattel will
11  produce responsive, non-privileged documents relating to Simon Waldron's
12  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
13  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
14  has been able to locate after a diligent search and reasonable inquiry, to the extent
15  not previously produced.

16  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
17  **TO SHOULD BE COMPELLED**

18       Mattel has improperly limited its agreement to produce documents in
19  response to this request, subject to its improper boilerplate objections.  Mattel has
20  refused to confirm whether or not it has produced all non-privileged responsive
21  documents or whether it is withholding documents based on its objections in Phase
22  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
23  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)
24  Generic objections that fail to explain the basis for an objection with specificity are
25  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
26  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
27  'overly burdensome and harassing' are improper – especially when a party fails to
28  submit any evidentiary declarations supporting such objections").  Accordingly,

1 | Mattel must be compelled either to certify that it has produced all non-privileged
2 | responsive documents or to produce all such documents by a date certain.

3 | To the extent that Mattel is relying on its blanket objections, they are not
4 | sustainable and do not justify Mattel's failure to produce documents.

5 | As to overbreadth, Mattel provides no explanation, let alone the required
6 | particularity, as to why this request is supposedly overly broad, nor can it do so.
7 | This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
8 | (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9 | contrary, the request is narrowly tailored to seek documents in Mattel's possession,
10 | custody, or control concerning Waldron's alleged knowledge of "[t]he developmen
11 | and ownership of intellectual property at issue." This area of information is taken
12 | directly from Mattel's allegations regarding Waldron in its initial disclosures.
13 | Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
14 | p. 18).

15 | As to burden, Mattel has not attempted to demonstrate why responding to this
16 | request and/or producing responsive documents presents any burden. This objection
17 | must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
18 | F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
19 | unduly burdensome must allege specific facts which indicate the nature and extent
20 | of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
21 | unduly burdensome, as noted above, in that the request is narrowly tailored to seek
22 | only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
23 | secrets. MGA is entitled to discovery on this claim.

24 | This request does not seek documents protected by the attorney-client
25 | privilege, the attorney work product doctrine, or other applicable privileges. To the
26 | extent that Mattel contends that it does, Mattel must provide a privilege log.

27 | This request seeks relevant information. Mattel identified Waldron in its
28 | initial disclosures an individual with discoverable knowledge regarding "[t]he

1 | development and ownership of intellectual property at issue." Rutowski Decl.

2 | Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 18).

3 | Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

4 | Further, this information is relevant to, among other things, Mattel's trade secret

5 | defense and MGA's claims of trade dress infringement.

6 |      Mattel's objection that the request seeks confidential, proprietary, and trade

7 | secret information should be disregarded. The parties have entered into a protective

8 | order in this matter, which governs the handling of confidential business

9 | information. Further, Mattel has put its confidential business information at issue in

10 | this litigation, including but not limited to its trade secret misappropriation claim

11 | Accordingly, it cannot resist discovery of confidential business information.

12 |      Finally, Mattel has improperly limited its agreement to produce to "the facts

13 | at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

14 | the individual is identified as being knowledgeable about certain topics in Mattel's

15 | initial disclosures, Mattel's obligation to produce does not end with the facts that it

16 | has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

17 | information from the individual on the topics identified, regardless of whether it

18 | supports the facts as alleged by Mattel, MGA, or any other party. See Order

19 | Granting Mattel's Motion to Compel Production of Documents and Interrogatory

20 | Responses by MGA, dated May 15, 2007 (finding that `[r]estrictions suggest that

21 | MGA might be excluding documents that are responsive to the request based upon

22 | its unilateral determination of what is 'relevant' or 'sufficient.'").

23 |      None of Mattel's improper objections are valid and Mattel is obligated to

24 | produce all non-privileged responsive documents in its possession, custody, or

25 | control.

