1  other than to say that "this area of information is taken directly from Mattel's
2  allegations regarding Wang in its initial disclosures." Indeed, it appears that MGA
3  merely cut and paste its request from Mattel's initial disclosures without
4  consideration as to what information Mattel may have that is already within MGA's
5  possession, custody or control.

6       MGA's conclusory arguments also ignore that the Request is facially
7  overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
8  Civil Procedure do not permit MGA to use broad discovery requests untethered to
9  any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion
10  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
11  See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
12  Cir. 2004) ("District courts need not condone the use of discovery to engage in
13  'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to
14  Wang's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮▮▮▮▮▮
15  ▮▮▮▮▮▮▮ MGA makes no attempt to link this request with the claims and defenses
16  in this case. For example, Wang may have knowledge of MGA's retirement plans,
17  health benefits, OSHA compliance, sexual harassment policies, or any number of
18  subjects regarding business practices at MGA which clearly fall outside the narrow
19  scope required by the Discovery Master. Because MGA has not linked its broad
20  request to any of the numerous and far-ranging allegations of unfair competition set
21  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
22  objection.

23       The term "RELATING TO ... alleged knowledge" as used in the request is
24  likewise overbroad. The universe of documents that could "relate" to Wang's
25  knowledge are potentially without limit. The request is not confined to documents
26  in Wang's possession or control; rather, all documents containing information that
27  Wang coincidentally knows about the subjects at issue are subsumed within this
28  request.

1      MGA complains that Mattel has limited its responses regarding individuals in
2 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
3 disclosures." Mattel has produced all information as to these individuals that is
4 relevant or pertinent to this litigation. There is nothing to compel.

5      Quite simply, there is nothing to compel. Mattel has produced responsive,
6 non-privileged documents relating to Wang's knowledge of the facts at issue in this
7 litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
8 custody or control, if any, that Mattel has been able to locate after a diligent search.
9 and reasonable inquiry.

10 **REQUEST FOR PRODUCTION NO. 374:**

11      All DOCUMENTS REFERRING OR RELATING TO Mercedeh Ward's
12 alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or
13 for MGA during his Mattel employment," "Bryant' s breach of obligations to
14 Mattel," "MGA's access to Mattel's intellectual property and trade secrets," and
15 "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

16 **RESPONSE TO REQUEST NO. 374:**

17      In addition to the general objections stated above which are incorporated
18 herein by reference, Mattel objects to this Request on the grounds that it is
19 overbroad, unduly burdensome and unintelligible, including in that it seeks all
20 documents on this subject without limitation as to time, and regardless of whether
21 such documents relate to products or matters at issue in this case. Mattel further
22 objects to the Request on the grounds that it seeks documents that are not relevant to
23 this action or likely to lead to the discovery of admissible evidence. Mattel further
24 objects to this Request on the grounds that it seeks confidential, proprietary and
25 trade secret information that has no bearing on the claims or defenses in this case.
26 Mattel further objects to this Request on the grounds that it calls for the disclosure
27 of information subject to the attorney-client privilege, the attorney work product
28 doctrine and other applicable privileges.

1 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 374:**

2      In addition to the general objections stated above which are incorporated

3 herein by reference, Mattel objects to this Request on the grounds that it is

4 overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 documents on this subject without limitation as to time, and regardless of whether

6 such documents relate to products or matters at issue in this case. Mattel further

7 objects to the Request on the grounds that it seeks documents that are not relevant to

8 this action or likely to lead to the discovery of admissible evidence. Mattel further

9 objects to this Request on the grounds that it calls for documents or information in

10 the possession, custody or control of MGA and/or Bryant, including without

11 limitation documents and information that MGA and Bryant have been compelled

12 by Court orders to produce but have not produced. Mattel further object to this

13 Request on the grounds that it seeks confidential, proprietary and trade secret

14 information, including such information that has no bearing on the claims or

15 defenses in this case. Mattel further objects to this Request on the grounds that it

16 calls for the disclosure of information subject to the attorney-client privilege, the

17 attorney work-product doctrine and other applicable privileges.

18      Subject to the foregoing objections, Mattel responds as follows: Mattel will

19 produce responsive, non-privileged documents relating to Mercedeh Ward's

20 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

21 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

22 has been able to locate after a diligent search and reasonable inquiry, to the extent

23 not previously produced.

24 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

25 **TO SHOULD BE COMPELLED**

26      Mattel has improperly limited its agreement to produce documents in

27 response to this request, subject to its improper boilerplate objections. Mattel has

28 refused to confirm whether or not it has produced all non-privileged responsive

1   documents or whether it is withholding documents based on its objections in Phase

2   2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

3   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

4   Generic objections that fail to explain the basis for an objection with specificity are

5   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

6   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

7   'overly burdensome and harassing' are improper – especially when a party fails to

8   submit any evidentiary declarations supporting such objections"). Accordingly,

9   Mattel must be compelled either to certify that it has produced all non-privileged

10   responsive documents or to produce all such documents by a date certain.

11        To the extent that Mattel is relying on its blanket objections, they are not

12   sustainable and do not justify Mattel's failure to produce documents.

13        As to overbreadth, Mattel provides no explanation, let alone the required

14   particularity, as to why this request is supposedly overly broad, nor can it do so.

15   This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

16   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

17   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

18   custody, or control concerning Ward's alleged knowledge of "[d]esign and

19   development of Bratz and Bryant's work with or for MGA during his Mattel

20   employment," "Bryant's breach of obligations to Mattel," "MGA's access to Mattel's

21   intellectual property and trade secrets," and "MGA business practices." This area of

22   information is taken directly from Mattel's allegations regarding Ward in its initial

23   disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

24   Jan. 5, 2007, p. 19).

25        As to burden, Mattel has not attempted to demonstrate why responding to this

26   request and/or producing responsive documents presents any burden. This objection

27   must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

28   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

1  unduly burdensome must allege specific facts which indicate the nature and extent
2  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
3  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
4  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
5  secrets. MGA is entitled to discovery on this claim.

6       This request does not seek documents protected by the attorney-client
7  privilege, the attorney work product doctrine, or other applicable privileges. To the
8  extent that Mattel contends that it does, Mattel must provide a privilege log.

9       This request seeks relevant information. Mattel identified Ward in its initial
10  disclosures an individual with discoverable knowledge regarding "[d]esign and
11  development of Bratz and Bryant's work with or for MGA during his Mattel
12  employment," "Bryant's breach of obligations to Mattel," "MGA's access to Mattel's
13  intellectual property and trade secrets," and "MGA business practices." Rutowski
14  Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 19).
15  Accordingly, Mattel's initial disclosures demonstrate the relevance o this request.
16  Further, this information is relevant to, among other things, Mattel's trade secret
17  defense, MGA's claims of trade dress infringement, and MGA's affirmative defenses
18  of statute of limitations and laches.

19       Mattel's objection that the request seeks information within MGA's
20  possession, custody or control is nonsensical and lacks factual support. Mattel
21  makes no argument, let alone a factual showing, that any documents in MGA's
22  possession are duplicative of documents within Mattel's control. MGA is entitled to
23  discovery from Mattel of documents within its possession, custody, or control that
24  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
25  conclusory statement that MGA also possesses responsive documents.

26       Mattel's objection that the request seeks confidential, proprietary, and trade
27  secret information should be disregarded. The parties have entered into a protective
28  order in this matter, which governs the handling of confidential business

1   information.  Further, Mattel has put its confidential business information at issue in

2   this litigation, including but not limited to its trade secret misappropriation claim

3   Accordingly, it cannot resist discovery of confidential business information.

4        Finally, Mattel has improperly limited its agreement to produce to "the facts

5   at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

6   the individual is identified as being knowledgeable about certain topics in Mattel's

7   initial disclosures, Mattel's obligation to produce does not end with the facts that it

8   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

9   information from the individual on the topics identified, regardless of whether it

10   supports the facts as alleged by Mattel, MGA, or any other party.  <u>See</u> Order

11   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

12   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

13   MGA might be excluding documents that are responsive to the request based upon

14   its unilateral determination of what is 'relevant' or 'sufficient.'").

15        None of Mattel's improper objections are valid and Mattel is obligated to

16   produce all non-privileged responsive documents in its possession, custody, or

17   control.

