**REQUEST FOR PRODUCTION NO. 383:**

All DOCUMENTS in Sandy Yonemoto's possession or control REFERRING OR RELATING TO her alleged knowledge of "Bryant's misrepresentations to Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 383:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 383:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the ground that it calls for the disclosure of information subject to the attorney-client privilege the attorney work-product doctrine and other applicable privileges.

1  Subject to the foregoing objections, Mattel responds as follows: Mattel will
2  produce responsive, non-privileged documents relating to Sandy Yonemoto's
3  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
4  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
5  has been able to locate after a diligent search and reasonable inquiry, to the extent
6  not previously produced.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

9  Mattel has improperly limited its agreement to produce documents in
10 response to this request, subject to its improper boilerplate objections. Mattel has
11 refused to confirm whether or not it has produced all non-privileged responsive
12 documents or whether it is withholding documents based on its objections in Phase
13 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
14 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c)
15 Generic objections that fail to explain the basis for an objection with specificity are
16 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
17 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
18 'overly burdensome and harassing' are improper – especially when a party fails to
19 submit any evidentiary declarations supporting such objections"). Accordingly,
20 Mattel must be compelled either to certify that it has produced all non-privileged
21 responsive documents or to produce all such documents by a date certain.

22  To the extent that Mattel is relying on its blanket objections, they are not
23 sustainable and do not justify Mattel's failure to produce documents.

24  As to overbreadth, Mattel provides no explanation, let alone the required
25 particularity, as to why this request is supposedly overly broad, nor can it do so.
26 This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
27 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
28 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

custody, or control concerning Yonemoto's alleged knowledge of "Bryant's misrepresentations to Mattel." This area of information is taken directly from Mattel's allegations regarding Yonemoto in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 19).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. Mattel has alleged that MGA misappropriated its trade secrets. MGA is entitled to discovery on this claim.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

This request seeks relevant information. Mattel identified Yonemoto in its initial disclosures an individual with discoverable knowledge regarding "Bryant's misrepresentations to Mattel." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 19). Accordingly, Mattel's initial disclosures demonstrate the relevance of this request. Further, this information is relevant to, among other things, MGA's affirmative defenses of statute of limitations and laches.

Mattel's objection that the request seeks confidential, proprietary, and trade secret information should be disregarded. The parties have entered into a protective order in this matter, which governs the handling of confidential business information. Further, Mattel has put its confidential business information at issue in this litigation, including but not limited to its trade secret misappropriation claim. Accordingly, it cannot resist discovery of confidential business information.

1  Finally, Mattel has improperly limited its agreement to produce to "the facts
2  at issue in this litigation as alleged in Mattel's Initial Disclosures." While true that
3  the individual is identified as being knowledgeable about certain topics in Mattel's
4  initial disclosures, Mattel's obligation to produce does not end with the facts that it
5  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
6  information from the individual on the topics identified, regardless of whether it
7  supports the facts as alleged by Mattel, MGA, or any other party. See Order
8  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
9  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
10 MGA might be excluding documents that are responsive to the request based upon
11 its unilateral determination of what is 'relevant' or 'sufficient.'").
12 None of Mattel's improper objections are valid and Mattel is obligated to
13 produce all non-privileged responsive documents in its possession, custody, or
14 control.

15 **MATTEL'S RESPONSE:**

16 Mattel has produced all documents responsive to this request. MGA's request
17 is duplicative of previous requests for which Mattel has produced responsive
18 documents. On July 3, 2007, MGA moved to compel Mattel to produce documents
19 responsive to MGA's First Set of Requests for the Production of Documents and
20 Things in Mattel v. Bryant, Case No. CV04-9059.[217] Request Nos. 180-183, 186-
21 187, 258 and 260 sought all documents pertaining to Bryant, including his work at
22 Mattel and MGA and the design and development of Bratz. Request No. 180, the
23 broadest request, asked for "all DOCUMENTS mentioning, referring or relating to
24 BRYANT."[218] On September 11, 2007, Discovery Master Infante granted MGA's

---

[217] See MGA's Motion to Compel Mattel to Supplement its Responses and Produce Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
[218] See MGA's First Set of Requests for the Production of Documents and Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.

1  motion to compel as to Request Nos. 180-183, 186-187, 258 and 260.[219] Pursuant to
2  this order, Mattel produced documents responsive to these requests. Mattel has since
3  confirmed that it has produced responsive, non-privileged documents to these
4  requests in its Third Supplemental Responses to MGA's First Set of Requests for
5  Production.[220]

6      The term "RELATING TO ... alleged knowledge" as used in the request is
7  likewise overbroad. The universe of documents that could "relate" to Yonemoto's
8  knowledge are potentially without limit. All documents containing information that
9  Yonemoto coincidentally knows about the subjects at issue are subsumed within this
10 request.

11     MGA complains that Mattel has limited its responses regarding individuals in
12 Mattel's Initial Disclosures to information "as alleged in Mattel's initial
13 disclosures." Mattel has produced all information as to these individuals that is
14 relevant or pertinent to this litigation. There is nothing to compel.

15     Quite simply, there is nothing to compel. Mattel has produced responsive,
16 non-privileged documents relating to Yonemoto's knowledge of the facts at issue in
17 this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's
18 possession, custody or control.

---

[219] See September 12, 2007 Order Granting in Part and Denying in Part MGA's Motion to Compel, at 7-10, Dart Decl., Exh. 9.
[220] See Mattel's Third Supplemental Responses to MGA's First Set of Requests for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

| | | |
|---|---|---|
| 1 | DATED: October 19, 2009 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| 2 | | |

By /s/ James J. Webster
    James J. Webster
    Attorneys for Mattel, Inc.