1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2     (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100
   Attorneys for Mattel, Inc.

7
                UNITED STATES DISTRICT COURT

8
              CENTRAL DISTRICT OF CALIFORNIA

9

|  |  |
|---|---|
| 10  MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| 11 | |
| 12       Plaintiff, | **DISCOVERY MATTER** |
| 13     vs. | **[To Be Heard By Discovery Master Robert O'Brien]** |
| 14 | |
| 15  MGA ENTERTAINMENT, INC., a California corporation, et. al., | **[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT IN SUPPORT OF MGA PARTIES' MOTION TO COMPEL FURTHER RESPONSES TO MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (9049, SET FIVE)** |
| 16 | |
| 17       Defendants. | |
| 18  AND CONSOLIDATED ACTIONS | |

19

20

21                                          Hearing Date: TBA
                                            Time:         TBA
22                                          Place:        Arent Fox LLP
                                                          555 West Fifth St.
23                                                        48th Floor
                                                          Los Angeles, CA
24                                                        90013
                                            **Phase 2**
25                                          Disc. Cut-off:    Dec. 11, 2009
                                            Pre-trial Conf.:  Mar. 1, 2010
26                                          Trial Date:       Mar. 23, 2010

27

28

1  Plaintiff Mattel, Inc. ("Mattel") submits this Opposition to the Separate
2  Statement in Support of MGA Parties' Motion to Compel Further Responses to
3  MGA's Requests for Production of Documents (9049, Set Five). This Separate
4  Statement covers MGA's Fifth Set of Requests in Case No. CV 04-9059-SGL of the
5  consolidated proceedings, served on August 3, 2007. The requests included in this
6  Separate Statement are Request Nos. 471-474, 476-480, 482, 492-501, and 503-525.

7

8  **REQUEST FOR PRODUCTION NO. 471:**

9  All DOCUMENTS REFERRING OR RELATING TO any claims,
10 threat of litigation and/or litigation that any PERSON has asserted against MATTEL
11 regarding infringement by MY SCENE or DIVA STARZ, including, but not limited
12 to, cease and desist letters.

13 **RESPONSE TO REQUEST NO. 471:**

14 In addition to the general objections stated above which are
15 incorporated herein by reference, Mattel objects to this Request on the grounds that
16 it is overbroad and unduly burdensome, including in that it seeks all documents on
17 this subject without limitation as to time, and regardless of whether such documents
18 relate to products or matters at issue in this case. Mattel further objects to the use of
19 the terms "any claims, threat of litigation and/or litigation" and "regarding
20 infringement" in this context as vague and ambiguous. Mattel further objects to the
21 Request on the grounds that it seeks documents that are not relevant to this action or
22 likely to lead to the discovery of admissible evidence. Mattel further objects to this
23 Request on the grounds that it seeks confidential, proprietary and trade secret
24 information, including such information that has no bearing on the claims or
25 defenses in this case. Mattel further objects to this Request on the grounds that it
26 calls for the disclosure of information subject to the attorney-client privilege, the
27 attorney work-product doctrine and other applicable privileges.

28

**CORRECTED RESPONSE TO REQUEST NO. 471:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the terms "any claims, threat of litigation and/or litigation" and "regarding infringement" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses to produce documents in response to this request, resting on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled

1  either to certify that it has produced all non-privileged responsive documents or to

2  produce all such documents by a date certain.

3         To the extent that Mattel is relying on its blanket objections, they are

4  not sustainable and do not justify Mattel's failure to produce documents.

5         As to overbreadth, Mattel provides no explanation, let alone the

6  required particularity, as to why this request is supposedly overly broad, nor can it

7  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

8  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9  contrary, the request is narrowly tailored to seek documents concerning allegations

10  of infringement related to two specific Mattel products, "My Scene" and "Diva

11  Starz."

12         As to burden, Mattel has not attempted to demonstrate why responding

13  to this request and/or producing responsive documents presents any burden.  This

14  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

15  173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

16  request is unduly burdensome must allege specific facts which indicate the nature

17  and extent of the burden, usually by affidavit or other reliable evidence.")

18  Moreover, it is not unduly burdensome, as noted above, in that the request is

19  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

20  has engaged in a broad variety of unfair trade practices, including modifying their

21  "MY SCENE" dolls to increase their similarity to Bratz.  MGA is entitled to

22  discovery on these claims.

23         This request does not seek documents protected by the attorney-client

24  privilege, the attorney work product doctrine, or other applicable privileges.  To the

25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26         Mattel objects that the request contains confidential, proprietary, or

27  trade secret information.  A Protective Order exists in this case, obviating any

28

-3-

1  concern as to protection of privacy rights and/or commercially sensitive
2  information.

3     Mattel's relevance objection should be overruled, as this request seeks
4  information directly related to MGA's unfair competition claim.  Specifically, MGA
5  alleges that Mattel modified its "MY SCENE" dolls in response to "Bratz."  Any
6  other allegations or complaints of infringement are relevant or highly likely to lead
7  to the discovery of admissible evidence.

8     Mattel's objection that certain common words are vague, ambiguous
9  and incomprehensible is without merit, and the plain meaning of the terms is clear
10  and can be found in any dictionary.  Moreover, their meaning is plain within the
11  context of this litigation.

12     None of Mattel's improper objections are valid and Mattel is obligated
13  to produce all non-privileged responsive documents in its possession, custody, or
14  control.

15  **MATTEL'S RESPONSE:**

16     MGA must establish that its discovery meets the relevance
17  requirements of Rule 26(b)(1).[1]  This Request seeks documents completely
18  irrelevant to this suit.  At issue here is MGA's allegations of copying of Bratz by
19  MY SCENE.  Rather than seeking documents related to these issues, MGA asks for
20  documents related to *other* lawsuits and threatened lawsuits, including suits and
21  threatened suits regarding DIVA STARZ, a product not at issue here.  MGA's only
22  claim of relevance is that "MGA alleges that Mattel modified its "MY SCENE"
23  dolls in response to 'Bratz,'" and thus "any other allegations or complaints of
24  infringement are relevant or highly likely to lead to the discovery of admissible

25  _____

26  [1] See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
28

1  evidence." But it does not explain how the beliefs of third parties that Mattel has

2  infringed their work can have any bearing on whether Mattel has in fact infringed

3  MGA's work. The beliefs of third parties regarding purported rights in their own

4  products are simply irrelevant here. MGA has made no showing how this request is

5  related to the claims and defenses in this case.

6        In order to comply with this Request, Mattel would have to pore

7  through its files for documents relating to each and every cease and desist letter or

8  suit regarding MY SCENE or DIVA STARZ that it has received. The burden here

9  is magnified given that the Request clearly seeks information that is likely to be

10  privileged. MGA specifically asks for not merely publicly filed briefs or

11  declarations, but rather **all** documents relating to litigation or even threats of

12  litigation. This would necessarily include voluminous attorney-client

13  communications and work product documents, including Mattel's communications

14  with its counsel about each new threat and the preparation of an appropriate

15  response. The burden of reviewing and logging each of these privileged documents

16  for periods before MGA's complaint in this lawsuit was filed would be to no

17  purpose, and MGA's request can only have been made to burden and harass Mattel.

18  The burden to gathering such documents would be prohibitive, especially given

19  MGA's complete failure to establish relevance. "A trial court has a duty, of special

20  significance in lengthy and complex cases where the possibility of abuse is always

21  present, to supervise and limit discovery to protect parties and witnesses from

22  annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664

23  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

24  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

25  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous

26  Discovery Master held, a party may not propound document requests as part of a

27

28

1  fishing expedition or to discover new claims.[2]  Rivera v. NIBCO, Inc., 364 F.3d

2  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

3  to engage in 'fishing expeditions.'").

4      Finally, MGA failed to meet and confer at all, much less in good faith,

5  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

6  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

7  the moving party shall first identify each dispute, state the relief sought and identify

8  the authority supporting the requested relief in a meet and confer letter that shall be

9  served on all parties by facsimile or electronic mail. The parties shall have five court

10  days from the date of service of that letter to conduct an in-person conference to

11  attempt to resolve the dispute.").  At no point during the meet and confer process did

12  the parties discuss this Request or Mattel's response to it.[3]  In order to engage in a

13  meaningful meet and confer, MGA had the burden to show the relevance of any

14  requests it sought to move on.[4]  Because MGA refused to even attempt to make this

15  showing, there was no possibility of a good faith meet and confer to resolve the

16  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

17  this Request on that grounds alone.

18  **REQUEST FOR PRODUCTION NO. 472:**

19      All DOCUMENTS REFERRING OR RELATING TO any SIMBA

20  LITIGATION, including, but not limited to, all pleadings, declarations, affidavits,

21  briefs, deposition transcripts, orders or other documents, and any English

---

23  [2]  See Order Granting In Part and Denying In Part Mattel's Motion for
24  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
25  1.
   [3]  See Webster Decl., ¶¶ 6-20.
26  [4]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
   1390794 at *1 (S.D. Cal. May 14, 2009).

28

1 | translations thereof, submitted to the court by MATTEL or SIMBA TOYS in
2 | support of its claims and defenses or any rulings or decisions issued by the court.
3 | **RESPONSE TO REQUEST NO. 472:**
4 | In addition to the general objections stated above which are
5 | incorporated herein by reference, Mattel objects to this Request on the grounds that
6 | it is overbroad and unduly burdensome, including in that it seeks all documents on
7 | this subject without limitation as to time, and regardless of whether such documents
8 | relate to products or matters at issue in this case.  Mattel further objects to the
9 | Request on the grounds that it seeks documents that are not relevant to this action or
10 | likely to lead to the discovery of admissible evidence.  Mattel further objects to this
11 | Request on the grounds that it seeks confidential, proprietary and trade secret
12 | information, including such information that has no bearing on the claims or
13 | defenses in this case.  Mattel further objects to this Request on the grounds that it
14 | calls for the disclosure of information subject to the attorney-client privilege, the
15 | attorney work-product doctrine and other applicable privileges.  Mattel further
16 | objects to the extent the Request seeks documents already produced by Mattel.
17 | Such documents will not be produced again.
18 | **CORRECTED RESPONSE TO REQUEST NO. 472:**
19 | In addition to the general objections stated above which are
20 | incorporated herein by reference, Mattel objects to this Request on the grounds that
21 | it is overbroad and unduly burdensome, including in that it seeks all documents on
22 | this subject without limitation as to time, and regardless of whether such documents
23 | relate to products or matters at issue in this case.  Mattel further objects to the
24 | Request on the grounds that it seeks documents that are not relevant to this action or
25 | likely to lead to the discovery of admissible evidence.  Mattel further objects to this
26 | Request on the grounds that it seeks confidential, proprietary and trade secret
27 | information, including such information that has no bearing on the claims or
28 | defenses in this case.  Mattel further objects to this Request on the grounds that it

1  calls for the disclosure of information subject to the attorney-client privilege, the

2  attorney work-product doctrine and other applicable privileges.  Mattel further

3  objects to the extent the Request seeks documents already produced by Mattel.

4  Such documents will not be produced again.

5  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

6  **TO SHOULD BE COMPELLED**

7          Mattel refuses to produce documents in response to this request, resting

8  on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,

9  "an objection to part of a request must specify the part and permit inspection of the

10  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

11  for an objection with specificity are routinely rejected in the Central District.  See A.

12  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

13  or boilerplate objections such as 'overly burdensome and harassing' are improper –

14  especially when a party fails to submit any evidentiary declarations supporting such

15  objections").  Accordingly, Mattel must be compelled either to certify that it has

16  produced all non-privileged responsive documents or to produce all such documents

17  by a date certain.

18          To the extent that Mattel is relying on its blanket objections, they are

19  not sustainable and do not justify Mattel's failure to produce documents.

20          As to overbreadth, Mattel provides no explanation, let alone the

21  required particularity, as to why this request is supposedly overly broad, nor can it

22  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

23  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

24  contrary, the request is narrowly tailored to seek documents concerning a specific

25  litigation that involved the "My Scene" products that are the subject of Phase 2

26  claims and defenses.

27          As to burden, Mattel has not attempted to demonstrate why responding

28  to this request and/or producing responsive documents presents any burden.  This

1   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

2   173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

3   request is unduly burdensome must allege specific facts which indicate the nature

4   and extent of the burden, usually by affidavit or other reliable evidence.")

5   Moreover, it is not unduly burdensome, as noted above, in that the request is

6   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7   has engaged in a broad variety of unfair trade practices, from serial copying of

8   MGA products, to threatening retailers and suppliers to cease doing business with

9   MGA, to intimidating employees and industry groups in order to prevent MGA from

10  fairly competing.  MGA is entitled to discovery on these claims.

11          This request does not seek documents protected by the attorney-client

12  privilege, the attorney work product doctrine, or other applicable privileges.  To the

13  extent that Mattel contends that it does, Mattel must provide a privilege log.

14          Mattel objects that the request contains confidential, proprietary, or

15  trade secret information.  A Protective Order exists in this case, obviating any

16  concern as to protection of privacy rights and/or commercially sensitive

17  information.

18          Mattel objects that the request is duplicative or subsumed within prior

19  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

20  agree to produce responsive non-privileged documents is not proper based on this

21  objection.

22          The SIMBA LITIGATION involved Mattel's assertion of its rights in

23  the "MY SCENE" products.  Mattel's assertion of intellectual property in "MY

24  SCENE" products, which are at issue in Phase 2, against other parties is highly

25  likely to lead to the discovery of admissible evidence.  This request calls out

26  litigation with a particular party that is likely to have involved many similar issues.

27

28

1    None of Mattel's improper objections are valid and Mattel is obligated

2    to produce all non-privileged responsive documents in its possession, custody, or

3    control.

4    **MATTEL'S RESPONSE:**

5    MGA must establish that its discovery meets the relevance

6    requirements of <u>Rule</u> 26(b)(1).[5] Mattel has already produced all witness statements

7    made by Mattel in the Simba litigation, and this should be sufficient to satisfy

8    MGA's purported needs for documents related to this litigation. Indeed, in Phase 1

9    trial, the Court drew a similar line in determining the relevance of statements made

10   by MGA regarding its rights in Bratz. Mattel was only permitted to introduce

11   statements regarding facts, but not legal arguments or other documents. "If it's a

12   legal conclusion, if it's based on a legal concept, if it's not strictly factual-based, it's

13   going to stay out."[6] MGA has not given any explanation as to why it is entitled to

14   more than this.

15   At a minimum, the Discovery Master should limit the Request to seek

16   only public filings, rather than all documents. The alternative would require Mattel

17   to search for and provide lengthy privilege logs for every communication ever made

18   in connection with that action, and for all work product in counsel's files. MGA

19   specifically asks for not merely publicly filed briefs or declarations, but rather ***all***

20   documents referring or relating to the Simba litigation. The burden of requiring

21   Mattel to search for, review and log each of these privileged documents for periods

22   before MGA's complaint was filed would be to no purpose, and MGA's request can

23   only have been made to burden and harass Mattel. The burden to gathering such

24

25   [5]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

26   bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL

27   1390794 at *1 (S.D. Cal. 2009).
     [6]  Trial Tr. dated July 23, 2008, at 5390:2-4, Dart Decl., Exh. 53.

28

1  documents would be prohibitive.  "A trial court has a duty, of special significance in

2  lengthy and complex cases where the possibility of abuse is always present, to

3  supervise and limit discovery to protect parties and witnesses from annoyance and

4  excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see

5  also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133

6  n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983  WL

7  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master held, a party

8  may not propound document requests as part of a fishing expedition or to discover

9  new claims.[7]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

10  courts need not condone the use of discovery to engage in 'fishing expeditions.'").

11       Finally, MGA failed to meet and confer at all, much less in good faith,

12  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

13  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

14  the moving party shall first identify each dispute, state the relief sought and identify

15  the authority supporting the requested relief in a meet and confer letter that shall be

16  served on all parties by facsimile or electronic mail. The parties shall have five court

17  days from the date of service of that letter to conduct an in-person conference to

18  attempt to resolve the dispute.").  At no point during the meet and confer process did

19  the parties discuss this Request or Mattel's response to it.[8]  In order to engage in a

20  meaningful meet and confer, MGA had the burden to show the relevance of any

21  requests it sought to move on.[9]  Because MGA refused to even attempt to make this

22

23  [7]  See Order Granting In Part and Denying In Part Mattel's Motion for
24  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
25  1.
     [8]  See Webster Decl., ¶¶ 6-20.
26  [9]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. May 14, 2009).
28

1 showing, there was no possibility of a good faith meet and confer to resolve the

2 parties' disputes.  The Discovery Master should deny MGA's motion with respect to

3 this Request on that grounds alone.

4 **REQUEST FOR PRODUCTION NO. 473:**

5          All DOCUMENTS REFERRING OR RELATING TO the creation and

6 development of the "We Believe in Girls" website, found at

7 www.webelieveingirls.com, that also mention BRATZ and/or MGA.

8 **RESPONSE TO REQUEST NO. 473:**

9          In addition to the general objections stated above which are

10 incorporated herein by reference, Mattel objects to this Request on the grounds that

11 it is overbroad and unduly burdensome, including in that it seeks all documents on

12 this subject without limitation as to time, and regardless of whether such documents

13 relate to products or matters at issue in this case.  Mattel further objects to the

14 Request on the grounds that it seeks documents that are not relevant to this action or

15 likely to lead to the discovery of admissible evidence.  Mattel further objects to this

16 Request on the grounds that it seeks confidential, proprietary and trade secret

17 information, including such information that has no bearing on the claims or

18 defenses in this case.  Mattel further objects to this Request on the grounds that it

19 calls for the disclosure of information subject to the attorney-client privilege, the

20 attorney work-product doctrine and other applicable privileges.

