1  information from her."  This is simply false.  MGA has never made any allegations

2  regarding Tina Patel.  Indeed, just last month MGA served an interrogatory response

3  purporting to set forth all facts in support of its affirmative defenses, including

4  unclean hands.  ███████████████████████████████████

5  ████████████████████████████████████████████████. [122]

6  MGA's claim here that it has made such allegations is simply contrary to the record

7  and its own prior statements regarding its defenses.

8           Nor would such an allegation--even if made--render the requested

9  documents relevant to a valid unclean hands defense in any event.  As the Discovery

10  Master has recognized, "unclean hands does not constitute 'misconduct in the

11  abstract, unrelated to the claim to which it is asserted as a defense.'"[123]  Jarrow

12  Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002).  "It is

13  fundamental to [the] operation of the doctrine that the alleged misconduct ... relate

14  directly to the transaction concerning which the complaint is made."  Dollar Sys.,

15  Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir. 1989).  Accordingly,

16  courts will not allow discovery based on an unclean hands defense where the

17  "allegations of misconduct do not relate to the transactions ... forming the basis for

18  the complaint."  Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 952 (S.D. Cal.

19  1996).  Here, MGA does not even attempt to link the Requested discovery to any of

20  Mattel's claims in Phase 2, and therefore the discovery is not relevant.

21           Moreover, the request purportedly includes any communication to or

22  from any current or former Mattel employee--including Ms. Patel's friends and

23  social acquaintances--that makes any mention of Ms. Patel's resignation from MGA.

24

25

26  [122]  See MGA's Response to Mattel, Inc.'s Amended Supplemental Interrogatory

27  Regarding Defendants' Affirmative Defenses, dated August 31, 2009, Dart Decl.,
    Exh. 46.

28

1   The burden of searching for and producing such documents far outweighs any
2   purported benefit to MGA. "A trial court has a duty, of special significance in
3   lengthy and complex cases where the possibility of abuse is always present, to
4   supervise and limit discovery to protect parties and witnesses from annoyance and
5   excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
6   also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
7   n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
8   1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a
9   party may not propound document requests as part of a fishing expedition or to
10  discover new claims.[124]   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.
11  2004) ("District courts need not condone the use of discovery to engage in 'fishing
12  expeditions.'").

13          There is no basis for overruling Mattel's privilege objection. MGA's
14  bald assertion that "[t]his request does not seek information protected by the
15  attorney-client privilege, the attorney work product doctrine, or other applicable
16  privileges" has no merit. Moreover, as MGA has itself argued, the parties have
17  agreed that in general "all privileged documents would be logged except for
18  documents created after this action was filed on April 27, 2004."[125]   Although it
19  bears the burden of showing why this agreement should not be applied to a given
20  Request, MGA fails to do so. Thus, to the extent privileged documents fall within
21  the post lawsuit time period, they need not be included on Mattel's log.

---

[123]   See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl., Exh. 7.
[124]   See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

1        Finally, MGA failed to meet and confer at all, much less in good faith,

2   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4   the moving party shall first identify each dispute, state the relief sought and identify

5   the authority supporting the requested relief in a meet and confer letter that shall be

6   served on all parties by facsimile or electronic mail. The parties shall have five court

7   days from the date of service of that letter to conduct an in-person conference to

8   attempt to resolve the dispute.").   In order to engage in a meaningful meet and

9   confer, MGA had the burden to show the relevance of any requests it sought to

10   move on.[126]   At no point during the meet and confer process did MGA show why

11   this Request could be considered relevant to Phase 2 issues.[127]   Because MGA

12   refused to even attempt to make this showing, there was no possibility of a good

13   faith meet and confer to resolve the parties' disputes.  The Discovery Master should

14   deny MGA's motion with respect to this Request on that grounds alone.

15   **REQUEST FOR PRODUCTION NO. 498:**

16        All DOCUMENTS, including but not limited to all

17   COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

18   compensation, money or any other item of value paid to Tina Patel, whether directly

19   or indirectly, by YOU.

20

21

22

---

23   [125]  See Order Denying Mattel's Motion for Protective Order Limiting the

24   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25   3.
    [126]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

26   bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

27   1390794 at *1 (S.D. Cal. May 14, 2009).
    [127]  See Webster Decl., ¶¶ 6-20.

28

1  **RESPONSE TO REQUEST NO. 498:**

2          In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it is overbroad and unduly burdensome, including in that it seeks all documents on

5  this subject without limitation as to time, and regardless of whether such documents

6  relate to products, matters, or persons at issue in this case.  Mattel further objects to

7  the Request on the grounds that it seeks documents that are not relevant to this

8  action or likely to lead to the discovery of admissible evidence.  Mattel further

9  objects to this Request on the grounds that it seeks confidential, proprietary and

10  trade secret information, including such information that has no bearing on the

11  claims or defenses in this case.  Mattel further objects to this Request on the grounds

12  that it calls for the disclosure of information subject to the attorney-client privilege,

13  the attorney work-product doctrine and other applicable privileges.

14  **CORRECTED RESPONSE TO REQUEST NO. 498:**

15          In addition to the general objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it is overbroad and unduly burdensome, including in that it seeks all documents on

18  this subject without limitation as to time, and regardless of whether such documents

19  relate to products, matters, or persons at issue in this case.  Mattel further objects to

20  the Request on the grounds that it seeks documents that are not relevant to this

21  action or likely to lead to the discovery of admissible evidence.  Mattel further

22  objects to this Request on the grounds that it seeks confidential, proprietary and

23  trade secret information, including such information that has no bearing on the

24  claims or defenses in this case.  Mattel further objects to this Request on the grounds

25  that it calls for the disclosure of information subject to the attorney-client privilege,

26  the attorney work-product doctrine and other applicable privileges.

27

28

1  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2  **TO SHOULD BE COMPELLED**

3        Mattel has not agreed to produce any documents in response to this

4  request, relying on its improper boilerplate objections.  Mattel has refused to

5  confirm whether or not it has produced all non-privileged responsive documents or

6  whether it is withholding documents based on its objections in Phase 2.  Under the

7  Federal Rules of Civil Procedure, "an objection to part of a request must specify the

8  part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

9  objections that fail to explain the basis for an objection with specificity are routinely

10 rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234

11 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

12 burdensome and harassing' are improper – especially when a party fails to submit

13 any evidentiary declarations supporting such objections").  Accordingly, Mattel

14 must be compelled either to certify that it has produced all non-privileged

15 responsive documents or to produce all such documents by a date certain.

16       To the extent that Mattel is relying on its blanket objections, they are

17 not sustainable and do not justify Mattel's failure to produce documents.

18       As to overbreadth, Mattel provides no explanation, let alone the

19 required particularity, as to why this request is supposedly overly broad, nor can it

20 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

21 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

22 contrary, the request is narrowly tailored to seek information concerning Tina Patel,

23 an ex-MGA employee who was the "Bratz" brand manager from 8/02 to 5/03,

24 involved in marketing the MGA products at issue in MGA Phase 2 claims, and left

25 MGA to work for Mattel.

26       As to burden, Mattel has not attempted to demonstrate why responding

27 to this request and/or producing responsive documents presents any burden.  This

28 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FIVE)

1  173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

2  request is unduly burdensome must allege specific facts which indicate the nature

3  and extent of the burden, usually by affidavit or other reliable evidence.")

4  Moreover, it is not unduly burdensome, as noted above, in that the request is

5  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6  has engaged in copying of MGA products and packaging, as well as a broad variety

7  of acts constituting unclean hands, including specifically the hiring of Patel and

8  attempting to gain confidential information about MGA from her.  MGA is entitled

9  to discovery on these claims.

10         This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13         Mattel objects that the request seeks confidential, proprietary and trade

14  secret information.  A Protective Order exists in this case, obviating any concern as

15  to protection of privacy rights and/or commercially sensitive information.

16         Mattel's relevance objection should be overruled.  MGA has alleged

17  trade dress claims related to "Bratz" and has alleged claims of unfair competition

18  based on Mattel's serial copying and imitation of MGA's products.  MGA has also

19  brought an affirmative defense of unclean hands, which is based in part, on a

20  specific allegation that Mattel hired Patel and attempted to gain confidential MGA

21  information from her.  As such, documents related to Patel are highly relevant and

22  likely to lead to the discovery of admissible evidence.

23         None of Mattel's improper objections are valid and Mattel is obligated

24  to produce all non-privileged responsive documents in its possession, custody, or

25  control.

26  **MATTEL'S RESPONSE:**

27         MGA's Request seeks information that has been specifically found non-

28  discoverable by the Discovery Master.  MGA asks for documents relating any

1   payment to Ms. Patel at any time.  Such documents would include every single

2   paycheck given to Ms. Patel as part of her ordinary salary since she began working

3   at Mattel.  This is exactly the type of information the Discovery Master has

4   previously shielded from discovery on grounds of overbreadth and burden.  In Order

5   No. 11, the Discovery Master limited an interrogatory by Mattel seeking all

6   payments made to former Mattel employees to seek only payments other than

7   ordinary salary and compensation.

8                    Therefore, the Discovery Master orders the MGA Parties

9                    to identify fully and separately each and every payment of

10                   money or other item of value that they have made or

11                   offered to pay to or on behalf of any 'former employee of

12                   Mattel' since January 1, 1998 but limits the definition of

13                   former Mattel employees to 'all individuals that the MGA

14                   Parties are aware of that worked for Mattel and who

15                   received any payment (***excluding ordinary salary and***

16                   ***benefits paid to such person while an MGA employee***)

17                   from the MGA Parties.'[128]

18   MGA should not be permitted to obtain more discovery than has been granted to

19   Mattel.

20                    MGA has failed to show that the requested documents meet the

21   relevance requirements of Rule 26(b)(1) in any event.[129]  MGA makes the

22   conclusory assertion that the documents sought are relevant because "MGA has

23   alleged trade dress claims related to 'Bratz' and has alleged claims of unfair

24

25

26

27   [128]   Phase 2 Discovery Master Amended Order No. 11, dated March 31, 2009, at 25, Dart Decl., Exh. 47.

28

1  competition based on Mattel's serial copying and imitation of MGA products."  But

2  MGA does not even attempt to explain how this Request is relevant to those claims.

3  Indeed, MGA cannot show that its claims relate to any purported use of its

4  confidential information:  MGA's trade dress claims are necessarily based on the

5  premise that the aspects of Bratz that were copied are so public that they have

6  obtained a secondary meaning in the marketplace and serve to identify MGA.

7         MGA also argues that the discovery is relevant because "MGA has also

8  brought an affirmative defense of unclean hands, which is based in part on a specific

9  allegation that Mattel hired Patel and attempted to gain confidential MGA

10  information from her."  This is simply false.  MGA has never made any allegations

11  regarding Tina Patel.  Indeed, just last month MGA served an interrogatory response

12  purporting to set forth all facts in support of its affirmative defenses, including

13  unclean hands.  Nowhere in those nearly two hundred pages is there any "specific

14  allegation" made that Mattel used Ms. Patel to gain access to MGA information.[130]

15  MGA's claim here that it has made such allegations is simply contrary to the record

16  and its own prior statements regarding its defenses.

17         Nor would such an allegation—even if made—render the requested

18  documents relevant to a valid unclean hands defense in any event.  As the Discovery

19  Master has recognized, "unclean hands does not constitute 'misconduct in the

20  abstract, unrelated to the claim to which it is asserted as a defense.'"[131]  Jarrow

21  Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002).  "It is

22

23

---

24  [129]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

25  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

26  [130]  See MGA's Response to Mattel, Inc.'s Amended Supplemental Interrogatory

27  Regarding Defendants' Affirmative Defenses, dated August 31, 2009, Dart Decl., Exh. 46.

28

1    fundamental to [the] operation of the doctrine that the alleged misconduct … relate

2    directly to the transaction concerning which the complaint is made." Dollar Sys.,

3    Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir. 1989).  Accordingly,

4    courts will not allow discovery based on an unclean hands defense where the

5    "allegations of misconduct do not relate to the transactions … forming the basis for

6    the complaint." Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 952 (S.D. Cal.

7    1996).  Here, MGA does not even attempt to link the Requested discovery to any of

8    Mattel's claims in Phase 2, and therefore the discovery is not relevant.[132]  "A trial

9    court has a duty, of special significance in lengthy and complex cases where the

10   possibility of abuse is always present, to supervise and limit discovery to protect

11   parties and witnesses from annoyance and excessive expense." Dolgow v.

12   Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

13   American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

14   Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

15   (same).  As the previous Discovery Master has held, a party may not propound

16   document requests as part of a fishing expedition or to discover new claims.[133]

17   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

18   not condone the use of discovery to engage in 'fishing expeditions.'").

19          The Request is also overbroad as it has no limitation as to time.  MGA

20   has previously taken the position that discovery regarding events that post-dating the

21   filing of the Complaint are not relevant.  See MGA Parties' Reply In Support of

22   Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13,

23   _____

24   [131]  See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl.,
     Exh. 7.
25   [132]  Id., at 24.

26   [133]  See Order Granting In Part and Denying In Part Mattel's Motion for
     Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
27   1.

28

1 | 2009, at 7 ( ██████████████████████████████████

2 | ███████████████████████████████████████████

3 | ██████████████.").[134]  The Discovery Master credited this argument in denying

4 | Mattel its requested discovery, ruling that Mattel's requests were not reasonably

5 | calculated to lead to the discovery of admissible evidence regarding Mattel's RICO

6 | counterclaim because the "RICO counterclaim (like the other counterclaims to be

7 | adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either

8 | Omni 808 Investors, LLC or Vision Capital, LLC came into existence . . . ."

9 | Discovery Matter Order No. 3, dated March 10, 2009, at 18.[135]  MGA offers no

10 | reason, nor could it consistent with judicial estoppel, why documents post-dating the

11 | filing of claims which do not allege continuing wrongdoing are relevant to those

12 | claims.  MGA should not be permitted to argue otherwise now in connection with its

13 | own requests for discovery that purportedly supports its unfair competition claims.

14 |         There is no basis for overruling Mattel's privilege objection.  MGA's

15 | bald assertion that "[t]his request does not seek information protected by the

16 | attorney-client privilege, the attorney work product doctrine, or other applicable

17 | privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

18 | agreed that in general "all privileged documents would be logged except for

19 | documents created after this action was filed on April 27, 2004."[136]  Although it

20 | bears the burden of showing why this agreement should not be applied to a given

21 | Request, MGA fails to do so.  Thus, to the extent  privileged documents fall within

22 | the post lawsuit time period, they need not be included on Mattel's log.

---

[134]  Dart Decl., Exh. 6.
[135]  Dart Decl., Exh. 7.
[136]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1          Finally, MGA failed to meet and confer at all, much less in good faith,

2   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4   the moving party shall first identify each dispute, state the relief sought and identify

5   the authority supporting the requested relief in a meet and confer letter that shall be

6   served on all parties by facsimile or electronic mail. The parties shall have five court

7   days from the date of service of that letter to conduct an in-person conference to

8   attempt to resolve the dispute.").   In order to engage in a meaningful meet and

9   confer, MGA had the burden to show the relevance of any requests it sought to

10  move on.[137]   At no point during the meet and confer process did MGA show why

11  this Request could be considered relevant to Phase 2 issues.[138]  Because MGA

12  refused to even attempt to make this showing, there was no possibility of a good

13  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

14  deny MGA's motion with respect to this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 499:**

16          All DOCUMENTS received by YOU, directly or indirectly, from Tina

17  Patel REFERRING OR RELATING TO any MGA product or plan.

18  **RESPONSE TO REQUEST NO. 499:**

19          In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case.  Mattel further

24

25   [137]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

26  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

27  1390794 at *1 (S.D. Cal. May 14, 2009).

     [138]   See Webster Decl., ¶¶ 6-20.

28

1   objects to the use of the term "any MGA product or plan" in this context as vague
2   and ambiguous.  Mattel further objects to the Request on the grounds that it seeks
3   documents that are not relevant to this action or likely to lead to the discovery of
4   admissible evidence.  Mattel further objects to this Request on the grounds that it
5   seeks confidential, proprietary and trade secret information, including such
6   information that has no bearing on the claims or defenses in this case.  Mattel further
7   objects to this Request on the grounds that it calls for the disclosure of information
8   subject to the attorney-client privilege, the attorney work-product doctrine and other
9   applicable privileges.

10  **CORRECTED RESPONSE TO REQUEST NO. 499:**

11          In addition to the general objections stated above which are
12  incorporated herein by reference, Mattel objects to this Request on the grounds that
13  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
14  documents on this subject without limitation as to time, and regardless of whether
15  such documents relate to products or matters at issue in this case.  Mattel further
16  objects to the use of the term "any MGA product or plan" in this context as vague
17  and ambiguous.  Mattel further objects to the Request on the grounds that it seeks
18  documents that are not relevant to this action or likely to lead to the discovery of
19  admissible evidence.  Mattel further objects to this Request on the grounds that it
20  seeks confidential, proprietary and trade secret information, including such
21  information that has no bearing on the claims or defenses in this case.  Mattel further
22  objects to this Request on the grounds that it calls for the disclosure of information
23  subject to the attorney-client privilege, the attorney work-product doctrine and other
24  applicable privileges.

25  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
26  **TO SHOULD BE COMPELLED**

27          Mattel has not agreed to produce any documents in response to this
28  request, relying on its improper boilerplate objections.  Mattel has refused to

1 | confirm whether or not it has produced all non-privileged responsive documents or

2 | whether it is withholding documents based on its objections in Phase 2.  Under the

3 | Federal Rules of Civil Procedure, "an objection to part of a request must specify the

4 | part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic

5 | objections that fail to explain the basis for an objection with specificity are routinely

6 | rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234

7 | F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

8 | burdensome and harassing' are improper – especially when a party fails to submit

9 | any evidentiary declarations supporting such objections").  Accordingly, Mattel

10 | must be compelled either to certify that it has produced all non-privileged

11 | responsive documents or to produce all such documents by a date certain.

12 | To the extent that Mattel is relying on its blanket objections, they are

13 | not sustainable and do not justify Mattel's failure to produce documents.

14 | As to overbreadth, Mattel provides no explanation, let alone the

15 | required particularity, as to why this request is supposedly overly broad, nor can it

16 | do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

17 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

18 | contrary, the request is narrowly tailored to seek information concerning Tina Patel,

19 | an ex-MGA employee who was the "Bratz" brand manager from 8/02 to 5/03,

20 | involved in marketing the MGA products at issue in MGA Phase 2 claims, and left

21 | MGA to work for Mattel.

