1    As to burden, Mattel has not attempted to demonstrate why responding

2    to this request and/or producing responsive documents presents any burden. This

3    objection must therefore be rejected. <u>See</u> Jackson v. Montgomery Ward & Co., Inc.,

4    173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5    request is unduly burdensome must allege specific facts which indicate the nature

6    and extent of the burden, usually by affidavit or other reliable evidence.")

7    Moreover, it is not unduly burdensome, as noted above, in that the request is

8    narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

9    has engaged in a broad variety of unfair trade practices, including serial copying of

10    MGA products. MGA is entitled to discovery on these claims.

11    This request does not seek documents protected by the attorney-client

12    privilege, the attorney work product doctrine, or other applicable privileges. To the

13    extent that Mattel contends that it does, Mattel must provide a privilege log.

14    Mattel cites to the May 22, 2007 order, but that order is inapposite to

15    this request, which is much narrower than those considered irrelevant and/or

16    improper by the court. Specifically, the request is narrowly tailored to documents

17    regarding a particular product line, namely "POLLY POCKET COLOR SURPRISE

18    POLLY." Mattel also cites to the April 19, 2007 order, but that order is also

19    inapposite to this request, which is much narrower than those considered irrelevant

20    and/or improper by the court. Specifically, the request is narrowly tailored to

21    documents sufficient to identify all current and former Mattel personnel and/or

22    freelancers that comprised the primary team that worked on the creation, design and

23    development of Mattel's "POLLY POCKET COLOR SURPRISE POLLY."

24    As for relevancy, Mattel has not attempted to demonstrate why

25    responding to this request and/or producing responsive documents is irrelevant to

26    the present action. On the contrary, MGA has alleged that Mattel is engaged in

27    copying of MGA products, packaging, themes and advertising. "POLLY POCKET

28    COLOR SURPRISE POLLY" is an example of one such product line. A request

1    seeking documents sufficient to identify all current and former Mattel personnel
2    and/or freelancers that comprised the primary team that worked on the creation,
3    design and development of Mattel's "POLLY POCKET COLOR SURPRISE
4    POLLY" is therefore relevant to this action and MGA's claim.

5              Mattel objects that the request contains confidential, proprietary, and
6    trade secret information.  A Protective Order exists in this case, obviating any
7    concern as to protection of privacy rights and/or commercially sensitive
8    information.

9              Finally, Mattel's objection that the request is unintelligible is itself
10   unintelligible.  Mattel offers no explanation of what word or phrase it is unable to
11   understand.  Without an explanation of what part of the request Mattel is unable to
12   understand, the Court should overrule the objection.

13             None of Mattel's improper objections are valid and Mattel is obligated
14   to produce all non-privileged responsive documents in its possession, custody, or
15   control.

16   **MATTEL'S RESPONSE:**

17             This is exactly the type of request that was rejected by the prior
18   Discovery Master.  There, just as here, MGA attempted to overreach to seek
19   documents related to all aspects of Polly Pocket.  MGA falsely states here that
20   "MGA has alleged that Mattel is engaged in copying of MGA products, packaging,
21   themes and advertising. 'POLLY POCKET COLOR SURPRISE POLLY' is an
22   example of one such product line."  In fact, as the prior Discovery Master found, the
23   *only* allegation MGA has made regarding Polly Pocket was made in an interrogatory
24   response where MGA alleged that Mattel filmed a Polly Pocket commercial in the

25
26
27
28

1  same mall using the same escalator as appeared in a previous Bratz commercial.[239]

2  MGA has *not* alleged any copying by the POLLY POCKET doll itself.

3        MGA nevertheless previously attempted, just as here, to demand far

4  more than documents related to that commercial.  The prior Discovery Master

5  rejected MGA's demands as overbroad and unduly burdensome.

6        Polly Pocket is not mentioned in either MGA's or Bryant's

7        complaint or any of the other pleadings filed in this

8        consolidated action. Rather, MGA's complaint alleges that

9        Mattel's advertising and marketing schemes for two of its

10        products -- "My Scene" and "AcceleRacers" --  have

11        "serially imitated" MGA's advertising. MGA's complaint

12        does not even reference the Polly Pocket line of dolls or

13        other Polly Pocket products.  The only proffered

14        justification for the Polly Pocket Requests is an

15        interrogatory response in which MGA claims that one of

16        Mattel's Polly Pocket commercials was allegedly filmed in

17        the same mall using the same escalator as an MGA Bratz

18        commercial.  The bulk of the Polly Pocket Requests (Nos.

19        3, 4, 7, 12, 14), however, are far broader than the

20        commercial identified by MGA. . . . These requests are

21        clearly overbroad, extending far beyond the single Polly

22        Pocket commercial that MGA has contended is actionable.

23        The Federal Rules of Civil Procedure do not permit MGA

24

25  _____

26  [239]  Order Granting in Part and Denying in Part Mattel's Motion For Protective

27  Order Regarding "Polly Pocket" Documents, dated April 19, 2007, at 6, Dart Decl., Exh. 1.

28

1    and Bryant to use broad discovery requests, untethered to

2    a claim or defense, to fish for new claims.[240]

3  Just as in that Order, MGA again seeks documents relating to POLLY POCKET

4  COLOR SURPRISE POLLY itself, rather than the creation of the commercial

5  advertisement MGA has alleged was copied. It should not be permitted to

6  circumvent the prior Order with its motion here.

7        Moreover, the prior Discovery Master had good reason for rejecting

8  these Requests. ████████████████████████████████████

9  ████████████████████████████████████████████

10 ████████████████████████████████████████

11 ████████████████████████████████████████████

12 ██████████████████████████[241]

13        MGA has therefore made no showing how this request is related to the

14 claims and defenses in this case. "A trial court has a duty, of special significance in

15 lengthy and complex cases where the possibility of abuse is always present, to

16 supervise and limit discovery to protect parties and witnesses from annoyance and

17 excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see

18 also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133

19 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

20 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a

21 party may not propound document requests as part of a fishing expedition or to

22 discover new claims.[242]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

23

24

25 [240] Id. at 5-6.

[241] Pantel Decl. at ¶¶ 5-6, Dart Decl., Exh. 31.

26 [242] See Order Granting In Part and Denying In Part Mattel's Motion for

27 Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
1.

28

1  2004) ("District courts need not condone the use of discovery to engage in 'fishing

2  expeditions.'").

3        There is no basis for overruling Mattel's privilege objection.  MGA's

4  bald assertion that "[t]his request does not seek information protected by the

5  attorney-client privilege, the attorney work product doctrine, or other applicable

6  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7  agreed that in general "all privileged documents would be logged except for

8  documents created after this action was filed on April 27, 2004."[243]  Thus, to the

9  extent  privileged documents fall within the post lawsuit time period, they need not

10  be included on Mattel's log.

11        Finally, MGA failed to meet and confer at all, much less in good faith,

12  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

13  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

14  the moving party shall first identify each dispute, state the relief sought and identify

15  the authority supporting the requested relief in a meet and confer letter that shall be

16  served on all parties by facsimile or electronic mail. The parties shall have five court

17  days from the date of service of that letter to conduct an in-person conference to

18  attempt to resolve the dispute.").   At no point during the meet and confer process

19  did the parties discuss this Request or Mattel's response to it.[244]  In order to engage

20  in a meaningful meet and confer, MGA had the burden to show the relevance of any

21  requests it sought to move on.[245]  Because MGA refused to even attempt to make

22

23     [243]  See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.
   [244]  See Webster Decl., ¶¶ 6-20.

26     [245]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  this showing, there was no possibility of a good faith meet and confer to resolve the

2  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

3  this Request on that grounds alone.

4  **REQUEST FOR PRODUCTION NO. 516:**

5      All DOCUMENTS REFERRING OR RELATING TO YOUR efforts

6  to institute a litigation hold in response to the litigation originally captioned Mattel,

7  Inc. v. Bryant., Case No. CV 04-9059 SGL (RNBx).

8  **RESPONSE TO REQUEST NO. 516:**

9      In addition to the general objections stated above which are

10  incorporated herein by reference, Mattel objects to this Request on the grounds that

11  it is overbroad and unduly burdensome.  Mattel further objects on the ground that

12  this Request duplicates prior Requests by MGA, and is clearly designed to burden

13  and harass.  Mattel further objects to the Request on the grounds that it seeks

14  documents that are not relevant to this action or likely to lead to the discovery of

15  admissible evidence.  Mattel further objects to this Request on the grounds that it

16  calls for the disclosure of information subject to the attorney-client privilege, the

17  attorney work-product doctrine and other applicable privileges.

18      Subject to and without waiving the foregoing objections, Mattel

19  responds as follows: Mattel will produce one or more affidavits setting forth its

20  preservation efforts and policies with respect to the present litigation, as required by

21  Judge Larson's Order Denying Motion for Terminating Sanctions dated August 27,

22  2007.

23  **CORRECTED RESPONSE TO REQUEST NO. 516:**

24      In addition to the general objections stated above which are

25  incorporated herein by reference, Mattel objects to this Request on the grounds that

26  it is overbroad and unduly burdensome.  Mattel further objects on the ground that

27  this Request duplicates prior Requests by MGA, and is clearly designed to burden

28  and harass.  Mattel further objects to the Request on the grounds that it seeks

1  documents that are not relevant to this action or likely to lead to the discovery of

2  admissible evidence.  Mattel further objects to this Request on the grounds that it

3  calls for the disclosure of information subject to the attorney-client privilege, the

4  attorney work-product doctrine and other applicable privileges.

5  Subject to and without waiving the foregoing objections, Mattel

6  responds as follows: Mattel will produce one or more affidavits setting forth its

7  preservation efforts and policies with respect to the present litigation, as required by

8  Judge Larson's Order Denying Motion for Terminating Sanctions dated August 27,

9  2007.

10 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

11 **TO SHOULD BE COMPELLED**

12 Mattel has improperly limited its agreement to produce documents in

13 response to this request to a self-serving affidavit.  Such a limitation is improper and

14 Mattel's objections are without merit.  Under the Federal Rules of Civil Procedure,

15 "an objection to part of a request must specify the part and permit inspection of the

16 rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

17 for an objection with specificity are routinely rejected in the Central District.  See A.

18 Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

19 or boilerplate objections such as 'overly burdensome and harassing' are improper –

20 especially when a party fails to submit any evidentiary declarations supporting such

21 objections").  Accordingly, Mattel must be compelled either to certify that it has

22 produced all non-privileged responsive documents or to produce all such documents

23 by a date certain.

24 To the extent that Mattel is relying on its blanket objections, they are

25 not sustainable and do not justify Mattel's failure to produce documents.

26 As to overbreadth, Mattel provides no explanation, let alone the

27 required particularity, as to why this request is supposedly overly broad, nor can it

28 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

1   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2   contrary, the request is narrowly tailored to seek documents concerning Mattel's

3   efforts to preserve materials in connection with this litigation.

4           As to burden and harassment, Mattel has not attempted to demonstrate

5   why responding to this request and/or producing responsive documents presents any

6   burden.  This objection must therefore be rejected.  <u>See</u> Jackson v. Montgomery

7   Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that

8   a discovery request is unduly burdensome must allege specific facts which indicate

9   the nature and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.

12          This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15          Mattel objects that the request is duplicative or subsumed within prior

16  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

17  agree to produce responsive non-privileged documents is not proper based on this

18  objection.

