QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>                    Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>**[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT IN SUPPORT OF MGA PARTIES' MOTION TO COMPEL FURTHER RESPONSES TO MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (9049, SET SIX)**<br><br>Hearing Date: TBA<br>Time:         TBA<br>Place:        Arent Fox LLP<br>              555 West Fifth St.<br>              48th Floor<br>              Los Angeles, CA<br>              90013<br><br>**Phase 2**<br>Disc. Cut-off:    Dec. 11, 2009<br>Pre-trial Conf.:  Mar. 1, 2010<br>Trial Date:       Mar. 23, 2010 |

1           Plaintiff Mattel, Inc. ("Mattel") submits this Opposition to the Separate

2   Statement in Support of MGA Parties' Motion to Compel Further Responses to

3   MGA's Requests for Production of Documents (9049, Set Six).  This Separate

4   Statement covers MGA's Sixth Set of Requests in Case No. CV 04-9049- SGL of

5   the consolidated proceedings, served on November 16, 2007.  The requests included

6   in this Separate Statement are Request Nos.  540, 543, 545-546, and 548- 560, 563-

7   567, 569 (the "Requests at Issue").

8

9   **REQUEST FOR PRODUCTION NO. 540:**

10           Each of MATTEL's Brand Directional Outlines.

11   **RESPONSE TO REQUEST NO. 540:**

12           In addition to the general objections stated above which are

13   incorporated herein by reference, Mattel objects to this Request on the grounds that

14   it is overbroad and unduly burdensome, including in that it seeks all documents on

15   this subject without limitation as to time, and regardless of whether such documents

16   relate to products or matters at issue in this case or time periods at issue in this

17   action.  Mattel further objects to the use of the term "Brand Directional Outlines" in

18   this context as vague and ambiguous.  Mattel further objects to the Request on the

19   grounds that it seeks documents that are not relevant to this action or likely to lead

20   to the discovery of admissible evidence.  Mattel further objects to this Request on

21   the grounds that it seeks confidential, proprietary and trade secret information,

22   including such information that has no bearing on the claims or defenses in this

23   case.  Mattel further objects to this Request on the grounds that it calls for the

24   disclosure of information subject to the attorney-client privilege, the attorney work-

25   product doctrine and other applicable privileges.

26

27

28

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.  Ex. 58.  To the contrary, the request is narrowly tailored to seek Mattel's Brand Directional Outlines.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

1   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

2   it is not unduly burdensome, as noted above, in that the request is narrowly tailored

3   to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a

4   broad variety of unfair trade practices, including serial copying of MGA products.

5   MGA is entitled to discovery on these claims.

6          This request does not seek documents protected by the attorney-client

7   privilege, the attorney work product doctrine, or other applicable privileges.  To the

8   extent that Mattel contends that it does, Mattel must provide a privilege log.

9          Mattel objects that the request contains confidential, proprietary and

10   trade secret information.  A Protective Order exists in this case, obviating any

11   concern as to protection of privacy rights and/or commercially sensitive

12   information.

13          Mattel also objects to this request on relevance grounds.  MGA has

14   brought trade dress claims and has alleged claims of unfair competition based on

15   Mattel's serial copying and imitation of MGA's products.  As such, Mattel's Brand

16   Directional Outlines are highly relevant and likely to lead to the discovery of

17   admissible evidence.

18          Mattel further objects to the use of the term "Brand Directional

19   Outlines" as vague and ambiguous.  Mattel, however, fails to provide any

20   explanation as to why this term is vague or ambiguous.  In addition, "[a] party

21   responding to discovery requests 'should exercise reason and common sense to

22   attribute ordinary definitions to terms and phrases utilized in'" discovery.

23   Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 662 (D. Kan. 2004).

24          None of Mattel's improper objections are valid and Mattel is obligated

25   to produce all non-privileged responsive documents in its possession.

26

27

28

1  **MATTEL'S RESPONSE:**

2      MGA must establish that its discovery meets the relevance requirements of

3  <u>Rule</u> 26(b)(1).[1]  This Request seeks numerous documents that have no relevance to

4  any claim or defense in this case.  MGA's request is not limited to "brand directional

5  outlines" for MY SCENE or other products at issue in this case, but rather all such

6  documents for *all* of Mattel's products ever produced anywhere in the world at any

7  time. ████████████████████████████████████████

8  ████████████████████████████████████████

9  ████████████████████████████████████████

10 ████████████████████████████████████████████

11 ██████████████████████████████████████

12 ████████████████████████████████████.[2]  And this is

13 only the number of products *per year*.  Mattel has released countless products in

14 total since it was first established.

15     MGA cannot and does not explain how "brand directional outlines" for

16 each of these products—tens of thousands of which were produced decades before

17 the products at issue in this action—can have any bearing on any claim or defense in

18 this action.  Instead, it merely asserts that all outlines are relevant because MGA has

19 "brought trade dress claims and has alleged claims of unfair competition based on

20 Mattel's serial copying and imitation of MGA's products."  But, as shown, this

21 Request seeks documents from before MGA even existed, and for tens of thousands

22

23   [1] <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

24 bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL

25 1390794 at *1 (S.D. Cal. 2009).

  [2] <u>See</u> Declaration of Lori Pantel in Support of Mattel, Inc.'s Opposition to

26 MGA Entertainment, Inc.'s Motion to Compel Further Responses to MGA's First Set

27 of Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, dated

August 6, 2009, at ¶ 2, Dart Decl., Exh. 32.

28

1  of products never mentioned in its complaint.  MGA has therefore made no showing
2  how this request is related to the claims and defenses in this case.  The burden of
3  gathering such documents would be prohibitive, especially given MGA's complete
4  failure to establish relevance.  "A trial court has a duty, of special significance in
5  lengthy and complex cases where the possibility of abuse is always present, to
6  supervise and limit discovery to protect parties and witnesses from annoyance and
7  excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
8  also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
9  n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
10  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master held, a party
11  may not propound document requests as part of a fishing expedition or to discover
12  new claims.[3]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District
13  courts need not condone the use of discovery to engage in 'fishing expeditions.'").
14  MGA's motion should be rejected as to this Request.

15          MGA's Request is also vague and ambiguous.  It states that it requires
16  all "Brand Directional Outlines," but it does not define this term.  Mattel should not
17  be required to guess at MGA's meaning.

18          There is no basis for overruling Mattel's privilege objection.  MGA's bald
19  assertion that "this request does not seek information protected by the attorney-client
20  privilege, the attorney work product doctrine, or other applicable privileges" has no
21  merit.  These documents could very well be subject to a claim of privilege or work
22  product protection.  Moreover, as MGA has itself argued, the parties have agreed
23  that "all privileged documents would be logged except for documents created after

24
25

26  [3]  See Order Granting In Part and Denying In Part Mattel's Motion for
27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.
28

1  this action was filed on April 27, 2004."[4]  Thus, to the extent privileged documents

2  fall within the post lawsuit time period, they need not be included on Mattel's log.

3        Finally, MGA failed to meet and confer at all, much less in good faith,

4  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6  the moving party shall first identify each dispute, state the relief sought and identify

7  the authority supporting the requested relief in a meet and confer letter that shall be

8  served on all parties by facsimile or electronic mail. The parties shall have five court

9  days from the date of service of that letter to conduct an in-person conference to

10  attempt to resolve the dispute.").  At no point during the meet and confer process did

11  the parties discuss this Request or Mattel's response to it.[5]  In order to engage in a

12  meaningful meet and confer, MGA had the burden to show the relevance of any

13  requests it sought to move on.[6]  Because MGA refused to even attempt to make this

14  showing, there was no possibility of a good faith meet and confer to resolve the

15  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

16  this Request on that grounds alone.

17  **REQUEST FOR PRODUCTION NO. 543:**

18        All DOCUMENTS concerning each instance in which any provision of

19  an EMPLOYEE INVENTIONS AGREEMENT was breached or alleged to be

20  breached by an employee, independent contractor, or any other person with whom

21  MATTEL had entered into an EMPLOYEE INVENTIONS AGREEMENT,

---

23    [4]  See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.
    [5]  See Webster Decl., ¶¶ 6-20.

26    [6]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
1390794 at *1 (S.D. Cal. May 14, 2009).

28

1 including but not limited to employee personnel files to the extent not protected by

2 applicable federal or state privacy laws; letters, e-mails, or other forms of

3 correspondence; and DOCUMENTS sufficient to evidence litigations.

4 **RESPONSE TO REQUEST NO. 543:**

5        In addition to the general objections stated above which are

6 incorporated herein by reference, Mattel objects to this Request on the grounds that

7 it is overbroad and unduly burdensome, including in that it seeks all documents on

8 this subject without limitation as to time, and regardless of whether such documents

9 relate to products or matters at issue in this case or time periods at issue in this

10 action. Mattel further objects to this Request on the grounds that it duplicates prior

11 requests and is harassing. Mattel further objects to the Request on the grounds that

12 it seeks documents that are not relevant to this action or likely to lead to the

13 discovery of admissible evidence. Mattel further objects to this Request on the

14 grounds that it seeks confidential, proprietary and trade secret information, including

15 such information that has no bearing on the claims or defenses in this case. Mattel

16 further objects on the grounds that this request is an attempt to circumvent the

17 Discovery Master's September 12, 2007 order determining the requested documents

18 are irrelevant and/or that such requests are improper. Mattel further objects to the

19 Request on the grounds that Defendants have withdrawn all defenses relating to the

20 enforceability or unenforceability of Carter Bryant's agreements with Mattel. Mattel

21 further objects to this Request on the grounds that it calls for the disclosure of

22 information subject to the attorney-client privilege, the attorney work-product

23 doctrine and other applicable privileges.

24        Based upon the foregoing, and without waiving the above general and

25 specific objections, Mattel states that other than those documents produced pursuant

26 to other requests, Mattel will not produce documents responsive to this Request.

27

28

1 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2 | **TO SHOULD BE COMPELLED**

3 |         Mattel has not agreed to produce documents in response to this request,

4 | based on its improper boilerplate objections.  Mattel has refused to confirm whether

5 | or not it has produced all non-privileged responsive documents or whether it is

6 | withholding documents based on its objections in Phase 2.  Under the Federal Rules

7 | of Civil Procedure, "an objection to part of a request must specify the part and

8 | permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

9 | fail to explain the basis for an objection with specificity are routinely rejected in the

10 | Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

11 | (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

12 | harassing' are improper – especially when a party fails to submit any evidentiary

13 | declarations supporting such objections").  Accordingly, Mattel must be compelled

14 | either to certify that it has produced all non-privileged responsive documents or to

15 | produce all such documents by a date certain.

16 |         To the extent that Mattel is relying on its blanket objections, they are

17 | not sustainable and do not justify Mattel's failure to produce documents.

18 |         As to overbreadth, Mattel provides no explanation, let alone the

19 | required particularity, as to **why** this request is supposedly overly broad, nor can it

20 | do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

21 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To

22 | the contrary, the request is narrowly tailored to seek documents concerning alleged

23 | breaches of Mattel's Employee Inventions Agreement.

24 |         As to burden, Mattel has not attempted to demonstrate why responding

25 | to this request and/or producing responsive documents presents any burden.  This

26 | objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

27 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

28 | request is unduly burdensome must allege specific facts which indicate the nature

1   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

2   it is not unduly burdensome, as noted above, in that the request is narrowly tailored

3   to seek only discoverable evidence.  Mattel has accused MGA of multiple claims

4   based in whole or in part on alleged breaches of Mattel's Employee Inventions

5   Agreement by former Mattel employees, including Misappropriation of Trade

6   Secrets, Breach of Contract, Intentional Interference with Contract, Breach of

7   Fiduciary Duty, Aiding and Abetting Breach of Fiduciary Duty, Breach of Duty of

8   Loyalty, Aiding and Abetting Breach of Duty of Loyalty, and Conversion.  MGA is

9   entitled to discovery on these claims, including discovery relevant to Mattel's

10  historical policies regarding its interpretation and enforcement of the Employee

11  Inventions Agreement.

12          Mattel objects that the request is duplicative and harassing, but does not

13  identify the allegedly duplicative requests or any specific reason why these requests

14  are harassing.  Mattel's failure to agree to produce responsive non- privileged

15  documents is not proper based on this objection.

