1        ███████████████████████████████████████. Indeed, BARBIE

2   was first introduced *fifty years ago* in 1959.

3            MGA cannot and does not explain how research regarding any and all

4   fashion dolls and the fashion doll market—including research from decades before

5   the products at issue in this action—can have any bearing on any claim or defense in

6   this action.  MGA has therefore made no showing how this request is related to the

7   claims and defenses in this case.  The burden of gathering such documents would be

8   prohibitive, especially given MGA's complete failure to establish relevance.  "A

9   trial court has a duty, of special significance in lengthy and complex cases where the

10  possibility of abuse is always present, to supervise and limit discovery to protect

11  parties and witnesses from annoyance and excessive expense."  Dolgow v.

12  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

13  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

14  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

15  (same).  As the previous Discovery Master held, a party may not propound

16  document requests as part of a fishing expedition or to discover new claims.[77]

17  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

18  not condone the use of discovery to engage in 'fishing expeditions.'").

19            There is no basis for overruling Mattel's privilege objection.  MGA's

20  bald assertion that "this request does not seek information protected by the attorney-

21  client privilege, the attorney work product doctrine, or other applicable privileges"

22  has no merit.  Documents discussing fashion doll research could very well be

23  subject to a claim of privilege or work product protection.  Moreover, as MGA has

24  itself argued, the parties have agreed that "all privileged documents would be logged

25

26  [77] See Order Granting In Part and Denying In Part Mattel's Motion for
    Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
27  1.

28

1   except for documents created after this action was filed on April 27, 2004."[78]  Thus,

2   to the extent privileged documents fall within the post lawsuit time period, they need

3   not be included on Mattel's log.

4           Finally, MGA failed to meet and confer at all, much less in good faith,

5   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

6   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

7   the moving party shall first identify each dispute, state the relief sought and identify

8   the authority supporting the requested relief in a meet and confer letter that shall be

9   served on all parties by facsimile or electronic mail. The parties shall have five court

10  days from the date of service of that letter to conduct an in-person conference to

11  attempt to resolve the dispute.").  At no point during the meet and confer process did

12  the parties discuss this Request or Mattel's response to it.[79]  In order to engage in a

13  meaningful meet and confer, MGA had the burden to show the relevance of any

14  requests it sought to move on.[80]  Because MGA refused to even attempt to make

15  this showing, there was no possibility of a good faith meet and confer to resolve the

16  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

17  this Request on that grounds alone.

18  **REQUEST FOR PRODUCTION NO. 556:**

19          All DOCUMENTS relating to each "stopper" product introduction

20  launched by MATTEL in response to the launch of a MATTEL competitor's

21

22

---

23  [78]   See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.
       [79]   See Webster Decl., ¶¶ 6-20.

26  [80]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. May 14, 2009).

28

1 | product, and all DOCUMENTS assessing the success of MATTEL's "stopper"
2 | product.

3 **RESPONSE TO REQUEST NO. 556:**

4         In addition to the general objections stated above which are
5 incorporated herein by reference, Mattel objects to this Request on the grounds that
6 it is overbroad, indecipherable, and unduly burdensome, including in that it seeks all
7 documents on this subject without limitation as to time, and regardless of whether
8 such documents relate to products or matters at issue in this case or time periods at
9 issue in this action.  Mattel further objects to the use of the terms "'stopper' product
10 introduction launched by MATTEL in response to the launch of a MATTEL
11 competitor's product," and "assessing the success of MATTEL's 'stopper' product"
12 as vague, ambiguous, and incomprehensible.  The Request appears to attempt to
13 obtain documents relating to some undefined universe of alleged products that have
14 no bearing on this case and is apparently designed only to harass Mattel.  Mattel
15 further objects to the Request on the grounds that it seeks documents that are not
16 relevant to this action or likely to lead to the discovery of admissible evidence.
17 Mattel further objects to this Request on the grounds that it seeks confidential,
18 proprietary and trade secret information, including such information that has no
19 bearing on the claims or defenses in this case.  Mattel further objects on the grounds
20 that this request is an attempt to circumvent the Discovery Master's April 19, 2007
21 and May 22, 2007 orders determining the requested documents are irrelevant and/or
22 that such requests are improper.  Mattel further objects to this Request on the
23 grounds that it calls for the disclosure of information subject to the attorney-client
24 privilege, the attorney work-product doctrine and other applicable privileges.

25 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
26 **TO SHOULD BE COMPELLED**

27         Mattel refuses to produce documents in response to this request, resting
28 on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,

-74-

1   "an objection to part of a request must specify the part and permit inspection of the

2   rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

3   for an objection with specificity are routinely rejected in the Central District.  See A.

4   Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

5   or boilerplate objections such as 'overly burdensome and harassing' are improper –

6   especially when a party fails to submit any evidentiary declarations supporting such

7   objections").  Accordingly, Mattel must be compelled either to certify that it has

8   produced all non-privileged responsive documents or to produce all such documents

9   by a date certain.

10          To the extent that Mattel is relying on its blanket objections, they are

11   not sustainable and do not justify Mattel's failure to produce documents.

12          As to overbreadth, Mattel provides no explanation, let alone the

13   required particularity, as to **why** this request is supposedly overly broad, nor can it

14   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

15   20 (overruling objections not stated with specificity), Rutowski Decl.  Ex.  58.  To

16   the contrary, the request is narrowly tailored to seek documents related to Mattel's

17   launch of "stopper" products.

18          As to burden, Mattel has not attempted to demonstrate why responding

19   to this request and/or producing responsive documents presents any burden.  This

20   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

21   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22   request is unduly burdensome must allege specific facts which indicate the nature

23   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

24   it is not unduly burdensome, as noted above, in that the request is narrowly tailored

25   to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a

26   broad variety of unfair trade practices, such as serial copying of MGA products.

27   MGA is entitled to discovery on these claims.

28

1    As for relevancy, Mattel has not attempted to demonstrate why

2    responding to this request and/or producing responsive documents is irrelevant to

3    the present action.  On the contrary, MGA has alleged that Mattel is engaged in

4    copying of MGA products.  It seeks to enjoin Mattel from using confusingly similar

5    trade dress, improperly influencing standard-setting and industry organizations,

6    engaging in unfair competition and unfair business practices and diluting MGA's

7    trade dress.  This request seeks documents relevant to these issues, as other

8    "stopper" products will demonstrate Mattel's practices when a competing product

9    enters the market.

10    This request does not seek documents protected by the attorney-client

11    privilege, the attorney work product doctrine, or other applicable privileges.  To the

12    extent that Mattel contends that it does, Mattel must provide a privilege log.

13    Mattel objects that the request contains confidential/proprietary/trade

14    secret information.  A Protective Order exists in this case, obviating any concern as

15    to protection of privacy rights and/or commercially sensitive information.

16    Mattel's objection that the request is vague, ambiguous or

17    incomprehensible is disingenuous, as it uses language directly from Mattel's own

18    production.  For this reason as well, the information is discoverable in Phase 2.

19    None of Mattel's improper objections are valid and Mattel is obligated

20    to produce all non-privileged responsive documents in its possession.

21    **MATTEL'S RESPONSE:**

22    As a preliminary matter, MGA's Request is vague and ambiguous.  It

23    states that it requires all documents related to "stopper products," but it does not

24    define this term.  Mattel should not be required to guess at MGA's meaning.

25

26

27

28

MGA must also establish that its discovery meets the relevance requirements of <u>Rule</u> 26(b)(1).[81]  It has failed to do so.  This Request seeks numerous documents that have no relevance to any claim or defense in this case.  MGA does not seek documents for My Scene or other products at issue in this case, but rather documents for *any* so-called "stopper product" ever produced anywhere in the world at any time.  ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.  Mattel has released countless products in total since it was first established.

In addition, this Request seeks *all* documents "relating" to each so-called "stopper" product.  ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[81]   <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[82]   <u>See</u> Declaration of Lori Pantel in Support of Mattel, Inc.'s Opposition to MGA Entertainment, Inc.'s Motion to Compel Further Responses to MGA's First Set of Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, dated August 6, 2009, at ¶ 2, Dart Decl., Exh. 31.



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   [83]   <u>Id.</u> at ¶¶ 5-6.

27   [84]   <u>Id.</u> at ¶ 7.

       [85]   <u>Id.</u> at ¶ 8.

28



[88]

MGA cannot and does not explain how *all* documents for each of these undefined "stopper" products—which include products that were produced decades before the products at issue in this action—can have any bearing on any claim or defense in this action. MGA has therefore made no showing how this request is related to the claims and defenses in this case. The burden of gathering such

[86] Id. at ¶ 9.
[87] Id. at ¶ 10.
[88] Id. at ¶ 11.

1    documents would be prohibitive, especially given MGA's complete failure to

2    establish relevance. "A trial court has a duty, of special significance in lengthy and

3    complex cases where the possibility of abuse is always present, to supervise and

4    limit discovery to protect parties and witnesses from annoyance and excessive

5    expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u>

6    <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36

7    (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL

8    1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master held, a party

9    may not propound document requests as part of a fishing expedition or to discover

10   new claims.[89] <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)

11   ("District courts need not condone the use of discovery to engage in 'fishing

12   expeditions.'"). MGA's motion should be rejected as to this Request.

13       There is no basis for overruling Mattel's privilege objection. MGA's bald

14   assertion that "this request does not seek information protected by the attorney-client

15   privilege, the attorney work product doctrine, or other applicable privileges" has no

16   merit. These documents could very well be subject to a claim of privilege or work

17   product protection. Moreover, as MGA has itself argued, the parties have agreed

18   that "all privileged documents would be logged except for documents created after

19   this action was filed on April 27, 2004."[90] Thus, to the extent privileged documents

20   fall within the post lawsuit time period, they need not be included on Mattel's log.

21       Finally, MGA failed to meet and confer at all, much less in good faith,

22   regarding this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master

23   _____

24     [89]  <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for

25   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

26     [90]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the

27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

2  the moving party shall first identify each dispute, state the relief sought and identify

3  the authority supporting the requested relief in a meet and confer letter that shall be

4  served on all parties by facsimile or electronic mail. The parties shall have five court

5  days from the date of service of that letter to conduct an in-person conference to

6  attempt to resolve the dispute."). At no point during the meet and confer process did

7  the parties discuss this Request or Mattel's response to it.[91]  In order to engage in a

8  meaningful meet and confer, MGA had the burden to show the relevance of any

9  requests it sought to move on.[92]   Because MGA refused to even attempt to make

10 this showing, there was no possibility of a good faith meet and confer to resolve the

11 parties' disputes.  The Discovery Master should deny MGA's motion with respect to

12 this Request on that grounds alone.

13 **REQUEST FOR PRODUCTION NO. 557:**

14          DOCUMENTS sufficient to evidence each assessment by or for

15 MATTEL of the BRATZ line of products.

16 **RESPONSE TO REQUEST NO. 557:**

17          In addition to the general objections stated above which are

18 incorporated herein by reference, Mattel objects to this Request on the grounds that

19 it is overbroad and unduly burdensome, including in that it seeks all documents on

20 this subject without limitation as to time, and regardless of whether such documents

21 relate to products or matters at issue in this case.  Mattel further objects to this

22 Request on the grounds that it duplicates prior requests and is harassing.  Mattel

23 further objects to the use of the terms "assessment" and "BRATZ line of products"

24

25     [91]  See Webster Decl., ¶¶ 6-20.

