QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100
Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>        vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.<br><br>                    Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>**[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT IN SUPPORT OF MGA PARTIES' MOTION TO COMPEL FURTHER RESPONSES TO MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (9049, SET SEVEN)**<br><br><br><br>Hearing Date:  TBA<br>Time:              TBA<br>Place:             Arant Fox LLP<br>555 West Fifth St.<br>48th Floor<br>Los Angeles, CA<br>90013<br>**Phase 2**<br>Disc.  Cut-off:   Dec. 11, 2009<br>Pre-trial Conf.:  Mar. 1, 2010<br>Trial Date:        Mar. 23, 2010 |

1    Mattel, Inc. respectfully submits this Separate Statement in support of

2  its Opposition to MGA Parties' Motion to Compel Further Responses to MGA's

3  Requests for Production of Documents  (9049, Set Seven).  This Separate Statement

4  covers MGA's Seventh Set of Requests in Case No. CV 04-9049-SGL of the

5  consolidated proceedings, served on November 29, 2007.  The requests included in

6  this Separate Statement are Request Nos. 572-585, 587-590, 594-600, 603, 611-644,

7  646, 648-652, 656, 674-675, 677-690, 693-695, 697-699, 704-715, 720-725, 729-

8  731,[1] 734-735, 741, 743-746, 748-756 and 758 (the "Requests at Issue").

9  **MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS AT ISSUE AND**

10  **RESPONSES - CASE NO. CV 04-9049 SGL (RNBx)**

11  **REQUEST FOR PRODUCTION NO. 572**

12    All telephone records for any telephone number used by any of the

13  following people at any time from January 1, 2001 to the present: Bob Eckert,

14  Richard De Anda, Matt Bousquette, Neil Freedman, Erica Ashbrook, Ivy Ross, and

15  Chuck Schooten.

16  **RESPONSE TO REQUEST NO. 572**

17    In addition to the general objections stated above which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it is overbroad and unduly burdensome, including in that it seeks all documents

20  regardless of whether such documents relate to products or matters at issue in this

21  case and over an overly broad period of time.  Mattel further objects to the use of the

22  terms "used by" in this context as vague and ambiguous.  Mattel further objects to

23  the Request on the grounds that it seeks documents that are not relevant to this

24  action or likely to lead to the discovery of admissible evidence.  Mattel further

_____

26   [1]   MGA erroneously stated that their Separate Statement included Request Nos.
27  726, 727, and 728, but Mattel was unable to locate them anywhere in the Separate
Statement and they are not responded to here.

28

1   objects to this Request on the grounds that it seeks confidential, proprietary and

2   trade secret information, including such information that has no bearing on the

3   claims or defenses in this action.  Mattel further objects to this Request on the

4   grounds that it seeks information that is protected by the right of privacy and the

5   right of privacy of third persons.

6   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

7   **TO SHOULD BE COMPELLED**

8           Mattel refuses to produce documents in response to this request, subject

9   to its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,

10  "an objection to part of a request must specify the part and permit inspection of the

11  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

12  for an objection with specificity are routinely rejected in the Central District.  See A.

13  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

14  or boilerplate objections such as 'overly burdensome and harassing' are improper –

15  especially when a party fails to submit any evidentiary declarations supporting such

16  objections").  Accordingly, Mattel must be compelled either to certify that it has

17  produced all non-privileged responsive documents or to produce all such documents

18  by a date certain.

19          To the extent that Mattel is relying on its blanket objections, they are

20  not sustainable and do not justify Mattel's failure to produce documents.

21          As to overbreadth, Mattel provides no explanation, let alone the

22  required particularity, as to *why* this request is supposedly overly broad, nor can it

23  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

24  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

25  contrary, the request is narrowly tailored to seek information about the phone

26  records of specific people.  These people are alleged by MGA to have had

27  communications that relate, for example, to Mattel's first knowledge of the claims

28  that it is asserting in Phase 2.  This information is discoverable in connection with

1  MGA's claims and defenses, including MGA's statute of limitations defense.

2  Moreover, MGA has alleged that Mattel has engaged in a broad variety of unfair

3  trade practices, from serial copying of MGA products, to threatening retailers and

4  suppliers to cease doing business with MGA, to intimidating employees and

5  industry groups in order to prevent MGA from fairly competing.  MGA is entitled to

6  discovery on these claims.

7       As to burden, Mattel has not attempted to demonstrate why responding

8  to this request and/or producing responsive documents presents any burden.  This

9  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

10  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11  request is unduly burdensome must allege specific facts which indicate the nature

12  and extent of the burden, usually by affidavit or other reliable evidence.")

13  Moreover, it is not unduly burdensome, as noted above, in that the request is

14  narrowly tailored to seek only discoverable evidence.

15       This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18       Mattel objects that the request contains confidential/proprietary/trade

19  secret information.  A Protective Order exists in this case, obviating any concern as

20  to protection of privacy rights and/or commercially sensitive information.

21       Mattel's objection that certain common words as vague, ambiguous and

22  incomprehensible is without merit, and the plain meaning of the terms is clear and

23  can be found in any dictionary.

24       None of Mattel's improper objections are valid and Mattel is obligated

25  to produce all non-privileged responsive documents in its possession, custody, or

26  control.

27

28

**MATTEL'S RESPONSE:**

The Request is overbroad.  Seeking <u>all</u> phone records for <u>any</u> telephone number used by Bob Eckert, Richard De Anda, Matt Bousquette, Neil Freedman, Erica Ashbrook, Ivy Ross, and Chuck Schooten since January 1, 2001 is not narrowly tailored to any issue in Phase 2.  The previous Discovery Master ruled that "[t]elephone calls that do not relate or refer in any way to MGA or Bratz are irrelevant" and this Request makes no effort to tailor the documents sought to those relevant to the case.[2]

The temporal scope is also overbroad, as the Request seeks phone records extending back to January 1, 2001, which predates the relevant time period for any claim or defense in this case.  MGA argues that this time period is relevant because "[t]hese people are alleged by MGA to have had communications that relate, for example, to Mattel's first knowledge of the claims that it is asserting in Phase 2" and the information "is discoverable in connection with MGA's claims and defenses, including MGA's statute of limitations defense."  However, the Court has repeatedly rejected this defense.[3]  Having already lost the statute of limitations defense on the merits, discovery relating to it is, by definition, irrelevant.

The fact that the Request lacks any ending time period additionally belies MGA's post hoc rationale for this Request.  It is, of course, impossible that documents relating to time periods after Mattel brought suit, which this Request plainly includes, could bear on any statute of limitations defense.  Further, the Request seeks information that is protected by the right of privacy and the right of

---

[2]  <u>See</u> January 25, 2007 Order at 16, Dart Decl., Exh. 54.
[3]  <u>See</u>, May 27, 2008 Order at 8-9, Dart Decl., Exh. 10; Court's Final Pre-Trial Conference Order For Phase 1 Trial, dated June 7, 2008, at 6, Dart Decl., Exh. 11; Further And Final Order Re Statute Of Limitations Defense, dated June 2, 2008, at 4, Dart Decl., Exh. 12; Order Finding In Favor Of Mattel As To The MGA Parties' Affirmative Defenses, et al., dated December 3, 2008, at 3-4, Dart Decl., Exh. 13.

1  privacy of third persons and that could not possibly lead to the discovery of

2  admissible evidence.

3        The Discovery Master should also uphold Mattel's objection that the

4  term "used by" as used in the Request is vague, ambiguous and overbroad.  The

5  Request purports to seek "[a]ll telephone records for any telephone number used by

6  any of the following people."  MGA states that "the plain meaning of the term[] is

7  clear and can be found in any dictionary."  However, the meaning of "used by" in

8  this context is far from clear, and even if one uses the dictionary definition of the

9  word "use"[4] the request is impermissibly vague and overbroad.  If meant to include

10  all records for every phone that these individuals have ever used, even if borrowing

11  a cell phone or calling from a hotel room, then the Request is absurdly overbroad.

12        Mattel's relevance objection should also be sustained.  MGA bears the

13  burden of showing that its discovery meets the relevance requirements of <u>Rule</u>

14  <u>26(b)(1)</u>.[5]  As explained above, MGA's argument that phone records are relevant to

15  its statute of limitations defense is without merit.  MGA also argues in conclusory

16  fashion that the information is relevant to MGA's allegations of a "broad variety of

17  unfair trade practices, from serial copying of MGA products, to threatening retailers

18  and suppliers to cease doing business with MGA, to intimidating employees and

19  industry groups in order to prevent MGA from fairly competing."  However,

20  nowhere does MGA explain how these phone records would be relevant to any of

21  these claims.  "A trial court has a duty, of special significance in lengthy and

22

23

---

24     [4]  <u>See</u> e.g., Merriam-Webster Dictionary webpage <http://www.merriam-

25  webster.com/dictionary/use>, as accessed on October 6, 2009, definitions 2 and 4

26  (verb:  2 : to put into action or service : avail oneself of : employ; 4 : to carry out a purpose or action by means of : utilize; also : manipulate 2b <used him selfishly>).

27     [5]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

28  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial (footnote continued)

-5-

1   complex cases where the possibility of abuse is always present, to supervise and

2   limit discovery to protect parties and witnesses from annoyance and excessive

3   expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also

4   Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36

5   (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

6   1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a

7   party may not propound document requests as part of a fishing expedition or to

8   discover new claims.[6] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)

9   ("District courts need not condone the use of discovery to engage in 'fishing

10  expeditions.'").

11          Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides

12  that a Court should limit the extent of discovery if it determines that the burden of

13  the proposed discovery outweighs its likely benefit; the discovery sought is

14  unreasonably cumulative or duplicative, or is obtainable from some other source that

15  is more convenient, less burdensome, or less expensive; or the party seeking

16  discovery has had ample opportunity by discovery in the action to obtain the

17  information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and

18  producing these telephone records would greatly outweigh any marginal benefit to

19  MGA, because Mattel does not maintain or possess telephone records for many if

20  not most of the phones "used" by these inviduals.

21          Finally, MGA failed to meet and confer at all, much less in good faith,

22  regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

23  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

24

25

26  _____

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

1   the moving party shall first identify each dispute, state the relief sought and identify

2   the authority supporting the requested relief in a meet and confer letter that shall be

3   served on all parties by facsimile or electronic mail. The parties shall have five court

4   days from the date of service of that letter to conduct an in-person conference to

5   attempt to resolve the dispute."). In order to engage in a meaningful meet and

6   confer, MGA had the burden to show the relevance of any requests it sought to

7   move on.[7] At no point during the meet and confer process did MGA show why this

8   Request could be considered relevant to Phase 2 issues.[8] Because MGA refused to

9   even attempt to make this showing, there was no possibility of a good faith meet and

10  confer to resolve the parties' disputes. The Discovery Master should deny MGA's

11  motion with respect to this Request on that grounds alone.

12  **REQUEST FOR PRODUCTION NO. 573**

13          All DOCUMENTS and COMMUNICATIONS REFERRING OR

14  RELATING TO MATTEL's employment policies, including, without limitation, all

15  employee manuals. (The relevant time from for this request is from January. 1,

16  1998 to the present).

17  **RESPONSE TO REQUEST NO. 573**

18          In addition to the general objections stated above which are

19  incorporated herein by reference, Mattel objects to this Request on the grounds that

20  it is overbroad and unduly burdensome, including in that it seeks all documents

21  regardless of whether such documents relate to products or matters at issue in this

22

---

23      [6]  See Order Granting In Part and Denying In Part Mattel's Motion for
24  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
25  1.
        [7]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).
28

1   case. Mattel further objects to the use of the terms "employment policies" in this

2   context as vague and ambiguous. Mattel further objects to the Request on the

3   grounds that it seeks documents that are not relevant to this action or likely to lead

4   to the discovery of admissible evidence. Mattel further objects to this Request on

5   the grounds that it seeks confidential, proprietary and trade secret information,

6   including such information that has no bearing on the claims or defenses in this

7   action. Mattel further objects to this Request on the grounds that it calls for the

8   disclosure of information subject to the attorney-client privilege, the attorney work-

9   product doctrine and other applicable privileges. Mattel further objects to the extent

10  the Request seeks documents already produced by Mattel. Such documents will not

11  be produced again.

12          Subject to and without waiving the foregoing objections, Mattel

13  responds as follows: Mattel has produced certain employee handbooks and Mattel's

14  code of conduct during the relevant time period. These documents will not be

15  reproduced.

16  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

17  **TO SHOULD BE COMPELLED**

18          Mattel has not agreed to produce documents in response to this request,

19  subject to its improper boilerplate objections. Mattel has refused to confirm whether

20  or not it has produced all non-privileged responsive documents or whether it is

21  withholding documents based on its objections in Phase 2. Under the Federal Rules

22  of Civil Procedure, "an objection to part of a request must specify the part and

23  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

24  fail to explain the basis for an objection with specificity are routinely rejected in the

25  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

26

27      [8]   See Webster Decl., ¶¶ 6-20.

28

1   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

2   harassing' are improper – especially when a party fails to submit any evidentiary

3   declarations supporting such objections").  Accordingly, Mattel must be compelled

4   either to certify that it has produced all non-privileged responsive documents or to

5   produce all such documents by a date certain.

6          To the extent that Mattel is relying on its blanket objections, they are

7   not sustainable and do not justify Mattel's failure to produce documents.

