

There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "[t]his request does not seek information protected by the

---

199   Id.
200   Id.
201   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
202   Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

1  attorney-client privilege, the attorney work product doctrine, or other applicable

2  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

3  agreed that "all privileged documents would be logged except for documents created

4  after this action was filed on April 27, 2004."[204]  Thus, to the extent  privileged

5  documents fall within the post lawsuit time period, they need not be included on

6  Mattel's log.  Although it bears the burden of showing why this agreement should

7  not be applied to a given Request, MGA fails to do so.

8          Finally, MGA failed to meet and confer at all, much less in good faith,

9  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

10  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

11  the moving party shall first identify each dispute, state the relief sought and identify

12  the authority supporting the requested relief in a meet and confer letter that shall be

13  served on all parties by facsimile or electronic mail. The parties shall have five court

14  days from the date of service of that letter to conduct an in-person conference to

15  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

16  confer, MGA had the burden to show the relevance of any requests it sought to

17  move on.[205]   At no point during the meet and confer process did MGA show why

18  this Request could be considered relevant to Phase 2 issues.[206]  Because MGA

19  refused to even attempt to make this showing, there was no possibility of a good

20

21  _____

22  [203]  Id.

23  [204]  See Order Denying Mattel's Motion for Protective Order Limiting the
    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

24  3.

25  [205]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
    Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

26  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

27  (S.D. Cal. May 14, 2009).

    [206]  See Webster Decl., ¶¶ 6-20.
28

1 | faith meet and confer to resolve the parties' disputes.  The Discovery Master should

2 | deny MGA's motion with respect to this Request on that grounds alone.

3 | **REQUEST FOR PRODUCTION NO. 585**

4 |     All DOCUMENTS and COMMUNICATIONS REFERRING OR

5 | RELATING TO any restriction or limitation on a PERSON's business dealings with

6 | MGA (whether contractual or otherwise) that MATTEL has suggested, proposed, or

7 | required.  (The relevant time frame for this request is from January 1, 2001 to the

8 | present).

9 | **RESPONSE TO REQUEST NO. 585:**

10 |     In addition to the general objections stated above which are

11 | incorporated herein by reference, Mattel objects to this Request on the grounds that

12 | it is overbroad and unduly burdensome, and regardless of whether such documents

13 | relate to products or matters at issue in this case, and would require Mattel to

14 | undertake an unreasonable search determine whether such communications

15 | occurred.  Mattel further objects to the Request on the grounds that it seeks

16 | documents that are not relevant to this action or likely to lead to the discovery of

17 | admissible evidence.  Mattel further objects to the Request on the grounds that it is

18 | vague and ambiguous.  Mattel further objects to this Request on the grounds that it

19 | seeks confidential, proprietary and trade secret information, including such

20 | information that has no bearing on the claims or defenses in this action.  Mattel

21 | further objects to this Request on the grounds that it calls for the disclosure of

22 | information subject to the attorney-client privilege, the attorney work-product

23 | doctrine and other applicable privileges.  Mattel further objects to the extent the

24 | Request seeks documents already produced by Mattel.  Such documents will not be

25 | produced again.

26

27

28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek all documents and communications related to any restriction or limitation on a person's business dealings with MGA (contractual or otherwise) that Mattel suggested, proposed, or required. The relevant time frame of this request is also narrowly tailored as between January 1, 2001 to the present date.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This

1  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>,

2  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3  request is unduly burdensome must allege specific facts which indicate the nature

4  and extent of the burden, usually by affidavit or other reliable evidence.")

5      Moreover, it is not unduly burdensome, as noted above, in that the

6  request is narrowly tailored to seek only discoverable evidence.  MGA has alleged

7  that Mattel has engaged in a broad variety of unfair trade practices including serial

8  copying of MGA products.  MGA is entitled to discovery on these claims.

9      This request does not seek documents protected by the attorney-client

10  privilege, the attorney work product doctrine, or other applicable privileges.  To the

11  extent that Mattel contends that it does, Mattel must provide a privilege log.

12      As for relevancy, Mattel has not attempted to demonstrate why

13  responding to this request and/or producing responsive documents is irrelevant to

14  the present action.  On the contrary, MGA has alleged that Mattel is engaged in

15  copying of MGA products, packaging, themes and advertising among other unfair

16  competition and trade practices such as attempting to unfairly influence third parties

17  in order to preserve Mattel's market share rankings in the critical fashion doll

18  category.  A request to seek documents/communications as described above is

19  therefore relevant to this action.

20      Mattel objects that the request contains confidential, proprietary, and

21  trade secret information.  A Protective Order exists in this case, obviating any

22  concern as to protection of privacy rights and/or commercially sensitive

23  information.

24      None of Mattel's improper objections are valid and Mattel is obligated

25  to produce all non-privileged responsive documents in its possession, custody, or

26  control.

27

28

1  **MATTEL'S RESPONSE:**

2         This Request is "grossly overbroad" according to the prior Discovery

3  Master's May 22, 2007 Order.[207]  In that Order, the Discovery Master denied MGA's

4  motion to compel requests that would "requir[e] production of documents referring

5  or relating to MGA's business dealings, without specifying any products or other

6  subject matter limitations."[208]  This Request is improperly overbroad for the same

7  reasons and must be denied.  <u>All</u> documents and communications <u>referring</u> or

8  <u>relating to</u> restrictions or limitations on a person's business dealings with MGA that

9  Mattel has suggested, proposed, or required is not narrowly tailored to Phase 2

10 issues.  Mattel has communications with countless employees, licensees, and third

11 parties, and for many (such as employees and licensees), Mattel has contractual

12 relationships that restrict their business dealings with Mattel competitors, including

13 of course MGA.  The number of documents and communications <u>related</u> to these

14 restrictions is vast, and this Request is not narrowly tailored to any Phase 2 issues.

15 The Request is vague and ambiguous as well as it is not clear what documents MGA

16 is seeking.

17        The Request is also overbroad because it seeks communications going

18 back to January 1, 2001, a time period that predates any Phase 2 issues related to

19 MGA's allegations of unfair trade practices.  The Request is also overbroad to the

20 extent it seeks discovery into events and products that post-date MGA's complaint,

21 filed on April 15, 2005, based on MGA's own argument that was accepted by the

22 Discovery Master in denying discovery Mattel was seeking regarding transactions

23 occurring after the filing of Mattel's complaint.[209]  MGA offers no reason, nor could

24

25    [207]  <u>See</u> Discovery Master Order dated May 22, 2007, at 19, Dart Decl, Exh. 5.

26    [208]  <u>Id.</u>

27    [209]  <u>See</u> MGA Parties' Reply In Support of Their Motion to Quash Receiver
      Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,

28    (footnote continued)

1  it consistent with judicial estoppel, why documents post-dating the filing of claims

2  which do not allege continuing wrongdoing are relevant to those claims.

3       Insofar as the Request is not overbroad, Mattel should not be compelled

4  to produce documents responsive to it because such documents have already been

5  produced in this case.  Mattel has produced 17,278 pages of documents relevant to

6  MGA's allegations of unfair competition and trade practices.

7       Mattel's relevancy objection should also be sustained.  MGA argues

8  that "Mattel has not attempted to demonstrate why responding to this request and/or

9  producing responsive documents is irrelevant to the present action."  However,

10  MGA bears the burden of showing that its discovery meets the relevance

11  requirements of <u>Rule</u> 26(b)(1).[210]  MGA makes the conclusory assertion that this

12  Request is relevant to its allegations that "Mattel is engaged in copying of MGA

13  products, packaging, themes and advertising among other unfair competition and

14  trade practices such as attempting to unfairly influence third parties" but fails to

15  explain how the discovery sought is relevant to these claims.  "A trial court has a

16  duty, of special significance in lengthy and complex cases where the possibility of

17  

18  where MGA argued that its transactions with the entities that financed acquisition of

19  the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  In finding that "there has been

20  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

21  calculated to lead to the discovery of admissible evidence regarding the RICO
counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

22  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

23  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
into existence – and therefore apparently did not encompass the activities or the

24  transactions which are the subject of the Financing Discovery."  Discovery Matter

25  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

[210]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1
(S.D. Cal. 2009).

28

1  abuse is always present, to supervise and limit discovery to protect parties and

2  witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D.

3  661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World

4  Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v.

5  Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the

6  previous Discovery Master has held, a party may not propound document requests

7  as part of a fishing expedition or to discover new claims.[211]  Rivera v. NIBCO, Inc.,

8  364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of

9  discovery to engage in 'fishing expeditions.'").

10         Further, as the prior Discovery Master has recognized, this Request is

11  unduly burdensome.[212]  Rule 26(b)(2)(c) provides that a Court should limit the

12  extent of discovery if it determines that the burden of the proposed discovery

13  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

14  duplicative, or is obtainable from some other source that is more convenient, less

15  burdensome, or less expensive; or the party seeking discovery has had ample

16  opportunity by discovery in the action to obtain the information sought.  See Fed. R.

17  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

18  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

19  the following reasons:

20  ██████████████████████████████

21  ███████████████████████████████

22  █████████████████████████████████

23  ████████████████████████████████

24

25  [211]  See Order Granting In Part and Denying In Part Mattel's Motion for

26  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

27  1.
    [212]  See Discovery Master Order dated May 22, 2007, at 19, Dart Decl, Exh. 5.

28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    [213] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

26    [214] Moore Decl. ¶ 5, Dart Decl., Exh. 32.

27    [215] Id.

28    [216] Id.



Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court

[217] Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
[218] Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
[219] Id.
[220] See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1   days from the date of service of that letter to conduct an in-person conference to

2   attempt to resolve the dispute.").   In order to engage in a meaningful meet and

3   confer, MGA had the burden to show the relevance of any requests it sought to

4   move on.[221]   At no point during the meet and confer process did MGA show why

5   this Request could be considered relevant to Phase 2 issues.[222]   Because MGA

6   refused to even attempt to make this showing, there was no possibility of a good

7   faith meet and confer to resolve the parties' disputes.  The Discovery Master should

8   deny MGA's motion with respect to this Request on that grounds alone.

9   **REQUEST FOR PRODUCTION NO. 587**

10          ALL DOCUMENTS and COMMUNICATIONS REFERRING OR

11  RELATING TO any COMMUNICATION sent by MATTEL to any PERSON

12  asserting, alleging or suggesting that MGA is infringing MATTEL's intellectual

13  property rights. (The relevant time frame for this request is from January 1, 2001 to

14  the present).

15  **RESPONSE TO REQUEST NO. 587**

16          In addition to the general objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it is overbroad and unduly burdensome, including in that it seeks all documents

19  regardless of whether such documents relate to products or matters at issue in this

20  case.  Mattel further objects to the Request on the grounds that it seeks documents

21  that are not relevant to this action or likely to lead to the discovery of admissible

22  evidence.  Mattel further objects to this Request on the grounds that it seeks

23  confidential, proprietary and trade secret information, including such information

24

25  [221]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

    (S.D. Cal. May 14, 2009).

28

1    that has no bearing on the claims or defenses in this action.  Mattel further objects to

2    this Request on the grounds that it calls for the disclosure of information subject to

3    the attorney-client privilege, the attorney work-product doctrine and other applicable

4    privileges.

5    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

6    **TO SHOULD BE COMPELLED**

7              Mattel has not agreed to produce documents in response to this request,

8    subject to its improper boilerplate objections.  Mattel has refused to confirm whether

9    or not it has produced all non-privileged responsive documents or whether it is

10   withholding documents based on its objections in Phase 2.  Under the Federal Rules

11   of Civil Procedure, "an objection to part of a request must specify the part and

12   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

13   fail to explain the basis for an objection with specificity are routinely rejected in the

14   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

15   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

16   harassing' are improper – especially when a party fails to submit any evidentiary

17   declarations supporting such objections").  Accordingly, Mattel must be compelled

18   either to certify that it has produced all non-privileged responsive documents or to

19   produce all such documents by a date certain.

20             To the extent that Mattel is relying on its blanket objections, they are

21   not sustainable and do not justify Mattel's failure to produce documents.

22             As to overbreadth, Mattel provides no explanation, let alone the

23   required particularity, as to **why** this request is supposedly overly broad, nor can it

24   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

25   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26

27   [222]  See Webster Decl., ¶¶ 6-20.

28

1  contrary, the request is narrowly tailored to seek communications by Mattel, during

2  a narrowly defined and specified timeframe, asserting, alleging or suggesting that

3  MGA is infringing Mattel's intellectual property rights.

4          As to burden, Mattel has not attempted to demonstrate why responding

5  to this request and/or producing responsive documents presents any burden.  This

6  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

7  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8  request is unduly burdensome must allege specific facts which indicate the nature

9  and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

12  has engaged in various unfair trade practices, including threatening retailers and

13  suppliers to cease doing business with MGA and making false statements about

14  MGA products and product sales, as alleged in paragraph 113 of MGA's Complaint

15  and in MGA's Second Affirmative Defense.  MGA is entitled to discovery on these

16  claims.

17          Mattel objects that the request contains confidential, proprietary and

18  trade secret information.  A Protective Order exists in this case, obviating any

19  concern as to protection of privacy rights and/or commercially sensitive

20  information.

21          This request does not seek documents protected by the attorney-client

22  privilege, the attorney work product doctrine, or other applicable privileges.  To the

23  extent that Mattel contends that it does, Mattel must provide a privilege log.  None

24  of Mattel's improper objections are valid and Mattel is obligated to produce all non-

25  privileged responsive documents in its possession, custody, or control.

