1 | copying of MGA products, packaging, themes and advertising among other unfair
2 | competition and trade practices such as attempting to unfairly influence third parties
3 | in order to preserve Mattel's market share rankings in the critical fashion doll
4 | category.  A request to seek documents/communications as described above is
5 | therefore relevant to this action.

6 |    Mattel objects that the request contains confidential, proprietary, and
7 | trade secret information.  A Protective Order exists in this case, obviating any
8 | concern as to protection of privacy rights and/or commercially sensitive
9 | information.

10 |    None of Mattel's improper objections are valid and Mattel is obligated
11 | to produce all non-privileged responsive documents in its possession, custody, or
12 | control.

13 | **MATTEL'S RESPONSE:**

14 |    This Request is both "clearly" and "grossly overbroad" according to the
15 | prior Discovery Master's May 22, 2007 Order.[400]  In that Order, the Discovery
16 | Master denied MGA's motion to compel three requests seeking "all documents
17 | referring or relating to Mattel's communications with any buyers, merchandisers,
18 | general merchandise managers, retailers, suppliers, licensees, and potential
19 | licensees, referring or relating to Bratz, Larian or MGA regarding the origins,
20 | design, development, product launch, sales, promotions, advertising, quality, or
21 | price of Bratz or any other Bratz product."[401]  The Discovery Master held that the
22 | requests were "clearly overbroad" because they "requir[ed] production of documents
23 | that merely mention MGA, Larian, Bratz, or other MGA products, regardless of
24 | whether or not they have anything to do with the claims and defenses in the case"

25 | ———————————————

26 | [400] <u>See</u> Discovery Master Order dated May 22, 2007, at 17 and 19, Dart Decl,
27 | Exh. 5.
 [401] <u>Id.</u> at 16.
28 |

1   and "MGA has not made any attempt to link these requests to any of the numerous

2   and far-ranging allegations of unfair competition set forth in its complaint."[402]  The

3   Discovery Master also denied requests that would "requir[e] production of

4   documents referring or relating to MGA's business dealings, without specifying any

5   products or other subject matter limitations."[403]  This Request is improperly

6   overbroad for the same reasons and must be denied.

7           The Request is also overbroad as it lacks any limitations as to time.  It

8   therefore seeks communications for a time period that predates any Phase 2 issues

9   related to MGA's allegations of unfair trade practices.  The Request is also

10   overbroad to the extent it seeks discovery into events and products that post-date

11   MGA's complaint, filed on April 15, 2005, based on MGA's own argument that was

12   accepted by the Discovery Master in denying discovery Mattel was seeking

13   regarding transactions occurring after the filing of Mattel's complaint.[404]  MGA

14   offers no reason, nor could it consistent with judicial estoppel, why documents post-

15   dating the filing of claims which do not allege continuing wrongdoing are relevant

16   to those claims.

17   _____

18   [402]  Id. at 17.

19   [403]  Id. at 19.

    [404]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

20   Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,

21   where MGA argued that its transactions with the entities that financed acquisition of
     the Wachovia debt were not relevant to Phase 2 because, inter alia, ▮▮▮▮▮▮▮▮

22   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  In finding that "there has been

23   no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
     calculated to lead to the discovery of admissible evidence regarding the RICO

24   counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
     other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

25   than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26   into existence – and therefore apparently did not encompass the activities or the
     transactions which are the subject of the Financing Discovery."  Discovery Matter

27   Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

28

1      Mattel's relevancy objection should also be sustained.  MGA argues

2   that "Mattel has not attempted to demonstrate why responding to this request and/or

3   producing responsive documents is irrelevant to the present action."  However,

4   MGA bears the burden of showing that its discovery meets the relevance

5   requirements of Rule 26(b)(1).[405]  MGA makes the conclusory assertion that this

6   Request is relevant to its allegations that "Mattel is engaged in copying of MGA

7   products, packaging, themes and advertising among other unfair competition and

8   trade practices such as attempting to unfairly influence third parties" but fails to

9   explain how the discovery sought is relevant to these claims.  "A trial court has a

10   duty, of special significance in lengthy and complex cases where the possibility of

11   abuse is always present, to supervise and limit discovery to protect parties and

12   witnesses from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D.

13   661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World

14   Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v.

15   Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the

16   previous Discovery Master has held, a party may not propound document requests

17   as part of a fishing expedition or to discover new claims.[406]  Rivera v. NIBCO, Inc.,

18   364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of

19   discovery to engage in 'fishing expeditions.'").

---

[405]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[406]   See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

1        Further, as the prior Discovery Master has recognized, this Request is

2 unduly burdensome.[407]  Rule 26(b)(2)(c) provides that a Court should limit the

3 extent of discovery if it determines that the burden of the proposed discovery

4 outweighs its likely benefit; the discovery sought is unreasonably cumulative or

5 duplicative, or is obtainable from some other source that is more convenient, less

6 burdensome, or less expensive; or the party seeking discovery has had ample

7 opportunity by discovery in the action to obtain the information sought.  See Fed. R.

8 Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

9 to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

10 the following reasons:



25  [407]  See Discovery Master Order dated May 22, 2007, at 17 and 19, Dart Decl,

26 Exh. 5.

    [408]  Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

27  [409]  Id. ¶ 10.

28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

410 <u>Id.</u>
411 <u>See</u> Pantel Decl. ¶ 7, Dart Decl., Exh. 31.
412 <u>Id.</u>
413 Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
414 Moore Decl. ¶ 5, Dart Decl., Exh. 32.
415 <u>Id.</u>

1 ██████████████████████████████████████████████

2 ████████████████████████████████████████████████

3 ██████████████████████████████████████████████████

4 ████████████████████████████████████████████████

5 ██████████████████████████

6 ███████████████████████████████████████████

7 ██████████████████████████████████████████████████

8 ████████████████████████████████████████████████████

9 ██████████████████████████████████████████████

10 ██████████████████████████████████████████████████████

11 █████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████

13 ███████████████████████████████████████████

14 █████████████████████████████████████████████████████

15 ████████████████████████████████████████████

16 ████████████████████████████████████████████████████

17 ██████████████████████████████████████████████████████

18 █████████████████████████████████████████████████████

19 ███████████████████████████████████████████

20      Finally, MGA failed to meet and confer at all, much less in good faith,

21 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

22 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

23 the moving party shall first identify each dispute, state the relief sought and identify

24

25   416  Id.
26   417  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
27   418  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
     419  Id.
28

1   the authority supporting the requested relief in a meet and confer letter that shall be

2   served on all parties by facsimile or electronic mail. The parties shall have five court

3   days from the date of service of that letter to conduct an in-person conference to

4   attempt to resolve the dispute.").   In order to engage in a meaningful meet and

5   confer, MGA had the burden to show the relevance of any requests it sought to

6   move on.[420]   At no point during the meet and confer process did MGA show why

7   this Request could be considered relevant to Phase 2 issues.[421]   Because MGA

8   refused to even attempt to make this showing, there was no possibility of a good

9   faith meet and confer to resolve the parties' disputes.  The Discovery Master should

10  deny MGA's motion with respect to this Request on that grounds alone.

11  **REQUEST FOR PRODUCTION NO. 611**

12          All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

13  RELATING TO the origins or sources of inspiration of POLLY POCKET,

14  including, without limitation, the purpose for which POLLY POCKET were created.

15  **RESPONSE TO REQUEST NO. 611:**

16          In addition to the general objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it is overbroad and unduly burdensome, including in that it seeks all documents on

19  this subject without limitation as to time, and regardless of whether such documents

20  relate to products or matters at issue in this case.  Mattel further objects to the

21  Request on the grounds that it seeks documents that are not relevant to this action or

22  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

23  Request on the grounds that it seeks confidential, proprietary and trade secret

24

25          [420]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

    (S.D. Cal. May 14, 2009).

28

1    information, including such information that has no bearing on the claims or

2    defenses in this action.  Mattel further objects to this Request on the grounds that it

3    calls for the disclosure of information subject to the attorney-client privilege, the

4    attorney work-product doctrine and other applicable privileges.  Mattel further

5    objects on the ground that this Request seeks to circumvent the Discovery Master's

6    Orders of April 19, 2007, and May 22, 2007.

7    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

8    **TO SHOULD BE COMPELLED**

9            Mattel has not agreed to produce documents in response to this request,

10   subject to its improper boilerplate objections.  Mattel has refused to confirm whether

11   or not it has produced all non-privileged responsive documents or whether it is

12   withholding documents based on its objections in Phase 2.  Under the Federal Rules

13   of Civil Procedure, "an objection to part of a request must specify the part and

14   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

15   fail to explain the basis for an objection with specificity are routinely rejected in the

16   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

17   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

18   harassing' are improper – especially when a party fails to submit any evidentiary

19   declarations supporting such objections").  Accordingly, Mattel must be compelled

20   either to certify that it has produced all non-privileged responsive documents or to

21   produce all such documents by a date certain.

22           To the extent that Mattel is relying on its blanket objections, they are

23   not sustainable and do not justify Mattel's failure to produce documents.

24           As to overbreadth, Mattel provides no explanation, let alone the

25   required particularity, as to *why* this request is supposedly overly broad, nor can it

26

27   [421]  See Webster Decl., ¶¶ 6-20.

28

1  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

2  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

3  contrary, the request is narrowly tailored to seek documents concerning the origin

4  and sources of inspiration of POLLY POCKET naturally limiting the request to the

5  time around when the particular line of product was created.

6          As to burden, Mattel has not attempted to demonstrate why responding

7  to this request and/or producing responsive documents presents any burden. This

8  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

9  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10  request is unduly burdensome must allege specific facts which indicate the nature

11  and extent of the burden, usually by affidavit or other reliable evidence.")

12  Moreover, it is not unduly burdensome, as noted above, in that the request is

13  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

14  has engaged in a broad variety of unfair trade practices including serial copying of

15  MGA products. MGA is entitled to discovery on these claims.

16          This request does not seek documents protected by the attorney-client

17  privilege, the attorney work product doctrine, or other applicable privileges. To the

18  extent that Mattel contends that it does, Mattel must provide a privilege log.

19          Mattel cites to the May 22, 2007 order, but that order is inapposite to

20  this request, which is much narrower than those considered irrelevant and/or

21  improper by the court. Specifically, the request is narrowly tailored to documents

22  regarding a particular product line, namely POLLY POCKET. Mattel also cites to

23  the April 19, 2007 order, but that order is also inapposite to this request, which is

24  much narrower than those considered irrelevant and/or improper by the court.

25  Specifically, the request is narrowly tailored to documents regarding the origin and

26  source of inspiration of POLLY POCKET.

27          As for relevancy, Mattel has not attempted to demonstrate why

28  responding to this request and/or producing responsive documents is irrelevant to

1    the present action.  On the contrary, MGA has alleged that Mattel is engaged in

2    copying of MGA products, packaging, themes and advertising.  POLLY POCKET is

3    an example of one such product line.  A request seeking the origin and source of

4    inspiration behind its creation is therefore relevant to this action and MGA's claim.

5         Mattel objects that the request contains confidential, proprietary, and

6    trade secret information.  A Protective Order exists in this case, obviating any

7    concern as to protection of privacy rights and/or commercially sensitive

8    information.

9         None of Mattel's improper objections are valid and Mattel is obligated

10    to produce all non-privileged responsive documents in its possession, custody, or

11    control.

12 **MATTEL'S RESPONSE:**

13         Mattel's relevancy objection should be sustained, as the previous

14    Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

15    requests.[422]  MGA argues that "Mattel has not attempted to demonstrate why

16    responding to this request and/or producing responsive documents is irrelevant to

17    the present action."  However, MGA bears the burden of showing that its discovery

18    meets the relevance requirements of Rule 26(b)(1).[423]  MGA makes the conclusory

19    assertion that this Request is relevant to its allegations that "Mattel is engaged in

20    copying of MGA products, packaging, themes and advertising."  However, as the

21    prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's

22    or Bryant's complaint or any of the other pleadings filed in this consolidated

23

24

---

25    [422]   See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.

      [423]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26    Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27    burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

      (S.D. Cal. 2009).

28

1 | action."[424]  In denying MGA discovery into information related to Polly Pocket
2 | (with the exception of a documetns relating to a single Polly Pockoet television
3 | commercial identified in MGA's interrogatory responses), the Discovery Master
4 | held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to
5 | use broad discovery requests, untethered to a claim or defense, to fish for new
6 | claims." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District
7 | courts need not condone the use of discovery to engage in 'fishing expeditions.'").
8 | "A trial court has a duty, of special significance in lengthy and complex cases where
9 | the possibility of abuse is always present, to supervise and limit discovery to protect
10 | parties and witnesses from annoyance and excessive expense." Dolgow v.
11 | Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan
12 | American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);
13 | Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)
14 | (same).

15 |  Further, this Request is "clearly overbroad" according to the prior
16 | Discovery Master's May 22, 2007 Order.[425]  In that Order, the Discovery Master
17 | held that requests were "clearly overbroad" where they "requir[ed] production of
18 | documents that merely mention MGA, Larian, Bratz, or other MGA products,
19 | regardless of whether or not they have anything to do with the claims and defenses
20 | in the case" and "MGA has not made any attempt to link these requests to any of the
21 | numerous and far-ranging allegations of unfair competition set forth in its
22 | complaint."[426]  This Request is improperly overbroad for the same reasons and must
23 | be denied.

