1           Further, this Request is "clearly overbroad" according to the prior

2  Discovery Master's May 22, 2007 Order.[630]  In that Order, the Discovery Master

3  held that requests were "clearly overbroad" where they "requir[ed] production of

4  documents that merely mention MGA, Larian, Bratz, or other MGA products,

5  regardless of whether or not they have anything to do with the claims and defenses

6  in the case" and "MGA has not made any attempt to link these requests to any of the

7  numerous and far-ranging allegations of unfair competition set forth in its

8  complaint."[631]  This Request is improperly overbroad for the same reasons and must

9  be denied.

10          The Request is also overbroad as to time, seeking communications in a

11  time period that predates any Phase 2 issues related to MGA's allegations unfair

12  trade practices.  The Request is also overbroad to the extent it seeks discovery into

13  events and products that post-date MGA's complaint, filed on April 15, 2005, based

14  on MGA's own argument that was accepted by the Discovery Master in denying

15  discovery Mattel was seeking regarding transactions occurring after the filing of

16  Mattel's complaint.[632]  MGA offers no reason, nor could it consistent with judicial

17

---

18  [630]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

19  [631]  Id. at 17.

[632]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

20  Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,

21  where MGA argued that its transactions with the entities that financed acquisition of the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ███████

22  ████████████████████████████████  In finding that "there has been

23  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably calculated to lead to the discovery of admissible evidence regarding the RICO

24  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

25  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26  into existence – and therefore apparently did not encompass the activities or the

27  transactions which are the subject of the Financing Discovery."  Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

28

1 | estoppel, why documents post-dating the filing of claims which do not allege
2 | continuing wrongdoing are relevant to those claims.
3 |         Further, as the prior Discovery Master has recognized, this Request is
4 | unduly burdensome.[633]  Rule 26(b)(2)(c) provides that a Court should limit the
5 | extent of discovery if it determines that the burden of the proposed discovery
6 | outweighs its likely benefit; the discovery sought is unreasonably cumulative or
7 | duplicative, or is obtainable from some other source that is more convenient, less
8 | burdensome, or less expensive; or the party seeking discovery has had ample
9 | opportunity by discovery in the action to obtain the information sought.  See Fed. R.
10 | Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive
11 | to this overbroad Request would greatly outweigh any marginal benefit to MGA, for
12 | the following reasons:

13 | ████████████████████████████████
14 | ████████████████████████████████
15 | ████████████████████████████████
16 | ████████████████████████████████
17 | ████████████████████████████████
18 | ████████████████████████████████
19 | ████████████████████████████████
20 | ████████████████████████████████
21 | ████████████████████████████████
22 | ████████████

---

[633]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.
[634]  Pantel Decl. ¶ 9, Dart Decl., Exh. 31.
[635]  Id. ¶ 10.
[636]  Id.



637 <u>See</u> Pantel Decl. ¶ 7, Dart Decl., Exh. 31.
638 <u>Id.</u>
639 Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
640 Moore Decl. ¶ 5, Dart Decl., Exh. 32.



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22          There is no basis for overruling Mattel's privilege objection.  MGA's

23   bald assertion that "[t]his request does not seek information protected by the

24

25     641   Id.
26     642   Id.
27     643   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
       644   Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
28

1   attorney-client privilege, the attorney work product doctrine, or other applicable

2   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

3   agreed that "all privileged documents would be logged except for documents created

4   after this action was filed on April 27, 2004."[646]  Thus, to the extent  privileged

5   documents fall within the post lawsuit time period, they need not be included on

6   Mattel's log.  Although it bears the burden of showing why this agreement should

7   not be applied to a given Request, MGA fails to do so.

8           Finally, MGA failed to meet and confer at all, much less in good faith,

9   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

10  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

11  the moving party shall first identify each dispute, state the relief sought and identify

12  the authority supporting the requested relief in a meet and confer letter that shall be

13  served on all parties by facsimile or electronic mail. The parties shall have five court

14  days from the date of service of that letter to conduct an in-person conference to

15  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

16  confer, MGA had the burden to show the relevance of any requests it sought to

17  move on.[647]   At no point during the meet and confer process did MGA show why

18  this Request could be considered relevant to Phase 2 issues.[648]  Because MGA

19  refused to even attempt to make this showing, there was no possibility of a good

20

21
_____

22  [645]  Id.

23  [646]  See Order Denying Mattel's Motion for Protective Order Limiting the
    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

24  3.

25  [647]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
    Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

26  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

27  (S.D. Cal. May 14, 2009).

    [648]  See Webster Decl., ¶¶ 6-20.
28

1  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

2  deny MGA's motion with respect to this Request on that grounds alone.

3  **REQUEST FOR PRODUCTION NO. 622**

4          All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

5  RELATING TO any similarity or dissimilarity between BRATZ and POLLY

6  POCKET, including without limitation, themes, accessories, clothing and shoes.

7  **RESPONSE TO REQUEST NO. 622:**

8          In addition to the general objections stated above which are

9  incorporated herein by reference, Mattel objects to this Request on the grounds that

10  it is overbroad and unduly burdensome, including in that it seeks all documents on

11  this subject without limitation as to time, and regardless of whether such documents

12  relate to products or matters at issue in this case.  Mattel further objects to the

13  Request on the grounds that it seeks documents that are not relevant to this action or

14  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

15  Request on the grounds that it seeks confidential, proprietary and trade secret

16  information, including such information that has no bearing on the claims or

17  defenses in this action.  Mattel further objects to this Request on the grounds that it

18  calls for the disclosure of information subject to the attorney-client privilege, the

19  attorney work-product doctrine and other applicable privileges.  Mattel further

20  objects on the ground that this Request seeks to circumvent the Discovery Master's

21  Orders of April 19, 2007, and May 22, 2007.

22  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

23  **TO SHOULD BE COMPELLED**

24          Mattel has not agreed to produce documents in response to this request,

25  subject to its improper boilerplate objections.  Mattel has refused to confirm whether

26  or not it has produced all non-privileged responsive documents or whether it is

27  withholding documents based on its objections in Phase 2.  Under the Federal Rules

28  of Civil Procedure, "an objection to part of a request must specify the part and

1   permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

2   fail to explain the basis for an objection with specificity are routinely rejected in the

3   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

4   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

5   harassing' are improper – especially when a party fails to submit any evidentiary

6   declarations supporting such objections").  Accordingly, Mattel must be compelled

7   either to certify that it has produced all non-privileged responsive documents or to

8   produce all such documents by a date certain.

9          To the extent that Mattel is relying on its blanket objections, they are

10   not sustainable and do not justify Mattel's failure to produce documents.

11          As to overbreadth, Mattel provides no explanation, let alone the

12   required particularity, as to *why* this request is supposedly overly broad, nor can it

13   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

14   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

15   contrary, the request is narrowly tailored to seek documents that refer to any

16   similarity or dissimilarity between MGA's BRATZ and Mattel's POLLY POCKET's

17   line of products with particular focus on themes, accessories, clothing and shoes.

18          As to burden, Mattel has not attempted to demonstrate why responding

19   to this request and/or producing responsive documents presents any burden.  This

20   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

21   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22   request is unduly burdensome must allege specific facts which indicate the nature

23   and extent of the burden, usually by affidavit or other reliable evidence.")

24   Moreover, it is not unduly burdensome, as noted above, in that the request is

25   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26   has engaged in a broad variety of unfair trade practices including serial copying of

27   MGA products.

28

00505.07975/3161688.1

1    This request does not seek documents protected by the attorney-client
2  privilege, the attorney work product doctrine, or other applicable privileges.  To the
3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel cites to the May 22, 2007 order, but that order is inapposite to
5  this request, which is much narrower than those considered irrelevant and/or
6  improper by the court.  Specifically, the request is narrowly tailored to documents
7  regarding a particular product line, namely POLLY POCKET.  Mattel also cites to
8  the April 19, 2007 order, but that order is also inapposite to this request, which is
9  much narrower than those considered irrelevant and/or improper by the court.
10 Specifically, the request is narrowly tailored to documents related to any similarity
11 or dissimilarity between the BRATZ and POLLY POCKET themes, accessories,
12 clothing and shoes.

13    As to relevancy, Mattel has not attempted to demonstrate why the
14 responsive documents are irrelevant to the current action.  On the contrary, MGA
15 has alleged that Mattel is engaged in copying of MGA products, packaging, themes
16 and advertising.  POLLY POCKET is an example of one such product line.  A
17 request for documents that refer to any similarity or dissimilarity between MGA's
18 BRATZ and Mattel's POLLY POCKET line of products is therefore relevant to this
19 action and MGA's claim.

20    Mattel objects that the request contains confidential, proprietary, and
21 trade secret information.  A Protective Order exists in this case, obviating any
22 concern as to protection of privacy rights and/or commercially sensitive
23 information.

24    None of Mattel's improper objections are valid and Mattel is obligated
25 to produce all non-privileged responsive documents in its possession, custody, or
26 control.

27
28

00505.07975/3161688.1

-308-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET SEVEN)

**MATTEL'S RESPONSE:**

Mattel's relevancy objection should be sustained, as the previous Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket requests.[649]  MGA argues that "Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents is irrelevant to the present action."  However, MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[650]  MGA makes the conclusory assertion that this Request is relevant to its allegations that "Mattel is engaged in copying of MGA products, packaging, themes and advertising."  However, as the prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's or Bryant's complaint or any of the other pleadings filed in this consolidated action."[651]  In denying MGA discovery into information related to Polly Pocket (with the exception of a documetns relating to a single Polly Pockoet television commercial identified in MGA's interrogatory responses), the Discovery Master held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to use broad discovery requests, untethered to a claim or defense, to fish for new claims."  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").  "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

---

[649] See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.
[650] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
[651] See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.

1   American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

2   Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

3   (same).

4           Further, this Request is "clearly overbroad" according to the prior

5   Discovery Master's May 22, 2007 Order.[652]  In that Order, the Discovery Master

6   held that requests were "clearly overbroad" where they "requir[ed] production of

7   documents that merely mention MGA, Larian, Bratz, or other MGA products,

8   regardless of whether or not they have anything to do with the claims and defenses

9   in the case" and "MGA has not made any attempt to link these requests to any of the

10  numerous and far-ranging allegations of unfair competition set forth in its

11  complaint."[653]  This Request is improperly overbroad for the same reasons and must

12  be denied.

13          The Request is also overbroad as to time, seeking communications in a

14  time period that predates any Phase 2 issues related to MGA's allegations unfair

15  trade practices.  The Request is also overbroad to the extent it seeks discovery into

16  events and products that post-date MGA's complaint, filed on April 15, 2005, based

17  on MGA's own argument that was accepted by the Discovery Master in denying

18  discovery Mattel was seeking regarding transactions occurring after the filing of

19  Mattel's complaint.[654]  MGA offers no reason, nor could it consistent with judicial

20

21     [652]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

22     [653]  Id. at 17.

23     [654]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
    Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,

24  where MGA argued that its transactions with the entities that financed acquisition of
    the Wachovia debt were not relevant to Phase 2 because, inter alia, ███████████

25  ███████████████████████████████████  In finding that "there has been

26  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

27  calculated to lead to the discovery of admissible evidence regarding the RICO
    counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

28          (footnote continued)

1  estoppel, why documents post-dating the filing of claims which do not allege

2  continuing wrongdoing are relevant to those claims.

3        Further, as the prior Discovery Master has recognized, this Request is

4  unduly burdensome.[655]  Rule 26(b)(2)(c) provides that a Court should limit the

5  extent of discovery if it determines that the burden of the proposed discovery

6  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

7  duplicative, or is obtainable from some other source that is more convenient, less

8  burdensome, or less expensive; or the party seeking discovery has had ample

9  opportunity by discovery in the action to obtain the information sought.  See Fed. R.

10  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

11  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

12  the following reasons:

13  

14  

15  

16  

17  

18  

19  

20  

21  

22  

23  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

24  into existence – and therefore apparently did not encompass the activities or the

25  transactions which are the subject of the Financing Discovery."  Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

26  [655]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.

27  [656]  Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

28  [657]  Id. ¶ 10.



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   658  <u>Id.</u>

26   659  <u>See</u> Pantel Decl. ¶ 7, Dart Decl., Exh. 31.

27   660  <u>Id.</u>

28   661  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.



---

<sup>662</sup> Moore Decl. ¶ 5, Dart Decl., Exh. 32.
<sup>663</sup> <u>Id.</u>
<sup>664</sup> <u>Id.</u>
<sup>665</sup> Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

1 ██████████████████████████████████████████████████████

2 █████████████████████████████████████████████

3      There is no basis for overruling Mattel's privilege objection.  MGA's

4 bald assertion that "[t]his request does not seek information protected by the

5 attorney-client privilege, the attorney work product doctrine, or other applicable

6 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7 agreed that "all privileged documents would be logged except for documents created

8 after this action was filed on April 27, 2004."[668]  Thus, to the extent  privileged

9 documents fall within the post lawsuit time period, they need not be included on

10 Mattel's log.  Although it bears the burden of showing why this agreement should

11 not be applied to a given Request, MGA fails to do so.

