1 ██████████████████████████████████████████████

2 ████████████████████████████████████████████

3    █████████████████████████████████████████████

4 █████████████████████████████████████████████████

5 █████████████████████████████████████████████████

6 ████████████████████████████████████████

7        There is no basis for overruling Mattel's privilege objection.  MGA's

8 bald assertion that "[t]his request does not seek information protected by the

9 attorney-client privilege, the attorney work product doctrine, or other applicable

10 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

11 agreed that "all privileged documents would be logged except for documents created

12 after this action was filed on April 27, 2004."[867]  Thus, to the extent  privileged

13 documents fall within the post lawsuit time period, they need not be included on

14 Mattel's log.  Although it bears the burden of showing why this agreement should

15 not be applied to a given Request, MGA fails to do so.

16        Finally, MGA failed to meet and confer at all, much less in good faith,

17 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

18 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

19 the moving party shall first identify each dispute, state the relief sought and identify

20 the authority supporting the requested relief in a meet and confer letter that shall be

21 served on all parties by facsimile or electronic mail. The parties shall have five court

22 days from the date of service of that letter to conduct an in-person conference to

23 attempt to resolve the dispute.").  In order to engage in a meaningful meet and

24

25

26

27   [865]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

  [866]  Id.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN)

confer, MGA had the burden to show the relevance of any requests it sought to move on.[868]   At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[869]   Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 633**

All DOCUMENTS suggesting or evidencing confusion between BRATZ and POLLY POCKET, including without limitation DOCUMENTS in which photographs of one party's products have been used to depict another party's products, or reference to one party's products has been made in lieu of the other party's products.

**RESPONSE TO REQUEST NO. 633:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret

---

[867]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.
[868]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

1  information, including such information that has no bearing on the claims or

2  defenses in this action.  Mattel further objects to this Request on the grounds that it

3  calls for the disclosure of information subject to the attorney-client privilege, the

4  attorney work-product doctrine and other applicable privileges.  Mattel further

5  objects on the ground that this Request seeks to circumvent the Discovery Master's

6  Orders of April 19, 2007, and May 22, 2007.

7  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

8  **TO SHOULD BE COMPELLED**

9       Mattel has not agreed to produce documents in response to this request,

10  subject to its improper boilerplate objections.  Mattel has refused to confirm whether

11  or not it has produced all non-privileged responsive documents or whether it is

12  withholding documents based on its objections in Phase 2.  Under the Federal Rules

13  of Civil Procedure, "an objection to part of a request must specify the part and

14  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

15  fail to explain the basis for an objection with specificity are routinely rejected in the

16  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

17  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

18  harassing' are improper – especially when a party fails to submit any evidentiary

19  declarations supporting such objections").  Accordingly, Mattel must be compelled

20  either to certify that it has produced all non-privileged responsive documents or to

21  produce all such documents by a date certain.

22       To the extent that Mattel is relying on its blanket objections, they are

23  not sustainable and do not justify Mattel's failure to produce documents.

24       As to overbreadth, Mattel provides no explanation, let alone the

25  required particularity, as to *why* this request is supposedly overly broad, nor can it

26

27  [869]  See Webster Decl., ¶¶ 6-20.

28

1    do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

2    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

3    contrary, the request is narrowly tailored to seek documents that suggest confusion

4    between MGA's BRATZ product line and Mattel's POLLY POCKET line.  These

5    documents may include, without limitation, documents in which photographs of one

6    party's products have been used to depict another party's products, or reference to

7    one party's products has been made in lieu of the other party's products.

8         As to burden, Mattel has not attempted to demonstrate why responding

9    to this request and/or producing responsive documents presents any burden.  This

10   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

11   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12   request is unduly burdensome must allege specific facts which indicate the nature

13   and extent of the burden, usually by affidavit or other reliable evidence.")

14   Moreover, it is not unduly burdensome, as noted above, in that the request is

15   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16   has engaged in a broad variety of unfair trade practices including serial copying of

17   MGA products.

18        This request does not seek documents protected by the attorney-client

19   privilege, the attorney work product doctrine, or other applicable privileges.  To the

20   extent that Mattel contends that it does, Mattel must provide a privilege log.

21        Mattel cites to the May 22, 2007 order, but that order is inapposite to

22   this request, which is much narrower than those considered irrelevant and/or

23   improper by the court.  Specifically, the request is narrowly tailored to documents

24   regarding a particular product line, namely POLLY POCKET.  Mattel also cites to

25   the April 19, 2007 order, but that order is also inapposite to this request, which is

26   much narrower than those considered irrelevant and/or improper by the court.

27   Specifically, the request is narrowly tailored to documents suggesting confusion

28   between BRATZ and POLLY POCKET.

1    As to relevancy, Mattel has not attempted to demonstrate why the

2  responsive documents are irrelevant to the current action.  On the contrary, MGA

3  has alleged that Mattel is engaged in copying of MGA products, packaging, themes

4  and advertising.  POLLY POCKET is an example of one such product line.  A

5  request for documents that suggest confusion between MGA's BRATZ product line

6  and Mattel's POLLY POCKET line is relevant to this action.  These documents may

7  include, without limitation, documents in which photographs of one party's products

8  have been used to depict another party's products, or reference to one party's

9  products has been made in lieu of the other party's products.  Obviously these

10  documents are relevant in this action in light of MGA's claims against Mattel.

11    Mattel objects that the request contains confidential, proprietary, and

12  trade secret information.  A Protective Order exists in this case, obviating any

13  concern as to protection of privacy rights and/or commercially sensitive

14  information.

15    None of Mattel's improper objections are valid and Mattel is obligated

16  to produce all non-privileged responsive documents in its possession, custody, or

17  control.

18  **MATTEL'S RESPONSE:**

19    Mattel's relevancy objection should be sustained, as the previous

20  Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

21  requests.[870]  MGA argues that "Mattel has not attempted to demonstrate why

22  responding to this request and/or producing responsive documents is irrelevant to

23  the present action."  However, MGA bears the burden of showing that its discovery

24  meets the relevance requirements of Rule 26(b)(1).[871]  MGA makes the conclusory

25

26  [870]  See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.

27  [871]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

28  (footnote continued)

assertion that this Request is relevant to its allegations that "Mattel is engaged in copying of MGA products, packaging, themes and advertising."  However, as the prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's or Bryant's complaint or any of the other pleadings filed in this consolidated action."[872]  In denying MGA discovery into information related to Polly Pocket (with the exception of a documetns relating to a single Polly Pockoet television commercial identified in MGA's interrogatory responses), the Discovery Master held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to use broad discovery requests, untethered to a claim or defense, to fish for new claims."  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").  "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).

Further, this Request is "clearly overbroad" according to the prior Discovery Master's May 22, 2007 Order.[873]  In that Order, the Discovery Master held that requests were "clearly overbroad" where they "requir[ed] production of documents that merely mention MGA, Larian, Bratz, or other MGA products, regardless of whether or not they have anything to do with the claims and defenses

---

burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[872]   See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.
[873]   See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

1   in the case" and "MGA has not made any attempt to link these requests to any of the

2   numerous and far-ranging allegations of unfair competition set forth in its

3   complaint."[874]  This Request is improperly overbroad for the same reasons and must

4   be denied.

5          The Request is also overbroad as to time, seeking communications in a

6   time period that predates any Phase 2 issues related to MGA's allegations unfair

7   trade practices.  The Request is also overbroad to the extent it seeks discovery into

8   events and products that post-date MGA's complaint, filed on April 15, 2005, based

9   on MGA's own argument that was accepted by the Discovery Master in denying

10  discovery Mattel was seeking regarding transactions occurring after the filing of

11  Mattel's complaint.[875]  MGA offers no reason, nor could it consistent with judicial

12  estoppel, why documents post-dating the filing of claims which do not allege

13  continuing wrongdoing are relevant to those claims.

14         Further, as the prior Discovery Master has recognized, this Request is

15  unduly burdensome.[876]  Rule 26(b)(2)(c) provides that a Court should limit the

16  extent of discovery if it determines that the burden of the proposed discovery

---

18  [874]  Id. at 17.

19  [875]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
    Subpoenas Issued by Mattel, dated February 13, 2009, at 7, Dart Decl., Exh. 6,

20  where MGA argued that its transactions with the entities that financed acquisition of
    the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ████████

21  ████████████████████████████  In finding that "there has been

22  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

23  calculated to lead to the discovery of admissible evidence regarding the RICO
    counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

24  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

25  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
    into existence – and therefore apparently did not encompass the activities or the

26  transactions which are the subject of the Financing Discovery." Discovery Matter

27  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

    [876]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.

28

1   outweighs its likely benefit; the discovery sought is unreasonably cumulative or

2   duplicative, or is obtainable from some other source that is more convenient, less

3   burdensome, or less expensive; or the party seeking discovery has had ample

4   opportunity by discovery in the action to obtain the information sought. <u>See</u> <u>Fed. R.</u>

5   <u>Civ. P.</u> 26(b)(2)(c).  The burden of locating and producing the documents responsive

6   to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

7   the following reasons:



26   [877] Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

27   [878] <u>Id.</u> ¶ 10.

     [879] <u>Id.</u>

1 ██████████████████████████████████████████████

2 ██████████████████████████████████████████████

3 ██████████████████████████████████████████████

4 ████████████████████████████

5 ████████████████████████████████████

6 ████████████████████████████████████████████

7 ██████████████████████████████████████████████

8 ██████████████████████████████████████████████

9 ████████████████████████████████████████████

10 ██████████████████████████████████████████████

11 ████████████████████████████████████████████

12 ██████████████████████████████████████████████

13 ██████████████████████████████████████████████

14 ██████████████████████████████████████████████

15 ████████████████████████████████████████████

16 ██████████████████████████████████████████████

17 ██████████████████████████████████████████████

18 ████████████████████████████████████████████

19 ██████████████████████████████████████████████

20 ██████████████████████████████████████████████

21 ████████████████████████████████████████████

22

23

24

25  [880] <u>See</u> Pantel Decl. ¶ 7, Dart Decl., Exh. 31.
    [881] <u>Id.</u>
26  [882] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
    [883] Moore Decl. ¶ 5, Dart Decl., Exh. 32.
27  [884] <u>Id.</u>

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16



17    There is no basis for overruling Mattel's privilege objection.  MGA's

18    bald assertion that "[t]his request does not seek information protected by the

19    attorney-client privilege, the attorney work product doctrine, or other applicable

20    privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

21    agreed that "all privileged documents would be logged except for documents created

22

23

24

25    885   Id.

26    886   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

27    887   Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
      888   Id.

28

1    after this action was filed on April 27, 2004."[889]  Thus, to the extent  privileged

2    documents fall within the post lawsuit time period, they need not be included on

3    Mattel's log.  Although it bears the burden of showing why this agreement should

4    not be applied to a given Request, MGA fails to do so.

5            Finally, MGA failed to meet and confer at all, much less in good faith,

6    regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8    the moving party shall first identify each dispute, state the relief sought and identify

9    the authority supporting the requested relief in a meet and confer letter that shall be

10    served on all parties by facsimile or electronic mail. The parties shall have five court

11    days from the date of service of that letter to conduct an in-person conference to

12    attempt to resolve the dispute.").   In order to engage in a meaningful meet and

13    confer, MGA had the burden to show the relevance of any requests it sought to

14    move on.[890]   At no point during the meet and confer process did MGA show why

15    this Request could be considered relevant to Phase 2 issues.[891]  Because MGA

16    refused to even attempt to make this showing, there was no possibility of a good

17    faith meet and confer to resolve the parties' disputes.  The Discovery Master should

18    deny MGA's motion with respect to this Request on that grounds alone.

19    **REQUEST FOR PRODUCTION NO. 634**

20            DOCUMENTS, including but not limited to organizational charts,

21    sufficient to identify (by name and job function) all MATTEL personnel who were

22

---

23    [889]  See Order Denying Mattel's Motion for Protective Order Limiting the

24    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
3.

25    [890]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26    Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27    burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
(S.D. Cal. May 14, 2009).

28

1 | ever a member of the primary team that worked on the design and development of
2 | POLLY POCKET products.

3 | **RESPONSE TO REQUEST NO. 634:**

4 | In addition to the general objections stated above which are
5 | incorporated herein by reference, Mattel objects to this Request on the grounds that
6 | it is overbroad and unduly burdensome, including in that it seeks all documents on
7 | this subject without limitation as to time, and regardless of whether such documents
8 | relate to products or matters at issue in this case.  Mattel further objects to the
9 | Request on the grounds that it seeks documents that are not relevant to this action or
10 | likely to lead to the discovery of admissible evidence.  Mattel further objects to this
11 | Request on the grounds that it seeks confidential, proprietary and trade secret
12 | information, including such information that has no bearing on the claims or
13 | defenses in this action.  Mattel further objects to this Request on the grounds that it
14 | calls for the disclosure of information subject to the attorney-client privilege, the
15 | attorney work-product doctrine and other applicable privileges.  Mattel further
16 | objects on the ground that this Request seeks to circumvent the Discovery Master's
17 | Orders of April 19, 2007, and May 22, 2007.

