

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    1082   Moore Decl. ¶ 5, Dart Decl., Exh. 32.
25    1083   <u>Id.</u>
26    1084   <u>Id.</u>
27    1085   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
28    1086   <u>Id.</u> ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

1   ██████████████████████████████████████

2   ████████████

3       There is no basis for overruling Mattel's privilege objection.  MGA's

4   bald assertion that "[t]his request does not seek information protected by the

5   attorney-client privilege, the attorney work product doctrine, or other applicable

6   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7   agreed that "all privileged documents would be logged except for documents created

8   after this action was filed on April 27, 2004."[1088]  Thus, to the extent  privileged

9   documents fall within the post lawsuit time period, they need not be included on

10   Mattel's log.  Although it bears the burden of showing why this agreement should

11   not be applied to a given Request, MGA fails to do so.

12       Finally, MGA failed to meet and confer at all, much less in good faith,

13   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15   the moving party shall first identify each dispute, state the relief sought and identify

16   the authority supporting the requested relief in a meet and confer letter that shall be

17   served on all parties by facsimile or electronic mail. The parties shall have five court

18   days from the date of service of that letter to conduct an in-person conference to

19   attempt to resolve the dispute.").   In order to engage in a meaningful meet and

20   confer, MGA had the burden to show the relevance of any requests it sought to

21   move on.[1089]   At no point during the meet and confer process did MGA show why

22

23

---

24     [1087]  Id.

25     [1088]  See Order Denying Mattel's Motion for Protective Order Limiting the
Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

26   3.

27     [1089]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28   (footnote continued)

1  this Request could be considered relevant to Phase 2 issues.[1090]  Because MGA

2  refused to even attempt to make this showing, there was no possibility of a good

3  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

4  deny MGA's motion with respect to this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 646**

6           All DOCUMENTS REFERRING TO OR RELATING TO any

7  COMMUNICATIONS between FISHER-PRICE and any retailer, sales person or

8  merchandiser world wide REFERRING TO OR RELATING TO the allocation of

9  shelf space, plangram space, altering of retail displays or placement of LITTLE

10  TIKES in retail stores.

11  **RESPONSE TO REQUEST NO. 646**

12           In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad and unduly burdensome, including in that it seeks all documents on

15  this subject without limitation as to time or geographic location, and regardless of

16  whether such documents relate to products or matters at issue in this case.  Mattel

17  further objects to the Request on the grounds that it seeks documents that are not

18  relevant to this action or likely to lead to the discovery of admissible evidence.

19  Mattel further objects to this Request on the grounds that it seeks confidential,

20  proprietary and trade secret information, including such information that has no

21  bearing on the claims or defenses in this action.  Mattel further objects to this

22  Request on the grounds that it calls for the disclosure of information subject to the

23  attorney-client privilege, the attorney work-product doctrine and other applicable

24  privileges.

25  ————————————

26  initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL

27  1390794 at *1 (S.D. Cal. May 14, 2009).
     [1090]   <u>See</u> Webster Decl., ¶¶ 6-20.

28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning the placement of Little Tikes in retail stores.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

1  and extent of the burden, usually by affidavit or other reliable evidence.")

2  Moreover, it is not unduly burdensome, as noted above, in that the request is

3  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4  has engaged in a broad variety of acts amounting to unclean hands, including

5  gaining information about MGA's Plan-O-Grams and merchandising displays.

6  MGA is entitled to discovery on these claims.

7  .        This request does not seek documents protected by the attorney-client

8  privilege, the attorney work product doctrine, or other applicable privileges.  To the

9  extent that Mattel contends that it does, Mattel must provide a privilege log.

10        Mattel objects that the request seeks confidential, proprietary and trade

11  secret information.  A Protective Order exists in this case, obviating any concern as

12  to protection of privacy rights and/or commercially sensitive information.

13        Mattel also objects to the request on the ground that is seeks

14  information not relevant to the action.  MGA's affirmative defenses includes the

15  defense of unclean hands, which is based in part on the allegation that Mattel

16  obtained information about MGA's Plan-O-Grams and merchandising displays.

17  This request seeks documents directly related to that allegation for the MGA product

18  Little Tikes.

19        None of Mattel's improper objections are valid and Mattel is obligated

20  to produce all non-privileged responsive documents in its possession, custody, or

21  control.

22  **MATTEL'S RESPONSE:**

23        Mattel's relevance objection should be sustained.  MGA bears the

24  burden of showing that its discovery meets the relevance requirements of <u>Rule</u>

25

26

27

28

26(b)(1).[1091]  MGA argues that the documents sought by this Request are relevant to MGA's affirmative defense of unclean hands, "which is based in part on the allegation that Mattel obtained information about MGA's Plan-O-Grams and merchandising displays."  However, as the Discovery Master has recognized, "unclean hands does not constitute 'misconduct in the abstract, unrelated to the claim to which it is asserted as a defense.'"[1092]  Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002).  "It is fundamental to [the] operation of the doctrine that the alleged misconduct … relate directly to the transaction concerning which the complaint is made."  Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir. 1989).  Accordingly, courts will not allow discovery based on an unclean hands defense where the "allegations of misconduct do not relate to the transactions … forming the basis for the complaint."  Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 952 (S.D. Cal. 1996).  Here, MGA does not link any of the documents sought in this Request to any of Mattel's claims in Phase 2, and therefore the discovery is not relevant.[1093]  "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

---

[1091]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[1092]  See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl., Exh. 7.

[1093]  Id., at 24.

1 | party may not propound document requests as part of a fishing expedition or to
2 | discover new claims.[1094]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.
3 | 2004) ("District courts need not condone the use of discovery to engage in 'fishing
4 | expeditions.'").
5 |
6 |       Further, the Request is overbroad.  Seeking all documents referring or
7 | relating to any communications with a retailer, sales person or merchandiser world
8 | wide referring or related to the allocation of shelf space, plangram space, altering of
9 | retail displays or placement of Little Tikes in retail stores is not narrowly tailored
10 | even if it were relevant.  The temporal scope is also overbroad as there no limitation
11 | as to time, and therefore the Request seeks documents that predate the relevant time
12 | period for any claim or defense in this case.  Further, the Request is overbroad to the
13 | extent it seeks discovery into events and products that post-date MGA's complaint,
14 | filed on April 15, 2005, based on MGA's own argument that was accepted by the
15 | Discovery Master in denying discovery Mattel was seeking regarding transactions
16 | occurring after the filing of Mattel's complaint.[1095]  MGA offers no reason, nor could
17 |
18 |

[1094]  See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

[1095]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6, where MGA argued that its transactions with the entities that financed acquisition of the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  In finding that "there has been no showing by Mattel that the Subpoenas to the Financing Entities are reasonably calculated to lead to the discovery of admissible evidence regarding the RICO counterclaim," the Discovery Master noted that "the RICO counterclaim (like the other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came into existence – and therefore apparently did not encompass the activities or the

      (footnote continued)

1   it consistent with judicial estoppel, why documents post-dating the filing of claims

2   which do not allege continuing wrongdoing are relevant to those claims.   Further, it

3   seeks information that is protected by the right of privacy and the right of privacy of

4   third persons and that could not possibly lead to the discovery of admissible

5   evidence.

6          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

7   that a Court should limit the extent of discovery if it determines that the burden of

8   the proposed discovery outweighs its likely benefit; the discovery sought is

9   unreasonably cumulative or duplicative, or is obtainable from some other source that

10  is more convenient, less burdensome, or less expensive; or the party seeking

11  discovery has had ample opportunity by discovery in the action to obtain the

12  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

13  producing the documents responsive to this overbroad Request would greatly

14  outweigh any marginal benefit to MGA, for the following reasons:

15

16

17

18

19

20

21

22

23

24

25

26  transactions which are the subject of the Financing Discovery."  Discovery Matter

27  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
    [1096]  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

28



1097  Moore Decl. ¶ 5, Dart Decl., Exh. 32.
1098  Id.
1099  Id.
1100  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

██████████████████████████████████████████

██████████████████████████████████████████

███████████████

There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[1103] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log. Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to

---

[1101]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

[1102]  Id.

[1103]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1   move on.[1104]   At no point during the meet and confer process did MGA show why

2   this Request could be considered relevant to Phase 2 issues.[1105]   Because MGA

3   refused to even attempt to make this showing, there was no possibility of a good

4   faith meet and confer to resolve the parties' disputes.   The Discovery Master should

5   deny MGA's motion with respect to this Request on that grounds alone.

6   **REQUEST FOR PRODUCTION NO. 648**

7   　　　　All DOCUMENTS REFERRING TO OR RELATING TO HOLLY

8   HOBBIE that also REFER TO OR RELATE TO BRATZ.

9   **RESPONSE TO REQUEST NO. 648**

10   　　　　In addition to the general objections stated above which are

11   incorporated herein by reference, Mattel objects to this Request on the grounds that

12   it is overbroad and unduly burdensome, including in that it seeks all documents on

13   this subject without limitation as to time, and regardless of whether such documents

14   relate to products or matters at issue in this case.   Mattel further objects to the

15   Request on the grounds that it seeks documents that are not relevant to this action or

16   likely to lead to the discovery of admissible evidence.   Mattel further objects to this

17   Request on the grounds that it seeks confidential, proprietary and trade secret

18   information, including such information that has no bearing on the claims or

19   defenses in this action.   Mattel further objects to this Request on the grounds that it

20   calls for the disclosure of information subject to the attorney-client privilege, the

21   attorney work-product doctrine and other applicable privileges.   Mattel further

22   objects on the ground that this Request seeks to circumvent the Discovery Master's

23   Order dated May 22, 2007.

24   

25   　[1104]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26   Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27   initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

　　1390794 at *1 (S.D. Cal. May 14, 2009).

28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents relating to both Holly Hobbie and Bratz.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This

---

[1105]  See Webster Decl., ¶¶ 6-20.

1 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
2 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
3 request is unduly burdensome must allege specific facts which indicate the nature
4 and extent of the burden, usually by affidavit or other reliable evidence.")
5 Moreover, it is not unduly burdensome, as noted above, in that the request is
6 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
7 has engaged in various unfair trade practices, from serial copying of MGA products,
8 to threatening retailers and suppliers to cease doing business with MGA, to
9 intimidating employees and industry groups in order to prevent MGA from fairly
10 competing.  MGA is entitled to discovery on these claims, including discovery
11 relating to Bratz and its competitor product Holly Hobbie.

12 Mattel objects that the request contains confidential, proprietary and
13 trade secret information.  A Protective Order exists in this case, obviating any
14 concern as to protection of privacy rights and/or commercially sensitive
15 information.

16 This request does not seek documents protected by the attorney-client
17 privilege, the attorney work product doctrine, or other applicable privileges.  To the
18 extent that Mattel contends that it does, Mattel must provide a privilege log.

19 Mattel cites to the May 22, 2007 order, but that order is inapposite to
20 this request, which is much narrower than those considered irrelevant and/or
21 improper by the court.  Specifically, the request is narrowly tailored to documents
22 regarding both of two particular product lines, namely Holly Hobbie and Bratz.

23 None of Mattel's improper objections are valid and Mattel is obligated
24 to produce all non-privileged responsive documents in its possession, custody, or
25 control.

26
27
28

00505.07975/3161688.1

-513-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN)

1 | **MATTEL'S RESPONSE:**

2 |      This Request is "clearly overbroad" according to the prior Discovery

3 | Master's May 22, 2007 Order.[1106]  In that Order, the Discovery Master denied

4 | MGA's motion to compel three requests seeking "all documents referring or relating

5 | to Mattel's communications with any buyers, merchandisers, general merchandise

6 | managers, retailers, suppliers, licensees, and potential licensees, referring or relating

7 | to Bratz, Larian or MGA regarding the origins, design, development, product

8 | launch, sales, promotions, advertising, quality, or price of Bratz or any other Bratz

9 | product."[1107]  The Discovery Master held that the requests were "clearly overbroad"

10 | because they "requir[ed] production of documents that merely mention MGA,

11 | Larian, Bratz, or other MGA products, regardless of whether or not they have

12 | anything to do with the claims and defenses in the case" and "MGA has not made

13 | any attempt to link these requests to any of the numerous and far-ranging allegations

14 | of unfair competition set forth in its complaint."[1108]  This Request is improperly

15 | overbroad for the same reasons and must be denied.  This is particularly true

16 | because HOBBIE HOLLY is a product that Mattel did not release until 2006, and

17 | which therefore could not relate to any claim or allegation in MGA's complaint.

18 |      The Request is also overbroad as it has no limitation as to time.  The

19 | Request is also overbroad to the extent it seeks discovery into events and products

20 | that post-date MGA's complaint, filed on April 15, 2005, based on MGA's own

21 | argument that was accepted by the Discovery Master in denying discovery Mattel

22 | was seeking regarding transactions occurring after the filing of Mattel's

23 |

24 |

25 |

---

26 | [1106] See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

27 | [1107] <u>See</u> Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

| [1108] <u>Id.</u> at 17.

28 |

1   complaint.[1109]  MGA offers no reason, nor could it consistent with judicial estoppel,

2   why documents post-dating the filing of claims which do not allege continuing

3   wrongdoing are relevant to those claims.

4           Mattel's relevancy objection should also be sustained.  MGA bears the

5   burden of showing that its discovery meets the relevance requirements of <u>Rule</u>

6   <u>26(b)(1)</u>.[1110]  However, MGA has failed to make this showing.  MGA makes the

7   conclusory assertion that this Request is relevant because "MGA has alleged that

8   Mattel has engaged in various unfair trade practices, from serial copying of MGA

9   products, to threatening retailers and suppliers to cease doing business with MGA,

10  to intimidating employees and industry groups in order to prevent MGA from fairly

11  competing" but fails to explain how the discovery sought is relevant to these claims.

