excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1288] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, the Request is overbroad. A Request seeking all documents referring or relating to this action which Ubisoft has provided to Mattel is not narrowly tailored even if it were relevant. The temporal scope is also overbroad as there no limitation as to time, and therefore the Request seeks documents that predate the relevant time period for any claim or defense in this case.

Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons:

[redacted]

---

[1288] See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.



[1289] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
[1290] Moore Decl. ¶ 5, Dart Decl., Exh. 32.
[1291] Id.
[1292] Id.



Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[1296] At no point during the meet and confer process did MGA show why

---

[1293] Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

[1294] Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

[1295] Id.

[1296] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

this Request could be considered relevant to Phase 2 issues.[1297] Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 681**

All COMMUNICATIONS between YOU and/or YOUR counsel, on the one hand, and UBISOFT and/or UBISOFTS counsel on the other regarding this ACTION.

**RESPONSE TO REQUEST NO. 681**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, relying on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the

---

1297 See Webster Decl., ¶¶ 6-20.

Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must produce all non-privileged responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides little explanation, let alone the required particularity, as to ***why*** this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek communications between Ubisoft (or its counsel) and Mattel (or its counsel) relating to this action.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of acts constituting unclean hands, including offering assistance to parties in litigation against MGA. As Ubisoft is a party that has been involved in litigation with MGA, MGA is entitled to discovery on communications between Ubisoft and Mattel.

Mattel's relevance objection fails for the same reason. Communications between Mattel and Ubisoft directly relate to MGA's allegations that Mattel offers assistance to companies involved in litigation with MGA. Any

responsive documents relate to MGA's unclean hands allegations and are reasonably calculated to lead to admissible evidence on these topics. Accordingly, MGA is entitled to discovery on these claims.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

Mattel's relevance objection should be sustained. MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[1298] MGA argues that the documents sought by this Request are relevant because "[c]ommunications between Mattel and Ubisoft directly relate to MGA's allegations that Mattel offers assistance to companies involves in litigation with MGA" and "any responsive documents relate to MGA's unclean hands allegations." However, as the Discovery Master has recognized, "unclean hands does not constitute 'misconduct in the abstract, unrelated to the claim to which it is asserted as a defense.'"[1299] Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002). "It is fundamental to [the] operation of the doctrine that the alleged misconduct … relate directly to the transaction concerning which the complaint is made." Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir. 1989). Accordingly, courts will not allow discovery based on an unclean hands defense where the "allegations of misconduct do not relate to the transactions … forming the basis for the complaint." Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp.

---

[1298] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[1299] See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl., Exh. 7.

948, 952 (S.D. Cal. 1996). Here, MGA does not link any of the documents sought in this Request to any of Mattel's claims in Phase 2, and therefore the discovery is not relevant.[1300] "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1301] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, the Request is overbroad. A Request seeking all communications between Mattel and Ubisoft "regarding this ACTION," without any limitation as to the relevance as to any issues in this case, is not narrowly tailored even if it were relevant. The temporal scope is also overbroad as there no limitation as to time, and therefore the Request seeks documents that predate the relevant time period for any claim or defense in this case.

Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that

---

1300 Id., at 24.

1301 See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons:

[redacted]

---

1302 Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

1303 Moore Decl. ¶ 5, Dart Decl., Exh. 32.

1304 Id.

[redacted]

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be

---

1305 Id.

1306 Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

1307 Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

1308 Id.

served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[1309] At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[1310] Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 682**

All DOCUMENTS which YOU and/or YOUR counsel produced or provided to UBISOFT and/or UBISOFT'S counsel.

**RESPONSE TO REQUEST NO. 682**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.

---

[1309] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[1310] See Webster Decl., ¶¶ 6-20.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, relying on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must produce all non-privileged responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides little explanation, let alone the required particularity, as to ***why*** this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents exchanged between Ubisoft (or its counsel) and Mattel (or its counsel).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")

Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of acts constituting unclean hands, including offering assistance to parties in litigation against MGA. As Ubisoft is a party that has been involved in litigation with MGA, MGA is entitled to discovery on documents exchanged between Ubisoft and Mattel.

Mattel's relevance objection fails for the same reason. Documents exchanged between Mattel and Ubisoft directly relate to MGA's allegations that Mattel offers assistance to companies involved in litigation with MGA. Any responsive documents relate to MGA's unclean hands allegations and are reasonably calculated to lead to admissible evidence on these topics. Accordingly, MGA is entitled to discovery on these claims.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

Mattel's relevance objection should be sustained. MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[1311] MGA argues that the documents sought by this Request are relevant because "[d]ocuments exchanged between Mattel and Ubisoft directly relate to MGA's allegations that Mattel offers assistance to companies involves in litigation with MGA" and "any responsive documents relate to MGA's unclean hands allegations." However, as the Discovery Master has recognized, "unclean hands

---

[1311] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

does not constitute 'misconduct in the abstract, unrelated to the claim to which it is asserted as a defense.'"[1312] Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002). "It is fundamental to [the] operation of the doctrine that the alleged misconduct ... relate directly to the transaction concerning which the complaint is made." Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir. 1989). Accordingly, courts will not allow discovery based on an unclean hands defense where the "allegations of misconduct do not relate to the transactions ... forming the basis for the complaint." Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 952 (S.D. Cal. 1996). Here, MGA does not link any of the documents sought in this Request to any of Mattel's claims in Phase 2, and therefore the discovery is not relevant.[1313] "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1314] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

---

[1312]   See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl., Exh. 7.
[1313]   Id., at 24.
[1314]   See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

Further, the Request is overbroad. A Request seeking all documents provided by Mattel to Ubisoft, without any limitation as to relevance to any issues in this case, is not narrowly tailored even if it were relevant. The temporal scope is also overbroad as there no limitation as to time, and therefore the Request seeks documents that predate the relevant time period for any claim or defense in this case.

Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons:

[1315] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.



[1316] Moore Decl. ¶ 5, Dart Decl., Exh. 32.

[1317] Id.

[1318] Id.

[1319] Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

[redacted]

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[1322] At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[1323] Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 683**

All DOCUMENTS REFERRING OR RELATING TO MGA or the ACTION which YOU and/or YOUR counsel produced or provided to UBISOFT and/or UBISOFT'S counsel.

---

[1320] Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

[1321] Id.

[1322] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[1323] See Webster Decl., ¶¶ 6-20.

**RESPONSE TO REQUEST NO. 683**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, relying on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must produce all non-privileged responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides little explanation, let alone the required particularity, as to ***why*** this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

contrary, the request is narrowly tailored to seek documents exchanged between Ubisoft (or its counsel) and Mattel (or its counsel) relating to MGA or this action.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of acts constituting unclean hands, including offering assistance to parties in litigation against MGA. As Ubisoft is a party that has been involved in litigation with MGA, MGA is entitled to discovery on documents exchanged between Ubisoft and Mattel.

Mattel's relevance objection fails for the same reason. Documents exchanged between Mattel and Ubisoft directly relate to MGA's allegations that Mattel offers assistance to companies involved in litigation with MGA. Any responsive documents relate to MGA's unclean hands allegations and are reasonably calculated to lead to admissible evidence on these topics. Accordingly, MGA is entitled to discovery on these claims.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

Mattel's relevance objection should be sustained. MGA bears the burden of showing that its discovery meets the relevance requirements of Rule

26(b)(1).[1324]   MGA argues that the documents sought by this Request are relevant because "[d]ocuments exchanged between Mattel and Ubisoft directly relate to MGA's allegations that Mattel offers assistance to companies involves in litigation with MGA" and "any responsive documents relate to MGA's unclean hands allegations."  However, as the Discovery Master has recognized, "unclean hands does not constitute 'misconduct in the abstract, unrelated to the claim to which it is asserted as a defense.'"[1325]   Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002).  "It is fundamental to [the] operation of the doctrine that the alleged misconduct ... relate directly to the transaction concerning which the complaint is made."  Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir. 1989).  Accordingly, courts will not allow discovery based on an unclean hands defense where the "allegations of misconduct do not relate to the transactions ... forming the basis for the complaint."  Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 952 (S.D. Cal. 1996).  Here, MGA does not link any of the documents sought in this Request to any of Mattel's claims in Phase 2, and therefore the discovery is not relevant.[1326]   "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

---

[1324]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
[1325]   See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl., Exh. 7.
[1326]   Id., at 24.

1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1327] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, the Request is overbroad. A Request seeking all documents referring or relating to MGA or this action provided by Mattel to Ubisoft is not narrowly tailored even if it were relevant. The temporal scope is also overbroad as there no limitation as to time, and therefore the Request seeks documents that predate the relevant time period for any claim or defense in this case.

Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons:

[redacted]

---

[1327] See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

[1328] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.



1329 Moore Decl. ¶ 5, Dart Decl., Exh. 32.

1330 Id.

1331 Id.

1332 Pantel Decl. ¶ 11, Dart Decl., Exh. 31..



Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").   In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[1335]   At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[1336]  Because MGA refused to even attempt to make this showing, there was no possibility of a good

---

[1333]   Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
[1334]   Id.
[1335]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
[1336]   See Webster Decl., ¶¶ 6-20.

faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 684**

All DOCUMENTS REFERRING OR RELATING TO information and DOCUMENTS which YOU and/or YOUR counsel produced or provided to UBISOFT and/or UBISOFT'S counsel.

**RESPONSE TO REQUEST NO. 684**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, relying on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must produce all non-privileged responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides little explanation, let alone the required particularity, as to ***why*** this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek information about what was exchanged between Ubisoft (or its counsel) and Mattel (or its counsel).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of acts constituting unclean hands, including offering assistance to parties in litigation against MGA. As Ubisoft is a party that has been involved in litigation with MGA, MGA is entitled to discovery on information exchanged between Ubisoft and Mattel.

Mattel's relevance objection fails for the same reason. Information exchanged between Mattel and Ubisoft directly relate to MGA's allegations that Mattel offers assistance to companies involved in litigation with MGA. Any responsive documents relate to MGA's unclean hands allegations and are reasonably

calculated to lead to admissible evidence on these topics. Accordingly, MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

Mattel's relevance objection should be sustained. MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[1337] MGA argues that the documents sought by this Request are relevant because "[i]nformation exchanged between Mattel and Ubisoft directly relate to MGA's allegations that Mattel offers assistance to companies involves in litigation with MGA" and "any responsive documents relate to MGA's unclean hands allegations." However, as the Discovery Master has recognized, "unclean hands does not constitute 'misconduct in the abstract, unrelated to the claim to which it is asserted as a defense.'"[1338] Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002). "It is fundamental to [the] operation of the doctrine that the alleged misconduct ... relate directly to the transaction concerning which the complaint is made." Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir. 1989). Accordingly, courts will not allow discovery based on an unclean

---

[1337] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[1338] See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl., Exh. 7.

hands defense where the "allegations of misconduct do not relate to the transactions ... forming the basis for the complaint." Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 952 (S.D. Cal. 1996). Here, MGA does not link any of the documents sought in this Request to any of Mattel's claims in Phase 2, and therefore the discovery is not relevant.[1339] "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1340] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, the Request is overbroad. A Request seeking all documents referring or relating to information and documents which Mattel provided to Ubisoft is not narrowly tailored even if it were relevant. The temporal scope is also overbroad as there no limitation as to time, and therefore the Request seeks documents that predate the relevant time period for any claim or defense in this case.

Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of

---

[1339] Id., at 24.

