

1481    Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
1482    Moore Decl. ¶ 5, Dart Decl., Exh. 32.
1483    Id.
1484    Id.



14    There is no basis for overruling Mattel's privilege objection.  MGA's

15  bald assertion that "[t]his request does not seek information protected by the

16  attorney-client privilege, the attorney work product doctrine, or other applicable

17  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

18  agreed that "all privileged documents would be logged except for documents created

19  after this action was filed on April 27, 2004."[1488]  Thus, to the extent  privileged

20  documents fall within the post lawsuit time period, they need not be included on

21  Mattel's log.  Although it bears the burden of showing why this agreement should

22  not be applied to a given Request, MGA fails to do so.

23  _____

24    [1485]  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

25    [1486]  Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.

      [1487]  Id.

26    [1488]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.

28

1        Finally, MGA failed to meet and confer at all, much less in good faith,

2  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4  the moving party shall first identify each dispute, state the relief sought and identify

5  the authority supporting the requested relief in a meet and confer letter that shall be

6  served on all parties by facsimile or electronic mail. The parties shall have five court

7  days from the date of service of that letter to conduct an in-person conference to

8  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

9  confer, MGA had the burden to show the relevance of any requests it sought to

10  move on.[1489]   At no point during the meet and confer process did MGA show why

11  this Request could be considered relevant to Phase 2 issues.[1490]  Because MGA

12  refused to even attempt to make this showing, there was no possibility of a good

13  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

14  deny MGA's motion with respect to this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 698**

16        DOCUMENTS sufficient to identify every PERSON who has entered

17  into a MY SCENE LICENSE with YOU or anyone acting on YOUR behalf.

18  **RESPONSE TO REQUEST NO. 698:**

19        In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it is overbroad and unduly burdensome, including in that it seeks all documents on

22  this subject without limitation as to time, and regardless of whether such documents

23  relate to products or matters at issue in this case.  Mattel further objects to the

24

25     [1489]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  Request on the grounds that it seeks documents that are not relevant to this action or

2  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

3  Request on the grounds that it seeks confidential, proprietary and trade secret

4  information, including such information that has no bearing on the claims or

5  defenses in this action.  Mattel further objects to this Request on the grounds that it

6  calls for the disclosure of information subject to the attorney-client privilege, the

7  attorney work-product doctrine and other applicable privileges.

8  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

9  **TO SHOULD BE COMPELLED**

10  Mattel has improperly limited its agreement to produce documents in

11  response to this request, subject to its improper boilerplate objections.  Mattel has

12  refused to confirm whether or not it has produced all non-privileged responsive

13  documents or whether it is withholding documents based on its objections in Phase

14  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

15  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

16  Generic objections that fail to explain the basis for an objection with specificity are

17  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

18  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

19  'overly burdensome and harassing' are improper – especially when a party fails to

20  submit any evidentiary declarations supporting such objections").  Accordingly,

21  Mattel must be compelled either to certify that it has produced all non-privileged

22  responsive documents or to produce all such documents by a date certain.

23  To the extent that Mattel is relying on its blanket objections, they are

24  not sustainable and do not justify Mattel's failure to produce documents.

25

26

27  [1490]  See Webster Decl., ¶¶ 6-20.

28

1    As to overbreadth, Mattel provides no explanation, let alone the

2  required particularity, as to **why** this request is supposedly overly broad, nor can it

3  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

4  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

5  contrary, the request is narrowly tailored to seek documents sufficient to identify

6  every person who has entered into a MY SCENE LICENSE with Mattel or anyone

7  action its behalf.

8    As to burden, Mattel has not attempted to demonstrate why responding

9  to this request and/or producing responsive documents presents any burden. This

10  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

11  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12  request is unduly burdensome must allege specific facts which indicate the nature

13  and extent of the burden, usually by affidavit or other reliable evidence.")

14  Moreover, it is not unduly burdensome, as noted above, in that the request is

15  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

16  has engaged in a broad variety of unfair trade practices including serial copying of

17  MGA products. MGA is entitled to discovery on these claims.

18    This request does not seek documents protected by the attorney-client

19  privilege, the attorney work product doctrine, or other applicable privileges. To the

20  extent that Mattel contends that it does, Mattel must provide a privilege log.

21    As for relevancy, Mattel has not attempted to demonstrate why

22  responding to this request and/or producing responsive documents is irrelevant to

23  the present action. On the contrary, MGA has alleged that Mattel is engaged in

24  copying of MGA products, and MY SCENE is an example of one such product line.

25  MGA also seeks damages and profits derived by Mattel for its acts of false

26  designation of origin or affiliation, unfair competition and unfair business practices

27  and dilution. A request for documents sufficient to identify every person who has

28

1  entered into a MY SCENE LICENSE with Mattel or anyone action its behalf is

2  therefore relevant to this action and MGA's claim.

3       Mattel objects that the request contains confidential, proprietary, and

4  trade secret information.  A Protective Order exists in this case, obviating any

5  concern as to protection of privacy rights and/or commercially sensitive

6  information.

7       None of Mattel's improper objections are valid and Mattel is obligated

8  to produce all non-privileged responsive documents in its possession, custody, or

9  control.

10  **MATTEL'S RESPONSE:**

11       MGA's argument that it is entitled to these documents fails on the

12  merits.  MGA argues that "Mattel has not attempted to demonstrate why responding

13  to this request and/or producing responsive documents is irrelevant to the present

14  action."  However, the burden is not on Mattel to show irrelevancy.  Rather, MGA

15  must establish that its discovery meets the relevance requirements of Rule

16  26(b)(1).[1491]  MGA asserts that information about the identity of people with whom

17  Mattel has entered into licenses for My Scene is relevant because MGA has alleged

18  that Mattel is engaging in copying of MGA products, and seeks damages and profits

19  for its false designation of origin, unfair competition, and dilution claims.  However,

20  MGA does not explain why the identity of My Scene licensees is relevant to these

21  claims.  MGA has made no showing how this request is related to the claims and

22  defenses in this case.  "A trial court has a duty, of special significance in lengthy and

23  complex cases where the possibility of abuse is always present, to supervise and

24  

---

25  [1491] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

1  limit discovery to protect parties and witnesses from annoyance and excessive

2  expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also

3  Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36

4  (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

5  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

6  party may not propound document requests as part of a fishing expedition or to

7  discover new claims.[1492]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

8  2004) ("District courts need not condone the use of discovery to engage in 'fishing

9  expeditions.'").

10      Even if it were relevant, the Request is overbroad.  The Request seeks

11  information about products that are not at issue in MGA's complaint.  In seeking

12  DOCUMENTS sufficient to identify every PERSON who has entered into a MY

13  SCENE LICENSE with YOU or anyone acting on YOUR behalf, MGA is seeking

14  documents about My Scene licenees that do not relate to any of MGA's claims.

15      Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

16  that a Court should limit the extent of discovery if it determines that the burden of

17  the proposed discovery outweighs its likely benefit; the discovery sought is

18  unreasonably cumulative or duplicative, or is obtainable from some other source that

19  is more convenient, less burdensome, or less expensive; or the party seeking

20  discovery has had ample opportunity by discovery in the action to obtain the

21  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

22  producing the documents responsive to this overbroad Request would greatly

23  outweigh any marginal benefit to MGA.

24

25

---

26  [1492]  See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

28

1    There is no basis for overruling Mattel's privilege objection.  MGA's

2   bald assertion that "[t]his request does not seek information protected by the

3   attorney-client privilege, the attorney work product doctrine, or other applicable

4   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

5   agreed that "all privileged documents would be logged except for documents created

6   after this action was filed on April 27, 2004."[1493]  Thus, to the extent privileged

7   documents fall within the post lawsuit time period, they need not be included on

8   Mattel's log.

9    Finally, MGA failed to meet and confer at all, much less in good faith,

10   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

11   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

12   the moving party shall first identify each dispute, state the relief sought and identify

13   the authority supporting the requested relief in a meet and confer letter that shall be

14   served on all parties by facsimile or electronic mail. The parties shall have five court

15   days from the date of service of that letter to conduct an in-person conference to

16   attempt to resolve the dispute.").   At no point during the meet and confer process

17   did the parties discuss this Request or Mattel's response to it.[1494]  In order to engage

18   in a meaningful meet and confer, MGA had the burden to show the relevance of any

19   requests it sought to move on.[1495]  Because MGA refused to even attempt to make

20   this showing, there was no possibility of a good faith meet and confer to resolve the

---

[1493]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

[1494]   See Webster Decl., ¶¶ 6-20.

[1495]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

1 | parties' disputes.  The Discovery Master should deny MGA's motion with respect to

2 | this Request on that grounds alone.

3 | **REQUEST FOR PRODUCTION NO. 699**

4 | .        DOCUMENTS sufficient to identify by product name, product number

5 | and SKU each MY SCENE PRODUCT including, without limitation, each MY

6 | SCENE DOLL, sold by YOU or YOUR licensees.

7 | **RESPONSE TO REQUEST NO. 699:**

8 | In addition to the general objections stated above which are

9 | incorporated herein by reference, Mattel objects to this Request on the grounds that

10 | it is overbroad and unduly burdensome, including in that it seeks all documents on

11 | this subject without limitation as to time, and regardless of whether such documents

12 | relate to products or matters at issue in this case.  Mattel further objects to this

13 | Request on the grounds that it seeks confidential, proprietary and trade secret

14 | information, including such information that has no bearing on the claims or

15 | defenses in this action.  Mattel further objects to the extent the Request seeks

16 | documents already produced by Mattel.  Such documents will not be produced

17 | again.

18 | Subject to and without waiving the foregoing objections, Mattel

19 | responds as follows: Mattel will produce such responsive, non-privileged documents

20 | that are in Mattel's possession, custody, or control, if any, that Mattel has been able

21 | to locate after a diligent search and reasonable inquiry, to the extent not previously

22 | produced.

23 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

24 | **TO SHOULD BE COMPELLED**

25 | Mattel has improperly limited its agreement to produce documents in

26 | response to this request, subject to its improper boilerplate objections.  Mattel has

27 | refused to confirm whether or not it has produced all non-privileged responsive

28 | documents or whether it is withholding documents based on its objections in Phase

1  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

2  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

3  Generic objections that fail to explain the basis for an objection with specificity are

4  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

5  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

6  'overly burdensome and harassing' are improper – especially when a party fails to

7  submit any evidentiary declarations supporting such objections").  Accordingly,

8  Mattel must be compelled either to certify that it has produced all non-privileged

9  responsive documents or to produce all such documents by a date certain.

10       To the extent that Mattel is relying on its blanket objections, they are

11  not sustainable and do not justify Mattel's failure to produce documents.

12       As to overbreadth, Mattel provides no explanation, let alone the

13  required particularity, as to *why* this request is supposedly overly broad, nor can it

14  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

15  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

16  contrary, the request is narrowly tailored to seek documents sufficient to identify by

17  product name, product number and SKU each MY SCENE PRODUCT including,

18  without limitation, each MY SCENE DOLL, sold by Mattel or Mattel's licensees.

19       As to burden, Mattel has not attempted to demonstrate why responding

20  to this request and/or producing responsive documents presents any burden.  This

21  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

22  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23  request is unduly burdensome must allege specific facts which indicate the nature

24  and extent of the burden, usually by affidavit or other reliable evidence.")

25  Moreover, it is not unduly burdensome, as noted above, in that the request is

26  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

27  has engaged in a broad variety of unfair trade practices including serial copying of

28  MGA products.  MGA is entitled to discovery on these claims.

1       This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4       As for relevancy, Mattel has not attempted to demonstrate why

5   responding to this request and/or producing responsive documents is irrelevant to

6   the present action.  On the contrary, MGA has alleged that Mattel is engaged in

7   copying of MGA products, and MY SCENE is an example of one such product line.

8   MGA also seeks damages and profits derived by Mattel for its acts of false

9   designation of origin or affiliation, unfair competition and unfair business practices

10   and dilution.  A request for documents sufficient to identify sufficient to identify by

11   product name, product number and SKU each MY SCENE PRODUCT including,

12   without limitation, each MY SCENE DOLL, sold by Mattel or Mattel's licensees is

13   therefore relevant to this action and MGA's claim.

14       Mattel objects that the request contains confidential, proprietary, and

15   trade secret information.  A Protective Order exists in this case, obviating any

16   concern as to protection of privacy rights and/or commercially sensitive

17   information.

18       None of Mattel's improper objections are valid and Mattel is obligated

19   to produce all non-privileged responsive documents in its possession, custody, or

20   control.

21   **MATTEL'S RESPONSE:**

22       Contrary to MGA's statement that Mattel will not confirm that it has

23   produced non-privileged documents, if MGA had met and conferred on these issues,

24   it would have learned that Mattel has already produced all relevant non-privileged

25   documents sufficient to identify by product name, product number and SKU each

26   My Scene product sold by Mattel and its licensees.  Indeed, to date Mattel has

27   already produced over 350,000 pages regarding MY SCENE alone, without

28   limitation by theme or doll, including documents sufficient to identify this

information.  MGA has not provided any basis for asserting that this production is incomplete.  MGA's motion to compel responses to this Request should therefore be denied as moot.

Further, Mattel's limitations were proper.  This Request is overbroad insofar as it seeks information about products not at issue in this case.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").   In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[1496]   At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[1497]   Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 704**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE DOLL, DOCUMENTS sufficient to show the number of units of each such MY SCENE DOLL sold by YOU or YOUR licensees to that customer.

---

[1496]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

**RESPONSE TO REQUEST NO. 704:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds this Request seeks information beyond the possession, custody, or control of Mattel.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

---

[1497] See Webster Decl., ¶¶ 6-20.

1  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
2  'overly burdensome and harassing' are improper – especially when a party fails to
3  submit any evidentiary declarations supporting such objections").  Accordingly,
4  Mattel must be compelled either to certify that it has produced all non-privileged
5  responsive documents or to produce all such documents by a date certain.

6          To the extent that Mattel is relying on its blanket objections, they are
7  not sustainable and do not justify Mattel's failure to produce documents.

8          As to overbreadth, Mattel provides no explanation, let alone the
9  required particularity, as to *why* this request is supposedly overly broad, nor can it
10  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
11  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
12  contrary, the request is narrowly tailored to seek documents sufficient to show the
13  number of units sold to each customer by Mattel or its licensees of any MY SCENE
14  DOLL.

15          As to burden, Mattel has not attempted to demonstrate why responding
16  to this request and/or producing responsive documents presents any burden.  This
17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
18  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
19  request is unduly burdensome must allege specific facts which indicate the nature
20  and extent of the burden, usually by affidavit or other reliable evidence.")
21  Moreover, it is not unduly burdensome, as noted above, in that the request is
22  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
23  has engaged in a broad variety of unfair trade practices including serial copying of
24  MGA products.  MGA is entitled to discovery on these claims.

25          This request does not seek documents protected by the attorney-client
26  privilege, the attorney work product doctrine, or other applicable privileges.  To the
27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1    As for relevancy, Mattel has not attempted to demonstrate why

2  responding to this request and/or producing responsive documents is irrelevant to

3  the present action.  On the contrary, MGA has alleged that Mattel is engaged in

4  copying of MGA products, and MY SCENE is an example of one such product line.

