

       There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[1616]  Thus, to the extent  privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

       Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to

---

[1613]  <u>See</u> Pantel Dec. at ¶ 12.

[1614]  <u>Id.</u>

[1615]  <u>Id.</u>

[1616]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1  attempt to resolve the dispute.").   At no point during the meet and confer process

2  did the parties discuss this Request or Mattel's response to it.[1617]  In order to engage

3  in a meaningful meet and confer, MGA had the burden to show the relevance of any

4  requests it sought to move on.[1618]   Because MGA refused to even attempt to make

5  this showing, there was no possibility of a good faith meet and confer to resolve the

6  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

7  this Request on that grounds alone.

8  **REQUEST FOR PRODUCTION NO. 723**

9       For each customer to whom YOU or YOUR licensees have ever sold

10  any MY SCENE PRODUCT, DOCUMENTS sufficient to show YOUR profits from

11  each such MY SCENE PRODUCT sold by YOU or YOUR licensees to that

12  customer.

13  **RESPONSE TO REQUEST NO. 723:**

14       In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad and unduly burdensome, including in that it seeks all documents on

17  this subject without limitation as to time, and regardless of whether such documents

18  relate to products or matters at issue in this case.  Mattel further objects to the

19  Request on the grounds that it seeks documents that are not relevant to this action or

20  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

21  Request on the grounds that it seeks confidential, proprietary and trade secret

22  information, including such information that has no bearing on the claims or

23  defenses in this action.  Mattel further objects to this Request on the grounds that it

24

25

26  [1617]  See Webster Decl., ¶¶ 6-20.

27  [1618]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28  (footnote continued)

1  calls for the disclosure of information subject to the attorney-client privilege, the

2  attorney work-product doctrine and other applicable privileges.  Mattel further

3  objects to this Request on the grounds this Request seeks information beyond the

4  possession, custody, or control of Mattel.

5  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

6  **TO SHOULD BE COMPELLED**

7  　　　　　　　Mattel has improperly limited its agreement to produce documents in

8  response to this request, subject to its improper boilerplate objections.  Mattel has

9  refused to confirm whether or not it has produced all non-privileged responsive

10  documents or whether it is withholding documents based on its objections in Phase

11  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

12  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

13  Generic objections that fail to explain the basis for an objection with specificity are

14  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

15  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

16  'overly burdensome and harassing' are improper – especially when a party fails to

17  submit any evidentiary declarations supporting such objections").  Accordingly,

18  Mattel must be compelled either to certify that it has produced all non-privileged

19  responsive documents or to produce all such documents by a date certain.

20  　　　　　　　To the extent that Mattel is relying on its blanket objections, they are

21  not sustainable and do not justify Mattel's failure to produce documents.

22  　　　　　　　As to overbreadth, Mattel provides no explanation, let alone the

23  required particularity, as to *why* this request is supposedly overly broad, nor can it

24  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

25  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

28  　　(footnote continued)

1  contrary, the request is narrowly tailored to seek documents sufficient to show for

2  each customer, the profits from the sale of each MY SCENE PRODUCT sold by

3  Mattel or its licensees.

4       As to burden, Mattel has not attempted to demonstrate why responding

5  to this request and/or producing responsive documents presents any burden.  This

6  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

7  <u>Inc.,</u> 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8  request is unduly burdensome must allege specific facts which indicate the nature

9  and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

12  has engaged in a broad variety of unfair trade practices including serial copying of

13  MGA products.  MGA is entitled to discovery on these claims.

14       This request does not seek documents protected by the attorney-client

15  privilege, the attorney work product doctrine, or other applicable privileges.  To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17       As for relevancy, Mattel has not attempted to demonstrate why

18  responding to this request and/or producing responsive documents is irrelevant to

19  the present action.  On the contrary, MGA has alleged that Mattel is engaged in

20  copying of MGA products, and MY SCENE is an example of one such product line.

21  MGA also seeks damages and profits derived by Mattel for its acts of false

22  designation of origin or affiliation, unfair competition and unfair business practices

23  and dilution.  A request to seek documents sufficient to show for each customer, the

24  profits from the sale of each MY SCENE PRODUCT sold by Mattel or its licensees

25  is therefore relevant to this action and MGA's claim.

26

27  1390794 at *1 (S.D. Cal. May 14, 2009).

28

1    Mattel objects that the request contains confidential, proprietary, and

2  trade secret information. A Protective Order exists in this case, obviating any

3  concern as to protection of privacy rights and/or commercially sensitive

4  information.

5    None of Mattel's improper objections are valid and Mattel is obligated

6  to produce all non-privileged responsive documents in its possession, custody, or

7  control.

8  **MATTEL'S RESPONSE:**

9    MGA's argument that it is entitled to these documents fails on the

10  merits. MGA argues that "Mattel has not attempted to demonstrate why responding

11  to this request and/or producing responsive documents is irrelevant to the present

12  action." However, the burden is not on Mattel to show irrelevancy. Rather, MGA

13  must establish that its discovery meets the relevance requirements of <u>Rule</u>

14  <u>26(b)(1)</u>.[1619] MGA asserts that documents showing for each customer Mattel or its

15  licensees have ever sold any MY SCENE product, the profit from each product sold,

16  is relevant because MGA has alleged that Mattel is engaging in copying of MGA

17  products, and seeks damages for its false designation of origin, unfair competition,

18  and dilution claims. However, MGA does not explain why the documents showing

19  for each customer the profit of MY SCENE products sold is relevant to these claims.

20  MGA has made no showing how this request is related to the claims and defenses in

21  this case. "A trial court has a duty, of special significance in lengthy and complex

22  cases where the possibility of abuse is always present, to supervise and limit

23  discovery to protect parties and witnesses from annoyance and excessive expense."

24

25    [1619] <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27  initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL
1390794 at *1 (S.D. Cal. 2009).

28

1   Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways
2   Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.
3   1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D.
4   Ill. 1983) (same).  As the previous Discovery Master has held, a party may not
5   propound document requests as part of a fishing expedition or to discover new
6   claims.[1620]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District
7   courts need not condone the use of discovery to engage in 'fishing expeditions.'").

8        Even if it were relevant, the Request is overbroad.  The Request seeks
9   documents for each customer who has ever purchased a MY SCENE product
10  showing the profit from those sales, including products that are not at issue in
11  MGA's complaint, and regardless of whether those products or profit have any
12  relation to the case.

13       Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
14  that a Court should limit the extent of discovery if it determines that the burden of
15  the proposed discovery outweighs its likely benefit; the discovery sought is
16  unreasonably cumulative or duplicative, or is obtainable from some other source that
17  is more convenient, less burdensome, or less expensive; or the party seeking
18  discovery has had ample opportunity by discovery in the action to obtain the
19  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
20  producing the documents responsive to this overbroad Request would greatly
21  outweigh any marginal benefit to MGA.

22  ████████████████████████████
23  ████████████████████████████████████████
24  ████████████████████████████████████████

25

26  [1620]   See Order Granting In Part and Denying In Part Mattel's Motion for
27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
    1.
28

1 ████████████████████████████████████████

2 ████████████████████████████████████████████

3 ████████████████████████████████████████████

4 ██████████████████████████████████████████

5 ████████████████████████████████

6 ████████████████████████████████████████████

7　　　　There is no basis for overruling Mattel's privilege objection.  MGA's

8 bald assertion that "[t]his request does not seek information protected by the

9 attorney-client privilege, the attorney work product doctrine, or other applicable

10 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

11 agreed that "all privileged documents would be logged except for documents created

12 after this action was filed on April 27, 2004."[1624]  Thus, to the extent  privileged

13 documents fall within the post lawsuit time period, they need not be included on

14 Mattel's log.

15　　　　Finally, MGA failed to meet and confer at all, much less in good faith,

16 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

17 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

18 the moving party shall first identify each dispute, state the relief sought and identify

19 the authority supporting the requested relief in a meet and confer letter that shall be

20 served on all parties by facsimile or electronic mail. The parties shall have five court

21 days from the date of service of that letter to conduct an in-person conference to

22 attempt to resolve the dispute.").  At no point during the meet and confer process

23

24 [1621]　See Pantel Dec. at ¶ 12.

25 [1622]　Id.

　　 [1623]　Id.

26 [1624]　See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
3.

28

1  did the parties discuss this Request or Mattel's response to it.[1625]  In order to engage
2  in a meaningful meet and confer, MGA had the burden to show the relevance of any
3  requests it sought to move on.[1626]  Because MGA refused to even attempt to make
4  this showing, there was no possibility of a good faith meet and confer to resolve the
5  parties' disputes.  The Discovery Master should deny MGA's motion with respect to
6  this Request on that grounds alone.

7  **REQUEST FOR PRODUCTION NO. 724**

8              DOCUMENTS sufficient to show customer returns to YOU of MY
9  SCENE PRODUCTS sold or distributed by YOU or YOUR licensees.

10  **RESPONSE TO REQUEST NO. 724:**

11              In addition to the general objections stated above which are
12  incorporated herein by reference, Mattel objects to this Request on the grounds that
13  it is overbroad and unduly burdensome, including in that it seeks all documents on
14  this subject without limitation as to time, and regardless of whether such documents
15  relate to products or matters at issue in this case.  Mattel further objects to the
16  Request on the grounds that it seeks documents that are not relevant to this action or
17  likely to lead to the discovery of admissible evidence.  Mattel further objects to this
18  Request on the grounds that it seeks confidential, proprietary and trade secret
19  information, including such information that has no bearing on the claims or
20  defenses in this action.  Mattel further objects to this Request on the grounds that it
21  calls for the disclosure of information subject to the attorney-client privilege, the
22  attorney work-product doctrine and other applicable privileges.

23

24

25  [1625]  See Webster Decl., ¶¶ 6-20.
    [1626]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
    initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
27  1390794 at *1 (S.D. Cal. May 14, 2009).

28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents sufficient to show customer returns to Mattel of any MY SCENE PRODUCT sold or distributed by Mattel or its licensees.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1  request is unduly burdensome must allege specific facts which indicate the nature

2  and extent of the burden, usually by affidavit or other reliable evidence.")

3  Moreover, it is not unduly burdensome, as noted above, in that the request is

4  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

5  has engaged in a broad variety of unfair trade practices including serial copying of

6  MGA products.  MGA is entitled to discovery on these claims.

7          This request does not seek documents protected by the attorney-client

8  privilege, the attorney work product doctrine, or other applicable privileges.  To the

9  extent that Mattel contends that it does, Mattel must provide a privilege log.

10          As for relevancy, Mattel has not attempted to demonstrate why

11  responding to this request and/or producing responsive documents is irrelevant to

12  the present action.  On the contrary, MGA has alleged that Mattel is engaged in

13  copying of MGA products, and MY SCENE is an example of one such product line.

14  MGA also seeks damages and profits derived by Mattel for its acts of false

15  designation of origin or affiliation, unfair competition and unfair business practices

16  and dilution.  A request to seek documents sufficient to show customer returns to

17  Mattel of any MY SCENE PRODUCT sold or distributed by Mattel or its licensees

18  is therefore relevant to this action and MGA's claim.

19          Mattel objects that the request contains confidential, proprietary, and

20  trade secret information.  A Protective Order exists in this case, obviating any

21  concern as to protection of privacy rights and/or commercially sensitive

22  information.

23          None of Mattel's improper objections are valid and Mattel is obligated

24  to produce all non-privileged responsive documents in its possession, custody, or

25  control.

26  **MATTEL'S RESPONSE:**

27          MGA's argument that it is entitled to these documents fails on the

28  merits.  MGA argues that "Mattel has not attempted to demonstrate why responding

1    to this request and/or producing responsive documents is irrelevant to the present
2    action."  However, the burden is not on Mattel to show irrelevancy.  Rather, MGA
3    must establish that its discovery meets the relevance requirements of Rule
4    26(b)(1).[1627]  MGA asserts that documents sufficient to show customer returns of
5    MY SCENE products sold or distributed by Mattel or its licensees is relevant
6    because MGA has alleged that Mattel is engaging in copying of MGA products, and
7    seeks damages for its false designation of origin, unfair competition, and dilution
8    claims.  However, MGA does not explain why customer returns of MY SCENE
9    products is relevant to these claims.  MGA has made no showing how this request is
10   related to the claims and defenses in this case.  "A trial court has a duty, of special
11   significance in lengthy and complex cases where the possibility of abuse is always
12   present, to supervise and limit discovery to protect parties and witnesses from
13   annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664
14   (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559
15   F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste
16   Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous
17   Discovery Master has held, a party may not propound document requests as part of a
18   fishing expedition or to discover new claims.[1628]  Rivera v. NIBCO, Inc., 364 F.3d
19   1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
20   to engage in 'fishing expeditions.'").

21
22

---

23   [1627]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
24   Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
25   initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. 2009).
26   [1628]  See Order Granting In Part and Denying In Part Mattel's Motion for
27   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
     1.
28

1    Even if it were relevant, the Request is overbroad.  The Request seeks

2  documents showing the customer returns of all MY SCENE products, including

3  products not at issue in MGA's complaint, and regardless of whether those returns

4  have any relation to the case.

5    Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

6  that a Court should limit the extent of discovery if it determines that the burden of

7  the proposed discovery outweighs its likely benefit; the discovery sought is

8  unreasonably cumulative or duplicative, or is obtainable from some other source that

9  is more convenient, less burdensome, or less expensive; or the party seeking

10  discovery has had ample opportunity by discovery in the action to obtain the

11  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

12  producing the documents responsive to this overbroad Request would greatly

13  outweigh any marginal benefit to MGA.

