1   calls for the disclosure of information subject to the attorney-client privilege, the

2   attorney work-product doctrine and other applicable privileges.

3   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

4   **TO SHOULD BE COMPELLED**

5        Mattel has not agreed to produce documents in response to this request,

6   subject to its improper boilerplate objections.  Mattel has refused to confirm whether

7   or not it has produced all non-privileged responsive documents or whether it is

8   withholding documents based on its objections in Phase 2.  Under the Federal Rules

9   of Civil Procedure, "an objection to part of a request must specify the part and

10  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

11  fail to explain the basis for an objection with specificity are routinely rejected in the

12  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

13  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

14  harassing' are improper – especially when a party fails to submit any evidentiary

15  declarations supporting such objections").  Accordingly, Mattel must be compelled

16  either to certify that it has produced all non-privileged responsive documents or to

17  produce all such documents by a date certain.

18       To the extent that Mattel is relying on its blanket objections, they are

19  not sustainable and do not justify Mattel's failure to produce documents.

20       As to overbreadth, Mattel provides no explanation, let alone the

21  required particularity, as to *why* this request is supposedly overly broad, nor can it

22  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

23  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

24  contrary, the request is narrowly tailored to seek documents related to the decision

25  to develop, revise, refresh or use the GLAMERMAIDS line of goods in the

26   

27  _____

    initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

28      (footnote continued)

1  development of MY SCENE line of dolls sold or marketed by Mattel or others under

2  license by Mattel.

3  As to burden, Mattel has not attempted to demonstrate why responding

4  to this request and/or producing responsive documents presents any burden. This

5  objection must therefore be rejected. <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.,</u>

6  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7  request is unduly burdensome must allege specific facts which indicate the nature

8  and extent of the burden, usually by affidavit or other reliable evidence.")

9  Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

11  has engaged in a broad variety of unfair trade practices including serial copying of

12  MGA products.

13  This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges. To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16  As to relevancy, Mattel has not attempted to demonstrate why the

17  responsive documents are irrelevant to the current action. On the contrary, MGA

18  has alleged that Mattel is engaged in copying of MGA products, and

19  GLAMERMAIDS is an example of one such product line. A request for documents

20  that relate to Mattel's decision to develop, revise, refresh or use the

21  GLAMERMAIDS line of goods in the development of MY SCENE line of dolls is

22  therefore relevant to this action and MGA's claim.

23  Mattel objects that the request contains confidential, proprietary, and

24  trade secret information. A Protective Order exists in this case, obviating any

25

26

27  1390794 at *1 (S.D. Cal. May 14, 2009).

28

1    concern as to protection of privacy rights and/or commercially sensitive

2    information.

3             None of Mattel's improper objections are valid and Mattel is obligated

4    to produce all non-privileged responsive documents in its possession, custody, or

5    control.

6    **MATTEL'S RESPONSE:**

7             Mattel's relevance objection should be sustained.  MGA argues that

8    "Mattel has not attempted to demonstrate why the responsive documents are

9    irrelevant to the current action."  However, the burden is not on Mattel to show

10   irrelevancy.  Rather, MGA must establish that its discovery meets the relevance

11   requirements of Rule 26(b)(1).[1754]  MGA asserts that the discovery is relevant

12   because "MGA has alleged that Mattel is engaged in copying of MGA products, and

13   GLAMERMAIDS is an example of one such product."  However, nowhere in

14   MGA's complaint does it allege Mattel copied Glamermaids from any MGA

15   product.  "A trial court has a duty, of special significance in lengthy and complex

16   cases where the possibility of abuse is always present, to supervise and limit

17   discovery to protect parties and witnesses from annoyance and excessive expense."

18   Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways

19   Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.

20   1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D.

21   Ill. 1983) (same).  As the previous Discovery Master has held, a party may not

22   propound document requests as part of a fishing expedition or to discover new

23

24

---

25   [1754]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26   Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27   initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

1    claims.[1755]   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

2    courts need not condone the use of discovery to engage in 'fishing expeditions.'").

3            Further, the Request is overbroad.  The Request seeks all documents

4    referring or relating to the decision to develop, revise, refresh, or use

5    GLAMERMAIDS in the development of MY SCENE, regardless of whether those

6    documents have any relation to the case.  In seeking documents that refer or relate to

7    this subject, MGA is requesting a large universe of documents that have no possible

8    bearing on any issue in the case.  Further, the Request has no limitation as to time,

9    meaning it seeks documents for time periods that predate any claim or defense in the

10   case, and is also overbroad in that it seeks documents concerning events and

11   products that post-date MGA's complaint, filed on April 15, 2005, based on MGA's

12   own argument that was accepted by the Discovery Master in denying discovery

13   Mattel was seeking regarding transactions occurring after the filing of Mattel's

14   complaint.[1756]  MGA offers no reason, nor could it consistent with judicial estoppel,

15

16   ———————————————

17   [1755]   See Order Granting In Part and Denying In Part Mattel's Motion for

18   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

19   1.
     [1756]   See MGA Parties' Reply In Support of Their Motion to Quash Receiver

20   Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,

21   where MGA argued that its transactions with the entities that financed acquisition of
     the Wachovia debt were not relevant to Phase 2 because, inter alia, ▮▮▮▮▮▮

22   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  In finding that "there has been

23   no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
     calculated to lead to the discovery of admissible evidence regarding the RICO

24   counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

25   other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
     than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26   into existence – and therefore apparently did not encompass the activities or the

27   transactions which are the subject of the Financing Discovery." Discovery Matter
     Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

28

1  why documents post-dating the filing of claims which do not allege continuing

2  wrongdoing are relevant to those claims.

3       Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

4  that a Court should limit the extent of discovery if it determines that the burden of

5  the proposed discovery outweighs its likely benefit; the discovery sought is

6  unreasonably cumulative or duplicative, or is obtainable from some other source that

7  is more convenient, less burdensome, or less expensive; or the party seeking

8  discovery has had ample opportunity by discovery in the action to obtain the

9  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

10  producing the documents responsive to this overbroad Request would greatly

11  outweigh any marginal benefit to MGA.



26

27  [1757] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

28  [1758] Moore Decl. ¶ 5, Dart Decl., Exh. 32.

1 ████████████████████████████████████████████████

2 ██████████████████████████████████████████████████████

3 ████████████████████████████████████████████████

4 ██████████████████████████████████████████████████████

5 ██████████████████████████████████████████████████████

6 ████████████████████████████████████████████████████

7       ████████████████████████████████████████████████

8 ██████████████████████████████████████████████████████

9 ████████████████████████████████████████████████████

10 ██████████████████████████████████████████████████████

11 ██████████████████████████████████████████████████████

12 ██████████████████████████████████████████████████████

13 ██████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████

15 ██████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████

17 ████

18       There is no basis for overruling Mattel's privilege objection.  MGA's

19 bald assertion that "[t]his request does not seek information protected by the

20 attorney-client privilege, the attorney work product doctrine, or other applicable

21 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

22 agreed that "all privileged documents would be logged except for documents created

23

24

25 ─────────────────────

26 [1759]   Id.

27 [1760]   Id.
   [1761]   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

28

1  after this action was filed on April 27, 2004."[1762]  Thus, to the extent  privileged

2  documents fall within the post lawsuit time period, they need not be included on

3  Mattel's log.

4          Finally, MGA failed to meet and confer at all, much less in good faith,

5  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

6  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

7  the moving party shall first identify each dispute, state the relief sought and identify

8  the authority supporting the requested relief in a meet and confer letter that shall be

9  served on all parties by facsimile or electronic mail. The parties shall have five court

10  days from the date of service of that letter to conduct an in-person conference to

11  attempt to resolve the dispute.").   At no point during the meet and confer process

12  did the parties discuss this Request or Mattel's response to it.[1763]  In order to engage

13  in a meaningful meet and confer, MGA had the burden to show the relevance of any

14  requests it sought to move on.[1764]   Because MGA refused to even attempt to make

15  this showing, there was no possibility of a good faith meet and confer to resolve the

16  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

17  this Request on that grounds alone.

18  **REQUEST FOR PRODUCTION NO. 751**

19          All DOCUMENTS REFERRING OR RELATING TO the selection,

20  approval process, design and development of the GLAMERMAIDS products and

21

22

23  [1762]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

24

25  [1763]   See Webster Decl., ¶¶ 6-20.

