QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
   (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
   (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100
Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>**[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT IN SUPPORT OF MGA PARTIES' MOTION TO COMPEL FURTHER RESPONSES TO MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (9049, [SECOND] SET SEVEN)**<br><br><br>Hearing Date:   TBA<br>Time:              TBA<br>Place:            Arant Fox LLP<br>555 West Fifth St.<br>48th Floor<br>Los Angeles, CA 90013<br>**Phase 2**<br>Disc.  Cut-off:    Dec. 11, 2009<br>Pre-trial Conf.:   Mar. 1, 2010<br>Trial Date:         Mar. 23, 2010 |

Mattel, Inc. respectfully submits this Separate Statement in support of its Opposition to MGA Parties' Motion to Compel Further Responses to MGA's Requests for Production of Documents (9049 [Second] Set Seven).  This Separate Statement covers MGA's [Second] Seventh Set of Requests in Case No. CV 04-9049-SGL of the consolidated proceedings, served on December 21, 2007.  The requests included in this Separate Statement are Request Nos.  572(2)-574(2) (the "Requests at Issue").

**MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS AT ISSUE AND RESPONSES - CASE NO. CV 04-9049 SGL (RNBx)**

**REQUEST FOR PRODUCTION NO. 572(2):**

DOCUMENTS sufficient to identify the names and locations of any OFFSITE STORAGE FACILITIES used by YOU since 1995.

**RESPONSE TO REQUEST NO. 572(2):**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action.  Martel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to the use of the term "OFFSITE STORAGE FACILITIES" in this context as vague and ambiguous.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

1 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2 | **TO SHOULD BE COMPELLED**

3       Mattel has refused to produce documents in response to this request,

4 | raising only improper objections.  Under the Federal Rules of Civil Procedure, "an

5 | objection to part of a request must specify the part and permit inspection of the rest."

6 | Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an

7 | objection with specificity are routinely rejected in the Central District.  See <u>A.</u>

8 | <u>Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal.  2006) ("general

9 | or boilerplate objections such as 'overly burdensome and harassing' are improper –

10 | especially when a party fails to submit any evidentiary declarations supporting such

11 | objections").  Mattel must be compelled either to certify that it has produced all non-

12 | privileged responsive documents or to produce all such documents by a date certain.

13       To the extent that Mattel is relying on its blanket objections, they are

14 | not sustainable and do not justify Mattel's failure to produce documents.

15       As to overbreadth, Mattel provides no explanation, let alone the

16 | required particularity, as to *why* this request is supposedly overly broad, nor can it

17 | do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

18 | 20 (overruling objections not stated with specificity), Rutowski Decl.  Ex.  58.  To

19 | the contrary, the request is narrowly tailored to seek particular categories of

20 | documents regarding Mattel's offsite storage facilities during a discrete time frame.

21       As to burden, Mattel has not attempted to demonstrate why responding

22 | to this request and/or producing responsive documents presents any burden.  This

23 | objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

24 | 173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

25 | request is unduly burdensome must allege specific facts which indicate the nature

26 | and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

27 | it is not unduly burdensome, as noted above, in that the request is narrowly tailored

28 | to seek only discoverable evidence.

1    This request does not seek documents protected by the attorney-client

2  privilege, the attorney work product doctrine, or other applicable privileges.  To the

3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Information about Mattel's offsite storage facilities is likely to evidence

5  the relevant repositories of discoverable information in this action and any

6  destruction of relevant materials to the extent that it has occurred, among other

7  things.  The information sought is also likely to lead to evidence regarding access to

8  employee personnel files during Mattel's investigation of the allegations it has made

9  in Phase 2.  Such information would be relevant to MGA's statute of limitations and

10  laches defenses in Phase 2, among other things.  Accordingly, Mattel's objection to

11  the relevance of this request is unfounded.

12    None of Mattel's improper objections are valid and Mattel is obligated

13  to produce all non-privileged responsive documents in its possession, custody, or

14  control.

15  **MATTEL'S RESPONSE:**

16    MGA's argument that it is entitled to these documents fails on the

17  merits.  MGA bears the burden of showing that its discovery meets the relevance

18  requirements of <u>Rule</u> 26(b)(1).[1]  MGA argues in conclusory fashion that the

19  information about Mattel's offsite storage facilities is relevant to showing "any

20  destruction of relevant materials to the extent it has occurred."  But MGA nowhere

21  shows how or ties information about all of Mattel's facilities over a 14-year period –

22  including storage facilities that would contain documents relating to a host of Mattel

23  brands, business lines and subsidiaries around the world that do not even arguably

24

25    [1] <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1

  (S.D. Cal. 2009).

