1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 | John B. Quinn (Bar No. 90378)
  | (johnquinn@quinnemanuel.com)
3 | Michael T. Zeller (Bar No. 196417)
  | (michaelzeller@quinnemanuel.com)
4 | Jon D. Corey (Bar No. 185066)
  | (joncorey@quinnemanuel.com)
5 | 865 South Figueroa Street, 10th Floor
  | Los Angeles, California 90017-2543
6 | Telephone: (213) 443-3000
  | Facsimile: (213) 443-3100
7 | Attorneys for Mattel, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) |
|---|---|
| | Consolidated with |
| | Case No. CV 04-09059 |
| Plaintiff, | Case No. CV 05-02727 |
| | **DISCOVERY MATTER** |
| vs. | **[To Be Heard By Discovery Master Robert O'Brien]** |
| MGA ENTERTAINMENT, INC. a California corporation. | **[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT IN SUPPORT OF MGA PARTIES' MOTION TO COMPEL FURTHER RESPONSES TO MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (9049, SET EIGHT)** |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

Hearing Date: TBA
Time: TBA
Place: Arant Fox LLP
555 West Fifth St.
48th Floor
Los Angeles, CA
90013

**Phase 2**
Disc. Cut-off: Dec. 11, 2009
Pre-trial Conf.: Mar. 1, 2010
Trial Date: Mar. 23, 2010

00505.07975/3161785.1

Mattel, Inc. respectfully submits this Separate Statement in support of its Opposition to MGA Parties' Motion to Compel Further Responses to MGA's Requests for Production of Documents (9049, Set Eight). This Separate Statement covers MGA's Eighth Set of Requests in Case No. CV 04-9049-SGL of the consolidated proceedings, served on November 29, 2007. The requests included in this Separate Statement are Request Nos. 770-784 and 786-794. (the "Requests at Issue").

**REQUEST FOR PRODUCTION NO. 770:**

All EMPLOYEE INVENTIONS AGREEMENTS signed by any person identified in MATTEL'S INITIAL DISCLOSURES or MATTEL'S response(s) to any interrogatory served in THIS ACTION.

**RESPONSE TO REQUEST NO. 770:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's September 12, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the Request on the grounds that Defendants have withdrawn all defenses relating to the enforceability or unenforceability of Carter

1 | Bryant's agreements with Mattel.  Mattel further objects to the use of the term
2 | "EMPLOYEE INVENTIONS AGREEMENT" in this context as vague and
3 | ambiguous.  Mattel further objects to this Request to the extent that it calls for the
4 | disclosure of information subject to the attorney-client privilege, the attorney work-
5 | product doctrine and other applicable privileges.

6 |        Based on the foregoing, and without waiving the above general and
7 | specific objections, Mattel states that, other than those documents that is has
8 | produced pursuant to other requests, Mattel will not produce documents responsive
9 | to this Request.

10 | **AMENDED RESPONSE TO REQUEST NO. 770:**

11 |        In addition to the General Objections stated above which are
12 | incorporated herein by reference, Mattel objects to this Request on the grounds that
13 | it seeks documents that are not relevant to this action or likely to lead to the
14 | discovery of admissible evidence.  Mattel further objects to this Request on the
15 | grounds that it is overbroad, oppressive, unduly burdensome and intended to harass
16 | and annoy Mattel, including in that it seeks documents on this subject regardless of
17 | whether such documents relate to matters at issue in this case or time periods at
18 | issue in this action.  Mattel further objects to this Request on the grounds that it is
19 | cumulative, duplicates prior requests and is harassing.  Mattel further objects to this
20 | Request on the grounds that it seeks confidential, proprietary and trade secret
21 | information, including such information that has no bearing on the claims or
22 | defenses in this case.  Mattel further objects to this Request on the grounds that it is
23 | an attempt to circumvent the Discovery Master's September 12, 2007 Order
24 | determining that the requested documents are irrelevant and/or that such requests are
25 | improper.  Mattel further objects to the Request on the grounds that Defendants have
26 | withdrawn all defenses relating to the enforceability or unenforceability of Carter
27 | Bryant's agreements with Mattel.  Mattel further objects to the use of the term
28 | "EMPLOYEE INVENTIONS AGREEMENT" in this context as vague and

1  ambiguous.  Mattel further objects to this Request to the extent that it calls for the

2  disclosure of information subject to the attorney-client privilege, the attorney work-

3  product doctrine and other applicable privileges.

4             Based on the foregoing, and without waiving the above general and

5  specific objections, Mattel states that, other than those documents that is has

6  produced pursuant to other requests, Mattel will not produce documents responsive

7  to this Request.

8  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

9  **TO SHOULD BE COMPELLED**

10            Mattel has not agreed to produce documents in response to this request,

11 subject to its improper boilerplate objections.  Mattel has refused to confirm whether

12 or not it has produced all non-privileged responsive documents or whether it is

13 withholding documents based on its objections in Phase 2.  Under the Federal Rules

14 of Civil Procedure, "an objection to part of a request must specify the part and

15 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

16 fail to explain the basis for an objection with specificity are routinely rejected in the

17 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

18 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

19 harassing' are improper – especially when a party fails to submit any evidentiary

20 declarations supporting such objections").  Accordingly, Mattel must be compelled

21 either to certify that it has produced all non-privileged responsive documents or to

22 produce all such documents by a date certain.

23            To the extent that Mattel is relying on its blanket objections, they are

24 not sustainable and do not justify Mattel's failure to produce documents.

25            As to overbreadth, Mattel provides no explanation, let alone the

26 required particularity, as to *why* this request is supposedly overly broad, nor can it

27 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

28 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

1   contrary, the request is narrowly tailored to seek copies of the Employee Inventions
2   Agreements signed by persons Mattel has identified in its initial disclosures and in
3   its interrogatory responses.

4   　　　　As to burden, Mattel has not attempted to demonstrate why responding
5   to this request and/or producing responsive documents presents any burden.  This
6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
7   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
8   request is unduly burdensome must allege specific facts which indicate the nature
9   and extent of the burden, usually by affidavit or other reliable evidence.")
10  Moreover, it is not unduly burdensome, as noted above, in that the request is
11  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
12  has engaged in various unfair trade practices, including coercing its employees to
13  accept restrictive covenants and non-compete clauses, and other efforts to prevent
14  prospective MGA employees from accepting offers of employment, as alleged in
15  paragraph 113 of MGA's Complaint and in MGA's Second Affirmative Defense.
16  MGA is entitled to discovery on these claims.  Mattel has also accused MGA of
17  copyright infringement, RICO violations, misappropriation of trade secrets,
18  intentional interference with contract, aiding and abetting breach of fiduciary duty
19  and duty of loyalty, conversion, and unfair competition.  All of these claims are to
20  some degree based on Mattel's theory that Mattel employees improperly breached
21  their Employee Inventions Agreements, and MGA is entitled to discovery on these
22  claims, including evidence of Mattel's Employee Inventions Agreement's evolution.

23  　　　　Mattel objects that the request contains confidential, proprietary and
24  trade secret information.  A Protective Order exists in this case, obviating any
25  concern as to protection of privacy rights and/or commercially sensitive
26  information.

27  　　　　Mattel's objection that this Request is an attempt to circumvent the
28  Discovery Master's September 12, 2007 order is unwarranted, as this request seeks

1  copies of a specific document signed by specific individuals previously identified by

2  Mattel.

3        Litigation in this case has extensively involved Mattel's "Employee

4  Inventions Agreement."  There is nothing vague or ambiguous about this term, and

5  Mattel's objection to the contrary is disingenuous and grounds for sanctions.

6        This request does not seek documents protected by the attorney-client

7  privilege, the attorney work product doctrine, or other applicable privileges.  To the

8  extent that Mattel contends that it does, Mattel must provide a privilege log.

9        None of Mattel's improper objections are valid and Mattel is obligated

10  to produce all non-privileged responsive documents in its possession, custody, or

11  control.

12  **MATTEL'S RESPONSE:**

13        Mattel objects to this request on the grounds that it is an attempt to

14  circumvent the Discovery Master's September 12, 2007 Order.[1]  In that order, the

15  Discovery Master found MGA's request for all documents referring or relating to

16  Mattel's employee inventions agreements to be overbroad, and so he narrowed the

17  request to agreements "Mattel alleges to exist between Mattel and Bryant."[2] It is

18  improper for MGA to attempt to circumvent the Discovery Master's prior ruling and

19  relitigate this issue by requesting employee inventions agreements relating to

20  persons other than Bryant.

21        Rules of Civil Procedure do not permit MGA to use broad discovery

22  requests untethered to any claim or defense." Order Granting in Part and Denying

23  Mattel also objects to this request on the grounds that it is overly broad.  The

24  Discovery Master has previously ruled that "[t]he Federal in Part Mattel's Motion

---

26  [1]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,
dated September 12, 2007, at 12-14, Dart Decl., Exh. 9.

27  [2]  Id.

1    for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007, at

2    6-7, Dart Decl., Exh. 1. See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc.,

3    364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of

4    discovery to engage in 'fishing expeditions.'").

5         MGA argues that its request is relevant to its claim that Mattel

6    "engaged in various unfair trade practices, including coercing its employees to

7    accept restrictive covenants and non-compete clauses, and other efforts to prevent

8    prospective MGA employees from accepting offers of employment." MGA also

9    argues that its request is relevant to Mattel claims based on the allegation that

10    "Mattel employees improperly breached their employee inventions agreements."

11    However MGA's request is not tailored to seeking information related to these facts,

12    and therefore is overbroad.  For example, numerous "person[s] identified in

13    MATTEL's INITIAL DISCLOSURES" are not even current or past Mattel

14    employees. MGA's request is overbroad because it is insufficiently linked with the

15    claims and defenses in this case.

16         Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

17    that a Court should limit the extent of discovery if it determines that the burden of

18    the proposed discovery outweighs its likely benefit; the discovery sought is

19    unreasonably cumulative or duplicative, or is obtainable from some other source that

20    is more convenient, less burdensome, or less expensive; or the party seeking

21    discovery has had ample opportunity by discovery in the action to obtain the

22    information sought. See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

23    producing the documents responsive to this overbroad Request would greatly

24    outweigh any marginal benefit to MGA, for the following reasons.

25

26

27

28



[3] Pantel Dec. ¶ 10.
[4] Moore Dec. ¶ 5.
[5] Id.
[6] Id.



9       Similarly, there is no basis for overruling Mattel's privilege objection.

10  MGA's bald assertion that "[t]his request does not seek information protected by the

11  attorney-client privilege, the attorney work product doctrine, or other applicable

12  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

13  agreed that "all privileged documents would be logged except for documents created

14  after this action was filed on April 27, 2004."[10]  Thus, to the extent privileged

15  documents fall within the post lawsuit time period, they need not be included on

16  Mattel's log.

17       Finally, MGA failed to meet and confer at all, much less in good faith,

18  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

19  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing

20  any discovery motion, the moving party shall first identify each dispute, state the

21  relief sought and identify the authority supporting the requested relief in a meet and

22  confer letter that shall be served on all parties by facsimile or electronic mail. The

---

[7]  Id. at ¶11.

[8]  Id. ¶ 12, Moore Dec. ¶ 7.

[9]  Id. ¶ 12, Moore Dec. ¶ 7.

[10]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1   parties shall have five court days from the date of service of that letter to conduct an

2   in-person conference to attempt to resolve the dispute."). At no point during the

3   meet and confer process did the parties discuss this Request or Mattel's response to

4   it. In order to engage in a meaningful meet and confer, MGA had the burden to

5   show the relevance of any requests it sought to move on.[11]   Because MGA refused

6   to even attempt to make this showing, there was no possibility of a good faith meet

7   and confer to resolve the parties' disputes. The Discovery Master should deny

8   MGA's motion with respect to this Request on that grounds alone.

9           Other than those documents that it has produced pursuant to other

10  requests, Mattel will not produce documents responsive to this request.

11  **REQUEST FOR PRODUCTION NO. 771:**

12          All CONFLICT OF INTEREST QUESTIONNAIRES signed by any

13  person identified in MATTEL'S INITIAL DISCLOSURES or MATTEL'S

14  response(s) to any interrogatory served in THIS ACTION.

15  **RESPONSE TO REQUEST NO. 771:**

16          In addition to the General Objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it seeks documents that are not relevant to this action or likely to lead to the

19  discovery of admissible evidence. Mattel further objects to this Request on the

20  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

21  and annoy Mattel, including in that it seeks documents on this subject regardless of

22  whether such documents relate to matters at issue in this case or time periods at

23  issue in this action. Mattel further objects to this Request on the grounds that it is

24  

---

25  [11]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

2  Request on the grounds that it seeks confidential, proprietary and trade secret

3  information, including such information that has no bearing on the claims or

4  defenses in this case.  Mattel further objects to this Request on the grounds that it is

5  an attempt to circumvent the Discovery Master's September 12, 2007 Order

6  determining that the requested documents are irrelevant and/or that such requests are

7  improper.  Mattel further objects to the Request on the grounds that Defendants have

8  withdrawn all defenses relating to the enforceability or unenforceability of Carter

9  Bryant's agreements with Mattel.  Mattel further objects to the use of the term

10  "CONFLICT OF INTEREST QUESTIONNAIRES" in this context as vague and

11  ambiguous.  Mattel further objects to this Request to the extent that it calls for the

12  disclosure of information subject to the attorney-client privilege, the attorney work-

13  product doctrine and other applicable privileges.

14          Based on the foregoing, and without waiving the above general and

15  specific objections, Mattel states that, other than those documents that is has

16  produced pursuant to other requests, Mattel will not produce documents responsive

17  to this Request.

