<u>Simba Toys GMBH & Co KG</u>, a case brought in Great Britain's High Court of Justice, involved different defendants, different infringing products, and foreign law. Indeed, the only link MGA makes with the current case is that both involved "Mattel's assertion of intellectual property rights."  In requesting Mattel's trial presentation materials from an unrelated foreign case, MGA is engaging in an impermissible fishing expedition.  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expedition.'") Because MGA has failed to show that its request is relevant to a claim or defense,  Mattel's objection should be upheld.

Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.



---

[125]   Pantel Dec. ¶ 10.



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   126   Moore Dec. ¶ 5.

26   127   Id.

27   128   Id.

28   129   Id. at ¶11.

1        █████████████████████████████

2     █████████████████████████████

3    ████████████████████████████████████

4    ███████████████████████████

5    ██████████

6         Similarly, there is no basis for overruling Mattel's privilege objection.

7 MGA's bald assertion that "[t]his request does not seek information protected by the

8 attorney-client privilege, the attorney work product doctrine, or other applicable

9 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

10 agreed that "all privileged documents would be logged except for documents created

11 after this action was filed on April 27, 2004."[132]  Thus, to the extent privileged

12 documents fall within the post lawsuit time period, they need not be included on

13 Mattel's log.

14         Finally, MGA failed to meet and confer at all, much less in good faith,

15 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

16 Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing

17 any discovery motion, the moving party shall first identify each dispute, state the

18 relief sought and identify the authority supporting the requested relief in a meet and

19 confer letter that shall be served on all parties by facsimile or electronic mail. The

20 parties shall have five court days from the date of service of that letter to conduct an

21 in-person conference to attempt to resolve the dispute.").  At no point during the

22 meet and confer process did the parties discuss this Request or Mattel's response to

23 it.  In order to engage in a meaningful meet and confer, MGA had the burden to

---

[130]  Id. ¶ 12, Moore Dec. ¶ 7.

[131]  Id. ¶ 12, Moore Dec. ¶ 7.

1  show the relevance of any requests it sought to move on.[133]   Because MGA refused

2  to even attempt to make this showing, there was no possibility of a good faith meet

3  and confer to resolve the parties' disputes.  The Discovery Master should deny

4  MGA's motion with respect to this Request on that grounds alone.

5         Other than those documents that it has produced pursuant to other

6  requests, Mattel will not produce documents responsive to this request.

7  **REQUEST FOR PRODUCTION NO. 783:**

8         Documents identified as Exhibits 31, 32, 33, and 34 in the "Index to

9  Bundle 6 Claimant's Disclosure" (M0097406- M0097408) in <u>Mattel, Inc. v.</u>

10  <u>Woolbro  (Distributors) Ltd. Simba Toys (Hong Kong) Ltd. Simba Toys GMBH Co</u>

11  <u>KG,</u> HC 03 CO 2684 (High Court of Justice, Chancery Division).

12  **RESPONSE TO REQUEST NO. 783:**

13         In addition to the General Objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it seeks documents that are not relevant to this action or likely to lead to the

16  discovery of admissible evidence.  Mattel further objects to this Request on the

17  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

18  and annoy Mattel, including in that it seeks documents on this subject regardless of

19  whether such documents relate to products or matters at issue in this case or time

20  periods at issue in this action.  Mattel further objects to this Request on the grounds

21  that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

22

---

23  [132]   See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.
    [133]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1

    (S.D. Cal. May 14, 2009).

28

1  determining that the requested documents are irrelevant and/or that such requests are
2  improper.  Mattel further objects to this Request on the grounds that it is cumulative,
3  duplicates prior requests and is harassing.  Mattel further objects to this Request on
4  the grounds and to the extent it seeks documents equally or more available to, or
5  already in the possession, custody or control of defendants.  Mattel further objects to
6  this Request to the extent that it calls for the disclosure of information subject to the
7  attorney-client privilege, the attorney work-product doctrine and other applicable
8  privileges.

9         Based on the foregoing, and without waiving the above general and
10  specific objections, Mattel states that, other than those documents that is has
11  produced pursuant to other requests, Mattel will not produce documents responsive
12  to this Request.

13  **AMENDED RESPONSE TO REQUEST NO. 783:**

14         In addition to the General Objections stated above which are
15  incorporated herein by reference, Mattel objects to this Request on the grounds that
16  it seeks documents that are not relevant to this action or likely to lead to the
17  discovery of admissible evidence.  Mattel further objects to this Request on the
18  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass
19  and annoy Mattel, including in that it seeks documents on this subject regardless of
20  whether such documents relate to products or matters at issue in this case or time
21  periods at issue in this action.  Mattel further objects to this Request on the grounds
22  that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order
23  determining that the requested documents are irrelevant and/or that such requests are
24  improper.  Mattel further objects to this Request on the grounds that it is cumulative,
25  duplicates prior requests and is harassing.  Mattel further objects to this Request on
26  the grounds and to the extent it seeks documents equally or more available to, or
27  already in the possession, custody or control of defendants.  Mattel further objects to
28  this Request to the extent that it calls for the disclosure of information subject to the

1   attorney-client privilege, the attorney work-product doctrine and other applicable

2   privileges.

3          Based on the foregoing, and without waiving the above general and

4   specific objections, Mattel states that, other than those documents that is has

5   produced pursuant to other requests, Mattel will not produce documents responsive

6   to this Request.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

9          Mattel refuses to produce documents in response to this request, resting

10  on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,

11  "an objection to part of a request must specify the part and permit inspection of the

12  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

13  for an objection with specificity are routinely rejected in the Central District.  See A.

14  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

15  or boilerplate objections such as 'overly burdensome and harassing' are improper –

16  especially when a party fails to submit any evidentiary declarations supporting such

17  objections").  Accordingly, Mattel must be compelled either to certify that it has

18  produced all non-privileged responsive documents or to produce all such documents

19  by a date certain.

20         To the extent that Mattel is relying on its blanket objections, they are

21  not sustainable and do not justify Mattel's failure to produce documents.

22         As to overbreadth, Mattel provides no explanation, let alone the

23  required particularity, as to *why* this request is supposedly overly broad, nor can it

24  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

25  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26  contrary, the request is narrowly tailored to seek documents concerning a specific

27  litigation involving the "My Scene" products that are the subject of Phase 2 claims

28  and defenses.

1        As to burden, Mattel has not attempted to demonstrate why responding
2   to this request and/or producing responsive documents presents any burden.  This
3   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.,</u>
4   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
5   request is unduly burdensome must allege specific facts which indicate the nature
6   and extent of the burden, usually by affidavit or other reliable evidence.")
7   Moreover, it is not unduly burdensome, as noted above, in that the request is
8   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
9   has engaged in a broad variety of unfair trade practices, from serial copying of
10  MGA products, to threatening retailers and suppliers to cease doing business with
11  MGA, to intimidating employees and industry groups in order to prevent MGA from
12  fairly competing.  MGA is entitled to discovery on these claims.

13       This request does not seek documents protected by the attorney-client
14  privilege, the attorney work product doctrine, or other applicable privileges.  To the
15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16       Mattel objects that the request contains confidential/proprietary/trade
17  secret information.  A Protective Order exists in this case, obviating any concern as
18  to protection of privacy rights and/or commercially sensitive information.

19       Mattel objects that the request is duplicative or subsumed within prior
20  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
21  agree to produce responsive non-privileged documents is not proper based on this
22  objection.

23       Mattel objects that the request is duplicative or subsumed within prior
24  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
25  agree to produce responsive non-privileged documents is not proper based on this
26  objection.

27       Mattel's assertion of intellectual property rights in products that are the
28  subject of Phase 2 against other parties is highly likely to lead to the discovery of

admissible evidence.  This request calls out litigation with a particular party that is likely to have involved many similar issues.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

## MATTEL'S RESPONSE:

Mattel objects to this request because it seeks information irrelevant to the claims and defenses in this case.  Under Rule 26(b)(1), the moving party—here, MGA—bears the initial burden of establishing relevance.[134]  Mattel, Inc. v. Woolbro (Distributors) Ltd., Simba Toys (Hong Kong) Ltd., Simba Toys GMBH & Co KG, a case brought in Great Britain's High Court of Justice, involved different defendants, different infringing products, and foreign law. Indeed, the only link MGA makes with the current case is that both involved "Mattel's assertion of intellectual property rights."  In requesting exhibits from an unrelated foreign case, MGA is engaging in an impermissible fishing expedition.  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expedition.'") Because MGA has failed to show that its request is relevant to a claim or defense,  Mattel's objection should be upheld.

Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking

---

[134]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

discovery has had ample opportunity by discovery in the action to obtain the information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.



---

[135] Pantel Dec. ¶ 10.
[136] Moore Dec. ¶ 5.
[137] Id.
[138] Id.

00505.07975/3161785.1



15    Similarly, there is no basis for overruling Mattel's privilege objection.

16  MGA's bald assertion that "[t]his request does not seek information protected by the

17  attorney-client privilege, the attorney work product doctrine, or other applicable

18  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

19  agreed that "all privileged documents would be logged except for documents created

20  after this action was filed on April 27, 2004."[142]  Thus, to the extent privileged

21  documents fall within the post lawsuit time period, they need not be included on

22  Mattel's log.

---

[139]   Id. at ¶11.
[140]   Id. ¶ 12, Moore Dec. ¶ 7.
[141]   Id. ¶ 12, Moore Dec. ¶ 7.
[142]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing

4  any discovery motion, the moving party shall first identify each dispute, state the

5  relief sought and identify the authority supporting the requested relief in a meet and

6  confer letter that shall be served on all parties by facsimile or electronic mail. The

7  parties shall have five court days from the date of service of that letter to conduct an

8  in-person conference to attempt to resolve the dispute.").  At no point during the

9  meet and confer process did the parties discuss this Request or Mattel's response to

10  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

11  show the relevance of any requests it sought to move on.[143]   Because MGA refused

12  to even attempt to make this showing, there was no possibility of a good faith meet

13  and confer to resolve the parties' disputes.  The Discovery Master should deny

14  MGA's motion with respect to this Request on that grounds alone.

15    Other than those documents that it has produced pursuant to other

16  requests, Mattel will not produce documents responsive to this request.

17  **REQUEST FOR PRODUCTION NO. 784:**

18    All transcripts for each day and/or portion of a day of trial and/or

19  analogous proceeding before the court in Mattel, Inc. v. Woolbro (Distributors) Ltd.

20  Simba¬Toys (Hong Kong) Ltd. Simba Toys GMBH & Co KG, HC 03 CO 2684

21  (High Court of Justice, Chancery Division).

22

23

24

---

25  [143]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

28  (S.D. Cal. May 14, 2009).

**RESPONSE TO REQUEST NO. 784:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order determining that

the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing. Mattel further objects to this Request on the grounds and to the extent it seeks documents equally or more available to, or already in the possession, custody or control of defendants. Mattel further objects to the use of the term "and/or analogous proceeding" in this context as vague and ambiguous. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and specific objections, Mattel states that, other than those documents that is has produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

**AMENDED RESPONSE TO REQUEST NO. 784:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the

1   discovery of admissible evidence.  Mattel further objects to this Request on the

2   grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

3   and annoy Mattel, including in that it seeks documents on this subject regardless of

4   whether such documents relate to products or matters at issue in this case or time

5   periods at issue in this action.  Mattel further objects to this Request on the grounds

6   that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

7   determining that the requested documents are irrelevant and/or that such requests are

8   improper.  Mattel further objects to this Request on the grounds that it is cumulative,

9   duplicates prior requests and is harassing.  Mattel further objects to this Request on

10  the grounds and to the extent it seeks documents equally or more available to, or

11  already in the possession, custody or control of defendants.  Mattel further objects to

12  the use of the term "and/or analogous proceeding" in this context as vague and

13  ambiguous.  Mattel further objects to this Request to the extent that it calls for the

14  disclosure of information subject to the attorney-client privilege, the attorney work-

15  product doctrine and other applicable privileges.

