1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2     (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100
   Attorneys for Mattel, Inc.

7

                    UNITED STATES DISTRICT COURT

8

                  SOUTHERN DISTRICT OF CALIFORNIA

9

10  MATTEL, INC., a Delaware          CASE NO. CV 04-9049 DOC (RNBx)
    corporation,                      Consolidated with
                                      Case No. CV 04-09059
11                                    Case No. CV 05-02727

12            Plaintiff,              **DISCOVERY MATTER**

13       vs.                          **[To Be Heard By Discovery Master
                                      Robert O'Brien]**
14  MGA ENTERTAINMENT, INC., a
    California corporation, et al.    **[PUBLIC REDACTED] MATTEL'S
15                                    RESPONSE TO SEPARATE
                                      STATEMENT IN SUPPORT OF
16            Defendant.              MGA PARTIES' MOTION TO
                                      COMPEL FURTHER RESPONSES
17  AND CONSOLIDATED ACTIONS          TO MGA'S REQUESTS FOR
                                      PRODUCTION OF DOCUMENTS
18                                    (9059, SET ONE)

19

20

21                                    Hearing Date:  TBA
                                      Time:          TBA
22                                    Place:         Arent Fox LLP
                                      555 West Fifth St.
23                                    48th Floor
                                      Los Angeles, CA
24                                    90013
                                      **Phase 2**
25                                    Disc. Cut-off:      June 1, 2010
                                      Pre-trial Conf.:
26                                    Trial Date:

27

28

00505.07975/3161896.1

1    Mattel, Inc. respectfully submits this Separate Statement in support of
2 its Opposition to MGA Parties' Motion to Compel Further Responses to MGA's
3 Requests for Production of Documents (9059, Set One). This Separate Statement
4 covers MGA's First Set of Requests in Case No. CV 04-9059-SGL of the
5 consolidated proceedings, served on January 31, 2005. The requests included in this
6 Separate Statement are Request Nos. 1-43, 47, 49-81, 88, 91-98, 100-167, 170-171,
7 175-179, 184-185, 191-223, 252-253, 255-257, and 272-279 (the "Requests at
8 Issue").

9 ## MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS AT ISSUE AND
10 ## RESPONSES - CASE NO. CV 04-9059 NM (RNBx)

11 **REQUEST FOR PRODUCTION NO. 1:**

12    All DOCUMENTS mentioning, referring or relating to BRATZ
13 INTELLECTUAL PROPERTY.

14 **RESPONSE TO REQUEST NO. 1:**

15    In addition to the general objections stated above which are
16 incorporated herein by reference, Mattel objects to this Request as being overbroad,
17 unduly burdensome and oppressive on the grounds that it is not limited in time or
18 geographical scope, and seeks all documents in Mattel's possession, custody and
19 control mentioning, referring or relating to "Bratz Intellectual Property." Mattel
20 further objects to this Request on the ground that the term "Bratz Intellectual
21 Property' is vague and ambiguous. Mattel further objects to this Request on the
22 grounds that such discovery from Mattel is overbroad, unduly burdensome;
23 oppressive and not likely to the lead to the discovery of admissible evidence in that
24 Mattel's actions in relation to "Bratz" are not at issue in this action and are irrelevant
25 to the claims and defenses in this suit. Rather, at issue are the actions of defendants
26 and third parties associated with defendants in connection with the projects that
27 defendant Bryant worked on with defendant MGA, which is information known to
28 and within the possession, custody and control of defendants and their associated

00505.07975/3161896.1

1  third parties.   Mattel further objects to this Request on the grounds that it seeks
2  documents that are publicly available documents and hence are equally available to
3  defendants.  Mattel farther objects to this Request on the grounds that it calls for the
4  disclosure of information subject to the attorney-client privilege, the attorney work-
5  product doctrine and other applicable privileges.   Mattel further objects to this
6  Request on the grounds that it seeks Mattel's confidential, proprietary and trade
7  secret information, such as current and future Mattel marketing and pricing plans
8  and strategies, that could have no conceivable bearing on the claims or defenses in
9  this case. Mattel further objects to this Request on the grounds that it is duplicative
10 of or subsumed within prior Requests already responded to and seeks the re-
11 production of information and documents already produced in this action.   Such
12 information and documents will not be re-produced.

13 ## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE
14 ## TO SHOULD BE COMPELLED

15         Mattel has not agreed to produce documents in response to this request,
16 subject to its improper boilerplate objections. Mattel has refused to confirm whether
17 or not it has produced all non-privileged responsive documents or whether it is
18 withholding documents based on its objections in Phase 2.  Under the Federal Rules
19 of Civil Procedure, "an objection to part of a request must specify the part and
20 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
21 fail to explain the basis for an objection with specificity are routinely rejected in the
22 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
23 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
24 harassing' are improper – especially when a party fails to submit any evidentiary
25 declarations supporting such objections").  Accordingly, Mattel must be compelled
26 either to certify that it has produced all non-privileged responsive documents or to
27 produce all such documents by a date certain.

28

00505.07975/3161896.1

1    To the extent that Mattel is relying on its blanket objections, they are
2  not sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the
4  required particularity, as to *why* this request is supposedly overly broad, nor can it
5  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
6  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
7  contrary, the request is narrowly tailored to seek documents concerning BRATZ
8  intellectual property.

9    As to burden, Mattel has not attempted to demonstrate why responding
10 to this request and/or producing responsive documents presents any burden. This
11 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
12 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
13 request is unduly burdensome must allege specific facts which indicate the nature
14 and extent of the burden, usually by affidavit or other reliable evidence.")
15 Moreover, it is not unduly burdensome, as noted above, in that the request is
16 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
17 has engaged in a broad variety of unfair trade practices including serial copying of
18 MGA products. MGA is entitled to discovery on these claims.

19    This request does not seek documents protected by the attorney-client
20 privilege, the attorney work product doctrine, or other applicable privileges. To the
21 extent that Mattel contends that it does, Mattel must provide a privilege log.

22    Mattel objects that the request contains confidential, proprietary and
23 trade secret information. A Protective Order exists in this case, obviating any
24 concern as to protection of privacy rights and/or commercially sensitive
25 information.

26    Mattel objects that the request is duplicative or subsumed within prior
27 requests but does not identify the allegedly duplicative requests. Mattel's failure to

28

00505.07975/3161896.1
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   agree to produce responsive non-privileged documents is not proper based on this
2   objection.

3          Mattel objects that Mattel's actions in relation to the "Bratz" line of
4   products are not at issue in this action and are irrelevant to the claims and defenses
5   in this suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2
6   of these consolidated proceedings.  Discovery relating to Bratz is likely to lead to
7   admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair
8   competition claim, Mattel's trade secret misappropriation claim, and both parties
9   damages claims.

10         As for relevancy, Mattel has not attempted to demonstrate why the
11  information sought in response to this request is not discoverable in Phase 2.  On the
12  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
13  product lines, including its BRATZ product line, packaging, themes, accessories,
14  and advertising.  Mattel's "MY SCENE" is an example of one such accused Mattel
15  product line.  Documents related to BRATZ intellectual property that are in Mattel's
16  possession, custody, or control are discoverable in Phase 2 and highly relevant to
17  MGA's claims, including its allegation of serial copying by Mattel.

18         None of Mattel's improper objections are valid and Mattel is obligated
19  to produce all non-privileged responsive documents in its possession, custody, or
20  control.

21  **MATTEL'S RESPONSE:**

22         MGA's Request for all documents relating to BRATZ intellectual
23  property reaches a broad range of irrelevant materials and materials covered by the
24  attorney-client privilege and the attorney work product without limitation as to time,
25  scope, or source.  MGA and Mattel are large multinational corporations and direct
26  competitors; accordingly, each company will have generated a huge range of
27  documents "relating to" the other, the vast majority of which are completely
28  irrelevant to the Phase 2 claims.  For instance, a document that simply lists public

00505.07975/3161896.1

pricing or sales data for a Bratz product, or even an email referring to the fact of Bratz's existence would fall under this Request as worded.

MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1), which clearly states that discovery must be "reasonably calculated to lead to the discovery of admissible evidence." MGA has not sufficiently explained how all documents relating to Bratz intellectual property are related to Phase 2 issues. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Additionally, MGA failed to meet and confer in good faith regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). At no point during the meet and confer process did MGA articulate a valid basis for which this Request could be considered relevant to Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is simply not true; MGA never initiated any dialogue about this Request or Mattel's

-5-

1  response in the first place.  The Discovery Master should deny MGA's motion with

2  respect to this Request on that grounds alone.

3         The motion is also moot.  As MGA has admitted in correspondence

4  going back to 2007[1], Mattel has produced and continues to produce documents that

5  are responsive to this Request.  As to the actual production of relevant documents,

6  there is no dispute and indeed had been no dispute for years, as MGA well knows,

7  and this issue could have been resolved without motion practice if MGA had

8  completed the meet and confer process in good faith.

9         The Request is also entirely duplicative of prior discovery served by

10  Carter Bryant as well as subsequent discovery served by MGA.  ████████

11  ████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████

13  MGA's claim, at this stage of the litigation, that there remain unproduced relevant

14  materials on this subject in Mattel's possession is not credible.  In fact, over *two*

15  *years ago* MGA wrote a letter admitting that this set of requests was duplicative and

16  that Mattel had produced relevant documents in response.[3]

17         Further, prior Orders entered in this case -- at MGA's urging -- make

18  very clear that a Request that seeks all documents relating to such a wide and

19  amorphous category as "Bratz Intellectual Property" is overbroad and improper.  As

20  the prior Discovery Master held in denying a motion to compel on what was a less

21  expansively worded Request, "this category of requests is clearly overbroad,

22  

23      [1]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

24  attached as Exhibit 43 to the Declaration of Robert J. Dart ("Dart Dec."), filed

25  concurrently hereto.

26  ████████████████████████████████████████████████

27      [3]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart

28  Dec., Exh. 43.

1  requiring production of documents that merely mention MGA, Larian, Bratz or
2  other MGA products, regardless of whether or not they have anything to do with the
3  claims or defenses in this case."[4]  Similarly, the prior Discovery Master has denied
4  motions to compel on Requests for "documents referring or relating to MGA's
5  business dealings, without specifying any products or other subject matter
6  limitations" because such Requests are grossly overbroad.[5]

7              There is no basis for overruling Mattel's privilege objection.  MGA's
8  bald assertion that "this request does not seek information protected by the attorney-
9  client privilege, the attorney work product doctrine, or any other applicable
10  privilege" has no merit.  Documents responsive to this Request could very well be
11  subject to a claim of privilege or work product protection.  Despite MGA's claim to
12  the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA
13  has itself argued, the parties have agreed that "all privileged documents would be
14  logged except for documents created after this action was filed on April 27, 2004."
15  Thus, to the extent privileged documents fall within the post lawsuit time period,
16  they need not be included on Mattel's log.

17  ████████████████████████████████████████████
18  ████████████████████████████████████████████
19  ████████████████████████████████████████████
20  ████████████████████████████████████████████
21  ████████████████████████████████████████████
22  ████████████████████████████████████████████
23  ████████████████████████████████████████████
24

25    [4]   See Order Granting in Part and Denying in Part MGA's Motion to Compel,
26  dated May 22, 2007, Dart Dec., Exh. 5.
      [5]   Id.
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5 **REQUEST FOR PRODUCTION NO. 2:**

6          All DOCUMENTS mentioning, referring or relating to the BRATZ

7 CONCEPT.

8 **RESPONSE TO REQUEST NO. 2:**

9          In addition to the general objections stated above which are

10 incorporated herein by reference, Mattel objects to this Request on the grounds that

11 it is unreasonably burdensome and premature in that the facts necessary to

12 determine the whether "images, drawings, pictures, sculpts, molds, prototypes and

13 any other form of artwork" both predate the "First Bratz Dolls" and are "'Bratz-

14 related" are known by defendants and third parties associated with defendants, but

15 are not known by Mattel at this juncture because of defendants' refusals to produce

16 basic discovery.  Mattel further objects to this Request on the ground that the term

17 "Bratz Concept" is vague and ambiguous.  Mattel further objects to this Request on

18 the grounds that such discovery from Mattel is overbroad, unduly burdensome,

19 oppressive and not likely to the lead to the discovery of admissible evidence in that

20 Mattel's actions in relation to "Bratz" are not at issue in this action and are irrelevant

21 to the claims and defenses in this suit.  Rather, at issue are the actions of defendants

22 and third parties associated with defendants in connection with the projects that

23 defendant Bryant worked on with defendant MGA, which is information known to

24

25

26

27

28

-10-
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  and within the possession, custody and control of defendants and their associated
2  third parties.  Mattel further objects to this Request on the grounds that it calls for
3  the disclosure of information subject to the attorney-client privilege, the attorney
4  work-product doctrine and other applicable privileges.  Mattel further objects to this
5  Request on the grounds that it is duplicative of or subsumed within prior Requests
6  already responded to and seeks the re-production of information and documents
7  already produced in this action.  Such information and documents will not be re-
8  produced.

9  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
10 **TO SHOULD BE COMPELLED**

11        Mattel has not agreed to produce documents in response to this request,
12 subject to its improper boilerplate objections.  Mattel has refused to confirm whether
13 or not it has produced all non-privileged responsive documents or whether it is
14 withholding documents based on its objections in Phase 2.  Under the Federal Rules
15 of Civil Procedure, "an objection to part of a request must specify the part and
16 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
17 fail to explain the basis for an objection with specificity are routinely rejected in the
18 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
19 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
20 harassing' are improper – especially when a party fails to submit any evidentiary
21 declarations supporting such objections").  Accordingly, Mattel must be compelled
22 either to certify that it has produced all non-privileged responsive documents or to
23 produce all such documents by a date certain.

24        To the extent that Mattel is relying on its blanket objections, they are
25 not sustainable and do not justify Mattel's failure to produce documents.

26 _____

27 ████████████████████████████

28 (footnote continued)

1    As to overbreadth, Mattel provides no explanation, let alone the
2  required particularity, as to *why* this request is supposedly overly broad, nor can it
3  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
4  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
5  contrary, the request is narrowly tailored to seek documents concerning the BRATZ
6  concept.

