

12  There is no basis for overruling Mattel's privilege objection.  MGA's
13  bald assertion that "[t]his request does not seek information protected by the
14  attorney-client privilege, the attorney work product doctrine, or other applicable
15  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
16  agreed that "all privileged documents would be logged except for documents created
17  after this action was filed on April 27, 2004."[241]  Thus, to the extent privileged
18  documents fall within the post lawsuit time period, they need not be included on
19  Mattel's log.  Although it bears the burden of showing why this agreement should
20  not be applied to a given Request, MGA fails to do so.

21

22

---

23

24

25

26  [241]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
    3.
28

1    Finally, MGA failed to meet and confer at all, much less in good faith,
2    regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master
3    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
4    the moving party shall first identify each dispute, state the relief sought and identify
5    the authority supporting the requested relief in a meet and confer letter that shall be
6    served on all parties by facsimile or electronic mail. The parties shall have five court
7    days from the date of service of that letter to conduct an in-person conference to
8    attempt to resolve the dispute.").   In order to engage in a meaningful meet and
9    confer, MGA had the burden to show the relevance of any requests it sought to
10   move on.[242]    At no point during the meet and confer process did MGA show why
11   this Request could be considered relevant to Phase 2 issues.[243]   Because MGA
12   refused to even attempt to make this showing, there was no possibility of a good
13   faith meet and confer to resolve the parties' disputes.  The Discovery Master should
14   deny MGA's motion with respect to this Request on that grounds alone.

15   **REQUEST FOR PRODUCTION NO. 15:**

16   All DOCUMENTS mentioning, referring or relating to BRATZ BOYZ,
17   if YOU seek in this case to enjoin the sale of BRATZ BOYZ, or seek, as any part of
18   YOUR recovery or damages in this case, any right or interest in, revenues or profits
19   from, or lost profits or other damages caused by BRATZ BOYZ.

20   **RESPONSE TO REQUEST NO. 15:**

21   In addition to the general objections stated above, which are
22   incorporated herein by reference, Mattel objects to this Request on the grounds that
23   it is unreasonably burdensome and premature in that the facts necessary to

24
25   [242]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26   moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27   <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
     [243]   <u>See</u> Webster Dec. at p. 1-5.
28

1 | determine the full nature and extent of Mattel's relief and damages from defendant's
2 | acts or omissions are known by defendants and third parties associated with
3 | defendants, but are not known by Mattel at this juncture because of defendants'
4 | refusals to produce basic discovery.  Mattel further objects to this Request on the
5 | grounds that it is not limited in time or geographical scope, and seeks all documents
6 | in Mattel's possession, custody and control mentioning, referring or relating to the
7 | lead to the discovery of admissible evidence in that Mattel's actions in relation to the
8 | "Bratz" line of products are not at issue in this action and are irrelevant to the claims
9 | and defenses in this suit.  Rather, at issue are the actions of defendants and third
10 | parties associated with defendants in connection with the projects that defendant
11 | Bryant worked on with defendant MGA, which is information known to and within
12 | the possession, custody and control of defendants and their associated third parties,
13 | not Mattel.  Mattel further objects to this Request on the grounds that it seeks
14 | confidential, proprietary and trade secret information, such as current and future
15 | Mattel marketing and pricing plans and strategies, that has no bearing on the claims
16 | or defenses in this case.  Mattel further objects to this Request on the grounds that it
17 | calls for the disclosure of information subject to the attorney-client privilege, the
18 | attorney work-product doctrine and other applicable privileges.  Mattel further
19 | objects to this Request on the grounds that it is improperly phrased as a legal
20 | contention.  Mattel further objects to this Request on the grounds that it is
21 | duplicative of or subsumed within prior Requests already responded to and seeks the
22 | re-production of information and documents already produced in this action.  Such
23 | information and documents will not be re-produced.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

26 | Mattel has not agreed to produce documents in response to this request,
27 | resting on its improper boilerplate objections.  Under the Federal Rules of Civil
28 | Procedure, "an objection to part of a request must specify the part and permit

1    inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to
2    explain the basis for an objection with specificity are routinely rejected in the
3    Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
4    (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
5    harassing' are improper – especially when a party fails to submit any evidentiary
6    declarations supporting such objections").  Accordingly, Mattel must be compelled
7    either to certify that it has produced all non-privileged responsive documents or to
8    produce all such documents by a date certain.

9          To the extent that Mattel is relying on its blanket objections, they are
10   not sustainable and do not justify Mattel's failure to produce documents.

11         As to overbreadth, Mattel provides no explanation, let alone the
12   required particularity, as to *why* this request is supposedly overly broad, nor can it
13   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
14   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This
15   request is narrowly tailored to Mattel's intent to assert a particular damages claim or
16   claim for injunctive relief.  The category of documents requested is relevant to the
17   damages claim and claim for injunctive relief, and it is clearly discoverable to the
18   extent that Mattel is requesting such relief in Phase 2.

19         As to burden, Mattel has not attempted to demonstrate why responding
20   to this request and/or producing responsive documents presents any burden.  This
21   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
22   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
23   request is unduly burdensome must allege specific facts which indicate the nature
24   and extent of the burden, usually by affidavit or other reliable evidence.")
25   Moreover, it is not unduly burdensome, as noted above, in that the request is
26   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
27   has engaged in a broad variety of unfair trade practices including serial copying of
28

00505.07975/3161896.1
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  MGA products.  Mattel also has a claim of trade secret misappropriation against
2  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

3      This request does not seek documents protected by the attorney-client
4  privilege, the attorney work product doctrine, or other applicable privileges.  To the
5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6      Mattel objects that the request contains confidential, proprietary and
7  trade secret information.  A Protective Order exists in this case, obviating any
8  concern  as  to  protection  of  privacy  rights  and/or  commercially  sensitive
9  information.

10     Mattel's prayer for relief is extremely broad in Phase 2.  MGA is
11 entitled to all documents on the issue, and not just those that Mattel chooses to
12 produce in support of its claims.  Because Mattel's pleadings seek such broad relief,
13 MGA is entitled to extremely broad discovery to the extent that Mattel intends to
14 assert particular damages theories or to request injunctive relief.

15     None of Mattel's improper objections are valid and Mattel is obligated
16 to produce all non-privileged responsive documents in its possession, custody, or
17 control.

18 **MATTEL'S RESPONSE:**

19     This Request is grossly overbroad.  Seeking the universe of all
20 documents referring or relating to Bratz Boyz, and thus by extension to Bratz, is
21 plainly not narrowly tailored to seek information relevant to Phase 2.  The prior
22 Discovery Master already found such requests to be improper.[244]

23

24

25 [244]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,
   dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of
26 requests is clearly overbroad, requiring production of documents that merely
   mention MGA, Larian, Bratz or other MGA products, regardless of whether or not
27 they have anything to do with the claims or defenses in this case.").

28

1    The Request is also duplicative of other MGA Parties requests in
2 response to which Mattel has produced 17,278 pages in Phase 1 of this case. MGA
3 has admitted that Mattel has produced documents responsive to this Request.[245]

4    The Discovery Master should also sustain Mattel's objection as to
5 relevance. MGA bears the burden of showing that its discovery meets the relevance
6 requirements of Rule 26(b)(1).[246]   MGA has not sufficiently explained how all
7 documents mentioning, referring or relating to Bratz Boyz are relevant to Phase 2
8 issues. "A trial court has a duty, of special significance in lengthy and complex
9 cases where the possibility of abuse is always present, to supervise and limit
10 discovery to protect parties and witnesses from annoyance and excessive expense."
11 Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways
12 Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.
13 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D.
14 Ill. 1983) (same).   As the previous Discovery Master has held, a party may not
15 propound document requests as part of a fishing expedition or to discover new
16 claims.[247]   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District
17 courts need not condone the use of discovery to engage in 'fishing expeditions.'").

18    Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides
19 that a Court should limit the extent of discovery if it determines that the burden of
20 the proposed discovery outweighs its likely benefit; the discovery sought is
21 unreasonably cumulative or duplicative, or is obtainable from some other source that

22 _____

23    [245]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2,
24 Dart Dec., Exh. 43.
     [246]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
25 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
26 Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

27

28

1  is more convenient, less burdensome, or less expensive; or the party seeking

2  discovery has had ample opportunity by discovery in the action to obtain the

3  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

4  producing the documents responsive to this overbroad Request would greatly

5  outweigh any marginal benefit to MGA, for the following reasons.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23  [247]  See Order Granting In Part and Denying In Part Mattel's Motion for

24  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.

25  1.

26

27

28

-124-

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



19        There is no basis for overruling Mattel's privilege objection. MGA's

20 bald assertion that "[t]his request does not seek information protected by the

21 attorney-client privilege, the attorney work product doctrine, or other applicable

22

23 [256]  Id.

24 [257]  Declaration of Lori Pantel, dated August 6, 2009, at ¶ 11, Dart Dec., Exh.
31..

25 [258]  Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,

26 Exh. 31.

27 [259]  Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,
Exh. 31.

28

privileges" has no merit.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[260]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.  Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").  In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[261]  At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[262]  Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

---

[260]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

[261]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[262]   See Webster Dec. at p. 1-5.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design, development or reduction to practice of BRATZ BOYZ, if YOU seek in this case to enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ BOYZ.

**RESPONSE TO REQUEST NO. 16:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it is not limited in time or geographical scope, and seeks all documents in Mattel's possession, custody and control mentioning, referring or relating to "the conception, creation, design, development or reduction to practice of 'Bratz Boyz,'" including publicly available documents that are equally available to defendants. Mattel further objects to this Request on the grounds that such discover! from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future

1   Mattel marketing and pricing plans and strategies, that has no bearing on the claims

2   or defenses in this case.  Mattel further objects to this Request on the grounds that it

3   calls for the disclosure of information subject to the attorney-client privilege, the

4   attorney work-product doctrine and other applicable privileges.

5           Mattel further objects to this Request on the grounds that it is

6   improperly phrased as a legal contention.  Mattel further objects to this Request on

7   the grounds that it is duplicative of or subsumed within prior Requests already

8   responded to and seeks the re-production of information and documents already

9   produced in this action.  Such information and documents will not be re-produced.

10  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

11  **TO SHOULD BE COMPELLED**

12          Mattel has improperly limited its agreement to produce documents in

13  response to this request to "aspects of the Bratz products that MGA has alleged were

14  infringed," and agrees to produce only subject to its improper boilerplate objections.

15  Mattel's unilateral limitation on its production is unjustified to the extent Mattel is

16  withholding documents on that basis.  Under the Federal Rules of Civil Procedure,

17  "an objection to part of a request must specify the part and permit inspection of the

18  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

19  for an objection with specificity are routinely rejected in the Central District.  See <u>A.</u>

20  <u>Farber and Partners, Inc. v. Garber,</u> 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

21  or boilerplate objections such as 'overly burdensome and harassing' are improper –

22  especially when a party fails to submit any evidentiary declarations supporting such

23  objections").  Accordingly, Mattel must be compelled either to certify that it has

24  produced all non-privileged responsive documents without limitation or to produce

25  all such documents by a date certain.

26          To the extent that Mattel is relying on its blanket objections, they are

27  not sustainable and do not justify Mattel's failure to produce documents.

28

1   As to overbreadth, Mattel provides no explanation, let alone the

2   required particularity, as to **why** this request is supposedly overly broad, nor can it

3   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

4   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

5   request is narrowly tailored to Mattel's intent to assert a particular damages claim or

6   claim for injunctive relief.  The category of documents requested is relevant to the

7   damages claim and claim for injunctive relief, and it is clearly discoverable to the

8   extent that Mattel is requesting such relief in Phase 2.

9   As to burden, Mattel has not attempted to demonstrate why responding

10  to this request and/or producing responsive documents presents any burden.  This

11  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

12  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

13  request is unduly burdensome must allege specific facts which indicate the nature

14  and extent of the burden, usually by affidavit or other reliable evidence.")

15  Moreover, it is not unduly burdensome, as noted above, in that the request is

16  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

17  has engaged in a broad variety of unfair trade practices, from trade dress

18  infringement to serial copying of MGA products.  MGA is entitled to discovery on

19  these claims.

20  This request does not seek documents protected by the attorney-client

21  privilege, the attorney work product doctrine, or other applicable privileges.  To the

22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23  Mattel objects that the request contains confidential/proprietary/trade

24  secret information.  A Protective Order exists in this case, obviating any concern as

25  to protection of privacy rights and/or commercially sensitive information.

26  Mattel's objection that the documents sought are not relevant is

27  unfounded, as copying of Bratz themes, and Mattel's knowledge of those themes

28  before they were advertised or made publicly available is highly relevant to MGA's

1 claims and defenses, including its claims for trade dress infringement and unfair
2 competition through Mattel's serial copying of MGA products.

3        Mattel's prayer for relief is extremely broad in Phase 2. MGA is
4 entitled to all documents on the issue, and not just those that Mattel chooses to
5 produce in support of its claims. Because Mattel's pleadings seek such broad relief,
6 MGA is entitled to extremely broad discovery to the extent that Mattel intends to
7 assert particular damages theories or to request injunctive relief.

8        None of Mattel's improper objections are valid and Mattel is obligated
9 to produce all non-privileged responsive documents in its possession, custody or
10 control.

11 **MATTEL'S RESPONSE:**

12        MGA's argument that it is entitled to these documents fails on the
13 merits. MGA bears the burden of showing that its discovery meets the relevance
14 requirements of <u>Rule</u> 26(b)(1).[263]  MGA has not sufficiently explained how <u>all</u>
15 documents mentioning, referring or relating to the conception, creation, design,
16 development or reduction to practice of Bratz Boyz are relevant to Phase 2 issues.
17 "A trial court has a duty, of special significance in lengthy and complex cases where
18 the possibility of abuse is always present, to supervise and limit discovery to protect
19 parties and witnesses from annoyance and excessive expense." <u>Dolgow v.</u>
20 <u>Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan</u>
21 <u>American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);
22 <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983)
23 (same). As the previous Discovery Master has held, a party may not propound
24
25 _____

26    [263]  <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
27 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
   <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
28

document requests as part of a fishing expedition or to discover new claims.[264] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, this Request is grossly overbroad. Seeking the universe of all documents referring or relating to the creation and development of Bratz Boyz is plainly not narrowly tailored to seek information relevant to Phase 2.

