of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning the FIRST BRATZ DOLLS that Mattel has given or shown to anyone working or involved in its fashion dolls other than Barbie.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of

1  MGA products, including its BRATZ dolls.  MGA is entitled to discovery on these
2  claims.

3          This request does not seek documents protected by the attorney-client
4  privilege, the attorney work product doctrine, or other applicable privileges.  To the
5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6          Mattel objects that Mattel's actions in relation to the "Bratz" line of
7  products are not at issue in this action and are irrelevant to the claims and defenses
8  in this suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2
9  of these consolidated proceedings.  Discovery relating to Bratz is likely to lead to
10  admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair
11  competition claim, Mattel's trade secret misappropriation claim, and both parties
12  damages claims.

13          Mattel objects that the term "FIRST BRATZ DOLLS" is vague and
14  ambiguous.  To the contrary, the term "FIRST BRATZ DOLLS" has been clearly
15  defined in definition number 3 as particular dolls identified by name and SKU.

16          As for relevancy, Mattel has not attempted to demonstrate why the
17  information sought in response to this request is not discoverable in Phase 2.  On the
18  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
19  product lines, including its BRATZ product line, packaging, themes, accessories,
20  and advertising.  Documents related to the FIRST BRATZ DOLLS that Mattel has
21  given or shown to anyone working on its fashion dolls are highly relevant to MGA's
22  claims, including its allegation of serial copying by Mattel, and are discoverable in
23  Phase 2.

24          None of Mattel's improper objections are valid and Mattel is obligated
25  to produce all non-privileged responsive documents in its possession, custody, or
26  control.

27
28

1 | **MATTEL'S RESPONSE:**

2 |      This Request is duplicative of prior discovery served by Carter Bryant

3 | and subsequent discovery served by MGA. ███████████████

4 | ████████████████████████████████████████

5 | ████████████████████████ MGA's claim, at this stage

6 | of the litigation, that there remain unproduced relevant materials on this subject in

7 | Mattel's possession is not credible. In fact, over *two years ago* MGA wrote a letter

8 | admitting that this set of requests was duplicative and that Mattel had produced

9 | relevant documents in response.[464]

10 |      Additionally, MGA failed to meet and confer in good faith regarding

11 | this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1,

12 | dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

13 | party shall first identify each dispute, state the relief sought and identify the

14 | authority supporting the requested relief in a meet and confer letter that shall be

15 | served on all parties by facsimile or electronic mail. The parties shall have five court

16 | days from the date of service of that letter to conduct an in-person conference to

17 | attempt to resolve the dispute."). At no point during the meet and confer process did

18 | MGA articulate a valid basis for which this Request could be considered relevant to

19 | Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is

20 | simply not true; MGA never initiated any dialogue about this Request or Mattel's

21 | response in the first place. The Discovery Master should deny MGA's motion with

22 | respect to this Request on that grounds alone.

23 |

24 |

25 | ████████████████████████████████████

26 | ████████████████████████████████

27 | [464] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

28 |

1    MGA's Request for all documents relating to the "First Bratz Dolls"
2  reaches a broad range of irrelevant materials and materials covered by the attorney-
3  client privilege and the attorney work product.   MGA and Mattel are large
4  multinational corporations and direct competitors; accordingly, each company will
5  have generated a huge range of documents "relating to" the other, the vast majority
6  of which are completely irrelevant to the Phase 2 claims.  For instance, a document
7  that simply lists public pricing or sales data for a Bratz product, or even an email
8  referring to the fact of Bratz's existence would fall under this Request as worded.
9  The Request is thus highly burdensome and overbroad.   Insomuch as it would
10  incorporate the entirety of a vast number of additional Requests MGA has served in
11  this action, it is also duplicative.   Further, inasmuch as the ownership of the
12  intellectual property comprising of the Bratz dolls, prior rulings in this case have
13  already established that Mattel owns that intellectual property.  Inasmuch as MGA
14  merely seeks discovery in order to upend these rulings in Phase 2, the Request is
15  clearly irrelevant.

16    MGA's argument that it is entitled to all documents relating to the First
17  Bratz Dolls fails on the merits in any event.  MGA must establish that its discovery
18  meets the relevance requirements of Rule 26(b)(1), which clearly states that
19  discovery must be "reasonably calculated to lead to the discovery of admissible
20  evidence."   MGA has not sufficiently explained how all documents relating to the
21  "First Bratz Dolls" are relevant to Phase 2 issues.  "A trial court has a duty, of
22  special significance in lengthy and complex cases where the possibility of abuse is
23  always present, to supervise and limit discovery to protect parties and witnesses
24  from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664
25  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559
26  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);  Mr. Frank, Inc. v. Waste
27  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous
28  Discovery Master has held, a party may not propound document requests as part of a

1  fishing expedition or to discover new claims.  Rivera v. NIBCO, Inc., 364 F.3d
2  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
3  to engage in 'fishing expeditions.'").

4         Further, prior Orders entered in this case -- at MGA's urging -- make
5  very clear that a Request that seeks all documents relating to such a wide and
6  amorphous category as "the First Bratz Dolls" is overbroad and improper.  As the
7  prior Discovery Master held in denying a motion to compel on what was a less
8  expansively worded Request, "this category of requests is clearly overbroad,
9  requiring production of documents that merely mention MGA, Larian, Bratz or
10 other MGA products, regardless of whether or not they have anything to do with the
11 claims or defenses in this case."[465]  Similarly, the prior Discovery Master has denied
12 motions to compel on Requests for "documents referring or relating to MGA's
13 business dealings, without specifying any products or other subject matter
14 limitations" because such Requests are grossly overbroad.[466]

15        There is no basis for overruling Mattel's privilege objection.  MGA's
16 bald assertion that "this request does not seek information protected by the attorney-
17 client privilege, the attorney work product doctrine, or any other applicable
18 privilege" has no merit.  Documents responsive to this Request could very well be
19 subject to a claim of privilege or work product protection.  Despite MGA's claim to
20 the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA
21 has itself argued, the parties have agreed that "all privileged documents would be
22 logged except for documents created after this action was filed on April 27, 2004."
23 Thus, to the extent privileged documents fall within the post lawsuit time period,
24 they need not be included on Mattel's log.

25

26  [465]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,
27  dated May 22, 2007, Dart Decl., Exh. 5.
    [466]  Id.

28

1    Finally, MGA takes issue with Mattel imposing any temporal
2    limitations on its production based on the filing of MGA's complaint. █████

3    ████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████

5    ██████████████████████████████████ MGA offers no reason, nor could it

6    consistent with judicial estoppel, why documents post-dating the filing of claims

7    which do not allege continuing wrongdoing are relevant to those claims.

8    **REQUEST FOR PRODUCTION NO. 29:**

9    All DOCUMENTS referring or relating to the BRATZ PACK that

10   YOU have given or shown to any person working on or involved in the conception,

11   creation, design or development of any fashion doll, other than "Barbie," if YOU

12   seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part of

13   YOUR recovery or damages in this case, any right or interest in, revenues or profits

14   from, or lost profits or other damages caused by the BRATZ PACK.

15   **RESPONSE TO REQUEST NO. 29:**

16   In addition to the general objections stated above, which are

17   incorporated herein by reference, Mattel objects to this Request as overbroad,

18

19
20
21
22   In finding that "there has been
23   no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
     calculated to lead to the discovery of admissible evidence regarding the RICO
24   counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
25   other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
     than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
26   into existence – and therefore apparently did not encompass the activities or the
27   transactions which are the subject of the Financing Discovery."  Discovery Matter
     Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.
28

1  unduly burdensome and oppressive on the grounds that it is not limited in time, and

2  seeks all documents in Mattel's possession, custody and control given or shown for

3  any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees

4  like Bryant, to any person working on <u>or involved</u> in the conception, creation,

5  design or development of any "fashion doll," other than BARBIE dolls, including

6  former and present employees and independent contractors working around the

7  globe, referring or relating to the "Bratz Pack."   Mattel further objects to this

8  Request on the grounds that such discovery from Mattel is overbroad, unduly

9  burdensome, oppressive and not likely to the lead to the discovery of admissible

10  evidence in that Mattel's actions in relation to the "Bratz" line of products are not at

11  issue in this action and are irrelevant to the claims and defenses in this suit.  Rather,

12  at issue are the actions of defendants and third parties associated with defendants in

13  connection with the projects that defendant Bryant worked on with defendant MGA,

14  which is information known to and within the possession, custody and control of

15  defendants and their associated third parties, not Mattel.  Mattel further objects to

16  the Request on the grounds that it calls for the disclosure of information subject to

17  the attorney- client privilege, the attorney work-product doctrine and other

18  applicable privileges.  Mattel further objects to this Request on the grounds that it is

19  unreasonably burdensome and premature in that the facts necessary to determine the

20  full nature and extent of Mattel's relief and damages from defendant's acts or

21  omissions are known by defendants and third parties associated with defendants, but

22  are not known by Mattel at this juncture because of defendants' refusals to produce

23  basic discovery.  Mattel further objects to this Request on the grounds that it is

24  improperly phrased as a legal contention.

25  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

26  **TO SHOULD BE COMPELLED**

27  Mattel has not agreed to produce documents in response to this request,

28  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

1  Procedure, "an objection to part of a request must specify the part and permit
2  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to
3  explain the basis for an objection with specificity are routinely rejected in the
4  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
5  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
6  harassing' are improper – especially when a party fails to submit any evidentiary
7  declarations supporting such objections"). Accordingly, Mattel must be compelled
8  either to certify that it has produced all non-privileged responsive documents or to
9  produce all such documents by a date certain.

10      To the extent that Mattel is relying on its blanket objections, they are
11  not sustainable and do not justify Mattel's failure to produce documents.

12      As to overbreadth, Mattel provides no explanation, let alone the
13  required particularity, as to *why* this request is supposedly overly broad, nor can it
14  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
15  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This
16  request is narrowly tailored to Mattel's intent to assert a particular damages claim or
17  claim for injunctive relief. The category of documents requested is relevant to the
18  damages claim and claim for injunctive relief, and it is clearly discoverable to the
19  extent that Mattel is requesting such relief in Phase 2.

20      As to burden, Mattel has not attempted to demonstrate why responding
21  to this request and/or producing responsive documents presents any burden. This
22  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
23  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
24  request is unduly burdensome must allege specific facts which indicate the nature
25  and extent of the burden, usually by affidavit or other reliable evidence.")
26  Moreover, it is not unduly burdensome, as noted above, in that the request is
27  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
28  has engaged in a broad variety of unfair trade practices including serial copying of

1 MGA products.  Mattel also has a claim of trade secret misappropriation against
2 MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

3       This request does not seek documents protected by the attorney-client
4 privilege, the attorney work product doctrine, or other applicable privileges.  To the
5 extent that Mattel contends that it does, Mattel must provide a privilege log.

6       Mattel objects that the request is duplicative or subsumed within prior
7 requests but does not identify the allegedly duplicative requests.  Mattel's failure to
8 agree to produce responsive non-privileged documents is not proper based on this
9 objection.

10       Mattel objects that the request contains confidential, proprietary and
11 trade secret information.  A Protective Order exists in this case, obviating any
12 concern as to protection of privacy rights and/or commercially sensitive
13 information.

14       Mattel's prayer for relief is extremely broad in Phase 2.  MGA is
15 entitled to all documents on the issue, and not just those that Mattel chooses to
16 produce in support of its claims.  Because Mattel's pleadings seek such broad relief,
17 MGA is entitled to extremely broad discovery to the extent that Mattel intends to
18 assert particular damages theories or to request injunctive relief.

19       None of Mattel's improper objections are valid and Mattel is obligated
20 to produce all non-privileged responsive documents in its possession, custody, or
21 control.

22 **MATTEL'S RESPONSE:**

23       MGA's argument that it is entitled to these documents fails on the
24 merits.  MGA bears the burden of showing that its discovery meets the relevance

25

26

27

28

1  requirements of Rule 26(b)(1).[468]   MGA has not sufficiently explained how all
2  documents referring or relating to Bratz Pack that Mattel has given or shown to any
3  person involved in product conception, creation, or design of any fashion doll, other
4  than "Barbie," are relevant to Phase 2 issues.  "A trial court has a duty, of special
5  significance in lengthy and complex cases where the possibility of abuse is always
6  present, to supervise and limit discovery to protect parties and witnesses from
7  annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664
8  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559
9  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste
10 Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous
11 Discovery Master has held, a party may not propound document requests as part of a
12 fishing expedition or to discover new claims.[469]   Rivera v. NIBCO, Inc., 364 F.3d
13 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
14 to engage in 'fishing expeditions.'").

15         Further, this Request is overbroad.  MGA defines "BRATZ PACK" as
16 "any collection, compilation, or grouping of two or more images, characters or dolls
17 that are or have ever been manufactured, marketed or sold by MGA, or others under
18 a license, as part of a line of goods or merchandise commonly known as, or sold and
19 marketed under the 'Bratz' trademark or trade dress."[470]   Seeking the universe of all
20 documents referring or relating to Bratz Pack, and thus by extension to Bratz, that
21 Mattel has given or shown any person involved in the creation or development of

22 ───────────────

23 [468]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
24 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
   Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
25 [469]  See Order Granting In Part and Denying In Part Mattel's Motion for
26 Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
   1.
27
28

any fashion doll other than "Barbie" is plainly not narrowly tailored to seek information relevant to Phase 2. The Request is overly broad as well in that it is not limited to individuals actually employed by or associated with Mattel.

