agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[681]   Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.  Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").   In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[682]   At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[683]   Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

---

[681]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

[682]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[683]   See Webster Dec. at p. 1-5.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design or development of BRATZ BABYZ that YOU have given or shown to any third party, if YOU seek in this case to enjoin the sale of BRATZ BABYZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ BABYZ.

**RESPONSE TO REQUEST NO. 42:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad, unduly burdensome and oppressive on the grounds that it is not limited in time, and seeks all documents in Mattel's possession, custody and control given or shown for any reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees like Bryant, to any third party in the world that mention, refer or relate to the conception, creation, design or development of "Bratz Babyz."  Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to the Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work- product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from

1  defendant's acts or omissions are known by defendants and third parties associated

2  with defendants, but are not known by Mattel at this juncture because of defendants'

3  refusals to produce basic discovery.  Mattel further objects to this Request on the

4  grounds that it is improperly phrased as a legal contention.

5  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

6  **TO SHOULD BE COMPELLED**

7  Mattel has not agreed to produce documents in response to this request,

8  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

9  Procedure, "an objection to part of a request must specify the part and permit

10  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

11  explain the basis for an objection with specificity are routinely rejected in the

12  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

13  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

14  harassing' are improper – especially when a party fails to submit any evidentiary

15  declarations supporting such objections").  Accordingly, Mattel must be compelled

16  either to certify that it has produced all non-privileged responsive documents or to

17  produce all such documents by a date certain.

18  To the extent that Mattel is relying on its blanket objections, they are

19  not sustainable and do not justify Mattel's failure to produce documents.

20  As to overbreadth, Mattel provides no explanation, let alone the

21  required particularity, as to *why* this request is supposedly overly broad, nor can it

22  do so.

23  This objection is therefore improper.  Order No. 17, dated April 14,

24  2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.

25  Ex. 58.  This request is narrowly tailored to Mattel's intent to assert a particular

26  damages claim or claim for injunctive relief.  The category of documents requested

27  is relevant to the damages claim and claim for injunctive relief, and it is clearly

28  discoverable to the extent that Mattel is requesting such relief in Phase 2.

1    As to burden, Mattel has not attempted to demonstrate why responding
2   to this request and/or producing responsive documents presents any burden. This
3   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
4   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
5   request is unduly burdensome must allege specific facts which indicate the nature
6   and extent of the burden, usually by affidavit or other reliable evidence.")
7   Moreover, it is not unduly burdensome, as noted above, in that the request is
8   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
9   has engaged in a broad variety of unfair trade practices including serial copying of
10   MGA products. Mattel also has a claim of trade secret misappropriation against
11   MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

12    This request does not seek documents protected by the attorney-client
13   privilege, the attorney work product doctrine, or other applicable privileges. To the
14   extent that Mattel contends that it does, Mattel must provide a privilege log.

15    Mattel objects that the request is duplicative or subsumed within prior
16   requests but does not identify the allegedly duplicative requests. Mattel's failure to
17   agree to produce responsive non-privileged documents is not proper based on this
18   objection.

19    Mattel objects that the request contains confidential, proprietary and
20   trade secret information. A Protective Order exists in this case, obviating any
21   concern as to protection of privacy rights and/or commercially sensitive
22   information.

23    Mattel's prayer for relief is extremely broad in Phase 2. MGA is
24   entitled to all documents on the issue, and not just those that Mattel chooses to
25   produce in support of its claims. Because Mattel's pleadings seek such broad relief,
26   MGA is entitled to extremely broad discovery to the extent that Mattel intends to
27   assert particular damages theories or to request injunctive relief.

28

1    None of Mattel's improper objections are valid and Mattel is obligated

2 to produce all non-privileged responsive documents in its possession, custody, or

3 control.

4 **MATTEL'S RESPONSE:**

5    MGA's argument that it is entitled to these documents fails on the

6 merits. MGA bears the burden of showing that its discovery meets the relevance

7 requirements of <u>Rule</u> 26(b)(1).[684]   MGA has not sufficiently explained how <u>all</u>

8 documents mentioning, referring or relating to the conception, creation, design, or

9 development of Bratz Babyz that Mattel has given or shown to any third party are

10 relevant to Phase 2 issues. "A trial court has a duty, of special significance in

11 lengthy and complex cases where the possibility of abuse is always present, to

12 supervise and limit discovery to protect parties and witnesses from annoyance and

13 excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>

14 <u>also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133

15 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL

16 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a

17 party may not propound document requests as part of a fishing expedition or to

18 discover new claims.[685]   <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir.

19 2004) ("District courts need not condone the use of discovery to engage in 'fishing

20 expeditions.'").

21    Further, this Request is overbroad.   Seeking the universe of <u>all</u>

22 documents mentioning, referring or relating to the conception, creation, design, or

23

---

24  [684]  <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

25 moving party, "Mattel bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

26  [685]  <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for

27 Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

28

development of Bratz Babyz, and thus by extension to Bratz, that Mattel has given or shown to any third party is plainly not narrowly tailored to seek information relevant to Phase 2. The Request is overly broad as well in that it is not limited to individuals actually employed by or associated with Mattel.

The Request is also duplicative of other MGA Parties requests in response to which Mattel has produced 17,278 pages in Phase 1 of this case.

Further, this Request is unduly burdensome. <u>Rule</u> 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.



00505.07975/3161896.1



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

05505.07975/3161896.1

1 ███████████████████████████████████████

2 █████████████████████████████████████

3       There is no basis for overruling Mattel's privilege objection.  MGA's

4 bald assertion that "[t]his request does not seek information protected by the

5 attorney-client privilege, the attorney work product doctrine, or other applicable

6 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7 agreed that "all privileged documents would be logged except for documents created

8 after this action was filed on April 27, 2004."[698]  Thus, to the extent privileged

9 documents fall within the post lawsuit time period, they need not be included on

10 Mattel's log.  Although it bears the burden of showing why this agreement should

11 not be applied to a given Request, MGA fails to do so.

12       Finally, MGA failed to meet and confer at all, much less in good faith,

13 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15 the moving party shall first identify each dispute, state the relief sought and identify

16 the authority supporting the requested relief in a meet and confer letter that shall be

17 served on all parties by facsimile or electronic mail. The parties shall have five court

18 days from the date of service of that letter to conduct an in-person conference to

19 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

20 confer, MGA had the burden to show the relevance of any requests it sought to

21 _____

22 ███████████████████████████████████

23 ███████████████████████████████████

24 ███████████████████████████████████

25 ███████████████████████████████████

26 ███████████████████████████████████

27 ███████████████████████████████████

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  move on.[699]   At no point during the meet and confer process did MGA show why
2  this Request could be considered relevant to Phase 2 issues.[700]   Because MGA
3  refused to even attempt to make this showing, there was no possibility of a good
4  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
5  deny MGA's motion with respect to this Request on that grounds alone.

6  **REQUEST FOR PRODUCTION NO. 43:**

7          All DOCUMENTS mentioning, referring or relating to the conception,
8  creation, design or development of BRATZ BOYZ that YOU have given or shown
9  to any third party, if YOU seek in this case to enjoin the sale of BRATZ BOYZ, or
10  seek, as any part of YOUR recovery or damages in this case, any right or interest in,
11  revenues or profits from, or lost profits or other damages caused by BRATZ BOYZ.

12  **RESPONSE TO REQUEST NO. 43:**

13          In addition to the general objections stated above, which are
14  incorporated herein by reference, Mattel objects to this Request as overbroad,
15  unduly burdensome and oppressive on the grounds that it is not limited in time, and
16  seeks all documents in Mattel's possession, custody and control given or shown for
17  any reason by anyone at "Mattel," as defined by MGA to include past employees
18  like Bryant, to any third party in the world that mention, refer or relate to the
19  conception, creation, design or development of "Bratz Boyz."  Mattel further objects
20  to this Request on the grounds that such discovery from Mattel is overbroad, unduly
21  burdensome, oppressive and not likely to the lead to the discovery of admissible
22  evidence in that Mattel's actions in relation to the "Bratz" line of products are not at
23  issue in this action and are irrelevant to the claims and defenses in this suit.  Rather,

24  _____

25      [699]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
        [700]  See Webster Dec. at p. 1-5.
28

1   at issue are the actions of defendants and third parties associated with defendants in

2   connection with the projects that defendant Bryant worked on with defendant MGA,

3   which is information known to and within the possession, custody and control of

4   defendants and their associated third parties, not Mattel.  Mattel further objects to

5   the Request on the grounds that it calls for the disclosure of information subject to

6   the attorney-client privilege, the attorney work- product doctrine and other

7   applicable privileges.  Mattel further objects to this Request on the grounds that it is

8   unreasonably burdensome and premature in that the facts necessary to determine the

9   full nature and extent of Mattel's relief and damages from defendant's acts or

10   omissions are known by defendants and third parties associated with defendants, but

11   are not known by Mattel at this juncture because of defendants' refusals to produce

12   basic discovery.  Mattel further objects to this Request on the grounds that it is

13   duplicative of or subsumed within prior Requests already responded to and seeks the

14   re-production of information and documents already produced in this action.  Such

15   information and documents will not be re-produced.  Mattel further objects to this

16   Request on the grounds that it is improperly phrased as a legal contention.

17   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

18   **TO SHOULD BE COMPELLED**

19           Mattel has not agreed to produce documents in response to this request,

20   resting on its improper boilerplate objections.  Under the Federal Rules of Civil

21   Procedure, "an objection to part of a request must specify the part and permit

22   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

23   explain the basis for an objection with specificity are routinely rejected in the

24   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

25   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

26   harassing' are improper – especially when a party fails to submit any evidentiary

27   declarations supporting such objections").  Accordingly, Mattel must be compelled

28

1 | either to certify that it has produced all non-privileged responsive documents or to
2 | produce all such documents by a date certain.

3 | To the extent that Mattel is relying on its blanket objections, they are
4 | not sustainable and do not justify Mattel's failure to produce documents.

5 | As to overbreadth, Mattel provides no explanation, let alone the
6 | required particularity, as to *why* this request is supposedly overly broad, nor can it
7 | do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This
9 | request is narrowly tailored to Mattel's intent to assert a particular damages claim or
10 | claim for injunctive relief. The category of documents requested is relevant to the
11 | damages claim and claim for injunctive relief, and it is clearly discoverable to the
12 | extent that Mattel is requesting such relief in Phase 2.

13 | As to burden, Mattel has not attempted to demonstrate why responding
14 | to this request and/or producing responsive documents presents any burden. This
15 | objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
16 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
17 | request is unduly burdensome must allege specific facts which indicate the nature
18 | and extent of the burden, usually by affidavit or other reliable evidence.")
19 | Moreover, it is not unduly burdensome, as noted above, in that the request is
20 | narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
21 | has engaged in a broad variety of unfair trade practices including serial copying of
22 | MGA products. Mattel also has a claim of trade secret misappropriation against
23 | MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

24 | This request does not seek documents protected by the attorney-client
25 | privilege, the attorney work product doctrine, or other applicable privileges. To the
26 | extent that Mattel contends that it does, Mattel must provide a privilege log.

27 | Mattel objects that the request is duplicative or subsumed within prior
28 | requests but does not identify the allegedly duplicative requests. Mattel's failure to

1 │ agree to produce responsive non-privileged documents is not proper based on this
2 │ objection.

3 │       Mattel objects that the request contains confidential, proprietary and
4 │ trade secret information.   A Protective Order exists in this case, obviating any
5 │ concern  as  to  protection  of  privacy  rights  and/or  commercially  sensitive
6 │ information.

7 │       Mattel's prayer for relief is extremely broad in Phase 2.   MGA is
8 │ entitled to all documents on the issue, and not just those that Mattel chooses to
9 │ produce in support of its claims.  Because Mattel's pleadings seek such broad relief,
10 │ MGA is entitled to extremely broad discovery to the extent that Mattel intends to
11 │ assert particular damages theories or to request injunctive relief.

12 │       None of Mattel's improper objections are valid and Mattel is obligated
13 │ to produce all non-privileged responsive documents in its possession, custody, or
14 │ control.

15 │ **MATTEL'S RESPONSE:**

16 │       MGA's argument that it is entitled to these documents fails on the
17 │ merits.  MGA bears the burden of showing that its discovery meets the relevance
18 │ requirements of <u>Rule</u> 26(b)(1).[701]  MGA has not sufficiently explained how <u>all</u>
19 │ documents mentioning, referring or relating to the conception, creation, design, or
20 │ development of Bratz Boyz that Mattel has given or shown to any third party are
21 │ relevant to Phase 2 issues.  "A trial court has a duty, of special significance in
22 │ lengthy and complex cases where the possibility of abuse is always present, to
23 │ supervise and limit discovery to protect parties and witnesses from annoyance and
24 │ excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>

---

26 │ [701]  <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
27 │ moving party, "Mattel bears an initial burden of establishing relevancy") (citing
│ <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

1  also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133

2  n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

3  1859, *1 (N.D. Ill. 1983) (same).   As the previous Discovery Master has held, a

4  party may not propound document requests as part of a fishing expedition or to

5  discover new claims.[702]   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

6  2004) ("District courts need not condone the use of discovery to engage in 'fishing

7  expeditions.'").

8        Further, this Request is overbroad.   Seeking the universe of all

9  documents mentioning, referring or relating to the conception, creation, design, or

10  development of Bratz Boyz, and thus by extension to Bratz, that Mattel has given or

11  shown to any third party is plainly not narrowly tailored to seek information relevant

12  to Phase 2.   The Request is overly broad as well in that it is not limited to

13  individuals actually employed by or associated with Mattel.

14        The Request is also duplicative of other MGA Parties requests in

15  response to which Mattel has produced 17,278 pages in Phase 1 of this case.

16        Further, this Request is unduly burdensome.   Rule 26(b)(2)(c) provides

17  that a Court should limit the extent of discovery if it determines that the burden of

18  the proposed discovery outweighs its likely benefit; the discovery sought is

19  unreasonably cumulative or duplicative, or is obtainable from some other source that

20  is more convenient, less burdensome, or less expensive; or the party seeking

21  discovery has had ample opportunity by discovery in the action to obtain the

22  information sought.   See Fed. R. Civ. P. 26(b)(2)(c).   The burden of locating and

23  producing the documents responsive to this overbroad Request would greatly

24  outweigh any marginal benefit to MGA, for the following reasons.

25

26  [702]   See Order Granting In Part and Denying In Part Mattel's Motion for
27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
   1.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

[704] Id. ¶ 9-11.

25

[705] Id.

26

[706] See Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec., Exh.

27 31.

[707] Id.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[715] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on

---

[715] _See_ Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

1 │ Mattel's log.  Although it bears the burden of showing why this agreement should
2 │ not be applied to a given Request, MGA fails to do so.

