1  limitations" because such Requests are grossly overbroad.[900]   Here, the documents
2  could include wholly unrelated financial investments.   For instance, if a Mattel
3  employee invested in a company that competed with Bratz (or even any other
4  company involved in a supply relationship related to the manufacture of the Bratz
5  products) documents mentioning that investment in any way would, under the
6  language of this Request, be discoverable.   This is patently absurd.

7  There is no basis for overruling Mattel's privilege objection.   MGA's
8  bald assertion that "this request does not seek information protected by the attorney-
9  client privilege, the attorney work product doctrine, or any other applicable
10  privilege" has no merit.   Documents responsive to this Request could very well be
11  subject to a claim of privilege or work product protection.   Despite MGA's claim to
12  the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA
13  has itself argued, the parties have agreed that "all privileged documents would be
14  logged except for documents created after this action was filed on April 27, 2004."
15  Thus, to the extent privileged documents fall within the post lawsuit time period,
16  they need not be included on Mattel's log.

17  █████████████████████████████████████████
18  █████████████████████████████████████████
19  █████████████████████████████████████████
20  █████████████████████████████████████████
21  █████████████████████████████████████████
22  █████████████████████████████████████████
23  █████████████████████████████████████████
24  █████████████████████████████████████████
25  _____
26  [900]  Id.
27  █████████████████████████████████████████
28  █

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ███████████████████████████████████████████████

2 ███████████████████████████████████████████████

3 ████████████████████████████████

4 ████████████████████████████████████████████

5 ███████████████████████████████████████████████

6 ███████████████████████████████████████████████

7 ███████████████████████████████████████████████

8 ███████████████████████████████████████████████

9 ███████████████████████████████████████████████

10 ███████████████████████████████████████████████

11 ███████████████████████████████████████████████

12 ███████████████████████████████████████████████

13 ███████████████████████████████████████████████

14 ██████

15 ██████████████████████████████████████████████

16 ███████████████████████████████████████████████

17 ███████████████████████████████████████████████

18 ███████████████████████████████████████████████

19 ███████████████████████████████████████████████

20 ███████████████████████████████████████████████

21 ███████████████████████████████████████████████

22

23 ███████

24 █████

25 ███████████████████████████████████████

26 █

27 █████████████████████████████████████

28 █

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████████

4 ████████████████████████████████████████

5        Even to the extent that this Request seeks documents relevant to *Phase*

6 *1*, Mattel produced all relevant, responsive, non-privileged documents during the

7 Phase 1 discovery period.   Finally, MGA takes issue with Mattel imposing any

8 temporal limitations on its production based on the filing of MGA's complaint. ███

9 ████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████

11 ████████████████████████████████   MGA offers no reason, nor could

12 it consistent with judicial estoppel, why documents post-dating the filing of claims

13 which do not allege continuing wrongdoing are relevant to those claims.

14 _____

15 ████████████████████████████████████████████████████████

16 █████████████████████████████████████████████████████

17 ██████████████████████████████████████████████████████

18 █████████████████████████████████████████████████████

19 █████                                                     ████

20 ████████████████████████████████████████████████████████

21 ████████████████████████████████████████████████████████

22 ████████████████████████████████████   In finding that "there has been

23 no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
calculated to lead to the discovery of admissible evidence regarding the RICO

24 counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

25 than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26 into existence – and therefore apparently did not encompass the activities or the

27 transactions which are the subject of the Financing Discovery."  Discovery Matter
Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm or negatively impact the commercial success of any MGA PRODUCT in any way, including, without limitation, any such product's reputation, sales, popularity, price and availability, which were communicated to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards.

**RESPONSE TO REQUEST NO. 59:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as vague and ambiguous.   Mattel further objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control discussing, mentioning, referring or relating to this topic, without limitation as to time without meaningful limitation as to subject matter, including documents that are publicly available and therefore equally available to MGA, and documents that are not related to the conduct at issue in this lawsuit. Mattel further objects to the Request on the ground that the term "MGA Product" is vague and ambiguous. Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents responsive to this request, resting on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning Mattel's communications with third parties regarding Mattel's intent and efforts to interfere with the reputation and sales of MGA products, a central issue in this case.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")

1    Moreover, it is not unduly burdensome, as noted above, in that the
2  request is narrowly tailored to seek only discoverable evidence. MGA has alleged
3  that Mattel has engaged in a broad variety of unfair trade practices, from serial
4  copying of MGA products, to threatening retailers and suppliers to cease doing
5  business with MGA, to intimidating employees and industry groups in order to
6  prevent MGA from fairly competing. MGA is entitled to discovery on these claims.

