1    The motion is also moot.  As MGA has admitted in correspondence
2    going back to 2007[944], Mattel has produced and continues to produce documents that
3    are responsive to this Request.  As to the actual production of relevant documents,
4    there is no dispute and indeed had been no dispute for years, as MGA well knows,
5    and this issue could have been resolved without motion practice if MGA had
6    completed the meet and confer process in good faith.

7    This    Request    seeks    irrelevant    information,    specifically,    all
8    communications between numerous Mattel-affiliated individuals and a host of
9    entities including media buyer representatives, the press, the public, and foreign
10   governments without time limitation.  The only limitation as to subject matter is that
11   the communications mention, refer, or relate to the first generation Bratz Dolls.
12   MGA and Mattel are large multinational corporations and direct competitors;
13   accordingly, each company will have generated a huge range of documents "relating
14   to" the other's product lines, the vast majority of which are completely irrelevant to
15   the Phase 2 claims.  Inasmuch as MGA merely seeks discovery in order to upend
16   Phase 1 rulings, the Request is clearly irrelevant.

17   MGA must establish that its discovery meets the relevance
18   requirements of Rule 26(b)(1), which clearly states that discovery must be
19   "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
20   not sufficiently explained how all documents relating to the "Bratz Concept" are
21   relevant to Phase 2 issues.  "A trial court has a duty, of special significance in
22   lengthy and complex cases where the possibility of abuse is always present, to
23   supervise and limit discovery to protect parties and witnesses from annoyance and
24   excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
25   also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133

26   _____

27   [944]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
28   (footnote continued)

1    n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL

2    1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

3    party may not propound document requests as part of a fishing expedition or to

4    discover new claims.  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)

5    ("District courts need not condone the use of discovery to engage in 'fishing

6    expeditions.'").  MGA has made no showing whatsoever that the communications

7    sought – literally *all* communications between a group of Mattel-affiliated

8    individuals and such broad categories of correspondents as "the public" and "any

9    United States governmental unit or agency" that mention the Bratz concept – is at all

10    related to the Phase 2 issues.  There is simply no connection between this broad

11    category and any articulated claim or defense.  The Request seeks information well

12    outside the bounds of the pleadings in this case and is wholly irrelevant.

13        The Request is also entirely duplicative of prior discovery served by

14    Carter Bryant as well as subsequent discovery served by MGA. ████████

15    ████████████████████████████████████████████████████

16    ████████████████████████████████████████████████████

17    ████████ It is highly dubious for MGA to claim, at this stage of the litigation,

18    that there remain unproduced relevant materials on this subject in Mattel's

19    possession, when over *two years ago* MGA wrote a letter admitting that this set of

20    requests was duplicative and that Mattel had produced relevant documents in

21    response.[946]

22        Further, prior Orders entered in this case -- at MGA's urging -- make

23    very clear that a Request that seeks all documents relating to such a wide and

24    _____

25    Dec., Exh. 43.

26    ████████████████████████████████████████████████████

27    

28   

1    amorphous category as documents that might relate to efforts that would cause, in

2    any way, a negative financial impact Bratz products are clearly overbroad.  As the

3    prior Discovery Master held in denying a motion to compel on what was a less

4    expansively worded Request, "this category of requests is clearly overbroad,

5    requiring production of documents that merely mention MGA, Larian, Bratz or

6    other MGA products, regardless of whether or not they have anything to do with the

7    claims or defenses in this case."[947]  Similarly, the prior Discovery Master has denied

8    motions to compel on Requests for "documents referring or relating to MGA's

9    business dealings, without specifying any products or other subject matter

10   limitations" because such Requests are grossly overbroad.[948]  Here, the documents

11   could include wholly unrelated financial investments.  For instance, if a Mattel

12   employee invested in a company that competed with Bratz (or even any other

13   company involved in a supply relationship related to the manufacture of the Bratz

14   products) documents mentioning that investment in any way would, under the

15   language of this Request, be discoverable.  This is patently absurd.

16            There is no basis for overruling Mattel's privilege objection.  MGA's

17   bald assertion that "this request does not seek information protected by the attorney-

18   client privilege, the attorney work product doctrine, or any other applicable

19   privilege" has no merit.  Documents responsive to this Request could very well be

20   subject to a claim of privilege or work product protection.  Despite MGA's claim to

21   the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA

22   has itself argued, the parties have agreed that "all privileged documents would be

23   logged except for documents created after this action was filed on April 27, 2004."

24   _____

25   [946]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
     Dec., Exh. 43.
26   [947]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,
27   dated May 22, 2007, Dart Dec., Exh. 5.

28

1  Thus, to the extent privileged documents fall within the post lawsuit time period,
2  they need not be included on Mattel's log.

3       Even to the extent that this Request seeks documents relevant to *Phase*
4  *1*, Mattel produced all relevant, responsive, non-privileged documents during the
5  Phase 1 discovery period.  Finally, MGA takes issue with Mattel imposing any
6  temporal limitations on its production based on the filing of MGA's complaint. ▪

7  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

8  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

9  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ MGA offers no reason, nor could
10 it consistent with judicial estoppel, why documents post-dating the filing of claims
11 which do not allege continuing wrongdoing are relevant to those claims.

12 **REQUEST FOR PRODUCTION NO. 63:**

13      All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata
14 Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry
15 Cleary to the public, retailers, the press, consumers, advertisers, media buyer
16 representatives, cable or broadcast television executives, the NPD Group, the Toy
17 Industry Association, any United States governmental unit or agency, any toy

18 _____

19 [948] Id.

20 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

21 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

22 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ In finding that "there has been
23 no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
24 calculated to lead to the discovery of admissible evidence regarding the RICO
   counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
25 other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
26 than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
   into existence – and therefore apparently did not encompass the activities or the
27 (footnote continued)

28

1  industry organization whether foreign, domestic or international, any manufacturing
2  or children's safety compliance or watchdog organization, and any organization,
3  company, agency, entity or person involved in commercial or product safety
4  evaluation, ratings or awards mentioning, referring or relating to BRATZ DOLLS.

5  **RESPONSE TO REQUEST NO. 63:**

6       In addition to the general objections stated above which are
7  incorporated herein by reference, Mattel objects to this Request as overbroad and
8  unduly burdensome in that it seeks all communications in Mattel's possession,
9  custody and control from eight different Mattel officers and employees and former
10  officers and employees to a large number of third parties, without limitation as to
11  time or subject matter, including documents that are publicly available and therefore
12  equally available to MGA, and regardless of whether the communications relate to
13  the conduct at issue in this lawsuit. Mattel further objects to this Request on the
14  grounds that such discovery from Mattel is overbroad, unduly burdensome,
15  oppressive and not likely to the lead to the discovery of admissible evidence in that
16  Mattel's actions in relation to the "Bratz" line of products are not at issue in this
17  action and are irrelevant to the claims and defenses in this suit. Rather, at issue are
18  the actions of defendants and third parties associated with defendants in connection
19  with the projects that defendant Bryant worked on with defendant MGA, which is
20  information known to and within the possession, custody and control of defendants
21  and their associated third parties, not Mattel.

22  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
23  **TO SHOULD BE COMPELLED**

24       Mattel refuses documents in response to this request, resting on its
25  improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an

26  _____

27  transactions which are the subject of the Financing Discovery." Discovery Matter
28  (footnote continued)

1   objection to part of a request must specify the part and permit inspection of the rest."

2   Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an

3   objection with specificity are routinely rejected in the Central District.  See A.

4   Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

5   or boilerplate objections such as 'overly burdensome and harassing' are improper –

6   especially when a party fails to submit any evidentiary declarations supporting such

7   objections").  Accordingly, Mattel must be compelled either to certify that it has

8   produced all non-privileged responsive documents or to produce all such documents

9   by a date certain.

10          To the extent that Mattel is relying on its blanket objections, they are

11   not sustainable and do not justify Mattel's failure to produce documents.

12          As to overbreadth, Mattel provides no explanation, let alone the

13   required particularity, as to *why* this request is supposedly overly broad, nor can it

14   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

15   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

16   contrary, the request is narrowly tailored to seek communications from specific

17   Mattel personnel relating to Bratz.

18          As to burden, Mattel has not attempted to demonstrate why responding

19   to this request and/or producing responsive documents presents any burden.  This

20   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

21   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22   request is unduly burdensome must allege specific facts which indicate the nature

23   and extent of the burden, usually by affidavit or other reliable evidence.")

24   Moreover, it is not unduly burdensome, as noted above, in that the request is

25   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26

27   Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

1  has engaged in a broad variety of unfair trade practices, from serial copying of
2  MGA products, to threatening retailers and suppliers to cease doing business with
3  MGA, to intimidating employees and industry groups in order to prevent MGA from
4  fairly competing. MGA is entitled to discovery on these claims, and this request
5  seeks communications reasonably calculated to support or refute these claims.

6        This request does not seek documents protected by the attorney-client
7  privilege, the attorney work product doctrine, or other applicable privileges. To the
8  extent that Mattel contends that it does, Mattel must provide a privilege log.

9        Mattel objects that the request contains confidential/proprietary/trade
10  secret information. A Protective Order exists in this case, obviating any concern as
11  to protection of privacy rights and/or commercially sensitive information.

12        Mattel objects that the request is duplicative or subsumed within prior
13  requests but does not identify the allegedly duplicative requests. Mattel's failure to
14  agree to produce responsive non-privileged documents is not proper based on this
15  objection.

16        None of Mattel's improper objections are valid and Mattel is obligated
17  to produce all non-privileged responsive documents in its possession, custody, or
18  control.

19  **MATTEL'S RESPONSE:**

20        This Request seeks a broad range of irrelevant information,
21  specifically, all communications between numerousMattel-affiliated individuals and
22  a host of entities including media buyer representatives, the press, the public, and
23  foreign governments without time limitation. The only limitation as to subject
24  matter is that the communications mention, refer, or relate to Bratz Dolls. MGA and
25  Mattel are large multinational corporations and direct competitors; accordingly, each
26  company will have generated a huge range of documents "relating to" the other's
27  product lines, the vast majority of which are completely irrelevant to the Phase 2
28

1 | claims. Inasmuch as MGA merely seeks discovery in order to upend Phase 1
2 | rulings, the Request is clearly irrelevant.

3 | MGA must establish that its discovery meets the relevance requirements of
4 | Rule 26(b)(1), which clearly states that discovery must be "reasonably calculated to
5 | lead to the discovery of admissible evidence." MGA has not sufficiently explained
6 | how all documents relating to the "Bratz Concept" are relevant to Phase 2 issues.
7 | "A trial court has a duty, of special significance in lengthy and complex cases where
8 | the possibility of abuse is always present, to supervise and limit discovery to protect
9 | parties and witnesses from annoyance and excessive expense." Dolgow v.
10 | Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan
11 | American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);
12 | Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)
13 | (same). As the previous Discovery Master has held, a party may not propound
14 | document requests as part of a fishing expedition or to discover new claims. Rivera
15 | v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not
16 | condone the use of discovery to engage in 'fishing expeditions.'"). MGA has made
17 | no showing whatsoever that the communications sought – literally all
18 | communications between a group of Mattel-affiliated individuals and such broad
19 | categories of correspondents as "the public" and "any United States governmental
20 | unit or agency" that mention the Bratz concept – is at all related to the Phase 2
21 | issues. There is simply no connection between this broad category and any
22 | articulated claim or defense. The Request seeks information well outside the
23 | bounds of the pleadings in this case and is wholly irrelevant.

24 | Additionally, MGA failed to meet and confer in good faith regarding
25 | this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1,
26 | dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
27 | party shall first identify each dispute, state the relief sought and identify the
28 | authority supporting the requested relief in a meet and confer letter that shall be

1    served on all parties by facsimile or electronic mail. The parties shall have five court
2    days from the date of service of that letter to conduct an in-person conference to
3    attempt to resolve the dispute."). At no point during the meet and confer process did
4    MGA articulate a valid basis for which this Request could be considered relevant to
5    Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is
6    simply not true; MGA never initiated any dialogue about this Request or Mattel's
7    response in the first place. The Discovery Master should deny MGA's motion with
8    respect to this Request on that grounds alone.

9    　　　　The motion is also moot. As MGA has admitted in correspondence
10   going back to 2007[950], Mattel has produced and continues to produce documents that
11   are responsive to this Request. As to the actual production of relevant documents,
12   there is no dispute and indeed had been no dispute for years, as MGA well knows,
13   and this issue could have been resolved without motion practice if MGA had
14   completed the meet and confer process in good faith.

15   　　　　The Request is also entirely duplicative of prior discovery served by
16   Carter Bryant as well as subsequent discovery served by MGA. ███████

17   ████████████████████████████████████████████

18   ████████████████████████████████████████████

19   ████████      It is highly dubious for MGA to claim, at this stage of the litigation,
20   that there remain unproduced relevant materials on this subject in Mattel's
21   possession, when over *two years ago* MGA wrote a letter admitting that this set of

22

23

24

25   [950] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
26   Dec., Exh. 43.

27   ████████████████████████████████████████████

28

1   requests was duplicative and that Mattel had produced relevant documents in
2   response.[952]

3          Further, prior Orders entered in this case -- at MGA's urging -- make
4   very clear that a Request that seeks all documents relating to such a wide and
5   amorphous category as documents that might relate to efforts that would cause, in
6   any way, a negative financial impact Bratz products are clearly overbroad. As the
7   prior Discovery Master held in denying a motion to compel on what was a less
8   expansively worded Request, "this category of requests is clearly overbroad,
9   requiring production of documents that merely mention MGA, Larian, Bratz or
10  other MGA products, regardless of whether or not they have anything to do with the
11  claims or defenses in this case."[953]  Similarly, the prior Discovery Master has denied
12  motions to compel on Requests for "documents referring or relating to MGA's
13  business dealings, without specifying any products or other subject matter
14  limitations" because such Requests are grossly overbroad.[954]  Here, the documents
15  could include wholly unrelated financial investments. For instance, if a Mattel
16  employee invested in a company that competed with Bratz (or even any other
17  company involved in a supply relationship related to the manufacture of the Bratz
18  products) documents mentioning that investment in any way would, under the
19  language of this Request, be discoverable. This is patently absurd.

20         There is no basis for overruling Mattel's privilege objection. MGA's
21  bald assertion that "this request does not seek information protected by the attorney-
22  client privilege, the attorney work product doctrine, or any other applicable
23  privilege" has no merit. Documents responsive to this Request could very well be

---

25  [952]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
26  Dec., Exh. 43.
    [953]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,
27  dated May 22, 2007, Dart Dec., Exh. 5.

00505.07975/3161896.1

1  subject to a claim of privilege or work product protection.  Despite MGA's claim to
2  the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA
3  has itself argued, the parties have agreed that "all privileged documents would be
4  logged except for documents created after this action was filed on April 27, 2004."
5  Thus, to the extent privileged documents fall within the post lawsuit time period,
6  they need not be included on Mattel's log.

