1  Additionally, MGA failed to meet and confer in good faith regarding
2  this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,
3  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
4  party shall first identify each dispute, state the relief sought and identify the
5  authority supporting the requested relief in a meet and confer letter that shall be
6  served on all parties by facsimile or electronic mail. The parties shall have five court
7  days from the date of service of that letter to conduct an in-person conference to
8  attempt to resolve the dispute.").  At no point during the meet and confer process did
9  MGA articulate a valid basis for which this Request could be considered relevant to
10  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is
11  simply not true; MGA never initiated any dialogue about this Request or Mattel's
12  response in the first place.  The Discovery Master should deny MGA's motion with
13  respect to this Request on that grounds alone.

14  The motion is also moot.  As MGA has admitted in correspondence
15  going back to 2007[1090], Mattel has produced and continues to produce documents
16  that are responsive to this Request.  As to the actual production of relevant
17  documents, there is no dispute and indeed had been no dispute for years, as MGA
18  well knows, and this issue could have been resolved without motion practice if
19  MGA had completed the meet and confer process in good faith.

20  The Request is also entirely duplicative of prior discovery served by
21  Carter Bryant as well as subsequent discovery served by MGA.  █████████
22  ██████████████████████████████████████████████
23  ██████████████████████████████████████████████

---

[1090]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

1     ▮▮▮▮▮▮▮ MGA's claim, at this stage of the litigation, that there remain
2 unproduced relevant materials on this subject in Mattel's possession is not credible.
3 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests
4 was duplicative and that Mattel had produced relevant documents in response.[1092]

5     Further, prior Orders entered in this case -- at MGA's urging -- make
6 very clear that a Request that seeks all documents relating to such a wide and
7 amorphous category as all documents relating to any comparison between irrelevant
8 MGA products and other Mattel products. As the prior Discovery Master held in
9 denying a motion to compel on what was a less expansively worded Request, "this
10 category of requests is clearly overbroad, requiring production of documents that
11 merely mention MGA, Larian, Bratz or other MGA products, regardless of whether
12 or not they have anything to do with the claims or defenses in this case."[1093]
13 Similarly, the prior Discovery Master has denied motions to compel on Requests for
14 "documents referring or relating to MGA's business dealings, without specifying
15 any products or other subject matter limitations" because such Requests are grossly
16 overbroad.[1094]

17     There is no basis for overruling Mattel's privilege objection. MGA's
18 bald assertion that "this request does not seek information protected by the attorney-
19 client privilege, the attorney work product doctrine, or any other applicable
20 privilege" has no merit. Documents responsive to this Request could very well be
21 subject to a claim of privilege or work product protection. Despite MGA's claim to

22

23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25 [1092] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.
26 [1093] See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5.
27 [1094] Id.

28

1  the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA

2  has itself argued, the parties have agreed that "all privileged documents would be

3  logged except for documents created after this action was filed on April 27, 2004."

4  Thus, to the extent privileged documents fall within the post lawsuit time period,

5  they need not be included on Mattel's log.



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ████████████████████████████████████████████

2 ███████████████████████████████████████

3 ██████████████████████████████████████

4 ████████████████████████████████████████████

5 ████████████████████████████████████████████

6 ████████████████████████████████████████████

7 ████████████████████████████████████████████

8 ████████████████████████████████████████████

9 ████████████████████████████████████████████

10 ████████████████████████████████████████████

11 ████████████████████████████████████████████

12 ████████████████████████████████████████

13 ███

14 ████████████████████████████████████████

15 ████████████████████████████████████████████

16 ████████████████████████████████████████████

17 ██████████████████████████████

18 **REQUEST FOR PRODUCTION NO. 76:**

19         All DOCUMENTS evidencing, detailing, discussing, describing,

20 depicting, mentioning, referring to, or relating to the similarities or differences

21 between LIL' BRATZ on the one hand and any idea, concept, creation, design,

22 _____

23 ██████

24 ██████████████████████████████████████████

25 ██

26 █████████████████████████████████████████████

27 █████████████████████████████████████████████

28 ███

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  work, or intellectual property owned by YOU on the other, which YOU contend
2  served, or may have served, as the idea, inspiration, source or origin for LIL'
3  BRATZ.

4  **RESPONSE TO REQUEST NO. 76:**

5  In addition to the general objections stated above, which are
6  incorporated herein by reference, Mattel objects to this Request on the grounds that
7  it calls for the disclosure of information subject to the attorney-client privilege, the
8  attorney work-product doctrine and other applicable privileges.  Mattel further
9  objects to this Request as overbroad and unduly burdensome on the ground that it
10  seeks all documents in Mattel's possession, custody and control related to this topic,
11  created by <u>anyone at any time,</u> and purports to require Mattel to identify, investigate
12  and search for documents including newspaper articles and other publicly available
13  materials which are equally available to MGA. Mattel further objects to this Request
14  as vague and ambiguous. Mattel further objects to this Request on the grounds that
15  it is improperly phrased as a legal contention. Mattel further objects to this Request
16  on the grounds that it is duplicative of or subsumed within prior Requests already
17  responded to and seeks the re-production of information and documents already
18  produced in this action. Such information and documents will not be re-produced.

19  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
20  **TO SHOULD BE COMPELLED**

21  Mattel has not agreed to produce documents in response to this request,
22  subject to its improper boilerplate objections. Mattel has refused to confirm whether
23  or not it has produced all non-privileged responsive documents or whether it is
24  withholding documents based on its objections in Phase 2. Under the Federal Rules
25  of Civil Procedure, "an objection to part of a request must specify the part and
26  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that
27  fail to explain the basis for an objection with specificity are routinely rejected in the
28  Central District.  See <u>A. Farber and Partners, Inc. v. Garber,</u> 234 F.R.D. 186, 188

1   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
2   harassing' are improper – especially when a party fails to submit any evidentiary
3   declarations supporting such objections").  Accordingly, Mattel must be compelled
4   either to certify that it has produced all non-privileged responsive documents or to
5   produce all such documents by a date certain.

6          To the extent that Mattel is relying on its blanket objections, they are
7   not sustainable and do not justify Mattel's failure to produce documents.

8          As to overbreadth, Mattel provides no explanation, let alone the
9   required particularity, as to **why** this request is supposedly overly broad, nor can it
10  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
11  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
12  contrary, the request is narrowly tailored to seek documents concerning any
13  similarities or differences between the LI'L BRATZ and any Mattel intellectual
14  property that Mattel contends served as an idea, inspiration, source or origin for the
15  LI'L BRATZ.

16         As to burden, Mattel has not attempted to demonstrate why responding
17  to this request and/or producing responsive documents presents any burden.  This
18  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
19  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
20  request is unduly burdensome must allege specific facts which indicate the nature
21  and extent of the burden, usually by affidavit or other reliable evidence.")
22  Moreover, it is not unduly burdensome, as noted above, in that the request is
23  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
24  has engaged in a broad variety of unfair trade practices including serial copying of
25  MGA products, including its BRATZ product line.  Mattel has also alleged a trade
26  secret misappropriation claim against MGA. MGA is entitled to discovery on its
27  claims and defenses.

28

00505.07975/3161896.1

1  This request does not seek documents protected by the attorney-client

2  privilege, the attorney work product doctrine, or other applicable privileges. To the

3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4  Mattel objects that the request is duplicative or subsumed within prior

5  requests but does not identify the allegedly duplicative requests. Mattel's failure to

6  agree to produce responsive non-privileged documents is not proper based on this

7  objection.

8  As for relevancy, Mattel has not attempted to demonstrate why the

9  information sought in response to this request is not discoverable in Phase 2. On the

10  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

11  product lines, including its BRATZ product line, packaging, themes, accessories,

12  and advertising. Mattel has also alleged a trade secret misappropriation claim

13  against MGA. Documents concerning any similarities or differences between the

14  LI'L BRATZ and any Mattel intellectual property that Mattel contends served as an

15  idea, inspiration, source or origin for the LI'L BRATZ are highly relevant to MGA's

16  claims and defenses, including its serial copying claims and its defense against

17  Mattel's trade secret misappropriation claim and are discoverable in Phase 2.

18  None of Mattel's improper objections are valid and Mattel is obligated

19  to produce all non-privileged responsive documents in its possession, custody, or

20  control.

21  **MATTEL'S RESPONSE:**

22  MGA's Request for all documents relating to any comparison between

23  the LIL' BRATZ and Mattel products includes a broad range of irrelevant materials

24  and materials covered by the attorney-client privilege and the attorney work product

25  without limitation as to time, scope, or source. MGA and Mattel are large

26  multinational corporations and direct competitors; accordingly, each company will

27  have generated a huge range of documents comparing products, majority of which

28  are completely irrelevant to the Phase 2 claims. Both MGA and Mattel are legally

1   permitted to perform market research as to the success of their competitors products;
2   the existence of any such research, if any, is completely irrelevant to the claims and
3   issues in Phase 2. Insomuch as it would incorporate the entirety of a vast number of
4   additional Requests MGA has served in this action, it is also duplicative. MGA has
5   made no showing that LIL' BRATZ is relevant to this action in any way; any
6   comparison between LIL' BRATZ and Mattel products is simply irrelevant to the
7   Phase 2 claims. MGA is not entitled to irrelevant product comparisons. Further,
8   inasmuch as the ownership of the intellectual property comprising of the Bratz dolls,
9   prior rulings in this case have already established that Mattel owns that intellectual
10  property. Inasmuch as MGA merely seeks discovery in order to upend these rulings
11  in Phase 2, the Request is clearly irrelevant.

12          MGA must establish that its discovery meets the relevance requirements of
13  Rule 26(b)(1), which clearly states that discovery must be "reasonably calculated to
14  lead to the discovery of admissible evidence." MGA has not sufficiently explained
15  how all documents relating to the "Bratz Concept" are relevant to Phase 2 issues.
16  "A trial court has a duty, of special significance in lengthy and complex cases where
17  the possibility of abuse is always present, to supervise and limit discovery to protect
18  parties and witnesses from annoyance and excessive expense." Dolgow v.
19  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan
20  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);
21  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)
22  (same). As the previous Discovery Master has held, a party may not propound
23  document requests as part of a fishing expedition or to discover new claims. Rivera
24  v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not
25  condone the use of discovery to engage in 'fishing expeditions.'"). MGA has made
26  no showing whatsoever that LIL' BRATZ has anything to do with the Phase 2
27  litigation. MGA makes no reference to allegations that Mattel committed any
28  redressable harm related to LIL' BRATZ. The Request is wholly irrelevant.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1         Additionally, MGA failed to meet and confer in good faith regarding

2   this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master Order No. 1,

3   dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

4   party shall first identify each dispute, state the relief sought and identify the

5   authority supporting the requested relief in a meet and confer letter that shall be

6   served on all parties by facsimile or electronic mail. The parties shall have five court

7   days from the date of service of that letter to conduct an in-person conference to

8   attempt to resolve the dispute."). At no point during the meet and confer process did

9   MGA articulate a valid basis for which this Request could be considered relevant to

10  Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is

11  simply not true; MGA never initiated any dialogue about this Request or Mattel's

12  response in the first place. The Discovery Master should deny MGA's motion with

13  respect to this Request on that grounds alone.

14        The motion is also moot. As MGA has admitted in correspondence

15  going back to 2007[1107], Mattel has produced and continues to produce documents

16  that are responsive to this Request. As to the actual production of relevant

17  documents, there is no dispute and indeed had been no dispute for years, as MGA

18  well knows, and this issue could have been resolved without motion practice if

19  MGA had completed the meet and confer process in good faith.

20        The Request is also entirely duplicative of prior discovery served by

21  Carter Bryant as well as subsequent discovery served by MGA. ███████

22  ████████████████████████████████████████████

23  ████████████████████████████████████████████

24

25

26

27  [1107]  <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
Dart Dec., Exh. 43.

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ▓▓▓▓▓▓▓▓   MGA's claim, at this stage of the litigation, that there remain

2 unproduced relevant materials on this subject in Mattel's possession is not credible.

3 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

4 was duplicative and that Mattel had produced relevant documents in response.[1109]

5       Further, prior Orders entered in this case -- at MGA's urging -- make

6 very clear that a Request that seeks all documents relating to such a wide and

7 amorphous category as all documents relating to any comparison between irrelevant

8 MGA products and other Mattel products.  As the prior Discovery Master held in

9 denying a motion to compel on what was a less expansively worded Request, "this

10 category of requests is clearly overbroad, requiring production of documents that

11 merely mention MGA, Larian, Bratz or other MGA products, regardless of whether

12 or not they have anything to do with the claims or defenses in this case."[1110]

13 Similarly, the prior Discovery Master has denied motions to compel on Requests for

14 "documents referring or relating to MGA's business dealings, without specifying

15 any products or other subject matter limitations" because such Requests are grossly

16 overbroad.[1111]

17       There is no basis for overruling Mattel's privilege objection.  MGA's

18 bald assertion that "this request does not seek information protected by the attorney-

19 client privilege, the attorney work product doctrine, or any other applicable

20 privilege" has no merit.  Documents responsive to this Request could very well be

21 subject to a claim of privilege or work product protection.  Despite MGA's claim to

22

23

24

25 [1109]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

26 [1110]   See Order Granting in Part and Denying in Part MGA's Motion to Compel,

27 dated May 22, 2007, Dart Dec., Exh. 5.

[1111]   Id.

28

1  the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA

2  has itself argued, the parties have agreed that "all privileged documents would be

3  logged except for documents created after this action was filed on April 27, 2004."

4  Thus, to the extent privileged documents fall within the post lawsuit time period,

5  they need not be included on Mattel's log.



00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18 **REQUEST FOR PRODUCTION NO. 77:**

19         All DOCUMENTS evidencing, detailing, discussing, describing,

20 depicting, mentioning, referring to, or relating to the similarities or differences

21 between BRATZ PETZ on the one hand and any idea, concept, creation, design,

22

23

24

25

26

27

28

00505.07975/3161896.1
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

work, or intellectual property owned by YOU on the other, which YOU contend
served, or may have served, as the idea, inspiration, source or origin for BRATZ
PETZ.

**RESPONSE TO REQUEST NO. 77:**

          In addition to the general objections stated above, which are
incorporated herein by reference, Mattel objects to this Request on the grounds that
it calls for the disclosure of information subject to the attorney-client privilege, the
attorney work-product doctrine and other applicable privileges. Mattel further
objects to this Request as overbroad and unduly burdensome on the ground that it
seeks all documents in Mattel's possession, custody and control related to this topic,
created by <u>anyone at any time,</u> and purports to require Mattel to identify, investigate
and search for documents including newspaper articles and other publicly available
materials which are equally available to MGA. Mattel further objects to this Request
as vague and ambiguous. Mattel further objects to this Request on the grounds that
it is improperly phrased as a legal contention. Mattel further objects to this Request
on the grounds that it is duplicative of or subsumed within prior Requests already
responded to and seeks the re-production of information and documents already
produced in this action. Such information and documents will not be re-produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE
TO SHOULD BE COMPELLED**

          Mattel has not agreed to produce documents in response to this request,
subject to its improper boilerplate objections. Mattel has refused to confirm whether
or not it has produced all non-privileged responsive documents or whether it is
withholding documents based on its objections in Phase 2. Under the Federal Rules
of Civil Procedure, "an objection to part of a request must specify the part and
permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that
fail to explain the basis for an objection with specificity are routinely rejected in the
Central District. See <u>A. Farber and Partners, Inc. v. Garber,</u> 234 F.R.D. 186, 188

1 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
2 harassing' are improper – especially when a party fails to submit any evidentiary
3 declarations supporting such objections").  Accordingly, Mattel must be compelled
4 either to certify that it has produced all non-privileged responsive documents or to
5 produce all such documents by a date certain.

6 　　　　To the extent that Mattel is relying on its blanket objections, they are
7 not sustainable and do not justify Mattel's failure to produce documents.

8 　　　　As to overbreadth, Mattel provides no explanation, let alone the
9 required particularity, as to **why** this request is supposedly overly broad, nor can it
10 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
11 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
12 contrary, the request is narrowly tailored to seek documents concerning any
13 similarities or differences between the BRATZ PETZ and any Mattel intellectual
14 property that Mattel contends served as an idea, inspiration, source or origin for the
15 BRATZ PETZ.

