1    and extent of the burden, usually by affidavit or other reliable evidence.")
2    Moreover, it is not unduly burdensome, as noted above, in that the request is
3    narrowly tailored to seek only discoverable evidence.

4           This request does not seek documents protected by the attorney-client
5    privilege, the attorney work product doctrine, or other applicable privileges.  To the
6    extent that Mattel contends that it does, Mattel must provide a privilege log.

7           Mattel objects that the request contains confidential/proprietary/trade
8    secret information.  A Protective Order exists in this case, obviating any concern as
9    to protection of privacy rights and/or commercially sensitive information.

10          Mattel objects that the request is duplicative or subsumed within prior
11   requests but does not identify the allegedly duplicative requests.  Mattel's failure to
12   agree to produce responsive non-privileged documents is not proper based on this
13   objection.

14          Mattel alleges that Bryant copied or converted a Mattel product called
15   "Toon Teens."  Documents relating to this product are relevant to MGA's claims and
16   defenses, including MGA's statute of limitations defense and damages.

17          None of Mattel's improper objections are valid and Mattel is obligated
18   to produce all non-privileged responsive documents in its possession, custody, or
19   control.

20   **MATTEL'S RESPONSE:**

21          MGA has not even attempted to formulate an argument that this
22   Request is relevant to Phase 2.  The ownership of Bratz has already been determined
23   in this case; MGA has not shown that "Toon Teens," which pre-dated Bratz, is
24   relevant to any of its claims or defenses.  The "First Bratz Dolls" as defined by
25   MGA has at all times been and continues to be intellectual property that is owned by
26   Mattel.  MGA has made no showing that internal comparisons between intellectual
27   property that Mattel itself owns is relevant to the Phase 2 claims.  Inasmuch as
28

1  MGA merely seeks discovery in order to upend the prior rulings in this case, the
2  Request is clearly irrelevant.

3       MGA must establish that its discovery meets the relevance
4  requirements of Rule 26(b)(1), which clearly states that discovery must be
5  "reasonably calculated to lead to the discovery of admissible evidence." MGA has
6  not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are
7  relevant to Phase 2 issues. "A trial court has a duty, of special significance in
8  lengthy and complex cases where the possibility of abuse is always present, to
9  supervise and limit discovery to protect parties and witnesses from annoyance and
10  excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>
11  <u>also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133
12  n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL
13  1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a
14  party may not propound document requests as part of a fishing expedition or to
15  discover new claims. <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)
16  ("District courts need not condone the use of discovery to engage in 'fishing
17  expeditions.'").

18       Additionally, MGA failed to meet and confer in good faith regarding
19  this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master Order No. 1,
20  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
21  party shall first identify each dispute, state the relief sought and identify the
22  authority supporting the requested relief in a meet and confer letter that shall be
23  served on all parties by facsimile or electronic mail. The parties shall have five court
24  days from the date of service of that letter to conduct an in-person conference to
25  attempt to resolve the dispute."). At no point during the meet and confer process did
26  MGA articulate a valid basis for which this Request could be considered relevant to
27  Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is
28  simply not true; MGA never initiated any dialogue about this Request or Mattel's

1  response in the first place.  The Discovery Master should deny MGA's motion with
2  respect to this Request on that grounds alone.

3       The motion is also moot.  As MGA has admitted in correspondence
4  going back to 2007[1252], Mattel has produced and continues to produce documents
5  that are responsive to this Request.  As to the actual production of relevant
6  documents, there is no dispute and indeed had been no dispute for years, as MGA
7  well knows, and this issue could have been resolved without motion practice if
8  MGA had completed the meet and confer process in good faith.

9       The Request is also entirely duplicative of prior discovery served by
10  Carter Bryant as well as subsequent discovery served by MGA.  ▮▮▮▮▮▮▮▮▮
11  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
13  ▮▮▮▮▮▮▮▮  MGA's claim, at this stage of the litigation, that there remain
14  unproduced relevant materials on this subject in Mattel's possession is not credible.
15  In fact, over *two years ago* MGA wrote a letter admitting that this set of requests
16  was duplicative and that Mattel had produced relevant documents in response.[1254]

17       The Request is also duplicative of other MGA Parties requests.  As
18  explained in Mattel's Opposition, Mattel has already produced all non-privileged
19  documents in its possession relating to Toon Teens.[1255]  Therefore this sub-set of
20  Toon Teens documents cannot possibly seek non-duplicative information.  And

---

[1252]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[1254]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.
[1255]   See Opp. at 9-10 (listing produced categories).

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1 MGA has even acknowledged that Mattel has produced documents responsive to
2 this Request.[1256]

3      There is no basis for overruling Mattel's privilege objection.  MGA's
4 bald assertion that "this request does not seek information protected by the attorney-
5 client privilege, the attorney work product doctrine, or any other applicable
6 privilege" has no merit.  Documents responsive to this Request could very well be
7 subject to a claim of privilege or work product protection.  Despite MGA's claim to
8 the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA
9 has itself argued, the parties have agreed that "all privileged documents would be
10 logged except for documents created after this action was filed on April 27, 2004."
11 Thus, to the extent privileged documents fall within the post lawsuit time period,
12 they need not be included on Mattel's log.

**REQUEST FOR PRODUCTION NO. 102:**

14      All  DOCUMENTS  evidencing,  detailing,  discussing,  describing,
15 depicting, mentioning, referring to, or relating to the similarities or differences
16 between BRATZ DOLLS on the one hand and "Toon Teens" on the other, if YOU
17 seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of
18 YOUR recovery or damages in this case, any right or interest in, revenues or profits
19 from, or lost profits or other damages caused by BRATZ DOLLS.

**RESPONSE TO REQUEST NO. 102:**

21      In  addition  to  the  general  objections  stated  above,  which  are
22 incorporated herein by reference, Mattel objects to this Request as overbroad and
23 unduly burdensome in that it seeks all documents in Mattel's possession, custody
24 and control on this topic, without limitation as to time, including publicly available
25 documents that are equally available to defendants.  Mattel further objects to this

27 [1256]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at
28 (footnote continued)

1    Request on the grounds that it is unreasonably burdensome and premature in that the
2    facts necessary to determine the full nature and extent of Mattel's relief and damages
3    from defendant's acts or omissions are known by defendants and third parties
4    associated with defendants, but are not known by Mattel at this juncture because of
5    defendants' refusals to produce basic discovery.   Mattel further objects to this
6    Request on the grounds that it calls for the disclosure of information subject to the
7    attorney-client privilege, the attorney work-product doctrine and other applicable
8    privileges. Mattel further objects to this Request on the grounds that it is improperly
9    phrased as a legal contention. Mattel further objects to this Request on the grounds
10   that it is duplicative of or subsumed within prior Requests already responded to and
11   seeks the re-production of information and documents already produced in this
12   action. Such information and documents will not be re-produced.

13   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
14   **TO SHOULD BE COMPELLED**

15        Mattel has not agreed to produce documents in response to this request,
16   resting on its improper boilerplate objections.   Under the Federal Rules of Civil
17   Procedure, "an objection to part of a request must specify the part and permit
18   inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to
19   explain the basis for an objection with specificity are routinely rejected in the
20   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
21   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
22   harassing' are improper – especially when a party fails to submit any evidentiary
23   declarations supporting such objections").  Accordingly, Mattel must be compelled
24   either to certify that it has produced all non-privileged responsive documents or to
25   produce all such documents by a date certain.

26
27   2, Dart Dec., Exh. 43.
28

-714-

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This request is narrowly tailored to Mattel's intent to assert a particular damages claim.

The category of documents requested is relevant to the damages claim, and it is clearly discoverable to the extent that Mattel is requesting relief in Phase 2.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products. Mattel also has a claim of trade secret misappropriation against MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests. Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

1       Mattel objects that the request contains confidential, proprietary and

2   trade secret information.   A Protective Order exists in this case, obviating any

3   concern as to protection of privacy rights and/or commercially sensitive

4   information.

5       Mattel's prayer for relief is extremely broad in Phase 2.   MGA is

6   entitled to all documents on the issue, and not just those that Mattel chooses to

7   produce in support of its claims.   Because Mattel's pleadings seek such broad relief,

8   MGA is entitled to extremely broad discovery to the extent that Mattel intends to

9   assert particular damages theories.

10       None of Mattel's improper objections are valid and Mattel is obligated

11   to produce all non-privileged responsive documents in its possession, custody, or

12   control.

13   **MATTEL'S RESPONSE:**

14       MGA's argument that it is entitled to these documents fails on the

15   merits.  MGA bears the burden of showing that its discovery meets the relevance

16   requirements of Rule 26(b)(1).[1257]   MGA argues that the Request is "relevant to

17   [Mattel's] damages claim" but fails to explain how all documents referring or

18   relating to the similarities or differences between Bratz dolls and Toon Teens are

19   relevant to Mattel's damages in Phase 2.   "A trial court has a duty, of special

20   significance in lengthy and complex cases where the possibility of abuse is always

21   present, to supervise and limit discovery to protect parties and witnesses from

22   annoyance and excessive expense."   Dolgow v. Anderson, 53 F.R.D. 661, 664

23   (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

24   F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

25   

26   [1257]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

27   moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

1  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous
2  Discovery Master has held, a party may not propound document requests as part of a
3  fishing expedition or to discover new claims.[1258]  Rivera v. NIBCO, Inc., 364 F.3d
4  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
5  to engage in 'fishing expeditions.'").

6           Further, this Request is overbroad.   Seeking the universe of all
7  evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or
8  relating to the similarities or differences between BRATZ DOLLS and "Toon
9  Teens" is plainly not narrowly tailored to seek information relevant to Phase 2.  This
10  includes every document that refers or relates to any feature of either Bratz dolls or
11  Toon Teens.   The prior Discovery Master already found such requests to be
12  improper.[1259]   The vast majority of these documents would have no possible
13  relevance to any claims or defenses in Phase 2.

14           The Request is also duplicative of other MGA Parties requests.   As
15  explained in Mattel's Opposition, Mattel has already produced all non-privileged
16  documents in its possession relating to Toon Teens.[1260]  Therefore this sub-set of
17  Toon Teens documents cannot possibly seek non-duplicative information.   And

---

[1258]   See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.
[1259]   See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of requests is clearly overbroad, requiring production of documents that merely mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they have anything to do with the claims or defenses in this case.").
[1260]   See Opp. at 9-10 (listing produced categories).

1  MGA has even acknowledged that Mattel has produced documents responsive to
2  this Request.[1261]

3           There is no basis for overruling Mattel's privilege objection.  MGA's
4  bald assertion that "[t]his request does not seek information protected by the
5  attorney-client privilege, the attorney work product doctrine, or other applicable
6  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
7  agreed that "all privileged documents would be logged except for documents created
8  after this action was filed on April 27, 2004."[1262]  Thus, to the extent privileged
9  documents fall within the post lawsuit time period, they need not be included on
10 Mattel's log.  Although it bears the burden of showing why this agreement should
11 not be applied to a given Request, MGA fails to do so.

12          Finally, MGA failed to meet and confer at all, much less in good faith,
13 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
14 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
15 the moving party shall first identify each dispute, state the relief sought and identify
16 the authority supporting the requested relief in a meet and confer letter that shall be
17 served on all parties by facsimile or electronic mail. The parties shall have five court
18 days from the date of service of that letter to conduct an in-person conference to
19 attempt to resolve the dispute.").   In order to engage in a meaningful meet and
20 confer, MGA had the burden to show the relevance of any requests it sought to

21
22
23
24

25  [1261]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2, Dart Dec., Exh. 43.
26  [1262]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    move on.[1263]   At no point during the meet and confer process did MGA show why

2    this Request could be considered relevant to Phase 2 issues.[1264]   Because MGA

3    refused to even attempt to make this showing, there was no possibility of a good

4    faith meet and confer to resolve the parties' disputes.  The Discovery Master should

5    deny MGA's motion with respect to this Request on that grounds alone.

6    **REQUEST FOR PRODUCTION NO. 103:**

7            All  DOCUMENTS  evidencing,  detailing,  discussing,  describing,

8    depicting, mentioning, referring to, or relating to the similarities or differences

9    between the BRATZ PACK on the one hand and "Toon Teens" on the other, if YOU

10   seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part of

11   YOUR recovery or damages in this case, any right or interest in, revenues or profits

12   from, or lost profits or other damages caused by the BRATZ PACK.

13   **RESPONSE TO REQUEST NO. 103:**

14           In  addition  to  the  general  objections  stated  above,  which  are

15   incorporated herein by reference, Mattel objects to this Request as overbroad and

16   unduly burdensome in that it seeks all documents in Mattel's possession, custody

17   and control on this topic, without limitation as to time, including publicly available

18   documents that are equally available to defendants.  Mattel further objects to this

19   Request on the grounds that it is unreasonably burdensome and premature in that the

20   facts necessary to determine the full nature and extent of Mattel's relief and damages

21   from defendant's acts or omissions are known by defendants and third parties

22   associated with defendants, but are not known by Mattel at this juncture because of

23   defendants' refusals to produce basic discovery.  Mattel further objects to this

---

[1263]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[1264]   See Webster Dec. at p. 1-5.

-719-

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   Request on the grounds that it calls for the disclosure of information subject to the

2   attorney-client privilege, the attorney work-product doctrine and other applicable

3   privileges. Mattel further objects to this Request on the grounds that it is improperly

4   phrased as a legal contention. Mattel further objects to this Request on the grounds

5   that it is duplicative of or subsumed within prior Requests already responded to and

6   seeks the re-production of information and documents already produced in this

7   action. Such information and documents will not be re-produced.

8   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

9   **TO SHOULD BE COMPELLED**

10   Mattel has not agreed to produce documents in response to this request,

11   resting on its improper boilerplate objections. Under the Federal Rules of Civil

12   Procedure, "an objection to part of a request must specify the part and permit

13   inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to

14   explain the basis for an objection with specificity are routinely rejected in the

15   Central District. See <u>A. Farber and Partners, Inc. v. Garber,</u> 234 F.R.D. 186, 188

16   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

17   harassing' are improper – especially when a party fails to submit any evidentiary

18   declarations supporting such objections"). Accordingly, Mattel must be compelled

19   either to certify that it has produced all non-privileged responsive documents or to

20   produce all such documents by a date certain.

