1  statements and quarterly reports regarding "My Scene" and this information is not
2  known or available to the defendants.  In any event, it is improper for Mattel to
3  withhold any responsive, non-privileged documents under the guise that they may
4  be available to defendants.

5           As to relevancy, Mattel has not attempted to make any objections.  It
6  therefore concedes relevance.  In any event, if Mattel contends that BRATZ has
7  impacted its sales, profits or revenues from "My Scene" as part of its damages,
8  documents related to NPD documents relied on for press statements and quarterly
9  reports regarding "My Scene" are highly relevant to MGA's claims, defenses, and
10 damages, including any damages Mattel may claim in its trade secret
11 misappropriation claim, and are discoverable in Phase 2.  MGA is entitled to all
12 documents on the issue, and not just those that Mattel chooses to produce in support
13 of its claims.  Further, Mattel's prayer for relief is extremely broad.  Because
14 Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad
15 discovery on these issues.

16          None of Mattel's improper objections are valid and Mattel is obligated
17 to produce all non-privileged responsive documents in its possession, custody, or
18 control.

19 **MATTEL'S RESPONSE:**

20          The Request is overbroad.  Seeking the universe of all NPD documents
21 "relied on" for press statements and quarterly reports relating to My Scene is plainly
22 not narrowly tailored to seek information relevant to Phase 2.  The vast majority of
23 these documents would have no possible relevance to any claims or defenses in
24 Phase 2.

25          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
26 that a Court should limit the extent of discovery if it determines that the burden of
27 the proposed discovery outweighs its likely benefit; the discovery sought is
28 unreasonably cumulative or duplicative, or is obtainable from some other source that

1   is more convenient, less burdensome, or less expensive; or the party seeking

2   discovery has had ample opportunity by discovery in the action to obtain the

3   information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

4   producing the documents responsive to this overbroad Request would greatly

5   outweigh any marginal benefit to MGA, for the following reasons.

6   

7   

8   

9   

10   

11   

12   

13   

14   

15   

16   

17            There is no basis for overruling Mattel's privilege objection.  MGA's

18   bald assertion that "[t]his request does not seek information protected by the

19   attorney-client privilege, the attorney work product doctrine, or other applicable

20   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

21   agreed that "all privileged documents would be logged except for documents created

22   after this action was filed on April 27, 2004."[1400]  Thus, to the extent privileged

23   _____

24   

25   

26   [1400]   See Order Denying Mattel's Motion for Protective Order Limiting the

27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

28   

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   documents fall within the post lawsuit time period, they need not be included on
2   Mattel's log.  Although it bears the burden of showing why this agreement should
3   not be applied to a given Request, MGA fails to do so.

4          Finally, MGA failed to meet and confer at all, much less in good faith,
5   regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master
6   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
7   the moving party shall first identify each dispute, state the relief sought and identify
8   the authority supporting the requested relief in a meet and confer letter that shall be
9   served on all parties by facsimile or electronic mail. The parties shall have five court
10  days from the date of service of that letter to conduct an in-person conference to
11  attempt to resolve the dispute.").   In order to engage in a meaningful meet and
12  confer, MGA had the burden to show the relevance of any requests it sought to
13  move on.[1401]   At no point during the meet and confer process did MGA show why
14  this Request could be considered relevant to Phase 2 issues.[1402]   Because MGA
15  refused to even attempt to make this showing, there was no possibility of a good
16  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
17  deny MGA's motion with respect to this Request on that grounds alone.

18  **REQUEST FOR PRODUCTION NO. 119:**

19          If YOU contend that BRATZ has impacted or affected YOUR sales,
20  profits or revenue from "My Scene" as part of YOUR damages in this case, all
21  DOCUMENTS used or referred to in creating and designing "My Scene," including,
22  without limitation, all DOCUMENTS that served as artistic inspiration for any
23  aspect, feature or element of any "My Scene" product.

24

---

25  [1401]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [1402]   <u>See</u> Webster Dec. at p. 1-5.

28

**RESPONSE TO REQUEST NO. 119:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request as vague and ambiguous.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

1  harassing' are improper – especially when a party fails to submit any evidentiary
2  declarations supporting such objections").  Accordingly, Mattel must be compelled
3  either to certify that it has produced all non-privileged responsive documents or to
4  produce all such documents by a date certain.

5       To the extent that Mattel is relying on its blanket objections, they are
6  not sustainable and do not justify Mattel's failure to produce documents.

7       As to overbreadth, Mattel provides no explanation, let alone the
8  required particularity, as to *why* this request is supposedly overly broad, nor can it
9  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
10 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
11 contrary, the request is narrowly tailored to seek documents concerning the
12 designing or creation of "My Scene" such as documents that served as artistic
13 inspiration for "My Scene."

14      As to burden, Mattel has not attempted to demonstrate why responding
15 to this request and/or producing responsive documents presents any burden.  This
16 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
17 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
18 request is unduly burdensome must allege specific facts which indicate the nature
19 and extent of the burden, usually by affidavit or other reliable evidence.")
20 Moreover, it is not unduly burdensome, as noted above, in that the request is
21 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
22 has engaged in a broad variety of unfair trade practices including serial copying of
23 MGA products.  Mattel has made a claim of trade secret misappropriation against
24 MGA. MGA is entitled to discovery on its claims, defenses, and damages.

25      This request does not seek documents protected by the attorney-client
26 privilege, the attorney work product doctrine, or other applicable privileges.  To the
27 extent that Mattel contends that it does, Mattel must provide a privilege log.

28

Mattel objects that the request contains confidential, proprietary, and trade secret information. A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

As to relevancy, Mattel has not attempted to make any objections. It therefore concedes relevance. In any event, if Mattel contends that BRATZ has impacted its sales, profits or revenues from "My Scene" as part of its damages, documents related to creating and designing "My Scene" are highly relevant to MGA's claims, defenses, and damages, including its defense against Mattel's trade secret misappropriation claim and any damages Mattel may claim, and are discoverable in Phase 2. MGA is entitled to all documents on the issue, and not just those that Mattel chooses to produce in support of its claims. Further, Mattel's prayer for relief is extremely broad. Because Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad discovery on these issues.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

The Request is overbroad. Seeking the universe of <u>all</u> DOCUMENTS, "used or referred to" in creating and designing My Scene is plainly not narrowly tailored to seek information relevant to Phase 2. MGA's definition of "DOCUMENTS" includes tangible things and property, which means that to the extent this Request is intelligible it seems to be asking for things like pencils, computers, and desks that were "used" in the creating and designing of My Scene, in addition to the countless numbers of irrelevant documents. The Request is therefore also vague and ambiguous as to the meaning of "used or referred to." The vast majority of the documents responsive to this Request would have no possible relevance to any claims or defenses in Phase 2.

1    Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

2  that a Court should limit the extent of discovery if it determines that the burden of

3  the proposed discovery outweighs its likely benefit; the discovery sought is

4  unreasonably cumulative or duplicative, or is obtainable from some other source that

5  is more convenient, less burdensome, or less expensive; or the party seeking

6  discovery has had ample opportunity by discovery in the action to obtain the

7  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

8  producing the documents responsive to this overbroad Request would greatly

9  outweigh any marginal benefit to MGA, for the following reasons.



26   1404  Id. ¶ 9-11.

27   1405  Id.

-815-



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   ████████████████████████████████████████████████

2   ██████████████████████████████████████████

3          There is no basis for overruling Mattel's privilege objection.  MGA's

4   bald assertion that "[t]his request does not seek information protected by the

5   attorney-client privilege, the attorney work product doctrine, or other applicable

6   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7   agreed that "all privileged documents would be logged except for documents created

8   after this action was filed on April 27, 2004."[1415]  Thus, to the extent privileged

9   documents fall within the post lawsuit time period, they need not be included on

10  Mattel's log.  Although it bears the burden of showing why this agreement should

11  not be applied to a given Request, MGA fails to do so.

12          Finally, MGA failed to meet and confer at all, much less in good faith,

13  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15  the moving party shall first identify each dispute, state the relief sought and identify

16  the authority supporting the requested relief in a meet and confer letter that shall be

17  served on all parties by facsimile or electronic mail. The parties shall have five court

18  days from the date of service of that letter to conduct an in-person conference to

19  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

20  confer, MGA had the burden to show the relevance of any requests it sought to

21

22

23    [1413]  Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,
24  Exh. 31.
      [1414]  Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,
25  Exh. 31.
26    [1415]  See Order Denying Mattel's Motion for Protective Order Limiting the
    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
27  3.

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   move on.[1416]   At no point during the meet and confer process did MGA show why

2   this Request could be considered relevant to Phase 2 issues.[1417]   Because MGA

3   refused to even attempt to make this showing, there was no possibility of a good

4   faith meet and confer to resolve the parties' disputes.  The Discovery Master should

5   deny MGA's motion with respect to this Request on that grounds alone.

6   **REQUEST FOR PRODUCTION NO. 120:**

7          If YOU contend that BRATZ has impacted or affected YOUR sales,

8   profits or revenue from "My Scene" as part of YOUR damages in this case, all

9   DOCUMENTS, including MARKET RESEARCH, referring or relating to, or

10  influencing Mattel's decision to create, design or develop "My Scene," including,

11  without limitation, the reasons for and factors influencing its decision.

12  **RESPONSE TO REQUEST NO. 120:**

13         In  addition  to  the  general  objections  stated  above,  which  are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is unreasonably burdensome and premature in that the facts necessary to

16  determine the full nature and extent of Mattel's damages from defendant's acts or

17  omissions are known by defendants and third parties associated with defendants, but

18  are not known by Mattel at this juncture because of defendants' refusals to produce

19  basic discovery.  Mattel further objects to this Request on the grounds that it calls

20  for the disclosure of information subject to the attorney-client privilege, the attorney

21  work-product doctrine and other applicable privileges.  Mattel further objects to this

22  Request as overbroad, unduly burdensome and oppressive in that it seeks "all"

23  documents in Mattel's possession, custody and control on this broad subject.

24

25  [1416]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

    [1417]   See Webster Dec. at p. 1-5.

28

1        Mattel further objects to this Request on the grounds that it is
2  improperly phrased as a legal contention.  Mattel further objects to this Request on
3  the grounds that it seeks confidential, proprietary and trade secret information, such
4  as current and future Mattel marketing and pricing plans and strategies, that has no
5  bearing on the claims or defenses in this case.

6  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
7  **TO SHOULD BE COMPELLED**

8        Mattel has not agreed to produce documents in response to this request,
9  subject to its improper boilerplate objections.  Mattel has refused to confirm whether
10  or not it has produced all non-privileged responsive documents or whether it is
11  withholding documents based on its objections in Phase 2.  Under the Federal Rules
12  of Civil Procedure, "an objection to part of a request must specify the part and
13  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
14  fail to explain the basis for an objection with specificity are routinely rejected in the
15  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
16  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
17  harassing' are improper – especially when a party fails to submit any evidentiary
18  declarations supporting such objections").  Accordingly, Mattel must be compelled
19  either to certify that it has produced all non-privileged responsive documents or to
20  produce all such documents by a date certain.

21        To the extent that Mattel is relying on its blanket objections, they are
22  not sustainable and do not justify Mattel's failure to produce documents.

23        As to overbreadth, Mattel provides no explanation, let alone the
24  required particularity, as to *why* this request is supposedly overly broad, nor can it
25  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
26  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
27  contrary, the request is narrowly tailored to seek documents concerning Mattel's

28

1  decision to create or design "My Scene" such as any market research that influenced
2  this decision.

3     As to burden, Mattel has not attempted to demonstrate why responding
4  to this request and/or producing responsive documents presents any burden.  This
5  objection must therefore be rejected.  See <u>Jackson v. Montgomery Ward & Co., Inc.</u>,
6  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
7  request is unduly burdensome must allege specific facts which indicate the nature
8  and extent of the burden, usually by affidavit or other reliable evidence.")
9  Moreover, it is not unduly burdensome, as noted above, in that the request is
10 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
11 has engaged in a broad variety of unfair trade practices including serial copying of
12 MGA products.  Mattel has made a claim of trade secret misappropriation against
13 MGA. MGA is entitled to discovery on its claims, defenses, and damages.

14    This request does not seek documents protected by the attorney-client
15 privilege, the attorney work product doctrine, or other applicable privileges.  To the
16 extent that Mattel contends that it does, Mattel must provide a privilege log.

17    Mattel objects that the request contains confidential, proprietary, and
18 trade secret information.  A Protective Order exists in this case, obviating any
19 concern as to protection of privacy rights and/or commercially sensitive
20 information.

21    As to relevancy, Mattel has not attempted to make any objections.  It
22 therefore concedes relevance.  In any event, if Mattel contends that BRATZ has
23 impacted its sales, profits or revenues from "My Scene" as part of its damages,
24 documents such as market research that relate to Mattel's decision to create or
25 design "My Scene" are highly relevant to MGA's claims, defenses, and damages,
26 including its defense against Mattel's trade secret misappropriation claim and any
27 damages Mattel may claim, and are discoverable in Phase 2.  MGA is entitled to all
28 documents on the issue, and not just those that Mattel chooses to produce in support

1  of its claims.   Further, Mattel's prayer for relief is extremely broad.   Because
2  Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad
3  discovery on these issues.

4  　　　　None of Mattel's improper objections are valid and Mattel is obligated
5  to produce all non-privileged responsive documents in its possession, custody, or
6  control.

