1  to the extent Mattel so contends, Mattel will produce responsive, non-privileged
2  documents relating to the fact of damage in its possession, custody or control, which
3  it has been able to locate after a diligent search and reasonable inquiry, to the extent
4  not previously produced. Furthermore, this topic may be the subject of expert
5  testimony and disclosure, which will be produced at the time and in the manner
6  required by the <u>Rules</u> or Court Order.

7  **CORRECTED SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO.**
8  **134:**

9  In addition to the general objections stated above, which are
10 incorporated herein by reference, Mattel objects to this Request on the grounds that
11 it is unreasonably burdensome and premature in that the facts necessary to
12 determine the full nature and extent of Mattel's damages from defendant's acts or
13 omissions are known by defendants and third parties associated with defendants, but
14 are not known by Mattel at this juncture because of defendants' refusals to produce
15 basic discovery. Mattel further objects to this Request as overbroad, unduly
16 burdensome and oppressive in that it seeks "all" documents in Mattel's possession,
17 custody and control on this broad subject. Mattel further objects to this Request on
18 the grounds that it calls for the disclosure of information subject to the attorney-
19 client privilege, the attorney work-product doctrine and other applicable privileges.
20 Mattel further objects to this Request on the grounds that it is improperly phrased as
21 a legal contention. Mattel further objects to this Request on the grounds that it seeks
22 confidential, proprietary and trade secret information, such as current and future
23 Mattel marketing and pricing plans and strategies, that has no bearing on the claims
24 or defenses in this case. Mattel further objects to this Request on the grounds that it
25 is duplicative of or subsumed within other Requests within this set of requests,
26 duplicative of or subsumed within prior Requests already responded to in this
27 litigation, and seeks the re-production of information and documents already
28 produced in this action. Such information and documents will not be re-produced.

1  Subject to and without waiving the foregoing general and specific objections, if and
2  to the extent Mattel so contends, Mattel will produce responsive, non-privileged
3  documents relating to the fact of damage in its possession, custody or control, which
4  it has been able to locate after a diligent search and reasonable inquiry, to the extent
5  not previously produced.  Furthermore, this topic may be the subject of expert
6  testimony and disclosure, which will be produced at the time and in the manner
7  required by the <u>Rules</u> or Court Order.

8  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9  **TO SHOULD BE COMPELLED**

10  Mattel has not agreed to produce documents in response to this request,
11  subject to its improper boilerplate objections.  Mattel has refused to confirm whether
12  or not it has produced all non-privileged responsive documents or whether it is
13  withholding documents based on its objections in Phase 2.  Under the Federal Rules
14  of Civil Procedure, "an objection to part of a request must specify the part and
15  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
16  fail to explain the basis for an objection with specificity are routinely rejected in the
17  Central District.  See <u>A. Farber and Partners, Inc. v. Garber,</u> 234 F.R.D. 186, 188
18  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
19  harassing' are improper – especially when a party fails to submit any evidentiary
20  declarations supporting such objections").  Accordingly, Mattel must be compelled
21  either to certify that it has produced all non-privileged responsive documents or to
22  produce all such documents by a date certain.

23  To the extent that Mattel is relying on its blanket objections, they are
24  not sustainable and do not justify Mattel's failure to produce documents.

25  As to overbreadth, Mattel provides no explanation, let alone the
26  required particularity, as to *why* this request is supposedly overly broad, nor can it
27  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
28  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

1  event that Mattel contends that MGA's BRATZ impacted or affected its sales,
2  profits or revenue from its "Diva Starz" line as part of Mattel's damage claims, the
3  request is narrowly tailored to seek all documents (including market research) that is
4  related influencing Mattel's decision to create, design, or develop "Diva Starz"
5  including the reasons influencing its decision.

6        As to burden, Mattel has not attempted to demonstrate why responding
7  to this request and/or producing responsive documents presents any burden.  This
8  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
9  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
10 request is unduly burdensome must allege specific facts which indicate the nature
11 and extent of the burden, usually by affidavit or other reliable evidence.")
12 Moreover, it is not unduly burdensome, as noted above, in that the request is
13 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
14 has engaged in a broad variety of unfair trade practices including serial copying of
15 MGA products.

16       This request does not seek documents protected by the attorney-client
17 privilege, the attorney work product doctrine, or other applicable privileges.  To the
18 extent that Mattel contends that it does, Mattel must provide a privilege log.

