1   document requests as part of a fishing expedition or to discover new claims.[1609]

2   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

3   not condone the use of discovery to engage in 'fishing expeditions.'").

4           The Request is absurdly overbroad.   Seeking the universe of <u>all</u>

5   documents, evidencing, detailing, discussing, describing, depicting, mentioning,

6   <u>referring</u> to, or <u>relating</u> to the similarities or differences between Bratz and Diva

7   Starz is plainly not narrowly tailored to seek information relevant to Phase 2.  This

8   includes every document that refers or relates to any feature of either Diva Starz or

9   Bratz.  The prior Discovery Master already found such requests to be improper.[1610]

10   The vast majority of these documents would have no possible relevance to any

11   claims or defenses in Phase 2.

12           Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides

13   that a Court should limit the extent of discovery if it determines that the burden of

14   the  proposed  discovery  outweighs  its  likely  benefit;  the  discovery  sought  is

15   unreasonably cumulative or duplicative, or is obtainable from some other source that

16   is  more  convenient,  less  burdensome,  or  less  expensive;  or  the  party  seeking

17   discovery  has  had  ample  opportunity  by  discovery  in  the  action  to  obtain  the

18   information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and

19   producing  the  documents  responsive  to  this  overbroad  Request  would  greatly

20   outweigh any marginal benefit to MGA, for the following reasons.

21

22

---

23   [1609]   <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for
     Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.

24   1.

25   [1610]   <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel,
     dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of

26   requests is clearly overbroad, requiring production of documents that merely

27   mention MGA, Larian, Bratz or other MGA products, regardless of whether or not
     they have anything to do with the claims or defenses in this case.").

28

-951-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



Mattel also properly reserved its right to supplement its production subject to expert discovery. See New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses



1  but noting that "this Court does not expect Plaintiffs to address the issues that will
2  be more appropriately dealt with by experts, at a later date" and "since experts have
3  not been either retained or deposed, much of the remaining discovery is also
4  premature.").

5          There is no basis for overruling Mattel's privilege objection.  MGA's
6  bald assertion that "[t]his request does not seek information protected by the
7  attorney-client privilege, the attorney work product doctrine, or other applicable
8  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
9  agreed that "all privileged documents would be logged except for documents created
10 after this action was filed on April 27, 2004."[1623]  Thus, to the extent privileged
11 documents fall within the post lawsuit time period, they need not be included on
12 Mattel's log.  Although it bears the burden of showing why this agreement should
13 not be applied to a given Request, MGA fails to do so.

14         Finally, MGA failed to meet and confer at all, much less in good faith,
15 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
16 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
17 the moving party shall first identify each dispute, state the relief sought and identify
18 the authority supporting the requested relief in a meet and confer letter that shall be
19 served on all parties by facsimile or electronic mail. The parties shall have five court
20 days from the date of service of that letter to conduct an in-person conference to
21 attempt to resolve the dispute.").   In order to engage in a meaningful meet and
22 confer, MGA had the burden to show the relevance of any requests it sought to
23
24
25
_____

26 [1623]  See Order Denying Mattel's Motion for Protective Order Limiting the
27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
   3.
28

1   move on.[1624]   At no point during the meet and confer process did MGA show why
2   this Request could be considered relevant to Phase 2 issues.[1625]   Because MGA
3   refused to even attempt to make this showing, there was no possibility of a good
4   faith meet and confer to resolve the parties' disputes.  The Discovery Master should
5   deny MGA's motion with respect to this Request on that grounds alone.

6   **REQUEST FOR PRODUCTION NO. 139:**

7            If you contend that BRATZ or BRATZ INTELLECTUAL PROPERTY
8   was copied from, derived from or infringes "Diva Starz," all DOCUMENTS
9   evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or
10  relating to the similarities or differences between BRATZ and BRATZ
11  INTELLECTUAL PROPERTY on the one hand and "Diva Starz" on the other.

12  **RESPONSE TO REQUEST NO. 139:**

13           In addition to the general objections stated above, which are
14  incorporated herein by reference, Mattel objects to this Request on the grounds on
15  the grounds that it is unreasonably burdensome and premature in that the facts
16  necessary to determine whether documents in Mattel's possession, custody and
17  control are responsive to this Request are within the knowledge of defendants and
18  third parties associated with defendants, and are not known to Mattel because of
19  defendants' refusals to produce basic discovery.   Mattel further objects to this
20  Request on the grounds that it calls for the disclosure of information subject to the
21  attorney-client privilege, the attorney work-product doctrine and other applicable
22  privileges.

23

24

---

25  [1624]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [1625]   See Webster Dec. at p. 1-5.

28

1          Mattel further objects to this Request on the grounds that it is
2 improperly phrased as a legal contention.  Mattel further objects to this Request on
3 the grounds that the terms "Bratz" and "Bratz Intellectual Property" are vague and
4 ambiguous.

5 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
6 **TO SHOULD BE COMPELLED**

7          Mattel has not agreed to produce documents in response to this request,
8 subject to its improper boilerplate objections.  Mattel has refused to confirm whether
9 or not it has produced all non-privileged responsive documents or whether it is
10 withholding documents based on its objections in Phase 2.  Under the Federal Rules
11 of Civil Procedure, "an objection to part of a request must specify the part and
12 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
13 fail to explain the basis for an objection with specificity are routinely rejected in the
14 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
15 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
16 harassing' are improper – especially when a party fails to submit any evidentiary
17 declarations supporting such objections").  Accordingly, Mattel must be compelled
18 either to certify that it has produced all non-privileged responsive documents or to
19 produce all such documents by a date certain.

20          To the extent that Mattel is relying on its blanket objections, they are
21 not sustainable and do not justify Mattel's failure to produce documents.

22          As to overbreadth, Mattel provides no explanation, let alone the
23 required particularity, as to **why** this request is supposedly overly broad, nor can it
24 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
25 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the
26 event that Mattel contends that MGA's BRATZ or BRATZ Intellectual Property was
27 derived from or infringes Mattel's' "Diva Starz" line, the request is narrowly tailored
28

-957-

1  to seek all documents relating to the similarities or differences between MGA's
2  BRATZ Intellectual property and Mattel's "Diva Starz."

3          As to burden, Mattel has not attempted to demonstrate why responding
4  to this request and/or producing responsive documents presents any burden.  This
5  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
6  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
7  request is unduly burdensome must allege specific facts which indicate the nature
8  and extent of the burden, usually by affidavit or other reliable evidence.")
9  Moreover, it is not unduly burdensome, as noted above, in that the request is
10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
11  has engaged in a broad variety of unfair trade practices including serial copying of
12  MGA products.

13          This request does not seek documents protected by the attorney-client
14  privilege, the attorney work product doctrine, or other applicable privileges.  To the
15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16          As to relevancy, Mattel has not attempted to make any objections.  It
17  therefore concedes relevance.  MGA is entitled to all documents on the issue, and
18  not just those that Mattel chooses to produce in support of its claims.

19          Mattel objects that the request contains confidential, proprietary, and
20  trade secret information.  A Protective Order exists in this case, obviating any
21  concern as to protection of privacy rights and/or commercially sensitive
22  information.

23          None of Mattel's improper objections are valid and Mattel is obligated
24  to produce all non-privileged responsive documents in its possession, custody, or
25  control.

26  **MATTEL'S RESPONSE:**

27          The Request is absurdly overbroad.  Seeking the universe of all
28  documents, evidencing, detailing, discussing, describing, depicting, mentioning,

1   referring to, or relating to the similarities or differences between Bratz and My
2   Scene styling head is plainly not narrowly tailored to seek information relevant to
3   Phase 2.  This includes every document that refers or relates to any feature of either
4   My Scene or Bratz.  The prior Discovery Master already found such requests to be
5   improper.[1626]   The vast majority of these documents would have no possible
6   relevance to any claims or defenses in Phase 2.

7            Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
8   that a Court should limit the extent of discovery if it determines that the burden of
9   the proposed discovery outweighs its likely benefit; the discovery sought is
10  unreasonably cumulative or duplicative, or is obtainable from some other source that
11  is more convenient, less burdensome, or less expensive; or the party seeking
12  discovery has had ample opportunity by discovery in the action to obtain the
13  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
14  producing the documents responsive to this overbroad Request would greatly
15  outweigh any marginal benefit to MGA, for the following reasons.

16
17
18
19
20
21
22
23
24  _____
25  [1626]   See Order Granting in Part and Denying in Part MGA's Motion to Compel,
26  dated May 22, 2007, Dart Dec., Exh. 5, at 18.
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

00505.07975/3161896.1
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



7    Mattel also properly reserved its right to supplement its production
8  subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated
9  Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining
10  objections to interrogatory because "[t]o the extent that the theories of damages
11  applicable to these claims may be related to the damages sought by plaintiff's fourth
12  claim, the interrogatory is premature").  Ziemack v. Centel Corp., 1995 WL 729295,
13  at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses
14  but noting that "this Court does not expect Plaintiffs to address the issues that will
15  be more appropriately dealt with by experts, at a later date" and "since experts have
16  not been either retained or deposed, much of the remaining discovery is also
17  premature.").

18    There is no basis for overruling Mattel's privilege objection.  MGA's
19  bald assertion that "[t]his request does not seek information protected by the
20  attorney-client privilege, the attorney work product doctrine, or other applicable
21  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
22  agreed that "all privileged documents would be logged except for documents created



00505.07975/3161896.1
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   after this action was filed on April 27, 2004."[1639]   Thus, to the extent privileged

2   documents fall within the post lawsuit time period, they need not be included on

3   Mattel's log.   Although it bears the burden of showing why this agreement should

4   not be applied to a given Request, MGA fails to do so.

5           Finally, MGA failed to meet and confer at all, much less in good faith,

6   regarding this Request prior to filing its Motion.   See Phase 2 Discovery Master

7   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8   the moving party shall first identify each dispute, state the relief sought and identify

9   the authority supporting the requested relief in a meet and confer letter that shall be

10   served on all parties by facsimile or electronic mail. The parties shall have five court

11   days from the date of service of that letter to conduct an in-person conference to

12   attempt to resolve the dispute.").   In order to engage in a meaningful meet and

13   confer, MGA had the burden to show the relevance of any requests it sought to

14   move on.[1640]   At no point during the meet and confer process did MGA show why

15   this Request could be considered relevant to Phase 2 issues.[1641]   Because MGA

16   refused to even attempt to make this showing, there was no possibility of a good

17   faith meet and confer to resolve the parties' disputes. The Discovery Master should

18   deny MGA's motion with respect to this Request on that grounds alone.

19

20

21

22

---

23   [1639]  See Order Denying Mattel's Motion for Protective Order Limiting the

24   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.

25   3.
    [1640]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26   moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27   Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [1641]  See Webster Dec. at p. 1-5.

28

**REQUEST FOR PRODUCTION NO. 140:**

All DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the conception, creation, design and development of the "Flavas" idea, concept or products.

**RESPONSE TO REQUEST NO. 140:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for information that is not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 | either to certify that it has produced all non-privileged responsive documents or to
2 | produce all such documents by a date certain.

3 | To the extent that Mattel is relying on its blanket objections, they are
4 | not sustainable and do not justify Mattel's failure to produce documents.

5 | As to overbreadth, Mattel provides no explanation, let alone the
6 | required particularity, as to *why* this request is supposedly overly broad, nor can it
7 | do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9 | contrary, the request is narrowly tailored to seek documents that sufficiently name
10 | or identify individuals who were involved in any way with the conception, creation,
11 | design and development of Mattel's "Flavas" idea, concept or products.

12 | As to burden, Mattel has not attempted to demonstrate why responding
13 | to this request and/or producing responsive documents presents any burden. This
14 | objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
15 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
16 | request is unduly burdensome must allege specific facts which indicate the nature
17 | and extent of the burden, usually by affidavit or other reliable evidence.")
18 | Moreover, it is not unduly burdensome, as noted above, in that the request is
19 | narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
20 | has engaged in a broad variety of unfair trade practices including serial copying of
21 | MGA products.

22 | This request does not seek documents protected by the attorney-client
23 | privilege, the attorney work product doctrine, or other applicable privileges. To the
24 | extent that Mattel contends that it does, Mattel must provide a privilege log.

25 | As to relevancy, Mattel has not attempted to demonstrate why the
26 | responsive documents are irrelevant to the current action. On the contrary, MGA
27 | has alleged that Mattel is engaged in copying of MGA products, packaging, themes
28 | and advertising. "Flavas" is an example of one such product line. A request to seek

1  documents that sufficiently name or identify individuals who were involved in any
2  way with the conception, creation, design and development of Mattel's "Flavas"
3  idea, concept or products is therefore relevant to this action and MGA's claim.
4  Further, "Flavas" alleged lack of success is also relevant to Mattel's decision of
5  copying other respects of the MGA's products.

6          Mattel objects that the request contains confidential, proprietary, and
7  trade secret information.   A Protective Order exists in this case, obviating any
8  concern as to protection of privacy rights and/or commercially sensitive
9  information.

10         None of Mattel's improper objections are valid and Mattel is obligated
11 to produce all non-privileged responsive documents in its possession, custody, or
12 control.                                                                          .

