1   this Request could be considered relevant to Phase 2 issues.[1843]   Because MGA

2   refused to even attempt to make this showing, there was no possibility of a good

3   faith meet and confer to resolve the parties' disputes. The Discovery Master should

4   deny MGA's motion with respect to this Request on that grounds alone.

5   **REQUEST FOR PRODUCTION NO. 154:**

6          If YOU contend that BRATZ has impacted or affected YOUR sales,

7   profits or revenue from any "Barbie" doll or toy as part of YOUR damages in this

8   case, all DOCUMENTS used or referred to in creating and designing such doll or

9   toy including, without limitation, all DOCUMENTS that served as artistic

10  inspiration for any aspect, feature or element of such doll or toy.

11  **RESPONSE TO REQUEST NO. 154:**

12          In addition to the general objections stated above, which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is unreasonably burdensome and premature in that the facts necessary to

15  determine the full nature and extent of Mattel's damages from defendant's acts or

16  omissions are known by defendants and third parties associated with defendants, but

17  are not known by Mattel at this juncture because of defendants' refusals to produce

18  basic discovery.   Mattel further objects to this Request as overbroad, unduly

19  burdensome and oppressive in that it seeks "all" documents in Mattel's possession,

20  custody and control on this broad subject. Mattel further objects to this Request on

21  the grounds that it calls for the disclosure of information subject to the attorney-

22  client privilege, the attorney work-product doctrine and other applicable privileges.

23  Mattel further objects to this Request on the grounds that it is improperly phrased as

24  a legal contention. Mattel further objects to this Request on the grounds that it seeks

25  confidential, proprietary and trade secret information that has no bearing on the

---

[1843]   See Webster Dec. at p. 1-5.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  claims or defenses in this case.  Mattel further objects to this Request on the grounds
2  that it calls for information that is not relevant to this action or likely to lead to the
3  discovery of admissible evidence.  Mattel further objects to this Request as vague
4  and ambiguous, including without limitation the terms "used" and "referred to."

5  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
6  **TO SHOULD BE COMPELLED**

7        Mattel has not agreed to produce documents in response to this request,
8  subject to its improper boilerplate objections.  Mattel has refused to confirm whether
9  or not it has produced all non-privileged responsive documents or whether it is
10  withholding documents based on its objections in Phase 2.  Under the Federal Rules
11  of Civil Procedure, "an objection to part of a request must specify the part and
12  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
13  fail to explain the basis for an objection with specificity are routinely rejected in the
14  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
15  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
16  harassing' are improper – especially when a party fails to submit any evidentiary
17  declarations supporting such objections").  Accordingly, Mattel must be compelled
18  either to certify that it has produced all non-privileged responsive documents or to
19  produce all such documents by a date certain.

20        To the extent that Mattel is relying on its blanket objections, they are
21  not sustainable and do not justify Mattel's failure to produce documents.

22        As to overbreadth, Mattel provides no explanation, let alone the
23  required particularity, as to *why* this request is supposedly overly broad, nor can it
24  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
25  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the
26  event Mattel contends that BRATZ has impacted its sales, profits or revenues from
27  any Barbie doll or toy as part of its damages, the request is narrowly tailored to seek
28  documents concerning the creation or design of such Barbie doll or toy.

1   As to burden, Mattel has not attempted to demonstrate why responding
2   to this request and/or producing responsive documents presents any burden.  This
3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
4   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
5   request is unduly burdensome must allege specific facts which indicate the nature
6   and extent of the burden, usually by affidavit or other reliable evidence.")
7   Moreover, it is not unduly burdensome, as noted above, in that the request is
8   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
9   has engaged in a broad variety of unfair trade practices including serial copying of
10  MGA products.  Mattel has made a claim of trade secret misappropriation against
11  MGA. MGA is entitled to discovery on its claims, defenses and damages.  In the
12  event Mattel contends that BRATZ has impacted its sales, profits or revenues from
13  any Barbie doll or toy as part of its damages, the request is narrowly tailored to seek
14  documents concerning the creation or design of such Barbie doll or toy.

15  This request does not seek documents protected by the attorney-client
16  privilege, the attorney work product doctrine, or other applicable privileges.  To the
17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18  Mattel objects that the request contains confidential, proprietary and
19  trade secret information.  A Protective Order exists in this case, obviating any
20  concern as to protection of privacy rights and/or commercially sensitive
21  information.

22  As for relevancy, Mattel has not attempted to demonstrate why the
23  information sought in response to this request is not discoverable in Phase 2.  On the
24  contrary, if Mattel contends that BRATZ has impacted its sales, profits or revenues
25  from any Barbie doll or toy as part of its damages, documents related to the creation
26  and design of such doll or toy are highly relevant to MGA's defenses, and damages,
27  including any damages Mattel may claim in its trade secret misappropriation claim,
28  and are discoverable in Phase 2.  MGA is entitled to all documents on the issue, and

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  not just those that Mattel chooses to produce in support of its claims.   Further,
2  Mattel's prayer for relief is extremely broad.   Because Mattel's pleadings seek such
3  broad relief, MGA is entitled to extremely broad discovery on these issues.

4          None of Mattel's improper objections are valid and Mattel is obligated
5  to produce all non-privileged responsive documents in its possession, custody, or
6  control.

7  **MATTEL'S RESPONSE:**

8          The Request is absurdly overbroad.   Seeking the universe of <u>all</u>
9  documents "used or referred to" in creating and designing any Barbie doll or toy
10  whose sales, profits, or revenues Bratz has impacted or affected is plainly not
11  narrowly tailored to seek information relevant to Phase 2.   MGA's definition of
12  "DOCUMENTS" includes tangible things and property, which means that to the
13  extent this Request is intelligible it seems to be asking for things like pencils,
14  computers, and desks that were "used" in the creating and designing of Barbie dolls
15  and toys, in addition to the countless numbers of irrelevant documents.   The Request
16  is therefore also vague and ambiguous as to the meaning of "used or referred to."
17  The vast majority of the documents responsive to this Request would have no
18  possible relevance to any claims or defenses in Phase 2.

19          Further, this Request is unduly burdensome.   <u>Rule</u> 26(b)(2)(c) provides
20  that a Court should limit the extent of discovery if it determines that the burden of
21  the proposed discovery outweighs its likely benefit; the discovery sought is
22  unreasonably cumulative or duplicative, or is obtainable from some other source that
23  is more convenient, less burdensome, or less expensive; or the party seeking
24  discovery has had ample opportunity by discovery in the action to obtain the
25  information sought.   <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).   The burden of locating and
26  producing the documents responsive to this overbroad Request would greatly
27  outweigh any marginal benefit to MGA, for the following reasons.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   █████████████████████████████████████████████████████

2   ██████████████████████████

3   ████████████████████████████████████████████████████

4   █████████████████████████████████████████████████████

5   █████████████████████████████████████████████████████

6   █████████████████████████████████████████████████████

7   █████████████████████████████████████████████████████

8   █████████████████████████████████████████████████████

9   █████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████

11   ████████████████████████████████████████████████████

12   ████████████████████████████████████████████████████

13   ████

14   ██████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████

17   ███████████████████████████████████████████

18        Mattel also properly reserved its right to supplement its production

19 subject to expert discovery.  <u>See</u> <u>New Haven Temple SDA Church v. Consolidated</u>

20 <u>Edison Corp.</u>, 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

21 objections to interrogatory because "[t]o the extent that the theories of damages

22   _____

23   ███████

24   ████████████████████████████████████████████████████

25   ██████████████████████████████████████████████████████

26   ██

27   █████████████████████████████████████████████████████

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1   applicable to these claims may be related to the damages sought by plaintiff's fourth
2   claim, the interrogatory is premature"). <u>Ziemack v. Centel Corp.</u>, 1995 WL 729295,
3   at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses
4   but noting that "this Court does not expect Plaintiffs to address the issues that will
5   be more appropriately dealt with by experts, at a later date" and "since experts have
6   not been either retained or deposed, much of the remaining discovery is also
7   premature.").

8        There is no basis for overruling Mattel's privilege objection. MGA's
9   bald assertion that "[t]his request does not seek information protected by the
10   attorney-client privilege, the attorney work product doctrine, or other applicable
11   privileges" has no merit. Moreover, as MGA has itself argued, the parties have
12   agreed that "all privileged documents would be logged except for documents created
13   after this action was filed on April 27, 2004."[1857]  Thus, to the extent privileged
14   documents fall within the post lawsuit time period, they need not be included on
15   Mattel's log. Although it bears the burden of showing why this agreement should
16   not be applied to a given Request, MGA fails to do so.

17        Finally, MGA failed to meet and confer at all, much less in good faith,
18   regarding this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master
19   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
20   the moving party shall first identify each dispute, state the relief sought and identify
21   the authority supporting the requested relief in a meet and confer letter that shall be
22   served on all parties by facsimile or electronic mail. The parties shall have five court
23   days from the date of service of that letter to conduct an in-person conference to
24   attempt to resolve the dispute.").   In order to engage in a meaningful meet and

---

[1857]   <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the
Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
3.

confer, MGA had the burden to show the relevance of any requests it sought to move on.[1858]   At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[1859]   Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 155:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any "Barbie" doll or toy as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing Mattel's decision to create, design, develop or abandon such doll or toy including, without limitation, the reasons for and factors influencing its decision.

**RESPONSE TO REQUEST NO. 155:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery.   Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-

---

[1858]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[1859]   See Webster Dec. at p. 1-5.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. In the event Mattel contends that BRATZ has impacted its sales, profits or revenues from any Barbie doll or toy as part of its damages, the request is narrowly tailored to seek

documents concerning Mattel's decision to create, design, develop or abandon such Barbie doll or toy.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products. Mattel has made a claim of trade secret misappropriation against MGA. MGA is entitled to discovery on its claims, defenses and damages. In the event Mattel contends that BRATZ has impacted its sales, profits or revenues from any Barbie doll or toy as part of its damages, the request is narrowly tailored to seek documents concerning Mattel's decision to create, design, develop or abandon such Barbie doll or toy.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential, proprietary and trade secret information. A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

As to relevancy, Mattel has not attempted to make any objections. It therefore concedes relevance. In any event, if Mattel contends that BRATZ has impacted its sales, profits or revenues from any Barbie doll or toy as part of its damages, documents concerning Mattel's decision to create, design, develop or

1   abandon such Barbie doll or toy are highly relevant to MGA's defenses, and
2   damages, including any damages Mattel may claim in its trade secret
3   misappropriation claim, and are discoverable in Phase 2.   MGA is entitled to all
4   documents on the issue, and not just those that Mattel chooses to produce in support
5   of its claims.   Further, Mattel's prayer for relief is extremely broad.   Because
6   Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad
7   discovery on these issues.

8          None of Mattel's improper objections are valid and Mattel is obligated
9   to produce all non-privileged responsive documents in its possession, custody, or
10  control.

11  **MATTEL'S RESPONSE:**

12          The Request is absurdly overbroad.   Seeking the universe of <u>all</u>
13  documents, including market research, <u>referring</u> or <u>relating</u> to any Barbie doll or toy,
14  or influencing Mattel's decision to create, design, develop or abandon such doll or
15  toy, whose sales, profits, or revenues Bratz has impacted or affected is plainly not
16  narrowly tailored to seek information relevant to Phase 2.   The prior Discovery
17  Master already found such requests to be improper.[1860]   The vast majority of the
18  documents responsive to this Request would have no possible relevance to any
19  claims or defenses in Phase 2.

20          Further, this Request is unduly burdensome.   <u>Rule</u> 26(b)(2)(c) provides
21  that a Court should limit the extent of discovery if it determines that the burden of
22  the proposed discovery outweighs its likely benefit; the discovery sought is
23  unreasonably cumulative or duplicative, or is obtainable from some other source that
24  is more convenient, less burdensome, or less expensive; or the party seeking
25  discovery has had ample opportunity by discovery in the action to obtain the
26
27
28

1  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

2  producing the documents responsive to this overbroad Request would greatly

3  outweigh any marginal benefit to MGA, for the following reasons.



00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    Mattel also properly reserved its right to supplement its production
2  subject to expert discovery. See New Haven Temple SDA Church v. Consolidated
3  Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining
4  objections to interrogatory because "[t]o the extent that the theories of damages
5  applicable to these claims may be related to the damages sought by plaintiff's fourth
6  claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295,
7  at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses
8  but noting that "this Court does not expect Plaintiffs to address the issues that will
9  be more appropriately dealt with by experts, at a later date" and "since experts have
10  not been either retained or deposed, much of the remaining discovery is also
11  premature.").

12    There is no basis for overruling Mattel's privilege objection.  MGA's
13  bald assertion that "[t]his request does not seek information protected by the
14  attorney-client privilege, the attorney work product doctrine, or other applicable
15  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
16  agreed that "all privileged documents would be logged except for documents created
17  after this action was filed on April 27, 2004."[1874]  Thus, to the extent privileged
18  documents fall within the post lawsuit time period, they need not be included on
19  Mattel's log.  Although it bears the burden of showing why this agreement should
20  not be applied to a given Request, MGA fails to do so.

