1 ██████████████████████████████████

2 ██████████████████████████████████

3 ██████████████████████████████████

4 ████████████████████████████

**REQUEST FOR PRODUCTION NO. 170:**

All DOCUMENTS discussing, mentioning, relating or referring to Mattel's target market and marketing strategy for its lines of fashion doll before "BRATZ" became commercially available in the summer of 2001, going back to 1995, and Mattel's target market and marketing strategy for its lines of fashion dolls after "BRATZ" became commercially available in the summer of 2001 to the present.

**RESPONSE TO REQUEST NO. 170:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for information that is not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that purports to seek documents covering more than a decade for vast, undefined categories of information pertaining to numerous undefined "lines of fashion dolls," including categories of information that have no bearing on "Bratz." Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation

████████████████████████████████████

█████████████████████████████

1   to the "Bratz" line of products are not at issue in this action and are irrelevant to the

2   claims and defenses in this suit.  Rather, at issue are the actions of defendants and

3   third parties associated with defendants in connection with the projects that

4   defendant Bryant worked on with defendant MGA, which is information known to

5   and within the possession, custody and control of defendants and their associated

6   third parties, not Mattel.  Mattel further objects to this Request on the grounds that it

7   calls for the disclosure of information subject to the attorney-client privilege, the

8   attorney work-product doctrine and other applicable privileges.   Mattel further

9   objects to this Request on the grounds that it seeks confidential, proprietary and

10   trade secret information, such as current and future Mattel marketing and pricing

11   plans and strategies, that has no bearing on the claims or defenses in this case.

12   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

13   **TO SHOULD BE COMPELLED**

14          Mattel has not agreed to produce documents in response to this request,

15   subject to its improper boilerplate objections.  Mattel has refused to confirm whether

16   or not it has produced all non-privileged responsive documents or whether it is

17   withholding documents based on its objections in Phase 2.  Under the Federal Rules

18   of Civil Procedure, "an objection to part of a request must specify the part and

19   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

20   fail to explain the basis for an objection with specificity are routinely rejected in the

21   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

22   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

23   harassing' are improper – especially when a party fails to submit any evidentiary

24   declarations supporting such objections").  Accordingly, Mattel must be compelled

25   either to certify that it has produced all non-privileged responsive documents or to

26   produce all such documents by a date certain.

27          To the extent that Mattel is relying on its blanket objections, they are

28   not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning target market and marketing strategy relating to Mattel's fashion dolls before and after "BRATZ" became commercially available.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products, including MGA's BRATZ product line. MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential, proprietary and trade secret information. A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel objects that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Mattel cannot legitimately contend that Bratz is not at issue in Phase 2

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 | of these consolidated proceedings.  Discovery relating to Bratz is likely to lead to
2 | admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair
3 | competition claim, Mattel's trade secret misappropriation claim, and both parties'
4 | damages claims.

5 | As for relevancy, Mattel has not attempted to demonstrate why the
6 | information sought in response to this request is not discoverable in Phase 2.  On the
7 | contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
8 | product lines, including its BRATZ line, packaging, themes, accessories, and
9 | advertising.  Documents related to target market and marketing strategy for Mattel's
10 | line of fashion dolls before and after BRATZ became commercially available, are
11 | highly relevant to MGA's claims and defenses, including MGA's claims that when
12 | Mattel's products began to fail, it began to copy MGA's successful products, and are
13 | discoverable in Phase 2.

14 | None of Mattel's improper objections are valid and Mattel is obligated
15 | to produce all non-privileged responsive documents in its possession, custody, or
16 | control.

17 | **MATTEL'S RESPONSE:**

18 | The Request is overbroad.  Seeking the universe of <u>all</u> documents
19 | discussing, mentioning, relating or referring to Mattel's target market and marketing
20 | strategy for its lines of fashion dolls between 1995 and 2001 is plainly not narrowly
21 | tailored to seek information relevant to Phase 2.  This range of documents will
22 | necessarily include innumerable irrelevant materials having nothing to do with
23 | Bratz, My Scene, or any other product at all implicated in this litigation.

24 | Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
25 | that a Court should limit the extent of discovery if it determines that the burden of
26 | the proposed discovery outweighs its likely benefit; the discovery sought is
27 | unreasonably cumulative or duplicative, or is obtainable from some other source that
28 | is more convenient, less burdensome, or less expensive; or the party seeking



1  discovery has had ample opportunity by discovery in the action to obtain the
2  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
3  producing the documents responsive to this overbroad Request would greatly
4  outweigh any marginal benefit to MGA, for the following reasons.

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18   There is no basis for overruling Mattel's privilege objection.  MGA's

19   bald assertion that "[t]his request does not seek information protected by the

20   attorney-client privilege, the attorney work product doctrine, or other applicable

21   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

22

23

24

25

26

27

28

agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[2085]   Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.  Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").   In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[2086]   At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[2087]   Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

---

[2085]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

[2086]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[2087]   See Webster Dec. at p. 1-5.

**REQUEST FOR PRODUCTION NO. 171:**

All DOCUMENTS discussing, mentioning, relating or referring to any decision or resolution of Mattel's Board of Directors relating to Mattel's target market and marketing strategy for its lines of fashion doll before "BRATZ" became commercially available in the summer of 2001, going back to 1995, and Mattel's target market and marketing strategy for its lines of fashion dolls after "BRATZ" became commercially available in the summer of 2001 to the present.

**RESPONSE TO REQUEST NO. 171:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for information that is not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that purports to seek documents covering more than a decade for vast, undefined categories of information pertaining to numerous undefined "lines of fashion dolls," including categories of information that have no bearing on "Bratz." Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret

1  information, such as current and future Mattel marketing and pricing plans and
2  strategies, that has no bearing on the claims or defenses in this case.

3  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
4  **TO SHOULD BE COMPELLED**

5        Mattel refuses to produce in response to this request, resting on its
6  improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an
7  objection to part of a request must specify the part and permit inspection of the rest."
8  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an
9  objection with specificity are routinely rejected in the Central District.  See A.
10  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
11  or boilerplate objections such as 'overly burdensome and harassing' are improper –
12  especially when a party fails to submit any evidentiary declarations supporting such
13  objections").  Accordingly, Mattel must be compelled either to certify that it has
14  produced all non-privileged responsive documents or to produce all such documents
15  by a date certain.

16        To the extent that Mattel is relying on its blanket objections, they are
17  not sustainable and do not justify Mattel's failure to produce documents.

18        As to overbreadth, Mattel provides no explanation, let alone the
19  required particularity, as to *why* this request is supposedly overly broad, nor can it
20  do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
21  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
22  contrary, the request is narrowly tailored to seek documents concerning Mattel's
23  Board of Director's decisions relating to Mattel's marketing strategy during a
24  discrete time period.

25        As to burden, Mattel has not attempted to demonstrate why responding
26  to this request and/or producing responsive documents presents any burden.  This
27  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
28  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

-1194

1 request is unduly burdensome must allege specific facts which indicate the nature
2 and extent of the burden, usually by affidavit or other reliable evidence.")
3 Moreover, it is not unduly burdensome, as noted above, in that the request is
4 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
5 has engaged in a broad variety of unfair trade practices, from serial copying of
6 MGA products, to threatening retailers and suppliers to cease doing business with
7 MGA, to intimidating employees and industry groups in order to prevent MGA from
8 fairly competing, and this request seeks information directly relevant to these
9 claims.

10        This request does not seek documents protected by the attorney-client
11 privilege, the attorney work product doctrine, or other applicable privileges. To the
12 extent that Mattel contends that it does, Mattel must provide a privilege log.

13        Mattel objects that the request contains confidential, proprietary and
14 trade secret information. A Protective Order exists in this case, obviating any
15 concern as to protection of privacy rights and/or commercially sensitive
16 information.

17 **MATTEL'S RESPONSE:**

18        The Request is overbroad. Seeking the universe of <u>all</u> documents
19 discussing, mentioning, relating or referring to any decision or resolution of Mattel's
20 Board of Directors relating to Mattel's target market and marketing strategy for its
21 lines of fashion doll is plainly not narrowly tailored to seek information relevant to
22 Phase 2. These documents will necessarily include a broad range of irrelevant
23 materials concerning products that are in no way implicated in this action. The
24 Request is also overbroad to the extent it seeks discovery into events and products
25 that post-date MGA's complaint, filed on April 15, 2005, based on MGA's own
26 argument that was accepted by the Discovery Master in denying discovery Mattel

27
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

was seeking regarding transactions occurring after the filing of Mattel's complaint.[2088] MGA offers no reason, nor could it consistent with judicial estoppel, why documents post-dating the filing of claims which do not allege continuing wrongdoing are relevant to those claims.

Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.

2088

In finding that "there has been no showing by Mattel that the Subpoenas to the Financing Entities are reasonably calculated to lead to the discovery of admissible evidence regarding the RICO counterclaim," the Discovery Master noted that "the RICO counterclaim (like the other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came into existence – and therefore apparently did not encompass the activities or the transactions which are the subject of the Financing Discovery." Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



12   There is no basis for overruling Mattel's privilege objection.  MGA's
13 bald assertion that "[t]his request does not seek information protected by the
14 attorney-client privilege, the attorney work product doctrine, or other applicable
15 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
16 agreed that "all privileged documents would be logged except for documents created
17 after this action was filed on April 27, 2004."[2101]   Thus, to the extent privileged
18 documents fall within the post lawsuit time period, they need not be included on
19 Mattel's log.  Although it bears the burden of showing why this agreement should
20 not be applied to a given Request, MGA fails to do so.

[2101]   See Order Denying Mattel's Motion for Protective Order Limiting the
Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
3.

1    Finally, MGA failed to meet and confer at all, much less in good faith,
2    regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master
3    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
4    the moving party shall first identify each dispute, state the relief sought and identify
5    the authority supporting the requested relief in a meet and confer letter that shall be
6    served on all parties by facsimile or electronic mail. The parties shall have five court
7    days from the date of service of that letter to conduct an in-person conference to
8    attempt to resolve the dispute.").    In order to engage in a meaningful meet and
9    confer, MGA had the burden to show the relevance of any requests it sought to
10   move on.[2102]    At no point during the meet and confer process did MGA show why
11   this Request could be considered relevant to Phase 2 issues.[2103]   Because MGA
12   refused to even attempt to make this showing, there was no possibility of a good
13   faith meet and confer to resolve the parties' disputes. The Discovery Master should
14   deny MGA's motion with respect to this Request on that grounds alone.

15   **REQUEST FOR PRODUCTION NO. 175:**

16   All DOCUMENTS constituting, discussing, mentioning, relating or
17   referring to MARKET RESEARCH relating to "BRATZ".

18   **RESPONSE TO REQUEST NO. 175:**

19   In addition to the general objections stated above, which are
20   incorporated herein by reference, Mattel objects to this Request as unduly
21   burdensome, oppressive and not likely to lead to the discovery of admissible
22   evidence in that it seeks the disclosure of all documents in Mattel's possession,
23   custody and control on this overbroad topic, without limitation as to time, regardless

---

25   [2102]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26   moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27   <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
     [2103]   <u>See</u> Webster Dec. at p. 1-5.

1 │ of whether the documents relate to the conduct at issue in this lawsuit.  Mattel

2 │ further objects to this Request on the grounds that such discovery from Mattel is

3 │ overbroad, unduly burdensome, oppressive and not likely to the lead to the

4 │ discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"

5 │ line of products are not at issue in this action and are irrelevant to the claims and

6 │ defenses in this suit.  Rather, at issue are the actions of defendants and third parties

7 │ associated with defendants in connection with the projects that defendant Bryant

8 │ worked on with defendant MGA, which is information known to and within the

9 │ possession, custody and control of defendants and their associated third parties, not

10 │ Mattel.  Mattel further objects to this Request on the grounds that it calls for the

11 │ disclosure of information subject to the attorney-client privilege, the attorney work-

12 │ product doctrine and other applicable privileges.  Mattel further objects to this

13 │ Request on the grounds that it seeks confidential, proprietary and trade secret

14 │ information that has no bearing on the claims or defenses in this case.  Mattel further

15 │ objects to this Request on the grounds that it is duplicative of or subsumed within

16 │ prior Requests already responded to and seeks the re-production of information and

17 │ documents already produced in this action.  Such information and documents will

18 │ not be re-produced.

19 │ **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

20 │ **TO SHOULD BE COMPELLED**

21 │           Mattel has not agreed to produce documents in response to this request,

22 │ subject to its improper boilerplate objections.  Mattel has refused to confirm whether

23 │ or not it has produced all non-privileged responsive documents or whether it is

24 │ withholding documents based on its objections in Phase 2.  Under the Federal Rules

25 │ of Civil Procedure, "an objection to part of a request must specify the part and

26 │ permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

27 │ fail to explain the basis for an objection with specificity are routinely rejected in the

28 │ Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

1    (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

2    harassing' are improper – especially when a party fails to submit any evidentiary

3    declarations supporting such objections"). Accordingly, Mattel must be compelled

4    either to certify that it has produced all non-privileged responsive documents or to

5    produce all such documents by a date certain.

6           To the extent that Mattel is relying on its blanket objections, they are

7    not sustainable and do not justify Mattel's failure to produce documents.

8           As to overbreadth, Mattel provides no explanation, let alone the

9    required particularity, as to *why* this request is supposedly overly broad, nor can it

10   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

11   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

12   contrary, the request is narrowly tailored to seek documents concerning market

13   research relating to "BRATZ."

14          As to burden, Mattel has not attempted to demonstrate why responding

15   to this request and/or producing responsive documents presents any burden. This

16   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

17   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18   request is unduly burdensome must allege specific facts which indicate the nature

19   and extent of the burden, usually by affidavit or other reliable evidence.")

20   Moreover, it is not unduly burdensome, as noted above, in that the request is

21   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

22   has engaged in a broad variety of unfair trade practices including serial copying of

23   MGA products, including MGA's BRATZ product line. MGA is entitled to

24   discovery on these claims.

