**REQUEST FOR PRODUCTION NO. 200:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to BRYANT.

**RESPONSE TO REQUEST NO. 200:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all communications of any kind between <u>anyone</u> at Mattel and any third party referring or relating to Bryant <u>at any time,</u> without further limitation as to subject matter, and regardless of whether the communications relate to the conduct at issue in this lawsuit. For the same reasons, Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has refused to produce documents in response to this request, based on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See <u>A. Farber and Partners, Inc. v. Garber,</u> 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary

1  declarations supporting such objections"). Accordingly, Mattel must be compelled
2  either to certify that it has produced all non-privileged responsive documents or to
3  produce all such documents by a date certain.

4          To the extent that Mattel is relying on its blanket objections, they are
5  not sustainable and do not justify Mattel's failure to produce documents.

6          As to overbreadth, Mattel provides little explanation, and certainly not
7  the required particularity, as to *why* this request is supposedly overly broad, nor can
8  it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009,
9  at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To
10 the contrary, the request is narrowly tailored to seek documents concerning
11 communications with third parties about a specific employee, Bryant.

12         As to burden, Mattel has not attempted to demonstrate why responding
13 to this request and/or producing responsive documents presents any burden. This
14 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
15 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
16 request is unduly burdensome must allege specific facts which indicate the nature
17 and extent of the burden, usually by affidavit or other reliable evidence.")
18 Moreover, it is not unduly burdensome, as noted above, in that the request is
19 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
20 has engaged in a broad variety of acts constituting unclean hands, including
21 delaying suit against Bryant until after he provided testimony in an unrelated case
22 for Mattel. Mattel's communications with third parties could also be relevant to
23 issues surrounding the statute of limitations for Mattel's affirmative claims. MGA is
24 entitled to discovery on these issues.

25         Mattel objects that the request is duplicative or subsumed within prior
26 requests but does not identify the allegedly duplicative requests. Mattel's failure to
27 agree to produce responsive non-privileged documents is not proper based on this
28 objection.

1      None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

The Request is overbroad. Seeking the universe of <u>all</u> communications with third parties and the press about this lawsuit or that mention, refer to, or relate to this lawsuit is plainly not narrowly tailored to seek information relevant to Phase 2. On this and other bases, Requests for Production actually requesting a narrower range of documents within this category have been explicitly rejected in prior Orders in this case.[2244]

Further, this Request is unduly burdensome. <u>Rule</u> 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.



---

[2244] <u>See</u> Discovery Order Granting in Part and Denying in Part Mattel's Motion to Compel Production, dated August 14, 2007.

1 ▮
2 ▮
3 ▮
4 ▮
5 ▮
6 ▮
7 ▮
8 ▮
9 ▮
10 ▮
11 ▮
12 ▮
13 ▮
14 ▮
15 ▮
16 ▮
17 ▮
18 ▮
19 ▮
20 ▮
21 ▮
22 ▮
23 ▮
24
25 ▮
26 ▮
27
28

1 █████████████████████████████████████████
2 █████████████████████████████████████████
3 ██
4    ██████████████████████████████████████
5 █████████████████████████████████████████
6 █████████████████████████████████████████
7 ██████████████████████████████████

8    MGA's request is duplicative of previous requests for which Mattel has produced responsive documents. On July 3, 2007, MGA moved to compel Mattel to produce documents responsive to MGA's First Set of Requests for the Production of Documents and Things in Mattel v. Bryant, Case No. CV04-9059.[2252] Request Nos. 180-183, 186-187, 258 and 260 sought all documents pertaining to Bryant, including his work at Mattel and MGA and the design and development of Bratz. Request No. 180, the broadest request, asked for "all DOCUMENTS mentioning, referring or relating to BRYANT."[2253] On September 11, 2007, Discovery Master Infante granted MGA's motion to compel as to Request Nos. 180-183, 186-187, 258 and 260.[2254] Pursuant to this order, Mattel produced documents responsive to these requests. Mattel has since confirmed that it has produced responsive, non-privileged

---

████████████████████████████████████████
██ █████████████████████████████████████
██ █████████████████████████████████████
██ █

[2252] See MGA's Motion to Compel Mattel to Supplement its Responses and Produce Documents, dated July 3, 2007, at 12-13, Dart Decl., Exh. 8.
[2253] See MGA's First Set of Requests for the Production of Documents and Things, dated January 31, 2005, at 54-55, Dart Decl., Exh. 48.
[2254] See September 12, 2007 Order Granting in Part and Denying in Part MGA's Motion to Compel, at 7-10, Dart Decl., Exh. 9.

1  documents to these requests in its Third Supplemental Responses to MGA's First
2  Set of Requests for Production.[2255]

3  There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[2256] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log. Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to

---

[2255] See Mattel's Third Supplemental Responses to MGA's First Set of Requests for Production 04-9059, dated January 19, 2008, at 8-11, Dart. Decl., Exh. 18.

[2256] See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.