1    move on.[2257]   At no point during the meet and confer process did MGA show why
2    this Request could be considered relevant to Phase 2 issues.[2258]   Because MGA
3    refused to even attempt to make this showing, there was no possibility of a good
4    faith meet and confer to resolve the parties' disputes.  The Discovery Master should
5    deny MGA's motion with respect to this Request on that grounds alone.

6    **REQUEST FOR PRODUCTION NO. 201:**

7                All   COMMUNICATIONS   between   YOU   and   any   third   party
8    mentioning, referring or relating to BRATZ INTELLECTUAL PROPERTY.

9    **RESPONSE TO REQUEST NO. 201:**

10                In   addition   to   the   general   objections   stated   above,   which   are
11   incorporated herein by reference, Mattel objects to this Request as overbroad and
12   unduly burdensome in that it seeks all communications of any kind between anyone
13   at "Mattel," as defined by MGA to include past employees like Bryant, and any third
14   party referring or relating to "Bratz Intellectual Property" at any time, without
15   further   limitation   as   to   subject   matter,   and   regardless   of   whether   the
16   communications relate to the conduct at issue in this lawsuit.  Mattel further objects
17   to this Request on the grounds that such discovery from Mattel is overbroad, unduly
18   burdensome, oppressive and not likely to the lead to the discovery of admissible
19   evidence in that Mattel's actions in relation to "Bratz" are not at issue in this action
20   and are irrelevant to the claims and defenses in this suit.  Rather, at issue are the
21   actions of defendants and third parties associated with defendants in connection with
22   the   projects   that   defendant   Bryant   worked   on   with   defendant   MGA,   which   is
23   information known to and within the possession, custody and control of defendants

24

25   [2257]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26   moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27   Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
     [2258]   See Webster Dec. at p. 1-5.
28

1  and their associated third parties, not Mattel.  Mattel further objects to this Request

2  on the grounds that it calls for the disclosure of information subject to the attorney-

3  client privilege, the attorney work-product doctrine and other applicable privileges.

4  Mattel further objects to this Request on the ground that the term "Bratz Intellectual

5  Property" is vague and ambiguous.  Mattel further objects to this Request on the

6  grounds that it is duplicative of or subsumed within prior Requests already

7  responded to and seeks the re-production of information and documents already

8  produced in this action.  Such information and documents will not be re-produced.

9  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

10  **TO SHOULD BE COMPELLED**

11          Mattel has refused to produce documents in response to this request,

12  based on its improper boilerplate objections.  Mattel has refused to confirm whether

13  or not it has produced all non-privileged responsive documents or whether it is

14  withholding documents based on its objections in Phase 2.  Under the Federal Rules

15  of Civil Procedure, "an objection to part of a request must specify the part and

16  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

17  fail to explain the basis for an objection with specificity are routinely rejected in the

18  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

19  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

20  harassing' are improper – especially when a party fails to submit any evidentiary

21  declarations supporting such objections").  Accordingly, Mattel must be compelled

22  either to certify that it has produced all non-privileged responsive documents or to

23  produce all such documents by a date certain.

24          To the extent that Mattel is relying on its blanket objections, they are

25  not sustainable and do not justify Mattel's failure to produce documents.

26          As to overbreadth, Mattel provides little explanation, and certainly not

27  the required particularity, as to *why* this request is supposedly overly broad, nor can

28  it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009,

-1302-

1   at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To
2   the contrary, the request is narrowly tailored to seek documents concerning
3   communications with third parties about Bratz.

4              As to burden, Mattel has not attempted to demonstrate why responding
5   to this request and/or producing responsive documents presents any burden.  This
6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
7   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
8   request is unduly burdensome must allege specific facts which indicate the nature
9   and extent of the burden, usually by affidavit or other reliable evidence.")
10  Moreover, it is not unduly burdensome, as noted above, in that the request is
11  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
12  has engaged in a broad variety of unfair trade practices, including serial copying of
13  MGA's products, including but not limited to Bratz.  MGA is entitled to discovery
14  on these issues.

15             Mattel's objection that "Bratz Intellectual Property" is vague and
16  ambiguous should be disregarded.  In the context of this suit, where MGA is
17  alleging that Mattel is copying MGA's trade dress, the term "Bratz Intellectual
18  Property" is not vague and ambiguous.

19             This request does not seek documents protected by the attorney-client
20  privilege, the attorney work product doctrine, or other applicable privileges.  To the
21  extent that Mattel contends that it does, Mattel must provide a privilege log.

22             Mattel objects that the request is duplicative or subsumed within prior
23  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
24  agree to produce responsive non-privileged documents is not proper based on this
25  objection.

26             None of Mattel's improper objections are valid and Mattel is obligated
27  to produce all non-privileged responsive documents in its possession, custody, or
28  control.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  **MATTEL'S RESPONSE:**

2      The Request is overbroad.  Seeking the universe of <u>all</u> communications

3  with <u>any</u> third party relating to Bratz is plainly not narrowly tailored to seek

4  information relevant to Phase 2.  On this and other bases, Requests for Production

5  actually requesting a narrower range of documents within this category have been

6  explicitly rejected in prior Orders in this case.[2259]

7      Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides

8  that a Court should limit the extent of discovery if it determines that the burden of

9  the proposed discovery outweighs its likely benefit; the discovery sought is

10 unreasonably cumulative or duplicative, or is obtainable from some other source that

11 is more convenient, less burdensome, or less expensive; or the party seeking

12 discovery has had ample opportunity by discovery in the action to obtain the

13 information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and

14 producing the documents responsive to this overbroad Request would greatly

15 outweigh any marginal benefit to MGA, for the following reasons.



16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



1

2

3

4

5       The Request is also entirely duplicative of prior discovery served by

6 Carter Bryant as well as subsequent discovery served by MGA.

7

8

9             MGA's claim, at this stage of the litigation, that there remain

10 unproduced relevant materials on this subject in Mattel's possession is not credible.

11 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

12 was duplicative and that Mattel had produced relevant documents in response.[2268]

13         There is no basis for overruling Mattel's privilege objection. MGA's

14 bald assertion that "[t]his request does not seek information protected by the

15 attorney-client privilege, the attorney work product doctrine, or other applicable

16 privileges" has no merit. Moreover, as MGA has itself argued, the parties have

17 agreed that "all privileged documents would be logged except for documents created

18 after this action was filed on April 27, 2004."[2269] Thus, to the extent privileged

19 documents fall within the post lawsuit time period, they need not be included on

20

21

22

23

24

25    [2268]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

26 Dart Dec., Exh. 43.

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 | Mattel's log.  Although it bears the burden of showing why this agreement should
2 | not be applied to a given Request, MGA fails to do so.

3 |       Finally, MGA failed to meet and confer at all, much less in good faith,
4 | regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master
5 | Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
6 | the moving party shall first identify each dispute, state the relief sought and identify
7 | the authority supporting the requested relief in a meet and confer letter that shall be
8 | served on all parties by facsimile or electronic mail. The parties shall have five court
9 | days from the date of service of that letter to conduct an in-person conference to
10 | attempt to resolve the dispute.").   In order to engage in a meaningful meet and
11 | confer, MGA had the burden to show the relevance of any requests it sought to
12 | move on.[2270]   At no point during the meet and confer process did MGA show why
13 | this Request could be considered relevant to Phase 2 issues.[2271]   Because MGA
14 | refused to even attempt to make this showing, there was no possibility of a good
15 | faith meet and confer to resolve the parties' disputes. The Discovery Master should
16 | deny MGA's motion with respect to this Request on that grounds alone.

17 | **REQUEST FOR PRODUCTION NO. 202:**

18 |       All   COMMUNICATIONS   between   YOU   and   any   third   party
19 | mentioning, referring or relating to the BRATZ CONCEPT.

20 |
21 |
22 |

23 | [2269]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the
24 | Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
25 | 3.
     [2270]  <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 | moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 | <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
     [2271]  <u>See</u> Webster Dec. at p. 1-5.

28 |

**RESPONSE TO REQUEST NO. 202:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all communications of any kind between anyone at "Mattel," as defined by MGA to include past employees like Bryant, and any third party referring or relating to the "Bratz Concept" at any time, without further limitation as to subject matter, and regardless of whether the communications relate to the conduct at issue in this lawsuit. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to "Bratz" are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine whether "images, drawings, pictures, sculpts, molds, prototypes and any other form of artwork" both predate the "First Bratz Dolls" and are "'Bratz'-related" are known by Bryant as well as MGA and third parties, but are not known by Mattel at this juncture. Mattel further objects to this Request on the ground that the term "Bratz Concept" is vague and ambiguous. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has refused to produce documents in response to this request, based on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides little explanation, and certainly not the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning communications with third parties about Bratz.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

1  and extent of the burden, usually by affidavit or other reliable evidence.")
2  Moreover, it is not unduly burdensome, as noted above, in that the request is
3  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
4  has engaged in a broad variety of unfair trade practices, including serial copying of
5  MGA's products, including but not limited to Bratz.  MGA is entitled to discovery
6  on these issues.

7         Mattel's objection that "Bratz Concept" is vague and ambiguous should
8  be disregarded.  In the context of this suit, where MGA is alleging that Mattel is
9  copying MGA's trade dress, the term "Bratz Concept" is not vague and ambiguous.

10        Mattel objects that the request is duplicative or subsumed within prior
11  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
12  agree to produce responsive non-privileged documents is not proper based on this
13  objection.

14        None of Mattel's improper objections are valid and Mattel is obligated
15  to produce all non-privileged responsive documents in its possession, custody, or
16  control.

17  **MATTEL'S RESPONSE:**

18        The Request is overbroad.  Seeking the universe of <u>all</u> communications
19  with <u>any</u> third party relating to Bratz is plainly not narrowly tailored to seek
20  information relevant to Phase 2.  On this and other bases, Requests for Production
21  actually requesting a narrower range of documents within this category have been
22  explicitly rejected in prior Orders in this case.[2272]

23        Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
24  that a Court should limit the extent of discovery if it determines that the burden of
25  the proposed discovery outweighs its likely benefit; the discovery sought is

26
27
28

00505.07975/3161896.1

1  unreasonably cumulative or duplicative, or is obtainable from some other source that
2  is more convenient, less burdensome, or less expensive; or the party seeking
3  discovery has had ample opportunity by discovery in the action to obtain the
4  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
5  producing the documents responsive to this overbroad Request would greatly
6  outweigh any marginal benefit to MGA, for the following reasons.

7  ████████████████████████████████████████████████
8  ████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████
18 ████████████████████████████████████████████████████
19 ████████████████████████████████████████████████████
20 ████████████████████████████████████████████████████
21 ████████████████████████████████████████████████████
22 ████████████████████████████████████████████████████

23 ———————————————

24  [2272]  See Discovery Order Granting in Part and Denying in Part Mattel's Motion
25  to Compel Production, dated August 14, 2007.

26  █ ██████████████████████████████████████████████
27  ████ ████████████████████████████████████████████
28

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19        The Request is also entirely duplicative of prior discovery served by

20   Carter Bryant as well as subsequent discovery served by MGA.

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ████████████████████████████████████████

2 ████████████ MGA's claim, at this stage of the litigation, that there remain

3 unproduced relevant materials on this subject in Mattel's possession is not credible.

4 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

5 was duplicative and that Mattel had produced relevant documents in response.[2281]

6       There is no basis for overruling Mattel's privilege objection.  MGA's

7 bald assertion that "[t]his request does not seek information protected by the

8 attorney-client privilege, the attorney work product doctrine, or other applicable

9 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

10 agreed that "all privileged documents would be logged except for documents created

11 after this action was filed on April 27, 2004."[2282]  Thus, to the extent privileged

12 documents fall within the post lawsuit time period, they need not be included on

13 Mattel's log.  Although it bears the burden of showing why this agreement should

14 not be applied to a given Request, MGA fails to do so.

15       Finally, MGA failed to meet and confer at all, much less in good faith,

16 regarding this Request prior to filing its Motion.  *See* Phase 2 Discovery Master

17 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

18 the moving party shall first identify each dispute, state the relief sought and identify

19 the authority supporting the requested relief in a meet and confer letter that shall be

20 served on all parties by facsimile or electronic mail. The parties shall have five court

21 days from the date of service of that letter to conduct an in-person conference to

22 _____

23 ████████████████████████████████████████

24 ██████████████████████████████████

25 [2281]   *See* letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

26 [2282]   *See* Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  attempt to resolve the dispute.").    In order to engage in a meaningful meet and
2  confer, MGA had the burden to show the relevance of any requests it sought to
3  move on.[2283]    At no point during the meet and confer process did MGA show why
4  this Request could be considered relevant to Phase 2 issues.[2284]    Because MGA
5  refused to even attempt to make this showing, there was no possibility of a good
6  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
7  deny MGA's motion with respect to this Request on that grounds alone.

8  **REQUEST FOR PRODUCTION NO. 203:**

9         All COMMUNICATIONS between YOU and any third party
10 mentioning, referring or relating to the FIRST BRATZ DOLLS.

