

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ███████████████████████████████████

2 ████████████████████████████████

3     The Request is also entirely duplicative of prior discovery served by

4 Carter Bryant as well as subsequent discovery served by MGA. ████████

5 ███████████████████████████████████

6 ███████████████████████████████████

7 ████████    MGA's claim, at this stage of the litigation, that there remain

8 unproduced relevant materials on this subject in Mattel's possession is not credible.

9     There is no basis for overruling Mattel's privilege objection. MGA's

10 bald assertion that "[t]his request does not seek information protected by the

11 attorney-client privilege, the attorney work product doctrine, or other applicable

12 privileges" has no merit. Moreover, as MGA has itself argued, the parties have

13 agreed that "all privileged documents would be logged except for documents created

14 after this action was filed on April 27, 2004."[2490] Thus, to the extent privileged

15 documents fall within the post lawsuit time period, they need not be included on

16 Mattel's log. Although it bears the burden of showing why this agreement should

17 not be applied to a given Request, MGA fails to do so.

18     Finally, MGA failed to meet and confer at all, much less in good faith,

19 regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

20 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

21 _____

22 ████████████████████████████████

23 ████████████████████████████████

24 ████████████████████████████████

25 ████████████████████████████████

26 [2490]   See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.

28 3.

1  the moving party shall first identify each dispute, state the relief sought and identify
2  the authority supporting the requested relief in a meet and confer letter that shall be
3  served on all parties by facsimile or electronic mail. The parties shall have five court
4  days from the date of service of that letter to conduct an in-person conference to
5  attempt to resolve the dispute.").   In order to engage in a meaningful meet and
6  confer, MGA had the burden to show the relevance of any requests it sought to
7  move on.[2491]   At no point during the meet and confer process did MGA show why
8  this Request could be considered relevant to Phase 2 issues.[2492]   Because MGA
9  refused to even attempt to make this showing, there was no possibility of a good
10 faith meet and confer to resolve the parties' disputes.  The Discovery Master should
11 deny MGA's motion with respect to this Request on that grounds alone.

12 **REQUEST FOR PRODUCTION NO. 217:**

13        All COMMUNICATIONS between YOU, including YOUR inside and
14 outside counsel, on the one hand and any third-party on the other, referring or
15 relating to this lawsuit, or any non-MATTEL lawsuit, litigation, arbitration or other
16 legal proceeding to which MGA is or was a party.

17 **RESPONSE TO REQUEST NO. 217:**

18        In addition to the general objections stated above, which are
19 incorporated herein by reference, Mattel objects to this Request as overbroad and
20 unduly burdensome in that it seeks all communications between <u>anyone</u> at "Mattel,"
21 as defined by MGA to include past employees like Bryant, and any third-party at
22 any <u>time</u> that refer or relate to this lawsuit or any "non-Mattel lawsuit litigation,
23 arbitration or other legal proceeding" to which MGA is or was a party.   Mattel

24

25 [2491]   <u>See</u> Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
   [2492]   <u>See</u> Webster Dec. at p. 1-5.

28

1  further objects to this Request on the grounds that it seeks documents that are not
2  relevant to this action, or likely to lead to the discovery of admissible evidence.
3  Mattel further objects to this Request as overbroad, unduly burdensome and
4  oppressive in that it seeks "all" documents in Mattel's possession, custody and
5  control on this broad subject.  Mattel further objects to this Request on the grounds
6  that the term "non-Mattel lawsuit, litigation, arbitration or other legal proceeding" is
7  vague and ambiguous.  Mattel further objects to this Request on the grounds that it
8  is duplicative of or subsumed within prior Requests already responded to and seeks
9  the re-production of information and documents already produced in this action such
10 information and documents will not be re-produced.

11 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
12 **TO SHOULD BE COMPELLED**

13         Mattel has refused to produce documents in response to this request,
14 based on its improper boilerplate objections.  Mattel has refused to confirm whether
15 or not it has produced all non-privileged responsive documents or whether it is
16 withholding documents based on its objections in Phase 2.  Under the Federal Rules
17 of Civil Procedure, "an objection to part of a request must specify the part and
18 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
19 fail to explain the basis for an objection with specificity are routinely rejected in the
20 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
21 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
22 harassing' are improper – especially when a party fails to submit any evidentiary
23 declarations supporting such objections").  Accordingly, Mattel must be compelled
24 either to certify that it has produced all non-privileged responsive documents or to
25 produce all such documents by a date certain.

26         To the extent that Mattel is relying on its blanket objections, they are
27 not sustainable and do not justify Mattel's failure to produce documents.

28

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to **why** this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning Mattel's counsel's communications with third parties regarding litigation involving MGA.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of acts constituting unclean hands. MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel also claims that "non-Mattel lawsuit, litigation, arbitration or other legal proceeding" is vague and ambiguous. Those terms are not vague and ambiguous, but rather terms that lawyers use frequently to explain the range of legal proceedings available in this country. Mattel should not be allowed to feign ignorance about these legal terms.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests. Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

1   Mattel's relevance objection should be disregarded.  Communications
2   relating to other lawsuits pending against MGA relate to MGA's allegations that
3   Mattel is using this litigation as a weapon in an attempt to put Bratz, Barbie's
4   biggest competitor, out of business.

5   None of Mattel's improper objections are valid and Mattel is obligated
6   to produce all non-privileged responsive documents in its possession, custody, or
7   control.

8   **MATTEL'S RESPONSE:**

9   The Request is overbroad.  Seeking the universe of all communications
10   between <u>anyone</u> at "Mattel," as defined by MGA to include past employee like
11   Bryant, and any person or entity "adverse to" MGA, including such persons or
12   entities who are unknown to Mattel to be "adverse" to MGA, <u>at any time</u> that refer
13   or relate to MGA, Bryant, Bratz, "Bratz Intellectual Property," "Funky Tweens,"
14   "Toon Teens," or any "non-Mattel lawsuit litigation, arbitration or other legal
15   proceeding" to which MGA is or was a party, regardless of whether the
16   communications relate to the conduct at issue in this lawsuit is plainly not narrowly
17   tailored to seek information relevant to Phase 2.  On this and other bases, Requests
18   for Production actually requesting a narrower range of documents within this
19   category have been explicitly rejected in prior Orders in this case.[2493]

20   Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
21   that a Court should limit the extent of discovery if it determines that the burden of
22   the proposed discovery outweighs its likely benefit; the discovery sought is
23   unreasonably cumulative or duplicative, or is obtainable from some other source that
24   is more convenient, less burdensome, or less expensive; or the party seeking
25   discovery has had ample opportunity by discovery in the action to obtain the
26
27
28

1  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

2  producing the documents responsive to this overbroad Request would greatly

3  outweigh any marginal benefit to MGA, for the following reasons.

[2493]  See Discovery Order Granting in Part and Denying in Part Mattel's Motion to Compel Production, dated April14, 2008.

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ██████████████████████████████████████████████

2 █████████████████████████

3 ████████████████████████████████████████████

4 ██████████████████████████████████████████████

5 ██████████████████████████████████████████████

6 ██████████████████████████████████████████████

7 ██████████████████████████████████████████████

8 ██████████████████████████████████████████████

9 ██████████████████████████████████████████████

10 ██████████████████████████████████████████████

11 ██████████████████████████████████████████████

12 ██████████████████████████████████████████████

13 ████

14 ████████████████████████████████████████████

15 ██████████████████████████████████████████████

16 ██████████████████████████████████████████████

17 ████████████████████████████████████

18     The Request is also entirely duplicative of prior discovery served by

19 Carter Bryant as well as subsequent discovery served by MGA. ███████

20 ██████████████████████████████████████████████

21 ██████████████████████████████████████████████

22 _____

23 ██████

24 ████████████████████████████████████████████

25 ███

26 ████████████████████████████████████████████

27 ████████████████████████████████████████████

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   ███████████     MGA's claim, at this stage of the litigation, that there remain

2   unproduced relevant materials on this subject in Mattel's possession is not credible.

3           There is no basis for overruling Mattel's privilege objection.  MGA's

4   bald assertion that "[t]his request does not seek information protected by the

5   attorney-client privilege, the attorney work product doctrine, or other applicable

6   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

7   agreed that "all privileged documents would be logged except for documents created

8   after this action was filed on April 27, 2004."[2502]  Thus, to the extent privileged

9   documents fall within the post lawsuit time period, they need not be included on

10   Mattel's log.  Although it bears the burden of showing why this agreement should

11   not be applied to a given Request, MGA fails to do so.

12           Finally, MGA failed to meet and confer at all, much less in good faith,

13   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

14   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15   the moving party shall first identify each dispute, state the relief sought and identify

16   the authority supporting the requested relief in a meet and confer letter that shall be

17   served on all parties by facsimile or electronic mail. The parties shall have five court

18   days from the date of service of that letter to conduct an in-person conference to

19   attempt to resolve the dispute.").   In order to engage in a meaningful meet and

20   confer, MGA had the burden to show the relevance of any requests it sought to

21

22

23

24

25   ████████████████████████████████████████████

26   [2502]   See Order Denying Mattel's Motion for Protective Order Limiting the

27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.

   3.

28

1    move on.[2503]    At no point during the meet and confer process did MGA show why
2    this Request could be considered relevant to Phase 2 issues.[2504]    Because MGA
3    refused to even attempt to make this showing, there was no possibility of a good
4    faith meet and confer to resolve the parties' disputes.  The Discovery Master should
5    deny MGA's motion with respect to this Request on that grounds alone.

6    **REQUEST FOR PRODUCTION NO. 218:**

7                All COMMUNICATIONS sent to or received from any party to any
8    non- MATTEL lawsuit, litigation, arbitration or other legal proceeding to which
9    MGA is or was party, or any agent or representative of such party, including such
10   party's attorney.

11   **RESPONSE TO REQUEST NO. 218:**

12               In  addition  to  the  general  objections  stated  above,  which  are
13   incorporated herein by reference, Mattel objects to this Request as overbroad and
14   unduly burdensome in that it seeks all communications sent to or received from any
15   party or agent or representative of any party to any "non-Mattel lawsuit litigation,
16   arbitration or other legal proceeding" to which MGA is or was a party, without
17   limitation  as  to  time  or  subject  matter,  and  regardless  of  whether  the
18   communications relate to the conduct at issue in this lawsuit.  For the same reasons,
19   Mattel further objects to this Request on the grounds that it seeks documents that are
20   not relevant to this action, or likely to lead to the discovery of admissible evidence.
21   Mattel  further  objects  to  this  Request  as  overbroad,  unduly  burdensome  and
22   oppressive in that it seeks "all" documents in Mattel's possession, custody and
23   control on this broad subject.  Mattel further objects to this Request on the ground

24   _____

25       [2503]    See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26   moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27   Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
         [2504]    See Webster Dec. at p. 1-5.

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   that the term "non-Mattel lawsuit, litigation, arbitration or other legal proceeding" is
2   vague and ambiguous.  Mattel further objects to this Request on the grounds that it
3   is duplicative of or subsumed within prior Requests already responded to and seeks
4   the re-production of information and documents already produced in this action.
5   Such information and documents will not be re-produced.

6   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
7   **TO SHOULD BE COMPELLED**

8          Mattel refuses to produce documents in response to this request.  Under
9   the Federal Rules of Civil Procedure, "an objection to part of a request must specify
10  the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic
11  objections that fail to explain the basis for an objection with specificity are routinely
12  rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234
13  F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly
14  burdensome and harassing' are improper – especially when a party fails to submit
15  any evidentiary declarations supporting such objections").  Accordingly, Mattel
16  must be compelled either to certify that it has produced all non-privileged
17  responsive documents or to produce all such documents by a date certain.

18         To the extent that Mattel is relying on its blanket objections, they are
19  not sustainable and do not justify Mattel's failure to produce documents.

20         As to overbreadth, Mattel provides no explanation, let alone the
21  required particularity, as to *why* this request is supposedly overly broad, nor can it
22  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
23  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
24  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
25  custody or control concerning lawsuits in which Mattel was not a party, but MGA
26  was.

27         As to burden, Mattel has not attempted to demonstrate why responding
28  to this request and/or producing responsive documents presents any burden.  This

1  objection must therefore be rejected.  See <u>Jackson v. Montgomery Ward & Co., Inc.,</u>

2  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3  request is unduly burdensome must allege specific facts which indicate the nature

4  and extent of the burden, usually by affidavit or other reliable evidence.")

5       Moreover, it is not unduly burdensome, as noted above, in that the

6  request is narrowly tailored to seek only discoverable evidence.  MGA has alleged

7  that Mattel has engaged in a broad variety of unfair trade practices, from serial

8  copying of MGA products, to threatening retailers and suppliers to cease doing

9  business with MGA, to seeking to obtain non-public information about MGA

10 through improper means.  MGA is entitled to discovery on these claims.

11       To the extent that Mattel has information about MGA's involvement in

12 lawsuits, to which Mattel was not a party, this information would be highly relevant

13 to the claims and defenses at issue in Phase 2.

14       This request does not seek documents protected by the attorney-client

15 privilege, the attorney work product doctrine, or other applicable privileges.  To the

16 extent that Mattel contends that it does, Mattel must provide a privilege log.

17       Mattel objects that the request is duplicative or subsumed within prior

18 requests but does not identify the allegedly duplicative requests.  Mattel's failure to

19 agree to produce responsive non-privileged documents is not proper based on this

20 objection.

