1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5    Los Angeles, California  90017–2543
     Telephone:   (213) 443–3000
6    Facsimile:   (213) 443–3100
     Attorneys for Mattel, Inc.
7
                    UNITED STATES DISTRICT COURT
8
                   CENTRAL DISTRICT OF CALIFORNIA
9
10  MATTEL, INC., a Delaware              CASE NO. CV 04-9049 DOC (RNBx)
    corporation,                          Consolidated with
11                                        Case No. CV 04-09059
                    Plaintiff,            Case No. CV 05-02727
12
13         vs.                            **DISCOVERY MATTER**

14  MGA ENTERTAINMENT, INC. et al.        **[To Be Heard By Discovery Master Robert O'Brien]**

15                                        **[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT IN SUPPORT OF MGA PARTIES' MOTION TO COMPEL FURTHER RESPONSES TO MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (9049 SET FOUR)**
16
                    Defendant.
17
18  ─────────────────────────────
    AND CONSOLIDATED ACTIONS          Date:   TBD
19                                    Time:   TBD
20                                    Place:  Arant Fox LLP
                                      555 West Fifth St.
21                                    48th Floor
                                      Los Angeles, CA
22                                    90013
23                                    **Phase 2**
                                      Discovery December 11: 2009
24                                    Pre-trial Conference:  March 1, 2010
                                      Trial Date:  March 23, 2010
25
26
27
28

1    Mattel, Inc. respectfully submits this Separate Statement in support of

2  its Opposition to MGA Parties' Motion to Compel Further Responses to MGA's

3  Requests for Production of Documents (9049 Set Four).  This Separate Statement

4  covers MGA's Third Set of Requests in Case No. CV 04-9049-SGL of the

5  consolidated proceedings, served on December 21, 2007.  The requests included in

6  this Separate Statement are Request Nos.  384, 388-394, 396-397, 399-418, 420-

7  435, and 437-469 (the "Requests at Issue").

8    **MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS AT ISSUE**

9    **AND RESPONSES – CASE NO. CV 04–9049 SGL (RNBx)**

10  **REQUEST FOR PRODUCTION NO. 384:**

11    All DOCUMENTS REFERRING OR RELATING TO the origins or

12  sources of inspiration of "ACCELERACERS," including, without limitation, the

13  purpose for which "ACCELERACERS" products were created.

14  **RESPONSE TO REQUEST NO. 384:**

15    In addition to the general objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case. Mattel further

20  objects to the use of the terms "sources of inspiration" and "purpose" in this context

21  as vague and ambiguous. Mattel further objects to the Request on the grounds that it

22  seeks documents that are not relevant to this action or likely to lead to the discovery

23  of admissible evidence. Mattel further objects to this Request on the grounds that it

24  seeks confidential, proprietary and trade secret information, including such

25  information that has no bearing on the claims or defenses in this case. Mattel further

26  objects to this Request on the grounds that it calls for the disclosure of information

27  subject to the attorney–client privilege, the attorney work–product doctrine and

28  other applicable privileges.

1    Subject to and without waiving the foregoing objections, Mattel

2  responds as follows: Mattel will produce such responsive, non–privileged

3  documents relating to those matters placed at issue in this litigation that are in

4  Mattel's possession, custody, or control, if any, that Mattel has been able to locate

5  after a diligent search and reasonable inquiry, to the extent not previously produced.

6  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

7  **TO SHOULD BE COMPELLED**

8    Mattel has improperly limited its agreement to produce documents in

9  response to this request to matters that it deems placed at issue. Mattel has refused to

10  confirm whether or not it has produced all non–privileged responsive documents or

11  whether it is withholding documents based on its objections or improper limitation

12  in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a

13  request must specify the part and permit inspection of the rest." Fed. R. Civ. P.

14  34(b)(2)(c). Generic objections that fail to explain the basis for an objection with

15  specificity are routinely rejected in the Central District.  See A. Farber and

16  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

17  boilerplate objections such as 'overly burdensome and harassing' are improper –

18  especially when a party fails to submit any evidentiary declarations supporting such

19  objections"). Accordingly, Mattel must be compelled either to certify that it has

20  produced all non–privileged responsive documents or to produce all such documents

21  by a date certain.

22    To the extent that Mattel is relying on its blanket objections, they are

23  not sustainable and do not justify Mattel's failure to produce documents.

24    As to overbreadth, Mattel provides no explanation, let alone the

25  required particularity, as to why this request is supposedly overly broad, nor can it

26  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

27  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

28  contrary, the request is narrowly tailored to seek documents concerning the origin

1  and source of "ACCELERACERS," and is facially limited to the time around when
2  the particular line of product was created.

3        As to burden, Mattel has not attempted to demonstrate why responding
4  to this request and/or producing responsive documents presents any burden. This
5  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co.,
6  Inc., 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
7  request is unduly burdensome must allege specific facts which indicate the nature
8  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
9  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
10  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
11  broad variety of unfair trade practices including serial copying of MGA products
12  and trade dress infringement. MGA is entitled to discovery on these claims.

13        This request does not seek documents protected by the attorney–client
14  privilege, the attorney work product doctrine, or other applicable privileges. To the
15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16        As for relevancy, Mattel has not attempted to demonstrate why
17  responding to this request and/or producing responsive documents is irrelevant to
18  the present action. On the contrary, MGA has alleged that Mattel has engaged in
19  copying of MGA products, and "ACCELERACERS" is an example of one such
20  product line. A request seeking the origin and source of inspiration behind its
21  creation is relevant to this action and MGA's claim.

22        Mattel objects that the request contains confidential, proprietary, and
23  trade secret information. A Protective Order exists in this case, obviating any
24  concern as to protection of privacy rights and/or commercially sensitive
25  information.

26        None of Mattel's improper objections are valid and Mattel is obligated
27  to produce all non–privileged responsive documents in its possession.

28

**MATTEL'S RESPONSE**

As MGA would have learned had it bothered to meet and confer on these issues, Mattel has already produced all relevant non-privileged documents responsive to this Request.  MGA objects to Mattel's limitation that it will produce documents related to "matters placed at issue in this litigation," but it provides no argument as to why this limitation is inappropriate.  MGA has not provided any basis for asserting that this production is incomplete.  MGA's motion to compel responses to this Request should therefore be denied as moot.

MGA argues that Mattel seeks unilaterally to impose limits on the electronic discovery sources that it must search and from which it must collect documents.  After exhaustive briefing in January through March 2008, the Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data searches.  In January 2008, MGA moved for a "certification"[1] that Mattel had produced "all non-privileged email responsive to MGA's and Bryant's document requests."[2]  Because that Motion pre-dated the stay of Phase 2 discovery, it was *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's arguments, the Discovery Master noted the exhaustive search methods Mattel had undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

---

[1]   The prior Discovery Master has noted that such "certifications" are improper.  See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25 ("THE COURT: You don't have to address that [the certification issue].  As far as I'm concerned, there is no good cause or basis or authorized rule in the Federal Rules of Civil Procedure that support such an order, so I'm going to deny that aspect of the motion.").

[2]   Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart Decl., Exh. 16.

1   date for electronic information are adequate to discharge its obligation under Rule
2   34."[3]

3          MGA ignores these prior rulings entirely, and demands again that
4   Mattel search *all* data sources in its possession, custody or control for responsive
5   information in connection with its requests for production.  It also ignores the recent
6   ruling of the current Discovery Master that MGA's requests calling for documents
7   that could be found anywhere on Mattel's thousands of servers or individual
8   employee computers worldwide are unduly burdensome.  See Phase 2 Discovery
9   Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (███████

10  ████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████

12  ██████████████████████████████████████████████

13  ████████████████████████████  Mattel has fully responded to MGA's

14  request, and further searches should not be ordered.

15         Despite Mattel's agreement to produce documents, MGA nevertheless
16  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For
17  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald
18  assertion that "this request does not seek information protected by the attorney-client
19  privilege, the attorney work product doctrine, or other applicable privileges" has no
20  merit.  Documents discussing Acceleracers could very well be subject to a claim of
21  privilege or work product protection.  Moreover, as MGA has itself argued, the
22  parties have agreed that "all privileged documents would be logged except for

23

24

25

26
-----
27  [3]   See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
    Dart Decl., Exh. 16.
28

1  documents created after this action was filed on April 27, 2004."[4]  Thus, to the
2  extent privileged documents fall within the post lawsuit time period, they need not
3  be included on Mattel's log.

4          Similarly, MGA attempts to overrule Mattel's burden objection though
5  it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master
6  has already placed limits on the searches Mattel must make in producing documents,
7  and this objection is only meant to invoke those issues that have already been
8  settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at
9  6-7, Dart Decl., Exh. 16 (denying Motion to Compel on all outstanding emails,
10  holding that Mattel has produced all relevant emails and does not need to consult
11  back-up tapes to complete its production).  MGA should not be permitted to
12  circumvent prior Orders by seeking to overrule Mattel's objections here.

13          Finally, MGA failed to meet and confer at all, much less in good faith,
14  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
15  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17_ ("[B]efore filing
16  any discovery motion, the moving party shall first identify each dispute, state the
17  relief sought and identify the authority supporting the requested relief in a meet and
18  confer letter that shall be served on all parties by facsimile or electronic mail. The
19  parties shall have five court days from the date of service of that letter to conduct an
20  in-person conference to attempt to resolve the dispute.").  At no point during the
21  meet and confer process did the parties discuss this Request or Mattel's response to
22  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

23
24
25

26  [4]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.
28

1  show the relevance of any requests it sought to move on.[5]   Because MGA refused to
2  even attempt to make this showing, there was no possibility of a good faith meet and
3  confer to resolve the parties' disputes.  The Discovery Master should deny MGA's
4  motion with respect to this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 388:**

6      All DOCUMENTS REFERRING OR RELATING TO the selection,
7  approval process, design and development of the "ACCELERACERS" products and
8  themes prior to their initial release to the public, including but not limited to any
9  design drawings, MARKET RESEARCH, and product approval memos.

10 **RESPONSE TO REQUEST NO. 388:**

11     In addition to the general objections stated above which are
12 incorporated herein by reference, Mattel objects to this Request on the grounds that
13 it is overbroad and unduly burdensome, including in that it seeks all documents on
14 this subject without limitation as to time, and regardless of whether such documents
15 relate to products or matters at issue in this case. Mattel further objects to the use of
16 the term "themes" in this context as vague and ambiguous and as assuming facts not
17 in evidence and contrary to the evidence. Mattel further objects to the Request on
18 the grounds that it seeks documents that are not relevant to this action or likely to
19 lead to the discovery of admissible evidence. Mattel further objects to this Request
20 on the grounds that it seeks confidential, proprietary and trade secret information,
21 including such information that has no bearing on the claims or defenses in this
22 case. Mattel further objects to this Request on the grounds that it calls for the

23
24

25   [5]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
27 (S.D. Cal. May 14, 2009).
28

1 | disclosure of information subject to the attorney–client privilege, the attorney work–
2 | product doctrine and other applicable privileges.

3 |       Subject to and without waiving the foregoing objections, Mattel
4 | responds as follows: Mattel will produce such responsive, non–privileged
5 | documents that are in Mattel's possession, custody, or control, if any, relating to
6 | those matters placed at issue in this litigation that Mattel has been able to locate
7 | after a diligent search and reasonable inquiry, to the extent not previously produced.

8 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9 | **TO SHOULD BE COMPELLED**

10 |       Mattel has improperly limited its agreement to produce documents to
11 | those matters that it deems placed at issue in response to this request. Mattel has
12 | refused to confirm whether or not it has produced all non–privileged responsive
13 | documents or whether it is withholding documents based on its objections or
14 | improper limitation in Phase 2. Under the Federal Rules of Civil Procedure, "an
15 | objection to part of a request must specify the part and permit inspection of the rest."
16 | Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an
17 | objection with specificity are routinely rejected in the Central District. See A.
18 | Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
19 | or boilerplate objections such as 'overly burdensome and harassing' are improper –
20 | especially when a party fails to submit any evidentiary declarations supporting such
21 | objections"). Accordingly, Mattel must be compelled either to certify that it has
22 | produced all non–privileged responsive documents or to produce all such documents
23 | by a date certain.

24 |       To the extent that Mattel is relying on its blanket objections, they are
25 | not sustainable and do not justify Mattel's failure to produce documents.

26 |       As to overbreadth, Mattel provides no explanation, let alone the
27 | required particularity, as to why this request is supposedly overly broad, nor can it
28 | do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

1   20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
2   contrary, the request is narrowly tailored to seek documents concerning the
3   selection, approval, design and development of "ACCELERACERS" products and
4   its surrounding theme prior to their initial release to the public, naturally limiting the
5   request to the time before the particular line of product was released.

6          As to burden, Mattel has not attempted to demonstrate why responding
7   to this request and/or producing responsive documents presents any burden. This
8   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
9   Inc., 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
10  request is unduly burdensome must allege specific facts which indicate the nature
11  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
12  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
13  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
14  broad variety of unfair trade practices including serial copying of MGA products
15  and trade dress infringement. MGA is entitled to discovery on these claims.

16         This request does not seek documents protected by the attorney–client
17  privilege, the attorney work product doctrine, or other applicable privileges. To the
18  extent that Mattel contends that it does, Mattel must provide a privilege log.

19         As for relevancy, Mattel has not attempted to demonstrate why
20  responding to this request and/or producing responsive documents is irrelevant to
21  the present action. On the contrary, MGA has alleged that Mattel is engaged in
22  copying of MGA products, and "ACCELERACERS" is an example of one such
23  product line. A request concerning the pre–release selection, approval, process,
24  design and development of the product and the theme surrounding it is therefore
25  relevant to this action and MGA's claims.

26         Mattel objects that the request contains confidential, proprietary, and
27  trade secret information. A Protective Order exists in this case, obviating any
28

-10-
MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET FOUR)

1 concern as to protection of privacy rights and/or commercially sensitive
2 information.

3       None of Mattel's improper objections are valid and Mattel is obligated
4 to produce all non–privileged responsive documents in its possession.

5 **MATTEL'S RESPONSE**

6       As MGA would have learned had it bothered to meet and confer on
7 these issues, Mattel has already produced all relevant non-privileged documents
8 responsive to this Request. MGA objects to Mattel's limitation that it will produce
9 documents related to "matters placed at issue in this litigation," but it provides no
10 argument as to why this limitation is inappropriate. MGA has not provided any
11 basis for asserting that this production is incomplete. MGA's motion to compel
12 responses to this Request should therefore be denied as moot.

13       MGA argues that Mattel seeks unilaterally to impose limits on the
14 electronic discovery sources that it must search and from which it must collect
15 documents. After exhaustive briefing in January through March 2008, the
16 Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
17 searches. In January 2008, MGA moved for a "certification"[6] that Mattel had
18 produced "all non-privileged email responsive to MGA's and Bryant's document
19 requests."[7] Because that Motion pre-dated the stay of Phase 2 discovery, it was
20 *expressly applicable* to *every* Request in the instant Motion. In rejecting MGA's
21 arguments, the Discovery Master noted the exhaustive search methods Mattel had

22

23

---

24   [6] The prior Discovery Master has noted that such "certifications" are improper.
25 See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25 ("THE COURT: You don't have to address that [the certification issue]. As far as I'm
26 concerned, there is no good cause or basis or authorized rule in the Federal Rules of
27 Civil Procedure that support such an order, so I'm going to deny that aspect of the motion.").

28

1   undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

2   date for electronic information are adequate to discharge its obligation under Rule

3   34."[8]

4            MGA ignores these prior rulings entirely, and demands again that

5   Mattel search *all* data sources in its possession, custody or control for responsive

6   information in connection with its requests for production.  It also ignores the recent

7   ruling of the current Discovery Master that MGA's requests calling for documents

8   that could be found anywhere on Mattel's thousands of servers or individual

9   employee computers worldwide are unduly burdensome.  See Phase 2 Discovery

10  Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 ( ███

11  ███████████████████████████████████████████████████

12  ███████████████████████████████████████████████████

13  ███████████████████████████████████████████████

14  ████████████████████████  Mattel has fully responded to MGA's

15  request, and further searches should not be ordered.

16           Despite Mattel's agreement to produce documents, MGA nevertheless

17  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For

18  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald

19  assertion that "this request does not seek information protected by the attorney-client

20  privilege, the attorney work product doctrine, or other applicable privileges" has no

21  merit.  Documents discussing Acceleracers could very well be subject to a claim of

22  privilege or work product protection.  Moreover, as MGA has itself argued, the

23  parties have agreed that "all privileged documents would be logged except for

24

25  [7]   Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart

26  Decl., Exh. 16.

27  [8]   See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
    Dart Decl., Exh. 16.

28

1  documents created after this action was filed on April 27, 2004."[9] Thus, to the
2  extent privileged documents fall within the post lawsuit time period, they need not
3  be included on Mattel's log.

4    Similarly, MGA attempts to overrule Mattel's burden objection though
5  it provides no argument on the issue. Yet, as MGA knows, the Discovery Master
6  has already placed limits on the searches Mattel must make in producing documents,
7  and this objection is only meant to invoke those issues that have already been
8  settled. See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at
9  6-7, Dart Decl., Exh. 16 (denying Motion to Compel on all outstanding emails,
10 holding that Mattel has produced all relevant emails and does not need to consult
11 back-up tapes to complete its production). MGA should not be permitted to
12 circumvent prior Orders by seeking to overrule Mattel's objections here.

13   Finally, MGA failed to meet and confer at all, much less in good faith,
14 regarding this Request prior to filing its Motion. See Phase 2 Discovery Master
15 Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing
16 any discovery motion, the moving party shall first identify each dispute, state the
17 relief sought and identify the authority supporting the requested relief in a meet and
18 confer letter that shall be served on all parties by facsimile or electronic mail. The
19 parties shall have five court days from the date of service of that letter to conduct an
20 in-person conference to attempt to resolve the dispute."). At no point during the
21 meet and confer process did the parties discuss this Request or Mattel's response to
22 it. In order to engage in a meaningful meet and confer, MGA had the burden to

23
24
25

26  [9]  See Order Denying Mattel's Motion for Protective Order Limiting the
27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.
28

-13-

1    show the relevance of any requests it sought to move on.[10]   Because MGA refused

2    to even attempt to make this showing, there was no possibility of a good faith meet

3    and confer to resolve the parties' disputes. The Discovery Master should deny

4    MGA's motion with respect to this Request on that grounds alone.

5    **REQUEST FOR PRODUCTION NO. 389:**

6              All DOCUMENTS REFERRING OR RELATING TO "ALIEN

7    RACERS" as a source of inspiration for or factor in the development of

8    "ACCELERACERS."