26 | **MATTEL'S RESPONSE:**

27 |      MGA complains that Mattel has limited its responses regarding individuals in

28 | Mattel's Initial Disclosures to information "as alleged in Mattel's initial

1 | disclosures." Mattel has produced all information as to these individuals that is
2 | relevant or pertinent to this litigation.  There is nothing to compel.

3 | Quite simply, there is nothing to compel.  Mattel has produced responsive,
4 | non-privileged documents relating to Waldron's knowledge of the facts at issue in
5 | this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
6 | possession, custody or control, if any, that Mattel has been able to locate after a
7 | diligent search. and reasonable inquiry.

8 | **REQUEST FOR PRODUCTION NO. 372:**

9 | All DOCUMENTS REFERRING OR RELATING TO Anne Wang's allege
10 | knowledge of `Bryant's breach of his obligations to Mattel" and `Bryant's work with
11 | or for MGA during his Mattel employment," as alleged in MATTEL'S INITIAL
12 | DISCLOSURES.

13 | **RESPONSE TO REQUEST NO. 372:**

14 | In addition to the general objections stated above which are incorporated
15 | herein by reference, Mattel objects to this Request on the grounds that it is
16 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
17 | documents on this subject without limitation as to time, and regardless of whether
18 | such documents relate to products or matters at issue in this case.  Mattel further
19 | objects to the Request on the grounds that it seeks documents that are not relevant to
20 | this action or likely to lead to the discovery of admissible evidence.  Mattel further
21 | objects to this Request on the grounds that it seeks confidential, proprietary and
22 | trade secret information that has no bearing on the claims or defenses in this case.
23 | Mattel further objects to this Request on the grounds that it calls for the disclosure
24 | of information subject to the attorney-client privilege, the attorney work product
25 | doctrine and other applicable privileges.

26 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 372:**

27 | In addition to the general objections stated above which are incorporated
28 | herein by reference, Mattel objects to this Request on the grounds that it is

1   overbroad, unduly burdensome and unintelligible, including in that it seeks all
2   documents on this subject without limitation as to time, and regardless of whether
3   such documents relate to products or matters at issue in this case. Mattel further
4   objects to this Request on the grounds that it calls for documents or information in
5   the possession, custody or control of MGA and/or Bryant, including without
6   limitation documents and information that MGA and Bryant have been compelled
7   by Court orders to produce but have not produced. Mattel further objects to this
8   Request on the grounds that it seeks confidential, proprietary and trade secret
9   information, including such information that has no bearing on the claims or
10  defenses in this case. Mattel further objects to this Request on the grounds that it
11  calls for the disclosure of information subject to the attorney-client privilege, the
12  attorney work-product doctrine and other applicable privileges.

13          Subject to the foregoing objections, Mattel responds as follows: Mattel will
14  produce responsive, non-privileged documents relating to Anne Wang's knowledge
15  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
16  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
17  after a diligent search and reasonable inquiry, to the extent not previously produced.

18  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
19  **TO SHOULD BE COMPELLED**

20          Mattel has improperly limited its agreement to produce documents in
21  response to this request, subject to its improper boilerplate objections. Mattel has
22  refused to confirm whether or not it has produced all non-privileged responsive
23  documents or whether it is withholding documents based on its objections in Phase
24  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
25  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
26  Generic objections that fail to explain the basis for an objection with specificity are
27  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
28  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

1  'overly burdensome and harassing' are improper – especially when a party fails to
2  submit any evidentiary declarations supporting such objections"). Accordingly,
3  Mattel must be compelled either to certify that it has produced all non-privileged
4  responsive documents or to produce all such documents by a date certain.

5      To the extent that Mattel is relying on its blanket objections, they are not
6  sustainable and do not justify Mattel's failure to produce documents.

7      As to overbreadth, Mattel provides no explanation, let alone the required
8  particularity, as to why this request is supposedly overly broad, nor can it do so.
9  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
10  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
11  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
12  custody, or control concerning Wang's alleged knowledge of "Bryant's breach of his
13  obligations to Mattel" and "Bryant's work with or for MGA during his Mattel
14  employment." This area of information is taken directly from Mattel's allegations
15  regarding Wang in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's
16  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 18).