18   **MATTEL'S RESPONSE:**

19        Mattel has produced all documents responsive to this request.  MGA's request

20   is duplicative of previous requests for which Mattel has produced responsive

21   documents. On July 3, 2007, MGA moved to compel Mattel to produce documents

22   responsive to MGA's First Set of Requests for the Production of Documents and

23   Things in Mattel v. Bryant, Case No. CV04-9059.[205]  Request Nos. 180-183, 186-

24   187, 258 and 260 sought all documents pertaining to Bryant, including his work at

25   Mattel and MGA and the design and development of Bratz.   Request No. 180, the

26   broadest request, asked for "all DOCUMENTS mentioning, referring or relating to

27       [205]  <u>See</u> MGA's Motion to Compel Mattel to Supplement its Responses and Produce

28   Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.

1   BRYANT."[206]  On September 11, 2007, Discovery Master Infante granted MGA's

2   motion to compel as to Request Nos. 180-183, 186-187, 258 and 260.[207]  Pursuant to

3   this order, Mattel produced documents responsive to these requests. Mattel has since

4   confirmed that it has produced responsive, non-privileged documents to these

5   requests in its Third Supplemental Responses to MGA's First Set of Requests for

6   Production.[208]   There is nothing additional to compel and MGA's motion is moot.

7        MGA's conclusory arguments also ignore that the Request is facially

8   overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of

9   Civil Procedure do not permit MGA to use broad discovery requests untethered to

10  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion

11  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

12  See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

13  Cir. 2004) ("District courts need not condone the use of discovery to engage in

14  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to

15  Ward's knowledge of extremely broad subjects—including ▇▇▇▇▇▇▇▇

16  ▇▇▇▇▇▇  MGA makes no attempt to link this request with the claims and defenses

17  in this case.  For example, Ward may have knowledge of MGA's retirement plans,

18  health benefits, OSHA compliance, sexual harassment policies, or any number of

19  subjects regarding business practices at MGA which clearly fall outside the narrow

20  scope required by the Discovery Master. Because MGA has not linked its broad

21  request to any of the numerous and far-ranging allegations of unfair competition set

22  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth

23  objection.

24  _____

25  [206]  See MGA's First Set of Requests for the Production of Documents and
    Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

26  [207]  See September 12, 2007 Order Granting in Part and Denying in Part MGA's
    Motion to Compel, at 7-10, Dart Decl., Exh. 9.

27  [208]  See Mattel's Third Supplemental Responses to MGA's First Set of Requests

28  for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

1    The term "RELATING TO ... alleged knowledge" as used in the request is
2 likewise overbroad. The universe of documents that could "relate" to Ward's
3 knowledge are potentially without limit. The request is not confined to documents
4 in Ward's possession or control; rather, all documents containing information that
5 Ward coincidentally knows about the subjects at issue are subsumed within this
6 request.

7    MGA complains that Mattel has limited its responses regarding individuals in
8 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
9 disclosures." Mattel has produced all information as to these individuals that is
10 relevant or pertinent to this litigation. There is nothing to compel.

11    Quite simply, there is nothing to compel. Mattel has produced responsive,
12 non-privileged documents relating to Ward's knowledge of the facts at issue in this
13 litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
14 custody or control.

15 **REQUEST FOR PRODUCTION NO. 375:**

16    All DOCUMENTS REFERRING OR RELATING TO Dawn Whitaker's
17 alleged knowledge of "MGA's access to Mattel's intellectual property and trade
18 secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
19 DISCLOSURES.

20 **RESPONSE TO REQUEST NO. 375:**

21    In addition to the general objections stated above which are incorporated
22 herein by reference, Mattel objects to this Request on the grounds that it is
23 overbroad, unduly burdensome and unintelligible, including in that it seeks all
24 documents on this subject without limitation as to time, and regardless of whether
25 such documents relate to products or matters at issue in this case. Mattel further
26 objects to the Request on the grounds that it seeks documents that are not relevant to
27 this action or likely to lead to the discovery of admissible evidence. Mattel further
28 objects to this Request on the grounds that it seeks confidential, proprietary and

1 | trade secret information that has no bearing on the claims or defenses in this case.
2 | Mattel further objects to this Request on the grounds that it calls for the disclosure
3 | of information subject to the attorney-client privilege, the attorney work product
4 | doctrine and other applicable privileges.

5 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 375:**

6 | In addition to the general objections stated above which are incorporated
7 | herein by reference, Mattel objects to this Request on the grounds that it is
8 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
9 | documents on this subject without limitation as to time, and regardless of whether
10 | such documents relate to products or matters at issue in this case. Mattel further
11 | objects to the Request on the grounds that it seeks documents that are not relevant to
12 | this action or likely to lead to the discovery of admissible evidence. Mattel further
13 | objects to this Request on the grounds that it calls for documents or information in
14 | the possession, custody or control of MGA, including without limitation documents
15 | and information that MGA has been compelled by Court orders to produce but has
16 | not produced. Mattel further objects to this Request on the grounds that it seeks
17 | confidential, proprietary and trade secret information, including such information
18 | that has no bearing on the claims or defenses in this case. Mattel further objects to
19 | this Request on the grounds that it calls for the disclosure of information subject to
20 | the attorney-client privilege, the attorney work product doctrine and other applicable
21 | privileges.

22 | Subject to the foregoing objections, Mattel responds as follows: Mattel will
23 | produce responsive, non-privileged documents relating to Dawn 'Whitaker's
24 | knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
25 | Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
26 | has been able to locate after a diligent search and reasonable inquiry, to the extent
27 | not previously produced.

28 |

1   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2   **TO SHOULD BE COMPELLED**

3       Mattel has improperly limited its agreement to produce documents in
4   response to this request, subject to its improper boilerplate objections. Mattel has
5   refused to confirm whether or not it has produced all non-privileged responsive
6   documents or whether it is withholding documents based on its objections in Phase
7   2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
8   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
9   Generic objections that fail to explain the basis for an objection with specificity are
10  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
11  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
12  'overly burdensome and harassing' are improper – especially when a party fails to
13  submit any evidentiary declarations supporting such objections"). Accordingly,
14  Mattel must be compelled either to certify that it has produced all non-privileged
15  responsive documents or to produce all such documents by a date certain.

16      To the extent that Mattel is relying on its blanket objections, they are not
17  sustainable and do not justify Mattel's failure to produce documents.

18      As to overbreadth, Mattel provides no explanation, let alone the required
19  particularity, as to why this request is supposedly overly broad, nor can it do so.
20  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
21  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
22  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
23  custody, or control concerning Whitaker's alleged knowledge of "MGA's access to
24  Mattel's intellectual property and trade secrets" and "MGA's business practices."
25  This area of information is taken directly from Mattel's allegations regarding
26  Whitaker in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated
27  Initial Disclosures, dated Jan. 5, 2007, p. 19).

28

1    As to burden, Mattel has not attempted to demonstrate why responding to this
2    request and/or producing responsive documents presents any burden. This objection
3    must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
4    F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
5    unduly burdensome must allege specific facts which indicate the nature and extent
6    of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
7    unduly burdensome, as noted above, in that the request is narrowly tailored to seek
8    only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
9    secrets. MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client
11    privilege, the attorney work product doctrine, or other applicable privileges. To the
12    extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information. Mattel identified Whitaker in its
14    initial disclosures an individual with discoverable knowledge regarding "MGA's
15    access to Mattel's intellectual property and trade secrets" and "MGA business
16    practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
17    Jan. 5, 2007, p. 19). Accordingly, Mattel's initial disclosures demonstrate the
18    relevance of this request. Further, this information is relevant to, among other
19    things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
20    MGA's affirmative defenses of statute of limitations and laches.

21    Mattel's objection that the request seeks information within MGA's
22    possession, custody or control is nonsensical and lacks factual support. Mattel
23    makes no argument, let alone a factual showing, that any documents in MGA's
24    possession are duplicative of documents within Mattel's control. MGA is entitled to
25    discovery from Mattel of documents within its possession, custody, or control that
26    relate to the subject of this suit. Mattel cannot avoid this obligation by making a
27    conclusory statement that MGA also possesses responsive documents.

28

1    Mattel's objection that the request seeks confidential, proprietary, and trade
2  secret information should be disregarded.  The parties have entered into a protective
3  order in this matter, which governs the handling of confidential business
4  information.  Further, Mattel has put its confidential business information at issue in
5  this litigation, including but not limited to its trade secret misappropriation claim
6  Accordingly, it cannot resist discovery of confidential business information.

7    Finally, Mattel has improperly limited its agreement to produce to "the facts
8  at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
9  the individual is identified as being knowledgeable about certain topics in Mattel's
10  initial disclosures, Mattel's obligation to produce does not end with the facts that it
11  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
12  information from the individual on the topics identified, regardless of whether it
13  supports the facts as alleged by Mattel, MGA, or any other party.  See Order
14  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
15  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
16  MGA might be excluding documents that are responsive to the request based upon
17  its unilateral determination of what is 'relevant' or 'sufficient.'").