21 **CORRECTED RESPONSE TO REQUEST NO. 473:**

22          In addition to the general objections stated above which are

23 incorporated herein by reference, Mattel objects to this Request on the grounds that

24 it is overbroad and unduly burdensome, including in that it seeks all documents on

25 this subject without limitation as to time, and regardless of whether such documents

26 relate to products or matters at issue in this case.  Mattel further objects to the

27 Request on the grounds that it seeks documents that are not relevant to this action or

28 likely to lead to the discovery of admissible evidence.  Mattel further objects to this

1  Request on the grounds that it seeks confidential, proprietary and trade secret
2  information, including such information that has no bearing on the claims or
3  defenses in this case.  Mattel further objects to this Request on the grounds that it
4  calls for the disclosure of information subject to the attorney-client privilege, the
5  attorney work-product doctrine and other applicable privileges.

6  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
7  **TO SHOULD BE COMPELLED**

8         Mattel has not agreed to produce documents in response to this request.
9  Mattel has refused to confirm whether or not it has produced all non-privileged
10  responsive documents or whether it is withholding documents based on its
11  objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to
12  part of a request must specify the part and permit inspection of the rest."  Fed. R.
13  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection
14  with specificity are routinely rejected in the Central District.  See A. Farber and
15  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or
16  boilerplate objections such as 'overly burdensome and harassing' are improper –
17  especially when a party fails to submit any evidentiary declarations supporting such
18  objections").  Accordingly, Mattel must be compelled either to certify that it has
19  produced all non-privileged responsive documents or to produce all such documents
20  by a date certain.

21         To the extent that Mattel is relying on its blanket objections, they are
22  not sustainable and do not justify Mattel's failure to produce documents.

23         As to overbreadth, Mattel provides no explanation, let alone the
24  required particularity, as to why this request is supposedly overly broad, nor can it
25  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
26  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
27  contrary, the request is narrowly tailored to seek documents concerning the creation

28

00505.07975/3121207.4

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FIVE)

1  and development of the "We Believe in Girls" website, *which also mention* "Bratz"

2  or "MGA."

3       As to burden, Mattel has not attempted to demonstrate why responding

4  to this request and/or producing responsive documents presents any burden.  This

5  objection must therefore be rejected.  See <u>Jackson v. Montgomery Ward & Co., Inc.,</u>

6  173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

7  request is unduly burdensome must allege specific facts which indicate the nature

8  and extent of the burden, usually by affidavit or other reliable evidence.")

9  Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11  has engaged in a broad variety of unfair trade practices, including copying of

12  MGA's products, branding and advertising.  Documents related to the "We Believe

13  in Girls" website, *which also mention* "Bratz" or "MGA" relate to these allegations.

14  MGA is entitled to discovery on these claims.

15       This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18       Mattel objects that the request contains confidential, proprietary and

19  trade secret information.  A Protective Order exists in this case, obviating any

20  concern as to protection of privacy rights and/or commercially sensitive

21  information.

22       Mattel also objects to this request on relevance grounds.  MGA has

23  alleged claims of unfair competition based on Mattel's copying of MGA's products,

24  branding and advertising.  As such, documents related to the "We Believe in Girls"

25  website, *which also mention* "Bratz" or "MGA," are highly relevant and likely to

26  lead to the discovery of admissible evidence.

27

28

1    None of Mattel's improper objections are valid and Mattel is obligated

2  to produce all non-privileged responsive documents in its possession, custody, or

3  control.

4  **MATTEL'S RESPONSE:**

5    MGA must establish that its discovery meets the relevance requirements of

6  Rule 26(b)(1).[10]  The sole basis on which MGA claims this Request seeks relevant

7  information is because MGA "alleged claims of unfair competition based on

8  Mattel's copying of MGA's products, branding and advertising."  But nowhere does

9  MGA claim that the website at issue copies any MGA website.  Rather, MGA

10  claims that certain products and certain advertisements were copied.  MGA's sole

11  claim to relevance is therefore without merit, and MGA has made no showing as to

12  how this request is related to the claims and defenses in this case.  "A trial court has

13  a duty, of special significance in lengthy and complex cases where the possibility of

14  abuse is always present, to supervise and limit discovery to protect parties and

15  witnesses from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D.

16  661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World

17  Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v.

18  Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the

19  previous Discovery Master held, a party may not propound document requests as

20  part of a fishing expedition or to discover new claims.[11]  Rivera v. NIBCO, Inc., 364

21  F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of

22  discovery to engage in 'fishing expeditions.'").

23  ───────────────

24  [10]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

25  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
1390794 at *1 (S.D. Cal. 2009).

26  [11]  See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
1.

28

1    There is no basis for overruling Mattel's privilege objection. MGA's

2  bald assertion that "this request does not seek information protected by the attorney-

3  client privilege, the attorney work product doctrine, or other applicable privileges"

4  has no merit. Documents discussing the creation and development of a website

5  could very well be subject to a claim of privilege or work product protection.

6  Moreover, as MGA has itself argued, the parties have agreed that in general "all

7  privileged documents would be logged except for documents created after this

8  action was filed on April 27, 2004."[12] Thus, to the extent privileged documents fall

9  within the post lawsuit time period, they need not be included on Mattel's log.

10    Similarly, MGA states that "Mattel has not attempted to demonstrate

11  why responding to this request and/or producing responsive documents presents any

12  burden." Yet in previous motions MGA has attempted to read Mattel's duty to

13  search for and produce documents far more broadly than required under the Federal

14  Rules, and the Discovery Master has already found MGA's demands to be overly

15  burdensome. See, e.g., Order Denying MGA's Motion to Compel dated April 24,

16  2008 (denies Motion to Compel on all outstanding emails, holding that Mattel has

17  produced all relevant emails and does not need to consult back-up tapes to complete

18  its production). MGA should not be permitted to circumvent prior Orders by

19  seeking to overrule Mattel's objections here.

20    Finally, MGA failed to meet and confer at all, much less in good faith,

21  regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

22  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

23  the moving party shall first identify each dispute, state the relief sought and identify

24  the authority supporting the requested relief in a meet and confer letter that shall be

25  

---

26   [12] See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1 served on all parties by facsimile or electronic mail. The parties shall have five court
2 days from the date of service of that letter to conduct an in-person conference to
3 attempt to resolve the dispute.").   At no point during the meet and confer process
4 did the parties discuss this Request or Mattel's response to it.[13]  In order to engage in
5 a meaningful meet and confer, MGA had the burden to show the relevance of any
6 requests it sought to move on.[14]   Because MGA refused to even attempt to make
7 this showing, there was no possibility of a good faith meet and confer to resolve the
8 parties' disputes.  The Discovery Master should deny MGA's motion with respect to
9 this Request on that grounds alone.

10 **REQUEST FOR PRODUCTION NO. 474:**

11         All DOCUMENTS REFERRING OR RELATING TO the mention of
12 BRATZ and/or MGA on the "We Believe in Girls" website, including, but not
13 limited to, any community bulletin boards.

14 **RESPONSE TO REQUEST NO. 474:**

15         In addition to the general objections stated above which are
16 incorporated herein by reference, Mattel objects to this Request on the grounds that
17 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
18 documents on this subject without limitation as to time, and regardless of whether
19 such documents relate to products or matters at issue in this case.  Mattel further
20 objects to the Request on the grounds that it seeks documents that are not relevant to
21 this action or likely to lead to the discovery of admissible evidence.  Mattel further
22 objects to this Request on the grounds that it seeks confidential, proprietary and
23 trade secret information, including such information that has no bearing on the

24

25     [13]   See Webster Decl., ¶¶ 6-20.
26     [14]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27 bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**CORRECTED RESPONSE TO REQUEST NO. 474:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary

1  declarations supporting such objections").  Accordingly, Mattel must be compelled

2  either to certify that it has produced all non-privileged responsive documents or to

3  produce all such documents by a date certain.

4        To the extent that Mattel is relying on its blanket objections, they are

5  not sustainable and do not justify Mattel's failure to produce documents.

6        As to overbreadth, Mattel provides no explanation, let alone the

7  required particularity, as to why this request is supposedly overly broad, nor can it

8  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

9  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10 contrary, the request is narrowly tailored to seek documents concerning mention of

11 BRATZ and/or MGA on the "We Believe in Girls" website, including its

12 community bulletin boards.

13       As to burden, Mattel has not attempted to demonstrate why responding

14 to this request and/or producing responsive documents presents any burden.  This

15 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

16 173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

17 request is unduly burdensome must allege specific facts which indicate the nature

18 and extent of the burden, usually by affidavit or other reliable evidence.")

19 Moreover, it is not unduly burdensome, as noted above, in that the request is

20 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21 has engaged in a broad variety of unfair trade practices, including serial copying of

22 MGA products, threatening retailers and suppliers to cease doing business with

23 MGA and intimidating industry groups in order to prevent MGA from fairly

24 competing.  Documents related to the "We Believe in Girls" website, *which also*

25 *mention* "Bratz" or "MGA" relate to these allegations.  MGA is entitled to discovery

26 on these claims.

27

28

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel objects that the request contains confidential, proprietary and

5    trade secret information.  A Protective Order exists in this case, obviating any

6    concern as to protection of privacy rights and/or commercially sensitive

7    information.

8    As for relevancy, Mattel has not attempted to demonstrate why the

9    information sought in response to this request is not discoverable in Phase 2.  On the

10   contrary, MGA has alleged that Mattel engaged in a broad variety of unfair trade

11   practices, including serial copying of MGA's product lines and advertising and

12   intimidating industry groups in order to prevent MGA from fairly competing.

13   Documents related to mention of MGA or BRATZ in the We Believe in Girls

14   website are highly relevant to MGA's claims including its unfair competition claim

15   and are discoverable in Phase 2.

16   Finally, Mattel's objection that the request is unintelligible is itself

17   unintelligible.  Mattel offers no explanation of what word or phrase it is unable to

18   understand.  Without an explanation of what part of the request Mattel is unable to

19   understand, the Court should overrule the objection.

20   None of Mattel's improper objections are valid and Mattel is obligated

21   to produce all non-privileged responsive documents in its possession, custody, or

22   control.

23

24

25

26

27

28

1 | **MATTEL'S RESPONSE:**

2 |        MGA must establish that its discovery meets the relevance

3 | requirements of Rule 26(b)(1).[15]  The sole basis on which MGA claims this Request

4 | seeks relevant information is "MGA has alleged that Mattel engaged in a broad

5 | variety of unfair trade practices, including serial copying of MGA's product lines

6 | and advertising and intimidating industry groups in order to prevent MGA from

7 | fairly competing."  But nowhere does MGA claim that the website copies any

8 | MGA website.  Rather, MGA claims that certain products and certain

9 | advertisements were copied.  Even if MGA had made such a claim, it fails to

10 | explain how documents that refer or relate to the mere mention of Bratz or MGA on

11 | that website show copying.  Nor does MGA explain how comments on a website

12 | targeted to consumers—including comments by third parties on community bulletin

13 | boards—have anything to do with alleged intimidation of industry groups.  MGA's

14 | claims to relevance are therefore without merit, and MGA has made no showing as

15 | to how this request is related to the claims and defenses in this case.  "A trial court

16 | has a duty, of special significance in lengthy and complex cases where the

17 | possibility of abuse is always present, to supervise and limit discovery to protect

18 | parties and witnesses from annoyance and excessive expense."  Dolgow v.

19 | Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

20 | American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

21 | Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

22 | (same).  As the previous Discovery Master held, a party may not propound

23 |

24 |

25 |

26 | [15]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27 | bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28 |

1  document requests as part of a fishing expedition or to discover new claims.[16]

2  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

3  not condone the use of discovery to engage in 'fishing expeditions.'").

4         There is no basis for overruling Mattel's privilege objection.  MGA's

5  bald assertion that "this request does not seek information protected by the attorney-

6  client privilege, the attorney work product doctrine, or other applicable privileges"

7  has no merit.  Documents discussing the content of websites could very well be

8  subject to a claim of privilege or work product protection.  Moreover, as MGA has

9  itself argued, the parties have agreed that in general "all privileged documents would

10 be logged except for documents created after this action was filed on April 27,

11 2004."[17]  Thus, to the extent privileged documents fall within the post lawsuit time

12 period, they need not be included on Mattel's log.

13         Similarly, MGA states that "Mattel has not attempted to demonstrate

14 why responding to this request and/or producing responsive documents presents any

15 burden."  Yet in previous motions MGA has attempted to read Mattel's duty to

16 search for and produce documents far more broadly than required under the Federal

17 Rules, and the Discovery Master has already found MGA's demands to be overly

18 burdensome.  See, e.g., Order Denying MGA's Motion to Compel dated April 24,

19 2008 (denies Motion to Compel on all outstanding emails, holding that Mattel has

20 produced all relevant emails and does not need to consult back-up tapes to complete

21 its production).  MGA should not be permitted to circumvent prior Orders by

22 seeking to overrule Mattel's objections here.

23  _____

24  [16]  See Order Granting In Part and Denying In Part Mattel's Motion for
25  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
    1.
26  [17]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.
28

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2    regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4    the moving party shall first identify each dispute, state the relief sought and identify

5    the authority supporting the requested relief in a meet and confer letter that shall be

6    served on all parties by facsimile or electronic mail. The parties shall have five court

7    days from the date of service of that letter to conduct an in-person conference to

8    attempt to resolve the dispute.").   At no point during the meet and confer process

9    did the parties discuss this Request or Mattel's response to it.[18]  In order to engage in

10   a meaningful meet and confer, MGA had the burden to show the relevance of any

11   requests it sought to move on.[19]   Because MGA refused to even attempt to make

12   this showing, there was no possibility of a good faith meet and confer to resolve the

13   parties' disputes.  The Discovery Master should deny MGA's motion with respect to

14   this Request on that grounds alone.

15   **REQUEST FOR PRODUCTION NO. 476:**

16       All DOCUMENTS RELATING TO YOUR efforts, or knowledge of

17   any efforts by any PERSONS, worldwide to monitor, "spy on" or gain knowledge of

18   MGA's trade secrets, non-public information, non-public activities, unreleased

19   products, and product development, including, but not limited to:

20       a.    DOCUMENTS REFERRING OR RELATING TO YOUR

21   COMMUNICATIONS or contacts with MGA's current or former employees or

22   contractors about MGA or its business, including, but not limited to, any tape

23   recordings of such COMMUNICATIONS;

24

25   [18]   See Webster Decl., ¶¶ 6-20.

26   [19]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27   bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1          b.    DOCUMENTS REFERRING OR RELATING TO YOUR use

2 or attempts to use confidential informants, spies, or moles within MGA, including,

3 but not limited to, any tape recordings of MGA employees or contractors;

4          c.    DOCUMENTS REFERRING OR RELATING TO YOUR

5 knowledge of any MGA product before its release to the public or of any other non-

6 public information about MGA, its business or its products;

7          d.    DOCUMENTS REFERRING OR RELATING TO YOUR

8 access, or attempts to gain access, to MGA showrooms, Plan-o-Grams,

9 merchandising displays, Toy Fair displays on false pretenses (including, but not

10 limited to, by using fake business cards);

11         f.    DOCUMENTS REFERRING OR RELATING TO YOUR

12 access to MGA's products or showroom at any Toy Fair (including Hong Kong Toy

13 Fair, New York Toy Fair, Dallas Toy Fair, or Nuremberg Toy Fair);

14         h.    YOUR access to MGA's confidential product and pricing

15 information through "competitive management agreements" or "category

16 management agreements" with retailers; and

17         i.    YOUR access to MGA's confidential product and pricing

18 information from non-public sources and/or through non-public means.

19 **RESPONSE TO REQUEST NO. 476:**

20         In addition to the general objections stated above which are

21 incorporated herein by reference, Mattel objects to this Request on the grounds that

22 it is overbroad, unduly burdensome, compound, and unintelligible, especially given

23 its broad definitions of "MATTEL," "MGA," and "PERSONS," and in that it seeks

24 all documents on this subject without limitation as to time, and regardless of

25 whether such documents relate to products or matters at issue in this case. Mattel

26 further objects to the use of the terms "knowledge of any efforts by any PERSONS,"

27 "monitor, 'spy on' or gain knowledge," "MGA's trade secrets," "non-public

28 information," "non-public activities," "unreleased products," "product

-24-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FIVE)

1  development," "confidential informants, spies, or moles ," "non public information,"

2  "non-public sources ," "non-public means," "on false pretenses," "confidential

3  product and pricing information," and "'competitive management agreements' or

4  'category management agreements,'" in this context as vague, ambiguous, and

5  incomprehensible.  Mattel further objects to the Request on the grounds that it seeks

6  documents that are not relevant to this action or likely to lead to the discovery of

7  admissible evidence.  Mattel further objects to this Request on the grounds that it

8  seeks, in its entirety, confidential, proprietary and trade secret information, including

9  such information that has no bearing on the claims or defenses in this case.  Mattel

10  further objects to this Request on the grounds that it calls for the disclosure of

11  information subject to the attorney-client privilege, the attorney work-product

12  doctrine and other applicable privileges.