22 | As to burden, Mattel has not attempted to demonstrate why responding

23 | to this request and/or producing responsive documents presents any burden.  This

24 | objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

25 | 173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

26 | request is unduly burdensome must allege specific facts which indicate the nature

27 | and extent of the burden, usually by affidavit or other reliable evidence.")

28 | Moreover, it is not unduly burdensome, as noted above, in that the request is

00505.07975/3121207.4

-117-

narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in copying of MGA products and packaging, as well as a broad variety of acts constituting unclean hands, including specifically the hiring of Patel and attempting to gain confidential information about MGA from her. MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request seeks confidential, proprietary and trade secret information. A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel's objection that the request is unintelligible and that the term "any MGA product or plan" is vague and ambiguous is disingenuous.

There is nothing vague about this, especially in the context of this suit. The parties have routinely sought discovery about each others "products" and "plans."

Mattel's relevance objection should be overruled. MGA has alleged trade dress claims related to "Bratz" and has alleged claims of unfair competition based on Mattel's serial copying and imitation of MGA's products. MGA has also brought an affirmative defense of unclean hands, which is based in part, on a specific allegation that Mattel hired Patel and attempted to gain confidential MGA information from her. As such, documents related to Patel are highly relevant and likely to lead to the discovery of admissible evidence.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

1 | **MATTEL'S RESPONSE:**

2 |       MGA must establish that its discovery meets the relevance

3 | requirements of <u>Rule</u> 26(b)(1).[139]  It has failed to do so.  This request seeks

4 | numerous documents that have no relevance to any of MGA's claims or defenses in

5 | this lawsuit.  MGA makes the conclusory assertion that the requested documents are

6 | relevant because "MGA has alleged trade dress claims related to 'Bratz' and has

7 | alleged claims of unfair competition based on Mattel's serial copying and imitation

8 | of MGA products."  But MGA makes no attempt to limit this request to any product

9 | that is the subject of those claims.

10 |       MGA also argues that the discovery is relevant because "MGA has also

11 | brought an affirmative defense of unclean hands, which is based in part on a specific

12 | allegation that Mattel hired Patel and attempted to gain confidential MGA

13 | information from her."  This is simply false.  MGA has never made any allegations

14 | regarding Tina Patel.  Indeed, just last month MGA served an interrogatory response

15 | purporting to set forth all facts in support of its affirmative defenses, including

16 | unclean hands.  Nowhere in those nearly two hundred pages is there any "specific

17 | allegation" made that Mattel used Ms. Patel to gain access to MGA information.[140]

18 | MGA's claim here that it has made such allegations is simply contrary to the record

19 | and its own prior statements regarding its defenses.

20 |       Nor would such an allegation—even if made—render the requested

21 | documents relevant to a valid unclean hands defense in any event.  As the Discovery

22 | Master has recognized, "unclean hands does not constitute 'misconduct in the

23 |

---

24 | [139]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

25 | bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

26 | [140]  <u>See</u> MGA's Response to Mattel, Inc.'s Amended Supplemental Interrogatory

27 | Regarding Defendants' Affirmative Defenses, dated August 31, 2009, Dart Decl., Exh. 46.

28 |

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FIVE)

1   abstract, unrelated to the claim to which it is asserted as a defense.'"[141] Jarrow

2   Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002). "It is

3   fundamental to [the] operation of the doctrine that the alleged misconduct … relate

4   directly to the transaction concerning which the complaint is made." Dollar Sys.,

5   Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir. 1989). Accordingly,

6   courts will not allow discovery based on an unclean hands defense where the

7   "allegations of misconduct do not relate to the transactions … forming the basis for

8   the complaint." Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 952 (S.D. Cal.

9   1996). Here, MGA does not even attempt to link the Requested discovery to any of

10  Mattel's claims in Phase 2, and therefore the discovery is not relevant.[142]  "A trial

11  court has a duty, of special significance in lengthy and complex cases where the

12  possibility of abuse is always present, to supervise and limit discovery to protect

13  parties and witnesses from annoyance and excessive expense." Dolgow v.

14  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

15  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

16  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

17  (same). As the previous Discovery Master has held, a party may not propound

18  document requests as part of a fishing expedition or to discover new claims.[143]

19  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

20  not condone the use of discovery to engage in 'fishing expeditions.'").

21          The Request is also overbroad as it has no limitation as to time.  MGA

22  has previously taken the position that discovery regarding events that post-dating the

23  _____

24  [141]  See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl.,
    Exh. 7.
25  [142]  Id., at 24.
26  [143]  See Order Granting In Part and Denying In Part Mattel's Motion for
    Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
27  1.

28

1  filing of the Complaint are not relevant. <u>See</u> MGA Parties' Reply In Support of

2  Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13,

3  2009, at 7 (██████████████████████████████████████████████

4  ████████████████████████████████████████████████████████

5  ██████████████.").[144]  The Discovery Master credited this argument in denying

6  Mattel its requested discovery, ruling that Mattel's requests were not reasonably

7  calculated to lead to the discovery of admissible evidence regarding Mattel's RICO

8  counterclaim because the "RICO counterclaim (like the other counterclaims to be

9  adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either

10  Omni 808 Investors, LLC or Vision Capital, LLC came into existence . . . ."

11  Discovery Matter Order No. 3, dated March 10, 2009, at 18.[145]  MGA offers no

12  reason, nor could it consistent with judicial estoppel, why documents post-dating the

13  filing of claims which do not allege continuing wrongdoing are relevant to those

14  claims.  MGA should not be permitted to argue otherwise now in connection with its

15  own requests for discovery that purportedly supports its unfair competition claims.

16      This Request is also overbroad and unduly burdensome.  MGA seeks

17  any documents received by Mattel from Ms. Patel that even mention MGA, for any

18  reason or at any point in time..  As discussed in the Pantel declaration, many Mattel

19  employees, including Ms. Patel, ██████████████████████████████

20  ████████████████████          ██████████████████████

21  ██████████████████████████████████████████

22  ██████████████████████████████████████████

23  ████████████████████████████████████████████████

24  ████████████████████████████████████████████████

25  _____

26  [144]  Dart Decl., Exh. 6.

27  [145]  Dart Decl., Exh. 7.

    [146]  <u>See</u> Pantel Dec. at ¶ 9, Dart Decl., Exh. 31.

28

1    █████████  If Ms. Patel ever used any of those documents, and then returned
2 them to Mattel, they would need to be produced here.  By failing to limit its Request
3 for documents either by time or to exclude public information, MGA has created a
4 Request that seeks information far broader than even its purported relevance
5 arguments could reach.

6         There is no basis for overruling Mattel's privilege objection.  MGA's
7 bald assertion that "[t]his request does not seek information protected by the
8 attorney-client privilege, the attorney work product doctrine, or other applicable
9 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
10 agreed that in general "all privileged documents would be logged except for
11 documents created after this action was filed on April 27, 2004."[148]  Although it
12 bears the burden of showing why this agreement should not be applied to a given
13 Request, MGA fails to do so.  Thus, to the extent  privileged documents fall within
14 the post lawsuit time period, they need not be included on Mattel's log.

15         Finally, MGA failed to meet and confer at all, much less in good faith,
16 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
17 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
18 the moving party shall first identify each dispute, state the relief sought and identify
19 the authority supporting the requested relief in a meet and confer letter that shall be
20 served on all parties by facsimile or electronic mail. The parties shall have five court
21 days from the date of service of that letter to conduct an in-person conference to
22 attempt to resolve the dispute.").  In order to engage in a meaningful meet and
23 confer, MGA had the burden to show the relevance of any requests it sought to

24

25    [147]  See Pantel Dec. at ¶ 7, Dart Decl., Exh. 31.
26    [148]  See Order Denying Mattel's Motion for Protective Order Limiting the
27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
3.
28

1  move on.[149]   At no point during the meet and confer process did MGA show why

2  this Request could be considered relevant to Phase 2 issues.[150]   Because MGA

3  refused to even attempt to make this showing, there was no possibility of a good

4  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

5  deny MGA's motion with respect to this Request on that grounds alone.

6  **REQUEST FOR PRODUCTION NO. 500:**

7          All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

9  YOUR receipt, reproduction, copying, storage, transmission, transfer, retention,

10  destruction, deletion or use of any DOCUMENTS, data and/or information,

11  including but not limited to any compilation of information, that was prepared,

12  made, created, generated, assembled or compiled by or for MGA and that YOU

13  received, directly or indirectly, from Tina Patel.

14  **RESPONSE TO REQUEST NO. 500:**

15          In addition to the general objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case.  Mattel further

20  objects to the use of the term "any compilation of information, that were prepared

21  made, created, generated, assembled or compiled by or for MGA" in this context as

22  vague and ambiguous.  Mattel further objects to the

23

24

25   [149]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

26  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

27  1390794 at *1 (S.D. Cal. May 14, 2009).
       [150]   See Webster Decl., ¶¶ 6-20.

28

1    Request on the grounds that it seeks documents that are not relevant to

2    this action or likely to lead to the discovery of admissible evidence. Mattel further

3    objects to this Request on the grounds that it seeks confidential, proprietary and

4    trade secret information, including such information that has no bearing on the

5    claims or defenses in this case. Mattel further objects to this Request on the grounds

6    that it calls for the disclosure of information subject to the attorney-client privilege,

7    the attorney work-product doctrine and other applicable privileges.

8    **CORRECTED RESPONSE TO REQUEST NO. 500:**

9    In addition to the general objections stated above which are

10   incorporated herein by reference, Mattel objects to this Request on the grounds that

11   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

12   documents on this subject without limitation as to time, and regardless of whether

13   such documents relate to products or matters at issue in this case. Mattel further

14   objects to the use of the term "any compilation of information, that were prepared

15   made, created, generated, assembled or compiled by or for MGA" in this context as

16   vague and ambiguous. Mattel further objects to the Request on the grounds that it

17   seeks documents that are not relevant to this action or likely to lead to the discovery

18   of admissible evidence. Mattel further objects to this Request on the grounds that it

19   seeks confidential, proprietary and trade secret information, including such

20   information that has no bearing on the claims or defenses in this case. Mattel further

21   objects to this Request on the grounds that it calls for the disclosure of information

22   subject to the attorney-client privilege, the attorney work-product doctrine and other

23   applicable privileges.

24   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

25   **TO SHOULD BE COMPELLED**

26   Mattel has not agreed to produce any documents in response to this

27   request, relying on its improper boilerplate objections. Mattel has refused to

28   confirm whether or not it has produced all non-privileged responsive documents or

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FIVE)

1  whether it is withholding documents based on its objections in Phase 2.  Under the

2  Federal Rules of Civil Procedure, "an objection to part of a request must specify the

3  part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

4  objections that fail to explain the basis for an objection with specificity are routinely

5  rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234

6  F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

7  burdensome and harassing' are improper – especially when a party fails to submit

8  any evidentiary declarations supporting such objections").  Accordingly, Mattel

9  must be compelled either to certify that it has produced all non-privileged

10  responsive documents or to produce all such documents by a date certain.

11        To the extent that Mattel is relying on its blanket objections, they are

12  not sustainable and do not justify Mattel's failure to produce documents.

13        As to overbreadth, Mattel provides no explanation, let alone the

14  required particularity, as to why this request is supposedly overly broad, nor can it

15  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

16  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

17  contrary, the request is narrowly tailored to seek information concerning Tina Patel,

18  an ex-MGA employee who was the "Bratz" brand manager from 8/02 to 5/03,

19  involved in marketing the MGA products at issue in MGA Phase 2 claims, and left

20  MGA to work for Mattel.

21        As to burden, Mattel has not attempted to demonstrate why responding

22  to this request and/or producing responsive documents presents any burden.  This

23  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

24  173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

25  request is unduly burdensome must allege specific facts which indicate the nature

26  and extent of the burden, usually by affidavit or other reliable evidence.")

27  Moreover, it is not unduly burdensome, as noted above, in that the request is

28  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

1   has engaged in copying of MGA products and packaging, as well as a broad variety

2   of acts constituting unclean hands, including specifically the hiring of Patel and

3   attempting to gain confidential information about MGA from her. MGA is entitled

4   to discovery on these claims.

5          This request does not seek documents protected by the attorney-client

6   privilege, the attorney work product doctrine, or other applicable privileges. To the

7   extent that Mattel contends that it does, Mattel must provide a privilege log.

8          Mattel objects that the request seeks confidential, proprietary and trade

9   secret information. A Protective Order exists in this case, obviating any concern as

10  to protection of privacy rights and/or commercially sensitive information.

11         Mattel's objection that the request is unintelligible and that the phrase

12  "any compilation of information, that were prepared made, created, generated,

13  assembled or compiled by or for MGA" is vague and ambiguous is disingenuous.

14  There is nothing vague about this, especially in the context of this suit. Mattel itself

15  has sought discovery from MGA using the same phrase and therefore has an

16  understanding of what it encompasses.

17         Mattel's relevance objection should be overruled. MGA has alleged

18  trade dress claims related to "Bratz" and has alleged claims of unfair competition

19  based on Mattel's serial copying and imitation of MGA's products. MGA has also

20  brought an affirmative defense of unclean hands, which is based in part, on a

21  specific allegation that Mattel hired Patel and attempted to gain confidential MGA

22  information from her. As such, documents related to Patel are highly relevant and

23  likely to lead to the discovery of admissible evidence.

24         None of Mattel's improper objections are valid and Mattel is obligated

25  to produce all non-privileged responsive documents in its possession, custody, or

26  control.

27

28

**MATTEL'S RESPONSE:**

MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1).[151] It has failed to do so. This request seeks numerous documents that have no relevance to any of MGA's claims or defenses in this lawsuit. MGA makes the conclusory assertion that the requested documents are relevant because "MGA has alleged trade dress claims related to 'Bratz' and has alleged claims of unfair competition based on Mattel's serial copying and imitation of MGA products." But MGA makes no attempt to limit this request to any product that is the subject of those claims.

MGA also argues that the discovery is relevant because "MGA has also brought an affirmative defense of unclean hands, which is based in part on a specific allegation that Mattel hired Patel and attempted to gain confidential MGA information from her." This is simply false. MGA has never made any allegations regarding Tina Patel. Indeed, just last month MGA served an interrogatory response purporting to set forth all facts in support of its affirmative defenses, including unclean hands. Nowhere in those nearly two hundred pages is there any "specific allegation" made that Mattel used Ms. Patel to gain access to MGA information.[152] MGA's claim here that it has made such allegations is simply contrary to the record and its own prior statements regarding its defenses.

Nor would such an allegation—even it had been made--render the requested documents relevant to a valid unclean hands defense in any event. As the Discovery Master has recognized, "unclean hands does not constitute 'misconduct in

---

[151] See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[152] See MGA's Response to Mattel, Inc.'s Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, dated August 31, 2009, Dart Decl., Exh. 46.

1  the abstract, unrelated to the claim to which it is asserted as a defense."[153]  Jarrow

2  Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002).  "It is

3  fundamental to [the] operation of the doctrine that the alleged misconduct … relate

4  directly to the transaction concerning which the complaint is made."  Dollar Sys.,

5  Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir. 1989).  Accordingly,

6  courts will not allow discovery based on an unclean hands defense where the

7  "allegations of misconduct do not relate to the transactions … forming the basis for

8  the complaint."  Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 952 (S.D. Cal.

9  1996).  Here, MGA does not even attempt to link the Requested discovery to any of

10  Mattel's claims in Phase 2, and therefore the discovery is not relevant.[154]  "A trial

11  court has a duty, of special significance in lengthy and complex cases where the

12  possibility of abuse is always present, to supervise and limit discovery to protect

13  parties and witnesses from annoyance and excessive expense."  Dolgow v.

14  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

15  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D. 1983) (same);

16  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

17  (same).  As the previous Discovery Master has held, a party may not propound

18  document requests as part of a fishing expedition or to discover new claims.[155]

19  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

20  not condone the use of discovery to engage in 'fishing expeditions.'").

21      The Request is also overbroad as it has no limitation as to time.  MGA

22  has previously taken the position that discovery regarding events that post-dating the

23

24  [153]  See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl.,
   Exh. 7.
25  [154]  Id., at 24.

26  [155]  See Order Granting In Part and Denying In Part Mattel's Motion for
   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
27  1.

28

1    filing of the Complaint are not relevant.  See MGA Parties' Reply In Support of

2    Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13,

3    2009, at 7 (████████████████████████████████████████████

4    ████████████████████████████████████████████████████████

5    ████████████████████")[156]  The Discovery Master credited this argument in denying

6    Mattel its requested discovery, ruling that Mattel's requests were not reasonably

7    calculated to lead to the discovery of admissible evidence regarding Mattel's RICO

8    counterclaim because the "RICO counterclaim (like the other counterclaims to be

9    adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either

10   Omni 808 Investors, LLC or Vision Capital, LLC came into existence . . . ."

11   Discovery Matter Order No. 3, dated March 10, 2009, at 18.[157]  MGA offers no

12   reason, nor could it consistent with judicial estoppel, why documents post-dating the

13   filing of claims which do not allege continuing wrongdoing are relevant to those

14   claims.  MGA should not be permitted to argue otherwise now in connection with its

15   own requests for discovery that purportedly supports its unfair competition claims.

16          There is no basis for overruling Mattel's privilege objection.  MGA's

17   bald assertion that "[t]his request does not seek information protected by the

18   attorney-client privilege, the attorney work product doctrine, or other applicable

19   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

20   agreed that in general "all privileged documents would be logged except for

21   documents created after this action was filed on April 27, 2004."[158]  Although it

22   bears the burden of showing why this agreement should not be applied to a given

23

24

25   [156]   Dart Decl., Exh. 6.

     [157]   Dart Decl., Exh. 7.

26   [158]   See Order Denying Mattel's Motion for Protective Order Limiting the

27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

     3.

28

1  Request, MGA fails to do so.  Thus, to the extent privileged documents fall within

2  the post lawsuit time period, they need not be included on Mattel's log.