19          The request seeks relevant information, as information regarding

20  Mattel's litigation hold practices could reveal purposeful spoliation, which is

21  admissible.  The Court has already allowed such discovery, and Mattel has

22  repeatedly sought such discovery from MGA.

23          If the attachments to Mr. Moore's affidavit provide a complete

24  production in response to these requests, then Mattel should respond that all non-

25  privileged responsive documents have been produced.  Otherwise, Mattel should not

26  be able to avoid production through an argumentative affidavit from its in-house

27  counsel.  For example if there are emails or other documents that reflect how the

28

1 | policies were implemented or lapses in the policies set forth in Mr. Moore's
2 | declaration, MGA is entitled to those as well.

3 |      None of Mattel's improper objections are valid and Mattel is obligated
4 | to produce all non-privileged responsive documents in its possession, custody, or
5 | control.

6 | **MATTEL'S RESPONSE:**

7 |      There is nothing to compel here. Mattel agreed in its original response
8 | to produce one or more affidavits setting forth its preservation efforts and policies
9 | with respect to the present litigation, as required by Judge Larson's Order Denying
10 | Motion for Terminating Sanctions dated August 27, 2007. Judge Larson ordered the
11 | declaration to satisfy any questions about Mattel's document preservation
12 | procedures, and Mattel fully complied with that order.[246]

13 |      MGA must establish that its discovery meets the relevance
14 | requirements of Rule 26(b)(1).[247] MGA argues that the Request is relevant because
15 | a it "could reveal purposeful spoliation." However, these allegations have already
16 | been the subject of an evidentiary hearing and a Court ruling that found that there is
17 | no evidence of any document destruction by Mattel in this litigation.[248] Specifically,
18 | Judge Larson found MGA's assertions of evidence destruction to be "nothing more
19 | than rhetoric laced with hyperbole" and "sheer speculation, unsupported by
20 | evidence."[249] MGA has therefore made no showing how this request is related to

21 |

---

22 | [246] See Affidavit of Michael Moore in Support of Mattel, Inc.'s Opposition to
23 | MGA Entertainment, Inc.'s Motion for Terminating Sanctions Due to Spoliation of Evidence, dated September 10, 2007.
24 | [247] See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
25 | bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
26 | [248] See August 27, 2007 Order Denying Motion for Terminating Sanctions, at 4,
27 | Dart Decl., Exh. 15.
   [249] Id.
28 |

the claims and defenses in this case. "A trial court has a duty, of special
significance in lengthy and complex cases where the possibility of abuse is always
present, to supervise and limit discovery to protect parties and witnesses from
annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664
(E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559
F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste
Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous
Discovery Master has held, a party may not propound document requests as part of a
fishing expedition or to discover new claims.[250] Rivera v. NIBCO, Inc., 364 F.3d
1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
to engage in 'fishing expeditions.'").

Further, the Request is overbroad and unduly burdensome. The
Request clearly seeks information that is likely to be privileged. The documents
MGA seeks would necessarily include privileged attorney-client communications
and work product documents, including Mattel's communications with its counsel
about the instant litigation. The burden of reviewing and logging each of these
privileged documents for periods before the complaint in this lawsuit was filed
would be to no purpose, given the Court's definitive rejection of MGA's allegations
in denying its Motion for Terminating Sanctions, and MGA's request can only have
been made to burden and harass Mattel.[251]

---

[250]  See Order Granting In Part and Denying In Part Mattel's Motion for
Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
1.

[251]  Moreover, as MGA has itself argued, the parties have agreed that in general
"all privileged documents would be logged except for documents created after this
action was filed on April 27, 2004." See Order Denying Mattel's Motion for
Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7,
2008 at 2:22-25, Dart Decl., Exh. 3.  Thus, to the extent  privileged documents fall
within the post lawsuit time period, they need not be included on Mattel's log.

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4  the moving party shall first identify each dispute, state the relief sought and identify

5  the authority supporting the requested relief in a meet and confer letter that shall be

6  served on all parties by facsimile or electronic mail. The parties shall have five court

7  days from the date of service of that letter to conduct an in-person conference to

8  attempt to resolve the dispute.").   At no point during the meet and confer process

9  did the parties discuss this Request or Mattel's response to it.[252]  In order to engage

10  in a meaningful meet and confer, MGA had the burden to show the relevance of any

11  requests it sought to move on.[253]   Because MGA refused to even attempt to make

12  this showing, there was no possibility of a good faith meet and confer to resolve the

13  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

14  this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 517:**

16    All DOCUMENTS REFERRING OR RELATING TO YOUR efforts

17  to institute a litigation hold in response to the litigation originally captioned MGA

18  Entertainment, Inc. v. Mattel, Inc., Case No. CV 05-02727 SGL (RNBx).

19  **RESPONSE TO REQUEST NO. 517:**

20    In addition to the general objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it is overbroad and unduly burdensome.  Mattel further objects on the ground that

23  this Request duplicates prior Requests by MGA, and is clearly designed to burden

24

25    [252]  See Webster Decl., ¶¶ 6-20.

26    [253]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  and harass.  Mattel further objects to the Request on the grounds that it seeks

2  documents that are not relevant to this action or likely to lead to the discovery of

3  admissible evidence.  Mattel further objects to this Request on the grounds that it

4  calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.

6        Subject to and without waiving the foregoing objections, Mattel

7  responds as follows: Mattel will produce one or more affidavits setting forth its

8  preservation efforts and policies with respect to the present litigation, as required by

9  Judge Larson's Order Denying Motion for Terminating Sanctions dated August 27,

10  2007.

11  **CORRECTED RESPONSE TO REQUEST NO. 517:**

12        In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad and unduly burdensome.  Mattel further objects on the ground that

15  this Request duplicates prior Requests by MGA, and is clearly designed to burden

16  and harass.  Mattel further objects to the Request on the grounds that it seeks

17  documents that are not relevant to this action or likely to lead to the discovery of

18  admissible evidence.  Mattel further objects to this Request on the grounds that it

19  calls for the disclosure of information subject to the attorney-client privilege, the

20  attorney work-product doctrine and other applicable privileges.

21        Subject to and without waiving the foregoing objections, Mattel

22  responds as follows: Mattel will produce one or more affidavits setting forth its

23  preservation efforts and policies with respect to the present litigation, as required by

24  Judge Larson's Order Denying Motion for Terminating Sanctions dated August 27,

25  2007.

26

27

28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request to a self-serving affidavit. Such a limitation is improper and Mattel's objections are without merit. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning Mattel's efforts to preserve materials in connection with this litigation.

As to burden and harassment, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")

1  Moreover, it is not unduly burdensome, as noted above, in that the request is
2  narrowly tailored to seek only discoverable evidence.

3         This request does not seek documents protected by the attorney-client
4  privilege, the attorney work product doctrine, or other applicable privileges.  To the
5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6         Mattel objects that the request is duplicative or subsumed within prior
7  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
8  agree to produce responsive non-privileged documents is not proper based on this
9  objection.

10        The request seeks relevant information, as information regarding
11 Mattel's litigation hold practices could reveal purposeful spoliation, which is
12 admissible.  The Court has already allowed such discovery, and Mattel has
13 repeatedly sought such discovery from MGA.

14        If the attachments to Mr. Moore's affidavit provide a complete
15 production in response to these requests, then Mattel should respond that all non-
16 privileged responsive documents have been produced.  Otherwise, Mattel should not
17 be able to avoid production through an argumentative affidavit from its in-house
18 counsel.  For example if there are emails or other documents that reflect how the
19 policies were implemented or lapses in the policies set forth in Mr. Moore's
20 declaration, MGA is entitled to those as well.

21        None of Mattel's improper objections are valid and Mattel is obligated
22 to produce all non-privileged responsive documents in its possession, custody, or
23 control.

24 **MATTEL'S RESPONSE:**

25        There is nothing to compel here.  Mattel agreed in its original response
26 to produce one or more affidavits setting forth its preservation efforts and policies
27 with respect to the present litigation, as required by Judge Larson's Order Denying
28 Motion for Terminating Sanctions dated August 27, 2007.  Judge Larson ordered the

1  declaration to satisfy any questions about Mattel's document preservation

2  procedures, and Mattel fully complied with that order.[254]

3        MGA must establish that its discovery meets the relevance

4  requirements of Rule 26(b)(1).[255]  MGA argues that the Request is relevant because

5  a it "could reveal purposeful spoliation."  However, these allegations have already

6  been the subject of an evidentiary hearing and a Court ruling that found that there is

7  no evidence of any document destruction by Mattel in this litigation.[256]  Specifically,

8  Judge Larson found MGA's assertions of evidence destruction to be "nothing more

9  than rhetoric laced with hyperbole" and "sheer speculation, unsupported by

10  evidence."[257]  MGA has therefore made no showing how this request is related to

11  the claims and defenses in this case.  "A trial court has a duty, of special

12  significance in lengthy and complex cases where the possibility of abuse is always

13  present, to supervise and limit discovery to protect parties and witnesses from

14  annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664

15  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

16  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

17  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

18  Discovery Master has held, a party may not propound document requests as part of a

19

20

21

---

22  [254]  See Affidavit of Michael Moore in Support of Mattel, Inc.'s Opposition to

23  MGA Entertainment, Inc.'s Motion for Terminating Sanctions Due to Spoliation of Evidence, dated September 10, 2007.

24  [255]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

25  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

26  [256]  See August 27, 2007 Order Denying Motion for Terminating Sanctions, at 4,

27  Dart Decl., Exh. 15.

    [257]  Id.

28

1  fishing expedition or to discover new claims.[258]  Rivera v. NIBCO, Inc., 364 F.3d

2  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

3  to engage in 'fishing expeditions.'").

4         Further, the Request is overbroad and unduly burdensome.  The

5  Request clearly seeks information that is likely to be privileged.  The documents

6  MGA seeks would necessarily include privileged attorney-client communications

7  and work product documents, including Mattel's communications with its counsel

8  about the instant litigation.  The burden of reviewing each of these privileged

9  documents would be to no purpose, given the Court's definitive rejection of MGA's

10  allegations in denying its Motion for Terminating Sanctions, and MGA's request

11  can only have been made to burden and harass Mattel.[259]

12         Finally, MGA failed to meet and confer at all, much less in good faith,

13  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15  the moving party shall first identify each dispute, state the relief sought and identify

16  the authority supporting the requested relief in a meet and confer letter that shall be

17  served on all parties by facsimile or electronic mail. The parties shall have five court

18  days from the date of service of that letter to conduct an in-person conference to

19  attempt to resolve the dispute.").   At no point during the meet and confer process

20

21  _____

22  [258]  See Order Granting In Part and Denying In Part Mattel's Motion for
23  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
     1.
24  [259]  Moreover, as MGA has itself argued, the parties have agreed that in general
25  "all privileged documents would be logged except for documents created after this
     action was filed on April 27, 2004."  See Order Denying Mattel's Motion for
26  Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7,
27  2008 at 2:22-25, Dart Decl., Exh. 3.  Thus, to the extent  privileged documents fall
     within the post lawsuit time period, they need not be included on Mattel's log.
28

1  did the parties discuss this Request or Mattel's response to it.[260]  In order to engage

2  in a meaningful meet and confer, MGA had the burden to show the relevance of any

3  requests it sought to move on.[261]   Because MGA refused to even attempt to make

4  this showing, there was no possibility of a good faith meet and confer to resolve the

5  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

6  this Request on that grounds alone.