16          Mattel objects that the request contains confidential, proprietary and

17  trade secret information.  A Protective Order exists in this case, obviating any

18  concern as to protection of privacy rights and/or commercially sensitive

19  information.

20          Mattel's objection that this Request is an attempt to circumvent the

21  Discovery Master's September 12, 2007 order is unwarranted, as this request seeks

22  documents related to breaches or alleged breaches of a specific document by Mattel

23  employees, independent contractors, and other agents who had signed that

24  document.

25          This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1    None of Mattel's improper objections are valid and Mattel is obligated

2 to produce all non-privileged responsive documents in its possession.

3 **MATTEL'S RESPONSE:**

4    This request is essentially identical—only broader—to two Requests

5 that were rejected by the Discovery Master.  MGA propounded two requests asking

6 for "[a]ll DOCUMENTS created after January 4, 1999 that evidence, relate or refer

7 to any activities of any current or former MATTEL employee performed, while such

8 person was employed by MATTEL, in connection with the conception, creation,

9 design or development of any [intellectual property or doll or toy] done for or at the

10 request of any company, entity or person other than MATTEL."[7]  The prior

11 Discovery Master rejected these Requests as overly broad and unduly burdensome,

12 and held that even if Mattel were to find such documents, they would be of marginal

13 relevance at best.

14    Request Nos. 262 and 263 are overbroad. As written, these

15    requests would potentially require Mattel to review

16    documents relating to all of its many thousands of current

17    and former employees in order to find evidence that an

18    employee conceived, created, designed or developed any

19    intellectual property or doll or toy for [or] at the request of

20    any company or person other than  Mattel.  Even if Mattel

21    succeeded in finding such documents, the burden and

22    expense of conducting such a search outweigh the likely

23    benefit of the documents. Therefore, MGA's motion is

24    denied as to Request Nos. 262 and 263.[8]

25

26  [7] See MGA's First Set of Requests for the Production of Documents and Things,

27 dated January 31, 2005 (9059, Set One), Dart Decl., Exh. 48.

  [8] Discovery Master Order dated September 12, 2007, at 15, Dart Decl., Exh. 9.

28

1       Of course, any documents responsive to those Requests would also be

2  responsive here, as any work for a competitor without authorization would be a

3  breach of their contracts with Mattel. Indeed, this Request is even ***broader***, because

4  employees could breach their obligations under the Inventions Agreement through

5  actions in addition to working for a competitor such as, for example, failing to

6  disclose their creation of a work for Mattel. This Request should be rejected in

7  keeping with the prior Order.

8       Moreover, the prior Discovery Master had good reason for rejecting

9  these Requests. █████████████████████████

10  ████████████████████████████████████

11  ████████████████████████████████.[10] In order to begin

12  to respond to this Request Mattel would have to investigate and review documents

13  relating to *all* of its many thousands of current and former employees -- including

14  employees with job duties completely different from Bryant's and who worked in

15  areas different from Bryant -- on the off chance that it might catch other employees

16  in breach of their agreements. The expense and burden of such a search would be

17  very high.

18       At the same time, these requests seek completely irrelevant

19  information. Even before Phase 1 was complete, other Mattel employee misconduct

20  and breaches of duty and contract would not bear on any issue in this case. At best,

21  the only issue MGA might raise would be the validity of Mattel's agreements with

22  its employees. Yet this issue was definitively decided on summary judgment in

23  Phase 1, where the Court explicitly found that Mattel's agreements with Carter

24

25

---

26    [9]  Freed Depo. Tr., dated May 3, 2007, at 19:4-20, Webster Decl., Exh. 14.

27    [10]  Declaration of Michael T. Zeller in Support of Mattel, Inc.'s Opposition to MGA's Motion to Compel, dated July 17, 2007, at ¶ 41, Dart Decl., Exh. 44.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SIX)

1  Bryant—the same kinds of agreements signed by the other former Mattel
2  employees—were valid and enforceable.

3           The Court grants summary judgment in favor of Mattel on
4           the issue of the enforceability of the Inventions Agreement
5           and the issue of applicability of the Inventions Agreement
6           to any Bratz-related "Inventions" . . . that he is found to
7           have created during the period of his employment with
8           Mattel.[11]

9  If there ever were any relevance to other employee conduct under their agreements
10 with Mattel, that issue has been completely settled by summary judgment.  MGA's
11 motion should therefore be rejected as to this Request.

12          There is no basis for overruling Mattel's privilege objection.  MGA's
13 bald assertion that "this request does not seek information protected by the attorney-
14 client privilege, the attorney work product doctrine, or other applicable privileges"
15 has no merit.  Documents discussing breaches or alleged breaches of employee
16 agreements could very well be subject to a claim of privilege or work product
17 protection.  Moreover, as MGA has itself argued, the parties have agreed that "all
18 privileged documents would be logged except for documents created after this
19 action was filed on April 27, 2004."[12]  Thus, to the extent privileged documents fall
20 within the post lawsuit time period, they need not be included on Mattel's log.

21          Finally, MGA failed to meet and confer at all, much less in good faith,
22 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

23 _____

24  [11]  Order Granting in Part, Denying in Part, and Deferring in Part the Parties'
25 Motions for Partial Summary Judgment, dated April 25, 2008, at 5, Dart Decl., Exh.
   55.
26  [12]  See Order Denying Mattel's Motion for Protective Order Limiting the
27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
   3.
28

1   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

2   the moving party shall first identify each dispute, state the relief sought and identify

3   the authority supporting the requested relief in a meet and confer letter that shall be

4   served on all parties by facsimile or electronic mail. The parties shall have five court

5   days from the date of service of that letter to conduct an in-person conference to

6   attempt to resolve the dispute.").  At no point during the meet and confer process did

7   the parties discuss this Request or Mattel's response to it.[13]  In order to engage in a

8   meaningful meet and confer, MGA had the burden to show the relevance of any

9   requests it sought to move on.[14]  Because MGA refused to even attempt to make

10  this showing, there was no possibility of a good faith meet and confer to resolve the

11  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

12  this Request on that grounds alone.

13  **REQUEST FOR PRODUCTION NO. 545:**

14

15          Each DOCUMENT evidencing a disclosure by a MATTEL employee

16  of pre-employment inventions disclosed to MATTEL in connection with the

17  employee's execution of MATTEL's CONFLICT OF INTEREST

    QUESTIONNAIRE.

18  **RESPONSE TO REQUEST NO. 545:**

19

20          In addition to the general objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it is overbroad, indecipherable, and unduly burdensome, including in that it seeks all

23  documents on this subject without limitation as to time, and regardless of whether

24  such documents relate to products or matters at issue in this case or time periods at

25

26  _____

27  [13]  See Webster Decl., ¶¶ 6-20.

28

1   issue in this action.  Mattel further objects to this Request on the grounds that it

2   duplicates prior requests and is harassing.  Mattel further objects to the Request on

3   the grounds that it seeks documents that are not relevant to this action or likely to

4   lead to the discovery of admissible evidence.  Mattel further objects to this Request

5   on the grounds that it seeks confidential, proprietary and trade secret information,

6   including such information that has no bearing on the claims or defenses in this

7   case.  Mattel further objects on the grounds that this request is an attempt to

8   circumvent the Discovery Master's September 12, 2007 order determining the

9   requested documents are irrelevant and/or that such requests are improper.  Mattel

10  further objects to the Request on the grounds that Defendants have withdrawn all

11  defenses relating to the enforceability or unenforceability of Carter Bryant's

12  agreements with Mattel.  Mattel further objects to this Request on the grounds that it

13  calls for the disclosure of information subject to the attorney-client privilege, the

14  attorney work-product doctrine and other applicable privileges.

15          Based upon the foregoing, and without waiving the above general and

16  specific objections, Mattel states that other than those documents produced pursuant

17  to other requests, Mattel will not produce documents responsive to this Request.

18  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

19  **TO SHOULD BE COMPELLED**

20          Mattel has not agreed to produce documents in response to this request,

21  based on its improper boilerplate objections.  Mattel has refused to confirm whether

22  or not it has produced all non-privileged responsive documents or whether it is

23  withholding documents based on its objections in Phase 2.  Under the Federal Rules

24  of Civil Procedure, "an objection to part of a request must specify the part and

25  _____

26  [14] See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SIX)

1   permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

2   fail to explain the basis for an objection with specificity are routinely rejected in the

3   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

4   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

5   harassing' are improper – especially when a party fails to submit any evidentiary

6   declarations supporting such objections").  Accordingly, Mattel must be compelled

7   either to certify that it has produced all non-privileged responsive documents or to

8   produce all such documents by a date certain.

9            To the extent that Mattel is relying on its blanket objections, they are

10  not sustainable and do not justify Mattel's failure to produce documents.

11           As to overbreadth, Mattel provides no explanation, let alone the

12  required particularity, as to *why* this request is supposedly overly broad, nor can it

13  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

14  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To

15  the contrary, the request is narrowly tailored to seek documents concerning Mattel

16  employee disclosures of pre-employment inventions in connection with Mattel's

17  Conflict of Interest Questionnaire.

18           As to burden, Mattel has not attempted to demonstrate why responding

19  to this request and/or producing responsive documents presents any burden.  This

20  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

21  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22  request is unduly burdensome must allege specific facts which indicate the nature

23  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

24  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

25  to seek only discoverable evidence.  This entire case stems from Carter Bryant's

26  creation of Bratz, and the question of who was the rightful owner of that creation.

27  Virtually every claim and counterclaim in this case is in some way related to that

28  issue, and that issue largely turned on whether Carter Bryant created Bratz prior to

1   returning to Mattel, and if so whether that would or should have been disclosed on

2   his Conflict of Interest Questionnaire.  MGA is entitled to discovery on normal

3   course of use for their Conflict of Interest Questionnaire. Mattel objects that the

4   request is duplicative and harassing, but does not identify the allegedly duplicative

5   requests or any specific reason why these requests are harassing.  Mattel's failure to

6   agree to produce responsive non- privileged documents is not proper based on this

7   objection.

8         Mattel objects that the request contains confidential, proprietary and

9   trade secret information.  A Protective Order exists in this case, obviating any

10  concern as to protection of privacy rights and/or commercially sensitive

11  information.

12        Mattel's objection that this Request is an attempt to circumvent the

13  Discovery Master's September 12, 2007 order is unwarranted, as this request seeks

14  evidence of disclosures by Mattel employees pursuant to a specific Mattel

15  document.

16        This request seeks relevant documents to Phase 2 of these proceedings,

17  which involve claims by MGA that Mattel improperly solicits confidential and trade

18  secret information from various sources, including its new employees.  Mattel's

19  practices regarding employee disclosure are relevant to these issues.  These

20  documents are also relevant to MGA's unfair competition claim which includes

21  allegations related to Mattel's use of its employment agreements.

22        This request does not seek documents protected by the attorney-client

23  privilege, the attorney work product doctrine, or other applicable privileges.  To the

24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25        None of Mattel's improper objections are valid and Mattel is obligated

26  to produce all non-privileged responsive documents in its possession.

27

28

**MATTEL'S RESPONSE:**

This request is similar to two Requests that were rejected by the Discovery Master. MGA propounded two requests asking for "[a]ll DOCUMENTS created after January 4, 1999 that evidence, relate or refer to any activities of any current or former MATTEL employee performed, while such person was employed by MATTEL, in connection with the conception, creation, design or development of any [intellectual property or doll or toy] done for or at the request of any company, entity or person other than MATTEL."[15]  The prior Discovery Master rejected these Requests as overly broad and unduly burdensome, and held that even if Mattel were to find such documents, they would be of marginal relevance at best.

> Request Nos. 262 and 263 are overbroad. As written, these requests would potentially require Mattel to review documents relating to all of its many thousands of current and former employees in order to find evidence that an employee conceived, created, designed or developed any intellectual property or doll or toy for [or] at the request of any company or person other than  Mattel.  Even if Mattel succeeded in finding such documents, the burden and expense of conducting such a search outweigh the likely benefit of the documents. Therefore, MGA's motion is denied as to Request Nos. 262 and 263.[16]

This Request would involve the same type of overbroad search as in those Requests, and would yield no greater benefit.  This Request should be rejected in keeping with the prior Order.