26     [92]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
   bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
27 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1 │ in this context as vague, ambiguous, overbroad, and incomprehensible. Mattel

2 │ further objects to the Request on the grounds that it seeks documents that are not

3 │ relevant to this action or likely to lead to the discovery of admissible evidence.

4 │ Mattel further objects to this Request on the grounds that it seeks confidential,

5 │ proprietary and trade secret information, including such information that has no

6 │ bearing on the claims or defenses in this case. Mattel further objects on the grounds

7 │ that this request is an attempt to circumvent the Discovery Master's May 22, 2007

8 │ order determining the requested documents are irrelevant and/or that such requests

9 │ are improper. Mattel further objects to this Request on the grounds that it calls for

10 │ the disclosure of information subject to the attorney-client privilege, the attorney

11 │ work-product doctrine and other applicable privileges.

12 │        Based upon the foregoing, and without waiving the above general and

13 │ specific objections, Mattel states that other than those documents produced pursuant

14 │ to other requests, Mattel will not produce documents responsive to this Request.

15 │ **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

16 │ **TO SHOULD BE COMPELLED**

17 │        Mattel has not agreed to produce documents in response to this request,

18 │ based on its improper boilerplate objections. Mattel has refused to confirm whether

19 │ or not it has produced all non-privileged responsive documents or whether it is

20 │ withholding documents based on its objections in Phase 2. Under the Federal Rules

21 │ of Civil Procedure, "an objection to part of a request must specify the part and

22 │ permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

23 │ fail to explain the basis for an objection with specificity are routinely rejected in the

24 │ Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

25 │ (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

26 │ harassing' are improper – especially when a party fails to submit any evidentiary

27 │ declarations supporting such objections"). Accordingly, Mattel must be compelled

28 │

00505.07975/3121209.2

-82-

1 | either to certify that it has produced all non-privileged responsive documents or to
2 | produce all such documents by a date certain.

3 | To the extent that Mattel is relying on its blanket objections, they are
4 | not sustainable and do not justify Mattel's failure to produce documents.

5 | As to overbreadth, Mattel provides no explanation, let alone the
6 | required particularity, as to *why* this request is supposedly overly broad, nor can it
7 | do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
8 | 20 (overruling objections not stated with specificity), Rutowski Decl.  Ex.  58.  To
9 | the contrary, the request is narrowly tailored to seek documents sufficient to
10 | evidence Mattel's assessment of the BRATZ line of products.

11 | As to burden, Mattel has not attempted to demonstrate why responding
12 | to this request and/or producing responsive documents presents any burden.  This
13 | objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
14 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
15 | request is unduly burdensome must allege specific facts which indicate the nature
16 | and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
17 | it is not unduly burdensome, as noted above, in that the request is narrowly tailored
18 | to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a
19 | broad variety of unfair trade practices including serial copying of MGA products,
20 | including its BRATZ product line.  MGA is entitled to discovery on these claims.

21 | This request does not seek documents protected by the attorney-client
22 | privilege, the attorney work product doctrine, or other applicable privileges.  To the
23 | extent that Mattel contends that it does, Mattel must provide a privilege log.

24 | Mattel objects that the request contains confidential, proprietary and
25 | trade secret information.  A Protective Order exists in this case, obviating any
26 | concern as to protection of privacy rights and/or commercially sensitive
27 | information.

28 |

1    Mattel further objects to the use of the terms "assessment" and
2    "BRATZ line of products" as vague and ambiguous.  Mattel, however, fails to
3    provide any explanation as to why these term are vague or ambiguous.  In addition,
4    "[a] party responding to discovery requests 'should exercise reason and common
5    sense to attribute ordinary definitions to terms and phrases utilized in'" discovery.
6    Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 662 (D. Kan. 2004).

7    Mattel objects that the request is duplicative or subsumed within prior
8    requests but does not identify the allegedly duplicative requests.  Mattel's failure to
9    agree to produce responsive non-privileged documents is not proper based on this
10   objection.

11   Mattel's objection that this Request is an attempt to circumvent the
12   Discovery Master's May 22, 2007 order is unwarranted.  That order is inapposite to
13   this Request, which is much narrower than those considered irrelevant and/or
14   improper by the court.  This request is narrowly tailored to documents regarding one
15   specific topic, namely documents sufficient to evidence Mattel's assessment of
16   BRATZ line of products.

17   As for relevancy, Mattel has not attempted to demonstrate why the
18   information sought in response to this request is not relevant to and discoverable in
19   Phase 2.  On the contrary, MGA has alleged that Mattel has engaged in serial
20   copying of MGA's product lines, including the BRATZ product line, packaging,
21   themes, accessories, and advertising.  Mattel's "MY SCENE" is an example of one
22   such accused Mattel product line.  Documents related to Mattel's assessment of the
23   BRATZ line of products, that MGA alleges Mattel of copying, that are in Mattel's
24   possession, custody, or control, are highly relevant to MGA's claims and therefore
25   discoverable in Phase 2.

26   None of Mattel's improper objections are valid and Mattel is obligated
27   to produce all non-privileged responsive documents in its possession.

28

**MATTEL'S RESPONSE:**

This Request should be rejected for the same reasons as discussed in the May 22, 2007 Order.   There, the prior Discovery Master rejected requests seeking any documents "referring or relating to MGA, Lari an, Bratz, or MGA products," as overbroad because they were made without any limitation to "any other subject that is at issue in the case."[93]   This Request, with its undefined term "assessment," would when using its ordinary definition include exactly the same materials that made the prior Discovery Master reject the earlier requests.   It should be rejected in keeping with the prior Order.

The Discovery Master had good reason to do so.   MGA must establish that its discovery meets the relevance requirements of <u>Rule</u> 26(b)(1 ███████████

███████████████████████████

████████████████████████████████

███████████████████████████████████

██████████████████████████████████

██████████████████████████████

███████████████████████

████████████████████████████

██████████████████████████████████

---

[93]   May 22, 2007 Order at 14, 23-26, Dart Decl., Exh. 5.
[94]   <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
[95]   <u>See</u> Declaration of Lori Pantel in Support of Mattel, Inc.'s Opposition to MGA Entertainment, Inc.'s Motion to Compel Further Responses to MGA's First Set (footnote continued)

-85-
MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SIX)



of Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, dated August 6, 2009, at ¶ 8, Dart Decl., Exh. 31.

[96] Id. ¶ 10.

[97] Id.

[98] Id. at ¶ 7.

[99] Id.

[100] Id. at ¶11.

00505.07975/3121209.2

-86-

1  ██████████████████████████████████████████

2  ████████████████████████ [101]

3        MGA cannot and does not explain how **all** such documents can have

4  any bearing on any claim or defense in this action.  MGA has therefore made no

5  showing how this request is related to the claims and defenses in this case.  The

6  burden of gathering such documents would be prohibitive, especially given MGA's

7  complete failure to establish relevance.  "A trial court has a duty, of special

8  significance in lengthy and complex cases where the possibility of abuse is always

9  present, to supervise and limit discovery to protect parties and witnesses from

10  annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664

11  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

12  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

13  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

14  Discovery Master held, a party may not propound document requests as part of a

15  fishing expedition or to discover new claims.[102]  Rivera v. NIBCO, Inc., 364 F.3d

16  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

17  to engage in 'fishing expeditions.'").  MGA's motion should be rejected as to this

18  Request.

19        There is no basis for overruling Mattel's privilege objection.  MGA's bald

20  assertion that "this request does not seek information protected by the attorney-client

21  privilege, the attorney work product doctrine, or other applicable privileges" has no

22  merit.  These documents could very well be subject to a claim of privilege or work

23  product protection.  Moreover, as MGA has itself argued, the parties have agreed

24

25  [101] Id. ¶ 12, P. Moore Decl. ¶ 7, Dart Decl., Exh. 32.

26  [102] See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

28

00505.07975/3121209.2

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SIX)

1   that "all privileged documents would be logged except for documents created after

2   this action was filed on April 27, 2004."[103] Thus, to the extent privileged documents

3   fall within the post lawsuit time period, they need not be included on Mattel's log.

4           Finally, MGA failed to meet and confer at all, much less in good faith,

5   regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

6   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

7   the moving party shall first identify each dispute, state the relief sought and identify

8   the authority supporting the requested relief in a meet and confer letter that shall be

9   served on all parties by facsimile or electronic mail. The parties shall have five court

10  days from the date of service of that letter to conduct an in-person conference to

11  attempt to resolve the dispute.").  At no point during the meet and confer process did

12  the parties discuss this Request or Mattel's response to it.[104]  In order to engage in a

13  meaningful meet and confer, MGA had the burden to show the relevance of any

14  requests it sought to move on.[105]  Because MGA refused to even attempt to make

15  this showing, there was no possibility of a good faith meet and confer to resolve the

16  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

17  this Request on that grounds alone.

18  **REQUEST FOR PRODUCTION NO. 558:**

19          All DOCUMENTS relating to each disclosure, whether written or oral,

20  made to MATTEL by a MATTEL employee or independent contractor of

21  "Proprietary Subject Matter made or conceived during the term of [an employee's or

22

---

23  [103]   See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.

       [104]   See Webster Decl., ¶¶ 6-20.

26  [105]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

    1390794 at *1 (S.D. Cal. May 14, 2009).

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SIX)

1 independent contractor's] employment" as this phrase is used in MATTEL's

2 "Proprietary Information Checkout" form.

3 **RESPONSE TO REQUEST NO. 558:**

4         In addition to the general objections stated above which are

5 incorporated herein by reference, Mattel objects to this Request on the grounds that

6 it is overbroad, indecipherable, and unduly burdensome, including in that it seeks all

7 documents on this subject without limitation as to time, and regardless of whether

8 such documents relate to products or matters at issue in this case or time periods at

9 issue in this action.  Mattel further objects to this Request on the grounds that it

10 duplicates prior requests and is harassing.  Mattel further objects to the Request on

11 the grounds that it seeks documents that are not relevant to this action or likely to

12 lead to the discovery of admissible evidence.  Mattel further objects to this Request

13 on the grounds that it seeks confidential, proprietary and trade secret information,

14 including such information that has no bearing on the claims or defenses in this

15 case.  Mattel further objects on the grounds that this request is an attempt to

16 circumvent the Discovery Master's September 12, 2007 order determining the

17 requested documents are irrelevant and/or that such requests are improper.  Mattel

18 further objects to the Request on the grounds that Defendants have withdrawn all

19 defenses relating to the enforceability or unenforceability of Carter Bryant's

20 agreements with Mattel.  Mattel further objects to this Request on the grounds that it

21 calls for the disclosure of information subject to the attorney-client privilege, the

22 attorney work-product doctrine and other applicable privileges.

23         Based upon the foregoing, and without waiving the above general and

24 specific objections, Mattel states that other than those documents produced pursuant

25 to other requests, Mattel will not produce documents responsive to this Request.

26

27

28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper -- especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning disclosures made by Mattel employees or independent contractors of Proprietary Subject Matter made or conceived during the term of employment as this phrase is used in Mattel's own "Proprietary Information Checkout" form.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co.,

-90-

1   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2   request is unduly burdensome must allege specific facts which indicate the nature

3   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

4   it is not unduly burdensome, as noted above, in that the request is narrowly tailored

5   to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a

6   broad variety of unfair trade practices, including intimidating employees in order to

7   prevent MGA from fairly competing.  MGA is entitled to discovery on these claims.