8          As to overbreadth, Mattel provides no explanation, let alone the

9   required particularity, as to *why* this request is supposedly overly broad, nor can it

10  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

11  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12  contrary, the request is narrowly tailored to seek Mattel's documents referring or

13  relating to Mattel's employment policies, and is specifically limited to documents

14  created after January 1, 1998.

15         As to burden, Mattel has not attempted to demonstrate why responding

16  to this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

18  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.")

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23  has engaged in a broad variety of unfair trade practices, including intimidating

24  employees in order to prevent MGA from fairly competing.  MGA is entitled to

25  discovery on these claims.

26         The term "employment policies" is straight forward, clear, and is in no

27  way vague or ambiguous.

28

-9-

1  Mattel objects that the request contains confidential, proprietary and

2  trade secret information.  A Protective Order exists in this case, obviating any

3  concern as to protection of privacy rights and/or commercially sensitive

4  information.

5  This request does not seek documents protected by the attorney-client

6  privilege, the attorney work product doctrine, or other applicable privileges.  To the

7  extent that Mattel contends that it does, Mattel must provide a privilege log.

8  Mattel objects that the request seeks documents already produced by

9  Mattel but does not specifically identify these allegedly produced documents.

10  Mattel's failure to agree to produce responsive non-privileged

11  documents is not proper based on this objection.

12  None of Mattel's improper objections are valid and Mattel is obligated

13  to produce all non-privileged responsive documents in its possession, custody, or

14  control.

15  **MATTEL'S RESPONSE:**

16  This Request is absurdly overbroad.  The universe of all documents and

17  communications referring or relating to Mattel's "employment policies" is vast, and

18  not narrowly tailored to any Phase 2 claims or defenses.  The Request is also

19  overbroad as to time, extending back to 1998 when no Phase 2 issues even arguably

20  fall into that time period.  The Request is also overbroad to the extent it seeks

21  discovery into events and products that post-date MGA's complaint, filed on April

22  15, 2005, based on MGA's own argument that was accepted by the Discovery

23  Master in denying discovery Mattel was seeking regarding transactions occurring

24  after the filing of Mattel's complaint.[9]  MGA offers no reason, nor could it consistent

25  _____

26  [9]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

27  Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
where MGA argued that its transactions with the entities that financed acquisition of

28  (footnote continued)

1 | with judicial estoppel, why documents post-dating the filing of claims which do not
2 | allege continuing wrongdoing are relevant to those claims.

3 |      The Request is also vague and ambiguous as to the term "employment
4 | policies." MGA does not define the term, and it could refer to anything from
5 | Mattel's sick leave or sexual harassment policies to its practices regarding
6 | recruitment or job interviews, either written or informal.

7 |      Mattel has already produced documents responsive to this Request,
8 | including employee handbooks and Mattel's code of conduct during the relevant
9 | time period. MGA argues that Mattel's response is inadequate because "Mattel does
10 | not specifically identify these allegedly produced documents" but offers no further
11 | argument or legal citations to support its argument.

12 |      Mattel's relevance objection should also be sustained. MGA bears the
13 | burden of showing that its discovery meets the relevance requirements of <u>Rule</u>
14 | <u>26(b)(1)</u>.[10] MGA has not attempted to explain how all documents or
15 | communications referring or relating to Mattel's employment policies is related to
16 | any claims and defenses in this case. MGA's conclusory assertion that "MGA has
17 | alleged that Mattel has engaged in a broad variety of unfair trade practices,

---

20 | the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ███████████
21 | ███████████████████████████████ In finding that "there has been
no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
22 | calculated to lead to the discovery of admissible evidence regarding the RICO
counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
23 | other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
24 | than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
into existence – and therefore apparently did not encompass the activities or the
25 | transactions which are the subject of the Financing Discovery." Discovery Matter
26 | Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
27 | [10] <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
28 | (footnote continued)

1  including intimidating employees in order to prevent MGA from fairly competing"

2  is unsupported by any explanation how Mattel's employment policies are related to

3  MGA's unfair trade practice claims. "A trial court has a duty, of special significance

4  in lengthy and complex cases where the possibility of abuse is always present, to

5  supervise and limit discovery to protect parties and witnesses from annoyance and

6  excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see

7  also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133

8  n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

9  1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a

10  party may not propound document requests as part of a fishing expedition or to

11  discover new claims.[11]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)

12  ("District courts need not condone the use of discovery to engage in 'fishing

13  expeditions.'").

14        Further, as the prior Discovery Master has recognized, this Request is

15  unduly burdensome.[12] Rule 26(b)(2)(c) provides that a Court should limit the extent

16  of discovery if it determines that the burden of the proposed discovery outweighs its

17  likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is

18  obtainable from some other source that is more convenient, less burdensome, or less

19  expensive; or the party seeking discovery has had ample opportunity by discovery in

20  the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c).  The

21  burden of locating and producing the documents responsive to this overbroad

22

23

────────────────

24  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

25  (S.D. Cal. 2009).

[11]   See Order Granting In Part and Denying In Part Mattel's Motion for

26  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

27  1.

[12]   See Discovery Master Order dated May 22, 2007, at 19, Dart Decl, Exh. 5.

28

1  Request would greatly outweigh any marginal benefit to MGA, for the following

2  reasons:

---

13  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
14  Moore Decl. ¶ 5, Dart Decl., Exh. 32.
15  <u>Id.</u>
16  <u>Id.</u>

00505.07975/3161688.1



There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[20] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log. Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

---

[17]  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
[18]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
[19]  Id.
[20]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4  the moving party shall first identify each dispute, state the relief sought and identify

5  the authority supporting the requested relief in a meet and confer letter that shall be

6  served on all parties by facsimile or electronic mail. The parties shall have five court

7  days from the date of service of that letter to conduct an in-person conference to

8  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

9  confer, MGA had the burden to show the relevance of any requests it sought to

10  move on.[21]   At no point during the meet and confer process did MGA show why

11  this Request could be considered relevant to Phase 2 issues.[22]  Because MGA

12  refused to even attempt to make this showing, there was no possibility of a good

13  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

14  deny MGA's motion with respect to this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 574**

16    All DOCUMENTS and COMMUNICATIONS between MATTEL and

17  EARLY LIGHT REFERRING OR RELATING TO the conception, design,

18  manufacture, production, marketing or sale of any BRATZ product.  (The relevant

19  time frame for this request is from January 1, 2001 to the present).

20  **RESPONSE TO REQUEST NO. 574:**

21    In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the grounds that

23  it is overbroad and unduly burdensome, including in that it seeks all documents

24

25    [21]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

28  (S.D. Cal. May 14, 2009).

1 regardless of whether such documents relate to products or matters at issue in this

2 case.  Mattel further objects to the Request on the grounds that it seeks documents

3 that are not relevant to this action or likely to lead to the discovery of admissible

4 evidence.  Mattel further objects on the ground that this Request seeks to circumvent

5 the Discovery Master's Order dated May 22, 2007.

6 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

7 **TO SHOULD BE COMPELLED**

8       Mattel has not agreed to produce documents in response to this request,

9 subject to its improper boilerplate objections.  Mattel has refused to confirm whether

10 or not it has produced all non-privileged responsive documents or whether it is

11 withholding documents based on its objections in Phase 2.  Under the Federal Rules

12 of Civil Procedure, "an objection to part of a request must specify the part and

13 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

14 fail to explain the basis for an objection with specificity are routinely rejected in the

15 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

16 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

17 harassing' are improper – especially when a party fails to submit any evidentiary

18 declarations supporting such objections").  Accordingly, Mattel must be compelled

19 either to certify that it has produced all non-privileged responsive documents or to

20 produce all such documents by a date certain.

21       To the extent that Mattel is relying on its blanket objections, they are

22 not sustainable and do not justify Mattel's failure to produce documents.

23       As to overbreadth, Mattel provides no explanation, let alone the

24 required particularity, as to *why* this request is supposedly overly broad, nor can it

25 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

26

27   [22]  See Webster Decl., ¶¶ 6-20.

28

1  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2  contrary, the request is narrowly tailored to seek communications between Mattel

3  and toy manufacturer Early Light, related to the conception, design, manufacture,

4  production, marketing and sales of any BRATZ product.  The relevant time frame of

5  this request is also narrowly tailored as between January 1, 2001 to the present date.

6         As to burden, Mattel has not attempted to demonstrate why responding

7  to this request and/or producing responsive documents presents any burden.  This

8  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

9  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10 request is unduly burdensome must allege specific facts which indicate the nature

11 and extent of the burden, usually by affidavit or other reliable evidence.")

12 Moreover, it is not unduly burdensome, as noted above, in that the request is

13 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

14 has engaged in a broad variety of unfair trade practices including serial copying of

15 MGA products.  MGA is entitled to discovery on these claims.

16        Mattel cites to the May 22, 2007 order, but that order is inapposite to

17 this request, which is much narrower than those considered irrelevant and/or

18 improper by the court.  Specifically, the request is narrowly tailored to

19 communications between Mattel and third parties regarding BRATZ products.

20        As for relevancy, Mattel has not attempted to demonstrate why

21 responding to this request and/or producing responsive documents is irrelevant to

22 the present action.  On the contrary, MGA has alleged that Mattel is engaged in

23 copying of MGA products, packaging, themes and advertising among other unfair

24 competition and trade practices such as attempting to unfairly influence third parties

25 in order to preserve Mattel's market share rankings in the critical fashion doll

26 category.  A request to seek documents/communications as described above is

27 therefore relevant to this action.

28

1        None of Mattel's improper objections are valid and Mattel is obligated

2 to produce all non-privileged responsive documents in its possession, custody, or

3 control.

4 **MATTEL'S RESPONSE:**

5        This Request is "clearly overbroad" according to the prior Discovery

6 Master's May 22, 2007 Order.[23]  In that Order, the Discovery Master denied MGA's

7 motion to compel three requests seeking "all documents referring or relating to

8 Mattel's communications with any buyers, merchandisers, general merchandise

9 managers, retailers, suppliers, licensees, and potential licensees, referring or relating

10 to Bratz, Larian or MGA regarding the origins, design, development, product

11 launch, sales, promotions, advertising, quality, or price of Bratz or any other Bratz

12 product."[24]  The Discovery Master held that the requests were "clearly overbroad"

13 because they "requir[ed] production of documents that merely mention MGA,

14 Larian, Bratz, or other MGA products, regardless of whether or not they have

15 anything to do with the claims and defenses in the case" and "MGA has not made

16 any attempt to link these requests to any of the numerous and far-ranging allegations

17 of unfair competition set forth in its complaint."[25]  This Request is improperly

18 overbroad for the same reasons and must be denied.

19        The Request is also overbroad as to time, seeking communications in a

20 time period that predates any Phase 2 issues related to MGA's allegations unfair

21 trade practices.  The Request is also overbroad to the extent it seeks discovery into

22 events and products that post-date MGA's complaint, filed on April 15, 2005, based

23 on MGA's own argument that was accepted by the Discovery Master in denying

24 discovery Mattel was seeking regarding transactions occurring after the filing of

25

---

26  [23]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

27  [24]  <u>See</u> Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

    [25]  <u>Id.</u> at 17.

28

1 Mattel's complaint.[26]  MGA offers no reason, nor could it consistent with judicial

2 estoppel, why documents post-dating the filing of claims which do not allege

3 continuing wrongdoing are relevant to those claims.

4          Mattel's relevancy objection should also be sustained.  MGA argues

5 that "Mattel has not attempted to demonstrate why responding to this request and/or

6 producing responsive documents is irrelevant to the present action."  However,

7 MGA bears the burden of showing that its discovery meets the relevance

8 requirements of Rule 26(b)(1).[27]  MGA makes the conclusory assertion that this

9 Request is relevant to its allegations that "Mattel is engaged in copying of MGA

10 products, packaging, themes and advertising among other unfair competition and

11 trade practices such as attempting to unfairly influence third parties" but fails to

12 explain how the discovery sought is relevant to these claims.  "A trial court has a

13 duty, of special significance in lengthy and complex cases where the possibility of

14 abuse is always present, to supervise and limit discovery to protect parties and

15 witnesses from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D.

16

17

---

18  [26]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
19  Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
    where MGA argued that its transactions with the entities that financed acquisition of
20  the Wachovia debt were not relevant to Phase 2 because, inter alia, ████████████
                                                              In finding that "there has been
21  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
22  calculated to lead to the discovery of admissible evidence regarding the RICO
    counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
23  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
24  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
    into existence – and therefore apparently did not encompass the activities or the
25  transactions which are the subject of the Financing Discovery."  Discovery Matter
26  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
27  [27]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
    Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
28          (footnote continued)

661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[28]  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, as the prior Discovery Master has recognized, this Request is unduly burdensome.[29]  <u>Rule</u> 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons:

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

---

burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[28]  <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

[29]  <u>See</u> Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.

[30]  Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   [31]   Id. ¶ 10.

26   [32]   Id.

27   [33]   Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

[34]   Moore Decl. ¶ 5, Dart Decl., Exh. 32.