26  **MATTEL'S RESPONSE:**

27          Mattel's relevancy objection should be sustained.  MGA bears the

28  burden of showing that its discovery meets the relevance requirements of Rule

1   26(b)(1).[223]   MGA makes the conclusory assertion that this Request is relevant to its

2   allegations that "Mattel has engaged in various unfair trade practices, including

3   threatening retailers and suppliers to cease doing business with MGA and making

4   false statements about MGA products and product sales," but fails to explain how

5   the discovery sought is relevant to these claims.  "A trial court has a duty, of special

6   significance in lengthy and complex cases where the possibility of abuse is always

7   present, to supervise and limit discovery to protect parties and witnesses from

8   annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664

9   (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

10  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

11  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

12  Discovery Master has held, a party may not propound document requests as part of a

13  fishing expedition or to discover new claims.[224]  Rivera v. NIBCO, Inc., 364 F.3d

14  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

15  to engage in 'fishing expeditions.'").

16          Further, this Request is overbroad.  All documents and communications

17  referring or relating to communications sent by MATTEL to any PERSON

18  asserting, alleging or suggesting that MGA is infringing MATTEL's intellectual

19  property rights is not narrowly tailored to Phase 2 issues.  The Request is also

20  overbroad because it seeks communications going back to January 1, 2001, a time

21  period that predates any Phase 2 issues related to MGA's allegations of unfair trade

---

23  [223]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
24  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
25  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. 2009).
26  [224]   See Order Granting In Part and Denying In Part Mattel's Motion for
27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
    1.

1   practices.  The Request is also overbroad to the extent it seeks discovery into events

2   and products that post-date MGA's complaint, filed on April 15, 2005, based on

3   MGA's own argument that was accepted by the Discovery Master in denying

4   discovery Mattel was seeking regarding transactions occurring after the filing of

5   Mattel's complaint.[225]  MGA offers no reason, nor could it consistent with judicial

6   estoppel, why documents post-dating the filing of claims which do not allege

7   continuing wrongdoing are relevant to those claims.

8          Further this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

9   that a Court should limit the extent of discovery if it determines that the burden of

10  the proposed discovery outweighs its likely benefit; the discovery sought is

11  unreasonably cumulative or duplicative, or is obtainable from some other source that

12  is more convenient, less burdensome, or less expensive; or the party seeking

13  discovery has had ample opportunity by discovery in the action to obtain the

14  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

15  producing the documents responsive to this overbroad Request would greatly

16  outweigh any marginal benefit to MGA, for the following reasons:

17

18

_____

19  [225]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

20  Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,

21  where MGA argued that its transactions with the entities that financed acquisition of
    the Wachovia debt were not relevant to Phase 2 because, *inter alia,* ███████████

22  ████████████████████████████████████  In finding that "there has been

23  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
    calculated to lead to the discovery of admissible evidence regarding the RICO

24  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

25  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
    than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26  into existence – and therefore apparently did not encompass the activities or the

27  transactions which are the subject of the Financing Discovery."  Discovery Matter
    Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

28



226 Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
227 Moore Decl. ¶ 5, Dart Decl., Exh. 32.
228 Id.
229 Id.

1
2
3
4
5
6
7
8
9
10
11



12        There is no basis for overruling Mattel's privilege objection.  MGA's

13   bald assertion that "[t]his request does not seek information protected by the

14   attorney-client privilege, the attorney work product doctrine, or other applicable

15   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

16   agreed that "all privileged documents would be logged except for documents created

17   after this action was filed on April 27, 2004."[233]  Thus, to the extent  privileged

18   documents fall within the post lawsuit time period, they need not be included on

19   Mattel's log.  Although it bears the burden of showing why this agreement should

20   not be applied to a given Request, MGA fails to do so.

21        Finally, MGA failed to meet and confer at all, much less in good faith,

22   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

---

[230]  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
[231]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
[232]  Id.
[233]  See Order Denying Mattel's Motion for Protective Order Limiting the
Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
3.

1  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

2  the moving party shall first identify each dispute, state the relief sought and identify

3  the authority supporting the requested relief in a meet and confer letter that shall be

4  served on all parties by facsimile or electronic mail. The parties shall have five court

5  days from the date of service of that letter to conduct an in-person conference to

6  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

7  confer, MGA had the burden to show the relevance of any requests it sought to

8  move on.[234]   At no point during the meet and confer process did MGA show why

9  this Request could be considered relevant to Phase 2 issues.[235]  Because MGA

10  refused to even attempt to make this showing, there was no possibility of a good

11  faith meet and confer to resolve the parties' disputes. The Discovery Master should

12  deny MGA's motion with respect to this Request on that grounds alone.

13  **REQUEST FOR PRODUCTION NO. 588**

14           All DOCUMENTS or COMMUNICATIONS REFERRING OR

15  RELATING to any assertion, allegation or suggestion by any PERSON (other than

16  the parties in this ACTION) that MATTEL's advertising or promotional materials

17  are false and misleading.  (The relevant time frame for this request is from January

18  1, 2001 to the present).

19  **RESPONSE TO REQUEST NO. 588:**

20           In addition to the general objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it is overbroad and unduly burdensome, including in that it seeks all documents

23  regardless of whether such documents relate to products or matters at issue in this

24

25  [234]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

   (S.D. Cal. May 14, 2009).

28

1   case. Mattel further objects to the Request on the grounds that it seeks documents

2   that are not relevant to this action or likely to lead to the discovery of admissible

3   evidence. Mattel further objects to this Request on the grounds that it seeks

4   confidential, proprietary and trade secret information, including such information

5   that has no bearing on the claims or defenses in this action. Mattel further objects to

6   this Request on the grounds that it calls for the disclosure of information subject to

7   the attorney-client privilege, the attorney work-product doctrine and other applicable

8   privileges.

9   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

10  **TO SHOULD BE COMPELLED**

11         Mattel has not agreed to produce documents in response to this request,

12  subject to its improper boilerplate objections. Mattel has refused to confirm whether

13  or not it has produced all non-privileged responsive documents or whether it is

14  withholding documents based on its objections in Phase 2. Under the Federal Rules

15  of Civil Procedure, "an objection to part of a request must specify the part and

16  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

17  fail to explain the basis for an objection with specificity are routinely rejected in the

18  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

19  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

20  harassing' are improper – especially when a party fails to submit any evidentiary

21  declarations supporting such objections"). Accordingly, Mattel must be compelled

22  either to certify that it has produced all non-privileged responsive documents or to

23  produce all such documents by a date certain.

24         To the extent that Mattel is relying on its blanket objections, they are

25  not sustainable and do not justify Mattel's failure to produce documents.[235]

26

27  [235] See Webster Decl., ¶¶ 6-20.

28

1    As to overbreadth, Mattel provides no explanation, let alone the

2    required particularity, as to **why** this request is supposedly overly broad, nor can it

3    do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

4    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

5    contrary, the request is narrowly tailored to seek communications by Mattel, during

6    a narrowly defined and specified timeframe, asserting, alleging or suggesting that

7    Mattel's advertising or promotional materials are false and misleading.

8    As to burden, Mattel has not attempted to demonstrate why responding

9    to this request and/or producing responsive documents presents any burden. This

10   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

11   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12   request is unduly burdensome must allege specific facts which indicate the nature

13   and extent of the burden, usually by affidavit or other reliable evidence.")

14   Moreover, it is not unduly burdensome, as noted above, in that the request is

15   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

16   has engaged in various unfair trade practices, including threatening retailers and

17   suppliers to cease doing business with MGA and making false statements about

18   MGA products and product sales, as alleged in paragraph 113 of MGA's Complaint

19   and in MGA's Second Affirmative Defense. MGA is entitled to discovery on these

20   claims.

21   Mattel objects that the request contains confidential, proprietary and

22   trade secret information. A Protective Order exists in this case, obviating any

23   concern as to protection of privacy rights and/or commercially sensitive

24   information.

25   This request does not seek documents protected by the attorney-client

26   privilege, the attorney work product doctrine, or other applicable privileges. To the

27   extent that Mattel contends that it does, Mattel must provide a privilege log.

28

00505.07975/3161688.1

1    None of Mattel's improper objections are valid and Mattel is obligated

2  to produce all non-privileged responsive documents in its possession, custody, or

3  control.

4  **MATTEL'S RESPONSE:**

5    This Request is overbroad.  <u>All</u> documents and communications

6  <u>referring</u> or <u>relating to</u> any assertion, allegation, or suggestion by any person (other

7  than a party to this action) that Mattel's advertising or promotional materials are

8  false and misleading is not narrowly tailored to Phase 2 issues.  There is no

9  limitation as to individuals or to claims or defenses in this case.  The Request is also

10 overbroad because it seeks communications going back to January 1, 2001, a time

11 period that predates any Phase 2 issues related to MGA's allegations of unfair trade

12 practices.  The Request is also overbroad to the extent it seeks discovery into events

13 and products that post-date MGA's complaint, filed on April 15, 2005, based on

14 MGA's own argument that was accepted by the Discovery Master in denying

15 discovery Mattel was seeking regarding transactions occurring after the filing of

16 Mattel's complaint.[236]  MGA offers no reason, nor could it consistent with judicial

17

18

---

19  [236]  <u>See</u> MGA Parties' Reply In Support of Their Motion to Quash Receiver
20 Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
   where MGA argued that its transactions with the entities that financed acquisition of
21 the Wachovia debt were not relevant to Phase 2 because, *inter alia,* ▮▮▮▮▮▮▮▮
22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  In finding that "there has been
23 no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
   calculated to lead to the discovery of admissible evidence regarding the RICO
24 counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
25 other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
   than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
26 into existence – and therefore apparently did not encompass the activities or the
27 transactions which are the subject of the Financing Discovery."  Discovery Matter
   Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
28

1  estoppel, why documents post-dating the filing of claims which do not allege

2  continuing wrongdoing are relevant to those claims.

3        Mattel's relevancy objection should also be sustained.  MGA bears the

4  burden of showing that its discovery meets the relevance requirements of Rule

5  26(b)(1).[237]  MGA makes the conclusory assertion that this Request is relevant to its

6  allegations that "Mattel has engaged in various unfair trade practices, including

7  threatening retailers and suppliers to cease doing business with MGA and making

8  false statements about MGA products and product sales," but fails to explain how

9  the discovery sought is relevant to these claims.  "A trial court has a duty, of special

10  significance in lengthy and complex cases where the possibility of abuse is always

11  present, to supervise and limit discovery to protect parties and witnesses from

12  annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664

13  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

14  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

15  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

16  Discovery Master has held, a party may not propound document requests as part of a

17  fishing expedition or to discover new claims.[238]  Rivera v. NIBCO, Inc., 364 F.3d

18  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

19  to engage in 'fishing expeditions.'").

20        Further this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

21  that a Court should limit the extent of discovery if it determines that the burden of

22

23  [237]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

24  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

25  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. 2009).

26  [238]  See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
    1.

28

1   the proposed discovery outweighs its likely benefit; the discovery sought is

2   unreasonably cumulative or duplicative, or is obtainable from some other source that

3   is more convenient, less burdensome, or less expensive; or the party seeking

4   discovery has had ample opportunity by discovery in the action to obtain the

5   information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

6   producing the documents responsive to this overbroad Request would greatly

7   outweigh any marginal benefit to MGA, for the following reasons:



239  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
240  Moore Decl. ¶ 5, Dart Decl., Exh. 32.
241  Id.

1  ████████████████████████████████████████████████████

2  ███████████████████████

3     ████████████████████████████████████████

4  ████████████████████████████████████████████████

5  ██████████████████████████████████████████████████

6  ████████████████████████████████████████████████

7  ████████████████████████████████████████████████████

8  ██████████████████████████████████████████████████

9  ████████████████████████████████████████████████████

10 ████████████████████████████████████████████

11 ██████████████████████████████████████████████████

12 ████████████████████████████████████████████

13    ██████████████████████████████████████████████████

14 ████████████████████████████████████████████████████

15 ██████████████████████████████████████████████████████

16 ██████████████████████████████████████████████████████

17 ██████████████

18     There is no basis for overruling Mattel's privilege objection.  MGA's

19 bald assertion that "[t]his request does not seek information protected by the

20 attorney-client privilege, the attorney work product doctrine, or other applicable

21 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

22 agreed that "all privileged documents would be logged except for documents created

23

24 _____

25  242 Id.

26  243 Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

27  244 Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

28  245 Id.

1  after this action was filed on April 27, 2004."[246]  Thus, to the extent  privileged

2  documents fall within the post lawsuit time period, they need not be included on

3  Mattel's log.  Although it bears the burden of showing why this agreement should

4  not be applied to a given Request, MGA fails to do so.

5          Finally, MGA failed to meet and confer at all, much less in good faith,

6  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8  the moving party shall first identify each dispute, state the relief sought and identify

9  the authority supporting the requested relief in a meet and confer letter that shall be

10  served on all parties by facsimile or electronic mail. The parties shall have five court

11  days from the date of service of that letter to conduct an in-person conference to

12  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

13  confer, MGA had the burden to show the relevance of any requests it sought to

14  move on.[247]   At no point during the meet and confer process did MGA show why

15  this Request could be considered relevant to Phase 2 issues.[248]  Because MGA

16  refused to even attempt to make this showing, there was no possibility of a good

17  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

18  deny MGA's motion with respect to this Request on that grounds alone.

19  **REQUEST FOR PRODUCTION NO. 589**

20          All DOCUMENTS or COMMUNICATIONS REFERRING OR

21  RELATING to any assertion, allegation or suggestion by any PERSON (other than

---

23  [246]  See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.

[247]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

28  (S.D. Cal. May 14, 2009).

1 | the parties in this ACTION) that MATTEL is infringing on that other PERSON's

2 | intellectual property rights. (The relevant time frame for this request is from

3 | January 1, 2001 to the present).