24 |
25 |

26 | [424] See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.
27 | [425] See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
   | [426] Id. at 17.
28 |

1    　　　The Request is also overbroad as to time, seeking communications in a

2    time period that predates any Phase 2 issues related to MGA's allegations unfair

3    trade practices.  The Request is also overbroad to the extent it seeks discovery into

4    events and products that post-date MGA's complaint, filed on April 15, 2005, based

5    on MGA's own argument that was accepted by the Discovery Master in denying

6    discovery Mattel was seeking regarding transactions occurring after the filing of

7    Mattel's complaint.[427]  MGA offers no reason, nor could it consistent with judicial

8    estoppel, why documents post-dating the filing of claims which do not allege

9    continuing wrongdoing are relevant to those claims.

10    　　　Further, as the prior Discovery Master has recognized, this Request is

11    unduly burdensome.[428]  Rule 26(b)(2)(c) provides that a Court should limit the

12    extent of discovery if it determines that the burden of the proposed discovery

13    outweighs its likely benefit; the discovery sought is unreasonably cumulative or

14    duplicative, or is obtainable from some other source that is more convenient, less

15    burdensome, or less expensive; or the party seeking discovery has had ample

16    opportunity by discovery in the action to obtain the information sought.  See Fed. R.

17    Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

18

19    [427]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

20    Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,

21    where MGA argued that its transactions with the entities that financed acquisition of
     the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ▮▮▮▮▮▮▮▮▮

22    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  In finding that "there has been

23    no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
     calculated to lead to the discovery of admissible evidence regarding the RICO

24    counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

25    other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
     than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26    into existence – and therefore apparently did not encompass the activities or the

27    transactions which are the subject of the Financing Discovery."  Discovery Matter
     Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

28

1 | to this overbroad Request would greatly outweigh any marginal benefit to MGA, for
2 | the following reasons:

3 | ████████████████████████████████████████

4 | ████████████████████████████████████████

5 | ████████████████████████████████████████

6 | ████████████████████████████████████████

7 | ████████████████████████████████████████

8 | ████████████████████████████████████████

9 | ████████████████████████████████████████

10 | ████████████████████████████████████████

11 | ████████████████████████████████████████

12 | ████████████

13 | ████████████████████████████████████████

14 | ████████████████████████████████████████

15 | ████████████████████████████████████████

16 | ████████████████████████████████████████

17 | ████████████████████████████████████████

18 | ████████████████████████████████████████

19 | ████████████████████████████████████████

20 | ████████████████████████████████████████

21 | ████████████████████████████████████████

[428] See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.
[429] Pantel Decl. ¶ 9, Dart Decl., Exh. 31.
[430] Id. ¶ 10.
[431] Id.
[432] See Pantel Decl. ¶ 7, Dart Decl., Exh. 31.

-213-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET SEVEN)



433  Id.
434  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
435  Moore Decl. ¶ 5, Dart Decl., Exh. 32.
436  Id.



13         There is no basis for overruling Mattel's privilege objection.  MGA's

14 bald assertion that "[t]his request does not seek information protected by the

15 attorney-client privilege, the attorney work product doctrine, or other applicable

16 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

17 agreed that "all privileged documents would be logged except for documents created

18 after this action was filed on April 27, 2004."[441]  Thus, to the extent  privileged

19 documents fall within the post lawsuit time period, they need not be included on

20 Mattel's log.  Although it bears the burden of showing why this agreement should

21 not be applied to a given Request, MGA fails to do so.

22

23   [437]  Id.

24   [438]  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

25   [439]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
  [440]  Id.

26   [441]  See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

28 3.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").  In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[442]  At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[443]  Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

## REQUEST FOR PRODUCTION NO. 612

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO MATTEL's initial design and development of POLLY POCKET, including but not limited to design drawings, sculpts, internal memos, MARKET RESEARCH, and approval memo.

## RESPONSE TO REQUEST NO. 612:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on

---

[442]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

1  this subject without limitation as to time, and regardless of whether such documents
2  relate to products or matters at issue in this case.  Mattel further objects to the
3  Request on the grounds that it seeks documents that are not relevant to this action or
4  likely to lead to the discovery of admissible evidence.  Mattel further objects to this
5  Request on the grounds that it seeks confidential, proprietary and trade secret
6  information, including such information that has no bearing on the claims or
7  defenses in this action.  Mattel further objects to this Request on the grounds that it
8  calls for the disclosure of information subject to the attorney-client privilege, the
9  attorney work-product doctrine and other applicable privileges.  Mattel further
10  objects on the ground that this Request seeks to circumvent the Discovery Master's
11  Orders of April 19, 2007, and May 22, 2007.

12  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
13  **TO SHOULD BE COMPELLED**

14  Mattel has not agreed to produce documents in response to this request,
15  subject to its improper boilerplate objections.  Mattel has refused to confirm whether
16  or not it has produced all non-privileged responsive documents or whether it is
17  withholding documents based on its objections in Phase 2.  Under the Federal Rules
18  of Civil Procedure, "an objection to part of a request must specify the part and
19  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
20  fail to explain the basis for an objection with specificity are routinely rejected in the
21  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
22  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
23  harassing' are improper – especially when a party fails to submit any evidentiary
24  declarations supporting such objections").  Accordingly, Mattel must be compelled
25
26
27  [443]  See Webster Decl., ¶¶ 6-20.
28

1    either to certify that it has produced all non-privileged responsive documents or to

2    produce all such documents by a date certain.

3            To the extent that Mattel is relying on its blanket objections, they are

4    not sustainable and do not justify Mattel's failure to produce documents.

5            As to overbreadth, Mattel provides no explanation, let alone the

6    required particularity, as to *why* this request is supposedly overly broad, nor can it

7    do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

8    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

9    contrary, the request is narrowly tailored to seek documents concerning Mattel's

10   initial design and development of POLLY POCKET.

11           As to burden, Mattel has not attempted to demonstrate why responding

12   to this request and/or producing responsive documents presents any burden. This

13   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

14   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.")

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

19   has engaged in a broad variety of unfair trade practices including serial copying of

20   MGA products. MGA is entitled to discovery on these claims.

21           This request does not seek documents protected by the attorney-client

22   privilege, the attorney work product doctrine, or other applicable privileges. To the

23   extent that Mattel contends that it does, Mattel must provide a privilege log.

24           Mattel cites to the May 22, 2007 order, but that order is inapposite to

25   this request, which is much narrower than those considered irrelevant and/or

26   improper by the court. Specifically, the request is narrowly tailored to documents

27   regarding a particular product line, namely POLLY POCKET. Mattel also cites to

28   the April 19, 2007 order, but that order is also inapposite to this request, which is

1  much narrower than those considered irrelevant and/or improper by the court.

2  Specifically, the request is narrowly tailored to documents regarding the initial

3  design and development of POLLY POCKET.

4      As for relevancy, Mattel has not attempted to demonstrate why

5  responding to this request and/or producing responsive documents is irrelevant to

6  the present action.  On the contrary, MGA has alleged that Mattel is engaged in

7  copying of MGA products, packaging, themes and advertising.  POLLY POCKET is

8  an example of one such product line.  A request seeking documents related to its

9  initial design and development is therefore relevant to this action and MGA's claim.

10     Mattel objects that the request contains confidential, proprietary, and

11 trade secret information.  A Protective Order exists in this case, obviating any

12 concern as to protection of privacy rights and/or commercially sensitive

13 information.

14     None of Mattel's improper objections are valid and Mattel is obligated

15 to produce all non-privileged responsive documents in its possession, custody, or

16 control.

17 **MATTEL'S RESPONSE:**

18     Mattel's relevancy objection should be sustained, as the previous

19 Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

20 requests.[444]  MGA argues that "Mattel has not attempted to demonstrate why

21 responding to this request and/or producing responsive documents is irrelevant to

22 the present action."  However, MGA bears the burden of showing that its discovery

23 meets the relevance requirements of Rule 26(b)(1).[445]  MGA makes the conclusory

---

26 [444] See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.

27 [445] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

28      (footnote continued)

1  assertion that this Request is relevant to its allegations that "Mattel is engaged in

2  copying of MGA products, packaging, themes and advertising." However, as the

3  prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's

4  or Bryant's complaint or any of the other pleadings filed in this consolidated

5  action."[446]  In denying MGA discovery into information related to Polly Pocket

6  (with the exception of a documetns relating to a single Polly Pockoet television

7  commercial identified in MGA's interrogatory responses), the Discovery Master

8  held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to

9  use broad discovery requests, untethered to a claim or defense, to fish for new

10  claims." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

11  courts need not condone the use of discovery to engage in 'fishing expeditions.'").

12  "A trial court has a duty, of special significance in lengthy and complex cases where

13  the possibility of abuse is always present, to supervise and limit discovery to protect

14  parties and witnesses from annoyance and excessive expense." Dolgow v.

15  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

16  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

17  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

18  (same).

19         Further, this Request is "clearly overbroad" according to the prior

20  Discovery Master's May 22, 2007 Order.[447]  In that Order, the Discovery Master

21  held that requests were "clearly overbroad" where they "requir[ed] production of

22  documents that merely mention MGA, Larian, Bratz, or other MGA products,

23  regardless of whether or not they have anything to do with the claims and defenses

24

25  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

26  (S.D. Cal. 2009).

27  [446]  See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.

   [447]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

28

1   in the case" and "MGA has not made any attempt to link these requests to any of the

2   numerous and far-ranging allegations of unfair competition set forth in its

3   complaint."[448]  This Request is improperly overbroad for the same reasons and must

4   be denied.

5          The Request is also overbroad as to time, seeking communications in a

6   time period that predates any Phase 2 issues related to MGA's allegations unfair

7   trade practices.  The Request is also overbroad to the extent it seeks discovery into

8   events and products that post-date MGA's complaint, filed on April 15, 2005, based

9   on MGA's own argument that was accepted by the Discovery Master in denying

10   discovery Mattel was seeking regarding transactions occurring after the filing of

11   Mattel's complaint.[449]  MGA offers no reason, nor could it consistent with judicial

12   estoppel, why documents post-dating the filing of claims which do not allege

13   continuing wrongdoing are relevant to those claims.

14          Further, as the prior Discovery Master has recognized, this Request is

15   unduly burdensome.[450]  Rule 26(b)(2)(c) provides that a Court should limit the

16   extent of discovery if it determines that the burden of the proposed discovery

17   ─────────────────

18   [448]  Id. at 17.

19   [449]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,

20   where MGA argued that its transactions with the entities that financed acquisition of
the Wachovia debt were not relevant to Phase 2 because, *inter alia,*

21   ████████████████████████████████████████  In finding that "there has been

22   no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

23   calculated to lead to the discovery of admissible evidence regarding the RICO
counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

24   other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

25   than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
into existence – and therefore apparently did not encompass the activities or the

26   transactions which are the subject of the Financing Discovery."  Discovery Matter

27   Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

   [450]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl., Exh. 5.

28

outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons:

[451] Pantel Decl. ¶ 9, Dart Decl., Exh. 31.
[452] Id. ¶ 10.
[453] Id.



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  [454] <u>See</u> Pantel Decl. ¶ 7, Dart Decl., Exh. 31.
    [455] <u>Id.</u>
26  [456] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
27  [457] Moore Decl. ¶ 5, Dart Decl., Exh. 32.
    [458] <u>Id.</u>
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17         There is no basis for overruling Mattel's privilege objection.  MGA's

18  bald assertion that "[t]his request does not seek information protected by the

19  attorney-client privilege, the attorney work product doctrine, or other applicable

20  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

21  agreed that "all privileged documents would be logged except for documents created

22

23

24

25    [459]  Id.

26    [460]  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

27    [461]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
    [462]  Id.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN)

1  after this action was filed on April 27, 2004."[463]  Thus, to the extent  privileged

2  documents fall within the post lawsuit time period, they need not be included on

3  Mattel's log.  Although it bears the burden of showing why this agreement should

4  not be applied to a given Request, MGA fails to do so.

5        Finally, MGA failed to meet and confer at all, much less in good faith,

6  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8  the moving party shall first identify each dispute, state the relief sought and identify

9  the authority supporting the requested relief in a meet and confer letter that shall be

10  served on all parties by facsimile or electronic mail. The parties shall have five court

11  days from the date of service of that letter to conduct an in-person conference to

12  attempt to resolve the dispute.").  In order to engage in a meaningful meet and

13  confer, MGA had the burden to show the relevance of any requests it sought to

14  move on.[464]  At no point during the meet and confer process did MGA show why

15  this Request could be considered relevant to Phase 2 issues.[465]  Because MGA

16  refused to even attempt to make this showing, there was no possibility of a good

17  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

18  deny MGA's motion with respect to this Request on that grounds alone.

19  **REQUEST FOR PRODUCTION NO. 613**

20        All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

21  RELATING TO consideration being given to changing the appearance of POLLY

22

23  [463]  See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.

[464]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

(S.D. Cal. May 14, 2009).

28

1  POCKET, including but not limited to DOCUMENTS REFERRING TO OR

2  RELATING TO sculpts, face paint and eye design.

3  **RESPONSE TO REQUEST NO. 613:**

4        In addition to the general objections stated above which are

5  incorporated herein by reference, Mattel objects to this Request on the grounds that

6  it is overbroad and unduly burdensome, including in that it seeks all documents on

7  this subject without limitation as to time, and regardless of whether such documents

8  relate to products or matters at issue in this case.  Mattel further objects to the

9  Request on the grounds that it seeks documents that are not relevant to this action or

10  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

11  Request on the grounds that it seeks confidential, proprietary and trade secret

12  information, including such information that has no bearing on the claims or

13  defenses in this action.  Mattel further objects to this Request on the grounds that it

14  calls for the disclosure of information subject to the attorney-client privilege, the

15  attorney work-product doctrine and other applicable privileges.  Mattel further

16  objects on the ground that this Request seeks to circumvent the Discovery Master's

17  Orders of April 19, 2007, and May 22, 2007.

18  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

19  **TO SHOULD BE COMPELLED**

20        Mattel has not agreed to produce documents in response to this request,

21  subject to its improper boilerplate objections.  Mattel has refused to confirm whether

22  or not it has produced all non-privileged responsive documents or whether it is

23  withholding documents based on its objections in Phase 2.  Under the Federal Rules

24  of Civil Procedure, "an objection to part of a request must specify the part and

25  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

26

27  [465]  See Webster Decl., ¶¶ 6-20.