12      Finally, MGA failed to meet and confer at all, much less in good faith,

13 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15 the moving party shall first identify each dispute, state the relief sought and identify

16 the authority supporting the requested relief in a meet and confer letter that shall be

17 served on all parties by facsimile or electronic mail. The parties shall have five court

18 days from the date of service of that letter to conduct an in-person conference to

19 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

20 confer, MGA had the burden to show the relevance of any requests it sought to

21 move on.[669]  At no point during the meet and confer process did MGA show why

22

---

23   [666]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

24   [667]  Id.

25   [668]  See Order Denying Mattel's Motion for Protective Order Limiting the
Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

26 3.

27   [669]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

28 (footnote continued)

-314-

1 | this Request could be considered relevant to Phase 2 issues.[670]  Because MGA

2 | refused to even attempt to make this showing, there was no possibility of a good

3 | faith meet and confer to resolve the parties' disputes.  The Discovery Master should

4 | deny MGA's motion with respect to this Request on that grounds alone.

5 | **REQUEST FOR PRODUCTION NO. 623**

6 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

7 | RELATING TO any similarity or dissimilarity between BRATZ and POLLY

8 | POCKET dolls, including without limitation, feet, hair, removable heads, face paint,

9 | eye design, head size, body proportions, and any other physical attributes.

10 | **RESPONSE TO REQUEST NO. 623:**

11 | In addition to the general objections stated above which are

12 | incorporated herein by reference, Mattel objects to this Request on the grounds that

13 | it is overbroad and unduly burdensome, including in that it seeks all documents on

14 | this subject without limitation as to time, and regardless of whether such documents

15 | relate to products or matters at issue in this case.  Mattel further objects to the

16 | Request on the grounds that it seeks documents that are not relevant to this action or

17 | likely to lead to the discovery of admissible evidence.  Mattel further objects to this

18 | Request on the grounds that it seeks confidential, proprietary and trade secret

19 | information, including such information that has no bearing on the claims or

20 | defenses in this action.  Mattel further objects to this Request on the grounds that it

21 | calls for the disclosure of information subject to the attorney-client privilege, the

22 | attorney work-product doctrine and other applicable privileges.  Mattel further

23 | objects on the ground that this Request seeks to circumvent the Discovery Master's

24 | Orders of April 19, 2007, and May 22, 2007.

25 | _____

26 | burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1

27 | (S.D. Cal. May 14, 2009).

[670]  <u>See</u> Webster Decl., ¶¶ 6-20.

28 |

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents that refer to any similarity or dissimilarity between MGA's BRATZ and Mattel's POLLY POCKET's dolls with particular focus on the dolls physical attributes.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1   request is unduly burdensome must allege specific facts which indicate the nature
2   and extent of the burden, usually by affidavit or other reliable evidence.")
3   Moreover, it is not unduly burdensome, as noted above, in that the request is
4   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
5   has engaged in a broad variety of unfair trade practices including serial copying of
6   MGA products.

7          This request does not seek documents protected by the attorney-client
8   privilege, the attorney work product doctrine, or other applicable privileges.  To the
9   extent that Mattel contends that it does, Mattel must provide a privilege log.

10          Mattel cites to the May 22, 2007 order, but that order is inapposite to
11   this request, which is much narrower than those considered irrelevant and/or
12   improper by the court.  Specifically, the request is narrowly tailored to documents
13   regarding a particular product line, namely POLLY POCKET.  Mattel also cites to
14   the April 19, 2007 order, but that order is also inapposite to this request, which is
15   much narrower than those considered irrelevant and/or improper by the court.
16   Specifically, the request is narrowly tailored to documents related to any similarity
17   or dissimilarity between the physical attributes of BRATZ and POLLY POCKET
18   dolls.

19          As to relevancy, Mattel has not attempted to demonstrate why the
20   responsive documents are irrelevant to the current action.  On the contrary, MGA
21   has alleged that Mattel is engaged in copying of MGA products, packaging, themes
22   and advertising.  POLLY POCKET is an example of one such product line.  A
23   request for documents that refer to any similarity or dissimilarity in the physical
24   attributes of MGA's BRATZ and Mattel's POLLY POCKET dolls is therefore
25   relevant to this action and MGA's claim.

26          Mattel objects that the request contains confidential, proprietary, and
27   trade secret information.  A Protective Order exists in this case, obviating any

28

1 concern as to protection of privacy rights and/or commercially sensitive

2 information.

3          None of Mattel's improper objections are valid and Mattel is obligated

4 to produce all non-privileged responsive documents in its possession, custody, or

5 control.

6 **MATTEL'S RESPONSE:**

7          Mattel's relevancy objection should be sustained, as the previous

8 Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

9 requests.[671]  MGA argues that "Mattel has not attempted to demonstrate why

10 responding to this request and/or producing responsive documents is irrelevant to

11 the present action."  However, MGA bears the burden of showing that its discovery

12 meets the relevance requirements of Rule 26(b)(1).[672]  MGA makes the conclusory

13 assertion that this Request is relevant to its allegations that "Mattel is engaged in

14 copying of MGA products, packaging, themes and advertising."  However, as the

15 prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's

16 or Bryant's complaint or any of the other pleadings filed in this consolidated

17 action."[673]  In denying MGA discovery into information related to Polly Pocket

18 (with the exception of a documetns relating to a single Polly Pockoet television

19 commercial identified in MGA's interrogatory responses), the Discovery Master

20 held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to

21 use broad discovery requests, untethered to a claim or defense, to fish for new

22 claims."  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

23 

24   [671]  See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.

25   [672]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

26 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

27 (S.D. Cal. 2009).
  [673]  See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.

28

1  courts need not condone the use of discovery to engage in 'fishing expeditions.'").

2  "A trial court has a duty, of special significance in lengthy and complex cases where

3  the possibility of abuse is always present, to supervise and limit discovery to protect

4  parties and witnesses from annoyance and excessive expense." Dolgow v.

5  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

6  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

7  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

8  (same).

9          Further, this Request is "clearly overbroad" according to the prior

10  Discovery Master's May 22, 2007 Order.[674]  In that Order, the Discovery Master

11  held that requests were "clearly overbroad" where they "requir[ed] production of

12  documents that merely mention MGA, Larian, Bratz, or other MGA products,

13  regardless of whether or not they have anything to do with the claims and defenses

14  in the case" and "MGA has not made any attempt to link these requests to any of the

15  numerous and far-ranging allegations of unfair competition set forth in its

16  complaint."[675]  This Request is improperly overbroad for the same reasons and must

17  be denied.

18          The Request is also overbroad as to time, seeking communications in a

19  time period that predates any Phase 2 issues related to MGA's allegations unfair

20  trade practices.  The Request is also overbroad to the extent it seeks discovery into

21  events and products that post-date MGA's complaint, filed on April 15, 2005, based

22  on MGA's own argument that was accepted by the Discovery Master in denying

23  discovery Mattel was seeking regarding transactions occurring after the filing of

24

25

26

---

[674]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
[675]  Id. at 17.

1  Mattel's complaint.[676]  MGA offers no reason, nor could it consistent with judicial

2  estoppel, why documents post-dating the filing of claims which do not allege

3  continuing wrongdoing are relevant to those claims.

4       Further, as the prior Discovery Master has recognized, this Request is

5  unduly burdensome.[677]  Rule 26(b)(2)(c) provides that a Court should limit the

6  extent of discovery if it determines that the burden of the proposed discovery

7  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

8  duplicative, or is obtainable from some other source that is more convenient, less

9  burdensome, or less expensive; or the party seeking discovery has had ample

10  opportunity by discovery in the action to obtain the information sought.  See Fed. R.

11  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

12  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

13  the following reasons:

14  

15  

16  

17  

18  [676]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

19  Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6, where MGA argued that its transactions with the entities that financed acquisition of

20  the Wachovia debt were not relevant to Phase 2 because, inter alia,

21  In finding that "there has been no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

22  calculated to lead to the discovery of admissible evidence regarding the RICO counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

23  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

24  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

25  into existence – and therefore apparently did not encompass the activities or the transactions which are the subject of the Financing Discovery."  Discovery Matter

26  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

27  [677]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.
[678]  Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

28  

00505.07975/3161688.1



679 Id. ¶ 10.
680 Id.
681 See Pantel Decl. ¶ 7, Dart Decl., Exh. 31.
682 Id.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

683  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
684  Moore Decl. ¶ 5, Dart Decl., Exh. 32.
685  Id.
686  Id.
687  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..



7    There is no basis for overruling Mattel's privilege objection. MGA's

8 bald assertion that "[t]his request does not seek information protected by the

9 attorney-client privilege, the attorney work product doctrine, or other applicable

10 privileges" has no merit. Moreover, as MGA has itself argued, the parties have

11 agreed that "all privileged documents would be logged except for documents created

12 after this action was filed on April 27, 2004."[690] Thus, to the extent privileged

13 documents fall within the post lawsuit time period, they need not be included on

14 Mattel's log. Although it bears the burden of showing why this agreement should

15 not be applied to a given Request, MGA fails to do so.

16    Finally, MGA failed to meet and confer at all, much less in good faith,

17 regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

18 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

19 the moving party shall first identify each dispute, state the relief sought and identify

20 the authority supporting the requested relief in a meet and confer letter that shall be

21 served on all parties by facsimile or electronic mail. The parties shall have five court

22 days from the date of service of that letter to conduct an in-person conference to

23 attempt to resolve the dispute."). In order to engage in a meaningful meet and

---

[688]   Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
[689]   Id.

1  confer, MGA had the burden to show the relevance of any requests it sought to
2  move on.[691]   At no point during the meet and confer process did MGA show why
3  this Request could be considered relevant to Phase 2 issues.[692]  Because MGA
4  refused to even attempt to make this showing, there was no possibility of a good
5  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
6  deny MGA's motion with respect to this Request on that grounds alone.

7  **REQUEST FOR PRODUCTION NO. 624**

8  　　　　All DOCUMENTS and COMMUNICATIONS REFERRING TO OR
9  RELATING TO whether the appearance of POLLY POCKET copies, replicates, or
10  in any way imitates the appearance of BRATZ.

11  **RESPONSE TO REQUEST NO. 624:**

12  　　　　In addition to the general objections stated above which are
13  incorporated herein by reference, Mattel objects to this Request on the grounds that
14  it is overbroad and unduly burdensome, including in that it seeks all documents on
15  this subject without limitation as to time, and regardless of whether such documents
16  relate to products or matters at issue in this case.  Mattel further objects to the
17  Request on the grounds that it seeks documents that are not relevant to this action or
18  likely to lead to the discovery of admissible evidence.  Mattel further objects to this
19  Request on the grounds that it seeks confidential, proprietary and trade secret
20  information, including such information that has no bearing on the claims or
21  defenses in this action.  Mattel further objects to this Request on the grounds that it

22  _____

23  [690]  See Order Denying Mattel's Motion for Protective Order Limiting the
24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.
25  [691]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   (S.D. Cal. May 14, 2009).
28

1 | calls for the disclosure of information subject to the attorney-client privilege, the
2 | attorney work-product doctrine and other applicable privileges.  Mattel further
3 | objects on the ground that this Request seeks to circumvent the Discovery Master's
4 | Orders of April 19, 2007, and May 22, 2007.

5 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
6 | **TO SHOULD BE COMPELLED**

7 | Mattel has not agreed to produce documents in response to this request,
8 | subject to its improper boilerplate objections.  Mattel has refused to confirm whether
9 | or not it has produced all non-privileged responsive documents or whether it is
10 | withholding documents based on its objections in Phase 2.  Under the Federal Rules
11 | of Civil Procedure, "an objection to part of a request must specify the part and
12 | permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
13 | fail to explain the basis for an objection with specificity are routinely rejected in the
14 | Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
15 | (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
16 | harassing' are improper – especially when a party fails to submit any evidentiary
17 | declarations supporting such objections").  Accordingly, Mattel must be compelled
18 | either to certify that it has produced all non-privileged responsive documents or to
19 | produce all such documents by a date certain.

20 | To the extent that Mattel is relying on its blanket objections, they are
21 | not sustainable and do not justify Mattel's failure to produce documents.

22 | As to overbreadth, Mattel provides no explanation, let alone the
23 | required particularity, as to *why* this request is supposedly overly broad, nor can it
24 | do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
25 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26

27 | [692]  See Webster Decl., ¶¶ 6-20.