18 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
19 | **TO SHOULD BE COMPELLED**

20 | Mattel has not agreed to produce documents in response to this request,
21 | subject to its improper boilerplate objections.  Mattel has refused to confirm whether
22 | or not it has produced all non-privileged responsive documents or whether it is
23 | withholding documents based on its objections in Phase 2.  Under the Federal Rules
24 | of Civil Procedure, "an objection to part of a request must specify the part and
25 | permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
26 |
27 | [891]   See Webster Decl., ¶¶ 6-20.
28 |

1   fail to explain the basis for an objection with specificity are routinely rejected in the

2   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

3   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

4   harassing' are improper – especially when a party fails to submit any evidentiary

5   declarations supporting such objections").  Accordingly, Mattel must be compelled

6   either to certify that it has produced all non-privileged responsive documents or to

7   produce all such documents by a date certain.

8          To the extent that Mattel is relying on its blanket objections, they are

9   not sustainable and do not justify Mattel's failure to produce documents.

10          As to overbreadth, Mattel provides no explanation, let alone the

11   required particularity, as to *why* this request is supposedly overly broad, nor can it

12   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

13   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14   contrary, the request is narrowly tailored to seek documents sufficient enough to

15   identify all Mattel personnel who were ever a member of the primary team that

16   worked on the design and development Mattel's POLLY POCKET line.

17          As to burden, Mattel has not attempted to demonstrate why responding

18   to this request and/or producing responsive documents presents any burden.  This

19   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

20   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21   request is unduly burdensome must allege specific facts which indicate the nature

22   and extent of the burden, usually by affidavit or other reliable evidence.")

23   Moreover, it is not unduly burdensome, as noted above, in that the request is

24   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

25   has engaged in a broad variety of unfair trade practices including serial copying of

26   MGA products.

27

28

1      This request does not seek documents protected by the attorney-client

2  privilege, the attorney work product doctrine, or other applicable privileges.  To the

3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4      Mattel cites to the May 22, 2007 order, but that order is inapposite to

5  this request, which is much narrower than those considered irrelevant and/or

6  improper by the court.  Specifically, the request is narrowly tailored to documents

7  regarding a particular product line, namely POLLY POCKET.  Mattel also cites to

8  the April 19, 2007 order, but that order is also inapposite to this request, which is

9  much narrower than those considered irrelevant and/or improper by the court.

10  Specifically, the request is narrowly tailored to documents that are sufficient to

11  identify all Mattel personnel who were a member of the primary team that worked

12  on the design and development of POLLY POCKET products.

13      As to relevancy, Mattel has not attempted to demonstrate why the

14  responsive documents are irrelevant to the current action.  On the contrary, MGA

15  has alleged that Mattel is engaged in copying of MGA products, packaging, themes

16  and advertising.  POLLY POCKET is an example of one such product line.  A

17  request for documents sufficient enough to identify all Mattel personnel who were

18  ever a member of the primary team that worked on the design and development

19  Mattel's POLLY POCKET line is therefore relevant to this action and MGA's claim.

20      Mattel objects that the request contains confidential, proprietary, and

21  trade secret information.  A Protective Order exists in this case, obviating any

22  concern as to protection of privacy rights and/or commercially sensitive

23  information.

24      None of Mattel's improper objections are valid and Mattel is obligated

25  to produce all non-privileged responsive documents in its possession, custody, or

26  control.

27

28

1 | **MATTEL'S RESPONSE:**

2          Mattel's relevancy objection should be sustained, as the previous

3 | Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

4 | requests.[892]  MGA argues that "Mattel has not attempted to demonstrate why

5 | responding to this request and/or producing responsive documents is irrelevant to

6 | the present action."  However, MGA bears the burden of showing that its discovery

7 | meets the relevance requirements of <u>Rule</u> 26(b)(1).[893]  MGA makes the conclusory

8 | assertion that this Request is relevant to its allegations that "Mattel is engaged in

9 | copying of MGA products, packaging, themes and advertising."  However, as the

10 | prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's

11 | or Bryant's complaint or any of the other pleadings filed in this consolidated

12 | action."[894]  In denying MGA discovery into information related to Polly Pocket

13 | (with the exception of a documetns relating to a single Polly Pockoet television

14 | commercial identified in MGA's interrogatory responses), the Discovery Master

15 | held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to

16 | use broad discovery requests, untethered to a claim or defense, to fish for new

17 | claims." <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

18 | courts need not condone the use of discovery to engage in 'fishing expeditions.'").

19 | "A trial court has a duty, of special significance in lengthy and complex cases where

20 | the possibility of abuse is always present, to supervise and limit discovery to protect

21 | parties and witnesses from annoyance and excessive expense." <u>Dolgow v.</u>

22 | <u>Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan</u>

23 | 

---

24 |   [892]  <u>See</u> April 19, 2007 Order, at 7, Dart Decl., Exh. 1.

25 |   [893]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

26 | burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1

27 | (S.D. Cal. 2009).

  [894]  <u>See</u> April 19, 2007 Order, at 5, Dart Decl., Exh. 1.

28 |

1  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

2  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

3  (same).

4        Further, this Request is "clearly overbroad" according to the prior

5  Discovery Master's May 22, 2007 Order.[895]  In that Order, the Discovery Master

6  held that requests were "clearly overbroad" where they "requir[ed] production of

7  documents that merely mention MGA, Larian, Bratz, or other MGA products,

8  regardless of whether or not they have anything to do with the claims and defenses

9  in the case" and "MGA has not made any attempt to link these requests to any of the

10  numerous and far-ranging allegations of unfair competition set forth in its

11  complaint."[896]  This Request is improperly overbroad for the same reasons and must

12  be denied.

13        The Request is also overbroad as to time, seeking communications in a

14  time period that predates any Phase 2 issues related to MGA's allegations unfair

15  trade practices.

16        Further, as the prior Discovery Master has recognized, this Request is

17  unduly burdensome.[897]  Rule 26(b)(2)(c) provides that a Court should limit the

18  extent of discovery if it determines that the burden of the proposed discovery

19  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

20  duplicative, or is obtainable from some other source that is more convenient, less

21  burdensome, or less expensive; or the party seeking discovery has had ample

22  opportunity by discovery in the action to obtain the information sought. See Fed. R.

23  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

24

25  _____

26  [895]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

    [896]  Id. at 17.

27  [897]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.

28

1 │ to this overbroad Request would greatly outweigh any marginal benefit to MGA, for
2 │ the following reasons:



898   Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
899   Moore Decl. ¶ 5, Dart Decl., Exh. 32.
900   <u>Id.</u>
901   <u>Id.</u>

00505.07975/3161688.1

1 ████████████████████████████████████████████

2 ████████████████████████████████████████████

3 ████████████

4       There is no basis for overruling Mattel's privilege objection. MGA's

5 bald assertion that "[t]his request does not seek information protected by the

6 attorney-client privilege, the attorney work product doctrine, or other applicable

7 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

8 agreed that "all privileged documents would be logged except for documents created

9 after this action was filed on April 27, 2004."[904]  Thus, to the extent privileged

10 documents fall within the post lawsuit time period, they need not be included on

11 Mattel's log.  Although it bears the burden of showing why this agreement should

12 not be applied to a given Request, MGA fails to do so.

13       Finally, MGA failed to meet and confer at all, much less in good faith,

14 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

15 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

16 the moving party shall first identify each dispute, state the relief sought and identify

17 the authority supporting the requested relief in a meet and confer letter that shall be

18 served on all parties by facsimile or electronic mail. The parties shall have five court

19 days from the date of service of that letter to conduct an in-person conference to

20 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

21 confer, MGA had the burden to show the relevance of any requests it sought to

---

[902]   Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

[903]   Id.

[904]   See Order Denying Mattel's Motion for Protective Order Limiting the
Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
3.

1  move on.[905]   At no point during the meet and confer process did MGA show why

2  this Request could be considered relevant to Phase 2 issues.[906]  Because MGA

3  refused to even attempt to make this showing, there was no possibility of a good

4  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

5  deny MGA's motion with respect to this Request on that grounds alone.

6  **REQUEST FOR PRODUCTION NO. 635**

7       All "New Toy Status Reports" for POLLY POCKET.

8  **RESPONSE TO REQUEST NO. 635:**

9       In addition to the general objections stated above which are

10  incorporated herein by reference, Mattel objects to this Request on the grounds that

11  it is overbroad and unduly burdensome, including in that it seeks all documents on

12  this subject without limitation as to time, and regardless of whether such documents

13  relate to products or matters at issue in this case.  Mattel further objects to the

14  Request on the grounds that it seeks documents that are not relevant to this action or

15  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

16  Request on the grounds that it seeks confidential, proprietary and trade secret

17  information, including such information that has no bearing on the claims or

18  defenses in this action.  Mattel further objects to this Request on the grounds that it

19  calls for the disclosure of information subject to the attorney-client privilege, the

20  attorney work-product doctrine and other applicable privileges.  Mattel further

21  objects on the ground that this Request seeks to circumvent the Discovery Master's

22  Orders of April 19, 2007, and May 22, 2007.

23

24

---

25  [905]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

    burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

27  (S.D. Cal. May 14, 2009).

    [906]  See Webster Decl., ¶¶ 6-20.

28

# MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek all "New Toy Status Reports" for Mattel's POLLY POCKET line.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

1 and extent of the burden, usually by affidavit or other reliable evidence.")

2 Moreover, it is not unduly burdensome, as noted above, in that the request is

3 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

4 has engaged in a broad variety of unfair trade practices including serial copying of

5 MGA products.

6        This request does not seek documents protected by the attorney-client

7 privilege, the attorney work product doctrine, or other applicable privileges. To the

8 extent that Mattel contends that it does, Mattel must provide a privilege log.

9        Mattel cites to the May 22, 2007 order, but that order is inapposite to

10 this request, which is much narrower than those considered irrelevant and/or

11 improper by the court. Specifically, the request is narrowly tailored to documents

12 regarding a particular product line, namely POLLY POCKET. Mattel also cites to

13 the April 19, 2007 order, but that order is also inapposite to this request, which is

14 much narrower than those considered irrelevant and/or improper by the court.

15 Specifically, the request is narrowly tailored to all "New Toy Status Report" for

16 POLLY POCKET.

17       As to relevancy, Mattel has not attempted to demonstrate why the

18 responsive documents are irrelevant to the current action. On the contrary, MGA

19 has alleged that Mattel is engaged in copying of MGA products, packaging, themes

20 and advertising. POLLY POCKET is an example of one such product line. A

21 request to seek all "New Toy Status Reports" for Mattel's POLLY POCKET line is

22 therefore relevant to this action and MGA's claim.

23       Mattel objects that the request contains confidential, proprietary, and

24 trade secret information. A Protective Order exists in this case, obviating any

25 concern as to protection of privacy rights and/or commercially sensitive

26 information.

27

28

1    None of Mattel's improper objections are valid and Mattel is obligated

2 to produce all non-privileged responsive documents in its possession, custody, or

3 control.

4 **MATTEL'S RESPONSE:**

5    Mattel's relevancy objection should be sustained, as the previous

6 Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

7 requests.[907]  MGA argues that "Mattel has not attempted to demonstrate why

8 responding to this request and/or producing responsive documents is irrelevant to

9 the present action."  However, MGA bears the burden of showing that its discovery

10 meets the relevance requirements of Rule 26(b)(1).[908]  MGA makes the conclusory

11 assertion that this Request is relevant to its allegations that "Mattel is engaged in

12 copying of MGA products, packaging, themes and advertising."  However, as the

13 prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's

14 or Bryant's complaint or any of the other pleadings filed in this consolidated

15 action."[909]  In denying MGA discovery into information related to Polly Pocket

16 (with the exception of a documetns relating to a single Polly Pockoet television

17 commercial identified in MGA's interrogatory responses), the Discovery Master

18 held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to

19 use broad discovery requests, untethered to a claim or defense, to fish for new

20 claims." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

21 courts need not condone the use of discovery to engage in 'fishing expeditions.'").

22 "A trial court has a duty, of special significance in lengthy and complex cases where

23

---

24    [907] See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.

25    [908] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

26 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

27 (S.D. Cal. 2009).

    [909] See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.

28

1  the possibility of abuse is always present, to supervise and limit discovery to protect

2  parties and witnesses from annoyance and excessive expense." Dolgow v.

3  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

4  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

5  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

6  (same).

7       Further, this Request is "clearly overbroad" according to the prior

8  Discovery Master's May 22, 2007 Order.[910]  In that Order, the Discovery Master

9  held that requests were "clearly overbroad" where they "requir[ed] production of

10  documents that merely mention MGA, Larian, Bratz, or other MGA products,

11  regardless of whether or not they have anything to do with the claims and defenses

12  in the case" and "MGA has not made any attempt to link these requests to any of the

13  numerous and far-ranging allegations of unfair competition set forth in its

14  complaint."[911]  This Request is improperly overbroad for the same reasons and must

15  be denied.