12  Holly Hobbie does not even appear in MGA's complaint, nor could it, as the product

13  was not released until after MGA filed its complaint.  "A trial court has a duty, of

14  special significance in lengthy and complex cases where the possibility of abuse is

15  always present, to supervise and limit discovery to protect parties and witnesses

16

17

---

18  [1109]   <u>See</u> MGA Parties' Reply In Support of Their Motion to Quash Receiver
     Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
19  where MGA argued that its transactions with the entities that financed acquisition of
20  the Wachovia debt were not relevant to Phase 2 because, <i>inter alia,</i> ███████████
     █████████████████████████  In finding that "there has been
21  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
22  calculated to lead to the discovery of admissible evidence regarding the RICO
     counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
23  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
24  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
     into existence – and therefore apparently did not encompass the activities or the
25  transactions which are the subject of the Financing Discovery."  Discovery Matter
26  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
     [1110]   <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery
27  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
28           (footnote continued)

1  from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664

2  (E.D.N.Y. 1971); <u>see also Laker Airways Ltd. v. Pan American World Airways</u>, 559

3  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste</u>

4  <u>Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

5  Discovery Master has held, a party may not propound document requests as part of a

6  fishing expedition or to discover new claims.[1111]  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d

7  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

8  to engage in 'fishing expeditions.'").

9         Further, as the prior Discovery Master has recognized, this Request is

10  unduly burdensome.[1112]  <u>Rule</u> 26(b)(2)(c) provides that a Court should limit the

11  extent of discovery if it determines that the burden of the proposed discovery

12  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

13  duplicative, or is obtainable from some other source that is more convenient, less

14  burdensome, or less expensive; or the party seeking discovery has had ample

15  opportunity by discovery in the action to obtain the information sought.  <u>See Fed. R.</u>

16  <u>Civ. P.</u> 26(b)(2)(c).  The burden of locating and producing the documents responsive

17  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

18  the following reasons:

19  ████████████████████████████████████

20  ████████████████████████████████████

21  ████████████████████████████████████

22

23  initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL

24  1390794 at *1 (S.D. Cal. 2009).

25  [1111]  <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

26  1.

27  [1112]  <u>See</u> Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.

[1113]  Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    1114  Id. ¶ 10.

26    1115  Id.

27    1116  See Pantel Decl. ¶ 7, Dart Decl., Exh. 31.
      1117  Id.

28



1118  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
1119  Moore Decl. ¶ 5, Dart Decl., Exh. 32.
1120  Id.
1121  Id.

1  ███████████████████████████████████████

2  ███

3  ███████████████████████████████████████

4  ███████████████████████████████████████

5  ███████████████████████████████████████

6  ███████████████████████████████

7      There is no basis for overruling Mattel's privilege objection. MGA's

8  bald assertion that "[t]his request does not seek information protected by the

9  attorney-client privilege, the attorney work product doctrine, or other applicable

10 privileges" has no merit. Moreover, as MGA has itself argued, the parties have

11 agreed that "all privileged documents would be logged except for documents created

12 after this action was filed on April 27, 2004."[1125] Thus, to the extent privileged

13 documents fall within the post lawsuit time period, they need not be included on

14 Mattel's log. Although it bears the burden of showing why this agreement should

15 not be applied to a given Request, MGA fails to do so.

16      Finally, MGA failed to meet and confer at all, much less in good faith,

17 regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

18 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

19 the moving party shall first identify each dispute, state the relief sought and identify

20 the authority supporting the requested relief in a meet and confer letter that shall be

21 served on all parties by facsimile or electronic mail. The parties shall have five court

22 days from the date of service of that letter to conduct an in-person conference to

23

24  [1122]  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
25  [1123]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
    [1124]  Id.
26  [1125]  See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
   3.

28

1   attempt to resolve the dispute.").   In order to engage in a meaningful meet and

2   confer, MGA had the burden to show the relevance of any requests it sought to

3   move on.[1126]   At no point during the meet and confer process did MGA show why

4   this Request could be considered relevant to Phase 2 issues.[1127]   Because MGA

5   refused to even attempt to make this showing, there was no possibility of a good

6   faith meet and confer to resolve the parties' disputes.  The Discovery Master should

7   deny MGA's motion with respect to this Request on that grounds alone.

8   **REQUEST FOR PRODUCTION NO. 649**

9          All COMMUNICATIONS between YOU and any third party

10  REFERRING TO OR RELATING TO HOLLY HOBBIE that also REFER TO OR

11  RELATE TO BRATZ.

12  **RESPONSE TO REQUEST NO. 649**

13          In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is overbroad and unduly burdensome, including in that it seeks all documents on

16  this subject without limitation as to time, and regardless of whether such documents

17  relate to products or matters at issue in this case.  Mattel further objects to the

18  Request on the grounds that it seeks documents that are not relevant to this action or

19  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

20  Request on the grounds that it seeks confidential, proprietary and trade secret

21  information, including such information that has no bearing on the claims or

22  defenses in this action.  Mattel further objects to this Request on the grounds that it

23  calls for the disclosure of information subject to the attorney-client privilege, the

24

25  [1126]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  attorney work-product doctrine and other applicable privileges.  Mattel further

2  objects on the ground that this Request seeks to circumvent the Discovery Master's

3  Order dated May 22, 2007.

4  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

5  **TO SHOULD BE COMPELLED**

6  Mattel has not agreed to produce documents in response to this request,

7  subject to its improper boilerplate objections.  Mattel has refused to confirm whether

8  or not it has produced all non-privileged responsive documents or whether it is

9  withholding documents based on its objections in Phase 2.  Under the Federal Rules

10  of Civil Procedure, "an objection to part of a request must specify the part and

11  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

12  fail to explain the basis for an objection with specificity are routinely rejected in the

13  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

14  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

15  harassing' are improper – especially when a party fails to submit any evidentiary

16  declarations supporting such objections").  Accordingly, Mattel must be compelled

17  either to certify that it has produced all non-privileged responsive documents or to

18  produce all such documents by a date certain.

19  To the extent that Mattel is relying on its blanket objections, they are

20  not sustainable and do not justify Mattel's failure to produce documents.

21  As to overbreadth, Mattel provides no explanation, let alone the

22  required particularity, as to *why* this request is supposedly overly broad, nor can it

23  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

24  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

25  contrary, the request is narrowly tailored to seek documents relating to

26

27  [1127]  See Webster Decl., ¶¶ 6-20.

28

1 | communications between Mattel and a third party regarding both Holly Hobbie and
2 | Bratz.

3 |      As to burden, Mattel has not attempted to demonstrate why responding
4 | to this request and/or producing responsive documents presents any burden. This
5 | objection must therefore be rejected. <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.,</u>
6 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
7 | request is unduly burdensome must allege specific facts which indicate the nature
8 | and extent of the burden, usually by affidavit or other reliable evidence.")
9 | Moreover, it is not unduly burdensome, as noted above, in that the request is
10 | narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
11 | has engaged in various unfair trade practices, from serial copying of MGA products,
12 | to threatening retailers and suppliers to cease doing business with MGA, to
13 | intimidating employees and industry groups in order to prevent MGA from fairly
14 | competing. MGA is entitled to discovery on these claims, including discovery
15 | relating to Mattel's communications about Bratz and its competitor product Holly
16 | Hobbie.

17 |      Mattel objects that the request contains confidential, proprietary and
18 | trade secret information. A Protective Order exists in this case, obviating any
19 | concern as to protection of privacy rights and/or commercially sensitive
20 | information.

21 |      This request does not seek documents protected by the attorney-client
22 | privilege, the attorney work product doctrine, or other applicable privileges. To the
23 | extent that Mattel contends that it does, Mattel must provide a privilege log.

24 |      Mattel cites to the May 22, 2007 order, but that order is inapposite to
25 | this request, which is much narrower than those considered irrelevant and/or
26 | improper by the court. Specifically, the request is narrowly tailored to documents
27 | regarding communications between a specified entity, namely Mattel, and any third
28 |

1 | party regarding both of two particular product lines, namely Holly Hobbie and
2 | Bratz.

3 |       None of Mattel's improper objections are valid and Mattel is obligated
4 | to produce all non-privileged responsive documents in its possession, custody, or
5 | control.

6 | **MATTEL'S RESPONSE:**

7 |       This Request is "clearly overbroad" according to the prior Discovery
8 | Master's May 22, 2007 Order.[1128] In that Order, the Discovery Master denied
9 | MGA's motion to compel three requests seeking "all documents referring or relating
10 | to Mattel's communications with any buyers, merchandisers, general merchandise
11 | managers, retailers, suppliers, licensees, and potential licensees, referring or relating
12 | to Bratz, Larian or MGA regarding the origins, design, development, product
13 | launch, sales, promotions, advertising, quality, or price of Bratz or any other Bratz
14 | product."[1129] The Discovery Master held that the requests were "clearly overbroad"
15 | because they "requir[ed] production of documents that merely mention MGA,
16 | Larian, Bratz, or other MGA products, regardless of whether or not they have
17 | anything to do with the claims and defenses in the case" and "MGA has not made
18 | any attempt to link these requests to any of the numerous and far-ranging allegations
19 | of unfair competition set forth in its complaint."[1130] This Request is improperly
20 | overbroad for the same reasons and must be denied. This is particularly true
21 | because HOBBIE HOLLY is a product that Mattel did not release until 2006, and
22 | which therefore could not relate to any claim or allegation in MGA's complaint.

23 |       The Request is also overbroad as it has no limitation as to time. The
24 | Request is also overbroad to the extent it seeks discovery into events and products

---

[1128] See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
[1129] See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
[1130] Id. at 17.

1  that post-date MGA's complaint, filed on April 15, 2005, based on MGA's own

2  argument that was accepted by the Discovery Master in denying discovery Mattel

3  was seeking regarding transactions occurring after the filing of Mattel's

4  complaint.[1131]  MGA offers no reason, nor could it consistent with judicial estoppel,

5  why documents post-dating the filing of claims which do not allege continuing

6  wrongdoing are relevant to those claims.

7          Mattel's relevancy objection should also be sustained.  MGA bears the

8  burden of showing that its discovery meets the relevance requirements of <u>Rule</u>

9  <u>26(b)(1)</u>.[1132]  However, MGA has failed to make this showing.  MGA makes the

10 conclusory assertion that this Request is relevant because "MGA has alleged that

11 Mattel has engaged in various unfair trade practices, from serial copying of MGA

12 products, to threatening retailers and suppliers to cease doing business with MGA,

13 to intimidating employees and industry groups in order to prevent MGA from fairly

14 competing" but fails to explain how the discovery sought is relevant to these claims.

15 Holly Hobbie does not even appear in MGA's complaint, nor could it, as the product

16

17

---

18  [1131]   <u>See</u> MGA Parties' Reply In Support of Their Motion to Quash Receiver

19  Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
    where MGA argued that its transactions with the entities that financed acquisition of

20  the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ▮▮▮▮▮▮▮

21  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  In finding that "there has been
    no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

22  calculated to lead to the discovery of admissible evidence regarding the RICO

23  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
    other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

24  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

25  into existence – and therefore apparently did not encompass the activities or the
    transactions which are the subject of the Financing Discovery."  Discovery Matter

26  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

27  [1132]   <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery
    Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28          (footnote continued)

1    was not released until after MGA filed its complaint. "A trial court has a duty, of
2    special significance in lengthy and complex cases where the possibility of abuse is
3    always present, to supervise and limit discovery to protect parties and witnesses
4    from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664
5    (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559
6    F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste
7    Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous
8    Discovery Master has held, a party may not propound document requests as part of a
9    fishing expedition or to discover new claims.[1133]  Rivera v. NIBCO, Inc., 364 F.3d
10   1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
11   to engage in 'fishing expeditions.'").

12           Further, as the prior Discovery Master has recognized, this Request is
13   unduly burdensome.[1134]  Rule 26(b)(2)(c) provides that a Court should limit the
14   extent of discovery if it determines that the burden of the proposed discovery
15   outweighs its likely benefit; the discovery sought is unreasonably cumulative or
16   duplicative, or is obtainable from some other source that is more convenient, less
17   burdensome, or less expensive; or the party seeking discovery has had ample
18   opportunity by discovery in the action to obtain the information sought. See Fed. R.
19   Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive
20   to this overbroad Request would greatly outweigh any marginal benefit to MGA, for
21   the following reasons:

22

23   _____

24   initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
25   1390794 at *1 (S.D. Cal. 2009).
     [1133]  See Order Granting In Part and Denying In Part Mattel's Motion for
26   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
27   1.
     [1134]  See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.
28



1135 Pantel Decl. ¶ 9, Dart Decl., Exh. 31.
1136 Id. ¶ 10.
1137 Id.
1138 See Pantel Decl. ¶ 7, Dart Decl., Exh. 31.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23 ─────────────────

24   1139   Id.

25   1140   Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
     1141   Moore Decl. ¶ 5, Dart Decl., Exh. 32.
26   1142   Id.
     1143   Id.
27   1144   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

28



There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[1147]  Thus, to the extent  privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.  Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify

---

[1145]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
[1146]  Id.

1   the authority supporting the requested relief in a meet and confer letter that shall be

2   served on all parties by facsimile or electronic mail. The parties shall have five court

3   days from the date of service of that letter to conduct an in-person conference to

4   attempt to resolve the dispute.").   In order to engage in a meaningful meet and

5   confer, MGA had the burden to show the relevance of any requests it sought to

6   move on.[1148]   At no point during the meet and confer process did MGA show why

7   this Request could be considered relevant to Phase 2 issues.[1149]   Because MGA

8   refused to even attempt to make this showing, there was no possibility of a good

9   faith meet and confer to resolve the parties' disputes.  The Discovery Master should

10   deny MGA's motion with respect to this Request on that grounds alone.