[1340] See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons: [redacted]

---

[1341] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
[1342] Moore Decl. ¶ 5, Dart Decl., Exh. 32.
[1343] Id.



There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created

1344 Id.

1345 Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

1346 Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

1347 Id.

after this action was filed on April 27, 2004."[1348] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log. Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[1349] At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[1350] Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

---

1348 See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1349 See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

1350 See Webster Decl., ¶¶ 6-20.

**REQUEST FOR PRODUCTION NO. 685**

All DOCUMENTS REFERRING OR RELATING TO information regarding the UBISOFT LITIGATION which was provided to YOU and/or YOUR counsel by UBISOFT and/or UBISOFT'S counsel.

**RESPONSE TO REQUEST NO. 685**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, relying on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary

declarations supporting such objections"). Accordingly, Mattel must produce all non-privileged responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides little explanation, let alone the required particularity, as to ***why*** this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek information about what was exchanged between Ubisoft (or its counsel) and Mattel (or its counsel) relating to the litigation between Ubisoft and MGA.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of acts constituting unclean hands, including offering assistance to parties in litigation against MGA. As Ubisoft is a party that has been involved in litigation with MGA, MGA is entitled to discovery on information exchanged between Ubisoft and Mattel.

Mattel's relevance objection fails for the same reason. Information exchanged between Mattel and Ubisoft directly relate to MGA's allegations that Mattel offers assistance to companies involved in litigation with MGA. Any responsive documents relate to MGA's unclean hands allegations and are reasonably

calculated to lead to admissible evidence on these topics. Accordingly, MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

Mattel's relevance objection should be sustained. MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[1351] MGA argues that the documents sought by this Request are relevant because "[i]nformation exchanged between Mattel and Ubisoft directly relate to MGA's allegations that Mattel offers assistance to companies involves in litigation with MGA" and "any responsive documents relate to MGA's unclean hands allegations." However, as the Discovery Master has recognized, "unclean hands does not constitute 'misconduct in the abstract, unrelated to the claim to which it is asserted as a defense.'"[1352] Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002). "It is fundamental to [the] operation of the doctrine that the alleged misconduct ... relate directly to the transaction concerning which the complaint is made." Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir. 1989). Accordingly, courts will not allow discovery based on an unclean

---

[1351] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[1352] See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl., Exh. 7.

hands defense where the "allegations of misconduct do not relate to the transactions … forming the basis for the complaint." Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 952 (S.D. Cal. 1996). Here, MGA does not link any of the documents sought in this Request to any of Mattel's claims in Phase 2, and therefore the discovery is not relevant.[1353] "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1354] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, the Request is overbroad. A Request seeking all documents referring or relating to information regarding regarding the UBISOFT LITIGATION provided by Ubisoft to Mattel is not narrowly tailored even if it were relevant. The temporal scope is also overbroad as there no limitation as to time, and therefore the Request seeks documents that predate the relevant time period for any claim or defense in this case.

Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of

---

[1353] Id., at 24.

[1354] See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons:

[redacted]

---

1355 Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

1356 Moore Decl. ¶ 5, Dart Decl., Exh. 32.

1357 Id.



There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created

---

[1358] Id.

[1359] Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

[1360] Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

[1361] Id.

after this action was filed on April 27, 2004."[1362] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log. Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[1363] At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[1364] Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

---

1362 See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1363 See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

1364 See Webster Decl., ¶¶ 6-20.

**REQUEST FOR PRODUCTION NO. 686**

All DOCUMENTS REFERRING OR RELATING TO MGA or the UBISOFT LITIGATION which was provided to YOU and/or YOUR counsel by UBISOFT and/or UBISOFT'S counsel.

**RESPONSE TO REQUEST NO. 686**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, relying on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary

declarations supporting such objections"). Accordingly, Mattel must produce all non-privileged responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides little explanation, let alone the required particularity, as to ***why*** this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents exchanged between Ubisoft (or its counsel) and Mattel (or its counsel) relating to MGA or the litigation between Ubisoft and MGA.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of acts constituting unclean hands, including offering assistance to parties in litigation against MGA. As Ubisoft is a party that has been involved in litigation with MGA, MGA is entitled to discovery on documents exchanged between Ubisoft and Mattel.

Mattel's relevance objection fails for the same reason. Documents exchanged between Mattel and Ubisoft directly relate to MGA's allegations that Mattel offers assistance to companies involved in litigation with MGA. Any responsive documents relate to MGA's unclean hands allegations and are reasonably

calculated to lead to admissible evidence on these topics. Accordingly, MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

Mattel's relevance objection should be sustained. MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[1365] MGA argues that the documents sought by this Request are relevant because "[d]ocuments exchanged between Mattel and Ubisoft directly relate to MGA's allegations that Mattel offers assistance to companies involves in litigation with MGA" and "any responsive documents relate to MGA's unclean hands allegations." However, as the Discovery Master has recognized, "unclean hands does not constitute 'misconduct in the abstract, unrelated to the claim to which it is asserted as a defense.'"[1366] Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002). "It is fundamental to [the] operation of the doctrine that the alleged misconduct ... relate directly to the transaction concerning which the complaint is made." Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir. 1989). Accordingly, courts will not allow discovery based on an unclean

---

[1365] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[1366] See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl., Exh. 7.

hands defense where the "allegations of misconduct do not relate to the transactions ... forming the basis for the complaint." Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 952 (S.D. Cal. 1996).  Here, MGA does not link any of the documents sought in this Request to any of Mattel's claims in Phase 2, and therefore the discovery is not relevant.[1367]  "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1368]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, the Request is overbroad.  A Request seeking all referring or relating to MGA or the UBISOFT LITIGATION provided by Ubisoft to Mattel is not narrowly tailored even if it were relevant.  The temporal scope is also overbroad as there no limitation as to time, and therefore the Request seeks documents that predate the relevant time period for any claim or defense in this case.

Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is

---

[1367]  Id., at 24.
[1368]  See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons:

[redacted]

---

1369 Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
1370 Moore Decl. ¶ 5, Dart Decl., Exh. 32.
1371 Id.



There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created

---

[1372] Id.

[1373] Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

[1374] Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

[1375] Id.

after this action was filed on April 27, 2004."[1376] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log. Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[1377] At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[1378] Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 687**

All DOCUMENTS REFERRING OR RELATING TO any and all telephone conversations between or among YOU and/or YOUR counsel and

---

[1376] See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

[1377] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

UBISOFT and/or UBISOFTS counsel, including but not limited to, notes of such telephone conversations.

**RESPONSE TO REQUEST NO. 687**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, relying on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary

[1378] See Webster Decl., ¶¶ 6-20.

declarations supporting such objections"). Accordingly, Mattel must produce all non-privileged responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides little explanation, let alone the required particularity, as to ***why*** this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek records of conversations between Ubisoft (or its counsel) and Mattel (or its counsel).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of acts constituting unclean hands, including offering assistance to parties in litigation against MGA. As Ubisoft is a party that has been involved in litigation with MGA, MGA is entitled to discovery on communications between Ubisoft and Mattel.

Mattel's relevance objection fails for the same reason. Communications between Mattel and Ubisoft directly relate to MGA's allegations that Mattel offers assistance to companies involved in litigation with MGA. Any responsive documents relate to MGA's unclean hands allegations and are reasonably calculated to lead to admissible evidence on these topics. Accordingly, MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

Mattel's relevance objection should be sustained. MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[1379] MGA argues that the documents sought by this Request are relevant because "[c]ommunications between Mattel and Ubisoft directly relate to MGA's allegations that Mattel offers assistance to companies involves in litigation with MGA" and "any responsive documents relate to MGA's unclean hands allegations." However, as the Discovery Master has recognized, "unclean hands does not constitute 'misconduct in the abstract, unrelated to the claim to which it is asserted as a defense.'"[1380] Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002). "It is fundamental to [the] operation of the doctrine that the alleged misconduct ... relate directly to the transaction concerning which the complaint is made." Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir. 1989). Accordingly, courts will not allow discovery based on an unclean hands defense where the "allegations of misconduct do not relate to the transactions ... forming the basis for the complaint." Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp.

---

[1379] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[1380] See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl., Exh. 7.

948, 952 (S.D. Cal. 1996).  Here, MGA does not link any of the documents sought in this Request to any of Mattel's claims in Phase 2, and therefore the discovery is not relevant.[1381]  "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1382]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, the Request is overbroad.  A Request seeking all documents referring or relating to any telephone conversations between Mattel and Ubisoft, including notes of such telephone conversations is not narrowly tailored even if it were relevant.  The temporal scope is also overbroad as there no limitation as to time, and therefore the Request seeks documents that predate the relevant time period for any claim or defense in this case.

Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that

---

[1381]  Id., at 24.
[1382]  See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons:

[redacted]

[1383] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
[1384] Moore Decl. ¶ 5, Dart Decl., Exh. 32.
[1385] Id.



There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created

---

[1386] Id.

[1387] Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

[1388] Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

[1389] Id.

after this action was filed on April 27, 2004."[1390] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log. Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[1391] At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[1392] Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 688**

All DOCUMENTS REFERRING OR RELATING TO any alliance, agreement or arrangement between YOU and/or YOUR counsel and UBISOFT

---

1390 See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1391 See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

and/or UBISOFT'S counsel to provide assistance, including monetary assistance, in connection with any litigation against MGA, including but not limited to, the ACTION and the UBISOFT LITIGATION.

**RESPONSE TO REQUEST NO. 688**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the terms "alliance, agreement or arrangement" and "assistance" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, relying on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

[1392] See Webster Decl., ¶¶ 6-20.

(C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must produce all non-privileged responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides little explanation, let alone the required particularity, as to ***why*** this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek agreements between Ubisoft and Mattel relating to assistance in litigation.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of acts constituting unclean hands, including offering assistance to parties in litigation against MGA. As Ubisoft is a party that has been involved in litigation with MGA, MGA is entitled to discovery on agreements between Ubisoft and Mattel relating to assistance in litigation.

Mattel's relevance objection fails for the same reason. Agreements for assistance in litigation between Mattel and Ubisoft directly relate to MGA's allegations that Mattel offers assistance to companies involved in litigation with MGA. Any responsive documents relate to MGA's unclean hands allegations and

are reasonably calculated to lead to admissible evidence on these topics. Accordingly, MGA is entitled to discovery on these claims.

Mattel's objection that the terms "alliance, agreement or arrangement" and "assistance" are vague and ambiguous should be disregarded. These are common phrases and the request specifies it is seeking information regarding agreements, whether formal or informal, between Mattel and Ubisoft to "provide assistance, including monetary assistance, in connection with any litigation against MGA." Mattel cannot avoid production by feigning to not understand the synonyms included in the request.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

Mattel's relevance objection should be sustained. MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[1393] MGA argues that the documents sought by this Request are relevant because "[a]greements for assistance in litigation between Mattel and Ubisoft directly relate to MGA's allegations that Mattel offers assistance to companies involves in litigation with MGA" and "any responsive documents relate to MGA's unclean hands allegations." However, as the Discovery Master has recognized,

---

[1393] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

"unclean hands does not constitute 'misconduct in the abstract, unrelated to the claim to which it is asserted as a defense.'"[1394] Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002). "It is fundamental to [the] operation of the doctrine that the alleged misconduct ... relate directly to the transaction concerning which the complaint is made." Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir. 1989). Accordingly, courts will not allow discovery based on an unclean hands defense where the "allegations of misconduct do not relate to the transactions ... forming the basis for the complaint." Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 952 (S.D. Cal. 1996). Here, MGA does not link any of the documents sought in this Request to any of Mattel's claims in Phase 2, and therefore the discovery is not relevant.[1395] "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1396] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

---

[1394] See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl., Exh. 7.