5  MGA also seeks damages and profits derived by Mattel for its acts of false

6  designation of origin or affiliation, unfair competition and unfair business practices

7  and dilution.  A request for documents sufficient to show the number of units sold to

8  each customer by Mattel or its licensees of any MY SCENE DOLL is therefore

9  relevant to this action and MGA's claim.

10    Mattel objects that the request contains confidential, proprietary, and

11  trade secret information.  A Protective Order exists in this case, obviating any

12  concern as to protection of privacy rights and/or commercially sensitive

13  information.

14    None of Mattel's improper objections are valid and Mattel is obligated

15  to produce all non-privileged responsive documents in its possession, custody, or

16  control.

17  **MATTEL'S RESPONSE:**

18    MGA's argument that it is entitled to these documents fails on the

19  merits.  MGA argues that "Mattel has not attempted to demonstrate why responding

20  to this request and/or producing responsive documents is irrelevant to the present

21  action."  However, the burden is not on Mattel to show irrelevancy.  Rather, MGA

22  must establish that its discovery meets the relevance requirements of Rule

23  26(b)(1).[1498]  MGA asserts that information about the number of My Scene dolls

24

25    [1498]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

28  1390794 at *1 (S.D. Cal. 2009).

1  Mattel and its licensees has ever sold to every customer is relevant because MGA
2  has alleged that Mattel is engaging in copying of MGA products, and seeks damages
3  and profits for its false designation of origin, unfair competition, and dilution
4  claims. . However, MGA does not explain why the number of My Scene dolls sold
5  to individual customers is relevant to these claims.  MGA has made no showing how
6  this request is related to the claims and defenses in this case.  "A trial court has a
7  duty, of special significance in lengthy and complex cases where the possibility of
8  abuse is always present, to supervise and limit discovery to protect parties and
9  witnesses from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D.
10  661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World
11  Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v.
12  Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the
13  previous Discovery Master has held, a party may not propound document requests
14  as part of a fishing expedition or to discover new claims.[1499]  Rivera v. NIBCO, Inc.,
15  364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of
16  discovery to engage in 'fishing expeditions.'").

17         Even if it were relevant, the Request is grossly overbroad.  The Request
18  seeks documents showing the number of products sold to every customer who has
19  ever purchased a MY SCENE product, even products, purchases and customers that
20  do not relate to any of MGA's claims.

21         Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
22  that a Court should limit the extent of discovery if it determines that the burden of
23  the proposed discovery outweighs its likely benefit; the discovery sought is
24  unreasonably cumulative or duplicative, or is obtainable from some other source that

---

26  [1499]  See Order Granting In Part and Denying In Part Mattel's Motion for
27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
     1.

1  is more convenient, less burdensome, or less expensive; or the party seeking
2  discovery has had ample opportunity by discovery in the action to obtain the
3  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
4  producing the documents responsive to this overbroad Request would greatly
5  outweigh any marginal benefit to MGA.

6  
7  
8  
9  
10  
11  
12  
13  
14  

15      There is no basis for overruling Mattel's privilege objection.  MGA's
16  bald assertion that "[t]his request does not seek information protected by the
17  attorney-client privilege, the attorney work product doctrine, or other applicable
18  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
19  agreed that "all privileged documents would be logged except for documents created
20  after this action was filed on April 27, 2004."[1503]  Thus, to the extent  privileged
21  documents fall within the post lawsuit time period, they need not be included on
22  Mattel's log.

23  
24      [1500]  See Pantel Dec. at ¶ 12.
25      [1501]  Id.
        [1502]  Id.
26      [1503]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.
28

1   Finally, MGA failed to meet and confer at all, much less in good faith,

2   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4   the moving party shall first identify each dispute, state the relief sought and identify

5   the authority supporting the requested relief in a meet and confer letter that shall be

6   served on all parties by facsimile or electronic mail. The parties shall have five court

7   days from the date of service of that letter to conduct an in-person conference to

8   attempt to resolve the dispute.").   At no point during the meet and confer process

9   did the parties discuss this Request or Mattel's response to it.[1504]  In order to engage

10  in a meaningful meet and confer, MGA had the burden to show the relevance of any

11  requests it sought to move on.[1505]   Because MGA refused to even attempt to make

12  this showing, there was no possibility of a good faith meet and confer to resolve the

13  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

14  this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 705**

16  For each customer to whom YOU or YOUR licensees have ever sold

17  any MY SCENE DOLL, DOCUMENTS sufficient to show the revenue received by

18  YOU from the sale of each such MY SCENE DOLL sold by YOU or YOUR

19  licensees to that customer.

20  **RESPONSE TO REQUEST NO. 705:**

21  In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the grounds that

23  it is overbroad and unduly burdensome, including in that it seeks all documents on

24

25

---

26  [1504]  See Webster Decl., ¶¶ 6-20.

27  [1505]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28  (footnote continued)

1    this subject without limitation as to time, and regardless of whether such documents

2    relate to products or matters at issue in this case.  Mattel further objects to the

3    Request on the grounds that it seeks documents that are not relevant to this action or

4    likely to lead to the discovery of admissible evidence.  Mattel further objects to this

5    Request on the grounds that it seeks confidential, proprietary and trade secret

6    information, including such information that has no bearing on the claims or

7    defenses in this action.  Mattel further objects to this Request on the grounds that it

8    calls for the disclosure of information subject to the attorney-client privilege, the

9    attorney work-product doctrine and other applicable privileges.  Mattel further

10   objects to this Request on the grounds this Request seeks information beyond the

11   possession, custody, or control of Mattel.

12   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

13   **TO SHOULD BE COMPELLED**

14         Mattel has improperly limited its agreement to produce documents in

15   response to this request, subject to its improper boilerplate objections.  Mattel has

16   refused to confirm whether or not it has produced all non-privileged responsive

17   documents or whether it is withholding documents based on its objections in Phase

18   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

19   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

20   Generic objections that fail to explain the basis for an objection with specificity are

21   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

22   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

23   'overly burdensome and harassing' are improper – especially when a party fails to

24   submit any evidentiary declarations supporting such objections").  Accordingly,

25

26   _____

27   initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. May 14, 2009).

28

1    Mattel must be compelled either to certify that it has produced all non-privileged

2    responsive documents or to produce all such documents by a date certain.

3         To the extent that Mattel is relying on its blanket objections, they are

4    not sustainable and do not justify Mattel's failure to produce documents.

5         As to overbreadth, Mattel provides no explanation, let alone the

6    required particularity, as to **why** this request is supposedly overly broad, nor can it

7    do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

8    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9    contrary, the request is narrowly tailored to seek documents sufficient to show the

10   revenue received by Mattel from the sale to each customer by Mattel or its licensees

11   of any MY SCENE DOLL.

12        As to burden, Mattel has not attempted to demonstrate why responding

13   to this request and/or producing responsive documents presents any burden.  This

14   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

15   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16   request is unduly burdensome must allege specific facts which indicate the nature

17   and extent of the burden, usually by affidavit or other reliable evidence.")

18   Moreover, it is not unduly burdensome, as noted above, in that the request is

19   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

20   has engaged in a broad variety of unfair trade practices including serial copying of

21   MGA products.  MGA is entitled to discovery on these claims.

22        This request does not seek documents protected by the attorney-client

23   privilege, the attorney work product doctrine, or other applicable privileges.  To the

24   extent that Mattel contends that it does, Mattel must provide a privilege log.

25        As for relevancy, Mattel has not attempted to demonstrate why

26   responding to this request and/or producing responsive documents is irrelevant to

27   the present action.  On the contrary, MGA has alleged that Mattel is engaged in

28   copying of MGA products, and MY SCENE is an example of one such product line.

1  MGA also seeks damages and profits derived by Mattel for its acts of false

2  designation of origin or affiliation, unfair competition and unfair business practices

3  and dilution.  A request to seek documents sufficient to show the revenue received

4  by Mattel from the sale to each customer by Mattel or its licensees of any MY

5  SCENE DOLL is therefore relevant to this action and MGA's claim.

6  Mattel objects that the request contains confidential, proprietary, and

7  trade secret information.  A Protective Order exists in this case, obviating any

8  concern as to protection of privacy rights and/or commercially sensitive

9  information.

10  None of Mattel's improper objections are valid and Mattel is obligated

11  to produce all non-privileged responsive documents in its possession, custody, or

12  control.

13  **MATTEL'S RESPONSE:**

14  MGA's argument that it is entitled to these documents fails on the

15  merits.  MGA argues that "Mattel has not attempted to demonstrate why responding

16  to this request and/or producing responsive documents is irrelevant to the present

17  action."  However, the burden is not on Mattel to show irrelevancy.  Rather, MGA

18  must establish that its discovery meets the relevance requirements of Rule

19  26(b)(1).[1506]  MGA asserts that information about the revenue received from each

20  customer who has ever purchased a MY SCENE doll is relevant because MGA has

21  alleged that Mattel is engaging in copying of MGA products, and seeks damages

22  and profits for its false designation of origin, unfair competition, and dilution

23  claims. .  However, MGA does not explain why the revenue from individual

24

25  [1506]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

1   customers is relevant to these claims.  MGA has made no showing how this request

2   is related to the claims and defenses in this case.  "A trial court has a duty, of special

3   significance in lengthy and complex cases where the possibility of abuse is always

4   present, to supervise and limit discovery to protect parties and witnesses from

5   annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664

6   (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

7   F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

8   Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

9   Discovery Master has held, a party may not propound document requests as part of a

10  fishing expedition or to discover new claims.[1507]  Rivera v. NIBCO, Inc., 364 F.3d

11  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

12  to engage in 'fishing expeditions.'").

13          Even if it were relevant, the Request is grossly overbroad.  The Request

14  seeks documents showing the revenue received from each customer who has ever

15  purchased a MY SCENE product, even from products, purchases and customers that

16  do not relate to any of MGA's claims.

17          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

18  that a Court should limit the extent of discovery if it determines that the burden of

19  the proposed discovery outweighs its likely benefit; the discovery sought is

20  unreasonably cumulative or duplicative, or is obtainable from some other source that

21  is more convenient, less burdensome, or less expensive; or the party seeking

22  discovery has had ample opportunity by discovery in the action to obtain the

23  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

24

25

---

26  [1507]  See Order Granting In Part and Denying In Part Mattel's Motion for
    Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
27  1.

28

1  producing the documents responsive to this overbroad Request would greatly

2  outweigh any marginal benefit to MGA.



12          There is no basis for overruling Mattel's privilege objection.  MGA's

13  bald assertion that "[t]his request does not seek information protected by the

14  attorney-client privilege, the attorney work product doctrine, or other applicable

15  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

16  agreed that "all privileged documents would be logged except for documents created

17  after this action was filed on April 27, 2004."[1511]  Thus, to the extent  privileged

18  documents fall within the post lawsuit time period, they need not be included on

19  Mattel's log.

20          Finally, MGA failed to meet and confer at all, much less in good faith,

21  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

22  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

---

[1508]   See Pantel Dec. at ¶ 12.
[1509]   Id.
[1510]   Id.
[1511]   See Order Denying Mattel's Motion for Protective Order Limiting the
Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
3.

1   the moving party shall first identify each dispute, state the relief sought and identify

2   the authority supporting the requested relief in a meet and confer letter that shall be

3   served on all parties by facsimile or electronic mail. The parties shall have five court

4   days from the date of service of that letter to conduct an in-person conference to

5   attempt to resolve the dispute.").   At no point during the meet and confer process

6   did the parties discuss this Request or Mattel's response to it.[1512]   In order to engage

7   in a meaningful meet and confer, MGA had the burden to show the relevance of any

8   requests it sought to move on.[1513]   Because MGA refused to even attempt to make

9   this showing, there was no possibility of a good faith meet and confer to resolve the

10  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

11  this Request on that grounds alone.

12  **REQUEST FOR PRODUCTION NO. 706**

13          For each customer to whom YOU or YOUR licensees have ever sold

14  any MY SCENE DOLL, DOCUMENTS sufficient to show YOUR profits from

15  each such MY SCENE DOLL sold by YOU or YOUR licensees to that customer.

16  **RESPONSE TO REQUEST NO. 706:**

17          In addition to the general objections stated above which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it is overbroad and unduly burdensome, including in that it seeks all documents on

20  this subject without limitation as to time, and regardless of whether such documents

21  relate to products or matters at issue in this case.  Mattel further objects to the

22  Request on the grounds that it seeks documents that are not relevant to this action or

23  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

24

25  _____

26  [1512]  See Webster Decl., ¶¶ 6-20.

27  [1513]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
    Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28  (footnote continued)

1 Request on the grounds that it seeks confidential, proprietary and trade secret
2 information, including such information that has no bearing on the claims or
3 defenses in this action. Mattel further objects to this Request on the grounds that it
4 calls for the disclosure of information subject to the attorney-client privilege, the
5 attorney work-product doctrine and other applicable privileges. Mattel further
6 objects to this Request on the grounds this Request seeks information beyond the
7 possession, custody, or control of Mattel.

8 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9 **TO SHOULD BE COMPELLED**

10         Mattel has improperly limited its agreement to produce documents in
11 response to this request, subject to its improper boilerplate objections. Mattel has
12 refused to confirm whether or not it has produced all non-privileged responsive
13 documents or whether it is withholding documents based on its objections in Phase
14 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
15 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
16 Generic objections that fail to explain the basis for an objection with specificity are
17 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
18 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
19 'overly burdensome and harassing' are improper – especially when a party fails to
20 submit any evidentiary declarations supporting such objections"). Accordingly,
21 Mattel must be compelled either to certify that it has produced all non-privileged
22 responsive documents or to produce all such documents by a date certain.

23         To the extent that Mattel is relying on its blanket objections, they are
24 not sustainable and do not justify Mattel's failure to produce documents.

25

26

27 initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
1390794 at *1 (S.D. Cal. May 14, 2009).

28

1       As to overbreadth, Mattel provides no explanation, let alone the

2   required particularity, as to *why* this request is supposedly overly broad, nor can it

3   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

4   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5   contrary, the request is narrowly tailored to seek documents sufficient to show the

6   profits by Mattel from the sale to each customer by Mattel or its licensees of any

7   MY SCENE DOLL.

8       As to burden, Mattel has not attempted to demonstrate why responding

9   to this request and/or producing responsive documents presents any burden.  This

10  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

11  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12  request is unduly burdensome must allege specific facts which indicate the nature

13  and extent of the burden, usually by affidavit or other reliable evidence.")

14  Moreover, it is not unduly burdensome, as noted above, in that the request is

15  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16  has engaged in a broad variety of unfair trade practices including serial copying of

17  MGA products.  MGA is entitled to discovery on these claims.

18      This request does not seek documents protected by the attorney-client

19  privilege, the attorney work product doctrine, or other applicable privileges.  To the

20  extent that Mattel contends that it does, Mattel must provide a privilege log.

21      As for relevancy, Mattel has not attempted to demonstrate why

22  responding to this request and/or producing responsive documents is irrelevant to

23  the present action.  On the contrary, MGA has alleged that Mattel is engaged in

24  copying of MGA products, and MY SCENE is an example of one such product line.

25  MGA also seeks damages and profits derived by Mattel for its acts of false

26  designation of origin or affiliation, unfair competition and unfair business practices

27  and dilution.  A request to seek documents sufficient to show the profits by Mattel

28

1   from the sale to each customer by Mattel or its licensees of any MY SCENE DOLL

2   is therefore relevant to this action and MGA's claim.