14    There is no basis for overruling Mattel's privilege objection.  MGA's

15  bald assertion that "[t]his request does not seek information protected by the

16  attorney-client privilege, the attorney work product doctrine, or other applicable

17  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

18  agreed that "all privileged documents would be logged except for documents created

19  after this action was filed on April 27, 2004."[1629]  Thus, to the extent  privileged

20  documents fall within the post lawsuit time period, they need not be included on

21  Mattel's log.

22    Finally, MGA failed to meet and confer at all, much less in good faith,

23  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

24  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

---

26  [1629]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

00505.07975/3161688.1

-812-

1 the moving party shall first identify each dispute, state the relief sought and identify

2 the authority supporting the requested relief in a meet and confer letter that shall be

3 served on all parties by facsimile or electronic mail. The parties shall have five court

4 days from the date of service of that letter to conduct an in-person conference to

5 attempt to resolve the dispute.").   At no point during the meet and confer process

6 did the parties discuss this Request or Mattel's response to it.[1630]  In order to engage

7 in a meaningful meet and confer, MGA had the burden to show the relevance of any

8 requests it sought to move on.[1631]   Because MGA refused to even attempt to make

9 this showing, there was no possibility of a good faith meet and confer to resolve the

10 parties' disputes.  The Discovery Master should deny MGA's motion with respect to

11 this Request on that grounds alone.

12 **REQUEST FOR PRODUCTION NO. 725**

13 　　　　DOCUMENTS sufficient to show customer rebates and credits given

14 by YOU or YOUR licensees to customers in connection with MY SCENE

15 PRODUCTS.

16 **RESPONSE TO REQUEST NO. 725:**

17 　　　　In addition to the general objections stated above which are

18 incorporated herein by reference, Mattel objects to this Request on the grounds that

19 it is overbroad and unduly burdensome, including in that it seeks all documents on

20 this subject without limitation as to time, and regardless of whether such documents

21 relate to products or matters at issue in this case.  Mattel further objects to the

22 Request on the grounds that it seeks documents that are not relevant to this action or

23 likely to lead to the discovery of admissible evidence.  Mattel further objects to this

24

25

26 　[1630]　See Webster Decl., ¶¶ 6-20.

27 　[1631]　See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28 (footnote continued)

1 | Request on the grounds that it seeks confidential, proprietary and trade secret
2 | information, including such information that has no bearing on the claims or
3 | defenses in this action.  Mattel further objects to this Request on the grounds that it
4 | calls for the disclosure of information subject to the attorney-client privilege, the
5 | attorney work-product doctrine and other applicable privileges.  Mattel further
6 | objects to this Request on the grounds this Request seeks information beyond the
7 | possession, custody, or control of Mattel.

8 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9 | **TO SHOULD BE COMPELLED**

10 |      Mattel has improperly limited its agreement to produce documents in
11 | response to this request, subject to its improper boilerplate objections.  Mattel has
12 | refused to confirm whether or not it has produced all non-privileged responsive
13 | documents or whether it is withholding documents based on its objections in Phase
14 | 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
15 | must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).
16 | Generic objections that fail to explain the basis for an objection with specificity are
17 | routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
18 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
19 | 'overly burdensome and harassing' are improper – especially when a party fails to
20 | submit any evidentiary declarations supporting such objections").  Accordingly,
21 | Mattel must be compelled either to certify that it has produced all non-privileged
22 | responsive documents or to produce all such documents by a date certain.

23 |      To the extent that Mattel is relying on its blanket objections, they are
24 | not sustainable and do not justify Mattel's failure to produce documents.

25 |
26 |
27 | initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
28 |

00505.07975/3161688.1

1        As to overbreadth, Mattel provides no explanation, let alone the

2 required particularity, as to **why** this request is supposedly overly broad, nor can it

3 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

4 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

5 contrary, the request is narrowly tailored to seek documents sufficient to show

6 customer rebates or credits given by Mattel or its licensees in connection with the

7 MY SCENE PRODUCTS.

8        As to burden, Mattel has not attempted to demonstrate why responding

9 to this request and/or producing responsive documents presents any burden. This

10 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

11 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12 request is unduly burdensome must allege specific facts which indicate the nature

13 and extent of the burden, usually by affidavit or other reliable evidence.")

14 Moreover, it is not unduly burdensome, as noted above, in that the request is

15 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

16 has engaged in a broad variety of unfair trade practices including serial copying of

17 MGA products. MGA is entitled to discovery on these claims.

18        This request does not seek documents protected by the attorney-client

19 privilege, the attorney work product doctrine, or other applicable privileges. To the

20 extent that Mattel contends that it does, Mattel must provide a privilege log.

21        As for relevancy, Mattel has not attempted to demonstrate why

22 responding to this request and/or producing responsive documents is irrelevant to

23 the present action. On the contrary, MGA has alleged that Mattel is engaged in

24 copying of MGA products, and MY SCENE is an example of one such product line.

25 MGA also seeks damages and profits derived by Mattel for its acts of false

26 designation of origin or affiliation, unfair competition and unfair business practices

27 and dilution.

28

1        A request to seek documents sufficient to show customer rebates or

2   credits given by Mattel or its licensees in connection with the MY SCENE

3   PRODUCTS is therefore relevant to this action and MGA's claim.

4        Mattel objects that the request contains confidential, proprietary, and

5   trade secret information.  A Protective Order exists in this case, obviating any

6   concern as to protection of privacy rights and/or commercially sensitive

7   information.

8        None of Mattel's improper objections are valid and Mattel is obligated

9   to produce all non-privileged responsive documents in its possession, custody, or

10  control.

11  **MATTEL'S RESPONSE:**

12       MGA's argument that it is entitled to these documents fails on the

13  merits.  MGA argues that "Mattel has not attempted to demonstrate why responding

14  to this request and/or producing responsive documents is irrelevant to the present

15  action."  However, the burden is not on Mattel to show irrelevancy.  Rather, MGA

16  must establish that its discovery meets the relevance requirements of Rule

17  26(b)(1).[1632]  MGA asserts that documents sufficient to show customer rebates or

18  credits given by Mattel or its licensees in connection with MY SCENE products is

19  relevant because MGA has alleged that Mattel is engaging in copying of MGA

20  products, and seeks damages for its false designation of origin, unfair competition,

21  and dilution claims.  However, MGA does not explain why customer rebates of MY

22  SCENE products is relevant to these claims.  MGA has made no showing how this

23  request is related to the claims and defenses in this case.  "A trial court has a duty, of

24  

25  [1632]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

28  1390794 at *1 (S.D. Cal. 2009).

00505.07975/3161688.1

-816-

1   special significance in lengthy and complex cases where the possibility of abuse is
2   always present, to supervise and limit discovery to protect parties and witnesses
3   from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664
4   (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559
5   F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste
6   Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous
7   Discovery Master has held, a party may not propound document requests as part of a
8   fishing expedition or to discover new claims.[1633]  Rivera v. NIBCO, Inc., 364 F.3d
9   1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
10  to engage in 'fishing expeditions.'").

11          Even if it were relevant, the Request is overbroad.  The Request seeks
12  documents showing the customer rebates and credits of all MY SCENE products,
13  including products not at issue in MGA's complaint, and regardless of whether those
14  rebates have any relation to the case.

15          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
16  that a Court should limit the extent of discovery if it determines that the burden of
17  the proposed discovery outweighs its likely benefit; the discovery sought is
18  unreasonably cumulative or duplicative, or is obtainable from some other source that
19  is more convenient, less burdensome, or less expensive; or the party seeking
20  discovery has had ample opportunity by discovery in the action to obtain the
21  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
22  producing the documents responsive to this overbroad Request would greatly
23  outweigh any marginal benefit to MGA.

24

25
_____

26  [1633]  See Order Granting In Part and Denying In Part Mattel's Motion for
27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
    1.
28



10    There is no basis for overruling Mattel's privilege objection.  MGA's

11  bald assertion that "[t]his request does not seek information protected by the

12  attorney-client privilege, the attorney work product doctrine, or other applicable

13  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

14  agreed that "all privileged documents would be logged except for documents created

15  after this action was filed on April 27, 2004."[1637]  Thus, to the extent  privileged

16  documents fall within the post lawsuit time period, they need not be included on

17  Mattel's log.

18    Finally, MGA failed to meet and confer at all, much less in good faith,

19  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

20  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

21  the moving party shall first identify each dispute, state the relief sought and identify

22  the authority supporting the requested relief in a meet and confer letter that shall be

23  _____

24  [1634]   See Pantel Dec. at ¶ 12.
25  [1635]   Id.
26  [1636]   Id.
27  [1637]   See Order Denying Mattel's Motion for Protective Order Limiting the
      Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
      3.

28

1  served on all parties by facsimile or electronic mail. The parties shall have five court

2  days from the date of service of that letter to conduct an in-person conference to

3  attempt to resolve the dispute.").   At no point during the meet and confer process

4  did the parties discuss this Request or Mattel's response to it.[1638]  In order to engage

5  in a meaningful meet and confer, MGA had the burden to show the relevance of any

6  requests it sought to move on.[1639]  Because MGA refused to even attempt to make

7  this showing, there was no possibility of a good faith meet and confer to resolve the

8  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

9  this Request on that grounds alone.

10  **REQUEST FOR PRODUCTION NO. 729**

11          All DOCUMENTS evidencing, reflecting, REFERRING OR

12  RELATING TO YOUR profits, by product number or SKU, from the sale of each

13  MY SCENE PRODUCT sold by YOU or YOUR licensees.

14  **RESPONSE TO REQUEST NO. 729:**

15          In addition to the general objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it is overbroad and unduly burdensome, including in that it seeks all documents on

18  this subject without limitation as to time, and regardless of whether such documents

19  relate to products or matters at issue in this case.  Mattel further objects to the

20  Request on the grounds that it seeks documents that are not relevant to this action or

21  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

22  Request on the grounds that it seeks confidential, proprietary and trade secret

23  information, including such information that has no bearing on the claims or

24

25

26  [1638]  See Webster Decl., ¶¶ 6-20.

27  [1639]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28  (footnote continued)

1  defenses in this action.  Mattel further objects to this Request on the grounds that it

2  calls for the disclosure of information subject to the attorney-client privilege, the

3  attorney work-product doctrine and other applicable privileges.  Mattel further

4  objects to this Request on the grounds this Request seeks information beyond the

5  possession, custody, or control of Mattel.

6  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

7  **TO SHOULD BE COMPELLED**

8         Mattel has improperly limited its agreement to produce documents in

9  response to this request, subject to its improper boilerplate objections.  Mattel has

10  refused to confirm whether or not it has produced all non-privileged responsive

11  documents or whether it is withholding documents based on its objections in Phase

12  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

13  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

14  Generic objections that fail to explain the basis for an objection with specificity are

15  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

16  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

17  'overly burdensome and harassing' are improper – especially when a party fails to

18  submit any evidentiary declarations supporting such objections").  Accordingly,

19  Mattel must be compelled either to certify that it has produced all non-privileged

20  responsive documents or to produce all such documents by a date certain.

21         To the extent that Mattel is relying on its blanket objections, they are

22  not sustainable and do not justify Mattel's failure to produce documents.

23         As to overbreadth, Mattel provides no explanation, let alone the

24  required particularity, as to *why* this request is supposedly overly broad, nor can it

25  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

26

27

initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

28      (footnote continued)

1  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2  contrary, the request is narrowly tailored to seek documents related to Mattel's

3  profits, by product number or SKU, from the sale of each MY SCENE PRODUCT

4  sold by Mattel or its licensees.

5          As to burden, Mattel has not attempted to demonstrate why responding

6  to this request and/or producing responsive documents presents any burden.  This

7  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

8  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9  request is unduly burdensome must allege specific facts which indicate the nature

10  and extent of the burden, usually by affidavit or other reliable evidence.")

11  Moreover, it is not unduly burdensome, as noted above, in that the request is

12  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

13  has engaged in a broad variety of unfair trade practices including serial copying of

14  MGA products.  MGA is entitled to discovery on these claims.

15          This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18          As for relevancy, Mattel has not attempted to demonstrate why

19  responding to this request and/or producing responsive documents is irrelevant to

20  the present action.  On the contrary, MGA has alleged that Mattel is engaged in

21  copying of MGA products, and MY SCENE is an example of one such product line.

22  MGA also seeks damages and profits derived by Mattel for its acts of false

23  designation of origin or affiliation, unfair competition and unfair business practices

24  and dilution.

25

26

27  1390794 at *1 (S.D. Cal. May 14, 2009).

28

1   A request to seek documents related to Mattel's profits, by product

2   number or SKU, from the sale of each MY SCENE PRODUCT sold by Mattel or its

3   licensees is therefore relevant to this action and MGA's claim.

4   Mattel objects that the request contains confidential, proprietary, and

5   trade secret information.  A Protective Order exists in this case, obviating any

6   concern as to protection of privacy rights and/or commercially sensitive

7   information.

8   None of Mattel's improper objections are valid and Mattel is obligated

9   to produce all non-privileged responsive documents in its possession, custody, or

10   control.

11   **MATTEL'S RESPONSE:**

12   MGA's argument that it is entitled to these documents fails on the

13   merits.  MGA argues that "Mattel has not attempted to demonstrate why responding

14   to this request and/or producing responsive documents is irrelevant to the present

15   action."  However, the burden is not on Mattel to show irrelevancy.  Rather, MGA

16   must establish that its discovery meets the relevance requirements of Rule

17   26(b)(1).[1640]  MGA asserts that documents sufficient to show the profit from the sale

18   of each MY SCENE product is relevant because MGA has alleged that Mattel is

19   engaging in copying of MGA products, and seeks damages for its false designation

20   of origin, unfair competition, and dilution claims.  However, MGA does not explain

21   why the profits from for each and every MY SCENE product sale is relevant to

22   these claims.  MGA has made no showing how this request is related to the claims

23   and defenses in this case.  "A trial court has a duty, of special significance in lengthy

24

---

25   [1640]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26   Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27   initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

1390794 at *1 (S.D. Cal. 2009).