26  [1764]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

27

28

1   themes, including but not limited to any design drawings, MARKET RESEARCH,
2   and product approval memos.

3   **RESPONSE TO REQUEST NO. 751:**

4       In addition to the general objections stated above which are
5   incorporated herein by reference, Mattel objects to this Request on the grounds that
6   it is overbroad and unduly burdensome, including in that it seeks all documents on
7   this subject without limitation as to time, and regardless of whether such documents
8   relate to products or matters at issue in this case.  Mattel further objects to the
9   Request on the grounds that it seeks documents that are not relevant to this action or
10  likely to lead to the discovery of admissible evidence.  Mattel further objects to this
11  Request on the grounds that it seeks confidential, proprietary and trade secret
12  information, including such information that has no bearing on the claims or
13  defenses in this action.  Mattel further objects to this Request on the grounds that it
14  calls for the disclosure of information subject to the attorney-client privilege, the
15  attorney work-product doctrine and other applicable privileges.  Mattel further
16  objects to the extent, the Request seeks documents already produced by Mattel.
17  Such documents will not be produced again.

18  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
19  **TO SHOULD BE COMPELLED**

20      Mattel has not agreed to produce documents in response to this request,
21  subject to its improper boilerplate objections.  Mattel has refused to confirm whether
22  or not it has produced all non-privileged responsive documents or whether it is
23  withholding documents based on its objections in Phase 2.  Under the Federal Rules
24  of Civil Procedure, "an objection to part of a request must specify the part and
25  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
26  fail to explain the basis for an objection with specificity are routinely rejected in the
27  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
28  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

1   harassing' are improper – especially when a party fails to submit any evidentiary
2   declarations supporting such objections").  Accordingly, Mattel must be compelled
3   either to certify that it has produced all non-privileged responsive documents or to
4   produce all such documents by a date certain.

5          To the extent that Mattel is relying on its blanket objections, they are
6   not sustainable and do not justify Mattel's failure to produce documents.

7          As to overbreadth, Mattel provides no explanation, let alone the
8   required particularity, as to **why** this request is supposedly overly broad, nor can it
9   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
10  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
11  contrary, the request is narrowly tailored to seek documents related to the selection,
12  approval process, design and development of the GLAMERMAIDS products and
13  themes sold or marketed by Mattel or others under license by Mattel.

14         As to burden, Mattel has not attempted to demonstrate why responding
15  to this request and/or producing responsive documents presents any burden.  This
16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
17  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
18  request is unduly burdensome must allege specific facts which indicate the nature
19  and extent of the burden, usually by affidavit or other reliable evidence.")
20  Moreover, it is not unduly burdensome, as noted above, in that the request is
21  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
22  has engaged in a broad variety of unfair trade practices including serial copying of
23  MGA products.

24         This request does not seek documents protected by the attorney-client
25  privilege, the attorney work product doctrine, or other applicable privileges.  To the
26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27         As to relevancy, Mattel has not attempted to demonstrate why the
28  responsive documents are irrelevant to the current action.  On the contrary, MGA

1 | has alleged that Mattel is engaged in copying of MGA products, and

2 | GLAMERMAIDS is an example of one such product line.  A request for documents

3 | that relate to Mattel's selection, approval process, design and development of the

4 | GLAMERMAIDS products and themes is therefore relevant to this action and

5 | MGA's claim.

6 | Mattel objects that the request contains confidential, proprietary, and

7 | trade secret information.  A Protective Order exists in this case, obviating any

8 | concern as to protection of privacy rights and/or commercially sensitive

9 | information.

10 | None of Mattel's improper objections are valid and Mattel is obligated

11 | to produce all non-privileged responsive documents in its possession, custody, or

12 | control.

13 | **MATTEL'S RESPONSE:**

14 | Mattel's relevance objection should be sustained.  MGA argues that

15 | "Mattel has not attempted to demonstrate why the responsive documents are

16 | irrelevant to the current action."  However, the burden is not on Mattel to show

17 | irrelevancy.  Rather, MGA must establish that its discovery meets the relevance

18 | requirements of Rule 26(b)(1).[1765]  MGA asserts that the discovery is relevant

19 | because "MGA has alleged that Mattel is engaged in copying of MGA products, and

20 | GLAMERMAIDS is an example of one such product."  However, nowhere in

21 | MGA's complaint does it allege Mattel copied Glamermaids from any MGA

22 | product.  "A trial court has a duty, of special significance in lengthy and complex

23 | cases where the possibility of abuse is always present, to supervise and limit

24 |

25 | [1765] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
26 | Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
27 | initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
   | 1390794 at *1 (S.D. Cal. 2009).

28 |

1   discovery to protect parties and witnesses from annoyance and excessive expense."

2   Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways

3   Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.

4   1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D.

5   Ill. 1983) (same).  As the previous Discovery Master has held, a party may not

6   propound document requests as part of a fishing expedition or to discover new

7   claims.[1766]   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

8   courts need not condone the use of discovery to engage in 'fishing expeditions.'").

9           Further, the Request is overbroad.  The Request seeks all documents

10   referring or relating to the selection, approval process, design and development of

11   the GLAMERMAIDS products and themes, regardless of whether those documents

12   have any relation to the case.  In seeking documents that refer or relate to this

13   subject, MGA is requesting a large universe of documents that have no possible

14   bearing on any issue in the case.  This is particularly true where the Request also

15   seeks MARKET RESEARCH referring or relating to the subject.  Further, the

16   Request has no limitation as to time, meaning it seeks documents for time periods

17   that predate any claim or defense in the case, and is also overbroad in that it seeks

18   documents concerning events and products that post-date MGA's complaint, filed on

19   April 15, 2005, based on MGA's own argument that was accepted by the Discovery

20   Master in denying discovery Mattel was seeking regarding transactions occurring

21   after the filing of Mattel's complaint.[1767]   MGA offers no reason, nor could it

22

23   [1766]   See Order Granting In Part and Denying In Part Mattel's Motion for

24   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

25   1.
     [1767]   See MGA Parties' Reply In Support of Their Motion to Quash Receiver

26   Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,

27   where MGA argued that its transactions with the entities that financed acquisition of
     the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ▮▮▮▮▮▮

28   (footnote continued)

1   consistent with judicial estoppel, why documents post-dating the filing of claims
2   which do not allege continuing wrongdoing are relevant to those claims.

3       To the extent the Request is not overbroad, Mattel has already
4   produced documents related to GLAMERMAIDS and should be under no obligation
5   to produce them again.

6       Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
7   that a Court should limit the extent of discovery if it determines that the burden of
8   the proposed discovery outweighs its likely benefit; the discovery sought is
9   unreasonably cumulative or duplicative, or is obtainable from some other source that
10  is more convenient, less burdensome, or less expensive; or the party seeking
11  discovery has had ample opportunity by discovery in the action to obtain the
12  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
13  producing the documents responsive to this overbroad Request would greatly
14  outweigh any marginal benefit to MGA.

15  ███████████████████████████████████████

16  ███████████████████████████████████

17  ███████████████████████████████████

18  ███████████████████████████████████

19  ███████████████████████████████████████

20

21  ███████████████████████████████  In finding that "there has been
22  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
23  calculated to lead to the discovery of admissible evidence regarding the RICO
    counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
24  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
25  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
    into existence – and therefore apparently did not encompass the activities or the
26  transactions which are the subject of the Financing Discovery."  Discovery Matter
27  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
    1768    Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  [1769] Moore Decl. ¶ 5, Dart Decl., Exh. 32.

26  [1770] Id.

27  [1771] Id.

    [1772] Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

28

1

2

3      There is no basis for overruling Mattel's privilege objection. MGA's

4 bald assertion that "[t]his request does not seek information protected by the

5 attorney-client privilege, the attorney work product doctrine, or other applicable

6 privileges" has no merit. Moreover, as MGA has itself argued, the parties have

7 agreed that "all privileged documents would be logged except for documents created

8 after this action was filed on April 27, 2004."[1773] Thus, to the extent privileged

9 documents fall within the post lawsuit time period, they need not be included on

10 Mattel's log.

11      Finally, MGA failed to meet and confer at all, much less in good faith,

12 regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

13 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

14 the moving party shall first identify each dispute, state the relief sought and identify

15 the authority supporting the requested relief in a meet and confer letter that shall be

16 served on all parties by facsimile or electronic mail. The parties shall have five court

17 days from the date of service of that letter to conduct an in-person conference to

18 attempt to resolve the dispute."). At no point during the meet and confer process

19 did the parties discuss this Request or Mattel's response to it.[1774] In order to engage

20 in a meaningful meet and confer, MGA had the burden to show the relevance of any

21 requests it sought to move on.[1775] Because MGA refused to even attempt to make

22

23

---

24   [1773] See Order Denying Mattel's Motion for Protective Order Limiting the

25 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

26   [1774] See Webster Decl., ¶¶ 6-20.