28

1   have any bearing at all on this suit – is pertinent to any claim or defense in this suit.

2   Indeed, MGA does not even explain what the "relevant materials" purportedly are.

3   Moreover, MGA's unsupported arguments about alleged destruction have already

4   been the subject of an evidentiary hearing and a Court ruling that found that there is

5   no evidence of any document destruction by Mattel in this litigation.[2]  Specifically,

6   Judge Larson found MGA's assertions of evidence destruction to be "nothing more

7   than rhetoric laced with hyperbole" and "sheer speculation, unsupported by

8   evidence."[3]

9           MGA's assertion that information responsive to the Request "would be

10  relevant to its statute of limitations and laches defenses in Phase 2" is likewise

11  unexplained and unsupported.  That is for good reason.  No allegation in this case

12  has ever been made that Mattel knew or should have known about the theft of Bratz

13  prior to 2001 – let alone stretching back to 1995, a time when even according to

14  MGA Bratz did not exist in any form.  Bryant himself admitted that he never

15  disclosed Bratz to Mattel before he left Mattel in October 2000,[4] and the jury has

16  already found that MGA fraudulently concealed the facts relating to the theft of

17  Bratz until 2001.[5]  Both of these facts further show that the sweeping time period

18  sought by this Request – indeed the bulk of it – could have nothing to do with any

19  statute of limitations or laches defense.  The fact that the Request lacks any ending

20  time period additionally belies MGA's post hoc rationale for this Request.  It is, of

21  course, impossible that documents relating to time periods after Mattel brought suit,

22  which this Request plainly includes, could bear on any statute of limitations or

23  laches defense.  The Request is also nothing more than an improper attempt to yet

24

25  [2]  See August 27, 2007 Order Denying Motion for Terminating Sanctions, at 4,
26  Dart Decl., Exh. 15.
27  [3]  Id.
    [4]  See Trial Transcript, June 12, 2008, at 2472:12-15, Dart Decl., Exh. 39.
28

1  again re-litigate the Court's repeated rejection of these defenses.[6] Having already

2  lost these defenses on the merits, discovery relating to them is, by definition,

3  irrelevant.

4          The MGA Parties have acknowledged that the information sought by

5  this Request is not relevant.  MGA Mexico has refused to produce any documents

6  responsive to virtually identical requests, objecting that they "seek[] documents not

7  relevant to the claims or defenses in this action and not reasonably calculated to lead

8  to the discovery of admissible evidence."[7]

9          MGA has therefore made no showing how this request is related to the

10  claims and defenses in this case, which alone requires denial of its Motion as to this

11  Request.  "A trial court has a duty, of special significance in lengthy and complex

12  cases where the possibility of abuse is always present, to supervise and limit

13  discovery to protect parties and witnesses from annoyance and excessive expense."

14  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways

15  Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.

16  1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D.

17  Ill. 1983) (same).  As the previous Discovery Master has held, a party may not

18  propound document requests as part of a fishing expedition or to discover new

19

20

21
_____

22      [5]  See Phase 1B Jury Form As Given, at 8, Dart Decl., Exh. 41.

23      [6]  See, May 27, 2008 Order at 8-9, Dart Decl., Exh. 10; Court's Final Pre-Trial
    Conference Order For Phase 1 Trial, dated June 7, 2008, at 6, Dart Decl., Exh. 11;

24  Further And Final Order Re Statute Of Limitations Defense, dated June 2, 2008, at

25  4, Dart Decl., Exh. 12; Order Finding In Favor Of Mattel As To The MGA Parties'
    Affirmative Defenses, et al., dated December 3, 2008, at 3-4, Dart Decl., Exh. 13.

26      [7]  See Response to Mattel, Inc.'s Third Set of Requests for Documents and

27  Things to MGAE De Mexico, S.R.L. de C.V., dated February 21, 2007, Dart Decl.,
    Exh. 40.

28

1    claims.[8]   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

2    courts need not condone the use of discovery to engage in 'fishing expeditions.'").

3            Even if it were relevant, the Request is grossly overbroad.  In seeking

4    production of documents showing the names and locations of any offsite storage

5    facilities used by Mattel since 1995, MGA is seeking irrelevant documents relating

6    to brands, businesses, transactions and subsidiaries that has nothing to do with this

7    case.  And, as shown above, the Request sweeps in several prior years and more

8    recent years that have nothing to do with MGA's defenses either.  MGA's argument

9    that the Request is narrowly tailored because it seeks "particular categories of

10   documents regarding Mattel's offsite storage facilities during a discrete time frame"

11   is specious, as the Request shows on its face.