18  **AMENDED RESPONSE TO REQUEST NO. 771:**

19          In addition to the General Objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it seeks documents that are not relevant to this action or likely to lead to the

22  discovery of admissible evidence.  Mattel further objects to this Request on the

23  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

24  and annoy Mattel, including in that it seeks documents on this subject regardless of

25  whether such documents relate to matters at issue in this case or time periods at

26  issue in this action.  Mattel further objects to this Request on the grounds that it is

27  cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

28  Request on the grounds that it seeks confidential, proprietary and trade secret

1   information, including such information that has no bearing on the claims or

2   defenses in this case.  Mattel further objects to this Request on the grounds that it is

3   an attempt to circumvent the Discovery Master's September 12, 2007 Order

4   determining that the requested documents are irrelevant and/or that such requests are

5   improper.  Mattel further objects to the Request on the grounds that Defendants have

6   withdrawn all defenses relating to the enforceability or unenforceability of Carter

7   Bryant's agreements with Mattel.  Mattel further objects to the use of the term

8   "CONFLICT OF INTEREST QUESTIONNAIRES" in this context as vague and

9   ambiguous.  Mattel further objects to this Request to the extent that it calls for the

10  disclosure of information subject to the attorney-client privilege, the attorney work-

11  product doctrine and other applicable privileges.

12          Based on the foregoing, and without waiving the above general and

13  specific objections, Mattel states that, other than those documents that is has

14  produced pursuant to other requests, Mattel will not produce documents responsive

15  to this Request.

16  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

17  **TO SHOULD BE COMPELLED**

18          Mattel has not agreed to produce documents in response to this request,

19  subject to its improper boilerplate objections.  Mattel has refused to confirm whether

20  or not it has produced all non-privileged responsive documents or whether it is

21  withholding documents based on its objections in Phase 2.  Under the Federal Rules

22  of Civil Procedure, "an objection to part of a request must specify the part and

23  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

24  fail to explain the basis for an objection with specificity are routinely rejected in the

25  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

26  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

27  harassing' are improper – especially when a party fails to submit any evidentiary

28  declarations supporting such objections").  Accordingly, Mattel must be compelled

1   either to certify that it has produced all non-privileged responsive documents or to

2   produce all such documents by a date certain.

3          To the extent that Mattel is relying on its blanket objections, they are

4   not sustainable and do not justify Mattel's failure to produce documents.

5          As to overbreadth, Mattel provides no explanation, let alone the

6   required particularity, as to *why* this request is supposedly overly broad, nor can it

7   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

8   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9   contrary, the request is narrowly tailored to seek copies of the Conflict of Interest

10  Questionnaires signed by persons identified by Mattel in its initial disclosures and

11  interrogatory responses.

12         As to burden, Mattel has not attempted to demonstrate why responding

13  to this request and/or producing responsive documents presents any burden.  This

14  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

15  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16  request is unduly burdensome must allege specific facts which indicate the nature

17  and extent of the burden, usually by affidavit or other reliable evidence.")

18  Moreover, it is not unduly burdensome, as noted above, in that the request is

19  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

20  has engaged in various unfair trade practices, including coercing its employees to

21  accept restrictive covenants and non-compete clauses, and other efforts to prevent

22  prospective MGA employees from accepting offers of employment, as alleged in

23  paragraph 113 of MGA's Complaint and in MGA's Second Affirmative Defense.

24         MGA is entitled to discovery on these claims.  Mattel has also accused

25  MGA of copyright infringement, RICO violations, misappropriation of trade secrets,

26  intentional interference with contract, aiding and abetting breach of fiduciary duty

27  and duty of loyalty, conversion, and unfair competition.  All of these claims are to

28  some degree based on Mattel's theory that Mattel employees improperly breached

1   their Conflict of Interest Questionnaires, and MGA is entitled to discovery on these

2   claims, including evidence of Mattel's Conflict of Interest Questionnaire's evolution.

3          Mattel objects that the request is duplicative or subsumed within prior

4   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

5   agree to produce responsive non-privileged documents is not proper based on this

6   objection.

7          Mattel objects that the request contains confidential, proprietary and

8   trade secret information.  A Protective Order exists in this case, obviating any

9   concern as to protection of privacy rights and/or commercially sensitive

10  information.

11         Mattel's objection that this Request is an attempt to circumvent the

12  Discovery Master's September 12, 2007 order is unwarranted, as this request seeks

13  copies of a specific document signed by specific individuals previously identified by

14  Mattel.  Litigation in this case has extensively involved Mattel's "Conflict of Interest

15  Questionnaires."  There is nothing vague or ambiguous about this term, and Mattel's

16  objection to the contrary is disingenuous and grounds for sanctions.

17         This request does not seek documents protected by the attorney-client

18  privilege, the attorney work product doctrine, or other applicable privileges.  To the

19  extent that Mattel contends that it does, Mattel must provide a privilege log.

20         None of Mattel's improper objections are valid and Mattel is obligated

21  to produce all non-privileged responsive documents in its possession, custody, or

22  control.

23

24

25

26

27

28

**MATTEL'S RESPONSE:**

Mattel objects to this request on the grounds that it is an attempt to circumvent the Discovery Master's September 12, 2007 Order.[12]  In that order, the Discovery Master found MGA's request for all documents referring or relating to Mattel's conflict of interest questionnaire to be overbroad, and so he narrowed the request to agreements "Mattel alleges to exist between Mattel and Bryant."[13]  It is improper for MGA to attempt to circumvent the Discovery Master's prior ruling and relitigate this issue by requesting conflict of interest questionnaires relating to persons other than Bryant.

Mattel also objects to this request on the grounds that it is overly broad. The Discovery Master has previously ruled that "[t]he Federal Rules of Civil Procedure do not permit MGA to use broad discovery requests untethered to any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007, at 6-7, Dart Decl., Exh. 1. See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

MGA argues that its request is relevant to its claim that Mattel "engaged in various unfair trade practices, including coercing its employees to accept restrictive covenants and non-compete clauses, and other efforts to prevent prospective MGA employees from accepting offers of employment." MGA also argues that its request is relevant to Mattel claims based on the allegation that "Mattel employees improperly breached their conflict of interest questionnaires." However MGA's request is not tailored to seeking information related to these facts,

---

[12]  See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated September 12, 2007, at 12-14, Dart Decl., Exh. 9.
[13]  Id.

1  and therefore is overbroad.  For example, numerous "person[s] identified in

2  MATTEL's INITIAL DISCLOSURES"  are not even current or past Mattel

3  employees. MGA's request is overbroad because it is insufficiently linked with the

4  claims and defenses in this case.

5          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

6  that a Court should limit the extent of discovery if it determines that the burden of

7  the proposed discovery outweighs its likely benefit; the discovery sought is

8  unreasonably cumulative or duplicative, or is obtainable from some other source that

9  is more convenient, less burdensome, or less expensive; or the party seeking

10  discovery has had ample opportunity by discovery in the action to obtain the

11  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

12  producing the documents responsive to this overbroad Request would greatly

13  outweigh any marginal benefit to MGA, for the following reasons.



[14]  Pantel Dec. ¶ 10.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET EIGHT)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23



24  [15]  Moore Dec. ¶ 5.
25  [16]  Id.
    [17]  Id.
26  [18]  Id. at ¶11.
27  [19]  Id. ¶ 12, Moore Dec. ¶ 7.
    [20]  Id. ¶ 12, Moore Dec. ¶ 7.
28

1    Similarly, there is no basis for overruling Mattel's privilege objection.

2 MGA's bald assertion that "[t]his request does not seek information protected by the

3 attorney-client privilege, the attorney work product doctrine, or other applicable

4 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

5 agreed that "all privileged documents would be logged except for documents created

6 after this action was filed on April 27, 2004."[21]  Thus, to the extent privileged

7 documents fall within the post lawsuit time period, they need not be included on

8 Mattel's log.

9    Finally, MGA failed to meet and confer at all, much less in good faith,

10 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

11 Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing

12 any discovery motion, the moving party shall first identify each dispute, state the

13 relief sought and identify the authority supporting the requested relief in a meet and

14 confer letter that shall be served on all parties by facsimile or electronic mail. The

15 parties shall have five court days from the date of service of that letter to conduct an

16 in-person conference to attempt to resolve the dispute.").  At no point during the

17 meet and confer process did the parties discuss this Request or Mattel's response to

18 it.  In order to engage in a meaningful meet and confer, MGA had the burden to

19 show the relevance of any requests it sought to move on.[22]  Because MGA refused

20 to even attempt to make this showing, there was no possibility of a good faith meet

21

22

---

23  [21]  See Order Denying Mattel's Motion for Protective Order Limiting the

24 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

25  [22]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26 Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  and confer to resolve the parties' disputes.  The Discovery Master should deny

2  MGA's motion with respect to this Request on that grounds alone.

3        Other than those documents that it has produced pursuant to other

4  requests, Mattel will not produce documents responsive to this request.

5  **REQUEST FOR PRODUCTION NO. 772:**

6        All DOCUMENTS REFERRING OR RELATING TO any instance in

7  which any provision of an EMPLOYEE INVENTIONS AGREEMENT was

8  breached or alleged to be breached by any person identified in MATTEL'S INITIAL

9  DISCLOSURES or MATTEL'S response(s) to any interrogatory served in THIS

10  ACTION.

11  **RESPONSE TO REQUEST NO. 772:**

12        In addition to the General Objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it seeks documents that are not relevant to this action or likely to lead to the

15  discovery of admissible evidence.  Mattel further objects to this Request on the

16  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

17  and annoy Mattel, including in that it seeks documents on this subject regardless of

18  whether such documents relate to matters at issue in this case or time periods at

19  issue in this action.  Mattel further objects to this Request on the grounds that it is

20  cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

21  Request on the grounds that it seeks confidential, proprietary and trade secret

22  information, including such information that has no bearing on the claims or

23  defenses in this case.  Mattel further objects to this Request on the grounds that it is

24  an attempt to circumvent the Discovery Master's September 12, 2007 Order

25  determining that the requested documents are irrelevant and/or that such requests are

26  improper.  Mattel further objects to the Request on the grounds that Defendants have

27  withdrawn all defenses relating to the enforceability or unenforceability of Carter

28  Bryant's agreements with Mattel.  Mattel further objects to the use of the terms

-18-

1  "EMPLOYEE INVENTIONS AGREEMENT" and "was breached or alleged to be

2  breached" in this context as vague and ambiguous.  Mattel further objects to this

3  Request to the extent that it calls for the disclosure of information subject to the

4  attorney-client privilege, the attorney work-product doctrine and other applicable

5  privileges.

6          Based on the foregoing, and without waiving the above general and

7  specific objections, Mattel states that, other than those documents that is has

8  produced pursuant to other requests, Mattel will not produce documents responsive

9  to this Request.

10  **AMENDED RESPONSE TO REQUEST NO. 772:**

11          In addition to the General Objections stated above which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it seeks documents that are not relevant to this action or likely to lead to the

14  discovery of admissible evidence.  Mattel further objects to this Request on the

15  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

16  and annoy Mattel, including in that it seeks documents on this subject regardless of

17  whether such documents relate to matters at issue in this case or time periods at

18  issue in this action.  Mattel further objects to this Request on the grounds that it is

19  cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

20  Request on the grounds that it seeks confidential, proprietary and trade secret

21  information, including such information that has no bearing on the claims or

22  defenses in this case.  Mattel further objects to this Request on the grounds that it is

23  an attempt to circumvent the Discovery Master's September 12, 2007 Order

24  determining that the requested documents are irrelevant and/or that such requests are

25  improper.  Mattel further objects to the Request on the grounds that Defendants have

26  withdrawn all defenses relating to the enforceability or unenforceability of Carter

27  Bryant's agreements with Mattel.  Mattel further objects to the use of the terms

28  "EMPLOYEE INVENTIONS AGREEMENT" and "was breached or alleged to be

1  breached" in this context as vague and ambiguous.  Mattel further objects to this

2  Request to the extent that it calls for the disclosure of information subject to the

3  attorney-client privilege, the attorney work-product doctrine and other applicable

4  privileges.

5         Based on the foregoing, and without waiving the above general and

6  specific objections, Mattel states that, other than those documents that is has

7  produced pursuant to other requests, Mattel will not produce documents responsive

8  to this Request.

9  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

10 **TO SHOULD BE COMPELLED**

11        Mattel has not agreed to produce documents in response to this request,

12 subject to its improper boilerplate objections.  Mattel has refused to confirm whether

13 or not it has produced all non-privileged responsive documents or whether it is

14 withholding documents based on its objections in Phase 2.  Under the Federal Rules

15 of Civil Procedure, "an objection to part of a request must specify the part and

16 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

17 fail to explain the basis for an objection with specificity are routinely rejected in the

18 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

19 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

20 harassing' are improper – especially when a party fails to submit any evidentiary

21 declarations supporting such objections").  Accordingly, Mattel must be compelled

22 either to certify that it has produced all non-privileged responsive documents or to

23 produce all such documents by a date certain.

24        To the extent that Mattel is relying on its blanket objections, they are

25 not sustainable and do not justify Mattel's failure to produce documents.

26        As to overbreadth, Mattel provides no explanation, let alone the

27 required particularity, as to *why* this request is supposedly overly broad, nor can it

28 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET EIGHT)

20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning instances in which any provision of Mattel's Employee Inventions Agreement was breached or alleged to be breached by persons Mattel has previously identified in its initial disclosures and interrogatory responses.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in various unfair trade practices, including coercing its employees to accept restrictive covenants and non-compete clauses, and other efforts to prevent prospective MGA employees from accepting offers of employment, as alleged in paragraph 113 of MGA's Complaint and in MGA's Second Affirmative Defense.  MGA is entitled to discovery on these claims.  Additionally, Mattel has accused MGA of multiple claims based in whole or in part on alleged breaches of Mattel's Employee Inventions Agreement by former Mattel employees, including Misappropriation of Trade Secrets, Breach of Contract, Intentional Interference with Contract, Breach of Fiduciary Duty, Aiding and Abetting Breach of Fiduciary Duty, Breach of Duty of Loyalty, Aiding and Abetting Breach of Duty of Loyalty, and Conversion.  MGA is entitled to discovery on these claims, including discovery relevant to Mattel's historical policies regarding its interpretation and enforcement of its Employee Inventions Agreement.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests.  Mattel's failure to

1  agree to produce responsive non-privileged documents is not proper based on this
2  objection.