16          Based on the foregoing, and without waiving the above general and

17  specific objections, Mattel states that, other than those documents that is has

18  produced pursuant to other requests, Mattel will not produce documents responsive

19  to this Request.

20  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

21  **TO SHOULD BE COMPELLED**

22          Mattel refuses to produce documents in response to this request, resting

23  on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,

24  "an objection to part of a request must specify the part and permit inspection of the

25  rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

26  for an objection with specificity are routinely rejected in the Central District.  See A.

27  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

28  or boilerplate objections such as 'overly burdensome and harassing' are improper –

1   especially when a party fails to submit any evidentiary declarations supporting such

2   objections").   Accordingly, Mattel must be compelled either to certify that it has

3   produced all non-privileged responsive documents or to produce all such documents

4   by a date certain.

5          To the extent that Mattel is relying on its blanket objections, they are

6   not sustainable and do not justify Mattel's failure to produce documents.

7          As to overbreadth, Mattel provides no explanation, let alone the

8   required particularity, as to *why* this request is supposedly overly broad, nor can it

9   do so.   This objection is therefore improper.   Order No. 17, dated April 14, 2009, at

10  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.   To the

11  contrary, the request is narrowly tailored to seek documents concerning a specific

12  litigation involving the "My Scene" products that are the subject of Phase 2 claims

13  and defenses.

14         As to burden, Mattel has not attempted to demonstrate why responding

15  to this request and/or producing responsive documents presents any burden.   This

16  objection must therefore be rejected.   See Jackson v. Montgomery Ward & Co., Inc.,

17  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.   MGA has alleged that Mattel

22  has engaged in a broad variety of unfair trade practices, from serial copying of

23  MGA products, to threatening retailers and suppliers to cease doing business with

24  MGA, to intimidating employees and industry groups in order to prevent MGA from

25  fairly competing.   MGA is entitled to discovery on these claims.

26         This request does not seek documents protected by the attorney-client

27  privilege, the attorney work product doctrine, or other applicable privileges.   To the

28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1    Mattel objects that the request contains confidential/proprietary/trade
2    secret information.  A Protective Order exists in this case, obviating any concern as
3    to protection of privacy rights and/or commercially sensitive information.

4    Mattel objects that the request is duplicative or subsumed within prior
5    requests but does not identify the allegedly duplicative requests.  Mattel's failure to
6    agree to produce responsive non-privileged documents is not proper based on this
7    objection.

8    Mattel objects that the request is duplicative or subsumed within prior
9    requests but does not identify the allegedly duplicative requests.  Mattel's failure to
10    agree to produce responsive non-privileged documents is not proper based on this
11    objection.

12    Mattel's assertion of intellectual property rights in products that are the
13    subject of Phase 2 against other parties is highly likely to lead to the discovery of
14    admissible evidence.  This request calls out litigation with a particular party that is
15    likely to have involved many similar issues.

16    None of Mattel's improper objections are valid and Mattel is obligated
17    to produce all non-privileged responsive documents in its possession, custody, or
18    control.

19    **MATTEL'S RESPONSE:**

20    Mattel objects to this request because it is overly broad and seeks
21    information irrelevant to the claims and defenses in this case.  Under Rule 26(b)(1),
22    the moving party—here, MGA—bears the initial burden of establishing
23    relevance.[144]  <u>Mattel, Inc. v. Woolbro (Distributors) Ltd., Simba Toys (Hong Kong)</u>

24

25

26

27

28

---

[144]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

Ltd., Simba Toys GMBH & Co KG, a case brought in Great Britain's High Court of Justice, involved different defendants, different infringing products, and foreign law. Indeed, the only link MGA makes with the current case is that both involved "Mattel's assertion of intellectual property rights." In requesting all transcripts from an unrelated foreign case, MGA is engaging in an impermissible fishing expedition. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expedition.'") Because MGA has failed to show that its request is relevant to a claim or defense, Mattel's objection should be upheld.

Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.



---

[145]   Pantel Dec. ¶ 10.



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    [146]   Moore Dec. ¶ 5.

26    [147]   Id.

27    [148]   Id.

28    [149]   Id. at ¶ 11.

1  ██████████████████████████████████

2  ██████████████████████████████████

3  ████████████████████████████████████

4  ████████████████████████████████

5        Similarly, there is no basis for overruling Mattel's privilege objection.

6  MGA's bald assertion that "[t]his request does not seek information protected by the

7  attorney-client privilege, the attorney work product doctrine, or other applicable

8  privileges" has no merit. Moreover, as MGA has itself argued, the parties have

9  agreed that "all privileged documents would be logged except for documents created

10 after this action was filed on April 27, 2004."[152] Thus, to the extent privileged

11 documents fall within the post lawsuit time period, they need not be included on

12 Mattel's log.

13        Finally, MGA failed to meet and confer at all, much less in good faith,

14 regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

15 Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing

16 any discovery motion, the moving party shall first identify each dispute, state the

17 relief sought and identify the authority supporting the requested relief in a meet and

18 confer letter that shall be served on all parties by facsimile or electronic mail. The

19 parties shall have five court days from the date of service of that letter to conduct an

20 in-person conference to attempt to resolve the dispute."). At no point during the

21 meet and confer process did the parties discuss this Request or Mattel's response to

22 it. In order to engage in a meaningful meet and confer, MGA had the burden to

23

24
_____

25    [150]  Id. ¶ 12, Moore Dec. ¶ 7.
      [151]  Id. ¶ 12, Moore Dec. ¶ 7.

26    [152]  See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1 | show the relevance of any requests it sought to move on.[153]   Because MGA refused

2 | to even attempt to make this showing, there was no possibility of a good faith meet

3 | and confer to resolve the parties' disputes.  The Discovery Master should deny

4 | MGA's motion with respect to this Request on that grounds alone.

5 |        Other than those documents that it has produced pursuant to other

6 | requests, Mattel will not produce documents responsive to this request.

7 | **REQUEST FOR PRODUCTION NO. 786:**

8 |        All DOCUMENTS REFERRING OR RELATING TO the Young and

9 | Rubicam Brand Asset Valuator, or any other valuation of the BARBIE, MY SCENE

10 | or BRATZ brand.

11 | **RESPONSE TO REQUEST NO. 786:**

12 |        In addition to the General Objections stated above which are

13 | incorporated herein by reference, Mattel objects to this Request on the grounds that

14 | it seeks documents that are not relevant to this action or likely to lead to the

15 | discovery of admissible evidence.  Mattel further objects to this Request on the

16 | grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

17 | and annoy Mattel, including in that it seeks documents on this subject regardless of

18 | whether such documents relate to products or matters at issue in this case or time

19 | periods at issue in this action.  Mattel further objects to this Request on the grounds

20 | that it is cumulative, duplicates prior requests and is harassing.  Mattel further

21 | objects to this Request on the grounds that it seeks confidential, proprietary and

22 | trade secret information, including such information that has no bearing on the

23 | claims or defenses in this case.  Mattel further objects to this Request on the grounds

24 |

25 | [153]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26 | Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27 | burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28 |

1   that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

2   determining that the requested documents are irrelevant and/or that such requests are

3   improper.

4            Mattel further objects to the use of the term "Young and Rubicam

5   Brand Asset Valuator" in this context as vague and ambiguous.  Mattel further

6   objects to this Request on the grounds it is convoluted, compound and unintelligible.

7   Mattel further objects to this Request to the extent that it calls for the disclosure of

8   information subject to the attorney-client privilege, the attorney work-product

9   doctrine and other applicable privileges.

10           Based on the foregoing, and without waiving the above general and

11   specific objections, Mattel states that, other than those documents that is has

12   produced pursuant to other requests, Mattel will not produce documents responsive

13   to this Request.

14   **AMENDED RESPONSE TO REQUEST NO. 786:**

15           In addition to the General Objections stated above which are

16   incorporated herein by reference, Mattel objects to this Request on the grounds that

17   it seeks documents that are not relevant to this action or likely to lead to the

18   discovery of admissible evidence.  Mattel further objects to this Request on the

19   grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

20   and annoy Mattel, including in that it seeks documents on this subject regardless of

21   whether such documents relate to products or matters at issue in this case or time

22   periods at issue in this action.  Mattel further objects to this Request on the grounds

23   that it is cumulative, duplicates prior requests and is harassing.  Mattel further

24   objects to this Request on the grounds that it seeks confidential, proprietary and

25   trade secret information, including such information that has no bearing on the

26   claims or defenses in this case.  Mattel further objects to this Request on the grounds

27   that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

28   determining that the requested documents are irrelevant and/or that such requests are

improper.  Mattel further objects to the use of the term "Young and Rubicam Brand Asset Valuator" in this context as vague and ambiguous.  Mattel further objects to this Request on the grounds it is convoluted, compound and unintelligible.

Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and specific objections, Mattel states that, other than those documents that is has produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

1          As to overbreadth, Mattel provides no explanation, let alone the

2    required particularity, as to *why* this request is supposedly overly broad, nor can it

3    do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

4    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5    contrary, the request is narrowly tailored to seek documents concerning valuation of

6    Barbie, MY SCENE or BRATZ brands.

7          As to burden, Mattel has not attempted to demonstrate why responding

8    to this request and/or producing responsive documents presents any burden.  This

9    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

10   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11   request is unduly burdensome must allege specific facts which indicate the nature

12   and extent of the burden, usually by affidavit or other reliable evidence.")

13   Moreover, it is not unduly burdensome, as noted above, in that the request is

14   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

15   has engaged in a broad variety of unfair trade practices including serial copying of

16   MGA products, dilution, and unfair competition.  MGA is entitled to discovery on

17   these claims.

18         This request does not seek documents protected by the attorney-client

19   privilege, the attorney work product doctrine, or other applicable privileges.  To the

20   extent that Mattel contends that it does, Mattel must provide a privilege log.

21         Mattel objects that the request contains confidential, proprietary and

22   trade secret information.  A Protective Order exists in this case, obviating any

23   concern as to protection of privacy rights and/or commercially sensitive

24   information.

25         Mattel objects that the request is duplicative or subsumed within prior

26   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

27   agree to produce responsive non-privileged documents is not proper based on this

28   objection.

1    Mattel's objection that this Request is an attempt to circumvent the
2  Discovery Master's May 22, 2007 order is unwarranted.  That order is inapposite to
3  this Request, which is much narrower than those considered irrelevant and/or
4  improper by the court.  This request is narrowly tailored to documents regarding one
5  specific topic, namely valuation of "MY SCENE," "Barbie," and BRATZ.
6    As for relevancy, Mattel has not attempted to demonstrate why the
7  information sought in response to this request is not discoverable in phase 2 .  On
8  the contrary, MGA has an unfair competition claim based on Mattel's serial copying
9  of MGA products.  Mattel's "MY SCENE" is an example of one such accused
10  Mattel product line.  MGA has alleged that Mattel's acts were intentional and
11  willful.  Documents related to valuation of "MY SCENE,"
12    "Barbie," and BRATZ are highly relevant to MGA's claims and
13  defenses, including MGA's claims that when Mattel's products began to fail, it
14  began to copy MGA's successful products and are discoverable in Phase 2.
15    None of Mattel's improper objections are valid and Mattel is obligated
16  to produce all non-privileged responsive documents in its possession, custody, or
17  control.