7    As to burden, Mattel has not attempted to demonstrate why responding
8  to this request and/or producing responsive documents presents any burden. This
9  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
10 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
11 request is unduly burdensome must allege specific facts which indicate the nature
12 and extent of the burden, usually by affidavit or other reliable evidence.")
13 Moreover, it is not unduly burdensome, as noted above, in that the request is
14 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
15 has engaged in a broad variety of unfair trade practices including serial copying of
16 MGA products, including the Bratz dolls. MGA is entitled to discovery on these
17 claims.

18    This request does not seek documents protected by the attorney-client
19 privilege, the attorney work product doctrine, or other applicable privileges. To the
20 extent that Mattel contends that it does, Mattel must provide a privilege log.

21    Mattel objects that the request contains confidential, proprietary and
22 trade secret information. A Protective Order exists in this case, obviating any
23 concern as to protection of privacy rights and/or commercially sensitive
24 information.

25
26
27  ██████
28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1         Mattel objects that Mattel's actions in relation to the "Bratz" line of
2   products are not at issue in this action and are irrelevant to the claims and defenses
3   in this suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2
4   of these consolidated proceedings.  Discovery relating to Bratz is likely to lead to
5   admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair
6   competition claim, Mattel's trade secret misappropriation claim, and both parties
7   damages claims.

8         Mattel objects that the request is duplicative or subsumed within prior
9   requests but does not identify the allegedly duplicative requests.  Mattel's failure to
10  agree to produce responsive non-privileged documents is not proper based on this
11  objection.

12        As for relevancy, Mattel has not attempted to demonstrate why the
13  information sought in response to this request is not discoverable in Phase 2.  On the
14  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
15  product lines, including its BRATZ product line, packaging, themes, accessories,
16  and advertising.  Documents related to BRATZ, including any related to its concept
17  that are in Mattel's possession, custody, or control are discoverable in Phase 2 and
18  highly relevant to MGA's claims, including its allegation of serial copying by
19  Mattel.

20        None of Mattel's improper objections are valid and Mattel is obligated
21  to produce all non-privileged responsive documents in its possession, custody, or
22  control.

23  **MATTEL'S RESPONSE:**

24        MGA's Request for all documents relating to BRATZ intellectual
25  property reaches a broad range of irrelevant materials and materials covered by the
26  attorney-client privilege and the attorney work product without limitation as to time,
27  scope, or source.  MGA and Mattel are large multinational corporations and direct
28  competitors;  accordingly, each company will have generated a huge range of

documents "relating to" the other, the vast majority of which are completely irrelevant to the Phase 2 claims. For instance, a document that simply lists public pricing or sales data for a Bratz product, or even an email referring to the fact of Bratz's existence would fall under this Request as worded. Further, inasmuch as the ownership of the intellectual property comprising of the Bratz dolls, prior rulings in this case have already established that Mattel owns that intellectual property. Inasmuch as MGA merely seeks discovery in order to upend these rulings in Phase 2, the Request is clearly irrelevant.

MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1), which clearly states that discovery must be "reasonably calculated to lead to the discovery of admissible evidence." MGA has not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are relevant to Phase 2 issues. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims. <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Additionally, MGA failed to meet and confer in good faith regarding this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be

1    served on all parties by facsimile or electronic mail. The parties shall have five court
2    days from the date of service of that letter to conduct an in-person conference to
3    attempt to resolve the dispute.").   At no point during the meet and confer process did
4    MGA articulate a valid basis for which this Request could be considered relevant to
5    Phase 2 issues.   Thus, MGA's claim that Mattel has refused to meet and confer is
6    simply not true; MGA never initiated any dialogue about this Request or Mattel's
7    response in the first place.  The Discovery Master should deny MGA's motion with
8    respect to this Request on that grounds alone.

9            The motion is also moot.  As MGA has admitted in correspondence
10   going back to 2007[18], Mattel has produced and continues to produce documents that
11   are responsive to this Request.  As to the actual production of relevant documents,
12   there is no dispute and indeed had been no dispute for years, as MGA well knows,
13   and this issue could have been resolved without motion practice if MGA had
14   completed the meet and confer process in good faith.

15           The Request is also entirely duplicative of prior discovery served by
16   Carter Bryant as well as subsequent discovery served by MGA.   ████████
17   ████████████████████████████████████████████████████████
18   ████████████████████████████████████████████████████████
19   ████████████    MGA's claim, at this stage of the litigation, that there remain
20   unproduced relevant materials on this subject in Mattel's possession is not credible.
21   In fact, over *two years ago* MGA wrote a letter admitting that this set of requests
22   was duplicative and that Mattel had produced relevant documents in response.[20]

23   _____

24   [18]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
25   Dec., Exh. 43.

26   ████████████████████████████████████████████████████████

27   [20]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
     Dec., Exh. 43.

28

1       Further, prior Orders entered in this case -- at MGA's urging -- make

2   very clear that a Request that seeks all documents relating to such a wide and

3   amorphous category as "the Bratz Concept" is overbroad and improper.  As the prior

4   Discovery Master held in denying a motion to compel on what was a less

5   expansively worded Request, "this category of requests is clearly overbroad,

6   requiring production of documents that merely mention MGA, Larian, Bratz or

7   other MGA products, regardless of whether or not they have anything to do with the

8   claims or defenses in this case."[21]  Similarly, the prior Discovery Master has denied

9   motions to compel on Requests for "documents referring or relating to MGA's

10  business dealings, without specifying any products or other subject matter

11  limitations" because such Requests are grossly overbroad.[22]



---

[21]   <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5.

[22]   <u>Id.</u>

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    ████████████████████████████████████████████

2    ████████████████████████████████████

3        There is no basis for overruling Mattel's privilege objection. MGA's

4    bald assertion that "this request does not seek information protected by the attorney-

5    client privilege, the attorney work product doctrine, or any other applicable

6    privilege" has no merit. Documents responsive to this Request could very well be

7    subject to a claim of privilege or work product protection. Despite MGA's claim to

8    the contrary, Mattel has produced a privilege log in this action. Moreover, as MGA

9    has itself argued, the parties have agreed that "all privileged documents would be

10   logged except for documents created after this action was filed on April 27, 2004."

11   Thus, to the extent privileged documents fall within the post lawsuit time period,

12   they need not be included on Mattel's log.

13   **REQUEST FOR PRODUCTION NO. 3:**

14       All DOCUMENTS mentioning, referring or relating to the FIRST

15   BRATZ DOLLS.

16   **RESPONSE TO REQUEST NO. 3:**

17       In addition to the general objections stated above which are

18   incorporated herein by reference, Mattel objects to this Request on the grounds that

19   it calls for the disclosure of information subject to the attorney-client privilege, the

20   attorney work-product doctrine and other applicable privileges. Mattel further

21   objects to this Request as overbroad, unduly burdensome and oppressive on the

22   grounds that it is not limited in time, and seeks all documents in Mattel's possession,

23   custody and control mentioning, referring or relating to the "First Bratz Dolls,"

24   _____

25   ████████████████████████████████████████████

26   ████████████████████████████████████████████

27   ████████████████████████████████████████████

28

1 including publicly available documents that are equally available to defendants.
2 Mattel further objects to this Request on the grounds that such discovery from
3 Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the
4 discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"
5 line of products are not at issue in this action and are irrelevant to the claims and
6 defenses in this suit.  Rather, at issue are the actions of defendants and third parties
7 associated with defendants in connection with the projects that defendant Bryant
8 worked on with defendant MGA, which is information known to and within the
9 possession, custody and control of defendants and their associated third parties, not
10 Mattel.  Mattel further objects to this Request on the ground that the term "First
11 Bratz Dolls" is vague and ambiguous.  Mattel further objects to this Request on the
12 grounds that it is duplicative of or subsumed within prior Requests already
13 responded to and seeks the re-production of information and documents already
14 produced in this action.  Such information and documents will not be re-produced.

15 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
16 **TO SHOULD BE COMPELLED**

17         Mattel has not agreed to produce documents in response to this request,
18 subject to its improper boilerplate objections.  Mattel has refused to confirm whether
19 or not it has produced all non-privileged responsive documents or whether it is
20 withholding documents based on its objections in Phase 2.  Under the Federal Rules
21 of Civil Procedure, "an objection to part of a request must specify the part and
22 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
23 fail to explain the basis for an objection with specificity are routinely rejected in the
24 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
25 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
26 harassing' are improper – especially when a party fails to submit any evidentiary
27 declarations supporting such objections").  Accordingly, Mattel must be compelled
28

1 | either to certify that it has produced all non-privileged responsive documents or to
2 | produce all such documents by a date certain.

3 | To the extent that Mattel is relying on its blanket objections, they are
4 | not sustainable and do not justify Mattel's failure to produce documents.

5 | As to overbreadth, Mattel provides no explanation, let alone the
6 | required particularity, as to *why* this request is supposedly overly broad, nor can it
7 | do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9 | contrary, the request is narrowly tailored to seek documents concerning the first
10 | BRATZ dolls.

11 | As to burden, Mattel has not attempted to demonstrate why responding
12 | to this request and/or producing responsive documents presents any burden. This
13 | objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
14 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
15 | request is unduly burdensome must allege specific facts which indicate the nature
16 | and extent of the burden, usually by affidavit or other reliable evidence.")
17 | Moreover, it is not unduly burdensome, as noted above, in that the request is
18 | narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
19 | has engaged in a broad variety of unfair trade practices including serial copying of
20 | MGA products, including the Bratz dolls. MGA is entitled to discovery on these
21 | claims, including its allegation of serial copying by Mattel.

22 | This request does not seek documents protected by the attorney-client
23 | privilege, the attorney work product doctrine, or other applicable privileges. To the
24 | extent that Mattel contends that it does, Mattel must provide a privilege log.

25 | Mattel objects that the request contains confidential, proprietary and
26 | trade secret information. A Protective Order exists in this case, obviating any
27 | concern as to protection of privacy rights and/or commercially sensitive
28 | information.

1    Mattel objects that Mattel's actions in relation to the "Bratz" line of

2 products are not at issue in this action and are irrelevant to the claims and defenses

3 in this suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2

4 of these consolidated proceedings.  Discovery relating to Bratz is likely to lead to

5 admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

6 competition claim, Mattel's trade secret misappropriation claim, and both parties

7 damages claims.

8    Mattel objects that the request is duplicative or subsumed within prior

9 requests but does not identify the allegedly duplicative requests.  Mattel's failure to

10 agree to produce responsive non-privileged documents is not proper based on this

11 objection.

12    Mattel objects that the term "FIRST BRATZ DOLLS" is vague and

13 ambiguous.  To the contrary, the term "FIRST BRATZ DOLLS" has been clearly

14 defined in definition number 3 as particular dolls identified by name and SKU.

15    As for relevancy, Mattel has not attempted to demonstrate why the

16 information sought in response to this request is not discoverable in Phase 2.  On the

17 contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

18 product lines, including its BRATZ dolls, packaging, themes, accessories, and

19 advertising.  Documents related to the first BRATZ dolls that are in Mattel's

20 possession, custody, or control are discoverable in Phase 2 and highly relevant to

21 MGA's claims, including its allegation of serial copying by Mattel.

22    None of Mattel's improper objections are valid and Mattel is obligated

23 to produce all non-privileged responsive documents in its possession, custody, or

24 control.

25 **MATTEL'S RESPONSE:**

26    MGA's Request for all documents relating to BRATZ intellectual

27 property reaches a broad range of irrelevant materials and materials covered by the

28 attorney-client privilege and the attorney work product without limitation as to time,

scope, or source. MGA and Mattel are large multinational corporations and direct competitors; accordingly, each company will have generated a huge range of documents "relating to" the other, the vast majority of which are completely irrelevant to the Phase 2 claims. For instance, a document that simply lists public pricing or sales data for a Bratz product, or even an email referring to the fact of Bratz's existence would fall under this Request as worded. Further, inasmuch as the ownership of the intellectual property comprising of the Bratz dolls, prior rulings in this case have already established that Mattel owns that intellectual property. Inasmuch as MGA merely seeks discovery in order to upend these rulings in Phase 2, the Request is clearly irrelevant.

MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1), which clearly states that discovery must be "reasonably calculated to lead to the discovery of admissible evidence." MGA has not sufficiently explained how <u>all</u> documents relating to the "First Bratz Dolls" are relevant to Phase 2 issues. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims. <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Additionally, MGA failed to meet and confer in good faith regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

-23-

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  party shall first identify each dispute, state the relief sought and identify the
2  authority supporting the requested relief in a meet and confer letter that shall be
3  served on all parties by facsimile or electronic mail. The parties shall have five court
4  days from the date of service of that letter to conduct an in-person conference to
5  attempt to resolve the dispute."). At no point during the meet and confer process did
6  MGA articulate a valid basis for which this Request could be considered relevant to
7  Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is
8  simply not true; MGA never initiated any dialogue about this Request or Mattel's
9  response in the first place. The Discovery Master should deny MGA's motion with
10  respect to this Request on that grounds alone.

11         The motion is also moot. As MGA has admitted in correspondence
12  going back to 2007[35], Mattel has produced and continues to produce documents that
13  are responsive to this Request. As to the actual production of relevant documents,
14  there is no dispute and indeed had been no dispute for years, as MGA well knows,
15  and this issue could have been resolved without motion practice if MGA had
16  completed the meet and confer process in good faith.