The Request is also duplicative of other MGA Parties requests in response to which Mattel has produced 17,278 pages in Phase 1 of this case. MGA has admitted that Mattel has produced documents responsive to this Request.[265]

Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.

---

[264]    See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

[265]    See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2, Dart Dec., Exh. 43.

-132-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



9   There is no basis for overruling Mattel's privilege objection. MGA's

10  bald assertion that "[t]his request does not seek information protected by the

11  attorney-client privilege, the attorney work product doctrine, or other applicable

12  privileges" has no merit. Moreover, as MGA has itself argued, the parties have

13  agreed that "all privileged documents would be logged except for documents created

14  after this action was filed on April 27, 2004."[278]  Thus, to the extent privileged

15  documents fall within the post lawsuit time period, they need not be included on

16  Mattel's log. Although it bears the burden of showing why this agreement should

17  not be applied to a given Request, MGA fails to do so.

18  Finally, MGA failed to meet and confer at all, much less in good faith,

19  regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

20  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,



the moving party shall first identify each dispute, state the relief sought and identify
the authority supporting the requested relief in a meet and confer letter that shall be
served on all parties by facsimile or electronic mail. The parties shall have five court
days from the date of service of that letter to conduct an in-person conference to
attempt to resolve the dispute.").   In order to engage in a meaningful meet and
confer, MGA had the burden to show the relevance of any requests it sought to
move on.[279]   At no point during the meet and confer process did MGA show why
this Request could be considered relevant to Phase 2 issues.[280]   Because MGA
refused to even attempt to make this showing, there was no possibility of a good
faith meet and confer to resolve the parties' disputes.  The Discovery Master should
deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS referring or relating to BRATZ INTELLECTUAL
PROPERTY that YOU have given or shown to any person working on or involved
in product conception, creation, design or development at or for MATTEL.

**RESPONSE TO REQUEST NO. 17:**

In addition to the general objections stated above which are
incorporated herein by reference, Mattel objects to this Request as being overbroad,
unduly burdensome and oppressive on the Grounds that it is not limited in time or
geographical scope, and seeks all documents referring or relating to "Bratz
Intellectual Property" in Mattel's possession, custody and control given or shown for
any reason by anyone at "Mattel," as defined by MGA to include past employees
like Bryant, to any person working on or involved in the conception, creation,

---

[279]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
moving party, "Mattel bears an initial burden of establishing relevancy") (citing
Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
[280]   See Webster Dec. at p. 1-5.

-136-

1 │ design or development of any Mattel product, including former and present
2 │ employees and independent contractors working around the globe. Mattel further
3 │ objects to this Request on the grounds that such discovery from Mattel is overbroad,
4 │ unduly burdensome, oppressive and not likely to the lead to the discovery of
5 │ admissible evidence in that Mattel's actions in relation to the "Bratz" line of
6 │ products are not at issue in this action and are irrelevant to the claims and defenses
7 │ in this suit. Rather, at issue are the actions of defendants and third parties associated
8 │ with defendants in connection with the projects that defendant Bryant worked on
9 │ with defendant MGA, which is information known to and within the possession,
10 │ custody and control of defendants and their associated third parties, not Mattel.
11 │ Mattel further objects to this Request on the ground that the ten-n "Bratz Intellectual
12 │ Property" is vague and ambiguous. Mattel further objects to this Request on the
13 │ grounds that it calls for the disclosure of information subject to the attorney-client
14 │ privilege, the attorney work-product doctrine and other applicable privileges.

15 │ **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
16 │ **TO SHOULD BE COMPELLED**

17 │       Mattel has not agreed to produce documents in response to this request,
18 │ subject to its improper boilerplate objections. Mattel has refused to confirm whether
19 │ or not it has produced all non-privileged responsive documents or whether it is
20 │ withholding documents based on its objections in Phase 2. Under the Federal Rules
21 │ of Civil Procedure, "an objection to part of a request must specify the part and
22 │ permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that
23 │ fail to explain the basis for an objection with specificity are routinely rejected in the
24 │ Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
25 │ (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
26 │ harassing' are improper – especially when a party fails to submit any evidentiary
27 │ declarations supporting such objections"). Accordingly, Mattel must be compelled
28 │

1   either to certify that it has produced all non-privileged responsive documents or to
2   produce all such documents by a date certain.

3          To the extent that Mattel is relying on its blanket objections, they are
4   not sustainable and do not justify Mattel's failure to produce documents.

5          As to overbreadth, Mattel provides no explanation, let alone the
6   required particularity, as to *why* this request is supposedly overly broad, nor can it
7   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9   contrary, the request is narrowly tailored to seek documents concerning BRATZ
10  intellectual property that Mattel has given or shown to anyone working or involved
11  in its products.

12         As to burden, Mattel has not attempted to demonstrate why responding
13  to this request and/or producing responsive documents presents any burden. This
14  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
15  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
16  request is unduly burdensome must allege specific facts which indicate the nature
17  and extent of the burden, usually by affidavit or other reliable evidence.")
18  Moreover, it is not unduly burdensome, as noted above, in that the request is
19  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
20  has engaged in a broad variety of unfair trade practices including serial copying of
21  MGA products. MGA is entitled to discovery on these claims.

22         This request does not seek documents protected by the attorney-client
23  privilege, the attorney work product doctrine, or other applicable privileges. To the
24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25         Mattel objects that the request is duplicative or subsumed within prior
26  requests but does not identify the allegedly duplicative requests. Mattel's failure to
27  agree to produce responsive non-privileged documents is not proper based on this
28  objection.

1    Mattel objects that Mattel's actions in relation to the "Bratz" line of
2    products are not at issue in this action and are irrelevant to the claims and defenses
3    in this suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2
4    of these consolidated proceedings.  Discovery relating to Bratz is likely to lead to
5    admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair
6    competition claim, Mattel's trade secret misappropriation claim, and both parties
7    damages claims.

8    As for relevancy, Mattel has not attempted to demonstrate why the
9    information sought in response to this request is not discoverable in Phase 2.  On the
10   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
11   product lines, including its BRATZ product line, packaging, themes, accessories,
12   and advertising.  Documents related to BRATZ intellectual property that Mattel has
13   given or shown to anyone working on its products are highly relevant to MGA's
14   claims, including its allegation of serial copying by Mattel, and are discoverable in
15   Phase 2.

16   None of Mattel's improper objections are valid and Mattel is obligated
17   to produce all non-privileged responsive documents in its possession, custody, or
18   control.

19   **MATTEL'S RESPONSE:**

20   MGA's Request reaches a broad range of irrelevant materials and
21   materials covered by the attorney-client privilege and the attorney work product
22   without limitation as to time, scope, or source.   MGA and Mattel are large
23   multinational corporations and direct competitors; accordingly, each company will
24   have generated a huge range of documents "relating to" the other, the vast majority
25   of which are completely irrelevant to the Phase 2 claims.  For instance, a document
26   that simply lists public pricing or sales data for a Bratz product, or even an email
27   referring to the fact of Bratz's existence would fall under this Request as worded.
28   Further, inasmuch as the ownership of the intellectual property comprising of the

1  Bratz dolls, prior rulings in this case have already established that Mattel owns that
2  intellectual property.  Inasmuch as MGA merely seeks discovery in order to upend
3  these rulings in Phase 2, the Request is clearly irrelevant.

4          MGA must establish that its discovery meets the relevance
5  requirements of Rule 26(b)(1), which clearly states that discovery must be
6  "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
7  not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are
8  relevant to Phase 2 issues.  "A trial court has a duty, of special significance in
9  lengthy and complex cases where the possibility of abuse is always present, to
10  supervise and limit discovery to protect parties and witnesses from annoyance and
11  excessive expense."  <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>
12  <u>also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133
13  n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL
14  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
15  party may not propound document requests as part of a fishing expedition or to
16  discover new claims.  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)
17  ("District courts need not condone the use of discovery to engage in 'fishing
18  expeditions.'").

19          Additionally, MGA failed to meet and confer in good faith regarding
20  this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master Order No. 1,
21  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
22  party shall first identify each dispute, state the relief sought and identify the
23  authority supporting the requested relief in a meet and confer letter that shall be
24  served on all parties by facsimile or electronic mail. The parties shall have five court
25  days from the date of service of that letter to conduct an in-person conference to
26  attempt to resolve the dispute.").  At no point during the meet and confer process did
27  MGA articulate a valid basis for which this Request could be considered relevant to
28  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

1  simply not true; MGA never initiated any dialogue about this Request or Mattel's
2  response in the first place.  The Discovery Master should deny MGA's motion with
3  respect to this Request on that grounds alone.

4          The motion is also moot.  As MGA has admitted in correspondence
5  going back to 2007[281], Mattel has produced and continues to produce documents that
6  are responsive to this Request.  As to the actual production of relevant documents,
7  there is no dispute and indeed had been no dispute for years, as MGA well knows,
8  and this issue could have been resolved without motion practice if MGA had
9  completed the meet and confer process in good faith.

10          The Request is also entirely duplicative of prior discovery served by
11  Carter Bryant as well as subsequent discovery served by MGA.  ███████████
12  ███████████████████████████████████████████████
13  ███████████████████████████████████████████████
14  ███████████     MGA's claim, at this stage of the litigation, that there remain
15  unproduced relevant materials on this subject in Mattel's possession is not credible.
16  In fact, over *two years ago* MGA wrote a letter admitting that this set of requests
17  was duplicative and that Mattel had produced relevant documents in response.[283]

18          Further, prior Orders entered in this case -- at MGA's urging -- make
19  very clear that a Request that seeks all documents relating to such a wide and
20  amorphous category as "the Bratz Concept" is overbroad and improper.  As the prior
21  Discovery Master held in denying a motion to compel on what was a less
22  expansively worded Request, "this category of requests is clearly overbroad,

23  ───────────────────────────

24  [281]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
25  Dec., Exh. 43.

26  ████████████████████████████████████████████

27  [283]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
28  Dec., Exh. 43.

requiring production of documents that merely mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they have anything to do with the claims or defenses in this case."[284]  Similarly, the prior Discovery Master has denied motions to compel on Requests for "documents referring or relating to MGA's business dealings, without specifying any products or other subject matter limitations" because such Requests are grossly overbroad.[285]

There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege" has no merit.  Documents responsive to this Request could very well be subject to a claim of privilege or work product protection.  Despite MGA's claim to the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004." Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.



---

[284]   See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5.
[285]   Id.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



1

2

3

4

5  Finally, MGA takes issue with Mattel imposing any temporal

6  limitations on its production based on the filing of MGA's complaint.

7

8

9  MGA offers no reason, nor could it

10  consistent with judicial estoppel, why documents post-dating the filing of claims

11  which do not allege continuing wrongdoing are relevant to those claims.

12

13

14  _____

15

16

17

18

19

20

21

22  In finding that "there has been

23  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably calculated to lead to the discovery of admissible evidence regarding the RICO

24  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

25  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26  into existence – and therefore apparently did not encompass the activities or the

27  transactions which are the subject of the Financing Discovery." Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS referring or relating to the BRATZ CONCEPT that YOU have given or shown to any person working on or involved in product conception, creation, design or development at or for MATTEL.

**RESPONSE TO REQUEST NO. 18:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad, unduly burdensome and oppressive on the grounds that it is not limited in time, and seeks all documents in Mattel's possession, custody and control referring or relating to the "Bratz Concept" that was given or shown for any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees like Bryant, to any person working on <u>or involved</u> in the conception, creation, design or development of any Mattel product, including former and present employees and independent contractors working around the globe. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to "Bratz" are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the whether "images, drawings, pictures, sculpts, molds, prototypes and any other form of artwork" both predate the "First Bratz Dolls" and are "'Bratz'- related" are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture. Mattel further objects to this Request on the ground that the term "Bratz Concept" is vague and ambiguous. Mattel further

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    objects to this Request on the grounds that it calls for the disclosure of information

2    subject to the attorney-client privilege, the attorney work-product doctrine and other

3    applicable privileges.

4    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

5    **TO SHOULD BE COMPELLED**

6          Mattel has not agreed to produce documents in response to this request,

7    subject to its improper boilerplate objections. Mattel has refused to confirm whether

8    or not it has produced all non-privileged responsive documents or whether it is

9    withholding documents based on its objections in Phase 2. Under the Federal Rules

10   of Civil Procedure, "an objection to part of a request must specify the part and

11   permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

12   fail to explain the basis for an objection with specificity are routinely rejected in the

13   Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

14   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

15   harassing' are improper – especially when a party fails to submit any evidentiary

16   declarations supporting such objections"). Accordingly, Mattel must be compelled

17   either to certify that it has produced all non-privileged responsive documents or to

18   produce all such documents by a date certain.

19          To the extent that Mattel is relying on its blanket objections, they are

20   not sustainable and do not justify Mattel's failure to produce documents.

21          As to overbreadth, Mattel provides no explanation, let alone the

22   required particularity, as to *why* this request is supposedly overly broad, nor can it

23   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

24   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

25   contrary, the request is narrowly tailored to seek documents concerning the BRATZ

26   concept that Mattel has given or shown to anyone working or involved in its

27   products.