The Request is also duplicative of other MGA Parties requests in response to which Mattel has produced 17,278 pages in Phase 1 of this case.

Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.



---

[470] See MGA's First Set of Document Requests (04-9059), dated November 22, 2006, at ¶ 15, Dart Dec., Exh. 45.

[472] Id. ¶ 9-11.

00505.07975/3161896.1

-246-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ████████████████████████████████████████████████

2 ████████████████████████████████████

3        There is no basis for overruling Mattel's privilege objection.  MGA's

4 bald assertion that "[t]his request does not seek information protected by the

5 attorney-client privilege, the attorney work product doctrine, or other applicable

6 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7 agreed that "all privileged documents would be logged except for documents created

8 after this action was filed on April 27, 2004."[483]   Thus, to the extent privileged

9 documents fall within the post lawsuit time period, they need not be included on

10 Mattel's log.  Although it bears the burden of showing why this agreement should

11 not be applied to a given Request, MGA fails to do so.

12        Finally, MGA failed to meet and confer at all, much less in good faith,

13 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15 the moving party shall first identify each dispute, state the relief sought and identify

16 the authority supporting the requested relief in a meet and confer letter that shall be

17 served on all parties by facsimile or electronic mail. The parties shall have five court

18 days from the date of service of that letter to conduct an in-person conference to

19 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

20 confer, MGA had the burden to show the relevance of any requests it sought to

21 ────────────────

22 ████████████████████████████████████████

23 ██ ██████████████████████████████████████

24 ████ ████████████████████████████████████

25 ██ ████████████████████████████████████

26 ████████████████████████████████████████

27 ██

28

move on.[484]   At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[485]   Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS referring or relating to BRATZ DOLLS that YOU have given or shown to any person working on or involved in the conception, creation, design or development of any fashion doll, other than "Barbie," if YOU seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ DOLLS.

**RESPONSE TO REQUEST NO. 30:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad, unduly burdensome and oppressive on the grounds that it is not limited in time, and seeks all documents in Mattel's possession, custody and control given or shown for any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees like Bryant, to any person working on <u>or involved</u> in the conception, creation, design or development of any "fashion doll," other than BARBIE dolls, including former and present employees and independent contractors working around the globe, referring or relating to "Bratz Dolls."  Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome,

---

[484]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
[485]   <u>See</u> Webster Dec. at p. 1-5.

1  oppressive and not likely to the lead to the discovery of admissible evidence in that
2  Mattel's actions in relation to the "Bratz" line of products are not at issue in this
3  action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are
4  the actions of defendants and third parties associated with defendants in connection
5  with the projects that defendant Bryant worked on with defendant MGA, which is
6  information known to and within the possession, custody and control of defendants
7  and their associated third parties, not Mattel.  Mattel further objects to the Request
8  on the Grounds that it calls for the disclosure of information subject to the attorney-
9  client privilege, the attorney work-product doctrine and other applicable privileges.
10  Mattel further objects to this Request on the grounds that it is unreasonably
11  burdensome and premature in that the facts necessary to determine the full nature
12  and extent of Mattel's relief and damages from defendant's acts or omissions are
13  known by defendants and third parties associated with defendants, but are not
14  known by Mattel at this juncture because of defendants' refusals to produce basic
15  discovery.  Mattel further objects to this Request on the grounds that it is improperly
16  phrased as a legal contention.

17  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
18  **TO SHOULD BE COMPELLED**

19      Mattel has not agreed to produce documents in response to this request,
20  resting on its improper boilerplate objections.  Under the Federal Rules of Civil
21  Procedure, "an objection to part of a request must specify the part and permit
22  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to
23  explain the basis for an objection with specificity are routinely rejected in the
24  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
25  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
26  harassing' are improper − especially when a party fails to submit any evidentiary
27  declarations supporting such objections").  Accordingly, Mattel must be compelled
28

00505.07975/3161896.1

-250-
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  either to certify that it has produced all non-privileged responsive documents or to
2  produce all such documents by a date certain.

3       To the extent that Mattel is relying on its blanket objections, they are
4  not sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the
6  required particularity, as to **why** this request is supposedly overly broad, nor can it
7  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This
9  request is narrowly tailored to Mattel's intent to assert a particular damages claim or
10 claim for injunctive relief. The category of documents requested is relevant to the
11 damages claim and claim for injunctive relief, and it is clearly discoverable to the
12 extent that Mattel is requesting such relief in Phase 2.

13      As to burden, Mattel has not attempted to demonstrate why responding
14 to this request and/or producing responsive documents presents any burden. This
15 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
16 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
17 request is unduly burdensome must allege specific facts which indicate the nature
18 and extent of the burden, usually by affidavit or other reliable evidence.")
19 Moreover, it is not unduly burdensome, as noted above, in that the request is
20 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
21 has engaged in a broad variety of unfair trade practices including serial copying of
22 MGA products. Mattel also has a claim of trade secret misappropriation against
23 MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

24      This request does not seek documents protected by the attorney-client
25 privilege, the attorney work product doctrine, or other applicable privileges. To the
26 extent that Mattel contends that it does, Mattel must provide a privilege log.

27      Mattel objects that the request is duplicative or subsumed within prior
28 requests but does not identify the allegedly duplicative requests. Mattel's failure to

agree to produce responsive non-privileged documents is not proper based on this objection.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to all documents on the issue, and not just those that Mattel chooses to produce in support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad discovery to the extent that Mattel intends to assert particular damages theories or to request injunctive relief.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

MGA's argument that it is entitled to these documents fails on the merits.  MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[486]  MGA has not sufficiently explained how all documents referring or relating to Bratz Dolls that Mattel has given or shown to any person involved in product conception, creation, or design of any fashion doll, other than "Barbie," are relevant to Phase 2 issues.  "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664

---

[486]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

(E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[487]   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, this Request is overbroad.  Seeking the universe of all documents referring or relating to Bratz Dolls, and thus by extension to Bratz, that Mattel has given or shown any person involved in the creation or development of any fashion doll other than "Barbie" is plainly not narrowly tailored to seek information relevant to Phase 2.  The Request is overly broad as well in that it is not limited to individuals actually employed by or associated with Mattel.

The Request is also duplicative of other MGA Parties requests in response to which Mattel has produced 17,278 pages in Phase 1 of this case.

Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.

---

[487]   See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

-255-



13    There is no basis for overruling Mattel's privilege objection.  MGA's
14  bald assertion that "[t]his request does not seek information protected by the
15  attorney-client privilege, the attorney work product doctrine, or other applicable
16  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
17  agreed that "all privileged documents would be logged except for documents created
18  after this action was filed on April 27, 2004."[500]  Thus, to the extent privileged
19  documents fall within the post lawsuit time period, they need not be included on



1  Mattel's log. Although it bears the burden of showing why this agreement should
2  not be applied to a given Request, MGA fails to do so.

3      Finally, MGA failed to meet and confer at all, much less in good faith,
4  regarding this Request prior to filing its Motion. See Phase 2 Discovery Master
5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
6  the moving party shall first identify each dispute, state the relief sought and identify
7  the authority supporting the requested relief in a meet and confer letter that shall be
8  served on all parties by facsimile or electronic mail. The parties shall have five court
9  days from the date of service of that letter to conduct an in-person conference to
10 attempt to resolve the dispute."). In order to engage in a meaningful meet and
11 confer, MGA had the burden to show the relevance of any requests it sought to
12 move on.[501]  At no point during the meet and confer process did MGA show why
13 this Request could be considered relevant to Phase 2 issues.[502]  Because MGA
14 refused to even attempt to make this showing, there was no possibility of a good
15 faith meet and confer to resolve the parties' disputes. The Discovery Master should
16 deny MGA's motion with respect to this Request on that grounds alone.

17 **REQUEST FOR PRODUCTION NO. 31:**

18     All DOCUMENTS referring or relating to LIL' BRATZ that YOU have
19 given or shown to any person working on or involved in the conception, creation,
20 design or development of any fashion doll, other than "Barbie," if YOU seek in this
21 case to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or
22 damages in this case, any right or interest in, revenues or profits from, or lost profits
23 or other damages caused by LIL' BRATZ.

24

---

25  [501]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [502]   See Webster Dec. at p. 1-5.

28

**RESPONSE TO REQUEST NO. 31:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad, unduly burdensome and oppressive on the grounds that it is not limited in time, and seeks all documents in Mattel's possession, custody and control given or shown for any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees like Bryant, to any person working on <u>or involved</u> in the conception, creation, design or development of any "fashion doll," other than BARBIE dolls, including former and present employees and independent contractors working around the globe, referring or relating to "Lil' Bratz." Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to the Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, resting on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This request is narrowly tailored to Mattel's intent to assert a particular damages claim or claim for injunctive relief.  The category of documents requested is relevant to the damages claim and claim for injunctive relief, and it is clearly discoverable to the extent that Mattel is requesting such relief in Phase 2.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

1  and extent of the burden, usually by affidavit or other reliable evidence.")

2  Moreover, it is not unduly burdensome, as noted above, in that the request is

3  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

4  has engaged in a broad variety of unfair trade practices including serial copying of

5  MGA products. Mattel also has a claim of trade secret misappropriation against

6  MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

7       This request does not seek documents protected by the attorney-client

8  privilege, the attorney work product doctrine, or other applicable privileges. To the

9  extent that Mattel contends that it does, Mattel must provide a privilege log.

10       Mattel objects that the request is duplicative or subsumed within prior

11  requests but does not identify the allegedly duplicative requests. Mattel's failure to

12  agree to produce responsive non-privileged documents is not proper based on this

13  objection.

14       Mattel objects that the request contains confidential, proprietary and

15  trade secret information. A Protective Order exists in this case, obviating any

16  concern as to protection of privacy rights and/or commercially sensitive

17  information.

18       Mattel's prayer for relief is extremely broad in Phase 2. MGA is

19  entitled to all documents on the issue, and not just those that Mattel chooses to

20  produce in support of its claims. Because Mattel's pleadings seek such broad relief,

21  MGA is entitled to extremely broad discovery to the extent that Mattel intends to

22  assert particular damages theories or to request injunctive relief.

23       None of Mattel's improper objections are valid and Mattel is obligated

24  to produce all non-privileged responsive documents in its possession, custody, or

25  control.

26  **MATTEL'S RESPONSE:**

27       MGA's argument that it is entitled to these documents fails on the

28  merits. MGA bears the burden of showing that its discovery meets the relevance

requirements of Rule 26(b)(1).[503]   MGA has not sufficiently explained how all documents referring or relating to Lil' Bratz that Mattel has given or shown to any person involved in product conception, creation, or design of any fashion doll, other than "Barbie," are relevant to Phase 2 issues.  "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[504]   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, this Request is overbroad.   Seeking the universe of all documents referring or relating to Lil' Bratz, and thus by extension to Bratz, that Mattel has given or shown any person involved in the creation or development of any fashion doll other than "Barbie" is plainly not narrowly tailored to seek information relevant to Phase 2.  The Request is overly broad as well in that it is not limited to individuals actually employed by or associated with Mattel.

The Request is also duplicative of other MGA Parties requests in response to which Mattel has produced 17,278 pages in Phase 1 of this case.

---

[503]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[504]   See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

1        Further, this Request is unduly burdensome. <u>Rule</u> 26(b)(2)(c) provides

2  that a Court should limit the extent of discovery if it determines that the burden of

3  the proposed discovery outweighs its likely benefit; the discovery sought is

4  unreasonably cumulative or duplicative, or is obtainable from some other source that

5  is more convenient, less burdensome, or less expensive; or the party seeking

6  discovery has had ample opportunity by discovery in the action to obtain the

7  information sought. <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c). The burden of locating and

8  producing the documents responsive to this overbroad Request would greatly

9  outweigh any marginal benefit to MGA, for the following reasons.



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    There is no basis for overruling Mattel's privilege objection.  MGA's

2  bald assertion that "[t]his request does not seek information protected by the

3  attorney-client privilege, the attorney work product doctrine, or other applicable

4  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

5  agreed that "all privileged documents would be logged except for documents created

6  after this action was filed on April 27, 2004."[517]  Thus, to the extent privileged

7  documents fall within the post lawsuit time period, they need not be included on

8  Mattel's log.  Although it bears the burden of showing why this agreement should

9  not be applied to a given Request, MGA fails to do so.

10    Finally, MGA failed to meet and confer at all, much less in good faith,

11  regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master

12  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

13  the moving party shall first identify each dispute, state the relief sought and identify

14  the authority supporting the requested relief in a meet and confer letter that shall be

15  served on all parties by facsimile or electronic mail. The parties shall have five court

16  days from the date of service of that letter to conduct an in-person conference to

17  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

18  confer, MGA had the burden to show the relevance of any requests it sought to

19  move on.[518]   At no point during the meet and confer process did MGA show why

20  this Request could be considered relevant to Phase 2 issues.[519]  Because MGA

21  refused to even attempt to make this showing, there was no possibility of a good

22

---

23    [517]   <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the
24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
25  3.
      [518]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
      [519]   <u>See</u> Webster Dec. at p. 1-5.

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   faith meet and confer to resolve the parties' disputes.  The Discovery Master should

2   deny MGA's motion with respect to this Request on that grounds alone.

3   **REQUEST FOR PRODUCTION NO. 32:**

4         All DOCUMENTS referring or relating to BRATZ PETZ that YOU

5   have given or shown to any person working on or involved in the conception,

6   creation, design or development of any plush toy, if YOU seek in this case to enjoin

7   the sale of BRATZ PETZ, or seek, as any part of YOUR recovery or damages in this

8   case, any right or interest in, revenues or profits from, or lost profits or other

9   damages caused by BRATZ PETZ.