3 │ Finally, MGA failed to meet and confer at all, much less in good faith,
4 │ regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
5 │ Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
6 │ the moving party shall first identify each dispute, state the relief sought and identify
7 │ the authority supporting the requested relief in a meet and confer letter that shall be
8 │ served on all parties by facsimile or electronic mail. The parties shall have five court
9 │ days from the date of service of that letter to conduct an in-person conference to
10 │ attempt to resolve the dispute.").   In order to engage in a meaningful meet and
11 │ confer, MGA had the burden to show the relevance of any requests it sought to
12 │ move on.[716]   At no point during the meet and confer process did MGA show why
13 │ this Request could be considered relevant to Phase 2 issues.[717]  Because MGA
14 │ refused to even attempt to make this showing, there was no possibility of a good
15 │ faith meet and confer to resolve the parties' disputes.  The Discovery Master should
16 │ deny MGA's motion with respect to this Request on that grounds alone.

17 │ **REQUEST FOR PRODUCTION NO. 47:**

18 │ All   DOCUMENTS   discussing   or   mentioning   BRATZ,   authored
19 │ between June 2000 and October 2001.

20 │ **RESPONSE TO REQUEST NO. 47:**

21 │ In   addition   to   the   general   objections   stated   above   which   are
22 │ incorporated herein by reference, Mattel objects to this Request as overbroad and
23 │ unduly burdensome on the grounds that it seeks all documents in Mattel's

---

25 │ [716]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 │ moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 │ Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
     │ [717]   See Webster Dec. at p. 1-5.

1  possession, custody and control authored by <u>anyone</u> over a 16-month period that

2  discuss or mention "Bratz," without further limitation as to subject matter and

3  regardless of whether the documents concern matters at issue in this case, including

4  documents that are publicly available and therefore equally available to MGA.

5  Mattel further objects to this Request on the grounds that such discovery from

6  Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the

7  discovery of admissible evidence in that Mattel's actions in relation to "Bratz" are

8  not at issue in this action and are irrelevant to the claims and defenses in this suit.

9  Rather, at issue are the actions of defendants and third parties associated with

10  defendants in connection with the projects that defendant Bryant worked on with

11  defendant MGA, which is information known to and within the possession, custody

12  and control of defendants and their associated third parties, not Mattel.   Mattel

13  further objects to this Request on the grounds that it calls for the disclosure of

14  information subject to the attorney-client privilege, the attorney work-product

15  doctrine and other applicable privileges.   Mattel further objects to this Request on

16  the grounds that it seeks confidential, proprietary and trade secret information that

17  has no bearing on the claims or defenses in this case.   Mattel further objects to this

18  Request on the grounds that it is unreasonably burdensome and premature in that the

19  facts necessary to determine whether documents in Mattel's possession, custody and

20  control relate to "Bratz" in that time period are within the knowledge of defendants

21  and third parties associated with defendants, and are not known to Mattel because of

22  defendants' refusals to produce basic discovery.   Mattel further objects to this

23  Request on the grounds that it is duplicative of or subsumed within prior Requests

24  already responded to and seeks the re-production of information and documents

25  already produced in this action.   Such information and documents will not be re-

26  produced.

27

28

1 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2 | **TO SHOULD BE COMPELLED**

3 | Mattel has not agreed to produce documents in response to this request,
4 subject to its improper boilerplate objections. Mattel has refused to confirm whether
5 or not it has produced all non-privileged responsive documents or whether it is
6 withholding documents based on its objections in Phase 2. Under the Federal Rules
7 of Civil Procedure, "an objection to part of a request must specify the part and
8 permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that
9 fail to explain the basis for an objection with specificity are routinely rejected in the
10 Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
11 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
12 harassing' are improper – especially when a party fails to submit any evidentiary
13 declarations supporting such objections"). Accordingly, Mattel must be compelled
14 either to certify that it has produced all non-privileged responsive documents or to
15 produce all such documents by a date certain.

16 | To the extent that Mattel is relying on its blanket objections, they are
17 not sustainable and do not justify Mattel's failure to produce documents.

18 | As to overbreadth, Mattel provides no explanation, let alone the
19 required particularity, as to *why* this request is supposedly overly broad, nor can it
20 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
21 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
22 contrary, the request is narrowly tailored to seek documents concerning BRATZ
23 authored between June 2000 and October 2001.

24 | As to burden, Mattel has not attempted to demonstrate why responding
25 to this request and/or producing responsive documents presents any burden. This
26 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
27 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
28 request is unduly burdensome must allege specific facts which indicate the nature

-370-

1    and extent of the burden, usually by affidavit or other reliable evidence.")
2    Moreover, it is not unduly burdensome, as noted above, in that the request is
3    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
4    has engaged in a broad variety of unfair trade practices including serial copying of
5    MGA products.  MGA is entitled to discovery on these claims.

6            This request does not seek documents protected by the attorney-client
7    privilege, the attorney work product doctrine, or other applicable privileges.  To the
8    extent that Mattel contends that it does, Mattel must provide a privilege log.

9            Mattel objects that the request contains confidential, proprietary and
10   trade secret information.  A Protective Order exists in this case, obviating any
11   concern as to protection of privacy rights and/or commercially sensitive
12   information.

13           Mattel objects that the request is duplicative or subsumed within prior
14   requests but does not identify the allegedly duplicative requests.  Mattel's failure to
15   agree to produce responsive non-privileged documents is not proper based on this
16   objection.

17           Mattel objects that Mattel's actions in relation to the "Bratz" line of
18   products are not at issue in this action and are irrelevant to the claims and defenses
19   in this suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2
20   of these consolidated proceedings.  Discovery relating to Bratz is likely to lead to
21   admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair
22   competition claim, Mattel's trade secret misappropriation claim, and both parties'
23   damages claims.

24           As for relevancy, Mattel has not attempted to demonstrate why the
25   information sought in response to this request is not discoverable in Phase 2.  On the
26   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
27   product lines, including its BRATZ product line, packaging, themes, accessories,
28   and advertising.  Mattel's "MY SCENE" is an example of one such accused Mattel

1   product line.  Documents related to BRATZ authored between June 2000 and
2   October 2001, the time period during in which the Bratz doll was launched, that
3   Mattel has in its possession, custody, or control, are discoverable in Phase 2 and
4   highly relevant to MGA's claims, including its allegations of serial copying by
5   Mattel.

6           None of Mattel's improper objections are valid and Mattel is obligated
7   to produce all non-privileged responsive documents in its possession, custody, or
8   control.

9   **MATTEL'S RESPONSE:**

10          MGA's Request for all documents discussing or mentioning Bratz
11  reaches a broad range of irrelevant materials and materials covered by the attorney-
12  client privilege and the attorney work product without limitation as to time, scope,
13  or source.  MGA and Mattel are large multinational corporations and direct
14  competitors; accordingly, each company will have generated a huge range of
15  documents "relating to" the other, the vast majority of which are completely
16  irrelevant to the Phase 2 claims.  For instance, a document that simply lists public
17  pricing or sales data for a Bratz product, or even an email referring to the fact of
18  Bratz's existence would fall under this Request as worded.  Further, inasmuch as the
19  ownership of the intellectual property comprising of the Bratz dolls, prior rulings in
20  this case have already established that Mattel owns that intellectual property.
21  Inasmuch as MGA merely seeks discovery in order to upend these rulings in Phase
22  2, the Request is clearly irrelevant.

23          MGA must establish that its discovery meets the relevance
24  requirements of Rule 26(b)(1), which clearly states that discovery must be
25  "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
26  not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are
27  relevant to Phase 2 issues.  "A trial court has a duty, of special significance in
28  lengthy and complex cases where the possibility of abuse is always present, to

1  supervise and limit discovery to protect parties and witnesses from annoyance and
2  excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>
3  <u>also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133
4  n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL
5  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
6  party may not propound document requests as part of a fishing expedition or to
7  discover new claims.  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)
8  ("District courts need not condone the use of discovery to engage in 'fishing
9  expeditions.'").

10        Further, prior Orders entered in this case -- at MGA's urging -- make
11  very clear that a Request that seeks all documents relating to such a wide and
12  amorphous category as "the Bratz Concept" is overbroad and improper.  As the prior
13  Discovery Master held in denying a motion to compel on what was a less
14  expansively worded Request, "this category of requests is clearly overbroad,
15  requiring production of documents that merely mention MGA, Larian, Bratz or
16  other MGA products, regardless of whether or not they have anything to do with the
17  claims or defenses in this case."[718]  Similarly, the prior Discovery Master has denied
18  motions to compel on Requests for "documents referring or relating to MGA's
19  business dealings, without specifying any products or other subject matter
20  limitations" because such Requests are grossly overbroad.[719]

21        There is no basis for overruling Mattel's privilege objection.  MGA's
22  bald assertion that "this request does not seek information protected by the attorney-
23  client privilege, the attorney work product doctrine, or any other applicable
24  privilege" has no merit.  Documents responsive to this Request could very well be

25  _____

26  [718]  <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel,
27  dated May 22, 2007, Dart Dec., Exh. 5.
    [719]  <u>Id.</u>
28

1  subject to a claim of privilege or work product protection.  Despite MGA's claim to

2  the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA

3  has itself argued, the parties have agreed that "all privileged documents would be

4  logged except for documents created after this action was filed on April 27, 2004."

5  Thus, to the extent privileged documents fall within the post lawsuit time period,

6  they need not be included on Mattel's log.



00505.07975/3161896.1



Additionally, MGA failed to meet and confer in good faith regarding this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1   authority supporting the requested relief in a meet and confer letter that shall be
2   served on all parties by facsimile or electronic mail. The parties shall have five court
3   days from the date of service of that letter to conduct an in-person conference to
4   attempt to resolve the dispute."). At no point during the meet and confer process did
5   MGA articulate a valid basis for which this Request could be considered relevant to
6   Phase 2 issues. The Discovery Master should deny MGA's motion with respect to
7   this Request on that grounds alone.

8          The motion is also moot. As MGA has admitted in correspondence
9   going back to 2007[732], Mattel has produced and continues to produce documents that
10  are responsive to this Request. As to the actual production of relevant documents,
11  there is no dispute and indeed had been no dispute for years, as MGA well knows,
12  and this issue could have been resolved without motion practice if MGA had
13  completed the meet and confer process in good faith.

14         The Request is also entirely duplicative of prior discovery served by
15  Carter Bryant as well as subsequent discovery served by MGA. In fact, the
16  duplicative nature of this Request was acknolwedged by MGA over two years ago.
17  In a letter dated March 29, 2007, after acknowledging that Mattel had produced
18  documents responsive to this and other Requests, counsel for MGA listed the 04-
19  9059 Requests that MGA did not consider to be duplicative.[733] Request No. 47 was
20  not listed.[734] ███████████████████████████████████
21  ███████████████████████████████████████████████
22
23

24

---

25  [732]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
    Dec., Exh. 43.
26  [733]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
27  Dec., Exh. 43.
    [734]  Id.
28

1     ████████████    It is highly dubious for MGA to claim, at this stage of the

2 litigation, that there remain unproduced relevant materials on this subject in Mattel's

3 possession, when over *two years ago* MGA wrote a letter admitting that this set of

4 requests was duplicative and that Mattel had produced relevant documents in

5 response.[736]

6 **REQUEST FOR PRODUCTION NO. 49:**

7     All DOCUMENTS discussing, mentioning, referring or relating to any

8 MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure,

9 harm or negatively impact Isaac Larian in any way, including, without limitation,

10 his reputation, income, revenue, business interests and relationships, which were

11 communicated to the public, retailers, the press, consumers, advertisers, media

12 buyer representatives, cable or broadcast television executives, the NPD Group, the

13 Toy Industry Association, any United States governmental unit or agency, any toy

14 industry organization whether foreign, domestic or international, any manufacturing

15 or children's safety compliance or watchdog organization, and any organization,

16 company, agency, entity or person involved in commercial or product safety

17 evaluation, ratings or awards.

18 **RESPONSE TO REQUEST NO. 49:**

19     In addition to the general objections stated above which are

20 incorporated herein by reference, Mattel objects to this Request as vague and

21 ambiguous. Mattel further objects to this Request as overbroad and unduly

22 burdensome in that it seeks all documents in Mattel's possession, custody and

23 control discussing, mentioning, referring or relating to this topic, without

24

25 ███████████████████████████████

26 ███████████████████████████████

27 [736] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart

Dec., Exh. 43.

28

00505.07975/3161896.1

1  meaningful limitation as to subject matter and without limitation as to time,
2  including documents that are publicly available and therefore equally available to
3  MGA, and documents that are not related to the conduct at issue in this lawsuit.
4  Mattel further objects to this Request on the grounds that it seeks documents that are
5  not relevant to this action or likely to lead to the discovery of admissible evidence.
6  Mattel further objects to this Request on the grounds that it calls for the disclosure
7  of information subject to the attorney-client privilege, the attorney work-product
8  doctrine and other applicable privileges.

9  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
10 **TO SHOULD BE COMPELLED**

11         Mattel refuses to produce documents responsive to this request, resting
12 on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,
13 "an objection to part of a request must specify the part and permit inspection of the
14 rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis
15 for an objection with specificity are routinely rejected in the Central District.  See A.
16 Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
17 or boilerplate objections such as 'overly burdensome and harassing' are improper –
18 especially when a party fails to submit any evidentiary declarations supporting such
19 objections").  Accordingly, Mattel must be compelled either to certify that it has
20 produced all non-privileged responsive documents or to produce all such documents
21 by a date certain.

22         To the extent that Mattel is relying on its blanket objections, they are
23 not sustainable and do not justify Mattel's failure to produce documents.

24         As to overbreadth, Mattel provides no explanation, let alone the
25 required particularity, as to **why** this request is supposedly overly broad, nor can it
26 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
27 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
28 contrary, the request is narrowly tailored to seek documents concerning Mattel's

1  communications with third parties regarding Mattel's intent and efforts to interfere
2  with Larian's reputation and business, a central issue in this case.

3         As to burden, Mattel has not attempted to demonstrate why responding
4  to this request and/or producing responsive documents presents any burden.  This
5  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
6  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that
7  a discovery request is unduly burdensome must allege specific facts which indicate
8  the nature and extent of the burden, usually by affidavit or other reliable evidence.")
9  Moreover, it is not unduly burdensome, as noted above, in that the request is
10 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
11 has engaged in a broad variety of unfair trade practices, from serial copying of
12 MGA products, to threatening retailers and suppliers to cease doing business with
13 MGA, to intimidating employees and industry groups in order to prevent MGA from
14 fairly competing.  MGA is entitled to discovery on these claims.

15        This request does not seek documents protected by the attorney-client
16 privilege, the attorney work product doctrine, or other applicable privileges.  To the
17 extent that Mattel contends that it does, Mattel must provide a privilege log.

18        Mattel objects that the request contains confidential/proprietary/trade
19 secret information.  A Protective Order exists in this case, obviating any concern as
20 to protection of privacy rights and/or commercially sensitive information.

21        None of Mattel's improper objections are valid and Mattel is obligated
22 to produce all non-privileged responsive documents in its possession, custody, or
23 control.