7    This request does not seek documents protected by the attorney-client
8  privilege, the attorney work product doctrine, or other applicable privileges. To the
9  extent that Mattel contends that it does, Mattel must provide a privilege log.

10    Mattel objects that the request contains confidential/proprietary/trade
11  secret information. A Protective Order exists in this case, obviating any concern as
12  to protection of privacy rights and/or commercially sensitive information.

13    None of Mattel's improper objections are valid and Mattel is obligated
14  to produce all non-privileged responsive documents in its possession, custody, or
15  control.

16  **MATTEL'S RESPONSE:**

17    This Request seeks a broad range of irrelevant material. Mattel and
18  MGA are competitors. A vast array of documents – including documents regarding
19  daily operations and overhead expenses – could conceivably impacted an MGA
20  product in a negative way. For instance, any document related to the success of My
21  Scene – including all of the necessary manufacturing and overhead expenses
22  necessary for that success – would potentially fall under this category. Those
23  documents are manifestly outside of the scope of this litigation. Inasmuch as MGA
24  merely seeks discovery in order to upend Phase 1 rulings, the Request is clearly
25  irrelevant.

26    MGA must establish that its discovery meets the relevance
27  requirements of Rule 26(b)(1), which clearly states that discovery must be
28  "reasonably calculated to lead to the discovery of admissible evidence." MGA has

1  not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are

2  relevant to Phase 2 issues.   "A trial court has a duty, of special significance in

3  lengthy and complex cases where the possibility of abuse is always present, to

4  supervise and limit discovery to protect parties and witnesses from annoyance and

5  excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>

6  <u>also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133

7  n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL

8  1859, *1 (N.D. Ill. 1983) (same).   As the previous Discovery Master has held, a

9  party may not propound document requests as part of a fishing expedition or to

10  discover new claims. <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)

11  ("District courts need not condone the use of discovery to engage in 'fishing

12  expeditions.'").   MGA has made no showing whatsoever that the entirety of the

13  MGA product line is involved in the Phase 2 litigation.  MGA makes no reference to

14  allegations that Mattel committed any redressable harm that encompasses every

15  MGA product.   The Request seeks information well outside the bounds of the

16  pleadings in this case and is wholly irrelevant.

17           Additionally, MGA failed to meet and confer in good faith regarding

18  this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master Order No. 1,

19  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

20  party shall first identify each dispute, state the relief sought and identify the

21  authority supporting the requested relief in a meet and confer letter that shall be

22  served on all parties by facsimile or electronic mail. The parties shall have five court

23  days from the date of service of that letter to conduct an in-person conference to

24  attempt to resolve the dispute.").  At no point during the meet and confer process did

25  MGA articulate a valid basis for which this Request could be considered relevant to

26  Phase 2 issues.   Thus, MGA's claim that Mattel has refused to meet and confer is

27  simply not true; MGA never initiated any dialogue about this Request or Mattel's

28

1   response in the first place.  The Discovery Master should deny MGA's motion with
2   respect to this Request on that grounds alone.

3           The motion is also moot.  As MGA has admitted in correspondence
4   going back to 2007[914], Mattel has produced and continues to produce documents that
5   are responsive to this Request.  As to the actual production of relevant documents,
6   there is no dispute and indeed had been no dispute for years, as MGA well knows,
7   and this issue could have been resolved without motion practice if MGA had
8   completed the meet and confer process in good faith.

9           The Request is also entirely duplicative of prior discovery served by
10  Carter Bryant as well as subsequent discovery served by MGA.  ████████████
11  ████████████████████████████████████████████████████████████████████
12  ████████████████████████████████████████████████████████████████████
13  ████████████    It is highly dubious for MGA to claim, at this stage of the litigation,
14  that there remain unproduced relevant materials on this subject in Mattel's
15  possession, when over *two years ago* MGA wrote a letter admitting that this set of
16  requests was duplicative and that Mattel had produced relevant documents in
17  response.[916]

18          Further, prior Orders entered in this case -- at MGA's urging -- make
19  very clear that a Request that seeks all documents relating to such a wide and
20  amorphous category as documents that might relate to efforts that would cause, in
21  any way, a negative financial impact Bratz products are clearly overbroad.  As the
22  prior Discovery Master held in denying a motion to compel on what was a less

23  _____

24  [914]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
25  Dec., Exh. 43.

26  ████████████████████████████████████████████████████████████████████
27  [916]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
28  Dec., Exh. 43.