7          Even to the extent that this Request seeks documents relevant to *Phase*
8  *1*,  Mattel produced all relevant, responsive, non-privileged documents during the
9  Phase 1 discovery period.   Finally, MGA takes issue with Mattel imposing any
10 temporal limitations on its production based on the filing of MGA's complaint.  ███

11 ████████████████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████████████████
13 ███████████████████████████████  MGA offers no reason, nor could
14 it consistent with judicial estoppel, why documents post-dating the filing of claims
15 which do not allege continuing wrongdoing are relevant to those claims.

16
17
18  ───────────────
   [954] Id.
19 ████████████████████████████████████████████████████████████████
20 ████████████████████████████████████████████████████████████████
21 ████████████████████████████████████████████████████████████████
22 ███████████████████████████████  In finding that "there has been
23 no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
   calculated to lead to the discovery of admissible evidence regarding the RICO
24 counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
25 other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
   than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
26 into existence – and therefore apparently did not encompass the activities or the
27 transactions which are the subject of the Financing Discovery."  Discovery Matter
   Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.
28

**REQUEST FOR PRODUCTION NO. 64:**

All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards mentioning, referring or relating to the BRATZ PACK.

**RESPONSE TO REQUEST NO. 64:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all communications in Mattel's possession, custody and control from eight different Mattel officers and employees and former officers and employees to a large number of third parties, without limitation as to time or subject matter, including documents that are publicly available and therefore equally available to MGA, and regardless of whether the communications relate to the conduct at issue in this lawsuit. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel.

# MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses documents in response to this request, resting on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to **why** this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek communications from specific Mattel personnel relating to Bratz.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is

1   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

2   has engaged in a broad variety of unfair trade practices, from serial copying of

3   MGA products, to threatening retailers and suppliers to cease doing business with

4   MGA, to intimidating employees and industry groups in order to prevent MGA from

5   fairly competing.  MGA is entitled to discovery on these claims, and this request

6   seeks communications reasonably calculated to support or refute these claims.

7          This request does not seek documents protected by the attorney-client

8   privilege, the attorney work product doctrine, or other applicable privileges.  To the

9   extent that Mattel contends that it does, Mattel must provide a privilege log.

10         Mattel objects that the request contains confidential/proprietary/trade

11  secret information.  A Protective Order exists in this case, obviating any concern as

12  to protection of privacy rights and/or commercially sensitive information.

13         Mattel objects that the request is duplicative or subsumed within prior

14  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

15  agree to produce responsive non-privileged documents is not proper based on this

16  objection.

17         None of Mattel's improper objections are valid and Mattel is obligated

18  to produce all non-privileged responsive documents in its possession, custody, or

19  control.

20  **MATTEL'S RESPONSE:**

21         This Request seeks a broad range of irrelevant information,

22  specifically, all communications between numerousMattel-affiliated individuals and

23  a host of entities including media buyer representatives, the press, the public, and

24  foreign governments without time limitation.  The only limitation as to subject

25  matter is that the communications mention, refer, or relate to BRATZPACK.  MGA

26  and Mattel are large multinational corporations and direct competitors; accordingly,

27  each company will have generated a huge range of documents "relating to" the

28  other's product lines, the vast majority of which are completely irrelevant to the

1  Phase 2 claims.  Insomuch as it would incorporate the entirety of a vast number of
2  additional Requests MGA has served in this action, it is also duplicative.  Inasmuch
3  as MGA merely seeks discovery in order to upend Phase 1 rulings, the Request is
4  clearly irrelevant.

5          MGA   must   establish   that   its   discovery   meets   the   relevance
6  requirements  of  Rule  26(b)(1),  which  clearly  states  that  discovery  must  be
7  "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
8  not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are
9  relevant to Phase 2 issues.  "A trial court has a duty, of special significance in
10  lengthy and complex cases where the possibility of abuse is always present, to
11  supervise and limit discovery to protect parties and witnesses from annoyance and
12  excessive expense."  <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>
13  <u>also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133
14  n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL
15  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
16  party may not propound document requests as part of a fishing expedition or to
17  discover new claims.  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)
18  ("District courts need not condone the use of discovery to engage in 'fishing
19  expeditions.'").

20          MGA has made no showing whatsoever that the communications
21  sought – literally <em>all</em> communications between a group of Mattel-affiliated
22  individuals and such broad categories of correspondents as "the public" and "any
23  United States governmental unit or agency" that mention the Bratz concept – is at all
24  related to the Phase 2 issues.  There is simply no connection between this broad
25  category and any articulated claim or defense.  The Request seeks information well
26  outside the bounds of the pleadings in this case and is wholly irrelevant.

27          Additionally, MGA failed to meet and confer in good faith regarding
28  this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master Order No. 1,

-513-

1  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
2  party shall first identify each dispute, state the relief sought and identify the
3  authority supporting the requested relief in a meet and confer letter that shall be
4  served on all parties by facsimile or electronic mail. The parties shall have five court
5  days from the date of service of that letter to conduct an in-person conference to
6  attempt to resolve the dispute."). At no point during the meet and confer process did
7  MGA articulate a valid basis for which this Request could be considered relevant to
8  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is
9  simply not true; MGA never initiated any dialogue about this Request or Mattel's
10  response in the first place.  The Discovery Master should deny MGA's motion with
11  respect to this Request on that grounds alone.

12         The motion is also moot.  As MGA has admitted in correspondence
13  going back to 2007[956], Mattel has produced and continues to produce documents that
14  are responsive to this Request.  As to the actual production of relevant documents,
15  there is no dispute and indeed had been no dispute for years, as MGA well knows,
16  and this issue could have been resolved without motion practice if MGA had
17  completed the meet and confer process in good faith.

18         The Request is also entirely duplicative of prior discovery served by
19  Carter Bryant as well as subsequent discovery served by MGA.  ▮▮▮▮▮▮
20  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22  ▮▮▮▮▮▮  It is highly dubious for MGA to claim, at this stage of the litigation,
23  that there remain unproduced relevant materials on this subject in Mattel's
24

25  [956]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
26  Dec., Exh. 43.

27  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
28  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

00505.07975/3161896.1

-514-

1    possession, when over *two years ago* MGA wrote a letter admitting that this set of
2    requests was duplicative and that Mattel had produced relevant documents in
3    response.[958]

4         Further, prior Orders entered in this case -- at MGA's urging -- make
5    very clear that a Request that seeks all documents relating to such a wide and
6    amorphous category as documents that might relate to efforts that would cause, in
7    any way, a negative financial impact BRATZPACK are clearly overbroad.  As the
8    prior Discovery Master held in denying a motion to compel on what was a less
9    expansively worded Request, "this category of requests is clearly overbroad,
10   requiring production of documents that merely mention MGA, Larian, Bratz or
11   other MGA products, regardless of whether or not they have anything to do with the
12   claims or defenses in this case."[959]  Similarly, the prior Discovery Master has denied
13   motions to compel on Requests for "documents referring or relating to MGA's
14   business dealings, without specifying any products or other subject matter
15   limitations" because such Requests are grossly overbroad.[960]  Here, the documents
16   could include wholly unrelated financial investments.  For instance, if a Mattel
17   employee invested in a company that competed with Bratz (or even any other
18   company involved in a supply relationship related to the manufacture of the Bratz
19   products) documents mentioning that investment in any way would, under the
20   language of this Request, be discoverable.  This is patently absurd.

21        MGA has made no showing whatsoever that BRATZPACK has
22   anything to do with the Phase 2 litigation.  MGA makes no reference to allegations

23

24   ────────────────────

25   [958]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
     Dec., Exh. 43.
26   [959]   See Order Granting in Part and Denying in Part MGA's Motion to Compel,
27   dated May 22, 2007, Dart Dec., Exh. 5.
     [960]   Id.
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  that Mattel committed any redressable harm related to BRATZPACK. The Request

2  is wholly irrelevant.

3  There is no basis for overruling Mattel's privilege objection. MGA's

4  bald assertion that "this request does not seek information protected by the attorney-

5  client privilege, the attorney work product doctrine, or any other applicable

6  privilege" has no merit. Documents responsive to this Request could very well be

7  subject to a claim of privilege or work product protection. Despite MGA's claim to

8  the contrary, Mattel has produced a privilege log in this action. Moreover, as MGA

9  has itself argued, the parties have agreed that "all privileged documents would be

10  logged except for documents created after this action was filed on April 27, 2004."

11  Thus, to the extent privileged documents fall within the post lawsuit time period,

12  they need not be included on Mattel's log.

13  Even to the extent that this Request seeks documents relevant to *Phase*

14  *1*, Mattel produced all relevant, responsive, non-privileged documents during the

15  Phase 1 discovery period. Finally, MGA takes issue with Mattel imposing any

16  temporal limitations on its production based on the filing of MGA's complaint. ███

17  ███████████████████████████████████████████████████████

18  ███████████████████████████████████████████████████████

19  ███████████████████████████████████  MGA offers no reason,

20  ──────────────────

21  ████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████

24  ████████████████████████████████  In finding that "there has been

25  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
calculated to lead to the discovery of admissible evidence regarding the RICO

26  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

27  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

28  (footnote continued)

1  nor could it consistent with judicial estoppel, why documents post-dating the filing

2  of claims which do not allege continuing wrongdoing are relevant to those claims.

3  **REQUEST FOR PRODUCTION NO. 65:**

4  All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata

5  Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry

6  Cleary to the public, retailers, the press, consumers, advertisers, media buyer

7  representatives, cable or broadcast television executives, the NPD Group, the Toy

8  Industry Association, any United States governmental unit or agency, any toy

9  industry organization whether foreign, domestic or international, any manufacturing

10  or children's safety compliance or watchdog organization, and any organization,

11  company, agency, entity or person involved in commercial or product safety

12  evaluation, ratings or awards mentioning, referring or relating to LIL' BRATZ.

13  **RESPONSE TO REQUEST NO. 65:**

14  In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request as overbroad and

16  unduly burdensome in that it seeks all communications in Mattel's possession,

17  custody and control from eight different Mattel officers and employees and former

18  officers and employees to a large number of third parties, without limitation as to

19  time or subject matter, including documents that are publicly available and therefore

20  equally available to MGA, and regardless of whether the communications relate to

21  the conduct at issue in this lawsuit. Mattel further objects to this Request on the

22  grounds that such discovery from Mattel is overbroad, unduly burdensome,

23  oppressive and not likely to the lead to the discovery of admissible evidence in that

24  Mattel's actions in relation to the "Bratz" line of products are not at issue in this

25

26  into existence – and therefore apparently did not encompass the activities or the

27  transactions which are the subject of the Financing Discovery." Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

1  action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are
2  the actions of defendants and third parties associated with defendants in connection
3  with the projects that defendant Bryant worked on with defendant MGA, which is
4  information known to and within the possession, custody and control of defendants
5  and their associated third parties, not Mattel.

6  ## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE
7  ## TO SHOULD BE COMPELLED

8  Mattel refuses documents in response to this request, resting on its
9  improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an
10 objection to part of a request must specify the part and permit inspection of the rest."
11 Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an
12 objection with specificity are routinely rejected in the Central District.  See A.
13 Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
14 or boilerplate objections such as 'overly burdensome and harassing' are improper –
15 especially when a party fails to submit any evidentiary declarations supporting such
16 objections").  Accordingly, Mattel must be compelled either to certify that it has
17 produced all non-privileged responsive documents or to produce all such documents
18 by a date certain.

19 To the extent that Mattel is relying on its blanket objections, they are
20 not sustainable and do not justify Mattel's failure to produce documents.

21 As to overbreadth, Mattel provides no explanation, let alone the
22 required particularity, as to *why* this request is supposedly overly broad, nor can it
23 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
24 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
25 contrary, the request is narrowly tailored to seek communications from specific
26 Mattel personnel relating to Bratz.

27 As to burden, Mattel has not attempted to demonstrate why responding
28 to this request and/or producing responsive documents presents any burden.  This

00505.07975/3161896.1

-518-

1  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

2  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3  request is unduly burdensome must allege specific facts which indicate the nature

4  and extent of the burden, usually by affidavit or other reliable evidence.")

5  Moreover, it is not unduly burdensome, as noted above, in that the request is

6  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7  has engaged in a broad variety of unfair trade practices, from serial copying of

8  MGA products, to threatening retailers and suppliers to cease doing business with

9  MGA, to intimidating employees and industry groups in order to prevent MGA from

10  fairly competing.  MGA is entitled to discovery on these claims, and this request

11  seeks communications reasonably calculated to support or refute these claims.

12      This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      Mattel objects that the request contains confidential/proprietary/trade

16  secret information.  A Protective Order exists in this case, obviating any concern as

17  to protection of privacy rights and/or commercially sensitive information.

18      Mattel objects that the request is duplicative or subsumed within prior

19  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

20  agree to produce responsive non-privileged documents is not proper based on this

21  objection.

22      None of Mattel's improper objections are valid and Mattel is obligated

23  to produce all non-privileged responsive documents in its possession, custody, or

24  control.

25  **MATTEL'S RESPONSE:**

26      This Request seeks a broad range of irrelevant information,

27  specifically, all communications between numerousMattel-affiliated individuals and

28  a host of entities including media buyer representatives, the press, the public, and

foreign governments without time limitation. The only limitation as to subject matter is that the communications mention, refer, or relate to LIL' BRATZ. MGA and Mattel are large multinational corporations and direct competitors; accordingly, each company will have generated a huge range of documents "relating to" the other's product lines, the vast majority of which are completely irrelevant to the Phase 2 claims. Insomuch as it would incorporate the entirety of a vast number of additional Requests MGA has served in this action, it is also duplicative. Inasmuch as MGA merely seeks discovery in order to upend Phase 1 rulings, the Request is clearly irrelevant.

MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1), which clearly states that discovery must be "reasonably calculated to lead to the discovery of admissible evidence." MGA has not sufficiently explained how all documents relating to the "Bratz Concept" are relevant to Phase 2 issues. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

MGA has made no showing whatsoever that the communications sought — literally all communications between a group of Mattel-affiliated individuals and such broad categories of correspondents as "the public" and "any United States governmental unit or agency" that mention the Bratz concept — is at all

1  related to the Phase 2 issues.  There is simply no connection between this broad

2  category and any articulated claim or defense.  The Request seeks information well

3  outside the bounds of the pleadings in this case and is wholly irrelevant.

4  　　　　Additionally, MGA failed to meet and confer in good faith regarding

5  this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,

6  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

7  party shall first identify each dispute, state the relief sought and identify the

8  authority supporting the requested relief in a meet and confer letter that shall be

9  served on all parties by facsimile or electronic mail. The parties shall have five court

10 days from the date of service of that letter to conduct an in-person conference to

11 attempt to resolve the dispute.").  At no point during the meet and confer process did

12 MGA articulate a valid basis for which this Request could be considered relevant to

13 Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

14 simply not true; MGA never initiated any dialogue about this Request or Mattel's

15 response in the first place.  The Discovery Master should deny MGA's motion with

16 respect to this Request on that grounds alone.

17 　　　　The motion is also moot.  As MGA has admitted in correspondence

18 going back to 2007[962], Mattel has produced and continues to produce documents that

19 are responsive to this Request.  As to the actual production of relevant documents,

20 there is no dispute and indeed had been no dispute for years, as MGA well knows,

21 and this issue could have been resolved without motion practice if MGA had

22 completed the meet and confer process in good faith.