16 　　　　As to burden, Mattel has not attempted to demonstrate why responding
17 to this request and/or producing responsive documents presents any burden.  This
18 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
19 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
20 request is unduly burdensome must allege specific facts which indicate the nature
21 and extent of the burden, usually by affidavit or other reliable evidence.")
22 Moreover, it is not unduly burdensome, as noted above, in that the request is
23 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
24 has engaged in a broad variety of unfair trade practices including serial copying of
25 MGA products, including its BRATZ product line.  Mattel has also alleged a trade
26 secret misappropriation claim against MGA. MGA is entitled to discovery on its
27 claims and defenses.

28

00505.07975/3161896.1
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  This request does not seek documents protected by the attorney-client
2  privilege, the attorney work product doctrine, or other applicable privileges.  To the
3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4  Mattel objects that the request is duplicative or subsumed within prior
5  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
6  agree to produce responsive non-privileged documents is not proper based on this
7  objection.

8  As for relevancy, Mattel has not attempted to demonstrate why the
9  information sought in response to this request is not discoverable in Phase 2.  On the
10  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
11  product lines, including its BRATZ product line, packaging, themes, accessories,
12  and advertising.  Mattel has also alleged a trade secret misappropriation claim
13  against MGA. Documents concerning any similarities or differences between the
14  BRATZ PETZ and any Mattel intellectual property that Mattel contends served as
15  an idea, inspiration, source or origin for the BRATZ PETZ are highly relevant to
16  MGA's claims and defenses, including its serial copying claims and its defense
17  against Mattel's trade secret misappropriation claim and are discoverable in Phase 2.

18  None of Mattel's improper objections are valid and Mattel is obligated
19  to produce all non-privileged responsive documents in its possession, custody, or
20  control.

21  **MATTEL'S RESPONSE:**

22  MGA's Request for all documents relating to any comparison between
23  the BRATZPETZ and Mattel products includes a broad range of irrelevant materials
24  and materials covered by the attorney-client privilege and the attorney work product
25  without limitation as to time, scope, or source.   MGA and Mattel are large
26  multinational corporations and direct competitors; accordingly, each company will
27  have generated a huge range of documents comparing products, majority of which
28  are completely irrelevant to the Phase 2 claims.  Both MGA and Mattel are legally

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  permitted to perform market research as to the success of their competitors products;
2  the existence of any such research, if any, is completely irrelevant to the claims and
3  issues in Phase 2.  Insomuch as it would incorporate the entirety of a vast number of
4  additional Requests MGA has served in this action, it is also duplicative.  MGA has
5  made no showing that BRATZPETZ is relevant to this action in any way; any
6  comparison between BRATZPETZ and Mattel products is simply irrelevant to the
7  Phase 2 claims.  MGA is not entitled to irrelevant product comparisons.  Further,
8  inasmuch as the ownership of the intellectual property comprising of the Bratz dolls,
9  prior rulings in this case have already established that Mattel owns that intellectual
10 property.  Inasmuch as MGA merely seeks discovery in order to upend these rulings
11 in Phase 2, the Request is clearly irrelevant.

12         MGA   must   establish   that   its   discovery   meets   the   relevance
13 requirements   of   Rule   26(b)(1),   which   clearly   states   that   discovery   must   be
14 "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
15 not sufficiently explained how all documents relating to the "Bratz Concept" are
16 relevant to Phase 2 issues.  "A trial court has a duty, of special significance in
17 lengthy and complex cases where the possibility of abuse is always present, to
18 supervise and limit discovery to protect parties and witnesses from annoyance and
19 excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
20 also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
21 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
22 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
23 party may not propound document requests as part of a fishing expedition or to
24 discover new claims. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)
25 ("District courts need not condone the use of discovery to engage in 'fishing
26 expeditions.'").  MGA has made no showing whatsoever that BRATZPETZ has
27 anything to do with the Phase 2 litigation.  MGA makes no reference to allegations
28

1   that Mattel committed any redressable harm related to BRATZPETZ. . The Request
2   is wholly irrelevant.

3          Additionally, MGA failed to meet and confer in good faith regarding
4   this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,
5   dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
6   party shall first identify each dispute, state the relief sought and identify the
7   authority supporting the requested relief in a meet and confer letter that shall be
8   served on all parties by facsimile or electronic mail. The parties shall have five court
9   days from the date of service of that letter to conduct an in-person conference to
10  attempt to resolve the dispute.").  At no point during the meet and confer process did
11  MGA articulate a valid basis for which this Request could be considered relevant to
12  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is
13  simply not true; MGA never initiated any dialogue about this Request or Mattel's
14  response in the first place.  The Discovery Master should deny MGA's motion with
15  respect to this Request on that grounds alone.

16         The motion is also moot.  As MGA has admitted in correspondence
17  going back to 2007[1124], Mattel has produced and continues to produce documents
18  that are responsive to this Request.   As to the actual production of relevant
19  documents, there is no dispute and indeed had been no dispute for years, as MGA
20  well knows, and this issue could have been resolved without motion practice if
21  MGA had completed the meet and confer process in good faith.

22         The Request is also entirely duplicative of prior discovery served by
23  Carter Bryant as well as subsequent discovery served by MGA. ████████
24  ████████████████████████████████████████
25  ████████████████████████████████████████
26
27
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1      ███████████    MGA's claim, at this stage of the litigation, that there remain

2 unproduced relevant materials on this subject in Mattel's possession is not credible.

3 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

4 was duplicative and that Mattel had produced relevant documents in response.[1126]

5      Further, prior Orders entered in this case -- at MGA's urging -- make

6 very clear that a Request that seeks all documents relating to such a wide and

7 amorphous category as all documents relating to any comparison between irrelevant

8 MGA products and other Mattel products.  As the prior Discovery Master held in

9 denying a motion to compel on what was a less expansively worded Request, "this

10 category of requests is clearly overbroad, requiring production of documents that

11 merely mention MGA, Larian, Bratz or other MGA products, regardless of whether

12 or not they have anything to do with the claims or defenses in this case."[1127]

13 Similarly, the prior Discovery Master has denied motions to compel on Requests for

14 "documents referring or relating to MGA's business dealings, without specifying

15 any products or other subject matter limitations" because such Requests are grossly

16 overbroad.[1128]

17      There is no basis for overruling Mattel's privilege objection.  MGA's

18 bald assertion that "this request does not seek information protected by the attorney-

19 client privilege, the attorney work product doctrine, or any other applicable

20 privilege" has no merit.  Documents responsive to this Request could very well be

21

22    [1124]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

23 Dart Dec., Exh. 43.

24    ██████████████████████████████████████████████████

25    [1126]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

Dart Dec., Exh. 43.

26    [1127]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,

27 dated May 22, 2007, Dart Dec., Exh. 5.

   [1128]  Id.

28

1  subject to a claim of privilege or work product protection.  Despite MGA's claim to

2  the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA

3  has itself argued, the parties have agreed that "all privileged documents would be

4  logged except for documents created after this action was filed on April 27, 2004."

5  Thus, to the extent privileged documents fall within the post lawsuit time period,

6  they need not be included on Mattel's log.



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



**REQUEST FOR PRODUCTION NO. 78:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ BABYZ on the one hand and any idea, concept, creation, design,

1  work, or intellectual property owned by YOU on the other, which YOU contend
2  served, or may have served, as the idea, inspiration, source or origin for BRATZ
3  BABYZ.

4  **RESPONSE TO REQUEST NO. 78:**

5         In addition to the general objections stated above, which are
6  incorporated herein by reference, Mattel objects to this Request on the grounds that
7  it calls for the disclosure of information subject to the attorney-client privilege, the
8  attorney work-product doctrine and other applicable privileges.  Mattel further
9  objects to this Request as overbroad and unduly burdensome on the ground that it
10 seeks all documents in Mattel's possession, custody' and control related to this topic,
11 created by <u>anyone at any time,</u> and purports to require Mattel to identify, investigate
12 and search for documents including newspaper articles and other publicly available
13 materials which are equally available to MGA. Mattel further objects to this Request
14 as vague and ambiguous.  Mattel further objects to this Request on the grounds that
15 it is improperly phrased as a legal contention.  Mattel further objects to this Request
16 on the grounds that it is duplicative of or subsumed within prior Requests already
17 responded to and seeks the re-production of information and documents already
18 produced in this action.  Such information and documents will not be re-produced.

19 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
20 **TO SHOULD BE COMPELLED**

21        Mattel has not agreed to produce documents in response to this request,
22 subject to its improper boilerplate objections. Mattel has refused to confirm whether
23 or not it has produced all non-privileged responsive documents or whether it is
24 withholding documents based on its objections in Phase 2.  Under the Federal Rules
25 of Civil Procedure, "an objection to part of a request must specify the part and
26 permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
27 fail to explain the basis for an objection with specificity are routinely rejected in the
28 Central District.  See <u>A. Farber and Partners, Inc. v. Garber,</u> 234 F.R.D. 186, 188

1  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
2  harassing' are improper – especially when a party fails to submit any evidentiary
3  declarations supporting such objections").  Accordingly, Mattel must be compelled
4  either to certify that it has produced all non-privileged responsive documents or to
5  produce all such documents by a date certain.

6        To the extent that Mattel is relying on its blanket objections, they are
7  not sustainable and do not justify Mattel's failure to produce documents.

8        As to overbreadth, Mattel provides no explanation, let alone the
9  required particularity, as to *why* this request is supposedly overly broad, nor can it
10  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
11  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
12  contrary, the request is narrowly tailored to seek documents concerning any
13  similarities or differences between the BRATZ BABYZ and any Mattel intellectual
14  property that Mattel contends served as an idea, inspiration, source or origin for the
15  BRATZ BABYZ.

16        As to burden, Mattel has not attempted to demonstrate why responding
17  to this request and/or producing responsive documents presents any burden.  This
18  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
19  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
20  request is unduly burdensome must allege specific facts which indicate the nature
21  and extent of the burden, usually by affidavit or other reliable evidence.")
22  Moreover, it is not unduly burdensome, as noted above, in that the request is
23  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
24  has engaged in a broad variety of unfair trade practices including serial copying of
25  MGA products, including its BRATZ product line.  Mattel has also alleged a trade
26  secret misappropriation claim against MGA. MGA is entitled to discovery on its
27  claims and defenses.

28

1    This request does not seek documents protected by the attorney-client
2    privilege, the attorney work product doctrine, or other applicable privileges.  To the
3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel objects that the request is duplicative or subsumed within prior
5    requests but does not identify the allegedly duplicative requests.  Mattel's failure to
6    agree to produce responsive non-privileged documents is not proper based on this
7    objection.

8    As for relevancy, Mattel has not attempted to demonstrate why the
9    information sought in response to this request is not discoverable in Phase 2.  On the
10   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
11   product lines, including its BRATZ product line, packaging, themes,

12   accessories, and advertising.  Mattel has also alleged a trade secret
13   misappropriation claim against MGA. Documents concerning any similarities or
14   differences between the BRATZ BABYZ and any Mattel intellectual property that
15   Mattel contends served as an idea, inspiration, source or origin for the BRATZ
16   BABYZ are highly relevant to MGA's claims and defenses, including its serial
17   copying claims and its defense against Mattel's trade secret misappropriation claim
18   and are discoverable in Phase 2.

19   None of Mattel's improper objections are valid and Mattel is obligated
20   to produce all non-privileged responsive documents in its possession, custody, or
21   control.

22   **MATTEL'S RESPONSE:**

23   MGA's Request for all documents relating to any comparison between
24   the BRATZBABYZ and Mattel products includes a broad range of irrelevant
25   materials and materials covered by the attorney-client privilege and the attorney
26   work product without limitation as to time, scope, or source.  MGA and Mattel are
27   large multinational corporations and direct competitors; accordingly, each company
28   will have generated a huge range of documents comparing products, majority of

00505.07975/3161896.1

-629-

1   which are completely irrelevant to the Phase 2 claims.   Both MGA and Mattel are
2   legally permitted to perform market research as to the success of their competitors
3   products; the existence of any such research, if any, is completely irrelevant to the
4   claims and issues in Phase 2.   Insomuch as it would incorporate the entirety of a vast
5   number of additional Requests MGA has served in this action, it is also duplicative.
6   MGA has made no showing that BRATZBABYZ is relevant to this action in any
7   way; any comparison between BRATZBABYZ and Mattel products is simply
8   irrelevant to the Phase 2 claims.   MGA is not entitled to irrelevant product
9   comparisons.   Further, inasmuch as the ownership of the intellectual property
10  comprising of the Bratz dolls, prior rulings in this case have already established that
11  Mattel owns that intellectual property.   Inasmuch as MGA merely seeks discovery
12  in order to upend these rulings in Phase 2, the Request is clearly irrelevant.

13      MGA must establish that its discovery meets the relevance requirements of
14  Rule 26(b)(1), which clearly states that discovery must be "reasonably calculated to
15  lead to the discovery of admissible evidence."   MGA has not sufficiently explained
16  how <u>all</u> documents relating to the "Bratz Concept" are relevant to Phase 2 issues.
17  "A trial court has a duty, of special significance in lengthy and complex cases where
18  the possibility of abuse is always present, to supervise and limit discovery to protect
19  parties and witnesses from annoyance and excessive expense."   <u>Dolgow v.</u>
20  <u>Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan</u>
21  <u>American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);
22  <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983)
23  (same).   As the previous Discovery Master has held, a party may not propound
24  document requests as part of a fishing expedition or to discover new claims.   <u>Rivera</u>
25  <u>v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not
26  condone the use of discovery to engage in 'fishing expeditions.'").   MGA has made
27  no showing whatsoever that BRATZBABYZ has anything to do with the Phase 2
28

00505.07975/3161896.1

-630-

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  litigation.   MGA makes no reference to allegations that Mattel committed any
2  redressable harm related to BRATZBABYZ.  The Request is wholly irrelevant.

3        Additionally, MGA failed to meet and confer in good faith regarding
4  this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,
5  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
6  party shall first identify each dispute, state the relief sought and identify the
7  authority supporting the requested relief in a meet and confer letter that shall be
8  served on all parties by facsimile or electronic mail. The parties shall have five court
9  days from the date of service of that letter to conduct an in-person conference to
10  attempt to resolve the dispute.").  At no point during the meet and confer process did
11  MGA articulate a valid basis for which this Request could be considered relevant to
12  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is
13  simply not true; MGA never initiated any dialogue about this Request or Mattel's
14  response in the first place.  The Discovery Master should deny MGA's motion with
15  respect to this Request on that grounds alone.

16        The motion is also moot.  As MGA has admitted in correspondence
17  going back to 2007[1141], Mattel has produced and continues to produce documents
18  that are responsive to this Request.  As to the actual production of relevant
19  documents, there is no dispute and indeed had been no dispute for years, as MGA
20  well knows, and this issue could have been resolved without motion practice if
21  MGA had completed the meet and confer process in good faith.

22        The Request is also entirely duplicative of prior discovery served by
23  Carter Bryant as well as subsequent discovery served by MGA.  ████████

24  ████████████████████████████████████████
25  ████████████████████████████████████████
26
27
28

1  ███████   MGA's claim, at this stage of the litigation, that there remain

2  unproduced relevant materials on this subject in Mattel's possession is not credible.

3  In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

4  was duplicative and that Mattel had produced relevant documents in response.[1143]

5  Further, prior Orders entered in this case -- at MGA's urging -- make

6  very clear that a Request that seeks all documents relating to such a wide and

7  amorphous category as all documents relating to any comparison between irrelevant

8  MGA products and other Mattel products.  As the prior Discovery Master held in

9  denying a motion to compel on what was a less expansively worded Request, "this

10  category of requests is clearly overbroad, requiring production of documents that

11  merely mention MGA, Larian, Bratz or other MGA products, regardless of whether

12  or not they have anything to do with the claims or defenses in this case."[1144]

13  Similarly, the prior Discovery Master has denied motions to compel on Requests for

14  "documents referring or relating to MGA's business dealings, without specifying

15  any products or other subject matter limitations" because such Requests are grossly

16  overbroad.[1145]

17  There is no basis for overruling Mattel's privilege objection.  MGA's

18  bald assertion that "this request does not seek information protected by the attorney-

19  client privilege, the attorney work product doctrine, or any other applicable

20  privilege" has no merit.  Documents responsive to this Request could very well be

---

22  [1141]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

23  Dart Dec., Exh. 43.

24  ███████████████████

25  [1143]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

26  [1144]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,

27  dated May 22, 2007, Dart Dec., Exh. 5.

[1145]  Id.

28

1   subject to a claim of privilege or work product protection.  Despite MGA's claim to
2   the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA
3   has itself argued, the parties have agreed that "all privileged documents would be
4   logged except for documents created after this action was filed on April 27, 2004."
5   Thus, to the extent privileged documents fall within the post lawsuit time period,
6   they need not be included on Mattel's log.