21   To the extent that Mattel is relying on its blanket objections, they are

22   not sustainable and do not justify Mattel's failure to produce documents.

23   As to overbreadth, Mattel provides no explanation, let alone the

24   required particularity, as to **why** this request is supposedly overly broad, nor can it

25   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

26   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This

27   request is narrowly tailored to Mattel's intent to assert a particular damages claim.

28

The category of documents requested is relevant to the damages claim, and it is clearly discoverable to the extent that Mattel is requesting relief in Phase 2.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products. Mattel also has a claim of trade secret misappropriation against MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests. Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

Mattel objects that the request contains confidential, proprietary and trade secret information. A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel's prayer for relief is extremely broad in Phase 2. MGA is entitled to all documents on the issue, and not just those that Mattel chooses to produce in support of its claims. Because Mattel's pleadings seek such broad relief,

1  MGA is entitled to extremely broad discovery to the extent that Mattel intends to
2  assert particular damages theories.

3  None of Mattel's improper objections are valid and Mattel is obligated
4  to produce all non-privileged responsive documents in its possession, custody, or
5  control.

6  **MATTEL'S RESPONSE:**

7  MGA's argument that it is entitled to these documents fails on the
8  merits. MGA bears the burden of showing that its discovery meets the relevance
9  requirements of Rule 26(b)(1).[1265]  MGA argues that the Request is "relevant to
10 [Mattel's] damages claim" but fails to explain how all documents referring or
11 relating to the similarities or differences between the BRATZ PACK and Toon
12 Teens are relevant to Mattel's damages in Phase 2. "A trial court has a duty, of
13 special significance in lengthy and complex cases where the possibility of abuse is
14 always present, to supervise and limit discovery to protect parties and witnesses
15 from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664
16 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559
17 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste
18 Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous
19 Discovery Master has held, a party may not propound document requests as part of a
20 fishing expedition or to discover new claims.[1266]  Rivera v. NIBCO, Inc., 364 F.3d
21 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
22 to engage in 'fishing expeditions.'").

23

24  [1265]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
25  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
   Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
26  [1266]  See Order Granting In Part and Denying In Part Mattel's Motion for
27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
   1.
28

-722-

1    Further, this Request is overbroad. MGA defines "BRATZ PACK" as

2  "any collection, compilation, or grouping of two or more images, characters or dolls

3  that are or have ever been manufactured, marketed or sold by MGA, or others under

4  a license, as part of a line of goods or merchandise commonly known as, or sold and

5  marketed under the 'Bratz' trademark or trade dress."[1267]   Seeking the universe of <u>all</u>

6  evidencing, detailing, discussing, describing, depicting, mentioning, <u>referring</u> to, or

7  <u>relating</u> to the similarities or differences between BRATZ PACK and "Toon Teens"

8  is plainly not narrowly tailored to seek information relevant to Phase 2. This

9  includes every document that refers or relates to any feature of either Bratz Pack or

10  Toon Teens. The prior Discovery Master already found such requests to be

11  improper.[1268]   The vast majority of these documents would have no possible

12  relevance to any claims or defenses in Phase 2.

13    The Request is also duplicative of other MGA Parties requests. As

14  explained in Mattel's Opposition, Mattel has already produced all non-privileged

15  documents in its possession relating to Toon Teens.[1269]   Therefore this sub-set of

16  Toon Teens documents cannot possibly seek non-duplicative information. And

17  MGA has even acknowledged that Mattel has produced documents responsive to

18  this Request.[1270]

---

21  [1267]   <u>See</u> MGA's First Set of Document Requests  (04-9059), dated November

22  22, 2006, at ¶ 15, Dart Dec., Exh. 45.

23  [1268]   <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel,
dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of

24  requests is clearly overbroad, requiring production of documents that merely

25  mention MGA, Larian, Bratz or other MGA products, regardless of whether or not
they have anything to do with the claims or defenses in this case.").

26  [1269]   <u>See</u> Opp. at 9-10 (listing produced categories).

27  [1270]   <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at

  2, Dart Dec., Exh. 43.

1        There is no basis for overruling Mattel's privilege objection.  MGA's

2    bald assertion that "[t]his request does not seek information protected by the

3    attorney-client privilege, the attorney work product doctrine, or other applicable

4    privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

5    agreed that "all privileged documents would be logged except for documents created

6    after this action was filed on April 27, 2004."[1271]  Thus, to the extent privileged

7    documents fall within the post lawsuit time period, they need not be included on

8    Mattel's log.  Although it bears the burden of showing why this agreement should

9    not be applied to a given Request, MGA fails to do so.

10       Finally, MGA failed to meet and confer at all, much less in good faith,

11   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

12   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

13   the moving party shall first identify each dispute, state the relief sought and identify

14   the authority supporting the requested relief in a meet and confer letter that shall be

15   served on all parties by facsimile or electronic mail. The parties shall have five court

16   days from the date of service of that letter to conduct an in-person conference to

17   attempt to resolve the dispute.").   In order to engage in a meaningful meet and

18   confer, MGA had the burden to show the relevance of any requests it sought to

19   move on.[1272]   At no point during the meet and confer process did MGA show why

20   this Request could be considered relevant to Phase 2 issues.[1273]  Because MGA

21   refused to even attempt to make this showing, there was no possibility of a good

---

[1271]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

[1272]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[1273]   See Webster Dec. at p. 1-5.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 │ faith meet and confer to resolve the parties' disputes.  The Discovery Master should
2 │ deny MGA's motion with respect to this Request on that grounds alone.

3 │ **REQUEST FOR PRODUCTION NO. 104:**

4 │        All DOCUMENTS evidencing, detailing, discussing, describing,
5 │ depicting, mentioning, referring to, or relating to the similarities or differences
6 │ between LIL' BRATZ on the one hand and "Toon Teens" on the other, if YOU seek
7 │ in this case to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR
8 │ recovery or MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS
9 │ FOR PRODUCTION damages in this case, any right or interest in, revenues or
10 │ profits from, or lost profits or other damages caused by LIL' BRATZ.

11 │ **RESPONSE TO REQUEST NO. 104:**

12 │        In addition to the general objections stated above, which are
13 │ incorporated herein by reference, Mattel objects to this Request as overbroad and
14 │ unduly burdensome in that it seeks all documents in Mattel's possession, custody
15 │ and control on this topic, without limitation as to time, including publicly available
16 │ documents that are equally available to defendants.  Mattel further objects to this
17 │ Request on the grounds that it is unreasonably burdensome and premature in that the
18 │ facts necessary to determine the full nature and extent of Mattel's relief and damages
19 │ from defendant's acts or omissions are known by defendants and third parties
20 │ associated with defendants, but are not known by Mattel at this juncture because of
21 │ defendants' refusals to produce basic discovery.  Mattel further objects to this
22 │ Request on the grounds that it calls for the disclosure of information subject to the
23 │ attorney-client privilege, the attorney work-product doctrine and other applicable
24 │ privileges. Mattel further objects to this Request on the grounds that it is improperly
25 │ phrased as a legal contention. Mattel further objects to this Request on the grounds
26 │ that it is duplicative of or subsumed within prior Requests already responded to and
27 │ seeks the re-production of information and documents already produced in this
28 │ action. Such information and documents will not be re-produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, resting on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This request is narrowly tailored to Mattel's intent to assert a particular damages claim. The category of documents requested is relevant to the damages claim, and it is clearly discoverable to the extent that Mattel is requesting relief in Phase 2.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1      Moreover, it is not unduly burdensome, as noted above, in that the
2  request is narrowly tailored to seek only discoverable evidence.  MGA has alleged
3  that Mattel has engaged in a broad variety of unfair trade practices including serial
4  copying of MGA products.  Mattel also has a claim of trade secret misappropriation
5  against MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

6      This request does not seek documents protected by the attorney-client
7  privilege, the attorney work product doctrine, or other applicable privileges.  To the
8  extent that Mattel contends that it does, Mattel must provide a privilege log.

9      Mattel objects that the request is duplicative or subsumed within prior
10  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
11  agree to produce responsive non-privileged documents is not proper based on this
12  objection.

13      Mattel objects that the request contains confidential, proprietary and
14  trade secret information.  A Protective Order exists in this case, obviating any
15  concern as to protection of privacy rights and/or commercially sensitive
16  information.

17      Mattel's prayer for relief is extremely broad in Phase 2.  MGA is
18  entitled to all documents on the issue, and not just those that Mattel chooses to
19  produce in support of its claims.  Because Mattel's pleadings seek such broad relief,
20  MGA is entitled to extremely broad discovery to the extent that Mattel intends to
21  assert particular damages theories.

22      None of Mattel's improper objections are valid and Mattel is obligated
23  to produce all non-privileged responsive documents in its possession, custody, or
24  control.

25
26
27
28

**MATTEL'S RESPONSE:**

MGA's argument that it is entitled to these documents fails on the merits.  MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[1274]  MGA argues that the Request is "relevant to [Mattel's] damages claim" but fails to explain how all documents referring or relating to the similarities or differences between Lil' Bratz and Toon Teens are relevant to Mattel's damages in Phase 2.  "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1275]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, this Request is overbroad.  Seeking the universe of all evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between LIL' BRATZ and "Toon Teens" is plainly not narrowly tailored to seek information relevant to Phase 2.  This includes every document that refers or relates to any feature of either Lil' Bratz or Toon

---

[1274]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[1275]  See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  Teens.  The prior Discovery Master already found such requests to be improper.[1276]

2  The vast majority of these documents would have no possible relevance to any

3  claims or defenses in Phase 2.

4           The Request is also duplicative of other MGA Parties requests.  As

5  explained in Mattel's Opposition, Mattel has already produced all non-privileged

6  documents in its possession relating to Toon Teens.[1277]  Therefore this sub-set of

7  Toon Teens documents cannot possibly seek non-duplicative information.  And

8  MGA has even acknowledged that Mattel has produced documents responsive to

9  this Request.[1278]

10          There is no basis for overruling Mattel's privilege objection.  MGA's

11  bald assertion that "[t]his request does not seek information protected by the

12  attorney-client privilege, the attorney work product doctrine, or other applicable

13  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

14  agreed that "all privileged documents would be logged except for documents created

15  after this action was filed on April 27, 2004."[1279]  Thus, to the extent privileged

16  documents fall within the post lawsuit time period, they need not be included on

17  Mattel's log.  Although it bears the burden of showing why this agreement should

18  not be applied to a given Request, MGA fails to do so.

19

20  _____

21  [1276]  See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of

22  requests is clearly overbroad, requiring production of documents that merely

23  mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they have anything to do with the claims or defenses in this case.").

24  [1277]  See Opp. at 9-10 (listing produced categories).
   [1278]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at

25  2, Dart Dec., Exh. 43.

26  [1279]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

28

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4  the moving party shall first identify each dispute, state the relief sought and identify

5  the authority supporting the requested relief in a meet and confer letter that shall be

6  served on all parties by facsimile or electronic mail. The parties shall have five court

7  days from the date of service of that letter to conduct an in-person conference to

8  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

9  confer, MGA had the burden to show the relevance of any requests it sought to

10  move on.[1280]   At no point during the meet and confer process did MGA show why

11  this Request could be considered relevant to Phase 2 issues.[1281]   Because MGA

12  refused to even attempt to make this showing, there was no possibility of a good

13  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

14  deny MGA's motion with respect to this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 105:**

16    All  DOCUMENTS  evidencing,  detailing,  discussing,  describing,

17  depicting, mentioning, referring to, or relating to the similarities or differences

18  between BRATZ PETZ on the one hand and "Toon Teens" on the other, if YOU

19  seek in this case to enjoin the sale of BRATZ PETZ, or seek, as any part of YOUR

20  recovery or damages in this case, any right or interest in, revenues or profits from, or

21  lost profits or other damages caused by BRATZ PETZ.

22

23

24

---

25  [1280]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [1281]   See Webster Dec. at p. 1-5.

28

1  **RESPONSE TO REQUEST NO. 105:**

2          In addition to the general objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request as overbroad and

4  unduly burdensome in that it seeks all documents in Mattel's possession, custody

5  and control on this topic, without limitation as to time, including publicly available

6  documents that are equally available to defendants.  Mattel further objects to this

7  Request on the grounds that it is unreasonably burdensome and premature in that the

8  facts necessary to determine the full nature and extent of Mattel's relief and damages

9  from defendant's acts or omissions are known by defendants and third parties

10  associated with defendants, but are not known by Mattel at this juncture because of

11  defendants' refusals to produce basic discovery.  Mattel further objects to this

12  Request on the grounds that it calls for the disclosure of information subject to the

13  attorney-client privilege, the attorney work-product doctrine and other applicable

14  privileges.  Mattel further objects to this Request on the grounds that it is improperly

15  phrased as a legal contention.  Mattel further objects to this Request on the grounds

16  that it is duplicative of or subsumed within prior Requests already responded to and

17  seeks the re-production of information and documents already produced in this

18  action.  Such information and documents will not be re-produced.

19  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

20  **TO SHOULD BE COMPELLED**

21          Mattel has not agreed to produce documents in response to this request,

22  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

23  Procedure, "an objection to part of a request must specify the part and permit

24  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

25  explain the basis for an objection with specificity are routinely rejected in the

26  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

27  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

28  harassing' are improper – especially when a party fails to submit any evidentiary

-731-

1 | declarations supporting such objections"). Accordingly, Mattel must be compelled

2 | either to certify that it has produced all non-privileged responsive documents or to

3 | produce all such documents by a date certain.

4 | To the extent that Mattel is relying on its blanket objections, they are

5 | not sustainable and do not justify Mattel's failure to produce documents.

6 | As to overbreadth, Mattel provides no explanation, let alone the

7 | required particularity, as to *why* this request is supposedly overly broad, nor can it

8 | do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

9 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This

10 | request is narrowly tailored to Mattel's intent to assert a particular damages claim.

11 | The category of documents requested is relevant to the damages claim, and it is

12 | clearly discoverable to the extent that Mattel is requesting relief in Phase 2.

13 | As to burden, Mattel has not attempted to demonstrate why responding

14 | to this request and/or producing responsive documents presents any burden. This

15 | objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

16 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17 | request is unduly burdensome must allege specific facts which indicate the nature

18 | and extent of the burden, usually by affidavit or other reliable evidence.")