7  **MATTEL'S RESPONSE:**

8  　　　　The Request is absurdly overbroad.   Seeking the universe of <u>all</u>
9  documents, including market research, <u>referring</u>, or <u>relating</u> to My Scene, or
10 influencing Mattel's decision to create, design or develop My Scene is plainly not
11 narrowly tailored to seek information relevant to Phase 2.   The vast majority of
12 these documents would have no possible relevance to any claims or defenses in
13 Phase 2.

14 　　　　Further, this Request is unduly burdensome.   <u>Rule</u> 26(b)(2)(c) provides
15 that a Court should limit the extent of discovery if it determines that the burden of
16 the proposed discovery outweighs its likely benefit; the discovery sought is
17 unreasonably cumulative or duplicative, or is obtainable from some other source that
18 is more convenient, less burdensome, or less expensive; or the party seeking
19 discovery has had ample opportunity by discovery in the action to obtain the
20 information sought.   <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).   The burden of locating and
21 producing the documents responsive to this overbroad Request would greatly
22 outweigh any marginal benefit to MGA, for the following reasons.

23
24
25
26
27
28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1



13    Mattel also properly reserved its right to supplement its production

14 subject to expert discovery. See New Haven Temple SDA Church v. Consolidated

15 Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

16 objections to interrogatory because "[t]o the extent that the theories of damages

17 applicable to these claims may be related to the damages sought by plaintiff's fourth

18 claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295,

19 at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

20 but noting that "this Court does not expect Plaintiffs to address the issues that will

21 be more appropriately dealt with by experts, at a later date" and "since experts have

1    not been either retained or deposed, much of the remaining discovery is also

2    premature.").

3          There is no basis for overruling Mattel's privilege objection.  MGA's

4    bald assertion that "[t]his request does not seek information protected by the

5    attorney-client privilege, the attorney work product doctrine, or other applicable

6    privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7    agreed that "all privileged documents would be logged except for documents created

8    after this action was filed on April 27, 2004."[1430]  Thus, to the extent privileged

9    documents fall within the post lawsuit time period, they need not be included on

10   Mattel's log.  Although it bears the burden of showing why this agreement should

11   not be applied to a given Request, MGA fails to do so.

12          Finally, MGA failed to meet and confer at all, much less in good faith,

13   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15   the moving party shall first identify each dispute, state the relief sought and identify

16   the authority supporting the requested relief in a meet and confer letter that shall be

17   served on all parties by facsimile or electronic mail. The parties shall have five court

18   days from the date of service of that letter to conduct an in-person conference to

19   attempt to resolve the dispute.").   In order to engage in a meaningful meet and

20   confer, MGA had the burden to show the relevance of any requests it sought to

21   move on.[1431]   At no point during the meet and confer process did MGA show why

22

23

24   ███████████████████████████████  for Protective Order Limiting the

25   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

26   [1431]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

27   moving party, "Mattel bears an initial burden of establishing relevancy") (citing

     Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  this Request could be considered relevant to Phase 2 issues.[1432]   Because MGA
2  refused to even attempt to make this showing, there was no possibility of a good
3  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
4  deny MGA's motion with respect to this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 121:**

6        If YOU contend that BRATZ has impacted or affected YOUR sales,
7  profits or revenue from "My Scene" as part of YOUR damages in this case, all
8  DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning,
9  referring to, or relating to the similarities or differences between BRATZ on the one
10 hand and "My Scene" on the other.

11 **RESPONSE TO REQUEST NO. 121:**

12       In addition to the general objections stated above, which are
13 incorporated herein by reference, Mattel objects to this Request on the grounds that
14 it is unreasonably burdensome and premature in that the facts necessary to
15 determine the full nature and extent of Mattel's damages from defendant's acts or
16 omissions are known by defendants and third parties associated with defendants, but
17 are not known by Mattel at this juncture because of defendants' refusals to produce
18 basic discovery.  Mattel further objects to this Request on the grounds that it calls
19 for the disclosure of information subject to the attorney-client privilege, the attorney
20 work-product doctrine and other applicable privileges.  Mattel further objects to this
21 Request as overbroad, unduly burdensome and oppressive in that it seeks "all"
22 documents in Mattel's possession, custody and control on this broad subject.

23       Mattel further objects to this Request on the grounds that it is
24 improperly phrased as a legal contention.  Mattel further objects to this Request on
25 the grounds that it seeks confidential, proprietary and trade secret information, such

26

27    [1432]  See Webster Dec. at p. 1-5.

28

00505.07975/3161896.1

1 | as current and future Mattel marketing and pricing plans and strategies, that has no
2 | bearing on the claims or defenses in this case.  Mattel further objects to this Request
3 | on the grounds that it calls for information that is not relevant to this action or likely
4 | to lead to the discovery of admissible evidence.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning similarities or differences between BRATZ and "My Scene."

1    As to burden, Mattel has not attempted to demonstrate why responding
2  to this request and/or producing responsive documents presents any burden. This
3  objection must therefore be rejected. See <u>Jackson v. Montgomery Ward & Co., Inc.,</u>
4  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
5  request is unduly burdensome must allege specific facts which indicate the nature
6  and extent of the burden, usually by affidavit or other reliable evidence.")
7  Moreover, it is not unduly burdensome, as noted above, in that the request is
8  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
9  has engaged in a broad variety of unfair trade practices including serial copying of
10  MGA products. Mattel has made a claim of trade secret misappropriation against
11  MGA. MGA is entitled to discovery on its claims, defenses, and damages.

12    This request does not seek documents protected by the attorney-client
13  privilege, the attorney work product doctrine, or other applicable privileges. To the
14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15    Mattel objects that the request contains confidential, proprietary, and
16  trade secret information. A Protective Order exists in this case, obviating any
17  concern as to protection of privacy rights and/or commercially sensitive
18  information.

19    As for relevancy, Mattel has not attempted to demonstrate why the
20  information sought in response to this request is not discoverable in Phase 2. Mattel
21  has asserted a trade secret misappropriation claim against MGA. If Mattel contends
22  that BRATZ has impacted its sales, profits or revenues from "My Scene" as part of
23  its damages, documents related to similarities or differences between BRATZ and
24  "My Scene" are highly relevant to MGA's claims, defenses, and damages, including
25  its defense against Mattel's trade secret misappropriation claim and any damages
26  Mattel may claim, and are discoverable in Phase 2.

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    None of Mattel's improper objections are valid and Mattel is obligated
2    to produce all non-privileged responsive documents in its possession, custody, or
3    control.

4    **MATTEL'S RESPONSE:**

5    MGA's argument that it is entitled to these documents fails on the
6    merits.   MGA argues that "Mattel has not attempted to demonstrate why the
7    information sought in response to this request is not discoverable in Phase 2."
8    However, MGA bears the burden of showing that its discovery meets the relevance
9    requirements of Rule 26(b)(1).[1433]   MGA makes a conclusory assertion that the
10   Request is relevant to "MGA's claims, defenses, and damages, including its defense
11   against Mattel's trade secret misappropriatiuon claim and any damages Mattel may
12   claim," but has not attempted to explain how all documents evidencing, detailing,
13   discussing, describing, depicting, mentioning, referring to, or relating to the
14   similarities or differences between Bratz and My Scene is related to Mattel's trade
15   secret misappropriation claim, or identify any other claim or defense it might be
16   related to.  "A trial court has a duty, of special significance in lengthy and complex
17   cases where the possibility of abuse is always present, to supervise and limit
18   discovery to protect parties and witnesses from annoyance and excessive expense."
19   Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways
20   Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.
21   1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D.
22   Ill. 1983) (same).  As the previous Discovery Master has held, a party may not
23   propound document requests as part of a fishing expedition or to discover new

24

25   —————————————

26   [1433]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
27   moving party, "Mattel bears an initial burden of establishing relevancy") (citing
     Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

1   claims.[1434]   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District
2   courts need not condone the use of discovery to engage in 'fishing expeditions.'").

3   The Request is absurdly overbroad.   Seeking the universe of all
4   documents, evidencing, detailing, discussing, describing, depicting, mentioning,
5   referring to, or relating to the similarities or differences between Bratz and My
6   Scene is plainly not narrowly tailored to seek information relevant to Phase 2.   This
7   includes every document that refers or relates to any feature of either My Scene or
8   Bratz.   The prior Discovery Master already found such requests to be improper.[1435]
9   The vast majority of these documents would have no possible relevance to any
10   claims or defenses in Phase 2.

11   Further, this Request is unduly burdensome.   Rule 26(b)(2)(c) provides
12   that a Court should limit the extent of discovery if it determines that the burden of
13   the proposed discovery outweighs its likely benefit; the discovery sought is
14   unreasonably cumulative or duplicative, or is obtainable from some other source that
15   is more convenient, less burdensome, or less expensive; or the party seeking
16   discovery has had ample opportunity by discovery in the action to obtain the
17   information sought.   See Fed. R. Civ. P. 26(b)(2)(c).   The burden of locating and
18   producing the documents responsive to this overbroad Request would greatly
19   outweigh any marginal benefit to MGA, for the following reasons.

20   ███████████████████████████████████████████
21   ███████████████████████████████████████████
22

23   [1434]   See Order Granting In Part and Denying In Part Mattel's Motion for
24   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.
25   [1435]   See Order Granting in Part and Denying in Part MGA's Motion to Compel,
26   dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of requests is clearly overbroad, requiring production of documents that merely
27   (footnote continued)
28

1 ███████████████████████████████████████████

2 ███████████████████████████████████████████

3 ███████████████████████████████████████████

4 ███████████████████████████████████████████

5 ███████████████████████████████████████████

6 ███████████████████████████████████████████

7 ███████████████████████████████████████████

8 ███████████████████████████████████████████

9 ███████████████████████████████████████████

10 ████████████████

11    ████████████████████████████████████████

12 ███████████████████████████████████████████

13 ███████████████████████████████████████████

14 ███████████████████████████████████████████

15 ███████████████████████████████████████████

16 ███████████████████████████████████████████

17 ███████████████████████████████████████████

18 ███████████████████████████████████████████

19 ███████████████████████████████████████████

20

21

22 _____

23 mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they have anything to do with the claims or defenses in this case.").

24 ███████████████████████████████████████

25 █

26 ██████

27 █   ████████████████████████████████████

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



16    Mattel also properly reserved its right to supplement its production

17  subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated

18  Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

19  objections to interrogatory because "[t]o the extent that the theories of damages

20  applicable to these claims may be related to the damages sought by plaintiff's fourth

21  claim, the interrogatory is premature").  Ziemack v. Centel Corp., 1995 WL 729295,

22  at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  but noting that "this Court does not expect Plaintiffs to address the issues that will

2  be more appropriately dealt with by experts, at a later date" and "since experts have

3  not been either retained or deposed, much of the remaining discovery is also

4  premature.").

5         There is no basis for overruling Mattel's privilege objection.  MGA's

6  bald assertion that "[t]his request does not seek information protected by the

7  attorney-client privilege, the attorney work product doctrine, or other applicable

8  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

9  agreed that "all privileged documents would be logged except for documents created

10  after this action was filed on April 27, 2004."[1448]  Thus, to the extent privileged

11  documents fall within the post lawsuit time period, they need not be included on

12  Mattel's log.  Although it bears the burden of showing why this agreement should

13  not be applied to a given Request, MGA fails to do so.

14         Finally, MGA failed to meet and confer at all, much less in good faith,

15  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

16  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

17  the moving party shall first identify each dispute, state the relief sought and identify

18  the authority supporting the requested relief in a meet and confer letter that shall be

19  served on all parties by facsimile or electronic mail. The parties shall have five court

20  days from the date of service of that letter to conduct an in-person conference to

21  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

22  confer, MGA had the burden to show the relevance of any requests it sought to

23

24

25

26   [1448]   See Order Denying Mattel's Motion for Protective Order Limiting the
27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
     3.
28

00505.07975/3161896.1

-835-

1  move on.[1449]   At no point during the meet and confer process did MGA show why
2  this Request could be considered relevant to Phase 2 issues.[1450]   Because MGA
3  refused to even attempt to make this showing, there was no possibility of a good
4  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
5  deny MGA's motion with respect to this Request on that grounds alone.

6  **REQUEST FOR PRODUCTION NO. 122:**

7          DOCUMENTS that name or are otherwise sufficient to identify the
8  individuals who worked on or were involved in any way with the conception,
9  creation, design and development of the "My Scene" styling head idea, concept or
10  products.

11  **RESPONSE TO REQUEST NO. 122:**

12          In addition to the general objections stated above, which are
13  incorporated herein by reference, Mattel objects to this Request on the grounds that
14  it calls for information that is not relevant to this action or likely to lead to the
15  discovery of admissible evidence.  Mattel further objects to this Request on the
16  grounds that it calls for the disclosure of information subject to the attorney-client
17  privilege, the attorney work-product doctrine and other applicable privileges.

18  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
19  **TO SHOULD BE COMPELLED**

20          Mattel has not agreed to produce documents in response to this request,
21  subject to its improper boilerplate objections.  Mattel has refused to confirm whether
22  or not it has produced all non-privileged responsive documents or whether it is
23  withholding documents based on its objections in Phase 2.  Under the Federal Rules

24
25  [1449]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [1450]   See Webster Dec. at p. 1-5.
28

1  of Civil Procedure, "an objection to part of a request must specify the part and
2  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that
3  fail to explain the basis for an objection with specificity are routinely rejected in the
4  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
5  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
6  harassing' are improper – especially when a party fails to submit any evidentiary
7  declarations supporting such objections"). Accordingly, Mattel must be compelled
8  either to certify that it has produced all non-privileged responsive documents or to
9  produce all such documents by a date certain.

10      To the extent that Mattel is relying on its blanket objections, they are
11  not sustainable and do not justify Mattel's failure to produce documents.