19       As to relevancy, Mattel has not attempted to make any objections.  It
20 therefore concedes relevance.  MGA is entitled to all documents on the issue, and
21 not just those that Mattel chooses to produce in support of its claims.

22       Mattel objects that the request is duplicative or subsumed within prior
23 requests but does not identify the allegedly duplicative requests.  Mattel's failure to
24 agree to produce responsive non-privileged documents is not proper based on this
25 objection.

26       Mattel objects that the request contains confidential, proprietary, and
27 trade secret information.  A Protective Order exists in this case, obviating any

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   concern as to protection of privacy rights and/or commercially sensitive
2   information.

3           None of Mattel's improper objections are valid and Mattel is obligated
4   to produce all non-privileged responsive documents in its possession, custody, or
5   control.

6   **MATTEL'S RESPONSE:**

7           MGA's argument that it is entitled to these documents fails on the
8   merits.  MGA bears the burden of showing that its discovery meets the relevance
9   requirements of <u>Rule</u> 26(b)(1).[1566]  MGA argues that the Request is "relevant to
10  [Mattel's] damages claim" but fails to explain how all documents evidencing,
11  demonstrating, discussing, mentioning, referring or relating to "Diva Starz," are
12  relevant to Mattel's damages in Phase 2.  "A trial court has a duty, of special
13  significance in lengthy and complex cases where the possibility of abuse is always
14  present, to supervise and limit discovery to protect parties and witnesses from
15  annoyance and excessive expense."  <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664
16  (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559
17  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste
18  Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous
19  Discovery Master has held, a party may not propound document requests as part of a
20  fishing expedition or to discover new claims.[1567]  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d
21  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
22  to engage in 'fishing expeditions.'").

23

---

24  [1566]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
25  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
    <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
26  [1567]   <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for
27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
    1.
28

1        The Request is also duplicative of other MGA Parties requests.   As
2  explained in Mattel's Opposition, Mattel has already produced all non-privileged
3  documents in its possession relating to Toon Teens.[1568]   Therefore this sub-set of
4  Toon Teens documents cannot possibly seek non-duplicative information.   And
5  MGA has even acknowledged that Mattel has produced documents responsive to
6  this Request.[1569]

7        Mattel also properly reserved its right to supplement its production
8  subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated
9  Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining
10  objections to interrogatory because "[t]o the extent that the theories of damages
11  applicable to these claims may be related to the damages sought by plaintiff's fourth
12  claim, the interrogatory is premature").  Ziemack v. Centel Corp., 1995 WL 729295,
13  at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses
14  but noting that "this Court does not expect Plaintiffs to address the issues that will
15  be more appropriately dealt with by experts, at a later date" and "since experts have
16  not been either retained or deposed, much of the remaining discovery is also
17  premature.").

18        There is no basis for overruling Mattel's privilege objection.  MGA's
19  bald assertion that "[t]his request does not seek information protected by the
20  attorney-client privilege, the attorney work product doctrine, or other applicable
21  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
22  agreed that "all privileged documents would be logged except for documents created

---

[1568]  See Opp. at 9-10 (listing produced categories).
[1569]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2, Dart Dec., Exh. 43.

after this action was filed on April 27, 2004."[1570]   Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.  Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").   In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[1571]   At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[1572]   Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 135:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from, or development of, "Diva Starz" as part of YOUR damages

---

[1570]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

[1571]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[1572]   See Webster Dec. at p. 1-5.

1  in this case, all NPD DOCUMENTS relied on for press statements and quarterly

2  report relating to "Diva Starz"

3  **RESPONSE TO REQUEST NO. 135:**

4        In addition to the general objections stated above, which are

5  incorporated herein by reference, Mattel objects to this Request on the grounds that

6  it is unreasonably burdensome and premature in that the facts necessary to

7  determine the full nature and extent of Mattel's damages from defendant's acts or

8  omissions are known by defendants and third parties associated with defendants, but

9  are not known by Mattel at this juncture because of defendants' refusals to produce

10  basic discovery.  Mattel further objects to this Request on the grounds that it calls

11  for the disclosure of information subject to the attorney-client privilege, the attorney

12  work- product doctrine and other applicable privileges.  Mattel further objects to this

13  Request on the grounds that it is improperly phrased as a legal contention.  Mattel

14  further objects to this Request as overbroad and unduly burdensome in that it seeks

15  the disclosure of NPD data which is equally available to defendants in this action.