13 **MATTEL'S RESPONSE:**

14         MGA fails to articulate a basis for Phase 2 relevance for this Request.
15 Inasmuch as the ownership of the intellectual property comprising of the Bratz dolls,
16 prior rulings in this case have already established that Mattel owns that intellectual
17 property.  Inasmuch as MGA merely seeks discovery in order to upend these rulings
18 in Phase 2, the Request is clearly irrelevant.

19         MGA must establish that its discovery meets the relevance
20 requirements of Rule 26(b)(1), which clearly states that discovery must be
21 "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
22 not sufficiently explained how all documents relating to the "Bratz Concept" are
23 relevant to Phase 2 issues.  "A trial court has a duty, of special significance in
24 lengthy and complex cases where the possibility of abuse is always present, to
25 supervise and limit discovery to protect parties and witnesses from annoyance and
26 excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
27 also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
28 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

1  1859, *1 (N.D. Ill. 1983) (same).   As the previous Discovery Master has held, a

2  party may not propound document requests as part of a fishing expedition or to

3  discover new claims.  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)

4  ("District courts need not condone the use of discovery to engage in 'fishing

5  expeditions.'").

6         Additionally, MGA failed to meet and confer in good faith regarding

7  this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,

8  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

9  party shall first identify each dispute, state the relief sought and identify the

10  authority supporting the requested relief in a meet and confer letter that shall be

11  served on all parties by facsimile or electronic mail. The parties shall have five court

12  days from the date of service of that letter to conduct an in-person conference to

13  attempt to resolve the dispute.").  At no point during the meet and confer process did

14  MGA articulate a valid basis for which this Request could be considered relevant to

15  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

16  simply not true; MGA never initiated any dialogue about this Request or Mattel's

17  response in the first place.  The Discovery Master should deny MGA's motion with

18  respect to this Request on that grounds alone.

19         The motion is also moot.  As MGA has admitted in correspondence

20  going back to 2007[1642], Mattel has produced and continues to produce documents

21  that are responsive to this Request.   As to the actual production of relevant

22  documents, there is no dispute and indeed had been no dispute for years, as MGA

23  well knows, and this issue could have been resolved without motion practice if

24  MGA had completed the meet and confer process in good faith.

---

[1642]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
Dart Dec., Exh. 43.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1        The Request is also entirely duplicative of prior discovery served by
2 Carter Bryant as well as subsequent discovery served by MGA. Mattel has
3 produced documents in response to countless requests for production seeking
4 information related to My Scene. MGA's claim, at this stage of the litigation, that
5 there remain unproduced relevant materials on this subject in Mattel's possession is
6 not credible. In fact, over *two years ago* MGA wrote a letter admitting that this set
7 of requests was duplicative and that Mattel had produced relevant documents in
8 response.[1643]

9        There is no basis for overruling Mattel's privilege objection. MGA's
10 bald assertion that "this request does not seek information protected by the attorney-
11 client privilege, the attorney work product doctrine, or any other applicable
12 privilege" has no merit. Documents responsive to this Request could very well be
13 subject to a claim of privilege or work product protection. Despite MGA's claim to
14 the contrary, Mattel has produced a privilege log in this action. Moreover, as MGA
15 has itself argued, the parties have agreed that "all privileged documents would be
16 logged except for documents created after this action was filed on April 27, 2004."
17 Thus, to the extent privileged documents fall within the post lawsuit time period,
18 they need not be included on Mattel's log.

19        Further, Mattel maintains reports from numerous third party analysts
20 and third party sources, including retail sales reports that track doll sales across the
21 entire industry, newspaper and magazine articles, commercials and advertisements.
22 One example is NPD, which provides retail sales data on Mattel's products as well
23 as on thousands of other products in the toy industry. Hundreds of employees at
24 Mattel in the U.S. have access to and make decisions based on that data, or have
25
26
27   [1643] <u>See</u> Id.
28

-968-

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  sent or received communications that reference the data.[1644]  Mattel would have to
2  search through each of these employees' hard copy files and electronically stored
3  information to determine whether their copies of this data, or any related documents
4  that might have been created by Mattel, are responsive.[1645]

5        Finally, MGA takes issue with Mattel imposing any temporal
6  limitations on its production based on the filing of MGA's complaint. ████████
7  ████████████████████████████████████████████████
8  ████████████████████████████████████████████████
9  ████████████████████████████  MGA offers no reason, nor could it
10  consistent with judicial estoppel, why documents post-dating the filing of claims
11  which do not allege continuing wrongdoing are relevant to those claims.

12  **REQUEST FOR PRODUCTION NO. 141:**

13        All DOCUMENTS referring or relating to BRATZ or BRATZ
14  INTELLECTUAL PROPERTY that YOU have given or shown to any person

---

17  [1644]  See Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,
18  Exh. 31.
19  [1645]  Id.

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████  In finding that "there has been
no showing by Mattel that the Subpoenas to the Financing Entities are reasonably
calculated to lead to the discovery of admissible evidence regarding the RICO
counterclaim," the Discovery Master noted that "the RICO counterclaim (like the
other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more
than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came
into existence – and therefore apparently did not encompass the activities or the
transactions which are the subject of the Financing Discovery."  Discovery Matter
Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

1   working on or involved in the conception, creation, design or development of
2   "Flavas".

3   **RESPONSE TO REQUEST NO. 141:**

4           In addition to the general objections stated above, which are
5   incorporated herein by reference, Mattel objects to this Request on the grounds that
6   such discovery from Mattel is overbroad, unduly burdensome, oppressive and not
7   likely to the lead to the discovery of admissible evidence in that Mattel's actions in
8   relation to "Bratz" are not at issue in this action and are irrelevant to the claims and
9   defenses in this suit. Rather, at issue are the actions of defendants and third parties
10  associated with defendants in connection with the projects that defendant Bryant
11  worked on with defendant MGA, which is information known to and within the
12  possession, custody and control of defendants and their associated third parties, not
13  Mattel. Mattel further objects to this Request on the grounds that it calls for the
14  disclosure of information subject to the attorney-client privilege, the attorney work-
15  product doctrine and other applicable privileges. Mattel further objects to this
16  Request as vague and ambiguous, including without limitation the terms "Bratz" and
17  "Bratz Intellectual Property." Mattel further objects to this Request on the grounds
18  that it seeks confidential, proprietary and trade secret information that has no
19  bearing on the claims or defenses in this case.

20  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
21  **TO SHOULD BE COMPELLED**

22          Mattel has not agreed to produce documents in response to this request,
23  subject to its improper boilerplate objections. Mattel has refused to confirm whether
24  or not it has produced all non-privileged responsive documents or whether it is
25  withholding documents based on its objections in Phase 2. Under the Federal Rules
26  of Civil Procedure, "an objection to part of a request must specify the part and
27  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that
28  fail to explain the basis for an objection with specificity are routinely rejected in the

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
2  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
3  harassing' are improper – especially when a party fails to submit any evidentiary
4  declarations supporting such objections").  Accordingly, Mattel must be compelled
5  either to certify that it has produced all non-privileged responsive documents or to
6  produce all such documents by a date certain.

7         To the extent that Mattel is relying on its blanket objections, they are
8  not sustainable and do not justify Mattel's failure to produce documents.

9         As to overbreadth, Mattel provides no explanation, let alone the
10 required particularity, as to *why* this request is supposedly overly broad, nor can it
11 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
12 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
13 contrary, the request is narrowly tailored to seek documents related to MGA's
14 BRATZ or BRATZ Intellectual Property that Mattel gave or showed to any person
15 involved in the conception, creation, design and development of Mattel's "Flavas"
16 line.

17        As to burden, Mattel has not attempted to demonstrate why responding
18 to this request and/or producing responsive documents presents any burden.  This
19 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
20 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
21 request is unduly burdensome must allege specific facts which indicate the nature
22 and extent of the burden, usually by affidavit or other reliable evidence.")
23 Moreover, it is not unduly burdensome, as noted above, in that the request is
24 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
25 has engaged in a broad variety of unfair trade practices including serial copying of
26 MGA products.

27

28

1       This request does not seek documents protected by the attorney-client

2 privilege, the attorney work product doctrine, or other applicable privileges. To the

3 extent that Mattel contends that it does, Mattel must provide a privilege log.

4       As to relevancy, Mattel has not attempted to demonstrate why the

5 responsive documents are irrelevant to the current action. On the contrary, MGA

6 has alleged that Mattel is engaged in copying of MGA products, packaging, themes

7 and advertising. "Flavas" is an example of one such product line. A request to seek

8 documents related to MGA's BRATZ or BRATZ Intellectual Property that Mattel

9 gave or showed to any person involved in the conception, creation, design and

10 development of Mattel's "Flavas" line is therefore relevant to this action and MGA's

11 claim. Further, "Flavas" alleged lack of success is also relevant to Mattel's decision

12 of copying other respects of the MGA's products.

13       Mattel objects that the request contains confidential, proprietary, and

14 trade secret information. A Protective Order exists in this case, obviating any

15 concern as to protection of privacy rights and/or commercially sensitive

16 information.

17       None of Mattel's improper objections are valid and Mattel is obligated

18 to produce all non-privileged responsive documents in its possession, custody, or

19 control.

20 **MATTEL'S RESPONSE:**

21       The Request is entirely duplicative of prior discovery served by Carter

22 Bryant and subsequent discovery served by MGA. █████████████████

23 ██████████████████████████████████████████████

24 ████████████████████████████████ MGA's claim, at

25 this stage of the litigation, that there remain unproduced relevant materials on this

26

27

28

1  subject in Mattel's possession is not credible.  In fact, over *two years ago* MGA

2  wrote a letter admitting that this set of requests was duplicative and that Mattel had

3  produced relevant documents in response.[1648]

4         Additionally, MGA failed to meet and confer in good faith regarding

5  this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,

6  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

7  party shall first identify each dispute, state the relief sought and identify the

8  authority supporting the requested relief in a meet and confer letter that shall be

9  served on all parties by facsimile or electronic mail. The parties shall have five court

10 days from the date of service of that letter to conduct an in-person conference to

11 attempt to resolve the dispute.").  At no point during the meet and confer process did

12 MGA articulate a valid basis for which this Request could be considered relevant to

13 Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

14 simply not true; MGA never initiated any dialogue about this Request or Mattel's

15 response in the first place.  The Discovery Master should deny MGA's motion with

16 respect to this Request on that grounds alone.

17        The motion is also moot.  As MGA has admitted in correspondence

18 going back to 2007[1649], Mattel has produced and continues to produce documents

19 that are responsive to this Request.  As to the actual production of relevant

20 documents, there is no dispute and indeed had been no dispute for years, as MGA

21 well knows, and this issue could have been resolved without motion practice if

22 MGA had completed the meet and confer process in good faith.

23 ─────────────────

24 

25 [1648]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

26 Dart Dec., Exh. 43.

27 [1649]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

Dart Dec., Exh. 43.

28

1      MGA's Request for all documents relating to BRATZ or BRATZ
2  intellectual property ever shared with any Mattel personnel working on Flavas
3  reaches a broad range of irrelevant materials and materials covered by the attorney-
4  client privilege and the attorney work product without limitation as to time, scope,
5  or source.   MGA and Mattel are large multinational corporations and direct
6  competitors; accordingly, each company will have generated a huge range of
7  documents "relating to" the other, the vast majority of which are completely
8  irrelevant to the Phase 2 claims.

9      MGA must establish that its discovery meets the relevance
10  requirements of Rule 26(b)(1), which clearly states that discovery must be
11  "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
12  not sufficiently explained how all documents relating to Bratz intellectual property
13  are related to Phase 2 issues.  "A trial court has a duty, of special significance in
14  lengthy and complex cases where the possibility of abuse is always present, to
15  supervise and limit discovery to protect parties and witnesses from annoyance and
16  excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
17  also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
18  n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
19  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
20  party may not propound document requests as part of a fishing expedition or to
21  discover new claims.  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)
22  ("District courts need not condone the use of discovery to engage in 'fishing
23  expeditions.'").

24      Further, prior Orders entered in this case -- at MGA's urging -- make
25  very clear that a Request that seeks all documents relating to such a wide and
26  amorphous category as "Bratz Intellectual Property" is overbroad and improper.  As
27  the prior Discovery Master held in denying a motion to compel on what was a less
28  expansively worded Request, "this category of requests is clearly overbroad,

requiring production of documents that merely mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they have anything to do with the claims or defenses in this case."[1650]   Similarly, the prior Discovery Master has denied motions to compel on Requests for "documents referring or relating to MGA's business dealings, without specifying any products or other subject matter limitations" because such Requests are grossly overbroad.[1651]

There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege" has no merit.  Documents responsive to this Request could very well be subject to a claim of privilege or work product protection.  Despite MGA's claim to the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

[1650]   See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5.
[1651]   Id.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



Finally, MGA takes issue with Mattel imposing any temporal limitations on its production based on the filing of MGA's complaint. ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮ MGA offers no reason, nor could it consistent with judicial estoppel, why documents post-dating the filing of claims which do not allege continuing wrongdoing are relevant to those claims. MGA offers no reason, nor could it consistent with judicial estoppel, why documents post-

In finding that "there has been no showing by Mattel that the Subpoenas to the Financing Entities are reasonably calculated to lead to the discovery of admissible evidence regarding the RICO counterclaim," the Discovery Master noted that "the RICO counterclaim (like the other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came into existence – and therefore apparently did not encompass the activities or the transactions which are the subject of the Financing Discovery." Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

1  dating the filing of claims which do not allege continuing wrongdoing are relevant
2  to those claims.