21    Finally, MGA failed to meet and confer at all, much less in good faith,
22  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
23  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
24  the moving party shall first identify each dispute, state the relief sought and identify

---

26  [1874]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
   3.

1  the authority supporting the requested relief in a meet and confer letter that shall be
2  served on all parties by facsimile or electronic mail. The parties shall have five court
3  days from the date of service of that letter to conduct an in-person conference to
4  attempt to resolve the dispute.").   In order to engage in a meaningful meet and
5  confer, MGA had the burden to show the relevance of any requests it sought to
6  move on.[1875]   At no point during the meet and confer process did MGA show why
7  this Request could be considered relevant to Phase 2 issues.[1876]   Because MGA
8  refused to even attempt to make this showing, there was no possibility of a good
9  faith meet and confer to resolve the parties' disputes. The Discovery Master should
10 deny MGA's motion with respect to this Request on that grounds alone.

11 **REQUEST FOR PRODUCTION NO. 156:**

12         If YOU contend that BRATZ has impacted or affected YOUR sales,
13 profits or revenue from any "Barbie" doll or toy as part of YOUR damages in this
14 case, all DOCUMENTS evidencing, detailing, discussing, describing, depicting,
15 mentioning, referring to, or relating to the similarities or differences between
16 BRATZ on the one hand and such doll or toy on the other.

17 **RESPONSE TO REQUEST NO. 156:**

18         In addition to the general objections stated above, which are
19 incorporated herein by reference, Mattel objects to this Request on the grounds that
20 it is unreasonably burdensome and premature in that the facts necessary to
21 determine the full nature and extent of Mattel's damages from defendant's acts or
22 omissions are known by defendants and third parties associated with defendants, but
23 are not known by Mattel at this juncture because of defendants' refusals to produce
24

25    [1875]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
   [1876]  See Webster Dec. at p. 1-5.
28

basic discovery.   Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for information that is not relevant to this action or likely to lead to the discovery of admissible evidence.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

1    As to overbreadth, Mattel provides no explanation, let alone the
2 required particularity, as to *why* this request is supposedly overly broad, nor can it
3 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
4 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. In the
5 event Mattel contends that BRATZ has impacted its sales, profits or revenues from
6 any Barbie doll or toy as part of its damages, the request is narrowly tailored to seek
7 documents concerning similarities or differences between BRATZ and such doll or
8 toy.

9    As to burden, Mattel has not attempted to demonstrate why responding
10 to this request and/or producing responsive documents presents any burden. This
11 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
12 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
13 request is unduly burdensome must allege specific facts which indicate the nature
14 and extent of the burden, usually by affidavit or other reliable evidence.")
15 Moreover, it is not unduly burdensome, as noted above, in that the request is
16 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
17 has engaged in a broad variety of unfair trade practices including serial copying of
18 MGA products. Mattel has made a claim of trade secret misappropriation against
19 MGA. MGA is entitled to discovery on its claims, defenses and damages. In the
20 event Mattel contends that BRATZ has impacted its sales, profits or revenues from
21 any Barbie doll or toy as part of its damages, the request is narrowly tailored to seek
22 documents concerning similarities or differences between BRATZ and such doll or
23 toy.

24    This request does not seek documents protected by the attorney-client
25 privilege, the attorney work product doctrine, or other applicable privileges. To the
26 extent that Mattel contends that it does, Mattel must provide a privilege log.

27    Mattel objects that the request contains confidential, proprietary, and
28 trade secret information. A Protective Order exists in this case, obviating any

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 │ concern as to protection of privacy rights and/or commercially sensitive
2 │ information.

3 │       As for relevancy, Mattel has not attempted to demonstrate why the
4 │ information sought in response to this request is not discoverable in Phase 2. If
5 │ Mattel contends that BRATZ has impacted its sales, profits or revenues from any
6 │ Barbie doll or toy as part of its damages, documents related to similarities or
7 │ differences between BRATZ and such Barbie doll or toy are highly relevant to
8 │ MGA's claims, defenses, and damages, including its defense against Mattel's trade
9 │ secret misappropriation claim and any damages Mattel may claim, and are
10 │ discoverable in Phase 2. MGA is entitled to all documents on the issue, and not just
11 │ those that Mattel chooses to produce in support of its claims. Further, Mattel's
12 │ prayer for relief is extremely broad. Because Mattel's pleadings seek such broad
13 │ relief, MGA is entitled to extremely broad discovery on these issues.

14 │       None of Mattel's improper objections are valid and Mattel is obligated
15 │ to produce all non-privileged responsive documents in its possession, custody, or
16 │ control.

17 │ **MATTEL'S RESPONSE:**

18 │       MGA's argument that it is entitled to these documents fails on the
19 │ merits. MGA argues that "Mattel has not attempted to demonstrate why the
20 │ information sought in response to this request is not discoverable in Phase 2."
21 │ However, MGA bears the burden of showing that its discovery meets the relevance
22 │ requirements of Rule 26(b)(1).[1877] MGA makes a conclusory assertion that the
23 │ Request is relevant to "MGA's claims, defenses, and damages, including its defense
24 │ against Mattel's trade secret misappropriatiuon claim and any damages Mattel may

25 │

26 │ [1877] See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
27 │ moving party, "Mattel bears an initial burden of establishing relevancy") (citing
   │ Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
28 │

1   claim," but has not attempted to explain how all documents evidencing, detailing,

2   discussing, describing, depicting, mentioning, referring to, or relating to the

3   similarities or differences between Bratz and Barbie dolls and toys is related to

4   Mattel's trade secret misappropriation claim, or identify any other claim or defense it

5   might be related to. "A trial court has a duty, of special significance in lengthy and

6   complex cases where the possibility of abuse is always present, to supervise and

7   limit discovery to protect parties and witnesses from annoyance and excessive

8   expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also

9   Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36

10   (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

11   1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a

12   party may not propound document requests as part of a fishing expedition or to

13   discover new claims.[1878] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

14   2004) ("District courts need not condone the use of discovery to engage in 'fishing

15   expeditions.'").

16         The Request is absurdly overbroad. Seeking the universe of all

17   documents evidencing, detailing, discussing, describing, depicting, mentioning,

18   referring to or relating to the similarities or differences between Bratz any Barbie

19   doll or toy whose sales, profits, or revenues Bratz has impacted or affected is plainly

20   not narrowly tailored to seek information relevant to Phase 2. This includes every

21   document that refers or relates to any feature of either Barbie or Bratz. The prior

22   Discovery Master already found such requests to be improper.[1879] The vast majority

23

24

25   [1878]   See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.

26   1.

27   [1879]   See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5, at 18.

28

1  of the documents responsive to this Request would have no possible relevance to

2  any claims or defenses in Phase 2.

3  Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides

4  that a Court should limit the extent of discovery if it determines that the burden of

5  the proposed discovery outweighs its likely benefit; the discovery sought is

6  unreasonably cumulative or duplicative, or is obtainable from some other source that

7  is more convenient, less burdensome, or less expensive; or the party seeking

8  discovery has had ample opportunity by discovery in the action to obtain the

9  information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and

10  producing the documents responsive to this overbroad Request would greatly

11  outweigh any marginal benefit to MGA, for the following reasons.



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ██████████████████████████████████████████████████

2 ████████████████████████████████████████

3          Mattel also properly reserved its right to supplement its production

4 subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated

5 Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

6 objections to interrogatory because "[t]o the extent that the theories of damages

7 applicable to these claims may be related to the damages sought by plaintiff's fourth

8 claim, the interrogatory is premature").  Ziemack v. Centel Corp., 1995 WL 729295,

9 at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

10 but noting that "this Court does not expect Plaintiffs to address the issues that will

11 be more appropriately dealt with by experts, at a later date" and "since experts have

12 not been either retained or deposed, much of the remaining discovery is also

13 premature.").

14          There is no basis for overruling Mattel's privilege objection.  MGA's

15 bald assertion that "[t]his request does not seek information protected by the

16 attorney-client privilege, the attorney work product doctrine, or other applicable

17 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

18 agreed that "all privileged documents would be logged except for documents created

19 after this action was filed on April 27, 2004."[1893]  Thus, to the extent privileged

20 documents fall within the post lawsuit time period, they need not be included on

21 ─────────────────────

22 ████████████████████████████████████████

23 █ ██████████████████████████████████████

24 █ ████████████████████████████████████████

25 █ ██████████████████████████████████████

26 █ ████████████████████████████████████████

27 █

28

1  Mattel's log.  Although it bears the burden of showing why this agreement should
2  not be applied to a given Request, MGA fails to do so.

3          Finally, MGA failed to meet and confer at all, much less in good faith,
4  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
6  the moving party shall first identify each dispute, state the relief sought and identify
7  the authority supporting the requested relief in a meet and confer letter that shall be
8  served on all parties by facsimile or electronic mail. The parties shall have five court
9  days from the date of service of that letter to conduct an in-person conference to
10  attempt to resolve the dispute.").   In order to engage in a meaningful meet and
11  confer, MGA had the burden to show the relevance of any requests it sought to
12  move on.[1894]   At no point during the meet and confer process did MGA show why
13  this Request could be considered relevant to Phase 2 issues.[1895]   Because MGA
14  refused to even attempt to make this showing, there was no possibility of a good
15  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
16  deny MGA's motion with respect to this Request on that grounds alone.

17  **REQUEST FOR PRODUCTION NO. 157:**

18          If YOU contend that BRATZ has impacted or affected YOUR sales,
19  profits or revenue from "Barbie" as part of YOUR damages in this case, all
20  DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning,
21  referring to, or relating to the similarities or differences between BRATZ on the one
22  hand and "Barbie" on the other.

---

25  [1894]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [1895]   See Webster Dec. at p. 1-5.

**RESPONSE TO REQUEST NO. 157:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery.   Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it calls for information that is not relevant to this action or likely to lead to the discovery of admissible evidence.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the event Mattel contends that BRATZ has impacted its sales, profits or revenues from "Barbie" as part of its damages, the request is narrowly tailored to seek documents concerning similarities or differences between BRATZ and "Barbie."

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of

MGA products.  Mattel has made a claim of trade secret misappropriation against MGA. MGA is entitled to discovery on its claims, defenses and damages.  In the event Mattel contends that BRATZ has impacted its sales, profits or revenues from "Barbie" as part of its damages, the request is narrowly tailored to seek documents concerning similarities or differences between BRATZ and "Barbie."

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1       This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4       Mattel objects that the request contains confidential, proprietary, and

5   trade secret information.   A Protective Order exists in this case, obviating any

6   concern  as  to  protection  of  privacy  rights  and/or  commercially  sensitive

7   information.

8       As for relevancy, Mattel has not attempted to demonstrate why the

9   information sought in response to this request is not discoverable in Phase 2.   If

10  Mattel contends that BRATZ has impacted its sales, profits or revenues from

11  "Barbie" as part of its damages, documents concerning similarities or differences

12  between BRATZ and "Barbie" are highly relevant to MGA's claims, defenses, and

13  damages, including its defense against Mattel's trade secret misappropriation claim

14  and any damages Mattel may claim, and are discoverable in Phase 2.   MGA is

15  entitled to all documents on the issue, and not just those that Mattel chooses to

16  produce in support of its claims.   Further, Mattel's prayer for relief is extremely

17  broad.   Because Mattel's pleadings seek such broad relief, MGA is entitled to

18  extremely broad discovery on these issues.

19      None of Mattel's improper objections are valid and Mattel is obligated

20  to produce all non-privileged responsive documents in its possession, custody, or

21  control.

22  **MATTEL'S RESPONSE:**

23      MGA's argument that it is entitled to these documents fails on the

24  merits.   MGA argues that "Mattel has not attempted to demonstrate why the

25  information sought in response to this request is not discoverable in Phase 2."

26  However, MGA bears the burden of showing that its discovery meets the relevance

27

28

1 | requirements of Rule 26(b)(1).[1896]  MGA makes a conclusory assertion that the
2 | Request is relevant to "MGA's claims, defenses, and damages, including its defense
3 | against Mattel's trade secret misappropriatiuon claim and any damages Mattel may
4 | claim," but has not attempted to explain how all documents evidencing, detailing,
5 | discussing, describing, depicting, mentioning, referring to, or relating to the
6 | similarities or differences between Bratz and Barbie dolls and toys is related to
7 | Mattel's trade secret misappropriation claim, or identify any other claim or defense it
8 | might be related to.  "A trial court has a duty, of special significance in lengthy and
9 | complex cases where the possibility of abuse is always present, to supervise and
10 | limit discovery to protect parties and witnesses from annoyance and excessive
11 | expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also
12 | Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36
13 | (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
14 | 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
15 | party may not propound document requests as part of a fishing expedition or to
16 | discover new claims.[1897]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.
17 | 2004) ("District courts need not condone the use of discovery to engage in 'fishing
18 | expeditions.'").