25          This request does not seek documents protected by the attorney-client

26   privilege, the attorney work product doctrine, or other applicable privileges. To the

27   extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1  Mattel objects that the request contains confidential, proprietary and
2  trade secret information.   A Protective Order exists in this case, obviating any
3  concern as to protection of privacy rights and/or commercially sensitive
4  information.

5  Mattel objects that the request is duplicative or subsumed within prior
6  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
7  agree to produce responsive non-privileged documents is not proper based on this
8  objection.

9  As for relevancy, Mattel has not attempted to demonstrate why the
10  information sought in response to this request is not discoverable in Phase 2. On the
11  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
12  product lines, including its BRATZ line, packaging, themes, accessories, and
13  advertising.  Documents related to market research of BRATZ that Mattel has in its
14  possession, custody or control are therefore discoverable in Phase 2 and highly
15  relevant to MGA's claims.

16  Mattel objects that Mattel's actions in relation to the "Bratz" line of
17  products are not at issue in this action and are irrelevant to the claims and defenses
18  in this suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2
19  of these consolidated proceedings.  Discovery relating to Bratz is likely to lead to
20  admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair
21  competition claim, Mattel's trade secret misappropriation claim, and both parties'
22  damages claims.

23  None of Mattel's improper objections are valid and Mattel is obligated
24  to produce all non-privileged responsive documents in its possession, custody, or
25  control.

26  **MATTEL'S RESPONSE:**

27  MGA's Request includes a broad range of irrelevant materials and
28  materials covered by the attorney-client privilege and the attorney work product

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

without limitation as to time, scope, or source. MGA and Mattel are large multinational corporations and direct competitors; accordingly, each company will have generated a huge range of documents comparing products, majority of which are completely irrelevant to the Phase 2 claims. Both MGA and Mattel are legally permitted to perform market research as to the success of their competitors products; the existence of any such research, if any, is completely irrelevant to the claims and issues in Phase 2. Since it has already been determined that Mattel owned the Bratz concept, MGA is effectively seeking documents that compare intellectual property that Mattel owns entirely. MGA is not entitled to Mattel's comparisons of one concept that it owns to another concept that it owns. MGA is not entitled to discovery that can only be relevant to a vain attempt to upend Phase 1 rulings.

MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1), which clearly states that discovery must be "reasonably calculated to lead to the discovery of admissible evidence." MGA has not sufficiently explained how all documents relating to the "First Bratz Dolls" are relevant to Phase 2 issues. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Additionally, MGA failed to meet and confer in good faith regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1,

dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). At no point during the meet and confer process did MGA articulate a valid basis for which this Request could be considered relevant to Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is simply not true; MGA never initiated any dialogue about this Request or Mattel's response in the first place. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

The motion is also moot. As MGA has admitted in correspondence going back to 2007[2104], Mattel has produced and continues to produce documents that are responsive to this Request. As to the actual production of relevant documents, there is no dispute and indeed had been no dispute for years, as MGA well knows, and this issue could have been resolved without motion practice if MGA had completed the meet and confer process in good faith.

The Request is also entirely duplicative of prior discovery served by Carter Bryant as well as subsequent discovery served by MGA. ███████

████████████████████████████████████████████

████████████████████████████████████████████

███████████ MGA's claim, at this stage of the litigation, that there remain unproduced relevant materials on this subject in Mattel's possession is not credible.

---

[2104]   <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

██████████████████████████████████████████

1    In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

2    was duplicative and that Mattel had produced relevant documents in response.[2106]

3              As the prior Discovery Master held in denying a motion to compel on

4    what was a less expansively worded Request, "this category of requests is clearly

5    overbroad, requiring production of documents that merely mention MGA, Larian,

6    Bratz or other MGA products, regardless of whether or not they have anything to do

7    with the claims or defenses in this case."[2107]  Similarly, the prior Discovery Master

8    has denied motions to compel on Requests for "documents referring or relating to

9    MGA's business dealings, without specifying any products or other subject matter

10   limitations" because such Requests are grossly overbroad.[2108]

11             There is no basis for overruling Mattel's privilege objection.  MGA's

12   bald assertion that "this request does not seek information protected by the attorney-

13   client privilege, the attorney work product doctrine, or any other applicable

14   privilege" has no merit.  Documents responsive to this Request could very well be

15   subject to a claim of privilege or work product protection.  Despite MGA's claim to

16   the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA

17   has itself argued, the parties have agreed that "all privileged documents would be

18   logged except for documents created after this action was filed on April 27, 2004."

19   Thus, to the extent privileged documents fall within the post lawsuit time period,

20   they need not be included on Mattel's log.

21   ████████████████████████████████████████████████

22   ████████████████████████████████████████████████

23

24   _____

25   [2106]  <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

26   [2107]  <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5.

27   [2108]  <u>Id.</u>

28



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**REQUEST FOR PRODUCTION NO. 176:**

All DOCUMENTS sent to or received from the NPD Group discussing, mentioning, relating or referring to "BRATZ", Isaac Larian, MGA or any MGA past or present employee including, without limitation, Victoria O'Connor and Paula Treantafellas.

**RESPONSE TO REQUEST NO. 176:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control sent to or received from the NPD Group that discuss, mention, relate or refer to BRATZ, Isaac Larian, MGA or any MGA employee, <u>past or present,</u> including Victoria O'Connor and Paula Treantafelles, without limitation as to time,

1  and regardless of whether the documents relate to the conduct at issue in this
2  lawsuit. Mattel further objects to this request on the ground that it seeks documents
3  that are not relevant to this action and is not reasonably calculated to lead to the
4  discovery of admissible evidence.  Mattel further objects to this Request on the
5  grounds that such discovery from Mattel is overbroad, unduly burdensome,
6  oppressive and not likely to the lead to the discovery of admissible evidence in that
7  Mattel's actions in relation to the "Bratz" line of products are not at issue in this
8  action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are
9  the actions of defendants and third parties associated with defendants in connection
10 with the projects that defendant Bryant worked on with defendant MGA, which is
11 information known to and within the possession, custody and control of defendants
12 and their associated third parties, not Mattel.

13 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
14 **TO SHOULD BE COMPELLED**

15         Mattel has improperly limited its agreement to produce documents in
16 response to this request, subject to its improper boilerplate objections.  Mattel has
17 refused to confirm whether or not it has produced all non-privileged responsive
18 documents or whether it is withholding documents based on its objections in Phase
19 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
20 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
21 Generic objections that fail to explain the basis for an objection with specificity are
22 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
23 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
24 'overly burdensome and harassing' are improper – especially when a party fails to
25 submit any evidentiary declarations supporting such objections").  Accordingly,
26 Mattel must be compelled either to certify that it has produced all non-privileged
27 responsive documents or to produce all such documents by a date certain.

28

1    To the extent that Mattel is relying on its blanket objections, they are
2  not sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the
4  required particularity, as to *why* this request is supposedly overly broad, nor can it
5  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
6  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
7  contrary, the request is narrowly tailored to seek documents concerning how access
8  to Mattel's confidential information is controlled, which is directly relevant to
9  Mattel's claim for misappropriation of trade secrets.

10    As to burden, Mattel has not attempted to demonstrate why responding
11  to this request and/or producing responsive documents presents any burden.  This
12  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
13  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
14  request is unduly burdensome must allege specific facts which indicate the nature
15  and extent of the burden, usually by affidavit or other reliable evidence.")
16  Moreover, it is not unduly burdensome, as noted above, in that the request is
17  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA
18  has directly and indirectly engaged in various efforts to illegally obtain protected
19  trade information from Mattel, including that MGA misappropriated Mattel trade
20  secrets.

21    Mattel objects that the request contains confidential, proprietary and
22  trade secret information.  A Protective Order exists in this case, obviating any
23  concern as to protection of privacy rights and/or commercially sensitive
24  information.

25    Mattel also does not identify what documents, if any, it is withholding
26  on the grounds that such documents are evidence in or pertain to criminal
27  proceedings, and that their disclosure might interfere with such proceedings, nor
28  does it explain *how* their disclosure might cause such interference.  This objection is

1  therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections
2  not stated with specificity), Rutowski Decl. Ex. 58.

3          This request does not seek documents protected by the attorney-client
4  privilege, the attorney work product doctrine, or other applicable privileges. To the
5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6          None of Mattel's improper objections are valid and Mattel is obligated
7  to produce all non-privileged responsive documents in its possession, custody, or
8  control.

9  **MATTEL'S RESPONSE:**

10         MGA must establish that its discovery meets the relevance
11 requirements of Rule 26(b)(1), which clearly states that discovery must be
12 "reasonably calculated to lead to the discovery of admissible evidence." MGA has
13 not attempted to explain how the requested documents are relevant to Phase 2
14 issues. "A trial court has a duty, of special significance in lengthy and complex
15 cases where the possibility of abuse is always present, to supervise and limit
16 discovery to protect parties and witnesses from annoyance and excessive expense."
17 Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways
18 Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.
19 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D.
20 Ill. 1983) (same). As the previous Discovery Master has held, a party may not
21 propound document requests as part of a fishing expedition or to discover new
22 claims. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District
23 courts need not condone the use of discovery to engage in 'fishing expeditions.'").

24         Additionally, MGA failed to meet and confer in good faith regarding
25 this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1,
26 dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
27 party shall first identify each dispute, state the relief sought and identify the
28 authority supporting the requested relief in a meet and confer letter that shall be

1  served on all parties by facsimile or electronic mail. The parties shall have five court

2  days from the date of service of that letter to conduct an in-person conference to

3  attempt to resolve the dispute."). At no point during the meet and confer process did

4  MGA articulate a valid basis for which this Request could be considered relevant to

5  Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is

6  simply not true; MGA never initiated any dialogue about this Request or Mattel's

7  response in the first place. The Discovery Master should deny MGA's motion with

8  respect to this Request on that grounds alone.

9         The motion is also moot. As MGA has admitted in correspondence

10  going back to 2007[2121], Mattel has produced and continues to produce documents

11  that are responsive to this Request.  As to the actual production of relevant

12  documents, there is no dispute and indeed had been no dispute for years, as MGA

13  well knows, and this issue could have been resolved without motion practice if

14  MGA had completed the meet and confer process in good faith.

15         The Request is also entirely duplicative of prior discovery served by

16  Carter Bryant as well as subsequent discovery served by MGA.  ██████████

17  ████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████

19  ████████     It is highly dubious for MGA to claim, at this stage of the litigation,

20  that there remain unproduced relevant materials on this subject in Mattel's

21  possession, when over *two years ago* MGA wrote a letter admitting that this set of

22

23

24

25  [2121]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

26  Dart Dec., Exh. 43.

27  ████████████████████████████████████████████████

28

1  requests was duplicative and that Mattel had produced relevant documents in
2  response.[2123]

3       There is no basis for overruling Mattel's privilege objection. MGA's
4  bald assertion that "this request does not seek information protected by the attorney-
5  client privilege, the attorney work product doctrine, or any other applicable
6  privilege" has no merit. Documents responsive to this Request could very well be
7  subject to a claim of privilege or work product protection. Despite MGA's claim to
8  the contrary, Mattel has produced a privilege log in this action. Moreover, as MGA
9  has itself argued, the parties have agreed that "all privileged documents would be
10 logged except for documents created after this action was filed on April 27, 2004."
11 Thus, to the extent privileged documents fall within the post lawsuit time period,
12 they need not be included on Mattel's log.

13      The Request is also highly burdensome. NPD provides retail sales data
14 on Mattel's products as well as on thousands of other products in the toy industry.
15 Hundreds of employees at Mattel in the U.S. have access to and make decisions
16 based on that data, or have sent or received communications that reference the
17 data.[2124] Mattel would have to search through each of these employees' hard copy
18 files and electronically stored information to determine whether their copies of this
19 data, or any related documents that might have been created by Mattel, fall under the
20 purview of this request.[2125]

21      Even to the extent that this Request seeks documents relevant to *Phase
22 1*, Mattel produced all relevant, responsive, non-privileged documents during the
23 Phase 1 discovery period.

24

---

25   [2124] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
26 Dart Dec., Exh. 43.
   [2124] See Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,
27 Exh. 31.

28

-1214-

**REQUEST FOR PRODUCTION NO. 177:**

All DOCUMENTS sent to or received from CARU discussing, mentioning, relating or referring to "BRATZ", Isaac Larian or MGA.

**RESPONSE TO REQUEST NO. 177:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control sent to or received from CARU that discuss, mention, relate or refer to BRATZ, Isaac Larian or MGA, without limitation as to time, and regardless of whether the documents relate to the conduct at issue in this lawsuit. Mattel further objects to this request on the ground that it seeks documents that are not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request to the policies and procedures applied in the U.S., Mexico

---

[2125] Id.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   and Canada, and subject to its improper boilerplate objections. Mattel has refused to

2   confirm whether or not it has produced all non-privileged responsive documents or

3   whether it is withholding documents based on its objections in Phase 2. Under the

4   Federal Rules of Civil Procedure, "an objection to part of a request must specify the

5   part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic

6   objections that fail to explain the basis for an objection with specificity are routinely

7   rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234

8   F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

9   burdensome and harassing' are improper – especially when a party fails to submit

10   any evidentiary declarations supporting such objections"). Accordingly, Mattel

11   must be compelled either to certify that it has produced all non-privileged

12   responsive documents or to produce all such documents by a date certain.

13         To the extent that Mattel is relying on its blanket objections, they are

14   not sustainable and do not justify Mattel's failure to produce documents.

15         As to overbreadth, Mattel provides no explanation, let alone the

16   required particularity, as to *why* this request is supposedly overly broad, nor can it

17   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

18   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

19   contrary, the request is narrowly tailored to seek documents concerning the steps

20   and procedures Mattel takes to protect its confidential information, which is directly

21   relevant to MGA's Unfair Competition claim based on Mattel's unlawful constraints,

22   intimidation, and coercion of MGA's current and potential employees formerly or

23   currently employed by Mattel, as well as to Mattel's claim for misappropriation of

24   trade secrets.