11 **RESPONSE TO REQUEST NO. 203:**

12        In addition to the general objections stated above, which are
13 incorporated herein by reference, Mattel objects to this Request as overbroad and
14 unduly burdensome in that it seeks all communications of any kind between <u>anyone</u>
15 at "Mattel," as defined by MGA to include past employees like Bryant, and any third
16 party referring or relating to the "First Bratz Dolls" <u>at any time,</u> without further
17 limitation as to subject matter, and regardless of whether the communications relate
18 to the conduct at issue in this lawsuit.  Mattel further objects to this Request on the
19 grounds that such discovery from Mattel is overbroad, unduly burdensome,
20 oppressive and not likely to the lead to the discovery of admissible evidence in that
21 Mattel's actions in relation to the "Bratz" line of products are not at issue in this
22 action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are
23 the actions of defendants and third parties associated with defendants in connection

24

---

25   [2283]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
   [2284]   <u>See</u> Webster Dec. at p. 1-5.

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  with the projects that defendant Bryant worked on with defendant MGA, which is
2  information known to and within the possession, custody and control of defendants
3  and their associated third parties, not Mattel.  Mattel further objects to this Request
4  on the ground that the term "First Bratz Dolls" is vague and ambiguous.  Mattel
5  further objects to this Request on the grounds that it is duplicative of or subsumed
6  within prior Requests already responded to and seeks the re-production of
7  information and documents already produced in this action.  Such information and
8  documents will not be re-produced.

9  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
10 **TO SHOULD BE COMPELLED**

11 Mattel has refused to produce documents in response to this request,
12 based on its improper boilerplate objections.  Mattel has refused to confirm whether
13 or not it has produced all non-privileged responsive documents or whether it is
14 withholding documents based on its objections in Phase 2.  Under the Federal Rules
15 of Civil Procedure, "an objection to part of a request must specify the part and
16 permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
17 fail to explain the basis for an objection with specificity are routinely rejected in the
18 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
19 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
20 harassing' are improper – especially when a party fails to submit any evidentiary
21 declarations supporting such objections").  Accordingly, Mattel must be compelled
22 either to certify that it has produced all non-privileged responsive documents or to
23 produce all such documents by a date certain.

24 To the extent that Mattel is relying on its blanket objections, they are
25 not sustainable and do not justify Mattel's failure to produce documents.

26 As to overbreadth, Mattel provides little explanation, and certainly not
27 the required particularity, as to *why* this request is supposedly overly broad, nor can
28 it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009,

00505.07975/3161896.1

-1315-

1  at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To

2  the contrary, the request is narrowly tailored to seek documents concerning

3  communications with third parties about Bratz.

4       As to burden, Mattel has not attempted to demonstrate why responding

5  to this request and/or producing responsive documents presents any burden. This

6  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

7  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8  request is unduly burdensome must allege specific facts which indicate the nature

9  and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

12  has engaged in a broad variety of unfair trade practices, including serial copying of

13  MGA's products, including but not limited to Bratz. MGA is entitled to discovery

14  on these issues.

15       Mattel's objection that "FIRST BRATZ DOLLS" is vague and

16  ambiguous should be disregarded. In the context of this suit, where MGA is

17  alleging that Mattel is copying MGA's trade dress, the term "FIRST BRATZ

18  DOLLS" is not vague and ambiguous. Further, MGA specifically defined "FIRST

19  BRATZ DOLLS" in this set of discovery to eliminate any confusion about what the

20  phrase could mean.

21       Mattel objects that the request is duplicative or subsumed within prior

22  requests but does not identify the allegedly duplicative requests. Mattel's failure to

23  agree to produce responsive non-privileged documents is not proper based on this

24  objection.

25       None of Mattel's improper objections are valid and Mattel is obligated

26  to produce all non-privileged responsive documents in its possession, custody, or

27  control.

28

**MATTEL'S RESPONSE:**

The Request is overbroad. Seeking the universe of <u>all</u> communications with <u>any</u> third party relating to the first generation of Bratz is plainly not narrowly tailored to seek information relevant to Phase 2. On this and other bases, Requests for Production actually requesting a narrower range of documents within this category have been explicitly rejected in prior Orders in this case.[2285]

Further, this Request is unduly burdensome. <u>Rule</u> 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c). The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.



---

[2285]   <u>See</u> Discovery Order Granting in Part and Denying in Part Mattel's Motion to Compel Production, dated August 14, 2007.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1



1

2

3

4

5      The Request is also entirely duplicative of prior discovery served by

6  Carter Bryant as well as subsequent discovery served by MGA.

7

8

9            MGA's claim, at this stage of the litigation, that there remain

10 unproduced relevant materials on this subject in Mattel's possession is not credible.

11 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

12 was duplicative and that Mattel had produced relevant documents in response.[2294]

13      There is no basis for overruling Mattel's privilege objection.  MGA's

14 bald assertion that "[t]his request does not seek information protected by the

15 attorney-client privilege, the attorney work product doctrine, or other applicable

16 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

17 agreed that "all privileged documents would be logged except for documents created

18 after this action was filed on April 27, 2004."[2295]  Thus, to the extent privileged

19 documents fall within the post lawsuit time period, they need not be included on

20

21

22

23

24

25  [2294]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

26  Dart Dec., Exh. 43.

27

28

1  Mattel's log.  Although it bears the burden of showing why this agreement should
2  not be applied to a given Request, MGA fails to do so.

3         Finally, MGA failed to meet and confer at all, much less in good faith,
4  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
6  the moving party shall first identify each dispute, state the relief sought and identify
7  the authority supporting the requested relief in a meet and confer letter that shall be
8  served on all parties by facsimile or electronic mail. The parties shall have five court
9  days from the date of service of that letter to conduct an in-person conference to
10  attempt to resolve the dispute.").   In order to engage in a meaningful meet and
11  confer, MGA had the burden to show the relevance of any requests it sought to
12  move on.[2296]   At no point during the meet and confer process did MGA show why
13  this Request could be considered relevant to Phase 2 issues.[2297]   Because MGA
14  refused to even attempt to make this showing, there was no possibility of a good
15  faith meet and confer to resolve the parties' disputes. The Discovery Master should
16  deny MGA's motion with respect to this Request on that grounds alone.

17  **REQUEST FOR PRODUCTION NO. 204:**

18         All  COMMUNICATIONS  between  YOU  and  any  third  party
19  mentioning, referring or relating to BRATZ DOLLS, if YOU seek in this case to
20  enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery or

21

22

23    [2295]   See Order Denying Mattel's Motion for Protective Order Limiting the
24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
25  3.
       [2296]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
       [2297]   See Webster Dec. at p. 1-5.
28

1   damages in this case, any right or interest in, revenues or profits from, or lost profits

2   or other damages caused by BRATZ DOLLS.

3   **RESPONSE TO REQUEST NO. 204:**

4            In addition to the general objections stated above, which are

5   incorporated herein by reference, Mattel objects to this Request on the grounds that

6   it calls for the disclosure of information subject to the attorney-client privilege, the

7   attorney work-product doctrine and other applicable privileges.   Mattel further

8   objects to this Request as overbroad and unduly burdensome in that it seeks all

9   communications of any kind between <u>anyone</u> at "Mattel," as defined by MGA to

10  include past employees like Bryant, and any third party referring or relating to

11  "Bratz Dolls" at <u>any time,</u> without further limitation as to subject matter, and

12  regardless of whether the communications relate to the conduct at issue in this

13  lawsuit.  Mattel further objects to this Request on the grounds that such discovery

14  from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead

15  to the discovery of admissible evidence in that Mattel's actions in relation to the

16  "Bratz" line of products are not at issue in this action and are irrelevant to the claims

17  and defenses in this suit.  Rather, at issue are the actions of defendants and third

18  parties associated with defendants in connection with the projects that defendant

19  Bryant worked on with defendant MGA, which is information known to and within

20  the possession, custody and control of defendants and their associated third parties,

21  not Mattel.   Mattel further objects to this Request on the grounds that it is

22  unreasonably burdensome and premature in that the facts necessary to determine the

23  full nature and extent of Mattel's relief and damages from defendant's acts or

24  omissions are known by defendants and third parties associated with defendants, but

25  are not known by Mattel at this juncture because of defendants' refusals to produce

26  basic discovery.  Mattel further objects to this Request on the grounds that it is

27  improperly phrased as a legal contention.  Mattel further objects to this Request on

28  the grounds that it is duplicative of or subsumed within prior Requests already

responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, resting on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This request is narrowly tailored to Mattel's intent to assert a particular damages claim or claim for injunctive relief. The category of documents requested is relevant to the damages claim and claim for injunctive relief, and it is clearly discoverable to the extent that Mattel is requesting such relief in Phase 2.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

1   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
2   request is unduly burdensome must allege specific facts which indicate the nature
3   and extent of the burden, usually by affidavit or other reliable evidence.")
4   Moreover, it is not unduly burdensome, as noted above, in that the request is
5   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
6   has engaged in a broad variety of unfair trade practices including serial copying of
7   MGA products.  Mattel also has a claim of trade secret misappropriation against
8   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

9       This request does not seek documents protected by the attorney-client
10  privilege, the attorney work product doctrine, or other applicable privileges.  To the
11  extent that Mattel contends that it does, Mattel must provide a privilege log.

12      Mattel objects that the request is duplicative or subsumed within prior
13  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
14  agree to produce responsive non-privileged documents is not proper based on this
15  objection.

16      Mattel objects that the request contains confidential, proprietary and
17  trade secret information.  A Protective Order exists in this case, obviating any
18  concern as to protection of privacy rights and/or commercially sensitive
19  information.

20      Mattel's prayer for relief is extremely broad in Phase 2.  MGA is
21  entitled to all documents on the issue, and not just those that Mattel chooses to
22  produce in support of its claims.  Because Mattel's pleadings seek such broad relief,
23  MGA is entitled to extremely broad discovery to the extent that Mattel intends to
24  assert particular damages theories or to request injunctive relief.

25      None of Mattel's improper objections are valid and Mattel is obligated
26  to produce all non-privileged responsive documents in its possession, custody, or
27  control.

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

**MATTEL'S RESPONSE:**

This Request is grossly overbroad. The universe of <u>all</u> communications mentioning, referring or relating to Bratz dolls is vast. The prior Discovery Master has expressly denied MGA's attempts to compel such requests in Phase 1, ruling that requests for communications "that merely mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they have anything to do with the claims or defenses in this case" are "clearly overbroad."[2298]

The Request is also duplicative of other requests for documents by the MGA Parties requests in response to which Mattel has already produced 17,278 pages in Phase 1 of this case. MGA has acknowledged that this Request is duplicative of other requests propounded by MGA or Bryant.[2299]

MGA's argument that it is entitled to these documents fails on the merits. MGA bears the burden of showing that its discovery meets the relevance requirements of <u>Rule</u> 26(b)(1).[2300] MGA has not sufficiently explained how <u>all</u> documents mentioning, referring, or relating to BRATZ DOLLS are relevant to Phase 2 issues. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL

---

[2298]   <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5, at 18.

[2299]   <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 1-2, Dart Dec., Exh. 43.

[2300]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

2  party may not propound document requests as part of a fishing expedition or to

3  discover new claims.[2301]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

4  2004) ("District courts need not condone the use of discovery to engage in 'fishing

5  expeditions.'").

6            Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

7  that a Court should limit the extent of discovery if it determines that the burden of

8  the proposed discovery outweighs its likely benefit; the discovery sought is

9  unreasonably cumulative or duplicative, or is obtainable from some other source that

10 is more convenient, less burdensome, or less expensive; or the party seeking

11 discovery has had ample opportunity by discovery in the action to obtain the

12 information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

13 producing the documents responsive to this overbroad Request would greatly

14 outweigh any marginal benefit to MGA, for the following reasons.



24  [2301]   See Order Granting In Part and Denying In Part Mattel's Motion for
25  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
1.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ██████████████████████████████████████████████

2 ██████████████████████████████████████

3          There is no basis for overruling Mattel's privilege objection.  MGA's

4 bald assertion that "[t]his request does not seek information protected by the

5 attorney-client privilege, the attorney work product doctrine, or other applicable

6 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7 agreed that "all privileged documents would be logged except for documents created

8 after this action was filed on April 27, 2004."[2314]  Thus, to the extent privileged

9 documents fall within the post lawsuit time period, they need not be included on

10 Mattel's log.  Although it bears the burden of showing why this agreement should

11 not be applied to a given Request, MGA fails to do so.

12          Finally, MGA failed to meet and confer at all, much less in good faith,

13 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15 the moving party shall first identify each dispute, state the relief sought and identify

16 the authority supporting the requested relief in a meet and confer letter that shall be

17 served on all parties by facsimile or electronic mail. The parties shall have five court

18 days from the date of service of that letter to conduct an in-person conference to

19 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

20 confer, MGA had the burden to show the relevance of any requests it sought to

21 ─────────────────

22 ████████████████████████████████████████████████

23 ████████████████████████████████████████████████

24 ████████████████████████████████████████████████

25 ████████████████████████████████████████████████

26 [2314]   See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

28

1  move on.[2315]    At no point during the meet and confer process did MGA show why
2  this Request could be considered relevant to Phase 2 issues.[2316]   Because MGA
3  refused to even attempt to make this showing, there was no possibility of a good
4  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
5  deny MGA's motion with respect to this Request on that grounds alone.

6  **REQUEST FOR PRODUCTION NO. 205:**

7         All COMMUNICATIONS between YOU and any third party
8  mentioning, referring or relating to the BRATZ PACK, if YOU seek in this case to
9  enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR recovery or
10  damages in this case, any right or interest in, revenues or profits from, or lost profits
11  or other damages caused by the BRATZ PACK.