21       None of Mattel's improper objections are valid and Mattel is obligated

22 to produce all non-privileged responsive documents in its possession, custody, or

23 control.

24 **MATTEL'S RESPONSE:**

25       The Request is overbroad.  Seeking the universe of all communications

26 sent to or received from any party or agent or representative of any party to any

27 "non-Mattel lawsuit litigation, arbitration or other legal proceeding" to which MGA

28 is or was a party, without limitation as to time or subject matter, and regardless of

1   whether the communications relate to the conduct at issue in this lawsuit is plainly
2   not narrowly tailored to seek information relevant to Phase 2.  On this and other
3   bases, Requests for Production actually requesting a narrower range of documents
4   within this category have been explicitly rejected in prior Orders in this case.[2505]

5           Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
6   that a Court should limit the extent of discovery if it determines that the burden of
7   the proposed discovery outweighs its likely benefit; the discovery sought is
8   unreasonably cumulative or duplicative, or is obtainable from some other source that
9   is more convenient, less burdensome, or less expensive; or the party seeking
10  discovery has had ample opportunity by discovery in the action to obtain the
11  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
12  producing the documents responsive to this overbroad Request would greatly
13  outweigh any marginal benefit to MGA, for the following reasons.

14  ████████████████████████████████████████████████
15  ████████████████████████████████████████████████
16  ████████████████████████████████████████████████
17  ████████████████████████████████████████████████
18  ████████████████████████████████████████████████
19  ████████████████████████████████████████████████
20  ████████████████████████████████████████████████
21  ████████████████████████████████████████████████
22  ████████████████████████████████████████████████
23  ████████████████████████████████████████████████
24  
25  [2505]   See Discovery Order Granting in Part and Denying in Part Mattel's Motion
26  to Compel Production, dated April 14, 2008.
27  ████████████████████████████████████████████████
28  ██

-1427-
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 █████████████████████████████████████████

2 ███████████████████████████████

3      The Request is also entirely duplicative of prior discovery served by

4 Carter Bryant as well as subsequent discovery served by MGA.   ███████

5 ███████████████████████████████████████████

6 ███████████████████████████████████████████

7 ██████████    MGA's claim, at this stage of the litigation, that there remain

8 unproduced relevant materials on this subject in Mattel's possession is not credible.

9      There is no basis for overruling Mattel's privilege objection.  MGA's

10 bald assertion that "[t]his request does not seek information protected by the

11 attorney-client privilege, the attorney work product doctrine, or other applicable

12 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

13 agreed that "all privileged documents would be logged except for documents created

14 after this action was filed on April 27, 2004."[2514]  Thus, to the extent privileged

15 documents fall within the post lawsuit time period, they need not be included on

16 Mattel's log.  Although it bears the burden of showing why this agreement should

17 not be applied to a given Request, MGA fails to do so.

18      Finally, MGA failed to meet and confer at all, much less in good faith,

19 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

20 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

21 ─────────────────────

22 ███████████████████████████████████████████

23 ███████████████████████████████████████████

24 ███████████████████████████████████████████

25 ███████████████████████████████████

26 [2514]   See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.

28 3.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").   In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[2515]   At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[2516]   Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 219:**

All COMMUNICATIONS, and all DOCUMENTS mentioning, referring to, or relating to any COMMUNICATION, between YOU on the one hand, and any person consulted or interviewed regarding any fact or issue relating to this lawsuit, including, without limitation, any experts, investigators, or witnesses.

**RESPONSE TO REQUEST NO. 219:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges, including without limitation privileges applicable to consulting experts. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests

---

[2515]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
[2516]   See Webster Dec. at p. 1-5.

1   already responded to and seeks the re-production of information and documents

2   already produced in this action.  Such information and documents will not be re-

3   produced.

4   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

5   **TO SHOULD BE COMPELLED**

6         Mattel refuses to produce documents in response to this request,

7   standing on its improper boilerplate objections.  Under the Federal Rules of Civil

8   Procedure, "an objection to part of a request must specify the part and permit

9   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

10  explain the basis for an objection with specificity are routinely rejected in the

11  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

12  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

13  harassing' are improper – especially when a party fails to submit any evidentiary

14  declarations supporting such objections").  Accordingly, Mattel must be compelled

15  either to certify that it has produced all non-privileged responsive documents or to

16  produce all such documents by a date certain.

17        To the extent that Mattel is relying on its blanket objections, they are

18  not sustainable and do not justify Mattel's failure to produce documents.

19        This request does not seek documents protected by the attorney-client

20  privilege, the attorney work product doctrine, or other applicable privileges.  Rather

21  it seeks information regarding the factual basis of Mattel's knowledge of the claims

22  at issue.  To the extent that Mattel contends that the request does seek privileged

23  information, Mattel must provide a privilege log.

24        Mattel objects that the request is duplicative or subsumed within prior

25  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

26  agree to produce responsive non-privileged documents is not proper based on this

27  objection.

28

1    None of Mattel's improper objections are valid and Mattel is obligated
2 to produce all non-privileged responsive documents in its possession, custody, or
3 control.

4 **MATTEL'S RESPONSE:**

5    This Request is unduly burdensome.  Rule 26(b)(2)(c) provides that a
6 Court should limit the extent of discovery if it determines that the burden of the
7 proposed discovery outweighs its likely benefit; the discovery sought is
8 unreasonably cumulative or duplicative, or is obtainable from some other source that
9 is more convenient, less burdensome, or less expensive; or the party seeking
10 discovery has had ample opportunity by discovery in the action to obtain the
11 information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
12 producing the documents responsive to this overbroad Request would greatly
13 outweigh any marginal benefit to MGA, for the following reasons.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ████████████████████████████████████████

2 ████████████████████████████████

3      The Request is also entirely duplicative of prior discovery served by

4 Carter Bryant as well as subsequent discovery served by MGA.   ████████

5 ████████████████████████████████████████

6 ████████████████████████████████████████

7 ████████   MGA's claim, at this stage of the litigation, that there remain

8 unproduced relevant materials on this subject in Mattel's possession is not credible.

9 Specifically, the May 22, 2007 Discovery Order dealt specifically with many similar

10 Requests, which were, rejected and narrowed.  Mattel has produced all documents it

11 was ordered to produce as a result of that Order.

12      There is no basis for overruling Mattel's privilege objection.  MGA's

13 bald assertion that "[t]his request does not seek information protected by the

14 attorney-client privilege, the attorney work product doctrine, or other applicable

15 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

16 agreed that "all privileged documents would be logged except for documents created

17 after this action was filed on April 27, 2004."[2525]  Thus, to the extent privileged

18 documents fall within the post lawsuit time period, they need not be included on

19 Mattel's log.  Although it bears the burden of showing why this agreement should

20 not be applied to a given Request, MGA fails to do so.

21 ────────────────────

22 ████████████████████████████████████

23 █████████████████████████████████████

24 █████████████████████████████████████

25 ████████████████████████████████████

26 [2525]  See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.

   3.

28

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2  regarding this Request prior to filing its Motion.   See Phase 2 Discovery Master

3  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4  the moving party shall first identify each dispute, state the relief sought and identify

5  the authority supporting the requested relief in a meet and confer letter that shall be

6  served on all parties by facsimile or electronic mail. The parties shall have five court

7  days from the date of service of that letter to conduct an in-person conference to

8  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

9  confer, MGA had the burden to show the relevance of any requests it sought to

10  move on.[2526]   At no point during the meet and confer process did MGA show why

11  this Request could be considered relevant to Phase 2 issues.[2527]   Because MGA

12  refused to even attempt to make this showing, there was no possibility of a good

13  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

14  deny MGA's motion with respect to this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 220:**

16    All DOCUMENTS and COMMUNICATIONS received by YOU from

17  any source expressing, suggesting or implying that BRYANT copied or used any

18  idea, design or intellectual property owned by MATTEL in connection with the

19  conception, design or development of BRATZ or BRATZ INTELLECTUAL

20  PROPERTY.

21  **RESPONSE TO REQUEST NO. 220:**

22    In addition to the general objections stated above, which are

23  incorporated herein by reference, Mattel objects to this Request as overbroad,

24

25    [2526]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

     [2527]   See Webster Dec. at p. 1-5.

28

1   unduly burdensome and not reasonably calculated to lead to the discovery of
2   admissible evidence, including in that it seeks publicly available documents,
3   including copies of newspaper articles, that are therefore equally available to MGA
4   Mattel further objects to this Request on the grounds that it calls for the disclosure
5   of information subject to the attorney-client privilege, the attorney work-product
6   doctrine and other applicable privileges. Mattel further objects to this Request on
7   the grounds that the terms "implying," "suggesting," "Bratz" and "Bratz Intellectual
8   Property" are vague and ambiguous. Mattel further objects to this Request on the
9   grounds that it is duplicative of or subsumed within prior Requests already
10  responded to and seeks the re-production of information and documents already
11  produced in this action. Such information and documents will not be re-produced.

12  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
13  **TO SHOULD BE COMPELLED**

14          Mattel refuses to produce documents in response to this request,
15  standing on its improper boilerplate objections. Under the Federal Rules of Civil
16  Procedure, "an objection to part of a request must specify the part and permit
17  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to
18  explain the basis for an objection with specificity are routinely rejected in the
19  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
20  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
21  harassing' are improper – especially when a party fails to submit any evidentiary
22  declarations supporting such objections"). Accordingly, Mattel must be compelled
23  either to certify that it has produced all non-privileged responsive documents or to
24  produce all such documents by a date certain.

25          To the extent that Mattel is relying on its blanket objections, they are
26  not sustainable and do not justify Mattel's failure to produce documents.

27          As to overbreadth, Mattel provides no explanation, let alone the
28  required particularity, as to *why* this request is supposedly overly broad, nor can it

1  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

2  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

3  contrary, the request is narrowly tailored to seek documents concerning

4  communications received by Mattel suggesting that Bryant copied any intellectual

5  property owned by Mattel.

6         As to burden, Mattel has not attempted to demonstrate why responding

7  to this request and/or producing responsive documents presents any burden. This

8  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

9  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10  request is unduly burdensome must allege specific facts which indicate the nature

11  and extent of the burden, usually by affidavit or other reliable evidence.")

12         Moreover, it is not unduly burdensome, as noted above, in that the

13  request is narrowly tailored to seek only discoverable evidence. MGA has alleged

14  that Mattel has engaged in a broad variety of unfair trade practices, from serial

15  copying of MGA products, to intimidating employees and industry groups in order

16  to prevent MGA from fairly competing. MGA is entitled to discovery on these

17  claims and on Mattel's defenses.

18         Mattel objects that the request is duplicative or subsumed within prior

19  requests but does not identify the allegedly duplicative requests. Mattel's failure to

20  agree to produce responsive non-privileged documents is not proper based on this

21  objection.

22         Mattel's objection that the requested materials are equally available to

23  MGA cannot circumvent Mattel's obligation to produce all non-privileged

24  responsive materials in its possession, custody or control.

25         This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges. Rather

27  it seeks information regarding the factual basis of Mattel's knowledge of the claims

28  at issue. To the extent that Mattel contends that the request does seek privileged

1 information, Mattel must provide a privilege log.  Mattel's objection that "implying"
2 and "suggesting" are vague and ambiguous is untenable as these are commonly
3 understood English words.
4          None of Mattel's improper objections are valid and Mattel is obligated
5 to produce all non-privileged responsive documents in its possession, custody, or
6 control.
7 **MATTEL'S RESPONSE:**
8          This Request is unduly burdensome.  Rule 26(b)(2)(c) provides that a
9 Court should limit the extent of discovery if it determines that the burden of the
10 proposed discovery outweighs its likely benefit; the discovery sought is
11 unreasonably cumulative or duplicative, or is obtainable from some other source that
12 is more convenient, less burdensome, or less expensive; or the party seeking
13 discovery has had ample opportunity by discovery in the action to obtain the
14 information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
15 producing the documents responsive to this overbroad Request would greatly
16 outweigh any marginal benefit to MGA, for the following reasons.
17
18
19
20
21
22
23
24
25
26
27
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1



5    The Request is also entirely duplicative of prior discovery served by

6   Carter Bryant as well as subsequent discovery served by MGA.

9    MGA's claim, at this stage of the litigation, that there remain

10   unproduced relevant materials on this subject in Mattel's possession is not credible.

11   Specifically, the May 22, 2007 Discovery Order dealt specifically with many similar

12   Requests, which were, rejected and narrowed.  Mattel has produced all documents it

13   was ordered to produce as a result of that Order.

14    There is no basis for overruling Mattel's privilege objection.  MGA's

15   bald assertion that "[t]his request does not seek information protected by the

16   attorney-client privilege, the attorney work product doctrine, or other applicable

17   privileges" has no merit.  Moreover, as MGA has itself argued, the parties have

18   agreed that "all privileged documents would be logged except for documents created

19   after this action was filed on April 27, 2004."[2536]  Thus, to the extent privileged

20   documents fall within the post lawsuit time period, they need not be included on

[2536]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the
Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
3.

1  Mattel's log.  Although it bears the burden of showing why this agreement should
2  not be applied to a given Request, MGA fails to do so.