9    **RESPONSE TO REQUEST NO. 389:**

10         In addition to the general objections stated above which are

11    incorporated herein by reference, Mattel objects to this Request on the grounds that

12    it is vague, overbroad, unduly burdensome and unintelligible, including in that it

13    seeks all documents on this subject without limitation as to time, and regardless of

14    whether such documents relate to products or matters at issue in this case. Mattel

15    further objects to the use of the terms "sources of inspiration for or factor in the

16    development" as vague and ambiguous in this context. Mattel further objects to this

17    Request on the grounds that it assumes facts not in evidence or is contrary to the

18    evidence. Mattel further objects to the Request on the grounds that it seeks

19    documents that are not relevant to this action or likely to lead to the discovery of

20    admissible evidence. Mattel further objects to this Request on the grounds that it

21    seeks confidential, proprietary and trade secret information, including such

22    information that has no bearing on the claims or defenses in this case. Mattel further

23    objects to this Request on the grounds that it calls for the disclosure of information

24

25    [10]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26    Order No. 27, at 4 , Dart Decl., Exh. 4 (as the moving party, "Mattel bears an initial

27    burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  subject to the attorney–client privilege, the attorney work–product doctrine and
2  other applicable privileges.

3      Subject to and without waiving the foregoing objections, Mattel
4  responds as follows: Mattel will produce such responsive, non–privileged
5  documents that are in Mattel's possession, custody, or control, if any, relating to
6  those matters placed at issue in this litigation that Mattel has been able to locate
7  after a diligent search and reasonable inquiry, to the extent not previously produced.

8  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9  **TO SHOULD BE COMPELLED**

10      Mattel has improperly limited its agreement to produce documents in
11  response to this request to matters it deems placed at issue. Mattel has refused to
12  confirm whether or not it has produced all non–privileged responsive documents or
13  whether it is withholding documents based on its objections or limitation in Phase 2.
14  Under the Federal Rules of Civil Procedure, "an objection to part of a request must
15  specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
16  Generic objections that fail to explain the basis for an objection with specificity are
17  routinely rejected in the Central District.  See <u>A. Farber and Partners, Inc. v.</u>
18  <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections
19  such as 'overly burdensome and harassing' are improper – especially when a party
20  fails to submit any evidentiary declarations supporting such objections").
21  Accordingly, Mattel must be compelled either to certify that it has produced all non–
22  privileged responsive documents or to produce all such documents by a date certain.

23      To the extent that Mattel is relying on its blanket objections, they are
24  not sustainable and do not justify Mattel's failure to produce documents.

25      As to overbreadth, Mattel provides no explanation, let alone the
26  required particularity, as to why this request is supposedly overly broad, nor can it
27  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
28  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

-15-

1   contrary, the request is narrowly tailored to seek documents relating "ALIEN

2   RACERS" as a source of inspiration or factor in the development of

3   "ACCELERACERS" product line that Mattel (or its licensees) market or sell.

4        As to burden, Mattel has not attempted to demonstrate why responding

5   to this request and/or producing responsive documents presents any burden. This

6   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

7   173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

10  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

11  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

12  broad variety of unfair trade practices including serial copying of MGA products

13  and trade dress infringement. MGA is entitled to discovery on these claims.

14       This request does not seek documents protected by the attorney–client

15  privilege, the attorney work product doctrine, or other applicable privileges. To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17       As for relevancy, Mattel has not attempted to demonstrate why

18  responding to this request and/or producing responsive documents is irrelevant to

19  the present action. On the contrary, MGA has alleged that Mattel is engaged in serial

20  copying of MGA products, and "ACCELERACERS" is an example of one such

21  product line. A request concerning its source of inspiration and inquiring into its

22  relation to MGA's "ALIEN RACERS" is therefore relevant to this action and

23  MGA's claims.

24       Mattel objects that the request contains confidential, proprietary, and

25  trade secret information. A Protective Order exists in this case, obviating any

26  concern as to protection of privacy rights and/or commercially sensitive

27  information.

28

1    None of Mattel's improper objections are valid and Mattel is obligated
2 to produce all non–privileged responsive documents in its possession.

3 **MATTEL'S RESPONSE**

4    As MGA would have learned had it bothered to meet and confer on
5 these issues, Mattel has already produced all relevant non-privileged documents
6 responsive to this Request.  MGA objects to Mattel's limitation that it will produce
7 documents related to "matters placed at issue in this litigation," but it provides no
8 argument as to why this limitation is inappropriate.  MGA has not provided any
9 basis for asserting that this production is incomplete.  MGA's motion to compel
10 responses to this Request should therefore be denied as moot.

11    MGA argues that Mattel seeks unilaterally to impose limits on the
12 electronic discovery sources that it must search and from which it must collect
13 documents.  After exhaustive briefing in January through March 2008, the
14 Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
15 searches.  In January 2008, MGA moved for a "certification"[11] that Mattel had
16 produced "all non-privileged email responsive to MGA's and Bryant's document
17 requests."[12]  Because that Motion pre-dated the stay of Phase 2 discovery, it was
18 *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's
19 arguments, the Discovery Master noted the exhaustive search methods Mattel had
20 undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

21
22

23 [11]  The prior Discovery Master has noted that such "certifications" are improper.
24 See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25 ("THE
COURT: You don't have to address that [the certification issue].  As far as I'm
25 concerned, there is no good cause or basis or authorized rule in the Federal Rules of
Civil Procedure that support such an order, so I'm going to deny that aspect of the
26 motion.").
27 [12]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart
Decl., Exh. 16.
28

1  date for electronic information are adequate to discharge its obligation under Rule
2  34."[13]

3  　　　　MGA ignores these prior rulings entirely, and demands again that
4  Mattel search *all* data sources in its possession, custody or control for responsive
5  information in connection with its requests for production.  It also ignores the recent
6  ruling of the current Discovery Master that MGA's requests calling for documents
7  that could be found anywhere on Mattel's thousands of servers or individual
8  employee computers worldwide are unduly burdensome.  See Phase 2 Discovery
9  Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (█████
10  ████████████████████████████████████████████████████████
11  ████████████████████████████████████████████████████
12  ████████████████████████████████████████████████████
13  █████████████████████████████  Mattel has fully responded to MGA's
14  request, and further searches should not be ordered.

15  　　　　Despite Mattel's agreement to produce documents, MGA nevertheless
16  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For
17  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald
18  assertion that "this request does not seek information protected by the attorney-client
19  privilege, the attorney work product doctrine, or other applicable privileges" has no
20  merit.  Documents discussing ALIEN RACERS could very well be subject to a
21  claim of privilege or work product protection.  Moreover, as MGA has itself argued,
22  the parties have agreed that "all privileged documents would be logged except for

23
24
25
26
27  [13]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
    Dart Decl., Exh. 16.
28

1  documents created after this action was filed on April 27, 2004."[14]  Thus, to the
2  extent privileged documents fall within the post lawsuit time period, they need not
3  be included on Mattel's log.

4          Similarly, MGA attempts to overrule Mattel's burden objection though
5  it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master
6  has already placed limits on the searches Mattel must make in producing documents,
7  and this objection is only meant to invoke those issues that have already been
8  settled.  <u>See, e.g.</u>, Order Denying MGA's Motion to Compel dated April 24, 2008, at
9  6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,
10 holding that Mattel has produced all relevant emails and does not need to consult
11 back-up tapes to complete its production).  MGA should not be permitted to
12 circumvent prior Orders by seeking to overrule Mattel's objections here.

13         Finally, MGA failed to meet and confer at all, much less in good faith,
14 regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master
15 Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing
16 any discovery motion, the moving party shall first identify each dispute, state the
17 relief sought and identify the authority supporting the requested relief in a meet and
18 confer letter that shall be served on all parties by facsimile or electronic mail. The
19 parties shall have five court days from the date of service of that letter to conduct an
20 in-person conference to attempt to resolve the dispute.").  At no point during the
21 meet and confer process did the parties discuss this Request or Mattel's response to
22 it. In order to engage in a meaningful meet and confer, MGA had the burden to

23
24
25
_____
26 [14]   See Order Denying Mattel's Motion for Protective Order Limiting the
27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.
28

1  show the relevance of any requests it sought to move on.[15]   Because MGA refused

2  to even attempt to make this showing, there was no possibility of a good faith meet

3  and confer to resolve the parties' disputes.  The Discovery Master should deny

4  MGA's motion with respect to this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 390:**

6           All DOCUMENTS REFERRING OR RELATING TO YOUR

7  awareness or knowledge of "ALIEN RACERS" during the creation, design and

8  development of "ACCELERACERS."

9  **RESPONSE TO REQUEST NO. 390:**

10           In addition to the general objections stated above which are

11  incorporated herein by reference, Mattel objects to this Request on the grounds that

12  it is overbroad and unduly burdensome, including in that it seeks all documents on

13  this subject without limitation as to time, and regardless of whether such documents

14  relate to products or matters at issue in this case. Mattel further objects to the

15  Request on the grounds that it seeks documents that are not relevant to this action or

16  likely to lead to the discovery of admissible evidence. Mattel further objects to this

17  Request on the grounds that it assumes facts not in evidence or is contrary to the

18  evidence. Mattel further objects to this Request on the grounds that it seeks

19  confidential, proprietary and trade secret information, including such information

20  that has no bearing on the claims or defenses in this case. Mattel further objects to

21  this Request on the grounds that it calls for the disclosure of information subject to

22  the attorney–client privilege, the attorney work–product doctrine and other

23  applicable privileges.

24

25    [15]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

   (S.D. Cal. May 14, 2009).

28

1    Subject to and without waiving the foregoing objections, Mattel

2    responds as follows: Mattel will produce such responsive, non–privileged

3    documents that are in Mattel's possession, custody, or control, if any, relating to

4    those matters placed at issue in this litigation that Mattel has been able to locate

5    after a diligent search and reasonable inquiry, to the extent not previously produced.

6    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

7    **TO SHOULD BE COMPELLED**

8    Mattel has improperly limited its agreement to produce documents to

9    matters that it deems placed at issue in response to this request. Mattel has refused to

10   confirm whether or not it has produced all non–privileged responsive documents or

11   whether it is withholding documents based on its objections or limitation in Phase 2.

12   Under the Federal Rules of Civil Procedure, "an objection to part of a request

13   must specify the part and permit inspection of the rest." Fed. R. Civ. P.

14   34(b)(2)(c). Generic objections that fail to explain the basis for an objection with

15   specificity are routinely rejected in the Central District.  See A. Farber and

16   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

17   boilerplate objections such as 'overly burdensome and harassing' are improper –

18   especially when a party fails to submit any evidentiary declarations supporting such

19   objections"). Accordingly, Mattel must be compelled either to certify that it has

20   produced all non–privileged responsive documents or to produce all such documents

21   by a date certain.

22   To the extent that Mattel is relying on its blanket objections, they are

23   not sustainable and do not justify Mattel's failure to produce documents.

24   As to overbreadth, Mattel provides no explanation, let alone the

25   required particularity, as to why this request is supposedly overly broad, nor can it

26   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

27   20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

28   contrary, the request is narrowly tailored to seek documents relating to Mattel's

00505.07975/3161807.1

-21-

1  awareness and knowledge of "ALIEN RACERS" during the creation and
2  development of "ACCELERACERS" product line that Mattel (or its licensees)
3  market or sell.

4         As to burden, Mattel has not attempted to demonstrate why responding
5  to this request and/or producing responsive documents presents any burden. This
6  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co.,
7  Inc., 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
8  request is unduly burdensome must allege specific facts which indicate the nature
9  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
10  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
11  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
12  broad variety of unfair trade practices including serial copying of MGA products
13  and trade dress infringement. MGA is entitled to discovery on these claims.

14         This request does not seek documents protected by the attorney–client
15  privilege, the attorney work product doctrine, or other applicable privileges. To the
16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17         As for relevancy, Mattel has not attempted to demonstrate why
18  responding to this request and/or producing responsive documents is irrelevant to
19  the present action. On the contrary, MGA has alleged that Mattel is engaged in serial
20  copying of MGA products, and "ACCELERACERS" is an example of one such
21  product line. A request concerning Mattel's awareness and knowledge of MGA's
22  toy racing car line "ALIEN RACERS" during the creation and development of
23  "ACCELERACERS" is therefore relevant to this action and MGA's claims.

24         Mattel objects that the request contains confidential, proprietary, and
25  trade secret information. A Protective Order exists in this case, obviating any
26  concern as to protection of privacy rights and/or commercially sensitive
27  information.

28

1   None of Mattel's improper objections are valid and Mattel is obligated
2   to produce all non–privileged responsive documents in its possession.

3   **MATTEL'S RESPONSE**

4   As MGA would have learned had it bothered to meet and confer on
5   these issues, Mattel has already produced all relevant non-privileged documents
6   responsive to this Request.  MGA objects to Mattel's limitation that it will produce
7   documents related to "matters placed at issue in this litigation," but it provides no
8   argument as to why this limitation is inappropriate.  MGA has not provided any
9   basis for asserting that this production is incomplete.  MGA's motion to compel
10  responses to this Request should therefore be denied as moot.

11  MGA argues that Mattel seeks unilaterally to impose limits on the
12  electronic discovery sources that it must search and from which it must collect
13  documents.  After exhaustive briefing in January through March 2008, the
14  Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
15  searches.  In January 2008, MGA moved for a "certification"[16] that Mattel had
16  produced "all non-privileged email responsive to MGA's and Bryant's document
17  requests."[17]  Because that Motion pre-dated the stay of Phase 2 discovery, it was
18  *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's
19  arguments, the Discovery Master noted the exhaustive search methods Mattel had
20  undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

21

22

23  [16]   The prior Discovery Master has noted that such "certifications" are improper.
24  See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25 ("THE
    COURT: You don't have to address that [the certification issue].  As far as I'm
25  concerned, there is no good cause or basis or authorized rule in the Federal Rules of
    Civil Procedure that support such an order, so I'm going to deny that aspect of the
26  motion.").
27  [17]   Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart
    Decl., Exh. 16.
28

1  date for electronic information are adequate to discharge its obligation under Rule
2  34."[18]
3      MGA ignores these prior rulings entirely, and demands again that
4  Mattel search *all* data sources in its possession, custody or control for responsive
5  information in connection with its requests for production.  It also ignores the recent
6  ruling of the current Discovery Master that MGA's requests calling for documents
7  that could be found anywhere on Mattel's thousands of servers or individual
8  employee computers worldwide are unduly burdensome.  See Phase 2 Discovery
9  Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (█████
10 ████████████████████████████████████████████████████████
11 ████████████████████████████████████████████
12 ██████████████████████████████
13 ████████████████████████████  Mattel has fully responded to MGA's
14 request, and further searches should not be ordered.
15      Despite Mattel's agreement to produce documents, MGA nevertheless
16 seeks to overrule all of Mattel's objections.  This would be inappropriate.  For
17 example, there is no basis for overruling Mattel's privilege objection.  MGA's bald
18 assertion that "this request does not seek information protected by the attorney-client
19 privilege, the attorney work product doctrine, or other applicable privileges" has no
20 merit.  Documents discussing ALIEN RACERS could very well be subject to a
21 claim of privilege or work product protection.  Moreover, as MGA has itself argued,
22 the parties have agreed that "all privileged documents would be logged except for
23
24
25
26
27  [18]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
     Dart Decl., Exh. 16.
28

1  documents created after this action was filed on April 27, 2004."[19]  Thus, to the
2  extent privileged documents fall within the post lawsuit time period, they need not
3  be included on Mattel's log.

4          Similarly, MGA attempts to overrule Mattel's burden objection though
5  it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master
6  has already placed limits on the searches Mattel must make in producing documents,
7  and this objection is only meant to invoke those issues that have already been
8  settled.  <u>See, e.g.</u>, Order Denying MGA's Motion to Compel dated April 24, 2008, at
9  6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,
10  holding that Mattel has produced all relevant emails and does not need to consult
11  back-up tapes to complete its production).  MGA should not be permitted to
12  circumvent prior Orders by seeking to overrule Mattel's objections here.

13          Finally, MGA failed to meet and confer at all, much less in good faith,
14  regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master
15  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing
16  any discovery motion, the moving party shall first identify each dispute, state the
17  relief sought and identify the authority supporting the requested relief in a meet and
18  confer letter that shall be served on all parties by facsimile or electronic mail. The
19  parties shall have five court days from the date of service of that letter to conduct an
20  in-person conference to attempt to resolve the dispute.").  At no point during the
21  meet and confer process did the parties discuss this Request or Mattel's response to
22  it.  In order to engage in a meaningful meet and confer, MGA had the burden to
23
24
25

26  [19]   See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.
28

00505.07975/3161807.1

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FOUR)

1 | show the relevance of any requests it sought to move on.[20]   Because MGA refused
2 | to even attempt to make this showing, there was no possibility of a good faith meet
3 | and confer to resolve the parties' disputes.  The Discovery Master should deny
4 | MGA's motion with respect to this Request on that grounds alone.

5 | **REQUEST FOR PRODUCTION NO. 391:**

6 |         All COMMUNICATIONS, and all DOCUMENTS REFERRING OR
7 | RELATING TO such COMMUNICATIONS, between John Handy and Matt
8 | Bousquette regarding "ALIEN RACERS."

9 | **RESPONSE TO REQUEST NO. 391:**

10 |         In addition to the general objections stated above which are
11 | incorporated herein by reference, Mattel objects to this Request on the grounds that
12 | it is overbroad and unduly burdensome, including in that it seeks all documents on
13 | this subject without limitation as to time, and regardless of whether such documents
14 | relate to products or matters at issue in this case. Mattel further objects to the
15 | Request on the grounds that it seeks documents that are not relevant to this action or
16 | likely to lead to the discovery of admissible evidence. Mattel further objects to this
17 | Request on the grounds that it seeks confidential, proprietary and trade secret
18 | information, including such information that has no bearing on the claims or
19 | defenses in this case. Mattel further objects to this Request on the grounds that it
20 | calls for the disclosure of information subject to the attorney–client privilege, the
21 | attorney work–product doctrine and other applicable privileges.

22 |         Subject to and without waiving the foregoing objections, Mattel
23 | responds as follows: Mattel will produce such responsive, non–privileged

24 |

25 | [20]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 | Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27 | burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   | (S.D. Cal. May 14, 2009).
28 |

1 | documents that are in Mattel's possession, custody, or control, if any, relating to
2 | those matters placed at issue in this litigation that Mattel has been able to locate
3 | after a diligent search and reasonable inquiry, to the extent not previously produced.

4 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
5 | **TO SHOULD BE COMPELLED**

6 | Mattel has improperly limited its agreement to produce documents in
7 | response to this request to matters it deems placed at issue. Mattel has refused to
8 | confirm whether or not it has produced all non–privileged responsive documents or
9 | whether it is withholding documents based on its objections or limitation in Phase 2.
10 | Under the Federal Rules of Civil Procedure, "an objection to part of a request must
11 | specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
12 | Generic objections that fail to explain the basis for an objection with specificity are
13 | routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.
14 | Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections
15 | such as 'overly burdensome and harassing' are improper – especially when a party
16 | fails to submit any evidentiary declarations supporting such objections").
17 | Accordingly, Mattel must be compelled either to certify that it has produced all non–
18 | privileged responsive documents or to produce all such documents by a date certain.

19 | To the extent that Mattel is relying on its blanket objections, they are
20 | not sustainable and do not justify Mattel's failure to produce documents.

21 | As to overbreadth, Mattel provides no explanation, let alone the
22 | required particularity, as to why this request is supposedly overly broad, nor can it
23 | do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
24 | 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
25 | contrary, the request is narrowly tailored to seek documents relating
26 | communications between Mattel employees regarding MGA's product line "ALIEN
27 | RACERS."