17      As to burden, Mattel has not attempted to demonstrate why responding to this
18  request and/or producing responsive documents presents any burden. This objection
19  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
20  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
21  unduly burdensome must allege specific facts which indicate the nature and extent
22  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
23  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
24  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
25  secrets. MGA is entitled to discovery on this claim.

26      This request does not seek documents protected by the attorney-client
27  privilege, the attorney work product doctrine, or other applicable privileges. To the
28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1    This request seeks relevant information.  Mattel identified Wang in its initial
2    disclosures an individual with discoverable knowledge regarding `Bryant's breach of
3    his obligations to Mattel" and `Bryant's work with or for MGA during his Matte
4    employment."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures,
5    dated Jan. 5, 2007, p. 18).  Accordingly, Mattel's initial disclosures demonstrate th
6    relevance of this request.  Further, this information is relevant to, among other
7    things, Mattel's trade secret defense and MGA's affirmative defenses of statute of
8    limitations and laches.

9    Mattel's objection that the request seeks information within MGA's
10   possession, custody or control is nonsensical and lacks factual support.  Mattel
11   makes no argument, let alone a factual showing, that any documents in MGA's
12   possession are duplicative of documents within Mattel's control.  MGA is entitled to
13   discovery from Mattel of documents within its possession, custody, or control that
14   relate to the subject of this suit.  Mattel cannot avoid this obligation by making a
15   conclusory statement that MGA also possesses responsive documents.

16   Mattel's objection that the request seeks confidential, proprietary, and trade
17   secret information should be disregarded.  The parties have entered into a protective
18   order in this matter, which governs the handling of confidential business
19   information.  Further, Mattel has put its confidential business information at issue in
20   this litigation, including but not limited to its trade secret misappropriation claim
21   Accordingly, it cannot resist discovery of confidential business information.

22   Finally, Mattel has improperly limited its agreement to produce to "the facts
23   at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
24   the individual is identified as being knowledgeable about certain topics in Mattel's
25   initial disclosures, Mattel's obligation to produce does not end with the facts that it
26   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
27   information from the individual on the topics identified, regardless of whether it
28   supports the facts as alleged by Mattel, MGA, or any other party.  See Order

1   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

2   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

3   MGA might be excluding documents that are responsive to the request based upon

4   its unilateral determination of what is 'relevant' or 'sufficient.'").

5       None of Mattel's improper objections are valid and Mattel is obligated to

6   produce all non-privileged responsive documents in its possession, custody, or

7   control.

8   **MATTEL'S RESPONSE:**

9       Mattel has produced all documents responsive to this request.  MGA's request

10  is duplicative of previous requests for which Mattel has produced responsive

11  documents. On July 3, 2007, MGA moved to compel Mattel to produce documents

12  responsive to MGA's First Set of Requests for the Production of Documents and

13  Things in Mattel v. Bryant, Case No. CV04-9059.[201]  Request Nos. 180-183, 186-

14  187, 258 and 260 sought all documents pertaining to Bryant, including his work at

15  Mattel and MGA and the design and development of Bratz.   Request No. 180, the

16  broadest request, asked for "all DOCUMENTS mentioning, referring or relating to

17  BRYANT."[202]  On September 11, 2007, Discovery Master Infante granted MGA's

18  motion to compel as to Request Nos. 180-183, 186-187, 258 and 260.[203]  Pursuant to

19  this order, Mattel produced documents responsive to these requests. Mattel has since

20  confirmed that it has produced responsive, non-privileged documents to these

21

22

23

24

---

25  [201]   See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
    Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.