18    None of Mattel's improper objections are valid and Mattel is obligated to
19  produce all non-privileged responsive documents in its possession, custody, or
20  control.

21  **MATTEL'S RESPONSE:**

22    MGA ignores that (i) Mattel has produced its non-privileged, responsive
23  documents, as it agreed to do, and that (ii) most information sought by this request is
24  within MGA's possession, custody or control, and is equally if not more readily
25  available to MG  Whitaker is an employee of MGA.  MGA gives no reason why it
26  requests information from Mattel regarding its *own company* and its *own employee*,
27  other than to say that "this area of information is taken directly from Mattel's
28  allegations regarding Whitaker in its initial disclosures."  Indeed, it appears that

1  MGA merely cut and paste its request from Mattel's initial disclosures without
2  consideration as to what information Mattel may have that is already within MGA's
3  possession, custody or control.

4      MGA's conclusory arguments also ignore that the Request is facially
5  overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of
6  Civil Procedure do not permit MGA to use broad discovery requests untethered to
7  any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion
8  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
9  See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th
10  Cir. 2004) ("District courts need not condone the use of discovery to engage in
11  'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to
12  Whitaker's knowledge of extremely broad subjects—including ▮▮▮▮▮▮▮▮▮▮
13  ▮▮▮▮▮▮ MGA makes no attempt to link this request with the claims and defenses
14  in this case. For example, Whitaker may have knowledge of MGA's retirement
15  plans, health benefits, OSHA compliance, sexual harassment policies, or any
16  number of subjects regarding business practices at MGA which clearly fall outside
17  the narrow scope required by the Discovery Master. Because MGA has not linked
18  its broad request to any of the numerous and far-ranging allegations of unfair
19  competition set forth in its complaint, the Discovery Master should uphold Mattel's
20  overbreadth objection.

21      The term "RELATING TO … alleged knowledge" as used in the request is
22  likewise overbroad. The universe of documents that could "relate" to Whitaker's
23  knowledge are potentially without limit. The request is not confined to documents
24  in Whitaker's possession or control; rather, all documents containing information
25  that Whitaker coincidentally knows about the subjects at issue are subsumed within
26  this request.

27      MGA complains that Mattel has limited its responses  regarding individuals in
28  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

-1005

1   disclosures." Mattel has produced all information as to these individuals that is
2   relevant or pertinent to this litigation. There is nothing to compel.

3       Quite simply, there is nothing to compel. Mattel has produced responsive,
4   non-privileged documents relating to Whitaker's knowledge of the facts at issue in
5   this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
6   possession, custody or control, if any, that Mattel has been able to locate after a
7   diligent search. and reasonable inquiry.

8   **REQUEST FOR PRODUCTION NO. 376:**

9       All DOCUMENTS REFERRING OR RELATING TO Therese Wilbur's
10  alleged knowledge of "MGA's access to Mattel's intellectual property and trade
11  secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

12  **RESPONSE TO REQUEST NO. 376:**

13      In addition to the general objections stated above which are incorporated
14  herein by reference, Mattel objects to this Request on the grounds that it is
15  overbroad, unduly burdensome and unintelligible, including in that it seeks all
16  documents on this subject without limitation as to time, and regardless of whether
17  such documents relate to products or matters at issue in this case. Mattel further
18  objects to the Request on the grounds that it seeks documents that are not relevant to
19  this action or likely to lead to the discovery of admissible evidence. Mattel further
20  objects to this Request on the grounds that it seeks confidential, proprietary and
21  trade secret information that has no bearing on the claims or defenses in this case.
22  Mattel further objects to this Request on the grounds that it calls for the disclosure
23  of information subject to the attorney-client privilege, the attorney work product
24  doctrine and other applicable privileges.

25  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 376:**

26      In addition to the general objections stated above which are incorporated
27  herein by reference, Mattel objects to this Request on the grounds that it is
28  overbroad, unduly burdensome and unintelligible, including in that it seeks all

1   documents on this subject without limitation as to time, and regardless of whether

2   such documents relate to products or matters at issue in this case.  Mattel further

3   objects to the Request on the grounds that it seeks documents that are not relevant to

4   this action or likely to lead to the discovery of admissible evidence.  Mattel further

5   objects to this Request on the grounds that it seeks confidential, proprietary and

6   trade secret information, including such information that has no bearing on the

7   claims or defenses in this case.  Mattel further objects to this Request on the ground

8   that it calls for the disclosure of information subject to the attorney-client privilege

9   the attorney work-product doctrine and other applicable privileges.

10      Subject to the foregoing objections, Mattel responds as follows: Mattel wild

11   produce responsive, non-privileged documents relating to Therese Wilbur's

12   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

13   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

14   has been able to locate after a diligent search and reasonable inquiry, to the extent

15   not previously produced.

16   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

17   **TO SHOULD BE COMPELLED**

18      Mattel has improperly limited its agreement to produce documents in

19   response to this request, subject to its improper boilerplate objections.  Mattel has

20   refused to confirm whether or not it has produced all non-privileged responsive

21   documents or whether it is withholding documents based on its objections in Phase

22   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

23   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)

24   Generic objections that fail to explain the basis for an objection with specificity are

25   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

26   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

27   'overly burdensome and harassing' are improper – especially when a party fails to

28   submit any evidentiary declarations supporting such objections").  Accordingly,

1 Mattel must be compelled either to certify that it has produced all non-privileged
2 responsive documents or to produce all such documents by a date certain.

3      To the extent that Mattel is relying on its blanket objections, they are not
4 sustainable and do not justify Mattel's failure to produce documents.

5      As to overbreadth, Mattel provides no explanation, let alone the required
6 particularity, as to why this request is supposedly overly broad, nor can it do so.
7 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
8 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
9 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
10 custody, or control concerning Wilbur's alleged knowledge of "MGA's access to
11 Mattel's intellectual property and trade secrets."  This area of information is taken
12 directly from Mattel's allegations regarding Wilbur in its initial disclosures.
13 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
14 p. 19).

15      As to burden, Mattel has not attempted to demonstrate why responding to this
16 request and/or producing responsive documents presents any burden.  This objection
17 must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
18 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
19 unduly burdensome must allege specific facts which indicate the nature and extent
20 of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
21 unduly burdensome, as noted above, in that the request is narrowly tailored to seek
22 only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
23 secrets.  MGA is entitled to discovery on this claim.

24      This request does not seek documents protected by the attorney-client
25 privilege, the attorney work product doctrine, or other applicable privileges.  To the
26 extent that Mattel contends that it does, Mattel must provide a privilege log.

27      This request seeks relevant information.  Mattel identified Wilbur in its initial
28 disclosures an individual with discoverable knowledge regarding "MGA's access to

1    Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's
2    Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 19).  Accordingly, Mattel's
3    initial disclosures demonstrate the relevance of this request.  Further, this
4    information is relevant to, among other things, Mattel's trade secret defense, MGA's
5    claims of trade dress infringement, and MGA's affirmative defenses of statute of
6    limitations and laches.

7         Mattel's objection that the request seeks confidential, proprietary, and trade
8    secret information should be disregarded.  The parties have entered into a protective
9    order in this matter, which governs the handling of confidential business
10   information.  Further, Mattel has put its confidential business information at issue in
11   this litigation, including but not limited to its trade secret misappropriation claim
12   Accordingly, it cannot resist discovery of confidential business information.

13        Finally, Mattel has improperly limited its agreement to produce to "the facts
14   at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
15   the individual is identified as being knowledgeable about certain topics in Mattel's
16   initial disclosures, Mattel's obligation to produce does not end with the facts that it
17   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
18   information from the individual on the topics identified, regardless of whether it
19   supports the facts as alleged by Mattel, MGA, or any other party.  See Order
20   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
21   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
22   MGA might be excluding documents that are responsive to the request based upon
23   its unilateral determination of what is 'relevant' or 'sufficient.'").

24        None of Mattel's improper objections are valid and Mattel is obligated to
25   produce all non-privileged responsive documents in its possession, custody, or
26   control.

27

28

1 | **MATTEL'S RESPONSE:**

2 |     The term "RELATING TO ... alleged knowledge" as used in the request is
3 | likewise overbroad.  The universe of documents that could "relate" to Wilbur's
4 | knowledge are potentially without limit.  The request is not confined to documents
5 | in Wilbur's possession or control; rather, all documents containing information that
6 | Wilbur coincidentally knows about the subjects at issue are subsumed within this
7 | request.