13  **CORRECTED RESPONSE TO REQUEST NO. 476:**

14         In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad, unduly burdensome, compound, and unintelligible, especially given

17  its broad definitions of "MATTEL," "MGA," and "PERSONS," and in that it seeks

18  all documents on this subject without limitation as to time, and regardless of

19  whether such documents relate to products or matters at issue in this case.  Mattel

20  further objects to the use of the terms "knowledge of any efforts by any PERSONS,"

21  "monitor, 'spy on' or gain knowledge," "MGA's trade secrets," "non-public

22  information," "non-public activities," "unreleased products," "product

23  development," "confidential informants, spies, or moles ," "non public information,"

24  "non-public sources ," "non-public means," "on false pretenses," "confidential

25  product and pricing information," and "'competitive management agreements' or

26  'category management agreements,'" in this context as vague, ambiguous, and

27  incomprehensible.  Mattel further objects to the Request on the grounds that it seeks

28  documents that are not relevant to this action or likely to lead to the discovery of

1 | admissible evidence.  Mattel further objects to this Request on the grounds that it
2 | seeks, in its entirety, confidential, proprietary and trade secret information, including
3 | such information that has no bearing on the claims or defenses in this case.  Mattel
4 | further objects to this Request on the grounds that it calls for the disclosure of
5 | information subject to the attorney-client privilege, the attorney work-product
6 | doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE
TO SHOULD BE COMPELLED**

Mattel refuses to produce documents in response to this request, based
on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,
"an objection to part of a request must specify the part and permit inspection of the
rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis
for an objection with specificity are routinely rejected in the Central District.  See <u>A.
Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
or boilerplate objections such as 'overly burdensome and harassing' are improper –
especially when a party fails to submit any evidentiary declarations supporting such
objections").  Accordingly, Mattel must be compelled either to certify that it has
produced all non-privileged responsive documents or to produce all such documents
by a date certain.

To the extent that Mattel is relying on its blanket objections, they are
not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the
required particularity, as to why this request is supposedly overly broad, nor can it
do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
contrary, the request is narrowly tailored to seek documents concerning any efforts
by Mattel to gain MGA's trade secret or confidential product and pricing
information.

1    As to burden, Mattel has not attempted to demonstrate why responding
2    to this request and/or producing responsive documents presents any burden.  This
3    objection must therefore be rejected.  <u>See</u> Jackson v. Montgomery Ward & Co., Inc.,
4    173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery
5    request is unduly burdensome must allege specific facts which indicate the nature
6    and extent of the burden, usually by affidavit or other reliable evidence.")

7    Moreover, it is not unduly burdensome, as noted above, in that the
8    request is narrowly tailored to seek only discoverable evidence.  MGA has alleged
9    that Mattel has engaged in a broad variety of unfair trade practices, from serial
10   copying of MGA products, to threatening retailers and suppliers to cease doing
11   business with MGA, to intimidating employees and industry groups in order to
12   prevent MGA from fairly competing.  MGA has also alleged that Mattel engaged in
13   acts amounting to unclean hands, which bars Mattel's affirmative claims.  Mattel's
14   actions to try to get MGA's trade secret or confidential information is relevant to
15   both aspects of MGA's claims.  And MGA is entitled to discovery on this issue

16   This request does not seek documents protected by the attorney-client
17   privilege, the attorney work product doctrine, or other applicable privileges.  To the
18   extent that Mattel contends that it does, Mattel must provide a privilege log.

19   Mattel objects that the request contains confidential, proprietary, or
20   trade secret information.  A Protective Order exists in this case, obviating any
21   concern as to protection of privacy rights and/or commercially sensitive
22   information.

23   Mattel's objection that the request is unintelligible and that certain
24   common words are vague, ambiguous and incomprehensible is without merit, and
25   the plain meaning of the terms is clear and can be found in any dictionary.  Further,
26   the meaning of these terms is clear in the context of this litigation.

27   Finally, Mattel's objection that the request is compound should be
28   disregarded.  First, the request is limited to one specific topic – Mattel's attempts to

1   gain MGA's confidential or trade secret information.  Second, there is not numerical

2   limit to the number of requests for production (unlike interrogatories) so there is no

3   basis for an objection that a request is compound.

4   None of Mattel's improper objections are valid and Mattel is obligated

5   to produce all non-privileged responsive documents in its possession, custody, or

6   control.

7   **MATTEL'S RESPONSE:**

8   Mattel's relevance objection should be sustained.  MGA bears the

9   burden of showing that its discovery meets the relevance requirements of Rule

10  26(b)(1).[20]  MGA has failed to make this showing.  MGA makes the conclusory

11  assertion that it "has alleged that Mattel has engaged in a broad variety of unfair

12  trade practices, from serial copying of MGA products, to threatening retailers and

13  suppliers to cease doing business with MGA, to intimidating employees and

14  industry groups in order to prevent MGA from fairly competing." But it does not

15  even attempt to explain how the documents sought--including, for example,

16  documents regarding pricing information--are relevant to these allegations.  MGA

17  does not allege a misappropriation of trade secret claim and has never alleged that

18  Mattel's purported copying of MGA's products was the result of theft of confidential

19  information.  Indeed, MGA's trade dress and unfair competition claims are based on

20  the premise that the aspects of MGA products that were alleged copied are so public

21  that they have obtained a secondary meaning in the marketplace and serve to

22  identify MGA, and that consumers are confused by the similarities between the

23  products.  Nor is the subject matter of the Request limited to any product at issue in

24

25

---

26  [20]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. 2009).

28

1   MGA's complaint, but rather encompasses information about potentially thousands

2   of products that are not at issue in this lawsuit

3           MGA also argues that the discovery is relevant because "MGA has also

4   alleged that Mattel engaged in acts amounting to unclean hands, which bars Mattel's

5   affirmative claims."  However, as the Discovery Master has recognized, "unclean

6   hands does not constitute 'misconduct in the abstract, unrelated to the claim to which

7   it is asserted as a defense.'"[21]   Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304

8   F.3d 829, 841 (9th Cir. 2002).  "It is fundamental to [the] operation of the doctrine

9   that the alleged misconduct … relate directly to the transaction concerning which

10  the complaint is made."  Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165,

11  173 (9th Cir. 1989).  Accordingly, courts will not allow discovery based on an

12  unclean hands defense where the "allegations of misconduct do not relate to the

13  transactions … forming the basis for the complaint."  Gen-Probe, Inc. v. Amoco

14  Corp., 926 F. Supp. 948, 952 (S.D. Cal. 1996).  Here, MGA does not even attempt

15  to link any of the seven subparts of this Request—which include communications

16  with any current or former MGA employee about MGA or its business, documents

17  relating to any "non-public" information about MGA, its business or products and

18  "access" to MGA's merchandising displays and plan-o-grams—to any of Mattel's

19  claims in Phase 2, and therefore has made no showing how his expansive request is

20  related to the claims and defenses in this case.[22]  "A trial court has a duty, of special

21  significance in lengthy and complex cases where the possibility of abuse is always

22  present, to supervise and limit discovery to protect parties and witnesses from

23  annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664

24  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

25

26   [21]   See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl.,
27   Exh. 7.
         [22]   Id., at 24.

28

1  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

2  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

3  Discovery Master has held, a party may not propound document requests as part of a

4  fishing expedition or to discover new claims.[23]  Rivera v. NIBCO, Inc., 364 F.3d

5  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

6  to engage in 'fishing expeditions.'").

7              Further, to the extent this Request is intelligible at all, it is hopelessly

8  overbroad.  As set forth above, the Request seeks all manner of information

9  regarding potentially thousands of products at that are not at issue in this lawsuit.  In

10  addition, the Request covers all communications involving any current or former

11  Mattel employee whoever worked at MGA regarding any aspect of MGA or its

12  business.  As set forth below, Mattel routinely conducts voluminous internal

13  marketing and sales research on Mattel products and competing products, including

14  products from MGA.  This Request would include any internal Mattel

15  communication  involving any current or former employee who ever worked at

16  MGA regarding such research or, for that matter, any communication involving any

17  such individual that even mentions MGA, Bratz or anyone one of its hundreds of

18  other products, including products that have nothing whatsoever to do with this

19  lawsuit.  Even if the Request were limited to "non-public" information and

20  activities--and it is not---it would still be grossly overbroad and untethered to any

21  product or issue in this lawsuit.  Similarly, MGA's request for documents referring

22  or relating to "access" to MGA's merchandising displays and plan-o-grams is so

23  broad that it includes documents referring to public merchandising displays and

24  plan-o-grams for any MGA product at any retail store.  The Request also seeks

25

26  [23]  See Order Granting In Part and Denying In Part Mattel's Motion for
27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
    1.
28

1  documents referring or relating to access to information through "competitive

2  management agreements" or "category management agreements."  However,

3  "competitive management agreements" or "category management agreements" are

4  standard in the industry; MGA has made no allegation there is anything improper

5  about having access to information through such agreements.

6       The Request also has no limitation as to time and, to the extent

7  documents regarding events that post-date the filing of MGA's Complaint on April

8  13, 2005, is improper.  MGA has previously taken the position that discovery

9  regarding events that post-dating the filing of the Complaint are not relevant.  See

10  MGA Parties' Reply In Support of Their Motion to Quash Receiver Subpoenas

11  Issued by Mattel, dated February 13, 2009, at 7 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.").[24]  The Discovery

14  Master credited this argument in denying Mattel its requested discovery, ruling that

15  Mattel's requests were not reasonably calculated to lead to the discovery of

16  admissible evidence regarding Mattel's RICO counterclaim because the "RICO

17  counterclaim (like the other counterclaims to be adjudicated in Phase 2) was

18  asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or

19  Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,

20  dated March 10, 2009, at 18.[25]  Having successfully argued that documents related

21  to events post-dating allegations in the pleadings are not discoverable, MGA should

22  not be permitted to argue otherwise now in connection with its own requests for

23  discovery that purportedly supports its unfair competition claims.

24       Further, the Reques is unduly burdensome.  Rule 26(b)(2)(c) provides

25  that a Court should limit the extent of discovery if it determines that the burden of

26

27    [24]  Dart Decl., Exh. 6.

28

1   the proposed discovery outweighs its likely benefit; the discovery sought is

2   unreasonably cumulative or duplicative, or is obtainable from some other source that

3   is more convenient, less burdensome, or less expensive; or the party seeking

4   discovery has had ample opportunity by discovery in the action to obtain the

5   information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

6   producing the documents responsive to this overbroad Request would greatly

7   outweigh any marginal benefit to MGA.



25   Dart Decl., Exh. 7.
26   See Pantel Dec. at ¶ 9, Dart Decl., Exh. 31.
27   Id. ¶ 10.
28   Id.

-32-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FIVE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  [29] <u>See</u> Pantel Dec. at ¶ 7, Dart Decl., Exh. 31.

26  [30] Pantel Dec. ¶ 10, Dart Decl., Exh. 31.

27  [31] P. Moore Dec. ¶ 5, Dart Decl., Exh. 32.

28  [32] <u>Id.</u>

1

2

3

4

5

6

7

8

9

10

11

12



13    The burden and expense described above is multiplied several times

14 further if Mattel were required to search the files for information about a particular

15 product in the possession of its worldwide subsidiaries.[35]  The burden of searching

16 for such documents from all of these employees is incalculable.[36]

17    The Request is also compound and incomprehensible.  It has seven

18 subparts, and uses  a string of vague and ambiguous terms such as "monitor, 'spy

19 upon' or gain knowledge," "on false pretenses" "confidential informants, spies, or

20 moles," and "knowledge of any efforts by any PERSONS," as well terms such as

21 "non-public information," "non-public activities," "confidential product and pricing

22 information" and "'competitive management agreements' or 'category management

23 agreements'" that are vague and ambiguous in this context.  MGA's argument that it

24

25    [33]  Id.

26    [34]  Pantel Dec. ¶ 11, Dart Decl., Exh. 31.

27    [35]  Id. ¶ 12, P. Moore Dec. ¶ 7, Dart Decl., Exh. 32.
       [36]  Id. ¶ 12, P. Moore Dec. ¶ 7, Dart Decl., Exh. 32.

28

1   should be permitted to serve such confusing, compound Requests because "there is

2   not a numerical limit to the number of requests for production (unlike

3   interrogatories)" actually supports denying this Request.  Because there is no

4   numerical limit to requests for production, there is no reason to serve such a

5   compound, confusing Request.  If MGA seeks relevant discovery, it should issue

6   straight-forward Requests that clearly seek such information.

7          There is no basis for overruling Mattel's privilege objection.  MGA's

8   bald assertion that "[t]his request does not seek information protected by the

9   attorney-client privilege, the attorney work product doctrine, or other applicable

10  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

11  agreed that in general "all privileged documents would be logged except for

12  documents created after this action was filed on April 27, 2004."[37]  Although it bears

13  the burden of showing why this agreement should not be applied to a given Request,

14  MGA fails to do so.  Thus, to the extent  privileged documents fall within the post

15  lawsuit time period, they need not be included on Mattel's log.

16         Finally, MGA failed to meet and confer at all, much less in good faith,

17  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

18  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

19  the moving party shall first identify each dispute, state the relief sought and identify

20  the authority supporting the requested relief in a meet and confer letter that shall be

21  served on all parties by facsimile or electronic mail. The parties shall have five court

22  days from the date of service of that letter to conduct an in-person conference to

23  attempt to resolve the dispute.").  In order to engage in a meaningful meet and

24  confer, MGA had the burden to show the relevance of any requests it sought to

25

26  [37]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1  move on.[38]   At no point during the meet and confer process did MGA show why

2  this Request could be considered relevant to Phase 2 issues.[39]   Because MGA

3  refused to even attempt to make this showing, there was no possibility of a good

4  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

5  deny MGA's motion with respect to this Request on that grounds alone.

6

7

8

9

10  **REQUEST FOR PRODUCTION NO. 477:**

11        All COMMUNICATIONS between YOU and any recruiting agency or

12  service including, but not limited to, Gregory Michaels & Associates, that REFER

13  OR RELATE TO recruiting or contacting any MGA employee to work for YOU.

**RESPONSE TO REQUEST NO. 477:**

14        In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad and unduly burdensome, including in that it seeks all documents on

17  this subject without limitation as to time, and regardless of whether such documents

18  relate to products or matters at issue in this case.  Mattel further objects to the use of

19  the term "recruiting agency or service" in this context as vague and ambiguous.

20  Mattel further objects to the Request on the grounds that it seeks documents that are

21  not relevant to this action or likely to lead to the discovery of admissible evidence.

22  Mattel further objects to this Request on the grounds that it seeks confidential,

23  proprietary and trade secret information, including such information that has no

24

25

26  [38]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  bearing on the claims or defenses in this case.  Mattel further objects to this Request

2  on the grounds that it calls for the disclosure of information subject to the attorney-

3  client privilege, the attorney work-product doctrine and other applicable privileges.

4  **CORRECTED RESPONSE TO REQUEST NO. 477:**

5      In addition to the general objections stated above which are

6  incorporated herein by reference, Mattel objects to this Request on the grounds that

7  it is overbroad and unduly burdensome, including in that it seeks all documents on

8  this subject without limitation as to time, and regardless of whether such documents

9  relate to products or matters at issue in this case.  Mattel further objects to the use of

10  the term "recruiting agency or service" in this context as vague and ambiguous.

11      Mattel further objects to the Request on the grounds that it seeks

12  documents that are not relevant to this action or likely to lead to the discovery of

13  admissible evidence.  Mattel further objects to this Request on the grounds that it

14  seeks confidential, proprietary and trade secret information, including such

15  information that has no bearing on the claims or defenses in this case.  Mattel further

16  objects to this Request on the grounds that it calls for the disclosure of information

17  subject to the attorney-client privilege, the attorney work-product doctrine and other

18  applicable privileges.

19  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

20  **TO SHOULD BE COMPELLED**

21      Mattel has not agreed to produce documents in response to this request,

22  based on its improper boilerplate objections.  Mattel has refused to confirm whether

23  or not it has produced all non-privileged responsive documents or whether it is

24  withholding documents based on its objections in Phase 2.  Under the Federal Rules

25  of Civil Procedure, "an objection to part of a request must specify the part and

26  ──────────

27  [39]  See Webster Decl., ¶¶ 6-20.

28

permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so.

This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning communications between Mattel and any recruiting agency or service relating recruiting or contacting MGA employees to work for Mattel.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA alleges that Mattel has engaged in various acts of unfair competition and unclean hands, including attempts

-38-

1  to gather MGA's confidential or trade secret information.  MGA is entitled to

2  discovery about Mattel's recruiting practices to support is claims.

3          Mattel's relevance objection should be similarly dismissed.  This

4  request seeks information relating to MGA's claims that Mattel attempts to recruit

5  MGA employees in order to gain access to MGA's confidential or trade secret

6  information.  Mattel's relationships with recruiting agencies will provide such

7  information and will lead to further admissible evidence.

8          Mattel's objection that certain common words are vague and ambiguous

9  is without merit.  The term "recruiting agency or service" is a commonly used and

10  plainly worded term referring to services hired by employers for the purpose of

11  recruiting potential employees, and is in no way vague or ambiguous.