3          Finally, MGA failed to meet and confer at all, much less in good faith,

4  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6  the moving party shall first identify each dispute, state the relief sought and identify

7  the authority supporting the requested relief in a meet and confer letter that shall be

8  served on all parties by facsimile or electronic mail. The parties shall have five court

9  days from the date of service of that letter to conduct an in-person conference to

10  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

11  confer, MGA had the burden to show the relevance of any requests it sought to

12  move on.[159]   At no point during the meet and confer process did MGA show why

13  this Request could be considered relevant to Phase 2 issues.[160]  Because MGA

14  refused to even attempt to make this showing, there was no possibility of a good

15  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

16  deny MGA's motion with respect to this Request on that grounds alone.

17  **REQUEST FOR PRODUCTION NO. 501:**

18          A copy of each personnel file maintained or created by YOU

19  REFERRING OR RELATING TO Tina Patel.

20  **RESPONSE TO REQUEST NO. 501:**

21          In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the grounds that

23  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

24

---

25  [159]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

26  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

27  1390794 at *1 (S.D. Cal. May 14, 2009).

  [160]   See Webster Decl., ¶¶ 6-20.

28

1   documents on this subject without limitation as to time, and regardless of whether

2   such documents relate to products, matters, or persons at issue in this case. Mattel

3   further objects to the Request on the grounds that it seeks documents that are not

4   relevant to this action or likely to lead to the discovery of admissible evidence.

5   Mattel further objects to this Request on the grounds that it seeks confidential,

6   proprietary and trade secret information, including such information that has no

7   bearing on the claims or defenses in this case. Mattel further objects to this Request

8   on the grounds that it calls for the disclosure of information subject to the attorney-

9   client privilege, the attorney work-product doctrine and other applicable privileges.

10   **CORRECTED RESPONSE TO REQUEST NO. 501:**

11           In addition to the general objections stated above which are

12   incorporated herein by reference, Mattel objects to this Request on the grounds that

13   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

14   documents on this subject without limitation as to time, and regardless of whether

15   such documents relate to products, matters, or persons at issue in this case. Mattel

16   further objects to the Request on the grounds that it seeks documents that are not

17   relevant to this action or likely to lead to the discovery of admissible evidence.

18   Mattel further objects to this Request on the grounds that it seeks confidential,

19   proprietary and trade secret information, including such information that has no

20   bearing on the claims or defenses in this case. Mattel further objects to this Request

21   on the grounds that it calls for the disclosure of information subject to the attorney-

22   client privilege, the attorney work-product doctrine and other applicable privileges.

23   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

24   **TO SHOULD BE COMPELLED**

25           Mattel has not agreed to produce any documents in response to this

26   request, relying on its improper boilerplate objections. Mattel has refused to

27   confirm whether or not it has produced all non-privileged responsive documents or

28   whether it is withholding documents based on its objections in Phase 2. Under the

1   Federal Rules of Civil Procedure, "an objection to part of a request must specify the

2   part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic

3   objections that fail to explain the basis for an objection with specificity are routinely

4   rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234

5   F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

6   burdensome and harassing' are improper – especially when a party fails to submit

7   any evidentiary declarations supporting such objections"). Accordingly, Mattel

8   must be compelled either to certify that it has produced all non-privileged

9   responsive documents or to produce all such documents by a date certain.

10        To the extent that Mattel is relying on its blanket objections, they are

11   not sustainable and do not justify Mattel's failure to produce documents.

12        As to overbreadth, Mattel provides no explanation, let alone the

13   required particularity, as to why this request is supposedly overly broad, nor can it

14   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

15   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

16   contrary, the request is narrowly tailored to seek information concerning Tina Patel,

17   an ex-MGA employee who was the "Bratz" brand manager from 8/02 to 5/03,

18   involved in marketing the MGA products at issue in MGA Phase 2 claims, and left

19   MGA to work for Mattel.

20        As to burden, Mattel has not attempted to demonstrate why responding

21   to this request and/or producing responsive documents presents any burden. This

22   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

23   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24   request is unduly burdensome must allege specific facts which indicate the nature

25   and extent of the burden, usually by affidavit or other reliable evidence.")

26   Moreover, it is not unduly burdensome, as noted above, in that the request is

27   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

28   has engaged in copying of MGA products and packaging, as well as a broad variety

1  of acts constituting unclean hands, including specifically the hiring of Patel and

2  attempting to gain confidential information about MGA from her.  MGA is entitled

3  to discovery on these claims.

4         This request does not seek documents protected by the attorney-client

5  privilege, the attorney work product doctrine, or other applicable privileges.  To the

6  extent that Mattel contends that it does, Mattel must provide a privilege log.

7         Mattel objects that the request seeks confidential, proprietary and trade

8  secret information.  A Protective Order exists in this case, obviating any concern as

9  to protection of privacy rights and/or commercially sensitive information.

10        Mattel's relevance objection should be overruled.  MGA has alleged

11  trade dress claims related to "Bratz" and has alleged claims of unfair competition

12  based on Mattel's serial copying and imitation of MGA's products.  MGA has also

13  brought an affirmative defense of unclean hands, which is based in part, on a

14  specific allegation that Mattel hired Patel and attempted to gain confidential MGA

15  information from her.  As such, documents related to Patel are highly relevant and

16  likely to lead to the discovery of admissible evidence.

17        Finally, Mattel's objection that the request is unintelligible is itself

18  unintelligible.  Mattel offers no explanation of what word or phrase it is unable to

19  understand.  Without an explanation of what part of the request Mattel is unable to

20  understand, the Court should overrule the objection.

21        None of Mattel's improper objections are valid and Mattel is obligated

22  to produce all non-privileged responsive documents in its possession, custody, or

23  control.

24

25

26

27

28

1  **MATTEL'S RESPONSE:**

2       MGA bears the burden of showing that its discovery meets the

3  relevance requirements of <u>Rule</u> 26(b)(1).[161]  It has failed to do so.  MGA makes the

4  conclusory assertion that the requested documents are relevant because "MGA has

5  alleged trade dress claims related to 'Bratz' and has alleged claims of unfair

6  competition based on Mattel's serial copying and imitation of MGA products."  But

7  does not even attempt to connect Ms. Patel—let alone the contents of her personnel

8  file—to those claims.

9       MGA also argues that the discovery is relevant because "MGA has also

10  brought an affirmative defense of unclean hands, which is based in part on a specific

11  allegation that Mattel hired Patel and attempted to gain confidential MGA

12  information from her."  This is simply false.  MGA has never made any allegations

13  regarding Tina Patel.  Indeed, just last month MGA served an interrogatory response

14  purporting to set forth all facts in support of its affirmative defenses, including

15  unclean hands.  Nowhere in those nearly two hundred pages is there any "specific

16  allegation" made that Mattel used Ms. Patel to gain access to MGA information.[162]

17  MGA's claim here that it has made such allegations is simply contrary to the record

18  and its own prior statements regarding its defenses.

19       Nor would such an allegation—even if made--render the requested

20  documents relevant to a valid unclean hands defense in any event.  As the Discovery

21  Master has recognized, "unclean hands does not constitute 'misconduct in the

22

23  _____

24  [161]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
25  bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL
    1390794 at *1 (S.D. Cal. 2009).
26  [162]  <u>See</u> MGA's Response to Mattel, Inc.'s Amended Supplemental Interrogatory
27  Regarding Defendants' Affirmative Defenses, dated August 31, 2009, Dart Decl.,
    Exh. 46.
28

1   abstract, unrelated to the claim to which it is asserted as a defense.'"[163] Jarrow

2   Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002). "It is

3   fundamental to [the] operation of the doctrine that the alleged misconduct … relate

4   directly to the transaction concerning which the complaint is made." Dollar Sys.,

5   Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir. 1989). Accordingly,

6   courts will not allow discovery based on an unclean hands defense where the

7   "allegations of misconduct do not relate to the transactions … forming the basis for

8   the complaint." Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 952 (S.D. Cal.

9   1996). Here, MGA does not even attempt to link the Requested discovery to any of

10   Mattel's claims in Phase 2, and therefore the discovery is not relevant.[164] "A trial

11   court has a duty, of special significance in lengthy and complex cases where the

12   possibility of abuse is always present, to supervise and limit discovery to protect

13   parties and witnesses from annoyance and excessive expense." Dolgow v.

14   Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

15   American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

16   Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

17   (same). As the previous Discovery Master has held, a party may not propound

18   document requests as part of a fishing expedition or to discover new claims.[165]

19   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

20   not condone the use of discovery to engage in 'fishing expeditions.'").

21         There is no basis for overruling Mattel's privilege objection. MGA's

22   bald assertion that "[t]his request does not seek information protected by the

23

24   [163] See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl.,

25   Exh. 7.

  [164] Id., at 24.

26   [165] See Order Granting In Part and Denying In Part Mattel's Motion for

27   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

  1.

28

1 | attorney-client privilege, the attorney work product doctrine, or other applicable
2 | privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
3 | agreed that in general "all privileged documents would be logged except for
4 | documents created after this action was filed on April 27, 2004."[166]  Although it
5 | bears the burden of showing why this agreement should not be applied to a given
6 | Request, MGA fails to do so.  Thus, to the extent  privileged documents fall within
7 | the post lawsuit time period, they need not be included on Mattel's log.

8 |      Finally, MGA failed to meet and confer at all, much less in good faith,
9 | regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
10 | Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
11 | the moving party shall first identify each dispute, state the relief sought and identify
12 | the authority supporting the requested relief in a meet and confer letter that shall be
13 | served on all parties by facsimile or electronic mail. The parties shall have five court
14 | days from the date of service of that letter to conduct an in-person conference to
15 | attempt to resolve the dispute.").   In order to engage in a meaningful meet and
16 | confer, MGA had the burden to show the relevance of any requests it sought to
17 | move on.[167]   At no point during the meet and confer process did MGA show why
18 | this Request could be considered relevant to Phase 2 issues.[168]  Because MGA
19 | refused to even attempt to make this showing, there was no possibility of a good
20 | faith meet and confer to resolve the parties' disputes.  The Discovery Master should
21 | deny MGA's motion with respect to this Request on that grounds alone.

22 |

23 | [166]  See Order Denying Mattel's Motion for Protective Order Limiting the
24 | Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
25 | 3.
  [167]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
26 | bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
27 | 1390794 at *1 (S.D. Cal. May 14, 2009).
  [168]  See Webster Decl., ¶¶ 6-20.

28 |

**REQUEST FOR PRODUCTION NO. 503:**

All COMMUNICATIONS between YOU and Christopher Hardouin prior to his date of hire by MATTEL.

**RESPONSE TO REQUEST NO. 503:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**CORRECTED RESPONSE TO REQUEST NO. 503:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it

1  calls for the disclosure of information subject to the attorney-client privilege, the

2  attorney work-product doctrine and other applicable privileges.

3  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

4  **TO SHOULD BE COMPELLED**

5  Mattel has not agreed to produce any documents in response to this

6  request, relying on its improper boilerplate objections.  Mattel has refused to

7  confirm whether or not it has produced all non-privileged responsive documents or

8  whether it is withholding documents based on its objections in Phase 2.  Under the

9  Federal Rules of Civil Procedure, "an objection to part of a request must specify the

10  part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic

11  objections that fail to explain the basis for an objection with specificity are routinely

12  rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234

13  F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

14  burdensome and harassing' are improper – especially when a party fails to submit

15  any evidentiary declarations supporting such objections").  Accordingly, Mattel

16  must be compelled either to certify that it has produced all non-privileged

17  responsive documents or to produce all such documents by a date certain.

18  To the extent that Mattel is relying on its blanket objections, they are

19  not sustainable and do not justify Mattel's failure to produce documents.

20  As to overbreadth, Mattel provides no explanation, let alone the

21  required particularity, as to why this request is supposedly overly broad, nor can it

22  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

23  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

24  contrary, the request is narrowly tailored to seek information concerning

25  Christopher Hardouin, an MGA project manager from 6/01 to 7/04, including work

26  on "Alien Racers," and currently works for Mattel.

27  As to burden, Mattel has not attempted to demonstrate why responding

28  to this request and/or producing responsive documents presents any burden.  This

1   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

2   173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

3   request is unduly burdensome must allege specific facts which indicate the nature

4   and extent of the burden, usually by affidavit or other reliable evidence.")

5   Moreover, it is not unduly burdensome, as noted above, in that the request is

6   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7   has engaged in copying of MGA products and packaging, including "Alien Racers",

8   which Hardouin worked on at MGA. MGA is entitled to discovery on these claims.

9           This request does not seek documents protected by the attorney-client

10   privilege, the attorney work product doctrine, or other applicable privileges.  To the

11   extent that Mattel contends that it does, Mattel must provide a privilege log.

12           Mattel objects that the request seeks confidential, proprietary and trade

13   secret information.  A Protective Order exists in this case, obviating any concern as

14   to protection of privacy rights and/or commercially sensitive information.

15           The requested documents are relevant.  MGA's complaint includes

16   trade dress claims against Mattel which rely, in part on allegations related to "Alien

17   Racers" and has alleged claims of unfair competition based on Mattel's serial

18   copying and imitation of MGA's products.  Documents related to Hardouin, who

19   previously worked on "Alien Racers" at MGA, are highly relevant and likely to lead

20   to the discovery of admissible evidence.

21           None of Mattel's improper objections are valid and Mattel is obligated

22   to produce all non-privileged responsive documents in its possession, custody, or

23   control.

24

25

26

27

28

1  **MATTEL'S RESPONSE:**

2          MGA bears the burden of showing that its discovery meets the

3  relevance requirements of <u>Rule</u> 26(b)(1).[169]  MGA makes the conclusory assertion

4  that the Requested discovery is relevant because "MGA's complaint includes trade

5  dress claims against Mattel which rely, in part on allegations related to 'Alien

6  Racers' and has alleged claims of unfair competition based on Mattel's serial

7  copying and imitation of MGA's products.  Documents related to Hardouin, who

8  previously worked on 'Alien Racers' at MGA, are highly relevant and likely to lead

9  to the discovery of admissible evidence."  But MGA has never alleged that Mattel's

10  alleged copying of MGA's products was the result of theft of confidential

11  information.  Indeed, MGA's trade dress and unfair competition claims are

12  necessarily based on the premise that the aspects of Bratz that were copied are so

13  public that they have obtained a secondary meaning in the marketplace and serve to

14  identify MGA, and that consumers are confused by the similarities between the

15  products.

16          There is no basis for overruling Mattel's privilege objection.  MGA's

17  bald assertion that "[t]his request does not seek information protected by the

18  attorney-client privilege, the attorney work product doctrine, or other applicable

19  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

20  agreed that in general "all privileged documents would be logged except for

21  documents created after this action was filed on April 27, 2004."[170]  Although it

22  bears the burden of showing why this agreement should not be applied to a given

23  _____

24  [169]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

25  bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

26  [170]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1 Request, MGA fails to do so.  Thus, to the extent  privileged documents fall within
2 the post lawsuit time period, they need not be included on Mattel's log.

3           Finally, MGA failed to meet and confer at all, much less in good faith,
4 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
5 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
6 the moving party shall first identify each dispute, state the relief sought and identify
7 the authority supporting the requested relief in a meet and confer letter that shall be
8 served on all parties by facsimile or electronic mail. The parties shall have five court
9 days from the date of service of that letter to conduct an in-person conference to
10 attempt to resolve the dispute.").   In order to engage in a meaningful meet and
11 confer, MGA had the burden to show the relevance of any requests it sought to
12 move on.[171]   At no point during the meet and confer process did MGA show why
13 this Request could be considered relevant to Phase 2 issues.[172]  Because MGA
14 refused to even attempt to make this showing, there was no possibility of a good
15 faith meet and confer to resolve the parties' disputes.  The Discovery Master should
16 deny MGA's motion with respect to this Request on that grounds alone.

17 **REQUEST FOR PRODUCTION NO. 504:**

18           All DOCUMENTS REFERRING OR RELATING TO
19 COMMUNICATIONS between YOU and Christopher Hardouin prior to his date of
20 hire by MATTEL, including but not limited to all calendar entries, phone logs,
21 phone records and notes reflecting such COMMUNICATIONS.

22
23
24

25  [171]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
26 bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
27 1390794 at *1 (S.D. Cal. May 14, 2009).
  [172]  See Webster Decl., ¶¶ 6-20.

28

1 **RESPONSE TO REQUEST NO. 504:**

2          In addition to the general objections stated above which are

3 incorporated herein by reference, Mattel objects to this Request on the grounds that

4 it is overbroad and unduly burdensome, including in that it seeks all documents on

5 this subject without limitation as to time, and regardless of whether such documents

6 relate to products, matters, or persons at issue in this case.  Mattel further objects to

7 the Request on the grounds that it seeks documents that are not relevant to this

8 action or likely to lead to the discovery of admissible evidence.  Mattel further

9 objects to this Request on the grounds that it seeks confidential, proprietary and

10 trade secret information, including such information that has no bearing on the

11 claims or defenses in this case.  Mattel further objects to this Request on the grounds

12 that it calls for the disclosure of information subject to the attorney-client privilege,

13 the attorney work-product doctrine and other applicable privileges.

14 **CORRECTED RESPONSE TO REQUEST NO. 504:**

15          In addition to the general objections stated above which are

16 incorporated herein by reference, Mattel objects to this Request on the grounds that

17 it is overbroad and unduly burdensome, including in that it seeks all documents on

18 this subject without limitation as to time, and regardless of whether such documents

19 relate to products, matters, or persons at issue in this case.  Mattel further objects to

20 the Request on the grounds that it seeks documents that are not relevant to this

21 action or likely to lead to the discovery of admissible evidence.  Mattel further

22 objects to this Request on the grounds that it seeks confidential, proprietary and

23 trade secret information, including such information that has no bearing on the

24 claims or defenses in this case.  Mattel further objects to this Request on the grounds

25 that it calls for the disclosure of information subject to the attorney-client privilege,

26 the attorney work-product doctrine and other applicable privileges.

27

28

1  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

2  **TO SHOULD BE COMPELLED**

3        Mattel has not agreed to produce any documents in response to this

4  request, relying on its improper boilerplate objections.  Mattel has refused to

5  confirm whether or not it has produced all non-privileged responsive documents or

6  whether it is withholding documents based on its objections in Phase 2.  Under the

7  Federal Rules of Civil Procedure, "an objection to part of a request must specify the

8  part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

9  objections that fail to explain the basis for an objection with specificity are routinely

10  rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234

11  F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

12  burdensome and harassing' are improper – especially when a party fails to submit

13  any evidentiary declarations supporting such objections").  Accordingly, Mattel

14  must be compelled either to certify that it has produced all non-privileged

15  responsive documents or to produce all such documents by a date certain.