7  **REQUEST FOR PRODUCTION NO. 518:**

8         All DOCUMENTS REFERRING OR RELATING TO YOUR efforts

9  to institute a litigation hold in response to the litigation originally captioned Bryant

10  v. Mattel, Inc., Case No. CV 04-9049 SGL (RNBx).

11  **RESPONSE TO REQUEST NO. 518:**

12         In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad and unduly burdensome.  Mattel further objects on the ground that

15  this Request duplicates prior Requests by MGA, and is clearly designed to burden

16  and harass.  Mattel further objects to the Request on the grounds that it seeks

17  documents that are not relevant to this action or likely to lead to the discovery of

18  admissible evidence.  Mattel further objects to this Request on the grounds that it

19  calls for the disclosure of information subject to the attorney-client privilege, the

20  attorney work-product doctrine and other applicable privileges.

21         Subject to and without waiving the foregoing objections, Mattel

22  responds as follows: Mattel will produce one or more affidavits setting forth its

23  preservation efforts and policies with respect to the present litigation, as required by

24

25  [260]  See Webster Decl., ¶¶ 6-20.

26  [261]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  Judge Larson's Order Denying Motion for Terminating Sanctions dated August 27,
2  2007.

3  **CORRECTED RESPONSE TO REQUEST NO. 518:**

4          In addition to the general objections stated above which are
5  incorporated herein by reference, Mattel objects to this Request on the grounds that
6  it is overbroad and unduly burdensome. Mattel further objects on the ground that
7  this Request duplicates prior Requests by MGA, and is clearly designed to burden
8  and harass. Mattel further objects to the Request on the grounds that it seeks
9  documents that are not relevant to this action or likely to lead to the discovery of
10  admissible evidence. Mattel further objects to this Request on the grounds that it
11  calls for the disclosure of information subject to the attorney-client privilege, the
12  attorney work-product doctrine and other applicable privileges.

13          Subject to and without waiving the foregoing objections, Mattel
14  responds as follows: Mattel will produce one or more affidavits setting forth its
15  preservation efforts and policies with respect to the present litigation, as required by
16  Judge Larson's Order Denying Motion for Terminating Sanctions dated August 27,
17  2007.

18  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
19  **TO SHOULD BE COMPELLED**

20          Mattel has improperly limited its agreement to produce documents in
21  response to this request to a self-serving affidavit. Such a limitation is improper and
22  Mattel's objections are without merit. Under the Federal Rules of Civil Procedure,
23  "an objection to part of a request must specify the part and permit inspection of the
24  rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis
25  for an objection with specificity are routinely rejected in the Central District. See <u>A.</u>
26  <u>Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
27  or boilerplate objections such as 'overly burdensome and harassing' are improper –
28  especially when a party fails to submit any evidentiary declarations supporting such

1   objections").  Accordingly, Mattel must be compelled either to certify that it has
2   produced all non-privileged responsive documents or to produce all such documents
3   by a date certain.

4          To the extent that Mattel is relying on its blanket objections, they are
5   not sustainable and do not justify Mattel's failure to produce documents.

6          As to overbreadth, Mattel provides no explanation, let alone the
7   required particularity, as to why this request is supposedly overly broad, nor can it
8   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
9   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
10  contrary, the request is narrowly tailored to seek documents concerning Mattel's
11  efforts to preserve materials in connection with this litigation.

12         As to burden and harassment, Mattel has not attempted to demonstrate
13  why responding to this request and/or producing responsive documents presents any
14  burden.  This objection must therefore be rejected.  See Jackson v. Montgomery
15  Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that
16  a discovery request is unduly burdensome must allege specific facts which indicate
17  the nature and extent of the burden, usually by affidavit or other reliable evidence.")
18  Moreover, it is not unduly burdensome, as noted above, in that the request is
19  narrowly tailored to seek only discoverable evidence.

20         This request does not seek documents protected by the attorney-client
21  privilege, the attorney work product doctrine, or other applicable privileges.  To the
22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23         Mattel objects that the request is duplicative or subsumed within prior
24  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
25  agree to produce responsive non-privileged documents is not proper based on this
26  objection.

27         The request seeks relevant information, as information regarding
28  Mattel's litigation hold practices could reveal purposeful spoliation, which is

-227-

1 admissible.  The Court has already allowed such discovery, and Mattel has

2 repeatedly sought such discovery from MGA.

3         If the attachments to Mr. Moore's affidavit provide a complete

4 production in response to these requests, then Mattel should respond that all non-

5 privileged responsive documents have been produced.  Otherwise, Mattel should not

6 be able to avoid production through an argumentative affidavit from its in-house

7 counsel.  For example if there are emails or other documents that reflect how the

8 policies were implemented or lapses in the policies set forth in Mr. Moore's

9 declaration, MGA is entitled to those as well.

10         None of Mattel's improper objections are valid and Mattel is obligated

11 to produce all non-privileged responsive documents in its possession, custody, or

12 control.

13 **MATTEL'S RESPONSE:**

14         There is nothing to compel here.  Mattel agreed in its original response

15 to produce one or more affidavits setting forth its preservation efforts and policies

16 with respect to the present litigation, as required by Judge Larson's Order Denying

17 Motion for Terminating Sanctions dated August 27, 2007.  Judge Larson ordered the

18 declaration to satisfy any questions about Mattel's document preservation

19 procedures, and Mattel fully complied with that order.[262]

20         MGA must establish that its discovery meets the relevance

21 requirements of Rule 26(b)(1).[263]  MGA argues that the Request is relevant because

22 a it "could reveal purposeful spoliation."  However, these allegations have already

23 _____

24 [262]  <u>See</u> Affidavit of Michael Moore in Support of Mattel, Inc.'s Opposition to

25 MGA Entertainment, Inc.'s Motion for Terminating Sanctions Due to Spoliation of Evidence, dated September 10, 2007.

26 [263]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27 bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

1   been the subject of an evidentiary hearing and a Court ruling that found that there is

2   no evidence of any document destruction by Mattel in this litigation.[264]  Specifically,

3   Judge Larson found MGA's assertions of evidence destruction to be "nothing more

4   than rhetoric laced with hyperbole" and "sheer speculation, unsupported by

5   evidence."[265]  MGA has therefore made no showing how this request is related to

6   the claims and defenses in this case.  "A trial court has a duty, of special

7   significance in lengthy and complex cases where the possibility of abuse is always

8   present, to supervise and limit discovery to protect parties and witnesses from

9   annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664

10  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

11  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

12  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

13  Discovery Master has held, a party may not propound document requests as part of a

14  fishing expedition or to discover new claims.[266]  Rivera v. NIBCO, Inc., 364 F.3d

15  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

16  to engage in 'fishing expeditions.'").

17          Further, the Request is overbroad and unduly burdensome.  The

18  Request clearly seeks information that is likely to be privileged.  The documents

19  MGA seeks would necessarily include privileged attorney-client communications

20  and work product documents, including Mattel's communications with its counsel

21  about the instant litigation.  The burden of reviewing and logging each of these

22  privileged documents for periods before the complaint in this lawsuit was filed

23  _____

24  [264]  See August 27, 2007 Order Denying Motion for Terminating Sanctions, at 4,
     Dart Decl., Exh. 15.
25  [265]  Id.
26  [266]  See Order Granting In Part and Denying In Part Mattel's Motion for
     Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
27  1.

28

1  would be to no purpose, given the Court's definitive rejection of MGA's allegations

2  in denying its Motion for Terminating Sanctions, and MGA's request can only have

3  been made to burden and harass Mattel.[267]

4         Finally, MGA failed to meet and confer at all, much less in good faith,

5  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

6  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

7  the moving party shall first identify each dispute, state the relief sought and identify

8  the authority supporting the requested relief in a meet and confer letter that shall be

9  served on all parties by facsimile or electronic mail. The parties shall have five court

10  days from the date of service of that letter to conduct an in-person conference to

11  attempt to resolve the dispute.").   At no point during the meet and confer process

12  did the parties discuss this Request or Mattel's response to it.[268]  In order to engage

13  in a meaningful meet and confer, MGA had the burden to show the relevance of any

14  requests it sought to move on.[269]   Because MGA refused to even attempt to make

15  this showing, there was no possibility of a good faith meet and confer to resolve the

16  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

17  this Request on that grounds alone.

---

21  [267]  Moreover, as MGA has itself argued, the parties have agreed that in general

22  "all privileged documents would be logged except for documents created after this

23  action was filed on April 27, 2004."  See Order Denying Mattel's Motion for

    Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7,

24  2008 at 2:22-25, Dart Decl., Exh. 3.   Thus, to the extent  privileged documents fall

25  within the post lawsuit time period, they need not be included on Mattel's log.

    [268]  See Webster Decl., ¶¶ 6-20.

26  [269]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

    1390794 at *1 (S.D. Cal. May 14, 2009).

**REQUEST FOR PRODUCTION NO. 519:**

All COMMUNICATIONS between YOU and the toy manufacturer JETTA REFERRING OR RELATING to MGA, BRATZ or LARIAN.

**RESPONSE TO REQUEST NO. 519:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

**CORRECTED RESPONSE TO REQUEST NO. 519:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek communications between Mattel and the toy manufacturer Jetta related to MGA, Bratz or Mr. Larian.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

1   and extent of the burden, usually by affidavit or other reliable evidence.")

2   Moreover, it is not unduly burdensome, as noted above, in that the request is

3   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4   has engaged in a broad variety of unfair trade practices, including serial copying of

5   MGA products.  MGA is entitled to discovery on these claims.

6          Mattel cites to the May 22, 2007 order, but that order is inapposite to

7   this request, which is much narrower than those considered irrelevant and/or

8   improper by the court.  Specifically, the request is narrowly tailored to

9   communications regarding MGA, Bratz or Mr. Larian.

10         As for relevancy, Mattel has not attempted to demonstrate why

11  responding to this request and/or producing responsive documents is irrelevant to

12  the present action.  On the contrary, MGA has alleged that Mattel is engaged in

13  copying of MGA products, packaging, themes and advertising among other unfair

14  trade practices to preserve its market share rankings in the critical fashion doll

15  category.  MGA also alleges that Mattel has engaged in various acts amounting to

16  unclean hands, including various efforts to gain confidential information about

17  MGA. This request, which is narrowly tailored to communications between Mattel

18  and Jetta, a toy manufacturer, relating to MGA, Bratz or Larian, seeks information

19  related to MGA's allegations.

20         Mattel objects that the request contains confidential, proprietary, and

21  trade secret information.  A Protective Order exists in this case, obviating any

22  concern as to protection of privacy rights and/or commercially sensitive

23  information.

24         None of Mattel's improper objections are valid and Mattel is obligated

25  to produce all non-privileged responsive documents in its possession, custody, or

26  control.

27

28

1  **MATTEL'S RESPONSE:**

2        This request is essentially identical to another Request that was rejected

3  by the Discovery Master.  Request No. 38 sought: "All COMMUNICATIONS

4  between YOU and the Children's Advertising Review Unit REFERRING OR

5  RELATING TO MGA, LARIAN, "BRATZ," or MGA PRODUCTS, including but

6  not limited to COMMUNICATIONS as alleged in paragraphs 89, 90, and 91 of the

7  COMPLAINT."  The prior Discovery Master rejected Request No. 38 in his May

8  22, 2007 Order, stating that it was overbroad because it seeks information "referring

9  or relating to MGA, Larian Bratz, or MGA products," without any limitation to "any

10  other subject that is at issue in the case."[270]  It should be rejected in keeping with the

11  prior Order.