---

[15]   See MGA's First Set of Requests for the Production of Documents and Things, dated January 31, 2005 (9059, Set One), Dart Decl., Exh. 48.
[16]   Discovery Master Order dated September 12, 2007, at 15, Dart Decl., Exh. 9.

1    Moreover, the prior Discovery Master had good reason for rejecting

2    these Requests.  Each ████████████████████████████████████

3    ████████████████████████████████████████████████████████████

4    ████████████████████████████████████████████.[18]  In order to begin

5    to respond to this Request Mattel would have to investigate and review documents

6    relating to *all* of its many thousands of current and former employees -- including

7    employees with job duties completely different from Bryant's and who worked in

8    areas different from Bryant – to determine which employees disclosed pre-

9    employment inventions.  The expense and burden of such a search would be very

10   high.

11        At the same time, these requests seek completely irrelevant

12   information.  Even before Phase 1 was complete, other Mattel employee contracts

13   would not bear on any issue in this case.  At best, the only issue MGA might raise

14   would be the validity of Mattel's agreements with its employees.  Even then, MGA

15   fails to explain how evidence of employee compliance with their disclosure

16   obligations would bear on that issue.  In any event, this issue was definitively

17   decided on summary judgment in Phase 1, where the Court explicitly found that

18   Mattel's agreements with Carter Bryant—the same kinds of agreements signed by

19   the other former Mattel employees—were valid and enforceable.

20        The Court grants summary judgment in favor of Mattel on

21        the issue of the enforceability of the Inventions Agreement

22        and the issue of applicability of the Inventions Agreement

23        to any Bratz-related "Inventions" . . . that he is found to

24

25   [17]  Freed Depo. Tr., dated May 3, 2007, at 19:4-20, Webster Decl., Exh. 14.

26   [18]  Declaration of Michael T. Zeller in Support of Mattel, Inc.'s Opposition to

27   MGA's Motion to Compel, dated July 17, 2007, at ¶ 41, Dart Decl., Exh. 44., Dart Decl., Exh. 44.

28

1    have created during the period of his employment with

2    Mattel.[19]

3  If there were ever any relevance to other employee conduct under their agreements

4  with Mattel, that issue has been completely settled by summary judgment.  There

5  can be no further relevance to these documents.  MGA also fails to show how such

6  documents are relevant to its unfair competition claims.  MGA does not allege—as

7  it now claims—that any of Mattel's employee agreements constitute an improper

8  solicitation of confidential and trade secret information.  Nor would such an

9  allegation, even if it had been made, entitle MGA to information regarding

10  thousands of current and former Mattel employees who have absolutely no

11  connection to MGA.  MGA's motion should therefore be rejected as to this Request.

12        There is no basis for overruling Mattel's privilege objection.  MGA's

13  bald assertion that "this request does not seek information protected by the attorney-

14  client privilege, the attorney work product doctrine, or other applicable privileges"

15  has no merit.  Documents discussing compliance with Mattel's employee agreements

16  could very well be subject to a claim of privilege or work product protection.

17  Moreover, as MGA has itself argued, the parties have agreed that "all privileged

18  documents would be logged except for documents created after this action was filed

19  on April 27, 2004."[20]  Thus, to the extent privileged documents fall within the post

20  lawsuit time period, they need not be included on Mattel's log.

21        Finally, MGA failed to meet and confer at all, much less in good faith,

22  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

23  ───────────────

24  [19]  Order Granting in Part, Denying in Part, and Deferring in Part the Parties'

25  Motions for Partial Summary Judgment, dated April 25, 2008, at 5, Dart Decl., Exh. 55.

26  [20]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
2  the moving party shall first identify each dispute, state the relief sought and identify
3  the authority supporting the requested relief in a meet and confer letter that shall be
4  served on all parties by facsimile or electronic mail. The parties shall have five court
5  days from the date of service of that letter to conduct an in-person conference to
6  attempt to resolve the dispute."). At no point during the meet and confer process did
7  the parties discuss this Request or Mattel's response to it.[21] In order to engage in a
8  meaningful meet and confer, MGA had the burden to show the relevance of any
9  requests it sought to move on.[22] Because MGA refused to even attempt to make
10 this showing, there was no possibility of a good faith meet and confer to resolve the
11 parties' disputes. The Discovery Master should deny MGA's motion with respect to
12 this Request on that grounds alone.

13 **REQUEST FOR PRODUCTION NO. 546:**

14       All DOCUMENTS concerning each instance in which any provision of
15 a CONFLICT OF INTEREST QUESTIONNAIRE was breached or alleged to be
16 breached by an employee, independent contractor, or any other person with whom
17 MATTEL had entered into a CONFLICT OF INTEREST QUESTIONNAIRE,
18 including but not limited to employee personnel files to the extent not protected by
19 applicable federal or state privacy laws; letters, e-mails, or other forms of
20 correspondence; and DOCUMENTS sufficient to evidence litigations.

21 **RESPONSE TO REQUEST NO. 546:**

22       In addition to the general objections stated above which are
23 incorporated herein by reference, Mattel objects to this Request on the grounds that

24
25       [21] See Webster Decl., ¶¶ 6-20.
26       [22] See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27 bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
   1390794 at *1 (S.D. Cal. May 14, 2009).
28

1   it is overbroad, indecipherable, and unduly burdensome, including in that it seeks all

2   documents on this subject without limitation as to time, and regardless of whether

3   such documents relate to products or matters at issue in this case or time periods at

4   issue in this action.  Mattel further objects to this Request on the grounds that it

5   duplicates prior requests and is harassing.  Mattel further objects to the use of the

6   term "CONFLICT OF INTEREST QUESTIONNAIRE" in this context as vague and

7   ambiguous.  Mattel further objects to the Request on the grounds that it seeks

8   documents that are not relevant to this action or likely to lead to the discovery of

9   admissible evidence.  Mattel further objects to this Request on the grounds that it

10  seeks confidential, proprietary and trade secret information, including such

11  information that has no bearing on the claims or defenses in this case.  Mattel further

12  objects on the grounds that this request is an attempt to circumvent the Discovery

13  Master's September 12, 2007 order determining the requested documents are

14  irrelevant and/or that such requests are improper.  Mattel further objects to the

15  Request on the grounds that Defendants have withdrawn all defenses relating to the

16  enforceability or unenforceability of Carter Bryant's agreements with Mattel.  Mattel

17  further objects to this Request on the grounds that it calls for the disclosure of

18  information subject to the attorney-client privilege, the attorney work-product

19  doctrine and other applicable privileges.

20          Based upon the foregoing, and without waiving the above general and

21  specific objections, Mattel states that other than those documents produced pursuant

22  to other requests, Mattel will not produce documents responsive to this Request.

23  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

24  **TO SHOULD BE COMPELLED**

25          Mattel has not agreed to produce documents in response to this request,

26  based on its improper boilerplate objections.  Mattel has refused to confirm whether

27  or not it has produced all non-privileged responsive documents or whether it is

28  withholding documents based on its objections in Phase 2.  Under the Federal Rules

00505.07975/3121209.2

-21-

1   of Civil Procedure, "an objection to part of a request must specify the part and

2   permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

3   fail to explain the basis for an objection with specificity are routinely rejected in the

4   Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

5   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

6   harassing' are improper – especially when a party fails to submit any evidentiary

7   declarations supporting such objections"). Accordingly, Mattel must be compelled

8   either to certify that it has produced all non-privileged responsive documents or to

9   produce all such documents by a date certain.

10          To the extent that Mattel is relying on its blanket objections, they are

11   not sustainable and do not justify Mattel's failure to produce documents.

12          As to overbreadth, Mattel provides no explanation, let alone the

13   required particularity, as to *why* this request is supposedly overly broad, nor can it

14   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

15   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To

16   the contrary, the request is narrowly tailored to seek documents concerning alleged

17   breaches of Mattel's Conflict of Interest Questionnaire.

18          As to burden, Mattel has not attempted to demonstrate why responding

19   to this request and/or producing responsive documents presents any burden. This

20   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

21   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22   request is unduly burdensome must allege specific facts which indicate the nature

23   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

24   it is not unduly burdensome, as noted above, in that the request is narrowly tailored

25   to seek only discoverable evidence. This case stems from Carter Bryant's creation

26   of Bratz, and the question of who was the rightful owner of that creation. Virtually

27   every claim and counterclaim in this case is in some way related to that issue, and

28   that issue largely turned on whether Carter Bryant created Bratz prior to returning to

1  Mattel, and if so whether that would or should have been disclosed on his Conflict
2  of Interest Questionnaire.  MGA is entitled to discovery on Mattel's policies and
3  procedures for interpreting and enforcing its Conflict of Interest Questionnaire.

4  Mattel objects that the request is duplicative and harassing, but does not
5  identify the allegedly duplicative requests or any specific reason why these requests
6  are harassing.  Mattel's failure to agree to produce responsive non- privileged
7  documents is not proper based on this objection.

8  Litigation in this case has extensively involved Mattel's "Conflict of
9  Interest Questionnaire."  There is nothing vague or ambiguous about this term, and
10  Mattel's objection to the contrary is disingenuous and grounds for sanctions.

11  Mattel objects that the request contains confidential, proprietary and
12  trade secret information.  A Protective Order exists in this case, obviating any
13  concern as to protection of privacy rights and/or commercially sensitive
14  information.

15  Mattel's objection that this Request is an attempt to circumvent the
16  Discovery Master's September 12, 2007 order is unwarranted, as this request seeks
17  documents related to breaches or alleged breaches of a specific document by Mattel
18  employees, independent contractors, and other agents who had signed that
19  document.

20  This request seeks document relevant to Phase 2 of this proceeding,
21  which includes issues of improper conduct by Mattel, including unfair competition
22  and unclean hands.  How Mattel responds to conflicts of interest is relevant to these
23  topics.  Such documents are also relevant to MGA's statute of limitation claim
24  against Mattel, as they will demonstrate how Mattel investigates improper conduct
25  by employees.

26  This request does not seek documents protected by the attorney-client
27  privilege, the attorney work product doctrine, or other applicable privileges.  To the
28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1    None of Mattel's improper objections are valid and Mattel is obligated
2    to produce all non-privileged responsive documents in its possession.

3    **MATTEL'S RESPONSE:**

4    This request is essentially identical—only broader—to two Requests
5    that were rejected by the Discovery Master.  MGA propounded two requests asking
6    for "[a]ll DOCUMENTS created after January 4, 1999 that evidence, relate or refer
7    to any activities of any current or former MATTEL employee performed, while such
8    person was employed by MATTEL, in connection with the conception, creation,
9    design or development of any [intellectual property or doll or toy] done for or at the
10   request of any company, entity or person other than MATTEL."[23]  The prior
11   Discovery Master rejected these Requests as overly broad and unduly burdensome,
12   and held that even if Mattel were to find such documents, they would be of marginal
13   relevance at best.

14   Request Nos. 262 and 263 are overbroad. As written, these
15   requests would potentially require Mattel to review
16   documents relating to all of its many thousands of current
17   and former employees in order to find evidence that an
18   employee conceived, created, designed or developed any
19   intellectual property or doll or toy for [or] at the request of
20   any company or person other than  Mattel.  Even if Mattel
21   succeeded in finding such documents, the burden and
22   expense of conducting such a search outweigh the likely
23   benefit of the documents. Therefore, MGA's motion is
24   denied as to Request Nos. 262 and 263.[24]

25

26   [23]  See MGA's First Set of Requests for the Production of Documents and
27   Things, dated January 31, 2005 (9059, Set One), Dart Decl., Exh. 48.
     [24]  Discovery Master Order dated September 12, 2007, at 15, Dart Decl., Exh. 9.

28

1    Of course, any documents responsive to those Requests would also be

2  responsive here, as any work for a competitor without authorization would be a

3  breach of their contracts with Mattel.  Indeed, this Request is even **broader**, because

4  employees could breach their obligations under the Conflict of Interest

5  Questionnaire through actions in addition to working for a competitor such as, for

6  example, receiving gifts from Mattel suppliers, or owning stock in any Mattel

7  suppliers.  This Request should be rejected in keeping with the prior Order.