8          Mattel objects that the request is duplicative or subsumed within prior

9   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

10  agree to produce responsive non-privileged documents is not proper based on this

11  objection.

12         Mattel objects that the request contains confidential, proprietary and

13  trade secret information.  A Protective Order exists in this case, obviating any

14  concern as to protection of privacy rights and/or commercially sensitive

15  information.

16         Mattel's objection that this Request is an attempt to circumvent the

17  Discovery Master's September 12, 2007 order is unwarranted, as this request seeks

18  documents related to disclosures made to Mattel by Mattel employees or

19  independent contractors pursuant to a specific Mattel document.

20         As for relevancy, Mattel has not attempted to demonstrate why the

21  information sought in response to this request is not relevant to and discoverable in

22  Phase 2.  On the contrary, MGA has alleged that Mattel has engaged in a broad

23  variety of unfair trade practices, including intimidating employees in order to

24  prevent MGA from fairly competing.  Documents related to employee disclosures in

25  response to Mattel's termination procedures are highly relevant to these claims and

26  therefore discoverable in Phase 2.

27

28

1    This request does not seek documents protected by the attorney-client

2 privilege, the attorney work product doctrine, or other applicable privileges.  To the

3 extent that Mattel contends that it does, Mattel must provide a privilege log.

4    None of Mattel's improper objections are valid and Mattel is obligated

5 to produce all non-privileged responsive documents in its possession.

6 **MATTEL'S RESPONSE:**

7    This request is similar—only far, far broader—to two Requests that

8 were rejected by the Discovery Master. The checkout form at issue here merely

9 quotes the inventions agreement, which requires Mattel's employees to notify

10 Mattel of any work they are doing while at Mattel.  By its terms, this Request thus

11 seeks all documents related to when Mattel's employees have ***complied*** with their

12 contracts with Mattel, including any update or progress report anyone has made at

13 Mattel at any time regarding the work that they are doing for Mattel at any given

14 moment.

15    MGA propounded two requests asking for "[a]ll DOCUMENTS

16 created after January 4, 1999 that evidence, relate or refer to any activities of any

17 current or former MATTEL employee performed, while such person was employed

18 by MATTEL, in connection with the conception, creation, design or development of

19 any [intellectual property or doll or toy] done for or at the request of any company,

20 entity or person other than MATTEL."[106]  The prior Discovery Master rejected these

21 Requests as overly broad and unduly burdensome, and held that even if Mattel were

22 to find such documents, they would be of marginal relevance at best.

23    Request Nos. 262 and 263 are overbroad. As written, these

24    requests would potentially require Mattel to review

25    documents relating to all of its many thousands of current

26

27

28

1         and former employees in order to find evidence that an

2         employee conceived, created, designed or developed any

3         intellectual property or doll or toy for [or] at the request of

4         any company or person other than Mattel.  Even if Mattel

5         succeeded in finding such documents, the burden and

6         expense of conducting such a search outweigh the likely

7         benefit of the documents. Therefore, MGA's motion is

8         denied as to Request Nos. 262 and 263.[107]

9  This Request would involve the same type of overbroad search as in those Requests,

10  only far broader, and would yield no greater benefit.  This Request should be

11  rejected in keeping with the prior Order.

12         Moreover, the prior Discovery Master had good reason for rejecting

13  these Requests. ███████████████████████

14  ███████████████████████████████████████

15  ██████████████████████████.[109]  Collectively,

16  Mattel's employees introduce more than 2,000 new toys each year.  MGA's Request

17  asks for documents related to each and every one of these products for every year

18  since Mattel's employees began signing a proprietary information checkout form.

19  In order to begin to respond to this Request Mattel would have to investigate and

20  review documents relating to *all* of its many thousands of current and former

21  employees -- including employees with job duties completely different from

22

23

---

24    [106]  <u>See</u> MGA's First Set of Requests for the Production of Documents and

25  Things, dated January 31, 2005 (9059, Set One), Dart Decl., Exh. 48.
      [107]  Discovery Master Order dated September 12, 2007, at 15, Dart Decl., Exh. 9.

26    [108]  Freed Depo. Tr., dated May 3, 2007, at 19:4-20, Webster Decl., Exh. 14.

27    [109]  Declaration of Michael T. Zeller in Support of Mattel, Inc.'s Opposition to
  MGA's Motion to Compel, dated July 17, 2007, at ¶ 41, Dart Decl., Exh. 44.

28

1  Bryant's and who worked in areas different from Bryant.  The expense and burden
2  of such a search would be very high.

3         At the same time, these requests seek completely irrelevant
4  information.  The only relevance MGA cites is to claim that it has "has alleged that
5  Mattel has engaged in a broad variety of unfair trade practices, including
6  intimidating employees in order to prevent MGA from fairly competing."  But it
7  provides no explanation for how Mattel's employees' updates on the work they are
8  doing for Mattel could have any bearing on these issues.  MGA's motion should
9  therefore be rejected as to this Request.

10        There is no basis for overruling Mattel's privilege objection.  MGA's
11 bald assertion that "this request does not seek information protected by the attorney-
12 client privilege, the attorney work product doctrine, or other applicable privileges"
13 has no merit.  Documents discussing compliance with Mattel's employee agreements
14 could very well be subject to a claim of privilege or work product protection.
15 Moreover, as MGA has itself argued, the parties have agreed that "all privileged
16 documents would be logged except for documents created after this action was filed
17 on April 27, 2004."[110]  Thus, to the extent privileged documents fall within the post
18 lawsuit time period, they need not be included on Mattel's log.

19        Finally, MGA failed to meet and confer at all, much less in good faith,
20 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
21 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
22 the moving party shall first identify each dispute, state the relief sought and identify
23 the authority supporting the requested relief in a meet and confer letter that shall be
24 served on all parties by facsimile or electronic mail. The parties shall have five court

25
26  [110]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.
28

1   days from the date of service of that letter to conduct an in-person conference to

2   attempt to resolve the dispute."). At no point during the meet and confer process did

3   the parties discuss this Request or Mattel's response to it.[111] In order to engage in a

4   meaningful meet and confer, MGA had the burden to show the relevance of any

5   requests it sought to move on.[112] Because MGA refused to even attempt to make

6   this showing, there was no possibility of a good faith meet and confer to resolve the

7   parties' disputes. The Discovery Master should deny MGA's motion with respect to

8   this Request on that grounds alone.

9   **REQUEST FOR PRODUCTION NO. 559:**

10          All DOCUMENTS relating to each COMMUNICATION, whether

11   written or oral, made to MATTEL by a MATTEL employee or independent

12   contractor of "inventions... conceived or reduced to practice by [an employee or

13   independent contractor] (along or jointly by others) at any time during [an

14   employee's or independent contractor's] employment by Mattel" as this phrase is

15   used in the Inventions Agreement.

16   **RESPONSE TO REQUEST NO. 559:**

17          In addition to the general objections stated above which are

18   incorporated herein by reference, Mattel objects to this Request on the grounds that

19   it is overbroad, indecipherable, and unduly burdensome, including in that it seeks all

20   documents on this subject without limitation as to time, and regardless of whether

21   such documents relate to products or matters at issue in this case or time periods at

22   issue in this action. Mattel further objects to this Request on the grounds that it

23   duplicates prior requests and is harassing. Mattel further objects to the Request on

24

25   [111]  See Webster Decl., ¶¶ 6-20.

26   [112]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27   bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1   the grounds that it seeks documents that are not relevant to this action or likely to

2   lead to the discovery of admissible evidence.  Mattel further objects to this Request

3   on the grounds that it seeks confidential, proprietary and trade secret information,

4   including such information that has no bearing on the claims or defenses in this

5   case.  Mattel further objects on the grounds that this request is an attempt to

6   circumvent the Discovery Master's September 12, 2007 order determining the

7   requested documents are irrelevant and/or that such requests are improper.  Mattel

8   further objects to the Request on the grounds that Defendants have withdrawn all

9   defenses relating to the enforceability or unenforceability of Carter Bryant's

10  agreements with Mattel.  Mattel further objects to this Request on the grounds that it

11  calls for the disclosure of information subject to the attorney-client privilege, the

12  attorney work-product doctrine and other applicable privileges.

13           Based upon the foregoing, and without waiving the above general and

14  specific objections, Mattel states that other than those documents produced pursuant

15  to other requests, Mattel will not produce documents responsive to this Request.

16  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

17  **TO SHOULD BE COMPELLED**

18           Mattel has not agreed to produce documents in response to this request,

19  based on its improper boilerplate objections.  Mattel has refused to confirm whether

20  or not it has produced all non-privileged responsive documents or whether it is

21  withholding documents based on its objections in Phase 2.  Under the Federal Rules

22  of Civil Procedure, "an objection to part of a request must specify the part and

23  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

24  fail to explain the basis for an objection with specificity are routinely rejected in the

25  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

26  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

27  harassing' are improper – especially when a party fails to submit any evidentiary

28  declarations supporting such objections").  Accordingly, Mattel must be compelled

1  either to certify that it has produced all non-privileged responsive documents or to

2  produce all such documents by a date certain.

3         To the extent that Mattel is relying on its blanket objections, they are

4  not sustainable and do not justify Mattel's failure to produce documents.

5         As to overbreadth, Mattel provides no explanation, let alone the

6  required particularity, as to *why* this request is supposedly overly broad, nor can it

7  do so.

8         This objection is therefore improper.  Order No. 17, dated April 14,

9  2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.  Ex.

10  58.  To the contrary, the request is narrowly tailored to seek documents concerning

11  communications made to Mattel by its employees or independent contractors of

12  "inventions...  conceived or reduced to practice by [an employee or independent

13  contractor] (along or jointly by others) at any time during [an employee's or

14  independent contractor's] employment by Mattel" as this phrase is used in the

15  Inventions Agreement.

16         As to burden, Mattel has not attempted to demonstrate why responding

17  to this request and/or producing responsive documents presents any burden.  This

18  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

19  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20  request is unduly burdensome must allege specific facts which indicate the nature

21  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

22  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

23  to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a

24  broad variety of unfair trade practices, including intimidating employees in order to

25  prevent MGA from fairly competing.  MGA is entitled to discovery on these claims.

26         Mattel objects that the request is duplicative or subsumed within prior

27  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

28

-97-

1   agree to produce responsive non-privileged documents is not proper based on this
2   objection.

3      Mattel objects that the request contains confidential, proprietary and
4   trade secret information.  A Protective Order exists in this case, obviating any
5   concern as to protection of privacy rights and/or commercially sensitive
6   information.

7      Mattel's objection that this Request is an attempt to circumvent the
8   Discovery Master's September 12, 2007 order is unwarranted, as this request seeks
9   documents related to disclosures made to Mattel by Mattel employees or
10  independent contractors pursuant to a specific Mattel document.

11     As for relevancy, Mattel has not attempted to demonstrate why the
12  information sought in response to this request is not relevant to and discoverable in
13  Phase 2.  On the contrary, MGA has alleged that Mattel has engaged in a broad
14  variety of unfair trade practices, including intimidating employees in order to
15  prevent MGA from fairly competing.  Documents related to employee disclosures in
16  response to Mattel's employment procedures are highly relevant to these claims and
17  therefore discoverable in Phase 2.

18     This request does not seek documents protected by the attorney-client
19  privilege, the attorney work product doctrine, or other applicable privileges.  To the
20  extent that Mattel contends that it does, Mattel must provide a privilege log.