28

1     ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

2     ▉▉▉▉▉▉▉▉▉▉▉▉

3     ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

4     ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

5     ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

6     ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

7     ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

8     ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

9     ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

10     ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

11     ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

12     ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

13     ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

14     ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

15     ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

16     ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

17     There is no basis for overruling Mattel's privilege objection.  MGA's

18 bald assertion that "[t]his request does not seek information protected by the

19 attorney-client privilege, the attorney work product doctrine, or other applicable

20 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

21 agreed that "all privileged documents would be logged except for documents created

22

23

24 ──────────────

25    [35] <u>Id.</u>

26    [36] <u>Id.</u>

     [37] Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

27    [38] <u>Id.</u> ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

     [39] <u>Id.</u>

28

1 after this action was filed on April 27, 2004."[40]  Thus, to the extent  privileged

2 documents fall within the post lawsuit time period, they need not be included on

3 Mattel's log.  Although it bears the burden of showing why this agreement should

4 not be applied to a given Request, MGA fails to do so.

5    Finally, MGA failed to meet and confer at all, much less in good faith,

6 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8 the moving party shall first identify each dispute, state the relief sought and identify

9 the authority supporting the requested relief in a meet and confer letter that shall be

10 served on all parties by facsimile or electronic mail. The parties shall have five court

11 days from the date of service of that letter to conduct an in-person conference to

12 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

13 confer, MGA had the burden to show the relevance of any requests it sought to

14 move on.[41]   At no point during the meet and confer process did MGA show why

15 this Request could be considered relevant to Phase 2 issues.[42]  Because MGA

16 refused to even attempt to make this showing, there was no possibility of a good

17 faith meet and confer to resolve the parties' disputes.  The Discovery Master should

18 deny MGA's motion with respect to this Request on that grounds alone.

19 **REQUEST FOR PRODUCTION NO. 575**

20    All DOCUMENTS and COMMUNICATIONS between Tom

21 Debrowski and EARLY LIGHT REFERRING OR RELATING TO the conception,

22

23 [40] See Order Denying Mattel's Motion for Protective Order Limiting the
24 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
25 3.
 [41] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
27 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
 (S.D. Cal. May 14, 2009).
28

-23-

1    design, manufacture, production, marketing or sale of any BRATZ product.  (The

2    relevant time frame for this request is from January 1, 2001 to the present).

3    **RESPONSE TO REQUEST NO. 575:**

4            In addition to the general objections stated above which are

5    incorporated herein by reference, Mattel objects to this Request on the grounds that

6    it is overbroad and unduly burdensome, including in that it seeks all documents

7    regardless of whether such documents relate to products or matters at issue in this

8    case.  Mattel further objects to the Request on the grounds that it seeks documents

9    that are not relevant to this action or likely to lead to the discovery of admissible

10   evidence.  Mattel further objects on the ground that this Request seeks to circumvent

11   the Discovery Master's Order dated May 22, 2007.

12   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

13   **TO SHOULD BE COMPELLED**

14          Mattel has not agreed to produce documents in response to this request,

15   subject to its improper boilerplate objections.  Mattel has refused to confirm whether

16   or not it has produced all non-privileged responsive documents or whether it is

17   withholding documents based on its objections in Phase 2.  Under the Federal Rules

18   of Civil Procedure, "an objection to part of a request must specify the part and

19   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

20   fail to explain the basis for an objection with specificity are routinely rejected in the

21   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

22   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

23   harassing' are improper – especially when a party fails to submit any evidentiary

24   declarations supporting such objections").  Accordingly, Mattel must be compelled

25

26

27   [42]   See Webster Decl., ¶¶ 6-20.

28

1  either to certify that it has produced all non-privileged responsive documents or to

2  produce all such documents by a date certain.

3      To the extent that Mattel is relying on its blanket objections, they are

4  not sustainable and do not justify Mattel's failure to produce documents.

5      As to overbreadth, Mattel provides no explanation, let alone the

6  required particularity, as to *why* this request is supposedly overly broad, nor can it

7  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

8  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9  contrary, the request is narrowly tailored to seek communications between Mattel

10 executive Tom Debrowski and toy manufacturer Early Light, related to the

11 conception, design, manufacture, production, marketing and sales of any BRATZ

12 product.  The relevant time frame of this request is also narrowly tailored as

13 between January 1, 2001 to the present date.

14     As to burden, Mattel has not attempted to demonstrate why responding

15 to this request and/or producing responsive documents presents any burden.  This

16 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

17 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18 request is unduly burdensome must allege specific facts which indicate the nature

19 and extent of the burden, usually by affidavit or other reliable evidence.")

20 Moreover, it is not unduly burdensome, as noted above, in that the request is

21 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22 has engaged in a broad variety of unfair trade practices including serial copying of

23 MGA products.  MGA is entitled to discovery on these claims.

24     Mattel cites to the May 22, 2007 order, but that order is inapposite to

25 this request, which is much narrower than those considered irrelevant and/or

26 improper by the court.  Specifically, the request is narrowly tailored to

27 communications between Tom Debrowski and Early Light regarding BRATZ

28 products.

1    As for relevancy, Mattel has not attempted to demonstrate why

2  responding to this request and/or producing responsive documents is irrelevant to

3  the present action.  On the contrary, MGA has alleged that Mattel is engaged in

4  copying of MGA products, packaging, themes and advertising among other unfair

5  competition and trade practices such as attempting to unfairly influence third parties

6  in order to preserve Mattel's market share rankings in the critical fashion doll

7  category.  A request to seek documents/communications as described above is

8  therefore relevant to this action.

9    None of Mattel's improper objections are valid and Mattel is obligated

10  to produce all non-privileged responsive documents in its possession, custody, or

11  control.

12  **MATTEL'S RESPONSE:**

13    This Request is "clearly overbroad" according to the prior Discovery

14  Master's May 22, 2007 Order.[43]  In that Order, the Discovery Master denied MGA's

15  motion to compel three requests seeking "all documents referring or relating to

16  Mattel's communications with any buyers, merchandisers, general merchandise

17  managers, retailers, suppliers, licensees, and potential licensees, referring or relating

18  to Bratz, Larian or MGA regarding the origins, design, development, product

19  launch, sales, promotions, advertising, quality, or price of Bratz or any other Bratz

20  product."[44]  The Discovery Master held that the requests were "clearly overbroad"

21  because they "requir[ed] production of documents that merely mention MGA,

22  Larian, Bratz, or other MGA products, regardless of whether or not they have

23  anything to do with the claims and defenses in the case" and "MGA has not made

24  any attempt to link these requests to any of the numerous and far-ranging allegations

25

26

27  [43]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

28  [44]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

1  of unfair competition set forth in its complaint."[45]  This Request is improperly
2  overbroad for the same reasons and must be denied.

3        The Request is also overbroad as to time, seeking communications in a
4  time period that predates any Phase 2 issues related to MGA's allegations of unfair
5  trade practices.  The Request is also overbroad to the extent it seeks discovery into
6  events and products that post-date MGA's complaint, filed on April 15, 2005, based
7  on MGA's own argument that was accepted by the Discovery Master in denying
8  discovery Mattel was seeking regarding transactions occurring after the filing of
9  Mattel's complaint.[46]  MGA offers no reason, nor could it consistent with judicial
10  estoppel, why documents post-dating the filing of claims which do not allege
11  continuing wrongdoing are relevant to those claims.

12        Mattel's relevancy objection should also be sustained.  MGA argues
13  that "Mattel has not attempted to demonstrate why responding to this request and/or
14  producing responsive documents is irrelevant to the present action."  However,
15  MGA bears the burden of showing that its discovery meets the relevance

---

[45]  Id. at 17.
[46]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
where MGA argued that its transactions with the entities that financed acquisition of
the Wachovia debt were not relevant to Phase 2 because, *inter alia,* ██████████
████████████████████████████████████  In finding that "there has been
no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
calculated to lead to the discovery of admissible evidence regarding the RICO
counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
into existence – and therefore apparently did not encompass the activities or the
transactions which are the subject of the Financing Discovery."  Discovery Matter
Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

requirements of Rule 26(b)(1).[47]  MGA makes the conclusory assertion that this Request is relevant to its allegations that "Mattel is engaged in copying of MGA products, packaging, themes and advertising among other unfair competition and trade practices such as attempting to unfairly influence third parties" but fails to explain how the discovery sought is relevant to these claims.  "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[48]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, as the prior Discovery Master has recognized, this Request is unduly burdensome.[49] Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in

---

[47]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[48]  See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

1  the action to obtain the information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The

2  burden of locating and producing the documents responsive to this overbroad

3  Request would greatly outweigh any marginal benefit to MGA, for the following

4  reasons:

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  [49]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.

26  [50]  See Pantel Dec. at ¶ 9.

27  [51]  Id. ¶ 10.

28  [52]  Id.



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    [53]   <u>See</u> Pantel Decl. ¶ 7, Dart Decl., Exh. 31.

25    [54]   <u>Id.</u>

      [55]   Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

26    [56]   Moore Decl. ¶ 5, Dart Decl., Exh. 32.

27    [57]   <u>Id.</u>

      [58]   <u>Id.</u>

28



There is no basis for overruling Mattel's privilege objection.  MGA's
bald assertion that "[t]his request does not seek information protected by the
attorney-client privilege, the attorney work product doctrine, or other applicable
privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
agreed that "all privileged documents would be logged except for documents created
after this action was filed on April 27, 2004."[62]  Thus, to the extent  privileged
documents fall within the post lawsuit time period, they need not be included on

---

[59]  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
[60]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
[61]  Id.
[62]  See Order Denying Mattel's Motion for Protective Order Limiting the
Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
3.

1  Mattel's log.  Although it bears the burden of showing why this agreement should

2  not be applied to a given Request, MGA fails to do so.

3         Finally, MGA failed to meet and confer at all, much less in good faith,

4  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6  the moving party shall first identify each dispute, state the relief sought and identify

7  the authority supporting the requested relief in a meet and confer letter that shall be

8  served on all parties by facsimile or electronic mail. The parties shall have five court

9  days from the date of service of that letter to conduct an in-person conference to

10  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

11  confer, MGA had the burden to show the relevance of any requests it sought to

12  move on.[63]   At no point during the meet and confer process did MGA show why

13  this Request could be considered relevant to Phase 2 issues.[64]  Because MGA

14  refused to even attempt to make this showing, there was no possibility of a good

15  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

16  deny MGA's motion with respect to this Request on that grounds alone.

17  **REQUEST FOR PRODUCTION NO. 576**

18         All DOCUMENTS and COMMUNICATIONS between David Lewis

19  and EARLY LIGHT REFERRING OR RELATING TO the conception, design,

20  manufacture, production, marketing or sale of any BRATZ product.  (The relevant

21  time frame for this request is from January 1, 2001 to the present).

22

23

24

25  [63]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
    Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

26  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

27  (S.D. Cal. May 14, 2009).
    [64]  See Webster Decl., ¶¶ 6-20.

28

**RESPONSE TO REQUEST NO. 576:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it

-33-

1  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

2  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

3  contrary, the request is narrowly tailored to seek communications between Mattel

4  Hong Kong executive David Lewis and toy manufacturer Early Light, related to the

5  conception, design, manufacture, production, marketing and sales of any BRATZ

6  product.  The relevant time frame of this request is also narrowly tailored as

7  between January 1, 2001 to the present date.

8          As to burden, Mattel has not attempted to demonstrate why responding

9  to this request and/or producing responsive documents presents any burden.  This

10  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

11  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12  request is unduly burdensome must allege specific facts which indicate the nature

13  and extent of the burden, usually by affidavit or other reliable evidence.")

14  Moreover, it is not unduly burdensome, as noted above, in that the request is

15  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16  has engaged in a broad variety of unfair trade practices including serial copying of

17  MGA products.  MGA is entitled to discovery on these claims.

18          Mattel cites to the May 22, 2007 order, but that order is inapposite to

19  this request, which is much narrower than those considered irrelevant and/or

20  improper by the court.  Specifically, the request is narrowly tailored to

21  communications between David Lewis and Early Light regarding BRATZ products.

22          As for relevancy, Mattel has not attempted to demonstrate why

23  responding to this request and/or producing responsive documents is irrelevant to

24  the present action.  On the contrary, MGA has alleged that Mattel is engaged in

25  copying of MGA products, packaging, themes and advertising among other unfair

26  competition and trade practices such as attempting to unfairly influence third parties

27  in order to preserve Mattel's market share rankings in the critical fashion doll

28

1  category.  A request to seek documents/communications as described above is

2  therefore relevant to this action.

3        None of Mattel's improper objections are valid and Mattel is obligated

4  to produce all non-privileged responsive documents in its possession, custody, or

5  control.

6  **MATTEL'S RESPONSE:**

7        This Request is "clearly overbroad" according to the prior Discovery

8  Master's May 22, 2007 Order.[65]  In that Order, the Discovery Master denied MGA's

9  motion to compel three requests seeking "all documents referring or relating to

10  Mattel's communications with any buyers, merchandisers, general merchandise

11  managers, retailers, suppliers, licensees, and potential licensees, referring or relating

12  to Bratz, Larian or MGA regarding the origins, design, development, product

13  launch, sales, promotions, advertising, quality, or price of Bratz or any other Bratz

14  product."[66]  The Discovery Master held that the requests were "clearly overbroad"

15  because they "requir[ed] production of documents that merely mention MGA,

16  Larian, Bratz, or other MGA products, regardless of whether or not they have

17  anything to do with the claims and defenses in the case" and "MGA has not made

18  any attempt to link these requests to any of the numerous and far-ranging allegations

19  of unfair competition set forth in its complaint."[67]  This Request is improperly

20  overbroad for the same reasons and must be denied.