4 | **RESPONSE TO REQUEST NO. 589**

5 | In addition to the general objections stated above which are

6 | incorporated herein by reference, Mattel objects to this Request on the grounds that

7 | it is overbroad and unduly burdensome, including in that it seeks all documents

8 | regardless of whether such documents relate to products or matters at issue in this

9 | case. Mattel further objects on the grounds that the Request is vague and

10 | ambiguous. Mattel further objects to the Request on the grounds that it seeks

11 | documents that are not relevant to this action or likely to lead to the discovery of

12 | admissible evidence. Mattel further objects to this Request on the grounds that it

13 | seeks confidential, proprietary and trade secret information, including such

14 | information that has no bearing on the claims or defenses in this action. Mattel

15 | further objects to this Request on the grounds that it calls for the disclosure of

16 | information subject to the attorney-client privilege, the attorney work-product

17 | doctrine and other applicable privileges.

18 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

19 | **TO SHOULD BE COMPELLED**

20 | Mattel has not agreed to produce documents in response to this request,

21 | subject to its improper boilerplate objections. Mattel has refused to confirm whether

22 | or not it has produced all non-privileged responsive documents or whether it is

23 | withholding documents based on its objections in Phase 2. Under the Federal Rules

24 | of Civil Procedure, "an objection to part of a request must specify the part and

25 | permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

26 |

27 | [248]  See Webster Decl., ¶¶ 6-20.

28 |

1  fail to explain the basis for an objection with specificity are routinely rejected in the

2  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

3  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

4  harassing' are improper – especially when a party fails to submit any evidentiary

5  declarations supporting such objections").  Accordingly, Mattel must be compelled

6  either to certify that it has produced all non-privileged responsive documents or to

7  produce all such documents by a date certain.

8          To the extent that Mattel is relying on its blanket objections, they are

9  not sustainable and do not justify Mattel's failure to produce documents.

10         As to overbreadth, Mattel provides no explanation, let alone the

11  required particularity, as to *why* this request is supposedly overly broad, nor can it

12  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

13  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14  contrary, the request is narrowly tailored to seek communications to Mattel alleging

15  that Mattel has infringed on the communicator's intellectual property rights.

16         As to burden, Mattel has not attempted to demonstrate why responding

17  to this request and/or producing responsive documents presents any burden.  This

18  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

19  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20  request is unduly burdensome must allege specific facts which indicate the nature

21  and extent of the burden, usually by affidavit or other reliable evidence.")

22  Moreover, it is not unduly burdensome, as noted above, in that the request is

23  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

24  has engaged in various unfair trade practices, including serial copying of MGA

25  products.  MGA is entitled to discovery on these claims.

26         Mattel objects that the request is "vague and ambiguous" but does not

27  specify what part or terms of the request it finds "vague or ambiguous."  This

28

1   objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

2   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.

3          Mattel objects that the request contains confidential, proprietary and

4   trade secret information.  A Protective Order exists in this case, obviating any

5   concern as to protection of privacy rights and/or commercially sensitive

6   information.

7          This request does not seek documents protected by the attorney-client

8   privilege, the attorney work product doctrine, or other applicable privileges.  To the

9   extent that Mattel contends that it does, Mattel must provide a privilege log.

10          None of Mattel's improper objections are valid and Mattel is obligated

11   to produce all non-privileged responsive documents in its possession, custody, or

12   control.

13   **MATTEL'S RESPONSE:**

14          Mattel's relevancy objection should be sustained.  MGA bears the

15   burden of showing that its discovery meets the relevance requirements of <u>Rule</u>

16   <u>26(b)(1)</u>.[249]  However, MGA fails to make this showing.  MGA makes the

17   conclusory assertion that this Request is relevant to because "MGA has alleged that

18   Mattel has engaged in various unfair trade practices, including serial copying of

19   MGA products."  But MGA does not explain how allegations of infringement by

20   non-parties to this action are to MGA's unfair trade practices claims.  "A trial court

21   has a duty, of special significance in lengthy and complex cases where the

22   possibility of abuse is always present, to supervise and limit discovery to protect

23   parties and witnesses from annoyance and excessive expense."  <u>Dolgow v.</u>

24

---

25   [249]   <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26   Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27   burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1

     (S.D. Cal. 2009).

28

1  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

2  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

3  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

4  (same).  As the previous Discovery Master has held, a party may not propound

5  document requests as part of a fishing expedition or to discover new claims.[250]

6  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

7  not condone the use of discovery to engage in 'fishing expeditions.'").

8         Further, this Request is overbroad.  All documents and communications

9  referring or relating to any assertion, allegation, or suggestion by any person (other

10 than a party to this action) that Mattel is infringing on that person's intellectual

11 property rights is not narrowly tailored to Phase 2 issues.  There is no limitation as

12 to individuals or to claims or defenses in this case.  The Request is also overbroad

13 because it seeks communications going back to January 1, 2001, a time period that

14 predates any Phase 2 issues related to MGA's allegations of unfair trade practices.

15 The Request is also overbroad to the extent it seeks discovery into events and

16 products that post-date MGA's complaint, filed on April 15, 2005, based on MGA's

17 own argument that was accepted by the Discovery Master in denying discovery

18 Mattel was seeking regarding transactions occurring after the filing of Mattel's

19 complaint.[251]  MGA offers no reason, nor could it consistent with judicial estoppel,

20

21    [250]  See Order Granting In Part and Denying In Part Mattel's Motion for
22  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
23  1.
       [251]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
24  Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
25  where MGA argued that its transactions with the entities that financed acquisition of
     the Wachovia debt were not relevant to Phase 2 because, inter alia, ▮▮▮▮▮▮▮▮
26  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  In finding that "there has been
27  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
     calculated to lead to the discovery of admissible evidence regarding the RICO
28       (footnote continued)

1   why documents post-dating the filing of claims which do not allege continuing

2   wrongdoing are relevant to those claims.

3            To any extent the Request is not overbroad on its face, it is vague and

4   ambiguous because it offers no definition of what a "suggestion" would be that

5   Mattel is "infringing" rights. Mattel would be left to guess from the tone of a letter

6   whether or not it met the parameters of MGA's Request.

7            Further this Request is unduly burdensome. Rule 26(b)(2)(c) provides

8   that a Court should limit the extent of discovery if it determines that the burden of

9   the proposed discovery outweighs its likely benefit; the discovery sought is

10  unreasonably cumulative or duplicative, or is obtainable from some other source that

11  is more convenient, less burdensome, or less expensive; or the party seeking

12  discovery has had ample opportunity by discovery in the action to obtain the

13  information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and

14  producing the documents responsive to this overbroad Request would greatly

15  outweigh any marginal benefit to MGA, for the following reasons:



23  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

24  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

25  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26  into existence – and therefore apparently did not encompass the activities or the

transactions which are the subject of the Financing Discovery." Discovery Matter

27  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

    [252]   Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   253   Moore Decl. ¶ 5, Dart Decl., Exh. 32.

26   254   Id.

27   255   Id.

256   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

28

1

2

3

4

5

6          There is no basis for overruling Mattel's privilege objection.  MGA's

7 bald assertion that "[t]his request does not seek information protected by the

8 attorney-client privilege, the attorney work product doctrine, or other applicable

9 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

10 agreed that "all privileged documents would be logged except for documents created

11 after this action was filed on April 27, 2004."[259]  Thus, to the extent  privileged

12 documents fall within the post lawsuit time period, they need not be included on

13 Mattel's log.  Although it bears the burden of showing why this agreement should

14 not be applied to a given Request, MGA fails to do so.

15          Finally, MGA failed to meet and confer at all, much less in good faith,

16 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

17 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

18 the moving party shall first identify each dispute, state the relief sought and identify

19 the authority supporting the requested relief in a meet and confer letter that shall be

20 served on all parties by facsimile or electronic mail. The parties shall have five court

21 days from the date of service of that letter to conduct an in-person conference to

22 attempt to resolve the dispute.").  In order to engage in a meaningful meet and

23 confer, MGA had the burden to show the relevance of any requests it sought to

24

25

26

27   [257]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

  [258]  Id.

28

1   move on.[260]   At no point during the meet and confer process did MGA show why

2   this Request could be considered relevant to Phase 2 issues.[261]  Because MGA

3   refused to even attempt to make this showing, there was no possibility of a good

4   faith meet and confer to resolve the parties' disputes.  The Discovery Master should

5   deny MGA's motion with respect to this Request on that grounds alone.

6   **REQUEST FOR PRODUCTION NO 590**

7           ALL DOCUMENTS and COMMUNICATIONS REFERRING OR

8   RELATING TO any effort by MATTEL to contact or hire any MGA employee.

9   **RESPONSE TO REQUEST NO. 590**

10          In addition to the general objections stated above which are

11  incorporated herein by reference, Mattel objects to this Request on the grounds that

12  it is overbroad and unduly burdensome, including in that it seeks all documents on

13  this subject without limitation as to time, and regardless of whether such documents

14  relate to products or matters at issue in this case.  Mattel further objects to the

15  Request on the grounds that it seeks documents that are not relevant to this action or

16  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

17  Request on the grounds that it calls for the disclosure of information subject to the

18  attorney-client privilege, the attorney work-product doctrine and other applicable

19  privileges.

20

21

22

---

23  [259]   See Order Denying Mattel's Motion for Protective Order Limiting the
    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

24  3.

25  [260]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
    Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

26  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

27  (S.D. Cal. May 14, 2009).
    [261]   See Webster Decl., ¶¶ 6-20.

28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek Mattel's documents concerning efforts by Mattel to contact or hire MGA employees.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

1   and extent of the burden, usually by affidavit or other reliable evidence.")

2   Moreover, it is not unduly burdensome, as noted above, in that the request is

3   narrowly tailored to seek only discoverable evidence.  Mattel has accused MGA of

4   copyright infringement, RICO violations, misappropriation of trade secrets,

5   intentional interference with contract, aiding and abetting breach of fiduciary duty

6   and duty of loyalty, conversion, and unfair competition.  All of these claims are to

7   some degree based on Mattel's theory that MGA improperly contacted or hired

8   Mattel employees, and MGA is therefore entitled to discovery on Mattel's

9   competitive hiring practices.

10          This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13          None of Mattel's improper objections are valid and Mattel is obligated

14  to produce all non-privileged responsive documents in its possession, custody, or

15  control.

16  **MATTEL'S RESPONSE:**

17          This Request is overbroad.  <u>All</u> documents and communications

18  <u>referring</u> or <u>relating to</u> any effort by Mattel to contact or hire any MGA employee is

19  not narrowly tailored to Phase 2 issues.  There is no limitation as to individuals or to

20  claims or defenses in this case.  As phrased, virtually any effort by Mattel to hire

21  any employee is responsive to this Request, because many Mattel job openings are

22  broadly publicized and these efforts do not specifically exclude MGA employees.

23  The Request is also overbroad because it has no limitation as to time, and therefore

24  includes a time period that predates any Phase 2 issues.  The Request is also

25  overbroad to the extent it seeks discovery into events and products that post-date

26  MGA's complaint, filed on April 15, 2005, based on MGA's own argument that was

27

28

1   accepted by the Discovery Master in denying discovery Mattel was seeking

2   regarding transactions occurring after the filing of Mattel's complaint.[262]  MGA

3   offers no reason, nor could it consistent with judicial estoppel, why documents post-

4   dating the filing of claims which do not allege continuing wrongdoing are relevant

5   to those claims.

6          Mattel's relevancy objection should also be sustained.  MGA bears the

7   burden of showing that its discovery meets the relevance requirements of Rule

8   26(b)(1).[263]  MGA fails to make this showing.  MGA argues that the Request is

9   relevant because "Mattel has accused MGA of copyright infringement, RICO

10  violations, misappropriation of trade secrets, intentional interference with contract,

11  aiding and abetting breach of fiduciary duty and duty of loyalty, coversion, and

12  unfair competition" and "[a]ll of these claims are to some degree based on Mattel's

13  theory that MGA improperly contacted or hired Mattel employees, and MGA is

14  therefore entitled to discovery on Mattel's competitive hiring practices."  However,

15  MGA does not explain how Mattel's efforts to hire or contact MGA employees is

16

17

---

18  [262]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
19  Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
     where MGA argued that its transactions with the entities that financed acquisition of
20  the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ███████████
     ████████████████████████████████████████  In finding that "there has been
21  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
22  calculated to lead to the discovery of admissible evidence regarding the RICO
     counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
23  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
24  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
     into existence – and therefore apparently did not encompass the activities or the
25  transactions which are the subject of the Financing Discovery."  Discovery Matter
26  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
27  [263]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
     Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
28          (footnote continued)

1   relevant to claims of <u>MGA's</u> improper contact and hiring of <u>Mattel</u> employees,

2   which is, as MGA concedes, the only claims at issue. "A trial court has a duty, of

3   special significance in lengthy and complex cases where the possibility of abuse is

4   always present, to supervise and limit discovery to protect parties and witnesses

5   from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664

6   (E.D.N.Y. 1971); <u>see also Laker Airways Ltd. v. Pan American World Airways</u>, 559

7   F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste</u>

8   <u>Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

9   Discovery Master has held, a party may not propound document requests as part of a

10  fishing expedition or to discover new claims.[264]  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d

11  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

12  to engage in 'fishing expeditions.'").