28

1  fail to explain the basis for an objection with specificity are routinely rejected in the

2  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

3  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

4  harassing' are improper – especially when a party fails to submit any evidentiary

5  declarations supporting such objections").  Accordingly, Mattel must be compelled

6  either to certify that it has produced all non-privileged responsive documents or to

7  produce all such documents by a date certain.

8          To the extent that Mattel is relying on its blanket objections, they are

9  not sustainable and do not justify Mattel's failure to produce documents.

10         As to overbreadth, Mattel provides no explanation, let alone the

11 required particularity, as to *why* this request is supposedly overly broad, nor can it

12 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

13 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14 contrary, the request is narrowly tailored to seek documents and communications

15 that make reference to any consideration being given to changing the appearance of

16 POLLY POCKET.

17         As to burden, Mattel has not attempted to demonstrate why responding

18 to this request and/or producing responsive documents presents any burden.  This

19 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

20 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21 request is unduly burdensome must allege specific facts which indicate the nature

22 and extent of the burden, usually by affidavit or other reliable evidence.")

23 Moreover, it is not unduly burdensome, as noted above, in that the request is

24 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

25 has engaged in a broad variety of unfair trade practices including serial copying of

26 MGA products.  MGA is entitled to discovery on these claims.

27

28

1    This request does not seek documents protected by the attorney-client

2 privilege, the attorney work product doctrine, or other applicable privileges.  To the

3 extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel cites to the May 22, 2007 order, but that order is inapposite to

5 this request, which is much narrower than those considered irrelevant and/or

6 improper by the court.  Specifically, the request is narrowly tailored to documents

7 regarding a particular product line, namely POLLY POCKET.  Mattel also cites to

8 the April 19, 2007 order, but that order is also inapposite to this request, which is

9 much narrower than those considered irrelevant and/or improper by the court.

10 Specifically, the request is narrowly tailored to documents regarding the changing

11 appearance of POLLY POCKET.

12    As for relevancy, Mattel has not attempted to demonstrate why

13 responding to this request and/or producing responsive documents is irrelevant to

14 the present action.  On the contrary, MGA has alleged that Mattel is engaged in

15 copying of MGA products, packaging, themes and advertising.  POLLY POCKET is

16 an example of one such product line.  A request seeking documents related to

17 whether any consideration was given to changing its appearance (such as sculpts,

18 face, eye design etc.) is therefore relevant to this action and MGA's claim.

19    Mattel objects that the request contains confidential, proprietary, and

20 trade secret information.  A Protective Order exists in this case, obviating any

21 concern as to protection of privacy rights and/or commercially sensitive

22 information.

23    None of Mattel's improper objections are valid and Mattel is obligated

24 to produce all non-privileged responsive documents in its possession, custody, or

25 control.

26 **MATTEL'S RESPONSE:**

27    Mattel's relevancy objection should be sustained, as the previous

28 Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

00505.07975/3161688.1

1    requests.[466]  MGA argues that "Mattel has not attempted to demonstrate why

2    responding to this request and/or producing responsive documents is irrelevant to

3    the present action." However, MGA bears the burden of showing that its discovery

4    meets the relevance requirements of Rule 26(b)(1).[467]  MGA makes the conclusory

5    assertion that this Request is relevant to its allegations that "Mattel is engaged in

6    copying of MGA products, packaging, themes and advertising." However, as the

7    prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's

8    or Bryant's complaint or any of the other pleadings filed in this consolidated

9    action."[468]  In denying MGA discovery into information related to Polly Pocket

10   (with the exception of a documetns relating to a single Polly Pockoet television

11   commercial identified in MGA's interrogatory responses), the Discovery Master

12   held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to

13   use broad discovery requests, untethered to a claim or defense, to fish for new

14   claims." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

15   courts need not condone the use of discovery to engage in 'fishing expeditions.'").

16   "A trial court has a duty, of special significance in lengthy and complex cases where

17   the possibility of abuse is always present, to supervise and limit discovery to protect

18   parties and witnesses from annoyance and excessive expense." Dolgow v.

19   Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

20   American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

21   Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

22   (same).

23

---

24   [466] See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.

25   [467] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

26   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

27   (S.D. Cal. 2009).

28   [468] See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.

1    Further, this Request is "clearly overbroad" according to the prior

2  Discovery Master's May 22, 2007 Order.[469]  In that Order, the Discovery Master

3  held that requests were "clearly overbroad" where they "requir[ed] production of

4  documents that merely mention MGA, Larian, Bratz, or other MGA products,

5  regardless of whether or not they have anything to do with the claims and defenses

6  in the case" and "MGA has not made any attempt to link these requests to any of the

7  numerous and far-ranging allegations of unfair competition set forth in its

8  complaint."[470]  This Request is improperly overbroad for the same reasons and must

9  be denied.

10    The Request is also overbroad as to time, seeking communications in a

11  time period that predates any Phase 2 issues related to MGA's allegations unfair

12  trade practices.  The Request is also overbroad to the extent it seeks discovery into

13  events and products that post-date MGA's complaint, filed on April 15, 2005, based

14  on MGA's own argument that was accepted by the Discovery Master in denying

15  discovery Mattel was seeking regarding transactions occurring after the filing of

16  Mattel's complaint.[471]  MGA offers no reason, nor could it consistent with judicial

17

18    [469]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
     [470]  Id. at 17.
19    [471]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
20  Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
     where MGA argued that its transactions with the entities that financed acquisition of
21  the Wachovia debt were not relevant to Phase 2 because, *inter alia,* ██████████
22  ████████████████████████████████████████  In finding that "there has been
     no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
23  calculated to lead to the discovery of admissible evidence regarding the RICO
24  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
     other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
25  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
26  into existence – and therefore apparently did not encompass the activities or the
     transactions which are the subject of the Financing Discovery."  Discovery Matter
27  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

28

1    estoppel, why documents post-dating the filing of claims which do not allege
2    continuing wrongdoing are relevant to those claims.

3         Further, as the prior Discovery Master has recognized, this Request is
4    unduly burdensome.[472]  Rule 26(b)(2)(c) provides that a Court should limit the
5    extent of discovery if it determines that the burden of the proposed discovery
6    outweighs its likely benefit; the discovery sought is unreasonably cumulative or
7    duplicative, or is obtainable from some other source that is more convenient, less
8    burdensome, or less expensive; or the party seeking discovery has had ample
9    opportunity by discovery in the action to obtain the information sought.  See Fed. R.
10   Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive
11   to this overbroad Request would greatly outweigh any marginal benefit to MGA, for
12   the following reasons:

13

14

15

16

17

18

19

20

21

22

23

24

25   [472]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.
26   [473]  Pantel Decl. ¶ 9, Dart Decl., Exh. 31.
27   [474]  Id. ¶ 10.
28   [475]  Id.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  [476] See Pantel Decl. ¶ 7, Dart Decl., Exh. 31.

26  [477] Id.

27  [478] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
    [479] Moore Decl. ¶ 5, Dart Decl., Exh. 32.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22          There is no basis for overruling Mattel's privilege objection.  MGA's

23   bald assertion that "[t]his request does not seek information protected by the

24   _____

25   480   Id.
26   481   Id.
27   482   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
28   483   Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

00505.07975/3161688.1

attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[485] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log. Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[486] At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[487] Because MGA refused to even attempt to make this showing, there was no possibility of a good

---

[484] Id.
[485] See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.
[486] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009)).
[487] See Webster Decl., ¶¶ 6-20.

1  | faith meet and confer to resolve the parties' disputes.  The Discovery Master should

2  | deny MGA's motion with respect to this Request on that grounds alone.

3  | **REQUEST FOR PRODUCTION NO. 614**

4  | Photographs or pictures sufficient to illustrate every variation or

5  | version of POLLY POCKET ever released as a commercial product, including

6  | without limitation, any variation in face paint, face paint plans or designs, eye

7  | designs, drafts, ideas or concepts.

8  | **RESPONSE TO REQUEST NO. 614:**

9  | In addition to the general objections stated above which are

10 | incorporated herein by reference, Mattel objects to this Request on the grounds that

11 | it is overbroad and unduly burdensome, including in that it seeks all documents on

12 | this subject without limitation as to time, and regardless of whether such documents

13 | relate to products or matters at issue in this case.  Mattel further objects to the

14 | Request on the grounds that it seeks documents that are not relevant to this action or

15 | likely to lead to the discovery of admissible evidence.  Mattel further objects to this

16 | Request on the grounds that it seeks confidential, proprietary and trade secret

17 | information, including such information that has no bearing on the claims or

18 | defenses in this action.  Mattel further objects to this Request on the grounds that it

19 | calls for the disclosure of information subject to the attorney-client privilege, the

20 | attorney work-product doctrine and other applicable privileges.  Mattel further

21 | objects on the ground that this Request seeks to circumvent the Discovery Master's

22 | Orders of April 19, 2007, and May 22, 2007.

23 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

24 | **TO SHOULD BE COMPELLED**

25 | Mattel has not agreed to produce documents in response to this request,

26 | subject to its improper boilerplate objections.  Mattel has refused to confirm whether

27 | or not it has produced all non-privileged responsive documents or whether it is

28 | withholding documents based on its objections in Phase 2.  Under the Federal Rules

00505.07975/3161688.1

1    of Civil Procedure, "an objection to part of a request must specify the part and

2    permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

3    fail to explain the basis for an objection with specificity are routinely rejected in the

4    Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

5    (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

6    harassing' are improper – especially when a party fails to submit any evidentiary

7    declarations supporting such objections").  Accordingly, Mattel must be compelled

8    either to certify that it has produced all non-privileged responsive documents or to

9    produce all such documents by a date certain.

10           To the extent that Mattel is relying on its blanket objections, they are

11   not sustainable and do not justify Mattel's failure to produce documents.

12           As to overbreadth, Mattel provides no explanation, let alone the

13   required particularity, as to *why* this request is supposedly overly broad, nor can it

14   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

15   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

16   contrary, the request is narrowly tailored to seek pictures/illustrations that

17   sufficiently identify every variation or version of the POLLY POCKET product that

18   Mattel released.

19           As to burden, Mattel has not attempted to demonstrate why responding

20   to this request and/or producing responsive documents presents any burden.  This

21   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

22   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23   request is unduly burdensome must allege specific facts which indicate the nature

24   and extent of the burden, usually by affidavit or other reliable evidence.")

25   Moreover, it is not unduly burdensome, as noted above, in that the request is

26   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

27   has engaged in a broad variety of unfair trade practices including serial copying of

28   MGA products.  MGA is entitled to discovery on these claims.

1       This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4       Mattel cites to the May 22, 2007 order, but that order is inapposite to

5   this request, which is much narrower than those considered irrelevant and/or

6   improper by the court.  Specifically, the request is narrowly tailored to documents

7   regarding a particular product line, namely POLLY POCKET.  Mattel also cites to

8   the April 19, 2007 order, but that order is also inapposite to this request, which is

9   much narrower than those considered irrelevant and/or improper by the court.

10  Specifically, the request is narrowly tailored to documents sufficient to illustrate

11  every variation or version of POLLY POCKET that was released as a commercial

12  product.

13      As for relevancy, Mattel has not attempted to demonstrate why

14  responding to this request and/or producing responsive documents is irrelevant to

15  the present action.  On the contrary, MGA has alleged that Mattel is engaged in

16  copying of MGA products, packaging, themes and advertising.  POLLY POCKET is

17  an example of one such product line.  A request seeking pictures/illustrations that

18  sufficiently identify the variations in the commercially released versions of POLLY

19  POCKET is therefore relevant to this action and MGA's claim.

20      Mattel objects that the request contains confidential, proprietary, and

21  trade secret information.  A Protective Order exists in this case, obviating any

22  concern as to protection of privacy rights and/or commercially sensitive

23  information.

24      None of Mattel's improper objections are valid and Mattel is obligated

25  to produce all non-privileged responsive documents in its possession, custody, or

26  control.

27

28

1 | **MATTEL'S RESPONSE:**

2         Mattel's relevancy objection should be sustained, as the previous

3 Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

4 requests.[488]  MGA argues that "Mattel has not attempted to demonstrate why

5 responding to this request and/or producing responsive documents is irrelevant to

6 the present action."  However, MGA bears the burden of showing that its discovery

7 meets the relevance requirements of Rule 26(b)(1).[489]  MGA makes the conclusory

8 assertion that this Request is relevant to its allegations that "Mattel is engaged in

9 copying of MGA products, packaging, themes and advertising."  However, as the

10 prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's

11 or Bryant's complaint or any of the other pleadings filed in this consolidated

12 action."[490]  In denying MGA discovery into information related to Polly Pocket

13 (with the exception of a documetns relating to a single Polly Pockoet television

14 commercial identified in MGA's interrogatory responses), the Discovery Master

15 held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to

16 use broad discovery requests, untethered to a claim or defense, to fish for new

17 claims."  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

18 courts need not condone the use of discovery to engage in 'fishing expeditions.'").