28

00505.07975/3161688.1

-325-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN)

1  contrary, the request is narrowly tailored to seek documents that refer to whether

2  Mattel's POLLY POCKET product line copies, replicates or imitates MGA's

3  BRATZ line.

4        As to burden, Mattel has not attempted to demonstrate why responding

5  to this request and/or producing responsive documents presents any burden. This

6  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

7  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8  request is unduly burdensome must allege specific facts which indicate the nature

9  and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

12  has engaged in a broad variety of unfair trade practices including serial copying of

13  MGA products.

14        This request does not seek documents protected by the attorney-client

15  privilege, the attorney work product doctrine, or other applicable privileges. To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17        Mattel cites to the May 22, 2007 order, but that order is inapposite to

18  this request, which is much narrower than those considered irrelevant and/or

19  improper by the court. Specifically, the request is narrowly tailored to documents

20  regarding a particular product line, namely POLLY POCKET. Mattel also cites to

21  the April 19, 2007 order, but that order is also inapposite to this request, which is

22  much narrower than those considered irrelevant and/or improper by the court.

23  Specifically, the request is narrowly tailored to documents related to whether the

24  appearance of POLLY POCKET copies, replicates or imitates that of BRATZ's.

25        As to relevancy, Mattel has not attempted to demonstrate why the

26  responsive documents are irrelevant to the current action. On the contrary, MGA

27  has alleged that Mattel is engaged in copying of MGA products, packaging, themes

28  and advertising. POLLY POCKET is an example of one such product line. A

00505.07975/3161688.1

-326-

1 | request for documents that refer to whether Mattel's POLLY POCKET product line
2 | copies, replicates or imitates MGA's BRATZ line is therefore relevant to this action
3 | and MGA's claim.

4 |         Mattel objects that the request contains confidential, proprietary, and
5 | trade secret information.  A Protective Order exists in this case, obviating any
6 | concern as to protection of privacy rights and/or commercially sensitive
7 | information.

8 |         None of Mattel's improper objections are valid and Mattel is obligated
9 | to produce all non-privileged responsive documents in its possession, custody, or
10 | control.

11 | **MATTEL'S RESPONSE:**

12 |         Mattel's relevancy objection should be sustained, as the previous
13 | Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket
14 | requests.[693]  MGA argues that "Mattel has not attempted to demonstrate why
15 | responding to this request and/or producing responsive documents is irrelevant to
16 | the present action."  However, MGA bears the burden of showing that its discovery
17 | meets the relevance requirements of Rule 26(b)(1).[694]  MGA makes the conclusory
18 | assertion that this Request is relevant to its allegations that "Mattel is engaged in
19 | copying of MGA products, packaging, themes and advertising."  However, as the
20 | prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's
21 | or Bryant's complaint or any of the other pleadings filed in this consolidated
22 | action."[695]  In denying MGA discovery into information related to Polly Pocket

23 | ——————————————

24 |    [693]  See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.
25 |    [694]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
26 | burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
27 | (S.D. Cal. 2009).
   [695]  See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.

28 |

1   (with the exception of a documetns relating to a single Polly Pockoet television

2   commercial identified in MGA's interrogatory responses), the Discovery Master

3   held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to

4   use broad discovery requests, untethered to a claim or defense, to fish for new

5   claims." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

6   courts need not condone the use of discovery to engage in 'fishing expeditions.'").

7   "A trial court has a duty, of special significance in lengthy and complex cases where

8   the possibility of abuse is always present, to supervise and limit discovery to protect

9   parties and witnesses from annoyance and excessive expense." Dolgow v.

10  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

11  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

12  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

13  (same).

14          Further, this Request is "clearly overbroad" according to the prior

15  Discovery Master's May 22, 2007 Order.[696]  In that Order, the Discovery Master

16  held that requests were "clearly overbroad" where they "requir[ed] production of

17  documents that merely mention MGA, Larian, Bratz, or other MGA products,

18  regardless of whether or not they have anything to do with the claims and defenses

19  in the case" and "MGA has not made any attempt to link these requests to any of the

20  numerous and far-ranging allegations of unfair competition set forth in its

21  complaint."[697]  This Request is improperly overbroad for the same reasons and must

22  be denied.

23          The Request is also overbroad as to time, seeking communications in a

24  time period that predates any Phase 2 issues related to MGA's allegations unfair

25  trade practices.  The Request is also overbroad to the extent it seeks discovery into

26

27      [696]   See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

28

00505.07975/3161688.1

-328-

1  events and products that post-date MGA's complaint, filed on April 15, 2005, based

2  on MGA's own argument that was accepted by the Discovery Master in denying

3  discovery Mattel was seeking regarding transactions occurring after the filing of

4  Mattel's complaint.[698]  MGA offers no reason, nor could it consistent with judicial

5  estoppel, why documents post-dating the filing of claims which do not allege

6  continuing wrongdoing are relevant to those claims.

7           Further, as the prior Discovery Master has recognized, this Request is

8  unduly burdensome.[699]  Rule 26(b)(2)(c) provides that a Court should limit the

9  extent of discovery if it determines that the burden of the proposed discovery

10  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

11  duplicative, or is obtainable from some other source that is more convenient, less

12  burdensome, or less expensive; or the party seeking discovery has had ample

13  opportunity by discovery in the action to obtain the information sought. See Fed. R.

14  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

15  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

16  the following reasons:

17  _____

18     [697]  Id. at 17.
       [698]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
19  Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
20  where MGA argued that its transactions with the entities that financed acquisition of
    the Wachovia debt were not relevant to Phase 2 because, inter alia, ███████████
21  ███████████████████████████████████  In finding that "there has been
22  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
    calculated to lead to the discovery of admissible evidence regarding the RICO
23  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
24  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
25  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
    into existence – and therefore apparently did not encompass the activities or the
26  transactions which are the subject of the Financing Discovery." Discovery Matter
27  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
       [699]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.

28



700 Pantel Decl. ¶ 9, Dart Decl., Exh. 31.
701 Id. ¶ 10.
702 Id.
703 See Pantel Decl. ¶ 7, Dart Decl., Exh. 31.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24 [704] <u>Id.</u>

25 [705] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

26 [706] Moore Decl. ¶ 5, Dart Decl., Exh. 32.

27 [707] <u>Id.</u>

[708] <u>Id.</u>

28 [709] Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

00505.07975/3161688.1

-331-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN)



10    There is no basis for overruling Mattel's privilege objection.  MGA's

11  bald assertion that "[t]his request does not seek information protected by the

12  attorney-client privilege, the attorney work product doctrine, or other applicable

13  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

14  agreed that "all privileged documents would be logged except for documents created

15  after this action was filed on April 27, 2004."[712]  Thus, to the extent  privileged

16  documents fall within the post lawsuit time period, they need not be included on

17  Mattel's log.  Although it bears the burden of showing why this agreement should

18  not be applied to a given Request, MGA fails to do so.

19    Finally, MGA failed to meet and confer at all, much less in good faith,

20  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

21  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

22  the moving party shall first identify each dispute, state the relief sought and identify

23  the authority supporting the requested relief in a meet and confer letter that shall be

---

[710]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
[711]  Id.

1 | served on all parties by facsimile or electronic mail. The parties shall have five court
2 | days from the date of service of that letter to conduct an in-person conference to
3 | attempt to resolve the dispute."). In order to engage in a meaningful meet and
4 | confer, MGA had the burden to show the relevance of any requests it sought to
5 | move on.[713] At no point during the meet and confer process did MGA show why
6 | this Request could be considered relevant to Phase 2 issues.[714] Because MGA
7 | refused to even attempt to make this showing, there was no possibility of a good
8 | faith meet and confer to resolve the parties' disputes. The Discovery Master should
9 | deny MGA's motion with respect to this Request on that grounds alone.

10 | **REQUEST FOR PRODUCTION NO. 625**

11 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR
12 | RELATING TO whether POLLY POCKET infringes or potentially infringes the
13 | copyrights, trademarks, or trade dress of BRATZ.

14 | **RESPONSE TO REQUEST NO. 625:**

15 | In addition to the general objections stated above which are
16 | incorporated herein by reference, Mattel objects to this Request on the grounds that
17 | it is overbroad and unduly burdensome, including in that it seeks all documents on
18 | this subject without limitation as to time, and regardless of whether such documents
19 | relate to products or matters at issue in this case. Mattel further objects to the
20 | Request on the grounds that it seeks documents that are not relevant to this action or
21 | likely to lead to the discovery of admissible evidence. Mattel further objects to this

---

23 | [712]  See Order Denying Mattel's Motion for Protective Order Limiting the
24 | Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.
25 | [713]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 | Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
27 | burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    | (S.D. Cal. May 14, 2009).

28 |

1  Request on the grounds that it seeks confidential, proprietary and trade secret

2  information, including such information that has no bearing on the claims or

3  defenses in this action.  Mattel further objects to this Request on the grounds that it

4  calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.  Mattel further

6  objects on the ground that this Request seeks to circumvent the Discovery Master's

7  Orders of April 19, 2007, and May 22, 2007.

8  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

9  **TO SHOULD BE COMPELLED**

10      Mattel has not agreed to produce documents in response to this request,

11  subject to its improper boilerplate objections.  Mattel has refused to confirm whether

12  or not it has produced all non-privileged responsive documents or whether it is

13  withholding documents based on its objections in Phase 2.  Under the Federal Rules

14  of Civil Procedure, "an objection to part of a request must specify the part and

15  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

16  fail to explain the basis for an objection with specificity are routinely rejected in the

17  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

18  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

19  harassing' are improper – especially when a party fails to submit any evidentiary

20  declarations supporting such objections").  Accordingly, Mattel must be compelled

21  either to certify that it has produced all non-privileged responsive documents or to

22  produce all such documents by a date certain.

23      To the extent that Mattel is relying on its blanket objections, they are

24  not sustainable and do not justify Mattel's failure to produce documents.

25

26

27  [714] See Webster Decl., ¶¶ 6-20.

28

1    As to overbreadth, Mattel provides no explanation, let alone the

2 required particularity, as to *why* this request is supposedly overly broad, nor can it

3 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

4 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

5 contrary, the request is narrowly tailored to seek documents that refer to whether

6 Mattel's POLLY POCKET product line infringes or potentially infringes the

7 copyrights, trademarks, or trade dress of MGA's BRATZ line.

8    As to burden, Mattel has not attempted to demonstrate why responding

9 to this request and/or producing responsive documents presents any burden. This

10 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

11 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12 request is unduly burdensome must allege specific facts which indicate the nature

13 and extent of the burden, usually by affidavit or other reliable evidence.")

14 Moreover, it is not unduly burdensome, as noted above, in that the request is

15 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

16 has engaged in a broad variety of unfair trade practices including serial copying of

17 MGA products.

18    This request does not seek documents protected by the attorney-client

19 privilege, the attorney work product doctrine, or other applicable privileges. To the

20 extent that Mattel contends that it does, Mattel must provide a privilege log.

21    Mattel cites to the May 22, 2007 order, but that order is inapposite to

22 this request, which is much narrower than those considered irrelevant and/or

23 improper by the court. Specifically, the request is narrowly tailored to documents

24 regarding a particular product line, namely POLLY POCKET. Mattel also cites to

25 the April 19, 2007 order, but that order is also inapposite to this request, which is

26 much narrower than those considered irrelevant and/or improper by the court.

27 Specifically, the request is narrowly tailored to documents related to whether

28

00505.07975/3161688.1

-335-

1  POLLY POCKET infringes or potentially infringes the copyrights, trademarks, or

2  trade dress of BRATZ.

3          As to relevancy, Mattel has not attempted to demonstrate why the

4  responsive documents are irrelevant to the current action.  On the contrary, MGA

5  has alleged that Mattel is engaged in copying of MGA products, packaging, themes

6  and advertising.  POLLY POCKET is an example of one such product line.  A

7  request for documents that refer to whether Mattel's POLLY POCKET product line

8  infringes or potentially infringes the copyrights, trademarks, or trade dress of

9  MGA's BRATZ line is therefore relevant to this action and MGA's claim.

10         Mattel objects that the request contains confidential, proprietary, and

11  trade secret information.  A Protective Order exists in this case, obviating any

12  concern as to protection of privacy rights and/or commercially sensitive

13  information.

14         None of Mattel's improper objections are valid and Mattel is obligated

15  to produce all non-privileged responsive documents in its possession, custody, or

16  control.

17  **MATTEL'S RESPONSE:**

18         Mattel's relevancy objection should be sustained, as the previous

19  Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

20  requests.[715]  MGA argues that "Mattel has not attempted to demonstrate why

21  responding to this request and/or producing responsive documents is irrelevant to

22  the present action."  However, MGA bears the burden of showing that its discovery

23  meets the relevance requirements of Rule 26(b)(1).[716]  MGA makes the conclusory

24

25

---

26  [715]  See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.

27  [716]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
     Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

28         (footnote continued)

00505.07975/3161688.1

1    assertion that this Request is relevant to its allegations that "Mattel is engaged in

2    copying of MGA products, packaging, themes and advertising." However, as the

3    prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's

4    or Bryant's complaint or any of the other pleadings filed in this consolidated

5    action."[717]   In denying MGA discovery into information related to Polly Pocket

6    (with the exception of a documetns relating to a single Polly Pockoet television

7    commercial identified in MGA's interrogatory responses), the Discovery Master

8    held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to

9    use broad discovery requests, untethered to a claim or defense, to fish for new

10    claims." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

11    courts need not condone the use of discovery to engage in 'fishing expeditions.'").