16       The Request is also overbroad as to time, seeking communications in a

17  time period that predates any Phase 2 issues related to MGA's allegations unfair

18  trade practices.  The Request is also overbroad to the extent it seeks discovery into

19  events and products that post-date MGA's complaint, filed on April 15, 2005, based

20  on MGA's own argument that was accepted by the Discovery Master in denying

21  discovery Mattel was seeking regarding transactions occurring after the filing of

22  Mattel's complaint.[912]  MGA offers no reason, nor could it consistent with judicial

23

---

24    [910]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

25    [911]  Id. at 17.

  [912]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

26  Subpoenas Issued by Mattel, dated February 13, 2009, at 7, Dart Decl., Exh. 6,

27  where MGA argued that its transactions with the entities that financed acquisition of

the Wachovia debt were not relevant to Phase 2 because, inter alia, █████████

28    (footnote continued)

1   estoppel, why documents post-dating the filing of claims which do not allege

2   continuing wrongdoing are relevant to those claims.

3      Further, as the prior Discovery Master has recognized, this Request is

4   unduly burdensome.[913]   Rule 26(b)(2)(c) provides that a Court should limit the

5   extent of discovery if it determines that the burden of the proposed discovery

6   outweighs its likely benefit; the discovery sought is unreasonably cumulative or

7   duplicative, or is obtainable from some other source that is more convenient, less

8   burdensome, or less expensive; or the party seeking discovery has had ample

9   opportunity by discovery in the action to obtain the information sought.  See Fed. R.

10  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

11  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

12  the following reasons:

13  

14  

15  

16  

17  

18  

19  

20  

21  ████████████████████████████████████   In finding that "there has been
    no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

22  calculated to lead to the discovery of admissible evidence regarding the RICO

23  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
    other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

24  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

25  into existence – and therefore apparently did not encompass the activities or the
    transactions which are the subject of the Financing Discovery."  Discovery Matter

26  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

27  [913]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.
    [914]  Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

28



915 Id. ¶ 10.
916 Id.
917 See Pantel Decl. ¶ 7, Dart Decl., Exh. 31.
918 Id.



919 Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
920 Moore Decl. ¶ 5, Dart Decl., Exh. 32.
921 <u>Id.</u>
922 <u>Id.</u>

1 ████████████████████████████████████████████

2 ███████████████████████████████████

3        There is no basis for overruling Mattel's privilege objection. MGA's

4 bald assertion that "[t]his request does not seek information protected by the

5 attorney-client privilege, the attorney work product doctrine, or other applicable

6 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7 agreed that "all privileged documents would be logged except for documents created

8 after this action was filed on April 27, 2004."[926]  Thus, to the extent privileged

9 documents fall within the post lawsuit time period, they need not be included on

10 Mattel's log.  Although it bears the burden of showing why this agreement should

11 not be applied to a given Request, MGA fails to do so.

12        Finally, MGA failed to meet and confer at all, much less in good faith,

13 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15 the moving party shall first identify each dispute, state the relief sought and identify

16 the authority supporting the requested relief in a meet and confer letter that shall be

17 served on all parties by facsimile or electronic mail. The parties shall have five court

18 days from the date of service of that letter to conduct an in-person conference to

19 attempt to resolve the dispute.").  In order to engage in a meaningful meet and

20 confer, MGA had the burden to show the relevance of any requests it sought to

21

22

23
_____

24 [923] Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

25 [924] Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
[925] Id.

26 [926] See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1    move on.[927]   At no point during the meet and confer process did MGA show why

2    this Request could be considered relevant to Phase 2 issues.[928]  Because MGA

3    refused to even attempt to make this showing, there was no possibility of a good

4    faith meet and confer to resolve the parties' disputes.  The Discovery Master should

5    deny MGA's motion with respect to this Request on that grounds alone.

6    **REQUEST FOR PRODUCTION NO. 636**

7         DOCUMENTS sufficient to indicate when a project number was first

8    assigned to POLLY POCKET.

9    **RESPONSE TO REQUEST NO. 636:**

10        In addition to the general objections stated above which are

11   incorporated herein by reference, Mattel objects to this Request on the grounds that

12   it is overbroad and unduly burdensome, including in that it seeks all documents on

13   this subject without limitation as to time, and regardless of whether such documents

14   relate to products or matters at issue in this case.  Mattel further objects to the

15   Request on the grounds that it seeks documents that are not relevant to this action or

16   likely to lead to the discovery of admissible evidence.  Mattel further objects to this

17   Request on the grounds that it seeks confidential, proprietary and trade secret

18   information, including such information that has no bearing on the claims or

19   defenses in this action.  Mattel further objects to this Request on the grounds that it

20   calls for the disclosure of information subject to the attorney-client privilege, the

21   attorney work-product doctrine and other applicable privileges.  Mattel further

22   objects on the ground that this Request seeks to circumvent the Discovery Master's

23   Orders of April 19, 2007, and May 22, 2007.

24

25        [927]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26   Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
     (S.D. Cal. May 14, 2009).

28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents that sufficiently indicate when a project number was first assigned to Mattel's POLLY POCKET line.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This

---

[928] See Webster Decl., ¶¶ 6-20.

1    objection must therefore be rejected. <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.,</u>

2    173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3    request is unduly burdensome must allege specific facts which indicate the nature

4    and extent of the burden, usually by affidavit or other reliable evidence.")

5    Moreover, it is not unduly burdensome, as noted above, in that the request is

6    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7    has engaged in a broad variety of unfair trade practices including serial copying of

8    MGA products.

9            This request does not seek documents protected by the attorney-client

10   privilege, the attorney work product doctrine, or other applicable privileges.  To the

11   extent that Mattel contends that it does, Mattel must provide a privilege log.

12           Mattel cites to the May 22, 2007 order, but that order is inapposite to

13   this request, which is much narrower than those considered irrelevant and/or

14   improper by the court.  Specifically, the request is narrowly tailored to documents

15   regarding a particular product line, namely POLLY POCKET.  Mattel also cites to

16   the April 19, 2007 order, but that order is also inapposite to this request, which is

17   much narrower than those considered irrelevant and/or improper by the court.

18   Specifically, the request is narrowly tailored to documents sufficient enough to

19   indicate when a project number was first assigned POLLY POCKET.

20           As to relevancy, Mattel has not attempted to demonstrate why the

21   responsive documents are irrelevant to the current action.  On the contrary, MGA

22   has alleged that Mattel is engaged in copying of MGA products, packaging, themes

23   and advertising.  POLLY POCKET is an example of one such product line.  A

24   request to seek documents to sufficiently identify when a project number was first

25   assigned to Mattel's POLLY POCKET line is therefore relevant to this action and

26   MGA's claim.

27           Mattel objects that the request contains confidential, proprietary, and

28   trade secret information.  A Protective Order exists in this case, obviating any

1 concern as to protection of privacy rights and/or commercially sensitive

2 information.

3        None of Mattel's improper objections are valid and Mattel is obligated

4 to produce all non-privileged responsive documents in its possession, custody, or

5 control.

6 **MATTEL'S RESPONSE:**

7        Mattel's relevancy objection should be sustained, as the previous

8 Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

9 requests.[929]  MGA argues that "Mattel has not attempted to demonstrate why

10 responding to this request and/or producing responsive documents is irrelevant to

11 the present action."  However, MGA bears the burden of showing that its discovery

12 meets the relevance requirements of Rule 26(b)(1).[930]  MGA makes the conclusory

13 assertion that this Request is relevant to its allegations that "Mattel is engaged in

14 copying of MGA products, packaging, themes and advertising."  However, as the

15 prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's

16 or Bryant's complaint or any of the other pleadings filed in this consolidated

17 action."[931]  In denying MGA discovery into information related to Polly Pocket

18 (with the exception of a documetns relating to a single Polly Pockoet television

19 commercial identified in MGA's interrogatory responses), the Discovery Master

20 held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to

21 use broad discovery requests, untethered to a claim or defense, to fish for new

22 claims."  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

23

24   [929]  See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.
     [930]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
25 Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
26 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
27 (S.D. Cal. 2009).
     [931]  See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.
28

1  courts need not condone the use of discovery to engage in 'fishing expeditions.'").

2  "A trial court has a duty, of special significance in lengthy and complex cases where

3  the possibility of abuse is always present, to supervise and limit discovery to protect

4  parties and witnesses from annoyance and excessive expense." Dolgow v.

5  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

6  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

7  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

8  (same).

9            Further, this Request is "clearly overbroad" according to the prior

10  Discovery Master's May 22, 2007 Order.[932]  In that Order, the Discovery Master

11  held that requests were "clearly overbroad" where they "requir[ed] production of

12  documents that merely mention MGA, Larian, Bratz, or other MGA products,

13  regardless of whether or not they have anything to do with the claims and defenses

14  in the case" and "MGA has not made any attempt to link these requests to any of the

15  numerous and far-ranging allegations of unfair competition set forth in its

16  complaint."[933]  This Request is improperly overbroad for the same reasons and must

17  be denied.

18            The Request is also overbroad as to time, seeking communications in a

19  time period that predates any Phase 2 issues related to MGA's allegations unfair

20  trade practices.  The Request is also overbroad to the extent it seeks discovery into

21  events and products that post-date MGA's complaint, filed on April 15, 2005, based

22  on MGA's own argument that was accepted by the Discovery Master in denying

23  discovery Mattel was seeking regarding transactions occurring after the filing of

24

25

26

27  [932] See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
    [933] Id. at 17.

28

1  Mattel's complaint.[934]  MGA offers no reason, nor could it consistent with judicial

2  estoppel, why documents post-dating the filing of claims which do not allege

3  continuing wrongdoing are relevant to those claims.

4  　　　　Further, as the prior Discovery Master has recognized, this Request is

5  unduly burdensome.[935]  Rule 26(b)(2)(c) provides that a Court should limit the

6  extent of discovery if it determines that the burden of the proposed discovery

7  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

8  duplicative, or is obtainable from some other source that is more convenient, less

9  burdensome, or less expensive; or the party seeking discovery has had ample

10  opportunity by discovery in the action to obtain the information sought. See Fed. R.

11  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

12  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

13  the following reasons:

14  ████████████████████████████████████████

15  ████████████████████████████████████████

16  ████████████████████████████████████████

17  _____

18  　[934]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

19  Subpoenas Issued by Mattel, dated February 13, 2009, at 7, Dart Decl., Exh. 6,
   where MGA argued that its transactions with the entities that financed acquisition of

20  the Wachovia debt were not relevant to Phase 2 because, *inter alia,* ████████

21  ████████████  In finding that "there has been
   no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

22  calculated to lead to the discovery of admissible evidence regarding the RICO

23  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
   other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

24  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

25  into existence – and therefore apparently did not encompass the activities or the
   transactions which are the subject of the Financing Discovery." Discovery Matter

26  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

27  　[935]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.
   　[936]  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



937   Moore Decl. ¶ 5, Dart Decl., Exh. 32.
938   Id.
939   Id.
940   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

1  
2
3
4
5
6
7
8

9    There is no basis for overruling Mattel's privilege objection.  MGA's

10   bald assertion that "[t]his request does not seek information protected by the

11   attorney-client privilege, the attorney work product doctrine, or other applicable

12   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

13   agreed that "all privileged documents would be logged except for documents created

14   after this action was filed on April 27, 2004."[943]  Thus, to the extent  privileged

15   documents fall within the post lawsuit time period, they need not be included on

16   Mattel's log.  Although it bears the burden of showing why this agreement should

17   not be applied to a given Request, MGA fails to do so.

18   Finally, MGA failed to meet and confer at all, much less in good faith,

19   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

20   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

21   the moving party shall first identify each dispute, state the relief sought and identify

22   the authority supporting the requested relief in a meet and confer letter that shall be

23   served on all parties by facsimile or electronic mail. The parties shall have five court

24

25

26

27   [941]   Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
      [942]   Id.

28

00505.07975/3161688.1

-435-
MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN)

1  days from the date of service of that letter to conduct an in-person conference to
2  attempt to resolve the dispute.").   In order to engage in a meaningful meet and
3  confer, MGA had the burden to show the relevance of any requests it sought to
4  move on.[944]   At no point during the meet and confer process did MGA show why
5  this Request could be considered relevant to Phase 2 issues.[945]  Because MGA
6  refused to even attempt to make this showing, there was no possibility of a good
7  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
8  deny MGA's motion with respect to this Request on that grounds alone.

9  **REQUEST FOR PRODUCTION NO. 637**

10         All COMMUNICATIONS between YOU and any retailer
11  REFERRING TO OR RELATING TO whether POLLY POCKET copies,
12  replicates, or in any way imitates the appearance of BRATZ.