11   **REQUEST FOR PRODUCTION NO. 650**

12          All COMMUNICATIONS between YOU and AMERICAN

13   GREETINGS REFERRING TO OR RELATING TO HOLLY HOBBIE that also

14   REFER TO OR RELATE TO BRATZ.

15   **RESPONSE TO REQUEST NO. 650**

16          In addition to the general objections stated above which are

17   incorporated herein by reference, Mattel objects to this Request on the grounds that

18   it is overbroad and unduly burdensome, including in that it seeks all documents on

19   this subject without limitation as to time, and regardless of whether such documents

20   relate to products or matters at issue in this case.  Mattel further objects to the

21   Request on the grounds that it seeks documents that are not relevant to this action or

---

[1147]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

[1148]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

1 │ likely to lead to the discovery of admissible evidence. Mattel further objects to this

2 │ Request on the grounds that it seeks confidential, proprietary and trade secret

3 │ information, including such information that has no bearing on the claims or

4 │ defenses in this action. Mattel further objects on the ground that this Request seeks

5 │ to circumvent the Discovery Master's Order dated May 22, 2007.

6 │ **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7 │ **SHOULD BE COMPELLED**

8 │ Mattel has not agreed to produce documents in response to this request,

9 │ subject to its improper boilerplate objections. Mattel has refused to confirm whether

10 │ or not it has produced all non-privileged responsive documents or whether it is

11 │ withholding documents based on its objections in Phase 2. Under the Federal Rules

12 │ of Civil Procedure, "an objection to part of a request must specify the part and

13 │ permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

14 │ fail to explain the basis for an objection with specificity are routinely rejected in the

15 │ Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

16 │ (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

17 │ harassing' are improper – especially when a party fails to submit any evidentiary

18 │ declarations supporting such objections"). Accordingly, Mattel must be compelled

19 │ either to certify that it has produced all non-privileged responsive documents or to

20 │ produce all such documents by a date certain.

21 │ To the extent that Mattel is relying on its blanket objections, they are

22 │ not sustainable and do not justify Mattel's failure to produce documents.

23 │ As to overbreadth, Mattel provides no explanation, let alone the

24 │ required particularity, as to *why* this request is supposedly overly broad, nor can it

25 │ do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

26 │

27 │ [1149]   See Webster Decl., ¶¶ 6-20.

28 │

00505.07975/3161688.1

20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents relating to communications between Mattel and American Greetings relating to both Holly Hobbie and Bratz.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. Thisobjection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in various unfair trade practices, from serial copying of MGA products, to threatening retailers and suppliers to cease doing business with MGA, to intimidating employees and industry groups in order to prevent MGA from fairly competing.  MGA is entitled to discovery on these claims, including discovery relating to communications between Mattel and American Greetings involving both Bratz and its competitor product Holly Hobbie.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel cites to the May 22, 2007 order, but that order is inapposite to this request, which is much narrower than those considered irrelevant and/or improper by the court.  Specifically, the request is narrowly tailored to documents regarding communications between two specific entities, Mattel and American Greetings, and involving both of two particular product lines, namely Holly Hobbie and Bratz.

1     None of Mattel's improper objections are valid and Mattel is obligated

2  to produce all non-privileged responsive documents in its possession, custody, or

3  control.

4  **MATTEL'S RESPONSE:**

5     This Request is "clearly overbroad" according to the prior Discovery

6  Master's May 22, 2007 Order.[1150]  In that Order, the Discovery Master denied

7  MGA's motion to compel three requests seeking "all documents referring or relating

8  to Mattel's communications with any buyers, merchandisers, general merchandise

9  managers, retailers, suppliers, licensees, and potential licensees, referring or relating

10 to Bratz, Larian or MGA regarding the origins, design, development, product

11 launch, sales, promotions, advertising, quality, or price of Bratz or any other Bratz

12 product."[1151]  The Discovery Master held that the requests were "clearly overbroad"

13 because they "requir[ed] production of documents that merely mention MGA,

14 Larian, Bratz, or other MGA products, regardless of whether or not they have

15 anything to do with the claims and defenses in the case" and "MGA has not made

16 any attempt to link these requests to any of the numerous and far-ranging allegations

17 of unfair competition set forth in its complaint."[1152]  This Request is improperly

18 overbroad for the same reasons and must be denied.  This is particularly true

19 because HOBBIE HOLLY is a product that Mattel did not release until 2006, and

20 which therefore could not relate to any claim or allegation in MGA's complaint.

21     The Request is also overbroad as it has no limitation as to time.  The

22 Request is also overbroad to the extent it seeks discovery into events and products

23 that post-date MGA's complaint, filed on April 15, 2005, based on MGA's own

24 argument that was accepted by the Discovery Master in denying discovery Mattel

25 ───────────────

26 [1150]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
27 [1151]  <u>See</u> Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
   [1152]  <u>Id.</u> at 17.
28

1  was seeking regarding transactions occurring after the filing of Mattel's

2  complaint.[1153]  MGA offers no reason, nor could it consistent with judicial estoppel,

3  why documents post-dating the filing of claims which do not allege continuing

4  wrongdoing are relevant to those claims.

5        Mattel's relevancy objection should also be sustained.  MGA bears the

6  burden of showing that its discovery meets the relevance requirements of Rule

7  26(b)(1).[1154]  However, MGA has failed to make this showing.  MGA makes the

8  conclusory assertion that this Request is relevant because "MGA has alleged that

9  Mattel has engaged in various unfair trade practices, from serial copying of MGA

10 products, to threatening retailers and suppliers to cease doing business with MGA,

11 to intimidating employees and industry groups in order to prevent MGA from fairly

12 competing" but fails to explain how the discovery sought is relevant to these claims.

13 Holly Hobbie does not even appear in MGA's complaint, nor could it, as the product

14 was not released until after MGA filed its complaint.  "A trial court has a duty, of

15 special significance in lengthy and complex cases where the possibility of abuse is

16

17

---

18  [1153]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
    Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
19  where MGA argued that its transactions with the entities that financed acquisition of
20  the Wachovia debt were not relevant to Phase 2 because, *inter alia,* ███████████
    ██████████████████████████████████████  In finding that "there has been
21  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
22  calculated to lead to the discovery of admissible evidence regarding the RICO
    counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
23  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
24  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
25  into existence – and therefore apparently did not encompass the activities or the
    transactions which are the subject of the Financing Discovery."  Discovery Matter
26  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
27  [1154]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
    Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
28  (footnote continued)

1  always present, to supervise and limit discovery to protect parties and witnesses

2  from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664

3  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

4  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

5  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

6  Discovery Master has held, a party may not propound document requests as part of a

7  fishing expedition or to discover new claims.[1155]  Rivera v. NIBCO, Inc., 364 F.3d

8  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

9  to engage in 'fishing expeditions.'").

10       Further, as the prior Discovery Master has recognized, this Request is

11  unduly burdensome.[1156]  Rule 26(b)(2)(c) provides that a Court should limit the

12  extent of discovery if it determines that the burden of the proposed discovery

13  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

14  duplicative, or is obtainable from some other source that is more convenient, less

15  burdensome, or less expensive; or the party seeking discovery has had ample

16  opportunity by discovery in the action to obtain the information sought. See Fed. R.

17  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

18  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

19  the following reasons:

20  ████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████

22

23  _____

24  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

25  [1155]   See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

26  1.

27  [1156]   See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.
   [1157]   Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

28



1158  Id. ¶ 10.
1159  Id.
1160  See Pantel Decl. ¶ 7, Dart Decl., Exh. 31.
1161  Id.

00505.07975/3161688.1



1162 Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
1163 Moore Decl. ¶ 5, Dart Decl., Exh. 32.
1164 Id.
1165 Id.



8          There is no basis for overruling Mattel's privilege objection.  MGA's

9   bald assertion that "[t]his request does not seek information protected by the

10   attorney-client privilege, the attorney work product doctrine, or other applicable

11   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

12   agreed that "all privileged documents would be logged except for documents created

13   after this action was filed on April 27, 2004."[1169]  Thus, to the extent  privileged

14   documents fall within the post lawsuit time period, they need not be included on

15   Mattel's log.  Although it bears the burden of showing why this agreement should

16   not be applied to a given Request, MGA fails to do so.

17          Finally, MGA failed to meet and confer at all, much less in good faith,

18   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

19   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

20   the moving party shall first identify each dispute, state the relief sought and identify

21   the authority supporting the requested relief in a meet and confer letter that shall be

22   served on all parties by facsimile or electronic mail. The parties shall have five court

---

[1166]   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

[1167]   Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

[1168]   Id.

[1169]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1 days from the date of service of that letter to conduct an in-person conference to

2 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

3 confer, MGA had the burden to show the relevance of any requests it sought to

4 move on.[1170]   At no point during the meet and confer process did MGA show why

5 this Request could be considered relevant to Phase 2 issues.[1171]   Because MGA

6 refused to even attempt to make this showing, there was no possibility of a good

7 faith meet and confer to resolve the parties' disputes.  The Discovery Master should

8 deny MGA's motion with respect to this Request on that grounds alone.

9 **REQUEST FOR PRODUCTION NO. 651**

10           DOCUMENTS sufficient to determine total sales, revenues, royalties,

11 costs of goods sold and any other costs attributable to net profits REFERRING TO

12 OR RELATING TO each BARBIE product, broken down by SKU #, from 2001 to

13 the present.

14 **RESPONSE TO REQUEST NO. 651:**

15           In addition to the general objections stated above which are

16 incorporated herein by reference, Mattel objects to this Request on the grounds that

17 it is overbroad, unduly burdensome, and unintelligible, including in that it seeks all

18 documents regardless of whether such documents relate to products or matters at

19 issue in this case.  Mattel further objects to the Request on the grounds that it seeks

20 documents that are not relevant to this action or likely to lead to the discovery of

21 admissible evidence.  Mattel further objects to this Request on the grounds that it

22 seeks confidential, proprietary and trade secret information, including such

23 information that has no bearing on the claims or defenses in this action.  Mattel

24

25   [1170]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26 Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27 initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

1390794 at *1 (S.D. Cal. May 14, 2009).

28

1 further objects to this Request on the grounds that it calls for the disclosure of

2 information subject to the attorney-client privilege, the attorney work-product

3 doctrine and other applicable privileges.

4 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

5 **TO SHOULD BE COMPELLED**

6            Mattel has not agreed to produce documents in response to this request,

7 subject to its improper boilerplate objections. Mattel has refused to confirm whether

8 or not it has produced all non-privileged responsive documents or whether it is

9 withholding documents based on its objections in Phase 2. Under the Federal Rules

10 of Civil Procedure, "an objection to part of a request must specify the part and

11 permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

12 fail to explain the basis for an objection with specificity are routinely rejected in the

13 Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

14 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

15 harassing' are improper – especially when a party fails to submit any evidentiary

16 declarations supporting such objections"). Accordingly, Mattel must be compelled

17 either to certify that it has produced all non-privileged responsive documents or to

18 produce all such documents by a date certain.

19            To the extent that Mattel is relying on its blanket objections, they are

20 not sustainable and do not justify Mattel's failure to produce documents.

21            As to overbreadth, Mattel provides no explanation, let alone the

22 required particularity, as to *why* this request is supposedly overly broad, nor can it

23 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

24 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

25

26

27   [1171]   See Webster Decl., ¶¶ 6-20.

28

1  contrary, the request is narrowly tailored to seek several specific categories of

2  information relating to the net profits of BARBIE products.

3         As to burden, Mattel has not attempted to demonstrate why responding

4  to this request and/or producing responsive documents presents any burden.  This

5  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

6  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7  request is unduly burdensome must allege specific facts which indicate the nature

8  and extent of the burden, usually by affidavit or other reliable evidence.")

9  Moreover, it is not unduly burdensome, as noted above, in that the request is

10 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11 has engaged in a broad variety of unfair trade practices, from serial copying of

12 MGA products, to threatening retailers and suppliers to cease doing business with

13 MGA. MGA is entitled to discovery on these claims.

14         This request does not seek documents protected by the attorney-client

15 privilege, the attorney work product doctrine, or other applicable privileges.  To the

16 extent that Mattel contends that it does, Mattel must provide a privilege log.

17         As to relevancy, Mattel has not attempted to demonstrate why the

18 responsive documents are irrelevant to the current action.  On the contrary, MGA

19 has alleged that Mattel is engaged in copying of MGA products, and BARBIE is an

20 example of one such product line.  A request for documents that relate to the total

21 sales, revenue, royalties, costs of goods sold and any other costs attributable to net

22 profits associated with each BARBIE product is therefore relevant to this action and

23 MGA's claims.

24         Mattel objects that the request contains confidential, proprietary, and

25 trade secret information.  A Protective Order exists in this case, obviating any

26 concern as to protection of privacy rights and/or commercially sensitive

27 information.

28

1      None of Mattel's improper objections are valid and Mattel is obligated
2  to produce all non-privileged responsive documents in its possession, custody, or
3  control.

4  **MATTEL'S RESPONSE:**

5      Mattel has already produced detailed profit and loss information for
6  every girls and boys product sold by Mattel from 1998 to 2008, including each of
7  the products subject to MGA's unfair competition claims and every product Mattel
8  alleges was harmed by any act or omission alleged by Mattel in this lawsuit.

9      MGA does not and cannot show that it is entitled to anything more.
10 MGA argues that "Mattel has not attempted to demonstrate why the responsive
11 documents are irrelevant to the current action." However, the burden is not on
12 Mattel to show irrelevancy. Rather, MGA must establish that its discovery meets
13 the relevance requirements of <u>Rule</u> 26(b)(1).[1172] MGA asserts that information
14 about total sales, revenues, royalties, costs of goods sold and other costs attributable
15 to net profits REFERRING TO OR RELATING TO each BARBIE product is
16 relevant because "MGA has alleged that Mattel is engaging in copying of MGA
17 products, and BARBIE is an example of one such product line." However, MGA
18 does not explain why Barbie financial information is relevant to these claims. MGA
19 has made no showing how this request is related to the claims and defenses in this
20 case. "A trial court has a duty, of special significance in lengthy and complex cases
21 where the possibility of abuse is always present, to supervise and limit discovery to
22 protect parties and witnesses from annoyance and excessive expense." <u>Dolgow v.</u>
23 <u>Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan</u>

---

[1172]   <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery
Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL
1390794 at *1 (S.D. Cal. 2009).