[1395] Id., at 24.

[1396] See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

Further, the Request is overbroad. A Request seeking all documents referring or related to "any alliance, agreement, or arrangement" between Mattel and Ubisoft to provide assistance, including monetary assistance, in connection with any litigation against MGA, is not narrowly tailored even if it were relevant. The temporal scope is also overbroad as there no limitation as to time, and therefore the Request seeks documents that predate the relevant time period for any claim or defense in this case.

In addition, the terms "alliance, agreement or arrangement" and "assistance" in this context are vague and ambiguous. MGA's assertion that these are "common phrases" and suggestion that it is seeking agreements "whether formal or informal" does not cure this defect, or specify what constitutes an "alliance, agreement or arrangement" or what constitutes "assistance" beyond monetary assistance.

Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons:

[redacted]

[1397] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

[1398] Moore Decl. ¶ 5, Dart Decl., Exh. 32.
[1399] Id.
[1400] Id.
[1401] Pantel Decl. ¶ 11, Dart Decl., Exh. 31..



There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[1404] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log. Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be

---

1402 Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

1403 Id.

served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[1405] At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[1406] Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 689**

All DOCUMENTS REFERRING OR RELATING TO any assistance, guidance, advice or information which UBISOFT and/or UBISOFT'S counsel provided to YOU and/or YOUR counsel in connection with the ACTION.

**RESPONSE TO REQUEST NO. 689**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the terms "assistance, guidance, advice or information" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks

---

1404 See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1405 See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, relying on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must produce all non-privileged responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides little explanation, let alone the required particularity, as to ***why*** this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

[1406] See Webster Decl., ¶¶ 6-20.

contrary, the request is narrowly tailored to seek communications between Ubisoft (or its counsel) and Mattel (or its counsel) relating to this action.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of acts constituting unclean hands, including offering assistance to parties in litigation against MGA. As Ubisoft is a party that has been involved in litigation with MGA, MGA is entitled to discovery on communications between Ubisoft and Mattel.

Mattel's relevance objection fails for the same reason. Communications between Mattel and Ubisoft directly relate to MGA's allegations that Mattel offers assistance to companies involved in litigation with MGA. Any responsive documents relate to MGA's unclean hands allegations and are reasonably calculated to lead to admissible evidence on these topics. Accordingly, MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel's objection that the terms "assistance, guidance, advice or information" are vague and ambiguous should be disregarded. These are common phrases and the request specifies it is seeking information exchanged between Mattel and Ubisoft regarding this action. The use of synonyms is only to ensure that

all responsive documents are provided. Mattel cannot avoid production by feigning to not understand the synonyms included in the request.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

Mattel's relevance objection should be sustained. MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[1407] MGA argues that the documents sought by this Request are relevant because "[c]ommunications between Mattel and Ubisoft directly relate to MGA's allegations that Mattel offers assistance to companies involves in litigation with MGA" and "any responsive documents relate to MGA's unclean hands allegations." However, as the Discovery Master has recognized, "unclean hands does not constitute 'misconduct in the abstract, unrelated to the claim to which it is asserted as a defense.'"[1408] Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002). "It is fundamental to [the] operation of the doctrine that the alleged misconduct ... relate directly to the transaction concerning which the complaint is made." Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir. 1989). Accordingly, courts will not allow discovery based on an unclean hands defense where the "allegations of misconduct do not relate to the transactions ... forming the basis for the complaint." Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 952 (S.D. Cal. 1996). Here, MGA does not link any of the documents sought

---

[1407] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[1408] See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl., Exh. 7.

in this Request to any of Mattel's claims in Phase 2, and therefore the discovery is not relevant.[1409] "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1410] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, the Request is overbroad. A Request seeking all documents referring or related to "any assistance, guidance, advice or information" provided by Ubisoft to Mattel in connection with this action is not narrowly tailored even if it were relevant. The temporal scope is also overbroad as there no limitation as to time, and therefore the Request seeks documents that predate the relevant time period for any claim or defense in this case.

In addition, the terms "assistance, guidance, advice or information" in this context are vague and ambiguous. MGA's assertion that these are "common phrases" and suggestion that it is seeking "information exchanged between Mattel and Ubisoft" does not cure this defect, or specify what constitutes "assistance, guidance, advice or information."

---

[1409] Id., at 24.

[1410] See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons:

[redacted]

---

[1411] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
[1412] Moore Decl. ¶ 5, Dart Decl., Exh. 32.
[1413] Id.

[redacted]

[redacted]

[redacted]

There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable

---

[1414] Id.
[1415] Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
[1416] Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
[1417] Id.

privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[1418] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log. Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[1419] At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[1420] Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

---

[1418] See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

[1419] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[1420] See Webster Decl., ¶¶ 6-20.

**REQUEST FOR PRODUCTION NO. 690**

All DOCUMENTS REFERRING OR RELATING TO any assistance, guidance, advice or information which YOU and/or YOUR counsel provided to UBISOFT and/or UBISOFT'S counsel in connection with the UBISOFT LITIGATION.

**RESPONSE TO REQUEST NO. 690**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the terms "assistance, guidance, advice or information" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, relying on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must produce all non-privileged responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides little explanation, let alone the required particularity, as to ***why*** this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek guidance provided by Mattel (or its counsel) to Ubisoft (or its counsel) in Ubisoft's litigation involving MGA.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")

Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of acts constituting unclean hands, including offering assistance to parties in litigation against MGA. As Ubisoft is a party that has been involved in litigation with MGA, MGA is entitled to discovery on guidance offered by Mattel to Ubisoft.