3          Mattel objects that the request contains confidential, proprietary, and

4   trade secret information.  A Protective Order exists in this case, obviating any

5   concern as to protection of privacy rights and/or commercially sensitive

6   information.

7          None of Mattel's improper objections are valid and Mattel is obligated

8   to produce all non-privileged responsive documents in its possession, custody, or

9   control.

10   **MATTEL'S RESPONSE:**

11          Mattel's objections are timely and proper and should be sustained.  "A

12   trial court has a duty, of special significance in lengthy and complex cases where the

13   possibility of abuse is always present, to supervise and limit discovery to protect

14   parties and witnesses from annoyance and excessive expense."  Dolgow v.

15   Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

16   American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

17   Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

18   (same).

19          MGA's argument that it is entitled to these documents fails on the

20   merits.  MGA argues that "Mattel has not attempted to demonstrate why responding

21   to this request and/or producing responsive documents is irrelevant to the present

22   action."  However, the burden is not on Mattel to show irrelevancy.  Rather, MGA

23   must establish that its discovery meets the relevance requirements of Rule

24   26(b)(1).[1514]  MGA asserts that information for each customer who has ever

25

26

---

27   [1514]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

   Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28   (footnote continued)

1  purchased a MY SCENE doll about the profit from each sale is relevant because

2  MGA has alleged that Mattel is engaging in copying of MGA products, and seeks

3  damages for its false designation of origin, unfair competition, and dilution claims.

4  However, MGA does not explain why the revenue from individual customers is

5  relevant to these claims.  MGA has made no showing how this request is related to

6  the claims and defenses in this case.  "A trial court has a duty, of special

7  significance in lengthy and complex cases where the possibility of abuse is always

8  present, to supervise and limit discovery to protect parties and witnesses from

9  annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664

10  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

11  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

12  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

13  Discovery Master has held, a party may not propound document requests as part of a

14  fishing expedition or to discover new claims.[1515]  Rivera v. NIBCO, Inc., 364 F.3d

15  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

16  to engage in 'fishing expeditions.'").

17       Even if it were relevant, the Request is grossly overbroad.  The Request

18  seeks documents showing the profits received from each customer who has ever

19  purchased a MY SCENE product, even from purchases, products and customers that

20  do not relate to any of MGA's claims.

21       Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

22  that a Court should limit the extent of discovery if it determines that the burden of

23  the proposed discovery outweighs its likely benefit; the discovery sought is

24

25

26

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
   1390794 at *1 (S.D. Cal. 2009).

28

1   unreasonably cumulative or duplicative, or is obtainable from some other source that

2   is more convenient, less burdensome, or less expensive; or the party seeking

3   discovery has had ample opportunity by discovery in the action to obtain the

4   information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

5   producing the documents responsive to this overbroad Request would greatly

6   outweigh ███████████████████

7   ████████████████████████████

8   ████████████████████████████

9   ████████████████████████████

10  ██████████████████████████

11  ████████████████████████████

12  ████████████████████████████

13  ████████████████████████████

14  ████████████████████████████

15  ████████████████████

16          There is no basis for overruling Mattel's privilege objection.  MGA's

17  bald assertion that "[t]his request does not seek information protected by the

18  attorney-client privilege, the attorney work product doctrine, or other applicable

19  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

20  agreed that "all privileged documents would be logged except for documents created

21

22

23  ——————————————

24  [1515]   See Order Granting In Part and Denying In Part Mattel's Motion for

25  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

26  [1516]   See Pantel Dec. at ¶ 12.

27  [1517]   Id.

28  [1518]   Id.

1  after this action was filed on April 27, 2004."[1519]  Thus, to the extent  privileged

2  documents fall within the post lawsuit time period, they need not be included on

3  Mattel's log.

4           Finally, MGA failed to meet and confer at all, much less in good faith,

5  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

6  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

7  the moving party shall first identify each dispute, state the relief sought and identify

8  the authority supporting the requested relief in a meet and confer letter that shall be

9  served on all parties by facsimile or electronic mail. The parties shall have five court

10  days from the date of service of that letter to conduct an in-person conference to

11  attempt to resolve the dispute.").   At no point during the meet and confer process

12  did the parties discuss this Request or Mattel's response to it.[1520]  In order to engage

13  in a meaningful meet and confer, MGA had the burden to show the relevance of any

14  requests it sought to move on.[1521]   Because MGA refused to even attempt to make

15  this showing, there was no possibility of a good faith meet and confer to resolve the

16  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

17  this Request on that grounds alone.

18  **REQUEST FOR PRODUCTION NO. 707**

19           DOCUMENTS sufficient to show customer returns to YOU of MY

20  SCENE DOLLS sold or distributed by YOU or YOUR licensees.

21

22

23  [1519]   See Order Denying Mattel's Motion for Protective Order Limiting the
    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

24  3.

25  [1520]   See Webster Decl., ¶¶ 6-20.

    [1521]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. May 14, 2009).

28

1 | **RESPONSE TO REQUEST NO. 707:**

2 |        In addition to the general objections stated above which are

3 | incorporated herein by reference, Mattel objects to this Request on the grounds that

4 | it is overbroad and unduly burdensome, including in that it seeks all documents on

5 | this subject without limitation as to time, and regardless of whether such documents

6 | relate to products or matters at issue in this case.  Mattel further objects to the

7 | Request on the grounds that it seeks documents that are not relevant to this action or

8 | likely to lead to the discovery of admissible evidence.  Mattel further objects to this

9 | Request on the grounds that it seeks confidential, proprietary and trade secret

10 | information, including such information that has no bearing on the claims or

11 | defenses in this action.  Mattel further objects to this Request on the grounds that it

12 | calls for the disclosure of information subject to the attorney-client privilege, the

13 | attorney work-product doctrine and other applicable privileges.

14 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

15 | **TO SHOULD BE COMPELLED**

16 |        Mattel has improperly limited its agreement to produce documents in

17 | response to this request, subject to its improper boilerplate objections.  Mattel has

18 | refused to confirm whether or not it has produced all non-privileged responsive

19 | documents or whether it is withholding documents based on its objections in Phase

20 | 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

21 | must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

22 | Generic objections that fail to explain the basis for an objection with specificity are

23 | routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

24 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

25 | 'overly burdensome and harassing' are improper – especially when a party fails to

26 | submit any evidentiary declarations supporting such objections").  Accordingly,

27 | Mattel must be compelled either to certify that it has produced all non-privileged

28 | responsive documents or to produce all such documents by a date certain.

1     To the extent that Mattel is relying on its blanket objections, they are
2   not sustainable and do not justify Mattel's failure to produce documents.

3     As to overbreadth, Mattel provides no explanation, let alone the
4   required particularity, as to *why* this request is supposedly overly broad, nor can it
5   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
6   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
7   contrary, the request is narrowly tailored to seek documents sufficient to show
8   customer returns to Mattel of any MY SCENE DOLL sold or distributed by Mattel
9   or its licensees.

10    As to burden, Mattel has not attempted to demonstrate why responding
11  to this request and/or producing responsive documents presents any burden. This
12  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
13  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
14  request is unduly burdensome must allege specific facts which indicate the nature
15  and extent of the burden, usually by affidavit or other reliable evidence.")
16  Moreover, it is not unduly burdensome, as noted above, in that the request is
17  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
18  has engaged in a broad variety of unfair trade practices including serial copying of
19  MGA products. MGA is entitled to discovery on these claims.

20    This request does not seek documents protected by the attorney-client
21  privilege, the attorney work product doctrine, or other applicable privileges. To the
22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23    As for relevancy, Mattel has not attempted to demonstrate why
24  responding to this request and/or producing responsive documents is irrelevant to
25  the present action. On the contrary, MGA has alleged that Mattel is engaged in
26  copying of MGA products, and MY SCENE is an example of one such product line.
27  MGA also seeks damages and profits derived by Mattel for its acts of false
28  designation of origin or affiliation, unfair competition and unfair business practices

00505.07975/3161688.1

1   and dilution. A request to seek documents sufficient to show customer returns to
2   Mattel of any MY SCENE DOLL sold or distributed by Mattel or its licensees is
3   therefore relevant to this action and MGA's claim.

4        Mattel objects that the request contains confidential, proprietary, and
5   trade secret information. A Protective Order exists in this case, obviating any
6   concern as to protection of privacy rights and/or commercially sensitive
7   information.

8        None of Mattel's improper objections are valid and Mattel is obligated
9   to produce all non-privileged responsive documents in its possession, custody, or
10  control.

11  **MATTEL'S RESPONSE:**

12       MGA's argument that it is entitled to these documents fails on the
13  merits. MGA argues that "Mattel has not attempted to demonstrate why responding
14  to this request and/or producing responsive documents is irrelevant to the present
15  action." However, the burden is not on Mattel to show irrelevancy. Rather, MGA
16  must establish that its discovery meets the relevance requirements of Rule
17  26(b)(1).[1522] MGA asserts that documents sufficient to show customer returns of
18  MY SCENE dolls sold or distributed by Mattel or its licensees is relevant because
19  MGA has alleged that Mattel is engaging in copying of MGA products, and seeks
20  damages for its false designation of origin, unfair competition, and dilution claims.
21  However, MGA does not explain why customer returns of MY SCENE dolls is
22  relevant to these claims. MGA has made no showing how this request is related to
23  the claims and defenses in this case. "A trial court has a duty, of special

24

25     [1522] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
28  1390794 at *1 (S.D. Cal. 2009).

1  significance in lengthy and complex cases where the possibility of abuse is always

2  present, to supervise and limit discovery to protect parties and witnesses from

3  annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664

4  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

5  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

6  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

7  Discovery Master has held, a party may not propound document requests as part of a

8  fishing expedition or to discover new claims.[1523]  Rivera v. NIBCO, Inc., 364 F.3d

9  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

10  to engage in 'fishing expeditions.'").

11          Even if it were relevant, the Request is overbroad.  The Request seeks

12  documents showing the customer returns of all MY SCENE dolls, including

13  products that are at issue in MGA's complaint and regardless of whether those

14  returns have any relation to the case.

15          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

16  that a Court should limit the extent of discovery if it determines that the burden of

17  the proposed discovery outweighs its likely benefit; the discovery sought is

18  unreasonably cumulative or duplicative, or is obtainable from some other source that

19  is more convenient, less burdensome, or less expensive; or the party seeking

20  discovery has had ample opportunity by discovery in the action to obtain the

21  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

22  producing the documents responsive to this overbroad Request would greatly

23  outweigh any marginal benefit to MGA.

24

25

---

26  [1523]  See Order Granting In Part and Denying In Part Mattel's Motion for
   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

27  1.

28

1    There is no basis for overruling Mattel's privilege objection.  MGA's

2 bald assertion that "[t]his request does not seek information protected by the

3 attorney-client privilege, the attorney work product doctrine, or other applicable

4 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

5 agreed that "all privileged documents would be logged except for documents created

6 after this action was filed on April 27, 2004."[1524]  Thus, to the extent  privileged

7 documents fall within the post lawsuit time period, they need not be included on

8 Mattel's log.

9    Finally, MGA failed to meet and confer at all, much less in good faith,

10 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

11 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

12 the moving party shall first identify each dispute, state the relief sought and identify

13 the authority supporting the requested relief in a meet and confer letter that shall be

14 served on all parties by facsimile or electronic mail. The parties shall have five court

15 days from the date of service of that letter to conduct an in-person conference to

16 attempt to resolve the dispute.").   At no point during the meet and confer process

17 did the parties discuss this Request or Mattel's response to it.[1525]  In order to engage

18 in a meaningful meet and confer, MGA had the burden to show the relevance of any

19 requests it sought to move on.[1526]  Because MGA refused to even attempt to make

20 this showing, there was no possibility of a good faith meet and confer to resolve the

21

22

23  [1524]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

24  3.

25  [1525]   See Webster Decl., ¶¶ 6-20.
    [1526]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26 Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27 initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1 parties' disputes.  The Discovery Master should deny MGA's motion with respect to

2 this Request on that grounds alone.

3 **REQUEST FOR PRODUCTION NO. 708**

4       DOCUMENTS sufficient to show customer rebates or credits given by

5 YOU or YOUR licensees to customers in connection with MY SCENE DOLLS.

6 **RESPONSE TO REQUEST NO. 708:**

7       In addition to the general objections stated above which are

8 incorporated herein by reference, Mattel objects to this Request on the grounds that

9 it is overbroad and unduly burdensome, including in that it seeks all documents on

10 this subject without limitation as to time, and regardless of whether such documents

11 relate to products or matters at issue in this case.  Mattel further objects to this

12 Request on the grounds that it seeks confidential, proprietary and trade secret

13 information, including such information that has no bearing on the claims or

14 defenses in this action.  Mattel further objects to this Request on the grounds that it

15 calls for the disclosure of information subject to the attorney-client privilege, the

16 attorney work-product doctrine and other applicable privileges.  Mattel further

17 objects to this Request on the grounds this Request seeks information beyond the

18 possession, custody, or control of Mattel.

19 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

20 **TO SHOULD BE COMPELLED**

21       Mattel has improperly limited its agreement to produce documents in

22 response to this request, subject to its improper boilerplate objections.  Mattel has

23 refused to confirm whether or not it has produced all non-privileged responsive

24 documents or whether it is withholding documents based on its objections in Phase

25 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

26 must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

27 Generic objections that fail to explain the basis for an objection with specificity are

28 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

1   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

2   'overly burdensome and harassing' are improper – especially when a party fails to

3   submit any evidentiary declarations supporting such objections").  Accordingly,

4   Mattel must be compelled either to certify that it has produced all non-privileged

5   responsive documents or to produce all such documents by a date certain.

6        To the extent that Mattel is relying on its blanket objections, they are

7   not sustainable and do not justify Mattel's failure to produce documents.

8        As to overbreadth, Mattel provides no explanation, let alone the

9   required particularity, as to *why* this request is supposedly overly broad, nor can it

10  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

11  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12  contrary, the request is narrowly tailored to seek documents sufficient to show

13  customer rebates or credits given by Mattel or its licensees in connection with the

14  MY SCENE DOLLS.

15       As to burden, Mattel has not attempted to demonstrate why responding

16  to this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

18  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.")

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23  has engaged in a broad variety of unfair trade practices including serial copying of

24  MGA products.  MGA is entitled to discovery on these claims.

25       This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

As for relevancy, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents is irrelevant to the present action. On the contrary, MGA has alleged that Mattel is engaged in copying of MGA products, and MY SCENE is an example of one such product line. MGA also seeks damages and profits derived by Mattel for its acts of false designation of origin or affiliation, unfair competition and unfair business practices and dilution.

A request to seek documents sufficient to show customer rebates or credits given by Mattel or its licensees in connection with the MY SCENE DOLLS is therefore relevant to this action and MGA's claim.