28

-822-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET SEVEN)

1  and complex cases where the possibility of abuse is always present, to supervise and
2  limit discovery to protect parties and witnesses from annoyance and excessive
3  expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also
4  Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36
5  (D.C.D. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
6  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
7  party may not propound document requests as part of a fishing expedition or to
8  discover new claims.[1641]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.
9  2004) ("District courts need not condone the use of discovery to engage in 'fishing
10 expeditions.'").

11         Even if it were relevant, the Request is overbroad.  The Request seeks
12 all DOCUMENTS REFERRING OR RELATING TO YOUR profits, by product
13 number or SKU, from the sale of each MY SCENE PRODUCT sold by YOU or
14 YOUR licensees, including products not at issue in MGA's complaint and regardless
15 of whether those profits or sales have any relation to the case.

16         Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
17 that a Court should limit the extent of discovery if it determines that the burden of
18 the proposed discovery outweighs its likely benefit; the discovery sought is
19 unreasonably cumulative or duplicative, or is obtainable from some other source that
20 is more convenient, less burdensome, or less expensive; or the party seeking
21 discovery has had ample opportunity by discovery in the action to obtain the
22 information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
23 producing the documents responsive to this overbroad Request would greatly
24 outweigh any marginal benefit to MGA.

25

26 [1641]  See Order Granting In Part and Denying In Part Mattel's Motion for
27 Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
   1.
28



There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[1645]  Thus, to the extent  privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

**REQUEST FOR PRODUCTION NO. 730**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the number of units of each such MY SCENE PRODUCT sold by YOU or YOUR licensees to that customer.

---

[1642]  <u>See</u> Pantel Dec. at ¶ 12.
[1643]  <u>Id.</u>
[1644]  <u>Id.</u>
[1645]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

## RESPONSE TO REQUEST NO. 730:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds this Request seeks information beyond the possession, custody, or control of Mattel.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly,

1  Mattel must be compelled either to certify that it has produced all non-privileged

2  responsive documents or to produce all such documents by a date certain.

3         To the extent that Mattel is relying on its blanket objections, they are

4  not sustainable and do not justify Mattel's failure to produce documents.

5         As to overbreadth, Mattel provides no explanation, let alone the

6  required particularity, as to *why* this request is supposedly overly broad, nor can it

7  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

8  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

9  contrary, the request is narrowly tailored to seek documents sufficient to show, by

10 product number or SKU, and for each customer, the number of units of each MY

11 SCENE PRODUCT sold by Mattel or its licensees.

12        As to burden, Mattel has not attempted to demonstrate why responding

13 to this request and/or producing responsive documents presents any burden. This

14 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

15 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16 request is unduly burdensome must allege specific facts which indicate the nature

17 and extent of the burden, usually by affidavit or other reliable evidence.")

18 Moreover, it is not unduly burdensome, as noted above, in that the request is

19 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

20 has engaged in a broad variety of unfair trade practices including serial copying of

21 MGA products. MGA is entitled to discovery on these claims.

22        This request does not seek documents protected by the attorney-client

23 privilege, the attorney work product doctrine, or other applicable privileges. To the

24 extent that Mattel contends that it does, Mattel must provide a privilege log.

25        As for relevancy, Mattel has not attempted to demonstrate why

26 responding to this request and/or producing responsive documents is irrelevant to

27 the present action. On the contrary, MGA has alleged that Mattel is engaged in

28 copying of MGA products, and MY SCENE is an example of one such product line.

1  MGA also seeks damages and profits derived by Mattel for its acts of false
2  designation of origin or affiliation, unfair competition and unfair business practices
3  and dilution.  A request to seek documents sufficient to show by product number or
4  SKU, for each customer, the number of units of MY SCENE PRODUCT sold by
5  Mattel or its licensees is therefore relevant to this action and MGA's claim.

6            Mattel objects that the request contains confidential, proprietary, and
7  trade secret information.  A Protective Order exists in this case, obviating any
8  concern as to protection of privacy rights and/or commercially sensitive
9  information.

10           None of Mattel's improper objections are valid and Mattel is obligated
11 to produce all non-privileged responsive documents in its possession, custody, or
12 control.

13 **MATTEL'S RESPONSE:**

14           MGA's argument that it is entitled to these documents fails on the
15 merits.  MGA argues that "Mattel has not attempted to demonstrate why responding
16 to this request and/or producing responsive documents is irrelevant to the present
17 action."  However, the burden is not on Mattel to show irrelevancy.  Rather, MGA
18 must establish that its discovery meets the relevance requirements of Rule
19 26(b)(1).[1646]  MGA asserts that documents sufficient to show, for each customer to
20 whom Mattel or its licensees have ever sold a MY SCENE products, the number of
21 units of product sold to that customer, is relevant because MGA has alleged that
22 Mattel is engaging in copying of MGA products, and seeks damages for its false
23 designation of origin, unfair competition, and dilution claims.  However, MGA does

24

_____

25   [1646]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
26 Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
   initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
27 1390794 at *1 (S.D. Cal. 2009).

28

1  not explain why the number of units sold to each customer for each and every MY

2  SCENE product sale is relevant to these claims.  MGA has made no showing how

3  this request is related to the claims and defenses in this case.  "A trial court has a

4  duty, of special significance in lengthy and complex cases where the possibility of

5  abuse is always present, to supervise and limit discovery to protect parties and

6  witnesses from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D.

7  661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World

8  Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v.

9  Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the

10  previous Discovery Master has held, a party may not propound document requests

11  as part of a fishing expedition or to discover new claims.[1647]  Rivera v. NIBCO, Inc.,

12  364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of

13  discovery to engage in 'fishing expeditions.'").

14          Even if it were relevant, the Request is overbroad.  The Request seeks

15  documents for each customer to whom Mattel or its licensees have ever sold any

16  MY SCENE PRODUCT, DOCUMENTS sufficient to show, by product number or

17  SKU, the number of units of each such MY SCENE DOLL, including products not

18  at issue in MGA's complaint, regardless of whether those products or sales have any

19  relation to the case.

20          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

21  that a Court should limit the extent of discovery if it determines that the burden of

22  the proposed discovery outweighs its likely benefit; the discovery sought is

23  unreasonably cumulative or duplicative, or is obtainable from some other source that

24  is more convenient, less burdensome, or less expensive; or the party seeking

---

[1647]  See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

1   discovery has had ample opportunity by discovery in the action to obtain the

2   information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

3   producing the documents responsive to this overbroad Request would greatly

4   outweigh any marginal benefit to MGA.

5   ████████████████████████████████████

6   ████████████████████████████████

7   ██████████████████████████████████████

8   ██████████████████████████████████████

9   ████████████████████████████████

10  ██████████████████████████████████████

11  ████████████████████████████████████

12  ██████████████████████████████████████

13  ████████████

14          There is no basis for overruling Mattel's privilege objection.  MGA's

15  bald assertion that "[t]his request does not seek information protected by the

16  attorney-client privilege, the attorney work product doctrine, or other applicable

17  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

18  agreed that "all privileged documents would be logged except for documents created

19  after this action was filed on April 27, 2004."[1651]  Thus, to the extent  privileged

20  documents fall within the post lawsuit time period, they need not be included on

21  Mattel's log.

22

23  ────────────────────────

24  [1648]   See Pantel Dec. at ¶ 12.

25  [1649]   Id.
    [1650]   Id.

26  [1651]   See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

28  3.

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4  the moving party shall first identify each dispute, state the relief sought and identify

5  the authority supporting the requested relief in a meet and confer letter that shall be

6  served on all parties by facsimile or electronic mail. The parties shall have five court

7  days from the date of service of that letter to conduct an in-person conference to

8  attempt to resolve the dispute.").   At no point during the meet and confer process

9  did the parties discuss this Request or Mattel's response to it.[1652]  In order to engage

10  in a meaningful meet and confer, MGA had the burden to show the relevance of any

11  requests it sought to move on.[1653]   Because MGA refused to even attempt to make

12  this showing, there was no possibility of a good faith meet and confer to resolve the

13  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

14  this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 731**

16    For each customer to whom YOU or YOUR licensees have ever sold

17  any MY SCENE PRODUCT, DOCUMENTS sufficient to show, by product number

18  or SKU, the revenue received by YOU from each such MY SCENE PRODUCT

19  sold by YOU or YOUR licensees to that customer.

20  **RESPONSE TO REQUEST NO. 731:**

21    In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the grounds that

23  it is overbroad and unduly burdensome, including in that it seeks all documents on

24

25

---

26  [1652]  See Webster Decl., ¶¶ 6-20.

27  [1653]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28  (footnote continued)

1  this subject without limitation as to time, and regardless of whether such documents

2  relate to products or matters at issue in this case.  Mattel further objects to the

3  Request on the grounds that it seeks documents that are not relevant to this action or

4  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

5  Request on the grounds that it seeks confidential, proprietary and trade secret

6  information, including such information that has no bearing on the claims or

7  defenses in this action.  Mattel further objects to this Request on the grounds that it

8  calls for the disclosure of information subject to the attorney-client privilege, the

9  attorney work-product doctrine and other applicable privileges.  Mattel further

10  objects to this Request on the grounds this Request seeks information beyond the

11  possession, custody, or control of Mattel.

12  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

13  **TO SHOULD BE COMPELLED**

14           Mattel has improperly limited its agreement to produce documents in

15  response to this request, subject to its improper boilerplate objections.  Mattel has

16  refused to confirm whether or not it has produced all non-privileged responsive

17  documents or whether it is withholding documents based on its objections in Phase

18  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

19  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

20  Generic objections that fail to explain the basis for an objection with specificity are

21  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

22  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

23  'overly burdensome and harassing' are improper – especially when a party fails to

24  submit any evidentiary declarations supporting such objections").  Accordingly,

25

26  _____

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

28  1390794 at *1 (S.D. Cal. May 14, 2009).

1   Mattel must be compelled either to certify that it has produced all non-privileged
2   responsive documents or to produce all such documents by a date certain.

3       To the extent that Mattel is relying on its blanket objections, they are
4   not sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the
6   required particularity, as to *why* this request is supposedly overly broad, nor can it
7   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
8   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
9   contrary, the request is narrowly tailored to seek documents sufficient to show by
10  product number or SKU, for each customer, the revenue received by Mattel from the
11  sale of each MY SCENE PRODUCT sold by Mattel or its licensees.

12      As to burden, Mattel has not attempted to demonstrate why responding
13  to this request and/or producing responsive documents presents any burden.  This
14  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
15  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
16  request is unduly burdensome must allege specific facts which indicate the nature
17  and extent of the burden, usually by affidavit or other reliable evidence.")
18  Moreover, it is not unduly burdensome, as noted above, in that the request is
19  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
20  has engaged in a broad variety of unfair trade practices including serial copying of
21  MGA products.  MGA is entitled to discovery on these claims.

22      This request does not seek documents protected by the attorney-client
23  privilege, the attorney work product doctrine, or other applicable privileges.  To the
24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25      As for relevancy, Mattel has not attempted to demonstrate why
26  responding to this request and/or producing responsive documents is irrelevant to
27  the present action.  On the contrary, MGA has alleged that Mattel is engaged in
28  copying of MGA products, and MY SCENE is an example of one such product line.

1  MGA also seeks damages and profits derived by Mattel for its acts of false

2  designation of origin or affiliation, unfair competition and unfair business practices

3  and dilution.

4         A request to seek documents sufficient to show by product number or

5  SKU, for each customer, the revenue received by Mattel from the sale of each MY

6  SCENE PRODUCT sold by Mattel or its licensees is therefore relevant to this action

7  and MGA's claim.

8         Mattel objects that the request contains confidential, proprietary, and

9  trade secret information.  A Protective Order exists in this case, obviating any

10  concern as to protection of privacy rights and/or commercially sensitive

11  information.

12         None of Mattel's improper objections are valid and Mattel is obligated

13  to produce all non-privileged responsive documents in its possession, custody, or

14  control.

15  **MATTEL'S RESPONSE:**

16         MGA's argument that it is entitled to these documents fails on the

17  merits.  MGA argues that "Mattel has not attempted to demonstrate why responding

18  to this request and/or producing responsive documents is irrelevant to the present

19  action."  However, the burden is not on Mattel to show irrelevancy.  Rather, MGA

20  must establish that its discovery meets the relevance requirements of Rule

21  26(b)(1).[1654]  MGA asserts that documents showing for each customer Mattel or its

22  licensees have ever sold any MY SCENE product, the revenue from each product

23  sold by product number or SKU, is relevant because MGA has alleged that Mattel is

24

---

25  [1654]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

1390794 at *1 (S.D. Cal. 2009).

28

engaging in copying of MGA products, and seeks damages for its false designation of origin, unfair competition, and dilution claims. However, MGA does not explain why the documents showing for each customer the revenue of MY SCENE products soldby product number or SKU is relevant to these claims. MGA has made no showing how this request is related to the claims and defenses in this case. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1655] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Even if it were relevant, the Request is overbroad. The Request seeks documents for each customer who has ever purchased a MY SCENE product showing the revenue from those sales, by product number or SKU, including products not at issue in MGA's complaint, and regardless of whether those products or revenue have any relation to the case.

Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that

---

[1655]   See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

1  is more convenient, less burdensome, or less expensive; or the party seeking

2  discovery has had ample opportunity by discovery in the action to obtain the

3  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

4  producing the documents responsive to this overbroad Request would greatly

5  outweigh any marginal benefit to MGA.

6

7

8

9

10

11

12

13

14

15

16              There is no basis for overruling Mattel's privilege objection.  MGA's

17  bald assertion that "[t]his request does not seek information protected by the

18  attorney-client privilege, the attorney work product doctrine, or other applicable

19  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

20  agreed that "all privileged documents would be logged except for documents created

21  after this action was filed on April 27, 2004."[1659]  Thus, to the extent  privileged

22

23  _____

24  [1656]  See Pantel Dec. at ¶ 12.

25  [1657]  Id.

25  [1658]  Id.