27   [1775] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

28 Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an (footnote continued)

1   this showing, there was no possibility of a good faith meet and confer to resolve the

2   parties' disputes.  The Discovery Master should deny MGA's motion with respect to

3   this Request on that grounds alone.

4   **REQUEST FOR PRODUCTION NO. 752**

5           All DOCUMENTS REFERRING OR RELATING TO YOUR

6   awareness or knowledge of BRATZ during the creation, design and development of

7   GLAMERMAIDS.

8   **RESPONSE TO REQUEST NO. 752:**

9           In addition to the general objections stated above which are

10  incorporated herein by reference, Mattel objects to this Request on the grounds that

11  it is overbroad and unduly burdensome, including in that it seeks all documents on

12  this subject without limitation as to time, and regardless of whether such documents

13  relate to products or matters at issue in this case.  Mattel further objects to the

14  Request on the grounds that it seeks documents that are not relevant to this action or

15  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

16  Request on the grounds that it seeks confidential, proprietary and trade secret

17  information, including such information that has no bearing on the claims or

18  defenses in this action.  Mattel further objects to this Request on the grounds that it

19  calls for the disclosure of information subject to the attorney-client privilege, the

20  attorney work-product doctrine and other applicable privileges.

21  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

22  **TO SHOULD BE COMPELLED**

23          Mattel has not agreed to produce documents in response to this request,

24  subject to its improper boilerplate objections.  Mattel has refused to confirm whether

25  or not it has produced all non-privileged responsive documents or whether it is

26

27  initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL

28      (footnote continued)

1    withholding documents based on its objections in Phase 2. Under the Federal Rules
2    of Civil Procedure, "an objection to part of a request must specify the part and
3    permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that
4    fail to explain the basis for an objection with specificity are routinely rejected in the
5    Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
6    (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
7    harassing' are improper – especially when a party fails to submit any evidentiary
8    declarations supporting such objections"). Accordingly, Mattel must be compelled
9    either to certify that it has produced all non-privileged responsive documents or to
10   produce all such documents by a date certain.

11         To the extent that Mattel is relying on its blanket objections, they are
12   not sustainable and do not justify Mattel's failure to produce documents.

13         As to overbreadth, Mattel provides no explanation, let alone the
14   required particularity, as to **why** this request is supposedly overly broad, nor can it
15   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
16   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
17   contrary, the request is narrowly tailored to seek documents related to Mattel's
18   awareness or knowledge of BRATZ during the creation, design and development of
19   the GLAMERMAIDS products and themes sold or marketed by Mattel or others
20   under license by Mattel.

21         As to burden, Mattel has not attempted to demonstrate why responding
22   to this request and/or producing responsive documents presents any burden. This
23   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
24   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
25   request is unduly burdensome must allege specific facts which indicate the nature
26
27   1390794 at *1 (S.D. Cal. May 14, 2009).
28

1 and extent of the burden, usually by affidavit or other reliable evidence.")

2 Moreover, it is not unduly burdensome, as noted above, in that the request is

3 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4 has engaged in a broad variety of unfair trade practices including serial copying of

5 MGA products.

6       This request does not seek documents protected by the attorney-client

7 privilege, the attorney work product doctrine, or other applicable privileges.  To the

8 extent that Mattel contends that it does, Mattel must provide a privilege log.

9       As to relevancy, Mattel has not attempted to demonstrate why the

10 responsive documents are irrelevant to the current action.  On the contrary, MGA

11 has alleged that Mattel is engaged in copying of MGA products, and

12 GLAMERMAIDS is an example of one such product line.  A request for documents

13 that relate to Mattel's awareness or knowledge of MGA's BRATZ during the

14 creation, design and development of the GLAMERMAIDS products is therefore

15 relevant to this action and MGA's claim.

16       Mattel objects that the request contains confidential, proprietary, and

17 trade secret information.  A Protective Order exists in this case, obviating any

18 concern as to protection of privacy rights and/or commercially sensitive

19 information.

20       None of Mattel's improper objections are valid and Mattel is obligated

21 to produce all non-privileged responsive documents in its possession, custody, or

22 control.

23 **MATTEL'S RESPONSE:**

24       Mattel's relevance objection should be sustained.  MGA argues that

25 "Mattel has not attempted to demonstrate why the responsive documents are

26 irrelevant to the current action."  However, the burden is not on Mattel to show

27

28

irrelevancy. Rather, MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1).[1776]  MGA asserts that the discovery is relevant because "MGA has alleged that Mattel is engaged in copying of MGA products, and GLAMERMAIDS is an example of one such product."  However, nowhere in MGA's complaint does it allege Mattel copied Glamermaids from any MGA product.  "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1777]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, the Request is absurdly overbroad.  The Request seeks all documents referring or relating to Mattel's awareness or knowledge of Bratz during the creation, design, and development of GLAMERMAIDS, regardless of whether those documents have any relation to the case.  In seeking documents that refer or relate to this subject, MGA is requesting a large universe of documents that have no possible bearing on any issue in the case.  This is particularly true as essentially any

---

[1776]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[1777]  See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

1    document that refers or relates to Bratz during the time period or involving the

2    individuals working on the development of GLAMERMAIDS is arguably

3    encompassed by the breadth of the Request.  Further, the Request has no limitation

4    as to time, meaning it seeks documents for time periods that predate any claim or

5    defense in the case, and is also overbroad in that it seeks documents concerning

6    events and products that post-date MGA's complaint, filed on April 15, 2005, based

7    on MGA's own argument that was accepted by the Discovery Master in denying

8    discovery Mattel was seeking regarding transactions occurring after the filing of

9    Mattel's complaint.[1778]  MGA offers no reason, nor could it consistent with judicial

10   estoppel, why documents post-dating the filing of claims which do not allege

11   continuing wrongdoing are relevant to those claims.

12          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

13   that a Court should limit the extent of discovery if it determines that the burden of

14   the proposed discovery outweighs its likely benefit; the discovery sought is

15   unreasonably cumulative or duplicative, or is obtainable from some other source that

16   is more convenient, less burdensome, or less expensive; or the party seeking

17   discovery has had ample opportunity by discovery in the action to obtain the

18

19   [1778]   See MGA Parties' Reply In Support of Their Motion to Quash Receiver

20   Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,

21   where MGA argued that its transactions with the entities that financed acquisition of
     the Wachovia debt were not relevant to Phase 2 because, *inter alia,* ▇▇▇▇▇▇

22   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇   In finding that "there has been

23   no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
     calculated to lead to the discovery of admissible evidence regarding the RICO

24   counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

25   other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
     than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26   into existence – and therefore apparently did not encompass the activities or the

27   transactions which are the subject of the Financing Discovery."  Discovery Matter
     Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

28

1   information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

2   producing the documents responsive to this overbroad Request would greatly

3   outweigh any marginal benefit to MGA.

---

[1779] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
[1780] Moore Decl. ¶ 5, Dart Decl., Exh. 32.
[1781] Id.
[1782] Id.



There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[1784]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify

[1783]  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
[1784]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1 the authority supporting the requested relief in a meet and confer letter that shall be

2 served on all parties by facsimile or electronic mail. The parties shall have five court

3 days from the date of service of that letter to conduct an in-person conference to

4 attempt to resolve the dispute.").   At no point during the meet and confer process

5 did the parties discuss this Request or Mattel's response to it.[1785]  In order to engage

6 in a meaningful meet and confer, MGA had the burden to show the relevance of any

7 requests it sought to move on.[1786]   Because MGA refused to even attempt to make

8 this showing, there was no possibility of a good faith meet and confer to resolve the

9 parties' disputes.  The Discovery Master should deny MGA's motion with respect to

10 this Request on that grounds alone.