12           The Discovery Master should also uphold Mattel's objection that the

13   term "OFFSITE STORAGE FACILITIES" as used in the Request is vague and

14   ambiguous.  MGA defines "OFFSITE STORAGE FACILITIES" as "any storage or

15   warehouse facilities located outside of MATTEL'S premises, including, but not

16   limited to, facilities maintained by third-party vendors that have been used by

17   MATTEL to store DOCUMENTS or tangible things."[9]  This overly broad,

18   incomprehensible definition is defectively vague.  "MATTEL" is defined to include

19   "the party Mattel, Inc. and any of its past or present officers, directors, agents,

20   employees, representatives, consultants, attorneys, parents, subsidiaries, divisions,

21   affiliates, predecessors-in-interest, entities and persons acting in joint venture or

22   partnership relationships" with Mattel.[10]  It is unclear whether the Request is

23

---

24       [8]  See Order Granting In Part and Denying In Part Mattel's Motion for
25   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
     1.
26       [9]  See MGA's Seventh Set of Requests for the Production of Documents and
27   Things in Case No. 05-2727, dated December 21, 2007, Dart Decl., Exh. 42.
         [10]  Id.
28

1   therefore seeking the name and location of every place a Mattel employee or agent

2   has ever stored a document or tangible thing related to his or her relationship with

3   Mattel, and could theoretically include every house, apartment, locker, car, or other

4   location so used.  And, what "outside of MATTEL'S premises" means is anyone's

5   guess and, by its use of "MATTEL," is circular.

6            There is no basis for overruling Mattel's privilege objection.  MGA's

7   bald assertion that "[t]his request does not seek information protected by the

8   attorney-client privilege, the attorney work product doctrine, or other applicable

9   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

10   agreed that "all privileged documents would be logged except for documents created

11   after this action was filed on April 27, 2004."[11]  Thus, to the extent  privileged

12   documents fall within the post lawsuit time period, they need not be included on

13   Mattel's log.  Although it bears the burden of showing why this agreement should

14   not be applied to a given Request, MGA fails to do so.

15            Finally, MGA failed to meet and confer at all, much less in good faith,

16   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

17   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

18   the moving party shall first identify each dispute, state the relief sought and identify

19   the authority supporting the requested relief in a meet and confer letter that shall be

20   served on all parties by facsimile or electronic mail. The parties shall have five court

21   days from the date of service of that letter to conduct an in-person conference to

22   attempt to resolve the dispute.").   At no point during the meet and confer process

23   did the parties discuss this Request or Mattel's response to it.[12]  In order to engage in

24

25   [11]   See Order Denying Mattel's Motion for Protective Order Limiting the

26   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

27   3.
      [12]   See Webster Decl., ¶¶ 6-20.

28

00505.07975/3161773.1

1  a meaningful meet and confer, MGA had the burden to show the relevance of any

2  requests it sought to move on.[13]  Because MGA refused to even attempt to make

3  this showing, there was no possibility of a good faith meet and confer to resolve the

4  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

5  this Request on that grounds alone.

6  **REQUEST FOR PRODUCTION NO. 573(2):**

7            Each log, record, index, file or other DOCUMENT identifying or

8  listing MATTEL DOCUMENTS or tangible things stored at the OFFSITE

9  STORAGE FACILITIES since 1995.

10  **RESPONSE TO REQUEST NO. 573(2):**

11            In addition to the General Objections stated above which are

12  incorporated herein by reference, Mattel objects to this Request on the Grounds that

13  it seeks documents that are not relevant to this action or likely to lead to the

14  discovery of admissible evidence.  Mattel further objects to this Request on the

15  grounds it is overbroad, oppressive, unduly burdensome and intended to harass and

16  annoy Mattel, including in that it seeks documents on this subject regardless of

17  whether such documents relate to products or matters at issue in this case or time

18  periods at issue in this action.  Mattel further objects to this Request on the grounds

19  that it seeks confidential, proprietary and trade secret information, including such

20  information that has no bearing on the claims or defenses in this case.  Mattel further

21  objects to the use of the terms 'MATTEL DOCUMENTS" and "OFFSIDE

22  STORAGE FACILITIES" in this context as vague and ambiguous.  Mattel further

23  objects to this request to the extent that it calls for the disclosure of information

24  _____

25  [13]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1

     (S.D. Cal. 2009).

28

1  subject to the attorney-client privilege, the attorney work-product doctrine and other

2  applicable privileges.

**## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

**## TO SHOULD BE COMPELLED**

5          Mattel has refused to produce documents in response to this request,

6  raising only improper objections.  Under the Federal Rules of Civil Procedure, "an

7  objection to part of a request must specify the part and permit inspection of the rest."