3          Mattel objects that the request contains confidential, proprietary and
4  trade secret information.  A Protective Order exists in this case, obviating any
5  concern as to protection of privacy rights and/or commercially sensitive
6  information.

7          Mattel's objection that this Request is an attempt to circumvent the
8  Discovery Master's September 12, 2007 order is unwarranted, as this request seeks
9  documents concerning alleged breaches of a specific document signed by specific
10 individuals previously identified by Mattel.

11         Litigation in this case has extensively involved Mattel's "Employee
12 Inventions Agreement."  There is nothing vague or ambiguous about this term, and
13 Mattel's objection to the contrary is disingenuous and grounds for sanctions.

14         Mattel's claim that the plain and straightforward term "breached or
15 alleged to be breached" is vague and ambiguous is equally ridiculous and
16 sanctionable.

17         This request does not seek documents protected by the attorney-client
18 privilege, the attorney work product doctrine, or other applicable privileges.  To the
19 extent that Mattel contends that it does, Mattel must provide a privilege log.

20         None of Mattel's improper objections are valid and Mattel is obligated
21 to produce all non-privileged responsive documents in its possession, custody, or
22 control.

23

24

25

26

27

28

**MATTEL'S RESPONSE:**

Mattel objects to this request on the grounds that it is an attempt to circumvent the Discovery Master's September 12, 2007 Order.[23] In that order, the Discovery Master found MGA's request for all documents referring or relating to Mattel's employee inventions agreements to be overbroad, and so he narrowed the request to agreements "Mattel alleges to exist between Mattel and Bryant."[24] It is improper for MGA to attempt to circumvent the Discovery Master's prior ruling and relitigate this issue by requesting documents related to employee inventions agreements breached by persons other than Bryant.

Mattel also objects to this request on the grounds that it is overly broad. The Discovery Master has previously ruled that "[t]he Federal Rules of Civil Procedure do not permit MGA to use broad discovery requests untethered to any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007, at 6-7, Dart Decl., Exh. 1. See also Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

MGA argues that its request is relevant to its claim that Mattel "engaged in various unfair trade practices, including coercing its employees to accept restrictive covenants and non-compete clauses, and other efforts to prevent prospective MGA employees from accepting offers of employment." MGA also argues that its request is relevant to Mattel claims based on allegations of "alleged breaches of Mattel's Employee Inventions Agreement by former Mattel employees." However MGA's request is not tailored to seeking information related to these facts,

---

[23] See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated September 12, 2007, at 12-14, Dart Decl., Exh. 9.

[24] Id.

00505.07975/3161785.1

1   and therefore is overbroad.  For example, numerous "person[s] identified in

2   MATTEL's INITIAL DISCLOSURES"  are not even current or past Mattel

3   employees. MGA's request is overbroad because it is insufficiently linked with the

4   claims and defenses in this case.

5           Further, this Request is unduly burdensome. <u>Rule</u> 26(b)(2)(c) provides

6   that a Court should limit the extent of discovery if it determines that the burden of

7   the proposed discovery outweighs its likely benefit; the discovery sought is

8   unreasonably cumulative or duplicative, or is obtainable from some other source that

9   is more convenient, less burdensome, or less expensive; or the party seeking

10  discovery has had ample opportunity by discovery in the action to obtain the

11  information sought. <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and

12  producing the documents responsive to this overbroad Request would greatly

13  outweigh any marginal benefit to MGA, for the following reasons.



14

15

16

17

18

19

20

21

22

23

24

25

26

27   [25]   Pantel Dec. ¶ 10.

28



26  Moore Dec. ¶ 5.
27  Id.
28  Id.
29  Id. at ¶11.
30  Id. ¶ 12, Moore Dec. ¶ 7.
31  Id. ¶ 12, Moore Dec. ¶ 7.

1    Similarly, there is no basis for overruling Mattel's privilege objection.

2  MGA's bald assertion that "[t]his request does not seek information protected by the

3  attorney-client privilege, the attorney work product doctrine, or other applicable

4  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

5  agreed that "all privileged documents would be logged except for documents created

6  after this action was filed on April 27, 2004."[32]  Thus, to the extent privileged

7  documents fall within the post lawsuit time period, they need not be included on

8  Mattel's log.

9    Finally, MGA failed to meet and confer at all, much less in good faith,

10  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

11  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing

12  any discovery motion, the moving party shall first identify each dispute, state the

13  relief sought and identify the authority supporting the requested relief in a meet and

14  confer letter that shall be served on all parties by facsimile or electronic mail. The

15  parties shall have five court days from the date of service of that letter to conduct an

16  in-person conference to attempt to resolve the dispute.").  At no point during the

17  meet and confer process did the parties discuss this Request or Mattel's response to

18  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

19  show the relevance of any requests it sought to move on.[33]  Because MGA refused

20  to even attempt to make this showing, there was no possibility of a good faith meet

21

22

---

23  [32]  See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
3.

25  [33]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
(S.D. Cal. May 14, 2009).

28

1  and confer to resolve the parties' disputes.  The Discovery Master should deny

2  MGA's motion with respect to this Request on that grounds alone.

3         Other than those documents that it has produced pursuant to other

4  requests, Mattel will not produce documents responsive to this request.

5  **REQUEST FOR PRODUCTION NO. 773:**

6         All DOCUMENTS REFERRING OR RELATING TO any instance in

7  which any provision of a CONFLICT OF INTEREST QUESTIONNAIRE was

8  breached or alleged to be breached by any person identified in MATTEL'S INITIAL

9  DISCLOSURES or MATTEL'S response(s) to any interrogatory served in THIS

10  ACTION.

11  **RESPONSE TO REQUEST NO. 773:**

12         In addition to the General Objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it seeks documents that are not relevant to this action or likely to lead to the

15  discovery of admissible evidence.  Mattel further objects to this Request on the

16  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

17  and annoy Mattel, including in that it seeks documents on this subject regardless of

18  whether such documents relate to matters at issue in this case or time periods at

19  issue in this action.  Mattel further objects to this Request on the grounds that it is

20  cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

21  Request on the grounds that it seeks confidential, proprietary and trade secret

22  information, including such information that has no bearing on the claims or

23  defenses in this case.  Mattel further objects to this Request on the grounds that it is

24  an attempt to circumvent the Discovery Master's September 12, 2007 Order

25  determining that the requested documents are irrelevant and/or that such requests are

26  improper.  Mattel further objects to the Request on the grounds that Defendants have

27  withdrawn all defenses relating to the enforceability or unenforceability of Carter

28  Bryant's agreements with Mattel.  Mattel further objects to the use of the terms

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET EIGHT)

1  "CONFLICT OF INTEREST QUESTIONNAIRE" and "was breached or alleged to

2  be breached" in this context as vague and ambiguous.  Mattel further objects to this

3  Request to the extent that it calls for the disclosure of information subject to the

4  attorney-client privilege, the attorney work-product doctrine and other applicable

5  privileges.

6          Based on the foregoing, and without waiving the above general and

7  specific objections, Mattel states that, other than those documents that is has

8  produced pursuant to other requests, Mattel will not produce documents responsive

9  to this Request.

10  **AMENDED RESPONSE TO REQUEST NO. 773:**

11          In addition to the General Objections stated above which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it seeks documents that are not relevant to this action or likely to lead to the

14  discovery of admissible evidence.  Mattel further objects to this Request on the

15  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

16  and annoy Mattel, including in that it seeks documents on this subject regardless of

17  whether such documents relate to matters at issue in this case or time periods at

18  issue in this action.  Mattel further objects to this Request on the grounds that it is

19  cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

20  Request on the grounds that it seeks confidential, proprietary and trade secret

21  information, including such information that has no bearing on the claims or

22  defenses in this case.  Mattel further objects to this Request on the grounds that it is

23  an attempt to circumvent the Discovery Master's September 12, 2007 Order

24  determining that the requested documents are irrelevant and/or that such requests are

25  improper.  Mattel further objects to the Request on the grounds that Defendants have

26  withdrawn all defenses relating to the enforceability or unenforceability of Carter

27  Bryant's agreements with Mattel.  Mattel further objects to the use of the terms

28  "CONFLICT OF INTEREST QUESTIONNAIRE" and "was breached or alleged to

00505.07975/3161785.1

1  be breached" in this context as vague and ambiguous.  Mattel further objects to this

2  Request to the extent that it calls for the disclosure of information subject to the

3  attorney-client privilege, the attorney work-product doctrine and other applicable

4  privileges.

5         Based on the foregoing, and without waiving the above general and

6  specific objections, Mattel states that, other than those documents that is has

7  produced pursuant to other requests, Mattel will not produce documents responsive

8  to this Request.

9  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

10  **TO SHOULD BE COMPELLED**

11         Mattel has not agreed to produce documents in response to this request,

12  subject to its improper boilerplate objections.  Mattel has refused to confirm whether

13  or not it has produced all non-privileged responsive documents or whether it is

14  withholding documents based on its objections in Phase 2.  Under the Federal Rules

15  of Civil Procedure, "an objection to part of a request must specify the part and

16  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

17  fail to explain the basis for an objection with specificity are routinely rejected in the

18  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

19  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

20  harassing' are improper – especially when a party fails to submit any evidentiary

21  declarations supporting such objections").  Accordingly, Mattel must be compelled

22  either to certify that it has produced all non-privileged responsive documents or to

23  produce all such documents by a date certain.

24         To the extent that Mattel is relying on its blanket objections, they are

25  not sustainable and do not justify Mattel's failure to produce documents.

26         As to overbreadth, Mattel provides no explanation, let alone the

27  required particularity, as to *why* this request is supposedly overly broad, nor can it

28  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning instances in which any provision of Mattel's Conflict of Interest Questionnaire was breached or alleged to be breached by persons Mattel has previously identified in its initial disclosures and interrogatory responses.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in various unfair trade practices, including coercing its employees to accept restrictive covenants and non-compete clauses, and other efforts to prevent prospective MGA employees from accepting offers of employment, as alleged in paragraph 113 of MGA's Complaint and in MGA's Second Affirmative Defense.  MGA is entitled to discovery on these claims.  Additionally, Mattel has accused MGA of multiple claims based in whole or in part on alleged breaches of Mattel's Conflict of Interest Questionnaire by former Mattel employees, including Misappropriation of Trade Secrets, Breach of Contract, Intentional Interference with Contract, Breach of Fiduciary Duty, Aiding and Abetting Breach of Fiduciary Duty, Breach of Duty of Loyalty, Aiding and Abetting Breach of Duty of Loyalty, and Conversion.  MGA is entitled to discovery on these claims, including discovery relevant to Mattel's historical policies regarding its interpretation and enforcement of its Conflict of Interest Questionnaire.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests.  Mattel's failure to

-30-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET EIGHT)

1  agree to produce responsive non-privileged documents is not proper based on this
2  objection.

3           Mattel objects that the request contains confidential, proprietary and
4  trade secret information.  A Protective Order exists in this case, obviating any
5  concern as to protection of privacy rights and/or commercially sensitive
6  information.

7           Mattel's objection that this Request is an attempt to circumvent the
8  Discovery Master's September 12, 2007 order is unwarranted, as this request seeks
9  documents concerning alleged breaches of a specific document signed by specific
10 individuals previously identified by Mattel.

11          Litigation in this case has extensively involved Mattel's "Conflict of
12 Interest Questionnaire."  There is nothing vague or ambiguous about this term, and
13 Mattel's objection to the contrary is disingenuous and grounds for sanctions.

14          Mattel's claim that the plain and straightforward term "breached or
15 alleged to be breached" is vague and ambiguous is equally ridiculous and
16 sanctionable.

17          This request does not seek documents protected by the attorney-client
18 privilege, the attorney work product doctrine, or other applicable privileges.  To the
19 extent that Mattel contends that it does, Mattel must provide a privilege log.

20          None of Mattel's improper objections are valid and Mattel is obligated
21 to produce all non-privileged responsive documents in its possession, custody, or
22 control.

23
24
25
26
27
28

**MATTEL'S RESPONSE:**

Mattel objects to this request on the grounds that it is an attempt to circumvent the Discovery Master's September 12, 2007 Order.[34]  In that order, the Discovery Master found MGA's request for all documents referring or relating to Mattel's conflict of interest questionnaire to be overbroad, and so he narrowed the request to agreements "Mattel alleges to exist between Mattel and Bryant."[35]  It is improper for MGA to attempt to circumvent the Discovery Master's prior ruling and relitigate this issue by requesting documents relating to conflict of interest questionnaires breached by persons other than Bryant.

Mattel also objects to this request on the grounds that it is overly broad. The Discovery Master has previously ruled that "[t]he Federal Rules of Civil Procedure do not permit MGA to use broad discovery requests untethered to any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007, at 6-7, Dart Decl., Exh. 1.  See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

MGA argues that its request is relevant to its claim that Mattel "engaged in various unfair trade practices, including coercing its employees to accept restrictive covenants and non-compete clauses, and other efforts to prevent prospective MGA employees from accepting offers of employment."  MGA also argues that its request is relevant to Mattel claims based on the allegation that "Mattel employees improperly breached their conflict of interest questionnaires." However MGA's request is not tailored to seeking information related to these facts,

---

[34]  See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated September 12, 2007, at 12-14, Dart Decl., Exh. 9.