18  **MATTEL'S RESPONSE:**
19    Mattel objects to this request on the grounds that MGA has failed to
20  show that it is relevant to a claim or defense in this case.  Under Rule 26(b)(1), the
21  moving party bears the initial burden of establishing relevance.[154]  It is unclear from
22  the face of the request why a marketing "valuation" from Young & Rubicam Brands
23  is relevant to claims or defenses in this case.  MGA's emotionally-charged
24
25  _____
26  [154]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
     Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1
     (S.D. Cal. May 14, 2009).
28

1 | explanation--that the survey would somehow show that "Mattel's products began to
2 | fail"--is insufficient to show that its request is relevant.

3 |        Mattel also objects to this request on the grounds that it is vague and
4 | unintelligible. Particularly, Mattel objects to the use of the term "valuation" in the
5 | context of this request. MGA asks for "[a]ll DOCUMENTS REFERRING OR
6 | RELATING TO ... any other valuation of the BARBIE, MY SCENE, or BRATZ
7 | brand" without specifying what constitutes a "valuation." Undefined, a "valuation"
8 | could encompass any number of measurements or opinions, scientific or informal,
9 | about any aspect of Barbie, My Scene or Bratz. Because MGA's discovery request
10 | is too vague to guide a reasonable search, Mattel's objection should be upheld.

11 |        Mattel also objects to this request on the grounds that it is foreclosed by
12 | the Discovery Master's May 22, 2007 Order.[155] In that order, the Discovery Master
13 | found similar requests by MGA for information supporting its serial copying claims
14 | to be irrelevant and/or overbroad. Mattel's objection should be upheld because it
15 | rests on the same overbreadth arguments underlying the Discovery Master's prior
16 | ruling.

17 |        Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides
18 | that a Court should limit the extent of discovery if it determines that the burden of
19 | the proposed discovery outweighs its likely benefit; the discovery sought is
20 | unreasonably cumulative or duplicative, or is obtainable from some other source that
21 | is more convenient, less burdensome, or less expensive; or the party seeking
22 | discovery has had ample opportunity by discovery in the action to obtain the
23 | information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and
24 | producing the documents responsive to this overbroad Request would greatly
25 | outweigh any marginal benefit to MGA, for the following reasons.

26
27
28

-123-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   [155]   See May 22, 2007 Order Granting in Part and Denying in Part MGA's
25   Motion to Compel at 16-17, Dart Decl., Exh. 5.

26   [156]   Pantel Dec. ¶ 10.

27   [157]   Moore Dec. ¶ 5.

28   [158]   Id.
[159]   Id.



13   Similarly, there is no basis for overruling Mattel's privilege objection.

14 MGA's bald assertion that "[t]his request does not seek information protected by the

15 attorney-client privilege, the attorney work product doctrine, or other applicable

16 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

17 agreed that "all privileged documents would be logged except for documents created

18 after this action was filed on April 27, 2004."[163]  Thus, to the extent privileged

19 documents fall within the post lawsuit time period, they need not be included on

20 Mattel's log.

21   Finally, MGA failed to meet and confer at all, much less in good faith,

22 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

---

[160]  Id. at ¶ 11.
[161]  Id. ¶ 12, Moore Dec. ¶ 7.
[162]  Id. ¶ 12, Moore Dec. ¶ 7.
[163]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1 Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing

2 any discovery motion, the moving party shall first identify each dispute, state the

3 relief sought and identify the authority supporting the requested relief in a meet and

4 confer letter that shall be served on all parties by facsimile or electronic mail. The

5 parties shall have five court days from the date of service of that letter to conduct an

6 in-person conference to attempt to resolve the dispute."). At no point during the

7 meet and confer process did the parties discuss this Request or Mattel's response to

8 it. In order to engage in a meaningful meet and confer, MGA had the burden to

9 show the relevance of any requests it sought to move on.[164]   Because MGA refused

10 to even attempt to make this showing, there was no possibility of a good faith meet

11 and confer to resolve the parties' disputes. The Discovery Master should deny

12 MGA's motion with respect to this Request on that grounds alone.

13          Other than those documents that it has produced pursuant to other

14 requests, Mattel will not produce documents responsive to this request.

15 **REQUEST FOR PRODUCTION NO. 787:**

16          All DOCUMENTS REFERRING OR RELATING to any survey, focus

17 group, consumer research or other market research (whether conducted by

18 MATTEL or any third party) concerning MY SCENE, BRATZ, or BARBIE,

19 including but not limited to the focus groups discussed on page 114 of the

20 deposition of Kumi Croom and the consumer research conducted by Mattel

21 Worldwide Consumer Research group (or any third party) discussed beginning on

22 page 132 of the deposition of Kumi Croom.

23

24

---

25 [164]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26 Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

**RESPONSE TO REQUEST NO. 787:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the use of the term "survey, focus group, consumer research or other market research" in this context as vague and ambiguous. Mattel further objects to this Request on the grounds it is convoluted, compound and unintelligible. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and specific objections, Mattel states that, other than those documents that is has produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

**AMENDED RESPONSE TO REQUEST NO. 787:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that

it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action.  Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to the use of the term "survey, focus group, consumer research or other market research" in this context as vague and ambiguous.  Mattel further objects to this Request on the grounds it is convoluted, compound and unintelligible.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and specific objections, Mattel states that, other than those documents that is has produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules

1  of Civil Procedure, "an objection to part of a request must specify the part and
2  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
3  fail to explain the basis for an objection with specificity are routinely rejected in the
4  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
5  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
6  harassing' are improper – especially when a party fails to submit any evidentiary
7  declarations supporting such objections").  Accordingly, Mattel must be compelled
8  either to certify that it has produced all non-privileged responsive documents or to
9  produce all such documents by a date certain.
10         To the extent that Mattel is relying on its blanket objections, they are
11  not sustainable and do not justify Mattel's failure to produce documents.
12         As to overbreadth, Mattel provides no explanation, let alone the
13  required particularity, as to *why* this request is supposedly overly broad, nor can it
14  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
15  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
16  contrary, the request is narrowly tailored to seek documents regarding surveys,
17  focus groups, consumer research or other market research concerning My Scene,
18  Bratz or Barbie.
19         As to burden, Mattel has not attempted to demonstrate why responding
20  to this request and/or producing responsive documents presents any burden.  This
21  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
22  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
23  request is unduly burdensome must allege specific facts which indicate the nature
24  and extent of the burden, usually by affidavit or other reliable evidence.")
25  Moreover, it is not unduly burdensome, as noted above, in that the request is
26  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
27  has engaged in various unfair trade practices, from serial copying of MGA products,
28  to threatening retailers and suppliers to cease doing business with MGA, to

00505.07975/3161785.1

1  intimidating employees and industry groups in order to prevent MGA from fairly

2  competing, and Mattel's market research practices regarding Barbie and her

3  competitors, including Bratz, is directly relevant to these claims.  Mattel has also

4  accused MGA of copyright infringement, RICO violations, misappropriation of

5  trade secrets, intentional interference with contract, aiding and abetting breach of

6  fiduciary duty and duty of loyalty, conversion, and unfair competition, largely based

7  on Mattel's theory that MGA induced former Mattel employees to steal confidential

8  market research from Mattel.  Evidence of what market research Mattel possessed,

9  and when it was obtained, is therefore directly relevant to these claims by Mattel.

10         Mattel objects that the request is duplicative or subsumed within prior

11  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

12  agree to produce responsive non-privileged documents is not proper based on this

13  objection.

14         Mattel objects that the request contains confidential, proprietary and

15  trade secret information.  A Protective Order exists in this case, obviating any

16  concern as to protection of privacy rights and/or commercially sensitive

17  information.

18         Mattel cites to the May 22, 2007 order, but that order is inapposite to

19  this request, which is much narrower than those considered irrelevant and/or

20  improper by the court.  Specifically, the request is narrowly tailored to documents

21  regarding surveys, focus groups, consumer research or other market research

22  concerning three specific product lines, namely My Scene, Bratz and Barbie.

23         The terms "survey, focus group, consumer research or other market

24  research" are well known and commonly used industry terms, and are in no way

25  vague or ambiguous.  Mattel also fails to explain *how* these basic terms are vague or

26  ambiguous.  This objection is therefore improper.  Order No. 17, dated April 14,

27  2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.

28  Ex. 58.  Similarly, Mattel's objection that this straight-forward and clearly worded

00505.07975/3161785.1

-130-

1  request is "convoluted, compound and unintelligible" is unexplained, lacks any
2  basis, and is improper.

3      This request does not seek documents protected by the attorney-client
4  privilege, the attorney work product doctrine, or other applicable privileges.  To the
5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6      None of Mattel's improper objections are valid and Mattel is obligated
7  to produce all non-privileged responsive documents in its possession, custody, or
8  control.

9  **MATTEL'S RESPONSE:**

10     Mattel objects to this request on the grounds that it is overly broad.
11  The Discovery Master has previously ruled that "[t]he Federal Rules of Civil
12  Procedure do not permit MGA to use broad discovery requests untethered to any
13  claim or defense." Order Granting in Part and Denying in Part Mattel's Motion for
14  protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007, at 6-7,
15  Dart Decl., Exh. 1.  See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364
16  F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of
17  discovery to engage in 'fishing expeditions.'").

18     MGA argues that its request is relevant to "Mattel's theory that MGA
19  induced former Mattel employees to steal confidential market research from
20  Mattel." However, MGA does not request information regarding what confidential
21  market research was stolen, but seeks all of Mattel's market research, with no
22  temporal limitations, irrespective of whether it was stolen or not. MGA's request is
23  not tailored to seeking relevant information and therefore is overbroad.

24

25

26

27

28

Mattel also objects to this request on the grounds that it is foreclosed by the Discovery Master's May 22, 2007 Order.[165]  In that order, the Discovery Master found similar requests by MGA for information supporting its serial copying claims to be irrelevant and/or overbroad. Mattel's objection should be upheld because it rests on the same overbreadth arguments underlying the Discovery Master's prior ruling.

Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.



---

[165]   See May 22, 2007 Order Granting in Part and Denying in Part MGA's Motion to Compel at 16-17, Dart Decl., Exh. 5.

[166]   Pantel Dec. ¶ 10.



[167] Moore Dec. ¶ 5.

[168] Id.

[169] Id.

[170] Id. at ¶11.

1  ████████████████████████████████████

2  ████████████████████████████████

3          Similarly, there is no basis for overruling Mattel's privilege objection.

4  MGA's bald assertion that "[t]his request does not seek information protected by the

5  attorney-client privilege, the attorney work product doctrine, or other applicable

6  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7  agreed that "all privileged documents would be logged except for documents created

8  after this action was filed on April 27, 2004."[173]  Thus, to the extent privileged

9  documents fall within the post lawsuit time period, they need not be included on

10  Mattel's log.

11          Finally, MGA failed to meet and confer at all, much less in good faith,

12  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

13  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing

14  any discovery motion, the moving party shall first identify each dispute, state the

15  relief sought and identify the authority supporting the requested relief in a meet and

16  confer letter that shall be served on all parties by facsimile or electronic mail. The

17  parties shall have five court days from the date of service of that letter to conduct an

18  in-person conference to attempt to resolve the dispute.").  At no point during the

19  meet and confer process did the parties discuss this Request or Mattel's response to

20  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

21  show the relevance of any requests it sought to move on.[174]   Because MGA refused

22

23      [171]  Id. ¶ 12, Moore Dec. ¶ 7.
24      [172]  Id. ¶ 12, Moore Dec. ¶ 7.
25      [173]  See Order Denying Mattel's Motion for Protective Order Limiting the
        Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
26      3.
27      [174]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
        Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
28          (footnote continued)

1  to even attempt to make this showing, there was no possibility of a good faith meet

2  and confer to resolve the parties' disputes.  The Discovery Master should deny

3  MGA's motion with respect to this Request on that grounds alone.

4          Other than those documents that it has produced pursuant to other

5  requests, Mattel will not produce documents responsive to this request.