17         The Request is also entirely duplicative of prior discovery served by
18  Carter Bryant and subsequent discovery served by MGA. ████████████
19  ████████████████████████████████████████████████
20  ████████████████████████████████████████ MGA's
21  claim, at this stage of the litigation, that there remain unproduced relevant materials
22  on this subject in Mattel's possession is not credible. In fact, over *two years ago*

23
24
_____
25  [35] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
26  Dec., Exh. 43.
27  ████████████████████████████████████████████
28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  MGA wrote a letter admitting that this set of requests was duplicative and that
2  Mattel had produced relevant documents in response.[37]

3         Further, prior Orders entered in this case -- at MGA's urging -- make
4  very clear that a Request that seeks all documents relating to such a wide and
5  amorphous category as "the First Bratz Dolls" is overbroad and improper.  As the
6  prior Discovery Master held in denying a motion to compel on what was a less
7  expansively worded Request, "this category of requests is clearly overbroad,
8  requiring production of documents that merely mention MGA, Larian, Bratz or
9  other MGA products, regardless of whether or not they have anything to do with the
10  claims or defenses in this case."[38]  Similarly, the prior Discovery Master has denied
11  motions to compel on Requests for "documents referring or relating to MGA's
12  business dealings, without specifying any products or other subject matter
13  limitations" because such Requests are grossly overbroad.[39]

14         There is no basis for overruling Mattel's privilege objection.  MGA's
15  bald assertion that "this request does not seek information protected by the attorney-
16  client privilege, the attorney work product doctrine, or any other applicable
17  privilege" has no merit.  Moreover, as MGA has itself argued, the parties have
18  agreed that "all privileged documents would be logged except for documents created
19  after this action was filed on April 27, 2004."  Thus, to the extent privileged
20  documents fall within the post lawsuit time period, they need not be included on
21  Mattel's log.

22  ████████████████████████████████████████
23  ████████████████████████████████████████
24  ──────────────────

25  [37]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
26  Dec., Exh. 43.
    [38]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,
27  dated May 22, 2007, Dart Dec., Exh. 5.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23     [39]   <u>Id.</u>

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1



**REQUEST FOR PRODUCTION. 4:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design, development or reduction to practice of the FIRST BRATZ DOLLS.

**RESPONSE TO REQUEST NO. 4:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as overbroad, unduly burdensome and oppressive on the grounds that it that it purports to require Mattel to identify documents relating to matters that are currently known to and in the possession, custody and control of Bryant, MGA and nonparties, including nonparties associated with defendant. Mattel further objects to this Request as overbroad and unduly burdensome because it is not limited in time, and seeks all documents mentioning, referring or relating to the conception, creation, design,

---

[50] Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec., Exh. 31.

[51] Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec., Exh. 31.

1   development or reduction to practice of the "First Bratz Dolls,' including publicly
2   available documents that are equally available to defendants.  Mattel further objects
3   to this Request on the grounds that it calls for the disclosure of information subject
4   to the attorney-client privilege, the attorney work-product doctrine and other
5   applicable privileges.  Mattel further objects to this Request on the grounds that it is
6   duplicative of or subsumed within prior Requests already responded to and seeks the
7   re-production of information and documents already produced in this action.  Such
8   information and documents will not be re-produced.

9   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
10  **TO SHOULD BE COMPELLED**

11          Mattel has not agreed to produce documents in response to this request,
12  subject to its improper boilerplate objections.  Mattel has refused to confirm whether
13  or not it has produced all non-privileged responsive documents or whether it is
14  withholding documents based on its objections in Phase 2.  Under the Federal Rules
15  of Civil Procedure, "an objection to part of a request must specify the part and
16  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
17  fail to explain the basis for an objection with specificity are routinely rejected in the
18  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
19  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
20  harassing' are improper – especially when a party fails to submit any evidentiary
21  declarations supporting such objections").  Accordingly, Mattel must be compelled
22  either to certify that it has produced all non-privileged responsive documents or to
23  produce all such documents by a date certain.

24          To the extent that Mattel is relying on its blanket objections, they are
25  not sustainable and do not justify Mattel's failure to produce documents.

26          As to overbreadth, Mattel provides no explanation, let alone the
27  required particularity, as to *why* this request is supposedly overly broad, nor can it
28  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

-29-

1  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
2  contrary, the request is narrowly tailored to seek documents concerning the
3  conception, creation, design, development, or reduction to practice of the FIRST
4  BRATZ DOLLS.

5        As to burden, Mattel has not attempted to demonstrate why responding
6  to this request and/or producing responsive documents presents any burden.  This
7  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
8  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
9  request is unduly burdensome must allege specific facts which indicate the nature
10  and extent of the burden, usually by affidavit or other reliable evidence.")
11  Moreover, it is not unduly burdensome, as noted above, in that the request is
12  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
13  has engaged in a broad variety of unfair trade practices including serial copying of
14  MGA products, including the Bratz dolls.  MGA is entitled to discovery on these
15  claims.

16        This request does not seek documents protected by the attorney-client
17  privilege, the attorney work product doctrine, or other applicable privileges.  To the
18  extent that Mattel contends that it does, Mattel must provide a privilege log.

19        Mattel objects that the request is duplicative or subsumed within prior
20  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
21  agree to produce responsive non-privileged documents is not proper based on this
22  objection.

23        As for relevancy, Mattel has not attempted to demonstrate why the
24  information sought in response to this request is not discoverable in Phase 2.  On the
25  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
26  product lines, including its BRATZ dolls, packaging, themes, accessories, and
27  advertising.  Documents related to the conception, creation, design, development, or
28  reduction to practice of FIRST BRATZ DOLLS that are in Mattel's possession,

1    custody, or control are discoverable in Phase 2 and highly relevant to MGA's claims,
2    including its allegation of serial copying by Mattel.

3          None of Mattel's improper objections are valid and Mattel is obligated
4    to produce all non-privileged responsive documents in its possession, custody, or
5    control.

6    **MATTEL'S RESPONSE:**

7          MGA's Request for all documents relating to BRATZ intellectual
8    property reaches a broad range of irrelevant materials and materials covered by the
9    attorney-client privilege and the attorney work product without limitation as to time,
10   scope, or source.   MGA and Mattel are large multinational corporations and direct
11   competitors; accordingly, each company will have generated a huge range of
12   documents "relating to" the other, the vast majority of which are completely
13   irrelevant to the Phase 2 claims.  For instance, a document that simply lists public
14   pricing or sales data for a Bratz product, or even an email referring to the fact of
15   Bratz's existence would fall under this Request as worded.  Further, inasmuch as the
16   ownership of the intellectual property comprising of the Bratz dolls, prior rulings in
17   this case have already established that Mattel owns that intellectual property.
18   Inasmuch as MGA merely seeks discovery in order to upend these rulings in Phase
19   2, the Request is clearly irrelevant.

20         MGA   must   establish   that   its   discovery   meets   the   relevance
21   requirements  of  Rule  26(b)(1),  which  clearly  states  that  discovery  must  be
22   "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
23   not sufficiently explained how <u>all</u> documents relating to the "First Bratz Dolls" are
24   relevant to Phase 2 issues.   "A trial court has a duty, of special significance in
25   lengthy and complex cases where the possibility of abuse is always present, to
26   supervise and limit discovery to protect parties and witnesses from annoyance and
27   excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>
28   <u>also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133

1  n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL
2  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
3  party may not propound document requests as part of a fishing expedition or to
4  discover new claims.  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)
5  ("District courts need not condone the use of discovery to engage in 'fishing
6  expeditions.'").

7      Additionally, MGA failed to meet and confer in good faith regarding
8  this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master Order No. 1,
9  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
10  party shall first identify each dispute, state the relief sought and identify the
11  authority supporting the requested relief in a meet and confer letter that shall be
12  served on all parties by facsimile or electronic mail. The parties shall have five court
13  days from the date of service of that letter to conduct an in-person conference to
14  attempt to resolve the dispute.").  At no point during the meet and confer process did
15  MGA articulate a valid basis for which this Request could be considered relevant to
16  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is
17  simply not true; MGA never initiated any dialogue about this Request or Mattel's
18  response in the first place.  The Discovery Master should deny MGA's motion with
19  respect to this Request on that grounds alone.

20      The motion is also moot.  As MGA has admitted in correspondence
21  going back to 2007[52], Mattel has produced and continues to produce documents that
22  are responsive to this Request.  As to the actual production of relevant documents,
23  there is no dispute and indeed had been no dispute for years, as MGA well knows,
24  and this issue could have been resolved without motion practice if MGA had
25  completed the meet and confer process in good faith.

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    The Request is also entirely duplicative of prior discovery served by
2  Carter Bryant as well as subsequent discovery served by MGA. ████████

3  ███████████████████████████████████████████████████

4  ███████████████████████████████████████████████████

5  ██████████      MGA's claim, at this stage of the litigation, that there remain
6  unproduced relevant materials on this subject in Mattel's possession is not credible.
7  In fact, over *two years ago* MGA wrote a letter admitting that this set of requests
8  was duplicative and that Mattel had produced relevant documents in response.[54]

9    Further, prior Orders entered in this case -- at MGA's urging -- make
10 very clear that a Request that seeks all documents relating to such a wide and
11 amorphous category as "the First Bratz Dolls" is overbroad and improper.  As the
12 prior Discovery Master held in denying a motion to compel on what was a less
13 expansively worded Request, "this category of requests is clearly overbroad,
14 requiring production of documents that merely mention MGA, Larian, Bratz or
15 other MGA products, regardless of whether or not they have anything to do with the
16 claims or defenses in this case."[55]  Similarly, the prior Discovery Master has denied
17 motions to compel on Requests for "documents referring or relating to MGA's
18 business dealings, without specifying any products or other subject matter
19 limitations" because such Requests are grossly overbroad.[56]

20

21  _____

22 [52]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
23 Dec., Exh. 43.

24 ████████████████████████████████████████████████████

25 [54]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
    Dec., Exh. 43.
26 [55]   See Order Granting in Part and Denying in Part MGA's Motion to Compel,
27 dated May 22, 2007, Dart Dec., Exh. 5.
    [56]   Id.
28

1        There is no basis for overruling Mattel's privilege objection.  MGA's
2   bald assertion that "this request does not seek information protected by the attorney-
3   client privilege, the attorney work product doctrine, or any other applicable
4   privilege" has no merit.  Documents responsive to this Request could very well be
5   subject to a claim of privilege or work product protection.  Despite MGA's claim to
6   the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA
7   has itself argued, the parties have agreed that "all privileged documents would be
8   logged except for documents created after this action was filed on April 27, 2004."
9   Thus, to the extent privileged documents fall within the post lawsuit time period,
10  they need not be included on Mattel's log.

11       MGA's Request for all documents relating to the "First Bratz Dolls"
12  reaches a broad range of irrelevant materials and materials covered by the attorney-
13  client privilege and the attorney work product.   MGA and Mattel are large
14  multinational corporations and direct competitors; accordingly, each company will
15  have generated a huge range of documents "relating to" the other, the vast majority
16  of which are completely irrelevant to the Phase 2 claims.  For instance, a document
17  that simply lists public pricing or sales data for a Bratz product, or even an email
18  referring to the fact of Bratz's existence would fall under this Request as worded.
19  The Request is thus highly burdensome and overbroad.  Insomuch as it would
20  incorporate the entirety of a vast number of additional Requests MGA has served in
21  this action, it is also duplicative.   Further, inasmuch as the ownership of the
22  intellectual property comprising of the Bratz dolls, prior rulings in this case have
23  already established that Mattel owns that intellectual property.  Inasmuch as MGA
24  merely seeks discovery in order to upend these rulings in Phase 2, the Request is
25  clearly irrelevant.

26       Similarly, MGA states that "Mattel has not attempted to demonstrate
27  why responding to this request and/or producing responsive documents presents any
28  burden."  Yet, as MGA knows, the Discovery Master has already placed limits on

1  the searches Mattel must make in producing documents, and this objection is only
2  meant to invoke those issues that have already been settled.   See, e.g., Order
3  Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel
4  on all outstanding emails, holding that Mattel has produced all relevant emails and
5  does not need to consult back-up tapes to complete its production).   MGA should
6  not be permitted to circumvent prior Orders by seeking to overrule Mattel's
7  objections here.

8  **REQUEST FOR PRODUCTION NO. 5:**

9       All DOCUMENTS mentioning, referring or relating to BRATZ
10  DOLLS, if YOU seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as
11  any part of YOUR recovery or damages in this case, any right or interest in,
12  revenues or profits from, or lost profits or other damages caused by BRATZ
13  DOLLS.

14  **RESPONSE TO REQUEST NO. 5:**

15       In addition to the general objections stated above which are
16  incorporated herein by reference, Mattel objects to this Request on the grounds that
17  it is unreasonably burdensome and premature in that the facts necessary to
18  determine the full nature and extent of Mattel's relief and damages from defendant's
19  acts or omissions are known by defendants and third parties associated with
20  defendants, but are not known by Mattel at this juncture because of defendants'
21  refusals to produce basic discovery.   Mattel further objects to this Request on the
22  grounds that it is not limited in time or geographical scope, and seeks all documents
23  mentioning, referring or relating, to "Bratz Dolls," including publicly available
24  documents that are equally available to defendants.   Mattel further objects to this
25  Request on the grounds that such discovery from Mattel is overbroad, unduly
26  burdensome, oppressive and not likely to the lead to the discovery of admissible
27  evidence in that Mattel's actions in relation to the "Bratz" line of products are not at
28  issue in this action and are irrelevant to the claims and defenses in this suit.   Rather,

1   at issue are the actions of defendants and third parties associated with defendants in

2   connection with the projects that defendant Bryant worked on with defendant MGA,

3   which is information known to and within the possession, custody and control of

4   defendants and their associated third parties, not Mattel.  Mattel further objects to

5   this Request on the grounds that it is improperly phrased as a legal contention.

6   Mattel further objects to this Request on the grounds that it calls for the disclosure

7   of information subject to the attorney-client privilege, the attorney work-product

8   doctrine and other applicable privileges.  Mattel further objects to this Request on

9   the grounds that it seeks confidential, proprietary and trade secret information, such

10  as current and future Mattel marketing and pricing plans and strategies, that has no

11  bearing on the claims or defenses in this case.  Mattel further objects to this Request

12  on the grounds that it is duplicative of or subsumed within prior Requests already

13  responded to and seeks the re-production of information and documents already

14  produced in this action.  Such information and documents will not be re-produced.