28

1   As to burden, Mattel has not attempted to demonstrate why responding
2   to this request and/or producing responsive documents presents any burden.   This
3   objection must therefore be rejected.   See Jackson v. Montgomery Ward & Co., Inc.,
4   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
5   request is unduly burdensome must allege specific facts which indicate the nature
6   and extent of the burden, usually by affidavit or other reliable evidence.")
7   Moreover, it is not unduly burdensome, as noted above, in that the request is
8   narrowly tailored to seek only discoverable evidence.   MGA has alleged that Mattel
9   has engaged in a broad variety of unfair trade practices including serial copying of
10   MGA products.   MGA is entitled to discovery on these claims.
11   This request does not seek documents protected by the attorney-client
12   privilege, the attorney work product doctrine, or other applicable privileges.   To the
13   extent that Mattel contends that it does, Mattel must provide a privilege log.
14   Mattel objects that Mattel's actions in relation to the "Bratz" line of
15   products are not at issue in this action and are irrelevant to the claims and defenses
16   in this suit.   Mattel cannot legitimately contend that Bratz is not at issue in Phase 2
17   of these consolidated proceedings.   Discovery relating to Bratz is likely to lead to
18   admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair
19   competition claim, Mattel's trade secret misappropriation claim, and both parties'
20   damages claims.
21   Mattel objects that the request is duplicative or subsumed within prior
22   requests but does not identify the allegedly duplicative requests.   Mattel's failure to
23   agree to produce responsive non-privileged documents is not proper based on this
24   objection.
25   As for relevancy, Mattel has not attempted to demonstrate why the
26   information sought in response to this request is not discoverable in Phase 2.   On the
27   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
28   product lines, including its BRATZ product line, packaging, themes, accessories,

1 and advertising.  Documents related to BRATZ concept that Mattel has given or
2 shown to anyone working on its products are highly relevant to MGA's claims,
3 including its allegation of serial copying by Mattel, and are discoverable in Phase 2.

4      None of Mattel's improper objections are valid and Mattel is obligated
5 to produce all non-privileged responsive documents in its possession, custody, or
6 control.

7 **MATTEL'S RESPONSE:**

8      MGA's Request reaches a broad range of irrelevant materials and
9 materials covered by the attorney-client privilege and the attorney work product
10 without limitation as to time, scope, or source.  MGA and Mattel are large
11 multinational corporations and direct competitors; accordingly, each company will
12 have generated a huge range of documents "relating to" the other, the vast majority
13 of which are completely irrelevant to the Phase 2 claims.  For instance, a document
14 that simply lists public pricing or sales data for a Bratz product, or even an email
15 referring to the fact of Bratz's existence would fall under this Request as worded.
16 Further, inasmuch as the ownership of the intellectual property comprising of the
17 Bratz dolls, prior rulings in this case have already established that Mattel owns that
18 intellectual property.  Inasmuch as MGA merely seeks discovery in order to upend
19 these rulings in Phase 2, the Request is clearly irrelevant.

20      MGA must establish that its discovery meets the relevance
21 requirements of Rule 26(b)(1), which clearly states that discovery must be
22 "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
23 not sufficiently explained how all documents relating to the "Bratz Concept" are
24 relevant to Phase 2 issues.  "A trial court has a duty, of special significance in
25 lengthy and complex cases where the possibility of abuse is always present, to
26 supervise and limit discovery to protect parties and witnesses from annoyance and
27 excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
28 also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL

2    1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a

3    party may not propound document requests as part of a fishing expedition or to

4    discover new claims. <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)

5    ("District courts need not condone the use of discovery to engage in 'fishing

6    expeditions.'").

7         Additionally, MGA failed to meet and confer in good faith regarding

8    this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master Order No. 1,

9    dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

10   party shall first identify each dispute, state the relief sought and identify the

11   authority supporting the requested relief in a meet and confer letter that shall be

12   served on all parties by facsimile or electronic mail. The parties shall have five court

13   days from the date of service of that letter to conduct an in-person conference to

14   attempt to resolve the dispute."). At no point during the meet and confer process did

15   MGA articulate a valid basis for which this Request could be considered relevant to

16   Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is

17   simply not true; MGA never initiated any dialogue about this Request or Mattel's

18   response in the first place. The Discovery Master should deny MGA's motion with

19   respect to this Request on that grounds alone.

20         The motion is also moot. As MGA has admitted in correspondence

21   going back to 2007[299], Mattel has produced and continues to produce documents that

22   are responsive to this Request. As to the actual production of relevant documents,

23   there is no dispute and indeed had been no dispute for years, as MGA well knows,

24   and this issue could have been resolved without motion practice if MGA had

25   completed the meet and confer process in good faith.

26

27

28

1    The Request is also entirely duplicative of prior discovery served by

2    Carter Bryant as well as subsequent discovery served by MGA.  ███████

3    ████████████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████████████

5    ███████████  MGA's claim, at this stage of the litigation, that there remain

6    unproduced relevant materials on this subject in Mattel's possession is not credible.

7    In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

8    was duplicative and that Mattel had produced relevant documents in response.[301]

9    Further, prior Orders entered in this case -- at MGA's urging -- make

10   very clear that a Request that seeks all documents relating to such a wide and

11   amorphous category as "the Bratz Concept" is overbroad and improper.  As the prior

12   Discovery Master held in denying a motion to compel on what was a less

13   expansively worded Request, "this category of requests is clearly overbroad,

14   requiring production of documents that merely mention MGA, Larian, Bratz or

15   other MGA products, regardless of whether or not they have anything to do with the

16   claims or defenses in this case."[302]  Similarly, the prior Discovery Master has denied

17   motions to compel on Requests for "documents referring or relating to MGA's

18   business dealings, without specifying any products or other subject matter

19   limitations" because such Requests are grossly overbroad.[303]

20

21   _____

22   [299]  <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart

23   Dec., Exh. 43.

████████████████████████████████████████████████████

24   ██████████████████████████████████████

25   [301]  <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
     Dec., Exh. 43.

26   [302]  <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel,

27   dated May 22, 2007, Dart Dec., Exh. 5.
     [303]  <u>Id.</u>

28

1    There is no basis for overruling Mattel's privilege objection.  MGA's

2 bald assertion that "this request does not seek information protected by the attorney-

3 client privilege, the attorney work product doctrine, or any other applicable

4 privilege" has no merit.  Documents responsive to this Request could very well be

5 subject to a claim of privilege or work product protection.  Despite MGA's claim to

6 the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA

7 has itself argued, the parties have agreed that "all privileged documents would be

8 logged except for documents created after this action was filed on April 27, 2004."

9 Thus, to the extent privileged documents fall within the post lawsuit time period,

10 they need not be included on Mattel's log.



305  Id. ¶ 9-11.
306  Id.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



1 ███████████████████████████████████████████████

2 ████████████████████████████████

3      Finally, MGA takes issue with Mattel imposing any temporal

4 limitations on its production based on the filing of MGA's complaint. ████████

5 ███████████████████████████████████████████████

6 ███████████████████████████████████████████████

7 ██████████████████████████████ MGA offers no reason, nor could it

8 consistent with judicial estoppel, why documents post-dating the filing of claims

9 which do not allege continuing wrongdoing are relevant to those claims.

10 **REQUEST FOR PRODUCTION NO. 19:**

11      All DOCUMENTS referring or relating to the FIRST BRATZ DOLLS

12 that YOU have given or shown to any person working on or involved in product

13 conception, creation, design or development at or for MATTEL.

14

15

16

17 ███████████████████████████████████████████████

18 ███████████████████████████████████████████████

19 ███████████████████████████████████████████████

20 ███████████████████████████████████████████████

21 ███████████████████████████████████████████████

22 ████████████████████████████ In finding that "there has been

23 no showing by Mattel that the Subpoenas to the Financing Entities are reasonably calculated to lead to the discovery of admissible evidence regarding the RICO counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

24 other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

25

26 into existence – and therefore apparently did not encompass the activities or the transactions which are the subject of the Financing Discovery."  Discovery Matter

27 Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

**RESPONSE TO REQUEST NO. 19:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as being overbroad, unduly burdensome and oppressive on the grounds that it is not limited in time or geographical scope, and seeks all documents in Mattel's possession, custody and control given or shown for any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees like Bryant, to any person working on <u>or involved</u> in the conception, creation, design or development of any Mattel product, including former and present employees and independent contractors working around the globe, referring or relating to the "First Bratz Dolls." Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the ground that the term "First Bratz Dolls" is vague and ambiguous. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules

of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning the FIRST BRATZ DOLLS that Mattel has given or shown to anyone working or involved in its products.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 │ MGA products, including its BRATZ dolls.  MGA is entitled to discovery on these
2 │ claims.

3 │        This request does not seek documents protected by the attorney-client
4 │ privilege, the attorney work product doctrine, or other applicable privileges.  To the
5 │ extent that Mattel contends that it does, Mattel must provide a privilege log.

6 │        Mattel objects that Mattel's actions in relation to the "Bratz" line of
7 │ products are not at issue in this action and are irrelevant to the claims and defenses
8 │ in this suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2
9 │ of these consolidated proceedings.  Discovery relating to Bratz is likely to lead to
10 │ admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair
11 │ competition claim, Mattel's trade secret misappropriation claim, and both parties
12 │ damages claims.

13 │        Mattel objects that the term "FIRST BRATZ DOLLS" is vague and
14 │ ambiguous.  To the contrary, the term "FIRST BRATZ DOLLS" has been clearly
15 │ defined in definition number 3 as particular dolls identified by name and SKU.

16 │        As for relevancy, Mattel has not attempted to demonstrate why the
17 │ information sought in response to this request is not discoverable in Phase 2.  On the
18 │ contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
19 │ product lines, including its BRATZ product line, packaging, themes,

20 │        accessories, and advertising.  Documents related to the FIRST BRATZ
21 │ DOLLS that Mattel has given or shown to anyone working on its products are
22 │ highly relevant to MGA's claims, including its allegation of serial copying by
23 │ Mattel, and are discoverable in Phase 2.

24 │        None of Mattel's improper objections are valid and Mattel is obligated
25 │ to produce all non-privileged responsive documents in its possession, custody, or
26 │ control.

27 │
28 │

1   **MATTEL'S RESPONSE:**

2          MGA's Request reaches a broad range of irrelevant materials and

3   materials covered by the attorney-client privilege and the attorney work product

4   without limitation as to time, scope, or source.   MGA and Mattel are large

5   multinational corporations and direct competitors; accordingly, each company will

6   have generated a huge range of documents "relating to" the other, the vast majority

7   of which are completely irrelevant to the Phase 2 claims.   For instance, a document

8   that simply lists public pricing or sales data for a Bratz product, or even an email

9   referring to the fact of Bratz's existence would fall under this Request as worded.

10  Further, inasmuch as the ownership of the intellectual property comprising of the

11  Bratz dolls, prior rulings in this case have already established that Mattel owns that

12  intellectual property.   Inasmuch as MGA merely seeks discovery in order to upend

13  these rulings in Phase 2, the Request is clearly irrelevant.

14          MGA's argument that it is entitled to all documents relating to the First

15  Bratz Dolls fails on the merits in any event.   MGA must establish that its discovery

16  meets the relevance requirements of Rule 26(b)(1), which clearly states that

17  discovery must be "reasonably calculated to lead to the discovery of admissible

18  evidence."   MGA has not sufficiently explained how <u>all</u> documents relating to the

19  "First Bratz Dolls" are relevant to Phase 2 issues.   "A trial court has a duty, of

20  special significance in lengthy and complex cases where the possibility of abuse is

21  always present, to supervise and limit discovery to protect parties and witnesses

22  from annoyance and excessive expense."   <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664

23  (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559

24  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste</u>

25  <u>Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).   As the previous

26  Discovery Master has held, a party may not propound document requests as part of a

27  fishing expedition or to discover new claims.   <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d

28

-159-

1   1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
2   to engage in 'fishing expeditions.'").

3         Additionally, MGA failed to meet and confer in good faith regarding
4   this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,
5   dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
6   party shall first identify each dispute, state the relief sought and identify the
7   authority supporting the requested relief in a meet and confer letter that shall be
8   served on all parties by facsimile or electronic mail. The parties shall have five court
9   days from the date of service of that letter to conduct an in-person conference to
10  attempt to resolve the dispute.").  At no point during the meet and confer process did
11  MGA articulate a valid basis for which this Request could be considered relevant to
12  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is
13  simply not true; MGA never initiated any dialogue about this Request or Mattel's
14  response in the first place.  The Discovery Master should deny MGA's motion with
15  respect to this Request on that grounds alone.

16        The motion is also moot.  As MGA has admitted in correspondence
17  going back to 2007[317], Mattel has produced and continues to produce documents that
18  are responsive to this Request.  As to the actual production of relevant documents,
19  there is no dispute and indeed had been no dispute for years, as MGA well knows,
20  and this issue could have been resolved without motion practice if MGA had
21  completed the meet and confer process in good faith.

22        The Request is also entirely duplicative of prior discovery served by
23  Carter Bryant as well as subsequent discovery served by MGA. ████████

24  ████████████████████████████████████████████████████
25  ████████████████████████████████████████████████████

26
27
28

1    ███████    MGA's claim, at this stage of the litigation, that there remain

2 unproduced relevant materials on this subject in Mattel's possession is not credible.

3 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

4 was duplicative and that Mattel had produced relevant documents in response.[319]

5         Further, prior Orders entered in this case -- at MGA's urging -- make

6 very clear that a Request that seeks all documents relating to such a wide and

7 amorphous category as "the First Bratz Dolls" is overbroad and improper.  As the

8 prior Discovery Master held in denying a motion to compel on what was a less

9 expansively worded Request, "this category of requests is clearly overbroad,

10 requiring production of documents that merely mention MGA, Larian, Bratz or

11 other MGA products, regardless of whether or not they have anything to do with the

12 claims or defenses in this case."[320]  Similarly, the prior Discovery Master has denied

13 motions to compel on Requests for "documents referring or relating to MGA's

14 business dealings, without specifying any products or other subject matter

15 limitations" because such Requests are grossly overbroad.[321]

16         There is no basis for overruling Mattel's privilege objection.  MGA's

17 bald assertion that "this request does not seek information protected by the attorney-

18 client privilege, the attorney work product doctrine, or any other applicable

19 privilege" has no merit.  Documents responsive to this Request could very well be

20 subject to a claim of privilege or work product protection.  Despite MGA's claim to

21 _____

22 [317] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
23 Dec., Exh. 43.