10  **RESPONSE TO REQUEST NO. 32:**

11        In addition to the general objections stated above, which are

12  incorporated herein by reference, Mattel objects to this Request as overbroad,

13  unduly burdensome and oppressive on the grounds that it is not limited in time, and

14  seeks all documents in Mattel's possession, custody and control given or shown for

15  any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees

16  like Bryant, to any person working on <u>or involved</u> in the conception, creation,

17  design or development of any plush toy, including former and present employees

18  and independent contractors working around the globe, referring or relating to

19  "Bratz Petz."  Mattel further objects to this Request on the grounds that such

20  discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely

21  to the lead to the discovery of admissible evidence in that Mattel's actions in relation

22  to the "Bratz" line of products are not at issue in this action and are irrelevant to the

23  claims and defenses in this suit.  Rather, at issue are the actions of defendants and

24  third parties associated with defendants in connection with the projects that

25  defendant Bryant worked on with defendant MGA, which is information known to

26  and within the possession, custody and control of defendants and their associated

27  third parties, not Mattel.  Mattel further objects to the Request on the grounds that it

28  calls for the disclosure of information subject to the attorney-client privilege, the

1   attorney work-product doctrine and other applicable privileges.  Mattel farther

2   objects to this Request on the grounds that it is unreasonably burdensome and

3   premature in that the facts necessary to determine the fall nature and extent of

4   Mattel's relief and damages from defendant's acts or omissions are known by

5   defendants and third parties associated with defendants, but are not known by Mattel

6   at this juncture because of defendants' refusals to produce basic discovery.  Mattel

7   further objects to this Request on the grounds that it is improperly phrased as a legal

8   contention.

9   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

10  **TO SHOULD BE COMPELLED**

11          Mattel has not agreed to produce documents in response to this request,

12  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

13  Procedure, "an objection to part of a request must specify the part and permit

14  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

15  explain the basis for an objection with specificity are routinely rejected in the

16  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

17  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

18  harassing' are improper – especially when a party fails to submit any evidentiary

19  declarations supporting such objections").  Accordingly, Mattel must be compelled

20  either to certify that it has produced all non-privileged responsive documents or to

21  produce all such documents by a date certain.

22          To the extent that Mattel is relying on its blanket objections, they are

23  not sustainable and do not justify Mattel's failure to produce documents.

24          As to overbreadth, Mattel provides no explanation, let alone the

25  required particularity, as to *why* this request is supposedly overly broad, nor can it

26  do so.

27          This objection is therefore improper.  Order No. 17, dated April 14,

28  2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.

Ex. 58.  This request is narrowly tailored to Mattel's intent to assert a particular damages claim or claim for injunctive relief.  The category of documents requested is relevant to the damages claim and claim for injunctive relief, and it is clearly discoverable to the extent that Mattel is requesting such relief in Phase 2.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products.  Mattel also has a claim of trade secret misappropriation against MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests.  Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to all documents on the issue, and not just those that Mattel chooses to

1  produce in support of its claims. Because Mattel's pleadings seek such broad relief,

2  MGA is entitled to extremely broad discovery to the extent that Mattel intends to

3  assert particular damages theories or to request injunctive relief.

4        None of Mattel's improper objections are valid and Mattel is obligated

5  to produce all non-privileged responsive documents in its possession, custody, or

6  control.

7  **MATTEL'S RESPONSE:**

8        MGA's argument that it is entitled to these documents fails on the

9  merits. MGA bears the burden of showing that its discovery meets the relevance

10 requirements of Rule 26(b)(1).[520]  MGA has not sufficiently explained how all

11 documents referring or relating to Bratz Petz that Mattel has given or shown to any

12 person involved in product conception, creation, or design of any fashion doll, other

13 than "Barbie," are relevant to Phase 2 issues. "A trial court has a duty, of special

14 significance in lengthy and complex cases where the possibility of abuse is always

15 present, to supervise and limit discovery to protect parties and witnesses from

16 annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664

17 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

18 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

19 Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous

20 Discovery Master has held, a party may not propound document requests as part of a

21 fishing expedition or to discover new claims.[521]  Rivera v. NIBCO, Inc., 364 F.3d

22

23

---

24 [520]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

25 moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

26 [521]  See Order Granting In Part and Denying In Part Mattel's Motion for

27 Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

28

1  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
2  to engage in 'fishing expeditions.'").

3      Further, this Request is overbroad.  Seeking the universe of <u>all</u>
4  documents referring or relating to Bratz Petz, and thus by extension to Bratz, that
5  Mattel has given or shown any person involved in the creation or development of
6  any fashion doll other than "Barbie" is plainly not narrowly tailored to seek
7  information relevant to Phase 2.  The Request is overly broad as well in that it is not
8  limited to individuals actually employed by or associated with Mattel.

9      The Request is also duplicative of other MGA Parties requests in
10  response to which Mattel has produced 17,278 pages in Phase 1 of this case.

11      Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
12  that a Court should limit the extent of discovery if it determines that the burden of
13  the proposed discovery outweighs its likely benefit; the discovery sought is
14  unreasonably cumulative or duplicative, or is obtainable from some other source that
15  is more convenient, less burdensome, or less expensive; or the party seeking
16  discovery has had ample opportunity by discovery in the action to obtain the
17  information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and
18  producing the documents responsive to this overbroad Request would greatly
19  outweigh any marginal benefit to MGA, for the following reasons.

20
21
22
23
24
25
26
27
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ████████████████████████████████████████████████████

2 ███

3 ████████████████████████████████████████████████

4 █████████████████████████████████████████████████████

5 █████████████████████████████████████████████████████

6 ███████████████████████████████████████

7      There is no basis for overruling Mattel's privilege objection.  MGA's

8 bald assertion that "[t]his request does not seek information protected by the

9 attorney-client privilege, the attorney work product doctrine, or other applicable

10 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

11 agreed that "all privileged documents would be logged except for documents created

12 after this action was filed on April 27, 2004."[534]  Thus, to the extent privileged

13 documents fall within the post lawsuit time period, they need not be included on

14 Mattel's log.  Although it bears the burden of showing why this agreement should

15 not be applied to a given Request, MGA fails to do so.

16      Finally, MGA failed to meet and confer at all, much less in good faith,

17 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

18 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

19 the moving party shall first identify each dispute, state the relief sought and identify

20 the authority supporting the requested relief in a meet and confer letter that shall be

21 ───────────────────────

22 ████████████████████████████████████████████████████

23 ███ ██████████████████████████████████████████████

24 ███ ██████████████████████████████████████████████

25 ███ ██████████████████████████████████████████████

26 [534]  See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

28

1   served on all parties by facsimile or electronic mail. The parties shall have five court

2   days from the date of service of that letter to conduct an in-person conference to

3   attempt to resolve the dispute.").    In order to engage in a meaningful meet and

4   confer, MGA had the burden to show the relevance of any requests it sought to

5   move on.[535]    At no point during the meet and confer process did MGA show why

6   this Request could be considered relevant to Phase 2 issues.[536]   Because MGA

7   refused to even attempt to make this showing, there was no possibility of a good

8   faith meet and confer to resolve the parties' disputes.  The Discovery Master should

9   deny MGA's motion with respect to this Request on that grounds alone.

10  **REQUEST FOR PRODUCTION NO. 33:**

11          All DOCUMENTS referring or relating to BRATZ BABYZ that YOU

12  have given or shown to any person working on or involved in product conception,

13  creation, design or development of any fashion doll, if YOU seek in this case to

14  enjoin the sale of BRATZ BABYZ, or seek, as any part of YOUR recovery or

15  damages in this case, any right or interest in, revenues or profits from, or lost profits

16  or other damages caused by BRATZ BABYZ.

17  **RESPONSE TO REQUEST NO. 33:**

18          In addition to the general objections stated above, which are

19  incorporated herein by reference, Mattel objects to this Request as overbroad,

20  unduly burdensome and oppressive on the grounds that it is not limited in time, and

21  seeks all documents in Mattel's possession, custody and control given or shown for

22  any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees

23  like Bryant, to any person working on <u>or involved</u> in the conception, creation,

24

25      [535]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
      [536]   <u>See</u> Webster Dec. at p. 1-5.

28

1   design or development of any "fashion doll," including former and present
2   employees and independent contractors working around the globe, referring or
3   relating to "Bratz Babyz."  Mattel further objects to this Request on the grounds that
4   such discovery from Mattel is overbroad, unduly burdensome, oppressive and not
5   likely to the lead to the discovery of admissible evidence in that Mattel's actions in
6   relation to the "Bratz" line of products are not at issue in this action and are
7   irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of
8   defendants and third parties associated with defendants in connection with the
9   projects that defendant Bryant worked on with defendant MGA, which is
10  information known to and within the possession, custody and control of defendants
11  and their associated third parties, not Mattel.  Mattel further objects to the Request
12  on the grounds that it calls for the disclosure of information subject to the attorney-
13  client privilege, the attorney work-product doctrine and other applicable privileges.
14  Mattel further objects to this Request on the grounds that it is unreasonably
15  burdensome and premature in that the facts necessary to determine the full nature
16  and extent of Mattel's relief and damages from defendant's acts or omissions are
17  known by defendants and third parties associated with defendants, but are not
18  known by Mattel at this juncture because of defendants' refusals to produce basic
19  discovery.  Mattel further objects to this Request on the grounds that it is improperly
20  phrased as a legal contention.

21  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
22  **TO SHOULD BE COMPELLED**

23          Mattel has not agreed to produce documents in response to this request,
24  resting on its improper boilerplate objections.  Under the Federal Rules of Civil
25  Procedure, "an objection to part of a request must specify the part and permit
26  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to
27  explain the basis for an objection with specificity are routinely rejected in the
28  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

1  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

2  harassing' are improper – especially when a party fails to submit any evidentiary

3  declarations supporting such objections").  Accordingly, Mattel must be compelled

4  either to certify that it has produced all non-privileged responsive documents or to

5  produce all such documents by a date certain.

6          To the extent that Mattel is relying on its blanket objections, they are

7  not sustainable and do not justify Mattel's failure to produce documents.

8          As to overbreadth, Mattel provides no explanation, let alone the

9  required particularity, as to *why* this request is supposedly overly broad, nor can it

10  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

11  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

12  request is narrowly tailored to Mattel's intent to assert a particular damages claim or

13  claim for injunctive relief.  The category of documents requested is relevant to the

14  damages claim and claim for injunctive relief, and it is clearly discoverable to the

15  extent that Mattel is requesting such relief in Phase 2.

16          As to burden, Mattel has not attempted to demonstrate why responding

17  to this request and/or producing responsive documents presents any burden.  This

18  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

19  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20  request is unduly burdensome must allege specific facts which indicate the nature

21  and extent of the burden, usually by affidavit or other reliable evidence.")

22  Moreover, it is not unduly burdensome, as noted above, in that the request is

23  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

24  has engaged in a broad variety of unfair trade practices including serial copying of

25  MGA products.  Mattel also has a claim of trade secret misappropriation against

26  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

27

28

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests. Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

Mattel objects that the request contains confidential, proprietary and trade secret information. A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel's prayer for relief is extremely broad in Phase 2. MGA is entitled to all documents on the issue, and not just those that Mattel chooses to produce in support of its claims. Because Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad discovery to the extent that Mattel intends to assert particular damages theories or to request injunctive relief.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

## MATTEL'S RESPONSE:

MGA's argument that it is entitled to these documents fails on the merits. MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[537] MGA has not sufficiently explained how all documents referring or relating to Bratz Babyz that Mattel has given or shown to

---

[537] See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

1   any person involved in product conception, creation, or design of <u>any fashion doll</u>,

2   other than "Barbie," are relevant to Phase 2 issues.   "A trial court has a duty, of

3   special significance in lengthy and complex cases where the possibility of abuse is

4   always present, to supervise and limit discovery to protect parties and witnesses

5   from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664

6   (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559

7   F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste</u>

8   <u>Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).   As the previous

9   Discovery Master has held, a party may not propound document requests as part of a

10   fishing expedition or to discover new claims.[538]   <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d

11   1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

12   to engage in 'fishing expeditions.'").

13         Further, this Request is overbroad.   Seeking the universe of <u>all</u>

14   documents referring or relating to Bratz Babyz, and thus by extension to Bratz, that

15   Mattel has given or shown any person involved in the creation or development of

16   any fashion doll other than "Barbie" is plainly not narrowly tailored to seek

17   information relevant to Phase 2.   The Request is overly broad as well in that it is not

18   limited to individuals actually employed by or associated with Mattel.

19         The Request is also duplicative of other MGA Parties requests in

20   response to which Mattel has produced 17,278 pages in Phase 1 of this case.