24 **MATTEL'S RESPONSE:**

25        This Request seeks a broad range of irrelevant material.  Mattel and
26 MGA are competitors.  Effectively any communication relating to Mattel's success
27 as a business – including daily operations and overhead expenses – could
28 conceivably impact Isaac Larian in a negative way, but such communications are

1  not the subject of this litigation.   Mattel is not taxed with turning over every

2  document it has ever created pursuant to its participation in this litigation.  Inasmuch

3  as MGA merely seeks discovery in order to upend Phase 1 rulings, the Request is

4  clearly irrelevant.

5          MGA must establish that its discovery meets the relevance

6  requirements of Rule 26(b)(1), which clearly states that discovery must be

7  "reasonably calculated to lead to the discovery of admissible evidence."  MGA has

8  not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are

9  relevant to Phase 2 issues.   "A trial court has a duty, of special significance in

10  lengthy and complex cases where the possibility of abuse is always present, to

11  supervise and limit discovery to protect parties and witnesses from annoyance and

12  excessive expense."  <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>

13  <u>also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133

14  n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL

15  1859, *1 (N.D. Ill. 1983) (same).   As the previous Discovery Master has held, a

16  party may not propound document requests as part of a fishing expedition or to

17  discover new claims.  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)

18  ("District courts need not condone the use of discovery to engage in 'fishing

19  expeditions.'").

20          Additionally, MGA failed to meet and confer in good faith regarding

21  this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master Order No. 1,

22  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

23  party shall first identify each dispute, state the relief sought and identify the

24  authority supporting the requested relief in a meet and confer letter that shall be

25  served on all parties by facsimile or electronic mail. The parties shall have five court

26  days from the date of service of that letter to conduct an in-person conference to

27  attempt to resolve the dispute.").   At no point during the meet and confer process did

28  MGA articulate a valid basis for which this Request could be considered relevant to

1   Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is
2   simply not true; MGA never initiated any dialogue about this Request or Mattel's
3   response in the first place. The Discovery Master should deny MGA's motion with
4   respect to this Request on that grounds alone.

5         The motion is also moot. As MGA has admitted in correspondence
6   going back to 2007[737], Mattel has produced and continues to produce documents that
7   are responsive to this Request. As to the actual production of relevant documents,
8   there is no dispute and indeed had been no dispute for years, as MGA well knows,
9   and this issue could have been resolved without motion practice if MGA had
10  completed the meet and confer process in good faith.

11        The Request is also entirely duplicative of prior discovery served by
12  Carter Bryant as well as subsequent discovery served by MGA.  ███████

13  ████████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████████

15  ███████████  It is highly dubious for MGA to claim, at this stage of the litigation,
16  that there remain unproduced relevant materials on this subject in Mattel's
17  possession, when over *two years ago* MGA wrote a letter admitting that this set of
18  requests was duplicative and that Mattel had produced relevant documents in
19  response.[739]

20        Further, prior Orders entered in this case -- at MGA's urging -- make
21  very clear that a Request that seeks all documents relating to such a wide and
22  amorphous category as documents that might relate to efforts that would cause, in

23  _____

24  [737]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
25  Dec., Exh. 43.

26  ████████████████████████████████████████████████████

27  [739]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
28  Dec., Exh. 43.

1 | any way, a negative financial impact to Isaac Larian are clearly overbroad. As the
2 | prior Discovery Master held in denying a motion to compel on what was a less
3 | expansively worded Request, "this category of requests is clearly overbroad,
4 | requiring production of documents that merely mention MGA, Larian, Bratz or
5 | other MGA products, regardless of whether or not they have anything to do with the
6 | claims or defenses in this case."[740]   Similarly, the prior Discovery Master has denied
7 | motions to compel on Requests for "documents referring or relating to MGA's
8 | business dealings, without specifying any products or other subject matter
9 | limitations" because such Requests are grossly overbroad.[741]   Here, the documents
10 | could include wholly unrelated financial investments.   For instance, if a Mattel
11 | employee invested in a company that competed with MGA (or even any other
12 | company in which Isaac Larian had an investment) documents mentioning that
13 | investment in any way would, under the language of this Request, be discoverable.
14 | This is patently absurd.

15 |          There is no basis for overruling Mattel's privilege objection.   MGA's
16 | bald assertion that "this request does not seek information protected by the attorney-
17 | client privilege, the attorney work product doctrine, or any other applicable
18 | privilege" has no merit.   Documents responsive to this Request could very well be
19 | subject to a claim of privilege or work product protection.   Despite MGA's claim to
20 | the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA
21 | has itself argued, the parties have agreed that "all privileged documents would be
22 | logged except for documents created after this action was filed on April 27, 2004."
23 | Thus, to the extent privileged documents fall within the post lawsuit time period,
24 | they need not be included on Mattel's log.

25 |

26 | [740]   See Order Granting in Part and Denying in Part MGA's Motion to Compel,
27 | dated May 22, 2007, Dart Dec., Exh. 5.
      [741]   Id.
28 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  ████████████████████████████████████

2  ████████████████████████████████████

3  ████████████████████████████████████

4  ████████████████████████████████████

5  ████████████████████████████████████

6  ████████████████████████████████████

7  ████████████████████████████████████

8  ████████████████████████████████████

9  ████████████████████████████████████

10 ████████████████████████████████████

11 ███

12 ██████████████████████████████████

13 ████████████████████████████████████

14 ████████████████████████████████████

15 ████████████████████████████

16  Even to the extent that this Request seeks documents relevant to *Phase*

17 *1*, Mattel produced all relevant, responsive, non-privileged documents during the

18 Phase 1 discovery period.

19 **REQUEST FOR PRODUCTION NO. 50:**

20  All DOCUMENTS discussing, mentioning, referring or relating to any

21 MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure,

22 harm or negatively impact MGA in any way, including, without limitation, its

23  ────────────────

24 ██████████████████████████████████

25 ██████████████████████████████████

26 █████████████████████████████████████

27 █████████████████████████████████████

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  reputation, income, revenue, business interests and relationships, which were
2  communicated to the public, retailers, the press, consumers, advertisers, media
3  buyer representatives, cable or broadcast television executives, the NPD Group, the
4  Toy Industry Association, any United States governmental unit or agency, any toy
5  industry organization whether foreign, domestic or international, any manufacturing
6  or children's safety compliance or watchdog organization, and any organization,
7  company, agency, entity or person involved in commercial or product safety
8  evaluation, ratings or awards,

9  **RESPONSE TO REQUEST NO. 50:**

10           In addition to the general objections stated above which are
11  incorporated herein by reference, Mattel objects to this Request as vague and
12  ambiguous.   Mattel further objects to this Request as overbroad and unduly
13  burdensome in that it seeks all documents in Mattel's possession, custody and
14  control discussing, mentioning, referring or relating to this topic, without limitation
15  as to time and without meaningful limitation as to subject matter, including
16  documents that are publicly available and therefore equally available to MGA, and
17  documents that are not related to the conduct at issue in this lawsuit. Mattel further
18  objects to this Request on the grounds that it seeks documents that are not relevant
19  to this action or likely to lead to the discovery of admissible evidence.   Mattel
20  further objects to this Request on the grounds that it calls for the disclosure of
21  information subject to the attorney-client privilege, the attorney work-product
22  doctrine and other applicable privileges.

23  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
24  **TO SHOULD BE COMPELLED**

25           Mattel refuses to produce documents responsive to this request, resting
26  on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,
27  "an objection to part of a request must specify the part and permit inspection of the
28  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

1    for an objection with specificity are routinely rejected in the Central District.  See A.
2    Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
3    or boilerplate objections such as 'overly burdensome and harassing' are improper –
4    especially when a party fails to submit any evidentiary declarations supporting such
5    objections").   Accordingly, Mattel must be compelled either to certify that it has
6    produced all non-privileged responsive documents or to produce all such documents
7    by a date certain.

8            To the extent that Mattel is relying on its blanket objections, they are
9    not sustainable and do not justify Mattel's failure to produce documents.

10           As to overbreadth, Mattel provides no explanation, let alone the
11   required particularity, as to *why* this request is supposedly overly broad, nor can it
12   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
13   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
14   contrary, the request is narrowly tailored to seek documents concerning Mattel's
15   communications with third parties regarding Mattel's intent and efforts to interfere
16   with MGA's reputation and business, a central issue in this case.

17           As to burden, Mattel has not attempted to demonstrate why responding
18   to this request and/or producing responsive documents presents any burden.  This
19   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
20   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
21   request is unduly burdensome must allege specific facts which indicate the nature
22   and extent of the burden, usually by affidavit or other reliable evidence.")
23   Moreover, it is not unduly burdensome, as noted above, in that the request is
24   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
25   has engaged in a broad variety of unfair trade practices, from serial copying of
26   MGA products, to threatening retailers and suppliers to cease doing business with
27   MGA, to intimidating employees and industry groups in order to prevent MGA from
28   fairly competing.  MGA is entitled to discovery on these claims.

1    This request does not seek documents protected by the attorney-client
2    privilege, the attorney work product doctrine, or other applicable privileges.  To the
3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel objects that the request contains confidential/proprietary/trade
5    secret information.  A Protective Order exists in this case, obviating any concern as
6    to protection of privacy rights and/or commercially sensitive information.

7    None of Mattel's improper objections are valid and Mattel is obligated
8    to produce all non-privileged responsive documents in its possession, custody, or
9    control.

10   **MATTEL'S RESPONSE:**

11   This Request seeks a broad range of irrelevant material.  Mattel and
12   MGA are competitors.  Effectively any communication relating to Mattel's success
13   as a business – including daily operations and overhead expenses – could
14   conceivably impact MGA in a negative way.  But such communications would not
15   be the subject of this litigation.  Mattel is not taxed with turning over every
16   document it has ever created pursuant to its participation in this litigation.  Inasmuch
17   as MGA merely seeks discovery in order to upend Phase 1 rulings, the Request is
18   clearly irrelevant.

19   MGA must establish that its discovery meets the relevance
20   requirements of Rule 26(b)(1), which clearly states that discovery must be
21   "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
22   not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are
23   relevant to Phase 2 issues.  "A trial court has a duty, of special significance in
24   lengthy and complex cases where the possibility of abuse is always present, to
25   supervise and limit discovery to protect parties and witnesses from annoyance and
26   excessive expense."  <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>
27   <u>also Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133
28   n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL

1  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
2  party may not propound document requests as part of a fishing expedition or to
3  discover new claims.  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)
4  ("District courts need not condone the use of discovery to engage in 'fishing
5  expeditions.'").

6        Additionally, MGA failed to meet and confer in good faith regarding
7  this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master Order No. 1,
8  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
9  party shall first identify each dispute, state the relief sought and identify the
10 authority supporting the requested relief in a meet and confer letter that shall be
11 served on all parties by facsimile or electronic mail. The parties shall have five court
12 days from the date of service of that letter to conduct an in-person conference to
13 attempt to resolve the dispute.").  At no point during the meet and confer process did
14 MGA articulate a valid basis for which this Request could be considered relevant to
15 Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is
16 simply not true; MGA never initiated any dialogue about this Request or Mattel's
17 response in the first place. The Discovery Master should deny MGA's motion with
18 respect to this Request on that grounds alone.

19       The motion is also moot.  As MGA has admitted in correspondence
20 going back to 2007[754], Mattel has produced and continues to produce documents that
21 are responsive to this Request.  As to the actual production of relevant documents,
22 there is no dispute and indeed had been no dispute for years, as MGA well knows,
23 and this issue could have been resolved without motion practice if MGA had
24 completed the meet and confer process in good faith.

25

26

---

27 [754]  <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
   Dec., Exh. 43.

28

1    The Request is also entirely duplicative of prior discovery served by

2 Carter Bryant as well as subsequent discovery served by MGA. ████████

3 ████████████████████████████████████████████████████████████

4 ████████████████████████████████████████████████████████████

5 ████████    It is highly dubious for MGA to claim, at this stage of the litigation,

6 that there remain unproduced relevant materials on this subject in Mattel's

7 possession, when over *two years ago* MGA wrote a letter admitting that this set of

8 requests was duplicative and that Mattel had produced relevant documents in

9 response.[756]

10    Further, prior Orders entered in this case -- at MGA's urging -- make

11 very clear that a Request that seeks all documents relating to such a wide and

12 amorphous category as documents that might relate to efforts that would cause, in

13 any way, a negative financial impact to MGA are clearly overbroad. As the prior

14 Discovery Master held in denying a motion to compel on what was a less

15 expansively worded Request, "this category of requests is clearly overbroad,

16 requiring production of documents that merely mention MGA, Larian, Bratz or

17 other MGA products, regardless of whether or not they have anything to do with the

18 claims or defenses in this case."[757]  Similarly, the prior Discovery Master has denied

19 motions to compel on Requests for "documents referring or relating to MGA's

20 business dealings, without specifying any products or other subject matter

21 limitations" because such Requests are grossly overbroad.[758]  Here, the documents

22 ────────────

23 ████████████████████████████████████████████████████████

24 ████████████████████████████████████████████████████████

25 [756]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

26 [757]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,

27 dated May 22, 2007, Dart Dec., Exh. 5.
   [758]  Id.

28

00505.07975/3161896.1

1   could include wholly unrelated financial investments.  For instance, if a Mattel

2   employee invested in a company that competed with MGA (or even any other

3   company with which MGA shared a financial relationship) documents mentioning

4   that investment in any way would, under the language of this Request, be

5   discoverable.  This is patently absurd.

6          There is no basis for overruling Mattel's privilege objection.  MGA's

7   bald assertion that "this request does not seek information protected by the attorney-

8   client privilege, the attorney work product doctrine, or any other applicable

9   privilege" has no merit.  Documents responsive to this Request could very well be

10  subject to a claim of privilege or work product protection.  Despite MGA's claim to

11  the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA

12  has itself argued, the parties have agreed that "all privileged documents would be

13  logged except for documents created after this action was filed on April 27, 2004."

14  Thus, to the extent privileged documents fall within the post lawsuit time period,

15  they need not be included on Mattel's log.

16  ████████████████████████████████████████

17  ████████████████████████████████████████████████

18  ████████████████████████████  ██████████████████████

19  ████████████████████████████████████████████████

20  ████████████████████████████████████████████████

21  ████████████████████████████████████████████████

22  ████████████████████████████████████████████████

23  ████████████████████████████████████████████████

24  ████████████████████████████████████████████████

25  ██████████████████

26  ████████████████████████████████████████████████

27  ██  ████████████

28  ████████████

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1 ████████████████████████████████████████████████

2 ██████████████████████████████████████

3        Even to the extent that this Request seeks documents relevant to *Phase*

4 *1*, Mattel produced all relevant, responsive, non-privileged documents during the

5 Phase 1 discovery period.

6 **REQUEST FOR PRODUCTION NO. 51:**

7        All DOCUMENTS discussing, mentioning, referring or relating to any

8 MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure,

9 harm or negatively impact the commercial success of BRATZ in any way,

10 including, without limitation, the reputation, sales, popularity, price and availability

11 of BRATZ, which were communicated to the public, retailers, the press, consumers,

12 advertisers, media buyer representatives, cable or broadcast television executives,

13 the NPD Group, the Toy Industry Association, any United States governmental unit

14 or agency, any toy industry organization whether foreign, domestic or international,

15 any manufacturing or children's safety compliance or watchdog organization, and

16 any organization, company, agency, entity or person involved in commercial or

17 product safety evaluation, ratings or awards.