1  expansively worded Request, "this category of requests is clearly overbroad,
2  requiring production of documents that merely mention MGA, Larian, Bratz or
3  other MGA products, regardless of whether or not they have anything to do with the
4  claims or defenses in this case."[917]   Similarly, the prior Discovery Master has denied
5  motions to compel on Requests for "documents referring or relating to MGA's
6  business dealings, without specifying any products or other subject matter
7  limitations" because such Requests are grossly overbroad.[918]   Here, the documents
8  could include wholly unrelated financial investments.  For instance, if a Mattel
9  employee invested in a company that competed with Bratz (or even any other
10  company involved in a supply relationship related to the manufacture of the Bratz
11  products) documents mentioning that investment in any way would, under the
12  language of this Request, be discoverable.  This is patently absurd.

13          There is no basis for overruling Mattel's privilege objection.  MGA's
14  bald assertion that "this request does not seek information protected by the attorney-
15  client privilege, the attorney work product doctrine, or any other applicable
16  privilege" has no merit.  Documents responsive to this Request could very well be
17  subject to a claim of privilege or work product protection.  Despite MGA's claim to
18  the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA
19  has itself argued, the parties have agreed that "all privileged documents would be
20  logged except for documents created after this action was filed on April 27, 2004."
21  Thus, to the extent privileged documents fall within the post lawsuit time period,
22  they need not be included on Mattel's log.

23  ███████████████████████████████████████████
24  ███████████████████████████████████████████
25

26  [917]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,
27  dated May 22, 2007, Dart Dec., Exh. 5.
   [918]  Id.
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13    Even to the extent that this Request seeks documents relevant to *Phase*

14    *1*,  Mattel produced all relevant, responsive, non-privileged documents during the

15    Phase 1 discovery period.  Finally, MGA takes issue with Mattel imposing any

16    temporal limitations on its production based on the filing of MGA's complaint.

17

18

19                                                        MGA offers no reason, nor could

20    _____

21

22

23

24

25

26

27

28    (footnote continued)

1    it consistent with judicial estoppel, why documents post-dating the filing of claims
2    which do not allege continuing wrongdoing are relevant to those claims.

3    **REQUEST FOR PRODUCTION NO. 60:**

4           All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata
5    Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry
6    Cleary to the public, retailers, the press, consumers, advertisers, media buyer
7    representatives, cable or broadcast television executives, the NPD Group, the Toy
8    Industry Association, any United States governmental unit or agency, any toy
9    industry organization whether foreign, domestic or international, any manufacturing
10    or children's safety compliance or watchdog organization, and any organization,
11    company, agency, entity or person involved in commercial or product safety
12    evaluation, ratings or awards.

13    **RESPONSE TO REQUEST NO. 60:**

14           In addition to the general objections stated above which are
15    incorporated herein by reference, Mattel objects to this Request as overbroad and
16    unduly burdensome in that it seeks all communications in Mattel's possession,
17    custody and control from eight different Mattel officers or employees and former
18    officers and employees to an indeterminate, and largely undefined, number of third
19    parties, without limitation as to time or subject matter, including documents that are
20    publicly available and therefore equally available to MGA, and regardless of

21    ———————————

22    ███████████████████████████████ In finding that "there has been
23    no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
calculated to lead to the discovery of admissible evidence regarding the RICO
24    counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
25    other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
26    into existence – and therefore apparently did not encompass the activities or the
27    transactions which are the subject of the Financing Discovery." Discovery Matter
Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

1  whether the communications relate to the conduct at issue in this lawsuit.  Mattel

2  further objects to this Request on the grounds that it seeks documents that are not

3  relevant to this action or likely to lead to the discovery of admissible evidence.

4  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

5  **TO SHOULD BE COMPELLED**

6  　　　　Mattel refuses to produce documents in response to this request.  Under

7  the Federal Rules of Civil Procedure, "an objection to part of a request must specify

8  the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

9  objections that fail to explain the basis for an objection with specificity are routinely

10  rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234

11  F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

12  burdensome and harassing' are improper – especially when a party fails to submit

13  any evidentiary declarations supporting such objections").  Accordingly, Mattel

14  must be compelled either to certify that it has produced all non-privileged

15  responsive documents or to produce all such documents by a date certain.

16  　　　　To the extent that Mattel is relying on its blanket objections, they are

17  not sustainable and do not justify Mattel's failure to produce documents.