23 　　　　The Request is also entirely duplicative of prior discovery served by

24 Carter Bryant as well as subsequent discovery served by MGA. ▇▇▇▇▇

25 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

26

27

28

1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2 ▮▮▮▮▮▮▮▮▮▮ It is highly dubious for MGA to claim, at this stage of the litigation,

3 that there remain unproduced relevant materials on this subject in Mattel's

4 possession, when over *two years ago* MGA wrote a letter admitting that this set of

5 requests was duplicative and that Mattel had produced relevant documents in

6 response.[964]

7 Further, prior Orders entered in this case -- at MGA's urging -- make

8 very clear that a Request that seeks all documents relating to such a wide and

9 amorphous category as documents that might relate to efforts that would cause, in

10 any way, a negative financial impact LIL' BRATZ are clearly overbroad. As the

11 prior Discovery Master held in denying a motion to compel on what was a less

12 expansively worded Request, "this category of requests is clearly overbroad,

13 requiring production of documents that merely mention MGA, Larian, Bratz or

14 other MGA products, regardless of whether or not they have anything to do with the

15 claims or defenses in this case."[965] Similarly, the prior Discovery Master has denied

16 motions to compel on Requests for "documents referring or relating to MGA's

17 business dealings, without specifying any products or other subject matter

18 limitations" because such Requests are grossly overbroad.[966] Here, the documents

19 could include wholly unrelated financial investments. For instance, if a Mattel

20 employee invested in a company that competed with Bratz (or even any other

21 _____

22 [962] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart

23 Dec., Exh. 43.

24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25 [964] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

26 [965] See Order Granting in Part and Denying in Part MGA's Motion to Compel,

27 dated May 22, 2007, Dart Dec., Exh. 5.

[966] Id.

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  company involved in a supply relationship related to the manufacture of the Bratz
2  products) documents mentioning that investment in any way would, under the
3  language of this Request, be discoverable. This is patently absurd.

4          There is no basis for overruling Mattel's privilege objection.  MGA's
5  bald assertion that "this request does not seek information protected by the attorney-
6  client privilege, the attorney work product doctrine, or any other applicable
7  privilege" has no merit.  Documents responsive to this Request could very well be
8  subject to a claim of privilege or work product protection.  Despite MGA's claim to
9  the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA
10 has itself argued, the parties have agreed that "all privileged documents would be
11 logged except for documents created after this action was filed on April 27, 2004."
12 Thus, to the extent privileged documents fall within the post lawsuit time period,
13 they need not be included on Mattel's log.

14         Even to the extent that this Request seeks documents relevant to *Phase*
15 *1,*  Mattel produced all relevant, responsive, non-privileged documents during the
16 Phase 1 discovery period.  Finally, MGA takes issue with Mattel imposing any
17 temporal limitations on its production based on the filing of MGA's complaint. ■

18 ■
19 ■
20                                                      MGA offers no reason, nor could

21 _____

22 ■
23
24
25                                                    In finding that "there has been
   no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
26 calculated to lead to the discovery of admissible evidence regarding the RICO
27 counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
   other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
28     (footnote continued)

1  it consistent with judicial estoppel, why documents post-dating the filing of claims

2  which do not allege continuing wrongdoing are relevant to those claims.

3  **REQUEST FOR PRODUCTION NO. 66:**

4          All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata

5  Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry

6  Cleary to the public, retailers, the press, consumers, advertisers, media buyer

7  representatives, cable or broadcast television executives, the NPD Group, the Toy

8  Industry Association, any United States governmental unit or agency, any toy

9  industry organization whether foreign, domestic or international, any manufacturing

10  or children's safety compliance or watchdog organization, and any organization,

11  company, agency, entity or person involved in commercial or product safety

12  evaluation, ratings or awards mentioning, referring or relating to BRATZ PETZ.

13  **RESPONSE TO REQUEST NO. 66:**

14          In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request as overbroad and

16  unduly burdensome in that it seeks all communications in Mattel's possession,

17  custody and control from eight different Mattel officers and employees and former

18  officers and employees to a large number of third parties, without limitation as to

19  time or subject matter, including documents that are publicly available and therefore

20  equally available to MGA, and regardless of whether the communications relate to

21  the conduct at issue in this lawsuit. Mattel further objects to this Request on the

22  grounds that such discovery from Mattel is overbroad, unduly burdensome,

23  oppressive and not likely to the lead to the discovery of admissible evidence in that

24

25  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26  into existence – and therefore apparently did not encompass the activities or the

27  transactions which are the subject of the Financing Discovery." Discovery Matter

     Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

1  Mattel's actions in relation to the "Bratz" line of products are not at issue in this
2  action and are irrelevant to the claims and defenses in this suit. Rather, at issue are
3  the actions of defendants and third parties associated with defendants in connection
4  with the projects that defendant Bryant worked on with defendant MGA, which is
5  information known to and within the possession, custody and control of defendants
6  and their associated third parties, not Mattel.

7  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
8  **TO SHOULD BE COMPELLED**

9        Mattel refuses documents in response to this request, resting on its
10 improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an
11 objection to part of a request must specify the part and permit inspection of the rest."
12 Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an
13 objection with specificity are routinely rejected in the Central District.  See A.
14 Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
15 or boilerplate objections such as 'overly burdensome and harassing' are improper –
16 especially when a party fails to submit any evidentiary declarations supporting such
17 objections").  Accordingly, Mattel must be compelled either to certify that it has
18 produced all non-privileged responsive documents or to produce all such documents
19 by a date certain.

20        To the extent that Mattel is relying on its blanket objections, they are
21 not sustainable and do not justify Mattel's failure to produce documents.

22        As to overbreadth, Mattel provides no explanation, let alone the
23 required particularity, as to *why* this request is supposedly overly broad, nor can it
24 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
25 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
26 contrary, the request is narrowly tailored to seek communications from specific
27 Mattel personnel relating to Bratz.

28

1    As to burden, Mattel has not attempted to demonstrate why responding

2    to this request and/or producing responsive documents presents any burden.  This

3    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

4    173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5    request is unduly burdensome must allege specific facts which indicate the nature

6    and extent of the burden, usually by affidavit or other reliable evidence.")

7    Moreover, it is not unduly burdensome, as noted above, in that the request is

8    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9    has engaged in a broad variety of unfair trade practices, from serial copying of

10    MGA products, to threatening retailers and suppliers to cease doing business with

11    MGA, to intimidating employees and industry groups in order to prevent MGA from

12    fairly competing.  MGA is entitled to discovery on these claims, and this request

13    seeks communications reasonably calculated to support or refute these claims.

14    This request does not seek documents protected by the attorney-client

15    privilege, the attorney work product doctrine, or other applicable privileges.  To the

16    extent that Mattel contends that it does, Mattel must provide a privilege log.

17    Mattel objects that the request contains confidential/proprietary/trade

18    secret information.  A Protective Order exists in this case, obviating any concern as

19    to protection of privacy rights and/or commercially sensitive information.

20    Mattel objects that the request is duplicative or subsumed within prior

21    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

22    agree to produce responsive non-privileged documents is not proper based on this

23    objection.

24    None of Mattel's improper objections are valid and Mattel is obligated

25    to produce all non-privileged responsive documents in its possession, custody, or

26    control.

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

**MATTEL'S RESPONSE:**

This Request seeks a broad range of irrelevant information, specifically, all communications between numerousMattel-affiliated individuals and a host of entities including media buyer representatives, the press, the public, and foreign governments without time limitation. The only limitation as to subject matter is that the communications mention, refer, or relate to BRATZ PETZ. MGA and Mattel are large multinational corporations and direct competitors; accordingly, each company will have generated a huge range of documents "relating to" the other's product lines, the vast majority of which are completely irrelevant to the Phase 2 claims. Insomuch as it would incorporate the entirety of a vast number of additional Requests MGA has served in this action, it is also duplicative. Inasmuch as MGA merely seeks discovery in order to upend Phase 1 rulings, the Request is clearly irrelevant.

MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1), which clearly states that discovery must be "reasonably calculated to lead to the discovery of admissible evidence." MGA has not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are relevant to Phase 2 issues. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims. <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

-527-

1    MGA has made no showing whatsoever that the communications sought –
2    literally *all* communications between a group of Mattel-affiliated individuals and
3    such broad categories of correspondents as "the public" and "any United States
4    governmental unit or agency" that mention the Bratz concept – is at all related to the
5    Phase 2 issues. There is simply no connection between this broad category and any
6    articulated claim or defense. The Request seeks information well outside the
7    bounds of the pleadings in this case and is wholly irrelevant.

8         Additionally, MGA failed to meet and confer in good faith regarding
9    this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1,
10   dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
11   party shall first identify each dispute, state the relief sought and identify the
12   authority supporting the requested relief in a meet and confer letter that shall be
13   served on all parties by facsimile or electronic mail. The parties shall have five court
14   days from the date of service of that letter to conduct an in-person conference to
15   attempt to resolve the dispute."). At no point during the meet and confer process did
16   MGA articulate a valid basis for which this Request could be considered relevant to
17   Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is
18   simply not true; MGA never initiated any dialogue about this Request or Mattel's
19   response in the first place. The Discovery Master should deny MGA's motion with
20   respect to this Request on that grounds alone.

21        The motion is also moot. As MGA has admitted in correspondence
22   going back to 2007[968], Mattel has produced and continues to produce documents that
23   are responsive to this Request. As to the actual production of relevant documents,
24   there is no dispute and indeed had been no dispute for years, as MGA well knows,

25

26
_____

27   [968]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
     Dec., Exh. 43.
28

1   and this issue could have been resolved without motion practice if MGA had

2   completed the meet and confer process in good faith.

3          The Request is also entirely duplicative of prior discovery served by

4   Carter Bryant as well as subsequent discovery served by MGA.  ███████████

5   ████████████████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████████████████

7   ███████████        It is highly dubious for MGA to claim, at this stage of the litigation,

8   that there remain unproduced relevant materials on this subject in Mattel's

9   possession, when over *two years ago* MGA wrote a letter admitting that this set of

10  requests was duplicative and that Mattel had produced relevant documents in

11  response.[970]

12         Further, prior Orders entered in this case -- at MGA's urging -- make

13  very clear that a Request that seeks all documents relating to such a wide and

14  amorphous category as documents that might relate to efforts that would cause, in

15  any way, a negative financial impact BRATZPETZ are clearly overbroad.  As the

16  prior Discovery Master held in denying a motion to compel on what was a less

17  expansively worded Request, "this category of requests is clearly overbroad,

18  requiring production of documents that merely mention MGA, Larian, Bratz or

19  other MGA products, regardless of whether or not they have anything to do with the

20  claims or defenses in this case."[971]  Similarly, the prior Discovery Master has denied

21  motions to compel on Requests for "documents referring or relating to MGA's

22  business dealings, without specifying any products or other subject matter

23  _____

24  ████████████████████████████████████████████████████████████████

25  ███████████████████████████████████████████████

       [970]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart

26  Dec., Exh. 43.

27     [971]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,
    dated May 22, 2007, Dart Dec., Exh. 5.

28

1  limitations" because such Requests are grossly overbroad.[972]  Here, the documents
2  could include wholly unrelated financial investments.  For instance, if a Mattel
3  employee invested in a company that competed with Bratz (or even any other
4  company involved in a supply relationship related to the manufacture of the Bratz
5  products) documents mentioning that investment in any way would, under the
6  language of this Request, be discoverable. This is patently absurd.

7          There is no basis for overruling Mattel's privilege objection.  MGA's
8  bald assertion that "this request does not seek information protected by the attorney-
9  client privilege, the attorney work product doctrine, or any other applicable
10  privilege" has no merit.  Documents responsive to this Request could very well be
11  subject to a claim of privilege or work product protection.  Despite MGA's claim to
12  the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA
13  has itself argued, the parties have agreed that "all privileged documents would be
14  logged except for documents created after this action was filed on April 27, 2004."
15  Thus, to the extent privileged documents fall within the post lawsuit time period,
16  they need not be included on Mattel's log.

17          Even to the extent that this Request seeks documents relevant to *Phase
18  1*, Mattel produced all relevant, responsive, non-privileged documents during the
19  Phase 1 discovery period.  Finally, MGA takes issue with Mattel imposing any
20  temporal limitations on its production based on the filing of MGA's complaint.  ▆
21  ▆
22  ▆
23  ▆                                                        MGA offers no reason,
24
25  [972]  Id.
26  ▆
27  ▆
28  (footnote continued)

1   nor could it consistent with judicial estoppel, why documents post-dating the filing

2   of claims which do not allege continuing wrongdoing are relevant to those claims.

3   **REQUEST FOR PRODUCTION NO. 67:**

4          All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata

5   Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or jerry

6   Cleary to the public, retailers, the press, consumers, advertisers, media buyer

7   representatives, cable or broadcast television executives, the NPD Group, the Toy

8   Industry Association, any United States governmental unit or agency, any toy

9   industry organization whether foreign, domestic or international, any manufacturing

10  or children's safety compliance or watchdog organization, and any organization,

11  company, agency, entity or person involved in commercial or product safety

12  evaluation, ratings or awards mentioning, referring or relating to BRATZ BABYZ.

13  **RESPONSE TO REQUEST NO. 67:**

14         In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request as overbroad and

16  unduly burdensome in that it seeks all communications in Mattel's possession,

17  custody and control from eight different Mattel officers and employees and former

18  officers and employees to a large number of third parties, without limitation as to

19  time or subject matter, including documents that are publicly available and therefore

20

21

22                                                      In finding that "there has been

23  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

    calculated to lead to the discovery of admissible evidence regarding the RICO

24  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

25  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

    than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26  into existence – and therefore apparently did not encompass the activities or the

27  transactions which are the subject of the Financing Discovery." Discovery Matter

    Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

1   equally available to MGA, and regardless of whether the communications relate to
2   the conduct at issue in this lawsuit.  Mattel further objects to this Request on the
3   grounds that such discovery from Mattel is overbroad, unduly burdensome,
4   oppressive and not likely to the lead to the discovery of admissible evidence in that
5   Mattel's actions in relation to the "Bratz" line of products are not at issue in this
6   action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are
7   the actions of defendants and third parties associated with defendants in connection
8   with the projects that defendant Bryant worked on with defendant MGA, which is
9   information known to and within the possession, custody and control of defendants
10  and their associated third parties, not Mattel.

11  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
12  **TO SHOULD BE COMPELLED**

13  Mattel refuses documents in response to this request, resting on its
14  improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an
15  objection to part of a request must specify the part and permit inspection of the rest."
16  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an
17  objection with specificity are routinely rejected in the Central District.  See A.
18  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
19  or boilerplate objections such as 'overly burdensome and harassing' are improper –
20  especially when a party fails to submit any evidentiary declarations supporting such
21  objections").  Accordingly, Mattel must be compelled either to certify that it has
22  produced all non-privileged responsive documents or to produce all such documents
23  by a date certain.