-633-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ███████████████████████████████████████████████

2 ███████████████████████████████████████

3 ███████████████████████████████████████████████

4 ███████████████████████████████████████████████

5 ███████████████████████████████████████████████

6 ███████████████████████████████████████████████

7 ███████████████████████████████████████████████

8 ███████████████████████████████████████████████

9 ███████████████████████████████████████████████

10 ███████████████████████████████████████████████

11 ███████████████████████████████████████████████

12 ███████████████████████████████████████████████

13 ██

14 ██████████████████████████████████████████████

15 ████████████████████████████████████████████

16 ███████████████████████████████████████████████

17 ████████████████████████████████

18 **REQUEST FOR PRODUCTION NO. 79:**

19        All DOCUMENTS evidencing, detailing, discussing, describing,

20 depicting, mentioning, referring to, or relating to the similarities or differences

21 between BRATZ BOYZ on the one hand and any idea, concept, creation, design,

22 _____

23 ████████

24 ████████████████████████████████████████████

25 █

26 ████████████████████████████████████████████

27 █████████

28

1 work, or intellectual property owned by YOU on the other, which YOU contend

2 served, or may have served, as the idea, inspiration, source or origin for BRATZ

3 BOYZ.

4 **RESPONSE TO REQUEST NO. 79:**

5          In addition to the general objections stated above, which are

6 incorporated herein by reference, Mattel objects to this Request on the grounds that

7 it calls for the disclosure of information subject to the attorney-client privilege, the

8 attorney work-product doctrine and other applicable privileges.   Mattel further

9 objects to this Request as overbroad and unduly burdensome on the ground that it

10 seeks all documents in Mattel's possession, custody and control related to this topic,

11 created by <u>anyone at any time,</u> and purports to require Mattel to identify, investigate

12 and search for documents including newspaper articles and other publicly available

13 materials which are equally available to MGA. Mattel further objects to this Request

14 as vague and ambiguous.  Mattel further objects to this Request on the grounds that

15 it is improperly phrased as a legal contention.   Mattel further objects to the term

16 "MGA Product."   Mattel further objects to this Request on the grounds that it is

17 improperly phrased as a legal contention.  Mattel further objects to this Request on

18 the grounds it is duplicative of or subsumed within prior requests already responded

19 to and seeks re-production of information and documents already produced in this

20 action. Such information and documents will not be re-produced.

21 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

22 **TO SHOULD BE COMPELLED**

23          Mattel has not agreed to produce documents in response to this request,

24 subject to its improper boilerplate objections. Mattel has refused to confirm whether

25 or not it has produced all non-privileged responsive documents or whether it is

26 withholding documents based on its objections in Phase 2.  Under the Federal Rules

27 of Civil Procedure, "an objection to part of a request must specify the part and

28 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

1    fail to explain the basis for an objection with specificity are routinely rejected in the

2    Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

3    (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

4    harassing' are improper – especially when a party fails to submit any evidentiary

5    declarations supporting such objections").  Accordingly, Mattel must be compelled

6    either to certify that it has produced all non-privileged responsive documents or to

7    produce all such documents by a date certain.

8              To the extent that Mattel is relying on its blanket objections, they are

9    not sustainable and do not justify Mattel's failure to produce documents.

10             As to overbreadth, Mattel provides no explanation, let alone the

11   required particularity, as to *why* this request is supposedly overly broad, nor can it

12   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

13   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14   contrary, the request is narrowly tailored to seek documents concerning any

15   similarities or differences between the BRATZ BOYZ and any Mattel intellectual

16   property that Mattel contends served as an idea, inspiration, source or origin for the

17   BRATZ BOYZ.

18             As to burden, Mattel has not attempted to demonstrate why responding

19   to this request and/or producing responsive documents presents any burden.  This

20   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

21   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22   request is unduly burdensome must allege specific facts which indicate the nature

23   and extent of the burden, usually by affidavit or other reliable evidence.")

24   Moreover, it is not unduly burdensome, as noted above, in that the request is

25   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26   has engaged in a broad variety of unfair trade practices including serial copying of

27   MGA products, including its BRATZ product line.  Mattel has also alleged a trade

28

secret misappropriation claim against MGA. MGA is entitled to discovery on its claims and defenses.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests. Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

As for relevancy, Mattel has not attempted to demonstrate why the information sought in response to this request is not discoverable in Phase 2. On the contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's product lines, including its BRATZ product line, packaging, themes, accessories, and advertising.  Mattel has also alleged a trade secret misappropriation claim against MGA. Documents concerning any similarities or differences between the BRATZ BOYZ and any Mattel intellectual property that Mattel contends served as an idea, inspiration, source or origin for the BRATZ BOYZ are highly relevant to MGA's claims and defenses, including its serial copying claims and its defense against Mattel's trade secret misappropriation claim and are discoverable in Phase 2.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

MGA's Request for all documents relating to any comparison between the BRATZBOYZ and Mattel products includes a broad range of irrelevant materials and materials covered by the attorney-client privilege and the attorney work product without limitation as to time, scope, or source.  MGA and Mattel are large multinational corporations and direct competitors; accordingly, each company

will have generated a huge range of documents comparing products, majority of which are completely irrelevant to the Phase 2 claims.  Both MGA and Mattel are legally permitted to perform market research as to the success of their competitors products; the existence of any such research, if any, is completely irrelevant to the claims and issues in Phase 2.  Insomuch as it would incorporate the entirety of a vast number of additional Requests MGA has served in this action, it is also duplicative. MGA has made no showing that BRATZBOYZ is relevant to this action in any way; any comparison between BRATZBOYZ and Mattel products is simply irrelevant to the Phase 2 claims.  MGA is not entitled to irrelevant product comparisons.  Further, inasmuch as the ownership of the intellectual property comprising of the Bratz dolls, prior rulings in this case have already established that Mattel owns that intellectual property.  Inasmuch as MGA merely seeks discovery in order to upend these rulings in Phase 2, the Request is clearly irrelevant.

MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1), which clearly states that discovery must be "reasonably calculated to lead to the discovery of admissible evidence."  MGA has not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are relevant to Phase 2 issues. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense."  <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").  MGA has made no showing whatsoever that BRATZBOYZ has anything to do with the Phase 2

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

litigation. MGA makes no reference to allegations that Mattel committed any redressable harm related to BRATZBOYZ. The Request is wholly irrelevant.

Additionally, MGA failed to meet and confer in good faith regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). At no point during the meet and confer process did MGA articulate a valid basis for which this Request could be considered relevant to Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is simply not true; MGA never initiated any dialogue about this Request or Mattel's response in the first place. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

The motion is also moot. As MGA has admitted in correspondence going back to 2007[1158], Mattel has produced and continues to produce documents that are responsive to this Request. As to the actual production of relevant documents, there is no dispute and indeed had been no dispute for years, as MGA well knows, and this issue could have been resolved without motion practice if MGA had completed the meet and confer process in good faith.

The Request is also entirely duplicative of prior discovery served by Carter Bryant as well as subsequent discovery served by MGA. ████████

████████████████████████████████████████

████████████████████████████████████████

1 ▮▮▮▮▮    MGA's claim, at this stage of the litigation, that there remain
2 unproduced relevant materials on this subject in Mattel's possession is not credible.
3 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests
4 was duplicative and that Mattel had produced relevant documents in response.[1160]

5     Further, prior Orders entered in this case -- at MGA's urging -- make
6 very clear that a Request that seeks all documents relating to such a wide and
7 amorphous category as all documents relating to any comparison between irrelevant
8 MGA products and other Mattel products.  As the prior Discovery Master held in
9 denying a motion to compel on what was a less expansively worded Request, "this
10 category of requests is clearly overbroad, requiring production of documents that
11 merely mention MGA, Larian, Bratz or other MGA products, regardless of whether
12 or not they have anything to do with the claims or defenses in this case."[1161]
13 Similarly, the prior Discovery Master has denied motions to compel on Requests for
14 "documents referring or relating to MGA's business dealings, without specifying
15 any products or other subject matter limitations" because such Requests are grossly
16 overbroad.[1162]

17     There is no basis for overruling Mattel's privilege objection.  MGA's
18 bald assertion that "this request does not seek information protected by the attorney-
19 client privilege, the attorney work product doctrine, or any other applicable
20 privilege" has no merit.  Documents responsive to this Request could very well be

21 ──────────

22 [1158]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
23 Dart Dec., Exh. 43.

24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25 [1160]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
Dart Dec., Exh. 43.
26 [1161]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,
27 dated May 22, 2007, Dart Dec., Exh. 5.
[1162]  Id.
28

1   subject to a claim of privilege or work product protection.  Despite MGA's claim to
2   the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA
3   has itself argued, the parties have agreed that "all privileged documents would be
4   logged except for documents created after this action was filed on April 27, 2004."
5   Thus, to the extent privileged documents fall within the post lawsuit time period,
6   they need not be included on Mattel's log.



00505.07975/3161896.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1  ████████████████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████████████

3      ████████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████████

13 ████

14     ████████████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████

18 **REQUEST FOR PRODUCTION NO. 80:**

19      All DOCUMENTS evidencing, detailing, discussing, describing,

20 depicting, mentioning, referring to, or relating to the similarities or differences

21 between any MGA PRODUCT on the one hand and any idea, concept, creation,

22 _____

23     ████

24     ██████████████████████████████████████████████████

25 ██ ███

26 ████ ██████████████████████████████████████████████████

27 ████ ████████████████████████████████████████████████████

28

1  design, work, or intellectual property owned by YOU on the other, which YOU

2  contend served, or may have served, as the idea, inspiration, source or origin for any

3  MGA PRODUCT.

4  **RESPONSE TO REQUEST NO. 80:**

5          In addition to the general objections stated above, which are

6  incorporated herein by reference, Mattel objects to this Request on the grounds that

7  it calls for the disclosure of information subject to the attorney-client privilege, the

8  attorney work-product doctrine and other applicable privileges.   Mattel further

9  objects to this Request as overbroad and unduly burdensome on the ground that it

10 seeks all documents in Mattel's possession, custody and control related to this topic,

11 created by <u>anyone at any time,</u> including as to any "MGA Product" created at any

12 time, and purports to require Mattel to identify, investigate and search for

13 documents including newspaper articles and other publicly available materials

14 which are equally available to MGA. For the same reasons, Mattel further objects to

15 this Request on the grounds that it seeks documents that are not relevant to this

16 action, or reasonably calculated to lead to the discovery of admissible evidence.

17 Mattel further objects to this Request as vague and ambiguous, including but not

18 limited to the term "MGA Product."  Mattel further objects to this Request on the

19 grounds that it is improperly phrased as a legal contention.

20 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

21 **TO SHOULD BE COMPELLED**

22          Mattel has not agreed to produce documents in response to this request,

23 subject to its improper boilerplate objections. Mattel has refused to confirm whether

24 or not it has produced all non-privileged responsive documents or whether it is

25 withholding documents based on its objections in Phase 2. Under the Federal Rules

26 of Civil Procedure, "an objection to part of a request must specify the part and

27 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

28 fail to explain the basis for an objection with specificity are routinely rejected in the

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
2   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
3   harassing' are improper – especially when a party fails to submit any evidentiary
4   declarations supporting such objections").  Accordingly, Mattel must be compelled
5   either to certify that it has produced all non-privileged responsive documents or to
6   produce all such documents by a date certain.

7           To the extent that Mattel is relying on its blanket objections, they are
8   not sustainable and do not justify Mattel's failure to produce documents.

9           As to overbreadth, Mattel provides no explanation, let alone the
10  required particularity, as to *why* this request is supposedly overly broad, nor can it
11  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
12  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
13  contrary, the request is narrowly tailored to seek documents concerning any
14  similarities or differences between a MGA PRODUCT and any Mattel intellectual
15  property that Mattel contends served as an idea, inspiration, source or origin for the
16  MGA PRODUCT.

17          As to burden, Mattel has not attempted to demonstrate why responding
18  to this request and/or producing responsive documents presents any burden.  This
19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
20  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
21  request is unduly burdensome must allege specific facts which indicate the nature
22  and extent of the burden, usually by affidavit or other reliable evidence.")
23  Moreover, it is not unduly burdensome, as noted above, in that the request is
24  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
25  has engaged in a broad variety of unfair trade practices including serial copying of
26  MGA products.  Mattel has also alleged a trade secret misappropriation claim
27  against MGA. MGA is entitled to discovery on its claims and defenses.

28

1    This request does not seek documents protected by the attorney-client
2    privilege, the attorney work product doctrine, or other applicable privileges.  To the
3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel objects that the request is duplicative or subsumed within prior
5    requests but does not identify the allegedly duplicative requests.  Mattel's failure to
6    agree to produce responsive non-privileged documents is not proper based on this
7    objection.

8    As for relevancy, Mattel has not attempted to demonstrate why the
9    information sought in response to this request is not discoverable in Phase 2.  On the
10   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
11   product lines.  Mattel has also alleged a trade secret misappropriation claim against
12   MGA. Documents concerning any similarities or differences between MGA
13   PRODUCT and any Mattel intellectual property that Mattel contends served as an
14   idea, inspiration, source or origin for the MGA PRODUCT are highly relevant to
15   MGA's claims and defenses, including its serial copying claims and its defense
16   against Mattel's trade secret misappropriation claim and are discoverable in Phase 2.

17   None of Mattel's improper objections are valid and Mattel is obligated
18   to produce all non-privileged responsive documents in its possession, custody, or
19   control.

20   **MATTEL'S RESPONSE:**

21   MGA's Request for all documents relating to any comparison between
22   any MGA Product and Mattel products includes a broad range of irrelevant
23   materials and materials covered by the attorney-client privilege and the attorney
24   work product without limitation as to time, scope, or source.  First, the Request
25   includes a broad range of products that are completely unrelated to the litigation.
26   The entirety of MGA's product line is not at stake, and there is no connection
27   between every item of MGA's product line to any claim or issue in this case.
28   Second, to the extent that MGA's Request includes the initial Bratz dolls, it has

already been determined that Mattel owns the rights to those dolls. MGA is not entitled to an internal comparison between two or more product ideas that Mattel owns. MGA and Mattel are large multinational corporations and direct competitors; accordingly, each company will have generated a huge range of documents comparing products, majority of which are completely irrelevant to the Phase 2 claims. Both MGA and Mattel are legally permitted to perform market research as to the success of their competitors products; the existence of any such research, if any, is completely irrelevant to the claims and issues in Phase 2. Insomuch as it would incorporate the entirety of a vast number of additional Requests MGA has served in this action, it is also duplicative. MGA has made no showing that the entirety of MGA's product line is relevant to this action in any way. MGA is not entitled to irrelevant product comparisons. Inasmuch as MGA merely seeks discovery in order to upend these rulings in Phase 2, the Request is clearly irrelevant.

MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1), which clearly states that discovery must be "reasonably calculated to lead to the discovery of admissible evidence." MGA has not sufficiently explained how all documents relating to the "Bratz Concept" are relevant to Phase 2 issues. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   ("District courts need not condone the use of discovery to engage in 'fishing

2   expeditions.'").

3         Additionally, MGA failed to meet and confer in good faith regarding

4   this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master Order No. 1,

5   dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

6   party shall first identify each dispute, state the relief sought and identify the

7   authority supporting the requested relief in a meet and confer letter that shall be

8   served on all parties by facsimile or electronic mail. The parties shall have five court

9   days from the date of service of that letter to conduct an in-person conference to

10  attempt to resolve the dispute."). At no point during the meet and confer process did

11  MGA articulate a valid basis for which this Request could be considered relevant to

12  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

13  simply not true; MGA never initiated any dialogue about this Request or Mattel's

14  response in the first place. The Discovery Master should deny MGA's motion with

15  respect to this Request on that grounds alone.

16         The motion is also moot.  As MGA has admitted in correspondence

17  going back to 2007[1175], Mattel has produced and continues to produce documents

18  that are responsive to this Request.  As to the actual production of relevant

19  documents, there is no dispute and indeed had been no dispute for years, as MGA

20  well knows, and this issue could have been resolved without motion practice if

21  MGA had completed the meet and confer process in good faith.

22         The Request is also entirely duplicative of prior discovery served by

23  Carter Bryant as well as subsequent discovery served by MGA. ████████

24  ████████████████████████████████████████████████

25  ████████████████████████████████████████████████

26

27

28

1      ████████ MGA's claim, at this stage of the litigation, that there remain

2 unproduced relevant materials on this subject in Mattel's possession is not credible.