19 | Moreover, it is not unduly burdensome, as noted above, in that the request is

20 | narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

21 | has engaged in a broad variety of unfair trade practices including serial copying of

22 | MGA products. Mattel also has a claim of trade secret misappropriation against

23 | MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

24 | This request does not seek documents protected by the attorney-client

25 | privilege, the attorney work product doctrine, or other applicable privileges. To the

26 | extent that Mattel contends that it does, Mattel must provide a privilege log.

27 | Mattel objects that the request is duplicative or subsumed within prior

28 | requests but does not identify the allegedly duplicative requests. Mattel's failure to

1   agree to produce responsive non-privileged documents is not proper based on this
2   objection.

3          Mattel objects that the request contains confidential, proprietary and
4   trade secret information.  A Protective Order exists in this case, obviating any
5   concern as to protection of privacy rights and/or commercially sensitive
6   information.

7          Mattel's prayer for relief is extremely broad in Phase 2.  MGA is
8   entitled to all documents on the issue, and not just those that Mattel chooses to
9   produce in support of its claims.  Because Mattel's pleadings seek such broad relief,
10  MGA is entitled to extremely broad discovery to the extent that Mattel intends to
11  assert particular damages theories.

12         None of Mattel's improper objections are valid and Mattel is obligated
13  to produce all non-privileged responsive documents in its possession, custody, or
14  control.

15  **MATTEL'S RESPONSE:**

16         MGA's argument that it is entitled to these documents fails on the
17  merits.  MGA bears the burden of showing that its discovery meets the relevance
18  requirements of <u>Rule</u> 26(b)(1).[1282]  MGA argues that the Request is "relevant to
19  [Mattel's] damages claim" but fails to explain how all documents referring or
20  relating to the similarities or differences between Bratz Petz and Toon Teens are
21  relevant to Mattel's damages in Phase 2.  "A trial court has a duty, of special
22  significance in lengthy and complex cases where the possibility of abuse is always
23  present, to supervise and limit discovery to protect parties and witnesses from
24  annoyance and excessive expense."  <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664

25  _____

26  [1282]  <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
27  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
    <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
28

1   (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

2   F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

3   Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous

4   Discovery Master has held, a party may not propound document requests as part of a

5   fishing expedition or to discover new claims.[1283]   Rivera v. NIBCO, Inc., 364 F.3d

6   1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

7   to engage in 'fishing expeditions.'").

8           Further, this Request is overbroad.   Seeking the universe of all

9   evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or

10  relating to the similarities or differences between BRATZ PETZ and "Toon Teens"

11  is plainly not narrowly tailored to seek information relevant to Phase 2.   This

12  includes every document that refers or relates to any feature of either Bratz Petz or

13  Toon Teens.   The prior Discovery Master already found such requests to be

14  improper.[1284]   The vast majority of these documents would have no possible

15  relevance to any claims or defenses in Phase 2.

16          The Request is also duplicative of other MGA Parties requests.   As

17  explained in Mattel's Opposition, Mattel has already produced all non-privileged

18  documents in its possession relating to Toon Teens.[1285]   Therefore this sub-set of

19  Toon Teens documents cannot possibly seek non-duplicative information.   And

20

21  _____

22  [1283]   See Order Granting In Part and Denying In Part Mattel's Motion for
    Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
23  1.

24  [1284]   See Order Granting in Part and Denying in Part MGA's Motion to Compel,
    dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of
25  requests is clearly overbroad, requiring production of documents that merely
26  mention MGA, Larian, Bratz or other MGA products, regardless of whether or not
    they have anything to do with the claims or defenses in this case.").
27  [1285]   See Opp. at 9-10 (listing categories of documents).

28

1   MGA has even acknowledged that Mattel has produced documents responsive to

2   this Request.[1286]

3   There is no basis for overruling Mattel's privilege objection.  MGA's

4   bald assertion that "[t]his request does not seek information protected by the

5   attorney-client privilege, the attorney work product doctrine, or other applicable

6   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7   agreed that "all privileged documents would be logged except for documents created

8   after this action was filed on April 27, 2004."[1287]  Thus, to the extent privileged

9   documents fall within the post lawsuit time period, they need not be included on

10   Mattel's log.  Although it bears the burden of showing why this agreement should

11   not be applied to a given Request, MGA fails to do so.

12   Finally, MGA failed to meet and confer at all, much less in good faith,

13   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15   the moving party shall first identify each dispute, state the relief sought and identify

16   the authority supporting the requested relief in a meet and confer letter that shall be

17   served on all parties by facsimile or electronic mail. The parties shall have five court

18   days from the date of service of that letter to conduct an in-person conference to

19   attempt to resolve the dispute.").   In order to engage in a meaningful meet and

20   confer, MGA had the burden to show the relevance of any requests it sought to

21

22

23

24

25   [1286]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2, Dart Dec., Exh. 43.

26   [1287]   See Order Denying Mattel's Motion for Protective Order Limiting the
27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

28

1 | move on.[1288]   At no point during the meet and confer process did MGA show why
2 | this Request could be considered relevant to Phase 2 issues.[1289]   Because MGA
3 | refused to even attempt to make this showing, there was no possibility of a good
4 | faith meet and confer to resolve the parties' disputes.  The Discovery Master should
5 | deny MGA's motion with respect to this Request on that grounds alone.

6 | **REQUEST FOR PRODUCTION NO. 106:**

7 | All DOCUMENTS evidencing, detailing, discussing, describing,
8 | depicting, mentioning, referring to, or relating to the similarities or differences
9 | between BRATZ BABYZ on the one hand and "Toon Teens" on the other, if YOU
10 | seek in this case to enjoin the sale of BRATZ BABYZ, or seek, as any part of
11 | YOUR recovery or damages in this case, any right or interest in, revenues or profits
12 | from, or lost profits or other damages caused by BRATZ BABYZ.

13 | **RESPONSE TO REQUEST NO. 106:**

14 | In addition to the general objections stated above, which are
15 | incorporated herein by reference, Mattel objects to this Request as overbroad and
16 | unduly burdensome in that it seeks all documents in Mattel's possession, custody
17 | and control on this topic, without limitation as to time, including publicly available
18 | documents that are equally available to defendants.  Mattel further objects to this
19 | Request on the grounds that it is unreasonably burdensome and premature in that the
20 | facts necessary to determine the full nature and extent of Mattel's relief and damages
21 | from defendant's acts or omissions are known by defendants and third parties
22 | associated with defendants, but are not known by Mattel at this juncture because of
23 | defendants' refusals to produce basic discovery.  Mattel further objects to this

---

25 | [1288]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 | moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 | <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
   | [1289]   <u>See</u> Webster Dec. at p. 1-5.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  Request on the grounds that it calls for the disclosure of information subject to the
2  attorney-client privilege, the attorney work-product doctrine and other applicable
3  privileges. Mattel further objects to this Request on the grounds that it is improperly
4  phrased as a legal contention. Mattel further objects to this Request on the grounds
5  that it is duplicative of or subsumed within prior Requests already responded to and
6  seeks the re-production of information and documents already produced in this
7  action. Such information and documents will not be re-produced.

8  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9  **TO SHOULD BE COMPELLED**

10  Mattel has not agreed to produce documents in response to this request,
11  resting on its improper boilerplate objections. Under the Federal Rules of Civil
12  Procedure, "an objection to part of a request must specify the part and permit
13  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to
14  explain the basis for an objection with specificity are routinely rejected in the
15  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
16  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
17  harassing' are improper – especially when a party fails to submit any evidentiary
18  declarations supporting such objections"). Accordingly, Mattel must be compelled
19  either to certify that it has produced all non-privileged responsive documents or to
20  produce all such documents by a date certain.

21  To the extent that Mattel is relying on its blanket objections, they are
22  not sustainable and do not justify Mattel's failure to produce documents.

23  As to overbreadth, Mattel provides no explanation, let alone the
24  required particularity, as to **why** this request is supposedly overly broad, nor can it
25  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
26  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This
27  request is narrowly tailored to Mattel's intent to assert a particular damages claim or
28  claim for injunctive relief. The category of documents requested is relevant to the

-737-

1   damages claim and claim for injunctive relief, and it is clearly discoverable to the
2   extent that Mattel is requesting such relief in Phase 2.

3          As to burden, Mattel has not attempted to demonstrate why responding
4   to this request and/or producing responsive documents presents any burden. This
5   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
6   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
7   request is unduly burdensome must allege specific facts which indicate the nature
8   and extent of the burden, usually by affidavit or other reliable evidence.")
9   Moreover, it is not unduly burdensome, as noted above, in that the request is
10  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
11  has engaged in a broad variety of unfair trade practices including serial copying of
12  MGA products. Mattel also has a claim of trade secret misappropriation against
13  MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

14         This request does not seek documents protected by the attorney-client
15  privilege, the attorney work product doctrine, or other applicable privileges. To the
16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17         Mattel objects that the request is duplicative or subsumed within prior
18  requests but does not identify the allegedly duplicative requests. Mattel's failure to
19  agree to produce responsive non-privileged documents is not proper based on this
20  objection.

21         Mattel objects that the request contains confidential, proprietary and
22  trade secret information. A Protective Order exists in this case, obviating any
23  concern as to protection of privacy rights and/or commercially sensitive
24  information.

25         Mattel's prayer for relief is extremely broad in Phase 2. MGA is
26  entitled to all documents on the issue, and not just those that Mattel chooses to
27  produce in support of its claims. Because Mattel's pleadings seek such broad relief,
28

-738-

1   MGA is entitled to extremely broad discovery to the extent that Mattel intends to

2   assert particular damages theories or to request injunctive relief.

3   None of Mattel's improper objections are valid and Mattel is obligated

4   to produce all non-privileged responsive documents in its possession, custody, or

5   control.

6   **MATTEL'S RESPONSE:**

7   MGA's argument that it is entitled to these documents fails on the

8   merits. MGA bears the burden of showing that its discovery meets the relevance

9   requirements of Rule 26(b)(1).[1290]  MGA argues that the Request is "relevant to

10  [Mattel's] damages claim" but fails to explain how all documents referring or

11  relating to the similarities or differences between Bratz Babyz and Toon Teens are

12  relevant to Mattel's damages in Phase 2.  "A trial court has a duty, of special

13  significance in lengthy and complex cases where the possibility of abuse is always

14  present, to supervise and limit discovery to protect parties and witnesses from

15  annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664

16  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

17  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

18  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

19  Discovery Master has held, a party may not propound document requests as part of a

20  fishing expedition or to discover new claims.[1291]  Rivera v. NIBCO, Inc., 364 F.3d

21  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

22  to engage in 'fishing expeditions.'").

23

24  [1290]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
25  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
    Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
26  [1291]   See Order Granting In Part and Denying In Part Mattel's Motion for
27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
    1.

28

1    Further, this Request is overbroad. Seeking the universe of all
2 evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or
3 relating to the similarities or differences between BRATZ BABYZ and "Toon
4 Teens" is plainly not narrowly tailored to seek information relevant to Phase 2. This
5 includes every document that refers or relates to any feature of either Bratz Babyz or
6 Toon Teens. The prior Discovery Master already found such requests to be
7 improper.[1292] The vast majority of these documents would have no possible
8 relevance to any claims or defenses in Phase 2.

9    The Request is also duplicative of other MGA Parties requests. As
10 explained in Mattel's Opposition, Mattel has already produced all non-privileged
11 documents in its possession relating to Toon Teens.[1293] Therefore this sub-set of
12 Toon Teens documents cannot possibly seek non-duplicative information. And
13 MGA has even acknowledged that Mattel has produced documents responsive to
14 this Request.[1294]

15    There is no basis for overruling Mattel's privilege objection. MGA's
16 bald assertion that "[t]his request does not seek information protected by the
17 attorney-client privilege, the attorney work product doctrine, or other applicable
18 privileges" has no merit. Moreover, as MGA has itself argued, the parties have
19 agreed that "all privileged documents would be logged except for documents created

20
21
22

---

[1292]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,
23 dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of
24 requests is clearly overbroad, requiring production of documents that merely
25 mention MGA, Larian, Bratz or other MGA products, regardless of whether or not
they have anything to do with the claims or defenses in this case.").
26 [1293]  See Opp. at 9-10 (listing categories of documents).
[1294]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at
27 2, Dart Dec., Exh. 43.

28

1  after this action was filed on April 27, 2004."[1295]  Thus, to the extent privileged

2  documents fall within the post lawsuit time period, they need not be included on

3  Mattel's log.  Although it bears the burden of showing why this agreement should

4  not be applied to a given Request, MGA fails to do so.

5          Finally, MGA failed to meet and confer at all, much less in good faith,

6  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8  the moving party shall first identify each dispute, state the relief sought and identify

9  the authority supporting the requested relief in a meet and confer letter that shall be

10  served on all parties by facsimile or electronic mail. The parties shall have five court

11  days from the date of service of that letter to conduct an in-person conference to

12  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

13  confer, MGA had the burden to show the relevance of any requests it sought to

14  move on.[1296]   At no point during the meet and confer process did MGA show why

15  this Request could be considered relevant to Phase 2 issues.[1297]   Because MGA

16  refused to even attempt to make this showing, there was no possibility of a good

17  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

18  deny MGA's motion with respect to this Request on that grounds alone.

19  **REQUEST FOR PRODUCTION NO. 107:**

20          All  DOCUMENTS  evidencing,  detailing,  discussing,  describing,

21  depicting, mentioning, referring to, or relating to the similarities or differences

22

23    [1295]    See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.

25  3.

    [1296]    See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

    [1297]    See Webster Dec. at p. 1-5.

28

1    between BRATZ BOYZ on the one hand and "Toon Teens" on the other, if YOU

2    seek in this case to enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR

3    recovery or damages in this case, any right or interest in, revenues or profits from, or

4    lost profits or other damages caused by BRATZ BOYZ.