12      This request does not seek documents protected by the attorney-client
13  privilege, the attorney work product doctrine, or other applicable privileges. To the
14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      As for relevancy, Mattel has not attempted to demonstrate why the
16  information sought in response to this request is not discoverable in Phase 2. On the
17  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
18  product lines, including it various dolls, packaging, themes, accessories, and
19  advertising. Mattel's "MY SCENE" is an example of one such accused Mattel
20  product line. Documents related to the identification of individuals who worked on
21  or were involved with the conception, creation, design and development of "My
22  Scene" product are discoverable in Phase 2 and highly relevant to MGA's claims,
23  including its allegation of serial copying by Mattel.

24      None of Mattel's improper objections are valid and Mattel is obligated
25  to produce all non-privileged responsive documents in its possession, custody, or
26  control.

27
28

1 | **MATTEL'S RESPONSE:**

2   MGA has not even attempted to formulate an argument that this
3 Request is relevant to Phase 2.  MGA must establish that its discovery meets the
4 relevance requirements of Rule 26(b)(1), which clearly states that discovery must be
5 "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
6 not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are
7 relevant to Phase 2 issues.  "A trial court has a duty, of special significance in
8 lengthy and complex cases where the possibility of abuse is always present, to
9 supervise and limit discovery to protect parties and witnesses from annoyance and
10 excessive expense."  <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>
11 <u>also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133
12 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL
13 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
14 party may not propound document requests as part of a fishing expedition or to
15 discover new claims.  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)
16 ("District courts need not condone the use of discovery to engage in 'fishing
17 expeditions.'").

18   Additionally, MGA failed to meet and confer in good faith regarding
19 this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master Order No. 1,
20 dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
21 party shall first identify each dispute, state the relief sought and identify the
22 authority supporting the requested relief in a meet and confer letter that shall be
23 served on all parties by facsimile or electronic mail. The parties shall have five court
24 days from the date of service of that letter to conduct an in-person conference to
25 attempt to resolve the dispute.").  At no point during the meet and confer process did
26 MGA articulate a valid basis for which this Request could be considered relevant to
27 Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is
28 simply not true; MGA never initiated any dialogue about this Request or Mattel's

1   response in the first place.  The Discovery Master should deny MGA's motion with

2   respect to this Request on that grounds alone.

3          The motion is also moot.  As MGA has admitted in correspondence

4   going back to 2007[1451], Mattel has produced and continues to produce documents

5   that are responsive to this Request.  As to the actual production of relevant

6   documents, there is no dispute and indeed had been no dispute for years, as MGA

7   well knows, and this issue could have been resolved without motion practice if

8   MGA had completed the meet and confer process in good faith.

9          The Request is also entirely duplicative of prior discovery served by

10  Carter Bryant as well as subsequent discovery served by MGA.  Mattel has

11  produced documents in response to countless requests for production seeking

12  information related to My Scene.  MGA's claim, at this stage of the litigation, that

13  there remain unproduced relevant materials on this subject in Mattel's possession is

14  not credible.  In fact, over *two years ago* MGA wrote a letter admitting that this set

15  of requests was duplicative and that Mattel had produced relevant documents in

16  response.[1452]

17         There is no basis for overruling Mattel's privilege objection.  MGA's

18  bald assertion that "this request does not seek information protected by the attorney-

19  client privilege, the attorney work product doctrine, or any other applicable

20  privilege" has no merit.  Documents responsive to this Request could very well be

21  subject to a claim of privilege or work product protection.  Despite MGA's claim to

22  the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA

23  has itself argued, the parties have agreed that "all privileged documents would be

24

_____

25  [1451]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

26  Dart Dec., Exh. 43.

27  [1452]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

     Dart Dec., Exh. 43.

28

1    logged except for documents created after this action was filed on April 27, 2004."

2    Thus, to the extent privileged documents fall within the post lawsuit time period,

3    they need not be included on Mattel's log.

4            Finally, MGA takes issue with Mattel imposing any temporal

5    limitations on its production based on the filing of MGA's complaint. ███████

6    ████████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████████████

8    ████████████████████████████    MGA offers no reason, nor could it

9    consistent with judicial estoppel, why documents post-dating the filing of claims

10   which do not allege continuing wrongdoing are relevant to those claims.   MGA

11   offers no reason, nor could it consistent with judicial estoppel, why documents post-

12   dating the filing of claims which do not allege continuing wrongdoing are relevant

13   to those claims.

14   **REQUEST FOR PRODUCTION NO. 123:**

15           All DOCUMENTS referring or relating to BRATZ or BRATZ

16   INTELLECTUAL PROPERTY that YOU have given or shown to any person

17

18   _____

19

20   ████████████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████████

22   ████████████████████████    In finding that "there has been

23   no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

     calculated to lead to the discovery of admissible evidence regarding the RICO

24   counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

     other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

25   than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26   into existence – and therefore apparently did not encompass the activities or the

     transactions which are the subject of the Financing Discovery." Discovery Matter

27   Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

working on or involved in the conception, creation, design or development of the "My Scene" styling head.

**RESPONSE TO REQUEST NO. 123:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as vague and ambiguous, including without limitation the terms "Bratz" and "Bratz Intellectual Property."

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

1   harassing' are improper – especially when a party fails to submit any evidentiary

2   declarations supporting such objections").  Accordingly, Mattel must be compelled

3   either to certify that it has produced all non-privileged responsive documents or to

4   produce all such documents by a date certain.

5          To the extent that Mattel is relying on its blanket objections, they are

6   not sustainable and do not justify Mattel's failure to produce documents.

7          As to overbreadth, Mattel provides no explanation, let alone the

8   required particularity, as to *why* this request is supposedly overly broad, nor can it

9   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

10  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek documents concerning BRATZ

12  intellectual property that Mattel has given or shown to anyone working or involved

13  in the conception, design or development of "My Scene" styling head.

14         As to burden, Mattel has not attempted to demonstrate why responding

15  to this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

17  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22  has engaged in a broad variety of unfair trade practices including serial copying of

23  MGA products.  MGA is entitled to discovery on these claims.

24         This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27         Mattel objects that Mattel's actions in relation to the "Bratz" line of

28  products are not at issue in this action and are irrelevant to the claims and defenses

-842-

1  in this suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2

2  of these consolidated proceedings.  Discovery relating to Bratz is likely to lead to

3  admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

4  competition claim, Mattel's trade secret misappropriation claim, and both parties'

5  damages claims.

6  　　　　　As for relevancy, Mattel has not attempted to demonstrate why the

7  information sought in response to this request is not discoverable in Phase 2.  On the

8  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

9  product lines, including its BRATZ product line, packaging, themes,

10 　　　　　accessories, and advertising.  Mattel's "My Scene" is an example of one

11 such accused product.  Documents related to BRATZ intellectual property that

12 Mattel has given or shown to anyone working or involved in the conception, design

13 or development of "My Scene" styling head are highly relevant to MGA's claims,

14 including its allegation of serial copying by Mattel, and are discoverable in Phase 2.

15 　　　　　None of Mattel's improper objections are valid and Mattel is obligated

16 to produce all non-privileged responsive documents in its possession, custody, or

17 control.

18 **MATTEL'S RESPONSE:**

19 　　　　　MGA has not even attempted to formulate an argument that this

20 Request is relevant to Phase 2.  MGA must establish that its discovery meets the

21 relevance requirements of Rule 26(b)(1), which clearly states that discovery must be

22 "reasonably calculated to lead to the discovery of admissible evidence."  MGA has

23 not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are

24 relevant to Phase 2 issues.  "A trial court has a duty, of special significance in

25 lengthy and complex cases where the possibility of abuse is always present, to

26 supervise and limit discovery to protect parties and witnesses from annoyance and

27 excessive expense."  <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>

28 <u>also Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133

1 | n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL
2 | 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
3 | party may not propound document requests as part of a fishing expedition or to
4 | discover new claims.  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)
5 | ("District courts need not condone the use of discovery to engage in 'fishing
6 | expeditions.'").

7 |       Additionally, MGA failed to meet and confer in good faith regarding
8 | this Request prior to filing its Motion.  <u>See </u>Phase 2 Discovery Master Order No. 1,
9 | dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
10 | party shall first identify each dispute, state the relief sought and identify the
11 | authority supporting the requested relief in a meet and confer letter that shall be
12 | served on all parties by facsimile or electronic mail. The parties shall have five court
13 | days from the date of service of that letter to conduct an in-person conference to
14 | attempt to resolve the dispute.").  At no point during the meet and confer process did
15 | MGA articulate a valid basis for which this Request could be considered relevant to
16 | Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is
17 | simply not true; MGA never initiated any dialogue about this Request or Mattel's
18 | response in the first place.  The Discovery Master should deny MGA's motion with
19 | respect to this Request on that grounds alone.

20 |       The motion is also moot.  As MGA has admitted in correspondence
21 | going back to 2007[1454], Mattel has produced and continues to produce documents
22 | that are responsive to this Request.   As to the actual production of relevant
23 | documents, there is no dispute and indeed had been no dispute for years, as MGA
24 | well knows, and this issue could have been resolved without motion practice if
25 | MGA had completed the meet and confer process in good faith.

26
27
28

1          The Request is also entirely duplicative of prior discovery served by

2 Carter Bryant as well as subsequent discovery served by MGA.   Mattel has

3 produced documents in response to countless requests for production seeking

4 information related to My Scene.  MGA's claim, at this stage of the litigation, that

5 there remain unproduced relevant materials on this subject in Mattel's possession is

6 not credible.  In fact, over *two years ago* MGA wrote a letter admitting that this set

7 of requests was duplicative and that Mattel had produced relevant documents in

8 response.[1455]

9          There is no basis for overruling Mattel's privilege objection.  MGA's

10 bald assertion that "this request does not seek information protected by the attorney-

11 client privilege, the attorney work product doctrine, or any other applicable

12 privilege" has no merit.  Documents responsive to this Request could very well be

13 subject to a claim of privilege or work product protection.  Despite MGA's claim to

14 the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA

15 has itself argued, the parties have agreed that "all privileged documents would be

16 logged except for documents created after this action was filed on April 27, 2004."

17 Thus, to the extent privileged documents fall within the post lawsuit time period,

18 they need not be included on Mattel's log.

19          Finally,  MGA  takes  issue  with  Mattel  imposing  any  temporal

20 limitations on its production based on the filing of MGA's complaint.  ██████

21 ████████████████████████████████████████

22 ████████████████████████████████████████

23

24

25   [1454]  <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

26 Dart Dec., Exh. 43.

  [1455]  <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

27 Dart Dec., Exh. 43.

28

1    ██████████████████████████    MGA offers no reason, nor could it

2  consistent with judicial estoppel, why documents post-dating the filing of claims

3  which do not allege continuing wrongdoing are relevant to those claims.  MGA

4  offers no reason, nor could it consistent with judicial estoppel, why documents post-

5  dating the filing of claims which do not allege continuing wrongdoing are relevant

6  to those claims.

7  **REQUEST FOR PRODUCTION NO. 124:**

8          If YOU contend that BRATZ has impacted or affected YOUR sales,

9  profits or revenue from the "My Scene" styling head as part of YOUR damages in

10  this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning,

11  referring, relating to or calculating that impact or affect.

12  **RESPONSE TO REQUEST NO. 124:**

13          In addition to the general objections stated above, which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is unreasonably burdensome and premature in that the facts necessary to

16  determine the full nature and extent of Mattel's damages from defendant's acts or

17  omissions are known by defendants and third parties associated with defendants, but

18  ────────────────

19  
20  ███████████████████████████████████████████

21  
22  ██████████████████████████████    In finding that "there has been

23  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
   calculated to lead to the discovery of admissible evidence regarding the RICO

24  counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
   other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

25  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

26  into existence – and therefore apparently did not encompass the activities or the
   transactions which are the subject of the Financing Discovery." Discovery Matter

27  Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

1 are not known by Mattel at this juncture because of defendants' refusals to produce
2 basic discovery.  Mattel further objects to this Request on the grounds that it calls
3 for the disclosure of information subject to the attorney-client privilege, the attorney
4 work-product doctrine and other applicable privileges.  Mattel further objects to this
5 Request on the grounds that it is improperly phrased as a legal contention.

6 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
7 **TO SHOULD BE COMPELLED**

8      Mattel has not agreed to produce documents in response to this request,
9 subject to its improper boilerplate objections.  Mattel has refused to confirm whether
10 or not it has produced all non-privileged responsive documents or whether it is
11 withholding documents based on its objections in Phase 2.  Under the Federal Rules
12 of Civil Procedure, "an objection to part of a request must specify the part and
13 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
14 fail to explain the basis for an objection with specificity are routinely rejected in the
15 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
16 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
17 harassing' are improper – especially when a party fails to submit any evidentiary
18 declarations supporting such objections").  Accordingly, Mattel must be compelled
19 either to certify that it has produced all non-privileged responsive documents or to
20 produce all such documents by a date certain.

21      To the extent that Mattel is relying on its blanket objections, they are
22 not sustainable and do not justify Mattel's failure to produce documents.

23      As to burden, Mattel has not attempted to demonstrate why responding
24 to this request and/or producing responsive documents presents any burden.  This
25 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
26 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
27 request is unduly burdensome must allege specific facts which indicate the nature
28 and extent of the burden, usually by affidavit or other reliable evidence.")