16  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

17  **TO SHOULD BE COMPELLED**

18        Mattel has not agreed to produce documents in response to this request,

19  subject to its improper boilerplate objections.  Mattel has refused to confirm whether

20  or not it has produced all non-privileged responsive documents or whether it is

21  withholding documents based on its objections in Phase 2.  Under the Federal Rules

22  of Civil Procedure, "an objection to part of a request must specify the part and

23  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

24  fail to explain the basis for an objection with specificity are routinely rejected in the

25  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

26  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

27  harassing' are improper – especially when a party fails to submit any evidentiary

28  declarations supporting such objections").  Accordingly, Mattel must be compelled

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  either to certify that it has produced all non-privileged responsive documents or to
2  produce all such documents by a date certain.

3        To the extent that Mattel is relying on its blanket objections, they are
4  not sustainable and do not justify Mattel's failure to produce documents.

5        As to overbreadth, Mattel provides no explanation, let alone the
6  required particularity, as to *why* this request is supposedly overly broad, nor can it
7  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. In the
9  event that Mattel contends that MGA's BRATZ impacted or affected its sales,
10 profits or revenue from its "Diva Starz" line as part of Mattel's damage claims, the
11 request is narrowly tailored to seek all NPD documents relied on for press
12 statements and quarterly reports relating to "Diva Starz."

13       As to burden, Mattel has not attempted to demonstrate why responding
14 to this request and/or producing responsive documents presents any burden. This
15 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
16 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
17 request is unduly burdensome must allege specific facts which indicate the nature
18 and extent of the burden, usually by affidavit or other reliable evidence.")
19 Moreover, it is not unduly burdensome, as noted above, in that the request is
20 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
21 has engaged in a broad variety of unfair trade practices including serial copying of
22 MGA products.

23       This request does not seek documents protected by the attorney-client
24 privilege, the attorney work product doctrine, or other applicable privileges. To the
25 extent that Mattel contends that it does, Mattel must provide a privilege log.

26       As to relevancy, Mattel has not attempted to make any objections. It
27 therefore concedes relevance. MGA is entitled to all documents on the issue, and
28 not just those that Mattel chooses to produce in support of its claims.

1  Mattel objects that the request contains confidential, proprietary, and
2  trade secret information.   A Protective Order exists in this case, obviating any
3  concern as to protection of privacy rights and/or commercially sensitive
4  information.

5  None of Mattel's improper objections are valid and Mattel is obligated
6  to produce all non-privileged responsive documents in its possession, custody, or
7  control.

8  **MATTEL'S RESPONSE:**

9  The Request is overbroad.   Seeking the universe of <u>all</u> NPD documents
10  "relied on" for press statements and quarterly reports relating to Diva Starz is plainly
11  not narrowly tailored to seek information relevant to Phase 2.   The vast majority of
12  these documents would have no possible relevance to any claims or defenses in
13  Phase 2.

14  Further, this Request is unduly burdensome.   <u>Rule</u> 26(b)(2)(c) provides
15  that a Court should limit the extent of discovery if it determines that the burden of
16  the proposed discovery outweighs its likely benefit; the discovery sought is
17  unreasonably cumulative or duplicative, or is obtainable from some other source that
18  is more convenient, less burdensome, or less expensive; or the party seeking
19  discovery has had ample opportunity by discovery in the action to obtain the
20  information sought.   See <u>Fed. R. Civ. P.</u> 26(b)(2)(c).   The burden of locating and
21  producing the documents responsive to this overbroad Request would greatly
22  outweigh any marginal benefit to MGA, for the following reasons.

23
24
25
26
27
28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ████████████████████████████████████████████

2 ████████████████████████████████████████████

3 ████████████████████████████████████████████

4 ████████████████████████████████████████████

5 ████████████████████████████████████

6      Mattel also properly reserved its right to supplement its production

7 subject to expert discovery. See New Haven Temple SDA Church v. Consolidated

8 Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

9 objections to interrogatory because "[t]o the extent that the theories of damages

10 applicable to these claims may be related to the damages sought by plaintiff's fourth

11 claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295,

12 at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

13 but noting that "this Court does not expect Plaintiffs to address the issues that will

14 be more appropriately dealt with by experts, at a later date" and "since experts have

15 not been either retained or deposed, much of the remaining discovery is also

16 premature.").