3  **REQUEST FOR PRODUCTION NO. 142:**

4      If YOU contend that BRATZ has impacted or affected YOUR sales,
5  profits or revenue from "Flavas" as part of YOUR damages in this case, all
6  DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring,
7  relating to or calculating that impact or affect.

8  **RESPONSE TO REQUEST NO. 142:**

9      In addition to the general objections stated above, which are
10  incorporated herein by reference, Mattel objects to this Request on the grounds that
11  it is unreasonably burdensome and premature in that the facts necessary to
12  determine the full nature and extent of Mattel's damages from defendant's acts or
13  omissions are known by defendants and third parties associated with defendants, but
14  are not known by Mattel at this juncture because of defendants' refusals to produce
15  basic discovery.  Mattel further objects to this Request on the grounds that it calls
16  for the disclosure of information subject to the attorney-client privilege, the attorney
17  work-product doctrine and other applicable privileges.  Mattel further objects to this
18  Request on the grounds that it is improperly phrased as a legal contention.

19  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
20  **TO SHOULD BE COMPELLED**

21      Mattel has not agreed to produce documents in response to this request,
22  subject to its improper boilerplate objections.  Mattel has refused to confirm whether
23  or not it has produced all non-privileged responsive documents or whether it is
24  withholding documents based on its objections in Phase 2.  Under the Federal Rules
25  of Civil Procedure, "an objection to part of a request must specify the part and
26  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
27  fail to explain the basis for an objection with specificity are routinely rejected in the
28  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

1 | (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
2 | harassing' are improper – especially when a party fails to submit any evidentiary
3 | declarations supporting such objections").  Accordingly, Mattel must be compelled
4 | either to certify that it has produced all non-privileged responsive documents or to
5 | produce all such documents by a date certain.

6 |          To the extent that Mattel is relying on its blanket objections, they are
7 | not sustainable and do not justify Mattel's failure to produce documents.

8 |          As to overbreadth, Mattel provides no explanation, let alone the
9 | required particularity, as to *why* this request is supposedly overly broad, nor can it
10 | do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
11 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the
12 | event that Mattel contends that MGA's BRATZ impacted or affected its sales,
13 | profits or revenue from its "Flavas" line as part of Mattel's damage claims, the
14 | request is narrowly tailored to seek all documents related to or calculating that
15 | impact or affect.

16 |          As to burden, Mattel has not attempted to demonstrate why responding
17 | to this request and/or producing responsive documents presents any burden.  This
18 | objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
19 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
20 | request is unduly burdensome must allege specific facts which indicate the nature
21 | and extent of the burden, usually by affidavit or other reliable evidence.")
22 | Moreover, it is not unduly burdensome, as noted above, in that the request is
23 | narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
24 | has engaged in a broad variety of unfair trade practices including serial copying of
25 | MGA products.

26 |          This request does not seek documents protected by the attorney-client
27 | privilege, the attorney work product doctrine, or other applicable privileges.  To the
28 | extent that Mattel contends that it does, Mattel must provide a privilege log.

1   As to relevancy, Mattel has not attempted to make any objections.  It
2   therefore concedes relevance.  MGA is entitled to all documents on the issue, and
3   not just those that Mattel chooses to produce in support of its claims.

4   Mattel objects that the request contains confidential, proprietary, and
5   trade secret information.  A Protective Order exists in this case, obviating any
6   concern as to protection of privacy rights and/or commercially sensitive
7   information.

8   None of Mattel's improper objections are valid and Mattel is obligated
9   to produce all non-privileged responsive documents in its possession, custody, or
10  control.

11  **MATTEL'S RESPONSE:**

12  The Request is overbroad.  Seeking the universe of <u>all</u> documents
13  evidencing, demonstrating, discussing, mentioning, <u>referring</u>, <u>relating</u> to or
14  caluclating the impact or effect of Bratz on the sales, profits or revenue from My
15  Scene is plainly not narrowly tailored to seek information relevant to Phase 2.

16  Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
17  that a Court should limit the extent of discovery if it determines that the burden of
18  the proposed discovery outweighs its likely benefit; the discovery sought is
19  unreasonably cumulative or duplicative, or is obtainable from some other source that
20  is more convenient, less burdensome, or less expensive; or the party seeking
21  discovery has had ample opportunity by discovery in the action to obtain the
22  information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and
23  producing the documents responsive to this overbroad Request would greatly
24  outweigh any marginal benefit to MGA, for the following reasons.

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



13        Mattel also properly reserved its right to supplement its production

14 subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated

15 Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

16 objections to interrogatory because "[t]o the extent that the theories of damages

17 applicable to these claims may be related to the damages sought by plaintiff's fourth

18 claim, the interrogatory is premature").  Ziemack v. Centel Corp., 1995 WL 729295,

19 at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

20 but noting that "this Court does not expect Plaintiffs to address the issues that will

21 be more appropriately dealt with by experts, at a later date" and "since experts have



00505.07975/3161896.1

1   not been either retained or deposed, much of the remaining discovery is also
2   premature.").

3          There is no basis for overruling Mattel's privilege objection.  MGA's
4   bald assertion that "[t]his request does not seek information protected by the
5   attorney-client privilege, the attorney work product doctrine, or other applicable
6   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
7   agreed that "all privileged documents would be logged except for documents created
8   after this action was filed on April 27, 2004."[1677]  Thus, to the extent privileged
9   documents fall within the post lawsuit time period, they need not be included on
10  Mattel's log.  Although it bears the burden of showing why this agreement should
11  not be applied to a given Request, MGA fails to do so.

12         Finally, MGA failed to meet and confer at all, much less in good faith,
13  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
14  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
15  the moving party shall first identify each dispute, state the relief sought and identify
16  the authority supporting the requested relief in a meet and confer letter that shall be
17  served on all parties by facsimile or electronic mail. The parties shall have five court
18  days from the date of service of that letter to conduct an in-person conference to
19  attempt to resolve the dispute.").   In order to engage in a meaningful meet and
20  confer, MGA had the burden to show the relevance of any requests it sought to
21  move on.[1678]   At no point during the meet and confer process did MGA show why

22

23

---

24  [1677]   See Order Denying Mattel's Motion for Protective Order Limiting the
25  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.
26  [1678]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
27  moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  this Request could be considered relevant to Phase 2 issues.[1679]  Because MGA
2  refused to even attempt to make this showing, there was no possibility of a good
3  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
4  deny MGA's motion with respect to this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 143:**

6          If YOU contend that BRATZ has impacted or affected YOUR sales,
7  profits or revenue from "Flavas" as part of YOUR damages in this case, all
8  DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or
9  relating to "Flavas" including, without limitation, its creation, design, development,
10  sales and marketing and all MARKET RESEARCH and all sales and market
11  analyses referring or relating to "Flavas".

12  **RESPONSE TO REQUEST NO. 143:**

13          In addition to the general objections stated above, which are
14  incorporated herein by reference, Mattel objects to this Request on the grounds that
15  it is unreasonably burdensome and premature in that the facts necessary to
16  determine the full nature and extent of Mattel's damages from defendant's acts or
17  omissions are known by defendants and third parties associated with defendants, but
18  are not known by Mattel at this juncture because of defendants' refusals to produce
19  basic discovery.  Mattel further objects to this Request as overbroad, unduly
20  burdensome and oppressive in that it seeks "all" documents in Mattel's possession,
21  custody and control on this broad subject.  Mattel further objects to this Request on
22  the grounds that it calls for the disclosure of information subject to the attorney-
23  client privilege, the attorney work-product doctrine and other applicable privileges.
24  Mattel further objects to this Request on the grounds that it is improperly phrased as
25  a legal contention.  Mattel further objects to this Request on the grounds that it seeks

26

27  [1679]  See Webster Dec. at p. 1-5.

28

1  confidential, proprietary and trade secret information, such as current and future
2  Mattel marketing and pricing plans and strategies, that has no bearing on the claims
3  or defenses in this case.

4  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
5  **TO SHOULD BE COMPELLED**

6          Mattel has not agreed to produce documents in response to this request,
7  subject to its improper boilerplate objections. Mattel has refused to confirm whether
8  or not it has produced all non-privileged responsive documents or whether it is
9  withholding documents based on its objections in Phase 2. Under the Federal Rules
10 of Civil Procedure, "an objection to part of a request must specify the part and
11 permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that
12 fail to explain the basis for an objection with specificity are routinely rejected in the
13 Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
14 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
15 harassing' are improper – especially when a party fails to submit any evidentiary
16 declarations supporting such objections"). Accordingly, Mattel must be compelled
17 either to certify that it has produced all non-privileged responsive documents or to
18 produce all such documents by a date certain.

19         To the extent that Mattel is relying on its blanket objections, they are
20 not sustainable and do not justify Mattel's failure to produce documents.

21         As to overbreadth, Mattel provides no explanation, let alone the
22 required particularity, as to *why* this request is supposedly overly broad, nor can it
23 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
24 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. In the
25 event that Mattel contends that MGA's BRATZ impacted or affected its sales,
26 profits or revenue from its "Flavas" line as part of Mattel's damage claims, the
27 request is narrowly tailored to seek all documents related to "Flavas" such as, its
28 creation, design, development, sales, market research, analyses etc.

1    As to burden, Mattel has not attempted to demonstrate why responding

2  to this request and/or producing responsive documents presents any burden.   This

3  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>,

4  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.")

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9  has engaged in a broad variety of unfair trade practices including serial copying of

10  MGA products.

11    This request does not seek documents protected by the attorney-client

12  privilege, the attorney work product doctrine, or other applicable privileges.  To the

13  extent that Mattel contends that it does, Mattel must provide a privilege log.

14    As to relevancy, Mattel has not attempted to make any objections.   It

15  therefore concedes relevance.  MGA is entitled to all documents on the issue, and

16  not just those that Mattel chooses to produce in support of its claims.

17    Mattel objects that the request contains confidential, proprietary, and

18  trade secret information.   A Protective Order exists in this case, obviating any

19  concern as to protection of privacy rights and/or commercially sensitive

20  information.

21    None of Mattel's improper objections are valid and Mattel is obligated

22  to produce all non-privileged responsive documents in its possession, custody, or

23  control.

24  **<u>MATTEL'S RESPONSE:</u>**

25    The Request is absurdly overbroad.   Seeking the universe of <u>all</u>

26  documents evidencing, demonstrating, discussing, mentioning, <u>referring</u>, or <u>relating</u>

27  to Flavas, including design, development, sales, and market research is plainly not

28  narrowly tailored to seek information relevant to Phase 2.   The vast majority of

1  these documents would have no possible relevance to any claims or defenses in
2  Phase 2.   The prior Discovery Master already found such requests to be
3  improper.[1680]

4        Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
5  that a Court should limit the extent of discovery if it determines that the burden of
6  the proposed discovery outweighs its likely benefit; the discovery sought is
7  unreasonably cumulative or duplicative, or is obtainable from some other source that
8  is more convenient, less burdensome, or less expensive; or the party seeking
9  discovery has had ample opportunity by discovery in the action to obtain the
10 information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
11 producing the documents responsive to this overbroad Request would greatly
12 outweigh any marginal benefit to MGA, for the following reasons.

13–21 [REDACTED]

22
23  [1680]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,
24  dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of
25  requests is clearly overbroad, requiring production of documents that merely
26  mention MGA, Larian, Bratz or other MGA products, regardless of whether or not
    they have anything to do with the claims or defenses in this case.").
27  [REDACTED]
28

00505.07975/3161896.1



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



13    Simply put, <u>any employee at Mattel might potentially have documents</u>

14  that are responsive to this Request.  To locate all such documents would take years,

15  cost millions of dollars, and seriously interfere with the operation of Mattel's

16  business.[1690]  Such efforts -- including searches of Mattel's servers, its employees'

17  computer workstations, hard copy files, computer disks, and video files -- would be

18  in addition to the cost of attorney review of the materials before they are produced

19  in litigation.  Many documents created in the course of Mattel's business are also

20  subject to attorney-client privilege because they involve intellectual property such as

21  patents, copyrights, and trademarks.  And many documents are highly sensitive and

22  must be reviewed and appropriately designated under the Protective Order in this

23  case.

The burden and expense described above is multiplied several times over if Mattel were required to search the files for information about a particular product in the possession of its worldwide subsidiaries.[1691] The burden of searching for such documents from all of these employees is virtually incalculable.[1692]

Mattel also properly reserved its right to supplement its production subject to expert discovery. See New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a later date" and "since experts have not been either retained or deposed, much of the remaining discovery is also premature.").

There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created

---

[1690]   Declaration of Lori Pantel, dated August 6, 2009, at ¶ 11, Dart Dec., Exh. 31..

[1691]   Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec., Exh. 31.

[1692]   Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec., Exh. 31.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  after this action was filed on April 27, 2004."[1693]   Thus, to the extent privileged
2  documents fall within the post lawsuit time period, they need not be included on
3  Mattel's log.  Although it bears the burden of showing why this agreement should
4  not be applied to a given Request, MGA fails to do so.