19 | The Request is absurdly overbroad.  Seeking the universe of all
20 | documents evidencing, detailing, discussing, describing, depicting, mentioning,
21 | referring to or relating to the similarities or differences between Bratz and Barbie is
22 | plainly not narrowly tailored to seek information relevant to Phase 2.  This includes

23 |

24 | [1896]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
25 | moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
26 | [1897]   See Order Granting In Part and Denying In Part Mattel's Motion for
27 | Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.
28 |

1  every document that refers or relates to any feature of either Barbie or Bratz.  The

2  prior Discovery Master already found such requests to be improper.[1898]  The vast

3  majority of the documents responsive to this Request would have no possible

4  relevance to any claims or defenses in Phase 2.  Further, the scope of requested

5  documents extends back <u>decades</u> before the relevant time period of this case, and

6  product lines, accessories, and licensed products that are not at issue.

7         Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides

8  that a Court should limit the extent of discovery if it determines that the burden of

9  the proposed discovery outweighs its likely benefit; the discovery sought is

10  unreasonably cumulative or duplicative, or is obtainable from some other source that

11  is more convenient, less burdensome, or less expensive; or the party seeking

12  discovery has had ample opportunity by discovery in the action to obtain the

13  information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and

14  producing the documents responsive to this overbroad Request would greatly

15  outweigh any marginal benefit to MGA, for the following reasons.



24  _____

25    [1898]  <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel,

26  dated May 22, 2007, Dart Dec., Exh. 5, at 18.



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



9   Mattel also properly reserved its right to supplement its production

10  subject to expert discovery. See New Haven Temple SDA Church v. Consolidated

11  Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

12  objections to interrogatory because "[t]o the extent that the theories of damages

13  applicable to these claims may be related to the damages sought by plaintiff's fourth

14  claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295,

15  at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

16  but noting that "this Court does not expect Plaintiffs to address the issues that will

17  be more appropriately dealt with by experts, at a later date" and "since experts have

18  not been either retained or deposed, much of the remaining discovery is also

19  premature.").

20  There is no basis for overruling Mattel's privilege objection.  MGA's

21  bald assertion that "[t]his request does not seek information protected by the

22  attorney-client privilege, the attorney work product doctrine, or other applicable



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  privileges" has no merit.   Moreover, as MGA has itself argued, the parties have

2  agreed that "all privileged documents would be logged except for documents created

3  after this action was filed on April 27, 2004."[1912]   Thus, to the extent privileged

4  documents fall within the post lawsuit time period, they need not be included on

5  Mattel's log.   Although it bears the burden of showing why this agreement should

6  not be applied to a given Request, MGA fails to do so.

7           Finally, MGA failed to meet and confer at all, much less in good faith,

8  regarding this Request prior to filing its Motion.   See Phase 2 Discovery Master

9  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

10  the moving party shall first identify each dispute, state the relief sought and identify

11  the authority supporting the requested relief in a meet and confer letter that shall be

12  served on all parties by facsimile or electronic mail. The parties shall have five court

13  days from the date of service of that letter to conduct an in-person conference to

14  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

15  confer, MGA had the burden to show the relevance of any requests it sought to

16  move on.[1913]   At no point during the meet and confer process did MGA show why

17  this Request could be considered relevant to Phase 2 issues.[1914]   Because MGA

18  refused to even attempt to make this showing, there was no possibility of a good

19  faith meet and confer to resolve the parties' disputes.   The Discovery Master should

20  deny MGA's motion with respect to this Request on that grounds alone.

21

22

23  [1912]  See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.

25  3.

   [1913]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

   [1914]  See Webster Dec. at p. 1-5.

28

**REQUEST FOR PRODUCTION NO. 158:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any doll or toy, including any fashion doll other than "Barbie," as part of YOUR damages in this case, all DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the conception, creation, design, development, sales and marketing of any such doll or toy.

**RESPONSE TO REQUEST NO. 158:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery.   Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for information that is not relevant to this action or likely to lead to the discovery of admissible evidence.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE
## TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. In the event that Mattel contends that MGA's BRATZ impacted or affected its sales, profits or revenue from any fashion doll other than "Barbie" as part of Mattel's damage claims, the request is narrowly tailored to seek all documents that are sufficient to identify the individuals that were involved in any way with the conception, creation, design, development, sales and marketing of any such doll or toy.

1        As to burden, Mattel has not attempted to demonstrate why responding
2 to this request and/or producing responsive documents presents any burden.  This
3 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
4 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
5 request is unduly burdensome must allege specific facts which indicate the nature
6 and extent of the burden, usually by affidavit or other reliable evidence.")
7 Moreover, it is not unduly burdensome, as noted above, in that the request is
8 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
9 has engaged in a broad variety of unfair trade practices including serial copying of
10 MGA products.

11        This request does not seek documents protected by the attorney-client
12 privilege, the attorney work product doctrine, or other applicable privileges.  To the
13 extent that Mattel contends that it does, Mattel must provide a privilege log.

14        As to relevancy, Mattel has not attempted to make any objections.
15 Mattel's prayer for relief is extremely broad.  Because Mattel's pleadings seek such
16 broad relief, MGA is entitled to extremely broad discovery on these issues.  A
17 request that seeks documents that are sufficient to identify the individuals that were
18 involved in any way with the conception, creation, design, development, sales and
19 marketing of any such doll or toy is relevant to this action and MGA's defense.

20        Mattel objects that the request contains confidential, proprietary, and
21 trade secret information.  A Protective Order exists in this case, obviating any
22 concern as to protection of privacy rights and/or commercially sensitive
23 information.

24        None of Mattel's improper objections are valid and Mattel is obligated
25 to produce all non-privileged responsive documents in its possession, custody, or
26 control.

27

28

**MATTEL'S RESPONSE:**

MGA's argument that it is entitled to these documents fails on the merits. MGA argues that "[a]s to relevancy, Mattel has not attempted to make any objections." However, Mattel <u>did</u> object as to relevancy, responding that it "further objects to this Request on the grounds that it calls for information that is not relevant to this action or likely to lead to the discovery of admissible evidence." MGA bears the burden of showing that its discovery meets the relevance requirements of <u>Rule 26(b)(1)</u>.[1915] MGA has not made any showing of relevancy, beyond the conclusory assertion that "Mattel's prayer for relief is extremely broad." The Request therefore must be denied. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[1916] <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, the Request is absurdly overbroad. Seeking the universe of <u>all</u> documents that <u>name</u> the individuals who worked on were involved <u>in any way</u> with

---

[1915]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[1916]   <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

1  the conception, creation design, development, sales and marketing of any doll or toy
2  other than Barbie whose sales, profits, or revenue Bratz has impacted or affected is
3  plainly not narrowly tailored to seek information relevant to Phase 2.  The number
4  of Mattel employees involved "in any way" with the conception, creation, design,
5  development, sales and marketing of these products  is very large, and the number of
6  documents that name such employees is obviously much larger.  Virtually all of
7  these documents could have no bearing on damages or any other issue in this case.

8  　　　　Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
9  that a Court should limit the extent of discovery if it determines that the burden of
10  the proposed discovery outweighs its likely benefit; the discovery sought is
11  unreasonably cumulative or duplicative, or is obtainable from some other source that
12  is more convenient, less burdensome, or less expensive; or the party seeking
13  discovery has had ample opportunity by discovery in the action to obtain the
14  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
15  producing the documents responsive to this overbroad Request would greatly
16  outweigh any marginal benefit to MGA, for the following reasons.

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ███████████████████████████████████████████

2 ███████████████████████████████████████████

3 ███████████████████████████████████████████

4 ████████████████████████████████

5       Mattel also properly reserved its right to supplement its production

6 subject to expert discovery. See New Haven Temple SDA Church v. Consolidated

7 Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

8 objections to interrogatory because "[t]o the extent that the theories of damages

9 applicable to these claims may be related to the damages sought by plaintiff's fourth

10 claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295,

11 at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

12 but noting that "this Court does not expect Plaintiffs to address the issues that will

13 be more appropriately dealt with by experts, at a later date" and "since experts have

14 not been either retained or deposed, much of the remaining discovery is also

15 premature.").

16       There is no basis for overruling Mattel's privilege objection. MGA's

17 bald assertion that "[t]his request does not seek information protected by the

18 attorney-client privilege, the attorney work product doctrine, or other applicable

19 privileges" has no merit. Moreover, as MGA has itself argued, the parties have

20 agreed that "all privileged documents would be logged except for documents created

21 after this action was filed on April 27, 2004."[1924] Thus, to the extent privileged

22

23 ██████████████████████████████████████████

24 ███

25 ███████████████████████████████████████████

26  [1924]  See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.

28 3.

1  documents fall within the post lawsuit time period, they need not be included on
2  Mattel's log. Although it bears the burden of showing why this agreement should
3  not be applied to a given Request, MGA fails to do so.

4      Finally, MGA failed to meet and confer at all, much less in good faith,
5  regarding this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master
6  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
7  the moving party shall first identify each dispute, state the relief sought and identify
8  the authority supporting the requested relief in a meet and confer letter that shall be
9  served on all parties by facsimile or electronic mail. The parties shall have five court
10 days from the date of service of that letter to conduct an in-person conference to
11 attempt to resolve the dispute."). In order to engage in a meaningful meet and
12 confer, MGA had the burden to show the relevance of any requests it sought to
13 move on.[1925] At no point during the meet and confer process did MGA show why
14 this Request could be considered relevant to Phase 2 issues.[1926] Because MGA
15 refused to even attempt to make this showing, there was no possibility of a good
16 faith meet and confer to resolve the parties' disputes. The Discovery Master should
17 deny MGA's motion with respect to this Request on that grounds alone.

18 **<u>REQUEST FOR PRODUCTION NO. 159:</u>**

19     If YOU contend that BRATZ has impacted or affected YOUR sales,
20 profits or revenue from any doll or toy, including any fashion doll other than
21 "Barbie," as part of YOUR damages in this case, all DOCUMENTS, evidencing,
22 demonstrating, discussing, mentioning, referring, relating to or calculating that
23 impact or affect.

24

---

25 [1925] <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
   [1926] <u>See</u> Webster Dec. at p. 1-5.

28

**RESPONSE TO REQUEST NO. 159:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. In the event that Mattel contends that MGA's BRATZ impacted or affected its sales, profits or revenue from any fashion doll other than "Barbie" as part of Mattel's damage claims, the request is narrowly tailored to seek all documents relating to or calculating that impact or affect.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.,</u> 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

As to relevancy, Mattel has not attempted to make any objections. Mattel's prayer for relief is extremely broad. Because Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad discovery on these issues. A request that seeks all documents relating to or calculating that impact or affect is relevant to this action and MGA's defense.

Mattel objects that the request contains confidential, proprietary, and trade secret information. A Protective Order exists in this case, obviating any

-1113-

1 | concern as to protection of privacy rights and/or commercially sensitive
2 | information.

3 | None of Mattel's improper objections are valid and Mattel is obligated
4 | to produce all non-privileged responsive documents in its possession, custody, or
5 | control.

6 | **MATTEL'S RESPONSE:**

7 | The Request is overbroad. Seeking the universe of <u>all</u> documents
8 | evidencing, demonstrating, discussing, mentioning, <u>referring</u>, <u>relating</u> to or
9 | caluclating the impact or effect of Bratz on the sales, profits or revenue from any
10 | Mattel doll or toy other than Barbie is plainly not narrowly tailored to seek
11 | information relevant to Phase 2.

12 | Further, this Request is unduly burdensome. <u>Rule</u> 26(b)(2)(c) provides
13 | that a Court should limit the extent of discovery if it determines that the burden of
14 | the proposed discovery outweighs its likely benefit; the discovery sought is
15 | unreasonably cumulative or duplicative, or is obtainable from some other source that
16 | is more convenient, less burdensome, or less expensive; or the party seeking
17 | discovery has had ample opportunity by discovery in the action to obtain the
18 | information sought. <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c). The burden of locating and
19 | producing the documents responsive to this overbroad Request would greatly
20 | outweigh any marginal benefit to MGA, for the following reasons.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7       Mattel also properly reserved its right to supplement its production

8   subject to expert discovery. <u>See</u> <u>New Haven Temple SDA Church v. Consolidated</u>

9   <u>Edison Corp.</u>, 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

10  objections to interrogatory because "[t]o the extent that the theories of damages

11  applicable to these claims may be related to the damages sought by plaintiff's fourth

12  claim, the interrogatory is premature"). <u>Ziemack v. Centel Corp.</u>, 1995 WL 729295,

13  at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

14  but noting that "this Court does not expect Plaintiffs to address the issues that will

15  be more appropriately dealt with by experts, at a later date" and "since experts have

16  not been either retained or deposed, much of the remaining discovery is also

17  premature.").