25         As to burden, Mattel has not attempted to demonstrate why responding

26   to this request and/or producing responsive documents presents any burden. This

27   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

28   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1   request is unduly burdensome must allege specific facts which indicate the nature

2   and extent of the burden, usually by affidavit or other reliable evidence.")

3   Moreover, it is not unduly burdensome, as noted above, in that the request is

4   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

5   has unlawfully constrained, intimidated and coerced its current and potential

6   employees, and Mattel has alleged that MGA has directly and indirectly engaged in

7   various efforts to illegally obtain protected trade information from Mattel, including

8   that MGA misappropriated Mattel trade secrets. MGA is entitled to discovery on

9   these claims.

10          Mattel objects that the request contains confidential, proprietary and

11   trade secret information. A Protective Order exists in this case, obviating any

12   concern as to protection of privacy rights and/or commercially sensitive

13   information.

14          Mattel also does not identify what documents, if any, it is withholding

15   on the grounds that such documents are evidence in or pertain to criminal

16   proceedings, and that their disclosure might interfere with such proceedings, nor

17   does it explain *how* such disclosure might cause such interference. This objection is

18   therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections

19   not stated with specificity), Rutowski Decl. Ex. 58.

20          This request does not seek documents protected by the attorney-client

21   privilege, the attorney work product doctrine, or other applicable privileges. To the

22   extent that Mattel contends that it does, Mattel must provide a privilege log.

23          None of Mattel's improper objections are valid and Mattel is obligated

24   to produce all non-privileged responsive documents in its possession, custody, or

25   control.

26   **MATTEL'S RESPONSE:**

27          MGA must establish that its discovery meets the relevance

28   requirements of Rule 26(b)(1), which clearly states that discovery must be

1  "reasonably calculated to lead to the discovery of admissible evidence." MGA has

2  not attempted to explain how the requested documents are relevant to Phase 2

3  issues. "A trial court has a duty, of special significance in lengthy and complex

4  cases where the possibility of abuse is always present, to supervise and limit

5  discovery to protect parties and witnesses from annoyance and excessive expense."

6  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways

7  Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.

8  1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D.

9  Ill. 1983) (same). As the previous Discovery Master has held, a party may not

10  propound document requests as part of a fishing expedition or to discover new

11  claims. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

12  courts need not condone the use of discovery to engage in 'fishing expeditions.'").

13        Additionally, MGA failed to meet and confer in good faith regarding

14  this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1,

15  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

16  party shall first identify each dispute, state the relief sought and identify the

17  authority supporting the requested relief in a meet and confer letter that shall be

18  served on all parties by facsimile or electronic mail. The parties shall have five court

19  days from the date of service of that letter to conduct an in-person conference to

20  attempt to resolve the dispute."). At no point during the meet and confer process did

21  MGA articulate a valid basis for which this Request could be considered relevant to

22  Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is

23  simply not true; MGA never initiated any dialogue about this Request or Mattel's

24  response in the first place. The Discovery Master should deny MGA's motion with

25  respect to this Request on that grounds alone.

26

27

28

1    The motion is also moot.  As MGA has admitted in correspondence

2  going back to 2007[2126], Mattel has produced and continues to produce documents

3  that are responsive to this Request.  As to the actual production of relevant

4  documents, there is no dispute and indeed had been no dispute for years, as MGA

5  well knows, and this issue could have been resolved without motion practice if

6  MGA had completed the meet and confer process in good faith.

7    The Request is also entirely duplicative of prior discovery served by

8  Carter Bryant as well as subsequent discovery served by MGA.  ███████

9  ████████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████████

11 ██████████  It is highly dubious for MGA to claim, at this stage of the litigation,

12 that there remain unproduced relevant materials on this subject in Mattel's

13 possession, when over *two years ago* MGA wrote a letter admitting that this set of

14 requests was duplicative and that Mattel had produced relevant documents in

15 response.[2128]  Specifically, this Request is entirely duplicative of MGA's Request

16 Nos. 38 and 43 of MGA's First Set of Request for the Production of Documents and

17 Things (04-9049), on which MGA has already moved to compel production.  The

18 Request was denied as to Request No. 38 and granted as to Request No. 43.[2129]

19    The Request is also highly burdensome.  Mattel would have to search

20 through each of its employees' hard copy files and electronically stored information

21

22

---

23    [2126]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

24 Dart Dec., Exh. 43.

25 ████████████████████████████████████████████████████████

26    [2128]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

27 Dart Dec., Exh. 43.
   [2129]   See Discovery Order dated May 22, 2007.

28

1   to determine whether their copies of this data, or any related documents that might

2   have been created by Mattel, fall under the purview of this request.[2130]

3         Even to the extent that this Request seeks documents relevant to *Phase*

4   *1*, Mattel produced all relevant, responsive, non-privileged documents during the

5   Phase 1 discovery period.

6   **REQUEST FOR PRODUCTION NO. 178:**

7         All DOCUMENTS sent to or received from TIA discussing,

8   mentioning, relating or referring to "BRATZ", Isaac Larian or MGA.

9   **RESPONSE TO REQUEST NO. 178:**

10         In addition to the general objections stated above, which are

11   incorporated herein by reference, Mattel objects to this Request as overbroad and

12   unduly burdensome in that it seeks all documents in Mattel's possession, custody or

13   control sent to or received from the TIA that discuss, mention, relate or refer to

14   BRATZ, Isaac Larian or MGA, without limitation as to time, and regardless of

15   whether the documents relate to the conduct at issue in this lawsuit.  Mattel further

16   objects to this request on the ground that it seeks documents that are not relevant to

17   this action and is not reasonably calculated to lead to the discovery of admissible

18   evidence.  Mattel further objects to this Request on the grounds that such discovery

19   from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead

20   to the discovery of admissible evidence in that Mattel's actions in relation to the

21   "Bratz" line of products are not at issue in this action and are irrelevant to the claims

22   and defenses in this suit.  Rather, at issue are the actions of defendants and third

23   parties associated with defendants in connection with the projects that defendant

24   Bryant worked on with defendant MGA, which is information known to and within

25

26

27   [2130]  <u>Id.</u>

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  the possession, custody and control of defendants and their associated third parties,
2  not Mattel.

3  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
4  **TO SHOULD BE COMPELLED**

5  Mattel has not agreed to produce documents in response to this request,
6  subject to its improper boilerplate objections. Mattel has refused to confirm whether
7  or not it has produced all non-privileged responsive documents or whether it is
8  withholding documents based on its objections in Phase 2. Under the Federal Rules
9  of Civil Procedure, "an objection to part of a request must specify the part and
10  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that
11  fail to explain the basis for an objection with specificity are routinely rejected in the
12  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
13  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
14  harassing' are improper – especially when a party fails to submit any evidentiary
15  declarations supporting such objections"). Accordingly, Mattel must be compelled
16  either to certify that it has produced all non-privileged responsive documents or to
17  produce all such documents by a date certain.

18  To the extent that Mattel is relying on its blanket objections, they are
19  not sustainable and do not justify Mattel's failure to produce documents.

20  As to overbreadth, Mattel provides no explanation, let alone the
21  required particularity, as to **why** this request is supposedly overly broad, nor can it
22  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
23  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
24  contrary, the request is narrowly tailored to seek documents concerning Mattel's
25  communications with TIA that relate to Bratz, MGA, or Larian.

26  As to burden, Mattel has not attempted to demonstrate why responding
27  to this request and/or producing responsive documents presents any burden. This
28  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
2  request is unduly burdensome must allege specific facts which indicate the nature
3  and extent of the burden, usually by affidavit or other reliable evidence.")
4  Moreover, it is not unduly burdensome, as noted above, in that the request is
5  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
6  has engaged in a broad variety of unfair trade practices, including orchestrating a
7  change in the manner in which TIA chooses the Toy of the Year Award.  MGA is
8  entitled to discovery on these claims.

9        Mattel's relevance objection attempts characterize the case as only
10 involving Mattel's affirmative claims and wholly ignores MGA's affirmative claims.
11 MGA's unfair competition claim is based in part on allegations that Mattel
12 orchestrated a change in the way that TIA selected the Toy of the Year Award.
13 Communications between Mattel and TIA relating to MGA, Larian, or Bratz are
14 relevant to this issue, as MGA won Toy of the Year in 2001 and 2002, the two years
15 prior to when the selection process was changed.

16       None of Mattel's improper objections are valid and Mattel is obligated
17 to produce all non-privileged responsive documents in its possession, custody, or
18 control.

19 **MATTEL'S RESPONSE:**

20       MGA must establish that its discovery meets the relevance
21 requirements of Rule 26(b)(1), which clearly states that discovery must be
22 "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
23 not attempted to explain how the requested documents are relevant to Phase 2
24 issues.  "A trial court has a duty, of special significance in lengthy and complex
25 cases where the possibility of abuse is always present, to supervise and limit
26 discovery to protect parties and witnesses from annoyance and excessive expense."
27 Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways
28 Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.

1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Additionally, MGA failed to meet and confer in good faith regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").  At no point during the meet and confer process did MGA articulate a valid basis for which this Request could be considered relevant to Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is simply not true; MGA never initiated any dialogue about this Request or Mattel's response in the first place.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

The motion is also moot.  As MGA has admitted in correspondence going back to 2007[2131], Mattel has produced and continues to produce documents that are responsive to this Request.  As to the actual production of relevant documents, there is no dispute and indeed had been no dispute for years, as MGA well knows, and this issue could have been resolved without motion practice if MGA had completed the meet and confer process in good faith.

---

[2131]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

1    The Request is also entirely duplicative of prior discovery served by

2  Carter Bryant as well as subsequent discovery served by MGA.  ███████

3  ████████████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████████████

5  ██████████   It is highly dubious for MGA to claim, at this stage of the litigation,

6  that there remain unproduced relevant materials on this subject in Mattel's

7  possession, when over *two years ago* MGA wrote a letter admitting that this set of

8  requests was duplicative and that Mattel had produced relevant documents in

9  response.[2133]

10    Even to the extent that this Request seeks documents relevant to *Phase*

11  *1*, Mattel produced all relevant, responsive, non-privileged documents during the

12  Phase 1 discovery period.  Finally, MGA takes issue with Mattel imposing any

13  temporal limitations on its production based on the filing of MGA's complaint. ███

14  ████████████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████████████

16  ██████████████████████████████   MGA offers no reason, nor could

17  _____

18  ██████████████████████████████████████████████████████████

19  [2133]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

20  Dart Dec., Exh. 43.

21  ████████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████████████

23  █████████████████████████████████   In finding that "there has been

24  no showing by Mattel that the Subpoenas to the Financing Entities are reasonably

25  calculated to lead to the discovery of admissible evidence regarding the RICO

   counterclaim," the Discovery Master noted that "the RICO counterclaim (like the

26  other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more

27  than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came

   into existence – and therefore apparently did not encompass the activities or the

28    (footnote continued)

1  it consistent with judicial estoppel, why documents post-dating the filing of claims

2  which do not allege continuing wrongdoing are relevant to those claims.

3  **REQUEST FOR PRODUCTION NO. 179:**

4          All DOCUMENTS sent to or received from Warner Brothers

5  discussing, mentioning, relating or referring to "BRATZ", Isaac Larian, MGA or

6  any MGA past or present employee including, without limitation, Victoria O'Connor

7  and Paula Treantafellas.

8  **RESPONSE TO REQUEST NO. 179:**

9          In addition to the general objections stated above, which are

10  incorporated herein by reference, Mattel objects to this Request as overbroad and

11  unduly burdensome in that it seeks all documents in Mattel's possession, custody

12  and control sent to or received from Warner Brothers that discuss, mention, relate or

13  refer to BRATZ, Isaac Larian, MGA or any MGA employee, <u>past or present,</u>

14  including Victoria O'Connor and Paula Treantafelles, without limitation as to time,

15  and regardless of whether the documents relate to the conduct at issue in this

16  lawsuit. Mattel further objects to this request on the ground that it seeks documents

17  that are not relevant to this action and is not reasonably calculated to lead to the

18  discovery of admissible evidence.  Mattel further objects to this Request on the

19  grounds that such discovery from Mattel is overbroad, unduly burdensome,

20  oppressive and not likely to the lead to the discovery of admissible evidence in that

21  Mattel's actions in relation to the "Bratz" line of products are not at issue in this

22  action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

23  the actions of defendants and third parties associated with defendants in connection

24  with the projects that defendant Bryant worked on with defendant MGA, which is

25

26  _____

27  transactions which are the subject of the Financing Discovery."  Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Dec., Exh. 7.

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    information known to and within the possession, custody and control of defendants

2    and their associated third parties, not Mattel.

3    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

4    **TO SHOULD BE COMPELLED**

5    Mattel has not agreed to produce documents in response to this request,

6    subject to its improper boilerplate objections.  Mattel has refused to confirm whether

7    or not it has produced all non-privileged responsive documents or whether it is

8    withholding documents based on its objections in Phase 2.  Under the Federal Rules

9    of Civil Procedure, "an objection to part of a request must specify the part and

10   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

11   fail to explain the basis for an objection with specificity are routinely rejected in the

12   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

13   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

14   harassing' are improper – especially when a party fails to submit any evidentiary

15   declarations supporting such objections").  Accordingly, Mattel must be compelled

16   either to certify that it has produced all non-privileged responsive documents or to

17   produce all such documents by a date certain.

18   To the extent that Mattel is relying on its blanket objections, they are

19   not sustainable and do not justify Mattel's failure to produce documents.

20   As to overbreadth, Mattel provides no explanation, let alone the

21   required particularity, as to *why* this request is supposedly overly broad, nor can it

22   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

23   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

24   contrary, the request is narrowly tailored to seek documents concerning Mattel's

25   communications with Warner Brothers regarding MGA.

26   As to burden, Mattel has not attempted to demonstrate why responding

27   to this request and/or producing responsive documents presents any burden.  This

28   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
2  request is unduly burdensome must allege specific facts which indicate the nature
3  and extent of the burden, usually by affidavit or other reliable evidence.")
4  Moreover, it is not unduly burdensome, as noted above, in that the request is
5  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
6  has engaged in a broad variety of unfair trade practices and acts constituting unclean
7  hands, including improper attempts to gather confidential or proprietary information
8  about MGA. MGA is entitled to discovery on these claims.