12  **RESPONSE TO REQUEST NO. 205:**

13         In addition to the general objections stated above, which are
14  incorporated herein by reference, Mattel objects to this Request as overbroad and
15  unduly burdensome in that it seeks all communications of any kind between anyone
16  at "Mattel," as defined by MGA to include past employees like Bryant, and any third
17  party referring or relating to the "Bratz Pack" at any time, without further limitation
18  as to subject matter, and regardless of whether the communications relate to the
19  conduct at issue in this lawsuit.  Mattel further objects to this Request on the
20  grounds that such discovery from Mattel is overbroad, unduly burdensome,
21  oppressive and not likely to the lead to the discovery of admissible evidence in that
22  Mattel's actions in relation to the "Bratz" line of products are not at issue in this
23  action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

24  _____

25  [2315]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [2316]   See Webster Dec. at p. 1-5.
28

1   the actions of defendants and third parties associated with defendants in connection
2   with the projects that defendant Bryant worked on with defendant MGA, which is
3   information known to and within the possession, custody and control of defendants
4   and their associated third parties, not Mattel.  Mattel further objects to this Request
5   on the grounds that it is unreasonably burdensome and premature in that the facts
6   necessary to determine the full nature and extent of Mattel's damages from
7   defendant's acts or omissions are known by defendants and third parties associated
8   with defendants, but are not known by Mattel at this juncture because of defendants'
9   refusals to provide basic discovery.  Mattel further objects to this Request on the
10  grounds that it is improperly phrased as a legal contention.  Mattel further objects to
11  this Request on the grounds that it is duplicative of or subsumed within prior
12  Requests already responded to and seeks the re-production of information and
13  documents already produced in this action.  Such information and documents will
14  not be re-produced.

15  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
16  **TO SHOULD BE COMPELLED**

17          Mattel has not agreed to produce documents in response to this request,
18  resting on its improper boilerplate objections.  Under the Federal Rules of Civil
19  Procedure, "an objection to part of a request must specify the part and permit
20  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to
21  explain the basis for an objection with specificity are routinely rejected in the
22  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
23  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
24  harassing' are improper – especially when a party fails to submit any evidentiary
25  declarations supporting such objections").  Accordingly, Mattel must be compelled
26  either to certify that it has produced all non-privileged responsive documents or to
27  produce all such documents by a date certain.

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This request is narrowly tailored to Mattel's intent to assert a particular damages claim or claim for injunctive relief. The category of documents requested is relevant to the damages claim and claim for injunctive relief, and it is clearly discoverable to the extent that Mattel is requesting such relief in Phase 2.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products. Mattel also has a claim of trade secret misappropriation against MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests. Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

1    Mattel objects that the request contains confidential, proprietary and
2    trade secret information.   A Protective Order exists in this case, obviating any
3    concern  as  to  protection  of  privacy  rights  and/or  commercially  sensitive
4    information.

5    Mattel's prayer for relief is extremely broad in Phase 2.   MGA is
6    entitled to all documents on the issue, and not just those that Mattel chooses to
7    produce in support of its claims.  Because Mattel's pleadings seek such broad relief,
8    MGA is entitled to extremely broad discovery to the extent that Mattel intends to
9    assert particular damages theories or to request injunctive relief.

10    None of Mattel's improper objections are valid and Mattel is obligated
11    to produce all non-privileged responsive documents in its possession, custody, or
12    control.

13    **MATTEL'S RESPONSE:**

14    This Request is overbroad.   MGA defines "BRATZ PACK" as "any
15    collection, compilation, or grouping of two or more images, characters or dolls that
16    are or have ever been manufactured, marketed or sold by MGA, or others under a
17    license, as part of a line of goods or merchandise commonly known as, or sold and
18    marketed  under  the  'Bratz'  trademark  or  trade  dress."[2317]   The  universe  of  <u>all</u>
19    communications mentioning, referring or relating to the Bratz Pack, and thus by
20    extension to Bratz, is vast.  The prior Discovery Master has expressly denied MGA's
21    attempts  to  compel  such  requests  in  Phase  1,  ruling  that  requests  for
22    communications "that merely mention MGA, Larian, Bratz or other MGA products,

23
24
25
26

27    [2317]   <u>See</u> MGA's First Set of Document Requests  (04-9059), dated November
22, 2006, at ¶ 15, Dart Dec., Exh. 45.

28

1  regardless of whether or not they have anything to do with the claims or defenses in

2  this case" are "clearly overbroad."[2318]

3         The Request is also duplicative of other requests for documents by the

4  MGA Parties requests in response to which Mattel has already produced 17,278

5  pages in Phase 1 of this case.   MGA has acknowledged that this Request is

6  duplicative of other requests propounded by MGA or Bryant.[2319]

7         MGA's argument that it is entitled to these documents fails on the

8  merits.  MGA bears the burden of showing that its discovery meets the relevance

9  requirements of Rule 26(b)(1).[2320]   MGA has not attempted to explain how all

10  communications mentioning, referring, or relating to BRATZ PACK are relevant to

11  Phase 2 issues.  "A trial court has a duty, of special significance in lengthy and

12  complex cases where the possibility of abuse is always present, to supervise and

13  limit discovery to protect parties and witnesses from annoyance and excessive

14  expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also

15  Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36

16  (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

17  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

18  party may not propound document requests as part of a fishing expedition or to

19  discover new claims.[2321]   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

20

21  [2318]   See Order Granting in Part and Denying in Part MGA's Motion to Compel,

22  dated May 22, 2007, Dart Dec., Exh. 5, at 18.

23  [2319]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 1-2, Dart Dec., Exh. 43.

24  [2320]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

25  moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

26  [2321]   See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

28

1   2004) ("District courts need not condone the use of discovery to engage in 'fishing
2   expeditions.'").

3      Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
4   that a Court should limit the extent of discovery if it determines that the burden of
5   the proposed discovery outweighs its likely benefit; the discovery sought is
6   unreasonably cumulative or duplicative, or is obtainable from some other source that
7   is more convenient, less burdensome, or less expensive; or the party seeking
8   discovery has had ample opportunity by discovery in the action to obtain the
9   information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and
10  producing the documents responsive to this overbroad Request would greatly
11  outweigh any marginal benefit to MGA, for the following reasons.



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3    There is no basis for overruling Mattel's privilege objection. MGA's

4  bald assertion that "[t]his request does not seek information protected by the

5  attorney-client privilege, the attorney work product doctrine, or other applicable

6  privileges" has no merit.   Moreover, as MGA has itself argued, the parties have

7  agreed that "all privileged documents would be logged except for documents created

8  after this action was filed on April 27, 2004."[2334]   Thus, to the extent privileged

9  documents fall within the post lawsuit time period, they need not be included on

10  Mattel's log.   Although it bears the burden of showing why this agreement should

11  not be applied to a given Request, MGA fails to do so.

12    Finally, MGA failed to meet and confer at all, much less in good faith,

13  regarding this Request prior to filing its Motion.   See Phase 2 Discovery Master

14  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15  the moving party shall first identify each dispute, state the relief sought and identify

16  the authority supporting the requested relief in a meet and confer letter that shall be

17  served on all parties by facsimile or electronic mail. The parties shall have five court

18  days from the date of service of that letter to conduct an in-person conference to

19  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

20  confer, MGA had the burden to show the relevance of any requests it sought to

21

22

23

24

25

26   [2334]   See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
     3.
28

1   move on.[2335]   At no point during the meet and confer process did MGA show why
2   this Request could be considered relevant to Phase 2 issues.[2336]   Because MGA
3   refused to even attempt to make this showing, there was no possibility of a good
4   faith meet and confer to resolve the parties' disputes.  The Discovery Master should
5   deny MGA's motion with respect to this Request on that grounds alone.

6   **REQUEST FOR PRODUCTION NO. 206:**

7            All  COMMUNICATIONS  between  YOU  and  any  third  party
8   mentioning, referring or relating to LIL' BRATZ, if YOU seek in this case to enjoin
9   the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or damages in this
10  case, any right or interest in, revenues or profits from, or lost profits or other
11  damages caused by LIL' BRATZ.

12  **RESPONSE TO REQUEST NO. 206:**

13           In  addition  to  the  general  objections  stated  above,  which  are
14  incorporated herein by reference, Mattel objects to this Request as overbroad and
15  unduly burdensome in that it seeks all communications of any kind between anyone
16  at "Mattel," as defined by MGA to include past employees like Bryant, and any third
17  party referring or relating to "Lil' Bratz" at any time, without further limitation as to
18  subject matter, and regardless of whether the communications relate to the conduct
19  at issue in this lawsuit.  Mattel further objects to this Request on the grounds that
20  such discovery from Mattel is overbroad, unduly burdensome, oppressive and not
21  likely to lead to the discovery of admissible evidence in that Mattel's actions in
22  relation to the "Bratz" line of products are not at issue in this action and are
23  irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of
24

---

25   [2335]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26   moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27   Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
         [2336]   See Webster Dec. at p. 1-5.
28

1  defendants and third parties associated with defendants in connection with the

2  projects that defendant Bryant worked on with defendant MGA, which is

3  information known to and within the possession, custody and control of defendants

4  and their associated third parties, not Mattel.  Mattel further objects to this Request

5  on the grounds that it is unreasonably burdensome and premature in that the facts

6  necessary to determine the full nature and extent of Mattel's damages from

7  defendant's acts or omissions are known by defendants and third parties associated

8  with defendants, but are not known by Mattel at this juncture because of defendants'

9  refusals to provide basic discovery.  Mattel further objects to this Request on the

10  grounds that it is improperly phrased as a legal contention.  Mattel further objects to

11  this request on the grounds that it is duplicative of or subsumed within prior

12  Requests already responded to and seeks the re-production of information and

13  documents already produced in this action.  Such information and documents will

14  not be re-produced.

15  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

16  **TO SHOULD BE COMPELLED**

17      Mattel has not agreed to produce documents in response to this request,

18  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

19  Procedure, "an objection to part of a request must specify the part and permit

20  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

21  explain the basis for an objection with specificity are routinely rejected in the

22  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

23  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

24  harassing' are improper – especially when a party fails to submit any evidentiary

25  declarations supporting such objections").  Accordingly, Mattel must be compelled

26  either to certify that it has produced all non-privileged responsive documents or to

27  produce all such documents by a date certain.

28

-1339-

1          To the extent that Mattel is relying on its blanket objections, they are

2    not sustainable and do not justify Mattel's failure to produce documents.

3          As to overbreadth, Mattel provides no explanation, let alone the

4    required particularity, as to *why* this request is supposedly overly broad, nor can it

5    do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

6    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

7    request is narrowly tailored to Mattel's intent to assert a particular damages claim or

8    claim for injunctive relief.  The category of documents requested is relevant to the

9    damages claim and claim for injunctive relief, and it is clearly discoverable to the

10   extent that Mattel is requesting such relief in Phase 2.

11         As to burden, Mattel has not attempted to demonstrate why responding

12   to this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

14   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.")

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19   has engaged in a broad variety of unfair trade practices including serial copying of

20   MGA products.  Mattel also has a claim of trade secret misappropriation against

21   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

22         This request does not seek documents protected by the attorney-client

23   privilege, the attorney work product doctrine, or other applicable privileges.  To the

24   extent that Mattel contends that it does, Mattel must provide a privilege log.

25         Mattel objects that the request is duplicative or subsumed within prior

26   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

27   agree to produce responsive non-privileged documents is not proper based on this

28   objection.

1        Mattel objects that the request contains confidential, proprietary and

2   trade secret information.   A Protective Order exists in this case, obviating any

3   concern as to protection of privacy rights and/or commercially sensitive

4   information.

5        Mattel's prayer for relief is extremely broad in Phase 2.   MGA is

6   entitled to all documents on the issue, and not just those that Mattel chooses to

7   produce in support of its claims.   Because Mattel's pleadings seek such broad relief,

8   MGA is entitled to extremely broad discovery to the extent that Mattel intends to

9   assert particular damages theories or to request injunctive relief.

10        None of Mattel's improper objections are valid and Mattel is obligated

11   to produce all non-privileged responsive documents in its possession, custody, or

12   control.

13   **MATTEL'S RESPONSE:**

14        This Request is overbroad.   The universe of <u>all</u> communications

15   mentioning, referring or relating to the Lil' Bratz, and thus by extension to Bratz, is

16   vast.   The prior Discovery Master has expressly denied MGA's attempts to compel

17   such requests in Phase 1, ruling that requests for communications "that merely

18   mention MGA, Larian, Bratz or other MGA products, regardless of whether or not

19   they have anything to do with the claims or defenses in this case" are "clearly

20   overbroad."[2337]

21        The Request is also duplicative of other requests for documents by the

22   MGA Parties requests in response to which Mattel has already produced 17,278

23

24

25

26

27   [2337]   <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5, at 18.

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  pages in Phase 1 of this case.   MGA has acknowledged that this Request is
2  duplicative of other requests propounded by MGA or Bryant.[2338]

3  　　　　　　MGA's argument that it is entitled to these documents fails on the
4  merits.  MGA bears the burden of showing that its discovery meets the relevance
5  requirements of Rule 26(b)(1).[2339]   MGA has not attempted to explain how all
6  communications mentioning, referring, or relating to Lil' Bratz are relevant to Phase
7  2 issues.  "A trial court has a duty, of special significance in lengthy and complex
8  cases where the possibility of abuse is always present, to supervise and limit
9  discovery to protect parties and witnesses from annoyance and excessive expense."
10  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways
11  Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.
12  1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D.
13  Ill. 1983) (same).  As the previous Discovery Master has held, a party may not
14  propound document requests as part of a fishing expedition or to discover new
15  claims.[2340]   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District
16  courts need not condone the use of discovery to engage in 'fishing expeditions.'").