3       Finally, MGA failed to meet and confer at all, much less in good faith,
4  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
6  the moving party shall first identify each dispute, state the relief sought and identify
7  the authority supporting the requested relief in a meet and confer letter that shall be
8  served on all parties by facsimile or electronic mail. The parties shall have five court
9  days from the date of service of that letter to conduct an in-person conference to
10 attempt to resolve the dispute.").   In order to engage in a meaningful meet and
11 confer, MGA had the burden to show the relevance of any requests it sought to
12 move on.[2537]   At no point during the meet and confer process did MGA show why
13 this Request could be considered relevant to Phase 2 issues.[2538]   Because MGA
14 refused to even attempt to make this showing, there was no possibility of a good
15 faith meet and confer to resolve the parties' disputes. The Discovery Master should
16 deny MGA's motion with respect to this Request on that grounds alone.

17 **REQUEST FOR PRODUCTION NO. 221:**

18      All DOCUMENTS and COMMUNICATIONS received by YOU from
19 any source expressing, suggesting or implying that MGA copied or used any idea,
20 design or intellectual property owned by MATTEL in connection with the
21 conception, design or development of BRATZ or BRATZ INTELLECTUAL
22 PROPERTY.

23

24

---

25 [2537]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the
26 moving party, "Mattel bears an initial burden of establishing relevancy") (citing
27 Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
   [2538]  See Webster Dec. at p. 1-5.
28

1 **RESPONSE TO REQUEST NO. 221:**

2        In addition to the general objections stated above, which are

3 incorporated herein by reference, Mattel objects to this Request as overbroad and

4 unduly burdensome, including in that it seeks all documents and communications

5 received by "Mattel," as defined by MGA to include former employees like Bryant,

6 from any source at <u>any time</u> related to this topic, regardless of whether the

7 documents and communications relate to the conduct at issue in this lawsuit.  Mattel

8 further objects to this Request on the grounds that it calls for the disclosure of

9 information subject to the attorney-client privilege, the attorney work-product

10 doctrine and other applicable privileges.  Mattel further objects to this Request on

11 the ground that the terms "implying," "suggesting," "Bratz" and "Bratz Intellectual

12 Property" are vague and ambiguous.  Mattel further objects to this Request on the

13 grounds that it is duplicative of or subsumed within prior Requests already

14 responded to and seeks the re-production of information and documents already

15 produced in this action.  Such information and documents will not be re-produced.

16 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

17 **TO SHOULD BE COMPELLED**

18        Mattel refuses to produce documents in response to this request,

19 standing on its improper boilerplate objections.  Under the Federal Rules of Civil

20 Procedure, "an objection to part of a request must specify the part and permit

21 inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

22 explain the basis for an objection with specificity are routinely rejected in the

23 Central District.  <u>See</u> <u>A. Farber and Partners, Inc. v. Garber,</u> 234 F.R.D. 186, 188

24 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

25 harassing' are improper – especially when a party fails to submit any evidentiary

26 declarations supporting such objections").  Accordingly, Mattel must be compelled

27 either to certify that it has produced all non-privileged responsive documents or to

28 produce all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are
2    not sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the
4    required particularity, as to *why* this request is supposedly overly broad, nor can it
5    do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
6    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
7    contrary, the request is narrowly tailored to seek documents concerning
8    communications received by Mattel suggesting that Bryant copied any intellectual
9    property owned by Mattel.

10    As to burden, Mattel has not attempted to demonstrate why responding
11    to this request and/or producing responsive documents presents any burden. This
12    objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
13    173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
14    request is unduly burdensome must allege specific facts which indicate the nature
15    and extent of the burden, usually by affidavit or other reliable evidence.")
16    Moreover, it is not unduly burdensome, as noted above, in that the request is
17    narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
18    has engaged in a broad variety of unfair trade practices, from serial copying of
19    MGA products, to intimidating employees and industry groups in order to prevent
20    MGA from fairly competing. MGA is entitled to discovery on these claims and on
21    Mattel's defenses.

22    Mattel objects that the request is duplicative or subsumed within prior
23    requests but does not identify the allegedly duplicative requests. Mattel's failure to
24    agree to produce responsive non-privileged documents is not proper based on this
25    objection.

26    Mattel's objection that the requested materials are equally available to
27    MGA cannot circumvent Mattel's obligation to produce all non-privileged
28    responsive materials in its possession, custody or control.

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  This request does not seek documents protected by the attorney-client
2  privilege, the attorney work product doctrine, or other applicable privileges. Rather
3  it seeks information regarding the factual basis of Mattel's knowledge of the claims
4  at issue. To the extent that Mattel contends that the request does seek privileged
5  information, Mattel must provide a privilege log. Mattel's objection that "implying"
6  and "suggesting" are vague and ambiguous is untenable as these are commonly
7  understood English words.

8  None of Mattel's improper objections are valid and Mattel is obligated
9  to produce all non-privileged responsive documents in its possession, custody, or
10  control.

11  **MATTEL'S RESPONSE:**

12  The Request is overbroad. Seeking the universe of all documents and
13  communications received by "Mattel," as defined by MGA to include former
14  employees like Bryant, from any source at <u>any time</u> related to this topic, regardless
15  of whether the documents and communications relate to the conduct at issue in this
16  lawsuit is plainly not narrowly tailored to seek information relevant to Phase 2. On
17  this and other bases, Requests for Production actually requesting a narrower range
18  of documents within this category have been explicitly rejected in prior Orders in
19  this case.[2539]

20  Further, this Request is unduly burdensome. <u>Rule</u> 26(b)(2)(c) provides
21  that a Court should limit the extent of discovery if it determines that the burden of
22  the proposed discovery outweighs its likely benefit; the discovery sought is
23  unreasonably cumulative or duplicative, or is obtainable from some other source that
24  is more convenient, less burdensome, or less expensive; or the party seeking
25  discovery has had ample opportunity by discovery in the action to obtain the

26
27
28

1   information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

2   producing the documents responsive to this overbroad Request would greatly

3   outweigh any marginal benefit to MGA, for the following reasons.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   [2539]   See Discovery Order Granting in Part and Denying in Part Mattel's Motion

25   to Compel Production, dated April14, 2008.

      [2540]   Declaration of Lori Pantel, dated August 6, 2009, at ¶ 10, Dart Dec., Exh.

26   31.

      [2541]   Declaration of Phil Moore, dated August 6, 2009, at ¶ 5, Dart Dec., Exh. 32.

27   [2542]   Id.

28

The Request is also entirely duplicative of prior discovery served by Carter Bryant as well as subsequent discovery served by MGA.

00505.07975/3161896.1

1 ███████████  MGA's claim, at this stage of the litigation, that there remain
2 unproduced relevant materials on this subject in Mattel's possession is not credible.

3         There is no basis for overruling Mattel's privilege objection.  MGA's
4 bald assertion that "[t]his request does not seek information protected by the
5 attorney-client privilege, the attorney work product doctrine, or other applicable
6 privileges" has no merit.  Moreover, as MGA has itself argued, the parties have
7 agreed that "all privileged documents would be logged except for documents created
8 after this action was filed on April 27, 2004."[2548]  Thus, to the extent privileged
9 documents fall within the post lawsuit time period, they need not be included on
10 Mattel's log.  Although it bears the burden of showing why this agreement should
11 not be applied to a given Request, MGA fails to do so.

12         Finally, MGA failed to meet and confer at all, much less in good faith,
13 regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master
14 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
15 the moving party shall first identify each dispute, state the relief sought and identify
16 the authority supporting the requested relief in a meet and confer letter that shall be
17 served on all parties by facsimile or electronic mail. The parties shall have five court
18 days from the date of service of that letter to conduct an in-person conference to
19 attempt to resolve the dispute.").   In order to engage in a meaningful meet and
20 confer, MGA had the burden to show the relevance of any requests it sought to

21
22
23
24

25 ████████████████████████████████████████████

26 [2548]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the
27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
3.
28

1  move on.[2549]   At no point during the meet and confer process did MGA show why

2  this Request could be considered relevant to Phase 2 issues.[2550]   Because MGA

3  refused to even attempt to make this showing, there was no possibility of a good

4  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

5  deny MGA's motion with respect to this Request on that grounds alone.

6  **REQUEST FOR PRODUCTION NO. 222:**

7        All  COMMUNICATIONS,  and  all  DOCUMENTS  mentioning,

8  describing, discussing, referring or relating to any investigation performed by YOU

9  in response to any COMMUNICATION YOU may have received from any source

10  expressing, suggesting or implying that BRYANT copied or used any idea, design

11  or intellectual property owned by MATTEL in connection with the conception,

12  design or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

13  **RESPONSE TO REQUEST NO. 222:**

14        In  addition  to  the  general  objections  stated  above,  which  are

15  incorporated herein by reference, Mattel objects to this Request as overbroad and

16  unduly burdensome in that it seeks all communications and documents in Mattel's

17  possession, custody and control that mention, describe, discuss, refer or relate to any

18  undefined "investigation" performed by "Mattel," as defined by MGA to include

19  past employees like Bryant, in response to any communication received by "Mattel"

20  from any source related to this topic.  Mattel further objects to this Request on the

21  grounds that the terms "implying," "suggesting," "Bratz" and "Bratz Intellectual

22  Property" are vague and ambiguous.  Mattel further objects to this Request on the

23  grounds that it calls for the disclosure of information subject to the attorney-client

24

25    [2549]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
    [2550]   See Webster Dec. at p. 1-5.

28

1  privilege, the attorney work-product doctrine and other applicable privileges. Mattel
2  further objects to this Request on the grounds that it seeks documents that are not
3  relevant to this action, and is not reasonably calculated to lead to the discovery of
4  admissible evidence. Mattel further objects to this Request on the grounds that it is
5  duplicative of or subsumed within prior Requests already responded to and seeks the
6  re-production of information and documents already produced in this action. Such
7  information and documents will not be re-produced.

8  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9  **TO SHOULD BE COMPELLED**

10  Mattel refuses to produce documents in response to this request,
11  standing on its improper boilerplate objections. Under the Federal Rules of Civil
12  Procedure, "an objection to part of a request must specify the part and permit
13  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to
14  explain the basis for an objection with specificity are routinely rejected in the
15  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
16  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
17  harassing' are improper – especially when a party fails to submit any evidentiary
18  declarations supporting such objections"). Accordingly, Mattel must be compelled
19  either to certify that it has produced all non-privileged responsive documents or to
20  produce all such documents by a date certain.

21  To the extent that Mattel is relying on its blanket objections, they are
22  not sustainable and do not justify Mattel's failure to produce documents.

23  As to overbreadth, Mattel provides no explanation, let alone the
24  required particularity, as to **why** this request is supposedly overly broad, nor can it
25  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
26  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
27  contrary, the request is narrowly tailored to seek documents concerning
28

-1449-

1   communications received by Mattel suggesting that Bryant copied any intellectual

2   property owned by Mattel.

3            As to burden, Mattel has not attempted to demonstrate why responding

4   to this request and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

6   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.")

9   Moreover, it is not unduly burdensome, as noted above, in that the request is

10   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11   has engaged in a broad variety of unfair trade practices, from serial copying of

12   MGA products, to intimidating employees and industry groups in order to prevent

13   MGA from fairly competing.  MGA is entitled to discovery on these claims and on

14   Mattel's defenses.

15            Mattel objects that the request is duplicative or subsumed within prior

16   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

17   agree to produce responsive non-privileged documents is not proper based on this

18   objection.

19            Mattel's objection that the requested materials are equally available to

20   MGA cannot circumvent Mattel's obligation to produce all non-privileged

21   responsive materials in its possession, custody or control.

22            This request does not seek documents protected by the attorney-client

23   privilege, the attorney work product doctrine, or other applicable privileges.  Rather

24   it seeks information regarding the factual basis of Mattel's knowledge of the claims

25   at issue.  To the extent that Mattel contends that the request does seek privileged

26   information, Mattel must provide a privilege log.  Mattel's objection that "implying"

27   and "suggesting" are vague and ambiguous is untenable as these are commonly

28   understood English words.

-1450-

1    None of Mattel's improper objections are valid and Mattel is obligated
2  to produce all non-privileged responsive documents in its possession, custody, or
3  control.

4  **MATTEL'S RESPONSE:**

5    The Request is overbroad.  Seeking the universe of all communications
6  and documents in Mattel's possession, custody and control that mention, describe,
7  discuss, refer or relate to any undefined "investigation" performed by "Mattel," as
8  defined by MGA to include past employees like Bryant, in response to any
9  communication received by "Mattel" from any source related to this topic is plainly
10  not narrowly tailored to seek information relevant to Phase 2.  On this and other
11  bases, Requests for Production actually requesting a narrower range of documents
12  within this category have been explicitly rejected in prior Orders in this case.[2551]

13    Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides
14  that a Court should limit the extent of discovery if it determines that the burden of
15  the proposed discovery outweighs its likely benefit; the discovery sought is
16  unreasonably cumulative or duplicative, or is obtainable from some other source that
17  is more convenient, less burdensome, or less expensive; or the party seeking
18  discovery has had ample opportunity by discovery in the action to obtain the
19  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and
20  producing the documents responsive to this overbroad Request would greatly
21  outweigh any marginal benefit to MGA, for the following reasons.

22
23
24
25
26

27  [2551]  See Discovery Order Granting in Part and Denying in Part Mattel's Motion
   to Compel Production, dated April 14, 2008.
28

00505.07975/3161896.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



The Request is also entirely duplicative of prior discovery served by Carter Bryant as well as subsequent discovery served by MGA.