28 |

1    As to burden, Mattel has not attempted to demonstrate why responding
2  to this request and/or producing responsive documents presents any burden. This
3  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co.,
4  Inc., 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
5  request is unduly burdensome must allege specific facts which indicate the nature
6  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
7  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
8  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
9  broad variety of unfair trade practices including serial copying of MGA products
10  and trade dress infringement. MGA is entitled to discovery on these claims.

11    This request does not seek documents protected by the attorney–client
12  privilege, the attorney work product doctrine, or other applicable privileges. To the
13  extent that Mattel contends that it does, Mattel must provide a privilege log.

14    As for relevancy, Mattel has not attempted to demonstrate why
15  responding to this request and/or producing responsive documents is irrelevant to
16  the present action. On the contrary, MGA has alleged that Mattel is engaged in serial
17  copying of MGA products, and "ACCELERACERS" is an example of one such
18  product line. A request concerning communication between Mattel employees in
19  regards to MGA's toy racing car line "ALIEN RACERS" is therefore relevant to
20  this action and MGA's claims.

21    Mattel objects that the request contains confidential, proprietary, and
22  trade secret information. A Protective Order exists in this case, obviating any
23  concern as to protection of privacy rights and/or commercially sensitive
24  information.

25    None of Mattel's improper objections are valid and Mattel is obligated
26  to produce all non–privileged responsive documents in its possession.

27
28

**MATTEL'S RESPONSE**

As MGA would have learned had it bothered to meet and confer on these issues, Mattel has already produced all relevant non-privileged documents responsive to this Request. MGA objects to Mattel's limitation that it will produce documents related to "matters placed at issue in this litigation," but it provides no argument as to why this limitation is inappropriate. MGA has not provided any basis for asserting that this production is incomplete. MGA's motion to compel responses to this Request should therefore be denied as moot.

MGA argues that Mattel seeks unilaterally to impose limits on the electronic discovery sources that it must search and from which it must collect documents. After exhaustive briefing in January through March 2008, the Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data searches. In January 2008, MGA moved for a "certification"[21] that Mattel had produced "all non-privileged email responsive to MGA's and Bryant's document requests."[22] Because that Motion pre-dated the stay of Phase 2 discovery, it was *expressly applicable* to *every* Request in the instant Motion. In rejecting MGA's arguments, the Discovery Master noted the exhaustive search methods Mattel had undertaken. The Discovery Master held that "[t]he searches Mattel has conducted to

---

[21]  The prior Discovery Master has noted that such "certifications" are improper. See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25 ("THE COURT: You don't have to address that [the certification issue]. As far as I'm concerned, there is no good cause or basis or authorized rule in the Federal Rules of Civil Procedure that support such an order, so I'm going to deny that aspect of the motion.").

[22]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart Decl., Exh. 16.

1   date for electronic information are adequate to discharge its obligation under Rule
2   34."[23]
3           MGA ignores these prior rulings entirely, and demands again that
4   Mattel search *all* data sources in its possession, custody or control for responsive
5   information in connection with its requests for production.  It also ignores the recent
6   ruling of the current Discovery Master that MGA's requests calling for documents
7   that could be found anywhere on Mattel's thousands of servers or individual
8   employee computers worldwide are unduly burdensome.  See Phase 2 Discovery
9   Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (███████
10  ████████████████████████████████████████████████████████████████████████
11  ███████████████████████████████████████████████████████████████
12  ████████████████████████████████████████████████████████
13  ███████████████████████████████   Mattel has fully responded to MGA's
14  request, and further searches should not be ordered.
15          Despite Mattel's agreement to produce documents, MGA nevertheless
16  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For
17  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald
18  assertion that "this request does not seek information protected by the attorney-client
19  privilege, the attorney work product doctrine, or other applicable privileges" has no
20  merit.  Documents discussing ALIEN RACERS could very well be subject to a
21  claim of privilege or work product protection.  Moreover, as MGA has itself argued,
22  the parties have agreed that "all privileged documents would be logged except for

23
24
25
26
_____
27  [23]   See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
    Dart Decl., Exh. 16.
28

1 | documents created after this action was filed on April 27, 2004."[24]  Thus, to the
2 | extent privileged documents fall within the post lawsuit time period, they need not
3 | be included on Mattel's log.

4 |     Similarly, MGA attempts to overrule Mattel's burden objection though
5 | it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master
6 | has already placed limits on the searches Mattel must make in producing documents,
7 | and this objection is only meant to invoke those issues that have already been
8 | settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at
9 | 6-7, Dart Decl., Exh. 16 (denying Motion to Compel on all outstanding emails,
10 | holding that Mattel has produced all relevant emails and does not need to consult
11 | back-up tapes to complete its production).  MGA should not be permitted to
12 | circumvent prior Orders by seeking to overrule Mattel's objections here.

13 |     Finally, MGA failed to meet and confer at all, much less in good faith,
14 | regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
15 | Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing
16 | any discovery motion, the moving party shall first identify each dispute, state the
17 | relief sought and identify the authority supporting the requested relief in a meet and
18 | confer letter that shall be served on all parties by facsimile or electronic mail. The
19 | parties shall have five court days from the date of service of that letter to conduct an
20 | in-person conference to attempt to resolve the dispute.").  At no point during the
21 | meet and confer process did the parties discuss this Request or Mattel's response to
22 | it.  In order to engage in a meaningful meet and confer, MGA had the burden to

23 |
24 |
25 |

26 | [24]  See Order Denying Mattel's Motion for Protective Order Limiting the
27 | Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.
28 |

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FOUR)

1  show the relevance of any requests it sought to move on.[25]   Because MGA refused

2  to even attempt to make this showing, there was no possibility of a good faith meet

3  and confer to resolve the parties' disputes.  The Discovery Master should deny

4  MGA's motion with respect to this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 392:**

6           All DOCUMENTS REFERRING OR RELATING TO any similarity

7  or dissimilarity between "ALIEN RACERS" and "ACCELERACERS."

8  **RESPONSE TO REQUEST NO. 392:**

9           In addition to the general objections stated above which are

10  incorporated herein by reference, Mattel objects to this Request on the grounds that

11  it is overbroad and unduly burdensome, including in that it seeks all documents on

12  this subject without limitation as to time, and regardless of whether such documents

13  relate to products or matters at issue in this case. Mattel further objects to the

14  Request on the grounds that it seeks documents that are not relevant to this action or

15  likely to lead to the discovery of admissible evidence. Mattel further objects to this

16  Request on the grounds that it seeks confidential, proprietary and trade secret

17  information, including such information that has no bearing on the claims or

18  defenses in this case. Mattel further objects to this Request on the grounds that it

19  calls for the disclosure of information subject to the attorney–client privilege, the

20  attorney work–product doctrine and other applicable privileges.

21           Subject to and without waiving the foregoing objections, Mattel

22  responds as follows: Mattel will produce such responsive, non–privileged

23  documents that are in Mattel's possession, custody, or control, if any, relating to

24

25    [25]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
    burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
27  (S.D. Cal. May 14, 2009).

28

1 those matters placed at issue in this litigation that Mattel has been able to locate

2 after a diligent search and reasonable inquiry, to the extent not previously produced.

3 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

4 **TO SHOULD BE COMPELLED**

5       Mattel has improperly limited its agreement to produce documents to

6 those matters it deems placed at issue in response to this request. Mattel has refused

7 to confirm whether or not it has produced all non–privileged responsive documents

8 or whether it is withholding documents based on its objections or limitation in Phase

9 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

10 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

11 Generic objections that fail to explain the basis for an objection with specificity are

12 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

13 Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

14 such as 'overly burdensome and harassing' are improper – especially when a party

15 fails to submit any evidentiary declarations supporting such objections").

16 Accordingly, Mattel must be compelled either to certify that it has produced all non–

17 privileged responsive documents or to produce all such documents by a date certain.

18       To the extent that Mattel is relying on its blanket objections, they are

19 not sustainable and do not justify Mattel's failure to produce documents.

20       As to overbreadth, Mattel provides no explanation, let alone the

21 required particularity, as to why this request is supposedly overly broad, nor can it

22 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

23 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

24 contrary, the request is narrowly tailored to seek documents relating to any

25 similarity or dissimilarity between "ALIEN RACERS" and "ACCELERACERS."

26       As to burden, Mattel has not attempted to demonstrate why responding

27 to this request and/or producing responsive documents presents any burden. This

28 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

1 | <u>Inc.</u>, 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
2 | request is unduly burdensome must allege specific facts which indicate the nature
3 | and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
4 | it is not unduly burdensome, as noted above, in that the request is narrowly tailored
5 | to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
6 | broad variety of unfair trade practices including serial copying of MGA products
7 | and trade dress infringement. MGA is entitled to discovery on these claims.

8 |        This request does not seek documents protected by the attorney–client
9 | privilege, the attorney work product doctrine, or other applicable privileges. To the
10 | extent that Mattel contends that it does, Mattel must provide a privilege log.

11 |        As for relevancy, Mattel has not attempted to demonstrate why
12 | responding to this request and/or producing responsive documents is irrelevant to
13 | the present action. On the contrary, MGA has alleged that Mattel is engaged in serial
14 | copying of MGA products, and "ACCELERACERS" is an example of one such
15 | product line. A request relating to similarity or dissimilarity between Mattel's
16 | "ACCELERACERS" line and MGA's toy racing car line "ALIEN RACERS" is
17 | therefore relevant to this action and MGA's claims.

18 |        Mattel objects that the request contains confidential, proprietary, and
19 | trade secret information. A Protective Order exists in this case, obviating any
20 | concern as to protection of privacy rights and/or commercially sensitive
21 | information.

22 |        None of Mattel's improper objections are valid and Mattel is obligated
23 | to produce all non–privileged responsive documents in its possession.

24 | **MATTEL'S RESPONSE**

25 |        As MGA would have learned had it bothered to meet and confer on
26 | these issues, Mattel has already produced all relevant non-privileged documents
27 | responsive to this Request. MGA objects to Mattel's limitation that it will produce
28 | documents related to "matters placed at issue in this litigation," but it provides no

1   argument as to why this limitation is inappropriate.  MGA has not provided any
2   basis for asserting that this production is incomplete.  MGA's motion to compel
3   responses to this Request should therefore be denied as moot.

4           MGA argues that Mattel seeks unilaterally to impose limits on the
5   electronic discovery sources that it must search and from which it must collect
6   documents.  After exhaustive briefing in January through March 2008, the
7   Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
8   searches.  In January 2008, MGA moved for a "certification"[26] that Mattel had
9   produced "all non-privileged email responsive to MGA's and Bryant's document
10  requests."[27]  Because that Motion pre-dated the stay of Phase 2 discovery, it was
11  *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's
12  arguments, the Discovery Master noted the exhaustive search methods Mattel had
13  undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to
14  date for electronic information are adequate to discharge its obligation under Rule
15  34."[28]

16          MGA ignores these prior rulings entirely, and demands again that
17  Mattel search *all* data sources in its possession, custody or control for responsive
18  information in connection with its requests for production.  It also ignores the recent
19  ruling of the current Discovery Master that MGA's requests calling for documents

20  _____

21  [26]  The prior Discovery Master has noted that such "certifications" are improper.
22  See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25 ("THE
23  COURT: You don't have to address that [the certification issue]. As far as I'm
    concerned, there is no good cause or basis or authorized rule in the Federal Rules of
24  Civil Procedure that support such an order, so I'm going to deny that aspect of the
25  motion.").
    [27]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart
26  Decl., Exh. 16.
    [28]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
27  Dart Decl., Exh. 16.

28

1  that could be found anywhere on Mattel's thousands of servers or individual
2  employee computers worldwide are unduly burdensome.  See Phase 2 Discovery
3  Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (████
4  ████████████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████
7  ███████████████████████████████  Mattel has fully responded to MGA's
8  request, and further searches should not be ordered.

9         Despite Mattel's agreement to produce documents, MGA nevertheless
10  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For
11  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald
12  assertion that "this request does not seek information protected by the attorney-client
13  privilege, the attorney work product doctrine, or other applicable privileges" has no
14  merit.  Documents discussing ALIEN RACERS could very well be subject to a
15  claim of privilege or work product protection.  Moreover, as MGA has itself argued,
16  the parties have agreed that "all privileged documents would be logged except for
17  documents created after this action was filed on April 27, 2004."[29]  Thus, to the
18  extent privileged documents fall within the post lawsuit time period, they need not
19  be included on Mattel's log.

20         Similarly, MGA attempts to overrule Mattel's burden objection though
21  it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master
22  has already placed limits on the searches Mattel must make in producing documents,
23  and this objection is only meant to invoke those issues that have already been
24  settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at

25  _____

26  [29]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.
28

1   6-7, Dart Decl., Exh. 16 (denying Motion to Compel on all outstanding emails,

2   holding that Mattel has produced all relevant emails and does not need to consult

3   back-up tapes to complete its production). MGA should not be permitted to

4   circumvent prior Orders by seeking to overrule Mattel's objections here.

5           Finally, MGA failed to meet and confer at all, much less in good faith,

6   regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

7   Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing

8   any discovery motion, the moving party shall first identify each dispute, state the

9   relief sought and identify the authority supporting the requested relief in a meet and

10  confer letter that shall be served on all parties by facsimile or electronic mail. The

11  parties shall have five court days from the date of service of that letter to conduct an

12  in-person conference to attempt to resolve the dispute."). At no point during the

13  meet and confer process did the parties discuss this Request or Mattel's response to

14  it. In order to engage in a meaningful meet and confer, MGA had the burden to

15  show the relevance of any requests it sought to move on.[30]   Because MGA refused

16  to even attempt to make this showing, there was no possibility of a good faith meet

17  and confer to resolve the parties' disputes. The Discovery Master should deny

18  MGA's motion with respect to this Request on that grounds alone.

19  **REQUEST FOR PRODUCTION NO. 393:**

20          All DOCUMENTS REFERRING OR RELATING TO whether

21  "ACCELERACERS" copy, replicate, or in any way imitate "ALIEN RACERS."

22

23

24

---

25   [30]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26   Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
     (S.D. Cal. May 14, 2009).
28

-37-

**RESPONSE TO REQUEST NO. 393:**

In addition to the general objections stated above which are
incorporated herein by reference, Mattel objects to this Request on the grounds that
it is vague, overbroad and unduly burdensome, including in that it seeks all
documents on this subject without limitation as to time, and regardless of whether
such documents relate to products or matters at issue in this case. Mattel further
objects to the Request on the grounds that it seeks documents that are not relevant to
this action or likely to lead to the discovery of admissible evidence. Mattel further
objects to this Request on the grounds that it seeks confidential, proprietary and
trade secret information, including such information that has no bearing on the
claims or defenses in this case. Mattel further objects to this Request on the grounds
that it calls for the disclosure of information subject to the attorney–client privilege,
the attorney work–product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel
responds as follows: Mattel will produce such responsive, non–privileged
documents that are in Mattel's possession, custody, or control, if any, relating to
those matters placed at issue in this litigation that Mattel has been able to locate
after a diligent search and reasonable inquiry, to the extent not previously produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE
TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents to
those matters it deems placed at issue in response to this request. Mattel has refused
to confirm whether or not it has produced all non–privileged responsive documents
or whether it is withholding documents based on its objections or limitation in Phase
2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
Generic objections that fail to explain the basis for an objection with specificity are
routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

00505.07975/3161807.1

1  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
2  'overly burdensome and harassing' are improper – especially when a party fails to
3  submit any evidentiary declarations supporting such objections"). Accordingly,
4  Mattel must be compelled either to certify that it has produced all non–privileged
5  responsive documents or to produce all such documents by a date certain.

6        To the extent that Mattel is relying on its blanket objections, they are
7  not sustainable and do not justify Mattel's failure to produce documents.

8        As to overbreadth, Mattel provides no explanation, let alone the
9  required particularity, as to why this request is supposedly overly broad, nor can it
10 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
11 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
12 contrary, the request is narrowly tailored to seek documents relating to whether
13 Mattel's line of toy racing cars "ACCELERACERS" imitate or replicate MGA's toy
14 racing car line "ALIEN RACERS."

15        As to burden, Mattel has not attempted to demonstrate why responding
16 to this request and/or producing responsive documents presents any burden. This
17 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
18 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
19 request is unduly burdensome must allege specific facts which indicate the nature
20 and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
21 it is not unduly burdensome, as noted above, in that the request is narrowly tailored
22 to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
23 broad variety of unfair trade practices including serial copying of MGA products
24 and trade dress infringement. MGA is entitled to discovery on these claims.

25        This request does not seek documents protected by the attorney–client
26 privilege, the attorney work product doctrine, or other applicable privileges. To the
27 extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1        As for relevancy, Mattel has not attempted to demonstrate why

2   responding to this request and/or producing responsive documents is irrelevant to

3   the present action. On the contrary, MGA has alleged that Mattel is engaged in serial

4   copying of MGA products, and "ACCELERACERS" is an example of one such

5   product line. A request relating to documents discussing whether Mattel's

6   "ACCELERACERS" line copies or replicates MGA's similar toy racing car line

7   "ALIEN RACERS" is therefore relevant to this action and MGA's claims.

8        Mattel objects that the request contains confidential, proprietary, and

9   trade secret information. A Protective Order exists in this case, obviating any

10   concern as to protection of privacy rights and/or commercially sensitive

11   information.

12        None of Mattel's improper objections are valid and Mattel is obligated

13   to produce all non–privileged responsive documents in its possession.

14   **MATTEL'S RESPONSE**

15        As MGA would have learned had it bothered to meet and confer on

16   these issues, Mattel has already produced all relevant non-privileged documents

17   responsive to this Request.  MGA objects to Mattel's limitation that it will produce

18   documents related to "matters placed at issue in this litigation," but it provides no

19   argument as to why this limitation is inappropriate.  MGA has not provided any

20   basis for asserting that this production is incomplete.  MGA's motion to compel

21   responses to this Request should therefore be denied as moot.

22        MGA argues that Mattel seeks unilaterally to impose limits on the

23   electronic discovery sources that it must search and from which it must collect

24   documents.  After exhaustive briefing in January through March 2008, the

25   Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data

26

27

28

1  searches.  In January 2008, MGA moved for a "certification"[31] that Mattel had
2  produced "all non-privileged email responsive to MGA's and Bryant's document
3  requests."[32]  Because that Motion pre-dated the stay of Phase 2 discovery, it was
4  *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's
5  arguments, the Discovery Master noted the exhaustive search methods Mattel had
6  undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to
7  date for electronic information are adequate to discharge its obligation under Rule
8  34."[33]

9          MGA ignores these prior rulings entirely, and demands again that
10 Mattel search *all* data sources in its possession, custody or control for responsive
11 information in connection with its requests for production.  It also ignores the recent
12 ruling of the current Discovery Master that MGA's requests calling for documents
13 that could be found anywhere on Mattel's thousands of servers or individual
14 employee computers worldwide are unduly burdensome.  See Phase 2 Discovery
15 Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (█████

16 ████████████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████

18 █████████████████████████████████████████████████████

19

20

21  [31]  The prior Discovery Master has noted that such "certifications" are improper.
22 See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25 ("THE
   COURT: You don't have to address that [the certification issue].  As far as I'm
23 concerned, there is no good cause or basis or authorized rule in the Federal Rules of
24 Civil Procedure that support such an order, so I'm going to deny that aspect of the
   motion.").
25  [32]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart
26 Decl., Exh. 16.
   [33]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
27 Dart Decl., Exh. 16.
28

1    ███████████████████████ Mattel has fully responded to MGA's

2 request, and further searches should not be ordered.