26  [202]   See MGA's First Set of Requests for the Production of Documents and
    Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

27  [203]   See September 12, 2007 Order Granting in Part and Denying in Part MGA's

28  Motion to Compel, at 7-10, Dart Decl., Exh. 9.

1   requests in its Third Supplemental Responses to MGA's First Set of Requests for

2   Production.[204]   There is nothing additional to compel and MGA's motion is moot.

3       The term "RELATING TO ... alleged knowledge" as used in the request is

4   likewise overbroad.  The universe of documents that could "relate" to Wang's

5   knowledge are potentially without limit.  The request is not confined to documents

6   in Wang's possession or control; rather, all documents containing information that

7   Wang coincidentally knows about the subjects at issue are subsumed within this

8   request.

9       MGA complains that Mattel has limited its responses  regarding individuals in

10  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

11  disclosures."  Mattel has produced all information as to these individuals that is

12  relevant or pertinent to this litigation.  There is nothing to compel.

13      Quite simply, there is nothing to compel.  Mattel has produced responsive,

14  non-privileged documents relating to Wang's knowledge of the facts at issue in this

15  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

16  custody or control.

17  **REQUEST FOR PRODUCTION NO. 373:**

18      All DOCUMENTS REFERRING OR RELATING TO Chang-Chin Wang's

19  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

20  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

21  DISCLOSURES.

22  **RESPONSE TO REQUEST NO. 373:**

23      In addition to the general objections stated above which are incorporated

24  herein by reference, Mattel objects to this Request on the grounds that it is

25  overbroad, unduly burdensome and unintelligible, including in that it seeks all

26  documents on this subject without limitation as to time, and regardless of whether

27  ─────────────

[204]   See Mattel's Third Supplemental Responses to MGA's First Set of Requests

28  for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1   such documents relate to products or matters at issue in this case.  Mattel further
2   objects to the Request on the grounds that it seeks documents that are not relevant to
3   this action or likely to lead to the discovery of admissible evidence.  Mattel further
4   objects to this Request on the grounds that it seeks confidential, proprietary and
5   trade secret information that has no bearing on the claims or defenses in this case.
6   Mattel further objects to this Request on the grounds that it calls for the disclosure
7   of information subject to the attorney-client privilege, the attorney work product
8   doctrine and other applicable privileges.

9   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 373:**

10  In addition to the general objections stated above which are incorporated
11  herein by reference, Mattel objects to this Request on the grounds that it is
12  overbroad, unduly burdensome and unintelligible, including in that it seeks all
13  documents on this subject without limitation as to time, and regardless of whether
14  such documents relate to products or matters at issue in this case.  Mattel further
15  objects to the Request on the grounds that it seeks documents that are not relevant to
16  this action or likely to lead to the discovery of admissible evidence.  Mattel further
17  objects to this Request on the grounds that it calls for documents or information in
18  the possession, custody or control of MGA, including without limitation documents
19  and information that MGA has been compelled by Court orders to produce but has
20  not produced.  Mattel further objects to this Request on the grounds that it seeks
21  confidential, proprietary and trade secret information, including such information
22  that has no bearing on the claims or defenses in this case.  Mattel further objects to
23  this Request on the grounds that it calls for the disclosure of information subject to
24  the attorney-client privilege, the attorney work product doctrine and other applicable
25  privileges.

26  Subject to the foregoing objections, Mattel responds as follows: Mattel will
27  produce responsive, non-privileged documents relating to Chang-Chin Wang's
28  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

-989-

1   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
2   has been able to locate after a diligent search and reasonable inquiry, to the extent
3   not previously produced.

4   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
5   **TO SHOULD BE COMPELLED**

6       Mattel has improperly limited its agreement to produce documents in
7   response to this request, subject to its improper boilerplate objections. Mattel has
8   refused to confirm whether or not it has produced all non-privileged responsive
9   documents or whether it is withholding documents based on its objections in Phase
10  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
11  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
12  Generic objections that fail to explain the basis for an objection with specificity are
13  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
14  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
15  'overly burdensome and harassing' are improper – especially when a party fails to
16  submit any evidentiary declarations supporting such objections"). Accordingly,
17  Mattel must be compelled either to certify that it has produced all non-privileged
18  responsive documents or to produce all such documents by a date certain.