8 |     MGA complains that Mattel has limited its responses  regarding individuals in
9 | Mattel's Initial Disclosures to information "as alleged in Mattel's initial
10 | disclosures."  Mattel has produced all information as to these individuals that is
11 | relevant or pertinent to this litigation.  There is nothing to compel.

12 |     Quite simply, there is nothing to compel.  Mattel has produced responsive,
13 | non-privileged documents relating to Wilbur's knowledge of the facts at issue in this
14 | litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
15 | custody or control, if any, that Mattel has been able to locate after a diligent search.
16 | and reasonable inquiry.

17 | **REQUEST FOR PRODUCTION NO. 377:**

18 |     All DOCUMENTS REFERRING OR RELATING TO Dawn Whitaker's
19 | alleged knowledge of "MGA's access to Mattel's intellectual property and trade
20 | secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
21 | DISCLOSURES.

22 | **RESPONSE TO REQUEST NO. 377:**

23 |     In addition to the general objections stated above which are incorporated
24 | herein by reference, Mattel objects to this Request on the grounds that it is
25 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
26 | documents on this subject without limitation as to time, and regardless of whether
27 | such documents relate to products or matters at issue in this case.  Mattel further
28 | objects to the Request on the grounds that it seeks documents that are not relevant to

1  this action or likely to lead to the discovery of admissible evidence. Mattel further

2  objects to this Request on the grounds that it seeks confidential, proprietary and

3  trade secret information that has no bearing on the claims or defenses in this case.

4  Mattel further objects to this Request on the grounds that it calls for the disclosure

5  of information subject to the attorney-client privilege, the attorney work product

6  doctrine and other applicable privileges.

7  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 377:**

8      In addition to the general objections stated above which are incorporated

9  herein by reference, Mattel objects to this Request on the grounds that it is

10  overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products or matters at issue in this case. Mattel further

13  objects to the Request on the grounds that it seeks documents that are not relevant to

14  this action or likely to lead to the discovery of admissible evidence. Mattel further

15  objects to this Request on the grounds that it calls for documents or information in

16  the possession, custody or control of MGA, including without limitation documents

17  and information that MGA has been compelled by Court orders to produce but has

18  not produced. Mattel further objects to this Request on the grounds that it seeks

19  confidential, proprietary and trade secret information, including such information

20  that has no bearing on the claims or defenses in this case. Mattel further objects to

21  this Request on the grounds that it calls for the disclosure of information subject to

22  the attorney-client privilege, the attorney work product doctrine and other applicable

23  privileges.

24      Subject to the foregoing objections, Mattel responds as follows: Mattel will

25  produce responsive, non-privileged documents relating to Dawn Whitaker's

26  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

27  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

28

1 has been able to locate after a diligent search and reasonable inquiry, to the extent
2 not previously produced.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

5      Mattel has improperly limited its agreement to produce documents in
6 response to this request, subject to its improper boilerplate objections. Mattel has
7 refused to confirm whether or not it has produced all non-privileged responsive
8 documents or whether it is withholding documents based on its objections in Phase
9 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
10 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
11 Generic objections that fail to explain the basis for an objection with specificity are
12 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
13 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
14 'overly burdensome and harassing' are improper – especially when a party fails to
15 submit any evidentiary declarations supporting such objections"). Accordingly,
16 Mattel must be compelled either to certify that it has produced all non-privileged
17 responsive documents or to produce all such documents by a date certain.

18      To the extent that Mattel is relying on its blanket objections, they are not
19 sustainable and do not justify Mattel's failure to produce documents.

20      As to overbreadth, Mattel provides no explanation, let alone the required
21 particularity, as to why this request is supposedly overly broad, nor can it do so.
22 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
23 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
24 contrary, the request is narrowly tailored to seek documents in Mattel's possession,
25 custody, or control concerning Whitaker's alleged knowledge of "MGA's access to
26 Mattel's intellectual property and trade secrets" and "MGA's business practices."
27 This area of information is taken directly from Mattel's allegations regarding

28

1  Whitaker in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated
2  Initial Disclosures, dated Jan. 5, 2007, p. 19).

3       As to burden, Mattel has not attempted to demonstrate why responding to this
4  request and/or producing responsive documents presents any burden.  This objection
5  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
6  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7  unduly burdensome must allege specific facts which indicate the nature and extent
8  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not
9  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
10  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade
11  secrets.  MGA is entitled to discovery on this claim.

12       This request does not seek documents protected by the attorney-client
13  privilege, the attorney work product doctrine, or other applicable privileges.  To the
14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15       This request seeks relevant information.  Mattel identified Whitaker in its
16  initial disclosures an individual with discoverable knowledge regarding "MGA's
17  access to Mattel's intellectual property and trade secrets" and "MGA business
18  practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
19  Jan. 5, 2007, p. 19).  Accordingly, Mattel's initial disclosures demonstrate the
20  relevance of this request.  Further, this information is relevant to, among other
21  things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and
22  MGA's affirmative defenses of statute of limitations and laches.

23       Mattel's objection that the request seeks information within MGA's
24  possession, custody or control is nonsensical and lacks factual support.  Mattel
25  makes no argument, let alone a factual showing, that any documents in MGA's
26  possession are duplicative of documents within Mattel's control.  MGA is entitled to
27  discovery from Mattel of documents within its possession, custody, or control that
28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1 │ relate to the subject of this suit. Mattel cannot avoid this obligation by making a

2 │ conclusory statement that MGA also possesses responsive documents.

3 │      Mattel's objection that the request seeks confidential, proprietary, and trade

4 │ secret information should be disregarded. The parties have entered into a protective

5 │ order in this matter, which governs the handling of confidential business

6 │ information. Further, Mattel has put its confidential business information at issue in

7 │ this litigation, including but not limited to its trade secret misappropriation claim

8 │ Accordingly, it cannot resist discovery of confidential business information.

9 │      Finally, Mattel has improperly limited its agreement to produce to "the facts

10 │ at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

11 │ the individual is identified as being knowledgeable about certain topics in Mattel's

12 │ initial disclosures, Mattel's obligation to produce does not end with the facts that it

13 │ has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

14 │ information from the individual on the topics identified, regardless of whether it

15 │ supports the facts as alleged by Mattel, MGA, or any other party. See Order

16 │ Granting Mattel's Motion to Compel Production of Documents and Interrogatory

17 │ Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

18 │ MGA might be excluding documents that are responsive to the request based upon

19 │ its unilateral determination of what is 'relevant' or 'sufficient.'").

20 │      None of Mattel's improper objections are valid and Mattel is obligated to

21 │ produce all non-privileged responsive documents in its possession, custody, or

22 │ control.

23 │ **MATTEL'S RESPONSE:**

24 │      MGA ignores that (i) Mattel has produced its non-privileged, responsive

25 │ documents, as it agreed to do, and that (ii) most information sought by this request is

26 │ within MGA's possession, custody or control, and is equally if not more readily

27 │ available to MG  Whitaker is an employee of MGA. MGA gives no reason why it

28 │ requests information from Mattel regarding its *own company* and its *own employee*,

1   other than to say that "this area of information is taken directly from Mattel's

2   allegations regarding Whitaker in its initial disclosures." Indeed, it appears that

3   MGA merely cut and paste its request from Mattel's initial disclosures without

4   consideration as to what information Mattel may have that is already within MGA's

5   possession, custody or control.

6        MGA's conclusory arguments also ignore that the Request is facially

7   overbroad. The Discovery Master has previously ruled that "[t]he Federal Rules of

8   Civil Procedure do not permit MGA to use broad discovery requests untethered to

9   any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion

10   for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

11   See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

12   Cir. 2004) ("District courts need not condone the use of discovery to engage in

13   'fishing expeditions.'"). Here, MGA seeks all documents referring or relating to

14   Whitaker's knowledge of extremely broad subjects—including ▮▮▮▮▮▮

15   ▮▮▮▮▮ MGA makes no attempt to link this request with the claims and defenses

16   in this case. For example, Whitaker may have knowledge of MGA's retirement

17   plans, health benefits, OSHA compliance, sexual harassment policies, or any

18   number of subjects regarding business practices at MGA which clearly fall outside

19   the narrow scope required by the Discovery Master. Because MGA has not linked

20   its broad request to any of the numerous and far-ranging allegations of unfair

21   competition set forth in its complaint, the Discovery Master should uphold Mattel's

22   overbreadth objection.

23        The term "RELATING TO ... alleged knowledge" as used in the request is

24   likewise overbroad. The universe of documents that could "relate" to Whitaker's

25   knowledge are potentially without limit. The request is not confined to documents

26   in Whitaker's possession or control; rather, all documents containing information

27   that Whitaker coincidentally knows about the subjects at issue are subsumed within

28   this request.