12          Mattel objects that the request contains confidential, proprietary and

13  trade secret information.  A Protective Order exists in this case, obviating any

14  concern as to protection of privacy rights and/or commercially sensitive

15  information.

16          This request does not seek information protected by the attorney-client

17  privilege, the attorney work product doctrine, or other applicable privileges.  To the

18  extent that Mattel contends that it does, Mattel must provide a privilege log.

19          None of Mattel's improper objections are valid and Mattel is obligated

20  to produce all non-privileged responsive documents in its possession, custody, or

21  control.

22  **MATTEL'S RESPONSE:**

23          Mattel's relevance objection should be sustained.  MGA bears the

24  burden of showing that its discovery meets the relevance requirements of <u>Rule</u>

25

26

27

28

1  26(b)(1).[40]  MGA has failed to make this showing.  MGA's only claim of relevance

2  is that the Request "seeks information relating to MGA's claims that Mattel attempts

3  to recruit MGA employees in order to gain access to MGA's confidential or trade

4  secret information."  But MGA makes no such claim in its Complaint.  MGA has

5  therefore made no showing how this request is related to the claims and defenses in

6  this case.  As the previous Discovery Master has held, a party may not propound

7  document requests as part of a fishing expedition or to discover new claims.[41]

8  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

9  not condone the use of discovery to engage in 'fishing expeditions.'").

10       Further, this Request is overbroad.  A request for *all* communications--

11  even unsolicited ones--between Mattel and any "recruiting agency or service" that

12  refer or relate to the potential employment **any** MGA employee to work for Mattel

13  is not narrowly tailored to any Phase 2 claims or defenses.  As phrased, this Request

14  seeks documents relating to virtually any communication with a recruiting agency

15  regarding any person who happens to work for MGA without any limitation as to

16  position or job duties.  The Request also has no limitation as to time and, to the

17  extent it seeks documents regarding communications that post-date the filing of

18  MGA's Complaint on April 13, 2005 is improper.  MGA has previously taken the

19  position that discovery regarding events that post-dating the filing of the Complaint

20  are not relevant.  See MGA Parties' Reply In Support of Their Motion to Quash

21  Receiver Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing ██

22  ████████████████████████████████████████████████

23  ────────────────────

24  [40]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

25  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

26  [41]  See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

28

1 ██████████████████████████████████████████████

2 ██ .").[42] The Discovery Master credited this argument in denying Mattel its

3 requested discovery, ruling that Mattel's requests were not reasonably calculated to

4 lead to the discovery of admissible evidence regarding Mattel's RICO counterclaim

5 because the "RICO counterclaim (like the other counterclaims to be adjudicated in

6 Phase 2) was asserted in July, 2007 – more than a year before either Omni 808

7 Investors, LLC or Vision Capital, LLC came into existence . . . ." Discovery Matter

8 Order No. 3, dated March 10, 2009, at 18.[43] MGA offers no reason, nor could it

9 consistent with judicial estoppel, why documents post-dating the filing of claims

10 which do not allege continuing wrongdoing are relevant to those claims. MGA

11 should not be permitted to argue otherwise now in connection with its own requests

12 for discovery that purportedly supports its unfair competition claims.

13        Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides

14 that a Court should limit the extent of discovery if it determines that the burden of

15 the proposed discovery outweighs its likely benefit; the discovery sought is

16 unreasonably cumulative or duplicative, or is obtainable from some other source that

17 is more convenient, less burdensome, or less expensive; or the party seeking

18 discovery has had ample opportunity by discovery in the action to obtain the

19 information sought. See Fed. R. Civ. P. 26(b)(2)(c). Here, Mattel would be

20 required to search for every communication with a "recruiting agency or service"--

21 including unsolicited communications offering the services of individuals for

22 positions Mattel may not even have been looking to fill--to determine whether there

23 is any mention of a person who happened to work for MGA. The burden to

24 gathering such documents would be prohibitive, especially given MGA's complete

25 failure to establish the relevance of such documents. "A trial court has a duty, of

26

27   [42]  Dart Decl., Exh. 6.

28

special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).

There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that in general "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[44] Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so. Thus, to the extent  privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").  In order to engage in a meaningful meet and

---

[43]   Dart Decl., Exh. 7.
[44]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1  confer, MGA had the burden to show the relevance of any requests it sought to

2  move on.[45]  At no point during the meet and confer process did MGA show why

3  this Request could be considered relevant to Phase 2 issues.[46]  Because MGA

4  refused to even attempt to make this showing, there was no possibility of a good

5  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

6  deny MGA's motion with respect to this Request on that grounds alone.

7  **REQUEST FOR PRODUCTION NO. 478:**

8          All DOCUMENTS REFERRING OR RELATING to any use or

9  contemplated use by YOU of any recruiting agency or service including, but not

10  limited to Gregory Michaels & Associates to contact or recruit any MGA employee

11  to work for YOU.

12  **RESPONSE TO REQUEST NO. 478:**

13          In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is overbroad and unduly burdensome, including in that it seeks all documents on

16  this subject without limitation as to time, and regardless of whether such documents

17  relate to products or matters at issue in this case.  Mattel further objects to the use of

18  the term "recruiting agency or service" in this context as vague and ambiguous.

19  Mattel further objects to the Request on the grounds that it seeks documents that are

20  not relevant to this action or likely to lead to the discovery of admissible evidence.

21  Mattel further objects to this Request on the grounds that it seeks confidential,

22  proprietary and trade secret information, including such information that has no

23  bearing on the claims or defenses in this case.  Mattel further objects to this Request

24

25  [45]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

26  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

27  1390794 at *1 (S.D. Cal. May 14, 2009).

    [46]  See Webster Decl., ¶¶ 6-20.

28

1  on the grounds that it calls for the disclosure of information subject to the attorney-

2  client privilege, the attorney work-product doctrine and other applicable privileges.

3  **CORRECTED RESPONSE TO REQUEST NO. 478:**

4  In addition to the general objections stated above which are

5  incorporated herein by reference, Mattel objects to this Request on the grounds that

6  it is overbroad and unduly burdensome, including in that it seeks all documents on

7  this subject without limitation as to time, and regardless of whether such documents

8  relate to products or matters at issue in this case.  Mattel further objects to the use of

9  the term "recruiting agency or service" in this context as vague and ambiguous.

10 Mattel further objects to the Request on the grounds that it seeks documents that are

11 not relevant to this action or likely to lead to the discovery of admissible evidence.

12 Mattel further objects to this Request on the grounds that it seeks confidential,

13 proprietary and trade secret information, including such information that has no

14 bearing on the claims or defenses in this case.  Mattel further objects to this Request

15 on the grounds that it calls for the disclosure of information subject to the attorney-

16 client privilege, the attorney work-product doctrine and other applicable privileges.

17 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

18 **TO SHOULD BE COMPELLED**

19 Mattel has not agreed to produce documents in response to this request,

20 based on its improper boilerplate objections.  Mattel has refused to confirm whether

21 or not it has produced all non-privileged responsive documents or whether it is

22 withholding documents based on its objections in Phase 2.  Under the Federal Rules

23 of Civil Procedure, "an objection to part of a request must specify the part and

24 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

25 fail to explain the basis for an objection with specificity are routinely rejected in the

26 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

27 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

28 harassing' are improper – especially when a party fails to submit any evidentiary

declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's actual or contemplated use of any recruiting agency or service to contact or recruit MGA employees to work for Mattel.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA alleges that Mattel has engaged in various acts of unfair competition and unclean hands, including attempts to gather MGA's confidential or trade secret information.  MGA is entitled to discovery about Mattel's recruiting practices to support is claims.

Mattel's relevance objection should be similarly dismissed.  This request seeks information relating to MGA's claims that Mattel attempts to recruit MGA employees in order to gain access to MGA's confidential or trade secret information.  Mattel's relationships with recruiting agencies will provide such information and will lead to further admissible evidence.

1         Mattel's objection that certain common words are vague and ambiguous

2  is without merit.  The term "recruiting agency or service" is a commonly used and

3  plainly worded term referring to services hired by employers for the purpose of

4  recruiting potential employees, and is in no way vague or ambiguous.

5         Mattel objects that the request contains confidential, proprietary and

6  trade secret information.  A Protective Order exists in this case, obviating any

7  concern as to protection of privacy rights and/or commercially sensitive

8  information.

9         This request does not seek documents protected by the attorney-client

10  privilege, the attorney work product doctrine, or other applicable privileges.  To the

11  extent that Mattel contends that it does, Mattel must provide a privilege log.

12         None of Mattel's improper objections are valid and Mattel is obligated

13  to produce all non-privileged responsive documents in its possession, custody, or

14  control.

15  **MATTEL'S RESPONSE:**

16         Mattel's relevance objection should be sustained.  MGA bears the

17  burden of showing that its discovery meets the relevance requirements of <u>Rule</u>

18  <u>26(b)(1)</u>.[47]  MGA has failed to make this showing.  MGA's only claim of relevance

19  is that the Request "seeks information relating to MGA's claims that Mattel attempts

20  to recruit MGA employees in order to gain access to MGA's confidential or trade

21  secret information."  But MGA makes no such claim in its Complaint.  MGA has

22  therefore made no showing how this request is related to the claims and defenses in

23  this case.  As the previous Discovery Master has held, a party may not propound

24

25

---

26    [47]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

1  document requests as part of a fishing expedition or to discover new claims.[48]

2  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

3  not condone the use of discovery to engage in 'fishing expeditions.'").

4          Further, this Request is overbroad. All documents referring or relating

5  to any use or contemplated use of a "recruiting agency or service" to contact any

6  person who happens to work for MGA for any position is not narrowly tailored to

7  any Phase 2 claims or defenses. The Request also has no limitation as to time and,

8  to the extent it seeks documents regarding communications that post-date the filing

9  of MGA's Complaint on April 13, 2005 is improper. MGA has previously taken the

10  position that discovery regarding events that post-dating the filing of the Complaint

11  are not relevant. See MGA Parties' Reply In Support of Their Motion to Quash

12  Receiver Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (███████

13  ████████████████████████████████████████████████

14  ████████████████████████████████████████████████

15  ███).[49] The Discovery Master credited this argument in denying Mattel its

16  requested discovery, ruling that Mattel's requests were not reasonably calculated to

17  lead to the discovery of admissible evidence regarding Mattel's RICO counterclaim

18  because the "RICO counterclaim (like the other counterclaims to be adjudicated in

19  Phase 2) was asserted in July, 2007 – more than a year before either Omni 808

20  Investors, LLC or Vision Capital, LLC came into existence . . . ." Discovery Matter

21  Order No. 3, dated March 10, 2009, at 18.[50] MGA offers no reason, nor could it

22  consistent with judicial estoppel, why documents post-dating the filing of claims

23  which do not allege continuing wrongdoing are relevant to those claims. MGA

24

25     [48]  See Order Granting In Part and Denying In Part Mattel's Motion for

26  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

27  1.

   [49]  Dart Decl., Exh. 6.

28

1  should not be permitted to argue otherwise now in connection with its own requests

2  for discovery that purportedly supports its unfair competition claims.

3       Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides that a

4  Court should limit the extent of discovery if it determines that the burden of the

5  proposed  discovery  outweighs  its  likely  benefit;  the  discovery  sought  is

6  unreasonably cumulative or duplicative, or is obtainable from some other source that

7  is  more  convenient,  less  burdensome,  or  less  expensive;  or  the  party  seeking

8  discovery  has  had  ample  opportunity  by  discovery  in  the  action  to  obtain  the

9  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  Here, Mattel would be

10  required  to  search  for  every  document  that  "referring  or  relating  to"  the  use  or

11  contemplated use of a "recruiting agency or service" to fill any position at Mattel to

12  determine  whether  there  is  any  mention  of  a  person  who  happened  to  work  for

13  MGA.  The burden to gathering such documents would be prohibitive, especially

14  given MGA's complete failure to establish the relevance of such documents.  "A

15  trial court has a duty, of special significance in lengthy and complex cases where the

16  possibility of abuse is always present, to supervise and limit discovery to protect

17  parties  and  witnesses  from  annoyance  and  excessive  expense."  Dolgow v.

18  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

19  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

20  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

21  (same).

22       There is no basis for overruling Mattel's privilege objection.  MGA's

23  bald assertion that "[t]his request does not seek information protected by the

24  attorney-client privilege, the attorney work product doctrine, or other applicable

25  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

26

27    [50]  Dart Decl., Exh. 7.

28

1  agreed that in general "all privileged documents would be logged except for
2  documents created after this action was filed on April 27, 2004."[51]  Although it bears
3  the burden of showing why this agreement should not be applied to a given Request,
4  MGA fails to do so.  Thus, to the extent  privileged documents fall within the post
5  lawsuit time period, they need not be included on Mattel's log.

6          Finally, MGA failed to meet and confer at all, much less in good faith,
7  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
8  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
9  the moving party shall first identify each dispute, state the relief sought and identify
10  the authority supporting the requested relief in a meet and confer letter that shall be
11  served on all parties by facsimile or electronic mail. The parties shall have five court
12  days from the date of service of that letter to conduct an in-person conference to
13  attempt to resolve the dispute.").   In order to engage in a meaningful meet and
14  confer, MGA had the burden to show the relevance of any requests it sought to
15  move on.[52]   At no point during the meet and confer process did MGA show why
16  this Request could be considered relevant to Phase 2 issues.[53]  Because MGA
17  refused to even attempt to make this showing, there was no possibility of a good
18  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
19  deny MGA's motion with respect to this Request on that grounds alone.

20
21
22

23  [51]  See Order Denying Mattel's Motion for Protective Order Limiting the
24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
      3.
25  [52]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
26  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
27  1390794 at *1 (S.D. Cal. May 14, 2009).
    [53]  See Webster Decl., ¶¶ 6-20.
28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FIVE)

**REQUEST FOR PRODUCTION NO. 479:**

DOCUMENTS sufficient to show weekly and monthly point of sale data for MY SCENE fashion dolls.

**RESPONSE TO REQUEST NO. 479:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "point of sale data" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.

**CORRECTED RESPONSE TO REQUEST NO. 479:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "point of sale data" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly refused to produce documents in response to this request, based on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents sufficient to show weekly and monthly point of sale data for MY SCENE fashion dolls.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

1 and extent of the burden, usually by affidavit or other reliable evidence.")
2 Moreover, it is not unduly burdensome, as noted above, in that the request is
3 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
4 has engaged in a broad variety of unfair trade practices, including serial copying of
5 MGA products.  Sales data for MY SCENE fashion dolls directly relate to these
6 allegations, including but not limited to MGA's damages.  MGA is entitled to
7 discovery on these claims.

8      As for relevancy, Mattel has not attempted to demonstrate why
9 responding to this request and/or producing responsive documents is irrelevant to
10 the present action.  On the contrary, MGA has alleged that Mattel is engaged in
11 copying of MGA products, and MY SCENE is an example of one such product line.
12 A request for documents sufficient to show weekly and monthly point of sale data
13 for MY SCENE fashion dolls is therefore relevant to this action and MGA's claim.

14      Mattel objects that the request contains confidential, proprietary, and
15 trade secret information.  A Protective Order exists in this case, obviating any
16 concern as to protection of privacy rights and/or commercially sensitive
17 information.

18      None of Mattel's improper objections are valid and Mattel is obligated
19 to produce all non-privileged responsive documents in its possession, custody, or
20 control.

21 **MATTEL'S RESPONSE:**

22      MGA argues that "Mattel has not attempted to demonstrate why
23 responding to this request and/or producing responsive documents is irrelevant to
24 the present action."  However, MGA bears the burden of showing that its discovery
25
26
27
28

-52-

1  meets the relevance requirements of <u>Rule</u> 26(b)(1).[54]  MGA argues that "sales data

2  for MY SCENE fashion dolls directly relate" to its allegations of serial copying of

3  MGA products, "including but not limited to MGA's damages."  MGA ignores,

4  however, that Mattel has already produced MY SCENE sales information, including

5  detailed revenue, cost and profit information for every MY SCENE product sold by

6  Mattel.[55]  It offers no explanation as to why this information is insufficient or why it

7  is entitled to anything more.  In addition, to the extent "point of sale" information

8  refers to sales made by retailers, such information is tracked by third party vendors

9  such as NPD and is equally available to MGA.

10         Finally, MGA failed to meet and confer at all, much less in good faith,

11 regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master

12 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

13 the moving party shall first identify each dispute, state the relief sought and identify

14 the authority supporting the requested relief in a meet and confer letter that shall be

15 served on all parties by facsimile or electronic mail. The parties shall have five court

16 days from the date of service of that letter to conduct an in-person conference to

17 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

18 confer, MGA had the burden to show the relevance of any requests it sought to

19 move on.[56]   At no point during the meet and confer process did MGA show why

20 this Request could be considered relevant to Phase 2 issues.[57]  Because MGA

21 refused to even attempt to make this showing, there was no possibility of a good

22

23    [54]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
24 bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL
25 1390794 at *1 (S.D. Cal. 2009).
      [55]  Webster Decl., ¶ 26.
26    [56]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27 bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL
   1390794 at *1 (S.D. Cal. May 14, 2009).
28

1 | faith meet and confer to resolve the parties' disputes.  The Discovery Master should

2 | deny MGA's motion with respect to this Request on that grounds alone.