16        To the extent that Mattel is relying on its blanket objections, they are

17  not sustainable and do not justify Mattel's failure to produce documents.

18        As to overbreadth, Mattel provides no explanation, let alone the

19  required particularity, as to why this request is supposedly overly broad, nor can it

20  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

21  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

22  contrary, the request is narrowly tailored to seek information concerning

23  Christopher Hardouin, an MGA project manager from 6/01 to 7/04, including work

24  on "Alien Racers," and currently works for Mattel.

25        As to burden, Mattel has not attempted to demonstrate why responding

26  to this request and/or producing responsive documents presents any burden.  This

27  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

28  173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

1    request is unduly burdensome must allege specific facts which indicate the nature

2    and extent of the burden, usually by affidavit or other reliable evidence.")

3    Moreover, it is not unduly burdensome, as noted above, in that the request is

4    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

5    has engaged in copying of MGA products and packaging, including "Alien Racers",

6    which Hardouin worked on at MGA. MGA is entitled to discovery on these claims.

7        This request does not seek documents protected by the attorney-client

8    privilege, the attorney work product doctrine, or other applicable privileges.  To the

9    extent that Mattel contends that it does, Mattel must provide a privilege log.

10       Mattel objects that the request seeks confidential, proprietary and trade

11    secret information.  A Protective Order exists in this case, obviating any concern as

12    to protection of privacy rights and/or commercially sensitive information.

13       The requested documents are relevant.  MGA's complaint includes

14    trade dress claims against Mattel which rely, in part on allegations related to "Alien

15    Racers" and has alleged claims of unfair competition based on Mattel's serial

16    copying and imitation of MGA's products.  Documents related to Hardouin, who

17    previously worked on "Alien Racers" at MGA, are highly relevant and likely to lead

18    to the discovery of admissible evidence.

19       None of Mattel's improper objections are valid and Mattel is obligated

20    to produce all non-privileged responsive documents in its possession, custody, or

21    control.

22    **MATTEL'S RESPONSE:**

23       MGA bears the burden of showing that its discovery meets the

24    relevance requirements of <u>Rule</u> 26(b)(1).[173]  MGA makes the conclusory assertion

25

26    [173]   <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27    bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

1  that the Requested discovery is relevant because "MGA's complaint includes trade
2  dress claims against Mattel which rely, in part on allegations related to 'Alien
3  Racers' and has alleged claims of unfair competition based on Mattel's serial
4  copying and imitation of MGA's products.  Documents related to Hardouin, who
5  previously worked on 'Alien Racers' at MGA, are highly relevant and likely to lead
6  to the discovery of admissible evidence."  But MGA has never alleged that Mattel's
7  alleged copying of MGA's products was the result of theft of confidential
8  information.  Indeed, MGA's trade dress and unfair competition claims are
9  necessarily based on the premise that the aspects of Bratz that were copied are so
10  public that they have obtained a secondary meaning in the marketplace and serve to
11  identify MGA, and that consumers are confused by the similarities between the
12  products.

13         There is no basis for overruling Mattel's privilege objection.  MGA's
14  bald assertion that "[t]his request does not seek information protected by the
15  attorney-client privilege, the attorney work product doctrine, or other applicable
16  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
17  agreed that in general "all privileged documents would be logged except for
18  documents created after this action was filed on April 27, 2004."[174]  Although it
19  bears the burden of showing why this agreement should not be applied to a given
20  Request, MGA fails to do so.  Thus, to the extent privileged documents fall within
21  the post lawsuit time period, they need not be included on Mattel's log.

22         Finally, MGA failed to meet and confer at all, much less in good faith,
23  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
24  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

25  _____

26  [174]  See Order Denying Mattel's Motion for Protective Order Limiting the
   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
27  3.

28

1  the moving party shall first identify each dispute, state the relief sought and identify

2  the authority supporting the requested relief in a meet and confer letter that shall be

3  served on all parties by facsimile or electronic mail. The parties shall have five court

4  days from the date of service of that letter to conduct an in-person conference to

5  attempt to resolve the dispute."). In order to engage in a meaningful meet and

6  confer, MGA had the burden to show the relevance of any requests it sought to

7  move on.[175] At no point during the meet and confer process did MGA show why

8  this Request could be considered relevant to Phase 2 issues.[176] Because MGA

9  refused to even attempt to make this showing, there was no possibility of a good

10  faith meet and confer to resolve the parties' disputes. The Discovery Master should

11  deny MGA's motion with respect to this Request on that grounds alone.

12  **REQUEST FOR PRODUCTION NO. 505:**

13  All DOCUMENTS, including but not limited to all

14  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

15  Christopher Hardouin prior to his date of hire by MATTEL.

16  **RESPONSE TO REQUEST NO. 505:**

17  In addition to the general objections stated above which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it is overbroad and unduly burdensome, including in that it seeks all documents on

20  this subject without limitation as to time, and regardless of whether such documents

21  relate to products, matters, or persons at issue in this case. Mattel further objects to

22  the Request on the grounds that it seeks documents that are not relevant to this

23  action or likely to lead to the discovery of admissible evidence. Mattel further

---

25  [175] See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

26  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

27  1390794 at *1 (S.D. Cal. May 14, 2009).

[176] See Webster Decl., ¶¶ 6-20.

1  objects to this Request on the grounds that it seeks confidential, proprietary and

2  trade secret information, including such information that has no bearing on the

3  claims or defenses in this case.  Mattel further objects to this Request on the grounds

4  that it calls for the disclosure of information subject to the attorney-client privilege,

5  the attorney work-product doctrine and other applicable privileges.

6  **CORRECTED RESPONSE TO REQUEST NO. 505:**

7       In addition to the general objections stated above which are

8  incorporated herein by reference, Mattel objects to this Request on the grounds that

9  it is overbroad and unduly burdensome, including in that it seeks all documents on

10 this subject without limitation as to time, and regardless of whether such documents

11 relate to products, matters, or persons at issue in this case.  Mattel further objects to

12 the Request on the grounds that it seeks documents that are not relevant to this

13 action or likely to lead to the discovery of admissible evidence.  Mattel further

14 objects to this Request on the grounds that it seeks confidential, proprietary and

15 trade secret information, including such information that has no bearing on the

16 claims or defenses in this case.  Mattel further objects to this Request on the grounds

17 that it calls for the disclosure of information subject to the attorney-client privilege,

18 the attorney work-product doctrine and other applicable privileges.

19 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

20 **TO SHOULD BE COMPELLED**

21      Mattel has not agreed to produce any documents in response to this

22 request, relying on its improper boilerplate objections.  Mattel has refused to

23 confirm whether or not it has produced all non-privileged responsive documents or

24 whether it is withholding documents based on its objections in Phase 2.  Under the

25 Federal Rules of Civil Procedure, "an objection to part of a request must specify the

26 part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic

27 objections that fail to explain the basis for an objection with specificity are routinely

28 rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234

1    F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

2    burdensome and harassing' are improper – especially when a party fails to submit

3    any evidentiary declarations supporting such objections").  Accordingly, Mattel

4    must be compelled either to certify that it has produced all non-privileged

5    responsive documents or to produce all such documents by a date certain.

6            To the extent that Mattel is relying on its blanket objections, they are

7    not sustainable and do not justify Mattel's failure to produce documents.

8            As to overbreadth, Mattel provides no explanation, let alone the

9    required particularity, as to why this request is supposedly overly broad, nor can it

10   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

11   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12   contrary, the request is narrowly tailored to seek information concerning

13   Christopher Hardouin, an MGA project manager from 6/01 to 7/04, including work

14   on "Alien Racers," and currently works for Mattel.

15           As to burden, Mattel has not attempted to demonstrate why responding

16   to this request and/or producing responsive documents presents any burden.  This

17   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

18   173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

19   request is unduly burdensome must allege specific facts which indicate the nature

20   and extent of the burden, usually by affidavit or other reliable evidence.")

21   Moreover, it is not unduly burdensome, as noted above, in that the request is

22   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23   has engaged in copying of MGA products and packaging, including "Alien Racers",

24   which Hardouin worked on at MGA. MGA is entitled to discovery on these claims.

25           This request does not seek documents protected by the attorney-client

26   privilege, the attorney work product doctrine, or other applicable privileges.  To the

27   extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1         Mattel objects that the request seeks confidential, proprietary and trade

2    secret information.  A Protective Order exists in this case, obviating any concern as

3    to protection of privacy rights and/or commercially sensitive information.

4         The requested documents are relevant.  MGA's complaint includes

5    trade dress claims against Mattel which rely, in part on allegations related to "Alien

6    Racers" and has alleged claims of unfair competition based on Mattel's serial

7    copying and imitation of MGA's products.  Documents related to Hardouin, who

8    previously worked on "Alien Racers" at MGA, are highly relevant and likely to lead

9    to the discovery of admissible evidence.

10        None of Mattel's improper objections are valid and Mattel is obligated

11   to produce all non-privileged responsive documents in its possession, custody, or

12   control.

13   **MATTEL'S RESPONSE:**

14        MGA bears the burden of showing that its discovery meets the

15   relevance requirements of <u>Rule</u> 26(b)(1).[177]  MGA makes the conclusory assertion

16   that the Requested discovery is relevant because "MGA's complaint includes trade

17   dress claims against Mattel which rely, in part on allegations related to 'Alien

18   Racers' and has alleged claims of unfair competition based on Mattel's serial

19   copying and imitation of MGA's products.  Documents related to Hardouin, who

20   previously worked on 'Alien Racers' at MGA, are highly relevant and likely to lead

21   to the discovery of admissible evidence."  But MGA has never alleged that Mattel's

22   alleged copying of MGA's products was the result of theft of confidential

23   information.  Indeed, MGA's trade dress and unfair competition claims are

24   necessarily based on the premise that the aspects of Bratz that were copied are so

25

---

26   [177]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27   bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL
     1390794 at *1 (S.D. Cal. 2009).

28

1  public that they have obtained a secondary meaning in the marketplace and serve to

2  identify MGA, and that consumers are confused by the similarities between the

3  products.

4          There is no basis for overruling Mattel's privilege objection.  MGA's

5  bald assertion that "[t]his request does not seek information protected by the

6  attorney-client privilege, the attorney work product doctrine, or other applicable

7  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

8  agreed that in general "all privileged documents would be logged except for

9  documents created after this action was filed on April 27, 2004."[178]  Although it

10  bears the burden of showing why this agreement should not be applied to a given

11  Request, MGA fails to do so.  Thus, to the extent  privileged documents fall within

12  the post lawsuit time period, they need not be included on Mattel's log.

13          Finally, MGA failed to meet and confer at all, much less in good faith,

14  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

15  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

16  the moving party shall first identify each dispute, state the relief sought and identify

17  the authority supporting the requested relief in a meet and confer letter that shall be

18  served on all parties by facsimile or electronic mail. The parties shall have five court

19  days from the date of service of that letter to conduct an in-person conference to

20  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

21  confer, MGA had the burden to show the relevance of any requests it sought to

22  move on.[179]   At no point during the meet and confer process did MGA show why

23

---

24  [178]  See Order Denying Mattel's Motion for Protective Order Limiting the

25  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

26  [179]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  this Request could be considered relevant to Phase 2 issues.[180]  Because MGA

2  refused to even attempt to make this showing, there was no possibility of a good

3  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

4  deny MGA's motion with respect to this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 506:**

6        All DOCUMENTS, including but not limited to all

7  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

8  Christopher Hardouin's resignation from MGA.

9  **RESPONSE TO REQUEST NO. 506:**

10        In addition to the general objections stated above which are

11  incorporated herein by reference, Mattel objects to this Request on the grounds that

12  it is overbroad and unduly burdensome, including in that it seeks all documents on

13  this subject without limitation as to time, and regardless of whether such documents

14  relate to products, matters, or persons at issue in this case.  Mattel further objects to

15  the Request on the grounds that it seeks documents that are not relevant to this

16  action or likely to lead to the discovery of admissible evidence.  Mattel further

17  objects to this Request on the grounds that it seeks confidential, proprietary and

18  trade secret information, including such information that has no bearing on the

19  claims or defenses in this case.  Mattel further objects to this Request on the grounds

20  that it calls for the disclosure of information subject to the attorney-client privilege,

21  the attorney work-product doctrine and other applicable privileges.

22  **CORRECTED RESPONSE TO REQUEST NO. 506:**

23        In addition to the general objections stated above which are

24  incorporated herein by reference, Mattel objects to this Request on the grounds that

25  it is overbroad and unduly burdensome, including in that it seeks all documents on

---

[180]  See Webster Decl., ¶¶ 6-20.

00505.07975/3121207.4

1 | this subject without limitation as to time, and regardless of whether such documents
2 | relate to products, matters, or persons at issue in this case. Mattel further objects to
3 | the Request on the grounds that it seeks documents that are not relevant to this
4 | action or likely to lead to the discovery of admissible evidence. Mattel further
5 | objects to this Request on the grounds that it seeks confidential, proprietary and
6 | trade secret information, including such information that has no bearing on the
7 | claims or defenses in this case. Mattel further objects to this Request on the grounds
8 | that it calls for the disclosure of information subject to the attorney-client privilege,
9 | the attorney work-product doctrine and other applicable privileges.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce any documents in response to this request, relying on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it

1 | do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

2 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

3 | contrary, the request is narrowly tailored to seek information concerning

4 | Christopher Hardouin, an MGA project manager from 6/01 to 7/04, including work

5 | on "Alien Racers," and currently works for Mattel.

6 | As to burden, Mattel has not attempted to demonstrate why responding

7 | to this request and/or producing responsive documents presents any burden.  This

8 | objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

9 | 173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

10 | request is unduly burdensome must allege specific facts which indicate the nature

11 | and extent of the burden, usually by affidavit or other reliable evidence.")

12 | Moreover, it is not unduly burdensome, as noted above, in that the request is

13 | narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

14 | has engaged in copying of MGA products and packaging, including "Alien Racers",

15 | which Hardouin worked on at MGA. MGA is entitled to discovery on these claims.

16 | This request does not seek documents protected by the attorney-client

17 | privilege, the attorney work product doctrine, or other applicable privileges.  To the

18 | extent that Mattel contends that it does, Mattel must provide a privilege log.

19 | Mattel objects that the request seeks confidential, proprietary and trade

20 | secret information.  A Protective Order exists in this case, obviating any concern as

21 | to protection of privacy rights and/or commercially sensitive information.

22 | The requested documents are relevant.  MGA's complaint includes

23 | trade dress claims against Mattel which rely, in part on allegations related to "Alien

24 | Racers" and has alleged claims of unfair competition based on Mattel's serial

25 | copying and imitation of MGA's products.  Documents related to Hardouin, who

26 | previously worked on "Alien Racers" at MGA, are highly relevant and likely to lead

27 | to the discovery of admissible evidence.

28 |

1    None of Mattel's improper objections are valid and Mattel is obligated

2  to produce all non-privileged responsive documents in its possession, custody, or

3  control.

4  **MATTEL'S RESPONSE:**

5    MGA bears the burden of showing that its discovery meets the

6  relevance requirements of Rule 26(b)(1).[181]  MGA makes the conclusory assertion

7  that the Requested discovery is relevant because "MGA's complaint includes trade

8  dress claims against Mattel which rely, in part on allegations related to 'Alien

9  Racers' and has alleged claims of unfair competition based on Mattel's serial

10  copying and imitation of MGA's products.  Documents related to Hardouin, who

11  previously worked on 'Alien Racers' at MGA, are highly relevant and likely to lead

12  to the discovery of admissible evidence."  But MGA has never alleged that Mattel's

13  alleged copying of MGA's products was the result of theft of confidential

14  information.  Indeed, MGA's trade dress and unfair competition claims are

15  necessarily based on the premise that the aspects of Bratz that were copied are so

16  public that they have obtained a secondary meaning in the marketplace and serve to

17  identify MGA, and that consumers are confused by the similarities between the

18  products.

19    There is no basis for overruling Mattel's privilege objection.  MGA's

20  bald assertion that "[t]his request does not seek information protected by the

21  attorney-client privilege, the attorney work product doctrine, or other applicable

22  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

23  agreed that in general "all privileged documents would be logged except for

24

25

---

26  [181]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

1  documents created after this action was filed on April 27, 2004."[182]  Although it

2  bears the burden of showing why this agreement should not be applied to a given

3  Request, MGA fails to do so.  Thus, to the extent privileged documents fall within

4  the post lawsuit time period, they need not be included on Mattel's log.

5          Finally, MGA failed to meet and confer at all, much less in good faith,

6  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8  the moving party shall first identify each dispute, state the relief sought and identify

9  the authority supporting the requested relief in a meet and confer letter that shall be

10  served on all parties by facsimile or electronic mail. The parties shall have five court

11  days from the date of service of that letter to conduct an in-person conference to

12  attempt to resolve the dispute.").  In order to engage in a meaningful meet and

13  confer, MGA had the burden to show the relevance of any requests it sought to

14  move on.[183]  At no point during the meet and confer process did MGA show why

15  this Request could be considered relevant to Phase 2 issues.[184]  Because MGA

16  refused to even attempt to make this showing, there was no possibility of a good

17  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

18  deny MGA's motion with respect to this Request on that grounds alone.

19  **REQUEST FOR PRODUCTION NO. 507:**

20          All DOCUMENTS, including but not limited to all

21  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

22  

---

23  [182]  See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.

    [183]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

26  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

27  1390794 at *1 (S.D. Cal. May 14, 2009).

    [184]  See Webster Decl., ¶¶ 6-20.

28

1 | compensation, money or any other item of value paid to Christopher Hardouin,

2 | whether directly or indirectly, by YOU.

3 | **RESPONSE TO REQUEST NO. 507:**

4 |       In addition to the general objections stated above which are

5 | incorporated herein by reference, Mattel objects to this Request on the grounds that

6 | it is overbroad and unduly burdensome, including in that it seeks all documents on

7 | this subject without limitation as to time, and regardless of whether such documents

8 | relate to products, matters, or persons at issue in this case.  Mattel further objects to

9 | the Request on the grounds that it seeks documents that are not relevant to this

10 | action or likely to lead to the discovery of admissible evidence.  Mattel further

11 | objects to this Request on the grounds that it seeks confidential, proprietary and

12 | trade secret information, including such information that has no bearing on the

13 | claims or defenses in this case.  Mattel further objects to this Request on the grounds

14 | that it calls for the disclosure of information subject to the attorney-client privilege,

15 | the attorney work-product doctrine and other applicable privileges.