12        The Discovery Master had good reason to do so.  Through this and

13  other Requests, MGA seeks virtually every document mentioning MGA or Bratz.

14  As discussed in Mattel's Opposition to that motion, there are an incalculable number

15  of such documents that are completely irrelevant to this suit, and it would be a heavy

16  burden on Mattel to collect and review these documents. ██████████

17  ████████████████████████████████████

18  ████████████████████████████████

19  ████████████████████████████████

20  ████████████████████████████████

21  ████████████████████████████

22  ████████████████████████████████████

23  ████████████████████████████████

24

25

26  [270]  May 22, 2007 Order at 14, 23-26, Dart Decl., Exh. 5.

27  [271]  See Pantel Dec. at ¶ 9, Dart Decl., Exh. 31.

    [272]  Id. ¶ 10.

28

1

2

3

4

5

6

7

8

9



10                                                                      [275]

11          Moreover, MGA has not made any showing that the documents sought

12  are relevant to the claims and defenses in this lawsuit.  MGA merely asserts that it

13  has alleged that "Mattel has engaged in copying of MGA products, packaging,

14  themes and advertising" and "various acts amounting to unclean hands, including

15  various efforts to gain confidential information."  But it fails to show any connection

16  between communications with Jetta, another toy company, and these allegations.

17  Indeed, Jetta is not even mentioned in MGA's complaint.  As the previous Discovery

18  Master held, a party may not propound document requests as part of a fishing

19  expedition or to discover new claims.[276]  Rivera v. NIBCO, Inc., 364 F.3d 1057,

20  1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to

21  engage in 'fishing expeditions.'").  MGA's motion should be rejected as to this

22  Request.

23  _____

24  [273]  Id.

25  [274]  Pantel Dec. ¶ 11, Dart Decl., Exh. 31.
    [275]  Id. ¶ 12, P. Moore Dec. ¶ 7, Dart Decl., Exh. 32.

26  [276]  See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
    1.

28

1    The Request is also overbroad as it has no limitation as to time. MGA

2  has previously taken the position that discovery regarding events that post-dating the

3  filing of the Complaint are not relevant. <u>See</u> MGA Parties' Reply In Support of

4  Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13,

5  2009, at 7 (█████████████████████████████████████████

6  ████████████████████████████████████████████████████

7  ██████████████.").[277]  The Discovery Master credited this argument in denying

8  Mattel its requested discovery, ruling that Mattel's requests were not reasonably

9  calculated to lead to the discovery of admissible evidence regarding Mattel's RICO

10  counterclaim because the "RICO counterclaim (like the other counterclaims to be

11  adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either

12  Omni 808 Investors, LLC or Vision Capital, LLC came into existence . . . ."

13  Discovery Matter Order No. 3, dated March 10, 2009, at 18.[278]  MGA offers no

14  reason, nor could it consistent with judicial estoppel, why documents post-dating the

15  filing of claims which do not allege continuing wrongdoing are relevant to those

16  claims. MGA should not be permitted to argue otherwise now in connection with its

17  own requests for discovery that purportedly supports its unfair competition claims.

18    Despite the prior Discovery Master's rejection of virtually identical

19  Requests, MGA nevertheless seeks to overrule all of Mattel's objections. This

20  would be inappropriate. For example, there is no basis for overruling Mattel's

21  privilege objection. MGA's bald assertion that "this request does not seek

22  information protected by the attorney-client privilege, the attorney work product

23  doctrine, or other applicable privileges" has no merit. Documents discussing Bratz

24  could very well be subject to a claim of privilege or work product protection.

25  Moreover, as MGA has itself argued, the parties have agreed that in general "all

---

[277]  Dart Decl., Exh. 6.

1  privileged documents would be logged except for documents created after this

2  action was filed on April 27, 2004."[279]  Thus, to the extent privileged documents fall

3  within the post lawsuit time period, they need not be included on Mattel's log.

4  　　　　　Finally, MGA failed to meet and confer at all, much less in good faith,

5  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

6  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

7  the moving party shall first identify each dispute, state the relief sought and identify

8  the authority supporting the requested relief in a meet and confer letter that shall be

9  served on all parties by facsimile or electronic mail. The parties shall have five court

10  days from the date of service of that letter to conduct an in-person conference to

11  attempt to resolve the dispute.").  At no point during the meet and confer process did

12  the parties discuss this Request or Mattel's response to it.[280]  In order to engage in a

13  meaningful meet and confer, MGA had the burden to show the relevance of any

14  requests it sought to move on.[281]  Because MGA refused to even attempt to make

15  this showing, there was no possibility of a good faith meet and confer to resolve the

16  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

17  this Request on that grounds alone.

18  **REQUEST FOR PRODUCTION NO. 520:**

19  　　　　　All COMMUNICATIONS between YOU and EARLY LIGHT,

20  including but not limited to Francis Choi, Wilson Ng, and Carmen Choi,

21  REFERRING OR RELATING to MGA, BRATZ or LARIAN.

22

23

24

25  [278]　Dart Decl., Exh. 7.

　　[279]　See Order Denying Mattel's Motion for Protective Order Limiting the

26  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

27  3.

　　[280]　See Webster Decl., ¶¶ 6-20.

28

1  **RESPONSE TO REQUEST NO. 520:**

2          In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it is overbroad and unduly, burdensome, including in that it seeks all documents on

5  this subject without limitation as to time, and regardless of whether such documents

6  relate to products or matters at issue in this case.  Mattel further objects to the

7  Request on the grounds that it seeks documents that are not relevant to this action or

8  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

9  Request on the grounds that it seeks confidential, proprietary and trade secret

10  information, including such information that has no bearing on the claims or

11  defenses in this case.  Mattel further objects on the ground that this Request seeks to

12  circumvent the Discovery Master's Order dated May 22, 2007.

13  **CORRECTED RESPONSE TO REQUEST NO. 520:**

14          In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad and unduly burdensome, including in that it seeks all documents on

17  this subject without limitation as to time, and regardless of whether such documents

18  relate to products or matters at issue in this case.  Mattel further objects to the

19  Request on the grounds that it seeks documents that are not relevant to this action or

20  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

21  Request on the grounds that it seeks confidential, proprietary and trade secret

22  information, including such information that has no bearing on the claims or

23  defenses in this case.  Mattel further objects on the ground that this Request seeks to

24  circumvent the Discovery Master's Order dated May 22, 2007.

25  _____

26  [281]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek communications between Mattel and toy manufacturer Early Light, including but not limited to Francis Choi, Wilson Ng, and Carmen Choi relating to MGA, Bratz or Mr. Larian.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

1  request is unduly burdensome must allege specific facts which indicate the nature

2  and extent of the burden, usually by affidavit or other reliable evidence.")

3  Moreover, it is not unduly burdensome, as noted above, in that the request is

4  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

5  has engaged in a broad variety of unfair trade practices, including serial copying of

6  MGA products.  MGA is entitled to discovery on these claims.

7          Mattel cites to the May 22, 2007 order, but that order is inapposite to

8  this request, which is much narrower than those considered irrelevant and/or

9  improper by the court.  Specifically, the request is narrowly tailored to

10  communications regarding MGA, Bratz or Mr. Larian.

11          As for relevancy, Mattel has not attempted to demonstrate why

12  responding to this request and/or producing responsive documents is irrelevant to

13  the present action.  On the contrary, MGA has alleged that Mattel is engaged in

14  copying of MGA products, packaging, themes and advertising among other unfair

15  trade practices to preserve its market share rankings in the critical fashion doll

16  category.  MGA also alleges that Mattel has engaged in various acts amounting to

17  unclean hands, including various efforts to gain confidential information about

18  MGA. This request, which is narrowly tailored to communications between Mattel

19  and Early Light, relating to MGA, Bratz or Larian, seeks information related to

20  MGA's allegations.

21          Mattel objects that the request contains confidential, proprietary, and

22  trade secret information.  A Protective Order exists in this case, obviating any

23  concern as to protection of privacy rights and/or commercially sensitive

24  information.

25          None of Mattel's improper objections are valid and Mattel is obligated

26  to produce all non-privileged responsive documents in its possession, custody, or

27  control.

28

1 **MATTEL'S RESPONSE:**

2       This request is essentially identical to another Request that was rejected

3 by the Discovery Master. Request No. 38 sought: "All COMMUNICATIONS

4 between YOU and the Children's Advertising Review Unit REFERRING OR

5 RELATING TO MGA, LARIAN, "BRATZ," or MGA PRODUCTS, including but

6 not limited to COMMUNICATIONS as alleged in paragraphs 89, 90, and 91 of the

7 COMPLAINT." The prior Discovery Master rejected Request No. 38 in his May

8 22, 2007 Order, stating that it was overbroad because it seeks information "referring

9 or relating to MGA, Larian Bratz, or MGA products," without any limitation to "any

10 other subject that is at issue in the case."[282] It should be rejected in keeping with the

11 prior Order.

12       The Discovery Master had good reason to do so. Through this and

13 other Requests, MGA seeks virtually every document mentioning MGA or Bratz.

14 As discussed in Mattel's Opposition to that motion, there are an incalculable number

15 of such documents that are completely irrelevant to this suit, and it would be a heavy

16 burden on Mattel to collect and review these documents. ██████████████

17 ████████████████████████████████████████

18 ████████████████████████████████████████

19 ████████████████████████████████████

20 ██████████████████████████████████████

21 ████████████████████████████████████

22 ███████████████████████████████████████

23 ████████████████████████████████████████

24

25 ————————————————

26 [282] May 22, 2007 Order at 14, 23-26, Dart Decl., Exh. 5.

27 [283] See Pantel Dec. at ¶ 9, Dart Decl., Exh. 31.
    [284] Id. ¶ 10.

28



287

Moreover, MGA has not made any showing that the documents sought are relevant to the claims and defenses in this lawsuit.  MGA merely asserts that it has alleged that "Mattel has engaged in copying of MGA products, packaging, themes and advertising" and "various acts amounting to unclean hands, including various efforts to gain confidential information."  But it fails to show any connection between communications with Early Light, a toy manufacturer, and these allegations.  Indeed, Early Light is not even mentioned in MGA's complaint.  As the previous Discovery Master held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[288]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").  MGA's motion should be rejected as to this Request.

---

[285]   Id.
[286]   Pantel Dec. ¶ 11, Dart Decl., Exh. 31.
[287]   Id. ¶ 12, P. Moore Dec. ¶ 7, Dart Decl., Exh. 32.
[288]   See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

1    The Request is also overbroad as it has no limitation as to time.  MGA

2  has previously taken the position that discovery regarding events that post-dating the

3  filing of the Complaint are not relevant.  <u>See</u> MGA Parties' Reply In Support of

4  Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13,

5  2009, at 7 (███████████████████████████████

6  ███████████████████████████████████████

7  ███████████.").[289]  The Discovery Master credited this argument in denying

8  Mattel its requested discovery, ruling that Mattel's requests were not reasonably

9  calculated to lead to the discovery of admissible evidence regarding Mattel's RICO

10  counterclaim because the "RICO counterclaim (like the other counterclaims to be

11  adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either

12  Omni 808 Investors, LLC or Vision Capital, LLC came into existence . . . ."

13  Discovery Matter Order No. 3, dated March 10, 2009, at 18.[290]  MGA offers no

14  reason, nor could it consistent with judicial estoppel, why documents post-dating the

15  filing of claims which do not allege continuing wrongdoing are relevant to those

16  claims.  MGA should not be permitted to argue otherwise now in connection with its

17  own requests for discovery that purportedly supports its unfair competition claims.