8    Moreover, the prior Discovery Master had good reason for rejecting

9  these Requests. ████████████████████████████████████████

10 ████████████████████████████████████████████████████████

11 ████████████████████████████████.[26]  In order to begin

12 to respond to this Request Mattel would have to investigate and review documents

13 relating to *all* of its many thousands of current and former employees -- including

14 employees with job duties completely different from Bryant's and who worked in

15 areas different from Bryant -- on the off chance that it might catch other employees

16 in breach of their agreements.  The expense and burden of such a search would be

17 very high.

18    At the same time, these requests seek completely irrelevant

19 information.  Even before Phase 1 was complete, other Mattel employee misconduct

20 and breaches of duty and contract would not bear on any issue in this case.  At best,

21 the only issue MGA might raise would be the validity of Mattel's agreements with

22 its employees.  Yet this issue was definitively decided on summary judgment in

23 Phase 1, where the Court explicitly found that Mattel's agreements with Carter

24

25 _____

26 [25]  Freed Depo. Tr., dated May 3, 2007, at 19:4-20, Webster Decl., Exh. 14.

27 [26]  Declaration of Michael T. Zeller in Support of Mattel, Inc.'s Opposition to
   MGA's Motion to Compel, dated July 17, 2007, at ¶ 41, Dart Decl., Exh. 44.

28

1  Bryant—the same kinds of agreements signed by the other former Mattel

2  employees—were valid and enforceable.

3              The Court grants summary judgment in favor of Mattel on

4              the issue of the enforceability of the Inventions Agreement

5              and the issue of applicability of the Inventions Agreement

6              to any Bratz-related "Inventions" . . . that he is found to

7              have created during the period of his employment with

8              Mattel.[27]

9  If there were ever any relevance to other employee conduct under their agreements

10 with Mattel, that issue has been completely settled by summary judgment.  There

11 can be no further relevance to these documents.  MGA also fails to show how

12 documents regarding alleged violations of employee agreements by current or

13 former employees who have nothing to do with this lawsuit are relevant to its unfair

14 competition claims or its purported unclean hands or statute of limitations defenses.

15 MGA's motion should therefore be rejected as to this Request.

16              There is no basis for overruling Mattel's privilege objection.  MGA's

17 bald assertion that "this request does not seek information protected by the attorney-

18 client privilege, the attorney work product doctrine, or other applicable privileges"

19 has no merit.  Documents discussing breaches or alleged breaches of Mattel's

20 employee agreements could very well be subject to a claim of privilege or work

21 product protection.  Moreover, as MGA has itself argued, the parties have agreed

22 that "all privileged documents would be logged except for documents created after

23

24

25

26  [27]  Order Granting in Part, Denying in Part, and Deferring in Part the Parties'
     Motions for Partial Summary Judgment, dated April 25, 2008, at 5, Dart Decl., Exh.
27   55.

28

1    this action was filed on April 27, 2004."[28]  Thus, to the extent privileged documents

2    fall within the post lawsuit time period, they need not be included on Mattel's log.

3            Finally, MGA failed to meet and confer at all, much less in good faith,

4    regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

5    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6    the moving party shall first identify each dispute, state the relief sought and identify

7    the authority supporting the requested relief in a meet and confer letter that shall be

8    served on all parties by facsimile or electronic mail. The parties shall have five court

9    days from the date of service of that letter to conduct an in-person conference to

10    attempt to resolve the dispute.").  At no point during the meet and confer process did

11    the parties discuss this Request or Mattel's response to it.[29]  In order to engage in a

12    meaningful meet and confer, MGA had the burden to show the relevance of any

13    requests it sought to move on.[30]  Because MGA refused to even attempt to make

14    this showing, there was no possibility of a good faith meet and confer to resolve the

15    parties' disputes.  The Discovery Master should deny MGA's motion with respect to

16    this Request on that grounds alone.

17    **REQUEST FOR PRODUCTION NO. 548:**

18            DOCUMENTS sufficient to evidence each complaint, tip, or other

19    COMMUNICATION, whether oral or written, received by MATTEL that alleged a

20    breach and/or violation of any of the EMPLOYEE INVENTIONS AGREEMENT,

21

22

---

23    [28]  See Order Denying Mattel's Motion for Protective Order Limiting the

24    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25    3.

      [29]  See Webster Decl., ¶¶ 6-20.

26    [30]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27    bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

      1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  the CONFLICT OF INTEREST QUESTIONNAIRE, and/or MATTEL's policies

2  concerning conflict(s) of interest.

3  **RESPONSE TO REQUEST NO. 548:**

4          In addition to the general objections stated above which are

5  incorporated herein by reference, Mattel objects to this Request on the grounds that

6  it is overbroad and unduly burdensome, including in that it seeks all documents on

7  this subject without limitation as to time, and regardless of whether such documents

8  relate to products or matters at issue in this case or time periods at issue in this

9  action.  Mattel further objects to the use of the term "relating to their obligations

10  under any of the EMPLOYEE INVENTIONS AGREEMENT, CONFLICT OF

11  INTEREST QUESTIONNAIRE, and/or MATTEL's policies concerning conflict(s)

12  of interest" in this context as vague and ambiguous.  Mattel further objects to the

13  Request on the grounds that it seeks documents that are not relevant to this action or

14  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

15  Request on the grounds that it seeks confidential, proprietary and trade secret

16  information, including such information that has no bearing on the claims or

17  defenses in this case.  Mattel further objects on the grounds that this request is an

18  attempt to circumvent the Discovery Master's September 12, 2007 order determining

19  the requested documents are irrelevant and/or that such requests are improper.

20  Mattel further objects to the Request on the grounds that Defendants have

21  withdrawn all defenses relating to the enforceability or unenforceability of Carter

22  Bryant's agreements with Mattel.  Mattel further objects to this Request on the

23  grounds that it calls for the disclosure of information subject to the attorney-client

24  privilege, the attorney work-product doctrine and other applicable privileges.

25          Based upon the foregoing, and without waiving the above general and

26  specific objections, Mattel states that other than those documents produced pursuant

27  to other requests, Mattel will not produce documents responsive to this Request.

28

00505.07975/3121209.2

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SIX)

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.  Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning communications received by Mattel that alleged a breach and/or violation of Mattel's Employee Inventions Agreement, its Conflict of Interest Questionnaire, or Mattel's other policies concerning conflicts of interest.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

1  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2  request is unduly burdensome must allege specific facts which indicate the nature

3  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

4  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

5  to seek only discoverable evidence.  This entire case stems from Carter Bryant's

6  creation of Bratz, and the question of who was the rightful owner of that creation.

7  Virtually every claim and counterclaim in this case is in some way related to that

8  issue and Mattel's allegation that Bryant's sale of the Bratz concept to MGA violated

9  Mattel's Employee Inventions Agreement, its Conflict of Interest Questionnaire, or

10  Mattel's other policies concerning conflicts of interest, or to other alleged breaches

11  of Mattel's Employee Inventions Agreement, its Conflict of Interest Questionnaire,

12  or Mattel's other policies concerning conflicts of interest.  MGA is entitled to

13  discovery on Mattel's policies and procedures for interpreting and enforcing its

14  Employee Inventions Agreement, its Conflict of Interest Questionnaire, and its other

15  policies concerning conflicts of interest.  Additionally, MGA has raised statute of

16  limitations defenses to several of Mattel's claims, and this information is directly

17  relevant to those defenses.

18          Mattel objects that the request is duplicative and harassing, but does not

19  identify the allegedly duplicative requests or any specific reason why these requests

20  are harassing.  Mattel's failure to agree to produce responsive non- privileged

21  documents is not proper based on this objection.

22          Mattel further objects that the term "relating to their obligations under

23  any of the EMPLOYEE INVENTIONS AGREEMENT, CONFLICT OF

24  INTEREST QUESTIONNAIRE, and/or MATTEL's policies concerning conflict(s)

25  of interest" is vague and ambiguous, but does not explain how these simple words

26  and explicitly defined documents are in any way vague or ambiguous.

27          Mattel objects that the request contains confidential, proprietary and

28  trade secret information.  A Protective Order exists in this case, obviating any

1 concern as to protection of privacy rights and/or commercially sensitive

2 information.

3       Mattel's objection that this Request is an attempt to circumvent the

4 Discovery Master's September 12, 2007 order is unwarranted, as this request seeks

5 documents related to complaints, tips, or other communications received by Mattel

6 regarding alleged breaches of specific Mattel documents.

7       This request seeks documents relevant to Phase 2.  MGA's statute of

8 limitations defense involves Mattel's investigation of alleged employee misconduct.

9 Accordingly, Mattel's general practices relating to allegations of employee

10 misconduct are either admissible evidence or likely to lead to admissible evidence.

11       This request does not seek documents protected by the attorney-client

12 privilege, the attorney work product doctrine, or other applicable privileges.  To the

13 extent that Mattel contends that it does, Mattel must provide a privilege log.

14       None of Mattel's improper objections are valid and Mattel is obligated

15 to produce all non-privileged responsive documents in its possession.

16 **MATTEL'S RESPONSE:**

17       This request is similar to two Requests that were rejected by the

18 Discovery Master.  MGA propounded two requests asking for "[a]ll DOCUMENTS

19 created after January 4, 1999 that evidence, relate or refer to any activities of any

20 current or former MATTEL employee performed, while such person was employed

21 by MATTEL, in connection with the conception, creation, design or development of

22 any [intellectual property or doll or toy] done for or at the request of any company,

23 entity or person other than MATTEL."[31]  The prior Discovery Master rejected these

24 Requests as overly broad and unduly burdensome, and held that even if Mattel were

25 to find such documents, they would be of marginal relevance at best.

26

27

28

1       Request Nos. 262 and 263 are overbroad. As written, these

2       requests would potentially require Mattel to review

3       documents relating to all of its many thousands of current

4       and former employees in order to find evidence that an

5       employee conceived, created, designed or developed any

6       intellectual property or doll or toy for [or] at the request of

7       any company or person other than Mattel. Even if Mattel

8       succeeded in finding such documents, the burden and

9       expense of conducting such a search outweigh the likely

10      benefit of the documents. Therefore, MGA's motion is

11      denied as to Request Nos. 262 and 263.[32]

12          This Request would involve the same type of overbroad search as in

13  those Requests, and would yield no greater benefit. This Request should be rejected

14  in keeping with the prior Order.

15  ████████████████████████████████████████

16  ████████████████████████████████████████

17  ████████████████████████████████████████

18  ██████████████████████████████.[34] In order to begin

19  to respond to this Request Mattel would have to investigate and review documents

20  relating to *all* of its many thousands of current and former employees -- including

21  employees with job duties completely different from Bryant's and who worked in

22  areas different from Bryant -- on the off chance that it might find documents that

23  ——————————————————————————————

24      [31]  See MGA's First Set of Requests for the Production of Documents and

25  Things, dated January 31, 2005 (9059, Set One), Dart Decl., Exh. 48.
        [32]  Discovery Master Order dated September 12, 2007, at 15, Dart Decl., Exh. 9.

26      [33]  Freed Depo. Tr., dated May 3, 2007, at 19:4-20, Webster Decl., Exh. 14.

27      [34]  Declaration of Michael T. Zeller in Support of Mattel, Inc.'s Opposition to

    MGA's Motion to Compel, dated July 17, 2007, at ¶ 41, Dart Decl., Exh. 44.

28

1   refer to the mere allegation of a breach by other employees of their agreements.  The

2   expense and burden of such a search would be very high.

3                At the same time, these requests seek completely irrelevant

4   information.  Even before Phase 1 was complete, other Mattel employee misconduct

5   and breaches of duty and contract would not bear on any issue in this case.  At best,

6   the only issue MGA might raise would be the validity of Mattel's agreements with

7   its employees.  Yet this issue was definitively decided on summary judgment in

8   Phase 1, where the Court explicitly found that Mattel's agreements with Carter

9   Bryant—the same kinds of agreements signed by the other former Mattel

10  employees—were valid and enforceable.

11               The Court grants summary judgment in favor of Mattel on

12               the issue of the enforceability of the Inventions Agreement

13               and the issue of applicability of the Inventions Agreement

14               to any Bratz-related "Inventions" . . . that he is found to

15               have created during the period of his employment with

16               Mattel.[35]

17  If there were ever any relevance to other employee conduct under their agreements

18  with Mattel, that issue has been completely settled by summary judgment.  There

19  can be no further relevance to these documents.  MGA also fails to show how

20  documents regarding alleged violations of employee agreements by current or

21  former employees who have nothing to do with this lawsuit are relevant to its

22  purported statute of limitations defenses.  MGA's motion should therefore be

23  rejected as to this Request.