21     None of Mattel's improper objections are valid and Mattel is obligated
22  to produce all non-privileged responsive documents in its possession.

23  **MATTEL'S RESPONSE:**

24     This request is similar—only far, far broader—to two Requests that
25  were rejected by the Discovery Master. By its terms, this Request seeks all
26  documents related to when Mattel's employees have ***complied*** with their contracts
27  with Mattel, including any update or progress report anyone has made at Mattel at
28  any time regarding the work that they are doing for Mattel at any given moment.

1     MGA propounded two requests asking for "[a]ll DOCUMENTS
2   created after January 4, 1999 that evidence, relate or refer to any activities of any
3   current or former MATTEL employee performed, while such person was employed
4   by MATTEL, in connection with the conception, creation, design or development of
5   any [intellectual property or doll or toy] done for or at the request of any company,
6   entity or person other than MATTEL."[113]   The prior Discovery Master rejected these
7   Requests as overly broad and unduly burdensome, and held that even if Mattel were
8   to find such documents, they would be of marginal relevance at best.

9               Request Nos. 262 and 263 are overbroad. As written, these
10              requests would potentially require Mattel to review
11              documents relating to all of its many thousands of current
12              and former employees in order to find evidence that an
13              employee conceived, created, designed or developed any
14              intellectual property or doll or toy for [or] at the request of
15              any company or person other than  Mattel.  Even if Mattel
16              succeeded in finding such documents, the burden and
17              expense of conducting such a search outweigh the likely
18              benefit of the documents. Therefore, MGA's motion is
19              denied as to Request Nos. 262 and 263.[114]

20   This Request would involve the same type of overbroad search as in those Requests,
21   only far broader, and would yield no greater benefit.  This Request should be
22   rejected in keeping with the prior Order.

23               Moreover, the prior Discovery Master had good reason for rejecting
24   these Requests. ████████████████████████████

25   _____

26   [113]   See MGA's First Set of Requests for the Production of Documents and
27   Things, dated January 31, 2005 (9059, Set One), Dart Decl., Exh. 48.
     [114]   Discovery Master Order dated September 12, 2007, at 15, Dart Decl., Exh. 9.
28

1 ████████████████████████████████████████████████

2 ████████████████████████████████████████.[116] Collectively,

3 Mattel's employees introduce more than 2,000 new toys each year. MGA's Request

4 asks for documents related to each and every one of these products for every year

5 since Mattel's employees began signing an inventions agreement. In order to begin

6 to respond to this Request Mattel would have to investigate and review documents

7 relating to *all* of its many thousands of current and former employees -- including

8 employees with job duties completely different from Bryant's and who worked in

9 areas different from Bryant. The expense and burden of such a search would be

10 very high.

11         At the same time, these requests seek completely irrelevant

12 information. The only relevance MGA cites is to claim that it "has alleged that

13 Mattel has engaged in a broad variety of unfair trade practices, including

14 intimidating employees in order to prevent MGA from fairly competing." But it

15 provides no explanation for how Mattel's employees' updates on the work they are

16 doing for Mattel could have any bearing on these issues. MGA's motion should

17 therefore be rejected as to this Request.

18         There is no basis for overruling Mattel's privilege objection. MGA's

19 bald assertion that "this request does not seek information protected by the attorney-

20 client privilege, the attorney work product doctrine, or other applicable privileges"

21 has no merit. Documents discussing compliance with Mattel's employee agreements

22 could very well be subject to a claim of privilege or work product protection.

23 Moreover, as MGA has itself argued, the parties have agreed that "all privileged

24 documents would be logged except for documents created after this action was filed

25

26  [115]   Freed Depo. Tr., dated May 3, 2007, at 19:4-20, Webster Decl., Exh. 14.

27  [116]   Declaration of Michael T. Zeller in Support of Mattel, Inc.'s Opposition to
MGA's Motion to Compel, dated July 17, 2007, at ¶ 41, Dart Decl., Exh. 44.

28

—

1 on April 27, 2004."[117]  Thus, to the extent privileged documents fall within the post

2 lawsuit time period, they need not be included on Mattel's log.

3         Finally, MGA failed to meet and confer at all, much less in good faith,

4 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

5 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6 the moving party shall first identify each dispute, state the relief sought and identify

7 the authority supporting the requested relief in a meet and confer letter that shall be

8 served on all parties by facsimile or electronic mail. The parties shall have five court

9 days from the date of service of that letter to conduct an in-person conference to

10 attempt to resolve the dispute.").  At no point during the meet and confer process did

11 the parties discuss this Request or Mattel's response to it.[118]  In order to engage in a

12 meaningful meet and confer, MGA had the burden to show the relevance of any

13 requests it sought to move on.[119]  Because MGA refused to even attempt to make

14 this showing, there was no possibility of a good faith meet and confer to resolve the

15 parties' disputes.  The Discovery Master should deny MGA's motion with respect to

16 this Request on that grounds alone.

17 **REQUEST FOR PRODUCTION NO. 560:**

18         DOCUMENTS sufficient to evidence the identity of the MATTEL

19 officers, officials, or other designees to whom disclosures were made or were

20 designated to be made by MATTEL employees and/or independent contractors of

21 "Proprietary Subject Matter made or conceived during the term of [an employee's or

22

---

23   [117]   See Order Denying Mattel's Motion for Protective Order Limiting the
24 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
25 3.
       [118]   See Webster Decl., ¶¶ 6-20.
26   [119]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27 bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
   1390794 at *1 (S.D. Cal. May 14, 2009).
28

1  independent contractor's] employment" as this phrase is used in MATTEL's

2  "Proprietary Information Checkout" form.

3  **RESPONSE TO REQUEST NO. 560:**

4          In addition to the general objections stated above which are

5  incorporated herein by reference, Mattel objects to this Request on the grounds that

6  it is overbroad, indecipherable, and unduly burdensome, including in that it seeks all

7  documents on this subject without limitation as to time, and regardless of whether

8  such documents relate to products or matters at issue in this case or time periods at

9  issue in this action.  Mattel further objects to the Request on the grounds that it

10 seeks documents that are not relevant to this action or likely to lead to the discovery

11 of admissible evidence.  Mattel further objects on the grounds that this request is an

12 attempt to circumvent the Discovery Master's September 12, 2007 order determining

13 the requested documents are irrelevant and/or that such requests are improper.

14 Mattel further objects to the Request on the grounds that Defendants have

15 withdrawn all defenses relating to the enforceability or unenforceability of Carter

16 Bryant's agreements with Mattel.  Mattel further objects to this Request on the

17 grounds that it calls for the disclosure of information subject to the attorney-client

18 privilege, the attorney work-product doctrine and other applicable privileges.

19         Based upon the foregoing, and without waiving the above general and

20 specific objections, Mattel states that other than those documents produced pursuant

21 to other requests, Mattel will not produce documents responsive to this Request.

22 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

23 **TO SHOULD BE COMPELLED**

24         Mattel has not agreed to produce documents in response to this request,

25 based on its improper boilerplate objections.  Mattel has refused to confirm whether

26 or not it has produced all non-privileged responsive documents or whether it is

27 withholding documents based on its objections in Phase 2.  Under the Federal Rules

28 of Civil Procedure, "an objection to part of a request must specify the part and

permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.  Ex.  58.  To the contrary, the request is narrowly tailored to seek documents concerning the identity of the Mattel officers, officials, or other designees designated by Mattel to receive disclosures by Mattel employees and/or independent contractors of "Proprietary Subject Matter made or conceived during the term of [an employee's or independent contractor's] employment" as this phrase is used in Mattel's "Proprietary Information Checkout" form.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a

-103-

1  broad variety of unfair trade practices, including intimidating employees in order to
2  prevent MGA from fairly competing.  MGA is entitled to discovery on these claims.
3        Mattel's objection that this Request is an attempt to circumvent the
4  Discovery Master's September 12, 2007 order is unwarranted, as this request seeks
5  documents related to the identity of officials designated by Mattel to receive specific
6  disclosures made pursuant to a specific Mattel document from Mattel employees
7  and/or independent contractors.
8        As for relevancy, Mattel has not attempted to demonstrate why the
9  information sought in response to this request is not relevant to and discoverable in
10  Phase 2.  On the contrary, MGA has alleged that Mattel has engaged in a broad
11  variety of unfair trade practices, including intimidating employees in order to
12  prevent MGA from fairly competing.  Documents related to employee disclosures in
13  response to Mattel's termination procedures are highly relevant to these claims and
14  therefore discoverable in Phase 2.
15        This request does not seek documents protected by the attorney-client
16  privilege, the attorney work product doctrine, or other applicable privileges.  To the
17  extent that Mattel contends that it does, Mattel must provide a privilege log.
18        None of Mattel's improper objections are valid and Mattel is obligated
19  to produce all non-privileged responsive documents in its possession.
20  **MATTEL'S RESPONSE:**
21        This request is similar—only far, far broader—to two Requests that
22  were rejected by the Discovery Master. The checkout form at issue here merely
23  quotes the inventions agreement, which requires Mattel's employees to notify
24  Mattel of any work they are doing while at Mattel.  By its terms, this Request thus
25  seeks documents to identify all Mattel employees to whom others have given any
26  update or progress report at any time regarding the work that they are doing for
27  Mattel at any given moment.
28

00505.07975/3121209.2

-104-

1          MGA propounded two requests asking for "[a]ll DOCUMENTS

2  created after January 4, 1999 that evidence, relate or refer to any activities of any

3  current or former MATTEL employee performed, while such person was employed

4  by MATTEL, in connection with the conception, creation, design or development of

5  any [intellectual property or doll or toy] done for or at the request of any company,

6  entity or person other than MATTEL."[120]  The prior Discovery Master rejected these

7  Requests as overly broad and unduly burdensome, and held that even if Mattel were

8  to find such documents, they would be of marginal relevance at best.

9          Request Nos. 262 and 263 are overbroad. As written, these

10         requests would potentially require Mattel to review

11         documents relating to all of its many thousands of current

12         and former employees in order to find evidence that an

13         employee conceived, created, designed or developed any

14         intellectual property or doll or toy for [or] at the request of

15         any company or person other than Mattel.  Even if Mattel

16         succeeded in finding such documents, the burden and

17         expense of conducting such a search outweigh the likely

18         benefit of the documents. Therefore, MGA's motion is

19         denied as to Request Nos. 262 and 263.[121]

20  This Request would involve the same type of overbroad search as in those Requests,

21  only far broader, and would yield no greater benefit.  This Request should be

22  rejected in keeping with the prior Order.

23          Moreover, the prior Discovery Master had good reason for rejecting

24  these Requests. ███████████████████████████████

25

26  [120]  See MGA's First Set of Requests for the Production of Documents and
Things, dated January 31, 2005 (9059, Set One), Dart Decl., Exh. 48.

27  [121]  Discovery Master Order dated September 12, 2007, at 15, Dart Decl., Exh. 9.

28

██████████████████████████████████████████████

█████████████████████████████████████[123]  Collectively,

Mattel's employees introduce more than 2,000 new toys each year.  MGA's Request

asks for documents related to each and every one of these products for every year

since Mattel's employees began signing a proprietary information checkout form.

In order to begin to respond to this Request Mattel would have to investigate and

review documents relating to *all* of its many thousands of current and former

employees -- including employees with job duties completely different from

Bryant's and who worked in areas different from Bryant.  The expense and burden

of such a search would be very high.