21        The Request is also overbroad as to time, seeking communications in a

22  time period that predates any Phase 2 issues related to MGA's allegations of unfair

23  trade practices.  The Request is also overbroad to the extent it seeks discovery into

24  events and products that post-date MGA's complaint, filed on April 15, 2005, based

25  _____

26  [65]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

27  [66]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
   [67]  Id. at 17.

28

1  on MGA's own argument that was accepted by the Discovery Master in denying

2  discovery Mattel was seeking regarding transactions occurring after the filing of

3  Mattel's complaint.[68]  MGA offers no reason, nor could it consistent with judicial

4  estoppel, why documents post-dating the filing of claims which do not allege

5  continuing wrongdoing are relevant to those claims.

6          Mattel's relevancy objection should also be sustained.  MGA argues

7  that "Mattel has not attempted to demonstrate why responding to this request and/or

8  producing responsive documents is irrelevant to the present action."  However,

9  MGA bears the burden of showing that its discovery meets the relevance

10  requirements of <u>Rule</u> 26(b)(1).[69]  MGA makes the conclusory assertion that this

11  Request is relevant to its allegations that "Mattel is engaged in copying of MGA

12  products, packaging, themes and advertising among other unfair competition and

13  trade practices such as attempting to unfairly influence third parties" but fails to

14  explain how the discovery sought is relevant to these claims.  "A trial court has a

15  duty, of special significance in lengthy and complex cases where the possibility of

---

18    [68]  <u>See</u> MGA Parties' Reply In Support of Their Motion to Quash Receiver
19  Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
where MGA argued that its transactions with the entities that financed acquisition of
20  the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ████████
21  ██████████████████████████ In finding that "there has been
no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
22  calculated to lead to the discovery of admissible evidence regarding the RICO
23  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
24  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
25  into existence – and therefore apparently did not encompass the activities or the
transactions which are the subject of the Financing Discovery."  Discovery Matter
26  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
27    [69]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
28    (footnote continued)

1   abuse is always present, to supervise and limit discovery to protect parties and

2   witnesses from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D.

3   661, 664 (E.D.N.Y. 1971); <u>see also Laker Airways Ltd. v. Pan American World</u>

4   <u>Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v.</u>

5   <u>Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the

6   previous Discovery Master has held, a party may not propound document requests

7   as part of a fishing expedition or to discover new claims.[70]  <u>Rivera v. NIBCO, Inc.</u>,

8   364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of

9   discovery to engage in 'fishing expeditions.'").

10          Further, as the prior Discovery Master has recognized, this Request is

11  unduly burdensome.[71]  Rule 26(b)(2)(c) provides that a Court should limit the extent

12  of discovery if it determines that the burden of the proposed discovery outweighs its

13  likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is

14  obtainable from some other source that is more convenient, less burdensome, or less

15  expensive; or the party seeking discovery has had ample opportunity by discovery in

16  the action to obtain the information sought.  See <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The

17  burden of locating and producing the documents responsive to this overbroad

18  Request would greatly outweigh any marginal benefit to MGA, for the following

19  reasons:

20

21

22

23  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1
24  (S.D. Cal. 2009).

25  [70]   <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for
    Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
26  1.

27  [71]   <u>See</u> Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.
    [72]   Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  [73]  Id. ¶ 10.

26  [74]  Id.

27  [75]  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

    [76]  Moore Decl. ¶ 5, Dart Decl., Exh. 32.

28

1 ██████████████████████████████████████████████

2 ██████████████████████████████████████████████

3 ██████████████████████████████████████████████

4 ████████████████████

5 ████████████████████████████████████████████

6 ██████████████████████████████████████████████

7 ██████████████████████████████████████████████

8 ██████████████████████████████████████████████

9 ██████████████████████████████████████████████

10 ██████████████████████████████████████████████

11 ██████████████████████████████████████████████

12 ██████████████████████████████████████████████

13 ██████████████████████████████████████████████

14 ████████████████████████████████████████

15 ████████████████████████████████████████████

16 ██████████████████████████████████████████████

17 ██████████████████████████████████████████████

18 ██████████████████████████████████

19          There is no basis for overruling Mattel's privilege objection.  MGA's

20 bald assertion that "[t]his request does not seek information protected by the

21 attorney-client privilege, the attorney work product doctrine, or other applicable

22 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

23 agreed that "all privileged documents would be logged except for documents created

24

---

[77] Id.

[78] Id.

[79] Pantel Decl. ¶ 11, Dart Decl., Exh. 31.

[80] Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

1  after this action was filed on April 27, 2004."[82]  Thus, to the extent  privileged

2  documents fall within the post lawsuit time period, they need not be included on

3  Mattel's log.  Although it bears the burden of showing why this agreement should

4  not be applied to a given Request, MGA fails to do so.

5           Finally, MGA failed to meet and confer at all, much less in good faith,

6  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8  the moving party shall first identify each dispute, state the relief sought and identify

9  the authority supporting the requested relief in a meet and confer letter that shall be

10 served on all parties by facsimile or electronic mail. The parties shall have five court

11 days from the date of service of that letter to conduct an in-person conference to

12 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

13 confer, MGA had the burden to show the relevance of any requests it sought to

14 move on.[83]  At no point during the meet and confer process did MGA show why

15 this Request could be considered relevant to Phase 2 issues.[84]  Because MGA

16 refused to even attempt to make this showing, there was no possibility of a good

17 faith meet and confer to resolve the parties' disputes. The Discovery Master should

18 deny MGA's motion with respect to this Request on that grounds alone.

19

20

21

22  [81]  Id.

23  [82]  See Order Denying Mattel's Motion for Protective Order Limiting the
    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

24  3.

25  [83]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
    Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

26  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).

27  [84]  See Webster Decl., ¶¶ 6-20.

28

**REQUEST FOR PRODUCTION NO. 577**

All DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO MATTEL'S knowledge or awareness of a business relationship between MGA and EARLY LIGHT or any attempts by MATTEL to assist EARLY LIGHT in any way or interfere with or impact MGA's relationship with EARLY LIGHT.

**RESPONSE TO REQUEST NO. 577:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the terms "assist," "interfere with" and "impact" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections

1    that fail to explain the basis for an objection with specificity are

2    routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

3    234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

4    'overly burdensome and harassing' are improper – especially when a party fails to

5    submit any evidentiary declarations supporting such objections").  Accordingly,

6    Mattel must be compelled either to certify that it has produced all non-privileged

7    responsive documents or to produce all such documents by a date certain.

8          To the extent that Mattel is relying on its blanket objections, they are

9    not sustainable and do not justify Mattel's failure to produce documents.

10         As to overbreadth, Mattel provides no explanation, let alone the

11   required particularity, as to *why* this request is supposedly overly broad, nor can it

12   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

13   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14   contrary, the request is narrowly tailored to seek communications relating to

15   Mattel's knowledge or awareness of a business relationship between MGA and

16   EARLY LIGHT or any attempts by Mattel to assist EARLY LIGHT in any way or

17   interfere with or impact MGA's relationship with EARLY LIGHT.

18         As to burden, Mattel has not attempted to demonstrate why responding

19   to this request and/or producing responsive documents presents any burden.  This

20   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

21   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22   request is unduly burdensome must allege specific facts which indicate the nature

23   and extent of the burden, usually by affidavit or other reliable evidence.")

24   Moreover, it is not unduly burdensome, as noted above, in that the request is

25   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26   has engaged in a broad variety of unfair trade practices including serial copying of

27   MGA products.  MGA is entitled to discovery on these claims.

28

1       This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4       Mattel cites to the May 22, 2007 order, but that order is inapposite to

5   this request, which is much narrower than those considered irrelevant and/or

6   improper by the court.  Specifically, the request is narrowly tailored to

7   communications regarding MGA's relationship with EARLY LIGHT.

8       As for relevancy, Mattel has not attempted to demonstrate why

9   responding to this request and/or producing responsive documents is irrelevant to

10   the present action.  On the contrary, MGA has alleged that Mattel is engaged in

11   copying of MGA products, packaging, themes and advertising among other unfair

12   competition and trade practices such as attempting to unfairly influence third parties

13   in order to preserve Mattel's market share rankings in the critical fashion doll

14   category.  A request to seek documents/communications as described above is

15   therefore relevant to this action.

16       Mattel objects that the request contains confidential, proprietary, and

17   trade secret information.  A Protective Order exists in this case, obviating any

18   concern as to protection of privacy rights and/or commercially sensitive

19   information.

20       None of Mattel's improper objections are valid and Mattel is obligated

21   to produce all non-privileged responsive documents in its possession, custody, or

22   control.

23   **MATTEL'S RESPONSE:**

24       This Request is "grossly overbroad" according to the prior Discovery

25   Master's May 22, 2007 Order.[85]  In that Order, the Discovery Master denied MGA's

26

27       [85]   See Discovery Master Order dated May 22, 2007, at 19, Dart Decl, Exh. 5.

28

1  motion to compel requests that would "requir[e] production of documents referring

2  or relating to MGA's business dealings, without specifying any products or other

3  subject matter limitations."[86]  This Request is improperly overbroad for the same

4  reasons and must be denied.

5          The Request is also overbroad as to time, seeking communications in a

6  time period that predates any Phase 2 issues related to MGA's allegations of unfair

7  trade practices.  The Request is also overbroad to the extent it seeks discovery into

8  events and products that post-date MGA's complaint, filed on April 15, 2005, based

9  on MGA's own argument that was accepted by the Discovery Master in denying

10  discovery Mattel was seeking regarding transactions occurring after the filing of

11  Mattel's complaint.[87]  MGA offers no reason, nor could it consistent with judicial

12  estoppel, why documents post-dating the filing of claims which do not allege

13  continuing wrongdoing are relevant to those claims.

14          The Discovery Master should also uphold Mattel's objection that the

15  terms "assist," "interfere with" and "impact" as used in the Request is vague,

16  ambiguous and overbroad.  MGA has not offered any argument that these terms are

17  not vague, ambiguous, or overbroad, or any definition to clarify their meaning.

18

19  ———————————————

20      [86]  Id. at 17.

21      [87]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
    Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,

22  where MGA argued that its transactions with the entities that financed acquisition of
    the Wachovia debt were not relevant to Phase 2 because, *inter alia*, █████████

23  ████████████████████████████████████  In finding that "there has been

24  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

25  calculated to lead to the discovery of admissible evidence regarding the RICO
    counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

26  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

27  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
    into existence – and therefore apparently did not encompass the activities or the

28          (footnote continued)

1           Mattel's relevancy objection should also be sustained.  MGA argues

2  that "Mattel has not attempted to demonstrate why responding to this request and/or

3  producing responsive documents is irrelevant to the present action."  However,

4  MGA bears the burden of showing that its discovery meets the relevance

5  requirements of <u>Rule</u> 26(b)(1).[88]  MGA makes the conclusory assertion that this

6  Request is relevant to its allegations that "Mattel is engaged in copying of MGA

7  products, packaging, themes and advertising among other unfair competition and

8  trade practices such as attempting to unfairly influence third parties" but fails to

9  explain how the discovery sought is relevant to these claims.  "A trial court has a

10  duty, of special significance in lengthy and complex cases where the possibility of

11  abuse is always present, to supervise and limit discovery to protect parties and

12  witnesses from annoyance and excessive expense."  <u>Dolgow v. Anderson</u>, 53 F.R.D.

13  661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World</u>

14  <u>Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v.</u>

15  <u>Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the

16  previous Discovery Master has held, a party may not propound document requests

17  as part of a fishing expedition or to discover new claims.[89]  <u>Rivera v. NIBCO, Inc.</u>,

18  364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of

19  discovery to engage in 'fishing expeditions.'").

20

21  ————————————

22  transactions which are the subject of the Financing Discovery."  Discovery Matter

23  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

[88]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

24  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

25  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1

  (S.D. Cal. 2009).

26  [89]  <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

  1.

28

1      Further, as the prior Discovery Master has recognized, this Request is

2  unduly burdensome.[90] Rule 26(b)(2)(c) provides that a Court should limit the extent

3  of discovery if it determines that the burden of the proposed discovery outweighs its

4  likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is

5  obtainable from some other source that is more convenient, less burdensome, or less

6  expensive; or the party seeking discovery has had ample opportunity by discovery in

7  the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c).  The

8  burden of locating and producing the documents responsive to this overbroad

9  Request would greatly outweigh any marginal benefit to MGA, for the following

10  reasons:

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  [90] See Discovery Master Order dated May 22, 2007, at 19, Dart Decl, Exh. 5.

27  [91] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

28  [92] Moore Decl. ¶ 5, Dart Decl., Exh. 32.

1  █████████████████████████████████████████████████

2  ████████████████████████████████████████████

3  █████████████████████████████████████████████

4  ███████████████████████████████████████████████

5  ██████████████████████████████████████████

6  ██████████████████████

7    █████████████████████████████████████████████

8  █████████████████████████████████████████████████

9  █████████████████████████████████████████████████

10 █████████████████████████████████████████████████

11 █████████████████████████████████████████████████

12 █████████████████████████████████████████████████

13 █████████████████████████████████████████████████

14 █████████████████████████████████████████████████

15 ████████████████████████████████████████████████

16 ███████████████████████████████████████████

17   ███████████████████████████████████████████████

18 █████████████████████████████████████████████████

19 █████████████████████████████████████████████████

20 █████████████████████████████████████████████████

21         There is no basis for overruling Mattel's privilege objection.  MGA's

22 bald assertion that "[t]his request does not seek information protected by the

23 attorney-client privilege, the attorney work product doctrine, or other applicable

24 _____

25 [93]  <u>Id.</u>

26 [94]  <u>Id.</u>

27 [95]  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

   [96]  <u>Id.</u> ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

28

privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[98] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log. Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[99] At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[100] Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

---

[97] Id.