13          Further this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides

14  that a Court should limit the extent of discovery if it determines that the burden of

15  the proposed discovery outweighs its likely benefit; the discovery sought is

16  unreasonably cumulative or duplicative, or is obtainable from some other source that

17  is more convenient, less burdensome, or less expensive; or the party seeking

18  discovery has had ample opportunity by discovery in the action to obtain the

19  information sought. <u>See Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and

20  producing the documents responsive to this overbroad Request would greatly

21  outweigh any marginal benefit to MGA, for the following reasons:

22  ███████████████████████████████████████

23  ███████████████████████████████████████

24

25

26  ─────────────────────

27  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

1  ████████████████████████████████████████████████

2  ████████████████████████████████████████████████

3  ████████████████████████████████████████████████

4  ██████████████████████████████████████████

5  ████████████████████████████████████████████████

6  ████████████████████████████████████████████████

7  ███████████████████████████████████████████

8  ████████████████████████████████████████████████

9  ████████████████████████████████████████████████

10 ████████████████████████████████████████████████

11 ████████████████████████████████████████████████

12 ████████████████████████████████████████████████

13 ████████████████████████████████████████

14 ███████████████████████████████████████████

15 ████████████████████████████████████████████

16 ███████████████████████████████████████████

17 ██████████████████████

18      ███████████████████████████████████████

19 ████████████████████████████████████████████

20 ████████████████████████████████████████████████

21 ███████████████████████████████████████████

22

23  [264]  <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for

24  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

25  1.
    [265]  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

26  [266]  Moore Decl. ¶ 5, Dart Decl., Exh. 32.

27  [267]  <u>Id.</u>
    [268]  <u>Id.</u>

28



12    There is no basis for overruling Mattel's privilege objection.  MGA's

13  bald assertion that "[t]his request does not seek information protected by the

14  attorney-client privilege, the attorney work product doctrine, or other applicable

15  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

16  agreed that "all privileged documents would be logged except for documents created

17  after this action was filed on April 27, 2004."[272]  Thus, to the extent  privileged

18  documents fall within the post lawsuit time period, they need not be included on

19  Mattel's log.  Although it bears the burden of showing why this agreement should

20  not be applied to a given Request, MGA fails to do so.

21    Finally, MGA failed to meet and confer at all, much less in good faith,

22  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

[269]  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
[270]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
[271]  Id.
[272]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

2    the moving party shall first identify each dispute, state the relief sought and identify

3    the authority supporting the requested relief in a meet and confer letter that shall be

4    served on all parties by facsimile or electronic mail. The parties shall have five court

5    days from the date of service of that letter to conduct an in-person conference to

6    attempt to resolve the dispute.").   In order to engage in a meaningful meet and

7    confer, MGA had the burden to show the relevance of any requests it sought to

8    move on.[273]   At no point during the meet and confer process did MGA show why

9    this Request could be considered relevant to Phase 2 issues.[274]  Because MGA

10   refused to even attempt to make this showing, there was no possibility of a good

11   faith meet and confer to resolve the parties' disputes.  The Discovery Master should

12   deny MGA's motion with respect to this Request on that grounds alone.

13   **REQUEST FOR PRODUCTION NO. 594**

14          All DOCUMENTS and COMMUNICATIONS between MATTEL and

15   Bandai REFERRING OR RELATING TO the conception, design, manufacture,

16   production, marketing or sale of any BRATZ product.  (The relevant time frame for

17   this request is from January 1, 2001 to the present).

18   **RESPONSE TO REQUEST NO. 594:**

19          In addition to the general objections stated above which are

20   incorporated herein by reference, Mattel objects to this Request on the grounds that

21   it is overbroad and unduly burdensome, including in that it seeks all documents

22   regardless of whether such documents relate to products or matters at issue in this

23   case.  Mattel further objects to the Request on the grounds that it seeks documents

24

25   [273]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26   Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

28   (S.D. Cal. May 14, 2009).

1  that are not relevant to this action or likely to lead to the discovery of admissible

2  evidence. Mattel further objects to this Request on the grounds that it seeks

3  confidential, proprietary and trade secret information, including such information

4  that has no bearing on the claims or defenses in this action. Mattel further objects

5  on the ground that this Request seeks to circumvent the Discovery Master's Order

6  dated May 22, 2007.

7  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

8  **TO SHOULD BE COMPELLED**

9        Mattel has not agreed to produce documents in response to this request,

10  subject to its improper boilerplate objections. Mattel has refused to confirm whether

11  or not it has produced all non-privileged responsive documents or whether it is

12  withholding documents based on its objections in Phase 2. Under the Federal Rules

13  of Civil Procedure, "an objection to part of a request must specify the part and

14  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

15  fail to explain the basis for an objection with specificity are routinely rejected in the

16  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

17  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

18  harassing' are improper – especially when a party fails to submit any evidentiary

19  declarations supporting such objections"). Accordingly, Mattel must be compelled

20  either to certify that it has produced all non-privileged responsive documents or to

21  produce all such documents by a date certain.

22        To the extent that Mattel is relying on its blanket objections, they are

23  not sustainable and do not justify Mattel's failure to produce documents.

24        As to overbreadth, Mattel provides no explanation, let alone the

25  required particularity, as to **why** this request is supposedly overly broad, nor can it

26

27  [274]  See Webster Decl., ¶¶ 6-20.

28

1   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

2   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

3   contrary, the request is narrowly tailored to seek all documents and communications

4   between Mattel and MGA employee Bandai, related to the conception, design,

5   manufacture, production, marketing and sales of any BRATZ product.  The relevant

6   time frame of this request is also narrowly tailored as between January 1, 2001 to

7   the present date.

8          As to burden, Mattel has not attempted to demonstrate why responding

9   to this request and/or producing responsive documents presents any burden.  This

10  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

11  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12  request is unduly burdensome must allege specific facts which indicate the nature

13  and extent of the burden, usually by affidavit or other reliable evidence.")

14         Moreover, it is not unduly burdensome, as noted above, in that the

15  request is narrowly tailored to seek only discoverable evidence.  MGA has alleged

16  that Mattel has engaged in a broad variety of unfair trade practices including serial

17  copying of MGA products.  MGA is entitled to discovery on these claims.

18         Mattel cites to the May 22, 2007 order, but that order is inapposite to

19  this request, which is much narrower than those considered irrelevant and/or

20  improper by the court.  Specifically, the request is narrowly tailored to

21  communications between Mattel and Bandai regarding BRATZ products.

22         As for relevancy, Mattel has not attempted to demonstrate why

23  responding to this request and/or producing responsive documents is irrelevant to

24  the present action.  On the contrary, MGA has alleged that Mattel is engaged in

25  copying of MGA products, packaging, themes and advertising among other unfair

26  competition and trade practices such as attempting to unfairly influence third parties

27  in order to preserve Mattel's market share rankings in the critical fashion doll

28

1  category.  A request to seek documents/communications as described above is

2  therefore relevant to this action.

3      Mattel objects that the request contains confidential, proprietary, and

4  trade secret information.  A Protective Order exists in this case, obviating any

5  concern as to protection of privacy rights and/or commercially sensitive

6  information.

7      None of Mattel's improper objections are valid and Mattel is obligated

8  to produce all non-privileged responsive documents in its possession, custody, or

9  control.

10  **MATTEL'S RESPONSE:**

11      This Request is "clearly overbroad" according to the prior Discovery

12  Master's May 22, 2007 Order.[275]  In that Order, the Discovery Master denied MGA's

13  motion to compel three requests seeking "all documents referring or relating to

14  Mattel's communications with any buyers, merchandisers, general merchandise

15  managers, retailers, suppliers, licensees, and potential licensees, referring or relating

16  to Bratz, Larian or MGA regarding the origins, design, development, product

17  launch, sales, promotions, advertising, quality, or price of Bratz or any other Bratz

18  product."[276]  The Discovery Master held that the requests were "clearly overbroad"

19  because they "requir[ed] production of documents that merely mention MGA,

20  Larian, Bratz, or other MGA products, regardless of whether or not they have

21  anything to do with the claims and defenses in the case" and "MGA has not made

22  any attempt to link these requests to any of the numerous and far-ranging allegations

23  of unfair competition set forth in its complaint."[277]  This Request is improperly

24  overbroad for the same reasons and must be denied.

25

26  [275] See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
27  [276] See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
    [277] Id. at 17.

28

1    The Request is also overbroad as to time, seeking communications in a
2  time period that predates any Phase 2 issues related to MGA's allegations unfair
3  trade practices.  The Request is also overbroad to the extent it seeks discovery into
4  events and products that post-date MGA's complaint, filed on April 15, 2005, based
5  on MGA's own argument that was accepted by the Discovery Master in denying
6  discovery Mattel was seeking regarding transactions occurring after the filing of
7  Mattel's complaint.[278]  MGA offers no reason, nor could it consistent with judicial
8  estoppel, why documents post-dating the filing of claims which do not allege
9  continuing wrongdoing are relevant to those claims.

10    Mattel's relevancy objection should also be sustained.  MGA argues
11  that "Mattel has not attempted to demonstrate why responding to this request and/or
12  producing responsive documents is irrelevant to the present action."  However,
13  MGA bears the burden of showing that its discovery meets the relevance
14  requirements of Rule 26(b)(1).[279]  MGA makes the conclusory assertion that this
15  Request is relevant to its allegations that "Mattel is engaged in copying of MGA
16
17
————————————————————————————————

18  [278]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
19  Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
    where MGA argued that its transactions with the entities that financed acquisition of
20  the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ████████████
21  ████████████████████████████████████.  In finding that "there has been
    no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
22  calculated to lead to the discovery of admissible evidence regarding the RICO
    counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
23  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
24  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
    into existence – and therefore apparently did not encompass the activities or the
25  transactions which are the subject of the Financing Discovery."  Discovery Matter
26  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
    [279]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
27  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
28  (footnote continued)

1   products, packaging, themes and advertising among other unfair competition and

2   trade practices such as attempting to unfairly influence third parties" but fails to

3   explain how the discovery sought is relevant to these claims.  "A trial court has a

4   duty, of special significance in lengthy and complex cases where the possibility of

5   abuse is always present, to supervise and limit discovery to protect parties and

6   witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D.

7   661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World

8   Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v.

9   Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the

10  previous Discovery Master has held, a party may not propound document requests

11  as part of a fishing expedition or to discover new claims.[280]  Rivera v. NIBCO, Inc.,

12  364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of

13  discovery to engage in 'fishing expeditions.'").

14          Further, as the prior Discovery Master has recognized, this Request is

15  unduly burdensome.[281]  Rule 26(b)(2)(c) provides that a Court should limit the

16  extent of discovery if it determines that the burden of the proposed discovery

17  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

18  duplicative, or is obtainable from some other source that is more convenient, less

19  burdensome, or less expensive; or the party seeking discovery has had ample

20  opportunity by discovery in the action to obtain the information sought.  See Fed. R.

21  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

22

23

---

24  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

25  (S.D. Cal. 2009).

    [280]  See Order Granting In Part and Denying In Part Mattel's Motion for

26  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

27  1.

    [281]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.

28

1   to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

2   the following reasons:

3   ███████████████████████████████████████

4   ███████████████████████████████████████

5   ███████████████████████████████████████

6   ███████████████████████████████████████

7   ███████████████████████████████████████

8   ███████████████████████████████████████

9   ███████████████████████████████████████

10  ███████████████████████████████████████

11  ███████████████████████████████████████

12  ██████████████

13  ████████████████████████████████████

14  ███████████████████████████████████████

15  ███████████████████████████████████████

16  ███████████████████████████████████████

17  ███████████████████████████████████████

18  ███████████████████████████████████████

19  ███████████████████████████████████████

20  ███████████████████████████████████████

21  ███████████████████████████████████████

22

23

24

25  282   Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

26  283   Id. ¶ 10.

27  284   Id.
    285   See Pantel Decl. ¶ 7, Dart Decl., Exh. 31.

28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   286   Id.
26   287   Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
     288   Moore Decl. ¶ 5, Dart Decl., Exh. 32.
27   289   Id.
28



There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[294] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log. Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

---

[290] Id.

[291] Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

[292] Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

[293] Id.

[294] See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4  the moving party shall first identify each dispute, state the relief sought and identify

5  the authority supporting the requested relief in a meet and confer letter that shall be

6  served on all parties by facsimile or electronic mail. The parties shall have five court

7  days from the date of service of that letter to conduct an in-person conference to

8  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

9  confer, MGA had the burden to show the relevance of any requests it sought to

10  move on.[295]   At no point during the meet and confer process did MGA show why

11  this Request could be considered relevant to Phase 2 issues.[296]  Because MGA

12  refused to even attempt to make this showing, there was no possibility of a good

13  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

14  deny MGA's motion with respect to this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 595**

16    All DOCUMENTS and COMMUNICATIONS between MATTEL and

17  Mattel Mexico REFERRING OR RELATING TO the conception, design,

18  manufacture, production, marketing or sale of any BRATZ product or the

19  allegations in MATTEL's COUNTERCLAIMS.

20  **RESPONSE TO REQUEST NO. 595:**

21    In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the grounds that

23  it is overbroad and unduly burdensome, including in that it seeks all documents on

24

25    [295]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
(S.D. Cal. May 14, 2009).