19 "A trial court has a duty, of special significance in lengthy and complex cases where

20 the possibility of abuse is always present, to supervise and limit discovery to protect

21 parties and witnesses from annoyance and excessive expense."  Dolgow v.

22 Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

23

24    [488]  See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.

25    [489]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

26 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

27 (S.D. Cal. 2009).
     [490]  See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.

28

1  | American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

2  | Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

3  | (same).

4  |         Further, this Request is "clearly overbroad" according to the prior

5  | Discovery Master's May 22, 2007 Order.[491]  In that Order, the Discovery Master

6  | held that requests were "clearly overbroad" where they "requir[ed] production of

7  | documents that merely mention MGA, Larian, Bratz, or other MGA products,

8  | regardless of whether or not they have anything to do with the claims and defenses

9  | in the case" and "MGA has not made any attempt to link these requests to any of the

10 | numerous and far-ranging allegations of unfair competition set forth in its

11 | complaint."[492]  This Request is improperly overbroad for the same reasons and must

12 | be denied.

13 |         The Request is also overbroad as to time, seeking communications in a

14 | time period that predates any Phase 2 issues related to MGA's allegations unfair

15 | trade practices.  The Request is also overbroad to the extent it seeks discovery into

16 | events and products that post-date MGA's complaint, filed on April 15, 2005, based

17 | on MGA's own argument that was accepted by the Discovery Master in denying

18 | discovery Mattel was seeking regarding transactions occurring after the filing of

19 | Mattel's complaint.[493]  MGA offers no reason, nor could it consistent with judicial

20 |

---

21 | [491] See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
22 | [492] Id. at 17.
23 | [493] See MGA Parties' Reply In Support of Their Motion to Quash Receiver
     | Subpoenas Issued by Mattel, dated February 13, 2009, at 7, Dart Decl., Exh. 6,
24 | where MGA argued that its transactions with the entities that financed acquisition of
     | the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ███████████
25 | ████████████████████████████████████  In finding that "there has been
26 | no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
     | calculated to lead to the discovery of admissible evidence regarding the RICO
27 | counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
28 |                       (footnote continued)

1    estoppel, why documents post-dating the filing of claims which do not allege

2    continuing wrongdoing are relevant to those claims.

3              Further, as the prior Discovery Master has recognized, this Request is

4    unduly burdensome.[494]   Rule 26(b)(2)(c) provides that a Court should limit the

5    extent of discovery if it determines that the burden of the proposed discovery

6    outweighs its likely benefit; the discovery sought is unreasonably cumulative or

7    duplicative, or is obtainable from some other source that is more convenient, less

8    burdensome, or less expensive; or the party seeking discovery has had ample

9    opportunity by discovery in the action to obtain the information sought.  See Fed. R.

10   Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

11   to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

12   the following reasons:

13

14

15

16

17

18

19

20

21

23   other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

24   than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

25   into existence – and therefore apparently did not encompass the activities or the
     transactions which are the subject of the Financing Discovery."  Discovery Matter

26   Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

27   [494]   See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.
     [495]   Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

496  Moore Decl. ¶ 5, Dart Decl., Exh. 32.
497  Id.
498  Id.
499  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

1 ████████████████████████████████████

2 ████████████████████████████████████

3 ████████████

4          There is no basis for overruling Mattel's privilege objection.  MGA's

5 bald assertion that "[t]his request does not seek information protected by the

6 attorney-client privilege, the attorney work product doctrine, or other applicable

7 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

8 agreed that "all privileged documents would be logged except for documents created

9 after this action was filed on April 27, 2004."[502]  Thus, to the extent  privileged

10 documents fall within the post lawsuit time period, they need not be included on

11 Mattel's log.  Although it bears the burden of showing why this agreement should

12 not be applied to a given Request, MGA fails to do so.

13          Finally, MGA failed to meet and confer at all, much less in good faith,

14 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

15 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

16 the moving party shall first identify each dispute, state the relief sought and identify

17 the authority supporting the requested relief in a meet and confer letter that shall be

18 served on all parties by facsimile or electronic mail. The parties shall have five court

19 days from the date of service of that letter to conduct an in-person conference to

20 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

21 confer, MGA had the burden to show the relevance of any requests it sought to

22

23

24

25 [500]  Id.

   [501]  Id.

26 [502]  See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

00505.07975/3161688.1

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET SEVEN)

1    move on.[503]   At no point during the meet and confer process did MGA show why

2    this Request could be considered relevant to Phase 2 issues.[504]   Because MGA

3    refused to even attempt to make this showing, there was no possibility of a good

4    faith meet and confer to resolve the parties' disputes.  The Discovery Master should

5    deny MGA's motion with respect to this Request on that grounds alone.

6    **REQUEST FOR PRODUCTION NO. 615**

7            Photographs or pictures sufficient to illustrate every variation or

8    version of POLLY POCKET considered by YOU but never released as a

9    commercial product, including without limitation, face paint, face paint plans or

10   designs, eye designs, drafts, ideas or concepts.

11   **RESPONSE TO REQUEST NO. 615:**

12           In addition to the general objections stated above which are

13   incorporated herein by reference, Mattel objects to this Request on the grounds that

14   it is overbroad and unduly burdensome, including in that it seeks all documents on

15   this subject without limitation as to time, and regardless of whether such documents

16   relate to products or matters at issue in this case.  Mattel further objects to the

17   Request on the grounds that it seeks documents that are not relevant to this action or

18   likely to lead to the discovery of admissible evidence.  Mattel further objects to this

19   Request on the grounds that it seeks confidential, proprietary and trade secret

20   information, including such information that has no bearing on the claims or

21   defenses in this action.  Mattel further objects to this Request on the grounds that it

22   calls for the disclosure of information subject to the attorney-client privilege, the

23   attorney work-product doctrine and other applicable privileges.  Mattel further

24

25        [503]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26   Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
     (S.D. Cal. May 14, 2009).

28

1 objects on the ground that this Request seeks to circumvent the Discovery Master's
2 Orders of April 19, 2007, and May 22, 2007.

3 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
4 **TO SHOULD BE COMPELLED**

5       Mattel has not agreed to produce documents in response to this request,
6 subject to its improper boilerplate objections.  Mattel has refused to confirm whether
7 or not it has produced all non-privileged responsive documents or whether it is
8 withholding documents based on its objections in Phase 2.  Under the Federal Rules
9 of Civil Procedure, "an objection to part of a request must specify the part and
10 permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
11 fail to explain the basis for an objection with specificity are routinely rejected in the
12 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
13 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
14 harassing' are improper – especially when a party fails to submit any evidentiary
15 declarations supporting such objections").  Accordingly, Mattel must be compelled
16 either to certify that it has produced all non-privileged responsive documents or to
17 produce all such documents by a date certain.

18       To the extent that Mattel is relying on its blanket objections, they are
19 not sustainable and do not justify Mattel's failure to produce documents.

20       As to overbreadth, Mattel provides no explanation, let alone the
21 required particularity, as to *why* this request is supposedly overly broad, nor can it
22 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
23 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
24 contrary, the request is narrowly tailored to seek pictures/illustrations that

25
26
27 [504]  See Webster Decl., ¶¶ 6-20.
28

1  sufficiently identify every variation or version of the POLLY POCKET product that

2  Mattel considered but never released.

3       As to burden, Mattel has not attempted to demonstrate why responding

4  to this request and/or producing responsive documents presents any burden.  This

5  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

6  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7  request is unduly burdensome must allege specific facts which indicate the nature

8  and extent of the burden, usually by affidavit or other reliable evidence.")

9  Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11  has engaged in a broad variety of unfair trade practices including serial copying of

12  MGA products.  MGA is entitled to discovery on these claims.

13       This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16       Mattel cites to the May 22, 2007 order, but that order is inapposite to

17  this request, which is much narrower than those considered irrelevant and/or

18  improper by the court.  Specifically, the request is narrowly tailored to documents

19  regarding a particular product line, namely POLLY POCKET.  Mattel also cites to

20  the April 19, 2007 order, but that order is also inapposite to this request, which is

21  much narrower than those considered irrelevant and/or improper by the court.

22  Specifically, the request is narrowly tailored to documents sufficient to illustrate

23  every variation or version of POLLY POCKET that was considered by Mattel but

24  never released as a commercial product.

25       As for relevancy, Mattel has not attempted to demonstrate why

26  responding to this request and/or producing responsive documents is irrelevant to

27  the present action.  On the contrary, MGA has alleged that Mattel is engaged in

28  copying of MGA products, packaging, themes and advertising.  POLLY POCKET is

1 | an example of one such product line.  A request seeking pictures/illustrations that

2 | sufficiently identify the variations in the non-released versions of POLLY POCKET

3 | is relevant to gauge the progression of the development of this product and therefore

4 | relevant to this action and MGA's claim.

5 |       Mattel objects that the request contains confidential, proprietary, and

6 | trade secret information.  A Protective Order exists in this case, obviating any

7 | concern as to protection of privacy rights and/or commercially sensitive

8 | information.

9 |       None of Mattel's improper objections are valid and Mattel is obligated

10 | to produce all non-privileged responsive documents in its possession, custody, or

11 | control.

12 | **MATTEL'S RESPONSE:**

13 |       Mattel's relevancy objection should be sustained, as the previous

14 | Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

15 | requests.[505]  MGA argues that "Mattel has not attempted to demonstrate why

16 | responding to this request and/or producing responsive documents is irrelevant to

17 | the present action."  However, MGA bears the burden of showing that its discovery

18 | meets the relevance requirements of <u>Rule 26(b)(1)</u>.[506]  MGA makes the conclusory

19 | assertion that this Request is relevant to its allegations that "Mattel is engaged in

20 | copying of MGA products, packaging, themes and advertising."  However, as the

21 | prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's

22 | or Bryant's complaint or any of the other pleadings filed in this consolidated

---

[505] <u>See</u> April 19, 2007 Order, at 7, Dart Decl., Exh. 1.
[506] <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

1  action."[507]  In denying MGA discovery into information related to Polly Pocket

2  (with the exception of a documetns relating to a single Polly Pockoet television

3  commercial identified in MGA's interrogatory responses), the Discovery Master

4  held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to

5  use broad discovery requests, untethered to a claim or defense, to fish for new

6  claims." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

7  courts need not condone the use of discovery to engage in 'fishing expeditions.'").

8  "A trial court has a duty, of special significance in lengthy and complex cases where

9  the possibility of abuse is always present, to supervise and limit discovery to protect

10  parties and witnesses from annoyance and excessive expense." Dolgow v.

11  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

12  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

13  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

14  (same).

15         Further, this Request is "clearly overbroad" according to the prior

16  Discovery Master's May 22, 2007 Order.[508]  In that Order, the Discovery Master

17  held that requests were "clearly overbroad" where they "requir[ed] production of

18  documents that merely mention MGA, Larian, Bratz, or other MGA products,

19  regardless of whether or not they have anything to do with the claims and defenses

20  in the case" and "MGA has not made any attempt to link these requests to any of the

21  numerous and far-ranging allegations of unfair competition set forth in its

22  complaint."[509]  This Request is improperly overbroad for the same reasons and must

23  be denied.

24

25

26  [507] See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.

27  [508] See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
    [509] Id. at 17.

28

1    The Request is also overbroad as to time, seeking communications in a

2  time period that predates any Phase 2 issues related to MGA's allegations unfair

3  trade practices.  The Request is also overbroad to the extent it seeks discovery into

4  events and products that post-date MGA's complaint, filed on April 15, 2005, based

5  on MGA's own argument that was accepted by the Discovery Master in denying

6  discovery Mattel was seeking regarding transactions occurring after the filing of

7  Mattel's complaint.[510]  MGA offers no reason, nor could it consistent with judicial

8  estoppel, why documents post-dating the filing of claims which do not allege

9  continuing wrongdoing are relevant to those claims.

10    Further, as the prior Discovery Master has recognized, this Request is

11  unduly burdensome.[511]  Rule 26(b)(2)(c) provides that a Court should limit the

12  extent of discovery if it determines that the burden of the proposed discovery

13  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

14  duplicative, or is obtainable from some other source that is more convenient, less

15  burdensome, or less expensive; or the party seeking discovery has had ample

16  opportunity by discovery in the action to obtain the information sought.  See Fed. R.

17  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

---

19    [510]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

20  Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,

21  where MGA argued that its transactions with the entities that financed acquisition of
     the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ████████████

22  ████████████████████████████████████████████  In finding that "there has been

23  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
     calculated to lead to the discovery of admissible evidence regarding the RICO

24  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

25  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
     than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26  into existence – and therefore apparently did not encompass the activities or the

27  transactions which are the subject of the Financing Discovery."  Discovery Matter
     Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

1  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

2  the following reasons:

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  [511] See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.

26  [512] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

27  [513] Moore Decl. ¶ 5, Dart Decl., Exh. 32.

28  [514] Id.

00505.07975/3161688.1

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN)



14   There is no basis for overruling Mattel's privilege objection.  MGA's

15 bald assertion that "[t]his request does not seek information protected by the

16 attorney-client privilege, the attorney work product doctrine, or other applicable

17 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

18 agreed that "all privileged documents would be logged except for documents created

19 after this action was filed on April 27, 2004."[519]  Thus, to the extent  privileged

20 documents fall within the post lawsuit time period, they need not be included on

---

515   Id.

516   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

517   Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

518   Id.

519   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1  Mattel's log.  Although it bears the burden of showing why this agreement should

2  not be applied to a given Request, MGA fails to do so.