12    "A trial court has a duty, of special significance in lengthy and complex cases where

13    the possibility of abuse is always present, to supervise and limit discovery to protect

14    parties and witnesses from annoyance and excessive expense." Dolgow v.

15    Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

16    American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

17    Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

18    (same).

19           Further, this Request is "clearly overbroad" according to the prior

20    Discovery Master's May 22, 2007 Order.[718]   In that Order, the Discovery Master

21    held that requests were "clearly overbroad" where they "requir[ed] production of

22    documents that merely mention MGA, Larian, Bratz, or other MGA products,

23    regardless of whether or not they have anything to do with the claims and defenses

24

25    burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

26    (S.D. Cal. 2009).

27    [717]   See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.

        [718]   See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

28

1   in the case" and "MGA has not made any attempt to link these requests to any of the

2   numerous and far-ranging allegations of unfair competition set forth in its

3   complaint."[719] This Request is improperly overbroad for the same reasons and must

4   be denied.

5         The Request is also overbroad as to time, seeking communications in a

6   time period that predates any Phase 2 issues related to MGA's allegations unfair

7   trade practices. The Request is also overbroad to the extent it seeks discovery into

8   events and products that post-date MGA's complaint, filed on April 15, 2005, based

9   on MGA's own argument that was accepted by the Discovery Master in denying

10   discovery Mattel was seeking regarding transactions occurring after the filing of

11   Mattel's complaint.[720] MGA offers no reason, nor could it consistent with judicial

12   estoppel, why documents post-dating the filing of claims which do not allege

13   continuing wrongdoing are relevant to those claims.

14         Further, as the prior Discovery Master has recognized, this Request is

15   unduly burdensome.[721] Rule 26(b)(2)(c) provides that a Court should limit the

16   extent of discovery if it determines that the burden of the proposed discovery

---

18   [719]  Id. at 17.

19   [720]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13, 2009, at 7, Dart Decl., Exh. 6,

20   where MGA argued that its transactions with the entities that financed acquisition of the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ▮▮▮▮▮▮▮▮

21   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In finding that "there has been

22   no showing by Mattel that the Subpoenas to the Financing Entities are reasonably calculated to lead to the discovery of admissible evidence regarding the RICO

23   counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

24   other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

25   into existence – and therefore apparently did not encompass the activities or the

26   transactions which are the subject of the Financing Discovery." Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

27   [721]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.

28

1   outweighs its likely benefit; the discovery sought is unreasonably cumulative or

2   duplicative, or is obtainable from some other source that is more convenient, less

3   burdensome, or less expensive; or the party seeking discovery has had ample

4   opportunity by discovery in the action to obtain the information sought.  See Fed. R.

5   Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

6   to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

7   the following reasons:

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   [722]  Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

27   [723]  Id. ¶ 10.
      [724]  Id.

28



725 <u>See</u> Pantel Decl. ¶ 7, Dart Decl., Exh. 31.
726 <u>Id.</u>
727 Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
728 Moore Decl. ¶ 5, Dart Decl., Exh. 32.
729 <u>Id.</u>



17    There is no basis for overruling Mattel's privilege objection.  MGA's

18 bald assertion that "[t]his request does not seek information protected by the

19 attorney-client privilege, the attorney work product doctrine, or other applicable

20 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

21 agreed that "all privileged documents would be logged except for documents created

---

730    Id.
731    Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
732    Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
733    Id.

1   after this action was filed on April 27, 2004."[734]  Thus, to the extent  privileged

2   documents fall within the post lawsuit time period, they need not be included on

3   Mattel's log.  Although it bears the burden of showing why this agreement should

4   not be applied to a given Request, MGA fails to do so.

5           Finally, MGA failed to meet and confer at all, much less in good faith,

6   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8   the moving party shall first identify each dispute, state the relief sought and identify

9   the authority supporting the requested relief in a meet and confer letter that shall be

10  served on all parties by facsimile or electronic mail. The parties shall have five court

11  days from the date of service of that letter to conduct an in-person conference to

12  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

13  confer, MGA had the burden to show the relevance of any requests it sought to

14  move on.[735]   At no point during the meet and confer process did MGA show why

15  this Request could be considered relevant to Phase 2 issues.[736]  Because MGA

16  refused to even attempt to make this showing, there was no possibility of a good

17  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

18  deny MGA's motion with respect to this Request on that grounds alone.

19

20

21

22

---

[734]   See Order Denying Mattel's Motion for Protective Order Limiting the
Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
3.

[735]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
(S.D. Cal. May 14, 2009).

[736]   See Webster Decl., ¶¶ 6-20.

1 | **REQUEST FOR PRODUCTION NO. 626**

2 |          All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

3 | RELATING TO whether any CONTESTED MATTEL PRODUCT infringes or

4 | potentially infringes the copyrights, trademarks, or trade dress of BRATZ.

5 | **RESPONSE TO REQUEST NO. 626:**

6 |          In addition to the general objections stated above which are

7 | incorporated herein by reference, Mattel objects to this Request on the grounds that

8 | it is overbroad and unduly burdensome, including in that it seeks all documents on

9 | this subject without limitation as to time, and regardless of whether such documents

10 | relate to products or matters at issue in this case. Mattel further objects to the

11 | Request on the grounds that it seeks documents that are not relevant to this action or

12 | likely to lead to the discovery of admissible evidence. Mattel further objects to this

13 | Request on the grounds that it seeks confidential, proprietary and trade secret

14 | information, including such information that has no bearing on the claims or

15 | defenses in this action. Mattel further objects to this Request on the grounds that it

16 | calls for the disclosure of information subject to the attorney-client privilege, the

17 | attorney work-product doctrine and other applicable privileges.

18 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

19 | **TO SHOULD BE COMPELLED**

20 |         Mattel has not agreed to produce documents in response to this request,

21 | subject to its improper boilerplate objections. Mattel has refused to confirm whether

22 | or not it has produced all non-privileged responsive documents or whether it is

23 | withholding documents based on its objections in Phase 2. Under the Federal Rules

24 | of Civil Procedure, "an objection to part of a request must specify the part and

25 | permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

26 | fail to explain the basis for an objection with specificity are routinely rejected in the

27 | Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

28 | (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

1  harassing' are improper – especially when a party fails to submit any evidentiary

2  declarations supporting such objections").  Accordingly, Mattel must be compelled

3  either to certify that it has produced all non-privileged responsive documents or to

4  produce all such documents by a date certain.

5        To the extent that Mattel is relying on its blanket objections, they are

6  not sustainable and do not justify Mattel's failure to produce documents.

7        As to overbreadth, Mattel provides no explanation, let alone the

8  required particularity, as to **why** this request is supposedly overly broad, nor can it

9  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

10  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek documents that refer to whether

12  any CONTESTED MATTEL PRODUCT infringes or potentially infringes the

13  copyrights, trademarks, or trade dress of MGA's BRATZ line.

14        As to burden, Mattel has not attempted to demonstrate why responding

15  to this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

17  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22  has engaged in a broad variety of unfair trade practices including serial copying of

23  MGA products.

24        This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27        As to relevancy, Mattel has not attempted to demonstrate why the

28  responsive documents are irrelevant to the current action.  On the contrary, MGA

1  has alleged that Mattel is engaged in copying of MGA products, packaging, themes
2  and advertising.  CONTESTED MATTEL PRODUCTS refer to all Mattel products
3  at issue in this action.  A request for documents that refer to whether CONTESTED
4  MATTEL PRODUCT infringes or potentially infringes the copyrights, trademarks,
5  or trade dress of MGA's BRATZ line is therefore relevant to this action and MGA's
6  claim.

7       Mattel objects that the request contains confidential, proprietary, and
8  trade secret information.  A Protective Order exists in this case, obviating any
9  concern as to protection of privacy rights and/or commercially sensitive
10  information.

11       None of Mattel's improper objections are valid and Mattel is obligated
12  to produce all non-privileged responsive documents in its possession
13  **MATTEL'S RESPONSE:**

14       This Request is overbroad.  <u>All</u> documents and communications
15  <u>referring</u> or <u>relating to</u> whether any CONTESTED MATTEL PRODUCT infringes
16  or potentially infringes the copyrights, trademarks, or trade dress of BRATZ is not
17  narrowly tailored to Phase 2 issues.  The Request seeks a vast number of documents
18  that are not relevant to any claim or defense in this litigation.  The Request is also
19  overbroad because it has no limitation as to time.  It therefore seeks documents for a
20  time period that predates any Phase 2 issues related to MGA's allegations of unfair
21  trade practices.

22       Mattel's relevancy objection should also be sustained.  MGA bears the
23  burden of showing that its discovery meets the relevance requirements of <u>Rule</u>
24  <u>26(b)(1)</u>.[737]  MGA makes the conclusory assertion that this Request is relevant to its

25
26

---

[737]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
(footnote continued)

1   allegations that "Mattel has engaged in copying of MGA products, packaging,

2   themes and advertising," but fails to explain how <u>all</u> documents and

3   communications relating to, for example, copyrights and trademarks, are relevant to

4   these claims.  "A trial court has a duty, of special significance in lengthy and

5   complex cases where the possibility of abuse is always present, to supervise and

6   limit discovery to protect parties and witnesses from annoyance and excessive

7   expense."  <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u>

8   <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36

9   (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL

10  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

11  party may not propound document requests as part of a fishing expedition or to

12  discover new claims.[738]  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir.

13  2004) ("District courts need not condone the use of discovery to engage in 'fishing

14  expeditions.'").

15          Further this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides

16  that a Court should limit the extent of discovery if it determines that the burden of

17  the proposed discovery outweighs its likely benefit; the discovery sought is

18  unreasonably cumulative or duplicative, or is obtainable from some other source that

19  is more convenient, less burdensome, or less expensive; or the party seeking

20  discovery has had ample opportunity by discovery in the action to obtain the

21  information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and

22  producing the documents responsive to this overbroad Request would greatly

23  outweigh any marginal benefit to MGA, for the following reasons:

24

25

26

27  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1
    (S.D. Cal. 2009).

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    [738]  See Order Granting In Part and Denying In Part Mattel's Motion for

24    Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

25    1.
      [739]  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

26    [740]  Moore Decl. ¶ 5, Dart Decl., Exh. 32.

27    [741]  Id.
      [742]  Id.

28



There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[746]  Thus, to the extent  privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.  Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

---

[743]  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
[744]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
[745]  Id.
[746]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2    regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4    the moving party shall first identify each dispute, state the relief sought and identify

5    the authority supporting the requested relief in a meet and confer letter that shall be

6    served on all parties by facsimile or electronic mail. The parties shall have five court

7    days from the date of service of that letter to conduct an in-person conference to

8    attempt to resolve the dispute.").   In order to engage in a meaningful meet and

9    confer, MGA had the burden to show the relevance of any requests it sought to

10   move on.[747]   At no point during the meet and confer process did MGA show why

11   this Request could be considered relevant to Phase 2 issues.[748]  Because MGA

12   refused to even attempt to make this showing, there was no possibility of a good

13   faith meet and confer to resolve the parties' disputes.  The Discovery Master should

14   deny MGA's motion with respect to this Request on that grounds alone.

15   **REQUEST FOR PRODUCTION NO. 627**

16       All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

17   RELATING TO actual or potential consumer confusion between any POLLY

18   POCKET product and any BRATZ product.

19   **RESPONSE TO REQUEST NO. 627:**

20       In addition to the general objections stated above which are

21   incorporated herein by reference, Mattel objects to this Request on the grounds that

22   it is overbroad and unduly burdensome, including in that it seeks all documents on

23   this subject without limitation as to time, and regardless of whether such documents

24

25   ───────────────

26   [747]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
     Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
27   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
     (S.D. Cal. May 14, 2009).

28

1  relate to products or matters at issue in this case.  Mattel further objects to the

2  Request on the grounds that it seeks documents that are not relevant to this action or

3  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

4  Request on the grounds that it seeks confidential, proprietary and trade secret

5  information, including such information that has no bearing on the claims or

6  defenses in this action.  Mattel further objects to this Request on the grounds that it

7  calls for the disclosure of information subject to the attorney-client privilege, the

8  attorney work-product doctrine and other applicable privileges.  Mattel further

9  objects on the ground that this Request seeks to circumvent the Discovery Master's

10  Orders of April 19, 2007, and May 22, 2007.

11  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

12  **TO SHOULD BE COMPELLED**

13          Mattel has not agreed to produce documents in response to this request,

14  subject to its improper boilerplate objections.  Mattel has refused to confirm whether

15  or not it has produced all non-privileged responsive documents or whether it is

16  withholding documents based on its objections in Phase 2.  Under the Federal Rules

17  of Civil Procedure, "an objection to part of a request must specify the part and

18  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

19  fail to explain the basis for an objection with specificity are routinely rejected in the

20  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

21  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

22  harassing' are improper – especially when a party fails to submit any evidentiary

23  declarations supporting such objections").  Accordingly, Mattel must be compelled

24  either to certify that it has produced all non-privileged responsive documents or to

25  produce all such documents by a date certain.