13  **RESPONSE TO REQUEST NO. 637:**

14         In addition to the general objections stated above which are
15  incorporated herein by reference, Mattel objects to this Request on the grounds that
16  it is overbroad and unduly burdensome, including in that it seeks all documents on
17  this subject without limitation as to time, and regardless of whether such documents
18  relate to products or matters at issue in this case.  Mattel further objects to the
19  Request on the grounds that it seeks documents that are not relevant to this action or
20  likely to lead to the discovery of admissible evidence.  Mattel further objects to this
21  Request on the grounds that it seeks confidential, proprietary and trade secret

22

23     [943]   See Order Denying Mattel's Motion for Protective Order Limiting the
24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
25  3.
       [944]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   (S.D. Cal. May 14, 2009).
28

00505.07975/3161688.1

-436-

1  information, including such information that has no bearing on the claims or

2  defenses in this action.  Mattel further objects on the ground that this Request seeks

3  to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

4  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

5  **TO SHOULD BE COMPELLED**

6      Mattel has not agreed to produce documents in response to this request,

7  subject to its improper boilerplate objections.  Mattel has refused to confirm whether

8  or not it has produced all non-privileged responsive documents or whether it is

9  withholding documents based on its objections in Phase 2.  Under the Federal Rules

10  of Civil Procedure, "an objection to part of a request must specify the part and

11  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

12  fail to explain the basis for an objection with specificity are routinely rejected in the

13  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

14  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

15  harassing' are improper – especially when a party fails to submit any evidentiary

16  declarations supporting such objections").  Accordingly, Mattel must be compelled

17  either to certify that it has produced all non-privileged responsive documents or to

18  produce all such documents by a date certain.

19      To the extent that Mattel is relying on its blanket objections, they are

20  not sustainable and do not justify Mattel's failure to produce documents.

21      As to overbreadth, Mattel provides no explanation, let alone the

22  required particularity, as to *why* this request is supposedly overly broad, nor can it

23  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

24  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

25  contrary, the request is narrowly tailored to seek communications between Mattel

26

27  [945]  See Webster Decl., ¶¶ 6-20.

28

1 | and any retailer referring to whether Mattel's POLLY POCKET line copies,
2 | replicates, or imitates the appearance of MGA's BRATZ line of products.

3 |      As to burden, Mattel has not attempted to demonstrate why responding
4 | to this request and/or producing responsive documents presents any burden.  This
5 | objection must therefore be rejected.  <u>See Jackson v. Montgomery Ward & Co., Inc.</u>,
6 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
7 | request is unduly burdensome must allege specific facts which indicate the nature
8 | and extent of the burden, usually by affidavit or other reliable evidence.")
9 | Moreover, it is not unduly burdensome, as noted above, in that the request is
10 | narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
11 | has engaged in a broad variety of unfair trade practices including serial copying of
12 | MGA products.

13 |      This request does not seek documents protected by the attorney-client
14 | privilege, the attorney work product doctrine, or other applicable privileges.  To the
15 | extent that Mattel contends that it does, Mattel must provide a privilege log.

16 |      Mattel cites to the May 22, 2007 order, but that order is inapposite to
17 | this request, which is much narrower than those considered irrelevant and/or
18 | improper by the court.  Specifically, the request is narrowly tailored to documents
19 | regarding a particular product line, namely POLLY POCKET.  Mattel also cites to
20 | the April 19, 2007 order, but that order is also inapposite to this request, which is
21 | much narrower than those considered irrelevant and/or improper by the court.
22 | Specifically, the request is narrowly tailored to communications between Mattel and
23 | any retailer related to whether POLLY POCKET copies, replicates, or imitates the
24 | appearance of BRATZ.

25 |      As to relevancy, Mattel has not attempted to demonstrate why the
26 | responsive documents are irrelevant to the current action.  On the contrary, MGA
27 | has alleged that Mattel is engaged in copying of MGA products, packaging, themes
28 | and advertising.  POLLY POCKET is an example of one such product line.  A

00505.07975/3161688.1

-438-

1  request to seek communications between Mattel and any retailer referring to

2  whether Mattel's POLLY POCKET line copies, replicates, or imitates the

3  appearance of MGA's BRATZ line of products is therefore relevant to this action

4  and MGA's claim.

5        Mattel objects that the request contains confidential, proprietary, and

6  trade secret information.  A Protective Order exists in this case, obviating any

7  concern as to protection of privacy rights and/or commercially sensitive

8  information.

9        None of Mattel's improper objections are valid and Mattel is obligated

10  to produce all non-privileged responsive documents in its possession, custody, or

11  control.

12  **MATTEL'S RESPONSE:**

13        Mattel's relevancy objection should be sustained, as the previous

14  Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

15  requests.[946]  MGA argues that "Mattel has not attempted to demonstrate why

16  responding to this request and/or producing responsive documents is irrelevant to

17  the present action."  However, MGA bears the burden of showing that its discovery

18  meets the relevance requirements of Rule 26(b)(1).[947]  MGA makes the conclusory

19  assertion that this Request is relevant to its allegations that "Mattel is engaged in

20  copying of MGA products, packaging, themes and advertising."  However, as the

21  prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's

22  or Bryant's complaint or any of the other pleadings filed in this consolidated

23

24

25  [946]  See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.

26  [947]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

28  (S.D. Cal. 2009).

action."[948]  In denying MGA discovery into information related to Polly Pocket
(with the exception of a documetns relating to a single Polly Pockoet television
commercial identified in MGA's interrogatory responses), the Discovery Master
held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to
use broad discovery requests, untethered to a claim or defense, to fish for new
claims." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District
courts need not condone the use of discovery to engage in 'fishing expeditions.'").
"A trial court has a duty, of special significance in lengthy and complex cases where
the possibility of abuse is always present, to supervise and limit discovery to protect
parties and witnesses from annoyance and excessive expense." Dolgow v.
Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan
American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);
Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)
(same).

Further, this Request is "clearly overbroad" according to the prior
Discovery Master's May 22, 2007 Order.[949]  In that Order, the Discovery Master
held that requests were "clearly overbroad" where they "requir[ed] production of
documents that merely mention MGA, Larian, Bratz, or other MGA products,
regardless of whether or not they have anything to do with the claims and defenses
in the case" and "MGA has not made any attempt to link these requests to any of the
numerous and far-ranging allegations of unfair competition set forth in its
complaint."[950]  This Request is improperly overbroad for the same reasons and must
be denied.

---

[948]  See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.
[949]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
[950]  Id. at 17.

1    The Request is also overbroad as to time, seeking communications in a

2  time period that predates any Phase 2 issues related to MGA's allegations unfair

3  trade practices.  The Request is also overbroad to the extent it seeks discovery into

4  events and products that post-date MGA's complaint, filed on April 15, 2005, based

5  on MGA's own argument that was accepted by the Discovery Master in denying

6  discovery Mattel was seeking regarding transactions occurring after the filing of

7  Mattel's complaint.[951]  MGA offers no reason, nor could it consistent with judicial

8  estoppel, why documents post-dating the filing of claims which do not allege

9  continuing wrongdoing are relevant to those claims.

10    Further, as the prior Discovery Master has recognized, this Request is

11  unduly burdensome.[952]  Rule 26(b)(2)(c) provides that a Court should limit the

12  extent of discovery if it determines that the burden of the proposed discovery

13  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

14  duplicative, or is obtainable from some other source that is more convenient, less

15  burdensome, or less expensive; or the party seeking discovery has had ample

16  opportunity by discovery in the action to obtain the information sought.  See Fed. R.

17  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

18

19    [951]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

20  Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,

21  where MGA argued that its transactions with the entities that financed acquisition of
the Wachovia debt were not relevant to Phase 2 because, *inter alia,* ▮▮▮▮▮▮

22  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  In finding that "there has been

23  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
calculated to lead to the discovery of admissible evidence regarding the RICO

24  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

25  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26  into existence – and therefore apparently did not encompass the activities or the

27  transactions which are the subject of the Financing Discovery."  Discovery Matter
Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

28

1   to this overbroad Request would greatly outweigh any marginal benefit to MGA, for
2   the following reasons:

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

---

25   [952] See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.
26   [953] Pantel Decl. ¶ 9, Dart Decl., Exh. 31.
     [954] Id. ¶ 10.
27   [955] Id.
     [956] See Pantel Decl. ¶ 7, Dart Decl., Exh. 31.
28



957 <u>Id.</u>
958 Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
959 Moore Decl. ¶ 5, Dart Decl., Exh. 32.
960 <u>Id.</u>

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN)

00505.07975/3161688.1



        There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[965]  Thus, to the extent  privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.  Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

---

[961]    Id.
[962]    Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
[963]    Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
[964]    Id.
[965]    See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1         Finally, MGA failed to meet and confer at all, much less in good faith,

2    regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4    the moving party shall first identify each dispute, state the relief sought and identify

5    the authority supporting the requested relief in a meet and confer letter that shall be

6    served on all parties by facsimile or electronic mail. The parties shall have five court

7    days from the date of service of that letter to conduct an in-person conference to

8    attempt to resolve the dispute.").   In order to engage in a meaningful meet and

9    confer, MGA had the burden to show the relevance of any requests it sought to

10   move on.[966]   At no point during the meet and confer process did MGA show why

11   this Request could be considered relevant to Phase 2 issues.[967]  Because MGA

12   refused to even attempt to make this showing, there was no possibility of a good

13   faith meet and confer to resolve the parties' disputes.  The Discovery Master should

14   deny MGA's motion with respect to this Request on that grounds alone.

15   **REQUEST FOR PRODUCTION NO. 638**

16        All COMMUNICATIONS between YOU and any customer

17   REFERRING TO OR RELATING TO whether POLLY POCKET copies,

18   replicates, or in any way imitates the appearance of BRATZ.

19   **RESPONSE TO REQUEST NO. 638:**

20        In addition to the general objections stated above which are

21   incorporated herein by reference, Mattel objects to this Request on the grounds that

22   it is overbroad and unduly burdensome, including in that it seeks all documents on

23   this subject without limitation as to time, and regardless of whether such documents

24

---

25   [966]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26   Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  relate to products or matters at issue in this case.  Mattel further objects to the

2  Request on the grounds that it seeks documents that are not relevant to this action or

3  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

4  Request on the grounds that it seeks confidential, proprietary and trade secret

5  information, including such information that has no bearing on the claims or

6  defenses in this action.  Mattel further objects on the ground that this Request seeks

7  to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

8  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

9  **TO SHOULD BE COMPELLED**

10        Mattel has not agreed to produce documents in response to this request,

11  subject to its improper boilerplate objections.  Mattel has refused to confirm whether

12  or not it has produced all non-privileged responsive documents or whether it is

13  withholding documents based on its objections in Phase 2.  Under the Federal Rules

14  of Civil Procedure, "an objection to part of a request must specify the part and

15  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

16  fail to explain the basis for an objection with specificity are routinely rejected in the

17  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

18  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

19  harassing' are improper – especially when a party fails to submit any evidentiary

20  declarations supporting such objections").  Accordingly, Mattel must be compelled

21  either to certify that it has produced all non-privileged responsive documents or to

22  produce all such documents by a date certain.

23        To the extent that Mattel is relying on its blanket objections, they are

24  not sustainable and do not justify Mattel's failure to produce documents.

25

26

27  [967]  See Webster Decl., ¶¶ 6-20.

28

1       As to overbreadth, Mattel provides no explanation, let alone the

2   required particularity, as to **why** this request is supposedly overly broad, nor can it

3   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

4   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5   contrary, the request is narrowly tailored to seek communications between Mattel

6   and any customer referring to whether Mattel's POLLY POCKET line copies,

7   replicates, or imitates the appearance of MGA's BRATZ line of products.

8       As to burden, Mattel has not attempted to demonstrate why responding

9   to this request and/or producing responsive documents presents any burden.  This

10  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.,</u>

11  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12  request is unduly burdensome must allege specific facts which indicate the nature

13  and extent of the burden, usually by affidavit or other reliable evidence.")

14  Moreover, it is not unduly burdensome, as noted above, in that the request is

15  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16  has engaged in a broad variety of unfair trade practices including serial copying of

17  MGA products.

18      This request does not seek documents protected by the attorney-client

19  privilege, the attorney work product doctrine, or other applicable privileges.  To the

20  extent that Mattel contends that it does, Mattel must provide a privilege log.

21      Mattel cites to the May 22, 2007 order, but that order is inapposite to

22  this request, which is much narrower than those considered irrelevant and/or

23  improper by the court.  Specifically, the request is narrowly tailored to documents

24  regarding a particular product line, namely POLLY POCKET.  Mattel also cites to

25  the April 19, 2007 order, but that order is also inapposite to this request, which is

26  much narrower than those considered irrelevant and/or improper by the court.

27  Specifically, the request is narrowly tailored to communications between Mattel and

28

00505.07975/3161688.1

1  any customer related to whether POLLY POCKET copies, replicates, or imitates the
2  appearance of BRATZ.