1  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

2  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

3  (same).  As the previous Discovery Master has held, a party may not propound

4  document requests as part of a fishing expedition or to discover new claims.[1173]

5  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

6  not condone the use of discovery to engage in 'fishing expeditions.'").

7          Even if it were relevant, the Request is overbroad.  In seeking

8  documents sufficient to determine total sales, revenues, royalties, costs of goods

9  sold and any other costs attributable to net profits REFERRING TO OR

10  RELATING To each BARBIE product from 2001 through the present, MGA is

11  seeking documents about products and time periods that are not related to any of

12  MGA's claims and therefore not related to the case.

13          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

14  that a Court should limit the extent of discovery if it determines that the burden of

15  the proposed discovery outweighs its likely benefit; the discovery sought is

16  unreasonably cumulative or duplicative, or is obtainable from some other source that

17  is more convenient, less burdensome, or less expensive; or the party seeking

18  discovery has had ample opportunity by discovery in the action to obtain the

19  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

20  producing the documents responsive to this overbroad Request would greatly

21  outweigh any marginal benefit to MGA, as explained below.

22  

23  

24  

25  

26  [1173]  See Order Granting In Part and Denying In Part Mattel's Motion for
Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

27  1.

28



8         There is no basis for overruling Mattel's privilege objection.  MGA's

9   bald assertion that "[t]his request does not seek information protected by the

10   attorney-client privilege, the attorney work product doctrine, or other applicable

11   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

12   agreed that "all privileged documents would be logged except for documents created

13   after this action was filed on April 27, 2004."[1177]  Thus, to the extent  privileged

14   documents fall within the post lawsuit time period, they need not be included on

15   Mattel's log.

16         Finally, MGA failed to meet and confer at all, much less in good faith,

17   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

18   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

19   the moving party shall first identify each dispute, state the relief sought and identify

20   the authority supporting the requested relief in a meet and confer letter that shall be

21   served on all parties by facsimile or electronic mail. The parties shall have five court

22   days from the date of service of that letter to conduct an in-person conference to

---

[1174]   See Pantel Dec. at ¶ 12.
[1175]   Id.
[1176]   Id.
[1177]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1  attempt to resolve the dispute.").   At no point during the meet and confer process

2  did the parties discuss this Request or Mattel's response to it.[1178]   In order to engage

3  in a meaningful meet and confer, MGA had the burden to show the relevance of any

4  requests it sought to move on.[1179]   Because MGA refused to even attempt to make

5  this showing, there was no possibility of a good faith meet and confer to resolve the

6  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

7  this Request on that grounds alone.

8  **REQUEST FOR PRODUCTION NO. 652**

9        DOCUMENTS sufficient to determine total sales, revenues, royalties,

10  costs of goods sold and any other costs attributable to net profits REFERRING TO

11  OR RELATING TO each HOT WHEELS product, broken down by SKU #, from

12  2001 to the present.

13  **RESPONSE TO REQUEST NO. 652:**

14        In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents regardless of whether such documents relate to products or matters at

18  issue in this case.  Mattel further objects to the Request on the grounds that it seeks

19  documents that are not relevant to this action or likely to lead to the discovery of

20  admissible evidence.  Mattel further objects to this Request on the grounds that it

21  seeks confidential, proprietary and trade secret information, including such

22  information that has no bearing on the claims or defenses in this action.  Mattel

23  further objects to this Request on the grounds that it calls for the disclosure of

24

25
_____

26   [1178]  See Webster Decl., ¶¶ 6-20.

27   [1179]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28    (footnote continued)

1 information subject to the attorney-client privilege, the attorney work-product

2 doctrine and other applicable privileges.

3 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

4 **TO SHOULD BE COMPELLED**

5         Mattel has not agreed to produce documents in response to this request,

6 subject to its improper boilerplate objections.  Mattel has refused to confirm whether

7 or not it has produced all non-privileged responsive documents or whether it is

8 withholding documents based on its objections in Phase 2.  Under the Federal Rules

9 of Civil Procedure, "an objection to part of a request must specify the part and

10 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

11 fail to explain the basis for an objection with specificity are routinely rejected in the

12 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

13 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

14 harassing' are improper – especially when a party fails to submit any evidentiary

15 declarations supporting such objections").  Accordingly, Mattel must be compelled

16 either to certify that it has produced all non-privileged responsive documents or to

17 produce all such documents by a date certain.

18         To the extent that Mattel is relying on its blanket objections, they are

19 not sustainable and do not justify Mattel's failure to produce documents.

20         As to overbreadth, Mattel provides no explanation, let alone the

21 required particularity, as to **why** this request is supposedly overly broad, nor can it

22 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

23 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

24 contrary, the request is narrowly tailored to seek documents sufficient enough to

25 determine total sales, revenues, royalties, costs of goods sold and any other costs

26

27 initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

28     (footnote continued)

1  attributable to net profits associated with each HOT WHEELS product, broken

2  down by SKU #, from 2001 to the present.

3  As to burden, Mattel has not attempted to demonstrate why responding

4  to this request and/or producing responsive documents presents any burden.  This

5  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

6  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7  request is unduly burdensome must allege specific facts which indicate the nature

8  and extent of the burden, usually by affidavit or other reliable evidence.")

9  Moreover, it is not unduly burdensome, as noted above, in that the request is

10 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11 has engaged in a broad variety of unfair trade practices, from serial copying of

12 MGA products, to threatening retailers and suppliers to cease doing business with

13 MGA. MGA is entitled to discovery on these claims.

14 This request does not seek documents protected by the attorney-client

15 privilege, the attorney work product doctrine, or other applicable privileges.  To the

16 extent that Mattel contends that it does, Mattel must provide a privilege log.

17 As to relevancy, Mattel has not attempted to demonstrate why the

18 responsive documents are irrelevant to the current action.  On the contrary, MGA

19 has alleged that Mattel is engaged in copying of MGA products, and HOT

20 WHEELS is an example of one such product line.  A request for documents that

21 relate to the total sales, revenue, royalties, costs of goods sold and any other costs

22 attributable to net profits associated with each HOT WHEEL product is therefore

23 relevant to this action and MGA's claim.

24

25

26

27 1390794 at *1 (S.D. Cal. May 14, 2009).

28

00505.07975/3161688.1

-546-

1    None of Mattel's improper objections are valid and Mattel is obligated

2  to produce all non-privileged responsive documents in its possession, custody, or

3  control.

4  **MATTEL'S RESPONSE:**

5    Mattel has already produced detailed profit and loss information for

6  every girls and boys product sold by Mattel from 1998 to 2008, including each of

7  the products subject to MGA's unfair competition claims and every product Mattel

8  alleges was harmed by any act or omission alleged by Mattel in this lawsuit.

9    MGA does not and cannot show that it is entitled to anything more.

10  MGA's argument that it is entitled to these documents fails on the merits.  MGA

11  argues that "Mattel has not attempted to demonstrate why the responsive documents

12  are irrelevant to the current action."  However, the burden is not on Mattel to show

13  irrelevancy.  Rather, MGA must establish that its discovery meets the relevance

14  requirements of Rule 26(b)(1).[1180]  MGA asserts that information about total sales,

15  revenues, royalties, costs of goods sold and other costs attributable to net profits

16  REFERRING TO OR RELATING TO each HOT WHEELS product is relevant

17  because "MGA has alleged that Mattel is engaging in copying of MGA products,

18  and HOT WHEELS is an example of one such product line."  However, MGA does

19  not explain why Hot Wheels financial information for any product line other than

20  AcceleRacerS is relevant to these claims.  MGA has therefore made no showing

21  how this request is related to the claims and defenses in this case.  "A trial court has

22  a duty, of special significance in lengthy and complex cases where the possibility of

23  abuse is always present, to supervise and limit discovery to protect parties and

24

25    [1180]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. 2009).

28

1 | witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D.
2 | 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World
3 | Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v.
4 | Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the
5 | previous Discovery Master has held, a party may not propound document requests
6 | as part of a fishing expedition or to discover new claims.[1181]  Rivera v. NIBCO, Inc.,
7 | 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of
8 | discovery to engage in 'fishing expeditions.'").

9 |          Even if it were relevant, the Request is overbroad.  In seeking
10 | documents sufficient to determine total sales, revenues, royalties, costs of goods
11 | sold any other costs attributable to net profits REFERRING TO OR
12 | RELATING To each HOT WHEELS product from 2001 through the present, MGA
13 | is seeking documents about numerous products and time periods that are not related
14 | to any allegations in MGA's complaint.

15 |          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
16 | that a Court should limit the extent of discovery if it determines that the burden of
17 | the proposed discovery outweighs its likely benefit; the discovery sought is
18 | unreasonably cumulative or duplicative, or is obtainable from some other source that
19 | is more convenient, less burdensome, or less expensive; or the party seeking
20 | discovery has had ample opportunity by discovery in the action to obtain the
21 | information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
22 | producing the documents responsive to this overbroad Request would greatly
23 | outweigh any marginal benefit to MGA, as explained below.

24 |
25 | _____
26 | [1181]  See Order Granting In Part and Denying In Part Mattel's Motion for
27 | Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
28 | 1.



11    There is no basis for overruling Mattel's privilege objection.  MGA's

12  bald assertion that "[t]his request does not seek information protected by the

13  attorney-client privilege, the attorney work product doctrine, or other applicable

14  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

15  agreed that "all privileged documents would be logged except for documents created

16  after this action was filed on April 27, 2004."[1185]  Thus, to the extent  privileged

17  documents fall within the post lawsuit time period, they need not be included on

18  Mattel's log.

19    Finally, MGA failed to meet and confer at all, much less in good faith,

20  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

21  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

22  the moving party shall first identify each dispute, state the relief sought and identify

23

---

24  [1182]  See Pantel Dec. at ¶ 12.
25  [1183]  Id.
    [1184]  Id.
26  [1185]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.
28

1   the authority supporting the requested relief in a meet and confer letter that shall be

2   served on all parties by facsimile or electronic mail. The parties shall have five court

3   days from the date of service of that letter to conduct an in-person conference to

4   attempt to resolve the dispute.").   At no point during the meet and confer process

5   did the parties discuss this Request or Mattel's response to it.[1186]   In order to engage

6   in a meaningful meet and confer, MGA had the burden to show the relevance of any

7   requests it sought to move on.[1187]   Because MGA refused to even attempt to make

8   this showing, there was no possibility of a good faith meet and confer to resolve the

9   parties' disputes.  The Discovery Master should deny MGA's motion with respect to

10  this Request on that grounds alone.

11  **REQUEST FOR PRODUCTION NO. 656**

12          DOCUMENTS sufficient to determine total sales, revenues, royalties,

13  costs of goods sold and any other costs attributable to net profits REFERRING TO

14  OR RELATING TO each POLLY POCKET product, broken down by SKU #, from

15  2001 to the present.

16  **RESPONSE TO REQUEST NO. 656:**

17          In addition to the general objections stated above which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it is overbroad and unduly burdensome, including in that it seeks all documents

20  regardless of whether such documents relate to products or matters at issue in this

21  case.  Mattel further objects to the Request on the grounds that it seeks documents

22  that are not relevant to this action or likely to lead to the discovery of admissible

23  evidence.  Mattel further objects to this Request on the grounds that it seeks

24

25

26  [1186]  See Webster Decl.,  ¶¶ 6-20.

27  [1187]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
    Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28  (footnote continued)

1   confidential, proprietary and trade secret information, including such information

2   that has no bearing on the claims or defenses in this action.  Mattel further objects to

3   this Request on the grounds that it calls for the disclosure of information subject to

4   the attorney-client privilege, the attorney work-product doctrine and other applicable

5   privileges.  Mattel further objects on the ground that this Request seeks to

6   circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

7   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

8   **TO SHOULD BE COMPELLED**

9   　　　Mattel has not agreed to produce documents in response to this request,

10   subject to its improper boilerplate objections.  Mattel has refused to confirm whether

11   or not it has produced all non-privileged responsive documents or whether it is

12   withholding documents based on its objections in Phase 2.  Under the Federal Rules

13   of Civil Procedure, "an objection to part of a request must specify the part and

14   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

15   fail to explain the basis for an objection with specificity are routinely rejected in the

16   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

17   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

18   harassing' are improper – especially when a party fails to submit any evidentiary

19   declarations supporting such objections").  Accordingly, Mattel must be compelled

20   either to certify that it has produced all non-privileged responsive documents or to

21   produce all such documents by a date certain.

22   　　　To the extent that Mattel is relying on its blanket objections, they are

23   not sustainable and do not justify Mattel's failure to produce documents.

24   　　　As to overbreadth, Mattel provides no explanation, let alone the

25   required particularity, as to **why** this request is supposedly overly broad, nor can it

26

27   initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

28   　　(footnote continued)

1   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

2   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

3   contrary, the request is narrowly tailored to seek documents sufficient enough to

4   determine total sales, revenues, royalties, costs of goods sold and any other costs

5   attributable to net profits associated with each POLLY POCKET product, broken

6   down by SKU #, from 2001 to the present.

7           As to burden, Mattel has not attempted to demonstrate why responding

8   to this request and/or producing responsive documents presents any burden. This

9   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

10  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11  request is unduly burdensome must allege specific facts which indicate the nature

12  and extent of the burden, usually by affidavit or other reliable evidence.")

13  Moreover, it is not unduly burdensome, as noted above, in that the request is

14  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

15  has engaged in a broad variety of unfair trade practices, from serial copying of

16  MGA products, to threatening retailers and suppliers to cease doing business with

17  MGA. MGA is entitled to discovery on these claims.

18          This request does not seek documents protected by the attorney-client

19  privilege, the attorney work product doctrine, or other applicable privileges. To the

20  extent that Mattel contends that it does, Mattel must provide a privilege log.