Mattel's relevance objection fails for the same reason. Guidance offered by Mattel to Ubisoft directly relates to MGA's allegations that Mattel offers assistance to companies involved in litigation with MGA. Any responsive documents relate to MGA's unclean hands allegations and are reasonably calculated

to lead to admissible evidence on these topics. Accordingly, MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel's objection that the terms "assistance, guidance, advice or information" are vague and ambiguous should be disregarded. These are common phrases and the request specifies it is seeking information exchanged between Mattel and Ubisoft regarding this action. The use of synonyms is only to ensure that all responsive documents are provided. Mattel cannot avoid production by feigning to not understand the synonyms included in the request.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

Mattel's relevance objection should be sustained. MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[1421] MGA argues that the documents sought by this Request are relevant because "[g]uidance offered by Mattel to Ubisoft directly relate to MGA's allegations that Mattel offers assistance to companies involves in litigation with MGA" and "any responsive documents relate to MGA's unclean hands allegations." However, as the Discovery Master has recognized, "unclean hands does not constitute 'misconduct in the abstract, unrelated to the claim to which it is asserted

[1421] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

as a defense.'"[1422] Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002). "It is fundamental to [the] operation of the doctrine that the alleged misconduct ... relate directly to the transaction concerning which the complaint is made." Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir. 1989). Accordingly, courts will not allow discovery based on an unclean hands defense where the "allegations of misconduct do not relate to the transactions ... forming the basis for the complaint." Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 952 (S.D. Cal. 1996). Here, MGA does not link any of the documents sought in this Request to any of Mattel's claims in Phase 2, and therefore the discovery is not relevant.[1423] "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1424] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, the Request is overbroad. A Request seeking all documents referring or related to "any assistance, guidance, advice or information" provided by

---

[1422] See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl., Exh. 7.

[1423] Id., at 24.

[1424] See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

Mattel to Ubisoft in connection with the UBISOFT ACTION is not narrowly tailored even if it were relevant. The temporal scope is also overbroad as there no limitation as to time, and therefore the Request seeks documents that predate the relevant time period for any claim or defense in this case.

In addition, the terms "assistance, guidance, advice or information" in this context are vague and ambiguous. MGA's assertion that these are "common phrases" and suggestion that it is seeking "information exchanged between Mattel and Ubisoft" does not cure this defect, or specify what constitutes "assistance, guidance, advice or information."

Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons:

[redacted]

---

[1425] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.



[1426] Moore Decl. ¶ 5, Dart Decl., Exh. 32.

[1427] Id.

[1428] Id.

[1429] Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

[redacted]

There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[1432] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log. Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to

---

1430 Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
1431 Id.

move on.[1433] At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[1434] Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 693**

All DOCUMENTS that REFER OR RELATE TO any claims, threat of litigation, litigation, arbitration or other legal proceeding that any current or former employee, freelancer or contractor has asserted against MATTEL regarding the use or infringement of any design, idea, doll, toy or artwork, including, but not limited to, cease and desist letters, pleadings, affidavits, or court orders.

**RESPONSE TO REQUEST NO. 693**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the

---

[1432] See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

[1433] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[1434] See Webster Decl., ¶¶ 6-20.

attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses to produce documents in response to this request, resting on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to ***why*** this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning allegations of infringement made by a discrete group of people, namely, current or former Mattel employees, freelancers or contractors.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This

objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, from serial copying of MGA products, to threatening retailers and suppliers to cease doing business with MGA, to intimidating employees and industry groups in order to prevent MGA from fairly competing. MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Information about current or former Mattel employees, freelancers or contractors who have asserted that Mattel infringes their intellectual property is highly likely to lead to the discovery of admissible evidence in Phase 2.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

Mattel's relevance objection should be sustained. MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[1435] However, MGA does not even attempt to explain what claims or

---

[1435] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

defenses this Request is supposedly relevant to. Instead, MGA makes the conclusory assertion that "[i]nformation about current or former Mattel employees, freelancers or contractors who have asserted that Mattel infringes their intellectual property is highly likely to lead to the discovery of admissible evidence in Phase 2." This is merely begging the question and is not a showing of relevance. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1436] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, the Request is overbroad. A Request seeking all documents that refer or relate to any claims, threat of litigation, litigation, arbitration or other legal proceeding that any current or former employee, freelancer or contractor has asserted against MATTEL regarding the use or infringement of any design, idea, toy or artwork, is not narrowly tailored to any Phase 2 issue, even if it were relevant. The previous Discovery Master has denied similar requests for production which "would potentially require Mattel to review documents relating to all of its many thousands of current and former employees" as overbroad.[1437] The temporal scope

---

[1436] See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

[1437] See September 12, 2007 Order at 15, Dart Decl., Exh. 12.

is also overbroad as there no limitation as to time, and therefore the Request seeks documents that predate the relevant time period for any claim or defense in this case. Further, the Request is overbroad to the extent it seeks discovery into events and products that post-date MGA's complaint, filed on April 15, 2005, based on MGA's own argument that was accepted by the Discovery Master in denying discovery Mattel was seeking regarding transactions occurring after the filing of Mattel's complaint.[1438] MGA offers no reason, nor could it consistent with judicial estoppel, why documents post-dating the filing of claims which do not allege continuing wrongdoing are relevant to those claims. Further, it seeks information that is protected by the right of privacy and the right of privacy of third persons and that could not possibly lead to the discovery of admissible evidence.

Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the

---

[1438] See MGA Parties' Reply In Support of Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13, 2009, at 7, Dart Decl., Exh. 6, where MGA argued that its transactions with the entities that financed acquisition of the Wachovia debt were not relevant to Phase 2 because, *inter alia*, [redacted] In finding that "there has been no showing by Mattel that the Subpoenas to the Financing Entities are reasonably calculated to lead to the discovery of admissible evidence regarding the RICO counterclaim," the Discovery Master noted that "the RICO counterclaim (like the other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came into existence – and therefore apparently did not encompass the activities or the transactions which are the subject of the Financing Discovery." Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons:

[1439] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
[1440] Moore Decl. ¶ 5, Dart Decl., Exh. 32.
[1441] Id.
[1442] Id.