Mattel objects that the request contains confidential, proprietary, and trade secret information. A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

## MATTEL'S RESPONSE:

MGA's argument that it is entitled to these documents fails on the merits. MGA argues that "Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents is irrelevant to the present action." However, the burden is not on Mattel to show irrelevancy. Rather, MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1).[1527] MGA asserts that documents sufficient to show customer rebates or

---

[1527] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an (footnote continued)

1  credits given by Mattel or its licensees in connection with MY SCENE dolls is

2  relevant because MGA has alleged that Mattel is engaging in copying of MGA

3  products, and seeks damages for its false designation of origin, unfair competition,

4  and dilution claims.  However, MGA does not explain why customer rebates of MY

5  SCENE dolls is relevant to these claims.  MGA has made no showing how this

6  request is related to the claims and defenses in this case.  "A trial court has a duty, of

7  special significance in lengthy and complex cases where the possibility of abuse is

8  always present, to supervise and limit discovery to protect parties and witnesses

9  from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664

10  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

11  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

12  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

13  Discovery Master has held, a party may not propound document requests as part of a

14  fishing expedition or to discover new claims.[1528]  Rivera v. NIBCO, Inc., 364 F.3d

15  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

16  to engage in 'fishing expeditions.'").

17       Even if it were relevant, the Request is overbroad.  The Request seeks

18  documents showing the customer rebates and credits of all MY SCENE dolls,

19  including products not at issue in MGA's complaint, and regardless of whether those

20  rebates have any relation to the case.

21       Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

22  that a Court should limit the extent of discovery if it determines that the burden of

23  the proposed discovery outweighs its likely benefit; the discovery sought is

24

25

26

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
   1390794 at *1 (S.D. Cal. 2009).

28

1  unreasonably cumulative or duplicative, or is obtainable from some other source that

2  is more convenient, less burdensome, or less expensive; or the party seeking

3  discovery has had ample opportunity by discovery in the action to obtain the

4  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

5  producing the documents responsive to this overbroad Request would greatly

6  outweigh any marginal benefit to MGA.

7  ████████████████████████████

8  ██████████████████████████████████

9  █████████████████████████████████

10 █████████████████████████████████

11 ███████████████████████████████

12 ██████████████████████████████

13 █████████████████████████████████

14 ████████████████████████████

15 ██████████████████████

16          There is no basis for overruling Mattel's privilege objection.  MGA's

17 bald assertion that "[t]his request does not seek information protected by the

18 attorney-client privilege, the attorney work product doctrine, or other applicable

19 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

20 agreed that "all privileged documents would be logged except for documents created

21

22

23

24  [1528]  See Order Granting In Part and Denying In Part Mattel's Motion for
25  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
    1.
26  [1529]  See Pantel Dec. at ¶ 12.
    [1530]  Id.
27  [1531]  Id.

28

1  after this action was filed on April 27, 2004."[1532]  Thus, to the extent  privileged

2  documents fall within the post lawsuit time period, they need not be included on

3  Mattel's log.

4          Finally, MGA failed to meet and confer at all, much less in good faith,

5  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

6  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

7  the moving party shall first identify each dispute, state the relief sought and identify

8  the authority supporting the requested relief in a meet and confer letter that shall be

9  served on all parties by facsimile or electronic mail. The parties shall have five court

10  days from the date of service of that letter to conduct an in-person conference to

11  attempt to resolve the dispute.").   At no point during the meet and confer process

12  did the parties discuss this Request or Mattel's response to it.[1533]  In order to engage

13  in a meaningful meet and confer, MGA had the burden to show the relevance of any

14  requests it sought to move on.[1534]   Because MGA refused to even attempt to make

15  this showing, there was no possibility of a good faith meet and confer to resolve the

16  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

17  this Request on that grounds alone.

18  **REQUEST FOR PRODUCTION NO. 709**

19          DOCUMENTS sufficient to show, by product number or SKU, the

20  number of units of each MY SCENE DOLL sold by YOU or YOUR licensees.

21

22  _____

23  [1532]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

24  3.

[1533]  See Webster Decl., ¶¶ 6-20.

25  [1534]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

**RESPONSE TO REQUEST NO. 709:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds this Request seeks information beyond the possession, custody, or control of Mattel.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly,

00505.07975/3161688.1

-742-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN)

1    Mattel must be compelled either to certify that it has produced all non-privileged

2    responsive documents or to produce all such documents by a date certain.

3         To the extent that Mattel is relying on its blanket objections, they are

4    not sustainable and do not justify Mattel's failure to produce documents.

5         As to overbreadth, Mattel provides no explanation, let alone the

6    required particularity, as to *why* this request is supposedly overly broad, nor can it

7    do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

8    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

9    contrary, the request is narrowly tailored to seek documents sufficient to show, by

10   product number or SKU, the number of units of each MY SCENE DOLLS sold by

11   Mattel or its licensees.

12        As to burden, Mattel has not attempted to demonstrate why responding

13   to this request and/or producing responsive documents presents any burden. This

14   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

15   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16   request is unduly burdensome must allege specific facts which indicate the nature

17   and extent of the burden, usually by affidavit or other reliable evidence.")

18   Moreover, it is not unduly burdensome, as noted above, in that the request is

19   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

20   has engaged in a broad variety of unfair trade practices including serial copying of

21   MGA products. MGA is entitled to discovery on these claims.

22        This request does not seek documents protected by the attorney-client

23   privilege, the attorney work product doctrine, or other applicable privileges. To the

24   extent that Mattel contends that it does, Mattel must provide a privilege log.

25        As for relevancy, Mattel has not attempted to demonstrate why

26   responding to this request and/or producing responsive documents is irrelevant to

27   the present action. On the contrary, MGA has alleged that Mattel is engaged in

28   copying of MGA products, and MY SCENE is an example of one such product line.

1   MGA also seeks damages and profits derived by Mattel for its acts of false

2   designation of origin or affiliation, unfair competition and unfair business practices

3   and dilution.  A request to seek documents sufficient to show, by product number or

4   SKU, the number of units of each MY SCENE DOLLS sold by Mattel or its

5   licensees is therefore relevant to this action and MGA's claim.

6          Mattel objects that the request contains confidential, proprietary, and

7   trade secret information.  A Protective Order exists in this case, obviating any

8   concern as to protection of privacy rights and/or commercially sensitive

9   information.

10         None of Mattel's improper objections are valid and Mattel is obligated

11  to produce all non-privileged responsive documents in its possession, custody, or

12  control.

13  **MATTEL'S RESPONSE:**

14         MGA's argument that it is entitled to these documents fails on the

15  merits.  MGA argues that "Mattel has not attempted to demonstrate why responding

16  to this request and/or producing responsive documents is irrelevant to the present

17  action."  However, the burden is not on Mattel to show irrelevancy.  Rather, MGA

18  must establish that its discovery meets the relevance requirements of Rule

19  26(b)(1).[1535]  MGA asserts that documents sufficient to show the number of units of

20  each MY SCENE doll sold by Mattel and its licensees is relevant because MGA has

21  alleged that Mattel is engaging in copying of MGA products, and seeks damages for

22  its false designation of origin, unfair competition, and dilution claims.  However,

23  MGA does not explain why the number of MY SCENE units sold is relevant to

24

---

25  [1535]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. 2009).

28

1   these claims.  MGA has made no showing how this request is related to the claims

2   and defenses in this case.  "A trial court has a duty, of special significance in lengthy

3   and complex cases where the possibility of abuse is always present, to supervise and

4   limit discovery to protect parties and witnesses from annoyance and excessive

5   expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also

6   Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36

7   (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

8   1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

9   party may not propound document requests as part of a fishing expedition or to

10  discover new claims.[1536]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

11  2004) ("District courts need not condone the use of discovery to engage in 'fishing

12  expeditions.'").

13          Even if it were relevant, the Request is overbroad.  The Request seeks

14  documents showing the number of units of each MY SCENE doll sold by Mattel or

15  its licensees, including products not at issue in MGA's complaint, and regardless of

16  whether those products or sales numbers have any relation to the case.

17          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

18  that a Court should limit the extent of discovery if it determines that the burden of

19  the proposed discovery outweighs its likely benefit; the discovery sought is

20  unreasonably cumulative or duplicative, or is obtainable from some other source that

21  is more convenient, less burdensome, or less expensive; or the party seeking

22  discovery has had ample opportunity by discovery in the action to obtain the

23  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

---

[1536]  See Order Granting In Part and Denying In Part Mattel's Motion for
Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
1.

1 producing the documents responsive to this overbroad Request would greatly

2 outweigh any marginal benefit to MGA.



11       There is no basis for overruling Mattel's privilege objection. MGA's

12 bald assertion that "[t]his request does not seek information protected by the

13 attorney-client privilege, the attorney work product doctrine, or other applicable

14 privileges" has no merit. Moreover, as MGA has itself argued, the parties have

15 agreed that "all privileged documents would be logged except for documents created

16 after this action was filed on April 27, 2004."[1540] Thus, to the extent privileged

17 documents fall within the post lawsuit time period, they need not be included on

18 Mattel's log.

19       Finally, MGA failed to meet and confer at all, much less in good faith,

20 regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

21 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

22 the moving party shall first identify each dispute, state the relief sought and identify

23

---

24 [1537] See Pantel Dec. at ¶ 12.

25 [1538] Id.

[1539] Id.

26 [1540] See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1    the authority supporting the requested relief in a meet and confer letter that shall be

2    served on all parties by facsimile or electronic mail. The parties shall have five court

3    days from the date of service of that letter to conduct an in-person conference to

4    attempt to resolve the dispute.").   At no point during the meet and confer process

5    did the parties discuss this Request or Mattel's response to it.[1541]   In order to engage

6    in a meaningful meet and confer, MGA had the burden to show the relevance of any

7    requests it sought to move on.[1542]   Because MGA refused to even attempt to make

8    this showing, there was no possibility of a good faith meet and confer to resolve the

9    parties' disputes.  The Discovery Master should deny MGA's motion with respect to

10   this Request on that grounds alone.

11   **REQUEST FOR PRODUCTION NO. 710**

12          DOCUMENTS sufficient to show, by product number or SKU, the

13   revenue received by YOU from the sale of each MY SCENE DOLL sold by YOU

14   or YOUR licensees.

15   **RESPONSE TO REQUEST NO. 710:**

16          In addition to the general objections stated above which are

17   incorporated herein by reference, Mattel objects to this Request on the grounds that

18   it is overbroad and unduly burdensome, including in that it seeks all documents on

19   this subject without limitation as to time, and regardless of whether such documents

20   relate to products or matters at issue in this case.  Mattel further objects to the

21   Request on the grounds that it seeks documents that are not relevant to this action or

22   likely to lead to the discovery of admissible evidence.  Mattel further objects to this

23   Request on the grounds that it seeks confidential, proprietary and trade secret

24

25

26   [1541]  See Webster Decl., ¶¶ 6-20.

27   [1542]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
     Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28   (footnote continued)

1   information, including such information that has no bearing on the claims or

2   defenses in this action.  Mattel further objects to this Request on the grounds that it

3   calls for the disclosure of information subject to the attorney-client privilege, the

4   attorney work-product doctrine and other applicable privileges.  Mattel further

5   objects to this Request on the grounds this Request seeks information beyond the

6   possession, custody, or control of Mattel.

7   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

8   **TO SHOULD BE COMPELLED**

9           Mattel has improperly limited its agreement to produce documents in

10  response to this request, subject to its improper boilerplate objections.  Mattel has

11  refused to confirm whether or not it has produced all non-privileged responsive

12  documents or whether it is withholding documents based on its objections in Phase

13  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

14  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

15  Generic objections that fail to explain the basis for an objection with specificity are

16  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

17  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

18  'overly burdensome and harassing' are improper – especially when a party fails to

19  submit any evidentiary declarations supporting such objections").  Accordingly,

20  Mattel must be compelled either to certify that it has produced all non-privileged

21  responsive documents or to produce all such documents by a date certain.

22          To the extent that Mattel is relying on its blanket objections, they are

23  not sustainable and do not justify Mattel's failure to produce documents.

24          As to overbreadth, Mattel provides no explanation, let alone the

25  required particularity, as to **why** this request is supposedly overly broad, nor can it

26

27  _____

28  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
            (footnote continued)

1   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

2   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

3   contrary, the request is narrowly tailored to seek documents sufficient to show, by

4   product number or SKU, the revenue received by Mattel from the sale of each MY

5   SCENE DOLLS sold by Mattel or its licensees.

6          As to burden, Mattel has not attempted to demonstrate why responding

7   to this request and/or producing responsive documents presents any burden.  This

8   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

9   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10  request is unduly burdensome must allege specific facts which indicate the nature

11  and extent of the burden, usually by affidavit or other reliable evidence.")

12  Moreover, it is not unduly burdensome, as noted above, in that the request is

13  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

14  has engaged in a broad variety of unfair trade practices including serial copying of

15  MGA products.  MGA is entitled to discovery on these claims.

16         This request does not seek documents protected by the attorney-client

17  privilege, the attorney work product doctrine, or other applicable privileges.  To the

18  extent that Mattel contends that it does, Mattel must provide a privilege log.

19         As for relevancy, Mattel has not attempted to demonstrate why

20  responding to this request and/or producing responsive documents is irrelevant to

21  the present action.  On the contrary, MGA has alleged that Mattel is engaged in

22  copying of MGA products, and MY SCENE is an example of one such product line.

23  MGA also seeks damages and profits derived by Mattel for its acts of false

24  designation of origin or affiliation, unfair competition and unfair business practices

25  and dilution.  A request to seek documents sufficient to show, by product number or

26

27  1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  SKU, the revenue received by Mattel from the sale of each MY SCENE DOLLS

2  sold by Mattel or its licensees is therefore relevant to this action and MGA's claim.

3      Mattel objects that the request contains confidential, proprietary, and

4  trade secret information.  A Protective Order exists in this case, obviating any

5  concern as to protection of privacy rights and/or commercially sensitive

6  information.

7      None of Mattel's improper objections are valid and Mattel is obligated

8  to produce all non-privileged responsive documents in its possession, custody, or

9  control.

10  **MATTEL'S RESPONSE:**

11      MGA's argument that it is entitled to these documents fails on the

12  merits.  MGA argues that "Mattel has not attempted to demonstrate why responding

13  to this request and/or producing responsive documents is irrelevant to the present

14  action."  However, the burden is not on Mattel to show irrelevancy.  Rather, MGA

15  must establish that its discovery meets the relevance requirements of Rule

16  26(b)(1).[1543]  MGA asserts that documents sufficient to show the revenue received

17  by Mattel from each sale of MY SCENE dolls sold by Mattel and its licensees is

18  relevant because MGA has alleged that Mattel is engaging in copying of MGA

19  products, and seeks damages for its false designation of origin, unfair competition,

20  and dilution claims.  However, MGA does not explain why the revenue from each

21  individual sale is relevant to these claims.  MGA has made no showing how this

22  request is related to the claims and defenses in this case.  "A trial court has a duty, of

23  special significance in lengthy and complex cases where the possibility of abuse is

24

25  [1543]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

1    always present, to supervise and limit discovery to protect parties and witnesses

2    from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664

3    (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

4    F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

5    Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

6    Discovery Master has held, a party may not propound document requests as part of a

7    fishing expedition or to discover new claims.[1544]  Rivera v. NIBCO, Inc., 364 F.3d

8    1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

9    to engage in 'fishing expeditions.'").

10            Even if it were relevant, the Request is overbroad.  The Request seeks

11   documents showing the revenue from each individual sale of a MY SCENE doll

12   sold by Mattel or its licensees,including products not at issue in MGA's complaint,

13   and regardless of whether those products or individual customer sales have any

14   relation to the case.