26  [1659]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1  documents fall within the post lawsuit time period, they need not be included on
2  Mattel's log.

3        Finally, MGA failed to meet and confer at all, much less in good faith,
4  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
6  the moving party shall first identify each dispute, state the relief sought and identify
7  the authority supporting the requested relief in a meet and confer letter that shall be
8  served on all parties by facsimile or electronic mail. The parties shall have five court
9  days from the date of service of that letter to conduct an in-person conference to
10  attempt to resolve the dispute.").  At no point during the meet and confer process
11  did the parties discuss this Request or Mattel's response to it.[1660]  In order to engage
12  in a meaningful meet and confer, MGA had the burden to show the relevance of any
13  requests it sought to move on.[1661]  Because MGA refused to even attempt to make
14  this showing, there was no possibility of a good faith meet and confer to resolve the
15  parties' disputes.  The Discovery Master should deny MGA's motion with respect to
16  this Request on that grounds alone.

17  **REQUEST FOR PRODUCTION NO. 734**

18        All DOCUMENTS REFERRING OR RELATING TO the value of the
19  "My Scene" brand.

20  **RESPONSE TO REQUEST NO. 734:**

21        In addition to the general objections stated above which are
22  incorporated herein by reference, Mattel objects to this Request on the grounds that
23  it is overbroad and unduly burdensome, including in that it seeks all documents on

24

25

26  [1660]  See Webster Decl., ¶¶ 6-20.
27  [1661]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
28  (footnote continued)

1   this subject without limitation as to time, and regardless of whether such documents

2   relate to products or matters at issue in this case.  Mattel further objects to the

3   Request on the grounds that it seeks documents that are not relevant to this action or

4   likely to lead to the discovery of admissible evidence.  Mattel further objects to this

5   Request on the grounds that it seeks confidential, proprietary and trade secret

6   information, including such information that has no bearing on the claims or

7   defenses in this action.  Mattel further objects to this Request on the grounds that it

8   calls for the disclosure of information subject to the attorney-client privilege, the

9   attorney work-product doctrine and other applicable privileges.

10   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

11   **TO SHOULD BE COMPELLED**

12         Mattel has improperly limited its agreement to produce documents in

13   response to this request, subject to its improper boilerplate objections.  Mattel has

14   refused to confirm whether or not it has produced all non-privileged responsive

15   documents or whether it is withholding documents based on its objections in Phase

16   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18   Generic objections that fail to explain the basis for an objection with specificity are

19   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

20   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

21   'overly burdensome and harassing' are improper – especially when a party fails to

22   submit any evidentiary declarations supporting such objections").  Accordingly,

23   Mattel must be compelled either to certify that it has produced all non-privileged

24   responsive documents or to produce all such documents by a date certain.

25

26

27   initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
1390794 at *1 (S.D. Cal. May 14, 2009).

28

1          To the extent that Mattel is relying on its blanket objections, they are
2   not sustainable and do not justify Mattel's failure to produce documents.

3          As to overbreadth, Mattel provides no explanation, let alone the
4   required particularity, as to *why* this request is supposedly overly broad, nor can it
5   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
6   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
7   contrary, the request is narrowly tailored to seek documents related to the value of
8   "My Scene" brand.

9          As to burden, Mattel has not attempted to demonstrate why responding
10  to this request and/or producing responsive documents presents any burden. This
11  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
12  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
13  request is unduly burdensome must allege specific facts which indicate the nature
14  and extent of the burden, usually by affidavit or other reliable evidence.")
15  Moreover, it is not unduly burdensome, as noted above, in that the request is
16  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
17  has engaged in a broad variety of unfair trade practices including serial copying of
18  MGA products. MGA is entitled to discovery on these claims.

19         This request does not seek documents protected by the attorney-client
20  privilege, the attorney work product doctrine, or other applicable privileges. To the
21  extent that Mattel contends that it does, Mattel must provide a privilege log.

22         As for relevancy, Mattel has not attempted to demonstrate why
23  responding to this request and/or producing responsive documents is irrelevant to
24  the present action. On the contrary, MGA has alleged that Mattel is engaged in
25  copying of MGA products, and MY SCENE is an example of one such product line.
26  MGA also seeks damages and profits derived by Mattel for its acts of false
27  designation of origin or affiliation, unfair competition and unfair business practices
28

00505.07975/3161688.1

1   and dilution.  A request to seek documents related to the value of "My Scene" brand

2   is therefore relevant to this action and MGA's claim.

3          Mattel objects that the request contains confidential, proprietary, and

4   trade secret information.  A Protective Order exists in this case, obviating any

5   concern as to protection of privacy rights and/or commercially sensitive

6   information.

7          None of Mattel's improper objections are valid and Mattel is obligated

8   to produce all non-privileged responsive documents in its possession, custody, or

9   control.

10  **MATTEL'S RESPONSE:**

11         MGA's argument that it is entitled to these documents fails on the

12  merits.  MGA argues that "Mattel has not attempted to demonstrate why responding

13  to this request and/or producing responsive documents is irrelevant to the present

14  action."  However, the burden is not on Mattel to show irrelevancy.  Rather, MGA

15  must establish that its discovery meets the relevance requirements of Rule

16  26(b)(1).[1662]  MGA asserts that documents referring or relating to the value of the

17  "My Scene" brand are relevant because MGA has alleged that Mattel is engaging in

18  copying of MGA products, and seeks damages for its false designation of origin,

19  unfair competition, and dilution claims.  However, MGA does not explain why the

20  documents referring or relating to the value of "My Scene" are relevant to these

21  claims.  MGA has made no showing how this request is related to the claims and

22  defenses in this case.  "A trial court has a duty, of special significance in lengthy and

23  complex cases where the possibility of abuse is always present, to supervise and

24

25  [1662]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
    initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
27  1390794 at *1 (S.D. Cal. 2009).

28

00505.07975/3161688.1

1   limit discovery to protect parties and witnesses from annoyance and excessive
2   expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also
3   Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36
4   (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
5   1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
6   party may not propound document requests as part of a fishing expedition or to
7   discover new claims.[1663]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.
8   2004) ("District courts need not condone the use of discovery to engage in 'fishing
9   expeditions.'").

10          Even if it were relevant, the Request is overbroad.  MGA has not put
11   the entirety of the My Scene line at issue, and therefore the value of certain parts of
12   the brand, such as its trademark or accessory products, are not even arguably within
13   the scope of the case.  Further, the Request is overbroad in that it seeks all
14   documents referring or relating to the value of the "My Scene" brand, regardless of
15   whether those documents have any relation to the case.  In seeking documents that
16   refer or relate to this subject, MGA is requesting a large universe of documents that
17   have no possible bearing on any issue in the case.

18          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
19   that a Court should limit the extent of discovery if it determines that the burden of
20   the proposed discovery outweighs its likely benefit; the discovery sought is
21   unreasonably cumulative or duplicative, or is obtainable from some other source that
22   is more convenient, less burdensome, or less expensive; or the party seeking
23   discovery has had ample opportunity by discovery in the action to obtain the
24   information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

25

26   [1663]  See Order Granting In Part and Denying In Part Mattel's Motion for
27   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
     1.
28

1  producing the documents responsive to this overbroad Request would greatly

2  outweigh any marginal benefit to MGA.



24

25  [1664]  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

26  [1665]  Moore Decl. ¶ 5, Dart Decl., Exh. 32.

27  [1666]  Id.

28  [1667]  Id.

1

2

3

4

5

6

7

8

9

10



11   There is no basis for overruling Mattel's privilege objection.  MGA's

12  bald assertion that "[t]his request does not seek information protected by the

13  attorney-client privilege, the attorney work product doctrine, or other applicable

14  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

15  agreed that "all privileged documents would be logged except for documents created

16  after this action was filed on April 27, 2004."[1669]  Thus, to the extent  privileged

17  documents fall within the post lawsuit time period, they need not be included on

18  Mattel's log.

19   The Request is also premature in advance of expert discovery.  <u>See</u>

20  <u>New Haven Temple SDA Church v. Consolidated Edison Corp.</u>, 1995 WL 358788,

21  at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o

22  the extent that the theories of damages applicable to these claims may be related to

23  the damages sought by plaintiff's fourth claim, the interrogatory is premature").

24

25   [1668]  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

26   [1669]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

28  3.

Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995)
(granting motion to compel interrogatory responses but noting that "this Court does
not expect Plaintiffs to address the issues that will be more appropriately dealt with
by experts, at a later date" and "since experts have not been either retained or
deposed, much of the remaining discovery is also premature.").

Finally, MGA failed to meet and confer at all, much less in good faith,
regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
the moving party shall first identify each dispute, state the relief sought and identify
the authority supporting the requested relief in a meet and confer letter that shall be
served on all parties by facsimile or electronic mail. The parties shall have five court
days from the date of service of that letter to conduct an in-person conference to
attempt to resolve the dispute.").   At no point during the meet and confer process
did the parties discuss this Request or Mattel's response to it.[1670]  In order to engage
in a meaningful meet and confer, MGA had the burden to show the relevance of any
requests it sought to move on.[1671]   Because MGA refused to even attempt to make
this showing, there was no possibility of a good faith meet and confer to resolve the
parties' disputes.  The Discovery Master should deny MGA's motion with respect to
this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 735**

All DOCUMENTS REFERRING OR RELATING TO the MY SCENE
DOLL's share of the fashion doll market including, without limitation, the extent to

---

[1670]   See Webster Decl., ¶¶ 6-20.
[1671]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
1390794 at *1 (S.D. Cal. May 14, 2009).

1  which MY SCENE has been or is gaining or losing market share in the fashion doll

2  market.

3  **RESPONSE TO REQUEST NO. 735:**

4          In addition to the general objections stated above which are

5  incorporated herein by reference, Mattel objects to this Request on the grounds that

6  it is overbroad and unduly burdensome, including in that it seeks all documents on

7  this subject without limitation as to time, and regardless of whether such documents

8  relate to products or matters at issue in this case.  Mattel further objects to this

9  Request as vague and ambiguous.  Mattel further objects to the Request on the

10  grounds that it seeks documents that are not relevant to this action or likely to lead

11  to the discovery of admissible evidence.  Mattel further objects to this Request on

12  the grounds that it seeks confidential, proprietary and trade secret information,

13  including such information that has no bearing on the claims or defenses in this

14  action.  Mattel further objects to this Request on the grounds that it calls for the

15  disclosure of information subject to the attorney-client privilege, the attorney work-

16  product doctrine and other applicable privileges.

17  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

18  **TO SHOULD BE COMPELLED**

19          Mattel has not agreed to produce documents in response to this request,

20  subject to its improper boilerplate objections.  Mattel has refused to confirm whether

21  or not it has produced all non-privileged responsive documents or whether it is

22  withholding documents based on its objections in Phase 2.  Under the Federal Rules

23  of Civil Procedure, "an objection to part of a request must specify the part and

24  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

25  fail to explain the basis for an objection with specificity are routinely rejected in the

26  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

27  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

28  harassing' are improper – especially when a party fails to submit any evidentiary

1  declarations supporting such objections").  Accordingly, Mattel must be compelled
2  either to certify that it has produced all non-privileged responsive documents or to
3  produce all such documents by a date certain.

4       To the extent that Mattel is relying on its blanket objections, they are
5  not sustainable and do not justify Mattel's failure to produce documents.

6       As to overbreadth, Mattel provides no explanation, let alone the
7  required particularity, as to **why** this request is supposedly overly broad, nor can it
8  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
9  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
10  contrary, the request is narrowly tailored to seek documents concerning "My Scene's
11  share of the fashion doll market.

12       As to burden, Mattel has not attempted to demonstrate why responding
13  to this request and/or producing responsive documents presents any burden.  This
14  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
15  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
16  request is unduly burdensome must allege specific facts which indicate the nature
17  and extent of the burden, usually by affidavit or other reliable evidence.")
18  Moreover, it is not unduly burdensome, as noted above, in that the request is
19  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
20  has engaged in a broad variety of unfair trade practices including serial copying of
21  MGA products.  MGA is entitled to discovery on these claims.

22       This request does not seek documents protected by the attorney-client
23  privilege, the attorney work product doctrine, or other applicable privileges.  To the
24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25       Mattel objects that the request contains confidential, proprietary and
26  trade secret information.  A Protective Order exists in this case, obviating any
27  concern as to protection of privacy rights and/or commercially sensitive
28  information.

1    As for relevancy, Mattel has not attempted to demonstrate why the

2    information sought in response to this request is not discoverable in phase 2.  On the

3    contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

4    product lines, including it various dolls, packaging, themes, accessories, and

5    advertising.  Mattel's "MY SCENE" is an example of one such accused Mattel

6    product line.  Documents related to "My SCENE's" market share in the fashion dolls

7    market, including whether it is gaining or losing market share, its success or lack

8    thereof, are highly relevant to MGA's claims and discoverable in Phase 2.

9    None of Mattel's improper objections are valid and Mattel is obligated

10   to produce all non-privileged responsive documents in its possession, custody, or

11   control.

12   **MATTEL'S RESPONSE:**

13   MGA's argument that it is entitled to these documents fails on the

14   merits.  MGA argues that "Mattel has not attempted to demonstrate why the

15   information sought in response to this Request is not discoverable in phase 2."

16   However, the burden is not on Mattel to show irrelevancy.  Rather, MGA must

17   establish that its discovery meets the relevance requirements of Rule 26(b)(1).[1672]

18   MGA asserts that documents referring or relating to the MY SCENE DOLL'S share

19   of the fashion doll market are relevant because "MGA has alleged that Mattel has

20   engaged in serial copying of MGA's product lines, including it various dolls,

21   packaging, themes, accessories, and advertising" and MY SCENE "is an example of

22   one such accused Mattel product line."  However, MGA does not explain why the

23   documents referring or relating to MY SCENE's share of the fashion dollmarket is

24

25   [1672]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
26   Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
27   initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. 2009).
28

1  relevant to these claims. MGA has made no showing how this request is related to

2  the claims and defenses in this case. "A trial court has a duty, of special

3  significance in lengthy and complex cases where the possibility of abuse is always

4  present, to supervise and limit discovery to protect parties and witnesses from

5  annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664

6  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

7  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

8  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous

9  Discovery Master has held, a party may not propound document requests as part of a

10  fishing expedition or to discover new claims.[1673]  Rivera v. NIBCO, Inc., 364 F.3d

11  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

12  to engage in 'fishing expeditions.'").