11

12 **REQUEST FOR PRODUCTION NO. 753**

13         All DOCUMENTS REFERRING OR RELATING TO any similarity

14 or dissimilarity between BRATZ and GLAMERMAIDS.

15 **RESPONSE TO REQUEST NO. 753:**

16         In addition to the general objections stated above which are

17 incorporated herein by reference, Mattel objects to this Request on the grounds that

18 it is overbroad and unduly burdensome, including in that it seeks all documents on

19 this subject without limitation as to time, and regardless of whether such documents

20 relate to products or matters at issue in this case.  Mattel further objects to the

21 Request on the grounds that it seeks documents that are not relevant to this action or

22 likely to lead to the discovery of admissible evidence.  Mattel further objects to this

23 Request on the grounds that it seeks confidential, proprietary and trade secret

24

25

---

26  [1785]  See Webster Decl., ¶¶ 6-20.

27  [1786]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28  (footnote continued)

1 information, including such information that has no bearing on the claims or

2 defenses in this action. Mattel further objects to this Request on the grounds that it

3 calls for the disclosure of information subject to the attorney-client privilege, the

4 attorney work-product doctrine and other applicable privileges.

5 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

6 **TO SHOULD BE COMPELLED**

7      Mattel has not agreed to produce documents in response to this request,

8 subject to its improper boilerplate objections. Mattel has refused to confirm whether

9 or not it has produced all non-privileged responsive documents or whether it is

10 withholding documents based on its objections in Phase 2. Under the Federal Rules

11 of Civil Procedure, "an objection to part of a request must specify the part and

12 permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

13 fail to explain the basis for an objection with specificity are routinely rejected in the

14 Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

15 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

16 harassing' are improper – especially when a party fails to submit any evidentiary

17 declarations supporting such objections"). Accordingly, Mattel must be compelled

18 either to certify that it has produced all non-privileged responsive documents or to

19 produce all such documents by a date certain.

20      To the extent that Mattel is relying on its blanket objections, they are

21 not sustainable and do not justify Mattel's failure to produce documents.

22      As to overbreadth, Mattel provides no explanation, let alone the

23 required particularity, as to *why* this request is supposedly overly broad, nor can it

24 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

25 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

26

27 initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

28    (footnote continued)

1  contrary, the request is narrowly tailored to seek documents that refer to any
2  similarity or dissimilarity between Mattel's GLAMERMAIDS product line and
3  MGA's BRATZ line.

4          As to burden, Mattel has not attempted to demonstrate why responding
5  to this request and/or producing responsive documents presents any burden.  This
6  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
7  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
8  request is unduly burdensome must allege specific facts which indicate the nature
9  and extent of the burden, usually by affidavit or other reliable evidence.")
10 Moreover, it is not unduly burdensome, as noted above, in that the request is
11 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
12 has engaged in a broad variety of unfair trade practices including serial copying of
13 MGA products.

14         This request does not seek documents protected by the attorney-client
15 privilege, the attorney work product doctrine, or other applicable privileges.  To the
16 extent that Mattel contends that it does, Mattel must provide a privilege log.

17         As to relevancy, Mattel has not attempted to demonstrate why the
18 responsive documents are irrelevant to the current action.  On the contrary, MGA
19 has alleged that Mattel is engaged in copying of MGA products, and
20 GLAMERMAIDS is an example of one such product line.  A request for documents
21 that relate to any similarity or dissimilarity between MGA's BRATZ Mattel's
22 GLAMERMAIDS line of products is therefore relevant to this action and MGA's
23 claim.

24         Mattel objects that the request contains confidential, proprietary, and
25 trade secret information.  A Protective Order exists in this case, obviating any

26
27 1390794 at *1 (S.D. Cal. May 14, 2009).
28

1 | concern as to protection of privacy rights and/or commercially sensitive

2 | information.

3 |       None of Mattel's improper objections are valid and Mattel is obligated

4 | to produce all non-privileged responsive documents in its possession, custody, or

5 | control.

6 | **MATTEL'S RESPONSE:**

7 |       Mattel's relevance objection should be sustained.  MGA argues that

8 | "Mattel has not attempted to demonstrate why the responsive documents are

9 | irrelevant to the current action."  However, the burden is not on Mattel to show

10 | irrelevancy.  Rather, MGA must establish that its discovery meets the relevance

11 | requirements of <u>Rule</u> 26(b)(1).[1787]  MGA asserts that the discovery is relevant

12 | because "MGA has alleged that Mattel is engaged in copying of MGA products, and

13 | GLAMERMAIDS is an example of one such product."  However, nowhere in

14 | MGA's complaint does it allege Mattel copied Glamermaids from any MGA

15 | product.  "A trial court has a duty, of special significance in lengthy and complex

16 | cases where the possibility of abuse is always present, to supervise and limit

17 | discovery to protect parties and witnesses from annoyance and excessive expense."

18 | <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways</u>

19 | <u>Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.

20 | 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D.

21 | Ill. 1983) (same).  As the previous Discovery Master has held, a party may not

22 | propound document requests as part of a fishing expedition or to discover new

23 |

24 |

25 | [1787]   <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26 | Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27 | initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL

28 | 1390794 at *1 (S.D. Cal. 2009).

1    claims.[1788]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

2    courts need not condone the use of discovery to engage in 'fishing expeditions.'").

3             Further, the Request is overbroad.  The Request seeks all documents

4    referring or relating to any similarity or dissimilarity between Bratz and

5    GLAMERMAIDS, regardless of whether those documents have any relation to the

6    case.  In seeking documents that refer or relate to this subject, MGA is requesting a

7    large universe of documents that have no possible bearing on any issue in the case.

8    Further, the Request has no limitation as to time, meaning it seeks documents for

9    time periods that predate any claim or defense in the case, and is also overbroad in

10   that it seeks documents concerning events and products that post-date MGA's

11   complaint, filed on April 15, 2005, based on MGA's own argument that was

12   accepted by the Discovery Master in denying discovery Mattel was seeking

13   regarding transactions occurring after the filing of Mattel's complaint.[1789]  MGA

14   offers no reason, nor could it consistent with judicial estoppel, why documents post-

15

16

---

17   [1788]  See Order Granting In Part and Denying In Part Mattel's Motion for

18   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
     1.

19   [1789]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

20   Subpoenas Issued by Mattel, dated February 13, 2009, at 7, Dart Decl., Exh. 6,

21   where MGA argued that its transactions with the entities that financed acquisition of
     the Wachovia debt were not relevant to Phase 2 because, inter alia, ▮▮▮▮▮▮

22   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  In finding that "there has been

23   no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
     calculated to lead to the discovery of admissible evidence regarding the RICO

24   counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

25   other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
     than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26   into existence – and therefore apparently did not encompass the activities or the

27   transactions which are the subject of the Financing Discovery." Discovery Matter
     Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

28

1  dating the filing of claims which do not allege continuing wrongdoing are relevant
2  to those claims.
3          Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
4  that a Court should limit the extent of discovery if it determines that the burden of
5  the proposed discovery outweighs its likely benefit; the discovery sought is
6  unreasonably cumulative or duplicative, or is obtainable from some other source that
7  is more convenient, less burdensome, or less expensive; or the party seeking
8  discovery has had ample opportunity by discovery in the action to obtain the
9  information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and
10 producing the documents responsive to this overbroad Request would greatly
11 outweigh any marginal benefit to MGA.



[1790] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
[1791] Moore Decl. ¶ 5, Dart Decl., Exh. 32.

00505.07975/3161688.1

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN)



18    There is no basis for overruling Mattel's privilege objection.  MGA's

19  bald assertion that "[t]his request does not seek information protected by the

20  attorney-client privilege, the attorney work product doctrine, or other applicable

21  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

22  agreed that "all privileged documents would be logged except for documents created

1792  Id.

1793  Id.

1794  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

1    after this action was filed on April 27, 2004."[1795]  Thus, to the extent  privileged

2    documents fall within the post lawsuit time period, they need not be included on

3    Mattel's log.

4           Finally, MGA failed to meet and confer at all, much less in good faith,

5    regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

6    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

7    the moving party shall first identify each dispute, state the relief sought and identify

8    the authority supporting the requested relief in a meet and confer letter that shall be

9    served on all parties by facsimile or electronic mail. The parties shall have five court

10   days from the date of service of that letter to conduct an in-person conference to

11   attempt to resolve the dispute.").   At no point during the meet and confer process

12   did the parties discuss this Request or Mattel's response to it.[1796]  In order to engage

13   in a meaningful meet and confer, MGA had the burden to show the relevance of any

14   requests it sought to move on.[1797]   Because MGA refused to even attempt to make

15   this showing, there was no possibility of a good faith meet and confer to resolve the

16   parties' disputes.  The Discovery Master should deny MGA's motion with respect to

17   this Request on that grounds alone.