8  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an

9  objection with specificity are routinely rejected in the Central District.  See A.

10 Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal.  2006) ("general

11 or boilerplate objections such as 'overly burdensome and harassing' are improper –

12 especially when a party fails to submit any evidentiary declarations supporting such

13 objections").  Mattel must be compelled either to certify that it has produced all non-

14 privileged responsive documents or to produce all such documents by a date certain.

15          To the extent that Mattel is relying on its blanket objections, they are

16 not sustainable and do not justify Mattel's failure to produce documents.

17          As to overbreadth, Mattel provides no explanation, let alone the

18 required particularity, as to *why* this request is supposedly overly broad, nor can it

19 do so.

20          This objection is therefore improper.  Order No. 17, dated April 14,

21 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.  Ex.

22 58.  To the contrary, the request is narrowly tailored to seek particular categories of

23 documents regarding Mattel's offsite storage facilities during a discrete time frame.

24          As to burden, Mattel has not attempted to demonstrate why responding

25 to this request and/or producing responsive documents presents any burden.  This

26 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

27 173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

28 request is unduly burdensome must allege specific facts which indicate the nature

1 and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

2 it is not unduly burdensome, as noted above, in that the request is narrowly tailored

3 to seek only discoverable evidence.

4       This request does not seek documents protected by the attorney-client

5 privilege, the attorney work product doctrine, or other applicable privileges.  To the

6 extent that Mattel contends that it does, Mattel must provide a privilege log.

7       Information about Mattel's offsite storage facilities is likely to evidence

8 the relevant repositories of discoverable information in this action and any

9 destruction of relevant materials to the extent that it has occurred, among other

10 things.  The information sought is also likely to lead to evidence regarding access to

11 employee personnel files during Mattel's investigation of the allegations it has made

12 in Phase 2.  Such information would be relevant to MGA's statute of limitations and

13 laches defenses in Phase 2, among other things.  Accordingly, Mattel's objection to

14 the relevance of this request is unfounded.

15       None of Mattel's improper objections are valid and Mattel is obligated

16 to produce all non-privileged responsive documents in its possession, custody, or

17 control.

18 **MATTEL'S RESPONSE:**

19       MGA's argument that it is entitled to these documents fails on the

20 merits.  MGA bears the burden of showing that its discovery meets the relevance

21 requirements of <u>Rule</u> 26(b)(1).[14]  MGA argues in conclusory fashion that the

22 information about Mattel's offsite storage facilities is relevant to showing "any

23 destruction of relevant materials to the extent it has occurred."  But MGA nowhere

24

_____

25   [14]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26 Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27 burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1

(S.D. Cal. 2009).

28

1  shows how or ties information about all of Mattel's facilities over a 14-year period –

2  including storage facilities that would contain documents relating to a host of Mattel

3  brands, business lines and subsidiaries around the world that do not even arguably

4  have any bearing at all on this suit – is pertinent to any claim or defense in this suit.

5  Indeed, MGA does not even explain what the "relevant materials" purportedly are.

6  Moreover, MGA's unsupported arguments about alleged destruction have already

7  been the subject of an evidentiary hearing and a Court ruling that found that there is

8  no evidence of any document destruction by Mattel in this litigation.[15]  Specifically,

9  Judge Larson found MGA's assertions of evidence destruction to be "nothing more

10  than rhetoric laced with hyperbole" and "sheer speculation, unsupported by

11  evidence."[16]

12        MGA's assertion that information responsive to the Request "would be

13  relevant to its statute of limitations and laches defenses in Phase 2" is likewise

14  unexplained and unsupported.  That is for good reason.  No allegation in this case

15  has ever been made that Mattel knew or should have known about the theft of Bratz

16  prior to 2001 – let alone stretching back to 1995, a time when even according to

17  MGA Bratz did not exist in any form.  Bryant himself admitted that he never

18  disclosed Bratz to Mattel before he left Mattel in October 2000,[17] and the jury has

19  already found that MGA fraudulently concealed the facts relating to the theft of

20  Bratz until 2001.[18]  Both of these facts further show that the sweeping time period

21  sought by this Request – indeed the bulk of it – could have nothing to do with any

22  statute of limitations or laches defense.  The fact that the Request lacks any ending

23  time period additionally belies MGA's post hoc rationale for this Request.  It is, of

24

25     [15]  See August 27, 2007 Order Denying Motion for Terminating Sanctions, at 4,

26  Dart Decl., Exh. 15.
       [16]  Id.
27     [17]  See Trial Transcript, June 12, 2008, at 2472:12-15, Dart Decl., Exh. 39.