[35]  Id.

1   and therefore is overbroad.  For example, numerous "person[s] identified in

2   MATTEL's INITIAL DISCLOSURES"  are not even current or past Mattel

3   employees. MGA's request is overbroad because it is insufficiently linked with the

4   claims and defenses in this case.

5         Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

6   that a Court should limit the extent of discovery if it determines that the burden of

7   the proposed discovery outweighs its likely benefit; the discovery sought is

8   unreasonably cumulative or duplicative, or is obtainable from some other source that

9   is more convenient, less burdensome, or less expensive; or the party seeking

10  discovery has had ample opportunity by discovery in the action to obtain the

11  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

12  producing the documents responsive to this overbroad Request would greatly

13  outweigh any marginal benefit to MGA, for the following reasons.



14

15

16

17

18

19

20

21

22

23

24

25

26

27   [36]   Pantel Dec. ¶ 10.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET EIGHT)



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    [37]  Moore Dec. ¶ 5.

25    [38]  <u>Id.</u>

      [39]  <u>Id.</u>

26    [40]  <u>Id.</u> at ¶11.

27    [41]  <u>Id.</u> ¶ 12, Moore Dec. ¶ 7.

      [42]  <u>Id.</u> ¶ 12, Moore Dec. ¶ 7.

28

1    Similarly, there is no basis for overruling Mattel's privilege objection.

2  MGA's bald assertion that "[t]his request does not seek information protected by the

3  attorney-client privilege, the attorney work product doctrine, or other applicable

4  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

5  agreed that "all privileged documents would be logged except for documents created

6  after this action was filed on April 27, 2004."[43]  Thus, to the extent privileged

7  documents fall within the post lawsuit time period, they need not be included on

8  Mattel's log.

9    Finally, MGA failed to meet and confer at all, much less in good faith,

10  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

11  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing

12  any discovery motion, the moving party shall first identify each dispute, state the

13  relief sought and identify the authority supporting the requested relief in a meet and

14  confer letter that shall be served on all parties by facsimile or electronic mail. The

15  parties shall have five court days from the date of service of that letter to conduct an

16  in-person conference to attempt to resolve the dispute.").  At no point during the

17  meet and confer process did the parties discuss this Request or Mattel's response to

18  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

19  show the relevance of any requests it sought to move on.[44]  Because MGA refused

20  to even attempt to make this showing, there was no possibility of a good faith meet

21

22

23   [43]   See Order Denying Mattel's Motion for Protective Order Limiting the
24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
25  3.
     [44]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   (S.D. Cal. May 14, 2009).
28

1 | and confer to resolve the parties' disputes.  The Discovery Master should deny
2 | MGA's motion with respect to this Request on that grounds alone.
3 |      Other than those documents that it has produced pursuant to other
4 | requests, Mattel will not produce documents responsive to this request.
5 | **REQUEST FOR PRODUCTION NO. 774:**
6 |      The complete MATTEL personnel file for each PERSON identified in
7 | MATTEL'S INITIAL DISCLOSURES or MATTEL'S response(s) to any
8 | interrogatory served in THIS ACTION.
9 | **RESPONSE TO REQUEST NO. 774:**
10 |      In addition to the General Objections stated above which are
11 | incorporated herein by reference, Mattel objects to this Request on the grounds that
12 | it seeks documents that are not relevant to this action or likely to lead to the
13 | discovery of admissible evidence.  Mattel further objects to this Request on the
14 | grounds that it is overbroad, oppressive, unduly burdensome and intended to harass
15 | and annoy Mattel, including in that it seeks documents on this subject regardless of
16 | whether such documents relate to matters at issue in this case or time periods at
17 | issue in this action.  Mattel further objects to this Request on the grounds that it is
18 | cumulative, duplicates prior requests and is harassing.  Mattel further objects to this
19 | Request on the grounds that it seeks confidential, proprietary and trade secret
20 | information, including such information that has no bearing on the claims or
21 | defenses in this case.  Mattel further objects to this Request on the grounds that it
22 | seeks documents protected by non-parties' rights of privacy, in violation of federal
23 | and state law.  Mattel further objects to this Request to the extent that it calls for the
24 | disclosure of information subject to the attorney-client privilege, the attorney work-
25 | product doctrine and other applicable privileges.
26 |      Based on the foregoing, and without waiving the above general and
27 | specific objections, Mattel states that, other than those documents that is has
28 |

1 produced pursuant to other requests, Mattel will not produce documents responsive

2 to this Request.

3 **AMENDED RESPONSE TO REQUEST NO. 774:**

4      In addition to the General Objections stated above which are

5 incorporated herein by reference, Mattel objects to this Request on the grounds that

6 it seeks documents that are not relevant to this action or likely to lead to the

7 discovery of admissible evidence.  Mattel further objects to this Request on the

8 grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

9 and annoy Mattel, including in that it seeks documents on this subject regardless of

10 whether such documents relate to matters at issue in this case or time periods at

11 issue in this action.  Mattel further objects to this Request on the grounds that it is

12 cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

13 Request on the grounds that it seeks confidential, proprietary and trade secret

14 information, including such information that has no bearing on the claims or

15 defenses in this case.  Mattel further objects to this Request on the grounds that it

16 seeks documents protected by non-parties' rights of privacy, in violation of federal

17 and state law.  Mattel further objects to this Request to the extent that it calls for the

18 disclosure of information subject to the attorney-client privilege, the attorney work-

19 product doctrine and other applicable privileges.

20      Based on the foregoing, and without waiving the above general and

21 specific objections, Mattel states that, other than those documents that is has

22 produced pursuant to other requests, Mattel will not produce documents responsive

23 to this Request.

24 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

25 **TO SHOULD BE COMPELLED**

26      Mattel has not agreed to produce documents in response to this request,

27 subject to its improper boilerplate objections.  Mattel has refused to confirm whether

28 or not it has produced all non-privileged responsive documents or whether it is

withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek the personnel files only of persons Mattel has previously identified in its initial disclosures and interrogatory responses.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in various unfair trade practices, including coercing its employees to accept restrictive covenants and non-compete clauses, and other efforts to prevent

1   prospective MGA employees from accepting offers of employment, as alleged in

2   paragraph 113 of MGA's Complaint and in MGA's Second Affirmative Defense.

3   MGA is entitled to discovery on these claims.  Additionally, Mattel has accused

4   MGA of multiple claims based in whole or in part on alleged breaches of Mattel's

5   policies by former Mattel employees, including Misappropriation of Trade Secrets,

6   Breach of Contract, Intentional Interference with Contract, Breach of Fiduciary

7   Duty, Aiding and Abetting Breach of Fiduciary Duty, Breach of Duty of Loyalty,

8   Aiding and Abetting Breach of Duty of Loyalty, and Conversion.  MGA is entitled

9   to discovery on these claims, including discovery relevant to Mattel's historical

10  policies regarding its interpretation and enforcement of these policies.

11          Mattel objects that the request is duplicative or subsumed within prior

12  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

13  agree to produce responsive non-privileged documents is not proper based on this

14  objection.

15          Mattel objects that the request contains confidential, proprietary and

16  trade secret information.  A Protective Order exists in this case, obviating any

17  concern as to protection of privacy rights and/or commercially sensitive

18  information.

19          Mattel's objection that this Request is an attempt to circumvent the

20  Discovery Master's September 12, 2007 order is unwarranted, as this request seeks

21  the personnel files of specific individuals previously identified by Mattel.

22          Mattel objects that this Request seeks documents protected by non-

23  parties' rights of privacy, in violation of federal and state law, but does not specify

24  whose rights of privacy or what state and federal laws would be violated by

25  disclosure.  This objection is therefore improper.  Order No. 17, dated April 14,

26  2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.

27  Ex. 58.

28

1     This request does not seek documents protected by the attorney-client

2  privilege, the attorney work product doctrine, or other applicable privileges.  To the

3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4     None of Mattel's improper objections are valid and Mattel is obligated

5  to produce all non-privileged responsive documents in its possession, custody, or

6  control.

7  **Mattel's Response:**

8     Mattel also objects to this request on the grounds that it is overly broad.

9  The Discovery Master has previously ruled that "[t]he Federal Rules of Civil

10  Procedure do not permit MGA to use broad discovery requests untethered to any

11  claim or defense." Order Granting in Part and Denying in Part Mattel's Motion for

12  protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007, at 6-7,

13  Dart Decl., Exh. 1. See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364

14  F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of

15  discovery to engage in 'fishing expeditions.'").

16     MGA argues that its request is relevant to its claim that Mattel

17  "engaged in various unfair trade practices, including coercing its employees to

18  accept restrictive covenants and non-compete clauses, and other efforts to prevent

19  prospective MGA employees from accepting offers of employment." MGA also

20  argues that its request is relevant to Mattel claims based "alleged breaches of

21  Mattel's policies by former Mattel employees."  However MGA's request is not

22  tailored to seeking information related to these facts, and therefore is overbroad.

23  For example, numerous "person[s] identified in MATTEL's INITIAL

24  DISCLOSURES"  are not even current or past Mattel employees. MGA's request is

25  overbroad because it is insufficiently linked with the claims and defenses in this

26  case.

27     Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

28  that a Court should limit the extent of discovery if it determines that the burden of

1  the proposed discovery outweighs its likely benefit; the discovery sought is

2  unreasonably cumulative or duplicative, or is obtainable from some other source that

3  is more convenient, less burdensome, or less expensive; or the party seeking

4  discovery has had ample opportunity by discovery in the action to obtain the

5  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

6  producing the documents responsive to this overbroad Request would greatly

7  outweigh any marginal benefit to MGA, for the following reasons.

8  ██████████████████████████████████████

9  ██████████████████████████████████████

10 ██████████████████████████████████████

11 ██████████████████████████████████████

12 ██████████████████████████████████████

13 ██████████████████████████████████████

14 ██████████████████████████████████████

15 ██████████████████████████████████████

16 ██████████████████████████████████████

17 ██████████████████████████████████████

18 ██████████████████████████████████████

19 ██████████████████████████████████████

20 ██████████████████████████████████████

21 ██████████████████████████████████████

22 ██████████████████████████████████████

23 ██████████████████████████████████████

24 ██████████████████████████████████████

25

26  45  Pantel Dec. ¶ 10.

27  46  Moore Dec. ¶ 5.
    47  Id.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



17        Similarly, there is no basis for overruling Mattel's privilege objection.

18 MGA's bald assertion that "[t]his request does not seek information protected by the

19 attorney-client privilege, the attorney work product doctrine, or other applicable

20 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

21 agreed that "all privileged documents would be logged except for documents created

22
23
24

25   48  Id.
26   49  Id. at ¶11.
27   50  Id. ¶ 12, Moore Dec. ¶ 7.
     51  Id. ¶ 12, Moore Dec. ¶ 7.
28

1    after this action was filed on April 27, 2004."[52]  Thus, to the extent privileged

2    documents fall within the post lawsuit time period, they need not be included on

3    Mattel's log.

4            Finally, MGA failed to meet and confer at all, much less in good faith,

5    regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

6    Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing

7    any discovery motion, the moving party shall first identify each dispute, state the

8    relief sought and identify the authority supporting the requested relief in a meet and

9    confer letter that shall be served on all parties by facsimile or electronic mail. The

10   parties shall have five court days from the date of service of that letter to conduct an

11   in-person conference to attempt to resolve the dispute.").  At no point during the

12   meet and confer process did the parties discuss this Request or Mattel's response to

13   it.  In order to engage in a meaningful meet and confer, MGA had the burden to

14   show the relevance of any requests it sought to move on.[53]  Because MGA refused

15   to even attempt to make this showing, there was no possibility of a good faith meet

16   and confer to resolve the parties' disputes.  The Discovery Master should deny

17   MGA's motion with respect to this Request on that grounds alone.

18           Other than those documents that it has produced pursuant to other requests,

19   Mattel will not produce documents responsive to this request.

20

21

22

_____

23   [52]  See Order Denying Mattel's Motion for Protective Order Limiting the

24   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25   3.
     [53]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26   Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

     (S.D. Cal. May 14, 2009).

28

**REQUEST FOR PRODUCTION NO. 775:**

All dolls, models, molds, casts, samples, packaging, ADVERTISING, photographs, CDs, DVDs, tapes, or other tangible items or things that comprise or relate to a BRATZ product or accessory.

**RESPONSE TO REQUEST NO. 775:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing. Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to the use of the terms `ADVERTISING" and `BRATZ" in this context as vague and ambiguous. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**AMENDED RESPONSE TO REQUEST NO. 775:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the

1  discovery of admissible evidence. Mattel further objects to this Request on the

2  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

3  and annoy Mattel, including in that it seeks documents on this subject regardless of

4  whether such documents relate to products or matters at issue in this case or time

5  periods at issue in this action. Mattel further objects to this Request on the grounds

6  that it is cumulative, duplicates prior requests and is harassing. Mattel further

7  objects to this Request on the grounds that it is an attempt to circumvent the

8  Discovery Master's May 22, 2007 Order determining that the requested documents

9  are irrelevant and/or that such requests are improper. Mattel further objects to this

10 Request on the grounds that it seeks confidential, proprietary and trade secret

11 information, including such information that has no bearing on the claims or

12 defenses in this case. Mattel further objects to the use of the terms

13 `ADVERTISING" and `BRATZ" in this context as vague and ambiguous. Mattel

14 further objects to this Request to the extent that it calls for the disclosure of

15 information subject to the attorney-client privilege, the attorney work-product

16 doctrine and other applicable privileges.