6  **REQUEST FOR PRODUCTION NO. 788:**

7          All ad test reports (or other similar reports evaluating the efficacy of

8  advertising) regarding any MY SCENE or BRATZ product, including but not

9  limited to the ad test reports referenced on pages 118-129 of the deposition of Kumi

10  Croom.

11  **RESPONSE TO REQUEST NO. 788:**

12          In addition to the General Objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it seeks documents that are not relevant to this action or likely to lead to the

15  discovery of admissible evidence.  Mattel further objects to this Request on the

16  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

17  and annoy Mattel, including in that it seeks documents on this subject regardless of

18  whether such documents relate to products or matters at issue in this case or time

19  periods at issue in this action.  Mattel further objects to this Request on the grounds

20  that it is cumulative, duplicates prior requests and is harassing.  Mattel further

21  objects to this Request on the grounds that it seeks confidential, proprietary and

22  trade secret information, including such information that has no bearing on the

23  claims or defenses in this case.  Mattel further objects to this Request on the grounds

24  that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

25  determining that the requested documents are irrelevant and/or that such requests are

26  _____

27  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1

28      (footnote continued)

1   improper.  Mattel further objects to the use of the term "ad test reports (or other

2   similar reports evaluating the efficacy of advertising)" in this context as vague and

3   ambiguous.  Mattel further objects to this Request on the grounds it is convoluted,

4   compound and unintelligible.  Mattel further objects to this Request to the extent

5   that it calls for the disclosure of information subject to the attorney-client privilege,

6   the attorney work-product doctrine and other applicable privileges.

7          Based on the foregoing, and without waiving the above general and

8   specific objections, Mattel states that, other than those documents that is has

9   produced pursuant to other requests, Mattel will not produce documents responsive

10   to this Request.

11   **AMENDED RESPONSE TO REQUEST NO. 788:**

12          In addition to the General Objections stated above which are

13   incorporated herein by reference, Mattel objects to this Request on the grounds that

14   it seeks documents that are not relevant to this action or likely to lead to the

15   discovery of admissible evidence.  Mattel further objects to this Request on the

16   grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

17   and annoy Mattel, including in that it seeks documents on this subject regardless of

18   whether such documents relate to products or matters at issue in this case or time

19   periods at issue in this action.  Mattel further objects to this Request on the grounds

20   that it is cumulative, duplicates prior requests and is harassing.  Mattel further

21   objects to this Request on the grounds that it seeks confidential, proprietary and

22   trade secret information, including such information that has no bearing on the

23   claims or defenses in this case.  Mattel further objects to this Request on the grounds

24   that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

25   determining that the requested documents are irrelevant and/or that such requests are

26

27   (S.D. Cal. May 14, 2009).

28

improper. Mattel further objects to the use of the term "ad test reports (or other similar reports evaluating the efficacy of advertising)" in this context as vague and ambiguous. Mattel further objects to this Request on the grounds it is convoluted, compound and unintelligible. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and specific objections, Mattel states that, other than those documents that is has produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

1    As to overbreadth, Mattel provides no explanation, let alone the

2  required particularity, as to *why* this request is supposedly overly broad, nor can it

3  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

4  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5  contrary, the request is narrowly tailored to seek ad test reports, or other similar

6  reports evaluating the efficacy of advertising, regarding any My Scene or Bratz

7  product.

8    As to burden, Mattel has not attempted to demonstrate why responding

9  to this request and/or producing responsive documents presents any burden.  This

10  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

11  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12  request is unduly burdensome must allege specific facts which indicate the nature

13  and extent of the burden, usually by affidavit or other reliable evidence.")

14  Moreover, it is not unduly burdensome, as noted above, in that the request is

15  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16  has engaged in various unfair trade practices, from serial copying of MGA products,

17  to threatening retailers and suppliers to cease doing business with MGA, to

18  intimidating employees and industry groups in order to prevent MGA from fairly

19  competing, and Mattel's ad test reports and other reports evaluating the efficacy of

20  Mattel's advertising regarding Mattel's infringing My Scene products and MGA's

21  Bratz is directly relevant to these claims.  Mattel has also accused MGA of

22  copyright infringement, RICO violations, misappropriation of trade secrets,

23  intentional interference with contract, aiding and abetting breach of fiduciary duty

24  and duty of loyalty, conversion, and unfair competition, largely based on Mattel's

25  theory that MGA induced former Mattel employees to steal confidential market

26  research from Mattel.  Evidence of what ad test reports and other such reports

27  Mattel possessed, and when it was obtained, is therefore directly relevant to these

28  claims by Mattel.

1     Mattel objects that the request is duplicative or subsumed within prior
2  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
3  agree to produce responsive non-privileged documents is not proper based on this
4  objection.

5     Mattel objects that the request contains confidential, proprietary and
6  trade secret information.  A Protective Order exists in this case, obviating any
7  concern as to protection of privacy rights and/or commercially sensitive
8  information.

9     Mattel cites to the May 22, 2007 order, but that order is inapposite to
10 this request, which is much narrower than those considered irrelevant and/or
11 improper by the court.  Specifically, the request is narrowly tailored to seek ad test
12 reports, or other similar reports evaluating the efficacy of advertising, regarding My
13 Scene or Bratz products.

14    The term "ad test reports" is a well known and commonly used industry
15 term, and are in no way vague or ambiguous.  Similarly, the request for "other
16 similar reports evaluating the efficacy of advertising," is clear and straight forward,
17 and is in no way vague or ambiguous.  Mattel also fails to explain *how* these basic
18 terms are vague or ambiguous.  This objection is therefore improper.  Order No. 17,
19 dated April 14, 2009, at 20 (overruling objections not stated with specificity),
20 Rutowski Decl. Ex. 58.  Similarly, Mattel's objection that this straight-forward and
21 clearly worded request is "convoluted, compound and unintelligible" is unexplained,
22 lacks any basis, and is improper.

23    This request does not seek documents protected by the attorney-client
24 privilege, the attorney work product doctrine, or other applicable privileges.  To the
25 extent that Mattel contends that it does, Mattel must provide a privilege log.

26    None of Mattel's improper objections are valid and Mattel is obligated
27 to produce all non-privileged responsive documents in its possession, custody, or
28 control.

**MATTEL'S RESPONSE:**

Mattel objects to this request on the grounds that MGA has failed to show that it is relevant to a claim or defense in this case. Under Rule 26(b)(1), the moving party bears the initial burden of establishing relevance.[175] It is unclear from the face of the request why Mattel's ad test reports are relevant to claims or defenses in this case. While MGA presents a long laundry list of claims and defenses in this case, it noticeably fails to explain why its request is relevant to any of them. A bald assertion by MGA that its request is relevant is not enough to discharge its burden. Because MGA has failed to show that its request is relevant to a claim or defense, Mattel's objection should be upheld.

Mattel also objects to this request on the grounds that it is foreclosed by the Discovery Master's May 22, 2007 Order.[176] In that order, the Discovery Master found similar requests by MGA for information supporting its serial copying claims to be irrelevant and/or overbroad. Mattel's objection should be upheld because it rests on the same overbreadth arguments underlying the Discovery Master's prior ruling.

Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the

---

[175]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[176]   See May 22, 2007 Order Granting in Part and Denying in Part MGA's Motion to Compel at 16-17, Dart Decl., Exh. 5.

1   information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
2   producing the documents responsive to this overbroad Request would greatly
3   outweigh any marginal benefit to MGA, for the following reasons.



177   Pantel Dec. ¶ 10.
178   Moore Dec. ¶ 5.
179   Id.
180   Id.



15    Similarly, there is no basis for overruling Mattel's privilege objection.

16 MGA's bald assertion that "[t]his request does not seek information protected by the

17 attorney-client privilege, the attorney work product doctrine, or other applicable

18 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

19 agreed that "all privileged documents would be logged except for documents created

20 after this action was filed on April 27, 2004."[184]  Thus, to the extent privileged

21 documents fall within the post lawsuit time period, they need not be included on

22 Mattel's log.

---

[181]  Id. at ¶11.

[182]  Id. ¶ 12, Moore Dec. ¶ 7.

[183]  Id. ¶ 12, Moore Dec. ¶ 7.

[184]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1      Finally, MGA failed to meet and confer at all, much less in good faith,

2   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3   Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing

4   any discovery motion, the moving party shall first identify each dispute, state the

5   relief sought and identify the authority supporting the requested relief in a meet and

6   confer letter that shall be served on all parties by facsimile or electronic mail. The

7   parties shall have five court days from the date of service of that letter to conduct an

8   in-person conference to attempt to resolve the dispute.").  At no point during the

9   meet and confer process did the parties discuss this Request or Mattel's response to

10  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

11  show the relevance of any requests it sought to move on.[185]   Because MGA refused

12  to even attempt to make this showing, there was no possibility of a good faith meet

13  and confer to resolve the parties' disputes.  The Discovery Master should deny

14  MGA's motion with respect to this Request on that grounds alone.

15      Other than those documents that it has produced pursuant to other

16  requests, Mattel will not produce documents responsive to this request.

17  **REQUEST FOR PRODUCTION NO. 789:**

18      All DOCUMENTS REFERRING OR RELATING TO any

19  investigation or surveillance of MGA, BRATZ, Carter Bryant, any member of

20  Carter Bryant's family, Isaac Larian, any member of Isaac Larian's family, Jeanne

21  Galvano, or Richard Irmen, including but not limited to all investigative files,

22  reports and summaries.

23

24

_____

25  [185]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

    (S.D. Cal. May 14, 2009).

28

**RESPONSE TO REQUEST NO. 789:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the use of the terms "any investigation or surveillance of," "any member of Carter Bryan's family," and "any member of Isaac Larian's family" in this context as vague and ambiguous. Mattel further objects to this Request on the grounds it is convoluted, compound and unintelligible. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and specific objections, Mattel states that, other than those documents that is has produced pursuant to other requests Mattel will not produce documents responsive to this Request.

**AMENDED RESPONSE TO REQUEST NO. 789:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the use of the terms "any investigation or surveillance of," "any member of Carter Bryan's family," and "any member of Isaac Larian's family" in this context as vague and ambiguous. Mattel further objects to this Request on the grounds it is convoluted, compound and unintelligible. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and specific objections, Mattel states that, other than those documents that is has produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents in response to this request, standing on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. Rather it seeks information regarding the factual basis of Mattel's knowledge of the claims at issue. To the extent that Mattel contends that it does seek privileged information, Mattel must provide a privilege log.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests. Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

This request seeks information concerning Mattel's first knowledge of the claims at issue in Phase 2, and its efforts to investigate those claims. The information sought in response to this request is discoverable insofar as it relates to MGA's defenses based on statute of limitations and laches. It is also relevant to

1   mitigation of damages.  Moreover, MGA has alleged that Mattel has

2   engaged in a broad variety of unfair trade practices, from serial copying of MGA

3   products, to threatening retailers and suppliers to cease doing business with MGA,

4   to intimidating employees and industry groups in order to prevent MGA from fairly

5   competing.  MGA is entitled to discovery on these claims.

6   None of Mattel's improper objections are valid and Mattel is obligated

7   to produce all non-privileged responsive documents in its possession, custody, or

8   control.

9   **MATTEL'S RESPONSE:**

10   Mattel objects to this request on the grounds that MGA has failed to

11   show that it is relevant to a claim or defense in this case.  Under Rule 26(b)(1), the

12   moving party bears the initial burden of establishing relevance.[186]  It is unclear from

13   the face of the request why Mattel's alleged investigations are relevant in this case.

14   MGA first suggests that this information may be relevant to its statute of limitations

15   defense; this defense has already waived. MGA then presents a long laundry list of

16   other claims and defenses in this case; however, it noticably fails to explain why its

17   request is relevant to any of them. Because MGA has failed to show that its request

18   is relevant to a claim or defense,  Mattel's objection should be upheld.