15  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

16  **TO SHOULD BE COMPELLED**

17          Mattel has not agreed to produce documents in response to this request,

18  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

19  Procedure, "an objection to part of a request must specify the part and permit

20  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

21  explain the basis for an objection with specificity are routinely rejected in the

22  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

23  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

24  harassing' are improper – especially when a party fails to submit any evidentiary

25  declarations supporting such objections").  Accordingly, Mattel must be compelled

26  either to certify that it has produced all non-privileged responsive documents or to

27  produce all such documents by a date certain.

28

1    To the extent that Mattel is relying on its blanket objections, they are
2  not sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the
4  required particularity, as to *why* this request is supposedly overly broad, nor can it
5  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
6  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This
7  request is narrowly tailored to Mattel's intent to assert a particular damages claim or
8  claim for injunctive relief. The category of documents requested is relevant to the
9  damages claim and claim for injunctive relief, and it is clearly discoverable to the
10  extent that Mattel is requesting such relief in Phase 2.

11    As to burden, Mattel has not attempted to demonstrate why responding
12  to this request and/or producing responsive documents presents any burden. This
13  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
14  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
15  request is unduly burdensome must allege specific facts which indicate the nature
16  and extent of the burden, usually by affidavit or other reliable evidence.")
17  Moreover, it is not unduly burdensome, as noted above, in that the request is
18  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
19  has engaged in a broad variety of unfair trade practices including serial copying of
20  MGA products. Mattel also has a claim of trade secret misappropriation against
21  MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

22    This request does not seek documents protected by the attorney-client
23  privilege, the attorney work product doctrine, or other applicable privileges. To the
24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25    Mattel objects that the request contains confidential, proprietary and
26  trade secret information. A Protective Order exists in this case, obviating any
27  concern as to protection of privacy rights and/or commercially sensitive
28  information.

1    Mattel's prayer for relief is extremely broad in Phase 2.   MGA is
2  entitled to all documents on the issue, and not just those that Mattel chooses to
3  produce in support of its claims.  Because Mattel's pleadings seek such broad relief,
4  MGA is entitled to extremely broad discovery to the extent that Mattel intends to
5  assert particular damages theories or to request injunctive relief.

6    None of Mattel's improper objections are valid and Mattel is obligated
7  to produce all non-privileged responsive documents in its possession, custody, or
8  control.

9  **MATTEL'S RESPONSE:**

10    This Request is grossly overbroad.   The universe of <u>all</u> documents
11  "referring or relating to Bratz dolls" is vast.   The prior Discovery Master has
12  expressly denied MGA's attempts to compel such requests in Phase 1, ruling that
13  requests "requiring production of documents that merely mention MGA, Larian,
14  Bratz or other MGA products, regardless of whether or not they have anything to do
15  with the claims or defenses in this case" are "clearly overbroad."[57]  The Request is
16  also duplicative of other requests for documents by the MGA Parties requests in
17  response to which Mattel has already produced 17,278 pages in Phase 1 of this case.
18  MGA has admitted that Mattel has produced documents responsive to this
19  Request.[58]

20    The Discovery Master should also sustain Mattel's objection as to
21  relevance.  MGA bears the burden of showing that its discovery meets the relevance

22
23
24

_____

25  [57]  <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel,
26  dated May 22, 2007, Dart Dec., Exh. 5, at 18.
27  [58]  <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2,
    Dart Dec., Exh. 43.
28

1   requirements of Rule 26(b)(1).[59]   MGA has not sufficiently explained how all

2   documents mentioning, referring, or relating to BRATZ DOLLS are relevant to

3   Phase 2 issues.  "A trial court has a duty, of special significance in lengthy and

4   complex cases where the possibility of abuse is always present, to supervise and

5   limit discovery to protect parties and witnesses from annoyance and excessive

6   expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also

7   Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36

8   (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

9   1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

10  party may not propound document requests as part of a fishing expedition or to

11  discover new claims.[60]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)

12  ("District courts need not condone the use of discovery to engage in 'fishing

13  expeditions.'").

14          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

15  that a Court should limit the extent of discovery if it determines that the burden of

16  the proposed discovery outweighs its likely benefit; the discovery sought is

17  unreasonably cumulative or duplicative, or is obtainable from some other source that

18  is more convenient, less burdensome, or less expensive; or the party seeking

19  discovery has had ample opportunity by discovery in the action to obtain the

20  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

21  producing the documents responsive to this overbroad Request would greatly

22  outweigh any marginal benefit to MGA, for the following reasons.

23

24  [59]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

25  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
    Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

26  [60]   See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
    1.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-40-

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1



There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[73] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log. Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.



Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").   In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[74]   At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[75]   Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design; development or reduction to practice of BRATZ DOLLS, if YOU seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ DOLLS.

---

[73]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

[74]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[75]   See Declaration of James J. Webster ("Webster Dec."), filed concurrently hereto, at p. 1-5.

1    **RESPONSE TO REQUEST NO. 6:**

2            In addition to the general objections stated above, which are

3    incorporated herein by reference, Mattel objects to this Request on the grounds that

4    it is unreasonably burdensome and premature in that the facts necessary to

5    determine the full nature and extent of Mattel's relief and damages from defendant's

6    acts or omissions are known by defendants and third parties associated with

7    defendants, but are not known by Mattel at this juncture because of defendants'

8    refusals to produce basic discovery.  Mattel further objects to this Request on the

9    grounds that it is not limited in time or geographical scope, and seeks all documents

10   in Mattel's possession, custody and control mentioning, referring or relating to "the

11   conception, creation, design, development or reduction to practice of 'Bratz Dolls,'

12   including publicly available documents that are equally available to defendants.

13   Mattel further objects to this Request on the grounds that such discovery from

14   Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the

15   discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"

16   line of products are not at issue in this action and are irrelevant to the claims and

17   defenses in this suit.  Rather, at issue are the actions of defendants and third parties

18   associated with defendants in connection with the projects that defendant Bryant

19   worked on with defendant MGA, which is information known to and within the

20   possession, custody and control of defendants and their associated third parties, not

21   Mattel.   Mattel further objects to this Request on the grounds that it seeks

22   confidential, proprietary and trade secret information, such as current and future

23   Mattel marketing and pricing plans and strategies, that has no bearing on the claims

24   or defenses in this case.  Mattel further objects to this Request on the grounds that it

25   calls for the disclosure of information subject to the attorney-client privilege, the

26   attorney work-product doctrine and other applicable privileges.

27            Mattel further objects to this Request on the grounds that it is

28   improperly phrased as a legal contention.  Mattel further objects to this Request on

1  the grounds that it is duplicative of or subsumed within prior Requests already

2  responded to and seeks the re-production of information and documents already

3  produced in this action. Such information and documents will not be re-produced.

4  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

5  **TO SHOULD BE COMPELLED**

6      Mattel has not agreed to produce documents in response to this request,

7  resting on its improper boilerplate objections. Under the Federal Rules of Civil

8  Procedure, "an objection to part of a request must specify the part and permit

9  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to

10  explain the basis for an objection with specificity are routinely rejected in the

11  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

12  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

13  harassing' are improper – especially when a party fails to submit any evidentiary

14  declarations supporting such objections"). Accordingly, Mattel must be compelled

15  either to certify that it has produced all non-privileged responsive documents or to

16  produce all such documents by a date certain.

17      To the extent that Mattel is relying on its blanket objections, they are

18  not sustainable and do not justify Mattel's failure to produce documents.

19      As to overbreadth, Mattel provides no explanation, let alone the

20  required particularity, as to *why* this request is supposedly overly broad, nor can it

21  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

22  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This

23  request is narrowly tailored to Mattel's intent to assert a particular damages claim or

24  claim for injunctive relief. The category of documents requested is relevant to the

25  damages claim and claim for injunctive relief, and it is clearly discoverable to the

26  extent that Mattel is requesting such relief in Phase 2.

27      As to burden, Mattel has not attempted to demonstrate why responding

28  to this request and/or producing responsive documents presents any burden. This

1  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
2  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
3  request is unduly burdensome must allege specific facts which indicate the nature
4  and extent of the burden, usually by affidavit or other reliable evidence.")
5  Moreover, it is not unduly burdensome, as noted above, in that the request is
6  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
7  has engaged in a broad variety of unfair trade practices including serial copying of
8  MGA products.  Mattel also has a claim of trade secret misappropriation against
9  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

10       This request does not seek documents protected by the attorney-client
11  privilege, the attorney work product doctrine, or other applicable privileges.  To the
12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13       Mattel objects that the request contains confidential, proprietary and
14  trade secret information.  A Protective Order exists in this case, obviating any
15  concern as to protection of privacy rights and/or commercially sensitive
16  information.

17       Mattel's prayer for relief is extremely broad in Phase 2.  MGA is
18  entitled to all documents on the issue, and not just those that Mattel chooses to
19  produce in support of its claims.  Because Mattel's pleadings seek such broad relief,
20  MGA is entitled to extremely broad discovery to the extent that Mattel intends to
21  assert particular damages theories or to request injunctive relief.

22       None of Mattel's improper objections are valid and Mattel is obligated
23  to produce all non-privileged responsive documents in its possession, custody, or
24  control.

25  **MATTEL'S RESPONSE:**

26       This Request is grossly overbroad.  Seeking the universe of all
27  documents referring or relating to the creation and development of Bratz is vast, and
28  the Request not narrowly tailored to seek information relevant to Phase 2.

1    The Request is also duplicative of other MGA Parties requests in
2    response to which Mattel has produced 17,278 pages in Phase 1 of this case. MGA
3    has admitted that Mattel has produced documents responsive to this Request.[76]

4    The Discovery Master should also sustain Mattel's objection as to
5    relevance. MGA bears the burden of showing that its discovery meets the relevance
6    requirements of Rule 26(b)(1).[77]   MGA has not sufficiently explained how all
7    documents mentioning, referring or relating to the conception, creation, design,
8    development or reduction to practice of Bratz dolls are relevant to Phase 2 issues.
9    "A trial court has a duty, of special significance in lengthy and complex cases where
10   the possibility of abuse is always present, to supervise and limit discovery to protect
11   parties and witnesses from annoyance and excessive expense." Dolgow v.
12   Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan
13   American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);
14   Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)
15   (same).  As the previous Discovery Master has held, a party may not propound
16   document requests as part of a fishing expedition or to discover new claims.[78]
17   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need
18   not condone the use of discovery to engage in 'fishing expeditions.'").

19   Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides
20   that a Court should limit the extent of discovery if it determines that the burden of
21   the proposed discovery outweighs its likely benefit; the discovery sought is
22

23   [76]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2,
24   Dart Dec., Exh. 43.
     [77]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
25   moving party, "Mattel bears an initial burden of establishing relevancy") (citing
26   Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

27

28

unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.

[REDACTED]

[78] See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19         There is no basis for overruling Mattel's privilege objection.  MGA's

20  bald assertion that "[t]his request does not seek information protected by the

21  attorney-client privilege, the attorney work product doctrine, or other applicable

22  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

23

24

25

26

27

28

1   agreed that "all privileged documents would be logged except for documents created
2   after this action was filed on April 27, 2004."[91]   Thus, to the extent privileged
3   documents fall within the post lawsuit time period, they need not be included on
4   Mattel's log.  Although it bears the burden of showing why this agreement should
5   not be applied to a given Request, MGA fails to do so.

6           Finally, MGA failed to meet and confer at all, much less in good faith,
7   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
8   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
9   the moving party shall first identify each dispute, state the relief sought and identify
10  the authority supporting the requested relief in a meet and confer letter that shall be
11  served on all parties by facsimile or electronic mail. The parties shall have five court
12  days from the date of service of that letter to conduct an in-person conference to
13  attempt to resolve the dispute.").   In order to engage in a meaningful meet and
14  confer, MGA had the burden to show the relevance of any requests it sought to
15  move on.[92]   At no point during the meet and confer process did MGA show why
16  this Request could be considered relevant to Phase 2 issues.[93]   Because MGA
17  refused to even attempt to make this showing, there was no possibility of a good
18  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
19  deny MGA's motion with respect to this Request on that grounds alone.

20

21

22

---

23  [91]   See Order Denying Mattel's Motion for Protective Order Limiting the
24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
    3.
25  [92]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [93]   See Webster Dec. at p. 1-5.
28

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS mentioning, referring or relating to the BRATZ PACK, if YOU seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by the BRATZ PACK.

**RESPONSE TO REQUEST NO. 7:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it is not limited in time or geographical scope, and seeks all documents in Mattel's possession, custody and control mentioning, referring or relating to the "Bratz Pack," including publicly available documents that are equally available to defendants. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that has no bearing on the

1   claims or defenses in this case.  Mattel further objects to this Request on the grounds
2   that it calls for the disclosure of information subject to the attorney-client privilege,
3   the attorney work-product doctrine and other applicable privileges.  Mattel further
4   objects to this Request on the grounds that it is improperly phrased as a legal
5   contention.   Mattel further objects to this Request on the grounds that it is
6   duplicative of or subsumed within prior Requests already responded to and seeks the
7   re-production of information and documents already produced in this action.  Such
8   information and documents will not be re-produced.

9   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
10  **TO SHOULD BE COMPELLED**

11          Mattel has not agreed to produce documents in response to this request,
12  resting on its improper boilerplate objections.   Under the Federal Rules of Civil
13  Procedure, "an objection to part of a request must specify the part and permit
14  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to
15  explain the basis for an objection with specificity are routinely rejected in the
16  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
17  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
18  harassing' are improper – especially when a party fails to submit any evidentiary
19  declarations supporting such objections").  Accordingly, Mattel must be compelled
20  either to certify that it has produced all non-privileged responsive documents or to
21  produce all such documents by a date certain.

22          To the extent that Mattel is relying on its blanket objections, they are
23  not sustainable and do not justify Mattel's failure to produce documents.

24          As to overbreadth, Mattel provides no explanation, let alone the
25  required particularity, as to *why* this request is supposedly overly broad, nor can it
26  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
27  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This
28  request is narrowly tailored to Mattel's intent to assert a particular damages claim or

-53-

1  claim for injunctive relief. The category of documents requested is relevant to the

2  damages claim and claim for injunctive relief, and it is clearly discoverable to the

3  extent that Mattel is requesting such relief in Phase 2.