24 ████████████████████████████

25 [319] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
Dec., Exh. 43.
26 [320] See Order Granting in Part and Denying in Part MGA's Motion to Compel,
27 dated May 22, 2007, Dart Dec., Exh. 5.
[321] Id.
28

1  the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA

2  has itself argued, the parties have agreed that "all privileged documents would be

3  logged except for documents created after this action was filed on April 27, 2004."

4  Thus, to the extent privileged documents fall within the post lawsuit time period,

5  they need not be included on Mattel's log.

6         Finally, MGA takes issue with Mattel imposing any temporal

7  limitations on its production based on the filing of MGA's complaint. ▮▮▮▮

8  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10  ▮▮▮▮▮▮▮▮▮▮  MGA offers no reason, nor could it

11  consistent with judicial estoppel, why documents post-dating the filing of claims

12  which do not allege continuing wrongdoing are relevant to those claims.  MGA

13  offers no reason, nor could it consistent with judicial estoppel, why documents post-

14  dating the filing of claims which do not allege continuing wrongdoing are relevant

15  to those claims.

16

17

18  _____

19

20  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

21

22  ▮▮▮  In finding that "there has been

23  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably calculated to lead to the discovery of admissible evidence regarding the RICO counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

24  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

25  into existence – and therefore apparently did not encompass the activities or the transactions which are the subject of the Financing Discovery."  Discovery Matter

26  Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

27

28

1 | **REQUEST FOR PRODUCTION NO. 20:**

2 |      All DOCUMENTS referring or relating to the BRATZ PACK that
3 | YOU have given or shown to any person working on or involved in product
4 | conception, creation, design or development at or for MATTEL, if YOU seek in this
5 | case to enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR recovery
6 | or damages in this case, any right or interest in, revenues or profits from, or lost
7 | profits or other damages caused by the BRATZ PACK.

8 | **RESPONSE TO REQUEST NO. 20:**

9 |      In addition to the general objections stated above, which are
10 | incorporated herein by reference, Mattel objects to this Request as overbroad,
11 | unduly burdensome and oppressive on the grounds that it is not limited in time, and
12 | seeks all documents in Mattel's possession, custody and control given or shown for
13 | any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees
14 | like Bryant, to any person working on <u>or involved</u> in the conception, creation,
15 | design or development of any Mattel product, including former and present
16 | employees and independent contractors working around the globe, referring or
17 | relating to the "Bratz Pack." Mattel further objects to this Request on the grounds
18 | that such discovery from Mattel is overbroad, unduly burdensome, oppressive and
19 | not likely to the lead to the discovery of admissible evidence in that Mattel's actions
20 | in relation to the "Bratz" line of products are not at issue in this action and are
21 | irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of
22 | defendants and third parties associated with defendants in connection with the
23 | projects that defendant Bryant worked on with defendant MGA, which is
24 | information known to and within the possession, custody and control of defendants
25 | and their associated third parties, not Mattel. Mattel further objects to the Request
26 | on the grounds that it calls for the disclosure of information subject to the attorney-
27 | client privilege, the attorney work-product doctrine and other applicable privileges.
28 | Mattel further objects to this Request on the grounds that it is unreasonably

1   burdensome and premature in that the facts necessary to determine the full nature

2   and extent of Mattel's relief and damages from defendant's acts or omissions are

3   known by defendants and third parties associated with defendants, but are not

4   known by Mattel at this juncture because of defendants' refusals to produce basic

5   discovery.  Mattel further objects to this Request on the grounds that it is improperly

6   phrased as a legal contention.

7   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

8   **TO SHOULD BE COMPELLED**

9          Mattel has not agreed to produce documents in response to this request,

10  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

11  Procedure, "an objection to part of a request must specify the part and permit

12  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

13  explain the basis for an objection with specificity are routinely rejected in the

14  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

15  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

16  harassing' are improper – especially when a party fails to submit any evidentiary

17  declarations supporting such objections").  Accordingly, Mattel must be compelled

18  either to certify that it has produced all non-privileged responsive documents or to

19  produce all such documents by a date certain.

20         To the extent that Mattel is relying on its blanket objections, they are

21  not sustainable and do not justify Mattel's failure to produce documents.

22         As to overbreadth, Mattel provides no explanation, let alone the

23  required particularity, as to *why* this request is supposedly overly broad, nor can it

24  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

25  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

26  request is narrowly tailored to Mattel's intent to assert a particular damages claim or

27  claim for injunctive relief.  The category of documents requested is relevant to the

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  damages claim and claim for injunctive relief, and it is clearly discoverable to the

2  extent that Mattel is requesting such relief in Phase 2.

3        As to burden, Mattel has not attempted to demonstrate why responding

4  to this request and/or producing responsive documents presents any burden.  This

5  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

6  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7  request is unduly burdensome must allege specific facts which indicate the nature

8  and extent of the burden, usually by affidavit or other reliable evidence.")

9  Moreover, it is not unduly burdensome, as noted above, in that the request is

10 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11 has engaged in a broad variety of unfair trade practices including serial copying of

12 MGA products.  Mattel also has a claim of trade secret misappropriation against

13 MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

14        This request does not seek documents protected by the attorney-client

15 privilege, the attorney work product doctrine, or other applicable privileges.  To the

16 extent that Mattel contends that it does, Mattel must provide a privilege log.

17        Mattel objects that the request is duplicative or subsumed within prior

18 requests but does not identify the allegedly duplicative requests.  Mattel's failure to

19 agree to produce responsive non-privileged documents is not proper based on this

20 objection.

21        Mattel objects that the request contains confidential, proprietary and

22 trade secret information.  A Protective Order exists in this case, obviating any

23 concern as to protection of privacy rights and/or commercially sensitive

24 information.

25        Mattel's prayer for relief is extremely broad in Phase 2.  MGA is

26 entitled to all documents on the issue, and not just those that Mattel chooses to

27 produce in support of its claims.  Because Mattel's pleadings seek such broad relief,

28

1   MGA is entitled to extremely broad discovery to the extent that Mattel intends to

2   assert particular damages theories or to request injunctive relief.

3           None of Mattel's improper objections are valid and Mattel is obligated

4   to produce all non-privileged responsive documents in its possession, custody, or

5   control.

6   **MATTEL'S RESPONSE:**

7           MGA's argument that it is entitled to these documents fails on the

8   merits.  MGA bears the burden of showing that its discovery meets the relevance

9   requirements of Rule 26(b)(1).[323]  MGA has not sufficiently explained how all

10  documents referring or relating to Bratz Pack that Mattel has given or shown to any

11  person involved in product conception, creation, design or development at or for

12  Mattel are relevant to Phase 2 issues.  "A trial court has a duty, of special

13  significance in lengthy and complex cases where the possibility of abuse is always

14  present, to supervise and limit discovery to protect parties and witnesses from

15  annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664

16  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

17  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

18  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

19  Discovery Master has held, a party may not propound document requests as part of a

20  fishing expedition or to discover new claims.[324]  Rivera v. NIBCO, Inc., 364 F.3d

21  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

22  to engage in 'fishing expeditions.'").

23  _____

24  [323]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

25  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
    Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

26  [324]   See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
    1.

28

1    Here, to simply argue as MGA has, that it has alleged "serial copying

2  of MGA products" and "trade secret misappropriation" is not sufficient for a

3  showing of relevance.  In particular, there is not even an attempt at showing that this

4  Request is relevant to MGA's specific allegations.

5    Further, this Request is overbroad.  MGA defines "BRATZ PACK" as

6  "any collection, compilation, or grouping of two or more images, characters or dolls

7  that are or have ever been manufactured, marketed or sold by MGA, or others under

8  a license, as part of a line of goods or merchandise commonly known as, or sold and

9  marketed under the 'Bratz' trademark or trade dress."[325]    Seeking the universe of all

10  documents referring or relating to Bratz Pack, and thus by extension to Bratz, that

11  Mattel has given or shown any person involved in the creation or development at

12  Mattel is plainly not narrowly tailored to seek information relevant to Phase 2.  The

13  Request is also overbroad to the extent it seeks discovery into events and products

14  that post-date MGA's complaint, filed on April 15, 2005, based on MGA's own

15  argument that was accepted by the Discovery Master in denying discovery Mattel

16  was   seeking   regarding   transactions   occurring   after   the   filing   of   Mattel's

17  complaint.[326]  MGA offers no reason, nor could it consistent with judicial estoppel,

18  _____

19  [325]  See MGA's First Set of Document Requests  (04-9059), dated November 22,

20  2006, at ¶ 15, Dart Dec., Exh. 45.

21  [326]

22  ████████████████████████████████████████████████████

23  ██████████████████████████████████████  In finding that "there has been

24  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

25  calculated to lead to the discovery of admissible evidence regarding the RICO
     counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

26  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

27  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
     into existence – and therefore apparently did not encompass the activities or the

28    (footnote continued)

1  why documents post-dating the filing of claims which do not allege continuing

2  wrongdoing are relevant to those claims.

3        The Request is also duplicative of other MGA Parties requests in

4  response to which Mattel has produced 17,278 pages in Phase 1 of this case.

5        Further, this Request is unduly burdensome. <u>Rule</u> 26(b)(2)(c) provides

6  that a Court should limit the extent of discovery if it determines that the burden of

7  the proposed discovery outweighs its likely benefit; the discovery sought is

8  unreasonably cumulative or duplicative, or is obtainable from some other source that

9  is more convenient, less burdensome, or less expensive; or the party seeking

10  discovery has had ample opportunity by discovery in the action to obtain the

11  information sought. <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c). The burden of locating and

12  producing the documents responsive to this overbroad Request would greatly

13  outweigh any marginal benefit to MGA, for the following reasons.



25  transactions which are the subject of the Financing Discovery." Discovery Matter
Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

27  [328] <u>Id.</u> ¶ 9-11.

00505.07975/3161896.1
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ████████████████████████████████████████

2 ████████████████████████████████

3       There is no basis for overruling Mattel's privilege objection.  MGA's

4 bald assertion that "[t]his request does not seek information protected by the

5 attorney-client privilege, the attorney work product doctrine, or other applicable

6 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7 agreed that "all privileged documents would be logged except for documents created

8 after this action was filed on April 27, 2004."[339]  Thus, to the extent privileged

9 documents fall within the post lawsuit time period, they need not be included on

10 Mattel's log.  Although it bears the burden of showing why this agreement should

11 not be applied to a given Request, MGA fails to do so.

12       Finally, MGA failed to meet and confer at all, much less in good faith,

13 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15 the moving party shall first identify each dispute, state the relief sought and identify

16 the authority supporting the requested relief in a meet and confer letter that shall be

17 served on all parties by facsimile or electronic mail. The parties shall have five court

18 days from the date of service of that letter to conduct an in-person conference to

19 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

20 confer, MGA had the burden to show the relevance of any requests it sought to

21 ─────────────

22 ████████████████████████████████████

23 ████████████████████████████████████

24

25 ████████████████████████████████████

26 [339]   See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

28

1   move on.[340]   At no point during the meet and confer process did MGA show why
2   this Request could be considered relevant to Phase 2 issues.[341]   Because MGA
3   refused to even attempt to make this showing, there was no possibility of a good
4   faith meet and confer to resolve the parties' disputes.  The Discovery Master should
5   deny MGA's motion with respect to this Request on that grounds alone.

6   **REQUEST FOR PRODUCTION NO. 21:**

7           All DOCUMENTS referring or relating to BRATZ DOLLS that YOU
8   have given or shown to any person working on or involved in product conception,
9   creation, design or development at or for MATTEL, if YOU seek in this case to
10  enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery or
11  damages in this case, any right or interest in, revenues or profits from, or lost profits
12  or other damages caused by BRATZ DOLLS.

13  **RESPONSE TO REQUEST NO. 21:**

14          In  addition  to  the  general  objections  stated  above,  which  are
15  incorporated herein by reference, Mattel objects to this Request as overbroad,
16  unduly burdensome and oppressive on the grounds that it is not limited in time, and
17  seeks all documents in Mattel's possession, custody and control given or shown for
18  any reason by anyone at "Mattel," as defined by MGA to include past employees
19  like Bryant, to any person working on or involved in the conception, creation,
20  design  or  development  of  any  Mattel  product,  including  former  and  present
21  employees and independent contractors working around the globe, referring or
22  relating to "Bratz Dolls."  Mattel further objects to this Request on the grounds that
23  such discovery from Mattel is overbroad, unduly burdensome, oppressive and not

24  _____

25  [340]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [341]   See Webster Dec. at p. 1-5.

28

1   likely to the lead to the discovery of admissible evidence in that Mattel's actions in
2   relation to the "Bratz" line of products are not at issue in this action and are
3   irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of
4   defendants and third parties associated with defendants in connection with the
5   projects that defendant Bryant worked on with defendant MGA, which is
6   information known to and within the possession, custody and control of defendants
7   and their associated third parties, not Mattel.  Mattel further objects to the Request
8   on the grounds that it calls for the disclosure of information subject to the attorney-
9   client privilege, the attorney work-product doctrine and other applicable privileges.
10  Mattel further objects to this Request on the grounds that it is unreasonably
11  burdensome and premature in that the facts necessary to deter mine the full nature
12  and extent of Mattel's relief and damages from defendant's acts or omissions are
13  known by defendants and third parties associated with defendants, but are not
14  known by Mattel at this juncture because of defendants' refusals to produce basic
15  discovery.  Mattel further objects to this Request on the grounds that it is improperly
16  phrased as a legal contention.

17  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
18  **TO SHOULD BE COMPELLED**

19          Mattel has not agreed to produce documents in response to this request,
20  resting on its improper boilerplate objections.  Under the Federal Rules of Civil
21  Procedure, "an objection to part of a request must specify the part and permit
22  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to
23  explain the basis for an objection with specificity are routinely rejected in the
24  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
25  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
26  harassing' are improper – especially when a party fails to submit any evidentiary
27  declarations supporting such objections").  Accordingly, Mattel must be compelled
28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 | either to certify that it has produced all non-privileged responsive documents or to
2 | produce all such documents by a date certain.