21         Further, this Request is unduly burdensome.   <u>Rule</u> 26(b)(2)(c) provides

22   that a Court should limit the extent of discovery if it determines that the burden of

23   the proposed discovery outweighs its likely benefit; the discovery sought is

24   unreasonably cumulative or duplicative, or is obtainable from some other source that

25   _____

26   [538]   <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for

27   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

28

1  is more convenient, less burdensome, or less expensive; or the party seeking

2  discovery has had ample opportunity by discovery in the action to obtain the

3  information sought. See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

4  producing the documents responsive to this overbroad Request would greatly

5  outweigh any marginal benefit to MGA, for the following reasons.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

1 ████████████████████████████████████████████

2 ██████████████████

3 ████████████████████████████████████████████

4 ████████████████████████████████████████████

5 ████████████████████████████████████████████

6 ████████████████████████████████████████████

7 ████████████████████████████████████████████

8 ████████████████████████████████████████████

9 ████████████████████████████████████████████

10 ████████████████████████████████████████████

11 ████████████████████████████████████████████

12 ████████████████████████████████████████████

13 ██

14 ████████████████████████████████████████████

15 ████████████████████████████████████████████

16 ████████████████████████████████████████████

17 ███████████████████████████████████

18    There is no basis for overruling Mattel's privilege objection.  MGA's

19 bald assertion that "[t]his request does not seek information protected by the

20 attorney-client privilege, the attorney work product doctrine, or other applicable

21 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

22 _____

23 ████

24 ████████████████████████████████████████████

25 ██

26 ████████████████████████████████████████████

27 ████████████████████████████████████████████

28 ████

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    agreed that "all privileged documents would be logged except for documents created

2    after this action was filed on April 27, 2004."[551]   Thus, to the extent privileged

3    documents fall within the post lawsuit time period, they need not be included on

4    Mattel's log.  Although it bears the burden of showing why this agreement should

5    not be applied to a given Request, MGA fails to do so.

6            Finally, MGA failed to meet and confer at all, much less in good faith,

7    regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

8    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

9    the moving party shall first identify each dispute, state the relief sought and identify

10   the authority supporting the requested relief in a meet and confer letter that shall be

11   served on all parties by facsimile or electronic mail. The parties shall have five court

12   days from the date of service of that letter to conduct an in-person conference to

13   attempt to resolve the dispute.").   In order to engage in a meaningful meet and

14   confer, MGA had the burden to show the relevance of any requests it sought to

15   move on.[552]   At no point during the meet and confer process did MGA show why

16   this Request could be considered relevant to Phase 2 issues.[553]   Because MGA

17   refused to even attempt to make this showing, there was no possibility of a good

18   faith meet and confer to resolve the parties' disputes.  The Discovery Master should

19   deny MGA's motion with respect to this Request on that grounds alone.

20

21

22

23   [551]   See Order Denying Mattel's Motion for Protective Order Limiting the

24   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

25   [552]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26   moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27   Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

      [553]   See Webster Dec. at p. 1-5.

28

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS referring or relating to BRATZ BOYZ that YOU have given or shown to any person working on or involved in product conception, creation, design or development of any fashion doll, other than "Barbie," if YOU seek in this case to enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ BOYZ.

**RESPONSE TO REQUEST NO. 34:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad, unduly burdensome and oppressive on the grounds that it is not limited in time, and seeks all documents in Mattel's possession, custody and control given or shown for any reasons by <u>anyone</u> at "Mattel," as defined by MGA to include past employees like Bryant, to any person working on <u>or involved</u> in the conception, creation, design or development of any "fashion doll," other than BARBIE dolls, including former and present employees and independent contractors working around the globe, referring or relating to "Bratz Boyz." Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to the Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is unreasonably

1  burdensome and premature in that the facts necessary to determine the full nature
2  and extent of Mattel's relief and damages from defendant's acts or omissions are
3  known by defendants and third parties associated with defendants, but are not
4  known by Mattel at this juncture because of defendants' refusals to produce basic
5  discovery.  Mattel further objects to this Request on the grounds that it is improperly
6  phrased as a legal contention.

7  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
8  **TO SHOULD BE COMPELLED**

9          Mattel has not agreed to produce documents in response to this request,
10  resting on its improper boilerplate objections.   Under the Federal Rules of Civil
11  Procedure, "an objection to part of a request must specify the part and permit
12  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to
13  explain the basis for an objection with specificity are routinely rejected in the
14  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
15  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
16  harassing' are improper – especially when a party fails to submit any evidentiary
17  declarations supporting such objections").  Accordingly, Mattel must be compelled
18  either to certify that it has produced all non-privileged responsive documents or to
19  produce all such documents by a date certain.

20          To the extent that Mattel is relying on its blanket objections, they are
21  not sustainable and do not justify Mattel's failure to produce documents.

22          As to overbreadth, Mattel provides no explanation, let alone the
23  required particularity, as to *why* this request is supposedly overly broad, nor can it
24  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
25  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This
26  request is narrowly tailored to Mattel's intent to assert a particular damages claim or
27  claim for injunctive relief.  The category of documents requested is relevant to the
28

1   damages claim and claim for injunctive relief, and it is clearly discoverable to the
2   extent that Mattel is requesting such relief in Phase 2.

3        As to burden, Mattel has not attempted to demonstrate why responding
4   to this request and/or producing responsive documents presents any burden.  This
5   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
6   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
7   request is unduly burdensome must allege specific facts which indicate the nature
8   and extent of the burden, usually by affidavit or other reliable evidence.")
9   Moreover, it is not unduly burdensome, as noted above, in that the request is
10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
11  has engaged in a broad variety of unfair trade practices including serial copying of
12  MGA products.  Mattel also has a claim of trade secret misappropriation against
13  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

14       This request does not seek documents protected by the attorney-client
15  privilege, the attorney work product doctrine, or other applicable privileges.  To the
16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17       Mattel objects that the request is duplicative or subsumed within prior
18  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
19  agree to produce responsive non-privileged documents is not proper based on this
20  objection.

21       Mattel objects that the request contains confidential, proprietary and
22  trade secret information.  A Protective Order exists in this case, obviating any
23  concern as to protection of privacy rights and/or commercially sensitive
24  information.

25       Mattel's prayer for relief is extremely broad in Phase 2.  MGA is
26  entitled to all documents on the issue, and not just those that Mattel chooses to
27  produce in support of its claims.  Because Mattel's pleadings seek such broad relief,
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   MGA is entitled to extremely broad discovery to the extent that Mattel intends to
2   assert particular damages theories or to request injunctive relief.

3           None of Mattel's improper objections are valid and Mattel is obligated
4   to produce all non-privileged responsive documents in its possession, custody, or
5   control.

6   **MATTEL'S RESPONSE:**

7           MGA's argument that it is entitled to these documents fails on the
8   merits.  MGA bears the burden of showing that its discovery meets the relevance
9   requirements of Rule 26(b)(1).[554]  MGA has not sufficiently explained how all
10  documents referring or relating to Bratz Boyz that Mattel has given or shown to any
11  person involved in product conception, creation, or design of any fashion doll, other
12  than "Barbie," are relevant to Phase 2 issues.  "A trial court has a duty, of special
13  significance in lengthy and complex cases where the possibility of abuse is always
14  present, to supervise and limit discovery to protect parties and witnesses from
15  annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664
16  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559
17  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste
18  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous
19  Discovery Master has held, a party may not propound document requests as part of a
20  fishing expedition or to discover new claims.[555]  Rivera v. NIBCO, Inc., 364 F.3d
21  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
22  to engage in 'fishing expeditions.'").

23  _____

24  [554]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
25  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
    Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
26  [555]  See Order Granting In Part and Denying In Part Mattel's Motion for
27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
    1.
28

1    Further, this Request is overbroad.   Seeking the universe of <u>all</u>
2    documents referring or relating to Bratz Boyz, and thus by extension to Bratz, that
3    Mattel has given or shown any person involved in the creation or development of
4    any fashion doll other than "Barbie" is plainly not narrowly tailored to seek
5    information relevant to Phase 2.  The Request is overly broad as well in that it is not
6    limited to individuals actually employed by or associated with Mattel.

7    The Request is also duplicative of other MGA Parties requests in
8    response to which Mattel has produced 17,278 pages in Phase 1 of this case.

9    Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
10   that a Court should limit the extent of discovery if it determines that the burden of
11   the proposed discovery outweighs its likely benefit; the discovery sought is
12   unreasonably cumulative or duplicative, or is obtainable from some other source that
13   is more convenient, less burdensome, or less expensive; or the party seeking
14   discovery has had ample opportunity by discovery in the action to obtain the
15   information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and
16   producing the documents responsive to this overbroad Request would greatly
17   outweigh any marginal benefit to MGA, for the following reasons.

18
19
20
21
22
23
24
25
26
27
28



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4 ▮▮▮▮▮▮▮▮▮▮▮▮

5        There is no basis for overruling Mattel's privilege objection.  MGA's

6 bald assertion that "[t]his request does not seek information protected by the

7 attorney-client privilege, the attorney work product doctrine, or other applicable

8 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

9 agreed that "all privileged documents would be logged except for documents created

10 after this action was filed on April 27, 2004."[568]  Thus, to the extent privileged

11 documents fall within the post lawsuit time period, they need not be included on

12 Mattel's log.  Although it bears the burden of showing why this agreement should

13 not be applied to a given Request, MGA fails to do so.

14        Finally, MGA failed to meet and confer at all, much less in good faith,

15 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

16 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

17 the moving party shall first identify each dispute, state the relief sought and identify

18 the authority supporting the requested relief in a meet and confer letter that shall be

19 served on all parties by facsimile or electronic mail. The parties shall have five court

20 days from the date of service of that letter to conduct an in-person conference to

21 ─────────────────────

22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

26 [568]  See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.

    3.

28

1    attempt to resolve the dispute."). In order to engage in a meaningful meet and

2    confer, MGA had the burden to show the relevance of any requests it sought to

3    move on.[569]   At no point during the meet and confer process did MGA show why

4    this Request could be considered relevant to Phase 2 issues.[570]   Because MGA

5    refused to even attempt to make this showing, there was no possibility of a good

6    faith meet and confer to resolve the parties' disputes. The Discovery Master should

7    deny MGA's motion with respect to this Request on that grounds alone.

8    **REQUEST FOR PRODUCTION NO. 35:**

9            All DOCUMENTS mentioning, referring or relating to the conception,

10   creation, design or development of BRATZ INTELLECTUAL PROPERTY that

11   YOU have given or shown to any third party.

12   **RESPONSE TO REQUEST NO. 35:**

13           In addition to the general objections stated above, which are

14   incorporated herein by reference, Mattel objects to this Request as overbroad,

15   unduly burdensome and oppressive on the grounds that it is not limited in time, and

16   seeks all documents in Mattel's possession, custody and control given or shown for

17   any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees

18   like Bryant, to any third party in the world that mentions, refers or relates to "the

19   conception, creation, design or development of 'Bratz Intellectual Property.' Mattel

20   further objects to this Request on the grounds that such discovery from Mattel is

21   overbroad, unduly burdensome, oppressive and not likely to the lead to the

22   discovery of admissible evidence in that Mattel's actions in relation to "Bratz" are

23   not at issue in this action and are irrelevant to the claims and defenses in this suit.

24   _____

25   [569]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26   moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27   <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

     [570]   <u>See</u> Webster Dec. at p. 1-5.

28

1  Rather, at issue are the actions of defendants and third parties associated with
2  defendants in connection with the projects that defendant Bryant worked on with
3  defendant MGA, which is information known to and within the possession, custody
4  and control of defendants and their associated third parties, not Mattel.   Mattel
5  further objects to this Request on the ground that the term "Bratz Intellectual
6  Property" is vague and ambiguous.   Mattel further objects to the Request on the
7  grounds that it calls for the disclosure of information subject to the attorney-client
8  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel
9  further objects to this Request on the grounds that it is duplicative of or subsumed
10  within prior Requests already responded to and seeks the re-production of
11  information and documents already produced in this action.   Such information and
12  documents will not be re-produced.

13  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
14  **TO SHOULD BE COMPELLED**

15          Mattel has not agreed to produce documents in response to this request,
16  subject to its improper boilerplate objections.  Mattel has refused to confirm whether
17  or not it has produced all non-privileged responsive documents or whether it is
18  withholding documents based on its objections in Phase 2.  Under the Federal Rules
19  of Civil Procedure, "an objection to part of a request must specify the part and
20  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
21  fail to explain the basis for an objection with specificity are routinely rejected in the
22  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
23  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
24  harassing' are improper – especially when a party fails to submit any evidentiary
25  declarations supporting such objections").  Accordingly, Mattel must be compelled
26  either to certify that it has produced all non-privileged responsive documents or to
27  produce all such documents by a date certain.

28

1    To the extent that Mattel is relying on its blanket objections, they are
2 not sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the
4 required particularity, as to *why* this request is supposedly overly broad, nor can it
5 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
6 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
7 contrary, the request is narrowly tailored to seek documents concerning BRATZ
8 intellectual property that Mattel has given or shown to any third party.

9    As to burden, Mattel has not attempted to demonstrate why responding
10 to this request and/or producing responsive documents presents any burden. This
11 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
12 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
13 request is unduly burdensome must allege specific facts which indicate the nature
14 and extent of the burden, usually by affidavit or other reliable evidence.")
15 Moreover, it is not unduly burdensome, as noted above, in that the request is
16 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
17 has engaged in a broad variety of unfair trade practices including serial copying of
18 MGA products, including the BRATZ product line. MGA is entitled to discovery
19 on these claims.

20    This request does not seek documents protected by the attorney-client
21 privilege, the attorney work product doctrine, or other applicable privileges. To the
22 extent that Mattel contends that it does, Mattel must provide a privilege log.

23    Mattel objects that the request is duplicative or subsumed within prior
24 requests but does not identify the allegedly duplicative requests. Mattel's failure to
25 agree to produce responsive non-privileged documents is not proper based on this
26 objection.

27    Mattel objects that Mattel's actions in relation to the "Bratz" line of
28 products are not at issue in this action and are irrelevant to the claims and defenses

1    in this suit. Mattel cannot legitimately contend that Bratz is not at issue in Phase 2

2    of these consolidated proceedings. Discovery relating to Bratz is likely to lead to

3    admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

4    competition claim, Mattel's trade secret misappropriation claim, and both parties

5    damages claims.