18 **RESPONSE TO REQUEST NO. 51:**

19        In addition to the general objections stated above which are

20 incorporated herein by reference, Mattel objects to this Request as vague and

21 ambiguous.   Mattel further objects to this Request as overbroad and unduly

22 burdensome in that it seeks all documents in Mattel's possession, custody and

23 ──────────────────

24 ████████████████████████████████████████

25 █ ████████████████████████████████████

26 █████████████████████████████████████

27 ████████████████████████████████████████

28

control discussing, mentioning, referring or relating to this topic, without limitation as to time and without meaningful limitation as to subject matter, including documents that are publicly available and therefore equally available to MGA, and documents that are not related to the conduct at issue in this lawsuit. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to "Bratz" are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the grounds that the term "Bratz" is vague and ambiguous. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents responsive to this request, resting on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has

1 | produced all non-privileged responsive documents or to produce all such documents
2 | by a date certain.

3 |       To the extent that Mattel is relying on its blanket objections, they are
4 | not sustainable and do not justify Mattel's failure to produce documents.

5 |       As to overbreadth, Mattel provides no explanation, let alone the
6 | required particularity, as to **why** this request is supposedly overly broad, nor can it
7 | do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9 | contrary, the request is narrowly tailored to seek documents concerning Mattel's
10 | communications with third parties regarding Mattel's intent and efforts to interfere
11 | with a specified product at issue in this case. As such, this request is self-limited in
12 | time.

13 |       As to burden, Mattel has not attempted to demonstrate why responding
14 | to this request and/or producing responsive documents presents any burden. This
15 | objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
16 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
17 | request is unduly burdensome must allege specific facts which indicate the nature
18 | and extent of the burden, usually by affidavit or other reliable evidence.")
19 | Moreover, it is not unduly burdensome, as noted above, in that the request is
20 | narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
21 | has engaged in a broad variety of unfair trade practices, from serial copying of
22 | MGA products, to threatening retailers and suppliers to cease doing business with
23 | MGA, to intimidating employees and industry groups in order to prevent MGA from
24 | fairly competing. MGA is entitled to discovery on these claims.

25 |       This request does not seek documents protected by the attorney-client
26 | privilege, the attorney work product doctrine, or other applicable privileges. To the
27 | extent that Mattel contends that it does, Mattel must provide a privilege log.

28 |

1    Mattel objects that the request contains confidential/proprietary/trade
2    secret information.  A Protective Order exists in this case, obviating any concern as
3    to protection of privacy rights and/or commercially sensitive information.

4    None of Mattel's improper objections are valid and Mattel is obligated
5    to produce all non-privileged responsive documents in its possession, custody, or
6    control.

7    **MATTEL'S RESPONSE:**

8    This Request seeks a broad range of irrelevant material.  Mattel and
9    MGA are competitors.  Effectively any communication relating to Mattel's success
10   as a business – including daily operations and overhead expenses – could
11   conceivably impact Bratz in a negative way.  But such communications would not
12   be the subject of this litigation.  Mattel is not taxed with turning over every
13   document it has ever created pursuant to its participation in this litigation.  Inasmuch
14   as MGA merely seeks discovery in order to upend Phase 1 rulings, the Request is
15   clearly irrelevant.

16   MGA must establish that its discovery meets the relevance
17   requirements of Rule 26(b)(1), which clearly states that discovery must be
18   "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
19   not sufficiently explained how all documents relating to the "Bratz Concept" are
20   relevant to Phase 2 issues.  "A trial court has a duty, of special significance in
21   lengthy and complex cases where the possibility of abuse is always present, to
22   supervise and limit discovery to protect parties and witnesses from annoyance and
23   excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
24   also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
25   n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
26   1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
27   party may not propound document requests as part of a fishing expedition or to
28   discover new claims.  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)

1  ("District courts need not condone the use of discovery to engage in 'fishing
2  expeditions.'").

3       Additionally, MGA failed to meet and confer in good faith regarding
4  this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master Order No. 1,
5  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
6  party shall first identify each dispute, state the relief sought and identify the
7  authority supporting the requested relief in a meet and confer letter that shall be
8  served on all parties by facsimile or electronic mail. The parties shall have five court
9  days from the date of service of that letter to conduct an in-person conference to
10  attempt to resolve the dispute."). At no point during the meet and confer process did
11  MGA articulate a valid basis for which this Request could be considered relevant to
12  Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is
13  simply not true; MGA never initiated any dialogue about this Request or Mattel's
14  response in the first place. The Discovery Master should deny MGA's motion with
15  respect to this Request on that grounds alone.

16       The motion is also moot. As MGA has admitted in correspondence
17  going back to 2007[771], Mattel has produced and continues to produce documents that
18  are responsive to this Request. As to the actual production of relevant documents,
19  there is no dispute and indeed had been no dispute for years, as MGA well knows,
20  and this issue could have been resolved without motion practice if MGA had
21  completed the meet and confer process in good faith.

22       The Request is also entirely duplicative of prior discovery served by
23  Carter Bryant as well as subsequent discovery served by MGA. ▮▮▮▮▮▮
24  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
25  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1    ████████    It is highly dubious for MGA to claim, at this stage of the litigation,

2    that there remain unproduced relevant materials on this subject in Mattel's

3    possession, when over *two years ago* MGA wrote a letter admitting that this set of

4    requests was duplicative and that Mattel had produced relevant documents in

5    response.[773]

6        Further, prior Orders entered in this case -- at MGA's urging -- make

7    very clear that a Request that seeks all documents relating to such a wide and

8    amorphous category as documents that might relate to efforts that would cause, in

9    any way, a negative financial impact to Bratz are clearly overbroad. As the prior

10    Discovery Master held in denying a motion to compel on what was a less

11    expansively worded Request, "this category of requests is clearly overbroad,

12    requiring production of documents that merely mention MGA, Larian, Bratz or

13    other MGA products, regardless of whether or not they have anything to do with the

14    claims or defenses in this case."[774]  Similarly, the prior Discovery Master has denied

15    motions to compel on Requests for "documents referring or relating to MGA's

16    business dealings, without specifying any products or other subject matter

17    limitations" because such Requests are grossly overbroad.[775]  Here, the documents

18    could include wholly unrelated financial investments. For instance, if a Mattel

19    employee invested in a company that competed with Bratz (or even any other

20    company involved in a supply relationship related to the manufacture of the Bratz

21    _____

22    [771]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart

23    Dec., Exh. 43.

24    ████████████████████████████████████

25    [773]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
Dec., Exh. 43.

26    [774]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,

27    dated May 22, 2007, Dart Dec., Exh. 5.
[775]  Id.

28

1    products) documents mentioning that investment in any way would, under the

2    language of this Request, be discoverable.  This is patently absurd.

3          There is no basis for overruling Mattel's privilege objection.  MGA's

4    bald assertion that "this request does not seek information protected by the attorney-

5    client privilege, the attorney work product doctrine, or any other applicable

6    privilege" has no merit.  Documents responsive to this Request could very well be

7    subject to a claim of privilege or work product protection.  Despite MGA's claim to

8    the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA

9    has itself argued, the parties have agreed that "all privileged documents would be

10   logged except for documents created after this action was filed on April 27, 2004."

11   Thus, to the extent privileged documents fall within the post lawsuit time period,

12   they need not be included on Mattel's log.



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ████████████████████████████████████████████████

2 ██████████████████████████████████

3        Even to the extent that this Request seeks documents relevant to *Phase*

4 *1*, Mattel produced all relevant, responsive, non-privileged documents during the

5 Phase 1 discovery period.

6 **REQUEST FOR PRODUCTION NO. 52:**

7        All DOCUMENTS discussing, mentioning, referring or relating to any

8 MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure,

9 harm or negatively impact the commercial success of the FIRST BRATZ DOLLS in

10 any way, including, without limitation, the reputation, sales, popularity, price and

11 availability of the FIRST BRATZ DOLLS which were communicated to the public,

12 retailers, the press, consumers, advertisers, media buyer representatives, cable or

13 broadcast television executives, the NPD Group, the Toy Industry Association, any

14 United States governmental unit or agency, any toy industry organization whether

15 foreign, domestic or international, any manufacturing or children's safety

16 compliance or watchdog organization, and any organization, company, agency,

17 entity or person involved in commercial or product safety evaluation, ratings or

18 awards.

19 **RESPONSE TO REQUEST NO. 52:**

20        In addition to the general objections stated above which are

21 incorporated herein by reference, Mattel objects to this Request as vague and

22 ambiguous.   Mattel further objects to this Request as overbroad and unduly

23 burdensome in that it seeks all documents in Mattel's possession, custody and

24

25

26 ███████████████████████████████████████

27 ████████████████████████████████████████████

28

1 | control discussing, mentioning, referring or relating to this topic, without limitation
2 | as to time and without meaningful limitation as to subject matter, including
3 | documents that are publicly available and therefore equally available to MGA, and
4 | documents that are not related to the conduct at issue in this lawsuit. Mattel further
5 | objects to the Request on the ground that the term "First Bratz Dolls" is vague and
6 | ambiguous.   Mattel further objects to this Request on the grounds that such
7 | discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely
8 | to the lead to the discovery of admissible evidence in that Mattel's actions in relation
9 | to the "Bratz" line of products are not at issue in this action and are irrelevant to the
10 | claims and defenses in this suit.   Rather, at issue are the actions of defendants and
11 | third parties associated with defendants in connection with the projects that
12 | defendant Bryant worked on with defendant MGA, which is information known to
13 | and within the possession, custody and control of defendants and their associated
14 | third parties, not Mattel. Mattel further objects to this Request on the grounds that it
15 | calls for the disclosure of information subject to the attorney-client privilege, the
16 | attorney work-product doctrine and other applicable privileges.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

19 | Mattel refuses to produce documents responsive to this request, resting
20 | on its improper boilerplate objections.   Under the Federal Rules of Civil Procedure,
21 | "an objection to part of a request must specify the part and permit inspection of the
22 | rest." Fed. R. Civ. P. 34(b)(2)(c).   Generic objections that fail to explain the basis
23 | for an objection with specificity are routinely rejected in the Central District. See A.
24 | Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
25 | or boilerplate objections such as 'overly burdensome and harassing' are improper –
26 | especially when a party fails to submit any evidentiary declarations supporting such
27 | objections").   Accordingly, Mattel must be compelled either to certify that it has
28 |

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 produced all non-privileged responsive documents or to produce all such documents
2 by a date certain.

3       To the extent that Mattel is relying on its blanket objections, they are
4 not sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the
6 required particularity, as to *why* this request is supposedly overly broad, nor can it
7 do so.

8       This objection is therefore improper. Order No. 17, dated April 14,
9 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.
10 Ex. 58. To the contrary, the request is narrowly tailored to seek documents
11 concerning Mattel's communications with third parties regarding Mattel's intent and
12 efforts to interfere with a specified product at issue in this case. As such, this
13 request is self-limited in time.

14       As to burden, Mattel has not attempted to demonstrate why responding
15 to this request and/or producing responsive documents presents any burden. This
16 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
17 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
18 request is unduly burdensome must allege specific facts which indicate the nature
19 and extent of the burden, usually by affidavit or other reliable evidence.")
20 Moreover, it is not unduly burdensome, as noted above, in that the request is
21 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
22 has engaged in a broad variety of unfair trade practices, from serial copying of
23 MGA products, to threatening retailers and suppliers to cease doing business with
24 MGA, to intimidating employees and industry groups in order to prevent MGA from
25 fairly competing. MGA is entitled to discovery on these claims.

26       This request does not seek documents protected by the attorney-client
27 privilege, the attorney work product doctrine, or other applicable privileges. To the
28 extent that Mattel contends that it does, Mattel must provide a privilege log.

1    Mattel objects that the request contains confidential/proprietary/trade

2    secret information.  A Protective Order exists in this case, obviating any concern as

3    to protection of privacy rights and/or commercially sensitive information.

4    None of Mattel's improper objections are valid and Mattel is obligated

5    to produce all non-privileged responsive documents in its possession, custody, or

6    control.

7    **MATTEL'S RESPONSE:**

8    This Request seeks a broad range of irrelevant material.  Mattel and

9    MGA are competitors.  A vast array of documents – including documents regarding

10   daily operations and overhead expenses – could conceivably impacted the first

11   generation Bratz Dolls in a negative way.  For instance, any document related to the

12   success of My Scene – including all of the necessary manufacturing and overhead

13   expenses necessary for that success – would potentially fall under this category.

14   Those documents are manifestly outside of the scope of this litigation.  Inasmuch as

15   MGA merely seeks discovery in order to upend Phase 1 rulings, the Request is

16   clearly irrelevant.

17   MGA must establish that its discovery meets the relevance

18   requirements of Rule 26(b)(1), which clearly states that discovery must be

19   "reasonably calculated to lead to the discovery of admissible evidence."  MGA has

20   not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are

21   relevant to Phase 2 issues.  "A trial court has a duty, of special significance in

22   lengthy and complex cases where the possibility of abuse is always present, to

23   supervise and limit discovery to protect parties and witnesses from annoyance and

24   excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>

25   <u>also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133

26   n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL

27   1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

28   party may not propound document requests as part of a fishing expedition or to

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   discover new claims.  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)
2   ("District courts need not condone the use of discovery to engage in 'fishing
3   expeditions.'").

4          Additionally, MGA failed to meet and confer in good faith regarding
5   this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,
6   dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
7   party shall first identify each dispute, state the relief sought and identify the
8   authority supporting the requested relief in a meet and confer letter that shall be
9   served on all parties by facsimile or electronic mail. The parties shall have five court
10  days from the date of service of that letter to conduct an in-person conference to
11  attempt to resolve the dispute.").  At no point during the meet and confer process did
12  MGA articulate a valid basis for which this Request could be considered relevant to
13  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is
14  simply not true; MGA never initiated any dialogue about this Request or Mattel's
15  response in the first place.  The Discovery Master should deny MGA's motion with
16  respect to this Request on that grounds alone.

17         The motion is also moot.  As MGA has admitted in correspondence
18  going back to 2007[788], Mattel has produced and continues to produce documents that
19  are responsive to this Request.  As to the actual production of relevant documents,
20  there is no dispute and indeed had been no dispute for years, as MGA well knows,
21  and this issue could have been resolved without motion practice if MGA had
22  completed the meet and confer process in good faith.