18  　　　　As to overbreadth, Mattel provides no explanation, let alone the

19  required particularity, as to *why* this request is supposedly overly broad, nor can it

20  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

21  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

22  contrary, the request is narrowly tailored to seek documents concerning

23  communications from specified industry groups and the press.  For purposes of this

24  motion, MGA is willing to limit this request to include only communications that

25  mention Bryant or Bratz, which by its nature would cover only a discrete time

26  period.

27  　　　　As to burden, Mattel has not attempted to demonstrate why responding

28  to this request and/or producing responsive documents presents any burden.  This

1   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
2   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
3   request is unduly burdensome must allege specific facts which indicate the nature
4   and extent of the burden, usually by affidavit or other reliable evidence.")
5   Moreover, it is not unduly burdensome, as noted above, in that the request is
6   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
7   has engaged in a broad variety of unfair trade practices, from serial copying of
8   MGA products, to threatening retailers and suppliers to cease doing business with
9   MGA, to intimidating employees and industry groups in order to prevent MGA from
10  fairly competing, and this request is directly related to these claims.

11          This request does not seek documents protected by the attorney-client
12  privilege, the attorney work product doctrine, or other applicable privileges. To the
13  extent that Mattel contends that it does, Mattel must provide a privilege log.

14          Mattel objects that the request contains confidential, proprietary and
15  trade secret information. A Protective Order exists in this case, obviating any
16  concern as to protection of privacy rights and/or commercially sensitive
17  information.

18  **MATTEL'S RESPONSE:**

19          This Request seeks a broad range of irrelevant information,
20  specifically, all communications between numerousMattel-affiliated individuals and
21  a host of entities including media buyer representatives, the press, the public, and
22  foreign governments irrespective of subject matter or time limitation. The vast
23  majority of these communications can have nothing to do with Phase 2 or indeed
24  Phase 1 of this litigation. There is not even an attempt to tailor this Request to
25  MGA, Bratz, or any other category or entity remotely implicated in this litigation.
26  The Request is grossly overbroad and irrelevant. Insomuch as it would incorporate
27  the entirety of a vast number of additional Requests MGA has served in this action,
28

1  it is also duplicative.  Inasmuch as MGA merely seeks discovery in order to upend

2  Phase 1 rulings, the Request is clearly irrelevant.

3         MGA must establish that its discovery meets the relevance

4  requirements of Rule 26(b)(1), which clearly states that discovery must be

5  "reasonably calculated to lead to the discovery of admissible evidence."  MGA has

6  not sufficiently explained how all documents relating to the "Bratz Concept" are

7  relevant to Phase 2 issues.  "A trial court has a duty, of special significance in

8  lengthy and complex cases where the possibility of abuse is always present, to

9  supervise and limit discovery to protect parties and witnesses from annoyance and

10  excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see

11  also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133

12  n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

13  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

14  party may not propound document requests as part of a fishing expedition or to

15  discover new claims. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)

16  ("District courts need not condone the use of discovery to engage in 'fishing

17  expeditions.'").  MGA has made no showing whatsoever that the communications

18  sought – literally all communications between a group of Mattel-affiliated

19  individuals and such broad categories of correspondents as "the public" and "any

20  United States governmental unit or agency" – is at all related to the Phase 2 issues.

21  There is simply no connection between this broad category and any articulated claim

22  or defense.  The Request seeks information well outside the bounds of the pleadings

23  in this case and is wholly irrelevant.

24         Additionally, MGA failed to meet and confer in good faith regarding

25  this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,

26  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

27  party shall first identify each dispute, state the relief sought and identify the

28  authority supporting the requested relief in a meet and confer letter that shall be

1   served on all parties by facsimile or electronic mail. The parties shall have five court
2   days from the date of service of that letter to conduct an in-person conference to
3   attempt to resolve the dispute.").  At no point during the meet and confer process did
4   MGA articulate a valid basis for which this Request could be considered relevant to
5   Phase 2 issues.   Thus, MGA's claim that Mattel has refused to meet and confer is
6   simply not true; MGA never initiated any dialogue about this Request or Mattel's
7   response in the first place.  The Discovery Master should deny MGA's motion with
8   respect to this Request on that grounds alone.

9          The motion is also moot.  As MGA has admitted in correspondence
10   going back to 2007[932], Mattel has produced and continues to produce documents that
11   are responsive to this Request.  As to the actual production of relevant documents,
12   there is no dispute and indeed had been no dispute for years, as MGA well knows,
13   and this issue could have been resolved without motion practice if MGA had
14   completed the meet and confer process in good faith.