24  To the extent that Mattel is relying on its blanket objections, they are
25  not sustainable and do not justify Mattel's failure to produce documents.

26  As to overbreadth, Mattel provides no explanation, let alone the
27  required particularity, as to *why* this request is supposedly overly broad, nor can it
28  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

1  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2  contrary, the request is narrowly tailored to seek communications from specific

3  Mattel personnel relating to Bratz.

4         As to burden, Mattel has not attempted to demonstrate why responding

5  to this request and/or producing responsive documents presents any burden.  This

6  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

7  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8  request is unduly burdensome must allege specific facts which indicate the nature

9  and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

12  has engaged in a broad variety of unfair trade practices, from serial copying of

13  MGA products, to threatening retailers and suppliers to cease doing business with

14  MGA, to intimidating employees and industry groups in order to prevent MGA from

15  fairly competing.  MGA is entitled to discovery on these claims, and this request

16  seeks communications reasonably calculated to support or refute these claims.

17         This request does not seek documents protected by the attorney-client

18  privilege, the attorney work product doctrine, or other applicable privileges.  To the

19  extent that Mattel contends that it does, Mattel must provide a privilege log.

20         Mattel objects that the request contains confidential/proprietary/trade

21  secret information.  A Protective Order exists in this case, obviating any concern as

22  to protection of privacy rights and/or commercially sensitive information.

23         Mattel objects that the request is duplicative or subsumed within prior

24  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

25  agree to produce responsive non-privileged documents is not proper based on this

26  objection.

27

28

1    None of Mattel's improper objections are valid and Mattel is obligated
2  to produce all non-privileged responsive documents in its possession, custody, or
3  control.

4  **MATTEL'S RESPONSE:**

5    This Request seeks a broad range of irrelevant information,
6  specifically, all communications between numerousMattel-affiliated individuals and
7  a host of entities including media buyer representatives, the press, the public, and
8  foreign governments without time limitation.  The only limitation as to subject
9  matter is that the communications mention, refer, or relate to BRATZBABYZ.
10 MGA and Mattel are large multinational corporations and direct competitors;
11 accordingly, each company will have generated a huge range of documents "relating
12 to" the other's product lines, the vast majority of which are completely irrelevant to
13 the Phase 2 claims.  Insomuch as it would incorporate the entirety of a vast number
14 of additional Requests MGA has served in this action, it is also duplicative.
15 Inasmuch as MGA merely seeks discovery in order to upend Phase 1 rulings, the
16 Request is clearly irrelevant.

17    MGA must establish that its discovery meets the relevance requirements of
18 Rule 26(b)(1), which clearly states that discovery must be "reasonably calculated to
19 lead to the discovery of admissible evidence."  MGA has not sufficiently explained
20 how all documents relating to the "Bratz Concept" are relevant to Phase 2 issues.
21 "A trial court has a duty, of special significance in lengthy and complex cases where
22 the possibility of abuse is always present, to supervise and limit discovery to protect
23 parties and witnesses from annoyance and excessive expense."  Dolgow v.
24 Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan
25 American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);
26 Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)
27 (same).  As the previous Discovery Master has held, a party may not propound
28 document requests as part of a fishing expedition or to discover new claims.  Rivera

1   v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not

2   condone the use of discovery to engage in 'fishing expeditions.'").  MGA has made

3   no showing whatsoever that BRATZBABYZ has anything to do with the Phase 2

4   litigation.   MGA makes no reference to allegations that Mattel committed any

5   redressable harm related to BRATZBABYZ. The Request is wholly irrelevant.

6           MGA has made no showing whatsoever that the communications

7   sought – literally *all* communications between a group of Mattel-affiliated

8   individuals and such broad categories of correspondents as "the public" and "any

9   United States governmental unit or agency" – is at all related to the Phase 2 issues.

10  There is simply no connection between this broad category and any articulated claim

11  or defense.  The Request seeks information well outside the bounds of the pleadings

12  in this case and is wholly irrelevant.

13          Additionally, MGA failed to meet and confer in good faith regarding

14  this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1,

15  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

16  party shall first identify each dispute, state the relief sought and identify the

17  authority supporting the requested relief in a meet and confer letter that shall be

18  served on all parties by facsimile or electronic mail. The parties shall have five court

19  days from the date of service of that letter to conduct an in-person conference to

20  attempt to resolve the dispute.").  At no point during the meet and confer process did

21  MGA articulate a valid basis for which this Request could be considered relevant to

22  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

23  simply not true; MGA never initiated any dialogue about this Request or Mattel's

24  response in the first place.  The Discovery Master should deny MGA's motion with

25  respect to this Request on that grounds alone.

26

27

28

1       The motion is also moot.  As MGA has admitted in correspondence

2  going back to 2007[974], Mattel has produced and continues to produce documents that

3  are responsive to this Request.  As to the actual production of relevant documents,

4  there is no dispute and indeed had been no dispute for years, as MGA well knows,

5  and this issue could have been resolved without motion practice if MGA had

6  completed the meet and confer process in good faith.

7       The Request is also entirely duplicative of prior discovery served by

8  Carter Bryant as well as subsequent discovery served by MGA.  ■■■■■■

9  ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

10  ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

11  ■■■■■■  It is highly dubious for MGA to claim, at this stage of the litigation,

12  that there remain unproduced relevant materials on this subject in Mattel's

13  possession, when over *two years ago* MGA wrote a letter admitting that this set of

14  requests was duplicative and that Mattel had produced relevant documents in

15  response.[976]

16       Further, prior Orders entered in this case -- at MGA's urging -- make

17  very clear that a Request that seeks all documents relating to such a wide and

18  amorphous category as documents that might relate to efforts that would cause, in

19  any way, a negative financial impact BRATZBABYZ are clearly overbroad.  As the

20  prior Discovery Master held in denying a motion to compel on what was a less

21  expansively worded Request, "this category of requests is clearly overbroad,

22  requiring production of documents that merely mention MGA, Larian, Bratz or

---

24  [974]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart

25  Dec., Exh. 43.

26  ■■■■■■■■■■■■■■■■■■■■■■■■■■■■

27  [976]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart

    Dec., Exh. 43.

00505.07975/3161896.1

1    other MGA products, regardless of whether or not they have anything to do with the
2    claims or defenses in this case."[977]  Similarly, the prior Discovery Master has denied
3    motions to compel on Requests for "documents referring or relating to MGA's
4    business dealings, without specifying any products or other subject matter
5    limitations" because such Requests are grossly overbroad.[978]  Here, the documents
6    could include wholly unrelated financial investments.  For instance, if a Mattel
7    employee invested in a company that competed with Bratz (or even any other
8    company involved in a supply relationship related to the manufacture of the Bratz
9    products) documents mentioning that investment in any way would, under the
10   language of this Request, be discoverable.  This is patently absurd.

11        There is no basis for overruling Mattel's privilege objection.  MGA's
12   bald assertion that "this request does not seek information protected by the attorney-
13   client privilege, the attorney work product doctrine, or any other applicable
14   privilege" has no merit.  Documents responsive to this Request could very well be
15   subject to a claim of privilege or work product protection.  Despite MGA's claim to
16   the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA
17   has itself argued, the parties have agreed that "all privileged documents would be
18   logged except for documents created after this action was filed on April 27, 2004."
19   Thus, to the extent privileged documents fall within the post lawsuit time period,
20   they need not be included on Mattel's log.

21        Even to the extent that this Request seeks documents relevant to *Phase 1*,
22   Mattel produced all relevant, responsive, non-privileged documents during the
23   Phase 1 discovery period.  Finally, MGA takes issue with Mattel imposing any
24   temporal limitations on its production based on the filing of MGA's complaint.  █

25

26   [977]   See Order Granting in Part and Denying in Part MGA's Motion to Compel,
27   dated May 22, 2007, Dart Dec., Exh. 5.
     [978]   Id.
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ████████████████████████████████████████████████

2 ████████████████████████████████████████████████

3 ██████████████████████████████████ MGA offers no reason,

4 nor could it consistent with judicial estoppel, why documents post-dating the filing

5 of claims which do not allege continuing wrongdoing are relevant to those claims.

6 **REQUEST FOR PRODUCTION NO. 68:**

7       All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata

8 Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry

9 Cleary to the public, retailers, the press, consumers, advertisers, media buyer

10 representatives, cable or broadcast television executives, the NPD Group, the Toy

11 Industry Association, any United States governmental unit or agency, any toy

12 industry organization whether foreign, domestic or international, any manufacturing

13 or children's safety compliance or watchdog organization, and any organization,

14 company, agency, entity or person involved in commercial or product safety

15 evaluation, ratings or awards mentioning, referring or relating to BRATZ BOYZ.

16

17

18 _____

19 ████████████████████████████████████████████████

20 ████████████████████████████████████████████████

21 ████████████████████████████████████████████████

22 ██████████████████████████ In finding that "there has been

23 no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
calculated to lead to the discovery of admissible evidence regarding the RICO

24 counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

25 than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26 into existence – and therefore apparently did not encompass the activities or the

27 transactions which are the subject of the Financing Discovery." Discovery Matter
Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

**RESPONSE TO REQUEST NO. 68:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all communications in Mattel's possession, custody and control from eight different Mattel officers and employees and former officers and employees to a large number of third parties, without limitation as to time or subject matter, including documents that are publicly available and therefore equally available to MGA, and regardless of whether the communications relate to the conduct at issue in this lawsuit. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses documents in response to this request, resting on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has

1 | produced all non-privileged responsive documents or to produce all such documents
2 | by a date certain.

3 |       To the extent that Mattel is relying on its blanket objections, they are
4 | not sustainable and do not justify Mattel's failure to produce documents.

5 |       As to overbreadth, Mattel provides no explanation, let alone the
6 | required particularity, as to *why* this request is supposedly overly broad, nor can it
7 | do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9 | contrary, the request is narrowly tailored to seek communications from specific
10 | Mattel personnel relating to Bratz.

11 |       As to burden, Mattel has not attempted to demonstrate why responding
12 | to this request and/or producing responsive documents presents any burden. This
13 | objection must therefore be rejected. <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.,</u>
14 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
15 | request is unduly burdensome must allege specific facts which indicate the nature
16 | and extent of the burden, usually by affidavit or other reliable evidence.")
17 | Moreover, it is not unduly burdensome, as noted above, in that the request is
18 | narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
19 | has engaged in a broad variety of unfair trade practices, from serial copying of
20 | MGA products, to threatening retailers and suppliers to cease doing business with
21 | MGA, to intimidating employees and industry groups in order to prevent MGA from
22 | fairly competing. MGA is entitled to discovery on these claims, and this request
23 | seeks communications reasonably calculated to support or refute these claims.

24 |       This request does not seek documents protected by the attorney-client
25 | privilege, the attorney work product doctrine, or other applicable privileges. To the
26 | extent that Mattel contends that it does, Mattel must provide a privilege log.

27 |
28 |

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    Mattel objects that the request contains confidential/proprietary/trade
2    secret information.  A Protective Order exists in this case, obviating any concern as
3    to protection of privacy rights and/or commercially sensitive information.

4    Mattel objects that the request is duplicative or subsumed within prior
5    requests but does not identify the allegedly duplicative requests.  Mattel's failure to
6    agree to produce responsive non-privileged documents is not proper based on this
7    objection.

8    None of Mattel's improper objections are valid and Mattel is obligated
9    to produce all non-privileged responsive documents in its possession, custody, or
10   control.

11   **MATTEL'S RESPONSE:**

12   This Request seeks a broad range of irrelevant information,
13   specifically, all communications between numerousMattel-affiliated individuals and
14   a host of entities including media buyer representatives, the press, the public, and
15   foreign governments without time limitation.   The only limitation as to subject
16   matter is that the communications mention, refer, or relate to BRATZBOYZ.  MGA
17   and Mattel are large multinational corporations and direct competitors; accordingly,
18   each company will have generated a huge range of documents "relating to" the
19   other's product lines, the vast majority of which are completely irrelevant to the
20   Phase 2 claims.  Insomuch as it would incorporate the entirety of a vast number of
21   additional Requests MGA has served in this action, it is also duplicative.  Inasmuch
22   as MGA merely seeks discovery in order to upend Phase 1 rulings, the Request is
23   clearly irrelevant.

24   MGA must establish that its discovery meets the relevance
25   requirements of Rule 26(b)(1), which clearly states that discovery must be
26   "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
27   not sufficiently explained how all documents relating to the "Bratz Concept" are
28   relevant to Phase 2 issues.  "A trial court has a duty, of special significance in

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  lengthy and complex cases where the possibility of abuse is always present, to
2  supervise and limit discovery to protect parties and witnesses from annoyance and
3  excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>
4  <u>also Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133
5  n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL
6  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
7  party may not propound document requests as part of a fishing expedition or to
8  discover new claims.  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)
9  ("District courts need not condone the use of discovery to engage in 'fishing
10  expeditions.'").

11         MGA has made no showing whatsoever that BRATZBOYZ has
12  anything to do with the Phase 2 litigation.  MGA makes no reference to allegations
13  that Mattel committed any redressable harm related to BRATZBOYZ.  The Request
14  is wholly irrelevant.    MGA has made no showing whatsoever that the
15  communications sought – literally *all* communications between a group of Mattel-
16  affiliated individuals and such broad categories of correspondents as "the public"
17  and "any United States governmental unit or agency" – is at all related to the Phase
18  2 issues.   There is simply no connection between this broad category and any
19  articulated claim or defense.   The Request seeks information well outside the
20  bounds of the pleadings in this case and is wholly irrelevant.

21         Additionally, MGA failed to meet and confer in good faith regarding
22  this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master Order No. 1,
23  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
24  party shall first identify each dispute, state the relief sought and identify the
25  authority supporting the requested relief in a meet and confer letter that shall be
26  served on all parties by facsimile or electronic mail. The parties shall have five court
27  days from the date of service of that letter to conduct an in-person conference to
28  attempt to resolve the dispute.").  At no point during the meet and confer process did

1  MGA articulate a valid basis for which this Request could be considered relevant to
2  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is
3  simply not true; MGA never initiated any dialogue about this Request or Mattel's
4  response in the first place.  The Discovery Master should deny MGA's motion with
5  respect to this Request on that grounds alone.

6           The motion is also moot.  As MGA has admitted in correspondence
7  going back to 2007[980], Mattel has produced and continues to produce documents that
8  are responsive to this Request.  As to the actual production of relevant documents,
9  there is no dispute and indeed had been no dispute for years, as MGA well knows,
10  and this issue could have been resolved without motion practice if MGA had
11  completed the meet and confer process in good faith.

12           The Request is also entirely duplicative of prior discovery served by
13  Carter Bryant as well as subsequent discovery served by MGA.  ███████

14  ████████████████████████████████████████████████

15  ████████████████████████████████████████████████

16  ██████████  It is highly dubious for MGA to claim, at this stage of the litigation,
17  that there remain unproduced relevant materials on this subject in Mattel's
18  possession, when over *two years ago* MGA wrote a letter admitting that this set of
19  requests was duplicative and that Mattel had produced relevant documents in
20  response.[982]

21           Further, prior Orders entered in this case -- at MGA's urging -- make
22  very clear that a Request that seeks all documents relating to such a wide and

23  

24  [980]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
25  Dec., Exh. 43.