3 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

4 was duplicative and that Mattel had produced relevant documents in response.[1177]

5      Further, prior Orders entered in this case -- at MGA's urging -- make

6 very clear that a Request that seeks all documents relating to such a wide and

7 amorphous category as all documents relating to any comparison between irrelevant

8 MGA products and other Mattel products. As the prior Discovery Master held in

9 denying a motion to compel on what was a less expansively worded Request, "this

10 category of requests is clearly overbroad, requiring production of documents that

11 merely mention MGA, Larian, Bratz or other MGA products, regardless of whether

12 or not they have anything to do with the claims or defenses in this case."[1178]

13 Similarly, the prior Discovery Master has denied motions to compel on Requests for

14 "documents referring or relating to MGA's business dealings, without specifying

15 any products or other subject matter limitations" because such Requests are grossly

16 overbroad.[1179]

17      There is no basis for overruling Mattel's privilege objection. MGA's

18 bald assertion that "this request does not seek information protected by the attorney-

19 client privilege, the attorney work product doctrine, or any other applicable

20 privilege" has no merit. Documents responsive to this Request could very well be

21 ────────────────

22 [1175] <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

23 Dart Dec., Exh. 43.

24 ████████████████████████████████████████████

25 [1177] <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
Dart Dec., Exh. 43.

26 [1178] <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel,

27 dated May 22, 2007, Dart Dec., Exh. 5.
[1179] <u>Id.</u>

28

00505.07975/3161896.1

-650-

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  subject to a claim of privilege or work product protection.  Despite MGA's claim to

2  the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA

3  has itself argued, the parties have agreed that "all privileged documents would be

4  logged except for documents created after this action was filed on April 27, 2004."

5  Thus, to the extent privileged documents fall within the post lawsuit time period,

6  they need not be included on Mattel's log.



00505.07975/3161896.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  ████████████████████████████████████████████████

2  ██████████████████████████████████████████████

3      ██████████████████████████████████████████

4  ████████████████████████████████████████████████

5  ████████████████████████████████████████████████

6  ████████████████████████████████████████████████

7  ████████████████████████████████████████████████

8  ████████████████████████████████████████████████

9  ████████████████████████████████████████████████

10  ████████████████████████████████████████████████

11  ████████████████████████████████████████████████

12  ████████████████████████████████████████████████

13  ██

14      ██████████████████████████████████████████

15  ████████████████████████████████████████████████

16  ████████████████████████████████████████████████

17  ████████████████████████████████

18  **REQUEST FOR PRODUCTION NO. 81:**

19      All DOCUMENTS quantifying, calculating, estimating, referring to, or

20  relating to the damage or harm YOU have purportedly suffered as a result of

21  BRYANT's alleged conduct including, without limitation, all DOCUMENTS

22  _____

23      ████

24  ██████████████████████████████████████████

25  ██

26  ██████████████████████████████████████████

27  ██████████████████████████████████████████

28

1  evidencing the cause, nature, extent, and amount or value of any unjust enrichment,
2  lost revenues, lost profits, lost sales, price erosion, lost or converted property,
3  consequential and incidental damage, information or intellectual property provided
4  to any competitor, benefit obtained by any competitor, lost opportunity, lost
5  advantage, lost benefit, and any other form of alleged harm.

6  **RESPONSE TO REQUEST NO. 81:**

7        In addition to the general objections stated above, which are
8  incorporated herein by reference, Mattel objects to this Request on the grounds that
9  it is unreasonably burdensome and premature in that the facts necessary to
10 determine the full nature and extent of Mattel's relief and damages from defendant's
11 acts or omissions are known by defendants and third parties associated with
12 defendants, but are not known by Mattel at this juncture because of defendants'
13 refusals to produce basic discovery.  Mattel further objects to this Request on the
14 grounds that it calls for the disclosure of information subject to the attorney-client
15 privilege, the attorney work-product doctrine and other applicable privileges.  Mattel
16 further objects to this Request on the grounds that it-is duplicative of or subsumed
17 within prior Requests already responded to and seeks the re-production of
18 information and documents already produced in this action.  Such information and
19 documents will not be re-produced.  Mattel further objects to this Request as
20 premature in that it seeks expert discovery.  Such discovery will be disclosed only at
21 the time, and in the manner required by, the Rules and the Court's Orders.

22 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
23 **TO SHOULD BE COMPELLED**

24       Mattel has not agreed to produce documents in response to this request,
25 subject to its improper boilerplate objections.  Mattel has refused to confirm whether
26 or not it has produced all non-privileged responsive documents or whether it is
27 withholding documents based on its objections in Phase 2.  Under the Federal Rules
28 of Civil Procedure, "an objection to part of a request must specify the part and

1    permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
2    fail to explain the basis for an objection with specificity are routinely rejected in the
3    Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
4    (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
5    harassing' are improper – especially when a party fails to submit any evidentiary
6    declarations supporting such objections").  Accordingly, Mattel must be compelled
7    either to certify that it has produced all non-privileged responsive documents or to
8    produce all such documents by a date certain.

9           To the extent that Mattel is relying on its blanket objections, they are
10   not sustainable and do not justify Mattel's failure to produce documents.

11          As to overbreadth, Mattel provides no explanation, let alone the
12   required particularity, as to *why* this request is supposedly overly broad, nor can it
13   do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
14   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  The
15   request is narrowly tailored to seek all documents quantifying, calculating,
16   estimating, or related to the damage or harm Mattel's contends to have purportedly
17   suffered as a result of BRYANT's alleged conduct.  Such documents may include
18   documents evidencing the cause, nature, extent, and amount or value of any unjust
19   enrichment, lost revenues, lost profits, lost sales, price erosion, lost or converted
20   property, consequential and incidental damage, information or intellectual property
21   provided to any competitor, benefit obtained by any competitor, lost opportunity,
22   lost advantage, lost benefit, and any other form of alleged harm.

23          As to burden, Mattel has not attempted to demonstrate why responding
24   to this request and/or producing responsive documents presents any burden.  This
25   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
26   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
27   request is unduly burdensome must allege specific facts which indicate the nature
28   and extent of the burden, usually by affidavit or other reliable evidence.")

1  Moreover, it is not unduly burdensome, as noted above, in that the request is
2  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
3  has engaged in a broad variety of unfair trade practices including serial copying of
4  MGA products.

5        This request does not seek documents protected by the attorney-client
6  privilege, the attorney work product doctrine, or other applicable privileges.  To the
7  extent that Mattel contends that it does, Mattel must provide a privilege log.

8        As to relevancy, Mattel has not attempted to make any objections.  It
9  therefore concedes relevance.  MGA is entitled to all documents on the issue, and
10  not just those that Mattel chooses to produce in support of its claims.  Further,
11  Mattel's prayer for relief is extremely broad.  Because Mattel's pleadings seek such
12  broad relief, MGA is entitled to extremely broad discovery on these issues.  A
13  request that seeks all documents quantifying, calculating, estimating, or related to
14  the damage or harm Mattel's contends to have purportedly suffered as a result of
15  BRYANT's alleged conduct is relevant to this action and MGA's defense.

16        Mattel objects that the request contains confidential, proprietary, and
17  trade secret information.  A Protective Order exists in this case, obviating any
18  concern as to protection of privacy rights and/or commercially sensitive
19  information.

20        None of Mattel's improper objections are valid and Mattel is obligated
21  to produce all non-privileged responsive documents in its possession, custody, or
22  control.

23  **MATTEL'S RESPONSE:**

24        MGA's argument that it is entitled to these documents fails on the
25  merits.  The Request is duplicative of other MGA Parties requests to which Mattel
26  has already produced non-privileged responsive documents, particularly Bryant's
27  Request No. 25 ("All DOCUMENTS in YOUR possession, custody or control that
28  EVIDENCE, RELATE OR REFER to any damages YOU contend to have suffered

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   as a result of any act or omission of Bryant.").[1192]   Indeed, MGA has even

2   acknowledged that this Request is duplicative of and consumed by prior requests.[1193]

3   "A trial court has a duty, of special significance in lengthy and complex cases where

4   the possibility of abuse is always present, to supervise and limit discovery to protect

5   parties and witnesses from annoyance and excessive expense."   Dolgow v.

6   Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

7   American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

8   Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

9   (same).   As the previous Discovery Master has held, a party may not propound

10   document requests as part of a fishing expedition or to discover new claims.[1194]

11   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

12   not condone the use of discovery to engage in 'fishing expeditions.'").

13           Further, this Request is overbroad.   Seeking the universe of all

14   documents quantifying, calculating, estimating, referring to, or relating to the

15   damage or harm Mattel suffered from Bryant's conduct is plainly not narrowly

16   tailored to seek information relevant to Phase 2.

17           Further, this Request is unduly burdensome.   Rule 26(b)(2)(c) provides

18   that a Court should limit the extent of discovery if it determines that the burden of

19   the proposed discovery outweighs its likely benefit; the discovery sought is

20   unreasonably cumulative or duplicative, or is obtainable from some other source that

21   is more convenient, less burdensome, or less expensive; or the party seeking

22

23   [1192]   See Mattel's Objections and Responses to Defendant's First Set of Requests
24   for Identification and Production of Documents and Tangible Things, dated July 16,
     2004, Dart Dec., Exh. 51.

25   [1193]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at
26   2, Dart Dec., Exh. 43.

27

28

1  discovery has had ample opportunity by discovery in the action to obtain the

2  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

3  producing the documents responsive to this overbroad Request would greatly

4  outweigh any marginal benefit to MGA, for the following reasons.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23  [1194]   See Order Granting In Part and Denying In Part Mattel's Motion for

24  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.

25  1.

26

27

28

00505.07975/3161896.1
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ██████████████████████████████████████████████

2 ████████████████████

3 ████████████████████████████████████████████

4 ██████████████████████████████████████████████

5 ██████████████████████████████████████████████

6 ██████████████████████████████████████████████

7 ██████████████████████████████████████████████

8 ██████████████████████████████████████████████

9 ██████████████████████████████████████████████

10 ██████████████████████████████████████████████

11 ██████████████████████████████████████████████

12 ████████████████████████████████████████████

13 ██

14 ████████████████████████████████████████████

15 ██████████████████████████████████████████████

16 ██████████████████████████████████████████████

17 ██████████████████████████████████

18    Mattel also properly reserved its right to supplement its production

19 subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated

20 Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

21 objections to interrogatory because "[t]o the extent that the theories of damages

22 _____

23 ████

24 █████████████████████████████████████████████

25 ██

26 ████████████████████████████████████████████

27 ████████████████████████████████████████████

28 ████

1  applicable to these claims may be related to the damages sought by plaintiff's fourth
2  claim, the interrogatory is premature").  <u>Ziemack v. Centel Corp.</u>, 1995 WL 729295,
3  at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses
4  but noting that "this Court does not expect Plaintiffs to address the issues that will
5  be more appropriately dealt with by experts, at a later date" and "since experts have
6  not been either retained or deposed, much of the remaining discovery is also
7  premature.").

8       There is no basis for overruling Mattel's privilege objection.  MGA's
9  bald assertion that "[t]his request does not seek information protected by the
10  attorney-client privilege, the attorney work product doctrine, or other applicable
11  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
12  agreed that "all privileged documents would be logged except for documents created
13  after this action was filed on April 27, 2004."[1207]  Thus, to the extent privileged
14  documents fall within the post lawsuit time period, they need not be included on
15  Mattel's log.  Although it bears the burden of showing why this agreement should
16  not be applied to a given Request, MGA fails to do so.

17       Finally, MGA failed to meet and confer at all, much less in good faith,
18  regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master
19  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
20  the moving party shall first identify each dispute, state the relief sought and identify
21  the authority supporting the requested relief in a meet and confer letter that shall be
22  served on all parties by facsimile or electronic mail. The parties shall have five court
23  days from the date of service of that letter to conduct an in-person conference to
24  attempt to resolve the dispute.").  In order to engage in a meaningful meet and

25  _____

26  [1207]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.
28

1  confer, MGA had the burden to show the relevance of any requests it sought to

2  move on.[1208]   At no point during the meet and confer process did MGA show why

3  this Request could be considered relevant to Phase 2 issues.[1209]   Because MGA

4  refused to even attempt to make this showing, there was no possibility of a good

5  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

6  deny MGA's motion with respect to this Request on that grounds alone.

7  **REQUEST FOR PRODUCTION NO. 88:**

8           All DOCUMENTS that name or are otherwise sufficient to identify the

9  individuals who worked on or were involved in any way in the plans for creating,

10 designing, developing and marketing "Toon Teens," including individuals who

11 worked on or were involved in any way in (1) deciding to create, design, develop or

12 market "Toon Teens" and (2) deciding to stop or abandon the design, development

13 or marketing of "Toon Teens".

14 **RESPONSE TO REQUEST NO. 88:**

15          In addition to the general objections stated above, which are

16 incorporated herein by reference, Mattel objects to this Request as overbroad and

17 unduly burdensome in that it seeks all documents in Mattel's possession, custody

18 and control created by <u>anyone at any time</u> that are related to this topic, regardless of

19 whether the documents relate to the conduct at issue in this lawsuit.  Mattel further

20 objects to this Request on the grounds that it calls for the disclosure of information

21 subject to the attorney-client privilege, the attorney work-product doctrine and other

22 applicable privileges.  Mattel further objects to this Request on the grounds that it is

23 duplicative of or subsumed within prior Requests already responded to and seeks the

24

25  [1208]  <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

   [1209]  <u>See</u> Webster Dec. at p. 1-5.

28

1  re-production of information and documents already produced in this action.  Such
2  information and documents will not be re-produced.

3  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 88:**

4     In addition to the general objections stated above, which are
5  incorporated herein by reference, Mattel objects to this Request as overbroad and
6  unduly burdensome in that it seeks all documents in Mattel's possession, custody
7  and control created by anyone at any time that are related to this topic, regardless of
8  whether the documents relate to the conduct at issue in this lawsuit.  Mattel further
9  objects to the Request as misleading and erroneous in its use of the term "abandon"
10  and is otherwise assuming facts not in evidence.  Mattel further objects to this
11  Request on the grounds that it calls for the disclosure of information subject to the
12  attorney-client privilege, the attorney work-product doctrine and other applicable
13  privileges.  Mattel further objects to this Request on the grounds that it is duplicative
14  of or subsumed within other Requests within this set of requests, duplicative of or
15  subsumed within prior Requests already responded to in this litigation, and seeks the
16  re-production of information and documents already produced in this action.  Such
17  information and documents will not be re-produced.  Subject to and without waiving
18  the foregoing general and specific objections, Mattel will produce responsive, non-
19  privileged documents sufficient to identify individuals who worked on "the
20  conception, creation, design and development" of the "Toon Teens," to the extent
21  such responsive, non-privileged documents are in its possession, custody or control,
22  can be located after a diligent search and reasonable inquiry, and have not been
23  previously produced.

24  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 88:**

25     In addition to the general objections stated above, which are
26  incorporated herein by reference, Mattel objects to this Request as overbroad and
27  unduly burdensome in that it seeks all documents in Mattel's possession, custody
28  and control created by anyone at any time that are related to this topic, regardless of

1  whether the documents relate to the conduct at issue in this lawsuit.  Mattel further
2  objects to the Request as misleading and erroneous in its use of the term "abandon"
3  and is otherwise assuming facts not in evidence.   Mattel further objects to this
4  Request on the grounds that it calls for the disclosure of information subject to the
5  attorney-client privilege, the attorney work-product doctrine and other applicable
6  privileges.  Mattel further objects to this Request on the grounds that it is duplicative
7  of or subsumed within other Requests within this set of requests, duplicative of or
8  subsumed within prior Requests already responded to in this litigation, and seeks the
9  re-production of information and documents already produced in this action.  Such
10  information and documents will not be re-produced.  Subject to and without waiving
11  the foregoing general and specific objections, Mattel will produce responsive, non-
12  privileged documents sufficient to identify individuals who worked on "the
13  conception, creation, design and development" of the "Toon Teens," to the extent
14  such responsive, non-privileged documents are in its possession, custody or control,
15  can be located after a diligent search and reasonable inquiry, and have not been
16  previously produced.