5    **RESPONSE TO REQUEST NO. 107:**

6            In addition to the general objections stated above, which are

7    incorporated herein by reference, Mattel objects to this Request as overbroad and

8    unduly burdensome in that it seeks all documents in Mattel's possession, custody

9    and control on this topic, without limitation as to time, including publicly available

10   documents that are equally available to defendants. Mattel further objects to this

11   Request on the grounds that it is unreasonably burdensome and premature in that the

12   facts necessary to determine the full nature and extent of Mattel's relief and damages

13   from defendant's acts or omissions are known by defendants and third parties

14   associated with defendants, but are not known by Mattel at this juncture because of

15   defendants' refusals to produce basic discovery. Mattel further objects to this

16   Request on the grounds that it calls for the disclosure of information subject to the

17   attorney-client privilege, the attorney work-product doctrine and other applicable

18   privileges. Mattel further objects to this Request on the grounds that it is improperly

19   phrased as a legal contention. Mattel further objects to this Request on the grounds

20   that it is duplicative of or subsumed within prior Requests already responded to and

21   seeks the re-production of information and documents already produced in this

22   action. Such information and documents will not be re-produced.

23   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

24   **TO SHOULD BE COMPELLED**

25           Mattel has not agreed to produce documents in response to this request,

26   resting on its improper boilerplate objections. Under the Federal Rules of Civil

27   Procedure, "an objection to part of a request must specify the part and permit

28   inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to

explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This request is narrowly tailored to Mattel's intent to assert a particular damages claim or claim for injunctive relief. The category of documents requested is relevant to the damages claim and claim for injunctive relief, and it is clearly discoverable to the extent that Mattel is requesting such relief in Phase 2.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products. Mattel also has a claim of trade secret misappropriation against MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

1    This request does not seek documents protected by the attorney-client
2    privilege, the attorney work product doctrine, or other applicable privileges. To the
3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel objects that the request is duplicative or subsumed within prior
5    requests but does not identify the allegedly duplicative requests. Mattel's failure to
6    agree to produce responsive non-privileged documents is not proper based on this
7    objection.

8    Mattel objects that the request contains confidential, proprietary and
9    trade secret information. A Protective Order exists in this case, obviating any
10   concern as to protection of privacy rights and/or commercially sensitive
11   information.

12   Mattel's prayer for relief is extremely broad in Phase 2. MGA is
13   entitled to all documents on the issue, and not just those that Mattel chooses to
14   produce in support of its claims. Because Mattel's pleadings seek such broad relief,
15   MGA is entitled to extremely broad discovery to the extent that Mattel intends to
16   assert particular damages theories or to request injunctive relief.

17   None of Mattel's improper objections are valid and Mattel is obligated
18   to produce all non-privileged responsive documents in its possession, custody, or
19   control.

20   **MATTEL'S RESPONSE:**

21   MGA's argument that it is entitled to these documents fails on the
22   merits. MGA bears the burden of showing that its discovery meets the relevance
23   requirements of <u>Rule</u> 26(b)(1).[1298]  MGA argues that the Request is "relevant to
24   [Mattel's] damages claim" but fails to explain how all documents referring or

25

26   [1298]    <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
27   moving party, "Mattel bears an initial burden of establishing relevancy") (citing
     <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

relating to the similarities or differences between Bratz Boyz and Toon Teens are relevant to Mattel's damages in Phase 2. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1299] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, this Request is overbroad. Seeking the universe of all evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ BOYZ and "Toon Teens" is plainly not narrowly tailored to seek information relevant to Phase 2. This includes every document that refers or relates to any feature of either Bratz Boyz or Toon Teens. The prior Discovery Master already found such requests to be improper.[1300] The vast majority of these documents would have no possible relevance to any claims or defenses in Phase 2.

---

[1299] See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

[1300] See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of requests is clearly overbroad, requiring production of documents that merely mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they have anything to do with the claims or defenses in this case.").

1       The Request is also duplicative of other MGA Parties requests. As

2 explained in Mattel's Opposition, Mattel has already produced all non-privileged

3 documents in its possession relating to Toon Teens.[1301] Therefore this sub-set of

4 Toon Teens documents cannot possibly seek non-duplicative information. And

5 MGA has even acknowledged that Mattel has produced documents responsive to

6 this Request.[1302]

7       There is no basis for overruling Mattel's privilege objection. MGA's

8 bald assertion that "[t]his request does not seek information protected by the

9 attorney-client privilege, the attorney work product doctrine, or other applicable

10 privileges" has no merit. Moreover, as MGA has itself argued, the parties have

11 agreed that "all privileged documents would be logged except for documents created

12 after this action was filed on April 27, 2004."[1303] Thus, to the extent privileged

13 documents fall within the post lawsuit time period, they need not be included on

14 Mattel's log. Although it bears the burden of showing why this agreement should

15 not be applied to a given Request, MGA fails to do so.

16       Finally, MGA failed to meet and confer at all, much less in good faith,

17 regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

18 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

19 the moving party shall first identify each dispute, state the relief sought and identify

20 the authority supporting the requested relief in a meet and confer letter that shall be

21 served on all parties by facsimile or electronic mail. The parties shall have five court

22 days from the date of service of that letter to conduct an in-person conference to

23

24   [1301]  See Opp. at 9-10 (listing produced categories).

25   [1302]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2, Dart Dec., Exh. 43.

26   [1303]  See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  attempt to resolve the dispute.").    In order to engage in a meaningful meet and

2  confer, MGA had the burden to show the relevance of any requests it sought to

3  move on.[1304]    At no point during the meet and confer process did MGA show why

4  this Request could be considered relevant to Phase 2 issues.[1305]    Because MGA

5  refused to even attempt to make this showing, there was no possibility of a good

6  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

7  deny MGA's motion with respect to this Request on that grounds alone.

8  **REQUEST FOR PRODUCTION NO. 108:**

9          If YOU contend that BRATZ has impacted or affected YOUR design,

10  development, marketing, sales, profits or revenue from "Toon Teens," or anything

11  developed or derived from "Toon Teens," as part of YOUR damages in this case, all

12  DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring,

13  relating to or calculating that impact or affect.

14  **RESPONSE TO REQUEST NO. 108:**

15          In  addition  to  the  general  objections  stated  above,  which  are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it calls for the disclosure of information subject to the attorney-client privilege, the

18  attorney work-product doctrine and other applicable privileges.   Mattel further

19  objects to this Request on the grounds that it is unreasonably burdensome and

20  premature in that the facts necessary to determine the full nature and extent of

21  Mattel's relief and damages from defendant's acts or omissions are known by

22  defendants and third parties associated with defendants, but are not known by Mattel

23  at this juncture because of defendants' refusals to produce basic discovery.  Mattel

---

[1304]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
moving party, "Mattel bears an initial burden of establishing relevancy") (citing
Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
[1305]   See Webster Dec. at p. 1-5.

1   further objects to this Request on the grounds that it is improperly phrased as a legal

2   contention.   Mattel further objects to this Request as premature in that it seeks

3   expert discovery.   Such discovery will be disclosed Only at the time, and in the

4   manner required by, the Rules and the Court's Orders.

5   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

6   **TO SHOULD BE COMPELLED**

7          Mattel has not agreed to produce documents in response to this request,

8   resting on its improper boilerplate objections.   Under the Federal Rules of Civil

9   Procedure, "an objection to part of a request must specify the part and permit

10  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).   Generic objections that fail to

11  explain the basis for an objection with specificity are routinely rejected in the

12  Central District.   See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

13  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

14  harassing' are improper – especially when a party fails to submit any evidentiary

15  declarations supporting such objections").   Accordingly, Mattel must be compelled

16  either to certify that it has produced all non-privileged responsive documents or to

17  produce all such documents by a date certain.

18          To the extent that Mattel is relying on its blanket objections, they are

19  not sustainable and do not justify Mattel's failure to produce documents.

20          As to overbreadth, Mattel provides no explanation, let alone the

21  required particularity, as to *why* this request is supposedly overly broad, nor can it

22  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

23  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.   This

24  request is narrowly tailored to Mattel's intent to assert a particular damages claim.

25  The category of documents requested is relevant to the damages claim, and it is

26  clearly discoverable to the extent that Mattel is requesting relief in Phase 2.

27          As to burden, Mattel has not attempted to demonstrate why responding

28  to this request and/or producing responsive documents presents any burden.   This

                                    [PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
2  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
3  request is unduly burdensome must allege specific facts which indicate the nature
4  and extent of the burden, usually by affidavit or other reliable evidence.")
5  Moreover, it is not unduly burdensome, as noted above, in that the request is
6  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
7  has engaged in a broad variety of unfair trade practices including serial copying of
8  MGA products.  Mattel also has a claim of trade secret misappropriation against
9  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

10  This request does not seek documents protected by the attorney-client
11  privilege, the attorney work product doctrine, or other applicable privileges.  To the
12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13  Mattel objects that the request is duplicative or subsumed within prior
14  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
15  agree to produce responsive non-privileged documents is not proper based on this
16  objection.

17  Mattel objects that the request contains confidential, proprietary and
18  trade secret information.  A Protective Order exists in this case, obviating any
19  concern as to protection of privacy rights and/or commercially sensitive
20  information.

21  Mattel's prayer for relief is extremely broad in Phase 2.  MGA is
22  entitled to all documents on the issue, and not just those that Mattel chooses to
23  produce in support of its claims.  Because Mattel's pleadings seek such broad relief,
24  MGA is entitled to extremely broad discovery to the extent that Mattel intends to
25  assert particular damages theories.

26  None of Mattel's improper objections are valid and Mattel is obligated
27  to produce all non-privileged responsive documents in its possession, custody, or
28  control.

**MATTEL'S RESPONSE:**

MGA's argument that it is entitled to these documents fails on the merits. MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[1306]   MGA argues that the Request is "relevant to [Mattel's] damages claim" but fails to explain how all documents evidencing, demonstrating, discussing, mentioning, referring, relating to or calculating the impact or effect of Bratz on Toon Teens are relevant to Mattel's damages in Phase 2. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense."   Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).   As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1307] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

The Request is also duplicative of other MGA Parties requests.   As explained in Mattel's Opposition, Mattel has already produced all non-privileged documents in its possession relating to Toon Teens.[1308]   Therefore this sub-set of Toon Teens documents cannot possibly seek non-duplicative information.

---

[1306]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[1307]   See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

[1308]   See Opp. at 9-10 (listing produced categories).

1    Mattel also properly reserved its right to supplement its production

2  subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated

3  Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

4  objections to interrogatory because "[t]o the extent that the theories of damages

5  applicable to these claims may be related to the damages sought by plaintiff's fourth

6  claim, the interrogatory is premature").  Ziemack v. Centel Corp., 1995 WL 729295,

7  at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

8  but noting that "this Court does not expect Plaintiffs to address the issues that will

9  be more appropriately dealt with by experts, at a later date" and "since experts have

10  not been either retained or deposed, much of the remaining discovery is also

11  premature.").

12    There is no basis for overruling Mattel's privilege objection.  MGA's

13  bald assertion that "[t]his request does not seek information protected by the

14  attorney-client privilege, the attorney work product doctrine, or other applicable

15  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

16  agreed that "all privileged documents would be logged except for documents created

17  after this action was filed on April 27, 2004."[1309]  Thus, to the extent privileged

18  documents fall within the post lawsuit time period, they need not be included on

19  Mattel's log.  Although it bears the burden of showing why this agreement should

20  not be applied to a given Request, MGA fails to do so.

21    Finally, MGA failed to meet and confer at all, much less in good faith,

22  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

23  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

24  the moving party shall first identify each dispute, state the relief sought and identify

25  ───────────────

26  [1309]    See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

28

1    the authority supporting the requested relief in a meet and confer letter that shall be

2    served on all parties by facsimile or electronic mail. The parties shall have five court

3    days from the date of service of that letter to conduct an in-person conference to

4    attempt to resolve the dispute.").   In order to engage in a meaningful meet and

5    confer, MGA had the burden to show the relevance of any requests it sought to

6    move on.[1310]   At no point during the meet and confer process did MGA show why

7    this Request could be considered relevant to Phase 2 issues.[1311]   Because MGA

8    refused to even attempt to make this showing, there was no possibility of a good

9    faith meet and confer to resolve the parties' disputes.  The Discovery Master should

10   deny MGA's motion with respect to this Request on that grounds alone.

11   **REQUEST FOR PRODUCTION NO. 109:**

12          If YOU contend that BRATZ has impacted or affected YOUR sales,

13   profits or revenue from, or development of, "Toon Teens" or any product developed

14   or derived from "Toon Teens" as part of YOUR damages in this case, all

15   DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring to or

16   relating to such product's creation, design, development, sales and marketing and 1

17   all MARKET RESEARCH and all sales and market analyses referring or relating to

18   any such product.

19   **RESPONSE TO REQUEST NO. 109:**

20          In addition to the general objections stated above, which are

21   incorporated herein by reference, Mattel objects to this Request on the grounds that

22   it calls for 28 the disclosure of information subject to the attorney-client privilege,

23   the attorney work-product doctrine and other applicable privileges.  Mattel further

24

25   [1310]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26   moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27   Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
     [1311]   See Webster Dec. at p. 1-5.

28

1  objects to this Request on the grounds that it is unreasonably burdensome and
2  premature in that the facts necessary to determine the full nature and extent of
3  Mattel's relief and damages from defendant's acts or omissions are known by
4  defendants and third parties associated with defendants, but are not known by Mattel
5  at this juncture because of defendants' refusals to produce basic discovery.  Mattel
6  further objects to this Request on the grounds that it is improperly phrased as a legal
7  contention.  Mattel further objects to this Request as premature in that it seeks
8  expert discovery.  Such discovery will be disclosed only at the time, and in the
9  manner required by, the Rules and the Court's Orders.

10 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
11 **TO SHOULD BE COMPELLED**

12          Mattel has not agreed to produce documents in response to this request,
13 resting on its improper boilerplate objections.  Under the Federal Rules of Civil
14 Procedure, "an objection to part of a request must specify the part and permit
15 inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to
16 explain the basis for an objection with specificity are routinely rejected in the
17 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
18 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
19 harassing' are improper – especially when a party fails to submit any evidentiary
20 declarations supporting such objections").  Accordingly, Mattel must be compelled
21 either to certify that it has produced all non-privileged responsive documents or to
22 produce all such documents by a date certain.

23          To the extent that Mattel is relying on its blanket objections, they are
24 not sustainable and do not justify Mattel's failure to produce documents.