-847-

1   Moreover, it is not unduly burdensome, as noted above, in that the request is
2   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
3   has engaged in a broad variety of unfair trade practices including serial copying of
4   MGA products.  In the event that Mattel contends that MGA's BRATZ impacted or
5   affected its sales, profits or revenue from its "My Scene" styling head as part of
6   Mattel's damage claims, the request is narrowly tailored to seek all documents
7   related to or calculating that impact or affect.

8          This request does not seek documents protected by the attorney-client
9   privilege, the attorney work product doctrine, or other applicable privileges.  To the
10  extent that Mattel contends that it does, Mattel must provide a privilege log.

11         As to relevancy, Mattel has not attempted to make any objections.  It
12  therefore concedes relevance.  MGA is entitled to all documents on the issue, and
13  not just those that Mattel chooses to produce in support of its claims.  Further,
14  Mattel's prayer for relief is extremely broad.  Because Mattel's pleadings seek such
15  broad relief, MGA is entitled to extremely broad discovery on these issues.

16         Mattel objects that the request contains confidential, proprietary, and
17  trade secret information.  A Protective Order exists in this case, obviating any
18  concern as to protection of privacy rights and/or commercially sensitive
19  information.

20         None of Mattel's improper objections are valid and Mattel is obligated
21  to produce all non-privileged responsive documents in its possession, custody, or
22  control.

23  **MATTEL'S RESPONSE:**

24         The Request is overbroad.  Seeking the universe of <u>all</u> documents
25  evidencing, demonstrating, discussing, mentioning, <u>referring</u>, <u>relating</u> to or
26  caluclating the impact or effect of Bratz on the sales, profits or revenue from My
27  Scene styling head is plainly not narrowly tailored to seek information relevant to
28  Phase 2.

1       Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

2   that a Court should limit the extent of discovery if it determines that the burden of

3   the proposed discovery outweighs its likely benefit; the discovery sought is

4   unreasonably cumulative or duplicative, or is obtainable from some other source that

5   is more convenient, less burdensome, or less expensive; or the party seeking

6   discovery has had ample opportunity by discovery in the action to obtain the

7   information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

8   producing the documents responsive to this overbroad Request would greatly

9   outweigh any marginal benefit to MGA, for the following reasons.



00505.07975/3161896.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 ███████████████████████████████████

2 ██████████████████████████████

3     There is no basis for overruling Mattel's privilege objection.  MGA's

4 bald assertion that "[t]his request does not seek information protected by the

5 attorney-client privilege, the attorney work product doctrine, or other applicable

6 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7 agreed that "all privileged documents would be logged except for documents created

8 after this action was filed on April 27, 2004."[1469]  Thus, to the extent privileged

9 documents fall within the post lawsuit time period, they need not be included on

10 Mattel's log.  Although it bears the burden of showing why this agreement should

11 not be applied to a given Request, MGA fails to do so.

12     Finally, MGA failed to meet and confer at all, much less in good faith,

13 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15 the moving party shall first identify each dispute, state the relief sought and identify

16 the authority supporting the requested relief in a meet and confer letter that shall be

17 served on all parties by facsimile or electronic mail. The parties shall have five court

18 days from the date of service of that letter to conduct an in-person conference to

19 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

20 confer, MGA had the burden to show the relevance of any requests it sought to

21

22 _____

23 ███████████████████████████████████

24 ██

25 ████████████████████████████████████

26 [1469]  See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  move on.[1470]   At no point during the meet and confer process did MGA show why

2  this Request could be considered relevant to Phase 2 issues.[1471]   Because MGA

3  refused to even attempt to make this showing, there was no possibility of a good

4  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

5  deny MGA's motion with respect to this Request on that grounds alone.

6  **REQUEST FOR PRODUCTION NO. 125:**

7         If YOU contend that BRATZ has impacted or affected YOUR sales,

8  profits or revenue from the "My Scene" styling head as part of YOUR damages in

9  this case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning,

10  referring or relating to the "My Scene" styling head including, without limitation, its

11  creation, design, development, sales and marketing and all MARKET RESEARCH

12  and all sales and market analyses referring or relating to the "My Scene" styling

13  head.

14  **RESPONSE TO REQUEST NO. 125:**

15         In addition to the general objections stated above, which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it is unreasonably burdensome and premature in that the facts necessary to

18  determine the full nature and extent of Mattel's damages from defendant's acts or

19  omissions are known by defendants and third parties associated with defendants, but

20  are not known by Mattel at this juncture because of defendants' refusals to produce

21  basic discovery.   Mattel further objects to this Request as overbroad, unduly

22  burdensome and oppressive in that it seeks "all" documents in Mattel's possession,

23  custody and control on this broad subject.  Mattel further objects to this Request on

24  

25  [1470]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
   [1471]   See Webster Dec. at p. 1-5.

28  

00505.07975/3161896.1                                            -853-

1  the grounds that it calls for the disclosure of information subject to the attorney-
2  client privilege, the attorney work-product doctrine and other applicable privileges.
3  Mattel further objects to this Request on the grounds that it is improperly phrased as
4  a legal contention.  Mattel further objects to this Request on the grounds that it seeks
5  confidential, proprietary and trade secret information, such as current and future
6  Mattel marketing and pricing plans and strategies, that has no bearing on the claims
7  or defenses in this case.

8  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9  **TO SHOULD BE COMPELLED**

10       Mattel has not agreed to produce documents in response to this request,
11  subject to its improper boilerplate objections.  Mattel has refused to confirm whether
12  or not it has produced all non-privileged responsive documents or whether it is
13  withholding documents based on its objections in Phase 2.  Under the Federal Rules
14  of Civil Procedure, "an objection to part of a request must specify the part and
15  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
16  fail to explain the basis for an objection with specificity are routinely rejected in the
17  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
18  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
19  harassing' are improper – especially when a party fails to submit any evidentiary
20  declarations supporting such objections").  Accordingly, Mattel must be compelled
21  either to certify that it has produced all non-privileged responsive documents or to
22  produce all such documents by a date certain.

23       To the extent that Mattel is relying on its blanket objections, they are
24  not sustainable and do not justify Mattel's failure to produce documents.

25       As to overbreadth, Mattel provides no explanation, let alone the
26  required particularity, as to **why** this request is supposedly overly broad, nor can it
27  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
28  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

1  contrary, the request is narrowly tailored to seek documents concerning "My Scene"
2  styling head .

3       As to burden, Mattel has not attempted to demonstrate why responding
4  to this request and/or producing responsive documents presents any burden.  This
5  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
6  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
7  request is unduly burdensome must allege specific facts which indicate the nature
8  and extent of the burden, usually by affidavit or other reliable evidence.")
9  Moreover, it is not unduly burdensome, as noted above, in that the request is
10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
11  has engaged in a broad variety of unfair trade practices including serial copying of
12  MGA products.  Mattel has made a claim of trade secret misappropriation against
13  MGA. MGA is entitled to discovery on its claims, defenses and damages.

14       This request does not seek documents protected by the attorney-client
15  privilege, the attorney work product doctrine, or other applicable privileges.  To the
16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17       Mattel objects that the request contains confidential, proprietary and
18  trade secret information.  A Protective Order exists in this case, obviating any
19  concern as to protection of privacy rights and/or commercially sensitive
20  information.

21       As to relevancy, Mattel has not attempted to make any objections.  It
22  therefore concedes relevance.  In any event, if Mattel contends that BRATZ has
23  impacted its sales, profits or revenues from "My Scene" styling head as part of its
24  damages, documents related to "My Scene" styling head are highly relevant to
25  MGA's defenses, and damages, including any damages Mattel may claim in its trade
26  secret misappropriation claim, and are discoverable in Phase 2.  MGA is entitled to
27  all documents on the issue, and not just those that Mattel chooses to produce in
28  support of its claims.  Further, Mattel's prayer for relief is extremely broad.  Because

1  Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad
2  discovery on these issues.

3        None of Mattel's improper objections are valid and Mattel is obligated
4  to produce all non-privileged responsive documents in its possession, custody, or
5  control.

6  **MATTEL'S RESPONSE:**

7        The Request is absurdly overbroad.   Seeking the universe of <u>all</u>
8  documents evidencing, demonstrating, discussing, mentioning, <u>referring</u>, or <u>relating</u>
9  to My Scene styling head, and thus by extension My Scene, including design,
10 development, sales, and market research is plainly not narrowly tailored to seek
11 information relevant to Phase 2.   The prior Discovery Master already found such
12 requests to be improper.[1472]   The vast majority of these documents would have no
13 possible relevance to any claims or defenses in Phase 2.

14       Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
15 that a Court should limit the extent of discovery if it determines that the burden of
16 the proposed discovery outweighs its likely benefit; the discovery sought is
17 unreasonably cumulative or duplicative, or is obtainable from some other source that
18 is more convenient, less burdensome, or less expensive; or the party seeking
19 discovery has had ample opportunity by discovery in the action to obtain the
20 information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and
21 producing the documents responsive to this overbroad Request would greatly
22 outweigh any marginal benefit to MGA, for the following reasons.

23
24
---
25 [1472]  <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel,
   dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of
26 requests is clearly overbroad, requiring production of documents that merely
27 mention MGA, Larian, Bratz or other MGA products, regardless of whether or not
   they have anything to do with the claims or defenses in this case.").
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16          There is no basis for overruling Mattel's privilege objection.  MGA's

17   bald assertion that "[t]his request does not seek information protected by the

18   attorney-client privilege, the attorney work product doctrine, or other applicable

19   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

20   agreed that "all privileged documents would be logged except for documents created

21

22

23

24

25

26

27

28

1 | after this action was filed on April 27, 2004."[1485]    Thus, to the extent privileged
2 | documents fall within the post lawsuit time period, they need not be included on
3 | Mattel's log.  Although it bears the burden of showing why this agreement should
4 | not be applied to a given Request, MGA fails to do so.

5 |     Finally, MGA failed to meet and confer at all, much less in good faith,
6 | regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master
7 | Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
8 | the moving party shall first identify each dispute, state the relief sought and identify
9 | the authority supporting the requested relief in a meet and confer letter that shall be
10 | served on all parties by facsimile or electronic mail. The parties shall have five court
11 | days from the date of service of that letter to conduct an in-person conference to
12 | attempt to resolve the dispute.").    In order to engage in a meaningful meet and
13 | confer, MGA had the burden to show the relevance of any requests it sought to
14 | move on.[1486]    At no point during the meet and confer process did MGA show why
15 | this Request could be considered relevant to Phase 2 issues.[1487]    Because MGA
16 | refused to even attempt to make this showing, there was no possibility of a good
17 | faith meet and confer to resolve the parties' disputes.  The Discovery Master should
18 | deny MGA's motion with respect to this Request on that grounds alone.

19 | **REQUEST FOR PRODUCTION NO. 126:**

20 |     If YOU contend that BRATZ has impacted or affected YOUR sales,
21 | profits or revenue from the "My Scene" styling head as part of YOUR damages in
22 |

---

23 | [1485]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the
24 | Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
25 | 3.
| [1486]  <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 | moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 | <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
| [1487]  <u>See</u> Webster Dec. at p. 1-5.
28 |

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  this case, all DOCUMENTS, including MARKET RESEARCH, referring or
2  relating to, or influencing Mattel's decision to create, design or develop the "My
3  Scene" styling head including, without limitation, the reasons for and factors
4  influencing its decision.

5  **RESPONSE TO REQUEST NO. 126:**

6           In addition to the general objections stated above, which are
7  incorporated herein by reference, Mattel objects to this Request on the grounds that
8  it is unreasonably burdensome and premature in that the facts necessary to
9  determine the full nature and extent of Mattel's damages from defendant's acts or
10  omissions are known by defendants and third parties associated with defendants, but
11  are not known by Mattel at this juncture because of defendants' refusals to produce
12  basic discovery.   Mattel further objects to this Request as overbroad, unduly
13  burdensome and oppressive in that it seeks "all" documents in Mattel's possession,
14  custody and control on this broad subject.  Mattel further objects to this Request on
15  the grounds that it calls for the disclosure of information subject to the attorney-
16  client privilege, the attorney work-product doctrine and other applicable privileges.
17  Mattel further objects to this Request on the grounds that it is improperly phrased as
18  a legal contention.  Mattel further objects to this Request on the grounds that it seeks
19  confidential, proprietary and trade secret information, such as current and future
20  Mattel marketing and pricing plans and strategies, that has no bearing on the claims
21  or defenses in this case

22  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
23  **TO SHOULD BE COMPELLED**

24           Mattel has not agreed to produce documents in response to this request,
25  subject to its improper boilerplate objections.  Mattel has refused to confirm whether
26  or not it has produced all non-privileged responsive documents or whether it is
27  withholding documents based on its objections in Phase 2.  Under the Federal Rules
28  of Civil Procedure, "an objection to part of a request must specify the part and

permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the event Mattel contends that BRATZ has impacted its sales, profits or revenues from the "My Scene" styling head as part of its damages, the request is narrowly tailored to seek documents concerning Mattel's decision to create, design or develop the "My Scene" styling head.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products.  Mattel has made a claim of trade secret misappropriation against

MGA. MGA is entitled to discovery on its claims, defenses and damages.  In the event Mattel contends that BRATZ has impacted its sales, profits or revenues from the "My Scene" styling head as part of its damages, the request is narrowly tailored to seek documents concerning Mattel's decision to create, design or develop the "My Scene" styling head.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

As to relevancy, Mattel has not attempted to make any objections.  It therefore concedes relevance.  In any event, if Mattel contends that BRATZ has impacted its sales, profits or revenues from the "My Scene" styling head as part of its damages, documents concerning Mattel's decision to create, design or develop the "My Scene" styling head are highly relevant to MGA's defenses, and damages, including any damages Mattel may claim in its trade secret misappropriation claim, and are discoverable in Phase 2.  MGA is entitled to all documents on the issue, and not just those that Mattel chooses to produce in support of its claims.  Further, Mattel's prayer for relief is extremely broad.  Because Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad discovery on these issues.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

The Request is absurdly overbroad.  Seeking the universe of <u>all</u> documents, including market research, <u>referring</u>, or <u>relating</u> to My Scene styling

1  head, and thus by extension to My Scene, or influencing Mattel's decision to create,
2  design or develop My Scene styling head is plainly not narrowly tailored to seek
3  information relevant to Phase 2.  The vast majority of these documents would have
4  no possible relevance to any claims or defenses in Phase 2.