17      There is no basis for overruling Mattel's privilege objection. MGA's

18 bald assertion that "[t]his request does not seek information protected by the

19 attorney-client privilege, the attorney work product doctrine, or other applicable

20 privileges" has no merit. Moreover, as MGA has itself argued, the parties have

21 agreed that "all privileged documents would be logged except for documents created

22 after this action was filed on April 27, 2004."[1575]  Thus, to the extent privileged

23 _____

24 ████████████████████████████████████████████

25 ████████

26 [1575]    See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

28

documents fall within the post lawsuit time period, they need not be included on Mattel's log.  Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").   In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[1576]   At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[1577]   Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 136:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Diva Starz" as part of YOUR damages in this case, all DOCUMENTS used or referred to in creating and designing "Diva Starz" including, without limitation, all DOCUMENTS that served as artistic inspiration for any aspect, feature or element of "Diva Starz".

---

[1576]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
[1577]   See Webster Dec. at p. 1-5.

1 **RESPONSE TO REQUEST NO. 136:**

2       In addition to the general objections stated above, which are
3 incorporated herein by reference, Mattel objects to this Request on the grounds that
4 it is unreasonably burdensome and premature in that the facts necessary to
5 determine the full nature and extent of Mattel's damages from defendant's acts or
6 omissions are known by defendants and third parties associated with defendants, but
7 are not known by Mattel at this juncture because of defendants' refusals to produce
8 basic discovery.   Mattel further objects to this Request as overbroad, unduly
9 burdensome and oppressive in that it seeks "all" documents in Mattel's possession,
10 custody and control on this broad subject.  Mattel further objects to this Request on
11 the grounds that it calls for the disclosure of information subject to the attorney-
12 client privilege, the attorney work-product doctrine and other applicable privileges.
13 Mattel further objects to this Request on the grounds that it is improperly phrased as
14 a legal contention.  Mattel further objects to this Request on the grounds that it seeks
15 confidential, proprietary and trade secret information that has no bearing on the
16 claims or defenses in this case.  Mattel further objects to this Request on the grounds
17 that it calls for information that is not relevant to this action or likely to lead to the
18 discovery of admissible evidence.  Mattel further objects to this Request as vague
19 and ambiguous.

20 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 136:**

21       In addition to the general objections stated above, which are
22 incorporated herein by reference, Mattel objects to this Request on the grounds that
23 it is unreasonably burdensome and premature in that the facts necessary to
24 determine the full nature and extent of Mattel's damages from defendant's acts or
25 omissions are known by defendants and third parties associated with defendants, but
26 are not known by Mattel at this juncture because of defendants' refusals to produce
27 basic discovery.   Mattel further objects to this Request as overbroad, unduly
28 burdensome and oppressive in that it seeks "all" documents in Mattel's possession,

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   custody and control on this broad subject. Mattel further objects to this Request on

2   the grounds that it calls for the disclosure of information subject to the attorney-

3   client privilege, the attorney work-product doctrine and other applicable privileges.

4   Mattel further objects to this Request on the grounds that it is improperly phrased as

5   a legal contention. Mattel further objects to this Request on the grounds that it seeks

6   confidential, proprietary and trade secret information that has no bearing on the

7   claims or defenses in this case. Mattel further objects to this Request on the grounds

8   that it calls for information that is not relevant to this action or likely to lead to the

9   discovery of admissible evidence. Mattel further objects to this Request as vague

10  and ambiguous. Mattel further objects to this Request on the grounds that it is

11  duplicative of or subsumed within other Requests within this set of requests,

12  duplicative of or subsumed within prior Requests already responded to in this

13  litigation, and seeks the re-production of information and documents already

14  produced in this action. Such information and documents will not be re-produced.

15  Subject to and without waiving the foregoing general and specific objections, if and

16  to the extent Mattel so contends, Mattel will produce responsive, non-privileged

17  documents in its possession, custody or control, which it has been able to locate

18  after a diligent search and reasonable inquiry and which relate to those aspects,

19  features or elements of "Diva Starz" at issue in this lawsuit, to the extent not already

20  produced. Furthermore, this topic may be the subject of expert testimony and

21  disclosure, which will be produced at the time and in the manner required by the

22  <u>Rules</u> or Court Order.

23  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 136:**

24          In addition to the general objections stated above, which are

25  incorporated herein by reference, Mattel objects to this Request on the grounds that

26  it is unreasonably burdensome and premature in that the facts necessary to

27  determine the full nature and extent of Mattel's damages from defendant's acts or

28  omissions are known by defendants and third parties associated with defendants, but

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  are not known by Mattel at this juncture because of defendants' refusals to produce

2  basic discovery.   Mattel further objects to this Request as overbroad, unduly

3  burdensome and oppressive in that it seeks "all" documents in Mattel's possession,

4  custody and control on this broad subject. Mattel further objects to this Request on

5  the grounds that it calls for the disclosure of information subject to the attorney-

6  client privilege, the attorney work-product doctrine and other applicable privileges.