5          Finally, MGA failed to meet and confer at all, much less in good faith,
6  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
7  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
8  the moving party shall first identify each dispute, state the relief sought and identify
9  the authority supporting the requested relief in a meet and confer letter that shall be
10  served on all parties by facsimile or electronic mail. The parties shall have five court
11  days from the date of service of that letter to conduct an in-person conference to
12  attempt to resolve the dispute.").   In order to engage in a meaningful meet and
13  confer, MGA had the burden to show the relevance of any requests it sought to
14  move on.[1694]   At no point during the meet and confer process did MGA show why
15  this Request could be considered relevant to Phase 2 issues.[1695]   Because MGA
16  refused to even attempt to make this showing, there was no possibility of a good
17  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
18  deny MGA's motion with respect to this Request on that grounds alone.

19  **REQUEST FOR PRODUCTION NO. 144:**

20          If YOU contend that BRATZ has impacted or affected YOUR sales,
21  profits or revenue from "Flavas" as part of YOUR damages in this case, all
22

23  [1693]   See Order Denying Mattel's Motion for Protective Order Limiting the
24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
25  3.
    [1694]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [1695]   See Webster Dec. at p. 1-5.
28

1   DOCUMENTS, including MARKET RESEARCH, referring or relating to, or

2   influencing Mattel's decision to create, design or develop "Flavas" including,

3   without limitation, the reasons for and factors influencing its decision.

4   **RESPONSE TO REQUEST NO. 144:**

5          In addition to the general objections stated above, which are

6   incorporated herein by reference, Mattel objects to this Request on the grounds that

7   it is unreasonably burdensome and premature in that the facts necessary to

8   determine the full nature and extent of Mattel's damages from defendant's acts or

9   omissions are known by defendants and third parties associated with defendants, but

10  are not known by Mattel at this juncture because of defendants' refusals to produce

11  basic discovery.   Mattel further objects to this Request as overbroad, unduly

12  burdensome and oppressive in that it seeks "all" documents in Mattel's possession,

13  custody and control on this broad subject.  Mattel further objects to this Request on

14  the grounds that it calls for the disclosure of information subject to the attorney-

15  client privilege, the attorney work-product doctrine and other applicable privileges.

16  Mattel further objects to this Request on the grounds that it is improperly phrased as

17  a legal contention. Mattel further objects to this Request on the grounds that it seeks

18  confidential, proprietary and trade secret information, such as current and future

19  Mattel marketing and pricing plans and strategies, that has no bearing on the claims

20  or defenses in this case.

21  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

22  **TO SHOULD BE COMPELLED**

23         Mattel has not agreed to produce documents in response to this request,

24  subject to its improper boilerplate objections. Mattel has refused to confirm whether

25  or not it has produced all non-privileged responsive documents or whether it is

26  withholding documents based on its objections in Phase 2.  Under the Federal Rules

27  of Civil Procedure, "an objection to part of a request must specify the part and

28  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

1   fail to explain the basis for an objection with specificity are routinely rejected in the

2   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

3   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

4   harassing' are improper – especially when a party fails to submit any evidentiary

5   declarations supporting such objections").  Accordingly, Mattel must be compelled

6   either to certify that it has produced all non-privileged responsive documents or to

7   produce all such documents by a date certain.

8          To the extent that Mattel is relying on its blanket objections, they are

9   not sustainable and do not justify Mattel's failure to produce documents.

10         As to overbreadth, Mattel provides no explanation, let alone the

11   required particularity, as to *why* this request is supposedly overly broad, nor can it

12   do so.

13         This objection is therefore improper.  Order No. 17, dated April 14,

14   2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.

15   Ex. 58.  In the event that Mattel contends that MGA's BRATZ impacted or affected

16   its sales, profits or revenue from its "Flavas" line as part of Mattel's damage claims,

17   the request is narrowly tailored to seek all documents related to Mattel's decision to

18   create, design or develop "Flavas" including, without limitation, the reasons for and

19   factors influencing that decision.

20         As to burden, Mattel has not attempted to demonstrate why responding

21   to this request and/or producing responsive documents presents any burden.  This

22   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

23   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24   request is unduly burdensome must allege specific facts which indicate the nature

25   and extent of the burden, usually by affidavit or other reliable evidence.")

26   Moreover, it is not unduly burdensome, as noted above, in that the request is

27   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28

1  has engaged in a broad variety of unfair trade practices including serial copying of

2  MGA products.

3          This request does not seek documents protected by the attorney-client

4  privilege, the attorney work product doctrine, or other applicable privileges. To the

5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6          As to relevancy, Mattel has not attempted to make any objections.  It

7  therefore concedes relevance.  MGA is entitled to all documents on the issue, and

8  not just those that Mattel chooses to produce in support of its claims.

9          Mattel objects that the request contains confidential, proprietary, and

10  trade secret information.  A Protective Order exists in this case, obviating any

11  concern  as  to  protection  of  privacy  rights  and/or  commercially  sensitive

12  information.

13          None of Mattel's improper objections are valid and Mattel is obligated

14  to produce all non-privileged responsive documents in its possession, custody, or

15  control.

16  **MATTEL'S RESPONSE:**

17          The  Request  is  absurdly  overbroad.    Seeking  the  universe  of  <u>all</u>

18  documents evidencing, demonstrating, discussing, mentioning, <u>referring</u>, or <u>relating</u>

19  to Flavas, including design, development, sales, and market research is plainly not

20  narrowly tailored to seek information relevant to Phase 2.  The vast majority of

21  these documents would have no possible relevance to any claims or defenses in

22  Phase  2.    The  prior  Discovery  Master  already  found  such  requests  to  be

23  improper.[1696]

24

25

26     [1696]  <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel,

27  dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of

    requests is clearly overbroad, requiring production of documents that merely

28     (footnote continued)

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
2 that a Court should limit the extent of discovery if it determines that the burden of
3 the proposed discovery outweighs its likely benefit; the discovery sought is
4 unreasonably cumulative or duplicative, or is obtainable from some other source that
5 is more convenient, less burdensome, or less expensive; or the party seeking
6 discovery has had ample opportunity by discovery in the action to obtain the
7 information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
8 producing the documents responsive to this overbroad Request would greatly
9 outweigh any marginal benefit to MGA, for the following reasons.



24 mention MGA, Larian, Bratz or other MGA products, regardless of whether or not
25 they have anything to do with the claims or defenses in this case.").



00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ████████████████████████████████████████████

2 ████████████████████████████████

3       Mattel also properly reserved its right to supplement its production

4 subject to expert discovery. See New Haven Temple SDA Church v. Consolidated

5 Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

6 objections to interrogatory because "[t]o the extent that the theories of damages

7 applicable to these claims may be related to the damages sought by plaintiff's fourth

8 claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295,

9 at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

10 but noting that "this Court does not expect Plaintiffs to address the issues that will

11 be more appropriately dealt with by experts, at a later date" and "since experts have

12 not been either retained or deposed, much of the remaining discovery is also

13 premature.").

14       There is no basis for overruling Mattel's privilege objection.  MGA's

15 bald assertion that "[t]his request does not seek information protected by the

16 attorney-client privilege, the attorney work product doctrine, or other applicable

17 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

18 agreed that "all privileged documents would be logged except for documents created

19 after this action was filed on April 27, 2004."[1709]  Thus, to the extent privileged

20 documents fall within the post lawsuit time period, they need not be included on

21

22 ────────────────

23 ████████████████████████████████████

24 ████████████████████████████████████████

25 ████████████████████████████████████████

26 ████████████████████████████████████

27 ████████████████████████████████████████

28

1 | Mattel's log.  Although it bears the burden of showing why this agreement should
2 | not be applied to a given Request, MGA fails to do so.

3 |         Finally, MGA failed to meet and confer at all, much less in good faith,
4 | regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
5 | Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
6 | the moving party shall first identify each dispute, state the relief sought and identify
7 | the authority supporting the requested relief in a meet and confer letter that shall be
8 | served on all parties by facsimile or electronic mail. The parties shall have five court
9 | days from the date of service of that letter to conduct an in-person conference to
10 | attempt to resolve the dispute.").   In order to engage in a meaningful meet and
11 | confer, MGA had the burden to show the relevance of any requests it sought to
12 | move on.[1710]   At no point during the meet and confer process did MGA show why
13 | this Request could be considered relevant to Phase 2 issues.[1711]   Because MGA
14 | refused to even attempt to make this showing, there was no possibility of a good
15 | faith meet and confer to resolve the parties' disputes.  The Discovery Master should
16 | deny MGA's motion with respect to this Request on that grounds alone.

17 | **REQUEST FOR PRODUCTION NO. 145:**

18 |         If YOU contend that BRATZ has impacted or affected YOUR sales,
19 | profits or revenue from "Flavas" as part of YOUR damages in this case, all NPD
20 | DOCUMENTS relied on for press statements and quarterly report relating to
21 | "Flavas".

---

25 | [1710]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 | moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 | Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
  | [1711]   See Webster Dec. at p. 1-5.

**RESPONSE TO REQUEST NO. 145:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request as overbroad and unduly burdensome in that it seeks the disclosure of documents that are equally available to defendants in this litigation.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled

1 either to certify that it has produced all non-privileged responsive documents or to
2 produce all such documents by a date certain.

3        To the extent that Mattel is relying on its blanket objections, they are
4 not sustainable and do not justify Mattel's failure to produce documents.

5        As to overbreadth, Mattel provides no explanation, let alone the
6 required particularity, as to *why* this request is supposedly overly broad, nor can it
7 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. In the
9 event that Mattel contends that MGA's BRATZ impacted or affected its sales,
10 profits or revenue from its "Flavas" line as part of Mattel's damage claims, the
11 request is narrowly tailored to seek all NPD documents that Mattel relied on for
12 press statements and quarterly reports relating to the "Flavas" line.

13        As to burden, Mattel has not attempted to demonstrate why responding
14 to this request and/or producing responsive documents presents any burden. This
15 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
16 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
17 request is unduly burdensome must allege specific facts which indicate the nature
18 and extent of the burden, usually by affidavit or other reliable evidence.")
19 Moreover, it is not unduly burdensome, as noted above, in that the request is
20 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
21 has engaged in a broad variety of unfair trade practices including serial copying of
22 MGA products.

23        This request does not seek documents protected by the attorney-client
24 privilege, the attorney work product doctrine, or other applicable privileges. To the
25 extent that Mattel contends that it does, Mattel must provide a privilege log.

26        As to relevancy, Mattel has not attempted to make any objections. It
27 therefore concedes relevance. MGA is entitled to all documents on the issue, and
28 not just those that Mattel chooses to produce in support of its claims.

1   Mattel objects that the request contains confidential, proprietary, and
2   trade secret information. A Protective Order exists in this case, obviating any
3   concern as to protection of privacy rights and/or commercially sensitive
4   information.

5   None of Mattel's improper objections are valid and Mattel is obligated
6   to produce all non-privileged responsive documents in its possession, custody, or
7   control.

8   **MATTEL'S RESPONSE:**

9   The Request is overbroad. Seeking the universe of <u>all</u> NPD documents
10  "relied on" for press statements and quarterly reports relating to Flavas is plainly not
11  narrowly tailored to seek information relevant to Phase 2. The vast majority of
12  these documents would have no possible relevance to any claims or defenses in
13  Phase 2.

14  Further, this Request is unduly burdensome. <u>Rule</u> 26(b)(2)(c) provides
15  that a Court should limit the extent of discovery if it determines that the burden of
16  the proposed discovery outweighs its likely benefit; the discovery sought is
17  unreasonably cumulative or duplicative, or is obtainable from some other source that
18  is more convenient, less burdensome, or less expensive; or the party seeking
19  discovery has had ample opportunity by discovery in the action to obtain the
20  information sought. <u>See Fed. R. Civ. P.</u> 26(b)(2)(c). The burden of locating and
21  producing the documents responsive to this overbroad Request would greatly
22  outweigh any marginal benefit to MGA, for the following reasons.

23  [REDACTED]
24
25
26
27
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ████████████████████████████████████████

2 ████████████████████████████████████████

3 ████████████████████████████████████████

4 ████████████████████████████████████████

5 ████████████████████████████████

6        Mattel also properly reserved its right to supplement its production

7 subject to expert discovery. <u>See</u> <u>New Haven Temple SDA Church v. Consolidated</u>

8 <u>Edison Corp.</u>, 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

9 objections to interrogatory because "[t]o the extent that the theories of damages

10 applicable to these claims may be related to the damages sought by plaintiff's fourth

11 claim, the interrogatory is premature"). <u>Ziemack v. Centel Corp.</u>, 1995 WL 729295,

12 at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

13 but noting that "this Court does not expect Plaintiffs to address the issues that will

14 be more appropriately dealt with by experts, at a later date" and "since experts have

15 not been either retained or deposed, much of the remaining discovery is also

16 premature.").

17        There is no basis for overruling Mattel's privilege objection.  MGA's

18 bald assertion that "[t]his request does not seek information protected by the

19 attorney-client privilege, the attorney work product doctrine, or other applicable

20 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

21 agreed that "all privileged documents would be logged except for documents created

22 after this action was filed on April 27, 2004."[1714]  Thus, to the extent privileged

23 ────────────

24 ████████████████████████████████████████

25 ███

26 [1714]     <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.

3.

28

1   documents fall within the post lawsuit time period, they need not be included on

2   Mattel's log.  Although it bears the burden of showing why this agreement should

3   not be applied to a given Request, MGA fails to do so.