18      There is no basis for overruling Mattel's privilege objection.  MGA's

19  bald assertion that "[t]his request does not seek information protected by the

20  attorney-client privilege, the attorney work product doctrine, or other applicable

21  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

22  agreed that "all privileged documents would be logged except for documents created

23

24

25

26

27

28

1  after this action was filed on April 27, 2004."[1938]  Thus, to the extent privileged

2  documents fall within the post lawsuit time period, they need not be included on

3  Mattel's log.  Although it bears the burden of showing why this agreement should

4  not be applied to a given Request, MGA fails to do so.

5         Finally, MGA failed to meet and confer at all, much less in good faith,

6  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8  the moving party shall first identify each dispute, state the relief sought and identify

9  the authority supporting the requested relief in a meet and confer letter that shall be

10 served on all parties by facsimile or electronic mail. The parties shall have five court

11 days from the date of service of that letter to conduct an in-person conference to

12 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

13 confer, MGA had the burden to show the relevance of any requests it sought to

14 move on.[1939]   At no point during the meet and confer process did MGA show why

15 this Request could be considered relevant to Phase 2 issues.[1940]   Because MGA

16 refused to even attempt to make this showing, there was no possibility of a good

17 faith meet and confer to resolve the parties' disputes. The Discovery Master should

18 deny MGA's motion with respect to this Request on that grounds alone.

19 **REQUEST FOR PRODUCTION NO. 160:**

20         If YOU contend that BRATZ has impacted or affected YOUR sales,

21 profits or revenue from any doll or toy, including any fashion doll other than

22

23  [1938]  See Order Denying Mattel's Motion for Protective Order Limiting the

24 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.

25 3.  [1939]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27 Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

   [1940]  See Webster Dec. at p. 1-5.

28

1  "Barbie," as part of YOUR damages in this case, all DOCUMENTS evidencing,
2  demonstrating, discussing, mentioning, referring or relating to such doll or toy
3  including, without limitation, its creation, design, development, sales and marketing
4  and all MARKET RESEARCH and all sales and market analyses referring or
5  relating to such toy.

6  **RESPONSE TO REQUEST NO. 160:**

7        In addition to the general objections stated above, which are
8  incorporated herein by reference, Mattel objects to this Request on the grounds that
9  it is unreasonably burdensome and premature in that the facts necessary to
10  determine the full nature and extent of Mattel's damages from defendant's acts or
11  omissions are known by defendants and third parties associated with defendants, but
12  are not known by Mattel at this juncture because of defendants' refusals to produce
13  basic discovery.   Mattel further objects to this Request as overbroad, unduly
14  burdensome and oppressive in that it seeks "all" documents in Mattel's possession,
15  custody and control on this broad subject.  Mattel further objects to this Request on
16  the grounds that it calls for the disclosure of information subject to the attorney-
17  client privilege, the attorney work-product doctrine and other applicable privileges.
18  Mattel further objects to this Request on the grounds that it is improperly phrased as
19  a legal contention.  Mattel further objects to this Request on the grounds that it seeks
20  confidential, proprietary and trade secret information, such as current and future
21  Mattel marketing and pricing plans and strategies, that has no bearing on the claims
22  or defenses in this case.

23  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
24  **TO SHOULD BE COMPELLED**

25        Mattel has not agreed to produce documents in response to this request,
26  subject to its improper boilerplate objections.  Mattel has refused to confirm whether
27  or not it has produced all non-privileged responsive documents or whether it is
28  withholding documents based on its objections in Phase 2.  Under the Federal Rules

1  of Civil Procedure, "an objection to part of a request must specify the part and
2  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
3  fail to explain the basis for an objection with specificity are routinely rejected in the
4  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
5  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
6  harassing' are improper − especially when a party fails to submit any evidentiary
7  declarations supporting such objections").  Accordingly, Mattel must be compelled
8  either to certify that it has produced all non-privileged responsive documents or to
9  produce all such documents by a date certain.

10  To the extent that Mattel is relying on its blanket objections, they are
11  not sustainable and do not justify Mattel's failure to produce documents.

12  As to overbreadth, Mattel provides no explanation, let alone the
13  required particularity, as to *why* this request is supposedly overly broad, nor can it
14  do so.

15  This objection is therefore improper.  Order No. 17, dated April 14,
16  2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.
17  Ex. 58.  In the event that Mattel contends that MGA's BRATZ impacted or affected
18  its sales, profits or revenue from any fashion doll other than "Barbie" as part of
19  Mattel's damage claims, the request is narrowly tailored to seek all documents
20  related to such doll or toy (including, without limitation, its creation, design,
21  development, sales and marketing and all market research and analyses related to
22  the such toy.

23  As to burden, Mattel has not attempted to demonstrate why responding
24  to this request and/or producing responsive documents presents any burden.  This
25  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
26  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
27  request is unduly burdensome must allege specific facts which indicate the nature
28  and extent of the burden, usually by affidavit or other reliable evidence.")

1  Moreover, it is not unduly burdensome, as noted above, in that the request is
2  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
3  has engaged in a broad variety of unfair trade practices including serial copying of
4  MGA products.

5          This request does not seek documents protected by the attorney-client
6  privilege, the attorney work product doctrine, or other applicable privileges.  To the
7  extent that Mattel contends that it does, Mattel must provide a privilege log.

8          As to relevancy, Mattel has not attempted to make any objections.  It
9  therefore concedes relevance.  MGA is entitled to all documents on the issue, and
10 not just those that Mattel chooses to produce in support of its claims.  Further,
11 Mattel's prayer for relief is extremely broad.  Because Mattel's pleadings seek such
12 broad relief, MGA is entitled to extremely broad discovery on these issues.  A
13 request that seeks all documents related to any fashion doll other than "Barbie" doll
14 or toy, including, without limitation, its creation, design, development, sales and
15 marketing and all market research and analyses related to Mattel's claim is relevant
16 to this action and MGA's defense.

17         Mattel objects that the request contains confidential, proprietary, and
18 trade secret information.  A Protective Order exists in this case, obviating any
19 concern as to protection of privacy rights and/or commercially sensitive
20 information.

21         None of Mattel's improper objections are valid and Mattel is obligated
22 to produce all non-privileged responsive documents in its possession, custody, or
23 control.

24 **MATTEL'S RESPONSE:**

25         The Request is absurdly overbroad.  Seeking the universe of <u>all</u>
26 documents evidencing, demonstrating, discussing, mentioning, <u>referring</u>, or <u>relating</u>
27 to any Mattel doll or toy other than Barbie whose sales, profits, or revenue Bratz has
28 impacted or affected is plainly not narrowly tailored to seek information relevant to

Phase 2.  The vast majority of these documents would have no possible relevance to any claims or defenses in Phase 2.  The prior Discovery Master already found such requests to be improper.[1941]

Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.



---

[1941]  <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of requests is clearly overbroad, requiring production of documents that merely mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they have anything to do with the claims or defenses in this case.").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5          Mattel also properly reserved its right to supplement its production

6   subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated

7   Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

8   objections to interrogatory because "[t]o the extent that the theories of damages

9   applicable to these claims may be related to the damages sought by plaintiff's fourth

10  claim, the interrogatory is premature").  Ziemack v. Centel Corp., 1995 WL 729295,

11  at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

12  but noting that "this Court does not expect Plaintiffs to address the issues that will

13  be more appropriately dealt with by experts, at a later date" and "since experts have

14  not been either retained or deposed, much of the remaining discovery is also

15  premature.").

16          There is no basis for overruling Mattel's privilege objection.  MGA's

17  bald assertion that "[t]his request does not seek information protected by the

18  attorney-client privilege, the attorney work product doctrine, or other applicable

19  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

20  agreed that "all privileged documents would be logged except for documents created

21

22

23

24

25

26

27

28

1  after this action was filed on April 27, 2004."[1954]   Thus, to the extent privileged
2  documents fall within the post lawsuit time period, they need not be included on
3  Mattel's log.  Although it bears the burden of showing why this agreement should
4  not be applied to a given Request, MGA fails to do so.

5       Finally, MGA failed to meet and confer at all, much less in good faith,
6  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
7  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
8  the moving party shall first identify each dispute, state the relief sought and identify
9  the authority supporting the requested relief in a meet and confer letter that shall be
10  served on all parties by facsimile or electronic mail. The parties shall have five court
11  days from the date of service of that letter to conduct an in-person conference to
12  attempt to resolve the dispute.").   In order to engage in a meaningful meet and
13  confer, MGA had the burden to show the relevance of any requests it sought to
14  move on.[1955]   At no point during the meet and confer process did MGA show why
15  this Request could be considered relevant to Phase 2 issues.[1956]   Because MGA
16  refused to even attempt to make this showing, there was no possibility of a good
17  faith meet and confer to resolve the parties' disputes. The Discovery Master should
18  deny MGA's motion with respect to this Request on that grounds alone.

19  **REQUEST FOR PRODUCTION NO. 161:**

20       If YOU contend that BRATZ has impacted or affected YOUR sales,
21  profits or revenue from any doll or toy, including any fashion doll other than

22

23  [1954]   See Order Denying Mattel's Motion for Protective Order Limiting the
24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
25  3.
    [1955]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [1956]   See Webster Dec. at p. 1-5.
28

1   "Barbie," as part of YOUR damages in this case, all DOCUMENTS, including
2   MARKET RESEARCH, referring or relating to, or influencing Mattel's decision to
3   create, design, develop or modify such doll or toy including, without limitation, the
4   reasons for and factors influencing its decision.

5   **RESPONSE TO REQUEST NO. 161:**

6           In addition to the general objections stated above, which are
7   incorporated herein by reference, Mattel objects to this Request on the grounds that
8   it is unreasonably burdensome and premature in that the facts necessary to
9   determine the full nature and extent of Mattel's damages from defendant's acts or
10  omissions are known by defendants and third parties associated with defendants, but
11  are not known by Mattel at this juncture because of defendants' refusals to produce
12  basic discovery.   Mattel further objects to this Request as overbroad, unduly
13  burdensome and oppressive in that it seeks "all" documents in Mattel's possession,
14  custody and control on this broad subject.  Mattel further objects to this Request on
15  the grounds that it calls for the disclosure of information subject to the attorney-
16  client privilege, the attorney work-product doctrine and other applicable privileges.
17  Mattel further objects to this Request on the grounds that it is improperly phrased as
18  a legal contention.  Mattel further objects to this Request on the grounds that it seeks
19  confidential, proprietary and trade secret information, such as current and future
20  Mattel marketing and pricing plans and strategies, that has no bearing on the claims
21  or defenses in this case.

22  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
23  **TO SHOULD BE COMPELLED**

24          Mattel has not agreed to produce documents in response to this request,
25  subject to its improper boilerplate objections.  Mattel has refused to confirm whether
26  or not it has produced all non-privileged responsive documents or whether it is
27  withholding documents based on its objections in Phase 2.  Under the Federal Rules
28  of Civil Procedure, "an objection to part of a request must specify the part and

1   permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that
2   fail to explain the basis for an objection with specificity are routinely rejected in the
3   Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
4   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
5   harassing' are improper – especially when a party fails to submit any evidentiary
6   declarations supporting such objections"). Accordingly, Mattel must be compelled
7   either to certify that it has produced all non-privileged responsive documents or to
8   produce all such documents by a date certain.

9           To the extent that Mattel is relying on its blanket objections, they are
10  not sustainable and do not justify Mattel's failure to produce documents.

11          As to overbreadth, Mattel provides no explanation, let alone the
12  required particularity, as to *why* this request is supposedly overly broad, nor can it
13  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
14  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. In the
15  event that Mattel contends that MGA's BRATZ impacted or affected its sales,
16  profits or revenue from any fashion doll other than "Barbie" as part of Mattel's
17  damage claims, the request is narrowly tailored to seek all documents (including
18  market research) related to Mattel's decision to create, design, develop or modify
19  such toy or doll, including the reasons for and factors influencing its decision.

20          As to burden, Mattel has not attempted to demonstrate why responding
21  to this request and/or producing responsive documents presents any burden. This
22  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
23  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
24  request is unduly burdensome must allege specific facts which indicate the nature
25  and extent of the burden, usually by affidavit or other reliable evidence.")
26  Moreover, it is not unduly burdensome, as noted above, in that the request is
27  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
28

1   has engaged in a broad variety of unfair trade practices including serial copying of

2   MGA products.

3        This request does not seek documents protected by the attorney-client

4   privilege, the attorney work product doctrine, or other applicable privileges.  To the

5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6        As to relevancy, Mattel has not attempted to make any objections.   It

7   therefore concedes relevance.  MGA is entitled to all documents on the issue, and

8   not just those that Mattel chooses to produce in support of its claims.   Further,

9   Mattel's prayer for relief is extremely broad.  Because Mattel's pleadings seek such

10  broad relief, MGA is entitled to extremely broad discovery on these issues.   A

11  request that seeks all documents (including market research) related to Mattel's

12  decision to create, design, develop or modify such toy or doll (other than "Barbie"),

13  including the reasons for and factors influencing its decision is relevant to this

14  action and MGA's defense.