9          Mattel's relevance objection attempts characterize the case as only
10 involving Mattel's affirmative claims and wholly ignores MGA's affirmative claims.
11 MGA's unfair competition claim is based in part on allegations that Mattel made
12 improper attempts to gather confidential or proprietary information about MGA.
13 Mattel's communications with Warner Brothers regarding MGA will provide
14 information relating to these claims.

15         None of Mattel's improper objections are valid and Mattel is obligated
16 to produce all non-privileged responsive documents in its possession, custody, or
17 control.

18 **MATTEL'S RESPONSE:**

19         MGA must establish that its discovery meets the relevance
20 requirements of Rule 26(b)(1), which clearly states that discovery must be
21 "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
22 not attempted to explain how the requested documents are relevant to Phase 2
23 issues.  "A trial court has a duty, of special significance in lengthy and complex
24 cases where the possibility of abuse is always present, to supervise and limit
25 discovery to protect parties and witnesses from annoyance and excessive expense."
26 Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways
27 Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.
28 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  Ill. 1983) (same).  As the previous Discovery Master has held, a party may not
2  propound document requests as part of a fishing expedition or to discover new
3  claims.  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District
4  courts need not condone the use of discovery to engage in 'fishing expeditions.'").

5       Additionally, MGA failed to meet and confer in good faith regarding
6  this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,
7  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
8  party shall first identify each dispute, state the relief sought and identify the
9  authority supporting the requested relief in a meet and confer letter that shall be
10  served on all parties by facsimile or electronic mail. The parties shall have five court
11  days from the date of service of that letter to conduct an in-person conference to
12  attempt to resolve the dispute.").  At no point during the meet and confer process did
13  MGA articulate a valid basis for which this Request could be considered relevant to
14  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is
15  simply not true; MGA never initiated any dialogue about this Request or Mattel's
16  response in the first place.  The Discovery Master should deny MGA's motion with
17  respect to this Request on that grounds alone.

18       The motion is also moot.  As MGA has admitted in correspondence
19  going back to 2007[2135], Mattel has produced and continues to produce documents
20  that are responsive to this Request.  As to the actual production of relevant
21  documents, there is no dispute and indeed had been no dispute for years, as MGA
22  well knows, and this issue could have been resolved without motion practice if
23  MGA had completed the meet and confer process in good faith.

24       The Request is also entirely duplicative of prior discovery served by
25  Carter Bryant as well as subsequent discovery served by MGA.  ███████

26
27
28

00505.07975/3161896.1

1 ███████████████████████████████████████

2 ███████████████████████████████████████

3 ████████    It is highly dubious for MGA to claim, at this stage of the litigation,

4 that there remain unproduced relevant materials on this subject in Mattel's

5 possession, when over *two years ago* MGA wrote a letter admitting that this set of

6 requests was duplicative and that Mattel had produced relevant documents in

7 response.[2137]

## REQUEST FOR PRODUCTION NO. 184:

9      All DOCUMENTS evidencing, showing, demonstrating, depicting,

10 describing, constituting, mentioning, referring to, or relating to any good sold,

11 marketed, or distributed by MGA, or any image, slogan, logo, brand, trademark,

12 trade dress, service mark or other matter used by MGA, which YOU believe is the

13 same as or similar to any idea, concept, creation, design or other work or property

14 owned by YOU.

## RESPONSE TO REQUEST NO. 184:

16      In addition to the general objections stated above, which are

17 incorporated herein by reference, Mattel objects to this Request as overbroad and

18 unduly burdensome in that it seeks all documents in Mattel's possession, custody

19 and control created by <u>anyone at any time</u> evidencing, showing, demonstrating,

20 depicting, describing, constituting, mentioning, referring to, or relating to any good

21 of any kind sold, marketed, or distributed by MGA at any time, or any image,

22 slogan, logo, brand, trademark, trade dress, service mark or other matter used by

23 _____

24 [2135]   <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

25 Dart Dec., Exh. 43.

26 ███████████████████████████████████████

27 [2137]   <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

28 Dart Dec., Exh. 43.

MGA, which "Mattel," as defined by MGA to include past employees like Bryant, "believes" is "the same as" or "similar" to any idea, concept, creation, design or other work or property owned by "Mattel," regardless of whether the documents relate to conduct at issue in this action. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled

1   either to certify that it has produced all non-privileged responsive documents or to
2   produce all such documents by a date certain.

3            To the extent that Mattel is relying on its blanket objections, they are
4   not sustainable and do not justify Mattel's failure to produce documents.

5            As to overbreadth, Mattel provides no explanation, let alone the
6   required particularity, as to *why* this request is supposedly overly broad, nor can it
7   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9   contrary, the request is narrowly tailored to Mattel's belief that there are similarities
10  between Mattel and MGA property.

11           As to burden, Mattel has not attempted to demonstrate why responding
12  to this request and/or producing responsive documents presents any burden. This
13  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
14  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
15  request is unduly burdensome must allege specific facts which indicate the nature
16  and extent of the burden, usually by affidavit or other reliable evidence.")
17  Moreover, it is not unduly burdensome, as noted above, in that the request is
18  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
19  has engaged in a broad variety of unfair trade practices, from serial copying of

20           MGA products, to threatening retailers and suppliers to cease doing
21  business with MGA, to intimidating employees and industry groups in order to
22  prevent MGA from fairly competing. MGA is entitled to discovery on these claims.
23  Moreover, Mattel alleges broad trade secrets rights in "Bratz." The requested
24  documents regarding alleged similarities between Mattel and MGA products, as
25  perceived by Mattel, is directly discoverable in connection with MGA's claims and
26  defenses.

27
28

1  This request does not seek documents protected by the attorney-client
2  privilege, the attorney work product doctrine, or other applicable privileges.  To the
3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4  Mattel objects that the request is duplicative or subsumed within prior
5  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
6  agree to produce responsive non-privileged documents is not proper based on this
7  objection.

8  None of Mattel's improper objections are valid and Mattel is obligated
9  to produce all non-privileged responsive documents in its possession, custody, or
10  control.

11  **MATTEL'S RESPONSE:**

12  MGA's Request effectively seeks all documents relating to Bratz dolls
13  and a host of additional intellectual property that has been determined in this case to
14  belong to Mattel.  MGA seeks intellectual property reaching a broad range of
15  materials with no showing of Phase 2 relevance, and materials covered by the
16  attorney-client privilege and the attorney work product, without limitation as to
17  time, scope, or source.  MGA and Mattel are large multinational corporations and
18  direct competitors; accordingly, each company will have generated a huge range of
19  documents "relating to" the other, the vast majority of which are completely
20  irrelevant to the Phase 2 claims.  For instance, a document that simply lists public
21  pricing or sales data for a Bratz product, or even an email referring to the fact of
22  Bratz's existence would fall under this Request as worded.  Further, as noted, the
23  Request seeks information about intellectual property that, under prior court rulings,
24  have been determined to be wholly owned by Mattel.  MGA's Request is thus
25  irrelevant inasmuch its only purpose is to vainly attempt to overrule prior Phase 1
26  rulings.

27  MGA must establish that its discovery meets the relevance
28  requirements of Rule 26(b)(1), which clearly states that discovery must be

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   "reasonably calculated to lead to the discovery of admissible evidence." MGA has
2   not sufficiently explained how all documents relating to Bratz intellectual property
3   are related to Phase 2 issues. "A trial court has a duty, of special significance in
4   lengthy and complex cases where the possibility of abuse is always present, to
5   supervise and limit discovery to protect parties and witnesses from annoyance and
6   excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
7   also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
8   n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
9   1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a
10  party may not propound document requests as part of a fishing expedition or to
11  discover new claims. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)
12  ("District courts need not condone the use of discovery to engage in 'fishing
13  expeditions.'").

14          Additionally, MGA failed to meet and confer in good faith regarding
15  this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1,
16  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
17  party shall first identify each dispute, state the relief sought and identify the
18  authority supporting the requested relief in a meet and confer letter that shall be
19  served on all parties by facsimile or electronic mail. The parties shall have five court
20  days from the date of service of that letter to conduct an in-person conference to
21  attempt to resolve the dispute."). At no point during the meet and confer process did
22  MGA articulate a valid basis for which this Request could be considered relevant to
23  Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is
24  simply not true; MGA never initiated any dialogue about this Request or Mattel's
25  response in the first place. The Discovery Master should deny MGA's motion with
26  respect to this Request on that grounds alone.

27
28

1    The motion is also moot.  As MGA has admitted in correspondence

2  going back to 2007[2138], Mattel has produced and continues to produce documents

3  that are responsive to this Request.  As to the actual production of relevant

4  documents, there is no dispute and indeed had been no dispute for years, as MGA

5  well knows, and this issue could have been resolved without motion practice if

6  MGA had completed the meet and confer process in good faith.

7    The Request is also entirely duplicative of prior discovery served by

8  Carter Bryant as well as subsequent discovery served by MGA.  ███████

9  ███████████████████████████████████████████████████████

10  ███████████████████████████████████████████████████████

11  ██████████  MGA's claim, at this stage of the litigation, that there remain

12  unproduced relevant materials on this subject in Mattel's possession is not credible.

13  In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

14  was duplicative and that Mattel had produced relevant documents in response.[2140]

15    Further, prior Orders entered in this case -- at MGA's urging -- make

16  very clear that a Request that seeks all documents relating to such a wide and

17  amorphous category is overbroad and improper.  As the prior Discovery Master held

18  in denying a motion to compel on what was a less expansively worded Request,

19  "this category of requests is clearly overbroad, requiring production of documents

20  that merely mention MGA, Larian, Bratz or other MGA products, regardless of

21

22

23

24    [2138]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

25  Dart Dec., Exh. 43.

26  ████████████████████████████████████████████████████████

27    [2140]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

28  Dart Dec., Exh. 43.

1  whether or not they have anything to do with the claims or defenses in this case."[2141]

2  Similarly, the prior Discovery Master has denied motions to compel on Requests for

3  "documents referring or relating to MGA's business dealings, without specifying

4  any products or other subject matter limitations" because such Requests are grossly

5  overbroad.[2142]

6          There is no basis for overruling Mattel's privilege objection.  MGA's

7  bald assertion that "this request does not seek information protected by the attorney-

8  client privilege, the attorney work product doctrine, or any other applicable

9  privilege" has no merit.  Documents responsive to this Request could very well be

10 subject to a claim of privilege or work product protection.  Despite MGA's claim to

11 the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA

12 has itself argued, the parties have agreed that "all privileged documents would be

13 logged except for documents created after this action was filed on April 27, 2004."

14 Thus, to the extent privileged documents fall within the post lawsuit time period,

15 they need not be included on Mattel's log.

16

17

18

19

20

21

22

23

24

25

26

27

28



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5 **REQUEST FOR PRODUCTION NO. 185:**

6　　　All DOCUMENTS constituting, mentioning, referring to, or relating to

7 YOUR discovery of, and any efforts made by YOU to discover, the source, author,

8 designer, creator, and owner of any good sold marketed, or distributed by MGA, or

9 any image, slogan, logo, brand, trademark, trade dress, service mark or other matter,

10 which YOU believe is the same as or similar to any idea, concept, creation, design

11 or other work or property owned by YOU, including that date of any such discovery

12 and discovery efforts.

13 **RESPONSE TO REQUEST NO. 185:**

14　　　In addition to the general objections stated above, which are

15 incorporated herein by reference, Mattel objects to this Request as overbroad and

16 unduly burdensome in that it seeks all documents in Mattel's possession, custody

17 and control created by <u>anyone at any time</u> constituting, mentioning, referring to, or

18 relating to Mattel's discovery of, and any efforts made by Mattel to discover, the

19 source, author, designer, creator, and owner of any good of any kind sold, marketed,

20 or distributed by MGA at any time, or any image, slogan, logo, brand, trademark,

21 trade dress, service mark or other matter, which "Mattel," as defined by MGA to

22 include past employees like Bryant, "believes" is "the same as" or "similar" to any

23 

24　[2152]　Declaration of Lori Pantel, dated August 6, 2009, at ¶ 11, Dart Dec., Exh.

25 31..
　[2153]　<u>Id.</u> ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,

26 Exh. 31.
　[2154]　<u>Id.</u> ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,

27 Exh. 31.

28

1   idea, concept, creation, design or other work or property owned by "Mattel,"

2   regardless of whether the documents relate to conduct at issue in this action. Mattel

3   further objects to this Request as overbroad, unduly burdensome and oppressive in

4   that it seeks "all" documents in Mattel's possession, custody and control on this

5   broad subject. Mattel further objects to this Request on the grounds that it calls for

6   the disclosure of information subject to the attorney-client privilege, the attorney

7   work-product doctrine and other applicable privileges. Mattel further objects to this

8   Request on the grounds that it seeks documents that are not relevant to this action,

9   and is not reasonably calculated to lead to the discovery of admissible evidence.

10  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

11  **TO SHOULD BE COMPELLED**

12  Mattel refuses to produce documents in response to this request, subject

13  to its improper boilerplate objections. Mattel has refused to confirm whether or not

14  it has produced all non-privileged responsive documents or whether it is

15  withholding documents based on its objections in Phase 2. Under the Federal Rules

16  of Civil Procedure, "an objection to part of a request must specify the part and

17  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

18  fail to explain the basis for an objection with specificity are routinely rejected in the

19  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

20  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

21  harassing' are improper – especially when a party fails to submit any evidentiary

22  declarations supporting such objections"). Accordingly, Mattel must be compelled

23  either to certify that it has produced all non-privileged responsive documents or to

24  produce all such documents by a date certain.

25  To the extent that Mattel is relying on its blanket objections, they are

26  not sustainable and do not justify Mattel's failure to produce documents.

27  As to overbreadth, Mattel provides no explanation, let alone the

28  required particularity, as to *why* this request is supposedly overly broad, nor can it

1   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

2   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

3   contrary, the request is narrowly tailored to Mattel's belief that there are similarities

4   between Mattel and MGA property.