17  　　　　　　Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
18  that a Court should limit the extent of discovery if it determines that the burden of
19  the proposed discovery outweighs its likely benefit; the discovery sought is
20  unreasonably cumulative or duplicative, or is obtainable from some other source that
21  is more convenient, less burdensome, or less expensive; or the party seeking

22  

23  　　[2338]　See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at
24  1-2, Dart Dec., Exh. 43.
　　[2339]　See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
25  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
26  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

27  

28

1  discovery has had ample opportunity by discovery in the action to obtain the

2  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

3  producing the documents responsive to this overbroad Request would greatly

4  outweigh any marginal benefit to MGA, for the following reasons.



2340    See Order Granting In Part and Denying In Part Mattel's Motion for
Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
1.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1 ███████████████████████████████████████████

2 ████████████████████

3 ███████████████████████████████████████

4 ███████████████████████████████████████████

5 ███████████████████████████████████████████

6 ███████████████████████████████████████████

7 ███████████████████████████████████████████

8 ███████████████████████████████████████████

9 ███████████████████████████████████████████

10 ███████████████████████████████████████████

11 ███████████████████████████████████████████

12 ███████████████████████████████████████████

13 ███

14 ██████████████████████████████████████████

15 ███████████████████████████████████████████

16 ███████████████████████████████████████████

17 ████████████████████████████████████

18    There is no basis for overruling Mattel's privilege objection.  MGA's

19 bald assertion that "[t]his request does not seek information protected by the

20 attorney-client privilege, the attorney work product doctrine, or other applicable

21 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

22 ────────────────

23 ██████

24 ████████████████████████████████████████████

25 █████████████████████████████████████████████

26 ████████████████████████████████████████████

27 ██████████████████████████████████████████████

28

00505.07975/3161896.1
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[2353]   Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.  Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").   In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[2354]   At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[2355]   Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

---

[2353]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

[2354]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[2355]   See Webster Dec. at p. 1-5.

**REQUEST FOR PRODUCTION NO. 207:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to BRATZ PETZ, if YOU seek in this case to enjoin the sale of BRATZ PETZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ PETZ.

**RESPONSE TO REQUEST NO. 207:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all communications of any kind between <u>anyone</u> at "Mattel," as defined by MGA to include past employees like Bryant, and any third party referring or relating to "Bratz Petz" <u>at any time,</u> without further limitation as to subject matter, and regardless of whether the communications relate to the conduct at issue in this lawsuit. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to provide basic discovery. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.

1 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2 | **TO SHOULD BE COMPELLED**

3       Mattel has not agreed to produce documents in response to this request,
4 resting on its improper boilerplate objections.  Under the Federal Rules of Civil
5 Procedure, "an objection to part of a request must specify the part and permit
6 inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to
7 explain the basis for an objection with specificity are routinely rejected in the
8 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
9 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
10 harassing' are improper – especially when a party fails to submit any evidentiary
11 declarations supporting such objections").  Accordingly, Mattel must be compelled
12 either to certify that it has produced all non-privileged responsive documents or to
13 produce all such documents by a date certain.

14       To the extent that Mattel is relying on its blanket objections, they are
15 not sustainable and do not justify Mattel's failure to produce documents.

16       As to overbreadth, Mattel provides no explanation, let alone the
17 required particularity, as to *why* this request is supposedly overly broad, nor can it
18 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
19 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This
20 request is narrowly tailored to Mattel's intent to assert a particular damages claim or
21 claim for injunctive relief.  The category of documents requested is relevant to the
22 damages claim and claim for injunctive relief, and it is clearly discoverable to the
23 extent that Mattel is requesting such relief in Phase 2.

24       As to burden, Mattel has not attempted to demonstrate why responding
25 to this request and/or producing responsive documents presents any burden.  This
26 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
27 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
28 request is unduly burdensome must allege specific facts which indicate the nature

1   and extent of the burden, usually by affidavit or other reliable evidence.")

2   Moreover, it is not unduly burdensome, as noted above, in that the request is

3   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4   has engaged in a broad variety of unfair trade practices including serial copying of

5   MGA products.  Mattel also has a claim of trade secret misappropriation against

6   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

7          This request does not seek documents protected by the attorney-client

8   privilege, the attorney work product doctrine, or other applicable privileges.  To the

9   extent that Mattel contends that it does, Mattel must provide a privilege log.

10          Mattel objects that the request is duplicative or subsumed within prior

11   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

12   agree to produce responsive non-privileged documents is not proper based on this

13   objection.

14          Mattel objects that the request contains confidential, proprietary and

15   trade secret information.  A Protective Order exists in this case, obviating any

16   concern as to protection of privacy rights and/or commercially sensitive

17   information.

18          Mattel's prayer for relief is extremely broad in Phase 2.  MGA is

19   entitled to all documents on the issue, and not just those that Mattel chooses to

20   produce in support of its claims.  Because Mattel's pleadings seek such broad relief,

21   MGA is entitled to extremely broad discovery to the extent that Mattel intends to

22   assert particular damages theories or to request injunctive relief.

23          None of Mattel's improper objections are valid and Mattel is obligated

24   to produce all non-privileged responsive documents in its possession, custody, or

25   control.

26   **MATTEL'S RESPONSE:**

27          This Request is overbroad.   The universe of <u>all</u> communications

28   mentioning, referring or relating to the Bratz Petz, and thus by extension to Bratz, is

1   vast.  The prior Discovery Master has expressly denied MGA's attempts to compel

2   such requests in Phase 1, ruling that requests for communications "that merely

3   mention MGA, Larian, Bratz or other MGA products, regardless of whether or not

4   they have anything to do with the claims or defenses in this case" are "clearly

5   overbroad."[2356]

6          MGA's argument that it is entitled to these documents fails on the

7   merits.  MGA bears the burden of showing that its discovery meets the relevance

8   requirements of <u>Rule</u> 26(b)(1).[2357]  MGA has not attempted to explain how all

9   communications mentioning, referring, or relating to Bratz Petz are relevant to

10  Phase 2 issues.  "A trial court has a duty, of special significance in lengthy and

11  complex cases where the possibility of abuse is always present, to supervise and

12  limit discovery to protect parties and witnesses from annoyance and excessive

13  expense."  <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also

14  Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36

15  (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL

16  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

17  party may not propound document requests as part of a fishing expedition or to

18  discover new claims.[2358]  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir.

19  2004) ("District courts need not condone the use of discovery to engage in 'fishing

20  expeditions.'").

21

22

23  [2356]  <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5, at 18.

24  [2357]  <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

25  moving party, "Mattel bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

26  [2358]  <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

28

1    Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

2 that a Court should limit the extent of discovery if it determines that the burden of

3 the proposed discovery outweighs its likely benefit; the discovery sought is

4 unreasonably cumulative or duplicative, or is obtainable from some other source that

5 is more convenient, less burdensome, or less expensive; or the party seeking

6 discovery has had ample opportunity by discovery in the action to obtain the

7 information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

8 producing the documents responsive to this overbroad Request would greatly

9 outweigh any marginal benefit to MGA, for the following reasons.



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



1    There is no basis for overruling Mattel's privilege objection. MGA's

2    bald assertion that "[t]his request does not seek information protected by the

3    attorney-client privilege, the attorney work product doctrine, or other applicable

4    privileges" has no merit. Moreover, as MGA has itself argued, the parties have

5    agreed that "all privileged documents would be logged except for documents created

6    after this action was filed on April 27, 2004."[2371] Thus, to the extent privileged

7    documents fall within the post lawsuit time period, they need not be included on

8    Mattel's log. Although it bears the burden of showing why this agreement should

9    not be applied to a given Request, MGA fails to do so.

10    Finally, MGA failed to meet and confer at all, much less in good faith,

11    regarding this Request prior to filing its Motion. *See* Phase 2 Discovery Master

12    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

13    the moving party shall first identify each dispute, state the relief sought and identify

14    the authority supporting the requested relief in a meet and confer letter that shall be

15    served on all parties by facsimile or electronic mail. The parties shall have five court

16    days from the date of service of that letter to conduct an in-person conference to

17    attempt to resolve the dispute."). In order to engage in a meaningful meet and

18    confer, MGA had the burden to show the relevance of any requests it sought to

19    move on.[2372] At no point during the meet and confer process did MGA show why

20    this Request could be considered relevant to Phase 2 issues.[2373] Because MGA

21    refused to even attempt to make this showing, there was no possibility of a good

22

23    [2371]   *See* Order Denying Mattel's Motion for Protective Order Limiting the

24    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
     3.

25    [2372]   *See* Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26    moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27    Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

      [2373]   *See* Webster Dec. at p. 1-5.

28

1  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

2  deny MGA's motion with respect to this Request on that grounds alone.

3  **REQUEST FOR PRODUCTION NO. 208:**

4  　　　　　All  COMMUNICATIONS  between  YOU  and  any  third  party

5  mentioning,  referring  or  relating  to  BRATZ  BABYZ,  if  YOU  seek  in  this  case  to

6  enjoin  the  sale  of  BRATZ  BABYZ,  or  seek,  as  any  part  of  YOUR  recovery  or

7  damages  in  this  case,  any  right  or  interest  in,  revenues  or  profits  from,  or  lost  profits

8  or other damages caused by BRATZ BABYZ.

9  **RESPONSE TO REQUEST NO. 208:**

10  　　　　　In  addition  to  the  general  objections  stated  above,  which  are

11  incorporated  herein  by  reference,  Mattel  objects  to  this  Request  as  overbroad  and

12  unduly burdensome in that it seeks all communications of any kind between anyone

13  at "Mattel," as defined by MGA to include past employees like Bryant, and any third

14  party referring or relating to "Bratz Babyz" at any time, without further limitation as

15  to  subject  matter,  and  regardless  of  whether  the  communications  relate  to  the

16  conduct  at  issue  in  this  lawsuit.   Mattel  further  objects  to  this  Request  on  the

17  grounds  that  such  discovery  from  Mattel  is  overbroad,  unduly  burdensome,

18  oppressive and not likely to the lead to the discovery of admissible evidence in that

19  Mattel's actions in relation to the "Bratz" line of products are not at issue in this

20  action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

21  the actions of defendants and third parties associated with defendants in connection

22  with  the  projects  that  defendant  Bryant  worked  on  with  defendant  MGA,  which  is

23  information known to and within the possession, custody and control of defendants

24  and their associated third parties, not Mattel.  Mattel further objects to this Request

25  on the grounds that it is unreasonably burdensome and premature in that the facts

26  necessary  to  determine  the  full  nature  and  extent  of  Mattel's  damages  from

27  defendant's acts or omissions are known by defendants and third parties associated

28  with defendants, but are not known by Mattel at this juncture because of defendants'

1  refusals to provide basic discovery.  Mattel further objects to this Request on the
2  grounds that it is improperly phrased as a legal contention.

3  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
4  **TO SHOULD BE COMPELLED**

5           Mattel has not agreed to produce documents in response to this request,
6  resting on its improper boilerplate objections.  Under the Federal Rules of Civil
7  Procedure, "an objection to part of a request must specify the part and permit
8  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to
9  explain the basis for an objection with specificity are routinely rejected in the
10  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
11  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
12  harassing' are improper – especially when a party fails to submit any evidentiary
13  declarations supporting such objections").  Accordingly, Mattel must be compelled
14  either to certify that it has produced all non-privileged responsive documents or to
15  produce all such documents by a date certain.

16           To the extent that Mattel is relying on its blanket objections, they are
17  not sustainable and do not justify Mattel's failure to produce documents.

18           As to overbreadth, Mattel provides no explanation, let alone the
19  required particularity, as to *why* this request is supposedly overly broad, nor can it
20  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
21  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This
22  request is narrowly tailored to Mattel's intent to assert a particular damages claim or
23  claim for injunctive relief.  The category of documents requested is relevant to the
24  damages claim and claim for injunctive relief, and it is clearly discoverable to the
25  extent that Mattel is requesting such relief in Phase 2.

26           As to burden, Mattel has not attempted to demonstrate why responding
27  to this request and/or producing responsive documents presents any burden.  This
28  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

1  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
2  request is unduly burdensome must allege specific facts which indicate the nature
3  and extent of the burden, usually by affidavit or other reliable evidence.")
4  Moreover, it is not unduly burdensome, as noted above, in that the request is
5  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
6  has engaged in a broad variety of unfair trade practices including serial copying of
7  MGA products.  Mattel also has a claim of trade secret misappropriation against
8  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

9        This request does not seek documents protected by the attorney-client
10 privilege, the attorney work product doctrine, or other applicable privileges.  To the
11 extent that Mattel contends that it does, Mattel must provide a privilege log.

12       Mattel objects that the request is duplicative or subsumed within prior
13 requests but does not identify the allegedly duplicative requests.  Mattel's failure to
14 agree to produce responsive non-privileged documents is not proper based on this
15 objection.

16       Mattel objects that the request contains confidential, proprietary and
17 trade secret information.  A Protective Order exists in this case, obviating any
18 concern as to protection of privacy rights and/or commercially sensitive
19 information.

20       Mattel's prayer for relief is extremely broad in Phase 2.  MGA is
21 entitled to all documents on the issue, and not just those that Mattel chooses to
22 produce in support of its claims.  Because Mattel's pleadings seek such broad relief,
23 MGA is entitled to extremely broad discovery to the extent that Mattel intends to
24 assert particular damages theories or to request injunctive relief.