MGA's claim, at this stage of the litigation, that there remain unproduced relevant materials on this subject in Mattel's possession is not credible.

There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "[t]his request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created

1   after this action was filed on April 27, 2004."[2560]   Thus, to the extent privileged

2   documents fall within the post lawsuit time period, they need not be included on

3   Mattel's log.  Although it bears the burden of showing why this agreement should

4   not be applied to a given Request, MGA fails to do so.

5          Finally, MGA failed to meet and confer at all, much less in good faith,

6   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8   the moving party shall first identify each dispute, state the relief sought and identify

9   the authority supporting the requested relief in a meet and confer letter that shall be

10  served on all parties by facsimile or electronic mail. The parties shall have five court

11  days from the date of service of that letter to conduct an in-person conference to

12  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

13  confer, MGA had the burden to show the relevance of any requests it sought to

14  move on.[2561]   At no point during the meet and confer process did MGA show why

15  this Request could be considered relevant to Phase 2 issues.[2562]  Because MGA

16  refused to even attempt to make this showing, there was no possibility of a good

17  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

18  deny MGA's motion with respect to this Request on that grounds alone.

19  **REQUEST FOR PRODUCTION NO. 223:**

20        All  COMMUNICATIONS,  and all DOCUMENTS  mentioning,

21  describing, discussing, referring to or relating to any investigation performed by

22

---

23  [2560]   See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
    3.

25  [2561]   See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

    [2562]   See Webster Dec. at p. 1-5.

28

1  YOU in response to any COMMUNICATION YOU may have received from any
2  source expressing, suggesting or implying that MGA copied or used any idea,
3  design or intellectual property owned by MATTEL in connection with the
4  conception, design or development of BRATZ or BRATZ INTELLECTUAL
5  PROPERTY.

6  **RESPONSE TO REQUEST NO. 223:**

7          In addition to the general objections stated above, which are
8  incorporated herein by reference, Mattel objects to this Request as overbroad and
9  unduly burdensome in that it seeks all communications and documents in Mattel's
10 possession, custody and control that mention, describe, discuss, refer or relate to any
11 undefined "investigation" performed by "Mattel," as defined by MGA to include
12 past employees like Bryant, in response to any communication received by "Mattel"
13 from any source related to this topic.  Mattel further objects to this Request on the
14 grounds that the terms "implying," "suggesting," "Bratz" and "Bratz Intellectual
15 Property" are vague and ambiguous.  Mattel further objects to this Request on the
16 grounds that it calls for the disclosure of information subject to the attorney-client
17 privilege, the attorney work-product doctrine and other applicable privileges.  Mattel
18 further objects to this Request on the grounds that it seeks documents that are not
19 relevant to this action, and is not reasonably calculated to lead to the discovery of
20 admissible evidence.  Mattel further objects to this Request on the grounds that it is
21 duplicative of or subsumed within prior Requests already responded to and seeks the
22 re-production of information and documents already produced in this action.  Such
23 information and documents will not be re-produced.

24 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
25 **TO SHOULD BE COMPELLED**

26         Mattel refuses to produce documents in response to this request,
27 standing on its improper boilerplate objections.  Under the Federal Rules of Civil
28 Procedure, "an objection to part of a request must specify the part and permit

1   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

2   explain the basis for an objection with specificity are routinely rejected in the

3   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

4   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

5   harassing' are improper – especially when a party fails to submit any evidentiary

6   declarations supporting such objections").  Accordingly, Mattel must be compelled

7   either to certify that it has produced all non-privileged responsive documents or to

8   produce all such documents by a date certain.

9          To the extent that Mattel is relying on its blanket objections, they are

10  not sustainable and do not justify Mattel's failure to produce documents.

11          As to overbreadth, Mattel provides no explanation, let alone the

12  required particularity, as to **why** this request is supposedly overly broad, nor can it

13  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

14  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

15  contrary, the request is narrowly tailored to seek documents concerning

16  communications received by Mattel suggesting that Bryant copied any intellectual

17  property owned by Mattel.

18          As to burden, Mattel has not attempted to demonstrate why responding

19  to this request and/or producing responsive documents presents any burden.  This

20  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

21  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22  request is unduly burdensome must allege specific facts which indicate the nature

23  and extent of the burden, usually by affidavit or other reliable evidence.")

24  Moreover, it is not unduly burdensome, as noted above, in that the request is

25  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26  has engaged in a broad variety of unfair trade practices, from serial copying of

27  MGA products, to intimidating employees and industry groups in order to prevent

28

1  MGA from fairly competing.  MGA is entitled to discovery on these claims and on
2  Mattel's defenses.

3         Mattel objects that the request is duplicative or subsumed within prior
4  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
5  agree to produce responsive non-privileged documents is not proper based on this
6  objection.

7         Mattel's objection that the requested materials are equally available to
8  MGA cannot circumvent Mattel's obligation to produce all non-privileged
9  responsive materials in its possession, custody or control.

10         This request does not seek documents protected by the attorney-client
11  privilege, the attorney work product doctrine, or other applicable privileges.  Rather
12  it seeks information regarding the factual basis of Mattel's knowledge of the claims
13  at issue.  To the extent that Mattel contends that the request does seek privileged
14  information, Mattel must provide a privilege log.  Mattel's objection that "implying"
15  and "suggesting" are vague and ambiguous is untenable as these are commonly
16  understood English words.

17         None of Mattel's improper objections are valid and Mattel is obligated
18  to produce all non-privileged responsive documents in its possession, custody, or
19  control.

20  **MATTEL'S RESPONSE:**

21         The Request is overbroad.  Seeking the universe of communications
22  and documents in Mattel's possession, custody and control that mention, describe,
23  discuss, refer or relate to any undefined "investigation" performed by "Mattel," as
24  defined by MGA to include past employees like Bryant, in response to any
25  communication received by "Mattel" from any source related to this topic is plainly
26  not narrowly tailored to seek information relevant to Phase 2.  On this and other

27
28

1  bases, Requests for Production actually requesting a narrower range of documents

2  within this category have been explicitly rejected in prior Orders in this case.[2563]

3        Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides

4  that a Court should limit the extent of discovery if it determines that the burden of

5  the proposed discovery outweighs its likely benefit; the discovery sought is

6  unreasonably cumulative or duplicative, or is obtainable from some other source that

7  is more convenient, less burdensome, or less expensive; or the party seeking

8  discovery has had ample opportunity by discovery in the action to obtain the

9  information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and

10  producing the documents responsive to this overbroad Request would greatly

11  outweigh any marginal benefit to MGA, for the following reasons.



12

13

14

15

16

17

18

19

20

21

22

23

24

25  [2563]  <u>See</u> Discovery Order Granting in Part and Denying in Part Mattel's Motion

26  to Compel Production, dated April 14, 2008.

27

28

-1458-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ███████████████████████████████████████████

2 ████████████████████████████████████

3     The Request is also entirely duplicative of prior discovery served by

4 Carter Bryant as well as subsequent discovery served by MGA. ███████████

5 ███████████████████████████████████████████

6 ███████████████████████████████████████████

7 ██████████    MGA's claim, at this stage of the litigation, that there remain

8 unproduced relevant materials on this subject in Mattel's possession is not credible.

9     There is no basis for overruling Mattel's privilege objection. MGA's

10 bald assertion that "[t]his request does not seek information protected by the

11 attorney-client privilege, the attorney work product doctrine, or other applicable

12 privileges" has no merit. Moreover, as MGA has itself argued, the parties have

13 agreed that "all privileged documents would be logged except for documents created

14 after this action was filed on April 27, 2004."[2572] Thus, to the extent privileged

15 documents fall within the post lawsuit time period, they need not be included on

16 Mattel's log. Although it bears the burden of showing why this agreement should

17 not be applied to a given Request, MGA fails to do so.

18     Finally, MGA failed to meet and confer at all, much less in good faith,

19 regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

20 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

21 ─────────────

22 █████████████████████████████████████

23 █████████████████████████████████████

24 █████████████████████████████████████

25 ███████████████████████████████

26 [2572]  See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
3.

28

1  the moving party shall first identify each dispute, state the relief sought and identify

2  the authority supporting the requested relief in a meet and confer letter that shall be

3  served on all parties by facsimile or electronic mail. The parties shall have five court

4  days from the date of service of that letter to conduct an in-person conference to

5  attempt to resolve the dispute.").    In order to engage in a meaningful meet and

6  confer, MGA had the burden to show the relevance of any requests it sought to

7  move on.[2573]    At no point during the meet and confer process did MGA show why

8  this Request could be considered relevant to Phase 2 issues.[2574]   Because MGA

9  refused to even attempt to make this showing, there was no possibility of a good

10  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

11  deny MGA's motion with respect to this Request on that grounds alone.

12  **REQUEST FOR PRODUCTION NO. 252:**

13         All   DOCUMENTS   and   COMMUNICATIONS   constituting,

14  discussing, mentioning, describing, referring or relating to the August 5, 2002

15  anonymous letter sent to Robert Eckert produced in this litigation by MATTEL

16  bearing Bates serial number M 13841

17  **RESPONSE TO REQUEST NO. 252:**

18         In addition to the general objections stated above, which are

19  incorporated herein by reference, Mattel objects to this Request on the grounds that

20  it calls for the disclosure of information subject to the attorney-client privilege, the

21  attorney work-product doctrine and other applicable privileges.   Mattel further

22  objects to this Request on the grounds that it seeks documents that are not relevant

23  to this action, and is not reasonably calculated to lead to the discovery of admissible

24

25    [2573]  See Omnibus Order dated July 9, 2009, at p. 4, Dart Dec., Exh. 4 (as the

26  moving party, "Mattel bears an initial burden of establishing relevancy") (citing

27  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
   [2574]  See Webster Dec. at p. 1-5.

28

1  evidence.  Mattel further objects to this Request on the grounds that it is duplicative
2  of or subsumed within prior Requests already responded to and seeks the re-
3  production of information and documents already produced in this action.   Such
4  information and documents will not be re-produced.

5  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
6  **TO SHOULD BE COMPELLED**

7       On January 30 2007, Judge Infant issued an order compelling Mattel to
8  produce all non-privileged documents relating to any investigation that occurred as a
9  result of the receipt of the August 2002 "Anonymous Letter" to Mattel CEO Robert
10  Eckert, and provide a privilege log identifying all documents withheld under the
11  attorney client privilege or attorney work product doctrine in response to discovery
12  requests served by Carter Bryant.   Any objections raised by Mattel in response to
13  such a request were stricken by Judge Infant, including general objections as to
14  discoverability.   To the extent that Mattel has complied with this Order and this
15  request is, in fact, duplicative or subsumed within prior requests, Mattel need only
16  supplement its response to state that it has produce all non- privileged responsive
17  documents.  As it stands, Mattel's wholesale failure to represent that it will produce
18  any non-privileged documents responsive to this request is improper.   Mattel must
19  be compelled to produce.

20  **MATTEL'S RESPONSE:**

21       As noted by MGA, Judge Infante issued an Order compelling Mattel to
22  produce documents related to this Request on January 30, 2007.  Mattel produced all
23  documents compelled by that Order on February 23, 2007, as evinced in a letter
24  from Timothy Alger to James Jenal dated February 23, 2007.[2575]

25
26
27  [2575] See letter from Timothy Alger to James Jenal dated February 23, 2007, Dart
     Dec., Exh. 50.
28

1  **REQUEST FOR PRODUCTION NO. 253:**

2          All   DOCUMENTS   and   COMMUNICATIONS   constituting,

3  discussing, mentioning, describing, referring or relating to any investigation of or

4  follow-up regarding the August 5, 2002 anonymous letter sent to Robert Eckert

5  produced in this litigation by MATTEL bearing Bates serial number M 13841.

6  **RESPONSE TO REQUEST NO. 253:**

7          In addition to the general objections stated above, which are

8  incorporated herein by reference, Mattel objects to this Request on the grounds that

9  it calls for the disclosure of information subject to the attorney-client privilege, the

10  attorney work-product doctrine and other applicable privileges.   Mattel further

11  objects to this Request on the grounds that it seeks documents that are not relevant

12  to this action, and is not reasonably calculated to lead to the discovery of admissible

13  evidence.  Mattel further objects to this Request as vague and ambiguous.  Mattel

14  further objects to this Request on the grounds that it is duplicative of or subsumed

15  within prior Requests already responded to and seeks the re-production of

16  information and documents already produced in this action.  Such information and

17  documents will not be re-produced.

18  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

19  **TO SHOULD BE COMPELLED**

20          On January 30 2007, Judge Infante issued an order compelling Mattel

21  to produce all non-privileged documents relating to any investigation that occurred

22  as a result of the receipt of the August 2002 "Anonymous Letter" to Mattel CEO

23  Robert Eckert, and provide a privilege log identifying all documents withheld under

24  the attorney client privilege or attorney work product doctrine in response to

25  discovery requests served by Carter Bryant.  Any objections raised by Mattel in

26  response to such a request were stricken by Judge Infante, including general

27  objections as to discoverability.  To the extent that Mattel has complied with this

28  Order and this request is, in fact, duplicative or subsumed within prior requests,

1   Mattel need only supplement its response to state that it has produce all non-
2   privileged responsive documents.   As it stands, Mattel's wholesale failure to
3   represent that it will produce any non-privileged documents responsive to this
4   request is improper. Mattel must be compelled to produce.