3        Despite Mattel's agreement to produce documents, MGA nevertheless

4 seeks to overrule all of Mattel's objections. This would be inappropriate. For

5 example, there is no basis for overruling Mattel's privilege objection. MGA's bald

6 assertion that "this request does not seek information protected by the attorney-client

7 privilege, the attorney work product doctrine, or other applicable privileges" has no

8 merit. Documents discussing ALIEN RACERS could very well be subject to a

9 claim of privilege or work product protection. Moreover, as MGA has itself argued,

10 the parties have agreed that "all privileged documents would be logged except for

11 documents created after this action was filed on April 27, 2004."[34] Thus, to the

12 extent privileged documents fall within the post lawsuit time period, they need not

13 be included on Mattel's log.

14        Similarly, MGA attempts to overrule Mattel's burden objection though

15 it provides no argument on the issue. Yet, as MGA knows, the Discovery Master

16 has already placed limits on the searches Mattel must make in producing documents,

17 and this objection is only meant to invoke those issues that have already been

18 settled. See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at

19 6-7, Dart Decl., Exh. 16 (denying Motion to Compel on all outstanding emails,

20 holding that Mattel has produced all relevant emails and does not need to consult

21 back-up tapes to complete its production). MGA should not be permitted to

22 circumvent prior Orders by seeking to overrule Mattel's objections here.

23        Finally, MGA failed to meet and confer at all, much less in good faith,

24 regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

25

26 [34]  See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

-42-

1  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing

2  any discovery motion, the moving party shall first identify each dispute, state the

3  relief sought and identify the authority supporting the requested relief in a meet and

4  confer letter that shall be served on all parties by facsimile or electronic mail. The

5  parties shall have five court days from the date of service of that letter to conduct an

6  in-person conference to attempt to resolve the dispute.").  At no point during the

7  meet and confer process did the parties discuss this Request or Mattel's response to

8  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

9  show the relevance of any requests it sought to move on.[35]   Because MGA refused

10 to even attempt to make this showing, there was no possibility of a good faith meet

11 and confer to resolve the parties' disputes.  The Discovery Master should deny

12 MGA's motion with respect to this Request on that grounds alone.

13 **REQUEST FOR PRODUCTION NO. 394:**

14        All DOCUMENTS REFERRING OR RELATING TO actual or

15 potential confusion or otherwise evidencing confusion (including, but not limited to,

16 confusion among consumers, retailers, distributors, licensees or members of the

17 press) between "ACCELERACERS" and "ALIEN RACERS."

18 **RESPONSE TO REQUEST NO. 394:**

19        In addition to the general objections stated above which are

20 incorporated herein by reference, Mattel objects to this Request on the grounds that

21 it is overbroad and unduly burdensome, including in that it seeks all documents on

22 this subject without limitation as to time, and regardless of whether such documents

23 relate to products or matters at issue in this case. Mattel further objects on the

24

25  [35]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   (S.D. Cal. May 14, 2009).
28

1    grounds that the terms "otherwise evidencing confusion" are vague and ambiguous.
2    Mattel further objects to the Request on the grounds that it seeks documents that are
3    not relevant to this action or likely to lead to the discovery of admissible evidence.
4    Mattel further objects to this Request on the grounds that it seeks confidential,
5    proprietary and trade secret information, including such information that has no
6    bearing on the claims or defenses in this case. Mattel further objects to this Request
7    on the grounds that it calls for the disclosure of information subject to the attorney–
8    client privilege, the attorney work–product doctrine and other applicable privileges.

9            Subject to and without waiving the foregoing objections, Mattel
10   responds as follows: Mattel will produce such responsive, non–privileged
11   documents that are in Mattel's possession, custody, or control, if any, relating to
12   those matters placed at issue in this litigation that Mattel has been able to locate
13   after a diligent search and reasonable inquiry, to the extent not previously produced.

14   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
15   **TO SHOULD BE COMPELLED**

16           Mattel has improperly limited its agreement to produce documents to
17   those matters it deems placed at issue in response to this request. Mattel has refused
18   to confirm whether or not it has produced all non–privileged responsive documents
19   or whether it is withholding documents based on its objections or limitation in Phase
20   2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
21   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
22   Generic objections that fail to explain the basis for an objection with specificity are
23   routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
24   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
25   'overly burdensome and harassing' are improper – especially when a party fails to
26   submit any evidentiary declarations supporting such objections"). Accordingly,
27   Mattel must be compelled either to certify that it has produced all non–privileged
28   responsive documents or to produce all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are
2    not sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the
4    required particularity, as to why this request is supposedly overly broad, nor can it
5    do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
6    20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
7    contrary, the request is narrowly tailored to seek documents evidencing confusion
8    between Mattel's line of toy racing cars "ACCELERACERS" and MGA's toy
9    racing car line "ALIEN RACERS."

10   As to burden, Mattel has not attempted to demonstrate why responding
11   to this request and/or producing responsive documents presents any burden. This
12   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
13   173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
14   request is unduly burdensome must allege specific facts which indicate the nature
15   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
16   it is not unduly burdensome, as noted above, in that the request is narrowly tailored
17   to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
18   broad variety of unfair trade practices including serial copying of

19   MGA products and trade dress infringement. MGA is entitled to
20   discovery on these claims.

21   This request does not seek documents protected by the attorney–client
22   privilege, the attorney work product doctrine, or other applicable privileges. To the
23   extent that Mattel contends that it does, Mattel must provide a privilege log.

24   As for relevancy, Mattel has not attempted to demonstrate why
25   responding to this request and/or producing responsive documents is irrelevant to
26   the present action. On the contrary, MGA has alleged that Mattel is engaged in serial
27   copying of MGA products, and "ACCELERACERS" is an example of one such
28   product line. A request relating to documents related to documents evidencing

-45-

1  confusion between Mattel's "ACCELERACERS" and MGA's toy racing car line
2  "ALIEN RACERS" is therefore relevant to this action and MGA's claims.

3         Mattel objects that the request contains confidential, proprietary, and
4  trade secret information. A Protective Order exists in this case, obviating any
5  concern as to protection of privacy rights and/or commercially sensitive
6  information.

7         None of Mattel's improper objections are valid and Mattel is obligated
8  to produce all non–privileged responsive documents in its possession.

9  **MATTEL'S RESPONSE**

10        As MGA would have learned had it bothered to meet and confer on
11  these issues, Mattel has already produced all relevant non-privileged documents
12  responsive to this Request.  MGA objects to Mattel's limitation that it will produce
13  documents related to "matters placed at issue in this litigation," but it provides no
14  argument as to why this limitation is inappropriate.  MGA has not provided any
15  basis for asserting that this production is incomplete.  MGA's motion to compel
16  responses to this Request should therefore be denied as moot.

17        MGA argues that Mattel seeks unilaterally to impose limits on the
18  electronic discovery sources that it must search and from which it must collect
19  documents.  After exhaustive briefing in January through March 2008, the
20  Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
21  searches.  In January 2008, MGA moved for a "certification"[36] that Mattel had
22  produced "all non-privileged email responsive to MGA's and Bryant's document

23  _____

24  [36]   The prior Discovery Master has noted that such "certifications" are improper.
25  See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25 ("THE
     COURT: You don't have to address that [the certification issue]. As far as I'm
26  concerned, there is no good cause or basis or authorized rule in the Federal Rules of
     Civil Procedure that support such an order, so I'm going to deny that aspect of the
27  motion.").

28

1 | requests."[37]  Because that Motion pre-dated the stay of Phase 2 discovery, it was
2 | *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's
3 | arguments, the Discovery Master noted the exhaustive search methods Mattel had
4 | undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to
5 | date for electronic information are adequate to discharge its obligation under Rule
6 | 34."[38]

7 | MGA ignores these prior rulings entirely, and demands again that
8 | Mattel search *all* data sources in its possession, custody or control for responsive
9 | information in connection with its requests for production.  It also ignores the recent
10 | ruling of the current Discovery Master that MGA's requests calling for documents
11 | that could be found anywhere on Mattel's thousands of servers or individual
12 | employee computers worldwide are unduly burdensome.  See Phase 2 Discovery
13 | Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (█████

14 | ████████████████████████████████████████████████████████

15 | ██████████████████████████████████████████████████████

16 | ████████████████████████████████████████████

17 | ████████████████████████████  Mattel has fully responded to MGA's

18 | request, and further searches should not be ordered.

19 | Despite Mattel's agreement to produce documents, MGA nevertheless
20 | seeks to overrule all of Mattel's objections.  This would be inappropriate.  For
21 | example, there is no basis for overruling Mattel's privilege objection.  MGA's bald
22 | assertion that "this request does not seek information protected by the attorney-client
23 | privilege, the attorney work product doctrine, or other applicable privileges" has no

---

[37]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart Decl., Exh. 16.

[38]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6, Dart Decl., Exh. 16.

1  merit. Documents discussing ALIEN RACERS could very well be subject to a
2  claim of privilege or work product protection. Moreover, as MGA has itself argued,
3  the parties have agreed that "all privileged documents would be logged except for
4  documents created after this action was filed on April 27, 2004."[39] Thus, to the
5  extent privileged documents fall within the post lawsuit time period, they need not
6  be included on Mattel's log.

7      Similarly, MGA attempts to overrule Mattel's burden objection though
8  it provides no argument on the issue. Yet, as MGA knows, the Discovery Master
9  has already placed limits on the searches Mattel must make in producing documents,
10 and this objection is only meant to invoke those issues that have already been
11 settled. See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at
12 6-7, Dart Decl., Exh. 16 (denying Motion to Compel on all outstanding emails,
13 holding that Mattel has produced all relevant emails and does not need to consult
14 back-up tapes to complete its production). MGA should not be permitted to
15 circumvent prior Orders by seeking to overrule Mattel's objections here.

16     Finally, MGA failed to meet and confer at all, much less in good faith,
17 regarding this Request prior to filing its Motion. See Phase 2 Discovery Master
18 Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing
19 any discovery motion, the moving party shall first identify each dispute, state the
20 relief sought and identify the authority supporting the requested relief in a meet and
21 confer letter that shall be served on all parties by facsimile or electronic mail. The
22 parties shall have five court days from the date of service of that letter to conduct an
23 in-person conference to attempt to resolve the dispute."). At no point during the
24 meet and confer process did the parties discuss this Request or Mattel's response to

25

26  [39]  See Order Denying Mattel's Motion for Protective Order Limiting the
27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

-48-
MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FOUR)

1    it. In order to engage in a meaningful meet and confer, MGA had the burden to

2    show the relevance of any requests it sought to move on.[40]   Because MGA refused

3    to even attempt to make this showing, there was no possibility of a good faith meet

4    and confer to resolve the parties' disputes. The Discovery Master should deny

5    MGA's motion with respect to this Request on that grounds alone.

6    **REQUEST FOR PRODUCTION NO. 396:**

7          All DOCUMENTS REFERRING OR RELATING TO MGA's

8    ADVERTISEMENTS for "ALIEN RACERS," including but not limited to YOUR

9    efforts to analyze, copy or imitate MGA's ADVERTISEMENTS for "ALIEN

10    RACERS."

11    **RESPONSE TO REQUEST NO. 396:**

12          In addition to the general objections stated above which are

13    incorporated herein by reference, Mattel objects to this Request on the grounds that

14    it is overbroad and unduly burdensome, including in that it seeks all documents on

15    this subject without limitation as to time, and regardless of whether such documents

16    relate to products or matters at issue in this case. Mattel further objects on the

17    grounds that the terms "analyze, copy or imitate" are vague and ambiguous. Mattel

18    further objects to this Request on the grounds that it assumes facts not in evidence or

19    is contrary to the evidence. Mattel further objects to the Request on the grounds that

20    it seeks documents that are not relevant to this action or likely to lead to the

21    discovery of admissible evidence. Mattel further objects to this Request on the

22    grounds that it seeks confidential, proprietary and trade secret information, including

23    such information that has no bearing on the claims or defenses in this case. Mattel

24

---

25    [40]   <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26    Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27    burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1
(S.D. Cal. May 14, 2009).

28

1  further objects to this Request on the grounds that it calls for the disclosure of

2  information subject to the attorney–client privilege, the attorney work–product

3  doctrine and other applicable privileges.

4         Subject to and without waiving the foregoing objections, Mattel

5  responds as follows: Mattel will produce such responsive, non–privileged

6  documents that are in Mattel's possession, custody, or control, if any, relating to

7  those matters placed at issue in this litigation that Mattel has been able to locate

8  after a diligent search and reasonable inquiry, to the extent not previously produced.

9  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

10 **TO SHOULD BE COMPELLED**

11         Mattel has improperly limited its agreement to produce documents to

12 those matters it deems placed at issue in response to this request. Mattel has refused

13 to confirm whether or not it has produced all non–privileged responsive documents

14 or whether it is withholding documents based on its objections or limitation in Phase

15 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

16 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

17 Generic objections that fail to explain the basis for an objection with specificity are

18 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

19 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

20 'overly burdensome and harassing' are improper – especially when a party fails to

21 submit any evidentiary declarations supporting such objections"). Accordingly,

22 Mattel must be compelled either to certify that it has produced all non–privileged

23 responsive documents or to produce all such documents by a date certain.

24         To the extent that Mattel is relying on its blanket objections, they are

25 not sustainable and do not justify Mattel's failure to produce documents.

26         As to overbreadth, Mattel provides no explanation, let alone the

27 required particularity, as to why this request is supposedly overly broad, nor can it

28 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

1   20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
2   contrary, the request is narrowly tailored to seek documents relating to
3   advertisements for MGA's toy racing car line "ALIEN RACERS."

4          As to burden, Mattel has not attempted to demonstrate why responding
5   to this request and/or producing responsive documents presents any burden. This
6   objection must therefore be rejected. <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>,
7   173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
8   request is unduly burdensome must allege specific facts which indicate the nature
9   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
10  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
11  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
12  broad variety of unfair trade practices including serial copying of MGA products
13  and trade dress infringement. MGA is entitled to discovery on these claims.

14         This request does not seek documents protected by the attorney–client
15  privilege, the attorney work product doctrine, or other applicable privileges. To the
16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17         As for relevancy, Mattel has not attempted to demonstrate why
18  responding to this request and/or producing responsive documents is irrelevant to
19  the present action. On the contrary, MGA has alleged that Mattel has engaged in
20  serial copying of MGA products, and "ACCELERACERS" is an example of one
21  such product line. A request for documents that Mattel possesses that are related to
22  advertisements for MGA's toy racing car line "ALIEN RACERS" is therefore
23  relevant to this action and MGA's claims.

24         Mattel objects that the request contains confidential, proprietary, and
25  trade secret information. A Protective Order exists in this case, obviating any
26  concern as to protection of privacy rights and/or commercially sensitive
27  information.

28

1    None of Mattel's improper objections are valid and Mattel is obligated
2  to produce all non–privileged responsive documents in its possession.

3  **MATTEL'S RESPONSE**

4    As MGA would have learned had it bothered to meet and confer on
5  these issues, Mattel has already produced all relevant non-privileged documents
6  responsive to this Request.  MGA objects to Mattel's limitation that it will produce
7  documents related to "matters placed at issue in this litigation," but it provides no
8  argument as to why this limitation is inappropriate.  MGA has not provided any
9  basis for asserting that this production is incomplete.  MGA's motion to compel
10  responses to this Request should therefore be denied as moot.

11    MGA argues that Mattel seeks unilaterally to impose limits on the
12  electronic discovery sources that it must search and from which it must collect
13  documents.  After exhaustive briefing in January through March 2008, the
14  Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
15  searches.  In January 2008, MGA moved for a "certification"[41] that Mattel had
16  produced "all non-privileged email responsive to MGA's and Bryant's document
17  requests."[42]  Because that Motion pre-dated the stay of Phase 2 discovery, it was
18  *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's
19  arguments, the Discovery Master noted the exhaustive search methods Mattel had
20  undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

21

22

23  [41]  The prior Discovery Master has noted that such "certifications" are improper.
   See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25 ("THE
24  COURT: You don't have to address that [the certification issue].  As far as I'm
   concerned, there is no good cause or basis or authorized rule in the Federal Rules of
25  Civil Procedure that support such an order, so I'm going to deny that aspect of the
26  motion.").
   [42]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart
27  Decl., Exh. 16.

28

1 | date for electronic information are adequate to discharge its obligation under Rule
2 | 34."[43]

3 |      MGA ignores these prior rulings entirely, and demands again that
4 | Mattel search *all* data sources in its possession, custody or control for responsive
5 | information in connection with its requests for production.  It also ignores the recent
6 | ruling of the current Discovery Master that MGA's requests calling for documents
7 | that could be found anywhere on Mattel's thousands of servers or individual
8 | employee computers worldwide are unduly burdensome.  See Phase 2 Discovery
9 | Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (▮▮▮▮
10 | ████████████████████████████████████████████
11 | ████████████████████████████████████████████
12 | ████████████████████████████████████████████
13 | █████████████████████████ Mattel has fully responded to MGA's
14 | request, and further searches should not be ordered.

15 |      Despite Mattel's agreement to produce documents, MGA nevertheless
16 | seeks to overrule all of Mattel's objections.  This would be inappropriate.  For
17 | example, there is no basis for overruling Mattel's privilege objection.  MGA's bald
18 | assertion that "this request does not seek information protected by the attorney-client
19 | privilege, the attorney work product doctrine, or other applicable privileges" has no
20 | merit.  Documents discussing ALIEN RACERS could very well be subject to a
21 | claim of privilege or work product protection.  Moreover, as MGA has itself argued,
22 | the parties have agreed that "all privileged documents would be logged except for

---

[43] See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6, Dart Decl., Exh. 16.

1   documents created after this action was filed on April 27, 2004."[44]  Thus, to the
2   extent privileged documents fall within the post lawsuit time period, they need not
3   be included on Mattel's log.

4           Similarly, MGA attempts to overrule Mattel's burden objection though
5   it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master
6   has already placed limits on the searches Mattel must make in producing documents,
7   and this objection is only meant to invoke those issues that have already been
8   settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at
9   6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,
10  holding that Mattel has produced all relevant emails and does not need to consult
11  back-up tapes to complete its production).  MGA should not be permitted to
12  circumvent prior Orders by seeking to overrule Mattel's objections here.

13          Finally, MGA failed to meet and confer at all, much less in good faith,
14  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
15  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing
16  any discovery motion, the moving party shall first identify each dispute, state the
17  relief sought and identify the authority supporting the requested relief in a meet and
18  confer letter that shall be served on all parties by facsimile or electronic mail. The
19  parties shall have five court days from the date of service of that letter to conduct an
20  in-person conference to attempt to resolve the dispute.").  At no point during the
21  meet and confer process did the parties discuss this Request or Mattel's response to
22  it. In order to engage in a meaningful meet and confer, MGA had the burden to

23

24

25

26  [44]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.