19      To the extent that Mattel is relying on its blanket objections, they are not
20  sustainable and do not justify Mattel's failure to produce documents.

21      As to overbreadth, Mattel provides no explanation, let alone the required
22  particularity, as to why this request is supposedly overly broad, nor can it do so.
23  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
24  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
25  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
26  custody, or control concerning Wang's alleged knowledge of "MGA's access to
27  Mattel's intellectual property and trade secrets" and "MGA's business practices."

28

1    This area of information is taken directly from Mattel's allegations regarding
2 Wang in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
3 Disclosures, dated Jan. 5, 2007, p. 19).

4    As to burden, Mattel has not attempted to demonstrate why responding to this
5 request and/or producing responsive documents presents any burden. This objection
6 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
7 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
8 unduly burdensome must allege specific facts which indicate the nature and extent
9 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
10 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
11 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
12 secrets. MGA is entitled to discovery on this claim.

13    This request does not seek documents protected by the attorney-client
14 privilege, the attorney work product doctrine, or other applicable privileges. To the
15 extent that Mattel contends that it does, Mattel must provide a privilege log.

16    This request seeks relevant information. Mattel identified Wang in its initial
17 disclosures an individual with discoverable knowledge regarding "MGA's access to
18 Mattel's intellectual property and trade secrets" and "MGA business practices."
19 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
20 p. 19). Accordingly, Mattel's initial disclosures demonstrate the relevance o this
21 request. Further, this information is relevant to, among other things, Mattel's trade
22 secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
23 defenses of statute of limitations and laches.

24    Mattel's objection that the request seeks information within MGA's
25 possession, custody or control is nonsensical and lacks factual support. Mattel
26 makes no argument, let alone a factual showing, that any documents in MGA's
27 possession are duplicative of documents within Mattel's control. MGA is entitled to
28 discovery from Mattel of documents within its possession, custody, or control that

1 | relate to the subject of this suit. Mattel cannot avoid this obligation by making a

2 | conclusory statement that MGA also possesses responsive documents.

3 | Mattel's objection that the request seeks confidential, proprietary, and trade

4 | secret information should be disregarded. The parties have entered into a protective

5 | order in this matter, which governs the handling of confidential business

6 | information. Further, Mattel has put its confidential business information at issue in

7 | this litigation, including but not limited to its trade secret misappropriation claim

8 | Accordingly, it cannot resist discovery of confidential business information.

9 | Finally, Mattel has improperly limited its agreement to produce to "the facts

10 | at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

11 | the individual is identified as being knowledgeable about certain topics in Mattel's

12 | initial disclosures, Mattel's obligation to produce does not end with the facts that it

13 | has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

14 | information from the individual on the topics identified, regardless of whether it

15 | supports the facts as alleged by Mattel, MGA, or any other party. See Order

16 | Granting Mattel's Motion to Compel Production of Documents and Interrogatory

17 | Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

18 | MGA might be excluding documents that are responsive to the request based upon

19 | its unilateral determination of what is 'relevant' or 'sufficient.'").

20 | None of Mattel's improper objections are valid and Mattel is obligated to

21 | produce all non-privileged responsive documents in its possession, custody, or

22 | control.

23 | **MATTEL'S RESPONSE:**

24 | MGA ignores that (i) Mattel has produced its non-privileged, responsive

25 | documents, as it agreed to do, and that (ii) most information sought by this request is

26 | within MGA's possession, custody or control, and is equally if not more readily

27 | available to MG  Wang is an employee of MGA. MGA gives no reason why it

28 | requests information from Mattel regarding its *own company* and its *own employee*,