1    MGA complains that Mattel has limited its responses regarding individuals in
2  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
3  disclosures." Mattel has produced all information as to these individuals that is
4  relevant or pertinent to this litigation. There is nothing to compel.

5    Quite simply, there is nothing to compel. Mattel has produced responsive,
6  non-privileged documents relating to Whitaker's knowledge of the facts at issue in
7  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
8  possession, custody or control, if any, that Mattel has been able to locate after a
9  diligent search. and reasonable inquiry.

10  **REQUEST FOR PRODUCTION NO. 378:**

11    All DOCUMENTS REFERRING OR RELATING TO Jenny M.L. Wong's
12  alleged knowledge of "MGA's access to Mattel's intellectual property and trade
13  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
14  DISCLOSURES.

15  **RESPONSE TO REQUEST NO. 378:**

16    In addition to the general objections stated above which are incorporated
17  herein by reference, Mattel objects to this Request on the grounds that it is
18  overbroad, unduly burdensome and unintelligible, including in that it seeks all
19  documents on this subject without limitation as to time, and regardless of whether
20  such documents relate to products or matters at issue in this case. Mattel further
21  objects to the Request on the grounds that it seeks documents that are not relevant to
22  this action or likely to lead to the discovery of admissible evidence. Mattel further
23  objects to this Request on the grounds that it seeks confidential, proprietary and
24  trade secret information that has no bearing on the claims or defenses in this case.
25  Mattel further objects to this Request on the grounds that it calls for the disclosure
26  of information subject to the attorney-client privilege, the attorney work product
27  doctrine and other applicable privileges.

28

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 378:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Jenny M.L. Wong's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive

1   documents or whether it is withholding documents based on its objections in Phase
2   2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
3   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
4   Generic objections that fail to explain the basis for an objection with specificity are
5   routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
6   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
7   'overly burdensome and harassing' are improper – especially when a party fails to
8   submit any evidentiary declarations supporting such objections"). Accordingly,
9   Mattel must be compelled either to certify that it has produced all non-privileged
10  responsive documents or to produce all such documents by a date certain.

11       To the extent that Mattel is relying on its blanket objections, they are not
12  sustainable and do not justify Mattel's failure to produce documents.

13       As to overbreadth, Mattel provides no explanation, let alone the required
14  particularity, as to why this request is supposedly overly broad, nor can it do so.
15  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
16  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
17  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
18  custody, or control concerning Wong's alleged knowledge of "MGA's access to
19  Mattel's intellectual property and trade secrets" and "MGA's business practices."
20  This area of information is taken directly from Mattel's allegations regarding Wong
21  in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
22  Disclosures, dated Jan. 5, 2007, p. 19).

23       As to burden, Mattel has not attempted to demonstrate why responding to this
24  request and/or producing responsive documents presents any burden. This objection
25  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
26  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
27  unduly burdensome must allege specific facts which indicate the nature and extent
28  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

1   unduly burdensome, as noted above, in that the request is narrowly tailored to seek
2   only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
3   secrets. MGA is entitled to discovery on this claim.

4       This request does not seek documents protected by the attorney-client
5   privilege, the attorney work product doctrine, or other applicable privileges. To the
6   extent that Mattel contends that it does, Mattel must provide a privilege log.

7       This request seeks relevant information. Mattel identified Wong in its initial
8   disclosures an individual with discoverable knowledge regarding "MGA's access to
9   Mattel's intellectual property and trade secrets" and "MGA business practices."
10  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
11  p. 19). Accordingly, Mattel's initial disclosures demonstrate the relevance o this
12  request. Further, this information is relevant to, among other things, Mattel's trade
13  secret defense, MGA's claims of trade dress infringement, and MGA's affirmative
14  defenses of statute of limitations and laches.

15      Mattel's objection that the request seeks information within MGA's
16  possession, custody or control is nonsensical and lacks factual support. Mattel
17  makes no argument, let alone a factual showing, that any documents in MGA's
18  possession are duplicative of documents within Mattel's control. MGA is entitled to
19  discovery from Mattel of documents within its possession, custody, or control that
20  relate to the subject of this suit. Mattel cannot avoid this obligation by making a
21  conclusory statement that MGA also possesses responsive documents.

22      Mattel's objection that the request seeks confidential, proprietary, and trade
23  secret information should be disregarded. The parties have entered into a protective
24  order in this matter, which governs the handling of confidential business
25  information. Further, Mattel has put its confidential business information at issue in
26  this litigation, including but not limited to its trade secret misappropriation claim
27  Accordingly, it cannot resist discovery of confidential business information.

28

1   Finally, Mattel has improperly limited its agreement to produce to "the facts
2   at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
3   the individual is identified as being knowledgeable about certain topics in Mattel's
4   initial disclosures, Mattel's obligation to produce does not end with the facts that it
5   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
6   information from the individual on the topics identified, regardless of whether it
7   supports the facts as alleged by Mattel, MGA, or any other party.  See Order
8   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10  MGA might be excluding documents that are responsive to the request based upon
11  its unilateral determination of what is 'relevant' or 'sufficient.'").

12  None of Mattel's improper objections are valid and Mattel is obligated to
13  produce all non-privileged responsive documents in its possession, custody, or
14  control.

15  **MATTEL'S RESPONSE:**

16  MGA ignores that (i) Mattel has produced its non-privileged, responsive
17  documents, as it agreed to do, and that (ii) most information sought by this request is
18  within MGA's possession, custody or control, and is equally if not more readily
19  available to MG  Wong is an employee of MGA.  MGA gives no reason why it
20  requests information from Mattel regarding its *own company* and its *own employee*,
21  other than to say that "this area of information is taken directly from Mattel's
22  allegations regarding Wong in its initial disclosures."  Indeed, it appears that MGA
23  merely cut and paste its request from Mattel's initial disclosures without
24  consideration as to what information Mattel may have that is already within MGA's
25  possession, custody or control.

26  MGA's conclusory arguments also ignore that the Request is facially
27  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
28  Civil Procedure do not permit MGA to use broad discovery requests untethered to

-1020

1  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
2  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
3  See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9[th]
4  Cir. 2004) ("District courts need not condone the use of discovery to engage in
5  'fishing expeditions.'").  Here, MGA seeks all documents referring or relating to
6  Wong's knowledge of extremely broad subjects—including ███████████████
7  ███████     MGA makes no attempt to link this request with the claims and defenses
8  in this case.  For example, Wong may have knowledge of MGA's retirement plans,
9  health benefits, OSHA compliance, sexual harassment policies, or any number of
10  subjects regarding business practices at MGA which clearly fall outside the narrow
11  scope required by the Discovery Master. Because MGA has not linked its broad
12  request to any of the numerous and far-ranging allegations of unfair competition set
13  forth in its complaint, the Discovery Master should uphold Mattel's overbreadth
14  objection.

15       The term "RELATING TO … alleged knowledge" as used in the request is
16  likewise overbroad.  The universe of documents that could "relate" to Wong's
17  knowledge are potentially without limit.  The request is not confined to documents
18  in Wong's possession or control; rather, all documents containing information that
19  Wong coincidentally knows about the subjects at issue are subsumed within this
20  request.

21       MGA complains that Mattel has limited its responses  regarding individuals in
22  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
23  disclosures."  Mattel has produced all information as to these individuals that is
24  relevant or pertinent to this litigation.  There is nothing to compel.

25       Quite simply, there is nothing to compel. Mattel has produced responsive,
26  non-privileged documents relating to Wong's knowledge of the facts at issue in this
27  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,
28

1  custody or control, if any, that Mattel has been able to locate after a diligent search.
2  and reasonable inquiry.

3  **REQUEST FOR PRODUCTION NO. 379:**

4       All DOCUMENTS REFERRING OR RELATING TO Samuel Wong's
5  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or
6  for MGA during his Mattel employment," as alleged in MATTEL'S INITIAL
7  DISCLOSURES.

8  **RESPONSE TO REQUEST NO. 379:**

9       In addition to the general objections stated above which are incorporated
10  herein by reference, Mattel objects to this Request on the grounds that it is
11  overbroad, unduly burdensome and unintelligible, including in that it seeks all
12  documents on this subject without limitation as to time, and regardless of whether
13  such documents relate to products or matters at issue in this case. Mattel further
14  objects to the Request on the grounds that it seeks documents that are not relevant to
15  this action or likely to lead to the discovery of admissible evidence. Mattel further
16  objects to this Request on the grounds that it seeks confidential, proprietary and
17  trade secret information that has no bearing on the claims or defenses in this case.
18  Mattel further objects to this Request on the grounds that it calls for the disclosure
19  of information subject to the attorney-client privilege, the attorney work product
20  doctrine and other applicable privileges.