3 | **REQUEST FOR PRODUCTION NO. 480:**

4 | All DOCUMENTS REFERRING OR RELATING TO YOUR receipt,

5 | reproduction, copying, storage, transmission, transfer, retention, destruction,

6 | deletion, or use of any DOCUMENT identifying MGA products in the course of any

7 | planning, design, development or revision of any YOUR products.

8 | **RESPONSE TO REQUEST NO. 480:**

9 | In addition to the general objections stated above which are

10 | incorporated herein by reference, Mattel objects to this Request on the grounds that

11 | it is overbroad and unduly burdensome, including in that it seeks all documents on

12 | this subject without limitation as to time, and regardless of whether such documents

13 | relate to products or matters at issue in this case The Request is also unintelligible,

14 | leaving Mattel to guess what documents are being sought.  Mattel further objects to

15 | the Request on the grounds that it seeks documents that are not relevant to this

16 | action or likely to lead to the discovery of admissible evidence.  Mattel further

17 | objects to this Request on the grounds that it seeks confidential, proprietary and

18 | trade secret information, including such information that has no bearing on the

19 | claims or defenses in this case.  Mattel further objects to this Request on the grounds

20 | that it calls for the disclosure of information subject to the attorney-client privilege,

21 | the attorney work-product doctrine and other applicable privileges.

22 | **CORRECTED RESPONSE TO REQUEST NO. 480:**

23 | In addition to the general objections stated above which are

24 | incorporated herein by reference, Mattel objects to this Request on the grounds that

25 | it is overbroad and unduly burdensome, including in that it seeks all documents on

26 |

27 | [57] See Webster Decl., ¶¶ 6-20.

28 |

1  this subject without limitation as to time, and regardless of whether such documents

2  relate to products or matters at issue in this case The Request is also unintelligible,

3  leaving Mattel to guess what documents are being sought.  Mattel further objects to

4  the Request on the grounds that it seeks documents that are not relevant to this

5  action or likely to lead to the discovery of admissible evidence.  Mattel further

6  objects to this Request on the grounds that it seeks confidential, proprietary and

7  trade secret information, including such information that has no bearing on the

8  claims or defenses in this case.  Mattel further objects to this Request on the grounds

9  that it calls for the disclosure of information subject to the attorney-client privilege,

10  the attorney work-product doctrine and other applicable privileges.

11  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

12  **TO SHOULD BE COMPELLED**

13         Mattel has refused to produce documents in response to this request,

14  based on its improper boilerplate objections.  Under the Federal Rules of Civil

15  Procedure, "an objection to part of a request must specify the part and permit

16  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

17  explain the basis for an objection with specificity are routinely rejected in the

18  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

19  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

20  harassing' are improper – especially when a party fails to submit any evidentiary

21  declarations supporting such objections").  Accordingly, Mattel must be compelled

22  either to certify that it has produced all non-privileged responsive documents or to

23  produce all such documents by a date certain.

24         To the extent that Mattel is relying on its blanket objections, they are

25  not sustainable and do not justify Mattel's failure to produce documents.

26         As to overbreadth, Mattel provides no explanation, let alone the

27  required particularity, as to why this request is supposedly overly broad, nor can it

28  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

1    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2    contrary, the request is narrowly tailored to seek documents concerning the use and

3    destruction of documents regarding MGA's products in the course of Mattel's design

4    of its own products.

5          As to burden, Mattel has not attempted to demonstrate why responding

6    to this request and/or producing responsive documents presents any burden.  This

7    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

8    173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

9    request is unduly burdensome must allege specific facts which indicate the nature

10    and extent of the burden, usually by affidavit or other reliable evidence.")

11    Moreover, it is not unduly burdensome, as noted above, in that the request is

12    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

13    has engaged in a broad variety of unfair trade practices, from trade dress

14    infringement to serial copying of MGA products.  As an affirmative defense, MGA

15    has alleged spoliation of evidence.  MGA is entitled to discovery on these claims.

16          This request does not seek documents protected by the attorney-client

17    privilege, the attorney work product doctrine, or other applicable privileges.  To the

18    extent that Mattel contends that it does, Mattel must provide a privilege log.

19          Mattel objects that the request contains confidential, proprietary, or

20    trade secret information.  A Protective Order exists in this case, obviating any

21    concern as to protection of privacy rights and/or commercially sensitive

22    information.

23          This request is tailored to seek specific evidence of use, retention or

24    destruction by Mattel of materials evidencing MGA products and used by Mattel the

25    course of the design and development of Mattel products.  Evidence of use of such

26    materials would be relevant to, for example, MGA's claim of serial copying by

27    Mattel of MGA products.  Evidence of willful destruction of such materials would

28    also be relevant to the issue of spoliation of evidence.

1         Finally, Mattel's objection that the request is unintelligible is itself

2 unintelligible.  Mattel offers no explanation of what word or phrase it is unable to

3 understand.  Without an explanation of what part of the request Mattel is unable to

4 understand, the Court should overrule the objection.

5         None of Mattel's improper objections are valid and Mattel is obligated

6 to produce all non-privileged responsive documents in its possession, custody, or

7 control.

8 **MATTEL'S RESPONSE:**

9         MGA bears the burden of showing that its discovery meets the

10 relevance requirements of Rule 26(b)(1).[58]  It has failed to do so.  MGA's sole

11 response to Mattel's relevance objection is that the requested documents are relevant

12 to "MGA's claim of serial copying by Mattel of MGA products" and that " willful

13 destruction of such materials would also be relevant to the issue of spoliation of

14 evidence.  But MGA's request is not limited to either to any of the MGA products

15 Mattel is alleged to have copied or any of the Mattel products that are alleged to be

16 copies.  It would include, for example, a document that mentions any one of the

17 hundreds of MGA products that are not at issue in this lawsuit in connection with

18 "planning, design, development or revision" of any one of the thousands of Mattel

19 products that are also not at issue in this lawsuit.  MGA fails to explain how a

20 document that merely identifies a competitor's product would  be relevant in any

21 event.

22         MGA's spoliation argument fails for the same reason.  A document that

23 is not otherwise relevant does not become relevant simply because it may have been

24 destroyed in the ordinary course of business.  Moreover, MGA's spoliation

25 

26    [58] See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27 bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

1  allegations have already been the subject of an evidentiary hearing and a Court
2  ruling that found that there is no evidence of any document destruction by Mattel in
3  this litigation.[59] Specifically, Judge Larson found MGA's assertions of evidence
4  destruction to be "nothing more than rhetoric laced with hyperbole" and "sheer
5  speculation, unsupported by evidence."[60] MGA has made no showing how this
6  request is related to the claims and defenses in this case. "A trial court has a duty, of
7  special significance in lengthy and complex cases where the possibility of abuse is
8  always present, to supervise and limit discovery to protect parties and witnesses
9  from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664
10 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559
11 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste
12 Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous
13 Discovery Master has held, a party may not propound document requests as part of a
14 fishing expedition or to discover new claims.[61] Rivera v. NIBCO, Inc., 364 F.3d
15 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
16 to engage in 'fishing expeditions.'").  Indeed, Rule 26(b)(1) was amended in 2000 to
17 state that discovery was only available as to matters "relevant to the claim or
18 defense of any party."  This amendment was designed to restrict overreaching
19 discovery that goes outside the claims and defenses asserted in the pleadings.  See
20 Fed. R. Civ. P. 26(b)(1), Advisory Committee Notes to 2000 Amendments ("The
21 rule change signals to the court that it has the authority to confine discovery to the
22 claims and defenses asserted in the pleadings, and signals to the parties that they

23 _____

24 [59] See August 27, 2007 Order Denying Motion for Terminating Sanctions, at 4,
25 Dart Decl., Exh. 15.
   [60] Id.
26 [61] See Order Granting In Part and Denying In Part Mattel's Motion for
27 Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
   1.
28

1   have no entitlement to discovery to develop new claims or defenses that are not

2   identified in the pleadings."). <u>See also</u> <u>Bernstein v. Travelers Ins. Co.</u>, 447 F. Supp.

3   1100, 1102 (N.D. Cal. 2006) (citing Committee Notes to Rule); <u>In re Ashworth, Inc.</u>

4   <u>Securities Litigation</u>, 2002 WL 33009225, *2 (S.D. Cal. 2002) (same).

5          The Request is also overbroad. As set forth above, the Request seeks

6   documents referring or relating to both Mattel products and MGA products that are

7   not even arguably at issue in this case. The Request also has no limitation as to time

8   and, to the extent it seeks documents regarding events that post-date the filing of

9   MGA's Complaint on April 13, 2005 is improper. MGA has previously taken the

10  position that discovery regarding events that post-dating the filing of the Complaint

11  are not relevant. <u>See</u> MGA Parties' Reply In Support of Their Motion to Quash

12  Receiver Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (████████

13  ████████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████████

15  ████ ").[62] The Discovery Master credited this argument in denying Mattel its

16  requested discovery, ruling that Mattel's requests were not reasonably calculated to

17  lead to the discovery of admissible evidence regarding Mattel's RICO counterclaim

18  because the "RICO counterclaim (like the other counterclaims to be adjudicated in

19  Phase 2) was asserted in July, 2007 – more than a year before either Omni 808

20  Investors, LLC or Vision Capital, LLC came into existence . . . ." Discovery Matter

21  Order No. 3, dated March 10, 2009, at 18.[63] MGA offers no reason, nor could it

22  consistent with judicial estoppel, why documents post-dating the filing of claims

23  which do not allege continuing wrongdoing are relevant to those claims. MGA

24  should not be permitted to argue otherwise now in connection with its own requests

25  for discovery that purportedly supports its unfair competition claims.

26  _____

27  [62]   Dart Decl., Exh. 6.

28

1      Rule 26(b)(2)(c) provides that a Court should limit the extent of

2  discovery if it determines that the burden of the proposed discovery outweighs its

3  likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is

4  obtainable from some other source that is more convenient, less burdensome, or less

5  expensive; or the party seeking discovery has had ample opportunity by discovery in

6  the action to obtain the information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The

7  burden of locating and producing the documents responsive to this overbroad

8  Request would greatly outweigh any marginal benefit to MGA.



63  Dart Decl., Exh. 7.
64  See Pantel Dec. at ¶ 9, Dart Decl., Exh. 31.
65  Id. ¶ 10.
66  Id.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[67] <u>See</u> Pantel Dec. at ¶ 7, Dart Decl., Exh. 31.

[68] <u>Id.</u>

[69] Pantel Dec. ¶ 10, Dart Decl., Exh. 31.

[70] P. Moore Dec. ¶ 5, Dart Decl., Exh. 32.

[71] <u>Id.</u>



1

2

3

4

5

6

7

8

9

10

11

12

13      The burden and expense described above is multiplied several times

14 further if Mattel were required to search the files for information about a particular

15 product in the possession of its worldwide subsidiaries.[74]  The burden of searching

16 for such documents from all of these employees is incalculable.[75]

17      Further, the Request is unintelligible on its face: "All DOCUMENTS

18 REFERRING OR RELATING TO YOUR receipt, reproduction, copying, storage,

19 transmission, transfer, retention, destruction, deletion, or use of any DOCUMENT

20 identifying MGA products in the course of any planning, design, development or

21 revision of any YOUR products."  MGA has offered no clarification as to what

22 documents the Request is seeking, requiring Mattel to guess.

23

24

25   [72]  Id.

26   [73]  Pantel Dec. ¶ 11, Dart Decl., Exh. 31.

27   [74]  Id. ¶ 12, P. Moore Dec. ¶ 7, Dart Decl., Exh. 32.

28   [75]  Id. ¶ 12, P. Moore Dec. ¶ 7, Dart Decl., Exh. 32.

1    There is no basis for overruling Mattel's privilege objection.  MGA's

2  bald assertion that "[t]his request does not seek information protected by the

3  attorney-client privilege, the attorney work product doctrine, or other applicable

4  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

5  agreed that in general "all privileged documents would be logged except for

6  documents created after this action was filed on April 27, 2004."[76]  Thus, to the

7  extent  privileged documents fall within the post lawsuit time period, they need not

8  be included on Mattel's log.

9    Finally, MGA failed to meet and confer at all, much less in good faith,

10  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

11  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

12  the moving party shall first identify each dispute, state the relief sought and identify

13  the authority supporting the requested relief in a meet and confer letter that shall be

14  served on all parties by facsimile or electronic mail. The parties shall have five court

15  days from the date of service of that letter to conduct an in-person conference to

16  attempt to resolve the dispute.").   At no point during the meet and confer process

17  did the parties discuss this Request or Mattel's response to it.[77]  In order to engage in

18  a meaningful meet and confer, MGA had the burden to show the relevance of any

19  requests it sought to move on.[78]  Because MGA refused to even attempt to make

20  this showing, there was no possibility of a good faith meet and confer to resolve the

21

22

---

23    [76]  See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.
     [77]  See Webster Decl., ¶¶ 6-20.

26    [78]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

28  1390794 at *1 (S.D. Cal. May 14, 2009).

1  parties' disputes.  The Discovery Master should deny MGA's motion with respect to
2  this Request on that grounds alone.

3  **REQUEST FOR PRODUCTION NO. 482:**

4          All DOCUMENTS, including, but not limited to, any compilation of
5  information, that were prepared, made, created, generated, assembled or compiled
6  by or for MGA or any MGA subsidiary, and that YOU received from any third
7  party, including Rachel Harris or Fred Larian.

8  **RESPONSE TO REQUEST NO. 482:**

9          In addition to the general objections stated above which are
10 incorporated herein by reference, Mattel objects to this Request on the grounds that
11 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
12 documents on this subject without limitation as to time, and regardless of whether
13 such documents relate to products or matters at issue in this case.  Mattel further
14 objects to the use of the term "any compilation of information, that were prepared
15 made, created, generated, assembled or compiled by or for MGA or any MGA
16 subsidiary" in this context as vague and ambiguous.  Mattel further objects to the
17 Request on the grounds that it seeks documents that are not relevant to this action or
18 likely to lead to the discovery of admissible evidence.  Mattel further objects to this
19 Request on the grounds that it seeks confidential, proprietary and trade secret
20 information, including such information that has no bearing on the claims or
21 defenses in this case.  Mattel further objects to this Request on the grounds that it
22 calls for the disclosure of information subject to the attorney-client privilege, the
23 attorney work-product doctrine and other applicable privileges.

24 **CORRECTED RESPONSE TO REQUEST NO. 482:**

25         In addition to the general objections stated above which are
26 incorporated herein by reference, Mattel objects to this Request on the grounds that
27 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
28 documents on this subject without limitation as to time, and regardless of whether

1   such documents relate to products or matters at issue in this case.  Mattel further

2   objects to the use of the term "any compilation of information, that were prepared

3   made, created, generated, assembled or compiled by or for MGA or any MGA

4   subsidiary" in this context as vague and ambiguous.  Mattel further objects to the

5   Request on the grounds that it seeks documents that are not relevant to this action or

6   likely to lead to the discovery of admissible evidence.  Mattel further objects to this

7   Request on the grounds that it seeks confidential, proprietary and trade secret

8   information, including such information that has no bearing on the claims or

9   defenses in this case.  Mattel further objects to this Request on the grounds that it

10  calls for the disclosure of information subject to the attorney-client privilege, the

11  attorney work-product doctrine and other applicable privileges.

12  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

13  **TO SHOULD BE COMPELLED**

14          Mattel refuses to produce documents in response to this request, based

15  on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,

16  "an objection to part of a request must specify the part and permit inspection of the

17  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

18  for an objection with specificity are routinely rejected in the Central District.  See A.

19  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

20  or boilerplate objections such as 'overly burdensome and harassing' are improper –

21  especially when a party fails to submit any evidentiary declarations supporting such

22  objections").  Accordingly, Mattel must be compelled either to certify that it has

23  produced all non-privileged responsive documents or to produce all such documents

24  by a date certain.

25          To the extent that Mattel is relying on its blanket objections, they are

26  not sustainable and do not justify Mattel's failure to produce documents.

27          As to overbreadth, Mattel provides no explanation, let alone the

28  required particularity, as to why this request is supposedly overly broad, nor can it

00505.07975/3121207.4

-65-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FIVE)

1   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

2   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

3   contrary, the request is narrowly tailored to seek documents concerning any efforts

4   by Mattel to gain MGA's confidential product and pricing information.

5           As to burden, Mattel has not attempted to demonstrate why responding

6   to this request and/or producing responsive documents presents any burden. This

7   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

8   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9   request is unduly burdensome must allege specific facts which indicate the nature

10  and extent of the burden, usually by affidavit or other reliable evidence.")

11  Moreover, it is not unduly burdensome, as noted above, in that the request is

12  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

13  has engaged in a broad variety of unfair trade practices, from serial copying of

14  MGA products, to threatening retailers and suppliers to cease doing business with

15  MGA, to intimidating employees and industry groups in order to prevent MGA from

16  fairly competing. MGA has also alleged that Mattel has engaged in various acts

17  amounting to unclean hands. Mattel's receipt of documents created for MGA is

18  relevant to both aspects of MGA's claims and MGA is entitled to discovery on these

19  claims.

20          Mattel's relevance objection similarly fails. Documents relating to

21  Mattel's receipt of information that was compiled for the benefit of MGA relates to

22  both MGA's affirmative claim of unfair trade practices, as well as its affirmative

23  defense of unclean hands.

24          This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges. To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27          Mattel objects that the request contains confidential, proprietary, or

28  trade secret information. A Protective Order exists in this case, obviating any

-66-

1    concern as to protection of privacy rights and/or commercially sensitive

2    information.