16 | **CORRECTED RESPONSE TO REQUEST NO. 507:**

17 |       In addition to the general objections stated above which are

18 | incorporated herein by reference, Mattel objects to this Request on the grounds that

19 | it is overbroad and unduly burdensome, including in that it seeks all documents on

20 | this subject without limitation as to time, and regardless of whether such documents

21 | relate to products, matters, or persons at issue in this case.  Mattel further objects to

22 | the Request on the grounds that it seeks documents that are not relevant to this

23 | action or likely to lead to the discovery of admissible evidence.  Mattel further

24 | objects to this Request on the grounds that it seeks confidential, proprietary and

25 | trade secret information, including such information that has no bearing on the

26 | claims or defenses in this case.  Mattel further objects to this Request on the grounds

27 | that it calls for the disclosure of information subject to the attorney-client privilege,

28 | the attorney work-product doctrine and other applicable privileges.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce any documents in response to this request, relying on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek information concerning Christopher Hardouin, an MGA project manager from 6/01 to 7/04, including work on "Alien Racers," and currently works for Mattel.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

1  request is unduly burdensome must allege specific facts which indicate the nature
2  and extent of the burden, usually by affidavit or other reliable evidence.")
3  Moreover, it is not unduly burdensome, as noted above, in that the request is
4  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
5  has engaged in copying of MGA products and packaging, including "Alien Racers",
6  which Hardouin worked on at MGA. MGA is entitled to discovery on these claims.

7       This request does not seek documents protected by the attorney-client
8  privilege, the attorney work product doctrine, or other applicable privileges. To the
9  extent that Mattel contends that it does, Mattel must provide a privilege log.

10      Mattel objects that the request seeks confidential, proprietary and trade
11  secret information. A Protective Order exists in this case, obviating any concern as
12  to protection of privacy rights and/or commercially sensitive information.

13      The requested documents are relevant. MGA's complaint includes
14  trade dress claims against Mattel which rely, in part on allegations related to "Alien
15  Racers" and has alleged claims of unfair competition based on Mattel's serial
16  copying and imitation of MGA's products. Documents related to Hardouin, who
17  previously worked on "Alien Racers" at MGA, are highly relevant and likely to lead
18  to the discovery of admissible evidence.

19      None of Mattel's improper objections are valid and Mattel is obligated
20  to produce all non-privileged responsive documents in its possession, custody, or
21  control.

22  **MATTEL'S RESPONSE:**

23      MGA bears the burden of showing that its discovery meets the
24  relevance requirements of <u>Rule</u> 26(b)(1).[185] MGA makes the conclusory assertion

25

---

26  [185] <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27  bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL
    1390794 at *1 (S.D. Cal. 2009).

28

1 | that the Requested discovery is relevant because "MGA's complaint includes trade
2 | dress claims against Mattel which rely, in part on allegations related to 'Alien
3 | Racers' and has alleged claims of unfair competition based on Mattel's serial
4 | copying and imitation of MGA's products. Documents related to Hardouin, who
5 | previously worked on 'Alien Racers' at MGA, are highly relevant and likely to lead
6 | to the discovery of admissible evidence." But MGA has never alleged that Mattel's
7 | alleged copying of MGA's products was the result of theft of confidential
8 | information. Indeed, MGA's trade dress and unfair competition claims are
9 | necessarily based on the premise that the aspects of Bratz that were copied are so
10 | public that they have obtained a secondary meaning in the marketplace and serve to
11 | identify MGA, and that consumers are confused by the similarities between the
12 | products.

13 | This Request is also overbroad and unlimited as to time. MGA asks for
14 | documents relating any payment to Mr. Hardouin at any time. Such documents
15 | would include every single paycheck given to Mr. Hardouin as part of her ordinary
16 | salary since she began working at Mattel. This is exactly the type of information the
17 | Discovery Master has previously shielded from discovery on grounds of overbreadth
18 | and burden. In Order No. 11, the Discovery Master limited an interrogatory by
19 | Mattel seeking all payments made to former Mattel employees to seek only
20 | payments other than ordinary salary and compensation.

21 | Therefore, the Discovery Master orders the MGA Parties
22 | to identify fully and separately each and every payment of
23 | money or other item of value that they have made or
24 | offered to pay to or on behalf of any 'former employee of
25 | Mattel' since January 1, 1998 but limits the definition of
26 | former Mattel employees to 'all individuals that the MGA
27 | Parties are aware of that worked for Mattel and who
28 | received any payment (*excluding ordinary salary and*

1    ***benefits paid to such person while an MGA employee*)**

2    from the MGA Parties.'[186]

3    MGA should not be permitted to obtain more discovery than has been granted to

4    Mattel.

5    There is no basis for overruling Mattel's privilege objection.  MGA's

6    bald assertion that "[t]his request does not seek information protected by the

7    attorney-client privilege, the attorney work product doctrine, or other applicable

8    privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

9    agreed that in general "all privileged documents would be logged except for

10   documents created after this action was filed on April 27, 2004."[187]  Although it

11   bears the burden of showing why this agreement should not be applied to a given

12   Request, MGA fails to do so.  Thus, to the extent  privileged documents fall within

13   the post lawsuit time period, they need not be included on Mattel's log.

14   Finally, MGA failed to meet and confer at all, much less in good faith,

15   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

16   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

17   the moving party shall first identify each dispute, state the relief sought and identify

18   the authority supporting the requested relief in a meet and confer letter that shall be

19   served on all parties by facsimile or electronic mail. The parties shall have five court

20   days from the date of service of that letter to conduct an in-person conference to

21   attempt to resolve the dispute.").  In order to engage in a meaningful meet and

22   confer, MGA had the burden to show the relevance of any requests it sought to

23

24

25   [186]   Phase 2 Discovery Master Amended Order No. 11, dated March 31, 2009, at
     25, Dart Decl., Exh. 47.

26   [187]   See Order Denying Mattel's Motion for Protective Order Limiting the
     Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
27   3.

28

1   move on.[188]   At no point during the meet and confer process did MGA show why

2   this Request could be considered relevant to Phase 2 issues.[189]   Because MGA

3   refused to even attempt to make this showing, there was no possibility of a good

4   faith meet and confer to resolve the parties' disputes.  The Discovery Master should

5   deny MGA's motion with respect to this Request on that grounds alone.

6   **REQUEST FOR PRODUCTION NO. 508:**

7          All DOCUMENTS received by YOU, directly or indirectly, from

8   Christopher Hardouin REFERRING OR RELATING TO any MGA product or plan.

9   **RESPONSE TO REQUEST NO. 508:**

10          In addition to the general objections stated above which are

11   incorporated herein by reference, Mattel objects to this Request on the grounds that

12   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

13   documents on this subject without limitation as to time, and regardless of whether

14   such documents relate to products or matters at issue in this case.  Mattel further

15   objects to the use of the term "MGA product or plan" in this context as vague and

16   ambiguous.  Mattel further objects to the Request on the grounds that it seeks

17   documents that are not relevant to this action or likely to lead to the discovery of

18   admissible evidence.  Mattel further objects to this Request on the grounds that it

19   seeks confidential, proprietary and trade secret information, including such

20   information that has no bearing on the claims or defenses in this case.  Mattel further

21   objects to this Request on the grounds that it calls for the disclosure of information

22   subject to the attorney-client privilege, the attorney work-product doctrine and other

23   applicable privileges.

24

25   [188]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

26   bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

27   1390794 at *1 (S.D. Cal. May 14, 2009).

     [189]   See Webster Decl., ¶¶ 6-20.

28

1 **CORRECTED RESPONSE TO REQUEST NO. 508:**

2         In addition to the general objections stated above which are

3 incorporated herein by reference, Mattel objects to this Request on the grounds that

4 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 documents on this subject without limitation as to time, and regardless of whether

6 such documents relate to products or matters at issue in this case.  Mattel further

7 objects to the use of the term "MGA product or plan" in this context as vague and

8 ambiguous.  Mattel further objects to the Request on the grounds that it seeks

9 documents that are not relevant to this action or likely to lead to the discovery of

10 admissible evidence.  Mattel further objects to this Request on the grounds that it

11 seeks confidential, proprietary and trade secret information, including such

12 information that has no bearing on the claims or defenses in this case.  Mattel further

13 objects to this Request on the grounds that it calls for the disclosure of information

14 subject to the attorney-client privilege, the attorney work-product doctrine and other

15 applicable privileges.

16 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

17 **TO SHOULD BE COMPELLED**

18         Mattel has not agreed to produce any documents in response to this

19 request, relying on its improper boilerplate objections.  Mattel has refused to

20 confirm whether or not it has produced all non-privileged responsive documents or

21 whether it is withholding documents based on its objections in Phase 2.  Under the

22 Federal Rules of Civil Procedure, "an objection to part of a request must specify the

23 part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

24 objections that fail to explain the basis for an objection with specificity are routinely

25 rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234

26 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

27 burdensome and harassing' are improper – especially when a party fails to submit

28 any evidentiary declarations supporting such objections").  Accordingly, Mattel

1  must be compelled either to certify that it has produced all non-privileged

2  responsive documents or to produce all such documents by a date certain.

3       To the extent that Mattel is relying on its blanket objections, they are

4  not sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the

6  required particularity, as to why this request is supposedly overly broad, nor can it

7  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

8  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9  contrary, the request is narrowly tailored to seek information concerning

10  Christopher Hardouin, an MGA project manager from 6/01 to 7/04, including work

11  on "Alien Racers," and currently works for Mattel.

12       As to burden, Mattel has not attempted to demonstrate why responding

13  to this request and/or producing responsive documents presents any burden.  This

14  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

15  173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

16  request is unduly burdensome must allege specific facts which indicate the nature

17  and extent of the burden, usually by affidavit or other reliable evidence.")

18  Moreover, it is not unduly burdensome, as noted above, in that the request is

19  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

20  has engaged in copying of MGA products and packaging, including "Alien Racers",

21  which Hardouin worked on at MGA. MGA is entitled to discovery on these claims.

22       This request does not seek documents protected by the attorney-client

23  privilege, the attorney work product doctrine, or other applicable privileges.  To the

24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25       Mattel objects that the request seeks confidential, proprietary and trade

26  secret information.  A Protective Order exists in this case, obviating any concern as

27  to protection of privacy rights and/or commercially sensitive information.

28

1          Mattel's objection that the term "any MGA product or plan" is vague

2   and ambiguous is disingenuous.  There is nothing vague about this, especially in the

3   context of this suit.  The parties have routinely sought discovery about each others

4   "products" and "plans."

5          The requested documents are relevant.  MGA's complaint includes

6   trade dress claims against Mattel which rely, in part on allegations related to "Alien

7   Racers" and has alleged claims of unfair competition based on Mattel's serial

8   copying and imitation of MGA's products.  Documents related to Hardouin, who

9   previously worked on "Alien Racers" at MGA, are highly relevant and likely to lead

10  to the discovery of admissible evidence.

11         Finally, Mattel's objection that the request is unintelligible is itself

12  unintelligible.  Mattel offers no explanation of what word or phrase it is unable to

13  understand.  Without an explanation of what part of the request Mattel is unable to

14  understand, the Court should overrule the objection.

15         None of Mattel's improper objections are valid and Mattel is obligated

16  to produce all non-privileged responsive documents in its possession, custody, or

17  control.

18  **MATTEL'S RESPONSE:**

19         MGA bears the burden of showing that its discovery meets the

20  relevance requirements of <u>Rule</u> 26(b)(1).[190]  MGA makes the conclusory assertion

21  that the Requested discovery is relevant because "MGA's complaint includes trade

22  dress claims against Mattel which rely, in part on allegations related to 'Alien

23  Racers' and has alleged claims of unfair competition based on Mattel's serial

24  copying and imitation of MGA's products.  Documents related to Hardouin, who

25  

---

26    [190]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

1  previously worked on 'Alien Racers' at MGA, are highly relevant and likely to lead
2  to the discovery of admissible evidence." But MGA has never alleged that Mattel's
3  alleged copying of MGA's products was the result of theft of confidential
4  information. Indeed, MGA's trade dress and unfair competition claims are
5  necessarily based on the premise that the aspects of Bratz that were copied are so
6  public that they have obtained a secondary meaning in the marketplace and serve to
7  identify MGA, and that consumers are confused by the similarities between the
8  products.

9            The Request is also overbroad as it has no limitation as to time. MGA
10  has previously taken the position that discovery regarding events that post-dating the
11  filing of the Complaint are not relevant. See MGA Parties' Reply In Support of
12  Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13,
13  2009, at 7 (███████████████████████████████████
14  ████████████████████████████████████████████
15  ████████████.").[191]  The Discovery Master credited this argument in denying
16  Mattel its requested discovery, ruling that Mattel's requests were not reasonably
17  calculated to lead to the discovery of admissible evidence regarding Mattel's RICO
18  counterclaim because the "RICO counterclaim (like the other counterclaims to be
19  adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either
20  Omni 808 Investors, LLC or Vision Capital, LLC came into existence . . . ."
21  Discovery Matter Order No. 3, dated March 10, 2009, at 18.[192]  MGA offers no
22  reason, nor could it consistent with judicial estoppel, why documents post-dating the
23  filing of claims which do not allege continuing wrongdoing are relevant to those
24  claims. MGA should not be permitted to argue otherwise now in connection with its
25  own requests for discovery that purportedly supports its unfair competition claims.

26

27  [191]  Dart Decl., Exh. 6.

28

1    This Request is also overbroad and unduly burdensome.  MGA seeks

2  any documents received by Mattel from Mr. Hardouin that even mention MGA, for

3  any reason or at any point in time..  As discussed in the Pantel declaration, many

4  Mattel employees, including Mr. Hardouin, use documents that mention MGA as

5  part of their ordinary course of business.  █████████████████████

6  ████████████████████████████████████████████

7  ████████████████████████████████████████████

8  ████████████████████████████████████████

9  ██████████████████████████████████████

10 ████████████████████████████████████████████

11 █████████████████████████████████████  By failing

12 to limit its Request for documents either by time or to exclude public information,

13 MGA has created a Request that seeks information far broader than even its

14 purported relevance arguments could reach.

15    There is no basis for overruling Mattel's privilege objection.  MGA's

16 bald assertion that "[t]his request does not seek information protected by the

17 attorney-client privilege, the attorney work product doctrine, or other applicable

18 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

19 agreed that in general "all privileged documents would be logged except for

20 documents created after this action was filed on April 27, 2004."[195]  Although it

21 bears the burden of showing why this agreement should not be applied to a given

22

23 ────────────────

24    [192]  Dart Decl., Exh. 7.

25    [193]  See Pantel Dec. at ¶ 9, Dart Decl., Exh. 31.
       [194]  See Pantel Dec. at ¶ 7, Dart Decl., Exh. 31.

26    [195]  See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1 │ Request, MGA fails to do so.  Thus, to the extent  privileged documents fall within

2 │ the post lawsuit time period, they need not be included on Mattel's log.

3 │　　　　Finally, MGA failed to meet and confer at all, much less in good faith,

4 │ regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

5 │ Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6 │ the moving party shall first identify each dispute, state the relief sought and identify

7 │ the authority supporting the requested relief in a meet and confer letter that shall be

8 │ served on all parties by facsimile or electronic mail. The parties shall have five court

9 │ days from the date of service of that letter to conduct an in-person conference to

10 │ attempt to resolve the dispute.").   In order to engage in a meaningful meet and

11 │ confer, MGA had the burden to show the relevance of any requests it sought to

12 │ move on.[196]   At no point during the meet and confer process did MGA show why

13 │ this Request could be considered relevant to Phase 2 issues.[197]  Because MGA

14 │ refused to even attempt to make this showing, there was no possibility of a good

15 │ faith meet and confer to resolve the parties' disputes.  The Discovery Master should

16 │ deny MGA's motion with respect to this Request on that grounds alone.

17 │ **REQUEST FOR PRODUCTION NO. 509:**

18 │　　　　All DOCUMENTS, including but not limited to all

19 │ COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

20 │ YOUR receipt, reproduction, copying, storage, transmission, transfer, retention,

21 │ destruction, deletion or use of any DOCUMENTS, data and/or information,

22 │ including but not limited to any compilation of information, that was prepared,

23 │

24 │

25 │ [196]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

26 │ bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

27 │ 1390794 at *1 (S.D. Cal. May 14, 2009).
    │ [197]   See Webster Decl., ¶¶ 6-20.

28 │

1  made, created, generated, assembled or compiled by or for MGA and that YOU

2  received, directly or indirectly, from Christopher Hardouin.

3  **RESPONSE TO REQUEST NO. 509:**

4  　　　　　In addition to the general objections stated above which are

5  incorporated herein by reference, Mattel objects to this Request on the grounds that

6  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

7  documents on this subject without limitation as to time, and regardless of whether

8  such documents relate to products or matters at issue in this case. Mattel further

9  objects to the Request on the grounds that it seeks documents that are not relevant to

10 this action or likely to lead to the discovery of admissible evidence. Mattel further

11 objects to this Request on the grounds that it seeks confidential, proprietary and

12 trade secret information, including such information that has no bearing on the

13 claims or defenses in this case. Mattel further objects to this Request on the grounds

14 that it calls for the disclosure of information subject to the attorney-client privilege,

15 the attorney work-product doctrine and other applicable privileges.

16 **CORRECTED RESPONSE TO REQUEST NO. 509:**

17 　　　　　In addition to the general objections stated above which are

18 incorporated herein by reference, Mattel objects to this Request on the grounds that

19 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

20 documents on this subject without limitation as to time, and regardless of whether

21 such documents relate to products or matters at issue in this case. Mattel further

22 objects to the Request on the grounds that it seeks documents that are not relevant to

23 this action or likely to lead to the discovery of admissible evidence. Mattel further

24 objects to this Request on the grounds that it seeks confidential, proprietary and

25 trade secret information, including such information that has no bearing on the

26 claims or defenses in this case. Mattel further objects to this Request on the grounds

27 that it calls for the disclosure of information subject to the attorney-client privilege,

28 the attorney work-product doctrine and other applicable privileges.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce any documents in response to this request, relying on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek information concerning Christopher Hardouin, an MGA project manager from 6/01 to 7/04, including work on "Alien Racers," and currently works for Mattel.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1  request is unduly burdensome must allege specific facts which indicate the nature
2  and extent of the burden, usually by affidavit or other reliable evidence.")
3  Moreover, it is not unduly burdensome, as noted above, in that the request is
4  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
5  has engaged in copying of MGA products and packaging, including "Alien Racers",
6  which Hardouin worked on at MGA. MGA is entitled to discovery on these claims.