18    Despite the prior Discovery Master's rejection of virtually identical

19  Requests, MGA nevertheless seeks to overrule all of Mattel's objections.  This

20  would be inappropriate.  For example, there is no basis for overruling Mattel's

21  privilege objection.  MGA's bald assertion that "this request does not seek

22  information protected by the attorney-client privilege, the attorney work product

23  doctrine, or other applicable privileges" has no merit.  Documents discussing Bratz

24  could very well be subject to a claim of privilege or work product protection.

25  Moreover, as MGA has itself argued, the parties have agreed that in general "all

26

27    [289]  Dart Decl., Exh. 6.

28

privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[291]   Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").  At no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.[292]   In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[293]   Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

## REQUEST FOR PRODUCTION NO. 521:

All COMMUNICATIONS between YOU and ASAHI REFERRING OR RELATING to MGA, BRATZ or LARIAN.

---

[290]   Dart Decl., Exh. 7.

[291]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

[292]   See Webster Decl., ¶¶ 6-20.

1  **RESPONSE TO REQUEST NO. 521:**

2          In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it is overbroad and unduly burdensome, including in that it seeks all documents on

5  this subject without limitation as to time, and regardless of whether such documents

6  relate to products or matters at issue in this case. Mattel further objects to the

7  Request on the grounds that it seeks documents that are not relevant to this action or

8  likely to lead to the discovery of admissible evidence. Mattel further objects to this

9  Request on the grounds that it seeks confidential, proprietary and trade secret

10  information, including such information that has no bearing on the claims or

11  defenses in this case. Mattel further objects on the ground that this Request seeks to

12  circumvent the Discovery Master's Order dated May 22, 2007.

13  **CORRECTED RESPONSE TO REQUEST NO. 521:**

14          In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad and unduly burdensome, including in that it seeks all documents on

17  this subject without limitation as to time, and regardless of whether such documents

18  relate to products or Matters at issue in this case. Mattel further objects to the

19  Request on the grounds that it seeks documents that are not relevant to this action or

20  likely to lead to the discovery of admissible evidence. Mattel further objects to this

21  Request on the grounds that it seeks confidential, proprietary and trade secret

22  information, including such information that has no bearing on the claims or

23  defenses in this case. Mattel further objects on the ground that this Request seeks to

24  circumvent the Discovery Master's Order dated May 22, 2007.

25  _____

26  [293]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
   1390794 at *1 (S.D. Cal. May 14, 2009).

28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek communications between Mattel and Asahi Kasei Life & Living Corp. relating to MGA, Bratz or Mr. Larian.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

1 | and extent of the burden, usually by affidavit or other reliable evidence.")

2 | Moreover, it is not unduly burdensome, as noted above, in that the request is

3 | narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4 | has engaged in a broad variety of unfair trade practices, including serial copying of

5 | MGA products.  MGA is entitled to discovery on these claims.

6 |      Mattel cites to the May 22, 2007 order, but that order is inapposite to

7 | this request, which is much narrower than those considered irrelevant and/or

8 | improper by the court.  Specifically, the request is narrowly tailored to

9 | communications regarding MGA, Bratz or Mr. Larian.

10 |      As for relevancy, Mattel has not attempted to demonstrate why

11 | responding to this request and/or producing responsive documents is irrelevant to

12 | the present action.  On the contrary, MGA has alleged that Mattel is engaged in

13 | copying of MGA products, packaging, themes and advertising among other unfair

14 | trade practices to preserve its market share rankings in the critical fashion doll

15 | category.  MGA also alleges that Mattel has engaged in various acts amounting to

16 | unclean hands, including various efforts to gain confidential information about

17 | MGA. This request, which is narrowly tailored to communications between Mattel

18 | and Asahi, relating to MGA, Bratz or Larian, seeks information related to MGA's

19 | allegations.

20 |      Mattel objects that the request contains confidential, proprietary, and

21 | trade secret information.  A Protective Order exists in this case, obviating any

22 | concern as to protection of privacy rights and/or commercially sensitive

23 | information.

24 |      None of Mattel's improper objections are valid and Mattel is obligated

25 | to produce all non-privileged responsive documents in its possession, custody, or

26 | control.

27 |

28 |

1 | **MATTEL'S RESPONSE:**

2 |      This request is essentially identical to another Request that was rejected

3 | by the Discovery Master.   Request No. 38 sought: "All COMMUNICATIONS

4 | between YOU and the Children's Advertising Review Unit REFERRING OR

5 | RELATING TO MGA, LARIAN, "BRATZ," or MGA PRODUCTS, including but

6 | not limited to COMMUNICATIONS as alleged in paragraphs 89, 90, and 91 of the

7 | COMPLAINT."   The prior Discovery Master rejected Request No. 38 in his May

8 | 22, 2007 Order, stating that it was overbroad because it seeks information "referring

9 | or relating to MGA, Larian Bratz, or MGA products," without any limitation to "any

10 | other subject that is at issue in the case."[294]  It should be rejected in keeping with the

11 | prior Order.

12 |      The Discovery Master had good reason to do so.  Through this and

13 | other Requests, MGA seeks virtually every document mentioning MGA or Bratz.

14 | As discussed in Mattel's Opposition to that motion, there are an incalculable number

15 | of such documents that are completely irrelevant to this suit, and it would be a heavy

16 | burden on Mattel to collect and review these documents. ■■■■■■■■■■

17 | ■■■■■■■■■■■■■■■■■■■■■

18 | ■■■■■■■■■■■■■■■■■■■

19 | ■■■■■■■■■■■■■■■■■

20 | ■■■■■■■■■■■■■■■■■■■

21 | ■■■■■■■■■■■■■■■■■■

22 | ■■■■■■■■■■■■■■■■■■■■

23 | ■■■■■■■■■■■■■■■■■■■■

24 |

25 |

26 | [294]  May 22, 2007 Order at 14, 23-26, Dart Decl., Exh. 5.

27 | [295]  See Pantel Dec. at ¶ 9, Dart Decl., Exh. 31.

28 | [296]  Id. ¶ 10.



[299]

Moreover, MGA has not made any showing that the documents sought are relevant to the claims and defenses in this lawsuit. MGA merely asserts that it has alleged that "Mattel has engaged in copying of MGA products, packaging, themes and advertising" and "various acts amounting to unclean hands, including various efforts to gain confidential information." But it fails to show any connection between communications with Ashai Kasei Life & Living Corp. and these allegations. Indeed, Ashai is not even mentioned in MGA's complaint. As the previous Discovery Master held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[300] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"). MGA's motion should be rejected as to this Request.

---

[297]  Id.
[298]  Pantel Dec. ¶ 11, Dart Decl., Exh. 31.
[299]  Id. ¶ 12, P. Moore Dec. ¶ 7, Dart Decl., Exh. 32.
[300]  See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

1  The Request is also overbroad as it has no limitation as to time.  MGA

2  has previously taken the position that discovery regarding events that post-dating the

3  filing of the Complaint are not relevant.  See MGA Parties' Reply In Support of

4  Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13,

5  2009, at 7 (█████████████████████████████████████

6  ██████████████████████████████████████████████████

7  ██████████.").[301]  The Discovery Master credited this argument in denying

8  Mattel its requested discovery, ruling that Mattel's requests were not reasonably

9  calculated to lead to the discovery of admissible evidence regarding Mattel's RICO

10  counterclaim because the "RICO counterclaim (like the other counterclaims to be

11  adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either

12  Omni 808 Investors, LLC or Vision Capital, LLC came into existence . . . ."

13  Discovery Matter Order No. 3, dated March 10, 2009, at 18.[302]  MGA offers no

14  reason, nor could it consistent with judicial estoppel, why documents post-dating the

15  filing of claims which do not allege continuing wrongdoing are relevant to those

16  claims.  MGA should not be permitted to argue otherwise now in connection with its

17  own requests for discovery that purportedly supports its unfair competition claims.

18  Despite the prior Discovery Master's rejection of virtually identical

19  Requests, MGA nevertheless seeks to overrule all of Mattel's objections.  This

20  would be inappropriate.  For example, there is no basis for overruling Mattel's

21  privilege objection.  MGA's bald assertion that "this request does not seek

22  information protected by the attorney-client privilege, the attorney work product

23  doctrine, or other applicable privileges" has no merit.  Documents discussing Bratz

24  could very well be subject to a claim of privilege or work product protection.

25  Moreover, as MGA has itself argued, the parties have agreed that in general "all

26

27  [301]  Dart Decl., Exh. 6.

28

1  privileged documents would be logged except for documents created after this

2  action was filed on April 27, 2004."[303]  Thus, to the extent privileged documents fall

3  within the post lawsuit time period, they need not be included on Mattel's log.

4          Finally, MGA failed to meet and confer at all, much less in good faith,

5  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

6  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

7  the moving party shall first identify each dispute, state the relief sought and identify

8  the authority supporting the requested relief in a meet and confer letter that shall be

9  served on all parties by facsimile or electronic mail. The parties shall have five court

10  days from the date of service of that letter to conduct an in-person conference to

11  attempt to resolve the dispute.").  At no point during the meet and confer process did

12  the parties discuss this Request or Mattel's response to it.[304]  In order to engage in a

13  meaningful meet and confer, MGA had the burden to show the relevance of any

14  requests it sought to move on.[305]  Because MGA refused to even attempt to make

15  this showing, there was no possibility of a good faith meet and confer to resolve the

16  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

17  this Request on that grounds alone.

18  **REQUEST FOR PRODUCTION NO. 522:**

19          All COMMUNICATIONS between YOU and UNIVERSAL

20  REFERRING OR RELATING to MGA, BRATZ or LARIAN.

21

22

---

[302]  Dart Decl., Exh. 7.

23
[303]  See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.
[304]  See Webster Decl., ¶¶ 6-20.

26  [305]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

1390794 at *1 (S.D. Cal. May 14, 2009).

28

**RESPONSE TO REQUEST NO. 522:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

**CORRECTED RESPONSE TO REQUEST NO. 522:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections. Mattel has refused to confirm whether

1  or not it has produced all non-privileged responsive documents or whether it is

2  withholding documents based on its objections in Phase 2.  Under the Federal Rules

3  of Civil Procedure, "an objection to part of a request must specify the part and

4  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

5  fail to explain the basis for an objection with specificity are routinely rejected in the

6  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

7  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

8  harassing' are improper – especially when a party fails to submit any evidentiary

9  declarations supporting such objections").  Accordingly, Mattel must be compelled

10  either to certify that it has produced all non-privileged responsive documents or to

11  produce all such documents by a date certain.

12      To the extent that Mattel is relying on its blanket objections, they are

13  not sustainable and do not justify Mattel's failure to produce documents.

14      As to overbreadth, Mattel provides no explanation, let alone the

15  required particularity, as to why this request is supposedly overly broad, nor can it

16  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

17  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

18  contrary, the request is narrowly tailored to seek communications between Mattel

19  and Universal Commerce Corp. Ltd. relating to MGA, Bratz or Mr. Larian.