24

25

26  [35]   Order Granting in Part, Denying in Part, and Deferring in Part the Parties'
27  Motions for Partial Summary Judgment, dated April 25, 2008, at 5, Dart Decl., Exh.
    55.
28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SIX)

1    There is no basis for overruling Mattel's privilege objection.  MGA's

2  bald assertion that "this request does not seek information protected by the attorney-

3  client privilege, the attorney work product doctrine, or other applicable privileges"

4  has no merit.  Documents discussing NPD could very well be subject to a claim of

5  privilege or work product protection.  Moreover, as MGA has itself argued, the

6  parties have agreed that "all privileged documents would be logged except for

7  documents created after this action was filed on April 27, 2004."[36]  Thus, to the

8  extent privileged documents fall within the post lawsuit time period, they need not

9  be included on Mattel's log.

10    Finally, MGA failed to meet and confer at all, much less in good faith,

11  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

12  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

13  the moving party shall first identify each dispute, state the relief sought and identify

14  the authority supporting the requested relief in a meet and confer letter that shall be

15  served on all parties by facsimile or electronic mail. The parties shall have five court

16  days from the date of service of that letter to conduct an in-person conference to

17  attempt to resolve the dispute.").  At no point during the meet and confer process did

18  the parties discuss this Request or Mattel's response to it.[37]  In order to engage in a

19  meaningful meet and confer, MGA had the burden to show the relevance of any

20  requests it sought to move on.[38]  Because MGA refused to even attempt to make

21  this showing, there was no possibility of a good faith meet and confer to resolve the

22

23  [36]  See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.

     [37]  See Webster Decl., ¶¶ 6-20.

26  [38]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

     1390794 at *1 (S.D. Cal. May 14, 2009).

28

1 parties' disputes.  The Discovery Master should deny MGA's motion with respect to

2 this Request on that grounds alone.

3 **REQUEST FOR PRODUCTION NO. 549:**

4     Each "brand brief," "creative brief," or other similar DOCUMENT

5 concerning the advertising strategy for MATTEL's "BARBIE" products, including

6 but not limited to "BARBIE" dolls.

7 **RESPONSE TO REQUEST NO. 549:**

8     In addition to the general objections stated above which are

9 incorporated herein by reference, Mattel objects to this Request on the grounds that

10 it is overbroad and unduly burdensome, including in that it seeks all documents on

11 this subject without limitation as to time, and regardless of whether such documents

12 relate to products or matters at issue in this case or time periods at issue in this

13 action.  Mattel further objects to the use of the terms "'brand brief,' 'creative brief,' or

14 other similar DOCUMENT concerning the advertising strategy for MATTEL's

15 'BARBIE' products" as vague, ambiguous, and overbroad.  The request appears to

16 seek documents relating to many thousands of irrelevant products and is designed

17 only to harass Mattel.  Mattel further objects to the Request on the grounds that it

18 seeks documents that are not relevant to this action or likely to lead to the discovery

19 of admissible evidence.  Mattel further objects to this Request on the grounds that it

20 seeks confidential, proprietary and trade secret information, including such

21 information that has no bearing on the claims or defenses in this case.  Mattel further

22 objects on the grounds that this request is an attempt to circumvent the Discovery

23 Master's April 19, 2007 and May 22, 2007 orders determining the requested

24 documents are irrelevant and/or that such requests are improper.  Mattel further

25 objects to this Request on the grounds that it calls for the disclosure of information

26 subject to the attorney-client privilege, the attorney work-product doctrine and other

27 applicable privileges.

28

1    Based upon the foregoing, and without waiving the above general and
2 specific objections, Mattel states that other than those documents produced pursuant
3 to other requests, Mattel will not produce documents responsive to this Request.

4 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
5 **TO SHOULD BE COMPELLED**

6    Mattel has not agreed to produce documents in response to this request.
7 Mattel has refused to confirm whether or not it has produced all non-privileged
8 responsive documents or whether it is withholding documents based on its
9 objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to
10 part of a request must specify the part and permit inspection of the rest." Fed. R.
11 Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection
12 with specificity are routinely rejected in the Central District.  See A. Farber and
13 Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or
14 boilerplate objections such as 'overly burdensome and harassing' are improper –
15 especially when a party fails to submit any evidentiary declarations supporting such
16 objections").  Accordingly, Mattel must be compelled either to certify that it has
17 produced all non-privileged responsive documents or to produce all such documents
18 by a date certain.

19    To the extent that Mattel is relying on its blanket objections, they are
20 not sustainable and do not justify Mattel's failure to produce documents.

21    As to overbreadth, Mattel provides no explanation, let alone the
22 required particularity, as to *why* this request is supposedly overly broad, nor can it
23 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
24 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To
25 the contrary, the request is narrowly tailored to seek "brand briefs" or "creative
26 briefs" concerning the advertising strategy for "Barbie" products.

27    As to burden, Mattel has not attempted to demonstrate why responding
28 to this request and/or producing responsive documents presents any burden.  This

00505.07975/3121209.2

-36-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SIX)

1  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

2  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3  request is unduly burdensome must allege specific facts which indicate the nature

4  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

5  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

6  to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a

7  broad variety of unfair trade practices, including copying MGA's branding and

8  advertising.  MGA is entitled to discovery on these claims.

9          Mattel's objection that this Request is an attempt to circumvent the

10  Discovery Master's April 19, 2007 and May 22, 2007 order is unwarranted.  That

11  order is inapposite to this Request, which is much narrower than those considered

12  irrelevant and/or improper by the court.  This request is narrowly tailored to "brand

13  briefs" or "creative briefs" concerning the advertising strategy for "Barbie" products.

14          Mattel further objects to the use of the terms "'brand brief,' 'creative

15  brief,' or other similar DOCUMENT concerning the advertising strategy for

16  MATTEL's 'BARBIE' products" as vague and ambiguous.  Mattel, however, fails to

17  provide any explanation as to why these terms are vague or ambiguous.  In addition,

18  "[a] party responding to discovery requests 'should exercise reason and common

19  sense to attribute ordinary definitions to terms and phrases utilized in'" discovery.

20  Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 662 (D. Kan. 2004).

21  Especially given the context of the case, these terms are not vague and ambiguous.

22          This request does not seek documents protected by the attorney-client

23  privilege, the attorney work product doctrine, or other applicable privileges.  To the

24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25          Mattel objects that the request contains confidential, proprietary and

26  trade secret information.  A Protective Order exists in this case, obviating any

27  concern as to protection of privacy rights and/or commercially sensitive

28  information.

1    Mattel also objects to this request on relevance grounds.  MGA has
2 alleged claims of unfair competition based on Mattel's serial copying and imitation
3 of MGA's products, branding and advertising.  As such, Mattel's "brand briefs" or
4 "creative briefs" regarding advertising strategy are highly relevant and likely to lead
5 to the discovery of admissible evidence.

6    None of Mattel's improper objections are valid and Mattel is obligated
7 to produce all non-privileged responsive documents in its possession.

8 **MATTEL'S RESPONSE:**

9    MGA must establish that its discovery meets the relevance requirements of
10 Rule 26(b)(1).[39]  This Request seeks numerous documents that have no relevance to
11 any claim or defense in this case.  MGA does not seek documents regarding
12 advertising strategy for My Scene or other products at issue in this case, but rather
13 all such documents for *all* of Mattel's BARBIE products ever produced anywhere in
14 the world at any time.  ████████████████████████████
15 ████████████████████████████████████
16 ████████████████████████████████████
17 ████████████████████████████.  Indeed, BARBIE was first
18 introduced *fifty years ago* in 1959.

19    MGA cannot and does not explain how advertising strategy for each of
20 these products—thousands of which were produced decades before the products at
21 issue in this action—can have any bearing on any claim or defense in this action.

22

23    [39]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
24 bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
25 1390794 at *1 (S.D. Cal. 2009).
    [40]  See Declaration of Lori Pantel in Support of Mattel, Inc.'s Opposition to
26 MGA Entertainment, Inc.'s Motion to Compel Further Responses to MGA's First Set
27 of Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, dated
   August 6, 2009, at ¶ 2, Dart Decl., Exh. 31.
28

1   MGA does not ask, for example, for advertising strategy referencing the

2   advertisements at issue in this suit.  Rather, it expansively states that all such

3   documents are relevant because MGA has "brought trade dress claims and has

4   alleged claims of unfair competition based on Mattel's serial copying and imitation

5   of MGA's products, branding and advertising."  But this Request seeks documents

6   from before MGA even existed, and for thousands of BARBIE products never

7   mentioned in its complaint.  MGA has therefore made no showing how this request

8   is related to the claims and defenses in this case.  The burden of gathering such

9   documents would be prohibitive, especially given MGA's complete failure to

10  establish relevance.  "A trial court has a duty, of special significance in lengthy and

11  complex cases where the possibility of abuse is always present, to supervise and

12  limit discovery to protect parties and witnesses from annoyance and excessive

13  expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also

14  Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36

15  (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

16  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master held, a party

17  may not propound document requests as part of a fishing expedition or to discover

18  new claims.[41]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)

19  ("District courts need not condone the use of discovery to engage in 'fishing

20  expeditions.'").  MGA's motion should be rejected as to this Request.

21          MGA's Request is also vague and ambiguous.  It states that it requires

22  all "brand briefs" and "creative briefs," but it does not define these terms except to

23  state that they relate to advertising.  Mattel should not be required to guess at

24  MGA's meaning.

---

26  [41]  See Order Granting In Part and Denying In Part Mattel's Motion for
27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  These documents could very well be subject to a claim of privilege or work product protection.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[42]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").  At no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.[43]  In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[44]  Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the

---

[42]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

[43]  See Webster Decl., ¶¶ 6-20.

[44]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

1   parties' disputes.  The Discovery Master should deny MGA's motion with respect to

2   this Request on that grounds alone.

3   **REQUEST FOR PRODUCTION NO. 550:**

4           Each "brand brief," "creative brief," or other similar DOCUMENT

5   concerning the advertising strategy for MATTEL's "MY SCENE" products,

6   including but not limited to "MY SCENE" DOLLS.

7   **RESPONSE TO REQUEST NO. 550:**

8           In addition to the general objections stated above which are

9   incorporated herein by reference, Mattel objects to this Request on the grounds that

10  it is overbroad and unduly burdensome, including in that it seeks all documents on

11  this subject without limitation as to time, and regardless of whether such documents

12  relate to products or matters at issue in this case.  Mattel further objects to the use of

13  the terms "'brand brief,' 'creative brief,' or other similar DOCUMENT concerning

14  the advertising strategy for MATTEL's 'MY SCENE' products" as vague,

15  ambiguous, and overbroad.  Mattel further objects to the Request on the grounds

16  that it seeks documents that are not relevant to this action or likely to lead to the

17  discovery of admissible evidence.  Mattel further objects to this Request on the

18  grounds that it seeks confidential, proprietary and trade secret information, including

19  such information that has no bearing on the claims or defenses in this case.  Mattel

20  further objects to this Request on the grounds that it calls for the disclosure of

21  information subject to the attorney-client privilege, the attorney work-product

22  doctrine and other applicable privileges.

23          Subject to and without waiving the foregoing objections, Mattel

24  responds as follows: Mattel will produce such responsive, non-privileged documents

25  that are in Mattel's possession, custody, or control, if any, that Mattel has been able

26  to locate after a diligent search and reasonable inquiry that relate to its MY SCENE

27  products at issue, to the extent not previously produced.

28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek brand briefs, creative briefs, or similar documents concerning the advertising strategy for "My Scene" products.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

1   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

2   it is not unduly burdensome, as noted above, in that the request is narrowly tailored

3   to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a

4   broad variety of unfair trade practices, including the copying of, and interference

5   with, MGA's advertising.  MGA is entitled to discovery on these claims.

6          Mattel objects that the request contains confidential, proprietary and

7   trade secret information.  A Protective Order exists in this case, obviating any

8   concern as to protection of privacy rights and/or commercially sensitive

9   information.