At the same time, these requests seek completely irrelevant

information.  The only relevance MGA cites is to claim that it has "has alleged that

Mattel has engaged in a broad variety of unfair trade practices, including

intimidating employees in order to prevent MGA from fairly competing."  But it

provides no explanation for how Mattel's employees' updates on the work they are

doing for Mattel could have any bearing on these issues.  MGA's motion should

therefore be rejected as to this Request.

There is no basis for overruling Mattel's privilege objection.  MGA's

bald assertion that "this request does not seek information protected by the attorney-

client privilege, the attorney work product doctrine, or other applicable privileges"

has no merit.  Documents discussing compliance with Mattel's employee agreements

could very well be subject to a claim of privilege or work product protection.

Moreover, as MGA has itself argued, the parties have agreed that "all privileged

documents would be logged except for documents created after this action was filed

---

[122]   Freed Depo. Tr., dated May 3, 2007, at 19:4-20, Webster Decl., Exh. 14.
[123]   Declaration of Michael T. Zeller in Support of Mattel, Inc.'s Opposition to
MGA's Motion to Compel, dated July 17, 2007, at ¶ 41, Dart Decl., Exh. 44.

1 | on April 27, 2004."[124]  Thus, to the extent privileged documents fall within the post

2 | lawsuit time period, they need not be included on Mattel's log.

3 |        Finally, MGA failed to meet and confer at all, much less in good faith,

4 | regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master

5 | Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6 | the moving party shall first identify each dispute, state the relief sought and identify

7 | the authority supporting the requested relief in a meet and confer letter that shall be

8 | served on all parties by facsimile or electronic mail. The parties shall have five court

9 | days from the date of service of that letter to conduct an in-person conference to

10 | attempt to resolve the dispute.").  At no point during the meet and confer process did

11 | the parties discuss this Request or Mattel's response to it.[125]  In order to engage in a

12 | meaningful meet and confer, MGA had the burden to show the relevance of any

13 | requests it sought to move on.[126]  Because MGA refused to even attempt to make

14 | this showing, there was no possibility of a good faith meet and confer to resolve the

15 | parties' disputes.  The Discovery Master should deny MGA's motion with respect to

16 | this Request on that grounds alone.

17 | **REQUEST FOR PRODUCTION NO. 563:**

18 |        DOCUMENTS sufficient to show all records of sales figures, revenues

19 | and profits pertaining to BARBIE from January 1, 1990 to the present.

20 |

21 |

22 |

---

23 | [124]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the

24 | Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25 | 3.
  [125]  <u>See</u> Webster Decl., ¶¶ 6-20.

26 | [126]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27 | bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL

    1390794 at *1 (S.D. Cal. May 14, 2009).

28 |

**RESPONSE TO REQUEST NO. 563:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. The Request appears to attempt to obtain documents relating to thousands of products over the course of almost two decades that have no bearing on this case, and is apparently designed only to harass Mattel. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the grounds that this Request is an attempt to circumvent the Discovery Master's April 19, 2007 and May 22, 2007 orders determining the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the

-108-

1  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

2  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

3  harassing' are improper – especially when a party fails to submit any evidentiary

4  declarations supporting such objections").  Accordingly, Mattel must be compelled

5  either to certify that it has produced all non-privileged responsive documents or to

6  produce all such documents by a date certain.

7       To the extent that Mattel is relying on its blanket objections, they are

8  not sustainable and do not justify Mattel's failure to produce documents.

9       As to overbreadth, Mattel provides no explanation, let alone the

10  required particularity, as to *why* this request is supposedly overly broad, nor can it

11  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

12  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To

13  the contrary, the request is narrowly tailored to seek documents concerning records

14  of sales figures, revenues and profits pertaining to BARBIE.

15       As to burden and harassment, Mattel has not attempted to demonstrate

16  why responding to this request and/or producing responsive documents presents any

17  burden.  This objection must therefore be rejected.  See Jackson v. Montgomery

18  Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that

19  a discovery request is unduly burdensome must allege specific facts which indicate

20  the nature and extent of the burden, usually by affidavit or other reliable evidence.")

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23  has engaged in a broad variety of unfair trade practices, from serial copying of

24  MGA products, to threatening retailers and suppliers to cease doing business with

25  MGA, to intimidating employees in order to prevent MGA from fairly competing,

26  and MGA has alleged that Mattel's motive for undertake these illegal acts was to

27  reverse BARBIE's declining sales and market share.  MGA is entitled to discovery

28  on these claims.

1    Mattel's objection that this Request is an attempt to circumvent the
2    Discovery Master's April 19, 2007 and May 22, 2007 orders is unwarranted.  Those
3    orders are inapposite to this Request, which is much narrower than those considered
4    irrelevant and/or improper by the court.  This request is narrowly tailored documents
5    showing sales figures, revenues and profits for Barbie, which is directly relevant to
6    MGA's theory that Mattel engaged in various unfair trade practices in response to
7    Barbie's declining sales and market share.
8    As for relevancy, Mattel has not attempted to demonstrate why
9    responding to this request and/or producing responsive documents is irrelevant to
10   the present action.  On the contrary, MGA has alleged that Mattel is engaged in
11   copying of MGA products.  It seeks to enjoin Mattel from using confusingly similar
12   trade dress, improperly influencing standard-setting and industry organizations,
13   engaging in unfair competition and unfair business practices and diluting MGA's
14   trade dress.  It also seeks damages and profits derived by Mattel for its acts of false
15   designation of origin or affiliation, unfair competition and unfair business practices
16   and dilution.  Also, Mattel's prayer for relief is extremely, and overly, broad.
17   Because Mattel's pleadings seek such broad relief, MGA is entitled to extremely
18   broad discovery on these issues.  A request for seeking documents relating to profits
19   and revenues from BARBIE is therefore relevant to this action and MGA's claims
20   and defenses.
21   Mattel objects that the request contains confidential, proprietary and
22   trade secret information.  A Protective Order exists in this case, obviating any
23   concern as to protection of privacy rights and/or commercially sensitive
24   information.
25   This request does not seek documents protected by the attorney-client
26   privilege, the attorney work product doctrine, or other applicable privileges.  To the
27   extent that Mattel contends that it does, Mattel must provide a privilege log.
28

00505.07975/3121209.2

-110-

1    None of Mattel's improper objections are valid and Mattel is obligated

2  to produce all non-privileged responsive documents in its possession.

3  **MATTEL'S RESPONSE:**

4    Mattel has already produced detailed sales, revenue and profit

5  information for the BARBIE line from 1998 to 2008.[127]  MGA does not and cannot

6  show that it is entitled to such information dating all the way back to 1990.  Indeed,

7  the only relevance argument MGA makes is to claim that this information "is

8  directly relevant to MGA's theory that Mattel engaged in various unfair trade

9  practices in response to Barbie's declining sales and market share."  The information

10  already produced by Mattel pre-dates the earliest allegations in MGA's complaint by

11  several years.  MGA does not and cannot provide any basis for putting Mattel to the

12  burden of  producing another eight years' worth of sales, revenue and profit

13  information.

14    There is no basis for overruling Mattel's privilege objection.  MGA's

15  bald assertion that "this request does not seek information protected by the attorney-

16  client privilege, the attorney work product doctrine, or other applicable privileges"

17  has no merit.  These documents could very well be subject to a claim of privilege or

18  work product protection.  Moreover, as MGA has itself argued, the parties have

19  agreed that "all privileged documents would be logged except for documents created

20  after this action was filed on April 27, 2004."[128]  Thus, to the extent privileged

21  documents fall within the post lawsuit time period, they need not be included on

22  Mattel's log.

23

24

25  [127]   Webster Dec., ¶ 26.

26  [128]   See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1     Finally, MGA failed to meet and confer at all, much less in good faith,

2  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4  the moving party shall first identify each dispute, state the relief sought and identify

5  the authority supporting the requested relief in a meet and confer letter that shall be

6  served on all parties by facsimile or electronic mail. The parties shall have five court

7  days from the date of service of that letter to conduct an in-person conference to

8  attempt to resolve the dispute.").  At no point during the meet and confer process did

9  the parties discuss this Request or Mattel's response to it.[129]  In order to engage in a

10  meaningful meet and confer, MGA had the burden to show the relevance of any

11  requests it sought to move on.[130]   Because MGA refused to even attempt to make

12  this showing, there was no possibility of a good faith meet and confer to resolve the

13  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

14  this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 564:**

16     All DOCUMENTS REFERRING OR RELATING TO YOUR profits,

17  including, but not limited to, gross profits and gross margins, from the sale of each

18  MY SCENE DOLL sold by YOU or YOUR licensees.

19  **RESPONSE TO REQUEST NO. 564:**

20     In addition to the general objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it is overbroad and unduly burdensome, including in that it seeks all documents on

23  this subject without limitation as to time, and regardless of whether such documents

24

25  [129]   See Webster Decl., ¶¶ 6-20.
26  [130]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
   1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  relate to products or matters at issue in this case.  Mattel further objects to the
2  Request on the grounds that it seeks documents that are not relevant to this action or
3  likely to lead to the discovery of admissible evidence.  Mattel further objects to this
4  Request on the grounds that it seeks confidential, proprietary and trade secret
5  information, including such information that has no bearing on the claims or
6  defenses in this case.  Mattel further objects to this Request on the grounds that it is
7  premature in that it seeks to circumvent the expert disclosure provisions of the
8  Federal and Local Rules.  Matters of expert testimony shall be disclosed at the time
9  and in the manner called for by the Rules and the Court's Orders.  Mattel further
10  objects to this Request on the grounds that it calls for the disclosure of information
11  subject to the attorney-client privilege, the attorney work-product doctrine and other
12  applicable privileges.
13          Subject to and without waiving the foregoing objections, Mattel
14  responds as follows: Mattel will produce responsive, non-privileged documents
15  sufficient to show profits from the sale of MY SCENE dolls.

16  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
17  **TO SHOULD BE COMPELLED**

18          Mattel improperly limits its agreement to produce to "documents
19  sufficient to show profits," subject to its improper boilerplate objections.  Mattel has
20  refused to confirm whether or not it has produced all non-privileged responsive
21  documents or whether it is withholding documents based on its objections in Phase
22  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
23  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).
24  Generic objections that fail to explain the basis for an objection with specificity are
25  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
26  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
27  'overly burdensome and harassing' are improper – especially when a party fails to
28  submit any evidentiary declarations supporting such objections").  Accordingly,

1   Mattel must be compelled either to certify that it has produced all non-privileged

2   responsive documents or to produce all such documents by a date certain.

3          To the extent that Mattel is relying on its blanket objections, they are

4   not sustainable and do not justify Mattel's failure to produce documents.

5          As to overbreadth, Mattel provides no explanation, let alone the

6   required particularity, as to *why* this request is supposedly overly broad, nor can it

7   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

8   20 (overruling objections not stated with specificity), Rutowski Decl.  Ex.  58.  To

9   the contrary, the request is narrowly tailored to seek documents concerning profits

10  of a Mattel product that is central to the claims and defenses in Phase 2.

11         As to burden, Mattel has not attempted to demonstrate why responding

12  to this request and/or producing responsive documents presents any burden.  This

13  objection must therefore be rejected.  See <u>Jackson v. Montgomery Ward & Co., Inc.,</u>

14  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15  request is unduly burdensome must allege specific facts which indicate the nature

16  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

17  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

18  to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a

19  broad variety of unfair trade practices, from serial copying of MGA products, to

20  threatening retailers and suppliers to cease doing business with MGA, to

21  intimidating employees in order to prevent MGA from fairly competing.