[98] See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

[99] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[100] See Webster Decl., ¶¶ 6-20.

**REQUEST FOR PRODUCTION NO. 578**

All DOCUMENTS and COMMUNICATIONS authored (in whole or in part) by Tom Debrowski REFERRING OR RELATING TO any business relationship between MGA and EARLY LIGHT. (The relevant time frame for this request is from January 1, 2001 to the present).

**RESPONSE TO REQUEST NO. 578:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

(C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek communications authored (whole or in part) by Mattel executive Tom Debrowski and toy manufacturer Early Light, related to any business relationship between MGA and Early Light.  The relevant time frame of this request is also narrowly tailored as between January 1, 2001 to the present date.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products.  MGA is entitled to discovery on these claims.

1    This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel cites to the May 22, 2007 order, but that order is inapposite to

5   this request, which is much narrower than those considered irrelevant and/or

6   improper by the court.  Specifically, the request is narrowly tailored to

7   communications authored by Tom Debrowski and related to Early Light.

8    As for relevancy, Mattel has not attempted to demonstrate why

9   responding to this request and/or producing responsive documents is irrelevant to

10   the present action.  On the contrary, MGA has alleged that Mattel is engaged in

11   copying of MGA products, packaging, themes and advertising among other unfair

12   competition and trade practices such as attempting to unfairly influence third parties

13   in order to preserve Mattel's market share rankings in the critical fashion doll

14   category.  A request to seek documents/communications as described above is

15   therefore relevant to this action.

16    Mattel objects that the request contains confidential, proprietary, and

17   trade secret information.  A Protective Order exists in this case, obviating any

18   concern as to protection of privacy rights and/or commercially sensitive

19   information.

20    None of Mattel's improper objections are valid and Mattel is obligated

21   to produce all non-privileged responsive documents in its possession, custody, or

22   control.

23   **MATTEL'S RESPONSE:**

24    This Request is "grossly overbroad" according to the prior Discovery

25   Master's May 22, 2007 Order.[101]  In that Order, the Discovery Master denied MGA's

26

27   _____

[101]   <u>See</u> Discovery Master Order dated May 22, 2007, at 19, Dart Decl, Exh. 5.

28

00505.07975/3161688.1

1  motion to compel requests that would "requir[e] production of documents referring

2  or relating to MGA's business dealings, without specifying any products or other

3  subject matter limitations."[102]  This Request is improperly overbroad for the same

4  reasons and must be denied.

5          The Request is also overbroad as to time, seeking communications in a

6  time period that predates any Phase 2 issues related to MGA's allegations of unfair

7  trade practices.  The Request is also overbroad to the extent it seeks discovery into

8  events and products that post-date MGA's complaint, filed on April 15, 2005, based

9  on MGA's own argument that was accepted by the Discovery Master in denying

10  discovery Mattel was seeking regarding transactions occurring after the filing of

11  Mattel's complaint.[103]  MGA offers no reason, nor could it consistent with judicial

12  estoppel, why documents post-dating the filing of claims which do not allege

13  continuing wrongdoing are relevant to those claims.

14          Mattel's relevancy objection should also be sustained.  MGA argues

15  that "Mattel has not attempted to demonstrate why responding to this request and/or

16  producing responsive documents is irrelevant to the present action."  However,

17  MGA bears the burden of showing that its discovery meets the relevance

18

19  _____

20  [102]  Id.

21  [103]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
   Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,

22  where MGA argued that its transactions with the entities that financed acquisition of

23  the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ▮▮▮▮▮▮▮
   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  In finding that "there has been

24  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

25  calculated to lead to the discovery of admissible evidence regarding the RICO
   counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

26  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

27  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
   into existence – and therefore apparently did not encompass the activities or the

28          (footnote continued)

1   requirements of Rule 26(b)(1).[104]  MGA makes the conclusory assertion that this

2   Request is relevant to its allegations that "Mattel is engaged in copying of MGA

3   products, packaging, themes and advertising among other unfair competition and

4   trade practices such as attempting to unfairly influence third parties" but fails to

5   explain how the discovery sought is relevant to these claims.  "A trial court has a

6   duty, of special significance in lengthy and complex cases where the possibility of

7   abuse is always present, to supervise and limit discovery to protect parties and

8   witnesses from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D.

9   661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World

10  Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v.

11  Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the

12  previous Discovery Master has held, a party may not propound document requests

13  as part of a fishing expedition or to discover new claims.[105]  Rivera v. NIBCO, Inc.,

14  364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of

15  discovery to engage in 'fishing expeditions.'").

16          Further, as the prior Discovery Master has recognized, this Request is

17  unduly burdensome.[106]  Rule 26(b)(2)(c) provides that a Court should limit the

18  extent of discovery if it determines that the burden of the proposed discovery

19  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

20

21  _____

    transactions which are the subject of the Financing Discovery."  Discovery Matter

22  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

23  [104] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
    Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

24  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

25  (S.D. Cal. 2009).
    [105] See Order Granting In Part and Denying In Part Mattel's Motion for

26  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

27  1.
    [106] See Discovery Master Order dated May 22, 2007, at 19, Dart Decl, Exh. 5.

28

1   duplicative, or is obtainable from some other source that is more convenient, less

2   burdensome, or less expensive; or the party seeking discovery has had ample

3   opportunity by discovery in the action to obtain the information sought.  See Fed. R.

4   Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

5   to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

6   the following reasons:

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   _____

26   [107]  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

27   [108]  Moore Decl. ¶ 5, Dart Decl., Exh. 32.

      [109]  Id.

28

1  ████████████████████████████████████████████████

2  ███████████████████████████

3  ████████████████████████████████████████

4  ████████████████████████████████████████████████

5  █████████████████████████████████████████████████

6  ████████████████████████████████████████████

7  ██████████████████████████████████████████████████

8  █████████████████████████████████████████████████

9  █████████████████████████████████████████████████

10  █████████████████████████████████████████

11  ██████████████████████████████████████████████████

12  ████████████████████████████████████████████

13  ████████████████████████████████████████████████

14  █████████████████████████████████████████████████

15  █████████████████████████████████████████████████

16  ████████████████████████████████████████

17      There is no basis for overruling Mattel's privilege objection.  MGA's

18  bald assertion that "[t]his request does not seek information protected by the

19  attorney-client privilege, the attorney work product doctrine, or other applicable

20  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

21  agreed that "all privileged documents would be logged except for documents created

22

23

24  ───────────────────────

25  [110]  Id.

26  [111]  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

27  [112]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

28  [113]  Id.

1  after this action was filed on April 27, 2004."[114]  Thus, to the extent  privileged

2  documents fall within the post lawsuit time period, they need not be included on

3  Mattel's log.  Although it bears the burden of showing why this agreement should

4  not be applied to a given Request, MGA fails to do so.

5          Finally, MGA failed to meet and confer at all, much less in good faith,

6  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8  the moving party shall first identify each dispute, state the relief sought and identify

9  the authority supporting the requested relief in a meet and confer letter that shall be

10  served on all parties by facsimile or electronic mail. The parties shall have five court

11  days from the date of service of that letter to conduct an in-person conference to

12  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

13  confer, MGA had the burden to show the relevance of any requests it sought to

14  move on.[115]   At no point during the meet and confer process did MGA show why

15  this Request could be considered relevant to Phase 2 issues.[116]  Because MGA

16  refused to even attempt to make this showing, there was no possibility of a good

17  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

18  deny MGA's motion with respect to this Request on that grounds alone.

19  **REQUEST FOR PRODUCTION NO. 579**

20          All DOCUMENTS and COMMUNICATIONS authored by David

21  Lewis REFERRING OR RELATING TO any business relationship between MGA

22

23  [114]   See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.
    [115]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).

28

1 and EARLY LIGHT.  (The relevant time frame for this request is from January 1,

2 2001 to the present).

3 **RESPONSE TO REQUEST NO. 579:**

4       In addition to the general objections stated above which are

5 incorporated herein by reference, Mattel objects to this Request on the grounds that

6 it is overbroad and unduly burdensome, including in that it seeks all documents

7 regardless of whether such documents relate to products or matters at issue in this

8 case.  Mattel further objects to the Request on the grounds that it seeks documents

9 that are not relevant to this action or likely to lead to the discovery of admissible

10 evidence.  Mattel further objects to this Request on the grounds that it seeks

11 confidential, proprietary and trade secret information, including such information

12 that has no bearing on the claims or defenses in this action.  Mattel further objects to

13 this Request on the grounds that it calls for the disclosure of information subject to

14 the attorney-client privilege, the attorney work-product doctrine and other applicable

15 privileges.

16 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

17 **TO SHOULD BE COMPELLED**

18       Mattel has not agreed to produce documents in response to this request,

19 subject to its improper boilerplate objections.  Mattel has refused to confirm whether

20 or not it has produced all non-privileged responsive documents or whether it is

21 withholding documents based on its objections in Phase 2.  Under the Federal Rules

22 of Civil Procedure, "an objection to part of a request must specify the part and

23 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

24 fail to explain the basis for an objection with specificity are routinely rejected in the

25 Central District.  See <u>A. Farber and Partners, Inc. v. Garber,</u> 234 F.R.D. 186, 188

26

27   [116]   <u>See</u> Webster Decl., ¶¶ 6-20.

28

1  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

2  harassing' are improper – especially when a party fails to submit any evidentiary

3  declarations supporting such objections").  Accordingly, Mattel must be compelled

4  either to certify that it has produced all non-privileged responsive documents or to

5  produce all such documents by a date certain.

6         To the extent that Mattel is relying on its blanket objections, they are

7  not sustainable and do not justify Mattel's failure to produce documents.

8         As to overbreadth, Mattel provides no explanation, let alone the

9  required particularity, as to *why* this request is supposedly overly broad, nor can it

10  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

11  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12  contrary, the request is narrowly tailored to seek communications authored (whole

13  or in part) by Mattel executive David Lewis and toy manufacturer Early Light,

14  related to any business relationship between MGA and Early Light.  The relevant

15  time frame of this request is also narrowly tailored as between January 1, 2001 to

16  the present date.

17         As to burden, Mattel has not attempted to demonstrate why responding

18  to this request and/or producing responsive documents presents any burden.  This

19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

20  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21  request is unduly burdensome must allege specific facts which indicate the nature

22  and extent of the burden, usually by affidavit or other reliable evidence.")

23  Moreover, it is not unduly burdensome, as noted above, in that the request is

24  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

25  has engaged in a broad variety of unfair trade practices including serial copying of

26  MGA products.  MGA is entitled to discovery on these claims.

27

28

1           This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4           Mattel cites to the May 22, 2007 order, but that order is inapposite to

5    this request, which is much narrower than those considered irrelevant and/or

6    improper by the court.  Specifically, the request is narrowly tailored to

7    communications authored by David Lewis and related to Early Light.

8           As for relevancy, Mattel has not attempted to demonstrate why

9    responding to this request and/or producing responsive documents is irrelevant to

10   the present action.  On the contrary, MGA has alleged that Mattel is engaged in

11   copying of MGA products, packaging, themes and advertising among other unfair

12   competition and trade practices such as attempting to unfairly influence third parties

13   in order to preserve Mattel's market share rankings in the critical fashion doll

14   category.  A request to seek documents/communications as described above is

15   therefore relevant to this action.

16          Mattel objects that the request contains confidential, proprietary, and

17   trade secret information.  A Protective Order exists in this case, obviating any

18   concern as to protection of privacy rights and/or commercially sensitive

19   information.

20          None of Mattel's improper objections are valid and Mattel is obligated

21   to produce all non-privileged responsive documents in its possession, custody, or

22   control.

23   **MATTEL'S RESPONSE:**

24          This Request is "grossly overbroad" according to the prior Discovery

25   Master's May 22, 2007 Order.[117]  In that Order, the Discovery Master denied MGA's

26

27      [117]  <u>See</u> Discovery Master Order dated May 22, 2007, at 19, Dart Decl, Exh. 5.

28

1  motion to compel requests that would "requir[e] production of documents referring

2  or relating to MGA's business dealings, without specifying any products or other

3  subject matter limitations."[118] This Request is improperly overbroad for the same

4  reasons and must be denied.

5          The Request is also overbroad as to time, seeking communications in a

6  time period that predates any Phase 2 issues related to MGA's allegations of unfair

7  trade practices.  The Request is also overbroad to the extent it seeks discovery into

8  events and products that post-date MGA's complaint, filed on April 15, 2005, based

9  on MGA's own argument that was accepted by the Discovery Master in denying

10  discovery Mattel was seeking regarding transactions occurring after the filing of

11  Mattel's complaint.[119] MGA offers no reason, nor could it consistent with judicial

12  estoppel, why documents post-dating the filing of claims which do not allege

13  continuing wrongdoing are relevant to those claims.

14          Mattel's relevancy objection should also be sustained.  MGA argues

15  that "Mattel has not attempted to demonstrate why responding to this request and/or

16  producing responsive documents is irrelevant to the present action."  However,

17  MGA bears the burden of showing that its discovery meets the relevance

18

19  —————————————————

20  [118]  Id.