28

1  this subject without limitation as to time, and regardless of whether such documents

2  relate to products or matters at issue in this case.  Mattel further objects to the

3  Request on the grounds that it seeks documents that are not relevant to this action or

4  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

5  Request on the grounds that it seeks confidential, proprietary and trade secret

6  information, including such information that has no bearing on the claims or

7  defenses in this action.  Mattel further objects to this Request on the grounds that it

8  calls for the disclosure of information subject to the attorney-client privilege, the

9  attorney work-product doctrine and other applicable privileges.  Mattel further

10  objects on the ground that this Request seeks to circumvent the Discovery Master's

11  Order dated May 22, 2007.

12  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

13  **TO SHOULD BE COMPELLED**

14  Mattel has not agreed to produce documents in response to this request,

15  subject to its improper boilerplate objections.  Mattel has refused to confirm whether

16  or not it has produced all non-privileged responsive documents or whether it is

17  withholding documents based on its objections in Phase 2.  Under the Federal Rules

18  of Civil Procedure, "an objection to part of a request must specify the part and

19  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

20  fail to explain the basis for an objection with specificity are routinely rejected in the

21  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

22  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

23  harassing' are improper – especially when a party fails to submit any evidentiary

24  declarations supporting such objections").  Accordingly, Mattel must be compelled

25

26

27  [296]  See Webster Decl., ¶¶ 6-20.

28

00505.07975/3161688.1

1   either to certify that it has produced all non-privileged responsive documents or to

2   produce all such documents by a date certain.

3         To the extent that Mattel is relying on its blanket objections, they are

4   not sustainable and do not justify Mattel's failure to produce documents.

5         This request does not seek documents protected by the attorney-client

6   privilege, the attorney work product doctrine, or other applicable privileges.  To the

7   extent that Mattel contends that it does, Mattel must provide a privilege log.

8         As to overbreadth, Mattel provides no explanation, let alone the

9   required particularity, as to *why* this request is supposedly overly broad, nor can it

10   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

11   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12   contrary, the request is narrowly tailored to seek all documents and communications

13   between Mattel and Mattel Mexico related to the conception, design, manufacture,

14   production, marketing and sales of any BRATZ product or the allegations in

15   Mattel's counterclaims.

16         As to burden, Mattel has not attempted to demonstrate why responding

17   to this request and/or producing responsive documents presents any burden.  This

18   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

19   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20   request is unduly burdensome must allege specific facts which indicate the nature

21   and extent of the burden, usually by affidavit or other reliable evidence.")

22   Moreover, it is not unduly burdensome, as noted above, in that the request is

23   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

24   has engaged in a broad variety of unfair trade practices including serial copying of

25   MGA products.  MGA is entitled to discovery on these claims.

26         Mattel cites to the May 22, 2007 order, but that order is inapposite to

27   this request, which is much narrower than those considered irrelevant and/or

28   improper by the court.  Specifically, the request is narrowly tailored to

1  communications between Mattel and Mattel Mexico regarding BRATZ products and

2  Mattel's counterclaims.

3           As for relevancy, Mattel has not attempted to demonstrate why

4  responding to this request and/or producing responsive documents is irrelevant to

5  the present action.  On the contrary, MGA has alleged that Mattel is engaged in

6  copying of MGA products, packaging, themes and advertising among other unfair

7  competition and trade practices such as attempting to unfairly influence third parties

8  in order to preserve Mattel's market share rankings in the critical fashion doll

9  category.  A request to seek documents/communications as described above is

10  therefore relevant to this action.  Further, Mattel's prayer for relief is extremely, and

11  overly, broad.  Because Mattel's pleadings seek such broad relief, MGA is entitled

12  to extremely broad discovery on these issues.

13           Mattel objects that the request contains confidential, proprietary, and

14  trade secret information.  A Protective Order exists in this case, obviating any

15  concern as to protection of privacy rights and/or commercially sensitive

16  information.

17           None of Mattel's improper objections are valid and Mattel is obligated

18  to produce all non-privileged responsive documents in its possession, custody, or

19  control.

20  **MATTEL'S RESPONSE:**

21           This Request is "clearly overbroad" according to the prior Discovery

22  Master's May 22, 2007 Order.[297]  In that Order, the Discovery Master denied MGA's

23  motion to compel three requests seeking "all documents referring or relating to

24  Mattel's communications with any buyers, merchandisers, general merchandise

25  managers, retailers, suppliers, licensees, and potential licensees, referring or relating

26

27  [297]  <u>See</u> Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

28

1   to Bratz, Larian or MGA regarding the origins, design, development, product

2   launch, sales, promotions, advertising, quality, or price of Bratz or any other Bratz

3   product."[298]  The Discovery Master held that the requests were "clearly overbroad"

4   because they "requir[ed] production of documents that merely mention MGA,

5   Larian, Bratz, or other MGA products, regardless of whether or not they have

6   anything to do with the claims and defenses in the case" and "MGA has not made

7   any attempt to link these requests to any of the numerous and far-ranging allegations

8   of unfair competition set forth in its complaint."[299]  This Request is improperly

9   overbroad for the same reasons and must be denied.

10          The Request is equally overbroad in seeking <u>all</u> documents and

11   communications <u>referring</u> or <u>relating to</u> the allegations in Mattel's counterclaims.

12   Mattel has already produced hundreds of thousands of pages related to its

13   counterclaims.

14          The Request is also overbroad as to time, seeking communications in a

15   time period that predates any Phase 2 issues related to MGA's allegations unfair

16   trade practices.

17          Mattel's relevancy objection should also be sustained.  MGA argues

18   that "Mattel has not attempted to demonstrate why responding to this request and/or

19   producing responsive documents is irrelevant to the present action."  However,

20   MGA bears the burden of showing that its discovery meets the relevance

21   requirements of <u>Rule</u> 26(b)(1).[300]  MGA makes the conclusory assertion that this

22   Request is relevant to its allegations that "Mattel is engaged in copying of MGA

23

24   [298]  <u>See</u> Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

25   [299]  <u>Id.</u> at 17.

26   [300]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
     Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27   burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1
     (S.D. Cal. 2009).

28

1   products, packaging, themes and advertising among other unfair competition and
2   trade practices such as attempting to unfairly influence third parties" but fails to
3   explain how the discovery sought is relevant to these claims. "A trial court has a
4   duty, of special significance in lengthy and complex cases where the possibility of
5   abuse is always present, to supervise and limit discovery to protect parties and
6   witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D.
7   661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World
8   Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v.
9   Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the
10  previous Discovery Master has held, a party may not propound document requests
11  as part of a fishing expedition or to discover new claims.[301]   Rivera v. NIBCO, Inc.,
12  364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of
13  discovery to engage in 'fishing expeditions.'").

14         Further, as the prior Discovery Master has recognized, this Request is
15  unduly burdensome.[302]   Rule 26(b)(2)(c) provides that a Court should limit the
16  extent of discovery if it determines that the burden of the proposed discovery
17  outweighs its likely benefit; the discovery sought is unreasonably cumulative or
18  duplicative, or is obtainable from some other source that is more convenient, less
19  burdensome, or less expensive; or the party seeking discovery has had ample
20  opportunity by discovery in the action to obtain the information sought. See Fed. R.
21  Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive
22  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for
23  the following reasons:

24

25  [301]   See Order Granting In Part and Denying In Part Mattel's Motion for
26  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
27  1.
    [302]   See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.
28



303 Pantel Decl. ¶ 9, Dart Decl., Exh. 31.
304 Id. ¶ 10.
305 Id.
306 See Pantel Decl. ¶ 7, Dart Decl., Exh. 31.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   307  <u>Id.</u>
25   308  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
     309  Moore Decl. ¶ 5, Dart Decl., Exh. 32.
26   310  <u>Id.</u>
27   311  <u>Id.</u>
     312  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
28

1

2

3

4

5

6

7

8

9



10    There is no basis for overruling Mattel's privilege objection.  MGA's

11  bald assertion that "[t]his request does not seek information protected by the

12  attorney-client privilege, the attorney work product doctrine, or other applicable

13  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

14  agreed that "all privileged documents would be logged except for documents created

15  after this action was filed on April 27, 2004."[315]  Thus, to the extent  privileged

16  documents fall within the post lawsuit time period, they need not be included on

17  Mattel's log.  Although it bears the burden of showing why this agreement should

18  not be applied to a given Request, MGA fails to do so.

19    Finally, MGA failed to meet and confer at all, much less in good faith,

20  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

21  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

22  the moving party shall first identify each dispute, state the relief sought and identify

23  the authority supporting the requested relief in a meet and confer letter that shall be

24

25

26

27  [313]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

28  [314]  Id.

1  served on all parties by facsimile or electronic mail. The parties shall have five court

2  days from the date of service of that letter to conduct an in-person conference to

3  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

4  confer, MGA had the burden to show the relevance of any requests it sought to

5  move on.[316]   At no point during the meet and confer process did MGA show why

6  this Request could be considered relevant to Phase 2 issues.[317]  Because MGA

7  refused to even attempt to make this showing, there was no possibility of a good

8  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

9  deny MGA's motion with respect to this Request on that grounds alone.

10  **REQUEST FOR PRODUCTION NO. 596**

11        All DOCUMENTS and COMMUNICATIONS between MATTEL and

12  Mateo Romano REFERRING OR RELATING TO the conception, design,

13  manufacture, production, marketing or sale of any BRATZ product or the

14  allegations in MATTEL's COUNTERCLAIMS.

15  **RESPONSE TO REQUEST NO. 596:**

16        In addition to the general objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it is overbroad and unduly burdensome, including in that it seeks all documents on

19  this subject without limitation as to time, and regardless of whether such documents

20  relate to products or matters at issue in this case.  Mattel further objects to the

21  Request on the grounds that it seeks documents that are not relevant to this action or

22

23        [315]   See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.
    [316]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

28  (S.D. Cal. May 14, 2009).

1  likely to lead to the discovery of admissible evidence. Mattel further objects to this

2  Request on the grounds that it seeks confidential, proprietary and trade secret

3  information, including such information that has no bearing on the claims or

4  defenses in this action. Mattel further objects to this Request on the grounds that it

5  calls for the disclosure of information subject to the attorney-client privilege, the

6  attorney work-product doctrine and other applicable privileges. Mattel further

7  objects on the ground that this Request seeks to circumvent the Discovery Master's

8  Order dated May 22, 2007.

9  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

10  **TO SHOULD BE COMPELLED**

11           Mattel has not agreed to produce documents in response to this request,

12  subject to its improper boilerplate objections. Mattel has refused to confirm whether

13  or not it has produced all non-privileged responsive documents or whether it is

14  withholding documents based on its objections in Phase 2. Under the Federal Rules

15  of Civil Procedure, "an objection to part of a request must specify the part and

16  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

17  fail to explain the basis for an objection with specificity are routinely rejected in the

18  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

19  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

20  harassing' are improper – especially when a party fails to submit any evidentiary

21  declarations supporting such objections"). Accordingly, Mattel must be compelled

22  either to certify that it has produced all non-privileged responsive documents or to

23  produce all such documents by a date certain.

24           To the extent that Mattel is relying on its blanket objections, they are

25  not sustainable and do not justify Mattel's failure to produce documents.

26

27  [317]  See Webster Decl., ¶¶ 6-20.

28

1        As to overbreadth, Mattel provides no explanation, let alone the

2   required particularity, as to *why* this request is supposedly overly broad, nor can it

3   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

4   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5   contrary, the request is narrowly tailored to seek all documents and communications

6   between Mattel and Mattel executive Mateo Ramano, related to the conception,

7   design, manufacture, production, marketing and sales of any BRATZ product or the

8   allegations in Mattel's counterclaims.

9        As to burden, Mattel has not attempted to demonstrate why responding

10   to this request and/or producing responsive documents presents any burden.  This

11   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

12   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

13   request is unduly burdensome must allege specific facts which indicate the nature

14   and extent of the burden, usually by affidavit or other reliable evidence.")

15   Moreover, it is not unduly burdensome, as noted above, in that the request is

16   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

17   has engaged in a broad variety of unfair trade practices including serial copying of

18   MGA products.  MGA is entitled to discovery on these claims.

19        Mattel cites to the May 22, 2007 order, but that order is inapposite to

20   this request, which is much narrower than those considered irrelevant and/or

21   improper by the court.  Specifically, the request is narrowly tailored to

22   communications between Mattel and Mateo Ramano regarding BRATZ products.

23        As for relevancy, Mattel has not attempted to demonstrate why

24   responding to this request and/or producing responsive documents is irrelevant to

25   the present action.  On the contrary, MGA has alleged that Mattel is engaged in

26   copying of MGA products, packaging, themes and advertising among other unfair

27   competition and trade practices such as attempting to unfairly influence third parties

28   in order to preserve Mattel's market share rankings in the critical fashion doll

1  category.  A request to seek documents/communications as described above is

2  therefore relevant to this action.

3        Mattel objects that the request contains confidential, proprietary, and

4  trade secret information.  A Protective Order exists in this case, obviating any

5  concern as to protection of privacy rights and/or commercially sensitive

6  information.

7        None of Mattel's improper objections are valid and Mattel is obligated

8  to produce all non-privileged responsive documents in its possession, custody, or

9  control.

10 **MATTEL'S RESPONSE:**

11       This Request is "clearly overbroad" according to the prior Discovery

12 Master's May 22, 2007 Order.[318]  In that Order, the Discovery Master denied MGA's

13 motion to compel three requests seeking "all documents referring or relating to

14 Mattel's communications with any buyers, merchandisers, general merchandise

15 managers, retailers, suppliers, licensees, and potential licensees, referring or relating

16 to Bratz, Larian or MGA regarding the origins, design, development, product

17 launch, sales, promotions, advertising, quality, or price of Bratz or any other Bratz

18 product."[319]  The Discovery Master held that the requests were "clearly overbroad"

19 because they "requir[ed] production of documents that merely mention MGA,

20 Larian, Bratz, or other MGA products, regardless of whether or not they have

21 anything to do with the claims and defenses in the case" and "MGA has not made

22 any attempt to link these requests to any of the numerous and far-ranging allegations

23 of unfair competition set forth in its complaint."[320]  This Request is improperly

24 overbroad for the same reasons and must be denied.