3          Finally, MGA failed to meet and confer at all, much less in good faith,

4  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6  the moving party shall first identify each dispute, state the relief sought and identify

7  the authority supporting the requested relief in a meet and confer letter that shall be

8  served on all parties by facsimile or electronic mail. The parties shall have five court

9  days from the date of service of that letter to conduct an in-person conference to

10 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

11 confer, MGA had the burden to show the relevance of any requests it sought to

12 move on.[520]   At no point during the meet and confer process did MGA show why

13 this Request could be considered relevant to Phase 2 issues.[521]  Because MGA

14 refused to even attempt to make this showing, there was no possibility of a good

15 faith meet and confer to resolve the parties' disputes.  The Discovery Master should

16 deny MGA's motion with respect to this Request on that grounds alone.

17 **REQUEST FOR PRODUCTION NO. 616**

18          All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

19 RELATING TO the design, development, themes, conception, or creation of the

20 packaging or artwork of POLLY POCKET, including without limitation, the

21 motivation, purpose or inspiration for the packaging or artwork.

22

23

24

25 [520]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
   Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
26 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   (S.D. Cal. May 14, 2009).
27 [521]   See Webster Decl., ¶¶ 6-20.

28

**RESPONSE TO REQUEST NO. 616:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled

1    either to certify that it has produced all non-privileged responsive documents or to

2    produce all such documents by a date certain.

3         To the extent that Mattel is relying on its blanket objections, they are

4    not sustainable and do not justify Mattel's failure to produce documents.

5         As to overbreadth, Mattel provides no explanation, let alone the

6    required particularity, as to *why* this request is supposedly overly broad, nor can it

7    do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

8    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

9    contrary, the request is narrowly tailored to seek documents referring to the design,

10    development, themes, conception, or creation of the packaging/artwork of the

11    POLLY POCKET line of goods sold or marketed by Mattel or others under license

12    by Mattel.

13         As to burden, Mattel has not attempted to demonstrate why responding

14    to this request and/or producing responsive documents presents any burden. This

15    objection must therefore be rejected. See <u>Jackson v. Montgomery Ward & Co., Inc.</u>,

16    173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17    request is unduly burdensome must allege specific facts which indicate the nature

18    and extent of the burden, usually by affidavit or other reliable evidence.")

19    Moreover, it is not unduly burdensome, as noted above, in that the request is

20    narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

21    has engaged in a broad variety of unfair trade practices including serial copying of

22    MGA products.

23         This request does not seek documents protected by the attorney-client

24    privilege, the attorney work product doctrine, or other applicable privileges. To the

25    extent that Mattel contends that it does, Mattel must provide a privilege log.

26         Mattel cites to the May 22, 2007 order, but that order is inapposite to

27    this request, which is much narrower than those considered irrelevant and/or

28    improper by the court. Specifically, the request is narrowly tailored to documents

1   regarding a particular product line, namely POLLY POCKET.  Mattel also cites to

2   the April 19, 2007 order, but that order is also inapposite to this request, which is

3   much narrower than those considered irrelevant and/or improper by the court.

4   Specifically, the request is narrowly tailored to documents and communications

5   relating to the packaging or artwork of POLLY POCKET.

6           As to relevancy, Mattel has not attempted to demonstrate why the

7   responsive documents are irrelevant to the current action.  On the contrary, MGA

8   has alleged that Mattel is engaged in copying of MGA products, packaging, themes

9   and advertising.  POLLY POCKET is an example of one such product line.  A

10  request for documents that relate to Mattel's design, development, conception, or

11  creation of the packaging/artwork of POLLY POCKET line of goods is therefore

12  relevant to this action and MGA's claim.

13          Mattel objects that the request contains confidential, proprietary, and

14  trade secret information.  A Protective Order exists in this case, obviating any

15  concern as to protection of privacy rights and/or commercially sensitive

16  information.

17          None of Mattel's improper objections are valid and Mattel is obligated

18  to produce all non-privileged responsive documents in its possession, custody, or

19  control.

20  **MATTEL'S RESPONSE:**

21          Mattel's relevancy objection should be sustained, as the previous

22  Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

23  requests.[522]  MGA argues that "Mattel has not attempted to demonstrate why

24  responding to this request and/or producing responsive documents is irrelevant to

25  the present action."  However, MGA bears the burden of showing that its discovery

26

27  [522]  See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.

28

1  meets the relevance requirements of Rule 26(b)(1).[523]  MGA makes the conclusory

2  assertion that this Request is relevant to its allegations that "Mattel is engaged in

3  copying of MGA products, packaging, themes and advertising."  However, as the

4  prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's

5  or Bryant's complaint or any of the other pleadings filed in this consolidated

6  action."[524]  In denying MGA discovery into information related to Polly Pocket

7  (with the exception of a documetns relating to a single Polly Pockoet television

8  commercial identified in MGA's interrogatory responses), the Discovery Master

9  held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to

10  use broad discovery requests, untethered to a claim or defense, to fish for new

11  claims." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

12  courts need not condone the use of discovery to engage in 'fishing expeditions.'").

13  "A trial court has a duty, of special significance in lengthy and complex cases where

14  the possibility of abuse is always present, to supervise and limit discovery to protect

15  parties and witnesses from annoyance and excessive expense." Dolgow v.

16  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

17  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

18  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

19  (same).

20       Further, this Request is "clearly overbroad" according to the prior

21  Discovery Master's May 22, 2007 Order.[525]  In that Order, the Discovery Master

22  held that requests were "clearly overbroad" where they "requir[ed] production of

23

---

24  [523]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

25  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

26  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

27  [524]  See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.

28  [525]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

1   documents that merely mention MGA, Larian, Bratz, or other MGA products,

2   regardless of whether or not they have anything to do with the claims and defenses

3   in the case" and "MGA has not made any attempt to link these requests to any of the

4   numerous and far-ranging allegations of unfair competition set forth in its

5   complaint."[526]  This Request is improperly overbroad for the same reasons and must

6   be denied.

7            The Request is also overbroad as to time, seeking communications in a

8   time period that predates any Phase 2 issues related to MGA's allegations unfair

9   trade practices.  The Request is also overbroad to the extent it seeks discovery into

10  events and products that post-date MGA's complaint, filed on April 15, 2005, based

11  on MGA's own argument that was accepted by the Discovery Master in denying

12  discovery Mattel was seeking regarding transactions occurring after the filing of

13  Mattel's complaint.[527]  MGA offers no reason, nor could it consistent with judicial

14  estoppel, why documents post-dating the filing of claims which do not allege

15  continuing wrongdoing are relevant to those claims.

16

17

18

19  [526]  Id. at 17.
    [527]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

20  Subpoenas Issued by Mattel, dated February 13, 2009, at 7, Dart Decl., Exh. 6,

21  where MGA argued that its transactions with the entities that financed acquisition of
    the Wachovia debt were not relevant to Phase 2 because, *inter alia,* ▮▮▮▮▮▮▮

22  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  In finding that "there has been

23  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
    calculated to lead to the discovery of admissible evidence regarding the RICO

24  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

25  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
    than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26  into existence – and therefore apparently did not encompass the activities or the

27  transactions which are the subject of the Financing Discovery."  Discovery Matter
    Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

28

1    Further, as the prior Discovery Master has recognized, this Request is
2  unduly burdensome.[528]  Rule 26(b)(2)(c) provides that a Court should limit the
3  extent of discovery if it determines that the burden of the proposed discovery
4  outweighs its likely benefit; the discovery sought is unreasonably cumulative or
5  duplicative, or is obtainable from some other source that is more convenient, less
6  burdensome, or less expensive; or the party seeking discovery has had ample
7  opportunity by discovery in the action to obtain the information sought.  See Fed. R.
8  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive
9  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for
10  the following reasons:



24
25  [528]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.
26  [529]  Pantel Decl. ¶ 9, Dart Decl., Exh. 31.
27  [530]  Id. ¶ 10.
     [531]  Id.
28

1 

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    532  <u>See</u> Pantel Decl. ¶ 7, Dart Decl., Exh. 31.

26    533  <u>Id.</u>

27    534  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
      535  Moore Decl. ¶ 5, Dart Decl., Exh. 32.
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19          There is no basis for overruling Mattel's privilege objection.  MGA's

20  bald assertion that "[t]his request does not seek information protected by the

21  attorney-client privilege, the attorney work product doctrine, or other applicable

22  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

23  agreed that "all privileged documents would be logged except for documents created

24  _____

25  536  Id.
26  537  Id.
27  538  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
    539  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

28

1   after this action was filed on April 27, 2004."[541]   Thus, to the extent  privileged

2   documents fall within the post lawsuit time period, they need not be included on

3   Mattel's log.  Although it bears the burden of showing why this agreement should

4   not be applied to a given Request, MGA fails to do so.

5              Finally, MGA failed to meet and confer at all, much less in good faith,

6   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8   the moving party shall first identify each dispute, state the relief sought and identify

9   the authority supporting the requested relief in a meet and confer letter that shall be

10  served on all parties by facsimile or electronic mail. The parties shall have five court

11  days from the date of service of that letter to conduct an in-person conference to

12  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

13  confer, MGA had the burden to show the relevance of any requests it sought to

14  move on.[542]   At no point during the meet and confer process did MGA show why

15  this Request could be considered relevant to Phase 2 issues.[543]  Because MGA

16  refused to even attempt to make this showing, there was no possibility of a good

17  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

18  deny MGA's motion with respect to this Request on that grounds alone.

19

20

21

---

22   [540]  Id.

23   [541]  See Order Denying Mattel's Motion for Protective Order Limiting the
     Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
24   3.

25   [542]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
     Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
26   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
27   (S.D. Cal. May 14, 2009).

     [543]  See Webster Decl., ¶¶ 6-20.
28

1 | **REQUEST FOR PRODUCTION NO. 617**

2           All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

3 | RELATING TO the development of the product design trade dress or packaging

4 | trade dress of POLLY POCKET, including but not limited to the total image, design

5 | and appearance of POLLY POCKET.

6 | **RESPONSE TO REQUEST NO. 617:**

7           In addition to the general objections stated above which are

8 | incorporated herein by reference, Mattel objects to this Request on the grounds that

9 | it is overbroad and unduly burdensome, including in that it seeks all documents on

10 | this subject without limitation as to time, and regardless of whether such documents

11 | relate to products or matters at issue in this case. Mattel further objects to the

12 | Request on the grounds that it seeks documents that are not relevant to this action or

13 | likely to lead to the discovery of admissible evidence. Mattel further objects to this

14 | Request on the grounds that it seeks confidential, proprietary and trade secret

15 | information, including such information that has no bearing on the claims or

16 | defenses in this action. Mattel further objects to this Request on the grounds that it

17 | calls for the disclosure of information subject to the attorney-client privilege, the

18 | attorney work-product doctrine and other applicable privileges. Mattel further

19 | objects on the ground that this Request seeks to circumvent the Discovery Master's

20 | Orders of April 19, 2007, and May 22, 2007.

21 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

22 | **TO SHOULD BE COMPELLED**

23           Mattel has not agreed to produce documents in response to this request,

24 | subject to its improper boilerplate objections. Mattel has refused to confirm whether

25 | or not it has produced all non-privileged responsive documents or whether it is

26 | withholding documents based on its objections in Phase 2. Under the Federal Rules

27 | of Civil Procedure, "an objection to part of a request must specify the part and

28 | permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

1  fail to explain the basis for an objection with specificity are routinely rejected in the

2  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

3  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

4  harassing' are improper – especially when a party fails to submit any evidentiary

5  declarations supporting such objections").  Accordingly, Mattel must be compelled

6  either to certify that it has produced all non-privileged responsive documents or to

7  produce all such documents by a date certain.

8          To the extent that Mattel is relying on its blanket objections, they are

9  not sustainable and do not justify Mattel's failure to produce documents.

10          As to overbreadth, Mattel provides no explanation, let alone the

11  required particularity, as to *why* this request is supposedly overly broad, nor can it

12  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

13  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14  contrary, the request is narrowly tailored to seek documents referring to the

15  development of the product or packaging trade dress of the POLLY POCKET line

16  of goods sold or marketed by Mattel or others under license by Mattel.

17          As to burden, Mattel has not attempted to demonstrate why responding

18  to this request and/or producing responsive documents presents any burden.  This

19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

20  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21  request is unduly burdensome must allege specific facts which indicate the nature

22  and extent of the burden, usually by affidavit or other reliable evidence.")

23  Moreover, it is not unduly burdensome, as noted above, in that the request is

24  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

25  has engaged in a broad variety of unfair trade practices including serial copying of

26  MGA products.

27

28

-262-

1       This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4       Mattel cites to the May 22, 2007 order, but that order is inapposite to

5    this request, which is much narrower than those considered irrelevant and/or

6    improper by the court.  Specifically, the request is narrowly tailored to documents

7    regarding a particular product line, namely POLLY POCKET.  Mattel also cites to

8    the April 19, 2007 order, but that order is also inapposite to this request, which is

9    much narrower than those considered irrelevant and/or improper by the court.

10   Specifically, the request is narrowly tailored to documents related to the

11   development of the product trade dress or packaging trade dress of POLLY

12   POCKET.

13      As to relevancy, Mattel has not attempted to demonstrate why the

14   responsive documents are irrelevant to the current action.  On the contrary, MGA

15   has alleged that Mattel is engaged in copying of MGA products, packaging, themes

16   and advertising.  POLLY POCKET is an example of one such product line.  A

17   request for documents that relate to Mattel's development of the product design

18   trade dress or packaging trade dress of POLLY POCKET line of goods is therefore

19   relevant to this action and MGA's claim.

20      Mattel objects that the request contains confidential, proprietary, and

21   trade secret information.  A Protective Order exists in this case, obviating any

22   concern as to protection of privacy rights and/or commercially sensitive

23   information.