26

27  [748] See Webster Decl., ¶¶ 6-20.

28

00505.07975/3161688.1

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN)

1    To the extent that Mattel is relying on its blanket objections, they are

2  not sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the

4  required particularity, as to *why* this request is supposedly overly broad, nor can it

5  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

6  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7  contrary, the request is narrowly tailored to seek documents that refer to actual or

8  potential consumer confusion between any product in Mattel's POLLY POCKET

9  line and any product in MGA's BRATZ line.

10    As to burden, Mattel has not attempted to demonstrate why responding

11  to this request and/or producing responsive documents presents any burden.  This

12  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

13  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14  request is unduly burdensome must allege specific facts which indicate the nature

15  and extent of the burden, usually by affidavit or other reliable evidence.")

16  Moreover, it is not unduly burdensome, as noted above, in that the request is

17  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

18  has engaged in a broad variety of unfair trade practices including serial copying of

19  MGA products.

20    This request does not seek documents protected by the attorney-client

21  privilege, the attorney work product doctrine, or other applicable privileges.  To the

22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23    Mattel cites to the May 22, 2007 order, but that order is inapposite to

24  this request, which is much narrower than those considered irrelevant and/or

25  improper by the court.  Specifically, the request is narrowly tailored to documents

26  regarding a particular product line, namely POLLY POCKET.  Mattel also cites to

27  the April 19, 2007 order, but that order is also inapposite to this request, which is

28  much narrower than those considered irrelevant and/or improper by the court.

1   Specifically, the request is narrowly tailored to documents related to actual or

2   potential consumer confusion between any POLLY POCKET product and any

3   BRATZ product.

4         As to relevancy, Mattel has not attempted to demonstrate why the

5   responsive documents are irrelevant to the current action.  On the contrary, MGA

6   has alleged that Mattel is engaged in copying of MGA products, packaging, themes

7   and advertising.  POLLY POCKET is an example of one such product line.  A

8   request for documents that refer to actual or potential consumer confusion between

9   any product in Mattel's POLLY POCKET line and any product in MGA's BRATZ

10  line is therefore relevant to this action and MGA's claim.

11        Mattel objects that the request contains confidential, proprietary, and

12  trade secret information.  A Protective Order exists in this case, obviating any

13  concern as to protection of privacy rights and/or commercially sensitive

14  information.

15        None of Mattel's improper objections are valid and Mattel is obligated

16  to produce all non-privileged responsive documents in its possession, custody, or

17  control.

18  **MATTEL'S RESPONSE:**

19        Mattel's relevancy objection should be sustained, as the previous

20  Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

21  requests.[749]  MGA argues that "Mattel has not attempted to demonstrate why

22  responding to this request and/or producing responsive documents is irrelevant to

23  the present action."  However, MGA bears the burden of showing that its discovery

24  meets the relevance requirements of Rule 26(b)(1).[750]  MGA makes the conclusory

25  _____

26  [749]  See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.

27  [750]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
    Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

28  (footnote continued)

1   assertion that this Request is relevant to its allegations that "Mattel is engaged in

2   copying of MGA products, packaging, themes and advertising." However, as the

3   prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's

4   or Bryant's complaint or any of the other pleadings filed in this consolidated

5   action."[751]   In denying MGA discovery into information related to Polly Pocket

6   (with the exception of a documetns relating to a single Polly Pockoet television

7   commercial identified in MGA's interrogatory responses), the Discovery Master

8   held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to

9   use broad discovery requests, untethered to a claim or defense, to fish for new

10   claims." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

11   courts need not condone the use of discovery to engage in 'fishing expeditions.'").

12   "A trial court has a duty, of special significance in lengthy and complex cases where

13   the possibility of abuse is always present, to supervise and limit discovery to protect

14   parties and witnesses from annoyance and excessive expense." Dolgow v.

15   Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

16   American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

17   Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

18   (same).

19            Further, this Request is "clearly overbroad" according to the prior

20   Discovery Master's May 22, 2007 Order.[752]  In that Order, the Discovery Master

21   held that requests were "clearly overbroad" where they "requir[ed] production of

22   documents that merely mention MGA, Larian, Bratz, or other MGA products,

23   regardless of whether or not they have anything to do with the claims and defenses

24   _____

25   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

26   (S.D. Cal. 2009).

27   [751]   See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.
     [752]   See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

28

1   in the case" and "MGA has not made any attempt to link these requests to any of the

2   numerous and far-ranging allegations of unfair competition set forth in its

3   complaint."[753]  This Request is improperly overbroad for the same reasons and must

4   be denied.

5         The Request is also overbroad as to time, seeking communications in a

6   time period that predates any Phase 2 issues related to MGA's allegations unfair

7   trade practices.  The Request is also overbroad to the extent it seeks discovery into

8   events and products that post-date MGA's complaint, filed on April 15, 2005, based

9   on MGA's own argument that was accepted by the Discovery Master in denying

10   discovery Mattel was seeking regarding transactions occurring after the filing of

11   Mattel's complaint.[754]  MGA offers no reason, nor could it consistent with judicial

12   estoppel, why documents post-dating the filing of claims which do not allege

13   continuing wrongdoing are relevant to those claims.

14         Further, as the prior Discovery Master has recognized, this Request is

15   unduly burdensome.[755]  Rule 26(b)(2)(c) provides that a Court should limit the

16   extent of discovery if it determines that the burden of the proposed discovery

---

[753] Id. at 17.

[754] See MGA Parties' Reply In Support of Their Motion to Quash Receiver
Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
where MGA argued that its transactions with the entities that financed acquisition of
the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ████████
████████████████████████████.  In finding that "there has been
no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
calculated to lead to the discovery of admissible evidence regarding the RICO
counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
into existence – and therefore apparently did not encompass the activities or the
transactions which are the subject of the Financing Discovery."  Discovery Matter
Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

[755] See Discovery Master Order dated May 22, 2007, at 17, Dart Decl., Exh. 5.

1  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

2  duplicative, or is obtainable from some other source that is more convenient, less

3  burdensome, or less expensive; or the party seeking discovery has had ample

4  opportunity by discovery in the action to obtain the information sought.  See Fed. R.

5  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

6  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

7  the following reasons:

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  [756] Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

27  [757] Id. ¶ 10.

    [758] Id.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



[759] <u>See</u> Pantel Decl. ¶ 7, Dart Decl., Exh. 31.
[760] <u>Id.</u>
[761] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
[762] Moore Decl. ¶ 5, Dart Decl., Exh. 32.
[763] <u>Id.</u>

00505.07975/3161688.1

-356-



17    There is no basis for overruling Mattel's privilege objection.  MGA's

18  bald assertion that "[t]his request does not seek information protected by the

19  attorney-client privilege, the attorney work product doctrine, or other applicable

20  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

21  agreed that "all privileged documents would be logged except for documents created

22

23

24

25    764    Id.
26    765    Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
27    766    Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
28    767    Id.

1  after this action was filed on April 27, 2004."[768]  Thus, to the extent  privileged

2  documents fall within the post lawsuit time period, they need not be included on

3  Mattel's log.  Although it bears the burden of showing why this agreement should

4  not be applied to a given Request, MGA fails to do so.

5          Finally, MGA failed to meet and confer at all, much less in good faith,

6  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8  the moving party shall first identify each dispute, state the relief sought and identify

9  the authority supporting the requested relief in a meet and confer letter that shall be

10  served on all parties by facsimile or electronic mail. The parties shall have five court

11  days from the date of service of that letter to conduct an in-person conference to

12  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

13  confer, MGA had the burden to show the relevance of any requests it sought to

14  move on.[769]   At no point during the meet and confer process did MGA show why

15  this Request could be considered relevant to Phase 2 issues.[770]  Because MGA

16  refused to even attempt to make this showing, there was no possibility of a good

17  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

18  deny MGA's motion with respect to this Request on that grounds alone.

19  **REQUEST FOR PRODUCTION NO. 628**

20          All MATTEL product catalogs, sell sheets and production information

21  sheets that include POLLY POCKET, from 2001 to the present.

22

---

23    [768]  See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.  [769]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

    (S.D. Cal. May 14, 2009).

28

**RESPONSE TO REQUEST NO. 628:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

---

[770]   See Webster Decl., ¶¶ 6-20.

1   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

2   harassing' are improper – especially when a party fails to submit any evidentiary

3   declarations supporting such objections").  Accordingly, Mattel must be compelled

4   either to certify that it has produced all non-privileged responsive documents or to

5   produce all such documents by a date certain.

6         To the extent that Mattel is relying on its blanket objections, they are

7   not sustainable and do not justify Mattel's failure to produce documents.

8         As to overbreadth, Mattel provides no explanation, let alone the

9   required particularity, as to *why* this request is supposedly overly broad, nor can it

10  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

11  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12  contrary, the request is narrowly tailored to seek from 2001 to present all product

13  catalogs, sell sheets and production information sheets that include Mattel's POLLY

14  POCKET line.

15        As to burden, Mattel has not attempted to demonstrate why responding

16  to this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

18  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.")

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23  has engaged in a broad variety of unfair trade practices including serial copying of

24  MGA products.

25        This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

00505.07975/3161688.1

-360-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN)

1   Mattel cites to the May 22, 2007 order, but that order is inapposite to
2   this request, which is much narrower than those considered irrelevant and/or
3   improper by the court.  Specifically, the request is narrowly tailored to documents
4   regarding a particular product line, namely POLLY POCKET.  Mattel also cites to
5   the April 19, 2007 order, but that order is also inapposite to this request, which is
6   much narrower than those considered irrelevant and/or improper by the court.
7   Specifically, the request is narrowly tailored to all Matter product catalogs, sell
8   sheets and product information sheets that include POLLY POCKET, from 2001 to
9   the present date.

10   As to relevancy, Mattel has not attempted to demonstrate why the
11   responsive documents are irrelevant to the current action.  On the contrary, MGA
12   has alleged that Mattel is engaged in copying of MGA products, packaging, themes
13   and advertising.  POLLY POCKET is an example of one such product line.  A
14   request for product catalogs, sell sheets and production information sheets from
15   2001 to present that include Mattel's POLLY POCKET line is therefore relevant to
16   this action and MGA's claim.

17   Mattel objects that the request contains confidential, proprietary, and
18   trade secret information.  A Protective Order exists in this case, obviating any
19   concern as to protection of privacy rights and/or commercially sensitive
20   information.

21   None of Mattel's improper objections are valid and Mattel is obligated
22   to produce all non-privileged responsive documents in its possession, custody, or
23   control.

24   **MATTEL'S RESPONSE:**

25   Mattel's relevancy objection should be sustained, as the previous
26   Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

requests.[771]  MGA argues that "Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents is irrelevant to the present action."  However, MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[772]  MGA makes the conclusory assertion that this Request is relevant to its allegations that "Mattel is engaged in copying of MGA products, packaging, themes and advertising."  However, as the prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's or Bryant's complaint or any of the other pleadings filed in this consolidated action."[773]  In denying MGA discovery into information related to Polly Pocket (with the exception of a documetns relating to a single Polly Pockoet television commercial identified in MGA's interrogatory responses), the Discovery Master held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to use broad discovery requests, untethered to a claim or defense, to fish for new claims." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"). "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).

---

[771]  See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.
[772]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
[773]  See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.

-362-

1    Further, this Request is "clearly overbroad" according to the prior

2  Discovery Master's May 22, 2007 Order.[774]  In that Order, the Discovery Master

3  held that requests were "clearly overbroad" where they "requir[ed] production of

4  documents that merely mention MGA, Larian, Bratz, or other MGA products,

5  regardless of whether or not they have anything to do with the claims and defenses

6  in the case" and "MGA has not made any attempt to link these requests to any of the

7  numerous and far-ranging allegations of unfair competition set forth in its

8  complaint."[775]  This Request is improperly overbroad for the same reasons and must

9  be denied.

10    The Request is also overbroad as to time, seeking documents in a time

11  period that predates any Phase 2 issues related to MGA's allegations unfair trade

12  practices.  The Request is also overbroad to the extent it seeks discovery into events

13  and products that post-date MGA's complaint, filed on April 15, 2005, based on

14  MGA's own argument that was accepted by the Discovery Master in denying

15  discovery Mattel was seeking regarding transactions occurring after the filing of

16  Mattel's complaint.[776]  MGA offers no reason, nor could it consistent with judicial

17

18  [774] See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
[775] Id. at 17.
19  [776] See MGA Parties' Reply In Support of Their Motion to Quash Receiver
20  Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
where MGA argued that its transactions with the entities that financed acquisition of
21  the Wachovia debt were not relevant to Phase 2 because, *inter alia,* ███████████
22  ████████████████████████████████████  In finding that "there has been
no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
23  calculated to lead to the discovery of admissible evidence regarding the RICO
counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
24  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
25  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
into existence – and therefore apparently did not encompass the activities or the
26  transactions which are the subject of the Financing Discovery."  Discovery Matter
27  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
28

1  estoppel, why documents post-dating the filing of claims which do not allege

2  continuing wrongdoing are relevant to those claims.