3         As to relevancy, Mattel has not attempted to demonstrate why the
4  responsive documents are irrelevant to the current action.  On the contrary, MGA
5  has alleged that Mattel is engaged in copying of MGA products, packaging, themes
6  and advertising.  POLLY POCKET is an example of one such product line.  A
7  request to seek communications between Mattel and any customer referring to
8  whether Mattel's POLLY POCKET line copies, replicates, or imitates the
9  appearance of MGA's BRATZ line of products is therefore relevant to this action
10 and MGA's claim.

11        Mattel objects that the request contains confidential, proprietary, and
12 trade secret information.  A Protective Order exists in this case, obviating any
13 concern as to protection of privacy rights and/or commercially sensitive
14 information.

15        None of Mattel's improper objections are valid and Mattel is obligated
16 to produce all non-privileged responsive documents in its possession, custody, or
17 control.

18 **MATTEL'S RESPONSE:**

19        Mattel's relevancy objection should be sustained, as the previous
20 Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket
21 requests.[968]  MGA argues that "Mattel has not attempted to demonstrate why
22 responding to this request and/or producing responsive documents is irrelevant to
23 the present action."  However, MGA bears the burden of showing that its discovery
24 meets the relevance requirements of Rule 26(b)(1).[969]  MGA makes the conclusory

25

---

26   [968]  See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.
27   [969]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
     Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
28         (footnote continued)

                                   -448-
                MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN)

1  assertion that this Request is relevant to its allegations that "Mattel is engaged in

2  copying of MGA products, packaging, themes and advertising." However, as the

3  prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's

4  or Bryant's complaint or any of the other pleadings filed in this consolidated

5  action."[970]  In denying MGA discovery into information related to Polly Pocket

6  (with the exception of a documetns relating to a single Polly Pockoet television

7  commercial identified in MGA's interrogatory responses), the Discovery Master

8  held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to

9  use broad discovery requests, untethered to a claim or defense, to fish for new

10  claims." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

11  courts need not condone the use of discovery to engage in 'fishing expeditions.'").

12  "A trial court has a duty, of special significance in lengthy and complex cases where

13  the possibility of abuse is always present, to supervise and limit discovery to protect

14  parties and witnesses from annoyance and excessive expense." Dolgow v.

15  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

16  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

17  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

18  (same).

19          Further, this Request is "clearly overbroad" according to the prior

20  Discovery Master's May 22, 2007 Order.[971]  In that Order, the Discovery Master

21  held that requests were "clearly overbroad" where they "requir[ed] production of

22  documents that merely mention MGA, Larian, Bratz, or other MGA products,

23  regardless of whether or not they have anything to do with the claims and defenses

24

25  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

26  (S.D. Cal. 2009).

27  [970]  See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.

    [971]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

28

1  in the case" and "MGA has not made any attempt to link these requests to any of the

2  numerous and far-ranging allegations of unfair competition set forth in its

3  complaint."[972]  This Request is improperly overbroad for the same reasons and must

4  be denied.

5          The Request is also overbroad as to time, seeking communications in a

6  time period that predates any Phase 2 issues related to MGA's allegations unfair

7  trade practices.  The Request is also overbroad to the extent it seeks discovery into

8  events and products that post-date MGA's complaint, filed on April 15, 2005, based

9  on MGA's own argument that was accepted by the Discovery Master in denying

10  discovery Mattel was seeking regarding transactions occurring after the filing of

11  Mattel's complaint.[973]  MGA offers no reason, nor could it consistent with judicial

12  estoppel, why documents post-dating the filing of claims which do not allege

13  continuing wrongdoing are relevant to those claims.

14          Further, as the prior Discovery Master has recognized, this Request is

15  unduly burdensome.[974]  Rule 26(b)(2)(c) provides that a Court should limit the

16  extent of discovery if it determines that the burden of the proposed discovery

17

18  [972]  Id. at 17.

19  [973]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
    Subpoenas Issued by Mattel, dated February 13, 2009, at 7, Dart Decl., Exh. 6,

20  where MGA argued that its transactions with the entities that financed acquisition of
    the Wachovia debt were not relevant to Phase 2 because, inter alia, ███████████

21  ████████████████████████████  In finding that "there has been

22  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

23  calculated to lead to the discovery of admissible evidence regarding the RICO
    counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

24  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

25  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
    into existence – and therefore apparently did not encompass the activities or the

26  transactions which are the subject of the Financing Discovery."  Discovery Matter

27  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
    [974]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.

28

1  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

2  duplicative, or is obtainable from some other source that is more convenient, less

3  burdensome, or less expensive; or the party seeking discovery has had ample

4  opportunity by discovery in the action to obtain the information sought.  See Fed. R.

5  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

6  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

7  the following reasons:



25  _____

26  975  Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

27  976  Id. ¶ 10.

28  977  Id.



978 <u>See</u> Pantel Decl. ¶ 7, Dart Decl., Exh. 31.
979 <u>Id.</u>
980 Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
981 Moore Decl. ¶ 5, Dart Decl., Exh. 32.
982 <u>Id.</u>



17    Finally, MGA failed to meet and confer at all, much less in good faith,

18   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

19   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

20   the moving party shall first identify each dispute, state the relief sought and identify

21   the authority supporting the requested relief in a meet and confer letter that shall be

22   served on all parties by facsimile or electronic mail. The parties shall have five court

23   days from the date of service of that letter to conduct an in-person conference to

24

983  Id.
984  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
985  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
986  Id.

1  attempt to resolve the dispute.").   In order to engage in a meaningful meet and
2  confer, MGA had the burden to show the relevance of any requests it sought to
3  move on.[987]   At no point during the meet and confer process did MGA show why
4  this Request could be considered relevant to Phase 2 issues.[988]  Because MGA
5  refused to even attempt to make this showing, there was no possibility of a good
6  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
7  deny MGA's motion with respect to this Request on that grounds alone.

8  **REQUEST FOR PRODUCTION NO. 639**

9        All COMMUNICATIONS between YOU and any member of the press
10  REFERRING TO OR RELATING TO whether POLLY POCKET copies,
11  replicates, or in any way imitates the appearance of BRATZ.

12  **RESPONSE TO REQUEST NO. 639:**

13        In addition to the general objections stated above which are
14  incorporated herein by reference, Mattel objects to this Request on the grounds that
15  it is overbroad and unduly burdensome, including in that it seeks all documents on
16  this subject without limitation as to time, and regardless of whether such documents
17  relate to products or matters at issue in this case.  Mattel further objects to the
18  Request on the grounds that it seeks documents that are not relevant to this action or
19  likely to lead to the discovery of admissible evidence.  Mattel further objects to this
20  Request on the grounds that it seeks confidential, proprietary and trade secret
21  information, including such information that has no bearing on the claims or
22  defenses in this action.  Mattel further objects on the ground that this Request seeks
23  to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

24  _____

25    [987]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).
28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek communications between Mattel and any member of the press referring to whether Mattel's POLLY POCKET line copies, replicates, or imitates the appearance of MGA's BRATZ line of products.

---

[988] See Webster Decl., ¶¶ 6-20.

1    As to burden, Mattel has not attempted to demonstrate why responding

2  to this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.")

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9  has engaged in a broad variety of unfair trade practices including serial copying of

10  MGA products.

11    This request does not seek documents protected by the attorney-client

12  privilege, the attorney work product doctrine, or other applicable privileges.  To the

13  extent that Mattel contends that it does, Mattel must provide a privilege log.

14    Mattel cites to the May 22, 2007 order, but that order is inapposite to

15  this request, which is much narrower than those considered irrelevant and/or

16  improper by the court.  Specifically, the request is narrowly tailored to documents

17  regarding a particular product line, namely POLLY POCKET.  Mattel also cites to

18  the April 19, 2007 order, but that order is also inapposite to this request, which is

19  much narrower than those considered irrelevant and/or improper by the court.

20  Specifically, the request is narrowly tailored to communications between Mattel and

21  any member of the press related to whether POLLY POCKET copies, replicates, or

22  imitates the appearance of BRATZ.

23    As to relevancy, Mattel has not attempted to demonstrate why the

24  responsive documents are irrelevant to the current action.  On the contrary, MGA

25  has alleged that Mattel is engaged in copying of MGA products, packaging, themes

26  and advertising.  POLLY POCKET is an example of one such product line.  A

27  request to seek communications between Mattel and any member of the press

28  referring to whether Mattel's POLLY POCKET line copies, replicates, or imitates

1   the appearance of MGA's BRATZ line of products is therefore relevant to this action

2   and MGA's claim.

3          Mattel objects that the request contains confidential, proprietary, and

4   trade secret information.  A Protective Order exists in this case, obviating any

5   concern as to protection of privacy rights and/or commercially sensitive

6   information.

7          None of Mattel's improper objections are valid and Mattel is obligated

8   to produce all non-privileged responsive documents in its possession, custody, or

9   control.

10  **MATTEL'S RESPONSE:**

11         Mattel's relevancy objection should be sustained, as the previous

12  Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

13  requests.[989]  MGA argues that "Mattel has not attempted to demonstrate why

14  responding to this request and/or producing responsive documents is irrelevant to

15  the present action."  However, MGA bears the burden of showing that its discovery

16  meets the relevance requirements of Rule 26(b)(1).[990]  MGA makes the conclusory

17  assertion that this Request is relevant to its allegations that "Mattel is engaged in

18  copying of MGA products, packaging, themes and advertising."  However, as the

19  prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's

20  or Bryant's complaint or any of the other pleadings filed in this consolidated

21  action."[991]  In denying MGA discovery into information related to Polly Pocket

22  (with the exception of a documetns relating to a single Polly Pockoet television

23

24      [989]  See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.
        [990]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
25  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
26  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
27  (S.D. Cal. 2009).
        [991]  See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.
28

1   commercial identified in MGA's interrogatory responses), the Discovery Master

2   held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to

3   use broad discovery requests, untethered to a claim or defense, to fish for new

4   claims." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

5   courts need not condone the use of discovery to engage in 'fishing expeditions.'").

6   "A trial court has a duty, of special significance in lengthy and complex cases where

7   the possibility of abuse is always present, to supervise and limit discovery to protect

8   parties and witnesses from annoyance and excessive expense." Dolgow v.

9   Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

10  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

11  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

12  (same).

13          Further, this Request is "clearly overbroad" according to the prior

14  Discovery Master's May 22, 2007 Order.[992]  In that Order, the Discovery Master

15  held that requests were "clearly overbroad" where they "requir[ed] production of

16  documents that merely mention MGA, Larian, Bratz, or other MGA products,

17  regardless of whether or not they have anything to do with the claims and defenses

18  in the case" and "MGA has not made any attempt to link these requests to any of the

19  numerous and far-ranging allegations of unfair competition set forth in its

20  complaint."[993]  This Request is improperly overbroad for the same reasons and must

21  be denied.

22          The Request is also overbroad as to time, seeking communications in a

23  time period that predates any Phase 2 issues related to MGA's allegations unfair

24  trade practices.  The Request is also overbroad to the extent it seeks discovery into

25  events and products that post-date MGA's complaint, filed on April 15, 2005, based

26

27  [992]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

28

1   on MGA's own argument that was accepted by the Discovery Master in denying

2   discovery Mattel was seeking regarding transactions occurring after the filing of

3   Mattel's complaint.[994]   MGA offers no reason, nor could it consistent with judicial

4   estoppel, why documents post-dating the filing of claims which do not allege

5   continuing wrongdoing are relevant to those claims.

6          Further, as the prior Discovery Master has recognized, this Request is

7   unduly burdensome.[995]   Rule 26(b)(2)(c) provides that a Court should limit the

8   extent of discovery if it determines that the burden of the proposed discovery

9   outweighs its likely benefit; the discovery sought is unreasonably cumulative or

10   duplicative, or is obtainable from some other source that is more convenient, less

11   burdensome, or less expensive; or the party seeking discovery has had ample

12   opportunity by discovery in the action to obtain the information sought.  See Fed. R.

13   Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

14   to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

15   the following reasons:

16

17

---

18   [993]   Id. at 17.

19   [994]   See MGA Parties' Reply In Support of Their Motion to Quash Receiver
     Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,

20   where MGA argued that its transactions with the entities that financed acquisition of
     the Wachovia debt were not relevant to Phase 2 because, inter alia, ████████████

21   ██████████████████████████████████████████  In finding that "there has been

22   no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
     calculated to lead to the discovery of admissible evidence regarding the RICO

23   counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
     other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

24   than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

25   into existence – and therefore apparently did not encompass the activities or the

26   transactions which are the subject of the Financing Discovery."  Discovery Matter
     Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

27   [995]   See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  996  Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

26  997  Id. ¶ 10.

27  998  Id.