21          Mattel cites to the May 22, 2007 order, but that order is inapposite to

22  this request, which is much narrower than those considered irrelevant and/or

23  improper by the court. Specifically, the request is narrowly tailored to documents

24  regarding a particular product line, namely POLLY POCKET. Mattel also cites to

25  the April 19, 2007 order, but that order is also inapposite to this request, which is

26

27  1390794 at *1 (S.D. Cal. May 14, 2009).

28

1 | much narrower than those considered irrelevant and/or improper by the court.
2 | Specifically, the request is narrowly tailored to documents sufficient to determine
3 | total sales, revenues, royalties, costs of goods sold and any other costs attributable to
4 | net profits referring to each POLLY POCKET product.

5 | As to relevancy, Mattel has not attempted to demonstrate why the
6 | responsive documents are irrelevant to the current action. On the contrary, MGA
7 | has alleged that Mattel is engaged in copying of MGA products, and POLLY
8 | POCKET is an example of one such product line. A request for documents that
9 | relate to the total sales, revenue, royalties, costs of goods sold and any other costs
10 | attributable to net profits associated with each POLLY POCKET product is
11 | therefore relevant to this action and MGA's claim.

12 | Mattel objects that the request contains confidential, proprietary, and
13 | trade secret information. A Protective Order exists in this case, obviating any
14 | concern as to protection of privacy rights and/or commercially sensitive
15 | information.

16 | None of Mattel's improper objections are valid and Mattel is obligated
17 | to produce all non-privileged responsive documents in its possession, custody, or
18 | control.

19 | **MATTEL'S RESPONSE:**

20 | Mattel has already produced detailed profit and loss information for
21 | every girls and boys product sold by Mattel from 1998 to 2008, including each of
22 | the products subject to MGA's unfair competition claims and every product Mattel
23 | alleges was harmed by any act or omission alleged by Mattel in this lawsuit.

24 | MGA does not and cannot show that it is entitled to anything more.
25 | Mattel's relevancy objection should be sustained, as the previous Discovery Master
26 |
27 |
28 |

1   has granted Mattel a Protective Order for such broad Polly Pocket requests.[1188]

2   MGA argues that "Mattel has not attempted to demonstrate why responding to this

3   request and/or producing responsive documents is irrelevant to the present action."

4   However, MGA bears the burden of showing that its discovery meets the relevance

5   requirements of Rule 26(b)(1).[1189]  MGA makes the conclusory assertion that this

6   Request is relevant to its allegations that "Mattel is engaged in copying of MGA

7   products, packaging, themes and advertising."  However, as the prior Discovery

8   Master recognized, "Polly Pocket is not mentioned in either MGA's or Bryant's

9   complaint or any of the other pleadings filed in this consolidated action."[1190]  In

10  denying MGA discovery into information related to Polly Pocket (with the

11  exception of a documetns relating to a single Polly Pockoet television commercial

12  identified in MGA's interrogatory responses), the Discovery Master held that "[t]he

13  Federal Rules of Civil Procedure do not permit MGA and Bryant to use broad

14  discovery requests, untethered to a claim or defense, to fish for new claims." Rivera

15  v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not

16  condone the use of discovery to engage in 'fishing expeditions.'").   "A trial court

17  has a duty, of special significance in lengthy and complex cases where the

18  possibility of abuse is always present, to supervise and limit discovery to protect

19  parties and witnesses from annoyance and excessive expense." Dolgow v.

20  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

21  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

22

23

---

24   [1188]  See April 19, 2007 Order, at 7, Dart Decl., Exh. 1.

    [1189]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

25  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

26  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

    1390794 at *1 (S.D. Cal. 2009).

27   [1190]  See April 19, 2007 Order, at 5, Dart Decl., Exh. 1.

28

1  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

2  (same).

3        Further, this Request is "clearly overbroad" according to the prior

4  Discovery Master's May 22, 2007 Order.[1191]  In that Order, the Discovery Master

5  held that requests were "clearly overbroad" where they "requir[ed] production of

6  documents that merely mention MGA, Larian, Bratz, or other MGA products,

7  regardless of whether or not they have anything to do with the claims and defenses

8  in the case" and "MGA has not made any attempt to link these requests to any of the

9  numerous and far-ranging allegations of unfair competition set forth in its

10  complaint."[1192]  This Request is improperly overbroad for the same reasons and must

11  be denied.

12        The Request is also overbroad as to time, seeking communications in a

13  time period that predates any Phase 2 issues related to MGA's allegations unfair

14  trade practices.

15        Further, as the prior Discovery Master has recognized, this Request is

16  unduly burdensome.[1193]  Rule 26(b)(2)(c) provides that a Court should limit the

17  extent of discovery if it determines that the burden of the proposed discovery

18  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

19  duplicative, or is obtainable from some other source that is more convenient, less

20  burdensome, or less expensive; or the party seeking discovery has had ample

21  opportunity by discovery in the action to obtain the information sought. See Fed. R.

22  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive

23  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

24  the following reasons:

25  _____

26  [1191] See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

27  [1192] Id. at 17.

28  [1193] Id.



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

1194  Pantel Decl. ¶ 9, Dart Decl., Exh. 31.
1195  Id. ¶ 10.
1196  Id.
1197  See Pantel Decl. ¶ 7, Dart Decl., Exh. 31.



1198 Id.
1199 Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
1200 Moore Decl. ¶ 5, Dart Decl., Exh. 32.
1201 Id.
1202 Id.
1203 Pantel Decl. ¶ 11, Dart Decl., Exh. 31..



1
2
3
4
5
6
7
8
9
10
11

12       There is no basis for overruling Mattel's privilege objection.  MGA's

13  bald assertion that "[t]his request does not seek information protected by the

14  attorney-client privilege, the attorney work product doctrine, or other applicable

15  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

16  agreed that "all privileged documents would be logged except for documents created

17  after this action was filed on April 27, 2004."[1206]  Thus, to the extent  privileged

18  documents fall within the post lawsuit time period, they need not be included on

19  Mattel's log.  Although it bears the burden of showing why this agreement should

20  not be applied to a given Request, MGA fails to do so.

21       Finally, MGA failed to meet and confer at all, much less in good faith,

22  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

23  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

24
25
26
27
28

[1204]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
[1205]  Id.

1  the moving party shall first identify each dispute, state the relief sought and identify

2  the authority supporting the requested relief in a meet and confer letter that shall be

3  served on all parties by facsimile or electronic mail. The parties shall have five court

4  days from the date of service of that letter to conduct an in-person conference to

5  attempt to resolve the dispute."). In order to engage in a meaningful meet and

6  confer, MGA had the burden to show the relevance of any requests it sought to

7  move on.[1207]  At no point during the meet and confer process did MGA show why

8  this Request could be considered relevant to Phase 2 issues.[1208]  Because MGA

9  refused to even attempt to make this showing, there was no possibility of a good

10  faith meet and confer to resolve the parties' disputes. The Discovery Master should

11  deny MGA's motion with respect to this Request on that grounds alone.

12  **REQUEST FOR PRODUCTION NO. 674**

13        A sample of each CONTESTED MATTEL PRODUCT, including,

14  without limitation, each MY SCENE DOLL, sold by YOU or YOUR licensees.

15  **RESPONSE TO REQUEST NO. 674**

16        In addition to the general objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it is overbroad and unduly burdensome, including in that it seeks all documents on

19  this subject without limitation as to time, and regardless of whether such documents

20  relate to products or matters at issue in this case. Mattel further objects to the

21

22  _____

23  [1206]   See Order Denying Mattel's Motion for Protective Order Limiting the
    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

24  3.
    [1207]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

25  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

26  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. May 14, 2009).

27  [1208]   See Webster Decl., ¶¶ 6-20.

28

1   Request on the grounds that it seeks documents that are not relevant to this action or

2   likely to lead to the discovery of admissible evidence.

3   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

4   **TO SHOULD BE COMPELLED**

5         Mattel has not agreed to produce documents in response to this request,

6   subject to its improper boilerplate objections.  Mattel has refused to confirm whether

7   or not it has produced all non-privileged responsive documents or whether it is

8   withholding documents based on its objections in Phase 2.  Under the Federal Rules

9   of Civil Procedure, "an objection to part of a request must specify the part and

10   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

11   fail to explain the basis for an objection with specificity are routinely rejected in the

12   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

13   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

14   harassing' are improper – especially when a party fails to submit any evidentiary

15   declarations supporting such objections").  Accordingly, Mattel must be compelled

16   either to certify that it has produced all non-privileged responsive documents or to

17   produce all such documents by a date certain.

18         To the extent that Mattel is relying on its blanket objections, they are

19   not sustainable and do not justify Mattel's failure to produce documents.

20         As to overbreadth, Mattel provides no explanation, let alone the

21   required particularity, as to ***why*** this request is supposedly overly broad, nor can it

22   do so.

23         This objection is therefore improper.  Order No. 17, dated April 14,

24   2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.

25   Ex. 58.  To the contrary, the request is narrowly tailored to seek only samples of

26   contested Mattel products.

27         As to burden, Mattel has not attempted to demonstrate why responding

28   to this request and/or producing responsive documents presents any burden.  This

1  objection must therefore be rejected.  See <u>Jackson v. Montgomery Ward & Co., Inc.,</u>

2  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3  request is unduly burdensome must allege specific facts which indicate the nature

4  and extent of the burden, usually by affidavit or other reliable evidence.")

5  Moreover, it is not unduly burdensome, as noted above, in that the request is

6  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7  has engaged in a broad variety of unfair trade practices including serial copying of

8  MGA products.  MGA is entitled to discovery on the contested Mattel products,

9  which are at the heart of these claims.

10       Mattel also objects that samples of the contest Mattel products are not

11 relevant to the action.  Nothing could be further from the truth.  MGA's affirmative

12 claims include allegations that Mattel intentionally copied its products.  MGA is

13 now seeking discovery on those claims, including the production of samples of the

14 products that MGA believes infringe upon its rights.  Mattel has sought production

15 of samples of MGA products.  It cannot prevent production of samples of its

16 infringing products, especially where the products at issue are at the heart of MGA's

17 claims.

18       None of Mattel's improper objections are valid and Mattel is obligated

19 to produce all non-privileged responsive documents in its possession, custody, or

20 control.

21 **MATTEL'S RESPONSE:**

22       The Request is overbroad.  In seeking samples of each CONTESTED

23 MATTEL PRODUCT, including each MY SCENE DOLL, MGA is seeking

24 samples of products that are not at issue in this case.  Further, the Request is

25 overbroad to the extent it seeks discovery into products that post-date MGA's

26 complaint, filed on April 15, 2005, based on MGA's own argument that was

27

28

1    accepted by the Discovery Master in denying discovery Mattel was seeking

2    regarding transactions occurring after the filing of Mattel's complaint.[1209]  MGA

3    offers no reason, nor could it consistent with judicial estoppel, why documents post-

4    dating the filing of claims which do not allege continuing wrongdoing are relevant

5    to those claims.

6            Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

7    that a Court should limit the extent of discovery if it determines that the burden of

8    the proposed discovery outweighs its likely benefit; the discovery sought is

9    unreasonably cumulative or duplicative, or is obtainable from some other source that

10   is more convenient, less burdensome, or less expensive; or the party seeking

11   discovery has had ample opportunity by discovery in the action to obtain the

12   information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

13   producing the documents responsive to this overbroad Request would greatly

14   outweigh any marginal benefit to MGA, as explained below.

15           MGA's Request seeks samples of products that have been sold Mattel's

16   licensees.  Often these samples are in the possession of licensees.  However, Mattel

17   does not always collect such samples from its licensees in the normal course of

18

---

19   [1209]   See MGA Parties' Reply In Support of Their Motion to Quash Receiver

20   Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,

21   where MGA argued that its transactions with the entities that financed acquisition of
     the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ▮▮▮▮▮▮▮▮

22   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  In finding that "there has been

23   no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
     calculated to lead to the discovery of admissible evidence regarding the RICO

24   counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

25   other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
     than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26   into existence – and therefore apparently did not encompass the activities or the

27   transactions which are the subject of the Financing Discovery."  Discovery Matter
     Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

28

1  business.  Further, collecting and producing samples of all of these products would
2  impose a significant burden on Mattel, while providing little benefit to MGA
3  beyond the photos and pictures of the products at issue already produced by Mattel.

4          Finally, MGA failed to meet and confer at all, much less in good faith,
5  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
6  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
7  the moving party shall first identify each dispute, state the relief sought and identify
8  the authority supporting the requested relief in a meet and confer letter that shall be
9  served on all parties by facsimile or electronic mail. The parties shall have five court
10 days from the date of service of that letter to conduct an in-person conference to
11 attempt to resolve the dispute.").  At no point during the meet and confer process
12 did the parties discuss this Request or Mattel's response to it.[1210]  In order to engage
13 in a meaningful meet and confer, MGA had the burden to show the relevance of any
14 requests it sought to move on.[1211]  Because MGA refused to even attempt to make
15 this showing, there was no possibility of a good faith meet and confer to resolve the
16 parties' disputes.  The Discovery Master should deny MGA's motion with respect to
17 this Request on that grounds alone.

18 **REQUEST FOR PRODUCTION NO. 675**

19         All DOCUMENTS that REFERRING OR RELATING TO
20 MATTEL'S recruiting practices for toy or packaging designers and/or developers,
21 including, but not limited to, the hiring of employees and freelancers, paying
22 individuals for test projects or licenses to designs, or otherwise creating a legal
23
24

---

25  [1210]  See Webster Decl., ¶¶ 6-20.
    [1211]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
26 Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
27 initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. May 14, 2009).
28

1 | relationship between MATTEL and any PERSON with respect to that person's
2 | designs.