There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[1446] Thus, to the extent privileged

---

[1443] Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

[1444] Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

[1445] Id.

[1446] See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

documents fall within the post lawsuit time period, they need not be included on Mattel's log. Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[1447] At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[1448] Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 694**

All COMMUNICATIONS between YOU, including your inside and outside counsel, on the one hand, and any PERSON on the other, including but not limited to HASBRO, UBISOFT, CITYWORLD, ART ATTACKS and FRED LARIAN REFERRING OR RELATING TO the allegations in this ACTION, or any MGA LAWSUIT (including, without limitation, any facts underlying this ACTION

---

[1447] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

or MGA LAWSUIT or any PERSON's belief or view as to the merits of any claim or defense in this ACTION or MGA LAWSUIT).

**RESPONSE TO REQUEST NO. 694**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

[1448] See Webster Decl., ¶¶ 6-20.

(C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to ***why*** this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents relating to communications between Mattel and others regarding the allegations at issue in this lawsuit, and other lawsuits involving MGA.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in various unfair trade practices, from serial copying of MGA products, to threatening retailers and suppliers to cease doing business with MGA, to intimidating employees and industry groups in order to prevent MGA from fairly competing, and MGA is entitled to discovery on these claims.

Mattel objects that the request contains confidential, proprietary and trade secret information. A Protective Order exists in this case, obviating any

concern as to protection of privacy rights and/or commercially sensitive information.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

Mattel's relevance objection should be sustained. MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[1449] MGA argues that the documents sought by this Request are relevant because "MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, from serial copying of MGA products, to threatening retailers and suppliers to cease doing business with MGA, to intimidating employees and industry groups in order to prevent MGA from fairly competing." MGA fails to show how the discovery sought relates in any way to these claims. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

---

[1449] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

(same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1450] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, the Request is overbroad. A Request seeking all communications between Mattel and any other person referring or relating to the allegations in this action or any MGA lawsuit is not narrowly tailored even if it were relevant. In his April 14, 2008 Order denying in part Mattel's motion to compel, the Discovery Master held that Mattel's request seeking communications "that REFER or RELATE to this action" was overbroad.[1451] This Request should be denied on the same basis. Additionally the previous Discovery Master has denied similar requests for production which "would potentially require Mattel to review documents relating to all of its many thousands of current and former employees" as overbroad.[1452] The temporal scope is also overbroad as there no limitation as to time, and therefore the Request seeks documents that predate the relevant time period for any claim or defense in this case. Further, the Request is overbroad to the extent it seeks discovery into events and products that post-date MGA's complaint, filed on April 15, 2005, based on MGA's own argument that was accepted by the Discovery Master in denying discovery Mattel was seeking regarding transactions occurring after the filing of Mattel's complaint.[1453] MGA offers no reason, nor could

---

[1450] See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

[1451] See April 14, 2008 Order at 4, Dart Decl., Exh. 21.

[1452] See September 12, 2007 Order at 15, Dart Decl., Exh. 12.

[1453] See MGA Parties' Reply In Support of Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13, 2009, at 7, Dart Decl., Exh. 6, where MGA argued that its transactions with the entities that financed acquisition of the Wachovia debt were not relevant to Phase 2 because, *inter alia*, [redacted]

(footnote continued)

it consistent with judicial estoppel, why documents post-dating the filing of claims which do not allege continuing wrongdoing are relevant to those claims. Further, it seeks information that is protected by the right of privacy and the right of privacy of third persons and that could not possibly lead to the discovery of admissible evidence.

Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons:

[redacted]

---

[redacted] In finding that "there has been no showing by Mattel that the Subpoenas to the Financing Entities are reasonably calculated to lead to the discovery of admissible evidence regarding the RICO counterclaim," the Discovery Master noted that "the RICO counterclaim (like the other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came into existence – and therefore apparently did not encompass the activities or the transactions which are the subject of the Financing Discovery." Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

[1454] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

[1455] Moore Decl. ¶ 5, Dart Decl., Exh. 32.

[1456] Id.

[1457] Id.

[1458] Pantel Decl. ¶ 11, Dart Decl., Exh. 31..



There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[1461] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log. Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to

---

[1459] Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

[1460] Id.

attempt to resolve the dispute."). In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[1462] At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[1463] Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 695**

All testimony, transcripts, declarations, affidavits and other sworn written statements of any other type by or from YOU or made on YOUR behalf that REFER OR RELATE TO ACCELERACERS, DIVA STARZ, MY SCENE, FLAVAS, and BARBIE that REFER OR RELATE TO the RELEVANT TIME PERIOD (regardless of when such testimony or sworn statement was taken, given, signed, made or filed), other than those previously filed and served in this ACTION or in which MGA counsel in this ACTION was in attendance.

**RESPONSE TO REQUEST NO. 695**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the

---

[1461] See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

[1462] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

[1463] See Webster Decl., ¶¶ 6-20.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to ***why*** this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents from January 1, 1998 to the present date concerning all testimony, transcripts, declarations, affidavits and other sworn written statement made by Mattel that refer to ACCELERACERS, DIVA STARZ, MY SCENE, FLAVAS, and BARBIE. This request does not include statements previously filed and served in this action or in which MGA counsel in this action was in attendance.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products. MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

As for relevancy, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents is irrelevant to the present action. On the contrary, MGA has alleged that Mattel is engaged in copying of MGA products, packaging, themes and advertising. ACCELERACERS, DIVA STARZ, MY SCENE, FLAVAS, and BARBIE are examples of such

products. A request seeking documents from January 1, 1998 to the present date concerning all testimony, transcripts, declarations, affidavits and other sworn written statement made by Mattel that refers to ACCELERACERS, DIVA STARZ, MY SCENE, FLAVAS, and BARBIE is therefore relevant to this action and MGA's claim.