15            Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

16   that a Court should limit the extent of discovery if it determines that the burden of

17   the proposed discovery outweighs its likely benefit; the discovery sought is

18   unreasonably cumulative or duplicative, or is obtainable from some other source that

19   is more convenient, less burdensome, or less expensive; or the party seeking

20   discovery has had ample opportunity by discovery in the action to obtain the

21   information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

22   producing the documents responsive to this overbroad Request would greatly

23   outweigh any marginal benefit to MGA.

24

25
_____

26   [1544]   See Order Granting In Part and Denying In Part Mattel's Motion for

27   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
1.

28



10   There is no basis for overruling Mattel's privilege objection.  MGA's

11   bald assertion that "[t]his request does not seek information protected by the

12   attorney-client privilege, the attorney work product doctrine, or other applicable

13   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

14   agreed that "all privileged documents would be logged except for documents created

15   after this action was filed on April 27, 2004."[1548]  Thus, to the extent  privileged

16   documents fall within the post lawsuit time period, they need not be included on

17   Mattel's log.

18   Finally, MGA failed to meet and confer at all, much less in good faith,

19   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

20   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

21   the moving party shall first identify each dispute, state the relief sought and identify

22   the authority supporting the requested relief in a meet and confer letter that shall be

---

[1545]   See Pantel Dec. at ¶ 12.
[1546]   Id.
[1547]   Id.
[1548]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1 | served on all parties by facsimile or electronic mail. The parties shall have five court
2 | days from the date of service of that letter to conduct an in-person conference to
3 | attempt to resolve the dispute.").   At no point during the meet and confer process
4 | did the parties discuss this Request or Mattel's response to it.[1549]   In order to engage
5 | in a meaningful meet and confer, MGA had the burden to show the relevance of any
6 | requests it sought to move on.[1550]   Because MGA refused to even attempt to make
7 | this showing, there was no possibility of a good faith meet and confer to resolve the
8 | parties' disputes.  The Discovery Master should deny MGA's motion with respect to
9 | this Request on that grounds alone.

## REQUEST FOR PRODUCTION NO. 711

DOCUMENTS sufficient to show, by product number or SKU, YOUR cost of goods sold, unit cost and other costs for each MY SCENE DOLL sold by YOU or YOUR licensees.

## RESPONSE TO REQUEST NO. 711:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the use of the terms "cost of goods sold, unit cost and other costs" in this context as vague and ambiguous.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it

---

[1549] See Webster Decl., ¶¶ 6-20.
[1550] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an (footnote continued)

1  seeks confidential, proprietary and trade secret information, including such
2  information that has no bearing on the claims or defenses in this action. Mattel
3  further objects to this Request on the grounds that it calls for the disclosure of
4  information subject to the attorney-client privilege, the attorney work-product
5  doctrine and other applicable privileges. Mattel further objects to this Request on
6  the grounds this Request seeks information beyond the possession, custody, or
7  control of Mattel.

8  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9  **TO SHOULD BE COMPELLED**

10         Mattel has improperly limited its agreement to produce documents in
11  response to this request, subject to its improper boilerplate objections. Mattel has
12  refused to confirm whether or not it has produced all non-privileged responsive
13  documents or whether it is withholding documents based on its objections in Phase
14  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
15  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
16  Generic objections that fail to explain the basis for an objection with specificity are
17  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
18  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
19  'overly burdensome and harassing' are improper – especially when a party fails to
20  submit any evidentiary declarations supporting such objections"). Accordingly,
21  Mattel must be compelled either to certify that it has produced all non-privileged
22  responsive documents or to produce all such documents by a date certain.

23         To the extent that Mattel is relying on its blanket objections, they are
24  not sustainable and do not justify Mattel's failure to produce documents.

25

26  ———————————————

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. May 14, 2009).
28

1    As to overbreadth, Mattel provides no explanation, let alone the

2    required particularity, as to *why* this request is supposedly overly broad, nor can it

3    do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

4    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

5    contrary, the request is narrowly tailored to seek documents sufficient to show, by

6    product number or SKU, Mattel's cost of goods sold, unit cost and other costs for

7    each MY SCENE DOLL sold by Mattel or its licensees.

8    As to burden, Mattel has not attempted to demonstrate why responding

9    to this request and/or producing responsive documents presents any burden. This

10   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

11   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12   request is unduly burdensome must allege specific facts which indicate the nature

13   and extent of the burden, usually by affidavit or other reliable evidence.")

14   Moreover, it is not unduly burdensome, as noted above, in that the request is

15   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

16   has engaged in a broad variety of unfair trade practices including serial copying of

17   MGA products. MGA is entitled to discovery on these claims.

18   This request does not seek documents protected by the attorney-client

19   privilege, the attorney work product doctrine, or other applicable privileges. To the

20   extent that Mattel contends that it does, Mattel must provide a privilege log.

21   As for relevancy, Mattel has not attempted to demonstrate why

22   responding to this request and/or producing responsive documents is irrelevant to

23   the present action. On the contrary, MGA has alleged that Mattel is engaged in

24   copying of MGA products, and MY SCENE is an example of one such product line.

25   MGA also seeks damages and profits derived by Mattel for its acts of false

26   designation of origin or affiliation, unfair competition and unfair business practices

27   and dilution. A request to seek documents sufficient to show, by product number or

28   SKU, Mattel's cost of goods sold, unit cost and other costs for each MY SCENE

1  DOLL sold by Mattel or its licensees is therefore relevant to this action and MGA's

2  claim.

3      Mattel objects that the request contains confidential, proprietary, and

4  trade secret information.  A Protective Order exists in this case, obviating any

5  concern as to protection of privacy rights and/or commercially sensitive

6  information.

7      None of Mattel's improper objections are valid and Mattel is obligated

8  to produce all non-privileged responsive documents in its possession, custody, or

9  control.

10  **MATTEL'S RESPONSE:**

11      MGA's argument that it is entitled to these documents fails on the

12  merits.  MGA argues that "Mattel has not attempted to demonstrate why responding

13  to this request and/or producing responsive documents is irrelevant to the present

14  action."  However, the burden is not on Mattel to show irrelevancy.  Rather, MGA

15  must establish that its discovery meets the relevance requirements of Rule

16  26(b)(1).[1551]  MGA asserts that documents sufficient to show the cost of goods sold,

17  unit costs, and other costs for each MY SCENE doll sold by Mattel and its licensees

18  is relevant because MGA has alleged that Mattel is engaging in copying of MGA

19  products, and seeks damages for its false designation of origin, unfair competition,

20  and dilution claims.  However, MGA does not explain why the cost for each MY

21  SCENE doll sold is relevant to these claims.  MGA has made no showing how this

22  request is related to the claims and defenses in this case.  "A trial court has a duty, of

23  special significance in lengthy and complex cases where the possibility of abuse is

24

25      [1551]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

    1390794 at *1 (S.D. Cal. 2009).

28

1  always present, to supervise and limit discovery to protect parties and witnesses

2  from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664

3  (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559

4  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste</u>

5  <u>Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

6  Discovery Master has held, a party may not propound document requests as part of a

7  fishing expedition or to discover new claims.[1552]  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d

8  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

9  to engage in 'fishing expeditions.'").

10       Even if it were relevant, the Request is overbroad.  The Request seeks

11  DOCUMENTS sufficient to show, by product number or SKU, YOUR cost of

12  goods sold, unit cost and other costs for each MY SCENE DOLL sold by YOU or

13  YOUR licensees, including products not at issue in MGA's complaint and regardless

14  of whether those products, costs, or sales have any relation to the case.

15       Further, this Request is unduly burdensome.  <u>Rule 26(b)(2)(c)</u> provides

16  that a Court should limit the extent of discovery if it determines that the burden of

17  the proposed discovery outweighs its likely benefit; the discovery sought is

18  unreasonably cumulative or duplicative, or is obtainable from some other source that

19  is more convenient, less burdensome, or less expensive; or the party seeking

20  discovery has had ample opportunity by discovery in the action to obtain the

21  information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and

22  producing the documents responsive to this overbroad Request would greatly

23  outweigh any marginal benefit to MGA.

24

25  _____

26  [1552]  <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
   1.

28



There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[1556]  Thus, to the extent  privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be

---

[1553]   See Pantel Dec. at ¶ 12.
[1554]   Id.
[1555]   Id.
[1556]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1 served on all parties by facsimile or electronic mail. The parties shall have five court

2 days from the date of service of that letter to conduct an in-person conference to

3 attempt to resolve the dispute."). At no point during the meet and confer process

4 did the parties discuss this Request or Mattel's response to it.[1557] In order to engage

5 in a meaningful meet and confer, MGA had the burden to show the relevance of any

6 requests it sought to move on.[1558] Because MGA refused to even attempt to make

7 this showing, there was no possibility of a good faith meet and confer to resolve the

8 parties' disputes. The Discovery Master should deny MGA's motion with respect to

9 this Request on that grounds alone.

10 **REQUEST FOR PRODUCTION NO. 712**

11  All DOCUMENTS REFERRING OR RELATING TO YOUR profits,

12 by product number or SKU, from the sale of each MY SCENE DOLL sold by YOU

13 or YOUR licensees.

14 **RESPONSE TO REQUEST NO. 712:**

15  In addition to the general objections stated above which are

16 incorporated herein by reference, Mattel objects to this Request on the grounds that

17 it is overbroad and unduly burdensome, including in that it seeks all documents on

18 this subject without limitation as to time, and regardless of whether such documents

19 relate to products or matters at issue in this case. Mattel further objects to the

20 Request on the grounds that it seeks documents that are not relevant to this action or

21 likely to lead to the discovery of admissible evidence. Mattel further objects to this

22 Request on the grounds that it seeks confidential, proprietary and trade secret

23 information, including such information that has no bearing on the claims or

---

[1557] See Webster Decl., ¶¶ 6-20.

[1558] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
(footnote continued)

1   defenses in this action.  Mattel further objects to this Request on the grounds that it

2   calls for the disclosure of information subject to the attorney-client privilege, the

3   attorney work-product doctrine and other applicable privileges.  Mattel further

4   objects to this Request on the grounds this Request seeks information beyond the

5   possession, custody, or control of Mattel.

6   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

7   **TO SHOULD BE COMPELLED**

8          Mattel has improperly limited its agreement to produce documents in

9   response to this request, subject to its improper boilerplate objections.  Mattel has

10  refused to confirm whether or not it has produced all non-privileged responsive

11  documents or whether it is withholding documents based on its objections in Phase

12  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

13  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

14  Generic objections that fail to explain the basis for an objection with specificity are

15  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

16  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

17  'overly burdensome and harassing' are improper – especially when a party fails to

18  submit any evidentiary declarations supporting such objections").  Accordingly,

19  Mattel must be compelled either to certify that it has produced all non-privileged

20  responsive documents or to produce all such documents by a date certain.

21          To the extent that Mattel is relying on its blanket objections, they are

22  not sustainable and do not justify Mattel's failure to produce documents.

23          As to overbreadth, Mattel provides no explanation, let alone the

24  required particularity, as to *why* this request is supposedly overly broad, nor can it

25  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

26

27  _____

    initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
28      (footnote continued)

1 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2 | contrary, the request is narrowly tailored to seek documents related to Mattel's

3 | profits, by product number or SKU, from the sale of each MY SCENE DOLL sold

4 | by Mattel or its licensees.

5 |          As to burden, Mattel has not attempted to demonstrate why responding

6 | to this request and/or producing responsive documents presents any burden.  This

7 | objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

8 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9 | request is unduly burdensome must allege specific facts which indicate the nature

10 | and extent of the burden, usually by affidavit or other reliable evidence.")

11 | Moreover, it is not unduly burdensome, as noted above, in that the request is

12 | narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

13 | has engaged in a broad variety of unfair trade practices including serial copying of

14 | MGA products.  MGA is entitled to discovery on these claims.

15 |          This request does not seek documents protected by the attorney-client

16 | privilege, the attorney work product doctrine, or other applicable privileges.  To the

17 | extent that Mattel contends that it does, Mattel must provide a privilege log.

18 |          As for relevancy, Mattel has not attempted to demonstrate why

19 | responding to this request and/or producing responsive documents is irrelevant to

20 | the present action.  On the contrary, MGA has alleged that Mattel is engaged in

21 | copying of MGA products, and MY SCENE is an example of one such product line.

22 | MGA also seeks damages and profits derived by Mattel for its acts of false

23 | designation of origin or affiliation, unfair competition and unfair business practices

24 | and dilution.

25 |

26 |

27 | 1390794 at *1 (S.D. Cal. May 14, 2009).

28 |

1    A request to seek documents related to Mattel's profits, by product

2 number or SKU, from the sale of each MY SCENE DOLL sold by Mattel or its

3 licensees is therefore relevant to this action and MGA's claim.

4    Mattel objects that the request contains confidential, proprietary, and

5 trade secret information. A Protective Order exists in this case, obviating any

6 concern as to protection of privacy rights and/or commercially sensitive

7 information.

8    None of Mattel's improper objections are valid and Mattel is obligated

9 to produce all non-privileged responsive documents in its possession, custody, or

10 control.

11 **MATTEL'S RESPONSE:**

12    MGA's argument that it is entitled to these documents fails on the

13 merits. MGA argues that "Mattel has not attempted to demonstrate why responding

14 to this request and/or producing responsive documents is irrelevant to the present

15 action." However, the burden is not on Mattel to show irrelevancy. Rather, MGA

16 must establish that its discovery meets the relevance requirements of <u>Rule</u>

17 <u>26(b)(1)</u>.[1559] MGA asserts that documents sufficient to show the profit from the sale

18 of each MY SCENE doll is relevant because MGA has alleged that Mattel is

19 engaging in copying of MGA products, and seeks damages for its false designation

20 of origin, unfair competition, and dilution claims. However, MGA does not explain

21 why the profits from for each and every MY SCENE doll sale is relevant to these

22 claims. MGA has made no showing how this request is related to the claims and

23 defenses in this case. "A trial court has a duty, of special significance in lengthy and

24

25    [1559] <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26 Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27 initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL

28 1390794 at *1 (S.D. Cal. 2009).

1   complex cases where the possibility of abuse is always present, to supervise and

2   limit discovery to protect parties and witnesses from annoyance and excessive

3   expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also

4   Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36

5   (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

6   1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

7   party may not propound document requests as part of a fishing expedition or to

8   discover new claims.[1560]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

9   2004) ("District courts need not condone the use of discovery to engage in 'fishing

10  expeditions.'").

11          Even if it were relevant, the Request is overbroad.  The Request seeks

12  all DOCUMENTS REFERRING OR RELATING TO YOUR profits, by product

13  number or SKU, from the sale of each MY SCENE DOLL sold by YOU or YOUR

14  licensees, including products not at issue in MGA's complaint, and regardless of

15  whether those profits or sales have any relation to the case.

16          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

17  that a Court should limit the extent of discovery if it determines that the burden of

18  the proposed discovery outweighs its likely benefit; the discovery sought is

19  unreasonably cumulative or duplicative, or is obtainable from some other source that

20  is more convenient, less burdensome, or less expensive; or the party seeking

21  discovery has had ample opportunity by discovery in the action to obtain the

22  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

23  producing the documents responsive to this overbroad Request would greatly

24  outweigh any marginal benefit to MGA.

25

26  [1560]  See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
    1.