13    Even if it were relevant, the Request is overbroad. Seeking all

14  documents referring or relating to the MY SCENE DOLL's share of the fashion doll

15  market, regardless of whether those documents have any relation to the case, is not

16  narrowly tailored to any Phase 2 issue. In seeking documents that refer or relate to

17  this subject, MGA is requesting a large universe of documents that have no possible

18  bearing on any issue in the case.

19    Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides

20  that a Court should limit the extent of discovery if it determines that the burden of

21  the proposed discovery outweighs its likely benefit; the discovery sought is

22  unreasonably cumulative or duplicative, or is obtainable from some other source that

23  is more convenient, less burdensome, or less expensive; or the party seeking

24  discovery has had ample opportunity by discovery in the action to obtain the

25

26  [1673]  See Order Granting In Part and Denying In Part Mattel's Motion for
27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
   1.
28

1  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

2  producing the documents responsive to this overbroad Request would greatly

3  outweigh any marginal benefit to MGA.



---

1674  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
1675  Moore Decl. ¶ 5, Dart Decl., Exh. 32.
1676  Id.
1677  Id.



13    There is no basis for overruling Mattel's privilege objection.  MGA's

14  bald assertion that "[t]his request does not seek information protected by the

15  attorney-client privilege, the attorney work product doctrine, or other applicable

16  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

17  agreed that "all privileged documents would be logged except for documents created

18  after this action was filed on April 27, 2004."[1679]  Thus, to the extent  privileged

19  documents fall within the post lawsuit time period, they need not be included on

20  Mattel's log.

21    The Request is also premature in advance of expert discovery.  <u>See</u>

22  <u>New Haven Temple SDA Church v. Consolidated Edison Corp.</u>, 1995 WL 358788,

23  at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o

---

[1678]  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

[1679]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the
Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
3.

1   the extent that the theories of damages applicable to these claims may be related to

2   the damages sought by plaintiff's fourth claim, the interrogatory is premature").

3   Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995)

4   (granting motion to compel interrogatory responses but noting that "this Court does

5   not expect Plaintiffs to address the issues that will be more appropriately dealt with

6   by experts, at a later date" and "since experts have not been either retained or

7   deposed, much of the remaining discovery is also premature.").

8          Finally, MGA failed to meet and confer at all, much less in good faith,

9   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

10  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

11  the moving party shall first identify each dispute, state the relief sought and identify

12  the authority supporting the requested relief in a meet and confer letter that shall be

13  served on all parties by facsimile or electronic mail. The parties shall have five court

14  days from the date of service of that letter to conduct an in-person conference to

15  attempt to resolve the dispute.").   At no point during the meet and confer process

16  did the parties discuss this Request or Mattel's response to it.[1680]   In order to engage

17  in a meaningful meet and confer, MGA had the burden to show the relevance of any

18  requests it sought to move on.[1681]   Because MGA refused to even attempt to make

19  this showing, there was no possibility of a good faith meet and confer to resolve the

20  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

21  this Request on that grounds alone.

22

23

24

25   [1680]   See Webster Decl., ¶¶ 6-20.

26   [1681]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
     Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
27   initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. May 14, 2009).
28

**REQUEST FOR PRODUCTION NO. 741**

All DOCUMENTS REFERRING OR RELATING TO any decision made by YOU not to sell, grant, or license to any PERSON the rights to any toy design or idea, including, but not limited to, fashion dolls that YOU did not intend to exploit or develop.

**RESPONSE TO REQUEST NO. 741**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents related to decisions not to sell, grant, or license for toy designs or ideas, (including fashion dolls) that Mattel did not intend to exploit or develop.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

1    As for relevancy, Mattel has not attempted to demonstrate why

2   responding to this request and/or producing responsive documents is irrelevant to

3   the present action.  MGA's allegations include claims that Mattel unfairly copied its

4   designs.  Evidence relating to ideas that Mattel decided not to license may provide

5   evidence that Mattel was focused on products similar to MGA's and that it intended

6   not to develop new products, but rather to copy products of MGA.  Further, Mattel's

7   affirmative claims include a broad prayer for relief.  MGA is therefore entitled to

8   broad discovery of other information which may account for any damage Mattel

9   alleged is caused by MGA.  Accordingly, MGA should be allowed discovery on

10   Mattel's business decisions regarding licensing.

11    Mattel objects that the request contains confidential, proprietary, and

12   trade secret information.  A Protective Order exists in this case, obviating any

13   concern as to protection of privacy rights and/or commercially sensitive

14   information.

15    None of Mattel's improper objections are valid and Mattel is obligated

16   to produce all non-privileged responsive documents in its possession, custody, or

17   control.

18   **MATTEL'S RESPONSE:**

19    MGA's argument that it is entitled to these documents fails on the

20   merits.  MGA argues that "Mattel has not attempted to demonstrate why responding

21   to this request and/or producing responsive documents is irrelevant to the present

22   action."  However, the burden is not on Mattel to show irrelevancy.  Rather, MGA

23   must establish that its discovery meets the relevance requirements of Rule

24   26(b)(1).[1682]  MGA asserts that documents referring or relating to any decision by

25

26

---

[1682]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
(footnote continued)

1   Mattel not to sell, grant, or license the rights to any toy design or idea are relevant
2   because Mattel's "affirmative claims include a broad prayer for relief" and "MGA is
3   therefore entitled to broad discovery of other information which may account for
4   any damage Mattel alleged is caused by MGA." But MGA does not explain why
5   documents about decisions not to license toys or ideas would relate to this defense.
6   MGA also argues that the Request is relevant to its claims that Mattel unfairly
7   copied its designs. But decisions not to sell or license to another person the rights to
8   a toy design or idea can have no bearing on whether Mattel copied MGA designs.
9   MGA has not shown that the Request is likely to lead to admissible evidence or is
10  relevant to this or any other claim in Phase 2. "A trial court has a duty, of special
11  significance in lengthy and complex cases where the possibility of abuse is always
12  present, to supervise and limit discovery to protect parties and witnesses from
13  annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664
14  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559
15  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste
16  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous
17  Discovery Master has held, a party may not propound document requests as part of a
18  fishing expedition or to discover new claims.[1683]  Rivera v. NIBCO, Inc., 364 F.3d
19  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
20  to engage in 'fishing expeditions.'").

21          Even if it were relevant, the Request is overbroad.  The Request seeks
22  all documents referring or relating to decisions not to sell, grant, or license to any
23  PERSON the rights to any toy design or idea, regardless of whether those
24
25
26
_____
27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. 2009).
28

-854-

1  documents have any relation to the case.  In seeking documents that refer or relate to

2  this subject, with no limitations as to products or individuals, MGA is requesting a

3  large universe of documents that have no possible bearing on any issue in the case.

4          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

5  that a Court should limit the extent of discovery if it determines that the burden of

6  the proposed discovery outweighs its likely benefit; the discovery sought is

7  unreasonably cumulative or duplicative, or is obtainable from some other source that

8  is more convenient, less burdensome, or less expensive; or the party seeking

9  discovery has had ample opportunity by discovery in the action to obtain the

10  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

11  producing the documents responsive to this overbroad Request would greatly

12  outweigh any marginal benefit to MGA.



25  [1683]  See Order Granting In Part and Denying In Part Mattel's Motion for

26  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

27  1.
   [1684]  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

28

00505.07975/3161688.1



21   There is no basis for overruling Mattel's privilege objection.  MGA's

22   bald assertion that "[t]his request does not seek information protected by the

23   attorney-client privilege, the attorney work product doctrine, or other applicable

---

1685   Moore Decl. ¶ 5, Dart Decl., Exh. 32.
1686   Id.
1687   Id.
1688   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

1  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

2  agreed that "all privileged documents would be logged except for documents created

3  after this action was filed on April 27, 2004."[1689]  Thus, to the extent  privileged

4  documents fall within the post lawsuit time period, they need not be included on

5  Mattel's log.

6         Finally, MGA failed to meet and confer at all, much less in good faith,

7  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

8  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

9  the moving party shall first identify each dispute, state the relief sought and identify

10  the authority supporting the requested relief in a meet and confer letter that shall be

11  served on all parties by facsimile or electronic mail. The parties shall have five court

12  days from the date of service of that letter to conduct an in-person conference to

13  attempt to resolve the dispute.").   At no point during the meet and confer process

14  did the parties discuss this Request or Mattel's response to it.[1690]  In order to engage

15  in a meaningful meet and confer, MGA had the burden to show the relevance of any

16  requests it sought to move on.[1691]   Because MGA refused to even attempt to make

17  this showing, there was no possibility of a good faith meet and confer to resolve the

18  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

19  this Request on that grounds alone.

20

21

22

---

23  [1689]  See Order Denying Mattel's Motion for Protective Order Limiting the  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

24  3.

[1690]  See Webster Decl., ¶¶ 6-20.

25  [1691]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

27  1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  **REQUEST FOR PRODUCTION NO. 743**

2          All DOCUMENTS REFERRING OR RELATING TO any efforts

3  made by YOU to obtain, license or purchase the rights to any toy design or idea,

4  including, but not limited to, fashion dolls, that YOU did not intend to exploit or

5  develop.

6  **RESPONSE TO REQUEST NO. 743:**

7          In addition to the general objections stated above which are

8  incorporated herein by reference, Mattel objects to this Request on the grounds that

9  it is overbroad and unduly burdensome, including in that it seeks all documents on

10  this subject without limitation as to time, and regardless of whether such documents

11  relate to products or matters at issue in this case.  Mattel further objects to the

12  Request on the grounds that it seeks documents that are not relevant to this action or

13  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

14  Request on the grounds that it seeks confidential, proprietary and trade secret

15  information, including such information that has no bearing on the claims or

16  defenses in this action.  Mattel further objects to this Request on the grounds that it

17  calls for the disclosure of information subject to the attorney-client privilege, the

18  attorney work-product doctrine and other applicable privileges.

19  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

20  **TO SHOULD BE COMPELLED**

21          Mattel has improperly limited its agreement to produce documents in

22  response to this request, subject to its improper boilerplate objections.  Mattel has

23  refused to confirm whether or not it has produced all non-privileged responsive

24  documents or whether it is withholding documents based on its objections in Phase

25  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

26  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

27  Generic objections that fail to explain the basis for an objection with specificity are

28  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

00505.07975/3161688.1

234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents related to any efforts made by Mattel to obtain, license or purchase the rights to any toy design or idea, (including, but not limited to fashion dolls) that Mattel did not intend to exploit or develop.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

1          As for relevancy, Mattel has not attempted to demonstrate why

2  responding to this request and/or producing responsive documents is irrelevant to

3  the present action.  Mattel's prayer for relief is extremely, and overly, broad.

4  Because Mattel's pleadings seek such broad relief, MGA is entitled to extremely

5  broad discovery on these issues.  A request to seek documents related to any efforts

6  made by Mattel to obtain, license or purchase the rights to any toy design or idea,

7  (including, but not limited to fashion dolls) that Mattel did not intend to exploit or

8  develop is therefore relevant to this action and MGA's defense.

9          Mattel objects that the request contains confidential, proprietary, and

10  trade secret information.  A Protective Order exists in this case, obviating any

11  concern as to protection of privacy rights and/or commercially sensitive

12  information.

13          None of Mattel's improper objections are valid and Mattel is obligated

14  to produce all non-privileged responsive documents in its possession, custody, or

15  control.

16  **MATTEL'S RESPONSE:**

17          MGA's argument that it is entitled to these documents fails on the

18  merits.  MGA argues that "Mattel has not attempted to demonstrate why responding

19  to this request and/or producing responsive documents is irrelevant to the present

20  action."  However, the burden is not on Mattel to show irrelevancy.  Rather, MGA

21  must establish that its discovery meets the relevance requirements of Rule

22  26(b)(1).[1692]  MGA asserts that documents referring or relating to any efforts made

23  by Mattel to obtain, license, or purchase the rights to any toy design or idea that

24

_____

25  [1692]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27  initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL

     1390794 at *1 (S.D. Cal. 2009).

28

1   Mattel did not intend to exploit or develop are relevant because "Mattel's pleadings
2   seek such broad relief [and] MGA is therefore entitled to broad discovery on these
3   issues." But MGA does not explain what Phase 2 claims or defenses this Request is
4   relevant to, or why it is relevant to Mattel's prayer for relief.   "A trial court has a
5   duty, of special significance in lengthy and complex cases where the possibility of
6   abuse is always present, to supervise and limit discovery to protect parties and
7   witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D.
8   661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World
9   Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v.
10   Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the
11   previous Discovery Master has held, a party may not propound document requests
12   as part of a fishing expedition or to discover new claims.[1693]   Rivera v. NIBCO, Inc.,
13   364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of
14   discovery to engage in 'fishing expeditions.'").

15          Even if it were relevant, the Request is overbroad.  The Request seeks
16   all documents referring or relating to any efforts by Mattel ot obtain, license, or
17   purchase the rights to any toy design or idea that Mattel did not intend to exploit or
18   develop, regardless of whether those documents have any relation to the case.  In
19   seeking documents that refer or relate to this subject, MGA is requesting a large
20   universe of documents that have no possible bearing on any issue in the case.
21   Further, the Request has no limitation as to time, meaning it seeks documents for
22   time periods well before MGA even existed as a company and otherwise unrelated
23   to any claim or defense in the case.