18   **REQUEST FOR PRODUCTION NO. 754**

19           All DOCUMENTS REFERRING OR RELATING TO whether

20   GLAMERMAIDS copy, replicate, or in any way imitate BRATZ.

21

22

23   [1795]   See Order Denying Mattel's Motion for Protective Order Limiting the
     Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

24   3.
     [1796]   See Webster Decl., ¶¶ 6-20.

25   [1797]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26   Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
     initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

27   1390794 at *1 (S.D. Cal. May 14, 2009).

28

**RESPONSE TO REQUEST NO. 754:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are

2    not sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the

4    required particularity, as to *why* this request is supposedly overly broad, nor can it

5    do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

6    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

7    contrary, the request is narrowly tailored to seek documents that refer to whether

8    Mattel's GLAMERMAIDS product line copies, replicates or imitates MGA's

9    BRATZ line.

10   As to burden, Mattel has not attempted to demonstrate why responding

11   to this request and/or producing responsive documents presents any burden. This

12   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

13   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14   request is unduly burdensome must allege specific facts which indicate the nature

15   and extent of the burden, usually by affidavit or other reliable evidence.")

16   Moreover, it is not unduly burdensome, as noted above, in that the request is

17   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

18   has engaged in a broad variety of unfair trade practices including serial copying of

19   MGA products.

20   This request does not seek documents protected by the attorney-client

21   privilege, the attorney work product doctrine, or other applicable privileges. To the

22   extent that Mattel contends that it does, Mattel must provide a privilege log.

23   As to relevancy, Mattel has not attempted to demonstrate why the

24   responsive documents are irrelevant to the current action. On the contrary, MGA

25   has alleged that Mattel is engaged in copying of MGA products, and

26   GLAMERMAIDS is an example of one such product line. A request for documents

27   that refer to whether Mattel's GLAMERMAIDS product line copies, replicates or

28   imitates MGA's BRATZ line is therefore relevant to this action and MGA's claim.

1    Mattel objects that the request contains confidential, proprietary, and

2    trade secret information. A Protective Order exists in this case, obviating any

3    concern as to protection of privacy rights and/or commercially sensitive

4    information. None of Mattel's improper objections are valid and Mattel is obligated

5    to produce all non-privileged responsive documents in its possession, custody, or

6    control.

7    **MATTEL'S RESPONSE:**

8    Mattel's relevance objection should be sustained. MGA argues that

9    "Mattel has not attempted to demonstrate why the responsive documents are

10   irrelevant to the current action." However, the burden is not on Mattel to show

11   irrelevancy. Rather, MGA must establish that its discovery meets the relevance

12   requirements of Rule 26(b)(1).[1798] MGA asserts that the discovery is relevant

13   because "MGA has alleged that Mattel is engaged in copying of MGA products, and

14   GLAMERMAIDS is an example of one such product." However, nowhere in

15   MGA's complaint does it allege Mattel copied Glamermaids from any MGA

16   product. "A trial court has a duty, of special significance in lengthy and complex

17   cases where the possibility of abuse is always present, to supervise and limit

18   discovery to protect parties and witnesses from annoyance and excessive expense."

19   Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways

20   Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.

21   1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D.

22   Ill. 1983) (same). As the previous Discovery Master has held, a party may not

23   propound document requests as part of a fishing expedition or to discover new

24

---

25   [1798]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26   Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27   initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

28   1390794 at *1 (S.D. Cal. 2009).

claims.[1799]   <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, the Request is overbroad.  The Request seeks <u>all</u> documents <u>referring or relating</u> to whether GLAMERMAIDS copy, replicate, or in any way imitate Bratz, regardless of whether those documents have any relation to the case. In seeking documents that refer or relate to this subject, MGA is requesting a large universe of documents that have no possible bearing on any issue in the case. Further, the Request has no limitation as to time, meaning it seeks documents for time periods that predate any claim or defense in the case, and is also overbroad in that it seeks documents concerning events and products that post-date MGA's complaint, filed on April 15, 2005, based on MGA's own argument that was accepted by the Discovery Master in denying discovery Mattel was seeking regarding transactions occurring after the filing of Mattel's complaint.[1800]  MGA offers no reason, nor could it consistent with judicial estoppel, why documents post-

---

[1799]   <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

[1800]   <u>See</u> MGA Parties' Reply In Support of Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6, where MGA argued that its transactions with the entities that financed acquisition of the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ███████████ ███████████████████████████████████████████ In finding that "there has been no showing by Mattel that the Subpoenas to the Financing Entities are reasonably calculated to lead to the discovery of admissible evidence regarding the RICO counterclaim," the Discovery Master noted that "the RICO counterclaim (like the other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came into existence – and therefore apparently did not encompass the activities or the transactions which are the subject of the Financing Discovery." Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

1   dating the filing of claims which do not allege continuing wrongdoing are relevant
2   to those claims.

3      Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
4   that a Court should limit the extent of discovery if it determines that the burden of
5   the proposed discovery outweighs its likely benefit; the discovery sought is
6   unreasonably cumulative or duplicative, or is obtainable from some other source that
7   is more convenient, less burdensome, or less expensive; or the party seeking
8   discovery has had ample opportunity by discovery in the action to obtain the
9   information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and
10  producing the documents responsive to this overbroad Request would greatly
11  outweigh any marginal benefit to MGA.



[1801]  Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
[1802]  Moore Decl. ¶ 5, Dart Decl., Exh. 32.

00505.07975/3161688.1

1  ███████████████████████████████████████████

2  ████████████████████████████████████████████████

3  ██████████████████████████████████████████

4  ██████████████████████████████████████████████

5  ██████████████████████████████████████████████

6  █████████████████████████████████████████████

7     ███████████████████████████████████████████

8  █████████████████████████████████████████████

9  ████████████████████████████████████████

10 ██████████████████████████████████████████████

11 ██████████████████████████████████████████████

12 █████████████████████████████████████████████

13 ███████████████████████████████████████████████

14 █████████████████████████████████████████████

15 ███████████████████████████████████████████████

16 ████████████████████████████████████████████

17 ███

18      There is no basis for overruling Mattel's privilege objection.  MGA's

19 bald assertion that "[t]his request does not seek information protected by the

20 attorney-client privilege, the attorney work product doctrine, or other applicable

21 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

22 agreed that "all privileged documents would be logged except for documents created

23

24

25

26  1803  Id.
27  1804  Id.
    1805  Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

28

1  after this action was filed on April 27, 2004."[1806]  Thus, to the extent  privileged

2  documents fall within the post lawsuit time period, they need not be included on

3  Mattel's log.

4           Finally, MGA failed to meet and confer at all, much less in good faith,

5  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

6  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

7  the moving party shall first identify each dispute, state the relief sought and identify

8  the authority supporting the requested relief in a meet and confer letter that shall be

9  served on all parties by facsimile or electronic mail. The parties shall have five court

10 days from the date of service of that letter to conduct an in-person conference to

11 attempt to resolve the dispute.").   At no point during the meet and confer process

12 did the parties discuss this Request or Mattel's response to it.[1807]  In order to engage

13 in a meaningful meet and confer, MGA had the burden to show the relevance of any

14 requests it sought to move on.[1808]  Because MGA refused to even attempt to make

15 this showing, there was no possibility of a good faith meet and confer to resolve the

16 parties' disputes.  The Discovery Master should deny MGA's motion with respect to

17 this Request on that grounds alone.

18 **REQUEST FOR PRODUCTION NO. 755**

19           All DOCUMENTS REFERRING OR RELATING TO actual or

20 potential confusion or otherwise evidencing confusion (including, but not limited to,

21

22

23 [1806]  See Order Denying Mattel's Motion for Protective Order Limiting the
   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

24 3.