28

course, impossible that documents relating to time periods after Mattel brought suit, which this Request plainly includes, could bear on any statute of limitations or laches defense.  The Request is also nothing more than an improper attempt to yet again re-litigate the Court's repeated rejection of these defenses.[19]  Having already lost these defenses on the merits, discovery relating to them is, by definition, irrelevant.

The MGA Parties have acknowledged that the information sought by this Request is not relevant.  MGA Mexico has refused to produce any documents responsive to virtually identical requests, objecting that they "seek[] documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence."[20]

MGA has therefore made no showing how this request is related to the claims and defenses in this case, which alone requires denial of its Motion as to this Request.  "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a party may not

---

[18]  See Phase 1B Jury Form As Given, at 8, Dart Decl., Exh. 41.

[19]  See, May 27, 2008 Order at 8-9, Dart Decl., Exh. 10; Court's Final Pre-Trial Conference Order For Phase 1 Trial, dated June 7, 2008, at 6, Dart Decl., Exh. 11; Further And Final Order Re Statute Of Limitations Defense, dated June 2, 2008, at 4, Dart Decl., Exh. 12; Order Finding In Favor Of Mattel As To The MGA Parties' Affirmative Defenses, et al., dated December 3, 2008, at 3-4, Dart Decl., Exh. 13.

[20]  See Response to Mattel, Inc.'s Third Set of Requests for Documents and Things to MGAE De Mexico, S.R.L. de C.V., dated February 21, 2007, Dart Decl., Exh. 40.

propound document requests as part of a fishing expedition or to discover new claims.[21]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Even if it were relevant, the Request is grossly overbroad.  In seeking production of each log, record, index, file or other DOCUMENT identifying or listing MATTEL DOCUMENTS or tangible things stored at the OFFSITE STORAGE FACILITIES since 1995, MGA is seeking irrelevant documents relating to brands, businesses, transactions and subsidiaries that has nothing to do with this case.  And, as shown above, the Request sweeps in several prior years and more recent years that have nothing to do with MGA's defenses either.  MGA's argument that the Request is narrowly tailored because it seeks "particular categories of documents regarding Mattel's offsite storage facilities during a discrete time frame" is specious, as the Request shows on its face.

The Discovery Master should also uphold Mattel's objection that the term "OFFSITE STORAGE FACILITIES" as used in the Request is vague and ambiguous.  MGA defines "OFFSITE STORAGE FACILITIES" as "any storage or warehouse facilities located outside of MATTEL'S premises, including, but not limited to, facilities maintained by third-party vendors that have been used by MATTEL to store DOCUMENTS or tangible things."[22]  This overly broad, incomprehensible definition is defectively vague.  "MATTEL" is defined to include "the party Mattel, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or

---

[21]  See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN [SECOND])

1   partnership relationships" with Mattel.[23]  It is unclear whether the Request is

2   therefore seeking the name and location of every place a Mattel employee or agent

3   has ever stored a document or tangible thing related to his or her relationship with

4   Mattel, and could theoretically include every house, apartment, locker, car, or other

5   location so used.  And, what "outside of MATTEL'S premises" means is anyone's

6   guess and, by its use of "MATTEL," is circular.

7         Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

8   that a Court should limit the extent of discovery if it determines that the burden of

9   the proposed discovery outweighs its likely benefit; the discovery sought is

10  unreasonably cumulative or duplicative, or is obtainable from some other source that

11  is more convenient, less burdensome, or less expensive; or the party seeking

12  discovery has had ample opportunity by discovery in the action to obtain the

13  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

14  producing the documents responsive to this overbroad Request would greatly

15  outweigh any marginal benefit to MGA, for the following reasons.

16  ████████████████████████████████████

17  ████████████████████████████████████████

18  ████████████████████████████████████████

19  ████████████████████████████████████████

20  ████████████████████████████████████████

21  ████████████████████████████████████████

22

---

23    [22]  See MGA's Seventh Set of Requests for the Production of Documents and

24  Things in Case No. 05-2727, dated December 21, 2007, Dart Decl., Exh. 42.

  [23]  Id.

25    [24]  See Declaration of Jan Hodges ("Hodges Dec."), filed concurrently herewith,

26  at ¶ 2.

  [25]  Id.

27    [26]  Id.

28

00505.07975/3161773.1



18   There is no basis for overruling Mattel's privilege objection.  MGA's

19   bald assertion that "[t]his request does not seek information protected by the

20   attorney-client privilege, the attorney work product doctrine, or other applicable

21   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

27   Id.
28   Id.
29   Hodges Dec., ¶ 3.
30   Id.
31   Hodges Dec., ¶ 5.
32   Id.
33   Id.

1    agreed that "all privileged documents would be logged except for documents created

2    after this action was filed on April 27, 2004."[34]  Thus, to the extent  privileged

3    documents fall within the post lawsuit time period, they need not be included on

4    Mattel's log.  Although it bears the burden of showing why this agreement should

5    not be applied to a given Request, MGA fails to do so.