17 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

18 **TO SHOULD BE COMPELLED**

19          Mattel does not agree to produce documents in response to this request.

20 Instead, Mattel purports to stand on its improper objections Under the Federal Rules

21 of Civil Procedure, "an objection to part of a request must specify the part and

22 permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

23 fail to explain the basis for an objection with specificity are routinely rejected in the

24 Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

25 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

26 harassing' are improper – especially when a party fails to submit any evidentiary

27 declarations supporting such objections"). Accordingly, Mattel must be compelled

28

1   either to certify that it has produced all non-privileged responsive documents

2   without limitation or to produce all such documents by a date certain.

3           To the extent that Mattel is relying on its blanket objections, they are

4   not sustainable and do not justify Mattel's failure to produce documents.

5           As to overbreadth, Mattel provides no explanation, let alone the

6   required particularity, as to **why** this request is supposedly overly broad, nor can it

7   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

8   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

9   contrary, the request is narrowly tailored to seek information in Mattel's possession,

10  custody, or control regarding Mattel's knowledge of Bratz packaging and

11  advertising.

12          As to burden, Mattel has not attempted to demonstrate why responding

13  to this request and/or producing responsive documents presents any burden. This

14  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

15  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16  request is unduly burdensome must allege specific facts which indicate the nature

17  and extent of the burden, usually by affidavit or other reliable evidence.")

18  Moreover, it is not unduly burdensome, as noted above, in that the request is

19  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

20  has engaged in a broad variety of unfair trade practices, from trade dress

21  infringement to serial copying of MGA products and advertising. MGA is entitled

22  to discovery on these claims.

23          This request does not seek documents protected by the attorney-client

24  privilege, the attorney work product doctrine, or other applicable privileges. To the

25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26          Mattel objects that the request contains confidential/proprietary/trade

27  secret information. A Protective Order exists in this case, obviating any concern as

28  to protection of privacy rights and/or commercially sensitive information.

1    Mattel objects that the request is duplicative or subsumed within prior

2  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

3  produce responsive non-privileged documents is not proper based on this objection.

4    Mattel's objection that the documents sought are not relevant is

5  unfounded, as documents that show Mattel was aware or knew of Bratz during the

6  conception and development of "My Scene" are central to MGA's claims and

7  defenses in this case.  Such information, for example, could tend to show that Mattel

8  copied Bratz products, as alleged by MGA. The May 22, 2007 order is inapposite

9  because this request specifically seeks dolls, models, molds, casts, samples,

10  packaging, advertising, photographs, CDs, DVDs, tapes, or other tangible items or

11  things.

12    None of Mattel's improper objections are valid and Mattel is obligated

13  to produce all non-privileged responsive documents in its possession, custody or

14  control.

15  **MATTEL'S RESPONSE:**

16    Mattel objects to this request on the grounds that it is overly broad.

17  The Discovery Master has previously ruled that "[t]he Federal Rules of Civil

18  Procedure do not permit MGA to use broad discovery requests untethered to any

19  claim or defense." Order Granting in Part and Denying in Part Mattel's Motion for

20  protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007, at 6-7,

21  Dart Decl., Exh. 1. See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364

22  F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of

23  discovery to engage in 'fishing expeditions.'").

24    MGA argues that its request is relevant in that responsive documents

25  would show that "Mattel was aware or knew of Bratz during the conception and

26  development of 'My Scene.'"  However MGA's request is not tailored to seeking

27  information related to these facts, and therefore is overbroad.  For example, by its

28  terms the request is not temporally limited to the "conception and development of

-47-

'My Scene.'" MGA's request is overbroad because it is insufficiently linked with the claims and defenses in this case.

Mattel also objects to this request on the grounds that it is foreclosed by the Discovery Master's May 22, 2007 Order.[54] In that order, the Discovery Master found similar requests by MGA for information supporting its serial copying claims to be grossly overbroad. Mattel's objection should be upheld because it rests on the same overbreadth arguments underlying the Discovery Master's prior ruling.

Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.



---

[54] See May 22, 2007 Order Granting in Part and Denying in Part MGA's Motion to Compel, Dart Decl., Exh. 5.
[55] Pantel Dec. ¶ 10.



56  Moore Dec. ¶ 5.
57  Id.
58  Id.
59  Id. at ¶11.

1 ███████████████████████████████████████████████

2 ████████████████████████████████████████

3         Similarly, there is no basis for overruling Mattel's privilege objection.

4 MGA's bald assertion that "[t]his request does not seek information protected by the

5 attorney-client privilege, the attorney work product doctrine, or other applicable

6 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7 agreed that "all privileged documents would be logged except for documents created

8 after this action was filed on April 27, 2004."[62]  Thus, to the extent privileged

9 documents fall within the post lawsuit time period, they need not be included on

10 Mattel's log.

11         Finally, MGA failed to meet and confer at all, much less in good faith,

12 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

13 Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing

14 any discovery motion, the moving party shall first identify each dispute, state the

15 relief sought and identify the authority supporting the requested relief in a meet and

16 confer letter that shall be served on all parties by facsimile or electronic mail. The

17 parties shall have five court days from the date of service of that letter to conduct an

18 in-person conference to attempt to resolve the dispute.").  At no point during the

19 meet and confer process did the parties discuss this Request or Mattel's response to

20 it.  In order to engage in a meaningful meet and confer, MGA had the burden to

21 show the relevance of any requests it sought to move on.[63]  Because MGA refused

22

---

23     [60]  Id. ¶ 12, Moore Dec. ¶ 7.

24     [61]  Id. ¶ 12, Moore Dec. ¶ 7.

25     [62]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

26 3.

27     [63]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

28         (footnote continued)

1  to even attempt to make this showing, there was no possibility of a good faith meet

2  and confer to resolve the parties' disputes.  The Discovery Master should deny

3  MGA's motion with respect to this Request on that grounds alone.

4          Other than those documents that it has produced pursuant to other

5  requests, Mattel will not produce documents responsive to this request.

6  **REQUEST FOR PRODUCTION NO. 776:**

7          All DOCUMENTS REFERRING OR RELATING to any purchase or

8  acquisition by MATTEL of a BRATZ product or accessory, including but not

9  limited to, all invoices, receipts, and purchase Orders.

10  **RESPONSE TO REQUEST NO. 776:**

11          In addition to the General Objections stated above which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it seeks documents that are not relevant to this action or likely to lead to the

14  discovery of admissible evidence.  Mattel further objects to this Request on the

15  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

16  and annoy Mattel, including in that it seeks documents on this subject regardless of

17  whether such documents relate to products or matters at issue in this case or time

18  periods at issue in this action.  Mattel further objects to this Request on the grounds

19  that it is cumulative, duplicates prior requests and is harassing.  Mattel further

20  objects to this Request on the grounds that it is an attempt to circumvent the

21  Discovery Master's May 22, 2007 Order determining that the requested documents

22  are irrelevant and/or that such requests are improper.  Mattel further objects to this

23  Request on the grounds that it seeks confidential, proprietary and trade secret

24  information, including such information that has no bearing on the claims or

25  defenses in this case.  Mattel further objects to the use of the term "BRATZ" in this

26  _____

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

28      (footnote continued)

1   context as vague and ambiguous. Mattel further objects to this Request to the extent

2   that it calls for the disclosure of information subject to the attorney-client privilege,

3   the attorney work-product doctrine and other applicable privileges.

4   **AMENDED RESPONSE TO REQUEST NO. 776:**

5   In addition to the General Objections stated above which are

6   incorporated herein by reference, Mattel objects to this Request on the grounds that

7   it seeks documents that are not relevant to this action or likely to lead to the

8   discovery of admissible evidence. Mattel further objects to this Request on the

9   grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

10  and annoy Mattel, including in that it seeks documents on this subject regardless of

11  whether such documents relate to products or matters at issue in this case or time

12  periods at issue in this action. Mattel further objects to this Request on the grounds

13  that it is cumulative, duplicates prior requests and is harassing. Mattel further

14  objects to this Request on the grounds that it is an attempt to circumvent the

15  Discovery Master's May 22, 2007 Order determining that the requested documents

16  are irrelevant and/or that such requests are improper. Mattel further objects to this

17  Request on the grounds that it seeks confidential, proprietary and trade secret

18  information, including such information that has no bearing on the claims or

19  defenses in this case. Mattel further objects to the use of the term "BRATZ" in this

20  context as vague and ambiguous. Mattel further objects to this Request to the extent

21  that it calls for the disclosure of information subject to the attorney-client privilege,

22  the attorney work-product doctrine and other applicable privileges.

23

24

25

26

27  (S.D. Cal. May 14, 2009).

28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel does not agree to produce documents in response to this request. Instead, Mattel purports to stand on its improper objections Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents without limitation or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek information in Mattel's possession, custody, or control about attempts by Mattel to purchase or to acquire Bratz products.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")

1  Moreover, it is not unduly burdensome, as noted above, in that the request is

2  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

3  has engaged in a broad variety of unfair trade practices, from trade dress

4  infringement to serial copying of MGA products and advertising.  MGA is entitled

5  to discovery on these claims, including Mattel's attempts to obtain the items that it

6  copied.

7        This request does not seek documents protected by the attorney-client

8  privilege, the attorney work product doctrine, or other applicable privileges.  To the

9  extent that Mattel contends that it does, Mattel must provide a privilege log.

10        Mattel objects that the request contains confidential/proprietary/trade

11  secret information.  A Protective Order exists in this case, obviating any concern as

12  to protection of privacy rights and/or commercially sensitive information.

13        Mattel objects that the request is duplicative or subsumed within prior

14  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

15  produce responsive non-privileged documents is not proper based on this objection.

16        Mattel's objection that the documents sought are not relevant is

17  unfounded, as documents that show Mattel purchased and acquired Bratz products.

18  Such information, for example, could tend to confirm MGA's claim that Mattel

19  copied "Bratz" products in connection with its "My Scene" product line.  The May

20  22, 2007 order is inapposite because this request seeks a specific category of

21  documents regarding "Bratz," i.e.  documents that show Mattel's purchase or

22  acquisition of Bratz products.

23        None of Mattel's improper objections are valid and Mattel is obligated

24  to produce all non-privileged responsive documents in its possession, custody or

25  control.

26  **MATTEL'S RESPONSE:**

27        Mattel objects to this request on the grounds that it is overly broad.

28  The Discovery Master has previously ruled that "[t]he Federal Rules of Civil

Procedure do not permit MGA to use broad discovery requests untethered to any claim or defense." Order Granting in Part and Denying in Part Mattel's Motion for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007, at 6-7, Dart Decl., Exh. 1.  See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

MGA argues that its request is relevant in that responsive documents would "tend to confirm MGA's claim that Mattel copied 'Bratz' products in connection with its 'My Scene' line." However MGA's request is not tailored to seeking information related to these facts, and therefore is overbroad.  For example, by its terms the request is not temporally limited to the creation and development of "My Scene."  MGA's request is overbroad because it is insufficiently linked with the claims and defenses in this case.

Mattel also objects to this request on the grounds that it is foreclosed by the Discovery Master's May 22, 2007 Order.[64]  In that order, the Discovery Master found similar requests by MGA for information supporting its serial copying claims to be grossly overbroad.  Mattel's objection should be upheld because it rests on the same overbreadth arguments underlying the Discovery Master's prior ruling.

Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

producing the documents responsive to this overbroad Request would greatly

outweigh any marginal benefit to MGA, for the following reasons.



---

[64]   See May 22, 2007 Order Granting in Part and Denying in Part MGA's Motion
to Compel at 16-17, Dart Decl., Exh. 5.
[65]   Pantel Dec. ¶ 10.
[66]   Moore Dec. ¶ 5.
[67]   Id.
[68]   Id.



15    Similarly, there is no basis for overruling Mattel's privilege objection.

16  MGA's bald assertion that "[t]his request does not seek information protected by the

17  attorney-client privilege, the attorney work product doctrine, or other applicable

18  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

19  agreed that "all privileged documents would be logged except for documents created

20  after this action was filed on April 27, 2004."[72]  Thus, to the extent privileged

21  documents fall within the post lawsuit time period, they need not be included on

22  Mattel's log.

---

[69]  Id. at ¶11.
[70]  Id. ¶ 12, Moore Dec. ¶ 7.
[71]  Id. ¶ 12, Moore Dec. ¶ 7.
[72]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). At no point during the meet and confer process did the parties discuss this Request or Mattel's response to it. In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[73] Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

Other than those documents that it has produced pursuant to other requests, Mattel will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 777:**

All DOCUMENTS REFERRING OR RELATING TO MATTEL'S solicitation of and/or request for a presentation, proposal, bid and/or pitch relating to the advertising, marketing, and/or branding, of MATTEL'S MY SCENE brand from Young & Rubicam Brands.

---

[73] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

**RESPONSE TO REQUEST NO. 777:**

1

2          In addition to the General Objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it seeks documents that are not relevant to this action or likely to lead to the

5  discovery of admissible evidence.  Mattel further objects to this Request on the

6  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

7  and annoy Mattel, including in that it seeks documents on this subject regardless of

8  whether such documents relate to products or matters at issue in this case or time

9  periods at issue in this action.  Mattel further objects to this Request on the grounds

10 that it is cumulative, duplicates prior requests and is harassing.  Mattel further

11 objects to this Request on the grounds that it seeks confidential, proprietary and

12 trade secret information, including such information that has no bearing on the

13 claims or defenses in this case.  Mattel further objects to the use of the term

14 "MATTEL'S MY SCENE" in this context as vague and ambiguous.  Mattel further

15 objects to this Request on the grounds it is convoluted, compound and unintelligible.

16 Mattel further objects to this Request to the extent that it calls for the disclosure of

17 information subject to the attorney-client privilege, the attorney work-product

18 doctrine and other applicable privileges.

19          Subject to and without waiving the foregoing objections, Mattel

20 responds as follows:  To the extent not previously produced, Mattel will produce

21 those responsive, non-privileged documents that it was able to locate after a

22 reasonable, good-faith search for and review of files that were reasonably likely to

23 contain responsive documents bearing on the issues in this litigation.