19   Mattel also objects to this request on the grounds that it is foreclosed by

20   the Discovery Master's May 22, 2007 Order.[187]  In that order, the Discovery Master

21   found similar requests by MGA for information supporting its serial copying claims

22   to be irrelevant and/or overbroad. Mattel's objection should be upheld because it

23

24   [186]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
25   Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
     burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
26   (S.D. Cal. May 14, 2009).

27   [187]   See May 22, 2007 Order Granting in Part and Denying in Part MGA's
     Motion to Compel at 16-17, Dart Decl., Exh. 5.

28

1  rests on the same overbreadth arguments underlying the Discovery Master's prior

2  ruling.

3        Further, this Request is unduly burdensome. <u>Rule</u> 26(b)(2)(c) provides

4  that a Court should limit the extent of discovery if it determines that the burden of

5  the proposed discovery outweighs its likely benefit; the discovery sought is

6  unreasonably cumulative or duplicative, or is obtainable from some other source that

7  is more convenient, less burdensome, or less expensive; or the party seeking

8  discovery has had ample opportunity by discovery in the action to obtain the

9  information sought. <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c). The burden of locating and

10  producing the documents responsive to this overbroad Request would greatly

11  outweigh any marginal benefit to MGA, for the following reasons.



---

[188] Pantel Dec. ¶ 10.
[189] Moore Dec. ¶ 5.

-148-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21          Similarly, there is no basis for overruling Mattel's privilege objection.

22  MGA's bald assertion that "[t]his request does not seek information protected by the

23  attorney-client privilege, the attorney work product doctrine, or other applicable

24  _____

25  [190]  Id.

26  [191]  Id.
      [192]  Id. at ¶11.

27  [193]  Id. ¶ 12, Moore Dec. ¶ 7.

28

1   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
2   agreed that "all privileged documents would be logged except for documents created
3   after this action was filed on April 27, 2004."[195]  Thus, to the extent privileged
4   documents fall within the post lawsuit time period, they need not be included on
5   Mattel's log.

6           Finally, MGA failed to meet and confer at all, much less in good faith,
7   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
8   Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing
9   any discovery motion, the moving party shall first identify each dispute, state the
10  relief sought and identify the authority supporting the requested relief in a meet and
11  confer letter that shall be served on all parties by facsimile or electronic mail. The
12  parties shall have five court days from the date of service of that letter to conduct an
13  in-person conference to attempt to resolve the dispute.").  At no point during the
14  meet and confer process did the parties discuss this Request or Mattel's response to
15  it.  In order to engage in a meaningful meet and confer, MGA had the burden to
16  show the relevance of any requests it sought to move on.[196]   Because MGA refused
17  to even attempt to make this showing, there was no possibility of a good faith meet
18  and confer to resolve the parties' disputes.  The Discovery Master should deny
19  MGA's motion with respect to this Request on that grounds alone.

20          Other than those documents that it has produced pursuant to other
21  requests, Mattel will not produce documents responsive to this request.

22

23  [194]  Id. ¶ 12, Moore Dec. ¶ 7.
24  [195]  See Order Denying Mattel's Motion for Protective Order Limiting the
    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
25  3.
26  [196]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
    Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27      (footnote continued)

28

**REQUEST FOR PRODUCTION NO. 790:**

All DOCUMENTS REFERRING OR RELATING TO any interpretation by Mattel, or position taken by MATTEL regarding the meaning, of the EMPLOYEE INVENTIONS AGREEMENT.

**RESPONSE TO REQUEST NO. 790:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's September 12, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the Request on the grounds that Defendants have withdrawn all defenses relating to the enforceability or unenforceability of Carter Bryant's agreements with Mattel. Mattel further objects to the use of the terms "any interpretation by," "position taken by," "regarding the meaning, [sic] of" and "EMPLOYEE INVENTIONS AGREEMENT" in this context as vague and ambiguous. Mattel further objects to this Request on the grounds it is convoluted,

---

burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
  (footnote continued)

1 | compound and unintelligible.  Mattel further objects to this Request to the extent

2 | that it calls for the disclosure of information subject to the attorney-client privilege,

3 | the attorney work-product doctrine and other applicable privileges.

4 |       Based on the foregoing, and without waiving the above general and

5 | specific objections, Mattel states that, other than those documents that is has

6 | produced pursuant to other requests, Mattel will not produce documents responsive

7 | to this Request.

8 | **AMENDED RESPONSE TO REQUEST NO. 790:**

9 |       In addition to the General Objections stated above which are

10 | incorporated herein by reference, Mattel objects to this Request on the grounds that

11 | it seeks documents that are not relevant to this action or likely to lead to the

12 | discovery of admissible evidence.  Mattel further objects to this Request on the

13 | grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

14 | and annoy Mattel, including in that it seeks documents on this subject regardless of

15 | whether such documents relate to products or matters at issue in this case or time

16 | periods at issue in this action.  Mattel further objects to this Request on the grounds

17 | that it is cumulative, duplicates prior requests and is harassing.  Mattel further

18 | objects to this Request on the grounds that it seeks confidential, proprietary and

19 | trade secret information, including such information that has no bearing on the

20 | claims or defenses in this case.  Mattel further objects to this Request on the grounds

21 | that it is an attempt to circumvent the Discovery Master's September 12, 2007 Order

22 | determining that the requested documents are irrelevant and/or that such requests are

23 | improper.  Mattel further objects to the Request on the grounds that Defendants have

24 | withdrawn all defenses relating to the enforceability or unenforceability of Carter

25 | Bryant's agreements with Mattel.  Mattel further objects to the use of the terms "any

26 |

27 | (S.D. Cal. May 14, 2009).

28 |

1  interpretation by," "position taken by," "regarding the meaning, [sic] of" and

2  "EMPLOYEE INVENTIONS AGREEMENT" in this context as vague and

3  ambiguous.  Mattel further objects to this Request on the grounds it is convoluted,

4  compound and unintelligible.  Mattel further objects to this Request to the extent

5  that it calls for the disclosure of information subject to the attorney-client privilege,

6  the attorney work-product doctrine and other applicable privileges.

7          Based on the foregoing, and without waiving the above general and

8  specific objections, Mattel states that, other than those documents that is has

9  produced pursuant to other requests, Mattel will not produce documents responsive

10  to this Request.

11  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

12  **TO SHOULD BE COMPELLED**

13          Mattel has not agreed to produce documents in response to this request,

14  subject to its improper boilerplate objections.  Mattel has refused to confirm whether

15  or not it has produced all non-privileged responsive documents or whether it is

16  withholding documents based on its objections in Phase 2.  Under the Federal Rules

17  of Civil Procedure, "an objection to part of a request must specify the part and

18  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

19  fail to explain the basis for an objection with specificity are routinely rejected in the

20  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

21  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

22  harassing' are improper – especially when a party fails to submit any evidentiary

23  declarations supporting such objections").  Accordingly, Mattel must be compelled

24  either to certify that it has produced all non-privileged responsive documents or to

25  produce all such documents by a date certain.

26          To the extent that Mattel is relying on its blanket objections, they are

27  not sustainable and do not justify Mattel's failure to produce documents.

28

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning Mattel's interpretation of Mattel's Employee Inventions Agreement.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, including intimidating employees through the use of oppressive employment agreements and releases, in order to prevent MGA from fairly competing. Mattel has also accused MGA of multiple claims based in whole or in part on alleged breaches of Mattel's Employee Inventions Agreement by former Mattel employees, including Misappropriation of Trade Secrets, Breach of Contract, Intentional Interference with Contract, Breach of Fiduciary Duty, Aiding and Abetting Breach of Fiduciary Duty, Breach of Duty of Loyalty, Aiding and Abetting Breach of Duty of Loyalty, and Conversion. MGA is entitled to discovery on these claims, including discovery relevant to Mattel's interpretation of the Employee Inventions Agreement.

Mattel objects that the request is duplicative and harassing, but does not identify the allegedly duplicative requests or any specific reason why these requests are harassing. Mattel's failure to agree to produce responsive non- privileged documents is not proper based on this objection.

1   Mattel objects that the request contains confidential, proprietary and
2   trade secret information.  A Protective Order exists in this case, obviating any
3   concern as to protection of privacy rights and/or commercially sensitive
4   information.

5   Mattel's objection that this Request is an attempt to circumvent the
6   Discovery Master's September 12, 2007 order is unwarranted, as this request seeks
7   documents related to Mattel's interpretation of a specific Mattel document.

8   The terms "any interpretation by," "position taken by," and "regarding
9   the meaning of" are straight forward and in no way vague or ambiguous, and Mattel
10   does not explain how the terms are in any way vague or ambiguous.

11   Litigation in this case has extensively involved Mattel's "Employee
12   Inventions Agreement."  There is nothing vague or ambiguous about this term, and
13   Mattel's objection to the contrary is disingenuous and grounds for sanctions.

14   This request does not seek documents protected by the attorney-client
15   privilege, the attorney work product doctrine, or other applicable privileges.  To the
16   extent that Mattel contends that it does, Mattel must provide a privilege log.

17   None of Mattel's improper objections are valid and Mattel is obligated
18   to produce all non-privileged responsive documents in its possession, custody, or
19   control.

20   **MATTEL'S RESPONSE:**

21   Mattel objects to this request on the grounds that it is an attempt to
22   circumvent the Discovery Master's September 12, 2007 Order.[197]  In that order, the
23   Discovery Master found MGA's request for all documents referring or relating to
24   Mattel's employee inventions agreements to be overbroad, and so he narrowed the

25

26   _____

27   [197]   See Order Granting in Part and Denying in Part MGA's Motion to Compel,
dated September 12, 2007, at 12-14, Dart Decl., Exh. 9.

28

1 request to agreements "Mattel alleges to exist between Mattel and Bryant."[198]  It is

2 improper for MGA to attempt to circumvent the Discovery Master's prior ruling and

3 relitigate this issue by requesting interpretations of employee inventions agreements

4 not relating to Bryant.

5         Mattel objects to this request on the grounds that MGA has failed to

6 show that it is relevant to a claim or defense in this case.  Under Rule 26(b)(1), the

7 moving party bears the initial burden of establishing relevance.[199]  It is unclear from

8 the face of the request why Mattel's "interpretation" of the employee inventions

9 agreement is relevant to claims or defenses in this case. Rather than explain why its

10 request is relevant, however, MGA merely asserts that it is. This is not enough to

11 meet its burden.  Because MGA has failed to show that its request is relevant to a

12 claim or defense,  Mattel's objection should be upheld.

13         Mattel also objects to this request on the grounds that the terms

14 "referring or relating to any interpretation by Mattel, or position taken by Mattel

15 regarding the meaning, [sic] of" as used in this request are vague, ambiguous, and

16 overbroad.  It is entirely unclear what kinds of documents would fall into the

17 category of an "interpretation" of or "position" regarding the employee inventions

18 agreement.  Furthermore, any document involving an employment inventions

19 agreement could somehow "relate to" Mattel's so-called "interpretation" or

20 "position."  However, the Discovery Master already ruled that MGA is not entitled

21

22

23

24

_____

25 [198]  Id.

26 [199]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  to all documents involving an employment inventions agreement in his September

2  12, 2007 Order.[200]Therefore, Mattel's objection should be upheld.

3       Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

4  that a Court should limit the extent of discovery if it determines that the burden of

5  the proposed discovery outweighs its likely benefit; the discovery sought is

6  unreasonably cumulative or duplicative, or is obtainable from some other source that

7  is more convenient, less burdensome, or less expensive; or the party seeking

8  discovery has had ample opportunity by discovery in the action to obtain the

9  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

10  producing the documents responsive to this overbroad Request would greatly

11  outweigh any marginal benefit to MGA, for the following reasons.