4          As to burden, Mattel has not attempted to demonstrate why responding

5  to this request and/or producing responsive documents presents any burden. This

6  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

7  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8  request is unduly burdensome must allege specific facts which indicate the nature

9  and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

12  has engaged in a broad variety of unfair trade practices including serial copying of

13  MGA products. Mattel also has a claim of trade secret misappropriation against

14  MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

15          This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges. To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18          Mattel objects that the request contains confidential, proprietary and

19  trade secret information. A Protective Order exists in this case, obviating any

20  concern as to protection of privacy rights and/or commercially sensitive

21  information.

22          Mattel's prayer for relief is extremely broad in Phase 2. MGA is

23  entitled to all documents on the issue, and not just those that Mattel chooses to

24  produce in support of its claims. Because Mattel's pleadings seek such broad relief,

25  MGA is entitled to extremely broad discovery to the extent that Mattel intends to

26  assert particular damages theories or to request injunctive relief.

27

28

1       None of Mattel's improper objections are valid and Mattel is obligated
2   to produce all non-privileged responsive documents in its possession, custody, or
3   control.

4   **MATTEL'S RESPONSE:**

5       This Request is grossly overbroad.  MGA defines "BRATZ PACK" as
6   "any collection, compilation, or grouping of two or more images, characters or dolls
7   that are or have ever been manufactured, marketed or sold by MGA, or others under
8   a license, as part of a line of goods or merchandise commonly known as, or sold and
9   marketed under the 'Bratz' trademark or trade dress."[94]   Seeking the universe of <u>all</u>
10  documents referring or relating to the Bratz Pack, and thus by extension to Bratz, is
11  plainly not narrowly tailored to seek information relevant to Phase 2.  The prior
12  Discovery Master already found such requests to be improper.[95]

13      The Request is also duplicative of other MGA Parties requests in
14  response to which Mattel has produced 17,278 pages in Phase 1 of this case.  MGA
15  has admitted that Mattel has produced documents responsive to this Request.[96]

16      The Discovery Master should also sustain Mattel's objection as to
17  relevance.  MGA bears the burden of showing that its discovery meets the relevance
18  requirements of <u>Rule</u> 26(b)(1).[97]   MGA has not sufficiently explained how <u>all</u>

19  _____

20  [94]   <u>See</u> MGA's First Set of Document Requests  (04-9059), dated November 22,
21  2006, at ¶ 15, Dart Dec., Exh. 45.
    [95]   <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel,
22  dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of
23  requests is clearly overbroad, requiring production of documents that merely
    mention MGA, Larian, Bratz or other MGA products, regardless of whether or not
24  they have anything to do with the claims or defenses in this case.").
    [96]   <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2,
25  Dart Dec., Exh. 43.
26  [97]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
27  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
    <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
28

documents mentioning, referring or relating to the Bratz Pack are relevant to Phase 2 issues. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[98]   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.

---

[98]   See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   100 Id. ¶ 9-11.

26   101 Id.

     102 See Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec., Exh.

27   31.   103 Id.

28

-57-



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[111]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.  Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

[111]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4  the moving party shall first identify each dispute, state the relief sought and identify

5  the authority supporting the requested relief in a meet and confer letter that shall be

6  served on all parties by facsimile or electronic mail. The parties shall have five court

7  days from the date of service of that letter to conduct an in-person conference to

8  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

9  confer, MGA had the burden to show the relevance of any requests it sought to

10  move on.[112]   At no point during the meet and confer process did MGA show why

11  this Request could be considered relevant to Phase 2 issues.[113]   Because MGA

12  refused to even attempt to make this showing, there was no possibility of a good

13  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

14  deny MGA's motion with respect to this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 8:**

16    All DOCUMENTS mentioning, referring or relating to the conception,

17  creation, design, development or reduction to practice of the BRATZ PACK, if

18  YOU seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part

19  of YOUR recovery or damages in this case, any right or interest in, revenues or

20  profits from, or lost profits or other damages caused by the BRATZ PACK.

21  **RESPONSE TO REQUEST NO. 8:**

22    In addition to the general objections stated above, which are

23  incorporated herein by reference, Mattel objects to this Request on the grounds that

24

25  [112]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

    [113]   See Webster Dec. at p. 1-5.

28

1  it is vague and ambiguous and is unreasonably burdensome and premature in that
2  the facts necessary to determine the full nature and extent of Mattel's relief and
3  damages from defendant's acts or omissions are known by defendants and third
4  parties associated with defendants, but are not known by Mattel at this juncture
5  because of defendants' refusals to produce basic discovery. Mattel further objects to
6  this Request on the grounds that it is not limited in time or geographical scope, and
7  seeks all documents in Mattel's possession, custody and control mentioning,
8  referring or relating to "the conception, creation, design, development or reduction
9  to practice of the 'Bratz Pack,'" including publicly available documents that are
10 equally available to defendants.  Mattel further objects to this Request on the
11 grounds that such discovery from Mattel is overbroad, unduly burdensome,
12 oppressive and not likely to the lead to the discovery of admissible evidence in that
13 Mattel's actions in relation to the "Bratz" line of products are not at issue in this
14 action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are
15 the actions of defendants and third parties associated with defendants in connection
16 with the projects that defendant Bryant worked on with defendant MGA, which is
17 information known to and within the possession, custody and control of defendants
18 and their associated third parties, not Mattel.  Mattel further objects to this Request
19 on the grounds that it seeks confidential, proprietary and trade secret information,
20 such as current and future Mattel marketing and pricing plans and strategies, that has
21 no bearing on the claims or defenses in this case.  Mattel further objects to this
22 Request on the grounds that it calls for the disclosure of information subject to the
23 attorney-client privilege, the attorney work-product doctrine and other applicable
24 privileges. Mattel further objects to this Request on the grounds that it is improperly
25 phrased as a legal contention. Mattel further objects to this Request on the grounds
26 that it is duplicative of or subsumed within prior Requests already responded to and
27 seeks the re-production of information and documents already produced in this
28 action. Such information and documents will not be re-produced.

1 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2 | **TO SHOULD BE COMPELLED**

3 |       Mattel has not agreed to produce documents in response to this request,
4 | resting on its improper boilerplate objections. Under the Federal Rules of Civil
5 | Procedure, "an objection to part of a request must specify the part and permit
6 | inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to
7 | explain the basis for an objection with specificity are routinely rejected in the
8 | Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
9 | (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
10 | harassing' are improper – especially when a party fails to submit any evidentiary
11 | declarations supporting such objections"). Accordingly, Mattel must be compelled
12 | either to certify that it has produced all non-privileged responsive documents or to
13 | produce all such documents by a date certain.

14 |       To the extent that Mattel is relying on its blanket objections, they are
15 | not sustainable and do not justify Mattel's failure to produce documents.

16 |       As to overbreadth, Mattel provides no explanation, let alone the
17 | required particularity, as to *why* this request is supposedly overly broad, nor can it
18 | do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
19 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This
20 | request is narrowly tailored to Mattel's intent to assert a particular damages claim or
21 | claim for injunctive relief. The category of documents requested is relevant to the
22 | damages claim and claim for injunctive relief, and it is clearly discoverable to the
23 | extent that Mattel is requesting such relief in Phase 2.

24 |       As to burden, Mattel has not attempted to demonstrate why responding
25 | to this request and/or producing responsive documents presents any burden. This
26 | objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
27 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
28 | request is unduly burdensome must allege specific facts which indicate the nature

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 and extent of the burden, usually by affidavit or other reliable evidence.")
2 Moreover, it is not unduly burdensome, as noted above, in that the request is
3 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
4 has engaged in a broad variety of unfair trade practices including serial copying of
5 MGA products. Mattel also has a claim of trade secret misappropriation against
6 MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

7      This request does not seek documents protected by the attorney-client
8 privilege, the attorney work product doctrine, or other applicable privileges. To the
9 extent that Mattel contends that it does, Mattel must provide a privilege log.

10      Mattel objects that the request contains confidential, proprietary and
11 trade secret information. A Protective Order exists in this case, obviating any
12 concern as to protection of privacy rights and/or commercially sensitive
13 information.

14      Mattel's prayer for relief is extremely broad in Phase 2. MGA is
15 entitled to all documents on the issue, and not just those that Mattel chooses to
16 produce in support of its claims. Because Mattel's pleadings seek such broad relief,
17 MGA is entitled to extremely broad discovery to the extent that Mattel intends to
18 assert particular damages theories or to request injunctive relief.

19      None of Mattel's improper objections are valid and Mattel is obligated
20 to produce all non-privileged responsive documents in its possession, custody, or
21 control.

22 **MATTEL'S RESPONSE:**

23      MGA's argument that it is entitled to these documents fails on the
24 merits. MGA bears the burden of showing that its discovery meets the relevance
25
26
27
28

1  requirements of <u>Rule</u> 26(b)(1).[114]   MGA has not sufficiently explained how all

2  documents mentioning, referring or relating to the conception, creation, design,

3  development or reduction to practice of the Bratz Pack are relevant to Phase 2

4  issues.  "A trial court has a duty, of special significance in lengthy and complex

5  cases where the possibility of abuse is always present, to supervise and limit

6  discovery to protect parties and witnesses from annoyance and excessive expense."

7  <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways</u>

8  <u>Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.

9  1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D.

10  Ill. 1983) (same).   As the previous Discovery Master has held, a party may not

11  propound document requests as part of a fishing expedition or to discover new

12  claims.[115]   <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

13  courts need not condone the use of discovery to engage in 'fishing expeditions.'").

14        Further, this Request is grossly overbroad.   MGA defines "BRATZ

15  PACK" as "any collection, compilation, or grouping of two or more images,

16  characters or dolls that are or have ever been manufactured, marketed or sold by

17  MGA, or others under a license, as part of a line of goods or merchandise commonly

18  known as, or sold and marketed under the 'Bratz' trademark or trade dress."[116]

19  Seeking the universe of <u>all</u> documents referring or relating to the creation and

20  development of the Bratz Pack is plainly not narrowly tailored to seek information

[114]  <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
moving party, "Mattel bears an initial burden of establishing relevancy") (citing
<u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[115]  <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for
Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
1.

[116]  <u>See</u> MGA's First Set of Document Requests  (04-9059), dated November 22,
2006, at ¶ 15, Dart Dec., Exh. 45.

1 | relevant to Phase 2.  The prior Discovery Master already found such requests to be
2 | improper.[117]

3 |      The Request is also duplicative of other MGA Parties requests in
4 | response to which Mattel has produced 17,278 pages in Phase 1 of this case.  MGA
5 | has admitted that Mattel has produced documents responsive to this Request.[118]

6 |      Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
7 | that a Court should limit the extent of discovery if it determines that the burden of
8 | the proposed discovery outweighs its likely benefit; the discovery sought is
9 | unreasonably cumulative or duplicative, or is obtainable from some other source that
10 | is more convenient, less burdensome, or less expensive; or the party seeking
11 | discovery has had ample opportunity by discovery in the action to obtain the
12 | information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
13 | producing the documents responsive to this overbroad Request would greatly
14 | outweigh any marginal benefit to MGA, for the following reasons.



---

[117]   See Order Granting in Part and Denying in Part MGA's Motion to Compel,
dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of
requests is clearly overbroad, requiring production of documents that merely
mention MGA, Larian, Bratz or other MGA products, regardless of whether or not
they have anything to do with the claims or defenses in this case.").
[118]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2,
Dart Dec., Exh. 43.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 █████████████████████████████████████
2 ███
3 ███████████████████████████████████
4 █████████████████████████████████████
5 █████████████████████████████████████
6 █████████████████████████████████

7    There is no basis for overruling Mattel's privilege objection.  MGA's

8 bald assertion that "[t]his request does not seek information protected by the

9 attorney-client privilege, the attorney work product doctrine, or other applicable

10 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

11 agreed that "all privileged documents would be logged except for documents created

12 after this action was filed on April 27, 2004."[131]  Thus, to the extent privileged

13 documents fall within the post lawsuit time period, they need not be included on

14 Mattel's log.  Although it bears the burden of showing why this agreement should

15 not be applied to a given Request, MGA fails to do so.

16    Finally, MGA failed to meet and confer at all, much less in good faith,

17 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

18 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

19 the moving party shall first identify each dispute, state the relief sought and identify

20 the authority supporting the requested relief in a meet and confer letter that shall be

21 served on all parties by facsimile or electronic mail. The parties shall have five court

22 ─────────────

23 ████████████████████████████████████
24 ████████████████████████████████████
25 ████████████████████████████████████

26 [131] See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

28

1  days from the date of service of that letter to conduct an in-person conference to

2  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

3  confer, MGA had the burden to show the relevance of any requests it sought to

4  move on.[132]   At no point during the meet and confer process did MGA show why

5  this Request could be considered relevant to Phase 2 issues.[133]   Because MGA

6  refused to even attempt to make this showing, there was no possibility of a good

7  faith meet and confer to resolve the parties' disputes. The Discovery Master should

8  deny MGA's motion with respect to this Request on that grounds alone.

9  **REQUEST FOR PRODUCTION NO. 9:**

10         All DOCUMENTS mentioning, referring or relating to LIL' BRATZ, if

11 YOU seek in this case to enjoin the sale of LIL' BRATZ, or seek, as any part of

12 YOUR recovery or damages in this case, any right or interest in, revenues or profits

13 from, or lost profits or other damages caused by LIL' BRATZ.

14 **RESPONSE TO REQUEST NO. 9:**

15         In   addition   to   the   general   objections   stated   above,   which   are

16 incorporated herein by reference, Mattel objects to this Request on the grounds that

17 it is unreasonably burdensome and premature in that the facts necessary to

18 determine the full nature and extent of Mattel's relief and damages from defendant's

19 acts or omissions are known by defendants and third parties associated with

20 defendants, but are not known by Mattel at this juncture because of defendants'

21 refusals to produce basic discovery. Mattel further objects to this Request on the

22 grounds that it is not limited in time or geographical scope, and seeks all documents

23 in Mattel's possession, custody and control mentioning, referring or relating to "Lil'

24

_____

25  [132]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27 Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

   [133]   See Webster Dec. at p. 1-5.