3 |       To the extent that Mattel is relying on its blanket objections, they are
4 | not sustainable and do not justify Mattel's failure to produce documents.

5 |       As to overbreadth, Mattel provides no explanation, let alone the
6 | required particularity, as to *why* this request is supposedly overly broad, nor can it
7 | do so.

8 |       This objection is therefore improper. Order No. 17, dated April 14,
9 | 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.
10 | Ex. 58. This request is narrowly tailored to Mattel's intent to assert a particular
11 | damages claim or claim for injunctive relief. The category of documents requested
12 | is relevant to the damages claim and claim for injunctive relief, and it is clearly
13 | discoverable to the extent that Mattel is requesting such relief in Phase 2.

14 |       As to burden, Mattel has not attempted to demonstrate why responding
15 | to this request and/or producing responsive documents presents any burden. This
16 | objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
17 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
18 | request is unduly burdensome must allege specific facts which indicate the nature
19 | and extent of the burden, usually by affidavit or other reliable evidence.")
20 | Moreover, it is not unduly burdensome, as noted above, in that the request is
21 | narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
22 | has engaged in a broad variety of unfair trade practices including serial copying of
23 | MGA products. Mattel also has a claim of trade secret misappropriation against
24 | MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

25 |       This request does not seek documents protected by the attorney-client
26 | privilege, the attorney work product doctrine, or other applicable privileges. To the
27 | extent that Mattel contends that it does, Mattel must provide a privilege log.

28 |

1    Mattel objects that the request is duplicative or subsumed within prior

2  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

3  agree to produce responsive non-privileged documents is not proper based on this

4  objection.

5    Mattel objects that the request contains confidential, proprietary and

6  trade secret information.  A Protective Order exists in this case, obviating any

7  concern  as  to  protection  of  privacy  rights  and/or  commercially  sensitive

8  information.

9    Mattel's prayer for relief is extremely broad in Phase 2.  MGA is

10  entitled to all documents on the issue, and not just those that Mattel chooses to

11  produce in support of its claims.  Because Mattel's pleadings seek such broad relief,

12  MGA is entitled to extremely broad discovery to the extent that Mattel intends to

13  assert particular damages theories or to request injunctive relief.

14    None of Mattel's improper objections are valid and Mattel is obligated

15  to produce all non-privileged responsive documents in its possession, custody, or

16  control.

17  **MATTEL'S RESPONSE:**

18    MGA's argument that it is entitled to these documents fails on the

19  merits.  MGA bears the burden of showing that its discovery meets the relevance

20  requirements of Rule 26(b)(1).[342]  MGA has not sufficiently explained how all

21  documents referring or relating to Bratz dolls that Mattel has given or shown to any

22  person involved in product conception, creation, design or development at or for

23  Mattel are relevant to Phase 2 issues.  "A trial court has a duty, of special

24  significance in lengthy and complex cases where the possibility of abuse is always

25  _____

26  [342]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

27  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

1   present, to supervise and limit discovery to protect parties and witnesses from

2   annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664

3   (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559

4   F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste</u>

5   <u>Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).   As the previous

6   Discovery Master has held, a party may not propound document requests as part of a

7   fishing expedition or to discover new claims.[343]   <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d

8   1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

9   to engage in 'fishing expeditions.'").

10          Here, to simply argue as MGA has, that it has alleged "serial copying

11   of MGA products" and "trade secret misappropriation" is not sufficient for a

12   showing of relevance.  In particular, there is not even an attempt at showing that this

13   Request is relevant to MGA's specific allegations.

14          Further, this Request is overbroad.   Seeking the universe of <u>all</u>

15   documents referring or relating to Bratz Dolls, and thus by extension to Bratz, that

16   Mattel has given or shown any person involved in the creation or development at

17   Mattel is plainly not narrowly tailored to seek information relevant to Phase 2.

18          The Request is also duplicative of other MGA Parties requests in

19   response to which Mattel has produced 17,278 pages in Phase 1 of this case.

20          Further, this Request is unduly burdensome.  <u>Rule 26(b)(2)(c)</u> provides

21   that a Court should limit the extent of discovery if it determines that the burden of

22   the proposed discovery outweighs its likely benefit; the discovery sought is

23   unreasonably cumulative or duplicative, or is obtainable from some other source that

24   is more convenient, less burdensome, or less expensive; or the party seeking

25   _____

26   [343]    <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for

27   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
     1.

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  discovery has had ample opportunity by discovery in the action to obtain the
2  information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and
3  producing the documents responsive to this overbroad Request would greatly
4  outweigh any marginal benefit to MGA, for the following reasons.





1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

348

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ████████████████████████████████████████████████████
2 ████████████████████████████████████████████████████
3 ████████████████████████████████████████████████████
4 ████████████████████████████████████████████████████
5 ████████████████████████████████████████████████████
6 ████████████████████████████████████████████████████
7 ████████████████████████████████████████████████████
8 ████████████████████████████████████████████████████
9 ████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████
11 ████
12 ██████████████████████████████████████████████
13 ████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████
15 █████████████████████████████████████████

16       There is no basis for overruling Mattel's privilege objection.  MGA's

17 bald assertion that "[t]his request does not seek information protected by the

18 attorney-client privilege, the attorney work product doctrine, or other applicable

19 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

20 agreed that "all privileged documents would be logged except for documents created

21

22

23 ——————————————

24 ████████████████████████████████████████████████████
25 ████
26 ████
27 ████████████

28

1  after this action was filed on April 27, 2004."[356]  Thus, to the extent privileged

2  documents fall within the post lawsuit time period, they need not be included on

3  Mattel's log.  Although it bears the burden of showing why this agreement should

4  not be applied to a given Request, MGA fails to do so.

5          Finally, MGA failed to meet and confer at all, much less in good faith,

6  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8  the moving party shall first identify each dispute, state the relief sought and identify

9  the authority supporting the requested relief in a meet and confer letter that shall be

10  served on all parties by facsimile or electronic mail. The parties shall have five court

11  days from the date of service of that letter to conduct an in-person conference to

12  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

13  confer, MGA had the burden to show the relevance of any requests it sought to

14  move on.[357]   At no point during the meet and confer process did MGA show why

15  this Request could be considered relevant to Phase 2 issues.[358]   Because MGA

16  refused to even attempt to make this showing, there was no possibility of a good

17  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

18  deny MGA's motion with respect to this Request on that grounds alone.

19  **REQUEST FOR PRODUCTION NO. 22:**

20          All DOCUMENTS referring or relating to LIL' BRATZ that YOU have

21  given or shown to any person working on or involved in product conception,

22

23  [356]    See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
   3.

25  [357]    See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

   [358]    See Webster Dec. at p. 1-5.
28

1  creation, design or development at or for MATTEL, if YOU seek in this case to
2  enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or damages
3  in this case, any right or interest in, revenues or profits from, or lost profits or other
4  damages caused by LIL' BRATZ.

5  **RESPONSE TO REQUEST NO. 22:**

6         In addition to the general objections stated above, which are
7  incorporated herein by reference, Mattel objects to this Request as overbroad,
8  unduly burdensome and oppressive on the grounds that it is not limited in time, and
9  seeks all documents in Mattel's possession, custody and control given or shown for
10 any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees
11 like Bryant, to any person working on <u>or involved</u> in the conception, creation,
12 design or development of any Mattel product, including former and present
13 employees and independent contractors working around the globe, referring or
14 relating to "Lil' Bratz."  Mattel farther objects to this Request on the grounds that
15 such discovery from Mattel is overbroad, unduly burdensome, oppressive and not
16 likely to the lead to the discovery of admissible evidence in that Mattel's actions in
17 relation to the "Bratz" line of products are not at issue in this action and are
18 irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of
19 defendants and third parties associated with defendants in connection with the
20 projects that defendant Bryant worked on with defendant MGA, which is
21 information known to and within the possession, custody and control of defendants
22 and their associated third parties, not Mattel.  Mattel further objects to the Request
23 on the grounds that it calls for the disclosure of information subject to the attorney-
24 client privilege, the attorney work-product doctrine and other applicable privileges.
25 Mattel further objects to this Request on the grounds that it is unreasonably
26 burdensome and premature in that the facts necessary to determine the full nature
27 and extent of Mattel's relief and damages from defendant's acts or omissions are
28 known by defendants and third parties associated with defendants, but are not

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  known by Mattel at this juncture because of defendants' refusals to produce basic

2  discovery.  Mattel further objects to this Request on the grounds that it is improperly

3  phrased as a legal contention.

4  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

5  **TO SHOULD BE COMPELLED**

6          Mattel has not agreed to produce documents in response to this request,

7  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

8  Procedure, "an objection to part of a request must specify the part and permit

9  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

10  explain the basis for an objection with specificity are routinely rejected in the

11  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

12  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

13  harassing' are improper – especially when a party fails to submit any evidentiary

14  declarations supporting such objections").  Accordingly, Mattel must be compelled

15  either to certify that it has produced all non-privileged responsive documents or to

16  produce all such documents by a date certain.

17          To the extent that Mattel is relying on its blanket objections, they are

18  not sustainable and do not justify Mattel's failure to produce documents.

19          As to overbreadth, Mattel provides no explanation, let alone the

20  required particularity, as to *why* this request is supposedly overly broad, nor can it

21  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

22  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

23  request is narrowly tailored to Mattel's intent to assert a particular damages claim or

24  claim for injunctive relief.  The category of documents requested is relevant to the

25  damages claim and claim for injunctive relief, and it is clearly discoverable to the

26  extent that Mattel is requesting such relief in Phase 2.

27          As to burden, Mattel has not attempted to demonstrate why responding

28  to this request and/or producing responsive documents presents any burden.  This

-182-

1    objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>,

2    173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3    request is unduly burdensome must allege specific facts which indicate the nature

4    and extent of the burden, usually by affidavit or other reliable evidence.")

5    Moreover, it is not unduly burdensome, as noted above, in that the request is

6    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7    has engaged in a broad variety of unfair trade practices including serial copying of

8    MGA products.  Mattel also has a claim of trade secret misappropriation against

9    MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

10         This request does not seek documents protected by the attorney-client

11    privilege, the attorney work product doctrine, or other applicable privileges.  To the

12    extent that Mattel contends that it does, Mattel must provide a privilege log.

13         Mattel objects that the request is duplicative or subsumed within prior

14    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

15    agree to produce responsive non-privileged documents is not proper based on this

16    objection.

17         Mattel objects that the request contains confidential, proprietary and

18    trade secret information.  A Protective Order exists in this case, obviating any

19    concern as to protection of privacy rights and/or commercially sensitive

20    information.

21         Mattel's prayer for relief is extremely broad in Phase 2.  MGA is

22    entitled to all documents on the issue, and not just those that Mattel chooses to

23    produce in support of its claims.  Because Mattel's pleadings seek such broad relief,

24    MGA is entitled to extremely broad discovery to the extent that Mattel intends to

25    assert particular damages theories or to request injunctive relief.

26         None of Mattel's improper objections are valid and Mattel is obligated

27    to produce all non-privileged responsive documents in its possession, custody, or

28    control.

1 | **MATTEL'S RESPONSE:**

2 |         MGA's argument that it is entitled to these documents fails on the

3 | merits.  MGA bears the burden of showing that its discovery meets the relevance

4 | requirements of <u>Rule</u> 26(b)(1).[359]   MGA has not sufficiently explained how <u>all</u>

5 | documents referring or relating to Lil' Bratz that Mattel has given or shown to any

6 | person involved in product conception, creation, design or development at or for

7 | Mattel are relevant to Phase 2 issues.  "A trial court has a duty, of special

8 | significance in lengthy and complex cases where the possibility of abuse is always

9 | present, to supervise and limit discovery to protect parties and witnesses from

10 | annoyance and excessive expense."  <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664

11 | (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559

12 | F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste</u>

13 | <u>Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

14 | Discovery Master has held, a party may not propound document requests as part of a

15 | fishing expedition or to discover new claims.[360]  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d

16 | 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

17 | to engage in 'fishing expeditions.'").

18 |         Here, to simply argue as MGA has, that it has alleged "serial copying

19 | of MGA products" and "trade secret misappropriation" is not sufficient for a

20 | showing of relevance.  In particular, there is not even an attempt at showing that this

21 | Request is relevant to MGA's specific allegations.

22 |

23 | ——————————

24 |   [359]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

25 | moving party, "Mattel bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

26 |   [360]   <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for

27 | Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

28 |

1          Further, this Request is overbroad.   Seeking the universe of <u>all</u>

2    documents referring or relating to Lil' Bratz, and thus by extension to Bratz, that

3    Mattel has given or shown any person involved in the creation or development at

4    Mattel not narrowly tailored to seek information relevant to Phase 2.

5          The Request is also duplicative of other MGA Parties requests in

6    response to which Mattel has produced 17,278 pages in Phase 1 of this case.

7          Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides

8    that a Court should limit the extent of discovery if it determines that the burden of

9    the proposed discovery outweighs its likely benefit; the discovery sought is

10   unreasonably cumulative or duplicative, or is obtainable from some other source that

11   is more convenient, less burdensome, or less expensive; or the party seeking

12   discovery has had ample opportunity by discovery in the action to obtain the

13   information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and

14   producing the documents responsive to this overbroad Request would greatly

15   outweigh any marginal benefit to MGA, for the following reasons.



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1  ████████████████████████████████████████████████

2  ████████████████████████████████████

3       There is no basis for overruling Mattel's privilege objection.  MGA's

4 bald assertion that "[t]his request does not seek information protected by the

5 attorney-client privilege, the attorney work product doctrine, or other applicable

6 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7 agreed that "all privileged documents would be logged except for documents created

8 after this action was filed on April 27, 2004."[373]  Thus, to the extent privileged

9 documents fall within the post lawsuit time period, they need not be included on

10 Mattel's log.  Although it bears the burden of showing why this agreement should

11 not be applied to a given Request, MGA fails to do so.