6             As for relevancy, Mattel has not attempted to demonstrate why the

7    information sought in response to this request is not discoverable in Phase 2. On the

8    contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

9    product lines, including its BRATZ product line, packaging, themes, accessories,

10    and advertising. Documents related to BRATZ intellectual property that Mattel has

11    given or shown to any third party are highly relevant to MGA's claims, including its

12    allegation of serial copying by Mattel, and are discoverable in Phase 2.

13             None of Mattel's improper objections are valid and Mattel is obligated

14    to produce all non-privileged responsive documents in its possession, custody, or

15    control.

16    **MATTEL'S RESPONSE:**

17             This Request is entirely duplicative of prior discovery served by Carter

18    Bryant and subsequent discovery served by MGA. ████████████████

19    ████████████████████████████████████

20    ████████████████████████ MGA's claim, at

21    this stage of the litigation, that there remain unproduced relevant materials on this

22    subject in Mattel's possession is not credible. In fact, over *two years ago* MGA

23

24

25

26

27    ████████████████████████████████████

28

1  wrote a letter admitting that this set of requests was duplicative and that Mattel had

2  produced relevant documents in response.[572]

3         Additionally, MGA failed to meet and confer in good faith regarding

4  this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,

5  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

6  party shall first identify each dispute, state the relief sought and identify the

7  authority supporting the requested relief in a meet and confer letter that shall be

8  served on all parties by facsimile or electronic mail. The parties shall have five court

9  days from the date of service of that letter to conduct an in-person conference to

10 attempt to resolve the dispute.").  At no point during the meet and confer process did

11 MGA articulate a valid basis for which this Request could be considered relevant to

12 Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

13 simply not true; MGA never initiated any dialogue about this Request or Mattel's

14 response in the first place.  The Discovery Master should deny MGA's motion with

15 respect to this Request on that grounds alone.

16        The motion is also moot.  As MGA has admitted in correspondence

17 going back to 2007[573], Mattel has produced and continues to produce documents that

18 are responsive to this Request.  As to the actual production of relevant documents,

19 there is no dispute and indeed had been no dispute for years, as MGA well knows,

20 and this issue could have been resolved without motion practice if MGA had

21 completed the meet and confer process in good faith.

22        MGA's Request reaches a broad range of irrelevant materials and

23 materials covered by the attorney-client privilege and the attorney work product

24 _____

25 [572]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart

26 Dec., Exh. 43.

27 [573]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart

    Dec., Exh. 43.

28

without limitation as to time, scope, or source. MGA and Mattel are large multinational corporations and direct competitors; accordingly, each company will have generated a huge range of documents "relating to" the other, the vast majority of which are completely irrelevant to the Phase 2 claims. Insomuch as it would incorporate the entirety of a vast number of additional Requests MGA has served in this action, it is also duplicative.

MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1), which clearly states that discovery must be "reasonably calculated to lead to the discovery of admissible evidence." MGA has not sufficiently explained how all documents relating to Bratz intellectual property are related to Phase 2 issues. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, prior Orders entered in this case -- at MGA's urging -- make very clear that a Request that seeks all documents relating to such a wide and amorphous category as "Bratz Intellectual Property" is overbroad and improper. As the prior Discovery Master held in denying a motion to compel on what was a less expansively worded Request, "this category of requests is clearly overbroad, requiring production of documents that merely mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they have anything to do with the

1  claims or defenses in this case."[574]  Similarly, the prior Discovery Master has denied

2  motions to compel on Requests for "documents referring or relating to MGA's

3  business dealings, without specifying any products or other subject matter

4  limitations" because such Requests are grossly overbroad.[575]

5          There is no basis for overruling Mattel's privilege objection.  MGA's

6  bald assertion that "this request does not seek information protected by the attorney-

7  client privilege, the attorney work product doctrine, or any other applicable

8  privilege" has no merit.  Documents responsive to this Request could very well be

9  subject to a claim of privilege or work product protection.  Despite MGA's claim to

10 the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA

11 has itself argued, the parties have agreed that "all privileged documents would be

12 logged except for documents created after this action was filed on April 27, 2004."

13 Thus, to the extent privileged documents fall within the post lawsuit time period,

14 they need not be included on Mattel's log.



<hr />

[574]  See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5.

[575]  Id.



00505.07975/3161896.1
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ███████████████████████████████████████████

2 ███████████████████████████████████████████

3 ███████████████████████████████████████████

4 ████████████████████████████████

5     Finally, MGA takes issue with Mattel imposing any temporal

6 limitations on its production based on the filing of MGA's complaint. █████████

7 ███████████████████████████████████████████

8 ███████████████████████████████████████████

9 ██████████████████████ MGA offers no reason, nor could it

10 consistent with judicial estoppel, why documents post-dating the filing of claims

11 which do not allege continuing wrongdoing are relevant to those claims.

12 **REQUEST FOR PRODUCTION NO. 36:**

13     All DOCUMENTS mentioning, referring or relating to the conception,

14 creation, design or development of the BRATZ CONCEPT that YOU have given or

15 shown to any third party.

16 ————————————————

17 ███████████████████████████████████████████

18 ██ ██████████████████████████████████████

19 ██ ██████████████████████████████████████

20 ██ █████████████████████████████████████

21 ██████████████████████████████████████████

22 ██████████████████████████████ In finding that "there has been

23 no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

24 calculated to lead to the discovery of admissible evidence regarding the RICO counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

25 other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

26 than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came into existence – and therefore apparently did not encompass the activities or the

27     (footnote continued)

28

1  **RESPONSE TO REQUEST NO. 36:**

2          In addition to the general objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request as overbroad,

4  unduly burdensome and oppressive on the grounds that it is not limited in time, and

5  seeks all documents in Mattel's possession, custody and control given or shown for

6  any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees

7  like Bryant, to any third party in the world that mentions, refers or relates to "the

8  conception, creation, design or development of the 'Bratz Concept.'" Mattel further

9  objects to this Request on the grounds that such discovery from Mattel is overbroad,

10  unduly burdensome, oppressive and not likely to the lead to the discovery of

11  admissible evidence in that Mattel's actions in relation to "Bratz" are not at issue in

12  this action and are irrelevant to the claims and defenses in this suit. Rather, at issue

13  are the actions of defendants and third parties associated with defendants in

14  connection with the projects that defendant Bryant worked on with defendant MGA,

15  which is information known to and within the possession, custody and control of

16  defendants and their associated third parties, not Mattel. Mattel objects to this

17  Request on the grounds that it is unreasonably burdensome and premature in that the

18  facts necessary to determine whether "images, drawings, pictures, sculpts, molds,

19  prototypes and any other form of artwork" both predate the "First Bratz Dolls" and

20  are "'Bratz'-related" are known by defendants and third parties associated with

21  defendants, but are not known by Mattel at this juncture. Mattel further objects to

22  this Request on the ground that the term "Bratz Concept" is vague and ambiguous.

23  Mattel further objects to the Request on the grounds that it calls for the disclosure of

24  information subject to the attorney-client privilege, the attorney work-product

25  doctrine and other applicable privileges. Mattel further objects to this Request on

26  

27  transactions which are the subject of the Financing Discovery." Discovery Matter
    (footnote continued)

28

1 the grounds that it is duplicative of or subsumed within prior Requests already
2 responded to and seeks the re-production of information and documents already
3 produced in this action. Such information and documents will not be re-produced.

4 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
5 **TO SHOULD BE COMPELLED**

6           Mattel has not agreed to produce documents in response to this request,
7 subject to its improper boilerplate objections.  Mattel has refused to confirm whether
8 or not it has produced all non-privileged responsive documents or whether it is
9 withholding documents based on its objections in Phase 2.  Under the Federal Rules
10 of Civil Procedure, "an objection to part of a request must specify the part and
11 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
12 fail to explain the basis for an objection with specificity are routinely rejected in the
13 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
14 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
15 harassing' are improper – especially when a party fails to submit any evidentiary
16 declarations supporting such objections").  Accordingly, Mattel must be compelled
17 either to certify that it has produced all non-privileged responsive documents or to
18 produce all such documents by a date certain.

19           To the extent that Mattel is relying on its blanket objections, they are
20 not sustainable and do not justify Mattel's failure to produce documents.

21           As to overbreadth, Mattel provides no explanation, let alone the
22 required particularity, as to *why* this request is supposedly overly broad, nor can it
23 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
24 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

25
26
27
28

---

Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

1 | contrary, the request is narrowly tailored to seek documents concerning the BRATZ
2 | concept that Mattel has given or shown to any third party.

3 |        As to burden, Mattel has not attempted to demonstrate why responding
4 | to this request and/or producing responsive documents presents any burden.  This
5 | objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
6 | Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
7 | request is unduly burdensome must allege specific facts which indicate the nature
8 | and extent of the burden, usually by affidavit or other reliable evidence.")
9 | Moreover, it is not unduly burdensome, as noted above, in that the request is
10 | narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
11 | has engaged in a broad variety of unfair trade practices including serial copying of
12 | MGA products, including the BRATZ product line.  MGA is entitled to discovery
13 | on these claims.

14 |        This request does not seek documents protected by the attorney-client
15 | privilege, the attorney work product doctrine, or other applicable privileges.  To the
16 | extent that Mattel contends that it does, Mattel must provide a privilege log.

17 |        Mattel objects that Mattel's actions in relation to the "Bratz" line of
18 | products are not at issue in this action and are irrelevant to the claims and defenses
19 | in this suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2
20 | of these consolidated proceedings.  Discovery relating to Bratz is likely to lead to
21 | admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair
22 | competition claim, Mattel's trade secret misappropriation claim, and both parties
23 | damages claims.

24 |        Mattel objects that the request is duplicative or subsumed within prior
25 | requests but does not identify the allegedly duplicative requests.  Mattel's failure to
26 | agree to produce responsive non-privileged documents is not proper based on this
27 | objection.

28 |

1    As for relevancy, Mattel has not attempted to demonstrate why the

2  information sought in response to this request is not discoverable in Phase 2.  On the

3  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

4  product lines, including its BRATZ product line, packaging, themes, accessories,

5  and advertising.  Documents related to the BRATZ concept that Mattel has given or

6  shown to any third party are highly relevant to MGA's claims, including its

7  allegation of serial copying by Mattel, and are discoverable in Phase 2.

8    None of Mattel's improper objections are valid and Mattel is obligated

9  to produce all non-privileged responsive documents in its possession, custody, or

10  control.

11  **MATTEL'S RESPONSE:**

12    This Request is entirely duplicative of prior discovery served by Carter

13  Bryant and subsequent discovery served by MGA. ████████████████████

14  ████████████████████████████████████████████████

15  ██████████████████████████████████  MGA's claim, at

16  this stage of the litigation, that there remain unproduced relevant materials on this

17  subject in Mattel's possession is not credible.  In fact, over *two years ago* MGA

18  wrote a letter admitting that this set of requests was duplicative and that Mattel had

19  produced relevant documents in response.[590]

20    Additionally, MGA failed to meet and confer in good faith regarding

21  this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,

22  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

23  party shall first identify each dispute, state the relief sought and identify the

24  ────────────────

25  ████████████████████████████████████

26  ████████████████████████████████████

27  [590]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart

Dec., Exh. 43.

28

authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). At no point during the meet and confer process did MGA articulate a valid basis for which this Request could be considered relevant to Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is simply not true; MGA never initiated any dialogue about this Request or Mattel's response in the first place. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

The motion is also moot. As MGA has admitted in correspondence going back to 2007[591], Mattel has produced and continues to produce documents that are responsive to this Request. As to the actual production of relevant documents, there is no dispute and indeed had been no dispute for years, as MGA well knows, and this issue could have been resolved without motion practice if MGA had completed the meet and confer process in good faith.

MGA's Request reaches a broad range of irrelevant materials and materials covered by the attorney-client privilege and the attorney work product without limitation as to time, scope, or source. MGA and Mattel are large multinational corporations and direct competitors; accordingly, each company will have generated a huge range of documents "relating to" the other, the vast majority of which are completely irrelevant to the Phase 2 claims. For instance, a document that simply lists public pricing or sales data for a Bratz product, or even an email referring to the fact of Bratz's existence would fall under this Request as worded. Further, inasmuch as the ownership of the intellectual property comprising of the Bratz dolls, prior rulings in this case have already established that Mattel owns that

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  intellectual property.  Inasmuch as MGA merely seeks discovery in order to upend
2  these rulings in Phase 2, the Request is clearly irrelevant.

3        MGA's argument that it is entitled to all documents relating to the Bratz
4  Concept fails on the merits in any event.  MGA must establish that its discovery
5  meets the relevance requirements of Rule 26(b)(1), which clearly states that
6  discovery must be "reasonably calculated to lead to the discovery of admissible
7  evidence."  MGA has not sufficiently explained how <u>all</u> documents relating to the
8  "Bratz Concept" are relevant to Phase 2 issues.  "A trial court has a duty, of special
9  significance in lengthy and complex cases where the possibility of abuse is always
10  present, to supervise and limit discovery to protect parties and witnesses from
11  annoyance and excessive expense."  <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664
12  (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559
13  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste</u>
14  <u>Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous
15  Discovery Master has held, a party may not propound document requests as part of a
16  fishing expedition or to discover new claims.  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d
17  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
18  to engage in 'fishing expeditions.'").