23         The Request is also entirely duplicative of prior discovery served by
24  Carter Bryant as well as subsequent discovery served by MGA.  ███████
25  ██████████████████████████████████████████████
26
27
28

1 ████████████████████████████████████████████████

2 ███████ It is highly dubious for MGA to claim, at this stage of the litigation,

3 that there remain unproduced relevant materials on this subject in Mattel's

4 possession, when over *two years ago* MGA wrote a letter admitting that this set of

5 requests was duplicative and that Mattel had produced relevant documents in

6 response.[790]

7 　　　　Further, prior Orders entered in this case -- at MGA's urging -- make

8 very clear that a Request that seeks all documents relating to such a wide and

9 amorphous category as documents that might relate to efforts that would cause, in

10 any way, a negative financial impact to first generation Bratz dolls are clearly

11 overbroad. As the prior Discovery Master held in denying a motion to compel on

12 what was a less expansively worded Request, "this category of requests is clearly

13 overbroad, requiring production of documents that merely mention MGA, Larian,

14 Bratz or other MGA products, regardless of whether or not they have anything to do

15 with the claims or defenses in this case."[791] Similarly, the prior Discovery Master

16 has denied motions to compel on Requests for "documents referring or relating to

17 MGA's business dealings, without specifying any products or other subject matter

18 limitations" because such Requests are grossly overbroad.[792] Here, the documents

19 could include wholly unrelated financial investments. For instance, if a Mattel

20 employee invested in a company that competed with Bratz (or even any other

21 ───────────────────────────

22 [788] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart

23 Dec., Exh. 43.

24 ████████████████████████████████████████████

25 [790] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
Dec., Exh. 43.

26 [791] See Order Granting in Part and Denying in Part MGA's Motion to Compel,

27 dated May 22, 2007, Dart Dec., Exh. 5.

[792] Id.

28

1  company involved in a supply relationship related to the manufacture of the Bratz

2  products) documents mentioning that investment in any way would, under the

3  language of this Request, be discoverable. This is patently absurd.

4          There is no basis for overruling Mattel's privilege objection. MGA's

5  bald assertion that "this request does not seek information protected by the attorney-

6  client privilege, the attorney work product doctrine, or any other applicable

7  privilege" has no merit. Documents responsive to this Request could very well be

8  subject to a claim of privilege or work product protection. Despite MGA's claim to

9  the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA

10 has itself argued, the parties have agreed that "all privileged documents would be

11 logged except for documents created after this action was filed on April 27, 2004."

12 Thus, to the extent privileged documents fall within the post lawsuit time period,

13 they need not be included on Mattel's log.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1   ██████████████████████████████████████████████

2   ████████████████████████████

3        Even to the extent that this Request seeks documents relevant to *Phase*

4   *1*, Mattel produced all relevant, responsive, non-privileged documents during the

5   Phase 1 discovery period.  Finally, MGA takes issue with Mattel imposing any

6   temporal limitations on its production based on the filing of MGA's complaint. ███

7   ██████████████████████████████████████████████

8   ██████████████████████████████████████████████

9   ████████████████████████  MGA offers no reason, nor could

10   it consistent with judicial estoppel, why documents post-dating the filing of claims

11   which do not allege continuing wrongdoing are relevant to those claims.

12   **REQUEST FOR PRODUCTION NO. 53:**

13        All DOCUMENTS discussing, mentioning, referring or relating to any

14   MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure,

15   harm or negatively impact the commercial success of BRATZ DOLLS in any way,

16

17   ██████████████████████████████████████████████

18   ██████████████████████████████████████████████

19   ██████████████████████████████████████████████

20   ██████████████████████████████████████████████

21   ██████████████████████████████████████████████

22   ███████████████████████████████████  In finding that "there has been

23   no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

24   calculated to lead to the discovery of admissible evidence regarding the RICO

     counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

25   other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

26   than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

27   into existence – and therefore apparently did not encompass the activities or the

     (footnote continued)

28

1  including, without limitation, the reputation, sales, popularity, price and availability

2  of BRATZ DOLLS which were communicated to the public, retailers, the press,

3  consumers, advertisers, media buyer representatives, cable or broadcast television

4  executives, the NPD Group, the Toy Industry Association, any United States

5  governmental unit or agency, any toy industry organization whether foreign,

6  domestic or international, any manufacturing or children's safety compliance or

7  watchdog organization, and any organization, company, agency, entity or person

8  involved in commercial or product safety evaluation, ratings or awards.

9  **RESPONSE TO REQUEST NO. 53:**

10              In addition to the general objections stated above which are

11  incorporated herein by reference, Mattel objects to this Request as vague and

12  ambiguous.   Mattel further objects to this Request as overbroad and unduly

13  burdensome in that it seeks all documents in Mattel's possession, custody and

14  control discussing, mentioning, referring or relating to this topic, without limitation

15  as to time and without meaningful limitation as to subject matter, including

16  documents that are publicly available and therefore equally available to MGA, and

17  documents that are not related to the conduct at issue in this lawsuit. Mattel further

18  objects to this Request on the grounds that such discovery from Mattel is overbroad,

19  unduly burdensome, oppressive and not likely to the lead to the discovery of

20  admissible evidence in that Mattel's actions in relation to the "Bratz" line of

21  products are not at issue in this action and are irrelevant to the claims and defenses

22  in this suit. Rather, at issue are the actions of defendants and third parties associated

23  with defendants in connection with the projects that defendant Bryant worked on

24  with defendant MGA, which is information known to and within the possession,

25  custody and control of defendants and their associated third parties, not Mattel.

26  _____

27  transactions which are the subject of the Financing Discovery."  Discovery Matter

28  (footnote continued)

1   Mattel further objects to this Request on the grounds that it calls for the disclosure
2   of information subject to the attorney-client privilege, the attorney work-product
3   doctrine and other applicable privileges.

4   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
5   **TO SHOULD BE COMPELLED**

6          Mattel refuses to produce documents responsive to this request, resting
7   on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,
8   "an objection to part of a request must specify the part and permit inspection of the
9   rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis
10  for an objection with specificity are routinely rejected in the Central District.  See A.
11  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
12  or boilerplate objections such as 'overly burdensome and harassing' are improper –
13  especially when a party fails to submit any evidentiary declarations supporting such
14  objections").  Accordingly, Mattel must be compelled either to certify that it has
15  produced all non-privileged responsive documents or to produce all such documents
16  by a date certain.

17         To the extent that Mattel is relying on its blanket objections, they are
18  not sustainable and do not justify Mattel's failure to produce documents.

19         As to overbreadth, Mattel provides no explanation, let alone the
20  required particularity, as to *why* this request is supposedly overly broad, nor can it
21  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
22  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
23  contrary, the request is narrowly tailored to seek documents concerning Mattel's
24  communications with third parties regarding Mattel's intent and efforts to interfere

27  Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

1   with a specified product at issue in this case.  As such, this request is self-limited in

2   time.

3          As to burden, Mattel has not attempted to demonstrate why responding

4   to this request and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

6   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.")

9   Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11  has engaged in a broad variety of unfair trade practices, from serial copying of

12  MGA products, to threatening retailers and suppliers to cease doing business with

13  MGA, to intimidating employees and industry groups in order to prevent MGA from

14  fairly competing.  MGA is entitled to discovery on these claims.

15          This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18          Mattel objects that the request contains confidential/proprietary/trade

19  secret information.  A Protective Order exists in this case, obviating any concern as

20  to protection of privacy rights and/or commercially sensitive information.

21          None of Mattel's improper objections are valid and Mattel is obligated

22  to produce all non-privileged responsive documents in its possession, custody, or

23  control.

24  **MATTEL'S RESPONSE:**

25          Additionally, MGA failed to meet and confer in good faith regarding

26  this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,

27  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

28  party shall first identify each dispute, state the relief sought and identify the

1  authority supporting the requested relief in a meet and confer letter that shall be
2  served on all parties by facsimile or electronic mail. The parties shall have five court
3  days from the date of service of that letter to conduct an in-person conference to
4  attempt to resolve the dispute."). At no point during the meet and confer process did
5  MGA articulate a valid basis for which this Request could be considered relevant to
6  Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is
7  simply not true; MGA never initiated any dialogue about this Request or Mattel's
8  response in the first place. The Discovery Master should deny MGA's motion with
9  respect to this Request on that grounds alone.

10        The motion is also moot. As MGA has admitted in correspondence
11  going back to 2007[806], Mattel has produced and continues to produce documents that
12  are responsive to this Request. As to the actual production of relevant documents,
13  there is no dispute and indeed had been no dispute for years, as MGA well knows,
14  and this issue could have been resolved without motion practice if MGA had
15  completed the meet and confer process in good faith.

16        The Request is also entirely duplicative of prior discovery served by
17  Carter Bryant as well as subsequent discovery served by MGA. ████████
18  ████████████████████████████████████████████████████
19  ████████████████████████████████████████████████████
20  ████████████  It is highly dubious for MGA to claim, at this stage of the litigation,
21  that there remain unproduced relevant materials on this subject in Mattel's
22  possession, when over *two years ago* MGA wrote a letter admitting that this set of

23
24
_____
25  [806]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
26  Dec., Exh. 43.

27  ████████████████████████████████████████████████████
28  ████████████████████████████████████████

1   requests was duplicative and that Mattel had produced relevant documents in
2   response.[808]

3       This Request seeks a broad range of irrelevant material. Mattel and
4   MGA are competitors. A vast array of documents – including documents regarding
5   daily operations and overhead expenses – could conceivably impacted the Bratz
6   Dolls in a negative way. For instance, any document related to the success of My
7   Scene – including all of the necessary manufacturing and overhead expenses
8   necessary for that success – would potentially fall under this category. Those
9   documents are manifestly outside of the scope of this litigation. Inasmuch as MGA
10  merely seeks discovery in order to upend Phase 1 rulings, the Request is clearly
11  irrelevant.

12      MGA must establish that its discovery meets the relevance
13  requirements of Rule 26(b)(1), which clearly states that discovery must be
14  "reasonably calculated to lead to the discovery of admissible evidence." MGA has
15  not sufficiently explained how all documents relating to the "Bratz Concept" are
16  relevant to Phase 2 issues. "A trial court has a duty, of special significance in
17  lengthy and complex cases where the possibility of abuse is always present, to
18  supervise and limit discovery to protect parties and witnesses from annoyance and
19  excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
20  also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
21  n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
22  1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a
23  party may not propound document requests as part of a fishing expedition or to
24  discover new claims. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)

---

[808]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

1  ("District courts need not condone the use of discovery to engage in 'fishing
2  expeditions.'").

3          Further, prior Orders entered in this case -- at MGA's urging -- make
4  very clear that a Request that seeks all documents relating to such a wide and
5  amorphous category as documents that might relate to efforts that would cause, in
6  any way, a negative financial impact Bratz dolls are clearly overbroad.  As the prior
7  Discovery Master held in denying a motion to compel on what was a less
8  expansively worded Request, "this category of requests is clearly overbroad,
9  requiring production of documents that merely mention MGA, Larian, Bratz or
10  other MGA products, regardless of whether or not they have anything to do with the
11  claims or defenses in this case."[809]  Similarly, the prior Discovery Master has denied
12  motions to compel on Requests for "documents referring or relating to MGA's
13  business dealings, without specifying any products or other subject matter
14  limitations" because such Requests are grossly overbroad.[810]  Here, the documents
15  could include wholly unrelated financial investments.  For instance, if a Mattel
16  employee invested in a company that competed with Bratz (or even any other
17  company involved in a supply relationship related to the manufacture of the Bratz
18  products) documents mentioning that investment in any way would, under the
19  language of this Request, be discoverable.  This is patently absurd.

20          There is no basis for overruling Mattel's privilege objection.  MGA's
21  bald assertion that "this request does not seek information protected by the attorney-
22  client privilege, the attorney work product doctrine, or any other applicable
23  privilege" has no merit.  Documents responsive to this Request could very well be
24  subject to a claim of privilege or work product protection.  Despite MGA's claim to

25

26  [809]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,
27  dated May 22, 2007, Dart Dec., Exh. 5.
      [810]  Id.
28

1  the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA

2  has itself argued, the parties have agreed that "all privileged documents would be

3  logged except for documents created after this action was filed on April 27, 2004."

4  Thus, to the extent privileged documents fall within the post lawsuit time period,

5  they need not be included on Mattel's log.



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1



Even to the extent that this Request seeks documents relevant to *Phase 1*, Mattel produced all relevant, responsive, non-privileged documents during the Phase 1 discovery period. Finally, MGA takes issue with Mattel imposing any

---

[819] Id.

[820] Declaration of Lori Pantel, dated August 6, 2009, at ¶ 11, Dart Dec., Exh. 31..

[821] Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec., Exh. 31.

[822] Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec., Exh. 31.

1 temporal limitations on its production based on the filing of MGA's complaint. ███

2 ████████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████████

4 ██████████████████████████████ MGA offers no reason, nor could

5 it consistent with judicial estoppel, why documents post-dating the filing of claims

6 which do not allege continuing wrongdoing are relevant to those claims.

7 **REQUEST FOR PRODUCTION NO. 54:**

8     All DOCUMENTS discussing, mentioning, referring or relating to any

9 MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure,

10 harm or negatively impact the commercial success of the BRATZ PACK in any

11 way, including, without limitation, the reputation, sales, popularity, price and

12 availability of the BRATZ PACK, which were communicated to the public,

13 retailers, the press, consumers, advertisers, media buyer representatives, cable or

14 broadcast television executives, the NPD Group, the Toy Industry Association, any

15 United States governmental unit or agency, any toy industry organization whether

16 foreign, domestic or international, any manufacturing or children's safety

17 compliance or watchdog organization, and any organization, company, agency,

18 

19 

20 

21 

22     In finding that "there has been

23 no showing by Mattel that the Subpoenas to the Financing Entities are reasonably calculated to lead to the discovery of admissible evidence regarding the RICO

24 counterclaim," the Discovery Master noted that "the RICO counterclaim (like the other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

25 than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26 into existence – and therefore apparently did not encompass the activities or the

27 transactions which are the subject of the Financing Discovery." Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

1  entity or person involved in commercial or product safety evaluation, ratings or
2  awards.

3  **RESPONSE TO REQUEST NO. 54:**

4          In addition to the general objections stated above which are
5  incorporated herein by reference, Mattel objects to this Request as vague and
6  ambiguous.   Mattel further objects to this Request as overbroad and unduly
7  burdensome in that it seeks all documents in Mattel's possession, custody and
8  control discussing, mentioning, referring or relating to this topic, without limitation
9  as to time and without meaningful limitation as to subject matter, including
10 documents that are publicly available and therefore equally available to MGA, and
11 documents that are not related to the conduct at issue in this lawsuit.  Mattel further
12 objects to this Request on the grounds that such discovery from Mattel is overbroad,
13 unduly burdensome, oppressive and not likely to the lead to the discovery of
14 admissible evidence in that Mattel's actions in relation to the "Bratz" line of
15 products are not at issue in this action and are irrelevant to the claims and defenses
16 in this suit.  Rather, at issue are the actions of defendants and third parties associated
17 with defendants in connection with the projects that defendant Bryant worked on
18 with defendant MGA, which is information known to and within the possession,
19 custody and control of defendants and their associated third parties, not Mattel.
20 Mattel further objects to this Request on the grounds that it calls for the disclosure
21 of information subject to the attorney-client privilege, the attorney work-product
22 doctrine and other applicable privileges.