15          The Request is also entirely duplicative of prior discovery served by
16   Carter Bryant as well as subsequent discovery served by MGA.  ████████
17   ████████████████████████████████████████████████████████
18   ████████████████████████████████████████████████████████
19   ████████████   It is highly dubious for MGA to claim, at this stage of the litigation,
20   that there remain unproduced relevant materials on this subject in Mattel's
21   possession, when over *two years ago* MGA wrote a letter admitting that this set of

22
23
24

25   [932]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
26   Dec., Exh. 43.

27   ████████████████████████████████████████████████████
28   ████████████████████████████████████████

1  requests was duplicative and that Mattel had produced relevant documents in
2  response.[934]

3         Further, prior Orders entered in this case -- at MGA's urging -- make
4  very clear that a Request that seeks all documents relating to such a wide and
5  amorphous category as documents that might relate to efforts that would cause, in
6  any way, a negative financial impact Bratz products are clearly overbroad.  As the
7  prior Discovery Master held in denying a motion to compel on what was a less
8  expansively worded Request, "this category of requests is clearly overbroad,
9  requiring production of documents that merely mention MGA, Larian, Bratz or
10 other MGA products, regardless of whether or not they have anything to do with the
11 claims or defenses in this case."[935]  Similarly, the prior Discovery Master has denied
12 motions to compel on Requests for "documents referring or relating to MGA's
13 business dealings, without specifying any products or other subject matter
14 limitations" because such Requests are grossly overbroad.[936]  Here, the documents
15 could include wholly unrelated financial investments.  For instance, if a Mattel
16 employee invested in a company that competed with Bratz (or even any other
17 company involved in a supply relationship related to the manufacture of the Bratz
18 products) documents mentioning that investment in any way would, under the
19 language of this Request, be discoverable.  This is patently absurd.

20        There is no basis for overruling Mattel's privilege objection.  MGA's
21 bald assertion that "this request does not seek information protected by the attorney-
22 client privilege, the attorney work product doctrine, or any other applicable
23 privilege" has no merit.  Documents responsive to this Request could very well be

24 _____

25 [934]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
26 Dec., Exh. 43.
   [935]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,
27 dated May 22, 2007, Dart Dec., Exh. 5.

28

1  subject to a claim of privilege or work product protection.  Despite MGA's claim to

2  the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA

3  has itself argued, the parties have agreed that "all privileged documents would be

4  logged except for documents created after this action was filed on April 27, 2004."

5  Thus, to the extent privileged documents fall within the post lawsuit time period,

6  they need not be included on Mattel's log.

7  　　　　　Even to the extent that this Request seeks documents relevant to *Phase

8  *1*,  Mattel produced all relevant, responsive, non-privileged documents during the

9  Phase 1 discovery period.  Finally, MGA takes issue with Mattel imposing any

10  temporal limitations on its production based on the filing of MGA's complaint.  █

11  ████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████████

13  ████████████████████████████████████  MGA offers no reason, nor could

14  it consistent with judicial estoppel, why documents post-dating the filing of claims

15  which do not allege continuing wrongdoing are relevant to those claims.

16

17

18  _____

19  [936] Id.

20  ████████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████████

22  ████████████████████████████████████████  In finding that "there has been

23  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
calculated to lead to the discovery of admissible evidence regarding the RICO

24  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

25  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26  into existence – and therefore apparently did not encompass the activities or the

27  transactions which are the subject of the Financing Discovery."  Discovery Matter
Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

1 | **REQUEST FOR PRODUCTION NO. 61:**

2 |       All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette , Sujata
3 | Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry
4 | Cleary to the public, retailers, the press, consumers, advertisers, media buyer
5 | representatives, cable or broadcast television executives, the NPD Group, the Toy
6 | Industry Association, any United States governmental unit or agency, any toy
7 | industry organization whether foreign, domestic or international, any manufacturing
8 | or children's safety compliance or watchdog organization, and any organization,
9 | company, agency, entity or person involved in commercial or product safety
10 | evaluation, ratings or awards mentioning, referring or relating to the BRATZ
11 | CONCEPT.