26  ████████████████████████████████████████████

27  [982]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
28  Dec., Exh. 43.

1   amorphous category as documents that might relate to efforts that would cause, in

2   any way, a negative financial impact BRATZBOYZ are clearly overbroad.  As the

3   prior Discovery Master held in denying a motion to compel on what was a less

4   expansively worded Request, "this category of requests is clearly overbroad,

5   requiring production of documents that merely mention MGA, Larian, Bratz or

6   other MGA products, regardless of whether or not they have anything to do with the

7   claims or defenses in this case."[983]  Similarly, the prior Discovery Master has denied

8   motions to compel on Requests for "documents referring or relating to MGA's

9   business dealings, without specifying any products or other subject matter

10  limitations" because such Requests are grossly overbroad.[984]  Here, the documents

11  could include wholly unrelated financial investments.  For instance, if a Mattel

12  employee invested in a company that competed with Bratz (or even any other

13  company involved in a supply relationship related to the manufacture of the Bratz

14  products) documents mentioning that investment in any way would, under the

15  language of this Request, be discoverable.  This is patently absurd.

16          There is no basis for overruling Mattel's privilege objection.  MGA's

17  bald assertion that "this request does not seek information protected by the attorney-

18  client privilege, the attorney work product doctrine, or any other applicable

19  privilege" has no merit.  Documents responsive to this Request could very well be

20  subject to a claim of privilege or work product protection.  Despite MGA's claim to

21  the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA

22  has itself argued, the parties have agreed that "all privileged documents would be

23  logged except for documents created after this action was filed on April 27, 2004."

24

25  _____

26  [983]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,
    dated May 22, 2007, Dart Dec., Exh. 5.

27  [984]  Id.

28

1  Thus, to the extent privileged documents fall within the post lawsuit time period,

2  they need not be included on Mattel's log.

3         Even to the extent that this Request seeks documents relevant to *Phase*

4  *1*, Mattel produced all relevant, responsive, non-privileged documents during the

5  Phase 1 discovery period.   Finally, MGA takes issue with Mattel imposing any

6  temporal limitations on its production based on the filing of MGA's complaint. ■

7  ████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████████

9  ████████████████████████████████ MGA offers no reason, nor could

10  it consistent with judicial estoppel, why documents post-dating the filing of claims

11  which do not allege continuing wrongdoing are relevant to those claims.

12  **REQUEST FOR PRODUCTION NO. 69:**

13         All DOCUMENTS discussing, mentioning, referring or relating to any

14  MATTEL desire, plan, idea, decision, goal, or objective to copy, imitate, replicate,

15  emulate, duplicate or mimic BRATZ.

16

17

18

19

20  ████████████████████████████████████████████████████████

21

22  ████████████████████████████████ In finding that "there has been

23  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably calculated to lead to the discovery of admissible evidence regarding the RICO

24  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

25  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26  into existence – and therefore apparently did not encompass the activities or the

27  transactions which are the subject of the Financing Discovery."   Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

**RESPONSE TO REQUEST NO. 69:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to "Bratz" are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as vague and ambiguous.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses to produce documents responsive to this request, resting on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are
2 not sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the
4 required particularity, as to **why** this request is supposedly overly broad, nor can it
5 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
6 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
7 contrary, the request is narrowly tailored to seek documents concerning Mattel's
8 desire or plan to copy Bratz, which is at the heart of MGA's unfair competition
9 allegations.

10    As to burden, Mattel has not attempted to demonstrate why responding
11 to this request and/or producing responsive documents presents any burden. This
12 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
13 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
14 request is unduly burdensome must allege specific facts which indicate the nature
15 and extent of the burden, usually by affidavit or other reliable evidence.")
16 Moreover, it is not unduly burdensome, as noted above, in that the request is
17 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
18 has engaged in a broad variety of unfair trade practices, including serial copying of
19 MGA products, including but not limited to Bratz. MGA is entitled to discovery on
20 these claims.

21    This request does not seek documents protected by the attorney-client
22 privilege, the attorney work product doctrine, or other applicable privileges. To the
23 extent that Mattel contends that it does, Mattel must provide a privilege log.

24    None of Mattel's improper objections are valid and Mattel is obligated
25 to produce all non-privileged responsive documents in its possession, custody, or
26 control.

27
28

**MATTEL'S RESPONSE:**

Additionally, MGA failed to meet and confer in good faith regarding this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). At no point during the meet and confer process did MGA articulate a valid basis for which this Request could be considered relevant to Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is simply not true; MGA never initiated any dialogue about this Request or Mattel's response in the first place. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

The motion is also moot. As MGA has admitted in correspondence going back to 2007[986], Mattel has produced and continues to produce documents that are responsive to this Request. As to the actual production of relevant documents, there is no dispute and indeed had been no dispute for years, as MGA well knows, and this issue could have been resolved without motion practice if MGA had completed the meet and confer process in good faith.

MGA's Request for all documents relating to any attempt to emulate Bratz reaches a broad range of irrelevant materials and materials covered by the attorney-client privilege and the attorney work product without limitation as to time, scope, or source. MGA and Mattel are large multinational corporations and direct competitors; accordingly, each company will have generated a huge range of

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  documents "relating to" the other, the vast majority of which are completely
2  irrelevant to the Phase 2 claims.  Both MGA and Mattel are legally permitted to
3  perform market research as to the success of their competitors products; the
4  existence of any such research, if any, is completely irrelevant to the claims and
5  issues in Phase 2.  Insomuch as it would incorporate the entirety of a vast number of
6  additional Requests MGA has served in this action, it is also duplicative.  Further,
7  inasmuch as the ownership of the intellectual property comprising of the Bratz dolls,
8  prior rulings in this case have already established that Mattel owns that intellectual
9  property.  Inasmuch as MGA merely seeks discovery in order to upend these rulings
10  in Phase 2, the Request is clearly irrelevant.

11         MGA must establish that its discovery meets the relevance
12  requirements of Rule 26(b)(1), which clearly states that discovery must be
13  "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
14  not sufficiently explained how all documents relating to the "Bratz Concept" are
15  relevant to Phase 2 issues.  "A trial court has a duty, of special significance in
16  lengthy and complex cases where the possibility of abuse is always present, to
17  supervise and limit discovery to protect parties and witnesses from annoyance and
18  excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
19  also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
20  n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
21  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
22  party may not propound document requests as part of a fishing expedition or to
23  discover new claims.  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)
24  ("District courts need not condone the use of discovery to engage in 'fishing
25  expeditions.'").

26  _____

27  [986]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart
28  (footnote continued)

The Request is also entirely duplicative of prior discovery served by Carter Bryant as well as subsequent discovery served by MGA. █████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████ MGA's claim, at this stage of the litigation, that there remain unproduced relevant materials on this subject in Mattel's possession is not credible. In fact, over *two years ago* MGA wrote a letter admitting that this set of requests was duplicative and that Mattel had produced relevant documents in response.[988]

Further, prior Orders entered in this case -- at MGA's urging -- make very clear that a Request that seeks all documents relating to such a wide and amorphous category as all documents relating to any attempt or effort to emulate Bratz is overbroad and improper. As the prior Discovery Master held in denying a motion to compel on what was a less expansively worded Request, "this category of requests is clearly overbroad, requiring production of documents that merely mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they have anything to do with the claims or defenses in this case."[989] Similarly, the prior Discovery Master has denied motions to compel on Requests for "documents referring or relating to MGA's business dealings, without specifying any products or other subject matter limitations" because such Requests are grossly overbroad.[990]

There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "this request does not seek information protected by the attorney-

---

Dec., Exh. 43.

██████████████████████████████████████████████████████████

[988] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.
[989] See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5.

1  client privilege, the attorney work product doctrine, or any other applicable

2  privilege" has no merit.  Documents responsive to this Request could very well be

3  subject to a claim of privilege or work product protection.  Despite MGA's claim to

4  the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA

5  has itself argued, the parties have agreed that "all privileged documents would be

6  logged except for documents created after this action was filed on April 27, 2004."

7  Thus, to the extent privileged documents fall within the post lawsuit time period,

8  they need not be included on Mattel's log.



990  Id.

992  Id. ¶ 9-11.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20          Finally, MGA takes issue with Mattel imposing any temporal

21   limitations on its production based on the filing of MGA's complaint.

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ████████████████████████████████████████

2 ████████████████████████████████████████

3 ███████████████████████████ MGA offers no reason, nor could it

4 consistent with judicial estoppel, why documents post-dating the filing of claims

5 which do not allege continuing wrongdoing are relevant to those claims.

6 **REQUEST FOR PRODUCTION NO. 70:**

7       All DOCUMENTS discussing, mentioning, referring or relating to any

8 MATTEL desire, plan, idea, decision, goal, or objective to copy, imitate, replicate,

9 emulate, duplicate or mimic any MGA PRODUCT with which BRYANT had any

10 involvement.

11 **RESPONSE TO REQUEST NO. 70:**

12       In addition to the general objections stated above which are

13 incorporated herein by reference, Mattel objects to this Request on the grounds that

14 such discovery from Mattel is overbroad, unduly burdensome, oppressive and not

15 likely to the lead to the discovery of admissible evidence in that Mattel's actions in

16 relation to the "Bratz" line of products are not at issue in this action and are

17 ———————————————

18 [1002]  Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,

19 Exh. 31.

20 ████████████████████████████████████████

21 ████████████████████████████████████████

22 ███████████████████████████ In finding that "there has been

23 no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
calculated to lead to the discovery of admissible evidence regarding the RICO

24 counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

25 than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26 into existence – and therefore apparently did not encompass the activities or the
transactions which are the subject of the Financing Discovery." Discovery Matter

27 Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

1  irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of
2  defendants and third parties associated with defendants in connection with the
3  projects that defendant Bryant worked on with defendant MGA, which is
4  information known to and within the possession, custody and control of defendants
5  and their associated third parties, not Mattel.  Mattel further objects to this Request
6  on the grounds that it calls for the disclosure of information subject to the attorney-
7  client privilege, the attorney work-product doctrine and other applicable privileges.
8  Mattel further objects to this Request as vague and ambiguous.

9  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
10 **TO SHOULD BE COMPELLED**

11        Mattel refuses to produce documents responsive to this request, resting
12 on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,
13 "an objection to part of a request must specify the part and permit inspection of the
14 rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis
15 for an objection with specificity are routinely rejected in the Central District.  See A.
16 Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
17 or boilerplate objections such as 'overly burdensome and harassing' are improper —
18 especially when a party fails to submit any evidentiary declarations supporting such
19 objections").  Accordingly, Mattel must be compelled either to certify that it has
20 produced all non-privileged responsive documents or to produce all such documents
21 by a date certain.

22        To the extent that Mattel is relying on its blanket objections, they are
23 not sustainable and do not justify Mattel's failure to produce documents.

24        As to overbreadth, Mattel provides no explanation, let alone the
25 required particularity, as to *why* this request is supposedly overly broad, nor can it
26 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
27 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
28 contrary, the request is narrowly tailored to seek documents concerning Mattel's

-555-

1   desire or plan to copy Bratz, which is at the heart of MGA's unfair competition
2   allegations.

3          As to burden, Mattel has not attempted to demonstrate why responding
4   to this request and/or producing responsive documents presents any burden.  This
5   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
6   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
7   request is unduly burdensome must allege specific facts which indicate the nature
8   and extent of the burden, usually by affidavit or other reliable evidence.")
9   Moreover, it is not unduly burdensome, as noted above, in that the request is
10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
11  has engaged in a broad variety of unfair trade practices, including serial copying of
12  MGA products, including but not limited to Bratz.  MGA is entitled to discovery on
13  these claims.

14         This request does not seek documents protected by the attorney-client
15  privilege, the attorney work product doctrine, or other applicable privileges.  To the
16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17         None of Mattel's improper objections are valid and Mattel is obligated
18  to produce all non-privileged responsive documents in its possession, custody, or
19  control.

20  **MATTEL'S RESPONSE:**

21         MGA's Request for all documents relating to any attempt to emulate
22  any MGA product with which Carter Bryant was involved reaches a broad range of
23  irrelevant materials and materials covered by the attorney-client privilege and the
24  attorney work product without limitation as to time, scope, or source.  Indeed, MGA
25  has taken every effort to shroud in secrecy Carter Bryant's work on its products;
26  MGA cannot burden Mattel with the task of uncovering information that MGA itself
27  has taken pains to hide.  MGA and Mattel are large multinational corporations and
28  direct competitors; accordingly, each company will have generated a huge range of

documents "relating to" the other, the vast majority of which are completely irrelevant to the Phase 2 claims.   Both MGA and Mattel are legally permitted to perform market research as to the success of their competitors products; the existence of any such research, if any, is completely irrelevant to the claims and issues in Phase 2.   Insomuch as it would incorporate the entirety of a vast number of additional Requests MGA has served in this action, it is also duplicative.   Further, inasmuch as the ownership of the intellectual property comprising of the Bratz dolls, prior rulings in this case have already established that Mattel owns that intellectual property.   Inasmuch as MGA merely seeks discovery in order to upend these rulings in Phase 2, the Request is clearly irrelevant.

MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1), which clearly states that discovery must be "reasonably calculated to lead to the discovery of admissible evidence."   MGA has not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are relevant to Phase 2 issues.   "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).   As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims. <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Additionally, MGA failed to meet and confer in good faith regarding this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

1 party shall first identify each dispute, state the relief sought and identify the
2 authority supporting the requested relief in a meet and confer letter that shall be
3 served on all parties by facsimile or electronic mail. The parties shall have five court
4 days from the date of service of that letter to conduct an in-person conference to
5 attempt to resolve the dispute."). At no point during the meet and confer process did
6 MGA articulate a valid basis for which this Request could be considered relevant to
7 Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is
8 simply not true; MGA never initiated any dialogue about this Request or Mattel's
9 response in the first place. The Discovery Master should deny MGA's motion with
10 respect to this Request on that grounds alone.

11       The motion is also moot. As MGA has admitted in correspondence
12 going back to 2007[1004], Mattel has produced and continues to produce documents
13 that are responsive to this Request. As to the actual production of relevant
14 documents, there is no dispute and indeed had been no dispute for years, as MGA
15 well knows, and this issue could have been resolved without motion practice if
16 MGA had completed the meet and confer process in good faith.

17       The Request is also entirely duplicative of prior discovery served by
18 Carter Bryant as well as subsequent discovery served by MGA. ███████
19 ████████████████████████████████████
20 ████████████████████████████████████
21 ██████ MGA's claim, at this stage of the litigation, that there remain
22 unproduced relevant materials on this subject in Mattel's possession is not credible.
23 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

25 [1004] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
26 Dart Dec., Exh. 43.
27 ███████████████████████████████

-558-

was duplicative and that Mattel had produced relevant documents in response.[1006]
Mattel has confirmed repeatedly that it has done and would continue to perform a reasonable search for Bryant documents, including, e.g., gathering documents from within Brant's work group, his personnel file, and other areas where responsive, non-privileged documents could reasonably be expected to exist.  All relevant, non-privileged documents uncovered have been produced.