17  **CORRECTED SECOND SUPPLEMENTAL RESPONSE TO  REQUEST NO.**
18  **88:**

19       In addition to the general objections stated above, which are
20  incorporated herein by reference, Mattel objects to this Request as overbroad and
21  unduly burdensome in that it seeks all documents in Mattel's possession, custody
22  and control created by anyone at any time that are related to this topic, regardless of
23  whether the documents relate to the conduct at issue in this lawsuit.  Mattel further
24  objects to the Request as misleading and erroneous in its use of the term "abandon"
25  and is otherwise assuming facts not in evidence.   Mattel further objects to this
26  Request on the grounds that it calls for the disclosure of information subject to the
27  attorney-client privilege, the attorney work-product doctrine and other applicable
28  privileges.  Mattel further objects to this Request on the grounds that it is duplicative

1  of or subsumed within other Requests within this set of requests, duplicative of or
2  subsumed within prior Requests already responded to in this litigation, and seeks the
3  re-production of information and documents already produced in this action.  Such
4  information and documents will not be re-produced.  Subject to and without waiving
5  the foregoing general and specific objections, Mattel will produce responsive, non-
6  privileged documents sufficient to identify individuals who worked on "the
7  conception, creation, design and development" of the "Toon Teens," to the extent
8  such responsive, non-privileged documents are in its possession, custody or control,
9  can be located after a diligent search and reasonable inquiry, and have not been
10 previously produced.

11 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
12 **TO SHOULD BE COMPELLED**

13          Even after serving supplemental responses, Mattel still improperly
14 limits its agreement to produce documents in response to this request.  Moreover,
15 Mattel has refused to confirm whether or not it has produced all non-privileged
16 responsive documents or whether it is withholding documents based on its
17 objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to
18 part of a request must specify the part and permit inspection of the rest."  Fed. R.
19 Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection
20 with specificity are routinely rejected in the Central District.  See A. Farber and
21 Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or
22 boilerplate objections such as 'overly burdensome and harassing' are improper –
23 especially when a party fails to submit any evidentiary declarations supporting such
24 objections").  Accordingly, Mattel must be compelled either to certify that it has
25 produced all non-privileged responsive documents or to produce all such documents
26 by a date certain.

27          To the extent that Mattel is relying on its blanket objections, they are
28 not sustainable and do not justify Mattel's failure to produce documents.

1    Mattel's agreement to produce responsive documents is improperly
2  limited insofar as it does not agree to produce documents relating to marketing of
3  Toon Teens or relating to Mattel's decision to stop selling or abandon Toon Teens to
4  the extent any such documents exist.  Mattel objects that "abandon" assumes facts
5  not in evidence.  If Mattel did not ever stop or abandon Toon Teens, Mattel need
6  only state that no non-privileged responsive documents exist.  Otherwise, MGA is
7  entitled to a complete production.

8    As to overbreadth, Mattel provides no explanation, let alone the
9  required particularity, as to *why* this request is supposedly overly broad, nor can it
10 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
11 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
12 contrary, the request is narrowly tailored to seek documents sufficient to identify
13 people working on a particular product.

14    As to burden, Mattel has not attempted to demonstrate why responding
15 to this request and/or producing responsive documents presents any burden.  This
16 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
17 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
18 request is unduly burdensome must allege specific facts which indicate the nature
19 and extent of the burden, usually by affidavit or other reliable evidence.")
20 Moreover, it is not unduly burdensome, as noted above, in that the request is
21 narrowly tailored to seek only discoverable evidence.

22    This request does not seek documents protected by the attorney-client
23 privilege, the attorney work product doctrine, or other applicable privileges.  To the
24 extent that Mattel contends that it does, Mattel must provide a privilege log.

25    Mattel objects that the request is duplicative or subsumed within prior
26 requests but does not identify the allegedly duplicative requests.  Mattel's failure to
27 agree to produce responsive non-privileged documents is not proper based on this
28 objection.

1    None of Mattel's improper objections are valid and Mattel is obligated
2  to produce all non-privileged responsive documents in its possession, custody, or
3  control.

4  **MATTEL'S RESPONSE:**

5    MGA has not even attempted to formulate an argument that this
6  Request is relevant to Phase 2. The ownership of Bratz has already been determined
7  in this case; MGA has not shown that "Toon Teens," which pre-dated Bratz, is
8  relevant to any of its claims or defenses. Inasmuch as MGA merely seeks discovery
9  in order to upend prior rulings, the Request is clearly irrelevant.

10    MGA must establish that its discovery meets the relevance
11  requirements of Rule 26(b)(1), which clearly states that discovery must be
12  "reasonably calculated to lead to the discovery of admissible evidence." MGA has
13  not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are
14  relevant to Phase 2 issues. "A trial court has a duty, of special significance in
15  lengthy and complex cases where the possibility of abuse is always present, to
16  supervise and limit discovery to protect parties and witnesses from annoyance and
17  excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see
18  also Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133
19  n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL
20  1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a
21  party may not propound document requests as part of a fishing expedition or to
22  discover new claims. <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)
23  ("District courts need not condone the use of discovery to engage in 'fishing
24  expeditions.'").

25    Additionally, MGA failed to meet and confer in good faith regarding
26  this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master Order No. 1,
27  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
28  party shall first identify each dispute, state the relief sought and identify the

1    authority supporting the requested relief in a meet and confer letter that shall be
2    served on all parties by facsimile or electronic mail. The parties shall have five court
3    days from the date of service of that letter to conduct an in-person conference to
4    attempt to resolve the dispute."). At no point during the meet and confer process did
5    MGA articulate a valid basis for which this Request could be considered relevant to
6    Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is
7    simply not true; MGA never initiated any dialogue about this Request or Mattel's
8    response in the first place. The Discovery Master should deny MGA's motion with
9    respect to this Request on that grounds alone.

10           The motion is also moot. As MGA has admitted in correspondence
11    going back to 2007[1210], Mattel has produced and continues to produce documents
12    that are responsive to this Request. As to the actual production of relevant
13    documents, there is no dispute and indeed had been no dispute for years, as MGA
14    well knows, and this issue could have been resolved without motion practice if
15    MGA had completed the meet and confer process in good faith.

16           The Request is also entirely duplicative of prior discovery served by
17    Carter Bryant as well as subsequent discovery served by MGA. Mattel has
18    produced documents in response to countless requests for production seeking
19    information related to Toon Teens.[1211] MGA's claim, at this stage of the litigation,
20    that there remain unproduced relevant materials on this subject in Mattel's
21    possession is not credible. In fact, over *two years ago* MGA wrote a letter admitting

22
23
24

25    [1210]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
26    Dart Dec., Exh. 43.
27    [1211]  See Declaration of Michael T. Zeller In Support of Mattel's Opposition to
      MGA's Motion to Compel, dated July 17, 2007, Dart Dec., Exh. 44.
28

1  that this set of requests was duplicative and that Mattel had produced relevant
2  documents in response.[1212]

3        The Request is also duplicative of other MGA Parties requests.   As
4  explained in Mattel's Opposition, Mattel has already produced all non-privileged
5  documents in its possession relating to Toon Teens.[1213]   Therefore this sub-set of
6  Toon Teens documents cannot possibly seek non-duplicative information.   And
7  MGA has even acknowledged that Mattel has produced documents responsive to
8  this Request.[1214]

9        There is no basis for overruling Mattel's privilege objection.  MGA's
10 bald assertion that "this request does not seek information protected by the attorney-
11 client privilege, the attorney work product doctrine, or any other applicable
12 privilege" has no merit.  Documents responsive to this Request could very well be
13 subject to a claim of privilege or work product protection.  Despite MGA's claim to
14 the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA
15 has itself argued, the parties have agreed that "all privileged documents would be
16 logged except for documents created after this action was filed on April 27, 2004."
17 Thus, to the extent privileged documents fall within the post lawsuit time period,
18 they need not be included on Mattel's log.

19 **REQUEST FOR PRODUCTION NO. 91:**

20       All DOCUMENTS referring or relating to BRATZ INTELLECTUAL
21 PROPERTY that YOU have given or shown to any person who worked on or was
22 involved in the conception, creation, design or development of "Toon Teens".

[1212]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.
[1213]   See Opp. at at 9-10 (listing produced categories).
[1214]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2, Dart Dec., Exh. 43.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1 | **RESPONSE TO REQUEST NO. 91:**

2 |       In addition to the general objections stated above, which are

3 | incorporated herein by reference, Mattel objects to this Request as overbroad and

4 | unduly burdensome on the grounds that it seeks all documents in Mattel's

5 | possession, custody and control that refer or relate to "Bratz Intellectual Property"

6 | given or shown <u>at any time</u> by "Mattel," as defined by MGA to include past

7 | employee like Bryant, to any person who worked on or <u>was involved in</u> the

8 | conception, creation, design or development of "Toon Teens," regardless of whether

9 | the documents are related to the conduct at issue in this lawsuit. Mattel further

10 | objects to the Request on the ground that the term "Bratz Intellectual Property" is

11 | vague and ambiguous. Mattel further objects to this Request on the grounds that it

12 | seeks confidential, proprietary and trade secret information that has no bearing on

13 | the claims or defenses in this case. Mattel further objects to this Request on the

14 | grounds that it calls for the disclosure of information subject to the attorney-client

15 | privilege, the attorney work-product doctrine and other applicable privileges. Mattel

16 | further objects to this Request on the grounds that it is duplicative of or subsumed

17 | within prior Requests already responded to and seeks the re-production of

18 | information and documents already produced in this action. Such information and

19 | documents will not be re-produced.

20 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

21 | **TO SHOULD BE COMPELLED**

22 |       Mattel has refused to produce documents in response to this request in

23 | particular, resting on its improper boilerplate objections. Under the Federal Rules of

24 | Civil Procedure, "an objection to part of a request must specify the part and permit

25 | inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to

26 | explain the basis for an objection with specificity are routinely rejected in the

27 | Central District. See <u>A. Farber and Partners, Inc. v. Garber,</u> 234 F.R.D. 186, 188

28 | (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

1  harassing' are improper – especially when a party fails to submit any evidentiary
2  declarations supporting such objections").  Accordingly, Mattel must be compelled
3  either to certify that it has produced all non-privileged responsive documents or to
4  produce all such documents by a date certain.

5        To the extent that Mattel is relying on its blanket objections, they are
6  not sustainable and do not justify Mattel's failure to produce documents.

7        As to overbreadth, Mattel provides no explanation, let alone the
8  required particularity, as to *why* this request is supposedly overly broad, nor can it
9  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
10 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
11 contrary, the request is narrowly tailored to seek documents concerning Mattel's
12 "Toon Teens" product.

13       As to burden, Mattel has not attempted to demonstrate why responding
14 to this request and/or producing responsive documents presents any burden.  This
15 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
16 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
17 request is unduly burdensome must allege specific facts which indicate the nature
18 and extent of the burden, usually by affidavit or other reliable evidence.")
19 Moreover, it is not unduly burdensome, as noted above, in that the request is
20 narrowly tailored to seek only discoverable evidence.

21       This request does not seek documents protected by the attorney-client
22 privilege, the attorney work product doctrine, or other applicable privileges.  To the
23 extent that Mattel contends that it does, Mattel must provide a privilege log.

24       Mattel objects that the request contains confidential/proprietary/trade
25 secret information.  A Protective Order exists in this case, obviating any concern as
26 to protection of privacy rights and/or commercially sensitive information.

27       Mattel objects that the request is duplicative or subsumed within prior
28 requests but does not identify the allegedly duplicative requests.  Mattel's failure to

1  agree to produce responsive non-privileged documents is not proper based on this
2  objection.

3          Mattel alleges that Bryant copied or converted a Mattel product called
4  "Toon Teens." Documents relating to this product are relevant to MGA's claims and
5  defenses, including MGA's statute of limitations defense and damages.

6          None of Mattel's improper objections are valid and Mattel is obligated
7  to produce all non-privileged responsive documents in its possession, custody, or
8  control.

9  **MATTEL'S RESPONSE:**

10          MGA has not even attempted to formulate an argument that this
11  Request is relevant to Phase 2. The ownership of Bratz has already been determined
12  in this case; MGA has not shown that "Toon Teens," which pre-dated Bratz, is
13  relevant to any of its claims or defenses. The "Bratz Intellectual Property" as
14  defined by MGA has at all times been and continues to be intellectual property that
15  is owned by Mattel. MGA has made no showing that internal comparisons between
16  intellectual property that Mattel itself owns is relevant to the Phase 2 claims.
17  Inasmuch as MGA merely seeks discovery in order to upend the prior rulings in this
18  case, the Request is clearly irrelevant.

19          MGA must establish that its discovery meets the relevance
20  requirements of Rule 26(b)(1), which clearly states that discovery must be
21  "reasonably calculated to lead to the discovery of admissible evidence." MGA has
22  not sufficiently explained how all documents relating to the "Bratz Concept" are
23  relevant to Phase 2 issues. "A trial court has a duty, of special significance in
24  lengthy and complex cases where the possibility of abuse is always present, to
25  supervise and limit discovery to protect parties and witnesses from annoyance and
26  excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
27  also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
28  n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

-672-

1   1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

2   party may not propound document requests as part of a fishing expedition or to

3   discover new claims.  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)

4   ("District courts need not condone the use of discovery to engage in 'fishing

5   expeditions.'").

6          Additionally, MGA failed to meet and confer in good faith regarding

7   this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,

8   dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

9   party shall first identify each dispute, state the relief sought and identify the

10  authority supporting the requested relief in a meet and confer letter that shall be

11  served on all parties by facsimile or electronic mail. The parties shall have five court

12  days from the date of service of that letter to conduct an in-person conference to

13  attempt to resolve the dispute.").  At no point during the meet and confer process did

14  MGA articulate a valid basis for which this Request could be considered relevant to

15  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

16  simply not true; MGA never initiated any dialogue about this Request or Mattel's

17  response in the first place.  The Discovery Master should deny MGA's motion with

18  respect to this Request on that grounds alone.

19         The motion is also moot.  As MGA has admitted in correspondence

20  going back to 2007[1215], Mattel has produced and continues to produce documents

21  that are responsive to this Request.  As to the actual production of relevant

22  documents, there is no dispute and indeed had been no dispute for years, as MGA

23  well knows, and this issue could have been resolved without motion practice if

24  MGA had completed the meet and confer process in good faith.

25

26

27  [1215]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
    Dart Dec., Exh. 43.

28

1    The Request is also entirely duplicative of prior discovery served by
2  Carter Bryant as well as subsequent discovery served by MGA.  ████████

3  ████████████████████████████████████████████████████████████████████
4  ████████████████████████████████████████████████████████████████████
5  ████████████    MGA's claim, at this stage of the litigation, that there remain
6  unproduced relevant materials on this subject in Mattel's possession is not credible.
7  In fact, over *two years ago* MGA wrote a letter admitting that this set of requests
8  was duplicative and that Mattel had produced relevant documents in response.[1217]

9    The Request is also duplicative of other MGA Parties requests.  As
10 explained in Mattel's Opposition, Mattel has already produced all non-privileged
11 documents in its possession relating to Toon Teens.[1218]  Therefore this sub-set of
12 Toon Teens documents cannot possibly seek non-duplicative information.  And
13 MGA has even acknowledged that Mattel has produced documents responsive to
14 this Request.[1219]

15    There is no basis for overruling Mattel's privilege objection.  MGA's
16 bald assertion that "this request does not seek information protected by the attorney-
17 client privilege, the attorney work product doctrine, or any other applicable
18 privilege" has no merit.  Documents responsive to this Request could very well be
19 subject to a claim of privilege or work product protection.  Despite MGA's claim to
20 the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA
21 has itself argued, the parties have agreed that "all privileged documents would be

22 _____
23 ████████████████████████████████████████████████████████████
24 ████████████████████████████████████████████
25 [1217]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
   Dart Dec., Exh. 43.
26 [1218]  See Opp. at at 9-10 (listing produced categories).
27 [1219]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at
   2, Dart Dec., Exh. 43.
28

1  logged except for documents created after this action was filed on April 27, 2004."

2  Thus, to the extent privileged documents fall within the post lawsuit time period,

3  they need not be included on Mattel's log.

4  **REQUEST FOR PRODUCTION NO. 92:**

5          All DOCUMENTS referring or relating to the BRATZ CONCEPT that

6  YOU have given or shown to any person who worked on or was involved in the

7  conception, creation, design or development of "Toon Teens".