25          As to overbreadth, Mattel provides no explanation, let alone the
26 required particularity, as to *why* this request is supposedly overly broad, nor can it
27 do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
28 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

request is narrowly tailored to Mattel's intent to assert a particular damages claim. The category of documents requested is relevant to the damages claim, and it is clearly discoverable to the extent that Mattel is requesting relief in Phase 2.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products. Mattel also has a claim of trade secret misappropriation against MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests. Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

Mattel objects that the request contains confidential, proprietary and trade secret information. A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel's prayer for relief is extremely broad in Phase 2. MGA is entitled to all documents on the issue, and not just those that Mattel chooses to produce in support of its claims. Because Mattel's pleadings seek such broad relief,

MGA is entitled to extremely broad discovery to the extent that Mattel intends to assert particular damages theories.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

MGA's argument that it is entitled to these documents fails on the merits. MGA bears the burden of showing that its discovery meets the relevance requirements of <u>Rule</u> 26(b)(1).[1312]   MGA argues that the Request is "relevant to [Mattel's] damages claim" but fails to explain how all documents evidencing, demonstrating, discussing, mentioning, referring to or relating to any Toon Teens product's creation, design, development, sales and marketing and all MARKET RESEARCH and all sales and market analyses referring or relating to any such product are relevant to Mattel's damages in Phase 2.   "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).   As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1313]   <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d

---

[1312]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[1313]   <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
to engage in 'fishing expeditions.'").

The Request is also duplicative of other MGA Parties requests.   As
explained in Mattel's Opposition, Mattel has already produced all non-privileged
documents in its possession relating to Toon Teens.[1314]   Therefore this sub-set of
Toon Teens documents cannot possibly seek non-duplicative information.   And
MGA has even acknowledged that Mattel has produced documents responsive to
this Request.[1315]

Mattel also properly reserved its right to supplement its production
subject to expert discovery. See New Haven Temple SDA Church v. Consolidated
Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining
objections to interrogatory because "[t]o the extent that the theories of damages
applicable to these claims may be related to the damages sought by plaintiff's fourth
claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295,
at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses
but noting that "this Court does not expect Plaintiffs to address the issues that will
be more appropriately dealt with by experts, at a later date" and "since experts have
not been either retained or deposed, much of the remaining discovery is also
premature.").

There is no basis for overruling Mattel's privilege objection.   MGA's
bald assertion that "[t]his request does not seek information protected by the
attorney-client privilege, the attorney work product doctrine, or other applicable
privileges" has no merit.   Moreover, as MGA has itself argued, the parties have
agreed that "all privileged documents would be logged except for documents created

---

[1314]   See Opp. at 9-10 (listing produced categories).
[1315]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at
2, Dart Dec., Exh. 43.

1   after this action was filed on April 27, 2004."[1316]   Thus, to the extent privileged

2   documents fall within the post lawsuit time period, they need not be included on

3   Mattel's log.  Although it bears the burden of showing why this agreement should

4   not be applied to a given Request, MGA fails to do so.

5              Finally, MGA failed to meet and confer at all, much less in good faith,

6   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8   the moving party shall first identify each dispute, state the relief sought and identify

9   the authority supporting the requested relief in a meet and confer letter that shall be

10  served on all parties by facsimile or electronic mail. The parties shall have five court

11  days from the date of service of that letter to conduct an in-person conference to

12  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

13  confer, MGA had the burden to show the relevance of any requests it sought to

14  move on.[1317]   At no point during the meet and confer process did MGA show why

15  this Request could be considered relevant to Phase 2 issues.[1318]   Because MGA

16  refused to even attempt to make this showing, there was no possibility of a good

17  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

18  deny MGA's motion with respect to this Request on that grounds alone.

19  **REQUEST FOR PRODUCTION NO. 110:**

20             All DOCUMENTS evidencing, referring to or relating to whether and

21  how "Toon Teens" was ever used or utilized in any way by BRYANT or MGA in

22

---

23  [1316]   See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.

25  3.
    [1317]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [1318]   See Webster Dec. at p. 1-5.

28

1  the creation, design, derivation or development of any doll, toy or product of any
2  nature or form that was ever marketed or sold including, without limitation,
3  BRATZ.

4  **RESPONSE TO REQUEST NO. 110:**

5         In addition to the general objections stated above, which are
6  incorporated herein by reference, Mattel objects to this Request on the grounds that
7  it seeks the production of documents or information that are in the possession,
8  custody and control of independent parties over whom Mattel has no control,
9  including without limitation defendants and third parties associated with defendants,
10  and seeks the disclosure of documents or information that are in the possession,
11  custody and control of defendants or are publicly available and hence equally
12  available to all parties to this litigation.  Mattel further objects to this Request on the
13  grounds that it is unreasonably burdensome and premature in that the facts necessary
14  to determine whether documents in Mattel's possession, custody and control relate
15  to "Bratz" in that time period are within the knowledge of defendants and third
16  parties associated with defendants, and are not known to Mattel because of
17  defendants' refusals to produce basic discovery.  Mattel further objects to this
18  Request on the grounds that it calls for the disclosure of information subject to the
19  attorney-client privilege, the attorney work-product doctrine and other applicable
20  privileges.  Mattel further objects to this Request on the grounds that it is duplicative
21  of or subsumed within prior Requests already responded to and seeks the re-
22  production of information and documents already produced in this action.  Such
23  information and documents will not be re-produced.

24  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
25  **TO SHOULD BE COMPELLED**

26         Mattel has refuses to produce documents in response to this request in
27  particular, resting on its improper boilerplate objections.  Under the Federal Rules of
28  Civil Procedure, "an objection to part of a request must specify the part and permit

1  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

2  explain the basis for an objection with specificity are routinely rejected in the

3  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

4  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

5  harassing' are improper – especially when a party fails to submit any evidentiary

6  declarations supporting such objections").  Accordingly, Mattel must be compelled

7  either to certify that it has produced all non-privileged responsive documents or to

8  produce all such documents by a date certain.

9       To the extent that Mattel is relying on its blanket objections, they are

10  not sustainable and do not justify Mattel's failure to produce documents.

11       As to overbreadth, Mattel provides no explanation, let alone the

12  required particularity, as to *why* this request is supposedly overly broad, nor can it

13  do so.  This objection is therefore improper. Order No. 17, dated April 14, 2009, at

14  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

15  contrary, the request is narrowly tailored to seek documents concerning Mattel's

16  "Toon Teens" product.

17       As to burden, Mattel has not attempted to demonstrate why responding

18  to this request and/or producing responsive documents presents any burden.  This

19  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

20  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21  request is unduly burdensome must allege specific facts which indicate the nature

22  and extent of the burden, usually by affidavit or other reliable evidence.")

23  Moreover, it is not unduly burdensome, as noted above, in that the request is

24  narrowly tailored to seek only discoverable evidence.

25       This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    Mattel objects that the request contains confidential/proprietary/trade
2  secret information.  A Protective Order exists in this case, obviating any concern as
3  to protection of privacy rights and/or commercially sensitive information.

4    Mattel objects that the request is duplicative or subsumed within prior
5  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
6  agree to produce responsive non-privileged documents is not proper based on this
7  objection.

8    Mattel alleges that Bryant copied or converted a Mattel product called
9  "Toon Teens."  Documents relating to this product are relevant to MGA's claims and
10 defenses, including MGA's statute of limitations defense and damages.

11    None of Mattel's improper objections are valid and Mattel is obligated
12 to produce all non-privileged responsive documents in its possession, custody, or
13 control.

14 **MATTEL'S RESPONSE:**

15    MGA's argument that it is entitled to these documents fails on the
16 merits.  MGA has not met its burden of showing that its discovery meets the
17 relevance requirements of Rule 26(b)(1).[1319]  MGA argues that the Request is
18 "relevant to [Mattel's] damages claim" but fails to explain how all documents
19 evidencing, demonstrating, discussing, mentioning, referring to or relating to any
20 Toon Teens product's creation, design, development, sales and marketing and all
21 MARKET RESEARCH and all sales and market analyses referring or relating to
22 any such product are relevant to Mattel's damages in Phase 2.  "A trial court has a
23 duty, of special significance in lengthy and complex cases where the possibility of
24 abuse is always present, to supervise and limit discovery to protect parties and

25 ───────────────

26   [1319]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
27 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

witnesses from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1320]  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

The Request is also duplicative of other MGA Parties requests.  As explained in Mattel's Opposition, Mattel has already produced all non-privileged documents in its possession relating to Toon Teens.[1321]  Therefore this sub-set of Toon Teens documents cannot possibly seek non-duplicative information.  And MGA has even acknowledged that Mattel has produced documents responsive to this Request.[1322]

There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[1323]  Thus, to the extent privileged

---

[1320]  <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

[1321]  <u>See</u> Opp. at 9-10 (listing produced categories).

[1322]  <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2, Dart Dec., Exh. 43.

[1323]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  documents fall within the post lawsuit time period, they need not be included on

2  Mattel's log.  Although it bears the burden of showing why this agreement should

3  not be applied to a given Request, MGA fails to do so.

4          Finally, MGA failed to meet and confer at all, much less in good faith,

5  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

6  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

7  the moving party shall first identify each dispute, state the relief sought and identify

8  the authority supporting the requested relief in a meet and confer letter that shall be

9  served on all parties by facsimile or electronic mail. The parties shall have five court

10 days from the date of service of that letter to conduct an in-person conference to

11 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

12 confer, MGA had the burden to show the relevance of any requests it sought to

13 move on.[1324]   At no point during the meet and confer process did MGA show why

14 this Request could be considered relevant to Phase 2 issues.[1325]   Because MGA

15 refused to even attempt to make this showing, there was no possibility of a good

16 faith meet and confer to resolve the parties' disputes.  The Discovery Master should

17 deny MGA's motion with respect to this Request on that grounds alone.

18 **REQUEST FOR PRODUCTION NO. 111:**

19          All DOCUMENTS evidencing, referring to or relating to whether and

20 how "Toon Teens" was ever used or utilized in any way by YOU in the creation,

21 design, derivation or development of any doll, toy or product of any nature or form

22 that was ever marketed or sold including, without limitation, "My Scene".

23

24

---

25 [1324]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27 Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

   [1325]   See Webster Dec. at p. 1-5.

28

**RESPONSE TO REQUEST NO. 111:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous and calls for information that is not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has refuses to produce documents in response to this request in particular, resting on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

1    Mattel objects that the request contains confidential/proprietary/trade
2 secret information.  A Protective Order exists in this case, obviating any concern as
3 to protection of privacy rights and/or commercially sensitive information.

4    Mattel alleges that Bryant copied or converted a Mattel product called
5 "Toon Teens."  Documents relating to this product are relevant to MGA's claims and
6 defenses, including MGA's statute of limitations defense and damages.

7    None of Mattel's improper objections are valid and Mattel is obligated
8 to produce all non-privileged responsive documents in its possession, custody, or
9 control.

10 **MATTEL'S RESPONSE:**

11    MGA's argument that it is entitled to these documents fails on the
12 merits.  MGA bears the burden of showing that its discovery meets the relevance
13 requirements of Rule 26(b)(1).[1326]  MGA argues that the Request is "relevant to
14 [Mattel's] damages claim" but fails to explain how all documents evidencing,
15 demonstrating, discussing, mentioning, referring to or relating to any Toon Teens
16 product's creation, design, development, sales and marketing and all MARKET
17 RESEARCH and all sales and market analyses referring or relating to any such
18 product are relevant to Mattel's damages in Phase 2.  "A trial court has a duty, of
19 special significance in lengthy and complex cases where the possibility of abuse is
20 always present, to supervise and limit discovery to protect parties and witnesses
21 from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664
22 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559
23 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste
24 Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

25 ───────────────

26   [1326]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
27 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  Discovery Master has held, a party may not propound document requests as part of a
2  fishing expedition or to discover new claims.[1327]   Rivera v. NIBCO, Inc., 364 F.3d
3  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
4  to engage in 'fishing expeditions.'").

5          The Request is also duplicative of other MGA Parties requests.   As
6  explained in Mattel's Opposition, Mattel has already produced all non-privileged
7  documents in its possession relating to Toon Teens.[1328]   Therefore this sub-set of
8  Toon Teens documents cannot possibly seek non-duplicative information.   And
9  MGA has even acknowledged that Mattel has produced documents responsive to
10 this Request.[1329]

11         There is no basis for overruling Mattel's privilege objection.   MGA's
12 bald assertion that "[t]his request does not seek information protected by the
13 attorney-client privilege, the attorney work product doctrine, or other applicable
14 privileges" has no merit.   Moreover, as MGA has itself argued, the parties have
15 agreed that "all privileged documents would be logged except for documents created
16 after this action was filed on April 27, 2004."[1330]   Thus, to the extent privileged
17 documents fall within the post lawsuit time period, they need not be included on
18 Mattel's log.   Although it bears the burden of showing why this agreement should
19 not be applied to a given Request, MGA fails to do so.

20

21

22  [1327]   See Order Granting In Part and Denying In Part Mattel's Motion for
23  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
     1.
24  [1328]   See Opp. at 9-10 (listing produced categories).
     [1329]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at
25  2, Dart Dec., Exh. 43.
26  [1330]   See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
     3.
28

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4   the moving party shall first identify each dispute, state the relief sought and identify

5   the authority supporting the requested relief in a meet and confer letter that shall be

6   served on all parties by facsimile or electronic mail. The parties shall have five court

7   days from the date of service of that letter to conduct an in-person conference to

8   attempt to resolve the dispute.").   In order to engage in a meaningful meet and

9   confer, MGA had the burden to show the relevance of any requests it sought to

10  move on.[1331]   At no point during the meet and confer process did MGA show why

11  this Request could be considered relevant to Phase 2 issues.[1332]   Because MGA

12  refused to even attempt to make this showing, there was no possibility of a good

13  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

14  deny MGA's motion with respect to this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 112:**

16    All DOCUMENTS evidencing, referring or relating to whether BRATZ

17  or BRATZ INTELLECTUAL PROPERTY was ever used or utilized in any way by

18  YOU in the creation, design or development of any doll, toy or product of any

19  nature or form that was ever marketed or sold including, without limitation, "My

20  Scene."

21  **RESPONSE TO REQUEST NO. 112:**

22    In addition to the general objections stated above, which are

23  incorporated herein by reference, Mattel objects to this Request on the grounds that

24

25    [1331]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

      [1332]   See Webster Dec. at p. 1-5.