5      Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
6  that a Court should limit the extent of discovery if it determines that the burden of
7  the proposed discovery outweighs its likely benefit; the discovery sought is
8  unreasonably cumulative or duplicative, or is obtainable from some other source that
9  is more convenient, less burdensome, or less expensive; or the party seeking
10  discovery has had ample opportunity by discovery in the action to obtain the
11  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
12  producing the documents responsive to this overbroad Request would greatly
13  outweigh any marginal benefit to MGA, for the following reasons.



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 [REDACTED]

2 [REDACTED]

3        Finally, MGA failed to meet and confer at all, much less in good faith,

4 regarding this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master

5 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6 the moving party shall first identify each dispute, state the relief sought and identify

7 the authority supporting the requested relief in a meet and confer letter that shall be

8 served on all parties by facsimile or electronic mail. The parties shall have five court

9 days from the date of service of that letter to conduct an in-person conference to

10 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

11 confer, MGA had the burden to show the relevance of any requests it sought to

12 move on.[1500]   At no point during the meet and confer process did MGA show why

13 this Request could be considered relevant to Phase 2 issues.[1501]   Because MGA

14 refused to even attempt to make this showing, there was no possibility of a good

15 faith meet and confer to resolve the parties' disputes. The Discovery Master should

16 deny MGA's motion with respect to this Request on that grounds alone.

17 **<u>REQUEST FOR PRODUCTION NO. 127:</u>**

18        If YOU contend that BRATZ has impacted or affected YOUR sales,

19 profits or revenue from the "My Scene" styling head as part of YOUR damages in

20

21 [REDACTED]

22 [REDACTED]

23 [REDACTED]

24 [REDACTED]

25 [1500]    <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27 <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

    [1501]    <u>See</u> Webster Dec. at p. 1-5.

28

1  this case, all NPD DOCUMENTS relied on for press statements and quarterly report
2  relating to the "My Scene" styling head.

3  **RESPONSE TO REQUEST NO. 127:**

4          In addition to the general objections stated above, which are
5  incorporated herein by reference, Mattel objects to this Request on the grounds that
6  it is unreasonably burdensome and premature in that the facts necessary to
7  determine the full nature and extent of Mattel's damages from defendant's acts or
8  omissions are known by defendants and third parties associated with defendants, but
9  are not known by Mattel at this juncture because of defendants' refusals to produce
10 basic discovery.  Mattel further objects to this Request on the grounds that it calls
11 for the disclosure of information subject to the attorney-client privilege, the attorney
12 work-product doctrine and other applicable privileges.  Mattel further objects to this
13 Request on the grounds that it is improperly phrased as a legal contention.  Mattel
14 further objects to this Request as overbroad and unduly burdensome in that it seeks
15 the disclosure of NPD data which is equally available to defendants in this action.

16 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
17 **TO SHOULD BE COMPELLED**

18          Mattel has not agreed to produce documents in response to this request,
19 subject to its improper boilerplate objections.  Mattel has refused to confirm whether
20 or not it has produced all non-privileged responsive documents or whether it is
21 withholding documents based on its objections in Phase 2.  Under the Federal Rules
22 of Civil Procedure, "an objection to part of a request must specify the part and
23 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
24 fail to explain the basis for an objection with specificity are routinely rejected in the
25 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
26 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
27 harassing' are improper – especially when a party fails to submit any evidentiary
28 declarations supporting such objections").  Accordingly, Mattel must be compelled

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  either to certify that it has produced all non-privileged responsive documents or to
2  produce all such documents by a date certain.

3         To the extent that Mattel is relying on its blanket objections, they are
4  not sustainable and do not justify Mattel's failure to produce documents.

5         This request does not seek documents protected by the attorney-client
6  privilege, the attorney work product doctrine, or other applicable privileges.  To the
7  extent that Mattel contends that it does, Mattel must provide a privilege log.

8         Mattel objects that the request seeks NPD data that is equally available
9  to defendants.  The request seeks NPD data that Mattel relied upon for its press
10 statements and quarterly reports regarding "My Scene" styling head and this
11 information is not known or available to the defendants.  In any event, it is improper
12 for Mattel to withhold any responsive, non-privileged documents under the guise
13 that the documents may be equally available to defendants.

14        As to relevancy, Mattel has not attempted to make any objections.  It
15 therefore concedes relevance.  In any event, if Mattel contends that BRATZ has
16 impacted its sales, profits or revenues from the "My Scene" styling head as part of
17 its damages, NPD documents that Mattel relied on for press statements and quarterly
18 report relating to the "My Scene" styling head are highly relevant to MGA's
19 defenses and damages, including any damages Mattel may claim in its trade secret
20 misappropriation claim, and are discoverable in Phase 2.  MGA is entitled to all
21 documents on the issue, and not just those that Mattel chooses to produce in support
22 of its claims.  Further, Mattel's prayer for relief is extremely broad.  Because
23 Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad
24 discovery on these issues.

25        None of Mattel's improper objections are valid and Mattel is obligated
26 to produce all non-privileged responsive documents in its possession, custody, or
27 control.

28

**MATTEL'S RESPONSE:**

The Request is overbroad.  Seeking the universe of <u>all</u> NPD documents "relied on" for press statements and quarterly reports relating to My Scene styling head is plainly not narrowly tailored to seek information relevant to Phase 2.  The vast majority of these documents would have no possible relevance to any claims or defenses in Phase 2.

Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.



1 ███████████████████████████████████████████████

2 ██████████████████████████████████████

3          Mattel also properly reserved its right to supplement its production

4 subject to expert discovery. See New Haven Temple SDA Church v. Consolidated

5 Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

6 objections to interrogatory because "[t]o the extent that the theories of damages

7 applicable to these claims may be related to the damages sought by plaintiff's fourth

8 claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295,

9 at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

10 but noting that "this Court does not expect Plaintiffs to address the issues that will

11 be more appropriately dealt with by experts, at a later date" and "since experts have

12 not been either retained or deposed, much of the remaining discovery is also

13 premature.").

14          There is no basis for overruling Mattel's privilege objection.  MGA's

15 bald assertion that "[t]his request does not seek information protected by the

16 attorney-client privilege, the attorney work product doctrine, or other applicable

17 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

18 agreed that "all privileged documents would be logged except for documents created

19 after this action was filed on April 27, 2004."[1504]  Thus, to the extent privileged

20 documents fall within the post lawsuit time period, they need not be included on

21 Mattel's log.  Although it bears the burden of showing why this agreement should

22 not be applied to a given Request, MGA fails to do so.

23

24

25

26  ██████
    [1504]   See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
    3.

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1         Finally, MGA failed to meet and confer at all, much less in good faith,

2  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4  the moving party shall first identify each dispute, state the relief sought and identify

5  the authority supporting the requested relief in a meet and confer letter that shall be

6  served on all parties by facsimile or electronic mail. The parties shall have five court

7  days from the date of service of that letter to conduct an in-person conference to

8  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

9  confer, MGA had the burden to show the relevance of any requests it sought to

10  move on.[1505]    At no point during the meet and confer process did MGA show why

11  this Request could be considered relevant to Phase 2 issues.[1506]   Because MGA

12  refused to even attempt to make this showing, there was no possibility of a good

13  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

14  deny MGA's motion with respect to this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 128:**

16         If YOU contend that BRATZ has impacted or affected YOUR sales,

17  profits or revenue from the "My Scene" styling head as part of YOUR damages in

18  this case, all DOCUMENTS used or referred to in creating and designing the "My

19  Scene" styling head including, without limitation, all DOCUMENTS that served as

20  artistic inspiration for any aspect, feature or element of the "My Scene" styling head.

21  **RESPONSE TO REQUEST NO. 128:**

22         In addition to the general objections stated above, which are

23  incorporated herein by reference, Mattel objects to this Request on the grounds that

24

25    [1505]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

    [1506]  See Webster Dec. at p. 1-5.

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  it is unreasonably burdensome and premature in that the facts necessary to
2  determine the full nature and extent of Mattel's damages from defendant's acts or
3  omissions are known by defendants and third parties associated with defendants, but
4  are not known by Mattel at this juncture because of defendants' refusals to produce
5  basic discovery.   Mattel further objects to this Request as overbroad, unduly
6  burdensome and oppressive in that it seeks "all" documents in Mattel's possession,
7  custody and control on this broad subject.  Mattel further objects to this Request on
8  the grounds that it calls for the disclosure of information subject to the attorney-
9  client privilege, the attorney work-product doctrine and other applicable privileges.
10 Mattel further objects to this Request on the grounds that it is improperly phrased as
11 a legal contention.  Mattel further objects to this Request on the grounds that it seeks
12 confidential, proprietary and trade secret information that has no bearing on the
13 claims or defenses in this case.  Mattel further objects to this Request as vague and
14 ambiguous.

15 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
16 **TO SHOULD BE COMPELLED**

17          Mattel has not agreed to produce documents in response to this request,
18 subject to its improper boilerplate objections.  Mattel has refused to confirm whether
19 or not it has produced all non-privileged responsive documents or whether it is
20 withholding documents based on its objections in Phase 2.  Under the Federal Rules
21 of Civil Procedure, "an objection to part of a request must specify the part and
22 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
23 fail to explain the basis for an objection with specificity are routinely rejected in the
24 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
25 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
26 harassing' are improper – especially when a party fails to submit any evidentiary
27 declarations supporting such objections").  Accordingly, Mattel must be compelled
28

-873-

1 either to certify that it has produced all non-privileged responsive documents or to
2 produce all such documents by a date certain.

3       To the extent that Mattel is relying on its blanket objections, they are
4 not sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the
6 required particularity, as to *why* this request is supposedly overly broad, nor can it
7 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. In the
9 event Mattel contends that BRATZ has impacted its sales, profits or revenues from
10 the "My Scene" styling head as part of its damages, the request is narrowly tailored
11 to seek documents concerning the creation or designing of "My Scene" styling head.

12       As to burden, Mattel has not attempted to demonstrate why responding
13 to this request and/or producing responsive documents presents any burden. This
14 objection must therefore be rejected. See <u>Jackson v. Montgomery Ward & Co.,</u>
15 <u>Inc.,</u> 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
16 request is unduly burdensome must allege specific facts which indicate the nature
17 and extent of the burden, usually by affidavit or other reliable evidence.")
18 Moreover, it is not unduly burdensome, as noted above, in that the request is
19 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
20 has engaged in a broad variety of unfair trade practices including serial copying of
21 MGA products. Mattel has made a claim of trade secret misappropriation against
22 MGA. MGA is entitled to discovery on its claims, defenses and damages. In the
23 event Mattel contends that BRATZ has impacted its sales, profits or revenues from
24 the "My Scene" styling head as part of its damages, the request is narrowly tailored
25 to seek documents concerning the creation or designing of "My Scene" styling head.

26       This request does not seek documents protected by the attorney-client
27 privilege, the attorney work product doctrine, or other applicable privileges. To the
28 extent that Mattel contends that it does, Mattel must provide a privilege log.

1          Mattel objects that the request contains confidential, proprietary and

2   trade secret information.   A Protective Order exists in this case, obviating any

3   concern as to protection of privacy rights and/or commercially sensitive

4   information.

5          As to relevancy, Mattel has not attempted to make any objections.   It

6   therefore concedes relevance.   In any event, if Mattel contends that BRATZ has

7   impacted its sales, profits or revenues from the "My Scene" styling head as part of

8   its damages, documents concerning the creation or designing of "My Scene" styling

9   head are highly relevant to MGA's defenses and damages, including any damages

10  Mattel may claim in its trade secret misappropriation claim, and are discoverable in

11  Phase 2.   MGA is entitled to all documents on the issue, and not just those that

12  Mattel chooses to produce in support of its claims.   Further, Mattel's prayer for relief

13  is extremely broad.   Because Mattel's pleadings seek such broad relief, MGA is

14  entitled to extremely broad discovery on these issues.

15         None of Mattel's improper objections are valid and Mattel is obligated

16  to produce all non-privileged responsive documents in its possession, custody, or

17  control.

18  **MATTEL'S RESPONSE:**

19         The Request is overbroad.   Seeking the universe of <u>all</u> DOCUMENTS,

20  "used or referred to" in creating and designing My Scene styling head is plainly not

21  narrowly tailored to seek information relevant to Phase 2.   MGA's definition of

22  "DOCUMENTS" includes tangible things and property, which means that to the

23  extent this Request is intelligible it seems to be asking for things like pencils,

24  computers, and desks that were "used" in the creating and designing of My Scene

25  styling head, in addition to the countless numbers of irrelevant documents.   The

26  Request is therefore also vague and ambiguous as to the meaning of "used or

27  referred to."   The vast majority of the documents responsive to this Request would

28  have no possible relevance to any claims or defenses in Phase 2

1    Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

2  that a Court should limit the extent of discovery if it determines that the burden of

3  the proposed discovery outweighs its likely benefit; the discovery sought is

4  unreasonably cumulative or duplicative, or is obtainable from some other source that

5  is more convenient, less burdensome, or less expensive; or the party seeking

6  discovery has had ample opportunity by discovery in the action to obtain the

7  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

8  producing the documents responsive to this overbroad Request would greatly

9  outweigh any marginal benefit to MGA, for the following reasons.