7  Mattel further objects to this Request on the grounds that it is improperly phrased as

8  a legal contention. Mattel further objects to this Request on the grounds that it seeks

9  confidential, proprietary and trade secret information that has no bearing on the

10  claims or defenses in this case. Mattel further objects to this Request on the grounds

11  that it calls for information that is not relevant to this action or likely to lead to the

12  discovery of admissible evidence. Mattel further objects to this Request as vague

13  and ambiguous.   Mattel further objects to this Request on the grounds that it is

14  duplicative of or subsumed within other Requests within this set of requests,

15  duplicative of or subsumed within prior Requests already responded to in this

16  litigation, and seeks the re-production of information and documents already

17  produced in this action. Such information and documents will not be re-produced.

18  Subject to and without waiving the foregoing general and specific objections, if and

19  to the extent Mattel so contends, Mattel will produce responsive, non-privileged

20  documents in its possession, custody or control, which it has been able to locate

21  after a diligent search and reasonable inquiry and which relate to those aspects,

22  features or elements of "Diva Starz" at issue in this lawsuit, to the extent not already

23  produced.   Furthermore, this topic may be the subject of expert testimony and

24  disclosure, which will be produced at the time and in the manner required by the

25  Rules or Court Order.

26

27

28

**CORRECTED SECOND SUPPLEMENTAL RESPONSE TO  REQUEST NO. 136:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery.   Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for information that is not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request as vague and ambiguous.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other Requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced. Subject to and without waiving the foregoing general and specific objections, if and to the extent Mattel so contends, Mattel will produce responsive, non-privileged documents in its possession, custody or control, which it has been able to locate after a diligent search and reasonable inquiry and which relate to those aspects,

1   features or elements of "Diva Starz" at issue in this lawsuit, to the extent not already

2   produced.   Furthermore, this topic may be the subject of expert testimony and

3   disclosure, which will be produced at the time and in the manner required by the

4   Rules or Court Order.

5   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

6   **TO SHOULD BE COMPELLED**

7          Mattel has not agreed to produce documents in response to this request,

8   subject to its improper boilerplate objections.  Mattel has refused to confirm whether

9   or not it has produced all non-privileged responsive documents or whether it is

10  withholding documents based on its objections in Phase 2.  Under the Federal Rules

11  of Civil Procedure, "an objection to part of a request must specify the part and

12  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

13  fail to explain the basis for an objection with specificity are routinely rejected in the

14  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

15  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

16  harassing' are improper – especially when a party fails to submit any evidentiary

17  declarations supporting such objections").  Accordingly, Mattel must be compelled

18  either to certify that it has produced all non-privileged responsive documents or to

19  produce all such documents by a date certain.

20          To the extent that Mattel is relying on its blanket objections, they are

21  not sustainable and do not justify Mattel's failure to produce documents.

22          As to overbreadth, Mattel provides no explanation, let alone the

23  required particularity, as to *why* this request is supposedly overly broad, nor can it

24  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

25  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

26  event that Mattel contends that MGA's BRATZ impacted or affected its sales,

27  profits or revenue from its "Diva Starz" line as part of Mattel's damage claims, the

28  request is narrowly tailored to seek all documents used in creating and designing

"Diva Starz".  These may include documents that served as artistic inspiration for any aspect, feature or element of "Diva Starz."

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

As to relevancy, Mattel has not attempted to make any objections.  It therefore concedes relevance.  MGA is entitled to all documents on the issue, and not just those that Mattel chooses to produce in support of its claims.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests.  Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

Mattel objects that the request contains confidential, proprietary, and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

1    None of Mattel's improper objections are valid and Mattel is obligated
2  to produce all non-privileged responsive documents in its possession, custody, or
3  control.

4  **MATTEL'S RESPONSE:**

5    The Request is overbroad. Seeking the universe of <u>all</u> DOCUMENTS,
6  "used or referred to" in creating and designing Diva Starz is plainly not narrowly
7  tailored to seek information relevant to Phase 2. MGA's definition of
8  "DOCUMENTS" includes tangible things and property, which means that to the
9  extent this Request is intelligible it seems to be asking for things like pencils,
10  computers, and desks that were "used" in the creating and designing of My Scene, in
11  addition to the countless numbers of irrelevant documents. The Request is therefore
12  also vague and ambiguous as to the meaning of "used or referred to." The vast
13  majority of the documents responsive to this Request would have no possible
14  relevance to any claims or defenses in Phase 2.