4          Finally, MGA failed to meet and confer at all, much less in good faith,

5   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

6   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

7   the moving party shall first identify each dispute, state the relief sought and identify

8   the authority supporting the requested relief in a meet and confer letter that shall be

9   served on all parties by facsimile or electronic mail. The parties shall have five court

10  days from the date of service of that letter to conduct an in-person conference to

11  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

12  confer, MGA had the burden to show the relevance of any requests it sought to

13  move on.[1715]   At no point during the meet and confer process did MGA show why

14  this Request could be considered relevant to Phase 2 issues.[1716]  Because MGA

15  refused to even attempt to make this showing, there was no possibility of a good

16  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

17  deny MGA's motion with respect to this Request on that grounds alone.

18  **REQUEST FOR PRODUCTION NO. 146:**

19         If YOU contend that BRATZ has impacted or affected YOUR sales,

20  profits or revenue from "Flavas" as part of YOUR damages in this case, all

21  DOCUMENTS used or referred to in creating and designing "Flavas" including,

22  without limitation, all DOCUMENTS that served as artistic inspiration for any

23  aspect, feature or element of "Flavas".

24

---

25  [1715]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

     [1716]   See Webster Dec. at p. 1-5.

28

**RESPONSE TO REQUEST NO. 146:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery.   Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for information that is not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request as vague and ambiguous.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the

1  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
2  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
3  harassing' are improper – especially when a party fails to submit any evidentiary
4  declarations supporting such objections").  Accordingly, Mattel must be compelled
5  either to certify that it has produced all non-privileged responsive documents or to
6  produce all such documents by a date certain.

7         To the extent that Mattel is relying on its blanket objections, they are
8  not sustainable and do not justify Mattel's failure to produce documents.

9         As to overbreadth, Mattel provides no explanation, let alone the
10 required particularity, as to *why* this request is supposedly overly broad, nor can it
11 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
12 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the
13 event that Mattel contends that MGA's BRATZ impacted or affected its sales,
14 profits or revenue from its "Flavas" line as part of Mattel's damage claims, the
15 request is narrowly tailored to seek all documents used in creating and designing
16 "Flavas."  Such documents may include documents that served as artistic inspiration
17 for any aspect, feature or element of the "Flavas" line.

18        As to burden, Mattel has not attempted to demonstrate why responding
19 to this request and/or producing responsive documents presents any burden.  This
20 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
21 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
22 request is unduly burdensome must allege specific facts which indicate the nature
23 and extent of the burden, usually by affidavit or other reliable evidence.")
24 Moreover, it is not unduly burdensome, as noted above, in that the request is
25 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
26 has engaged in a broad variety of unfair trade practices including serial copying of
27 MGA products.

28

1   This request does not seek documents protected by the attorney-client
2   privilege, the attorney work product doctrine, or other applicable privileges. To the
3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4   As to relevancy, Mattel has not attempted to demonstrate why the
5   responsive documents are irrelevant to the current action. On the contrary, MGA
6   has alleged that Mattel is engaged in copying of MGA products, packaging, themes
7   and advertising. "Flavas" is an example of one such product line. However, in the
8   event that Mattel contends that MGA's BRATZ impacted or affected its sales,
9   profits or revenue from its "Flavas" line as part of Mattel's damage claims, a request
10  to seek all documents used in creating and designing "Flavas" is relevant in this
11  action. Further, "Flavas" alleged lack of success is also relevant to Mattel's decision
12  of copying other respects of the MGA's products.

13  Mattel objects that the request contains confidential, proprietary, and
14  trade secret information. A Protective Order exists in this case, obviating any
15  concern as to protection of privacy rights and/or commercially sensitive
16  information.

17  None of Mattel's improper objections are valid and Mattel is obligated
18  to produce all non-privileged responsive documents in its possession, custody, or
19  control.

20  **MATTEL'S RESPONSE:**

21  The Request is overbroad. Seeking the universe of <u>all</u> DOCUMENTS,
22  "used or referred to" in creating and designing Flavas is plainly not narrowly
23  tailored to seek information relevant to Phase 2. MGA's definition of
24  "DOCUMENTS" includes tangible things and property, which means that to the
25  extent this Request is intelligible it seems to be asking for things like pencils,
26  computers, and desks that were "used" in the creating and designing of Flavas, in
27  addition to the countless numbers of irrelevant documents. The Request is therefore
28  also vague and ambiguous as to the meaning of "used or referred to." The vast

1   majority of the documents responsive to this Request would have no possible
2   relevance to any claims or defenses in Phase 2.

3           Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
4   that a Court should limit the extent of discovery if it determines that the burden of
5   the proposed discovery outweighs its likely benefit; the discovery sought is
6   unreasonably cumulative or duplicative, or is obtainable from some other source that
7   is more convenient, less burdensome, or less expensive; or the party seeking
8   discovery has had ample opportunity by discovery in the action to obtain the
9   information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and
10   producing the documents responsive to this overbroad Request would greatly
11   outweigh any marginal benefit to MGA, for the following reasons.



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

00505.07975/3161896.1
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ████████████████████████████████████████████

2 ████████████████████████████

3          Finally, MGA failed to meet and confer at all, much less in good faith,

4 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

5 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6 the moving party shall first identify each dispute, state the relief sought and identify

7 the authority supporting the requested relief in a meet and confer letter that shall be

8 served on all parties by facsimile or electronic mail. The parties shall have five court

9 days from the date of service of that letter to conduct an in-person conference to

10 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

11 confer, MGA had the burden to show the relevance of any requests it sought to

12 move on.[1730]   At no point during the meet and confer process did MGA show why

13 this Request could be considered relevant to Phase 2 issues.[1731]   Because MGA

14 refused to even attempt to make this showing, there was no possibility of a good

15 faith meet and confer to resolve the parties' disputes.  The Discovery Master should

16 deny MGA's motion with respect to this Request on that grounds alone.

17 **REQUEST FOR PRODUCTION NO. 147:**

18          If YOU contend that BRATZ has impacted or affected YOUR sales,

19 profits or revenue from "Flavas" as part of YOUR damages in this case, all

20 DOCUMENTS, including MARKET RESEARCH, referring or relating to, or

21 influencing Mattel's decision to create, design, develop or abandon the "Flavas"

22 including, without limitation, the reasons for and factors influencing its decision.

23

24

25    [1730]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27 Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
     [1731]   See Webster Dec. at p. 1-5.

28

## RESPONSE TO REQUEST NO. 147:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary

1  declarations supporting such objections").  Accordingly, Mattel must be compelled
2  either to certify that it has produced all non-privileged responsive documents or to
3  produce all such documents by a date certain.

4          To the extent that Mattel is relying on its blanket objections, they are
5  not sustainable and do not justify Mattel's failure to produce documents.

6          As to overbreadth, Mattel provides no explanation, let alone the
7  required particularity, as to *why* this request is supposedly overly broad, nor can it
8  do so.

9          This objection is therefore improper.  Order No. 17, dated April 14,
10 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.
11 Ex. 58.  In the event that Mattel contends that MGA's BRATZ impacted or affected
12 its sales, profits or revenue from its "Flavas" line as part of Mattel's damage claims,
13 the request is narrowly tailored to seek all documents (including market research)
14 related to Mattel's decision to create, design, develop or abandon the "Flavas" line.

15         As to burden, Mattel has not attempted to demonstrate why responding
16 to this request and/or producing responsive documents presents any burden.  This
17 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
18 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
19 request is unduly burdensome must allege specific facts which indicate the nature
20 and extent of the burden, usually by affidavit or other reliable evidence.")
21 Moreover, it is not unduly burdensome, as noted above, in that the request is
22 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
23 has engaged in a broad variety of unfair trade practices including serial copying of
24 MGA products.

25         This request does not seek documents protected by the attorney-client
26 privilege, the attorney work product doctrine, or other applicable privileges.  To the
27 extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1   As to relevancy, Mattel has not attempted to make any objections. It

2   therefore concedes relevance. MGA is entitled to all documents on the issue, and

3   not just those that Mattel chooses to produce in support of its claims.

4   Mattel objects that the request contains confidential, proprietary, and

5   trade secret information. A Protective Order exists in this case, obviating any

6   concern as to protection of privacy rights and/or commercially sensitive

7   information.

8   None of Mattel's improper objections are valid and Mattel is obligated

9   to produce all non-privileged responsive documents in its possession, custody, or

10   control.

11   **MATTEL'S RESPONSE:**

12   The Request is absurdly overbroad. Seeking the universe of <u>all</u>

13   documents, including market research, <u>referring</u>, or <u>relating</u> to Flavas, or influencing

14   Mattel's decision to create, design or develop Flavas is plainly not narrowly tailored

15   to seek information relevant to Phase 2. The vast majority of these documents

16   would have no possible relevance to any claims or defenses in Phase 2.

17   Further, this Request is unduly burdensome. <u>Rule</u> 26(b)(2)(c) provides

18   that a Court should limit the extent of discovery if it determines that the burden of

19   the proposed discovery outweighs its likely benefit; the discovery sought is

20   unreasonably cumulative or duplicative, or is obtainable from some other source that

21   is more convenient, less burdensome, or less expensive; or the party seeking

22   discovery has had ample opportunity by discovery in the action to obtain the

23   information sought. <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c). The burden of locating and

24   producing the documents responsive to this overbroad Request would greatly

25   outweigh any marginal benefit to MGA, for the following reasons.

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1



16    Mattel also properly reserved its right to supplement its production
17 subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated
18 Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining
19 objections to interrogatory because "[t]o the extent that the theories of damages
20 applicable to these claims may be related to the damages sought by plaintiff's fourth
21 claim, the interrogatory is premature").  Ziemack v. Centel Corp., 1995 WL 729295,
22 at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  but noting that "this Court does not expect Plaintiffs to address the issues that will
2  be more appropriately dealt with by experts, at a later date" and "since experts have
3  not been either retained or deposed, much of the remaining discovery is also
4  premature.").

5          There is no basis for overruling Mattel's privilege objection.  MGA's
6  bald assertion that "[t]his request does not seek information protected by the
7  attorney-client privilege, the attorney work product doctrine, or other applicable
8  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
9  agreed that "all privileged documents would be logged except for documents created
10 after this action was filed on April 27, 2004."[1744]  Thus, to the extent privileged
11 documents fall within the post lawsuit time period, they need not be included on
12 Mattel's log.  Although it bears the burden of showing why this agreement should
13 not be applied to a given Request, MGA fails to do so.

14         Finally, MGA failed to meet and confer at all, much less in good faith,
15 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
16 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
17 the moving party shall first identify each dispute, state the relief sought and identify
18 the authority supporting the requested relief in a meet and confer letter that shall be
19 served on all parties by facsimile or electronic mail. The parties shall have five court
20 days from the date of service of that letter to conduct an in-person conference to
21 attempt to resolve the dispute.").   In order to engage in a meaningful meet and
22 confer, MGA had the burden to show the relevance of any requests it sought to

23
24
25
_____
26 [1744]   See Order Denying Mattel's Motion for Protective Order Limiting the
27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.
28

1   move on.[1745]   At no point during the meet and confer process did MGA show why

2   this Request could be considered relevant to Phase 2 issues.[1746]   Because MGA

3   refused to even attempt to make this showing, there was no possibility of a good

4   faith meet and confer to resolve the parties' disputes.  The Discovery Master should

5   deny MGA's motion with respect to this Request on that grounds alone.

6   **REQUEST FOR PRODUCTION NO. 148:**

7           If YOU contend that BRATZ has impacted or affected YOUR sales,

8   profits or revenue from "Flavas" as part of YOUR damages in this case, all

9   DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning,

10  referring to, or relating to the similarities or differences between BRATZ on the one

11  hand and "Flavas" on the other.

12  **RESPONSE TO REQUEST NO. 148:**

13          In addition to the general objections stated above, which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is unreasonably burdensome and premature in that the facts necessary to

16  determine the full nature and extent of Mattel's damages from defendant's acts or

17  omissions are known by defendants and third parties associated with defendants, but

18  are not known by Mattel at this juncture because of defendants' refusals to produce

19  basic discovery.   Mattel further objects to this Request as overbroad, unduly

20  burdensome and oppressive in that it seeks "all" documents in Mattel's possession,

21  custody and control on this broad subject.  Mattel further objects to this Request on

22  the grounds that it calls for the disclosure of information subject to the attorney-

23  client privilege, the attorney work-product doctrine and other applicable privileges.

24  _____

25  [1745]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [1746]   See Webster Dec. at p. 1-5.

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    Mattel further objects to this Request on the grounds that it is improperly phrased as
2    a legal contention.  Mattel further objects to this Request on the grounds that the
3    term "Bratz" is vague and ambiguous.

4    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
5    **TO SHOULD BE COMPELLED**

6              Mattel has not agreed to produce documents in response to this request,
7    subject to its improper boilerplate objections.  Mattel has refused to confirm whether
8    or not it has produced all non-privileged responsive documents or whether it is
9    withholding documents based on its objections in Phase 2.  Under the Federal Rules
10   of Civil Procedure, "an objection to part of a request must specify the part and
11   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
12   fail to explain the basis for an objection with specificity are routinely rejected in the
13   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
14   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
15   harassing' are improper – especially when a party fails to submit any evidentiary
16   declarations supporting such objections").  Accordingly, Mattel must be compelled
17   either to certify that it has produced all non-privileged responsive documents or to
18   produce all such documents by a date certain.