15       Mattel objects that the request contains confidential, proprietary, and

16  trade secret information.   A Protective Order exists in this case, obviating any

17  concern as to protection of privacy rights and/or commercially sensitive

18  information.

19       None of Mattel's improper objections are valid and Mattel is obligated

20  to produce all non-privileged responsive documents in its possession, custody, or

21  control.

22  **MATTEL'S RESPONSE:**

23       The Request is absurdly overbroad.   Seeking the universe of <u>all</u>

24  documents referring or relating to any Mattel doll or toy other than Barbie whose

25  sales, profits, or revenue Bratz has impacted or affected,or influencing Mattel's

26  decision to create, design, develop or modify such doll or toy, is plainly not

27  narrowly tailored to seek information relevant to Phase 2.  The vast majority of

28  these documents would have no possible relevance to any claims or defenses in

1  Phase 2.    The  prior  Discovery  Master  already  found  such  requests  to  be
2  improper.[1957]

3         Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
4  that a Court should limit the extent of discovery if it determines that the burden of
5  the  proposed  discovery  outweighs  its  likely  benefit;  the  discovery  sought  is
6  unreasonably cumulative or duplicative, or is obtainable from some other source that
7  is  more  convenient,  less  burdensome,  or  less  expensive;  or  the  party  seeking
8  discovery  has  had  ample  opportunity  by  discovery  in  the  action  to  obtain  the
9  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
10 producing  the  documents  responsive  to  this  overbroad  Request  would  greatly
11 outweigh any marginal benefit to MGA, for the following reasons.



_____

[1957]  See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of requests is clearly overbroad, requiring production of documents that merely mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they have anything to do with the claims or defenses in this case.").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1 ███████████████████████████████████

2 ███████████████████████████████████

3 ███████████████████████████████████

4 ██████████████████████████████

5     Mattel also properly reserved its right to supplement its production

6 subject to expert discovery. See New Haven Temple SDA Church v. Consolidated

7 Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

8 objections to interrogatory because "[t]o the extent that the theories of damages

9 applicable to these claims may be related to the damages sought by plaintiff's fourth

10 claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295,

11 at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

12 but noting that "this Court does not expect Plaintiffs to address the issues that will

13 be more appropriately dealt with by experts, at a later date" and "since experts have

14 not been either retained or deposed, much of the remaining discovery is also

15 premature.").

16     There is no basis for overruling Mattel's privilege objection. MGA's

17 bald assertion that "[t]his request does not seek information protected by the

18 attorney-client privilege, the attorney work product doctrine, or other applicable

19 privileges" has no merit. Moreover, as MGA has itself argued, the parties have

20 agreed that "all privileged documents would be logged except for documents created

21

22

23

24 ██████████████████████████████████

25 ██████████████████████████████████

26 ██████████████████████████████████

27 ████████████████████████████████████

28

1 after this action was filed on April 27, 2004."[1970]  Thus, to the extent privileged
2 documents fall within the post lawsuit time period, they need not be included on
3 Mattel's log.  Although it bears the burden of showing why this agreement should
4 not be applied to a given Request, MGA fails to do so.

5          Finally, MGA failed to meet and confer at all, much less in good faith,
6 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
7 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
8 the moving party shall first identify each dispute, state the relief sought and identify
9 the authority supporting the requested relief in a meet and confer letter that shall be
10 served on all parties by facsimile or electronic mail. The parties shall have five court
11 days from the date of service of that letter to conduct an in-person conference to
12 attempt to resolve the dispute.").   In order to engage in a meaningful meet and
13 confer, MGA had the burden to show the relevance of any requests it sought to
14 move on.[1971]   At no point during the meet and confer process did MGA show why
15 this Request could be considered relevant to Phase 2 issues.[1972]   Because MGA
16 refused to even attempt to make this showing, there was no possibility of a good
17 faith meet and confer to resolve the parties' disputes.  The Discovery Master should
18 deny MGA's motion with respect to this Request on that grounds alone.

19 **REQUEST FOR PRODUCTION NO. 162:**

20          If YOU contend that BRATZ has impacted or affected YOUR sales,
21 profits or revenue from any doll or toy, including any fashion doll other than
22

23   [1970]   See Order Denying Mattel's Motion for Protective Order Limiting the
24 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
25 3.
     [1971]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
     [1972]   See Webster Dec. at p. 1-5.
28

1 "Barbie," as part of YOUR damages in this case, all DOCUMENTS used or referred

2 to in creating and designing such doll or toy including, without limitation, all

3 DOCUMENTS that served as artistic inspiration for any aspect, feature or element

4 of such doll or toy.

5 **RESPONSE TO REQUEST NO. 162:**

6 In addition to the general objections stated above, which are

7 incorporated herein by reference, Mattel objects to this Request on the grounds that

8 it is unreasonably burdensome and premature in that the facts necessary to

9 determine the full nature and extent of Mattel's damages from defendant's acts or

10 omissions are known by defendants and third parties associated with defendants, but

11 are not known by Mattel at this juncture because of defendants' refusals to produce

12 basic discovery. Mattel further objects to this Request as overbroad, unduly

13 burdensome and oppressive in that it seeks "all" documents in Mattel's possession,

14 custody and control on this broad subject. Mattel further objects to this Request on

15 the grounds that it calls for the disclosure of information subject to the attorney-

16 client privilege, the attorney work-product doctrine and other applicable privileges.

17 Mattel further objects to this Request on the grounds that it is improperly phrased as

18 a legal contention. Mattel further objects to this Request on the grounds that it seeks

19 confidential, proprietary and trade secret information that has no bearing on the

20 claims or defenses in this case. Mattel further objects to this Request on the grounds

21 that it calls for information that is not relevant to this action or likely to lead to the

22 discovery of admissible evidence. Mattel further objects to this Request as vague

23 and ambiguous.

24 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

25 **TO SHOULD BE COMPELLED**

26 Mattel has not agreed to produce documents in response to this request,

27 subject to its improper boilerplate objections. Mattel has refused to confirm whether

28 or not it has produced all non-privileged responsive documents or whether it is

1   withholding documents based on its objections in Phase 2.  Under the Federal Rules
2   of Civil Procedure, "an objection to part of a request must specify the part and
3   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
4   fail to explain the basis for an objection with specificity are routinely rejected in the
5   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
6   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
7   harassing' are improper – especially when a party fails to submit any evidentiary
8   declarations supporting such objections").  Accordingly, Mattel must be compelled
9   either to certify that it has produced all non-privileged responsive documents or to
10  produce all such documents by a date certain.

11          To the extent that Mattel is relying on its blanket objections, they are
12  not sustainable and do not justify Mattel's failure to produce documents.

13          As to overbreadth, Mattel provides no explanation, let alone the
14  required particularity, as to *why* this request is supposedly overly broad, nor can it
15  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
16  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the
17  event that Mattel contends that MGA's BRATZ impacted or affected its sales,
18  profits or revenue from any fashion doll other than "Barbie" as part of Mattel's
19  damage claims, the request is narrowly tailored to seek all documents used in
20  creating and designing such doll or toy.  Such documents may include documents
21  that served as artistic inspiration for any aspect, feature or element of such doll or
22  toy.

23          As to burden, Mattel has not attempted to demonstrate why responding
24  to this request and/or producing responsive documents presents any burden.  This
25  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
26  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
27  request is unduly burdensome must allege specific facts which indicate the nature
28  and extent of the burden, usually by affidavit or other reliable evidence.")

-1136-

1   Moreover, it is not unduly burdensome, as noted above, in that the request is
2   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
3   has engaged in a broad variety of unfair trade practices including serial copying of
4   MGA products.

5        This request does not seek documents protected by the attorney-client
6   privilege, the attorney work product doctrine, or other applicable privileges. To the
7   extent that Mattel contends that it does, Mattel must provide a privilege log.

8        As for relevancy, Mattel has not attempted to demonstrate why
9   responding to this request and/or producing responsive documents is irrelevant to
10  the present action. Further, Mattel's prayer for relief is extremely broad. Because
11  Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad
12  discovery on these issues. A request that seeks all documents used in creating and
13  designing such doll or toy (other than "Barbie") is relevant to this action and MGA's
14  defense.

15       Mattel objects that the request contains confidential, proprietary, and
16  trade secret information. A Protective Order exists in this case, obviating any
17  concern as to protection of privacy rights and/or commercially sensitive
18  information.

19       None of Mattel's improper objections are valid and Mattel is obligated
20  to produce all non-privileged responsive documents in its possession, custody, or
21  control.

22  **MATTEL'S RESPONSE:**

23       The Request is absurdly overbroad. Seeking the universe of <u>all</u>
24  DOCUMENTS, "used or referred to" in creating and designing any Mattel doll or
25  toy other than Barbie whose sales, profit or revenue Bratz has impacted or affected
26  is plainly not narrowly tailored to seek information relevant to Phase 2. MGA's
27  definition of "DOCUMENTS" includes tangible things and property, which means
28  that to the extent this Request is intelligible it seems to be asking for things like

1  pencils, computers, and desks that were "used" in the creating and designing of
2  these toys or dolls, in addition to the countless numbers of irrelevant documents.
3  The Request is therefore also vague and ambiguous as to the meaning of "used or
4  referred to."  The vast majority of the documents responsive to this Request would
5  have no possible relevance to any claims or defenses in Phase 2.

6          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
7  that a Court should limit the extent of discovery if it determines that the burden of
8  the proposed discovery outweighs its likely benefit; the discovery sought is
9  unreasonably cumulative or duplicative, or is obtainable from some other source that
10 is more convenient, less burdensome, or less expensive; or the party seeking
11 discovery has had ample opportunity by discovery in the action to obtain the
12 information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
13 producing the documents responsive to this overbroad Request would greatly
14 outweigh any marginal benefit to MGA, for the following reasons.



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   ████████████████████████████████████████

2   ██████████████████████████████████

3       Mattel also properly reserved its right to supplement its production

4   subject to expert discovery. <u>See</u> <u>New Haven Temple SDA Church v. Consolidated</u>

5   <u>Edison Corp.</u>, 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

6   objections to interrogatory because "[t]o the extent that the theories of damages

7   applicable to these claims may be related to the damages sought by plaintiff's fourth

8   claim, the interrogatory is premature"). <u>Ziemack v. Centel Corp.</u>, 1995 WL 729295,

9   at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

10  but noting that "this Court does not expect Plaintiffs to address the issues that will

11  be more appropriately dealt with by experts, at a later date" and "since experts have

12  not been either retained or deposed, much of the remaining discovery is also

13  premature.").

14      There is no basis for overruling Mattel's privilege objection.  MGA's

15  bald assertion that "[t]his request does not seek information protected by the

16  attorney-client privilege, the attorney work product doctrine, or other applicable

17  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

18  agreed that "all privileged documents would be logged except for documents created

19  after this action was filed on April 27, 2004."[1985]  Thus, to the extent privileged

20  documents fall within the post lawsuit time period, they need not be included on

21  ─────────────────────

22  ████████████████████████████████████████

23  ████████████████████████████████████████

24  ████████████████████████████████████████

25  ████████████████████████████████████████

26  [1985]   <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.

28  3.

1  Mattel's log.  Although it bears the burden of showing why this agreement should
2  not be applied to a given Request, MGA fails to do so.

3  　　　　　Finally, MGA failed to meet and confer at all, much less in good faith,
4  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
6  the moving party shall first identify each dispute, state the relief sought and identify
7  the authority supporting the requested relief in a meet and confer letter that shall be
8  served on all parties by facsimile or electronic mail. The parties shall have five court
9  days from the date of service of that letter to conduct an in-person conference to
10 attempt to resolve the dispute.").   In order to engage in a meaningful meet and
11 confer, MGA had the burden to show the relevance of any requests it sought to
12 move on.[1986]   At no point during the meet and confer process did MGA show why
13 this Request could be considered relevant to Phase 2 issues.[1987]   Because MGA
14 refused to even attempt to make this showing, there was no possibility of a good
15 faith meet and confer to resolve the parties' disputes.  The Discovery Master should
16 deny MGA's motion with respect to this Request on that grounds alone.

17 **REQUEST FOR PRODUCTION NO. 163:**

18 　　　　　If YOU contend that BRATZ has impacted or affected YOUR sales,
19 profits or revenue from any doll or toy, including any fashion doll other than
20 "Barbie" as part of YOUR damages in this case, all DOCUMENTS, including
21 MARKET RESEARCH, referring or relating to, or influencing Mattel's decision to
22 create, design, develop or abandon such doll or toy including, without limitation, the
23 reasons for and factors influencing its decision.