5          As to burden, Mattel has not attempted to demonstrate why responding

6   to this request and/or producing responsive documents presents any burden.  This

7   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

8   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9   request is unduly burdensome must allege specific facts which indicate the nature

10  and extent of the burden, usually by affidavit or other reliable evidence.")

11  Moreover, it is not unduly burdensome, as noted above, in that the request is

12  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

13  has engaged in a broad variety of unfair trade practices, from serial copying of

14  MGA products, to threatening retailers and suppliers to cease doing business with

15  MGA, to intimidating employees and industry groups in order to prevent MGA from

16  fairly competing.  MGA is entitled to discovery on these claims.  Moreover, Mattel

17  alleges broad trade secrets rights in "Bratz."  The requested documents regarding

18  alleged similarities between Mattel and MGA products, as perceived by Mattel, is

19  directly discoverable in connection with MGA's claims and defenses.

20         This request does not seek documents protected by the attorney-client

21  privilege, the attorney work product doctrine, or other applicable privileges.  To the

22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23         Mattel objects that the request is duplicative or subsumed within prior

24  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

25  agree to produce responsive non-privileged documents is not proper based on this

26  objection.

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    None of Mattel's improper objections are valid and Mattel is obligated

2  to produce all non-privileged responsive documents in its possession, custody, or

3  control.

4  **MATTEL'S RESPONSE:**

5    MGA's Request reaches a broad range of irrelevant materials and

6  materials covered by the attorney-client privilege and the attorney work product

7  without limitation as to time, scope, or source.   MGA must establish that its

8  discovery meets the relevance requirements of Rule 26(b)(1), which clearly states

9  that discovery must be "reasonably calculated to lead to the discovery of admissible

10  evidence." MGA has not sufficiently explained how <u>all</u> documents relating to Bratz

11  intellectual property are related to Phase 2 issues.   "A trial court has a duty, of

12  special significance in lengthy and complex cases where the possibility of abuse is

13  always present, to supervise and limit discovery to protect parties and witnesses

14  from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664

15  (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559

16  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste</u>

17  <u>Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).   As the previous

18  Discovery Master has held, a party may not propound document requests as part of a

19  fishing expedition or to discover new claims.   <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d

20  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

21  to engage in 'fishing expeditions.'").

22    Additionally, MGA failed to meet and confer in good faith regarding

23  this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master Order No. 1,

24  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

25  party shall first identify each dispute, state the relief sought and identify the

26  authority supporting the requested relief in a meet and confer letter that shall be

27  served on all parties by facsimile or electronic mail. The parties shall have five court

28  days from the date of service of that letter to conduct an in-person conference to

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  attempt to resolve the dispute.").  At no point during the meet and confer process did

2  MGA articulate a valid basis for which this Request could be considered relevant to

3  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

4  simply not true; MGA never initiated any dialogue about this Request or Mattel's

5  response in the first place.  The Discovery Master should deny MGA's motion with

6  respect to this Request on that grounds alone.

7         The motion is also moot.  As MGA has admitted in correspondence

8  going back to 2007[2155], Mattel has produced and continues to produce documents

9  that are responsive to this Request.  As to the actual production of relevant

10 documents, there is no dispute and indeed had been no dispute for years, as MGA

11 well knows, and this issue could have been resolved without motion practice if

12 MGA had completed the meet and confer process in good faith.

13        The Request is also entirely duplicative of prior discovery served by

14 Carter Bryant as well as subsequent discovery served by MGA.  ██████████

15 ███████████████████████████████████████████████████████

16 ███████████████████████████████████████████████████████

17 ████████         MGA's claim, at this stage of the litigation, that there remain

18 unproduced relevant materials on this subject in Mattel's possession is not credible.

19 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

20 was duplicative and that Mattel had produced relevant documents in response.[2157]

21        Further, prior Orders entered in this case -- at MGA's urging -- make

22 very clear that a Request that seeks all documents relating to such a wide and

24 [2155]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
25 Dart Dec., Exh. 43.

26 ███████████████████████████████████████████████████

27 [2157]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
   Dart Dec., Exh. 43.

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   amorphous category is overbroad and improper.  As the prior Discovery Master held
2   in denying a motion to compel on what was a less expansively worded Request,
3   "this category of requests is clearly overbroad, requiring production of documents
4   that merely mention MGA, Larian, Bratz or other MGA products, regardless of
5   whether or not they have anything to do with the claims or defenses in this case."[2158]
6   Similarly, the prior Discovery Master has denied motions to compel on Requests for
7   "documents referring or relating to MGA's business dealings, without specifying
8   any products or other subject matter limitations" because such Requests are grossly
9   overbroad.[2159]

10           There is no basis for overruling Mattel's privilege objection.  MGA's
11  bald assertion that "this request does not seek information protected by the attorney-
12  client privilege, the attorney work product doctrine, or any other applicable
13  privilege" has no merit.  Documents responsive to this Request could very well be
14  subject to a claim of privilege or work product protection.  Despite MGA's claim to
15  the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA
16  has itself argued, the parties have agreed that "all privileged documents would be
17  logged except for documents created after this action was filed on April 27, 2004."
18  Thus, to the extent privileged documents fall within the post lawsuit time period,
19  they need not be included on Mattel's log.

20
21
22
23
24

25   [2158]   See Order Granting in Part and Denying in Part MGA's Motion to Compel,
26   dated May 22, 2007, Dart Dec., Exh. 5.
     [2159]   Id.
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



**REQUEST FOR PRODUCTION NO. 191:**

All DOCUMENTS evidencing, mentioning, referring to, or relating to the date and manner in which YOU first learned of BRYANT's involvement with, work on, and connection to the conception, design, creation or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

**RESPONSE TO REQUEST NO. 191:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that the terms "Bratz" and "Bratz Intellectual Property" are vague and ambiguous. Mattel further objects to this Request on the grounds that it seeks all documents in Mattel's possession, custody and control that relate to this topic, including copies of newspaper articles and documents that are

---

[2169]  Declaration of Lori Pantel, dated August 6, 2009, at ¶ 11, Dart Dec., Exh. 31..

[2170]  Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec., Exh. 31.

[2171]  Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec., Exh. 31.

1 | otherwise publicly available, and therefore equally available to MGA. Mattel further

2 | objects to this Request on the grounds that it seeks documents that are not relevant

3 | to this action, and it is not reasonably calculated to lead to the discovery of

4 | admissible evidence. Mattel further objects to this Request on the grounds that it is

5 | duplicative of or subsumed within prior Requests already responded to and seeks the

6 | re-production of information and documents already produced in this action. Such

7 | information and documents will not be re-produced.

8 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

9 | **TO SHOULD BE COMPELLED**

10 | Mattel refuses to produce documents in response to this request,

11 | standing on its improper boilerplate objections. Under the Federal Rules of Civil

12 | Procedure, "an objection to part of a request must specify the part and permit

13 | inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to

14 | explain the basis for an objection with specificity are routinely rejected in the

15 | Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

16 | (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

17 | harassing' are improper – especially when a party fails to submit any evidentiary

18 | declarations supporting such objections"). Accordingly, Mattel must be compelled

19 | either to certify that it has produced all non-privileged responsive documents or to

20 | produce all such documents by a date certain.

21 | To the extent that Mattel is relying on its blanket objections, they are

22 | not sustainable and do not justify Mattel's failure to produce documents.

23 | This request does not seek documents protected by the attorney-client

24 | privilege, the attorney work product doctrine, or other applicable privileges. Rather

25 | it seeks information regarding the factual basis of Mattel's knowledge of the claims

26 | at issue. To the extent that Mattel contends that it does seek privileged information,

27 | Mattel must provide a privilege log.

28 |

1 | Mattel objects that the request is duplicative or subsumed within prior
2 | requests but does not identify the allegedly duplicative requests. Mattel's failure to
3 | agree to produce responsive non-privileged documents is not proper based on this
4 | objection.

5 | Mattel's objection that the request calls for information equally
6 | available to MGA does not relieve it of its obligation to produce documents within
7 | its possession, custody or control.

8 | This request is narrowly tailored to Mattel's first knowledge of the
9 | claims at issue in this case. The information sought in response to this request is
10 | discoverable insofar as it relates to MGA's defenses based on statute of limitations
11 | and laches. It is also relevant to mitigation of damages.

12 | None of Mattel's improper objections are valid and Mattel is obligated
13 | to produce all non-privileged responsive documents in its possession, custody, or
14 | control.

15 | **MATTEL'S RESPONSE:**

16 | MGA's Request seeks information relevant to claims and issues that
17 | were entirely determined in Phase 1 without any showing of Phase 2 relevance. It
18 | has been established in this case that Bryant's drawings and the intellectual property
19 | related thereto are now and have at all times been owned by Mattel; this issue is not
20 | open for revision in Phase 2. MGA may not obtain discovery at this stage in the
21 | litigation merely for the purpose of vainly attempting to overrule Phase 1
22 | determinations.

23 | MGA must establish that its discovery meets the relevance
24 | requirements of Rule 26(b)(1), which clearly states that discovery must be
25 | "reasonably calculated to lead to the discovery of admissible evidence." MGA has
26 | not sufficiently explained how all documents relating to Bratz intellectual property
27 | are related to Phase 2 issues. "A trial court has a duty, of special significance in
28 | lengthy and complex cases where the possibility of abuse is always present, to

1   supervise and limit discovery to protect parties and witnesses from annoyance and
2   excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>
3   <u>also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133
4   n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL
5   1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
6   party may not propound document requests as part of a fishing expedition or to
7   discover new claims.  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)
8   ("District courts need not condone the use of discovery to engage in 'fishing
9   expeditions.'").

10           Additionally, MGA failed to meet and confer in good faith regarding
11   this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master Order No. 1,
12   dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
13   party shall first identify each dispute, state the relief sought and identify the
14   authority supporting the requested relief in a meet and confer letter that shall be
15   served on all parties by facsimile or electronic mail. The parties shall have five court
16   days from the date of service of that letter to conduct an in-person conference to
17   attempt to resolve the dispute.").  At no point during the meet and confer process did
18   MGA articulate a valid basis for which this Request could be considered relevant to
19   Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is
20   simply not true; MGA never initiated any dialogue about this Request or Mattel's
21   response in the first place.  The Discovery Master should deny MGA's motion with
22   respect to this Request on that grounds alone.

23           The motion is also moot.  As MGA has admitted in correspondence
24   going back to 2007[2172], Mattel has produced and continues to produce documents
25   that are responsive to this Request.  As to the actual production of relevant

26
27
28

1  documents, there is no dispute and indeed had been no dispute for years, as MGA

2  well knows, and this issue could have been resolved without motion practice if

3  MGA had completed the meet and confer process in good faith.

4           The Request is also entirely duplicative of prior discovery served by

5  Carter Bryant as well as subsequent discovery served by MGA.  ████████

6  ███████████████████████████████████████████████████████████

7  ███████████████████████████████████████████████████████████

8  ████████      MGA's claim, at this stage of the litigation, that there remain

9  unproduced relevant materials on this subject in Mattel's possession is not credible.

10  In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

11  was duplicative and that Mattel had produced relevant documents in response.[2174]

12           There is no basis for overruling Mattel's privilege objection.  MGA's

13  bald assertion that "this request does not seek information protected by the attorney-

14  client privilege, the attorney work product doctrine, or any other applicable

15  privilege" has no merit.  Documents responsive to this Request could very well be

16  subject to a claim of privilege or work product protection.  Despite MGA's claim to

17  the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA

18  has itself argued, the parties have agreed that "all privileged documents would be

19  logged except for documents created after this action was filed on April 27, 2004."

20  Thus, to the extent privileged documents fall within the post lawsuit time period,

21  they need not be included on Mattel's log.

22

23  _____

24  [2172]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

25  Dart Dec., Exh. 43.

26  ████████████████████████████████████████████████████

27  [2174]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

28  Dart Dec., Exh. 43.

**REQUEST FOR PRODUCTION NO. 192:**

All DOCUMENTS evidencing, mentioning, referring to, or relating to the date and manner in which YOU first learned of BRYANT's involvement with, contract with, and work with or for MGA.

**RESPONSE TO REQUEST NO. 192:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it seeks all documents in Mattel's possession, custody and control that relate to this topic, including copies of newspaper articles and documents that are otherwise publicly available, and therefore equally available to MGA. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses to produce documents in response to this request, standing on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled

1   either to certify that it has produced all non-privileged responsive documents or to
2   produce all such documents by a date certain.

3           To the extent that Mattel is relying on its blanket objections, they are
4   not sustainable and do not justify Mattel's failure to produce documents.

5           This request does not seek documents protected by the attorney-client
6   privilege, the attorney work product doctrine, or other applicable privileges.  Rather
7   it seeks information regarding the factual basis of Mattel's knowledge of the claims
8   at issue.  To the extent that Mattel contends that it does seek privileged information,
9   Mattel must provide a privilege log.

10           Mattel objects that the request is duplicative or subsumed within prior
11   requests but does not identify the allegedly duplicative requests.  Mattel's failure to
12   agree to produce responsive non-privileged documents is not proper based on this
13   objection.

14           Mattel's objection that the request calls for information equally
15   available to MGA does not relieve it of its obligation to produce documents within
16   its possession, custody or control.

17           This request is narrowly tailored to Mattel's first knowledge of the
18   claims at issue in this case.  The information sought in response to this request is
19   discoverable insofar as it relates to MGA's defenses based on statute of limitations
20   and laches.  It is also relevant to mitigation of damages.  It may also lead to the
21   discovery of evidence relevant to MGA's unfair competition claims against Mattel,
22   which range from serial copying of MGA products to intimidation of MGA
23   employees and former employees.

24           None of Mattel's improper objections are valid and Mattel is obligated
25   to produce all non-privileged responsive documents in its possession, custody, or
26   control.