25       None of Mattel's improper objections are valid and Mattel is obligated
26 to produce all non-privileged responsive documents in its possession, custody, or
27 control.

28

**MATTEL'S RESPONSE:**

This Request is overbroad. The universe of all communications mentioning, referring or relating to the Baby Bratz, and thus by extension to Bratz, is vast. The prior Discovery Master has expressly denied MGA's attempts to compel such requests in Phase 1, ruling that requests for communications "that merely mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they have anything to do with the claims or defenses in this case" are "clearly overbroad."[2374]

MGA's argument that it is entitled to these documents fails on the merits. MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[2375] MGA has not attempted to explain how all communications mentioning, referring, or relating to Baby Bratz are relevant to Phase 2 issues. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to

---

[2374] See Order Granting in Part and Denying in Part MGA's Motion to Compel, dated May 22, 2007, Dart Dec., Exh. 5, at 18.

[2375] See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

1  discover new claims.[2376]   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

2  2004) ("District courts need not condone the use of discovery to engage in 'fishing

3  expeditions.'").

4         Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

5  that a Court should limit the extent of discovery if it determines that the burden of

6  the proposed discovery outweighs its likely benefit; the discovery sought is

7  unreasonably cumulative or duplicative, or is obtainable from some other source that

8  is more convenient, less burdensome, or less expensive; or the party seeking

9  discovery has had ample opportunity by discovery in the action to obtain the

10 information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

11 producing the documents responsive to this overbroad Request would greatly

12 outweigh any marginal benefit to MGA, for the following reasons.



23 _____

24  [2376]    See Order Granting In Part and Denying In Part Mattel's Motion for
25  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
    1.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1 ███████████████████████████████████████████████████████████

2 ██████████████████████████████████████████████

3      There is no basis for overruling Mattel's privilege objection. MGA's

4 bald assertion that "[t]his request does not seek information protected by the

5 attorney-client privilege, the attorney work product doctrine, or other applicable

6 privileges" has no merit. Moreover, as MGA has itself argued, the parties have

7 agreed that "all privileged documents would be logged except for documents created

8 after this action was filed on April 27, 2004."[2389]   Thus, to the extent privileged

9 documents fall within the post lawsuit time period, they need not be included on

10 Mattel's log. Although it bears the burden of showing why this agreement should

11 not be applied to a given Request, MGA fails to do so.

12      Finally, MGA failed to meet and confer at all, much less in good faith,

13 regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

14 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15 the moving party shall first identify each dispute, state the relief sought and identify

16 the authority supporting the requested relief in a meet and confer letter that shall be

17 served on all parties by facsimile or electronic mail. The parties shall have five court

18 days from the date of service of that letter to conduct an in-person conference to

19 attempt to resolve the dispute.").   In order to engage in a meaningful meet and

20 confer, MGA had the burden to show the relevance of any requests it sought to

21 ─────────────



26 [2389]   See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.

28 3.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  move on.[2390]   At no point during the meet and confer process did MGA show why
2  this Request could be considered relevant to Phase 2 issues.[2391]   Because MGA
3  refused to even attempt to make this showing, there was no possibility of a good
4  faith meet and confer to resolve the parties' disputes. The Discovery Master should
5  deny MGA's motion with respect to this Request on that grounds alone.

6  **REQUEST FOR PRODUCTION NO. 209:**

7         All COMMUNICATIONS between YOU and any third party
8  mentioning, referring or relating to BRATZ BOYZ, if YOU seek in this case to
9  enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR recovery or
10  damages in this case, any right or interest in, revenues or profits from, or lost profits
11  or other damages caused by BRATZ BOYZ.

12  **RESPONSE TO REQUEST NO. 209:**

13         In addition to the general objections stated above, which are
14  incorporated herein by reference, Mattel objects to this Request as overbroad and
15  unduly burdensome in that it seeks all communications of any kind between <u>anyone</u>
16  at "Mattel," as defined by MGA to include past employees like Bryant, and any third
17  party referring or relating to "Bratz Boyz" <u>at any time,</u> without further limitation as
18  to subject matter, and regardless of whether the communications relate to the
19  conduct at issue in this lawsuit. Mattel further objects to this Request on the
20  grounds that such discovery from Mattel is overbroad, unduly burdensome,
21  oppressive and not likely to the lead to the discovery of admissible evidence in that
22  Mattel's actions in relation to the "Bratz" line of products are not at issue in this
23  action and are irrelevant to the claims and defenses in this suit. Rather, at issue are

24  _____

25  [2390]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [2391]   <u>See</u> Webster Dec. at p. 1-5.

28

the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel.  Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to provide basic discovery.  Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, resting on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are
2    not sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the
4    required particularity, as to *why* this request is supposedly overly broad, nor can it
5    do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
6    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This
7    request is narrowly tailored to Mattel's intent to assert a particular damages claim or
8    claim for injunctive relief. The category of documents requested is relevant to the
9    damages claim and claim for injunctive relief, and it is clearly discoverable to the
10   extent that Mattel is requesting such relief in Phase 2.

11   As to burden, Mattel has not attempted to demonstrate why responding
12   to this request and/or producing responsive documents presents any burden. This
13   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
14   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
15   request is unduly burdensome must allege specific facts which indicate the nature
16   and extent of the burden, usually by affidavit or other reliable evidence.")
17   Moreover, it is not unduly burdensome, as noted above, in that the request is
18   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
19   has engaged in a broad variety of unfair trade practices including serial copying of
20   MGA products. Mattel also has a claim of trade secret misappropriation against
21   MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

22   This request does not seek documents protected by the attorney-client
23   privilege, the attorney work product doctrine, or other applicable privileges. To the
24   extent that Mattel contends that it does, Mattel must provide a privilege log.

25   Mattel objects that the request is duplicative or subsumed within prior
26   requests but does not identify the allegedly duplicative requests. Mattel's failure to
27   agree to produce responsive non-privileged documents is not proper based on this
28   objection.

1    Mattel objects that the request contains confidential, proprietary and

2 trade secret information.   A Protective Order exists in this case, obviating any

3 concern as to protection of privacy rights and/or commercially sensitive

4 information.

5    Mattel's prayer for relief is extremely broad in Phase 2.   MGA is

6 entitled to all documents on the issue, and not just those that Mattel chooses to

7 produce in support of its claims.  Because Mattel's pleadings seek such broad relief,

8 MGA is entitled to extremely broad discovery to the extent that Mattel intends to

9 assert particular damages theories or to request injunctive relief.

10    None of Mattel's improper objections are valid and Mattel is obligated

11 to produce all non-privileged responsive documents in its possession, custody, or

12 control.

13 **MATTEL'S RESPONSE:**

14    This Request is overbroad.   The universe of <u>all</u> communications

15 mentioning, referring or relating to the Bratz Boyz, and thus by extension to Bratz,

16 is vast.   The prior Discovery Master has expressly denied MGA's attempts to

17 compel such requests in Phase 1, ruling that requests for communications "that

18 merely mention MGA, Larian, Bratz or other MGA products, regardless of whether

19 or not they have anything to do with the claims or defenses in this case" are "clearly

20 overbroad."[2392]

21    The Request is also duplicative of other requests for documents by the

22 MGA Parties requests in response to which Mattel has already produced 17,278

---

[2392] <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel,
dated May 22, 2007, Dart Dec., Exh. 5, at 18.

1  pages in Phase 1 of this case.  MGA has acknowledged that this Request is
2  duplicative of other requests propounded by MGA or Bryant.[2393]

3  .  MGA's argument that it is entitled to these documents fails on the
4  merits.  MGA bears the burden of showing that its discovery meets the relevance
5  requirements of Rule 26(b)(1).[2394]  MGA has not attempted to explain how all
6  communications mentioning, referring, or relating to BRATZ BOYZ are relevant to
7  Phase 2 issues.  "A trial court has a duty, of special significance in lengthy and
8  complex cases where the possibility of abuse is always present, to supervise and
9  limit discovery to protect parties and witnesses from annoyance and excessive
10  expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also
11  Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36
12  (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
13  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
14  party may not propound document requests as part of a fishing expedition or to
15  discover new claims.[2395]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.
16  2004) ("District courts need not condone the use of discovery to engage in 'fishing
17  expeditions.'").

18  Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
19  that a Court should limit the extent of discovery if it determines that the burden of
20  the proposed discovery outweighs its likely benefit; the discovery sought is
21  unreasonably cumulative or duplicative, or is obtainable from some other source that

22

23  [2393]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at
24  1-2, Dart Dec., Exh. 43.
   [2394]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
25  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
26  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   is more convenient, less burdensome, or less expensive; or the party seeking

2   discovery has had ample opportunity by discovery in the action to obtain the

3   information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

4   producing the documents responsive to this overbroad Request would greatly

5   outweigh any marginal benefit to MGA, for the following reasons.



23   2395    See Order Granting In Part and Denying In Part Mattel's Motion for

24   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.

25   1.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1  ██████████████████████████████████████████████████

2  ██████████████████████████████████████████████████

3  ████████████████████████

4    ████████████████████████████████████████████████

5  ██████████████████████████████████████████████████

6  ██████████████████████████████████████████████████

7  ██████████████████████████████████████████████████

8  ██████████████████████████████████████████████████

9  ██████████████████████████████████████████████████

10 ██████████████████████████████████████████████████

11 ██████████████████████████████████████████████████

12 █████████████████████████████████████████████████

13 ██████████████████████████████████████████████████

14 ██

15   ██████████████████████████████████████████████████

16 ██████████████████████████████████████████████████

17 ██████████████████████████████████████████████████

18 ████████████████████████████████████████████

19        There is no basis for overruling Mattel's privilege objection.  MGA's

20 bald assertion that "[t]his request does not seek information protected by the

21 attorney-client privilege, the attorney work product doctrine, or other applicable

22 ────────────────

23   ███

24   ████████████████████████████████████████████████

25 █

26 █

27 █

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
2 agreed that "all privileged documents would be logged except for documents created
3 after this action was filed on April 27, 2004."[2408]  Thus, to the extent privileged
4 documents fall within the post lawsuit time period, they need not be included on
5 Mattel's log.  Although it bears the burden of showing why this agreement should
6 not be applied to a given Request, MGA fails to do so.

7 　　　　　Finally, MGA failed to meet and confer at all, much less in good faith,
8 regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master
9 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
10 the moving party shall first identify each dispute, state the relief sought and identify
11 the authority supporting the requested relief in a meet and confer letter that shall be
12 served on all parties by facsimile or electronic mail. The parties shall have five court
13 days from the date of service of that letter to conduct an in-person conference to
14 attempt to resolve the dispute.").   In order to engage in a meaningful meet and
15 confer, MGA had the burden to show the relevance of any requests it sought to
16 move on.[2409]   At no point during the meet and confer process did MGA show why
17 this Request could be considered relevant to Phase 2 issues.[2410]  Because MGA
18 refused to even attempt to make this showing, there was no possibility of a good
19 faith meet and confer to resolve the parties' disputes. The Discovery Master should
20 deny MGA's motion with respect to this Request on that grounds alone.

21
22
23 　　[2408]　<u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the
24 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
25 3.
　　[2409]　<u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
　　[2410]　<u>See</u> Webster Dec. at p. 1-5.
28

**REQUEST FOR PRODUCTION NO. 210:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to "Funky Tweenz".

**RESPONSE TO REQUEST NO. 210:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all communications of any kind on this topic between <u>anyone</u> at "Mattel," as defined by MGA to include past employee like Bryant, and any third party created <u>at any time,</u> without further limitation as to subject matter, and regardless of whether the communications relate to the conduct at issue in this lawsuit. For the same reasons, Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses to produce documents in response to this request, standing on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. <u>See</u> A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

1   As to overbreadth, Mattel provides no explanation, let alone the

2   required particularity, as to *why* this request is supposedly overly broad, nor can it

3   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

4   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

5   contrary, the request is narrowly tailored to seek documents concerning a particular

6   product, that is not a Mattel product, so the documents that Mattel has on this issue

7   should be discrete.

8   As to burden, Mattel has not attempted to demonstrate why responding

9   to this request and/or producing responsive documents presents any burden. This

10  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

11  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12  request is unduly burdensome must allege specific facts which indicate the nature

13  and extent of the burden, usually by affidavit or other reliable evidence.")

14  Moreover, it is not unduly burdensome, as noted above, in that the request is

15  narrowly tailored to seek only discoverable evidence.

16  Funky Tweenz is the product at issue in the Hong Kong action between

17  MGA and Cityworld. Mattel had communications with Cityworld attorneys prior to

18  November 2003, more than three years before seeking to add its trade secret

19  misappropriation claim, which are directly relevant to MGA's statute of limitations

20  and laches defenses in Phase 2. Mattel's objection that this request seeks documents

21  that are not relevant is meritless.

22  None of Mattel's improper objections are valid and Mattel is obligated

23  to produce all non-privileged responsive documents in its possession, custody, or

24  control.

25  **MATTEL'S RESPONSE:**

26  The Request is overbroad. Seeking the universe of <u>all</u> communications

27  with third parties and the press about "Funky Tweenz" is plainly not narrowly

28  tailored to seek information relevant to Phase 2.

1  Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
2  that a Court should limit the extent of discovery if it determines that the burden of
3  the proposed discovery outweighs its likely benefit; the discovery sought is
4  unreasonably cumulative or duplicative, or is obtainable from some other source that
5  is more convenient, less burdensome, or less expensive; or the party seeking
6  discovery has had ample opportunity by discovery in the action to obtain the
7  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
8  producing the documents responsive to this overbroad Request would greatly
9  outweigh any marginal benefit to MGA, for the following reasons.