5   **MATTEL'S RESPONSE:**

6            As noted by MGA, Judge Infante issued an Order compelling Mattel to
7   produce documents related to this Request on January 30, 2007. Mattel produced all
8   documents compelled by that Order on February 23, 2007, as evinced in a letter
9   from Timothy Alger to James Jenal dated February 23, 2007.[2576]

10  **REQUEST FOR PRODUCTION NO. 255:**

11           All   DOCUMENTS,   such   as   organizational   charts,   describing,
12  depicting, or relating to BRYANT's place in the corporate structure, chain-of-
13  command, and reporting structure of MATTEL since 1997.

14  **RESPONSE TO REQUEST NO. 255:**

15           In   addition   to   the   general   objections   stated   above,   which   are
16  incorporated herein by reference, Mattel objects to this Request as vague and
17  ambiguous. Mattel further objects to this request on the grounds that it calls for the
18  disclosure of information subject to the attorney-client privilege, the attorney work-
19  product doctrine and other applicable privileges.   Mattel further objects to this
20  Request on the grounds that it is duplicative of or subsumed within prior Requests
21  already responded to and seeks the re-production of information and documents
22  already produced in this action.   Such information and documents will not be re-
23  produced.

24

25

26

27   [2576] Id.

28

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

Mattel baldly states that the request is "vague and ambiguous" but does not specify in what way it is so. In any event, the terms of the requests are not vague and ambiguous.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1), which clearly states that discovery must be "reasonably calculated to lead to the discovery of admissible evidence." MGA has not sufficiently explained how all documents relating Bryant's place in the corporate structure are related to Phase 2 in any way. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Additionally, MGA failed to meet and confer in good faith regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). At no point during the meet and confer process did MGA articulate a valid basis for which this Request could be considered relevant to Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is simply not true; MGA never initiated any dialogue about this Request or Mattel's

1 | response in the first place.  The Discovery Master should deny MGA's motion with
2 | respect to this Request on that grounds alone.

3 | The motion is also moot.  As MGA has admitted in correspondence
4 | going back to 2007[2577], Mattel has produced and continues to produce documents
5 | that are responsive to this Request.  As to the actual production of relevant
6 | documents, there is no dispute and indeed had been no dispute for years, as MGA
7 | well knows, and this issue could have been resolved without motion practice if
8 | MGA had completed the meet and confer process in good faith.

9 | The Request is also entirely duplicative of prior discovery served by
10 | Carter Bryant as well as subsequent discovery served by MGA.  ███████

11 | ████████████████████████████████████████████████████████

12 | ████████████████████████████████████████████████████████

13 | ████████  MGA's claim, at this stage of the litigation, that there remain
14 | unproduced relevant materials on this subject in Mattel's possession is not credible.
15 | In fact, over *two years ago* MGA wrote a letter admitting that this set of requests
16 | was duplicative and that Mattel had produced relevant documents in response.[2579]
17 | Mattel has confirmed repeatedly that it has done and would continue to perform a
18 | reasonable search for Bryant documents, including, u.g., gathering documents from
19 | within Brant's work group, his personnel file, and other areas where responsive,
20 | non-privileged documents could reasonably be expected to exist.  All relevant, non-
21 | privileged documents uncovered have been produced.

22 |
23 |
---
24 | [2577]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
25 | Dart Dec., Exh. 43.
26 | █████████████████████████████████████████████
27 | [2579]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
   | Dart Dec., Exh. 43.
28 |

**REQUEST FOR PRODUCTION NO. 256:**

DOCUMENTS sufficient to show BRYANT's immediate supervisors and all co-workers in BRYANT's department during the periods of BRYANT's employment with MATTEL.

**RESPONSE TO REQUEST NO. 256:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and vague and ambiguous as to "all co-workers" in Bryant's "department." Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are
2  not sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the
4  required particularity, as to *why* this request is supposedly overly broad, nor can it
5  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
6  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
7  contrary, the request is narrowly tailored to seek documents concerning Bryant's co-
8  workers and supervisor's at Mattel.

9    Mattel baldly states that the request is "vague and ambiguous" but then
10  identifies common place terms, including "co-worker" and "department" as
11  ambiguous. Mattel does not specify in what way these commonplace employment
12  terms are vague and ambiguous.

13    None of Mattel's improper objections are valid and Mattel is obligated
14  to produce all non-privileged responsive documents in its possession, custody, or
15  control.

16  **MATTEL'S RESPONSE:**

17    MGA must establish that its discovery meets the relevance
18  requirements of Rule 26(b)(1), which clearly states that discovery must be
19  "reasonably calculated to lead to the discovery of admissible evidence." MGA has
20  not sufficiently explained how all documents relating Bryant's supervisors are
21  related to Phase 2 in any way. "A trial court has a duty, of special significance in
22  lengthy and complex cases where the possibility of abuse is always present, to
23  supervise and limit discovery to protect parties and witnesses from annoyance and
24  excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
25  also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
26  n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
27  1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a
28  party may not propound document requests as part of a fishing expedition or to

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   discover new claims. <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)

2   ("District courts need not condone the use of discovery to engage in 'fishing

3   expeditions.'").

4           Additionally, MGA failed to meet and confer in good faith regarding

5   this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master Order No. 1,

6   dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

7   party shall first identify each dispute, state the relief sought and identify the

8   authority supporting the requested relief in a meet and confer letter that shall be

9   served on all parties by facsimile or electronic mail. The parties shall have five court

10  days from the date of service of that letter to conduct an in-person conference to

11  attempt to resolve the dispute."). At no point during the meet and confer process did

12  MGA articulate a valid basis for which this Request could be considered relevant to

13  Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is

14  simply not true; MGA never initiated any dialogue about this Request or Mattel's

15  response in the first place. The Discovery Master should deny MGA's motion with

16  respect to this Request on that grounds alone.

17          The motion is also moot. As MGA has admitted in correspondence

18  going back to 2007[2580], Mattel has produced and continues to produce documents

19  that are responsive to this Request. As to the actual production of relevant

20  documents, there is no dispute and indeed had been no dispute for years, as MGA

21  well knows, and this issue could have been resolved without motion practice if

22  MGA had completed the meet and confer process in good faith.

23          The Request is also entirely duplicative of prior discovery served by

24  Carter Bryant as well as subsequent discovery served by MGA. ▬▬▬▬

25  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

26

27

28

1 ████████████████████████████████████████████████████████

2 ████████████ MGA's claim, at this stage of the litigation, that there remain

3 unproduced relevant materials on this subject in Mattel's possession is not credible.

4 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

5 was duplicative and that Mattel had produced relevant documents in response.[2582]

6 Mattel has confirmed repeatedly that it has done and would continue to perform a

7 reasonable search for Bryant documents, including, e.g., gathering documents from

8 within Brant's work group, his personnel file, and other areas where responsive,

9 non-privileged documents could reasonably be expected to exist.  All relevant, non-

10 privileged documents uncovered have been produced.

11 **REQUEST FOR PRODUCTION NO. 257:**

12 All DOCUMENTS including, without limitation, YOUR corporate

13 resolutions, and minutes of all meetings of YOUR directors or shareholders in

14 which this lawsuit, BRATZ INTELLECTUAL PROPERTY, the BRATZ

15 CONCEPT, or BRYANT was discussed.

16 **RESPONSE TO REQUEST NO. 257:**

17 In addition to the general objections stated above, which are

18 incorporated herein by reference, Mattel objects to this Request as overbroad and

19 unduly burdensome in that it seeks all documents created by anyone at anytime in

20 which "Bratz Intellectual Property," the "Bratz Concept," or Bryant were discussed,

21 without limitation as to time or subject matter, and regardless of whether the

22 documents relate to the conduct at issue in this lawsuit.  Mattel further objects to this

---

24 [2580]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

25 Dart Dec., Exh. 43.

26 ███████████████████████████████████████████████████

27 [2582]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

28 Dart Dec., Exh. 43.

1  Request on the grounds that such discovery from Mattel is overbroad, unduly
2  burdensome, oppressive and not likely to the lead to the discovery of admissible
3  evidence in that Mattel's actions in relation to the "Bratz" line of products are not at
4  issue in this action and are irrelevant to the claims and defenses in this suit.  Rather,
5  at issue are the actions of defendants and third parties associated with defendants in
6  connection with the projects that defendant Bryant worked on with defendant MGA,
7  which is information known to and within the possession, custody and control of
8  defendants and their associated third parties, not Mattel.  Mattel further objects to
9  this Request on the grounds that it calls for the disclosure of information subject to
10  the attorney-client privilege, the attorney work-product doctrine and other applicable
11  privileges.   Mattel further objects to this Request on the grounds that it is
12  unreasonably burdensome and premature in that the facts necessary to determine
13  whether "images, drawings, pictures, sculpts, molds, prototypes and any other form
14  of artwork" both predate the "First Bratz Dolls and are "'Bratz'-related" are known
15  by defendants and third parties associated with defendants, but are not known by
16  Mattel at this juncture.  Mattel further objects to this Request on the grounds that the
17  terms "Bratz Concept" and "Bratz Intellectual Property" are vague and ambiguous.
18  Mattel further objects to this Request on the grounds that it is duplicative of or
19  subsumed within prior Requests already responded to and seeks the re-production of
20  information and documents already produced in this action.  Such information and
21  documents will not be re-produced.

22  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
23  **TO SHOULD BE COMPELLED**

24  Mattel refuses to produce in response to this request, resting on its
25  improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an
26  objection to part of a request must specify the part and permit inspection of the rest."
27  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an
28  objection with specificity are routinely rejected in the Central District.  See A.

1 | Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
2 | or boilerplate objections such as 'overly burdensome and harassing' are improper –
3 | especially when a party fails to submit any evidentiary declarations supporting such
4 | objections").   Accordingly, Mattel must be compelled either to certify that it has
5 | produced all non-privileged responsive documents or to produce all such documents
6 | by a date certain.

7 |      To the extent that Mattel is relying on its blanket objections, they are
8 | not sustainable and do not justify Mattel's failure to produce documents.

9 |      As to overbreadth, Mattel provides no explanation, let alone the
10 | required particularity, as to *why* this request is supposedly overly broad, nor can it
11 | do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
12 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
13 | contrary, the request is narrowly tailored to seek documents concerning Mattel's
14 | directors   and   shareholder   decisions   relating   to   this   lawsuit,   BRATZ
15 | INTELLECTUAL PROPERTY, the BRATZ CONCEPT, or BRYANT during a
16 | discrete time period.

17 |      As to burden, Mattel has not attempted to demonstrate why responding
18 | to this request and/or producing responsive documents presents any burden.  This
19 | objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
20 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
21 | request is unduly burdensome must allege specific facts which indicate the nature
22 | and extent of the burden, usually by affidavit or other reliable evidence.")
23 | Moreover, it is not unduly burdensome, as noted above, in that the request is
24 | narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
25 | has engaged in a broad variety of unfair trade practices, from serial copying of
26 | MGA products, to threatening retailers and suppliers to cease doing business with
27 | MGA, to intimidating employees and industry groups in order to prevent MGA from
28 |

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1   fairly competing, and this request seeks information directly relevant to these
2   claims.

3          This request does not seek documents protected by the attorney-client
4   privilege, the attorney work product doctrine, or other applicable privileges.  To the
5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6          Mattel objects that the request contains confidential, proprietary and
7   trade secret information.   A Protective Order exists in this case, obviating any
8   concern   as   to   protection   of   privacy   rights   and/or   commercially   sensitive
9   information.

10  **MATTEL'S RESPONSE:**

11         MGA   must   establish   that   its   discovery   meets   the   relevance
12  requirements   of   Rule   26(b)(1),   which   clearly   states   that   discovery   must   be
13  "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
14  not attempted to explain how this Request is relevant to Phase 2 issues.   "A trial
15  court has a duty, of special significance in lengthy and complex cases where the
16  possibility of abuse is always present, to supervise and limit discovery to protect
17  parties   and   witnesses   from   annoyance   and   excessive   expense."    Dolgow   v.
18  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan
19  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);
20  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)
21  (same).   As the previous Discovery Master has held, a party may not propound
22  document requests as part of a fishing expedition or to discover new claims.  Rivera
23  v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not
24  condone the use of discovery to engage in 'fishing expeditions.'").

25         Additionally, MGA failed to meet and confer in good faith regarding
26  this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,
27  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
28  party   shall   first   identify   each   dispute,   state   the   relief   sought   and   identify   the

authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). At no point during the meet and confer process did MGA articulate a valid basis for which this Request could be considered relevant to Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is simply not true; MGA never initiated any dialogue about this Request or Mattel's response in the first place. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

The motion is also moot. As MGA has admitted in correspondence going back to 2007[2583], Mattel has produced and continues to produce documents that are responsive to this Request. As to the actual production of relevant documents, there is no dispute and indeed had been no dispute for years, as MGA well knows, and this issue could have been resolved without motion practice if MGA had completed the meet and confer process in good faith.

The Request is also entirely duplicative of prior discovery served by Carter Bryant as well as subsequent discovery served by MGA. ███████

███████████████████████████████████████

███████████████████████████████████████

██████████████ It is highly dubious for MGA to claim, at this stage of the litigation, that there remain unproduced relevant materials on this subject in Mattel's possession, when over *two years ago* MGA wrote a letter admitting that this set of requests was duplicative and that Mattel had produced relevant documents in

---

[2583] <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

███████████████████████████████████████

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1  response.[2585]  Specifically, this Request is completely repetitive of Request Nos.
2  172, 173, and 174 of MGA's First Set of Requests (9059).  MGA has not moved to
3  compel on those Requests, presumably because MGA acknowledges that Mattel has
4  produced all relevant documents in response to those Requests.