28

1 show the relevance of any requests it sought to move on.[45]   Because MGA refused

2 to even attempt to make this showing, there was no possibility of a good faith meet

3 and confer to resolve the parties' disputes.  The Discovery Master should deny

4 MGA's motion with respect to this Request on that grounds alone.

5 **REQUEST FOR PRODUCTION NO. 397:**

6 　　　　All DOCUMENTS REFERRING OR RELATING TO the inspiration

7 for, development of, or creation of the theme of the ADVERTISEMENTS for

8 "ACCELERACERS."

9 **RESPONSE TO REQUEST NO. 397:**

10 　　　　In addition to the general objections stated above which are

11 incorporated herein by reference, Mattel objects to this Request on the grounds that

12 it is overbroad and unduly burdensome, including in that it seeks all documents on

13 this subject without limitation as to time, and regardless of whether such documents

14 relate to products or matters at issue in this case. Mattel further objects on the

15 grounds that the terms "inspiration for" and "theme" in this context are vague and

16 ambiguous. Mattel further objects to the Request on the grounds that it seeks

17 documents that are not relevant to this action or likely to lead to the discovery of

18 admissible evidence. Mattel further objects to this Request on the grounds that it

19 seeks confidential, proprietary and trade secret information, including such

20 information that has no bearing on the claims or defenses in this case. Mattel further

21 objects to this Request on the grounds that it calls for the disclosure of information

22 subject to the attorney–client privilege, the attorney work–product doctrine and

23 other applicable privileges.

24

25 　[45]　See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26 Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1    Subject to and without waiving the foregoing objections, Mattel

2    responds as follows: Mattel will produce such responsive, non–privileged

3    documents that are in Mattel's possession, custody, or control, if any, relating to

4    those matters placed at issue in this litigation that Mattel has been able to locate

5    after a diligent search and reasonable inquiry, to the extent not previously produced.

6    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

7    **TO SHOULD BE COMPELLED**

8    Mattel has improperly limited its agreement to produce documents to

9    those matters it deems placed at issue in response to this request. Mattel has refused

10   to confirm whether or not it has produced all non–privileged responsive documents

11   or whether it is withholding documents based on its objections or limitation in Phase

12   2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

13   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

14   Generic objections that fail to explain the basis for an objection with specificity are

15   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

16   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

17   'overly burdensome and harassing' are improper – especially when a party fails to

18   submit any evidentiary declarations supporting such objections"). Accordingly,

19   Mattel must be compelled either to certify that it has produced all non–privileged

20   responsive documents or to produce all such documents by a date certain.

21   To the extent that Mattel is relying on its blanket objections, they are

22   not sustainable and do not justify Mattel's failure to produce documents.

23   As to overbreadth, Mattel provides no explanation, let alone the

24   required particularity, as to why this request is supposedly overly broad, nor can it

25   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

26   20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

27   contrary, the request is narrowly tailored to seek documents relating to the

28

1  inspiration for, development of, or creation of the theme of the advertisements for
2  Mattel's toy racing car line "ACCELERACERS."

3        As to burden, Mattel has not attempted to demonstrate why responding
4  to this request and/or producing responsive documents presents any burden. This
5  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
6  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
7  request is unduly burdensome must allege specific facts which indicate the nature
8  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
9  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
10 to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
11 broad variety of unfair trade practices including serial copying of MGA products
12 and trade dress infringement. MGA is entitled to discovery on these claims.

13       This request does not seek documents protected by the attorney–client
14 privilege, the attorney work product doctrine, or other applicable privileges. To the
15 extent that Mattel contends that it does, Mattel must provide a privilege log.

16       As for relevancy, Mattel has not attempted to demonstrate why
17 responding to this request and/or producing responsive documents is irrelevant to
18 the present action. On the contrary, MGA has alleged that Mattel is engaged in serial
19 copying of MGA products, and "ACCELERACERS" is an example of one such
20 product line. A request for documents that relate to Mattel's inspiration for,
21 development of, or creation of the theme of the advertisements for Mattel's toy
22 racing car line "ACCELERACERS" is therefore relevant to this action and MGA's
23 claims.

24       Mattel objects that the request contains confidential, proprietary, and
25 trade secret information. A Protective Order exists in this case, obviating any
26 concern as to protection of privacy rights and/or commercially sensitive
27 information.

28

-57-

1    None of Mattel's improper objections are valid and Mattel is obligated

2  to produce all non–privileged responsive documents in its possession.

3  **MATTEL'S RESPONSE**

4    As MGA would have learned had it bothered to meet and confer on

5  these issues, Mattel has already produced all relevant non-privileged documents

6  responsive to this Request.  MGA objects to Mattel's limitation that it will produce

7  documents related to "matters placed at issue in this litigation," but it provides no

8  argument as to why this limitation is inappropriate.  MGA has not provided any

9  basis for asserting that this production is incomplete.  MGA's motion to compel

10  responses to this Request should therefore be denied as moot.

11    MGA argues that Mattel seeks unilaterally to impose limits on the

12  electronic discovery sources that it must search and from which it must collect

13  documents.  After exhaustive briefing in January through March 2008, the

14  Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data

15  searches.  In January 2008, MGA moved for a "certification"[46] that Mattel had

16  produced "all non-privileged email responsive to MGA's and Bryant's document

17  requests."[47]  Because that Motion pre-dated the stay of Phase 2 discovery, it was

18  *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's

19  arguments, the Discovery Master noted the exhaustive search methods Mattel had

20  undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

21

22

23  [46]  The prior Discovery Master has noted that such "certifications" are improper.
24  See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25 ("THE
     COURT: You don't have to address that [the certification issue].  As far as I'm
25  concerned, there is no good cause or basis or authorized rule in the Federal Rules of
     Civil Procedure that support such an order, so I'm going to deny that aspect of the
26  motion.").
     [47]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart
27  Decl., Exh. 16.

28

1   date for electronic information are adequate to discharge its obligation under Rule

2   34."[48]

3           MGA ignores these prior rulings entirely, and demands again that

4   Mattel search *all* data sources in its possession, custody or control for responsive

5   information in connection with its requests for production.  It also ignores the recent

6   ruling of the current Discovery Master that MGA's requests calling for documents

7   that could be found anywhere on Mattel's thousands of servers or individual

8   employee computers worldwide are unduly burdensome.  See Phase 2 Discovery

9   Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (███████

10  ████████████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████████

12  ██████████████████████████████████████████████████████████

13  ████████████████████████████████  Mattel has fully responded to MGA's

14  request, and further searches should not be ordered.

15          Despite Mattel's agreement to produce documents, MGA nevertheless

16  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For

17  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald

18  assertion that "this request does not seek information protected by the attorney-client

19  privilege, the attorney work product doctrine, or other applicable privileges" has no

20  merit.  Documents discussing ACCELERACERS could very well be subject to a

21  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

22  the parties have agreed that "all privileged documents would be logged except for

23

24

25

26

27  [48]   See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6, Dart Decl., Exh. 16.

28

00505.07975/3161807.1

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET FOUR)

1  documents created after this action was filed on April 27, 2004."[49]  Thus, to the
2  extent privileged documents fall within the post lawsuit time period, they need not
3  be included on Mattel's log.

4        Similarly, MGA attempts to overrule Mattel's burden objection though
5  it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master
6  has already placed limits on the searches Mattel must make in producing documents,
7  and this objection is only meant to invoke those issues that have already been
8  settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at
9  6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,
10  holding that Mattel has produced all relevant emails and does not need to consult
11  back-up tapes to complete its production).  MGA should not be permitted to
12  circumvent prior Orders by seeking to overrule Mattel's objections here.

13        Finally, MGA failed to meet and confer at all, much less in good faith,
14  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
15  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing
16  any discovery motion, the moving party shall first identify each dispute, state the
17  relief sought and identify the authority supporting the requested relief in a meet and
18  confer letter that shall be served on all parties by facsimile or electronic mail. The
19  parties shall have five court days from the date of service of that letter to conduct an
20  in-person conference to attempt to resolve the dispute.").  At no point during the
21  meet and confer process did the parties discuss this Request or Mattel's response to
22  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

23

24

25

_____

26    [49]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.
28

1   show the relevance of any requests it sought to move on.[50]   Because MGA refused

2   to even attempt to make this showing, there was no possibility of a good faith meet

3   and confer to resolve the parties' disputes.  The Discovery Master should deny

4   MGA's motion with respect to this Request on that grounds alone.

5   **REQUEST FOR PRODUCTION NO. 399:**

6           DOCUMENTS sufficient to determine total sales, revenue, royalties,

7   costs of goods sold and any other costs attributable to net profits REFERRING OR

8   RELATING TO "ACCELERACERS."

9   **RESPONSE TO REQUEST NO. 399:**

10          In addition to the general objections stated above which are

11  incorporated herein by reference, Mattel objects to this Request on the grounds that

12  it is overbroad and unduly burdensome, including in that it seeks all documents on

13  this subject without limitation as to time, and regardless of whether such documents

14  relate to products or matters at issue in this case. Mattel further objects on the

15  grounds that the terms "other costs attributable to net profits REFERRING OR

16  RELATING TO" are vague and ambiguous. Mattel further objects to the Request on

17  the grounds that it seeks documents that are not relevant to this action or likely to

18  lead to the discovery of admissible evidence. Mattel further objects to this Request

19  on the grounds that it seeks confidential, proprietary and trade secret information,

20  including such information that has no bearing on the claims or defenses in this

21  case. Mattel further objects to this Request on the grounds that it calls for the

22  disclosure of information subject to the attorney–client privilege, the attorney work–

23  product doctrine and other applicable privileges. Mattel further objects to this

24

25    [50]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
      burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
27  (S.D. Cal. May 14, 2009).

28

1  Request as premature in that it seeks expert discovery. Such discovery will be
2  disclosed only at the time, and in the manner required by, the Rules and the Court's
3  Orders.

4         Subject to and without waiving the foregoing objections, Mattel
5  responds as follows: Mattel will produce at an appropriate time responsive, non–
6  privileged documents sufficient to determine total sales, revenue, costs of goods
7  sold, and net profits of the ACCELERACERS line.

8  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9  **TO SHOULD BE COMPELLED**

10        Mattel has improperly limited its agreement to produce documents in
11  response to this request, excluding "royalties" and stating that it will produce only
12  "at an appropriate time." Mattel has refused to confirm whether or not it has
13  produced all non–privileged responsive documents or whether it is withholding
14  documents based on its objections or limitation in Phase 2. Under the Federal Rules
15  of Civil Procedure, "an objection to part of a request must specify the part and
16  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that
17  fail to explain the basis for an objection with specificity are routinely rejected in the
18  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
19  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
20  harassing' are improper – especially when a party fails to submit any evidentiary
21  declarations supporting such objections"). Accordingly, Mattel must be compelled
22  either to certify that it has produced all non–privileged responsive documents or to
23  produce all such documents by a date certain.

24        To the extent that Mattel is relying on its blanket objections, they are
25  not sustainable and do not justify Mattel's failure to produce documents.

26        As to overbreadth, Mattel provides no explanation, let alone the
27  required particularity, as to why this request is supposedly overly broad, nor can it
28  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

1    20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

2    contrary, the request is narrowly tailored to seek documents relating to the total

3    sales, revenue, royalties, costs of goods sold and any other costs attributable to net

4    profits associated with Mattel's toy racing car line "ACCELERACERS."

5            As to burden, Mattel has not attempted to demonstrate why responding

6    to this request and/or producing responsive documents presents any burden. This

7    objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

8    173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

9    request is unduly burdensome must allege specific facts which indicate the nature

10   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

11   it is not unduly burdensome, as noted above, in that the request is narrowly tailored

12   to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

13   broad variety of unfair trade practices including serial copying of MGA products

14   and trade dress infringement. MGA is entitled to discovery on these claims.

15           This request does not seek documents protected by the attorney–client

16   privilege, the attorney work product doctrine, or other applicable privileges. To the

17   extent that Mattel contends that it does, Mattel must provide a privilege log.

18           As for relevancy, Mattel has not attempted to demonstrate why

19   responding to this request and/or producing responsive documents is irrelevant to

20   the present action. On the contrary, MGA has alleged that Mattel is engaged in serial

21   copying of MGA products, and "ACCELERACERS" is an example of one such

22   product line. A request for documents that relate to the total sales, revenue,

23   royalties, costs of goods sold and any other costs attributable to net profits

24   associated with Mattel's toy racing car line "ACCELERACERS" is therefore

25   relevant to this action and MGA's claims and damages.

26           Mattel objects that the request contains confidential, proprietary, and

27   trade secret information. A Protective Order exists in this case, obviating any

28

1   concern as to protection of privacy rights and/or commercially sensitive

2   information.

3         None of Mattel's improper objections are valid and Mattel is obligated

4   to produce all non–privileged responsive documents in its possession.

5   **MATTEL'S RESPONSE**

6         As MGA would have learned had it bothered to meet and confer on

7   these issues, Mattel has already produced all relevant non-privileged documents

8   responsive to this Request.  MGA objects to Mattel's limitation that it will produce

9   documents related to "matters placed at issue in this litigation," but it provides no

10   argument as to why this limitation is inappropriate.  MGA has not provided any

11   basis for asserting that this production is incomplete.  MGA's motion to compel

12   responses to this Request should therefore be denied as moot.

13         Mattel has already produced detailed profit and loss information for

14   every girls and boys product sold by Mattel from 1998 to 2008, including each of

15   the products subject to MGA's unfair competition claims and every product Mattel

16   alleges was harmed by any act or omission alleged by Mattel in this lawsuit.  MGA

17   does not and cannot show that it is entitled to anything more.

18         MGA argues that Mattel seeks unilaterally to impose limits on the

19   electronic discovery sources that it must search and from which it must collect

20   documents.  After exhaustive briefing in January through March 2008, the

21   Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data

22   searches.  In January 2008, MGA moved for a "certification"[51] that Mattel had

23

24     [51]  The prior Discovery Master has noted that such "certifications" are improper.

25   <u>See</u> Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25 ("THE
COURT: You don't have to address that [the certification issue]. As far as I'm

26   concerned, there is no good cause or basis or authorized rule in the Federal Rules of
Civil Procedure that support such an order, so I'm going to deny that aspect of the

27   motion.").

28

1 produced "all non-privileged email responsive to MGA's and Bryant's document
2 requests."[52]  Because that Motion pre-dated the stay of Phase 2 discovery, it was
3 *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's
4 arguments, the Discovery Master noted the exhaustive search methods Mattel had
5 undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to
6 date for electronic information are adequate to discharge its obligation under Rule
7 34."[53]

8       MGA ignores these prior rulings entirely, and demands again that
9 Mattel search *all* data sources in its possession, custody or control for responsive
10 information in connection with its requests for production.  It also ignores the recent
11 ruling of the current Discovery Master that MGA's requests calling for documents
12 that could be found anywhere on Mattel's thousands of servers or individual
13 employee computers worldwide are unduly burdensome.  See Phase 2 Discovery
14 Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (█████
15 ██████████████████████████████████████████████████████████
16 ██████████████████████████████████████████████████████
17 ██████████████████████████████████████████████████████
18 ██████████████████████████████  Mattel has fully responded to MGA's
19 request, and further searches should not be ordered.

20       Despite Mattel's agreement to produce documents, MGA nevertheless
21 seeks to overrule all of Mattel's objections.  This would be inappropriate.  For
22 example, there is no basis for overruling Mattel's privilege objection.  MGA's bald
23 assertion that "this request does not seek information protected by the attorney-client
24
25  [52]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart
26 Decl., Exh. 16.
27  [53]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
    Dart Decl., Exh. 16.
28

1   privilege, the attorney work product doctrine, or other applicable privileges" has no
2   merit. Documents discussing ACCELERACERS could very well be subject to a
3   claim of privilege or work product protection. Moreover, as MGA has itself argued,
4   the parties have agreed that "all privileged documents would be logged except for
5   documents created after this action was filed on April 27, 2004."[54]  Thus, to the
6   extent privileged documents fall within the post lawsuit time period, they need not
7   be included on Mattel's log.

8          Similarly, MGA attempts to overrule Mattel's burden objection though
9   it provides no argument on the issue. Yet, as MGA knows, the Discovery Master
10  has already placed limits on the searches Mattel must make in producing documents,
11  and this objection is only meant to invoke those issues that have already been
12  settled. See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at
13  6-7, Dart Decl., Exh. 16 (denying Motion to Compel on all outstanding emails,
14  holding that Mattel has produced all relevant emails and does not need to consult
15  back-up tapes to complete its production). MGA should not be permitted to
16  circumvent prior Orders by seeking to overrule Mattel's objections here.

17         Finally, MGA failed to meet and confer at all, much less in good faith,
18  regarding this Request prior to filing its Motion. See Phase 2 Discovery Master
19  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing
20  any discovery motion, the moving party shall first identify each dispute, state the
21  relief sought and identify the authority supporting the requested relief in a meet and
22  confer letter that shall be served on all parties by facsimile or electronic mail. The
23  parties shall have five court days from the date of service of that letter to conduct an
24  in-person conference to attempt to resolve the dispute."). At no point during the

25  _____

26  [54]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1  meet and confer process did the parties discuss this Request or Mattel's response to
2  it. In order to engage in a meaningful meet and confer, MGA had the burden to
3  show the relevance of any requests it sought to move on.[55]  Because MGA refused
4  to even attempt to make this showing, there was no possibility of a good faith meet
5  and confer to resolve the parties' disputes.  The Discovery Master should deny
6  MGA's motion with respect to this Request on that grounds alone.

7  **REQUEST FOR PRODUCTION NO. 400:**

8         DOCUMENTS, including but not limited to organizational charts,
9  sufficient to identify (by name and job function) all current and former MATTEL
10  personnel and/or freelancers comprising the primary team that worked on the
11  creation, design and development of the "ACCELERACERS" products,
12  commercials, themes and logo.

13  **RESPONSE TO REQUEST NO. 400:**

14         In addition to the general objections stated above which are
15  incorporated herein by reference, Mattel objects to this Request on the grounds that
16  it is overbroad and unduly burdensome, including in that it seeks all documents on
17  this subject without limitation as to time, and regardless of whether such documents
18  relate to products or matters at issue in this case. Mattel further objects that the
19  terms "freelancers" and "primary team" are vague and ambiguous. Mattel further
20  objects to the Request on the grounds that it seeks documents that are not relevant to
21  this action or likely to lead to the discovery of admissible evidence. Mattel further
22  objects to this Request on the grounds that it seeks confidential, proprietary and
23  trade secret information, including such information that has no bearing on the

24  _____

25  [55]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   (S.D. Cal. May 14, 2009).
28

1   claims or defenses in this case. Mattel further objects to this Request on the grounds

2   that it calls for the disclosure of information subject to the attorney–client privilege,

3   the attorney work–product doctrine and other applicable privileges.