21  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 379:**

22       In addition to the general objections stated above which are incorporated
23  herein by reference, Mattel objects to this Request on the grounds that it is
24  overbroad, unduly burdensome and unintelligible, including in that it seeks all
25  documents on this subject without limitation as to time, and regardless of whether
26  such documents relate to products or matters at issue in this case. Mattel further
27  objects to this Request on the grounds that it calls for documents or information in
28  the possession, custody or control of MGA and/or Bryant, including without

-1022-

1  limitation documents and information that MGA and Bryant have been compelled
2  by Court orders to produce but have not produced. Mattel further objects to this
3  Request on the grounds that it seeks confidential, proprietary and trade secret
4  information, including such information that has no bearing on the claims or
5  defenses in this case. Mattel further objects to this Request on the grounds that it
6  calls for the disclosure of information subject to the attorney-client privilege, the
7  attorney work-product doctrine and other applicable privileges.

8         Subject to the foregoing objections, Mattel responds as follows: Mattel will
9  produce responsive, non-privileged documents relating to Samuel Wong's
10 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
11 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
12 has been able to locate after a diligent search and reasonable inquiry, to the extent
13 not previously produced.

14 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
15 **TO SHOULD BE COMPELLED**

16        Mattel has improperly limited its agreement to produce documents in
17 response to this request, subject to its improper boilerplate objections. Mattel has
18 refused to confirm whether or not it has produced all non-privileged responsive
19 documents or whether it is withholding documents based on its objections in Phase
20 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
21 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
22 Generic objections that fail to explain the basis for an objection with specificity are
23 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
24 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
25 'overly burdensome and harassing' are improper – especially when a party fails to
26 submit any evidentiary declarations supporting such objections"). Accordingly,
27 Mattel must be compelled either to certify that it has produced all non-privileged
28 responsive documents or to produce all such documents by a date certain.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1      To the extent that Mattel is relying on its blanket objections, they are not

2 sustainable and do not justify Mattel's failure to produce documents.

3      As to overbreadth, Mattel provides no explanation, let alone the required

4 particularity, as to why this request is supposedly overly broad, nor can it do so.

5 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

6 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

7 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

8 custody, or control concerning Wong's alleged knowledge of "[d]esign and

9 development of Bratz and Bryant's work with or for MGA during his Mattel

10 employment." This area of information is taken directly from Mattel's allegations

11 regarding Wong in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's

12 Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 19).

13      As to burden, Mattel has not attempted to demonstrate why responding to this

14 request and/or producing responsive documents presents any burden. This objection

15 must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

16 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

17 unduly burdensome must allege specific facts which indicate the nature and extent

18 of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

19 unduly burdensome, as noted above, in that the request is narrowly tailored to seek

20 only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

21 secrets. MGA is entitled to discovery on this claim.

22      This request does not seek documents protected by the attorney-client

23 privilege, the attorney work product doctrine, or other applicable privileges. To the

24 extent that Mattel contends that it does, Mattel must provide a privilege log.

25      This request seeks relevant information. Mattel identified Wong in its initial

26 disclosures an individual with discoverable knowledge regarding "[d]esign and

27 development of Bratz and Bryant's work with or for MGA during his Mattel

28 employment." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures,

1  dated Jan. 5, 2007, p. 19). Accordingly, Mattel's initial disclosures demonstrate th

2  relevance of this request. Further, this information is relevant to, among other

3  things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and

4  MGA's affirmative defenses of statute of limitations and laches.

5       Mattel's objection that the request seeks information within MGA's

6  possession, custody or control is nonsensical and lacks factual support. Mattel

7  makes no argument, let alone a factual showing, that any documents in MGA's

8  possession are duplicative of documents within Mattel's control. MGA is entitled to

9  discovery from Mattel of documents within its possession, custody, or control that

10  relate to the subject of this suit. Mattel cannot avoid this obligation by making a

11  conclusory statement that MGA also possesses responsive documents.

12       Mattel's objection that the request seeks confidential, proprietary, and trade

13  secret information should be disregarded. The parties have entered into a protective

14  order in this matter, which governs the handling of confidential business

15  information. Further, Mattel has put its confidential business information at issue in

16  this litigation, including but not limited to its trade secret misappropriation claim

17  Accordingly, it cannot resist discovery of confidential business information.

18       Finally, Mattel has improperly limited its agreement to produce to "the facts

19  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

20  the individual is identified as being knowledgeable about certain topics in Mattel's

21  initial disclosures, Mattel's obligation to produce does not end with the facts that it

22  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

23  information from the individual on the topics identified, regardless of whether it

24  supports the facts as alleged by Mattel, MGA, or any other party. See Order

25  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

26  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

27  MGA might be excluding documents that are responsive to the request based upon

28  its unilateral determination of what is 'relevant' or 'sufficient.'").

1   None of Mattel's improper objections are valid and Mattel is obligated to

2   produce all non-privileged responsive documents in its possession, custody, or

3   control.

4   **MATTEL'S RESPONSE:**

5   MGA ignores that (i) Mattel has produced its non-privileged, responsive

6   documents, as it agreed to do, and that (ii) most information sought by this request is

7   within MGA's possession, custody or control, and is equally if not more readily

8   available to MGA than it is to Mattel.  Wong is an employee of MGA.  MGA gives

9   no reason why it requests information from Mattel regarding its *own company* and

10  its *own employee*, other than to say that "this area of information is taken directly

11  from Mattel's allegations regarding Wong in its initial disclosures."  Indeed, it

12  appears that MGA merely cut and paste its request from Mattel's initial disclosures

13  without consideration as to what information Mattel may have that is already within

14  MGA's possession, custody or control.

15  MGA's request is duplicative of previous requests for which Mattel has

16  produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to

17  produce documents responsive to MGA's First Set of Requests for the Production of

18  Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[209]  Request Nos.

19  180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including

20  his work at Mattel and MGA and the design and development of Bratz.   Request

21  No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring

22  or relating to BRYANT."[210]  On September 11, 2007, Discovery Master Infante

23  granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and

24

25

26  [209]  See MGA's Motion to Compel Mattel to Supplement its Responses and Produce
    Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
27  [210]  See MGA's First Set of Requests for the Production of Documents and
28  Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

1   260.[211]  Pursuant to this order, Mattel produced documents responsive to these

2   requests. Mattel has since confirmed that it has produced responsive, non-privileged

3   documents to these requests in its Third Supplemental Responses to MGA's First

4   Set of Requests for Production.[212]   There is nothing additional to compel and

5   MGA's motion is moot.

6        The term "RELATING TO ... alleged knowledge" as used in the request is

7   likewise overbroad.  The universe of documents that could "relate" to Wong's

8   knowledge are potentially without limit.  The request is not confined to documents

9   in Wong's possession or control; rather, all documents containing information that

10  Wong coincidentally knows about the subjects at issue are subsumed within this

11  request.

12       MGA complains that Mattel has limited its responses  regarding individuals in

13  Mattel's Initial Disclosures to information "as alleged in Mattel's initial

14  disclosures."  Mattel has produced all information as to these individuals that is

15  relevant or pertinent to this litigation.  There is nothing to compel.

16       Quite simply, there is nothing to compel.  Mattel has produced responsive,

17  non-privileged documents relating to Wong's knowledge of the facts at issue in this

18  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

19  custody or control.

20  **REQUEST FOR PRODUCTION NO. 380:**

21       All DOCUMENTS REFERRING OR RELATING TO Tricia Wong's alleged

22  knowledge of "[t]he development and ownership of intellectual property at issue," as

23  alleged in MATTEL'S INITIAL DISCLOSURES.

24

25

26   [211]   See September 12, 2007 Order Granting in Part and Denying in Part MGA's
     Motion to Compel, at 7-10, Dart Decl., Exh. 9.
27   [212]   See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28   for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

**RESPONSE TO REQUEST NO. 380:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 380:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the ground that it calls for the disclosure of information subject to the attorney-client privilege the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Tricia Wong's knowledge

-1028

1   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

2   in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

3   after a diligent search and reasonable inquiry, to the extent not previously produced.

4   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

5   **TO SHOULD BE COMPELLED**

6       Mattel has improperly limited its agreement to produce documents in

7   response to this request, subject to its improper boilerplate objections. Mattel has

8   refused to confirm whether or not it has produced all non-privileged responsive

9   documents or whether it is withholding documents based on its objections in Phase

10  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

11  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)

12  Generic objections that fail to explain the basis for an objection with specificity are

13  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

14  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

15      such as 'overly burdensome and harassing' are improper – especially when a

16  party fails to submit any evidentiary declarations supporting such objections").