3           Mattel's objection that this request is unintelligible and that certain

4    common words are vague, ambiguous and incomprehensible is without merit, and

5    the plain meaning of the terms is clear and can be found in any dictionary.  Further

6    Mattel has propounded discovery requests containing the same language on MGA

7    Mexico.  See Mattel's First Set of Requests for Production to MGA Mexico, No. 39.

8           None of Mattel's improper objections are valid and Mattel is obligated

9    to produce all non-privileged responsive documents in its possession, custody, or

10   control.

11   **MATTEL'S RESPONSE:**

12          MGA must establish that its discovery meets the relevance

13   requirements of Rule 26(b)(1).[79]  It has failed to do so.  This Request seeks all

14   documents created by or for the benefit of MGA that Mattel received from any third

15   party.  It encompasses potentially countless documents--including publicly available

16   information such as press releases, advertising circulars and product catalog--that

17   have nothing to do with the claims and defenses in this lawsuit.  MGA offers no

18   support for its conclusory assertion that such documents are relevant to its

19   "affirmative claim of unfair trade practices."  Nor does it offer any support for its

20   assertion that such documents are relevant to its "affirmative defense of unclean

21   hands."  Indeed, the Discovery Master has recognized, "unclean hands does not

22   constitute 'misconduct in the abstract, unrelated to the claim to which it is asserted

23

24

25
_____

26   [79]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27   bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. 2009).

28

1   as a defense.'"[80]  Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841

2   (9th Cir. 2002).  "It is fundamental to [the] operation of the doctrine that the alleged

3   misconduct ... relate directly to the transaction concerning which the complaint is

4   made."  Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir.

5   1989).  Accordingly, courts will not allow discovery based on an unclean hands

6   defense where the "allegations of misconduct do not relate to the transactions ...

7   forming the basis for the complaint."  Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp.

8   948, 952 (S.D. Cal. 1996).  MGA does not even attempt to link the documents

9   sought to any of Mattel's claims in Phase 2, and therefore has not met its burden to

10  show the discovery is relevant.[81]

11          The Request is also overbroad.  MGA's request for **all** documents that

12  were "prepared, made, created, generated, assembled or compiled by or for MGA or

13  any MGA subsidiary" that Mattel received from **any** third party is not narrowly

14  tailored to any Phase 2 claims or defenses, particularly given the overbroad

15  definitions for "Mattel" and "MGA" which include any current or former officer,

16  agent, employee, consultant, attorney.

17          Further, the Request is unduly burdensome.  In order to comply, Mattel

18  would be required to pore through the files of potentially thousands of employees

19  searching for any document, including publicly available documents, that might

20  have been created by or for MGA, regardless of the nature or content of the

21  document or its connection with any issue in this lawsuit.  The burden of searching

22  for and gathering such documents would be prohibitive, especially given MGA's

23  complete failure to establish relevance.  "A trial court has a duty, of special

24  significance in lengthy and complex cases where the possibility of abuse is always

25

---

26  [80]   See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl.,
27  Exh. 7.
        [81]   Id., at 24.

28

present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[82]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Moreover, as MGA has itself argued, the parties have agreed that in general "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[83]  Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.  Thus, to the extent  privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify

---

[82]  See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

[83]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FIVE)

1  the authority supporting the requested relief in a meet and confer letter that shall be

2  served on all parties by facsimile or electronic mail. The parties shall have five court

3  days from the date of service of that letter to conduct an in-person conference to

4  attempt to resolve the dispute.").  In order to engage in a meaningful meet and

5  confer, MGA had the burden to show the relevance of any requests it sought to

6  move on.[84]  At no point during the meet and confer process did MGA show why

7  this Request could be considered relevant to Phase 2 issues.[85]  Because MGA

8  refused to even attempt to make this showing, there was no possibility of a good

9  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

10  deny MGA's motion with respect to this Request on that grounds alone.

11  **REQUEST FOR PRODUCTION NO. 492:**

12      All DOCUMENTS that REFER OR RELATE TO the retention,

13  destruction, transfer, or use of any information or DOCUMENTS known to or

14  possessed by any current or former MGA employee, freelancer or contractor,

15  including but not limited to Tina Patel, Christopher Hardouin, Margo Eldridge,

16  Charlotte Broussard, and Andrew Gallerani.

17  **RESPONSE TO REQUEST NO. 492:**

18      In addition to the general objections stated above which are

19  incorporated herein by reference, Mattel objects to this Request on the grounds that

20  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

21  documents on this subject without limitation as to time, and regardless of whether

22  such documents relate to products, matters, or persons at issue in this case.  Mattel

23  further objects to the Request on the grounds that it seeks documents that are not

24

25  _____

[84]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
26  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
1390794 at *1 (S.D. Cal. May 14, 2009).
27  [85]  See Webster Decl., ¶¶ 6-20.

28

1   relevant to this action or likely to lead to the discovery of admissible evidence.

2   Mattel further objects to this Request on the grounds that it seeks confidential,

3   proprietary and trade secret information, including such information that has no

4   bearing on the claims or defenses in this case.  Mattel further objects to this Request

5   on the grounds that it calls for the disclosure of information subject to the attorney-

6   client privilege, the attorney work-product doctrine and other applicable privileges.

7   **CORRECTED RESPONSE TO REQUEST NO. 492:**

8          In addition to the general objections stated above which are

9   incorporated herein by reference, Mattel objects to this Request on the grounds that

10  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products, matters, or persons at issue in this case.  Mattel

13  further objects to the Request on the grounds that it seeks documents that are not

14  relevant to this action or likely to lead to the discovery of admissible evidence.

15  Mattel further objects to this Request on the grounds that it seeks confidential,

16  proprietary and trade secret information, including such information that has no

17  bearing on the claims or defenses in this case.  Mattel further objects to this Request

18  on the grounds that it calls for the disclosure of information subject to the attorney-

19  client privilege, the attorney work-product doctrine and other applicable privileges.

20  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

21  **TO SHOULD BE COMPELLED**

22          Mattel has refused to produce documents in response to this request,

23  based on its improper boilerplate objections.  Under the Federal Rules of Civil

24  Procedure, "an objection to part of a request must specify the part and permit

25  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

26  explain the basis for an objection with specificity are routinely rejected in the

27  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

28  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FIVE)

1  harassing' are improper – especially when a party fails to submit any evidentiary

2  declarations supporting such objections").  Accordingly, Mattel must be compelled

3  either to certify that it has produced all non-privileged responsive documents or to

4  produce all such documents by a date certain.

5          To the extent that Mattel is relying on its blanket objections, they are

6  not sustainable and do not justify Mattel's failure to produce documents.

7          As to overbreadth, Mattel provides no explanation, let alone the

8  required particularity, as to why this request is supposedly overly broad, nor can it

9  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

10  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek documents concerning Mattel's

12  knowledge of MGA documents possessed specific individuals.

13          As to burden, Mattel has not attempted to demonstrate why responding

14  to this request and/or producing responsive documents presents any burden.  This

15  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

16  173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

17  request is unduly burdensome must allege specific facts which indicate the nature

18  and extent of the burden, usually by affidavit or other reliable evidence.")

19  Moreover, it is not unduly burdensome, as noted above, in that the request is

20  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21  has engaged in a broad variety of unfair trade practices, from serial copying of

22  MGA products, to intimidating employees and industry groups in order to prevent

23  MGA from fairly competing.  MGA has also alleged that Mattel engaged in various

24  acts amounting to unclean hands, including attempts to gather MGA's trade secret

25  and confidential information.  MGA is entitled to discovery on these claims.

26          This request does not seek documents protected by the attorney-client

27  privilege, the attorney work product doctrine, or other applicable privileges.  To the

28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1    Mattel objects that the request contains confidential, proprietary, or

2 trade secret information. A Protective Order exists in this case, obviating any

3 concern as to protection of privacy rights and/or commercially sensitive

4 information.

5    This request is tailored to seek specific evidence of use, retention or

6 destruction by Mattel of the documents of current or former MGA employees,

7 freelancers or contractors, including Tina Patel, Christopher Hardouin, Margo

8 Eldridge, Charlotte Broussard, and Andrew Gallerani. As alleged in MGA's

9 Complaint, affirmative defenses, and interrogatory responses, Mattel's hiring of and

10 contracting with former MGA employees and contractors is central to MGA's unfair

11 competition claim and unclean hands defense, which allege that Mattel intimidated

12 employees in the industry and used them to spy on MGA in an effort to gain

13 confidential information about MGA. If Mattel willfully used and/or destroyed any

14 documents evidencing this activity, such spoliation would be highly relevant to

15 MGA's claims and defenses.

16    Finally, Mattel's objection that the request is unintelligible is itself

17 unintelligible. Mattel offers no explanation of what word or phrase it is unable to

18 understand. Without an explanation of what part of the request Mattel is unable to

19 understand, the Court should overrule the objection.

20    None of Mattel's improper objections are valid and Mattel is obligated

21 to produce all non-privileged responsive documents in its possession, custody, or

22 control.

23 **MATTEL'S RESPONSE:**

24    To the extent it is intelligible at all, MGA's request is hopelessly

25 overbroad, seeking a potentially unlimited number of documents that have nothing

26 to do with any claim or defense in this lawsuit. Among other things, it seeks all

27 documents that refer or relate to the use of any information or documents "known to

28 or possessed by" any "current or former MGA employee, freelancer or contractor,"

1  without any limitation whatsoever as to subject matter. Thus, for example, for every

2  current or former Mattel employee, freelancer or contractor who ever worked as an

3  employee, freelancer or contractor for MGA, Mattel would be required to search for

4  and produce every document used by such employee, freelancer or contractor in the

5  course of performing any work or services for Mattel. Even more absurd, Mattel

6  would be required to somehow identify and produce every document "known to"

7  any such employee, freelancer or contractor that was ever used by Mattel in any

8  manner whatsoever. For any former MGA employee who may have worked in

9  Mattel's accounting department, Mattel would have to produce every accounting

10  document ever "known to" or "possessed by" that employee, including Mattel

11  confidential, proprietary and trade secret information that has nothing to do with

12  MGA or any issue in this lawsuit. Similarly, for any former MGA employee who

13  may have worked in Mattel's marketing department, Mattel would have to produce

14  every marketing document ever "known to" or "possessed by" that employee,

15  including Mattel's confidential, proprietary and trade secret information about

16  concepts, designs and products that have nothing to do with any issue in this lawsuit.

17  The litany of equally absurd scenarios goes on and on. Yet, that is exactly what this

18  request calls for. The burden of responding to this request would be incalculable.

19  Any attempt to compel compliance with it should be rejected out of hand. "A trial

20  court has a duty, of special significance in lengthy and complex cases where the

21  possibility of abuse is always present, to supervise and limit discovery to protect

22  parties and witnesses from annoyance and excessive expense." Dolgow v.

23  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

24  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

25  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

26  (same).

27        Not surprisingly, MGA fails to show that the documents it seeks are

28  relevant to its claims and defenses in this lawsuit. MGA claims it has alleged that

1  "Mattel intimidated employees in the industry and used them to spy on MGA in an

2  effort to gain confidential information about MGA."  In fact, MGA's complaint is

3  devoid of any allegation that Mattel "spied" on MGA to "gain confidential

4  information."  In any event, fails to demonstrate how Mattel's retention, destruction,

5  transfer or use of any document—including its own confidential information--that

6  may have been "known to" or "possessed by" any former MGA employee,

7  freelancer or contractor is relevant to its purported allegations of spying and

8  intimidation.

9      MGA also argues that spoliation would be "highly relevant to [its]

10  claims and defenses."  Apart from the other fatal defects with this request, this

11  assertion ignores the fact that MGA's spoliation accusations have already been the

12  subject of an evidentiary hearing and a Court ruling that found that there is no

13  evidence of any document destruction by Mattel in this litigation.[86]  Specifically,

14  Judge Larson found MGA's assertions of evidence destruction to be "nothing more

15  than rhetoric laced with hyperbole" and "sheer speculation, unsupported by

16  evidence."[87]  As the previous Discovery Master held, a party may not propound

17  document requests as part of a fishing expedition or to discover new claims.[88]

18  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

19  not condone the use of discovery to engage in 'fishing expeditions.'").

20      There is no basis for overruling Mattel's privilege objection.  MGA's

21  bald assertion that "[t]his request does not seek information protected by the

22  attorney-client privilege, the attorney work product doctrine, or other applicable

23

24  [86]  See August 27, 2007 Order Denying Motion for Terminating Sanctions, at 4,

25  Dart Decl., Exh. 15.

    [87]  Id.

26  [88]  See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

28

privileges" has no merit.  Moreover, as MGA has itself argued, the parties have agreed that in general "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[89]  Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.  Thus, to the extent  privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").   At no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.[90]  In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[91]   Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

---

[89]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

[90]  See Webster Decl., ¶¶ 6-20.

[91]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

1  **REQUEST FOR PRODUCTION NO. 493:**

2  　　　　All COMMUNICATIONS between YOU and any PERSON

3  REFERRING OR RELATING TO the retention, destruction, transfer, or use of any

4  information or DOCUMENTS known to or possessed by any current or former

5  MGA employee, freelancer or contractor, including but not limited to Tina Patel,

6  Christopher Hardouin, Margo Eldridge, Charlotte Broussard, and Andrew Gallerani.

7  **RESPONSE TO REQUEST NO. 493:**

8  　　　　In addition to the general objections stated above which are

9  incorporated herein by reference, Mattel objects to this Request on the grounds that

10  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products, matters, or persons at issue in this case.  Mattel

13  further objects to the Request on the grounds that it seeks documents that are not

14  relevant to this action or likely to lead to the discovery of admissible evidence.

15  Mattel further objects to this Request on the grounds that it seeks confidential,

16  proprietary and trade secret information, including such information that has no

17  bearing on the claims or defenses in this case.  Mattel further objects to this Request

18  on the grounds that it calls for the disclosure of information subject to the attorney-

19  client privilege, the attorney work-product doctrine and other applicable privileges.

20  **CORRECTED RESPONSE TO REQUEST NO. 493:**

21  　　　　In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the grounds that

23  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

24  documents on this subject without limitation as to time, and regardless of whether

25  such documents relate to products, matters, or persons at issue in this case.  Mattel

26  further objects to the Request on the grounds that it seeks documents that are not

27  relevant to this action or likely to lead to the discovery of admissible evidence.

28  Mattel further objects to this Request on the grounds that it seeks confidential,

1  proprietary and trade secret information, including such information that has no

2  bearing on the claims or defenses in this case.  Mattel further objects to this Request

3  on the grounds that it calls for the disclosure of information subject to the attorney-

4  client privilege, the attorney work-product doctrine and other applicable privileges.

5  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

6  **TO SHOULD BE COMPELLED**

7  　　　　Mattel has refused to produce documents in response to this request,

8  based on its improper boilerplate objections.  Under the Federal Rules of Civil

9  Procedure, "an objection to part of a request must specify the part and permit

10  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

11  explain the basis for an objection with specificity are routinely rejected in the

12  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

13  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

14  harassing' are improper – especially when a party fails to submit any evidentiary

15  declarations supporting such objections").  Accordingly, Mattel must be compelled

16  either to certify that it has produced all non-privileged responsive documents or to

17  produce all such documents by a date certain.

18  　　　　To the extent that Mattel is relying on its blanket objections, they are

19  not sustainable and do not justify Mattel's failure to produce documents.

20  　　　　As to overbreadth, Mattel provides no explanation, let alone the

21  required particularity, as to why this request is supposedly overly broad, nor can it

22  do so.

23  　　　　This objection is therefore improper.  Order No. 17, dated April 14,

24  2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.

25  Ex. 58.  To the contrary, the request is narrowly tailored to seek documents

26  concerning Mattel's knowledge of MGA documents possessed specific individuals.

27  　　　　As to burden, Mattel has not attempted to demonstrate why responding

28  to this request and/or producing responsive documents presents any burden.  This

1   objection must therefore be rejected. <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>,

2   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3   request is unduly burdensome must allege specific facts which indicate the nature

4   and extent of the burden, usually by affidavit or other reliable evidence.")

5   Moreover, it is not unduly burdensome, as noted above, in that the request is

6   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

7   has engaged in a broad variety of unfair trade practices, from serial copying of

8   MGA products, to intimidating employees and industry groups in order to prevent

9   MGA from fairly competing. MGA has also alleged that Mattel engaged in various

10  acts amounting to unclean hands, including attempts to gather MGA's trade secret

11  and confidential information. MGA is entitled to discovery on these claims.

12          This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges. To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15          Mattel objects that the request contains confidential, proprietary, or

16  trade secret information. A Protective Order exists in this case, obviating any

17  concern as to protection of privacy rights and/or commercially sensitive

18  information.

19          This request is tailored to seek specific evidence of use, retention or

20  destruction by Mattel of the documents of current or former MGA employees,

21  freelancers or contractors, including Tina Patel, Christopher Hardouin, Margo

22  Eldridge, Charlotte Broussard, and Andrew Gallerani. As alleged in MGA's

23  Complaint, affirmative defenses, and interrogatory responses, Mattel's hiring of and

24  contracting with former MGA employees and contractors is central to MGA's unfair

25  competition claim and unclean hands defense, which allege that Mattel intimidated

26  employees in the industry and used them to spy on MGA in an effort to gain

27  confidential information about MGA. If Mattel willfully used and/or destroyed any

28

1  documents evidencing this activity, such spoliation would be highly relevant to
2  MGA's claims and defenses.