7          This request does not seek documents protected by the attorney-client
8  privilege, the attorney work product doctrine, or other applicable privileges.  To the
9  extent that Mattel contends that it does, Mattel must provide a privilege log.

10         Mattel objects that the request seeks confidential, proprietary and trade
11 secret information.  A Protective Order exists in this case, obviating any concern as
12 to protection of privacy rights and/or commercially sensitive information.

13         The requested documents are relevant.  MGA's complaint includes
14 trade dress claims against Mattel which rely, in part on allegations related to "Alien
15 Racers" and has alleged claims of unfair competition based on Mattel's serial
16 copying and imitation of MGA's products.  Documents related to Hardouin, who
17 previously worked on "Alien Racers" at MGA, are highly relevant and likely to lead
18 to the discovery of admissible evidence.

19         Finally, Mattel's objection that the request is unintelligible is itself
20 unintelligible.  Mattel offers no explanation of what word or phrase it is unable to
21 understand.  Without an explanation of what part of the request Mattel is unable to
22 understand, the Court should overrule the objection.

23         None of Mattel's improper objections are valid and Mattel is obligated
24 to produce all non-privileged responsive documents in its possession, custody, or
25 control.

26
27
28

1 | **MATTEL'S RESPONSE:**

2 |       MGA bears the burden of showing that its discovery meets the

3 | relevance requirements of <u>Rule</u> 26(b)(1).[198]  MGA makes the conclusory assertion

4 | that the Requested discovery is relevant because "MGA's complaint includes trade

5 | dress claims against Mattel which rely, in part on allegations related to 'Alien

6 | Racers' and has alleged claims of unfair competition based on Mattel's serial

7 | copying and imitation of MGA's products.  Documents related to Hardouin, who

8 | previously worked on 'Alien Racers' at MGA, are highly relevant and likely to lead

9 | to the discovery of admissible evidence."  But MGA has never alleged that Mattel's

10 | alleged copying of MGA's products was the result of theft of confidential

11 | information.  Indeed, MGA's trade dress and unfair competition claims are

12 | necessarily based on the premise that the aspects of Bratz that were copied are so

13 | public that they have obtained a secondary meaning in the marketplace and serve to

14 | identify MGA, and that consumers are confused by the similarities between the

15 | products.

16 |       The Request is also overbroad as it has no limitation as to time.  MGA

17 | has previously taken the position that discovery regarding events that post-dating the

18 | filing of the Complaint are not relevant.  <u>See</u> MGA Parties' Reply In Support of

19 | Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13,

20 | 2009, at 7 (███████████████████████████████████

21 | ████████████████████████████████████████████

22 | ███████████████.").[199]  The Discovery Master credited this argument in denying

23 | Mattel its requested discovery, ruling that Mattel's requests were not reasonably

24 |

---

25 |   [198]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

26 | bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL

27 | 1390794 at *1 (S.D. Cal. 2009).
  [199]  Dart Decl., Exh. 6.

28 |

1  calculated to lead to the discovery of admissible evidence regarding Mattel's RICO

2  counterclaim because the "RICO counterclaim (like the other counterclaims to be

3  adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either

4  Omni 808 Investors, LLC or Vision Capital, LLC came into existence . . . ."

5  Discovery Matter Order No. 3, dated March 10, 2009, at 18.[200]  MGA offers no

6  reason, nor could it consistent with judicial estoppel, why documents post-dating the

7  filing of claims which do not allege continuing wrongdoing are relevant to those

8  claims.  MGA should not be permitted to argue otherwise now in connection with its

9  own requests for discovery that purportedly supports its unfair competition claims.

10          There is no basis for overruling Mattel's privilege objection.  MGA's

11  bald assertion that "[t]his request does not seek information protected by the

12  attorney-client privilege, the attorney work product doctrine, or other applicable

13  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

14  agreed that in general "all privileged documents would be logged except for

15  documents created after this action was filed on April 27, 2004."[201]  Although it

16  bears the burden of showing why this agreement should not be applied to a given

17  Request, MGA fails to do so.  Thus, to the extent privileged documents fall within

18  the post lawsuit time period, they need not be included on Mattel's log.

19          Finally, MGA failed to meet and confer at all, much less in good faith,

20  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

21  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

22  the moving party shall first identify each dispute, state the relief sought and identify

23  the authority supporting the requested relief in a meet and confer letter that shall be

24

25      [200]  Dart Decl., Exh. 7.

26      [201]  See Order Denying Mattel's Motion for Protective Order Limiting the
    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
27  3.

28

1  served on all parties by facsimile or electronic mail. The parties shall have five court

2  days from the date of service of that letter to conduct an in-person conference to

3  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

4  confer, MGA had the burden to show the relevance of any requests it sought to

5  move on.[202]   At no point during the meet and confer process did MGA show why

6  this Request could be considered relevant to Phase 2 issues.[203]  Because MGA

7  refused to even attempt to make this showing, there was no possibility of a good

8  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

9  deny MGA's motion with respect to this Request on that grounds alone.

10  **REQUEST FOR PRODUCTION NO. 510:**

11        A copy of each personnel file maintained or created by YOU

12  REFERRING OR RELATING TO Christopher Hardouin.

13  **RESPONSE TO REQUEST NO. 510:**

14        In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad and unduly burdensome, including in that it seeks all documents on

17  this subject without limitation as to time, and regardless of whether such documents

18  relate to products, matters, or persons at issue in this case.  Mattel further objects to

19  the Request on the grounds that it seeks documents that are not relevant to this

20  action or likely to lead to the discovery of admissible evidence.  Mattel further

21  objects to this Request on the grounds that it seeks confidential, proprietary and

22  trade secret information, including such information that has no bearing on the

23  claims or defenses in this case.  Mattel further objects to this Request on the grounds

24

25   [202]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

26  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

27  1390794 at *1 (S.D. Cal. May 14, 2009).

   [203]   See Webster Decl., ¶¶ 6-20.

28

1  that it calls for the disclosure of information subject to the attorney-client privilege,

2  the attorney work-product doctrine and other applicable privileges.

3  **CORRECTED RESPONSE TO REQUEST NO. 510:**

4         In addition to the general objections stated above which are

5  incorporated herein by reference, Mattel objects to this Request on the grounds that

6  it is overbroad and unduly burdensome, including in that it seeks all documents on

7  this subject without limitation as to time, and regardless of whether such documents

8  relate to products, matters, or persons at issue in this case.  Mattel further objects to

9  the Request on the grounds that it seeks documents that are not relevant to this

10  action or likely to lead to the discovery of admissible evidence.  Mattel further

11  objects to this Request on the grounds that it seeks confidential, proprietary and

12  trade secret information, including such information that has no bearing on the

13  claims or defenses in this case.  Mattel further objects to this Request on the grounds

14  that it calls for the disclosure of information subject to the attorney-client privilege,

15  the attorney work-product doctrine and other applicable privileges.

16  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

17  **TO SHOULD BE COMPELLED**

18         Mattel has not agreed to produce any documents in response to this

19  request, relying on its improper boilerplate objections.  Mattel has refused to

20  confirm whether or not it has produced all non-privileged responsive documents or

21  whether it is withholding documents based on its objections in Phase 2.  Under the

22  Federal Rules of Civil Procedure, "an objection to part of a request must specify the

23  part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

24  objections that fail to explain the basis for an objection with specificity are routinely

25  rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234

26  F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

27  burdensome and harassing' are improper – especially when a party fails to submit

28  any evidentiary declarations supporting such objections").  Accordingly, Mattel

1   must be compelled either to certify that it has produced all non-privileged

2   responsive documents or to produce all such documents by a date certain.

3        To the extent that Mattel is relying on its blanket objections, they are

4   not sustainable and do not justify Mattel's failure to produce documents.

5        As to overbreadth, Mattel provides no explanation, let alone the

6   required particularity, as to why this request is supposedly overly broad, nor can it

7   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

8   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

9   contrary, the request is narrowly tailored to seek information concerning

10  Christopher Hardouin, an MGA project manager from 6/01 to 7/04, including work

11  on "Alien Racers," and currently works for Mattel.

12       As to burden, Mattel has not attempted to demonstrate why responding

13  to this request and/or producing responsive documents presents any burden. This

14  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

15  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16  request is unduly burdensome must allege specific facts which indicate the nature

17  and extent of the burden, usually by affidavit or other reliable evidence.")

18  Moreover, it is not unduly burdensome, as noted above, in that the request is

19  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

20  has engaged in copying of MGA products and packaging, including "Alien Racers",

21  which Hardouin worked on at MGA. MGA is entitled to discovery on these claims.

22       This request does not seek documents protected by the attorney-client

23  privilege, the attorney work product doctrine, or other applicable privileges. To the

24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25       Mattel objects that the request seeks confidential, proprietary and trade

26  secret information. A Protective Order exists in this case, obviating any concern as

27  to protection of privacy rights and/or commercially sensitive information.

28

1          The requested documents are relevant.  MGA's complaint includes

2    trade dress claims against Mattel which rely, in part on allegations related to "Alien

3    Racers" and has alleged claims of unfair competition based on Mattel's serial

4    copying and imitation of MGA's products.  Documents related to Hardouin, who

5    previously worked on "Alien Racers" at MGA, are highly relevant and likely to lead

6    to the discovery of admissible evidence.

7          None of Mattel's improper objections are valid and Mattel is obligated

8    to produce all non-privileged responsive documents in its possession, custody, or

9    control.

10   **MATTEL'S RESPONSE:**

11         MGA bears the burden of showing that its discovery meets the

12   relevance requirements of <u>Rule</u> 26(b)(1).[204]  MGA makes the conclusory assertion

13   that the Requested discovery is relevant because "MGA's complaint includes trade

14   dress claims against Mattel which rely, in part on allegations related to 'Alien

15   Racers' and has alleged claims of unfair competition based on Mattel's serial

16   copying and imitation of MGA's products.  Documents related to Hardouin, who

17   previously worked on 'Alien Racers' at MGA, are highly relevant and likely to lead

18   to the discovery of admissible evidence."  But MGA has never alleged that Mattel's

19   alleged copying of MGA's products was the result of theft of confidential

20   information.  Indeed, MGA's trade dress and unfair competition claims are

21   necessarily based on the premise that the aspects of Bratz that were copied are so

22   public that they have obtained a secondary meaning in the marketplace and serve to

23   identify MGA, and that consumers are confused by the similarities between the

24   products.

25

26   [204]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27   bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

1          The Request is also overbroad as it has no limitation as to time.  MGA

2   has previously taken the position that discovery regarding events that post-dating the

3   filing of the Complaint are not relevant.  See MGA Parties' Reply In Support of

4   Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13,

5   2009, at 7 (███████████████████████████████████████████

6   ████████████████████████████████████████████

7   ████████████.").[205]  The Discovery Master credited this argument in denying

8   Mattel its requested discovery, ruling that Mattel's requests were not reasonably

9   calculated to lead to the discovery of admissible evidence regarding Mattel's RICO

10  counterclaim because the "RICO counterclaim (like the other counterclaims to be

11  adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either

12  Omni 808 Investors, LLC or Vision Capital, LLC came into existence . . . ."

13  Discovery Matter Order No. 3, dated March 10, 2009, at 18.[206]  MGA offers no

14  reason, nor could it consistent with judicial estoppel, why documents post-dating the

15  filing of claims which do not allege continuing wrongdoing are relevant to those

16  claims.  MGA should not be permitted to argue otherwise now in connection with its

17  own requests for discovery that purportedly supports its unfair competition claims.

18         There is no basis for overruling Mattel's privilege objection.  MGA's

19  bald assertion that "[t]his request does not seek information protected by the

20  attorney-client privilege, the attorney work product doctrine, or other applicable

21  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

22  agreed that in general "all privileged documents would be logged except for

23

24

25

26

---

[205]   Dart Decl., Exh. 6.
[206]   Dart Decl., Exh. 7.

27

28

00505.07975/3121207.4

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FIVE)

1  documents created after this action was filed on April 27, 2004."[207]  Although it

2  bears the burden of showing why this agreement should not be applied to a given

3  Request, MGA fails to do so.  Thus, to the extent  privileged documents fall within

4  the post lawsuit time period, they need not be included on Mattel's log.

5        Finally, MGA failed to meet and confer at all, much less in good faith,

6  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8  the moving party shall first identify each dispute, state the relief sought and identify

9  the authority supporting the requested relief in a meet and confer letter that shall be

10  served on all parties by facsimile or electronic mail. The parties shall have five court

11  days from the date of service of that letter to conduct an in-person conference to

12  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

13  confer, MGA had the burden to show the relevance of any requests it sought to

14  move on.[208]   At no point during the meet and confer process did MGA show why

15  this Request could be considered relevant to Phase 2 issues.[209]  Because MGA

16  refused to even attempt to make this showing, there was no possibility of a good

17  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

18  deny MGA's motion with respect to this Request on that grounds alone.

19  **REQUEST FOR PRODUCTION NO. 511:**

20        All DOCUMENTS, including but not limited to all

21  COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

22

23  [207]  See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.
   [208]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

26  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

27  1390794 at *1 (S.D. Cal. May 14, 2009).
   [209]  See Webster Decl., ¶¶ 6-20.

28

1  in part, by Christopher Hardouin REFERRING OR RELATING TO any of the

2  CONTESTED MGA PRODUCTS.

3  **RESPONSE TO REQUEST NO. 511:**

4         In addition to the general objections stated above which are

5  incorporated herein by reference, Mattel objects to this Request on the grounds that

6  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

7  documents on this subject without limitation as to time, and regardless of whether

8  such documents relate to products or matters at issue in this case. Mattel further

9  objects to the Request on the grounds that it seeks documents that are not relevant to

10  this action or likely to lead to the discovery of admissible evidence. Mattel further

11  objects to this Request on the grounds that it seeks confidential, proprietary and

12  trade secret information, including such information that has no bearing on the

13  claims or defenses in this case. Mattel further objects to this Request on the grounds

14  that it calls for the disclosure of information subject to the attorney-client privilege,

15  the attorney work-product doctrine and other applicable privileges.

16  **CORRECTED RESPONSE TO REQUEST NO. 511:**

17         In addition to the general objections stated above which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

20  documents on this subject without limitation as to time, and regardless of whether

21  such documents relate to products or matters at issue in this case. Mattel further

22  objects to the Request on the grounds that it seeks documents that are not relevant to

23  this action or likely to lead to the discovery of admissible evidence. Mattel further

24  objects to this Request on the grounds that it seeks confidential, proprietary and

25  trade secret information, including such information that has no bearing on the

26  claims or defenses in this case. Mattel further objects to this Request on the grounds

27  that it calls for the disclosure of information subject to the attorney-client privilege,

28  the attorney work-product doctrine and other applicable privileges.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce any documents in response to this request, relying on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek information concerning Christopher Hardouin, an MGA project manager from 6/01 to 7/04, including work on "Alien Racers," and currently works for Mattel.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

1  request is unduly burdensome must allege specific facts which indicate the nature

2  and extent of the burden, usually by affidavit or other reliable evidence.")

3  Moreover, it is not unduly burdensome, as noted above, in that the request is

4  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

5  has engaged in copying of MGA products and packaging, including "Alien Racers",

6  which Hardouin worked on at MGA. MGA is entitled to discovery on these claims.

7        This request does not seek documents protected by the attorney-client

8  privilege, the attorney work product doctrine, or other applicable privileges. To the

9  extent that Mattel contends that it does, Mattel must provide a privilege log.

10        Mattel objects that the request seeks confidential, proprietary and trade

11  secret information. A Protective Order exists in this case, obviating any concern as

12  to protection of privacy rights and/or commercially sensitive information.

13        The requested documents are relevant. MGA's complaint includes

14  trade dress claims against Mattel which rely, in part on allegations related to "Alien

15  Racers" and has alleged claims of unfair competition based on Mattel's serial

16  copying and imitation of MGA's products. Documents related to Hardouin, who

17  previously worked on "Alien Racers" at MGA, are highly relevant and likely to lead

18  to the discovery of admissible evidence.

19        Finally, Mattel's objection that the request is unintelligible is itself

20  unintelligible. Mattel offers no explanation of what word or phrase it is unable to

21  understand. Without an explanation of what part of the request Mattel is unable to

22  understand, the Court should overrule the objection.

23        None of Mattel's improper objections are valid and Mattel is obligated

24  to produce all non-privileged responsive documents in its possession, custody, or

25  control.

26

27

28

1  **MATTEL'S RESPONSE:**

2         MGA bears the burden of showing that its discovery meets the

3  relevance requirements of Rule 26(b)(1).[210]  MGA makes the conclusory assertion

4  that the Requested discovery is relevant because "MGA's complaint includes trade

5  dress claims against Mattel which rely, in part on allegations related to 'Alien

6  Racers' and has alleged claims of unfair competition based on Mattel's serial

7  copying and imitation of MGA's products.  Documents related to Hardouin, who

8  previously worked on 'Alien Racers' at MGA, are highly relevant and likely to lead

9  to the discovery of admissible evidence."  But MGA has never alleged that Mattel's

10  alleged copying of MGA's products was the result of theft of confidential

11  information.  Indeed, MGA's trade dress and unfair competition claims are

12  necessarily based on the premise that the aspects of Bratz that were copied are so

13  public that they have obtained a secondary meaning in the marketplace and serve to

14  identify MGA, and that consumers are confused by the similarities between the

15  products.

16         The Request is also overbroad as it has no limitation as to time.  MGA

17  has previously taken the position that discovery regarding events that post-dating the

18  filing of the Complaint are not relevant.  See MGA Parties' Reply In Support of

19  Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13,

20  2009, at 7 (███████████████████████████████

21  ████████████████████████████████████

22  ████████████.").[211]  The Discovery Master credited this argument in denying

23  Mattel its requested discovery, ruling that Mattel's requests were not reasonably

24

---

25  [210] See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

26  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

27  1390794 at *1 (S.D. Cal. 2009).

    [211]  Dart Decl., Exh. 6.