20      As to burden, Mattel has not attempted to demonstrate why responding

21  to this request and/or producing responsive documents presents any burden.  This

22  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

23  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24  request is unduly burdensome must allege specific facts which indicate the nature

25  and extent of the burden, usually by affidavit or other reliable evidence.")

26  Moreover, it is not unduly burdensome, as noted above, in that the request is

27  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28

1   has engaged in a broad variety of unfair trade practices, including serial copying of

2   MGA products.  MGA is entitled to discovery on these claims.

3        Mattel cites to the May 22, 2007 order, but that order is inapposite to

4   this request, which is much narrower than those considered irrelevant and/or

5   improper by the court.  Specifically, the request is narrowly tailored to

6   communications regarding MGA, Bratz or Mr. Larian.

7        As for relevancy, Mattel has not attempted to demonstrate why

8   responding to this request and/or producing responsive documents is irrelevant to

9   the present action.  On the contrary, MGA has alleged that Mattel is engaged in

10   copying of MGA products, packaging, themes and advertising among other unfair

11   trade practices to preserve its market share rankings in the critical fashion doll

12   category.  MGA also alleges that Mattel has engaged in various acts amounting to

13   unclean hands, including various efforts to gain confidential information about

14   MGA. This request, which is narrowly tailored to communications between Mattel

15   and Universal, relating to MGA, Bratz or Larian, seeks information related to

16   MGA's allegations.

17        Mattel objects that the request contains confidential, proprietary, and

18   trade secret information.  A Protective Order exists in this case, obviating any

19   concern as to protection of privacy rights and/or commercially sensitive

20   information.

21        None of Mattel's improper objections are valid and Mattel is obligated

22   to produce all non-privileged responsive documents in its possession, custody, or

23   control.

24   **MATTEL'S RESPONSE:**

25        This request is essentially identical to another Request that was rejected

26   by the Discovery Master.  Request No. 38 sought: "All COMMUNICATIONS

27   between YOU and the Children's Advertising Review Unit REFERRING OR

28   RELATING TO MGA, LARIAN, "BRATZ," or MGA PRODUCTS, including but

1  not limited to COMMUNICATIONS as alleged in paragraphs 89, 90, and 91 of the

2  COMPLAINT."   The prior Discovery Master rejected Request No. 38 in his May

3  22, 2007 Order, stating that it was overbroad because it seeks information "referring

4  or relating to MGA, Larian Bratz, or MGA products," without any limitation to "any

5  other subject that is at issue in the case."[306]  It should be rejected in keeping with the

6  prior Order.

7         The Discovery Master had good reason to do so.  Through this and

8  other Requests, MGA seeks virtually every document mentioning MGA or Bratz.

9  As discussed in Mattel's Opposition to that motion, there are an incalculable number

10  of such documents that are completely irrelevant to this suit, and it would be a heavy

11  burden on Mattel to collect and review these documents.



[306] May 22, 2007 Order at 14, 23-26, Dart Decl., Exh. 5.
[307] See Pantel Dec. at ¶ 9, Dart Decl., Exh. 31.
[308] Id. ¶ 10.
[309] Id.



[311]

6    Moreover, MGA has not made any showing that the documents sought

7    are relevant to the claims and defenses in this lawsuit. MGA merely asserts that it

8    has alleged that "Mattel has engaged in copying of MGA products, packaging,

9    themes and advertising" and "various acts amounting to unclean hands, including

10   various efforts to gain confidential information." But it fails to show any connection

11   between communications with Universal Commerce Corp. and these allegations.

12   Indeed, Universal is not even mentioned in MGA's complaint. As the previous

13   Discovery Master held, a party may not propound document requests as part of a

14   fishing expedition or to discover new claims.[312] Rivera v. NIBCO, Inc., 364 F.3d

15   1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

16   to engage in 'fishing expeditions.'"). MGA's motion should be rejected as to this

17   Request.

18   The Request is also overbroad as it has no limitation as to time. MGA

19   has previously taken the position that discovery regarding events that post-dating the

20   filing of the Complaint are not relevant. See MGA Parties' Reply In Support of

21   Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13,

22   2009, at 7 (

---

[310]   Pantel Dec. ¶ 11, Dart Decl., Exh. 31.
[311]   Id. ¶ 12, P. Moore Dec. ¶ 7, Dart Decl., Exh. 32.

1  ██████████ ").[313]  The Discovery Master credited this argument in denying

2  Mattel its requested discovery, ruling that Mattel's requests were not reasonably

3  calculated to lead to the discovery of admissible evidence regarding Mattel's RICO

4  counterclaim because the "RICO counterclaim (like the other counterclaims to be

5  adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either

6  Omni 808 Investors, LLC or Vision Capital, LLC came into existence . . . ."

7  Discovery Matter Order No. 3, dated March 10, 2009, at 18.[314]  MGA offers no

8  reason, nor could it consistent with judicial estoppel, why documents post-dating the

9  filing of claims which do not allege continuing wrongdoing are relevant to those

10  claims.  MGA should not be permitted to argue otherwise now in connection with its

11  own requests for discovery that purportedly supports its unfair competition claims.

12      Despite the prior Discovery Master's rejection of virtually identical

13  Requests, MGA nevertheless seeks to overrule all of Mattel's objections.  This

14  would be inappropriate.  For example, there is no basis for overruling Mattel's

15  privilege objection.  MGA's bald assertion that "this request does not seek

16  information protected by the attorney-client privilege, the attorney work product

17  doctrine, or other applicable privileges" has no merit.  Documents discussing Bratz

18  could very well be subject to a claim of privilege or work product protection.

19  Moreover, as MGA has itself argued, the parties have agreed that in general "all

20  privileged documents would be logged except for documents created after this

21

22

23

24

25  [312]  <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for
    Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

26  1.

    [313]  Dart Decl., Exh. 6.

27  [314]  Dart Decl., Exh. 7.

28

1  action was filed on April 27, 2004."[315]  Thus, to the extent privileged documents fall

2  within the post lawsuit time period, they need not be included on Mattel's log.

3         Finally, MGA failed to meet and confer at all, much less in good faith,

4  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6  the moving party shall first identify each dispute, state the relief sought and identify

7  the authority supporting the requested relief in a meet and confer letter that shall be

8  served on all parties by facsimile or electronic mail. The parties shall have five court

9  days from the date of service of that letter to conduct an in-person conference to

10  attempt to resolve the dispute.").  At no point during the meet and confer process did

11  the parties discuss this Request or Mattel's response to it.[316]  In order to engage in a

12  meaningful meet and confer, MGA had the burden to show the relevance of any

13  requests it sought to move on.[317]  Because MGA refused to even attempt to make

14  this showing, there was no possibility of a good faith meet and confer to resolve the

15  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

16  this Request on that grounds alone.

17  **REQUEST FOR PRODUCTION NO. 523:**

18         All COMMUNICATIONS between YOU and KANEKA REFERRING

19  OR RELATING to MGA, BRATZ or LARIAN.

20

21

22

---

23  [315]  See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

25  [316]  See Webster Decl., ¶¶ 6-20.

26  [317]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  **RESPONSE TO REQUEST NO. 523:**

2          In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it is overbroad and unduly burdensome, including in that it seeks all documents on

5  this subject without limitation as to time, and regardless of whether such documents

6  relate to products or matters at issue in this case.  Mattel further objects to the

7  Request on the grounds that it seeks documents that are not relevant to this action or

8  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

9  Request on the grounds that it seeks confidential, proprietary and trade secret

10  information, including such information that has no bearing on the claims or

11  defenses in this case.  Mattel further objects on the ground that this Request seeks to

12  circumvent the Discovery Master's Order dated May 22, 2007.

13  **CORRECTED RESPONSE TO REQUEST NO. 523:**

14          In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad and unduly burdensome, including in that it seeks all documents on

17  this subject without limitation as to time, and regardless of whether such documents

18  relate to products or matters at issue in this case.  Mattel further objects to the

19  Request on the grounds that it seeks documents that are not relevant to this action or

20  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

21  Request on the grounds that it seeks confidential, proprietary and trade secret

22  information, including such information that has no bearing on the claims or

23  defenses in this case.  Mattel further objects on the ground that this Request seeks to

24  circumvent the Discovery Master's Order dated May 22, 2007.

25  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

26  **TO SHOULD BE COMPELLED**

27          Mattel has not agreed to produce documents in response to this request,

28  based on its improper boilerplate objections.  Mattel has refused to confirm whether

1  or not it has produced all non-privileged responsive documents or whether it is

2  withholding documents based on its objections in Phase 2. Under the Federal Rules

3  of Civil Procedure, "an objection to part of a request must specify the part and

4  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

5  fail to explain the basis for an objection with specificity are routinely rejected in the

6  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

7  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

8  harassing' are improper – especially when a party fails to submit any evidentiary

9  declarations supporting such objections"). Accordingly, Mattel must be compelled

10  either to certify that it has produced all non-privileged responsive documents or to

11  produce all such documents by a date certain.

12          To the extent that Mattel is relying on its blanket objections, they are

13  not sustainable and do not justify Mattel's failure to produce documents.

14          As to overbreadth, Mattel provides no explanation, let alone the

15  required particularity, as to why this request is supposedly overly broad, nor can it

16  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

17  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

18  contrary, the request is narrowly tailored to seek communications between Mattel

19  and plastics manufacturer Kaneka relating to MGA, Bratz or Mr. Larian.

20          As to burden, Mattel has not attempted to demonstrate why responding

21  to this request and/or producing responsive documents presents any burden. This

22  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

23  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24  request is unduly burdensome must allege specific facts which indicate the nature

25  and extent of the burden, usually by affidavit or other reliable evidence.")

26  Moreover, it is not unduly burdensome, as noted above, in that the request is

27  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

28

1  has engaged in a broad variety of unfair trade practices, including serial copying of

2  MGA products.  MGA is entitled to discovery on these claims.

3         Mattel cites to the May 22, 2007 order, but that order is inapposite to

4  this request, which is much narrower than those considered irrelevant and/or

5  improper by the court.  Specifically, the request is narrowly tailored to

6  communications regarding MGA, Bratz or Mr. Larian.

7         As for relevancy, Mattel has not attempted to demonstrate why

8  responding to this request and/or producing responsive documents is irrelevant to

9  the present action.  On the contrary, MGA has alleged that Mattel is engaged in

10  copying of MGA products, packaging, themes and advertising among other unfair

11  trade practices to preserve its market share rankings in the critical fashion doll

12  category.  MGA also alleges that Mattel has engaged in various acts amounting to

13  unclean hands, including various efforts to gain confidential information about

14  MGA. This request, which is narrowly tailored to communications between Mattel

15  and Kaneka, relating to MGA, Bratz or Larian, seeks information related to MGA's

16  allegations.

17         Mattel objects that the request contains confidential, proprietary, and

18  trade secret information.  A Protective Order exists in this case, obviating any

19  concern as to protection of privacy rights and/or commercially sensitive

20  information.

21         None of Mattel's improper objections are valid and Mattel is obligated

22  to produce all non-privileged responsive documents in its possession, custody, or

23  control.