10          This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13          Mattel further objects to the use of the terms "'brand brief,' 'creative

14   brief,' or other similar DOCUMENT concerning the advertising strategy for

15   MATTEL's 'MY SCENE' products" as vague and ambiguous.  Mattel, however,

16   fails to provide any explanation as to why these terms are vague or ambiguous.  In

17   addition, "[a] party responding to discovery requests 'should exercise reason and

18   common sense to attribute ordinary definitions to terms and phrases utilized in'"

19   discovery.  Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 662 (D. Kan.

20   2004).

21          Mattel also objects to this request on relevance grounds.  MGA has

22   alleged claims of unfair competition based on Mattel's copying of, and interference

23   with, MGA's advertising.  As such, documents related to the advertising strategy for

24   "My Scene" are highly relevant and likely to lead to the discovery of admissible

25   evidence.

26          Mattel has also improperly limited its agreement to produce by

27   redefining the scope of MGA's request.  Subject to its objections, Mattel has only

28   agreed to produce documents related to "My Scene" products "at issue".  Mattel may

-43-

1  not place such amorphous and subjective limitations on its own production.  <u>See</u>

2  Discovery Master Order No. 52 at 20.  Mattel is required to respond to the request as

3  originally drafted by MGA and may not unilaterally narrow and rewrite MGA's

4  requests.

5           None of Mattel's improper objections are valid and Mattel is obligated

6  to produce all non-privileged responsive documents in its possession.

7  **<u>MATTEL'S RESPONSE:</u>**

8           MGA objects to Mattel's limitation that it will produce documents

9  related to " its MY SCENE products at issue," but it provides no argument as to why

10  this limitation is inappropriate.  To the contrary, the parties previously agreed on the

11  scope of similar Requests and Mattel's limitations.[45]

12           There is simply no relevance to MY SCENE advertising to which

13  MGA has made no allegations of copying.  Indeed, numerous Bratz and MY

14  SCENE dolls have been released since MGA filed its complaint, and thus cannot

15  have been alleged to have been the subject of its trade dress claims for the simple

16  reason that they did not yet exist.  Indeed, MGA has previously taken the position

17  that documents and communications post-dating the events alleged in the Complaint

18  are not relevant.  <u>See</u> MGA Parties' Reply In Support of Their Motion to Quash

19  Receiver Subpoenas Issued by Mattel, dated February 13, 2009, at 7 ( ██████████

20  ████████████████████████████████████████████████

21  ████████████████████████████████████████████████

22  ██ .").[46]  The Discovery Master credited this argument in denying Mattel its

23  requested discovery, ruling that Mattel's requests were not reasonably calculated to

24  lead to the discovery of admissible evidence regarding Mattel's RICO counterclaim

25  because the "RICO counterclaim (like the other counterclaims to be adjudicated in

---

[45]  June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

1   Phase 2) was asserted in July, 2007 – more than a year before either Omni 808

2   Investors, LLC or Vision Capital, LLC came into existence . . . ."  Discovery Matter

3   Order No. 3, dated March 10, 2009, at 18.[47]  MGA offers no reason, nor could it

4   consistent with judicial estoppel, why documents post-dating the filing of claims

5   which do not allege continuing wrongdoing are relevant to those claims.  See New

6   Hampshire v. Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain

7   position in a legal proceeding, and succeeds in maintaining that position, he may not

8   thereafter, simply because his interests have changed, assume a contrary position,

9   especially if it be to the prejudice of the party who has acquiesced in the position

10  formerly taken by him.").  Thus, under MGA's own arguments that were accepted

11  by the Discovery Master, the relevant cut-off date for discovery is April 2005, when

12  MGA filed its Complaint.

13          MGA provides no argument on the subject, instead unilaterally

14  claiming that "Mattel is required to respond to the request as originally drafted,"

15  despite simultaneously acknowledging that a party may object "to part of a request

16  [and] permit inspection of the rest."  MGA's objection to Mattel's limitation is thus

17  without merit.

18          Further, contrary to MGA's statement that Mattel will not confirm that

19  it has produced non-privileged documents, if MGA had met and conferred on these

20  issues, it would have learned that Mattel has already produced all relevant non-

21  privileged documents responsive to this Request.  Indeed, to date Mattel has already

22  produced over 350,000 pages regarding MY SCENE, without limitation by theme or

23  doll, including documents related to its design and development, packaging,

24  advertising, marketing, testing, themes, sales planning, manufacturing and

25

26  ─────────────────────

27  [46]  Dart Decl., Exh. 6.

27  [47]  Dart Decl., Exh. 7.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SIX)

1   production, among others.[48]  MGA has not provided any basis for asserting that this

2   production is incomplete.  MGA's motion to compel responses to this Request

3   should therefore be denied as moot.

4          MGA's Request is also vague and ambiguous.  It states that it requires

5   all "brand briefs" and "creative briefs," but it does not define these terms except to

6   state that they relate to advertising.  Mattel should not be required to guess at

7   MGA's meaning.

8          There is no basis for overruling Mattel's privilege objection.  MGA's

9   bald assertion that "this request does not seek information protected by the attorney-

10  client privilege, the attorney work product doctrine, or other applicable privileges"

11  has no merit.  Documents discussing MY SCENE could very well be subject to a

12  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

13  the parties have agreed that "all privileged documents would be logged except for

14  documents created after this action was filed on April 27, 2004."[49]  Thus, to the

15  extent privileged documents fall within the post lawsuit time period, they need not

16  be included on Mattel's log.

17         Similarly, MGA attempts to overrule Mattel's burden objection though

18  it provides no argument on the issue.  To the extent the Request seeks irrelevant

19  information, it would be unduly burdensome to produce documents in response.

20  Moreover, as MGA knows, the Discovery Master has already placed limits on the

21  searches Mattel must make in producing documents.  See, e.g., Order Denying

22  MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

23  outstanding emails, holding that Mattel has produced all relevant emails and does

24

25  [48]  Webster Decl., ¶ 24.

26  [49]  See Order Denying Mattel's Motion for Protective Order Limiting the
    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
27  3.

28

1  not need to consult back-up tapes to complete its production).  MGA should not be

2  permitted to circumvent prior Orders by seeking to overrule Mattel's objections

3  here.

4         Finally, MGA failed to meet and confer at all, much less in good faith,

5  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

6  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

7  the moving party shall first identify each dispute, state the relief sought and identify

8  the authority supporting the requested relief in a meet and confer letter that shall be

9  served on all parties by facsimile or electronic mail. The parties shall have five court

10  days from the date of service of that letter to conduct an in-person conference to

11  attempt to resolve the dispute.").  At no point during the meet and confer process did

12  the parties discuss this Request or Mattel's response to it.[50]  In order to engage in a

13  meaningful meet and confer, MGA had the burden to show the relevance of any

14  requests it sought to move on.[51]  Because MGA refused to even attempt to make

15  this showing, there was no possibility of a good faith meet and confer to resolve the

16  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

17  this Request on that grounds alone.

18  **REQUEST FOR PRODUCTION NO. 551:**

19         Each report, study, presentation, memorandum, or other DOCUMENT

20  that analyzed the effectiveness of any television commercial or any advertising

21  campaign for MATTEL's "BARBIE" products, including but not limited to

22  "BARBIE" dolls.

23

24

25     [50]  See Webster Decl., ¶¶ 6-20.

26     [51]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

**RESPONSE TO REQUEST NO. 551:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to the entire Request as vague, ambiguous, and indecipherable. The Request attempts to sweep in literally many thousands of products (and advertising relating thereto) that have no bearing on this case, and is apparently designed only to harass Mattel. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the grounds that this request is an attempt to circumvent the Discovery Master's April 19, 2007 and May 22, 2007 orders determining the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection

1   with specificity are routinely rejected in the Central District.  See A. Farber and

2   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

3   boilerplate objections such as 'overly burdensome and harassing' are improper –

4   especially when a party fails to submit any evidentiary declarations supporting such

5   objections").  Accordingly, Mattel must be compelled either to certify that it has

6   produced all non-privileged responsive documents or to produce all such documents

7   by a date certain.

8           To the extent that Mattel is relying on its blanket objections, they are

9   not sustainable and do not justify Mattel's failure to produce documents.

10          As to overbreadth, Mattel provides no explanation, let alone the

11  required particularity, as to *why* this request is supposedly overly broad, nor can it

12  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

13  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To

14  the contrary, the request is narrowly tailored to seek documents that analyzed the

15  effectiveness of advertising for "Barbie" products.

16          As to burden, Mattel has not attempted to demonstrate why responding

17  to this request and/or producing responsive documents presents any burden.  This

18  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

19  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20  request is unduly burdensome must allege specific facts which indicate the nature

21  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

22  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

23  to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a

24  broad variety of unfair trade practices, including copying MGA's advertising.  MGA

25  is entitled to discovery on these claims.

26          Mattel's objection that this Request is an attempt to circumvent the

27  Discovery Master's April 19, 2007 and May 22, 2007 order is unwarranted.  That

28  order is inapposite to this Request, which is much narrower than those considered

00505.07975/3121209.2

-49-

1  irrelevant and/or improper by the court.  This request is narrowly tailored to

2  documents that analyzed the effectiveness of advertising for "Barbie" products.

3         Finally, Mattel's objection that the request is vague, ambiguous and

4  indecipherable is insufficient.  Mattel offers no explanation of what word or phrase

5  it is unable to understand.  In addition, "[a] party responding to discovery requests

6  'should exercise reason and common sense to attribute ordinary definitions to terms

7  and phrases utilized in'" discovery.  <u>Swackhammer v. Sprint Corp. PCS,</u> 225 F.R.D.

8  658, 662 (D. Kan. 2004).

9         This request does not seek documents protected by the attorney-client

10  privilege, the attorney work product doctrine, or other applicable privileges.  To the

11  extent that Mattel contends that it does, Mattel must provide a privilege log.

12         Mattel objects that the request contains confidential, proprietary and

13  trade secret information.  A Protective Order exists in this case, obviating any

14  concern as to protection of privacy rights and/or commercially sensitive

15  information.

16         Mattel also objects to this request on relevance grounds.  MGA has

17  alleged claims of unfair competition based on Mattel's serial copying and imitation

18  of MGA's advertising.  As such, documents analyzing Mattel's television

19  commercials or advertising campaigns are highly relevant and likely to lead to the

20  discovery of admissible evidence.

21         None of Mattel's improper objections are valid and Mattel is obligated

22  to produce all non-privileged responsive documents in its possession.

23

24

25

26

27

28

**MATTEL'S RESPONSE:**

MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1).[52] This Request seeks numerous documents that have no relevance to any claim or defense in this case. MGA does not seek documents regarding advertising strategy for My Scene or other products at issue in this case, but rather such documents for *all* of Mattel's BARBIE products ever produced anywhere in the world at any time. ███████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████. Indeed, BARBIE was first introduced *fifty years ago* in 1959.

MGA cannot and does not explain how advertising strategy for each of these products—thousands of which were produced decades before the products at issue in this action—can have any bearing on any claim or defense in this action. MGA does not ask, for example, for advertising strategy referencing the advertisements at issue in this suit. Rather, it expansively states that all such documents are relevant because MGA has "brought trade dress claims and has alleged claims of unfair competition based on Mattel's serial copying and imitation of MGA's products, branding and advertising." But this Request seeks documents from before MGA even existed, and for thousands of BARBIE products never mentioned in its complaint. MGA has therefore made no showing how this request

---

[52] See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[53] See Declaration of Lori Pantel in Support of Mattel, Inc.'s Opposition to MGA Entertainment, Inc.'s Motion to Compel Further Responses to MGA's First Set of Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, dated August 6, 2009, at ¶ 2, Dart Decl., Exh. 31.

1   is related to the claims and defenses in this case.  The burden of gathering such

2   documents would be prohibitive, especially given MGA's complete failure to

3   establish relevance.  "A trial court has a duty, of special significance in lengthy and

4   complex cases where the possibility of abuse is always present, to supervise and

5   limit discovery to protect parties and witnesses from annoyance and excessive

6   expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also

7   Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36

8   (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

9   1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master held, a party

10  may not propound document requests as part of a fishing expedition or to discover

11  new claims.[54]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)

12  ("District courts need not condone the use of discovery to engage in 'fishing

13  expeditions.'").  MGA's motion should be rejected as to this Request.