22         MGA is entitled to discovery on these claims, its defenses, and both

23  parties' damages theories.

24         As for relevancy, Mattel has not attempted to demonstrate why

25  responding to this request and/or producing responsive documents is irrelevant to

26  the present action.  On the contrary, MGA has alleged that Mattel is engaged in

27  copying of MGA products.  It seeks to enjoin Mattel from using confusingly similar

28  trade dress, improperly influencing standard-setting and industry organizations,

1   engaging in unfair competition and unfair business practices and diluting MGA's
2   trade dress.  It also seeks damages and profits derived by Mattel for its acts of false
3   designation of origin or affiliation, unfair competition and unfair business practices
4   and dilution.  Also, Mattel's prayer for relief is extremely, and overly, broad.
5   Because Mattel's pleadings seek such broad relief, MGA is entitled to extremely
6   broad discovery on these issues.  A request for seeking documents relating to profits
7   and revenues from MY SCENE products is therefore relevant to this action and
8   MGA's claims and defenses.

9           Mattel objects that the request contains confidential, proprietary and
10   trade secret information.  A Protective Order exists in this case, obviating any
11   concern as to protection of privacy rights and/or commercially sensitive
12   information.

13           This request does not seek documents protected by the attorney-client
14   privilege, the attorney work product doctrine, or other applicable privileges.  To the
15   extent that Mattel contends that it does, Mattel must provide a privilege log.

16           None of Mattel's improper objections are valid and Mattel is obligated
17   to produce all non-privileged responsive documents in its possession.

18   **MATTEL'S RESPONSE:**

19           MGA objects to Mattel's limitation that it will produce documents
20   "sufficient to show profits from the sale of MY SCENE dolls," but it provides no
21   argument as to why this limitation is inappropriate.  Indeed, there would simply be
22   no purpose in requiring Mattel to search for and produce each of these documents,
23   when MGA already has been provided the information it needs.  MGA provides no
24   argument on the subject, instead unilaterally claiming that Mattel is required to
25   respond to the request as originally drafted, despite simultaneously acknowledging
26   that a party may object "to part of a request [and] permit inspection of the rest."
27   MGA's objection to Mattel's limitation is thus without merit.

28

1    Further, contrary to MGA's statement that Mattel will not confirm that

2 it has produced non-privileged documents, if MGA had met and conferred on these

3 issues, it would have learned that Mattel has already produced relevant non-

4 privileged documents responsive to this Request.  Indeed, to date Mattel has already

5 produced over 350,000 pages regarding MY SCENE, without limitation by theme or

6 doll, including documents related to its design and development, packaging,

7 advertising, marketing, testing, themes, sales planning, manufacturing and

8 production, among others.[131]  These documents include detailed profit and loss

9 information for each MY SCENE product sold by Mattel through 2008 as well as

10 MY SCENE licensing revenues and profits.[132]  MGA has not provided any basis for

11 asserting that this production is incomplete or that the information provided is

12 otherwise inadequate.  MGA's motion to compel responses to this Request should

13 therefore be denied as moot.

14    There is no basis for overruling Mattel's privilege objection.  MGA's

15 bald assertion that "this request does not seek information protected by the attorney-

16 client privilege, the attorney work product doctrine, or other applicable privileges"

17 has no merit.  These documents could very well be subject to a claim of privilege or

18 work product protection.  Moreover, as MGA has itself argued, the parties have

19 agreed that "all privileged documents would be logged except for documents created

20 after this action was filed on April 27, 2004."[133]  Thus, to the extent privileged

21 documents fall within the post lawsuit time period, they need not be included on

22 Mattel's log.

23

24

25 [131] Webster Decl., ¶ 24.

 [132] Webster Dec., ¶ 26.

26 [133] <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
 3.

28

1    Similarly, despite the Parties' prior agreement on the scope of this

2  Request, MGA states that "Mattel has not attempted to demonstrate why responding

3  to this request and/or producing responsive documents presents any burden." Yet,

4  as MGA knows, the Discovery Master has already placed limits on the searches

5  Mattel must make in producing documents, and this objection is only meant to

6  invoke those issues that have already been settled.  <u>See, e.g.</u>, Order Denying MGA's

7  Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

8  outstanding emails, holding that Mattel has produced all relevant emails and does

9  not need to consult back-up tapes to complete its production).  MGA should not be

10  permitted to circumvent prior Orders by seeking to overrule Mattel's objections

11  here.

12    Finally, MGA failed to meet and confer at all, much less in good faith,

13  regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master

14  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15  the moving party shall first identify each dispute, state the relief sought and identify

16  the authority supporting the requested relief in a meet and confer letter that shall be

17  served on all parties by facsimile or electronic mail. The parties shall have five court

18  days from the date of service of that letter to conduct an in-person conference to

19  attempt to resolve the dispute.").  At no point during the meet and confer process did

20  the parties discuss this Request or Mattel's response to it.[134]  In order to engage in a

21  meaningful meet and confer, MGA had the burden to show the relevance of any

22  requests it sought to move on.[135]  Because MGA refused to even attempt to make

23  this showing, there was no possibility of a good faith meet and confer to resolve the

24

25  [134]  <u>See</u> Webster Decl., ¶¶ 6-20.

26  [135]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

2  this Request on that grounds alone.

3  **REQUEST FOR PRODUCTION NO. 565:**

4        YOUR general ledgers from January 1, 1995 through the present.

5  **RESPONSE TO REQUEST NO. 565:**

6        In addition to the general objections stated above which are

7  incorporated herein by reference, Mattel objects to this Request on the grounds that

8  it is overbroad and unduly burdensome, and seeks documents relating to products

9  and matters that are not at issue in this case.  Mattel further objects to the Request on

10  the grounds that it seeks documents that are not relevant to this action or likely to

11  lead to the discovery of admissible evidence.  Mattel further objects to this Request

12  on the grounds that it seeks confidential, proprietary and trade secret information,

13  including such information that has no bearing on the claims or defenses in this

14  case.

15  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

16  **TO SHOULD BE COMPELLED**

17        Mattel has improperly limited its agreement to produce documents in

18  response to this request, subject to its improper boilerplate objections.  Mattel has

19  refused to confirm whether or not it has produced all non-privileged responsive

20  documents or whether it is withholding documents based on its objections in Phase

21  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

22  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

23  Generic objections that fail to explain the basis for an objection with specificity are

24  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

25  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

26  'overly burdensome and harassing' are improper – especially when a party fails to

27  submit any evidentiary declarations supporting such objections").  Accordingly,

28

1   Mattel must be compelled either to certify that it has produced all non-privileged

2   responsive documents or to produce all such documents by a date certain.

3          To the extent that Mattel is relying on its blanket objections, they are

4   not sustainable and do not justify Mattel's failure to produce documents.

5          As to overbreadth, Mattel provides no explanation, let alone the

6   required particularity, as to *why* this request is supposedly overly broad, nor can it

7   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

8   20 (overruling objections not stated with specificity), Rutowski Decl.  Ex.  58.  To

9   the contrary, the request is narrowly tailored to seek Mattel's general ledgers from

10  January 1, 1995 through to the present date.

11         As to burden, Mattel has not attempted to demonstrate why responding

12  to this request and/or producing responsive documents presents any burden.  This

13  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

14  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15  request is unduly burdensome must allege specific facts which indicate the nature

16  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

17  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

18  to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a

19  broad variety of unfair trade practices including serial copying of MGA products.

20  MGA is entitled to discovery on these claims.

21         As for relevancy, Mattel has not attempted to demonstrate why

22  responding to this request and/or producing responsive documents is irrelevant to

23  the present action.  On the contrary, MGA has alleged that Mattel is engaged in

24  copying of MGA products.  It seeks to enjoin Mattel from using confusingly similar

25  trade dress, improperly influencing standard-setting and industry organizations,

26  engaging in unfair competition and unfair business practices and diluting MGA's

27  trade dress.  It also seeks damages and profits derived by Mattel for its acts of false

28  designation of origin or affiliation, unfair competition and unfair business practices

1  and dilution.  A request for Mattel's general ledgers from January 1, 1995 to the

2  present date is therefore relevant to this action and MGA's claims.

3            Mattel objects that the request contains confidential, proprietary, and

4  trade secret information.  A Protective Order exists in this case, obviating any

5  concern as to protection of privacy rights and/or commercially sensitive

6  information.

7            None of Mattel's improper objections are valid and Mattel is obligated

8  to produce all non-privileged responsive documents in its possession.

9  **MATTEL'S RESPONSE:**

10           Mattel's general ledgers contain information regarding *all* of its

11  receipts and payments, in connection with every aspect of its business.  MGA fails

12  to explain how such information dating back to 1995 is narrowly tailored to the

13  claims and defenses at issue in this case.  Indeed, MGA's only statement of

14  relevance is to note that it has brought claims for trade dress and unfair business

15  practices, but the Request at issue seeks information as far back as 1995, long before

16  any of the allegations made in MGA's complaint.  MGA has therefore made no

17  showing how this request is related to the claims and defenses in this case.  "A trial

18  court has a duty, of special significance in lengthy and complex cases where the

19  possibility of abuse is always present, to supervise and limit discovery to protect

20  parties and witnesses from annoyance and excessive expense." Dolgow v.

21  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

22  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

23  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

24  (same).  As the previous Discovery Master held, a party may not propound

25

26

27

28

1    document requests as part of a fishing expedition or to discover new claims.[136]

2    <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

3    not condone the use of discovery to engage in 'fishing expeditions.'").  MGA's

4    motion should be rejected as to this Request.

5              In any event, Mattel has already produced detailed profit and loss

6    information for every girls and boys product sold by Mattel from 1998 to 2008,

7    including each of the products subject to MGA's unfair competition claims and

8    every product Mattel alleges was harmed by any act or omission alleged by Mattel

9    in this lawsuit.[137]  MGA fails to identify any additional information to which it is

10   entitled that would be found in Mattel's general ledger.

11             There is no basis for overruling Mattel's privilege objection.  MGA's

12   bald assertion that "this request does not seek information protected by the attorney-

13   client privilege, the attorney work product doctrine, or other applicable privileges"

14   has no merit.  These documents could very well be subject to a claim of privilege or

15   work product protection.  Moreover, as MGA has itself argued, the parties have

16   agreed that "all privileged documents would be logged except for documents created

17   after this action was filed on April 27, 2004."[138]  Thus, to the extent privileged

18   documents fall within the post lawsuit time period, they need not be included on

19   Mattel's log.

20             Finally, MGA failed to meet and confer at all, much less in good faith,

21   regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master

---

[136]   <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for
Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
1.
[137]   Webster Dec., ¶ 26.
[138]   <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the
Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
3.

1  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
2  the moving party shall first identify each dispute, state the relief sought and identify
3  the authority supporting the requested relief in a meet and confer letter that shall be
4  served on all parties by facsimile or electronic mail. The parties shall have five court
5  days from the date of service of that letter to conduct an in-person conference to
6  attempt to resolve the dispute.").  At no point during the meet and confer process did
7  the parties discuss this Request or Mattel's response to it.[139]  In order to engage in a
8  meaningful meet and confer, MGA had the burden to show the relevance of any
9  requests it sought to move on.[140]   Because MGA refused to even attempt to make
10  this showing, there was no possibility of a good faith meet and confer to resolve the
11  parties' disputes.  The Discovery Master should deny MGA's motion with respect to
12  this Request on that grounds alone.