21  [119]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,

22  where MGA argued that its transactions with the entities that financed acquisition of
the Wachovia debt were not relevant to Phase 2 because, *inter alia,* ████████

23  ████████████████████████████  In finding that "there has been

24  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

25  calculated to lead to the discovery of admissible evidence regarding the RICO
counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

26  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

27  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
into existence – and therefore apparently did not encompass the activities or the

28      (footnote continued)

requirements of Rule 26(b)(1).[120]  MGA makes the conclusory assertion that this Request is relevant to its allegations that "Mattel is engaged in copying of MGA products, packaging, themes and advertising among other unfair competition and trade practices such as attempting to unfairly influence third parties" but fails to explain how the discovery sought is relevant to these claims.  "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[121]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, as the prior Discovery Master has recognized, this Request is unduly burdensome.[122]  Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or

---

transactions which are the subject of the Financing Discovery." Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

[120]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[121]  See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

[122]  See Discovery Master Order dated May 22, 2007, at 19, Dart Decl, Exh. 5.

1  duplicative, or is obtainable from some other source that is more convenient, less

2  burdensome, or less expensive; or the party seeking discovery has had ample

3  opportunity by discovery in the action to obtain the information sought.  See Fed. R.

4  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

5  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

6  the following reasons:

7  ████████████████████████████

8  ████████████████████████████████

9  ██████████████████████████████████

10 ██████████████████████████████████

11 ██████████████████████████████████

12 ████████████████████████████████

13 ████████████████████████████████

14 ████████████████████████████████

15 ██████████████████████████████

16 ████████████████████████████████

17 ████████████████████████████████

18 ██████████████████████████████

19 ████████████████████████████████

20 ████████████████████████████████

21 ████████████████████████████

22 ██████████████████████████████

23 ████████████████████████████████

24

25

26  [123]  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

27  [124]  Moore Decl. ¶ 5, Dart Decl., Exh. 32.

    [125]  Id.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18    There is no basis for overruling Mattel's privilege objection.  MGA's

19 bald assertion that "[t]his request does not seek information protected by the

20 attorney-client privilege, the attorney work product doctrine, or other applicable

21 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

22 agreed that "all privileged documents would be logged except for documents created

23

24

25    [126]   Id.

26    [127]   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

27    [128]   Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

28    [129]   Id.

1  after this action was filed on April 27, 2004."[130]  Thus, to the extent  privileged

2  documents fall within the post lawsuit time period, they need not be included on

3  Mattel's log.  Although it bears the burden of showing why this agreement should

4  not be applied to a given Request, MGA fails to do so.

5      Finally, MGA failed to meet and confer at all, much less in good faith,

6  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8  the moving party shall first identify each dispute, state the relief sought and identify

9  the authority supporting the requested relief in a meet and confer letter that shall be

10  served on all parties by facsimile or electronic mail. The parties shall have five court

11  days from the date of service of that letter to conduct an in-person conference to

12  attempt to resolve the dispute.").  In order to engage in a meaningful meet and

13  confer, MGA had the burden to show the relevance of any requests it sought to

14  move on.[131]  At no point during the meet and confer process did MGA show why

15  this Request could be considered relevant to Phase 2 issues.[132]  Because MGA

16  refused to even attempt to make this showing, there was no possibility of a good

17  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

18  deny MGA's motion with respect to this Request on that grounds alone.

19  **REQUEST FOR PRODUCTION NO. 580**

20      All DOCUMENTS produced or provided by MATTEL to EARLY

21  LIGHT REFERRING OR RELATING TO the conception, design, manufacture,

22

---

23  [130]  See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.

   [131]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

   (S.D. Cal. May 14, 2009).

28

production, marketing or sale of any BRATZ product, or any business relationship between MGA and EARLY LIGHT.  (The relevant time frame for this request is from January 1, 2001 to the present).

**RESPONSE TO REQUEST NO. 580:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary

---

[132]   See Webster Decl., ¶¶ 6-20.

1  declarations supporting such objections").  Accordingly, Mattel must be compelled
2  either to certify that it has produced all non-privileged responsive documents or to
3  produce all such documents by a date certain.

4        To the extent that Mattel is relying on its blanket objections, they are
5  not sustainable and do not justify Mattel's failure to produce documents.

6        As to overbreadth, Mattel provides no explanation, let alone the
7  required particularity, as to *why* this request is supposedly overly broad, nor can it
8  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
9  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
10 contrary, the request is narrowly tailored to seek all documents produced or
11 provided by Mattel to Early Light, related to the conception, design, manufacture,
12 production, marketing and sales of any BRATZ product, or any business
13 relationship between MGA and Early Light.  The relevant time frame of this request
14 is also narrowly tailored as between January 1, 2001 to the present date.

15       As to burden, Mattel has not attempted to demonstrate why responding
16 to this request and/or producing responsive documents presents any burden.  This
17 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
18 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
19 request is unduly burdensome must allege specific facts which indicate the nature
20 and extent of the burden, usually by affidavit or other reliable evidence.")
21 Moreover, it is not unduly burdensome, as noted above, in that the request is
22 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
23 has engaged in a broad variety of unfair trade practices including serial copying of
24 MGA products.  MGA is entitled to discovery on these claims.

25       Mattel cites to the May 22, 2007 order, but that order is inapposite to
26 this request, which is much narrower than those considered irrelevant and/or
27 improper by the court.  Specifically, the request is narrowly tailored to documents

28

1 | produced by Mattel to Early Light specifically related to BRATZ products or

2 | business relationship between MGA and Early Light.

3 |       As for relevancy, Mattel has not attempted to demonstrate why

4 | responding to this request and/or producing responsive documents is irrelevant to

5 | the present action.  On the contrary, MGA has alleged that Mattel is engaged in

6 | copying of MGA products, packaging, themes and advertising among other unfair

7 | competition and trade practices such as attempting to unfairly influence third parties

8 | in order to preserve Mattel's market share rankings in the critical fashion doll

9 | category.  A request to seek documents/communications as described above is

10 | therefore relevant to this action.

11 |       Mattel objects that the request contains confidential, proprietary, and

12 | trade secret information.  A Protective Order exists in this case, obviating any

13 | concern as to protection of privacy rights and/or commercially sensitive

14 | information.

15 |       None of Mattel's improper objections are valid and Mattel is obligated

16 | to produce all non-privileged responsive documents in its possession, custody, or

17 | control.

18 | **MATTEL'S RESPONSE:**

19 |       This Request is both "clearly" and "grossly overbroad" according to the

20 | prior Discovery Master's May 22, 2007 Order.[133]  In that Order, the Discovery

21 | Master denied MGA's motion to compel three requests seeking "all documents

22 | referring or relating to Mattel's communications with any buyers, merchandisers,

23 | general merchandise managers, retailers, suppliers, licensees, and potential

24 | licensees, referring or relating to Bratz, Larian or MGA regarding the origins,

25 | design, development, product launch, sales, promotions, advertising, quality, or

26 |

27 |

28 |

1  price of Bratz or any other Bratz product."[134]  The Discovery Master held that the

2  requests were "clearly overbroad" because they "requir[ed] production of documents

3  that merely mention MGA, Larian, Bratz, or other MGA products, regardless of

4  whether or not they have anything to do with the claims and defenses in the case"

5  and "MGA has not made any attempt to link these requests to any of the numerous

6  and far-ranging allegations of unfair competition set forth in its complaint."[135]  The

7  Discovery Master also denied requests that would "requir[e] production of

8  documents referring or relating to MGA's business dealings, without specifying any

9  products or other subject matter limitations."[136]  This Request is improperly

10  overbroad for the same reasons and must be denied.

11        The Request is also overbroad as to time, seeking communications in a

12  time period that predates any Phase 2 issues related to MGA's allegations of unfair

13  trade practices.  The Request is also overbroad to the extent it seeks discovery into

14  events and products that post-date MGA's complaint, filed on April 15, 2005, based

15  on MGA's own argument that was accepted by the Discovery Master in denying

16  discovery Mattel was seeking regarding transactions occurring after the filing of

17  Mattel's complaint.[137]  MGA offers no reason, nor could it consistent with judicial

18

19      [133]  See Discovery Master Order dated May 22, 2007, at 17 and 19, Dart Decl,

20  Exh. 5.

21      [134]  Id. at 16.
    [135]  Id. at 17.

22      [136]  Id. at 19.

23      [137]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
Subpoenas Issued by Mattel, dated February 13, 2009, at 7, Dart Decl., Exh. 6,

24  where MGA argued that its transactions with the entities that financed acquisition of

25  the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  In finding that "there has been

26  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

27  calculated to lead to the discovery of admissible evidence regarding the RICO
counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

28  (footnote continued)

1  estoppel, why documents post-dating the filing of claims which do not allege

2  continuing wrongdoing are relevant to those claims.

3          Mattel's relevancy objection should also be sustained.  MGA argues

4  that "Mattel has not attempted to demonstrate why responding to this request and/or

5  producing responsive documents is irrelevant to the present action."  However,

6  MGA bears the burden of showing that its discovery meets the relevance

7  requirements of Rule 26(b)(1).[138]  MGA makes the conclusory assertion that this

8  Request is relevant to its allegations that "Mattel is engaged in copying of MGA

9  products, packaging, themes and advertising among other unfair competition and

10  trade practices such as attempting to unfairly influence third parties" but fails to

11  explain how the discovery sought is relevant to these claims.  "A trial court has a

12  duty, of special significance in lengthy and complex cases where the possibility of

13  abuse is always present, to supervise and limit discovery to protect parties and

14  witnesses from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D.

15  661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World

16  Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v.

17  Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the

18  previous Discovery Master has held, a party may not propound document requests

19

20

21

---

22  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

23  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
   into existence – and therefore apparently did not encompass the activities or the

24  transactions which are the subject of the Financing Discovery."  Discovery Matter

25  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
  [138]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
  (S.D. Cal. 2009).

28

1  as part of a fishing expedition or to discover new claims.[139]  Rivera v. NIBCO, Inc.,

2  364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of

3  discovery to engage in 'fishing expeditions.'").

4          Further, as the prior Discovery Master has recognized, this Request is

5  unduly burdensome.[140]  Rule 26(b)(2)(c) provides that a Court should limit the

6  extent of discovery if it determines that the burden of the proposed discovery

7  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

8  duplicative, or is obtainable from some other source that is more convenient, less

9  burdensome, or less expensive; or the party seeking discovery has had ample

10  opportunity by discovery in the action to obtain the information sought.  See Fed. R.

11  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

12  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

13  the following reasons:

14  ████████████████████████████████████████████

15  ████████████████████████████████████████████

16  ████████████████████████████████████████████

17  ████████████████████████████████████████████

18  ████████████████████████████████████████████

19  ████████████████████████████████████████████

20  ████████████████████████████████████████████

21  ████████████████████████████████████████████

22

23  [139]  See Order Granting In Part and Denying In Part Mattel's Motion for

24  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

25  1.
     [140]  See Discovery Master Order dated May 22, 2007, at 17 and 19, Dart Decl,

26  Exh. 5.

27  [141]  Pantel Decl. ¶ 9, Dart Decl., Exh. 31.
     [142]  Id. ¶ 10.

28



143 <u>Id.</u>
144 <u>See</u> Pantel Decl. ¶ 7, Dart Decl., Exh. 31.
145 <u>Id.</u>
146 Pantel Decl. ¶ 10, Dart Decl., Exh. 31.



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

147 Moore Decl. ¶ 5, Dart Decl., Exh. 32.
148 Id.
149 Id.
150 Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

1

2

3        Finally, MGA failed to meet and confer at all, much less in good faith,

4 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

5 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6 the moving party shall first identify each dispute, state the relief sought and identify

7 the authority supporting the requested relief in a meet and confer letter that shall be

8 served on all parties by facsimile or electronic mail. The parties shall have five court

9 days from the date of service of that letter to conduct an in-person conference to

10 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

11 confer, MGA had the burden to show the relevance of any requests it sought to

12 move on.[153]   At no point during the meet and confer process did MGA show why

13 this Request could be considered relevant to Phase 2 issues.[154]  Because MGA

14 refused to even attempt to make this showing, there was no possibility of a good

15 faith meet and confer to resolve the parties' disputes.  The Discovery Master should

16 deny MGA's motion with respect to this Request on that grounds alone.

17 **REQUEST FOR PRODUCTION NO. 581**

18        All DOCUMENTS REFERRING OR RELATING TO the identity of

19 licensees of BARBIE or any intellectual property relating to any CONTESTED

20 MATTEL PRODUCT since January 1, 2001.

21

22

23     [151]   Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

24     [152]   Id.

25     [153]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

26 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

27 (S.D. Cal. May 14, 2009).

    [154]   See Webster Decl., ¶¶ 6-20.

28

**RESPONSE TO REQUEST NO. 581:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents regardless of whether such documents relate to products or matters at issue in this case and relates for an unreasonably long time period. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

1         To the extent that Mattel is relying on its blanket objections, they are

2 not sustainable and do not justify Mattel's failure to produce documents.