25  _____

26  [318]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

27  [319]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
    [320]  Id. at 17.

28

-161-

1    The Request is equally overbroad in seeking <u>all</u> documents and

2   communications <u>referring</u> or <u>relating to</u> the allegations in Mattel's counterclaims.

3   Mattel has already produced hundreds of thousands of pages related to its

4   counterclaims.

5    The Request is also overbroad as to time, seeking communications in a

6   time period that predates any Phase 2 issues related to MGA's allegations unfair

7   trade practices.

8    Mattel's relevancy objection should also be sustained.  MGA argues

9   that "Mattel has not attempted to demonstrate why responding to this request and/or

10  producing responsive documents is irrelevant to the present action."  However,

11  MGA bears the burden of showing that its discovery meets the relevance

12  requirements of <u>Rule</u> 26(b)(1).[321]  MGA makes the conclusory assertion that this

13  Request is relevant to its allegations that "Mattel is engaged in copying of MGA

14  products, packaging, themes and advertising among other unfair competition and

15  trade practices such as attempting to unfairly influence third parties" but fails to

16  explain how the discovery sought is relevant to these claims.  "A trial court has a

17  duty, of special significance in lengthy and complex cases where the possibility of

18  abuse is always present, to supervise and limit discovery to protect parties and

19  witnesses from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D.

20  661, 664 (E.D.N.Y. 1971); <u>see also Laker Airways Ltd. v. Pan American World</u>

21  <u>Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v.</u>

22  <u>Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the

23  previous Discovery Master has held, a party may not propound document requests

24

25  [321]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1

28  (S.D. Cal. 2009).

1  as part of a fishing expedition or to discover new claims.[322]  Rivera v. NIBCO, Inc.,

2  364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of

3  discovery to engage in 'fishing expeditions.'").

4       Further, as the prior Discovery Master has recognized, this Request is

5  unduly burdensome.[323]  Rule 26(b)(2)(c) provides that a Court should limit the

6  extent of discovery if it determines that the burden of the proposed discovery

7  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

8  duplicative, or is obtainable from some other source that is more convenient, less

9  burdensome, or less expensive; or the party seeking discovery has had ample

10  opportunity by discovery in the action to obtain the information sought.  See Fed. R.

11  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

12  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

13  the following reasons:

14  ████████████████████████████████

15  ████████████████████████████████

16  ████████████████████████████████

17  ████████████████████████████████

18  ████████████████████████████████

19  ████████████████████████████████

20  ████████████████████████████████

21  ████████████████████████████████

22

23  _____

24  [322]  See Order Granting In Part and Denying In Part Mattel's Motion for

25  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

26  [323]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.

27  [324]  Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

28  [325]  Id. ¶ 10.



326 <u>Id.</u>
327 <u>See</u> Pantel Decl. ¶ 7, Dart Decl., Exh. 31.
328 <u>Id.</u>
329 Pantel Decl. ¶ 10, Dart Decl., Exh. 31.



330 Moore Decl. ¶ 5, Dart Decl., Exh. 32.
331 Id.
332 Id.
333 Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

1    █████████████████████████████████████████████████████

2    ████████████████████████████████████████████

3         There is no basis for overruling Mattel's privilege objection.  MGA's

4 bald assertion that "[t]his request does not seek information protected by the

5 attorney-client privilege, the attorney work product doctrine, or other applicable

6 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7 agreed that "all privileged documents would be logged except for documents created

8 after this action was filed on April 27, 2004."[336]  Thus, to the extent  privileged

9 documents fall within the post lawsuit time period, they need not be included on

10 Mattel's log.  Although it bears the burden of showing why this agreement should

11 not be applied to a given Request, MGA fails to do so.

12         Finally, MGA failed to meet and confer at all, much less in good faith,

13 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15 the moving party shall first identify each dispute, state the relief sought and identify

16 the authority supporting the requested relief in a meet and confer letter that shall be

17 served on all parties by facsimile or electronic mail. The parties shall have five court

18 days from the date of service of that letter to conduct an in-person conference to

19 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

20 confer, MGA had the burden to show the relevance of any requests it sought to

21 move on.[337]   At no point during the meet and confer process did MGA show why

22

---

23   [334]   Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

24   [335]   Id.

25   [336]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

26 3.

27   [337]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

28     (footnote continued)

1  this Request could be considered relevant to Phase 2 issues.[338]  Because MGA

2  refused to even attempt to make this showing, there was no possibility of a good

3  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

4  deny MGA's motion with respect to this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 597**

6        ALL DOCUMENTS and COMMUNICATIONS REFERRING OR

7  RELATING TO any litigation with Simba.

8  **RESPONSE TO REQUEST NO. 597**

9        In addition to the general objections stated above which are

10  incorporated herein by reference, Mattel objects to this Request on the grounds that

11  it is overbroad and unduly burdensome, including in that it seeks all documents on

12  this subject without limitation as to time, and regardless of whether such documents

13  relate to products or matters at issue in this case.  Mattel further objects to the use of

14  the terms "any litigation" in this context as vague and ambiguous.  Mattel further

15  objects to the Request on the grounds that it seeks documents that are not relevant to

16  this action or likely to lead to the discovery of admissible evidence.  Mattel further

17  objects to this Request on the grounds that it seeks confidential, proprietary and

18  trade secret information, including such information that has no bearing on the

19  claims or defenses in this action.  Mattel further objects to this Request on the

20  grounds that it calls for the disclosure of information subject to the attorney-client

21  privilege, the attorney work-product doctrine and other applicable privileges.

22        Mattel further objects to the extent the Request seeks documents

23  already produced by Mattel.  Such documents will not be produced again.

24

25

26  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1

27  (S.D. Cal. May 14, 2009).
   [338]  <u>See</u> Webster Decl., ¶¶ 6-20.

28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents in response to this request, resting on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning a specific litigation that involved the "My Scene" products that are the subject of Phase 2 claims and defenses.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")

1  Moreover, it is not unduly burdensome, as noted above, in that the request is
2  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
3  has engaged in a broad variety of unfair trade practices, from serial copying of
4  MGA products, to threatening retailers and suppliers to cease doing business with
5  MGA, to intimidating employees and industry groups in order to prevent MGA from
6  fairly competing.  MGA is entitled to discovery on these claims.

7  This request does not seek documents protected by the attorney-client
8  privilege, the attorney work product doctrine, or other applicable privileges.  To the
9  extent that Mattel contends that it does, Mattel must provide a privilege log.

10  Mattel objects that the request contains confidential/proprietary/trade
11  secret information.  A Protective Order exists in this case, obviating any concern as
12  to protection of privacy rights and/or commercially sensitive information.

13  Mattel objects that the request is duplicative or subsumed within prior
14  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
15  agree to produce responsive non-privileged documents is not proper based on this
16  objection.

17  Mattel's assertion of intellectual property in products that are the
18  subject of Phase 2 against other parties is highly likely to lead to the discovery of
19  admissible evidence.  This request calls out litigation with a particular party that is
20  likely to have involved many similar issues.

21  None of Mattel's improper objections are valid and Mattel is obligated
22  to produce all non-privileged responsive documents in its possession, custody, or
23  control.

24  **MATTEL'S RESPONSE:**

25  Mattel's relevancy objection should be sustained.  MGA bears the
26  burden of showing that its discovery meets the relevance requirements of Rule

27

28

1  26(b)(1).[339]  MGA makes the conclusory assertion that this Request is relevant

2  because "Mattel's assertion of intellectual property in products that are the subject of

3  Phase 2 against other parties is highly likely to lead to the discovery of admissible

4  evidence."  However, MGA does not even attempt to explain why the assertion of

5  intellectual property in products that are the subject of Phase 2 against other parties

6  is likely to lead to the discovery of <u>any</u> admissible evidence, nor does MGA identify

7  what Phase 2 claims or defenses it would lead to admissible evidence in relation to.

8  "A trial court has a duty, of special significance in lengthy and complex cases where

9  the possibility of abuse is always present, to supervise and limit discovery to protect

10  parties and witnesses from annoyance and excessive expense." <u>Dolgow v.</u>

11  <u>Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan</u>

12  <u>American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

13  <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983)

14  (same).  As the previous Discovery Master has held, a party may not propound

15  document requests as part of a fishing expedition or to discover new claims.[340]

16  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

17  not condone the use of discovery to engage in 'fishing expeditions.'").

18      Further, the Request seeks documents that have already been produced

19  by Mattel.  Mattel has in fact produced hundreds of pages of documents related to

20  litigation with Simba in Phase 1.  Mattel has already produced all witness statements

21  made by Mattel in the Simba litigation, and this should be sufficient to satisfy

---

23  [339]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

24  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

25  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

26  [340]  See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

1    MGA's purported needs for documents related to this litigation.  Indeed, in Phase 1
2    trial, the Court drew a similar line in determining the relevance of statements made
3    by MGA regarding its rights in Bratz.  Mattel was only permitted to introduce
4    statements regarding facts, but not legal arguments or other documents.  "If it's a
5    legal conclusion, if it's based on a legal concept, if it's not strictly factual-based, it's
6    going to stay out."[341]  MGA has not given any explanation as to why it is entitled to
7    more than this.

8          Further, the Request is overly broad.  In seeking <u>all</u> documents and
9    communications <u>referring</u> or <u>relating to</u> any litigation with Simba, the Request is not
10   narrowly tailored to information relevant to Phase 2 claims or defenses.  The
11   Request is also vague and ambiguous in its use of the term "any litigation" which
12   seems to include litigation that does not involve Mattel.

13         The Request is also overbroad as it is not limited as to time.  It
14   therefore seeks documents that pre-date any Phase 2 issues related to any claim or
15   defense in this case.

16         Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
17   that a Court should limit the extent of discovery if it determines that the burden of
18   the proposed discovery outweighs its likely benefit; the discovery sought is
19   unreasonably cumulative or duplicative, or is obtainable from some other source that
20   is more convenient, less burdensome, or less expensive; or the party seeking
21   discovery has had ample opportunity by discovery in the action to obtain the
22   information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and
23   producing the documents responsive to this overbroad Request would greatly
24   outweigh any marginal benefit to MGA, for the following reasons:

25
26
27         [341]   Trial Tr. dated July 23, 2008, at 5390:2-4, Dart Decl., Exh. 53.
28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   342  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

26   343  Moore Decl. ¶ 5, Dart Decl., Exh. 32.

27   344  Id.

28   345  Id.



There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[349] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log. Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

---

[346] Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
[347] Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
[348] Id.
[349] See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1  the moving party shall first identify each dispute, state the relief sought and identify

2  the authority supporting the requested relief in a meet and confer letter that shall be

3  served on all parties by facsimile or electronic mail. The parties shall have five court

4  days from the date of service of that letter to conduct an in-person conference to

5  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

6  confer, MGA had the burden to show the relevance of any requests it sought to

7  move on.[350]   At no point during the meet and confer process did MGA show why

8  this Request could be considered relevant to Phase 2 issues.[351]  Because MGA

9  refused to even attempt to make this showing, there was no possibility of a good

10  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

11  deny MGA's motion with respect to this Request on that grounds alone.

12  **REQUEST FOR PRODUCTION NO. 598**

13          ALL DOCUMENTS and COMMUNICATIONS REFERRING OR

14  RELATING TO any demand, claim or lawsuit by MATTEL (other than this

15  ACTION) alleging infringement of MATTEL'S intellectual property rights in any

16  CONTESTED MATTEL PRODUCT, any BARBIE product, or any DIVA STARS

17  product.

18  **RESPONSE TO REQUEST NO. 598**

19          In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it is overbroad and unduly burdensome, including in that it seeks all documents on

22  this subject without limitation as to time, and regardless of whether such documents

23  relate to products or matters at issue in this case.  Mattel further objects to the

24

25      [350]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

28  (S.D. Cal. May 14, 2009).

1   Request on the grounds that it seeks documents that are not relevant to this action or
2   likely to lead to the discovery of admissible evidence.  Mattel further objects to this
3   Request on the grounds that it seeks confidential, proprietary and trade secret
4   information, including such information that has no bearing on the claims or
5   defenses in this action.  Mattel further objects to this Request on the grounds that it
6   calls for the disclosure of information subject to the attorney-client privilege, the
7   attorney work-product doctrine and other applicable privileges.

8   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9   **TO SHOULD BE COMPELLED**

10          Mattel refuses to produce documents in response to this request, resting
11  on its improper boilerplate objections.  Mattel has refused to confirm whether or not
12  it has produced all non-privileged responsive documents or whether it is
13  withholding documents based on its objections in Phase 2.  Under the Federal Rules
14  of Civil Procedure, "an objection to part of a request must specify the part and
15  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
16  fail to explain the basis for an objection with specificity are routinely rejected in the
17  Central District.  See <u>A. Farber and Partners, Inc. v. Garber,</u> 234 F.R.D. 186, 188
18  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
19  harassing' are improper – especially when a party fails to submit any evidentiary
20  declarations supporting such objections").  Accordingly, Mattel must be compelled
21  either to certify that it has produced all non-privileged responsive documents or to
22  produce all such documents by a date certain.

23          To the extent that Mattel is relying on its blanket objections, they are
24  not sustainable and do not justify Mattel's failure to produce documents.

25
26
27  [351]  <u>See</u> Webster Decl., ¶¶ 6-20.
28

00505.07975/3161688.1

1    As to overbreadth, Mattel provides no explanation, let alone the

2   required particularity, as to *why* this request is supposedly overly broad, nor can it

3   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

4   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

5   contrary, the request is narrowly tailored to seek documents concerning allegations

6   of infringement related specifically to products that are the subject of Phase 2 claims

7   and defenses.