24      None of Mattel's improper objections are valid and Mattel is obligated

25   to produce all non-privileged responsive documents in its possession, custody, or

26   control.

27

28

1 | **MATTEL'S RESPONSE:**

2         Mattel's relevancy objection should be sustained, as the previous

3 Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

4 requests.[544]  MGA argues that "Mattel has not attempted to demonstrate why

5 responding to this request and/or producing responsive documents is irrelevant to

6 the present action."  However, MGA bears the burden of showing that its discovery

7 meets the relevance requirements of <u>Rule</u> 26(b)(1).[545]  MGA makes the conclusory

8 assertion that this Request is relevant to its allegations that "Mattel is engaged in

9 copying of MGA products, packaging, themes and advertising."  However, as the

10 prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's

11 or Bryant's complaint or any of the other pleadings filed in this consolidated

12 action."[546]  In denying MGA discovery into information related to Polly Pocket

13 (with the exception of a documetns relating to a single Polly Pockoet television

14 commercial identified in MGA's interrogatory responses), the Discovery Master

15 held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to

16 use broad discovery requests, untethered to a claim or defense, to fish for new

17 claims." <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

18 courts need not condone the use of discovery to engage in 'fishing expeditions.'").

19 "A trial court has a duty, of special significance in lengthy and complex cases where

20 the possibility of abuse is always present, to supervise and limit discovery to protect

21 parties and witnesses from annoyance and excessive expense." <u>Dolgow v.</u>

22 <u>Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan</u>

23

---

24    [544]   <u>See</u> April 19, 2007 Order, at 7, Dart Decl., Exh. 1.

25    [545]   <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

26 burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1

27 (S.D. Cal. 2009).

   [546]   <u>See</u> April 19, 2007 Order, at 5, Dart Decl., Exh. 1.

28

1  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

2  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

3  (same).

4        Further, this Request is "clearly overbroad" according to the prior

5  Discovery Master's May 22, 2007 Order.[547]  In that Order, the Discovery Master

6  held that requests were "clearly overbroad" where they "requir[ed] production of

7  documents that merely mention MGA, Larian, Bratz, or other MGA products,

8  regardless of whether or not they have anything to do with the claims and defenses

9  in the case" and "MGA has not made any attempt to link these requests to any of the

10 numerous and far-ranging allegations of unfair competition set forth in its

11 complaint."[548]  This Request is improperly overbroad for the same reasons and must

12 be denied.

13        The Request is also overbroad as to time, seeking communications in a

14 time period that predates any Phase 2 issues related to MGA's allegations unfair

15 trade practices.  The Request is also overbroad to the extent it seeks discovery into

16 events and products that post-date MGA's complaint, filed on April 15, 2005, based

17 on MGA's own argument that was accepted by the Discovery Master in denying

18 discovery Mattel was seeking regarding transactions occurring after the filing of

19 Mattel's complaint.[549]  MGA offers no reason, nor could it consistent with judicial

20

21    [547]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
22    [548]  Id. at 17.
23    [549]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
      Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
24    where MGA argued that its transactions with the entities that financed acquisition of
25    the Wachovia debt were not relevant to Phase 2 because, inter alia, ██████████
      ████████████████████████████████  In finding that "there has been
26    no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
27    calculated to lead to the discovery of admissible evidence regarding the RICO
      counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
28    (footnote continued)

1 estoppel, why documents post-dating the filing of claims which do not allege

2 continuing wrongdoing are relevant to those claims.

3      Further, as the prior Discovery Master has recognized, this Request is

4 unduly burdensome.[550]  Rule 26(b)(2)(c) provides that a Court should limit the

5 extent of discovery if it determines that the burden of the proposed discovery

6 outweighs its likely benefit; the discovery sought is unreasonably cumulative or

7 duplicative, or is obtainable from some other source that is more convenient, less

8 burdensome, or less expensive; or the party seeking discovery has had ample

9 opportunity by discovery in the action to obtain the information sought.  See Fed. R.

10 Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

11 to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

12 the following reasons:

13

14

15

16

17

18

19

20

21

22

23 other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 — more than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

24 into existence – and therefore apparently did not encompass the activities or the

25 transactions which are the subject of the Financing Discovery."  Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

26 [550] See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.

27 [551] Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

28 [552] Id. ¶ 10.

00505.07975/3161688.1

-266-
MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET SEVEN)

1 
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25     553  Id.
26     554  See Pantel Decl. ¶ 7, Dart Decl., Exh. 31.
27     555  Id.
       556  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  [557]  Moore Decl. ¶ 5, Dart Decl., Exh. 32.

26  [558]  Id.

27  [559]  Id.

28  [560]  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

00505.07975/3161688.1

-268-

1 ████████████████████████████████████████

2 ████████████████████████████████████

3    There is no basis for overruling Mattel's privilege objection.  MGA's

4 bald assertion that "[t]his request does not seek information protected by the

5 attorney-client privilege, the attorney work product doctrine, or other applicable

6 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7 agreed that "all privileged documents would be logged except for documents created

8 after this action was filed on April 27, 2004."[563]  Thus, to the extent  privileged

9 documents fall within the post lawsuit time period, they need not be included on

10 Mattel's log.  Although it bears the burden of showing why this agreement should

11 not be applied to a given Request, MGA fails to do so.

12    Finally, MGA failed to meet and confer at all, much less in good faith,

13 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15 the moving party shall first identify each dispute, state the relief sought and identify

16 the authority supporting the requested relief in a meet and confer letter that shall be

17 served on all parties by facsimile or electronic mail. The parties shall have five court

18 days from the date of service of that letter to conduct an in-person conference to

19 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

20 confer, MGA had the burden to show the relevance of any requests it sought to

21 move on.[564]   At no point during the meet and confer process did MGA show why

22

23  [561] Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

24  [562] Id.

25  [563] See Order Denying Mattel's Motion for Protective Order Limiting the
Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

26 3.

27  [564] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

28   (footnote continued)

1   this Request could be considered relevant to Phase 2 issues.[565]  Because MGA

2   refused to even attempt to make this showing, there was no possibility of a good

3   faith meet and confer to resolve the parties' disputes.  The Discovery Master should

4   deny MGA's motion with respect to this Request on that grounds alone.

5   **REQUEST FOR PRODUCTION NO. 618**

6         DOCUMENTS sufficient to show any position MATTEL has taken

7   with respect to its claimed trade dress in connection with POLLY POCKET,

8   including but not limited to internal COMMUNICATIONS, COMMUNICATIONS

9   with third parties, trademark applications and related DOCUMENTS, filings in

10   judicial proceedings, and regulatory filings.

11   **RESPONSE TO REQUEST NO. 618:**

12         In addition to the general objections stated above which are

13   incorporated herein by reference, Mattel objects to this Request on the grounds that

14   it is overbroad and unduly burdensome, including in that it seeks all documents on

15   this subject without limitation as to time, and regardless of whether such documents

16   relate to products or matters at issue in this case.  Mattel further objects to the

17   Request on the grounds that it seeks documents that are not relevant to this action or

18   likely to lead to the discovery of admissible evidence.  Mattel further objects to this

19   Request on the grounds that it seeks confidential, proprietary and trade secret

20   information, including such information that has no bearing on the claims or

21   defenses in this action.  Mattel further objects to this Request on the grounds that it

22   calls for the disclosure of information subject to the attorney-client privilege, the

23   attorney work-product doctrine and other applicable privileges.  Mattel further

24

25   _____

26   burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1

27   (S.D. Cal. May 14, 2009).
     [565]   <u>See</u> Webster Decl., ¶¶ 6-20.

28

1    objects on the ground that this Request seeks to circumvent the Discovery Master's

2    Orders of April 19, 2007, and May 22, 2007.

3    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

4    **TO SHOULD BE COMPELLED**

5              Mattel has not agreed to produce documents in response to this request,

6    subject to its improper boilerplate objections.  Mattel has refused to confirm whether

7    or not it has produced all non-privileged responsive documents or whether it is

8    withholding documents based on its objections in Phase 2.  Under the Federal Rules

9    of Civil Procedure, "an objection to part of a request must specify the part and

10   permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

11   fail to explain the basis for an objection with specificity are routinely rejected in the

12   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

13   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

14   harassing' are improper – especially when a party fails to submit any evidentiary

15   declarations supporting such objections").  Accordingly, Mattel must be compelled

16   either to certify that it has produced all non-privileged responsive documents or to

17   produce all such documents by a date certain.

18             To the extent that Mattel is relying on its blanket objections, they are

19   not sustainable and do not justify Mattel's failure to produce documents.

20             As to overbreadth, Mattel provides no explanation, let alone the

21   required particularity, as to *why* this request is supposedly overly broad, nor can it

22   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

23   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

24   contrary, the request is narrowly tailored to seek documents sufficient to show any

25   position (such as in communications with third parties, filings, trademark

26   applications, etc.) that Mattel has taken with respect to its claimed trade dress in

27   connection with the POLLY POCKET line of goods sold or marketed by Mattel or

28   others under license by Mattel.

1    As to burden, Mattel has not attempted to demonstrate why responding

2 to this request and/or producing responsive documents presents any burden.  This

3 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

4 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5 request is unduly burdensome must allege specific facts which indicate the nature

6 and extent of the burden, usually by affidavit or other reliable evidence.")

7 Moreover, it is not unduly burdensome, as noted above, in that the request is

8 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9 has engaged in a broad variety of unfair trade practices including serial copying of

10 MGA products.

11    This request does not seek documents protected by the attorney-client

12 privilege, the attorney work product doctrine, or other applicable privileges.  To the

13 extent that Mattel contends that it does, Mattel must provide a privilege log.

14    Mattel cites to the May 22, 2007 order, but that order is inapposite to

15 this request, which is much narrower than those considered irrelevant and/or

16 improper by the court.  Specifically, the request is narrowly tailored to documents

17 regarding a particular product line, namely POLLY POCKET.  Mattel also cites to

18 the April 19, 2007 order, but that order is also inapposite to this request, which is

19 much narrower than those considered irrelevant and/or improper by the court.

20 Specifically, the request is narrowly tailored to documents sufficient to show any

21 position that Mattel has taken with respect to its claimed trade dress in connection

22 with POLLY POCKET.

23    As to relevancy, Mattel has not attempted to demonstrate why the

24 responsive documents are irrelevant to the current action.  On the contrary, MGA

25 has alleged that Mattel is engaged in copying of MGA products, packaging, themes

26 and advertising.  POLLY POCKET is an example of one such product line.  A

27 request for documents that relate to Mattel's position with respect to its claimed

28

00505.07975/3161688.1

1 | trade dress in connection with the POLLY POCKET line of goods is therefore

2 | relevant to this action and MGA's claim.

3 |      Mattel objects that the request contains confidential, proprietary, and

4 | trade secret information.  A Protective Order exists in this case, obviating any

5 | concern as to protection of privacy rights and/or commercially sensitive

6 | information.

7 |      None of Mattel's improper objections are valid and Mattel is obligated

8 | to produce all non-privileged responsive documents in its possession, custody, or

9 | control.

10 | **MATTEL'S RESPONSE:**

11 |      Mattel's relevancy objection should be sustained, as the previous

12 | Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

13 | requests.[566]  MGA argues that "Mattel has not attempted to demonstrate why

14 | responding to this request and/or producing responsive documents is irrelevant to

15 | the present action."  However, MGA bears the burden of showing that its discovery

16 | meets the relevance requirements of Rule 26(b)(1).[567]  MGA makes the conclusory

17 | assertion that this Request is relevant to its allegations that "Mattel is engaged in

18 | copying of MGA products, packaging, themes and advertising."  However, as the

19 | prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's

20 | or Bryant's complaint or any of the other pleadings filed in this consolidated

21 | action."[568]  In denying MGA discovery into information related to Polly Pocket

22 | (with the exception of a documetns relating to a single Polly Pockoet television

23 |

24 |   [566] See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.

25 |   [567] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

26 | burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

27 | (S.D. Cal. 2009).

  [568] See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.

28 |

1    commercial identified in MGA's interrogatory responses), the Discovery Master

2    held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to

3    use broad discovery requests, untethered to a claim or defense, to fish for new

4    claims." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

5    courts need not condone the use of discovery to engage in 'fishing expeditions.'").

6    "A trial court has a duty, of special significance in lengthy and complex cases where

7    the possibility of abuse is always present, to supervise and limit discovery to protect

8    parties and witnesses from annoyance and excessive expense." Dolgow v.

9    Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

10   American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

11   Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

12   (same).

13         Further, this Request is "clearly overbroad" according to the prior

14   Discovery Master's May 22, 2007 Order.[569]  In that Order, the Discovery Master

15   held that requests were "clearly overbroad" where they "requir[ed] production of

16   documents that merely mention MGA, Larian, Bratz, or other MGA products,

17   regardless of whether or not they have anything to do with the claims and defenses

18   in the case" and "MGA has not made any attempt to link these requests to any of the

19   numerous and far-ranging allegations of unfair competition set forth in its

20   complaint."[570]  This Request is improperly overbroad for the same reasons and must

21   be denied.

22         The Request is also overbroad as to time, seeking communications in a

23   time period that predates any Phase 2 issues related to MGA's allegations unfair

24   trade practices.  The Request is also overbroad to the extent it seeks discovery into

25   events and products that post-date MGA's complaint, filed on April 15, 2005, based

26

27   [569]   See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

28

1   on MGA's own argument that was accepted by the Discovery Master in denying

2   discovery Mattel was seeking regarding transactions occurring after the filing of

3   Mattel's complaint.[571]  MGA offers no reason, nor could it consistent with judicial

4   estoppel, why documents post-dating the filing of claims which do not allege

5   continuing wrongdoing are relevant to those claims.