3         Further, as the prior Discovery Master has recognized, this Request is

4  unduly burdensome.[777] Rule 26(b)(2)(c) provides that a Court should limit the

5  extent of discovery if it determines that the burden of the proposed discovery

6  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

7  duplicative, or is obtainable from some other source that is more convenient, less

8  burdensome, or less expensive; or the party seeking discovery has had ample

9  opportunity by discovery in the action to obtain the information sought.  See Fed. R.

10  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

11  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

12  the following reasons:

13

14

15

16

17

18

19

20

21

22

23

24

25

26  [777] See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.

27  [778] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

28  [779] Moore Decl. ¶ 5, Dart Decl., Exh. 32.



780  Id.
781  Id.
782  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
783  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
784  Id.

00505.07975/3161688.1

1    There is no basis for overruling Mattel's privilege objection.  MGA's

2  bald assertion that "[t]his request does not seek information protected by the

3  attorney-client privilege, the attorney work product doctrine, or other applicable

4  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

5  agreed that "all privileged documents would be logged except for documents created

6  after this action was filed on April 27, 2004."[785]  Thus, to the extent  privileged

7  documents fall within the post lawsuit time period, they need not be included on

8  Mattel's log.  Although it bears the burden of showing why this agreement should

9  not be applied to a given Request, MGA fails to do so.

10    Finally, MGA failed to meet and confer at all, much less in good faith,

11  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

12  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

13  the moving party shall first identify each dispute, state the relief sought and identify

14  the authority supporting the requested relief in a meet and confer letter that shall be

15  served on all parties by facsimile or electronic mail. The parties shall have five court

16  days from the date of service of that letter to conduct an in-person conference to

17  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

18  confer, MGA had the burden to show the relevance of any requests it sought to

19  move on.[786]   At no point during the meet and confer process did MGA show why

20  this Request could be considered relevant to Phase 2 issues.[787]  Because MGA

21  refused to even attempt to make this showing, there was no possibility of a good

---

23    [785]  See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.

    [786]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

28  (S.D. Cal. May 14, 2009).

1 │ faith meet and confer to resolve the parties' disputes.  The Discovery Master should

2 │ deny MGA's motion with respect to this Request on that grounds alone.

3 │ **REQUEST FOR PRODUCTION NO. 629**

4 │         All internal studies, analyses, presentations or investigations

5 │ REFERRING OR RELATING TO the overall market shares and market position of

6 │ POLLY POCKET from 2001 to the present.

7 │ **RESPONSE TO REQUEST NO. 629:**

8 │         In addition to the general objections stated above which are

9 │ incorporated herein by reference, Mattel objects to this Request on the grounds that

10 │ it is overbroad and unduly burdensome, including in that it seeks all documents on

11 │ this subject without limitation as to time, and regardless of whether such documents

12 │ relate to products or matters at issue in this case.  Mattel further objects to the

13 │ Request on the grounds that it seeks documents that are not relevant to this action or

14 │ likely to lead to the discovery of admissible evidence.  Mattel further objects to this

15 │ Request on the grounds that it seeks confidential, proprietary and trade secret

16 │ information, including such information that has no bearing on the claims or

17 │ defenses in this action.  Mattel further objects to this Request on the grounds that it

18 │ calls for the disclosure of information subject to the attorney-client privilege, the

19 │ attorney work-product doctrine and other applicable privileges.  Mattel further

20 │ objects on the ground that this Request seeks to circumvent the Discovery Master's

21 │ Orders of April 19, 2007, and May 22, 2007.

22 │ **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

23 │ **TO SHOULD BE COMPELLED**

24 │         Mattel has not agreed to produce documents in response to this request,

25 │ subject to its improper boilerplate objections.  Mattel has refused to confirm whether

26 │

27 │ [787] See Webster Decl., ¶¶ 6-20.

28 │

1   or not it has produced all non-privileged responsive documents or whether it is

2   withholding documents based on its objections in Phase 2.  Under the Federal Rules

3   of Civil Procedure, "an objection to part of a request must specify the part and

4   permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

5   fail to explain the basis for an objection with specificity are routinely rejected in the

6   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

7   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

8   harassing' are improper – especially when a party fails to submit any evidentiary

9   declarations supporting such objections").  Accordingly, Mattel must be compelled

10   either to certify that it has produced all non-privileged responsive documents or to

11   produce all such documents by a date certain.

12          To the extent that Mattel is relying on its blanket objections, they are

13   not sustainable and do not justify Mattel's failure to produce documents.

14          As to overbreadth, Mattel provides no explanation, let alone the

15   required particularity, as to *why* this request is supposedly overly broad, nor can it

16   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

17   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

18   contrary, the request is narrowly tailored to seek from 2001 to present all internal

19   studies, analysis, presentations or investigations that refer to the overall market

20   shares and position of Mattel's POLLY POCKET line.

21          As to burden, Mattel has not attempted to demonstrate why responding

22   to this request and/or producing responsive documents presents any burden.  This

23   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

24   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

25   request is unduly burdensome must allege specific facts which indicate the nature

26   and extent of the burden, usually by affidavit or other reliable evidence.")

27   Moreover, it is not unduly burdensome, as noted above, in that the request is

28   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

00505.07975/3161688.1

1   has engaged in a broad variety of unfair trade practices including serial copying of

2   MGA products.

3          This request does not seek documents protected by the attorney-client

4   privilege, the attorney work product doctrine, or other applicable privileges. To the

5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6          Mattel cites to the May 22, 2007 order, but that order is inapposite to

7   this request, which is much narrower than those considered irrelevant and/or

8   improper by the court. Specifically, the request is narrowly tailored to documents

9   regarding a particular product line, namely POLLY POCKET. Mattel also cites to

10  the April 19, 2007 order, but that order is also inapposite to this request, which is

11  much narrower than those considered irrelevant and/or improper by the court.

12  Specifically, the request is narrowly tailored to all internal studies, analyses,

13  presentations or investigations referring to the overall market shares and position of

14  POLLY POCKET from 2001 to the present date.

15         As to relevancy, Mattel has not attempted to demonstrate why the

16  responsive documents are irrelevant to the current action. On the contrary, MGA

17  has alleged that Mattel is engaged in copying of MGA products, packaging, themes

18  and advertising. POLLY POCKET is an example of one such product line. A

19  request for all internal studies, analyses, presentations or investigations from 2001 to

20  present that refer to the overall market shares and market position of Mattel's

21  POLLY POCKET line is therefore relevant to this action and MGA's claim.

22         Mattel objects that the request contains confidential, proprietary, and

23  trade secret information. A Protective Order exists in this case, obviating any

24  concern as to protection of privacy rights and/or commercially sensitive

25  information.

26         None of Mattel's improper objections are valid and Mattel is obligated

27  to produce all non-privileged responsive documents in its possession, custody, or

28  control.

1 | **MATTEL'S RESPONSE:**

2 |  Mattel's relevancy objection should be sustained, as the previous

3 | Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

4 | requests.[788]  MGA argues that "Mattel has not attempted to demonstrate why

5 | responding to this request and/or producing responsive documents is irrelevant to

6 | the present action."  However, MGA bears the burden of showing that its discovery

7 | meets the relevance requirements of Rule 26(b)(1).[789]  MGA makes the conclusory

8 | assertion that this Request is relevant to its allegations that "Mattel is engaged in

9 | copying of MGA products, packaging, themes and advertising."  However, as the

10 | prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's

11 | or Bryant's complaint or any of the other pleadings filed in this consolidated

12 | action."[790]  In denying MGA discovery into information related to Polly Pocket

13 | (with the exception of a documetns relating to a single Polly Pockoet television

14 | commercial identified in MGA's interrogatory responses), the Discovery Master

15 | held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to

16 | use broad discovery requests, untethered to a claim or defense, to fish for new

17 | claims." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

18 | courts need not condone the use of discovery to engage in 'fishing expeditions.'").

19 | "A trial court has a duty, of special significance in lengthy and complex cases where

20 | the possibility of abuse is always present, to supervise and limit discovery to protect

21 | parties and witnesses from annoyance and excessive expense." Dolgow v.

22 | Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

23 |

24 |  [788]  See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.

25 |  [789]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

26 | burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

27 | (S.D. Cal. 2009).
     [790]  See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.

28 |

1 | American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);
2 | Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)
3 | (same).

4 |      Further, this Request is "clearly overbroad" according to the prior
5 | Discovery Master's May 22, 2007 Order.[791]  In that Order, the Discovery Master
6 | held that requests were "clearly overbroad" where they "requir[ed] production of
7 | documents that merely mention MGA, Larian, Bratz, or other MGA products,
8 | regardless of whether or not they have anything to do with the claims and defenses
9 | in the case" and "MGA has not made any attempt to link these requests to any of the
10 | numerous and far-ranging allegations of unfair competition set forth in its
11 | complaint."[792]  This Request is improperly overbroad for the same reasons and must
12 | be denied.

13 |      The Request is also overbroad as to time, seeking communications in a
14 | time period that predates any Phase 2 issues related to MGA's allegations unfair
15 | trade practices.  The Request is also overbroad to the extent it seeks discovery into
16 | events and products that post-date MGA's complaint, filed on April 15, 2005, based
17 | on MGA's own argument that was accepted by the Discovery Master in denying
18 | discovery Mattel was seeking regarding transactions occurring after the filing of
19 | Mattel's complaint.[793]  MGA offers no reason, nor could it consistent with judicial

20 |

---

21 | [791]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
22 | [792]  Id. at 17.
23 | [793]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
Subpoenas Issued by Mattel, dated February 13, 2009, at 7, Dart Decl., Exh. 6,
24 | where MGA argued that its transactions with the entities that financed acquisition of
25 | the Wachovia debt were not relevant to Phase 2 because, inter alia, ████████
████████████████████████████████████  In finding that "there has been
26 | no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
27 | calculated to lead to the discovery of admissible evidence regarding the RICO
counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
28 |     (footnote continued)

00505.07975/3161688.1

1  estoppel, why documents post-dating the filing of claims which do not allege

2  continuing wrongdoing are relevant to those claims.

3        Further, as the prior Discovery Master has recognized, this Request is

4  unduly burdensome.[794]  Rule 26(b)(2)(c) provides that a Court should limit the

5  extent of discovery if it determines that the burden of the proposed discovery

6  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

7  duplicative, or is obtainable from some other source that is more convenient, less

8  burdensome, or less expensive; or the party seeking discovery has had ample

9  opportunity by discovery in the action to obtain the information sought.  See Fed. R.

10  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

11  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

12  the following reasons:

13

14

15

16

17

18

19

20

21

22

23  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

24  into existence – and therefore apparently did not encompass the activities or the
transactions which are the subject of the Financing Discovery."  Discovery Matter

25  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

26  [794]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.

27  [795]  Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

28  [796]  Id. ¶ 10.



797 <u>Id.</u>
798 <u>See</u> Pantel Decl. ¶ 7, Dart Decl., Exh. 31.
799 <u>Id.</u>
800 Pantel Decl. ¶ 10, Dart Decl., Exh. 31.



801 Moore Decl. ¶ 5, Dart Decl., Exh. 32.
802 Id.
803 Id.
804 Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

1　████████████████████████████████████████

2　██████████████████████████████████

3　　　　There is no basis for overruling Mattel's privilege objection.  MGA's

4　bald assertion that "[t]his request does not seek information protected by the

5　attorney-client privilege, the attorney work product doctrine, or other applicable

6　privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7　agreed that "all privileged documents would be logged except for documents created

8　after this action was filed on April 27, 2004."[807]  Thus, to the extent  privileged

9　documents fall within the post lawsuit time period, they need not be included on

10　Mattel's log.  Although it bears the burden of showing why this agreement should

11　not be applied to a given Request, MGA fails to do so.

12　　　　Finally, MGA failed to meet and confer at all, much less in good faith,

13　regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14　Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15　the moving party shall first identify each dispute, state the relief sought and identify

16　the authority supporting the requested relief in a meet and confer letter that shall be

17　served on all parties by facsimile or electronic mail. The parties shall have five court

18　days from the date of service of that letter to conduct an in-person conference to

19　attempt to resolve the dispute.").   In order to engage in a meaningful meet and

20　confer, MGA had the burden to show the relevance of any requests it sought to

21　move on.[808]   At no point during the meet and confer process did MGA show why

22

23　　[805]　Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
24　　[806]　Id.
25　　[807]　See Order Denying Mattel's Motion for Protective Order Limiting the
　　　Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
26　　3.
27　　[808]　See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
　　　Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
28　　(footnote continued)

1  this Request could be considered relevant to Phase 2 issues.[809]  Because MGA

2  refused to even attempt to make this showing, there was no possibility of a good

3  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

4  deny MGA's motion with respect to this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 630**

6          All studies, analyses, presentations or investigations of the target

7  audience, age groups, market share, or projections for POLLY POCKET.