     999  See Pantel Decl. ¶ 7, Dart Decl., Exh. 31.

28

00505.07975/3161688.1

1 

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23 —————————————

24 1000  <u>Id.</u>
25 1001  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
      1002  Moore Decl. ¶ 5, Dart Decl., Exh. 32.
26 1003  <u>Id.</u>
      1004  <u>Id.</u>
27 1005  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

28



11    Finally, MGA failed to meet and confer at all, much less in good faith,

12  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

13  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

14  the moving party shall first identify each dispute, state the relief sought and identify

15  the authority supporting the requested relief in a meet and confer letter that shall be

16  served on all parties by facsimile or electronic mail. The parties shall have five court

17  days from the date of service of that letter to conduct an in-person conference to

18  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

19  confer, MGA had the burden to show the relevance of any requests it sought to

20  move on.[1008]   At no point during the meet and confer process did MGA show why

21  this Request could be considered relevant to Phase 2 issues.[1009]  Because MGA

---

[1006]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
[1007]  Id.
[1008]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
1390794 at *1 (S.D. Cal. May 14, 2009).
[1009]  See Webster Decl., ¶¶ 6-20.

1  refused to even attempt to make this showing, there was no possibility of a good

2  faith meet and confer to resolve the parties' disputes. The Discovery Master should

3  deny MGA's motion with respect to this Request on that grounds alone.

4  **REQUEST FOR PRODUCTION NO. 640**

5         All COMMUNICATIONS between YOU and any supplier

6  REFERRING TO OR RELATING TO whether POLLY POCKET copies,

7  replicates, or in any way imitates the appearance of BRATZ.

8  **RESPONSE TO REQUEST NO. 640:**

9         In addition to the general objections stated above which are

10  incorporated herein by reference, Mattel objects to this Request on the grounds that

11  it is overbroad and unduly burdensome, including in that it seeks all documents on

12  this subject without limitation as to time, and regardless of whether such documents

13  relate to products or matters at issue in this case. Mattel further objects to the

14  Request on the grounds that it seeks documents that are not relevant to this action or

15  likely to lead to the discovery of admissible evidence. Mattel further objects to this

16  Request on the grounds that it seeks confidential, proprietary and trade secret

17  information, including such information that has no bearing on the claims or

18  defenses in this action. Mattel further objects on the ground that this Request seeks

19  to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

20  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

21  **TO SHOULD BE COMPELLED**

22         Mattel has not agreed to produce documents in response to this request,

23  subject to its improper boilerplate objections. Mattel has refused to confirm whether

24  or not it has produced all non-privileged responsive documents or whether it is

25  withholding documents based on its objections in Phase 2. Under the Federal Rules

26  of Civil Procedure, "an objection to part of a request must specify the part and

27  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

28  fail to explain the basis for an objection with specificity are routinely rejected in the

1 | Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
2 | (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
3 | harassing' are improper – especially when a party fails to submit any evidentiary
4 | declarations supporting such objections").  Accordingly, Mattel must be compelled
5 | either to certify that it has produced all non-privileged responsive documents or to
6 | produce all such documents by a date certain.

7 | To the extent that Mattel is relying on its blanket objections, they are
8 | not sustainable and do not justify Mattel's failure to produce documents.

9 | As to overbreadth, Mattel provides no explanation, let alone the
10 | required particularity, as to **why** this request is supposedly overly broad, nor can it
11 | do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
12 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
13 | contrary, the request is narrowly tailored to seek communications between Mattel
14 | and any supplier referring to whether Mattel's POLLY POCKET line copies,
15 | replicates, or imitates the appearance of MGA's BRATZ line of products.

16 | As to burden, Mattel has not attempted to demonstrate why responding
17 | to this request and/or producing responsive documents presents any burden.  This
18 | objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
19 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
20 | request is unduly burdensome must allege specific facts which indicate the nature
21 | and extent of the burden, usually by affidavit or other reliable evidence.")
22 | Moreover, it is not unduly burdensome, as noted above, in that the request is
23 | narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
24 | has engaged in a broad variety of unfair trade practices including serial copying of
25 | MGA products.

26 | This request does not seek documents protected by the attorney-client
27 | privilege, the attorney work product doctrine, or other applicable privileges.  To the
28 | extent that Mattel contends that it does, Mattel must provide a privilege log.

1    Mattel cites to the May 22, 2007 order, but that order is inapposite to
2    this request, which is much narrower than those considered irrelevant and/or
3    improper by the court.  Specifically, the request is narrowly tailored to documents
4    regarding a particular product line, namely POLLY POCKET.  Mattel also cites to
5    the April 19, 2007 order, but that order is also inapposite to this request, which is
6    much narrower than those considered irrelevant and/or improper by the court.
7    Specifically, the request is narrowly tailored to communications between Mattel and
8    any supplier related to whether POLLY POCKET copies, replicates, or imitates the
9    appearance of BRATZ.

10   As to relevancy, Mattel has not attempted to demonstrate why the
11   responsive documents are irrelevant to the current action.  On the contrary, MGA
12   has alleged that Mattel is engaged in copying of MGA products, packaging, themes
13   and advertising.  POLLY POCKET is an example of one such product line.  A
14   request to seek communications between Mattel and any supplier referring to
15   whether Mattel's POLLY POCKET line copies, replicates, or imitates the
16   appearance of MGA's BRATZ line of products is therefore relevant to this action
17   and MGA's claim.

18   Mattel objects that the request contains confidential, proprietary, and
19   trade secret information.  A Protective Order exists in this case, obviating any
20   concern as to protection of privacy rights and/or commercially sensitive
21   information.

22   None of Mattel's improper objections are valid and Mattel is obligated
23   to produce all non-privileged responsive documents in its possession, custody, or
24   control.

25

26

27

28

00505.07975/3161688.1

-465-
MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN)

**MATTEL'S RESPONSE:**

Mattel's relevancy objection should be sustained, as the previous Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket requests.[1010] MGA argues that "Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents is irrelevant to the present action." However, MGA bears the burden of showing that its discovery meets the relevance requirements of <u>Rule</u> 26(b)(1).[1011] MGA makes the conclusory assertion that this Request is relevant to its allegations that "Mattel is engaged in copying of MGA products, packaging, themes and advertising." However, as the prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's or Bryant's complaint or any of the other pleadings filed in this consolidated action."[1012] In denying MGA discovery into information related to Polly Pocket (with the exception of a documetns relating to a single Polly Pockoet television commercial identified in MGA's interrogatory responses), the Discovery Master held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to use broad discovery requests, untethered to a claim or defense, to fish for new claims." <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"). "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan</u>

---

[1010]   <u>See</u> April 19, 2007 Order, at 7, Dart Decl., Exh. 1.

[1011]   <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[1012]   <u>See</u> April 19, 2007 Order, at 5, Dart Decl., Exh. 1.

1 | American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

2 | Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

3 | (same).

4 |      Further, this Request is "clearly overbroad" according to the prior

5 | Discovery Master's May 22, 2007 Order.[1013]  In that Order, the Discovery Master

6 | held that requests were "clearly overbroad" where they "requir[ed] production of

7 | documents that merely mention MGA, Larian, Bratz, or other MGA products,

8 | regardless of whether or not they have anything to do with the claims and defenses

9 | in the case" and "MGA has not made any attempt to link these requests to any of the

10 | numerous and far-ranging allegations of unfair competition set forth in its

11 | complaint."[1014]  This Request is improperly overbroad for the same reasons and must

12 | be denied.

13 |      The Request is also overbroad as to time, seeking communications in a

14 | time period that predates any Phase 2 issues related to MGA's allegations unfair

15 | trade practices.  The Request is also overbroad to the extent it seeks discovery into

16 | events and products that post-date MGA's complaint, filed on April 15, 2005, based

17 | on MGA's own argument that was accepted by the Discovery Master in denying

18 | discovery Mattel was seeking regarding transactions occurring after the filing of

19 | Mattel's complaint.[1015]  MGA offers no reason, nor could it consistent with judicial

---

[1013]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

[1014]  Id. at 17.

[1015]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6, where MGA argued that its transactions with the entities that financed acquisition of the Wachovia debt were not relevant to Phase 2 because, inter alia, ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  In finding that "there has been no showing by Mattel that the Subpoenas to the Financing Entities are reasonably calculated to lead to the discovery of admissible evidence regarding the RICO counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

(footnote continued)

1  estoppel, why documents post-dating the filing of claims which do not allege

2  continuing wrongdoing are relevant to those claims.

3       Further, as the prior Discovery Master has recognized, this Request is

4  unduly burdensome.[1016]  Rule 26(b)(2)(c) provides that a Court should limit the

5  extent of discovery if it determines that the burden of the proposed discovery

6  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

7  duplicative, or is obtainable from some other source that is more convenient, less

8  burdensome, or less expensive; or the party seeking discovery has had ample

9  opportunity by discovery in the action to obtain the information sought.  See Fed. R.

10  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

11  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

12  the following reasons:

13

14

15

16

17

18

19

20

21

22

23  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
   than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
24  into existence – and therefore apparently did not encompass the activities or the
   transactions which are the subject of the Financing Discovery."  Discovery Matter
25  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

26  [1016]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.
   [1017]  Pantel Decl. ¶ 9, Dart Decl., Exh. 31.
27  [1018]  Id. ¶ 10.

28

00505.07975/3161688.1

-468-



1019  Id.
1020  See Pantel Decl. ¶ 7, Dart Decl., Exh. 31.
1021  Id.
1022  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

00505.07975/3161688.1



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   1023   Moore Decl. ¶ 5, Dart Decl., Exh. 32.

26   1024   Id.

27   1025   Id.
     1026   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

28

1    ████████████████████████████████████████████████

2    ██████████████████████████████████████████

3

4         Finally, MGA failed to meet and confer at all, much less in good faith,

5    regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

6    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

7    the moving party shall first identify each dispute, state the relief sought and identify

8    the authority supporting the requested relief in a meet and confer letter that shall be

9    served on all parties by facsimile or electronic mail. The parties shall have five court

10   days from the date of service of that letter to conduct an in-person conference to

11   attempt to resolve the dispute.").   In order to engage in a meaningful meet and

12   confer, MGA had the burden to show the relevance of any requests it sought to

13   move on.[1029]   At no point during the meet and confer process did MGA show why

14   this Request could be considered relevant to Phase 2 issues.[1030]  Because MGA

15   refused to even attempt to make this showing, there was no possibility of a good

16   faith meet and confer to resolve the parties' disputes.  The Discovery Master should

17   deny MGA's motion with respect to this Request on that grounds alone.

18   **REQUEST FOR PRODUCTION NO. 641**

19        All COMMUNICATIONS between YOU and any third party

20   REFERRING TO OR RELATING TO whether POLLY POCKET copies,

21   replicates, or in any way imitates the appearance of BRATZ.

22

23   _____

     [1027]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
24   [1028]  Id.
     [1029]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
25   Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
26   initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. May 14, 2009).
27   [1030]  See Webster Decl., ¶¶ 6-20.

28

**RESPONSE TO REQUEST NO. 641:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled

1   either to certify that it has produced all non-privileged responsive documents or to

2   produce all such documents by a date certain.

3   　　　　To the extent that Mattel is relying on its blanket objections, they are

4   not sustainable and do not justify Mattel's failure to produce documents.

5   　　　　As to overbreadth, Mattel provides no explanation, let alone the

6   required particularity, as to *why* this request is supposedly overly broad, nor can it

7   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

8   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

9   contrary, the request is narrowly tailored to seek communications between Mattel

10   and any third party referring to whether Mattel's POLLY POCKET line copies,

11   replicates, or imitates the appearance of MGA's BRATZ line of products.

12   　　　　As to burden, Mattel has not attempted to demonstrate why responding

13   to this request and/or producing responsive documents presents any burden. This

14   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

15   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16   request is unduly burdensome must allege specific facts which indicate the nature

17   and extent of the burden, usually by affidavit or other reliable evidence.")

18   Moreover, it is not unduly burdensome, as noted above, in that the request is

19   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

20   has engaged in a broad variety of unfair trade practices including serial copying of

21   MGA products.

22   　　　　This request does not seek documents protected by the attorney-client

23   privilege, the attorney work product doctrine, or other applicable privileges. To the

24   extent that Mattel contends that it does, Mattel must provide a privilege log.

25   　　　　Mattel cites to the May 22, 2007 order, but that order is inapposite to

26   this request, which is much narrower than those considered irrelevant and/or

27   improper by the court. Specifically, the request is narrowly tailored to documents

28   regarding a particular product line, namely POLLY POCKET. Mattel also cites to

1   the April 19, 2007 order, but that order is also inapposite to this request, which is

2   much narrower than those considered irrelevant and/or improper by the court.

3   Specifically, the request is narrowly tailored to communications between Mattel and

4   any third party related to whether POLLY POCKET copies, replicates, or imitates

5   the appearance of BRATZ.

6           As to relevancy, Mattel has not attempted to demonstrate why the

7   responsive documents are irrelevant to the current action. On the contrary, MGA

8   has alleged that Mattel is engaged in copying of MGA products, packaging, themes

9   and advertising. POLLY POCKET is an example of one such product line. A

10  request to seek communications between Mattel and any third party referring to

11  whether Mattel's POLLY POCKET line copies, replicates, or imitates the

12  appearance of MGA's BRATZ line of products is therefore relevant to this action

13  and MGA's claim.