3 | **RESPONSE TO REQUEST NO. 675**

4 |     In addition to the general objections stated above which are
5 | incorporated herein by reference, Mattel objects to this Request on the grounds that
6 | it is overbroad and unduly burdensome, including in that it seeks all documents on
7 | this subject without limitation as to time, and regardless of whether such documents
8 | relate to products or matters at issue in this case.  Mattel further objects to the
9 | Request on the grounds that it seeks documents that are not relevant to this action or
10 | likely to lead to the discovery of admissible evidence.  Mattel further objects to this
11 | Request on the grounds that it seeks confidential, proprietary and trade secret
12 | information, including such information that has no bearing on the claims or
13 | defenses in this action.  Mattel further objects to this Request on the grounds that it
14 | calls for the disclosure of information subject to the attorney-client privilege, the
15 | attorney work-product doctrine and other applicable privileges.  Mattel further
16 | objects to the extent the Request seeks documents already produced by Mattel.
17 | Such documents will not be produced again.

18 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
19 | **TO SHOULD BE COMPELLED**

20 |     Mattel has not agreed to produce documents in response to this request,
21 | resting on its improper boilerplate objections.  Under the Federal Rules of Civil
22 | Procedure, "an objection to part of a request must specify the part and permit
23 | inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to
24 | explain the basis for an objection with specificity are routinely rejected in the
25 | Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
26 | (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
27 | harassing' are improper – especially when a party fails to submit any evidentiary
28 | declarations supporting such objections").  Accordingly, Mattel must be compelled

1   either to certify that it has produced all non-privileged responsive documents or to

2   produce all such documents by a date certain.

3            To the extent that Mattel is relying on its blanket objections, they are

4   not sustainable and do not justify Mattel's failure to produce documents.

5            As to overbreadth, Mattel provides no explanation, let alone the

6   required particularity, as to **why** this request is supposedly overly broad, nor can it

7   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

8   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9   contrary, the request is narrowly tailored to seek documents specifically concerning

10   Mattel's recruiting practices for toy or packaging designers and/or developers.

11            As to burden, Mattel has not attempted to demonstrate why responding

12   to this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>,

14   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.")

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19   has engaged in a variety of unfair trade practices including restricting employee

20   mobility and threatening and intimidating former and current MGA employees and

21   contractors.  MGA entitled to discovery on these claims.

22            Mattel objects that the request contains confidential, proprietary and

23   trade secret information.  A Protective Order exists in this case, obviating any

24   concern as to protection of privacy rights and/or commercially sensitive

25   information.

26            This request does not seek documents protected by the attorney-client

27   privilege, the attorney work product doctrine, or other applicable privileges.  To the

28   extent that Mattel contends that it does, Mattel must provide a privilege log.

1         None of Mattel's improper objections are valid and Mattel is obligated

2    to produce all non-privileged responsive documents in its possession, custody, or

3    control.

4    **MATTEL'S RESPONSE:**

5         This Request is overbroad.  The previous Discovery Master has denied

6    similar requests for production which "would potentially require Mattel to review

7    documents relating to all of its many thousands of current and former employees" as

8    overbroad.[1212]  The universe of <u>all</u> documents <u>referring</u> or <u>relating</u> to Mattel's

9    recruiting practices for toy or packaging designers and/or developers is vast, and the

10   Request is not narrowly tailored to any Phase 2 issue.  The Request is also

11   overbroad as it lacks any temporal limitation.  It therefore seeks information about

12   Mattel's recruiting practices at any time, including time periods extending years and

13   decades before any relevant time period in this case.  The Request is also overbroad

14   to the extent it seeks discovery into events and products that post-date MGA's

15   complaint, filed on April 15, 2005, based on MGA's own argument that was

16   accepted by the Discovery Master in denying discovery Mattel was seeking

17   regarding transactions occurring after the filing of Mattel's complaint.[1213]  MGA

18

19   _____

20     [1212]  <u>See</u> September 12, 2007 Order at 15, Dart Decl., Exh. 12.

21     [1213]  <u>See</u> MGA Parties' Reply In Support of Their Motion to Quash Receiver
     Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,

22   where MGA argued that its transactions with the entities that financed acquisition of

23   the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ▮▮▮▮▮▮▮
     ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  In finding that "there has been

24   no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

25   calculated to lead to the discovery of admissible evidence regarding the RICO
     counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

26   other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

27   than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
     into existence – and therefore apparently did not encompass the activities or the

28        (footnote continued)

1   offers no reason, nor could it consistent with judicial estoppel, why documents post-

2   dating the filing of claims which do not allege continuing wrongdoing are relevant

3   to those claims.

4          Mattel's relevancy objection should also be sustained.  MGA bears the

5   burden of showing that its discovery meets the relevance requirements of <u>Rule</u>

6   26(b)(1).[1214]  MGA has failed to make this showing.  MGA makes the conclusory

7   assertion that this Request is relevant because "MGA has alleged that Mattel has

8   engaged in a variety of unfair trade practices including restricting employee

9   mobility and threatening and intimidating former and current MGA employees and

10   contractors" – but fails to explain how Mattel recruiting practices are relevant to

11   these claims.  "A trial court has a duty, of special significance in lengthy and

12   complex cases where the possibility of abuse is always present, to supervise and

13   limit discovery to protect parties and witnesses from annoyance and excessive

14   expense."  <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u>

15   <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36

16   (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL

17   1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

18   party may not propound document requests as part of a fishing expedition or to

19   discover new claims.[1215]  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir.

20

21   _____

22   transactions which are the subject of the Financing Discovery."  Discovery Matter

23   Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

     [1214]   <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery

24   Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

25   initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL

     1390794 at *1 (S.D. Cal. 2009).

26   [1215]   <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for

27   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

     1.

28

1   2004) ("District courts need not condone the use of discovery to engage in 'fishing
2   expeditions.'").

3          Insofar as the Request is not overbroad and seeks any relevant
4   documents, Mattel has already produced these documents in response to other MGA
5   requests for production.  Mattel has produced 17,278 pages of documents relevant to
6   MGA's allegations of unfair trade practices.

7          Further, as the prior Discovery Master has recognized, this Request is
8   unduly burdensome.[1216]  Rule 26(b)(2)(c) provides that a Court should limit the
9   extent of discovery if it determines that the burden of the proposed discovery
10  outweighs its likely benefit; the discovery sought is unreasonably cumulative or
11  duplicative, or is obtainable from some other source that is more convenient, less
12  burdensome, or less expensive; or the party seeking discovery has had ample
13  opportunity by discovery in the action to obtain the information sought.  See Fed. R.
14  Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive
15  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for
16  the following reasons:

17

18

19

20

21

22

23

24

25  [1216]   See Order dated September 12, 2007, at 15, Dart Decl, Exh. 12 ("Even if
26  Mattel succeeded in finding such documents, the burden and expense of conducting
27  such a search outweigh the likely benefit.").
    [1217]   Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    [1218]   Moore Decl. ¶ 5, Dart Decl., Exh. 32.

26    [1219]   Id.

27    [1220]   Id.

28    [1221]   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

1

2

3

4

5

6        There is no basis for overruling Mattel's privilege objection.  MGA's

7 bald assertion that "[t]his request does not seek information protected by the

8 attorney-client privilege, the attorney work product doctrine, or other applicable

9 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

10 agreed that "all privileged documents would be logged except for documents created

11 after this action was filed on April 27, 2004."[1224]  Thus, to the extent  privileged

12 documents fall within the post lawsuit time period, they need not be included on

13 Mattel's log.  Although it bears the burden of showing why this agreement should

14 not be applied to a given Request, MGA fails to do so.

15        Finally, MGA failed to meet and confer at all, much less in good faith,

16 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

17 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

18 the moving party shall first identify each dispute, state the relief sought and identify

19 the authority supporting the requested relief in a meet and confer letter that shall be

20 served on all parties by facsimile or electronic mail. The parties shall have five court

21 days from the date of service of that letter to conduct an in-person conference to

22 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

23 confer, MGA had the burden to show the relevance of any requests it sought to

24

25

26

27 [1222] <u>Id.</u> ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

[1223] <u>Id.</u>

28

1    move on.[1225]   At no point during the meet and confer process did MGA show why
2    this Request could be considered relevant to Phase 2 issues.[1226]   Because MGA
3    refused to even attempt to make this showing, there was no possibility of a good
4    faith meet and confer to resolve the parties' disputes.  The Discovery Master should
5    deny MGA's motion with respect to this Request on that grounds alone.

6    **REQUEST FOR PRODUCTION NO. 677**

7           All COMMUNICATIONS with any RETAILER that REFER OR
8    RELATE to whether MY SCENE was a substitution or competitor of BRATZ,
9    regarding competition between MY SCENE and BRATZ, similarities between MY
10   SCENE and BRATZ, confusion between MY SCENE and BRATZ, and current and
11   future plans for the advertising, promotion, marketing and sales of MY SCENE, or
12   the lack thereof.

13   **RESPONSE TO REQUEST NO. 677**

14          In addition to the general objections stated above which are
15   incorporated herein by reference, Mattel objects to this Request on the grounds that
16   it is overbroad, unduly burdensome, and unintelligible, including in that it seeks all
17   documents on this subject without limitation as to time, and regardless of whether
18   such documents relate to products or matters at issue in this case.  Mattel further
19   objects to the Request on the grounds that it seeks documents that are not relevant to
20   this action or likely to lead to the discovery of admissible evidence.  Mattel further
21   objects to this Request on the grounds that it seeks confidential, proprietary and

---

[1224]   See Order Denying Mattel's Motion for Protective Order Limiting the
Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
3.
[1225]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
1390794 at *1 (S.D. Cal. May 14, 2009).

1  trade secret information, including such information that has no bearing on the

2  claims or defenses in this action.  Mattel further objects to the extent the Request

3  seeks documents already produced by Mattel.  Such documents will not be produced

4  again.  Mattel further objects on the ground that this Request seeks to circumvent

5  the Discovery Master's Order dated May 22, 2007.

6  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

7  **TO SHOULD BE COMPELLED**

8  Mattel has not agreed to produce documents in response to this request,

9  subject to its improper boilerplate objections.  Mattel has refused to confirm whether

10  or not it has produced all non-privileged responsive documents or whether it is

11  withholding documents based on its objections in Phase 2.  Under the Federal Rules

12  of Civil Procedure, "an objection to part of a request must specify the part and

13  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

14  fail to explain the basis for an objection with specificity are routinely rejected in the

15  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

16  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

17  harassing' are improper – especially when a party fails to submit any evidentiary

18  declarations supporting such objections").  Accordingly, Mattel must be compelled

19  either to certify that it has produced all non-privileged responsive documents or to

20  produce all such documents by a date certain.

21  To the extent that Mattel is relying on its blanket objections, they are

22  not sustainable and do not justify Mattel's failure to produce documents.

23  As to overbreadth, Mattel provides no explanation, let alone the

24  required particularity, as to **why** this request is supposedly overly broad, nor can it

25  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

26

27  [1226]  See Webster Decl., ¶¶ 6-20.

28

1   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

2   contrary, the request is narrowly tailored to seek communications by Mattel to any

3   retailer regarding competition between, similarities to, and confusion of Bratz and

4   My Scene, as well as Mattel's plans for marketing My Scene.

5           As to burden, Mattel has not attempted to demonstrate why responding

6   to this request and/or producing responsive documents presents any burden. This

7   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

8   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9   request is unduly burdensome must allege specific facts which indicate the nature

10  and extent of the burden, usually by affidavit or other reliable evidence.")

11  Moreover, it is not unduly burdensome, as noted above, in that the request is

12  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

13  has engaged in various unfair trade practices, including serial copying of MGA

14  products, threatening retailers and suppliers to cease doing business with MGA, and

15  intimidating employees and industry groups in order to prevent MGA from fairly

16  competing. MGA is entitled to discovery on these claims.

17          Mattel objects that the request is duplicative or subsumed within prior

18  requests but does not identify the allegedly duplicative requests. Mattel's failure to

19  agree to produce responsive non-privileged documents is not proper based on this

20  objection.

21          Mattel objects that the request contains confidential, proprietary and

22  trade secret information. A Protective Order exists in this case, obviating any

23  concern as to protection of privacy rights and/or commercially sensitive

24  information.

25          Mattel's objection that this Request is an attempt to circumvent the

26  Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to

27  this Request, which is much narrower than those considered irrelevant and/or

28  improper by the court. This request is narrowly tailored to directions or discussions

1    by Mattel restricting a person or entity from working for or on behalf of MGA,

2    which is directly relevant to MGA's unfair competition claim as specifically pleaded

3    in paragraph 113 of MGA's Complaint, and as set forth in MGA's Second

4    Affirmative Defense.

5            None of Mattel's improper objections are valid and Mattel is obligated

6    to produce all non-privileged responsive documents in its possession, custody, or

7    control.

8    **MATTEL'S RESPONSE:**

9            This Request is "clearly overbroad" according to the prior Discovery

10   Master's May 22, 2007 Order.[1227]  In that Order, the Discovery Master denied

11   MGA's motion to compel three requests seeking "all documents referring or relating

12   to Mattel's communications with any buyers, merchandisers, general merchandise

13   managers, retailers, suppliers, licensees, and potential licensees, referring or relating

14   to Bratz, Larian or MGA regarding the origins, design, development, product

15   launch, sales, promotions, advertising, quality, or price of Bratz or any other Bratz

16   product."[1228]  The Discovery Master held that the requests were "clearly overbroad"

17   because they "requir[ed] production of documents that merely mention MGA,

18   Larian, Bratz, or other MGA products, regardless of whether or not they have

19   anything to do with the claims and defenses in the case" and "MGA has not made

20   any attempt to link these requests to any of the numerous and far-ranging allegations

21   of unfair competition set forth in its complaint."[1229]  This Request is improperly

22   overbroad for the same reasons and must be denied.