Mattel objects that the request contains confidential, proprietary, and trade secret information. A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

Mattel's relevancy objection should be sustained. MGA argues that "Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents is irrelevant to the present action." However, MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[1464] MGA makes the conclusory assertion that this Request is relevant to its allegations that "Mattel is engaged in copying of MGA products, packaging, themes and advertising" and "ACCELERACERS, DIVA STARZ, MY SCENE, FLAVAS, and BARBIE are examples of such products." However, MGA fails to explain how the discovery sought is relevant to these claims. "A trial court has a duty, of special significance in lengthy and complex

[1464] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1465] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, the Request is overbroad. A Request seeking all testimony, transcripts, declarations, affidavits and other sworn written statements of any other type by or from Mattel or made on Mattel's behalf that refer or relate to ACCELERACERS, DIVA STARZ, MY SCENE, FLAVAS, and BARBIE that refer or relate to January 1, 1998 to the present is not narrowly tailored even if it were relevant. The Request seeks documents that predate the relevant time period for any claim or defense in this case. Further, the Request is overbroad to the extent it seeks discovery into events and products that post-date MGA's complaint, filed on April 15, 2005, based on MGA's own argument that was accepted by the Discovery Master in denying discovery Mattel was seeking regarding transactions occurring after the filing of Mattel's complaint.[1466] MGA offers no reason, nor could it

---

[1465] See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

[1466] See MGA Parties' Reply In Support of Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13, 2009, at 7, Dart Decl., Exh. 6, where MGA argued that its transactions with the entities that financed acquisition of the Wachovia debt were not relevant to Phase 2 because, *inter alia*, [redacted] In finding that "there has been no showing by Mattel that the Subpoenas to the Financing Entities are reasonably (footnote continued)

consistent with judicial estoppel, why documents post-dating the filing of claims which do not allege continuing wrongdoing are relevant to those claims.

Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons:

---

calculated to lead to the discovery of admissible evidence regarding the RICO counterclaim," the Discovery Master noted that "the RICO counterclaim (like the other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came into existence – and therefore apparently did not encompass the activities or the transactions which are the subject of the Financing Discovery." Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

[redacted]

[redacted]

[1467] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
[1468] Moore Decl. ¶ 5, Dart Decl., Exh. 32.
[1469] Id.
[1470] Id.
[1471] Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

[redacted]

There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[1474] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log. Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to

---

1472 Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

1473 Id.

1474 See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

move on.[1475] At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[1476] Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 697**

All DOCUMENTS REFERRING OR RELATING TO the recruitment, hiring, or engagement by MGA of any current or former MATTEL employee, freelancer or contractor since January 1, 1999, including communications between MGA and any current or former MATTEL employee, freelancer or contractor concerning employment or potential employment.

**RESPONSE TO REQUEST NO. 697**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to

---

1475 See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

1476 See Webster Decl., ¶¶ 6-20.

the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to ***why*** this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning the recruitment, hiring, or engagement by MGA of any current or former Mattel employee, freelancer or contractor since January 1, 1999.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This

objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a variety of unfair trade practices including restricting employee mobility and threatening and intimidating former and current MGA employees and contractors. MGA entitled to discovery on these claims. Moreover, Mattel has accused MGA of copyright infringement, RICO violations, misappropriation of trade secrets, intentional interference with contract, aiding and abetting breach of fiduciary duty and duty of loyalty, conversion, and unfair competition. All of these claims are to some degree based on Mattel's theory that MGA improperly contacted or hired Mattel employees, and MGA entitled to discovery on these claims and its defenses.

Mattel objects that the request contains confidential, proprietary and trade secret information. A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

This Request is overbroad. MGA argues that the Request is narrowly tailored because "[a]ll of [Mattel's Phase 2] claims are to some degree based on

Mattel's theory that MGA improperly contacted or hired Mattel employees." However, all documents referring or relating to MGA recruitment to any current or former employee is obviously not narrowly tailored to any of these issues. The previous Discovery Master has denied similar requests for production which "would potentially require Mattel to review documents relating to all of its many thousands of current and former employees" as overbroad.[1477] The Request is also overbroad in that it seeks documents from January 1, 1999, which predates any relevant time period for Phase 2.

Mattel's relevancy objection should also be sustained. MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[1478] MGA has failed to make this showing. MGA makes the conclusory assertion that this Request is relevant because "MGA has alleged that Mattel has engaged in a variety of unfair trade practices including restricting employee mobility and threatening and intimidating former and current MGA employees and contractors" – but fails to explain how MGA's recruitment of current or former Mattel employees is relevant to these claims. MGA also argues that the discovery is relevant because "Mattel has accused MGA of copyright infringement, RICO violations, misappropriation of trade secrets, intentional interference with contract, aiding and abetting breach of fiduciary duty and duty of loyalty, conversion, and unfair competition" and "[a]ll of these claims are to some degree based on Mattel's theory that MGA improperly contacted or hired Mattel employees." However, MGA fails to show how all documents referring or relating to MGA's recruitment of any former or current Mattel employee or contractor is relevant to these Phase 2

---

1477 See September 12, 2007 Order at 15, Dart Decl., Exh. 12.

1478 See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an (footnote continued)

claims. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1479] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, as the prior Discovery Master has recognized, this Request is unduly burdensome.[1480] Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons:

---

initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[1479] See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

[1480] See Order dated September 12, 2007, at 15, Dart Decl, Exh. 9 ("Even if Mattel succeeded in finding such documents, the burden and expense of conducting such a search outweigh the likely benefit.").