28



There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[1564]  Thus, to the extent  privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be

---

[1561]   See Pantel Dec. at ¶ 12.
[1562]   Id.
[1563]   Id.
[1564]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1  served on all parties by facsimile or electronic mail. The parties shall have five court

2  days from the date of service of that letter to conduct an in-person conference to

3  attempt to resolve the dispute.").   At no point during the meet and confer process

4  did the parties discuss this Request or Mattel's response to it.[1565]  In order to engage

5  in a meaningful meet and confer, MGA had the burden to show the relevance of any

6  requests it sought to move on.[1566]   Because MGA refused to even attempt to make

7  this showing, there was no possibility of a good faith meet and confer to resolve the

8  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

9  this Request on that grounds alone.

10  **REQUEST FOR PRODUCTION NO. 713**

11          For each customer to whom YOU or YOUR licensees have ever sold

12  any MY SCENE DOLL, DOCUMENTS sufficient to show, by product number or

13  SKU, the number of units of each such MY SCENE DOLL sold by YOU or YOUR

14  licensees to that customer.

15  **RESPONSE TO REQUEST NO. 713:**

16          In addition to the general objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it is overbroad and unduly burdensome, including in that it seeks all documents on

19  this subject without limitation as to time, and regardless of whether such documents

20  relate to products or matters at issue in this case.  Mattel further objects to the

21  Request on the grounds that it seeks documents that are not relevant to this action or

22  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

23  Request on the grounds that it seeks confidential, proprietary and trade secret

24

25

---

26  [1565]  See Webster Decl., ¶¶ 6-20.

27  [1566]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
    Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28  (footnote continued)

1  information, including such information that has no bearing on the claims or

2  defenses in this action.  Mattel further objects to this Request on the grounds that it

3  calls for the disclosure of information subject to the attorney-client privilege, the

4  attorney work-product doctrine and other applicable privileges.  Mattel further

5  objects to this Request on the grounds this Request seeks information beyond the

6  possession, custody, or control of Mattel.

7  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

8  **TO SHOULD BE COMPELLED**

9        Mattel has improperly limited its agreement to produce documents in

10  response to this request, subject to its improper boilerplate objections.  Mattel has

11  refused to confirm whether or not it has produced all non-privileged responsive

12  documents or whether it is withholding documents based on its objections in Phase

13  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

14  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

15  Generic objections that fail to explain the basis for an objection with specificity are

16  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

17  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

18  'overly burdensome and harassing' are improper – especially when a party fails to

19  submit any evidentiary declarations supporting such objections").  Accordingly,

20  Mattel must be compelled either to certify that it has produced all non-privileged

21  responsive documents or to produce all such documents by a date certain.

22        To the extent that Mattel is relying on its blanket objections, they are

23  not sustainable and do not justify Mattel's failure to produce documents.

24        As to overbreadth, Mattel provides no explanation, let alone the

25  required particularity, as to *why* this request is supposedly overly broad, nor can it

26  

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

28      (footnote continued)

00505.07975/3161688.1

do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents sufficient to show, by product number or SKU, for each customer, the number of units of each MY SCENE DOLL sold by Mattel or its licensees.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

As for relevancy, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents is irrelevant to the present action.  On the contrary, MGA has alleged that Mattel is engaged in copying of MGA products, and MY SCENE is an example of one such product line.  MGA also seeks damages and profits derived by Mattel for its acts of false designation of origin or affiliation, unfair competition and unfair business practices and dilution.  A request to seek documents sufficient to show, by product number or

---

1390794 at *1 (S.D. Cal. May 14, 2009).

1  SKU, for each customer, the number of units of MY SCENE DOLL sold by Mattel
2  or its licensees is therefore relevant to this action and MGA's claim.

3       Mattel objects that the request contains confidential, proprietary, and
4  trade secret information. A Protective Order exists in this case, obviating any
5  concern as to protection of privacy rights and/or commercially sensitive
6  information.

7       None of Mattel's improper objections are valid and Mattel is obligated
8  to produce all non-privileged responsive documents in its possession, custody, or
9  control.

10 **MATTEL'S RESPONSE:**

11      MGA's argument that it is entitled to these documents fails on the
12 merits. MGA argues that "Mattel has not attempted to demonstrate why responding
13 to this request and/or producing responsive documents is irrelevant to the present
14 action." However, the burden is not on Mattel to show irrelevancy. Rather, MGA
15 must establish that its discovery meets the relevance requirements of Rule
16 26(b)(1).[1567] MGA asserts that documents sufficient to show, for each customer to
17 whom Mattel or its licensees have ever sold a MY SCENE doll, the number of units
18 of product sold to that customer, is relevant because MGA has alleged that Mattel is
19 engaging in copying of MGA products, and seeks damages for its false designation
20 of origin, unfair competition, and dilution claims. However, MGA does not explain
21 why the number of units sold to each customer for each and every MY SCENE doll
22 sale is relevant to these claims. MGA has made no showing how this request is
23 related to the claims and defenses in this case. "A trial court has a duty, of special

24

---

25      [1567] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
26 Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
27 initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
   1390794 at *1 (S.D. Cal. 2009).
28

1  significance in lengthy and complex cases where the possibility of abuse is always

2  present, to supervise and limit discovery to protect parties and witnesses from

3  annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664

4  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

5  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

6  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

7  Discovery Master has held, a party may not propound document requests as part of a

8  fishing expedition or to discover new claims.[1568]  Rivera v. NIBCO, Inc., 364 F.3d

9  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

10  to engage in 'fishing expeditions.'").

11          Even if it were relevant, the Request is overbroad.  The Request seeks

12  documents for each customer to whom Mattel or its licensees have ever sold any

13  MY SCENE DOLL, DOCUMENTS sufficient to show, by product number or SKU,

14  the number of units of each such MY SCENE DOLL, including products that are

15  not at issue in MGA's complaint, and regardless of whether those products or sales

16  have any relation to the case.

17          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

18  that a Court should limit the extent of discovery if it determines that the burden of

19  the proposed discovery outweighs its likely benefit; the discovery sought is

20  unreasonably cumulative or duplicative, or is obtainable from some other source that

21  is more convenient, less burdensome, or less expensive; or the party seeking

22  discovery has had ample opportunity by discovery in the action to obtain the

23  information sought. See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

24

25  _____

26  [1568]  See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

28

00505.07975/3161688.1

-769-

1 producing the documents responsive to this overbroad Request would greatly

2 outweigh any marginal benefit to MGA.



12     There is no basis for overruling Mattel's privilege objection.  MGA's

13 bald assertion that "[t]his request does not seek information protected by the

14 attorney-client privilege, the attorney work product doctrine, or other applicable

15 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

16 agreed that "all privileged documents would be logged except for documents created

17 after this action was filed on April 27, 2004."[1572]  Thus, to the extent  privileged

18 documents fall within the post lawsuit time period, they need not be included on

19 Mattel's log.

20     Finally, MGA failed to meet and confer at all, much less in good faith,

21 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

22 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

---

[1569] See Pantel Dec. at ¶ 12.
[1570] Id.
[1571] Id.
[1572] See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1   the moving party shall first identify each dispute, state the relief sought and identify

2   the authority supporting the requested relief in a meet and confer letter that shall be

3   served on all parties by facsimile or electronic mail. The parties shall have five court

4   days from the date of service of that letter to conduct an in-person conference to

5   attempt to resolve the dispute."). At no point during the meet and confer process

6   did the parties discuss this Request or Mattel's response to it.[1573] In order to engage

7   in a meaningful meet and confer, MGA had the burden to show the relevance of any

8   requests it sought to move on.[1574] Because MGA refused to even attempt to make

9   this showing, there was no possibility of a good faith meet and confer to resolve the

10  parties' disputes. The Discovery Master should deny MGA's motion with respect to

11  this Request on that grounds alone.

12  **REQUEST FOR PRODUCTION NO. 714**

13          For each customer to whom YOU or YOUR licensees have ever sold

14  any MY SCENE DOLL, DOCUMENTS sufficient to show, by product number or

15  SKU, the revenue received by YOU from the sale of each such MY SCENE DOLL

16  sold by YOU or YOUR licensees to that customer.

17  **RESPONSE TO REQUEST NO. 714:**

18          In addition to the general objections stated above which are

19  incorporated herein by reference, Mattel objects to this Request on the grounds that

20  it is overbroad and unduly burdensome, including in that it seeks all documents on

21  this subject without limitation as to time, and regardless of whether such documents

22  relate to products or matters at issue in this case. Mattel further objects to the

23  Request on the grounds that it seeks documents that are not relevant to this action or

24

25

---

26  [1573] See Webster Decl., ¶¶ 6-20.

27  [1574] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
    Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28  (footnote continued)

1   likely to lead to the discovery of admissible evidence.  Mattel further objects to this

2   Request on the grounds that it seeks confidential, proprietary and trade secret

3   information, including such information that has no bearing on the claims or

4   defenses in this action.  Mattel further objects to this Request on the grounds that it

5   calls for the disclosure of information subject to the attorney-client privilege, the

6   attorney work-product doctrine and other applicable privileges.  Mattel further

7   objects to this Request on the grounds this Request seeks information beyond the

8   possession, custody, or control of Mattel.

9   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

10  **TO SHOULD BE COMPELLED**

11         Mattel has improperly limited its agreement to produce documents in

12  response to this request, subject to its improper boilerplate objections.  Mattel has

13  refused to confirm whether or not it has produced all non-privileged responsive

14  documents or whether it is withholding documents based on its objections in Phase

15  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

16  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

17  Generic objections that fail to explain the basis for an objection with specificity are

18  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

19  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

20  'overly burdensome and harassing' are improper – especially when a party fails to

21  submit any evidentiary declarations supporting such objections").  Accordingly,

22  Mattel must be compelled either to certify that it has produced all non-privileged

23  responsive documents or to produce all such documents by a date certain.

24         To the extent that Mattel is relying on its blanket objections, they are

25  not sustainable and do not justify Mattel's failure to produce documents.

26  _____

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

28       (footnote continued)

1           As to overbreadth, Mattel provides no explanation, let alone the

2 required particularity, as to **why** this request is supposedly overly broad, nor can it

3 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

4 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

5 contrary, the request is narrowly tailored to seek documents sufficient to show, by

6 product number or SKU, for each customer, the revenue received by Mattel from the

7 sale of each MY SCENE DOLL sold by Mattel or its licensees.

8           As to burden, Mattel has not attempted to demonstrate why responding

9 to this request and/or producing responsive documents presents any burden. This

10 objection must therefore be rejected. <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.,</u>

11 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12 request is unduly burdensome must allege specific facts which indicate the nature

13 and extent of the burden, usually by affidavit or other reliable evidence.")

14 Moreover, it is not unduly burdensome, as noted above, in that the request is

15 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

16 has engaged in a broad variety of unfair trade practices including serial copying of

17 MGA products. MGA is entitled to discovery on these claims.

18           This request does not seek documents protected by the attorney-client

19 privilege, the attorney work product doctrine, or other applicable privileges. To the

20 extent that Mattel contends that it does, Mattel must provide a privilege log.

21           As for relevancy, Mattel has not attempted to demonstrate why

22 responding to this request and/or producing responsive documents is irrelevant to

23 the present action. On the contrary, MGA has alleged that Mattel is engaged in

24 copying of MGA products, and MY SCENE is an example of one such product line.

25 MGA also seeks damages and profits derived by Mattel for its acts of false

26

27 1390794 at *1 (S.D. Cal. May 14, 2009).

28

-773-

1  designation of origin or affiliation, unfair competition and unfair business practices
2  and dilution.  A request to seek documents sufficient to show, by product number or
3  SKU, for each customer, the revenue received by Mattel from the sale of each MY
4  SCENE DOLL sold by Mattel or its licensees is therefore relevant to this action and
5  MGA's claim.

6       Mattel objects that the request contains confidential, proprietary, and
7  trade secret information.  A Protective Order exists in this case, obviating any
8  concern as to protection of privacy rights and/or commercially sensitive
9  information.

10       None of Mattel's improper objections are valid and Mattel is obligated
11  to produce all non-privileged responsive documents in its possession, custody, or
12  control.

13  **MATTEL'S RESPONSE:**

14       MGA's argument that it is entitled to these documents fails on the
15  merits.  MGA argues that "Mattel has not attempted to demonstrate why responding
16  to this request and/or producing responsive documents is irrelevant to the present
17  action."  However, the burden is not on Mattel to show irrelevancy.  Rather, MGA
18  must establish that its discovery meets the relevance requirements of Rule
19  26(b)(1).[1575]  MGA asserts that documents sufficient to show, for each customer to
20  whom Mattel or its licensees have ever sold a MY SCENE doll, the revenue by
21  product number or SKU received by Mattel from the sale, is relevant because MGA
22  has alleged that Mattel is engaging in copying of MGA products, and seeks damages
23  for its false designation of origin, unfair competition, and dilution claims.  However,
24

---

25      [1575] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. 2009).
28

1 | MGA does not explain why the revenue received from each customer for each and
2 | every MY SCENE doll sale is relevant to these claims.  MGA has made no showing
3 | how this request is related to the claims and defenses in this case.  "A trial court has
4 | a duty, of special significance in lengthy and complex cases where the possibility of
5 | abuse is always present, to supervise and limit discovery to protect parties and
6 | witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D.
7 | 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World
8 | Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v.
9 | Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the
10 | previous Discovery Master has held, a party may not propound document requests
11 | as part of a fishing expedition or to discover new claims.[1576]  Rivera v. NIBCO, Inc.,
12 | 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of
13 | discovery to engage in 'fishing expeditions.'").

14 | Even if it were relevant, the Request is overbroad.  The Request seeks
15 | for each customer to whom Mattel or its licensees have ever sold any MY SCENE
16 | DOLL, DOCUMENTS sufficient to show, by product number or SKU, the revenue
17 | received by Mattel from the sale of each such MY SCENE DOLL sold by Mattel or
18 | its licensees to that customer, including products that are not at issue in MGA's
19 | complaint, and regardless of whether those products or sales have any relation to the
20 | case.

21 | Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
22 | that a Court should limit the extent of discovery if it determines that the burden of
23 | the proposed discovery outweighs its likely benefit; the discovery sought is
24 | unreasonably cumulative or duplicative, or is obtainable from some other source that

25 |

26 | [1576]  See Order Granting In Part and Denying In Part Mattel's Motion for
27 | Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
   | 1.

28 |

1  is more convenient, less burdensome, or less expensive; or the party seeking

2  discovery has had ample opportunity by discovery in the action to obtain the

3  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

4  producing the documents responsive to this overbroad Request would greatly

5  outweigh any marginal benefit to MGA.

6  ████████████████████████████████████

7  ███████████████████████████████████████████

8  ████████████████████████████████████████████

9  ████████████████████████████████████████████

10 ██████████████████████████████████████

11 ██████████████████████████████████████

12 ███████████████████████████████████████

13 ██████████████████████████████████████

14 ███████████████████████

15        There is no basis for overruling Mattel's privilege objection.  MGA's

16 bald assertion that "[t]his request does not seek information protected by the

17 attorney-client privilege, the attorney work product doctrine, or other applicable

18 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

19 agreed that "all privileged documents would be logged except for documents created

20 after this action was filed on April 27, 2004."[1580]  Thus, to the extent  privileged

21 documents fall within the post lawsuit time period, they need not be included on

22 Mattel's log.

23

24  [1577]  See Pantel Dec. at ¶ 12.
     [1578]  Id.
25   [1579]  Id.
26   [1580]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
     3.
28

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2    regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4    the moving party shall first identify each dispute, state the relief sought and identify

5    the authority supporting the requested relief in a meet and confer letter that shall be

6    served on all parties by facsimile or electronic mail. The parties shall have five court

7    days from the date of service of that letter to conduct an in-person conference to

8    attempt to resolve the dispute.").   At no point during the meet and confer process

9    did the parties discuss this Request or Mattel's response to it.[1581]  In order to engage

10   in a meaningful meet and confer, MGA had the burden to show the relevance of any

11   requests it sought to move on.[1582]   Because MGA refused to even attempt to make

12   this showing, there was no possibility of a good faith meet and confer to resolve the

13   parties' disputes.  The Discovery Master should deny MGA's motion with respect to

14   this Request on that grounds alone.