24

25   _____

26   [1693]   See Order Granting In Part and Denying In Part Mattel's Motion for
27   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
     1.
28

Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.  See <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA.



---

1694   Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
1695   Moore Decl. ¶ 5, Dart Decl., Exh. 32.
1696   <u>Id.</u>



17    There is no basis for overruling Mattel's privilege objection.  MGA's

18  bald assertion that "[t]his request does not seek information protected by the

19  attorney-client privilege, the attorney work product doctrine, or other applicable

20  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

21  agreed that "all privileged documents would be logged except for documents created

22  after this action was filed on April 27, 2004."[1699]  Thus, to the extent  privileged

23

24

25    [1697]   Id.
          [1698]   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

26    [1699]   See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
      3.

28

1  documents fall within the post lawsuit time period, they need not be included on

2  Mattel's log.

3         Finally, MGA failed to meet and confer at all, much less in good faith,

4  regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6  the moving party shall first identify each dispute, state the relief sought and identify

7  the authority supporting the requested relief in a meet and confer letter that shall be

8  served on all parties by facsimile or electronic mail. The parties shall have five court

9  days from the date of service of that letter to conduct an in-person conference to

10 attempt to resolve the dispute.").  At no point during the meet and confer process

11 did the parties discuss this Request or Mattel's response to it.[1700]  In order to engage

12 in a meaningful meet and confer, MGA had the burden to show the relevance of any

13 requests it sought to move on.[1701]  Because MGA refused to even attempt to make

14 this showing, there was no possibility of a good faith meet and confer to resolve the

15 parties' disputes.  The Discovery Master should deny MGA's motion with respect to

16 this Request on that grounds alone.

17 **REQUEST FOR PRODUCTION NO. 744**

18        All DOCUMENTS REFERRING OR RELATING TO any efforts

19 made by YOU to obtain, license or purchase the rights to any female fashion doll,

20 design or idea that YOU did intend to exploit or develop.

21 **RESPONSE TO REQUEST NO. 744:**

22        In addition to the general objections stated above which are

23 incorporated herein by reference, Mattel objects to this Request on the grounds that

24

25

---

26 [1700]  See Webster Decl., ¶¶ 6-20.

27 [1701]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
   Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28 (footnote continued)

1  it is overbroad and unduly burdensome, including in that it seeks all documents on

2  this subject without limitation as to time, and regardless of whether such documents

3  relate to products or matters at issue in this case.  Mattel further objects to the

4  Request on the grounds that it seeks documents that are not relevant to this action or

5  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

6  Request on the grounds that it seeks confidential, proprietary and trade secret

7  information, including such information that has no bearing on the claims or

8  defenses in this action.  Mattel further objects to this Request on the grounds that it

9  calls for the disclosure of information subject to the attorney-client privilege, the

10  attorney work-product doctrine and other applicable privileges.

11  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

12  **TO SHOULD BE COMPELLED**

13  Mattel has improperly limited its agreement to produce documents in

14  response to this request, subject to its improper boilerplate objections.  Mattel has

15  refused to confirm whether or not it has produced all non-privileged responsive

16  documents or whether it is withholding documents based on its objections in Phase

17  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

18  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

19  Generic objections that fail to explain the basis for an objection with specificity are

20  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

21  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

22  'overly burdensome and harassing' are improper – especially when a party fails to

23  submit any evidentiary declarations supporting such objections").  Accordingly,

24  Mattel must be compelled either to certify that it has produced all non-privileged

25  responsive documents or to produce all such documents by a date certain.

26

27

28  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    (footnote continued)

1        To the extent that Mattel is relying on its blanket objections, they are

2   not sustainable and do not justify Mattel's failure to produce documents.

3        As to overbreadth, Mattel provides no explanation, let alone the

4   required particularity, as to **why** this request is supposedly overly broad, nor can it

5   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

6   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7   contrary, the request is narrowly tailored to seek documents related to any efforts

8   made by Mattel to obtain, license or purchase the rights to any female fashion doll

9   design or idea that Mattel did intend to exploit or develop.

10       As to burden, Mattel has not attempted to demonstrate why responding

11  to this request and/or producing responsive documents presents any burden.  This

12  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

13  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14  request is unduly burdensome must allege specific facts which indicate the nature

15  and extent of the burden, usually by affidavit or other reliable evidence.")

16  Moreover, it is not unduly burdensome, as noted above, in that the request is

17  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

18  has engaged in a broad variety of unfair trade practices including serial copying of

19  MGA products.  MGA is entitled to discovery on these claims.

20       This request does not seek documents protected by the attorney-client

21  privilege, the attorney work product doctrine, or other applicable privileges.  To the

22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23       As for relevancy, Mattel has not attempted to demonstrate why

24  responding to this request and/or producing responsive documents is irrelevant to

25  the present action.  Mattel's prayer for relief is extremely, and overly, broad.

26

27  1390794 at *1 (S.D. Cal. May 14, 2009).

28

1    Because Mattel's pleadings seek such broad relief, MGA is entitled to extremely

2    broad discovery on these issues.  A request to seek documents related to any efforts

3    made by Mattel to obtain, license or purchase the rights to any female fashion doll

4    design or idea that Mattel did intend to exploit or develop is therefore relevant to

5    this action and MGA's defense.

6           Mattel objects that the request contains confidential, proprietary, and

7    trade secret information.  A Protective Order exists in this case, obviating any

8    concern as to protection of privacy rights and/or commercially sensitive

9    information.

10          None of Mattel's improper objections are valid and Mattel is obligated

11   to produce all non-privileged responsive documents in its possession, custody, or

12   control.

13   **MATTEL'S RESPONSE:**

14          MGA's argument that it is entitled to these documents fails on the

15   merits.  MGA argues that "Mattel has not attempted to demonstrate why responding

16   to this request and/or producing responsive documents is irrelevant to the present

17   action."  However, the burden is not on Mattel to show irrelevancy.  Rather, MGA

18   must establish that its discovery meets the relevance requirements of Rule

19   26(b)(1).[1702]  MGA asserts that documents referring or relating to any efforts made

20   by Mattel to obtain, license, or purchase the rights to any female fashion doll that

21   Mattel did not intend to exploit or develop are relevant because "Mattel's pleadings

22   seek such broad relief [and] MGA is therefore entitled to broad discovery on these

23   issues."  But MGA does not explain what Phase 2 claims or defenses this Request is

24

25   [1702]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26   Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27   initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

     1390794 at *1 (S.D. Cal. 2009).

28

1 relevant to, or why it is relevant to Mattel's prayer for relief. "A trial court has a
2 duty, of special significance in lengthy and complex cases where the possibility of
3 abuse is always present, to supervise and limit discovery to protect parties and
4 witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D.
5 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World
6 Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v.
7 Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the
8 previous Discovery Master has held, a party may not propound document requests
9 as part of a fishing expedition or to discover new claims.[1703] Rivera v. NIBCO, Inc.,
10 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of
11 discovery to engage in 'fishing expeditions.'").

12       Even if it were relevant, the Request is overbroad. The Request seeks
13 all documents referring or relating to any efforts by Mattel ot obtain, license, or
14 purchase the rights to any female fashion doll that Mattel did not intend to exploit or
15 develop, regardless of whether those documents have any relation to the case. In
16 seeking documents that refer or relate to this subject, with no limitations as to
17 products or individuals, MGA is requesting a large universe of documents that have
18 no possible bearing on any issue in the case.

19       Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides
20 that a Court should limit the extent of discovery if it determines that the burden of
21 the proposed discovery outweighs its likely benefit; the discovery sought is
22 unreasonably cumulative or duplicative, or is obtainable from some other source that
23 is more convenient, less burdensome, or less expensive; or the party seeking
24 discovery has had ample opportunity by discovery in the action to obtain the
25

---

26   [1703] See Order Granting In Part and Denying In Part Mattel's Motion for
27 Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
    1.
28

1    information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

2    producing the documents responsive to this overbroad Request would greatly

3    outweigh any marginal benefit to MGA.



25   [1704] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
26   [1705] Moore Decl. ¶ 5, Dart Decl., Exh. 32.
27   [1706] Id.
     [1707] Id.
28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN)

00505.07975/3161688.1

1

2

3

4

5

6

7

8

9

10

11

12



13        There is no basis for overruling Mattel's privilege objection.  MGA's

14   bald assertion that "[t]his request does not seek information protected by the

15   attorney-client privilege, the attorney work product doctrine, or other applicable

16   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

17   agreed that "all privileged documents would be logged except for documents created

18   after this action was filed on April 27, 2004."[1709]  Thus, to the extent  privileged

19   documents fall within the post lawsuit time period, they need not be included on

20   Mattel's log.

21        Finally, MGA failed to meet and confer at all, much less in good faith,

22   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

23   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

24

25   [1708]   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

26   [1709]   See Order Denying Mattel's Motion for Protective Order Limiting the

27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
     3.

28

1   the moving party shall first identify each dispute, state the relief sought and identify

2   the authority supporting the requested relief in a meet and confer letter that shall be

3   served on all parties by facsimile or electronic mail. The parties shall have five court

4   days from the date of service of that letter to conduct an in-person conference to

5   attempt to resolve the dispute.").   At no point during the meet and confer process

6   did the parties discuss this Request or Mattel's response to it.[1710]   In order to engage

7   in a meaningful meet and confer, MGA had the burden to show the relevance of any

8   requests it sought to move on.[1711]   Because MGA refused to even attempt to make

9   this showing, there was no possibility of a good faith meet and confer to resolve the

10   parties' disputes.  The Discovery Master should deny MGA's motion with respect to

11   this Request on that grounds alone.

12   **REQUEST FOR PRODUCTION NO. 745**

13           All DOCUMENTS REFERRING OR RELATING TO the material

14   terms of any licenses, from January 1, 1995 to the present, between YOU and any

15   PERSON, including but not limited to any freelancer or any MATTEL employee,

16   that created the original idea, drawings, or designs for any toy, including, but not

17   limited to, fashion dolls, ever sold by YOU, including but not limited to the royalty

18   rate, duration, exclusivity, or territorial restrictions of any such licenses.

19   **RESPONSE TO REQUEST NO. 745:**

20           In addition to the general objections stated above which are

21   incorporated herein by reference, Mattel objects to this Request on the grounds that

22   it is overbroad and unduly burdensome, including in that it seeks all documents

23   regardless of whether such documents relate to products or matters at issue in this

24

25

---

26   [1710]   See Webster Decl., ¶¶ 6-20.

27   [1711]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28   (footnote continued)

1   case. Mattel further objects to the Request on the grounds that it seeks documents

2   that are not relevant to this action or likely to lead to the discovery of admissible

3   evidence. Mattel further objects to this Request on the grounds that it seeks

4   confidential, proprietary and trade secret information, including such information

5   that has no bearing on the claims or defenses in this action. Mattel further objects to

6   this Request on the grounds that it calls for the disclosure of information subject to

7   the attorney-client privilege, the attorney work-product doctrine and other applicable

8   privileges.

9   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

10   **TO SHOULD BE COMPELLED**

11         Mattel has improperly limited its agreement to produce documents in

12   response to this request, subject to its improper boilerplate objections. Mattel has

13   refused to confirm whether or not it has produced all non-privileged responsive

14   documents or whether it is withholding documents based on its objections in Phase

15   2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

16   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

17   Generic objections that fail to explain the basis for an objection with specificity are

18   routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

19   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

20   'overly burdensome and harassing' are improper – especially when a party fails to

21   submit any evidentiary declarations supporting such objections"). Accordingly,

22   Mattel must be compelled either to certify that it has produced all non-privileged

23   responsive documents or to produce all such documents by a date certain.

24         To the extent that Mattel is relying on its blanket objections, they are

25   not sustainable and do not justify Mattel's failure to produce documents.

26

27

28   initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

      (footnote continued)

1    As to overbreadth, Mattel provides no explanation, let alone the

2    required particularity, as to *why* this request is supposedly overly broad, nor can it

3    do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

4    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5    contrary, the request is narrowly tailored to seek documents related to material terms

6    of any licenses, from January 1, 1995 to present, between Mattel and any person that

7    created the original idea, drawings or design for any toy ever sold by Mattel.  These

8    documents may include royalty rate, duration, exclusivity, or territorial restrictions.

9    As to burden, Mattel has not attempted to demonstrate why responding

10   to this request and/or producing responsive documents presents any burden.  This

11   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

12   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

13   request is unduly burdensome must allege specific facts which indicate the nature

14   and extent of the burden, usually by affidavit or other reliable evidence.")

15   Moreover, it is not unduly burdensome, as noted above, in that the request is

16   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

17   has engaged in a broad variety of unfair trade practices including serial copying of

18   MGA products.  MGA is entitled to discovery on these claims.

19   This request does not seek documents protected by the attorney-client

20   privilege, the attorney work product doctrine, or other applicable privileges.  To the

21   extent that Mattel contends that it does, Mattel must provide a privilege log.

22   As for relevancy, Mattel has not attempted to demonstrate why

23   responding to this request and/or producing responsive documents is irrelevant to

24   the present action.  Mattel's prayer for relief is extremely, and overly, broad.

25   Because Mattel's pleadings seek such broad relief, MGA is entitled to extremely

26

27   1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  broad discovery on these issues.  A request to seek documents related to material
2  terms of any licenses, from January 1, 1995 to present, between Mattel and any
3  person that created the original idea, drawings or design for any toy ever sold by
4  Mattel is relevant to this action and MGA's defense.

5          Mattel objects that the request contains confidential, proprietary, and
6  trade secret information.  A Protective Order exists in this case, obviating any
7  concern as to protection of privacy rights and/or commercially sensitive
8  information.

9          None of Mattel's improper objections are valid and Mattel is obligated
10  to produce all non-privileged responsive documents in its possession, custody, or
11  control.