25 [1807]  See Webster Decl., ¶¶ 6-20.
   [1808]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery

26 Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

27 initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
   1390794 at *1 (S.D. Cal. May 14, 2009).

28

1 confusion among consumers, RETAILERS, distributors, licensees or members of

2 the press) between GLAMERMAIDS and BRATZ.

3 **RESPONSE TO REQUEST NO. 755:**

4       In addition to the general objections stated above which are

5 incorporated herein by reference, Mattel objects to this Request on the grounds that

6 it is overbroad and unduly burdensome, including in that it seeks all documents on

7 this subject without limitation as to time, and regardless of whether such documents

8 relate to products or matters at issue in this case.  Mattel further objects to the

9 Request on the grounds that it seeks documents that are not relevant to this action or

10 likely to lead to the discovery of admissible evidence.  Mattel further objects to this

11 Request on the grounds that it seeks confidential, proprietary and trade secret

12 information, including such information that has no bearing on the claims or

13 defenses in this action.  Mattel further objects to this Request on the grounds that it

14 calls for the disclosure of information subject to the attorney-client privilege, the

15 attorney work-product doctrine and other applicable privileges.

16 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

17 **TO SHOULD BE COMPELLED**

18       Mattel has not agreed to produce documents in response to this request,

19 subject to its improper boilerplate objections.  Mattel has refused to confirm whether

20 or not it has produced all non-privileged responsive documents or whether it is

21 withholding documents based on its objections in Phase 2.  Under the Federal Rules

22 of Civil Procedure, "an objection to part of a request must specify the part and

23 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

24 fail to explain the basis for an objection with specificity are routinely rejected in the

25 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

26 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

27 harassing' are improper – especially when a party fails to submit any evidentiary

28 declarations supporting such objections").  Accordingly, Mattel must be compelled

1  either to certify that it has produced all non-privileged responsive documents or to

2  produce all such documents by a date certain.

3          To the extent that Mattel is relying on its blanket objections, they are

4  not sustainable and do not justify Mattel's failure to produce documents.

5          As to overbreadth, Mattel provides no explanation, let alone the

6  required particularity, as to *why* this request is supposedly overly broad, nor can it

7  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

8  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9  contrary, the request is narrowly tailored to seek documents relating to actual or

10 potential confusion between Mattel's GLAMERMAIDS line and MGA's line of

11 BRATZ goods.

12         As to burden, Mattel has not attempted to demonstrate why responding

13 to this request and/or producing responsive documents presents any burden.  This

14 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

15 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16 request is unduly burdensome must allege specific facts which indicate the nature

17 and extent of the burden, usually by affidavit or other reliable evidence.")

18 Moreover, it is not unduly burdensome, as noted above, in that the request is

19 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

20 has engaged in a broad variety of unfair trade practices including serial copying of

21 MGA products.  MGA is entitled to discovery on these claims.

22         This request does not seek documents protected by the attorney-client

23 privilege, the attorney work product doctrine, or other applicable privileges.  To the

24 extent that Mattel contends that it does, Mattel must provide a privilege log.

25         As for relevancy, Mattel has not attempted to demonstrate why

26 responding to this request and/or producing responsive documents is irrelevant to

27 the present action.  On the contrary, MGA has alleged that Mattel is engaged in

28 copying of MGA products, and GLAMERMAIDS is an example of one such

1   product line.  A request relating to documents related to any actual or potential

2   confusion among, but not limited to consumers, retailers etc.  between Mattel's

3   GLAMERMAIDS and MGA's BRATZ is therefore relevant to this action and

4   MGA's claim.

5          Mattel objects that the request contains confidential, proprietary, and

6   trade secret information.  A Protective Order exists in this case, obviating any

7   concern as to protection of privacy rights and/or commercially sensitive

8   information.

9          None of Mattel's improper objections are valid and Mattel is obligated

10  to produce all non-privileged responsive documents in its possession, custody, or

11  control.

12  **MATTEL'S RESPONSE:**

13         Mattel's relevance objection should be sustained.  MGA argues that

14  "Mattel has not attempted to demonstrate why the responsive documents are

15  irrelevant to the current action."  However, the burden is not on Mattel to show

16  irrelevancy.  Rather, MGA must establish that its discovery meets the relevance

17  requirements of <u>Rule</u> 26(b)(1).[1809]  MGA asserts that the discovery is relevant

18  because "MGA has alleged that Mattel is engaged in copying of MGA products, and

19  GLAMERMAIDS is an example of one such product."  However, nowhere in

20  MGA's complaint does it allege Mattel copied Glamermaids from any MGA

21  product.  "A trial court has a duty, of special significance in lengthy and complex

22  cases where the possibility of abuse is always present, to supervise and limit

23  discovery to protect parties and witnesses from annoyance and excessive expense."

24

25      [1809]   <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery
26  Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an
27  initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL
    1390794 at *1 (S.D. Cal. 2009).
28

1  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways

2  Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.

3  1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D.

4  Ill. 1983) (same).  As the previous Discovery Master has held, a party may not

5  propound document requests as part of a fishing expedition or to discover new

6  claims.[1810]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

7  courts need not condone the use of discovery to engage in 'fishing expeditions.'").

8         Further, the Request is overbroad.  The Request seeks all documents

9  referring or relating to actual or potential confusion or otherwise evidencing

10  confusion between GLAMERMAIDS and BRATZ, regardless of whether those

11  documents have any relation to the case.  In seeking documents that refer or relate to

12  this subject, with no limitation as to individuals, MGA is requesting a large universe

13  of documents that have no possible bearing on any issue in the case.  Further, the

14  Request has no limitation as to time, meaning it seeks documents for time periods

15  that predate any claim or defense in the case, and is also overbroad in that it seeks

16  documents concerning events and products that post-date MGA's complaint, filed on

17  April 15, 2005, based on MGA's own argument that was accepted by the Discovery

18  Master in denying discovery Mattel was seeking regarding transactions occurring

19  after the filing of Mattel's complaint.[1811]  MGA offers no reason, nor could it

20

---

21  [1810]  See Order Granting In Part and Denying In Part Mattel's Motion for

22  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

23  1.

    [1811]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

24  Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,

25  where MGA argued that its transactions with the entities that financed acquisition of
    the Wachovia debt were not relevant to Phase 2 because, inter alia, ███████████

26  ███████████████████████████████  In finding that "there has been

27  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
    calculated to lead to the discovery of admissible evidence regarding the RICO

28  (footnote continued)

1   consistent with judicial estoppel, why documents post-dating the filing of claims
2   which do not allege continuing wrongdoing are relevant to those claims.

3        Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
4   that a Court should limit the extent of discovery if it determines that the burden of
5   the proposed discovery outweighs its likely benefit; the discovery sought is
6   unreasonably cumulative or duplicative, or is obtainable from some other source that
7   is more convenient, less burdensome, or less expensive; or the party seeking
8   discovery has had ample opportunity by discovery in the action to obtain the
9   information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
10  producing the documents responsive to this overbroad Request would greatly
11  outweigh any marginal benefit to MGA.



23  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
24  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
    than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
25  into existence – and therefore apparently did not encompass the activities or the
26  transactions which are the subject of the Financing Discovery."  Discovery Matter
27  Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
        1812   Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21        There is no basis for overruling Mattel's privilege objection.  MGA's

22   bald assertion that "[t]his request does not seek information protected by the

23   attorney-client privilege, the attorney work product doctrine, or other applicable

24

25   1813   Moore Decl. ¶ 5, Dart Decl., Exh. 32.

26   1814   Id.

27   1815   Id.
     1816   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

28

privileges" has no merit.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[1817]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").   At no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.[1818]  In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[1819]  Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

---

[1817]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

[1818]   See Webster Decl., ¶¶ 6-20.

[1819]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009)).

**REQUEST FOR PRODUCTION NO. 756**

DOCUMENTS, including but not limited to organizational charts, sufficient to identify (by name and job function) all current and former MATTEL personnel and/or freelancers comprising the primary team that worked on the creation, design and development of the GLAMERMAIDS products, commercials, themes and logo.

**RESPONSE TO REQUEST NO. 756:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the

1 | Central District. <u>See</u> <u>A. Farber and Partners, Inc. v. Garber,</u> 234 F.R.D. 186, 188

2 | (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

3 | harassing' are improper – especially when a party fails to submit any evidentiary

4 | declarations supporting such objections"). Accordingly, Mattel must be compelled

5 | either to certify that it has produced all non-privileged responsive documents or to

6 | produce all such documents by a date certain.