6              Finally, MGA failed to meet and confer at all, much less in good faith,

7    regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

8    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

9    the moving party shall first identify each dispute, state the relief sought and identify

10   the authority supporting the requested relief in a meet and confer letter that shall be

11   served on all parties by facsimile or electronic mail. The parties shall have five court

12   days from the date of service of that letter to conduct an in-person conference to

13   attempt to resolve the dispute.").   At no point during the meet and confer process

14   did the parties discuss this Request or Mattel's response to it.[35]  In order to engage in

15   a meaningful meet and confer, MGA had the burden to show the relevance of any

16   requests it sought to move on.[36]  Because MGA refused to even attempt to make

17   this showing, there was no possibility of a good faith meet and confer to resolve the

18   parties' disputes.  The Discovery Master should deny MGA's motion with respect to

19   this Request on that grounds alone.

20

21

22

---

23   [34]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

24

25   [35]  See Webster Decl., ¶¶ 6-20.

26   [36]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET SEVEN [SECOND])

**REQUEST FOR PRODUCTION NO. 574(2):**

Each log, record, index, file or other DOCUMENT identifying or listing MATTEL DOCUMENTS or tangible things that have been sent to or retrieved from the OFFSITE STORAGE FACILITIES since 1995, including when the DOCUMENTS were sent and/or retrieved.

**RESPONSE TO REQUEST NO. 574(2):**

In addition to the General Objections stated above which are incorporated by herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are no relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has refused to produce documents in response to this request, raising only improper objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper –

1 especially when a party fails to submit any evidentiary declarations supporting such

2 objections").  Mattel must be compelled either to certify that it has produced all non-

3 privileged responsive documents or to produce all such documents by a date certain.

4             To the extent that Mattel is relying on its blanket objections, they are

5 not sustainable and do not justify Mattel's failure to produce documents.

6             As to overbreadth, Mattel provides no explanation, let alone the

7 required particularity, as to *why* this request is supposedly overly broad, nor can it

8 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

9 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To

10 the contrary, the request is narrowly tailored to seek particular categories of

11 documents regarding Mattel's offsite storage facilities during a discrete time frame.

12             As to burden, Mattel has not attempted to demonstrate why responding

13 to this request and/or producing responsive documents presents any burden.  This

14 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

15 173 F.R.D. 524, 528-29 (D. Nev.  1997) ("The party claiming that a discovery

16 request is unduly burdensome must allege specific facts which indicate the nature

17 and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

18 it is not unduly burdensome, as noted above, in that the request is narrowly tailored

19 to seek only discoverable evidence.

20             This request does not seek documents protected by the attorney-client

21 privilege, the attorney work product doctrine, or other applicable privileges.  To the

22 extent that Mattel contends that it does, Mattel must provide a privilege log.

23             Information about Mattel's offsite storage facilities is likely to evidence

24 the relevant repositories of discoverable information in this action and any

25 destruction of relevant materials to the extent that it has occurred, among other

26 things.  The information sought is also likely to lead to evidence regarding access to

27 employee personnel files during Mattel's investigation of the allegations it has made

28 in Phase 2.  Such information would be relevant to MGA's statute of limitations and

1    laches defenses in Phase 2, among other things.  Accordingly, Mattel's objection to

2    the relevance of this request is unfounded.

3            None of Mattel's improper objections are valid and Mattel is obligated

4    to produce all non-privileged responsive documents in its possession, custody, or

5    control.

6    **MATTEL'S RESPONSE:**

7            MGA's argument that it is entitled to these documents fails on the

8    merits.  MGA bears the burden of showing that its discovery meets the relevance

9    requirements of Rule 26(b)(1).[37]  MGA argues in conclusory fashion that the

10   information about Mattel's offsite storage facilities is relevant to showing "any

11   destruction of relevant materials to the extent it has occurred."  But MGA nowhere

12   shows how or ties information about all of Mattel's facilities over a 14-year period –

13   including storage facilities that would contain documents relating to a host of Mattel

14   brands, business lines and subsidiaries around the world that do not even arguably

15   have any bearing at all on this suit – is pertinent to any claim or defense in this suit.