24 **AMENDED RESPONSE TO REQUEST NO. 777:**

25          In addition to the General Objections stated above which are

26 incorporated herein by reference, Mattel objects to this Request on the grounds that

27 it seeks documents that are not relevant to this action or likely to lead to the

28 discovery of admissible evidence.  Mattel further objects to this Request on the

1   grounds that it is overbroad, oppressive, unduly burdensome and intended to harass
2   and annoy Mattel, including in that it seeks documents on this subject regardless of
3   whether such documents relate to products or matters at issue in this case or time
4   periods at issue in this action.  Mattel further objects to this Request on the grounds
5   that it is cumulative, duplicates prior requests and is harassing.  Mattel further
6   objects to this Request on the grounds that it seeks confidential, proprietary and
7   trade secret information, including such information that has no bearing on the
8   claims or defenses in this case.  Mattel further objects to the use of the term
9   "MATTEL'S MY SCENE" in this context as vague and ambiguous.  Mattel further
10  objects to this Request on the grounds it is convoluted, compound and unintelligible.
11  Mattel further objects to this Request to the extent that it calls for the disclosure of
12  information subject to the attorney-client privilege, the attorney work-product
13  doctrine and other applicable privileges.
14          Based on the foregoing, and without waiving the above general and
15  specific objections, Mattel states that, other than those documents that is has
16  produced pursuant to other requests, Mattel will not produce documents responsive
17  to this Request.

18  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
19  **TO SHOULD BE COMPELLED**

20          Mattel refuses to produce documents in response to this request,
21  apparently standing on its improper boilerplate objections.  Under the Federal Rules
22  of Civil Procedure, "an objection to part of a request must specify the part and
23  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
24  fail to explain the basis for an objection with specificity are routinely rejected in the
25  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
26  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
27  harassing' are improper – especially when a party fails to submit any evidentiary
28  declarations supporting such objections").  Accordingly, Mattel must be compelled

1  either to certify that it has produced all non-privileged responsive documents or to
2  produce all such documents by a date certain.

3  To the extent that Mattel is relying on its blanket objections, they are
4  not sustainable and do not justify Mattel's failure to produce documents.

5  As to overbreadth, Mattel provides no explanation, let alone the
6  required particularity, as to *why* this request is supposedly overly broad, nor can it
7  do so.

8  This objection is therefore improper.  Order No. 17, dated April 14,
9  2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.
10  Ex. 58.  To the contrary, the request is narrowly tailored to seek advertising
11  materials from a specific advertising agency used by Mattel regarding the "My
12  Scene" products that are central to this dispute

13  With respect to burden, Mattel has not attempted to demonstrate why
14  responding to this request and/or producing responsive documents presents any
15  burden.  This objection must therefore be rejected.  See Jackson v. Montgomery
16  Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that
17  a discovery request is unduly burdensome must allege specific facts which indicate
18  the nature and extent of the burden, usually by affidavit or other reliable evidence.")
19  Moreover, it is not unduly burdensome, as noted above, in that the request is
20  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
21  has engaged in a broad variety of unfair trade practices, from serial copying of
22  MGA products, to threatening retailers and suppliers to cease doing business with
23  MGA, to intimidating employees and industry groups in order to prevent MGA from
24  fairly competing.  MGA is entitled to discovery on these claims.

25  This request does not seek documents protected by the attorney-client
26  privilege, the attorney work product doctrine, or other applicable privileges.  To the
27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1   Mattel objects that the request contains confidential/proprietary/trade
2   secret information.  A Protective Order exists in this case, obviating any concern as
3   to protection of privacy rights and/or commercially sensitive information.

4   Mattel objects that the request is duplicative or subsumed within prior
5   requests but does not identify the allegedly duplicative requests.  Mattel's failure to
6   agree to produce responsive non-privileged documents is not proper based on this
7   objection.

8   Mattel's relevance objection is similarly unfounded.  The request seeks
9   information about Mattel's advertising of its "My Scene" products, an issue central
10   to MGA's claims and defenses.

11   None of Mattel's improper objections are valid and Mattel is obligated
12   to produce all non-privileged responsive documents in its possession, custody, or
13   control.

14   **MATTEL'S RESPONSE:**

15   Mattel objects to this request on the grounds that MGA has failed to show that
16   it is relevant to a claim or defense in this case.  Under Rule 26(b)(1), the moving
17   party bears the initial burden of establishing relevance.[74]  It is unclear from the face
18   of the request why an advertising presentation from Young & Rubicam Brands is
19   relevant to claims or defenses in this case. Rather than explain why its request is
20   relevant, however, MGA merely asserts that it is. This is not enough to meet its
21   burden.  Because MGA has failed to show that its request is relevant to a claim or
22   defense,  Mattel's objection should be upheld.

23
24
25   [74]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26   Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
     burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1
27   (S.D. Cal. May 14, 2009).
28

-62-

1         Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

2    that a Court should limit the extent of discovery if it determines that the burden of

3    the proposed discovery outweighs its likely benefit; the discovery sought is

4    unreasonably cumulative or duplicative, or is obtainable from some other source that

5    is more convenient, less burdensome, or less expensive; or the party seeking

6    discovery has had ample opportunity by discovery in the action to obtain the

7    information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

8    producing the documents responsive to this overbroad Request would greatly

9    outweigh any marginal benefit to MGA, for the following reasons.



26    [75]   Pantel Dec. ¶ 10.

27    [76]   Moore Dec. ¶ 5.

    [77]   Id.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



19    Similarly, there is no basis for overruling Mattel's privilege objection.

20 MGA's bald assertion that "[t]his request does not seek information protected by the

21 attorney-client privilege, the attorney work product doctrine, or other applicable

22 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

23 agreed that "all privileged documents would be logged except for documents created

24

25    [78]  Id.
26    [79]  Id. at ¶11.
27    [80]  Id. ¶ 12, Moore Dec. ¶ 7.
      [81]  Id. ¶ 12, Moore Dec. ¶ 7.
28

1   after this action was filed on April 27, 2004."[82]  Thus, to the extent privileged

2   documents fall within the post lawsuit time period, they need not be included on

3   Mattel's log.

4           Finally, MGA failed to meet and confer at all, much less in good faith,

5   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

6   Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing

7   any discovery motion, the moving party shall first identify each dispute, state the

8   relief sought and identify the authority supporting the requested relief in a meet and

9   confer letter that shall be served on all parties by facsimile or electronic mail. The

10  parties shall have five court days from the date of service of that letter to conduct an

11  in-person conference to attempt to resolve the dispute.").  At no point during the

12  meet and confer process did the parties discuss this Request or Mattel's response to

13  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

14  show the relevance of any requests it sought to move on.[83]   Because MGA refused

15  to even attempt to make this showing, there was no possibility of a good faith meet

16  and confer to resolve the parties' disputes.  The Discovery Master should deny

17  MGA's motion with respect to this Request on that grounds alone.

18          Other than those documents that it has produced pursuant to other requests,

19  Mattel will not produce documents responsive to this request.

20

21

22

---

23  [82]   See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.
    [83]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

    (S.D. Cal. May 14, 2009).

28

1 **REQUEST FOR PRODUCTION NO. 778:**

2    All DOCUMENTS REFERRING OR RELATING TO MATTEL'S

3 solicitation of and/or request for a presentation, proposal, bid and/or pitch relating to

4 the advertising, marketing, and/or branding of MATTEL'S MY SCENE brand from

5 any branding, advertising, or marketing agency.

6 **RESPONSE TO REQUEST NO. 778:**

7    In addition to the General Objections stated above which are

8 incorporated herein by reference, Mattel objects to this Request on the grounds that

9 it seeks documents that are not relevant to this action or likely to lead to the

10 discovery of admissible evidence. Mattel further objects to this Request on the

11 grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

12 and annoy Mattel, including in that it seeks documents on this subject regardless of

13 whether such documents relate to products or matters at issue in this case or time

14 periods at issue in this action. Mattel further objects to this Request on the grounds

15 that it is cumulative, duplicates prior requests and is harassing. Mattel further

16 objects to this Request on the grounds that it seeks confidential, proprietary and

17 trade secret information, including such information that has no bearing on the

18 claims or defenses in this case. Mattel further objects to this Request on the grounds

19 that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

20 determining that the requested documents are irrelevant and/or that such requests are

21 improper. Mattel further objects to the use of the term "MATTEL'S MY SCENE"

22 in this context as vague and ambiguous. Mattel further objects to this Request on

23 the grounds it is convoluted, compound and unintelligible. Mattel further objects to

24 this Request to the extent that it calls for the disclosure of information subject to the

25 attorney-client privilege, the attorney work-product doctrine and other applicable

26 privileges.

27    Based on the foregoing, and without waiving the above general and

28 specific objections, Mattel states that, other than those documents that is has

1    produced pursuant to other requests, Mattel will not produce documents responsive

2    to this Request.

3    **AMENDED RESPONSE TO REQUEST NO. 778:**

4                In addition to the General Objections stated above which are

5    incorporated herein by reference, Mattel objects to this Request on the grounds that

6    it seeks documents that are not relevant to this action or likely to lead to the

7    discovery of admissible evidence.  Mattel further objects to this Request on the

8    grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

9    and annoy Mattel, including in that it seeks documents on this subject regardless of

10   whether such documents relate to products or matters at issue in this case or time

11   periods at issue in this action.  Mattel further objects to this Request on the grounds

12   that it is cumulative, duplicates prior requests and is harassing.  Mattel further

13   objects to this Request on the grounds that it seeks confidential, proprietary and

14   trade secret information, including such information that has no bearing on the

15   claims or defenses in this case.  Mattel further objects to this Request on the grounds

16   that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

17   determining that the requested documents are irrelevant and/or that such requests are

18   improper.  Mattel further objects to the use of the term "MATTEL'S MY SCENE"

19   in this context as vague and ambiguous.  Mattel further objects to this Request on

20   the grounds it is convoluted, compound and unintelligible.  Mattel further objects to

21   this Request to the extent that it calls for the disclosure of information subject to the

22   attorney-client privilege, the attorney work-product doctrine and other applicable

23   privileges.

24               Based on the foregoing, and without waiving the above general and

25   specific objections, Mattel states that, other than those documents that is has

26   produced pursuant to other requests, Mattel will not produce documents responsive

27   to this Request.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET EIGHT)

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents in response to this request, apparently standing on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek advertising, marketing and branding materials, specifically for Mattel's "My Scene" products, which are central to the Phase 2 dispute.

With respect to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")

1    Moreover, it is not unduly burdensome, as noted above, in that the request is

2    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

3    has engaged in a broad variety of unfair trade practices, from serial copying of

4    MGA products, to threatening retailers and suppliers to cease doing business with

5    MGA, to intimidating employees and industry groups in order to prevent MGA from

6    fairly competing.  MGA is entitled to discovery on these claims.

7           This request does not seek documents protected by the attorney-client

8    privilege, the attorney work product doctrine, or other applicable privileges.  To the

9    extent that Mattel contends that it does, Mattel must provide a privilege log.

10          Mattel objects that the request contains confidential/proprietary/trade

11   secret information.  A Protective Order exists in this case, obviating any concern as

12   to protection of privacy rights and/or commercially sensitive information.

13          Mattel objects that the request is duplicative or subsumed within prior

14   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

15   agree to produce responsive non-privileged documents is not proper based on this

16   objection.

17          Mattel's relevance objection is similarly unfounded.  The request seeks

18   information about Mattel's advertising of its "My Scene" products, an issue central

19   to MGA's claims and defenses.

20          None of Mattel's improper objections are valid and Mattel is obligated

21   to produce all non-privileged responsive documents in its possession, custody, or

22   control.

23   **MATTEL'S RESPONSE:**

24          Mattel objects to this request on the grounds that MGA has failed to

25   show that it is relevant to a claim or defense in this case.  Under Rule 26(b)(1), the

26

27

28

moving party bears the initial burden of establishing relevance.[84]  It is unclear from the face of the request why an advertising presentation is relevant to claims or defenses in this case. Rather than explain why its request is relevant, however, MGA merely asserts that it is. This is not enough to meet its burden.  Because MGA has failed to show that its request is relevant to a claim or defense,  Mattel's objection should be upheld.

Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.



---

[84]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).



85 Pantel Dec. ¶ 10.
86 Moore Dec. ¶ 5.
87 Id.
88 Id.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET EIGHT)

00505.07975/3161785.1

1　██████████████████████████████████████████████

2　███████████████████████████████████

3　　　　　Similarly, there is no basis for overruling Mattel's privilege objection.

4　MGA's bald assertion that "[t]his request does not seek information protected by the

5　attorney-client privilege, the attorney work product doctrine, or other applicable

6　privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7　agreed that "all privileged documents would be logged except for documents created

8　after this action was filed on April 27, 2004."[92]  Thus, to the extent privileged

9　documents fall within the post lawsuit time period, they need not be included on

10　Mattel's log.

11　　　　　Finally, MGA failed to meet and confer at all, much less in good faith,

12　regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

13　Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing

14　any discovery motion, the moving party shall first identify each dispute, state the

15　relief sought and identify the authority supporting the requested relief in a meet and

16　confer letter that shall be served on all parties by facsimile or electronic mail. The

17　parties shall have five court days from the date of service of that letter to conduct an

18　in-person conference to attempt to resolve the dispute.").  At no point during the

19　meet and confer process did the parties discuss this Request or Mattel's response to

20　it.  In order to engage in a meaningful meet and confer, MGA had the burden to

21

22

23

_____

24　[89]  Id. at ¶11.

25　[90]  Id. ¶ 12, Moore Dec. ¶ 7.
　　[91]  Id. ¶ 12, Moore Dec. ¶ 7.