[200]  See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated September 12, 2007, at 12-14, Dart Decl., Exh. 9.

[201]  Pantel Dec. ¶ 10.

[202]  Moore Dec. ¶ 5.



Similarly, there is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the

---

203  <u>Id.</u>
204  <u>Id.</u>
205  <u>Id.</u> at ¶11.
206  <u>Id.</u> ¶ 12, Moore Dec. ¶ 7.

attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[208] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").  At no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.  In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[209]   Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

---

[207]  Id. ¶ 12, Moore Dec. ¶ 7.
[208]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.
[209]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

1    Other than those documents that it has produced pursuant to other
2    requests, Mattel will not produce documents responsive to this request.

3    **REQUEST FOR PRODUCTION NO. 791:**

4    All DOCUMENTS REFERRING OR RELATING TO any
5    interpretation by Mattel, or position taken by MATTEL regarding the meaning, of
6    the CONFLICT OF INTEREST QUESTIONNAIRE.

7    **RESPONSE TO REQUEST NO. 791:**

8    In addition to the General Objections stated above which are
9    incorporated herein by reference, Mattel objects to this Request on the grounds that
10   it seeks documents that are not relevant to this action or likely to lead to the
11   discovery of admissible evidence.  Mattel further objects to this Request on the
12   grounds that it is overbroad, oppressive, unduly burdensome and intended to harass
13   and annoy Mattel, including in that it seeks documents on this subject regardless of
14   whether such documents relate to products or matters at issue in this case or time
15   periods at issue in this action.  Mattel further objects to this Request on the grounds
16   that it is cumulative, duplicates prior requests and is harassing.  Mattel further
17   objects to this Request on the grounds that it seeks confidential, proprietary and
18   trade secret information, including such information that has no bearing on the
19   claims or defenses in this case.  Mattel further objects to this Request on the grounds
20   that it is an attempt to circumvent the Discovery Master's September 12, 2007 Order
21   determining that the requested documents are irrelevant and/or that such requests are
22   improper.  Mattel further objects to the Request on the grounds that Defendants have
23   withdrawn all defenses relating to the enforceability or unenforceability of Carter
24   Bryant's agreements with Mattel.  Mattel further objects to the use of the terms "any
25   interpretation by," "position taken by," "regarding the meaning, [sic] of" and
26   "CONFLICT OF INTEREST QUESTIONNAIRE" in this context as vague and
27   ambiguous.  Mattel further objects to this Request on the grounds it is convoluted,
28   compound and unintelligible.  Mattel further objects to this Request to the extent

1  that it calls for the disclosure of information subject to the attorney-client privilege,

2  the attorney work-product doctrine and other applicable privileges.

3        Based on the foregoing, and without waiving the above general and

4  specific objections, Mattel states that, other than those documents that is has

5  produced pursuant to other requests, Mattel will not produce documents responsive

6  to this Request.

7  **AMENDED RESPONSE TO REQUEST NO. 791:**

8        In addition to the General Objections stated above which are

9  incorporated herein by reference, Mattel objects to this Request on the grounds that

10  it seeks documents that are not relevant to this action or likely to lead to the

11  discovery of admissible evidence.  Mattel further objects to this Request on the

12  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

13  and annoy Mattel, including in that it seeks documents on this subject regardless of

14  whether such documents relate to products or matters at issue in this case or time

15  periods at issue in this action.  Mattel further objects to this Request on the grounds

16  that it is cumulative, duplicates prior requests and is harassing.  Mattel further

17  objects to this Request on the grounds that it seeks confidential, proprietary and

18  trade secret information, including such information that has no bearing on the

19  claims or defenses in this case.  Mattel further objects to this Request on the grounds

20  that it is an attempt to circumvent the Discovery Master's September 12, 2007 Order

21  determining that the requested documents are irrelevant and/or that such requests are

22  improper.  Mattel further objects to the Request on the grounds that Defendants have

23  withdrawn all defenses relating to the enforceability or unenforceability of Carter

24  Bryant's agreements with Mattel.  Mattel further objects to the use of the terms "any

25  interpretation by," "position taken by," "regarding the meaning, [sic] of" and

26  "CONFLICT OF INTEREST QUESTIONNAIRE" in this context as vague and

27  ambiguous.  Mattel further objects to this Request on the grounds it is convoluted,

28  compound and unintelligible.  Mattel further objects to this Request to the extent

1 | that it calls for the disclosure of information subject to the attorney-client privilege,
2 | the attorney work-product doctrine and other applicable privileges.

3 |      Based on the foregoing, and without waiving the above general and
4 | specific objections, Mattel states that, other than those documents that is has
5 | produced pursuant to other requests, Mattel will not produce documents responsive
6 | to this Request.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

     Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

     To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

     As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

1  contrary, the request is narrowly tailored to seek documents concerning Mattel's
2  interpretation of Mattel's Conflict of Interest Questionnaire.

3           As to burden, Mattel has not attempted to demonstrate why responding
4  to this request and/or producing responsive documents presents any burden.  This
5  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
6  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
7  request is unduly burdensome must allege specific facts which indicate the nature
8  and extent of the burden, usually by affidavit or other reliable evidence.")
9  Moreover, it is not unduly burdensome, as noted above, in that the request is
10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
11  has engaged in a broad variety of unfair trade practices, including intimidating
12  employees through the use of oppressive employment agreements and releases, in
13  order to prevent MGA from fairly competing.  Mattel has also accused MGA of
14  multiple claims based in whole or in part on alleged breaches of Mattel's Conflict of
15  Interest Questionnaire by former Mattel employees, including Misappropriation of
16  Trade Secrets, Breach of Contract, Intentional Interference with Contract, Breach of
17  Fiduciary Duty, Aiding and Abetting Breach of Fiduciary Duty, Breach of Duty of
18  Loyalty, Aiding and Abetting Breach of Duty of Loyalty, and Conversion.  MGA is
19  entitled to discovery on these claims, including discovery relevant to Mattel's
20  interpretation of the Conflict of Interest Questionnaire.

21           Mattel objects that the request is duplicative and harassing, but does not
22  identify the allegedly duplicative requests or any specific reason why these requests
23  are harassing.  Mattel's failure to agree to produce responsive non- privileged
24  documents is not proper based on this objection.

25           Mattel objects that the request contains confidential, proprietary and
26  trade secret information.  A Protective Order exists in this case, obviating any
27  concern as to protection of privacy rights and/or commercially sensitive
28  information.

1   Mattel's objection that this Request is an attempt to circumvent the
2   Discovery Master's September 12, 2007 order is unwarranted, as this request seeks
3   documents related to Mattel's interpretation of a specific Mattel document.

4   The terms "any interpretation by," "position taken by," and "regarding
5   the meaning of" are straight forward and in no way vague or ambiguous, and Mattel
6   does not explain how the terms are in any way vague or ambiguous.

7   Litigation in this case has extensively involved Mattel's " Conflict of
8   Interest Questionnaire." There is nothing vague or ambiguous about this term, and
9   Mattel's objection to the contrary is disingenuous and grounds for sanctions.

10   This request does not seek documents protected by the attorney-client
11   privilege, the attorney work product doctrine, or other applicable privileges. To the
12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13   None of Mattel's improper objections are valid and Mattel is obligated
14   to produce all non-privileged responsive documents in its possession, custody, or
15   control.

16   **MATTEL'S RESPONSE:**

17   Mattel objects to this request on the grounds that it is an attempt to
18   circumvent the Discovery Master's September 12, 2007 Order.[210] In that order, the
19   Discovery Master found MGA's request for all documents referring or relating to
20   Mattel's conflict of interest questionnaire to be overbroad, and so he narrowed the
21   request to agreements "Mattel alleges to exist between Mattel and Bryant."[211] It is
22   improper for MGA to attempt to circumvent the Discovery Master's prior ruling and
23   relitigate this issue by requesting interpretations of conflict of interest questionnaires
24   not relating to Bryant.

25   _____

26   [210]   See Order Granting in Part and Denying in Part MGA's Motion to Compel,
27   dated September 12, 2007, at 12-14, Dart Decl., Exh. 9.
      [211]   Id.
28

Mattel objects to this request on the grounds that MGA has failed to show that it is relevant to a claim or defense in this case. Under Rule 26(b)(1), the moving party bears the initial burden of establishing relevance.[212] It is unclear from the face of the request why Mattel's "interpretation" of the conflict of interest questionnaire is relevant to claims or defenses in this case. Rather than explain why its request is relevant, however, MGA merely asserts that it is. This is not enough to meet its burden. Because MGA has failed to show that its request is relevant to a claim or defense, Mattel's objection should be upheld.

Mattel also objects to this request on the grounds that the terms "referring or relating to any interpretation by Mattel, or position taken by Mattel regarding the meaning, [sic] of" as used in this request are vague, ambiguous, and overbroad. It is entirely unclear what kinds of documents would fall into the category of an "interpretation" of or "position" regarding the conflict of interest questionnaire. Furthermore, any document involving a conflict of interest questionnaire could somehow "relate to" Mattel's so-called "interpretation" or "position." However, the Discovery Master already ruled that MGA is not entitled to all documents involving a conflict of interest questionnaire in his September 12, 2007 Order.[213] Therefore, Mattel's objection should be upheld.

Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that

---

[212]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[213]   See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated September 12, 2007, at 12-14, Dart Decl., Exh. 9.

1  is more convenient, less burdensome, or less expensive; or the party seeking

2  discovery has had ample opportunity by discovery in the action to obtain the

3  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

4  producing the documents responsive to this overbroad Request would greatly

5  outweigh any marginal benefit to MGA, for the following reasons.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  [214]  Pantel Dec. ¶ 10.

27  [215]  Moore Dec. ¶ 5.

28  [216]  Id.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16



17           Similarly, there is no basis for overruling Mattel's privilege objection.

18   MGA's bald assertion that "[t]his request does not seek information protected by the

19   attorney-client privilege, the attorney work product doctrine, or other applicable

20   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

21   agreed that "all privileged documents would be logged except for documents created

22

23

24   _____

25   217  Id.

26   218  Id. at ¶11.

27   219  Id. ¶ 12, Moore Dec. ¶ 7.
     220  Id. ¶ 12, Moore Dec. ¶ 7.
28

1  after this action was filed on April 27, 2004."[221]  Thus, to the extent privileged
2  documents fall within the post lawsuit time period, they need not be included on
3  Mattel's log.

4            Finally, MGA failed to meet and confer at all, much less in good faith,
5  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
6  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing
7  any discovery motion, the moving party shall first identify each dispute, state the
8  relief sought and identify the authority supporting the requested relief in a meet and
9  confer letter that shall be served on all parties by facsimile or electronic mail. The
10  parties shall have five court days from the date of service of that letter to conduct an
11  in-person conference to attempt to resolve the dispute.").  At no point during the
12  meet and confer process did the parties discuss this Request or Mattel's response to
13  it.  In order to engage in a meaningful meet and confer, MGA had the burden to
14  show the relevance of any requests it sought to move on.[222]   Because MGA refused
15  to even attempt to make this showing, there was no possibility of a good faith meet
16  and confer to resolve the parties' disputes.  The Discovery Master should deny
17  MGA's motion with respect to this Request on that grounds alone.

18        Other than those documents that it has produced pursuant to other requests,
19  Mattel will not produce documents responsive to this request.

20
21
22
_____

23  [221]   See Order Denying Mattel's Motion for Protective Order Limiting the
24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
25  3.
    [222]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).
28

1 **REQUEST FOR PRODUCTION NO. 792:**

2         All DOCUMENTS REFERRING OR RELATING TO any trademark

3 search or trademark clearance concerning products ultimately offered for sale under

4 the MY SCENE brand, including but not limited to any trademark search for

5 "Bryant" or "Carter" or "Carter Bryant."