28

Bratz," including publicly available documents that are equally available to defendants. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, resting on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled

1  either to certify that it has produced all non-privileged responsive documents or to
2  produce all such documents by a date certain.

3          To the extent that Mattel is relying on its blanket objections, they are
4  not sustainable and do not justify Mattel's failure to produce documents.

5          As to overbreadth, Mattel provides no explanation, let alone the
6  required particularity, as to *why* this request is supposedly overly broad, nor can it
7  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This
9  request is narrowly tailored to Mattel's intent to assert a particular damages claim or
10 claim for injunctive relief. The category of documents requested is relevant to the
11 damages claim and claim for injunctive relief, and it is clearly discoverable to the
12 extent that Mattel is requesting such relief in Phase 2.

13         As to burden, Mattel has not attempted to demonstrate why responding
14 to this request and/or producing responsive documents presents any burden. This
15 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
16 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
17 request is unduly burdensome must allege specific facts which indicate the nature
18 and extent of the burden, usually by affidavit or other reliable evidence.")
19 Moreover, it is not unduly burdensome, as noted above, in that the request is
20 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
21 has engaged in a broad variety of unfair trade practices including serial copying of
22 MGA products. Mattel also has a claim of trade secret misappropriation against
23 MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

24         This request does not seek documents protected by the attorney-client
25 privilege, the attorney work product doctrine, or other applicable privileges. To the
26 extent that Mattel contends that it does, Mattel must provide a privilege log.

27         Mattel objects that the request contains confidential, proprietary and
28 trade secret information. A Protective Order exists in this case, obviating any

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 | concern as to protection of privacy rights and/or commercially sensitive
2 | information.

3 |     Mattel's prayer for relief is extremely broad in Phase 2. MGA is
4 | entitled to all documents on the issue, and not just those that Mattel chooses to
5 | produce in support of its claims. Because Mattel's pleadings seek such broad relief,
6 | MGA is entitled to extremely broad discovery to the extent that Mattel intends to
7 | assert particular damages theories or to request injunctive relief.

8 |     None of Mattel's improper objections are valid and Mattel is obligated
9 | to produce all non-privileged responsive documents in its possession, custody, or
10 | control.

11 | **MATTEL'S RESPONSE:**

12 |     This Request is grossly overbroad. Seeking the universe of <u>all</u>
13 | documents referring or relating to the Lil' Bratz, and thus by extension to Bratz, is
14 | plainly not narrowly tailored to seek information relevant to Phase 2.

15 |     The Request is also duplicative of other MGA Parties requests in
16 | response to which Mattel has produced 17,278 pages in Phase 1 of this case. MGA
17 | has admitted that Mattel has produced documents responsive to this Request.[134]

18 |     The Discovery Master should also sustain Mattel's objection as to
19 | relevance. MGA bears the burden of showing that its discovery meets the relevance
20 | requirements of <u>Rule</u> 26(b)(1).[135] MGA has not sufficiently explained how <u>all</u>
21 | documents mentioning, referring or relating to Lil' Bratz are relevant to Phase 2
22 | issues. "A trial court has a duty, of special significance in lengthy and complex
23 | cases where the possibility of abuse is always present, to supervise and limit

---

[134] <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2, Dart Dec., Exh. 43.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  discovery to protect parties and witnesses from annoyance and excessive expense."

2  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways

3  Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.

4  1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D.

5  Ill. 1983) (same).  As the previous Discovery Master has held, a party may not

6  propound document requests as part of a fishing expedition or to discover new

7  claims.[136]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

8  courts need not condone the use of discovery to engage in 'fishing expeditions.'").

9           Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

10 that a Court should limit the extent of discovery if it determines that the burden of

11 the proposed discovery outweighs its likely benefit; the discovery sought is

12 unreasonably cumulative or duplicative, or is obtainable from some other source that

13 is more convenient, less burdensome, or less expensive; or the party seeking

14 discovery has had ample opportunity by discovery in the action to obtain the

15 information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

16 producing the documents responsive to this overbroad Request would greatly

17 outweigh any marginal benefit to MGA, for the following reasons.

18 ███████████████████████████████████

19 ███████████████████████████████████

20 ███████████████████████████████████

21 ███████████████████████████████████

22

23 [135]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

24 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

25 [136]  See Order Granting In Part and Denying In Part Mattel's Motion for

26 Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
1.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1



9       There is no basis for overruling Mattel's privilege objection.  MGA's

10  bald assertion that "[t]his request does not seek information protected by the

11  attorney-client privilege, the attorney work product doctrine, or other applicable

12  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

13  agreed that "all privileged documents would be logged except for documents created

14  after this action was filed on April 27, 2004."[149]  Thus, to the extent privileged

15  documents fall within the post lawsuit time period, they need not be included on

16  Mattel's log.  Although it bears the burden of showing why this agreement should

17  not be applied to a given Request, MGA fails to do so.

18      Finally, MGA failed to meet and confer at all, much less in good faith,

19  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

20  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 the moving party shall first identify each dispute, state the relief sought and identify
2 the authority supporting the requested relief in a meet and confer letter that shall be
3 served on all parties by facsimile or electronic mail. The parties shall have five court
4 days from the date of service of that letter to conduct an in-person conference to
5 attempt to resolve the dispute.").   In order to engage in a meaningful meet and
6 confer, MGA had the burden to show the relevance of any requests it sought to
7 move on.[150]   At no point during the meet and confer process did MGA show why
8 this Request could be considered relevant to Phase 2 issues.[151]   Because MGA
9 refused to even attempt to make this showing, there was no possibility of a good
10 faith meet and confer to resolve the parties' disputes. The Discovery Master should
11 deny MGA's motion with respect to this Request on that grounds alone.

12 **REQUEST FOR PRODUCTION NO. 10:**

13     All DOCUMENTS mentioning, referring or relating to the conception,
14 creation, design, development or reduction to practice of LIL' BRATZ; if YOU seek
15 in this case to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR
16 recovery or damages in this case, any right or interest in, revenues or profits from, or
17 lost profits or other damages caused by LIL' BRATZ.

18 **RESPONSE TO REQUEST NO. 10:**

19     In addition to the general objections stated above, which are
20 incorporated herein by reference, Mattel objects to this Request on the grounds that
21 it is unreasonably burdensome and premature in that the facts necessary to
22 determine the full nature and extent of Mattel's relief and damages from defendant's
23 acts or omissions are known by defendants and third parties associated with

24

25 [150]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
   [151]   See Webster Dec. at p. 1-5.

28

00505.07975/3161896.1

-77-
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    defendants, but are not known by Mattel at this juncture because of defendants'
2    refusals to produce basic discovery.  Mattel further objects to this Request on the
3    grounds that it is not limited in time or geographical scope, and seeks all documents
4    in Mattel's possession, custody and control mentioning, referring or relating to "the
5    conception, creation, design, development or reduction to practice of 'Lil' Bratz, '"
6    including publicly available documents that are equally available to defendants.
7    Mattel further objects to this Request on the grounds that such discovery from
8    Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the
9    discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"
10   line of products are not at issue in this action and are irrelevant to the claims and
11   defenses in this suit.  Rather, at issue are the actions of defendants and third parties
12   associated with defendants in connection with the projects that defendant Bryant
13   worked on with defendant MGA, which is information known to and within the
14   possession, custody and control of defendants and their associated third parties, not
15   Mattel.    Mattel further objects to this Request on the grounds that it seeks
16   confidential, proprietary and trade secret information, such as current and future
17   Mattel marketing and pricing plans and strategies, that has no bearing on the claims
18   or defenses in this case.  Mattel further objects to this Request on the grounds that it
19   calls for the disclosure of information subject to the attorney-client privilege, the
20   attorney work-product doctrine and other applicable privileges.

21           Mattel further objects to this Request on the grounds that it is
22   improperly phrased as a legal contention.  Mattel further objects to this Request on
23   the grounds that it is duplicative of or subsumed within prior Requests already
24   responded to and seeks the re-production of information and documents already
25   produced in this action.  Such information and documents will not be re-produced.

26

27

28

00505.07975/3161896.1

-78-

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, resting on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This request is narrowly tailored to Mattel's intent to assert a particular damages claim or claim for injunctive relief.  The category of documents requested is relevant to the damages claim and claim for injunctive relief, and it is clearly discoverable to the extent that Mattel is requesting such relief in Phase 2.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

1  and extent of the burden, usually by affidavit or other reliable evidence.")
2  Moreover, it is not unduly burdensome, as noted above, in that the request is
3  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
4  has engaged in a broad variety of unfair trade practices including serial copying of
5  MGA products.  Mattel also has a claim of trade secret misappropriation against
6  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

7      This request does not seek documents protected by the attorney-client
8  privilege, the attorney work product doctrine, or other applicable privileges.  To the
9  extent that Mattel contends that it does, Mattel must provide a privilege log.

10      Mattel objects that the request contains confidential, proprietary and
11  trade secret information.  A Protective Order exists in this case, obviating any
12  concern as to protection of privacy rights and/or commercially sensitive
13  information.

14      Mattel's prayer for relief is extremely broad in Phase 2.  MGA is
15  entitled to all documents on the issue, and not just those that Mattel chooses to
16  produce in support of its claims.  Because Mattel's pleadings seek such broad relief,
17  MGA is entitled to extremely broad discovery to the extent that Mattel intends to
18  assert particular damages theories or to request injunctive relief.

19      None of Mattel's improper objections are valid and Mattel is obligated
20  to produce all non-privileged responsive documents in its possession, custody, or
21  control.

22  **MATTEL'S RESPONSE:**

23      MGA's argument that it is entitled to these documents fails on the
24  merits.  MGA bears the burden of showing that its discovery meets the relevance
25
26
27
28

1  requirements of <u>Rule</u> 26(b)(1).[152]   MGA has not sufficiently explained how <u>all</u>
2  documents mentioning, referring or relating to the conception, creation, design,
3  development or reduction to practice of Lil' Bratz are relevant to Phase 2 issues.  "A
4  trial court has a duty, of special significance in lengthy and complex cases where the
5  possibility of abuse is always present, to supervise and limit discovery to protect
6  parties and witnesses from annoyance and excessive expense."   <u>Dolgow v.</u>
7  <u>Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan</u>
8  <u>American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);
9  <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983)
10 (same).  As the previous Discovery Master has held, a party may not propound
11 document requests as part of a fishing expedition or to discover new claims.[153]
12 <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need
13 not condone the use of discovery to engage in 'fishing expeditions.'").

14        Further, this Request is grossly overbroad.  Seeking the universe of <u>all</u>
15 documents referring or relating to the creation and development of Lil' Bratz is
16 plainly not narrowly tailored to seek information relevant to Phase 2.

17        The Request is also duplicative of other MGA Parties requests in
18 response to which Mattel has produced 17,278 pages in Phase 1 of this case.  MGA
19 has admitted that Mattel has produced documents responsive to this Request.[154]

20        Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
21 that a Court should limit the extent of discovery if it determines that the burden of

22
23 [152]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
24 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
   <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
25 [153]   <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for
26 Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
   1.
27
28

1  the proposed discovery outweighs its likely benefit; the discovery sought is
2  unreasonably cumulative or duplicative, or is obtainable from some other source that
3  is more convenient, less burdensome, or less expensive; or the party seeking
4  discovery has had ample opportunity by discovery in the action to obtain the
5  information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and
6  producing the documents responsive to this overbroad Request would greatly
7  outweigh any marginal benefit to MGA, for the following reasons.



8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

24  [154] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2,
25  Dart Dec., Exh. 43.

26
27



28

1 ████████████████████████████████████████████

2 ████████████████████████████████████████████

3 ████████████████████████████████████████████

4 ████████████████████████████████████████████

5 ████████████████████████████████████████████

6 ████████

7 ████████████████████████████████████████████

8 ████████████████████████████████████████████

9 ████████████████████████████████████████████

10 ████████████████████████████████████████████

11 ████████████████████████████████████████████

12 ████████████████████████████████████████████

13 ████████████████████████████████████████████

14 ████████████████████████████████████████████

15 ████████████████████████████████████████████

16 ████████████████████████████████████████████

17 ████████████████████████████████████████████

18 ████████████████████████████████████████████

19 ████████████████████████████████████████████

20 ████████████████████████████████████████████

21 ████████████████████████████████████████████

22 ─────────────────

23 ███████████████████████████████████████████

24 ██

25 ████████████████████████████████████████████

26 ██

27 ████████████████████████████████████████████

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20         There is no basis for overruling Mattel's privilege objection.  MGA's

21   bald assertion that "[t]his request does not seek information protected by the

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[167]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.  Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").   In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[168]   At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[169]   Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

---

[167]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

[168]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[169]   See Webster Dec. at p. 1-5.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS mentioning, referring or relating to BRATZ PETZ, if YOU seek in this case to enjoin the sale of BRATZ PETZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ PETZ.

**RESPONSE TO REQUEST NO. 11:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it is not limited in time or geographical scope, and seeks all documents in Mattel's possession, custody and control mentioning, referring or relating to "Bratz Petz," including publicly available documents that are equally available to defendants. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody' and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds

1 | that it calls for the disclosure of information subject to the attorney-client privilege,
2 | the attorney work-product doctrine and other applicable privileges.

3 |       Mattel further objects to this Request on the grounds that it is
4 | improperly phrased as a legal contention.  Mattel further objects to this Request on
5 | the grounds that it is duplicative of or subsumed within prior Requests already
6 | responded to and seeks the re-production of information and documents already
7 | produced in this action.  Such information and documents will not be re-produced.

8 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9 | **TO SHOULD BE COMPELLED**

10 |       Mattel has not agreed to produce documents in response to this request,
11 | resting on its improper boilerplate objections.   Under the Federal Rules of Civil
12 | Procedure, "an objection to part of a request must specify the part and permit
13 | inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to
14 | explain the basis for an objection with specificity are routinely rejected in the
15 | Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
16 | (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
17 | harassing' are improper – especially when a party fails to submit any evidentiary
18 | declarations supporting such objections").  Accordingly, Mattel must be compelled
19 | either to certify that it has produced all non-privileged responsive documents or to
20 | produce all such documents by a date certain.