12       Finally, MGA failed to meet and confer at all, much less in good faith,

13 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15 the moving party shall first identify each dispute, state the relief sought and identify

16 the authority supporting the requested relief in a meet and confer letter that shall be

17 served on all parties by facsimile or electronic mail. The parties shall have five court

18 days from the date of service of that letter to conduct an in-person conference to

19 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

20 confer, MGA had the burden to show the relevance of any requests it sought to

21 ——————————

22 ████████████████████████████████████████████

23 ██ ████████████████████████████████████████████

24 ██ ████████████████████████████████████████████

25 ██ ████████████████████████████████████████████

26 [373]   See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.

28 3.

1 | move on.[374]   At no point during the meet and confer process did MGA show why
2 | this Request could be considered relevant to Phase 2 issues.[375]   Because MGA
3 | refused to even attempt to make this showing, there was no possibility of a good
4 | faith meet and confer to resolve the parties' disputes.  The Discovery Master should
5 | deny MGA's motion with respect to this Request on that grounds alone.

6 | **REQUEST FOR PRODUCTION NO. 23:**

7 | All DOCUMENTS referring or relating to BRATZ PETZ that YOU
8 | have given or shown to any person working on or involved in product conception,
9 | creation, design or development at or for MATTEL, if YOU seek in this case to
10 | enjoin the sale of BRATZ PETZ, or seek, as any part of YOUR recovery or
11 | damages in this case, any right or interest in, revenues or profits from, or lost profits
12 | or other damages caused by BRATZ PETZ.

13 | **RESPONSE TO REQUEST NO. 23:**

14 | In addition to the general objections stated above, which are
15 | incorporated herein by reference, Mattel objects to this Request as overbroad,
16 | unduly burdensome and oppressive on the grounds that it is not limited in time, and
17 | seeks all documents in Matters possession, custody and control given or shown for
18 | any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees
19 | like Bryant, to any person working on <u>or involved</u> in the conception, creation,
20 | design or development of any Mattel product, including former and present
21 | employees and independent contractors working around the globe, referring or
22 | relating to "Bratz Petz."  Mattel further objects to this Request on the grounds that
23 | such discovery from Mattel is overbroad, unduly burdensome, oppressive and not

24 |

---

25 | [374]  <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 | moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 | <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    | [375]  <u>See</u> Webster Dec. at p. 1-5.

28 |

1   likely to the lead to the discovery of admissible evidence in that Mattel's actions in
2   relation to the "Bratz" line of products are not at issue in this action and are
3   irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of
4   defendants and third parties associated with defendants in connection with the
5   projects that defendant Bryant worked on with defendant MGA, which is
6   information known to and within the possession, custody and control of defendants
7   and their associated third parties, not Mattel. Mattel further objects to the Request
8   on the grounds that it calls for the disclosure of information subject to the attorney-
9   client privilege, the attorney work-product doctrine and other applicable privileges.
10  Mattel further objects to this Request on the grounds that it is unreasonably
11  burdensome and premature in that the facts necessary to determine the full nature
12  and extent of Mattel's relief and damages from defendant's acts or omissions are
13  known by defendants and third parties associated with defendants, but are not
14  known by Mattel at this juncture because of defendants' refusals to produce basic
15  discovery. Mattel further objects to this Request on the grounds that it is improperly
16  phrased as a legal contention.

17  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
18  **TO SHOULD BE COMPELLED**

19              Mattel has not agreed to produce documents in response to this request,
20  resting on its improper boilerplate objections. Under the Federal Rules of Civil
21  Procedure, "an objection to part of a request must specify the part and permit
22  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to
23  explain the basis for an objection with specificity are routinely rejected in the
24  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
25  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
26  harassing' are improper – especially when a party fails to submit any evidentiary
27  declarations supporting such objections"). Accordingly, Mattel must be compelled
28

1   either to certify that it has produced all non-privileged responsive documents or to
2   produce all such documents by a date certain.

3        To the extent that Mattel is relying on its blanket objections, they are
4   not sustainable and do not justify Mattel's failure to produce documents.

5        As to overbreadth, Mattel provides no explanation, let alone the
6   required particularity, as to *why* this request is supposedly overly broad, nor can it
7   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This
9   request is narrowly tailored to Mattel's intent to assert a particular damages claim or
10  claim for injunctive relief. The category of documents requested is relevant to the
11  damages claim and claim for injunctive relief, and it is clearly discoverable to the
12  extent that Mattel is requesting such relief in Phase 2.

13       As to burden, Mattel has not attempted to demonstrate why responding
14  to this request and/or producing responsive documents presents any burden. This
15  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
16  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
17  request is unduly burdensome must allege specific facts which indicate the nature
18  and extent of the burden, usually by affidavit or other reliable evidence.")
19  Moreover, it is not unduly burdensome, as noted above, in that the request is
20  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
21  has engaged in a broad variety of unfair trade practices including serial copying of
22  MGA products. Mattel also has a claim of trade secret misappropriation against
23  MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

24       This request does not seek documents protected by the attorney-client
25  privilege, the attorney work product doctrine, or other applicable privileges. To the
26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27       Mattel objects that the request is duplicative or subsumed within prior
28  requests but does not identify the allegedly duplicative requests. Mattel's failure to

agree to produce responsive non-privileged documents is not proper based on this objection.

Mattel objects that the request contains confidential, proprietary and trade secret information. A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel's prayer for relief is extremely broad in Phase 2. MGA is entitled to all documents on the issue, and not just those that Mattel chooses to produce in support of its claims. Because Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad discovery to the extent that Mattel intends to assert particular damages theories or to request injunctive relief.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

MGA's argument that it is entitled to these documents fails on the merits. MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[376] MGA has not sufficiently explained how all documents referring or relating to Bratz Petz that Mattel has given or shown to any person involved in product conception, creation, design or development at or for Mattel are relevant to Phase 2 issues. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664

---

[376] See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

1  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

2  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

3  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

4  Discovery Master has held, a party may not propound document requests as part of a

5  fishing expedition or to discover new claims.[377]   Rivera v. NIBCO, Inc., 364 F.3d

6  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

7  to engage in 'fishing expeditions.'").

8          Here, to simply argue as MGA has, that it has alleged "serial copying

9  of MGA products" and "trade secret misappropriation" is not sufficient for a

10  showing of relevance.  In particular, there is not even an attempt at showing that this

11  Request is relevant to MGA's specific allegations.

12          Further, this Request is overbroad.   Seeking the universe of all

13  documents referring or relating to Bratz Petz, and thus by extension to Bratz, that

14  Mattel has given or shown any person involved in the creation or development at

15  Mattel is plainly not narrowly tailored to seek information relevant to Phase 2.

16          The Request is also duplicative of other MGA Parties requests in

17  response to which Mattel has produced 17,278 pages in Phase 1 of this case.

18          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

19  that a Court should limit the extent of discovery if it determines that the burden of

20  the proposed discovery outweighs its likely benefit; the discovery sought is

21  unreasonably cumulative or duplicative, or is obtainable from some other source that

22  is more convenient, less burdensome, or less expensive; or the party seeking

23  discovery has had ample opportunity by discovery in the action to obtain the

24  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

25  ────────────────────

26  [377]   See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

28

1  producing the documents responsive to this overbroad Request would greatly
2  outweigh any marginal benefit to MGA, for the following reasons.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16   There is no basis for overruling Mattel's privilege objection.  MGA's

17   bald assertion that "[t]his request does not seek information protected by the

18   attorney-client privilege, the attorney work product doctrine, or other applicable

19   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

20   agreed that "all privileged documents would be logged except for documents created

21

22

23

24

25

26

27

28

after this action was filed on April 27, 2004."[390]   Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.  Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").   In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[391]   At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[392]   Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS referring or relating to BRATZ BABYZ that YOU have given or shown to any person working on or involved in product conception,

---

[390]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

[391]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[392]   See Webster Dec. at p. 1-5.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 | creation, design or development at or for MATTEL, if YOU seek in this case to
2 | enjoin the sale of BRATZ BABYZ, or seek, as any part of YOUR recovery or
3 | damages in this case, any right or interest in, revenues or profits from, or lost profits
4 | or other damages caused by BRATZ BABYZ.

5 | **RESPONSE TO REQUEST NO. 24:**

6 | In addition to the general objections stated above, which are
7 | incorporated herein by reference, Mattel objects to this Request as overbroad,
8 | unduly burdensome and oppressive on the grounds that it is not limited in time, and
9 | seeks all documents in Mattel's possession, custody and control given or shown for
10 | any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees
11 | like Bryant, to any person working on <u>or involved</u> in the conception, creation,
12 | design or development of any Mattel product, including former and present
13 | employees and independent contractors working around the globe, referring or
14 | relating to "Bratz Babyz." Mattel further objects to this Request on the grounds that
15 | such discovery from Mattel is overbroad, unduly burdensome, oppressive and not
16 | likely to the lead to the discovery of admissible evidence in that Mattel's actions in
17 | relation to the "Bratz" line of products are not at issue in this action and are
18 | irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of
19 | defendants and third parties associated with defendants in connection with the
20 | projects that defendant Bryant worked on with defendant MGA, which is
21 | information known to and within the possession, custody and control of defendants
22 | and their associated third parties, not Mattel. Mattel further objects to the Request
23 | on the grounds that it calls for the disclosure of information subject to the attorney-
24 | client privilege, the attorney work-product doctrine and other applicable privileges.
25 | Mattel further objects to this Request on the grounds that it is unreasonably
26 | burdensome and premature in that the facts necessary to determine the full nature
27 | and extent of Mattel's relief and damages from defendant's acts or omissions are
28 | known by defendants and third parties associated with defendants, but are not

1  known by Mattel at this juncture because of defendants' refusals to produce basic

2  discovery.  Mattel further objects to this Request on the grounds that it is improperly

3  phrased as a legal contention.

4  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

5  **TO SHOULD BE COMPELLED**

6          Mattel has not agreed to produce documents in response to this request,

7  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

8  Procedure, "an objection to part of a request must specify the part and permit

9  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

10 explain the basis for an objection with specificity are routinely rejected in the

11 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

12 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

13 harassing' are improper – especially when a party fails to submit any evidentiary

14 declarations supporting such objections").  Accordingly, Mattel must be compelled

15 either to certify that it has produced all non-privileged responsive documents or to

16 produce all such documents by a date certain.

17         To the extent that Mattel is relying on its blanket objections, they are

18 not sustainable and do not justify Mattel's failure to produce documents.

19         As to overbreadth, Mattel provides no explanation, let alone the

20 required particularity, as to *why* this request is supposedly overly broad, nor can it

21 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

22 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

23 request is narrowly tailored to Mattel's intent to assert a particular damages claim or

24 claim for injunctive relief.  The category of documents requested is relevant to the

25 damages claim and claim for injunctive relief, and it is clearly discoverable to the

26 extent that Mattel is requesting such relief in Phase 2.

27         As to burden, Mattel has not attempted to demonstrate why responding

28 to this request and/or producing responsive documents presents any burden.  This

1   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>,

2   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3   request is unduly burdensome must allege specific facts which indicate the nature

4   and extent of the burden, usually by affidavit or other reliable evidence.")

5   Moreover, it is not unduly burdensome, as noted above, in that the request is

6   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7   has engaged in a broad variety of unfair trade practices including serial copying of

8   MGA products.  Mattel also has a claim of trade secret misappropriation against

9   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

10         This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13         Mattel objects that the request is duplicative or subsumed within prior

14   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

15   agree to produce responsive non-privileged documents is not proper based on this

16   objection.

17         Mattel objects that the request contains confidential, proprietary and

18   trade secret information.  A Protective Order exists in this case, obviating any

19   concern as to protection of privacy rights and/or commercially sensitive

20   information.

21         Mattel's prayer for relief is extremely broad in Phase 2.  MGA is

22   entitled to all documents on the issue, and not just those that Mattel chooses to

23   produce in support of its claims.  Because Mattel's pleadings seek such broad relief,

24   MGA is entitled to extremely broad discovery to the extent that Mattel intends to

25   assert particular damages theories or to request injunctive relief.

26         None of Mattel's improper objections are valid and Mattel is obligated

27   to produce all non-privileged responsive documents in its possession, custody, or

28   control.

**MATTEL'S RESPONSE:**

MGA's argument that it is entitled to these documents fails on the merits. MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[393]   MGA has not sufficiently explained how all documents referring or relating to Bratz Babyz that Mattel has given or shown to any person involved in product conception, creation, design or development at or for Mattel are relevant to Phase 2 issues.  "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[394]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Here, to simply argue as MGA has, that it has alleged "serial copying of MGA products" and "trade secret misappropriation" is not sufficient for a showing of relevance.  In particular, there is not even an attempt at showing that this Request is relevant to MGA's specific allegations.

---

[393]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[394]   See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

1       Further, this Request is overbroad.   Seeking the universe of <u>all</u>
2  documents referring or relating to Bratz Babyz, and thus by extension to Bratz, that
3  Mattel has given or shown any person involved in the creation or development at
4  Mattel is plainly not narrowly tailored to seek information relevant to Phase 2.

5       The Request is also duplicative of other MGA Parties requests in
6  response to which Mattel has produced 17,278 pages in Phase 1 of this case.

7       Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
8  that a Court should limit the extent of discovery if it determines that the burden of
9  the proposed discovery outweighs its likely benefit; the discovery sought is
10 unreasonably cumulative or duplicative, or is obtainable from some other source that
11 is more convenient, less burdensome, or less expensive; or the party seeking
12 discovery has had ample opportunity by discovery in the action to obtain the
13 information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and
14 producing the documents responsive to this overbroad Request would greatly
15 outweigh any marginal benefit to MGA, for the following reasons.