19        Further, prior Orders entered in this case -- at MGA's urging -- make
20  very clear that a Request that seeks all documents relating to such a wide and
21  amorphous category as "the Bratz Concept" is overbroad and improper. As the prior
22  Discovery Master held in denying a motion to compel on what was a less
23  expansively worded Request, "this category of requests is clearly overbroad,
24  requiring production of documents that merely mention MGA, Larian, Bratz or
25  other MGA products, regardless of whether or not they have anything to do with the

26

27  [591] <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
28  (footnote continued)

1   claims or defenses in this case."[592]   Similarly, the prior Discovery Master has denied
2   motions to compel on Requests for "documents referring or relating to MGA's
3   business dealings, without specifying any products or other subject matter
4   limitations" because such Requests are grossly overbroad.[593]

5          There is no basis for overruling Mattel's privilege objection.  MGA's
6   bald assertion that "this request does not seek information protected by the attorney-
7   client privilege, the attorney work product doctrine, or any other applicable
8   privilege" has no merit.  Documents responsive to this Request could very well be
9   subject to a claim of privilege or work product protection.  Despite MGA's claim to
10   the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA
11   has itself argued, the parties have agreed that "all privileged documents would be
12   logged except for documents created after this action was filed on April 27, 2004."
13   Thus, to the extent privileged documents fall within the post lawsuit time period,
14   they need not be included on Mattel's log.

15   

16   

17   

18   

19   

20   

21   

22   

23   _____

24   Dec., Exh. 43.
25   [592]   See Order Granting in Part and Denying in Part MGA's Motion to Compel,
     dated May 22, 2007, Dart Dec., Exh. 5.
26   [593]   Id.

27   

28   

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5          Finally, MGA takes issue with Mattel imposing any temporal

6  limitations on its production based on the filing of MGA's complaint.

7

8

9                              MGA offers no reason, nor could it

10  consistent with judicial estoppel, why documents post-dating the filing of claims

11  which do not allege continuing wrongdoing are relevant to those claims.

12  **REQUEST FOR PRODUCTION NO. 37:**

13          All DOCUMENTS mentioning, referring or relating to the conception,

14  creation, design or development of the FIRST BRATZ DOLLS that YOU have

15  given or shown to any third party.

16  ────────────

17

18

19

20

21

22                              In finding that "there has been

23  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

24  calculated to lead to the discovery of admissible evidence regarding the RICO

    counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

25  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

26  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

    into existence – and therefore apparently did not encompass the activities or the

27          (footnote continued)

28

1 **RESPONSE TO REQUEST NO. 37:**

2            In addition to the general objections stated above, which are
3 incorporated herein by reference, Mattel objects to this Request as overbroad,
4 unduly burdensome and oppressive on the grounds that it is not limited in time, and
5 seeks all documents in Mattel's possession, custody and control given or shown for
6 any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees
7 like Bryant, to any third party in the world that mentions, refers or relates to "the
8 conception, creation, design or development of the 'First Bratz Dolls."   Mattel
9 further objects to this Request on the grounds that such discovery from Mattel is
10 overbroad, unduly burdensome, oppressive and not likely to the lead to the
11 discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"
12 line of products are not at issue in this action and are irrelevant to the claims and
13 defenses in this suit.   Rather, at issue are the actions of defendants and third parties
14 associated with defendants in connection with the projects that defendant Bryant
15 worked on with defendant MGA, which is information known to and within the
16 possession, custody and control of defendants and their associated third parties, not
17 Mattel.   Mattel further objects to this Request on the ground that the term "First
18 Bratz Dolls" is vague and ambiguous.   Mattel further objects to the Request on the
19 grounds that it calls for the disclosure of information subject to the attorney-client
20 privilege, the attorney work-product doctrine and other applicable privileges.   Mattel
21 further objects to this Request on the grounds that it is duplicative of or subsumed
22 within prior Requests already responded to and seeks the re-production of
23 information and documents already produced in this action.   Such information and
24 documents will not be re-produced.

25
26 _____
27 transactions which are the subject of the Financing Discovery."   Discovery Matter
   Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.
28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning the conception, design or development of the FIRST BRATZ DOLLS that Mattel has given or shown to any third party.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products, including its BRATZ dolls. MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Mattel cannot legitimately contend that Bratz is not at issue in Phase 2 of these consolidated proceedings. Discovery relating to Bratz is likely to lead to admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair competition claim, Mattel's trade secret misappropriation claim, and both parties' damages claims.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests. Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

Mattel objects that the term "FIRST BRATZ DOLLS" is vague and ambiguous. To the contrary, the term "FIRST BRATZ DOLLS" has been clearly defined in definition number 3 as particular dolls identified by name and SKU.

As for relevancy, Mattel has not attempted to demonstrate why the information sought in response to this request is not discoverable in Phase 2. On the contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's product lines, including its BRATZ product line, packaging, themes, accessories,

1  and advertising.  Documents related to the conception, design or development of the

2  FIRST BRATZ DOLLS that Mattel has given or shown to any third party are highly

3  relevant to MGA's claims, including its allegation of serial copying by Mattel, and

4  are discoverable in Phase 2.

5          None of Mattel's improper objections are valid and Mattel is obligated

6  to produce all non-privileged responsive documents in its possession, custody, or

7  control.

8  **MATTEL'S RESPONSE:**

9          This Request is entirely duplicative of prior discovery served by Carter

10  Bryant and subsequent discovery served by MGA.  ██████████████████

11  ████████████████████████████████████████████████████

12  ████████████████████████████████  MGA's claim, at

13  this stage of the litigation, that there remain unproduced relevant materials on this

14  subject in Mattel's possession is not credible.  In fact, over *two years ago* MGA

15  wrote a letter admitting that this set of requests was duplicative and that Mattel had

16  produced relevant documents in response.[608]

17          Additionally, MGA failed to meet and confer in good faith regarding

18  this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,

19  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

20  party shall first identify each dispute, state the relief sought and identify the

21  authority supporting the requested relief in a meet and confer letter that shall be

22  served on all parties by facsimile or electronic mail. The parties shall have five court

23  days from the date of service of that letter to conduct an in-person conference to

24  _____

25  ██████████████████████████████████████████████████

26  ████████████████████████████████████

27  [608]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
Dec., Exh. 43.

28

attempt to resolve the dispute."). At no point during the meet and confer process did MGA articulate a valid basis for which this Request could be considered relevant to Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is simply not true; MGA never initiated any dialogue about this Request or Mattel's response in the first place. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

The motion is also moot. As MGA has admitted in correspondence going back to 2007[609], Mattel has produced and continues to produce documents that are responsive to this Request. As to the actual production of relevant documents, there is no dispute and indeed had been no dispute for years, as MGA well knows, and this issue could have been resolved without motion practice if MGA had completed the meet and confer process in good faith.

MGA's Request reaches a broad range of irrelevant materials and materials covered by the attorney-client privilege and the attorney work product without limitation as to time, scope, or source. MGA and Mattel are large multinational corporations and direct competitors; accordingly, each company will have generated a huge range of documents "relating to" the other, the vast majority of which are completely irrelevant to the Phase 2 claims. For instance, a document that simply lists public pricing or sales data for a Bratz product, or even an email referring to the fact of Bratz's existence would fall under this Request as worded. The Request is thus highly burdensome and overbroad. Further, inasmuch as the ownership of the intellectual property comprising of the Bratz dolls, prior rulings in this case have already established that Mattel owns that intellectual property. Inasmuch as MGA merely seeks discovery in order to upend these rulings in Phase 2, the Request is clearly irrelevant.

MGA's argument that it is entitled to all documents relating to the First Bratz Dolls fails on the merits in any event. MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1), which clearly states that discovery must be "reasonably calculated to lead to the discovery of admissible evidence." MGA has not sufficiently explained how <u>all</u> documents relating to the "First Bratz Dolls" are relevant to Phase 2 issues. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims. <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, prior Orders entered in this case -- at MGA's urging -- make very clear that a Request that seeks all documents relating to such a wide and amorphous category as "the First Bratz Dolls" is overbroad and improper. As the prior Discovery Master held in denying a motion to compel on what was a less expansively worded Request, "this category of requests is clearly overbroad, requiring production of documents that merely mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they have anything to do with the

---

[609] <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

1   claims or defenses in this case."[610]  Similarly, the prior Discovery Master has denied

2   motions to compel on Requests for "documents referring or relating to MGA's

3   business dealings, without specifying any products or other subject matter

4   limitations" because such Requests are grossly overbroad.[611]

5          There is no basis for overruling Mattel's privilege objection.  MGA's

6   bald assertion that "this request does not seek information protected by the attorney-

7   client privilege, the attorney work product doctrine, or any other applicable

8   privilege" has no merit.  Documents responsive to this Request could very well be

9   subject to a claim of privilege or work product protection.  Despite MGA's claim to

10  the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA

11  has itself argued, the parties have agreed that "all privileged documents would be

12  logged except for documents created after this action was filed on April 27, 2004."

13  Thus, to the extent privileged documents fall within the post lawsuit time period,

14  they need not be included on Mattel's log.

15         Finally, MGA takes issue with Mattel imposing any temporal

16  limitations on its production based on the filing of MGA's complaint.  ██████████

17  ████████████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████████████

19  ████████████████████████████████████   MGA offers no reason, nor could it

20

21     [610]   See Order Granting in Part and Denying in Part MGA's Motion to Compel,

22  dated May 22, 2007, Dart Dec., Exh. 5.

23     [611]   Id.

24

25

26                                          In finding that "there has been

27  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
    calculated to lead to the discovery of admissible evidence regarding the RICO

28          (footnote continued)

1  consistent with judicial estoppel, why documents post-dating the filing of claims
2  which do not allege continuing wrongdoing are relevant to those claims.

3  **REQUEST FOR PRODUCTION NO. 38:**

4          All DOCUMENTS mentioning, referring or relating to the conception,
5  creation, design or development of BRATZ DOLLS that YOU have given or shown
6  to any third party, if YOU seek in this case to enjoin the sale of BRATZ DOLLS, or
7  seek, as any part of YOUR recovery or damages in this case, any right or interest in,
8  revenues or profits from, or lost profits or other damages caused by BRATZ
9  DOLLS.

10  **RESPONSE TO REQUEST NO. 38:**

11         In addition to the general objections stated above, which are
12  incorporated herein by reference, Mattel objects to this Request as overbroad,
13  unduly burdensome and oppressive on the grounds that it is not limited in time, and
14  seeks all documents in Mattel's possession, custody and control given or shown for
15  any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees
16  like Bryant, to any third party in the world that mention, refer or relate to the
17  conception, creation, design or development of "Bratz Dolls." Mattel further objects
18  to this Request on the grounds that such discovery from Mattel is overbroad, unduly
19  burdensome, oppressive and not likely to the lead to the discovery of admissible
20  evidence in that Mattel's actions in relation to the "Bratz" line of products are not at
21  issue in this action and are irrelevant to the claims and defenses in this suit. Rather,
22  at issue are the actions of defendants and third parties associated with defendants in

23  _____

24  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
25  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
    than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
26  into existence – and therefore apparently did not encompass the activities or the
27  transactions which are the subject of the Financing Discovery." Discovery Matter
    Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

1   connection with the projects that defendant Bryant worked on with defendant MGA,

2   which is information known to and within the possession, custody and control of

3   defendants and their associated third parties, not Mattel.  Mattel further objects to

4   the Request on the grounds that it calls for the disclosure of info ration subject to the

5   attorney-client privilege, the attorney work- product doctrine and other applicable

6   privileges.    Mattel further objects to this Request on the grounds that it is

7   unreasonably burdensome and premature in that the facts necessary to determine the

8   full nature and extent of Mattel's relief and damages from defendant's acts or

9   omissions are known by defendants and third parties associated with defendants, but

10   are not known by Mattel at this juncture because of defendants' refusals to produce

11   basic discovery.  Mattel further objects to this Request on the grounds that it is

12   improperly phrased as a legal contention.  Mattel further objects to this Request on

13   the grounds that it is duplicative of or subsumed within prior Requests already

14   responded to and seeks the re-production of information and documents already

15   produced in this action.  Such information and documents will not be re-produced.

16   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

17   **TO SHOULD BE COMPELLED**

18           Mattel has not agreed to produce documents in response to this request,

19   resting on its improper boilerplate objections.  Under the Federal Rules of Civil

20   Procedure, "an objection to part of a request must specify the part and permit

21   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

22   explain the basis for an objection with specificity are routinely rejected in the

23   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

24   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

25   harassing' are improper – especially when a party fails to submit any evidentiary

26   declarations supporting such objections").  Accordingly, Mattel must be compelled

27   either to certify that it has produced all non-privileged responsive documents or to

28   produce all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are
2 not sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the
4 required particularity, as to *why* this request is supposedly overly broad, nor can it
5 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
6 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This
7 request is narrowly tailored to Mattel's intent to assert a particular damages claim or
8 claim for injunctive relief. The category of documents requested is relevant to the
9 damages claim and claim for injunctive relief, and it is clearly discoverable to the
10 extent that Mattel is requesting such relief in Phase 2.

11    As to burden, Mattel has not attempted to demonstrate why responding
12 to this request and/or producing responsive documents presents any burden. This
13 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
14 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
15 request is unduly burdensome must allege specific facts which indicate the nature
16 and extent of the burden, usually by affidavit or other reliable evidence.")
17 Moreover, it is not unduly burdensome, as noted above, in that the request is
18 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
19 has engaged in a broad variety of unfair trade practices including serial copying of
20 MGA products. Mattel also has a claim of trade secret misappropriation against
21 MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

22    This request does not seek documents protected by the attorney-client
23 privilege, the attorney work product doctrine, or other applicable privileges. To the
24 extent that Mattel contends that it does, Mattel must provide a privilege log.