23 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
24 **TO SHOULD BE COMPELLED**

25          Mattel refuses to produce documents responsive to this request, resting
26 on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,
27 "an objection to part of a request must specify the part and permit inspection of the
28 rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

1  for an objection with specificity are routinely rejected in the Central District.  See <u>A.</u>

2  <u>Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

3  or boilerplate objections such as 'overly burdensome and harassing' are improper –

4  especially when a party fails to submit any evidentiary declarations supporting such

5  objections").   Accordingly, Mattel must be compelled either to certify that it has

6  produced all non-privileged responsive documents or to produce all such documents

7  by a date certain.

8           To the extent that Mattel is relying on its blanket objections, they are

9  not sustainable and do not justify Mattel's failure to produce documents.

10          As to overbreadth, Mattel provides no explanation, let alone the

11  required particularity, as to *why* this request is supposedly overly broad, nor can it

12  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

13  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14  contrary, the request is narrowly tailored to seek documents concerning Mattel's

15  communications with third parties regarding Mattel's intent and efforts to interfere

16  with a specified product at issue in this case.  As such, this request is self-limited in

17  time.

18          As to burden, Mattel has not attempted to demonstrate why responding

19  to this request and/or producing responsive documents presents any burden.  This

20  objection must therefore be rejected.  See <u>Jackson v. Montgomery Ward & Co., Inc.,</u>

21  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22  request is unduly burdensome must allege specific facts which indicate the nature

23  and extent of the burden, usually by affidavit or other reliable evidence.")

24  Moreover, it is not unduly burdensome, as noted above, in that the request is

25  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26  has engaged in a broad variety of unfair trade practices, from serial copying of

27  MGA products, to threatening retailers and suppliers to cease doing business with

28

-425-

1  MGA, to intimidating employees and industry groups in order to prevent MGA from
2  fairly competing. MGA is entitled to discovery on these claims.

3        This request does not seek documents protected by the attorney-client
4  privilege, the attorney work product doctrine, or other applicable privileges. To the
5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6        Mattel objects that the request contains confidential/proprietary/trade
7  secret information. A Protective Order exists in this case, obviating any concern as
8  to protection of privacy rights and/or commercially sensitive information.

9        None of Mattel's improper objections are valid and Mattel is obligated
10  to produce all non-privileged responsive documents in its possession, custody, or
11  control.

12  **MATTEL'S RESPONSE:**

13        This Request seeks a broad range of irrelevant material. Mattel and
14  MGA are competitors. A vast array of documents – including documents regarding
15  daily operations and overhead expenses – could conceivably impacted Bratz
16  products such as "BRATZPACK" in a negative way. For instance, any document
17  related to the success of My Scene – including all of the necessary manufacturing
18  and overhead expenses necessary for that success – would potentially fall under this
19  category. Those documents are manifestly outside of the scope of this litigation.
20  Inasmuch as MGA merely seeks discovery in order to upend Phase 1 rulings, the
21  Request is clearly irrelevant.

22        MGA must establish that its discovery meets the relevance
23  requirements of Rule 26(b)(1), which clearly states that discovery must be
24  "reasonably calculated to lead to the discovery of admissible evidence." MGA has
25  not sufficiently explained how all documents relating to the "Bratz Concept" are
26  relevant to Phase 2 issues. "A trial court has a duty, of special significance in
27  lengthy and complex cases where the possibility of abuse is always present, to
28  supervise and limit discovery to protect parties and witnesses from annoyance and

1  excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
2  also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
3  n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
4  1859, *1 (N.D. Ill. 1983) (same).   As the previous Discovery Master has held, a
5  party may not propound document requests as part of a fishing expedition or to
6  discover new claims.   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)
7  ("District courts need not condone the use of discovery to engage in 'fishing
8  expeditions.'").   MGA has made no showing whatsoever that BRATZPACK has
9  anything to do with the Phase 2 litigation.   MGA makes no reference to allegations
10 that Mattel committed any redressable harm related to BRATZPACK.   The Request
11 is wholly irrelevant.

12         Additionally, MGA failed to meet and confer in good faith regarding
13 this Request prior to filing its Motion.   See Phase 2 Discovery Master Order No. 1,
14 dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
15 party shall first identify each dispute, state the relief sought and identify the
16 authority supporting the requested relief in a meet and confer letter that shall be
17 served on all parties by facsimile or electronic mail. The parties shall have five court
18 days from the date of service of that letter to conduct an in-person conference to
19 attempt to resolve the dispute.").   At no point during the meet and confer process did
20 MGA articulate a valid basis for which this Request could be considered relevant to
21 Phase 2 issues.   Thus, MGA's claim that Mattel has refused to meet and confer is
22 simply not true; MGA never initiated any dialogue about this Request or Mattel's
23 response in the first place.   The Discovery Master should deny MGA's motion with
24 respect to this Request on that grounds alone.

25
26
27
28

1      The motion is also moot.  As MGA has admitted in correspondence
2  going back to 2007[824], Mattel has produced and continues to produce documents that
3  are responsive to this Request.  As to the actual production of relevant documents,
4  there is no dispute and indeed had been no dispute for years, as MGA well knows,
5  and this issue could have been resolved without motion practice if MGA had
6  completed the meet and confer process in good faith.

7      The Request is also entirely duplicative of prior discovery served by
8  Carter Bryant as well as subsequent discovery served by MGA.  ██████████

9  ████████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████████

11  ██████████  It is highly dubious for MGA to claim, at this stage of the litigation,
12  that there remain unproduced relevant materials on this subject in Mattel's
13  possession, when over *two years ago* MGA wrote a letter admitting that this set of
14  requests was duplicative and that Mattel had produced relevant documents in
15  response.[826]

16      Further, prior Orders entered in this case -- at MGA's urging -- make
17  very clear that a Request that seeks all documents relating to such a wide and
18  amorphous category as documents that might relate to efforts that would cause, in
19  any way, a negative financial impact BRATZPACK are clearly overbroad.  As the
20  prior Discovery Master held in denying a motion to compel on what was a less
21  expansively worded Request, "this category of requests is clearly overbroad,
22  requiring production of documents that merely mention MGA, Larian, Bratz or

23  ———————————————————

24  [824] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
25  Dec., Exh. 43.

26  ██████████████████████████████████████████████

27  [826] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
    Dec., Exh. 43.

28

other MGA products, regardless of whether or not they have anything to do with the claims or defenses in this case."[827]  Similarly, the prior Discovery Master has denied motions to compel on Requests for "documents referring or relating to MGA's business dealings, without specifying any products or other subject matter limitations" because such Requests are grossly overbroad.[828]  Here, the documents could include wholly unrelated financial investments.  For instance, if a Mattel employee invested in a company that competed with Bratz (or even any other company involved in a supply relationship related to the manufacture of the Bratz products) documents mentioning that investment in any way would, under the language of this Request, be discoverable.  This is patently absurd.

There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege" has no merit.  Documents responsive to this Request could very well be subject to a claim of privilege or work product protection.  Despite MGA's claim to the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

---

[827]  See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5.
[828]  Id.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████████

4 ████████████████████████████████████████████████████████

5 ████████████████████████████████████████████████████████

6 ████████████████████████████████████████████████████████

7 ████████████████████████████████████████████████████████

8 ███

9 ████████████████████████████████████████████████████

10 ██████████████████████████████████████████████████████

11 ██████████████████████████████████████████████████████

12 ████████████████████████████████████

13    Even to the extent that this Request seeks documents relevant to *Phase*

14 *1*, Mattel produced all relevant, responsive, non-privileged documents during the

15 Phase 1 discovery period.  Finally, MGA takes issue with Mattel imposing any

16 temporal limitations on its production based on the filing of MGA's complaint. ██

17 ████████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████████

19 ██████████████████████████████ MGA offers no reason, nor could

20 _____

21 ██████████████████████████████████████████████████

22 █

23 ██████████████████████████████████████████████████

24 ██████████████████████████████████████████████████

25 █

26 ██████████████████████████████████████████████████

27 ██████████████████████████████████████████████████

28  (footnote continued)

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  it consistent with judicial estoppel, why documents post-dating the filing of claims

2  which do not allege continuing wrongdoing are relevant to those claims.

3  **REQUEST FOR PRODUCTION NO. 55:**

4         All DOCUMENTS discussing, mentioning, referring or relating to any

5  MATTEL desire, plan, idea, decision, goal, or objective to injure, interfere with,

6  harm or negatively impact the commercial success of LIL' BRATZ in any way,

7  including, without limitation, the reputation, sales, popularity, price and availability

8  of LIL' BRATZ, which were communicated to the public, retailers, the press,

9  consumers, advertisers, media buyer representatives, cable or broadcast television

10  executives, the NPD Group, the Toy Industry Association, any United States

11  governmental unit or agency, any toy industry organization whether foreign,

12  domestic or international, any manufacturing or children's safety compliance or

13  watchdog organization, and any organization, company, agency, entity or person

14  involved in commercial or product safety evaluation, ratings or awards.

15  **RESPONSE TO REQUEST NO. 55:**

16         In addition to the general objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request as vague and

18  ambiguous.  Mattel further objects to this Request as overbroad and unduly

19  burdensome in that it seeks all documents in Mattel's possession, custody and

20  control discussing, mentioning, referring or relating to this topic, without limitation

21  _____

22  ████████████████████████████  In finding that "there has been

23  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
calculated to lead to the discovery of admissible evidence regarding the RICO

24  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 — more

25  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26  into existence – and therefore apparently did not encompass the activities or the

27  transactions which are the subject of the Financing Discovery." Discovery Matter
Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

1   as to time and without meaningful limitation as to subject matter, including

2   documents that are publicly available and therefore equally available to MGA, and

3   documents that are not related to the conduct at issue in this lawsuit. Mattel further

4   objects to this Request on the grounds that such discovery from Mattel is overbroad,

5   unduly burdensome, oppressive and not likely to the lead to the discovery of

6   admissible evidence in that Mattel's actions in relation to the "Bratz" line of

7   products are not at issue in this action and are irrelevant to the claims and defenses

8   in this suit. Rather, at issue are the actions of defendants and third parties associated

9   with defendants in connection with the projects that defendant Bryant worked on

10  with defendant MGA, which is information known to and within the possession,

11  custody and control of defendants and their associated third parties, not Mattel.

12  Mattel further objects to this Request on the grounds that it calls for the disclosure

13  of information subject to the attorney-client privilege, the attorney work-product

14  doctrine and other applicable privileges.

15  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

16  **TO SHOULD BE COMPELLED**

17          Mattel refuses to produce documents responsive to this request, resting

18  on its improper boilerplate objections. Under the Federal Rules of Civil Procedure,

19  "an objection to part of a request must specify the part and permit inspection of the

20  rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis

21  for an objection with specificity are routinely rejected in the Central District. See A.

22  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

23  or boilerplate objections such as 'overly burdensome and harassing' are improper –

24  especially when a party fails to submit any evidentiary declarations supporting such

25  objections"). Accordingly, Mattel must be compelled either to certify that it has

26  produced all non-privileged responsive documents or to produce all such documents

27  by a date certain.

28

-434-

1      To the extent that Mattel is relying on its blanket objections, they are
2  not sustainable and do not justify Mattel's failure to produce documents.

3      As to overbreadth, Mattel provides no explanation, let alone the
4  required particularity, as to *why* this request is supposedly overly broad, nor can it
5  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
6  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
7  contrary, the request is narrowly tailored to seek documents concerning Mattel's
8  communications with third parties regarding Mattel's intent and efforts to interfere
9  with a specified product at issue in this case.  As such, this request is self-limited in
10 time.

11      As to burden, Mattel has not attempted to demonstrate why responding
12 to this request and/or producing responsive documents presents any burden.  This
13 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
14 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
15 request is unduly burdensome must allege specific facts which indicate the nature
16 and extent of the burden, usually by affidavit or other reliable evidence.")
17 Moreover, it is not unduly burdensome, as noted above, in that the request is
18 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
19 has engaged in a broad variety of unfair trade practices, from serial copying of
20 MGA products, to threatening retailers and suppliers to cease doing business with
21 MGA, to intimidating employees and industry groups in order to prevent MGA from
22 fairly competing.  MGA is entitled to discovery on these claims.

23      This request does not seek documents protected by the attorney-client
24 privilege, the attorney work product doctrine, or other applicable privileges.  To the
25 extent that Mattel contends that it does, Mattel must provide a privilege log.

26      Mattel objects that the request contains confidential/proprietary/trade
27 secret information.  A Protective Order exists in this case, obviating any concern as
28 to protection of privacy rights and/or commercially sensitive information.

1           None of Mattel's improper objections are valid and Mattel is obligated

2 to produce all non-privileged responsive documents in its possession, custody, or

3 control.

4 **MATTEL'S RESPONSE:**

5           This Request seeks a broad range of irrelevant material.  Mattel and

6 MGA are competitors.  A vast array of documents – including documents regarding

7 daily operations and overhead expenses – could conceivably impacted Bratz

8 products such as "LIL' BRATZ" in a negative way.  For instance, any document

9 related to the success of My Scene – including all of the necessary manufacturing

10 and overhead expenses necessary for that success – would potentially fall under this

11 category.  Those documents are manifestly outside of the scope of this litigation.

12 Inasmuch as MGA merely seeks discovery in order to upend Phase 1 rulings, the

13 Request is clearly irrelevant.

14           MGA must establish that its discovery meets the relevance

15 requirements of Rule 26(b)(1), which clearly states that discovery must be

16 "reasonably calculated to lead to the discovery of admissible evidence." MGA has

17 not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are

18 relevant to Phase 2 issues.  "A trial court has a duty, of special significance in

19 lengthy and complex cases where the possibility of abuse is always present, to

20 supervise and limit discovery to protect parties and witnesses from annoyance and

21 excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>

22 <u>also Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133

23 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL

24 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

25 party may not propound document requests as part of a fishing expedition or to

26 discover new claims.  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)

27 ("District courts need not condone the use of discovery to engage in 'fishing

28 expeditions.'").  MGA has made no showing whatsoever that LIL' BRATZ has

1  anything to do with the Phase 2 litigation. MGA makes no reference to allegations
2  that Mattel committed any redressable harm related to LIL' BRATZ. The Request is
3  wholly irrelevant.

4          Additionally, MGA failed to meet and confer in good faith regarding
5  this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1,
6  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
7  party shall first identify each dispute, state the relief sought and identify the
8  authority supporting the requested relief in a meet and confer letter that shall be
9  served on all parties by facsimile or electronic mail. The parties shall have five court
10 days from the date of service of that letter to conduct an in-person conference to
11 attempt to resolve the dispute."). At no point during the meet and confer process did
12 MGA articulate a valid basis for which this Request could be considered relevant to
13 Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is
14 simply not true; MGA never initiated any dialogue about this Request or Mattel's
15 response in the first place. The Discovery Master should deny MGA's motion with
16 respect to this Request on that grounds alone.