12 | **RESPONSE TO REQUEST NO. 61:**

13 |       In addition to the general objections stated above, which are
14 | incorporated herein by reference, Mattel objects to this Request as overbroad and
15 | unduly burdensome in that it seeks all communications in Mattel's possession,
16 | custody and control from eight different Mattel officers and employees and former
17 | officers and employees to a large number of third parties, without limitation as to
18 | time or subject matter, including documents that are publicly available and therefore
19 | equally available to MGA, and regardless of whether the communications relate to
20 | the conduct at issue in this lawsuit. Mattel further objects to this Request on the
21 | grounds that such discovery from Mattel is overbroad, unduly burdensome,
22 | oppressive and not likely to the lead to the discovery of admissible evidence in that
23 | Mattel's actions in relation to "Bratz" are not at issue in this action and are irrelevant
24 | to the claims and defenses in this suit. Rather, at issue are the actions of defendants
25 | and third parties associated with defendants in connection with the projects that
26 | defendant Bryant worked on with defendant MGA, which is information known to
27 | and within the possession, custody and control of defendants and their associated
28 | third parties, not Mattel. Mattel further objects to this Request on the grounds that it

is unreasonably burdensome and premature in that the facts necessary to determine whether any "image, drawing, picture, sculpt, mold, prototype and any other form of artwork" both predates the "First Bratz Dolls" and is "'Bratz'-related" are known to MGA, Bryant and to third parties, but are not known by Mattel at this juncture. Mattel further objects to the Request on the ground that the term "Bratz Concept" is vague and ambiguous. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses documents in response to this request, resting on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.

1     This objection is therefore improper.  Order No. 17, dated April 14,
2 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.
3 Ex. 58.  To the contrary, the request is narrowly tailored to seek communications
4 from specific Mattel personnel relating to Bratz.

5     As to burden, Mattel has not attempted to demonstrate why responding
6 to this request and/or producing responsive documents presents any burden.  This
7 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
8 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
9 request is unduly burdensome must allege specific facts which indicate the nature
10 and extent of the burden, usually by affidavit or other reliable evidence.")
11 Moreover, it is not unduly burdensome, as noted above, in that the request is
12 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
13 has engaged in a broad variety of unfair trade practices, from serial copying of
14 MGA products, to threatening retailers and suppliers to cease doing business with
15 MGA, to intimidating employees and industry groups in order to prevent MGA from
16 fairly competing.  MGA is entitled to discovery on these claims, and this request
17 seeks communications reasonably calculated to support or refute these claims.

18     This request does not seek documents protected by the attorney-client
19 privilege, the attorney work product doctrine, or other applicable privileges.  To the
20 extent that Mattel contends that it does, Mattel must provide a privilege log.

21     Mattel objects that the request contains confidential/proprietary/trade
22 secret information.  A Protective Order exists in this case, obviating any concern as
23 to protection of privacy rights and/or commercially sensitive information.

24     Mattel objects that the request is duplicative or subsumed within prior
25 requests but does not identify the allegedly duplicative requests.  Mattel's failure to
26 agree to produce responsive non-privileged documents is not proper based on this
27 objection.

28

1          None of Mattel's improper objections are valid and Mattel is obligated

2  to produce all non-privileged responsive documents in its possession, custody, or

3  control.

4  **MATTEL'S RESPONSE:**

5          This Request seeks a broad range of irrelevant information,

6  specifically, all communications between numerousMattel-affiliated individuals and

7  a host of entities including media buyer representatives, the press, the public, and

8  foreign governments without time limitation.  The only limitation as to subject

9  matter is that the communications mention, refer, or relate to the Bratz concept.

10  MGA and Mattel are large multinational corporations and direct competitors;

11  accordingly, each company will have generated a huge range of documents "relating

12  to" the other, the vast majority of which are completely irrelevant to the Phase 2

13  claims.  The vast majority of these communications can have nothing to do with

14  Phase 2 or indeed Phase 1 of this litigation.  Insomuch as it would incorporate the

15  entirety of a vast number of additional Requests MGA has served in this action, it is

16  also duplicative.  Inasmuch as MGA merely seeks discovery in order to upend Phase

17  1 rulings, the Request is clearly irrelevant.

18          MGA must establish that its discovery meets the relevance

19  requirements of Rule 26(b)(1), which clearly states that discovery must be

20  "reasonably calculated to lead to the discovery of admissible evidence."  MGA has

21  not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are

22  relevant to Phase 2 issues.  "A trial court has a duty, of special significance in

23  lengthy and complex cases where the possibility of abuse is always present, to

24  supervise and limit discovery to protect parties and witnesses from annoyance and

25  excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>

26  <u>also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133

27  n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL

28  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

1    party may not propound document requests as part of a fishing expedition or to

2    discover new claims. <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)

3    ("District courts need not condone the use of discovery to engage in 'fishing

4    expeditions.'").  MGA has made no showing whatsoever that the communications

5    sought – literally *all* communications between a group of Mattel-affiliated

6    individuals and such broad categories of correspondents as "the public" and "any

7    United States governmental unit or agency" that mention the Bratz concept – is at all

8    related to the Phase 2 issues.  There is simply no connection between this broad

9    category and any articulated claim or defense.  The Request seeks information well

10   outside the bounds of the pleadings in this case and is wholly irrelevant.