Further, prior Orders entered in this case -- at MGA's urging -- make very clear that a Request that seeks all documents relating to such a wide and amorphous category as all documents relating to any attempt or effort to emulate MGA products is overbroad and improper.  As the prior Discovery Master held in denying a motion to compel on what was a less expansively worded Request, "this category of requests is clearly overbroad, requiring production of documents that merely mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they have anything to do with the claims or defenses in this case."[1007] Similarly, the prior Discovery Master has denied motions to compel on Requests for "documents referring or relating to MGA's business dealings, without specifying any products or other subject matter limitations" because such Requests are grossly overbroad.[1008]

There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege" has no merit.  Documents responsive to this Request could very well be subject to a claim of privilege or work product protection.  Despite MGA's claim to

---

[1006]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.
[1007]   See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5.

1  the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA

2  has itself argued, the parties have agreed that "all privileged documents would be

3  logged except for documents created after this action was filed on April 27, 2004."

4  Thus, to the extent privileged documents fall within the post lawsuit time period,

5  they need not be included on Mattel's log.



1008  Id.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1 ██████████████████████████████████████████████████

2 ████████████████████████████████████████████

3 ████████████████████████████████████████████████

4 ██████████████████████████████████████████████████

5 ██████████████████████████████████████████████████

6 ██████████████████████████████████████████████████

7 ██████████████████████████████████████████████████

8 ██████████████████████████████████████████████████

9 ██████████████████████████████████████████████████

10 ██████████████████████████████████████████████████

11 ██████████████████████████████████████████████████

12 ████████████████████████████████████████████████

13 ███

14 ██████████████████████████████████████████████

15 ████████████████████████████████████████████████

16 ████████████████████████████████████████████████

17 ████████████████████████████████████████

18   Finally, MGA takes issue with Mattel imposing any temporal

19 limitations on its production based on the filing of MGA's complaint. ██████

20 ██████████████████████████████████████████████████

21 ██████████████████████████████████████████████████

22 _____

23

24 ████

25 █

26 ██

27 ███

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1  ███████████████████████████████   MGA offers no reason, nor could it

2  consistent with judicial estoppel, why documents post-dating the filing of claims

3  which do not allege continuing wrongdoing are relevant to those claims.

4  **REQUEST FOR PRODUCTION NO. 71:**

5      All DOCUMENTS mentioning, discussing, referring or relating to any

6  BRATZ ITEM, which is dated or was authored or created before the date that the

7  BRATZ ITEM was first offered for sale in retail stores to the general public.

8  **RESPONSE TO REQUEST NO. 71:**

9      In addition to the general objections stated above which are

10 incorporated herein by reference, Mattel objects to this Request as vague and

11 ambiguous, including on the grounds that the term "Bratz Item" is not defined.

12 Mattel further objects to this Request on the grounds that it is overbroad and unduly

13 burdensome in that it seeks all documents in Mattel's possession, custody and

14 control mentioning, discussing, referring or relating to any undefined "Bratz Item"

15 that was created during some undefined time period that is known to MGA, and not

16 to Mattel.  Mattel further objects to this Request on the grounds that it is incomplete

17 in that Mattel does not know the dates that undefined "Bratz Items" were "first

18

19

20  ███████████████████████████████████████████████

21

22  ███████████████████████████████████   In finding that "there has been

23 no showing by Mattel that the Subpoenas to the Financing Entities are reasonably calculated to lead to the discovery of admissible evidence regarding the RICO

24 counterclaim," the Discovery Master noted that "the RICO counterclaim (like the other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

25 than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26 into existence – and therefore apparently did not encompass the activities or the transactions which are the subject of the Financing Discovery."  Discovery Matter

27 Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

1  offered for sale."   Mattel further objects to this Request on the grounds that such
2  discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely
3  to the lead to the discovery of admissible evidence in that Mattel's actions in relation
4  to the "Bratz" line of products are not at issue in this action and are irrelevant to the
5  claims and defenses in this suit.   Rather, at issue are the actions of defendants and
6  third parties associated with defendants in connection with the projects that
7  defendant Bryant worked on with defendant MGA, which is information known to
8  and within the possession, custody and control of defendants and their associated
9  third parties, not Mattel.   Mattel further objects to this Request on the grounds that it
10  calls for the disclosure of information subject to the attorney-client privilege, the
11  attorney work-product doctrine and other applicable privileges.

12  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
13  **TO SHOULD BE COMPELLED**

14  Mattel has not agreed to produce documents in response to this request,
15  subject to its improper boilerplate objections.   Mattel has refused to confirm whether
16  or not it has produced all non-privileged responsive documents or whether it is
17  withholding documents based on its objections in Phase 2.   Under the Federal Rules
18  of Civil Procedure, "an objection to part of a request must specify the part and
19  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).   Generic objections that
20  fail to explain the basis for an objection with specificity are routinely rejected in the
21  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
22  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
23  harassing' are improper − especially when a party fails to submit any evidentiary
24  declarations supporting such objections").   Accordingly, Mattel must be compelled
25  either to certify that it has produced all non-privileged responsive documents or to
26  produce all such documents by a date certain.

27  To the extent that Mattel is relying on its blanket objections, they are
28  not sustainable and do not justify Mattel's failure to produce documents.

-564-

1         As to overbreadth, Mattel provides no explanation, let alone the

2   required particularity, as to *why* this request is supposedly overly broad, nor can it

3   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

4   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5   contrary, the request is narrowly tailored to seek documents concerning BRATZ

6   ITEM dated or authored before the BRATZ ITEM was offered for sale to the public

7   that Mattel has in its possession, custody or control.

8         As to burden, Mattel has not attempted to demonstrate why responding

9   to this request and/or producing responsive documents presents any burden.  This

10  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

11  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12  request is unduly burdensome must allege specific facts which indicate the nature

13  and extent of the burden, usually by affidavit or other reliable evidence.")

14  Moreover, it is not unduly burdensome, as noted above, in that the request is

15  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16  has engaged in a broad variety of unfair trade practices including serial copying of

17  MGA products.  MGA is entitled to discovery on these claims.

18        This request does not seek documents protected by the attorney-client

19  privilege, the attorney work product doctrine, or other applicable privileges.  To the

20  extent that Mattel contends that it does, Mattel must provide a privilege log.

21        Mattel objects that the request contains confidential, proprietary and

22  trade secret information.  A Protective Order exists in this case, obviating any

23  concern as to protection of privacy rights and/or commercially sensitive

24  information.

25        Mattel objects that the request is duplicative or subsumed within prior

26  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

27  agree to produce responsive non-privileged documents is not proper based on this

28  objection.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1         Mattel objects that Mattel's actions in relation to the "Bratz" line of

2   products are not at issue in this action and are irrelevant to the claims and defenses

3   in this suit. Mattel cannot legitimately contend that Bratz is not at issue in Phase 2

4   of these consolidated proceedings. Discovery relating to Bratz is likely to lead to

5   admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

6   competition claim, Mattel's trade secret misappropriation claim, and both parties'

7   damages claims.

8         As for relevancy, Mattel has not attempted to demonstrate why the

9   information sought in response to this request is not discoverable in Phase 2. On the

10   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

11   product lines, including its BRATZ product line, packaging, themes, accessories,

12   and advertising. Mattel's "MY SCENE" is an example of one such accused Mattel

13   product line. Documents related to a BRATZ ITEM dated or created before the

14   BRATZ ITEM was offered for sale to the general public that are in Mattel's

15   possession, custody, or control are highly relevant to MGA's claims, including its

16   including its allegations of serial copying by Mattel, and are discoverable in Phase

17   2.

18         None of Mattel's improper objections are valid and Mattel is obligated

19   to produce all non-privileged responsive documents in its possession, custody, or

20   control.

21   **MATTEL'S RESPONSE:**

22         MGA's Request for all documents relating to any attempt to emulate

23   any MGA product with which Carter Bryant was involved reaches a broad range of

24   irrelevant materials and materials covered by the attorney-client privilege and the

25   attorney work product without limitation as to time, scope, or source. Indeed, MGA

26   has taken every effort to shroud in secrecy Carter Bryant's work on its products;

27   MGA cannot burden Mattel with the task of uncovering information that MGA itself

28   has taken pains to hide. MGA and Mattel are large multinational corporations and

00505.07975/3161896.1

-566-

direct competitors; accordingly, each company will have generated a huge range of documents "relating to" the other, the vast majority of which are completely irrelevant to the Phase 2 claims.   Both MGA and Mattel are legally permitted to perform market research as to the success of their competitors products; the existence of any such research, if any, is completely irrelevant to the claims and issues in Phase 2.   Insomuch as it would incorporate the entirety of a vast number of additional Requests MGA has served in this action, it is also duplicative.   Further, inasmuch as the ownership of the intellectual property comprising of the Bratz dolls, prior rulings in this case have already established that Mattel owns that intellectual property.   Inasmuch as MGA merely seeks discovery in order to upend these rulings in Phase 2, the Request is clearly irrelevant.

MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1), which clearly states that discovery must be "reasonably calculated to lead to the discovery of admissible evidence."   MGA has not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are relevant to Phase 2 issues.   "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).   As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.   <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Additionally, MGA failed to meet and confer in good faith regarding this Request prior to filing its Motion.   <u>See</u> Phase 2 Discovery Master Order No. 1,

1  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
2  party shall first identify each dispute, state the relief sought and identify the
3  authority supporting the requested relief in a meet and confer letter that shall be
4  served on all parties by facsimile or electronic mail. The parties shall have five court
5  days from the date of service of that letter to conduct an in-person conference to
6  attempt to resolve the dispute."). At no point during the meet and confer process did
7  MGA articulate a valid basis for which this Request could be considered relevant to
8  Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is
9  simply not true; MGA never initiated any dialogue about this Request or Mattel's
10 response in the first place. The Discovery Master should deny MGA's motion with
11 respect to this Request on that grounds alone.

12          The motion is also moot. As MGA has admitted in correspondence
13 going back to 2007[1022], Mattel has produced and continues to produce documents
14 that are responsive to this Request. As to the actual production of relevant
15 documents, there is no dispute and indeed had been no dispute for years, as MGA
16 well knows, and this issue could have been resolved without motion practice if
17 MGA had completed the meet and confer process in good faith.

18          The Request is also entirely duplicative of prior discovery served by
19 Carter Bryant as well as subsequent discovery served by MGA. █████
20 ████████████████████████████████████████████
21 ████████████████████████████████████████████
22 ████████████ MGA's claim, at this stage of the litigation, that there remain
23 unproduced relevant materials on this subject in Mattel's possession is not credible.

24

25    [1022]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
26 Dart Dec., Exh. 43.

27 ████████████████████████████████████████████
28

1  In fact, over *two years ago* MGA wrote a letter admitting that this set of requests
2  was duplicative and that Mattel had produced relevant documents in response.[1024]

3          Further, prior Orders entered in this case -- at MGA's urging -- make
4  very clear that a Request that seeks all documents relating to such a wide and
5  amorphous category as all documents relating to any attempt or effort to emulate
6  MGA products is overbroad and improper.  As the prior Discovery Master held in
7  denying a motion to compel on what was a less expansively worded Request, "this
8  category of requests is clearly overbroad, requiring production of documents that
9  merely mention MGA, Larian, Bratz or other MGA products, regardless of whether
10 or not they have anything to do with the claims or defenses in this case."[1025]
11 Similarly, the prior Discovery Master has denied motions to compel on Requests for
12 "documents referring or relating to MGA's business dealings, without specifying
13 any products or other subject matter limitations" because such Requests are grossly
14 overbroad.[1026]

15         There is no basis for overruling Mattel's privilege objection.  MGA's
16 bald assertion that "this request does not seek information protected by the attorney-
17 client privilege, the attorney work product doctrine, or any other applicable
18 privilege" has no merit.  Documents responsive to this Request could very well be
19 subject to a claim of privilege or work product protection.  Despite MGA's claim to
20 the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA
21 has itself argued, the parties have agreed that "all privileged documents would be
22 logged except for documents created after this action was filed on April 27, 2004."

23

24

---

[1024]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
Dart Dec., Exh. 43.
[1025]   See Order Granting in Part and Denying in Part MGA's Motion to Compel,
dated May 22, 2007, Dart Dec., Exh. 5.
[1026]   Id.

1    Thus, to the extent privileged documents fall within the post lawsuit time period,

2    they need not be included on Mattel's log.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-570-

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1



**REQUEST FOR PRODUCTION NO. 72:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between the BRATZ CONCEPT on the one hand and any idea, concept, creation, design, work, or intellectual property owned by YOU on the other, which YOU contend served, or may have served, as the idea, inspiration, source or origin for the BRATZ CONCEPT.

00505.07975/3161896.1
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

**RESPONSE TO REQUEST NO. 72:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, and other applicable privileges. Mattel further objects to this Request as overbroad and unduly burdensome on the ground that it seeks all documents in Mattel's possession, custody and control related to this topic, created by <u>anyone at any time,</u> and purports to require Mattel to identify, investigate and search for documents including newspaper articles and other publicly available materials which are equally available to MGA. Mattel further objects to this Request as vague and ambiguous, including but not limited to the term "Bratz Concept." Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the whether "images, drawings, pictures, sculpts, molds, prototypes and any other form of artwork" both predate the "First Bratz Dolls" and are "'Bratz'-related" are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and

1  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

2  fail to explain the basis for an objection with specificity are routinely rejected in the

3  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

4  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

5  harassing' are improper – especially when a party fails to submit any evidentiary

6  declarations supporting such objections"). Accordingly, Mattel must be compelled

7  either to certify that it has produced all non-privileged responsive documents or to

8  produce all such documents by a date certain.

9         To the extent that Mattel is relying on its blanket objections, they are

10 not sustainable and do not justify Mattel's failure to produce documents.

11        As to overbreadth, Mattel provides no explanation, let alone the

12 required particularity, as to *why* this request is supposedly overly broad, nor can it

13 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

14 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

15 contrary, the request is narrowly tailored to seek documents concerning any

16 similarities or differences between the BRATZ concept and any Mattel intellectual

17 property that Mattel contends served as an idea, inspiration, source or origin for the

18 BRATZ concept.

19        As to burden, Mattel has not attempted to demonstrate why responding

20 to this request and/or producing responsive documents presents any burden. This

21 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

22 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23 request is unduly burdensome must allege specific facts which indicate the nature

24 and extent of the burden, usually by affidavit or other reliable evidence.")

25 Moreover, it is not unduly burdensome, as noted above, in that the request is

26 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

27 has engaged in a broad variety of unfair trade practices including serial copying of

28 MGA products, including its BRATZ dolls. Mattel has also alleged a trade secret

1  misappropriation claim against MGA. MGA is entitled to discovery on its claims
2  and defenses.

3       This request does not seek documents protected by the attorney-client
4  privilege, the attorney work product doctrine, or other applicable privileges. To the
5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6       Mattel objects that the request is duplicative or subsumed within prior
7  requests but does not identify the allegedly duplicative requests. Mattel's failure to
8  agree to produce responsive non-privileged documents is not proper based on this
9  objection.