8  **RESPONSE TO REQUEST NO. 92:**

9          In addition to the general objections stated above, which are

10  incorporated herein by reference, Mattel objects to this Request as overbroad and

11  unduly burdensome on the grounds that it seeks all documents in Mattel's

12  possession, custody and control that refer or relate to the "Bratz Concept" given or

13  shown at <u>any time</u> by "Mattel," as defined by MGA to include past employee like

14  Bryant, to any person who worked on or <u>was involved in</u> the conception, creation,

15  design or development of "Toon Teens," regardless of whether the documents are

16  related to the conduct at issue in this lawsuit. Mattel farther objects to this Request

17  on the ground that the term "Bratz Concept" is vague and ambiguous. Mattel further

18  objects to this Request on the grounds that it seeks confidential, proprietary and

19  trade secret information that has no bearing on the claims or defenses in this case.

20  Mattel further objects to this Request on the grounds that it calls for the disclosure

21  of information subject to the attorney-client privilege, the attorney work-product

22  doctrine and other applicable privileges. Mattel further objects to this Request on

23  the grounds that it is duplicative of or subsumed within prior Requests already

24  responded to and seeks the re-production of information and documents already

25  produced in this action. Such information and documents will not be re-produced.

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2 | **TO SHOULD BE COMPELLED**

3  Mattel has refused to produce documents in response to this request in
4  particular, resting on its improper boilerplate objections. Under the Federal Rules of
5  Civil Procedure, "an objection to part of a request must specify the part and permit
6  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to
7  explain the basis for an objection with specificity are routinely rejected in the
8  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
9  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
10  harassing' are improper – especially when a party fails to submit any evidentiary
11  declarations supporting such objections"). Accordingly, Mattel must be compelled
12  either to certify that it has produced all non-privileged responsive documents or to
13  produce all such documents by a date certain.

14  To the extent that Mattel is relying on its blanket objections, they are
15  not sustainable and do not justify Mattel's failure to produce documents.

16  As to overbreadth, Mattel provides no explanation, let alone the
17  required particularity, as to *why* this request is supposedly overly broad, nor can it
18  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
19  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
20  contrary, the request is narrowly tailored to seek documents concerning Mattel's
21  "Toon Teens" product.

22  As to burden, Mattel has not attempted to demonstrate why responding
23  to this request and/or producing responsive documents presents any burden. This
24  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
25  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
26  request is unduly burdensome must allege specific facts which indicate the nature
27  and extent of the burden, usually by affidavit or other reliable evidence.")

28

1  Moreover, it is not unduly burdensome, as noted above, in that the request is
2  narrowly tailored to seek only discoverable evidence.

3          This request does not seek documents protected by the attorney-client
4  privilege, the attorney work product doctrine, or other applicable privileges.  To the
5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6          Mattel objects that the request contains confidential/proprietary/trade
7  secret information.  A Protective Order exists in this case, obviating any concern as
8  to protection of privacy rights and/or commercially sensitive information.

9          Mattel objects that the request is duplicative or subsumed within prior
10  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
11  agree to produce responsive non-privileged documents is not proper based on this
12  objection.

13          Mattel alleges that Bryant copied or converted a Mattel product called
14  "Toon Teens."  Documents relating to this product are relevant to MGA's claims and
15  defenses, including MGA's statute of limitations defense and damages.

16          None of Mattel's improper objections are valid and Mattel is obligated
17  to produce all non-privileged responsive documents in its possession, custody, or
18  control.

19  **MATTEL'S RESPONSE:**

20          MGA has not even attempted to formulate an argument that this
21  Request is relevant to Phase 2.  The ownership of Bratz has already been determined
22  in this case; MGA has not shown that "Toon Teens," which pre-dated Bratz, is
23  relevant to any of its claims or defenses.  The "Bratz Concept" as defined by MGA
24  has at all times been and continues to be intellectual property that is owned by
25  Mattel.  MGA has made no showing that internal comparisons between intellectual
26  property that Mattel itself owns is relevant to the Phase 2 claims.  Inasmuch as
27  MGA merely seeks discovery in order to upend the prior rulings in this case, the
28  Request is clearly irrelevant.

1    MGA must establish that its discovery meets the relevance
2  requirements of Rule 26(b)(1), which clearly states that discovery must be
3  "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
4  not sufficiently explained how all documents relating to the "Bratz Concept" are
5  relevant to Phase 2 issues.  "A trial court has a duty, of special significance in
6  lengthy and complex cases where the possibility of abuse is always present, to
7  supervise and limit discovery to protect parties and witnesses from annoyance and
8  excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
9  also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
10  n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
11  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
12  party may not propound document requests as part of a fishing expedition or to
13  discover new claims.  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)
14  ("District courts need not condone the use of discovery to engage in 'fishing
15  expeditions.'").

16    Additionally, MGA failed to meet and confer in good faith regarding
17  this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,
18  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
19  party shall first identify each dispute, state the relief sought and identify the
20  authority supporting the requested relief in a meet and confer letter that shall be
21  served on all parties by facsimile or electronic mail. The parties shall have five court
22  days from the date of service of that letter to conduct an in-person conference to
23  attempt to resolve the dispute.").  At no point during the meet and confer process did
24  MGA articulate a valid basis for which this Request could be considered relevant to
25  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is
26  simply not true; MGA never initiated any dialogue about this Request or Mattel's
27  response in the first place.  The Discovery Master should deny MGA's motion with
28  respect to this Request on that grounds alone.

1    The motion is also moot.  As MGA has admitted in correspondence
2  going back to 2007[1220], Mattel has produced and continues to produce documents
3  that are responsive to this Request.   As to the actual production of relevant
4  documents, there is no dispute and indeed had been no dispute for years, as MGA
5  well knows, and this issue could have been resolved without motion practice if
6  MGA had completed the meet and confer process in good faith.

7    The Request is also entirely duplicative of prior discovery served by
8  Carter Bryant as well as subsequent discovery served by MGA.  ████████████

9  ██████████████████████████████████████████████████

10 ██████████████████████████████████████████████████

11 ████████████  MGA's claim, at this stage of the litigation, that there remain
12 unproduced relevant materials on this subject in Mattel's possession is not credible.
13 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests
14 was duplicative and that Mattel had produced relevant documents in response.[1222]

15    The Request is also duplicative of other MGA Parties requests.  As
16 explained in Mattel's Opposition, Mattel has already produced all non-privileged
17 documents in its possession relating to Toon Teens.[1223]   Therefore this sub-set of
18 Toon Teens documents cannot possibly seek non-duplicative information.   And
19 MGA has even acknowledged that Mattel has produced documents responsive to
20 this Request.[1224]

21 ─────────────────────

22 [1220]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
23 Dart Dec., Exh. 43.

24 ██████████████████████████████████████████████████

25 [1222]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
   Dart Dec., Exh. 43.
26 [1223]  See Opp. at 9-10 (listing produced categories).
27 [1224]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at
   2, Dart Dec., Exh. 43.
28

1    There is no basis for overruling Mattel's privilege objection. MGA's

2    bald assertion that "this request does not seek information protected by the attorney-

3    client privilege, the attorney work product doctrine, or any other applicable

4    privilege" has no merit. Documents responsive to this Request could very well be

5    subject to a claim of privilege or work product protection. Despite MGA's claim to

6    the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA

7    has itself argued, the parties have agreed that "all privileged documents would be

8    logged except for documents created after this action was filed on April 27, 2004."

9    Thus, to the extent privileged documents fall within the post lawsuit time period,

10   they need not be included on Mattel's log.

11   **REQUEST FOR PRODUCTION NO. 93:**

12   All DOCUMENTS referring or relating to the FIRST BRATZ DOLLS

13   that YOU have given or shown to any person who worked on or was involved in the

14   conception, creation, design or development of "Toon Teens".

15   **RESPONSE TO REQUEST NO. 93:**

16   In addition to the general objections stated above, which are

17   incorporated herein by reference, Mattel objects to this Request as overbroad and

18   unduly burdensome on the grounds that it seeks all documents in Mattel's

19   possession, custody and control that refer or relate to the "First Bratz Dolls" given or

20   shown at any time by "Mattel," as defined by MGA to include past employees like

21   Bryant, to any person who worked on or was involved in the conception, creation,

22   design or development of "Toon Teens," regardless of whether the documents are

23   related to the conduct at issue in this lawsuit. Mattel further objects to the Request

24   on the ground that the term "First Bratz Dolls" is vague and ambiguous.  Mattel

25   further objects to this Request on the grounds that it seeks confidential, proprietary

26   and trade secret information that has no bearing on the claims or defenses in this

27   case.  Mattel further objects to this Request on the grounds that it calls for the

28   disclosure of information subject to the attorney-client privilege, the attorney work-

1  product doctrine and other applicable privileges. Mattel further objects to this
2  Request on the grounds that it is duplicative of or subsumed within prior Requests
3  already responded to and seeks the re-production of information and documents
4  already produced in this action. Such information and documents will not be re-
5  produced.

6  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
7  **TO SHOULD BE COMPELLED**

8          Mattel has refused to produce documents in response to this request in
9  particular, resting on its improper boilerplate objections. Under the Federal Rules of
10  Civil Procedure, "an objection to part of a request must specify the part and permit
11  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to
12  explain the basis for an objection with specificity are routinely rejected in the
13  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
14  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
15  harassing' are improper – especially when a party fails to submit any evidentiary
16  declarations supporting such objections"). Accordingly, Mattel must be compelled
17  either to certify that it has produced all non-privileged responsive documents or to
18  produce all such documents by a date certain.

19          To the extent that Mattel is relying on its blanket objections, they are
20  not sustainable and do not justify Mattel's failure to produce documents.

21          As to overbreadth, Mattel provides no explanation, let alone the
22  required particularity, as to *why* this request is supposedly overly broad, nor can it
23  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
24  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
25  contrary, the request is narrowly tailored to seek documents concerning Mattel's
26  "Toon Teens" product.

27          As to burden, Mattel has not attempted to demonstrate why responding
28  to this request and/or producing responsive documents presents any burden. This

1  objection must therefore be rejected. <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.,</u>

2  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3  request is unduly burdensome must allege specific facts which indicate the nature

4  and extent of the burden, usually by affidavit or other reliable evidence.")

5  Moreover, it is not unduly burdensome, as noted above, in that the request is

6  narrowly tailored to seek only discoverable evidence.

7         This request does not seek documents protected by the attorney-client

8  privilege, the attorney work product doctrine, or other applicable privileges.  To the

9  extent that Mattel contends that it does, Mattel must provide a privilege log.

10        Mattel objects that the request contains confidential/proprietary/trade

11  secret information.  A Protective Order exists in this case, obviating any concern as

12  to protection of privacy rights and/or commercially sensitive information.

13        Mattel objects that the request is duplicative or subsumed within prior

14  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

15  agree to produce responsive non-privileged documents is not proper based on this

16  objection.

17        Mattel alleges that Bryant copied or converted a Mattel product called

18  "Toon Teens."  Documents relating to this product are relevant to MGA's claims and

19  defenses, including MGA's statute of limitations defense and damages.

20        None of Mattel's improper objections are valid and Mattel is obligated

21  to produce all non-privileged responsive documents in its possession, custody, or

22  control.

23  **MATTEL'S RESPONSE:**

24        MGA has not even attempted to formulate an argument that this

25  Request is relevant to Phase 2.  The ownership of Bratz has already been determined

26  in this case; MGA has not shown that "Toon Teens," which pre-dated Bratz, is

27  relevant to any of its claims or defenses.  The "First Bratz Dolls" as defined by

28  MGA has at all times been and continues to be intellectual property that is owned by

1  Mattel.  MGA has made no showing that internal comparisons between intellectual
2  property that Mattel itself owns is relevant to the Phase 2 claims.  Inasmuch as
3  MGA merely seeks discovery in order to upend the prior rulings in this case, the
4  Request is clearly irrelevant.

5          MGA must establish that its discovery meets the relevance
6  requirements of Rule 26(b)(1), which clearly states that discovery must be
7  "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
8  not sufficiently explained how all documents relating to the "Bratz Concept" are
9  relevant to Phase 2 issues.  "A trial court has a duty, of special significance in
10 lengthy and complex cases where the possibility of abuse is always present, to
11 supervise and limit discovery to protect parties and witnesses from annoyance and
12 excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
13 also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
14 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
15 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
16 party may not propound document requests as part of a fishing expedition or to
17 discover new claims.  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)
18 ("District courts need not condone the use of discovery to engage in 'fishing
19 expeditions.'").

20         Additionally, MGA failed to meet and confer in good faith regarding
21 this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,
22 dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
23 party shall first identify each dispute, state the relief sought and identify the
24 authority supporting the requested relief in a meet and confer letter that shall be
25 served on all parties by facsimile or electronic mail. The parties shall have five court
26 days from the date of service of that letter to conduct an in-person conference to
27 attempt to resolve the dispute.").  At no point during the meet and confer process did
28 MGA articulate a valid basis for which this Request could be considered relevant to

1  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is
2  simply not true; MGA never initiated any dialogue about this Request or Mattel's
3  response in the first place.  The Discovery Master should deny MGA's motion with
4  respect to this Request on that grounds alone.

5           The motion is also moot.  As MGA has admitted in correspondence
6  going back to 2007[1225], Mattel has produced and continues to produce documents
7  that are responsive to this Request.  As to the actual production of relevant
8  documents, there is no dispute and indeed had been no dispute for years, as MGA
9  well knows, and this issue could have been resolved without motion practice if
10 MGA had completed the meet and confer process in good faith.

11          The Request is also entirely duplicative of prior discovery served by
12 Carter Bryant as well as subsequent discovery served by MGA.  ██████████
13 ███████████████████████████████████████████████████████████
14 ███████████████████████████████████████████████████████████
15 ██████████  MGA's claim, at this stage of the litigation, that there remain
16 unproduced relevant materials on this subject in Mattel's possession is not credible.
17 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests
18 was duplicative and that Mattel had produced relevant documents in response.[1227]

19          The Request is also duplicative of other MGA Parties requests.  As
20 explained in Mattel's Opposition, Mattel has already produced all non-privileged
21 documents in its possession relating to Toon Teens.[1228]  Therefore this sub-set of
22

23  [1225]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
24  Dart Dec., Exh. 43.

25  ████████████████████████████████████████████████████████

26  [1227]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
27  Dart Dec., Exh. 43.
    [1228]   See Opp. at 9-10 (listing produced categories).
28

00505.07975/3161896.1

Toon Teens documents cannot possibly seek non-duplicative information. And MGA has even acknowledged that Mattel has produced documents responsive to this Request.[1229]

There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege" has no merit. Documents responsive to this Request could very well be subject to a claim of privilege or work product protection. Despite MGA's claim to the contrary, Mattel has produced a privilege log in this action. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004." Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

**REQUEST FOR PRODUCTION NO. 94:**

All DOCUMENTS referring or relating to the BRATZ PACK that YOU have given or shown to any person who worked on or was involved in the conception, creation, design or development of "Toon Teens".

**RESPONSE TO REQUEST NO. 94:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome on the grounds that it seeks all documents in Mattel's possession, custody and control that refer or relate to the "Bratz Pack" given or shown <u>at any time</u> by "Mattel," as defined by MGA to include past employees like Bryant, to any person who worked on or <u>was involved in</u> the conception, creation, design or development of "Toon Teens," regardless of whether the documents are

---

[1229] <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at (footnote continued)

1  related to the conduct at issue in this lawsuit.  Mattel further objects to this Request

2  on the grounds that it seeks confidential, proprietary and trade secret information

3  that has no bearing on the claims or defenses in this case.  Mattel further objects to

4  this Request on the grounds that it calls for the disclosure of information subject to

5  the attorney-client privilege, the attorney work-product doctrine and other applicable

6  privileges.  Mattel further objects to this Request on the grounds that it is duplicative

7  of or subsumed within prior Requests already responded to and seeks the re-

8  production of information and documents already produced in this action.  Such

9  information and documents will not be re-produced.

10  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

11  **TO SHOULD BE COMPELLED**

12       Mattel has refused to produce documents in response to this request in

13  particular, resting on its improper boilerplate objections.  Under the Federal Rules of

14  Civil Procedure, "an objection to part of a request must specify the part and permit

15  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

16  explain the basis for an objection with specificity are routinely rejected in the

17  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

18  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

19  harassing' are improper – especially when a party fails to submit any evidentiary

20  declarations supporting such objections").  Accordingly, Mattel must be compelled

21  either to certify that it has produced all non-privileged responsive documents or to

22  produce all such documents by a date certain.

23       To the extent that Mattel is relying on its blanket objections, they are

24  not sustainable and do not justify Mattel's failure to produce documents.