28

1   such discovery from Mattel is overbroad, unduly burdensome, oppressive and not
2   likely to the lead to the discovery of admissible evidence in that Mattel's actions in
3   relation to "Bratz" are not at issue in this action and are irrelevant to the claims and
4   defenses in this suit.  Rather, at issue are the actions of defendants and third parties
5   associated with defendants in connection with the projects that defendant Bryant
6   worked on with defendant MGA, which is information known to and within the
7   possession, custody and control of defendants and their associated third parties, not
8   Mattel.  Mattel further objects to this Request as vague and ambiguous, including
9   without limitation the terms "Bratz" and "Bratz Intellectual Property."   Mattel
10  further objects to this Request on the grounds that it seeks confidential, proprietary
11  and trade secret information that has no bearing on the claims or defenses in this
12  case.  Mattel further objects to this Request on the grounds that it calls for the
13  disclosure of information subject to the attorney-client privilege, the attorney work-
14  product doctrine and other applicable privileges.

15  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
16  **TO SHOULD BE COMPELLED**

17          Mattel has not agreed to produce documents in response to this request,
18  subject to its improper boilerplate objections.  Mattel has refused to confirm whether
19  or not it has produced all non-privileged responsive documents or whether it is
20  withholding documents based on its objections in Phase 2.  Under the Federal Rules
21  of Civil Procedure, "an objection to part of a request must specify the part and
22  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
23  fail to explain the basis for an objection with specificity are routinely rejected in the
24  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
25  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
26  harassing' are improper – especially when a party fails to submit any evidentiary
27  declarations supporting such objections").  Accordingly, Mattel must be compelled
28

00505.07975/3161896.1

-767-
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  either to certify that it has produced all non-privileged responsive documents or to
2  produce all such documents by a date certain.

3          To the extent that Mattel is relying on its blanket objections, they are
4  not sustainable and do not justify Mattel's failure to produce documents.

5          As to overbreadth, Mattel provides no explanation, let alone the
6  required particularity, as to *why* this request is supposedly overly broad, nor can it
7  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9  contrary, the request is narrowly tailored to seek documents concerning BRATZ or
10 BRATZ intellectual property that Mattel has ever used or utilized to create, design
11 or develop any Mattel product.

12         As to burden, Mattel has not attempted to demonstrate why responding
13 to this request and/or producing responsive documents presents any burden. This
14 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
15 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
16 request is unduly burdensome must allege specific facts which indicate the nature
17 and extent of the burden, usually by affidavit or other reliable evidence.")
18 Moreover, it is not unduly burdensome, as noted above, in that the request is
19 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
20 has engaged in a broad variety of unfair trade practices including serial copying of
21 MGA products. MGA is entitled to discovery on these claims.

22         This request does not seek documents protected by the attorney-client
23 privilege, the attorney work product doctrine, or other applicable privileges. To the
24 extent that Mattel contends that it does, Mattel must provide a privilege log.

25         Mattel objects that Mattel's actions in relation to the "Bratz" line of
26 products are not at issue in this action and are irrelevant to the claims and defenses
27 in this suit. Mattel cannot legitimately contend that Bratz is not at issue in Phase 2
28 of these consolidated proceedings. Discovery relating to Bratz is likely to lead to

1   admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

2   competition claim, Mattel's trade secret misappropriation claim, and both parties

3   damages claims.

4          As for relevancy, Mattel has not attempted to demonstrate why the

5   information sought in response to this request is not discoverable in Phase 2. On the

6   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

7   product lines, including its BRATZ product line, packaging, themes, accessories,

8   and advertising. Documents related to BRATZ or BRATZ intellectual property that

9   Mattel has used or utilized in any way in the creation, design, or development of any

10   Mattel product are highly relevant to MGA's claims, including its including its

11   allegations of serial copying by Mattel and are discoverable in Phase 2.

12          None of Mattel's improper objections are valid and Mattel is obligated

13   to produce all non-privileged responsive documents in its possession, custody, or

14   control.

15   **MATTEL'S RESPONSE:**

16          MGA fails to articulate a basis for Phase 2 relevance for this Request.

17   Inasmuch as the ownership of the intellectual property comprising of the Bratz dolls,

18   prior rulings in this case have already established that Mattel owns that intellectual

19   property. Inasmuch as MGA merely seeks discovery in order to upend these rulings

20   in Phase 2, the Request is clearly irrelevant.

21          MGA must establish that its discovery meets the relevance

22   requirements of Rule 26(b)(1), which clearly states that discovery must be

23   "reasonably calculated to lead to the discovery of admissible evidence." MGA has

24   not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are

25   relevant to Phase 2 issues. "A trial court has a duty, of special significance in

26   lengthy and complex cases where the possibility of abuse is always present, to

27   supervise and limit discovery to protect parties and witnesses from annoyance and

28   excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>

1  also <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133

2  n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL

3  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

4  party may not propound document requests as part of a fishing expedition or to

5  discover new claims.  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)

6  ("District courts need not condone the use of discovery to engage in 'fishing

7  expeditions.'").

8          Additionally, MGA failed to meet and confer in good faith regarding

9  this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master Order No. 1,

10 dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

11 party shall first identify each dispute, state the relief sought and identify the

12 authority supporting the requested relief in a meet and confer letter that shall be

13 served on all parties by facsimile or electronic mail. The parties shall have five court

14 days from the date of service of that letter to conduct an in-person conference to

15 attempt to resolve the dispute.").  At no point during the meet and confer process did

16 MGA articulate a valid basis for which this Request could be considered relevant to

17 Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

18 simply not true; MGA never initiated any dialogue about this Request or Mattel's

19 response in the first place.  The Discovery Master should deny MGA's motion with

20 respect to this Request on that grounds alone.

21          The motion is also moot.  As MGA has admitted in correspondence

22 going back to 2007[1333], Mattel has produced and continues to produce documents

23 that are responsive to this Request.   As to the actual production of relevant

24 documents, there is no dispute and indeed had been no dispute for years, as MGA

25

26

27  [1333]   <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

28

1    well knows, and this issue could have been resolved without motion practice if

2    MGA had completed the meet and confer process in good faith.

3         The Request is also entirely duplicative of prior discovery served by

4    Carter Bryant as well as subsequent discovery served by MGA. ███████

5    ████████████████████████████████████████████████

6    ████████████████████████████████████████████████

7    ██████████ MGA's claim, at this stage of the litigation, that there remain

8    unproduced relevant materials on this subject in Mattel's possession is not credible.

9    In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

10    was duplicative and that Mattel had produced relevant documents in response.[1335]

11         There is no basis for overruling Mattel's privilege objection. MGA's

12    bald assertion that "this request does not seek information protected by the attorney-

13    client privilege, the attorney work product doctrine, or any other applicable

14    privilege" has no merit. Documents responsive to this Request could very well be

15    subject to a claim of privilege or work product protection. Despite MGA's claim to

16    the contrary, Mattel has produced a privilege log in this action. Moreover, as MGA

17    has itself argued, the parties have agreed that "all privileged documents would be

18    logged except for documents created after this action was filed on April 27, 2004."

19    Thus, to the extent privileged documents fall within the post lawsuit time period,

20    they need not be included on Mattel's log.

21         Further, Mattel maintains reports from numerous third party analysts

22    and third party sources, including retail sales reports that track doll sales across the

23    entire industry, newspaper and magazine articles, commercials and advertisements.

24

25    ████████████████████████████████████████████████

26    ████████████████████████████████████████████████

27    [1335] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

28

1  One example is NPD, which provides retail sales data on Mattel's products as well
2  as on thousands of other products in the toy industry.  Hundreds of employees at
3  Mattel in the U.S. have access to and make decisions based on that data, or have
4  sent or received communications that reference the data.[1336]  Mattel would have to
5  search through each of these employees' hard copy files and electronically stored
6  information to determine whether their copies of this data, or any related documents
7  that might have been created by Mattel, are responsive.[1337]

8         Finally, MGA takes issue with Mattel imposing any temporal
9  limitations on its production based on the filing of MGA's complaint.  ████████
10 ████████████████████████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████████████████████████
12 ████████████████████████████████████  MGA offers no reason, nor could it
13 consistent with judicial estoppel, why documents post-dating the filing of claims
14 which do not allege continuing wrongdoing are relevant to those claims.  MGA
15 offers no reason, nor could it consistent with judicial estoppel, why documents post-
16

_____

17    [1336]   See Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,
18 Exh. 31.
        [1337]   Id.
19
20
21
22                                          In finding that "there has been
23 no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
   calculated to lead to the discovery of admissible evidence regarding the RICO
24 counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
25 other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
   than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
26 into existence – and therefore apparently did not encompass the activities or the
27 transactions which are the subject of the Financing Discovery." Discovery Matter
   Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.
28

1    dating the filing of claims which do not allege continuing wrongdoing are relevant
2    to those claims.

3    **REQUEST FOR PRODUCTION NO. 113:**

4            All DOCUMENTS that name or are otherwise sufficient to identify the
5    individuals who worked on or were involved in any way with the conception,
6    creation, design and development of the "My Scene" idea, concept or products.

7    **RESPONSE TO REQUEST NO. 113:**

8            In addition to the general objections stated above, which are
9    incorporated herein by reference, Mattel objects to this Request on the grounds that
10   it calls for information that is not relevant to this action or likely to lead to the
11   discovery of admissible evidence.   Mattel further objects to this Request as
12   overbroad, unduly burdensome and oppressive in that it seeks "all" documents in
13   Mattel's possession, custody and control on this broad subject.   Mattel further
14   objects to this Request on the grounds that it seeks confidential, proprietary and
15   trade secret information that has no bearing on the claims or defenses in this case.
16   Mattel further objects to this Request on the grounds that it calls for the disclosure
17   of information subject to the attorney-client privilege, the attorney work-product
18   doctrine and other applicable privileges.

19   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
20   **TO SHOULD BE COMPELLED**

21           Mattel has not agreed to produce documents in response to this request,
22   subject to its improper boilerplate objections.  Mattel has refused to confirm whether
23   or not it has produced all non-privileged responsive documents or whether it is
24   withholding documents based on its objections in Phase 2.  Under the Federal Rules
25   of Civil Procedure, "an objection to part of a request must specify the part and
26   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
27   fail to explain the basis for an objection with specificity are routinely rejected in the
28   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

1  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

2  harassing' are improper – especially when a party fails to submit any evidentiary

3  declarations supporting such objections").  Accordingly, Mattel must be compelled

4  either to certify that it has produced all non-privileged responsive documents or to

5  produce all such documents by a date certain.

6          To the extent that Mattel is relying on its blanket objections, they are

7  not sustainable and do not justify Mattel's failure to produce documents.

8          As to overbreadth, Mattel provides no explanation, let alone the

9  required particularity, as to *why* this request is supposedly overly broad, nor can it

10  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

11  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12  contrary, the request is narrowly tailored to seek documents sufficient to identify the

13  individuals who worked or were involved with Mattel's "My scene" product.

14          As to burden, Mattel has not attempted to demonstrate why responding

15  to this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

17  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22  has engaged in a broad variety of unfair trade practices including serial copying of

23  MGA products.  MGA is entitled to discovery on these claims.

24          This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27          Mattel objects that the request contains confidential, proprietary and

28  trade secret information.  A Protective Order exists in this case, obviating any

1  concern as to protection of privacy rights and/or commercially sensitive
2  information.

3           As for relevancy, Mattel has not attempted to demonstrate why the
4  information sought in response to this request is not discoverable in Phase 2. On the
5  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
6  product lines, including it various dolls, packaging, themes, accessories, and
7  advertising. Mattel's "MY SCENE" is an example of one such accused Mattel
8  product line. Documents sufficient to identify the individuals who worked or were
9  involved with Mattel's "My scene" product, are highly relevant to MGA's claims,
10  including its including its allegations of serial copying by Mattel, and are
11  discoverable in Phase 2.

12           None of Mattel's improper objections are valid and Mattel is obligated
13  to produce all non-privileged responsive documents in its possession, custody, or
14  control.

15  **MATTEL'S RESPONSE:**

16           MGA fails to articulate a basis for Phase 2 relevance for this Request.
17  Inasmuch as the ownership of the intellectual property comprising of the Bratz dolls,
18  prior rulings in this case have already established that Mattel owns that intellectual
19  property. Inasmuch as MGA merely seeks discovery in order to upend these rulings
20  in Phase 2, the Request is clearly irrelevant.

21           MGA must establish that its discovery meets the relevance
22  requirements of Rule 26(b)(1), which clearly states that discovery must be
23  "reasonably calculated to lead to the discovery of admissible evidence." MGA has
24  not sufficiently explained how all documents relating to the "Bratz Concept" are
25  relevant to Phase 2 issues. "A trial court has a duty, of special significance in
26  lengthy and complex cases where the possibility of abuse is always present, to
27  supervise and limit discovery to protect parties and witnesses from annoyance and
28  excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see

1  also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133

2  n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

3  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

4  party may not propound document requests as part of a fishing expedition or to

5  discover new claims.  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)

6  ("District courts need not condone the use of discovery to engage in 'fishing

7  expeditions.'").

8        Additionally, MGA failed to meet and confer in good faith regarding

9  this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,

10  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

11  party shall first identify each dispute, state the relief sought and identify the

12  authority supporting the requested relief in a meet and confer letter that shall be

13  served on all parties by facsimile or electronic mail. The parties shall have five court

14  days from the date of service of that letter to conduct an in-person conference to

15  attempt to resolve the dispute.").  At no point during the meet and confer process did

16  MGA articulate a valid basis for which this Request could be considered relevant to

17  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

18  simply not true; MGA never initiated any dialogue about this Request or Mattel's

19  response in the first place.  The Discovery Master should deny MGA's motion with

20  respect to this Request on that grounds alone.

21        The motion is also moot.  As MGA has admitted in correspondence

22  going back to 2007[1339], Mattel has produced and continues to produce documents

23  that are responsive to this Request.   As to the actual production of relevant

24  documents, there is no dispute and indeed had been no dispute for years, as MGA

25

26

27  [1339]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

28

1  well knows, and this issue could have been resolved without motion practice if
2  MGA had completed the meet and confer process in good faith.