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-877-



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3    Mattel also properly reserved its right to supplement its production

4 subject to expert discovery. See New Haven Temple SDA Church v. Consolidated

5 Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

6 objections to interrogatory because "[t]o the extent that the theories of damages

7 applicable to these claims may be related to the damages sought by plaintiff's fourth

8 claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295,

9 at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

10 but noting that "this Court does not expect Plaintiffs to address the issues that will

11 be more appropriately dealt with by experts, at a later date" and "since experts have

12 not been either retained or deposed, much of the remaining discovery is also

13 premature.").

14    There is no basis for overruling Mattel's privilege objection.  MGA's

15 bald assertion that "[t]his request does not seek information protected by the

16 attorney-client privilege, the attorney work product doctrine, or other applicable

17 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

18 agreed that "all privileged documents would be logged except for documents created

19 after this action was filed on April 27, 2004."[1519]  Thus, to the extent privileged

20 documents fall within the post lawsuit time period, they need not be included on

21

22

23

24

25

26    [1519]  See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
3.

28

1    Mattel's log.  Although it bears the burden of showing why this agreement should
2    not be applied to a given Request, MGA fails to do so.

3           Finally, MGA failed to meet and confer at all, much less in good faith,
4    regarding this Request prior to filing its Motion. _See Phase 2 Discovery Master
5    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
6    the moving party shall first identify each dispute, state the relief sought and identify
7    the authority supporting the requested relief in a meet and confer letter that shall be
8    served on all parties by facsimile or electronic mail. The parties shall have five court
9    days from the date of service of that letter to conduct an in-person conference to
10   attempt to resolve the dispute.").   In order to engage in a meaningful meet and
11   confer, MGA had the burden to show the relevance of any requests it sought to
12   move on.[1520]   At no point during the meet and confer process did MGA show why
13   this Request could be considered relevant to Phase 2 issues.[1521]   Because MGA
14   refused to even attempt to make this showing, there was no possibility of a good
15   faith meet and confer to resolve the parties' disputes.  The Discovery Master should
16   deny MGA's motion with respect to this Request on that grounds alone.

17   **REQUEST FOR PRODUCTION NO. 129:**

18          If YOU contend that BRATZ has impacted or affected YOUR sales,
19   profits or revenue from the "My Scene" styling head as part of YOUR damages in
20   this case, all DOCUMENTS, including MARKET RESEARCH, referring or
21   relating to, or influencing Mattel's decision to create, design, develop or abandon the
22   "My Scene" styling head including, without limitation, the reasons for and factors
23   influencing its decision.

24   _____

25   [1520]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26   moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27   Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
     [1521]   See Webster Dec. at p. 1-5.

28

**RESPONSE TO REQUEST NO. 129:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery.   Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that has no bearing on the claims or defenses in this case.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

1   harassing' are improper – especially when a party fails to submit any evidentiary
2   declarations supporting such objections"). Accordingly, Mattel must be compelled
3   either to certify that it has produced all non-privileged responsive documents or to
4   produce all such documents by a date certain.

5          To the extent that Mattel is relying on its blanket objections, they are
6   not sustainable and do not justify Mattel's failure to produce documents.

7          As to overbreadth, Mattel provides no explanation, let alone the
8   required particularity, as to *why* this request is supposedly overly broad, nor can it
9   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
10  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. In the
11  event Mattel contends that BRATZ has impacted its sales, profits or revenues from
12  the "My Scene" styling head as part of its damages, the request is narrowly tailored
13  to seek documents concerning Mattel's decision to create, design, develop or
14  abandon the "My Scene" styling head.

15         As to burden, Mattel has not attempted to demonstrate why responding
16  to this request and/or producing responsive documents presents any burden. This
17  objection must therefore be rejected. See <u>Jackson v. Montgomery Ward & Co.,</u>
18  <u>Inc.,</u> 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
19  request is unduly burdensome must allege specific facts which indicate the nature
20  and extent of the burden, usually by affidavit or other reliable evidence.")
21  Moreover, it is not unduly burdensome, as noted above, in that the request is
22  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
23  has engaged in a broad variety of unfair trade practices including serial copying of
24  MGA products. Mattel has made a claim of trade secret misappropriation against
25  MGA. MGA is entitled to discovery on its claims, defenses and damages. In the
26  event Mattel contends that BRATZ has impacted its sales, profits or revenues from
27  the "My Scene" styling head as part of its damages, the request is narrowly tailored
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  to seek documents concerning Mattel's decision to create, design, develop or
2  abandon the "My Scene" styling head.

3       This request does not seek documents protected by the attorney-client
4  privilege, the attorney work product doctrine, or other applicable privileges. To the
5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6       Mattel objects that the request contains confidential, proprietary and
7  trade secret information.   A Protective Order exists in this case, obviating any
8  concern as to protection of privacy rights and/or commercially sensitive
9  information.

10      As to relevancy, Mattel has not attempted to make any objections.   It
11 therefore concedes relevance.  In any event, if Mattel contends that BRATZ has
12 impacted its sales, profits or revenues from the "My Scene" styling head as part of
13 its damages, documents concerning Mattel's decision to create, design, develop or
14 abandon the "My Scene" styling head are highly relevant to MGA's defenses, and
15 damages, including any damages Mattel may claim in its trade secret
16 misappropriation claim, and are discoverable in Phase 2.  MGA is entitled to all
17 documents on the issue, and not just those that Mattel chooses to produce in support
18 of its claims. Further, Mattel's prayer for relief is extremely broad.  Because

19      Mattel's pleadings seek such broad relief, MGA is entitled to extremely
20 broad discovery on these issues.

21      None of Mattel's improper objections are valid and Mattel is obligated
22 to produce all non-privileged responsive documents in its possession, custody, or
23 control.

24 **MATTEL'S RESPONSE:**

25      The Request is absurdly overbroad.   Seeking the universe of <u>all</u>
26 documents, including market research, <u>referring</u>, or <u>relating</u> to My Scene styling
27 head, and thus by extension My Scene, or influencing Mattel's decision to create,
28 design or develop My Scene is plainly not narrowly tailored to seek information

1  relevant to Phase 2.  The vast majority of these documents would have no possible

2  relevance to any claims or defenses in Phase 2.

3          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

4  that a Court should limit the extent of discovery if it determines that the burden of

5  the proposed discovery outweighs its likely benefit; the discovery sought is

6  unreasonably cumulative or duplicative, or is obtainable from some other source that

7  is more convenient, less burdensome, or less expensive; or the party seeking

8  discovery has had ample opportunity by discovery in the action to obtain the

9  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

10 producing the documents responsive to this overbroad Request would greatly

11 outweigh any marginal benefit to MGA, for the following reasons.



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  ████████████████████████████████████

2  ██████████████████████████████

3     Mattel also properly reserved its right to supplement its production

4  subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated

5  Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

6  objections to interrogatory because "[t]o the extent that the theories of damages

7  applicable to these claims may be related to the damages sought by plaintiff's fourth

8  claim, the interrogatory is premature").  Ziemack v. Centel Corp., 1995 WL 729295,

9  at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

10 but noting that "this Court does not expect Plaintiffs to address the issues that will

11 be more appropriately dealt with by experts, at a later date" and "since experts have

12 not been either retained or deposed, much of the remaining discovery is also

13 premature.").

14     There is no basis for overruling Mattel's privilege objection.  MGA's

15 bald assertion that "[t]his request does not seek information protected by the

16 attorney-client privilege, the attorney work product doctrine, or other applicable

17 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

18 agreed that "all privileged documents would be logged except for documents created

19 after this action was filed on April 27, 2004."[1534]  Thus, to the extent privileged

20 documents fall within the post lawsuit time period, they need not be included on

21

22  _____

23 ███████████████████████████████████

24 ████████████████████████████████████

25 ████████████████████████████████████

26 ████████████████████████████████████

27

28

1   Mattel's log.  Although it bears the burden of showing why this agreement should
2   not be applied to a given Request, MGA fails to do so.

3              Finally, MGA failed to meet and confer at all, much less in good faith,
4   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
5   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
6   the moving party shall first identify each dispute, state the relief sought and identify
7   the authority supporting the requested relief in a meet and confer letter that shall be
8   served on all parties by facsimile or electronic mail. The parties shall have five court
9   days from the date of service of that letter to conduct an in-person conference to
10  attempt to resolve the dispute.").   In order to engage in a meaningful meet and
11  confer, MGA had the burden to show the relevance of any requests it sought to
12  move on.[1535]   At no point during the meet and confer process did MGA show why
13  this Request could be considered relevant to Phase 2 issues.[1536]   Because MGA
14  refused to even attempt to make this showing, there was no possibility of a good
15  faith meet and confer to resolve the parties' disputes. The Discovery Master should
16  deny MGA's motion with respect to this Request on that grounds alone.

17  **REQUEST FOR PRODUCTION NO. 130:**

18              If YOU contend that BRATZ has impacted or affected YOUR sales,
19  profits or revenue from the "My Scene" styling head as part of YOUR damages in
20  this case, all DOCUMENTS evidencing, detailing, discussing, describing, depicting,
21  mentioning, referring to, or relating to the similarities or differences between
22  BRATZ on the one hand and the "My Scene" styling head on the other.

23

24

25  [1535]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [1536]   See Webster Dec. at p. 1-5.
28

**RESPONSE TO REQUEST NO. 130:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for information that is not relevant to this action or likely to lead to the discovery of admissible evidence.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary

1  declarations supporting such objections").  Accordingly, Mattel must be compelled

2  either to certify that it has produced all non-privileged responsive documents or to

3  produce all such documents by a date certain.

4          To the extent that Mattel is relying on its blanket objections, they are

5  not sustainable and do not justify Mattel's failure to produce documents.

6          This request does not seek documents protected by the attorney-client

7  privilege, the attorney work product doctrine, or other applicable privileges.  To the

8  extent that Mattel contends that it does, Mattel must provide a privilege log.

9          Mattel objects that the request contains confidential, proprietary, and

10  trade secret information.  A Protective Order exists in this case, obviating any

11  concern as to protection of privacy rights and/or commercially sensitive

12  information.

13          As to relevancy, Mattel has not attempted to make any objections.  It

14  therefore concedes relevance.  In any event, if Mattel contends that BRATZ has

15  impacted its sales, profits or revenues from "My Scene" styling head as part of its

16  damages, documents related to similarities or differences between BRATZ and "My

17  Scene" styling head are highly relevant to MGA's claims, defenses, and damages,

18  including its defense against Mattel's trade secret misappropriation claim and any

19  damages Mattel may claim, and are discoverable in Phase 2.  MGA is entitled to all

20  documents on the issue, and not just those that Mattel chooses to produce in support

21  of its claims.  Further, Mattel's prayer for relief is extremely broad.  Because

22  Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad

23  discovery on these issues.

24          None of Mattel's improper objections are valid and Mattel is obligated

25  to produce all non-privileged responsive documents in its possession, custody, or

26  control.

27

28

-890-
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

**MATTEL'S RESPONSE:**

MGA's argument that it is entitled to these documents fails on the merits. MGA argues that "Mattel has not attempted to demonstrate why the information sought in response to this request is not discoverable in Phase 2." However, MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[1537] MGA makes a conclusory assertion that the Request is relevant to "MGA's claims, defenses, and damages, including its defense against Mattel's trade secret misappropriatiuon claim and any damages Mattel may claim," but has not attempted to explain how all documents evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between Bratz and My Scene is related to Mattel's trade secret misappropriation claim, or identify any other claim or defense it might be related to. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1538]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

---

[1537]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[1538]  See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

1        The Request is absurdly overbroad.   Seeking the universe of <u>all</u>

2  documents, evidencing, detailing, discussing, describing, depicting, mentioning,

3  <u>referring</u> to, or <u>relating</u> to the similarities or differences between Bratz and My

4  Scene styling head is plainly not narrowly tailored to seek information relevant to

5  Phase 2.  This includes every document that refers or relates to any feature of either

6  My Scene or Bratz.  The prior Discovery Master already found such requests to be

7  improper.[1539]   The vast majority of these documents would have no possible

8  relevance to any claims or defenses in Phase 2.

9        Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides

10  that a Court should limit the extent of discovery if it determines that the burden of

11  the proposed discovery outweighs its likely benefit; the discovery sought is

12  unreasonably cumulative or duplicative, or is obtainable from some other source that

13  is more convenient, less burdensome, or less expensive; or the party seeking

14  discovery has had ample opportunity by discovery in the action to obtain the

15  information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and

16  producing the documents responsive to this overbroad Request would greatly

17  outweigh any marginal benefit to MGA, for the following reasons.



[1539]  <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5, at 18.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1
2
3
4
5
6
7



8        Mattel also properly reserved its right to supplement its production

9 subject to expert discovery. See New Haven Temple SDA Church v. Consolidated

10 Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

11 objections to interrogatory because "[t]o the extent that the theories of damages

12 applicable to these claims may be related to the damages sought by plaintiff's fourth

13 claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295,

14 at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

15 but noting that "this Court does not expect Plaintiffs to address the issues that will

16 be more appropriately dealt with by experts, at a later date" and "since experts have

17 not been either retained or deposed, much of the remaining discovery is also

18 premature.").