15    Further, this Request is unduly burdensome. <u>Rule</u> 26(b)(2)(c) provides
16  that a Court should limit the extent of discovery if it determines that the burden of
17  the proposed discovery outweighs its likely benefit; the discovery sought is
18  unreasonably cumulative or duplicative, or is obtainable from some other source that
19  is more convenient, less burdensome, or less expensive; or the party seeking
20  discovery has had ample opportunity by discovery in the action to obtain the
21  information sought. <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c). The burden of locating and
22  producing the documents responsive to this overbroad Request would greatly
23  outweigh any marginal benefit to MGA, for the following reasons.

24  ████████████████████████████████
25  ████████████████████████████████
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



Mattel also properly reserved its right to supplement its production subject to expert discovery. See New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a later date" and "since experts have

1   not been either retained or deposed, much of the remaining discovery is also

2   premature.").

3          There is no basis for overruling Mattel's privilege objection.  MGA's

4   bald assertion that "[t]his request does not seek information protected by the

5   attorney-client privilege, the attorney work product doctrine, or other applicable

6   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7   agreed that "all privileged documents would be logged except for documents created

8   after this action was filed on April 27, 2004."[1590]  Thus, to the extent privileged

9   documents fall within the post lawsuit time period, they need not be included on

10  Mattel's log.  Although it bears the burden of showing why this agreement should

11  not be applied to a given Request, MGA fails to do so.

12         Finally, MGA failed to meet and confer at all, much less in good faith,

13  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15  the moving party shall first identify each dispute, state the relief sought and identify

16  the authority supporting the requested relief in a meet and confer letter that shall be

17  served on all parties by facsimile or electronic mail. The parties shall have five court

18  days from the date of service of that letter to conduct an in-person conference to

19  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

20  confer, MGA had the burden to show the relevance of any requests it sought to

21  move on.[1591]   At no point during the meet and confer process did MGA show why

22

23

_____

24  [1590]    See Order Denying Mattel's Motion for Protective Order Limiting the

25  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
    3.

26  [1591]    See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

27  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
    Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1   this Request could be considered relevant to Phase 2 issues.[1592]   Because MGA
2   refused to even attempt to make this showing, there was no possibility of a good
3   faith meet and confer to resolve the parties' disputes.  The Discovery Master should
4   deny MGA's motion with respect to this Request on that grounds alone.

5   **REQUEST FOR PRODUCTION NO. 137:**

6         If YOU contend that BRATZ has impacted or affected YOUR sales,
7   profits or revenue from "Diva Starz" as part of YOUR damages in this case, all
8   DOCUMENTS, including MARKET RESEARCH, referring or relating to, or
9   influencing Mattel's decision to create, design, develop or abandon the "Diva Starz"
10  including, without limitation, the reasons for and factors influencing its decision.

11  **RESPONSE TO REQUEST NO. 137:**

12        In addition to the general objections stated above, which are
13  incorporated herein by reference, Mattel objects to this Request on the grounds that
14  it is unreasonably burdensome and premature in that the facts necessary to
15  determine the full nature and extent of Mattel's damages from defendant's acts or
16  omissions are known by defendants and third parties associated with defendants, but
17  are not known by Mattel at this juncture because of defendants' refusals to produce
18  basic discovery.  Mattel further objects to this Request as overbroad, unduly
19  burdensome and oppressive in that it seeks "all" documents in Mattel's possession,
20  custody and control on this broad subject.  Mattel further objects to this Request on
21  the grounds that it calls for the disclosure of information subject to the attorney-
22  client privilege, the attorney work-product doctrine and other applicable privileges.
23  Mattel further objects to this Request on the grounds that it is improperly phrased as
24  a legal contention.  Mattel further objects to this Request on the grounds that it seeks

25
26
27   [1592]   See Webster Dec. at p. 1-5.
28

1  confidential, proprietary and trade secret information that has no bearing on the

2  claims or defenses in this case.