19             To the extent that Mattel is relying on its blanket objections, they are
20   not sustainable and do not justify Mattel's failure to produce documents.

21             As to overbreadth, Mattel provides no explanation, let alone the
22   required particularity, as to *why* this request is supposedly overly broad, nor can it
23   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
24   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the
25   event that Mattel contends that MGA's BRATZ impacted or affected its sales,
26   profits or revenue from its "Flavas" line as part of Mattel's damage claims, the
27   request is narrowly tailored to seek all documents related to the similarities or
28   differences between BRATZ and "Flavas" line.

1  As to burden, Mattel has not attempted to demonstrate why responding
2  to this request and/or producing responsive documents presents any burden. This
3  objection must therefore be rejected. See <u>Jackson v. Montgomery Ward & Co., Inc.,</u>
4  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
5  request is unduly burdensome must allege specific facts which indicate the nature
6  and extent of the burden, usually by affidavit or other reliable evidence.")
7  Moreover, it is not unduly burdensome, as noted above, in that the request is
8  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
9  has engaged in a broad variety of unfair trade practices including serial copying of
10  MGA products.

11  This request does not seek documents protected by the attorney-client
12  privilege, the attorney work product doctrine, or other applicable privileges. To the
13  extent that Mattel contends that it does, Mattel must provide a privilege log.

14  As to relevancy, Mattel has not attempted to make any objections. It
15  therefore concedes relevance. MGA is entitled to all documents on the issue, and
16  not just those that Mattel chooses to produce in support of its claims.

17  Mattel objects that the request contains confidential, proprietary, and
18  trade secret information. A Protective Order exists in this case, obviating any
19  concern as to protection of privacy rights and/or commercially sensitive
20  information.

21  None of Mattel's improper objections are valid and Mattel is obligated
22  to produce all non-privileged responsive documents in its possession, custody, or
23  control.

24  **MATTEL'S RESPONSE:**

25  MGA's argument that it is entitled to these documents fails on the
26  merits. MGA argues that "Mattel has not attempted to demonstrate why the
27  information sought in response to this request is not discoverable in Phase 2."
28  However, MGA bears the burden of showing that its discovery meets the relevance

1  requirements of Rule 26(b)(1).[1747]   MGA makes a conclusory assertion that the
2  Request is relevant to "MGA's claims, defenses, and damages, including its defense
3  against Mattel's trade secret misappropriatiuon claim and any damages Mattel may
4  claim," but has not attempted to explain how all documents evidencing, detailing,
5  discussing, describing, depicting, mentioning, referring to, or relating to the
6  similarities or differences between Bratz and My Scene is related to Mattel's trade
7  secret misappropriation claim, or identify any other claim or defense it might be
8  related to.  "A trial court has a duty, of special significance in lengthy and complex
9  cases where the possibility of abuse is always present, to supervise and limit
10  discovery to protect parties and witnesses from annoyance and excessive expense."
11  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways
12  Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.
13  1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D.
14  Ill. 1983) (same).  As the previous Discovery Master has held, a party may not
15  propound document requests as part of a fishing expedition or to discover new
16  claims.[1748]   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District
17  courts need not condone the use of discovery to engage in 'fishing expeditions.'").

18       The Request is absurdly overbroad.   Seeking the universe of all
19  documents, evidencing, detailing, discussing, describing, depicting, mentioning,
20  referring to, or relating to the similarities or differences between Bratz and My
21  Scene is plainly not narrowly tailored to seek information relevant to Phase 2.  This
22  includes every document that refers or relates to any feature of either My Scene or

23

24  [1747]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
25  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
    Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
26  [1748]  See Order Granting In Part and Denying In Part Mattel's Motion for
27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
    1.
28

1  Bratz.  The prior Discovery Master already found such requests to be improper.[1749]

2  The vast majority of these documents would have no possible relevance to any

3  claims or defenses in Phase 2.

4  Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

5  that a Court should limit the extent of discovery if it determines that the burden of

6  the proposed discovery outweighs its likely benefit; the discovery sought is

7  unreasonably cumulative or duplicative, or is obtainable from some other source that

8  is more convenient, less burdensome, or less expensive; or the party seeking

9  discovery has had ample opportunity by discovery in the action to obtain the

10  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

11  producing the documents responsive to this overbroad Request would greatly

12  outweigh any marginal benefit to MGA, for the following reasons.



23  [1749]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,

24  dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of

25  requests is clearly overbroad, requiring production of documents that merely

   mention MGA, Larian, Bratz or other MGA products, regardless of whether or not

26  they have anything to do with the claims or defenses in this case.").

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23   [1751] Id. ¶ 9-11.

24   [1752] Id.

25   [1753] See Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec., Exh. 31.

26   [1754] Id.

27   [1755] Declaration of Lori Pantel, dated August 6, 2009, at ¶ 10, Dart Dec., Exh. 31.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



16   There is no basis for overruling Mattel's privilege objection. MGA's
17 bald assertion that "[t]his request does not seek information protected by the
18 attorney-client privilege, the attorney work product doctrine, or other applicable
19 privileges" has no merit.   Moreover, as MGA has itself argued, the parties have
20 agreed that "all privileged documents would be logged except for documents created



1  after this action was filed on April 27, 2004."[1762]   Thus, to the extent privileged
2  documents fall within the post lawsuit time period, they need not be included on
3  Mattel's log.  Although it bears the burden of showing why this agreement should
4  not be applied to a given Request, MGA fails to do so.

5        Finally, MGA failed to meet and confer at all, much less in good faith,
6  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
7  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
8  the moving party shall first identify each dispute, state the relief sought and identify
9  the authority supporting the requested relief in a meet and confer letter that shall be
10  served on all parties by facsimile or electronic mail. The parties shall have five court
11  days from the date of service of that letter to conduct an in-person conference to
12  attempt to resolve the dispute.").   In order to engage in a meaningful meet and
13  confer, MGA had the burden to show the relevance of any requests it sought to
14  move on.[1763]   At no point during the meet and confer process did MGA show why
15  this Request could be considered relevant to Phase 2 issues.[1764]   Because MGA
16  refused to even attempt to make this showing, there was no possibility of a good
17  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
18  deny MGA's motion with respect to this Request on that grounds alone.

19  **REQUEST FOR PRODUCTION NO. 149:**

20        If YOU contend that BRATZ has impacted or affected YOUR sales,
21  profits or revenue from "Barbie" as part of YOUR damages in this case, all
22

---

23  [1762]   See Order Denying Mattel's Motion for Protective Order Limiting the
24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
25  3.
    [1763]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [1764]   See Webster Dec. at p. 1-5.
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    DOCUMENTS that name or are otherwise sufficient to identify the individuals who

2    worked on or were involved in any way with the sales and marketing of "Barbie"

3    since the introduction of BRATZ.

4    **RESPONSE TO REQUEST NO. 149:**

5          In addition to the general objections stated above, which are

6    incorporated herein by reference, Mattel objects to this Request on the grounds that

7    it is unreasonably burdensome and premature in that the facts necessary to

8    determine the full nature and extent of Mattel's damages from defendant's acts or

9    omissions are known by defendants and third parties associated with defendants, but

10   are not known by Mattel at this juncture because of defendants' refusals to produce

11   basic discovery.    Mattel further objects to this Request as overbroad, unduly

12   burdensome and oppressive in that it seeks "all" documents in Mattel's possession,

13   custody and control on this broad subject.  Mattel further objects to this Request on

14   the grounds that it calls for the disclosure of information subject to the attorney-

15   client privilege, the attorney work-product doctrine and other applicable privileges.

16   Mattel further objects to this Request on the grounds that it is improperly phrased as

17   a legal contention. Mattel further objects to this Request on the grounds that it seeks

18   confidential, proprietary and trade secret information that has no bearing on the

19   claims or defenses in this case.

20   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

21   **TO SHOULD BE COMPELLED**

22         Mattel has not agreed to produce documents in response to this request,

23   subject to its improper boilerplate objections.  Mattel has refused to confirm whether

24   or not it has produced all non-privileged responsive documents or whether it is

25   withholding documents based on its objections in Phase 2.  Under the Federal Rules

26   of Civil Procedure, "an objection to part of a request must specify the part and

27   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

28   fail to explain the basis for an objection with specificity are routinely rejected in the

1   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

2   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

3   harassing' are improper – especially when a party fails to submit any evidentiary

4   declarations supporting such objections").  Accordingly, Mattel must be compelled

5   either to certify that it has produced all non-privileged responsive documents or to

6   produce all such documents by a date certain.

7          To the extent that Mattel is relying on its blanket objections, they are

8   not sustainable and do not justify Mattel's failure to produce documents.

9          As to overbreadth, Mattel provides no explanation, let alone the

10  required particularity, as to *why* this request is supposedly overly broad, nor can it

11  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

12  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

13  event Mattel contends that BRATZ has impacted its sales, profits or revenues from

14  the Barbie as part of its damages, the request is narrowly tailored in both subject

15  matter and time, and seeks documents sufficient to identify the individuals who

16  worked or were involved with sales and marketing of Barbie since the introduction

17  of BRATZ.

18         As to burden, Mattel has not attempted to demonstrate why responding

19  to this request and/or producing responsive documents presents any burden.  This

20  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

21  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22  request is unduly burdensome must allege specific facts which indicate the nature

23  and extent of the burden, usually by affidavit or other reliable evidence.")

24  Moreover, it is not unduly burdensome, as noted above, in that the request is

25  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26  has engaged in a broad variety of unfair trade practices including serial copying of

27  MGA products.  Mattel has made a claim of trade secret misappropriation against

28  MGA. MGA is entitled to discovery on its claims, defenses and damages.  In the

1  event Mattel contends that BRATZ has impacted its sales, profits or revenues from

2  the Barbie as part of its damages, the request is narrowly tailored in both subject

3  matter and time, and seeks documents sufficient to identify the individuals who

4  worked or were involved with sales and marketing of Barbie since the introduction

5  of BRATZ.

6         This request does not seek documents protected by the attorney-client

7  privilege, the attorney work product doctrine, or other applicable privileges. To the

8  extent that Mattel contends that it does, Mattel must provide a privilege log.

9         Mattel objects that the request contains confidential, proprietary and

10  trade secret information. A Protective Order exists in this case, obviating any

11  concern as to protection of privacy rights and/or commercially sensitive

12  information.

13         As to relevancy, Mattel has not attempted to make any objections. It

14  therefore concedes relevance. In any event, if Mattel contends that BRATZ has

15  impacted its sales, profits or revenues from the Barbie as part of its damages,

16  documents sufficient to identify the individuals who worked or were involved with

17  sales and marketing of Barbie since the introduction of BRATZ are highly relevant

18  to MGA's defenses, and damages, including any damages Mattel may claim in its

19  trade secret misappropriation claim, and are discoverable in Phase 2. MGA is

20  entitled to all documents on the issue, and not just those that Mattel chooses to

21  produce in support of its claims. Further, Mattel's prayer for relief is extremely

22  broad. Because Mattel's pleadings seek such broad relief, MGA is entitled to

23  extremely broad discovery on these issues.

24         None of Mattel's improper objections are valid and Mattel is obligated

25  to produce all non-privileged responsive documents in its possession, custody, or

26  control.

27

28

**MATTEL'S RESPONSE:**

The Request is overbroad.  Seeking the universe of <u>all</u> documents that <u>name</u> the individuals who worked on were involved <u>in any way</u> with the sales and marketing of "Barbie" since the introduction of Bratz is plainly not narrowly tailored to seek information relevant to Phase 2.  In the Barbie product line, Mattel typically introduces more than 550 products per year and more than 40,000 licensed Barbie products.[1765]   The number of Mattel employees involved with the sales and marketing of these products over the time period of the Request is very large, and the number of documents that name such employees is obviously much larger. Despite MGA's argument that these documents relate to Mattel's damages, virtually all of these documents could have no bearing on damages or any other issue in this case.

Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



9      The burden and expense described above is multiplied several times

10 over if Mattel were required to search the files for information about a particular

11 product in the possession of its worldwide subsidiaries.[1773]  The burden of searching

12 for such documents from all of these employees is virtually incalculable.[1774]

13      There is no basis for overruling Mattel's privilege objection.  MGA's

14 bald assertion that "[t]his request does not seek information protected by the

15 attorney-client privilege, the attorney work product doctrine, or other applicable

16 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

17 agreed that "all privileged documents would be logged except for documents created

18 after this action was filed on April 27, 2004."[1775]  Thus, to the extent privileged

19 documents fall within the post lawsuit time period, they need not be included on



[1775]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  Mattel's log.  Although it bears the burden of showing why this agreement should
2  not be applied to a given Request, MGA fails to do so.

3          Finally, MGA failed to meet and confer at all, much less in good faith,
4  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
6  the moving party shall first identify each dispute, state the relief sought and identify
7  the authority supporting the requested relief in a meet and confer letter that shall be
8  served on all parties by facsimile or electronic mail. The parties shall have five court
9  days from the date of service of that letter to conduct an in-person conference to
10 attempt to resolve the dispute.").   In order to engage in a meaningful meet and
11 confer, MGA had the burden to show the relevance of any requests it sought to
12 move on.[1776]   At no point during the meet and confer process did MGA show why
13 this Request could be considered relevant to Phase 2 issues.[1777]   Because MGA
14 refused to even attempt to make this showing, there was no possibility of a good
15 faith meet and confer to resolve the parties' disputes.  The Discovery Master should
16 deny MGA's motion with respect to this Request on that grounds alone.