24

25 　[1986]　See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
　 　[1987]　See Webster Dec. at p. 1-5.
28

**RESPONSE TO REQUEST NO. 163:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery.   Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary

1   declarations supporting such objections").  Accordingly, Mattel must be compelled
2   either to certify that it has produced all non-privileged responsive documents or to
3   produce all such documents by a date certain.

4      To the extent that Mattel is relying on its blanket objections, they are
5   not sustainable and do not justify Mattel's failure to produce documents.

6      As to overbreadth, Mattel provides no explanation, let alone the
7   required particularity, as to *why* this request is supposedly overly broad, nor can it
8   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
9   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the
10  event that Mattel contends that MGA's BRATZ impacted or affected its sales,
11  profits or revenue from any fashion doll other than "Barbie" as part of Mattel's
12  damage claims, the request is narrowly tailored to seek all documents (including
13  market research) related to Mattel's decision to create, design, develop or abandon
14  such toy or doll, including the reasons for and factors influencing its decision.

15     As to burden, Mattel has not attempted to demonstrate why responding
16  to this request and/or producing responsive documents presents any burden.  This
17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
18  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
19  request is unduly burdensome must allege specific facts which indicate the nature
20  and extent of the burden, usually by affidavit or other reliable evidence.")

21     Moreover, it is not unduly burdensome, as noted above, in that the
22  request is narrowly tailored to seek only discoverable evidence.  MGA has alleged
23  that Mattel has engaged in a broad variety of unfair trade practices including serial
24  copying of MGA products.

25     This request does not seek documents protected by the attorney-client
26  privilege, the attorney work product doctrine, or other applicable privileges.  To the
27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1        As to relevancy, Mattel has not attempted to make any objections.  It
2   therefore concedes relevance.  MGA is entitled to all documents on the issue, and
3   not just those that Mattel chooses to produce in support of its claims.  Further,
4   Mattel's prayer for relief is extremely broad.  Because Mattel's pleadings seek such
5   broad relief, MGA is entitled to extremely broad discovery on these issues.  A
6   request that seeks all documents (including market research) related to Mattel's
7   decision to create, design, develop or abandon such toy or doll (other than "Barbie"),
8   including the reasons for and factors influencing its decision is relevant to this
9   action and MGA's defense.

10        Mattel objects that the request contains confidential, proprietary, and
11   trade secret information.  A Protective Order exists in this case, obviating any
12   concern as to protection of privacy rights and/or commercially sensitive
13   information.

14        None of Mattel's improper objections are valid and Mattel is obligated
15   to produce all non-privileged responsive documents in its possession, custody, or
16   control.

17   **MATTEL'S RESPONSE:**

18        The Request is absurdly overbroad.  Seeking the universe of <u>all</u>
19   documents referring or relating to any Mattel doll or toy other than Barbie whose
20   sales, profits, or revenue Bratz has impacted or affected,or influencing Mattel's
21   decision to create, design, develop or modify such doll or toy, is plainly not
22   narrowly tailored to seek information relevant to Phase 2.  The vast majority of
23   these documents would have no possible relevance to any claims or defenses in

24
25
26
27
28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

Phase 2.   The prior Discovery Master already found such requests to be improper.[1988]

Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.



---

[1988]   See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of requests is clearly overbroad, requiring production of documents that merely mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they have anything to do with the claims or defenses in this case.").



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    ████████████████████████████████████████

2    ████████████████████████████████████████

3    ████████████████████████████████████████

4    ████████████████████████████████

5         Mattel also properly reserved its right to supplement its production

6 subject to expert discovery.  See <u>New Haven Temple SDA Church v. Consolidated</u>

7 <u>Edison Corp.</u>, 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

8 objections to interrogatory because "[t]o the extent that the theories of damages

9 applicable to these claims may be related to the damages sought by plaintiff's fourth

10 claim, the interrogatory is premature").  <u>Ziemack v. Centel Corp.</u>, 1995 WL 729295,

11 at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

12 but noting that "this Court does not expect Plaintiffs to address the issues that will

13 be more appropriately dealt with by experts, at a later date" and "since experts have

14 not been either retained or deposed, much of the remaining discovery is also

15 premature.").

16         There is no basis for overruling Mattel's privilege objection.  MGA's

17 bald assertion that "[t]his request does not seek information protected by the

18 attorney-client privilege, the attorney work product doctrine, or other applicable

19 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

20 agreed that "all privileged documents would be logged except for documents created

21

22

23 ────────────────

24 

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  after this action was filed on April 27, 2004."[2001]   Thus, to the extent privileged

2  documents fall within the post lawsuit time period, they need not be included on

3  Mattel's log.  Although it bears the burden of showing why this agreement should

4  not be applied to a given Request, MGA fails to do so.

5         Finally, MGA failed to meet and confer at all, much less in good faith,

6  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8  the moving party shall first identify each dispute, state the relief sought and identify

9  the authority supporting the requested relief in a meet and confer letter that shall be

10 served on all parties by facsimile or electronic mail. The parties shall have five court

11 days from the date of service of that letter to conduct an in-person conference to

12 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

13 confer, MGA had the burden to show the relevance of any requests it sought to

14 move on.[2002]   At no point during the meet and confer process did MGA show why

15 this Request could be considered relevant to Phase 2 issues.[2003]   Because MGA

16 refused to even attempt to make this showing, there was no possibility of a good

17 faith meet and confer to resolve the parties' disputes.  The Discovery Master should

18 deny MGA's motion with respect to this Request on that grounds alone.

19 **REQUEST FOR PRODUCTION NO. 164:**

20         If YOU contend that BRATZ has impacted or affected YOUR sales,

21 profits or revenue from any doll or toy, including any fashion doll other than

22

23  [2001]   See Order Denying Mattel's Motion for Protective Order Limiting the

24 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.

25 3. [2002]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27 Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [2003]   See Webster Dec. at p. 1-5.

28

1  "Barbie" as part of YOUR damages in this case, all DOCUMENTS evidencing,
2  detailing, discussing, describing, depicting, mentioning, referring to, or relating to
3  the similarities or differences between BRATZ on the one hand and such doll or toy
4  on the other.

5  **RESPONSE TO REQUEST NO. 164:**

6        In addition to the general objections stated above, which are
7  incorporated herein by reference, Mattel objects to this Request on the grounds that
8  it is unreasonably burdensome and premature in that the facts necessary to
9  determine the full nature and extent of Mattel's damages from defendant's acts or
10 omissions are known by defendants and third parties associated with defendants, but
11 are not known by Mattel at this juncture because of defendants' refusals to produce
12 basic discovery.   Mattel further objects to this Request as overbroad, unduly
13 burdensome and oppressive in that it seeks "all" documents in Mattel's possession,
14 custody and control on this broad subject.  Mattel further objects to this Request on
15 the grounds that it calls for the disclosure of information subject to the attorney-
16 client privilege, the attorney work-product doctrine and other applicable privileges.
17 Mattel further objects to this Request on the grounds that it is improperly phrased as
18 a legal contention. Mattel further objects to this Request on the grounds that it calls
19 for information that is not relevant to this action or likely to lead to the discovery of
20 admissible evidence.

21 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
22 **TO SHOULD BE COMPELLED**

23       Mattel has not agreed to produce documents in response to this request,
24 subject to its improper boilerplate objections. Mattel has refused to confirm whether
25 or not it has produced all non-privileged responsive documents or whether it is
26 withholding documents based on its objections in Phase 2.  Under the Federal Rules
27 of Civil Procedure, "an objection to part of a request must specify the part and
28 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

1  fail to explain the basis for an objection with specificity are routinely rejected in the

2  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

3  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

4  harassing' are improper – especially when a party fails to submit any evidentiary

5  declarations supporting such objections").  Accordingly, Mattel must be compelled

6  either to certify that it has produced all non-privileged responsive documents or to

7  produce all such documents by a date certain.

8         To the extent that Mattel is relying on its blanket objections, they are

9  not sustainable and do not justify Mattel's failure to produce documents.

10        As to overbreadth, Mattel provides no explanation, let alone the

11  required particularity, as to *why* this request is supposedly overly broad, nor can it

12  do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

13  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

14  event that Mattel contends that MGA's BRATZ impacted or affected its sales,

15  profits or revenue from any fashion doll other than "Barbie" as part of Mattel's

16  damage claims, the request is narrowly tailored to seek all documents related to the

17  similarities or differences between BRATZ and such doll or toy.

18        As to burden, Mattel has not attempted to demonstrate why responding

19  to this request and/or producing responsive documents presents any burden.  This

20  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

21  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22  request is unduly burdensome must allege specific facts which indicate the nature

23  and extent of the burden, usually by affidavit or other reliable evidence.")

24  Moreover, it is not unduly burdensome, as noted above, in that the request is

25  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26  has engaged in a broad variety of unfair trade practices including serial copying of

27  MGA products.

28

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges. To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    As for relevancy, Mattel has not attempted to demonstrate why

5    responding to this request and/or producing responsive documents is irrelevant to

6    the present action. Further, Mattel's prayer for relief is extremely broad. Because

7    Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad

8    discovery on these issues. A request that seeks all documents related to the

9    similarities or differences between BRATZ and such doll or toy (other than

10   "Barbie") is relevant to this action and MGA's defense.

11   Mattel objects that the request contains confidential, proprietary, and

12   trade secret information. A Protective Order exists in this case, obviating any

13   concern as to protection of privacy rights and/or commercially sensitive

14   information.

15   None of Mattel's improper objections are valid and Mattel is obligated

16   to produce all non-privileged responsive documents in its possession, custody, or

17   control.

18   **MATTEL'S RESPONSE:**

19   MGA's argument that it is entitled to these documents fails on the

20   merits. MGA argues that "Mattel has not attempted to demonstrate why the

21   information sought in response to this request is not discoverable in Phase 2."

22   However, MGA bears the burden of showing that its discovery meets the relevance

23   requirements of Rule 26(b)(1).[2004]   MGA makes a conclusory assertion that the

24   Request is relevant because "Mattel's prayer for relief is extremely broad" but has

25

26   [2004]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

27   moving party, "Mattel bears an initial burden of establishing relevancy") (citing
     Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

1   not attempted to explain how all documents evidencing, detailing, discussing,

2   describing, depicting, mentioning, referring to, or relating to the similarities or

3   differences between Bratz and Mattel toys and dolls other than Barbie whose sales,

4   profits, or revenues Bratz has impacted or affected is related to Mattel's trade secret

5   misappropriation claim, or identify any other claim or defense it might be related to.

6   "A trial court has a duty, of special significance in lengthy and complex cases where

7   the possibility of abuse is always present, to supervise and limit discovery to protect

8   parties and witnesses from annoyance and excessive expense." Dolgow v.

9   Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

10  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

11  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

12  (same).  As the previous Discovery Master has held, a party may not propound

13  document requests as part of a fishing expedition or to discover new claims.[2005]

14  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

15  not condone the use of discovery to engage in 'fishing expeditions.'").

16          The Request is absurdly overbroad.  Seeking the universe of all

17  documents, evidencing, detailing, discussing, describing, depicting, mentioning,

18  referring to, or relating to the similarities or differences between Bratz and the non-

19  Barbie products is plainly not narrowly tailored to seek information relevant to

20  Phase 2.  This includes every document that refers or relates to any feature of either

21  these non-Barbie toys or Bratz.  The prior Discovery Master already found such

22

23

24

25

---

26  [2005]   See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

28

1 | requests to be improper.[2006]  The vast majority of these documents would have no
2 | possible relevance to any claims or defenses in Phase 2.

3 |        Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
4 | that a Court should limit the extent of discovery if it determines that the burden of
5 | the proposed discovery outweighs its likely benefit; the discovery sought is
6 | unreasonably cumulative or duplicative, or is obtainable from some other source that
7 | is more convenient, less burdensome, or less expensive; or the party seeking
8 | discovery has had ample opportunity by discovery in the action to obtain the
9 | information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
10 | producing the documents responsive to this overbroad Request would greatly
11 | outweigh any marginal benefit to MGA, for the following reasons.



23 |    [2006]  See Order Granting in Part and Denying in Part MGA's Motion to Compel,
24 | dated May 22, 2007, Dart Dec., Exh. 5, at 18, Dart Dec., Exh. 5 ("this category of
25 | requests is clearly overbroad, requiring production of documents that merely
| mention MGA, Larian, Bratz or other MGA products, regardless of whether or not
26 | they have anything to do with the claims or defenses in this case.").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

1

2

3

4

5    Mattel also properly reserved its right to supplement its production

6 subject to expert discovery. See New Haven Temple SDA Church v. Consolidated

7 Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining

8 objections to interrogatory because "[t]o the extent that the theories of damages

9 applicable to these claims may be related to the damages sought by plaintiff's fourth

10 claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295,

11 at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses

12 but noting that "this Court does not expect Plaintiffs to address the issues that will

13 be more appropriately dealt with by experts, at a later date" and "since experts have

14 not been either retained or deposed, much of the remaining discovery is also

15 premature.").