27

28

**MATTEL'S RESPONSE:**

MGA's Request seeks information relevant to claims and issues that were entirely determined in Phase 1. It has been established in this case that Bryant's drawings and the intellectual property related thereto are now and have at all times been owned by Mattel; this issue is not open for revision in Phase 2. MGA may not obtain discovery at this stage in the litigation merely for the purpose of vainly attempting to overrule Phase 1 determinations.

MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1), which clearly states that discovery must be "reasonably calculated to lead to the discovery of admissible evidence." MGA has not sufficiently explained how all documents relating to Bratz intellectual property are related to Phase 2 issues. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Additionally, MGA failed to meet and confer in good faith regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   days from the date of service of that letter to conduct an in-person conference to

2   attempt to resolve the dispute."). At no point during the meet and confer process did

3   MGA articulate a valid basis for which this Request could be considered relevant to

4   Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is

5   simply not true; MGA never initiated any dialogue about this Request or Mattel's

6   response in the first place. The Discovery Master should deny MGA's motion with

7   respect to this Request on that grounds alone.

8       The motion is also moot. As MGA has admitted in correspondence

9   going back to 2007[2175], Mattel has produced and continues to produce documents

10   that are responsive to this Request. As to the actual production of relevant

11   documents, there is no dispute and indeed had been no dispute for years, as MGA

12   well knows, and this issue could have been resolved without motion practice if

13   MGA had completed the meet and confer process in good faith.

14       The Request is also entirely duplicative of prior discovery served by

15   Carter Bryant as well as subsequent discovery served by MGA. ████████

16   ███████████████████████████████████████████

17   ███████████████████████████████████████████

18   ██████████ MGA's claim, at this stage of the litigation, that there remain

19   unproduced relevant materials on this subject in Mattel's possession is not credible.

20   In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

21   was duplicative and that Mattel had produced relevant documents in response.[2177]

22

23

---

24   [2175]   <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

25   Dart Dec., Exh. 43.

26   ██████████████████████████████████████

27   [2177]   <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

28   Dart Dec., Exh. 43.

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   There is no basis for overruling Mattel's privilege objection.  MGA's
2   bald assertion that "this request does not seek information protected by the attorney-
3   client privilege, the attorney work product doctrine, or any other applicable
4   privilege" has no merit.  Documents responsive to this Request could very well be
5   subject to a claim of privilege or work product protection.  Despite MGA's claim to
6   the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA
7   has itself argued, the parties have agreed that "all privileged documents would be
8   logged except for documents created after this action was filed on April 27, 2004."
9   Thus, to the extent privileged documents fall within the post lawsuit time period,
10  they need not be included on Mattel's log.

11  **REQUEST FOR PRODUCTION NO. 193:**

12  All DOCUMENTS evidencing, supporting, documenting or relating to
13  the reasons why YOU did not file a lawsuit against BRYANT sooner than the date
14  of YOUR original complaint including, without limitation, DOCUMENTS
15  evidencing or reflecting YOUR efforts to investigate BRYANT's involvement with,
16  contract with, and work with or for MGA.

17  **RESPONSE TO REQUEST NO. 193:**

18  In addition to the general objections stated above, which are
19  incorporated herein by reference, Mattel objects to this Request on the grounds that
20  it calls for the disclosure of information subject to the attorney-client privilege, the
21  attorney work-product doctrine and other applicable privileges.  Mattel further
22  objects to this Request as vague and ambiguous.  Mattel further objects to this
23  Request on the grounds that it seeks documents that are not relevant to this action,
24  and is not reasonably calculated to lead to the discovery of admissible evidence.

25  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
26  **TO SHOULD BE COMPELLED**

27  Mattel refuses to produce documents in response to this request,
28  standing on its improper boilerplate objections.  Under the Federal Rules of Civil

1 | Procedure, "an objection to part of a request must specify the part and permit
2 | inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to
3 | explain the basis for an objection with specificity are routinely rejected in the
4 | Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
5 | (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
6 | harassing' are improper – especially when a party fails to submit any evidentiary
7 | declarations supporting such objections"). Accordingly, Mattel must be compelled
8 | either to certify that it has produced all non-privileged responsive documents or to
9 | produce all such documents by a date certain.

10 |         To the extent that Mattel is relying on its blanket objections, they are
11 | not sustainable and do not justify Mattel's failure to produce documents.

12 |         This request does not seek documents protected by the attorney-client
13 | privilege, the attorney work product doctrine, or other applicable privileges. Rather
14 | it seeks information regarding the factual basis of Mattel's knowledge of the claims
15 | at issue. To the extent that Mattel contends that the request does seek privileged
16 | information, Mattel must provide a privilege log.

17 |         Mattel's objection that the request is vague and ambiguous is
18 | unfounded. Mattel makes no effort to explain what is purportedly vague and
19 | ambiguous, and Mattel cannot stand on this objection.

20 |         This request is narrowly tailored to Mattel's decision to sue Carter
21 | Bryant. The information sought in response to this request is discoverable insofar as
22 | it relates to MGA's defenses based on statute of limitations and laches with respect
23 | to Mattel's claims against MGA in Phase 2. It is also relevant to mitigation of
24 | damages. It may also lead to the discovery of evidence relevant to MGA's unfair
25 | competition claims against Mattel, which range from serial copying of MGA
26 | products to intimidation of MGA employees and former employees.

27 |
28 |

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  None of Mattel's improper objections are valid and Mattel is obligated
2  to produce all non-privileged responsive documents in its possession, custody, or
3  control.

4  **MATTEL'S RESPONSE:**

5  MGA's Request seeks information relevant to claims and issues that
6  were entirely determined in Phase 1. It has been established in this case that
7  Bryant's drawings and the intellectual property related thereto are now and have at
8  all times been owned by Mattel; this issue is not open for revision in Phase 2, and
9  thus documents going solely to that issue are irrelevant. MGA fails to articulate a
10  basis for which the requested discovery relates to mitigation of damages, and no
11  basis is apparent. MGA may not obtain discovery at this stage in the litigation
12  merely for the purpose of vainly attempting to overrule Phase 1 determinations.

13  MGA must establish that its discovery meets the relevance
14  requirements of Rule 26(b)(1), which clearly states that discovery must be
15  "reasonably calculated to lead to the discovery of admissible evidence." MGA has
16  not sufficiently explained how <u>all</u> documents relating to Bratz intellectual property
17  are related to Phase 2 issues. "A trial court has a duty, of special significance in
18  lengthy and complex cases where the possibility of abuse is always present, to
19  supervise and limit discovery to protect parties and witnesses from annoyance and
20  excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>
21  <u>also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133
22  n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL
23  1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a
24  party may not propound document requests as part of a fishing expedition or to
25  discover new claims. <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)
26  ("District courts need not condone the use of discovery to engage in 'fishing
27  expeditions.'").

28

1          Additionally, MGA failed to meet and confer in good faith regarding
2  this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master Order No. 1,
3  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
4  party shall first identify each dispute, state the relief sought and identify the
5  authority supporting the requested relief in a meet and confer letter that shall be
6  served on all parties by facsimile or electronic mail. The parties shall have five court
7  days from the date of service of that letter to conduct an in-person conference to
8  attempt to resolve the dispute."). At no point during the meet and confer process did
9  MGA articulate a valid basis for which this Request could be considered relevant to
10  Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is
11  simply not true; MGA never initiated any dialogue about this Request or Mattel's
12  response in the first place. The Discovery Master should deny MGA's motion with
13  respect to this Request on that grounds alone.

14          The motion is also moot. As MGA has admitted in correspondence
15  going back to 2007[2178], Mattel has produced and continues to produce documents
16  that are responsive to this Request. As to the actual production of relevant
17  documents, there is no dispute and indeed had been no dispute for years, as MGA
18  well knows, and this issue could have been resolved without motion practice if
19  MGA had completed the meet and confer process in good faith.

20          The Request is also entirely duplicative of prior discovery served by
21  Carter Bryant as well as subsequent discovery served by MGA. ████████
22  ████████████████████████████████████████████████
23  ████████████████████████████████████████████████

24

25

26

---

27  [2178]  <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

28

1 ████████     MGA's claim, at this stage of the litigation, that there remain

2 unproduced relevant materials on this subject in Mattel's possession is not credible.

3 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

4 was duplicative and that Mattel had produced relevant documents in response.[2180]

5     There is no basis for overruling Mattel's privilege objection.  MGA's

6 bald assertion that "this request does not seek information protected by the attorney-

7 client privilege, the attorney work product doctrine, or any other applicable

8 privilege" has no merit.  Documents responsive to this Request could very well be

9 subject to a claim of privilege or work product protection.  Despite MGA's claim to

10 the contrary, Mattel has produced a privilege log in this action.   Moreover, as MGA

11 has itself argued, the parties have agreed that "all privileged documents would be

12 logged except for documents created after this action was filed on April 27, 2004."

13 Thus, to the extent privileged documents fall within the post lawsuit time period,

14 they need not be included on Mattel's log.

15 **REQUEST FOR PRODUCTION NO. 194:**

16     All DOCUMENTS evidencing, supporting, documenting or relating to

17 the reasons why YOU did not file a lawsuit against BRYANT sooner than the date

18 of YOUR original complaint including, without limitation, DOCUMENTS

19 evidencing or reflecting YOUR efforts to investigate the nature and scope of

20 BRYANT's involvement with, work on, or connection to the conception, design,

21 creation or development of BRATZ.

22

23

24

25 ████████████████████████████████████████████

26 ████████████████████████████████████████████

27 [2180]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

28 Dart Dec., Exh. 43.

**RESPONSE TO REQUEST NO. 194:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request as vague and ambiguous.  Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses to produce documents in response to this request, standing on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  Rather it seeks information regarding the factual basis of Mattel's knowledge of the claims at issue.  To the extent that Mattel contends that the request does seek privileged information, Mattel must provide a privilege log.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   Mattel's objection that the request is vague and ambiguous is
2   unfounded.   Mattel makes no effort to explain what is purportedly vague and
3   ambiguous, and Mattel cannot stand on this objection.

4   This request is narrowly tailored to Mattel's decision to sue Carter
5   Bryant. The information sought in response to this request is discoverable insofar as
6   it relates to MGA's defenses based on statute of limitations and laches with respect
7   to Mattel's claims against MGA in Phase 2. It is also relevant to mitigation of
8   damages. It may also lead to the discovery of evidence relevant to MGA's unfair
9   competition claims against Mattel, which range from serial copying of MGA
10  products to intimidation of MGA employees and former employees.

11  None of Mattel's improper objections are valid and Mattel is obligated
12  to produce all non-privileged responsive documents in its possession, custody, or
13  control.

14  **MATTEL'S RESPONSE:**

15  MGA's Request seeks information relevant to claims and issues that
16  were entirely determined in Phase 1. It has been established in this case that
17  Bryant's drawings and the intellectual property related thereto are now and have at
18  all times been owned by Mattel; this issue is not open for revision in Phase 2, and
19  thus documents going solely to that issue are irrelevant. MGA fails to articulate a
20  basis for which the requested discovery relates to mitigation of damages, and no
21  basis is apparent. MGA may not obtain discovery at this stage in the litigation
22  merely for the purpose of vainly attempting to overrule Phase 1 determinations.

23  MGA must establish that its discovery meets the relevance
24  requirements of Rule 26(b)(1), which clearly states that discovery must be
25  "reasonably calculated to lead to the discovery of admissible evidence." MGA has
26  not sufficiently explained how all documents relating to Bratz intellectual property
27  are related to Phase 2 issues. "A trial court has a duty, of special significance in
28  lengthy and complex cases where the possibility of abuse is always present, to

supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Additionally, MGA failed to meet and confer in good faith regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").  At no point during the meet and confer process did MGA articulate a valid basis for which this Request could be considered relevant to Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is simply not true; MGA never initiated any dialogue about this Request or Mattel's response in the first place.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

The motion is also moot.  As MGA has admitted in correspondence going back to 2007[2181], Mattel has produced and continues to produce documents that are responsive to this Request.  As to the actual production of relevant

1 │ documents, there is no dispute and indeed had been no dispute for years, as MGA

2 │ well knows, and this issue could have been resolved without motion practice if

3 │ MGA had completed the meet and confer process in good faith.

4 │        The Request is also entirely duplicative of prior discovery served by

5 │ Carter Bryant as well as subsequent discovery served by MGA. ███████

6 │ ████████████████████████████████████████████

7 │ ████████████████████████████████████████████

8 │ ██████████ MGA's claim, at this stage of the litigation, that there remain

9 │ unproduced relevant materials on this subject in Mattel's possession is not credible.

10 │ In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

11 │ was duplicative and that Mattel had produced relevant documents in response.[2183]

12 │        There is no basis for overruling Mattel's privilege objection.  MGA's

13 │ bald assertion that "this request does not seek information protected by the attorney-

14 │ client privilege, the attorney work product doctrine, or any other applicable

15 │ privilege" has no merit.  Documents responsive to this Request could very well be

16 │ subject to a claim of privilege or work product protection.  Despite MGA's claim to

17 │ the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA

18 │ has itself argued, the parties have agreed that "all privileged documents would be

19 │ logged except for documents created after this action was filed on April 27, 2004."

20 │ Thus, to the extent privileged documents fall within the post lawsuit time period,

21 │ they need not be included on Mattel's log.

22 │

23 │

24 │   [2181]  <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

25 │ Dart Dec., Exh. 43.

26 │ ████████████████████████████████████████

27 │   [2183]  <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

    │ Dart Dec., Exh. 43.

28 │

**REQUEST FOR PRODUCTION NO. 195:**

All DOCUMENTS evidencing, supporting, documenting or relating to the reasons why YOU did not file a lawsuit against BRYANT sooner than the date of YOUR original complaint including, without limitation, all non-privileged DOCUMENTS evidencing or reflecting YOUR efforts to investigate the nature and scope of BRYANT's involvement with, work on, or connection to the conception, design, creation or development of BRATZ INTELLECTUAL PROPERTY.

**RESPONSE TO REQUEST NO. 195:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as vague and ambiguous. Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses to produce documents in response to this request, standing on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1     To the extent that Mattel is relying on its blanket objections, they are
2  not sustainable and do not justify Mattel's failure to produce documents.