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1    The Request is also entirely duplicative of prior discovery served by

2    Carter Bryant as well as subsequent discovery served by MGA.   ████████

3    ████████████████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████████████████

5    ████████   MGA's claim, at this stage of the litigation, that there remain

6    unproduced relevant materials on this subject in Mattel's possession is not credible.

7    In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

8    was duplicative and that Mattel had produced relevant documents in response.[2419]

9        There is no basis for overruling Mattel's privilege objection.  MGA's

10   bald assertion that "[t]his request does not seek information protected by the

11   attorney-client privilege, the attorney work product doctrine, or other applicable

12   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

13   agreed that "all privileged documents would be logged except for documents created

14   after this action was filed on April 27, 2004."[2420]   Thus, to the extent privileged

15   documents fall within the post lawsuit time period, they need not be included on

16   Mattel's log.  Although it bears the burden of showing why this agreement should

17   not be applied to a given Request, MGA fails to do so.

18       Finally, MGA failed to meet and confer at all, much less in good faith,

19   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

20   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

21   the moving party shall first identify each dispute, state the relief sought and identify

22

23   ████████████████████████████████████████████████████████

24   ████████████████████████████████████████████

[2419]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
25   Dart Dec., Exh. 43.
[2420]   See Order Denying Mattel's Motion for Protective Order Limiting the
26   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
27   3.

28

1  the authority supporting the requested relief in a meet and confer letter that shall be
2  served on all parties by facsimile or electronic mail. The parties shall have five court
3  days from the date of service of that letter to conduct an in-person conference to
4  attempt to resolve the dispute.").    In order to engage in a meaningful meet and
5  confer, MGA had the burden to show the relevance of any requests it sought to
6  move on.[2421]    At no point during the meet and confer process did MGA show why
7  this Request could be considered relevant to Phase 2 issues.[2422]   Because MGA
8  refused to even attempt to make this showing, there was no possibility of a good
9  faith meet and confer to resolve the parties' disputes. The Discovery Master should
10  deny MGA's motion with respect to this Request on that grounds alone.

11  **REQUEST FOR PRODUCTION NO. 211:**

12          All   DOCUMENTS,   including   pleadings,   deposition   transcripts,
13  declarations and other matter generated in the course of any non-MATTEL lawsuit,
14  litigation, arbitration or other legal proceeding to which MGA is or was a party.

15  **RESPONSE TO REQUEST NO. 211:**

16          In   addition   to   the   general   objections   stated   above,   which   are
17  incorporated herein by reference, Mattel objects to this Request as overbroad and
18  unduly burdensome on the grounds that this information is available to MGA, as
19  MGA necessarily possesses superior firsthand knowledge of the documents
20  generated in the course of any lawsuit, litigation, arbitration or other legal
21  proceeding to which MGA is or was a party. Mattel further objects to this Request
22  on the ground that the term "non-Mattel lawsuit, litigation, arbitration or other legal
23  proceeding" is vague and ambiguous. Mattel further objects to this Request on the

24  —————————————

25  [2421]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
   [2422]  See Webster Dec. at p. 1-5.

28

1   grounds that it calls for the disclosure of information subject to the attorney-client
2   privilege, the attorney work-product doctrine and other applicable privileges. Mattel
3   further objects to this Request on the grounds that it seeks documents that are not
4   relevant to this action, or likely to lead to the discovery of admissible evidence.
5   Mattel further objects to this Request on the grounds that it is duplicative of or
6   subsumed within prior Requests already responded to and seeks the re-production of
7   information and documents already produced in this action. Such information and
8   documents will not be re-produced.

9   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
10  **TO SHOULD BE COMPELLED**

11       Mattel refuses to produce documents in response to this request. Under
12  the Federal Rules of Civil Procedure, "an objection to part of a request must specify
13  the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic
14  objections that fail to explain the basis for an objection with specificity are routinely
15  rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234
16  F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly
17  burdensome and harassing' are improper – especially when a party fails to submit
18  any evidentiary declarations supporting such objections"). Accordingly, Mattel
19  must be compelled either to certify that it has produced all non-privileged
20  responsive documents or to produce all such documents by a date certain.

21       To the extent that Mattel is relying on its blanket objections, they are
22  not sustainable and do not justify Mattel's failure to produce documents.

23       As to overbreadth, Mattel provides no explanation, let alone the
24  required particularity, as to *why* this request is supposedly overly broad, nor can it
25  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
26  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
27  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
28

1 custody or control concerning lawsuits in which Mattel was not a party, but MGA

2 was.

3      As to burden, Mattel has not attempted to demonstrate why responding

4 to this request and/or producing responsive documents presents any burden.   This

5 objection must therefore be rejected.   See Jackson v. Montgomery Ward & Co., Inc.,

6 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7 request is unduly burdensome must allege specific facts which indicate the nature

8 and extent of the burden, usually by affidavit or other reliable evidence.")

9 Moreover, it is not unduly burdensome, as noted above, in that the request is

10 narrowly tailored to seek only discoverable evidence.   MGA has alleged that Mattel

11 has engaged in a broad variety of unfair trade practices, from serial copying of

12 MGA products, to threatening retailers and suppliers to cease doing business with

13 MGA, to seeking to obtain non-public information about MGA through improper

14 means.   MGA is entitled to discovery on these claims.

15      To the extent that Mattel has information about MGA's involvement in

16 lawsuits, to which Mattel was not a party, this information would be highly relevant

17 to the claims and defenses at issue in Phase 2.

18      This request does not seek documents protected by the attorney-client

19 privilege, the attorney work product doctrine, or other applicable privileges.   To the

20 extent that Mattel contends that it does, Mattel must provide a privilege log.

21      Mattel objects that the request is duplicative or subsumed within prior

22 requests but does not identify the allegedly duplicative requests.   Mattel's failure to

23 agree to produce responsive non-privileged documents is not proper based on this

24 objection.

25      None of Mattel's improper objections are valid and Mattel is obligated

26 to produce all non-privileged responsive documents in its possession, custody, or

27 control.

28

**MATTEL'S RESPONSE:**

The Request is overbroad.   Seeking the universe of <u>all</u> documents generated in the course of any non-Mattel lawsuit is plainly not narrowly tailored to seek information relevant to Phase 2.

Further, this Request is unduly burdensome.   <u>Rule</u> 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.   <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).   The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ██████████████████████████████████████████████████

2 ██████████████████████████████████████

3     The Request is also entirely duplicative of prior discovery served by

4 Carter Bryant as well as subsequent discovery served by MGA.   ████████

5 ██████████████████████████████████████████████████

6 ██████████████████████████████████████████████████

7 ████████   MGA's claim, at this stage of the litigation, that there remain

8 unproduced relevant materials on this subject in Mattel's possession is not credible.

9     There is no basis for overruling Mattel's privilege objection.  MGA's

10 bald assertion that "[t]his request does not seek information protected by the

11 attorney-client privilege, the attorney work product doctrine, or other applicable

12 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

13 agreed that "all privileged documents would be logged except for documents created

14 after this action was filed on April 27, 2004."[2431]  Thus, to the extent privileged

15 documents fall within the post lawsuit time period, they need not be included on

16 Mattel's log.  Although it bears the burden of showing why this agreement should

17 not be applied to a given Request, MGA fails to do so.

18     Finally, MGA failed to meet and confer at all, much less in good faith,

19 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

20 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

---

22 [2428] Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,
23 Exh. 31.

23 [2429] Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,
24 Exh. 31.

25 ████████████████████████████████████████████████

26 [2431] See Order Denying Mattel's Motion for Protective Order Limiting the
27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
3.

1  the moving party shall first identify each dispute, state the relief sought and identify
2  the authority supporting the requested relief in a meet and confer letter that shall be
3  served on all parties by facsimile or electronic mail. The parties shall have five court
4  days from the date of service of that letter to conduct an in-person conference to
5  attempt to resolve the dispute.").   In order to engage in a meaningful meet and
6  confer, MGA had the burden to show the relevance of any requests it sought to
7  move on.[2432]   At no point during the meet and confer process did MGA show why
8  this Request could be considered relevant to Phase 2 issues.[2433]   Because MGA
9  refused to even attempt to make this showing, there was no possibility of a good
10 faith meet and confer to resolve the parties' disputes. The Discovery Master should
11 deny MGA's motion with respect to this Request on that grounds alone.

12 **REQUEST FOR PRODUCTION NO. 212:**

13       All COMMUNICATIONS mentioning, referring to, or relating to any
14 non- MATTEL lawsuit, litigation, arbitration or other legal proceeding to which
15 MGA is or was a party.

16 **RESPONSE TO REQUEST NO. 212:**

17       In addition to the general objections stated above, which are
18 incorporated herein by reference, Mattel objects to this Request on the grounds that
19 it calls for the disclosure of information subject to the attorney-client privilege, the
20 attorney work-product doctrine and other applicable privileges.   Mattel further
21 objects to this Request as overbroad and unduly burdensome in that it seeks all
22 communications created by anyone at any time that mention, refer or relate to any
23 "non-Mattel lawsuit, litigation, arbitration or other legal proceeding to which MGA

24

25   [2432]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
     [2433]   See Webster Dec. at p. 1-5.

28

1  is or was a party, regardless of whether the communications relate to the conduct at
2  issue in this lawsuit.  For the same reasons, Mattel further objects to this Request on
3  the grounds that it seeks documents that are not relevant to this action, or likely to
4  lead to the discovery of admissible evidence.  Mattel further objects to this Request
5  on the ground that the term "non-Mattel lawsuit, litigation, arbitration or other legal
6  proceeding" is vague and ambiguous.  Mattel further objects to this Request on the
7  grounds that it is duplicative of or subsumed within prior Requests already
8  responded to and seeks the re-production of information and documents already
9  produced in this action.  Such information and documents will not be re-produced.

10 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
11 **TO SHOULD BE COMPELLED**

12      Mattel refuses to produce documents in response to this request.  Under
13 the Federal Rules of Civil Procedure, "an objection to part of a request must specify
14 the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic
15 objections that fail to explain the basis for an objection with specificity are routinely
16 rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234
17 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly
18 burdensome and harassing' are improper – especially when a party fails to submit
19 any evidentiary declarations supporting such objections").  Accordingly, Mattel
20 must be compelled either to certify that it has produced all non-privileged
21 responsive documents or to produce all such documents by a date certain.

22      To the extent that Mattel is relying on its blanket objections, they are
23 not sustainable and do not justify Mattel's failure to produce documents.

24      As to overbreadth, Mattel provides no explanation, let alone the
25 required particularity, as to *why* this request is supposedly overly broad, nor can it
26 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
27 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
28 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

-1384-

1  custody or control concerning lawsuits in which Mattel was not a party, but MGA
2  was.

3          As to burden, Mattel has not attempted to demonstrate why responding
4  to this request and/or producing responsive documents presents any burden.  This
5  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
6  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
7  request is unduly burdensome must allege specific facts which indicate the nature
8  and extent of the burden, usually by affidavit or other reliable evidence.")

9          Moreover, it is not unduly burdensome, as noted above, in that the
10  request is narrowly tailored to seek only discoverable evidence.  MGA has alleged
11  that Mattel has engaged in a broad variety of unfair trade practices, from serial
12  copying of MGA products, to threatening retailers and suppliers to cease doing
13  business with MGA, to seeking to obtain non-public information about MGA
14  through improper means.  MGA is entitled to discovery on these claims.

15          To the extent that Mattel has information about MGA's involvement in
16  lawsuits, to which Mattel was not a party, this information would be highly relevant
17  to the claims and defenses at issue in Phase 2.

18          This request does not seek documents protected by the attorney-client
19  privilege, the attorney work product doctrine, or other applicable privileges.  To the
20  extent that Mattel contends that it does, Mattel must provide a privilege log.

21          Mattel objects that the request is duplicative or subsumed within prior
22  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
23  agree to produce responsive non-privileged documents is not proper based on this
24  objection.

25          None of Mattel's improper objections are valid and Mattel is obligated
26  to produce all non-privileged responsive documents in its possession, custody, or
27  control.

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

**MATTEL'S RESPONSE:**

The Request is overbroad.   Seeking the universe of <u>all</u> documents generated in the course of any non-Mattel lawsuit is plainly not narrowly tailored to seek information relevant to Phase 2.

Further, this Request is unduly burdensome.   <u>Rule</u> 26(b)(2)(c) provides that a Court should limit the extent of discovery if it determines that the burden of the proposed discovery outweighs its likely benefit; the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.   <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).   The burden of locating and producing the documents responsive to this overbroad Request would greatly outweigh any marginal benefit to MGA, for the following reasons.



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

00505.07975/3161896.1

-1387-

1 ██████████████████████████████████████████████████████████

2 ███████████████████████████████████████████

3      The Request is also entirely duplicative of prior discovery served by

4 Carter Bryant as well as subsequent discovery served by MGA. ███████████

5 ██████████████████████████████████████████████████████████

6 ██████████████████████████████████████████████████████████

7 ████████████ MGA's claim, at this stage of the litigation, that there remain

8 unproduced relevant materials on this subject in Mattel's possession is not credible.