5  Even to the extent that this Request seeks documents relevant to *Phase*
6  *1*, Mattel produced all relevant, responsive, non-privileged documents during the
7  Phase 1 discovery period.

8  **REQUEST FOR PRODUCTION NO. 272:**

9  All non-privileged DOCUMENTS and COMMUNICATIONS
10  mentioning, discussing, referring or relating to the "product licensing" and "Licensor
11  Approval Form" that is [sic] described at entries numbers 8, 9, 10 and 11 on Mattel's
12  privilege log including, without limitation, the Licensor Approval Form.

13  **RESPONSE TO REQUEST NO. 272:**

14  In addition to the general objections stated above, which are
15  incorporated herein by reference, Mattel objects to this Request on the grounds that
16  it is overbroad and unduly burdensome and seeks documents that are not relevant to
17  this action, and is not reasonably calculated to lead to the discovery of admissible
18  evidence.  Mattel further objects to this Request on the grounds that it is duplicative
19  of or subsumed within prior Requests already responded to and seeks the re-
20  production of information and documents already produced in this action.  Such
21  information and documents will not be re-produced.

22  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
23  **TO SHOULD BE COMPELLED**

24  Mattel refuses to produce documents in response to this request.  Under
25  the Federal Rules of Civil Procedure, "an objection to part of a request must specify

26

27  [2585]  <u>See</u> letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
28  (footnote continued)

the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests. Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

Mattel's only other objection is that this request seeks documents that are not relevant. This objection is meritless as the request is narrowly tailored to a form described in Mattel's own privileged log in this proceeding. MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, from serial copying of MGA products, to intimidating employees and industry groups in order to prevent MGA from fairly competing. MGA is entitled to discovery on these claims and on Mattel's defenses.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

---

Dart Dec., Exh. 43.

**MATTEL'S RESPONSE:**

MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1), which clearly states that discovery must be "reasonably calculated to lead to the discovery of admissible evidence." MGA has not attempted to explain how this Request is relevant to Phase 2 issues. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Additionally, MGA failed to meet and confer in good faith regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). At no point during the meet and confer process did MGA articulate a valid basis for which this Request could be considered relevant to Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is simply not true; MGA never initiated any dialogue about this Request or Mattel's response in the first place. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

1   The motion is also moot.  As MGA has admitted in correspondence
2   going back to 2007[2586], Mattel has produced and continues to produce documents
3   that are responsive to this Request.  As to the actual production of relevant
4   documents, there is no dispute and indeed had been no dispute for years, as MGA
5   well knows, and this issue could have been resolved without motion practice if
6   MGA had completed the meet and confer process in good faith.
7   The Request is also entirely duplicative of prior discovery served by
8   Carter Bryant as well as subsequent discovery served by MGA.  ███████
9   ████████████████████████████████████████████████
10  ████████████████████████████████████████████████
11  ███████  It is highly dubious for MGA to claim, at this stage of the litigation,
12  that there remain unproduced relevant materials on this subject in Mattel's
13  possession, when over *two years ago* MGA wrote a letter admitting that this set of
14  requests was duplicative and that Mattel had produced relevant documents in
15  response.[2588]  Specifically, this Request is completely repetitive of Request Nos.
16  172, 173, and 174 of MGA's First Set of Requests (9059).  MGA has not moved to
17  compel on those Requests, presumably because MGA acknowledges that Mattel has
18  produced all relevant documents in response to those Requests.
19  Even to the extent that this Request seeks documents relevant to *Phase
20  1*, Mattel produced all relevant, responsive, non-privileged documents during the
21  Phase 1 discovery period.
22
23
_____

24  [2586]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
25  Dart Dec., Exh. 43.
26  ███████████████████████████████████████
27  [2588]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,
28  Dart Dec., Exh. 43.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

**REQUEST FOR PRODUCTION NO. 273:**

All non-privileged DOCUMENTS and COMMUNICATIONS constituting, mentioning, discussing, referring or relating to the "packaging" described at entries numbers 20 and 21 on Mattel's privilege log.

**RESPONSE TO REQUEST NO. 273:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses to produce documents in response to this request. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

1    Mattel objects that the request is duplicative or subsumed within prior
2    requests but does not identify the allegedly duplicative requests.  Mattel's failure to
3    agree to produce responsive non-privileged documents is not proper based on this
4    objection.

5    Mattel's only other objection is that this request seeks documents that
6    are not relevant.  This objection is meritless as the request is narrowly tailored to
7    "packaging" described in Mattel's own privileged log in this proceeding.  As MGA
8    has asserted an unfair competition claim based on Mattel's serial copying of MGA's
9    products and packaging, this request is clearly discoverable in connection with
10   Phase 2 issues.

11   None of Mattel's improper objections are valid and Mattel is obligated
12   to produce all non-privileged responsive documents in its possession, custody, or
13   control.

14   **MATTEL'S RESPONSE:**

15   MGA must establish that its discovery meets the relevance
16   requirements of Rule 26(b)(1), which clearly states that discovery must be
17   "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
18   not attempted to explain how this Request is relevant to Phase 2 issues.  "A trial
19   court has a duty, of special significance in lengthy and complex cases where the
20   possibility of abuse is always present, to supervise and limit discovery to protect
21   parties and witnesses from annoyance and excessive expense."  Dolgow v.
22   Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan
23   American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);
24   Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)
25   (same).  As the previous Discovery Master has held, a party may not propound
26   document requests as part of a fishing expedition or to discover new claims.  Rivera
27   v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not
28   condone the use of discovery to engage in 'fishing expeditions.'").

1    Additionally, MGA failed to meet and confer in good faith regarding
2  this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,
3  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
4  party shall first identify each dispute, state the relief sought and identify the
5  authority supporting the requested relief in a meet and confer letter that shall be
6  served on all parties by facsimile or electronic mail. The parties shall have five court
7  days from the date of service of that letter to conduct an in-person conference to
8  attempt to resolve the dispute.").  At no point during the meet and confer process did
9  MGA articulate a valid basis for which this Request could be considered relevant to
10 Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is
11 simply not true; MGA never initiated any dialogue about this Request or Mattel's
12 response in the first place.  The Discovery Master should deny MGA's motion with
13 respect to this Request on that grounds alone.

14    The motion is also moot.  As MGA has admitted in correspondence
15 going back to 2007[2589], Mattel has produced and continues to produce documents
16 that are responsive to this Request.  As to the actual production of relevant
17 documents, there is no dispute and indeed had been no dispute for years, as MGA
18 well knows, and this issue could have been resolved without motion practice if
19 MGA had completed the meet and confer process in good faith.

20    The Request is also entirely duplicative of prior discovery served by
21 Carter Bryant as well as subsequent discovery served by MGA.  ████████
22 ████████████████████████████████████████████
23 ████████████████████████████████████████████

---

[2589]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

1    ████████    It is highly dubious for MGA to claim, at this stage of the litigation,

2    that there remain unproduced relevant materials on this subject in Mattel's

3    possession, when over *two years ago* MGA wrote a letter admitting that this set of

4    requests was duplicative and that Mattel had produced relevant documents in

5    response.[2591]   Specifically, this Request is completely repetitive of Request Nos.

6    172, 173, and 174 of MGA's First Set of Requests (9059). MGA has not moved to

7    compel on those Requests, presumably because MGA acknowledges that Mattel has

8    produced all relevant documents in response to those Requests.

9        Even to the extent that this Request seeks documents relevant to *Phase*

10   *1*, Mattel produced all relevant, responsive, non-privileged documents during the

11   Phase 1 discovery period.

12   **REQUEST FOR PRODUCTION NO. 274:**

13        All DOCUMENTS referring or relating to the creation, design,

14   development, actual sale, proposed sale, actual marketing, proposed marketing,

15   patent, trademark, trade dress, copyright or other intellectual property rights in, to or

16   of the feet, shoes or skates of the "Barbie" on roller skates or roller-blades that is

17   disclosed in the documents that MATTEL produced in this action.

18   **RESPONSE TO REQUEST NO. 274:**

19        In addition to the general objections stated above, which are

20   incorporated herein by reference, Mattel objects to this Request on the grounds that

21   it seeks documents that are not relevant to this action or likely to lead to the

22   discovery of admissible evidence.   Mattel further objects to this Request as

23   overbroad, unduly burdensome and oppressive in that it seeks "all" documents in

24

25   ████████████████████████████████████████

26   ████████████████████████████████

27   [2591]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

28

1  Mattel's possession, custody and control on this broad subject.   Mattel further
2  objects to this Request on the grounds that it calls for the disclosure of information
3  subject to the attorney- client privilege, the attorney work-product doctrine and other
4  applicable privileges.  Mattel further objects to this Request on the grounds that it is
5  duplicative of or subsumed within prior Requests already responded to and seeks the
6  re-production of information and documents already produced in this action.   Such
7  information and documents will not be re-produced.

8  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9  **TO SHOULD BE COMPELLED**

10         Mattel has not agreed to produce documents in response to this request,
11  subject to its improper boilerplate objections.  Mattel has refused to confirm whether
12  or not it has produced all non-privileged responsive documents or whether it is
13  withholding documents based on its objections in Phase 2.  Under the Federal Rules
14  of Civil Procedure, "an objection to part of a request must specify the part and
15  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
16  fail to explain the basis for an objection with specificity are routinely rejected in the
17  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
18  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
19  harassing' are improper – especially when a party fails to submit any evidentiary
20  declarations supporting such objections").  Accordingly, Mattel must be compelled
21  either to certify that it has produced all non-privileged responsive documents or to
22  produce all such documents by a date certain.

23         To the extent that Mattel is relying on its blanket objections, they are
24  not sustainable and do not justify Mattel's failure to produce documents.

25         As to overbreadth, Mattel provides no explanation, let alone the
26  required particularity, as to *why* this request is supposedly overly broad, nor can it
27  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
28  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

1   contrary, the request is narrowly tailored to seek documents referring to the creation,
2   design, development, actual sale, proposed sale, actual marketing, proposed
3   marketing, patent, trademark, trade dress, copyright or other intellectual property
4   rights in, to or of the feet, shoes or skates of the "Barbie" on roller skates or roller-
5   blades that is disclosed in the documents that Mattel itself has produced in this
6   action. MGA is entitled to a full production of these documents because they may
7   bear on Bryant's creation or conception of BRATZ, which is highly relevant to
8   MGA's claims and defenses in this case.

9         As to burden, Mattel has not attempted to demonstrate why responding
10  to this request and/or producing responsive documents presents any burden. This
11  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
12  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
13  request is unduly burdensome must allege specific facts which indicate the nature
14  and extent of the burden, usually by affidavit or other reliable evidence.")
15  Moreover, it is not unduly burdensome, as noted above, in that the request is
16  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
17  has engaged in a broad variety of unfair trade practices including serial copying of
18  MGA products.

19        This request does not seek documents protected by the attorney-client
20  privilege, the attorney work product doctrine, or other applicable privileges. To the
21  extent that Mattel contends that it does, Mattel must provide a privilege log.

22        As to relevancy, Mattel has not attempted to demonstrate why the
23  responsive documents are irrelevant to the current action. On the contrary, MGA
24  has alleged that Mattel is engaged in copying of MGA products, packaging, themes
25  and advertising. "Barbie" on roller skates or roller-blades is an example of one such
26  product line. A request for documents that relate to creation, design, development,
27  actual sale, proposed sale, actual marketing, proposed marketing, patent, trademark,
28  trade dress, copyright or other intellectual property rights in, to or of the feet, shoes

1  or skates of the "Barbie" on roller skates or roller-blades that is disclosed in the

2  documents that Mattel produced in this action is therefore relevant to this action and

3  MGA's claim.

4         Mattel objects that the request is duplicative or subsumed within prior

5  requests but does not identify the allegedly duplicative requests. Mattel's failure to

6  agree to produce responsive non-privileged documents is not proper based on this

7  objection.

8         Mattel objects that the request contains confidential, proprietary, and

9  trade secret information. A Protective Order exists in this case, obviating any

10  concern as to protection of privacy rights and/or commercially sensitive

11  information.

12         None of Mattel's improper objections are valid and Mattel is obligated

13  to produce all non-privileged responsive documents in its possession, custody, or

14  control.

15  **MATTEL'S RESPONSE:**

16         MGA must establish that its discovery meets the relevance

17  requirements of Rule 26(b)(1), which clearly states that discovery must be

18  "reasonably calculated to lead to the discovery of admissible evidence." MGA has

19  not attempted to explain how the requested documents are related to Phase 2 issues.