4           Subject to and without waiving the foregoing objections, Mattel

5   responds as follows: Mattel will produce such responsive, non–privileged

6   documents that are in Mattel's possession, custody, or control, if any, relating to

7   those matters placed at issue in this litigation that Mattel has been able to locate

8   after a diligent search and reasonable inquiry, to the extent not previously produced.

9   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

10  **TO SHOULD BE COMPELLED**

11          Mattel has improperly limited its agreement to produce documents to

12  those matters it deems placed at issue in response to this request. Mattel has refused

13  to confirm whether or not it has produced all non–privileged responsive documents

14  or whether it is withholding documents based on its objections or limitation in Phase

15  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

16  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

17  Generic objections that fail to explain the basis for an objection with specificity are

18  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

19  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

20  'overly burdensome and harassing' are improper – especially when a party fails to

21  submit any evidentiary declarations supporting such objections"). Accordingly,

22  Mattel must be compelled either to certify that it has produced all non–privileged

23  responsive documents or to produce all such documents by a date certain.

24          To the extent that Mattel is relying on its blanket objections, they are

25  not sustainable and do not justify Mattel's failure to produce documents.

26          As to overbreadth, Mattel provides no explanation, let alone the

27  required particularity, as to why this request is supposedly overly broad, nor can it

28  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

00505.07975/3 161807.1

-68-

1   20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
2   contrary, the request is narrowly tailored to seek documents that are sufficient to
3   identify all current and former Mattel personnel and/or freelancers that worked on
4   the creation, design and development of the "ACCELERACERS" products,
5   commercials, themes and logo.

6       As to burden, Mattel has not attempted to demonstrate why responding
7   to this request and/or producing responsive documents presents any burden. This
8   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
9   173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
10  request is unduly burdensome must allege specific facts which indicate the nature
11  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
12  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
13  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
14  broad variety of unfair trade practices including serial copying of MGA products
15  and trade dress infringement. MGA is entitled to discovery on these claims.

16      This request does not seek documents protected by the attorney–client
17  privilege, the attorney work product doctrine, or other applicable privileges. To the
18  extent that Mattel contends that it does, Mattel must provide a privilege log.

19      As for relevancy, Mattel has not attempted to demonstrate why
20  responding to this request and/or producing responsive documents is irrelevant to
21  the present action. On the contrary, MGA has alleged that Mattel is engaged in serial
22  copying of MGA products, and "ACCELERACERS" is an example of one such
23  product line. A request for documents that will sufficiently identify all current and
24  former Mattel personnel and/or freelancers that worked on the creation, design and
25  development of the "ACCELERACERS" products, commercials, themes and logo is
26  therefore relevant to this action and MGA's claims.

27      Mattel objects that the request contains confidential, proprietary, and
28  trade secret information. A Protective Order exists in this case, obviating any

1   concern as to protection of privacy rights and/or commercially sensitive

2   information.

3          None of Mattel's improper objections are valid and Mattel is obligated

4   to produce all non–privileged responsive documents in its possession.

5   **MATTEL'S RESPONSE**

6          As MGA would have learned had it bothered to meet and confer on

7   these issues, Mattel has already produced all relevant non-privileged documents

8   responsive to this Request.  MGA objects to Mattel's limitation that it will produce

9   documents related to "matters placed at issue in this litigation," but it provides no

10  argument as to why this limitation is inappropriate.  MGA has not provided any

11  basis for asserting that this production is incomplete.  MGA's motion to compel

12  responses to this Request should therefore be denied as moot.

13         MGA argues that Mattel seeks unilaterally to impose limits on the

14  electronic discovery sources that it must search and from which it must collect

15  documents.  After exhaustive briefing in January through March 2008, the

16  Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data

17  searches.  In January 2008, MGA moved for a "certification"[56] that Mattel had

18  produced "all non-privileged email responsive to MGA's and Bryant's document

19  requests."[57]  Because that Motion pre-dated the stay of Phase 2 discovery, it was

20  *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's

21  arguments, the Discovery Master noted the exhaustive search methods Mattel had

22

23  _____

24  [56]  The prior Discovery Master has noted that such "certifications" are improper.

25  See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25 ("THE
    COURT: You don't have to address that [the certification issue]. As far as I'm

26  concerned, there is no good cause or basis or authorized rule in the Federal Rules of

27  Civil Procedure that support such an order, so I'm going to deny that aspect of the
    motion.").

28

1   undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

2   date for electronic information are adequate to discharge its obligation under Rule

3   34."[58]

4           MGA ignores these prior rulings entirely, and demands again that

5   Mattel search *all* data sources in its possession, custody or control for responsive

6   information in connection with its requests for production.  It also ignores the recent

7   ruling of the current Discovery Master that MGA's requests calling for documents

8   that could be found anywhere on Mattel's thousands of servers or individual

9   employee computers worldwide are unduly burdensome.  See Phase 2 Discovery

10  Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (█████

11  ███████████████████████████████████████████████████████████

12  ███████████████████████████████████████████████████████

13  ███████████████████████████████████████████████████

14  ███████████████████████████████████  Mattel has fully responded to MGA's

15  request, and further searches should not be ordered.

16          Despite Mattel's agreement to produce documents, MGA nevertheless

17  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For

18  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald

19  assertion that "this request does not seek information protected by the attorney-client

20  privilege, the attorney work product doctrine, or other applicable privileges" has no

21  merit.  Documents discussing ACCELERACERS could very well be subject to a

22  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

23  the parties have agreed that "all privileged documents would be logged except for

24  _____

25  [57]   Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart

26  Decl., Exh. 16.

27  [58]   See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
    Dart Decl., Exh. 16.

28

1   documents created after this action was filed on April 27, 2004."[59]  Thus, to the

2   extent privileged documents fall within the post lawsuit time period, they need not

3   be included on Mattel's log.

4           Similarly, MGA attempts to overrule Mattel's burden objection though

5   it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master

6   has already placed limits on the searches Mattel must make in producing documents,

7   and this objection is only meant to invoke those issues that have already been

8   settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at

9   6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,

10  holding that Mattel has produced all relevant emails and does not need to consult

11  back-up tapes to complete its production).  MGA should not be permitted to

12  circumvent prior Orders by seeking to overrule Mattel's objections here.

13          Finally, MGA failed to meet and confer at all, much less in good faith,

14  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

15  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing

16  any discovery motion, the moving party shall first identify each dispute, state the

17  relief sought and identify the authority supporting the requested relief in a meet and

18  confer letter that shall be served on all parties by facsimile or electronic mail. The

19  parties shall have five court days from the date of service of that letter to conduct an

20  in-person conference to attempt to resolve the dispute.").  At no point during the

21  meet and confer process did the parties discuss this Request or Mattel's response to

22  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

23

24

25

---

26  [59]   See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.

28

1  show the relevance of any requests it sought to move on.[60]   Because MGA refused

2  to even attempt to make this showing, there was no possibility of a good faith meet

3  and confer to resolve the parties' disputes.  The Discovery Master should deny

4  MGA's motion with respect to this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 401:**

6          All DOCUMENTS REFERRING OR RELATING TO the origins or

7  sources of inspiration of "LITTLE MOMMY," including, without limitation, the

8  purpose for which "LITTLE MOMMY" products were created and why the

9  "LITTLE MOMMY" name was selected.

10 **RESPONSE TO REQUEST NO. 401:**

11         In addition to the general objections stated above which are

12 incorporated herein by reference, Mattel objects to this Request on the grounds that

13 it is overbroad and unduly burdensome, including in that it seeks all documents on

14 this subject without limitation as to time, and regardless of whether such documents

15 relate to products or matters at issue in this case. Mattel further objects on the

16 grounds that the terms "sources of inspiration" and "purpose" are vague and

17 ambiguous in this context. Mattel further objects to the Request on the grounds that

18 it seeks documents that are not relevant to this action or likely to lead to the

19 discovery of admissible evidence. Mattel further objects to this Request on the

20 grounds that it seeks confidential, proprietary and trade secret information, including

21 such information that has no bearing on the claims or defenses in this case. Mattel

22 further objects to this Request on the grounds that it calls for the disclosure of

23

24

25    [60]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26 Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   (S.D. Cal. May 14, 2009).

28

1  information subject to the attorney–client privilege, the attorney work–product
2  doctrine and other applicable privileges.

3        Subject to and without waiving the foregoing objections, Mattel
4  responds as follows: Mattel will produce such responsive, non–privileged
5  documents that are in Mattel's possession, custody, or control, if any, relating to
6  those matters placed at issue in this litigation that Mattel has been able to locate
7  after a diligent search and reasonable inquiry, to the extent not previously produced.

8  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9  **TO SHOULD BE COMPELLED**

10       Mattel has improperly limited its agreement to produce documents to
11 those matters it deems placed at issue in response to this request. Mattel has refused
12 to confirm whether or not it has produced all non–privileged responsive documents
13 or whether it is withholding documents based on its objections or limitation in Phase
14 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
15 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
16 Generic objections that fail to explain the basis for an objection with specificity are
17 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
18 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
19 'overly burdensome and harassing' are improper – especially when a party fails to
20 submit any evidentiary declarations supporting such objections"). Accordingly,
21 Mattel must be compelled either to certify that it has produced all non–privileged
22 responsive documents or to produce all such documents by a date certain.

23       To the extent that Mattel is relying on its blanket objections, they are
24 not sustainable and do not justify Mattel's failure to produce documents.

25       As to overbreadth, Mattel provides no explanation, let alone the
26 required particularity, as to why this request is supposedly overly broad, nor can it
27 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
28 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

00505.07975/3161807.1

1 contrary, the request is narrowly tailored to seek documents concerning the origin
2 and sources of inspiration of LITTLE MOMMY, naturally limiting the time frame
3 of the request.

4       As to burden, Mattel has not attempted to demonstrate why responding
5 to this request and/or producing responsive documents presents any burden. This
6 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
7 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
8 request is unduly burdensome must allege specific facts which indicate the nature
9 and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
10 it is not unduly burdensome, as noted above, in that the request is narrowly tailored
11 to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
12 broad variety of unfair trade practices including serial copying of MGA products
13 and trade dress infringement. MGA is entitled to discovery on these claims.

14       This request does not seek documents protected by the attorney–client
15 privilege, the attorney work product doctrine, or other applicable privileges. To the
16 extent that Mattel contends that it does, Mattel must provide a privilege log.

17       As for relevancy, Mattel has not attempted to demonstrate why
18 responding to this request and/or producing responsive documents is irrelevant to
19 the present action. On the contrary, MGA has alleged that Mattel is engaged in
20 copying of MGA products, packaging, themes and advertising. "LITTLE
21 MOMMY" is an example of one such product line. A request seeking the origin and
22 source of inspiration behind its creation is therefore relevant to this action and
23 MGA's claims.

24       Mattel objects that the request contains confidential, proprietary, and
25 trade secret information. A Protective Order exists in this case, obviating any
26 concern as to protection of privacy rights and/or commercially sensitive
27 information.

28

1   None of Mattel's improper objections are valid and Mattel is obligated
2   to produce all non–privileged responsive documents in its possession.

3   **MATTEL'S RESPONSE**

4   As MGA would have learned had it bothered to meet and confer on
5   these issues, Mattel has already produced all relevant non-privileged documents
6   responsive to this Request.  MGA objects to Mattel's limitation that it will produce
7   documents related to "matters placed at issue in this litigation," but it provides no
8   argument as to why this limitation is inappropriate.  MGA has not provided any
9   basis for asserting that this production is incomplete.  MGA's motion to compel
10  responses to this Request should therefore be denied as moot.

11  MGA argues that Mattel seeks unilaterally to impose limits on the
12  electronic discovery sources that it must search and from which it must collect
13  documents.  After exhaustive briefing in January through March 2008, the
14  Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
15  searches.  In January 2008, MGA moved for a "certification"[61] that Mattel had
16  produced "all non-privileged email responsive to MGA's and Bryant's document
17  requests."[62]  Because that Motion pre-dated the stay of Phase 2 discovery, it was
18  *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's
19  arguments, the Discovery Master noted the exhaustive search methods Mattel had
20  undertaken.  Order Denying MGA' Motion to Compel, at 5-6.  The Discovery

21

22

23  [61]  The prior Discovery Master has noted that such "certifications" are improper.
    See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25 ("THE
24  COURT: You don't have to address that [the certification issue].  As far as I'm
    concerned, there is no good cause or basis or authorized rule in the Federal Rules of
25  Civil Procedure that support such an order, so I'm going to deny that aspect of the
26  motion.").
    [62]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart
27  Decl., Exh. 16.

28

1   Master held that "[t]he searches Mattel has conducted to date for electronic
2   information are adequate to discharge its obligation under Rule 34."[63]

3        MGA ignores these prior rulings entirely, and demands again that
4   Mattel search *all* data sources in its possession, custody or control for responsive
5   information in connection with its requests for production.  It also ignores the recent
6   ruling of the current Discovery Master that MGA's requests calling for documents
7   that could be found anywhere on Mattel's thousands of servers or individual
8   employee computers worldwide are unduly burdensome.  See Phase 2 Discovery
9   Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (████
10  ████████████████████████████████████████████
11  ████████████████████████████████████
12  ████████████████████████████
13  ██████████████████████████ Mattel has fully responded to MGA's
14  request, and further searches should not be ordered.[64]

15       Despite Mattel's agreement to produce documents, MGA nevertheless
16  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For
17  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald
18  assertion that "this request does not seek information protected by the attorney-client
19  privilege, the attorney work product doctrine, or other applicable privileges" has no
20
21  _____

22  [63] . See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
23  Dart Decl., Exh. 16.
    [64]   The moving papers also argue that language from the background section of a
24  Mattel brief suggests that searches have been inadequate. Mattel's Brief in
25  Opposition to MGA's Motion to Compel Further Responses to MGA's First Set of
    Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production.[64] But
26  there is no language from the background section or from any other portion of
27  Mattel's brief remotely to that effect. The cited background section merely
    describes Mattel's expansive electronic data and the extent of its prior productions.
28  (footnote continued)

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FOUR)

1  merit. Documents discussing LITTLE MOMMY could very well be subject to a

2  claim of privilege or work product protection. Moreover, as MGA has itself argued,

3  the parties have agreed that "all privileged documents would be logged except for

4  documents created after this action was filed on April 27, 2004."[65] Thus, to the

5  extent privileged documents fall within the post lawsuit time period, they need not

6  be included on Mattel's log.

7  Similarly, MGA attempts to overrule Mattel's burden objection though

8  it provides no argument on the issue. Yet, as MGA knows, the Discovery Master

9  has already placed limits on the searches Mattel must make in producing documents,

10  and this objection is only meant to invoke those issues that have already been

11  settled. See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at

12  6-7, Dart Decl., Exh. 16 (denying Motion to Compel on all outstanding emails,

13  holding that Mattel has produced all relevant emails and does not need to consult

14  back-up tapes to complete its production). MGA should not be permitted to

15  circumvent prior Orders by seeking to overrule Mattel's objections here.

16  Finally, MGA failed to meet and confer at all, much less in good faith,

17  regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

18  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing

19  any discovery motion, the moving party shall first identify each dispute, state the

20  relief sought and identify the authority supporting the requested relief in a meet and

21  confer letter that shall be served on all parties by facsimile or electronic mail. The

22  parties shall have five court days from the date of service of that letter to conduct an

23  in-person conference to attempt to resolve the dispute."). At no point during the

24

25

26

27  MGA's purported concerns are baseless, and in any event have been rejected by the
Discovery Master already, in rulings MGA does not challenge

28

1  meet and confer process did the parties discuss this Request or Mattel's response to
2  it. In order to engage in a meaningful meet and confer, MGA had the burden to
3  show the relevance of any requests it sought to move on.[66]  Because MGA refused
4  to even attempt to make this showing, there was no possibility of a good faith meet
5  and confer to resolve the parties' disputes.  The Discovery Master should deny
6  MGA's motion with respect to this Request on that grounds alone.

7  **REQUEST FOR PRODUCTION NO. 402:**

8          All DOCUMENTS REFERRING OR RELATING TO the selection,
9  approval process, design and development of the "LITTLE MOMMY" name,
10 products and themes prior to their initial release to the public, including but not
11 limited to any design drawings, MARKET RESEARCH, and product approval
12 memos.

13 **RESPONSE TO REQUEST NO. 402:**

14          In addition to the general objections stated above which are
15 incorporated herein by reference, Mattel objects to this Request on the grounds that
16 it is overbroad and unduly burdensome, including in that it seeks all documents on
17 this subject without limitation as to time, and regardless of whether such documents
18 relate to products or matters at issue in this case. Mattel further objects on the
19 grounds that the term "themes" in this context is vague and ambiguous. Mattel
20 further objects to the Request on the grounds that it seeks documents that are not
21 relevant to this action or likely to lead to the discovery of admissible evidence.

22

23      [65]  See Order Denying Mattel's Motion for Protective Order Limiting the
24 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.
25      [66]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
28

1  Mattel further objects to this Request on the grounds that it seeks confidential,
2  proprietary and trade secret information, including such information that has no
3  bearing on the claims or defenses in this case. Mattel further objects to this Request
4  on the grounds that it calls for the disclosure of information subject to the attorney–
5  client privilege, the attorney work–product doctrine and other applicable privileges.

6          Subject to and without waiving the foregoing objections, Mattel
7  responds as follows: Mattel will produce such responsive, non–privileged
8  documents that are in Mattel's possession, custody, or control, if any, that relating to
9  the LITTLE MOMMY name and products placed at issue in this litigation that
10  Mattel has been able to locate after a diligent search and reasonable inquiry, to the
11  extent not previously produced.

12  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
13  **TO SHOULD BE COMPELLED**

14          Mattel has improperly limited its agreement to produce documents to
15  those matters it deems placed at issue in response to this request. Mattel has refused
16  to confirm whether or not it has produced all non–privileged responsive documents
17  or whether it is withholding documents based on its objections or limitation in Phase
18  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
19  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
20  Generic objections that fail to explain the basis for an objection with specificity are
21  routinely rejected in the Central District. <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>,
22  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
23  'overly burdensome and harassing' are improper – especially when a party fails to
24  submit any evidentiary declarations supporting such objections"). Accordingly,
25  Mattel must be compelled either to certify that it has produced all non–privileged
26  responsive documents or to produce all such documents by a date certain.

27          To the extent that Mattel is relying on its blanket objections, they are
28  not sustainable and do not justify Mattel's failure to produce documents.

1    As to overbreadth, Mattel provides no explanation, let alone the

2  required particularity, as to why this request is supposedly overly broad, nor can it

3  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

4  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

5  contrary, the request is narrowly tailored to seek documents related to the selection,

6  approval process, design and development of the "LITTLE MOMMY" name,

7  products and themes prior to their initial release.

8    As to burden, Mattel has not attempted to demonstrate why responding

9  to this request and/or producing responsive documents presents any burden. This

10  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

11  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

12  request is unduly burdensome must allege specific facts which indicate the nature

13  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

14  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

15  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

16  broad variety of unfair trade practices including serial copying of MGA products

17  and trade dress infringement. MGA is entitled to discovery on these claims.