17  Accordingly, Mattel must be compelled either to certify that it has produced all non-

18  privileged responsive documents or to produce all such documents by a date certain.

19      To the extent that Mattel is relying on its blanket objections, they are not

20  sustainable and do not justify Mattel's failure to produce documents.

21      As to overbreadth, Mattel provides no explanation, let alone the required

22  particularity, as to why this request is supposedly overly broad, nor can it do so.

23  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

24  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

25  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

26  custody, or control concerning Wong's alleged knowledge of "[t]he development

27  and ownership of intellectual property at issue." This area of information is taken

28  directly from Mattel's allegations regarding Wong in its initial disclosures.

1  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,
2  p. 19).

3       As to burden, Mattel has not attempted to demonstrate why responding to this
4  request and/or producing responsive documents presents any burden. This objection
5  must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173
6  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
7  unduly burdensome must allege specific facts which indicate the nature and extent
8  of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not
9  unduly burdensome, as noted above, in that the request is narrowly tailored to seek
10  only discoverable evidence. Mattel has alleged that MGA misappropriated its trade
11  secrets. MGA is entitled to discovery on this claim.

12       This request does not seek documents protected by the attorney-client
13  privilege, the attorney work product doctrine, or other applicable privileges. To the
14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15       This request seeks relevant information. Mattel identified Wong in its initial
16  disclosures an individual with discoverable knowledge regarding "[t]he
17  development and ownership of intellectual property at issue." Rutowski Decl.
18  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 19).
19  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
20  Further, this information is relevant to, among other things, Mattel's trade secret
21  defense and MGA's claims of trade dress infringement.

22       Mattel's objection that the request seeks confidential, proprietary, and trade
23  secret information should be disregarded. The parties have entered into a protective
24  order in this matter, which governs the handling of confidential business
25  information. Further, Mattel has put its confidential business information at issue in
26  this litigation, including but not limited to its trade secret misappropriation claim
27  Accordingly, it cannot resist discovery of confidential business information.

28

1      Finally, Mattel has improperly limited its agreement to produce to "the facts
2   at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
3   the individual is identified as being knowledgeable about certain topics in Mattel's
4   initial disclosures, Mattel's obligation to produce does not end with the facts that it
5   has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
6   information from the individual on the topics identified, regardless of whether it
7   supports the facts as alleged by Mattel, MGA, or any other party. See Order
8   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10  MGA might be excluding documents that are responsive to the request based upon
11  its unilateral determination of what is 'relevant' or 'sufficient.'").

12      None of Mattel's improper objections are valid and Mattel is obligated to
13  produce all non-privileged responsive documents in its possession, custody, or
14  control.

15  **MATTEL'S RESPONSE:**

16      The term "RELATING TO … alleged knowledge" as used in the request is
17  likewise overbroad. The universe of documents that could "relate" to Wong's
18  knowledge are potentially without limit. The request is not confined to documents
19  in Wong's possession or control; rather, all documents containing information that
20  Wong coincidentally knows about the subjects at issue are subsumed within this
21  request.

22      MGA complains that Mattel has limited its responses regarding individuals in
23  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
24  disclosures." Mattel has produced all information as to these individuals that is
25  relevant or pertinent to this litigation. There is nothing to compel.

26      Quite simply, there is nothing to compel. Mattel has produced responsive,
27  non-privileged documents relating to Wong's knowledge of the facts at issue in this
28  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

-1031-

1  custody or control, if any, that Mattel has been able to locate after a diligent search.

2  and reasonable inquiry.

3  **REQUEST FOR PRODUCTION NO. 381:**

4       All DOCUMENTS in Tricia Wong's possession or control REFERRING OR

5  RELATING TO her alleged knowledge of "[t]he development and ownership of

6  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

7  **RESPONSE TO REQUEST NO. 381:**

8       In addition to the general objections stated above which are incorporated

9  herein by reference, Mattel objects to this Request on the grounds that it is

10  overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products or matters at issue in this case. Mattel further

13  objects to the Request on the grounds that it seeks documents that are not relevant to

14  this action or likely to lead to the discovery of admissible evidence. Mattel further

15  objects to this Request on the grounds that it seeks confidential, proprietary and

16  trade secret information that has no bearing on the claims or defenses in this case.

17  Mattel further objects to this Request on the grounds that it calls for the disclosure

18  of information subject to the attorney-client privilege, the attorney work product

19  doctrine and other applicable privileges.

20  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 381:**

21       In addition to the general objections stated above which are incorporated

22  herein by reference, Mattel objects to this Request on the grounds that it is

23  overbroad, unduly burdensome and unintelligible, including in that it seeks all

24  documents on this subject without limitation as to time, and regardless of whether

25  such documents relate to products or matters at issue in this case. Mattel further

26  objects to the Request on the grounds that it seeks documents that are not relevant to

27  this action or likely to lead to the discovery of admissible evidence. Mattel further

28  objects to this Request on the grounds that it seeks confidential, proprietary and

1  trade secret information, including such information that has no bearing on the
2  claims or defenses in this case. Mattel further objects to this Request on the ground
3  that it calls for the disclosure of information subject to the attorney-client privilege
4  the attorney work-product doctrine and other applicable privileges.

5      Subject to the foregoing objections, Mattel responds as follows: Mattel will
6  produce responsive, non-privileged documents relating to Tricia Wong's knowledge
7  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are
8  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
9  after a diligent search and reasonable inquiry, to the extent not previously produced.

10 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
11 **TO SHOULD BE COMPELLED**

12     Mattel has improperly limited its agreement to produce documents in
13 response to this request, subject to its improper boilerplate objections. Mattel has
14 refused to confirm whether or not it has produced all non-privileged responsive
15 documents or whether it is withholding documents based on its objections in Phase
16 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
17 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
18 Generic objections that fail to explain the basis for an objection with specificity are
19 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
20 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
21 'overly burdensome and harassing' are improper – especially when a party fails to
22 submit any evidentiary declarations supporting such objections"). Accordingly,
23 Mattel must be compelled either to certify that it has produced all non-privileged
24 responsive documents or to produce all such documents by a date certain.

25     To the extent that Mattel is relying on its blanket objections, they are not
26 sustainable and do not justify Mattel's failure to produce documents.

27     As to overbreadth, Mattel provides no explanation, let alone the required
28 particularity, as to why this request is supposedly overly broad, nor can it do so.

1  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

2  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

3  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

4  custody, or control concerning Wong's alleged knowledge of "[t]he development

5  and ownership of intellectual property at issue."  This area of information is taken

6  directly from Mattel's allegations regarding Wong in its initial disclosures.

7  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007,

8  p. 19).

9       As to burden, Mattel has not attempted to demonstrate why responding to this

10  request and/or producing responsive documents presents any burden.  This objection

11  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

12  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

13  unduly burdensome must allege specific facts which indicate the nature and extent

14  of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not

15  unduly burdensome, as noted above, in that the request is narrowly tailored to seek

16  only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade

17  secrets.  MGA is entitled to discovery on this claim.

18       This request does not seek documents protected by the attorney-client

19  privilege, the attorney work product doctrine, or other applicable privileges.  To the

20  extent that Mattel contends that it does, Mattel must provide a privilege log.

21       This request seeks relevant information.  Mattel identified Wong in its initial

22  disclosures an individual with discoverable knowledge regarding "[t]he

23  development and ownership of intellectual property at issue."  Rutowski Decl.

24  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 19).

25  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

26       Further, this information is relevant to, among other things, Mattel's trade

27  secret defense and MGA's claims of trade dress infringement.

28

1   Mattel's objection that the request seeks confidential, proprietary, and trade
2   secret information should be disregarded.  The parties have entered into a protective
3   order in this matter, which governs the handling of confidential business
4   information.  Further, Mattel has put its confidential business information at issue in
5   this litigation, including but not limited to its trade secret misappropriation claim
6   Accordingly, it cannot resist discovery of confidential business information.

7   Finally, Mattel has improperly limited its agreement to produce to "the facts
8   at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that
9   the individual is identified as being knowledgeable about certain topics in Mattel's
10  initial disclosures, Mattel's obligation to produce does not end with the facts that it
11  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
12  information from the individual on the topics identified, regardless of whether it
13  supports the facts as alleged by Mattel, MGA, or any other party.  See Order
14  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
15  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
16  MGA might be excluding documents that are responsive to the request based upon
17  its unilateral determination of what is 'relevant' or 'sufficient.'").