3          Finally, Mattel's objection that the request is unintelligible is itself
4  unintelligible.  Mattel offers no explanation of what word or phrase it is unable to
5  understand.  Without an explanation of what part of the request Mattel is unable to
6  understand, the Court should overrule the objection.

7          None of Mattel's improper objections are valid and Mattel is obligated
8  to produce all non-privileged responsive documents in its possession, custody, or
9  control.

10 **MATTEL'S RESPONSE:**

11          This request is even more problematic than Request No. 492 above.
12 For example, this request no only seeks every document "known to" or "possessed
13 by" any Mattel employee, freelancer or contractor who may have ever worked or
14 performed services for MGA, it also requires the production of any communication
15 "referring or relating to" any such document.  For all the reasons set forth above
16 regarding Request No. 492, MGA's motion to compel with respect to this request
17 should also be denied.

18          There is no basis for overruling Mattel's privilege objection.  MGA's
19 bald assertion that "[t]his request does not seek information protected by the
20 attorney-client privilege, the attorney work product doctrine, or other applicable
21 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
22 agreed that in general "all privileged documents would be logged except for
23 documents created after this action was filed on April 27, 2004."[92]  Although it bears
24 the burden of showing why this agreement should not be applied to a given Request,

25 _____

26  [92]  See Order Denying Mattel's Motion for Protective Order Limiting the
27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
   3.
28

1  MGA fails to do so.  Thus, to the extent privileged documents fall within the post
2  lawsuit time period, they need not be included on Mattel's log.

3          Finally, MGA failed to meet and confer at all, much less in good faith,
4  regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master
5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
6  the moving party shall first identify each dispute, state the relief sought and identify
7  the authority supporting the requested relief in a meet and confer letter that shall be
8  served on all parties by facsimile or electronic mail. The parties shall have five court
9  days from the date of service of that letter to conduct an in-person conference to
10 attempt to resolve the dispute.").  At no point during the meet and confer process
11 did the parties discuss this Request or Mattel's response to it.[93]  In order to engage in
12 a meaningful meet and confer, MGA had the burden to show the relevance of any
13 requests it sought to move on.[94]  Because MGA refused to even attempt to make
14 this showing, there was no possibility of a good faith meet and confer to resolve the
15 parties' disputes.  The Discovery Master should deny MGA's motion with respect to
16 this Request on that grounds alone.

17 **REQUEST FOR PRODUCTION NO. 494:**

18         All COMMUNICATIONS between YOU and Tina Patel prior to her
19 date of hire by MATTEL.

20 **RESPONSE TO REQUEST NO. 494:**

21         In addition to the general objections stated above which are
22 incorporated herein by reference, Mattel objects to this Request on the grounds that
23 it is overbroad and unduly burdensome, including in that it seeks all documents on

24

25    [93]  <u>See</u> Webster Decl., ¶¶ 6-20.
26    [94]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27 bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
28

1    this subject without limitation as to time, and regardless of whether such documents

2    relate to products, matters, or persons at issue in this case.  Mattel further objects to

3    the Request on the grounds that it seeks documents that are not relevant to this

4    action or likely to lead to the discovery of admissible evidence.  Mattel further

5    objects to this Request on the grounds that it seeks confidential, proprietary and

6    trade secret information, including such information that has no bearing on the

7    claims or defenses in this case.  Mattel further objects to this Request on the grounds

8    that it calls for the disclosure of information subject to the attorney-client privilege,

9    the attorney work-product doctrine and other applicable privileges.

10   **CORRECTED RESPONSE TO REQUEST NO. 494:**

11          In addition to the general objections stated above which are

12   incorporated herein by reference, Mattel objects to this Request on the grounds that

13   it is overbroad and unduly burdensome, including in that it seeks all documents on

14   this subject without limitation as to time, and regardless of whether such documents

15   relate to products, matters, or persons at issue in this case.  Mattel further objects to

16   the Request on the grounds that it seeks documents that are not relevant to this

17   action or likely to lead to the discovery of admissible evidence.  Mattel further

18   objects to this Request on the grounds that it seeks confidential, proprietary and

19   trade secret information, including such information that has no bearing on the

20   claims or defenses in this case.  Mattel further objects to this Request on the grounds

21   that it calls for the disclosure of information subject to the attorney-client privilege,

22   the attorney work-product doctrine and other applicable privileges.

23   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

24   **TO SHOULD BE COMPELLED**

25          Mattel has not agreed to produce any documents in response to this

26   request, relying on its improper boilerplate objections.  Mattel has refused to

27   confirm whether or not it has produced all non-privileged responsive documents or

28   whether it is withholding documents based on its objections in Phase 2.  Under the

1   Federal Rules of Civil Procedure, "an objection to part of a request must specify the
2   part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic
3   objections that fail to explain the basis for an objection with specificity are routinely
4   rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234
5   F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly
6   burdensome and harassing' are improper – especially when a party fails to submit
7   any evidentiary declarations supporting such objections").  Accordingly, Mattel
8   must be compelled either to certify that it has produced all non-privileged
9   responsive documents or to produce all such documents by a date certain.

10           To the extent that Mattel is relying on its blanket objections, they are
11   not sustainable and do not justify Mattel's failure to produce documents.

12           As to overbreadth, Mattel provides no explanation, let alone the
13   required particularity, as to why this request is supposedly overly broad, nor can it
14   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
15   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
16   contrary, the request is narrowly tailored to seek information concerning Tina Patel,
17   an ex-MGA employee who was the "Bratz" brand manager from 8/02 to 5/03,
18   involved in marketing the MGA products at issue in MGA Phase 2 claims, and left
19   MGA to work for Mattel.

20           As to burden, Mattel has not attempted to demonstrate why responding
21   to this request and/or producing responsive documents presents any burden.  This
22   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
23   173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery
24   request is unduly burdensome must allege specific facts which indicate the nature
25   and extent of the burden, usually by affidavit or other reliable evidence.")
26   Moreover, it is not unduly burdensome, as noted above, in that the request is
27   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
28   has engaged in copying of MGA products and packaging, as well as a broad variety

of acts constituting unclean hands, including specifically the hiring of Patel and attempting to gain confidential information about MGA from her.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request seeks confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel's relevance objection should be overruled.  MGA has alleged trade dress claims related to "Bratz" and has alleged claims of unfair competition based on Mattel's serial copying and imitation of MGA's products.  MGA has also brought an affirmative defense of unclean hands, which is based in part, on a specific allegation that Mattel hired Patel and attempted to gain confidential MGA information from her.  As such, documents related to Patel are highly relevant and likely to lead to the discovery of admissible evidence.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[95]  It has failed to do so.  MGA makes the conclusory assertion that the requested documents are relevant because "MGA has alleged trade dress claims related to 'Bratz' and has alleged claims of unfair

---

[95]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

1  competition based on Mattel's serial copying and imitation of MGA products."  But

2  MGA does not even attempt to explain how all such communications with Tina

3  Patel—without regard to subject matter--are relevant to those claims.  Indeed, MGA

4  cannot show that its claims relate to any purported use of its confidential

5  information:  MGA's trade dress claims are necessarily based on the premise that the

6  aspects of Bratz that were copied are so public that they have obtained a secondary

7  meaning in the marketplace and serve to identify MGA.

8          MGA also argues that the discovery is relevant because "MGA has also

9  brought an affirmative defense of unclean hands, which is based in part on a specific

10  allegation that Mattel hired Patel and attempted to gain confidential MGA

11  information from her."  This is simply false.  MGA has never made any allegations

12  regarding Tina Patel.  Indeed, just last month MGA served an interrogatory response

13  purporting to set forth all facts in support of its affirmative defenses, including

14  unclean hands.  ████████████████████████████████████████

15  ███████████████████████████████████████████████████.[96]

16  MGA's claim here that it has made such allegations is simply contrary to the record

17  and its own prior statements regarding its defenses.

18          Nor would such an allegation--even it had been made--render the

19  requested documents relevant to a valid unclean hands defense in any event.  As the

20  Discovery Master has recognized, "unclean hands does not constitute 'misconduct in

21  the abstract, unrelated to the claim to which it is asserted as a defense.'"[97]  Jarrow

22  Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002).  "It is

23  fundamental to [the] operation of the doctrine that the alleged misconduct … relate

24

25

---

26  [96]  See MGA's Response to Mattel, Inc.'s Amended Supplemental Interrogatory

27  Regarding Defendants' Affirmative Defenses, dated August 31, 2009, Dart Decl., Exh. 46.

28

1  directly to the transaction concerning which the complaint is made." <u>Dollar Sys.,</u>

2  <u>Inc. v. Avcar Leasing Sys., Inc.</u>, 13 F.2d 165, 173 (9th Cir. 1989).  Accordingly,

3  courts will not allow discovery based on an unclean hands defense where the

4  "allegations of misconduct do not relate to the transactions ... forming the basis for

5  the complaint." <u>Gen-Probe, Inc. v. Amoco Corp.</u>, 926 F. Supp. 948, 952 (S.D. Cal.

6  1996).  Here, MGA does not even attempt to link the Requested discovery to any of

7  Mattel's claims in Phase 2, and therefore the discovery is not relevant.[98]

8          Moreover, given MGA's definition of "MATTEL" and "YOU,"[99] the

9  request would include even the most mundane communications between Tina Patel

10 and any current or former employee or agent of Mattel, including Ms. Patel's friends

11 and social acquaintances.  The burden of searching for and producing such

12 documents far outweighs any purported benefit to MGA.  "A trial court has a duty,

13 of special significance in lengthy and complex cases where the possibility of abuse

14 is always present, to supervise and limit discovery to protect parties and witnesses

15 from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664

16 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559

17 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste</u>

18 <u>Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

19 Discovery Master has held, a party may not propound document requests as part of a

20 fishing expedition or to discover new claims.[100] <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d

21

22  ─────────────────

23  [97]  <u>See</u> Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl., Exh. 7.

24  [98]  <u>Id.</u>, at 24.

25  [99]  <u>See</u> MGA's Fifth Set of Requests for Production of Documents and Things in Case No. 05-2727, at 5, Rutowski Decl., Exh. 29.

26  [100]  <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

28

1   1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

2   to engage in 'fishing expeditions.'").

3          There is no basis for overruling Mattel's privilege objection.  MGA's

4   bald assertion that "[t]his request does not seek information protected by the

5   attorney-client privilege, the attorney work product doctrine, or other applicable

6   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7   agreed that in general "all privileged documents would be logged except for

8   documents created after this action was filed on April 27, 2004."[101]  Although it

9   bears the burden of showing why this agreement should not be applied to a given

10  Request, MGA fails to do so.  Thus, to the extent  privileged documents fall within

11  the post lawsuit time period, they need not be included on Mattel's log.

12         Finally, MGA failed to meet and confer at all, much less in good faith,

13  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15  the moving party shall first identify each dispute, state the relief sought and identify

16  the authority supporting the requested relief in a meet and confer letter that shall be

17  served on all parties by facsimile or electronic mail. The parties shall have five court

18  days from the date of service of that letter to conduct an in-person conference to

19  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

20  confer, MGA had the burden to show the relevance of any requests it sought to

21  move on.[102]   At no point during the meet and confer process did MGA show why

22

23   _____

24   [101]   See Order Denying Mattel's Motion for Protective Order Limiting the
25   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
     3.
26   [102]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27   bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. May 14, 2009).
28

1  this Request could be considered relevant to Phase 2 issues.[103]  Because MGA

2  refused to even attempt to make this showing, there was no possibility of a good

3  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

4  deny MGA's motion with respect to this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 495:**

6           All DOCUMENTS REFERRING OR RELATING TO

7  COMMUNICATIONS between YOU and Tina Patel prior to her date of hire by

8  MATTEL, including but not limited to all calendar entries, phone logs, phone

9  records and notes reflecting such COMMUNICATIONS.

10  **RESPONSE TO REQUEST NO. 495:**

11           In addition to the general objections stated above which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it is overbroad and unduly burdensome, including in that it seeks all documents on

14  this subject without limitation as to time, and regardless of whether such documents

15  relate to products, matters, or persons at issue in this case.  Mattel further objects to

16  the Request on the grounds that it seeks documents that are not relevant to this

17  action or likely to lead to the discovery of admissible evidence.  Mattel further

18  objects to this Request on the grounds that it seeks confidential, proprietary and

19  trade secret information, including such information that has no bearing on the

20  claims or defenses in this case.  Mattel further objects to this Request on the grounds

21  that it calls for the disclosure of information subject to the attorney-client privilege,

22  the attorney work-product doctrine and other applicable privileges.

23  **CORRECTED RESPONSE TO REQUEST NO. 495:**

24           In addition to the general objections stated above which are

25  incorporated herein by reference, Mattel objects to this Request on the grounds that

26

27    [103]   See Webster Decl., ¶¶ 6-20.

28

1   it is overbroad and unduly burdensome, including in that it seeks all documents on
2   this subject without limitation as to time, and regardless of whether such documents
3   relate to products, matters, or persons at issue in this case.  Mattel further objects to
4   the Request on the grounds that it seeks documents that are not relevant to this
5   action or likely to lead to the discovery of admissible evidence.  Mattel further
6   objects to this Request on the grounds that it seeks confidential, proprietary and
7   trade secret information, including such information that has no bearing on the
8   claims or defenses in this case.  Mattel further objects to this Request on the grounds
9   that it calls for the disclosure of information subject to the attorney-client privilege,
10  the attorney work-product doctrine and other applicable privileges.

11  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
12  **TO SHOULD BE COMPELLED**

13          Mattel has not agreed to produce any documents in response to this
14  request, relying on its improper boilerplate objections.  Mattel has refused to
15  confirm whether or not it has produced all non-privileged responsive documents or
16  whether it is withholding documents based on its objections in Phase 2.  Under the
17  Federal Rules of Civil Procedure, "an objection to part of a request must specify the
18  part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic
19  objections that fail to explain the basis for an objection with specificity are routinely
20  rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234
21  F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly
22  burdensome and harassing' are improper – especially when a party fails to submit
23  any evidentiary declarations supporting such objections").  Accordingly, Mattel
24  must be compelled either to certify that it has produced all non-privileged
25  responsive documents or to produce all such documents by a date certain.

26          To the extent that Mattel is relying on its blanket objections, they are
27  not sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the

2  required particularity, as to why this request is supposedly overly broad, nor can it

3  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

4  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5  contrary, the request is narrowly tailored to seek information concerning Tina Patel,

6  an ex-MGA employee who was the "Bratz" brand manager from 8/02 to 5/03,

7  involved in marketing the MGA products at issue in MGA Phase 2 claims, and left

8  MGA to work for Mattel.

9    As to burden, Mattel has not attempted to demonstrate why responding

10  to this request and/or producing responsive documents presents any burden.  This

11  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

12  173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

13  request is unduly burdensome must allege specific facts which indicate the nature

14  and extent of the burden, usually by affidavit or other reliable evidence.")

15  Moreover, it is not unduly burdensome, as noted above, in that the request is

16  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

17  has engaged in copying of MGA products and packaging, as well as a broad variety

18  of acts constituting unclean hands, including specifically the hiring of Patel and

19  attempting to gain confidential information about MGA from her.  MGA is entitled

20  to discovery on these claims.

21    This request does not seek documents protected by the attorney-client

22  privilege, the attorney work product doctrine, or other applicable privileges.  To the

23  extent that Mattel contends that it does, Mattel must provide a privilege log.

24    Mattel objects that the request seeks confidential, proprietary and trade

25  secret information.  A Protective Order exists in this case, obviating any concern as

26  to protection of privacy rights and/or commercially sensitive information.

27    Mattel's relevance objection should be overruled.  MGA has alleged

28  trade dress claims related to "Bratz" and has alleged claims of unfair competition

1   based on Mattel's serial copying and imitation of MGA's products.  MGA has also

2   brought an affirmative defense of unclean hands, which is based in part, on a

3   specific allegation that Mattel hired Patel and attempted to gain confidential MGA

4   information from her.  As such, documents related to Patel are highly relevant and

5   likely to lead to the discovery of admissible evidence.

6          None of Mattel's improper objections are valid and Mattel is obligated

7   to produce all non-privileged responsive documents in its possession, custody, or

8   control.

9   **MATTEL'S RESPONSE:**

10          MGA bears the burden of showing that its discovery meets the

11   relevance requirements of <u>Rule</u> 26(b)(1).[104]  It has failed to do so.  MGA makes the

12   conclusory assertion that the requested documents are relevant because "MGA has

13   alleged trade dress claims related to 'Bratz' and has alleged claims of unfair

14   competition based on Mattel's serial copying and imitation of MGA products."  But

15   MGA does not even attempt to explain how all documents "referring or relating to"

16   communications with Tina Patel prior to her employment at Mattel—without regard

17   to subject matter--are relevant to those claims.  Indeed, MGA cannot show that its

18   claims relate to any purported use of its confidential information:  MGA's trade

19   dress claims are necessarily based on the premise that the aspects of Bratz that were

20   copied are so public that they have obtained a secondary meaning in the marketplace

21   and serve to identify MGA.