28

1  calculated to lead to the discovery of admissible evidence regarding Mattel's RICO

2  counterclaim because the "RICO counterclaim (like the other counterclaims to be

3  adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either

4  Omni 808 Investors, LLC or Vision Capital, LLC came into existence . . . ."

5  Discovery Matter Order No. 3, dated March 10, 2009, at 18.[212]  MGA offers no

6  reason, nor could it consistent with judicial estoppel, why documents post-dating the

7  filing of claims which do not allege continuing wrongdoing are relevant to those

8  claims.  MGA should not be permitted to argue otherwise now in connection with its

9  own requests for discovery that purportedly supports its unfair competition claims.

10          This Request is also overbroad and unduly burdensome.  MGA seeks

11  any documents received by Mattel from Mr. Hardouin that even mention any of the

12  contested products, including Bratz, for any reason or at any point in time..  As

13  discussed in the Pantel declaration, many Mattel employees, including Mr.

14  Hardouin, use ███████████████████████████

15  ████████████████████████████████████

16  ████████████████████████████████████

17  ████████████████████████████████████

18  ████████████████████████████████████

19  ████████████████████████████████████

20  ████████████████████████████████████

21  ████████████████████████  By failing to limit its Request for

22  documents either by time or to exclude public information, MGA has created a

23  Request that seeks information far broader than even its purported relevance

24  arguments could reach.

25  ─────────────────

26  [212]  Dart Decl., Exh. 7.

27  [213]  See Pantel Dec. at ¶ 9, Dart Decl., Exh. 31.
      [214]  See Pantel Dec. at ¶ 7, Dart Decl., Exh. 31.

28

1   There is no basis for overruling Mattel's privilege objection.  MGA's

2   bald assertion that "[t]his request does not seek information protected by the

3   attorney-client privilege, the attorney work product doctrine, or other applicable

4   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

5   agreed that in general "all privileged documents would be logged except for

6   documents created after this action was filed on April 27, 2004."[215]  Although it

7   bears the burden of showing why this agreement should not be applied to a given

8   Request, MGA fails to do so.  Thus, to the extent  privileged documents fall within

9   the post lawsuit time period, they need not be included on Mattel's log.

10   Finally, MGA failed to meet and confer at all, much less in good faith,

11   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

12   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

13   the moving party shall first identify each dispute, state the relief sought and identify

14   the authority supporting the requested relief in a meet and confer letter that shall be

15   served on all parties by facsimile or electronic mail. The parties shall have five court

16   days from the date of service of that letter to conduct an in-person conference to

17   attempt to resolve the dispute.").   In order to engage in a meaningful meet and

18   confer, MGA had the burden to show the relevance of any requests it sought to

19   move on.[216]   At no point during the meet and confer process did MGA show why

20   this Request could be considered relevant to Phase 2 issues.[217]  Because MGA

21   refused to even attempt to make this showing, there was no possibility of a good

22

---

23   [215]  See Order Denying Mattel's Motion for Protective Order Limiting the

24   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

25   [216]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

26   bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

27   1390794 at *1 (S.D. Cal. May 14, 2009).

[217]  See Webster Decl., ¶¶ 6-20.

28

1  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

2  deny MGA's motion with respect to this Request on that grounds alone.

3  **REQUEST FOR PRODUCTION NO. 512:**

4          All DOCUMENTS REFERRING OR RELATING TO the creation,

5  origins or sources of inspiration of "POLLY POCKET COLOR SURPRISE

6  POLLY" including, without limitation, the creation, origins or sources of inspiration

7  of the pose of "POLLY POCKET COLOR SURPRISE POLLY."

8  **RESPONSE TO REQUEST NO. 512:**

9          In addition to the general objections stated above which are

10  incorporated herein by reference, Mattel objects to this Request on the grounds that

11  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

12  documents on this subject without limitation as to time, and regardless of whether

13  such documents relate to products or matters at issue in this case.  Mattel further

14  objects to the Request on the grounds that it seeks documents that are not relevant to

15  this action or likely to lead to the discovery of admissible evidence.  Mattel further

16  objects to this Request on the grounds that it seeks confidential, proprietary and

17  trade secret information, including such information that has no bearing on the

18  claims or defenses in this case.  Mattel further objects to this Request on the grounds

19  that it calls for the disclosure of information subject to the attorney-client privilege,

20  the attorney work-product doctrine and other applicable privileges.  Mattel further

21  objects on the ground that this Request seeks to circumvent the Discovery Master's

22  Orders of April 19, 2007, and May 22, 2007.

23  **CORRECTED RESPONSE TO REQUEST NO. 512:**

24          In addition to the general objections stated above which are

25  incorporated herein by reference, Mattel objects to this Request on the grounds that

26  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

27  documents on this subject without limitation as to time, and regardless of whether

28  such documents relate to products or matters at issue in this case.  Mattel further

1 objects to the Request on the grounds that it seeks documents that are not relevant to

2 this action or likely to lead to the discovery of admissible evidence.  Mattel further

3 objects to this Request on the grounds that it seeks confidential, proprietary and

4 trade secret information, including such information that has no bearing on the

5 claims or defenses in this case.  Mattel further objects to this Request on the grounds

6 that it calls for the disclosure of information subject to the attorney-client privilege,

7 the attorney work-product doctrine and other applicable privileges.  Mattel further

8 objects on the ground that this Request seeks to circumvent the Discovery Master's

9 Orders of April 19, 2007, and May 22, 2007.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

12         Mattel has not agreed to produce documents in response to this request,

13 based on its improper boilerplate objections.  Mattel has refused to confirm whether

14 or not it has produced all non-privileged responsive documents or whether it is

15 withholding documents based on its objections in Phase 2.  Under the Federal Rules

16 of Civil Procedure, "an objection to part of a request must specify the part and

17 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

18 fail to explain the basis for an objection with specificity are routinely rejected in the

19 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

20 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

21 harassing' are improper – especially when a party fails to submit any evidentiary

22 declarations supporting such objections").  Accordingly, Mattel must be compelled

23 either to certify that it has produced all non-privileged responsive documents or to

24 produce all such documents by a date certain.

25         To the extent that Mattel is relying on its blanket objections, they are

26 not sustainable and do not justify Mattel's failure to produce documents.

27         As to overbreadth, Mattel provides no explanation, let alone the

28 required particularity, as to why this request is supposedly overly broad, nor can it

1   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

2   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

3   contrary, the request is narrowly tailored to seek documents concerning the origin

4   and sources of inspiration of "POLLY POCKET COLOR SURPRISE POLLY",

5   naturally limiting the request to the time around when the particular line of product

6   was created.

7          As to burden, Mattel has not attempted to demonstrate why responding

8   to this request and/or producing responsive documents presents any burden. This

9   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

10  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11  request is unduly burdensome must allege specific facts which indicate the nature

12  and extent of the burden, usually by affidavit or other reliable evidence.")

13  Moreover, it is not unduly burdensome, as noted above, in that the request is

14  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

15  has engaged in a broad variety of unfair trade practices, including serial copying of

16  MGA products. MGA is entitled to discovery on these claims.

17         This request does not seek documents protected by the attorney-client

18  privilege, the attorney work product doctrine, or other applicable privileges. To the

19  extent that Mattel contends that it does, Mattel must provide a privilege log.

20         Mattel cites to the May 22, 2007 order, but that order is inapposite to

21  this request, which is much narrower than those considered irrelevant and/or

22  improper by the court. Specifically, the request is narrowly tailored to documents

23  regarding a particular product line, namely "POLLY POCKET COLOR SURPRISE

24  POLLY." Mattel also cites to the April 19, 2007 order, but that order is also

25  inapposite to this request, which is much narrower than those considered irrelevant

26  and/or improper by the court. Specifically, the request is narrowly tailored to

27  documents regarding the origin and source of inspiration of "POLLY POCKET

28  COLOR SURPRISE POLLY."

1    As for relevancy, Mattel has not attempted to demonstrate why

2 responding to this request and/or producing responsive documents is irrelevant to

3 the present action.  On the contrary, MGA has alleged that Mattel is engaged in

4 copying of MGA products, packaging, themes and advertising.  "POLLY POCKET

5 COLOR SURPRISE POLLY" is an example of one such product line.  A request

6 seeking the origin and source of inspiration behind its creation is therefore relevant

7 to this action and MGA's claim.

8    Mattel objects that the request contains confidential, proprietary, and

9 trade secret information.  A Protective Order exists in this case, obviating any

10 concern as to protection of privacy rights and/or commercially sensitive

11 information.

12    Finally, Mattel's objection that the request is unintelligible is itself

13 unintelligible.  Mattel offers no explanation of what word or phrase it is unable to

14 understand.  Without an explanation of what part of the request Mattel is unable to

15 understand, the Court should overrule the objection.

16    None of Mattel's improper objections are valid and Mattel is obligated

17 to produce all non-privileged responsive documents in its possession, custody, or

18 control.

19 **MATTEL'S RESPONSE:**

20    This is exactly the type of request that was rejected by the prior

21 Discovery Master.  There, just as here, MGA attempted to overreach to seek

22 documents related to all aspects of Polly Pocket.  MGA falsely states here that

23 "MGA has alleged that Mattel is engaged in copying of MGA products, packaging,

24 themes and advertising. 'POLLY POCKET COLOR SURPRISE POLLY' is an

25 example of one such product line."  In fact, as the prior Discovery Master found, the

26 *only* allegation MGA has made regarding Polly Pocket was made in an interrogatory

27

28

1  response where MGA alleged that Mattel filmed a Polly Pocket commercial in the
2  same mall using  the same escalator as appeared in a previous Bratz commercial.[218]
3  MGA has *not* alleged any copying of products packaging or themes with respect to
4  Polly Pocket.

5          MGA nevertheless previously attempted, just as here, to demand far
6  more than documents related to that commercial.  The prior Discovery Master
7  rejected MGA's demands as overbroad and unduly burdensome.

8              Polly Pocket is not mentioned in either MGA's or Bryant's
9              complaint or any of the other pleadings filed in this
10             consolidated action. Rather, MGA's complaint alleges that
11             Mattel's advertising and marketing schemes for two of its
12             products -- "My Scene" and "AcceleRacers" --  have
13             "serially imitated" MGA's advertising. MGA's complaint
14             does not even reference the Polly Pocket line of dolls or
15             other Polly Pocket products.  The only proffered
16             justification for the Polly Pocket Requests is an
17             interrogatory response in which MGA claims that one of
18             Mattel's Polly Pocket commercials was allegedly filmed in
19             the same mall using the same escalator as an MGA Bratz
20             commercial.  The bulk of the Polly Pocket Requests (Nos.
21             3, 4, 7, 12, 14), however, are far broader than the
22             commercial identified by MGA. . . . These requests are
23             clearly overbroad, extending far beyond the single Polly
24             Pocket commercial that MGA has contended is actionable.

25  _____

26  [218]   Order Granting in Part and Denying in Part Mattel's Motion For Protective
27  Order Regarding "Polly Pocket" Documents, dated April 19, 2007, at 6, Dart Decl.,
    Exh. 1.
28

1         The Federal Rules of Civil Procedure do not permit MGA

2             and Bryant to use broad discovery requests, untethered to

3             a claim or defense, to fish for new claims.[219]

4  Just as in that Order, MGA again seeks all documents relating to the creation of

5  POLLY POCKET COLOR SURPRISE POLLY itself, rather than the creation of the

6  commercial advertisement MGA has alleged was copied.  It should not be permitted

7  to circumvent the prior Order with its motion here.

8        Moreover, the prior Discovery Master had good reason for rejecting

9  these Requests. ██████████████████████████████████

10 ██████████████████████████████████████████

11 ███████████████████████████████████

12 ██████████████████████████████████████████

13 ████████████████████[220]

14        MGA has therefore made no showing how this request is related to the

15  claims and defenses in this case.  "A trial court has a duty, of special significance in

16  lengthy and complex cases where the possibility of abuse is always present, to

17  supervise and limit discovery to protect parties and witnesses from annoyance and

18  excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see

19  also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133

20  n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

21  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

22  party may not propound document requests as part of a fishing expedition or to

23

24

25

26

27  [219]  Id. at 5-6.

     [220]  Pantel Decl. at ¶¶ 5-6, Dart Decl., Exh. 31.

28

1 │ discover new claims.[221]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

2 │ 2004) ("District courts need not condone the use of discovery to engage in 'fishing

3 │ expeditions.'").

4 │          There is no basis for overruling Mattel's privilege objection.  MGA's

5 │ bald assertion that "[t]his request does not seek information protected by the

6 │ attorney-client privilege, the attorney work product doctrine, or other applicable

7 │ privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

8 │ agreed that in general "all privileged documents would be logged except for

9 │ documents created after this action was filed on April 27, 2004."[222]  Thus, to the

10 │ extent  privileged documents fall within the post lawsuit time period, they need not

11 │ be included on Mattel's log.

12 │          Finally, MGA failed to meet and confer at all, much less in good faith,

13 │ regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14 │ Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15 │ the moving party shall first identify each dispute, state the relief sought and identify

16 │ the authority supporting the requested relief in a meet and confer letter that shall be

17 │ served on all parties by facsimile or electronic mail. The parties shall have five court

18 │ days from the date of service of that letter to conduct an in-person conference to

19 │ attempt to resolve the dispute.").   At no point during the meet and confer process

20 │ did the parties discuss this Request or Mattel's response to it.[223]  In order to engage

21 │ in a meaningful meet and confer, MGA had the burden to show the relevance of any

22 │

23 │ [221]  See Order Granting In Part and Denying In Part Mattel's Motion for

24 │ Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

25 │ 1.   [222]  See Order Denying Mattel's Motion for Protective Order Limiting the

26 │ Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

27 │ 3.   [223]  See Webster Decl., ¶¶ 6-20.

28 │

1  requests it sought to move on.[224]   Because MGA refused to even attempt to make

2  this showing, there was no possibility of a good faith meet and confer to resolve the

3  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

4  this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 513:**

6          All DOCUMENTS REFERRING OR RELATING TO any similarity

7  or dissimilarity between "POLLY POCKET COLOR SURPRISE POLLY" and any

8  MGA product (whether released or unreleased) known to YOU, including but not

9  limited to any similarity or dissimilarity between the pose of "POLLY POCKET

10  COLOR SURPRISE POLLY" and the pose of any MGA product known to YOU.

11  **RESPONSE TO REQUEST NO. 513:**

12          In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case.  Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant to

18  this action or likely to lead to the discovery of admissible evidence.  Mattel further

19  objects to this Request on the grounds that it seeks confidential, proprietary and

20  trade secret information, including such information that has no bearing on the

21  claims or defenses in this case.  Mattel further objects to this Request on the grounds

22  that it calls for the disclosure of information subject to the attorney-client privilege,

23  the attorney work-product doctrine and other applicable privileges.  Mattel further

24

25

26  [224]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
1390794 at *1 (S.D. Cal. May 14, 2009).

28

1    objects on the ground that this Request seeks to circumvent the Discovery Master's

2    Orders of April 19, 2007, and May 22, 2007.

3    **CORRECTED RESPONSE TO REQUEST NO. 513:**

4            In addition to the general objections stated above which are

5    incorporated herein by reference, Mattel objects to this Request on the grounds that

6    it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

7    documents on this subject without limitation as to time, and regardless of whether

8    such documents relate to products or matters at issue in this case. Mattel further

9    objects to the Request on the grounds that it seeks documents that are not relevant to

10    this action or likely to lead to the discovery of admissible evidence. Mattel further

11    objects to this Request on the grounds that it seeks confidential, proprietary and

12    trade secret information, including such information that has no bearing on the

13    claims or defenses in this case. Mattel further objects to this Request on the grounds

14    that it calls for the disclosure of information subject to the attorney-client privilege,

15    the attorney work-product doctrine and other applicable privileges. Mattel further

16    objects on the ground that this Request seeks to circumvent the Discovery Master's

17    Orders of April 19, 2007, and May 22, 2007.

18    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

19    **TO SHOULD BE COMPELLED**

20            Mattel has not agreed to produce documents in response to this request,

21    based on its improper boilerplate objections. Mattel has refused to confirm whether

22    or not it has produced all non-privileged responsive documents or whether it is

23    withholding documents based on its objections in Phase 2. Under the Federal Rules

24    of Civil Procedure, "an objection to part of a request must specify the part and

25    permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

26    fail to explain the basis for an objection with specificity are routinely rejected in the

27    Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

28    (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

1  harassing' are improper – especially when a party fails to submit any evidentiary
2  declarations supporting such objections").  Accordingly, Mattel must be compelled
3  either to certify that it has produced all non-privileged responsive documents or to
4  produce all such documents by a date certain.

5         To the extent that Mattel is relying on its blanket objections, they are
6  not sustainable and do not justify Mattel's failure to produce documents.

7         As to overbreadth, Mattel provides no explanation, let alone the
8  required particularity, as to why this request is supposedly overly broad, nor can it
9  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
10  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
11  contrary, the request is narrowly tailored to seek documents related to any similarity
12  or dissimilarity between Mattel's "POLLY POCKET COLOR SURPRISE POLLY"
13  and any MGA product known to Mattel (including, but not limited to their
14  respective poses).

15         As to burden, Mattel has not attempted to demonstrate why responding
16  to this request and/or producing responsive documents presents any burden.  This
17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
18  173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery
19  request is unduly burdensome must allege specific facts which indicate the nature
20  and extent of the burden, usually by affidavit or other reliable evidence.")
21  Moreover, it is not unduly burdensome, as noted above, in that the request is
22  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
23  has engaged in a broad variety of unfair trade practices, including serial copying of
24  MGA products.  MGA is entitled to discovery on these claims.

25         This request does not seek documents protected by the attorney-client
26  privilege, the attorney work product doctrine, or other applicable privileges.  To the
27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1          Mattel cites to the May 22, 2007 order, but that order is inapposite to

2 this request, which is much narrower than those considered irrelevant and/or

3 improper by the court.  Specifically, the request is narrowly tailored to documents

4 regarding a particular product line, namely "POLLY POCKET COLOR SURPRISE

5 POLLY."  Mattel also cites to the April 19, 2007 order, but that order is also

6 inapposite to this request, which is much narrower than those considered irrelevant

7 and/or improper by the court.  Specifically, the request is narrowly tailored to

8 documents related to any similarity or dissimilarity between Mattel's "POLLY

9 POCKET COLOR SURPRISE POLLY" and any MGA product.

10          As for relevancy, Mattel has not attempted to demonstrate why

11 responding to this request and/or producing responsive documents is irrelevant to

12 the present action.  On the contrary, MGA has alleged that Mattel is engaged in

13 copying of MGA products, packaging, themes and advertising.  "POLLY POCKET

14 COLOR SURPRISE POLLY" is an example of one such product line.  A request

15 seeking documents that relate to any similarity or dissimilarity between "POLLY

16 POCKET COLOR SURPRISE POLLY" and any MGA product is therefore relevant

17 to this action and MGA's claim.