24  **MATTEL'S RESPONSE:**

25         This request is essentially identical to another Request that was rejected

26  by the Discovery Master.  Request No. 38 sought: "All COMMUNICATIONS

27  between YOU and the Children's Advertising Review Unit REFERRING OR

28  RELATING TO MGA, LARIAN, "BRATZ," or MGA PRODUCTS, including but

1   not limited to COMMUNICATIONS as alleged in paragraphs 89, 90, and 91 of the

2   COMPLAINT."   The prior Discovery Master rejected Request No. 38 in his May

3   22, 2007 Order, stating that it was overbroad because it seeks information "referring

4   or relating to MGA, Larian Bratz, or MGA products," without any limitation to "any

5   other subject that is at issue in the case."[318]   It should be rejected in keeping with the

6   prior Order.

7          The Discovery Master had good reason to do so.  Through this and

8   other Requests, MGA seeks virtually every document mentioning MGA or Bratz.

9   As discussed in Mattel's Opposition to that motion, there are an incalculable number

10   of such documents that are completely irrelevant to this suit, and it would be a heavy

11   burden on Mattel to collect and review these documents. ████████████████

12   ████████████████████████████████████████

13   ████████████████████████████████████

14   ██████████████████████████████████

15   ████████████████████████████████████

16   ██████████████████████████████████████

17   ████████████████████████████████████████

18   ████████████████████████████████████████

19   ████████████████████████████████████

20   ████████

21     ██████████████████████████████████████

22   ████████████████████████████████████████████

23   ████████████████████████████████████████████

24

25   [318]   May 22, 2007 Order at 14, 23-26, Dart Decl., Exh. 5.

26   [319]   See Pantel Dec. at ¶ 9, Dart Decl., Exh. 31.

27   [320]   Id. ¶ 10.

[321]   Id.

28

1    ███████████████████████████████████████████

2    ███████████████████████████████████████████

3    ███████████████████████████████████████████

4    ███████████████████████████████████████████

5    █████████████████████████████[323].

6    Moreover, MGA has not made any showing that the documents sought

7 are relevant to the claims and defenses in this lawsuit.  MGA merely asserts that it

8 has alleged that "Mattel has engaged in copying of MGA products, packaging,

9 themes and advertising" and "various acts amounting to unclean hands, including

10 various efforts to gain confidential information."  But it fails to show any connection

11 between communications with Kaneka and these allegations.  Indeed, Kaneka is not

12 even mentioned in MGA's complaint.  As the previous Discovery Master held, a

13 party may not propound document requests as part of a fishing expedition or to

14 discover new claims.[324]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

15 2004) ("District courts need not condone the use of discovery to engage in 'fishing

16 expeditions.'").  MGA's motion should be rejected as to this Request.

17    The Request is also overbroad as it has no limitation as to time.  MGA

18 has previously taken the position that discovery regarding events that post-dating the

19 filing of the Complaint are not relevant.  See MGA Parties' Reply In Support of

20 Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13,

21 2009, at 7 (█████████████████████████████████████

22 ███████████████████████████████████████████

23

24

25 [322]   Pantel Dec. ¶ 11, Dart Decl., Exh. 31.

     [323]   Id. ¶ 12, P. Moore Dec. ¶ 7, Dart Decl., Exh. 32.

26 [324]   See Order Granting In Part and Denying In Part Mattel's Motion for

27 Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

28

1    ██████████.").[325]  The Discovery Master credited this argument in denying

2 Mattel its requested discovery, ruling that Mattel's requests were not reasonably

3 calculated to lead to the discovery of admissible evidence regarding Mattel's RICO

4 counterclaim because the "RICO counterclaim (like the other counterclaims to be

5 adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either

6 Omni 808 Investors, LLC or Vision Capital, LLC came into existence . . . ."

7 Discovery Matter Order No. 3, dated March 10, 2009, at 18.[326]  MGA offers no

8 reason, nor could it consistent with judicial estoppel, why documents post-dating the

9 filing of claims which do not allege continuing wrongdoing are relevant to those

10 claims.  MGA should not be permitted to argue otherwise now in connection with its

11 own requests for discovery that purportedly supports its unfair competition claims.

12         Despite the prior Discovery Master's rejection of virtually identical

13 Requests, MGA nevertheless seeks to overrule all of Mattel's objections.  This

14 would be inappropriate.  For example, there is no basis for overruling Mattel's

15 privilege objection.  MGA's bald assertion that "this request does not seek

16 information protected by the attorney-client privilege, the attorney work product

17 doctrine, or other applicable privileges" has no merit.  Documents discussing Bratz

18 could very well be subject to a claim of privilege or work product protection.

19 Moreover, as MGA has itself argued, the parties have agreed that in general "all

20 privileged documents would be logged except for documents created after this

21 action was filed on April 27, 2004."[327]  Thus, to the extent privileged documents fall

22 within the post lawsuit time period, they need not be included on Mattel's log.

23

24

---

25   [325]  Dart Decl., Exh. 6.

  [326]  Dart Decl., Exh. 7.

26   [327]  See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2    regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4    the moving party shall first identify each dispute, state the relief sought and identify

5    the authority supporting the requested relief in a meet and confer letter that shall be

6    served on all parties by facsimile or electronic mail. The parties shall have five court

7    days from the date of service of that letter to conduct an in-person conference to

8    attempt to resolve the dispute.").  At no point during the meet and confer process did

9    the parties discuss this Request or Mattel's response to it.[328]  In order to engage in a

10   meaningful meet and confer, MGA had the burden to show the relevance of any

11   requests it sought to move on.[329]  Because MGA refused to even attempt to make

12   this showing, there was no possibility of a good faith meet and confer to resolve the

13   parties' disputes.  The Discovery Master should deny MGA's motion with respect to

14   this Request on that grounds alone.

15   **REQUEST FOR PRODUCTION NO. 524:**

16   All COMMUNICATIONS between YOU and FILO REFERRING OR

17   RELATING to MGA, BRATZ or LARIAN.

18   **RESPONSE TO REQUEST NO. 524:**

19   In addition to the general objections stated above which are

20   incorporated herein by reference, Mattel objects to this Request on the grounds that

21   it is overbroad and unduly burdensome, including in that it seeks all documents on

22   this subject without limitation as to time, and regardless of whether such documents

23   relate to products or matters at issue in this case.  Mattel further objects to the

24

25   [328]   See Webster Decl., ¶¶ 6-20.

26   [329]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27   bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  Request on the grounds that it seeks documents that are not relevant to this action or

2  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

3  Request on the grounds that it seeks confidential, proprietary and trade secret

4  information, including such information that has no bearing on the claims or

5  defenses in this case.  Mattel further objects on the ground that this Request seeks to

6  circumvent the Discovery Master's Order dated May 22, 2007.

7  **CORRECTED RESPONSE TO REQUEST NO. 524:**

8          In addition to the general objections stated above which are

9  incorporated herein by reference, Mattel objects to this Request on the grounds that

10 it is overbroad and unduly burdensome, including in that it seeks all documents on

11 this subject without limitation as to time, and regardless of whether such documents

12 relate to products or matters at issue in this case.  Mattel further objects to the

13 Request on the grounds that it seeks documents that are not relevant to this action or

14 likely to lead to the discovery of admissible evidence.  Mattel further objects to this

15 Request on the grounds that it seeks confidential, proprietary and trade secret

16 information, including such information that has no bearing on the claims or

17 defenses in this case.  Mattel further objects on the ground that this Request seeks to

18 circumvent the Discovery Master's Order dated May 22, 2007.

19 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

20 **TO SHOULD BE COMPELLED**

21         Mattel has not agreed to produce documents in response this request,

22 based on its improper boilerplate objections.  Mattel has refused to confirm whether

23 or not it has produced all non-privileged responsive documents or whether it is

24 withholding documents based on its objections in Phase 2.  Under the Federal Rules

25 of Civil Procedure, "an objection to part of a request must specify the part and

26 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

27 fail to explain the basis for an objection with specificity are routinely rejected in the

28 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

1   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

2   harassing' are improper – especially when a party fails to submit any evidentiary

3   declarations supporting such objections").  Accordingly, Mattel must be compelled

4   either to certify that it has produced all non-privileged responsive documents or to

5   produce all such documents by a date certain.

6        To the extent that Mattel is relying on its blanket objections, they are

7   not sustainable and do not justify Mattel's failure to produce documents.

8        As to overbreadth, Mattel provides no explanation, let alone the

9   required particularity, as to why this request is supposedly overly broad, nor can it

10  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

11  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12  contrary, the request is narrowly tailored to seek communications between Mattel

13  and L.A.M.P.S.p.A. (FILO) relating to MGA, Bratz or Mr. Larian.

14       As to burden, Mattel has not attempted to demonstrate why responding

15  to this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

17  173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22  has engaged in a broad variety of unfair trade practices, including serial copying of

23  MGA products.  MGA is entitled to discovery on these claims.

24       Mattel cites to the May 22, 2007 order, but that order is inapposite to

25  this request, which is much narrower than those considered irrelevant and/or

26  improper by the court.  Specifically, the request is narrowly tailored to

27  communications regarding MGA, Bratz or Mr. Larian.

28

1    As for relevancy, Mattel has not attempted to demonstrate why
2 responding to this request and/or producing responsive documents is irrelevant to
3 the present action.  On the contrary, MGA has alleged that Mattel is engaged in
4 copying of MGA products, packaging, themes and advertising among other unfair
5 trade practices to preserve its market share rankings in the critical fashion doll
6 category.  MGA also alleges that Mattel has engaged in various acts amounting to
7 unclean hands, including various efforts to gain confidential information about
8 MGA. This request, which is narrowly tailored to communications between Mattel
9 and Filo, relating to MGA, Bratz or Larian, seeks information related to MGA's
10 allegations.

11    Mattel objects that the request contains confidential, proprietary, and
12 trade secret information.  A Protective Order exists in this case, obviating any
13 concern as to protection of privacy rights and/or commercially sensitive
14 information.

15    None of Mattel's improper objections are valid and Mattel is obligated
16 to produce all non-privileged responsive documents in its possession, custody, or
17 control.

18 **MATTEL'S RESPONSE:**

19    This request is essentially identical to another Request that was rejected
20 by the Discovery Master.  Request No. 38 sought: "All COMMUNICATIONS
21 between YOU and the Children's Advertising Review Unit REFERRING OR
22 RELATING TO MGA, LARIAN, "BRATZ," or MGA PRODUCTS, including but
23 not limited to COMMUNICATIONS as alleged in paragraphs 89, 90, and 91 of the
24 COMPLAINT."  The prior Discovery Master rejected Request No. 38 in his May
25 22, 2007 Order, stating that it was overbroad because it seeks information "referring
26 or relating to MGA, Larian Bratz, or MGA products," without any limitation to "any

27

28

1  other subject that is at issue in the case."[330]  It should be rejected in keeping with the

2  prior Order.

3          The Discovery Master had good reason to do so.  Through this and

4  other Requests, MGA seeks virtually every document mentioning MGA or Bratz.

5  As discussed in Mattel's Opposition to that motion, there are an incalculable number

6  of such documents that are completely irrelevant to this suit, and it would be a heavy

7  burden on Mattel to collect and review these documents. ████████████████

8  ████████████████████████████████████████████████████

9  ████████████████████████████████████████████████

10 ████████████████████████████████████████████████

11 ████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████

15 ████████████████████████████████████████████████

16 ████████████████

17    ████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████████

20 ████████████████████████████████████████████████████████

21 ████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████████

23

24  _____

25  [330]  May 22, 2007 Order at 14, 23-26, Dart Decl., Exh. 5.
    [331]  See Pantel Dec. at ¶ 9, Dart Decl., Exh. 31.
26  [332]  Id. ¶ 10.
    [333]  Id.
27  [334]  Pantel Dec. ¶ 11, Dart Decl., Exh. 31.