14          There is no basis for overruling Mattel's privilege objection.  MGA's bald

15  assertion that "this request does not seek information protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges" has no

17  merit.  These documents could very well be subject to a claim of privilege or work

18  product protection.  Moreover, as MGA has itself argued, the parties have agreed

19  that "all privileged documents would be logged except for documents created after

20  this action was filed on April 27, 2004."[55]  Thus, to the extent privileged documents

21  fall within the post lawsuit time period, they need not be included on Mattel's log.

22

23  _____

24      [54]  See Order Granting In Part and Denying In Part Mattel's Motion for

25  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

26      [55]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). At no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.[56] In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[57] Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 552:**

Each report, study, presentation, memorandum, or other DOCUMENT that analyzed the effectiveness of any television commercial or any advertising campaign for MATTEL'S "MY SCENE" products, including but not limited to "MY SCENE" DOLLS.

**RESPONSE TO REQUEST NO. 552:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on

---

[56] <u>See</u> Webster Decl., ¶¶ 6-20.
[57] <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

1 | this subject without limitation as to time, and regardless of whether such documents
2 | relate to products or matters at issue in this case. Mattel further objects to the entire
3 | Request as vague, ambiguous, and indecipherable. The Request appears to seek
4 | information about advertising that has no bearing on this case, and is apparently
5 | designed only to harass Mattel. Mattel further objects to the Request on the grounds
6 | that it seeks documents that are not relevant to this action or likely to lead to the
7 | discovery of admissible evidence. Mattel further objects to this Request on the
8 | grounds that it seeks confidential, proprietary and trade secret information, including
9 | such information that has no bearing on the claims or defenses in this case. Mattel
10 | further objects to this Request on the grounds that it calls for the disclosure of
11 | information subject to the attorney-client privilege, the attorney work-product
12 | doctrine and other applicable privileges.

13 |            Based upon the foregoing, and without waiving the above general and
14 | specific objections, Mattel states that other than those documents produced pursuant
15 | to other requests, Mattel will not produce documents responsive to this Request.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

18 |            Mattel has not agreed to produce documents in response to this request.
19 | Mattel has refused to confirm whether or not it has produced all non-privileged
20 | responsive documents or whether it is withholding documents based on its
21 | objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to
22 | part of a request must specify the part and permit inspection of the rest." Fed. R.
23 | Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection
24 | with specificity are routinely rejected in the Central District. See A. Farber and
25 | Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or
26 | boilerplate objections such as 'overly burdensome and harassing' are improper –
27 | especially when a party fails to submit any evidentiary declarations supporting such
28 | objections"). Accordingly, Mattel must be compelled either to certify that it has

1   produced all non-privileged responsive documents or to produce all such documents
2   by a date certain.

3         To the extent that Mattel is relying on its blanket objections, they are
4   not sustainable and do not justify Mattel's failure to produce documents.

5         As to overbreadth, Mattel provides no explanation, let alone the
6   required particularity, as to *why* this request is supposedly overly broad, nor can it
7   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To
9   the contrary, the request is narrowly tailored to seek documents analyzing the
10  effectiveness of advertising for "My Scene" products.

11        As to burden, Mattel has not attempted to demonstrate why responding
12  to this request and/or producing responsive documents presents any burden. This
13  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
14  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
15  request is unduly burdensome must allege specific facts which indicate the nature
16  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
17  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
18  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
19  broad variety of unfair trade practices, including copying and interfering with
20  MGA's advertising. MGA is entitled to discovery on these claims.

21        This request does not seek documents protected by the attorney-client
22  privilege, the attorney work product doctrine, or other applicable privileges. To the
23  extent that Mattel contends that it does, Mattel must provide a privilege log.

24        Mattel objects that the request contains confidential, proprietary and
25  trade secret information. A Protective Order exists in this case, obviating any
26  concern as to protection of privacy rights and/or commercially sensitive
27  information.

28

1       Mattel further objects to the request as vague, ambiguous, and

2  indecipherable.  Mattel, however, fails to provide any explanation as to why the

3  request is vague, ambiguous or indecipherable.  In addition, "[a] party responding to

4  discovery requests 'should exercise reason and common sense to attribute ordinary

5  definitions to terms and phrases utilized in'" discovery.  Swackhammer v. Sprint

6  Corp. PCS, 225 F.R.D. 658, 662 (D. Kan. 2004).

7       Mattel also objects to this request on relevance grounds.  MGA has

8  alleged claims of unfair competition based on Mattel's copying and interfering with

9  MGA's advertising.  As such, documents analyzing the effectiveness of television

10  commercials or advertising campaigns for "My Scene" are highly relevant and likely

11  to lead to the discovery of admissible evidence.

12       None of Mattel's improper objections are valid and Mattel is obligated

13  to produce all non-privileged responsive documents in its possession.

14  **MATTEL'S RESPONSE:**

15       MGA must establish that its discovery meets the relevance

16  requirements of Rule 26(b)(1).[58]  There is simply no relevance to MY SCENE

17  advertising to which MGA has made no allegations of copying.  Further, to the

18  extent this Request seeks documents regarding television commercials and

19  advertising campaigns for MY SCENE products that post-date the filing of MGA's

20  complaint, it is improper.   Indeed, MGA has previously taken the position that

21  documents and communications post-dating the events alleged in the Complaint are

22  not relevant.  See MGA Parties' Reply In Support of Their Motion to Quash

23  Receiver Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (████████

24  ████████████████████████████████████████████████████

25  _____

26  [58]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. 2009).

28

1 ██████████████████████████████████████████████████████

2 ████ ").[59]  The Discovery Master credited this argument in denying Mattel its

3 requested discovery, ruling that Mattel's requests were not reasonably calculated to

4 lead to the discovery of admissible evidence regarding Mattel's RICO counterclaim

5 because the "RICO counterclaim (like the other counterclaims to be adjudicated in

6 Phase 2) was asserted in July, 2007 – more than a year before either Omni 808

7 Investors, LLC or Vision Capital, LLC came into existence . . . ."  Discovery Matter

8 Order No. 3, dated March 10, 2009, at 18.[60]  MGA offers no reason, nor could it

9 consistent with judicial estoppel, why documents post-dating the filing of claims

10 which do not allege continuing wrongdoing are relevant to those claims.  See New

11 Hampshire v. Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain

12 position in a legal proceeding, and succeeds in maintaining that position, he may not

13 thereafter, simply because his interests have changed, assume a contrary position,

14 especially if it be to the prejudice of the party who has acquiesced in the position

15 formerly taken by him.").  Thus, under MGA's own arguments that were accepted

16 by the Discovery Master, the relevant cut-off date for discovery is April 2005, when

17 MGA filed its Complaint.

18          Further, Mattel has already produced all relevant non-privileged

19 documents responsive to duplicative Requests.  Mattel had already agreed to

20 produce documents in response to Request Nos. 13 and 20 (9049 Set No. One),

21 which sought "All DOCUMENTS REFERRING OR RELATING TO any

22 MARKET RESEARCH, projections or plans pertaining to the release of "MY

23 SCENE" to the market" and "All DOCUMENTS REFERRING OR RELATING

24 TO any similarity or dissimilarity between "BRATZ" and "MY SCENE" packaging,

25 including without limitation, advertising (including commercials), color schemes,

26 

27    [59]  Dart Decl., Exh. 6.

28

1  product display, shape, and the transparent style of packaging," respectively.
2  Indeed, to date Mattel has already produced over 350,000 pages regarding MY
3  SCENE, without limitation by theme or doll, including documents related to its
4  design and development, packaging, advertising, marketing, testing, themes, sales
5  planning, manufacturing and production, among others.[61]  MGA has not provided
6  any basis for asserting that this production is incomplete, and has not explained what
7  additional relevant documents this Request seeks.  MGA's motion to compel
8  responses to this Request should therefore be denied.

9        There is no basis for overruling Mattel's privilege objection.  MGA's
10  bald assertion that "this request does not seek information protected by the attorney-
11  client privilege, the attorney work product doctrine, or other applicable privileges"
12  has no merit.  Documents discussing MY SCENE could very well be subject to a
13  claim of privilege or work product protection.  Moreover, as MGA has itself argued,
14  the parties have agreed that "all privileged documents would be logged except for
15  documents created after this action was filed on April 27, 2004."[62]  Thus, to the
16  extent privileged documents fall within the post lawsuit time period, they need not
17  be included on Mattel's log.

18        Similarly, MGA attempts to overrule Mattel's burden objection though
19  it provides no argument on the issue.  To the extent the Request seeks irrelevant
20  information, it would be unduly burdensome to produce documents in response.
21  Moreover, as MGA knows, the Discovery Master has already placed limits on the
22  searches Mattel must make in producing documents.  See, e.g., Order Denying
23  MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel on all
24
25
26  _____
27  [60]  Dart Decl., Exh. 7.
28  [61]  Webster Decl., ¶ 24.

00505.07975/3121209.2

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SIX)

1  outstanding emails, holding that Mattel has produced all relevant emails and does

2  not need to consult back-up tapes to complete its production).  MGA should not be

3  permitted to circumvent prior Orders by seeking to overrule Mattel's objections

4  here.

5        Finally, MGA failed to meet and confer at all, much less in good faith,

6  regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master

7  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8  the moving party shall first identify each dispute, state the relief sought and identify

9  the authority supporting the requested relief in a meet and confer letter that shall be

10  served on all parties by facsimile or electronic mail. The parties shall have five court

11  days from the date of service of that letter to conduct an in-person conference to

12  attempt to resolve the dispute.").  At no point during the meet and confer process did

13  the parties discuss this Request or Mattel's response to it.[63]  In order to engage in a

14  meaningful meet and confer, MGA had the burden to show the relevance of any

15  requests it sought to move on.[64]  Because MGA refused to even attempt to make

16  this showing, there was no possibility of a good faith meet and confer to resolve the

17  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

18  this Request on that grounds alone.

19  **REQUEST FOR PRODUCTION NO. 553:**

20        DOCUMENTS sufficient to evidence each of MATTEL's policies,

21  procedures, rules, or strategies, whether written or oral, concerning the number

22

---

23  [62]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.

   [63]  <u>See</u> Webster Decl., ¶¶ 6-20.

26  [64]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL

1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  and/or types of products perceived as being in actual or potential competition with

2  MATTEL's "BARBIE" dolls that MATTEL would market, sell, offer for sale, or

3  otherwise introduce to consumers.

4  **RESPONSE TO REQUEST NO. 553:**

5       In addition to the general objections stated above which are

6  incorporated herein by reference, Mattel objects to this Request on the grounds that

7  it is overbroad and unduly burdensome, including in that it seeks all documents on

8  this subject without limitation as to time, and regardless of whether such documents

9  relate to products or matters at issue in this case or time periods at issue in this

10  action.  Mattel further objects to the use of the terms "policies, procedures, rules, or

11  strategies," and "perceived as being in actual or potential competition with

12  MATTEL's 'BARBIE' dolls" in this context as vague, ambiguous, overbroad, and

13  incomprehensible.  Mattel further objects to the Request on the grounds that it seeks

14  documents that are not relevant to this action or likely to lead to the discovery of

15  admissible evidence.  Mattel further objects to this Request on the grounds that it

16  seeks confidential, proprietary and trade secret information, including such

17  information that has no bearing on the claims or defenses in this case.  Mattel further

18  objects on the grounds that this request is an attempt to circumvent the Discovery

19  Master's April 19, 2007 and May 22, 2007 orders determining the requested

20  documents are irrelevant and/or that such requests are improper.  Mattel further

21  objects to this Request on the grounds that it calls for the disclosure of information

22  subject to the attorney-client privilege, the attorney work-product doctrine and other

23  applicable privileges.

24       Based upon the foregoing, and without waiving the above general and

25  specific objections, Mattel states that other than those documents produced pursuant

26  to other requests, Mattel will not produce documents responsive to this Request.

27

28

00505.07975/3121209.2

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

3        Mattel has not agreed to produce documents in response to this request.
Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

        To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

        As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents regarding Mattel's policies concerning the number and/or types of products perceived as "Barbie's" competition.