13  **REQUEST FOR PRODUCTION NO. 566:**

14        All DOCUMENTS REFERRING OR RELATING TO business plans,
15  forecasts, budgets and projects prepared by YOU in connection with each of YOUR
16  products, including but not limited to BARBIE and MY SCENE.

17  **RESPONSE TO REQUEST NO. 566:**

18        In addition to the general objections stated above which are
19  incorporated herein by reference, Mattel objects to this Request on the grounds that
20  it is overbroad and unduly burdensome, including in that it seeks documents without
21  limitation as to time, and regardless of whether such documents relate to products or
22  matters at issue in this case or time periods at issue in this action.  Mattel further
23  objects to the use of the terms "business plans, forecasts, budgets and projects" as

24

25  [139]  See Webster Decl., ¶¶ 6-20.
26  [140]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
   bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
27  1390794 at *1 (S.D. Cal. May 14, 2009).

28

1   vague, ambiguous, and overbroad.  The Request appears to attempt to obtain

2   documents relating to many thousands of products and elements that have no

3   bearing on this case, and is apparently designed only to harass Mattel.  Mattel

4   further objects to the Request on the grounds that it seeks documents that are not

5   relevant to this action or likely to lead to the discovery of admissible evidence.

6   Mattel further objects to this Request on the grounds that it seeks confidential,

7   proprietary and trade secret information, including such information that has no

8   bearing on the claims or defenses in this case.  Mattel further objects on the grounds

9   that this request is an attempt to circumvent the Discovery Master's April 19, 2007

10  and May 22, 2007 orders determining the requested documents are irrelevant and/or

11  that such requests are improper.  Mattel further objects to this Request on the

12  grounds that it calls for the disclosure of information subject to the attorney-client

13  privilege, the attorney work-product doctrine and other applicable privileges.

14          Based upon the foregoing, and without waiving the above general and

15  specific objections, Mattel states that other than those documents produced pursuant

16  to other requests, Mattel will not produce documents responsive to this Request.

17  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

18  **TO SHOULD BE COMPELLED**

19          Mattel has not agreed to produce documents in response to this request,

20  based on its improper boilerplate objections.  Mattel has refused to confirm whether

21  or not it has produced all non-privileged responsive documents or whether it is

22  withholding documents based on its objections in Phase 2.  Under the Federal Rules

23  of Civil Procedure, "an objection to part of a request must specify the part and

24  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

25  fail to explain the basis for an objection with specificity are routinely rejected in the

26  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

27  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

28  harassing' are improper – especially when a party fails to submit any evidentiary

1   declarations supporting such objections").  Accordingly, Mattel must be compelled

2   either to certify that it has produced all non-privileged responsive documents or to

3   produce all such documents by a date certain.

4           To the extent that Mattel is relying on its blanket objections, they are

5   not sustainable and do not justify Mattel's failure to produce documents.

6           As to overbreadth, Mattel provides no explanation, let alone the

7   required particularity, as to *why* this request is supposedly overly broad, nor can it

8   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

9   20 (overruling objections not stated with specificity), Rutowski Decl.  Ex.  58.  To

10  the contrary, the request is narrowly tailored to documents concerning business

11  plans, budgets and projects related to Mattel products.

12          As to burden, Mattel has not attempted to demonstrate why responding

13  to this request and/or producing responsive documents presents any burden.  This

14  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.,</u>

15  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16  request is unduly burdensome must allege specific facts which indicate the nature

17  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

18  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

19  to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a

20  broad variety of unfair trade practices including serial copying of MGA products.

21  MGA is entitled to discovery on these claims.

22          This request does not seek documents protected by the attorney-client

23  privilege, the attorney work product doctrine, or other applicable privileges.  To the

24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25          Mattel objects that the request contains confidential, proprietary and

26  trade secret information.  A Protective Order exists in this case, obviating any

27  concern as to protection of privacy rights and/or commercially sensitive

28  information.

1    Mattel's objection that this Request is an attempt to circumvent the

2 Discovery Master's April 19, 2007 and May 22, 2007 order is unwarranted.  That

3 order is inapposite to this Request, which is much narrower than those considered

4 irrelevant and/or improper by the court.  This request is narrowly tailored to

5 documents regarding business plans, forecasts, budgets and projects of Mattel

6 products.

7    As for relevancy, Mattel has not attempted to demonstrate why the

8 information sought in response to this request is not relevant to and discoverable in

9 Phase 2.  On the contrary, MGA has alleged that Mattel has engaged in serial

10 copying of MGA's product lines, including the BRATZ product line, packaging,

11 themes, accessories, and advertising.  Mattel's fashion dolls including its "MY

12 SCENE" product line are accused products.  Documents related to Mattel's business

13 plans, budgets and projects regarding its products are highly relevant to MGA's

14 claims and discoverable in Phase 2.

15    Mattel further objects to the use of the terms "business plans, forecasts,

16 budgets and projects" as vague and ambiguous.  Mattel, however, fails to provide

17 any explanation as to why these terms are vague or ambiguous.  In addition, "[a]

18 party responding to discovery requests 'should exercise reason and common sense to

19 attribute ordinary definitions to terms and phrases utilized in'" discovery.

20 Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 662 (D. Kan. 2004). None of

21 Mattel's improper objections are valid and Mattel is obligated to produce all non-

22 privileged responsive documents in its possession.

23

24

25

26

27

28

**MATTEL'S RESPONSE:**

MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1).[141]  It has failed to do so.  This Request seeks numerous documents that have no relevance to any claim or defense in this case. MGA does not seek business plans, forecasts, budgets and projects for My Scene or other products at issue in this case, but rather seeks all such documents for *all* of Mattel's products ever produced anywhere in the world at any time. ████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

██████████████████. Mattel has released countless products in total since it was first established.

MGA cannot and does not explain how business plans, forecasts, budgets and projects for each of these products—thousands of which were produced decades before the products at issue in this action—can have any bearing on any claim or defense in this action.  Rather, it expansively states that all such documents are relevant because MGA has "MGA has alleged that Mattel has engaged in serial copying of MGA's product lines, including the BRATZ product line, packaging,

---

[141]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
[142]  See Declaration of Lori Pantel in Support of Mattel, Inc.'s Opposition to MGA Entertainment, Inc.'s Motion to Compel Further Responses to MGA's First Set of Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, dated August 6, 2009, at ¶ 2, Dart Decl., Exh. 31.

1   themes, accessories, and advertising." But this Request seeks documents from

2   before MGA even existed, and for tens of thousands of products never mentioned in

3   its complaint. MGA has therefore made no showing how this request is related to

4   the claims and defenses in this case. The burden of gathering such documents

5   would be prohibitive, especially given MGA's complete failure to establish

6   relevance. "A trial court has a duty, of special significance in lengthy and complex

7   cases where the possibility of abuse is always present, to supervise and limit

8   discovery to protect parties and witnesses from annoyance and excessive expense."

9   Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways

10  Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.

11  1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D.

12  Ill. 1983) (same). As the previous Discovery Master held, a party may not propound

13  document requests as part of a fishing expedition or to discover new claims.[143]

14  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

15  not condone the use of discovery to engage in 'fishing expeditions.'"). MGA's

16  motion should be rejected as to this Request.

17         There is no basis for overruling Mattel's privilege objection. MGA's bald

18  assertion that "this request does not seek information protected by the attorney-client

19  privilege, the attorney work product doctrine, or other applicable privileges" has no

20  merit. These documents could very well be subject to a claim of privilege or work

21  product protection. Moreover, as MGA has itself argued, the parties have agreed

22  that "all privileged documents would be logged except for documents created after

23

24

25  ───────────────

26  [143]  See Order Granting In Part and Denying In Part Mattel's Motion for
    Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
27  1.

28

1   this action was filed on April 27, 2004."[144]  Thus, to the extent privileged documents

2   fall within the post lawsuit time period, they need not be included on Mattel's log.

3        Finally, MGA failed to meet and confer at all, much less in good faith,

4   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

5   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6   the moving party shall first identify each dispute, state the relief sought and identify

7   the authority supporting the requested relief in a meet and confer letter that shall be

8   served on all parties by facsimile or electronic mail. The parties shall have five court

9   days from the date of service of that letter to conduct an in-person conference to

10  attempt to resolve the dispute.").  At no point during the meet and confer process did

11  the parties discuss this Request or Mattel's response to it.[145]  In order to engage in a

12  meaningful meet and confer, MGA had the burden to show the relevance of any

13  requests it sought to move on.[146]   Because MGA refused to even attempt to make

14  this showing, there was no possibility of a good faith meet and confer to resolve the

15  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

16  this Request on that grounds alone.

17  **REQUEST FOR PRODUCTION NO. 567:**

18       All DOCUMENTS REFERRING OR RELATING TO market research

19  and competitive studies and analyses prepared or conducted by YOU with respect to

20  the fashion doll market.

21

22

---

23  [144]   See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.

    [145]   See Webster Decl., ¶¶ 6-20.

26  [146]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

1390794 at *1 (S.D. Cal. May 14, 2009).

28

**RESPONSE TO REQUEST NO. 567:**

      In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to the use of the terms "market research and competitive studies and analyses," and "fashion doll market" in this context as vague, ambiguous, and overbroad. The Request appears to seek documents relating to thousands of products (including products of competitors which are wholly irrelevant to this suit) that have no bearing on this case, and is apparently designed only to harass Mattel. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the grounds that this request is an attempt to circumvent the Discovery Master's April 19, 2007 and May 22, 2007 orders determining the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

      Based upon the foregoing, and without waiving the above general and specific objections, Mattel states that other than those documents produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to documents concerning market research conducted by Mattel for the fashion doll market.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

1   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
2   it is not unduly burdensome, as noted above, in that the request is narrowly tailored
3   to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a
4   broad variety of unfair trade practices including serial copying of MGA products,
5   such as fashion dolls.  MGA is entitled to discovery on these claims.

6           This request does not seek documents protected by the attorney-client
7   privilege, the attorney work product doctrine, or other applicable privileges.  To the
8   extent that Mattel contends that it does, Mattel must provide a privilege log.

9           Mattel objects that the request contains confidential, proprietary and
10  trade secret information.  A Protective Order exists in this case, obviating any
11  concern as to protection of privacy rights and/or commercially sensitive
12  information.

13          Mattel's objection that this Request is an attempt to circumvent the
14  Discovery Master's April 19, 2007 and May 22, 2007 order is unwarranted.  That
15  order is inapposite to this Request, which is much narrower than those considered
16  irrelevant and/or improper by the court.  This request is narrowly tailored to
17  documents concerning market research conducted by Mattel for the fashion doll
18  market.

19          As for relevancy, Mattel has not attempted to demonstrate why the
20  information sought in response to this request is not relevant to and discoverable in
21  Phase 2.  On the contrary, MGA has alleged that Mattel has engaged in serial
22  copying of MGA's product lines, including the BRATZ product line, packaging,
23  themes, accessories, and advertising.  Mattel's fashion dolls including its "MY
24  SCENE" product line are accused products.  Documents related to market research
25  and competitive studies and analysis conducted by Mattel for the fashion doll
26  market are highly relevant to MGA's claims and defenses, including MGA's claim
27  that when Mattel's products failed it began to copy MGA's successful products, and
28  are discoverable in Phase 2.