3         As to overbreadth, Mattel provides no explanation, let alone the

4 required particularity, as to *why* this request is supposedly overly broad, nor can it

5 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

6 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

7 contrary, the request is narrowly tailored to seek documents related to the identity of

8 the licensees of BARBIE or any intellectual property relating to any CONTESTED

9 MATTEL PRODUCT since January 1, 2001.

10         As to burden, Mattel has not attempted to demonstrate why responding

11 to this request and/or producing responsive documents presents any burden. This

12 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

13 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14 request is unduly burdensome must allege specific facts which indicate the nature

15 and extent of the burden, usually by affidavit or other reliable evidence.")

16 Moreover, it is not unduly burdensome, as noted above, in that the request is

17 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

18 has engaged in a broad variety of unfair trade practices including serial copying of

19 MGA products. MGA is entitled to discovery on these claims.

20         This request does not seek documents protected by the attorney-client

21 privilege, the attorney work product doctrine, or other applicable privileges. To the

22 extent that Mattel contends that it does, Mattel must provide a privilege log.

23         As for relevancy, Mattel has not attempted to demonstrate why

24 responding to this request and/or producing responsive documents is irrelevant to

25 the present action. On the contrary, MGA has alleged that Mattel is engaged in

26 copying of MGA products. It seeks to enjoin Mattel from using confusingly similar

27 trade dress, improperly influencing standard-setting and industry organizations,

28 engaging in unfair competition and unfair business practices and diluting MGA's

1   trade dress.  It also seeks damages and profits derived by Mattel for its acts of false

2   designation of origin or affiliation, unfair competition and unfair business practices

3   and dilution.  A request for documents related to the identity of the licensees of

4   BARBIE or any intellectual property relating to any CONTESTED MATTEL

5   PRODUCT since January 1, 2001 is therefore relevant to this action and MGA's

6   claim.

7          Mattel objects that the request contains confidential, proprietary, and

8   trade secret information.  A Protective Order exists in this case, obviating any

9   concern as to protection of privacy rights and/or commercially sensitive

10  information.

11         None of Mattel's improper objections are valid and Mattel is obligated

12  to produce all non-privileged responsive documents in its possession, custody, or

13  control.

14  **MATTEL'S RESPONSE:**

15         MGA's argument that it is entitled to these documents fails on the

16  merits.  MGA argues that "Mattel has not attempted to demonstrate why responding

17  to this request and/or producing responsive documents is irrelevant to the present

18  action."  However, the burden is not on Mattel to show irrelevancy.  Rather, MGA

19  must establish that its discovery meets the relevance requirements of Rule

20  26(b)(1).[155]  MGA asserts that the identity of licensees of Barbie or any intellectual

21  property relating to any CONTESTED MATTEL PRODUCT since January 1, 2001

22  is relevant because it has alleged that Mattel is engaged in copying of MGA

23  products and seeks equitable relief and damages for its other Phase 2 claims – but

24

25  [155]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

    (S.D. Cal. 2009).

28

1  never explains why this information is relevant to those claims. MGA has made no

2  showing how this request is related to the claims and defenses in this case. "A trial

3  court has a duty, of special significance in lengthy and complex cases where the

4  possibility of abuse is always present, to supervise and limit discovery to protect

5  parties and witnesses from annoyance and excessive expense." Dolgow v.

6  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

7  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

8  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

9  (same). As the previous Discovery Master has held, a party may not propound

10  document requests as part of a fishing expedition or to discover new claims.[156]

11  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

12  not condone the use of discovery to engage in 'fishing expeditions.'").

13       Even if it were relevant, the Request is overbroad. The Request seeks

14  information about products that are not at issue in this case. Further, in seeking all

15  documents referring or relating to the idenity of licensees of BARBIE or any other

16  intellectual property relating to any CONTESTED MATTEL PRODUCT for the

17  time period starting in 2001, MGA is seeking an enormous universe of documents

18  that are not even arguably relevant to this case.

19       Further, this Request would impose a massive burden on Mattel. Rule

20  26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines

21  that the burden of the proposed discovery outweighs its likely benefit; the discovery

22  sought is unreasonably cumulative or duplicative, or is obtainable from some other

23  source that is more convenient, less burdensome, or less expensive; or the party

24  seeking discovery has had ample opportunity by discovery in the action to obtain the

---

26  [156]  See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
1.

1    information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

2    producing the documents responsive to this overbroad Request would greatly

3    outweigh any marginal benefit to MGA, for the following reasons:

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    [157]   Pantel Dec. at ¶ 4.

26    [158]   Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

27    [159]   Moore Decl. ¶ 5, Dart Decl., Exh. 32.

28    [160]   Id.



Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). At no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.[163] In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any

---

[161] Id.

[162] Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

[163] See Webster Decl., ¶¶ 6-20.

1  requests it sought to move on.[164]   Because MGA refused to even attempt to make
2  this showing, there was no possibility of a good faith meet and confer to resolve the
3  parties' disputes.  The Discovery Master should deny MGA's motion with respect to
4  this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 582**

6       All license agreements for BARBIE or any intellectual property
7  relating to any CONTESTED MATTEL PRODUCT that was in effect at any time
8  from January 1, 2001 to the present.

9  **RESPONSE TO REQUEST NO. 582:**

10       In addition to the general objections stated above which are
11  incorporated herein by reference, Mattel objects to this Request on the grounds that
12  it is overbroad and unduly burdensome, including in that it seeks all documents
13  regardless of whether such documents relate to products or matters at issue in this
14  case and is for an unreasonable length of time.  Mattel further objects to the Request
15  on the grounds that it seeks documents that are not relevant to this action or likely to
16  lead to the discovery of admissible evidence.  Mattel further objects to this Request
17  on the grounds that it seeks confidential, proprietary and trade secret information,
18  including such information that has no bearing on the claims or defenses in this
19  action.

20  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
21  **TO SHOULD BE COMPELLED**

22       Mattel has improperly limited its agreement to produce documents in
23  response to this request, subject to its improper boilerplate objections.  Mattel has

24

---

25  [164]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).
28

refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek all license agreements for BARBIE or any intellectual property relating to any CONTESTED MATTEL PRODUCT that was in effect at any time from January 1, 2001 to the present date.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

1   has engaged in a broad variety of unfair trade practices including serial copying of

2   MGA products.  MGA is entitled to discovery on these claims.

3        This request does not seek documents protected by the attorney-client

4   privilege, the attorney work product doctrine, or other applicable privileges.  To the

5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6        As for relevancy, Mattel has not attempted to demonstrate why

7   responding to this request and/or producing responsive documents is irrelevant to

8   the present action.  On the contrary, MGA has alleged that Mattel is engaged in

9   copying of MGA products.  It seeks to enjoin Mattel from using confusingly similar

10   trade dress, improperly influencing standard-setting and industry organizations,

11   engaging in unfair competition and unfair business practices and diluting MGA's

12   trade dress.  It also seeks damages and profits derived by Mattel for its acts of false

13   designation of origin or affiliation, unfair competition and unfair business practices

14   and dilution.  A request to seek all license agreements for BARBIE or any

15   intellectual property relating to any CONTESTED MATTEL PRODUCT that was

16   in effect at any time from January 1, 2001 to the present date is therefore relevant to

17   this action and MGA's claim.

18        Mattel objects that the request contains confidential, proprietary, and

19   trade secret information.  A Protective Order exists in this case, obviating any

20   concern as to protection of privacy rights and/or commercially sensitive

21   information.

22        None of Mattel's improper objections are valid and Mattel is obligated

23   to produce all non-privileged responsive documents in its possession, custody, or

24   control.

25   **MATTEL'S RESPONSE:**

26        MGA's argument that it is entitled to these documents fails on the

27   merits.  MGA argues that "Mattel has not attempted to demonstrate why responding

28   to this request and/or producing responsive documents is irrelevant to the present

1    action." However, the burden is not on Mattel to show irrelevancy. Rather, MGA

2    must establish that its discovery meets the relevance requirements of Rule

3    26(b)(1).[165]  MGA asserts that license agreements for BARBIE or any intellectual

4    property relating to any CONTESTED MATTEL PRODUCT that was in effect at

5    any time from January 1, 2001 to the present is relevant because it has alleged that

6    Mattel is engaged in copying of MGA products and seeks equitable relief and

7    damages for its other Phase 2 claims – but never explains why this information is

8    relevant to those claims. MGA has made no showing how this request is related to

9    the claims and defenses in this case. "A trial court has a duty, of special

10   significance in lengthy and complex cases where the possibility of abuse is always

11   present, to supervise and limit discovery to protect parties and witnesses from

12   annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664

13   (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

14   F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

15   Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous

16   Discovery Master has held, a party may not propound document requests as part of a

17   fishing expedition or to discover new claims.[166]  Rivera v. NIBCO, Inc., 364 F.3d

18   1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

19   to engage in 'fishing expeditions.'").

20          Even if it were relevant, the Request is overbroad. In seeking all

21   license agreements for BARBIE or any intellectual property relating to any

---

[165]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[166]  See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

CONTESTED MATTEL PRODUCT that was in effect at any time from January 1, 2001 to the present, MGA is seeking license agreements for products that and in timep periods that are not at issue in this case.

Further, this Request is unduly burdensome for Mattel. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA.

There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created

---

[167] Pantel Dec. at ¶ 4.
[168] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

1  after this action was filed on April 27, 2004."[169]  Thus, to the extent  privileged
2  documents fall within the post lawsuit time period, they need not be included on
3  Mattel's log.  Although it bears the burden of showing why this agreement should
4  not be applied to a given Request, MGA fails to do so.

5          Finally, MGA failed to meet and confer at all, much less in good faith,
6  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
7  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
8  the moving party shall first identify each dispute, state the relief sought and identify
9  the authority supporting the requested relief in a meet and confer letter that shall be
10  served on all parties by facsimile or electronic mail. The parties shall have five court
11  days from the date of service of that letter to conduct an in-person conference to
12  attempt to resolve the dispute.").   At no point during the meet and confer process
13  did the parties discuss this Request or Mattel's response to it.[170]  In order to engage
14  in a meaningful meet and confer, MGA had the burden to show the relevance of any
15  requests it sought to move on.[171]   Because MGA refused to even attempt to make
16  this showing, there was no possibility of a good faith meet and confer to resolve the
17  parties' disputes.  The Discovery Master should deny MGA's motion with respect to
18  this Request on that grounds alone.

19

20

21

22

23  [169]  See Order Denying Mattel's Motion for Protective Order Limiting the
    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
24  3.

25  [170]  See Webster Decl., ¶¶ 6-20.
    [171]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).
28

**REQUEST FOR PRODUCTION NO. 583**

All DOCUMENTS and COMMUNICATIONS REFERRING OR
RELATING TO the conception, reduction to practice, design, marketing, or
promotion of any CONTESTED MATTEL PRODUCT.

**RESPONSE TO REQUEST NO. 583:**

In addition to the general objections stated above which are
incorporated herein by reference, Mattel objects to this Request on the grounds that
it is overbroad and unduly burdensome, including in that it seeks all documents on
this subject without limitation as to time, and regardless of whether such documents
relate to products or matters at issue in this case. Mattel further objects to the use of
the phrase "CONTESTED MATTEL PRODUCT" in this context as vague and
ambiguous. Mattel further objects to the Request on the grounds that it seeks
documents that are not relevant to this action or likely to lead to the discovery of
admissible evidence. Mattel further objects to this Request on the grounds that it
seeks confidential, proprietary and trade secret information, including such
information that has no bearing on the claims or defenses in this action. Mattel
further objects to this Request on the grounds that it calls for the disclosure of
information subject to the attorney-client privilege, the attorney work-product
doctrine and other applicable privileges. Mattel further objects to the extent the
Request seeks documents already produced by Mattel. Such documents will not be
produced again.

Subject to and without waiving the foregoing objections, Mattel
responds as follows: Mattel will produce documents regarding the conception,
reduction to practice and design of the CONTESTED MATTEL PRODUCTS that
are in Mattel's possession, custody, or control, if any, that Mattel has been able to
locate after a diligent search and reasonable inquiry, to the extent not previously
produced.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.

This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek all documents related to the conception, reduction to practice, design, marketing, or promotion of any CONTESTED MATTEL PRODUCT.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

1 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
2 | request is unduly burdensome must allege specific facts which indicate the nature
3 | and extent of the burden, usually by affidavit or other reliable evidence.")
4 | Moreover, it is not unduly burdensome, as noted above, in that the request is
5 | narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
6 | has engaged in a broad variety of unfair trade practices including serial copying of
7 | MGA products. MGA is entitled to discovery on these claims.

8 |     This request does not seek documents protected by the attorney-client
9 | privilege, the attorney work product doctrine, or other applicable privileges. To the
10 | extent that Mattel contends that it does, Mattel must provide a privilege log.

11 |     As for relevancy, Mattel has not attempted to demonstrate why
12 | responding to this request and/or producing responsive documents is irrelevant to
13 | the present action. On the contrary, MGA has alleged that Mattel is engaged in
14 | copying of MGA products. It seeks to enjoin Mattel from using confusingly similar
15 | trade dress, improperly influencing standard-setting and industry organizations,
16 | engaging in unfair competition and unfair business practices and diluting MGA's
17 | trade dress. It also seeks damages and profits derived by Mattel for its acts of false
18 | designation of origin or affiliation, unfair competition and unfair business practices
19 | and dilution. A request to seek all documents related to the conception, reduction to
20 | practice, design, marketing, or promotion of any CONTESTED MATTEL
21 | PRODUCT is therefore relevant to this action and MGA's claim.