8    As to burden, Mattel has not attempted to demonstrate why responding

9   to this request and/or producing responsive documents presents any burden. This

10   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

11   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12   request is unduly burdensome must allege specific facts which indicate the nature

13   and extent of the burden, usually by affidavit or other reliable evidence.")

14   Moreover, it is not unduly burdensome, as noted above, in that the request is

15   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

16   has engaged in a broad variety of unfair trade practices, from serial copying of

17   MGA products, to threatening retailers and suppliers to cease doing business with

18   MGA, to intimidating employees and industry groups in order to prevent MGA from

19   fairly competing. MGA is entitled to discovery on these claims.

20    This request does not seek documents protected by the attorney-client

21   privilege, the attorney work product doctrine, or other applicable privileges. To the

22   extent that Mattel contends that it does, Mattel must provide a privilege log.

23    Mattel objects that the request contains confidential/proprietary/trade

24   secret information. A Protective Order exists in this case, obviating any concern as

25   to protection of privacy rights and/or commercially sensitive information.

26    Mattel's assertion of intellectual property in products that are the

27   subject of Phase 2 against other parties is highly likely to lead to the discovery of

28   admissible evidence.

1    None of Mattel's improper objections are valid and Mattel is obligated

2    to produce all non-privileged responsive documents in its possession, custody, or

3    control.

4    **MATTEL'S RESPONSE:**

5    Mattel's relevancy objection should be sustained. MGA bears the

6    burden of showing that its discovery meets the relevance requirements of Rule

7    26(b)(1).[352] MGA makes the conclusory assertion that this Request is relevant

8    because "Mattel's assertion of intellectual property in products that are the subject of

9    Phase 2 against other parties is highly likely to lead to the discovery of admissible

10   evidence." However, MGA does not even attempt to explain why the assertion of

11   intellectual property in products that are the subject of Phase 2 against other parties

12   is likely to lead to the discovery of any admissible evidence, nor does MGA identify

13   what Phase 2 claims or defenses it would lead to admissible evidence in relation to.

14   "A trial court has a duty, of special significance in lengthy and complex cases where

15   the possibility of abuse is always present, to supervise and limit discovery to protect

16   parties and witnesses from annoyance and excessive expense." Dolgow v.

17   Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

18   American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

19   Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

20   (same). As the previous Discovery Master has held, a party may not propound

21   document requests as part of a fishing expedition or to discover new claims.[353]

22

---

23   [352] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

24   Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

25   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

26   [353] See Order Granting In Part and Denying In Part Mattel's Motion for

27   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

28

1   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

2   not condone the use of discovery to engage in 'fishing expeditions.'").

3          Further, the Request is overly broad.  In his April 14, 2008 Order

4   denying in part Mattel's motion to compel, the Discovery Master held that Mattel's

5   request seeking communications "that REFER or RELATE to this action" was

6   overbroad.[354]  This Request should be denied on the same basis.  In seeking all

7   documents and communications referring or relating to any demand, claim, or

8   lawsuit by Mattel (other than in this action) alleging infringement of Mattel's

9   intellectual property rights in any CONTESTED MATTEL PRODUCT, any

10  BARBIE product, or any DIVA STARS product, the Request is not narrowly

11  tailored to information relevant to Phase 2 claims or defenses.  The Request seeks

12  information about products that are not at issue in this case.  The Request is also

13  overbroad as it is not limited as to time.  It therefore seeks documents that pre-date

14  any Phase 2 issues related to any claim or defense in this case – and in the case of

15  lawsuits involving Barbie, that extends back decades before any relevant time period

16  in this case.

17         Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

18  that a Court should limit the extent of discovery if it determines that the burden of

19  the proposed discovery outweighs its likely benefit; the discovery sought is

20  unreasonably cumulative or duplicative, or is obtainable from some other source that

21  is more convenient, less burdensome, or less expensive; or the party seeking

22  discovery has had ample opportunity by discovery in the action to obtain the

23  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

24  producing the documents responsive to this overbroad Request would greatly

25  outweigh any marginal benefit to MGA, for the following reasons:

26

27  [354]  See April 14, 2008 Order at 4, Dart Decl., Exh. 21.

28



---

[355] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
[356] Moore Decl. ¶ 5, Dart Decl., Exh. 32.
[357] Id.
[358] Id.



11    There is no basis for overruling Mattel's privilege objection.  MGA's

12  bald assertion that "[t]his request does not seek information protected by the

13  attorney-client privilege, the attorney work product doctrine, or other applicable

14  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

15  agreed that "all privileged documents would be logged except for documents created

16  after this action was filed on April 27, 2004."[362]  Thus, to the extent  privileged

17  documents fall within the post lawsuit time period, they need not be included on

18  Mattel's log.  Although it bears the burden of showing why this agreement should

19  not be applied to a given Request, MGA fails to do so.

20    Finally, MGA failed to meet and confer at all, much less in good faith,

21  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

22  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

23  _____

24  [359]  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

25  [360]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
      [361]  Id.

26  [362]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[363] At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[364] Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 599**

ALL DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO any demand, claim or lawsuit against MATTEL (other than this ACTION) alleging that any CONTESTED MATTEL PRODUCT, any BARBIE product, or any DIVA STARS product infringes the intellectual property rights of another PERSON.

**RESPONSE TO REQUEST NO. 599**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome, and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further

---

[363] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

1   objects to the Request on the grounds that it seeks documents that are not relevant to

2   this action or likely to lead to the discovery of admissible evidence. Mattel further

3   objects to this Request on the grounds that it seeks confidential, proprietary and

4   trade secret information, including such information that has no bearing on the

5   claims or defenses in this action. Mattel further objects to this Request on the

6   grounds that it calls for the disclosure of information subject to the attorney-client

7   privilege, the attorney work-product doctrine and other applicable privileges.

8   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

9   **TO SHOULD BE COMPELLED**

10      Mattel refuses to produce documents in response to this request, resting

11  on its improper boilerplate objections. Mattel has refused to confirm whether or not

12  it has produced all non-privileged responsive documents or whether it is

13  withholding documents based on its objections in Phase 2. Under the Federal Rules

14  of Civil Procedure, "an objection to part of a request must specify the part and

15  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

16  fail to explain the basis for an objection with specificity are routinely rejected in the

17  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

18  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

19  harassing' are improper – especially when a party fails to submit any evidentiary

20  declarations supporting such objections"). Accordingly, Mattel must be compelled

21  either to certify that it has produced all non-privileged responsive documents or to

22  produce all such documents by a date certain.

23      To the extent that Mattel is relying on its blanket objections, they are

24  not sustainable and do not justify Mattel's failure to produce documents.

25

26

27      [364]   See Webster Decl., ¶¶ 6-20.

28

1    As to overbreadth, Mattel provides no explanation, let alone the
2  required particularity, as to *why* this request is supposedly overly broad, nor can it
3  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
4  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
5  contrary, the request is narrowly tailored to seek documents concerning allegations
6  of infringement related specifically to products that are the subject of Phase 2 claims
7  and defenses.

8    As to burden, Mattel has not attempted to demonstrate why responding
9  to this request and/or producing responsive documents presents any burden.  This
10  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
11  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
12  request is unduly burdensome must allege specific facts which indicate the nature
13  and extent of the burden, usually by affidavit or other reliable evidence.")
14  Moreover, it is not unduly burdensome, as noted above, in that the request is
15  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
16  has engaged in a broad variety of unfair trade practices, from serial copying of
17  MGA products, to threatening retailers and suppliers to cease doing business with
18  MGA, to intimidating employees and industry groups in order to prevent MGA from
19  fairly competing.  MGA is entitled to discovery on these claims.

20    This request does not seek documents protected by the attorney-client
21  privilege, the attorney work product doctrine, or other applicable privileges.  To the
22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23    Mattel objects that the request contains confidential/proprietary/trade
24  secret information.  A Protective Order exists in this case, obviating any concern as
25  to protection of privacy rights and/or commercially sensitive information.

26    A third-party's assertion of intellectual property rights against products
27  that are the subject of Phase 2 claims and defenses against Mattel is highly likely to
28  lead to the discovery of admissible evidence.

1    None of Mattel's improper objections are valid and Mattel is obligated

2    to produce all non-privileged responsive documents in its possession, custody, or

3    control.

4    **MATTEL'S RESPONSE:**

5    Mattel's relevancy objection should be sustained.  MGA bears the

6    burden of showing that its discovery meets the relevance requirements of Rule

7    26(b)(1).[365]  MGA makes the conclusory assertion that this Request is relevant

8    because "[a] third-party's assertion of intellectual property rights against products

9    that are the subject of Phase 2 claims and defenses against Mattel is highly likely to

10   lead to the discovery of admissible evidence."  However, MGA does not even

11   attempt to explain why a third party's assertion of intellectual property in products

12   that are the subject of Phase 2 against Mattel is likely to lead to the discovery of any

13   admissible evidence, nor does MGA identify what Phase 2 claims or defenses it

14   would lead to admissible evidence in relation to.  "A trial court has a duty, of special

15   significance in lengthy and complex cases where the possibility of abuse is always

16   present, to supervise and limit discovery to protect parties and witnesses from

17   annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664

18   (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

19   F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

20   Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

21   Discovery Master has held, a party may not propound document requests as part of a

22

23

24

25   [365]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26   Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

     (S.D. Cal. 2009).

28

1  fishing expedition or to discover new claims.[366]  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d

2  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

3  to engage in 'fishing expeditions.'").

4          Further, the Request is overly broad.  In his April 14, 2008 Order

5  denying in part Mattel's motion to compel, the Discovery Master held that Mattel's

6  request seeking communications "that REFER or RELATE to this action" was

7  overbroad.[367]  This Request should be denied on the same basis.  In seeking <u>all</u>

8  documents and communications <u>referring</u> or <u>relating to</u> any demand, claim, or

9  lawsuit against Mattel (other than in this action) alleging that any CONTESTED

10  MATTEL PRODUCT, any BARBIE product, or any DIVA STARS product

11  infringes another person's intellectual property rights, the Request is not narrowly

12  tailored to information relevant to Phase 2 claims or defenses.  The Request seeks

13  information about products that are not at issue in this case.  The Request is also

14  overbroad as it is not limited as to time.  It therefore seeks documents that pre-date

15  any Phase 2 issues related to any claim or defense in this case – and in the case of

16  lawsuits involving Barbie, that extends back <u>decades</u> before any relevant time period

17  in this case.

18          Further, the Request is unintellegible on its face, in seeking: ALL

19  DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO any

20  demand, claim or lawsuit against MATTEL (other than this ACTION) alleging that

21  any CONTESTED MATTEL PRODUCT, any BARBIE product, or any DIVA

22  STARS product infringes the intellectual property rights of another PERSON.

23

24

---

25  [366]  <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for

26  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

27  1.
     [367]  <u>See</u> April 14, 2008 Order at 4, Dart Decl., Exh. 21.

28

1        Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

2   that a Court should limit the extent of discovery if it determines that the burden of

3   the proposed discovery outweighs its likely benefit; the discovery sought is

4   unreasonably cumulative or duplicative, or is obtainable from some other source that

5   is more convenient, less burdensome, or less expensive; or the party seeking

6   discovery has had ample opportunity by discovery in the action to obtain the

7   information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

8   producing the documents responsive to this overbroad Request would greatly

9   outweigh any marginal benefit to MGA, for the following reasons:

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   [368]  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

27   [369]  Moore Decl. ¶ 5, Dart Decl., Exh. 32.
     [370]  Id.

28

1 ███████████████████████████████████████████████████

2 ███████████████████████████████████████████████████

3 ███████████████████████████████████████████████████

4 ████████████████████████

5     ███████████████████████████████████████████████

6 ███████████████████████████████████████████████████

7 ███████████████████████████████████████████████████

8 ███████████████████████████████████████████████████

9 ███████████████████████████████████████████████████

10 ███████████████████████████████████████████████████

11 ███████████████████████████████████████████████████

12 ███████████████████████████████████████████████████

13 ███████████████████████████████████████████████████

14 ██████████████████████████████████████████

15    ████████████████████████████████████████████████

16 ███████████████████████████████████████████████████

17 ███████████████████████████████████████████████████

18 ███████████████████████████████████████████████████

19 ██████████████

20          There is no basis for overruling Mattel's privilege objection.  MGA's

21 bald assertion that "[t]his request does not seek information protected by the

22 attorney-client privilege, the attorney work product doctrine, or other applicable

23 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

24

---

25    [371]    Id.

26    [372]    Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

27    [373]    Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

       [374]    Id.

28

agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[375] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log. Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[376] At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[377] Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

---

[375] See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

[376] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[377] See Webster Decl., ¶¶ 6-20.

1 **REQUEST FOR PRODUCTION NO. 600**

2         All DOCUMENTS and COMMUNICATIONS REFERRING OR

3 RELATING TO any COMMUNICATION (including all memos and directives)

4 given by MATTEL to its retail merchandisers, contractors and employees with

5 regard to the conception, design, or marketing of any BRATZ product.

6 **RESPONSE TO REQUEST NO. 600:**

7         In addition to the general objections stated above which are

8 incorporated herein by reference, Mattel objects to this Request on the grounds that

9 it is overbroad and unduly burdensome, including in that it seeks all documents on

10 this subject without limitation as to time, and regardless of whether such documents

11 relate to products or matters at issue in this case.  Mattel further objects to the

12 Request on the grounds that it seeks documents that are not relevant to this action or

13 likely to lead to the discovery of admissible evidence.  Mattel further objects to this

14 Request on the grounds that it seeks confidential, proprietary and trade secret

15 information, including such information that has no bearing on the claims or

16 defenses in this action.  Mattel further objects to this Request on the grounds that it

17 calls for the disclosure of information subject to the attorney-client privilege, the

18 attorney work-product doctrine and other applicable privileges.  Mattel further

19 objects to the extent the Request seeks documents already produced by Mattel.