6           Further, as the prior Discovery Master has recognized, this Request is

7   unduly burdensome.[572]  Rule 26(b)(2)(c) provides that a Court should limit the

8   extent of discovery if it determines that the burden of the proposed discovery

9   outweighs its likely benefit; the discovery sought is unreasonably cumulative or

10  duplicative, or is obtainable from some other source that is more convenient, less

11  burdensome, or less expensive; or the party seeking discovery has had ample

12  opportunity by discovery in the action to obtain the information sought.  See Fed. R.

13  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

14  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

15  the following reasons:

16

17

---

18  [570]  Id. at 17.

19  [571]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
    Subpoenas Issued by Mattel, dated February 13, 2009, at 7, Dart Decl., Exh. 6,

20  where MGA argued that its transactions with the entities that financed acquisition of
    the Wachovia debt were not relevant to Phase 2 because, inter alia, ███████

21  ██████████████████████████████████  In finding that "there has been

22  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

23  calculated to lead to the discovery of admissible evidence regarding the RICO
    counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

24  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

25  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
    into existence – and therefore apparently did not encompass the activities or the

26  transactions which are the subject of the Financing Discovery."  Discovery Matter

27  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
    [572]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.

28



573 Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
574 Moore Decl. ¶ 5, Dart Decl., Exh. 32.
575 Id.
576 Id.

1
2
3
4
5
6
7
8
9
10
11



12    There is no basis for overruling Mattel's privilege objection.  MGA's

13  bald assertion that "[t]his request does not seek information protected by the

14  attorney-client privilege, the attorney work product doctrine, or other applicable

15  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

16  agreed that "all privileged documents would be logged except for documents created

17  after this action was filed on April 27, 2004."[580]  Thus, to the extent  privileged

18  documents fall within the post lawsuit time period, they need not be included on

19  Mattel's log.  Although it bears the burden of showing why this agreement should

20  not be applied to a given Request, MGA fails to do so.

21    Finally, MGA failed to meet and confer at all, much less in good faith,

22  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

23

24  [577]  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
25  [578]  Id.
      [579]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
26  [580]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
      3.
28

1  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
2  the moving party shall first identify each dispute, state the relief sought and identify
3  the authority supporting the requested relief in a meet and confer letter that shall be
4  served on all parties by facsimile or electronic mail. The parties shall have five court
5  days from the date of service of that letter to conduct an in-person conference to
6  attempt to resolve the dispute.").   In order to engage in a meaningful meet and
7  confer, MGA had the burden to show the relevance of any requests it sought to
8  move on.[581]   At no point during the meet and confer process did MGA show why
9  this Request could be considered relevant to Phase 2 issues.[582]  Because MGA
10  refused to even attempt to make this showing, there was no possibility of a good
11  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
12  deny MGA's motion with respect to this Request on that grounds alone.

13  **REQUEST FOR PRODUCTION NO. 619**

14       All DOCUMENTS and COMMUNICATIONS REFERRING TO OR
15  RELATING TO any MARKET RESEARCH, projections or plans pertaining to the
16  release of POLLY POCKET to the market.

17  **RESPONSE TO REQUEST NO. 619:**

18       In addition to the general objections stated above which are
19  incorporated herein by reference, Mattel objects to this Request on the grounds that
20  it is overbroad and unduly burdensome, including in that it seeks all documents on
21  this subject without limitation as to time, and regardless of whether such documents
22  relate to products or matters at issue in this case.  Mattel further objects to the
23  Request on the grounds that it seeks documents that are not relevant to this action or

24  _____

25  [581]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).
28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN)

1    likely to lead to the discovery of admissible evidence. Mattel further objects to this
2    Request on the grounds that it seeks confidential, proprietary and trade secret
3    information, including such information that has no bearing on the claims or
4    defenses in this action. Mattel further objects to this Request on the grounds that it
5    calls for the disclosure of information subject to the attorney-client privilege, the
6    attorney work-product doctrine and other applicable privileges. Mattel further
7    objects on the ground that this Request seeks to circumvent the Discovery Master's
8    Orders of April 19, 2007, and May 22, 2007.

9    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
10   **TO SHOULD BE COMPELLED**

11              Mattel has not agreed to produce documents in response to this request,
12   subject to its improper boilerplate objections. Mattel has refused to confirm whether
13   or not it has produced all non-privileged responsive documents or whether it is
14   withholding documents based on its objections in Phase 2. Under the Federal Rules
15   of Civil Procedure, "an objection to part of a request must specify the part and
16   permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that
17   fail to explain the basis for an objection with specificity are routinely rejected in the
18   Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
19   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
20   harassing' are improper – especially when a party fails to submit any evidentiary
21   declarations supporting such objections"). Accordingly, Mattel must be compelled
22   either to certify that it has produced all non-privileged responsive documents or to
23   produce all such documents by a date certain.

24              To the extent that Mattel is relying on its blanket objections, they are
25   not sustainable and do not justify Mattel's failure to produce documents.

26

27   [582]  See Webster Decl., ¶¶ 6-20.

28

1    As to overbreadth, Mattel provides no explanation, let alone the

2  required particularity, as to *why* this request is supposedly overly broad, nor can it

3  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

4  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5  contrary, the request is narrowly tailored to seek documents referring to any market

6  research, projection or plans associated with the release of the POLLY POCKET

7  line of goods sold or marketed by Mattel or others under license by Mattel.

8    As to burden, Mattel has not attempted to demonstrate why responding

9  to this request and/or producing responsive documents presents any burden.  This

10  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

11  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12  request is unduly burdensome must allege specific facts which indicate the nature

13  and extent of the burden, usually by affidavit or other reliable evidence.")

14  Moreover, it is not unduly burdensome, as noted above, in that the request is

15  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16  has engaged in a broad variety of unfair trade practices including serial copying of

17  MGA products.

18    This request does not seek documents protected by the attorney-client

19  privilege, the attorney work product doctrine, or other applicable privileges.  To the

20  extent that Mattel contends that it does, Mattel must provide a privilege log.

21    Mattel cites to the May 22, 2007 order, but that order is inapposite to

22  this request, which is much narrower than those considered irrelevant and/or

23  improper by the court.  Specifically, the request is narrowly tailored to documents

24  regarding a particular product line, namely POLLY POCKET.  Mattel also cites to

25  the April 19, 2007 order, but that order is also inapposite to this request, which is

26  much narrower than those considered irrelevant and/or improper by the court.

27  Specifically, the request is narrowly tailored to documents related to any market

28  research, projections of plans to the release of POLLY POCKET.

1          As to relevancy, Mattel has not attempted to demonstrate why the

2  responsive documents are irrelevant to the current action.  On the contrary, MGA

3  has alleged that Mattel is engaged in copying of MGA products, packaging, themes

4  and advertising.  POLLY POCKET is an example of one such product line.  A

5  request for documents referring to any market research, projection or plans

6  associated with the release of the POLLY POCKET is therefore relevant to this

7  action and MGA's claim.

8          Mattel objects that the request contains confidential, proprietary, and

9  trade secret information.  A Protective Order exists in this case, obviating any

10  concern as to protection of privacy rights and/or commercially sensitive

11  information.

12          None of Mattel's improper objections are valid and Mattel is obligated

13  to produce all non-privileged responsive documents in its possession, custody, or

14  control.

15  **MATTEL'S RESPONSE:**

16          Mattel's relevancy objection should be sustained, as the previous

17  Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

18  requests.[583]  MGA argues that "Mattel has not attempted to demonstrate why

19  responding to this request and/or producing responsive documents is irrelevant to

20  the present action."  However, MGA bears the burden of showing that its discovery

21  meets the relevance requirements of Rule 26(b)(1).[584]  MGA makes the conclusory

22  assertion that this Request is relevant to its allegations that "Mattel is engaged in

23  copying of MGA products, packaging, themes and advertising."  However, as the

24

25

---

26    [583]  See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.

27    [584]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

28  (footnote continued)

1  prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's

2  or Bryant's complaint or any of the other pleadings filed in this consolidated

3  action."[585]  In denying MGA discovery into information related to Polly Pocket

4  (with the exception of a documetns relating to a single Polly Pockoet television

5  commercial identified in MGA's interrogatory responses), the Discovery Master

6  held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to

7  use broad discovery requests, untethered to a claim or defense, to fish for new

8  claims." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

9  courts need not condone the use of discovery to engage in 'fishing expeditions.'").

10  "A trial court has a duty, of special significance in lengthy and complex cases where

11  the possibility of abuse is always present, to supervise and limit discovery to protect

12  parties and witnesses from annoyance and excessive expense." Dolgow v.

13  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

14  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

15  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

16  (same).

17  　　　　Further, this Request is "clearly overbroad" according to the prior

18  Discovery Master's May 22, 2007 Order.[586]  In that Order, the Discovery Master

19  held that requests were "clearly overbroad" where they "requir[ed] production of

20  documents that merely mention MGA, Larian, Bratz, or other MGA products,

21  regardless of whether or not they have anything to do with the claims and defenses

22  in the case" and "MGA has not made any attempt to link these requests to any of the

23  numerous and far-ranging allegations of unfair competition set forth in its

24

25  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

26  (S.D. Cal. 2009).

27  [585]  See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.

28  [586]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

1 complaint."[587]  This Request is improperly overbroad for the same reasons and must
2 be denied.

3 　　　The Request is also overbroad as to time, seeking communications in a
4 time period that predates any Phase 2 issues related to MGA's allegations unfair
5 trade practices.  The Request is also overbroad to the extent it seeks discovery into
6 events and products that post-date MGA's complaint, filed on April 15, 2005, based
7 on MGA's own argument that was accepted by the Discovery Master in denying
8 discovery Mattel was seeking regarding transactions occurring after the filing of
9 Mattel's complaint.[588]  MGA offers no reason, nor could it consistent with judicial
10 estoppel, why documents post-dating the filing of claims which do not allege
11 continuing wrongdoing are relevant to those claims.

12 　　　Further, as the prior Discovery Master has recognized, this Request is
13 unduly burdensome.[589]  Rule 26(b)(2)(c) provides that a Court should limit the
14 extent of discovery if it determines that the burden of the proposed discovery
15 outweighs its likely benefit; the discovery sought is unreasonably cumulative or
16 duplicative, or is obtainable from some other source that is more convenient, less

17

---

18 　[587]  Id. at 17.
19 　[588]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
20 Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
where MGA argued that its transactions with the entities that financed acquisition of
21 the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  In finding that "there has been
22 no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
23 calculated to lead to the discovery of admissible evidence regarding the RICO
counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
24 other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
25 than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
into existence – and therefore apparently did not encompass the activities or the
26 transactions which are the subject of the Financing Discovery."  Discovery Matter
27 Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
　[589]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl., Exh. 5.

28

burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons:

---

590  Pantel Decl. ¶ 9, Dart Decl., Exh. 31.
591  Id. ¶ 10.
592  Id.
593  See Pantel Decl. ¶ 7, Dart Decl., Exh. 31.

00505.07975/3161688.1



| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | [594] Id. |
| 26 | [595] Pantel Decl. ¶ 10, Dart Decl., Exh. 31. |
| 27 | [596] Moore Decl. ¶ 5, Dart Decl., Exh. 32. |
| 28 | [597] Id. [598] Id. |



        There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[602]  Thus, to the extent  privileged documents fall within the post lawsuit time period, they need not be included on

---

[599]  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

[600]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

[601]  Id.

[602]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN)

1  Mattel's log. Although it bears the burden of showing why this agreement should

2  not be applied to a given Request, MGA fails to do so.

3      Finally, MGA failed to meet and confer at all, much less in good faith,

4  regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6  the moving party shall first identify each dispute, state the relief sought and identify

7  the authority supporting the requested relief in a meet and confer letter that shall be

8  served on all parties by facsimile or electronic mail. The parties shall have five court

9  days from the date of service of that letter to conduct an in-person conference to

10  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

11  confer, MGA had the burden to show the relevance of any requests it sought to

12  move on.[603]   At no point during the meet and confer process did MGA show why

13  this Request could be considered relevant to Phase 2 issues.[604]  Because MGA

14  refused to even attempt to make this showing, there was no possibility of a good

15  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

16  deny MGA's motion with respect to this Request on that grounds alone.

17  **REQUEST FOR PRODUCTION NO. 620**

18      All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

19  RELATING TO any BRATZ product or theme as an inspiration factor in the

20  development of any POLLY POCKET product.

21  **RESPONSE TO REQUEST NO. 620:**

22      In addition to the general objections stated above which are

23  incorporated herein by reference, Mattel objects to this Request on the grounds that

24  

25  [603]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

28  (S.D. Cal. May 14, 2009).

1  it is overbroad and unduly burdensome, including in that it seeks all documents on

2  this subject without limitation as to time, and regardless of whether such documents

3  relate to products or matters at issue in this case.  Mattel further objects to the

4  Request on the grounds that it seeks documents that are not relevant to this action or

5  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

6  Request on the grounds that it seeks confidential, proprietary and trade secret

7  information, including such information that has no bearing on the claims or

8  defenses in this action.  Mattel further objects to this Request on the grounds that it

9  calls for the disclosure of information subject to the attorney-client privilege, the

10  attorney work-product doctrine and other applicable privileges.  Mattel further

11  objects on the ground that this Request seeks to circumvent the Discovery Master's

12  Orders of April 19, 2007, and May 22, 2007.

13  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

14  **TO SHOULD BE COMPELLED**

15  Mattel has not agreed to produce documents in response to this request,

16  subject to its improper boilerplate objections.  Mattel has refused to confirm whether

17  or not it has produced all non-privileged responsive documents or whether it is

18  withholding documents based on its objections in Phase 2.  Under the Federal Rules

19  of Civil Procedure, "an objection to part of a request must specify the part and

20  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

21  fail to explain the basis for an objection with specificity are routinely rejected in the

22  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

23  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

24  harassing' are improper – especially when a party fails to submit any evidentiary

25  declarations supporting such objections").  Accordingly, Mattel must be compelled

26

27  604  See Webster Decl., ¶¶ 6-20.