8  **RESPONSE TO REQUEST NO. 630:**

9          In addition to the general objections stated above which are

10 incorporated herein by reference, Mattel objects to this Request on the grounds that

11 it is overbroad and unduly burdensome, including in that it seeks all documents on

12 this subject without limitation as to time, and regardless of whether such documents

13 relate to products or matters at issue in this case.  Mattel further objects to the

14 Request on the grounds that it seeks documents that are not relevant to this action or

15 likely to lead to the discovery of admissible evidence.  Mattel further objects to this

16 Request on the grounds that it seeks confidential, proprietary and trade secret

17 information, including such information that has no bearing on the claims or

18 defenses in this action.  Mattel further objects to this Request on the grounds that it

19 calls for the disclosure of information subject to the attorney-client privilege, the

20 attorney work-product doctrine and other applicable privileges.  Mattel further

21 objects on the ground that this Request seeks to circumvent the Discovery Master's

22 Orders of April 19, 2007, and May 22, 2007.

23

24

25

———————————

26 burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1

27 (S.D. Cal. May 14, 2009).

   [809]  <u>See</u> Webster Decl., ¶¶ 6-20.

28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek all studies, analyses, presentations or investigations of the target audience, age groups, market share, or projections for Mattel's POLLY POCKET line.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1 │ request is unduly burdensome must allege specific facts which indicate the nature
2 │ and extent of the burden, usually by affidavit or other reliable evidence.")
3 │ Moreover, it is not unduly burdensome, as noted above, in that the request is
4 │ narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
5 │ has engaged in a broad variety of unfair trade practices including serial copying of
6 │ MGA products.

7 │         This request does not seek documents protected by the attorney-client
8 │ privilege, the attorney work product doctrine, or other applicable privileges.  To the
9 │ extent that Mattel contends that it does, Mattel must provide a privilege log.

10 │         Mattel cites to the May 22, 2007 order, but that order is inapposite to
11 │ this request, which is much narrower than those considered irrelevant and/or
12 │ improper by the court.  Specifically, the request is narrowly tailored to documents
13 │ regarding a particular product line, namely POLLY POCKET.  Mattel also cites to
14 │ the April 19, 2007 order, but that order is also inapposite to this request, which is
15 │ much narrower than those considered irrelevant and/or improper by the court.
16 │ Specifically, the request is narrowly tailored to all studies, analyses, presentations or
17 │ investigations of the target audience, age groups, market share, or projections for
18 │ POLLY POCKET.

19 │         As to relevancy, Mattel has not attempted to demonstrate why the
20 │ responsive documents are irrelevant to the current action.  On the contrary, MGA
21 │ has alleged that Mattel is engaged in copying of MGA products, packaging, themes
22 │ and advertising.  POLLY POCKET is an example of one such product line.  A
23 │ request for all studies, analyses, presentations or investigations of the target
24 │ audience, age groups, market share, or projections for Mattel's POLLY POCKET
25 │ line is therefore relevant to this action and MGA's claim.

26 │         Mattel objects that the request contains confidential, proprietary, and
27 │ trade secret information.  A Protective Order exists in this case, obviating any

28 │

1 concern as to protection of privacy rights and/or commercially sensitive

2 information.

3          None of Mattel's improper objections are valid and Mattel is obligated

4 to produce all non-privileged responsive documents in its possession, custody, or

5 control.

6 **MATTEL'S RESPONSE:**

7          Mattel's relevancy objection should be sustained, as the previous

8 Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

9 requests.[810]  MGA argues that "Mattel has not attempted to demonstrate why

10 responding to this request and/or producing responsive documents is irrelevant to

11 the present action."  However, MGA bears the burden of showing that its discovery

12 meets the relevance requirements of Rule 26(b)(1).[811]  MGA makes the conclusory

13 assertion that this Request is relevant to its allegations that "Mattel is engaged in

14 copying of MGA products, packaging, themes and advertising."  However, as the

15 prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's

16 or Bryant's complaint or any of the other pleadings filed in this consolidated

17 action."[812]  In denying MGA discovery into information related to Polly Pocket

18 (with the exception of a documetns relating to a single Polly Pockoet television

19 commercial identified in MGA's interrogatory responses), the Discovery Master

20 held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to

21 use broad discovery requests, untethered to a claim or defense, to fish for new

22 claims."  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

23

---

24   [810]  See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.

25   [811]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

26 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

27 (S.D. Cal. 2009).
     [812]  See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.

28

00505.07975/3161688.1

1  courts need not condone the use of discovery to engage in 'fishing expeditions.'").

2  "A trial court has a duty, of special significance in lengthy and complex cases where

3  the possibility of abuse is always present, to supervise and limit discovery to protect

4  parties and witnesses from annoyance and excessive expense." <u>Dolgow v.</u>

5  <u>Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan</u>

6  <u>American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

7  <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983)

8  (same).

9        Further, this Request is "clearly overbroad" according to the prior

10  Discovery Master's May 22, 2007 Order.[813]  In that Order, the Discovery Master

11  held that requests were "clearly overbroad" where they "requir[ed] production of

12  documents that merely mention MGA, Larian, Bratz, or other MGA products,

13  regardless of whether or not they have anything to do with the claims and defenses

14  in the case" and "MGA has not made any attempt to link these requests to any of the

15  numerous and far-ranging allegations of unfair competition set forth in its

16  complaint."[814]  This Request is improperly overbroad for the same reasons and must

17  be denied.

18        The Request is also overbroad as to time, seeking communications in a

19  time period that predates any Phase 2 issues related to MGA's allegations unfair

20  trade practices.  The Request is also overbroad to the extent it seeks discovery into

21  events and products that post-date MGA's complaint, filed on April 15, 2005, based

22  on MGA's own argument that was accepted by the Discovery Master in denying

23  discovery Mattel was seeking regarding transactions occurring after the filing of

---

[813] See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
[814] <u>Id.</u> at 17.

00505.07975/3161688.1

1  Mattel's complaint.[815]  MGA offers no reason, nor could it consistent with judicial

2  estoppel, why documents post-dating the filing of claims which do not allege

3  continuing wrongdoing are relevant to those claims.

4        Further, as the prior Discovery Master has recognized, this Request is

5  unduly burdensome.[816]  Rule 26(b)(2)(c) provides that a Court should limit the

6  extent of discovery if it determines that the burden of the proposed discovery

7  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

8  duplicative, or is obtainable from some other source that is more convenient, less

9  burdensome, or less expensive; or the party seeking discovery has had ample

10  opportunity by discovery in the action to obtain the information sought. See Fed. R.

11  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

12  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

13  the following reasons:

14  

15  

16  

17  

---

18  [815]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

19  Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6, where MGA argued that its transactions with the entities that financed acquisition of

20  the Wachovia debt were not relevant to Phase 2 because, *inter alia,*

21  ████████████  In finding that "there has been no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

22  calculated to lead to the discovery of admissible evidence regarding the RICO

23  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

24  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

25  into existence – and therefore apparently did not encompass the activities or the transactions which are the subject of the Financing Discovery." Discovery Matter

26  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

27  [816]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.
[817]  Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

28



818   Id. ¶ 10.
819   Id.
820   See Pantel Decl. ¶ 7, Dart Decl., Exh. 31.
821   Id.



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

822    Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
823    Moore Decl. ¶ 5, Dart Decl., Exh. 32.
824    Id.
825    Id.
826    Pantel Decl. ¶ 11, Dart Decl., Exh. 31..



7    There is no basis for overruling Mattel's privilege objection.  MGA's

8  bald assertion that "[t]his request does not seek information protected by the

9  attorney-client privilege, the attorney work product doctrine, or other applicable

10  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

11  agreed that "all privileged documents would be logged except for documents created

12  after this action was filed on April 27, 2004."[829]  Thus, to the extent  privileged

13  documents fall within the post lawsuit time period, they need not be included on

14  Mattel's log.  Although it bears the burden of showing why this agreement should

15  not be applied to a given Request, MGA fails to do so.

16    Finally, MGA failed to meet and confer at all, much less in good faith,

17  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

18  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

19  the moving party shall first identify each dispute, state the relief sought and identify

20  the authority supporting the requested relief in a meet and confer letter that shall be

21  served on all parties by facsimile or electronic mail. The parties shall have five court

22  days from the date of service of that letter to conduct an in-person conference to

23  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

---

[827]   Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
[828]   Id.

1 | confer, MGA had the burden to show the relevance of any requests it sought to
2 | move on.[830]   At no point during the meet and confer process did MGA show why
3 | this Request could be considered relevant to Phase 2 issues.[831]  Because MGA
4 | refused to even attempt to make this showing, there was no possibility of a good
5 | faith meet and confer to resolve the parties' disputes.  The Discovery Master should
6 | deny MGA's motion with respect to this Request on that grounds alone.

7 | **REQUEST FOR PRODUCTION NO. 631**

8 | DOCUMENTS sufficient to determine total sales, revenue, royalties,
9 | costs of goods sold and any other costs attributable to net profits REFERRING OR
10 | RELATING TO POLLY POCKET.

11 | **RESPONSE TO REQUEST NO. 631:**

12 | In addition to the general objections stated above which are
13 | incorporated herein by reference, Mattel objects to this Request on the grounds that
14 | it is overbroad and unduly burdensome, including in that it seeks all documents on
15 | this subject without limitation as to time, and regardless of whether such documents
16 | relate to products or matters at issue in this case.  Mattel further objects to the
17 | Request on the grounds that it seeks documents that are not relevant to this action or
18 | likely to lead to the discovery of admissible evidence.  Mattel further objects to this
19 | Request on the grounds that it seeks confidential, proprietary and trade secret
20 | information, including such information that has no bearing on the claims or
21 | defenses in this action.  Mattel further objects to this Request on the grounds that it

---

[829]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

[830]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

00505.07975/3161688.1

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN)

1 | calls for the disclosure of information subject to the attorney-client privilege, the
2 | attorney work-product doctrine and other applicable privileges. Mattel further
3 | objects on the ground that this Request seeks to circumvent the Discovery Master's
4 | Orders of April 19, 2007, and May 22, 2007.

5 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
6 | **TO SHOULD BE COMPELLED**

7 |       Mattel has not agreed to produce documents in response to this request,
8 | subject to its improper boilerplate objections. Mattel has refused to confirm whether
9 | or not it has produced all non-privileged responsive documents or whether it is
10 | withholding documents based on its objections in Phase 2. Under the Federal Rules
11 | of Civil Procedure, "an objection to part of a request must specify the part and
12 | permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that
13 | fail to explain the basis for an objection with specificity are routinely rejected in the
14 | Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
15 | (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
16 | harassing' are improper – especially when a party fails to submit any evidentiary
17 | declarations supporting such objections"). Accordingly, Mattel must be compelled
18 | either to certify that it has produced all non-privileged responsive documents or to
19 | produce all such documents by a date certain.

20 |       To the extent that Mattel is relying on its blanket objections, they are
21 | not sustainable and do not justify Mattel's failure to produce documents.

22 |       As to overbreadth, Mattel provides no explanation, let alone the
23 | required particularity, as to *why* this request is supposedly overly broad, nor can it
24 | do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
25 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
26 |
27 | [831] See Webster Decl., ¶¶ 6-20.
28 |

1  contrary, the request is narrowly tailored to seek documents that are sufficient to

2  determine total sales, revenue, costs of goods sold and other costs attributable to net

3  profits related to Mattel's POLLY POCKET line.

4          As to burden, Mattel has not attempted to demonstrate why responding

5  to this request and/or producing responsive documents presents any burden.  This

6  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.,</u>

7  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8  request is unduly burdensome must allege specific facts which indicate the nature

9  and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

12  has engaged in a broad variety of unfair trade practices including serial copying of

13  MGA products.

14          This request does not seek documents protected by the attorney-client

15  privilege, the attorney work product doctrine, or other applicable privileges.  To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17          Mattel cites to the May 22, 2007 order, but that order is inapposite to

18  this request, which is much narrower than those considered irrelevant and/or

19  improper by the court.  Specifically, the request is narrowly tailored to documents

20  regarding a particular product line, namely POLLY POCKET.  Mattel also cites to

21  the April 19, 2007 order, but that order is also inapposite to this request, which is

22  much narrower than those considered irrelevant and/or improper by the court.

23  Specifically, the request is narrowly tailored to documents sufficient to determine

24  total sales, revenue, royalties, costs of goods sold and any other costs attributable to

25  net profits relating to POLLY POCKET.