14          Mattel objects that the request contains confidential, proprietary, and

15  trade secret information. A Protective Order exists in this case, obviating any

16  concern as to protection of privacy rights and/or commercially sensitive

17  information.

18          None of Mattel's improper objections are valid and Mattel is obligated

19  to produce all non-privileged responsive documents in its possession, custody, or

20  control.

21  **MATTEL'S RESPONSE:**

22          Mattel's relevancy objection should be sustained, as the previous

23  Discovery Master has granted Mattel a Protective Order for such broad Polly Pocket

24  requests.[1031] MGA argues that "Mattel has not attempted to demonstrate why

25  responding to this request and/or producing responsive documents is irrelevant to

26

27  [1031]   See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.

28

00505.07975/3161688.1

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN)

1   the present action." However, MGA bears the burden of showing that its discovery

2   meets the relevance requirements of Rule 26(b)(1).[1032] MGA makes the conclusory

3   assertion that this Request is relevant to its allegations that "Mattel is engaged in

4   copying of MGA products, packaging, themes and advertising." However, as the

5   prior Discovery Master recognized, "Polly Pocket is not mentioned in either MGA's

6   or Bryant's complaint or any of the other pleadings filed in this consolidated

7   action."[1033] In denying MGA discovery into information related to Polly Pocket

8   (with the exception of a documetns relating to a single Polly Pockoet television

9   commercial identified in MGA's interrogatory responses), the Discovery Master

10  held that "[t]he Federal Rules of Civil Procedure do not permit MGA and Bryant to

11  use broad discovery requests, untethered to a claim or defense, to fish for new

12  claims." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

13  courts need not condone the use of discovery to engage in 'fishing expeditions.'").

14  "A trial court has a duty, of special significance in lengthy and complex cases where

15  the possibility of abuse is always present, to supervise and limit discovery to protect

16  parties and witnesses from annoyance and excessive expense." Dolgow v.

17  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

18  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

19  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

20  (same).

21          Further, this Request is "clearly overbroad" according to the prior

22  Discovery Master's May 22, 2007 Order.[1034] In that Order, the Discovery Master

23  ------

24  [1032]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

25  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
    initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

26  1390794 at *1 (S.D. Cal. 2009).

27  [1033]   See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.
    [1034]   See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

28

1  held that requests were "clearly overbroad" where they "requir[ed] production of
2  documents that merely mention MGA, Larian, Bratz, or other MGA products,
3  regardless of whether or not they have anything to do with the claims and defenses
4  in the case" and "MGA has not made any attempt to link these requests to any of the
5  numerous and far-ranging allegations of unfair competition set forth in its
6  complaint."[1035]  This Request is improperly overbroad for the same reasons and must
7  be denied.

8          The Request is also overbroad as to time, seeking communications in a
9  time period that predates any Phase 2 issues related to MGA's allegations unfair
10 trade practices.  The Request is also overbroad to the extent it seeks discovery into
11 events and products that post-date MGA's complaint, filed on April 15, 2005, based
12 on MGA's own argument that was accepted by the Discovery Master in denying
13 discovery Mattel was seeking regarding transactions occurring after the filing of
14 Mattel's complaint.[1036]  MGA offers no reason, nor could it consistent with judicial
15 estoppel, why documents post-dating the filing of claims which do not allege
16 continuing wrongdoing are relevant to those claims.

17

18

[1035]  Id. at 17.
19 [1036]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
20 Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
21 where MGA argued that its transactions with the entities that financed acquisition of
   the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ███████
22 ████████████████████████████████  In finding that "there has been
23 no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
   calculated to lead to the discovery of admissible evidence regarding the RICO
24 counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
25 other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
   than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
26 into existence – and therefore apparently did not encompass the activities or the
27 transactions which are the subject of the Financing Discovery."  Discovery Matter
   Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
28

1         Further, as the prior Discovery Master has recognized, this Request is

2 unduly burdensome.[1037] Rule 26(b)(2)(c) provides that a Court should limit the

3 extent of discovery if it determines that the burden of the proposed discovery

4 outweighs its likely benefit; the discovery sought is unreasonably cumulative or

5 duplicative, or is obtainable from some other source that is more convenient, less

6 burdensome, or less expensive; or the party seeking discovery has had ample

7 opportunity by discovery in the action to obtain the information sought. See Fed. R.

8 Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive

9 to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

10 the following reasons:



25   [1037] <u>See</u> Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.

26   [1038] Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

27   [1039] <u>Id.</u> ¶ 10.

  [1040] <u>Id.</u>

28



1041  <u>See</u> Pantel Decl. ¶ 7, Dart Decl., Exh. 31.
1042  <u>Id.</u>
1043  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
1044  Moore Decl. ¶ 5, Dart Decl., Exh. 32.



There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

---

1045  Id.
1046  Id.
1047  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
1048  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

1   agreed that "all privileged documents would be logged except for documents created
2   after this action was filed on April 27, 2004."[1050]  Thus, to the extent  privileged
3   documents fall within the post lawsuit time period, they need not be included on
4   Mattel's log.  Although it bears the burden of showing why this agreement should
5   not be applied to a given Request, MGA fails to do so.

6           Finally, MGA failed to meet and confer at all, much less in good faith,
7   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
8   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
9   the moving party shall first identify each dispute, state the relief sought and identify
10  the authority supporting the requested relief in a meet and confer letter that shall be
11  served on all parties by facsimile or electronic mail. The parties shall have five court
12  days from the date of service of that letter to conduct an in-person conference to
13  attempt to resolve the dispute.").  In order to engage in a meaningful meet and
14  confer, MGA had the burden to show the relevance of any requests it sought to
15  move on.[1051]   At no point during the meet and confer process did MGA show why
16  this Request could be considered relevant to Phase 2 issues.[1052]  Because MGA
17  refused to even attempt to make this showing, there was no possibility of a good
18  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
19  deny MGA's motion with respect to this Request on that grounds alone.

20

21  ────────────────────

22  [1049]  Id.
23  [1050]  See Order Denying Mattel's Motion for Protective Order Limiting the
    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
24  3.
25  [1051]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
    Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
26  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
27  1390794 at *1 (S.D. Cal. May 14, 2009).
    [1052]  See Webster Decl., ¶¶ 6-20.
28

00505.07975/3161688.1

**REQUEST FOR PRODUCTION NO. 642**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO any agreements wherein MATTEL agreed to fund, pay for, contribute to or reimburse any third party for the fees, costs or expenses that third party incurred in connection with the MATTEL LITIGATION.

**RESPONSE TO REQUEST NO. 642**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce documents sufficient to identify any such person and the amount if any paid on behalf of that person, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request to documents "sufficient to identify any such person and the amount ...paid," and subject to its improper boilerplate objections. Mattel has

1 | refused to confirm whether or not it has produced all non-privileged responsive
2 | documents or whether it is withholding documents based on its objections in Phase
3 | 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
4 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
5 | Generic objections that fail to explain the basis for an objection with specificity are
6 | routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
7 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
8 | 'overly burdensome and harassing' are improper – especially when a party fails to
9 | submit any evidentiary declarations supporting such objections"). Accordingly,
10 | Mattel must be compelled either to certify that it has produced all non-privileged
11 | responsive documents or to produce all such documents by a date certain.

12 | To the extent that Mattel is relying on its blanket objections, they are
13 | not sustainable and do not justify Mattel's failure to produce documents.

14 | As to overbreadth, Mattel provides no explanation, let alone the
15 | required particularity, as to *why* this request is supposedly overly broad, nor can it
16 | do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
17 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
18 | contrary, the request is narrowly tailored to seek documents relating to agreements
19 | wherein Mattel agreed to fund, pay for, contribute to or reimburse any third party for
20 | its fees, costs or expenses incurred in connection with the Mattel litigation.

21 | As to burden, Mattel has not attempted to demonstrate why responding
22 | to this request and/or producing responsive documents presents any burden. This
23 | objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
24 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
25 | request is unduly burdensome must allege specific facts which indicate the nature
26 | and extent of the burden, usually by affidavit or other reliable evidence.")
27 | Moreover, it is not unduly burdensome, as noted above, in that the request is
28 | narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

00505.07975/3161688.1

-482-

1  has engaged in various unfair trade practices, from serial copying of MGA products,

2  to threatening retailers and suppliers to cease doing business with MGA, to

3  intimidating employees and industry groups in order to prevent MGA from fairly

4  competing.  MGA is entitled to discovery on these claims, including discovery

5  regarding which third parties Mattel has agreed to indemnify during the course of

6  this litigation, and any information about the negotiation and execution of those

7  agreements.

8         Mattel objects that the request contains confidential, proprietary and

9  trade secret information.  A Protective Order exists in this case, obviating any

10  concern as to protection of privacy rights and/or commercially sensitive

11  information.

12         This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15         None of Mattel's improper objections are valid and Mattel is obligated

16  to produce all non-privileged responsive documents in its possession, custody, or

17  control.

18  **MATTEL'S RESPONSE:**

19         MGA objects to Mattel's limitation that it will produce documents

20  "sufficient to identify any such person and the amount ... paid," but it provides no

21  argument as to why this limitation is inappropriate.  Indeed, the Discovery Master

22  upheld just such a limitation in Order No. 60, where in response to a nearly identical

23  Request for Production he ordered Mattel to "produce a document sufficient to show

24  the amount it has paid for legal services to or on behalf of any person identified in

25

26

27

28

1   any of the parties' initial disclosures."[1053]   In explaining his Order, the Discovery

2   Master noted:



12         Mattel has produced this document in compliance with the Discovery

13   Master's Order.  Therefore, Mattel's limitations are proper and there is nothing left to

14   produce.

15         As recognized by the Discovery Master, the Request is overbroad.[1055]

16   The universe of <u>all</u> documents and communications <u>referring</u> or <u>relating to</u> any

17   agreements wherein Mattel agreed to fund, pay for, contribute to or reimburse any

18   third party for the fees, costs or expenses that third party incurred in connection with

19   the litigation is vast, and not narrowly tailored to any Phase 2 claims or defenses.

20   The Request is also overbroad as it has no limitation as to time.

21         Mattel's relevance objection should also be sustained.  MGA bears the

22   burden of showing that its discovery meets the relevance requirements of <u>Rule</u>

23

24   [1053]   <u>See</u> Discovery Matter Order No. 60, dated September 9, 2009, at 11,
25   Webster Decl., Exh. 12.
     [1054]   <u>See</u> Discovery Matter Order No. 60, dated September 9, 2009, at 11 n.2,
26   Webster Decl., Exh. 12.
     [1055]   <u>See</u> Discovery Matter Order No. 60, dated September 9, 2009, at 11 n.2,
27   Webster Decl., Exh. 12.

28

1   26(b)(1).[1056]  MGA has not attempted to explain how all documents or

2   communications referring or relating to wherein Mattel agreed to fund, pay for,

3   contribute to or reimburse any third party for its fees or expenses incurred in

4   connection with this litigation is relevant to any claims and defenses in this case.

5   MGA's conclusory assertion that "MGA has alleged that Mattel has engaged in

6   various unfair trade practices, from serial copying of MGA products, to threatening

7   retailers and suppliers to cease doing business with MGA, to intidimating employees

8   and industry groups in order to prevent MGA from fairly competing" is unsupported

9   by any explanation how these agreements are relevant to these claims.  "A trial court

10  has a duty, of special significance in lengthy and complex cases where the

11  possibility of abuse is always present, to supervise and limit discovery to protect

12  parties and witnesses from annoyance and excessive expense." Dolgow v.

13  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

14  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

15  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

16  (same).  As the previous Discovery Master has held, a party may not propound

17  document requests as part of a fishing expedition or to discover new claims.[1057]

18  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

19  not condone the use of discovery to engage in 'fishing expeditions.'").

20          There is no basis for overruling Mattel's privilege objection.  MGA's

21  bald assertion that "[t]his request does not seek information protected by the

_____

23  [1056]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

24  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

25  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
1390794 at *1 (S.D. Cal. 2009).

26  [1057]  See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
1.

attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[1058]  Thus, to the extent  privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.  Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").   In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[1059]   At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[1060]  Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

---

[1058]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

[1059]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

**REQUEST FOR PRODUCTION NO. 643**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO any agreements wherein MATTEL agreed to fund, pay for, contribute to or reimburse any MATTEL employee or former MATTEL employee for any fees, costs or expenses incurred in connection with the MATTEL LITIGATION.

**RESPONSE TO REQUEST NO. 643**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce documents sufficient to identify any such person and the amount if any paid on behalf of that person, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

---

[1060]   See Webster Decl., ¶¶ 6-20.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request to documents "sufficient to identify any such person and the amount ...paid," and subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents relating to agreements wherein Mattel agreed to fund, pay for, contribute to or reimburse any past or present Mattel employee for fees, costs or expenses incurred in connection with the Mattel litigation.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This

-488-

1   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

2   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3   request is unduly burdensome must allege specific facts which indicate the nature

4   and extent of the burden, usually by affidavit or other reliable evidence.")