23           MGA argues that the Request is "narrowly tailored" to "directions or

24   discussions by Mattel restricting a person or entity from working for or on behalf of

25   _____

26   [1227]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

27   [1228]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
     [1229]  Id. at 17.

28

1   MGA, which is directly relevant to MGA's unfair competition claim as specifically

2   pleaded in paragraph 113 of MGA's Complaint, and as set forth in MGA's Second

3   Affirmative Defense." Yet MGA does not explain how this Request, seeking "[a]ll

4   COMMUNICATIONS with any RETAILER that REFER OR RELATE to whether

5   MY SCENE was a substitution or competitor of BRATZ, regarding competition

6   between MY SCENE and BRATZ, similarities between MY SCENE and BRATZ,

7   confusion between MY SCENE and BRATZ, and current and future plans for the

8   advertising, promotion, marketing and sales of MY SCENE, or the lack thereof" is

9   even relevant to that claim, let alone narrowly tailored to it.

10          The Request is also overbroad as to time, seeking communications in a

11  time period that predates any Phase 2 issues related to MGA's allegations unfair

12  trade practices. The Request is also overbroad to the extent it seeks discovery into

13  events and products that post-date MGA's complaint, filed on April 15, 2005, based

14  on MGA's own argument that was accepted by the Discovery Master in denying

15  discovery Mattel was seeking regarding transactions occurring after the filing of

16  Mattel's complaint.[1230] MGA offers no reason, nor could it consistent with judicial

17

18

---

19  [1230] <u>See</u> MGA Parties' Reply In Support of Their Motion to Quash Receiver

20  Subpoenas Issued by Mattel, dated February 13, 2009, at 7, Dart Decl., Exh. 6,

21  where MGA argued that its transactions with the entities that financed acquisition of
    the Wachovia debt were not relevant to Phase 2 because, *inter alia,* ███████████

22  ████████████████████████████████████████ In finding that "there has been

23  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
    calculated to lead to the discovery of admissible evidence regarding the RICO

24  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

25  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
    than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26  into existence – and therefore apparently did not encompass the activities or the

27  transactions which are the subject of the Financing Discovery." Discovery Matter
    Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

28

1    estoppel, why documents post-dating the filing of claims which do not allege
2    continuing wrongdoing are relevant to those claims.

3           The Request should not be compelled for the additional reason that
4    Mattel has already produced over 350,000 pages regarding MY SCENE, without
5    limitation by theme or doll, including documents related to its design and
6    development, packaging, advertising, marketing, testing, themes, sales planning,
7    manufacturing and production, among others, as well 17,278 pages pages about
8    Bratz.

9           As explained above, Mattel's relevancy objection should also be
10   sustained.  MGA bears the burden of showing that its discovery meets the relevance
11   requirements of Rule 26(b)(1).[1231]  MGA has failed to make this showing.  "A trial
12   court has a duty, of special significance in lengthy and complex cases where the
13   possibility of abuse is always present, to supervise and limit discovery to protect
14   parties and witnesses from annoyance and excessive expense."  Dolgow v.
15   Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan
16   American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);
17   Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)
18   (same).  As the previous Discovery Master has held, a party may not propound
19   document requests as part of a fishing expedition or to discover new claims.[1232]
20   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need
21   not condone the use of discovery to engage in 'fishing expeditions.'").

22

---

23   [1231]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
24   Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
25   initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. 2009).
26   [1232]  See Order Granting In Part and Denying In Part Mattel's Motion for
27   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
     1.
28

Further, as the prior Discovery Master has recognized, this Request is unduly burdensome.[1233]  Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons:



---

[1233] See Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.
[1234] Pantel Decl. ¶ 9, Dart Decl., Exh. 31.
[1235] Id. ¶ 10.
[1236] Id.



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   [1237]   <u>See</u> Pantel Decl. ¶ 7, Dart Decl., Exh. 31.

26   [1238]   <u>Id.</u>

27   [1239]   Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

28   [1240]   Moore Decl. ¶ 5, Dart Decl., Exh. 32.

1 ████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████

4 █████████████████████████████

5     ████████████████████████████████████████████

6 ████████████████████████████████████████████████████

7 ████████████████████████████████████████████████████

8 ████████████████████████████████████████████████████

9 ████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████

15 ███

16     ████████████████████████████████████████████

17 ████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████

19 ████████████████████████████████████████████

20         There is no basis for overruling Mattel's privilege objection.  MGA's

21 bald assertion that "[t]his request does not seek information protected by the

22 attorney-client privilege, the attorney work product doctrine, or other applicable

23 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

24

25    1241  Id.

26    1242  Id.

27    1243  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
   1244  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

28

1    agreed that "all privileged documents would be logged except for documents created
2    after this action was filed on April 27, 2004."[1246]  Thus, to the extent privileged
3    documents fall within the post lawsuit time period, they need not be included on
4    Mattel's log.  Although it bears the burden of showing why this agreement should
5    not be applied to a given Request, MGA fails to do so.

6              Finally, MGA failed to meet and confer at all, much less in good faith,
7    regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
8    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
9    the moving party shall first identify each dispute, state the relief sought and identify
10   the authority supporting the requested relief in a meet and confer letter that shall be
11   served on all parties by facsimile or electronic mail. The parties shall have five court
12   days from the date of service of that letter to conduct an in-person conference to
13   attempt to resolve the dispute.").   In order to engage in a meaningful meet and
14   confer, MGA had the burden to show the relevance of any requests it sought to
15   move on.[1247]   At no point during the meet and confer process did MGA show why
16   this Request could be considered relevant to Phase 2 issues.[1248]  Because MGA
17   refused to even attempt to make this showing, there was no possibility of a good
18   faith meet and confer to resolve the parties' disputes.  The Discovery Master should
19   deny MGA's motion with respect to this Request on that grounds alone.

20

21
_____

22   [1245]  Id.
23   [1246]  See Order Denying Mattel's Motion for Protective Order Limiting the
     Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
24   3.
25   [1247]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
     Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
26   initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
27   1390794 at *1 (S.D. Cal. May 14, 2009).
     [1248]  See Webster Decl., ¶¶ 6-20.
28

1 **REQUEST FOR PRODUCTION NO. 678**

2         All COMMUNICATIONS between YOU, including your inside and

3 outside counsel, on the one hand, and any PERSON including, but not limited to,

4 UBISOFT, any former MGA employee, any former MATTEL employee, any

5 current or former freelancer including, but not limited to, Steve Linker, Anna Rhee,

6 Matt Bousquette, Adrienne Fontanella, Kris Lynch, Len Mazzocco, Pamela Brew

7 Peretz, Rachel Harris, Barbara Miller, Victoria O'Connor, Kami Gillmour, Andreas

8 Koch, Maureen Mullen Chianese, David Dees, Steve Tarmichael, Liz Hogan,

9 Mercedah Ward, Margaret Hatch Leahy, Jessie Ramirez, or any PERSON listed in

10 any party's initial disclosures (as amended) on the other hand, REFERRING OR

11 RELATING to

12         (a)    the design or development of any BRATZ product;

13         (b)    the project known as DIVA STARZ;

14         (c)    the allegations in this ACTION (including, without limitation,

15 any facts underlying this ACTION or a PERSON's belief or view as to the merits of

16 any claim or defense in this ACTION) or any facts underlying this ACTION; or

17         (d)    any MGA LAWSUIT (including, without limitation, any facts

18 underlying the MGA LAWSUIT or a PERSON's belief or view as to the merits of

19 any claim or defense in the MGA LAWSUIT).

20 **RESPONSE TO REQUEST NO. 678**

21         In addition to the general objections stated above which are

22 incorporated herein by reference, Mattel objects to this Request on the grounds that

23 it is overbroad and unduly burdensome, including in that it seeks all documents on

24 this subject without limitation as to time, and regardless of whether such documents

25 relate to products or matters at issue in this case.  Mattel further objects to the

26 Request on the grounds that it seeks documents that are not relevant to this action or

27 likely to lead to the discovery of admissible evidence.  Mattel further objects to this

28 Request on the grounds that it seeks confidential, proprietary and trade secret

1   information, including such information that has no bearing on the claims or

2   defenses in this action.  Mattel further objects to this Request on the grounds that it

3   calls for the disclosure of information subject to the attorney-client privilege, the

4   attorney work-product doctrine and other applicable privileges.  Mattel further

5   objects to the extent the Request seeks documents already produced by Mattel.

6          Such documents will not be produced again.  Mattel further objects on

7   the ground that this Request seeks to circumvent the Discovery Master's Order dated

8   May 22, 2007.

9   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

10  **TO SHOULD BE COMPELLED**

11         Mattel has not agreed to produce documents in response to this request,

12  subject to its improper boilerplate objections.  Mattel has refused to confirm whether

13  or not it has produced all non-privileged responsive documents or whether it is

14  withholding documents based on its objections in Phase 2.  Under the Federal Rules

15  of Civil Procedure, "an objection to part of a request must specify the part and

16  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

17  fail to explain the basis for an objection with specificity are routinely rejected in the

18  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

19  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

20  harassing' are improper – especially when a party fails to submit any evidentiary

21  declarations supporting such objections").  Accordingly, Mattel must be compelled

22  either to certify that it has produced all non-privileged responsive documents or to

23  produce all such documents by a date certain.

24         To the extent that Mattel is relying on its blanket objections, they are

25  not sustainable and do not justify Mattel's failure to produce documents.

26         As to overbreadth, Mattel provides no explanation, let alone the

27  required particularity, as to *why* this request is supposedly overly broad, nor can it

28  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

1    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2    contrary, the request is narrowly tailored to seek documents relating to

3    communications between Mattel and others regarding the design and development

4    of Bratz, the Diva Starz product line, the allegations at issue in this lawsuit, and

5    other lawsuits involving MGA.

6            As to burden, Mattel has not attempted to demonstrate why responding

7    to this request and/or producing responsive documents presents any burden.  This

8    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

9    173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10   request is unduly burdensome must allege specific facts which indicate the nature

11   and extent of the burden, usually by affidavit or other reliable evidence.")

12   Moreover, it is not unduly burdensome, as noted above, in that the request is

13   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

14   has engaged in various unfair trade practices, from serial copying of MGA products,

15   including Bratz, to threatening retailers and suppliers to cease doing business with

16   MGA. MGA has also alleged that Mattel hijacked a portion of the Bratz dolls

17   famous trademarked tag line "The girls with a passion for fashion" for use in

18   marketing Mattel's Diva Starz dolls.  This request seeks documents directly relevant

19   to those claims, as well as communications relevant to the allegations in this action

20   and other actions involving MGA. MGA is entitled to discovery on these claims.

21            Mattel objects that the request contains confidential, proprietary and

22   trade secret information.  A Protective Order exists in this case, obviating any

23   concern as to protection of privacy rights and/or commercially sensitive

24   information.

25            This request does not seek documents protected by the attorney-client

26   privilege, the attorney work product doctrine, or other applicable privileges.  To the

27   extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1    Mattel objects that the request is duplicative or subsumed within prior
2  requests but does not identify the allegedly duplicative requests. Mattel's failure to
3  agree to produce responsive non-privileged documents is not proper based on this
4  objection.

5    Mattel's objection that this Request is an attempt to circumvent the
6  Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to
7  this Request, which is much narrower than those considered irrelevant and/or
8  improper by the court. This request is narrowly tailored to communications by a
9  specific entity, Mattel, regarding three specific topics, namely Bratz product design
10  and development, the Diva Starz project, and other MGA lawsuits, as well as any
11  conversations related to allegations specifically at issue in this lawsuit.

12    None of Mattel's improper objections are valid and Mattel is obligated
13  to produce all non-privileged responsive documents in its possession, custody, or
14  control.

15  **MATTEL'S RESPONSE:**

16    This Request is "clearly overbroad" according to the prior Discovery
17  Master's May 22, 2007 Order.[1249] In that Order, the Discovery Master denied
18  MGA's motion to compel three requests seeking "all documents referring or relating
19  to Mattel's communications with any buyers, merchandisers, general merchandise
20  managers, retailers, suppliers, licensees, and potential licensees, referring or relating
21  to Bratz, Larian or MGA regarding the origins, design, development, product
22  launch, sales, promotions, advertising, quality, or price of Bratz or any other Bratz
23  product."[1250] The Discovery Master held that the requests were "clearly overbroad"
24  because they "requir[ed] production of documents that merely mention MGA,
25  Larian, Bratz, or other MGA products, regardless of whether or not they have

26

27    [1249]  See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.

28

1  anything to do with the claims and defenses in the case" and "MGA has not made
2  any attempt to link these requests to any of the numerous and far-ranging allegations
3  of unfair competition set forth in its complaint."[1251]  This Request is improperly
4  overbroad for the same reasons and must be denied.

5         Further, the Request is overbroad in seeking all communications
6  referring or relating to "the allegations in this action."  In his April 14, 2008 Order
7  denying in part Mattel's motion to compel, the Discovery Master held that Mattel's
8  request seeking communications "that REFER or RELATE to this action" was
9  overbroad.[1252]  This Request should be denied on the same basis.

10        MGA argument that this Request, seeking all communications between
11  Mattel and any person referring or relating to 1) the design or development of any
12  Bratz product, DIVA STARZ, "the allegations in this action," and "any MGA
13  lawsuit" is "narrowly tailored to seek only discoverable evidence" is without merit.