15   **REQUEST FOR PRODUCTION NO. 715**

16   For each customer to whom YOU or YOUR licensees have ever sold

17   any MY SCENE DOLL, DOCUMENTS sufficient to show, by product number or

18   SKU, YOUR profits from each such MY SCENE DOLL sold by YOU or YOUR

19   licensees to that customer.

20   **RESPONSE TO REQUEST NO. 715:**

21   In addition to the general objections stated above which are

22   incorporated herein by reference, Mattel objects to this Request on the grounds that

23   it is overbroad and unduly burdensome, including in that it seeks all documents on

24

25   _____

26   [1581]  See Webster Decl., ¶¶ 6-20.

27   [1582]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28   (footnote continued)

1  this subject without limitation as to time, and regardless of whether such documents

2  relate to products or matters at issue in this case.  Mattel further objects to the

3  Request on the grounds that it seeks documents that are not relevant to this action or

4  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

5  Request on the grounds that it seeks confidential, proprietary and trade secret

6  information, including such information that has no bearing on the claims or

7  defenses in this action.  Mattel further objects to this Request on the grounds that it

8  calls for the disclosure of information subject to the attorney-client privilege, the

9  attorney work-product doctrine and other applicable privileges.  Mattel further

10  objects to this Request on the grounds this Request seeks information beyond the

11  possession, custody, or control of Mattel.

12  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

13  **TO SHOULD BE COMPELLED**

14           Mattel has improperly limited its agreement to produce documents in

15  response to this request, subject to its improper boilerplate objections.  Mattel has

16  refused to confirm whether or not it has produced all non-privileged responsive

17  documents or whether it is withholding documents based on its objections in Phase

18  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

19  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

20  Generic objections that fail to explain the basis for an objection with specificity are

21  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

22  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

23  'overly burdensome and harassing' are improper – especially when a party fails to

24  submit any evidentiary declarations supporting such objections").  Accordingly,

25

26

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  Mattel must be compelled either to certify that it has produced all non-privileged

2  responsive documents or to produce all such documents by a date certain.

3          To the extent that Mattel is relying on its blanket objections, they are

4  not sustainable and do not justify Mattel's failure to produce documents.

5          As to overbreadth, Mattel provides no explanation, let alone the

6  required particularity, as to *why* this request is supposedly overly broad, nor can it

7  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

8  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

9  contrary, the request is narrowly tailored to seek documents sufficient to show, by

10  product number or SKU, for each customer, the profits from the sale of each MY

11  SCENE DOLL sold by Mattel or its licensees.

12          As to burden, Mattel has not attempted to demonstrate why responding

13  to this request and/or producing responsive documents presents any burden. This

14  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

15  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16  request is unduly burdensome must allege specific facts which indicate the nature

17  and extent of the burden, usually by affidavit or other reliable evidence.")

18  Moreover, it is not unduly burdensome, as noted above, in that the request is

19  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

20  has engaged in a broad variety of unfair trade practices including serial copying of

21  MGA products. MGA is entitled to discovery on these claims.

22          This request does not seek documents protected by the attorney-client

23  privilege, the attorney work product doctrine, or other applicable privileges. To the

24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25          As for relevancy, Mattel has not attempted to demonstrate why

26  responding to this request and/or producing responsive documents is irrelevant to

27  the present action. On the contrary, MGA has alleged that Mattel is engaged in

28  copying of MGA products, and MY SCENE is an example of one such product line.

1  MGA also seeks damages and profits derived by Mattel for its acts of false

2  designation of origin or affiliation, unfair competition and unfair business practices

3  and dilution.  A request to seek documents sufficient to show, by product number or

4  SKU, for each customer, the profits from the sale of each MY SCENE DOLL sold

5  by Mattel or its licensees is therefore relevant to this action and MGA's claim.

6  Mattel objects that the request contains confidential, proprietary, and trade secret

7  information.  A Protective Order exists in this case, obviating any concern as to

8  protection of privacy rights and/or commercially sensitive information.

9        None of Mattel's improper objections are valid and Mattel is obligated

10  to produce all non-privileged responsive documents in its possession, custody, or

11  control.

12  **MATTEL'S RESPONSE:**

13        MGA's argument that it is entitled to these documents fails on the

14  merits.  MGA argues that "Mattel has not attempted to demonstrate why responding

15  to this request and/or producing responsive documents is irrelevant to the present

16  action."  However, the burden is not on Mattel to show irrelevancy.  Rather, MGA

17  must establish that its discovery meets the relevance requirements of Rule

18  26(b)(1).[1583]  MGA asserts that documents sufficient to show, for each customer to

19  whom Mattel or its licensees have ever sold a MY SCENE doll, the the revenue

20  received by Mattel from the sale of each doll, is relevant because MGA has alleged

21  that Mattel is engaging in copying of MGA products, and seeks damages for its false

22  designation of origin, unfair competition, and dilution claims.  However, MGA does

23  not explain why the number of units sold to each customer for each and every MY

24

25  [1583]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. 2009).

28

1   SCENE doll sale is relevant to these claims.  MGA has made no showing how this

2   request is related to the claims and defenses in this case.  "A trial court has a duty, of

3   special significance in lengthy and complex cases where the possibility of abuse is

4   always present, to supervise and limit discovery to protect parties and witnesses

5   from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664

6   (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

7   F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

8   Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

9   Discovery Master has held, a party may not propound document requests as part of a

10   fishing expedition or to discover new claims.[1584]  Rivera v. NIBCO, Inc., 364 F.3d

11   1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

12   to engage in 'fishing expeditions.'").

13          Even if it were relevant, the Request is overbroad.  The Request seeks

14   documents showing profits for sales of MY SCENE dolls to each customer,

15   including sales by licensees, including products not at issue in MGA's complaint and

16   regardless of whether those products, sales, or profits have any relation to the case.

17          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

18   that a Court should limit the extent of discovery if it determines that the burden of

19   the proposed discovery outweighs its likely benefit; the discovery sought is

20   unreasonably cumulative or duplicative, or is obtainable from some other source that

21   is more convenient, less burdensome, or less expensive; or the party seeking

22   discovery has had ample opportunity by discovery in the action to obtain the

23   information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

24

25

---

26   [1584]   See Order Granting In Part and Denying In Part Mattel's Motion for

27   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
     1.

28

1  producing the documents responsive to this overbroad Request would greatly

2  outweigh any marginal benefit to MGA.



12          There is no basis for overruling Mattel's privilege objection.  MGA's

13  bald assertion that "[t]his request does not seek information protected by the

14  attorney-client privilege, the attorney work product doctrine, or other applicable

15  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

16  agreed that "all privileged documents would be logged except for documents created

17  after this action was filed on April 27, 2004."[1588]  Thus, to the extent  privileged

18  documents fall within the post lawsuit time period, they need not be included on

19  Mattel's log.

20          Finally, MGA failed to meet and confer at all, much less in good faith,

21  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

22  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

23  _____

24  [1585]   See Pantel Dec. at ¶ 12.
     [1586]   Id.
25   [1587]   Id.
26  [1588]   See Order Denying Mattel's Motion for Protective Order Limiting the
     Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
27   3.

28

1   the moving party shall first identify each dispute, state the relief sought and identify
2   the authority supporting the requested relief in a meet and confer letter that shall be
3   served on all parties by facsimile or electronic mail. The parties shall have five court
4   days from the date of service of that letter to conduct an in-person conference to
5   attempt to resolve the dispute.").   At no point during the meet and confer process
6   did the parties discuss this Request or Mattel's response to it.[1589]   In order to engage
7   in a meaningful meet and confer, MGA had the burden to show the relevance of any
8   requests it sought to move on.[1590]   Because MGA refused to even attempt to make
9   this showing, there was no possibility of a good faith meet and confer to resolve the
10   parties' disputes.  The Discovery Master should deny MGA's motion with respect to
11   this Request on that grounds alone.

12   **REQUEST FOR PRODUCTION NO. 720**

13          All DOCUMENTS evidencing, reflecting, REFERRING OR
14   RELATING TO YOUR profits from the sale of each MY SCENE PRODUCT sold
15   by YOU and/or YOUR licensees.

16   **RESPONSE TO REQUEST NO. 720:**

17          In addition to the general objections stated above which are
18   incorporated herein by reference, Mattel objects to this Request on the grounds that
19   it is overbroad and unduly burdensome, including in that it seeks all documents on
20   this subject without limitation as to time, and regardless of whether such documents
21   relate to products or matters at issue in this case.  Mattel further objects to the
22   Request on the grounds that it seeks documents that are not relevant to this action or
23   likely to lead to the discovery of admissible evidence.  Mattel further objects to this

24

25

26   [1589]  See Webster Decl., ¶¶ 6-20.
27   [1590]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
     Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
28   (footnote continued)

1    Request on the grounds that it seeks confidential, proprietary and trade secret

2    information, including such information that has no bearing on the claims or

3    defenses in this action.  Mattel further objects to this Request on the grounds that it

4    calls for the disclosure of information subject to the attorney-client privilege, the

5    attorney work-product doctrine and other applicable privileges.  Mattel further

6    objects to this Request on the grounds this Request seeks information beyond the

7    possession, custody, or control of Mattel.

8    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

9    **TO SHOULD BE COMPELLED**

10            Mattel has improperly limited its agreement to produce documents in

11   response to this request, subject to its improper boilerplate objections.  Mattel has

12   refused to confirm whether or not it has produced all non-privileged responsive

13   documents or whether it is withholding documents based on its objections in Phase

14   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

15   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

16   Generic objections that fail to explain the basis for an objection with specificity are

17   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

18   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

19   'overly burdensome and harassing' are improper – especially when a party fails to

20   submit any evidentiary declarations supporting such objections").  Accordingly,

21   Mattel must be compelled either to certify that it has produced all non-privileged

22   responsive documents or to produce all such documents by a date certain.

23            To the extent that Mattel is relying on its blanket objections, they are

24   not sustainable and do not justify Mattel's failure to produce documents.

25

26   ————————————

27   initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. May 14, 2009).

28

00505.07975/3161688.1

1    As to overbreadth, Mattel provides no explanation, let alone the

2    required particularity, as to **why** this request is supposedly overly broad, nor can it

3    do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

4    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

5    contrary, the request is narrowly tailored to seek documents related to Mattel's

6    profits from the sale of each MY SCENE PRODUCT sold by Mattel or its licensees.

7    As to burden, Mattel has not attempted to demonstrate why responding

8    to this request and/or producing responsive documents presents any burden. This

9    objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

10   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11   request is unduly burdensome must allege specific facts which indicate the nature

12   and extent of the burden, usually by affidavit or other reliable evidence.")

13   Moreover, it is not unduly burdensome, as noted above, in that the request is

14   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

15   has engaged in a broad variety of unfair trade practices including serial copying of

16   MGA products. MGA is entitled to discovery on these claims.

17   This request does not seek documents protected by the attorney-client

18   privilege, the attorney work product doctrine, or other applicable privileges. To the

19   extent that Mattel contends that it does, Mattel must provide a privilege log.

20   As for relevancy, Mattel has not attempted to demonstrate why

21   responding to this request and/or producing responsive documents is irrelevant to

22   the present action. On the contrary, MGA has alleged that Mattel is engaged in

23   copying of MGA products, and MY SCENE is an example of one such product line.

24   MGA also seeks damages and profits derived by Mattel for its acts of false

25   designation of origin or affiliation, unfair competition and unfair business practices

26   and dilution. A request to seek documents related to Mattel's profits from the sale of

27   each MY SCENE PRODUCT sold by Mattel or its licensees is therefore relevant to

28   this action and MGA's claim.

1    Mattel objects that the request contains confidential, proprietary, and

2 trade secret information.  A Protective Order exists in this case, obviating any

3 concern as to protection of privacy rights and/or commercially sensitive

4 information.

5    None of Mattel's improper objections are valid and Mattel is obligated

6 to produce all non-privileged responsive documents in its possession, custody, or

7 control.

8 **MATTEL'S RESPONSE:**

9    MGA's argument that it is entitled to these documents fails on the

10 merits.  MGA argues that "Mattel has not attempted to demonstrate why responding

11 to this request and/or producing responsive documents is irrelevant to the present

12 action."  However, the burden is not on Mattel to show irrelevancy.  Rather, MGA

13 must establish that its discovery meets the relevance requirements of Rule

14 26(b)(1).[1591]  MGA asserts that documents referring or relating to Mattel's profits

15 from the sale of each MY SCENE product is relevant because MGA has alleged that

16 Mattel is engaging in copying of MGA products, and seeks damages for its false

17 designation of origin, unfair competition, and dilution claims.  However, MGA does

18 not explain why the documents referring or relating to profits from each sale is

19 relevant to these claims.  MGA has made no showing how this request is related to

20 the claims and defenses in this case.  "A trial court has a duty, of special

21 significance in lengthy and complex cases where the possibility of abuse is always

22 present, to supervise and limit discovery to protect parties and witnesses from

23 annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664

24

25    [1591]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26 Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27 initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

1390794 at *1 (S.D. Cal. 2009).

28

1   (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

2   F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

3   Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

4   Discovery Master has held, a party may not propound document requests as part of a

5   fishing expedition or to discover new claims.[1592]  Rivera v. NIBCO, Inc., 364 F.3d

6   1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

7   to engage in 'fishing expeditions.'").

8           Even if it were relevant, the Request is overbroad.  The Request seeks

9   all documents evidencing, reflecting, REFERRING OR RELATING to Mattel's

10  profits for each MY SCENE product sold by Mattel or its licensees, including

11  products not at issue in MGA's complaint, and regardless of whether those products

12  or profits have any relation to the case.  In seeking documents that refer or relate to

13  profits from the sale of each MY SCENE product, MGA is requesting a large

14  universe of documents that have no possible bearing on any issue in the case.

15          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

16  that a Court should limit the extent of discovery if it determines that the burden of

17  the proposed discovery outweighs its likely benefit; the discovery sought is

18  unreasonably cumulative or duplicative, or is obtainable from some other source that

19  is more convenient, less burdensome, or less expensive; or the party seeking

20  discovery has had ample opportunity by discovery in the action to obtain the

21  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

22  producing the documents responsive to this overbroad Request would greatly

23  outweigh any marginal benefit to MGA.

24

25  _____

26  [1592]  See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
    1.

28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   1593   Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

26   1594   Moore Decl. ¶ 5, Dart Decl., Exh. 32.