12  **MATTEL'S RESPONSE:**

13          MGA's argument that it is entitled to these documents fails on the
14  merits.  MGA argues that "Mattel has not attempted to demonstrate why responding
15  to this request and/or producing responsive documents is irrelevant to the present
16  action."  However, the burden is not on Mattel to show irrelevancy.  Rather, MGA
17  must establish that its discovery meets the relevance requirements of <u>Rule</u>
18  <u>26(b)(1)</u>.[1712]  MGA asserts that documents "REFERRING OR RELATING TO the
19  material terms of any licenses, from January 1, 1995 to the present, between YOU
20  and any PERSON, including but not limited to any freelancer or any MATTEL
21  employee, that created the original idea, drawings, or designs for any toy, including,
22  but not limited to, fashion dolls, ever sold by YOU, including but not limited to the
23  royalty rate, duration, exclusivity, or territorial restrictions of any such licenses" are

24  _____

25  [1712]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery
26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
27  initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL
28  1390794 at *1 (S.D. Cal. 2009).

1 relevant because Mattel's "Mattel's pleadings seek such broad relief [and] MGA is
2 therefore entitled to broad discovery on these issues." But MGA does not explain
3 what Phase 2 claims or defenses this Request is relevant to, or why it is relevant to
4 Mattel's prayer for relief.   "A trial court has a duty, of special significance in
5 lengthy and complex cases where the possibility of abuse is always present, to
6 supervise and limit discovery to protect parties and witnesses from annoyance and
7 excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
8 also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
9 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
10 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
11 party may not propound document requests as part of a fishing expedition or to
12 discover new claims.[1713]   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.
13 2004) ("District courts need not condone the use of discovery to engage in 'fishing
14 expeditions.'").

15      Even if it were relevant, the Request is overbroad.  The Request seeks
16 all documents referring or relating to licenses from January 1, 1995 to the present,
17 between Mattel and anyone who created an original idea, drawing, or toy design
18 every sold by Mattel, regardless of whether those documents have any relation to the
19 case.  In seeking documents that refer or relate to this subject, MGA is requesting a
20 large universe of documents that have no possible bearing on any issue in the case.

21      Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
22 that a Court should limit the extent of discovery if it determines that the burden of
23 the proposed discovery outweighs its likely benefit; the discovery sought is
24 unreasonably cumulative or duplicative, or is obtainable from some other source that

---

26 [1713]   See Order Granting In Part and Denying In Part Mattel's Motion for
27 Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
 1.

1  is more convenient, less burdensome, or less expensive; or the party seeking

2  discovery has had ample opportunity by discovery in the action to obtain the

3  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

4  producing the documents responsive to this overbroad Request would greatly

5  outweigh any marginal benefit to MGA.

<sup>1714</sup> Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
<sup>1715</sup> Moore Decl. ¶ 5, Dart Decl., Exh. 32.
<sup>1716</sup> Id.



        There is no basis for overruling Mattel's privilege objection.  MGA's

bald assertion that "[t]his request does not seek information protected by the

attorney-client privilege, the attorney work product doctrine, or other applicable

privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

agreed that "all privileged documents would be logged except for documents created

after this action was filed on April 27, 2004."[1719]  Thus, to the extent  privileged

documents fall within the post lawsuit time period, they need not be included on

Mattel's log.

---

[1717]  Id.
[1718]  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4  the moving party shall first identify each dispute, state the relief sought and identify

5  the authority supporting the requested relief in a meet and confer letter that shall be

6  served on all parties by facsimile or electronic mail. The parties shall have five court

7  days from the date of service of that letter to conduct an in-person conference to

8  attempt to resolve the dispute.").   At no point during the meet and confer process

9  did the parties discuss this Request or Mattel's response to it.[1720]  In order to engage

10  in a meaningful meet and confer, MGA had the burden to show the relevance of any

11  requests it sought to move on.[1721]   Because MGA refused to even attempt to make

12  this showing, there was no possibility of a good faith meet and confer to resolve the

13  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

14  this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 746**

16    All DOCUMENTS REFERRING OR RELATING TO the material

17  terms of any licenses, from January 1, 1995 to the present, in which YOU granted to

18  any PERSON the rights to manufacture, market and sell any doll or toy racing

19  vehicle based on any idea, design, or intellectual property that was created by any of

20  YOUR employees but that YOU did not intend to exploit or develop.

21

22

---

23  [1719]   See Order Denying Mattel's Motion for Protective Order Limiting the
Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
24  3.

25  [1720]   See Webster Decl., ¶¶ 6-20.
[1721]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
27  1390794 at *1 (S.D. Cal. May 14, 2009).

28

**RESPONSE TO REQUEST NO. 746**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are
2    not sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the
4    required particularity, as to *why* this request is supposedly overly broad, nor can it
5    do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
6    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
7    contrary, the request is narrowly tailored to seek documents related to material terms
8    of any licenses, from January 1, 1995 to present, in which Mattel granted to any
9    person the rights to manufacture, market and sell any doll or toy racing vehicle
10   based on any idea, design or intellectual property that was created by any Mattel's
11   employees but that Matter did not intend to exploit of develop.

12   As to burden, Mattel has not attempted to demonstrate why responding
13   to this request and/or producing responsive documents presents any burden.  This
14   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
15   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
16   request is unduly burdensome must allege specific facts which indicate the nature
17   and extent of the burden, usually by affidavit or other reliable evidence.")
18   Moreover, it is not unduly burdensome, as noted above, in that the request is
19   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
20   has engaged in a broad variety of unfair trade practices including serial copying of
21   MGA products.  MGA is entitled to discovery on these claims.

22   This request does not seek documents protected by the attorney-client
23   privilege, the attorney work product doctrine, or other applicable privileges.  To the
24   extent that Mattel contends that it does, Mattel must provide a privilege log.

25   As for relevancy, Mattel has not attempted to demonstrate why
26   responding to this request and/or producing responsive documents is irrelevant to
27   the present action.  Mattel's prayer for relief is extremely, and overly, broad.
28   Because Mattel's pleadings seek such broad relief, MGA is entitled to extremely

1   broad discovery on these issues.  A request to seek documents related to material
2   terms of any licenses, from January 1, 1995 to present, in which Mattel granted to
3   any person the rights to manufacture, market and sell any doll or toy racing vehicle
4   based on any idea, design or intellectual property that was created by any Mattel's
5   employees but that Matter did not intend to exploit of develop is relevant to this
6   action and MGA's defense.

7          Mattel objects that the request contains confidential, proprietary, and
8   trade secret information.  A Protective Order exists in this case, obviating any
9   concern as to protection of privacy rights and/or commercially sensitive
10  information.

11         None of Mattel's improper objections are valid and Mattel is obligated
12  to produce all non-privileged responsive documents in its possession, custody, or
13  control.

14  **MATTEL'S RESPONSE:**

15         MGA's argument that it is entitled to these documents fails on the
16  merits.  MGA argues that "Mattel has not attempted to demonstrate why responding
17  to this request and/or producing responsive documents is irrelevant to the present
18  action."  However, the burden is not on Mattel to show irrelevancy.  Rather, MGA
19  must establish that its discovery meets the relevance requirements of Rule
20  26(b)(1).[1722]  MGA asserts that documents REFERRING OR RELATING TO the
21  material terms of any licenses from January 1, 1995 to the present, in whicdh Mattel
22  granted to any PERSON the rights to manufacture, market and sell any doll or toy
23  racing vehicle based on any idea, design, or intellectual property that was created by

24

25  [1722]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
    initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
27  1390794 at *1 (S.D. Cal. 2009).

28

any Mattel employees but that Mattel did not intend to develop or exploit, are relevant because "Mattel's pleadings seek such broad relief [and] MGA is therefore entitled to broad discovery on these issues." But MGA does not explain what Phase 2 claims or defenses this Request is relevant to, or why it is relevant to Mattel's prayer for relief. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1723] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Even if it were relevant, the Request is overbroad. The Request seeks all documents referring or relating to licenses from January 1, 1995 to the present, in which Mattel granted to any person the rights to manufacture, market, or sell a doll or toy racing vehicle based on an idea or design that was created by a Mattel employee but that Mattel did not intend to exploit or develop, regardless of whether those documents have any relation to the case. In seeking documents that refer or relate to this subject, MGA is requesting a large universe of documents that have no possible bearing on any issue in the case. Further, the Request seeks documents

---

[1723] See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

1   going as far back as 1995, meaning it seeks documents for time periods that predate

2   by a matter of years any claim or defense in the case.

3          Further, this Request is unduly burdensome. <u>Rule</u> 26(b)(2)(c) provides

4   that a Court should limit the extent of discovery if it determines that the burden of

5   the proposed discovery outweighs its likely benefit; the discovery sought is

6   unreasonably cumulative or duplicative, or is obtainable from some other source that

7   is more convenient, less burdensome, or less expensive; or the party seeking

8   discovery has had ample opportunity by discovery in the action to obtain the

9   information sought. <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c). The burden of locating and

10  producing the documents responsive to this overbroad Request would greatly

11  outweigh any marginal benefit to MGA.



12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   1724   Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

27   1725   Moore Decl. ¶ 5, Dart Decl., Exh. 32.

28



         There is no basis for overruling Mattel's privilege objection.  MGA's

bald assertion that "[t]his request does not seek information protected by the

attorney-client privilege, the attorney work product doctrine, or other applicable

privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

_____

[1726]  <u>Id.</u>
[1727]  <u>Id.</u>
[1728]  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

1    agreed that "all privileged documents would be logged except for documents created
2    after this action was filed on April 27, 2004."[1729]  Thus, to the extent  privileged
3    documents fall within the post lawsuit time period, they need not be included on
4    Mattel's log.

5          Finally, MGA failed to meet and confer at all, much less in good faith,
6    regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
7    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
8    the moving party shall first identify each dispute, state the relief sought and identify
9    the authority supporting the requested relief in a meet and confer letter that shall be
10   served on all parties by facsimile or electronic mail. The parties shall have five court
11   days from the date of service of that letter to conduct an in-person conference to
12   attempt to resolve the dispute.").   At no point during the meet and confer process
13   did the parties discuss this Request or Mattel's response to it.[1730]  In order to engage
14   in a meaningful meet and confer, MGA had the burden to show the relevance of any
15   requests it sought to move on.[1731]  Because MGA refused to even attempt to make
16   this showing, there was no possibility of a good faith meet and confer to resolve the
17   parties' disputes.  The Discovery Master should deny MGA's motion with respect to
18   this Request on that grounds alone.

19   **REQUEST FOR PRODUCTION NO. 748**

20         All DOCUMENTS REFERRING OR RELATING TO the design,
21   development, conception, creation, origins or sources of inspiration for the

22

23

---

24   [1729]  See Order Denying Mattel's Motion for Protective Order Limiting the
25   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
     3.
26   [1730]  See Webster Decl., ¶¶ 6-20.
27   [1731]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
     Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
28   (footnote continued)

1  GLAMERMAIDS, including, without limitation, the purpose for which

2  GLAMERMAIDS were created and whether BRATZ was a source of inspiration for

3  or factor in the development of GLAMERMAIDS.

4  **RESPONSE TO REQUEST NO. 748:**

5          In addition to the general objections stated above which are

6  incorporated herein by reference, Mattel objects to this Request on the grounds that

7  it is overbroad and unduly burdensome, including in that it seeks all documents on

8  this subject without limitation as to time, and regardless of whether such documents

9  relate to products or matters at issue in this case. Mattel further objects to the

10  Request on the grounds that it seeks documents that are not relevant to this action or

11  likely to lead to the discovery of admissible evidence. Mattel further objects to this

12  Request on the grounds that it seeks confidential, proprietary and trade secret

13  information, including such information that has no bearing on the claims or

14  defenses in this action. Mattel further objects to this Request on the grounds that it

15  calls for the disclosure of information subject to the attorney-client privilege, the

16  attorney work-product doctrine and other applicable privileges. Mattel further

17  objects to the extent the Request seeks documents already produced by Mattel.

18  Such documents will not be produced again.

19  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

20  **TO SHOULD BE COMPELLED**

21          Mattel has not agreed to produce documents in response to this request,

22  subject to its improper boilerplate objections. Mattel has refused to confirm whether

23  or not it has produced all non-privileged responsive documents or whether it is

24  withholding documents based on its objections in Phase 2. Under the Federal Rules

25  of Civil Procedure, "an objection to part of a request must specify the part and

26

27  initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL

28      (footnote continued)

1  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

2  fail to explain the basis for an objection with specificity are routinely rejected in the

3  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

4  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

5  harassing' are improper – especially when a party fails to submit any evidentiary

6  declarations supporting such objections").  Accordingly, Mattel must be compelled

7  either to certify that it has produced all non-privileged responsive documents or to

8  produce all such documents by a date certain.

9      To the extent that Mattel is relying on its blanket objections, they are

10  not sustainable and do not justify Mattel's failure to produce documents.

11      As to overbreadth, Mattel provides no explanation, let alone the

12  required particularity, as to *why* this request is supposedly overly broad, nor can it

13  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

14  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

15  contrary, the request is narrowly tailored to seek documents referring to the design,

16  development, conception, origins or sources of inspiration for the GLAMERMAIDS

17  line of goods sold or marketed by Mattel or others under license by Mattel.

18      As to burden, Mattel has not attempted to demonstrate why responding

19  to this request and/or producing responsive documents presents any burden.  This

20  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

21  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22  request is unduly burdensome must allege specific facts which indicate the nature

23  and extent of the burden, usually by affidavit or other reliable evidence.")

24  Moreover, it is not unduly burdensome, as noted above, in that the request is

25  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26

27  1390794 at *1 (S.D. Cal. May 14, 2009).