7 | To the extent that Mattel is relying on its blanket objections, they are

8 | not sustainable and do not justify Mattel's failure to produce documents.

9 | As to overbreadth, Mattel provides no explanation, let alone the

10 | required particularity, as to *why* this request is supposedly overly broad, nor can it

11 | do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

12 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

13 | contrary, the request is narrowly tailored to seek documents relating to documents

14 | that are sufficient to identify all current and former Mattel personnel and/or

15 | freelancers that worked on the creation, design and development of the

16 | GLAMERMAIDS products, commercials, themes and logo.

17 | As to burden, Mattel has not attempted to demonstrate why responding

18 | to this request and/or producing responsive documents presents any burden. This

19 | objection must therefore be rejected. <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.,</u>

20 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21 | request is unduly burdensome must allege specific facts which indicate the nature

22 | and extent of the burden, usually by affidavit or other reliable evidence.")

23 | Moreover, it is not unduly burdensome, as noted above, in that the request is

24 | narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

25 | has engaged in a broad variety of unfair trade practices including serial copying of

26 | MGA products. MGA is entitled to discovery on these claims.

27 |

28 |

1       This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4       As for relevancy, Mattel has not attempted to demonstrate why

5   responding to this request and/or producing responsive documents is irrelevant to

6   the present action.  On the contrary, MGA has alleged that Mattel is engaged in

7   copying of MGA products, and GLAMERMAIDS is an example of one such

8   product line.  A request for documents that will sufficiently identify all current and

9   former Mattel personnel and/or freelancers that worked on the creation, design and

10  development of the GLAMERMAIDS products, commercials, themes and logo is

11  therefore relevant to this action and MGA's claim.

12      Mattel objects that the request contains confidential, proprietary, and

13  trade secret information.  A Protective Order exists in this case, obviating any

14  concern as to protection of privacy rights and/or commercially sensitive

15  information.

16      None of Mattel's improper objections are valid and Mattel is obligated

17  to produce all non-privileged responsive documents in its possession, custody, or

18  control.

19  **MATTEL'S RESPONSE:**

20      Mattel's relevance objection should be sustained.  MGA argues that

21  "Mattel has not attempted to demonstrate why the responsive documents are

22  irrelevant to the current action."  However, the burden is not on Mattel to show

23  irrelevancy.  Rather, MGA must establish that its discovery meets the relevance

24  requirements of Rule 26(b)(1).[1820]  MGA asserts that the discovery is relevant

25

26  _____

27  [1820]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery
    Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28  (footnote continued)

1   because "MGA has alleged that Mattel is engaged in copying of MGA products, and

2   GLAMERMAIDS is an example of one such product." However, nowhere in

3   MGA's complaint does it allege Mattel copied Glamermaids from any MGA

4   product. "A trial court has a duty, of special significance in lengthy and complex

5   cases where the possibility of abuse is always present, to supervise and limit

6   discovery to protect parties and witnesses from annoyance and excessive expense."

7   Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways

8   Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.

9   1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D.

10  Ill. 1983) (same). As the previous Discovery Master has held, a party may not

11  propound document requests as part of a fishing expedition or to discover new

12  claims.[1821]   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

13  courts need not condone the use of discovery to engage in 'fishing expeditions.'").

14          Further, the Request is overbroad. The Request seeks documents

15  sufficient to identify all current and former Mattel personnel and/or freelancers

16  comprising the primary team that worked on on the creation, design, and

17  development of the GLAMERMAIDS products, commercials, themes, and logo,

18  regardless of whether those documents have any relation to the case. Further, the

19  Request has no limitation as to time, meaning it seeks documents for time periods

20  that predate any claim or defense in the case, and is also overbroad in that it seeks

21  documents concerning events and products that post-date MGA's complaint, filed on

22  April 15, 2005, based on MGA's own argument that was accepted by the Discovery

23  Master in denying discovery Mattel was seeking regarding transactions occurring

24

25

26

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. 2009).

28

1   after the filing of Mattel's complaint.[1822]  MGA offers no reason, nor could it

2   consistent with judicial estoppel, why documents post-dating the filing of claims

3   which do not allege continuing wrongdoing are relevant to those claims.

4            Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

5   that a Court should limit the extent of discovery if it determines that the burden of

6   the proposed discovery outweighs its likely benefit; the discovery sought is

7   unreasonably cumulative or duplicative, or is obtainable from some other source that

8   is more convenient, less burdensome, or less expensive; or the party seeking

9   discovery has had ample opportunity by discovery in the action to obtain the

10   information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

11   producing the documents responsive to this overbroad Request would greatly

12   outweigh any marginal benefit to MGA.

13   ████████████████████████████

14   ████████████████████████████

15

16

---

17   [1821]  See Order Granting In Part and Denying In Part Mattel's Motion for
18   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

19   [1822]  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
20   Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,
21   where MGA argued that its transactions with the entities that financed acquisition of the Wachovia debt were not relevant to Phase 2 because, *inter alia*, ████████
22   █████████████████████████████  In finding that "there has been
23   no showing by Mattel that the Subpoenas to the Financing Entities are reasonably calculated to lead to the discovery of admissible evidence regarding the RICO
24   counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
25   other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
26   into existence – and therefore apparently did not encompass the activities or the
27   transactions which are the subject of the Financing Discovery."  Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

28



1823 Pantel Decl. ¶ 10, Dart Decl., Exh. 31.
1824 Moore Decl. ¶ 5, Dart Decl., Exh. 32.
1825 <u>Id.</u>
1826 <u>Id.</u>

1 ████████████████████████████████████████

2 ████████████████████████████████

3 ████████████████████████████████████████

4 ████████████████████████████████████

5 ███

6          There is no basis for overruling Mattel's privilege objection.  MGA's

7 bald assertion that "[t]his request does not seek information protected by the

8 attorney-client privilege, the attorney work product doctrine, or other applicable

9 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

10 agreed that "all privileged documents would be logged except for documents created

11 after this action was filed on April 27, 2004."[1828]  Thus, to the extent  privileged

12 documents fall within the post lawsuit time period, they need not be included on

13 Mattel's log.

14          Finally, MGA failed to meet and confer at all, much less in good faith,

15 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

16 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

17 the moving party shall first identify each dispute, state the relief sought and identify

18 the authority supporting the requested relief in a meet and confer letter that shall be

19 served on all parties by facsimile or electronic mail. The parties shall have five court

20 days from the date of service of that letter to conduct an in-person conference to

21 attempt to resolve the dispute.").   At no point during the meet and confer process

22 did the parties discuss this Request or Mattel's response to it.[1829]  In order to engage

23 in a meaningful meet and confer, MGA had the burden to show the relevance of any

24

25 _____

    [1827]   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..

26  [1828]   See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1   requests it sought to move on.[1829]   Because MGA refused to even attempt to make

2   this showing, there was no possibility of a good faith meet and confer to resolve the

3   parties' disputes.  The Discovery Master should deny MGA's motion with respect to

4   this Request on that grounds alone.

5   **REQUEST FOR PRODUCTION NO. 758**

6   All DOCUMENTS REFERRING OR RELATING TO any

7   investigation, underlying facts, outcomes, and any action taken by MATTEL

8   relating to investigations by MATTEL into claims or allegations that MGA stole

9   MATTEL's proprietary information, including but not limited to the investigation

10   relating to the allegations RELATING to GLAMERMAIDS (or any other mermaid

11   doll), LITTLE MOMMY, Razor Scooter and Vespa Scooter Shannen, or any other

12   product reported to you on January 28, 2003.

13   **RESPONSE TO REQUEST NO. 758**

14   In addition to the general objections stated above which are

15   incorporated herein by reference, Mattel objects to this Request on the grounds that

16   it is overbroad and unduly burdensome, including in that it seeks all documents on

17   this subject without limitation as to time.  Mattel further objects to this Request on

18   the grounds that it seeks confidential, proprietary and trade secret information.

19   Mattel further objects to this Request on the grounds that it calls for the disclosure

20   of information subject to the attorney-client privilege, the attorney work-product

21   doctrine and other applicable privileges.  Mattel further objects to the extent the

22   Request seeks documents already produced by Mattel.  Such documents will not be

23   produced again.