16   Indeed, MGA does not even explain what the "relevant materials" purportedly are.

17   Moreover, MGA's unsupported arguments about alleged destruction have already

18   been the subject of an evidentiary hearing and a Court ruling that found that there is

19   no evidence of any document destruction by Mattel in this litigation.[38]  Specifically,

20   Judge Larson found MGA's assertions of evidence destruction to be "nothing more

21

22

23

24   [37]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
25   Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial
     burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
26   (S.D. Cal. 2009).
27   [38]   See August 27, 2007 Order Denying Motion for Terminating Sanctions, at 4,
     Dart Decl., Exh. 15.
28

1 | than rhetoric laced with hyperbole" and "sheer speculation, unsupported by

2 | evidence."[39]

3 |         MGA's assertion that information responsive to the Request "would be

4 | relevant to its statute of limitations and laches defenses in Phase 2" is likewise

5 | unexplained and unsupported.  That is for good reason.  No allegation in this case

6 | has ever been made that Mattel knew or should have known about the theft of Bratz

7 | prior to 2001 – let alone stretching back to 1995, a time when even according to

8 | MGA Bratz did not exist in any form.  Bryant himself admitted that he never

9 | disclosed Bratz to Mattel before he left Mattel in October 2000,[40] and the jury has

10 | already found that MGA fraudulently concealed the facts relating to the theft of

11 | Bratz until 2001.[41]  Both of these facts further show that the sweeping time period

12 | sought by this Request – indeed the bulk of it – could have nothing to do with any

13 | statute of limitations or laches defense.  The fact that the Request lacks any ending

14 | time period additionally belies MGA's post hoc rationale for this Request.  It is, of

15 | course, impossible that documents relating to time periods after Mattel brought suit,

16 | which this Request plainly includes, could bear on any statute of limitations or

17 | laches defense.  The Request is also nothing more than an improper attempt to yet

18 | again re-litigate the Court's repeated rejection of these defenses.[42]  Having already

19 | lost these defenses on the merits, discovery relating to them is, by definition,

20 | irrelevant.

21 |

22 |

23 | [39]  <u>Id.</u>

24 | [40]  <u>See</u> Trial Transcript, June 12, 2008, at 2472:12-15, Dart Decl., Exh. 39.

     [41]  <u>See</u> Phase 1B Jury Form As Given, at 8, Dart Decl., Exh. 41.

25 | [42]  <u>See</u>, May 27, 2008 Order at 8-9, Dart Decl., Exh. 10; Court's Final Pre-Trial

26 | Conference Order For Phase 1 Trial, dated June 7, 2008, at 6, Dart Decl., Exh. 11;

Further And Final Order Re Statute Of Limitations Defense, dated June 2, 2008, at

27 | 4, Dart Decl., Exh. 12; Order Finding In Favor Of Mattel As To The MGA Parties'

Affirmative Defenses, et al., dated December 3, 2008, at 3-4, Dart Decl., Exh. 13.

28 |

1    The MGA Parties have acknowledged that the information sought by

2 this Request is not relevant.  MGA Mexico has refused to produce any documents

3 responsive to virtually identical requests, objecting that they "seek[] documents not

4 relevant to the claims or defenses in this action and not reasonably calculated to lead

5 to the discovery of admissible evidence."[43]

6    MGA has therefore made no showing how this request is related to the

7 claims and defenses in this case, which alone requires denial of its Motion as to this

8 Request.  "A trial court has a duty, of special significance in lengthy and complex

9 cases where the possibility of abuse is always present, to supervise and limit

10 discovery to protect parties and witnesses from annoyance and excessive expense."

11 Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways

12 Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.

13 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D.

14 Ill. 1983) (same).  As the previous Discovery Master has held, a party may not

15 propound document requests as part of a fishing expedition or to discover new

16 claims.[44]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

17 courts need not condone the use of discovery to engage in 'fishing expeditions.'").

18    Even if it were relevant, the Request is grossly overbroad.  In seeking

19 production of each log, record, index, file or other DOCUMENT identifying or

20 listing MATTEL DOCUMENTS or tangible things that have been sent to or

21 retrieved from the OFFSITE STORAGE FACILITIES since 1995, MGA is seeking

22 irrelevant documents relating to brands, businesses, transactions and subsidiaries

23

24    [43]  See Response to Mattel, Inc.'s Third Set of Requests for Documents and

25 Things to MGAE De Mexico, S.R.L. de C.V., dated February 21, 2007, Dart Decl., Exh. 40.

26    [44]  See Order Granting In Part and Denying In Part Mattel's Motion for

27 Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

28

1  that has nothing to do with this case.  And, as shown above, the Request sweeps in

2  several prior years and more recent years that have nothing to do with MGA's

3  defenses either.  MGA's argument that the Request is narrowly tailored because it

4  seeks "particular categories of documents regarding Mattel's offsite storage facilities

5  during a discrete time frame" is specious, as the Request shows on its face.