26　[92]  See Order Denying Mattel's Motion for Protective Order Limiting the

27　Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
　　3.

28

1   show the relevance of any requests it sought to move on.[93]   Because MGA refused

2   to even attempt to make this showing, there was no possibility of a good faith meet

3   and confer to resolve the parties' disputes.  The Discovery Master should deny

4   MGA's motion with respect to this Request on that grounds alone.

5        Other than those documents that it has produced pursuant to other

6   requests, Mattel will not produce documents responsive to this request.

7   **REQUEST FOR PRODUCTION NO. 779:**

8        All DOCUMENTS REFERRING OR RELATING TO a presentation,

9   proposal, bid and/or pitch made by Young & Rubicam Brands to MATTEL in the

10  fall of 2003 in connection with MATTEL'S review and/or selection of an

11  advertising agency for Mattel's MY SCENE brand.

12  **RESPONSE TO REQUEST NO. 779:**

13       In addition to the General Objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it seeks documents that are not relevant to this action or likely to lead to the

16  discovery of admissible evidence.  Mattel further objects to this Request on the

17  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

18  and annoy Mattel, including in that it seeks documents on this subject regardless of

19  whether such documents relate to products or matters at issue in this case or time

20  periods at issue in this action.  Mattel further objects to this Request on the grounds

21  that it is cumulative, duplicates prior requests and is harassing.  Mattel further

22  objects to this Request on the grounds that it seeks confidential, proprietary and

23  trade secret information, including such information that has no bearing on the

24

25  [93]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).

28

claims or defenses in this case. Mattel further objects to this Request to the extent
that it calls for the disclosure of information subject to the attorney-client privilege,
the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel
responds as follows: To the extent not previously produced, Mattel will produce
those responsive, non-privileged documents that it was able to locate after a
reasonable, good-faith search for and review of files that were reasonably likely to
contain responsive documents bearing on the issues in this litigation.

**AMENDED RESPONSE TO REQUEST NO. 779:**

In addition to the General Objections stated above which are
incorporated herein by reference, Mattel objects to this Request on the grounds that
it seeks documents that are not relevant to this action or likely to lead to the
discovery of admissible evidence. Mattel further objects to this Request on the
grounds that it is overbroad, oppressive, unduly burdensome and intended to harass
and annoy Mattel, including in that it seeks documents on this subject regardless of
whether such documents relate to products or matters at issue in this case or time
periods at issue in this action. Mattel further objects to this Request on the grounds
that it is cumulative, duplicates prior requests and is harassing. Mattel further
objects to this Request on the grounds that it seeks confidential, proprietary and
trade secret information, including such information that has no bearing on the
claims or defenses in this case. Mattel further objects to this Request to the extent
that it calls for the disclosure of information subject to the attorney-client privilege,
the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and
specific objections, Mattel states that, other than those documents that is has
produced pursuant to other requests, Mattel will not produce documents responsive
to this Request.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents in response to this request, apparently standing on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek advertising materials from a specific advertising agency used by Mattel regarding the "My Scene" products that are central to this dispute

With respect to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")

1 Moreover, it is not unduly burdensome, as noted above, in that the request is

2 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

3 has engaged in a broad variety of unfair trade practices, from serial copying of

4 MGA products, to threatening retailers and suppliers to cease doing business with

5 MGA, to intimidating employees and industry groups in order to prevent MGA from

6 fairly competing.  MGA is entitled to discovery on these claims.

7 This request does not seek documents protected by the attorney-client

8 privilege, the attorney work product doctrine, or other applicable privileges.  To the

9 extent that Mattel contends that it does, Mattel must provide a privilege log.

10 Mattel objects that the request contains confidential/proprietary/trade

11 secret information.  A Protective Order exists in this case, obviating any concern as

12 to protection of privacy rights and/or commercially sensitive information.

13 Mattel objects that the request is duplicative or subsumed within prior

14 requests but does not identify the allegedly duplicative requests.  Mattel's failure to

15 agree to produce responsive non-privileged documents is not proper based on this

16 objection.

17 Mattel's relevance objection is similarly unfounded.  The request seeks

18 information about Mattel's advertising of its "My Scene" products, an issue central

19 to MGA's claims and defenses.

20 None of Mattel's improper objections are valid and Mattel is obligated

21 to produce all non-privileged responsive documents in its possession, custody, or

22 control.

23 **MATTEL'S RESPONSE:**

24 Mattel objects to this request on the grounds that MGA has failed to

25 show that it is relevant to a claim or defense in this case.  Under Rule 26(b)(1), the

26

27

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET EIGHT)

moving party bears the initial burden of establishing relevance.[94]  It is unclear from the face of the request why an advertising presentation from Young & Rubicam Brands is relevant to claims or defenses in this case. Rather than explain why its request is relevant, however, MGA merely asserts that it is. This is not enough to meet its burden.  Because MGA has failed to show that its request is relevant to a claim or defense,  Mattel's objection should be upheld.

Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.



_____

[94]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

-77-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET EIGHT)



95  Pantel Dec. ¶ 10.
96  Moore Dec. ¶ 5.
97  Id.
98  Id.

1 ██████████████████████████████████████████

2 ████████████████████████████████

3      Similarly, there is no basis for overruling Mattel's privilege objection.

4 MGA's bald assertion that "[t]his request does not seek information protected by the

5 attorney-client privilege, the attorney work product doctrine, or other applicable

6 privileges" has no merit. Moreover, as MGA has itself argued, the parties have

7 agreed that "all privileged documents would be logged except for documents created

8 after this action was filed on April 27, 2004."[102] Thus, to the extent privileged

9 documents fall within the post lawsuit time period, they need not be included on

10 Mattel's log.

11      Finally, MGA failed to meet and confer at all, much less in good faith,

12 regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

13 Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing

14 any discovery motion, the moving party shall first identify each dispute, state the

15 relief sought and identify the authority supporting the requested relief in a meet and

16 confer letter that shall be served on all parties by facsimile or electronic mail. The

17 parties shall have five court days from the date of service of that letter to conduct an

18 in-person conference to attempt to resolve the dispute."). At no point during the

19 meet and confer process did the parties discuss this Request or Mattel's response to

20 it. In order to engage in a meaningful meet and confer, MGA had the burden to

21

22

23 ──────────────────

24 [99] Id. at ¶11.

25 [100] Id. ¶ 12, Moore Dec. ¶ 7.
   [101] Id. ¶ 12, Moore Dec. ¶ 7.

26 [102] See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET EIGHT)

1 show the relevance of any requests it sought to move on.[103]   Because MGA refused
2 to even attempt to make this showing, there was no possibility of a good faith meet
3 and confer to resolve the parties' disputes.  The Discovery Master should deny
4 MGA's motion with respect to this Request on that grounds alone.

5          Other than those documents that it has produced pursuant to other
6 requests, Mattel will not produce documents responsive to this request.

7 **REQUEST FOR PRODUCTION NO. 780:**

8          All DOCUMENTS REFERRING OR RELATING TO a presentation,
9 proposal, bid and/or pitch made by any branding, advertising, or marketing agency
10 to MATTEL in connection with MATTEL'S review and/or selection of an
11 advertising agency for Mattel's MY SCENE brand.

12 **RESPONSE TO REQUEST NO. 780:**

13          In addition to the General Objections stated above which are
14 incorporated herein by reference, Mattel objects to this Request on the grounds that
15 it seeks documents that are not relevant to this action or likely to lead to the
16 discovery of admissible evidence.  Mattel further objects to this Request on the
17 grounds that it is overbroad, oppressive, unduly burdensome and intended to harass
18 and annoy Mattel, including in that it seeks documents on this subject regardless of
19 whether such documents relate to products or matters at issue in this case or time
20 periods at issue in this action.  Mattel further objects to this Request on the grounds
21 that it is cumulative, duplicates prior requests and is harassing.  Mattel further
22 objects to this Request on the grounds that it seeks confidential, proprietary and
23 trade secret information, including such information that has no bearing on the

24

25          [103]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27 burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1
(S.D. Cal. May 14, 2009).

28

1    claims or defenses in this case.  Mattel further objects to this Request on the grounds

2    that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

3    determining that the requested documents are irrelevant and/or that such requests are

4    improper.  Mattel further objects to the use of the term "Mattel's MY SCENE" in

5    this context as vague and ambiguous.  Mattel further objects to this Request on the

6    grounds it is convoluted, compound and unintelligible.  Mattel further objects to this

7    Request to the extent that it calls for the disclosure of information subject to the

8    attorney-client privilege, the attorney work-product doctrine and other applicable

9    privileges.

10          Based on the foregoing, and without waiving the above general and

11    specific objections, Mattel states that, other than those documents that is has

12    produced pursuant to other requests, Mattel will not produce documents responsive

13    to this Request.

14    **AMENDED RESPONSE TO REQUEST NO. 780:**

15          In addition to the General Objections stated above which are

16    incorporated herein by reference, Mattel objects to this Request on the grounds that

17    it seeks documents that are not relevant to this action or likely to lead to the

18    discovery of admissible evidence.  Mattel further objects to this Request on the

19    grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

20    and annoy Mattel, including in that it seeks documents on this subject regardless of

21    whether such documents relate to products or matters at issue in this case or time

22    periods at issue in this action.  Mattel further objects to this Request on the grounds

23    that it is cumulative, duplicates prior requests and is harassing.  Mattel further

24    objects to this Request on the grounds that it seeks confidential, proprietary and

25    trade secret information, including such information that has no bearing on the

26    claims or defenses in this case.  Mattel further objects to this Request on the grounds

27    that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

28    determining that the requested documents are irrelevant and/or that such requests are

1   improper.  Mattel further objects to the use of the term "Mattel's MY SCENE" in

2   this context as vague and ambiguous.  Mattel further objects to this Request on the

3   grounds it is convoluted, compound and unintelligible.  Mattel further objects to this

4   Request to the extent that it calls for the disclosure of information subject to the

5   attorney-client privilege, the attorney work-product doctrine and other applicable

6   privileges.

7           Based on the foregoing, and without waiving the above general and

8   specific objections, Mattel states that, other than those documents that is has

9   produced pursuant to other requests, Mattel will not produce documents responsive

10  to this Request.

11  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

12  **TO SHOULD BE COMPELLED**

13          Mattel refuses to produce documents in response to this request,

14  apparently standing on its improper boilerplate objections.  Under the Federal Rules

15  of Civil Procedure, "an objection to part of a request must specify the part and

16  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

17  fail to explain the basis for an objection with specificity are routinely rejected in the

18  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

19  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

20  harassing' are improper – especially when a party fails to submit any evidentiary

21  declarations supporting such objections").  Accordingly, Mattel must be compelled

22  either to certify that it has produced all non-privileged responsive documents or to

23  produce all such documents by a date certain.

24          To the extent that Mattel is relying on its blanket objections, they are

25  not sustainable and do not justify Mattel's failure to produce documents.

26          As to overbreadth, Mattel provides no explanation, let alone the

27  required particularity, as to *why* this request is supposedly overly broad, nor can it

28  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek advertising, marketing and branding materials, specifically for Mattel's "My Scene" products, which are central to the Phase 2 dispute.

With respect to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, from serial copying of MGA products, to threatening retailers and suppliers to cease doing business with MGA, to intimidating employees and industry groups in order to prevent MGA from fairly competing.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential/proprietary/trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests.  Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET EIGHT)

1    Mattel's relevance objection is similarly unfounded.  The request seeks

2  information about Mattel's advertising of its "My Scene" products, an issue central

3  to MGA's claims and defenses.

4    None of Mattel's improper objections are valid and Mattel is obligated

5  to produce all non-privileged responsive documents in its possession, custody, or

6  control.

7  **MATTEL'S RESPONSE:**

8    Mattel objects to this request on the grounds that MGA has failed to

9  show that it is relevant to a claim or defense in this case.  Under Rule 26(b)(1), the

10  moving party bears the initial burden of establishing relevance.[104]  It is unclear from

11  the face of the request why an advertising presentation from Young & Rubicam

12  Brands is relevant to claims or defenses in this case. Rather than explain why its

13  request is relevant, however, MGA merely asserts that it is. This is not enough to

14  meet its burden.  Because MGA has failed to show that its request is relevant to a

15  claim or defense,  Mattel's objection should be upheld.

16    Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

17  that a Court should limit the extent of discovery if it determines that the burden of

18  the proposed discovery outweighs its likely benefit; the discovery sought is

19  unreasonably cumulative or duplicative, or is obtainable from some other source that

20  is more convenient, less burdensome, or less expensive; or the party seeking

21  discovery has had ample opportunity by discovery in the action to obtain the

22  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

---

[104]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET EIGHT)

producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.



[105] Pantel Dec. ¶ 10.
[106] Moore Dec. ¶ 5.
[107] Id.
[108] Id.

-85-



13    Similarly, there is no basis for overruling Mattel's privilege objection.

14 MGA's bald assertion that "[t]his request does not seek information protected by the

15 attorney-client privilege, the attorney work product doctrine, or other applicable

16 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

17 agreed that "all privileged documents would be logged except for documents created

18 after this action was filed on April 27, 2004."[112]  Thus, to the extent privileged

19 documents fall within the post lawsuit time period, they need not be included on

20 Mattel's log.

21    Finally, MGA failed to meet and confer at all, much less in good faith,

22 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

[109]  Id. at ¶11.
[110]  Id. ¶ 12, Moore Dec. ¶ 7.
[111]  Id. ¶ 12, Moore Dec. ¶ 7.
[112]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). At no point during the meet and confer process did the parties discuss this Request or Mattel's response to it. In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[113] Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

Other than those documents that it has produced pursuant to other requests, Mattel will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 781:**

All litigation documents filed and/or served by any of the parties in <u>Mattel, Inc. v. Woolbro (Distributors) Ltd, Simba-Toys (Hong Kong) Ltd, Simba Toys GMBH & Co KG,</u> HC 03 CO 2684 (High Court of Justice, Chancery Division), including but not limited to pleadings, motions, briefs, discovery responses, disclosures, and expert reports.