6 **RESPONSE TO REQUEST NO. 792:**

7         In addition to the General Objections stated above which are

8 incorporated herein by reference, Mattel objects to this Request on the grounds that

9 it seeks documents that are not relevant to this action or likely to lead to the

10 discovery of admissible evidence.  Mattel further objects to this Request on the

11 grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

12 and annoy Mattel, including in that it seeks documents on this subject regardless of

13 whether such documents relate to products or matters at issue in this case or time

14 periods at issue in this action.  Mattel further objects to this Request on the grounds

15 that it is cumulative, duplicates prior requests and is harassing.  Mattel further

16 objects to this Request on the grounds that it seeks confidential, proprietary and

17 trade secret information, including such information that has no bearing on the

18 claims or defenses in this case.  Mattel further objects to this Request on the grounds

19 that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

20 determining that the requested documents are irrelevant and/or that such requests are

21 improper.  Mattel further objects to the use of the term "concerning products

22 ultimately offered for sale" in this context as vague and ambiguous.  Mattel further

23 objects to this Request on the grounds it is convoluted, compound and unintelligible.

24 Mattel further objects to this Request to the extent that it calls for the disclosure of

25 information subject to the attorney-client privilege, the attorney work-product

26 doctrine and other applicable privileges.

27         Based on the foregoing, and without waiving the above general and

28 specific objections, Mattel states that, other than those documents that is has

1  produced pursuant to other requests, Mattel will not produce documents responsive
2  to this Request.

3  **AMENDED RESPONSE TO REQUEST NO. 792:**

4        In addition to the General Objections stated above which are
5  incorporated herein by reference, Mattel objects to this Request on the grounds that
6  it seeks documents that are not relevant to this action or likely to lead to the
7  discovery of admissible evidence.  Mattel further objects to this Request on the
8  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass
9  and annoy Mattel, including in that it seeks documents on this subject regardless of
10 whether such documents relate to products or matters at issue in this case or time
11 periods at issue in this action.  Mattel further objects to this Request on the grounds
12 that it is cumulative, duplicates prior requests and is harassing.  Mattel further
13 objects to this Request on the grounds that it seeks confidential, proprietary and
14 trade secret information, including such information that has no bearing on the
15 claims or defenses in this case.  Mattel further objects to this Request on the grounds
16 that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order
17 determining that the requested documents are irrelevant and/or that such requests are
18 improper.  Mattel further objects to the use of the term "concerning products
19 ultimately offered for sale" in this context as vague and ambiguous.  Mattel further
20 objects to this Request on the grounds it is convoluted, compound and unintelligible.
21 Mattel further objects to this Request to the extent that it calls for the disclosure of
22 information subject to the attorney-client privilege, the attorney work-product
23 doctrine and other applicable privileges.

24        Based on the foregoing, and without waiving the above general and
25 specific objections, Mattel states that, other than those documents that is has
26 produced pursuant to other requests, Mattel will not produce documents responsive
27 to this Request.

28

1    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2    **TO SHOULD BE COMPELLED**

3    Mattel has not agreed to produce documents in response to this request.

4    Mattel has refused to confirm whether or not it has produced all non-privileged

5    responsive documents or whether it is withholding documents based on its

6    objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to

7    part of a request must specify the part and permit inspection of the rest." Fed. R.

8    Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

9    with specificity are routinely rejected in the Central District.  See A. Farber and

10   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

11   boilerplate objections such as 'overly burdensome and harassing' are improper —

12   especially when a party fails to submit any evidentiary declarations supporting such

13   objections").  Accordingly, Mattel must be compelled either to certify that it has

14   produced all non-privileged responsive documents or to produce all such documents

15   by a date certain.

16   To the extent that Mattel is relying on its blanket objections, they are

17   not sustainable and do not justify Mattel's failure to produce documents.

18   As to overbreadth, Mattel provides no explanation, let alone the

19   required particularity, as to *why* this request is supposedly overly broad, nor can it

20   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

21   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

22   contrary, the request is narrowly tailored to seek documents concerning any

23   trademark search or trademark clearance concerning products ultimately offered for

24   sale under the My Scene brand.

25   As to burden, Mattel has not attempted to demonstrate why responding

26   to this request and/or producing responsive documents presents any burden.  This

27   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

28   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1  request is unduly burdensome must allege specific facts which indicate the nature

2  and extent of the burden, usually by affidavit or other reliable evidence.")

3  Moreover, it is not unduly burdensome, as noted above, in that the request is

4  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

5  has engaged in a broad variety of unfair trade practices, including serial copying of

6  MGA products.  MGA is entitled to discovery on these claims.

7         This request does not seek documents protected by the attorney-client

8  privilege, the attorney work product doctrine, or other applicable privileges.  To the

9  extent that Mattel contends that it does, Mattel must provide a privilege log.

10        Mattel objects that the request contains confidential, proprietary and

11  trade secret information.  A Protective Order exists in this case, obviating any

12  concern as to protection of privacy rights and/or commercially sensitive

13  information.

14        Mattel objects that the request is duplicative or subsumed within prior

15  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

16  agree to produce responsive non-privileged documents is not proper based on this

17  objection.

18        Mattel also objects to this request on relevance grounds.  MGA has

19  alleged claims of unfair competition based on Mattel's serial copying and imitation

20  of MGA's products.  As such, documents relating to any trademark search or

21  trademark clearance concerning products sold under the My Scene brand are highly

22  relevant and likely to lead to the discovery of admissible evidence.

23        None of Mattel's improper objections are valid and Mattel is obligated

24  to produce all non-privileged responsive documents in its possession, custody, or

25  control.

26  **MATTEL'S RESPONSE:**

27        Mattel objects to this request on the grounds that MGA has failed to

28  show that it is relevant to a claim or defense in this case.  Under Rule 26(b)(1), the

moving party bears the initial burden of establishing relevance.[223]  It is unclear from the face of the request why trademark searches are relevant to claims or defenses in this case. Rather than explain why its request is relevant, however, MGA merely asserts that it is. This is not enough to meet its burden.  Because MGA has failed to show that its request is relevant to a claim or defense,  Mattel's objection should be upheld.

Mattel also objects to this request on the grounds that it is foreclosed by the Discovery Master's May 22, 2007 Order.[224]  In that order, the Discovery Master found similar requests by MGA for information supporting its serial copying claims to be irrelevant and/or overbroad. Mattel's objection should be upheld because it rests on the same overbreadth arguments underlying the Discovery Master's prior ruling.

Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.

---

[223]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[224]   See May 22, 2007 Order Granting in Part and Denying in Part MGA's Motion to Compel at 16-17, Dart Decl., Exh. 5.



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   [225]  Pantel Dec. ¶ 10.

26   [226]  Moore Dec. ¶ 5.

27   [227]  <u>Id.</u>

28   [228]  <u>Id.</u>



1
2
3
4
5
6
7
8
9
10

11      Similarly, there is no basis for overruling Mattel's privilege objection.

12  MGA's bald assertion that "[t]his request does not seek information protected by the

13  attorney-client privilege, the attorney work product doctrine, or other applicable

14  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

15  agreed that "all privileged documents would be logged except for documents created

16  after this action was filed on April 27, 2004."[232]  Thus, to the extent privileged

17  documents fall within the post lawsuit time period, they need not be included on

18  Mattel's log.

19      Finally, MGA failed to meet and confer at all, much less in good faith,

20  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

21  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing

22  any discovery motion, the moving party shall first identify each dispute, state the

23  ──────────────

24  [229]  Id. at ¶11.
25  [230]  Id. ¶ 12, Moore Dec. ¶ 7.
        [231]  Id. ¶ 12, Moore Dec. ¶ 7.
26  [232]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.
28

1  relief sought and identify the authority supporting the requested relief in a meet and

2  confer letter that shall be served on all parties by facsimile or electronic mail. The

3  parties shall have five court days from the date of service of that letter to conduct an

4  in-person conference to attempt to resolve the dispute."). At no point during the

5  meet and confer process did the parties discuss this Request or Mattel's response to

6  it. In order to engage in a meaningful meet and confer, MGA had the burden to

7  show the relevance of any requests it sought to move on.[233] Because MGA refused

8  to even attempt to make this showing, there was no possibility of a good faith meet

9  and confer to resolve the parties' disputes. The Discovery Master should deny

10  MGA's motion with respect to this Request on that grounds alone.

11        Other than those documents that it has produced pursuant to other

12  requests, Mattel will not produce documents responsive to this request.

13  **REQUEST FOR PRODUCTION NO. 793:**

14        All DOCUMENTS REFERRING OR RELATING TO any patent,

15  trademark, or copyright application or registration concerning products ultimately

16  offered for sale under the MY SCENE brand.

17  **RESPONSE TO REQUEST NO. 793:**

18        In addition to the General Objections stated above which are

19  incorporated herein by reference, Mattel objects to this Request on the grounds that

20  it seeks documents that are not relevant to this action or likely to lead to the

21  discovery of admissible evidence. Mattel further objects to this Request on the

22  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

23  and annoy Mattel, including in that it seeks documents on this subject regardless of

24  _____

25  [233]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

   (S.D. Cal. May 14, 2009).

28

1  whether such documents relate to products or matters at issue in this case or time

2  periods at issue in this action.  Mattel further objects to this Request on the grounds

3  that it is cumulative, duplicates prior requests and is harassing.  Mattel further

4  objects to this Request on the grounds that it seeks confidential, proprietary and

5  trade secret information, including such information that has no bearing on the

6  claims or defenses in this case.  Mattel further objects to this Request on the grounds

7  that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

8  determining that the requested documents are irrelevant and/or that such requests are

9  improper.

10      Mattel further objects to the use of the term "concerning products

11  ultimately offered for sale" in this context as vague and ambiguous.  Mattel further

12  objects to this Request on the grounds it is convoluted, compound and unintelligible.

13  Mattel further objects to this Request to the extent that it calls for the disclosure of

14  information subject to the attorney-client privilege, the attorney work-product

15  doctrine and other applicable privileges.

16      Based on the foregoing, and without waiving the above general and

17  specific objections, Mattel states that, other than those documents that is has

18  produced pursuant to other requests, Mattel will not produce documents responsive

19  to this Request.

20  **AMENDED RESPONSE TO REQUEST NO. 793:**

21      In addition to the General Objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the grounds that

23  it seeks documents that are not relevant to this action or likely to lead to the

24  discovery of admissible evidence.  Mattel further objects to this Request on the

25  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

26  and annoy Mattel, including in that it seeks documents on this subject regardless of

27  whether such documents relate to products or matters at issue in this case or time

28  periods at issue in this action.  Mattel further objects to this Request on the grounds

1  that it is cumulative, duplicates prior requests and is harassing.  Mattel further

2  objects to this Request on the grounds that it seeks confidential, proprietary and

3  trade secret information, including such information that has no bearing on the

4  claims or defenses in this case.  Mattel further objects to this Request on the grounds

5  that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

6  determining that the requested documents are irrelevant and/or that such requests are

7  improper.  Mattel further objects to the use of the term "concerning products

8  ultimately offered for sale" in this context as vague and ambiguous.  Mattel further

9  objects to this Request on the grounds it is convoluted, compound and unintelligible.

10 Mattel further objects to this Request to the extent that it calls for the disclosure of

11 information subject to the attorney-client privilege, the attorney work-product

12 doctrine and other applicable privileges.

13        Based on the foregoing, and without waiving the above general and

14 specific objections, Mattel states that, other than those documents that is has

15 produced pursuant to other requests, Mattel will not produce documents responsive

16 to this Request.