21 |       To the extent that Mattel is relying on its blanket objections, they are
22 | not sustainable and do not justify Mattel's failure to produce documents.

23 |       As to overbreadth, Mattel provides no explanation, let alone the
24 | required particularity, as to *why* this request is supposedly overly broad, nor can it
25 | do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
26 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This
27 | request is narrowly tailored to Mattel's intent to assert a particular damages claim or
28 | claim for injunctive relief.  The category of documents requested is relevant to the

1  damages claim and claim for injunctive relief, and it is clearly discoverable to the
2  extent that Mattel is requesting such relief in Phase 2.

3         As to burden, Mattel has not attempted to demonstrate why responding
4  to this request and/or producing responsive documents presents any burden.  This
5  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
6  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
7  request is unduly burdensome must allege specific facts which indicate the nature
8  and extent of the burden, usually by affidavit or other reliable evidence.")
9  Moreover, it is not unduly burdensome, as noted above, in that the request is
10 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
11 has engaged in a broad variety of unfair trade practices including serial copying of
12 MGA products.  Mattel also has a claim of trade secret misappropriation against
13 MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

14        This request does not seek documents protected by the attorney-client
15 privilege, the attorney work product doctrine, or other applicable privileges.  To the
16 extent that Mattel contends that it does, Mattel must provide a privilege log.

17        Mattel objects that the request contains confidential, proprietary and
18 trade secret information.  A Protective Order exists in this case, obviating any
19 concern as to protection of privacy rights and/or commercially sensitive
20 information.

21        Mattel's prayer for relief is extremely broad in Phase 2.  MGA is
22 entitled to all documents on the issue, and not just those that Mattel chooses to
23 produce in support of its claims.  Because Mattel's pleadings seek such broad relief,
24 MGA is entitled to extremely broad discovery to the extent that Mattel intends to
25 assert particular damages theories or to request injunctive relief.

26        None of Mattel's improper objections are valid and Mattel is obligated
27 to produce all non-privileged responsive documents in its possession, custody, or
28 control.

1  **MATTEL'S RESPONSE:**

2          This Request is grossly overbroad.   Seeking the universe of <u>all</u>

3  documents referring or relating to Bratz Petz, and thus by extension to Bratz, is

4  plainly not narrowly tailored to seek information relevant to Phase 2.   The prior

5  Discovery Master already found such requests to be improper.[170]

6          The Request is also duplicative of other MGA Parties requests in

7  response to which Mattel has produced 17,278 pages in Phase 1 of this case.   MGA

8  has admitted that Mattel has produced documents responsive to this Request.[171]

9          The Discovery Master should also sustain Mattel's objection as to

10 relevance.  MGA bears the burden of showing that its discovery meets the relevance

11 requirements of <u>Rule</u> 26(b)(1).[172]   MGA has not sufficiently explained how <u>all</u>

12 documents mentioning, referring or relating to Bratz Petz are relevant to Phase 2

13 issues.  "A trial court has a duty, of special significance in lengthy and complex

14 cases where the possibility of abuse is always present, to supervise and limit

15 discovery to protect parties and witnesses from annoyance and excessive expense."

16 <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways</u>

17 <u>Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.

18 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D.

19 Ill. 1983) (same).   As the previous Discovery Master has held, a party may not

20

---

21    [170]   <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel,
22 dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of
23 requests is clearly overbroad, requiring production of documents that merely
   mention MGA, Larian, Bratz or other MGA products, regardless of whether or not
24 they have anything to do with the claims or defenses in this case.").
25    [171]   <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2,
   Dart Dec., Exh. 43.
26    [172]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
27 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
   <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
28

1  propound document requests as part of a fishing expedition or to discover new
2  claims.[173]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District
3  courts need not condone the use of discovery to engage in 'fishing expeditions.'").

4         Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
5  that a Court should limit the extent of discovery if it determines that the burden of
6  the proposed discovery outweighs its likely benefit; the discovery sought is
7  unreasonably cumulative or duplicative, or is obtainable from some other source that
8  is more convenient, less burdensome, or less expensive; or the party seeking
9  discovery has had ample opportunity by discovery in the action to obtain the
10 information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
11 producing the documents responsive to this overbroad Request would greatly
12 outweigh any marginal benefit to MGA, for the following reasons.



13
14
15
16
17
18
19
20
21
22
23

[173]    See Order Granting In Part and Denying In Part Mattel's Motion for
Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.



26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

1    ████████████████████████████████████████

2    ███████████████████████████████

3       There is no basis for overruling Mattel's privilege objection.  MGA's

4 bald assertion that "[t]his request does not seek information protected by the

5 attorney-client privilege, the attorney work product doctrine, or other applicable

6 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7 agreed that "all privileged documents would be logged except for documents created

8 after this action was filed on April 27, 2004."[186]  Thus, to the extent privileged

9 documents fall within the post lawsuit time period, they need not be included on

10 Mattel's log.  Although it bears the burden of showing why this agreement should

11 not be applied to a given Request, MGA fails to do so.

12       Finally, MGA failed to meet and confer at all, much less in good faith,

13 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15 the moving party shall first identify each dispute, state the relief sought and identify

16 the authority supporting the requested relief in a meet and confer letter that shall be

17 served on all parties by facsimile or electronic mail. The parties shall have five court

18 days from the date of service of that letter to conduct an in-person conference to

19 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

20 confer, MGA had the burden to show the relevance of any requests it sought to

21 ─────────────

22 ████████████████████████████████████████

23 █ ███████████████████████████████████████

24    ██████████████████████████████████████

25 █ ███████████████████████████████████████

26 █ ███████████████████████████████████████

27 █ ████████████████████████████████████████

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   move on.[187]   At no point during the meet and confer process did MGA show why
2   this Request could be considered relevant to Phase 2 issues.[188]   Because MGA
3   refused to even attempt to make this showing, there was no possibility of a good
4   faith meet and confer to resolve the parties' disputes.  The Discovery Master should
5   deny MGA's motion with respect to this Request on that grounds alone.

6   **REQUEST FOR PRODUCTION NO. 12:**

7           All DOCUMENTS mentioning, referring or relating to the conception,
8   creation, design, development or reduction to practice of BRATZ PETZ, if YOU
9   seek in this case to enjoin the sale of BRATZ PETZ, or seek, as any part of YOUR
10  recovery or damages in this case, any right or interest in, revenues or profits from, or
11  lost profits or other damages caused by BRATZ PETZ.

12  **RESPONSE TO REQUEST NO. 12:**

13          In addition to the general objections stated above, which are
14  incorporated herein by reference, Mattel objects to this Request on the grounds that
15  it is unreasonably burdensome and premature in that the facts necessary to
16  determine the full nature and extent of Mattel's relief and damages from defendant's
17  acts or omissions are known by defendants and third parties associated with
18  defendants, but are not known by Mattel at this juncture because of defendants'
19  refusals to produce basic discovery.  Mattel further objects to this Request on the
20  grounds that it is not limited in time or geographical scope, and seeks all documents
21  in Mattel's possession, custody and control mentioning, referring or relating to the
22  conception, creation, design, development or reduction to practice of 'Bratz Petz,'"
23  including publicly available documents that are equally available to defendants.

24

---

25  [187]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [188]   See Webster Dec. at p. 1-5.

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  Mattel further objects to this Request on the grounds that such discovery from
2  Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the
3  discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"
4  line of products are not at issue in this action and are irrelevant to the claims and
5  defenses in this suit.  Rather, at issue are the actions of defendants and third parties
6  associated with defendants in connection with the projects that defendant Bryant
7  worked on with defendant MGA, which is information known to and within the
8  possession, custody and control of defendants and their associated third parties, not
9  Mattel.   Mattel further objects to this Request on the grounds that it seeks
10  confidential, proprietary and trade secret information, such as current and future
11  Mattel marketing and pricing plans and strategies, that has no bearing on the claims
12  or defenses in this case.  Mattel further objects to this Request on the grounds that it
13  calls for the disclosure of information subject to the attorney-client privilege, the
14  attorney work-product doctrine and other applicable privileges.   Mattel further
15  objects to this Request on the grounds that it is improperly phrased as a legal
16  contention.   Mattel further objects to this Request on the grounds that it is
17  duplicative of or subsumed within prior Requests already responded to and seeks the
18  re-production of information and documents already produced in this action.  Such
19  information and documents will not be re-produced.

20  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
21  **TO SHOULD BE COMPELLED**

22          Mattel has not agreed to produce documents in response to this request,
23  resting on its improper boilerplate objections.  Under the Federal Rules of Civil
24  Procedure, "an objection to part of a request must specify the part and permit
25  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to
26  explain the basis for an objection with specificity are routinely rejected in the
27  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
28  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

1    harassing' are improper – especially when a party fails to submit any evidentiary

2    declarations supporting such objections").  Accordingly, Mattel must be compelled

3    either to certify that it has produced all non-privileged responsive documents or to

4    produce all such documents by a date certain.

5            To the extent that Mattel is relying on its blanket objections, they are

6    not sustainable and do not justify Mattel's failure to produce documents.

7            As to overbreadth, Mattel provides no explanation, let alone the

8    required particularity, as to *why* this request is supposedly overly broad, nor can it

9    do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

10    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

11    request is narrowly tailored to Mattel's intent to assert a particular damages claim or

12    claim for injunctive relief.  The category of documents requested is relevant to the

13    damages claim and claim for injunctive relief, and it is clearly discoverable to the

14    extent that Mattel is requesting such relief in Phase 2.

15            As to burden, Mattel has not attempted to demonstrate why responding

16    to this request and/or producing responsive documents presents any burden.  This

17    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

18    173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19    request is unduly burdensome must allege specific facts which indicate the nature

20    and extent of the burden, usually by affidavit or other reliable evidence.")

21    Moreover, it is not unduly burdensome, as noted above, in that the request is

22    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23    has engaged in a broad variety of unfair trade practices including serial copying of

24    MGA products.  Mattel also has a claim of trade secret misappropriation against

25    MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

26            This request does not seek documents protected by the attorney-client

27    privilege, the attorney work product doctrine, or other applicable privileges.  To the

28    extent that Mattel contends that it does, Mattel must provide a privilege log.

1   Mattel objects that the request contains confidential, proprietary and
2   trade secret information.   A Protective Order exists in this case, obviating any
3   concern as to protection of privacy rights and/or commercially sensitive
4   information.

5   Mattel's prayer for relief is extremely broad in Phase 2.   MGA is
6   entitled to all documents on the issue, and not just those that Mattel chooses to
7   produce in support of its claims.  Because Mattel's pleadings seek such broad relief,
8   MGA is entitled to extremely broad discovery to the extent that Mattel intends to
9   assert particular damages theories or to request injunctive relief.

10   None of Mattel's improper objections are valid and Mattel is obligated
11   to produce all non-privileged responsive documents in its possession, custody, or
12   control.

13   **MATTEL'S RESPONSE:**

14   MGA's argument that it is entitled to these documents fails on the
15   merits.   MGA bears the burden of showing that its discovery meets the relevance
16   requirements of <u>Rule</u> 26(b)(1).[189]   MGA has not sufficiently explained how <u>all</u>
17   documents mentioning, referring or relating to the conception, creation, design,
18   development or reduction to practice of Bratz Petz are relevant to Phase 2 issues.
19   "A trial court has a duty, of special significance in lengthy and complex cases where
20   the possibility of abuse is always present, to supervise and limit discovery to protect
21   parties and witnesses from annoyance and excessive expense."   <u>Dolgow v.</u>
22   <u>Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan</u>
23   <u>American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);
24   <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983)

25   _____

26   [189]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
27   moving party, "Mattel bears an initial burden of establishing relevancy") (citing
28   <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

1   (same).  As the previous Discovery Master has held, a party may not propound
2   document requests as part of a fishing expedition or to discover new claims.[190]
3   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need
4   not condone the use of discovery to engage in 'fishing expeditions.'").

5        Further, this Request is grossly overbroad.  Seeking the universe of all
6   documents referring or relating to the creation and development of Bratz Petz is
7   plainly not narrowly tailored to seek information relevant to Phase 2.

8        The Request is also duplicative of other MGA Parties requests in
9   response to which Mattel has produced 17,278 pages in Phase 1 of this case.  MGA
10  has admitted that Mattel has produced documents responsive to this Request.[191]

11       Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
12  that a Court should limit the extent of discovery if it determines that the burden of
13  the proposed discovery outweighs its likely benefit; the discovery sought is
14  unreasonably cumulative or duplicative, or is obtainable from some other source that
15  is more convenient, less burdensome, or less expensive; or the party seeking
16  discovery has had ample opportunity by discovery in the action to obtain the
17  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
18  producing the documents responsive to this overbroad Request would greatly
19  outweigh any marginal benefit to MGA, for the following reasons.

20
21
22
23
24

[190]  See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.
[191]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2, Dart Dec., Exh. 43.

00505.07975/3161896.1
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1



1
2
3
4
5
6
7
8
9
10
11
12      There is no basis for overruling Mattel's privilege objection.  MGA's
13  bald assertion that "[t]his request does not seek information protected by the
14  attorney-client privilege, the attorney work product doctrine, or other applicable
15  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
16  agreed that "all privileged documents would be logged except for documents created
17  after this action was filed on April 27, 2004."[204]   Thus, to the extent privileged
18  documents fall within the post lawsuit time period, they need not be included on
19  Mattel's log.  Although it bears the burden of showing why this agreement should
20  not be applied to a given Request, MGA fails to do so.
21
22
23
24
25
26
27
28

1    Finally, MGA failed to meet and confer at all, much less in good faith,
2 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
3 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
4 the moving party shall first identify each dispute, state the relief sought and identify
5 the authority supporting the requested relief in a meet and confer letter that shall be
6 served on all parties by facsimile or electronic mail. The parties shall have five court
7 days from the date of service of that letter to conduct an in-person conference to
8 attempt to resolve the dispute.").   In order to engage in a meaningful meet and
9 confer, MGA had the burden to show the relevance of any requests it sought to
10 move on.[205]   At no point during the meet and confer process did MGA show why
11 this Request could be considered relevant to Phase 2 issues.[206]   Because MGA
12 refused to even attempt to make this showing, there was no possibility of a good
13 faith meet and confer to resolve the parties' disputes.  The Discovery Master should
14 deny MGA's motion with respect to this Request on that grounds alone.