00505.07975/3161896.1
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

00505.07975/3161896.1

1   ████████████████████████████████████████████

2   ███████████████████████████████████

3         There is no basis for overruling Mattel's privilege objection.  MGA's

4   bald assertion that "[t]his request does not seek information protected by the

5   attorney-client privilege, the attorney work product doctrine, or other applicable

6   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7   agreed that "all privileged documents would be logged except for documents created

8   after this action was filed on April 27, 2004."[407]  Thus, to the extent privileged

9   documents fall within the post lawsuit time period, they need not be included on

10  Mattel's log.  Although it bears the burden of showing why this agreement should

11  not be applied to a given Request, MGA fails to do so.

12        Finally, MGA failed to meet and confer at all, much less in good faith,

13  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15  the moving party shall first identify each dispute, state the relief sought and identify

16  the authority supporting the requested relief in a meet and confer letter that shall be

17  served on all parties by facsimile or electronic mail. The parties shall have five court

18  days from the date of service of that letter to conduct an in-person conference to

19  attempt to resolve the dispute.").    In order to engage in a meaningful meet and

20  confer, MGA had the burden to show the relevance of any requests it sought to

21  _____



28

move on.[408]   At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[409]   Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS referring or relating to BRATZ BOYZ that YOU have given or shown to any person working on or involved in product conception, creation, design or development at or for MATTEL, if YOU seek in this case to enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ BOYZ.

**RESPONSE TO REQUEST NO. 25:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad, unduly burdensome and oppressive on the grounds that it is not limited in time, and seeks all documents in Mattel's possession, custody and control given or shown for any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees like Bryant, to any person working on <u>or involved</u> in the conception, creation, design or development of any Mattel product, including former and present employees and independent contractors working around the globe, referring or relating to "Bratz Boy-z."  Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not

---

[408]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
[409]   <u>See</u> Webster Dec. at p. 1-5.

1  likely to the lead to the discovery of admissible evidence in that Mattel's actions in
2  relation to the "Bratz" line of products are not at issue in this action and are
3  irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of
4  defendants and third parties associated with defendants in connection with the
5  projects that defendant Bryant worked on with defendant MGA, which is
6  information known to and within the possession, custody and control of defendants
7  and their associated third parties, not Mattel.  Mattel further objects to the Request
8  on the grounds that it calls for the disclosure of information subject to the attorney-
9  client privilege, the attorney work-product doctrine and other applicable privileges.
10  Mattel further objects to this Request on the grounds that it is unreasonably
11  burdensome and premature in that the facts necessary to determine the full nature
12  and extent of Mattel's relief and damages from defendant's acts or omissions are
13  known by defendants and third parties associated with defendants, but are not
14  known by

15  Mattel at this juncture because of defendants' refusals to produce basic
16  discovery.  Mattel further objects to this Request on the grounds that it is improperly
17  phrased as a legal contention.

18  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
19  **TO SHOULD BE COMPELLED**

20  Mattel has not agreed to produce documents in response to this request,
21  resting on its improper boilerplate objections.  Under the Federal Rules of Civil
22  Procedure, "an objection to part of a request must specify the part and permit
23  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to
24  explain the basis for an objection with specificity are routinely rejected in the
25  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
26  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
27  harassing' are improper – especially when a party fails to submit any evidentiary
28  declarations supporting such objections").  Accordingly, Mattel must be compelled

1   either to certify that it has produced all non-privileged responsive documents or to
2   produce all such documents by a date certain.

3         To the extent that Mattel is relying on its blanket objections, they are
4   not sustainable and do not justify Mattel's failure to produce documents.

5         As to overbreadth, Mattel provides no explanation, let alone the
6   required particularity, as to *why* this request is supposedly overly broad, nor can it
7   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This
9   request is narrowly tailored to Mattel's intent to assert a particular damages claim or
10  claim for injunctive relief. The category of documents requested is relevant to the
11  damages claim and claim for injunctive relief, and it is clearly discoverable to the
12  extent that Mattel is requesting such relief in Phase 2.

13        As to burden, Mattel has not attempted to demonstrate why responding
14  to this request and/or producing responsive documents presents any burden. This
15  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
16  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
17  request is unduly burdensome must allege specific facts which indicate the nature
18  and extent of the burden, usually by affidavit or other reliable evidence.")
19  Moreover, it is not unduly burdensome, as noted above, in that the request is
20  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
21  has engaged in a broad variety of unfair trade practices including serial copying of
22  MGA products. Mattel also has a claim of trade secret misappropriation against
23  MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

24        This request does not seek documents protected by the attorney-client
25  privilege, the attorney work product doctrine, or other applicable privileges. To the
26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27        Mattel objects that the request is duplicative or subsumed within prior
28  requests but does not identify the allegedly duplicative requests. Mattel's failure to

1  agree to produce responsive non-privileged documents is not proper based on this
2  objection.

3      Mattel objects that the request contains confidential, proprietary and
4  trade secret information.  A Protective Order exists in this case, obviating any
5  concern as to protection of privacy rights and/or commercially sensitive
6  information.

7      Mattel's prayer for relief is extremely broad in Phase 2.  MGA is
8  entitled to all documents on the issue, and not just those that Mattel chooses to
9  produce in support of its claims.  Because Mattel's pleadings seek such broad relief,
10  MGA is entitled to extremely broad discovery to the extent that Mattel intends to
11  assert particular damages theories or to request injunctive relief.

12      None of Mattel's improper objections are valid and Mattel is obligated
13  to produce all non-privileged responsive documents in its possession, custody, or
14  control.

15  **MATTEL'S RESPONSE:**

16      MGA's argument that it is entitled to these documents fails on the
17  merits.  MGA bears the burden of showing that its discovery meets the relevance
18  requirements of Rule 26(b)(1).[410]  MGA has not sufficiently explained how all
19  documents referring or relating to Bratz Boyz that Mattel has given or shown to any
20  person involved in product conception, creation, design or development at or for
21  Mattel are relevant to Phase 2 issues.  "A trial court has a duty, of special
22  significance in lengthy and complex cases where the possibility of abuse is always
23  present, to supervise and limit discovery to protect parties and witnesses from
24  annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664

26  [410]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
27  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

1   (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559
2   F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste</u>
3   <u>Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).   As the previous
4   Discovery Master has held, a party may not propound document requests as part of a
5   fishing expedition or to discover new claims.[411]   <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d
6   1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
7   to engage in 'fishing expeditions.'").

8          Here, to simply argue as MGA has, that it has alleged "serial copying
9   of MGA products" and "trade secret misappropriation" is not sufficient for a
10   showing of relevance.  In particular, there is not even an attempt at showing that this
11   Request is relevant to MGA's specific allegations.

12          Further, this Request is overbroad.   Seeking the universe of <u>all</u>
13   documents referring or relating to Bratz Boyz, and thus by extension to Bratz, that
14   Mattel has given or shown any person involved in the creation or development at
15   Mattel is plainly not narrowly tailored to seek information relevant to Phase 2.

16          The Request is also duplicative of other MGA Parties requests in
17   response to which Mattel has produced 17,278 pages in Phase 1 of this case.

18          Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
19   that a Court should limit the extent of discovery if it determines that the burden of
20   the proposed discovery outweighs its likely benefit; the discovery sought is
21   unreasonably cumulative or duplicative, or is obtainable from some other source that
22   is more convenient, less burdensome, or less expensive; or the party seeking
23   discovery has had ample opportunity by discovery in the action to obtain the
24   information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and

25   _____

26   [411]   <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for
27   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
     1.
28

1  producing the documents responsive to this overbroad Request would greatly

2  outweigh any marginal benefit to MGA, for the following reasons.



3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created



after this action was filed on April 27, 2004."[424]   Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.  Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").   In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[425]   At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[426]   Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS referring or relating to BRATZ INTELLECTUAL PROPERTY that YOU have given or shown to any person working on or involved

---

[424]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

[425]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[426]   See Webster Dec. at p. 1-5.

1  in the conception, creation, design or development of any fashion doll, other than

2  "Barbie".

3  **RESPONSE TO REQUEST NO. 26:**

4        In addition to the general objections stated above, which are

5  incorporated herein by reference, Mattel objects to this Request as overbroad,

6  unduly burdensome and oppressive on the grounds that it is not limited in time, and

7  seeks all documents' in Mattel's possession, custody and control given or shown for

8  any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees

9  like Bryant, to any person working on <u>or involved</u> in the conception, creation,

10  design or development of any "fashion doll," other than BARBIE dolls, including

11  former and present employees and independent contractors working around the

12  globe, referring or relating to "Bratz Intellectual Property."  Mattel further objects to

13  this Request on the grounds that such discovery from Matte! is overbroad, unduly

14  burdensome, oppressive and not likely to the lead to the discovery of admissible 2.3

15  evidence in that Mattel's actions in relation to "Bratz" are not at issue in this action

16  and are irrelevant to the claims and defenses in this suit.  Rather, at issue 2.5 are the

17  actions of defendants and third parties associated with defendants in connection with

18  the projects that defendant Bryant worked on with defendant MGA, which is

19  information known to and within the possession, custody and control of defendants

20  and their associated third parties, not Mattel.  Mattel further objects to this Request

21  on the ground that the term "Bratz Intellectual Property" is vague and ambiguous.

22        Mattel further objects to the Request on the grounds that it calls for the

23  disclosure of information subject to the attorney-client privilege, the attorney work-

24  product doctrine and other applicable privileges.

25  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

26  **TO SHOULD BE COMPELLED**

27        Mattel has not agreed to produce documents in response to this request,

28  subject to its improper boilerplate objections. Mattel has refused to confirm whether

1 | or not it has produced all non-privileged responsive documents or whether it is
2 | withholding documents based on its objections in Phase 2. Under the Federal Rules
3 | of Civil Procedure, "an objection to part of a request must specify the part and
4 | permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that
5 | fail to explain the basis for an objection with specificity are routinely rejected in the
6 | Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
7 | (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
8 | harassing' are improper – especially when a party fails to submit any evidentiary
9 | declarations supporting such objections"). Accordingly, Mattel must be compelled
10 | either to certify that it has produced all non-privileged responsive documents or to
11 | produce all such documents by a date certain.

12 | To the extent that Mattel is relying on its blanket objections, they are
13 | not sustainable and do not justify Mattel's failure to produce documents.

14 | As to overbreadth, Mattel provides no explanation, let alone the
15 | required particularity, as to *why* this request is supposedly overly broad, nor can it
16 | do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
17 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
18 | contrary, the request is narrowly tailored to seek documents concerning BRATZ
19 | intellectual property that Mattel has given or shown to anyone working or involved
20 | in its fashion dolls other than Barbie.

21 | As to burden, Mattel has not attempted to demonstrate why responding
22 | to this request and/or producing responsive documents presents any burden. This
23 | objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
24 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
25 | request is unduly burdensome must allege specific facts which indicate the nature
26 | and extent of the burden, usually by affidavit or other reliable evidence.")
27 | Moreover, it is not unduly burdensome, as noted above, in that the request is
28 | narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

00505.07975/3161896.1

-216-

1   has engaged in a broad variety of unfair trade practices including serial copying of

2   MGA products, including the BRATZ product line.  MGA is entitled to discovery

3   on these claims.

4           This request does not seek documents protected by the attorney-client

5   privilege, the attorney work product doctrine, or other applicable privileges.  To the

6   extent that Mattel contends that it does, Mattel must provide a privilege log.

7           Mattel objects that the request is duplicative or subsumed within prior

8   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

9   agree to produce responsive non-privileged documents is not proper based on this

10  objection.

11          Mattel objects that Mattel's actions in relation to the "Bratz" line of

12  products are not at issue in this action and are irrelevant to the claims and defenses

13  in this suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2

14  of these consolidated proceedings.  Discovery relating to Bratz is likely to lead to

15  admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

16  competition claim, Mattel's trade secret misappropriation claim, and both parties'

17  damages claims.

18          As for relevancy, Mattel has not attempted to demonstrate why the

19  information sought in response to this request is not discoverable in Phase 2.  On the

20  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

21  product lines, including its BRATZ product line, packaging, themes, accessories,

22  and advertising.  Documents related to BRATZ intellectual property that Mattel has

23  given or shown to anyone working on its fashion dolls are highly relevant to MGA's

24  claims, including its allegation of serial copying by Mattel, and are discoverable in

25  Phase 2.

26          None of Mattel's improper objections are valid and Mattel is obligated

27  to produce all non-privileged responsive documents in its possession, custody, or

28  control.

**MATTEL'S RESPONSE:**

The Request is also entirely duplicative of prior discovery served by Carter Bryant as well as subsequent discovery served by MGA. ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████ MGA's claim, at this stage of the litigation, that there remain unproduced relevant materials on this subject in Mattel's possession is not credible. In fact, over *two years ago* MGA wrote a letter admitting that this set of requests was duplicative and that Mattel had produced relevant documents in response.[428]

Additionally, MGA failed to meet and confer in good faith regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). At no point during the meet and confer process did MGA articulate a valid basis for which this Request could be considered relevant to Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is simply not true; MGA never initiated any dialogue about this Request or Mattel's response in the first place. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

████████████████████████████████████████████████████████

[428] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

1    The motion is also moot.  As MGA has admitted in correspondence
2    going back to 2007[429], Mattel has produced and continues to produce documents that
3    are responsive to this Request.  As to the actual production of relevant documents,
4    there is no dispute and indeed had been no dispute for years, as MGA well knows,
5    and this issue could have been resolved without motion practice if MGA had
6    completed the meet and confer process in good faith.

7    MGA's Request for all documents relating to BRATZ intellectual
8    property ever shared with any Mattel personnel working <u>on any fashion doll</u> other
9    than Barbie reaches a broad range of irrelevant materials and materials covered by
10   the attorney-client privilege and the attorney work product without limitation as to
11   time, scope, or source.  MGA and Mattel are large multinational corporations and
12   direct competitors; accordingly, each company will have generated a huge range of
13   documents "relating to" the other, the vast majority of which are completely
14   irrelevant to the Phase 2 claims.