25    Mattel objects that the request is duplicative or subsumed within prior
26 requests but does not identify the allegedly duplicative requests. Mattel's failure to
27 agree to produce responsive non-privileged documents is not proper based on this
28 objection.

1    Mattel objects that the request contains confidential, proprietary and
2 trade secret information.   A Protective Order exists in this case, obviating any
3 concern as to protection of privacy rights and/or commercially sensitive
4 information.

5    Mattel's prayer for relief is extremely broad in Phase 2.   MGA is
6 entitled to all documents on the issue, and not just those that Mattel chooses to
7 produce in support of its claims.   Because Mattel's pleadings seek such broad relief,
8 MGA is entitled to extremely broad discovery to the extent that Mattel intends to
9 assert particular damages theories or to request injunctive relief.

10    None of Mattel's improper objections are valid and Mattel is obligated
11 to produce all non-privileged responsive documents in its possession, custody, or
12 control.

13 **MATTEL'S RESPONSE:**

14    MGA's argument that it is entitled to these documents fails on the
15 merits.   MGA bears the burden of showing that its discovery meets the relevance
16 requirements of Rule 26(b)(1).[613]   MGA has not sufficiently explained how all
17 documents referring or relating to the conception, creation, design, or development
18 of Bratz dolls that Mattel has given or shown to any third party are relevant to Phase
19 2 issues.   "A trial court has a duty, of special significance in lengthy and complex
20 cases where the possibility of abuse is always present, to supervise and limit
21 discovery to protect parties and witnesses from annoyance and excessive expense."
22 Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways
23 Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.
24 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D.
25

26    [613]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
27 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
28

1   III. 1983) (same).   As the previous Discovery Master has held, a party may not

2   propound document requests as part of a fishing expedition or to discover new

3   claims.[614]   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

4   courts need not condone the use of discovery to engage in 'fishing expeditions.'").

5            Further, this Request is overbroad.   Seeking the universe of all

6   documents referring or relating to the conception, creation, design, or development

7   of Bratz dolls, and thus by extension to Bratz, that Mattel has given or shown to any

8   third party is plainly not narrowly tailored to seek information relevant to Phase 2.

9   The Request is overly broad as well in that it is not limited to individuals actually

10  employed by or associated with Mattel.

11           The Request is also duplicative of other MGA Parties requests in

12  response to which Mattel has produced 17,278 pages in Phase 1 of this case.   MGA

13  has admitted that Mattel has produced documents responsive to this Request.[615]

14           Further, this Request is unduly burdensome.   Rule 26(b)(2)(c) provides

15  that a Court should limit the extent of discovery if it determines that the burden of

16  the proposed discovery outweighs its likely benefit; the discovery sought is

17  unreasonably cumulative or duplicative, or is obtainable from some other source that

18  is more convenient, less burdensome, or less expensive; or the party seeking

19  discovery has had ample opportunity by discovery in the action to obtain the

20  information sought.   See Fed. R. Civ. P. 26(b)(2)(c).   The burden of locating and

21  producing the documents responsive to this overbroad Request would greatly

22  outweigh any marginal benefit to MGA, for the following reasons.

23

24

25  [614]   See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.

26  1.

27  [615]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2, Dart Dec., Exh. 43.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1



1

2

3

4

5

6

7

8

9

10

11

12

13         There is no basis for overruling Mattel's privilege objection.  MGA's

14   bald assertion that "[t]his request does not seek information protected by the

15   attorney-client privilege, the attorney work product doctrine, or other applicable

16   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

17   agreed that "all privileged documents would be logged except for documents created

18   after this action was filed on April 27, 2004."[628]  Thus, to the extent privileged

19   documents fall within the post lawsuit time period, they need not be included on

20

21

22

23

24

25

26   [628]  See Order Denying Mattel's Motion for Protective Order Limiting the

27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

28

1  Mattel's log.  Although it bears the burden of showing why this agreement should
2  not be applied to a given Request, MGA fails to do so.

3  Finally, MGA failed to meet and confer at all, much less in good faith,
4  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
6  the moving party shall first identify each dispute, state the relief sought and identify
7  the authority supporting the requested relief in a meet and confer letter that shall be
8  served on all parties by facsimile or electronic mail. The parties shall have five court
9  days from the date of service of that letter to conduct an in-person conference to
10 attempt to resolve the dispute.").   In order to engage in a meaningful meet and
11 confer, MGA had the burden to show the relevance of any requests it sought to
12 move on.[629]   At no point during the meet and confer process did MGA show why
13 this Request could be considered relevant to Phase 2 issues.[630]   Because MGA
14 refused to even attempt to make this showing, there was no possibility of a good
15 faith meet and confer to resolve the parties' disputes.  The Discovery Master should
16 deny MGA's motion with respect to this Request on that grounds alone.

17 **REQUEST FOR PRODUCTION NO. 39:**

18 All DOCUMENTS mentioning, referring or relating to the conception,
19 creation, design or development of the BRATZ PACK that YOU have given or
20 shown to any third party, if YOU seek in this case to enjoin the sale of the BRATZ
21 PACK, or seek, as any part of YOUR recovery or damages in this case, any right or
22 interest in, revenues or profits from, or lost profits or other damages caused by the
23 BRATZ PACK.

24

_____

25  [629]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
   [630]  See Webster Dec. at p. 1-5.

28

1  **RESPONSE TO REQUEST NO. 39:**

2         In addition to the general objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request as overbroad,

4  unduly burdensome and oppressive on the grounds that it is not limited in time, and

5  seeks all documents in Mattel's possession, custody and control given or shown for

6  any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees

7  like Bryant, to any third party in the world that mention, refer or relate to the

8  conception, creation, design or development of the "Bratz Pack."  Mattel further

9  objects to this Request on the grounds that such discovery from Mattel is overbroad,

10 unduly burdensome, oppressive and not likely to the lead to the discovery of

11 admissible evidence in that Mattel's actions in relation to "Bratz" are not at issue in

12 this action and are irrelevant to the claims and defenses in this suit.  Rather, at issue

13 are the actions of defendants and third parties associated with defendants in

14 connection with the projects that defendant Bryant worked on with defendant MGA,

15 which is information known to and within the possession, custody and control of

16 defendants and their associated third parties, not Mattel.  Mattel further objects to

17 the Request on the grounds that it calls for the disclosure of information subject to

18 the attorney-client privilege, the attorney work-product doctrine and other applicable

19 privileges.    Mattel further objects to this Request on the grounds that it is

20 unreasonably burdensome and premature in that the facts necessary to determine the

21 full nature and extent of Mattel's relief and damages from defendant's acts or

22 omissions are known by defendants and third parties associated with defendants, but

23 are not known by Mattel at this juncture because of defendants' refusals to produce

24 basic discovery.  Mattel further objects to this Request on the grounds that it is

25 improperly phrased as a legal contention.  Mattel further objects to this Request on

26 the grounds that it is duplicative of or subsumed within prior Requests already

27 responded to and seeks the re-production of information and documents already

28 produced in this action.  Such information and documents will not be re-produced.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, resting on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This request is narrowly tailored to Mattel's intent to assert a particular damages claim or claim for injunctive relief.  The category of documents requested is relevant to the damages claim and claim for injunctive relief, and it is clearly discoverable to the extent that Mattel is requesting such relief in Phase 2.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

-328-

1 | and extent of the burden, usually by affidavit or other reliable evidence.")
2 | Moreover, it is not unduly burdensome, as noted above, in that the request is
3 | narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
4 | has engaged in a broad variety of unfair trade practices including serial copying of
5 | MGA products. Mattel also has a claim of trade secret misappropriation against
6 | MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

7 | This request does not seek documents protected by the attorney-client
8 | privilege, the attorney work product doctrine, or other applicable privileges. To the
9 | extent that Mattel contends that it does, Mattel must provide a privilege log.

10 | Mattel objects that the request is duplicative or subsumed within prior
11 | requests but does not identify the allegedly duplicative requests. Mattel's failure to
12 | agree to produce responsive non-privileged documents is not proper based on this
13 | objection.

14 | Mattel objects that the request contains confidential, proprietary and
15 | trade secret information. A Protective Order exists in this case, obviating any
16 | concern as to protection of privacy rights and/or commercially sensitive
17 | information.

18 | Mattel's prayer for relief is extremely broad in Phase 2. MGA is
19 | entitled to all documents on the issue, and not just those that Mattel chooses to
20 | produce in support of its claims. Because Mattel's pleadings seek such broad relief,
21 | MGA is entitled to extremely broad discovery to the extent that Mattel intends to
22 | assert particular damages theories or to request injunctive relief.

23 | None of Mattel's improper objections are valid and Mattel is obligated
24 | to produce all non-privileged responsive documents in its possession, custody, or
25 | control.

26 | **MATTEL'S RESPONSE:**

27 | MGA's argument that it is entitled to these documents fails on the
28 | merits. MGA bears the burden of showing that its discovery meets the relevance

1   requirements of <u>Rule</u> 26(b)(1).[631]   MGA has not sufficiently explained how <u>all</u>

2   documents mentioning, referring or relating to the conception, creation, design, or

3   development of Bratz Pack that Mattel has given or shown to any third party are

4   relevant to Phase 2 issues.   "A trial court has a duty, of special significance in

5   lengthy and complex cases where the possibility of abuse is always present, to

6   supervise and limit discovery to protect parties and witnesses from annoyance and

7   excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>

8   <u>also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133

9   n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL

10   1859, *1 (N.D. Ill. 1983) (same).   As the previous Discovery Master has held, a

11   party may not propound document requests as part of a fishing expedition or to

12   discover new claims.[632]   <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir.

13   2004) ("District courts need not condone the use of discovery to engage in 'fishing

14   expeditions.'").

15   Further, this Request is overbroad.   MGA defines "BRATZ PACK" as

16   "any collection, compilation, or grouping of two or more images, characters or dolls

17   that are or have ever been manufactured, marketed or sold by MGA, or others under

18   a license, as part of a line of goods or merchandise commonly known as, or sold and

19   marketed under the 'Bratz' trademark or trade dress."[633]   Seeking the universe of <u>all</u>

20   documents mentioning, referring or relating to the conception, creation, design, or

21   development of Bratz Pack, and thus by extension to Bratz, that Mattel has given or

22

---

23   [631]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
24   moving party, "Mattel bears an initial burden of establishing relevancy") (citing
     <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
25   [632]   <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for
26   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
     1.
27

28

1   shown to any third party is plainly not narrowly tailored to seek information relevant

2   to Phase 2.   The Request is overly broad as well in that it is not limited to

3   individuals actually employed by or associated with Mattel.

4          The Request is also duplicative of other MGA Parties requests in

5   response to which Mattel has produced 17,278 pages in Phase 1 of this case.   MGA

6   has admitted that Mattel has produced documents responsive to this Request.[634]

7          Further, this Request is unduly burdensome.   <u>Rule</u> 26(b)(2)(c) provides

8   that a Court should limit the extent of discovery if it determines that the burden of

9   the proposed discovery outweighs its likely benefit; the discovery sought is

10  unreasonably cumulative or duplicative, or is obtainable from some other source that

11  is more convenient, less burdensome, or less expensive; or the party seeking

12  discovery has had ample opportunity by discovery in the action to obtain the

13  information sought.   <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).   The burden of locating and

14  producing the documents responsive to this overbroad Request would greatly

15  outweigh any marginal benefit to MGA, for the following reasons.



23  ————————————————

24  [633]   <u>See</u> MGA's First Set of Document Requests  (04-9059), dated November 22,

25  2006, at ¶ 15, Dart Dec., Exh. 45.

26  [634]   <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2,
    Dart Dec., Exh. 43.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1     ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2     ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3     ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4     ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5           There is no basis for overruling Mattel's privilege objection. MGA's

6 bald assertion that "[t]his request does not seek information protected by the

7 attorney-client privilege, the attorney work product doctrine, or other applicable

8 privileges" has no merit. Moreover, as MGA has itself argued, the parties have

9 agreed that "all privileged documents would be logged except for documents created

10 after this action was filed on April 27, 2004."[647] Thus, to the extent privileged

11 documents fall within the post lawsuit time period, they need not be included on

12 Mattel's log. Although it bears the burden of showing why this agreement should

13 not be applied to a given Request, MGA fails to do so.

14           Finally, MGA failed to meet and confer at all, much less in good faith,

15 regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

16 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

17 the moving party shall first identify each dispute, state the relief sought and identify

18 the authority supporting the requested relief in a meet and confer letter that shall be

19 served on all parties by facsimile or electronic mail. The parties shall have five court

20 days from the date of service of that letter to conduct an in-person conference to

21



22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  attempt to resolve the dispute.").    In order to engage in a meaningful meet and

2  confer, MGA had the burden to show the relevance of any requests it sought to

3  move on.[648]    At no point during the meet and confer process did MGA show why

4  this Request could be considered relevant to Phase 2 issues.[649]   Because MGA

5  refused to even attempt to make this showing, there was no possibility of a good

6  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

7  deny MGA's motion with respect to this Request on that grounds alone.

8  **REQUEST FOR PRODUCTION NO. 40:**

9       All DOCUMENTS mentioning, referring or relating to the conception,

10  creation, design or development of LIL' BRATZ that YOU have given or shown to

11  any third party, if YOU seek in this case to enjoin the sale of LIL' BRATZ, or seek,

12  as any part of YOUR recovery or damages in this case, any right or interest in,

13  revenues or profits from, or lost profits or other damages caused by LIL' BRATZ.

14  **RESPONSE TO REQUEST NO. 40:**

15       In addition to the general objections stated above, which are

16  incorporated herein by reference, Mattel objects to this Request as overbroad,

17  unduly burdensome and oppressive on the grounds that it is not limited in time, and

18  seeks all documents in Mattel's possession, custody and control given or shown for

19  any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees

20  like Bryant, to any third party in the world that mention, refer or relate to the

21  conception, creation, design or development of "Lil' Bratz."  Mattel further objects

22  to this Request on the grounds that such discovery from Mattel is overbroad, unduly

23  burdensome, oppressive and not likely to the lead to the discovery of admissible

24

25  [648]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

   [649]   <u>See</u> Webster Dec. at p. 1-5.

28

1   evidence in that Mattel's actions in relation to the "Bratz" line of products are not at

2   issue in this action and are irrelevant to the claims and defenses in this suit.  Rather,

3   at issue are the actions of defendants and third parties associated with defendants in

4   connection with the projects that defendant Bryant worked on with defendant MGA,

5   which is information known to and within the possession, custody and control of

6   defendants and their associated third parties, not Mattel.  Mattel further objects to

7   the Request on the grounds that it calls for the disclosure of information subject to

8   the attorney-client privilege, the attorney work-product doctrine and other applicable

9   privileges.   Mattel further objects to this Request on the grounds that it is

10   unreasonably burdensome and premature in that the facts necessary to determine the

11   full nature and extent of Mattel's relief and damages from defendant's acts or

12   omissions are known by defendants and third parties associated with defendants, but

13   are not known by Mattel at this juncture because of defendants' refusals to produce

14   basic discovery.   Mattel further objects to this Request on the grounds that it is

15   improperly phrased as a legal contention.

16 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

17 **TO SHOULD BE COMPELLED**

18   Mattel has not agreed to produce documents in response to this request,

19   resting on its improper boilerplate objections.  Under the Federal Rules of Civil

20   Procedure, "an objection to part of a request must specify the part and permit

21   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

22   explain the basis for an objection with specificity are routinely rejected in the

23   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

24   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

25   harassing' are improper – especially when a party fails to submit any evidentiary

26   declarations supporting such objections").  Accordingly, Mattel must be compelled

27   either to certify that it has produced all non-privileged responsive documents or to

28   produce all such documents by a date certain.

1         To the extent that Mattel is relying on its blanket objections, they are
2   not sustainable and do not justify Mattel's failure to produce documents.

3         As to overbreadth, Mattel provides no explanation, let alone the
4   required particularity, as to *why* this request is supposedly overly broad, nor can it
5   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
6   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This
7   request is narrowly tailored to Mattel's intent to assert a particular damages claim or
8   claim for injunctive relief. The category of documents requested is relevant to the
9   damages claim and claim for injunctive relief, and it is clearly discoverable to the
10  extent that Mattel is requesting such relief in Phase 2.

11        As to burden, Mattel has not attempted to demonstrate why responding
12  to this request and/or producing responsive documents presents any burden. This
13  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
14  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
15  request is unduly burdensome must allege specific facts which indicate the nature
16  and extent of the burden, usually by affidavit or other reliable evidence.")
17  Moreover, it is not unduly burdensome, as noted above, in that the request is
18  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
19  has engaged in a broad variety of unfair trade practices including serial copying of
20  MGA products. Mattel also has a claim of trade secret misappropriation against
21  MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

22        This request does not seek documents protected by the attorney-client
23  privilege, the attorney work product doctrine, or other applicable privileges. To the
24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25        Mattel objects that the request is duplicative or subsumed within prior
26  requests but does not identify the allegedly duplicative requests. Mattel's failure to
27  agree to produce responsive non-privileged documents is not proper based on this
28  objection.

1       Mattel objects that the request contains confidential, proprietary and
2   trade secret information.   A Protective Order exists in this case, obviating any
3   concern as to protection of privacy rights and/or commercially sensitive
4   information.

5       Mattel's prayer for relief is extremely broad in Phase 2.   MGA is
6   entitled to all documents on the issue, and not just those that Mattel chooses to
7   produce in support of its claims.   Because Mattel's pleadings seek such broad relief,
8   MGA is entitled to extremely broad discovery to the extent that Mattel intends to
9   assert particular damages theories or to request injunctive relief.

10       None of Mattel's improper objections are valid and Mattel is obligated
11   to produce all non-privileged responsive documents in its possession, custody, or
12   control.

13   **MATTEL'S RESPONSE:**

14       MGA's argument that it is entitled to these documents fails on the
15   merits.   MGA bears the burden of showing that its discovery meets the relevance
16   requirements of Rule 26(b)(1).[650]   MGA has not sufficiently explained how all
17   documents mentioning, referring or relating to the conception, creation, design, or
18   development of Lil' Bratz that Mattel has given or shown to any third party are
19   relevant to Phase 2 issues.   "A trial court has a duty, of special significance in
20   lengthy and complex cases where the possibility of abuse is always present, to
21   supervise and limit discovery to protect parties and witnesses from annoyance and
22   excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
23   also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
24   n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
25

26      [650]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
27   moving party, "Mattel bears an initial burden of establishing relevancy") (citing
28   Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[651]   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, this Request is overbroad. Seeking the universe of all documents mentioning, referring or relating to the conception, creation, design, or development of Lil' Bratz, and thus by extension to Bratz, that Mattel has given or shown to any third party is plainly not narrowly tailored to seek information relevant to Phase 2. The Request is overly broad as well in that it is not limited to individuals actually employed by or associated with Mattel.

The Request is also duplicative of other MGA Parties requests in response to which Mattel has produced 17,278 pages in Phase 1 of this case.

Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.

[651]   See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11



12   There is no basis for overruling Mattel's privilege objection. MGA's

13   bald assertion that "[t]his request does not seek information protected by the

14   attorney-client privilege, the attorney work product doctrine, or other applicable

15   privileges" has no merit. Moreover, as MGA has itself argued, the parties have

16   agreed that "all privileged documents would be logged except for documents created

17   after this action was filed on April 27, 2004."[664]   Thus, to the extent privileged

18   documents fall within the post lawsuit time period, they need not be included on

19   Mattel's log. Although it bears the burden of showing why this agreement should

20   not be applied to a given Request, MGA fails to do so.

21

22

---

23

24

25

26   [664]   See Order Denying Mattel's Motion for Protective Order Limiting the

27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.

28   3.

1    Finally, MGA failed to meet and confer at all, much less in good faith,
2  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
3  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
4  the moving party shall first identify each dispute, state the relief sought and identify
5  the authority supporting the requested relief in a meet and confer letter that shall be
6  served on all parties by facsimile or electronic mail. The parties shall have five court
7  days from the date of service of that letter to conduct an in-person conference to
8  attempt to resolve the dispute.").   In order to engage in a meaningful meet and
9  confer, MGA had the burden to show the relevance of any requests it sought to
10  move on.[665]   At no point during the meet and confer process did MGA show why
11  this Request could be considered relevant to Phase 2 issues.[666]  Because MGA
12  refused to even attempt to make this showing, there was no possibility of a good
13  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
14  deny MGA's motion with respect to this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 41:**

16    All DOCUMENTS mentioning, referring or relating to the conception,
17  creation, design or development of BRATZ PETZ that YOU have given or shown to
18  any third party, if YOU seek in this case to enjoin the sale of BRATZ PETZ, or
19  seek, as any part of YOUR recovery or damages in this case, any right or interest in,
20  revenues or profits from, or lost profits or other damages caused by BRATZ PETZ.

21  **RESPONSE TO REQUEST NO. 41:**

22    In addition to the general objections stated above, which are
23  incorporated herein by reference, Mattel objects to this Request as overbroad,

24

25   [665]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [666]  See Webster Dec. at p. 1-5.
28

1   unduly burdensome and oppressive on the grounds that it is not limited in time, and

2   seeks all documents in Mattel's possession, custody and control given or shown for

3   any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees

4   like Bryant, to any third party in the world that mention, refer or relate to the

5   conception, creation, design or development of "Bratz Petz."  Mattel further objects

6   to this Request on the grounds that such discovery from Mattel is overbroad, unduly

7   burdensome, oppressive and not likely to the lead to the discovery of admissible

8   evidence in that Mattel's actions in relation to the "Bratz" line of products are not at

9   issue in this action and are irrelevant to the claims and defenses in this suit.  Rather,

10  at issue are the actions of defendants and third parties associated with defendants in

11  connection with the projects that defendant Bryant worked on with defendant MGA,

12  which is information known to and within the possession, custody and control of

13  defendants and their associated third parties, not Mattel.  Mattel further objects to

14  the Request on the grounds that it calls for the disclosure of information subject to

15  the attorney-client privilege, the attorney work-product doctrine and other applicable

16  privileges.    Mattel  further  objects  to  this  Request  on  the  grounds  that  it  is

17  unreasonably burdensome and premature in that the facts necessary to determine the

18  full  nature  and  extent  of  Mattel's  relief  and  damages  from  defendant's  acts  or

19  omissions are known by defendants and third parties associated with defendants, but

20  are not known by Mattel at this juncture because of defendants' refusals to produce

21  basic discovery.  Mattel further objects to this Request on the grounds that it is

22  improperly phrased as a legal contention.

23  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

24  **TO SHOULD BE COMPELLED**

25          Mattel has not agreed to produce documents in response to this request,

26  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

27  Procedure, "an objection to part of a request must specify the part and permit

28  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

1   explain the basis for an objection with specificity are routinely rejected in the

2   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

3   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

4   harassing' are improper – especially when a party fails to submit any evidentiary

5   declarations supporting such objections").  Accordingly, Mattel must be compelled

6   either to certify that it has produced all non-privileged responsive documents or to

7   produce all such documents by a date certain.

8       To the extent that Mattel is relying on its blanket objections, they are

9   not sustainable and do not justify Mattel's failure to produce documents.

10      As to overbreadth, Mattel provides no explanation, let alone the

11   required particularity, as to *why* this request is supposedly overly broad, nor can it

12   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

13   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

14   request is narrowly tailored to Mattel's intent to assert a particular damages claim or

15   claim for injunctive relief.  The category of documents requested is relevant to the

16   damages claim and claim for injunctive relief, and it is clearly discoverable to the

17   extent that Mattel is requesting such relief in Phase 2.

18      As to burden, Mattel has not attempted to demonstrate why responding

19   to this request and/or producing responsive documents presents any burden.  This

20   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

21   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22   request is unduly burdensome must allege specific facts which indicate the nature

23   and extent of the burden, usually by affidavit or other reliable evidence.")

24   Moreover, it is not unduly burdensome, as noted above, in that the request is

25   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26   has engaged in a broad variety of unfair trade practices including serial copying of

27   MGA products.  Mattel also has a claim of trade secret misappropriation against

28   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

1     This request does not seek documents protected by the attorney-client

2 privilege, the attorney work product doctrine, or other applicable privileges.  To the

3 extent that Mattel contends that it does, Mattel must provide a privilege log.

4     Mattel objects that the request is duplicative or subsumed within prior

5 requests but does not identify the allegedly duplicative requests.  Mattel's failure to

6 agree to produce responsive non-privileged documents is not proper based on this

7 objection.

8     Mattel objects that the request contains confidential, proprietary and

9 trade secret information.  A Protective Order exists in this case, obviating any

10 concern as to protection of privacy rights and/or commercially sensitive

11 information.

12     Mattel's prayer for relief is extremely broad in Phase 2.  MGA is

13 entitled to all documents on the issue, and not just those that Mattel chooses to

14 produce in support of its claims.  Because Mattel's pleadings seek such broad relief,

15 MGA is entitled to extremely broad discovery to the extent that Mattel intends to

16 assert particular damages theories or to request injunctive relief.

17     None of Mattel's improper objections are valid and Mattel is obligated

18 to produce all non-privileged responsive documents in its possession, custody, or

19 control.

20 **MATTEL'S RESPONSE:**

21     MGA's argument that it is entitled to these documents fails on the

22 merits.  MGA bears the burden of showing that its discovery meets the relevance

23 requirements of <u>Rule</u> 26(b)(1).[667]  MGA has not sufficiently explained how <u>all</u>

24 documents mentioning, referring or relating to the conception, creation, design, or

25 ───────────────

26     [667] <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

27 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
<u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

development of Bratz Petz that Mattel has given or shown to any third party are relevant to Phase 2 issues.   "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).   As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[668]   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, this Request is overbroad.   Seeking the universe of all documents mentioning, referring or relating to the conception, creation, design, or development of Bratz Petz, and thus by extension to Bratz, that Mattel has given or shown to any third party is plainly not narrowly tailored to seek information relevant to Phase 2.   The Request is overly broad as well in that it is not limited to individuals actually employed by or associated with Mattel.

The Request is also duplicative of other MGA Parties requests in response to which Mattel has produced 17,278 pages in Phase 1 of this case.

Further, this Request is unduly burdensome.   Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that

---

[668]   See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

1  is more convenient, less burdensome, or less expensive; or the party seeking

2  discovery has had ample opportunity by discovery in the action to obtain the

3  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

4  producing the documents responsive to this overbroad Request would greatly

5  outweigh any marginal benefit to MGA, for the following reasons.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18          There is no basis for overruling Mattel's privilege objection.  MGA's

19   bald assertion that "[t]his request does not seek information protected by the

20   attorney-client privilege, the attorney work product doctrine, or other applicable

21   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

22   _____

23

24

25

26

27

28