17         The motion is also moot. As MGA has admitted in correspondence
18 going back to 2007[842], Mattel has produced and continues to produce documents that
19 are responsive to this Request. As to the actual production of relevant documents,
20 there is no dispute and indeed had been no dispute for years, as MGA well knows,
21 and this issue could have been resolved without motion practice if MGA had
22 completed the meet and confer process in good faith.

23         The Request is also entirely duplicative of prior discovery served by
24 Carter Bryant as well as subsequent discovery served by MGA. ███████████

25 ████████████████████████████████████████████████████████

26

27

28

00505.07975/3161896.1

1

2         ████████         It is highly dubious for MGA to claim, at this stage of the litigation,

3    that there remain unproduced relevant materials on this subject in Mattel's

4    possession, when over *two years ago* MGA wrote a letter admitting that this set of

5    requests was duplicative and that Mattel had produced relevant documents in

6    response.[844]

7             Further, prior Orders entered in this case -- at MGA's urging -- make

8    very clear that a Request that seeks all documents relating to such a wide and

9    amorphous category as documents that might relate to efforts that would cause, in

10   any way, a negative financial impact LIL' BRATZ are clearly overbroad.  As the

11   prior Discovery Master held in denying a motion to compel on what was a less

12   expansively worded Request, "this category of requests is clearly overbroad,

13   requiring production of documents that merely mention MGA, Larian, Bratz or

14   other MGA products, regardless of whether or not they have anything to do with the

15   claims or defenses in this case."[845]  Similarly, the prior Discovery Master has denied

16   motions to compel on Requests for "documents referring or relating to MGA's

17   business dealings, without specifying any products or other subject matter

18   limitations" because such Requests are grossly overbroad.[846]  Here, the documents

19   could include wholly unrelated financial investments.  For instance, if a Mattel

20   employee invested in a company that competed with Bratz (or even any other

21   _____

22   [842]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart

23   Dec., Exh. 43.

24   ████████████████████████████████

25   [844]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
     Dec., Exh. 43.

26   [845]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,

27   dated May 22, 2007, Dart Dec., Exh. 5.
     [846]  Id.

28

1   company involved in a supply relationship related to the manufacture of the Bratz

2   products) documents mentioning that investment in any way would, under the

3   language of this Request, be discoverable.  This is patently absurd.

4          There is no basis for overruling Mattel's privilege objection.  MGA's

5   bald assertion that "this request does not seek information protected by the attorney-

6   client privilege, the attorney work product doctrine, or any other applicable

7   privilege" has no merit.  Documents responsive to this Request could very well be

8   subject to a claim of privilege or work product protection.  Despite MGA's claim to

9   the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA

10  has itself argued, the parties have agreed that "all privileged documents would be

11  logged except for documents created after this action was filed on April 27, 2004."

12  Thus, to the extent privileged documents fall within the post lawsuit time period,

13  they need not be included on Mattel's log.



848  Id. ¶ 9-11.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   [849]   Id.

25   [850]   See Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec., Exh. 31.

26   [851]   Id.

27   [852]   Declaration of Lori Pantel, dated August 6, 2009, at ¶ 10, Dart Dec., Exh. 31.

28



853 Declaration of Phil Moore, dated August 6, 2009, at ¶ 5, Dart Dec., Exh. 32.
854 Id.
855 Id.

1 ██████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████

3     Even to the extent that this Request seeks documents relevant to *Phase*

4 *1*,  Mattel produced all relevant, responsive, non-privileged documents during the

5 Phase 1 discovery period.  Finally, MGA takes issue with Mattel imposing any

6 temporal limitations on its production based on the filing of MGA's complaint. ████

7 ██████████████████████████████████████████████████████████

8 ██████████████████████████████████████████████████████████

9 ████████████████████████████████ MGA offers no reason, nor could

10 it consistent with judicial estoppel, why documents post-dating the filing of claims

11 which do not allege continuing wrongdoing are relevant to those claims.

12

13

14 _____

15 ██████████████████████████████████████████████████████████

16 █████████████████████████████████████████████████████████

17 ██████████████████████████████████████████████████████████

18 ██████████████████████████████████████████████████████████

19

20 ██████████████████████████████████████████████████████████

21 ██████████████████████████████████████████████████████████

22 ████████████████████████████████ In finding that "there has been

23 no showing by Mattel that the Subpoenas to the Financing Entities are reasonably calculated to lead to the discovery of admissible evidence regarding the RICO

24 counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

25 other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26 into existence – and therefore apparently did not encompass the activities or the

27 transactions which are the subject of the Financing Discovery."  Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm or negatively impact the commercial success of BRATZ PETZ in any way, including, without limitation, the reputation, sales, popularity, price and availability of BRATZ PETZ, which were communicated to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards.

**RESPONSE TO REQUEST NO. 56:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as vague and ambiguous. Mattel further objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control discussing, mentioning, referring or relating to this topic, without limitation as to time without meaningful limitation as to subject matter, including documents that are publicly available and therefore equally available to MGA, and documents that are not related to the conduct at issue in this lawsuit. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of

1  defendants and their associated third parties, not Mattel.  Mattel further objects to
2  this Request on the grounds that it calls for the disclosure of information subject to
3  the attorney-client privilege, the attorney work-product doctrine and other applicable
4  privileges.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

7          Mattel refuses to produce documents responsive to this request, resting
8  on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,
9  "an objection to part of a request must specify the part and permit inspection of the
10  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis
11  for an objection with specificity are routinely rejected in the Central District.  See A.
12  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
13  or boilerplate objections such as 'overly burdensome and harassing' are improper –
14  especially when a party fails to submit any evidentiary declarations supporting such
15  objections").  Accordingly, Mattel must be compelled either to certify that it has
16  produced all non-privileged responsive documents or to produce all such documents
17  by a date certain.

18          To the extent that Mattel is relying on its blanket objections, they are
19  not sustainable and do not justify Mattel's failure to produce documents.

20          As to overbreadth, Mattel provides no explanation, let alone the
21  required particularity, as to *why* this request is supposedly overly broad, nor can it
22  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
23  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
24  contrary, the request is narrowly tailored to seek documents concerning Mattel's
25  communications with third parties regarding Mattel's intent and efforts to interfere
26  with a specified product at issue in this case.  As such, this request is self-limited in
27  time.

28

1    As to burden, Mattel has not attempted to demonstrate why responding
2  to this request and/or producing responsive documents presents any burden.   This
3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
4  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
5  request is unduly burdensome must allege specific facts which indicate the nature
6  and extent of the burden, usually by affidavit or other reliable evidence.")
7  Moreover, it is not unduly burdensome, as noted above, in that the request is
8  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
9  has engaged in a broad variety of unfair trade practices, from serial copying of
10  MGA products, to threatening retailers and suppliers to cease doing business with
11  MGA, to intimidating employees and industry groups in order to prevent MGA from
12  fairly competing.  MGA is entitled to discovery on these claims.

13    This request does not seek documents protected by the attorney-client
14  privilege, the attorney work product doctrine, or other applicable privileges.  To the
15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16    Mattel objects that the request contains confidential/proprietary/trade
17  secret information.  A Protective Order exists in this case, obviating any concern as
18  to protection of privacy rights and/or commercially sensitive information.

19    None of Mattel's improper objections are valid and Mattel is obligated
20  to produce all non-privileged responsive documents in its possession, custody, or
21  control.

22  **MATTEL'S RESPONSE:**

23    This Request seeks a broad range of irrelevant material.  Mattel and
24  MGA are competitors.  A vast array of documents – including documents regarding
25  daily operations and overhead expenses – could conceivably impacted Bratz
26  products such as "BRATZPETZ" in a negative way.  For instance, any document
27  related to the success of My Scene – including all of the necessary manufacturing
28  and overhead expenses necessary for that success – would potentially fall under this

1  category.  Those documents are manifestly outside of the scope of this litigation.

2  Inasmuch as MGA merely seeks discovery in order to upend Phase 1 rulings, the

3  Request is clearly irrelevant.

4  MGA must establish that its discovery meets the relevance requirements of

5  Rule 26(b)(1), which clearly states that discovery must be "reasonably calculated to

6  lead to the discovery of admissible evidence."  MGA has not sufficiently explained

7  how <u>all</u> documents relating to the "Bratz Concept" are relevant to Phase 2 issues.

8  "A trial court has a duty, of special significance in lengthy and complex cases where

9  the possibility of abuse is always present, to supervise and limit discovery to protect

10 parties and witnesses from annoyance and excessive expense."  <u>Dolgow v.</u>

11 <u>Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan</u>

12 <u>American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

13 <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983)

14 (same).  As the previous Discovery Master has held, a party may not propound

15 document requests as part of a fishing expedition or to discover new claims.  <u>Rivera</u>

16 <u>v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not

17 condone the use of discovery to engage in 'fishing expeditions.'").  MGA has made

18 no showing whatsoever that BRATZPETZ has anything to do with the Phase 2

19 litigation.  MGA makes no reference to allegations that Mattel committed any

20 redressable harm related to BRATZPETZ.  The Request is wholly irrelevant.

21 Additionally, MGA failed to meet and confer in good faith regarding

22 this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master Order No. 1,

23 dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

24 party shall first identify each dispute, state the relief sought and identify the

25 authority supporting the requested relief in a meet and confer letter that shall be

26 served on all parties by facsimile or electronic mail. The parties shall have five court

27 days from the date of service of that letter to conduct an in-person conference to

28 attempt to resolve the dispute.").  At no point during the meet and confer process did

1  MGA articulate a valid basis for which this Request could be considered relevant to
2  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is
3  simply not true; MGA never initiated any dialogue about this Request or Mattel's
4  response in the first place.  The Discovery Master should deny MGA's motion with
5  respect to this Request on that grounds alone.

6       The motion is also moot.  As MGA has admitted in correspondence
7  going back to 2007[860], Mattel has produced and continues to produce documents that
8  are responsive to this Request.  As to the actual production of relevant documents,
9  there is no dispute and indeed had been no dispute for years, as MGA well knows,
10  and this issue could have been resolved without motion practice if MGA had
11  completed the meet and confer process in good faith.

12       The Request is also entirely duplicative of prior discovery served by
13  Carter Bryant as well as subsequent discovery served by MGA. ███████
14  ████████████████████████████████████████████
15  ████████████████████████████████████████████
16  ████████ It is highly dubious for MGA to claim, at this stage of the litigation,
17  that there remain unproduced relevant materials on this subject in Mattel's
18  possession, when over *two years ago* MGA wrote a letter admitting that this set of
19  requests was duplicative and that Mattel had produced relevant documents in
20  response.[862]

21       Further, prior Orders entered in this case -- at MGA's urging -- make
22  very clear that a Request that seeks all documents relating to such a wide and

---

24  [860]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
25  Dec., Exh. 43.
26  ████████████████████████████████████████
27  [862]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
28  Dec., Exh. 43.

1    amorphous category as documents that might relate to efforts that would cause, in
2    any way, a negative financial impact BRATZPETZ are clearly overbroad.  As the
3    prior Discovery Master held in denying a motion to compel on what was a less
4    expansively worded Request, "this category of requests is clearly overbroad,
5    requiring production of documents that merely mention MGA, Larian, Bratz or
6    other MGA products, regardless of whether or not they have anything to do with the
7    claims or defenses in this case."[863]  Similarly, the prior Discovery Master has denied
8    motions to compel on Requests for "documents referring or relating to MGA's
9    business dealings, without specifying any products or other subject matter
10   limitations" because such Requests are grossly overbroad.[864]  Here, the documents
11   could include wholly unrelated financial investments.  For instance, if a Mattel
12   employee invested in a company that competed with Bratz (or even any other
13   company involved in a supply relationship related to the manufacture of the Bratz
14   products) documents mentioning that investment in any way would, under the
15   language of this Request, be discoverable.  This is patently absurd.

16          There is no basis for overruling Mattel's privilege objection.  MGA's
17   bald assertion that "this request does not seek information protected by the attorney-
18   client privilege, the attorney work product doctrine, or any other applicable
19   privilege" has no merit.  Documents responsive to this Request could very well be
20   subject to a claim of privilege or work product protection.  Despite MGA's claim to
21   the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA
22   has itself argued, the parties have agreed that "all privileged documents would be
23   logged except for documents created after this action was filed on April 27, 2004."

24

25

26   [863]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,
27   dated May 22, 2007, Dart Dec., Exh. 5.
     [864]  Id.
28

1   Thus, to the extent privileged documents fall within the post lawsuit time period,

2   they need not be included on Mattel's log.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ██████████████████████████████████████████

2 ████████████████████████████████████████████

3 ████████████████████████████████████████████

4 ████████████████████████████████████████████

5 ████████████████████████████████████████████

6 ████████████████████████████████████████████

7 ████████████████████████████████████████████

8 ████████████████████████████████████████████

9 ████████████████████████████████████████████

10 ███████████████████████████████████████

11 ███

12 █████████████████████████████████████████

13 ███████████████████████████████████████

14 ████████████████████████████████████████

15 ██████████████████████████████████

16          Even to the extent that this Request seeks documents relevant to *Phase*

17 *1*,  Mattel  produced  all  relevant,  responsive,  non-privileged  documents  during  the

18 Phase  1  discovery  period.   Finally,  MGA  takes  issue  with  Mattel  imposing  any

19 temporal limitations on its production based on the filing of MGA's complaint. ███

20 ███████████████████████████████████████████

21 ███████████████████████████████████████████

22

23 ──────────────

24 ████████████████████████████████████████████

25 █████████████████████████████████████████

26 ████████████████████████████████████████

27 ████████████████████████████████████

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    ██████████████████████████████████  MGA offers no reason, nor could

2  it consistent with judicial estoppel, why documents post-dating the filing of claims

3  which do not allege continuing wrongdoing are relevant to those claims.

4  **REQUEST FOR PRODUCTION NO. 57:**

5          All DOCUMENTS discussing, mentioning, referring or relating to any

6  MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure,

7  harm or negatively impact the commercial success of BRATZ BABYZ in any way,

8  including, without limitation, the reputation, sales, popularity, price and availability

9  of BRATZ BABYZ, which were communicated to the public, retailers, the press,

10  consumers, advertisers, media buyer representatives, cable or broadcast television

11  executives, the NPD Group, the Toy Industry Association, any United States

12  governmental unit or agency, any toy industry organization whether foreign,

13  domestic or international, any manufacturing or children's safety compliance or

14  watchdog organization, and any organization, company, agency, entity or person

15  involved in commercial or product safety evaluation, ratings or awards.

16

17

18

19

20  ████████████████████████████████████████████████

21

22  ██████████████████████████████  In finding that "there has been

23  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
    calculated to lead to the discovery of admissible evidence regarding the RICO

24  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
    other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

25  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26  into existence – and therefore apparently did not encompass the activities or the
    transactions which are the subject of the Financing Discovery." Discovery Matter

27  Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

**RESPONSE TO REQUEST NO. 57:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as vague and ambiguous.   Mattel further objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control discussing, mentioning, referring or relating to this topic, without limitation as to time and without meaningful limitation as to subject matter, including documents that are publicly available and therefore equally available to MGA, and documents that are not related to the conduct at issue in this lawsuit.  Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses to produce documents responsive to this request, resting on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").   Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's communications with third parties regarding Mattel's intent and efforts to interfere with a specified product at issue in this case.  As such, this request is self-limited in time.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, from serial copying of MGA products, to threatening retailers and suppliers to cease doing business with MGA, to intimidating employees and industry groups in order to prevent MGA from fairly competing.  MGA is entitled to discovery on these claims.

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel objects that the request contains confidential/proprietary/trade

5    secret information.  A Protective Order exists in this case, obviating any concern as

6    to protection of privacy rights and/or commercially sensitive information.

7    None of Mattel's improper objections are valid and Mattel is obligated

8    to produce all non-privileged responsive documents in its possession, custody, or

9    control.

10   **MATTEL'S RESPONSE:**

11   This Request seeks a broad range of irrelevant material.  Mattel and

12   MGA are competitors.  A vast array of documents – including documents regarding

13   daily operations and overhead expenses – could conceivably impacted Bratz

14   products such as "BRATZBABYZ" in a negative way.  For instance, any document

15   related to the success of My Scene – including all of the necessary manufacturing

16   and overhead expenses necessary for that success – would potentially fall under this

17   category.  Those documents are manifestly outside of the scope of this litigation.

18   Inasmuch as MGA merely seeks discovery in order to upend Phase 1 rulings, the

19   Request is clearly irrelevant.

20   MGA must establish that its discovery meets the relevance

21   requirements of Rule 26(b)(1), which clearly states that discovery must be

22   "reasonably calculated to lead to the discovery of admissible evidence."  MGA has

23   not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are

24   relevant to Phase 2 issues.  "A trial court has a duty, of special significance in

25   lengthy and complex cases where the possibility of abuse is always present, to

26   supervise and limit discovery to protect parties and witnesses from annoyance and

27   excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>

28   <u>also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133

00505.07975/3161896.1

-455-

1  n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL
2  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
3  party may not propound document requests as part of a fishing expedition or to
4  discover new claims.  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)
5  ("District courts need not condone the use of discovery to engage in 'fishing
6  expeditions.'").  MGA has made no showing whatsoever that BRATZBABYZ has
7  anything to do with the Phase 2 litigation.  MGA makes no reference to allegations
8  that Mattel committed any redressable harm related to BRATZBABYZ.  The
9  Request is wholly irrelevant.

10          Additionally, MGA failed to meet and confer in good faith regarding
11  this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master Order No. 1,
12  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
13  party shall first identify each dispute, state the relief sought and identify the
14  authority supporting the requested relief in a meet and confer letter that shall be
15  served on all parties by facsimile or electronic mail. The parties shall have five court
16  days from the date of service of that letter to conduct an in-person conference to
17  attempt to resolve the dispute.").  At no point during the meet and confer process did
18  MGA articulate a valid basis for which this Request could be considered relevant to
19  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is
20  simply not true; MGA never initiated any dialogue about this Request or Mattel's
21  response in the first place.  The Discovery Master should deny MGA's motion with
22  respect to this Request on that grounds alone.

23          The motion is also moot.  As MGA has admitted in correspondence
24  going back to 2007[878], Mattel has produced and continues to produce documents that
25  are responsive to this Request.  As to the actual production of relevant documents,

26
27
28

1  there is no dispute and indeed had been no dispute for years, as MGA well knows,

2  and this issue could have been resolved without motion practice if MGA had

3  completed the meet and confer process in good faith.

4          The Request is also entirely duplicative of prior discovery served by

5  Carter Bryant as well as subsequent discovery served by MGA.  ██████████

6  ████████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████████

8  ████████████  It is highly dubious for MGA to claim, at this stage of the litigation,

9  that there remain unproduced relevant materials on this subject in Mattel's

10  possession, when over *two years ago* MGA wrote a letter admitting that this set of

11  requests was duplicative and that Mattel had produced relevant documents in

12  response.[880]

13          Further, prior Orders entered in this case -- at MGA's urging -- make

14  very clear that a Request that seeks all documents relating to such a wide and

15  amorphous category as documents that might relate to efforts that would cause, in

16  any way, a negative financial impact BRATZBABYZ are clearly overbroad.  As the

17  prior Discovery Master held in denying a motion to compel on what was a less

18  expansively worded Request, "this category of requests is clearly overbroad,

19  requiring production of documents that merely mention MGA, Larian, Bratz or

20  other MGA products, regardless of whether or not they have anything to do with the

21

22

23

24  [878]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart

25  Dec., Exh. 43.

26  ██████████████████████████████████████████████████████

27  [880]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart

28  Dec., Exh. 43.

1  claims or defenses in this case."[881]  Similarly, the prior Discovery Master has denied

2  motions to compel on Requests for "documents referring or relating to MGA's

3  business dealings, without specifying any products or other subject matter

4  limitations" because such Requests are grossly overbroad.[882]  Here, the documents

5  could include wholly unrelated financial investments.  For instance, if a Mattel

6  employee invested in a company that competed with Bratz (or even any other

7  company involved in a supply relationship related to the manufacture of the Bratz

8  products) documents mentioning that investment in any way would, under the

9  language of this Request, be discoverable.  This is patently absurd.

10         There is no basis for overruling Mattel's privilege objection.  MGA's

11  bald assertion that "this request does not seek information protected by the attorney-

12  client privilege, the attorney work product doctrine, or any other applicable

13  privilege" has no merit.  Documents responsive to this Request could very well be

14  subject to a claim of privilege or work product protection.  Despite MGA's claim to

15  the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA

16  has itself argued, the parties have agreed that "all privileged documents would be

17  logged except for documents created after this action was filed on April 27, 2004."

18  Thus, to the extent privileged documents fall within the post lawsuit time period,

19  they need not be included on Mattel's log.

20

21

22

23

24

---

25  [881]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,
26  dated May 22, 2007, Dart Dec., Exh. 5.
      [882]  Id.
27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



1 ████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████

4 ████████████████████████████████████████████████████

5 ████████████████████████████████████████████████████

6 ████████████████████████████████████████████████████

7 ██

8 ████████████████████████████████████████████████

9 ████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████

11 ████████████████████████████████████

12        Even to the extent that this Request seeks documents relevant to *Phase*

13 *1*,  Mattel produced all relevant, responsive, non-privileged documents during the

14 Phase 1 discovery period.  Finally, MGA takes issue with Mattel imposing any

15 temporal limitations on its production based on the filing of MGA's complaint.  ██

16 ████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████

18 ████████████████████████████████████  MGA offers no reason, nor could

19 ——————————————

20 ████████████████████████████████████████████████

21 ██ ██████████████████████████████████████████████

22 ██ █████████████████████████████████████████████

23 ██████████████████████████████████████████████████

24 ██████████████████████████████████████████████████

25 ██████████████████████████  In finding that "there has been

26 no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

27 calculated to lead to the discovery of admissible evidence regarding the RICO

counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

28     (footnote continued)

1  it consistent with judicial estoppel, why documents post-dating the filing of claims

2  which do not allege continuing wrongdoing are relevant to those claims.

3  **REQUEST FOR PRODUCTION NO. 58:**

4          All DOCUMENTS discussing, mentioning, referring or relating to any

5  MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure,

6  harm or negatively impact the commercial success of BRATZ BOYZ in any way,

7  including, without limitation, the reputation, sales, popularity, price and availability

8  of BRATZ BOYZ, which were communicated to the public, retailers, the press,

9  consumers, advertisers, media buyer representatives, cable or broadcast television

10 executives, the NPD Group, the Toy Industry Association, any United States

11 governmental unit or agency, any toy industry organization whether foreign,

12 domestic or international, any manufacturing or children's safety compliance or

13 watchdog organization, and any organization, company, agency, entity or person

14 involved in commercial or product safety evaluation, ratings or awards.

15 **RESPONSE TO REQUEST NO. 58:**

16          In addition to the general objections stated above which are

17 incorporated herein by reference, Mattel objects to this Request as vague and

18 ambiguous.   Mattel further objects to this Request as overbroad and unduly

19 burdensome in that it seeks all documents discussing, mentioning, referring or

20 relating to this topic, without limitation as to time and without meaningful limitation

21 as to subject matter, including documents that are publicly available and therefore

22 equally available to MGA, and documents that are not related to the conduct at issue

23 in this lawsuit.   Mattel further objects to this Request on the grounds that such

24 ───────────────────────────────

25 other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

26 than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
   into existence – and therefore apparently did not encompass the activities or the

27          (footnote continued)

28

1   discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely
2   to the lead to the discovery of admissible evidence in that Mattel's actions in relation
3   to the "Bratz" line of products are not at issue in this action and are irrelevant to the
4   claims and defenses in this suit.  Rather, at issue are the actions of defendants and
5   third parties associated with defendants in connection with the projects that
6   defendant Bryant worked on with defendant MGA, which is information known to
7   and within the possession, custody and control of defendants and their associated
8   third parties, not Mattel.  Mattel further objects to this Request on the grounds that it
9   calls for the disclosure of information subject to the attorney-client privilege, the
10  attorney work-product doctrine and other applicable privileges.

11  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
12  **TO SHOULD BE COMPELLED**

13          Mattel refuses to produce documents responsive to this request, resting
14  on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,
15  "an objection to part of a request must specify the part and permit inspection of the
16  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis
17  for an objection with specificity are routinely rejected in the Central District.  See A.
18  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
19  or boilerplate objections such as 'overly burdensome and harassing' are improper –
20  especially when a party fails to submit any evidentiary declarations supporting such
21  objections").  Accordingly, Mattel must be compelled either to certify that it has
22  produced all non-privileged responsive documents or to produce all such documents
23  by a date certain.

24          To the extent that Mattel is relying on its blanket objections, they are
25  not sustainable and do not justify Mattel's failure to produce documents.

26  _____

27  transactions which are the subject of the Financing Discovery."  Discovery Matter
28      (footnote continued)

1   As to overbreadth, Mattel provides no explanation, let alone the
2   required particularity, as to *why* this request is supposedly overly broad, nor can it
3   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
4   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
5   contrary, the request is narrowly tailored to seek documents concerning Mattel's
6   communications with third parties regarding Mattel's intent and efforts to interfere
7   with a specified product at issue in this case. As such, this request is self-limited in
8   time.

9   As to burden, Mattel has not attempted to demonstrate why responding
10  to this request and/or producing responsive documents presents any burden. This
11  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
12  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
13  request is unduly burdensome must allege specific facts which indicate the nature
14  and extent of the burden, usually by affidavit or other reliable evidence.")
15  Moreover, it is not unduly burdensome, as noted above, in that the request is
16  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
17  has engaged in a broad variety of unfair trade practices, from serial copying of
18  MGA products, to threatening retailers and suppliers to cease doing business with
19  MGA, to intimidating employees and industry groups in order to prevent MGA from
20  fairly competing. MGA is entitled to discovery on these claims.

21  This request does not seek documents protected by the attorney-client
22  privilege, the attorney work product doctrine, or other applicable privileges. To the
23  extent that Mattel contends that it does, Mattel must provide a privilege log.

24
25
26
27  Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.
28

00505.07975/3161896.1

-464-

1    Mattel objects that the request contains confidential/proprietary/trade
2    secret information. A Protective Order exists in this case, obviating any concern as
3    to protection of privacy rights and/or commercially sensitive information.

4    None of Mattel's improper objections are valid and Mattel is obligated
5    to produce all non-privileged responsive documents in its possession, custody, or
6    control.

7    **MATTEL'S RESPONSE:**

8    This Request seeks a broad range of irrelevant material. Mattel and
9    MGA are competitors. A vast array of documents – including documents regarding
10   daily operations and overhead expenses – could conceivably impacted Bratz
11   products such as "BRATZPACK" in a negative way. For instance, any document
12   related to the success of My Scene – including all of the necessary manufacturing
13   and overhead expenses necessary for that success – would potentially fall under this
14   category. Those documents are manifestly outside of the scope of this litigation.
15   Inasmuch as MGA merely seeks discovery in order to upend Phase 1 rulings, the
16   Request is clearly irrelevant.

17   MGA must establish that its discovery meets the relevance
18   requirements of Rule 26(b)(1), which clearly states that discovery must be
19   "reasonably calculated to lead to the discovery of admissible evidence." MGA has
20   not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are
21   relevant to Phase 2 issues. "A trial court has a duty, of special significance in
22   lengthy and complex cases where the possibility of abuse is always present, to
23   supervise and limit discovery to protect parties and witnesses from annoyance and
24   excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>
25   <u>also Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133
26   n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL
27   1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a
28   party may not propound document requests as part of a fishing expedition or to

discover new claims.  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").  MGA has made no showing whatsoever that BRATZPACK has anything to do with the Phase 2 litigation.  MGA makes no reference to allegations that Mattel committed any redressable harm related to BRATZPACK.  The Request is wholly irrelevant.

Additionally, MGA failed to meet and confer in good faith regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").  At no point during the meet and confer process did MGA articulate a valid basis for which this Request could be considered relevant to Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is simply not true; MGA never initiated any dialogue about this Request or Mattel's response in the first place.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

The motion is also moot.  As MGA has admitted in correspondence going back to 2007[896], Mattel has produced and continues to produce documents that are responsive to this Request.  As to the actual production of relevant documents, there is no dispute and indeed had been no dispute for years, as MGA well knows, and this issue could have been resolved without motion practice if MGA had completed the meet and confer process in good faith.

1  　　　　The Request is also entirely duplicative of prior discovery served by
2  Carter Bryant as well as subsequent discovery served by MGA. ███████████
3  ████████████████████████████████████████████████████████████████████
4  ████████████████████████████████████████████████████████████████████
5  ██████████ It is highly dubious for MGA to claim, at this stage of the litigation,
6  that there remain unproduced relevant materials on this subject in Mattel's
7  possession, when over *two years ago* MGA wrote a letter admitting that this set of
8  requests was duplicative and that Mattel had produced relevant documents in
9  response.[898]

10  　　　　Further, prior Orders entered in this case -- at MGA's urging -- make
11  very clear that a Request that seeks all documents relating to such a wide and
12  amorphous category as documents that might relate to efforts that would cause, in
13  any way, a negative financial impact BRATZPACK are clearly overbroad.  As the
14  prior Discovery Master held in denying a motion to compel on what was a less
15  expansively worded Request, "this category of requests is clearly overbroad,
16  requiring production of documents that merely mention MGA, Larian, Bratz or
17  other MGA products, regardless of whether or not they have anything to do with the
18  claims or defenses in this case."[899]  Similarly, the prior Discovery Master has denied
19  motions to compel on Requests for "documents referring or relating to MGA's
20  business dealings, without specifying any products or other subject matter
21
22  ────────────────
23  [896]  <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
       Dec., Exh. 43.
24  ████████████████████████████████████████████████████████████
25  [898]  <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
26  Dec., Exh. 43.
27  [899]  <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel,
       dated May 22, 2007, Dart Dec., Exh. 5.
28