11          Additionally, MGA failed to meet and confer in good faith regarding

12   this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master Order No. 1,

13   dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

14   party shall first identify each dispute, state the relief sought and identify the

15   authority supporting the requested relief in a meet and confer letter that shall be

16   served on all parties by facsimile or electronic mail. The parties shall have five court

17   days from the date of service of that letter to conduct an in-person conference to

18   attempt to resolve the dispute.").  At no point during the meet and confer process did

19   MGA articulate a valid basis for which this Request could be considered relevant to

20   Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

21   simply not true; MGA never initiated any dialogue about this Request or Mattel's

22   response in the first place.  The Discovery Master should deny MGA's motion with

23   respect to this Request on that grounds alone.

24

25

26

27

28

1         The motion is also moot.  As MGA has admitted in correspondence

2    going back to 2007[938], Mattel has produced and continues to produce documents that

3    are responsive to this Request.  As to the actual production of relevant documents,

4    there is no dispute and indeed had been no dispute for years, as MGA well knows,

5    and this issue could have been resolved without motion practice if MGA had

6    completed the meet and confer process in good faith.

7         The Request is also entirely duplicative of prior discovery served by

8    Carter Bryant as well as subsequent discovery served by MGA.  ██████████

9    ████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████

11   ████████   It is highly dubious for MGA to claim, at this stage of the litigation,

12   that there remain unproduced relevant materials on this subject in Mattel's

13   possession, when over *two years ago* MGA wrote a letter admitting that this set of

14   requests was duplicative and that Mattel had produced relevant documents in

15   response.[940]

16        Further, prior Orders entered in this case -- at MGA's urging -- make

17   very clear that a Request that seeks all documents relating to such a wide and

18   amorphous category as documents that might relate to efforts that would cause, in

19   any way, a negative financial impact Bratz products are clearly overbroad.  As the

20   prior Discovery Master held in denying a motion to compel on what was a less

21   expansively worded Request, "this category of requests is clearly overbroad,

22   requiring production of documents that merely mention MGA, Larian, Bratz or

23   

---

24   [938]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart

25   Dec., Exh. 43.

26   ████████████████████████████████████████

27   [940]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart

28   Dec., Exh. 43.

1  other MGA products, regardless of whether or not they have anything to do with the

2  claims or defenses in this case."[941]  Similarly, the prior Discovery Master has denied

3  motions to compel on Requests for "documents referring or relating to MGA's

4  business dealings, without specifying any products or other subject matter

5  limitations" because such Requests are grossly overbroad.[942]  Here, the documents

6  could include wholly unrelated financial investments.  For instance, if a Mattel

7  employee invested in a company that competed with Bratz (or even any other

8  company involved in a supply relationship related to the manufacture of the Bratz

9  products) documents mentioning that investment in any way would, under the

10  language of this Request, be discoverable.  This is patently absurd.

11        There is no basis for overruling Mattel's privilege objection.  MGA's

12  bald assertion that "this request does not seek information protected by the attorney-

13  client privilege, the attorney work product doctrine, or any other applicable

14  privilege" has no merit.  Documents responsive to this Request could very well be

15  subject to a claim of privilege or work product protection.  Despite MGA's claim to

16  the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA

17  has itself argued, the parties have agreed that "all privileged documents would be

18  logged except for documents created after this action was filed on April 27, 2004."

19  Thus, to the extent privileged documents fall within the post lawsuit time period,

20  they need not be included on Mattel's log.

21        Even to the extent that this Request seeks documents relevant to *Phase

22  1*, Mattel produced all relevant, responsive, non-privileged documents during the

23  Phase 1 discovery period.  Finally, MGA takes issue with Mattel imposing any

24  temporal limitations on its production based on the filing of MGA's complaint. ■

25  _____

26  [941]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,

27  dated May 22, 2007, Dart Dec., Exh. 5.
   [942]  Id.

28

1 ███████████████████████████████████████████

2 ███████████████████████████████████████████

3 ████████████████████████████████ MGA offers no reason, nor could

4 it consistent with judicial estoppel, why documents post-dating the filing of claims

5 which do not allege continuing wrongdoing are relevant to those claims.

6 **REQUEST FOR PRODUCTION NO. 62:**

7    All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata

8 Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry

9 Cleary to the public, retailers, the press, consumers, advertisers, media buyer

10 representatives, cable or broadcast television executives, the NPD Group, the Toy

11 Industry Association, any United States governmental unit or agency, any toy

12 industry organization whether foreign, domestic or international, any manufacturing

13 or children's safety compliance or watchdog organization, and any organization,

14 company, agency, entity or person involved in commercial or product safety

15 evaluation, ratings or awards mentioning, referring or relating to the FIRST BRATZ

16 DOLLS.

17

18 ─────────────────────────

19 ███████████████████████████████████████████

20 ███████████████████████████████████████████

21 ███████████████████████████████████████████

22 ████████████████████████████ In finding that "there has been

23 no showing by Mattel that the Subpoenas to the Financing Entities are reasonably calculated to lead to the discovery of admissible evidence regarding the RICO

24 counterclaim," the Discovery Master noted that "the RICO counterclaim (like the other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

25 than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26 into existence – and therefore apparently did not encompass the activities or the transactions which are the subject of the Financing Discovery." Discovery Matter

27 Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

**RESPONSE TO REQUEST NO. 62:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all communications in Mattel's possession, custody and control from eight different Mattel officers and employees and former officers and employees to a large number of third parties, without limitation as to time or subject matter, including documents that are publicly available and therefore equally available to MGA, and regardless of whether the communications relate to the conduct at issue in this lawsuit. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to the Request on the ground that the term "First Bratz Dolls" is vague and ambiguous. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses documents in response to this request, resting on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an

1  objection with specificity are routinely rejected in the Central District.  See A.

2  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

3  or boilerplate objections such as 'overly burdensome and harassing' are improper –

4  especially when a party fails to submit any evidentiary declarations supporting such

5  objections").   Accordingly, Mattel must be compelled either to certify that it has

6  produced all non-privileged responsive documents or to produce all such documents

7  by a date certain.

8          To the extent that Mattel is relying on its blanket objections, they are

9  not sustainable and do not justify Mattel's failure to produce documents.

10         As to overbreadth, Mattel provides no explanation, let alone the

11 required particularity, as to *why* this request is supposedly overly broad, nor can it

12 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

13 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14 contrary, the request is narrowly tailored to seek communications from specific

15 Mattel personnel relating to Bratz.

16         As to burden, Mattel has not attempted to demonstrate why responding

17 to this request and/or producing responsive documents presents any burden.  This

18 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

19 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20 request is unduly burdensome must allege specific facts which indicate the nature

21 and extent of the burden, usually by affidavit or other reliable evidence.")

22 Moreover, it is not unduly burdensome, as noted above, in that the request is

23 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

24 has engaged in a broad variety of unfair trade practices, from serial copying of

25 MGA products, to threatening retailers and suppliers to cease doing business with

26 MGA, to intimidating employees and industry groups in order to prevent MGA from

27 fairly competing.  MGA is entitled to discovery on these claims, and this request

28 seeks communications reasonably calculated to support or refute these claims.

-497-

1   This request does not seek documents protected by the attorney-client
2   privilege, the attorney work product doctrine, or other applicable privileges. To the
3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4   Mattel objects that the request contains confidential/proprietary/trade
5   secret information. A Protective Order exists in this case, obviating any concern as
6   to protection of privacy rights and/or commercially sensitive information.

7   Mattel objects that the request is duplicative or subsumed within prior
8   requests but does not identify the allegedly duplicative requests. Mattel's failure to
9   agree to produce responsive non-privileged documents is not proper based on this
10  objection.

11  None of Mattel's improper objections are valid and Mattel is obligated
12  to produce all non-privileged responsive documents in its possession, custody, or
13  control.

14  **MATTEL'S RESPONSE:**

15  Additionally, MGA failed to meet and confer in good faith regarding
16  this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1,
17  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
18  party shall first identify each dispute, state the relief sought and identify the
19  authority supporting the requested relief in a meet and confer letter that shall be
20  served on all parties by facsimile or electronic mail. The parties shall have five court
21  days from the date of service of that letter to conduct an in-person conference to
22  attempt to resolve the dispute."). At no point during the meet and confer process did
23  MGA articulate a valid basis for which this Request could be considered relevant to
24  Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is
25  simply not true; MGA never initiated any dialogue about this Request or Mattel's
26  response in the first place. The Discovery Master should deny MGA's motion with
27  respect to this Request on that grounds alone.

28