10       As for relevancy, Mattel has not attempted to demonstrate why the
11  information sought in response to this request is not discoverable in Phase 2. On the
12  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
13  product lines, including its BRATZ product line, packaging, themes, accessories,
14  and advertising. Mattel has also alleged a trade secret misappropriation claim
15  against MGA. Documents concerning any similarities or differences between the
16  BRATZ concept and any Mattel intellectual property that Mattel contends served as
17  an idea, inspiration, source or origin for the BRATZ concept are highly relevant to
18  MGA's serial copying claims and its defense against Mattel's trade secret
19  misappropriation claim.

20       None of Mattel's improper objections are valid and Mattel is obligated
21  to produce all non-privileged responsive documents in its possession, custody, or
22  control.

23  **MATTEL'S RESPONSE:**

24       MGA's Request for all documents relating to any comparison between
25  the "Bratz concept" and Mattel products includes a broad range of irrelevant
26  materials and materials covered by the attorney-client privilege and the attorney
27  work product without limitation as to time, scope, or source. MGA and Mattel are
28  large multinational corporations and direct competitors; accordingly, each company

-575-

1  will have generated a huge range of documents comparing products, majority of
2  which are completely irrelevant to the Phase 2 claims.  Both MGA and Mattel are
3  legally permitted to perform market research as to the success of their competitors
4  products; the existence of any such research, if any, is completely irrelevant to the
5  claims and issues in Phase 2.  Insomuch as it would incorporate the entirety of a vast
6  number of additional Requests MGA has served in this action, it is also duplicative.
7  Additionally, since it has already been determined that Mattel owned the Bratz
8  concept, MGA is effectively seeking documents that compare intellectual property
9  that Mattel owns entirely.  MGA is not entitled to Mattel's comparisons of one
10 concept that it owns to another concept that it owns.  Further, inasmuch as the
11 ownership of the intellectual property comprising of the Bratz dolls, prior rulings in
12 this case have already established that Mattel owns that intellectual property.
13 Inasmuch as MGA merely seeks discovery in order to upend these rulings in Phase
14 2, the Request is clearly irrelevant.

15      MGA must establish that its discovery meets the relevance
16 requirements of Rule 26(b)(1), which clearly states that discovery must be
17 "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
18 not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are
19 relevant to Phase 2 issues.  "A trial court has a duty, of special significance in
20 lengthy and complex cases where the possibility of abuse is always present, to
21 supervise and limit discovery to protect parties and witnesses from annoyance and
22 excessive expense."  <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>
23 <u>also Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133
24 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL
25 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
26 party may not propound document requests as part of a fishing expedition or to
27 discover new claims.  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)
28

1  ("District courts need not condone the use of discovery to engage in 'fishing
2  expeditions.'").

3  　　　　　Additionally, MGA failed to meet and confer in good faith regarding
4  this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1,
5  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
6  party shall first identify each dispute, state the relief sought and identify the
7  authority supporting the requested relief in a meet and confer letter that shall be
8  served on all parties by facsimile or electronic mail. The parties shall have five court
9  days from the date of service of that letter to conduct an in-person conference to
10  attempt to resolve the dispute."). At no point during the meet and confer process did
11  MGA articulate a valid basis for which this Request could be considered relevant to
12  Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is
13  simply not true; MGA never initiated any dialogue about this Request or Mattel's
14  response in the first place. The Discovery Master should deny MGA's motion with
15  respect to this Request on that grounds alone.

16  　　　　　The motion is also moot. As MGA has admitted in correspondence
17  going back to 2007[1039], Mattel has produced and continues to produce documents
18  that are responsive to this Request. As to the actual production of relevant
19  documents, there is no dispute and indeed had been no dispute for years, as MGA
20  well knows, and this issue could have been resolved without motion practice if
21  MGA had completed the meet and confer process in good faith.

22  　　　　　The Request is also entirely duplicative of prior discovery served by
23  Carter Bryant as well as subsequent discovery served by MGA. ████████

24  ████████████████████████████████████

25  ████████████████████████████████████

26

27

28

1  ████████  MGA's claim, at this stage of the litigation, that there remain

2  unproduced relevant materials on this subject in Mattel's possession is not credible.

3  In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

4  was duplicative and that Mattel had produced relevant documents in response.[1041]

5          Further, prior Orders entered in this case -- at MGA's urging -- make

6  very clear that a Request that seeks all documents relating to such a wide and

7  amorphous category as all documents relating to any comparison between the Bratz

8  concept and other Mattel products.  As the prior Discovery Master held in denying a

9  motion to compel on what was a less expansively worded Request, "this category of

10  requests is clearly overbroad, requiring production of documents that merely

11  mention MGA, Larian, Bratz or other MGA products, regardless of whether or not

12  they have anything to do with the claims or defenses in this case."[1042]  Similarly, the

13  prior Discovery Master has denied motions to compel on Requests for "documents

14  referring or relating to MGA's business dealings, without specifying any products or

15  other subject matter limitations" because such Requests are grossly overbroad.[1043]

16          There is no basis for overruling Mattel's privilege objection.  MGA's

17  bald assertion that "this request does not seek information protected by the attorney-

18  client privilege, the attorney work product doctrine, or any other applicable

19  privilege" has no merit.  Documents responsive to this Request could very well be

20  subject to a claim of privilege or work product protection.  Despite MGA's claim to

---

22  [1039]  <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

23  Dart Dec., Exh. 43.

24  ████████████████████████████████████████████

25  [1041]  <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
   Dart Dec., Exh. 43.

26  [1042]  <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel,

27  dated May 22, 2007, Dart Dec., Exh. 5.
   [1043]  <u>Id.</u>

28

1  the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA

2  has itself argued, the parties have agreed that "all privileged documents would be

3  logged except for documents created after this action was filed on April 27, 2004."

4  Thus, to the extent privileged documents fall within the post lawsuit time period,

5  they need not be included on Mattel's log.



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between the FIRST BRATZ DOLLS on the one hand and any idea, concept,

00505.07975/3161896.1

1  creation, design, work, or intellectual property owned by YOU on the other, which

2  YOU contend served, or may have served, as the idea, inspiration, source or origin

3  for the FIRST BRATZ DOLLS.

4  **RESPONSE TO REQUEST NO. 73:**

5          In addition to the general objections stated above, which are

6  incorporated herein by reference, Mattel objects to this Request on the grounds that

7  it calls for the disclosure of information subject to the attorney-client privilege, the

8  attorney work-product doctrine and other applicable privileges.   Mattel further

9  objects to this Request as overbroad and unduly burdensome on the ground that it

10  seeks all documents in Mattel's possession, custody and control related to this topic,

11  created by <u>anyone at any time,</u> and purports to require Mattel to identify, investigate

12  and search for documents including newspaper articles and other publicly available

13  materials which are equally available to MGA. Mattel further objects to this Request

14  as vague and ambiguous, including without limitation the term "First Bratz Dolls."

15  Mattel further objects to this Request on the grounds that it is improperly phrased as

16  a legal contention.  Mattel further objects to this Request on the grounds that it is

17  duplicative of or subsumed within prior Requests already responded to and seeks the

18  re-production of information and documents already produced in this action.  Such

19  information and documents will not be re-produced.

20  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

21  **TO SHOULD BE COMPELLED**

22          Mattel has not agreed to produce documents in response to this request,

23  subject to its improper boilerplate objections. Mattel has refused to confirm whether

24  or not it has produced all non-privileged responsive documents or whether it is

25  withholding documents based on its objections in Phase 2. Under the Federal Rules

26  of Civil Procedure, "an objection to part of a request must specify the part and

27  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

28  fail to explain the basis for an objection with specificity are routinely rejected in the

1 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

2 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

3 harassing' are improper – especially when a party fails to submit any evidentiary

4 declarations supporting such objections").  Accordingly, Mattel must be compelled

5 either to certify that it has produced all non-privileged responsive documents or to

6 produce all such documents by a date certain.

7      To the extent that Mattel is relying on its blanket objections, they are

8 not sustainable and do not justify Mattel's failure to produce documents.

9      As to overbreadth, Mattel provides no explanation, let alone the

10 required particularity, as to *why* this request is supposedly overly broad, nor can it

11 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

12 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13 contrary, the request is narrowly tailored to seek documents concerning any

14 similarities or differences between the FIRST BRATZ DOLLS and any Mattel

15 intellectual property that Mattel contends served as an idea, inspiration, source or

16 origin for the FIRST BRATZ DOLLS.

17      As to burden, Mattel has not attempted to demonstrate why responding

18 to this request and/or producing responsive documents presents any burden.  This

19 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

20 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21 request is unduly burdensome must allege specific facts which indicate the nature

22 and extent of the burden, usually by affidavit or other reliable evidence.")

23 Moreover, it is not unduly burdensome, as noted above, in that the request is

24 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

25 has engaged in a broad variety of unfair trade practices including serial copying of

26 MGA products, including its BRATZ dolls.  Mattel has also alleged a trade secret

27 misappropriation claim against MGA. MGA is entitled to discovery on its claims

28 and defenses.

1    This request does not seek documents protected by the attorney-client
2    privilege, the attorney work product doctrine, or other applicable privileges. To the
3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel objects that the request is duplicative or subsumed within prior
5    requests but does not identify the allegedly duplicative requests. Mattel's failure to
6    agree to produce responsive non-privileged documents is not proper based on this
7    objection.

8    Mattel objects that the term "FIRST BRATZ DOLLS" is vague and
9    ambiguous. To the contrary, the term "FIRST BRATZ DOLLS" has been clearly
10    defined in definition number 3 as particular dolls identified by name and SKU.

11    As for relevancy, Mattel has not attempted to demonstrate why the
12    information sought in response to this request is not discoverable in Phase 2. On the
13    contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
14    product lines, including its BRATZ product line, packaging, themes, accessories,
15    and advertising. Mattel has also alleged a trade secret misappropriation claim
16    against MGA. Documents concerning any similarities or differences between the
17    FIRST BRATZ DOLLS and any Mattel intellectual property that Mattel contends
18    served as an idea, inspiration, source or origin for the FIRST BRATZ DOLLS are
19    highly relevant to MGA's claims and defenses, including its serial copying claims
20    and its defense against Mattel's trade secret misappropriation claim and are
21    discoverable in Phase 2.

22    None of Mattel's improper objections are valid and Mattel is obligated
23    to produce all non-privileged responsive documents in its possession, custody, or
24    control.

25    **MATTEL'S RESPONSE:**

26    MGA's Request includes a broad range of irrelevant materials and
27    materials covered by the attorney-client privilege and the attorney work product
28    without limitation as to time, scope, or source. MGA and Mattel are large

1 | multinational corporations and direct competitors; accordingly, each company will
2 | have generated a huge range of documents comparing products, majority of which
3 | are completely irrelevant to the Phase 2 claims.  Both MGA and Mattel are legally
4 | permitted to perform market research as to the success of their competitors products;
5 | the existence of any such research, if any, is completely irrelevant to the claims and
6 | issues in Phase 2.  Insomuch as it would incorporate the entirety of a vast number of
7 | additional Requests MGA has served in this action, it is also duplicative.
8 | Additionally, since it has already been determined that Mattel owned the Bratz
9 | concept, MGA is effectively seeking documents that compare intellectual property
10 | that Mattel owns entirely.  MGA is not entitled to Mattel's comparisons of one
11 | concept that it owns to another concept that it owns.  Further, inasmuch as the
12 | ownership of the intellectual property comprising of the Bratz dolls, prior rulings in
13 | this case have already established that Mattel owns that intellectual property.
14 | Inasmuch as MGA merely seeks discovery in order to upend these rulings in Phase
15 | 2, the Request is clearly irrelevant.

16 |      MGA must establish that its discovery meets the relevance
17 | requirements of Rule 26(b)(1), which clearly states that discovery must be
18 | "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
19 | not sufficiently explained how all documents relating to the "First Bratz Dolls" are
20 | relevant to Phase 2 issues.  "A trial court has a duty, of special significance in
21 | lengthy and complex cases where the possibility of abuse is always present, to
22 | supervise and limit discovery to protect parties and witnesses from annoyance and
23 | excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
24 | also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
25 | n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
26 | 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
27 | party may not propound document requests as part of a fishing expedition or to
28 | discover new claims.  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)

1   ("District courts need not condone the use of discovery to engage in 'fishing
2   expeditions.'").

3        Additionally, MGA failed to meet and confer in good faith regarding
4   this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,
5   dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
6   party shall first identify each dispute, state the relief sought and identify the
7   authority supporting the requested relief in a meet and confer letter that shall be
8   served on all parties by facsimile or electronic mail. The parties shall have five court
9   days from the date of service of that letter to conduct an in-person conference to
10  attempt to resolve the dispute."). At no point during the meet and confer process did
11  MGA articulate a valid basis for which this Request could be considered relevant to
12  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is
13  simply not true; MGA never initiated any dialogue about this Request or Mattel's
14  response in the first place.  The Discovery Master should deny MGA's motion with
15  respect to this Request on that grounds alone.

16       The motion is also moot.  As MGA has admitted in correspondence
17  going back to 2007[1056], Mattel has produced and continues to produce documents
18  that are responsive to this Request.   As to the actual production of relevant
19  documents, there is no dispute and indeed had been no dispute for years, as MGA
20  well knows, and this issue could have been resolved without motion practice if
21  MGA had completed the meet and confer process in good faith.

22       The Request is also entirely duplicative of prior discovery served by
23  Carter Bryant as well as subsequent discovery served by MGA.  ████████
24  ████████████████████████████████████████████████████
25  ████████████████████████████████████████████████████
26
27
28

1 ▮▮▮▮▮▮▮ MGA's claim, at this stage of the litigation, that there remain

2 unproduced relevant materials on this subject in Mattel's possession is not credible.

3 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

4 was duplicative and that Mattel had produced relevant documents in response.[1058]

5 Further, prior Orders entered in this case -- at MGA's urging -- make

6 very clear that a Request that seeks all documents relating to such a wide and

7 amorphous category as all documents relating to any comparison between the Bratz

8 concept and other Mattel products. As the prior Discovery Master held in denying a

9 motion to compel on what was a less expansively worded Request, "this category of

10 requests is clearly overbroad, requiring production of documents that merely

11 mention MGA, Larian, Bratz or other MGA products, regardless of whether or not

12 they have anything to do with the claims or defenses in this case."[1059]  Similarly, the

13 prior Discovery Master has denied motions to compel on Requests for "documents

14 referring or relating to MGA's business dealings, without specifying any products or

15 other subject matter limitations" because such Requests are grossly overbroad.[1060]

16 There is no basis for overruling Mattel's privilege objection.  MGA's

17 bald assertion that "this request does not seek information protected by the attorney-

18 client privilege, the attorney work product doctrine, or any other applicable

19 privilege" has no merit.  Documents responsive to this Request could very well be

20 subject to a claim of privilege or work product protection.  Despite MGA's claim to

21

22 [1056]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
23 Dart Dec., Exh. 43.

24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25 [1058]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

26 [1059]  See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5.

27 [1060]  Id.

28

1    the contrary, Mattel has produced a privilege log in this action. Moreover, as MGA

2    has itself argued, the parties have agreed that "all privileged documents would be

3    logged except for documents created after this action was filed on April 27, 2004."

4    Thus, to the extent privileged documents fall within the post lawsuit time period,

5    they need not be included on Mattel's log.



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18  **REQUEST FOR PRODUCTION NO. 74:**
19      All  DOCUMENTS  evidencing,  detailing,  discussing,  describing,
20  depicting, mentioning, referring to, or relating to the similarities or differences
21  between BRATZ DOLLS on the one hand and any idea, concept, creation, design,
22
23
24
25
26
27
28

00505.07975/3161896.1

-590-

1  work, or intellectual property owned by YOU on the other, which YOU contend
2  served, or may have served, as the idea, inspiration, source or origin for BRATZ
3  DOLLS.

4  **RESPONSE TO REQUEST NO. 74:**

5          In addition to the general objections stated above, which are
6  incorporated herein by reference, Mattel objects to this Request on the grounds that
7  it calls for the disclosure of information subject to the attorney-client privilege, the
8  attorney work-product doctrine and other applicable privileges.   Mattel further
9  objects to this Request as overbroad and unduly burdensome on the ground that it
10 seeks all documents in Mattel's possession, custody and control related to this topic,
11 created by <u>anyone at any time,</u> and purports to require Mattel to identify-,
12 investigate and search for documents including newspaper articles and other
13 publicly available materials which are equally available to MGA. Mattel further
14 objects to this Request as vague and ambiguous.   Mattel further objects to this
15 Request on the grounds that it is improperly phrased as a legal contention.   Mattel
16 further objects to this Request on the grounds that it is duplicative of or subsumed
17 within prior Requests already responded to and seeks the re-production of
18 information and documents already' produced in this action.  Such information and
19 documents will not be re-produced.

20 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
21 **TO SHOULD BE COMPELLED**

22          Mattel has not agreed to produce documents in response to this request,
23 subject to its improper boilerplate objections.  Mattel has refused to confirm whether
24 or not it has produced all non-privileged responsive documents or whether it is
25 withholding documents based on its objections in Phase 2.  Under the Federal Rules
26 of Civil Procedure, "an objection to part of a request must specify the part and
27 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
28 fail to explain the basis for an objection with specificity are routinely rejected in the

1  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

2  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

3  harassing' are improper – especially when a party fails to submit any evidentiary

4  declarations supporting such objections").  Accordingly, Mattel must be compelled

5  either to certify that it has produced all non-privileged responsive documents or to

6  produce all such documents by a date certain.

7          To the extent that Mattel is relying on its blanket objections, they are

8  not sustainable and do not justify Mattel's failure to produce documents.

9          As to overbreadth, Mattel provides no explanation, let alone the

10 required particularity, as to *why* this request is supposedly overly broad, nor can it

11 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

12 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13 contrary, the request is narrowly tailored to seek documents concerning any

14 similarities or differences between the BRATZ DOLLS and any Mattel intellectual

15 property that Mattel contends served as an idea, inspiration, source or origin for the

16 BRATZ DOLLS.

17         As to burden, Mattel has not attempted to demonstrate why responding

18 to this request and/or producing responsive documents presents any burden.  This

19 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

20 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21 request is unduly burdensome must allege specific facts which indicate the nature

22 and extent of the burden, usually by affidavit or other reliable evidence.")

23 Moreover, it is not unduly burdensome, as noted above, in that the request is

24 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

25 has engaged in a broad variety of unfair trade practices including serial copying of

26 MGA products, including its BRATZ dolls.  Mattel has also alleged a trade secret

27 misappropriation claim against MGA.  MGA is entitled to discovery on its claims

28 and defenses.

1    This request does not seek documents protected by the attorney-client
2    privilege, the attorney work product doctrine, or other applicable privileges.  To the
3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel objects that the request is duplicative or subsumed within prior
5    requests but does not identify the allegedly duplicative requests.  Mattel's failure to
6    agree to produce responsive non-privileged documents is not proper based on this
7    objection.

8    As for relevancy, Mattel has not attempted to demonstrate why the
9    information sought in response to this request is not discoverable in Phase 2.  On the
10   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
11   product lines, including its BRATZ product line, packaging, themes, accessories,
12   and advertising.   Mattel has also alleged a trade secret misappropriation claim
13   against MGA. Documents concerning any similarities or differences between the
14   BRATZ DOLLS and any Mattel intellectual property that Mattel contends served as
15   an idea, inspiration, source or origin for the BRATZ DOLLS are highly relevant to
16   MGA's claims and defenses, including its serial copying claims and its defense of
17   Mattel's trade secret misappropriation claim and are discoverable in Phase 2.

18   None of Mattel's improper objections are valid and Mattel is obligated
19   to produce all non-privileged responsive documents in its possession, custody, or
20   control.

21   **MATTEL'S RESPONSE:**

22   MGA's Request for all documents relating to any comparison between
23   the Bratz dolls and Mattel products includes a broad range of irrelevant materials
24   and materials covered by the attorney-client privilege and the attorney work product
25   without limitation as to time, scope, or source.   MGA and Mattel are large
26   multinational corporations and direct competitors; accordingly, each company will
27   have generated a huge range of documents comparing products, majority of which
28   are completely irrelevant to the Phase 2 claims.  Both MGA and Mattel are legally

1  permitted to perform market research as to the success of their competitors products;
2  the existence of any such research, if any, is completely irrelevant to the claims and
3  issues in Phase 2. Insomuch as it would incorporate the entirety of a vast number of
4  additional Requests MGA has served in this action, it is also duplicative.
5  Additionally, since it has already been determined that Mattel owned the intellectual
6  property behind the Bratz dolls, MGA is effectively seeking documents that
7  compare intellectual property that Mattel owns entirely. MGA is not entitled to
8  Mattel's comparisons of one concept that it owns to another concept that it owns.
9  Further, inasmuch as the ownership of the intellectual property comprising of the
10 Bratz dolls, prior rulings in this case have already established that Mattel owns that
11 intellectual property. Inasmuch as MGA merely seeks discovery in order to upend
12 these rulings in Phase 2, the Request is clearly irrelevant.

13         MGA must establish that its discovery meets the relevance
14 requirements of Rule 26(b)(1), which clearly states that discovery must be
15 "reasonably calculated to lead to the discovery of admissible evidence." MGA has
16 not sufficiently explained how all documents relating to the "Bratz Concept" are
17 relevant to Phase 2 issues. "A trial court has a duty, of special significance in
18 lengthy and complex cases where the possibility of abuse is always present, to
19 supervise and limit discovery to protect parties and witnesses from annoyance and
20 excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
21 also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
22 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
23 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a
24 party may not propound document requests as part of a fishing expedition or to
25 discover new claims. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)
26 ("District courts need not condone the use of discovery to engage in 'fishing
27 expeditions.'").

28

1          Additionally, MGA failed to meet and confer in good faith regarding

2  this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,

3  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

4  party shall first identify each dispute, state the relief sought and identify the

5  authority supporting the requested relief in a meet and confer letter that shall be

6  served on all parties by facsimile or electronic mail. The parties shall have five court

7  days from the date of service of that letter to conduct an in-person conference to

8  attempt to resolve the dispute.").  At no point during the meet and confer process did

9  MGA articulate a valid basis for which this Request could be considered relevant to

10  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

11  simply not true; MGA never initiated any dialogue about this Request or Mattel's

12  response in the first place.  The Discovery Master should deny MGA's motion with

13  respect to this Request on that grounds alone.

14          The motion is also moot.  As MGA has admitted in correspondence

15  going back to 2007[1073], Mattel has produced and continues to produce documents

16  that are responsive to this Request.   As to the actual production of relevant

17  documents, there is no dispute and indeed had been no dispute for years, as MGA

18  well knows, and this issue could have been resolved without motion practice if

19  MGA had completed the meet and confer process in good faith.

20          The Request is also entirely duplicative of prior discovery served by

21  Carter Bryant as well as subsequent discovery served by MGA.  ▮▮▮▮▮▮

22  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

23  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

24

25

26

27  [1073]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ███████   MGA's claim, at this stage of the litigation, that there remain

2 unproduced relevant materials on this subject in Mattel's possession is not credible.

3 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

4 was duplicative and that Mattel had produced relevant documents in response.[1075]

5 Further, prior Orders entered in this case -- at MGA's urging -- make

6 very clear that a Request that seeks all documents relating to such a wide and

7 amorphous category as all documents relating to any comparison between the Bratz

8 dolls and other Mattel products. As the prior Discovery Master held in denying a

9 motion to compel on what was a less expansively worded Request, "this category of

10 requests is clearly overbroad, requiring production of documents that merely

11 mention MGA, Larian, Bratz or other MGA products, regardless of whether or not

12 they have anything to do with the claims or defenses in this case."[1076]  Similarly, the

13 prior Discovery Master has denied motions to compel on Requests for "documents

14 referring or relating to MGA's business dealings, without specifying any products or

15 other subject matter limitations" because such Requests are grossly overbroad.[1077]

16 There is no basis for overruling Mattel's privilege objection.  MGA's

17 bald assertion that "this request does not seek information protected by the attorney-

18 client privilege, the attorney work product doctrine, or any other applicable

19 privilege" has no merit.  Documents responsive to this Request could very well be

20 subject to a claim of privilege or work product protection.  Despite MGA's claim to

21 the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA

22

23 ████████████████████████████████████████

24 ████████████████████████████████████

[1075]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
25 Dart Dec., Exh. 43.
26 [1076]   See Order Granting in Part and Denying in Part MGA's Motion to Compel,
dated May 22, 2007, Dart Dec., Exh. 5.
27 [1077]   Id.

28

1  has itself argued, the parties have agreed that "all privileged documents would be

2  logged except for documents created after this action was filed on April 27, 2004."

3  Thus, to the extent privileged documents fall within the post lawsuit time period,

4  they need not be included on Mattel's log.



-597-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between the BRATZ PACK on the one hand and any idea, concept, creation, design, work, or intellectual property owned by YOU on the other, which YOU contend served, or may have served, as the idea, inspiration, source or origin for the BRATZ PACK.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

**RESPONSE TO REQUEST NO. 75:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as overbroad and unduly burdensome on the ground that it seeks all documents in Mattel's possession, custody and control related to this topic, created by <u>anyone at any time,</u> and purports to require Mattel to identify, investigate and search for documents including newspaper articles and other publicly available materials which are equally available to MGA. Mattel further objects to this Request as vague and ambiguous. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled

1   either to certify that it has produced all non-privileged responsive documents or to
2   produce all such documents by a date certain.

3          To the extent that Mattel is relying on its blanket objections, they are
4   not sustainable and do not justify Mattel's failure to produce documents.

5          As to overbreadth, Mattel provides no explanation, let alone the
6   required particularity, as to *why* this request is supposedly overly broad, nor can it
7   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9   contrary, the request is narrowly tailored to seek documents concerning any
10  similarities or differences between the BRATZ PACK and any Mattel intellectual
11  property that Mattel contends served as an idea, inspiration, source or origin for the
12  BRATZ PACK.

13         As to burden, Mattel has not attempted to demonstrate why responding
14  to this request and/or producing responsive documents presents any burden. This
15  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
16  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
17  request is unduly burdensome must allege specific facts which indicate the nature
18  and extent of the burden, usually by affidavit or other reliable evidence.")
19  Moreover, it is not unduly burdensome, as noted above, in that the request is
20  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
21  has engaged in a broad variety of unfair trade practices including serial copying of
22  MGA products, including its BRATZ product line. Mattel has also alleged a trade
23  secret misappropriation claim against MGA. MGA is entitled to discovery on its
24  claims and defenses.

25         This request does not seek documents protected by the attorney-client
26  privilege, the attorney work product doctrine, or other applicable privileges. To the
27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1        Mattel objects that the request is duplicative or subsumed within prior

2  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

3  agree to produce responsive non-privileged documents is not proper based on this

4  objection.

5        As for relevancy, Mattel has not attempted to demonstrate why the

6  information sought in response to this request is not discoverable in Phase 2.  On the

7  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

8  product lines, including its BRATZ product line, packaging, themes,

9        accessories, and advertising.  Mattel has also alleged a trade secret

10  misappropriation claim against MGA. Documents concerning any similarities or

11  differences between the BRATZ PACK and any Mattel intellectual property that

12  Mattel contends served as an idea, inspiration, source or origin for the BRATZ

13  PACK are highly relevant to MGA's claims and defenses, including its serial

14  copying claims and its defense against Mattel's trade secret misappropriation claim

15  and are discoverable in Phase 2.

16        None of Mattel's improper objections are valid and Mattel is obligated

17  to produce all non-privileged responsive documents in its possession, custody, or

18  control.

19  **MATTEL'S RESPONSE:**

20        MGA's Request for all documents relating to any comparison between

21  the BRATZPACK and Mattel products includes a broad range of irrelevant

22  materials and materials covered by the attorney-client privilege and the attorney

23  work product without limitation as to time, scope, or source.  MGA and Mattel are

24  large multinational corporations and direct competitors; accordingly, each company

25  will have generated a huge range of documents comparing products, majority of

26  which are completely irrelevant to the Phase 2 claims.  Both MGA and Mattel are

27  legally permitted to perform market research as to the success of their competitors

28  products; the existence of any such research, if any, is completely irrelevant to the

1 | claims and issues in Phase 2. Insomuch as it would incorporate the entirety of a vast
2 | number of additional Requests MGA has served in this action, it is also duplicative.
3 | MGA has made no showing that BRATZPACK is relevant to this action in any way;
4 | any comparison between BRATZPACK and Mattel products is simply irrelevant to
5 | the Phase 2 claims. MGA is not entitled to irrelevant product comparisons. Further,
6 | inasmuch as the ownership of the intellectual property comprising of the Bratz dolls,
7 | prior rulings in this case have already established that Mattel owns that intellectual
8 | property. Inasmuch as MGA merely seeks discovery in order to upend these rulings
9 | in Phase 2, the Request is clearly irrelevant.

10 |       MGA must establish that its discovery meets the relevance
11 | requirements of Rule 26(b)(1), which clearly states that discovery must be
12 | "reasonably calculated to lead to the discovery of admissible evidence." MGA has
13 | not sufficiently explained how all documents relating to the "Bratz Concept" are
14 | relevant to Phase 2 issues. "A trial court has a duty, of special significance in
15 | lengthy and complex cases where the possibility of abuse is always present, to
16 | supervise and limit discovery to protect parties and witnesses from annoyance and
17 | excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
18 | also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
19 | n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
20 | 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a
21 | party may not propound document requests as part of a fishing expedition or to
22 | discover new claims. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)
23 | ("District courts need not condone the use of discovery to engage in 'fishing
24 | expeditions.'"). MGA has made no showing whatsoever that BRATZPACK has
25 | anything to do with the Phase 2 litigation. MGA makes no reference to allegations
26 | that Mattel committed any redressable harm related to BRATZPACK. The Request
27 | is wholly irrelevant.

28