2, Dart Dec., Exh. 43.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1    As to overbreadth, Mattel provides no explanation, let alone the
2    required particularity, as to *why* this request is supposedly overly broad, nor can it
3    do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
4    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
5    contrary, the request is narrowly tailored to seek documents concerning Mattel's
6    "Toon Teens" product.

7    As to burden, Mattel has not attempted to demonstrate why responding
8    to this request and/or producing responsive documents presents any burden. This
9    objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
10   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
11   request is unduly burdensome must allege specific facts which indicate the nature
12   and extent of the burden, usually by affidavit or other reliable evidence.")
13   Moreover, it is not unduly burdensome, as noted above, in that the request is
14   narrowly tailored to seek only discoverable evidence.

15   This request does not seek documents protected by the attorney-client
16   privilege, the attorney work product doctrine, or other applicable privileges. To the
17   extent that Mattel contends that it does, Mattel must provide a privilege log.

18   Mattel objects that the request contains confidential/proprietary/trade
19   secret information. A Protective Order exists in this case, obviating any concern as
20   to protection of privacy rights and/or commercially sensitive information.

21   Mattel objects that the request is duplicative or subsumed within prior
22   requests but does not identify the allegedly duplicative requests. Mattel's failure to
23   agree to produce responsive non-privileged documents is not proper based on this
24   objection.

25   Mattel alleges that Bryant copied or converted a Mattel product called
26   "Toon Teens." Documents relating to this product are relevant to MGA's claims and
27   defenses, including MGA's statute of limitations defense and damages.

28

1    None of Mattel's improper objections are valid and Mattel is obligated
2  to produce all non-privileged responsive documents in its possession, custody, or
3  control.

4  **MATTEL'S RESPONSE:**

5    MGA has not even attempted to formulate an argument that this
6  Request is relevant to Phase 2. The ownership of Bratz has already been determined
7  in this case; MGA has not shown that "Toon Teens," which pre-dated Bratz, is
8  relevant to any of its claims or defenses. Inasmuch as MGA merely seeks discovery
9  in order to upend the prior rulings in this case, the Request is clearly irrelevant.
10  Finally, MGA has made no showing that BRATZPACK is at all relevant to Phase 2
11  issues. Neither MGA's nor Mattel's claims and defenses relate to the enitrety of
12  MGA's product line.

13    MGA must establish that its discovery meets the relevance
14  requirements of Rule 26(b)(1), which clearly states that discovery must be
15  "reasonably calculated to lead to the discovery of admissible evidence." MGA has
16  not sufficiently explained how all documents relating to the "Bratz Concept" are
17  relevant to Phase 2 issues. "A trial court has a duty, of special significance in
18  lengthy and complex cases where the possibility of abuse is always present, to
19  supervise and limit discovery to protect parties and witnesses from annoyance and
20  excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
21  also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
22  n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
23  1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a
24  party may not propound document requests as part of a fishing expedition or to
25  discover new claims. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)
26  ("District courts need not condone the use of discovery to engage in 'fishing
27  expeditions.'").

28

1            Additionally, MGA failed to meet and confer in good faith regarding

2 this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master Order No. 1,

3 dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

4 party shall first identify each dispute, state the relief sought and identify the

5 authority supporting the requested relief in a meet and confer letter that shall be

6 served on all parties by facsimile or electronic mail. The parties shall have five court

7 days from the date of service of that letter to conduct an in-person conference to

8 attempt to resolve the dispute.").  At no point during the meet and confer process did

9 MGA articulate a valid basis for which this Request could be considered relevant to

10 Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

11 simply not true; MGA never initiated any dialogue about this Request or Mattel's

12 response in the first place.  The Discovery Master should deny MGA's motion with

13 respect to this Request on that grounds alone.

14            The motion is also moot.  As MGA has admitted in correspondence

15 going back to 2007[1230], Mattel has produced and continues to produce documents

16 that are responsive to this Request.  As to the actual production of relevant

17 documents, there is no dispute and indeed had been no dispute for years, as MGA

18 well knows, and this issue could have been resolved without motion practice if

19 MGA had completed the meet and confer process in good faith.

20            The Request is also entirely duplicative of prior discovery served by

21 Carter Bryant as well as subsequent discovery served by MGA.  ██████████

22 ███████████████████████████████████████████

23 ███████████████████████████████████████████

24

25

26

27 [1230]   <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

28

1 ▮▮▮▮▮   MGA's claim, at this stage of the litigation, that there remain

2 unproduced relevant materials on this subject in Mattel's possession is not credible.

3 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

4 was duplicative and that Mattel had produced relevant documents in response.[1232]

5      The Request is also duplicative of other MGA Parties requests.   As

6 explained in Mattel's Opposition, Mattel has already produced all non-privileged

7 documents in its possession relating to Toon Teens.[1233]   Therefore this sub-set of

8 Toon Teens documents cannot possibly seek non-duplicative information.   And

9 MGA has even acknowledged that Mattel has produced documents responsive to

10 this Request.[1234]

11      There is no basis for overruling Mattel's privilege objection.  MGA's

12 bald assertion that "this request does not seek information protected by the attorney-

13 client privilege, the attorney work product doctrine, or any other applicable

14 privilege" has no merit.  Documents responsive to this Request could very well be

15 subject to a claim of privilege or work product protection.  Despite MGA's claim to

16 the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA

17 has itself argued, the parties have agreed that "all privileged documents would be

18 logged except for documents created after this action was filed on April 27, 2004."

19 Thus, to the extent privileged documents fall within the post lawsuit time period,

20 they need not be included on Mattel's log.

[1232]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.
[1233]   See Opp. at 9-10 (listing produced categories).
[1234]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2, Dart Dec., Exh. 43.

1    Finally, MGA takes issue with Mattel imposing any temporal

2   limitations on its production based on the filing of MGA's complaint. ████

3   ████████████████████████████████████████████████████████

4   ████████████████████████████████████████████████████████

5   ████████████████████████████████    MGA offers no reason, nor could it

6   consistent with judicial estoppel, why documents post-dating the filing of claims

7   which do not allege continuing wrongdoing are relevant to those claims.  MGA

8   offers no reason, nor could it consistent with judicial estoppel, why documents post-

9   dating the filing of claims which do not allege continuing wrongdoing are relevant

10   to those claims.

11   **REQUEST FOR PRODUCTION NO. 95:**

12    All DOCUMENTS referring or relating to the BRATZ BOYZ that

13   YOU have given or shown to any person who worked on or was involved in the

14   conception, creation, design or development of "Toon Teens."

15   **RESPONSE TO REQUEST NO. 95:**

16    In addition to the general objections stated above, which are

17   incorporated herein by reference, Mattel objects to this Request as overbroad and

18   _____

19   ██████████████████████████████████████████████████

20   ██████████████████████████████████████████████████

21   ██████████████████████████████████████████████████

22   ██████████████████████████████████    In finding that "there has been

23   no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
     calculated to lead to the discovery of admissible evidence regarding the RICO

24   counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
     other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

25   than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26   into existence – and therefore apparently did not encompass the activities or the

27   transactions which are the subject of the Financing Discovery."  Discovery Matter
     Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

1  unduly burdensome on the grounds that it seeks all documents in Mattel's
2  possession, custody and control that refer or relate to the "Bratz Pack" given or
3  shown at any time by "Mattel," as defined by MGA to include past employees like
4  Bryant, to any person who worked on or was involved in the conception, creation,
5  design or development of "Toon Teens," regardless of whether the documents are
6  related to the conduct at issue in this lawsuit.  Mattel further objects to this Request
7  on the grounds that it seeks confidential, proprietary and trade secret information
8  that has no bearing on the claims or defenses in this case.  Mattel further objects to
9  this Request on the grounds that it calls for the disclosure of information subject to
10  the attorney-client privilege, the attorney work-product doctrine and other applicable
11  privileges. Mattel further objects to this Request on the grounds that it is duplicative
12  of or subsumed within prior Requests already responded to and seeks the re-
13  production of information and documents already produced in this action.   Such
14  information and documents will not be re-produced.

15  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
16  **TO SHOULD BE COMPELLED**

17        Mattel has refused to produce documents in response to this request in
18  particular, resting on its improper boilerplate objections.  Under the Federal Rules of
19  Civil Procedure, "an objection to part of a request must specify the part and permit
20  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to
21  explain the basis for an objection with specificity are routinely rejected in the
22  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
23  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
24  harassing' are improper – especially when a party fails to submit any evidentiary
25  declarations supporting such objections").  Accordingly, Mattel must be compelled
26  either to certify that it has produced all non-privileged responsive documents or to
27  produce all such documents by a date certain.

28

1    To the extent that Mattel is relying on its blanket objections, they are
2  not sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the
4  required particularity, as to *why* this request is supposedly overly broad, nor can it
5  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
6  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
7  contrary, the request is narrowly tailored to seek documents concerning Mattel's
8  "Toon Teens" product.

9    As to burden, Mattel has not attempted to demonstrate why responding
10  to this request and/or producing responsive documents presents any burden. This
11  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
12  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
13  request is unduly burdensome must allege specific facts which indicate the nature
14  and extent of the burden, usually by affidavit or other reliable evidence.")
15  Moreover, it is not unduly burdensome, as noted above, in that the request is
16  narrowly tailored to seek only discoverable evidence.

17    This request does not seek documents protected by the attorney-client
18  privilege, the attorney work product doctrine, or other applicable privileges. To the
19  extent that Mattel contends that it does, Mattel must provide a privilege log.

20    Mattel objects that the request contains confidential/proprietary/trade
21  secret information. A Protective Order exists in this case, obviating any concern as
22  to protection of privacy rights and/or commercially sensitive information.

23    Mattel objects that the request is duplicative or subsumed within prior
24  requests but does not identify the allegedly duplicative requests. Mattel's failure to
25  agree to produce responsive non-privileged documents is not proper based on this
26  objection.

27
28

1    Mattel alleges that Bryant copied or converted a Mattel product called

2  "Toon Teens."  Documents relating to this product are relevant to MGA's claims and

3  defenses, including MGA's statute of limitations defense and damages.

4    None of Mattel's improper objections are valid and Mattel is obligated

5  to produce all non-privileged responsive documents in its possession, custody, or

6  control.

7  **MATTEL'S RESPONSE:**

8    MGA has not even attempted to formulate an argument that this

9  Request is relevant to Phase 2.  The ownership of Bratz has already been determined

10  in this case; MGA has not shown that "Toon Teens," which pre-dated Bratz, is

11  relevant to any of its claims or defenses.  Inasmuch as MGA merely seeks discovery

12  in order to upend the prior rulings in this case, the Request is clearly irrelevant.

13  Finally, MGA has made no showing that BRATZBOYZ is at all relevant to Phase 2

14  issues.  Neither MGA's nor Mattel's claims and defenses relate to the enitrety of

15  MGA's product line.

16    MGA must establish that its discovery meets the relevance

17  requirements of Rule 26(b)(1), which clearly states that discovery must be

18  "reasonably calculated to lead to the discovery of admissible evidence."  MGA has

19  not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are

20  relevant to Phase 2 issues.  "A trial court has a duty, of special significance in

21  lengthy and complex cases where the possibility of abuse is always present, to

22  supervise and limit discovery to protect parties and witnesses from annoyance and

23  excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>

24  <u>also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133

25  n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL

26  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

27  party may not propound document requests as part of a fishing expedition or to

28  discover new claims.  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)

1  ("District courts need not condone the use of discovery to engage in 'fishing

2  expeditions.'").

3        Additionally, MGA failed to meet and confer in good faith regarding

4  this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,

5  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

6  party shall first identify each dispute, state the relief sought and identify the

7  authority supporting the requested relief in a meet and confer letter that shall be

8  served on all parties by facsimile or electronic mail. The parties shall have five court

9  days from the date of service of that letter to conduct an in-person conference to

10 attempt to resolve the dispute.").  At no point during the meet and confer process did

11 MGA articulate a valid basis for which this Request could be considered relevant to

12 Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

13 simply not true; MGA never initiated any dialogue about this Request or Mattel's

14 response in the first place.  The Discovery Master should deny MGA's motion with

15 respect to this Request on that grounds alone.

16        The motion is also moot.  As MGA has admitted in correspondence

17 going back to 2007[1236], Mattel has produced and continues to produce documents

18 that are responsive to this Request.   As to the actual production of relevant

19 documents, there is no dispute and indeed had been no dispute for years, as MGA

20 well knows, and this issue could have been resolved without motion practice if

21 MGA had completed the meet and confer process in good faith.

22        The Request is also entirely duplicative of prior discovery served by

23 Carter Bryant as well as subsequent discovery served by MGA.

1       █████████    MGA's claim, at this stage of the litigation, that there remain

2 unproduced relevant materials on this subject in Mattel's possession is not credible.

3 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

4 was duplicative and that Mattel had produced relevant documents in response.[1238]

5          The Request is also duplicative of other MGA Parties requests.   As

6 explained in Mattel's Opposition, Mattel has already produced all non-privileged

7 documents in its possession relating to Toon Teens.[1239]   Therefore this sub-set of

8 Toon Teens documents cannot possibly seek non-duplicative information.   And

9 MGA has even acknowledged that Mattel has produced documents responsive to

10 this Request.[1240]

11          There is no basis for overruling Mattel's privilege objection.  MGA's

12 bald assertion that "this request does not seek information protected by the attorney-

13 client privilege, the attorney work product doctrine, or any other applicable

14 privilege" has no merit.  Documents responsive to this Request could very well be

15 subject to a claim of privilege or work product protection.  Despite MGA's claim to

16 the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA

17 has itself argued, the parties have agreed that "all privileged documents would be

18 logged except for documents created after this action was filed on April 27, 2004."

19 Thus, to the extent privileged documents fall within the post lawsuit time period,

20 they need not be included on Mattel's log.

21 _____

22    [1236]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

23 Dart Dec., Exh. 43.

24 ████████████████████████████████████

25    [1238]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

26    [1239]   See Opp. at 9-10 (listing produced categories).

27    [1240]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2, Dart Dec., Exh. 43.

28

1   Finally, MGA takes issue with Mattel imposing any temporal
2   limitations on its production based on the filing of MGA's complaint. ███
3   ████████████████████████████████████████████████
4   ████████████████████████████████████████████████
5   ███████████████████████████   MGA offers no reason, nor could it
6   consistent with judicial estoppel, why documents post-dating the filing of claims
7   which do not allege continuing wrongdoing are relevant to those claims.   MGA
8   offers no reason, nor could it consistent with judicial estoppel, why documents post-
9   dating the filing of claims which do not allege continuing wrongdoing are relevant
10  to those claims.

11  **REQUEST FOR PRODUCTION NO. 98:**

12  All DOCUMENTS expressing, mentioning, discussing, referring or
13  relating to any actual, alleged or perceived connection between BRYANT, BRATZ,
14  BRATZ INTELLECTUAL PROPERTY or MGA on the one hand, and "Toon
15  Teen" on the other, including any actual, alleged or perceived similarities between
16  BRATZ, BRATZ INTELLECTUAL PROPERTY or any MGA PRODUCT and
17
18  _____
19  ████████████████████████████████████████████
20  ████████████████████████████████████████████
21  ████████████████████████████████████████████
22  ████████████████████████   In finding that "there has been
23  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably calculated to lead to the discovery of admissible evidence regarding the RICO counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
24  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
25  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
26  into existence – and therefore apparently did not encompass the activities or the
27  transactions which are the subject of the Financing Discovery."   Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.
28

1  "Toon Teens" and any actual, alleged or perceived, copying, conversion, theft of
2  ideas and theft of trade secrets by BRYANT.

3  **RESPONSE TO REQUEST NO. 98:**

4         In addition to the general objections stated above, which are
5  incorporated herein by reference, Mattel objects to this Request on the grounds that
6  it calls for the disclosure of information subject to the attorney-client privilege, the
7  attorney work-product doctrine and other applicable privileges.   Mattel further
8  objects to this Request on the grounds that the terms "Bratz," "Bratz Intellectual
9  Property" and "MGA Product" are vague and ambiguous.  Mattel further objects to
10  this Request as overbroad and unduly burdensome in that it seeks all documents in
11  Mattel's possession, custody and control expressing, mentioning, discussing,
12  referring or relating to this broad topic, without limitation as to time, including
13  publicly available documents that are equally available to defendants. Mattel further
14  objects to this Request on the grounds that it is duplicative of or subsumed within
15  prior Requests already responded to and seeks the re-production of information and
16  documents already produced in this action.  Such information and documents will
17  not be re-produced.

18  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
19  **TO SHOULD BE COMPELLED**

20         Mattel has refused to produce documents in response to this request in
21  particular, resting on its improper boilerplate objections.  Under the Federal Rules of
22  Civil Procedure, "an objection to part of a request must specify the part and permit
23  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to
24  explain the basis for an objection with specificity are routinely rejected in the
25  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
26  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
27  harassing' are improper – especially when a party fails to submit any evidentiary
28  declarations supporting such objections").  Accordingly, Mattel must be compelled

1   either to certify that it has produced all non-privileged responsive documents or to
2   produce all such documents by a date certain.

3          To the extent that Mattel is relying on its blanket objections, they are
4   not sustainable and do not justify Mattel's failure to produce documents.

5          As to overbreadth, Mattel provides no explanation, let alone the
6   required particularity, as to *why* this request is supposedly overly broad, nor can it
7   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9   contrary, the request is narrowly tailored to seek documents concerning Mattel's
10  "Toon Teens" product.

11         As to burden, Mattel has not attempted to demonstrate why responding
12  to this request and/or producing responsive documents presents any burden. This
13  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
14  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
15  request is unduly burdensome must allege specific facts which indicate the nature
16  and extent of the burden, usually by affidavit or other reliable evidence.")
17  Moreover, it is not unduly burdensome, as noted above, in that the request is
18  narrowly tailored to seek only discoverable evidence.

19         This request does not seek documents protected by the attorney-client
20  privilege, the attorney work product doctrine, or other applicable privileges. To the
21  extent that Mattel contends that it does, Mattel must provide a privilege log.

22         Mattel objects that the request contains confidential/proprietary/trade
23  secret information. A Protective Order exists in this case, obviating any concern as
24  to protection of privacy rights and/or commercially sensitive information.

25         Mattel objects that the request is duplicative or subsumed within prior
26  requests but does not identify the allegedly duplicative requests. Mattel's failure to
27  agree to produce responsive non-privileged documents is not proper based on this
28  objection.

1    Mattel alleges that Bryant copied or converted a Mattel product called
2  "Toon Teens."  Documents relating to this product are relevant to MGA's claims and
3  defenses, including MGA's statute of limitations defense and damages.

4    None of Mattel's improper objections are valid and Mattel is obligated
5  to produce all non-privileged responsive documents in its possession, custody, or
6  control.

7  **MATTEL'S RESPONSE:**

8    MGA has not even attempted to formulate an argument that this
9  Request is relevant to Phase 2.  The ownership of Bratz has already been determined
10  in this case; MGA has not shown that "Toon Teens," which pre-dated Bratz, is
11  relevant to any of its claims or defenses.  The "Bratz Intellectual Property" as
12  defined by MGA has at all times been and continues to be intellectual property that
13  is owned by Mattel.  MGA has made no showing that internal comparisons between
14  intellectual property that Mattel itself owns is relevant to the Phase 2 claims.
15  Inasmuch as MGA merely seeks discovery in order to upend the prior rulings in this
16  case, the Request is clearly irrelevant.

17    MGA must establish that its discovery meets the relevance
18  requirements of Rule 26(b)(1), which clearly states that discovery must be
19  "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
20  not sufficiently explained how all documents relating to the "Bratz Concept" are
21  relevant to Phase 2 issues.  "A trial court has a duty, of special significance in
22  lengthy and complex cases where the possibility of abuse is always present, to
23  supervise and limit discovery to protect parties and witnesses from annoyance and
24  excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
25  also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
26  n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
27  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
28  party may not propound document requests as part of a fishing expedition or to

1   discover new claims.  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)

2   ("District courts need not condone the use of discovery to engage in 'fishing

3   expeditions.'").

4            Additionally, MGA failed to meet and confer in good faith regarding

5   this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,

6   dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

7   party shall first identify each dispute, state the relief sought and identify the

8   authority supporting the requested relief in a meet and confer letter that shall be

9   served on all parties by facsimile or electronic mail. The parties shall have five court

10  days from the date of service of that letter to conduct an in-person conference to

11  attempt to resolve the dispute.").  At no point during the meet and confer process did

12  MGA articulate a valid basis for which this Request could be considered relevant to

13  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

14  simply not true; MGA never initiated any dialogue about this Request or Mattel's

15  response in the first place.  The Discovery Master should deny MGA's motion with

16  respect to this Request on that grounds alone.

17           The motion is also moot.  As MGA has admitted in correspondence

18  going back to 2007[1242], Mattel has produced and continues to produce documents

19  that are responsive to this Request.  As to the actual production of relevant

20  documents, there is no dispute and indeed had been no dispute for years, as MGA

21  well knows, and this issue could have been resolved without motion practice if

22  MGA had completed the meet and confer process in good faith.

23           The Request is also entirely duplicative of prior discovery served by

24  Carter Bryant as well as subsequent discovery served by MGA.  ████████

25  ███████████████████████████████████████████████████████████████

26

27

28

1  ███████████████████████████████████████████████████████

2  ████████████  MGA's claim, at this stage of the litigation, that there remain

3  unproduced relevant materials on this subject in Mattel's possession is not credible.

4  In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

5  was duplicative and that Mattel had produced relevant documents in response.[1244]

6  　　　　　The Request is also duplicative of other MGA Parties requests.   As

7  explained in Mattel's Opposition, Mattel has already produced all non-privileged

8  documents in its possession relating to Toon Teens.[1245]   Therefore this sub-set of

9  Toon Teens documents cannot possibly seek non-duplicative information.   And

10  MGA has even acknowledged that Mattel has produced documents responsive to

11  this Request.[1246]

12  　　　　　There is no basis for overruling Mattel's privilege objection.  MGA's

13  bald assertion that "this request does not seek information protected by the attorney-

14  client privilege, the attorney work product doctrine, or any other applicable

15  privilege" has no merit.  Documents responsive to this Request could very well be

16  subject to a claim of privilege or work product protection.  Despite MGA's claim to

17  the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA

18  has itself argued, the parties have agreed that "all privileged documents would be

19  logged except for documents created after this action was filed on April 27, 2004."

20

21

22  [1242]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

23  Dart Dec., Exh. 43.

24  ███████████████████████████████████████████████████

25  [1244]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
    Dart Dec., Exh. 43.

26  [1245]   See Opp. at 9-10 (listing produced categories).

27  [1246]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at
    2, Dart Dec., Exh. 43.

28

1  Thus, to the extent privileged documents fall within the post lawsuit time period,

2  they need not be included on Mattel's log.

3  **REQUEST FOR PRODUCTION NO. 100:**

4          All DOCUMENTS evidencing, detailing, discussing, describing,

5  depicting, mentioning, referring to, or relating to the similarities or differences

6  between the BRATZ CONCEPT on the one hand and "Toon Teens" on the other.

7  **RESPONSE TO REQUEST NO. 100:**

8          In addition to the general objections stated above, which are

9  incorporated herein by reference, Mattel objects to this Request as overbroad and

10 unduly burdensome in that it seeks all documents in Mattel's possession, custody

11 and control on this topic, without limitation as to time, including publicly available

12 documents that are equally available to defendants.  Mattel further objects to this

13 Request on the grounds that it is unreasonably burdensome and premature in that the

14 facts necessary to determine whether "images, drawings, pictures, sculpts, molds,

15 prototypes and any other form of artwork" both predate the "First Bratz Dolls" and

16 are "'Bratz'-related" are known by defendants and third parties associated with

17 defendants, but are not known by Mattel at this juncture.  Mattel vague and

18 ambiguous. Mattel further objects to this Request on the grounds that it calls for the

19 disclosure of information subject to the attorney-client privilege, the attorney work-

20 product doctrine and other applicable privileges.  Mattel further objects to this

21 Request on the grounds that it is duplicative of or subsumed within prior Requests

22 already responded to and seeks the re-production of information and documents

23 already produced in this action.  Such information and documents will not be re-

24 produced.

25 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

26 **TO SHOULD BE COMPELLED**

27         Mattel has refuses to produce documents in response to this request in

28 particular, resting on its improper boilerplate objections. Under the Federal Rules of

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  Civil Procedure, "an objection to part of a request must specify the part and permit
2  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to
3  explain the basis for an objection with specificity are routinely rejected in the
4  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
5  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
6  harassing' are improper – especially when a party fails to submit any evidentiary
7  declarations supporting such objections"). Accordingly, Mattel must be compelled
8  either to certify that it has produced all non-privileged responsive documents or to
9  produce all such documents by a date certain.

10       To the extent that Mattel is relying on its blanket objections, they are
11  not sustainable and do not justify Mattel's failure to produce documents.

12       As to overbreadth, Mattel provides no explanation, let alone the
13  required particularity, as to *why* this request is supposedly overly broad, nor can it
14  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
15  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
16  contrary, the request is narrowly tailored to seek documents concerning Mattel's
17  "Toon Teens" product.

18       As to burden, Mattel has not attempted to demonstrate why responding
19  to this request and/or producing responsive documents presents any burden. This
20  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
21  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
22  request is unduly burdensome must allege specific facts which indicate the nature
23  and extent of the burden, usually by affidavit or other reliable evidence.")
24  Moreover, it is not unduly burdensome, as noted above, in that the request is
25  narrowly tailored to seek only discoverable evidence.

26       This request does not seek documents protected by the attorney-client
27  privilege, the attorney work product doctrine, or other applicable privileges. To the
28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1          Mattel objects that the request contains confidential/proprietary/trade

2  secret information.  A Protective Order exists in this case, obviating any concern as

3  to protection of privacy rights and/or commercially sensitive information.

4          Mattel objects that the request is duplicative or subsumed within prior

5  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

6  agree to produce responsive non-privileged documents is not proper based on this

7  objection.

8          Mattel alleges that Bryant copied or converted a Mattel product called

9  "Toon Teens."  Documents relating to this product are relevant to MGA's claims and

10  defenses, including MGA's statute of limitations defense and damages.

11          None of Mattel's improper objections are valid and Mattel is obligated

12  to produce all non-privileged responsive documents in its possession, custody, or

13  control.

14  **MATTEL'S RESPONSE:**

15          MGA has not even attempted to formulate an argument that this

16  Request is relevant to Phase 2.  The ownership of Bratz has already been determined

17  in this case; MGA has not shown that "Toon Teens," which pre-dated Bratz, is

18  relevant to any of its claims or defenses.  The "Bratz Concept" as defined by MGA

19  has at all times been and continues to be intellectual property that is owned by

20  Mattel.  MGA has made no showing that internal comparisons between intellectual

21  property that Mattel itself owns is relevant to the Phase 2 claims.  Inasmuch as

22  MGA merely seeks discovery in order to upend the prior rulings in this case, the

23  Request is clearly irrelevant.

24          MGA must establish that its discovery meets the relevance

25  requirements of Rule 26(b)(1), which clearly states that discovery must be

26  "reasonably calculated to lead to the discovery of admissible evidence."  MGA has

27  not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are

28  relevant to Phase 2 issues.  "A trial court has a duty, of special significance in

1   lengthy and complex cases where the possibility of abuse is always present, to

2   supervise and limit discovery to protect parties and witnesses from annoyance and

3   excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>

4   <u>also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133

5   n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL

6   1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

7   party may not propound document requests as part of a fishing expedition or to

8   discover new claims.  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)

9   ("District courts need not condone the use of discovery to engage in 'fishing

10  expeditions.'").

11          Additionally, MGA failed to meet and confer in good faith regarding

12  this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master Order No. 1,

13  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

14  party shall first identify each dispute, state the relief sought and identify the

15  authority supporting the requested relief in a meet and confer letter that shall be

16  served on all parties by facsimile or electronic mail. The parties shall have five court

17  days from the date of service of that letter to conduct an in-person conference to

18  attempt to resolve the dispute.").  At no point during the meet and confer process did

19  MGA articulate a valid basis for which this Request could be considered relevant to

20  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

21  simply not true; MGA never initiated any dialogue about this Request or Mattel's

22  response in the first place.  The Discovery Master should deny MGA's motion with

23  respect to this Request on that grounds alone.

24

25

26

27

28

1    The motion is also moot.  As MGA has admitted in correspondence

2  going back to 2007[1247], Mattel has produced and continues to produce documents

3  that are responsive to this Request.  As to the actual production of relevant

4  documents, there is no dispute and indeed had been no dispute for years, as MGA

5  well knows, and this issue could have been resolved without motion practice if

6  MGA had completed the meet and confer process in good faith.

7    The Request is also entirely duplicative of prior discovery served by

8  Carter Bryant as well as subsequent discovery served by MGA.  ███████████

9  ███████████████████████████████████████████████████████████████

10 ███████████████████████████████████████████████████████████████

11 ███████████████  MGA's claim, at this stage of the litigation, that there remain

12 unproduced relevant materials on this subject in Mattel's possession is not credible.

13 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

14 was duplicative and that Mattel had produced relevant documents in response.[1249]

15    The Request is also duplicative of other MGA Parties requests.  As

16 explained in Mattel's Opposition, Mattel has already produced all non-privileged

17 documents in its possession relating to Toon Teens.[1250]  Therefore this sub-set of

18 Toon Teens documents cannot possibly seek non-duplicative information.  And

19 MGA has even acknowledged that Mattel has produced documents responsive to

20 this Request.[1251]

21 _____

22 [1247]    See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
23 Dart Dec., Exh. 43.

24 ███████████████████████████████████████████████████████████████████

25 [1249]    See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
   Dart Dec., Exh. 43.
26 [1250]    See Opp. at 9-10 (listing produced categories).
27 [1251]    See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at
   2, Dart Dec., Exh. 43.

28

1    There is no basis for overruling Mattel's privilege objection.  MGA's

2    bald assertion that "this request does not seek information protected by the attorney-

3    client privilege, the attorney work product doctrine, or any other applicable

4    privilege" has no merit.  Documents responsive to this Request could very well be

5    subject to a claim of privilege or work product protection.  Despite MGA's claim to

6    the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA

7    has itself argued, the parties have agreed that "all privileged documents would be

8    logged except for documents created after this action was filed on April 27, 2004."

9    Thus, to the extent privileged documents fall within the post lawsuit time period,

10   they need not be included on Mattel's log.

11   **REQUEST FOR PRODUCTION NO. 101:**

12   All  DOCUMENTS  evidencing,  detailing,  discussing,  describing,

13   depicting, mentioning, referring to, or relating to the similarities or differences

14   between the FIRST BRATZ DOLLS on the one hand and "Toon Teens" on the

15   other.

16   **RESPONSE TO REQUEST NO. 101:**

17   In  addition  to  the  general  objections  stated  above,  which  are

18   incorporated herein by reference, Mattel objects to this Request on the grounds that

19   it calls for the disclosure of information subject to the attorney-client privilege, the

20   attorney work-product doctrine and other applicable privileges.   Mattel further

21   objects to this Request as overbroad and unduly burdensome in that it seeks all

22   documents in Mattel's possession, custody and control on this topic, without

23   limitation as to time, including publicly available documents that are equally

24   available to defendants. Mattel further objects to this Request on the ground that the

25   term "First Bratz Dolls" is vague and ambiguous.   Mattel further objects to this

26   Request on the grounds that it is duplicative of or subsumed within prior Requests

27   already responded to and seeks the re-production of information and documents

28

00505.07975/3161896.1

-708-

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  already produced in this action.  Such information and documents will not be re-
2  produced.

3  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
4  **TO SHOULD BE COMPELLED**

5         Mattel has refuses to produce documents in response to this request in
6  particular, resting on its improper boilerplate objections.  Under the Federal Rules of
7  Civil Procedure, "an objection to part of a request must specify the part and permit
8  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to
9  explain the basis for an objection with specificity are routinely rejected in the
10  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
11  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
12  harassing' are improper – especially when a party fails to submit any evidentiary
13  declarations supporting such objections").  Accordingly, Mattel must be compelled
14  either to certify that it has produced all non-privileged responsive documents or to
15  produce all such documents by a date certain.

16         To the extent that Mattel is relying on its blanket objections, they are
17  not sustainable and do not justify Mattel's failure to produce documents.

18         As to overbreadth, Mattel provides no explanation, let alone the
19  required particularity, as to *why* this request is supposedly overly broad, nor can it
20  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
21  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
22  contrary, the request is narrowly tailored to seek documents concerning Mattel's
23  "Toon Teens" product.

24         As to burden, Mattel has not attempted to demonstrate why responding
25  to this request and/or producing responsive documents presents any burden.  This
26  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
27  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
28  request is unduly burdensome must allege specific facts which indicate the nature