3          The Request is also entirely duplicative of prior discovery served by
4  Carter Bryant as well as subsequent discovery served by MGA.  Mattel has
5  produced documents in response to countless requests for production seeking
6  information related to My Scene.  MGA's claim, at this stage of the litigation, that
7  there remain unproduced relevant materials on this subject in Mattel's possession is
8  not credible.  In fact, over *two years ago* MGA wrote a letter admitting that this set
9  of requests was duplicative and that Mattel had produced relevant documents in
10 response.[1340]

11         There is no basis for overruling Mattel's privilege objection.  MGA's
12 bald assertion that "this request does not seek information protected by the attorney-
13 client privilege, the attorney work product doctrine, or any other applicable
14 privilege" has no merit.  Documents responsive to this Request could very well be
15 subject to a claim of privilege or work product protection.  Despite MGA's claim to
16 the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA
17 has itself argued, the parties have agreed that "all privileged documents would be
18 logged except for documents created after this action was filed on April 27, 2004."
19 Thus, to the extent privileged documents fall within the post lawsuit time period,
20 they need not be included on Mattel's log.

21         Further, Mattel maintains reports from numerous third party analysts
22 and third party sources, including retail sales reports that track doll sales across the
23 entire industry, newspaper and magazine articles, commercials and advertisements.
24 One example is NPD, which provides retail sales data on Mattel's products as well
25 as on thousands of other products in the toy industry.  Hundreds of employees at

26
27
28

1   Mattel in the U.S. have access to and make decisions based on that data, or have
2   sent or received communications that reference the data.[1341]   Mattel would have to
3   search through each of these employees' hard copy files and electronically stored
4   information to determine whether their copies of this data, or any related documents
5   that might have been created by Mattel, are responsive.[1342]

6           Finally, MGA takes issue with Mattel imposing any temporal
7   limitations on its production based on the filing of MGA's complaint.  ████████
8   ████████████████████████████████████████████████████████████████████████
9   ████████████████████████████████████████████████████████████████████████
10  ████████████████████████████████   MGA offers no reason, nor could it
11  consistent with judicial estoppel, why documents post-dating the filing of claims
12  which do not allege continuing wrongdoing are relevant to those claims.   MGA
13  offers no reason, nor could it consistent with judicial estoppel, why documents post-
14
15  ────────────────

16  [1340]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
17  Dart Dec., Exh. 43.
    [1341]   See Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,
18  Exh. 31.
    [1342]   Id.
19  ████████████████████████████████████████████████████████████████████████
20  ████████████████████████████████████████████████████████████████████████
21  ████████████████████████████████████████████████████████████████████████
22  ████████████████████████████████████████   In finding that "there has been
23  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
    calculated to lead to the discovery of admissible evidence regarding the RICO
24  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
25  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
    than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
26  into existence – and therefore apparently did not encompass the activities or the
27  transactions which are the subject of the Financing Discovery."  Discovery Matter
    Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.
28

1   dating the filing of claims which do not allege continuing wrongdoing are relevant

2   to those claims.

3   **REQUEST FOR PRODUCTION NO. 114:**

4          All DOCUMENTS referring or relating to BRATZ or BRATZ

5   INTELLECTUAL PROPERTY that YOU have given or shown to any person

6   working on or involved in the conception, creation, design or development of "My

7   Scene."

8   **RESPONSE TO REQUEST NO. 114:**

9          In addition to the general objections stated above, which are

10   incorporated herein by reference, Mattel objects to this Request on the grounds that

11   such discovery from Mattel is overbroad, unduly burdensome, oppressive and not

12   likely to the lead to the discovery of admissible evidence in that Mattel's actions in

13   relation to "Bratz" are not at issue in this action and are irrelevant to the claims and

14   defenses in this suit.  Rather, at issue are the actions of defendants and third parties

15   associated with defendants in connection with the projects that defendant Bryant

16   worked on with defendant MGA, which is information known to and within the

17   possession, custody and control of defendants and their associated third parties, not

18   Mattel.   Mattel further objects to this Request on the grounds that it seeks

19   confidential, proprietary and trade secret information that has no bearing on the

20   claims or defenses in this case.  Mattel further objects to this Request on the grounds

21   that it calls for the disclosure of information subject to the attorney-client privilege,

22   the attorney work-product doctrine and other applicable privileges.

23          Mattel further objects to this Request as vague and ambiguous,

24   including without limitation the term "Bratz Intellectual Property."

25   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

26   **TO SHOULD BE COMPELLED**

27          Mattel has not agreed to produce documents in response to this request,

28   subject to its improper boilerplate objections.  Mattel has refused to confirm whether

or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning BRATZ or BRATZ INTELLECTUAL PROPERTY that Mattel has given or shown to any person working on "My Scene."

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

1  has engaged in a broad variety of unfair trade practices including serial copying of

2  MGA products.  "My Scene" is an example of on such accused Mattel product.

3  MGA is entitled to discovery on these claims.

4  This request does not seek documents protected by the attorney-client

5  privilege, the attorney work product doctrine, or other applicable privileges.  To the

6  extent that Mattel contends that it does, Mattel must provide a privilege log.

7  Mattel objects that the request contains confidential, proprietary and

8  trade secret information.  A Protective Order exists in this case, obviating any

9  concern as to protection of privacy rights and/or commercially sensitive

10  information.

11  As for relevancy, Mattel has not attempted to demonstrate why the

12  information sought in response to this request is not discoverable in Phase 2.  On the

13  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

14  product lines, including it various dolls, packaging, themes, accessories, and

15  advertising.  Mattel's "MY SCENE" is an example of one such accused Mattel

16  product line.  Documents concerning BRATZ or BRATZ INTELLECTUAL

17  PROPERTY that Mattel has given or shown to any person working on "My Scene",

18  one of the accused products, are highly relevant to MGA's claims, including its

19  allegations of serial copying by Mattel, and are discoverable in Phase 2.

20  None of Mattel's improper objections are valid and Mattel is obligated

21  to produce all non-privileged responsive documents in its possession, custody, or

22  control.

23  **MATTEL'S RESPONSE:**

24  MGA fails to articulate a basis for Phase 2 relevance for this Request.

25  Inasmuch as the ownership of the intellectual property comprising of the Bratz dolls,

26  prior rulings in this case have already established that Mattel owns that intellectual

27  property.  Inasmuch as MGA merely seeks discovery in order to upend these rulings

28  in Phase 2, the Request is clearly irrelevant.

00505.07975/3161896.1

1    MGA must establish that its discovery meets the relevance
2  requirements of Rule 26(b)(1), which clearly states that discovery must be
3  "reasonably calculated to lead to the discovery of admissible evidence." MGA has
4  not sufficiently explained how all documents relating to the "Bratz Concept" are
5  relevant to Phase 2 issues. "A trial court has a duty, of special significance in
6  lengthy and complex cases where the possibility of abuse is always present, to
7  supervise and limit discovery to protect parties and witnesses from annoyance and
8  excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
9  also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
10  n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
11  1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a
12  party may not propound document requests as part of a fishing expedition or to
13  discover new claims. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)
14  ("District courts need not condone the use of discovery to engage in 'fishing
15  expeditions.'").

16    Additionally, MGA failed to meet and confer in good faith regarding
17  this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1,
18  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
19  party shall first identify each dispute, state the relief sought and identify the
20  authority supporting the requested relief in a meet and confer letter that shall be
21  served on all parties by facsimile or electronic mail. The parties shall have five court
22  days from the date of service of that letter to conduct an in-person conference to
23  attempt to resolve the dispute."). At no point during the meet and confer process did
24  MGA articulate a valid basis for which this Request could be considered relevant to
25  Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is
26  simply not true; MGA never initiated any dialogue about this Request or Mattel's
27  response in the first place. The Discovery Master should deny MGA's motion with
28  respect to this Request on that grounds alone.

1    The motion is also moot.  As MGA has admitted in correspondence

2  going back to 2007[1344], Mattel has produced and continues to produce documents

3  that are responsive to this Request.  As to the actual production of relevant

4  documents, there is no dispute and indeed had been no dispute for years, as MGA

5  well knows, and this issue could have been resolved without motion practice if

6  MGA had completed the meet and confer process in good faith.

7    The Request is also entirely duplicative of prior discovery served by

8  Carter Bryant as well as subsequent discovery served by MGA.  ███████

9  ████████████████████████████████████████████

10 ████████████████████████████████████████████

11 ███████    MGA's claim, at this stage of the litigation, that there remain

12 unproduced relevant materials on this subject in Mattel's possession is not credible.

13 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

14 was duplicative and that Mattel had produced relevant documents in response.[1346]

15    There is no basis for overruling Mattel's privilege objection.  MGA's

16 bald assertion that "this request does not seek information protected by the attorney-

17 client privilege, the attorney work product doctrine, or any other applicable

18 privilege" has no merit.  Documents responsive to this Request could very well be

19 subject to a claim of privilege or work product protection.  Despite MGA's claim to

20 the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA

21 has itself argued, the parties have agreed that "all privileged documents would be

22 logged except for documents created after this action was filed on April 27, 2004."

23 

24 [1344]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

25 Dart Dec., Exh. 43.

26 ████████████████████████████████████████████

27 [1346]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

28 Dart Dec., Exh. 43.

1  Thus, to the extent privileged documents fall within the post lawsuit time period,
2  they need not be included on Mattel's log.

3          Further, Mattel maintains reports from numerous third party analysts
4  and third party sources, including retail sales reports that track doll sales across the
5  entire industry, newspaper and magazine articles, commercials and advertisements.
6  One example is NPD, which provides retail sales data on Mattel's products as well
7  as on thousands of other products in the toy industry.  Hundreds of employees at
8  Mattel in the U.S. have access to and make decisions based on that data, or have
9  sent or received communications that reference the data.[1347]  Mattel would have to
10 search through each of these employees' hard copy files and electronically stored
11 information to determine whether their copies of this data, or any related documents
12 that might have been created by Mattel, are responsive.[1348]

13         Finally, MGA takes issue with Mattel imposing any temporal
14 limitations on its production based on the filing of MGA's complaint.  ▮▮▮▮▮▮▮
15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
16 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  MGA offers no reason, nor could it
18

19 [1347]   See Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,
20 Exh. 31.
   [1348]   Id.
21
22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  In finding that "there has been
25 no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
   calculated to lead to the discovery of admissible evidence regarding the RICO
26 counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
27 other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
   than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
28      (footnote continued)

1  consistent with judicial estoppel, why documents post-dating the filing of claims
2  which do not allege continuing wrongdoing are relevant to those claims.  MGA
3  offers no reason, nor could it consistent with judicial estoppel, why documents post-
4  dating the filing of claims which do not allege continuing wrongdoing are relevant
5  to those claims.

6  **REQUEST FOR PRODUCTION NO. 115:**

7          If YOU contend that BRATZ has impacted or affected YOUR sales,
8  profits or revenue from "My Scene" as part of YOUR damages in this case, all
9  DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring,
10  relating to or calculating that impact or affect.

11  **RESPONSE TO REQUEST NO. 115:**

12          In addition to the general objections stated above, which are
13  incorporated herein by reference, Mattel objects to this Request on the grounds that
14  it is unreasonably burdensome and premature in that the facts necessary to
15  determine the full nature and extent of Mattel's damages from defendant's acts or
16  omissions are known by defendants and third parties associated with defendants, but
17  are not known by Mattel at this juncture because of defendants' refusals to produce
18  basic discovery.  Mattel further objects to this Request on the grounds that it calls
19  for the disclosure of information subject to the attorney-client privilege, the attorney
20  work-product doctrine and other applicable privileges.  Mattel further objects to this
21  Request on the grounds that it is improperly phrased as a legal contention.

22
23
24
25  ──────────────────

26  into existence – and therefore apparently did not encompass the activities or the
27  transactions which are the subject of the Financing Discovery."  Discovery Matter
    Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.
28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products.  In the event that Mattel contends that MGA's BRATZ impacted or affected its sales, profits or revenue from its "My Scene" line as part of Mattel's

damage claims, the request is narrowly tailored to seek all documents related to or calculating that impact or affect.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

As to relevancy, Mattel has not attempted to make any objections. It therefore concedes relevance. MGA is entitled to all documents on the issue, and not just those that Mattel chooses to produce in support of its claims. Further, Mattel's prayer for relief is extremely broad. Because Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad discovery on these issues.

Mattel objects that the request contains confidential, proprietary, and trade secret information. A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

The Request is overbroad. Seeking the universe of <u>all</u> documents evidencing, demonstrating, discussing, mentioning, <u>referring</u>, <u>relating</u> to or caluclating the impact or effect of Bratz on the sales, profits or revenue from My Scene is plainly not narrowly tailored to seek information relevant to Phase 2.

To the extent this Request is not overbroad, MGA ignores the fact that Mattel has already produced MY SCENE sales information, including detailed

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 | revenue, cost and profit information for every MY SCENE product sold by
2 | Mattel.[1350]

3 | Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides
4 | that a Court should limit the extent of discovery if it determines that the burden of
5 | the proposed discovery outweighs its likely benefit; the discovery sought is
6 | unreasonably cumulative or duplicative, or is obtainable from some other source that
7 | is more convenient, less burdensome, or less expensive; or the party seeking
8 | discovery has had ample opportunity by discovery in the action to obtain the
9 | information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and
10 | producing the documents responsive to this overbroad Request would greatly
11 | outweigh any marginal benefit to MGA, for the following reasons.



[1350] Webster Decl., ¶ 26.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



00505.07975/3161896.1
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  [REDACTED]

2  [REDACTED]

3      Mattel also properly reserved its right to supplement its production

4  subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated

5  Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

6  objections to interrogatory because "[t]o the extent that the theories of damages

7  applicable to these claims may be related to the damages sought by plaintiff's fourth

8  claim, the interrogatory is premature").  Ziemack v. Centel Corp., 1995 WL 729295,

9  at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

10  but noting that "this Court does not expect Plaintiffs to address the issues that will

11  be more appropriately dealt with by experts, at a later date" and "since experts have

12  not been either retained or deposed, much of the remaining discovery is also

13  premature.").

14      There is no basis for overruling Mattel's privilege objection.  MGA's

15  bald assertion that "[t]his request does not seek information protected by the

16  attorney-client privilege, the attorney work product doctrine, or other applicable

17  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

18  agreed that "all privileged documents would be logged except for documents created

19  after this action was filed on April 27, 2004."[1363]  Thus, to the extent privileged

20  documents fall within the post lawsuit time period, they need not be included on

21  ———————————

22  [REDACTED]

23  [REDACTED]

24  [REDACTED]

25  [REDACTED]

26  [1363]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
   3.

28

1  Mattel's log.  Although it bears the burden of showing why this agreement should
2  not be applied to a given Request, MGA fails to do so.

3       Finally, MGA failed to meet and confer at all, much less in good faith,
4  regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master
5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
6  the moving party shall first identify each dispute, state the relief sought and identify
7  the authority supporting the requested relief in a meet and confer letter that shall be
8  served on all parties by facsimile or electronic mail. The parties shall have five court
9  days from the date of service of that letter to conduct an in-person conference to
10  attempt to resolve the dispute.").   In order to engage in a meaningful meet and
11  confer, MGA had the burden to show the relevance of any requests it sought to
12  move on.[1364]   At no point during the meet and confer process did MGA show why
13  this Request could be considered relevant to Phase 2 issues.[1365]   Because MGA
14  refused to even attempt to make this showing, there was no possibility of a good
15  faith meet and confer to resolve the parties' disputes. The Discovery Master should
16  deny MGA's motion with respect to this Request on that grounds alone.

17  **<u>REQUEST FOR PRODUCTION NO. 116:</u>**

18       If YOU contend that BRATZ has impacted or affected YOUR sales,
19  profits or revenue from "My Scene" as part of YOUR damages in this case, all
20  DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or
21  relating to "My Scene," including, without limitation, its creation, design,
22  development, sales and marketing and all MARKET RESEARCH and all sales and
23  market analyses referring or relating to "My Scene".

24  _____

25  [1364]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
   [1365]   <u>See</u> Webster Dec. at p. 1-5.

28

**RESPONSE TO REQUEST NO. 116:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies that has no bearing on the claims or defenses in this case.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

1   harassing' are improper — especially when a party fails to submit any evidentiary
2   declarations supporting such objections").  Accordingly, Mattel must be compelled
3   either to certify that it has produced all non-privileged responsive documents or to
4   produce all such documents by a date certain.

5          To the extent that Mattel is relying on its blanket objections, they are
6   not sustainable and do not justify Mattel's failure to produce documents.

7          As to overbreadth, Mattel provides no explanation, let alone the
8   required particularity, as to *why* this request is supposedly overly broad, nor can it
9   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
10  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the
11  event that Mattel contends that MGA's BRATZ has an impact on its sales, profits, or
12  revenues from "My Scene" as part of its damages claims, the request is narrowly
13  tailored to seek documents concerning "My Scene."

14         As to burden, Mattel has not attempted to demonstrate why responding
15  to this request and/or producing responsive documents presents any burden.  This
16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
17  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
18  request is unduly burdensome must allege specific facts which indicate the nature
19  and extent of the burden, usually by affidavit or other reliable evidence.")
20  Moreover, it is not unduly burdensome, as noted above, in that the request is
21  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
22  has engaged in a broad variety of unfair trade practices including serial copying of
23  MGA products.  Mattel has made a claim of trade secret misappropriation against
24  MGA. In the event that Mattel contends that MGA's BRATZ has an impact on its
25  sales, profits, or revenues from "My Scene" as part of its damages claims, the
26  request is narrowly tailored to seek documents concerning "My Scene."  MGA is
27  entitled to discovery on its claims and defenses.

28

1    This request does not seek documents protected by the attorney-client

2  privilege, the attorney work product doctrine, or other applicable privileges.  To the

3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel objects that the request contains confidential, proprietary and

5  trade secret information.   A Protective Order exists in this case, obviating any

6  concern as to protection of privacy rights and/or commercially sensitive

7  information.

8    As to relevancy, Mattel has not attempted to make any objections.  It

9  therefore concedes relevance.  In any event, If Mattel contends that BRATZ has

10  impacted its sales, profits or revenues from "My Scene" as part of its damages,

11  documents related to "My Scene" are highly relevant to MGA's claims, defenses,

12  and damages, including any damages Mattel may claim in its trade secret

13  misappropriation claim, and are discoverable in Phase 2.  MGA is entitled to all

14  documents on the issue, and not just those that Mattel chooses to produce in support

15  of its claims.   Further, Mattel's prayer for relief is extremely broad.   Because

16  Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad

17  discovery on these issues.

18    None of Mattel's improper objections are valid and Mattel is obligated

19  to produce all non-privileged responsive documents in its possession, custody, or

20  control.

21  **MATTEL'S RESPONSE:**

22    The Request is absurdly overbroad.   Seeking the universe of <u>all</u>

23  documents evidencing, demonstrating, discussing, mentioning, <u>referring</u>, or <u>relating</u>

24  to My Scene, including design, development, sales, and market research is plainly

25  not narrowly tailored to seek information relevant to Phase 2.  The vast majority of

26  these documents would have no possible relevance to any claims or defenses in

27

28

1 | Phase 2. The prior Discovery Master already found such requests to be
2 | improper.[1366]

3 |       To the extent this Request is not overbroad, MGA ignores the fact that
4 | Mattel has already produced MY SCENE sales information, including detailed
5 | revenue, cost and profit information for every MY SCENE product sold by
6 | Mattel.[1367]

7 |       Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides
8 | that a Court should limit the extent of discovery if it determines that the burden of
9 | the proposed discovery outweighs its likely benefit; the discovery sought is
10 | unreasonably cumulative or duplicative, or is obtainable from some other source that
11 | is more convenient, less burdensome, or less expensive; or the party seeking
12 | discovery has had ample opportunity by discovery in the action to obtain the
13 | information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and
14 | producing the documents responsive to this overbroad Request would greatly
15 | outweigh any marginal benefit to MGA, for the following reasons.



---

[1366]  See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of requests is clearly overbroad, requiring production of documents that merely mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they have anything to do with the claims or defenses in this case.").

[1367]  Webster Decl., ¶ 26.



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



Mattel also properly reserved its right to supplement its production subject to expert discovery. See New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a later date" and "since experts have not been either retained or deposed, much of the remaining discovery is also premature.").

There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable



00505.07975/3161896.1

1  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

2  agreed that "all privileged documents would be logged except for documents created

3  after this action was filed on April 27, 2004."[1380]  Thus, to the extent privileged

4  documents fall within the post lawsuit time period, they need not be included on

5  Mattel's log.  Although it bears the burden of showing why this agreement should

6  not be applied to a given Request, MGA fails to do so.

7          Finally, MGA failed to meet and confer at all, much less in good faith,

8  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

9  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

10  the moving party shall first identify each dispute, state the relief sought and identify

11  the authority supporting the requested relief in a meet and confer letter that shall be

12  served on all parties by facsimile or electronic mail. The parties shall have five court

13  days from the date of service of that letter to conduct an in-person conference to

14  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

15  confer, MGA had the burden to show the relevance of any requests it sought to

16  move on.[1381]   At no point during the meet and confer process did MGA show why

17  this Request could be considered relevant to Phase 2 issues.[1382]   Because MGA

18  refused to even attempt to make this showing, there was no possibility of a good

19  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

20  deny MGA's motion with respect to this Request on that grounds alone.

21

22

23      [1380]   See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.

25  3.
      [1381]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
      [1382]   See Webster Dec. at p. 1-5.

28

1 **REQUEST FOR PRODUCTION NO. 117:**

2       If YOU contend that BRATZ has impacted or affected YOUR sales,

3 profits or revenue from "My Scene" as part of YOUR damages in this case, all

4 DOCUMENTS, including MARKET RESEARCH, referring or relating to, or

5 influencing Mattel's decision to create, design or develop "My Scene," including,

6 without limitation, the reasons for and factors influencing its decision.

7 **RESPONSE TO REQUEST NO. 117:**

8       In addition to the general objections stated above, which are

9 incorporated herein by reference, Mattel objects to this Request on the grounds that

10 it is unreasonably burdensome and premature in that the facts necessary to

11 determine the full nature and extent of Mattel's damages from defendant's acts or

12 omissions are known by defendants and third parties associated with defendants, but

13 are not known by Mattel at this juncture because of defendants' refusals to produce

14 basic discovery.   Mattel further objects to this Request as overbroad, unduly

15 burdensome and oppressive in that it seeks "all" documents in Mattel's possession,

16 custody and control on this broad subject.  Mattel further objects to this Request on

17 the grounds that it calls for the disclosure of information subject to the attorney-

18 client privilege, the attorney work-product doctrine and other applicable privileges.

19 Mattel further objects to this Request on the grounds that it is improperly phrased as

20 a legal contention.  Mattel further objects to this Request on the grounds that it seeks

21 confidential, proprietary and trade secret information, such as current and future

22 Mattel marketing and pricing plans and strategies, that has no bearing on the claims

23 or defenses in this case.

24 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

25 **TO SHOULD BE COMPELLED**

26       Mattel has not agreed to produce documents in response to this request,

27 subject to its improper boilerplate objections.  Mattel has refused to confirm whether

28 or not it has produced all non-privileged responsive documents or whether it is

withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

As to relevancy, Mattel has not attempted to make any objections.  It therefore concedes relevance.  In any event, if Mattel contends that BRATZ has impacted its sales, profits or revenues from "My Scene" as part of its damages, documents related to or influencing Mattel' decision to create, design, or develop My Scene" are highly relevant to MGA's claims, defenses, and damages, including any damages Mattel may claim in its trade secret misappropriation claim, and are discoverable in Phase 2.  MGA is entitled to all documents on the issue, and not just those that Mattel chooses to produce in support of its claims.  Further, Mattel's prayer for relief is extremely broad.  Because Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad discovery on these issues.

1    None of Mattel's improper objections are valid and Mattel is obligated
2  to produce all non-privileged responsive documents in its possession, custody, or
3  control.

4  **MATTEL'S RESPONSE:**

5    The Request is absurdly overbroad.  Seeking the universe of <u>all</u>
6  documents, including market research, <u>referring</u>, or <u>relating</u> to My Scene, or
7  influencing Mattel's decision to create, design or develop My Scene is plainly not
8  narrowly tailored to seek information relevant to Phase 2.  The vast majority of
9  these documents would have no possible relevance to any claims or defenses in
10  Phase 2.

11    Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
12  that a Court should limit the extent of discovery if it determines that the burden of
13  the proposed discovery outweighs its likely benefit; the discovery sought is
14  unreasonably cumulative or duplicative, or is obtainable from some other source that
15  is more convenient, less burdensome, or less expensive; or the party seeking
16  discovery has had ample opportunity by discovery in the action to obtain the
17  information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and
18  producing the documents responsive to this overbroad Request would greatly
19  outweigh any marginal benefit to MGA, for the following reasons.

20
21
22
23
24
25
26
27
28



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



9        There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[1395]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.  Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

        Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

---

[1392]  Declaration of Lori Pantel, dated August 6, 2009, at ¶ 11, Dart Dec., Exh. 31..

[1393]  Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec., Exh. 31.

[1394]  Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec., Exh. 31.

[1395]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

1  the moving party shall first identify each dispute, state the relief sought and identify
2  the authority supporting the requested relief in a meet and confer letter that shall be
3  served on all parties by facsimile or electronic mail. The parties shall have five court
4  days from the date of service of that letter to conduct an in-person conference to
5  attempt to resolve the dispute.").   In order to engage in a meaningful meet and
6  confer, MGA had the burden to show the relevance of any requests it sought to
7  move on.[1396]   At no point during the meet and confer process did MGA show why
8  this Request could be considered relevant to Phase 2 issues.[1397]   Because MGA
9  refused to even attempt to make this showing, there was no possibility of a good
10  faith meet and confer to resolve the parties' disputes. The Discovery Master should
11  deny MGA's motion with respect to this Request on that grounds alone.

12  **REQUEST FOR PRODUCTION NO. 118:**

13      If YOU contend that BRATZ has impacted or affected YOUR sales,
14  profits or revenue from "My Scene" as part of YOUR damages in this case, all NPD
15  DOCUMENTS relied on for press statements and quarterly reports regarding "My
16  Scene".

17  **RESPONSE TO REQUEST NO. 118:**

18      In addition to the general objections stated above, which are
19  incorporated herein by reference, Mattel objects to this Request on the grounds that
20  it is unreasonably burdensome and premature in that the facts necessary to
21  determine the full nature and extent of Mattel's damages from defendant's acts or
22  omissions are known by defendants and third parties associated with defendants, but
23  are not known by Mattel at this juncture because of defendants' refusals to produce

24  _____

25  [1396]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [1397]   See Webster Dec. at p. 1-5.

28

1 | basic discovery.  Mattel further objects to this Request on the grounds that it calls
2 | for the disclosure of information subject to the attorney-client privilege, the attorney
3 | work-product doctrine and other applicable privileges.  Mattel further objects to this
4 | Request on the grounds that it is improperly phrased as a legal contention.  Mattel
5 | further objects to this Request on the grounds that it seeks NPD data that is equally
6 | available to defendants.

7 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
8 | **TO SHOULD BE COMPELLED**

9 | Mattel has not agreed to produce documents in response to this request,
10 | subject to its improper boilerplate objections.  Mattel has refused to confirm whether
11 | or not it has produced all non-privileged responsive documents or whether it is
12 | withholding documents based on its objections in Phase 2.  Under the Federal Rules
13 | of Civil Procedure, "an objection to part of a request must specify the part and
14 | permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
15 | fail to explain the basis for an objection with specificity are routinely rejected in the
16 | Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
17 | (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
18 | harassing' are improper – especially when a party fails to submit any evidentiary
19 | declarations supporting such objections").  Accordingly, Mattel must be compelled
20 | either to certify that it has produced all non-privileged responsive documents or to
21 | produce all such documents by a date certain.

22 | To the extent that Mattel is relying on its blanket objections, they are
23 | not sustainable and do not justify Mattel's failure to produce documents.

24 | This request does not seek documents protected by the attorney-client
25 | privilege, the attorney work product doctrine, or other applicable privileges.  To the
26 | extent that Mattel contends that it does, Mattel must provide a privilege log.

27 | Mattel objects that the request seeks NPD data that is equally available
28 | to defendants.  The request seeks NPD data that Mattel relied upon for its press