19        There is no basis for overruling Mattel's privilege objection. MGA's

20 bald assertion that "[t]his request does not seek information protected by the

21 attorney-client privilege, the attorney work product doctrine, or other applicable

22 privileges" has no merit. Moreover, as MGA has itself argued, the parties have

23



24
25
26
27
28

1  agreed that "all privileged documents would be logged except for documents created
2  after this action was filed on April 27, 2004."[1552]   Thus, to the extent privileged
3  documents fall within the post lawsuit time period, they need not be included on
4  Mattel's log.  Although it bears the burden of showing why this agreement should
5  not be applied to a given Request, MGA fails to do so.

6          Finally, MGA failed to meet and confer at all, much less in good faith,
7  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
8  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
9  the moving party shall first identify each dispute, state the relief sought and identify
10  the authority supporting the requested relief in a meet and confer letter that shall be
11  served on all parties by facsimile or electronic mail. The parties shall have five court
12  days from the date of service of that letter to conduct an in-person conference to
13  attempt to resolve the dispute.").   In order to engage in a meaningful meet and
14  confer, MGA had the burden to show the relevance of any requests it sought to
15  move on.[1553]   At no point during the meet and confer process did MGA show why
16  this Request could be considered relevant to Phase 2 issues.[1554]   Because MGA
17  refused to even attempt to make this showing, there was no possibility of a good
18  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
19  deny MGA's motion with respect to this Request on that grounds alone.

20
21
22
_____

23  [1552]   See Order Denying Mattel's Motion for Protective Order Limiting the
24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.
25  [1553]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
   [1554]   See Webster Dec. at p. 1-5.
28

**REQUEST FOR PRODUCTION NO. 131:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from, or development of, "Diva Starz" as part of YOUR damages in this case, all DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the conception, creation, design, development, sales and marketing of the "Diva Starz" idea, concept or products.

**RESPONSE TO REQUEST NO. 131:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work- product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and

permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper − especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the event that Mattel contends that MGA's BRATZ impacted or affected its sales, profits or revenue from its "Diva Starz" line as part of Mattel's damage claims, the request is narrowly tailored to seek all documents that are sufficient to identify the individuals who were involved in the conception, creation, design, development, sales and marketing of the "Diva Starz" idea, concepts or products.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

1  has engaged in a broad variety of unfair trade practices including serial copying of
2  MGA products.

3        This request does not seek documents protected by the attorney-client
4  privilege, the attorney work product doctrine, or other applicable privileges.  To the
5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6        As to relevancy, Mattel has not attempted to make any objections.  It
7  therefore concedes relevance.  MGA is entitled to all documents on the issue, and
8  not just those that Mattel chooses to produce in support of its claims.

9        Mattel objects that the request contains confidential, proprietary, and
10  trade secret information.  A Protective Order exists in this case, obviating any
11  concern as to protection of privacy rights and/or commercially sensitive
12  information.

13        None of Mattel's improper objections are valid and Mattel is obligated
14  to produce all non-privileged responsive documents in its possession, custody, or
15  control.

16  **MATTEL'S RESPONSE:**

17        MGA has not even attempted to formulate an argument that this
18  Request is relevant to Phase 2.  MGA must establish that its discovery meets the
19  relevance requirements of Rule 26(b)(1), which clearly states that discovery must be
20  "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
21  not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are
22  relevant to Phase 2 issues.  "A trial court has a duty, of special significance in
23  lengthy and complex cases where the possibility of abuse is always present, to
24  supervise and limit discovery to protect parties and witnesses from annoyance and
25  excessive expense."  <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>
26  <u>also Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133
27  n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL
28  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

1 | party may not propound document requests as part of a fishing expedition or to
2 | discover new claims. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)
3 | ("District courts need not condone the use of discovery to engage in 'fishing
4 | expeditions.'").

5 | Additionally, MGA failed to meet and confer in good faith regarding
6 | this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1,
7 | dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
8 | party shall first identify each dispute, state the relief sought and identify the
9 | authority supporting the requested relief in a meet and confer letter that shall be
10 | served on all parties by facsimile or electronic mail. The parties shall have five court
11 | days from the date of service of that letter to conduct an in-person conference to
12 | attempt to resolve the dispute."). At no point during the meet and confer process did
13 | MGA articulate a valid basis for which this Request could be considered relevant to
14 | Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is
15 | simply not true; MGA never initiated any dialogue about this Request or Mattel's
16 | response in the first place. The Discovery Master should deny MGA's motion with
17 | respect to this Request on that grounds alone.

18 | The motion is also moot. As MGA has admitted in correspondence
19 | going back to 2007[1555], Mattel has produced and continues to produce documents
20 | that are responsive to this Request. As to the actual production of relevant
21 | documents, there is no dispute and indeed had been no dispute for years, as MGA
22 | well knows, and this issue could have been resolved without motion practice if
23 | MGA had completed the meet and confer process in good faith.

24 | The Request is also entirely duplicative of prior discovery served by
25 | Carter Bryant as well as subsequent discovery served by MGA. Mattel has

26
27
28

1    produced documents in response to countless requests for production seeking
2    information related to Diva Starz.  MGA's claim, at this stage of the litigation, that
3    there remain unproduced relevant materials on this subject in Mattel's possession is
4    not credible.  In fact, over *two years ago* MGA wrote a letter admitting that this set
5    of requests was duplicative and that Mattel had produced relevant documents in
6    response.[1556]

7              Mattel also properly reserved its right to supplement its production
8    subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated
9    Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining
10   objections to interrogatory because "[t]o the extent that the theories of damages
11   applicable to these claims may be related to the damages sought by plaintiff's fourth
12   claim, the interrogatory is premature").  Ziemack v. Centel Corp., 1995 WL 729295,
13   at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses
14   but noting that "this Court does not expect Plaintiffs to address the issues that will
15   be more appropriately dealt with by experts, at a later date" and "since experts have
16   not been either retained or deposed, much of the remaining discovery is also
17   premature.").

18             There is no basis for overruling Mattel's privilege objection.  MGA's
19   bald assertion that "this request does not seek information protected by the attorney-
20   client privilege, the attorney work product doctrine, or any other applicable
21   privilege" has no merit.  Documents responsive to this Request could very well be
22   subject to a claim of privilege or work product protection.  Despite MGA's claim to
23   the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA

24   _____

25   [1555]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
26   Dart Dec., Exh. 43.
27   [1556]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
     Dart Dec., Exh. 43.
28

1  has itself argued, the parties have agreed that "all privileged documents would be
2  logged except for documents created after this action was filed on April 27, 2004."
3  Thus, to the extent privileged documents fall within the post lawsuit time period,
4  they need not be included on Mattel's log.

5  **REQUEST FOR PRODUCTION NO. 132:**

6         If YOU contend that BRATZ has impacted or affected YOUR sales,
7  profits or revenue from, or development of, "Diva Starz" as part of YOUR damages
8  in this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning,
9  referring, relating to or calculating that impact or affect.

10 **RESPONSE TO REQUEST NO. 132:**

11        In addition to the general objections stated above, which are
12 incorporated herein by reference, Mattel objects to this Request on the grounds that
13 it is unreasonably burdensome and premature in that the facts necessary to
14 determine the full nature and extent of Mattel's damages from defendant's acts or
15 omissions are known by defendants and third parties associated with defendants, but
16 are not known by Mattel at this juncture because of defendants' refusals to produce
17 basic discovery.  Mattel further objects to this Request on the grounds that it calls
18 for the disclosure of information subject to the attorney-client privilege, the attorney
19 work- product doctrine and other applicable privileges.  Mattel further objects to this
20 Request on the grounds that it is improperly phrased as a legal contention.

21 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 132:**

22        In addition to the general objections stated above, which are
23 incorporated herein by reference, Mattel objects to this Request on the grounds that
24 it is unreasonably burdensome and premature in that the facts necessary to
25 determine the full nature and extent of Mattel's damages from defendant's acts or
26 omissions are known by defendants and third parties associated with defendants, but
27 are not known by Mattel at this juncture because of defendants' refusals to produce
28 basic discovery.  Mattel further objects to this Request on the grounds that it calls

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request as premature in that it seeks expert discovery. Such discovery will be disclosed only at the time, and in the manner required by, the Rules and the Court's Orders. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other Requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Subject to and without waiving the foregoing general and specific objections, if and to the extent Mattel so contends, Mattel will produce responsive, non-privileged documents relating to the fact of damage in its possession, custody or control, which it has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced. Furthermore, this topic may be the subject of expert testimony and disclosure, which will be produced at the time and in the manner required by the Rules or Court Order.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 132:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   further objects to this Request as premature in that it seeks expert discovery.  Such

2   discovery will be disclosed only at the time, and in the manner required by, the

3   Rules and the Court's Orders.  Mattel further objects to this Request on the grounds

4   that it is duplicative of or subsumed within other Requests within this set of

5   requests, duplicative of or subsumed within prior Requests already responded to in

6   this litigation, and seeks the re-production of information and documents already

7   produced in this action.  Such information and documents will not be re-produced.

8   Subject to and without waiving the foregoing general and specific objections, if and

9   to the extent Mattel so contends, Mattel will produce responsive, non-privileged

10  documents relating to the fact of damage in its possession, custody or control, which

11  it has been able to locate after a diligent search and reasonable inquiry, to the extent

12  not previously produced.  Furthermore, this topic may be the subject of expert

13  testimony and disclosure, which will be produced at the time and in the manner

14  required by the Rules or Court Order.

15  **CORRECTED SECOND SUPPLEMENTAL RESPONSE TO  REQUEST NO.**

16  **132:**

17          In addition to the general objections stated above, which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it is unreasonably burdensome and premature in that the facts necessary to

20  determine the full nature and extent of Mattel's damages from defendant's acts or

21  omissions are known by defendants and third parties associated with defendants, but

22  are not known by Mattel at this juncture because of defendants' refusals to produce

23  basic discovery.  Mattel further objects to this Request on the grounds that it calls

24  for the disclosure of information subject to the attorney-client privilege, the attorney

25  work-product doctrine and other applicable privileges.  Mattel further objects to this

26  Request on the grounds that it is improperly phrased as a legal contention.  Mattel

27  further objects to this Request as premature in that it seeks expert discovery.  Such

28  discovery will be disclosed only at the time, and in the manner required by, the

1  Rules and the Court's Orders.  Mattel further objects to this Request on the grounds
2  that it is duplicative of or subsumed within other Requests within this set of
3  requests, duplicative of or subsumed within prior Requests already responded to in
4  this litigation, and seeks the re-production of information and documents already
5  produced in this action.  Such information and documents will not be re-produced.
6  Subject to and without waiving the foregoing general and specific objections, if and
7  to the extent Mattel so contends, Mattel will produce responsive, non-privileged
8  documents relating to the fact of damage in its possession, custody or control, which
9  it has been able to locate after a diligent search and reasonable inquiry, to the extent
10 not previously produced.  Furthermore, this topic may be the subject of expert
11 testimony and disclosure, which will be produced at the time and in the manner
12 required by the Rules or Court Order.

13 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
14 **TO SHOULD BE COMPELLED**

15         Mattel has not agreed to produce documents in response to this request,
16 subject to its improper boilerplate objections.  Mattel has refused to confirm whether
17 or not it has produced all non-privileged responsive documents or whether it is
18 withholding documents based on its objections in Phase 2.  Under the Federal Rules
19 of Civil Procedure, "an objection to part of a request must specify the part and
20 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
21 fail to explain the basis for an objection with specificity are routinely rejected in the
22 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
23 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
24 harassing' are improper – especially when a party fails to submit any evidentiary
25 declarations supporting such objections").  Accordingly, Mattel must be compelled
26 either to certify that it has produced all non-privileged responsive documents or to
27 produce all such documents by a date certain.

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1         To the extent that Mattel is relying on its blanket objections, they are

2   not sustainable and do not justify Mattel's failure to produce documents.

3         As to overbreadth, Mattel provides no explanation, let alone the

4   required particularity, as to *why* this request is supposedly overly broad, nor can it

5   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

6   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. In the

7   event that Mattel contends that MGA's BRATZ impacted or affected its sales,

8   profits or revenue from its "Diva Starz" line as part of Mattel's damage claims, the

9   request is narrowly tailored to seek all documents related to or calculating that

10   impact or affect.

11         As to burden, Mattel has not attempted to demonstrate why responding

12   to this request and/or producing responsive documents presents any burden. This

13   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

14   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.")

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

19   has engaged in a broad variety of unfair trade practices including serial copying of

20   MGA products.

21         This request does not seek documents protected by the attorney-client

22   privilege, the attorney work product doctrine, or other applicable privileges. To the

23   extent that Mattel contends that it does, Mattel must provide a privilege log.

24         As to relevancy, Mattel has not attempted to make any objections. It

25   therefore concedes relevance. MGA is entitled to all documents on the issue, and

26   not just those that Mattel chooses to produce in support of its claims.

27         Mattel objects that the request is duplicative or subsumed within prior

28   requests but does not identify the allegedly duplicative requests. Mattel's failure to

-906-

1 │ agree to produce responsive non-privileged documents is not proper based on this
2 │ objection.

3 │           Mattel objects that the request contains confidential, proprietary, and
4 │ trade secret information.   A Protective Order exists in this case, obviating any
5 │ concern  as  to  protection  of  privacy  rights  and/or  commercially  sensitive
6 │ information.

7 │           None of Mattel's improper objections are valid and Mattel is obligated
8 │ to produce all non-privileged responsive documents in its possession, custody, or
9 │ control.

10 │ **MATTEL'S RESPONSE:**

11 │           MGA has not even attempted to formulate an argument that this
12 │ Request is relevant to Phase 2.  MGA must establish that its discovery meets the
13 │ relevance requirements of Rule 26(b)(1), which clearly states that discovery must be
14 │ "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
15 │ not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are
16 │ relevant to Phase 2 issues.  "A trial court has a duty, of special significance in
17 │ lengthy and complex cases where the possibility of abuse is always present, to
18 │ supervise and limit discovery to protect parties and witnesses from annoyance and
19 │ excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>
20 │ <u>also Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133
21 │ n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL
22 │ 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
23 │ party may not propound document requests as part of a fishing expedition or to
24 │ discover new claims. <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)
25 │ ("District courts need not condone the use of discovery to engage in 'fishing
26 │ expeditions.'").

27 │           Additionally, MGA failed to meet and confer in good faith regarding
28 │ this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master Order No. 1,

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

2    party shall first identify each dispute, state the relief sought and identify the

3    authority supporting the requested relief in a meet and confer letter that shall be

4    served on all parties by facsimile or electronic mail. The parties shall have five court

5    days from the date of service of that letter to conduct an in-person conference to

6    attempt to resolve the dispute."). At no point during the meet and confer process did

7    MGA articulate a valid basis for which this Request could be considered relevant to

8    Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is

9    simply not true; MGA never initiated any dialogue about this Request or Mattel's

10   response in the first place. The Discovery Master should deny MGA's motion with

11   respect to this Request on that grounds alone.

12        The motion is also moot. As MGA has admitted in correspondence

13   going back to 2007[1557], Mattel has produced and continues to produce documents

14   that are responsive to this Request. As to the actual production of relevant

15   documents, there is no dispute and indeed had been no dispute for years, as MGA

16   well knows, and this issue could have been resolved without motion practice if

17   MGA had completed the meet and confer process in good faith.

18        The Request is also entirely duplicative of prior discovery served by

19   Carter Bryant as well as subsequent discovery served by MGA. Mattel has

20   produced documents in response to countless requests for production seeking

21   information related to My Scene. MGA's claim, at this stage of the litigation, that

22   there remain unproduced relevant materials on this subject in Mattel's possession is

23   not credible. In fact, over *two years ago* MGA wrote a letter admitting that this set

---

[1557]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  of requests was duplicative and that Mattel had produced relevant documents in
2  response.[1558]

3         Mattel also properly reserved its right to supplement its production
4  subject to expert discovery. See New Haven Temple SDA Church v. Consolidated
5  Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining
6  objections to interrogatory because "[t]o the extent that the theories of damages
7  applicable to these claims may be related to the damages sought by plaintiff's fourth
8  claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295,
9  at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses
10  but noting that "this Court does not expect Plaintiffs to address the issues that will
11  be more appropriately dealt with by experts, at a later date" and "since experts have
12  not been either retained or deposed, much of the remaining discovery is also
13  premature.").

14         There is no basis for overruling Mattel's privilege objection.  MGA's
15  bald assertion that "this request does not seek information protected by the attorney-
16  client privilege, the attorney work product doctrine, or any other applicable
17  privilege" has no merit.  Documents responsive to this Request could very well be
18  subject to a claim of privilege or work product protection.  Despite MGA's claim to
19  the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA
20  has itself argued, the parties have agreed that "all privileged documents would be
21  logged except for documents created after this action was filed on April 27, 2004."
22  Thus, to the extent privileged documents fall within the post lawsuit time period,
23  they need not be included on Mattel's log.

24
25
26
─────────────────────
27  [1558]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
   Dart Dec., Exh. 43.
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

**REQUEST FOR PRODUCTION NO. 133:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from, or development of, "Diva Starz" as part of YOUR damages in this case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or relating to "Diva Starz," including, without limitation, its creation, design, development, sales and marketing and all MARKET RESEARCH and all sales and market analyses referring or relating to "Diva Starz".

**RESPONSE TO REQUEST NO. 133:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that has no bearing on the claims or defenses in this case.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

or not it has produced all non-privileged responsive documents or whether it is
withholding documents based on its objections in Phase 2.  Under the Federal Rules
of Civil Procedure, "an objection to part of a request must specify the part and
permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
fail to explain the basis for an objection with specificity are routinely rejected in the
Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
(C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
harassing' are improper – especially when a party fails to submit any evidentiary
declarations supporting such objections").  Accordingly, Mattel must be compelled
either to certify that it has produced all non-privileged responsive documents or to
produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are
not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the
required particularity, as to **why** this request is supposedly overly broad, nor can it
do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the
event that Mattel contends that MGA's BRATZ impacted or affected its sales,
profits or revenue from its "Diva Starz" line as part of Mattel's damage claims, the
request is narrowly tailored to seek all documents related to "Diva Starz" including,
without limitation, its creation, design, development, sales and marketing and all
market research and market analyses related to "Diva Starz."

As to burden, Mattel has not attempted to demonstrate why responding
to this request and/or producing responsive documents presents any burden.  This
objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
request is unduly burdensome must allege specific facts which indicate the nature
and extent of the burden, usually by affidavit or other reliable evidence.")

00505.07975/3161896.1

1  Moreover, it is not unduly burdensome, as noted above, in that the request is
2  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
3  has engaged in a broad variety of unfair trade practices including serial copying of
4  MGA products.

5        This request does not seek documents protected by the attorney-client
6  privilege, the attorney work product doctrine, or other applicable privileges.  To the
7  extent that Mattel contends that it does, Mattel must provide a privilege log.

8        As to relevancy, Mattel has not attempted to make any objections.  It
9  therefore concedes relevance.  MGA is entitled to all documents on the issue, and
10 not just those that Mattel chooses to produce in support of its claims.

11       Mattel objects that the request contains confidential, proprietary, and
12 trade secret information.  A Protective Order exists in this case, obviating any
13 concern as to protection of privacy rights and/or commercially sensitive
14 information.

15       None of Mattel's improper objections are valid and Mattel is obligated
16 to produce all non-privileged responsive documents in its possession, custody, or
17 control.

18 **MATTEL'S RESPONSE:**

19       MGA's argument that it is entitled to these documents fails on the
20 merits.  MGA bears the burden of showing that its discovery meets the relevance
21 requirements of <u>Rule</u> 26(b)(1).[1559]  MGA argues that the Request is "relevant to
22 [Mattel's] damages claim" but fails to explain how all documents evidencing,
23 demonstrating, discussing, mentioning, referring or relating to "Diva Starz," are
24 relevant to Mattel's damages in Phase 2.  "A trial court has a duty, of special

25 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

26 [1559]  <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
27 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
<u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
28

significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1560] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

The Request is also duplicative of other MGA Parties requests. As explained in Mattel's Opposition, Mattel has already produced all non-privileged documents in its possession relating to Toon Teens.[1561] Therefore this sub-set of Toon Teens documents cannot possibly seek non-duplicative information. And MGA has even acknowledged that Mattel has produced documents responsive to this Request.[1562]

Mattel also properly reserved its right to supplement its production subject to expert discovery. See New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295,

---

[1560] See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

[1561] See Opp. at 9-10 (listing produced categories).

[1562] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2, Dart Dec., Exh. 43.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   at \*2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

2   but noting that "this Court does not expect Plaintiffs to address the issues that will

3   be more appropriately dealt with by experts, at a later date" and "since experts have

4   not been either retained or deposed, much of the remaining discovery is also

5   premature.").

6         There is no basis for overruling Mattel's privilege objection.  MGA's

7   bald assertion that "[t]his request does not seek information protected by the

8   attorney-client privilege, the attorney work product doctrine, or other applicable

9   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

10   agreed that "all privileged documents would be logged except for documents created

11   after this action was filed on April 27, 2004."[1563]  Thus, to the extent privileged

12   documents fall within the post lawsuit time period, they need not be included on

13   Mattel's log.  Although it bears the burden of showing why this agreement should

14   not be applied to a given Request, MGA fails to do so.

15         Finally, MGA failed to meet and confer at all, much less in good faith,

16   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

17   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

18   the moving party shall first identify each dispute, state the relief sought and identify

19   the authority supporting the requested relief in a meet and confer letter that shall be

20   served on all parties by facsimile or electronic mail. The parties shall have five court

21   days from the date of service of that letter to conduct an in-person conference to

22   attempt to resolve the dispute.").   In order to engage in a meaningful meet and

23   confer, MGA had the burden to show the relevance of any requests it sought to

24

25

---

26   [1563]   See Order Denying Mattel's Motion for Protective Order Limiting the

27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

28

1  move on.[1564]   At no point during the meet and confer process did MGA show why
2  this Request could be considered relevant to Phase 2 issues.[1565]   Because MGA
3  refused to even attempt to make this showing, there was no possibility of a good
4  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
5  deny MGA's motion with respect to this Request on that grounds alone.

6  **REQUEST FOR PRODUCTION NO. 134:**

7  If YOU contend that BRATZ has impacted or affected YOUR sales,
8  profits or revenue from, or development of, "Diva Starz" as part of YOUR damages
9  in this case, all DOCUMENTS, including MARKET RESEARCH, referring or
10  relating to, or influencing Mattel's decision to create, design or develop "Diva
11  Starz," including, without limitation, the reasons for and factors influencing its
12  decision.

13  **RESPONSE TO REQUEST NO. 134:**

14  In addition to the general objections stated above, which are
15  incorporated herein by reference, Mattel objects to this Request on the grounds that
16  it is unreasonably burdensome and premature in that the facts necessary to
17  determine the full nature and extent of Mattel's damages from defendant's acts or
18  omissions are known by defendants and third parties associated with defendants, but
19  are not known by Mattel at this juncture because of defendants' refusals to produce
20  basic discovery.   Mattel further objects to this Request as overbroad, unduly
21  burdensome and oppressive in that it seeks "all" documents in Mattel's possession,
22  custody and control on this broad subject.  Mattel further objects to this Request on
23  the grounds that it calls for the disclosure of information subject to the attorney-
24

25  [1564]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
   [1565]   See Webster Dec. at p. 1-5.
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1  client privilege, the attorney work-product doctrine and other applicable privileges.
2  Mattel further objects to this Request on the grounds that it is improperly phrased as
3  a legal contention. Mattel further objects to this Request on the grounds that it seeks
4  confidential, proprietary and trade secret information, such as current and future
5  Mattel marketing and pricing plans and strategies, that has no bearing on the claims
6  or defenses in this case.

7  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 134:**

8          In addition to the general objections stated above, which are
9  incorporated herein by reference, Mattel objects to this Request on the grounds that
10  it is unreasonably burdensome and premature in that the facts necessary to
11  determine the full nature and extent of Mattel's damages from defendant's acts or
12  omissions are known by defendants and third parties associated with defendants, but
13  are not known by Mattel at this juncture because of defendants' refusals to produce
14  basic discovery.  Mattel further objects to this Request as overbroad, unduly
15  burdensome and oppressive in that it seeks "all" documents in Mattel's possession,
16  custody and control on this broad subject. Mattel further objects to this Request on
17  the grounds that it calls for the disclosure of information subject to the attorney-
18  client privilege, the attorney work-product doctrine and other applicable privileges.
19  Mattel further objects to this Request on the grounds that it is improperly phrased as
20  a legal contention. Mattel further objects to this Request on the grounds that it seeks
21  confidential, proprietary and trade secret information, such as current and future
22  Mattel marketing and pricing plans and strategies, that has no bearing on the claims
23  or defenses in this case. Mattel further objects to this Request on the grounds that it
24  is duplicative of or subsumed within other Requests within this set of requests,
25  duplicative of or subsumed within prior Requests already responded to in this
26  litigation, and seeks the re-production of information and documents already
27  produced in this action.  Such information and documents will not be re-produced.
28  Subject to and without waiving the foregoing general and specific objections, if and

1    to the extent Mattel so contends, Mattel will produce responsive, non-privileged
2    documents relating to the fact of damage in its possession, custody or control, which
3    it has been able to locate after a diligent search and reasonable inquiry, to the extent
4    not previously produced.   Furthermore, this topic may be the subject of expert
5    testimony and disclosure, which will be produced at the time and in the manner
6    required by the <u>Rules</u> or Court Order.

7    **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 134:**

8    In addition to the general objections stated above, which are
9    incorporated herein by reference, Mattel objects to this Request on the grounds that
10   it is unreasonably burdensome and premature in that the facts necessary to
11   determine the full nature and extent of Mattel's damages from defendant's acts or
12   omissions are known by defendants and third parties associated with defendants, but
13   are not known by Mattel at this juncture because of defendants' refusals to produce
14   basic discovery.   Mattel further objects to this Request as overbroad, unduly
15   burdensome and oppressive in that it seeks "all" documents in Mattel's possession,
16   custody and control on this broad subject.   Mattel further objects to this Request on
17   the grounds that it calls for the disclosure of information subject to the attorney-
18   client privilege, the attorney work-product doctrine and other applicable privileges.
19   Mattel further objects to this Request on the grounds that it is improperly phrased as
20   a legal contention. Mattel further objects to this Request on the grounds that it seeks
21   confidential, proprietary and trade secret information, such as current and future
22   Mattel marketing and pricing plans and strategies, that has no bearing on the claims
23   or defenses in this case. Mattel further objects to this Request on the grounds that it
24   is duplicative of or subsumed within other Requests within this set of requests,
25   duplicative of or subsumed within prior Requests already responded to in this
26   litigation, and seeks the re-production of information and documents already
27   produced in this action.   Such information and documents will not be re-produced.
28   Subject to and without waiving the foregoing general and specific objections, if and

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)