3  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

4  **TO SHOULD BE COMPELLED**

5       Mattel has not agreed to produce documents in response to this request,

6  subject to its improper boilerplate objections. Mattel has refused to confirm whether

7  or not it has produced all non-privileged responsive documents or whether it is

8  withholding documents based on its objections in Phase 2. Under the Federal Rules

9  of Civil Procedure, "an objection to part of a request must specify the part and

10  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

11  fail to explain the basis for an objection with specificity are routinely rejected in the

12  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

13  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

14  harassing' are improper – especially when a party fails to submit any evidentiary

15  declarations supporting such objections"). Accordingly, Mattel must be compelled

16  either to certify that it has produced all non-privileged responsive documents or to

17  produce all such documents by a date certain.

18       To the extent that Mattel is relying on its blanket objections, they are

19  not sustainable and do not justify Mattel's failure to produce documents.

20       As to overbreadth, Mattel provides no explanation, let alone the

21  required particularity, as to *why* this request is supposedly overly broad, nor can it

22  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

23  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. In the

24  event that Mattel contends that MGA's BRATZ impacted or affected its sales,

25  profits or revenue from its "Diva Starz" line as part of Mattel's damage claims, the

26  request is narrowly tailored to seek all documents (including market research)

27  relating to, or influencing Mattel's decision to create, design, develop or abandon the

28  "Diva Starz." These may include reasons for and factors influencing that decision.

1    As to burden, Mattel has not attempted to demonstrate why responding

2  to this request and/or producing responsive documents presents any burden.   This

3  objection must therefore be rejected.   See Jackson v. Montgomery Ward & Co., Inc.,

4  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.")

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.   MGA has alleged that Mattel

9  has engaged in a broad variety of unfair trade practices including serial copying of

10  MGA products.

11    This request does not seek documents protected by the attorney-client

12  privilege, the attorney work product doctrine, or other applicable privileges.   To the

13  extent that Mattel contends that it does, Mattel must provide a privilege log.

14    As to relevancy, Mattel has not attempted to make any objections.   It

15  therefore concedes relevance.   MGA is entitled to all documents on the issue, and

16  not just those that Mattel chooses to produce in support of its claims.

17    Mattel objects that the request contains confidential, proprietary, and

18  trade secret information.   A Protective Order exists in this case, obviating any

19  concern as to protection of privacy rights and/or commercially sensitive

20  information.

21    None of Mattel's improper objections are valid and Mattel is obligated

22  to produce all non-privileged responsive documents in its possession, custody, or

23  control.

24  **MATTEL'S RESPONSE:**

25    The Request is absurdly overbroad.   Seeking the universe of all

26  documents, including market research, referring, or relating to Diva Starz, or

27  influencing Mattel's decision to create, design or develop Diva Sarz is plainly not

28  narrowly tailored to seek information relevant to Phase 2.   The vast majority of

1  these documents would have no possible relevance to any claims or defenses in

2  Phase 2.

3         Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides

4  that a Court should limit the extent of discovery if it determines that the burden of

5  the proposed discovery outweighs its likely benefit; the discovery sought is

6  unreasonably cumulative or duplicative, or is obtainable from some other source that

7  is more convenient, less burdensome, or less expensive; or the party seeking

8  discovery has had ample opportunity by discovery in the action to obtain the

9  information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and

10 producing the documents responsive to this overbroad Request would greatly

11 outweigh any marginal benefit to MGA, for the following reasons.





[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ███████████████████████████████████████████

2 ███████████████████████████████

3         Mattel also properly reserved its right to supplement its production

4 subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated

5 Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

6 objections to interrogatory because "[t]o the extent that the theories of damages

7 applicable to these claims may be related to the damages sought by plaintiff's fourth

8 claim, the interrogatory is premature").  Ziemack v. Centel Corp., 1995 WL 729295,

9 at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

10 but noting that "this Court does not expect Plaintiffs to address the issues that will

11 be more appropriately dealt with by experts, at a later date" and "since experts have

12 not been either retained or deposed, much of the remaining discovery is also

13 premature.").

14         There is no basis for overruling Mattel's privilege objection.  MGA's

15 bald assertion that "[t]his request does not seek information protected by the

16 attorney-client privilege, the attorney work product doctrine, or other applicable

17 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

18 agreed that "all privileged documents would be logged except for documents created

19 after this action was filed on April 27, 2004."[1605]  Thus, to the extent privileged

20 documents fall within the post lawsuit time period, they need not be included on

21

22

---

23    [1603]  Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,
24 Exh. 31.
       [1604]  Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,
25 Exh. 31.
26    [1605]  See Order Denying Mattel's Motion for Protective Order Limiting the
27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
   3.
28

1    Mattel's log.  Although it bears the burden of showing why this agreement should

2    not be applied to a given Request, MGA fails to do so.

3           Finally, MGA failed to meet and confer at all, much less in good faith,

4    regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

5    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6    the moving party shall first identify each dispute, state the relief sought and identify

7    the authority supporting the requested relief in a meet and confer letter that shall be

8    served on all parties by facsimile or electronic mail. The parties shall have five court

9    days from the date of service of that letter to conduct an in-person conference to

10    attempt to resolve the dispute.").   In order to engage in a meaningful meet and

11    confer, MGA had the burden to show the relevance of any requests it sought to

12    move on.[1606]   At no point during the meet and confer process did MGA show why

13    this Request could be considered relevant to Phase 2 issues.[1607]   Because MGA

14    refused to even attempt to make this showing, there was no possibility of a good

15    faith meet and confer to resolve the parties' disputes.  The Discovery Master should

16    deny MGA's motion with respect to this Request on that grounds alone.

17    **REQUEST FOR PRODUCTION NO. 138:**

18           If YOU contend that BRATZ has impacted or affected YOUR sales,

19    profits or revenue from "Diva Starz" as part of YOUR damages in this case, all

20    DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning,

21    referring to, or relating to the similarities or differences between BRATZ on the one

22    hand and "Diva Starz" on the other.

23

24

---

25    [1606]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26    moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27    Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

      [1607]   See Webster Dec. at p. 1-5.

28

**RESPONSE TO REQUEST NO. 138:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery.  Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper − especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   either to certify that it has produced all non-privileged responsive documents or to
2   produce all such documents by a date certain.

3           To the extent that Mattel is relying on its blanket objections, they are
4   not sustainable and do not justify Mattel's failure to produce documents.

5           As to overbreadth, Mattel provides no explanation, let alone the
6   required particularity, as to *why* this request is supposedly overly broad, nor can it
7   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. In the
9   event that Mattel contends that MGA's BRATZ impacted or affected its sales,
10  profits or revenue from its "Diva Starz" line as part of Mattel's damage claims, the
11  request is narrowly tailored to seek all documents relating to the similarities or
12  differences between MGA's BRATZ and Mattel's "Diva Starz."

13          As to burden, Mattel has not attempted to demonstrate why responding
14  to this request and/or producing responsive documents presents any burden. This
15  objection must therefore be rejected. See <u>Jackson v. Montgomery Ward & Co.,</u>
16  <u>Inc.,</u> 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
17  request is unduly burdensome must allege specific facts which indicate the nature
18  and extent of the burden, usually by affidavit or other reliable evidence.")
19  Moreover, it is not unduly burdensome, as noted above, in that the request is
20  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
21  has engaged in a broad variety of unfair trade practices including serial copying of
22  MGA products.

23          This request does not seek documents protected by the attorney-client
24  privilege, the attorney work product doctrine, or other applicable privileges. To the
25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26          As to relevancy, Mattel has not attempted to make any objections. It
27  therefore concedes relevance. MGA is entitled to all documents on the issue, and
28  not just those that Mattel chooses to produce in support of its claims.

1  Mattel objects that the request contains confidential, proprietary, and

2  trade secret information.   A Protective Order exists in this case, obviating any

3  concern as to protection of privacy rights and/or commercially sensitive

4  information.

5  None of Mattel's improper objections are valid and Mattel is obligated

6  to produce all non-privileged responsive documents in its possession, custody, or

7  control.

8  **MATTEL'S RESPONSE:**

9  MGA's argument that it is entitled to these documents fails on the

10  merits.   MGA argues that "Mattel has not attempted to demonstrate" why the

11  documents are irrelevant.   However, MGA bears the burden of showing that its

12  discovery meets the relevance requirements of <u>Rule</u> 26(b)(1).[1608]   MGA has not

13  sufficiently explained how <u>all</u> documents evidencing, detailing, discussing,

14  describing, depicting, mentioning, referring to, or relating to the similarities or

15  differences between Bratz and My Scene is related to Mattel's trade secret

16  misappropriation claim, or identify any other claim or defense it might be related to.

17  "A trial court has a duty, of special significance in lengthy and complex cases where

18  the possibility of abuse is always present, to supervise and limit discovery to protect

19  parties and witnesses from annoyance and excessive expense."   <u>Dolgow v.</u>

20  <u>Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan</u>

21  <u>American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

22  <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983)

23  (same).   As the previous Discovery Master has held, a party may not propound

24

25

---

26  [1608]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

27  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

<u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)