17 **REQUEST FOR PRODUCTION NO. 150:**

18         If YOU contend that BRATZ has impacted or affected YOUR sales,
19 profits or revenue from "Barbie" as part of YOUR damages in this case, all
20 DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring,
21 relating to or calculating that impact or affect.

22

23

24

---

25 [1776]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
   [1777]  See Webster Dec. at p. 1-5.

28

**RESPONSE TO REQUEST NO. 150:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

1    This request does not seek documents protected by the attorney-client
2    privilege, the attorney work product doctrine, or other applicable privileges.  To the
3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    As to relevancy, Mattel has not attempted to make any objections.  It
5    therefore concedes relevance.  In any event, if Mattel contends that BRATZ has
6    impacted its sales, profits or revenues from the Barbie as part of its damages,
7    documents related to this impact are highly relevant to MGA's defenses, and
8    damages, including any damages Mattel may claim in its trade secret
9    misappropriation claim, and are discoverable in Phase 2.  MGA is entitled to all
10   documents on the issue, and not just those that Mattel chooses to produce in support
11   of its claims.  Further, Mattel's prayer for relief is extremely broad.  Because
12   Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad
13   discovery on these issues.

14   None of Mattel's improper objections are valid and Mattel is obligated
15   to produce all non-privileged responsive documents in its possession, custody, or
16   control.

17   **MATTEL'S RESPONSE:**

18   The Request is overbroad.  Seeking the universe of <u>all</u> documents
19   evidencing, demonstrating, discussing, mentioning, <u>referring</u>, <u>relating</u> to or
20   caluclating the impact or effect of Bratz on the sales, profits or revenue from Barbie
21   is plainly not narrowly tailored to seek information relevant to Phase 2.  Barbie
22   products include thousands of dolls, accessories, and licensed producst which are
23   not at issue in this case.

24   Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
25   that a Court should limit the extent of discovery if it determines that the burden of
26   the proposed discovery outweighs its likely benefit; the discovery sought is
27   unreasonably cumulative or duplicative, or is obtainable from some other source that
28   is more convenient, less burdensome, or less expensive; or the party seeking

1  discovery has had ample opportunity by discovery in the action to obtain the
2  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
3  producing the documents responsive to this overbroad Request would greatly
4  outweigh any marginal benefit to MGA, for the following reasons.



00505.07975/3161896.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20      Mattel also properly reserved its right to supplement its production

21  subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated

22

23

24

25

26

27

28

-1042-

1  Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining
2  objections to interrogatory because "[t]o the extent that the theories of damages
3  applicable to these claims may be related to the damages sought by plaintiff's fourth
4  claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295,
5  at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses
6  but noting that "this Court does not expect Plaintiffs to address the issues that will
7  be more appropriately dealt with by experts, at a later date" and "since experts have
8  not been either retained or deposed, much of the remaining discovery is also
9  premature.").

10      There is no basis for overruling Mattel's privilege objection.  MGA's
11  bald assertion that "[t]his request does not seek information protected by the
12  attorney-client privilege, the attorney work product doctrine, or other applicable
13  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
14  agreed that "all privileged documents would be logged except for documents created
15  after this action was filed on April 27, 2004."[1791]  Thus, to the extent privileged
16  documents fall within the post lawsuit time period, they need not be included on
17  Mattel's log.  Although it bears the burden of showing why this agreement should
18  not be applied to a given Request, MGA fails to do so.

19      Finally, MGA failed to meet and confer at all, much less in good faith,
20  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
21  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
22  the moving party shall first identify each dispute, state the relief sought and identify
23  the authority supporting the requested relief in a meet and confer letter that shall be

1 | served on all parties by facsimile or electronic mail. The parties shall have five court
2 | days from the date of service of that letter to conduct an in-person conference to
3 | attempt to resolve the dispute.").   In order to engage in a meaningful meet and
4 | confer, MGA had the burden to show the relevance of any requests it sought to
5 | move on.[1792]   At no point during the meet and confer process did MGA show why
6 | this Request could be considered relevant to Phase 2 issues.[1793]   Because MGA
7 | refused to even attempt to make this showing, there was no possibility of a good
8 | faith meet and confer to resolve the parties' disputes.  The Discovery Master should
9 | deny MGA's motion with respect to this Request on that grounds alone.

10 | **REQUEST FOR PRODUCTION NO. 151:**

11 | If YOU contend that BRATZ has impacted or affected YOUR sales,
12 | profits or revenue from "Barbie" as part of YOUR damages in this case, all
13 | DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or
14 | relating to "Barbie" sales trends and marketing including, without limitation, all
15 | MARKET RESEARCH and all sales and market analyses referring or relating to
16 | "Barbie".

17 | **RESPONSE TO REQUEST NO. 151:**

18 | In addition to the general objections stated above, which are
19 | incorporated herein by reference, Mattel objects to this Request on the grounds that
20 | it is unreasonably burdensome and premature in that the facts necessary to
21 | determine the full nature and extent of Mattel's damages from defendant's acts or

22 |

---

23 | [1791]   See Order Denying Mattel's Motion for Protective Order Limiting the
24 | Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
25 | 3.   [1792]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 | moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 | Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
      [1793]   See Webster Dec. at p. 1-5.

28 |

1   omissions are known by defendants and third parties associated with defendants, but
2   are not known by Mattel at this juncture because of defendants' refusals to produce
3   basic discovery.   Mattel further objects to this Request as overbroad, unduly
4   burdensome and oppressive in that it seeks "all" documents in Mattel's possession,
5   custody and control on this broad subject.  Mattel further objects to this Request on
6   the grounds that it calls for the disclosure of information subject to the attorney-
7   client privilege, the attorney work-product doctrine and other applicable privileges.
8   Mattel further objects to this Request on the grounds that it is improperly phrased as
9   a legal contention.  Mattel further objects to this Request on the grounds that it seeks
10  confidential, proprietary and trade secret information, such as current and future
11  Mattel marketing and pricing plans and strategies, that has no bearing on the claims
12  or defenses in this case.

13  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
14  **TO SHOULD BE COMPELLED**

15      Mattel has not agreed to produce documents in response to this request,
16  subject to its improper boilerplate objections.  Mattel has refused to confirm whether
17  or not it has produced all non-privileged responsive documents or whether it is
18  withholding documents based on its objections in Phase 2.  Under the Federal Rules
19  of Civil Procedure, "an objection to part of a request must specify the part and
20  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
21  fail to explain the basis for an objection with specificity are routinely rejected in the
22  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
23  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
24  harassing' are improper – especially when a party fails to submit any evidentiary
25  declarations supporting such objections").  Accordingly, Mattel must be compelled
26  either to certify that it has produced all non-privileged responsive documents or to
27  produce all such documents by a date certain.

28

00505.07975/3161896.1

-1045-

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to **why** this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. In the event Mattel contends that BRATZ has impacted its sales, profits or revenues from the Barbie as part of its damages, the request is narrowly tailored to seek documents concerning Barbie sales trends and marketing.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products. Mattel has made a claim of trade secret misappropriation against MGA. MGA is entitled to discovery on its claims, defenses and damages. In the event Mattel contends that BRATZ has impacted its sales, profits or revenues from the Barbie as part of its damages, the request is narrowly tailored to seek documents concerning Barbie sales trends and marketing.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential, proprietary and trade secret information. A Protective Order exists in this case, obviating any

1   concern as to protection of privacy rights and/or commercially sensitive
2   information.

3   As to relevancy, Mattel has not attempted to make any objections. It
4   therefore concedes relevance. In any event, if Mattel contends that BRATZ has
5   impacted its sales, profits or revenues from the Barbie as part of its damages, the
6   documents concerning Barbie sales trends and marketing are highly relevant to
7   MGA's defenses, and damages, including any damages Mattel may claim in its trade
8   secret misappropriation claim, and are discoverable in Phase 2. MGA is entitled to
9   all documents on the issue, and not just those that Mattel chooses to produce in
10   support of its claims. Further, Mattel's prayer for relief is extremely broad. Because
11   Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad
12   discovery on these issues.

13   None of Mattel's improper objections are valid and Mattel is obligated
14   to produce all non-privileged responsive documents in its possession, custody, or
15   control.

16   **MATTEL'S RESPONSE:**

17   The Request is absurdly overbroad. Seeking the universe of <u>all</u>
18   documents evidencing, demonstrating, discussing, mentioning, <u>referring</u>, or <u>relating</u>
19   to Barbie sales trends and marketing, including design, development, sales, and
20   market research is plainly not narrowly tailored to seek information relevant to
21   Phase 2. The scope of requested documents extends back <u>decades</u> before the
22   relevant time period of this case, and product lines, accessories, and licensed
23   products that are not at issue. The vast majority of these documents would have no
24   possible relevance to any claims or defenses in Phase 2.

25   Further, this Request is unduly burdensome. <u>Rule</u> 26(b)(2)(c) provides
26   that a Court should limit the extent of discovery if it determines that the burden of
27   the proposed discovery outweighs its likely benefit; the discovery sought is
28   unreasonably cumulative or duplicative, or is obtainable from some other source that

1   is more convenient, less burdensome, or less expensive; or the party seeking

2   discovery has had ample opportunity by discovery in the action to obtain the

3   information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

4   producing the documents responsive to this overbroad Request would greatly

5   outweigh any marginal benefit to MGA, for the following reasons.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-1050-

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ██████████████████████████████████████

2 ██████████████████████████████

3      Mattel also properly reserved its right to supplement its production

4 subject to expert discovery. <u>See</u> <u>New Haven Temple SDA Church v. Consolidated</u>

5 <u>Edison Corp.</u>, 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

6 objections to interrogatory because "[t]o the extent that the theories of damages

7 applicable to these claims may be related to the damages sought by plaintiff's fourth

8 claim, the interrogatory is premature"). <u>Ziemack v. Centel Corp.</u>, 1995 WL 729295,

9 at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

10 but noting that "this Court does not expect Plaintiffs to address the issues that will

11 be more appropriately dealt with by experts, at a later date" and "since experts have

12 not been either retained or deposed, much of the remaining discovery is also

13 premature.").

14      There is no basis for overruling Mattel's privilege objection.  MGA's

15 bald assertion that "[t]his request does not seek information protected by the

16 attorney-client privilege, the attorney work product doctrine, or other applicable

17 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

18 agreed that "all privileged documents would be logged except for documents created

19 after this action was filed on April 27, 2004."[1807]  Thus, to the extent privileged

20 documents fall within the post lawsuit time period, they need not be included on

21

22

23 ████████████████████████████████████

24 ██████████████████████████████████████

25 ██████████████████████████████████████

26 [1807]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

28

1   Mattel's log.  Although it bears the burden of showing why this agreement should
2   not be applied to a given Request, MGA fails to do so.

3         Finally, MGA failed to meet and confer at all, much less in good faith,
4   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
5   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
6   the moving party shall first identify each dispute, state the relief sought and identify
7   the authority supporting the requested relief in a meet and confer letter that shall be
8   served on all parties by facsimile or electronic mail. The parties shall have five court
9   days from the date of service of that letter to conduct an in-person conference to
10  attempt to resolve the dispute.").   In order to engage in a meaningful meet and
11  confer, MGA had the burden to show the relevance of any requests it sought to
12  move on.[1808]   At no point during the meet and confer process did MGA show why
13  this Request could be considered relevant to Phase 2 issues.[1809]   Because MGA
14  refused to even attempt to make this showing, there was no possibility of a good
15  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
16  deny MGA's motion with respect to this Request on that grounds alone.

17  **REQUEST FOR PRODUCTION NO. 152:**

18        If YOU contend that BRATZ has impacted or affected YOUR sales,
19  profits or revenue from any "Barbie" doll or toy as part of YOUR damages in this
20  case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning,
21  referring or relating to such "Barbie" doll or toy including, without limitation, its
22  creation, design, development, sales and marketing and all MARKET RESEARCH
23  and all sales and market analyses referring or relating to such toy.

24

---

25  [1808]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [1809]  See Webster Dec. at p. 1-5.
28

**RESPONSE TO REQUEST NO. 152:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery.  Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that has no bearing on the claims or defenses in this case.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

1  harassing' are improper – especially when a party fails to submit any evidentiary
2  declarations supporting such objections").   Accordingly, Mattel must be compelled
3  either to certify that it has produced all non-privileged responsive documents or to
4  produce all such documents by a date certain.

5          To the extent that Mattel is relying on its blanket objections, they are
6  not sustainable and do not justify Mattel's failure to produce documents.

7          As to overbreadth, Mattel provides no explanation, let alone the
8  required particularity, as to *why* this request is supposedly overly broad, nor can it
9  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
10 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the
11 event Mattel contends that BRATZ has impacted its sales, profits or revenues from
12 any Barbie doll or toy as part of its damages, the request is narrowly tailored to seek
13 documents concerning the particular Barbie doll or toy.

14         As to burden, Mattel has not attempted to demonstrate why responding
15 to this request and/or producing responsive documents presents any burden.  This
16 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
17 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
18 request is unduly burdensome must allege specific facts which indicate the nature
19 and extent of the burden, usually by affidavit or other reliable evidence.")
20 Moreover, it is not unduly burdensome, as noted above, in that the request is
21 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
22 has engaged in a broad variety of unfair trade practices including serial copying of
23 MGA products.  Mattel has made a claim of trade secret misappropriation against
24 MGA. MGA is entitled to discovery on its claims, defenses and damages.   In the
25 event Mattel contends that BRATZ has impacted its sales, profits or revenues from
26 any Barbie doll or toy as part of its damages, the request is narrowly tailored to seek
27 documents concerning the particular Barbie doll or toy.

28

1   This request does not seek documents protected by the attorney-client
2   privilege, the attorney work product doctrine, or other applicable privileges. To the
3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4   Mattel objects that the request contains confidential, proprietary and
5   trade secret information. A Protective Order exists in this case, obviating any
6   concern as to protection of privacy rights and/or commercially sensitive
7   information.

8   As to relevancy, Mattel has not attempted to make any objections. It
9   therefore concedes relevance. In any event, if Mattel contends that BRATZ has
10  impacted its sales, profits or revenues from any Barbie doll or toy as part of its
11  damages, documents concerning the particular Barbie doll or toy are highly relevant
12  to MGA's defenses, and damages, including any damages Mattel may claim in its
13  trade secret misappropriation claim, and are discoverable in Phase 2. MGA is
14  entitled to all documents on the issue, and not just those that Mattel chooses to
15  produce in support of its claims. Further, Mattel's prayer for relief is extremely
16  broad. Because Mattel's pleadings seek such broad relief, MGA is entitled to
17  extremely broad discovery on these issues.

18  None of Mattel's improper objections are valid and Mattel is obligated
19  to produce all non-privileged responsive documents in its possession, custody, or
20  control.

21  **MATTEL'S RESPONSE:**

22  The Request is overbroad. Seeking the universe of <u>all</u> documents
23  evidencing, demonstrating, discussing, mentioning, <u>referring</u>, or <u>relating</u> to any
24  Barbie doll or toy whose sales, profits, or revenue Bratz has impacted or affected is
25  plainly not narrowly tailored to seek information relevant to Phase 2. Barbie
26  products include thousands of dolls, accessories, and licensed producst which are
27  not at issue in this case. Even if a Barbie doll or toy is at issue in this case, the
28  Request overbroadly seeks all documents mentioning, referring, or relating it,

1   regardless of those documents' relevance to any claim or defense in this case.  The
2   prior Discovery Master has ruled that such requests are overbroad.[1810]

3         Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
4   that a Court should limit the extent of discovery if it determines that the burden of
5   the proposed discovery outweighs its likely benefit; the discovery sought is
6   unreasonably cumulative or duplicative, or is obtainable from some other source that
7   is more convenient, less burdensome, or less expensive; or the party seeking
8   discovery has had ample opportunity by discovery in the action to obtain the
9   information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
10   producing the documents responsive to this overbroad Request would greatly
11   outweigh any marginal benefit to MGA, for the following reasons.



---

[1810]   See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of requests is clearly overbroad, requiring production of documents that merely mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they have anything to do with the claims or defenses in this case.").[1810]

[1811]   Declaration of Lori Pantel, dated August 6, 2009, at ¶ 2, Dart Dec., Exh. 31.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1



7   Mattel also properly reserved its right to supplement its production

8   subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated

9   Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

10   objections to interrogatory because "[t]o the extent that the theories of damages

11   applicable to these claims may be related to the damages sought by plaintiff's fourth

12   claim, the interrogatory is premature").  Ziemack v. Centel Corp., 1995 WL 729295,

13   at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

14   but noting that "this Court does not expect Plaintiffs to address the issues that will

15   be more appropriately dealt with by experts, at a later date" and "since experts have

16   not been either retained or deposed, much of the remaining discovery is also

17   premature.").

18   There is no basis for overruling Mattel's privilege objection.  MGA's

19   bald assertion that "[t]his request does not seek information protected by the

20   attorney-client privilege, the attorney work product doctrine, or other applicable

21   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

22   agreed that "all privileged documents would be logged except for documents created



1  after this action was filed on April 27, 2004."[1824]   Thus, to the extent privileged
2  documents fall within the post lawsuit time period, they need not be included on
3  Mattel's log.  Although it bears the burden of showing why this agreement should
4  not be applied to a given Request, MGA fails to do so.

5        Finally, MGA failed to meet and confer at all, much less in good faith,
6  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
7  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
8  the moving party shall first identify each dispute, state the relief sought and identify
9  the authority supporting the requested relief in a meet and confer letter that shall be
10 served on all parties by facsimile or electronic mail. The parties shall have five court
11 days from the date of service of that letter to conduct an in-person conference to
12 attempt to resolve the dispute.").   In order to engage in a meaningful meet and
13 confer, MGA had the burden to show the relevance of any requests it sought to
14 move on.[1825]   At no point during the meet and confer process did MGA show why
15 this Request could be considered relevant to Phase 2 issues.[1826]   Because MGA
16 refused to even attempt to make this showing, there was no possibility of a good
17 faith meet and confer to resolve the parties' disputes.  The Discovery Master should
18 deny MGA's motion with respect to this Request on that grounds alone.

19 **REQUEST FOR PRODUCTION NO. 153:**

20        If YOU contend that BRATZ has impacted or affected YOUR sales,
21 profits or revenue from any "Barbie" doll or toy as part of YOUR damages in this

22 _____

23    [1824]   See Order Denying Mattel's Motion for Protective Order Limiting the
24 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
25 3.
      [1825]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
      [1826]   See Webster Dec. at p. 1-5.
28

1  case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to,
2  or influencing Mattel's decision to create, design, develop or modify such "Barbie"
3  doll or toy including, without limitation, the reasons for and factors influencing its
4  decision.

5  **RESPONSE TO REQUEST NO. 153:**

6      In addition to the general objections stated above, which are
7  incorporated herein by reference, Mattel objects to this Request on the grounds that
8  it is unreasonably burdensome and premature in that the facts necessary to
9  determine the full nature and extent of Mattel's damages from defendant's acts or
10  omissions are known by defendants and third parties associated with defendants, but
11  are not known by Mattel at this juncture because of defendants' refusals to produce
12  basic discovery.  Mattel further objects to this Request as overbroad, unduly
13  burdensome and oppressive in that it seeks "all" documents in Mattel's possession,
14  custody and control on this broad subject.  Mattel further objects to this Request on
15  the grounds that it calls for the disclosure of information subject to the attorney-
16  client privilege, the attorney work-product doctrine and other applicable privileges.
17  Mattel further objects to this Request on the grounds that it is improperly phrased as
18  a legal contention.  Mattel further objects to this Request on the grounds that it seeks
19  confidential, proprietary and trade secret information, such as current and future
20  Mattel marketing and pricing plans and strategies, that has no bearing on the claims
21  or defenses in this case.

22  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
23  **TO SHOULD BE COMPELLED**

24      Mattel has not agreed to produce documents in response to this request,
25  subject to its improper boilerplate objections.  Mattel has refused to confirm whether
26  or not it has produced all non-privileged responsive documents or whether it is
27  withholding documents based on its objections in Phase 2.  Under the Federal Rules
28  of Civil Procedure, "an objection to part of a request must specify the part and

1  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
2  fail to explain the basis for an objection with specificity are routinely rejected in the
3  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
4  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
5  harassing' are improper − especially when a party fails to submit any evidentiary
6  declarations supporting such objections").  Accordingly, Mattel must be compelled
7  either to certify that it has produced all non-privileged responsive documents or to
8  produce all such documents by a date certain.

9         To the extent that Mattel is relying on its blanket objections, they are
10 not sustainable and do not justify Mattel's failure to produce documents.

11        As to overbreadth, Mattel provides no explanation, let alone the
12 required particularity, as to *why* this request is supposedly overly broad, nor can it
13 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
14 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the
15 event Mattel contends that BRATZ has impacted its sales, profits or revenues from
16 any Barbie doll or toy as part of its damages, the request is narrowly tailored to seek
17 documents concerning Mattel's decision to create, design, develop or modify such
18 Barbie doll or toy.

19        As to burden, Mattel has not attempted to demonstrate why responding
20 to this request and/or producing responsive documents presents any burden.  This
21 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
22 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
23 request is unduly burdensome must allege specific facts which indicate the nature
24 and extent of the burden, usually by affidavit or other reliable evidence.")
25 Moreover, it is not unduly burdensome, as noted above, in that the request is
26 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
27 has engaged in a broad variety of unfair trade practices including serial copying of
28 MGA products.  Mattel has made a claim of trade secret misappropriation against

1  MGA. MGA is entitled to discovery on its claims, defenses and damages.  In the
2  event Mattel contends that BRATZ has impacted its sales, profits or revenues from
3  any Barbie doll or toy as part of its damages, the request is narrowly tailored to seek
4  documents concerning Mattel's decision to create, design, develop or modify such
5  Barbie doll or toy.

6       This request does not seek documents protected by the attorney-client
7  privilege, the attorney work product doctrine, or other applicable privileges.  To the
8  extent that Mattel contends that it does, Mattel must provide a privilege log.

9       Mattel objects that the request contains confidential, proprietary and
10  trade secret information.  A Protective Order exists in this case, obviating any
11  concern as to protection of privacy rights and/or commercially sensitive
12  information.

13       As to relevancy, Mattel has not attempted to make any objections.  It
14  therefore concedes relevance.  In any event, if Mattel contends that BRATZ has
15  impacted its sales, profits or revenues from any Barbie doll or toy as part of its
16  damages, documents concerning Mattel's decision to create, design, develop or
17  modify such Barbie doll or toy are highly relevant to MGA's defenses, and damages,
18  including any damages Mattel may claim in its trade secret misappropriation claim,
19  and are discoverable in Phase 2.  MGA is entitled to all documents on the issue, and
20  not just those that Mattel chooses to produce in support of its claims.  Further,
21  Mattel's prayer for relief is extremely broad.  Because Mattel's pleadings seek such
22  broad relief, MGA is entitled to extremely broad discovery on these issues.

23       None of Mattel's improper objections are valid and Mattel is obligated
24  to produce all non-privileged responsive documents in its possession, custody, or
25  control.

26  **MATTEL'S RESPONSE:**

27       The Request is absurdly overbroad.  Seeking the universe of <u>all</u>
28  documents, including market research, <u>referring</u>, or <u>relating</u> to any Barbie doll or toy

1   whose sales, profits, or revenue Bratz has impacted or affected, or influencing
2   Mattel's decision to create, design or develop the Barbie doll or toy, is plainly not
3   narrowly tailored to seek information relevant to Phase 2.  Barbie products include
4   thousands of dolls, accessories, and licensed producst which are not at issue in this
5   case.  Even if a Barbie doll or toy is at issue in this case, the Request overbroadly
6   seeks all documents mentioning, referring, or relating it, including market research,
7   regardless of those documents' relevance to any claim or defense in this case.  The
8   prior Discovery Master has ruled that such requests are overbroad.[1827]

9         Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
10  that a Court should limit the extent of discovery if it determines that the burden of
11  the proposed discovery outweighs its likely benefit; the discovery sought is
12  unreasonably cumulative or duplicative, or is obtainable from some other source that
13  is more convenient, less burdensome, or less expensive; or the party seeking
14  discovery has had ample opportunity by discovery in the action to obtain the
15  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
16  producing the documents responsive to this overbroad Request would greatly
17  outweigh any marginal benefit to MGA, for the following reasons.

18
19
20
21
22
23

24  [1827]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,
25  dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of
    requests is clearly overbroad, requiring production of documents that merely
26  mention MGA, Larian, Bratz or other MGA products, regardless of whether or not
27  they have anything to do with the claims or defenses in this case.").[1827]

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



13    Mattel also properly reserved its right to supplement its production

14  subject to expert discovery. See New Haven Temple SDA Church v. Consolidated

15  Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

16  objections to interrogatory because "[t]o the extent that the theories of damages

17  applicable to these claims may be related to the damages sought by plaintiff's fourth

18  claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295,

19  at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

20  but noting that "this Court does not expect Plaintiffs to address the issues that will

21  be more appropriately dealt with by experts, at a later date" and "since experts have



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  not been either retained or deposed, much of the remaining discovery is also

2  premature.").

3          There is no basis for overruling Mattel's privilege objection.  MGA's

4  bald assertion that "[t]his request does not seek information protected by the

5  attorney-client privilege, the attorney work product doctrine, or other applicable

6  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7  agreed that "all privileged documents would be logged except for documents created

8  after this action was filed on April 27, 2004."[1841]  Thus, to the extent privileged

9  documents fall within the post lawsuit time period, they need not be included on

10 Mattel's log.  Although it bears the burden of showing why this agreement should

11 not be applied to a given Request, MGA fails to do so.

12          Finally, MGA failed to meet and confer at all, much less in good faith,

13 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15 the moving party shall first identify each dispute, state the relief sought and identify

16 the authority supporting the requested relief in a meet and confer letter that shall be

17 served on all parties by facsimile or electronic mail. The parties shall have five court

18 days from the date of service of that letter to conduct an in-person conference to

19 attempt to resolve the dispute.").  In order to engage in a meaningful meet and

20 confer, MGA had the burden to show the relevance of any requests it sought to

21 move on.[1842]  At no point during the meet and confer process did MGA show why

22

23

---

24  [1841]  See Order Denying Mattel's Motion for Protective Order Limiting the

25 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
3.

26  [1842]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

27 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)