16    There is no basis for overruling Mattel's privilege objection. MGA's

17 bald assertion that "[t]his request does not seek information protected by the

18 attorney-client privilege, the attorney work product doctrine, or other applicable

19 privileges" has no merit. Moreover, as MGA has itself argued, the parties have

20 agreed that "all privileged documents would be logged except for documents created

21

22

23

---

24    [2016]   Declaration of Lori Pantel, dated August 6, 2009, at ¶ 11, Dart Dec., Exh.

25 31..
   [2017]   Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,

26 Exh. 31.
   [2018]   Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,

27 Exh. 31.

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  after this action was filed on April 27, 2004."[2019]   Thus, to the extent privileged

2  documents fall within the post lawsuit time period, they need not be included on

3  Mattel's log.  Although it bears the burden of showing why this agreement should

4  not be applied to a given Request, MGA fails to do so.

5         Finally, MGA failed to meet and confer at all, much less in good faith,

6  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8  the moving party shall first identify each dispute, state the relief sought and identify

9  the authority supporting the requested relief in a meet and confer letter that shall be

10  served on all parties by facsimile or electronic mail. The parties shall have five court

11  days from the date of service of that letter to conduct an in-person conference to

12  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

13  confer, MGA had the burden to show the relevance of any requests it sought to

14  move on.[2020]   At no point during the meet and confer process did MGA show why

15  this Request could be considered relevant to Phase 2 issues.[2021]   Because MGA

16  refused to even attempt to make this showing, there was no possibility of a good

17  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

18  deny MGA's motion with respect to this Request on that grounds alone.

19  **REQUEST FOR PRODUCTION NO. 165:**

20         If you contend that BRATZ or BRATZ INTELLECTUAL PROPERTY

21  was copied from, derived from or infringes any intellectual property owned by

22

---

23    [2019]   See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.

25  3.
        [2020]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
       [2021]   See Webster Dec. at p. 1-5.

28

1  MATTEL, all DOCUMENTS evidencing, detailing, discussing, describing,

2  depicting, mentioning, referring to, or relating to the similarities or differences

3  between BRATZ and BRATZ INTELLECTUAL PROPERTY on the one hand and

4  such intellectual property on the other.

5  **RESPONSE TO REQUEST NO. 165:**

6          In addition to the general objections stated above, which are

7  incorporated herein by reference, Mattel objects to this Request on the grounds that

8  it is unreasonably burdensome and premature in that the facts necessary to

9  determine whether documents in Mattel's possession, custody and control are

10  responsive to this request are within the knowledge of defendants and third parties

11  associated with defendants, and are not known to Mattel because of defendants'

12  refusals to produce basic discovery. Mattel further objects to this Request on the

13  grounds that it calls for the disclosure of information subject to the attorney-client

14  privilege, the attorney work-product doctrine and other applicable privileges. Mattel

15  further objects to this Request on the grounds that it is improperly phrased as a legal

16  contention. Mattel further objects to this Request on the grounds that the terms

17  "Bratz" and "Bratz Intellectual Property" are vague and ambiguous. Mattel further

18  objects to this Request on the grounds that it is duplicative of or subsumed within

19  prior Requests already responded to and seeks the re-production of information and

20  documents already produced in this action. Such information and documents will

21  not be re-produced.

22  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

23  **TO SHOULD BE COMPELLED**

24          Mattel has not agreed to produce documents in response to this request,

25  subject to its improper boilerplate objections. Mattel has refused to confirm whether

26  or not it has produced all non-privileged responsive documents or whether it is

27  withholding documents based on its objections in Phase 2. Under the Federal Rules

28  of Civil Procedure, "an objection to part of a request must specify the part and

permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning any similarities or differences between BRATZ and BRATZ INTELLECTUAL PROPERTY that Mattel contends was derived from Mattel's intellectual property on the one hand and Mattel intellectual property from which it was derived on the other.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of

1   MGA products.   Mattel has also alleged a trade secret misappropriation claim
2   against MGA. MGA is entitled to discovery on its claims and defenses.

3      This request does not seek documents protected by the attorney-client
4   privilege, the attorney work product doctrine, or other applicable privileges.   To the
5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6      Mattel objects that the request is duplicative or subsumed within prior
7   requests but does not identify the allegedly duplicative requests.   Mattel's failure to
8   agree to produce responsive non-privileged documents is not proper based on this
9   objection.

10      As for relevancy, Mattel has not attempted to demonstrate why the
11   information sought in response to this request is not discoverable in Phase 2.   On the
12   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
13   product lines.   Mattel has also alleged a trade secret misappropriation claim against
14   MGA. Documents concerning any similarities or differences between BRATZ and
15   BRATZ INTELLECTUAL PROPERTY that Mattel contends was derived from
16   Mattel's intellectual property on the one hand and Mattel intellectual property from
17   which it was derived on the other are highly relevant to MGA's claims and defenses,
18   including its serial copying claims and its defense against Mattel's trade secret
19   misappropriation claim and are discoverable in Phase 2.

20      None of Mattel's improper objections are valid and Mattel is obligated
21   to produce all non-privileged responsive documents in its possession, custody, or
22   control.

23   **MATTEL'S RESPONSE:**

24      MGA's Request for all documents relating to any comparison between
25   the Bratz dolls and Mattel products includes a broad range of irrelevant materials
26   and materials covered by the attorney-client privilege and the attorney work product
27   without limitation as to time, scope, or source.   MGA and Mattel are large
28   multinational corporations and direct competitors; accordingly, each company will

have generated a huge range of documents comparing products, majority of which are completely irrelevant to the Phase 2 claims. Both MGA and Mattel are legally permitted to perform market research as to the success of their competitors products; the existence of any such research, if any, is completely irrelevant to the claims and issues in Phase 2. Insomuch as it would incorporate the entirety of a vast number of additional Requests MGA has served in this action, it is also duplicative. Additionally, since it has already been determined that Mattel owned the intellectual property behind the Bratz dolls, MGA is effectively seeking documents that compare intellectual property that Mattel owns entirely. MGA is not entitled to Mattel's comparisons of one concept that it owns to another concept that it owns. Further, inasmuch as the ownership of the intellectual property comprising of the Bratz dolls, prior rulings in this case have already established that Mattel owns that intellectual property. Inasmuch as MGA merely seeks discovery in order to upend these rulings in Phase 2, the Request is clearly irrelevant.

MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1), which clearly states that discovery must be "reasonably calculated to lead to the discovery of admissible evidence." MGA has not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are relevant to Phase 2 issues. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims. <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  ("District courts need not condone the use of discovery to engage in 'fishing

2  expeditions.'").

3       Additionally, MGA failed to meet and confer in good faith regarding

4  this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,

5  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

6  party shall first identify each dispute, state the relief sought and identify the

7  authority supporting the requested relief in a meet and confer letter that shall be

8  served on all parties by facsimile or electronic mail. The parties shall have five court

9  days from the date of service of that letter to conduct an in-person conference to

10  attempt to resolve the dispute.").  At no point during the meet and confer process did

11  MGA articulate a valid basis for which this Request could be considered relevant to

12  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

13  simply not true; MGA never initiated any dialogue about this Request or Mattel's

14  response in the first place.  The Discovery Master should deny MGA's motion with

15  respect to this Request on that grounds alone.

16       The motion is also moot.  As MGA has admitted in correspondence

17  going back to 2007[2022], Mattel has produced and continues to produce documents

18  that are responsive to this Request.   As to the actual production of relevant

19  documents, there is no dispute and indeed had been no dispute for years, as MGA

20  well knows, and this issue could have been resolved without motion practice if

21  MGA had completed the meet and confer process in good faith.

22       The Request is also entirely duplicative of prior discovery served by

23  Carter Bryant as well as subsequent discovery served by MGA.

00505.07975/3161896.1

1  ▮▮▮▮▮▮  MGA's claim, at this stage of the litigation, that there remain

2  unproduced relevant materials on this subject in Mattel's possession is not credible.

3  In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

4  was duplicative and that Mattel had produced relevant documents in response.[2024]

5  Further, prior Orders entered in this case -- at MGA's urging -- make

6  very clear that a Request that seeks all documents relating to such a wide and

7  amorphous category as all documents relating to any comparison between the Bratz

8  dolls and other Mattel products.  As the prior Discovery Master held in denying a

9  motion to compel on what was a less expansively worded Request, "this category of

10  requests is clearly overbroad, requiring production of documents that merely

11  mention MGA, Larian, Bratz or other MGA products, regardless of whether or not

12  they have anything to do with the claims or defenses in this case."[2025]  Similarly, the

13  prior Discovery Master has denied motions to compel on Requests for "documents

14  referring or relating to MGA's business dealings, without specifying any products or

15  other subject matter limitations" because such Requests are grossly overbroad.[2026]

16  There is no basis for overruling Mattel's privilege objection.  MGA's

17  bald assertion that "this request does not seek information protected by the attorney-

18  client privilege, the attorney work product doctrine, or any other applicable

19  privilege" has no merit.  Documents responsive to this Request could very well be

20  subject to a claim of privilege or work product protection.  Despite MGA's claim to

21  _____

22  [2022]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

23  Dart Dec., Exh. 43.

24  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25  [2024]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

26  [2025]  See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5.

27  [2026]  Id.

28

1  the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA

2  has itself argued, the parties have agreed that "all privileged documents would be

3  logged except for documents created after this action was filed on April 27, 2004."

4  Thus, to the extent privileged documents fall within the post lawsuit time period,

5  they need not be included on Mattel's log.



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18 **REQUEST FOR PRODUCTION NO. 166:**

19        If you contend that BRATZ or BRATZ INTELLECTUAL PROPERTY

20 was copied from, derived from or infringes any idea, concept, design or product

21 owned by MATTEL, all DOCUMENTS evidencing, detailing, discussing,

22

23    [2035] Id.
24    [2036] Declaration of Lori Pantel, dated August 6, 2009, at ¶ 11, Dart Dec., Exh.
25 31..
      [2037] Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,
26 Exh. 31.
      [2038] Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,
27 Exh. 31.

28

1 describing, depicting, mentioning, referring to, or relating to such product and the
2 similarities or differences between BRATZ and BRATZ INTELLECTUAL
3 PROPERTY on the one hand and such product on the other.

4 **RESPONSE TO REQUEST NO. 166:**

5       In addition to the general objections stated above, which are
6 incorporated herein by reference, Mattel objects to this Request on the grounds that
7 it is unreasonably burdensome and premature in that the facts necessary to
8 determine whether documents in Mattel's possession, custody and control are
9 responsive to this request are within the knowledge of defendants and third parties
10 associated with defendants, and are not known to Mattel because of defendants'
11 refusals to produce basic discovery. Mattel further objects to this Request on the
12 grounds that it calls for the disclosure of information subject to the attorney-client
13 privilege, the attorney work-product doctrine and other applicable privileges. Mattel
14 further objects to this Request on the grounds that it is improperly phrased as a legal
15 contention. Mattel further objects to this Request on the grounds that the terms
16 "Bratz" and "Bratz Intellectual Property" are vague and ambiguous. Mattel further
17 objects to this Request on the grounds that it is duplicative of or subsumed within
18 prior Requests already responded to and seeks the re-production of information and
19 documents already produced in this action. Such information and documents will
20 not be re-produced.

21 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
22 **TO SHOULD BE COMPELLED**

23       Mattel has not agreed to produce documents in response to this request,
24 subject to its improper boilerplate objections. Mattel has refused to confirm whether
25 or not it has produced all non-privileged responsive documents or whether it is
26 withholding documents based on its objections in Phase 2. Under the Federal Rules
27 of Civil Procedure, "an objection to part of a request must specify the part and
28 permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

1  fail to explain the basis for an objection with specificity are routinely rejected in the

2  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

3  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

4  harassing' are improper – especially when a party fails to submit any evidentiary

5  declarations supporting such objections").  Accordingly, Mattel must be compelled

6  either to certify that it has produced all non-privileged responsive documents or to

7  produce all such documents by a date certain.

8       To the extent that Mattel is relying on its blanket objections, they are

9  not sustainable and do not justify Mattel's failure to produce documents.

10      As to overbreadth, Mattel provides no explanation, let alone the

11  required particularity, as to *why* this request is supposedly overly broad, nor can it

12  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

13  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14  contrary, the request is narrowly tailored to seek documents related to Mattel

15  products and similarities or differences between Mattel products and BRATZ and

16  BRATZ INTELLECTUAL PROPERTY that Mattel contends was copied or derived

17  from or infringes Mattel's ideas, concepts, designs or products.

18      As to burden, Mattel has not attempted to demonstrate why responding

19  to this request and/or producing responsive documents presents any burden.  This

20  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

21  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22  request is unduly burdensome must allege specific facts which indicate the nature

23  and extent of the burden, usually by affidavit or other reliable evidence.")

24  Moreover, it is not unduly burdensome, as noted above, in that the request is

25  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26  has engaged in a broad variety of unfair trade practices including serial copying of

27  MGA products.  Mattel has also alleged a trade secret misappropriation claim

28  against MGA. MGA is entitled to discovery on its claims and defenses.

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel objects that the request is duplicative or subsumed within prior

5    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

6    agree to produce responsive non-privileged documents is not proper based on this

7    objection.

8    As for relevancy, Mattel has not attempted to demonstrate why the

9    information sought in response to this request is not discoverable in Phase 2.  On the

10   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

11   product lines.  Mattel has also alleged a trade secret misappropriation claim against

12   MGA. Documents related to Mattel products and similarities or differences between

13   Mattel products and BRATZ and BRATZ INTELLECTUAL PROPERTY that

14   Mattel contends was copied or derived from Mattel's ideas, concepts, designs or

15   products are highly relevant to MGA's claims and defenses, including its defense

16   against Mattel's trade secret misappropriation claim and are discoverable in Phase 2.

17   None of Mattel's improper objections are valid and Mattel is obligated

18   to produce all non-privileged responsive documents in its possession, custody, or

19   control.

20   **MATTEL'S RESPONSE:**

21   MGA's Request for all documents relating to any comparison between

22   Bratz and Mattel products includes a broad range of irrelevant materials and

23   materials covered by the attorney-client privilege and the attorney work product

24   without limitation as to time, scope, or source.   MGA and Mattel are large

25   multinational corporations and direct competitors; accordingly, each company will

26   have generated a huge range of documents comparing products, majority of which

27   are completely irrelevant to the Phase 2 claims.  Both MGA and Mattel are legally

28   permitted to perform market research as to the success of their competitors products;

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    the existence of any such research, if any, is completely irrelevant to the claims and
2    issues in Phase 2.  Insomuch as it would incorporate the entirety of a vast number of
3    additional Requests MGA has served in this action, it is also duplicative.
4    Additionally, since it has already been determined that Mattel owned the intellectual
5    property behind the Bratz dolls, MGA is effectively seeking documents that
6    compare intellectual property that Mattel owns entirely.  MGA is not entitled to
7    Mattel's comparisons of one concept that it owns to another concept that it owns.
8    Inasmuch as the ownership of the intellectual property comprising of the Bratz dolls,
9    prior rulings in this case have already established that Mattel owns that intellectual
10   property.  Inasmuch as MGA merely seeks discovery in order to upend these rulings
11   in Phase 2, the Request is clearly irrelevant.

12          MGA must establish that its discovery meets the relevance
13   requirements of Rule 26(b)(1), which clearly states that discovery must be
14   "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
15   not sufficiently explained how <u>all</u> documents relating to the "Bratz Concept" are
16   relevant to Phase 2 issues.  "A trial court has a duty, of special significance in
17   lengthy and complex cases where the possibility of abuse is always present, to
18   supervise and limit discovery to protect parties and witnesses from annoyance and
19   excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>
20   <u>also Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133
21   n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL
22   1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
23   party may not propound document requests as part of a fishing expedition or to
24   discover new claims.  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)
25   ("District courts need not condone the use of discovery to engage in 'fishing
26   expeditions.'").

27          Additionally, MGA failed to meet and confer in good faith regarding
28   this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master Order No. 1,

1   dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

2   party shall first identify each dispute, state the relief sought and identify the

3   authority supporting the requested relief in a meet and confer letter that shall be

4   served on all parties by facsimile or electronic mail. The parties shall have five court

5   days from the date of service of that letter to conduct an in-person conference to

6   attempt to resolve the dispute."). At no point during the meet and confer process did

7   MGA articulate a valid basis for which this Request could be considered relevant to

8   Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is

9   simply not true; MGA never initiated any dialogue about this Request or Mattel's

10  response in the first place. The Discovery Master should deny MGA's motion with

11  respect to this Request on that grounds alone.

12          The motion is also moot. As MGA has admitted in correspondence

13  going back to 2007[2039], Mattel has produced and continues to produce documents

14  that are responsive to this Request. As to the actual production of relevant

15  documents, there is no dispute and indeed had been no dispute for years, as MGA

16  well knows, and this issue could have been resolved without motion practice if

17  MGA had completed the meet and confer process in good faith.

18          The Request is also entirely duplicative of prior discovery served by

19  Carter Bryant as well as subsequent discovery served by MGA. ███████████

20  ████████████████████████████████████████████████

21  ████████████████████████████████████████████████

22  ███████████    MGA's claim, at this stage of the litigation, that there remain

23  unproduced relevant materials on this subject in Mattel's possession is not credible.

24

25      [2039]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

26  Dart Dec., Exh. 43.

27  ████████████████████████████████████████████████

28

1  In fact, over *two years ago* MGA wrote a letter admitting that this set of requests
2  was duplicative and that Mattel had produced relevant documents in response.[2041]

3         Further, prior Orders entered in this case -- at MGA's urging -- make
4  very clear that a Request that seeks all documents relating to such a wide and
5  amorphous category as all documents relating to any comparison between the Bratz
6  dolls and other Mattel products.  As the prior Discovery Master held in denying a
7  motion to compel on what was a less expansively worded Request, "this category of
8  requests is clearly overbroad, requiring production of documents that merely
9  mention MGA, Larian, Bratz or other MGA products, regardless of whether or not
10 they have anything to do with the claims or defenses in this case."[2042]  Similarly, the
11 prior Discovery Master has denied motions to compel on Requests for "documents
12 referring or relating to MGA's business dealings, without specifying any products or
13 other subject matter limitations" because such Requests are grossly overbroad.[2043]

14        There is no basis for overruling Mattel's privilege objection.  MGA's
15 bald assertion that "this request does not seek information protected by the attorney-
16 client privilege, the attorney work product doctrine, or any other applicable
17 privilege" has no merit.  Documents responsive to this Request could very well be
18 subject to a claim of privilege or work product protection.  Despite MGA's claim to
19 the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA
20 has itself argued, the parties have agreed that "all privileged documents would be
21 logged except for documents created after this action was filed on April 27, 2004."
22 Thus, to the extent privileged documents fall within the post lawsuit time period,
23 they need not be included on Mattel's log.

24

25 [2041] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
26 Dart Dec., Exh. 43.
   [2042] See Order Granting in Part and Denying in Part MGA's Motion to Compel,
27 dated May 22, 2007, Dart Dec., Exh. 5.

28

-1174-



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

2043   <u>Id.</u>

24

25

26

27

28

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16 **REQUEST FOR PRODUCTION NO. 167:**

17      All DOCUMENTS evidencing, detailing, discussing, describing,

18 depicting, mentioning, referring to, or relating to the similarities or differences

19 between BRATZ and BRATZ INTELLECTUAL PROPERTY on the one hand and

20 "Funky Tweenz" on the other.

21

22

23

24

25

26

27

28

00505.07975/3161896.1
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

**RESPONSE TO REQUEST NO. 167:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for information that is not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that the terms "Bratz" and "Bratz Intellectual Property" are vague and ambiguous.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses to produce documents in response to this request, standing on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

Funky Tweenz is the product at issue in the Hong Kong action between MGA and Cityworld. Mattel had communications with Cityworld attorneys prior to November 2003, more than three years before seeking to add its trade secret misappropriation claim, which are directly relevant to MGA's statute of limitations

-1178-

1  and laches defenses in Phase 2.  Mattel's objection that this request seeks documents
2  that are not relevant is meritless.

3         Mattel's inexplicable objection that "Bratz" and "Bratz Intellectual
4  Property" are vague and ambiguous cannot justify its refusal to produce.   These
5  terms get to the heart of the issues in this case.

6         None of Mattel's improper objections are valid and Mattel is obligated
7  to produce all non-privileged responsive documents in its possession, custody, or
8  control.

9  **MATTEL'S RESPONSE:**

10         MGA's Request for all documents relating to any comparison between
11  Bratz and "Funky Tweenz" includes a broad range of irrelevant materials and
12  materials covered by the attorney-client privilege and the attorney work product
13  without limitation as to time, scope, or source.   MGA and Mattel are large
14  multinational corporations and direct competitors; accordingly, each company will
15  have generated a huge range of documents comparing products, majority of which
16  are completely irrelevant to the Phase 2 claims.  Both MGA and Mattel are legally
17  permitted to perform market research as to the success of their competitors products;
18  the existence of any such research, if any, is completely irrelevant to the claims and
19  issues in Phase 2.  Insomuch as it would incorporate the entirety of a vast number of
20  additional Requests MGA has served in this action, it is also duplicative.
21  Additionally, since it has already been determined that Mattel owned the intellectual
22  property behind the Bratz dolls, MGA is effectively seeking documents that
23  compare intellectual property that Mattel owns entirely.   MGA is not entitled to
24  Mattel's comparisons of one concept that it owns to another concept that it owns.
25  Inasmuch as the ownership of the intellectual property comprising of the Bratz dolls,
26  prior rulings in this case have already established that Mattel owns that intellectual
27  property.  Inasmuch as MGA merely seeks discovery in order to upend these rulings
28  in Phase 2, the Request is clearly irrelevant.

1    MGA must establish that its discovery meets the relevance
2    requirements of Rule 26(b)(1), which clearly states that discovery must be
3    "reasonably calculated to lead to the discovery of admissible evidence." MGA has
4    not sufficiently explained how all documents relating to the "Bratz Concept" are
5    relevant to Phase 2 issues. "A trial court has a duty, of special significance in
6    lengthy and complex cases where the possibility of abuse is always present, to
7    supervise and limit discovery to protect parties and witnesses from annoyance and
8    excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
9    also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
10   n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
11   1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a
12   party may not propound document requests as part of a fishing expedition or to
13   discover new claims. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)
14   ("District courts need not condone the use of discovery to engage in 'fishing
15   expeditions.'").

16           Additionally, MGA failed to meet and confer in good faith regarding
17   this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1,
18   dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
19   party shall first identify each dispute, state the relief sought and identify the
20   authority supporting the requested relief in a meet and confer letter that shall be
21   served on all parties by facsimile or electronic mail. The parties shall have five court
22   days from the date of service of that letter to conduct an in-person conference to
23   attempt to resolve the dispute."). At no point during the meet and confer process did
24   MGA articulate a valid basis for which this Request could be considered relevant to
25   Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is
26   simply not true; MGA never initiated any dialogue about this Request or Mattel's
27   response in the first place. The Discovery Master should deny MGA's motion with
28   respect to this Request on that grounds alone.

1      The motion is also moot.  As MGA has admitted in correspondence

2  going back to 2007[2056], Mattel has produced and continues to produce documents

3  that are responsive to this Request.   As to the actual production of relevant

4  documents, there is no dispute and indeed had been no dispute for years, as MGA

5  well knows, and this issue could have been resolved without motion practice if

6  MGA had completed the meet and confer process in good faith.

7      The Request is also entirely duplicative of prior discovery served by

8  Carter Bryant as well as subsequent discovery served by MGA.  ███████

9  ████████████████████████████████████████████

10 ████████████████████████████████████████████

11 ██████████   MGA's claim, at this stage of the litigation, that there remain

12 unproduced relevant materials on this subject in Mattel's possession is not credible.

13 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

14 was duplicative and that Mattel had produced relevant documents in response.[2058]

15      Further, prior Orders entered in this case -- at MGA's urging -- make

16 very clear that a Request that seeks all documents relating to such a wide and

17 amorphous category as all documents relating to any comparison between the Bratz

18 dolls and other Mattel products.  As the prior Discovery Master held in denying a

19 motion to compel on what was a less expansively worded Request, "this category of

20 requests is clearly overbroad, requiring production of documents that merely

21 mention MGA, Larian, Bratz or other MGA products, regardless of whether or not

22

23

24   [2056]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

25 Dart Dec., Exh. 43.

26 ████████████████████████████████████████████

27   [2058]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

28 Dart Dec., Exh. 43.

1 they have anything to do with the claims or defenses in this case."[2059]  Similarly, the
2 prior Discovery Master has denied motions to compel on Requests for "documents
3 referring or relating to MGA's business dealings, without specifying any products or
4 other subject matter limitations" because such Requests are grossly overbroad.[2060]

5        There is no basis for overruling Mattel's privilege objection.  MGA's
6 bald assertion that "this request does not seek information protected by the attorney-
7 client privilege, the attorney work product doctrine, or any other applicable
8 privilege" has no merit.  Documents responsive to this Request could very well be
9 subject to a claim of privilege or work product protection.  Despite MGA's claim to
10 the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA
11 has itself argued, the parties have agreed that "all privileged documents would be
12 logged except for documents created after this action was filed on April 27, 2004."
13 Thus, to the extent privileged documents fall within the post lawsuit time period,
14 they need not be included on Mattel's log.



---

[2059]  See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5.
[2060]  Id.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28