3     This request does not seek documents protected by the attorney-client
4  privilege, the attorney work product doctrine, or other applicable privileges. Rather
5  it seeks information regarding the factual basis of Mattel's knowledge of the claims
6  at issue. To the extent that Mattel contends that the request does seek privileged
7  information, Mattel must provide a privilege log.

8     Mattel's objection that the request is vague and ambiguous is
9  unfounded. Mattel makes no effort to explain what is purportedly vague and
10 ambiguous, and Mattel cannot stand on this objection.

11    This request is narrowly tailored to Mattel's decision to sue Carter
12 Bryant. The information sought in response to this request is discoverable insofar as
13 it relates to MGA's defenses based on statute of limitations and laches with respect
14 to Mattel's claims against MGA in Phase 2. It is also relevant to mitigation of
15 damages. It may also lead to the discovery of evidence relevant to MGA's unfair
16 competition claims against Mattel, which range from serial copying of MGA
17 products to intimidation of MGA employees and former employees.

18    None of Mattel's improper objections are valid and Mattel is obligated
19 to produce all non-privileged responsive documents in its possession, custody, or
20 control.

21 **MATTEL'S RESPONSE:**

22    MGA's Request seeks information relevant to claims and issues that
23 were entirely determined in Phase 1. It has been established in this case that
24 Bryant's drawings and the intellectual property related thereto are now and have at
25 all times been owned by Mattel; this issue is not open for revision in Phase 2, and
26 thus documents going solely to that issue are irrelevant. MGA fails to articulate a
27 basis for which the requested discovery relates to mitigation of damages, and no
28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 || basis is apparent.  MGA may not obtain discovery at this stage in the litigation

2 || merely for the purpose of vainly attempting to overrule Phase 1 determinations.

3 ||         MGA must establish that its discovery meets the relevance

4 || requirements of Rule 26(b)(1), which clearly states that discovery must be

5 || "reasonably calculated to lead to the discovery of admissible evidence."  MGA has

6 || not sufficiently explained how <u>all</u> documents relating to Bratz intellectual property

7 || are related to Phase 2 issues.  "A trial court has a duty, of special significance in

8 || lengthy and complex cases where the possibility of abuse is always present, to

9 || supervise and limit discovery to protect parties and witnesses from annoyance and

10 || excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see</u>

11 || <u>also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133

12 || n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL

13 || 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

14 || party may not propound document requests as part of a fishing expedition or to

15 || discover new claims. <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)

16 || ("District courts need not condone the use of discovery to engage in 'fishing

17 || expeditions.'").

18 ||         Additionally, MGA failed to meet and confer in good faith regarding

19 || this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master Order No. 1,

20 || dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

21 || party shall first identify each dispute, state the relief sought and identify the

22 || authority supporting the requested relief in a meet and confer letter that shall be

23 || served on all parties by facsimile or electronic mail. The parties shall have five court

24 || days from the date of service of that letter to conduct an in-person conference to

25 || attempt to resolve the dispute."). At no point during the meet and confer process did

26 || MGA articulate a valid basis for which this Request could be considered relevant to

27 || Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

28 || simply not true; MGA never initiated any dialogue about this Request or Mattel's

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 | response in the first place.  The Discovery Master should deny MGA's motion with
2 | respect to this Request on that grounds alone.

3 |      The motion is also moot.  As MGA has admitted in correspondence
4 | going back to 2007[2184], Mattel has produced and continues to produce documents
5 | that are responsive to this Request.  As to the actual production of relevant
6 | documents, there is no dispute and indeed had been no dispute for years, as MGA
7 | well knows, and this issue could have been resolved without motion practice if
8 | MGA had completed the meet and confer process in good faith.

9 |      The Request is also entirely duplicative of prior discovery served by
10 | Carter Bryant as well as subsequent discovery served by MGA.  ████████

11 | ████████████████████████████████████████████

12 | ████████████████████████████████████████████

13 | ████████ MGA's claim, at this stage of the litigation, that there remain
14 | unproduced relevant materials on this subject in Mattel's possession is not credible.
15 | In fact, over *two years ago* MGA wrote a letter admitting that this set of requests
16 | was duplicative and that Mattel had produced relevant documents in response.[2186]

17 |      There is no basis for overruling Mattel's privilege objection.  MGA's
18 | bald assertion that "this request does not seek information protected by the attorney-
19 | client privilege, the attorney work product doctrine, or any other applicable
20 | privilege" has no merit.  Documents responsive to this Request could very well be
21 | subject to a claim of privilege or work product protection.  Despite MGA's claim to
22 | the contrary, Mattel has produced a privilege log in this action.  Moreover, as MGA

23 | _____

24 |   [2184]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
25 | Dart Dec., Exh. 43.

26 | ████████████████████████████████████

27 |   [2186]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
| Dart Dec., Exh. 43.

28 |

1  has itself argued, the parties have agreed that "all privileged documents would be
2  logged except for documents created after this action was filed on April 27, 2004."
3  Thus, to the extent privileged documents fall within the post lawsuit time period,
4  they need not be included on Mattel's log.

5  **REQUEST FOR PRODUCTION NO. 196:**

6      All DOCUMENTS mentioning, referring to, or relating to this lawsuit
7  including, without limitation, COMMUNICATIONS with third parties and the press
8  about this lawsuit or that mention, refer to, or relate to this lawsuit.

9  **RESPONSE TO REQUEST NO. 196:**

10      In addition to the general objections stated above, which are
11  incorporated herein by reference, Mattel objects to this Request on the grounds that
12  it seeks documents not relevant to this action, and is not reasonably calculated to
13  lead to the discovery of admissible evidence. Mattel further objects to this Request
14  on the grounds that it seeks all documents in Mattel's possession, custody and
15  control that relate to this topic, including copies of newspaper articles and
16  documents that are otherwise publicly available, and therefore equally available to
17  MGA. Mattel further objects to this Request on the grounds that it calls for the
18  disclosure of information subject to the attorney-client privilege, the attorney work-
19  product doctrine and other applicable privileges. Mattel further objects to this
20  Request on the grounds that it is duplicative of or subsumed within prior Requests
21  already responded to and seeks the re-production of information and documents
22  already produced in this action. Such information and documents will not be re-
23  produced.

24  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
25  **TO SHOULD BE COMPELLED**

26      Mattel has refused to produce documents in response to this request,
27  based on its improper boilerplate objections. Mattel has refused to confirm whether
28  or not it has produced all non-privileged responsive documents or whether it is

1    withholding documents based on its objections in Phase 2.  Under the Federal Rules

2    of Civil Procedure, "an objection to part of a request must specify the part and

3    permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

4    fail to explain the basis for an objection with specificity are routinely rejected in the

5    Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

6    (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

7    harassing' are improper – especially when a party fails to submit any evidentiary

8    declarations supporting such objections").  Accordingly, Mattel must be compelled

9    either to certify that it has produced all non-privileged responsive documents or to

10   produce all such documents by a date certain.

11           To the extent that Mattel is relying on its blanket objections, they are

12   not sustainable and do not justify Mattel's failure to produce documents.

13           Mattel's objection that the request seeks information not relevant to this

14   action is incorrect.   MGA's unclean hands affirmative defense includes the

15   allegation that Mattel has brought and is maintaining this lawsuit as a mechanism to

16   drive MGA out of business.  Documents memorializing communications that Mattel

17   has had with third parties are therefore highly relevant.  Any such document could

18   contain an admission that Mattel is using the litigation as a tool to prevent

19   competition in the marketplace.  Further, any such communications might evidence

20   Mattel's intent to assist others in litigation against MGA. Finally, Mattel's possession

21   (or lack of possession) of documents is relevant to MGA's allegation that Mattel

22   attempted to conceal it's bad acts by willfully not retaining documents.

23           This request does not seek documents protected by the attorney-client

24   privilege, the attorney work product doctrine, or other applicable privileges.  To the

25   extent that Mattel contends that it does, Mattel must provide a privilege log.

26           Mattel objects that the request is duplicative or subsumed within prior

27   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

28

00505.07975/3161896.1

-1269-

1 | agree to produce responsive non-privileged documents is not proper based on this
2 | objection.

3 |      None of Mattel's improper objections are valid and Mattel is obligated
4 | to produce all non-privileged responsive documents in its possession, custody, or
5 | control.

6 | **MATTEL'S RESPONSE:**

7 |      The Request is overbroad.  Seeking the universe of <u>all</u> communications
8 | with third parties and the press about this lawsuit or that mention, refer to, or relate
9 | to this lawsuit is plainly not narrowly tailored to seek information relevant to Phase
10 | 2.

11 |      Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
12 | that a Court should limit the extent of discovery if it determines that the burden of
13 | the proposed discovery outweighs its likely benefit; the discovery sought is
14 | unreasonably cumulative or duplicative, or is obtainable from some other source that
15 | is more convenient, less burdensome, or less expensive; or the party seeking
16 | discovery has had ample opportunity by discovery in the action to obtain the
17 | information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and
18 | producing the documents responsive to this overbroad Request would greatly
19 | outweigh any marginal benefit to MGA, for the following reasons.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[2199]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.  Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,



1  the moving party shall first identify each dispute, state the relief sought and identify
2  the authority supporting the requested relief in a meet and confer letter that shall be
3  served on all parties by facsimile or electronic mail. The parties shall have five court
4  days from the date of service of that letter to conduct an in-person conference to
5  attempt to resolve the dispute.").    In order to engage in a meaningful meet and
6  confer, MGA had the burden to show the relevance of any requests it sought to
7  move on.[2200]    At no point during the meet and confer process did MGA show why
8  this Request could be considered relevant to Phase 2 issues.[2201]    Because MGA
9  refused to even attempt to make this showing, there was no possibility of a good
10  faith meet and confer to resolve the parties' disputes. The Discovery Master should
11  deny MGA's motion with respect to this Request on that grounds alone.

12  **REQUEST FOR PRODUCTION NO. 197:**

13          All COMMUNICATIONS between YOU and MGA.

14  **RESPONSE TO REQUEST NO. 197:**

15          In addition to the general objections stated above, which are
16  incorporated herein by reference, Mattel objects to this Request as overbroad and
17  unduly burdensome in that it seeks all communications of any kind between anyone
18  at Mattel, including past employees like Bryant, and anyone at MGA, without
19  limitation as to time or subject matter, and regardless of whether the
20  communications relate to the conduct at issue in this lawsuit. For the same reasons,
21  Mattel further objects to this Request on the grounds that it seeks documents that are
22  not relevant to this action or likely to lead to the discovery of admissible evidence.
23  Mattel further objects to this Request on the grounds that it purports to require

25  [2200]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [2201]   See Webster Dec. at p. 1-5.

1   Mattel to identify and produce communications that are currently known to and in
2   the possession, custody and control of MGA, and are necessarily equally available
3   to MGA. Mattel further objects to this Request on the grounds that it calls for the
4   disclosure of information subject to the attorney-client privilege, the attorney work-
5   product doctrine and other applicable privileges.   Mattel further objects to this
6   Request on the grounds that it is duplicative of or subsumed within prior Requests
7   already responded to and seeks the re-production of information and documents
8   already produced in this action.   Such information and documents will not be re-
9   produced.

10   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
11   **TO SHOULD BE COMPELLED**

12          Mattel has refused to produce documents in response to this request,
13   based on its improper boilerplate objections. Mattel has refused to confirm whether
14   or not it has produced all non-privileged responsive documents or whether it is
15   withholding documents based on its objections in Phase 2. Under the Federal Rules
16   of Civil Procedure, "an objection to part of a request must specify the part and
17   permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
18   fail to explain the basis for an objection with specificity are routinely rejected in the
19   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
20   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
21   harassing' are improper − especially when a party fails to submit any evidentiary
22   declarations supporting such objections").  Accordingly, Mattel must be compelled
23   either to certify that it has produced all non-privileged responsive documents or to
24   produce all such documents by a date certain.

25          To the extent that Mattel is relying on its blanket objections, they are
26   not sustainable and do not justify Mattel's failure to produce documents.

27          As to overbreadth, Mattel provides no real explanation, let alone the
28   required particularity, as to *why* this request is supposedly overly broad, nor can it

1  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

2  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

3  contrary, the request is narrowly tailored to seek communications between Mattel

4  and MGA.

5  As to burden, Mattel has not attempted to demonstrate why responding

6  to this request and/or producing responsive documents presents any burden.  This

7  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

8  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9  request is unduly burdensome must allege specific facts which indicate the nature

10  and extent of the burden, usually by affidavit or other reliable evidence.")

11  Moreover, it is not unduly burdensome, as noted above, in that the request is

12  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

13  has engaged in a broad variety of unfair trade practices and has asserted various

14  affirmative defenses, including unclean hands and statute of limitations.

15  Communications between MGA and Mattel will directly relate to these issues.

16  MGA is entitled to discovery on these claims.

17  This request does not seek documents protected by the attorney-client

18  privilege, the attorney work product doctrine, or other applicable privileges.  To the

19  extent that Mattel contends that it does, Mattel must provide a privilege log.

20  Mattel objects that the request is duplicative or subsumed within prior

21  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

22  agree to produce responsive non-privileged documents is not proper based on this

23  objection.

24  Mattel's relevance objection is unsupported.  Communications between

25  Mattel and MGA are directly relevant to a number of claims asserted by MGA,

26  including its unfair competition claims, unclean hands affirmative defense, as well

27  as the statute of limitations.  Further, Mattel's possession (or lack of possession) of

28

1 documents is relevant to MGA's allegation that Mattel attempted to conceal it's bad
2 acts by willfully not retaining documents.

3     None of Mattel's improper objections are valid and Mattel is obligated
4 to produce all non-privileged responsive documents in its possession, custody, or
5 control.

6 **MATTEL'S RESPONSE:**

7     The Request is overbroad.  Seeking the universe of <u>all</u> communications
8 with MGA is plainly not narrowly tailored to seek information relevant to Phase 2.

9     Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
10 that a Court should limit the extent of discovery if it determines that the burden of
11 the proposed discovery outweighs its likely benefit; the discovery sought is
12 unreasonably cumulative or duplicative, or is obtainable from some other source that
13 is more convenient, less burdensome, or less expensive; or the party seeking
14 discovery has had ample opportunity by discovery in the action to obtain the
15 information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and
16 producing the documents responsive to this overbroad Request would greatly
17 outweigh any marginal benefit to MGA, for the following reasons.  This burden is
18 especially onerous in light of the fact that the entirety of the category requested –
19 communications <u>with MGA</u> – is already within the possession of the MGA parties.

20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[2214] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log. Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,



[2214] See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

1  the moving party shall first identify each dispute, state the relief sought and identify
2  the authority supporting the requested relief in a meet and confer letter that shall be
3  served on all parties by facsimile or electronic mail. The parties shall have five court
4  days from the date of service of that letter to conduct an in-person conference to
5  attempt to resolve the dispute.").    In order to engage in a meaningful meet and
6  confer, MGA had the burden to show the relevance of any requests it sought to
7  move on.[2215]    At no point during the meet and confer process did MGA show why
8  this Request could be considered relevant to Phase 2 issues.[2216]    Because MGA
9  refused to even attempt to make this showing, there was no possibility of a good
10  faith meet and confer to resolve the parties' disputes. The Discovery Master should
11  deny MGA's motion with respect to this Request on that grounds alone.

12  **REQUEST FOR PRODUCTION NO. 198:**

13          All COMMUNICATIONS between YOU and Isaac Larian.

14  **RESPONSE TO REQUEST NO. 198:**

15          In addition to the general objections stated above, which are
16  incorporated herein by reference, Mattel objects to this Request as overbroad and
17  unduly burdensome in that it seeks all communications of any kind between anyone
18  at Mattel, including past employees like Bryant, and anyone at MGA, without
19  limitation as to time or subject matter, and regardless of whether the
20  communications relate to the conduct at issue in this lawsuit. For the same reasons,
21  Mattel further objects to this Request on the grounds that it seeks documents that are
22  not relevant to this action or likely to lead to the discovery of admissible evidence.
23  Mattel further objects to this Request on the grounds that it purports to require

24  _____

25  [2215]    See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [2216]    See Webster Dec. at p. 1-5.

28

1   Mattel to identify and produce communications that are currently known to and in

2   the possession, custody and control of MGA, and are necessarily equally available

3   to MGA. Mattel further objects to this Request on the grounds that it calls for the

4   disclosure of information subject to the attorney-client privilege, the attorney work-

5   product doctrine and other applicable privileges.   Mattel further objects to this

6   Request on the grounds that it is duplicative of or subsumed within prior Requests

7   already responded to and seeks the re-production of information and documents

8   already produced in this action.   Such information and documents will not be re-

9   produced.

10   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

11   **TO SHOULD BE COMPELLED**

12           Mattel has refused to produce documents in response to this request,

13   based on its improper boilerplate objections.  Mattel has refused to confirm whether

14   or not it has produced all non-privileged responsive documents or whether it is

15   withholding documents based on its objections in Phase 2.  Under the Federal Rules

16   of Civil Procedure, "an objection to part of a request must specify the part and

17   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

18   fail to explain the basis for an objection with specificity are routinely rejected in the

19   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

20   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

21   harassing' are improper – especially when a party fails to submit any evidentiary

22   declarations supporting such objections").  Accordingly, Mattel must be compelled

23   either to certify that it has produced all non-privileged responsive documents or to

24   produce all such documents by a date certain.

25           To the extent that Mattel is relying on its blanket objections, they are

26   not sustainable and do not justify Mattel's failure to produce documents.

27           As to overbreadth, Mattel provides no real explanation, let alone the

28   required particularity, as to *why* this request is supposedly overly broad, nor can it

1   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

2   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

3   contrary, the request is narrowly tailored to seek communications between Mattel

4   and Larian.

5           As to burden, Mattel has not attempted to demonstrate why responding

6   to this request and/or producing responsive documents presents any burden.  This

7   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

8   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9   request is unduly burdensome must allege specific facts which indicate the nature

10  and extent of the burden, usually by affidavit or other reliable evidence.")

11  Moreover, it is not unduly burdensome, as noted above, in that the request is

12  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

13  has engaged in a broad variety of unfair trade practices and has asserted various

14  affirmative defenses, including unclean hands and statute of limitations.

15  Communications between Mattel and Larian will directly relate to these issues.

16  MGA is entitled to discovery on these claims.

17          This request does not seek documents protected by the attorney-client

18  privilege, the attorney work product doctrine, or other applicable privileges.  To the

19  extent that Mattel contends that it does, Mattel must provide a privilege log.

20          Mattel objects that the request is duplicative or subsumed within prior

21  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

22  agree to produce responsive non-privileged documents is not proper based on this

23  objection.

24          Mattel's relevance objection is unsupported.  Communications between

25  Mattel and Larian are directly relevant to a number of claims asserted by MGA,

26  including its unfair competition claims, unclean hands affirmative defense, as well

27  as the statute of limitations.  Further, Mattel's possession (or lack of possession) of

28

1  documents is relevant to MGA's allegation that Mattel attempted to conceal it's bad
2  acts by willfully not retaining documents.

3       None of Mattel's improper objections are valid and Mattel is obligated
4  to produce all non-privileged responsive documents in its possession, custody, or
5  control.

6  **MATTEL'S RESPONSE:**

7       The Request is overbroad.  Seeking the universe of <u>all</u> communications
8  with Larian is plainly not narrowly tailored to seek information relevant to Phase 2.

9       Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
10  that a Court should limit the extent of discovery if it determines that the burden of
11  the proposed discovery outweighs its likely benefit; the discovery sought is
12  unreasonably cumulative or duplicative, or is obtainable from some other source that
13  is more convenient, less burdensome, or less expensive; or the party seeking
14  discovery has had ample opportunity by discovery in the action to obtain the
15  information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and
16  producing the documents responsive to this overbroad Request would greatly
17  outweigh any marginal benefit to MGA, for the following reasons. This burden is
18  especially onerous in light of the fact that the entirety of the category requested –
19  communications <u>with Larian</u> – is already within the possession of the MGA parties.

20
21
22
23
24
25
26
27
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



9       There is no basis for overruling Mattel's privilege objection.  MGA's

10  bald assertion that "[t]his request does not seek information protected by the

11  attorney-client privilege, the attorney work product doctrine, or other applicable

12  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

13  agreed that "all privileged documents would be logged except for documents created

14  after this action was filed on April 27, 2004."[2229]   Thus, to the extent privileged

15  documents fall within the post lawsuit time period, they need not be included on

16  Mattel's log.  Although it bears the burden of showing why this agreement should

17  not be applied to a given Request, MGA fails to do so.

18       Finally, MGA failed to meet and confer at all, much less in good faith,

19  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

20  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,



26  [2229]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
3.
28

1  the moving party shall first identify each dispute, state the relief sought and identify
2  the authority supporting the requested relief in a meet and confer letter that shall be
3  served on all parties by facsimile or electronic mail. The parties shall have five court
4  days from the date of service of that letter to conduct an in-person conference to
5  attempt to resolve the dispute.").    In order to engage in a meaningful meet and
6  confer, MGA had the burden to show the relevance of any requests it sought to
7  move on.[2230]    At no point during the meet and confer process did MGA show why
8  this Request could be considered relevant to Phase 2 issues.[2231]    Because MGA
9  refused to even attempt to make this showing, there was no possibility of a good
10 faith meet and confer to resolve the parties' disputes.  The Discovery Master should
11 deny MGA's motion with respect to this Request on that grounds alone.

12 **REQUEST FOR PRODUCTION NO. 199:**

13          All COMMUNICATIONS between YOU and BRYANT.

14 **RESPONSE TO REQUEST NO. 199:**

15          In addition to the general objections stated above, which are
16 incorporated herein by reference, Mattel objects to this Request as overbroad and
17 unduly burdensome in that it seeks all communications of any kind between <u>anyone</u>
18 at "Mattel," including past and present employees all over the world, and Bryant,
19 without limitation as to time or subject matter, and regardless of whether the
20 communications relate to the conduct at issue in this lawsuit.  For the same reasons,
21 Mattel further objects to this Request on the grounds that it seeks documents that are
22 not relevant to this action or likely to lead to the discovery of admissible evidence.
23 Mattel further objects to this Request on the grounds that it calls for the disclosure

24 _____

25     [2230]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
     [2231]   <u>See</u> Webster Dec. at p. 1-5.

28

1  of information subject to the attorney-client privilege, the attorney work-product
2  doctrine and other applicable privileges.  Mattel further objects to this Request on
3  the grounds that it purports to require Mattel to identify and produce
4  communications that are currently known to and in the possession, custody and
5  control of Bryant, MGA's co-defendant, with whom MGA has a co-operative
6  relationship.  Mattel further objects to this Request on the grounds that it is
7  duplicative of or subsumed within prior Requests already responded to and seeks the
8  re-production of information and documents already produced in this action.  Such
9  information and documents will not be re-produced.

10  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
11  **TO SHOULD BE COMPELLED**

12         Mattel has refused to produce documents in response to this request,
13  based on its improper boilerplate objections.  Mattel has refused to confirm whether
14  or not it has produced all non-privileged responsive documents or whether it is
15  withholding documents based on its objections in Phase 2.  Under the Federal Rules
16  of Civil Procedure, "an objection to part of a request must specify the part and
17  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
18  fail to explain the basis for an objection with specificity are routinely rejected in the
19  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
20  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
21  harassing' are improper – especially when a party fails to submit any evidentiary
22  declarations supporting such objections").  Accordingly, Mattel must be compelled
23  either to certify that it has produced all non-privileged responsive documents or to
24  produce all such documents by a date certain.

25         To the extent that Mattel is relying on its blanket objections, they are
26  not sustainable and do not justify Mattel's failure to produce documents.

27         As to overbreadth, Mattel provides no real explanation, let alone the
28  required particularity, as to *why* this request is supposedly overly broad, nor can it

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek communications between Mattel and Bryant.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of acts constituting unclean hands, including the allegation that Mattel had knowledge of actions taken by Bryant, but waited an unduly long period to bring any claims.  Communications between Mattel and Bryant relate directly to this issues, as well as issues about trade secrets raised by Mattel.  MGA is entitled to discovery on these issues.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests.  Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

Mattel's relevance objection is unsupported.  Communications between Mattel and Larian are directly relevant to a number of claims by either party, including its MGA's unfair competition claims, MGA's unclean hands affirmative defense, MGA's statute of limitations, and Mattel's trade secrets claim.  Further,

1 | Mattel's possession (or lack of possession) of documents is relevant to MGA's
2 | allegation that Mattel attempted to conceal it's bad acts by willfully not retaining
3 | documents.

4 |      None of Mattel's improper objections are valid and Mattel is obligated
5 | to produce all non-privileged responsive documents in its possession, custody, or
6 | control.

7 | **MATTEL'S RESPONSE:**

8 |      The Request is entirely duplicative of prior discovery served by Carter
9 | Bryant as well as subsequent discovery served by MGA. ████████████

10 | ████████████████████████████████████

11 | ████████████████████████████████ MGA's

12 | claim, at this stage of the litigation, that there remain unproduced relevant materials

13 | on this subject in Mattel's possession is not credible.  In fact, over *two years ago*

14 | MGA wrote a letter admitting that this set of requests was duplicative and that

15 | Mattel had produced relevant documents in response.[2233]

16 |      The Request is overbroad.  Seeking the universe of <u>all</u> communications

17 | with Carter Bryant is plainly not narrowly tailored to seek information relevant to

18 | Phase 2.

19 |      Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides

20 | that a Court should limit the extent of discovery if it determines that the burden of

21 | the proposed discovery outweighs its likely benefit; the discovery sought is

22 | unreasonably cumulative or duplicative, or is obtainable from some other source that

23 | is more convenient, less burdensome, or less expensive; or the party seeking

24 |

25 | ████████████████████████████████

26 | ████████████████████████████

27 | [2233]   <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

28 |

discovery has had ample opportunity by discovery in the action to obtain the information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1  █████████████████████████████████████████████

2  ████████████████████

3   ████████████████████████████████████████████

4  ██████████████████████████████████████████████

5  ██████████████████████████████████████████████

6  ██████████████████████████████████████████████

7  ██████████████████████████████████████████████

8  ██████████████████████████████████████████████

9  ██████████████████████████████████████████████

10 ██████████████████████████████████████████████

11 ██████████████████████████████████████████████

12 ██████████████████████████████████████████████

13 ███

14  █████████████████████████████████████████████

15 ██████████████████████████████████████████████

16 ██████████████████████████████████████████████

17 ████████████████████████████████████████

18    ██████████████████████████████████████████

19 ██████████████████████████████████████████████

20 ██████████████████████████████████████████████

21 ██████████████████████████████████████████████

22  ───────────────

23   ████

24   ████████████████████████████████████████████

25 █

26 █ █████████████████████████████████████████████

27 █ █████████████████████████████████████████████

28   ████

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6         Finally, MGA failed to meet and confer at all, much less in good faith,

7 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

8 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

9 the moving party shall first identify each dispute, state the relief sought and identify

10 the authority supporting the requested relief in a meet and confer letter that shall be

11 served on all parties by facsimile or electronic mail. The parties shall have five court

12 days from the date of service of that letter to conduct an in-person conference to

13 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

14 confer, MGA had the burden to show the relevance of any requests it sought to

15 move on.[2242]   At no point during the meet and confer process did MGA show why

16 this Request could be considered relevant to Phase 2 issues.[2243]   Because MGA

17 refused to even attempt to make this showing, there was no possibility of a good

18 faith meet and confer to resolve the parties' disputes.  The Discovery Master should

19 deny MGA's motion with respect to this Request on that grounds alone.

20

21

22

23    [2241]    See Order Denying Mattel's Motion for Protective Order Limiting the

24 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.

25 3.

   [2242]    See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27 Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

   [2243]    See Webster Dec. at p. 1-5.

28