9      There is no basis for overruling Mattel's privilege objection. MGA's

10 bald assertion that "[t]his request does not seek information protected by the

11 attorney-client privilege, the attorney work product doctrine, or other applicable

12 privileges" has no merit. Moreover, as MGA has itself argued, the parties have

13 agreed that "all privileged documents would be logged except for documents created

14 after this action was filed on April 27, 2004."[2442] Thus, to the extent privileged

15 documents fall within the post lawsuit time period, they need not be included on

16 Mattel's log. Although it bears the burden of showing why this agreement should

17 not be applied to a given Request, MGA fails to do so.

18      Finally, MGA failed to meet and confer at all, much less in good faith,

19 regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

20 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

---

22  [2439] Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,
23 Exh. 31.
 [2440] Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,
24 Exh. 31.

25 ████████████████████████████████████████████

26  [2442] See Order Denying Mattel's Motion for Protective Order Limiting the
27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
3.

1  the moving party shall first identify each dispute, state the relief sought and identify

2  the authority supporting the requested relief in a meet and confer letter that shall be

3  served on all parties by facsimile or electronic mail. The parties shall have five court

4  days from the date of service of that letter to conduct an in-person conference to

5  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

6  confer, MGA had the burden to show the relevance of any requests it sought to

7  move on.[2443]   At no point during the meet and confer process did MGA show why

8  this Request could be considered relevant to Phase 2 issues.[2444]   Because MGA

9  refused to even attempt to make this showing, there was no possibility of a good

10  faith meet and confer to resolve the parties' disputes. The Discovery Master should

11  deny MGA's motion with respect to this Request on that grounds alone.

12  **REQUEST FOR PRODUCTION NO. 213:**

13        All COMMUNICATIONS between YOU, including YOUR inside and

14  outside counsel, on the one hand and Danny K. H. Yu, Paul K. C. Chan or any

15  person at, employed by, working for or under the direction of the law firms of

16  Danny K. H. Yu & Co. and Simon C. W. Yung & Co. on the other, referring or

17  relating to MGA, BRYANT, this lawsuit, BRATZ, BRATZ INTELLECTUAL

18  PROPERTY, "Funky Tweenz," "Toon Teens," or any non-MATTEL lawsuit,

19  litigation, arbitration or other legal proceeding o which MGA is or was a party.

20  **RESPONSE TO REQUEST NO. 213:**

21        In addition to the general objections stated above, which are

22  incorporated herein by reference, Mattel objects to this Request as overbroad and

23  unduly burdensome in that it seeks all communications between <u>anyone</u> at Mattel

24

25  [2443]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

     [2444]   <u>See</u> Webster Dec. at p. 1-5.

28

1 and any person "at," employed by, working for or under the direction of the law
2 firms of Danny K.H.  Yu & Co.  and Simon C.W.  Yung & Co.  at <u>any time</u> that
3 refer or relate to MGA, Bryant, "Bratz," "Bratz Intellectual Property," "Funky
4 Tweens," "Toon Teens," or any "non-Mattel lawsuit litigation, arbitration or other
5 legal proceeding" to which MGA is or was a party, regardless of whether the
6 communications relate to the conduct at issue in this lawsuit.  For the same reasons,
7 Mattel further objects to this Request on the grounds that it seeks documents that are
8 not relevant to this action, or likely to lead to the discovery of admissible evidence.
9 Mattel further objects to this Request on the grounds that such discovery from
10 Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the
11 discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"
12 line of products are not at issue in this action and are irrelevant to the claims and
13 defenses in this suit.  Rather, at issue are the actions of defendants and third parties
14 associated with defendants in connection with the projects that defendant Bryant
15 worked on with defendant MGA, which is information known to and within the
16 possession, custody and control of defendants and their associated third parties, not
17 Mattel.  Mattel further objects to this Request on the grounds that the terms "Bratz,"
18 "Bratz Intellectual Property" and "non-Mattel lawsuit, litigation, arbitration or other
19 legal proceeding" are vague and ambiguous.  Mattel further objects to this Request
20 on the grounds that it calls for the disclosure of information subject to the attorney-
21 client privilege, the attorney work-product doctrine and other applicable privileges.
22 Mattel further objects to this Request on the grounds that it is duplicative of or
23 subsumed within prior Requests already responded to and seeks the re-production of
24 information and documents already produced in this action.  Such information and
25 documents will not be re-produced.

26
27
28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents in response to this request, standing on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents regarding communications with the attorneys for Cityworld.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is

1  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
2  has engaged in a broad variety of unfair trade practices, from serial copying of
3  MGA products, to threatening retailers and suppliers to cease doing business with
4  MGA, to seeking to obtain non-public information about MGA through improper
5  means.  MGA is entitled to discovery on these claims.

6          To the extent that Mattel has information about MGA's involvement in
7  lawsuits, to which Mattel was not a party, this information would be highly relevant
8  to the claims and defenses at issue in Phase 2.

9          This request does not seek documents protected by the attorney-client
10  privilege, the attorney work product doctrine, or other applicable privileges.  To the
11  extent that Mattel contends that it does, Mattel must provide a privilege log.

12          Mattel objects that the request is duplicative or subsumed within prior
13  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
14  agree to produce responsive non-privileged documents is not proper based on this
15  objection.

16          Mattel had communications with the Cityworld solicitors identified in
17  this request prior to November 2003, more than three years before seeking to add its
18  trade secret misappropriation claim, which are directly relevant to MGA's statute of
19  limitations and laches defenses in Phase 2.  Mattel's objection that this request seeks
20  documents that are not relevant is meritless.

21          None of Mattel's improper objections are valid and Mattel is obligated
22  to produce all non-privileged responsive documents in its possession, custody, or
23  control.

24  **MATTEL'S RESPONSE:**

25          The Request is overbroad.  Seeking the universe of all communications
26  between <u>anyone</u> at Mattel and any person "at," employed by, working for or under
27  the direction of the law firms of Danny K.H.  Yu & Co.  and Simon C.W.  Yung &
28  Co.  at <u>any time</u> that refer or relate to MGA, Bryant, "Bratz," "Bratz Intellectual

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   Property," "Funky Tweens," "Toon Teens," or any "non-Mattel lawsuit litigation,

2   arbitration or other legal proceeding" to which MGA is or was a party, regardless of

3   whether the communications relate to the conduct at issue in this lawsuitis plainly

4   not narrowly tailored to seek information relevant to Phase 2.   On this and other

5   bases, Requests for Production actually requesting a narrower range of documents

6   within this category have been explicitly rejected in prior Orders in this case.[2445]

7              Further, this Request is unduly burdensome.   Rule 26(b)(2)(c) provides

8   that a Court should limit the extent of discovery if it determines that the burden of

9   the proposed discovery outweighs its likely benefit; the discovery sought is

10  unreasonably cumulative or duplicative, or is obtainable from some other source that

11  is more convenient, less burdensome, or less expensive; or the party seeking

12  discovery has had ample opportunity by discovery in the action to obtain the

13  information sought.   See Fed. R. Civ. P. 26(b)(2)(c).   The burden of locating and

14  producing the documents responsive to this overbroad Request would greatly

15  outweigh any marginal benefit to MGA, for the following reasons.



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1



The Request is also entirely duplicative of prior discovery served by Carter Bryant as well as subsequent discovery served by MGA.

MGA's claim, at this stage of the litigation, that there remain unproduced relevant materials on this subject in Mattel's possession is not credible.

There is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[2454]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log. Although it bears the burden of showing why this agreement should not be applied to a given Request, MGA fails to do so.

---

[2454]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh. 3.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4  the moving party shall first identify each dispute, state the relief sought and identify

5  the authority supporting the requested relief in a meet and confer letter that shall be

6  served on all parties by facsimile or electronic mail. The parties shall have five court

7  days from the date of service of that letter to conduct an in-person conference to

8  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

9  confer, MGA had the burden to show the relevance of any requests it sought to

10  move on.[2455]   At no point during the meet and confer process did MGA show why

11  this Request could be considered relevant to Phase 2 issues.[2456]   Because MGA

12  refused to even attempt to make this showing, there was no possibility of a good

13  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

14  deny MGA's motion with respect to this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 214:**

16    All COMMUNICATIONS between YOU, including YOUR inside and

17  outside counsel, on the one hand and Toys & Trends (Hong Kong) Limited,

18  Cityworld Limited, or Jurg Willi Kesselring on the other, or any person acting on

19  their behalf or at their direction, referring or relating to MGA, BRYANT, this

20  lawsuit, BRATZ, BRATZ INTELLECTUAL PROPERTY, "Funky Tweenz," "Toon

21  Teens," or any non-MATTEL lawsuit, litigation, arbitration or other legal

22  proceeding to which MGA is or was a party.

23

24

---

25    [2455]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
     [2456]  See Webster Dec. at p. 1-5.

28

**RESPONSE TO REQUEST NO. 214:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all communications between <u>anyone</u> at Mattel and certain third parties, or <u>anyone</u> acting on the behalf of or at the direction of those third parties, at <u>any time</u> that refer or relate to MGA, Bryant, "Bratz," "Bratz Intellectual Property," "Funky Tweens," "Toon Teens," or any "non-Mattel lawsuit litigation, arbitration or other legal proceeding" to which MGA is or was a party, regardless of whether the communications relate to the conduct at issue in this lawsuit. For the same reasons, Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action, or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to "Bratz" are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the grounds that the terms "Bratz," "Bratz Intellectual Property" and "non-Mattel lawsuit, litigation, arbitration or other legal proceeding" are vague and ambiguous. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents in response to this request, standing on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents regarding communications with the attorneys for Cityworld.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is

-1398-

1  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
2  has engaged in a broad variety of unfair trade practices, from serial copying of
3  MGA products, to threatening retailers and suppliers to cease doing business with
4  MGA, to seeking to obtain non-public information about MGA through improper
5  means. MGA is entitled to discovery on these claims.

6       To the extent that Mattel has information about MGA's involvement in
7  lawsuits, to which Mattel was not a party, this information would be highly relevant
8  to the claims and defenses at issue in Phase 2.

9       This request does not seek documents protected by the attorney-client
10  privilege, the attorney work product doctrine, or other applicable privileges. To the
11  extent that Mattel contends that it does, Mattel must provide a privilege log.

12       Mattel objects that the request is duplicative or subsumed within prior
13  requests but does not identify the allegedly duplicative requests. Mattel's failure to
14  agree to produce responsive non-privileged documents is not proper based on this
15  objection.

16       Mattel had communications with the Cityworld solicitors identified in
17  this request prior to November 2003, more than three years before seeking to add its
18  trade secret misappropriation claim, which are directly relevant to MGA's statute of
19  limitations and laches defenses in Phase 2. Mattel's objection that this request seeks
20  documents that are not relevant is meritless.

21       None of Mattel's improper objections are valid and Mattel is obligated
22  to produce all non-privileged responsive documents in its possession, custody, or
23  control.

24  **MATTEL'S RESPONSE:**

25       The Request is overbroad. Seeking the universe of all communications
26  between <u>anyone</u> at Mattel and certain third parties, or <u>anyone</u> acting on the behalf of
27  or at the direction of those third parties, at <u>any time</u> that refer or relate to MGA,
28  Bryant, "Bratz," "Bratz Intellectual Property," "Funky Tweens," "Toon Teens," or

1  any "non-Mattel lawsuit litigation, arbitration or other legal proceeding" to which

2  MGA is or was a party, regardless of whether the communications relate to the

3  conduct at issue in this lawsuit is plainly not narrowly tailored to seek information

4  relevant to Phase 2.   On this and other bases, Requests for Production actually

5  requesting a narrower range of documents within this category have been explicitly

6  rejected in prior Orders in this case.[2457]

7              Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides

8  that a Court should limit the extent of discovery if it determines that the burden of

9  the proposed discovery outweighs its likely benefit; the discovery sought is

10 unreasonably cumulative or duplicative, or is obtainable from some other source that

11 is more convenient, less burdensome, or less expensive; or the party seeking

12 discovery has had ample opportunity by discovery in the action to obtain the

13 information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and

14 producing the documents responsive to this overbroad Request would greatly

15 outweigh any marginal benefit to MGA, for the following reasons.



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



1

2

3

4

5        The Request is also entirely duplicative of prior discovery served by

6   Carter Bryant as well as subsequent discovery served by MGA.

7

8

9        MGA's claim, at this stage of the litigation, that there remain

10  unproduced relevant materials on this subject in Mattel's possession is not credible.

11       There is no basis for overruling Mattel's privilege objection. MGA's

12  bald assertion that "[t]his request does not seek information protected by the

13  attorney-client privilege, the attorney work product doctrine, or other applicable

14  privileges" has no merit. Moreover, as MGA has itself argued, the parties have

15  agreed that "all privileged documents would be logged except for documents created

16  after this action was filed on April 27, 2004."[2466]  Thus, to the extent privileged

17  documents fall within the post lawsuit time period, they need not be included on

18  Mattel's log. Although it bears the burden of showing why this agreement should

19  not be applied to a given Request, MGA fails to do so.

20

21  _____

22  [2463]  Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,
    Exh. 31.

23  [2464]  Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,

24  Exh. 31.

25

26  [2466]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
    3.

28

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.   See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").   In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[2467]   At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[2468]   Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 215:**

All COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and any person or entity adverse to MGA, including any person at, employed by, working for or under the direction of the law firms representing clients adverse to MGA, referring or relating to MGA, BRYANT, this lawsuit, BRATZ, BRATZ INTELLECTUAL PROPERTY, or any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party.

---

[2467]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
[2468]   See Webster Dec. at p. 1-5.

**RESPONSE TO REQUEST NO. 215:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all communications between <u>anyone</u> at "Mattel," as defined by MGA to include past employee like Bryant, and any person or entity "adverse to" MGA, including such persons or entities who are unknown to Mattel to be "adverse" to MGA, <u>at any time</u> that refer or relate to MGA, Bryant, Bratz, "Bratz Intellectual Property," "Funky Tweens," "Toon Teens," or any "non-Mattel lawsuit litigation, arbitration or other legal proceeding" to which MGA is or was a party, regardless of whether the communications relate to the conduct at issue in this lawsuit. For the same reasons, Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action, or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to "Bratz" are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that the terms "adverse to," "Bratz," "Bratz Intellectual Property" and "non-Mattel lawsuit, litigation, arbitration or other legal proceeding" are vague and ambiguous. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the

1   re-production of information and documents already produced in this action.  Such

2   information and documents will not be re-produced.

3   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

4   **TO SHOULD BE COMPELLED**

5         Mattel refuses to produce documents in response to this request.  Under

6   the Federal Rules of Civil Procedure, "an objection to part of a request must specify

7   the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

8   objections that fail to explain the basis for an objection with specificity are routinely

9   rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234

10  F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

11  burdensome and harassing' are improper – especially when a party fails to submit

12  any evidentiary declarations supporting such objections").  Accordingly, Mattel

13  must be compelled either to certify that it has produced all non-privileged

14  responsive documents or to produce all such documents by a date certain.

15        To the extent that Mattel is relying on its blanket objections, they are

16  not sustainable and do not justify Mattel's failure to produce documents.

17        As to overbreadth, Mattel provides no explanation, let alone the

18  required particularity, as to *why* this request is supposedly overly broad, nor can it

19  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

20  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

21  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

22  custody or control concerning lawsuits in which Mattel was not a party, but MGA

23  was.

24        As to burden, Mattel has not attempted to demonstrate why responding

25  to this request and/or producing responsive documents presents any burden.  This

26  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

27  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

28  request is unduly burdensome must allege specific facts which indicate the nature

1  and extent of the burden, usually by affidavit or other reliable evidence.")
2  Moreover, it is not unduly burdensome, as noted above, in that the request is
3  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
4  has engaged in a broad variety of unfair trade practices, from serial copying of
5  MGA products, to threatening retailers and suppliers to cease doing business with
6  MGA, to seeking to obtain non-public information about MGA through improper
7  means.  MGA is entitled to discovery on these claims.

8        To the extent that Mattel has information about MGA's involvement in
9  lawsuits, to which Mattel was not a party, this information would be highly relevant
10  to the claims and defenses at issue in Phase 2.

11       This request does not seek documents protected by the attorney-client
12  privilege, the attorney work product doctrine, or other applicable privileges.  To the
13  extent that Mattel contends that it does, Mattel must provide a privilege log.

14       Mattel objects that the request is duplicative or subsumed within prior
15  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
16  agree to produce responsive non-privileged documents is not proper based on this
17  objection.

18       None of Mattel's improper objections are valid and Mattel is obligated
19  to produce all non-privileged responsive documents in its possession, custody, or
20  control.

21  **MATTEL'S RESPONSE:**

22       The Request is overbroad.  Seeking the universe of all communications
23  between <u>anyone</u> at "Mattel," as defined by MGA to include past employee like
24  Bryant, and any person or entity "adverse to" MGA, including such persons or
25  entities who are unknown to Mattel to be "adverse" to MGA, <u>at any time</u> that refer
26  or relate to MGA, Bryant, Bratz, "Bratz Intellectual Property," "Funky Tweens,"
27  "Toon Teens," or any "non-Mattel lawsuit litigation, arbitration or other legal
28  proceeding" to which MGA is or was a party, regardless of whether the

1  communications relate to the conduct at issue in this lawsuit is plainly not narrowly
2  tailored to seek information relevant to Phase 2. On this and other bases, Requests
3  for Production actually requesting a narrower range of documents within this
4  category have been explicitly rejected in prior Orders in this case.[2469]

5         Further, this Request is unduly burdensome. <u>Rule</u> 26(b)(2)(c) provides
6  that a Court should limit the extent of discovery if it determines that the burden of
7  the proposed discovery outweighs its likely benefit; the discovery sought is
8  unreasonably cumulative or duplicative, or is obtainable from some other source that
9  is more convenient, less burdensome, or less expensive; or the party seeking
10 discovery has had ample opportunity by discovery in the action to obtain the
11 information sought. <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c). The burden of locating and
12 producing the documents responsive to this overbroad Request would greatly
13 outweigh any marginal benefit to MGA, for the following reasons.



24

25   [2469]  <u>See</u> Discovery Order Granting in Part and Denying in Part Mattel's Motion
26 to Compel Production, dated April14, 2008.
27   [2470]  Declaration of Lori Pantel, dated August 6, 2009, at ¶ 10, Dart Dec., Exh. 31.
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

2471  Declaration of Phil Moore, dated August 6, 2009, at ¶ 5, Dart Dec., Exh. 32.

2472  Id.

2473  Id.

2474  Declaration of Lori Pantel, dated August 6, 2009, at ¶ 11, Dart Dec., Exh.
31..

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1  ███████████████████████████████████████████

2  ████████████████████████████████

3       The Request is also entirely duplicative of prior discovery served by

4  Carter Bryant as well as subsequent discovery served by MGA.  ██████████

5  ███████████████████████████████████████████

6  ███████████████████████████████████████████

7  ██████████     MGA's claim, at this stage of the litigation, that there remain

8  unproduced relevant materials on this subject in Mattel's possession is not credible.

9       There is no basis for overruling Mattel's privilege objection.  MGA's

10  bald assertion that "[t]his request does not seek information protected by the

11  attorney-client privilege, the attorney work product doctrine, or other applicable

12  privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

13  agreed that "all privileged documents would be logged except for documents created

14  after this action was filed on April 27, 2004."[2478]  Thus, to the extent privileged

15  documents fall within the post lawsuit time period, they need not be included on

16  Mattel's log.  Although it bears the burden of showing why this agreement should

17  not be applied to a given Request, MGA fails to do so.

18       Finally, MGA failed to meet and confer at all, much less in good faith,

19  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

20  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

21  _____

22  [2475]  Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,
    Exh. 31.

23  [2476]  Id. ¶ 12, Declaration of Lori Pantel, dated August 6, 2009, at ¶ 7, Dart Dec.,

24  Exh. 31.

25  ████████████████████████████████████████████

26  [2478]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
    3.

28

1   the moving party shall first identify each dispute, state the relief sought and identify
2   the authority supporting the requested relief in a meet and confer letter that shall be
3   served on all parties by facsimile or electronic mail. The parties shall have five court
4   days from the date of service of that letter to conduct an in-person conference to
5   attempt to resolve the dispute.").   In order to engage in a meaningful meet and
6   confer, MGA had the burden to show the relevance of any requests it sought to
7   move on.[2479]   At no point during the meet and confer process did MGA show why
8   this Request could be considered relevant to Phase 2 issues.[2480]   Because MGA
9   refused to even attempt to make this showing, there was no possibility of a good
10  faith meet and confer to resolve the parties' disputes. The Discovery Master should
11  deny MGA's motion with respect to this Request on that grounds alone.

12  **REQUEST FOR PRODUCTION NO. 216:**

13           All COMMUNICATIONS between YOU, including YOUR inside and
14  outside counsel, on the one hand and any principal of any entities or persons adverse
15  to MGA on the other, or any person acting on their behalf or at their direction,
16  referring or relating to MGA, BRYANT, this lawsuit, BRATZ, BRATZ
17  INTELLECTUAL PROPERTY, or any non-MATTEL lawsuit, litigation, arbitration
18  or other legal proceeding to which MGA is or was a party.

19  **RESPONSE TO REQUEST NO. 216:**

20           In addition to the general objections stated above, which are
21  incorporated herein by reference, Mattel objects to this Request as overbroad and
22  unduly burdensome in that it seeks all communications between anyone at "Mattel,"
23  as defined by MGA to include past employees like Bryant, and any principal of any

24

25  [2479]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
     [2480]   See Webster Dec. at p. 1-5.

28

1  person or entity "adverse to" MGA, including such persons or entities who are

2  unknown to Mattel to be "adverse" to MGA, at <u>any time</u> that refer or relate to MGA,

3  Bryant, Bratz, "Bratz Intellectual Property," "Funky Tweens," "Toon Teens," or any

4  "non-Mattel lawsuit litigation, arbitration or other legal proceeding" to which MGA

5  is or was a party, regardless of whether the communications relate to the conduct at

6  issue in this lawsuit.  For the same reasons, Mattel further objects to this Request on

7  the grounds that it seeks documents that are not relevant to this action, or likely to

8  lead to the discovery of admissible evidence.  Mattel further objects to this Request

9  on the grounds that such discovery from Mattel is overbroad, unduly burdensome,

10  oppressive and not likely to the lead to the discovery of admissible evidence in that

11  Mattel's actions in relation to the "Bratz" line of products are not at issue in this

12  action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

13  the actions of defendants and third parties associated with defendants in connection

14  with the projects that defendant Bryant worked on with defendant MGA, which is

15  information known to and within the possession, custody and control of defendants

16  and their associated third parties, not Mattel.  Mattel further objects to this Request

17  as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in

18  Mattel's possession, custody and control on this broad subject.    Mattel further

19  objects to this Request on the grounds that the terms "adverse to," "Bratz," "Bratz

20  Intellectual Property" and "non-Mattel lawsuit, litigation, arbitration or other legal

21  proceeding" are vague and ambiguous.  Mattel further objects to this Request on the

22  grounds that it is duplicative of or subsumed within prior Requests already

23  responded to and seeks the re-production of information and documents already

24  produced in this action.  Such information and documents will not be re-produced.

25  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

26  **TO SHOULD BE COMPELLED**

27  　　　　　Mattel refuses to produce documents in response to this request.  Under

28  the Federal Rules of Civil Procedure, "an objection to part of a request must specify

1   the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic

2   objections that fail to explain the basis for an objection with specificity are routinely

3   rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234

4   F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

5   burdensome and harassing' are improper – especially when a party fails to submit

6   any evidentiary declarations supporting such objections").

7         Accordingly, Mattel must be compelled either to certify that it has

8   produced all non-privileged responsive documents or to produce all such documents

9   by a date certain.

10         To the extent that Mattel is relying on its blanket objections, they are

11   not sustainable and do not justify Mattel's failure to produce documents.

12         As to overbreadth, Mattel provides no explanation, let alone the

13   required particularity, as to *why* this request is supposedly overly broad, nor can it

14   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

15   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

16   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

17   custody or control concerning lawsuits in which Mattel was not a party, but MGA

18   was.

19         As to burden, Mattel has not attempted to demonstrate why responding

20   to this request and/or producing responsive documents presents any burden. This

21   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

22   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23   request is unduly burdensome must allege specific facts which indicate the nature

24   and extent of the burden, usually by affidavit or other reliable evidence.")

25   Moreover, it is not unduly burdensome, as noted above, in that the request is

26   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

27   has engaged in a broad variety of unfair trade practices, from serial copying of

28   MGA products, to threatening retailers and suppliers to cease doing business with

1   MGA, to seeking to obtain non-public information about MGA through improper

2   means.  MGA is entitled to discovery on these claims.

3          To the extent that Mattel has information about MGA's involvement in

4   lawsuits, to which Mattel was not a party, this information would be highly relevant

5   to the claims and defenses at issue in Phase 2.

6          This request does not seek documents protected by the attorney-client

7   privilege, the attorney work product doctrine, or other applicable privileges.  To the

8   extent that Mattel contends that it does, Mattel must provide a privilege log.

9          Mattel objects that the request is duplicative or subsumed within prior

10  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

11  agree to produce responsive non-privileged documents is not proper based on this

12  objection.

13         None of Mattel's improper objections are valid and Mattel is obligated

14  to produce all non-privileged responsive documents in its possession, custody, or

15  control.

16  **MATTEL'S RESPONSE:**

17         The Request is overbroad.  Seeking the universe of all communications

18  between <u>anyone</u> at "Mattel," as defined by MGA to include past employee like

19  Bryant, and any person or entity "adverse to" MGA, including such persons or

20  entities who are unknown to Mattel to be "adverse" to MGA, <u>at any time</u> that refer

21  or relate to MGA, Bryant, Bratz, "Bratz Intellectual Property," "Funky Tweens,"

22  "Toon Teens," or any "non-Mattel lawsuit litigation, arbitration or other legal

23  proceeding" to which MGA is or was a party, regardless of whether the

24  communications relate to the conduct at issue in this lawsuit is plainly not narrowly

25  tailored to seek information relevant to Phase 2.  On this and other bases, Requests

26

27

28

1   for Production actually requesting a narrower range of documents within this
2   category have been explicitly rejected in prior Orders in this case.[2481]

3            Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides
4   that a Court should limit the extent of discovery if it determines that the burden of
5   the proposed discovery outweighs its likely benefit; the discovery sought is
6   unreasonably cumulative or duplicative, or is obtainable from some other source that
7   is more convenient, less burdensome, or less expensive; or the party seeking
8   discovery has had ample opportunity by discovery in the action to obtain the
9   information sought. See Fed. R. Civ. P. 26(b)(2)(c). The burden of locating and
10  producing the documents responsive to this overbroad Request would greatly
11  outweigh any marginal benefit to MGA, for the following reasons.



[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1