20  "A trial court has a duty, of special significance in lengthy and complex cases where

21  the possibility of abuse is always present, to supervise and limit discovery to protect

22  parties and witnesses from annoyance and excessive expense." <u>Dolgow v.</u>

23  <u>Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan</u>

24  <u>American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

25  <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983)

26  (same). As the previous Discovery Master has held, a party may not propound

27  document requests as part of a fishing expedition or to discover new claims. <u>Rivera</u>

28  <u>v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not

1  condone the use of discovery to engage in 'fishing expeditions.'"). The ownership of

2  Bratz has already been established in this case.  MGA cannot seek documents in

3  Phase 2 relating only to that determination.

4       Additionally, MGA failed to meet and confer in good faith regarding

5  this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,

6  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

7  party shall first identify each dispute, state the relief sought and identify the

8  authority supporting the requested relief in a meet and confer letter that shall be

9  served on all parties by facsimile or electronic mail. The parties shall have five court

10  days from the date of service of that letter to conduct an in-person conference to

11  attempt to resolve the dispute.").  At no point during the meet and confer process did

12  MGA articulate a valid basis for which this Request could be considered relevant to

13  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

14  simply not true; MGA never initiated any dialogue about this Request or Mattel's

15  response in the first place.  The Discovery Master should deny MGA's motion with

16  respect to this Request on that grounds alone.

17       The motion is also moot.  As MGA has admitted in correspondence

18  going back to 2007[2592], Mattel has produced and continues to produce documents

19  that are responsive to this Request.   As to the actual production of relevant

20  documents, there is no dispute and indeed had been no dispute for years, as MGA

21  well knows, and this issue could have been resolved without motion practice if

22  MGA had completed the meet and confer process in good faith.

23       The Request is also entirely duplicative of prior discovery served by

24  Carter Bryant as well as subsequent discovery served by MGA.  ███████

25  ████████████████████████████████████████

1 ███████████████████████████████████████████████

2 ████████████ MGA's claim, at this stage of the litigation, that there remain

3 unproduced relevant materials on this subject in Mattel's possession is not credible.

4 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

5 was duplicative and that Mattel had produced relevant documents in response.[2594]

6 ████████████████████████████████████

7 ███████████████████████████████████████████████

8 ███████████████████████████████████████████████

9 ███████████████████████████████████████████████

10 ███████████████████████████████████████████████

11 ███████████████████████████████████████████████

12 ███████████████████████████████████████████████

13 ███████████████████████████████████████████████

14 ███████████████████████████████████████████████

15 ███████████████████████████████████████████████

16 ███████████████████████████████

17 ████████████████████████████████████████████

18 ███████████████████████████████████████████████

19 ███████████████████████████████████████████████

20 ─────────────────

21 [2592]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

22 Dart Dec., Exh. 43.

23 ███████████████████████████████████████████

24 [2594]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

25 Dart Dec., Exh. 43. ███████████████████████████

26 █

27 ████████████

28



00505.07975/3161896.1
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

**REQUEST FOR PRODUCTION NO. 275:**

All DOCUMENTS evidencing whether and how BRYANT had access to, knew of, saw, or worked on the creation, design or development of the feet, shoes or skates of the "Barbie" on roller skates or roller blades that is disclosed in the documents that MATTEL produced in this action.

**RESPONSE TO REQUEST NO. 275:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject.

Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

1  harassing' are improper – especially when a party fails to submit any evidentiary
2  declarations supporting such objections").  Accordingly, Mattel must be compelled
3  either to certify that it has produced all non-privileged responsive documents or to
4  produce all such documents by a date certain.

5      To the extent that Mattel is relying on its blanket objections, they are
6  not sustainable and do not justify Mattel's failure to produce documents.

7      As to overbreadth, Mattel provides no explanation, let alone the
8  required particularity, as to *why* this request is supposedly overly broad, nor can it
9  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
10  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
11  contrary, the request is narrowly tailored to seek documents evidencing whether and
12  how BRYANT had access to, knew of, or worked on the creation, design, or
13  development of the feet, shoes or skates of the "Barbie" on roller skates or roller-
14  blades that is disclosed in the documents that Mattel itself has produced in this
15  action.  MGA is entitled to a full production of these documents because they may
16  bear on Bryant's creation or conception of BRATZ, which is highly relevant to
17  MGA's claims and defenses in this case.

18      As to burden, Mattel has not attempted to demonstrate why responding
19  to this request and/or producing responsive documents presents any burden.  This
20  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
21  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
22  request is unduly burdensome must allege specific facts which indicate the nature
23  and extent of the burden, usually by affidavit or other reliable evidence.")
24  Moreover, it is not unduly burdensome, as noted above, in that the request is
25  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
26  has engaged in a broad variety of unfair trade practices including serial copying of
27  MGA products.

28

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges. To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    As to relevancy, Mattel has not attempted to make any objections. It

5    therefore concedes relevance. MGA is entitled to all documents on the issue, and

6    not just those that Mattel chooses to produce in support of its claims.

7    Mattel objects that the request contains confidential, proprietary, and

8    trade secret information. A Protective Order exists in this case, obviating any

9    concern as to protection of privacy rights and/or commercially sensitive

10   information.

11   None of Mattel's improper objections are valid and Mattel is obligated

12   to produce all non-privileged responsive documents in its possession, custody, or

13   control.

14   **MATTEL'S RESPONSE:**

15   MGA must establish that its discovery meets the relevance

16   requirements of Rule 26(b)(1), which clearly states that discovery must be

17   "reasonably calculated to lead to the discovery of admissible evidence." MGA has

18   not attempted to explain how the requested documents are related to Phase 2 issues.

19   "A trial court has a duty, of special significance in lengthy and complex cases where

20   the possibility of abuse is always present, to supervise and limit discovery to protect

21   parties and witnesses from annoyance and excessive expense." Dolgow v.

22   Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

23   American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

24   Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

25   (same). As the previous Discovery Master has held, a party may not propound

26   document requests as part of a fishing expedition or to discover new claims. Rivera

27   v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not

28   condone the use of discovery to engage in 'fishing expeditions.'"). The ownership of

1  Bratz has already been established in this case. MGA cannot seek documents in
2  Phase 2 relating only to that determination.

3         Additionally, MGA failed to meet and confer in good faith regarding
4  this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1,
5  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
6  party shall first identify each dispute, state the relief sought and identify the
7  authority supporting the requested relief in a meet and confer letter that shall be
8  served on all parties by facsimile or electronic mail. The parties shall have five court
9  days from the date of service of that letter to conduct an in-person conference to
10 attempt to resolve the dispute."). At no point during the meet and confer process did
11 MGA articulate a valid basis for which this Request could be considered relevant to
12 Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is
13 simply not true; MGA never initiated any dialogue about this Request or Mattel's
14 response in the first place. The Discovery Master should deny MGA's motion with
15 respect to this Request on that grounds alone.

16        The motion is also moot. As MGA has admitted in correspondence
17 going back to 2007[2607], Mattel has produced and continues to produce documents
18 that are responsive to this Request. As to the actual production of relevant
19 documents, there is no dispute and indeed had been no dispute for years, as MGA
20 well knows, and this issue could have been resolved without motion practice if
21 MGA had completed the meet and confer process in good faith.

22        The Request is also entirely duplicative of prior discovery served by
23 Carter Bryant as well as subsequent discovery served by MGA. ████████

24 ████████████████████████████████████████████████████████
25 ████████████████████████████████████████████████████████
26
27
28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)



1       ███████        MGA's claim, at this stage of the litigation, that there remain

2   unproduced relevant materials on this subject in Mattel's possession is not credible.

3   In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

4   was duplicative and that Mattel had produced relevant documents in response.[2609]

21      [2607]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

22   Dart Dec., Exh. 43.

24      [2609]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

25   Dart Dec., Exh. 43.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

00505.07975/3161896.1

1 **REQUEST FOR PRODUCTION NO. 276:**

2       All DOCUMENTS evidencing whether the "Barbie" on roller skates or

3 roller blades that is disclosed in the documents that MATTEL produced in this

4 action was ever marketed or sold.

5 **RESPONSE TO REQUEST NO. 276:**

6       In addition to the general objections stated above, which are

7 incorporated herein by reference, Mattel objects to this Request on the grounds that

8 it seeks documents that are not relevant to this action or likely to lead to the

9 discovery of admissible evidence.   Mattel further objects to this Request as

10 overbroad, unduly burdensome and oppressive in that it seeks "all" documents in

11 Mattel's possession, custody and control on this broad subject.   Mattel further

12 objects to this Request on the grounds that it calls for the disclosure of information

13 subject to the attorney- client privilege, the attorney work-product doctrine and other

14 applicable privileges.  Mattel further objects to this Request on the grounds that it is

15 duplicative of or subsumed within prior Requests already responded to and seeks the

16 re-production of information and documents already produced in this action.   Such

17 information and documents will not be re-produced.

18 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

19 **TO SHOULD BE COMPELLED**

20       Mattel has not agreed to produce documents in response to this request,

21 subject to its improper boilerplate objections.  Mattel has refused to confirm whether

22 or not it has produced all non-privileged responsive documents or whether it is

23 withholding documents based on its objections in Phase 2.  Under the Federal Rules

24 of Civil Procedure, "an objection to part of a request must specify the part and

25 permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

26 fail to explain the basis for an objection with specificity are routinely rejected in the

27 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

28 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

1 | harassing' are improper – especially when a party fails to submit any evidentiary
2 | declarations supporting such objections").  Accordingly, Mattel must be compelled
3 | either to certify that it has produced all non-privileged responsive documents or to
4 | produce all such documents by a date certain.

5 | To the extent that Mattel is relying on its blanket objections, they are
6 | not sustainable and do not justify Mattel's failure to produce documents.

7 | As to overbreadth, Mattel provides no explanation, let alone the
8 | required particularity, as to *why* this request is supposedly overly broad, nor can it
9 | do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
10 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
11 | contrary, the request is narrowly tailored to seek documents evidencing whether the
12 | "Barbie" on roller skates or roller-blades that is disclosed in the documents that
13 | Mattel itself has produced in this action.  MGA is entitled to a full production of
14 | these documents because they may bear on Bryant's creation or conception of
15 | BRATZ, which is highly relevant to MGA's claims and defenses in this case.

16 | As to burden, Mattel has not attempted to demonstrate why responding
17 | to this request and/or producing responsive documents presents any burden.  This
18 | objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
19 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
20 | request is unduly burdensome must allege specific facts which indicate the nature
21 | and extent of the burden, usually by affidavit or other reliable evidence.")
22 | Moreover, it is not unduly burdensome, as noted above, in that the request is
23 | narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
24 | has engaged in a broad variety of unfair trade practices including serial copying of
25 | MGA products.

26 | This request does not seek documents protected by the attorney-client
27 | privilege, the attorney work product doctrine, or other applicable privileges.  To the
28 | extent that Mattel contends that it does, Mattel must provide a privilege log.

1        As to relevancy, Mattel has not attempted to demonstrate why the

2   responsive documents are irrelevant to the current action.  On the contrary, MGA

3   has alleged that Mattel is engaged in copying of MGA products, packaging, themes

4   and advertising.  "Barbie" on roller skates or roller-blades is an example of one such

5   product line.  A request for documents evidencing whether the "Barbie" on roller

6   skates or roller-blades that is disclosed in the documents that Mattel produced in this

7   action was ever marketed or sold is therefore relevant to this action and MGA's

8   claim.

9        Mattel objects that the request contains confidential, proprietary, and

10  trade secret information.  A Protective Order exists in this case, obviating any

11  concern as to protection of privacy rights and/or commercially sensitive

12  information.

13       None of Mattel's improper objections are valid and Mattel is obligated

14  to produce all non-privileged responsive documents in its possession, custody, or

15  control.

16  **MATTEL'S RESPONSE:**

17       MGA must establish that its discovery meets the relevance

18  requirements of Rule 26(b)(1), which clearly states that discovery must be

19  "reasonably calculated to lead to the discovery of admissible evidence."  MGA has

20  not attempted to explain how the requested documents are related to Phase 2 issues.

21  "A trial court has a duty, of special significance in lengthy and complex cases where

22  the possibility of abuse is always present, to supervise and limit discovery to protect

23  parties and witnesses from annoyance and excessive expense."   Dolgow v.

24  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

25  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

26  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

27  (same).  As the previous Discovery Master has held, a party may not propound

28  document requests as part of a fishing expedition or to discover new claims.  Rivera

1   v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not
2   condone the use of discovery to engage in 'fishing expeditions.'"). The ownership of
3   Bratz has already been established in this case. MGA cannot seek documents in
4   Phase 2 relating only to that determination.

5          Additionally, MGA failed to meet and confer in good faith regarding
6   this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1,
7   dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
8   party shall first identify each dispute, state the relief sought and identify the
9   authority supporting the requested relief in a meet and confer letter that shall be
10   served on all parties by facsimile or electronic mail. The parties shall have five court
11   days from the date of service of that letter to conduct an in-person conference to
12   attempt to resolve the dispute."). At no point during the meet and confer process did
13   MGA articulate a valid basis for which this Request could be considered relevant to
14   Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is
15   simply not true; MGA never initiated any dialogue about this Request or Mattel's
16   response in the first place. The Discovery Master should deny MGA's motion with
17   respect to this Request on that grounds alone.

18          The motion is also moot. As MGA has admitted in correspondence
19   going back to 2007[2622], Mattel has produced and continues to produce documents
20   that are responsive to this Request. As to the actual production of relevant
21   documents, there is no dispute and indeed had been no dispute for years, as MGA
22   well knows, and this issue could have been resolved without motion practice if
23   MGA had completed the meet and confer process in good faith.

24          The Request is also entirely duplicative of prior discovery served by
25   Carter Bryant as well as subsequent discovery served by MGA. ███████

26
27
28

00505.07975/3161896.1

-1501-

1 ████████████████████████████████████████████████

2 ████████████████████████████████████████████████

3 ████████████    MGA's claim, at this stage of the litigation, that there remain

4 unproduced relevant materials on this subject in Mattel's possession is not credible.

5 In fact, over *two years ago* MGA wrote a letter admitting that this set of requests

6 was duplicative and that Mattel had produced relevant documents in response.[2624]

7 ████████████████████████████████████████████

8 ████████████████████████████████████████████████

9 ████████████████████████████████████████████████

10 ████████████████████████████████████████████████

11 ████████████████████████████████████████████████

12 ████████████████████████████████████████████████

13 ████████████████████████████████████████████████

14 ████████████████████████████████████████████████

15 ████████████████████████████████████████████████

16 ████████████████████████████████████████████████

17 ████████████████████████████████████████████████

18 ████████████████████████████████████████████████

19 ████████████████████████████████████████████████

20

21 _____

22 [2622]    See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

23 Dart Dec., Exh. 43.

24 ████████████████████████████████████████████

25 [2624]    See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

Dart Dec., Exh. 43.

26 ████████████████████████████████████████████████

27 ████████████████████████████████████████████████

28

00505.07975/3161896.1
[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161896.1

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

2 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

**REQUEST FOR PRODUCTION NO. 277:**

All DOCUMENTS mentioning, discussing, referring or relating to the July 18, 2003 Wall Street Journal article in which MATTEL employees and ex-employees are said to be quoted or paraphrased.

**RESPONSE TO REQUEST NO. 277:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it seeks documents that not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request as overboard, unduly burdensome and oppressive, including in that it purports to require Mattel to search for, locate and produce every copy of the article among the files of its thousands of employees and every communication among its thousands of employees mentioning the article.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses to produce documents in response to this request, standing on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

explain the basis for an objection with specificity are routinely rejected in the Central District. <u>See A. Farber and Partners, Inc. v. Garber,</u> 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning a particular newspaper article.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. <u>See Jackson v. Montgomery Ward & Co., Inc.,</u> 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. Rather it seeks information regarding the factual basis of Mattel's knowledge of the claims at issue. To the extent that Mattel contends that responsive materials are privileged, Mattel must provide a privilege log.

1    This article, which discusses Mattel sources who allegedly accused
2    Bryant of copying Mattel's intellectual property, is central to MGA's affirmative
3    defense that Mattel's counterclaims in Phase 2 are barred by the statute of limitation
4    and/or laches, among other things.  Thus, the documents sought in response to this
5    request are discoverable in connection with Phase 2 claims and defenses.

6    None of Mattel's improper objections are valid and Mattel is obligated
7    to produce all non-privileged responsive documents in its possession, custody, or
8    control.

9    **MATTEL'S RESPONSE:**

10   First, MGA fails to acknowledge that it has limited this Request to
11   include only "documents to, from or written by Mattel officers, directors, counsel or
12   individuals (i) identified as potential witnesses in any party's Rule 26 disclosures or
13   applicable discovery responses or (ii) whom Mattel believes either has information
14   pertaining to a claim or defense in this litigation or who is likely to be a witness in
15   this case (including by virtue of having been designated to testify pursuant to Rule
16   30(b)(6)) or (iii) Mattel has any reason to believe provided information to the Wall
17   Street Journal or was interviewed in connection with that article."[2632]

18   MGA must establish that its discovery meets the relevance
19   requirements of Rule 26(b)(1), which clearly states that discovery must be
20   "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
21   not attempted to explain how the requested documents are related to Phase 2 issues.
22   "A trial court has a duty, of special significance in lengthy and complex cases where
23   the possibility of abuse is always present, to supervise and limit discovery to protect
24   parties and witnesses from annoyance and excessive expense."  <u>Dolgow v.</u>
25   <u>Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan</u>

26

27   [2632] <u>See</u> letter from Dale Cendali to John Quinn, dated July 27, 2006.

28

1  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

2  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

3  (same).  As the previous Discovery Master has held, a party may not propound

4  document requests as part of a fishing expedition or to discover new claims.  Rivera

5  v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not

6  condone the use of discovery to engage in 'fishing expeditions.'").

7        Additionally, MGA failed to meet and confer in good faith regarding

8  this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,

9  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

10  party shall first identify each dispute, state the relief sought and identify the

11  authority supporting the requested relief in a meet and confer letter that shall be

12  served on all parties by facsimile or electronic mail. The parties shall have five court

13  days from the date of service of that letter to conduct an in-person conference to

14  attempt to resolve the dispute.").  At no point during the meet and confer process did

15  MGA articulate a valid basis for which this Request could be considered relevant to

16  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

17  simply not true; MGA never initiated any dialogue about this Request or Mattel's

18  response in the first place.  The Discovery Master should deny MGA's motion with

19  respect to this Request on that grounds alone.

20        The motion is also moot.  As MGA has admitted in correspondence

21  going back to 2007[2633], Mattel has produced and continues to produce documents

22  that are responsive to this Request.  As to the actual production of relevant

23  documents, there is no dispute and indeed had been no dispute for years, as MGA

24  well knows, and this issue could have been resolved without motion practice if

25  MGA had completed the meet and confer process in good faith.

26

27

28

00505.07975/3161896.1

-1507-

1  **REQUEST FOR PRODUCTION NO. 278:**

2       All DOCUMENTS naming or otherwise identifying the persons

3  interviewed for the July 18, 2003 Wall Street Journal article in which MATTEL

4  employees and ex-employees are said to be quoted or paraphrased.

5  **RESPONSE TO REQUEST NO. 278:**

6       In addition to the general objections stated above, which are

7  incorporated herein by reference, Mattel objects to this Request on the grounds that

8  it calls for the disclosure of information subject to the attorney-client privilege, the

9  attorney work-product doctrine and other applicable privileges.   Mattel further

10  objects to this Request on the grounds that it seeks documents that are not relevant

11  to this action or likely to lead to the discovery of admissible evidence.   Mattel

12  further objects to this Request as unduly burdensome in that it purports to require

13  Mattel to search for, identify and produce all documents relating to matters that are

14  currently known to and in the possession, custody and control of third-parties, and

15  not Mattel.

16  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

17  **TO SHOULD BE COMPELLED**

18       Mattel refuses to produce documents in response to this request,

19  standing on its improper boilerplate objections.   Under the Federal Rules of Civil

20  Procedure, "an objection to part of a request must specify the part and permit

21  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

22  explain the basis for an objection with specificity are routinely rejected in the

23  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

24  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

25  harassing' are improper – especially when a party fails to submit any evidentiary

26  

27  [2633]   See letter from David Hurwitz to Michael Zeller, dated March 29, 2007,

28  (footnote continued)

1  declarations supporting such objections").  Accordingly, Mattel must be compelled
2  either to certify that it has produced all non-privileged responsive documents or to
3  produce all such documents by a date certain.

4         To the extent that Mattel is relying on its blanket objections, they are
5  not sustainable and do not justify Mattel's failure to produce documents.

6         As to overbreadth, Mattel provides no explanation, let alone the
7  required particularity, as to *why* this request is supposedly overly broad, nor can it
8  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
9  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
10 contrary, the request is narrowly tailored to seek documents concerning a particular
11 newspaper article..

12        As to burden, Mattel has not attempted to demonstrate why responding
13 to this request and/or producing responsive documents presents any burden.  This
14 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
15 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
16 request is unduly burdensome must allege specific facts which indicate the nature
17 and extent of the burden, usually by affidavit or other reliable evidence.")
18 Moreover, it is not unduly burdensome, as noted above, in that the request is
19 narrowly tailored to seek only discoverable evidence.

20        This request does not seek documents protected by the attorney-client
21 privilege, the attorney work product doctrine, or other applicable privileges.  Rather
22 it seeks information regarding the factual basis of Mattel's knowledge of the claims
23 at issue.  To the extent that Mattel contends that responsive materials are privileged,
24 Mattel must provide a privilege log.

25
26
27
28

Dart Dec., Exh. 43.

-1509-

1   This article, which discusses Mattel sources who allegedly accused
2   Bryant of copying Mattel's intellectual property, is central to MGA's affirmative
3   defense that Mattel's counterclaims in Phase 2 are barred by the statute of limitation
4   and/or laches, among other things.  Thus, the documents sought in response to this
5   request are discoverable in connection with Phase 2 claims and defenses.

6   None of Mattel's improper objections are valid and Mattel is obligated
7   to produce all non-privileged responsive documents in its possession, custody, or
8   control.

9   **MATTEL'S RESPONSE:**

10   First, MGA fails to acknowledge that it has limited this Request to
11   include only "documents to, from or written by Mattel officers, directors, counsel or
12   individuals (i) identified as potential witnesses in any party's Rule 26 disclosures or
13   applicable discovery responses or (ii) whom Mattel believes either has information
14   pertaining to a claim or defense in this litigation or who is likely to be a witness in
15   this case (including by virtue of having been designated to testify pursuant to Rule
16   30(b)(6)) or (iii) Mattel has any reason to believe provided information to the Wall
17   Street Journal or was interviewed in connection with that article."[2634]

18   MGA must establish that its discovery meets the relevance
19   requirements of Rule 26(b)(1), which clearly states that discovery must be
20   "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
21   not attempted to explain how the requested documents are related to Phase 2 issues.
22   "A trial court has a duty, of special significance in lengthy and complex cases where
23   the possibility of abuse is always present, to supervise and limit discovery to protect
24   parties and witnesses from annoyance and excessive expense."  Dolgow v.
25   Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

26   _____

27   [2634]   See letter from Dale Cendali to John Quinn, dated July 27, 2006.
28

1   American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

2   Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

3   (same).  As the previous Discovery Master has held, a party may not propound

4   document requests as part of a fishing expedition or to discover new claims.  Rivera

5   v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not

6   condone the use of discovery to engage in 'fishing expeditions.'").

7            Additionally, MGA failed to meet and confer in good faith regarding

8   this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,

9   dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

10  party shall first identify each dispute, state the relief sought and identify the

11  authority supporting the requested relief in a meet and confer letter that shall be

12  served on all parties by facsimile or electronic mail. The parties shall have five court

13  days from the date of service of that letter to conduct an in-person conference to

14  attempt to resolve the dispute.").  At no point during the meet and confer process did

15  MGA articulate a valid basis for which this Request could be considered relevant to

16  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

17  simply not true; MGA never initiated any dialogue about this Request or Mattel's

18  response in the first place.  The Discovery Master should deny MGA's motion with

19  respect to this Request on that grounds alone.

20           The motion is also moot.  As MGA has admitted in correspondence

21  going back to 2007[2635], Mattel has produced and continues to produce documents

22  that are responsive to this Request.   As to the actual production of relevant

23  documents, there is no dispute and indeed had been no dispute for years, as MGA

24  well knows, and this issue could have been resolved without motion practice if

25  MGA had completed the meet and confer process in good faith.

26

27

28

**REQUEST FOR PRODUCTION NO. 279:**

All DOCUMENTS received from any third-party in response to any subpoena in this case including, without limitation, Empire Bank, the Mattel Federal Credit Union, Alaska Momma, LA Focus and any SBC entity.

**RESPONSE TO REQUEST NO. 279:**

Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses to produce documents in response to this request, standing on its improper boilerplate objection. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objection, it is not sustainable and does not justify Mattel's failure to produce documents.

---

[2635] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059, SET ONE)

1    Mattel objects that the request is duplicative or subsumed within prior

2  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

3  agree to produce responsive non-privileged documents is not proper based on this

4  objection.

5    Mattel's improper objection is not valid and Mattel is obligated to

6  produce all non-privileged responsive documents in its possession.

7  **MATTEL'S RESPONSE:**

8    First, MGA fails to acknowledge that it has limited this Request to seek

9  only "express confirmation that Mattel has conducted a diligent search for

10  documents responsive to this request, and that it does not have any additional

11  documents in its possession, custody or control responsive to this request and that it

12  has produced such documents in this litigation."[2636]

13    Additionally, MGA failed to meet and confer in good faith regarding

14  this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1,

15  dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

16  party shall first identify each dispute, state the relief sought and identify the

17  authority supporting the requested relief in a meet and confer letter that shall be

18  served on all parties by facsimile or electronic mail. The parties shall have five court

19  days from the date of service of that letter to conduct an in-person conference to

20  attempt to resolve the dispute.").  At no point during the meet and confer process did

21  MGA articulate a valid basis for which this Request could be considered relevant to

22  Phase 2 issues.  Thus, MGA's claim that Mattel has refused to meet and confer is

23  simply not true; MGA never initiated any dialogue about this Request or Mattel's

24  response in the first place.  The Discovery Master should deny MGA's motion with

25  respect to this Request on that grounds alone.

26

27    [2636]  See letter from Dale Cendali to John Quinn, dated July 27, 2006.

28

1        The motion is also moot.  As MGA has admitted in correspondence

2 going back to 2007[2637], Mattel has produced and continues to produce documents

3 that are responsive to this Request.  As to the actual production of relevant

4 documents, there is no dispute and indeed had been no dispute for years, as MGA

5 well knows, and this issue could have been resolved without motion practice if

6 MGA had completed the meet and confer process in good faith.

7

8

9 DATED:  October 19, 2009      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

10

11                        By /s/ James J. Webster

12                           James J. Webster
                             Attorneys for Mattel, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

[2637] See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, Dart Dec., Exh. 43.

27

28