18    This request does not seek documents protected by the attorney–client

19  privilege, the attorney work product doctrine, or other applicable privileges. To the

20  extent that Mattel contends that it does, Mattel must provide a privilege log.

21    As for relevancy, Mattel has not attempted to demonstrate why

22  responding to this request and/or producing responsive documents is irrelevant to

23  the present action. On the contrary, MGA has alleged that Mattel is engaged in

24  copying of MGA products, packaging, themes and advertising. "LITTLE

25  MOMMY" is an example of one such product line. A request seeking documents

26  related to the selection, approval process, design or development of the "LITTLE

27  MOMMY" name, product and themes prior to their initial release is therefore

28  relevant to this action and MGA's claims.

1    Mattel objects that the request contains confidential, proprietary, and

2  trade secret information. A Protective Order exists in this case, obviating any

3  concern as to protection of privacy rights and/or commercially sensitive

4  information.

5    None of Mattel's improper objections are valid and Mattel is obligated

6  to produce all non–privileged responsive documents in its possession.

7  **MATTEL'S RESPONSE**

8    As MGA would have learned had it bothered to meet and confer on

9  these issues, Mattel has already produced all relevant non-privileged documents

10 responsive to this Request. MGA objects to Mattel's limitation that it will produce

11 documents related to "matters placed at issue in this litigation," but it provides no

12 argument as to why this limitation is inappropriate. MGA has not provided any

13 basis for asserting that this production is incomplete. MGA's motion to compel

14 responses to this Request should therefore be denied as moot.

15    MGA argues that Mattel seeks unilaterally to impose limits on the

16 electronic discovery sources that it must search and from which it must collect

17 documents. After exhaustive briefing in January through March 2008, the

18 Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data

19 searches. In January 2008, MGA moved for a "certification"[67] that Mattel had

20 produced "all non-privileged email responsive to MGA's and Bryant's document

21

22

23

24    [67]   The prior Discovery Master has noted that such "certifications" are improper.

25 See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25 ("THE

26 COURT: You don't have to address that [the certification issue]. As far as I'm concerned, there is no good cause or basis or authorized rule in the Federal Rules of

27 Civil Procedure that support such an order, so I'm going to deny that aspect of the motion.").

28

1  requests."[68]  Because that Motion pre-dated the stay of Phase 2 discovery, it was

2  *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's

3  arguments, the Discovery Master noted the exhaustive search methods Mattel had

4  undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

5  date for electronic information are adequate to discharge its obligation under Rule

6  34."[69]

7          MGA ignores these prior rulings entirely, and demands again that

8  Mattel search *all* data sources in its possession, custody or control for responsive

9  information in connection with its requests for production.  It also ignores the recent

10  ruling of the current Discovery Master that MGA's requests calling for documents

11  that could be found anywhere on Mattel's thousands of servers or individual

12  employee computers worldwide are unduly burdensome.  See Phase 2 Discovery

13  Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (▮▮▮▮

14  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮)  Mattel has fully responded to MGA's

18  request, and further searches should not be ordered.

19          Despite Mattel's agreement to produce documents, MGA nevertheless

20  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For

21  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald

22  assertion that "this request does not seek information protected by the attorney-client

23  privilege, the attorney work product doctrine, or other applicable privileges" has no

24

---

25  [68]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart

26  Decl., Exh. 16.

27  [69]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,

    Dart Decl., Exh. 16.

28

1   merit.  Documents discussing LITTLE MOMMY could very well be subject to a

2   claim of privilege or work product protection.  Moreover, as MGA has itself argued,

3   the parties have agreed that "all privileged documents would be logged except for

4   documents created after this action was filed on April 27, 2004."[70]  Thus, to the

5   extent privileged documents fall within the post lawsuit time period, they need not

6   be included on Mattel's log.

7         Similarly, MGA attempts to overrule Mattel's burden objection though

8   it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master

9   has already placed limits on the searches Mattel must make in producing documents,

10  and this objection is only meant to invoke those issues that have already been

11  settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at

12  6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,

13  holding that Mattel has produced all relevant emails and does not need to consult

14  back-up tapes to complete its production).  MGA should not be permitted to

15  circumvent prior Orders by seeking to overrule Mattel's objections here.

16        Finally, MGA failed to meet and confer at all, much less in good faith,

17  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

18  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing

19  any discovery motion, the moving party shall first identify each dispute, state the

20  relief sought and identify the authority supporting the requested relief in a meet and

21  confer letter that shall be served on all parties by facsimile or electronic mail.  The

22  parties shall have five court days from the date of service of that letter to conduct an

23  in-person conference to attempt to resolve the dispute.").  At no point during the

24  meet and confer process did the parties discuss this Request or Mattel's response to

25

26  [70]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1   it.  In order to engage in a meaningful meet and confer, MGA had the burden to

2   show the relevance of any requests it sought to move on.[71]   Because MGA refused

3   to even attempt to make this showing, there was no possibility of a good faith meet

4   and confer to resolve the parties' disputes.  The Discovery Master should deny

5   MGA's motion with respect to this Request on that grounds alone.

6   **REQUEST FOR PRODUCTION NO. 403:**

7              All DOCUMENTS REFERRING OR RELATING TO any

8   "MOMMY'S LITTLE..." product, theme or name as an inspiration for or factor in

9   the development of any "LITTLE MOMMY" product, theme or name.

10  **RESPONSE TO REQUEST NO. 403:**

11             In addition to the general objections stated above which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it is overbroad and unduly burdensome, including in that it seeks all documents on

14  this subject without limitation as to time, and regardless of whether such documents

15  relate to products or matters at issue in this case. Mattel further objects on the

16  grounds that the terms "theme" and "inspiration for or factor in the development of"

17  in this context are vague and ambiguous. Mattel further objects to this Request on

18  the grounds that it assumes facts not in evidence or is contrary to the evidence.

19  Mattel further objects to the Request on the grounds that it seeks documents that are

20  not relevant to this action or likely to lead to the discovery of admissible evidence.

21  Mattel further objects to this Request on the grounds that it seeks confidential,

22  proprietary and trade secret information, including such information that has no

23  bearing on the claims or defenses in this case. Mattel further objects to this Request

24

25  [71]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).
28

1  on the grounds that it calls for the disclosure of information subject to the attorney–

2  client privilege, the attorney work–product doctrine and other applicable privileges.

3         Subject to and without waiving the foregoing objections, Mattel

4  responds as follows: Mattel will produce such responsive, non–privileged

5  documents that are in Mattel's possession, custody, or control, if any, that relating to

6  the LITTLE MOMMY name and products placed at issue in this litigation that

7  Mattel has been able to locate after a diligent search and reasonable inquiry, to the

8  extent not previously produced.

9  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

10  **TO SHOULD BE COMPELLED**

11         Mattel has improperly limited its agreement to produce documents to

12  those matters it deems placed at issue in response to this request. Mattel has refused

13  to confirm whether or not it has produced all non–privileged responsive documents

14  or whether it is withholding documents based on its objections or limitation in Phase

15  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

16  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

17  Generic objections that fail to explain the basis for an objection with specificity are

18  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

19  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

20  'overly burdensome and harassing' are improper – especially when a party fails to

21  submit any evidentiary declarations supporting such objections"). Accordingly,

22  Mattel must be compelled either to certify that it has produced all non–privileged

23  responsive documents or to produce all such documents by a date certain.

24         To the extent that Mattel is relying on its blanket objections, they are

25  not sustainable and do not justify Mattel's failure to produce documents.

26         As to overbreadth, Mattel provides no explanation, let alone the

27  required particularity, as to why this request is supposedly overly broad, nor can it

28  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

1  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
2  contrary, the request is narrowly tailored to seek documents related to any
3  "MOMMY'S LITTLE . . . " product, theme or name as an inspiration for the
4  development of any "LITTLE MOMMY" product, theme or name.

5         As to burden, Mattel has not attempted to demonstrate why responding
6  to this request and/or producing responsive documents presents any burden. This
7  objection must therefore be rejected. <u>See</u> Jackson v. Montgomery Ward & Co., Inc.,
8  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
9  request is unduly burdensome must allege specific facts which indicate the nature
10 and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
11 it is not unduly burdensome, as noted above, in that the request is narrowly tailored
12 to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
13 broad variety of unfair trade practices including serial copying of MGA products
14 and trade dress infringement. MGA is entitled to discovery on these claims.

15        This request does not seek documents protected by the attorney–client
16 privilege, the attorney work product doctrine, or other applicable privileges. To the
17 extent that Mattel contends that it does, Mattel must provide a privilege log.

18        As for relevancy, Mattel has not attempted to demonstrate why
19 responding to this request and/or producing responsive documents is irrelevant to
20 the present action. On the contrary, MGA has alleged that Mattel is engaged in
21 copying of MGA products, packaging, themes and advertising. "LITTLE
22 MOMMY" is an example of one such product line. A request seeking documents
23 related to any MGA' S "MOMMY' S LITTLE ... " product, theme or name as an
24 inspiration in the development of any Mattel's "LITTLE MOMMY" product, theme
25 or name is therefore relevant to this action and MGA's claims.

26        Mattel objects that the request contains confidential, proprietary, and
27 trade secret information. A Protective Order exists in this case, obviating any
28

1   concern as to protection of privacy rights and/or commercially sensitive
2   information.

3           None of Mattel's improper objections are valid and Mattel is obligated
4   to produce all non–privileged responsive documents in its possession.

5   **MATTEL'S RESPONSE**

6           As MGA would have learned had it bothered to meet and confer on
7   these issues, Mattel has already produced all relevant non-privileged documents
8   responsive to this Request.  MGA objects to Mattel's limitation that it will produce
9   documents related to "matters placed at issue in this litigation," but it provides no
10  argument as to why this limitation is inappropriate.  MGA has not provided any
11  basis for asserting that this production is incomplete.  MGA's motion to compel
12  responses to this Request should therefore be denied as moot.

13          MGA argues that Mattel seeks unilaterally to impose limits on the
14  electronic discovery sources that it must search and from which it must collect
15  documents.  After exhaustive briefing in January through March 2008, the
16  Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
17  searches.  In January 2008, MGA moved for a "certification"[72] that Mattel had
18  produced "all non-privileged email responsive to MGA's and Bryant's document
19  requests."[73]  Because that Motion pre-dated the stay of Phase 2 discovery, it was
20  *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's
21  arguments, the Discovery Master noted the exhaustive search methods Mattel had

22
23
_____

24  [72]  The prior Discovery Master has noted that such "certifications" are improper.
25  See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25 ("THE
    COURT: You don't have to address that [the certification issue].  As far as I'm
26  concerned, there is no good cause or basis or authorized rule in the Federal Rules of
27  Civil Procedure that support such an order, so I'm going to deny that aspect of the
    motion.").
28

1  undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to
2  date for electronic information are adequate to discharge its obligation under Rule
3  34."[74]

4      MGA ignores these prior rulings entirely, and demands again that
5  Mattel search *all* data sources in its possession, custody or control for responsive
6  information in connection with its requests for production.  It also ignores the recent
7  ruling of the current Discovery Master that MGA's requests calling for documents
8  that could be found anywhere on Mattel's thousands of servers or individual
9  employee computers worldwide are unduly burdensome.  See Phase 2 Discovery
10  Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (█████
11  ████████████████████████████████████████████████████████
12  ████████████████████████████████████████████████
13  ████████████████████████████████████████████████
14  ████████████████████████████    Mattel has fully responded to MGA's
15  request, and further searches should not be ordered.

16      Despite Mattel's agreement to produce documents, MGA nevertheless
17  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For
18  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald
19  assertion that "this request does not seek information protected by the attorney-client
20  privilege, the attorney work product doctrine, or other applicable privileges" has no
21  merit.  Documents discussing LITTLE MOMMY could very well be subject to a
22  claim of privilege or work product protection.  Moreover, as MGA has itself argued,
23  the parties have agreed that "all privileged documents would be logged except for

24  

25    [73]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart
26  Decl., Exh. 16.
27    [74]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
   Dart Decl., Exh. 16.
28

1   documents created after this action was filed on April 27, 2004."[75]  Thus, to the
2   extent privileged documents fall within the post lawsuit time period, they need not
3   be included on Mattel's log.

4           Similarly, MGA attempts to overrule Mattel's burden objection though
5   it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master
6   has already placed limits on the searches Mattel must make in producing documents,
7   and this objection is only meant to invoke those issues that have already been
8   settled.  <u>See, e.g.</u>, Order Denying MGA's Motion to Compel dated April 24, 2008, at
9   6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,
10   holding that Mattel has produced all relevant emails and does not need to consult
11   back-up tapes to complete its production).  MGA should not be permitted to
12   circumvent prior Orders by seeking to overrule Mattel's objections here.

13           Finally, MGA failed to meet and confer at all, much less in good faith,
14   regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master
15   Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing
16   any discovery motion, the moving party shall first identify each dispute, state the
17   relief sought and identify the authority supporting the requested relief in a meet and
18   confer letter that shall be served on all parties by facsimile or electronic mail. The
19   parties shall have five court days from the date of service of that letter to conduct an
20   in-person conference to attempt to resolve the dispute.").  At no point during the
21   meet and confer process did the parties discuss this Request or Mattel's response to
22   it.  In order to engage in a meaningful meet and confer, MGA had the burden to

23
24
25

26   [75]   See Order Denying Mattel's Motion for Protective Order Limiting the
27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.
28

1  show the relevance of any requests it sought to move on.[76]  Because MGA refused
2  to even attempt to make this showing, there was no possibility of a good faith meet
3  and confer to resolve the parties' disputes.  The Discovery Master should deny
4  MGA's motion with respect to this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 404:**

6          All DOCUMENTS REFERRING OR RELATING TO YOUR
7  awareness or knowledge of "MOMMY' S LITTLE..." during the creation, design
8  and development of "LITTLE MOMMY."

9  **RESPONSE TO REQUEST NO. 404:**

10         In addition to the general objections stated above which are
11  incorporated herein by reference, Mattel objects to this Request on the grounds that
12  it is overbroad and unduly burdensome, including in that it seeks all documents on
13  this subject without limitation as to time, and regardless of whether such documents
14  relate to products or matters at issue in this case. Mattel further objects to the
15  Request on the grounds that it seeks documents that are not relevant to this action or
16  likely to lead to the discovery of admissible evidence. Mattel further objects to this
17  Request on the grounds that it assumes facts not in evidence or is contrary to the
18  evidence. Mattel further objects to this Request on the grounds that it seeks
19  confidential, proprietary and trade secret information, including such information
20  that has no bearing on the claims or defenses in this case. Mattel further objects to
21  this Request on the grounds that it calls for the disclosure of information subject to
22  the attorney–client privilege, the attorney work–product doctrine and other
23  applicable privileges.

24

25  [76]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).
28

-91-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FOUR)

1    Subject to and without waiving the foregoing objections, Mattel

2  responds as follows: Mattel will produce such responsive, non–privileged

3  documents that are in Mattel's possession, custody, or control, if any, relating to

4  those matters placed at issue in this litigation that Mattel has been able to locate

5  after a diligent search and reasonable inquiry, to the extent not previously produced.

6  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

7  **TO SHOULD BE COMPELLED**

8    Mattel has improperly limited its agreement to produce documents to

9  those matters it deems placed at issue in response to this request. Mattel has refused

10  to confirm whether or not it has produced all non–privileged responsive documents

11  or whether it is withholding documents based on its objections or limitation in Phase

12  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

13  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

14  Generic objections that fail to explain the basis for an objection with specificity are

15  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

16  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

17  'overly burdensome and harassing' are improper – especially when a party fails to

18  submit any evidentiary declarations supporting such objections"). Accordingly,

19  Mattel must be compelled either to certify that it has produced all non–privileged

20  responsive documents or to produce all such documents by a date certain.

21    To the extent that Mattel is relying on its blanket objections, they are

22  not sustainable and do not justify Mattel's failure to produce documents.

23    As to overbreadth, Mattel provides no explanation, let alone the

24  required particularity, as to why this request is supposedly overly broad, nor can it

25  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

26  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

27  contrary, the request is narrowly tailored to seek documents related to Mattel's

28

-92-

1  awareness or knowledge of MGA's "MOMMY'S LITTLE . . . " during the creation,

2  design and development of Mattel's "LITTLE MOMMY."

3       As to burden, Mattel has not attempted to demonstrate why responding

4  to this request and/or producing responsive documents presents any burden. This

5  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

6  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

7  request is unduly burdensome must allege specific facts which indicate the nature

8  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

9  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

10  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

11  broad variety of unfair trade practices including serial copying of

12       MGA products and trade dress infringement. MGA is entitled to

13  discovery on these claims.

14       This request does not seek documents protected by the attorney–client

15  privilege, the attorney work product doctrine, or other applicable privileges. To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17       As for relevancy, Mattel has not attempted to demonstrate why

18  responding to this request and/or producing responsive documents is irrelevant to

19  the present action. On the contrary, MGA has alleged that Mattel is engaged in

20  copying of MGA products, packaging, themes and advertising. "LITTLE

21  MOMMY" is an example of one such product line. A request seeking documents

22  related to Mattel's awareness or knowledge of MGA's "MOMMY'S LITTLE . . . "

23  during the creation, design and development of Mattel's "LITTLE MOMMY" is

24  therefore relevant to this action and MGA's claims.

25       Mattel objects that the request contains confidential, proprietary, and

26  trade secret information. A Protective Order exists in this case, obviating any

27  concern as to protection of privacy rights and/or commercially sensitive

28  information.

1        None of Mattel's improper objections are valid and Mattel is obligated

2   to produce all non–privileged responsive documents in its possession.

3   **MATTEL'S RESPONSE**

4        As MGA would have learned had it bothered to meet and confer on

5   these issues, Mattel has already produced all relevant non-privileged documents

6   responsive to this Request. MGA objects to Mattel's limitation that it will produce

7   documents related to "matters placed at issue in this litigation," but it provides no

8   argument as to why this limitation is inappropriate. MGA has not provided any

9   basis for asserting that this production is incomplete. MGA's motion to compel

10   responses to this Request should therefore be denied as moot.

11        MGA argues that Mattel seeks unilaterally to impose limits on the

12   electronic discovery sources that it must search and from which it must collect

13   documents. After exhaustive briefing in January through March 2008, the

14   Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data

15   searches. In January 2008, MGA moved for a "certification"[77] that Mattel had

16   produced "all non-privileged email responsive to MGA's and Bryant's document

17   requests."[78] Because that Motion pre-dated the stay of Phase 2 discovery, it was

18   *expressly applicable* to *every* Request in the instant Motion. In rejecting MGA's

19   arguments, the Discovery Master noted the exhaustive search methods Mattel had

20   undertaken. The Discovery Master held that "[t]he searches Mattel has conducted to

21

22

23   [77]   The prior Discovery Master has noted that such "certifications" are improper.
    See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25 ("THE

24   COURT: You don't have to address that [the certification issue]. As far as I'm

25   concerned, there is no good cause or basis or authorized rule in the Federal Rules of
    Civil Procedure that support such an order, so I'm going to deny that aspect of the

26   motion.").

27   [78]   Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart
    Decl., Exh. 16.

28

1 | date for electronic information are adequate to discharge its obligation under Rule

2 | 34."[79]

3 |         MGA ignores these prior rulings entirely, and demands again that

4 | Mattel search *all* data sources in its possession, custody or control for responsive

5 | information in connection with its requests for production.  It also ignores the recent

6 | ruling of the current Discovery Master that MGA's requests calling for documents

7 | that could be found anywhere on Mattel's thousands of servers or individual

8 | employee computers worldwide are unduly burdensome.  See Phase 2 Discovery

9 | Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (▮▮▮▮

10 | ████████████████████████████████████████████████████

11 | ████████████████████████████████████████████

12 | ████████████████████████████████████████████

13 | █████████████████████████████  Mattel has fully responded to MGA's

14 | request, and further searches should not be ordered.

15 |         Despite Mattel's agreement to produce documents, MGA nevertheless

16 | seeks to overrule all of Mattel's objections.  This would be inappropriate.  For

17 | example, there is no basis for overruling Mattel's privilege objection.  MGA's bald

18 | assertion that "this request does not seek information protected by the attorney-client

19 | privilege, the attorney work product doctrine, or other applicable privileges" has no

20 | merit.  Documents discussing LITTLE MOMMY could very well be subject to a

21 | claim of privilege or work product protection.  Moreover, as MGA has itself argued,

22 | the parties have agreed that "all privileged documents would be logged except for

23 |

24 |

25 |

26 |

27 | [79] See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6, Dart Decl., Exh. 16.

28 |

1   documents created after this action was filed on April 27, 2004."[80]  Thus, to the

2   extent privileged documents fall within the post lawsuit time period, they need not

3   be included on Mattel's log.

4          Similarly, MGA attempts to overrule Mattel's burden objection though

5   it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master

6   has already placed limits on the searches Mattel must make in producing documents,

7   and this objection is only meant to invoke those issues that have already been

8   settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at

9   6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,

10  holding that Mattel has produced all relevant emails and does not need to consult

11  back-up tapes to complete its production).  MGA should not be permitted to

12  circumvent prior Orders by seeking to overrule Mattel's objections here.

13         Finally, MGA failed to meet and confer at all, much less in good faith,

14  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

15  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing

16  any discovery motion, the moving party shall first identify each dispute, state the

17  relief sought and identify the authority supporting the requested relief in a meet and

18  confer letter that shall be served on all parties by facsimile or electronic mail. The

19  parties shall have five court days from the date of service of that letter to conduct an

20  in-person conference to attempt to resolve the dispute.").  At no point during the

21  meet and confer process did the parties discuss this Request or Mattel's response to

22  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

23

24

25

---

26  [80]   See Order Denying Mattel's Motion for Protective Order Limiting the
    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
27  3.

28

1   show the relevance of any requests it sought to move on.[81]   Because MGA refused

2   to even attempt to make this showing, there was no possibility of a good faith meet

3   and confer to resolve the parties' disputes.  The Discovery Master should deny

4   MGA's motion with respect to this Request on that grounds alone.

5   **REQUEST FOR PRODUCTION NO. 405:**

6          All DOCUMENTS REFERRING OR RELATING TO any similarity

7   or dissimilarity between "MOMMY'S LITTLE..." and "LITTLE MOMMY."

8   **RESPONSE TO REQUEST NO. 405:**

9          In addition to the general objections stated above which are

10  incorporated herein by reference, Mattel objects to this Request on the grounds that

11  it is vague, overbroad, and unduly burdensome, including in that it seeks all

12  documents on this subject without limitation as to time, and regardless of whether

13  such documents relate to products or matters at issue in this case. Mattel further

14  objects to the Request on the grounds that it seeks documents that are not relevant to

15  this action or likely to lead to the discovery of admissible evidence. Mattel further

16  objects to this Request on the grounds that it seeks confidential, proprietary and

17  trade secret information, including such information that has no bearing on the

18  claims or defenses in this case. Mattel further objects to this Request on the grounds

19  that it calls for the disclosure of information subject to the attorney–client privilege,

20  the attorney work–product doctrine and other applicable privileges.

21          Subject to and without waiving the foregoing objections, Mattel

22  responds as follows: Mattel will produce such responsive, non–privileged

23  documents that are in Mattel's possession, custody, or control, if any, that relating to

24

25  [81]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).

28

1  the LITTLE MOMMY name and products placed at issue in this litigation that

2  Mattel has been able to locate after a diligent search and reasonable inquiry, to the

3  extent not previously produced.

4  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

5  **TO SHOULD BE COMPELLED**

6         Mattel has improperly limited its agreement to produce documents to

7  those matters it deems placed at issue in response to this request. Mattel has refused

8  to confirm whether or not it has produced all non–privileged responsive documents

9  or whether it is withholding documents based on its objections or limitation in Phase

10  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

11  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

12  Generic objections that fail to explain the basis for an objection with specificity are

13  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

14  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

15  'overly burdensome and harassing' are improper – especially when a party fails to

16  submit any evidentiary declarations supporting such objections"). Accordingly,

17  Mattel must be compelled either to certify that it has produced all non–privileged

18  responsive documents or to produce all such documents by a date certain.

19         To the extent that Mattel is relying on its blanket objections, they are

20  not sustainable and do not justify Mattel's failure to produce documents.

21         As to overbreadth, Mattel provides no explanation, let alone the

22  required particularity, as to why this request is supposedly overly broad, nor can it

23  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

24  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

25  contrary, the request is narrowly tailored to seek documents related to any similarity

26  or dissimilarity between MGA's "MOMMY'S LITTLE . . . " and Mattel's "LITTLE

27  MOMMY."

28

1          As to burden, Mattel has not attempted to demonstrate why responding

2  to this request and/or producing responsive documents presents any burden. This

3  objection must therefore be rejected. <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>,

4  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

7  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

8  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

9  broad variety of unfair trade practices including serial copying of MGA products

10  and trade dress infringement. MGA is entitled to discovery on these claims.

11         This request does not seek documents protected by the attorney–client

12  privilege, the attorney work product doctrine, or other applicable privileges. To the

13  extent that Mattel contends that it does, Mattel must provide a privilege log.

14         As for relevancy, Mattel has not attempted to demonstrate why

15  responding to this request and/or producing responsive documents is irrelevant to

16  the present action. On the contrary, MGA has alleged that Mattel is engaged in

17  copying of MGA products, packaging, themes and advertising. "LITTLE

18  MOMMY" is an example of one such product line. A request seeking documents

19  related to any similarity or dissimilarity between MGA's "MOMMY'S LITTLE . .

20  ." and Mattel's "LITTLE MOMMY" is therefore relevant to this action and MGA's

21  claims.

22         Mattel objects that the request contains confidential, proprietary, and

23  trade secret information. A Protective Order exists in this case, obviating any

24  concern as to protection of privacy rights and/or commercially sensitive

25  information.

26         None of Mattel's improper objections are valid and Mattel is obligated

27  to produce all non–privileged responsive documents in its possession.

28

## MATTEL'S RESPONSE

As MGA would have learned had it bothered to meet and confer on these issues, Mattel has already produced all relevant non-privileged documents responsive to this Request.  MGA objects to Mattel's limitation that it will produce documents related to "matters placed at issue in this litigation," but it provides no argument as to why this limitation is inappropriate.  MGA has not provided any basis for asserting that this production is incomplete.  MGA's motion to compel responses to this Request should therefore be denied as moot.

MGA argues that Mattel seeks unilaterally to impose limits on the electronic discovery sources that it must search and from which it must collect documents.  After exhaustive briefing in January through March 2008, the Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data searches.  In January 2008, MGA moved for a "certification"[82] that Mattel had produced "all non-privileged email responsive to MGA's and Bryant's document requests."[83]  Because that Motion pre-dated the stay of Phase 2 discovery, it was *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's arguments, the Discovery Master noted the exhaustive search methods Mattel had undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

---

[82]   The prior Discovery Master has noted that such "certifications" are improper.  See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25 ("THE COURT: You don't have to address that [the certification issue].  As far as I'm concerned, there is no good cause or basis or authorized rule in the Federal Rules of Civil Procedure that support such an order, so I'm going to deny that aspect of the motion.").

[83]   Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart Decl., Exh. 16.

1 | date for electronic information are adequate to discharge its obligation under Rule
2 | 34."[84]

3 |      MGA ignores these prior rulings entirely, and demands again that
4 | Mattel search *all* data sources in its possession, custody or control for responsive
5 | information in connection with its requests for production.  It also ignores the recent
6 | ruling of the current Discovery Master that MGA's requests calling for documents
7 | that could be found anywhere on Mattel's thousands of servers or individual
8 | employee computers worldwide are unduly burdensome.  See Phase 2 Discovery
9 | Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (███
10 | ████████████████████████████████████████
11 | ████████████████████████████████████
12 | ████████████████████████████████████
13 | ████████████████████████ Mattel has fully responded to MGA's
14 | request, and further searches should not be ordered.

15 |      Despite Mattel's agreement to produce documents, MGA nevertheless
16 | seeks to overrule all of Mattel's objections.  This would be inappropriate.  For
17 | example, there is no basis for overruling Mattel's privilege objection.  MGA's bald
18 | assertion that "this request does not seek information protected by the attorney-client
19 | privilege, the attorney work product doctrine, or other applicable privileges" has no
20 | merit.  Documents discussing LITTLE MOMMY could very well be subject to a
21 | claim of privilege or work product protection.  Moreover, as MGA has itself argued,
22 | the parties have agreed that "all privileged documents would be logged except for

---

[84] See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
Dart Decl., Exh. 16.

1   documents created after this action was filed on April 27, 2004."[85]  Thus, to the
2   extent privileged documents fall within the post lawsuit time period, they need not
3   be included on Mattel's log.

4            Similarly, MGA attempts to overrule Mattel's burden objection though
5   it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master
6   has already placed limits on the searches Mattel must make in producing documents,
7   and this objection is only meant to invoke those issues that have already been
8   settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at
9   6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,
10  holding that Mattel has produced all relevant emails and does not need to consult
11  back-up tapes to complete its production).  MGA should not be permitted to
12  circumvent prior Orders by seeking to overrule Mattel's objections here.

13           Finally, MGA failed to meet and confer at all, much less in good faith,
14  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
15  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing
16  any discovery motion, the moving party shall first identify each dispute, state the
17  relief sought and identify the authority supporting the requested relief in a meet and
18  confer letter that shall be served on all parties by facsimile or electronic mail. The
19  parties shall have five court days from the date of service of that letter to conduct an
20  in-person conference to attempt to resolve the dispute.").  At no point during the
21  meet and confer process did the parties discuss this Request or Mattel's response to
22  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

23

24

25  _____

26  [85]   See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

00505.07975/3161807.1

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FOUR)

1  show the relevance of any requests it sought to move on.[86]   Because MGA refused
2  to even attempt to make this showing, there was no possibility of a good faith meet
3  and confer to resolve the parties' disputes.  The Discovery Master should deny
4  MGA's motion with respect to this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 406:**

6        All DOCUMENTS REFERRING OR RELATING TO whether the
7  name, products, appearance, or themes of "LITTLE MOMMY" copy, replicate, or
8  in any way imitate the name, products, appearance, or themes of "MOMMY'S
9  LITTLE...."

10  **RESPONSE TO REQUEST NO. 406:**

11        In addition to the general objections stated above which are
12  incorporated herein by reference, Mattel objects to this Request on the grounds that
13  it is vague, overbroad, and unduly burdensome, including in that it seeks all
14  documents on this subject without limitation as to time, and regardless of whether
15  such documents relate to products or matters at issue in this case. Mattel further
16  objects to the Request on the grounds that it seeks documents that are not relevant to
17  this action or likely to lead to the discovery of admissible evidence. Mattel further
18  objects to this Request on the grounds that it seeks confidential, proprietary and
19  trade secret information, including such information that has no bearing on the
20  claims or defenses in this case. Mattel further objects to this Request on the grounds
21  that it calls for the disclosure of information subject to the attorney–client privilege,
22  the attorney work–product doctrine and other applicable privileges.

23
24
25    [86]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).
28

1             Subject to and without waiving the foregoing objections, Mattel

2    responds as follows: Mattel will produce such responsive, non–privileged

3    documents that are in Mattel's possession, custody, or control, if any, relating to

4    those matters placed at issue in this litigation that Mattel has been able to locate

5    after a diligent search and reasonable inquiry, to the extent not previously produced.

6    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

7    **TO SHOULD BE COMPELLED**

8             Mattel has improperly limited its agreement to produce documents to

9    those matters it deems placed at issue in response to this request. Mattel has refused

10   to confirm whether or not it has produced all non–privileged responsive documents

11   or whether it is withholding documents based on its objections or limitation in Phase

12   2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

13   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

14   Generic objections that fail to explain the basis for an objection with specificity are

15   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

16   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

17   'overly burdensome and harassing' are improper – especially when a party fails to

18   submit any evidentiary declarations supporting such objections"). Accordingly,

19   Mattel must be compelled either to certify that it has produced all non–privileged

20   responsive documents or to produce all such documents by a date certain.

21            To the extent that Mattel is relying on its blanket objections, they are

22   not sustainable and do not justify Mattel's failure to produce documents.

23            As to overbreadth, Mattel provides no explanation, let alone the

24   required particularity, as to why this request is supposedly overly broad, nor can it

25   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

26   20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

27   contrary, the request is narrowly tailored to seek documents related to whether the

28   name, products, appearance, or themes of Mattel's "LITTLE MOMMY" copy,

00505.07975/3 161807.1

1 | replicate or imitate the name, products, appearance, or themes of MGA's
2 | "MOMMY'S LITTLE..."

3 |       As to burden, Mattel has not attempted to demonstrate why responding
4 | to this request and/or producing responsive documents presents any burden. This
5 | objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
6 | 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
7 | request is unduly burdensome must allege specific facts which indicate the nature
8 | and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
9 | it is not unduly burdensome, as noted above, in that the request is narrowly tailored
10 | to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
11 | broad variety of unfair trade practices including serial copying of MGA products
12 | and trade dress infringement. MGA is entitled to discovery on these claims.

13 |       This request does not seek documents protected by the attorney–client
14 | privilege, the attorney work product doctrine, or other applicable privileges. To the
15 | extent that Mattel contends that it does, Mattel must provide a privilege log.

16 |       As for relevancy, Mattel has not attempted to demonstrate why
17 | responding to this request and/or producing responsive documents is irrelevant to
18 | the present action. On the contrary, MGA has alleged that Mattel is engaged in
19 | copying of MGA products, packaging, themes and advertising. "LITTLE
20 | MOMMY" is an example of one such product line. A request seeking documents
21 | related to whether the name, products, appearance, or themes of Mattel's "LITTLE
22 | MOMMY" copy, replicate or imitate the name, products, appearance, or themes of
23 | MGA's "MOMMY'S LITTLE..." is therefore relevant to this action and MGA's
24 | claims.

25 |       Mattel objects that the request contains confidential, proprietary, and
26 | trade secret information. A Protective Order exists in this case, obviating any
27 | concern as to protection of privacy rights and/or commercially sensitive
28 | information.

00505.07975/3161807.1

1   None of Mattel's improper objections are valid and Mattel is obligated
2   to produce all non–privileged responsive documents in its possession.

3   **MATTEL'S RESPONSE**

4   As MGA would have learned had it bothered to meet and confer on
5   these issues, Mattel has already produced all relevant non-privileged documents
6   responsive to this Request. MGA objects to Mattel's limitation that it will produce
7   documents related to "matters placed at issue in this litigation," but it provides no
8   argument as to why this limitation is inappropriate. MGA has not provided any
9   basis for asserting that this production is incomplete. MGA's motion to compel
10  responses to this Request should therefore be denied as moot.

11  MGA argues that Mattel seeks unilaterally to impose limits on the
12  electronic discovery sources that it must search and from which it must collect
13  documents. After exhaustive briefing in January through March 2008, the
14  Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
15  searches. In January 2008, MGA moved for a "certification"[87] that Mattel had
16  produced "all non-privileged email responsive to MGA's and Bryant's document
17  requests."[88] Because that Motion pre-dated the stay of Phase 2 discovery, it was
18  *expressly applicable* to *every* Request in the instant Motion. In rejecting MGA's
19  arguments, the Discovery Master noted the exhaustive search methods Mattel had
20  undertaken. The Discovery Master held that "[t]he searches Mattel has conducted to

21

22

23  [87]   The prior Discovery Master has noted that such "certifications" are improper.
    See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25 ("THE
24  COURT: You don't have to address that [the certification issue]. As far as I'm
    concerned, there is no good cause or basis or authorized rule in the Federal Rules of
25  Civil Procedure that support such an order, so I'm going to deny that aspect of the
26  motion.").
    [88]   Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart
27  Decl., Exh. 16.

28

1   date for electronic information are adequate to discharge its obligation under Rule

2   34."[89]

3            MGA ignores these prior rulings entirely, and demands again that

4   Mattel search *all* data sources in its possession, custody or control for responsive

5   information in connection with its requests for production.  It also ignores the recent

6   ruling of the current Discovery Master that MGA's requests calling for documents

7   that could be found anywhere on Mattel's thousands of servers or individual

8   employee computers worldwide are unduly burdensome.  See Phase 2 Discovery

9   Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (█████

10  ████████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████████

13  ████████████████████████████  Mattel has fully responded to MGA's

14  request, and further searches should not be ordered.

15            Despite Mattel's agreement to produce documents, MGA nevertheless

16  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For

17  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald

18  assertion that "this request does not seek information protected by the attorney-client

19  privilege, the attorney work product doctrine, or other applicable privileges" has no

20  merit.  Documents discussing LITTLE MOMMY could very well be subject to a

21  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

22  the parties have agreed that "all privileged documents would be logged except for

23

24

25

26

27  [89]   See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
    Dart Decl., Exh. 16.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FOUR)

1   documents created after this action was filed on April 27, 2004."[90]   Thus, to the
2   extent privileged documents fall within the post lawsuit time period, they need not
3   be included on Mattel's log.

4           Similarly, MGA attempts to overrule Mattel's burden objection though
5   it provides no argument on the issue.   Yet, as MGA knows, the Discovery Master
6   has already placed limits on the searches Mattel must make in producing documents,
7   and this objection is only meant to invoke those issues that have already been
8   settled.   See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at
9   6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,
10  holding that Mattel has produced all relevant emails and does not need to consult
11  back-up tapes to complete its production).   MGA should not be permitted to
12  circumvent prior Orders by seeking to overrule Mattel's objections here.

13          Finally, MGA failed to meet and confer at all, much less in good faith,
14  regarding this Request prior to filing its Motion.   See Phase 2 Discovery Master
15  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing
16  any discovery motion, the moving party shall first identify each dispute, state the
17  relief sought and identify the authority supporting the requested relief in a meet and
18  confer letter that shall be served on all parties by facsimile or electronic mail. The
19  parties shall have five court days from the date of service of that letter to conduct an
20  in-person conference to attempt to resolve the dispute.").   At no point during the
21  meet and confer process did the parties discuss this Request or Mattel's response to
22  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

23

24

25

26  [90]   See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.
28

00505.07975/3 161807.1