18  None of Mattel's improper objections are valid and Mattel is obligated to
19  produce all non-privileged responsive documents in its possession, custody, or
20  control.

21  **MATTEL'S RESPONSE:**

22  MGA complains that Mattel has limited its responses  regarding individuals in
23  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
24  disclosures."  Mattel has produced all information as to these individuals that is
25  relevant or pertinent to this litigation.  There is nothing to compel.

26  Quite simply, there is nothing to compel.  Mattel has produced responsive,
27  non-privileged documents relating to Wong's knowledge of the facts at issue in this
28  litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession,

1 | custody or control, if any, that Mattel has been able to locate after a diligent search.
2 | and reasonable inquiry.

3 | **REQUEST FOR PRODUCTION NO. 382:**

4 |      All DOCUMENTS REFERRING OR RELATING TO Sandy Yonemoto's
5 | alleged knowledge of "Bryant's misrepresentations to Mattel," as alleged in
6 | MATTEL'S INITIAL DISCLOSURES.

7 | **RESPONSE TO REQUEST NO. 382:**

8 |      In addition to the general objections stated above which are incorporated
9 | herein by reference, Mattel objects to this Request on the grounds that it is
10 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
11 | documents on this subject without limitation as to time, and regardless of whether
12 | such documents relate to products or matters at issue in this case.  Mattel further
13 | objects to the Request on the grounds that it seeks documents that are not relevant to
14 | this action or likely to lead to the discovery of admissible evidence.  Mattel further
15 | objects to this Request on the grounds that it seeks confidential, proprietary and
16 | trade secret information that has no bearing on the claims or defenses in this case.
17 | Mattel further objects to this Request on the grounds that it calls for the disclosure
18 | of information subject to the attorney-client privilege, the attorney work product
19 | doctrine and other applicable privileges.

20 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 382:**

21 |      In addition to the general objections stated above which are incorporated
22 | herein by reference, Mattel objects to this Request on the grounds that it is
23 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
24 | documents on this subject without limitation as to time, and regardless of whether
25 | such documents relate to products or matters at issue in this case.  Mattel further
26 | objects to this.  Request on the grounds that it seeks confidential, proprietary and
27 | trade secret information, including such information that has no bearing on the
28 | claims or defenses in this case.  Mattel further objects to this Request on the ground

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET THREE)

1  that it calls for the disclosure of information subject to the attorney-client privilege

2  the attorney work-product doctrine and other applicable privileges.

3      Subject to the foregoing objections, Mattel responds as follows: Mattel will

4  produce responsive, non-privileged documents relating to Sandy Yonemoto's

5  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7  has been able to locate after a diligent search and reasonable inquiry, to the extent

8  not previously produced.

9  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

10 **TO SHOULD BE COMPELLED**

11     Mattel has improperly limited its agreement to produce documents in

12 response to this request, subject to its improper boilerplate objections.  Mattel has

13 refused to confirm whether or not it has produced all non-privileged responsive

14 documents or whether it is withholding documents based on its objections in Phase

15 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

16 must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c)

17 Generic objections that fail to explain the basis for an objection with specificity are

18 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

19 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

20 'overly burdensome and harassing' are improper – especially when a party fails to

21 submit any evidentiary declarations supporting such objections").  Accordingly,

22 Mattel must be compelled either to certify that it has produced all non-privileged

23 responsive documents or to produce all such documents by a date certain.

24     To the extent that Mattel is relying on its blanket objections, they are not

25 sustainable and do not justify Mattel's failure to produce documents.

26     As to overbreadth, Mattel provides no explanation, let alone the required

27 particularity, as to why this request is supposedly overly broad, nor can it do so.

28 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

-1037

1   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

2   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

3   custody, or control concerning Yonemoto's alleged knowledge of "Bryant's

4   misrepresentations to Mattel." This area of information is taken directly from

5   Mattel's allegations regarding Yonemoto in its initial disclosures. Rutowski Decl.

6   Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 19).

7       As to burden, Mattel has not attempted to demonstrate why responding to this

8   request and/or producing responsive documents presents any burden. This objection

9   must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173

10   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

11   unduly burdensome must allege specific facts which indicate the nature and extent

12   of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not

13   unduly burdensome, as noted above, in that the request is narrowly tailored to seek

14   only discoverable evidence. Mattel has alleged that MGA misappropriated its trade

15   secrets. MGA is entitled to discovery on this claim.

16       This request does not seek documents protected by the attorney-client

17   privilege, the attorney work product doctrine, or other applicable privileges. To the

18   extent that Mattel contends that it does, Mattel must provide a privilege log.

19       This request seeks relevant information. Mattel identified Yonemoto in its

20   initial disclosures an individual with discoverable knowledge regarding "Bryant's

21   misrepresentations to Mattel." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

22   Disclosures, dated Jan. 5, 2007, p. 19). Accordingly, Mattel's initial disclosures

23   demonstrate the relevance of this request. Further, this information is relevant to,

24   among other things, MGA's affirmative defenses of statute of limitations and laches.

25       Mattel's objection that the request seeks confidential, proprietary, and trade

26   secret information should be disregarded. The parties have entered into a protective

27   order in this matter, which governs the handling of confidential business

28   information. Further, Mattel has put its confidential business information at issue in

-1038

1 | this litigation, including but not limited to its trade secret misappropriation claim

2 | Accordingly, it cannot resist discovery of confidential business information.

3 |      Finally, Mattel has improperly limited its agreement to produce to "the facts

4 | at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that

5 | the individual is identified as being knowledgeable about certain topics in Mattel's

6 | initial disclosures, Mattel's obligation to produce does not end with the facts that it

7 | has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

8 | information from the individual on the topics identified, regardless of whether it

9 | supports the facts as alleged by Mattel, MGA, or any other party. <u>See</u> Order

10 | Granting Mattel's Motion to Compel Production of Documents and Interrogatory

11 | Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

12 | MGA might be excluding documents that are responsive to the request based upon

13 | its unilateral determination of what is 'relevant' or 'sufficient.'").

14 |      None of Mattel's improper objections are valid and Mattel is obligated to

15 | produce all non-privileged responsive documents in its possession, custody, or

16 | control.

17 | **MATTEL'S RESPONSE:**

18 |      Mattel has produced all documents responsive to this request. MGA's request

19 | is duplicative of previous requests for which Mattel has produced responsive

20 | documents. On July 3, 2007, MGA moved to compel Mattel to produce documents

21 | responsive to MGA's First Set of Requests for the Production of Documents and

22 | Things in Mattel v. Bryant, Case No. CV04-9059.[213] Request Nos. 180-183, 186-

23 | 187, 258 and 260 sought all documents pertaining to Bryant, including his work at

24 | Mattel and MGA and the design and development of Bratz. Request No. 180, the

25 | broadest request, asked for "all DOCUMENTS mentioning, referring or relating to

26 |

27 | [213] <u>See</u> MGA's Motion to Compel Mattel to Supplement its Responses and Produce

28 | Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.

1   BRYANT."[214]  On September 11, 2007, Discovery Master Infante granted MGA's
2   motion to compel as to Request Nos. 180-183, 186-187, 258 and 260.[215]  Pursuant to
3   this order, Mattel produced documents responsive to these requests. Mattel has since
4   confirmed that it has produced responsive, non-privileged documents to these
5   requests in its Third Supplemental Responses to MGA's First Set of Requests for
6   Production.[216]  There is nothing additional to compel and MGA's motion is moot.

7        The term "RELATING TO ... alleged knowledge" as used in the request is
8   likewise overbroad. The universe of documents that could "relate" to Yonemoto's
9   knowledge are potentially without limit. The request is not confined to documents
10  in Yonemoto's possession or control; rather, all documents containing information
11  that Yonemoto coincidentally knows about the subjects at issue are subsumed within
12  this request.

13       MGA complains that Mattel has limited its responses  regarding individuals in
14  Mattel's Initial Disclosures to information "as alleged in Mattel's initial
15  disclosures." Mattel has produced all information as to these individuals that is
16  relevant or pertinent to this litigation. There is nothing to compel.

17       Quite simply, there is nothing to compel. Mattel has produced responsive,
18  non-privileged documents relating to Yonemoto's knowledge of the facts at issue in
19  this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
20  possession, custody or control.

21

22

23

24

[214]   See MGA's First Set of Requests for the Production of Documents and
25  Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
[215]   See September 12, 2007 Order Granting in Part and Denying in Part MGA's
26  Motion to Compel, at 7-10, Dart Decl., Exh. 9.
27  [216]   See Mattel's Third Supplemental Responses to MGA's First Set of Requests
28  for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.