22          MGA also argues that the discovery is relevant because "MGA has also

23   brought an affirmative defense of unclean hands, which is based in part on a specific

24   allegation that Mattel hired Patel and attempted to gain confidential MGA

25   

26   [104]   <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27   bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL
    1390794 at *1 (S.D. Cal. 2009).

28

1   information from her." This is simply false. MGA has never made any allegations

2   regarding Tina Patel. Indeed, just last month MGA served an interrogatory response

3   purporting to set forth all facts in support of its affirmative defenses, including

4   unclean hands. ████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████████ [105]

6   MGA's claim here that it has made such allegations is simply contrary to the record

7   and its own prior statements regarding its defenses.

8          Nor would such an allegation--even if made--render the requested

9   documents relevant to a valid unclean hands defense in any event. As the Discovery

10  Master has recognized, "unclean hands does not constitute 'misconduct in the

11  abstract, unrelated to the claim to which it is asserted as a defense.'"[106] Jarrow

12  Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002). "It is

13  fundamental to [the] operation of the doctrine that the alleged misconduct ... relate

14  directly to the transaction concerning which the complaint is made." Dollar Sys.,

15  Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir. 1989). Accordingly,

16  courts will not allow discovery based on an unclean hands defense where the

17  "allegations of misconduct do not relate to the transactions ... forming the basis for

18  the complaint." Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 952 (S.D. Cal.

19  1996). Here, MGA does not even attempt to link the requested documents to any of

20  Mattel's claims in Phase 2, and therefore the discovery is not relevant.[107]

21

22

23

---

24  [105]  See MGA's Response to Mattel, Inc.'s Amended Supplemental Interrogatory

25  Regarding Defendants' Affirmative Defenses, dated August 31, 2009, Dart Decl.,
    Exh. 46.

26  [106]  See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl.,

27  Exh. 7.
    [107]  Id., at 24.

28

1        Moreover, given MGA's definition of "MATTEL" and "YOU,"[108] the

2   request would include even the most mundane communications between Tina Patel

3   and any current or former employee or agent of Mattel--including Ms. Patel's friends

4   and social acquaintances—and any document that even refers to such a

5   communication.  The burden of searching for and producing such documents far

6   outweighs any purported benefit to MGA.  "A trial court has a duty, of special

7   significance in lengthy and complex cases where the possibility of abuse is always

8   present, to supervise and limit discovery to protect parties and witnesses from

9   annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664

10  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

11  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

12  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

13  Discovery Master has held, a party may not propound document requests as part of a

14  fishing expedition or to discover new claims.[109]  Rivera v. NIBCO, Inc., 364 F.3d

15  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

16  to engage in 'fishing expeditions.'").

17        There is no basis for overruling Mattel's privilege objection.  MGA's

18  bald assertion that "[t]his request does not seek information protected by the

19  attorney-client privilege, the attorney work product doctrine, or other applicable

20  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

21  agreed that in general "all privileged documents would be logged except for

22

23

24

25  [108]  See MGA's Fifth Set of Requests for Production of Documents and Things
    in Case No. 05-2727, at 5, Rutowski Decl., Exh. 29.

26  [109]  See Order Granting In Part and Denying In Part Mattel's Motion for
27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
    1.

28

1   documents created after this action was filed on April 27, 2004."[110]  Although it

2   bears the burden of showing why this agreement should not be applied to a given

3   Request, MGA fails to do so.  Thus, to the extent  privileged documents fall within

4   the post lawsuit time period, they need not be included on Mattel's log.

5           Finally, MGA failed to meet and confer at all, much less in good faith,

6   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8   the moving party shall first identify each dispute, state the relief sought and identify

9   the authority supporting the requested relief in a meet and confer letter that shall be

10  served on all parties by facsimile or electronic mail. The parties shall have five court

11  days from the date of service of that letter to conduct an in-person conference to

12  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

13  confer, MGA had the burden to show the relevance of any requests it sought to

14  move on.[111]   At no point during the meet and confer process did MGA show why

15  this Request could be considered relevant to Phase 2 issues.[112]  Because MGA

16  refused to even attempt to make this showing, there was no possibility of a good

17  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

18  deny MGA's motion with respect to this Request on that grounds alone.

19

20

21

22

---

23   [110]   See Order Denying Mattel's Motion for Protective Order Limiting the
24   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
     3.
25   [111]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
26   bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
27   1390794 at *1 (S.D. Cal. May 14, 2009).
     [112]   See Webster Decl., ¶¶ 6-20.
28

1 **REQUEST FOR PRODUCTION NO. 496:**

2        All DOCUMENTS, including but not limited to all

3 COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO Tina

4 Patel prior to her date of hire by MATTEL.

5 **RESPONSE TO REQUEST NO. 496:**

6        In addition to the general objections stated above which are

7 incorporated herein by reference, Mattel objects to this Request on the grounds that

8 it is overbroad and unduly burdensome, including in that it seeks all documents on

9 this subject without limitation as to time, and regardless of whether such documents

10 relate to products, matters, or persons at issue in this case.  Mattel further objects to

11 the Request on the grounds that it seeks documents that are not relevant to this

12 action or likely to lead to the discovery of admissible evidence.  Mattel further

13 objects to this Request on the grounds that it seeks confidential, proprietary and

14 trade secret information, including such information that has no bearing on the

15 claims or defenses in this case.  Mattel further objects to this Request on the grounds

16 that it calls for the disclosure of information subject to the attorney-client privilege,

17 the attorney work-product doctrine and other applicable privileges.

18 **CORRECTED RESPONSE TO REQUEST NO. 496:**

19        In addition to the general objections stated above which are

20 incorporated herein by reference, Mattel objects to this Request on the grounds that

21 it is overbroad and unduly burdensome, including in that it seeks all documents on

22 this subject without limitation as to time, and regardless of whether such documents

23 relate to products, matters, or persons at issue in this case.  Mattel further objects to

24 the Request on the grounds that it seeks documents that are not relevant to this

25 action or likely to lead to the discovery of admissible evidence.  Mattel further

26 objects to this Request on the grounds that it seeks confidential, proprietary and

27 trade secret information, including such information that has no bearing on the

28 claims or defenses in this case.  Mattel further objects to this Request on the grounds

1  that it calls for the disclosure of information subject to the attorney-client privilege,

2  the attorney work-product doctrine and other applicable privileges.

3  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

4  **TO SHOULD BE COMPELLED**

5       Mattel has not agreed to produce any documents in response to this

6  request, relying on its improper boilerplate objections.  Mattel has refused to

7  confirm whether or not it has produced all non-privileged responsive documents or

8  whether it is withholding documents based on its objections in Phase 2.  Under the

9  Federal Rules of Civil Procedure, "an objection to part of a request must specify the

10  part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic

11  objections that fail to explain the basis for an objection with specificity are routinely

12  rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234

13  F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

14  burdensome and harassing' are improper – especially when a party fails to submit

15  any evidentiary declarations supporting such objections").  Accordingly, Mattel

16  must be compelled either to certify that it has produced all non-privileged

17  responsive documents or to produce all such documents by a date certain.

18       To the extent that Mattel is relying on its blanket objections, they are

19  not sustainable and do not justify Mattel's failure to produce documents.

20       As to overbreadth, Mattel provides no explanation, let alone the

21  required particularity, as to why this request is supposedly overly broad, nor can it

22  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

23  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

24  contrary, the request is narrowly tailored to seek information concerning Tina Patel,

25  an ex-MGA employee who was the "Bratz" brand manager from 8/02 to 5/03,

26  involved in marketing the MGA products at issue in MGA Phase 2 claims, and left

27  MGA to work for Mattel.

28

00505.07975/3121207.4

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FIVE)

1          As to burden, Mattel has not attempted to demonstrate why responding

2  to this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

4  173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.")

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9  has engaged in copying of MGA products and packaging, as well as a broad variety

10  of acts constituting unclean hands, including specifically the hiring of Patel and

11  attempting to gain confidential information about MGA from her.  MGA is entitled

12  to discovery on these claims.

13          This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16          Mattel objects that the request seeks confidential, proprietary and trade

17  secret information.  A Protective Order exists in this case, obviating any concern as

18  to protection of privacy rights and/or commercially sensitive information.

19          Mattel's relevance objection should be overruled.  MGA has alleged

20  trade dress claims related to "Bratz" and has alleged claims of unfair competition

21  based on Mattel's serial copying and imitation of MGA's products.  MGA has also

22  brought an affirmative defense of unclean hands, which is based in part, on a

23  specific allegation that Mattel hired Patel and attempted to gain confidential MGA

24  information from her.  As such, documents related to Patel are highly relevant and

25  likely to lead to the discovery of admissible evidence.

26          None of Mattel's improper objections are valid and Mattel is obligated

27  to produce all non-privileged responsive documents in its possession, custody, or

28  control.

**MATTEL'S RESPONSE:**

MGA bears the burden of showing that its discovery meets the relevance requirements of <u>Rule</u> 26(b)(1).[113]  It has failed to do so.  MGA makes the conclusory assertion that the requested documents relevant because "MGA has alleged trade dress claims related to 'Bratz' and has alleged claims of unfair competition based on Mattel's serial copying and imitation of MGA products."  But it does not even attempt to explain how this Request is relevant to those claims.  Indeed, MGA cannot show that its claims relate to any purported use of its confidential information:  MGA's trade dress claims are necessarily based on the premise that the aspects of Bratz that were copied are so public that they have obtained a secondary meaning in the marketplace and serve to identify MGA.

MGA also argues that the discovery is relevant because "MGA has also brought an affirmative defense of unclean hands, which is based in part on a specific allegation that Mattel hired Patel and attempted to gain confidential MGA information from her."  This is simply false.  MGA has never made any allegations regarding Tina Patel.  Indeed, just last month MGA served an interrogatory response purporting to set forth all facts in support of its affirmative defenses, including unclean hands. ███████████████████████████████████████████████████████████████████████████████.[114] MGA's claim here that it has made such allegations is simply contrary to the record and its own prior statements regarding its defenses.

---

[113]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[114]  <u>See</u> MGA's Response to Mattel, Inc.'s Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, dated August 31, 2009, Dart Decl., Exh. 46.

1        Nor would such an allegation--even if made--render the requested

2    documents relevant to a valid unclean hands defense in any event.   As the

3    Discovery Master has recognized, "unclean hands does not constitute 'misconduct in

4    the abstract, unrelated to the claim to which it is asserted as a defense.'"[115]   Jarrow

5    Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002).  "It is

6    fundamental to [the] operation of the doctrine that the alleged misconduct … relate

7    directly to the transaction concerning which the complaint is made." Dollar Sys.,

8    Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir. 1989).  Accordingly,

9    courts will not allow discovery based on an unclean hands defense where the

10   "allegations of misconduct do not relate to the transactions … forming the basis for

11   the complaint." Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 952 (S.D. Cal.

12   1996).  Here, MGA does not even attempt to link the Requested discovery to any of

13   Mattel's claims in Phase 2, and therefore the discovery is not relevant.[116]

14       Moreover, the request purportedly includes any communication to or

15   from any current or former Mattel employee--including Ms. Patel's friends and

16   social acquaintances—that even mentions Ms. Patel.  The burden of searching for

17   and producing such documents far outweighs any purported benefit to MGA.  "A

18   trial court has a duty, of special significance in lengthy and complex cases where the

19   possibility of abuse is always present, to supervise and limit discovery to protect

20   parties and witnesses from annoyance and excessive expense." Dolgow v.

21   Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

22   American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

23   Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

24   (same).  As the previous Discovery Master has held, a party may not propound

25

26   [115] See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl.,

27   Exh. 7.
     [116] Id., at 24.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FIVE)

1  document requests as part of a fishing expedition or to discover new claims.[117]

2  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

3  not condone the use of discovery to engage in 'fishing expeditions.'").

4         There is no basis for overruling Mattel's privilege objection.  MGA's

5  bald assertion that "[t]his request does not seek information protected by the

6  attorney-client privilege, the attorney work product doctrine, or other applicable

7  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

8  agreed that in general "all privileged documents would be logged except for

9  documents created after this action was filed on April 27, 2004."[118]  Although it

10  bears the burden of showing why this agreement should not be applied to a given

11  Request, MGA fails to do so.  Thus, to the extent  privileged documents fall within

12  the post lawsuit time period, they need not be included on Mattel's log.

13         Finally, MGA failed to meet and confer at all, much less in good faith,

14  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

15  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

16  the moving party shall first identify each dispute, state the relief sought and identify

17  the authority supporting the requested relief in a meet and confer letter that shall be

18  served on all parties by facsimile or electronic mail. The parties shall have five court

19  days from the date of service of that letter to conduct an in-person conference to

20  attempt to resolve the dispute.").  In order to engage in a meaningful meet and

21  confer, MGA had the burden to show the relevance of any requests it sought to

22

23  ———————————

24  [117]  See Order Granting In Part and Denying In Part Mattel's Motion for

25  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

26  [118]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1    move on.[119]   At no point during the meet and confer process did MGA show why

2    this Request could be considered relevant to Phase 2 issues.[120]   Because MGA

3    refused to even attempt to make this showing, there was no possibility of a good

4    faith meet and confer to resolve the parties' disputes.  The Discovery Master should

5    deny MGA's motion with respect to this Request on that grounds alone.

6    **REQUEST FOR PRODUCTION NO. 497:**

7            All DOCUMENTS, including but not limited to all

8    COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO Tina

9    Patel's resignation from MGA.

10   **RESPONSE TO REQUEST NO. 497:**

11           In addition to the general objections stated above which are

12   incorporated herein by reference, Mattel objects to this Request on the grounds that

13   it is overbroad and unduly burdensome, including in that it seeks all documents on

14   this subject without limitation as to time, and regardless of whether such documents

15   relate to products, matters, or persons at issue in this case.  Mattel further objects to

16   the Request on the grounds that it seeks documents that are not relevant to this

17   action or likely to lead to the discovery of admissible evidence.  Mattel further

18   objects to this Request on the grounds that it seeks confidential, proprietary and

19   trade secret information, including such information that has no bearing on the

20   claims or defenses in this case.  Mattel further objects to this Request on the grounds

21   that it calls for the disclosure of information subject to the attorney-client privilege,

22   the attorney work-product doctrine and other applicable privileges.

23

24

25   [119]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

26   bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

27   1390794 at *1 (S.D. Cal. May 14, 2009).

     [120]   See Webster Decl., ¶¶ 6-20.

28

**CORRECTED RESPONSE TO REQUEST NO. 497:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products, matters, or persons at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce any documents in response to this request, relying on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

1          To the extent that Mattel is relying on its blanket objections, they are

2    not sustainable and do not justify Mattel's failure to produce documents.

3          As to overbreadth, Mattel provides no explanation, let alone the

4    required particularity, as to why this request is supposedly overly broad, nor can it

5    do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

6    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek information concerning Tina Patel,

8    an ex-MGA employee who was the "Bratz" brand manager from 8/02 to 5/03,

9    involved in marketing the MGA products at issue in MGA Phase 2 claims, and left

10   MGA to work for Mattel.

11         As to burden, Mattel has not attempted to demonstrate why responding

12   to this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

14   173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.")

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19   has engaged in copying of MGA products and packaging, as well as a broad variety

20   of acts constituting unclean hands, including specifically the hiring of Patel and

21   attempting to gain confidential information about MGA from her.  MGA is entitled

22   to discovery on these claims.

23         This request does not seek documents protected by the attorney-client

24   privilege, the attorney work product doctrine, or other applicable privileges.  To the

25   extent that Mattel contends that it does, Mattel must provide a privilege log.

26         Mattel objects that the request seeks confidential, proprietary and trade

27   secret information.  A Protective Order exists in this case, obviating any concern as

28   to protection of privacy rights and/or commercially sensitive information.

1     Mattel's relevance objection should be overruled.  MGA has alleged

2 trade dress claims related to "Bratz" and has alleged claims of unfair competition

3 based on Mattel's serial copying and imitation of MGA's products.  MGA has also

4 brought an affirmative defense of unclean hands, which is based in part, on a

5 specific allegation that Mattel hired Patel and attempted to gain confidential MGA

6 information from her.  As such, documents related to Patel are highly relevant and

7 likely to lead to the discovery of admissible evidence.

8     None of Mattel's improper objections are valid and Mattel is obligated

9 to produce all non-privileged responsive documents in its possession, custody, or

10 control.

11 **MATTEL'S RESPONSE:**

12     MGA bears the burden of showing that its discovery meets the

13 relevance requirements of Rule 26(b)(1).[121]  It has failed to do so.  MGA makes the

14 conclusory assertion that the requested documents are relevant because "MGA has

15 alleged trade dress claims related to 'Bratz' and has alleged claims of unfair

16 competition based on Mattel's serial copying and imitation of MGA products" but

17 does not even attempt to explain how this Request is relevant to those claims.

18 Indeed, MGA cannot show that its claims relate to any purported use of its

19 confidential information:  MGA's trade dress claims are necessarily based on the

20 premise that the aspects of Bratz that were copied are so public that they have

21 obtained a secondary meaning in the marketplace and serve to identify MGA.

22     MGA also argues that the discovery is relevant because "MGA has also

23 brought an affirmative defense of unclean hands, which is based in part on a specific

24 allegation that Mattel hired Patel and attempted to gain confidential MGA

25 ―――――――――――

26 [121]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27 bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
1390794 at *1 (S.D. Cal. 2009).

28