18          Finally, Mattel's objection that the request is unintelligible is itself

19 unintelligible.  Mattel offers no explanation of what word or phrase it is unable to

20 understand.  Without an explanation of what part of the request Mattel is unable to

21 understand, the Court should overrule the objection.

22          Mattel objects that the request contains confidential, proprietary, and

23 trade secret information.  A Protective Order exists in this case, obviating any

24 concern as to protection of privacy rights and/or commercially sensitive

25 information.

26          None of Mattel's improper objections are valid and Mattel is obligated

27 to produce all non-privileged responsive documents in its possession, custody, or

28 control.

**MATTEL'S RESPONSE:**

This is exactly the type of request that was rejected by the prior Discovery Master.  There, just as here, MGA attempted to overreach to seek documents related to all aspects of Polly Pocket.  MGA falsely states here that "MGA has alleged that Mattel is engaged in copying of MGA products, packaging, themes and advertising.  'POLLY POCKET COLOR SURPRISE POLLY' is an example of one such product line."  In fact, as the prior Discovery Master found, the *only* allegation MGA has made regarding Polly Pocket was made in an interrogatory response where MGA alleged that Mattel filmed a Polly Pocket commercial in the same mall using  the same escalator as appeared in a previous Bratz commercial.[225] MGA has *not* alleged any copying by the POLLY POCKET doll itself.

MGA nevertheless previously attempted, just as here, to demand far more than documents related to that commercial.  The prior Discovery Master rejected MGA's demands as overbroad and unduly burdensome.

> Polly Pocket is not mentioned in either MGA's or Bryant's complaint or any of the other pleadings filed in this consolidated action. Rather, MGA's complaint alleges that Mattel's advertising and marketing schemes for two of its products -- "My Scene" and "AcceleRacers" -- have "serially imitated" MGA's advertising. MGA's complaint does not even reference the Polly Pocket line of dolls or other Polly Pocket products.  The only proffered justification for the Polly Pocket Requests is an interrogatory response in which MGA claims that one of

---

[225]   Order Granting in Part and Denying in Part Mattel's Motion For Protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007, at 6, Dart Decl., Exh. 1.

1    Mattel's Polly Pocket commercials was allegedly filmed in
2    the same mall using the same escalator as an MGA Bratz
3    commercial.  The bulk of the Polly Pocket Requests (Nos.
4    3, 4, 7, 12, 14), however, are far broader than the
5    commercial identified by MGA. . . . These requests are
6    clearly overbroad, extending far beyond the single Polly
7    Pocket commercial that MGA has contended is actionable.
8    The Federal Rules of Civil Procedure do not permit MGA
9    and Bryant to use broad discovery requests, untethered to
10   a claim or defense, to fish for new claims.[226]
11   Just as in that Order, MGA again seeks documents relating to POLLY POCKET
12   COLOR SURPRISE POLLY itself, rather than the creation of the commercial
13   advertisement MGA has alleged was copied.  It should not be permitted to
14   circumvent the prior Order with its motion here.
15   Moreover, the prior Discovery Master had good reason for rejecting
16   these Requests.  ███████████████████████████████
17   ████████████████████████████████████████████████
18   ████████████████████████████████████████████
19   ████████████████████████████████████████████
20   ████████████████████████████[227]
21   MGA has therefore made no showing how this request is related to the
22   claims and defenses in this case.  "A trial court has a duty, of special significance in
23   lengthy and complex cases where the possibility of abuse is always present, to
24   supervise and limit discovery to protect parties and witnesses from annoyance and
25   excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see

27   [226]  Id. at 5-6.

1   also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133

2   n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

3   1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

4   party may not propound document requests as part of a fishing expedition or to

5   discover new claims.[228]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

6   2004) ("District courts need not condone the use of discovery to engage in 'fishing

7   expeditions.'").

8           There is no basis for overruling Mattel's privilege objection.  MGA's

9   bald assertion that "[t]his request does not seek information protected by the

10   attorney-client privilege, the attorney work product doctrine, or other applicable

11   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

12   agreed that in general "all privileged documents would be logged except for

13   documents created after this action was filed on April 27, 2004."[229]  Thus, to the

14   extent  privileged documents fall within the post lawsuit time period, they need not

15   be included on Mattel's log.

16           Finally, MGA failed to meet and confer at all, much less in good faith,

17   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

18   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

19   the moving party shall first identify each dispute, state the relief sought and identify

20   the authority supporting the requested relief in a meet and confer letter that shall be

21   served on all parties by facsimile or electronic mail. The parties shall have five court

22

23   _____

       [227]   Pantel Decl. at ¶¶ 5-6, Dart Decl., Exh. 31.

24     [228]   See Order Granting In Part and Denying In Part Mattel's Motion for

25   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

26     [229]   See Order Denying Mattel's Motion for Protective Order Limiting the

27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1   days from the date of service of that letter to conduct an in-person conference to

2   attempt to resolve the dispute.").   At no point during the meet and confer process

3   did the parties discuss this Request or Mattel's response to it.[230]  In order to engage

4   in a meaningful meet and confer, MGA had the burden to show the relevance of any

5   requests it sought to move on.[231]  Because MGA refused to even attempt to make

6   this showing, there was no possibility of a good faith meet and confer to resolve the

7   parties' disputes.  The Discovery Master should deny MGA's motion with respect to

8   this Request on that grounds alone.

9   **REQUEST FOR PRODUCTION NO. 514:**

10          All DOCUMENTS REFERRING OR RELATING TO whether the

11  appearance or pose of "POLLY POCKET COLOR SURPRISE POLLY" copies,

12  replicates, or in any way imitates the appearance or pose of any MGA product

13  (whether released or unreleased) known to YOU.

14  **RESPONSE TO REQUEST NO. 514:**

15          In addition to the general objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case.  Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant to

21  this action or likely to lead to the discovery of admissible evidence.  Mattel further

22  objects to this Request on the grounds that it seeks confidential, proprietary and

23  trade secret information, including such information that has no bearing on the

24

25     [230]   See Webster Decl., ¶¶ 6-20.

26     [231]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1   claims or defenses in this case. Mattel further objects to this Request on the grounds

2   that it calls for the disclosure of information subject to the attorney-client privilege,

3   the attorney work-product doctrine and other applicable privileges. Mattel further

4   objects on the ground that this Request seeks to circumvent the Discovery Master's

5   Orders of April 19, 2007, and May 22, 2007.

6   **CORRECTED RESPONSE TO REQUEST NO. 514:**

7      In addition to the general objections stated above which are

8   incorporated herein by reference, Mattel objects to this Request on the grounds that

9   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

10  documents on this subject without limitation as to time, and regardless of whether

11  such documents relate to products or matters at issue in this case. Mattel further

12  objects to the Request on the grounds that it seeks documents that are not relevant to

13  this action or likely to lead to the discovery of admissible evidence. Mattel further

14  objects to this Request on the grounds that it seeks confidential, proprietary and

15  trade secret information, including such information that has no bearing on the

16  claims or defenses in this case. Mattel further objects to this Request on the grounds

17  that it calls for the disclosure of information subject to the attorney-client privilege,

18  the attorney work-product doctrine and other applicable privileges. Mattel further

19  objects on the ground that this Request seeks to circumvent the Discovery Master's

20  Orders of April 19, 2007, and May 22, 2007.

21  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

22  **TO SHOULD BE COMPELLED**

23     Mattel has not agreed to produce documents in response to this request,

24  based on its improper boilerplate objections. Mattel has refused to confirm whether

25  or not it has produced all non-privileged responsive documents or whether it is

26  withholding documents based on its objections in Phase 2. Under the Federal Rules

27  of Civil Procedure, "an objection to part of a request must specify the part and

28  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

1  fail to explain the basis for an objection with specificity are routinely rejected in the

2  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

3  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

4  harassing' are improper – especially when a party fails to submit any evidentiary

5  declarations supporting such objections").  Accordingly, Mattel must be compelled

6  either to certify that it has produced all non-privileged responsive documents or to

7  produce all such documents by a date certain.

8        To the extent that Mattel is relying on its blanket objections, they are

9  not sustainable and do not justify Mattel's failure to produce documents.

10        As to overbreadth, Mattel provides no explanation, let alone the

11  required particularity, as to why this request is supposedly overly broad, nor can it

12  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

13  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14  contrary, the request is narrowly tailored to seek documents related to whether the

15  appearance or pose of Mattel's "POLLY POCKET COLOR SURPRISE POLLY')"

16  copies, replicates, or implicates the appearance or pose of any MGA product known

17  to Mattel.

18        As to burden, Mattel has not attempted to demonstrate why responding

19  to this request and/or producing responsive documents presents any burden.  This

20  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

21  173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

22  request is unduly burdensome must allege specific facts which indicate the nature

23  and extent of the burden, usually by affidavit or other reliable evidence.')")

24  Moreover, it is not unduly burdensome, as noted above, in that the request is

25  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26  has engaged in a broad variety of unfair trade practices, including serial copying of

27  MGA products.  MGA is entitled to discovery on these claims.

28

1         This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4         Mattel cites to the May 22, 2007 order, but that order is inapposite to

5   this request, which is much narrower than those considered irrelevant and/or

6   improper by the court.  Specifically, the request is narrowly tailored to documents

7   regarding a particular product line, namely "POLLY POCKET COLOR SURPRISE

8   POLLY.')" Mattel also cites to the April 19, 2007 order, but that order is also

9   inapposite to this request, which is much narrower than those considered irrelevant

10  and/or improper by the court.  Specifically, the request is narrowly tailored to

11  documents related to whether the appearance or pose of Mattel's "POLLY POCKET

12  COLOR SURPRISE POLLY')" copies, replicates, or implicates the appearance or

13  pose of any MGA product known to Mattel.

14        As for relevancy, Mattel has not attempted to demonstrate why

15  responding to this request and/or producing responsive documents is irrelevant to

16  the present action.  On the contrary, MGA has alleged that Mattel is engaged in

17  copying of

18        MGA products, packaging, themes and advertising.  "POLLY

19  POCKET COLOR SURPRISE POLLY" is an example of one such product line.  A

20  request seeking documents related to whether the appearance or pose of Mattel's

21  "POLLY POCKET COLOR SURPRISE POLLY" copies, replicates, or implicates

22  the appearance or pose of any MGA product known to Mattel is therefore relevant to

23  this action and MGA's claim.

24        Mattel objects that the request contains confidential, proprietary, and

25  trade secret information.  A Protective Order exists in this case, obviating any

26  concern as to protection of privacy rights and/or commercially sensitive

27  information.

28

1    Finally, Mattel's objection that the request is unintelligible is itself
2    unintelligible.  Mattel offers no explanation of what word or phrase it is unable to
3    understand.  Without an explanation of what part of the request Mattel is unable to
4    understand, the Court should overrule the objection.

5    None of Mattel's improper objections are valid and Mattel is obligated
6    to produce all non-privileged responsive documents in its possession, custody, or
7    control.

8    **MATTEL'S RESPONSE:**

9    This is exactly the type of request that was rejected by the prior
10   Discovery Master.  There, just as here, MGA attempted to overreach to seek
11   documents related to all aspects of Polly Pocket.  MGA falsely states here that
12   "MGA has alleged that Mattel is engaged in copying of MGA products, packaging,
13   themes and advertising. 'POLLY POCKET COLOR SURPRISE POLLY' is an
14   example of one such product line."  In fact, as the prior Discovery Master found, the
15   *only* allegation MGA has made regarding Polly Pocket was made in an interrogatory
16   response where MGA alleged that Mattel filmed a Polly Pocket commercial in the
17   same mall using  the same escalator as appeared in a previous Bratz commercial.[232]
18   MGA has *not* alleged any copying by the POLLY POCKET doll itself.

19   MGA nevertheless previously attempted, just as here, to demand far
20   more than documents related to that commercial.  The prior Discovery Master
21   rejected MGA's demands as overbroad and unduly burdensome.

22   Polly Pocket is not mentioned in either MGA's or Bryant's
23   complaint or any of the other pleadings filed in this
24   consolidated action. Rather, MGA's complaint alleges that

25

26   [232]   Order Granting in Part and Denying in Part Mattel's Motion For Protective
27   Order Regarding "Polly Pocket" Documents, dated April 19, 2007, at 6, Dart Decl.,
     Exh. 1.
28

1            Mattel's advertising and marketing schemes for two of its

2            products -- "My Scene" and "AcceleRacers" -- have

3            "serially imitated" MGA's advertising. MGA's complaint

4            does not even reference the Polly Pocket line of dolls or

5            other Polly Pocket products.  The only proffered

6            justification for the Polly Pocket Requests is an

7            interrogatory response in which MGA claims that one of

8            Mattel's Polly Pocket commercials was allegedly filmed in

9            the same mall using the same escalator as an MGA Bratz

10           commercial.  The bulk of the Polly Pocket Requests (Nos.

11           3, 4, 7, 12, 14), however, are far broader than the

12           commercial identified by MGA. . . . These requests are

13           clearly overbroad, extending far beyond the single Polly

14           Pocket commercial that MGA has contended is actionable.

15           The Federal Rules of Civil Procedure do not permit MGA

16           and Bryant to use broad discovery requests, untethered to

17           a claim or defense, to fish for new claims.[233]

18 Just as in that Order, MGA again seeks documents relating to POLLY POCKET

19 COLOR SURPRISE POLLY itself, rather than the creation of the commercial

20 advertisement MGA has alleged was copied.  It should not be permitted to

21 circumvent the prior Order with its motion here.

22           Moreover, the prior Discovery Master had good reason for rejecting

23 these Requests.  Documents ████████████████████████████████████████

24 ████████████████████████████████████████████████████████████████

25 ████████████████████████████████████████████████████████

26

27    [233]   <u>Id.</u> at 5-6.

28

1 ███████████████████████████████████

2 ███████████████████████ d.[234]

3     MGA has therefore made no showing how this request is related to the

4 claims and defenses in this case. "A trial court has a duty, of special significance in

5 lengthy and complex cases where the possibility of abuse is always present, to

6 supervise and limit discovery to protect parties and witnesses from annoyance and

7 excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see

8 also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133

9 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

10 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a

11 party may not propound document requests as part of a fishing expedition or to

12 discover new claims.[235]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

13 2004) ("District courts need not condone the use of discovery to engage in 'fishing

14 expeditions.'").

15     There is no basis for overruling Mattel's privilege objection. MGA's

16 bald assertion that "[t]his request does not seek information protected by the

17 attorney-client privilege, the attorney work product doctrine, or other applicable

18 privileges" has no merit. Moreover, as MGA has itself argued, the parties have

19 agreed that in general "all privileged documents would be logged except for

20 documents created after this action was filed on April 27, 2004."[236] Thus, to the

21

22

23 _____

      [234]  Pantel Decl. at ¶¶ 5-6, Dart Decl., Exh. 31.

24    [235]  See Order Granting In Part and Denying In Part Mattel's Motion for

25 Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

26    [236]  See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1  extent  privileged documents fall within the post lawsuit time period, they need not
2  be included on Mattel's log.

3              Finally, MGA failed to meet and confer at all, much less in good faith,
4  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
6  the moving party shall first identify each dispute, state the relief sought and identify
7  the authority supporting the requested relief in a meet and confer letter that shall be
8  served on all parties by facsimile or electronic mail. The parties shall have five court
9  days from the date of service of that letter to conduct an in-person conference to
10  attempt to resolve the dispute.").   At no point during the meet and confer process
11  did the parties discuss this Request or Mattel's response to it.[237]  In order to engage
12  in a meaningful meet and confer, MGA had the burden to show the relevance of any
13  requests it sought to move on.[238]   Because MGA refused to even attempt to make
14  this showing, there was no possibility of a good faith meet and confer to resolve the
15  parties' disputes.  The Discovery Master should deny MGA's motion with respect to
16  this Request on that grounds alone.

17  **REQUEST FOR PRODUCTION NO. 515:**

18              DOCUMENTS, including but not limited to organizational charts,
19  sufficient to identify (by name and job function) all current and former MATTEL
20  personnel and/or freelancers comprising the primary team that worked on the
21  creation, design and development of "POLLY POCKET COLOR SURPRISE
22  POLLY."

23
24
25      [237]  See Webster Decl., ¶¶ 6-20.
26      [238]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. May 14, 2009).
28

**RESPONSE TO REQUEST NO. 515:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is-overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

**CORRECTED RESPONSE TO REQUEST NO. 515:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further

1 | objects on the ground that this Request seeks to circumvent the Discovery Master's
2 | Orders of April 19, 2007, and May 22, 2007.

3 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
4 | **TO SHOULD BE COMPELLED**

5 |        Mattel has not agreed to produce documents in response to this request,
6 | based on its improper boilerplate objections. Mattel has refused to confirm whether
7 | or not it has produced all non-privileged responsive documents or whether it is
8 | withholding documents based on its objections in Phase 2. Under the Federal Rules
9 | of Civil Procedure, "an objection to part of a request must specify the part and
10 | permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that
11 | fail to explain the basis for an objection with specificity are routinely rejected in the
12 | Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
13 | (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
14 | harassing' are improper – especially when a party fails to submit any evidentiary
15 | declarations supporting such objections"). Accordingly, Mattel must be compelled
16 | either to certify that it has produced all non-privileged responsive documents or to
17 | produce all such documents by a date certain.

18 |        To the extent that Mattel is relying on its blanket objections, they are
19 | not sustainable and do not justify Mattel's failure to produce documents.

20 |        As to overbreadth, Mattel provides no explanation, let alone the
21 | required particularity, as to why this request is supposedly overly broad, nor can it
22 | do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
23 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
24 | contrary, the request is narrowly tailored to seek documents sufficient to identify all
25 | current and former Mattel personnel and/or freelancers that comprised the primary
26 | team that worked on the creation, design and development of Mattel's "POLLY
27 | POCKET COLOR SURPRISE POLLY."

28 |