28

1   ███████████████████████████████████████████████████████

2   ███████████████████████████████████████████    335

3          Moreover, MGA has not made any showing that the documents sought

4   are relevant to the claims and defenses in this lawsuit.  MGA merely asserts that it

5   has alleged that "Mattel has engaged in copying of MGA products, packaging,

6   themes and advertising" and "various acts amounting to unclean hands, including

7   various efforts to gain confidential information."  But it fails to show any connection

8   between communications with Filo and these allegations.  Indeed, Filo is not even

9   mentioned in MGA's complaint.  As the previous Discovery Master held, a party

10  may not propound document requests as part of a fishing expedition or to discover

11  new claims.[336]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)

12  ("District courts need not condone the use of discovery to engage in 'fishing

13  expeditions.'").  MGA's motion should be rejected as to this Request.

14         The Request is also overbroad as it has no limitation as to time.  MGA

15  has previously taken the position that discovery regarding events that post-dating the

16  filing of the Complaint are not relevant.  See MGA Parties' Reply In Support of

17  Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13,

18  2009, at 7 (███████████████████████████████████████

19  ███████████████████████████████████████████████

20  █████████████.").[337]  The Discovery Master credited this argument in denying

21  Mattel its requested discovery, ruling that Mattel's requests were not reasonably

22  calculated to lead to the discovery of admissible evidence regarding Mattel's RICO

23  counterclaim because the "RICO counterclaim (like the other counterclaims to be

24

25     [335]   Id. ¶ 12, P. Moore Dec. ¶ 7, Dart Decl., Exh. 32.

26     [336]   See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

28

1 adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either

2 Omni 808 Investors, LLC or Vision Capital, LLC came into existence . . . ."

3 Discovery Matter Order No. 3, dated March 10, 2009, at 18.[338]  MGA offers no

4 reason, nor could it consistent with judicial estoppel, why documents post-dating the

5 filing of claims which do not allege continuing wrongdoing are relevant to those

6 claims.  MGA should not be permitted to argue otherwise now in connection with its

7 own requests for discovery that purportedly supports its unfair competition claims.

8        Despite the prior Discovery Master's rejection of virtually identical

9 Requests, MGA nevertheless seeks to overrule all of Mattel's objections.  This

10 would be inappropriate.  For example, there is no basis for overruling Mattel's

11 privilege objection.  MGA's bald assertion that "this request does not seek

12 information protected by the attorney-client privilege, the attorney work product

13 doctrine, or other applicable privileges" has no merit.  Documents discussing Bratz

14 could very well be subject to a claim of privilege or work product protection.

15 Moreover, as MGA has itself argued, the parties have agreed that in general "all

16 privileged documents would be logged except for documents created after this

17 action was filed on April 27, 2004."[339]  Thus, to the extent privileged documents fall

18 within the post lawsuit time period, they need not be included on Mattel's log.

19        Finally, MGA failed to meet and confer at all, much less in good faith,

20 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

21 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

22 the moving party shall first identify each dispute, state the relief sought and identify

23 the authority supporting the requested relief in a meet and confer letter that shall be

24

25

26

27 [337]  Dart Decl., Exh. 6.
   [338]  Dart Decl., Exh. 7.

28

served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").  At no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.[340]  In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[341]  Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 525:**

Copies of all producers' affidavits for any ADVERTISEMENT for MY SCENE or ACCELERACERS.

**RESPONSE TO REQUEST NO. 525:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the use of the terms "producers' affidavits" in this context as vague and ambiguous.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of

---

[339]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

[340]  See Webster Decl., ¶¶ 6-20.

[341]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

1  admissible evidence.  Mattel further objects to this Request on the grounds that it

2  seeks confidential, proprietary and trade secret information, including such

3  information that has no bearing on the claims or defenses in this case.

4         Subject to and without waiving the foregoing objections, Mattel

5  responds as follows: Mattel will produce such responsive, non-privileged documents

6  relating to those advertisements placed at issue in this litigation that are in Mattel's

7  possession, custody, or control, if any, that Mattel has been able to locate after a

8  diligent search and reasonable inquiry, to the extent not previously produced.

9  **CORRECTED RESPONSE TO REQUEST NO. 525:**

10        In addition to the general objections stated above which are

11  incorporated herein by reference, Mattel objects to this Request on the grounds that

12  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

13  documents on this subject without limitation as to time, and regardless of whether

14  such documents relate to products or matters at issue in this case.  Mattel further

15  objects to the use of the terms "producers' affidavits" in this context as vague and

16  ambiguous.  Mattel further objects to the Request on the grounds that it seeks

17  documents that are not relevant to this action or likely to lead to the discovery of

18  admissible evidence.  Mattel further objects to this Request on the grounds that it

19  seeks confidential, proprietary and trade secret information, including such

20  information that has no bearing on the claims or defenses in this case.

21        Subject to and without waiving the foregoing objections, Mattel

22  responds as follows: Mattel will produce such responsive, non-privileged documents

23  relating to those advertisements placed at issue in this litigation that are in Mattel's

24  possession, custody, or control, if any, that Mattel has been able to locate after a

25  diligent search and reasonable inquiry, to the extent not previously produced.

26

27

28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek producers' affidavits for any "My Scene" or "Accelerators" advertisements.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

1   and extent of the burden, usually by affidavit or other reliable evidence.")

2   Moreover, it is not unduly burdensome, as noted above, in that the request is

3   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4   has engaged in a broad variety of unfair trade practices, including the copying of,

5   and interference with, MGA's advertising.  MGA is entitled to discovery on these

6   claims.

7            Mattel objects that the request contains confidential, proprietary and

8   trade secret information.  A Protective Order exists in this case, obviating any

9   concern as to protection of privacy rights and/or commercially sensitive

10  information.

11           Mattel further objects to the use of the terms "producers' affidavits" in

12  this context as vague and ambiguous.  Mattel, however, fails to provide any

13  explanation as to why these terms are vague or ambiguous.  In addition, "[a] party

14  responding to discovery requests 'should exercise reason and common sense to

15  attribute ordinary definitions to terms and phrases utilized in'" discovery.

16  Swackhammer v. Sprint Corp.  PCS, 225 F.R.D. 658, 662 (D. Kan.  2004).

17           Mattel also objects to this request on relevance grounds.  MGA has

18  alleged claims of unfair competition based on Mattel's copying of, and interference

19  with, MGA's advertising, specifically including "My Scene" and "Acceleracers".  As

20  such, the producers' affidavits for the "My Scene" and "Acceleracers"

21  advertisements are highly relevant and likely to lead to the discovery of admissible

22  evidence.

23           Mattel has also improperly limited its agreement to produce by

24  redefining the scope of MGA's request to "those advertisements placed at issue in

25  this litigation".  Mattel may not place such amorphous and subjective limitations on

26  its own production.  See Discovery Master Order No. 52 at 20.  Mattel is required to

27  respond to the request as originally drafted by MGA and may not unilaterally

28  narrow and rewrite MGA's requests.

1    Finally, Mattel's objection that the request is unintelligible is itself
2  unintelligible.  Mattel offers no explanation of what word or phrase it is unable to
3  understand.  Without an explanation of what part of the request Mattel is unable to
4  understand, the Court should overrule the objection.

5    None of Mattel's improper objections are valid and Mattel is obligated
6  to produce all non-privileged responsive documents in its possession, custody, or
7  control.

8  **MATTEL'S RESPONSE:**

9    As a preliminary matter, MGA's Request is vague and ambiguous.  It
10  states that it requires all "producers' affidavits," but it does not define this term.
11  Mattel should not be required to guess at MGA's meaning.

12    MGA objects to Mattel's limitation that it will produce documents
13  relating to "those advertisements placed at issue in this litigation," but it provides no
14  argument as to why this limitation is inappropriate.

15    To the extent a document relates to an advertisement at issue, Mattel
16  has agreed to produce documents.  But there is simply no relevance to
17  advertisements to which MGA has made no allegations of copying.  MGA provides
18  no argument on the subject, instead unilaterally claiming that "Mattel is required to
19  respond to the request as originally drafted," despite simultaneously acknowledging
20  that a party may object "to part of a request [and] permit inspection of the rest."
21  MGA's objection to Mattel's limitation is thus without merit.

22    Further, to date Mattel has already produced over 350,000 pages
23  regarding MY SCENE, without limitation by theme or doll, including documents
24  related to its design and development, packaging, advertising, marketing, testing,
25  themes, sales planning, manufacturing and production, among others.[342]  Similarly,

26  
27  [342]   Webster Decl., ¶ 24.

28

1   Mattel has produced over 68,000 pages regarding ACCELERACERS on an equally
2   broad basis.[343]   MGA has not provided any basis for asserting that this production is
3   incomplete.  MGA's motion to compel responses to this Request should therefore be
4   denied as moot.

5            There is no basis for overruling Mattel's privilege objection.  MGA's
6   bald assertion that "this request does not seek information protected by the attorney-
7   client privilege, the attorney work product doctrine, or other applicable privileges"
8   has no merit.  Documents discussing MY SCENE could very well be subject to a
9   claim of privilege or work product protection.  Moreover, as MGA has itself argued,
10  the parties have agreed that in general "all privileged documents would be logged
11  except for documents created after this action was filed on April 27, 2004."[344]  Thus,
12  to the extent privileged documents fall within the post lawsuit time period, they need
13  not be included on Mattel's log.

14            Similarly, MGA states that "Mattel has not attempted to demonstrate
15  why responding to this request and/or producing responsive documents presents any
16  burden."  Yet in previous motions MGA has attempted to read Mattel's duty to
17  search for and produce documents far more broadly than required under the Federal
18  Rules, and the Discovery Master has already found MGA's demands to be overly
19  burdensome, and this objection is only meant to invoke those issues that have
20  already been settled.  See, e.g., Order Denying MGA's Motion to Compel dated
21  April 24, 2008 (denies Motion to Compel on all outstanding emails, holding that
22  Mattel has produced all relevant emails and does not need to consult back-up tapes

23

24

25  [343]  Id. at ¶ 25.
26  [344]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.
28

1   to complete its production).  MGA should not be permitted to circumvent prior

2   Orders by seeking to overrule Mattel's objections here.

3        Finally, MGA failed to meet and confer at all, much less in good faith,

4   regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master

5   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6   the moving party shall first identify each dispute, state the relief sought and identify

7   the authority supporting the requested relief in a meet and confer letter that shall be

8   served on all parties by facsimile or electronic mail. The parties shall have five court

9   days from the date of service of that letter to conduct an in-person conference to

10  attempt to resolve the dispute.").  At no point during the meet and confer process did

11  the parties discuss this Request or Mattel's response to it.[345]  In order to engage in a

12  meaningful meet and confer, MGA had the burden to show the relevance of any

13  requests it sought to move on.[346]  Because MGA refused to even attempt to make

14  this showing, there was no possibility of a good faith meet and confer to resolve the

15  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

16  this Request on that grounds alone.

17

18

19  DATED:  October 19, 2009          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES. LLP
20

21                                  By _____
22                                       James J. Webster
                                         Attorneys for Mattel. Inc.
23

24

---

25  [345]  <u>See</u> Webster Decl., ¶¶ 6-20.
26  [346]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
    bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL
27  1390794 at *1 (S.D. Cal. May 14, 2009).
28