        As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1   request is unduly burdensome must allege specific facts which indicate the nature

2   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

3   it is not unduly burdensome, as noted above, in that the request is narrowly tailored

4   to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a

5   broad variety of unfair trade practices aimed at eliminating competition to Mattel's

6   "Barbie" dolls.  MGA is entitled to discovery on these claims.

7            Mattel's objection that this Request is an attempt to circumvent the

8   Discovery Master's April 19, 2007 and May 22, 2007 order is unwarranted.  That

9   order is inapposite to this Request, which is much narrower than those considered

10  irrelevant and/or improper by the court.  This request is narrowly tailored to

11  information relating to Mattel's policies concerning the number and/or types of

12  products perceived as "Barbie's" competition.

13           Mattel further objects to the use of the terms "policies, procedures,

14  rules, or strategies," and "perceived as being in actual or potential competition with

15  MATTEL's 'BARBIE' dolls" as vague and ambiguous.  Mattel, however, fails to

16  provide any explanation as to why these terms are vague or ambiguous.  In addition,

17  "[a] party responding to discovery requests 'should exercise reason and common

18  sense to attribute ordinary definitions to terms and phrases utilized in'" discovery.

19  Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 662 (D. Kan. 2004).

20  Especially given the context of the case, these terms are not vague and ambiguous.

21           This request does not seek documents protected by the attorney-client

22  privilege, the attorney work product doctrine, or other applicable privileges.  To the

23  extent that Mattel contends that it does, Mattel must provide a privilege log.

24           Mattel objects that the request contains confidential, proprietary and

25  trade secret information.  A Protective Order exists in this case, obviating any

26  concern as to protection of privacy rights and/or commercially sensitive

27  information.

28

1   Mattel also objects to this request on relevance grounds.  MGA has

2   alleged that Mattel has engaged in a broad variety of unfair trade practices aimed at

3   eliminating competition to Mattel's "Barbie" dolls.  As such, documents evidencing

4   Mattel's policies, procedures, rules, or strategies, concerning competing products are

5   highly relevant and likely to lead to the discovery of admissible evidence.

6   None of Mattel's improper objections are valid and Mattel is obligated

7   to produce all non-privileged responsive documents in its possession.

8   **MATTEL'S RESPONSE:**

9   MGA must establish that its discovery meets the relevance requirements of

10  Rule 26(b)(1).[65]  This Request seeks numerous documents that have no relevance to

11  any claim or defense in this case.  MGA does not seek documents regarding My

12  Scene or other products at issue in this case, but rather documents regarding *any*

13  product that competes with Mattel's BARBIE ever produced anywhere in the world

14  at any time.  ███████████████████████████████

15  ████████████████████████████████████████

16  ████████████████████████████████████████

17  ████████████████████████████████████████

18  ███████.  Countless products may have competed with those products during

19  that time.

20  MGA cannot and does not explain how policies for each of these

21  products—countless numbers of which were produced decades before the products

22

23  [65]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

24  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

25  1390794 at *1 (S.D. Cal. 2009).

    [66]  See Declaration of Lori Pantel in Support of Mattel, Inc.'s Opposition to

26  MGA Entertainment, Inc.'s Motion to Compel Further Responses to MGA's First Set

27  of Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, dated

    August 6, 2009, at ¶ 2, Dart Decl., Exh. 31.

28

1  at issue in this action—can have any bearing on any claim or defense in this action.

2  MGA does not ask, for example, for policies regarding the products at issue in this

3  suit.  Rather, it expansively states that all such documents are relevant because

4  MGA has "Mattel has engaged in a broad variety of unfair trade practices aimed at

5  eliminating competition to Mattel's "Barbie" dolls."  But the relevant issue is those

6  practices MGA has specifically alleged, while this Request seeks documents from

7  before MGA even existed, regarding competitors for thousands of BARBIE

8  products never mentioned in its complaint.  MGA has therefore made no showing

9  how this request is related to the claims and defenses in this case.  The burden of

10  gathering such documents would be prohibitive, especially given MGA's complete

11  failure to establish relevance.  "A trial court has a duty, of special significance in

12  lengthy and complex cases where the possibility of abuse is always present, to

13  supervise and limit discovery to protect parties and witnesses from annoyance and

14  excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see

15  also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133

16  n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

17  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master held, a party

18  may not propound document requests as part of a fishing expedition or to discover

19  new claims.[67]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)

20  ("District courts need not condone the use of discovery to engage in 'fishing

21  expeditions.'").  MGA's motion should be rejected as to this Request.

22       There is no basis for overruling Mattel's privilege objection.  MGA's bald

23  assertion that "this request does not seek information protected by the attorney-client

24  privilege, the attorney work product doctrine, or other applicable privileges" has no

25  _____

26  [67]  See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

28

merit.  These documents could very well be subject to a claim of privilege or work product protection.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[68]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").  At no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.[69]  In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[70]  Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

---

[68]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

[69]  See Webster Decl., ¶¶ 6-20.

[70]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

**REQUEST FOR PRODUCTION NO. 554:**

To the extent not already produced in response to the foregoing Requests, all DOCUMENTS and things identified in response to MGA's Second Set of Interrogatories.

**RESPONSE TO REQUEST NO. 554:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as follows: Mattel cannot respond to this Request because it has not responded to the Second Set of Interrogatories.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel's only objection other than its general objections (which are without merit for the reasons set forth in the Motion) is that it has not yet responded to the Second Set of Interrogatories. Mattel has now responded, providing its first responses to the Second Set of Interrogatories on January 3, 2008. As Mattel sets forth no valid objection, it must be compelled to produce all responsive non-privileged documents.

**MATTEL'S RESPONSE:**

As MGA should be well aware, Mattel has produced all non-privileged documents responsive to this Request. Indeed, Mattel has identified all the documents it referred to by Bates number within the responses themselves.[71] MGA has not pointed to any documents it believes it does not have. MGA's motion should therefore be denied as moot.

---

[71]   Webster Dec., ¶ 27.

1    **REQUEST FOR PRODUCTION NO. 555:**

2           Each report of consumer or customer research relating to the market for

3    fashion dolls and/or any specific fashion doll, whether marketed by MATTEL or

4    otherwise.

5    **RESPONSE TO REQUEST NO. 555:**

6           In addition to the general objections stated above which are

7    incorporated herein by reference, Mattel objects to this Request on the grounds that

8    it is overbroad and unduly burdensome, including in that it seeks all documents on

9    this subject without limitation as to time, and regardless of whether such documents

10   relate to products or matters at issue in this case or time periods at issue in this

11   action.  Mattel further objects to the use of the terms "the market for fashion dolls

12   and/or any specific fashion doll, whether marketed by MATTEL or otherwise" in

13   this context as vague, ambiguous, and overbroad.  The Request appears to attempt to

14   obtain documents relating to many thousands of products that have no bearing on

15   this case and is apparently designed only to harass Mattel.  Mattel further objects to

16   the Request on the grounds that it seeks documents that are not relevant to this

17   action or likely to lead to the discovery of admissible evidence.  Mattel further

18   objects to this Request on the grounds that it seeks confidential, proprietary and

19   trade secret information, including such information that has no bearing on the

20   claims or defenses in this case.  Mattel further objects on the grounds that this

21   request is an attempt to circumvent the Discovery Master's April 19, 2007 and May

22   22, 2007 orders determining the requested documents are irrelevant and/or that such

23   requests are improper.  Mattel further objects to this Request on the grounds that it

24   calls for the disclosure of information subject to the attorney-client privilege, the

25   attorney work-product doctrine and other applicable privileges.

26          Based upon the foregoing, and without waiving the above general and

27   specific objections, Mattel states that other than those documents produced pursuant

28   to other requests, Mattel will not produce documents responsive to this Request.

00505.07975/3121209.2

-67-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SIX)

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to documents regarding Mattel's consumer research relating to the market for fashion dolls.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

1 | and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
2 | it is not unduly burdensome, as noted above, in that the request is narrowly tailored
3 | to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a
4 | broad variety of unfair trade practices including serial copying of MGA products.
5 | MGA is entitled to discovery on these claims.

6 |       Mattel further objects to the use of the terms "the market for fashion
7 | dolls and/or any specific fashion doll, whether marketed by MATTEL or otherwise"
8 | as vague and ambiguous.  Mattel, however, fails to provide any explanation as to
9 | why these terms are vague or ambiguous.  In addition, "[a] party responding to
10 | discovery requests 'should exercise reason and common sense to attribute ordinary
11 | definitions to terms and phrases utilized in'" discovery.  Swackhammer v. Sprint
12 | Corp. PCS, 225 F.R.D. 658, 662 (D. Kan. 2004).  Especially given the context of the
13 | case, these terms are not vague and ambiguous.

14 |       This request does not seek documents protected by the attorney-client
15 | privilege, the attorney work product doctrine, or other applicable privileges.  To the
16 | extent that Mattel contends that it does, Mattel must provide a privilege log.

17 |       Mattel objects that the request contains confidential, proprietary and
18 | trade secret information.  A Protective Order exists in this case, obviating any
19 | concern as to protection of privacy rights and/or commercially sensitive
20 | information.

21 |       Mattel's objection that this Request is an attempt to circumvent the
22 | Discovery Master's April 19, 2007 and May 22, 2007 order is unwarranted.  That
23 | order is inapposite to this Request, which is much narrower than those considered
24 | irrelevant and/or improper by the court.  This request is narrowly tailored to
25 | documents regarding consumer research related to the market for fashion dolls.

26 |       As for relevancy, Mattel has not attempted to demonstrate why the
27 | information sought in response to this request is not relevant to and discoverable in
28 | Phase 2.  On the contrary, MGA has alleged that Mattel has engaged in serial

1   copying of MGA's product lines, including the BRATZ product line, packaging,

2   themes, accessories, and advertising.  Documents related to Mattel's consumer

3   research for market of fashion dolls are highly relevant to MGA's claims and are

4   discoverable in Phase 2.

5           None of Mattel's improper objections are valid and Mattel is obligated

6   to produce all non-privileged responsive documents in its possession.

7   **MATTEL'S RESPONSE:**

8           This Request is overbroad and unduly burdensome for the same reasons

9   as discussed in the May 22, 2007 Order.  MGA must establish that its discovery

10  meets the relevance requirements of <u>Rule</u> 26(b)(1).[72]  Yet this Request seeks

11  documents that would include every report or communication from third party

12  analysts and third party sources that discusses fashion dolls, including retail sales

13  reports that track doll sales across the entire industry and newspaper and magazine

14  articles.  One example is NPD, which provides retail sales data on Mattel's and

15  MGA's products as well as on thousands of other products in the toy industry.



25  [72] <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

26  bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL

27  1390794 at *1 (S.D. Cal. 2009).

    [73]  Hernandez Decl. ¶ 7, Dart Decl., Exh. 33.

-70-

1 ████████████████████████████████████████

2 ██████████████████████████████████

3 █████████████████████████████████████████

4 ████████████████████████████████████████.

5 Many documents created in the course of Mattel's business are subject to attorney-

6 client privilege, because they involve intellectual property such as patents,

7 copyrights, and trademarks.  And many documents are highly sensitive and must be

8 reviewed and designated under the Protective Order in this case.

9 　　　　　The burden and expense described above is multiplied several times

10 further if Mattel were required to search the files in the possession of its worldwide

11 subsidiaries.  Expanding a search to all documents referring to MGA products

12 would necessitate interviewing every employee throughout the world, and copying

13 and reviewing the contents of every employee's desktop or laptop computer.  The

14 burden of searching for such documents from all of these employees is

15 incalculable.[75]

16 　　　　Moreover, MGA does not seek documents regarding research in connection

17 with My Scene or other products at issue in this case, but rather such documents for

18 *all* fashion dolls ever produced anywhere in the world at any time. █████████

19 ██████████████████████████████████████████

20 ███████████████████████████████████

21 ████████████████████████████████████████

22

23 _____

24 [74] Bric Decl. ¶ 12, Dart Decl., Exh. 33.

25 [75] Id. ¶ 12, Hernandez Decl. ¶ 7, Dart Decl., Exh. 33.

26 [76] See Declaration of Lori Pantel in Support of Mattel, Inc.'s Opposition to MGA Entertainment, Inc.'s Motion to Compel Further Responses to MGA's First Set

27 of Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, dated August 6, 2009, at ¶ 2, Dart Decl., Exh. 31.

28