1      Mattel further objects to the use of the terms "market research and

2  competitive studies and analyses," and "fashion doll market" as vague and

3  ambiguous.  Mattel, however, fails to provide any explanation as to why these terms

4  are vague or ambiguous.  In addition, "[a] party responding to discovery requests

5  'should exercise reason and common sense to attribute ordinary definitions to terms

6  and phrases utilized in'" discovery.  <u>Swackhammer v. Sprint Corp. PCS,</u> 225 F.R.D.

7  658, 662 (D. Kan. 2004).  Especially given the context of the case, these terms are

8  not vague and ambiguous.

9      None of Mattel's improper objections are valid and Mattel is obligated

10 to produce all non-privileged responsive documents in its possession.

11 **MATTEL'S RESPONSE:**

12      This Request is overbroad and unduly burdensome for the same reasons as

13 discussed in the May 22, 2007 Order.  MGA must establish that its discovery meets

14 the relevance requirements of <u>Rule</u> 26(b)(1).[147]  Yet this Request seeks documents

15 that would include every report that discusses fashion dolls, including retail sales

16 reports that track doll sales across the entire industry.  MGA does not seek

17 documents regarding research in connection with My Scene or other products at

18 issue in this case, but rather such documents for *all* fashion dolls ever produced

19 anywhere in the world at any time.  ███████████████████

20 ██████████████████████████████████

21 ██████████████████████████████.  Mattel has

22

23 ───────────────────

   [147]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

24 bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL

25 1390794 at *1 (S.D. Cal. 2009).

   [148]  <u>See</u> Declaration of Lori Pantel in Support of Mattel, Inc.'s Opposition to

26 MGA Entertainment, Inc.'s Motion to Compel Further Responses to MGA's First Set

27 of Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, dated

   August 6, 2009, at ¶ 2, Dart Decl., Exh. 31.

28

1  released countless BARBIE products in total since it was first established, as have

2  other unrelated companies.  Indeed, BARBIE was first introduced *fifty years ago* in

3  1959.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  [149]  Id. at ¶ 8.

27  [150]  Id. at ¶ 10.

    [151]  Bric Decl. ¶ 12, Dart Decl., Exh. 33.

28

00505.07975/3121209.2



<sup>152</sup>

MGA cannot and does not explain how every piece of research regarding the fashion doll market—including research from decades before the products at issue in this action—can have any bearing on any claim or defense in this action. MGA has therefore made no showing how this request is related to the claims and defenses in this case. The burden of gathering such documents would be prohibitive, especially given MGA's complete failure to establish relevance. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[153]

---

[152] Id. ¶ 12, Hernandez Decl. ¶ 7, Dart Decl., Exh. 33.
[153] See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

1 | Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

2 | not condone the use of discovery to engage in 'fishing expeditions.'").

3 |       There is no basis for overruling Mattel's privilege objection.  MGA's

4 | bald assertion that "this request does not seek information protected by the attorney-

5 | client privilege, the attorney work product doctrine, or other applicable privileges"

6 | has no merit.  Documents discussing MY SCENE could very well be subject to a

7 | claim of privilege or work product protection.  Moreover, as MGA has itself argued,

8 | the parties have agreed that "all privileged documents would be logged except for

9 | documents created after this action was filed on April 27, 2004."[154]  Thus, to the

10 | extent privileged documents fall within the post lawsuit time period, they need not

11 | be included on Mattel's log.

12 |       Finally, MGA failed to meet and confer at all, much less in good faith,

13 | regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14 | Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15 | the moving party shall first identify each dispute, state the relief sought and identify

16 | the authority supporting the requested relief in a meet and confer letter that shall be

17 | served on all parties by facsimile or electronic mail. The parties shall have five court

18 | days from the date of service of that letter to conduct an in-person conference to

19 | attempt to resolve the dispute.").  At no point during the meet and confer process did

20 | the parties discuss this Request or Mattel's response to it.[155]  In order to engage in a

21 | meaningful meet and confer, MGA had the burden to show the relevance of any

---

[154]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

[155]  See Webster Decl., ¶¶ 6-20.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SIX)

1  requests it sought to move on.[156]   Because MGA refused to even attempt to make

2  this showing, there was no possibility of a good faith meet and confer to resolve the

3  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

4  this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 569:**

6          All DOCUMENTS REFERRING OR RELATING TO any position

7  taken by YOU in any litigation, arbitration or other legal proceeding relating to the

8  estimated value of original drawings, designs or ideas for a product, including, but

9  not limited to, such determinations expressed as a fraction or percentage of the

10  overall value of that product and other related products based on those original

11  drawings, designs or ideas.

12  **RESPONSE TO REQUEST NO. 569:**

13          In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is overbroad and unduly burdensome, including in that it seeks all documents on

16  this subject without limitation as to time, and regardless of whether such documents

17  relate to products or matters at issue in this case or time periods at issue in this

18  action.  Mattel further objects to the Request on the grounds that it seeks documents

19  that are not relevant to this action or likely to lead to the discovery of admissible

20  evidence.  Mattel further objects to this Request on the grounds that it seeks

21  confidential, proprietary and trade secret information, including such information

22  that has no bearing on the claims or defenses in this case.  Mattel further objects to

23  this Request on the grounds that it calls for the disclosure of information subject to

24

25

26  [156]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1 the attorney-client privilege, the attorney work-product doctrine and other applicable

2 privileges.

3 ## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE

4 ## TO SHOULD BE COMPELLED

5    Mattel has improperly limited its agreement to produce documents in

6 response to this request, subject to its improper boilerplate objections.  Mattel has

7 refused to confirm whether or not it has produced all non-privileged responsive

8 documents or whether it is withholding documents based on its objections in Phase

9 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

10 must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

11 Generic objections that fail to explain the basis for an objection with specificity are

12 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

13 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

14 'overly burdensome and harassing' are improper – especially when a party fails to

15 submit any evidentiary declarations supporting such objections").  Accordingly,

16 Mattel must be compelled either to certify that it has produced all non-privileged

17 responsive documents or to produce all such documents by a date certain.

18    To the extent that Mattel is relying on its blanket objections, they are

19 not sustainable and do not justify Mattel's failure to produce documents.

20    As to overbreadth, Mattel provides no explanation, let alone the

21 required particularity, as to *why* this request is supposedly overly broad, nor can it

22 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

23 20 (overruling objections not stated with specificity), Rutowski Decl.  Ex.  58.  To

24 the contrary, the request is narrowly tailored to seek documents related to any

25 position taken by Mattel in any litigation, arbitration or other legal proceeding

26 relating to the estimated value of original drawings, designs or ideas for a product.

27    As to burden, Mattel has not attempted to demonstrate why responding

28 to this request and/or producing responsive documents presents any burden.  This

1  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

2  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3  request is unduly burdensome must allege specific facts which indicate the nature

4  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

5  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

6  to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a

7  broad variety of unfair trade practices including serial copying of MGA products.

8  MGA is entitled to discovery on these claims.

9        This request does not seek documents protected by the attorney-client

10  privilege, the attorney work product doctrine, or other applicable privileges.  To the

11  extent that Mattel contends that it does, Mattel must provide a privilege log.

12        As for relevancy, Mattel has not attempted to demonstrate why

13  responding to this request and/or producing responsive documents is irrelevant to

14  the present action.  On the contrary, MGA has alleged that Mattel is engaged in

15  copying of MGA products.  It seeks to enjoin Mattel from using confusingly similar

16  trade dress, improperly influencing standard-setting and industry organizations,

17  engaging in unfair competition and unfair business practices and diluting MGA's

18  trade dress.  It also seeks damages and profits derived by Mattel for its acts of false

19  designation of origin or affiliation, unfair competition and unfair business practices

20  and dilution.  Also, Mattel's prayer for relief is extremely, and overly, broad.

21  Because Mattel's pleadings seek such broad relief, MGA is entitled to extremely

22  broad discovery on these issues.  A request for seeking documents related to any

23  position taken by Mattel in any litigation, arbitration or other legal proceeding

24  relating to the estimated value of original drawings, designs or ideas for a product is

25  therefore relevant to this action and MGA's claims and defenses.

26        Mattel objects that the request contains confidential, proprietary, and

27  trade secret information.  A Protective Order exists in this case, obviating any

28

1  concern as to protection of privacy rights and/or commercially sensitive

2  information.

3          None of Mattel's improper objections are valid and Mattel is obligated

4  to produce all non-privileged responsive documents in its possession.

5  **MATTEL'S RESPONSE:**

6          MGA must establish that its discovery meets the relevance

7  requirements of <u>Rule</u> 26(b)(1).[157]  This Request seeks documents completely

8  irrelevant to this suit.  At issue here is conduct by MGA and its conspirators.  Rather

9  than seeking documents related to these issues, MGA asks for documents related to

10 positions taken by Mattel in *other* legal proceedings, involving different products,

11 throughout Mattel's history.  In order to comply with this Request, Mattel would

12 have to pore through its files relating to each and every legal proceeding to which it

13 has ever been a party.

14          The burden here is magnified given that the Request clearly seeks

15 information that is likely to be privileged.  MGA specifically asks for not merely

16 publicly filed briefs or declarations, but rather *all* documents referring or relating to

17 positions Mattel has taken in litigation.  This would necessarily include voluminous

18 attorney-client communications and work product documents anytime such a

19 position was taken.  The burden of reviewing and logging each of these privileged

20 documents for periods before the complaint was filed would be to no purpose, and

21 MGA's request can only have been made to burden and harass Mattel.  The burden

22 of gathering such documents would be prohibitive, especially given MGA's

23 complete failure to establish relevance.  "A trial court has a duty, of special

24 significance in lengthy and complex cases where the possibility of abuse is always

25

26   [157]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27 bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL
     1390794 at *1 (S.D. Cal. 2009).

28

1  present, to supervise and limit discovery to protect parties and witnesses from

2  annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664

3  (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559

4  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste</u>

5  <u>Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

6  Discovery Master held, a party may not propound document requests as part of a

7  fishing expedition or to discover new claims.[158]  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d

8  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

9  to engage in 'fishing expeditions.'").

10        Finally, MGA failed to meet and confer at all, much less in good faith,

11  regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master

12  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

13  the moving party shall first identify each dispute, state the relief sought and identify

14  the authority supporting the requested relief in a meet and confer letter that shall be

15  served on all parties by facsimile or electronic mail. The parties shall have five court

16  days from the date of service of that letter to conduct an in-person conference to

17  attempt to resolve the dispute.").  At no point during the meet and confer process did

18  the parties discuss this Request or Mattel's response to it.[159]  In order to engage in a

19  meaningful meet and confer, MGA had the burden to show the relevance of any

20  requests it sought to move on.[160]  Because MGA refused to even attempt to make

21  this showing, there was no possibility of a good faith meet and confer to resolve the

22

---

23  [158] <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for

24  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

25  1.

[159] <u>See</u> Webster Decl., ¶¶ 6-20.

26  [160] <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL

28  1390794 at *1 (S.D. Cal. May 14, 2009).

1 | parties' disputes.  The Discovery Master should deny MGA's motion with respect to

2 | this Request on that grounds alone.

3

4

5

6 | DATED:  October 19, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

7

8 |                                          By _____

9 |                                              James J. Webster
                                                 Attorneys for Mattel. Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28