22 |     Mattel objects that the request contains confidential, proprietary, and
23 | trade secret information. A Protective Order exists in this case, obviating any
24 | concern as to protection of privacy rights and/or commercially sensitive
25 | information.

26 |     None of Mattel's improper objections are valid and Mattel is obligated
27 | to produce all non-privileged responsive documents in its possession, custody, or
28 | control.

**MATTEL'S RESPONSE:**

Contrary to MGA's statement that Mattel will not confirm that it has produced non-privileged documents, if MGA had met and conferred on these issues, it would have learned that Mattel has already produced all relevant non-privileged documents regarding the conception, reduction to practice and design of the CONTESTED MATTEL PRODUCTS.  Indeed, to date Mattel has already produced over 350,000 pages regarding MY SCENE alone, without limitation by theme or doll, including documents related to its design and development, packaging, advertising, marketing, testing, themes, sales planning, manufacturing and production, among others.  MGA has not provided any basis for asserting that this production is incomplete.  MGA's motion to compel responses to this Request should therefore be denied as moot.

Further, Mattel's limitations were proper.  This Request is "clearly overbroad" according to the prior Discovery Master's May 22, 2007 Order.[172]  In that Order, the Discovery Master held that requests were "clearly overbroad" where they "requir[ed] production of documents that merely mention MGA, Larian, Bratz, or other MGA products, regardless of whether or not they have anything to do with the claims and defenses in the case" and where "MGA has not made any attempt to link these requests to any of the numerous and far-ranging allegations of unfair competition set forth in its complaint."[173]  This Request is improperly overbroad for the same reasons, as MGA has not made any attempt to link this Request for all documents and communications referring or relating to the conception, reduction to practice, design, marketing, or promotion of the CONTESTED MATTEL PRODUCTS to the claims and defenses in this case.

---

[172]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
[173]  Id. at 17.

1      The Request is also overbroad as to time, seeking communications in a

2  time period that predates any Phase 2 issues related to MGA's allegations of unfair

3  trade practices.  The Request is also overbroad to the extent it seeks discovery into

4  events and products that post-date MGA's complaint, filed on April 15, 2005, based

5  on MGA's own argument that was accepted by the Discovery Master in denying

6  discovery Mattel was seeking regarding transactions occurring after the filing of

7  Mattel's complaint.[174]  MGA offers no reason, nor could it consistent with judicial

8  estoppel, why documents post-dating the filing of claims which do not allege

9  continuing wrongdoing are relevant to those claims.

10      Further, as the prior Discovery Master has recognized, as phrased this

11  Request is unduly burdensome.[175]  Rule 26(b)(2)(c) provides that a Court should

12  limit the extent of discovery if it determines that the burden of the proposed

13  discovery outweighs its likely benefit; the discovery sought is unreasonably

14  cumulative or duplicative, or is obtainable from some other source that is more

15  convenient, less burdensome, or less expensive; or the party seeking discovery has

16  had ample opportunity by discovery in the action to obtain the information sought.

17  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and producing the

---

19    [174]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
20  Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
21  where MGA argued that its transactions with the entities that financed acquisition of
    the Wachovia debt were not relevant to Phase 2 because, *inter alia,* ▮▮▮▮▮▮▮▮
22  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  In finding that "there has been
23  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
    calculated to lead to the discovery of admissible evidence regarding the RICO
24  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
25  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
    than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
26  into existence – and therefore apparently did not encompass the activities or the
27  transactions which are the subject of the Financing Discovery."  Discovery Matter
    Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

28

1  documents responsive to this overbroad Request would greatly outweigh any

2  marginal benefit to MGA, for the following reasons:

---

[175] See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.
[176] Pantel Decl. ¶ 9, Dart Decl., Exh. 31.
[177] Id. ¶ 10.
[178] Id.
[179] See Pantel Decl. ¶ 7, Dart Decl., Exh. 31.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24



25   [180] Id.

26   [181] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

27   [182] Moore Decl. ¶ 5, Dart Decl., Exh. 32.
     [183] Id.

28



1

2

3

4

5

6

7

8

9

10

11

12

13    There is no basis for overruling Mattel's privilege objection.  MGA's

14  bald assertion that "[t]his request does not seek information protected by the

15  attorney-client privilege, the attorney work product doctrine, or other applicable

16  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

17  agreed that "all privileged documents would be logged except for documents created

18  after this action was filed on April 27, 2004."[188]  Thus, to the extent  privileged

19  documents fall within the post lawsuit time period, they need not be included on

20  Mattel's log.  Although it bears the burden of showing why this agreement should

21  not be applied to a given Request, MGA fails to do so.

---

[184]  Id.
[185]  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
[186]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
[187]  Id.
[188]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4 the moving party shall first identify each dispute, state the relief sought and identify

5 the authority supporting the requested relief in a meet and confer letter that shall be

6 served on all parties by facsimile or electronic mail. The parties shall have five court

7 days from the date of service of that letter to conduct an in-person conference to

8 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

9 confer, MGA had the burden to show the relevance of any requests it sought to

10 move on.[189]   At no point during the meet and confer process did MGA show why

11 this Request could be considered relevant to Phase 2 issues.[190]  Because MGA

12 refused to even attempt to make this showing, there was no possibility of a good

13 faith meet and confer to resolve the parties' disputes.  The Discovery Master should

14 deny MGA's motion with respect to this Request on that grounds alone.

15 **REQUEST FOR PRODUCTION NO. 584**

16    All DOCUMENTS and COMMUNICATIONS REFERRING OR

17 RELATING TO any COMMUNICATION from MATTEL to any PERSON

18 regarding whether that PERSON, or any other PERSON, should or should not do

19 business with MGA.

20 **RESPONSE TO REQUEST NO. 584:**

21    In addition to the general objections stated above which are

22 incorporated herein by reference, Mattel objects to this Request on the grounds that

23 it is overbroad and unduly burdensome, including in that it seeks all documents on

24

25    [189]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26 Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

28 (S.D. Cal. May 14, 2009).

1 this subject without limitation as to time, and regardless of whether such documents

2 relate to products or matters at issue in this case, and would require Mattel to

3 undertake an unreasonable search determine whether such communications

4 occurred.  Mattel further objects to the Request on the grounds that it seeks

5 documents that are not relevant to this action or likely to lead to the discovery of

6 admissible evidence.  Mattel further objects to the Request on the grounds that it is

7 vague and ambiguous.  Mattel further objects to this Request on the grounds that it

8 seeks confidential, proprietary and trade secret information, including such

9 information that has no bearing on the claims or defenses in this action.  Mattel

10 further objects to this Request on the grounds that it calls for the disclosure of

11 information subject to the attorney-client privilege, the attorney work-product

12 doctrine and other applicable privileges.  Mattel further objects to the extent the

13 Request seeks documents already produced by Mattel.  Such documents will not be

14 produced again.

15 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

16 **TO SHOULD BE COMPELLED**

17         Mattel has not agreed to produce documents in response to this request,

18 subject to its improper boilerplate objections.  Mattel has refused to confirm whether

19 or not it has produced all non-privileged responsive documents or whether it is

20 withholding documents based on its objections in Phase 2.  Under the Federal Rules

21 of Civil Procedure, "an objection to part of a request must specify the part and

22 permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

23 fail to explain the basis for an objection with specificity are routinely rejected in the

24 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

25 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

26

27    [190]  See Webster Decl., ¶¶ 6-20.

28

1  harassing' are improper – especially when a party fails to submit any evidentiary

2  declarations supporting such objections").  Accordingly, Mattel must be compelled

3  either to certify that it has produced all non-privileged responsive documents or to

4  produce all such documents by a date certain.

5          To the extent that Mattel is relying on its blanket objections, they are

6  not sustainable and do not justify Mattel's failure to produce documents.

7          As to overbreadth, Mattel provides no explanation, let alone the

8  required particularity, as to *why* this request is supposedly overly broad, nor can it

9  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

10  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek all documents and communications

12  related to any communication from Mattel to any person regarding whether that

13  person, or any other person, should or should not do business with MGA.

14          As to burden, Mattel has not attempted to demonstrate why responding

15  to this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

17  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22  has engaged in a broad variety of unfair trade practices including serial copying of

23  MGA products.  MGA is entitled to discovery on these claims.

24          This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27          As for relevancy, Mattel has not attempted to demonstrate why

28  responding to this request and/or producing responsive documents is irrelevant to

1   the present action.  On the contrary, MGA has alleged that Mattel is engaged in

2   copying of MGA products, packaging, themes and advertising among other unfair

3   competition and trade practices such as attempting to unfairly influence third parties

4   in order to preserve Mattel's market share rankings in the critical fashion doll

5   category.  A request to seek documents/communications as described above is

6   therefore relevant to this action.

7           Mattel objects that the request contains confidential, proprietary, and

8   trade secret information.  A Protective Order exists in this case, obviating any

9   concern as to protection of privacy rights and/or commercially sensitive

10  information.

11          None of Mattel's improper objections are valid and Mattel is obligated

12  to produce all non-privileged responsive documents in its possession, custody, or

13  control.

14  **MATTEL'S RESPONSE:**

15          This Request is "grossly overbroad" according to the prior Discovery

16  Master's May 22, 2007 Order.[191]  In that Order, the Discovery Master denied MGA's

17  motion to compel requests that would "requir[e] production of documents referring

18  or relating to MGA's business dealings, without specifying any products or other

19  subject matter limitations."[192]  This Request is improperly overbroad for the same

20  reasons and must be denied.  All documents and communications referring or

21  relating to any communication Mattel has made, to anyone, regarding whether that

22  person should or should not do business with MGA is not narrowly tailored to Phase

23  2 issues.  Mattel has communications with countless employees, licensees, and third

24  parties, and virtually any communication related to MGA could be said to be related

25  to the question of whether that person should or should not do business with MGA.

26

27  [191]  See Discovery Master Order dated May 22, 2007, at 19, Dart Decl, Exh. 5.

28

1    The Request is vague and ambiguous as well as it is not clear what documents MGA
2    is seeking.

3         The Request is also overbroad because it has no limitation as to time.  It
4    therefore seeks communications for the time period that predates any Phase 2 issues
5    related to MGA's allegations of unfair trade practices.  The Request is also
6    overbroad to the extent it seeks discovery into events and products that post-date
7    MGA's complaint, filed on April 15, 2005, based on MGA's own argument that was
8    accepted by the Discovery Master in denying discovery Mattel was seeking
9    regarding transactions occurring after the filing of Mattel's complaint.[193]  MGA
10   offers no reason, nor could it consistent with judicial estoppel, why documents post-
11   dating the filing of claims which do not allege continuing wrongdoing are relevant
12   to those claims.

13        Insofar as the Request is not overbroad, Mattel should not be compelled
14   to produce documents responsive to it because such documents have already been
15   produced in this case.  Mattel has produced 17,278 pages of documents relevant to
16   MGA's allegations of unfair competition and trade practices.

17

18   _____

19   [192]  Id.
     [193]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
20   Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
     where MGA argued that its transactions with the entities that financed acquisition of
21   the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ▆▆▆▆▆▆
22   ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆  In finding that "there has been
23   no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
     calculated to lead to the discovery of admissible evidence regarding the RICO
24   counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
25   other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
     than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
26   into existence – and therefore apparently did not encompass the activities or the
27   transactions which are the subject of the Financing Discovery."  Discovery Matter
     Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
28

1            Mattel's relevancy objection should also be sustained.  MGA argues

2   that "Mattel has not attempted to demonstrate why responding to this request and/or

3   producing responsive documents is irrelevant to the present action."  However,

4   MGA bears the burden of showing that its discovery meets the relevance

5   requirements of Rule 26(b)(1).[194]  MGA makes the conclusory assertion that this

6   Request is relevant to its allegations that "Mattel is engaged in copying of MGA

7   products, packaging, themes and advertising among other unfair competition and

8   trade practices such as attempting to unfairly influence third parties" but fails to

9   explain how the discovery sought is relevant to these claims.  "A trial court has a

10  duty, of special significance in lengthy and complex cases where the possibility of

11  abuse is always present, to supervise and limit discovery to protect parties and

12  witnesses from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D.

13  661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World

14  Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v.

15  Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the

16  previous Discovery Master has held, a party may not propound document requests

17  as part of a fishing expedition or to discover new claims.[195]  Rivera v. NIBCO, Inc.,

18  364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of

19  discovery to engage in 'fishing expeditions.'").

20

21

22

---

23  [194]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

24  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

25  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

26  [195]  See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

28

1    Further, as the prior Discovery Master has recognized, this Request is
2    unduly burdensome.[196]  Rule 26(b)(2)(c) provides that a Court should limit the
3    extent of discovery if it determines that the burden of the proposed discovery
4    outweighs its likely benefit; the discovery sought is unreasonably cumulative or
5    duplicative, or is obtainable from some other source that is more convenient, less
6    burdensome, or less expensive; or the party seeking discovery has had ample
7    opportunity by discovery in the action to obtain the information sought.  See Fed. R.
8    Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive
9    to this overbroad Request would greatly outweigh any marginal benefit to MGA, for
10   the following reasons:



196   See Discovery Master Order dated May 22, 2007, at 19, Dart Decl, Exh. 5.
197   Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
198   Moore Decl. ¶ 5, Dart Decl., Exh. 32.