20 Such documents will not be produced again.  Mattel further objects on the ground

21 that this Request seeks to circumvent the Discovery Master's Order dated May 22,

22 2007.

23 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

24 **TO SHOULD BE COMPELLED**

25         Mattel has not agreed to produce documents in response to this request,

26 subject to its improper boilerplate objections.  Mattel has refused to confirm whether

27 or not it has produced all non-privileged responsive documents or whether it is

28 withholding documents based on its objections in Phase 2.  Under the Federal Rules

1  of Civil Procedure, "an objection to part of a request must specify the part and
2  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that
3  fail to explain the basis for an objection with specificity are routinely rejected in the
4  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
5  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
6  harassing' are improper – especially when a party fails to submit any evidentiary
7  declarations supporting such objections"). Accordingly, Mattel must be compelled
8  either to certify that it has produced all non-privileged responsive documents or to
9  produce all such documents by a date certain.

10  To the extent that Mattel is relying on its blanket objections, they are
11  not sustainable and do not justify Mattel's failure to produce documents.

12  This request does not seek documents protected by the attorney-client
13  privilege, the attorney work product doctrine, or other applicable privileges. To the
14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15  As to overbreadth, Mattel provides no explanation, let alone the
16  required particularity, as to *why* this request is supposedly overly broad, nor can it
17  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
18  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
19  contrary, the request is narrowly tailored to seek all documents and communications
20  related to any communications given by Mattel to its retail merchandisers,
21  contractors and employees with regard to the conception, design, or marketing of
22  any BRATZ product.

23  As to burden, Mattel has not attempted to demonstrate why responding
24  to this request and/or producing responsive documents presents any burden. This
25  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
26  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
27  request is unduly burdensome must allege specific facts which indicate the nature
28  and extent of the burden, usually by affidavit or other reliable evidence.")

00505.07975/3161688.1

-190-
MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN)

1   Moreover, it is not unduly burdensome, as noted above, in that the request is

2   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

3   has engaged in a broad variety of unfair trade practices including serial copying of

4   MGA products. MGA is entitled to discovery on these claims.

5          Mattel cites to the May 22, 2007 order, but that order is inapposite to

6   this request, which is much narrower than those considered irrelevant and/or

7   improper by the court. Specifically, the request is narrowly tailored to

8   communications given by Mattel to third parties regarding BRATZ products.

9          As for relevancy, Mattel has not attempted to demonstrate why

10  responding to this request and/or producing responsive documents is irrelevant to

11  the present action. On the contrary, MGA has alleged that Mattel is engaged in

12  copying of MGA products, packaging, themes and advertising among other unfair

13  competition and trade practices such as attempting to unfairly influence third parties

14  in order to preserve Mattel's market share rankings in the critical fashion doll

15  category. A request to seek documents/communications as described above is

16  therefore relevant to this action.

17         Mattel objects that the request contains confidential, proprietary, and

18  trade secret information. A Protective Order exists in this case, obviating any

19  concern as to protection of privacy rights and/or commercially sensitive

20  information.

21         None of Mattel's improper objections are valid and Mattel is obligated

22  to produce all non-privileged responsive documents in its possession, custody, or

23  control.

24

25

26

27

28

**MATTEL'S RESPONSE:**

This Request is "clearly overbroad" according to the prior Discovery Master's May 22, 2007 Order.[378]  In that Order, the Discovery Master denied MGA's motion to compel three requests seeking "all documents referring or relating to Mattel's communications with any buyers, merchandisers, general merchandise managers, retailers, suppliers, licensees, and potential licensees, referring or relating to Bratz, Larian or MGA regarding the origins, design, development, product launch, sales, promotions, advertising, quality, or price of Bratz or any other Bratz product."[379]  The Discovery Master held that the requests were "clearly overbroad" because they "requir[ed] production of documents that merely mention MGA, Larian, Bratz, or other MGA products, regardless of whether or not they have anything to do with the claims and defenses in the case" and "MGA has not made any attempt to link these requests to any of the numerous and far-ranging allegations of unfair competition set forth in its complaint."[380]  This Request is improperly overbroad for the same reasons and must be denied.

The Request is also overbroad as it lacks any limit as to time.  It therefore seeks communications in a time period that predates any Phase 2 issues related to MGA's allegations unfair trade practices.  The Request is also overbroad to the extent it seeks discovery into events and products that post-date MGA's complaint, filed on April 15, 2005, based on MGA's own argument that was accepted by the Discovery Master in denying discovery Mattel was seeking regarding transactions occurring after the filing of Mattel's complaint.[381]  MGA

---

[378] See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
[379] See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
[380] Id. at 17.
[381] See MGA Parties' Reply In Support of Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6, where MGA argued that its transactions with the entities that financed acquisition of
(footnote continued)

1  offers no reason, nor could it consistent with judicial estoppel, why documents post-

2  dating the filing of claims which do not allege continuing wrongdoing are relevant

3  to those claims.

4        The Request is also duplicative of other requests for documents by the

5  MGA Parties requests in response to which Mattel has already produced thousands

6  of pages in Phase 1 of this case.

7        Mattel's relevancy objection should also be sustained.  MGA argues

8  that "Mattel has not attempted to demonstrate why responding to this request and/or

9  producing responsive documents is irrelevant to the present action."  However,

10  MGA bears the burden of showing that its discovery meets the relevance

11  requirements of Rule 26(b)(1).[382]  MGA makes the conclusory assertion that this

12  Request is relevant to its allegations that "Mattel is engaged in copying of MGA

13  products, packaging, themes and advertising among other unfair competition and

14  trade practices such as attempting to unfairly influence third parties" but fails to

15  explain how the discovery sought is relevant to these claims.  "A trial court has a

16  duty, of special significance in lengthy and complex cases where the possibility of

17  abuse is always present, to supervise and limit discovery to protect parties and

18

19  ——————————————

20  the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ▮▮▮▮▮▮▮▮

21  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  In finding that "there has been
    no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

22  calculated to lead to the discovery of admissible evidence regarding the RICO

23  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
    other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

24  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

25  into existence – and therefore apparently did not encompass the activities or the
    transactions which are the subject of the Financing Discovery."  Discovery Matter

26  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

27  [382]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
    Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

28  (footnote continued)

1   witnesses from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D.

2   661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World</u>

3   <u>Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v.</u>

4   <u>Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the

5   previous Discovery Master has held, a party may not propound document requests

6   as part of a fishing expedition or to discover new claims.[383]  <u>Rivera v. NIBCO, Inc.</u>,

7   364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of

8   discovery to engage in 'fishing expeditions.'").

9          Further, as the prior Discovery Master has recognized, this Request is

10  unduly burdensome.[384]  <u>Rule</u> 26(b)(2)(c) provides that a Court should limit the

11  extent of discovery if it determines that the burden of the proposed discovery

12  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

13  duplicative, or is obtainable from some other source that is more convenient, less

14  burdensome, or less expensive; or the party seeking discovery has had ample

15  opportunity by discovery in the action to obtain the information sought.  See <u>Fed. R.</u>

16  <u>Civ. P.</u> 26(b)(2)(c).  The burden of locating and producing the documents responsive

17  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

18  the following reasons:

19  ████████████████████████████████████████

20  ████████████████████████████████████████

21  ████████████████████████████████████████

22  _____

23  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1

24  (S.D. Cal. 2009).

25  [383]   <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for
    Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

26  1.

27  [384]   <u>See</u> Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.
    [385]   Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

28



386 <u>Id.</u> ¶ 10.
387 <u>Id.</u>
388 <u>See</u> Pantel Decl. ¶ 7, Dart Decl., Exh. 31.
389 <u>Id.</u>



<sup>390</sup> Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
<sup>391</sup> Moore Decl. ¶ 5, Dart Decl., Exh. 32.
<sup>392</sup> <u>Id.</u>
<sup>393</sup> <u>Id.</u>
<sup>394</sup> Pantel Decl. ¶ 11, Dart Decl., Exh. 31..



1
2
3
4
5
6

7          There is no basis for overruling Mattel's privilege objection.  MGA's

8    bald assertion that "[t]his request does not seek information protected by the

9    attorney-client privilege, the attorney work product doctrine, or other applicable

10   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

11   agreed that "all privileged documents would be logged except for documents created

12   after this action was filed on April 27, 2004."[397]  Thus, to the extent  privileged

13   documents fall within the post lawsuit time period, they need not be included on

14   Mattel's log.  Although it bears the burden of showing why this agreement should

15   not be applied to a given Request, MGA fails to do so.

16          Finally, MGA failed to meet and confer at all, much less in good faith,

17   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

18   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

19   the moving party shall first identify each dispute, state the relief sought and identify

20   the authority supporting the requested relief in a meet and confer letter that shall be

21   served on all parties by facsimile or electronic mail. The parties shall have five court

22   days from the date of service of that letter to conduct an in-person conference to

23   attempt to resolve the dispute.").   In order to engage in a meaningful meet and

24
25
26

---

[395]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
[396]  Id.

1　confer, MGA had the burden to show the relevance of any requests it sought to

2　move on.[398]   At no point during the meet and confer process did MGA show why

3　this Request could be considered relevant to Phase 2 issues.[399]   Because MGA

4　refused to even attempt to make this showing, there was no possibility of a good

5　faith meet and confer to resolve the parties' disputes.   The Discovery Master should

6　deny MGA's motion with respect to this Request on that grounds alone.

7　**REQUEST FOR PRODUCTION NO. 603**

8　　　　　　All DOCUMENTS and COMMUNICATIONS REFERRING OR

9　RELATING TO COMMUNICATIONS between Erica Ashbrook and anyone at

10　MATTEL regarding any BRATZ product or MGA's business at Wal-Mart.

11　**RESPONSE TO REQUEST NO. 603:**

12　　　　　　In addition to the general objections stated above which are

13　incorporated herein by reference, Mattel objects to this Request on the grounds that

14　it is overbroad and unduly burdensome, including in that it seeks all documents on

15　this subject without limitation as to time, and regardless of whether such documents

16　relate to products or matters at issue in this case.   Mattel further objects to the

17　Request on the grounds that it seeks documents that are not relevant to this action or

18　likely to lead to the discovery of admissible evidence.   Mattel further objects to this

19　Request on the grounds that it seeks confidential, proprietary and trade secret

20　information, including such information that has no bearing on the claims or

21　defenses in this action.   Mattel further objects to this Request on the grounds that it

23　　[397]　See Order Denying Mattel's Motion for Protective Order Limiting the
24　Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
25　3.
　　[398]　See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26　Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
27　burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
(S.D. Cal. May 14, 2009).

1    calls for the disclosure of information subject to the attorney-client privilege, the

2    attorney work-product doctrine and other applicable privileges. Mattel further

3    objects to the extent the Request seeks documents already produced by Mattel.

4    Such documents will not be produced again. Mattel further objects on the ground

5    that this Request seeks to circumvent the Discovery Master's Order dated May 22,

6    2007.

7    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

8    **TO SHOULD BE COMPELLED**

9           Mattel has not agreed to produce documents in response to this request,

10   subject to its improper boilerplate objections. Mattel has refused to confirm whether

11   or not it has produced all non-privileged responsive documents or whether it is

12   withholding documents based on its objections in Phase 2. Under the Federal Rules

13   of Civil Procedure, "an objection to part of a request must specify the part and

14   permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

15   fail to explain the basis for an objection with specificity are routinely rejected in the

16   Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

17   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

18   harassing' are improper – especially when a party fails to submit any evidentiary

19   declarations supporting such objections"). Accordingly, Mattel must be compelled

20   either to certify that it has produced all non-privileged responsive documents or to

21   produce all such documents by a date certain.

22          To the extent that Mattel is relying on its blanket objections, they are

23   not sustainable and do not justify Mattel's failure to produce documents.

24

25

26

27   [399]   See Webster Decl., ¶¶ 6-20.

28

1    This request does not seek documents protected by the attorney-client

2 privilege, the attorney work product doctrine, or other applicable privileges.  To the

3 extent that Mattel contends that it does, Mattel must provide a privilege log.

4    As to overbreadth, Mattel provides no explanation, let alone the

5 required particularity, as to **why** this request is supposedly overly broad, nor can it

6 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

7 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

8 contrary, the request is narrowly tailored to seek all documents and communications

9 related to communications between Mattel employee Erica Ashbrook and anyone at

10 Mattel regarding any BRATZ product or MGA's business at Wal-Mart.

11    As to burden, Mattel has not attempted to demonstrate why responding

12 to this request and/or producing responsive documents presents any burden.  This

13 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

14 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15 request is unduly burdensome must allege specific facts which indicate the nature

16 and extent of the burden, usually by affidavit or other reliable evidence.")

17 Moreover, it is not unduly burdensome, as noted above, in that the request is

18 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19 has engaged in a broad variety of unfair trade practices including serial copying of

20 MGA products.  MGA is entitled to discovery on these claims.

21    Mattel cites to the May 22, 2007 order, but that order is inapposite to

22 this request, which is much narrower than those considered irrelevant and/or

23 improper by the court.  Specifically, the request is narrowly tailored to

24 communications between Erica Ashbrook and anyone at Mattel regarding any

25 BRATZ product or MGA's business at Wal-Mart.

26    As for relevancy, Mattel has not attempted to demonstrate why

27 responding to this request and/or producing responsive documents is irrelevant to

28 the present action.  On the contrary, MGA has alleged that Mattel is engaged in