28

00505.07975/3161688.1

-288-
MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN)

1  either to certify that it has produced all non-privileged responsive documents or to

2  produce all such documents by a date certain.

3          To the extent that Mattel is relying on its blanket objections, they are

4  not sustainable and do not justify Mattel's failure to produce documents.

5          As to overbreadth, Mattel provides no explanation, let alone the

6  required particularity, as to *why* this request is supposedly overly broad, nor can it

7  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

8  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9  contrary, the request is narrowly tailored to seek documents referring to any BRATZ

10  product or theme as an inspiration factor in the development of the POLLY

11  POCKET line of goods sold or marketed by Mattel or others under license by

12  Mattel.

13          As to burden, Mattel has not attempted to demonstrate why responding

14  to this request and/or producing responsive documents presents any burden.  This

15  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

16  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17  request is unduly burdensome must allege specific facts which indicate the nature

18  and extent of the burden, usually by affidavit or other reliable evidence.")

19  Moreover, it is not unduly burdensome, as noted above, in that the request is

20  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21  has engaged in a broad variety of unfair trade practices including serial copying of

22  MGA products.

23          This request does not seek documents protected by the attorney-client

24  privilege, the attorney work product doctrine, or other applicable privileges.  To the

25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26          Mattel cites to the May 22, 2007 order, but that order is inapposite to

27  this request, which is much narrower than those considered irrelevant and/or

28  improper by the court.  Specifically, the request is narrowly tailored to documents

1  regarding a particular product line, namely POLLY POCKET.  Mattel also cites to

2  the April 19, 2007 order, but that order is also inapposite to this request, which is

3  much narrower than those considered irrelevant and/or improper by the court.

4  Specifically, the request is narrowly tailored to documents related to any BRATZ

5  product or theme as inspiration factor in the development of any POLLY POCKET

6  product.

7          As to relevancy, Mattel has not attempted to demonstrate why the

8  responsive documents are irrelevant to the current action.  On the contrary, MGA

9  has alleged that Mattel is engaged in copying of MGA products, packaging, themes

10  and advertising.  POLLY POCKET is an example of one such product line.  A

11  request for documents referring to any BRATZ product or theme that served as an

12  inspiration in the development of the POLLY POCKET line is therefore relevant to

13  this action and MGA's claim.

14          Mattel objects that the request contains confidential, proprietary, and

15  trade secret information.  A Protective Order exists in this case, obviating any

16  concern as to protection of privacy rights and/or commercially sensitive

17  information.

18          None of Mattel's improper objections are valid and Mattel is obligated

19  to produce all non-privileged responsive documents in its possession, custody, or

20  control.

21  **MATTEL'S RESPONSE:**

22          Mattel's relevancy objection should be sustained, as the previous

23  Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

24  requests.[605]  MGA argues that "Mattel has not attempted to demonstrate why

25  responding to this request and/or producing responsive documents is irrelevant to

26

27  [605] See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.

28

1  the present action." However, MGA bears the burden of showing that its discovery
2  meets the relevance requirements of Rule 26(b)(1).[606]  MGA makes the conclusory
3  assertion that this Request is relevant to its allegations that "Mattel is engaged in
4  copying of MGA products, packaging, themes and advertising." However, as the
5  prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's
6  or Bryant's complaint or any of the other pleadings filed in this consolidated
7  action."[607]  In denying MGA discovery into information related to Polly Pocket
8  (with the exception of a documetns relating to a single Polly Pockoet television
9  commercial identified in MGA's interrogatory responses), the Discovery Master
10 held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to
11 use broad discovery requests, untethered to a claim or defense, to fish for new
12 claims." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District
13 courts need not condone the use of discovery to engage in 'fishing expeditions.'").
14 "A trial court has a duty, of special significance in lengthy and complex cases where
15 the possibility of abuse is always present, to supervise and limit discovery to protect
16 parties and witnesses from annoyance and excessive expense." Dolgow v.
17 Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan
18 American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);
19 Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)
20 (same).
21         Further, this Request is "clearly overbroad" according to the prior
22 Discovery Master's May 22, 2007 Order.[608]  In that Order, the Discovery Master
23

---

24  [606]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
25 Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
26 (S.D. Cal. 2009).
   [607]  See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.
27 [608]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
28

1    held that requests were "clearly overbroad" where they "requir[ed] production of
2    documents that merely mention MGA, Larian, Bratz, or other MGA products,
3    regardless of whether or not they have anything to do with the claims and defenses
4    in the case" and "MGA has not made any attempt to link these requests to any of the
5    numerous and far-ranging allegations of unfair competition set forth in its
6    complaint."[609]  This Request is improperly overbroad for the same reasons and must
7    be denied.

8              The Request is also overbroad as to time, seeking communications in a
9    time period that predates any Phase 2 issues related to MGA's allegations unfair
10   trade practices.  The Request is also overbroad to the extent it seeks discovery into
11   events and products that post-date MGA's complaint, filed on April 15, 2005, based
12   on MGA's own argument that was accepted by the Discovery Master in denying
13   discovery Mattel was seeking regarding transactions occurring after the filing of
14   Mattel's complaint.[610]  MGA offers no reason, nor could it consistent with judicial
15   estoppel, why documents post-dating the filing of claims which do not allege
16   continuing wrongdoing are relevant to those claims.

17

18   _____

19   [609]  Id. at 17.
     [610]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
20   Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
     where MGA argued that its transactions with the entities that financed acquisition of
21   the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ███████████
22   ████████████████████████████████████████  In finding that "there has been
     no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
23   calculated to lead to the discovery of admissible evidence regarding the RICO
24   counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
     other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
25   than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
26   into existence – and therefore apparently did not encompass the activities or the
     transactions which are the subject of the Financing Discovery."  Discovery Matter
27   Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
28

1    Further, as the prior Discovery Master has recognized, this Request is

2  unduly burdensome.[611]  Rule 26(b)(2)(c) provides that a Court should limit the

3  extent of discovery if it determines that the burden of the proposed discovery

4  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

5  duplicative, or is obtainable from some other source that is more convenient, less

6  burdensome, or less expensive; or the party seeking discovery has had ample

7  opportunity by discovery in the action to obtain the information sought.  See Fed. R.

8  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

9  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

10  the following reasons:



[611]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.

[612]  Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

[613]  Id. ¶ 10.

[614]  Id.



615 <u>See</u> Pantel Decl. ¶ 7, Dart Decl., Exh. 31.
616 <u>Id.</u>
617 Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
618 Moore Decl. ¶ 5, Dart Decl., Exh. 32.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19          There is no basis for overruling Mattel's privilege objection.  MGA's

20    bald assertion that "[t]his request does not seek information protected by the

21    attorney-client privilege, the attorney work product doctrine, or other applicable

22    privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

23    agreed that "all privileged documents would be logged except for documents created

24    _____

25    619   Id.

26    620   Id.

27    621   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

28    622   Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

1    after this action was filed on April 27, 2004."[624]  Thus, to the extent  privileged
2    documents fall within the post lawsuit time period, they need not be included on
3    Mattel's log.  Although it bears the burden of showing why this agreement should
4    not be applied to a given Request, MGA fails to do so.

5           Finally, MGA failed to meet and confer at all, much less in good faith,
6    regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
7    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
8    the moving party shall first identify each dispute, state the relief sought and identify
9    the authority supporting the requested relief in a meet and confer letter that shall be
10   served on all parties by facsimile or electronic mail. The parties shall have five court
11   days from the date of service of that letter to conduct an in-person conference to
12   attempt to resolve the dispute.").   In order to engage in a meaningful meet and
13   confer, MGA had the burden to show the relevance of any requests it sought to
14   move on.[625]   At no point during the meet and confer process did MGA show why
15   this Request could be considered relevant to Phase 2 issues.[626]  Because MGA
16   refused to even attempt to make this showing, there was no possibility of a good
17   faith meet and confer to resolve the parties' disputes. The Discovery Master should
18   deny MGA's motion with respect to this Request on that grounds alone.

19
20
21
    _____

22   [623]  Id.
23   [624]  See Order Denying Mattel's Motion for Protective Order Limiting the
     Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
24   3.
25   [625]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
     Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
26   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
27   (S.D. Cal. May 14, 2009).
     [626]  See Webster Decl., ¶¶ 6-20.
28

**REQUEST FOR PRODUCTION NO. 621**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO any similarity or dissimilarity between BRATZ and POLLY POCKET packaging, including without limitation, advertising (including commercials), color schemes, product display, shape, and style of packaging.

**RESPONSE TO REQUEST NO. 621:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

1  fail to explain the basis for an objection with specificity are routinely rejected in the

2  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

3  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

4  harassing' are improper – especially when a party fails to submit any evidentiary

5  declarations supporting such objections").  Accordingly, Mattel must be compelled

6  either to certify that it has produced all non-privileged responsive documents or to

7  produce all such documents by a date certain.

8         To the extent that Mattel is relying on its blanket objections, they are

9  not sustainable and do not justify Mattel's failure to produce documents.

10        As to overbreadth, Mattel provides no explanation, let alone the

11  required particularity, as to *why* this request is supposedly overly broad, nor can it

12  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

13  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14  contrary, the request is narrowly tailored to seek documents that refer to any

15  similarity or dissimilarity in the packaging of MGA's BRATZ and Mattel's POLLY

16  POCKET's line of products.

17        As to burden, Mattel has not attempted to demonstrate why responding

18  to this request and/or producing responsive documents presents any burden.  This

19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

20  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21  request is unduly burdensome must allege specific facts which indicate the nature

22  and extent of the burden, usually by affidavit or other reliable evidence.")

23  Moreover, it is not unduly burdensome, as noted above, in that the request is

24  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

25  has engaged in a broad variety of unfair trade practices including serial copying of

26  MGA products.

27

28

1     This request does not seek documents protected by the attorney-client

2  privilege, the attorney work product doctrine, or other applicable privileges.  To the

3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4     Mattel cites to the May 22, 2007 order, but that order is inapposite to

5  this request, which is much narrower than those considered irrelevant and/or

6  improper by the court.  Specifically, the request is narrowly tailored to documents

7  regarding a particular product line, namely POLLY POCKET.  Mattel also cites to

8  the April 19, 2007 order, but that order is also inapposite to this request, which is

9  much narrower than those considered irrelevant and/or improper by the court.

10  Specifically, the request is narrowly tailored to documents related to any similarity

11  or dissimilarity between the BRATZ and POLLY POCKET packaging.

12     As to relevancy, Mattel has not attempted to demonstrate why the

13  responsive documents are irrelevant to the current action.  On the contrary, MGA

14  has alleged that Mattel is engaged in copying of MGA products, packaging, themes

15  and advertising.  POLLY POCKET is an example of one such product line.  A

16  request for documents that refer to any similarity or dissimilarity in packaging

17  between MGA's BRATZ and Mattel's POLLY POCKET line of products is

18  therefore relevant to this action and MGA's claim.

19     Mattel objects that the request contains confidential, proprietary, and

20  trade secret information.  A Protective Order exists in this case, obviating any

21  concern as to protection of privacy rights and/or commercially sensitive

22  information.

23     None of Mattel's improper objections are valid and Mattel is obligated

24  to produce all non-privileged responsive documents in its possession, custody, or

25  control.

26  **MATTEL'S RESPONSE:**

27     Mattel's relevancy objection should be sustained, as the previous

28  Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

1   requests.[627]  MGA argues that "Mattel has not attempted to demonstrate why
2   responding to this request and/or producing responsive documents is irrelevant to
3   the present action."  However, MGA bears the burden of showing that its discovery
4   meets the relevance requirements of <u>Rule</u> 26(b)(1).[628]  MGA makes the conclusory
5   assertion that this Request is relevant to its allegations that "Mattel is engaged in
6   copying of MGA products, packaging, themes and advertising."  However, as the
7   prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's
8   or Bryant's complaint or any of the other pleadings filed in this consolidated
9   action."[629]  In denying MGA discovery into information related to Polly Pocket
10  (with the exception of a documetns relating to a single Polly Pockoet television
11  commercial identified in MGA's interrogatory responses), the Discovery Master
12  held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to
13  use broad discovery requests, untethered to a claim or defense, to fish for new
14  claims." <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District
15  courts need not condone the use of discovery to engage in 'fishing expeditions.'").
16  "A trial court has a duty, of special significance in lengthy and complex cases where
17  the possibility of abuse is always present, to supervise and limit discovery to protect
18  parties and witnesses from annoyance and excessive expense." <u>Dolgow v.</u>
19  <u>Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also <u>Laker Airways Ltd. v. Pan</u>
20  <u>American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);
21  <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983)
22  (same).

23  _____

24  [627]  <u>See</u> April 19, 2007 Order, at 7, Dart Decl., Exh. 1.
25  [628]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
    Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
26  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1
    (S.D. Cal. 2009).
27  [629]  <u>See</u> April 19, 2007 Order, at 5, Dart Decl., Exh. 1.
28