26          As to relevancy, Mattel has not attempted to demonstrate why the

27  responsive documents are irrelevant to the current action.  On the contrary, MGA

28  has alleged that Mattel is engaged in copying of MGA products, packaging, themes

1  and advertising.  POLLY POCKET is an example of one such product line.  A
2  request for documents that are sufficient to determine total sales, revenue, costs of
3  goods sold and other costs attributable to net profits related to Mattel's POLLY
4  POCKET line is therefore relevant to this action and MGA's claim.

5          Mattel objects that the request contains confidential, proprietary, and
6  trade secret information.  A Protective Order exists in this case, obviating any
7  concern as to protection of privacy rights and/or commercially sensitive
8  information.

9          None of Mattel's improper objections are valid and Mattel is obligated
10  to produce all non-privileged responsive documents in its possession, custody, or
11  control.

12  **MATTEL'S RESPONSE:**

13          Mattel's relevancy objection should be sustained, as the previous
14  Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket
15  requests.[832]  MGA argues that "Mattel has not attempted to demonstrate why
16  responding to this request and/or producing responsive documents is irrelevant to
17  the present action."  However, MGA bears the burden of showing that its discovery
18  meets the relevance requirements of Rule 26(b)(1).[833]  MGA makes the conclusory
19  assertion that this Request is relevant to its allegations that "Mattel is engaged in
20  copying of MGA products, packaging, themes and advertising."  However, as the
21  prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's
22  or Bryant's complaint or any of the other pleadings filed in this consolidated

23

24

25  [832]  See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.
    [833]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. 2009).
28

1 action."[834]  In denying MGA discovery into information related to Polly Pocket
2 (with the exception of a documetns relating to a single Polly Pockoet television
3 commercial identified in MGA's interrogatory responses), the Discovery Master
4 held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to
5 use broad discovery requests, untethered to a claim or defense, to fish for new
6 claims."  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District
7 courts need not condone the use of discovery to engage in 'fishing expeditions.'").
8 "A trial court has a duty, of special significance in lengthy and complex cases where
9 the possibility of abuse is always present, to supervise and limit discovery to protect
10 parties and witnesses from annoyance and excessive expense."  Dolgow v.
11 Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan
12 American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);
13 Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)
14 (same).

15 Further, this Request is "clearly overbroad" according to the prior
16 Discovery Master's May 22, 2007 Order.[835]  In that Order, the Discovery Master
17 held that requests were "clearly overbroad" where they "requir[ed] production of
18 documents that merely mention MGA, Larian, Bratz, or other MGA products,
19 regardless of whether or not they have anything to do with the claims and defenses
20 in the case" and "MGA has not made any attempt to link these requests to any of the
21 numerous and far-ranging allegations of unfair competition set forth in its
22 complaint."[836]  This Request is improperly overbroad for the same reasons and must
23 be denied.

24
25

---

26 [834] See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.
27 [835] See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
   [836] Id. at 17.
28

1    The Request is also overbroad as to time, seeking communications in a

2    time period that predates any Phase 2 issues related to MGA's allegations unfair

3    trade practices.

4    Further, as the prior Discovery Master has recognized, this Request is

5    unduly burdensome.[837]   Rule 26(b)(2)(c) provides that a Court should limit the

6    extent of discovery if it determines that the burden of the proposed discovery

7    outweighs its likely benefit; the discovery sought is unreasonably cumulative or

8    duplicative, or is obtainable from some other source that is more convenient, less

9    burdensome, or less expensive; or the party seeking discovery has had ample

10   opportunity by discovery in the action to obtain the information sought. See Fed. R.

11   Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

12   to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

13   the following reasons:

14   ████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████

18   ████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████

23   ████████████████████████████████████████████████████

24   ████████████████████████████████████████████████████

25

26

27   [837]   See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.
     [838]   Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

839  Moore Decl. ¶ 5, Dart Decl., Exh. 32.
840  Id.
841  Id.
842  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
843  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

1 ███████████████████████████████████████████████

2 ████████████

3        There is no basis for overruling Mattel's privilege objection. MGA's

4 bald assertion that "[t]his request does not seek information protected by the

5 attorney-client privilege, the attorney work product doctrine, or other applicable

6 privileges" has no merit. Moreover, as MGA has itself argued, the parties have

7 agreed that "all privileged documents would be logged except for documents created

8 after this action was filed on April 27, 2004."[845] Thus, to the extent privileged

9 documents fall within the post lawsuit time period, they need not be included on

10 Mattel's log. Although it bears the burden of showing why this agreement should

11 not be applied to a given Request, MGA fails to do so.

12        Finally, MGA failed to meet and confer at all, much less in good faith,

13 regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

14 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15 the moving party shall first identify each dispute, state the relief sought and identify

16 the authority supporting the requested relief in a meet and confer letter that shall be

17 served on all parties by facsimile or electronic mail. The parties shall have five court

18 days from the date of service of that letter to conduct an in-person conference to

19 attempt to resolve the dispute."). In order to engage in a meaningful meet and

20 confer, MGA had the burden to show the relevance of any requests it sought to

21 move on.[846]   At no point during the meet and confer process did MGA show why

22

23

---

24   [844]   Id.

25   [845]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

26   3.

27   [846]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

28   (footnote continued)

1  this Request could be considered relevant to Phase 2 issues.[847]  Because MGA

2  refused to even attempt to make this showing, there was no possibility of a good

3  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

4  deny MGA's motion with respect to this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 632**

6         All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

7  RELATING TO any evaluation, criticism or comparison of POLLY POCKET,

8  including relation to BRATZ by any third party.

9  **RESPONSE TO REQUEST NO. 632:**

10        In addition to the general objections stated above which are

11 incorporated herein by reference, Mattel objects to this Request on the grounds that

12 it is overbroad and unduly burdensome, including in that it seeks all documents on

13 this subject without limitation as to time, and regardless of whether such documents

14 relate to products or matters at issue in this case.  Mattel further objects to the

15 Request on the grounds that it seeks documents that are not relevant to this action or

16 likely to lead to the discovery of admissible evidence.  Mattel further objects to this

17 Request on the grounds that it seeks confidential, proprietary and trade secret

18 information, including such information that has no bearing on the claims or

19 defenses in this action.  Mattel further objects to this Request on the grounds that it

20 calls for the disclosure of information subject to the attorney-client privilege, the

21 attorney work-product doctrine and other applicable privileges.  Mattel further

22 objects on the ground that this Request seeks to circumvent the Discovery Master's

23 Orders of April 19, 2007, and May 22, 2007.

24

25 _____

26 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

27 (S.D. Cal. May 14, 2009).
      [847]  See Webster Decl., ¶¶ 6-20.

28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents and communications that are related to any evaluation, criticism or comparison of Mattel's POLLY POCKET line by a third party.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1  request is unduly burdensome must allege specific facts which indicate the nature
2  and extent of the burden, usually by affidavit or other reliable evidence.")
3  Moreover, it is not unduly burdensome, as noted above, in that the request is
4  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
5  has engaged in a broad variety of unfair trade practices including serial copying of
6  MGA products.

7         This request does not seek documents protected by the attorney-client
8  privilege, the attorney work product doctrine, or other applicable privileges. To the
9  extent that Mattel contends that it does, Mattel must provide a privilege log.

10         Mattel cites to the May 22, 2007 order, but that order is inapposite to
11  this request, which is much narrower than those considered irrelevant and/or
12  improper by the court. Specifically, the request is narrowly tailored to documents
13  regarding a particular product line, namely POLLY POCKET. Mattel also cites to
14  the April 19, 2007 order, but that order is also inapposite to this request, which is
15  much narrower than those considered irrelevant and/or improper by the court.
16  Specifically, the request is narrowly tailored to documents related to any evaluation,
17  criticism or comparison of POLLY POCKET, including relation to BRATZ by any
18  third party.

19         As to relevancy, Mattel has not attempted to demonstrate why the
20  responsive documents are irrelevant to the current action. On the contrary, MGA
21  has alleged that Mattel is engaged in copying of MGA products, packaging, themes
22  and advertising. POLLY POCKET is an example of one such product line. A
23  request for documents and communications that are related to any evaluation,
24  criticism or comparison of Mattel's POLLY POCKET line by a third party is
25  therefore relevant to this action and MGA's claim.

26         Mattel objects that the request contains confidential, proprietary, and
27  trade secret information. A Protective Order exists in this case, obviating any

28

00505.07975/3161688.1

-395-
MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN)

1 concern as to protection of privacy rights and/or commercially sensitive
2 information.

3         None of Mattel's improper objections are valid and Mattel is obligated
4 to produce all non-privileged responsive documents in its possession, custody, or
5 control.

6 **MATTEL'S RESPONSE:**

7         Mattel's relevancy objection should be sustained, as the previous
8 Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket
9 requests.[848]  MGA argues that "Mattel has not attempted to demonstrate why
10 responding to this request and/or producing responsive documents is irrelevant to
11 the present action."  However, MGA bears the burden of showing that its discovery
12 meets the relevance requirements of Rule 26(b)(1).[849]  MGA makes the conclusory
13 assertion that this Request is relevant to its allegations that "Mattel is engaged in
14 copying of MGA products, packaging, themes and advertising."  However, as the
15 prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's
16 or Bryant's complaint or any of the other pleadings filed in this consolidated
17 action."[850]  In denying MGA discovery into information related to Polly Pocket
18 (with the exception of a documetns relating to a single Polly Pockoet television
19 commercial identified in MGA's interrogatory responses), the Discovery Master
20 held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to
21 use broad discovery requests, untethered to a claim or defense, to fish for new
22 claims."  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

23 _____

24     [848]  See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.
25     [849]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
27 (S.D. Cal. 2009).
     [850]  See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.
28

00505.07975/3161688.1

1  courts need not condone the use of discovery to engage in 'fishing expeditions.'").

2  "A trial court has a duty, of special significance in lengthy and complex cases where

3  the possibility of abuse is always present, to supervise and limit discovery to protect

4  parties and witnesses from annoyance and excessive expense." Dolgow v.

5  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

6  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

7  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

8  (same).

9         Further, this Request is "clearly overbroad" according to the prior

10  Discovery Master's May 22, 2007 Order.[851]  In that Order, the Discovery Master

11  held that requests were "clearly overbroad" where they "requir[ed] production of

12  documents that merely mention MGA, Larian, Bratz, or other MGA products,

13  regardless of whether or not they have anything to do with the claims and defenses

14  in the case" and "MGA has not made any attempt to link these requests to any of the

15  numerous and far-ranging allegations of unfair competition set forth in its

16  complaint."[852]  This Request is improperly overbroad for the same reasons and must

17  be denied.

18         The Request is also overbroad as to time, seeking communications in a

19  time period that predates any Phase 2 issues related to MGA's allegations unfair

20  trade practices.  The Request is also overbroad to the extent it seeks discovery into

21  events and products that post-date MGA's complaint, filed on April 15, 2005, based

22  on MGA's own argument that was accepted by the Discovery Master in denying

23  discovery Mattel was seeking regarding transactions occurring after the filing of

24

25

26

27  [851]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
      [852]  Id. at 17.

28

1   Mattel's complaint.[853]   MGA offers no reason, nor could it consistent with judicial

2   estoppel, why documents post-dating the filing of claims which do not allege

3   continuing wrongdoing are relevant to those claims.

4        Further, as the prior Discovery Master has recognized, this Request is

5   unduly burdensome.[854]   Rule 26(b)(2)(c) provides that a Court should limit the

6   extent of discovery if it determines that the burden of the proposed discovery

7   outweighs its likely benefit; the discovery sought is unreasonably cumulative or

8   duplicative, or is obtainable from some other source that is more convenient, less

9   burdensome, or less expensive; or the party seeking discovery has had ample

10  opportunity by discovery in the action to obtain the information sought. See Fed. R.

11  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

12  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

13  the following reasons:

14  ████████████████████████████████████████

15  ████████████████████████████████████████

16  ████████████████████████████████████████

17  _____

18  [853]   See MGA Parties' Reply In Support of Their Motion to Quash Receiver

19  Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
    where MGA argued that its transactions with the entities that financed acquisition of

20  the Wachovia debt were not relevant to Phase 2 because, inter alia, ███████████

21  ████████████████████████████████   In finding that "there has been
    no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

22  calculated to lead to the discovery of admissible evidence regarding the RICO

23  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
    other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

24  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

25  into existence – and therefore apparently did not encompass the activities or the
    transactions which are the subject of the Financing Discovery." Discovery Matter

26  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

27  [854]   See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.
    [855]   Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

856   Id. ¶ 10.
857   Id.
858   See Pantel Decl. ¶ 7, Dart Decl., Exh. 31.
859   Id.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[860] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
[861] Moore Decl. ¶ 5, Dart Decl., Exh. 32.
[862] Id.
[863] Id.
[864] Pantel Decl. ¶ 11, Dart Decl., Exh. 31..