5   Moreover, it is not unduly burdensome, as noted above, in that the request is

6   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7   has engaged in various unfair trade practices, from serial copying of MGA products,

8   to threatening retailers and suppliers to cease doing business with MGA, to

9   intimidating employees and industry groups in order to prevent MGA from fairly

10  competing.  MGA is entitled to discovery on these claims, including discovery

11  regarding which of its past or present employees Mattel has agreed to indemnify

12  during the course of this litigation, and any information about the negotiation and

13  execution of those agreements.

14        Mattel objects that the request contains confidential, proprietary and

15  trade secret information.  A Protective Order exists in this case, obviating any

16  concern as to protection of privacy rights and/or commercially sensitive

17  information.

18        This request does not seek documents protected by the attorney-client

19  privilege, the attorney work product doctrine, or other applicable privileges.  To the

20  extent that Mattel contends that it does, Mattel must provide a privilege log.

21        None of Mattel's improper objections are valid and Mattel is obligated

22  to produce all non-privileged responsive documents in its possession, custody, or

23  control.

24  **MATTEL'S RESPONSE:**

25        MGA objects to Mattel's limitation that it will produce documents

26  "sufficient to identify any such person and the amount ... paid," but it provides no

27  argument as to why this limitation is inappropriate.  Indeed, the Discovery Master

28  upheld just such a limitation in Order No. 60, where in response to a nearly identical

1   Request for Production he ordered Mattel to "produce a document sufficient to show

2   the amount it has paid for legal services to or on behalf of any person identified in

3   any of the parties' initial disclosures."[1061]   In explaining his Order, the Discovery

4   Master noted:

5

6

7

8

9

10

11

12

13

14       Mattel has produced this document in compliance with the Discovery

15   Master's Order.  Therefore, Mattel's limitations are proper and there is nothing left to

16   produce.

17       As recognized by the Discovery Master, the Request is overbroad.[1063]

18   The universe of all documents and communications referring or relating to any

19   agreements wherein Mattel agreed to fund, pay for, contribute to or reimburse any

20   Mattel employee or former Mattel employee for the fees, costs or expenses incurred

21

22

---

23   [1061]  See Discovery Matter Order No. 60, dated September 9, 2009, at 11,

24   Webster Decl., Exh. 12.

25   [1062]  See Discovery Matter Order No. 60, dated September 9, 2009, at 11,
Webster Decl., Exh. 12.  No. 60, dated September 9, 2009, at 11 n.2, Webster Decl.,

26   Exh. 12.

27   [1063]  See Discovery Matter Order No. 60, dated September 9, 2009, at 11 n.2,
Webster Decl., Exh. 12.

28

in connection with the litigation is vast, and not narrowly tailored to any Phase 2

claims or defenses.  The Request is also overbroad as it has no limitation as to time.

Mattel's relevance objection should also be sustained.  MGA bears the

burden of showing that its discovery meets the relevance requirements of <u>Rule</u>

26(b)(1).[1064]  MGA has not attempted to explain how all documents or

communications referring or relating to wherein Mattel agreed to fund, pay for,

contribute to or reimburse any Mattel employee or former employee for its fees or

expenses incurred in connection with this litigation is relevant to any claims and

defenses in this case.  MGA's conclusory assertion that "MGA has alleged that

Mattel has engaged in various unfair trade practices, from serial copying of MGA

products, to threatening retailers and suppliers to cease doing business with MGA,

to intidimating employees and industry groups in order to prevent MGA from fairly

competing" is unsupported by any explanation how these agreements are relevant to

these claims.  "A trial court has a duty, of special significance in lengthy and

complex cases where the possibility of abuse is always present, to supervise and

limit discovery to protect parties and witnesses from annoyance and excessive

expense."  <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u>

<u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36

(D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL

1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

party may not propound document requests as part of a fishing expedition or to

---

[1064]   <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery
Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL
1390794 at *1 (S.D. Cal. 2009).

-491-

1   discover new claims.[1065] <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir.

2   2004) ("District courts need not condone the use of discovery to engage in 'fishing

3   expeditions.'").

4         Further, the Request is unduly burdensome. <u>Rule</u> 26(b)(2)(c) provides

5   that a Court should limit the extent of discovery if it determines that the burden of

6   the proposed discovery outweighs its likely benefit; the discovery sought is

7   unreasonably cumulative or duplicative, or is obtainable from some other source that

8   is more convenient, less burdensome, or less expensive; or the party seeking

9   discovery has had ample opportunity by discovery in the action to obtain the

10   information sought. <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c). The burden of locating and

11   producing the documents responsive to this overbroad Request would greatly

12   outweigh any marginal benefit to MGA, for the following reasons:

13   ████████████████████████████

14   ████████████████████████████████

15   ████████████████████████████

16   ██████████████████████████████████

17   ██████████████████████████████████

18   ██████████████████████████████████

19   ████████████████████████████████

20   ████████████████████████████████

21   ██████████████████████████████

22   ████████████████████████████████

23   ████████████████████████████████

24

25   [1065] <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for

26   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

27   1.
   [1066] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

28



---

1067   Moore Decl. ¶ 5, Dart Decl., Exh. 32.
1068   Id.
1069   Id.
1070   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
1071   Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

1 ████████████████████████████████████████

2 ████████████

3     There is no basis for overruling Mattel's privilege objection.  MGA's

4 bald assertion that "[t]his request does not seek information protected by the

5 attorney-client privilege, the attorney work product doctrine, or other applicable

6 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7 agreed that "all privileged documents would be logged except for documents created

8 after this action was filed on April 27, 2004."[1073]  Thus, to the extent  privileged

9 documents fall within the post lawsuit time period, they need not be included on

10 Mattel's log.  Although it bears the burden of showing why this agreement should

11 not be applied to a given Request, MGA fails to do so.

12     Finally, MGA failed to meet and confer at all, much less in good faith,

13 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15 the moving party shall first identify each dispute, state the relief sought and identify

16 the authority supporting the requested relief in a meet and confer letter that shall be

17 served on all parties by facsimile or electronic mail. The parties shall have five court

18 days from the date of service of that letter to conduct an in-person conference to

19 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

20 confer, MGA had the burden to show the relevance of any requests it sought to

21 move on.[1074]   At no point during the meet and confer process did MGA show why

22

23

---

24   [1072]  Id.

25   [1073]  See Order Denying Mattel's Motion for Protective Order Limiting the
Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

26 3.

27   [1074]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28 (footnote continued)

1  this Request could be considered relevant to Phase 2 issues.[1075]  Because MGA

2  refused to even attempt to make this showing, there was no possibility of a good

3  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

4  deny MGA's motion with respect to this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 644**

6         All DOCUMENTS REFERRING TO OR RELATING TO any

7  COMMUNICATIONS between YOU and any retailer, sales person or merchandiser

8  world wide REFERRING TO OR RELATING TO the allocation of shelf space,

9  plangram space, altering of retail displays or placement of LITTLE TIKES in retail

10  stores.

11  **RESPONSE TO REQUEST NO. 644**

12         In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad and unduly burdensome, including in that it seeks all documents on

15  this subject without limitation as to time or geographic location, and regardless of

16  whether such documents relate to products or matters at issue in this case.  Mattel

17  further objects to the Request on the grounds that it seeks documents that are not

18  relevant to this action or likely to lead to the discovery of admissible evidence.

19  Mattel further objects to this Request on the grounds that it seeks confidential,

20  proprietary and trade secret information, including such information that has no

21  bearing on the claims or defenses in this action.  Mattel further objects to this

22  Request on the grounds that it calls for the disclosure of information subject to the

23  attorney-client privilege, the attorney work-product doctrine and other applicable

24  privileges.

25  ⎯⎯⎯⎯⎯⎯⎯⎯⎯

26  initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL

27  1390794 at *1 (S.D. Cal. May 14, 2009).
   [1075]  <u>See</u> Webster Decl., ¶¶ 6-20.

28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning the placement of Little Tikes in retail stores.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

1   and extent of the burden, usually by affidavit or other reliable evidence.")

2   Moreover, it is not unduly burdensome, as noted above, in that the request is

3   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4   has engaged in a broad variety of acts amounting to unclean hands, including

5   gaining information about MGA's Plan-O-Grams and merchandising displays.

6   MGA is entitled to discovery on these claims.

7        This request does not seek documents protected by the attorney-client

8   privilege, the attorney work product doctrine, or other applicable privileges.  To the

9   extent that Mattel contends that it does, Mattel must provide a privilege log.

10       Mattel objects that the request seeks confidential, proprietary and trade

11  secret information.  A Protective Order exists in this case, obviating any concern as

12  to protection of privacy rights and/or commercially sensitive information.

13       Mattel also objects to the request on the ground that is seeks

14  information not relevant to the action.  MGA's affirmative defenses includes the

15  defense of unclean hands, which is based in part on the allegation that Mattel

16  obtained information about MGA's Plan-O-Grams and merchandising displays.

17  This request seeks documents directly related to that allegation for the MGA product

18  Little Tikes.

19       None of Mattel's improper objections are valid and Mattel is obligated

20  to produce all non-privileged responsive documents in its possession, custody, or

21  control.

22  **MATTEL'S RESPONSE:**

23       Mattel's relevance objection should be sustained.  MGA bears the

24  burden of showing that its discovery meets the relevance requirements of Rule

25

26

27

28

26(b)(1).[1076]   MGA argues that the documents sought by this Request are relevant to MGA's affirmative defense of unclean hands, "which is based in part on the allegation that Mattel obtained information about MGA's Plan-O-Grams and merchandising displays."  However, as the Discovery Master has recognized, "unclean hands does not constitute 'misconduct in the abstract, unrelated to the claim to which it is asserted as a defense.'"[1077]   Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002).  "It is fundamental to [the] operation of the doctrine that the alleged misconduct … relate directly to the transaction concerning which the complaint is made."  Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir. 1989).  Accordingly, courts will not allow discovery based on an unclean hands defense where the "allegations of misconduct do not relate to the transactions … forming the basis for the complaint."  Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 952 (S.D. Cal. 1996).  Here, MGA does not link any of the documents sought in this Request to any of Mattel's claims in Phase 2, and therefore the discovery is not relevant.[1078]   "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense."  Dolgov v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

---

[1076]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[1077]   See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl., Exh. 7.

[1078]   Id., at 24.

1   party may not propound document requests as part of a fishing expedition or to

2   discover new claims.[1079]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

3   2004) ("District courts need not condone the use of discovery to engage in 'fishing

4   expeditions.'").

5           Further, the Request is overbroad.  Seeking all documents referring or

6   relating to any communications between Fisher-Price and any retailer, sales person

7   or merchandiser world wide referring or related to the allocation of shelf space,

8   plangram space, altering of retail displays or placement of Little Tikes in retail

9   stores is not narrowly tailored even if it were relevant.  The temporal scope is also

10  overbroad as there no limitation as to time, and therefore the Request seeks

11  documents that predate the relevant time period for any claim or defense in this

12  case.  Further, the Request is overbroad to the extent it seeks discovery into events

13  and products that post-date MGA's complaint, filed on April 15, 2005, based on

14  MGA's own argument that was accepted by the Discovery Master in denying

15  discovery Mattel was seeking regarding transactions occurring after the filing of

16  Mattel's complaint.[1080]  MGA offers no reason, nor could it consistent with judicial

17

18  _____

19  [1079]  See Order Granting In Part and Denying In Part Mattel's Motion for
    Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
20  1.

21  [1080]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
    Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
22  where MGA argued that its transactions with the entities that financed acquisition of
    the Wachovia debt were not relevant to Phase 2 because, inter alia, ■■■■■■■■
23  ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■  In finding that "there has been
24  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
    calculated to lead to the discovery of admissible evidence regarding the RICO
25  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
    other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
26  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
27  into existence – and therefore apparently did not encompass the activities or the
28          (footnote continued)

1  estoppel, why documents post-dating the filing of claims which do not allege

2  continuing wrongdoing are relevant to those claims.   Further, it seeks information

3  that is protected by the right of privacy and the right of privacy of third persons and

4  that could not possibly lead to the discovery of admissible evidence.

5  Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

6  that a Court should limit the extent of discovery if it determines that the burden of

7  the proposed discovery outweighs its likely benefit; the discovery sought is

8  unreasonably cumulative or duplicative, or is obtainable from some other source that

9  is more convenient, less burdensome, or less expensive; or the party seeking

10  discovery has had ample opportunity by discovery in the action to obtain the

11  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

12  producing the documents responsive to this overbroad Request would greatly

13  outweigh any marginal benefit to MGA, for the following reasons:

14  

15  

16  

17  

18  

19  

20  

21  

22  

23  

24  

26  transactions which are the subject of the Financing Discovery." Discovery Matter

27  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

[1081]   Pantel Decl. ¶ 10, Dart Decl., Exh. 31.