14        The Request is also overbroad as it lacks any limitation as to time.  It
15  therefore seeks documents from a time period that predates any Phase 2 issues
16  related to MGA's allegations unfair trade practices.  The Request is also overbroad
17  to the extent it seeks discovery into events and products that post-date MGA's
18  complaint, filed on April 15, 2005, based on MGA's own argument that was
19  accepted by the Discovery Master in denying discovery Mattel was seeking
20  regarding transactions occurring after the filing of Mattel's complaint.[1253]  MGA

---

[1250] See Discovery Master Order dated May 22, 2007, at 16, Dart Decl, Exh. 5.
[1251] Id. at 17.
[1252] See April 14, 2008 Order at 4, Dart Decl., Exh. 21.
[1253] See MGA Parties' Reply In Support of Their Motion to Quash Receiver
Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
where MGA argued that its transactions with the entities that financed acquisition of
the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  In finding that "there has been
no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
                    (footnote continued)

1  offers no reason, nor could it consistent with judicial estoppel, why documents post-

2  dating the filing of claims which do not allege continuing wrongdoing are relevant

3  to those claims.

4          Mattel's relevancy objection should also be sustained. MGA bears the

5  burden of showing that its discovery meets the relevance requirements of <u>Rule</u>

6  26(b)(1).[1254] MGA makes the conclusory assertion that this Request is relevant

7  because "MGA has alleged that Mattel has engaged in various unfair trade practices,

8  from serial copying of MGA products, including Bratz, to threatening retailers to

9  cease doing business with MGA" but fails to explain how the discovery sought is

10  relevant to these claims. MGA also asserts that the discovery is relevant because

11  "MGA has also alleged that Mattel hijacked a portion of the Bratz dolls famous

12  trademarked tag line "The girls with a passion for fashion" for use in marketing

13  Mattel's Diva Star dolls. However, MGA fails to show that all communications

14  "referring or relating to … the project known as DIVA STARZ" is relevant to this

15  cliam. "A trial court has a duty, of special significance in lengthy and complex

16  cases where the possibility of abuse is always present, to supervise and limit

17  discovery to protect parties and witnesses from annoyance and excessive expense."

18  <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways</u>

19  <u>Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.

20

21  ————————————————

22  calculated to lead to the discovery of admissible evidence regarding the RICO

23  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
    other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

24  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

25  into existence – and therefore apparently did not encompass the activities or the
    transactions which are the subject of the Financing Discovery." Discovery Matter

26  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

27  [1254]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery

28  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
    (footnote continued)

1   1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D.

2   Ill. 1983) (same).  As the previous Discovery Master has held, a party may not

3   propound document requests as part of a fishing expedition or to discover new

4   claims.[1255]  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

5   courts need not condone the use of discovery to engage in 'fishing expeditions.'").

6          The Request should not be compelled for the additional reason that

7   Mattel has already produced 17,278 pages about the development of Bratz, 17,278

8   pages about Diva Starz, and over 100,000 <u>documents</u> about allegations in this case.

9          Further, as the prior Discovery Master has recognized, this Request is

10  unduly burdensome.[1256]  <u>Rule</u> 26(b)(2)(c) provides that a Court should limit the

11  extent of discovery if it determines that the burden of the proposed discovery

12  outweighs its likely benefit; the discovery sought is unreasonably cumulative or

13  duplicative, or is obtainable from some other source that is more convenient, less

14  burdensome, or less expensive; or the party seeking discovery has had ample

15  opportunity by discovery in the action to obtain the information sought.  <u>See</u> <u>Fed. R.</u>

16  <u>Civ. P.</u> 26(b)(2)(c).  The burden of locating and producing the documents responsive

17  to this overbroad Request would greatly outweigh any marginal benefit to MGA, for

18  the following reasons:

19  ████████████████████████████████████

20  ████████████████████████████████████

21  ████████████████████████████████████

22

23
    initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL

24  1390794 at *1 (S.D. Cal. 2009).

25  [1255]  <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for
    Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

26  1.

27  [1256]  <u>See</u> Discovery Master Order dated May 22, 2007, at 17, Dart Decl, Exh. 5.
    [1257]  Pantel Decl. ¶ 9, Dart Decl., Exh. 31.

28



1258    <u>Id.</u> ¶ 10.

1259    <u>Id.</u>

1260    <u>See</u> Pantel Decl. ¶ 7, Dart Decl., Exh. 31.

1261    <u>Id.</u>



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   1262   Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

26   1263   Moore Decl. ¶ 5, Dart Decl., Exh. 32.

27   1264   <u>Id.</u>

28   1265   <u>Id.</u>



        There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[1269] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log. Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

        Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to

[1266] Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
[1267] Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
[1268] Id.
[1269] See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1   attempt to resolve the dispute.").   In order to engage in a meaningful meet and

2   confer, MGA had the burden to show the relevance of any requests it sought to

3   move on.[1270]   At no point during the meet and confer process did MGA show why

4   this Request could be considered relevant to Phase 2 issues.[1271]  Because MGA

5   refused to even attempt to make this showing, there was no possibility of a good

6   faith meet and confer to resolve the parties' disputes.  The Discovery Master should

7   deny MGA's motion with respect to this Request on that grounds alone.

8   **REQUEST FOR PRODUCTION NO. 679**

9          All DOCUMENTS which UBISOFT and/or UBISOFT'S counsel

10  produced or provided to YOU and/or YOUR counsel.

11  **RESPONSE TO REQUEST NO. 679**

12          In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad and unduly burdensome, including in that it seeks all documents on

15  this subject without limitation as to time, and regardless of whether such documents

16  relate to products or matters at issue in this case.  Mattel further objects to the

17  Request on the grounds that it seeks documents that are not relevant to this action or

18  likely to lead to the discovery of admissible evidence.

19  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

20  **TO SHOULD BE COMPELLED**

21          Mattel has not agreed to produce documents in response to this request,

22  relying on its improper boilerplate objections.  Mattel has refused to confirm

23  whether or not it has produced all non-privileged responsive documents or whether

24

25      [1270]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must produce all non-privileged responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides little explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents exchanged between Ubisoft (or its counsel) and Mattel (or its counsel).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")

Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged

---

[1271] See Webster Decl., ¶¶ 6-20.

1  that Mattel has engaged in a broad variety of acts constituting unclean hands,

2  including offering assistance to parties in litigation against MGA. As Ubisoft is a

3  party that has been involved in litigation with MGA, MGA is entitled to discovery

4  on documents exchanged between Ubisoft and Mattel.  MGA does not have

5  knowledge of what type of assistance Mattel offered Ubisoft or what type of

6  information was exchanged, so cannot limit the topics specifically sought.

7  Furthermore, if the relationship between Ubisoft and Mattel changed over time that

8  change could be indicative of Mattel's efforts to influence Ubisoft's litigation with

9  MGA. Accordingly, the request is proper as stated.

10         Mattel's relevance objection fails for the same reason.  Documents

11  exchanged between Mattel and Ubisoft directly relate to MGA's allegations that

12  Mattel offers assistance to companies involved in litigation with MGA. Any

13  responsive documents relate to MGA's unclean hands allegations and are reasonably

14  calculated to lead to admissible evidence on these topics.  Accordingly, MGA is

15  entitled to discovery on these claims.

16         None of Mattel's improper objections are valid and Mattel is obligated

17  to produce all non-privileged responsive documents in its possession, custody, or

18  control.

19  **MATTEL'S RESPONSE:**

20         Mattel's relevance objection should be sustained.  MGA bears the

21  burden of showing that its discovery meets the relevance requirements of Rule

22  26(b)(1).[1272]  MGA argues that the documents sought by this Request are relevant

23  because "[d]ocuments exchanged between Mattel and Ubisoft directly relate to

24

---

25   [1272]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. 2009).

28

1    MGA's allegations that Mattel offers assistance to companies involves in litigation

2    with MGA" and "any responsive documents relate to MGA's unclean hands

3    allegations." However, as the Discovery Master has recognized, "unclean hands

4    does not constitute 'misconduct in the abstract, unrelated to the claim to which it is

5    asserted as a defense.'"[1273]   Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d

6    829, 841 (9th Cir. 2002).  "It is fundamental to [the] operation of the doctrine that the

7    alleged misconduct … relate directly to the transaction concerning which the

8    complaint is made." Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173

9    (9th Cir. 1989).  Accordingly, courts will not allow discovery based on an unclean

10   hands defense where the "allegations of misconduct do not relate to the transactions

11   … forming the basis for the complaint." Gen-Probe, Inc. v. Amoco Corp., 926 F.

12   Supp. 948, 952 (S.D. Cal. 1996).  Here, MGA does not link any of the documents

13   sought in this Request to any of Mattel's claims in Phase 2, and therefore the

14   discovery is not relevant.[1274]   "A trial court has a duty, of special significance in

15   lengthy and complex cases where the possibility of abuse is always present, to

16   supervise and limit discovery to protect parties and witnesses from annoyance and

17   excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see

18   also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133

19   n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

20   1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

21   party may not propound document requests as part of a fishing expedition or to

22   discover new claims.[1275]   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

23

24   [1273]   See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl.,
      Exh. 7.
25   [1274]   Id., at 24.
26   [1275]   See Order Granting In Part and Denying In Part Mattel's Motion for
      Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
27   1.

28

1  2004) ("District courts need not condone the use of discovery to engage in 'fishing
2  expeditions.'").

3    Further, the Request is overbroad.  A Request seeking <u>all</u> documents
4  exchanged between Mattel and Ubisoft, without any limitation as to relevance to
5  any issues in this case, is not narrowly tailored even if it were relevant.  The
6  temporal scope is also overbroad as there no limitation as to time, and therefore the
7  Request seeks documents that predate the relevant time period for any claim or
8  defense in this case.

9    Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
10 that a Court should limit the extent of discovery if it determines that the burden of
11 the proposed discovery outweighs its likely benefit; the discovery sought is
12 unreasonably cumulative or duplicative, or is obtainable from some other source that
13 is more convenient, less burdensome, or less expensive; or the party seeking
14 discovery has had ample opportunity by discovery in the action to obtain the
15 information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and
16 producing the documents responsive to this overbroad Request would greatly
17 outweigh any marginal benefit to MGA, for the following reasons:

[1276] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

00505.07975/3161688.1



---

[1277] Moore Decl. ¶ 5, Dart Decl., Exh. 32.
[1278] Id.
[1279] Id.
[1280] Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

1 ██████████████████████████████████████████

2 ████████████████████████████████████████████

3 ████████████████████████████████████████████

4 ████████████████████████████████████████████

5 █████████████

6          Finally, MGA failed to meet and confer at all, much less in good faith,

7 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

8 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

9 the moving party shall first identify each dispute, state the relief sought and identify

10 the authority supporting the requested relief in a meet and confer letter that shall be

11 served on all parties by facsimile or electronic mail. The parties shall have five court

12 days from the date of service of that letter to conduct an in-person conference to

13 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

14 confer, MGA had the burden to show the relevance of any requests it sought to

15 move on.[1283]   At no point during the meet and confer process did MGA show why

16 this Request could be considered relevant to Phase 2 issues.[1284]  Because MGA

17 refused to even attempt to make this showing, there was no possibility of a good

18 faith meet and confer to resolve the parties' disputes.  The Discovery Master should

19 deny MGA's motion with respect to this Request on that grounds alone.

20

21

22

23   [1281]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

24   [1282]  Id.

25   [1283]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

26 initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

27 1390794 at *1 (S.D. Cal. May 14, 2009).
   [1284]  See Webster Decl., ¶¶ 6-20.

28

**REQUEST FOR PRODUCTION NO. 680**

All DOCUMENTS REFERRING OR RELATING the ACTION which UBISOFT and/or UBISOFTS counsel produced or provided to YOU and/or YOUR counsel.

**RESPONSE TO REQUEST NO. 680**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, relying on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must produce all non-privileged responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

1        As to overbreadth, Mattel provides little explanation, let alone the

2  required particularity, as to *why* this request is supposedly overly broad, nor can it

3  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

4  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5  contrary, the request is narrowly tailored to seek documents exchanged between

6  Ubisoft (or its counsel) and Mattel (or its counsel) relating to this action.

7        As to burden, Mattel has not attempted to demonstrate why responding

8  to this request and/or producing responsive documents presents any burden.  This

9  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>,

10  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11  request is unduly burdensome must allege specific facts which indicate the nature

12  and extent of the burden, usually by affidavit or other reliable evidence.")

13  Moreover, it is not unduly burdensome, as noted above, in that the request is

14  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

15  has engaged in a broad variety of acts constituting unclean hands, including offering

16  assistance to parties in litigation against MGA. As Ubisoft is a party that has been

17  involved in litigation with MGA, MGA is entitled to discovery on documents

18  exchanged between Ubisoft and Mattel.

19        Mattel's relevance objection fails for the same reason.  Documents

20  exchanged between Mattel and Ubisoft directly relate to MGA's allegations that

21  Mattel offers assistance to companies involved in litigation with MGA. Any

22  responsive documents relate to MGA's unclean hands allegations and are reasonably

23  calculated to lead to admissible evidence on these topics.  Accordingly, MGA is

24  entitled to discovery on these claims.

25        None of Mattel's improper objections are valid and Mattel is obligated

26  to produce all non-privileged responsive documents in its possession, custody, or

27  control.

28

**MATTEL'S RESPONSE:**

Mattel's relevance objection should be sustained.  MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[1285]  MGA argues that the documents sought by this Request are relevant because "[d]ocuments exchanged between Mattel and Ubisoft directly relate to MGA's allegations that Mattel offers assistance to companies involves in litigation with MGA" and "any responsive documents relate to MGA's unclean hands allegations."  However, as the Discovery Master has recognized, "unclean hands does not constitute 'misconduct in the abstract, unrelated to the claim to which it is asserted as a defense.'"[1286]  Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002).  "It is fundamental to [the] operation of the doctrine that the alleged misconduct ... relate directly to the transaction concerning which the complaint is made."  Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir. 1989).  Accordingly, courts will not allow discovery based on an unclean hands defense where the "allegations of misconduct do not relate to the transactions ... forming the basis for the complaint."  Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 952 (S.D. Cal. 1996).  Here, MGA does not link any of the documents sought in this Request to any of Mattel's claims in Phase 2, and therefore the discovery is not relevant.[1287]  "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and

---

[1285] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[1286] See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl., Exh. 7.

[1287] Id., at 24.