27   1595   <u>Id.</u>

    1596   <u>Id.</u>

28

1  ███████████████████████████████████████

2  ███████████████████████████████████████

3  ███████████████████████████████████████

4  ███████████████████████████████████████

5  ████████████████████

6       There is no basis for overruling Mattel's privilege objection.  MGA's

7  bald assertion that "[t]his request does not seek information protected by the

8  attorney-client privilege, the attorney work product doctrine, or other applicable

9  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

10  agreed that "all privileged documents would be logged except for documents created

11  after this action was filed on April 27, 2004."[1600]  Thus, to the extent  privileged

12  documents fall within the post lawsuit time period, they need not be included on

13  Mattel's log.

14       Finally, MGA failed to meet and confer at all, much less in good faith,

15  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

16  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

17  the moving party shall first identify each dispute, state the relief sought and identify

18  the authority supporting the requested relief in a meet and confer letter that shall be

19  served on all parties by facsimile or electronic mail. The parties shall have five court

20  days from the date of service of that letter to conduct an in-person conference to

21  attempt to resolve the dispute.").   At no point during the meet and confer process

22

23  _____

24  [1597]  See Pantel Dec. at ¶ 12.

25  [1598]  Id.

    [1599]  Id.

26  [1600]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1  did the parties discuss this Request or Mattel's response to it.[1601]  In order to engage

2  in a meaningful meet and confer, MGA had the burden to show the relevance of any

3  requests it sought to move on.[1602]  Because MGA refused to even attempt to make

4  this showing, there was no possibility of a good faith meet and confer to resolve the

5  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

6  this Request on that grounds alone.

7  **REQUEST FOR PRODUCTION NO. 721**

8         For each customer to whom YOU or YOUR licensees have ever sold

9  any MY SCENE PRODUCT, DOCUMENTS sufficient to show the number of units

10  of each such MY SCENE PRODUCT sold by YOU and/or YOUR licensees to that

11  customer.

12  **RESPONSE TO REQUEST NO. 721:**

13         In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is overbroad and unduly burdensome, including in that it seeks all documents on

16  this subject without limitation as to time, and regardless of whether such documents

17  relate to products or matters at issue in this case.  Mattel further objects to the

18  Request on the grounds that it seeks documents that are not relevant to this action or

19  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

20  Request on the grounds that it seeks confidential, proprietary and trade secret

21  information, including such information that has no bearing on the claims or

22  defenses in this action.  Mattel further objects to this Request on the grounds that it

23  calls for the disclosure of information subject to the attorney-client privilege, the

24

25

26  [1601]  See Webster Decl., ¶¶ 6-20.

27  [1602]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
    Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28  (footnote continued)

1  attorney work-product doctrine and other applicable privileges.  Mattel further

2  objects to this Request on the grounds this Request seeks information beyond the

3  possession, custody, or control of Mattel.

4  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

5  **TO SHOULD BE COMPELLED**

6  Mattel has improperly limited its agreement to produce documents in

7  response to this request, subject to its improper boilerplate objections.  Mattel has

8  refused to confirm whether or not it has produced all non-privileged responsive

9  documents or whether it is withholding documents based on its objections in Phase

10  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

11  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

12  Generic objections that fail to explain the basis for an objection with specificity are

13  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

14  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

15  'overly burdensome and harassing' are improper – especially when a party fails to

16  submit any evidentiary declarations supporting such objections").  Accordingly,

17  Mattel must be compelled either to certify that it has produced all non-privileged

18  responsive documents or to produce all such documents by a date certain.

19  To the extent that Mattel is relying on its blanket objections, they are

20  not sustainable and do not justify Mattel's failure to produce documents.

21  As to overbreadth, Mattel provides no explanation, let alone the

22  required particularity, as to *why* this request is supposedly overly broad, nor can it

23  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

24  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

25  contrary, the request is narrowly tailored to seek documents sufficient to show for

26

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

28  (footnote continued)

1   each customer, the number of units of each MY SCENE PRODUCT sold by Mattel

2   or its licensees.

3          As to burden, Mattel has not attempted to demonstrate why responding

4   to this request and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  <u>See Jackson v. Montgomery Ward & Co., Inc.,</u>

6   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.")

9   Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11  has engaged in a broad variety of unfair trade practices including serial copying of

12  MGA products.  MGA is entitled to discovery on these claims.

13         This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16         As for relevancy, Mattel has not attempted to demonstrate why

17  responding to this request and/or producing responsive documents is irrelevant to

18  the present action.  On the contrary, MGA has alleged that Mattel is engaged in

19  copying of MGA products, and MY SCENE is an example of one such product line.

20  MGA also seeks damages and profits derived by Mattel for its acts of false

21  designation of origin or affiliation, unfair competition and unfair business practices

22  and dilution.  A request to seek documents sufficient to show for each customer, the

23  number of units of MY SCENE PRODUCT sold by Mattel or its licensees is

24  therefore relevant to this action and MGA's claim.

25

26

27  _____

    1390794 at *1 (S.D. Cal. May 14, 2009).

28

1    Mattel objects that the request contains confidential, proprietary, and

2    trade secret information. A Protective Order exists in this case, obviating any

3    concern as to protection of privacy rights and/or commercially sensitive

4    information.

5    None of Mattel's improper objections are valid and Mattel is obligated

6    to produce all non-privileged responsive documents in its possession, custody, or

7    control.

8    **MATTEL'S RESPONSE:**

9    MGA's argument that it is entitled to these documents fails on the

10   merits. MGA argues that "Mattel has not attempted to demonstrate why responding

11   to this request and/or producing responsive documents is irrelevant to the present

12   action." However, the burden is not on Mattel to show irrelevancy. Rather, MGA

13   must establish that its discovery meets the relevance requirements of Rule

14   26(b)(1).[1603] MGA asserts that documents showing for each customer Mattel or its

15   licensees have ever sold any MY SCENE product, the number of units of each

16   product sold, is relevant because MGA has alleged that Mattel is engaging in

17   copying of MGA products, and seeks damages for its false designation of origin,

18   unfair competition, and dilution claims. However, MGA does not explain why the

19   documents showing for each customer the number of units sold is relevant to these

20   claims. MGA has made no showing how this request is related to the claims and

21   defenses in this case. "A trial court has a duty, of special significance in lengthy and

22   complex cases where the possibility of abuse is always present, to supervise and

23   limit discovery to protect parties and witnesses from annoyance and excessive

24

25   [1603] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26   Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27   initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

28   1390794 at *1 (S.D. Cal. 2009).

1  expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also

2  Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36

3  (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

4  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

5  party may not propound document requests as part of a fishing expedition or to

6  discover new claims.[1604]   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

7  2004) ("District courts need not condone the use of discovery to engage in 'fishing

8  expeditions.'").

9          Even if it were relevant, the Request is overbroad.  The Request seeks

10  documents about the number of units of MY SCENE products sold to each and

11  every customer to whom Mattel or its licensees have ever sold such products,

12  including products not at issue in MGA's complaint and regardless of whether those

13  products or sales have any relation to the case.

14          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

15  that a Court should limit the extent of discovery if it determines that the burden of

16  the proposed discovery outweighs its likely benefit; the discovery sought is

17  unreasonably cumulative or duplicative, or is obtainable from some other source that

18  is more convenient, less burdensome, or less expensive; or the party seeking

19  discovery has had ample opportunity by discovery in the action to obtain the

20  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

21  producing the documents responsive to this overbroad Request would greatly

22  outweigh any marginal benefit to MGA.

23  ██████████████████████████████████████████

24  ██████████████████████████████████████████

25

26  [1604]   See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

1.

28



8    There is no basis for overruling Mattel's privilege objection.  MGA's

9  bald assertion that "[t]his request does not seek information protected by the

10  attorney-client privilege, the attorney work product doctrine, or other applicable

11  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

12  agreed that "all privileged documents would be logged except for documents created

13  after this action was filed on April 27, 2004."[1608]  Thus, to the extent  privileged

14  documents fall within the post lawsuit time period, they need not be included on

15  Mattel's log.

16    Finally, MGA failed to meet and confer at all, much less in good faith,

17  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

18  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

19  the moving party shall first identify each dispute, state the relief sought and identify

20  the authority supporting the requested relief in a meet and confer letter that shall be

21  served on all parties by facsimile or electronic mail. The parties shall have five court

22  days from the date of service of that letter to conduct an in-person conference to

23

24    [1605]  See Pantel Dec. at ¶ 12.
25    [1606]  Id.
      [1607]  Id.
26    [1608]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
   3.
28

1   attempt to resolve the dispute.").   At no point during the meet and confer process

2   did the parties discuss this Request or Mattel's response to it.[1609]  In order to engage

3   in a meaningful meet and confer, MGA had the burden to show the relevance of any

4   requests it sought to move on.[1610]   Because MGA refused to even attempt to make

5   this showing, there was no possibility of a good faith meet and confer to resolve the

6   parties' disputes.  The Discovery Master should deny MGA's motion with respect to

7   this Request on that grounds alone.

8   **REQUEST FOR PRODUCTION NO. 722**

9           For each customer to whom YOU or YOUR licensees have ever sold

10   any MY SCENE PRODUCT, DOCUMENTS sufficient to show the revenue

11   received by YOU from each such MY SCENE PRODUCT sold by YOU or YOUR

12   licensees to that customer.

13   **RESPONSE TO REQUEST NO. 722:**

14           In addition to the general objections stated above which are

15   incorporated herein by reference, Mattel objects to this Request on the grounds that

16   it is overbroad and unduly burdensome, including in that it seeks all documents on

17   this subject without limitation as to time, and regardless of whether such documents

18   relate to products or matters at issue in this case.  Mattel further objects to the

19   Request on the grounds that it seeks documents that are not relevant to this action or

20   likely to lead to the discovery of admissible evidence.  Mattel further objects to this

21   Request on the grounds that it seeks confidential, proprietary and trade secret

22   information, including such information that has no bearing on the claims or

23   defenses in this action, Mattel further objects to this Request on the grounds that it

24

25

---

26   [1609]  See Webster Decl., ¶¶ 6-20.

27   [1610]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28   (footnote continued)

1   calls for the disclosure of information subject to the attorney-client privilege, the

2   attorney work-product doctrine and other applicable privileges.  Mattel further

3   objects to this Request on the grounds this Request seeks information beyond the

4   possession, custody, or control of Mattel.

5   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

6   **TO SHOULD BE COMPELLED**

7           Mattel has improperly limited its agreement to produce documents in

8   response to this request, subject to its improper boilerplate objections.  Mattel has

9   refused to confirm whether or not it has produced all non-privileged responsive

10  documents or whether it is withholding documents based on its objections in Phase

11  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

12  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

13  Generic objections that fail to explain the basis for an objection with specificity are

14  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

15  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

16  'overly burdensome and harassing' are improper – especially when a party fails to

17  submit any evidentiary declarations supporting such objections").  Accordingly,

18  Mattel must be compelled either to certify that it has produced all non-privileged

19  responsive documents or to produce all such documents by a date certain.

20          To the extent that Mattel is relying on its blanket objections, they are

21  not sustainable and do not justify Mattel's failure to produce documents.

22          As to overbreadth, Mattel provides no explanation, let alone the

23  required particularity, as to *why* this request is supposedly overly broad, nor can it

24  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

25  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

28      (footnote continued)

1    contrary, the request is narrowly tailored to seek documents sufficient to show for

2    each customer, the revenue received by Mattel from the sale of each MY SCENE

3    PRODUCT sold by Mattel or its licensees.

4          As to burden, Mattel has not attempted to demonstrate why responding

5    to this request and/or producing responsive documents presents any burden. This

6    objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

7    173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8    request is unduly burdensome must allege specific facts which indicate the nature

9    and extent of the burden, usually by affidavit or other reliable evidence.")

10   Moreover, it is not unduly burdensome, as noted above, in that the request is

11   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

12   has engaged in a broad variety of unfair trade practices including serial copying of

13   MGA products. MGA is entitled to discovery on these claims.

14         This request does not seek documents protected by the attorney-client

15   privilege, the attorney work product doctrine, or other applicable privileges. To the

16   extent that Mattel contends that it does, Mattel must provide a privilege log.

17         As for relevancy, Mattel has not attempted to demonstrate why

18   responding to this request and/or producing responsive documents is irrelevant to

19   the present action. On the contrary, MGA has alleged that Mattel is engaged in

20   copying of MGA products, and MY SCENE is an example of one such product line.

21   MGA also seeks damages and profits derived by Mattel for its acts of false

22   designation of origin or affiliation, unfair competition and unfair business practices

23   and dilution. A request to seek documents sufficient to show for each customer, the

24   revenue received by Mattel from the sale of each MY SCENE PRODUCT sold by

25   Mattel or its licensees is therefore relevant to this action and MGA's claim.

26

27   —————————

28   1390794 at *1 (S.D. Cal. May 14, 2009).

1    Mattel objects that the request contains confidential, proprietary, and

2  trade secret information. A Protective Order exists in this case, obviating any

3  concern as to protection of privacy rights and/or commercially sensitive

4  information.

5    None of Mattel's improper objections are valid and Mattel is obligated

6  to produce all non-privileged responsive documents in its possession, custody, or

7  control.

8  **MATTEL'S RESPONSE:**

9    MGA's argument that it is entitled to these documents fails on the

10  merits. MGA argues that "Mattel has not attempted to demonstrate why responding

11  to this request and/or producing responsive documents is irrelevant to the present

12  action." However, the burden is not on Mattel to show irrelevancy. Rather, MGA

13  must establish that its discovery meets the relevance requirements of Rule

14  26(b)(1).[1611] MGA asserts that documents showing for each customer Mattel or its

15  licensees have ever sold any MY SCENE product, the revenue from each product

16  sold, is relevant because MGA has alleged that Mattel is engaging in copying of

17  MGA products, and seeks damages for its false designation of origin, unfair

18  competition, and dilution claims. However, MGA does not explain why the

19  documents showing for each customer the revenue of MY SCENE products sold is

20  relevant to these claims. MGA has made no showing how this request is related to

21  the claims and defenses in this case. "A trial court has a duty, of special

22  significance in lengthy and complex cases where the possibility of abuse is always

23  present, to supervise and limit discovery to protect parties and witnesses from

24  _____

25    [1611]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

1390794 at *1 (S.D. Cal. 2009).

28

00505.07975/3161688.1

1 | annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664

2 | (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

3 | F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

4 | Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous

5 | Discovery Master has held, a party may not propound document requests as part of a

6 | fishing expedition or to discover new claims.[1612] Rivera v. NIBCO, Inc., 364 F.3d

7 | 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

8 | to engage in 'fishing expeditions.'").

9 | Even if it were relevant, the Request is overbroad. The Request seeks

10 | documents for each customer who has ever purchased a MY SCENE product

11 | showing the revenue from those sales, including products not at issue in MGA's

12 | complaint, and regardless of whether those products or revenue have any relation to

13 | the case.

14 | Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides

15 | that a Court should limit the extent of discovery if it determines that the burden of

16 | the proposed discovery outweighs its likely benefit; the discovery sought is

17 | unreasonably cumulative or duplicative, or is obtainable from some other source that

18 | is more convenient, less burdensome, or less expensive; or the party seeking

19 | discovery has had ample opportunity by discovery in the action to obtain the

20 | information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and

21 | producing the documents responsive to this overbroad Request would greatly

22 | outweigh any marginal benefit to MGA.

23 | ████████████████████████

24 | ████████████████████████████

25 |

26 | [1612]  See Order Granting In Part and Denying In Part Mattel's Motion for

27 | Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

28 | 1.