28

00505.07975/3161688.1

1   has engaged in a broad variety of unfair trade practices including serial copying of

2   MGA products.

3         This request does not seek documents protected by the attorney-client

4   privilege, the attorney work product doctrine, or other applicable privileges.  To the

5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6         As to relevancy, Mattel has not attempted to demonstrate why the

7   responsive documents are irrelevant to the current action.  On the contrary, MGA

8   has alleged that Mattel is engaged in copying of MGA products, and

9   GLAMERMAIDS is an example of one such product line.  A request for documents

10   that relate to Mattel's design, development, conception, origins or sources of

11   inspiration for the GLAMERMAIDS line of goods is therefore relevant to this

12   action and MGA's claim.

13         Mattel objects that the request contains confidential, proprietary, and

14   trade secret information.  A Protective Order exists in this case, obviating any

15   concern as to protection of privacy rights and/or commercially sensitive

16   information.

17         None of Mattel's improper objections are valid and Mattel is obligated

18   to produce all non-privileged responsive documents in its possession, custody, or

19   control.

20   **MATTEL'S RESPONSE:**

21         Mattel's relevance objection should be sustained.  MGA argues that

22   "Mattel has not attempted to demonstrate why the responsive documents are

23   irrelevant to the current action."  However, the burden is not on Mattel to show

24   irrelevancy.  Rather, MGA must establish that its discovery meets the relevance

25

26

27

28

1   requirements of <u>Rule</u> 26(b)(1).[1732]  MGA asserts that the discovery is relevant

2   because "MGA has alleged that Mattel is engaged in copying of MGA products, and

3   GLAMERMAIDS is an example of one such product."  However, nowhere in

4   MGA's complaint does it allege Mattel copied Glamermaids from any MGA

5   product.  "A trial court has a duty, of special significance in lengthy and complex

6   cases where the possibility of abuse is always present, to supervise and limit

7   discovery to protect parties and witnesses from annoyance and excessive expense."

8   <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways</u>

9   <u>Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.

10  1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D.

11  Ill. 1983) (same).  As the previous Discovery Master has held, a party may not

12  propound document requests as part of a fishing expedition or to discover new

13  claims.[1733]  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

14  courts need not condone the use of discovery to engage in 'fishing expeditions.'").

15          Further, the Request is overbroad.  The Request seeks <u>all</u> documents

16  <u>referring or relating</u> to the design, development, conception, creation, origins or

17  sources of information for the GLAMERMAIDS, regardless of whether those

18  documents have any relation to the case.  In seeking documents that refer or relate to

19  this subject, MGA is requesting a large universe of documents that have no possible

20  bearing on any issue in the case.  Further, the Request has no limitation as to time,

21  meaning it seeks documents for time periods that predate any claim or defense in the

22

23          [1732]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery

24  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

25  initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL
    1390794 at *1 (S.D. Cal. 2009).

26          [1733]  <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
    1.

28

case, and is also overbroad in that it seeks documents concerning events and products that post-date MGA's complaint, filed on April 15, 2005, based on MGA's own argument that was accepted by the Discovery Master in denying discovery Mattel was seeking regarding transactions occurring after the filing of Mattel's complaint.[1734]  MGA offers no reason, nor could it consistent with judicial estoppel, why documents post-dating the filing of claims which do not allege continuing wrongdoing are relevant to those claims.

To the extent the Request is not overbroad, Mattel has already produced documents related to GLAMERMAIDS and should be under no obligation to produce them again.

Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

---

[1734]   See MGA Parties' Reply In Support of Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6, where MGA argued that its transactions with the entities that financed acquisition of the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ███████████ ████████████████████████████████████████  In finding that "there has been no showing by Mattel that the Subpoenas to the Financing Entities are reasonably calculated to lead to the discovery of admissible evidence regarding the RICO counterclaim," the Discovery Master noted that "the RICO counterclaim (like the other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came into existence – and therefore apparently did not encompass the activities or the transactions which are the subject of the Financing Discovery."  Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

1   producing the documents responsive to this overbroad Request would greatly

2   outweigh any marginal benefit to MGA.



1735   Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
1736   Moore Decl. ¶ 5, Dart Decl., Exh. 32.
1737   Id.
1738   Id.

00505.07975/3161688.1



1

2

3

4

5

6

7

8

9

10    There is no basis for overruling Mattel's privilege objection.  MGA's

11    bald assertion that "[t]his request does not seek information protected by the

12    attorney-client privilege, the attorney work product doctrine, or other applicable

13    privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

14    agreed that "all privileged documents would be logged except for documents created

15    after this action was filed on April 27, 2004."[1740]  Thus, to the extent  privileged

16    documents fall within the post lawsuit time period, they need not be included on

17    Mattel's log.

18    Finally, MGA failed to meet and confer at all, much less in good faith,

19    regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

20    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

21    the moving party shall first identify each dispute, state the relief sought and identify

22    the authority supporting the requested relief in a meet and confer letter that shall be

23    served on all parties by facsimile or electronic mail. The parties shall have five court

24

25    [1739]   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

26    [1740]   See Order Denying Mattel's Motion for Protective Order Limiting the

27    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
3.

28

1   days from the date of service of that letter to conduct an in-person conference to
2   attempt to resolve the dispute.").   At no point during the meet and confer process
3   did the parties discuss this Request or Mattel's response to it.[1741]   In order to engage
4   in a meaningful meet and confer, MGA had the burden to show the relevance of any
5   requests it sought to move on.[1742]   Because MGA refused to even attempt to make
6   this showing, there was no possibility of a good faith meet and confer to resolve the
7   parties' disputes.  The Discovery Master should deny MGA's motion with respect to
8   this Request on that grounds alone.

9   **REQUEST FOR PRODUCTION NO. 749**

10          All DOCUMENTS REFERRING OR RELATING TO the decision to
11   discontinue development of or not to sell GLAMERMAIDS.

12   **RESPONSE TO REQUEST NO. 749:**

13          In addition to the general objections stated above which are
14   incorporated herein by reference, Mattel objects to this Request on the grounds that
15   it is overbroad and unduly burdensome, including in that it seeks all documents on
16   this subject without limitation as to time, and regardless of whether such documents
17   relate to products or matters at issue in this case.  Mattel further objects to the
18   Request on the grounds that it seeks documents that are not relevant to this action or
19   likely to lead to the discovery of admissible evidence.  Mattel further objects to this
20   Request on the grounds that it seeks confidential, proprietary and trade secret
21   information, including such information that has no bearing on the claims or
22   defenses in this action.  Mattel further objects to this Request on the grounds that it

23
24
25   [1741]   See Webster Decl., ¶¶ 6-20.
26   [1742]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
     Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
27   initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. May 14, 2009).
28

1   calls for the disclosure of information subject to the attorney-client privilege, the

2   attorney work-product doctrine and other applicable privileges.

3   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

4   **TO SHOULD BE COMPELLED**

5        Mattel has not agreed to produce documents in response to this request,

6   subject to its improper boilerplate objections. Mattel has refused to confirm whether

7   or not it has produced all non-privileged responsive documents or whether it is

8   withholding documents based on its objections in Phase 2. Under the Federal Rules

9   of Civil Procedure, "an objection to part of a request must specify the part and

10   permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

11   fail to explain the basis for an objection with specificity are routinely rejected in the

12   Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

13   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

14   harassing' are improper – especially when a party fails to submit any evidentiary

15   declarations supporting such objections"). Accordingly, Mattel must be compelled

16   either to certify that it has produced all non-privileged responsive documents or to

17   produce all such documents by a date certain.

18        To the extent that Mattel is relying on its blanket objections, they are

19   not sustainable and do not justify Mattel's failure to produce documents.

20        As to overbreadth, Mattel provides no explanation, let alone the

21   required particularity, as to *why* this request is supposedly overly broad, nor can it

22   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

23   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

24   contrary, the request is narrowly tailored to seek documents related to the decision

25   to discontinue development or sale of the GLAMERMAIDS line of goods sold or

26   marketed by Mattel or others under license by Mattel.

27        As to burden, Mattel has not attempted to demonstrate why responding

28   to this request and/or producing responsive documents presents any burden. This

1  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

2  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3  request is unduly burdensome must allege specific facts which indicate the nature

4  and extent of the burden, usually by affidavit or other reliable evidence.")

5  Moreover, it is not unduly burdensome, as noted above, in that the request is

6  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7  has engaged in a broad variety of unfair trade practices including serial copying of

8  MGA products.

9         This request does not seek documents protected by the attorney-client

10  privilege, the attorney work product doctrine, or other applicable privileges.  To the

11  extent that Mattel contends that it does, Mattel must provide a privilege log.

12         As to relevancy, Mattel has not attempted to demonstrate why the

13  responsive documents are irrelevant to the current action.  On the contrary, MGA

14  has alleged that Mattel is engaged in copying of MGA products, and

15  GLAMERMAIDS is an example of one such product line.  A request for documents

16  that relate to Mattel's decision to discontinue development and sell of the

17  GLAMERMAIDS line of goods is therefore relevant to this action and MGA's

18  claim.

19         Mattel objects that the request contains confidential, proprietary, and

20  trade secret information.  A Protective Order exists in this case, obviating any

21  concern as to protection of privacy rights and/or commercially sensitive

22  information.

23         None of Mattel's improper objections are valid and Mattel is obligated

24  to produce all non-privileged responsive documents in its possession, custody, or

25  control.

26  **MATTEL'S RESPONSE:**

27         Mattel's relevance objection should be sustained.  MGA argues that

28  "Mattel has not attempted to demonstrate why the responsive documents are

1  irrelevant to the current action." However, the burden is not on Mattel to show
2  irrelevancy. Rather, MGA must establish that its discovery meets the relevance
3  requirements of Rule 26(b)(1).[1743] MGA asserts that the discovery is relevant
4  because "MGA has alleged that Mattel is engaged in copying of MGA products, and
5  GLAMERMAIDS is an example of one such product." However, nowhere in
6  MGA's complaint does it allege Mattel copied Glamermaids from any MGA
7  product. "A trial court has a duty, of special significance in lengthy and complex
8  cases where the possibility of abuse is always present, to supervise and limit
9  discovery to protect parties and witnesses from annoyance and excessive expense."
10 Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways
11 Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.
12 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D.
13 Ill. 1983) (same). As the previous Discovery Master has held, a party may not
14 propound document requests as part of a fishing expedition or to discover new
15 claims.[1744] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District
16 courts need not condone the use of discovery to engage in 'fishing expeditions.'").
17         Further, the Request is overbroad. The Request seeks all documents
18 referring or relating to the decision to discontinue development of or not to sell
19 GLAMERMAIDS, regardless of whether those documents have any relation to the
20 case. In seeking documents that refer or relate to this subject, MGA is requesting a
21 large universe of documents that have no possible bearing on any issue in the case.

[1743]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
1390794 at *1 (S.D. Cal. 2009).
[1744]  See Order Granting In Part and Denying In Part Mattel's Motion for
Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
1.

1   Further, the Request has no limitation as to time, meaning it seeks documents for

2   time periods that predate any claim or defense in the case, and is also overbroad in

3   that it seeks documents concerning events and products that post-date MGA's

4   complaint, filed on April 15, 2005, based on MGA's own argument that was

5   accepted by the Discovery Master in denying discovery Mattel was seeking

6   regarding transactions occurring after the filing of Mattel's complaint.[1745]   MGA

7   offers no reason, nor could it consistent with judicial estoppel, why documents post-

8   dating the filing of claims which do not allege continuing wrongdoing are relevant

9   to those claims.

10          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

11  that a Court should limit the extent of discovery if it determines that the burden of

12  the proposed discovery outweighs its likely benefit; the discovery sought is

13  unreasonably cumulative or duplicative, or is obtainable from some other source that

14  is more convenient, less burdensome, or less expensive; or the party seeking

15  discovery has had ample opportunity by discovery in the action to obtain the

16  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

17

18

---

19  [1745]   See MGA Parties' Reply In Support of Their Motion to Quash Receiver

20  Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,

21  where MGA argued that its transactions with the entities that financed acquisition of
    the Wachovia debt were not relevant to Phase 2 because, *inter alia*, █████████

22  ████████████████████████████████████  In finding that "there has been

23  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
    calculated to lead to the discovery of admissible evidence regarding the RICO

24  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

25  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
    than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26  into existence – and therefore apparently did not encompass the activities or the

27  transactions which are the subject of the Financing Discovery."  Discovery Matter
    Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

28

1   producing the documents responsive to this overbroad Request would greatly

2   outweigh any marginal benefit to MGA.



24

25   1746   Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

26   1747   Moore Decl. ¶ 5, Dart Decl., Exh. 32.

27   1748   <u>Id.</u>

1749   <u>Id.</u>

28



There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[1751] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court

---

[1750]  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

[1751]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1  days from the date of service of that letter to conduct an in-person conference to

2  attempt to resolve the dispute.").   At no point during the meet and confer process

3  did the parties discuss this Request or Mattel's response to it.[1752]   In order to engage

4  in a meaningful meet and confer, MGA had the burden to show the relevance of any

5  requests it sought to move on.[1753]   Because MGA refused to even attempt to make

6  this showing, there was no possibility of a good faith meet and confer to resolve the

7  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

8  this Request on that grounds alone.

9  **REQUEST FOR PRODUCTION NO. 750**

10        All DOCUMENTS REFERRING OR RELATING TO the decision to

11  develop, revise, refresh or use GLAMERMAIDS in the development of MY

12  SCENE.

13  **RESPONSE TO REQUEST NO. 750:**

14        In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad and unduly burdensome, including in that it seeks all documents on

17  this subject without limitation as to time, and regardless of whether such documents

18  relate to products or matters at issue in this case.  Mattel further objects to the

19  Request on the grounds that it seeks documents that are not relevant to this action or

20  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

21  Request on the grounds that it seeks confidential, proprietary and trade secret

22  information, including such information that has no bearing on the claims or

23  defenses in this action.  Mattel further objects to this Request on the grounds that it

24

25 _____

26  [1752]  See Webster Decl., ¶¶ 6-20.

27  [1753]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28  (footnote continued)