24

25

26   [1829]   <u>See</u> Webster Decl., ¶¶ 6-20.

27   [1830]   <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery
    Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an

28   (footnote continued)

00505.07975/3161688.1

-951-

1    Subject to and without waiving the foregoing objections, Mattel

2  responds as follows: Mattel will produce non-privileged documents within its

3  possession, custody, or control, that support its contentions that MGA and its

4  employees have misappropriated Mattel property and that Mattel has been able to

5  locate after a diligent search and reasonable inquiry, to the extent not previously

6  produced.

7  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

8  **TO SHOULD BE COMPELLED**

9    Mattel improperly limits its agreement to produce to only those

10  documents that support its contentions.  MGA is entitled to documents that both

11  support and refute Mattel's contentions.  Under the Federal Rules of Civil

12  Procedure, "an objection to part of a request must specify the part and permit

13  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

14  explain the basis for an objection with specificity are routinely rejected in the

15  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

16  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

17  harassing' are improper – especially when a party fails to submit any evidentiary

18  declarations supporting such objections").  Accordingly, Mattel must be compelled

19  either to certify that it has produced all non-privileged responsive documents or to

20  produce all such documents by a date certain.

21    To the extent that Mattel is relying on its blanket objections, they are

22  not sustainable and do not justify Mattel's failure to produce documents.

23    As to overbreadth, Mattel provides no explanation, let alone the

24  required particularity, as to *why* this request is supposedly overly broad, nor can it

25  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

26

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

28    (footnote continued)

00505.07975/3161688.1

-952-

1  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2  contrary, the request is narrowly tailored to seek information about Mattel's specific

3  allegations against MGA. This information is discoverable in connection with

4  MGA's claims and defenses, including MGA's statute of limitations defense.

5          Moreover, MGA has alleged that Mattel has engaged in a broad variety

6  of unfair trade practices, from serial copying of MGA products, to threatening

7  retailers and suppliers to cease doing business with MGA, to intimidating employees

8  and industry groups in order to prevent MGA from fairly competing.  MGA is

9  entitled to discovery on these claims.

10          As to burden, Mattel has not attempted to demonstrate why responding

11  to this request and/or producing responsive documents presents any burden.  This

12  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

13  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14  request is unduly burdensome must allege specific facts which indicate the nature

15  and extent of the burden, usually by affidavit or other reliable evidence.")

16  Moreover, it is not unduly burdensome, as noted above, in that the request is

17  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

18  has engaged in a broad variety of unfair trade practices, from serial copying of

19  MGA products, to threatening retailers and suppliers to cease doing business with

20  MGA, to intimidating employees and industry groups in order to prevent MGA from

21  fairly competing.  MGA is entitled to discovery on these claims.

22          This request does not seek documents protected by the attorney-client

23  privilege, the attorney work product doctrine, or other applicable privileges.  To the

24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25

26

27  1390794 at *1 (S.D. Cal. May 14, 2009).

28

1      Mattel objects that the request contains confidential/proprietary/trade
2  secret information.  A Protective Order exists in this case, obviating any concern as
3  to protection of privacy rights and/or commercially sensitive information.

4      Mattel's objection that certain common words as vague, ambiguous and
5  incomprehensible is without merit, and the plain meaning of the terms is clear and
6  can be found in any dictionary.

7      None of Mattel's improper objections are valid and Mattel is obligated
8  to produce all non-privileged responsive documents in its possession, custody, or
9  control.

10  **MATTEL'S RESPONSE:**

11      Contrary to MGA's statement that Mattel will not confirm that it has
12  produced non-privileged documents, if MGA had met and conferred on these issues,
13  it would have learned that Mattel has already produced all relevant non-privileged
14  documents that support its contentions that MGA and its employees have
15  misappropriated Mattel property.  MGA has not provided any basis for asserting that
16  this production is incomplete.  MGA's motion to compel responses to this Request
17  should therefore be denied as moot.

18      Further, Mattel's limitations were proper.  This Request is overbroad in
19  seeking all documents referring or relating to any investigation, underlying facts,
20  outcomes, and any action taken by Mattel relating to investigations by Mattel into
21  claims or allegations that MGA stole Mattel's proprietary information.  The Request
22  is also overbroad as to time, seeking communications in a time period that predates
23  any Phase 2 issues related to MGA's allegations of unfair trade practices.  The
24  Request is also overbroad to the extent it seeks discovery into events and products
25  that post-date MGA's complaint, filed on April 15, 2005, based on MGA's own
26  argument that was accepted by the Discovery Master in denying discovery Mattel

27
28

1   was seeking regarding transactions occurring after the filing of Mattel's

2   complaint.[1831]  MGA offers no reason, nor could it consistent with judicial estoppel,

3   why documents post-dating the filing of claims which do not allege continuing

4   wrongdoing are relevant to those claims.

5           Further, the Request is unduly burdensome.  Rule 26(b)(2)(c) provides

6   that a Court should limit the extent of discovery if it determines that the burden of

7   the proposed discovery outweighs its likely benefit; the discovery sought is

8   unreasonably cumulative or duplicative, or is obtainable from some other source that

9   is more convenient, less burdensome, or less expensive; or the party seeking

10  discovery has had ample opportunity by discovery in the action to obtain the

11  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

12  producing the documents responsive to this overbroad Request would greatly

13  outweigh any marginal benefit to MGA, for the following reasons:

14  ████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████

18  _____

19  [1831]   See MGA Parties' Reply In Support of Their Motion to Quash Receiver

20  Subpoenas Issued by Mattel, dated February 13, 2009, at 7,  Dart Decl., Exh. 6,

21  where MGA argued that its transactions with the entities that financed acquisition of
    the Wachovia debt were not relevant to Phase 2 because, *inter alia,* ███████████

22  ████████████████████████████████████████████████████   In finding that "there has been

23  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
    calculated to lead to the discovery of admissible evidence regarding the RICO

24  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

25  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
    than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26  into existence – and therefore apparently did not encompass the activities or the

27  transactions which are the subject of the Financing Discovery."  Discovery Matter
    Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   [1832] Pantel Decl. ¶ 10, Dart Decl., Exh. 31.

26   [1833] Moore Decl. ¶ 5, Dart Decl., Exh. 32.

27   [1834] <u>Id.</u>
     [1835] <u>Id.</u>

28

1 
2
3
4
5
6
7
8

9        There is no basis for overruling Mattel's privilege objection.  MGA's

10   bald assertion that "[t]his request does not seek information protected by the

11   attorney-client privilege, the attorney work product doctrine, or other applicable

12   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

13   agreed that "all privileged documents would be logged except for documents created

14   after this action was filed on April 27, 2004."[1839]  Thus, to the extent  privileged

15   documents fall within the post lawsuit time period, they need not be included on

16   Mattel's log.  Although it bears the burden of showing why this agreement should

17   not be applied to a given Request, MGA fails to do so.

18        Finally, MGA failed to meet and confer at all, much less in good faith,

19   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

20   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

21   the moving party shall first identify each dispute, state the relief sought and identify

22   the authority supporting the requested relief in a meet and confer letter that shall be

23

24   [1836]   Pantel Decl. ¶ 11, Dart Decl., Exh. 31..
25   [1837]   Id. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exh. 32.
     [1838]   Id.
26   [1839]   See Order Denying Mattel's Motion for Protective Order Limiting the
27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
     3.
28

1 | served on all parties by facsimile or electronic mail.  The parties shall have five
2 | court days from the date of service of that letter to conduct an in-person conference
3 | to attempt to resolve the dispute.").   In order to engage in a meaningful meet and
4 | confer, MGA had the burden to show the relevance of any requests it sought to
5 | move on.[1840]   At no point during the meet and confer process did MGA show why
6 | this Request could be considered relevant to Phase 2 issues.[1841]  Because MGA
7 | refused to even attempt to make this showing, there was no possibility of a good
8 | faith meet and confer to resolve the parties' disputes.  The Discovery Master should
9 | deny MGA's motion with respect to this Request on that grounds alone.

DATED:  October 19, 2009              QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP


                                       By  /s/ James J. Webster
                                         James J. Webster
                                         Attorneys for Mattel. Inc.

---

[1840]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
[1841]   See Webster Decl., ¶¶ 6-20.