6        The Discovery Master should also uphold Mattel's objection that the

7  term "OFFSITE STORAGE FACILITIES" as used in the Request is vague and

8  ambiguous.  MGA defines "OFFSITE STORAGE FACILITIES" as "any storage or

9  warehouse facilities located outside of MATTEL'S premises, including, but not

10  limited to, facilities maintained by third-party vendors that have been used by

11  MATTEL to store DOCUMENTS or tangible things."[45]  This overly broad,

12  incomprehensible definition is defectively vague.  "MATTEL" is defined to include

13  "the party Mattel, Inc. and any of its past or present officers, directors, agents,

14  employees, representatives, consultants, attorneys, parents, subsidiaries, divisions,

15  affiliates, predecessors-in-interest, entities and persons acting in joint venture or

16  partnership relationships" with Mattel.[46]  It is unclear whether the Request is

17  therefore seeking the name and location of every place a Mattel employee or agent

18  has ever stored a document or tangible thing related to his or her relationship with

19  Mattel, and could theoretically include every house, apartment, locker, car, or other

20  location so used.  And, what "outside of MATTEL'S premises" means is anyone's

21  guess and, by its use of "MATTEL," is circular.

22        Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides

23  that a Court should limit the extent of discovery if it determines that the burden of

24  the proposed discovery outweighs its likely benefit; the discovery sought is

_____

26  [45]  <u>See</u> MGA's Seventh Set of Requests for the Production of Documents and
27  Things in Case No. 05-2727, dated December 21, 2007, Dart Decl., Exh. 42.
   [46]  <u>Id.</u>

1  unreasonably cumulative or duplicative, or is obtainable from some other source that

2  is more convenient, less burdensome, or less expensive; or the party seeking

3  discovery has had ample opportunity by discovery in the action to obtain the

4  information sought. <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c). The burden of locating and

5  producing the documents responsive to this overbroad Request would greatly

6  outweigh any marginal benefit to MGA, for the following reasons.



22  —————————————

23    [47]  <u>See</u> Declaration of Jan Hodges ("Hodges Dec."), filed concurrently herewith,

24  at ¶ 2.
       [48]  <u>Id.</u>

25    [49]  <u>Id.</u>

26    [50]  <u>Id.</u>
       [51]  <u>Id.</u>

27    [52]  Hodges Dec., ¶ 3.

28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

[53]   Id.

24

[54]   Hodges Dec., ¶ 4.

25

[55]   Id.

[56]   Id.

26

[57]   Id.

[58]   Hodges Dec., ¶ 5.

27

[59]   Id.

28

1 ██████████████████████████████████████████████████

2 ████████████████████████████████

3       There is no basis for overruling Mattel's privilege objection.  MGA's

4 bald assertion that "[t]his request does not seek information protected by the

5 attorney-client privilege, the attorney work product doctrine, or other applicable

6 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7 agreed that "all privileged documents would be logged except for documents created

8 after this action was filed on April 27, 2004."[61]  Thus, to the extent  privileged

9 documents fall within the post lawsuit time period, they need not be included on

10 Mattel's log.  Although it bears the burden of showing why this agreement should

11 not be applied to a given Request, MGA fails to do so.

12       Finally, MGA failed to meet and confer at all, much less in good faith,

13 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15 the moving party shall first identify each dispute, state the relief sought and identify

16 the authority supporting the requested relief in a meet and confer letter that shall be

17 served on all parties by facsimile or electronic mail. The parties shall have five court

18 days from the date of service of that letter to conduct an in-person conference to

19 attempt to resolve the dispute.").   At no point during the meet and confer process

20 did the parties discuss this Request or Mattel's response to it.[62]  In order to engage in

21 a meaningful meet and confer, MGA had the burden to show the relevance of any

22

23

24 _____

25 [60] Id.
   [61] See Order Denying Mattel's Motion for Protective Order Limiting the

26 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

27 [62] See Webster Decl., ¶¶ 6-20.

28

1   requests it sought to move on.[63]   Because MGA refused to even attempt to make

2   this showing, there was no possibility of a good faith meet and confer to resolve the

3   parties' disputes.  The Discovery Master should deny MGA's motion with respect to

4   this Request on that grounds alone.

5

6

7   DATED:  October 19, 2009        QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

8

9                                   By  /s/ James J. Webster

10                                      James J. Webster
                                        Attorneys for Mattel. Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   [63]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26   Order No. 27, Dart Decl., Exh. 4, at 4 (as the moving party, "Mattel bears an initial

27   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

28   (S.D. Cal. 2009).