**RESPONSE TO REQUEST NO. 781:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that

---

[113] <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa,</u> 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action.  Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing.  Mattel further objects to this Request on the grounds and to the extent it seeks documents equally or more available to, or already in the possession, custody or control of defendants. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to this Request on the grounds it is convoluted, compound and unintelligible.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and specific objections, Mattel states that, other than those documents that is has produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

**AMENDED RESPONSE TO REQUEST NO. 781:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

1    and annoy Mattel, including in that it seeks documents on this subject regardless of

2    whether such documents relate to products or matters at issue in this case or time

3    periods at issue in this action.  Mattel further objects to this Request on the grounds

4    that it is cumulative, duplicates prior requests and is harassing.  Mattel further

5    objects to this Request on the grounds and to the extent it seeks documents equally

6    or more available to, or already in the possession, custody or control of defendants.

7    Mattel further objects to this Request on the grounds that it seeks confidential,

8    proprietary and trade secret information, including such information that has no

9    bearing on the claims or defenses in this case.  Mattel further objects to this Request

10   on the grounds that it is an attempt to circumvent the Discovery Master's May 22,

11   2007 Order determining that the requested documents are irrelevant and/or that such

12   requests are improper.  Mattel further objects to this Request on the grounds it is

13   convoluted, compound and unintelligible.  Mattel further objects to this Request to

14   the extent that it calls for the disclosure of information subject to the attorney-client

15   privilege, the attorney work-product doctrine and other applicable privileges.

16          Based on the foregoing, and without waiving the above general and

17   specific objections, Mattel states that, other than those documents that is has

18   produced pursuant to other requests, Mattel will not produce documents responsive

19   to this Request.

20   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

21   **TO SHOULD BE COMPELLED**

22          Mattel refuses to produce documents in response to this request, resting

23   on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,

24   "an objection to part of a request must specify the part and permit inspection of the

25   rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

26   for an objection with specificity are routinely rejected in the Central District.  See A.

27   Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

28   or boilerplate objections such as 'overly burdensome and harassing' are improper –

1   especially when a party fails to submit any evidentiary declarations supporting such

2   objections"). Accordingly, Mattel must be compelled either to certify that it has

3   produced all non-privileged responsive documents or to produce all such documents

4   by a date certain.

5         To the extent that Mattel is relying on its blanket objections, they are

6   not sustainable and do not justify Mattel's failure to produce documents.

7         As to overbreadth, Mattel provides no explanation, let alone the

8   required particularity, as to *why* this request is supposedly overly broad, nor can it

9   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

10   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

11   contrary, the request is narrowly tailored to seek documents concerning a specific

12   litigation involving the "My Scene" products that are the subject of Phase 2 claims

13   and defenses.

14         As to burden, Mattel has not attempted to demonstrate why responding

15   to this request and/or producing responsive documents presents any burden. This

16   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

17   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18   request is unduly burdensome must allege specific facts which indicate the nature

19   and extent of the burden, usually by affidavit or other reliable evidence.")

20   Moreover, it is not unduly burdensome, as noted above, in that the request is

21   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

22   has engaged in a broad variety of unfair trade practices, from serial copying of

23   MGA products, to threatening retailers and suppliers to cease doing business with

24   MGA, to intimidating employees and industry groups in order to prevent MGA from

25   fairly competing. MGA is entitled to discovery on these claims.

26         This request does not seek documents protected by the attorney-client

27   privilege, the attorney work product doctrine, or other applicable privileges. To the

28   extent that Mattel contends that it does, Mattel must provide a privilege log.

1         Mattel objects that the request contains confidential/proprietary/trade

2 secret information. A Protective Order exists in this case, obviating any concern as

3 to protection of privacy rights and/or commercially sensitive information.

4         Mattel objects that the request is duplicative or subsumed within prior

5 requests but does not identify the allegedly duplicative requests. Mattel's failure to

6 agree to produce responsive non-privileged documents is not proper based on this

7 objection.

8         Mattel objects that the request is duplicative or subsumed within prior

9 requests but does not identify the allegedly duplicative requests. Mattel's failure to

10 agree to produce responsive non-privileged documents is not proper based on this

11 objection.

12         Mattel's assertion of intellectual property rights in products that are the

13 subject of Phase 2 against other parties is highly likely to lead to the discovery of

14 admissible evidence. This request calls out litigation with a particular party that is

15 likely to have involved many similar issues.

16         None of Mattel's improper objections are valid and Mattel is obligated

17 to produce all non-privileged responsive documents in its possession, custody, or

18 control.

19 **MATTEL'S RESPONSE:**

20         Mattel objects to this request because it is overly broad and seeks

21 information irrelevant to the claims and defenses in this case. Under Rule 26(b)(1),

22 the moving party—here, MGA—bears the initial burden of establishing

23 relevance.[114] <u>Mattel, Inc. v. Woolbro (Distributors) Ltd., Simba Toys (Hong Kong)</u>

24

25

26 [114] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 ﹐ Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

27

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET EIGHT)

1  Ltd., Simba Toys GMBH & Co KG, a case brought in Great Britain's High Court of

2  Justice, involved different defendants, different infringing products, and foreign law.

3  Indeed, the only link MGA makes with the current case is that both involved

4  "Mattel's assertion of intellectual property rights."  In requesting "all litigation

5  documents filed and/or served by any of the parties" in an unrelated foreign case,

6  MGA is engaging in an impermissible fishing expedition.  Rivera v. NIBCO, Inc.,

7  364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of

8  discovery to engage in 'fishing expedition.'") Because MGA has failed to show that

9  its request is relevant to a claim or defense,  Mattel's objection should be upheld.

10      Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

11  that a Court should limit the extent of discovery if it determines that the burden of

12  the proposed discovery outweighs its likely benefit; the discovery sought is

13  unreasonably cumulative or duplicative, or is obtainable from some other source that

14  is more convenient, less burdensome, or less expensive; or the party seeking

15  discovery has had ample opportunity by discovery in the action to obtain the

16  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

17  producing the documents responsive to this overbroad Request would greatly

18  outweigh any marginal benefit to MGA, for the following reasons.



26

27  [115]  Pantel Dec. ¶ 10.

28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  [116]  Moore Dec. ¶ 5.

26  [117]  Id.

27  [118]  Id.

28  [119]  Id. at ¶11.

1 ███████████████████████████████████████████

2 ███████████████████████████████████████████

3 ███████████████████████████████████████████████

4 ████████████████████████████████████

5          Similarly, there is no basis for overruling Mattel's privilege objection.

6 MGA's bald assertion that "[t]his request does not seek information protected by the

7 attorney-client privilege, the attorney work product doctrine, or other applicable

8 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

9 agreed that "all privileged documents would be logged except for documents created

10 after this action was filed on April 27, 2004."[122]  Thus, to the extent privileged

11 documents fall within the post lawsuit time period, they need not be included on

12 Mattel's log.

13          Finally, MGA failed to meet and confer at all, much less in good faith,

14 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

15 Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing

16 any discovery motion, the moving party shall first identify each dispute, state the

17 relief sought and identify the authority supporting the requested relief in a meet and

18 confer letter that shall be served on all parties by facsimile or electronic mail. The

19 parties shall have five court days from the date of service of that letter to conduct an

20 in-person conference to attempt to resolve the dispute.").  At no point during the

21 meet and confer process did the parties discuss this Request or Mattel's response to

22 it.  In order to engage in a meaningful meet and confer, MGA had the burden to

23

24 _____

25 [120]  Id. ¶ 12, Moore Dec. ¶ 7.

   [121]  Id. ¶ 12, Moore Dec. ¶ 7.

26 [122]  See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1  show the relevance of any requests it sought to move on.[123]   Because MGA refused

2  to even attempt to make this showing, there was no possibility of a good faith meet

3  and confer to resolve the parties' disputes.  The Discovery Master should deny

4  MGA's motion with respect to this Request on that grounds alone.

5          Other than those documents that it has produced pursuant to other

6  requests, Mattel will not produce documents responsive to this request.

7  **REQUEST FOR PRODUCTION NO. 782:**

8          MATTEL'S trial presentation materials (including any and all

9  demonstrative exhibits) in <u>Mattel, Inc. v. Woolbro (Distributors) Ltd, Simba-Toys</u>

10  <u>(Hong Kong) Ltd, Simba Toys GMBH & Co KG,</u> HC 03 CO 2684 (High Court of

11  Justice, Chancery Division), including but not limited to Mattel, Inc.'s trial exhibits

12  or presentations relating to similarities and/or differences between the various dolls

13  at issue in said litigation.

14  **RESPONSE TO REQUEST NO. 782:**

15          In addition to the General Objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it seeks documents that are not relevant to this action or likely to lead to the

18  discovery of admissible evidence.  Mattel further objects to this Request on the

19  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

20  and annoy Mattel, including in that it seeks documents on this subject regardless of

21  whether such documents relate to products or matters at issue in this case or time

22  periods at issue in this action.  Mattel further objects to this Request on the grounds

23  that it is cumulative, duplicates prior requests and is harassing.  Mattel further

24

25  [123]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

objects to this Request on the grounds and to the extent it seeks documents equally or more available to, or already in the possession, custody or control of defendants. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the use of the terms "trial presentation materials" and "relating to similarities and/or differences" in this context as vague and ambiguous. Mattel further objects to this Request on the grounds it is convoluted, compound and unintelligible. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and specific objections, Mattel states that, other than those documents that is has produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

**AMENDED RESPONSE TO REQUEST NO. 782:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing. Mattel further

1   objects to this Request on the grounds and to the extent it seeks documents equally

2   or more available to, or already in the possession, custody or control of defendants.

3   Mattel further objects to this Request on the grounds that it seeks confidential,

4   proprietary and trade secret information, including such information that has no

5   bearing on the claims or defenses in this case.  Mattel further objects to this Request

6   on the grounds that it is an attempt to circumvent the Discovery Master's May 22,

7   2007 Order determining that the requested documents are irrelevant and/or that such

8   requests are improper.  Mattel further objects to the use of the terms "trial

9   presentation materials" and "relating to similarities and/or differences" in this

10   context as vague and ambiguous.  Mattel further objects to this Request on the

11   grounds it is convoluted, compound and unintelligible.  Mattel further objects to this

12   Request to the extent that it calls for the disclosure of information subject to the

13   attorney-client privilege, the attorney work-product doctrine and other applicable

14   privileges.

15        Based on the foregoing, and without waiving the above general and

16   specific objections, Mattel states that, other than those documents that is has

17   produced pursuant to other requests, Mattel will not produce documents responsive

18   to this Request.

19   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

20   **TO SHOULD BE COMPELLED**

21        Mattel refuses to produce documents in response to this request, resting

22   on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,

23   "an objection to part of a request must specify the part and permit inspection of the

24   rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

25   for an objection with specificity are routinely rejected in the Central District.  See A.

26   Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

27   or boilerplate objections such as 'overly burdensome and harassing' are improper –

28   especially when a party fails to submit any evidentiary declarations supporting such

objections").  Accordingly, Mattel must be compelled either to certify that it has
produced all non-privileged responsive documents or to produce all such documents
by a date certain.

To the extent that Mattel is relying on its blanket objections, they are
not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the
required particularity, as to *why* this request is supposedly overly broad, nor can it
do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
contrary, the request is narrowly tailored to seek documents concerning a specific
litigation involving the "My Scene" products that are the subject of Phase 2 claims
and defenses.

As to burden, Mattel has not attempted to demonstrate why responding
to this request and/or producing responsive documents presents any burden.  This
objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
request is unduly burdensome must allege specific facts which indicate the nature
and extent of the burden, usually by affidavit or other reliable evidence.")
Moreover, it is not unduly burdensome, as noted above, in that the request is
narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
has engaged in a broad variety of unfair trade practices, from serial copying of
MGA products, to threatening retailers and suppliers to cease doing business with
MGA, to intimidating employees and industry groups in order to prevent MGA from
fairly competing.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client
privilege, the attorney work product doctrine, or other applicable privileges.  To the
extent that Mattel contends that it does, Mattel must provide a privilege log.

1  Mattel objects that the request contains confidential/proprietary/trade
2  secret information.  A Protective Order exists in this case, obviating any concern as
3  to protection of privacy rights and/or commercially sensitive information.

4  Mattel objects that the request is duplicative or subsumed within prior
5  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
6  agree to produce responsive non-privileged documents is not proper based on this
7  objection.

8  Mattel objects that the request is duplicative or subsumed within prior
9  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
10  agree to produce responsive non-privileged documents is not proper based on this
11  objection.

12  Mattel's assertion of intellectual property rights in products that are the
13  subject of Phase 2 against other parties is highly likely to lead to the discovery of
14  admissible evidence.  This request calls out litigation with a particular party that is
15  likely to have involved many similar issues.

16  None of Mattel's improper objections are valid and Mattel is obligated
17  to produce all non-privileged responsive documents in its possession, custody, or
18  control.

19  **MATTEL'S RESPONSE:**

20  Mattel objects to this request because it is overly broad and seeks
21  information irrelevant to the claims and defenses in this case.  Under Rule 26(b)(1),
22  the moving party—here, MGA—bears the initial burden of establishing relevance.
23  [124]  Mattel, Inc. v. Woolbro (Distributors) Ltd., Simba Toys (Hong Kong) Ltd.,

24

25  _____
   [124]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
27  (S.D. Cal. May 14, 2009).

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET EIGHT)