17 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

18 **TO SHOULD BE COMPELLED**

19        Mattel refuses to produce documents in response to this request.  Under

20 the Federal Rules of Civil Procedure, "an objection to part of a request must specify

21 the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

22 objections that fail to explain the basis for an objection with specificity are routinely

23 rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234

24 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

25 burdensome and harassing' are improper – especially when a party fails to submit

26 any evidentiary declarations supporting such objections").  Accordingly, Mattel

27 must be compelled either to certify that it has produced all non-privileged

28 responsive documents or to produce all such documents by a date certain.

1   To the extent that Mattel is relying on its blanket objections, they are

2   not sustainable and do not justify Mattel's failure to produce documents.

3   As to overbreadth, Mattel provides no explanation, let alone the

4   required particularity, as to *why* this request is supposedly overly broad, nor can it

5   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

6   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

7   contrary, the request is narrowly tailored to seek documents concerning any

8   copyright, patent or trademark application or registration concerning products

9   ultimately offered for sale under the "My Scene" brand.

10   As to burden, Mattel has not attempted to demonstrate why responding

11   to this request and/or producing responsive documents presents any burden. This

12   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

13   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14   request is unduly burdensome must allege specific facts which indicate the nature

15   and extent of the burden, usually by affidavit or other reliable evidence.")

16   Moreover, it is not unduly burdensome, as noted above, in that the request is

17   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

18   has engaged in a broad variety of unfair trade practices, including serial copying of

19   MGA products. MGA is entitled to discovery on these claims.

20   This request does not seek documents protected by the attorney-client

21   privilege, the attorney work product doctrine, or other applicable privileges. To the

22   extent that Mattel contends that it does, Mattel must provide a privilege log.

23   Mattel objects that the request contains confidential, proprietary and

24   trade secret information. A Protective Order exists in this case, obviating any

25   concern as to protection of privacy rights and/or commercially sensitive

26   information.

27   Mattel objects that the request is duplicative or subsumed within prior

28   requests but does not identify the allegedly duplicative requests. Mattel's failure to

1  agree to produce responsive non-privileged documents is not proper based on this
2  objection.

3         Mattel also objects to this request on relevance grounds. MGA has
4  alleged claims of unfair competition based on Mattel's serial copying and imitation
5  of MGA's products. As such, documents relating to any copyright, trademark, or
6  patent application or registration concerning products sold under the "My Scene"
7  brand are highly relevant and likely to lead to the discovery of admissible evidence.

8         None of Mattel's improper objections are valid and Mattel is obligated
9  to produce all non-privileged responsive documents in its possession, custody, or
10  control.

11  **MATTEL'S RESPONSE:**

12         Mattel objects to this request on the grounds that MGA has failed to
13  show that it is relevant to a claim or defense in this case. Under Rule 26(b)(1), the
14  moving party bears the initial burden of establishing relevance.[234] It is unclear from
15  the face of the request why patent, trademark, or copyright applications are relevant
16  to claims or defenses in this case. Rather than explain why its request is relevant,
17  however, MGA merely asserts that it is. This is not enough to meet its burden.
18  Because MGA has failed to show that its request is relevant to a claim or defense,
19  Mattel's objection should be upheld.

20         Mattel also objects to this request on the grounds that it is foreclosed by
21  the Discovery Master's May 22, 2007 Order.[235] In that order, the Discovery Master
22  found similar requests by MGA for information supporting its serial copying claims

23

24  [234] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
25  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
     burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
26  (S.D. Cal. May 14, 2009).

27  [235] See May 22, 2007 Order Granting in Part and Denying in Part MGA's
     Motion to Compel, Dart Decl., Exh. 5.

28

1  to be irrelevant and/or overbroad. Mattel's objection should be upheld because it

2  rests on the same overbreadth arguments underlying the Discovery Master's prior

3  ruling.

4          Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides

5  that a Court should limit the extent of discovery if it determines that the burden of

6  the proposed discovery outweighs its likely benefit; the discovery sought is

7  unreasonably cumulative or duplicative, or is obtainable from some other source that

8  is more convenient, less burdensome, or less expensive; or the party seeking

9  discovery has had ample opportunity by discovery in the action to obtain the

10 information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and

11 producing the documents responsive to this overbroad Request would greatly

12 outweigh any marginal benefit to MGA, for the following reasons.



13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  [236]  Pantel Dec. ¶ 10.

28



21       Similarly, there is no basis for overruling Mattel's privilege objection.

22  MGA's bald assertion that "[t]his request does not seek information protected by the

23  _____

24  [237]  Moore Dec. ¶ 5.
25  [238]  Id.
    [239]  Id.
26  [240]  Id. at ¶11.
    [241]  Id. ¶ 12, Moore Dec. ¶ 7.
27  [242]  Id. ¶ 12, Moore Dec. ¶ 7.

28

attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[243]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").  At no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.  In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[244]  Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

---

[243]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

[244]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

1  Other than those documents that it has produced pursuant to other
2  requests, Mattel will not produce documents responsive to this request.
3  **REQUEST FOR PRODUCTION NO. 794:**
4  All DOCUMENTS REFERRING OR RELATING TO any patent,
5  trademark or copyright application or registration concerning any BRATZ product,
6  including but not limited to the ALLEGED COPYRIGHTED WORKS.
7  **RESPONSE TO REQUEST NO. 794:**
8  In addition to the General Objections stated above which are
9  incorporated herein by reference, Mattel objects to this Request on the grounds that
10  it seeks documents that are not relevant to this action or likely to lead to the
11  discovery of admissible evidence.  Mattel further objects to this Request on the
12  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass
13  and annoy Mattel, including in that it seeks documents on this subject regardless of
14  whether such documents relate to products or matters at issue in this case or time
15  periods at issue in this action.  Mattel further objects to this Request on the grounds
16  that it is cumulative, duplicates prior requests and is harassing.  Mattel further
17  objects to this Request on the grounds that it seeks confidential, proprietary and
18  trade secret information, including such information that has no bearing on the
19  claims or defenses in this case.  Mattel further objects to this Request on the grounds
20  that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order
21  determining that the requested documents are irrelevant and/or that such requests are
22  improper.  Mattel further objects to this Request on the grounds it is convoluted,
23  compound and unintelligible.  Mattel further objects to this Request to the extent
24  that it calls for the disclosure of information subject to the attorney-client privilege,
25  the attorney work-product doctrine and other applicable privileges.
26  Based on the foregoing, and without waiving the above general and
27  specific objections, Mattel states that, other than those documents that is has
28

1  produced pursuant to other requests, Mattel will not produce documents responsive
2  to this Request.

3  **AMENDED RESPONSE TO REQUEST NO. 794:**

4  In addition to the General Objections stated above which are
5  incorporated herein by reference, Mattel objects to this Request on the grounds that
6  it seeks documents that are not relevant to this action or likely to lead to the
7  discovery of admissible evidence.  Mattel further objects to this Request on the
8  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass
9  and annoy Mattel, including in that it seeks documents on this subject regardless of
10 whether such documents relate to products or matters at issue in this case or time
11 periods at issue in this action.  Mattel further objects to this Request on the grounds
12 that it is cumulative, duplicates prior requests and is harassing.  Mattel further
13 objects to this Request on the grounds that it seeks confidential, proprietary and
14 trade secret information, including such information that has no bearing on the
15 claims or defenses in this case.  Mattel further objects to this Request on the grounds
16 that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order
17 determining that the requested documents are irrelevant and/or that such requests are
18 improper.  Mattel further objects to this Request on the grounds it is convoluted,
19 compound and unintelligible.  Mattel further objects to this Request to the extent
20 that it calls for the disclosure of information subject to the attorney-client privilege,
21 the attorney work-product doctrine and other applicable privileges.

22 Based on the foregoing, and without waiving the above general and
23 specific objections, Mattel states that, other than those documents, that is has
24 produced pursuant to other requests, Mattel will not produce documents responsive
25 to this Request.

26
27
28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents in response to this request, standing on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek information in Mattel's possession, custody, or control regarding Mattel's knowledge of Bratz packaging and advertising.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")

1    Moreover, it is not unduly burdensome, as noted above, in that the

2    request is narrowly tailored to seek only discoverable evidence.  MGA has alleged

3    that Mattel has engaged in a broad variety of unfair trade practices, from trade dress

4    infringement to serial copying of MGA products and advertising.  Mattel asserts

5    trade secret rights in "Bratz."  Thus, any attempts by Mattel to apply for patent,

6    trademark or copyright protection are tailored to the parties' claims and defenses.

7    This request does not seek documents protected by the attorney-client

8    privilege, the attorney work product doctrine, or other applicable privileges.  To the

9    extent that Mattel contends that it does, Mattel must provide a privilege log.

10    Mattel objects that the request contains confidential/proprietary/trade

11    secret information.  A Protective Order exists in this case, obviating any concern as

12    to protection of privacy rights and/or commercially sensitive information.

13    Mattel objects that the request is duplicative or subsumed within prior

14    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

15    produce responsive non-privileged documents is not proper based on this objection.

16    Mattel's objection that the documents sought are not relevant is

17    unfounded.  Documents that show Mattel did or did not seek patent, trademark or

18    copyright protection in Bratz is relevant to MGA's affirmative claims, Mattel's claim

19    of purported trade secrets in Bratz, and MGA's defenses.  The May 22, 2007 order is

20    inapposite because this request specifically seeks patent, trademark or copyright

21    application or registration relating to Bratz.

22    None of Mattel's improper objections are valid and Mattel is obligated

23    to produce all non-privileged responsive documents in its possession, custody or

24    control.

25

26

27

28

**MATTEL'S RESPONSE:**

Mattel objects to this request on the grounds that MGA has failed to show that it is relevant to a claim or defense in this case.  Under Rule 26(b)(1), the moving party bears the initial burden of establishing relevance.[245]  It is unclear from the face of the request why patent, trademark, or copyright applications are relevant to claims or defenses in this case. Rather than explain why its request is relevant, however, MGA merely asserts that it is. This is not enough to meet its burden. Because MGA has failed to show that its request is relevant to a claim or defense, Mattel's objection should be upheld.

Mattel also objects to this request on the grounds that it is foreclosed by the Discovery Master's May 22, 2007 Order.[246]  In that order, the Discovery Master found similar requests by MGA for information supporting its serial copying claims to be irrelevant and/or overbroad. Mattel's objection should be upheld because it rests on the same overbreadth arguments underlying the Discovery Master's prior ruling.

Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

---

[245]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[246]   See May 22, 2007 Order Granting in Part and Denying in Part MGA's Motion to Compel, Dart Decl., Exh. 5.

1  producing the documents responsive to this overbroad Request would greatly

2  outweigh any marginal benefit to MGA, for the following reasons.



247   Pantel Dec. ¶ 10.
248   Moore Dec. ¶ 5.
249   Id.
250   Id.



13         Similarly, there is no basis for overruling Mattel's privilege objection.

14  MGA's bald assertion that "[t]his request does not seek information protected by the

15  attorney-client privilege, the attorney work product doctrine, or other applicable

16  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

17  agreed that "all privileged documents would be logged except for documents created

18  after this action was filed on April 27, 2004."[254]  Thus, to the extent privileged

19  documents fall within the post lawsuit time period, they need not be included on

20  Mattel's log.

21         Finally, MGA failed to meet and confer at all, much less in good faith,

22  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

---

[251]  Id. at ¶11.

[252]  Id. ¶ 12, Moore Dec. ¶ 7.

[253]  Id. ¶ 12, Moore Dec. ¶ 7.

[254]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). At no point during the meet and confer process did the parties discuss this Request or Mattel's response to it. In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[255] Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

Other than those documents that it has produced pursuant to other requests, Mattel will not produce documents responsive to this request.

DATED: October 19, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ James J. Webster
    James J. Webster
    Attorneys for Mattel, Inc.

---

[255] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28