15 **REQUEST FOR PRODUCTION NO. 13:**

16    All DOCUMENTS mentioning, referring or relating to BRATZ
17 BABYZ, if YOU seek in this case to enjoin the sale of BRATZ BABYZ, or seek, as
18 any part of YOUR recovery or damages in this case, any right or interest in,
19 revenues or profits from, or lost profits or other damages caused by BRATZ
20 BABYZ.

21 **RESPONSE TO REQUEST NO. 13:**

22    In addition to the general objections stated above, which are
23 incorporated herein by reference, Mattel objects to this Request on the grounds that

24

25 [205]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
   [206]   See Webster Dec. at p. 1-5.

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    it is unreasonably burdensome and premature in that the facts necessary to
2    determine the full nature and extent of Mattel's relief and damages from defendant's
3    acts or omissions are known by defendants and third parties associated with
4    defendants, but are not known by Mattel at this juncture because of defendants'
5    refusals to produce basic discovery'.  Mattel further objects to this Request on the
6    grounds that it is not limited in time or geographical scope, and seeks all documents
7    in Mattel's possession, custody and control mentioning, referring or relating to
8    "Bratz Babyz," including publicly available documents that are equally available to
9    defendants.    Mattel further objects to this Request on the grounds that such
10   discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely
11   to the lead to the discovery of admissible evidence in that Mattel's actions in relation
12   to the "Bratz" line of products are not at issue in this action and are irrelevant to the
13   claims and defenses in this suit.  Rather, at issue are the actions of defendants and
14   third parties associated with defendants in connection with the projects that
15   defendant Bryant worked on with defendant MGA, which is information known to
16   and within the possession, custody and control of defendants and their associated
17   third parties, not Mattel.  Mattel further objects to this Request on the grounds that it
18   seeks confidential, proprietary and trade secret information, such as current and
19   future Mattel marketing and pricing plans and strategies, that has no bearing on the
20   claims or defenses in this case.  Mattel further objects to this Request on the grounds
21   that it calls for the disclosure of information subject to the attorney-client privilege,
22   the attorney work-product doctrine and other applicable privileges.

23          Mattel further objects to this Request on the grounds that it is
24   improperly phrased as a legal contention.  Mattel further objects to this Request on
25   the grounds that it is duplicative of or subsumed within prior Requests already
26   responded to and seeks

27          the re-production of information and documents already produced in
28   this action.  Such information and documents will not be re-produced.

                                    -103-

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, resting on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This request is narrowly tailored to Mattel's intent to assert a particular damages claim or claim for injunctive relief.  The category of documents requested is relevant to the damages claim and claim for injunctive relief, and it is clearly discoverable to the extent that Mattel is requesting such relief in Phase 2.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

1  and extent of the burden, usually by affidavit or other reliable evidence.")
2  Moreover, it is not unduly burdensome, as noted above, in that the request is
3  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
4  has engaged in a broad variety of unfair trade practices including serial copying of
5  MGA products.  Mattel also has a claim of trade secret misappropriation against
6  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

7      This request does not seek documents protected by the attorney-client
8  privilege, the attorney work product doctrine, or other applicable privileges.  To the
9  extent that Mattel contends that it does, Mattel must provide a privilege log.

10     Mattel objects that the request contains confidential, proprietary and
11 trade secret information.  A Protective Order exists in this case, obviating any
12 concern as to protection of privacy rights and/or commercially sensitive
13 information.

14     Mattel's prayer for relief is extremely broad in Phase 2.  MGA is
15 entitled to all documents on the issue, and not just those that Mattel chooses to
16 produce in support of its claims.  Because Mattel's pleadings seek such broad relief,
17 MGA is entitled to extremely broad discovery to the extent that Mattel intends to
18 assert particular damages theories or to request injunctive relief.

19     None of Mattel's improper objections are valid and Mattel is obligated
20 to produce all non-privileged responsive documents in its possession, custody, or
21 control.

22 **MATTEL'S RESPONSE:**

23     This Request is grossly overbroad.  Seeking the universe of <u>all</u>
24 documents referring or relating to Bratz Babyz, and thus by extension to Bratz, is

plainly not narrowly tailored to seek information relevant to Phase 2.   The prior
Discovery Master already found such requests to be improper.[207]

The Request is also duplicative of other MGA Parties requests in
response to which Mattel has produced 17,278 pages in Phase 1 of this case.   MGA
has admitted that Mattel has produced documents responsive to this Request.[208]

The Discovery Master should also sustain Mattel's objection as to
relevance.   MGA bears the burden of showing that its discovery meets the relevance
requirements of Rule 26(b)(1).[209]   MGA has not sufficiently explained how all
documents mentioning, referring or relating to Bratz Babyz are relevant to Phase 2
issues.   "A trial court has a duty, of special significance in lengthy and complex
cases where the possibility of abuse is always present, to supervise and limit
discovery to protect parties and witnesses from annoyance and excessive expense."
Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways
Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.
1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D.
Ill. 1983) (same).   As the previous Discovery Master has held, a party may not
propound document requests as part of a fishing expedition or to discover new

---

[207]   See Order Granting in Part and Denying in Part MGA's Motion to Compel,
dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of
requests is clearly overbroad, requiring production of documents that merely
mention MGA, Larian, Bratz or other MGA products, regardless of whether or not
they have anything to do with the claims or defenses in this case.").

[208]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2,
Dart Dec., Exh. 43.

[209]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
moving party, "Mattel bears an initial burden of establishing relevancy") (citing
Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    claims.[210] <u>Rivera v. NIBCO, Inc.,</u> 364 F.3d 1057, 1072 (9th Cir. 2004) ("District
2    courts need not condone the use of discovery to engage in 'fishing expeditions.'").

3          Further, this Request is unduly burdensome. <u>Rule</u> 26(b)(2)(c) provides
4    that a Court should limit the extent of discovery if it determines that the burden of
5    the proposed discovery outweighs its likely benefit; the discovery sought is
6    unreasonably cumulative or duplicative, or is obtainable from some other source that
7    is more convenient, less burdensome, or less expensive; or the party seeking
8    discovery has had ample opportunity by discovery in the action to obtain the
9    information sought. <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c). The burden of locating and
10    producing the documents responsive to this overbroad Request would greatly
11    outweigh any marginal benefit to MGA, for the following reasons.



22

23     [210]    <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for
24    Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
25    1.



28



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ████████████████████████████████████████████

2 ████████████████████████████████

3 　　　There is no basis for overruling Mattel's privilege objection.  MGA's
4 bald assertion that "[t]his request does not seek information protected by the
5 attorney-client privilege, the attorney work product doctrine, or other applicable
6 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
7 agreed that "all privileged documents would be logged except for documents created
8 after this action was filed on April 27, 2004."[223]  Thus, to the extent privileged
9 documents fall within the post lawsuit time period, they need not be included on
10 Mattel's log.  Although it bears the burden of showing why this agreement should
11 not be applied to a given Request, MGA fails to do so.

12 　　　Finally, MGA failed to meet and confer at all, much less in good faith,
13 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
14 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
15 the moving party shall first identify each dispute, state the relief sought and identify
16 the authority supporting the requested relief in a meet and confer letter that shall be
17 served on all parties by facsimile or electronic mail. The parties shall have five court
18 days from the date of service of that letter to conduct an in-person conference to
19 attempt to resolve the dispute.").   In order to engage in a meaningful meet and
20 confer, MGA had the burden to show the relevance of any requests it sought to

21

22 _____

23 ████████████████████████████████████

24 ████████████████████████████████████

25 ████████████████████████████████████

26 [223]　See Order Denying Mattel's Motion for Protective Order Limiting the
27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
3.

28

1  move on.[224]   At no point during the meet and confer process did MGA show why

2  this Request could be considered relevant to Phase 2 issues.[225]   Because MGA

3  refused to even attempt to make this showing, there was no possibility of a good

4  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

5  deny MGA's motion with respect to this Request on that grounds alone.

6  **REQUEST FOR PRODUCTION NO. 14:**

7       All DOCUMENTS mentioning, referring or relating to the conception,

8  creation, design, development or reduction to practice of the BRATZ BABYZ, if

9  YOU seek in this case to enjoin the sale of BRATZ BABYZ, or seek, as any part of

10  YOUR recovery or damages in this case, any right or interest in, revenues or profits

11  from, or lost profits or other damages caused by BRATZ BABYZ.

12  **RESPONSE TO REQUEST NO. 14:**

13       In addition to the general objections stated above, which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is unreasonably burdensome and premature in that the facts necessary to

16  determine the full nature and extent of Mattel's relief and damages from defendant's

17  acts or omissions are known by defendants and third parties associated with

18  defendants, but are not known by Mattel at this juncture because of defendants'

19  refusals to produce basic discovery.  Mattel further objects to this Request on the

20  grounds that it is not limited in time or geographical scope, and seeks all documents

21  in Mattel's possession, custody and control mentioning, referring or relating to "the

22  conception, creation, design, development or reduction to practice of 'Bratz Babyz,'"

23  including publicly available documents that are equally available to defendants.

24

25  [224]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

    [225]   See Webster Dec. at p. 1-5.

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   Mattel further objects to this Request on the grounds that such discovery from
2   Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the
3   discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"
4   line of products are not at issue in this action and are irrelevant to the claims and
5   defenses in this suit. Rather, at issue are the actions of defendants and third parties
6   associated with defendants in connection with the projects that defendant Bryant
7   worked on with defendant MGA, which is information known to and within the
8   possession, custody and control of defendants and their associated third parties, not
9   Mattel.   Mattel further objects to this Request on the grounds that it seeks
10  confidential, proprietary and trade secret information, such as current and future
11  Mattel marketing and pricing plans and strategies, that has no bearing on the claims
12  or defenses in this case. Mattel further objects to this Request on the grounds that it
13  calls for the disclosure of information subject to the attorney-client privilege, the
14  attorney work-product doctrine and other applicable privileges.   Mattel further
15  objects to this Request on the grounds that it is improperly phrased as a legal
16  contention.   Mattel further objects to this Request on the grounds that it is
17  duplicative of or subsumed within prior Requests already responded to and seeks the
18  re-production of information and documents already produced in this action.  Such
19  information and documents will not be re-produced.

20  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
21  **TO SHOULD BE COMPELLED**

22          Mattel has not agreed to produce documents in response to this request,
23  resting on its improper boilerplate objections.   Under the Federal Rules of Civil
24  Procedure, "an objection to part of a request must specify the part and permit
25  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to
26  explain the basis for an objection with specificity are routinely rejected in the
27  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
28  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

-112-

harassing' are improper — especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This request is narrowly tailored to Mattel's intent to assert a particular damages claim or claim for injunctive relief. The category of documents requested is relevant to the damages claim and claim for injunctive relief, and it is clearly discoverable to the extent that Mattel is requesting such relief in Phase 2.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products. Mattel also has a claim of trade secret misappropriation against MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

1   Mattel objects that the request contains confidential, proprietary and

2   trade secret information.   A Protective Order exists in this case, obviating any

3   concern as to protection of privacy rights and/or commercially sensitive

4   information.

5   Mattel's prayer for relief is extremely broad in Phase 2.   MGA is

6   entitled to all documents on the issue, and not just those that Mattel chooses to

7   produce in support of its claims.  Because Mattel's pleadings seek such broad relief,

8   MGA is entitled to extremely broad discovery to the extent that Mattel intends to

9   assert particular damages theories or to request injunctive relief.

10   None of Mattel's improper objections are valid and Mattel is obligated

11   to produce all non-privileged responsive documents in its possession, custody, or

12   control.

13   **MATTEL'S RESPONSE:**

14   MGA's argument that it is entitled to these documents fails on the

15   merits.   MGA bears the burden of showing that its discovery meets the relevance

16   requirements of Rule 26(b)(1).[226]   MGA has not sufficiently explained how all

17   documents mentioning, referring or relating to the conception, creation, design,

18   development or reduction to practice of Bratz Babyz are relevant to Phase 2 issues.

19   "A trial court has a duty, of special significance in lengthy and complex cases where

20   the possibility of abuse is always present, to supervise and limit discovery to protect

21   parties and witnesses from annoyance and excessive expense."   Dolgow v.

22   Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

23   American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

24   Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

25

26   [226]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

27   moving party, "Mattel bears an initial burden of establishing relevancy") (citing
Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

1   (same).  As the previous Discovery Master has held, a party may not propound
2   document requests as part of a fishing expedition or to discover new claims.[227]
3   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need
4   not condone the use of discovery to engage in 'fishing expeditions.'").

5           Further, this Request is grossly overbroad.  Seeking the universe of all
6   documents referring or relating to the creation and development of Bratz Babyz is
7   plainly not narrowly tailored to seek information relevant to Phase 2.

8           The Request is also duplicative of other MGA Parties requests in
9   response to which Mattel has produced 17,278 pages in Phase 1 of this case.  MGA
10  has admitted that Mattel has produced documents responsive to this Request.[228]

11          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
12  that a Court should limit the extent of discovery if it determines that the burden of
13  the proposed discovery outweighs its likely benefit; the discovery sought is
14  unreasonably cumulative or duplicative, or is obtainable from some other source that
15  is more convenient, less burdensome, or less expensive; or the party seeking
16  discovery has had ample opportunity by discovery in the action to obtain the
17  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
18  producing the documents responsive to this overbroad Request would greatly
19  outweigh any marginal benefit to MGA, for the following reasons.

20  ████████████████████████████████████

21  ████████████████████████████████████

22

23

24

25  [227]    See Order Granting In Part and Denying In Part Mattel's Motion for
    Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
26  1.
    [228]    See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2,
27  Dart Dec., Exh. 43.

28



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28