15   MGA must establish that its discovery meets the relevance
16   requirements of Rule 26(b)(1), which clearly states that discovery must be
17   "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
18   not sufficiently explained how <u>all</u> documents relating to Bratz intellectual property
19   are related to Phase 2 issues.  "A trial court has a duty, of special significance in
20   lengthy and complex cases where the possibility of abuse is always present, to
21   supervise and limit discovery to protect parties and witnesses from annoyance and
22   excessive expense."  <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>
23   <u>also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133
24   n.36 (D.C.D. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL
25   1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

---

27   [429]   <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
28   (footnote continued)

1  party may not propound document requests as part of a fishing expedition or to
2  discover new claims.  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)
3  ("District courts need not condone the use of discovery to engage in 'fishing
4  expeditions.'").

5       Further, prior Orders entered in this case -- at MGA's urging -- make
6  very clear that a Request that seeks all documents relating to such a wide and
7  amorphous category as "Bratz Intellectual Property" is overbroad and improper.  As
8  the prior Discovery Master held in denying a motion to compel on what was a less
9  expansively worded Request, "this category of requests is clearly overbroad,
10 requiring production of documents that merely mention MGA, Larian, Bratz or
11 other MGA products, regardless of whether or not they have anything to do with the
12 claims or defenses in this case."[430]  Similarly, the prior Discovery Master has denied
13 motions to compel on Requests for "documents referring or relating to MGA's
14 business dealings, without specifying any products or other subject matter
15 limitations" because such Requests are grossly overbroad.[431]

16      There is no basis for overruling Mattel's privilege objection.  MGA's
17 bald assertion that "this request does not seek information protected by the attorney-
18 client privilege, the attorney work product doctrine, or any other applicable
19 privilege" has no merit.  Documents responsive to this Request could very well be
20 subject to a claim of privilege or work product protection.  Despite MGA's claim to
21 the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA
22 has itself argued, the parties have agreed that "all privileged documents would be
23 logged except for documents created after this action was filed on April 27, 2004."

24
25 Dec., Exh. 43.
26 [430]  See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5.
27 [431]  Id.
28

1   Thus, to the extent privileged documents fall within the post lawsuit time period,

2   they need not be included on Mattel's log.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1 ████████████████████████████████████████

2 ████████████████████████████████████████████

3 ████████████████████████████████████████████

4 ████████████████████████████████████████████

5 ████████████████████████████████████████████

6 ████████████████████████████████████████████

7 ████████████████████████████████████████████

8 ████████████████████████████████████████████

9 ██████████████████████████████████████████

10 ██████████████████████████████████████

11 ████████████████████████████████████████████

12 ████████████████████████████████████████████

13 ████████████████████████████████████████████

14 ███████████████████████████

15       Finally, MGA takes issue with Mattel imposing any temporal

16 limitations on its production based on the filing of MGA's complaint. ██████████

17 ████████████████████████████████████████████

18 ████████████████████████████████████████████

19 ████████████████████████████  MGA offers no reason, nor could it

20 ─────────────────────

21 ████████████████████████████████████████████

22 ██████████████████████████████████████████

23 ██░░████████████████████████████████████████

24 ██░░████████████████████████████████████████

25 ██░░████████████████████████████████████████

26 ████████████████████████████████████████████

27 ████████████████████████████████████████████

28    (footnote continued)

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 consistent with judicial estoppel, why documents post-dating the filing of claims
2 which do not allege continuing wrongdoing are relevant to those claims.

3 **REQUEST FOR PRODUCTION NO. 27:**

4    All DOCUMENTS referring or relating to the BRATZ CONCEPT that
5 YOU have given or shown to any person working on or involved in the conception,
6 creation, design or development of any fashion doll, other than "Barbie".

7 **RESPONSE TO REQUEST NO. 27:**

8    In addition to the general objections stated above, which are
9 incorporated herein by reference, Mattel objects to this Request as overbroad,
10 unduly burdensome and oppressive on the grounds that it is not limited in time, and
11 seeks all documents in Mattel's possession, custody and control given or shown for
12 any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees
13 like Bryant, to any person working on <u>or involved</u> in the conception, creation,
14 design or development of any "fashion doll," other than BARBIE dolls, including
15 former and present employees and independent contractors working around the
16 globe, referring or relating to the "Bratz Concept." Mattel further objects to this
17 Request on the grounds that such discovery from Mattel is overbroad, unduly
18 burdensome, oppressive and not likely to the lead to the discovery of admissible
19 evidence in that Mattel's actions in relation to "Bratz" are not at issue in this action
20 and are irrelevant to the claims and defenses in this suit. Rather, at issue are the

21 ———————————

22 ███████████████████████████ In finding that "there has been
23 no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
calculated to lead to the discovery of admissible evidence regarding the RICO
24 counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
25 other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
26 into existence – and therefore apparently did not encompass the activities or the
27 transactions which are the subject of the Financing Discovery." Discovery Matter
Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

1 actions of defendants and third parties associated with defendants in connection with

2 the projects that defendant Bryant worked on with defendant MGA, which is

3 information known to and within the possession, custody and control of defendants

4 and their associated third parties, not Mattel.  Mattel further objects to this Request

5 on the grounds that it is unreasonably burdensome and premature in that the facts

6 necessary to determine the whether "images, drawings, pictures, sculpts, molds,

7 prototypes and any other form of artwork" both predate the "First Bratz Dolls" and

8 are "'Bratz'-related" are known by defendants and third parties associated with

9 defendants, but are not known by Mattel at this juncture.  Mattel further objects to

10 this Request on the ground that the term "Bratz Concept" is vague and ambiguous.

11 Mattel further objects to the Request on the grounds that it calls for the disclosure of

12 information subject to the attorney-client privilege, the attorney work-product

13 doctrine and other applicable privileges.

14 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

15 **TO SHOULD BE COMPELLED**

16 Mattel has not agreed to produce documents in response to this request,

17 subject to its improper boilerplate objections.  Mattel has refused to confirm whether

18 or not it has produced all non-privileged responsive documents or whether it is

19 withholding documents based on its objections in Phase 2.  Under the Federal Rules

20 of Civil Procedure, "an objection to part of a request must specify the part and

21 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

22 fail to explain the basis for an objection with specificity are routinely rejected in the

23 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

24 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

25 harassing' are improper – especially when a party fails to submit any evidentiary

26 declarations supporting such objections").  Accordingly, Mattel must be compelled

27 either to certify that it has produced all non-privileged responsive documents or to

28 produce all such documents by a date certain.

1         To the extent that Mattel is relying on its blanket objections, they are
2    not sustainable and do not justify Mattel's failure to produce documents.

3         As to overbreadth, Mattel provides no explanation, let alone the
4    required particularity, as to *why* this request is supposedly overly broad, nor can it
5    do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
6    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
7    contrary, the request is narrowly tailored to seek documents concerning the BRATZ
8    concept that Mattel has given or shown to anyone working or involved in its fashion
9    dolls other than Barbie.

10        As to burden, Mattel has not attempted to demonstrate why responding
11   to this request and/or producing responsive documents presents any burden. This
12   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
13   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
14   request is unduly burdensome must allege specific facts which indicate the nature
15   and extent of the burden, usually by affidavit or other reliable evidence.")
16   Moreover, it is not unduly burdensome, as noted above, in that the request is
17   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
18   has engaged in a broad variety of unfair trade practices including serial copying of
19   MGA products, including its BRATZ product line. MGA is entitled to discovery on
20   these claims.

21        This request does not seek documents protected by the attorney-client
22   privilege, the attorney work product doctrine, or other applicable privileges. To the
23   extent that Mattel contends that it does, Mattel must provide a privilege log.

24        Mattel objects that Mattel's actions in relation to the "Bratz" line of
25   products are not at issue in this action and are irrelevant to the claims and defenses
26   in this suit. Mattel cannot legitimately contend that Bratz is not at issue in Phase 2
27   of these consolidated proceedings. Discovery relating to Bratz is likely to lead to
28   admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

1   competition claim, Mattel's trade secret misappropriation claim, and both parties
2   damages claims.

3          As for relevancy, Mattel has not attempted to demonstrate why the
4   information sought in response to this request is not discoverable in Phase 2. On the
5   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
6   product lines, including its BRATZ product line, packaging, themes, accessories,
7   and advertising. Documents related to BRATZ concept that Mattel has given or
8   shown to anyone working on its fashion dolls are highly relevant to MGA's claims,
9   including its allegation of serial copying by Mattel, and are discoverable in Phase 2.

10         None of Mattel's improper objections are valid and Mattel is obligated
11  to produce all non-privileged responsive documents in its possession, custody, or
12  control.

13  **MATTEL'S RESPONSE:**

14         This Request is entirely duplicative of prior discovery served by Carter
15  Bryant and subsequent discovery served by MGA. ████████████████████
16  ████████████████████████████████████████████████████████████
17  ███████████████████████████████████   MGA's claim, at
18  this stage of the litigation, that there remain unproduced relevant materials on this
19  subject in Mattel's possession is not credible.  In fact, over *two years ago* MGA
20  wrote a letter admitting that this set of requests was duplicative and that Mattel had
21  produced relevant documents in response.[446]

22         Additionally, MGA failed to meet and confer in good faith regarding
23  this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1,

24  ────────────────────────
25  ████████████████████████████████████████████████████████
26  ████████████████████████████████████████
27  [446]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
        Dec., Exh. 43.
28

1  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
2  party shall first identify each dispute, state the relief sought and identify the
3  authority supporting the requested relief in a meet and confer letter that shall be
4  served on all parties by facsimile or electronic mail. The parties shall have five court
5  days from the date of service of that letter to conduct an in-person conference to
6  attempt to resolve the dispute."). At no point during the meet and confer process did
7  MGA articulate a valid basis for which this Request could be considered relevant to
8  Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is
9  simply not true; MGA never initiated any dialogue about this Request or Mattel's
10  response in the first place. The Discovery Master should deny MGA's motion with
11  respect to this Request on that grounds alone.

12          The motion is also moot. As MGA has admitted in
13  correspondence going back to 2007[447], Mattel has produced and continues to
14  produce documents that are responsive to this Request. As to the actual production
15  of relevant documents, there is no dispute and indeed had been no dispute for years,
16  as MGA well knows, and this issue could have been resolved without motion
17  practice if MGA had completed the meet and confer process in good faith.

18          MGA's Request reaches a broad range of irrelevant materials and
19  materials covered by the attorney-client privilege and the attorney work product
20  without limitation as to time, scope, or source. MGA and Mattel are large
21  multinational corporations and direct competitors; accordingly, each company will
22  have generated a huge range of documents "relating to" the other, the vast majority
23  of which are completely irrelevant to the Phase 2 claims. Inasmuch as MGA merely
24  seeks discovery in order to upend these rulings in Phase 2, the Request is clearly
25  irrelevant.

26
27
28

00505.07975/3161896.1

-228-

MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1), which clearly states that discovery must be "reasonably calculated to lead to the discovery of admissible evidence." MGA has not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are relevant to Phase 2 issues. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims. <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, prior Orders entered in this case -- at MGA's urging -- make very clear that a Request that seeks all documents relating to such a wide and amorphous category as "the Bratz Concept" is overbroad and improper. As the prior Discovery Master held in denying a motion to compel on what was a less expansively worded Request, "this category of requests is clearly overbroad, requiring production of documents that merely mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they have anything to do with the claims or defenses in this case."[448] Similarly, the prior Discovery Master has denied

---

[447] <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

[448] <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5.

1  motions to compel on Requests for "documents referring or relating to MGA's
2  business dealings, without specifying any products or other subject matter
3  limitations" because such Requests are grossly overbroad.[449]

4          There is no basis for overruling Mattel's privilege objection.  MGA's
5  bald assertion that "this request does not seek information protected by the attorney-
6  client privilege, the attorney work product doctrine, or any other applicable
7  privilege" has no merit.  Documents responsive to this Request could very well be
8  subject to a claim of privilege or work product protection.  Despite MGA's claim to
9  the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA
10  has itself argued, the parties have agreed that "all privileged documents would be
11  logged except for documents created after this action was filed on April 27, 2004."
12  Thus, to the extent privileged documents fall within the post lawsuit time period,
13  they need not be included on Mattel's log.



[449]  Id.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1 ██████████████████████████████████████████████

2 ████████████████████████████

3     Finally, MGA takes issue with Mattel imposing any temporal

4 limitations on its production based on the filing of MGA's complaint. ████████

5 ██████████████████████████████████████████████

6 ██████████████████████████████████████████████

7 ███████████████████████████████    MGA offers no reason, nor could it

8 consistent with judicial estoppel, why documents post-dating the filing of claims

9 which do not allege continuing wrongdoing are relevant to those claims.

10 **REQUEST FOR PRODUCTION NO. 28:**

11     All DOCUMENTS referring or relating to the FIRST BRATZ DOLLS

12 that YOU have given or shown to any person working on or involved in the

13 conception, creation, design or development of any fashion doll, other than

14 "Barbie'".

15

16 ██████████████████████████████████████████████

17 ██████████████████████████████████████████████

18 ██████████████████████████████████████████████

19 ██████████████████████████████████████████████

20 ██████████████████████████████████████████████

21 ██████████████████████████████████████████████

22 ██████████████████████████████    In finding that "there has been

23 no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

calculated to lead to the discovery of admissible evidence regarding the RICO

24 counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

25 than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26 into existence – and therefore apparently did not encompass the activities or the

transactions which are the subject of the Financing Discovery."  Discovery Matter

27 Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

**RESPONSE TO REQUEST NO. 28:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad, unduly burdensome and oppressive on the grounds that it is not limited in time, and seeks all documents in Mattel's possession, custody and control given or shown for any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees like Bryant, to any person working on <u>or involved</u> in the conception, creation, design or development of any "fashion doll," other than BARBIE dolls, including former and present employees and independent contractors working around the globe, referring or relating to the "First Bratz Dolls." Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the ground that the term "First Bratz Dolls" is vague and ambiguous. Mattel further objects to the Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules