1  show the relevance of any requests it sought to move on.[91]   Because MGA refused
2  to even attempt to make this showing, there was no possibility of a good faith meet
3  and confer to resolve the parties' disputes.  The Discovery Master should deny
4  MGA's motion with respect to this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 407:**

6        All DOCUMENTS REFERRING OR RELATING TO actual or
7  potential confusion or otherwise evidencing confusion (including, but not limited to,
8  confusion among consumers, retailers, distributors, licensees or members of the
9  press) between "LITTLE MOMMY" and "MOMMY'S LITTLE...."

10  **RESPONSE TO REQUEST NO. 407:**

11        In addition to the general objections stated above which are
12  incorporated herein by reference, Mattel objects to this Request on the grounds that
13  it is overbroad and unduly burdensome, including in that it seeks all documents on
14  this subject without limitation as to time, and regardless of whether such documents
15  relate to products or matters at issue in this case. Mattel further objects on the
16  grounds that the terms "otherwise evidencing confusion" are vague and ambiguous.
17  Mattel further objects to the Request on the grounds that it seeks documents that are
18  not relevant to this action or likely to lead to the discovery of admissible evidence.
19  Mattel further objects to this Request on the grounds that it seeks confidential,
20  proprietary and trade secret information, including such information that has no
21  bearing on the claims or defenses in this case. Mattel further objects to this Request
22  on the grounds that it calls for the disclosure of information subject to the attorney–
23  client privilege, the attorney work–product doctrine and other applicable privileges.

24

---

25  [91]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).
28

1          Subject to and without waiving the foregoing objections, Mattel

2  responds as follows: Mattel will produce such responsive, non–privileged

3  documents that are in Mattel's possession, custody, or control, if any, relating to

4  those matters placed at issue in this litigation that Mattel has been able to locate

5  after a diligent search and reasonable inquiry, to the extent not previously produced.

6  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

7  **TO SHOULD BE COMPELLED**

8          Mattel has improperly limited its agreement to produce documents to

9  those matters it deems placed at issue in response to this request. Mattel has refused

10  to confirm whether or not it has produced all non–privileged responsive documents

11  or whether it is withholding documents based on its objections or limitation in Phase

12  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

13  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

14  Generic objections that fail to explain the basis for an objection with specificity are

15  routinely rejected in the Central District. See <u>A. Farber and Partners, Inc. v. Garber</u>,

16  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

17  'overly burdensome and harassing' are improper – especially when a party fails to

18  submit any evidentiary declarations supporting such objections"). Accordingly,

19  Mattel must be compelled either to certify that it has produced all non–privileged

20  responsive documents or to produce all such documents by a date certain.

21          To the extent that Mattel is relying on its blanket objections, they are

22  not sustainable and do not justify Mattel's failure to produce documents.

23          As to overbreadth, Mattel provides no explanation, let alone the

24  required particularity, as to why this request is supposedly overly broad, nor can it

25  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

26  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

27  contrary, the request is narrowly tailored to seek documents related to whether the

28  name, products, appearance, or themes of Mattel's "LITTLE MOMMY" copy,

1 | replicate or imitate the name, products, appearance, or themes of MGA's
2 | "MOMMY'S LITTLE... . "

3 |       As to burden, Mattel has not attempted to demonstrate why responding
4 | to this request and/or producing responsive documents presents any burden. This
5 | objection must therefore be rejected. <u>See Jackson v. Montgomery Ward & Co., Inc.</u>,
6 | 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
7 | request is unduly burdensome must allege specific facts which indicate the nature
8 | and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
9 | it is not unduly burdensome, as noted above, in that the request is narrowly tailored
10 | to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
11 | broad variety of unfair trade practices including serial copying of MGA products
12 | and trade dress infringement. MGA is entitled to discovery on these claims.

13 |       This request does not seek documents protected by the attorney–client
14 | privilege, the attorney work product doctrine, or other applicable privileges. To the
15 | extent that Mattel contends that it does, Mattel must provide a privilege log.

16 |       As for relevancy, Mattel has not attempted to demonstrate why
17 | responding to this request and/or producing responsive documents is irrelevant to
18 | the present action. On the contrary, MGA has alleged that Mattel is engaged in
19 | copying of MGA products, packaging, themes and advertising. "LITTLE
20 | MOMMY" is an example of one such product line. A request seeking documents
21 | related to whether the name, products, appearance, or themes of Mattel's "LITTLE
22 | MOMMY" copy, replicate or imitate the name, products, appearance, or themes of
23 | MGA's "MOMMY'S LITTLE..." is therefore relevant to this action and MGA's
24 | claims.

25 |       Mattel objects that the request contains confidential, proprietary, and
26 | trade secret information. A Protective Order exists in this case, obviating any
27 | concern as to protection of privacy rights and/or commercially sensitive
28 | information.

1   None of Mattel's improper objections are valid and Mattel is obligated
2   to produce all non–privileged responsive documents in its possession.

3   **MATTEL'S RESPONSE**

4   As MGA would have learned had it bothered to meet and confer on
5   these issues, Mattel has already produced all relevant non-privileged documents
6   responsive to this Request. MGA objects to Mattel's limitation that it will produce
7   documents related to "matters placed at issue in this litigation," but it provides no
8   argument as to why this limitation is inappropriate. MGA has not provided any
9   basis for asserting that this production is incomplete. MGA's motion to compel
10  responses to this Request should therefore be denied as moot.

11  MGA argues that Mattel seeks unilaterally to impose limits on the
12  electronic discovery sources that it must search and from which it must collect
13  documents. After exhaustive briefing in January through March 2008, the
14  Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
15  searches. In January 2008, MGA moved for a "certification"[92] that Mattel had
16  produced "all non-privileged email responsive to MGA's and Bryant's document
17  requests."[93] Because that Motion pre-dated the stay of Phase 2 discovery, it was
18  *expressly applicable* to *every* Request in the instant Motion. In rejecting MGA's
19  arguments, the Discovery Master noted the exhaustive search methods Mattel had
20  undertaken. The Discovery Master held that "[t]he searches Mattel has conducted to

21

22

23  [92]  The prior Discovery Master has noted that such "certifications" are improper.
    See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25 ("THE
24  COURT: You don't have to address that [the certification issue]. As far as I'm
    concerned, there is no good cause or basis or authorized rule in the Federal Rules of
25  Civil Procedure that support such an order, so I'm going to deny that aspect of the
26  motion.").
    [93]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart
27  Decl., Exh. 16.

28

00505.07975/3161807.1

1  date for electronic information are adequate to discharge its obligation under Rule
2  34."[94]

3       MGA ignores these prior rulings entirely, and demands again that
4  Mattel search *all* data sources in its possession, custody or control for responsive
5  information in connection with its requests for production.  It also ignores the recent
6  ruling of the current Discovery Master that MGA's requests calling for documents
7  that could be found anywhere on Mattel's thousands of servers or individual
8  employee computers worldwide are unduly burdensome.  See Phase 2 Discovery
9  Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (
10  ███████████████████████████████████████
11  ███████████████████████████████████
12  ███████████████████████████████████
13  ████████████████████████  Mattel has fully responded to MGA's
14  request, and further searches should not be ordered.

15       Despite Mattel's agreement to produce documents, MGA nevertheless
16  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For
17  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald
18  assertion that "this request does not seek information protected by the attorney-client
19  privilege, the attorney work product doctrine, or other applicable privileges" has no
20  merit.  Documents discussing LITTLE MOMMY could very well be subject to a
21  claim of privilege or work product protection.  Moreover, as MGA has itself argued,
22  the parties have agreed that "all privileged documents would be logged except for

23
24
25
26
27  [94]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6, Dart Decl., Exh. 16.
28

1    documents created after this action was filed on April 27, 2004."[95]  Thus, to the
2    extent privileged documents fall within the post lawsuit time period, they need not
3    be included on Mattel's log.

4              Similarly, MGA attempts to overrule Mattel's burden objection though
5    it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master
6    has already placed limits on the searches Mattel must make in producing documents,
7    and this objection is only meant to invoke those issues that have already been
8    settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at
9    6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,
10   holding that Mattel has produced all relevant emails and does not need to consult
11   back-up tapes to complete its production).  MGA should not be permitted to
12   circumvent prior Orders by seeking to overrule Mattel's objections here.

13             Finally, MGA failed to meet and confer at all, much less in good faith,
14   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
15   Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing
16   any discovery motion, the moving party shall first identify each dispute, state the
17   relief sought and identify the authority supporting the requested relief in a meet and
18   confer letter that shall be served on all parties by facsimile or electronic mail. The
19   parties shall have five court days from the date of service of that letter to conduct an
20   in-person conference to attempt to resolve the dispute.").  At no point during the
21   meet and confer process did the parties discuss this Request or Mattel's response to
22   it.  In order to engage in a meaningful meet and confer, MGA had the burden to
23
24
25   _____
26   [95]  See Order Denying Mattel's Motion for Protective Order Limiting the
27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
     3.
28

00505.07975/3161807.1

1 | show the relevance of any requests it sought to move on.[96]   Because MGA refused
2 | to even attempt to make this showing, there was no possibility of a good faith meet
3 | and confer to resolve the parties' disputes.  The Discovery Master should deny
4 | MGA's motion with respect to this Request on that grounds alone.
5 | **REQUEST FOR PRODUCTION NO. 408:**
6 | DOCUMENTS sufficient to determine total sales, revenue, royalties,
7 | costs of goods sold and any other costs attributable to net profits REFERRING OR
8 | RELATING TO "LITTLE MOMMY."
9 | **RESPONSE TO REQUEST NO. 408:**
10 | In addition to the general objections stated above which are
11 | incorporated herein by reference, Mattel objects to this Request on the grounds that
12 | it is overbroad and unduly burdensome, including in that it seeks all documents on
13 | this subject without limitation as to time, and regardless of whether such documents
14 | relate to products or matters at issue in this case. Mattel further objects on the
15 | grounds that the terms "other costs attributable to net profits REFERRING OR
16 | RELATING TO" are vague and ambiguous. Mattel further objects to the Request on
17 | the grounds that it seeks documents that are not relevant to this action or likely to
18 | lead to the discovery of admissible evidence. Mattel further objects to this Request
19 | on the grounds that it seeks confidential, proprietary and trade secret information,
20 | including such information that has no bearing on the claims or defenses in this
21 | case. Mattel further objects to this Request on the grounds that it calls for the
22 | disclosure of information subject to the attorney–client privilege, the attorney work–
23 | product doctrine and other applicable privileges. Mattel further objects to this
24 |
25 | [96]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 | Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27 | burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
     | (S.D. Cal. May 14, 2009).
28 |

1  Request as premature in that it seeks expert discovery. Such discovery will be
2  disclosed only at the time, and in the manner required by, the Rules and the Court's
3  Orders.

4         Subject to and without waiving the foregoing objections, Mattel
5  responds as follows: Mattel will produce at an appropriate time responsive, non–
6  privileged documents sufficient to determine total sales, revenue, costs of goods
7  sold, and net profits of the LITTLE MOMMY products placed at issue in this
8  litigation.

9  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
10 **TO SHOULD BE COMPELLED**

11        Mattel has improperly limited its agreement to produce documents in
12 response to this request, excluding "royalties" and stating that it will produce only
13 "at an appropriate time." Mattel has refused to confirm whether or not it has
14 produced all non–privileged responsive documents or whether it is withholding
15 documents based on its objections or limitation in Phase 2. Under the Federal Rules
16 of Civil Procedure, "an objection to part of a request must specify the part and
17 permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that
18 fail to explain the basis for an objection with specificity are routinely rejected in the
19 Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
20 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
21 harassing' are improper – especially when a party fails to submit any evidentiary
22 declarations supporting such objections"). Accordingly, Mattel must be compelled
23 either to certify that it has produced all non–privileged responsive documents or to
24 produce all such documents by a date certain.

25        To the extent that Mattel is relying on its blanket objections, they are
26 not sustainable and do not justify Mattel's failure to produce documents.

27        As to overbreadth, Mattel provides no explanation, let alone the
28 required particularity, as to why this request is supposedly overly broad, nor can it

1   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

2   20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

3   contrary, the request is narrowly tailored to seek documents that relate to the total

4   sales, revenue, royalties, costs of goods sold and any other costs attributable to net

5   profits associated with a particular Mattel product line.

6           As to burden, Mattel has not attempted to demonstrate why responding

7   to this request and/or producing responsive documents presents any burden. This

8   objection must therefore be rejected. <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>,

9   173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

10   request is unduly burdensome must allege specific facts which indicate the nature

11   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

12   it is not unduly burdensome, as noted above, in that the request is narrowly tailored

13   to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

14   broad variety of unfair trade practices including serial copying of MGA products

15   and trade dress infringement. MGA is entitled to discovery on these claims.

16           This request does not seek documents protected by the attorney–client

17   privilege, the attorney work product doctrine, or other applicable privileges. To the

18   extent that Mattel contends that it does, Mattel must provide a privilege log.

19           As for relevancy, Mattel has not attempted to demonstrate why

20   responding to this request and/or producing responsive documents is irrelevant to

21   the present action. On the contrary, MGA has alleged that Mattel is engaged in

22   copying of MGA products, packaging, themes and advertising. A request for

23   documents that relate to the total sales, revenue, royalties, costs of goods sold and

24   any other costs attributable to net profits associated with Mattel's "LITTLE

25   MOMMY" is therefore relevant to this action and MGA's claims and damages.

26           Mattel objects that the request contains confidential, proprietary, and

27   trade secret information. A Protective Order exists in this case, obviating any

28

1   concern as to protection of privacy rights and/or commercially sensitive

2   information.

3        None of Mattel's improper objections are valid and Mattel is obligated

4   to produce all non–privileged responsive documents in its possession.

5   **MATTEL'S RESPONSE**

6        As MGA would have learned had it bothered to meet and confer on

7   these issues, Mattel has already produced all relevant non-privileged documents

8   responsive to this Request.  MGA has not provided any basis for asserting that this

9   production is incomplete.  MGA's motion to compel responses to this Request

10   should therefore be denied as moot.

11        Mattel has already produced detailed profit and loss information for

12   every girls and boys product sold by Mattel from 1998 to 2008, including each of

13   the products subject to MGA's unfair competition claims and every product Mattel

14   alleges was harmed by any act or omission alleged by Mattel in this lawsuit.  MGA

15   does not and cannot show that it is entitled to anything more.

16        MGA argues that Mattel seeks unilaterally to impose limits on the

17   electronic discovery sources that it must search and from which it must collect

18   documents.  After exhaustive briefing in January through March 2008, the

19   Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data

20   searches.  In January 2008, MGA moved for a "certification"[97] that Mattel had

21   produced "all non-privileged email responsive to MGA's and Bryant's document

22

23   _____

24   [97]   The prior Discovery Master has noted that such "certifications" are improper.
25   See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25 ("THE
     COURT: You don't have to address that [the certification issue].  As far as I'm
26   concerned, there is no good cause or basis or authorized rule in the Federal Rules of
27   Civil Procedure that support such an order, so I'm going to deny that aspect of the
     motion.").
28

1    requests."[98]  Because that Motion pre-dated the stay of Phase 2 discovery, it was

2    *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's

3    arguments, the Discovery Master noted the exhaustive search methods Mattel had

4    undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

5    date for electronic information are adequate to discharge its obligation under Rule

6    34."[99]

7            MGA ignores these prior rulings entirely, and demands again that

8    Mattel search *all* data sources in its possession, custody or control for responsive

9    information in connection with its requests for production.  It also ignores the recent

10   ruling of the current Discovery Master that MGA's requests calling for documents

11   that could be found anywhere on Mattel's thousands of servers or individual

12   employee computers worldwide are unduly burdensome.  See Phase 2 Discovery

13   Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (██████

14   ████████████████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████████████████

17   ████████████████████████████████  Mattel has fully responded to MGA's

18   request, and further searches should not be ordered.

19           Despite Mattel's agreement to produce documents, MGA nevertheless

20   seeks to overrule all of Mattel's objections.  This would be inappropriate.  For

21   example, there is no basis for overruling Mattel's privilege objection.  MGA's bald

22   assertion that "this request does not seek information protected by the attorney-client

23   privilege, the attorney work product doctrine, or other applicable privileges" has no

---

[98]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart Decl., Exh. 16.

[99]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6, Dart Decl., Exh. 16.

1   merit.  Documents discussing LITTLE MOMMY could very well be subject to a
2   claim of privilege or work product protection.  Moreover, as MGA has itself argued,
3   the parties have agreed that "all privileged documents would be logged except for
4   documents created after this action was filed on April 27, 2004."[100]  Thus, to the
5   extent privileged documents fall within the post lawsuit time period, they need not
6   be included on Mattel's log.

7          Similarly, MGA attempts to overrule Mattel's burden objection though
8   it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master
9   has already placed limits on the searches Mattel must make in producing documents,
10  and this objection is only meant to invoke those issues that have already been
11  settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at
12  6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,
13  holding that Mattel has produced all relevant emails and does not need to consult
14  back-up tapes to complete its production).  MGA should not be permitted to
15  circumvent prior Orders by seeking to overrule Mattel's objections here.

16         Finally, MGA failed to meet and confer at all, much less in good faith,
17  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
18  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17_ ("[B]efore filing
19  any discovery motion, the moving party shall first identify each dispute, state the
20  relief sought and identify the authority supporting the requested relief in a meet and
21  confer letter that shall be served on all parties by facsimile or electronic mail. The
22  parties shall have five court days from the date of service of that letter to conduct an
23  in-person conference to attempt to resolve the dispute.").  At no point during the
24  meet and confer process did the parties discuss this Request or Mattel's response to

25  _____

26  [100]   See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.
28

1    it. In order to engage in a meaningful meet and confer, MGA had the burden to

2    show the relevance of any requests it sought to move on.[101]   Because MGA refused

3    to even attempt to make this showing, there was no possibility of a good faith meet

4    and confer to resolve the parties' disputes. The Discovery Master should deny

5    MGA's motion with respect to this Request on that grounds alone.

6    **REQUEST FOR PRODUCTION NO. 409:**

7              DOCUMENTS, including but not limited to organizational charts,

8    sufficient to identify (by name and job function) all current and former MATTEL

9    personnel and/or freelancers comprising the primary team that worked on the design

10   and development of the "LITTLE MOMMY" products, themes and name.

11   **RESPONSE TO REQUEST NO. 409:**

12             In addition to the general objections stated above which are

13   incorporated herein by reference, Mattel objects to this Request on the grounds that

14   it is overbroad and unduly burdensome, including in that it seeks all documents on

15   this subject without limitation as to time, and regardless of whether such documents

16   relate to products or matters at issue in this case. Mattel further objects that the

17   terms "freelancers" and "primary team" are vague and ambiguous. Mattel further

18   objects to the Request on the grounds that it seeks documents that are not relevant to

19   this action or likely to lead to the discovery of admissible evidence. Mattel further

20   objects to this Request on the grounds that it seeks confidential, proprietary and

21   trade secret information, including such information that has no bearing on the

22   claims or defenses in this case. Mattel further objects to this Request on the grounds

23

24

25   [101]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26   Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
     (S.D. Cal. May 14, 2009).
28

1  that it calls for the disclosure of information subject to the attorney–client privilege,

2  the attorney work–product doctrine and other applicable privileges.

3          Subject to and without waiving the foregoing objections, Mattel

4  responds as follows: Mattel will produce such responsive, non–privileged

5  documents that are in Mattel's possession, custody, or control, if any, relating to the

6  LITTLE MOMMY name and products at issue in this litigation that Mattel has been

7  able to locate after a diligent search and reasonable inquiry, to the extent not

8  previously produced.

9  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

10  **TO SHOULD BE COMPELLED**

11          Mattel has improperly limited its agreement to produce documents to

12  those matters it deems placed at issue in response to this request. Mattel has refused

13  to confirm whether or not it has produced all non–privileged responsive documents

14  or whether it is withholding documents based on its objections or limitation in Phase

15  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

16  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

17  Generic objections that fail to explain the basis for an objection with specificity are

18  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

19  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

20  'overly burdensome and harassing' are improper – especially when a party fails to

21  submit any evidentiary declarations supporting such objections"). Accordingly,

22  Mattel must be compelled either to certify that it has produced all non–privileged

23  responsive documents or to produce all such documents by a date certain.

24          To the extent that Mattel is relying on its blanket objections, they are

25  not sustainable and do not justify Mattel's failure to produce documents.

26          As to overbreadth, Mattel provides no explanation, let alone the

27  required particularity, as to why this request is supposedly overly broad, nor can it

28  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

1  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
2  contrary, the request is narrowly tailored to seek documents sufficient to identify all
3  current and former Mattel personnel and freelancers that comprised the primary
4  team that worked on the design and development of the Mattel's "LITTLE
5  MOMMY" products, themes and name.

6       As to burden, Mattel has not attempted to demonstrate why responding
7  to this request and/or producing responsive documents presents any burden. This
8  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
9  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
10  request is unduly burdensome must allege specific facts which indicate the nature
11  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
12  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
13  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
14  broad variety of unfair trade practices including serial copying of MGA products
15  and trade dress infringement. MGA is entitled to discovery on these claims.

16       This request does not seek documents protected by the attorney–client
17  privilege, the attorney work product doctrine, or other applicable privileges. To the
18  extent that Mattel contends that it does, Mattel must provide a privilege log.

19       As for relevancy, Mattel has not attempted to demonstrate why
20  responding to this request and/or producing responsive documents is irrelevant to
21  the present action. On the contrary, MGA has alleged that Mattel is engaged in
22  copying of MGA products, packaging, themes and advertising. "LITTLE
23  MOMMY" is an example of one such product line. A request seeking documents
24  sufficient to identify all current and former Mattel personnel and freelancers that
25  comprised the primary team that worked on the design and development of the
26  Mattel's "LITTLE MOMMY" products, themes and name is therefore relevant to
27  this action and MGA's claims.

28

1   Mattel objects that the request contains confidential, proprietary, and
2   trade secret information. A Protective Order exists in this case, obviating any
3   concern as to protection of privacy rights and/or commercially sensitive
4   information.

5   None of Mattel's improper objections are valid and Mattel is obligated
6   to produce all non–privileged responsive documents in its possession.

7   **MATTEL'S RESPONSE**

8   As MGA would have learned had it bothered to meet and confer on
9   these issues, Mattel has already produced all relevant non-privileged documents
10  responsive to this Request. MGA objects to Mattel's limitation that it will produce
11  documents related to "matters placed at issue in this litigation," but it provides no
12  argument as to why this limitation is inappropriate. MGA has not provided any
13  basis for asserting that this production is incomplete. MGA's motion to compel
14  responses to this Request should therefore be denied as moot.

15  MGA argues that Mattel seeks unilaterally to impose limits on the
16  electronic discovery sources that it must search and from which it must collect
17  documents. After exhaustive briefing in January through March 2008, the
18  Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
19  searches. In January 2008, MGA moved for a "certification"[102] that Mattel had
20  produced "all non-privileged email responsive to MGA's and Bryant's document

21
22
23

24  [102] The prior Discovery Master has noted that such "certifications" are
25  improper. See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25
    ("THE COURT: You don't have to address that [the certification issue]. As far as
26  I'm concerned, there is no good cause or basis or authorized rule in the Federal
    Rules of Civil Procedure that support such an order, so I'm going to deny that aspect
27  of the motion.").
28

1 requests."[103]  Because that Motion pre-dated the stay of Phase 2 discovery, it was

2 *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's

3 arguments, the Discovery Master noted the exhaustive search methods Mattel had

4 undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

5 date for electronic information are adequate to discharge its obligation under Rule

6 34."[104]

7          MGA ignores these prior rulings entirely, and demands again that

8 Mattel search *all* data sources in its possession, custody or control for responsive

9 information in connection with its requests for production.  It also ignores the recent

10 ruling of the current Discovery Master that MGA's requests calling for documents

11 that could be found anywhere on Mattel's thousands of servers or individual

12 employee computers worldwide are unduly burdensome.  See Phase 2 Discovery

13 Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (████

14 ████████████████████████████████████████████

15 ████████████████████████████████████████████

16 ████████████████████████████████████████████

17 ██████████████████████████  Mattel has fully responded to MGA's

18 request, and further searches should not be ordered.

19          Despite Mattel's agreement to produce documents, MGA nevertheless

20 seeks to overrule all of Mattel's objections.  This would be inappropriate.  For

21 example, there is no basis for overruling Mattel's privilege objection.  MGA's bald

22 assertion that "this request does not seek information protected by the attorney-client

23 privilege, the attorney work product doctrine, or other applicable privileges" has no

24

25   [103]   Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart
26 Decl., Exh. 16.
   [104]   See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
27 Dart Decl., Exh. 16.

28

1    merit.  Documents discussing LITTLE MOMMY could very well be subject to a
2    claim of privilege or work product protection.  Moreover, as MGA has itself argued,
3    the parties have agreed that "all privileged documents would be logged except for
4    documents created after this action was filed on April 27, 2004."[105]  Thus, to the
5    extent privileged documents fall within the post lawsuit time period, they need not
6    be included on Mattel's log.

7           Similarly, MGA attempts to overrule Mattel's burden objection though
8    it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master
9    has already placed limits on the searches Mattel must make in producing documents,
10   and this objection is only meant to invoke those issues that have already been
11   settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at
12   6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,
13   holding that Mattel has produced all relevant emails and does not need to consult
14   back-up tapes to complete its production).  MGA should not be permitted to
15   circumvent prior Orders by seeking to overrule Mattel's objections here.

16          Finally, MGA failed to meet and confer at all, much less in good faith,
17   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
18   Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17_ ("[B]efore filing
19   any discovery motion, the moving party shall first identify each dispute, state the
20   relief sought and identify the authority supporting the requested relief in a meet and
21   confer letter that shall be served on all parties by facsimile or electronic mail. The
22   parties shall have five court days from the date of service of that letter to conduct an
23   in-person conference to attempt to resolve the dispute.").  At no point during the
24   meet and confer process did the parties discuss this Request or Mattel's response to
25
26   [105]   See Order Denying Mattel's Motion for Protective Order Limiting the
27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
     3.
28

1  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

2  show the relevance of any requests it sought to move on.[106]   Because MGA refused

3  to even attempt to make this showing, there was no possibility of a good faith meet

4  and confer to resolve the parties' disputes.  The Discovery Master should deny

5  MGA's motion with respect to this Request on that grounds alone.

6  **REQUEST FOR PRODUCTION NO. 410:**

7  　　　　All DOCUMENTS REFERRING OR RELATING TO the origins or

8  sources of inspiration of "WEE 3 FRIENDS," including, without limitation, the

9  purpose for which "WEE 3 FRIENDS" products were created.

10  **RESPONSE TO REQUEST NO. 410:**

11  　　　　In addition to the general objections stated above which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it is overbroad and unduly burdensome, including in that it seeks all documents on

14  this subject without limitation as to time, and regardless of whether such documents

15  relate to products or matters at issue in this case. Mattel further objects on the

16  grounds that the terms "sources of inspiration" and "purpose" are vague and

17  ambiguous in this context. Mattel further objects to the Request on the grounds that

18  it seeks documents that are not relevant to this action or likely to lead to the

19  discovery of admissible evidence. Mattel further objects to this Request on the

20  grounds that it seeks confidential, proprietary and trade secret information, including

21  such information that has no bearing on the claims or defenses in this case. Mattel

22  further objects to this Request on the grounds that it calls for the disclosure of

23

24

25  [106]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1   information subject to the attorney–client privilege, the attorney work–product
2   doctrine and other applicable privileges.

3          Subject to and without waiving the foregoing objections, Mattel
4   responds as follows: Mattel will produce such responsive, non–privileged
5   documents that are in Mattel's possession, custody, or control, if any, relating to
6   those matters placed at issue in this litigation that Mattel has been able to locate
7   after a diligent search and reasonable inquiry, to the extent not previously produced.

8   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9   **TO SHOULD BE COMPELLED**

10          Mattel has improperly limited its agreement to produce documents to
11   those matters it deems placed at issue in response to this request. Mattel has refused
12   to confirm whether or not it has produced all non–privileged responsive documents
13   or whether it is withholding documents based on its objections or limitation in Phase
14   2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
15   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
16   Generic objections that fail to explain the basis for an objection with specificity are
17   routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
18   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
19   'overly burdensome and harassing' are improper – especially when a party fails to
20   submit any evidentiary declarations supporting such objections"). Accordingly,
21   Mattel must be compelled either to certify that it has produced all non–privileged
22   responsive documents or to produce all such documents by a date certain.

23          To the extent that Mattel is relying on its blanket objections, they are
24   not sustainable and do not justify Mattel's failure to produce documents.

25          As to overbreadth, Mattel provides no explanation, let alone the
26   required particularity, as to why this request is supposedly overly broad, nor can it
27   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
28   20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

1  contrary, the request is narrowly tailored to seek documents concerning the origin
2  and sources of inspiration of "WEE 3 FRIENDS", naturally limiting the request
3  with respect to time.

4         As to burden, Mattel has not attempted to demonstrate why responding
5  to this request and/or producing responsive documents presents any burden. This
6  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
7  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
8  request is unduly burdensome must allege specific facts which indicate the nature
9  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
10  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
11  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
12  broad variety of unfair trade practices including serial copying of MGA products
13  and trade dress infringement. MGA is entitled to discovery on these claims.

14         This request does not seek documents protected by the attorney–client
15  privilege, the attorney work product doctrine, or other applicable privileges. To the
16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17         As for relevancy, Mattel has not attempted to demonstrate why
18  responding to this request and/or producing responsive documents is irrelevant to
19  the present action. On the contrary, MGA has alleged that Mattel is engaged in
20  copying of MGA products, packaging, themes and advertising. "WEE 3 FRIENDS"
21  is an example of one such product line. A request seeking the origin and source of
22  inspiration behind its creation is therefore relevant to this action and MGA's claims.

23         Mattel objects that the request contains confidential, proprietary, and
24  trade secret information. A Protective Order exists in this case, obviating any
25  concern as to protection of privacy rights and/or commercially sensitive
26  information.

27         None of Mattel's improper objections are valid and Mattel is obligated
28  to produce all non–privileged responsive documents in its possession.

1 | **MATTEL'S RESPONSE**

2  As MGA would have learned had it bothered to meet and confer on

3 these issues, Mattel has already produced all relevant non-privileged documents

4 responsive to this Request.  MGA objects to Mattel's limitation that it will produce

5 documents related to "matters placed at issue in this litigation," but it provides no

6 argument as to why this limitation is inappropriate.  MGA has not provided any

7 basis for asserting that this production is incomplete.  MGA's motion to compel

8 responses to this Request should therefore be denied as moot.

9  MGA argues that Mattel seeks unilaterally to impose limits on the

10 electronic discovery sources that it must search and from which it must collect

11 documents.  After exhaustive briefing in January through March 2008, the

12 Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data

13 searches.  In January 2008, MGA moved for a "certification"[107] that Mattel had

14 produced "all non-privileged email responsive to MGA's and Bryant's document

15 requests."[108]  Because that Motion pre-dated the stay of Phase 2 discovery, it was

16 *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's

17 arguments, the Discovery Master noted the exhaustive search methods Mattel had

18 undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

19

20

21

22

23  [107] The prior Discovery Master has noted that such "certifications" are improper. See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25

24 ("THE COURT: You don't have to address that [the certification issue]. As far as I'm concerned, there is no good cause or basis or authorized rule in the Federal

25 Rules of Civil Procedure that support such an order, so I'm going to deny that aspect

26 of the motion.").

27  [108] Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart Decl., Exh. 16.

28

1 | date for electronic information are adequate to discharge its obligation under Rule
2 | 34."[109]

3 |       MGA ignores these prior rulings entirely, and demands again that
4 | Mattel search *all* data sources in its possession, custody or control for responsive
5 | information in connection with its requests for production.  It also ignores the recent
6 | ruling of the current Discovery Master that MGA's requests calling for documents
7 | that could be found anywhere on Mattel's thousands of servers or individual
8 | employee computers worldwide are unduly burdensome.  See Phase 2 Discovery
9 | Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 ( ▮▮▮
10 | ████████████████████████████████████████████████
11 | ██████████████████████████████████████████
12 | ████████████████████████████████████████████
13 | ██████████████████████████  Mattel has fully responded to MGA's
14 | request, and further searches should not be ordered.

15 |       Despite Mattel's agreement to produce documents, MGA nevertheless
16 | seeks to overrule all of Mattel's objections.  This would be inappropriate.  For
17 | example, there is no basis for overruling Mattel's privilege objection.  MGA's bald
18 | assertion that "this request does not seek information protected by the attorney-client
19 | privilege, the attorney work product doctrine, or other applicable privileges" has no
20 | merit.  Documents discussing WEE 3 FRIENDS could very well be subject to a
21 | claim of privilege or work product protection.  Moreover, as MGA has itself argued,
22 | the parties have agreed that "all privileged documents would be logged except for
23 |
24 |
25 |
26 |
27 | [109]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6, Dart Decl., Exh. 16.
28 |

1  documents created after this action was filed on April 27, 2004."[110]  Thus, to the

2  extent privileged documents fall within the post lawsuit time period, they need not

3  be included on Mattel's log.

4          Similarly, MGA attempts to overrule Mattel's burden objection though

5  it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master

6  has already placed limits on the searches Mattel must make in producing documents,

7  and this objection is only meant to invoke those issues that have already been

8  settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at

9  6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,

10  holding that Mattel has produced all relevant emails and does not need to consult

11  back-up tapes to complete its production).  MGA should not be permitted to

12  circumvent prior Orders by seeking to overrule Mattel's objections here.

13          Finally, MGA failed to meet and confer at all, much less in good faith,

14  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

15  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing

16  any discovery motion, the moving party shall first identify each dispute, state the

17  relief sought and identify the authority supporting the requested relief in a meet and

18  confer letter that shall be served on all parties by facsimile or electronic mail. The

19  parties shall have five court days from the date of service of that letter to conduct an

20  in-person conference to attempt to resolve the dispute.").  At no point during the

21  meet and confer process did the parties discuss this Request or Mattel's response to

22  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

23

24

25

---

26  [110]   See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
3.

28

1   show the relevance of any requests it sought to move on.[111] Because MGA refused

2   to even attempt to make this showing, there was no possibility of a good faith meet

3   and confer to resolve the parties' disputes. The Discovery Master should deny

4   MGA's motion with respect to this Request on that grounds alone.

5   **REQUEST FOR PRODUCTION NO. 411:**

6           All DOCUMENTS REFERRING OR RELATING TO the selection,

7   approval process, design and development of the "WEE 3 FRIENDS" name,

8   products, packaging and themes prior to their release to the public, including but not

9   limited to any design drawings, MARKET RESEARCH, and product approval

10   memos.

11   **RESPONSE TO REQUEST NO. 411:**

12           In addition to the general objections stated above which are

13   incorporated herein by reference, Mattel objects to this Request on the grounds that

14   it is overbroad and unduly burdensome, including in that it seeks all documents on

15   this subject without limitation as to time, and regardless of whether such documents

16   relate to products or matters at issue in this case. Mattel further objects on the

17   grounds that the term "themes" in this context is vague and ambiguous. Mattel

18   further objects to the Request on the grounds that it seeks documents that are not

19   relevant to this action or likely to lead to the discovery of admissible evidence.

20   Mattel further objects to this Request on the grounds that it seeks confidential,

21   proprietary and trade secret information, including such information that has no

22   bearing on the claims or defenses in this case. Mattel further objects to this Request

23

24

---

25   [111] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26   Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  on the grounds that it calls for the disclosure of information subject to the attorney–

2  client privilege, the attorney work–product doctrine and other applicable privileges.

3         Subject to and without waiving the foregoing objections, Mattel

4  responds as follows: Mattel will produce such responsive, non–privileged

5  documents that are in Mattel's possession, custody, or control, if any, relating to

6  those matters placed at issue in this litigation that Mattel has been able to locate

7  after a diligent search and reasonable inquiry, to the extent not previously produced.

8  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

9  **TO SHOULD BE COMPELLED**

10         Mattel has improperly limited its agreement to produce documents to

11  those matters it deems placed at issue in response to this request. Mattel has refused

12  to confirm whether or not it has produced all non–privileged responsive documents

13  or whether it is withholding documents based on its objections or limitation in Phase

14  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

15  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

16  Generic objections that fail to explain the basis for an objection with specificity are

17  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

18  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

19  'overly burdensome and harassing' are improper – especially when a party fails to

20  submit any evidentiary declarations supporting such objections"). Accordingly,

21  Mattel must be compelled either to certify that it has produced all non–privileged

22  responsive documents or to produce all such documents by a date certain.

23         To the extent that Mattel is relying on its blanket objections, they are

24  not sustainable and do not justify Mattel's failure to produce documents.

25         As to overbreadth, Mattel provides no explanation, let alone the

26  required particularity, as to why this request is supposedly overly broad, nor can it

27  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

28  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

1 │ contrary, the request is narrowly tailored to seek documents related to the selection,

2 │ approval process, design and development of the "WEE 3 FRIEND" name,

3 │ products, packaging and themes prior to their initial release.

4 │     As to burden, Mattel has not attempted to demonstrate why responding

5 │ to this request and/or producing responsive documents presents any burden. This

6 │ objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

7 │ 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

8 │ request is unduly burdensome must allege specific facts which indicate the nature

9 │ and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

10 │ it is not unduly burdensome, as noted above, in that the request is narrowly tailored

11 │ to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

12 │ broad variety of unfair trade practices including serial copying of MGA products

13 │ and trade dress infringement. MGA is entitled to discovery on these claims.

14 │     This request does not seek documents protected by the attorney–client

15 │ privilege, the attorney work product doctrine, or other applicable privileges. To the

16 │ extent that Mattel contends that it does, Mattel must provide a privilege log.

17 │     As for relevancy, Mattel has not attempted to demonstrate why

18 │ responding to this request and/or producing responsive documents is irrelevant to

19 │ the present action. On the contrary, MGA has alleged that Mattel is engaged in

20 │ copying of MGA products, packaging, themes and advertising. "WEE 3 FRIENDS"

21 │ is an example of one such product line. A request seeking documents related to the

22 │ selection, approval process, design or development of the "WEE 3 FRIENDS"

23 │ name, product, packaging and themes prior to their initial public release is therefore

24 │ relevant to this action and MGA's claims.

25 │     Mattel objects that the request contains confidential, proprietary, and

26 │ trade secret information. A Protective Order exists in this case, obviating any

27 │ concern as to protection of privacy rights and/or commercially sensitive

28 │ information.

1       None of Mattel's improper objections are valid and Mattel is obligated

2 to produce all non–privileged responsive documents in its possession.

3 **MATTEL'S RESPONSE**

4       As MGA would have learned had it bothered to meet and confer on

5 these issues, Mattel has already produced all relevant non-privileged documents

6 responsive to this Request. MGA objects to Mattel's limitation that it will produce

7 documents related to "matters placed at issue in this litigation," but it provides no

8 argument as to why this limitation is inappropriate. MGA has not provided any

9 basis for asserting that this production is incomplete. MGA's motion to compel

10 responses to this Request should therefore be denied as moot.

11       MGA argues that Mattel seeks unilaterally to impose limits on the

12 electronic discovery sources that it must search and from which it must collect

13 documents. After exhaustive briefing in January through March 2008, the

14 Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data

15 searches. In January 2008, MGA moved for a "certification"[112] that Mattel had

16 produced "all non-privileged email responsive to MGA's and Bryant's document

17 requests."[113] Because that Motion pre-dated the stay of Phase 2 discovery, it was

18 *expressly applicable* to *every* Request in the instant Motion. In rejecting MGA's

19 arguments, the Discovery Master noted the exhaustive search methods Mattel had

20 undertaken. The Discovery Master held that "[t]he searches Mattel has conducted to

21

22

---

23 [112] The prior Discovery Master has noted that such "certifications" are improper. See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25

24 ("THE COURT: You don't have to address that [the certification issue]. As far as I'm concerned, there is no good cause or basis or authorized rule in the Federal

25 Rules of Civil Procedure that support such an order, so I'm going to deny that aspect

26 of the motion.").

27 [113] Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart Decl., Exh. 16.

28

1   date for electronic information are adequate to discharge its obligation under Rule
2   34."[114]

3            MGA ignores these prior rulings entirely, and demands again that
4   Mattel search *all* data sources in its possession, custody or control for responsive
5   information in connection with its requests for production.  It also ignores the recent
6   ruling of the current Discovery Master that MGA's requests calling for documents
7   that could be found anywhere on Mattel's thousands of servers or individual
8   employee computers worldwide are unduly burdensome.  See Phase 2 Discovery
9   Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (█████
10  ████████████████████████████████████████████████████████████████
11  ███████████████████████████████████████████████████
12  ████████████████████████████████████████████████
13  ██████████████████████████████   Mattel has fully responded to MGA's
14  request, and further searches should not be ordered.

15           Despite Mattel's agreement to produce documents, MGA nevertheless
16  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For
17  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald
18  assertion that "this request does not seek information protected by the attorney-client
19  privilege, the attorney work product doctrine, or other applicable privileges" has no
20  merit.  Documents discussing WEE 3 FRIENDS could very well be subject to a
21  claim of privilege or work product protection.  Moreover, as MGA has itself argued,
22  the parties have agreed that "all privileged documents would be logged except for

23
24
25
26
27   [114]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
      Dart Decl., Exh. 16.
28

1  documents created after this action was filed on April 27, 2004."[115] Thus, to the
2  extent privileged documents fall within the post lawsuit time period, they need not
3  be included on Mattel's log.

4          Similarly, MGA attempts to overrule Mattel's burden objection though
5  it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master
6  has already placed limits on the searches Mattel must make in producing documents,
7  and this objection is only meant to invoke those issues that have already been
8  settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at
9  6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,
10 holding that Mattel has produced all relevant emails and does not need to consult
11 back-up tapes to complete its production).  MGA should not be permitted to
12 circumvent prior Orders by seeking to overrule Mattel's objections here.

13         Finally, MGA failed to meet and confer at all, much less in good faith,
14 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
15 Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing
16 any discovery motion, the moving party shall first identify each dispute, state the
17 relief sought and identify the authority supporting the requested relief in a meet and
18 confer letter that shall be served on all parties by facsimile or electronic mail. The
19 parties shall have five court days from the date of service of that letter to conduct an
20 in-person conference to attempt to resolve the dispute.").  At no point during the
21 meet and confer process did the parties discuss this Request or Mattel's response to
22 it.  In order to engage in a meaningful meet and confer, MGA had the burden to

23
24
25
26  [115]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.
28

1  show the relevance of any requests it sought to move on.[116]  Because MGA refused

2  to even attempt to make this showing, there was no possibility of a good faith meet

3  and confer to resolve the parties' disputes.  The Discovery Master should deny

4  MGA's motion with respect to this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 412:**

6         All DOCUMENTS REFERRING OR RELATING TO any "4–EVER

7  BEST FRIENDS" name, product, theme or packaging as an inspiration or factor in

8  the development of any "WEE 3 FRIENDS" name, product, theme or packaging.

9  **RESPONSE TO REQUEST NO. 412:**

10         In addition to the general objections stated above which are

11  incorporated herein by reference, Mattel objects to this Request on the grounds that

12  it is overbroad and unduly burdensome, including in that it seeks all documents on

13  this subject without limitation as to time, and regardless of whether such documents

14  relate to products or matters at issue in this case. Mattel further objects on the

15  grounds that the terms "theme" and "inspiration or factor in the development of" in

16  this context are vague and ambiguous. Mattel further objects to this Request on the

17  grounds that it assumes facts not in evidence or is contrary to the evidence. Mattel

18  further objects to the Request on the grounds that it seeks documents that are not

19  relevant to this action or likely to lead to the discovery of admissible evidence.

20  Mattel further objects to this Request on the grounds that it seeks confidential,

21  proprietary and trade secret information, including such information that has no

22  bearing on the claims or defenses in this case. Mattel further objects to this Request

23

24

25     [116]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
(S.D. Cal. May 14, 2009).

28

1  on the grounds that it calls for the disclosure of information subject to the attorney–

2  client privilege, the attorney work–product doctrine and other applicable privileges.

3       Subject to and without waiving the foregoing objections, Mattel

4  responds as follows: Mattel will produce such responsive, non–privileged

5  documents that are in Mattel's possession, custody, or control, if any, relating to

6  those matters placed at issue in this litigation that Mattel has been able to locate

7  after a diligent search and reasonable inquiry, to the extent not previously produced.

8  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

9  **TO SHOULD BE COMPELLED**

10       Mattel has improperly limited its agreement to produce documents to

11  those matters it deems placed at issue in response to this request. Mattel has refused

12  to confirm whether or not it has produced all non–privileged responsive documents

13  or whether it is withholding documents based on its objections or limitation in Phase

14  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

15  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

16  Generic objections that fail to explain the basis for an objection with specificity are

17  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

18  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

19  'overly burdensome and harassing' are improper – especially when a party fails to

20  submit any evidentiary declarations supporting such objections"). Accordingly,

21  Mattel must be compelled either to certify that it has produced all non–privileged

22  responsive documents or to produce all such documents by a date certain.

23       To the extent that Mattel is relying on its blanket objections, they are

24  not sustainable and do not justify Mattel's failure to produce documents.

25       As to overbreadth, Mattel provides no explanation, let alone the

26  required particularity, as to why this request is supposedly overly broad, nor can it

27  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

28  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

1  contrary, the request is narrowly tailored to seek documents related to any "4–
2  EVER BEST FRIENDS " name, product, theme or packaging as an inspiration for
3  the development of any "WEE 3 FRIENDS" name, product, theme or packaging.

4         As to burden, Mattel has not attempted to demonstrate why responding
5  to this request and/or producing responsive documents presents any burden. This
6  objection must therefore be rejected. <u>See Jackson v. Montgomery Ward & Co., Inc.</u>,
7  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
8  request is unduly burdensome must allege specific facts which indicate the nature
9  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
10 it is not unduly burdensome, as noted above, in that the request is narrowly tailored
11 to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
12 broad variety of unfair trade practices including serial copying of MGA products
13 and trade dress infringement. MGA is entitled to discovery on these claims.

14        This request does not seek documents protected by the attorney–client
15 privilege, the attorney work product doctrine, or other applicable privileges. To the
16 extent that Mattel contends that it does, Mattel must provide a privilege log.

17        As for relevancy, Mattel has not attempted to demonstrate why
18 responding to this request and/or producing responsive documents is irrelevant to
19 the present action. On the contrary, MGA has alleged that Mattel is engaged in
20 copying of MGA products, packaging, themes and advertising. "WEE 3 FRIENDS"
21 is an example of one such product line. A request seeking documents related to any
22 MGA'S "4–EVER BEST FRIENDS" name, product, theme or packaging as an
23 inspiration in the development of any Mattel's "WEE 3 FRIENDS" name, product,
24 theme or packaging is therefore relevant to this action and MGA's claims.

25        Mattel objects that the request contains confidential, proprietary, and
26 trade secret information. A Protective Order exists in this case, obviating any
27 concern as to protection of privacy rights and/or commercially sensitive
28 information.

1    None of Mattel's improper objections are valid and Mattel is obligated
2  to produce all non–privileged responsive documents in its possession.
3  **MATTEL'S RESPONSE**
4    As MGA would have learned had it bothered to meet and confer on
5  these issues, Mattel has already produced all relevant non-privileged documents
6  responsive to this Request.  MGA objects to Mattel's limitation that it will produce
7  documents related to "matters placed at issue in this litigation," but it provides no
8  argument as to why this limitation is inappropriate.  MGA has not provided any
9  basis for asserting that this production is incomplete.  MGA's motion to compel
10  responses to this Request should therefore be denied as moot.
11    MGA argues that Mattel seeks unilaterally to impose limits on the
12  electronic discovery sources that it must search and from which it must collect
13  documents.  After exhaustive briefing in January through March 2008, the
14  Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
15  searches.  In January 2008, MGA moved for a "certification"[117] that Mattel had
16  produced "all non-privileged email responsive to MGA's and Bryant's document
17  requests."[118]  Because that Motion pre-dated the stay of Phase 2 discovery, it was
18  *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's
19  arguments, the Discovery Master noted the exhaustive search methods Mattel had
20  undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to
21
22

---

23  [117]  The prior Discovery Master has noted that such "certifications" are
   improper.  See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25
24  ("THE COURT: You don't have to address that [the certification issue].  As far as
   I'm concerned, there is no good cause or basis or authorized rule in the Federal
25  Rules of Civil Procedure that support such an order, so I'm going to deny that aspect
26  of the motion.").
   [118]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart
27  Decl., Exh. 16.
28

1  date for electronic information are adequate to discharge its obligation under Rule
2  34."[119]

3          MGA ignores these prior rulings entirely, and demands again that
4  Mattel search *all* data sources in its possession, custody or control for responsive
5  information in connection with its requests for production.  It also ignores the recent
6  ruling of the current Discovery Master that MGA's requests calling for documents
7  that could be found anywhere on Mattel's thousands of servers or individual
8  employee computers worldwide are unduly burdensome.  See Phase 2 Discovery
9  Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (▇▇▇▇
10  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
11  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
12  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
13  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  Mattel has fully responded to MGA's
14  request, and further searches should not be ordered.

15          Despite Mattel's agreement to produce documents, MGA nevertheless
16  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For
17  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald
18  assertion that "this request does not seek information protected by the attorney-client
19  privilege, the attorney work product doctrine, or other applicable privileges" has no
20  merit.  Documents discussing WEE 3 FRIENDS could very well be subject to a
21  claim of privilege or work product protection.  Moreover, as MGA has itself argued,
22  the parties have agreed that "all privileged documents would be logged except for

23
24
25
26
        _____
27  [119]   See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
    Dart Decl., Exh. 16.
28

1  documents created after this action was filed on April 27, 2004."[120]  Thus, to the
2  extent privileged documents fall within the post lawsuit time period, they need not
3  be included on Mattel's log.

4          Similarly, MGA attempts to overrule Mattel's burden objection though
5  it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master
6  has already placed limits on the searches Mattel must make in producing documents,
7  and this objection is only meant to invoke those issues that have already been
8  settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at
9  6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,
10  holding that Mattel has produced all relevant emails and does not need to consult
11  back-up tapes to complete its production).  MGA should not be permitted to
12  circumvent prior Orders by seeking to overrule Mattel's objections here.

13          Finally, MGA failed to meet and confer at all, much less in good faith,
14  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
15  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing
16  any discovery motion, the moving party shall first identify each dispute, state the
17  relief sought and identify the authority supporting the requested relief in a meet and
18  confer letter that shall be served on all parties by facsimile or electronic mail. The
19  parties shall have five court days from the date of service of that letter to conduct an
20  in-person conference to attempt to resolve the dispute.").  At no point during the
21  meet and confer process did the parties discuss this Request or Mattel's response to
22  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

23

24

25

---

26  [120]   See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1 show the relevance of any requests it sought to move on.[121]   Because MGA refused
2 to even attempt to make this showing, there was no possibility of a good faith meet
3 and confer to resolve the parties' disputes.  The Discovery Master should deny
4 MGA's motion with respect to this Request on that grounds alone.

5 **REQUEST FOR PRODUCTION NO. 413:**

6            All DOCUMENTS REFERRING OR RELATING TO YOUR
7 awareness or knowledge of "4–EVER BEST FRIENDS" during the creation, design
8 and development of "WEE 3 FRIENDS."

9 **RESPONSE TO REQUEST NO. 413:**

10            In addition to the general objections stated above which are
11 incorporated herein by reference, Mattel objects to this Request on the grounds that
12 it is overbroad and unduly burdensome, including in that it seeks all documents on
13 this subject without limitation as to time, and regardless of whether such documents
14 relate to products or matters at issue in this case. Mattel further objects to the
15 Request on the grounds that it seeks documents that are not relevant to this action or
16 likely to lead to the discovery of admissible evidence. Mattel further objects to this
17 Request on the grounds that it assumes facts not in evidence or is contrary to the
18 evidence. Mattel further objects to this Request on the grounds that it seeks
19 confidential, proprietary and trade secret information, including such information
20 that has no bearing on the claims or defenses in this case. Mattel further objects to
21 this Request on the grounds that it calls for the disclosure of information subject to
22 the attorney–client privilege, the attorney work–product doctrine and other
23 applicable privileges.

---

25 [121]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
(S.D. Cal. May 14, 2009).

1    Subject to and without waiving the foregoing objections, Mattel
2  responds as follows: Mattel will produce such responsive, non–privileged
3  documents that are in Mattel's possession, custody, or control, if any, relating to
4  those matters placed at issue in this litigation that Mattel has been able to locate
5  after a diligent search and reasonable inquiry, to the extent not previously produced.
6  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
7  **TO SHOULD BE COMPELLED**
8    Mattel has improperly limited its agreement to produce documents to
9  those matters it deems placed at issue in response to this request. Mattel has refused
10  to confirm whether or not it has produced all non–privileged responsive documents
11  or whether it is withholding documents based on its objections or limitation in Phase
12  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
13  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
14  Generic objections that fail to explain the basis for an objection with specificity are
15  routinely rejected in the Central District. See A. Farber and Partners, Inc. v.  Garber,
16  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
17  'overly burdensome and harassing' are improper – especially when a party fails to
18  submit any evidentiary declarations supporting such objections"). Accordingly,
19  Mattel must be compelled either to certify that it has produced all non–privileged
20  responsive documents or to produce all such documents by a date certain.
21    To the extent that Mattel is relying on its blanket objections, they are
22  not sustainable and do not justify Mattel's failure to produce documents.
23    As to overbreadth, Mattel provides no explanation, let alone the
24  required particularity, as to why this request is supposedly overly broad, nor can it
25  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
26  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
27  contrary, the request is narrowly tailored to seek documents related to Mattel's
28

00505.07975/3161807.1

1  awareness or knowledge of MGA's "4–EVER BEST FRIENDS" during the

2  creation, design and development of Mattel's "WEE 3 FRIENDS."

3          As to burden, Mattel has not attempted to demonstrate why responding

4  to this request and/or producing responsive documents presents any burden. This

5  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

6  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

7  request is unduly burdensome must allege specific facts which indicate the nature

8  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

9  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

10  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

11  broad variety of unfair trade practices including serial copying of MGA products

12  and trade dress infringement. MGA is entitled to discovery on these claims.

13          This request does not seek documents protected by the attorney–client

14  privilege, the attorney work product doctrine, or other applicable privileges. To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16          As for relevancy, Mattel has not attempted to demonstrate why

17  responding to this request and/or producing responsive documents is irrelevant to

18  the present action. On the contrary, MGA has alleged that Mattel is engaged in

19  copying of MGA products, packaging, themes and advertising. "WEE 3 FRIENDS"

20  is an example of one such product line. A request seeking documents related to

21  Mattel's awareness or knowledge of MGA's "4–EVER BEST FRIENDS" during

22  the creation, design and development of Mattel's "WEE 3 FRIENDS" is therefore

23  relevant to this action and MGA's claims.

24          Mattel objects that the request contains confidential, proprietary, and

25  trade secret information. A Protective Order exists in this case, obviating any

26  concern as to protection of privacy rights and/or commercially sensitive

27  information.

28

1   None of Mattel's improper objections are valid and Mattel is obligated

2   to produce all non–privileged responsive documents in its possession.

3   **MATTEL'S RESPONSE**

4   As MGA would have learned had it bothered to meet and confer on

5   these issues, Mattel has already produced all relevant non-privileged documents

6   responsive to this Request. MGA objects to Mattel's limitation that it will produce

7   documents related to "matters placed at issue in this litigation," but it provides no

8   argument as to why this limitation is inappropriate. MGA has not provided any

9   basis for asserting that this production is incomplete. MGA's motion to compel

10   responses to this Request should therefore be denied as moot.

11   MGA argues that Mattel seeks unilaterally to impose limits on the

12   electronic discovery sources that it must search and from which it must collect

13   documents. After exhaustive briefing in January through March 2008, the

14   Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data

15   searches. In January 2008, MGA moved for a "certification"[122] that Mattel had

16   produced "all non-privileged email responsive to MGA's and Bryant's document

17   requests."[123] Because that Motion pre-dated the stay of Phase 2 discovery, it was

18   *expressly applicable* to *every* Request in the instant Motion. In rejecting MGA's

19   arguments, the Discovery Master noted the exhaustive search methods Mattel had

20   undertaken. The Discovery Master held that "[t]he searches Mattel has conducted to

21

22

23   [122]   The prior Discovery Master has noted that such "certifications" are improper. See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25

24   ("THE COURT: You don't have to address that [the certification issue]. As far as I'm concerned, there is no good cause or basis or authorized rule in the Federal

25   Rules of Civil Procedure that support such an order, so I'm going to deny that aspect

26   of the motion.").

27   [123]   Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart Decl., Exh. 16.

28

1  | date for electronic information are adequate to discharge its obligation under Rule
2  | 34.”[124]

3  |         MGA ignores these prior rulings entirely, and demands again that
4  | Mattel search *all* data sources in its possession, custody or control for responsive
5  | information in connection with its requests for production.  It also ignores the recent
6  | ruling of the current Discovery Master that MGA's requests calling for documents
7  | that could be found anywhere on Mattel's thousands of servers or individual
8  | employee computers worldwide are unduly burdensome.  <u>See</u> Phase 2 Discovery
9  | Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (████
10 | ████████████████████████████████████████████
11 | ████████████████████████████████████████
12 | ████████████████████████████████████
13 | ████████████████████████   Mattel has fully responded to MGA's
14 | request, and further searches should not be ordered.

15 |         Despite Mattel's agreement to produce documents, MGA nevertheless
16 | seeks to overrule all of Mattel's objections.  This would be inappropriate.  For
17 | example, there is no basis for overruling Mattel's privilege objection.  MGA's bald
18 | assertion that "this request does not seek information protected by the attorney-client
19 | privilege, the attorney work product doctrine, or other applicable privileges" has no
20 | merit.  Documents discussing WEE 3 FRIENDS could very well be subject to a
21 | claim of privilege or work product protection.  Moreover, as MGA has itself argued,
22 | the parties have agreed that "all privileged documents would be logged except for

[124]   <u>See</u> Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
Dart Decl., Exh. 16.

1   documents created after this action was filed on April 27, 2004."[125]  Thus, to the

2   extent privileged documents fall within the post lawsuit time period, they need not

3   be included on Mattel's log.

4          Similarly, MGA attempts to overrule Mattel's burden objection though

5   it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master

6   has already placed limits on the searches Mattel must make in producing documents,

7   and this objection is only meant to invoke those issues that have already been

8   settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at

9   6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,

10  holding that Mattel has produced all relevant emails and does not need to consult

11  back-up tapes to complete its production).  MGA should not be permitted to

12  circumvent prior Orders by seeking to overrule Mattel's objections here.

13         Finally, MGA failed to meet and confer at all, much less in good faith,

14  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

15  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing

16  any discovery motion, the moving party shall first identify each dispute, state the

17  relief sought and identify the authority supporting the requested relief in a meet and

18  confer letter that shall be served on all parties by facsimile or electronic mail. The

19  parties shall have five court days from the date of service of that letter to conduct an

20  in-person conference to attempt to resolve the dispute.").  At no point during the

21  meet and confer process did the parties discuss this Request or Mattel's response to

22  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

23

24

25  _____

26  [125]   See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1  show the relevance of any requests it sought to move on.[126]  Because MGA refused

2  to even attempt to make this showing, there was no possibility of a good faith meet

3  and confer to resolve the parties' disputes.  The Discovery Master should deny

4  MGA's motion with respect to this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 414:**

6  　　　　All DOCUMENTS REFERRING OR RELATING TO any similarity

7  or dissimilarity between "4–EVER BEST FRIENDS" and "WEE 3 FRIENDS."

8  **RESPONSE TO REQUEST NO. 414:**

9  　　　　In addition to the general objections stated above which are

10  incorporated herein by reference, Mattel objects to this Request on the grounds that

11  it is vague, overbroad, and unduly burdensome, including in that it seeks all

12  documents on this subject without limitation as to time, and regardless of whether

13  such documents relate to products or matters at issue in this case. Mattel further

14  objects to the Request on the grounds that it seeks documents that are not relevant to

15  this action or likely to lead to the discovery of admissible evidence. Mattel further

16  objects to this Request on the grounds that it seeks confidential, proprietary and

17  trade secret information, including such information that has no bearing on the

18  claims or defenses in this case. Mattel further objects to this Request on the grounds

19  that it calls for the disclosure of information subject to the attorney–client privilege,

20  the attorney work–product doctrine and other applicable privileges.

21  　　　　Subject to and without waiving the foregoing objections, Mattel

22  responds as follows: Mattel will produce such responsive, non–privileged

23  documents that are in Mattel's possession, custody, or control, if any, relating to

25  [126]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   (S.D. Cal. May 14, 2009).

1  those matters placed at issue in this litigation that Mattel has been able to locate
2  after a diligent search and reasonable inquiry, to the extent not previously produced.
3  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
4  **TO SHOULD BE COMPELLED**
5          Mattel has improperly limited its agreement to produce documents to
6  those matters it deems placed at issue in response to this request. Mattel has refused
7  to confirm whether or not it has produced all non–privileged responsive documents
8  or whether it is withholding documents based on its objections or limitation in Phase
9  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
10  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
11  Generic objections that fail to explain the basis for an objection with specificity are
12  routinely rejected in the Central District. See A. Farber and Partners, Inc. v.  Garber,
13  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
14  'overly burdensome and harassing' are improper – especially when a party fails to
15  submit any evidentiary declarations supporting such objections"). Accordingly,
16  Mattel must be compelled either to certify that it has produced all non–privileged
17  responsive documents or to produce all such documents by a date certain.
18          To the extent that Mattel is relying on its blanket objections, they are
19  not sustainable and do not justify Mattel's failure to produce documents.
20          As to overbreadth, Mattel provides no explanation, let alone the
21  required particularity, as to why this request is supposedly overly broad, nor can it
22  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
23  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
24  contrary, the request is narrowly tailored to seek documents related to any similarity
25  or dissimilarity between MGA's "4–EVER BEST FRIENDS" and Mattel's "WEE 3
26  FRIENDS."
27          As to burden, Mattel has not attempted to demonstrate why responding
28  to this request and/or producing responsive documents presents any burden. This

00505.07975/3161807.1

-152-
MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FOUR)

1 | objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
2 | 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
3 | request is unduly burdensome must allege specific facts which indicate the nature
4 | and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
5 | it is not unduly burdensome, as noted above, in that the request is narrowly tailored
6 | to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
7 | broad variety of unfair trade practices including serial copying of MGA products
8 | and trade dress infringement. MGA is entitled to discovery on these claims.

9 |    This request does not seek documents protected by the attorney–client
10 | privilege, the attorney work product doctrine, or other applicable privileges. To the
11 | extent that Mattel contends that it does, Mattel must provide a privilege log.

12 |    As for relevancy, Mattel has not attempted to demonstrate why
13 | responding to this request and/or producing responsive documents is irrelevant to
14 | the present action. On the contrary, MGA has alleged that Mattel is engaged in
15 | copying of MGA products, packaging, themes and advertising. "WEE 3 FRIENDS"
16 | is an example of one such product line. A request seeking documents related to any
17 | similarity or dissimilarity between MGA's "4–EVER BEST FRIENDS" and
18 | Mattel's "WEE 3 FRIENDS" is therefore relevant to this action and MGA's claims.

19 |    Mattel objects that the request contains confidential, proprietary, and
20 | trade secret information. A Protective Order exists in this case, obviating any
21 | concern as to protection of privacy rights and/or commercially sensitive
22 | information.

23 |    None of Mattel's improper objections are valid and Mattel is obligated
24 | to produce all non–privileged responsive documents in its possession.

25 | **MATTEL'S RESPONSE**

26 |    As MGA would have learned had it bothered to meet and confer on
27 | these issues, Mattel has already produced all relevant non-privileged documents
28 | responsive to this Request. MGA objects to Mattel's limitation that it will produce

1   documents related to "matters placed at issue in this litigation," but it provides no

2   argument as to why this limitation is inappropriate.  MGA has not provided any

3   basis for asserting that this production is incomplete.  MGA's motion to compel

4   responses to this Request should therefore be denied as moot.

5           MGA argues that Mattel seeks unilaterally to impose limits on the

6   electronic discovery sources that it must search and from which it must collect

7   documents.  After exhaustive briefing in January through March 2008, the

8   Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data

9   searches.  In January 2008, MGA moved for a "certification"[127] that Mattel had

10  produced "all non-privileged email responsive to MGA's and Bryant's document

11  requests."[128]  Because that Motion pre-dated the stay of Phase 2 discovery, it was

12  *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's

13  arguments, the Discovery Master noted the exhaustive search methods Mattel had

14  undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

15  date for electronic information are adequate to discharge its obligation under Rule

16  34."[129]

17          MGA ignores these prior rulings entirely, and demands again that

18  Mattel search *all* data sources in its possession, custody or control for responsive

19  information in connection with its requests for production.  It also ignores the recent

20

21      [127]  The prior Discovery Master has noted that such "certifications" are

22  improper.  See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25

23  ("THE COURT: You don't have to address that [the certification issue].  As far as
    I'm concerned, there is no good cause or basis or authorized rule in the Federal

24  Rules of Civil Procedure that support such an order, so I'm going to deny that aspect

25  of the motion.").
        [128]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart

26  Decl., Exh. 16.
        [129]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,

27  Dart Decl., Exh. 16.

28

1    ruling of the current Discovery Master that MGA's requests calling for documents

2    that could be found anywhere on Mattel's thousands of servers or individual

3    employee computers worldwide are unduly burdensome. See Phase 2 Discovery

4    Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (███████

5    ████████████████████████████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████████████████████████████

8    ███████████████████████████████████████    Mattel has fully responded to MGA's

9    request, and further searches should not be ordered.

10            Despite Mattel's agreement to produce documents, MGA nevertheless

11   seeks to overrule all of Mattel's objections. This would be inappropriate. For

12   example, there is no basis for overruling Mattel's privilege objection. MGA's bald

13   assertion that "this request does not seek information protected by the attorney-client

14   privilege, the attorney work product doctrine, or other applicable privileges" has no

15   merit. Documents discussing WEE 3 FRIENDS could very well be subject to a

16   claim of privilege or work product protection. Moreover, as MGA has itself argued,

17   the parties have agreed that "all privileged documents would be logged except for

18   documents created after this action was filed on April 27, 2004."[130] Thus, to the

19   extent privileged documents fall within the post lawsuit time period, they need not

20   be included on Mattel's log.

21            Similarly, MGA attempts to overrule Mattel's burden objection though

22   it provides no argument on the issue. Yet, as MGA knows, the Discovery Master

23   has already placed limits on the searches Mattel must make in producing documents,

24   and this objection is only meant to invoke those issues that have already been

25   _____

26   [130]  See Order Denying Mattel's Motion for Protective Order Limiting the

27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1   settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at
2   6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,
3   holding that Mattel has produced all relevant emails and does not need to consult
4   back-up tapes to complete its production).  MGA should not be permitted to
5   circumvent prior Orders by seeking to overrule Mattel's objections here.
6           Finally, MGA failed to meet and confer at all, much less in good faith,
7   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
8   Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing
9   any discovery motion, the moving party shall first identify each dispute, state the
10  relief sought and identify the authority supporting the requested relief in a meet and
11  confer letter that shall be served on all parties by facsimile or electronic mail. The
12  parties shall have five court days from the date of service of that letter to conduct an
13  in-person conference to attempt to resolve the dispute.").  At no point during the
14  meet and confer process did the parties discuss this Request or Mattel's response to
15  it.  In order to engage in a meaningful meet and confer, MGA had the burden to
16  show the relevance of any requests it sought to move on.[131]   Because MGA refused
17  to even attempt to make this showing, there was no possibility of a good faith meet
18  and confer to resolve the parties' disputes.  The Discovery Master should deny
19  MGA's motion with respect to this Request on that grounds alone.
20  **REQUEST FOR PRODUCTION NO. 415:**
21          All DOCUMENTS REFERRING OR RELATING TO whether the
22  packaging, products, appearance, names, or themes of "WEE 3 FRIENDS" copy,
23
24
------
25  [131]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).
28

1   replicate, or in any way imitate the packaging, products, appearance, names or

2   themes of "4–EVER BEST FRIENDS."

3   **RESPONSE TO REQUEST NO. 415:**

4           In addition to the general objections stated above which are

5   incorporated herein by reference, Mattel objects to this Request on the grounds that

6   it is vague, overbroad, and unduly burdensome, including in that it seeks all

7   documents on this subject without limitation as to time, and regardless of whether

8   such documents relate to products or matters at issue in this case. Mattel further

9   objects on the grounds that the term "themes" in this context is vague and

10  ambiguous. Mattel further objects to the Request on the grounds that it seeks

11  documents that are not relevant to this action or likely to lead to the discovery of

12  admissible evidence. Mattel further objects to this Request on the grounds that it

13  seeks confidential, proprietary and trade secret information, including such

14  information that has no bearing on the claims or defenses in this case. Mattel further

15  objects to this Request on the grounds that it calls for the disclosure of information

16  subject to the attorney–client privilege, the attorney work–product doctrine and

17  other applicable privileges.

18          Subject to and without waiving the foregoing objections, Mattel

19  responds as follows: Mattel will produce such responsive, non–privileged

20  documents that are in Mattel's possession, custody, or control, if any, relating to

21  those matters placed at issue in this litigation that Mattel has been able to locate

22  after a diligent search and reasonable inquiry, to the extent not previously produced.

23  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

24  **TO SHOULD BE COMPELLED**

25          Mattel has improperly limited its agreement to produce documents to

26  those matters it deems placed at issue in response to this request. Mattel has refused

27  to confirm whether or not it has produced all non–privileged responsive documents

28  or whether it is withholding documents based on its objections or limitation in Phase

1  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

2  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

3  Generic objections that fail to explain the basis for an objection with specificity are

4  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

5  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

6  'overly burdensome and harassing' are improper – especially when a party fails to

7  submit any evidentiary declarations supporting such objections"). Accordingly,

8  Mattel must be compelled either to certify that it has produced all non–privileged

9  responsive documents or to produce all such documents by a date certain.

10         To the extent that Mattel is relying on its blanket objections, they are

11  not sustainable and do not justify Mattel's failure to produce documents.

12         As to overbreadth, Mattel provides no explanation, let alone the

13  required particularity, as to why this request is supposedly overly broad, nor can it

14  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

15  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

16  contrary, the request is narrowly tailored to seek documents related to whether the

17  packaging, products, appearance, names, or themes of Mattel's "WEE 3 FRIENDS"

18  copy, replicate or imitate the packaging, products, appearance, names, or themes of

19  MGA's "4–EVER BEST FRIENDS."

20         As to burden, Mattel has not attempted to demonstrate why responding

21  to this request and/or producing responsive documents presents any burden. This

22  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

23  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

24  request is unduly burdensome must allege specific facts which indicate the nature

25  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

26  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

27  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

28

1  broad variety of unfair trade practices including serial copying of MGA products
2  and trade dress infringement. MGA is entitled to discovery on these claims.
3           This request does not seek documents protected by the attorney–client
4  privilege, the attorney work product doctrine, or other applicable privileges. To the
5  extent that Mattel contends that it does, Mattel must provide a privilege log.
6           As for relevancy, Mattel has not attempted to demonstrate why
7  responding to this request and/or producing responsive documents is irrelevant to
8  the present action. On the contrary, MGA has alleged that Mattel is engaged in
9  copying of MGA products, packaging, themes and advertising. "WEE 3 FRIENDS"
10 is an example of one such product line. A request seeking documents related to
11 whether the packaging, products, appearance, names or themes of Mattel's "WEE 3
12 FRIENDS" copy, replicate or imitate the packaging, products, appearance, names or
13 themes of MGA's "4–EVER BEST FRIENDS" is therefore relevant to this action
14 and MGA's claims.
15          Mattel objects that the request contains confidential, proprietary, and
16 trade secret information. A Protective Order exists in this case, obviating any
17 concern as to protection of privacy rights and/or commercially sensitive
18 information.
19          None of Mattel's improper objections are valid and Mattel is obligated
20 to produce all non–privileged responsive documents in its possession.
21 **MATTEL'S RESPONSE**
22          As MGA would have learned had it bothered to meet and confer on
23 these issues, Mattel has already produced all relevant non-privileged documents
24 responsive to this Request.  MGA objects to Mattel's limitation that it will produce
25 documents related to "matters placed at issue in this litigation," but it provides no
26 argument as to why this limitation is inappropriate.  MGA has not provided any
27 basis for asserting that this production is incomplete.  MGA's motion to compel
28 responses to this Request should therefore be denied as moot.

1    MGA argues that Mattel seeks unilaterally to impose limits on the
2    electronic discovery sources that it must search and from which it must collect
3    documents.  After exhaustive briefing in January through March 2008, the
4    Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
5    searches.  In January 2008, MGA moved for a "certification"[132] that Mattel had
6    produced "all non-privileged email responsive to MGA's and Bryant's document
7    requests."[133]  Because that Motion pre-dated the stay of Phase 2 discovery, it was
8    *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's
9    arguments, the Discovery Master noted the exhaustive search methods Mattel had
10   undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to
11   date for electronic information are adequate to discharge its obligation under Rule
12   34."[134]

13   MGA ignores these prior rulings entirely, and demands again that
14   Mattel search *all* data sources in its possession, custody or control for responsive
15   information in connection with its requests for production.  It also ignores the recent
16   ruling of the current Discovery Master that MGA's requests calling for documents
17   that could be found anywhere on Mattel's thousands of servers or individual
18   employee computers worldwide are unduly burdensome.  See Phase 2 Discovery
19   Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (███████

20

21   [132]   The prior Discovery Master has noted that such "certifications" are
22   improper.  See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25
23   ("THE COURT: You don't have to address that [the certification issue].  As far as
     I'm concerned, there is no good cause or basis or authorized rule in the Federal
24   Rules of Civil Procedure that support such an order, so I'm going to deny that aspect
25   of the motion.").
     [133]   Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart
26   Decl., Exh. 16.
     [134]   See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
27   Dart Decl., Exh. 16.
28

1  ██████████████████████████████████████████████████

2  ██████████████████████████████████████████████████

3  ██████████████████████████████████████████████████

4  ████████████████████████████  Mattel has fully responded to MGA's

5  request, and further searches should not be ordered.

6      Despite Mattel's agreement to produce documents, MGA nevertheless

7  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For

8  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald

9  assertion that "this request does not seek information protected by the attorney-client

10 privilege, the attorney work product doctrine, or other applicable privileges" has no

11 merit.  Documents discussing WEE 3 FRIENDS could very well be subject to a

12 claim of privilege or work product protection.  Moreover, as MGA has itself argued,

13 the parties have agreed that "all privileged documents would be logged except for

14 documents created after this action was filed on April 27, 2004."[135]  Thus, to the

15 extent privileged documents fall within the post lawsuit time period, they need not

16 be included on Mattel's log.

17      Similarly, MGA attempts to overrule Mattel's burden objection though

18 it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master

19 has already placed limits on the searches Mattel must make in producing documents,

20 and this objection is only meant to invoke those issues that have already been

21 settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at

22 6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,

23 holding that Mattel has produced all relevant emails and does not need to consult

24

25  _____

26  [135]   See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.

28

00505.07975/3 161807.1

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET FOUR)

1 │ back-up tapes to complete its production).  MGA should not be permitted to
2 │ circumvent prior Orders by seeking to overrule Mattel's objections here.

3 │       Finally, MGA failed to meet and confer at all, much less in good faith,
4 │ regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
5 │ Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing
6 │ any discovery motion, the moving party shall first identify each dispute, state the
7 │ relief sought and identify the authority supporting the requested relief in a meet and
8 │ confer letter that shall be served on all parties by facsimile or electronic mail. The
9 │ parties shall have five court days from the date of service of that letter to conduct an
10 │ in-person conference to attempt to resolve the dispute.").  At no point during the
11 │ meet and confer process did the parties discuss this Request or Mattel's response to
12 │ it.  In order to engage in a meaningful meet and confer, MGA had the burden to
13 │ show the relevance of any requests it sought to move on.[136]   Because MGA refused
14 │ to even attempt to make this showing, there was no possibility of a good faith meet
15 │ and confer to resolve the parties' disputes.  The Discovery Master should deny
16 │ MGA's motion with respect to this Request on that grounds alone.

17 │ **REQUEST FOR PRODUCTION NO. 416:**

18 │       All DOCUMENTS REFERRING OR RELATING TO actual or
19 │ potential confusion or otherwise evidencing confusion (including, but not limited to,
20 │ confusion among consumers, retailers, distributors, licensees or members of the
21 │ press) between "WEE 3 FRIENDS" and "4–EVER BEST FRIENDS."

---

25 │ [136]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 │ Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27 │ burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   │ (S.D. Cal. May 14, 2009).

**RESPONSE TO REQUEST NO. 416:**

In addition to the general objections stated above which are
incorporated herein by reference, Mattel objects to this Request on the grounds that
it is overbroad and unduly burdensome, including in that it seeks all documents on
this subject without limitation as to time, and regardless of whether such documents
relate to products or matters at issue in this case. Mattel further objects on the
grounds that the terms "otherwise evidencing confusion" are vague and ambiguous.
Mattel further objects to the Request on the grounds that it seeks documents that are
not relevant to this action or likely to lead to the discovery of admissible evidence.
Mattel further objects to this Request on the grounds that it seeks confidential,
proprietary and trade secret information, including such information that has no
bearing on the claims or defenses in this case. Mattel further objects to this Request
on the grounds that it calls for the disclosure of information subject to the attorney–
client privilege, the attorney work–product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel
responds as follows: Mattel will produce such responsive, non–privileged
documents that are in Mattel's possession, custody, or control, if any, relating to
those matters placed at issue in this litigation that Mattel has been able to locate
after a diligent search and reasonable inquiry, to the extent not previously produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE
TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents to
those matters it deems placed at issue in response to this request. Mattel has refused
to confirm whether or not it has produced all non–privileged responsive documents
or whether it is withholding documents based on its objections or limitation in Phase
2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
Generic objections that fail to explain the basis for an objection with specificity are

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET FOUR)

1   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
2   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
3   'overly burdensome and harassing' are improper – especially when a party fails to
4   submit any evidentiary declarations supporting such objections"). Accordingly,
5   Mattel must be compelled either to certify that it has produced all non–privileged
6   responsive documents or to produce all such documents by a date certain.

7           To the extent that Mattel is relying on its blanket objections, they are
8   not sustainable and do not justify Mattel's failure to produce documents.

9           As to overbreadth, Mattel provides no explanation, let alone the
10  required particularity, as to why this request is supposedly overly broad, nor can it
11  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
12  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
13  contrary, the request is narrowly tailored to seek documents related to actual or
14  potential confusion (including, but not limited to, confusion among consumers,
15  retailers, distributors, licensees or members of the press) between Mattel's "WEE 3
16  FRIENDS" and MGA's "4–EVER BEST FRIENDS."

17          As to burden, Mattel has not attempted to demonstrate why responding
18  to this request and/or producing responsive documents presents any burden. This
19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
20  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
21  request is unduly burdensome must allege specific facts which indicate the nature
22  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
23  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
24  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
25  broad variety of unfair trade practices including serial copying of MGA products
26  and trade dress infringement. MGA is entitled to discovery on these claims.

27

28

00505.07975/3161807.1

-164-

1      This request does not seek documents protected by the attorney–client
2  privilege, the attorney work product doctrine, or other applicable privileges. To the
3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4      As for relevancy, Mattel has not attempted to demonstrate why
5  responding to this request and/or producing responsive documents is irrelevant to
6  the present action. On the contrary, MGA has alleged that Mattel is engaged in
7  copying of MGA products, packaging, themes and advertising. "WEE 3 FRIENDS"
8  is an example of one such product line. A request seeking documents related to
9  actual or potential confusion (including, but not limited to, confusion among
10  consumers, retailers, distributors, licensees or members of the press) between
11  Mattel's "WEE 3 FRIENDS" and MGA's "4–EVER BEST FRIENDS" is therefore
12  relevant to this action and MGA's claims.

13      Mattel objects that the request contains confidential, proprietary, and
14  trade secret information. A Protective Order exists in this case, obviating any
15  concern as to protection of privacy rights and/or commercially sensitive
16  information.

17      None of Mattel's improper objections are valid and Mattel is obligated
18  to produce all non–privileged responsive documents in its possession.

19  **MATTEL'S RESPONSE**

20      As MGA would have learned had it bothered to meet and confer on
21  these issues, Mattel has already produced all relevant non-privileged documents
22  responsive to this Request.  MGA objects to Mattel's limitation that it will produce
23  documents related to "matters placed at issue in this litigation," but it provides no
24  argument as to why this limitation is inappropriate.  MGA has not provided any
25  basis for asserting that this production is incomplete.  MGA's motion to compel
26  responses to this Request should therefore be denied as moot.

27      MGA argues that Mattel seeks unilaterally to impose limits on the
28  electronic discovery sources that it must search and from which it must collect

1   documents.  After exhaustive briefing in January through March 2008, the

2   Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data

3   searches.  In January 2008, MGA moved for a "certification"[137] that Mattel had

4   produced "all non-privileged email responsive to MGA's and Bryant's document

5   requests."[138]  Because that Motion pre-dated the stay of Phase 2 discovery, it was

6   *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's

7   arguments, the Discovery Master noted the exhaustive search methods Mattel had

8   undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

9   date for electronic information are adequate to discharge its obligation under Rule

10  34."[139]

11          MGA ignores these prior rulings entirely, and demands again that

12  Mattel search *all* data sources in its possession, custody or control for responsive

13  information in connection with its requests for production.  It also ignores the recent

14  ruling of the current Discovery Master that MGA's requests calling for documents

15  that could be found anywhere on Mattel's thousands of servers or individual

16  employee computers worldwide are unduly burdensome.  See Phase 2 Discovery

17  Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (█████

18  ████████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████

20

---

21      [137]   The prior Discovery Master has noted that such "certifications" are

22  improper.  See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25

23  ("THE COURT: You don't have to address that [the certification issue].  As far as
    I'm concerned, there is no good cause or basis or authorized rule in the Federal

24  Rules of Civil Procedure that support such an order, so I'm going to deny that aspect

25  of the motion.").
        [138]   Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart

26  Decl., Exh. 16.

27      [139]   See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
    Dart Decl., Exh. 16.

28

                                    -166-

1  ████████████████████████████████████████████████████████

2  █████████████████████████████████     Mattel has fully responded to MGA's

3  request, and further searches should not be ordered.

4          Despite Mattel's agreement to produce documents, MGA nevertheless

5  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For

6  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald

7  assertion that "this request does not seek information protected by the attorney-client

8  privilege, the attorney work product doctrine, or other applicable privileges" has no

9  merit.  Documents discussing WEE 3 FRIENDS could very well be subject to a

10  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

11  the parties have agreed that "all privileged documents would be logged except for

12  documents created after this action was filed on April 27, 2004."[140]  Thus, to the

13  extent privileged documents fall within the post lawsuit time period, they need not

14  be included on Mattel's log.

15          Similarly, MGA attempts to overrule Mattel's burden objection though

16  it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master

17  has already placed limits on the searches Mattel must make in producing documents,

18  and this objection is only meant to invoke those issues that have already been

19  settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at

20  6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,

21  holding that Mattel has produced all relevant emails and does not need to consult

22  back-up tapes to complete its production).  MGA should not be permitted to

23  circumvent prior Orders by seeking to overrule Mattel's objections here.

24

25

26  [140]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1   Finally, MGA failed to meet and confer at all, much less in good faith,

2   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3   Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing

4   any discovery motion, the moving party shall first identify each dispute, state the

5   relief sought and identify the authority supporting the requested relief in a meet and

6   confer letter that shall be served on all parties by facsimile or electronic mail. The

7   parties shall have five court days from the date of service of that letter to conduct an

8   in-person conference to attempt to resolve the dispute.").  At no point during the

9   meet and confer process did the parties discuss this Request or Mattel's response to

10  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

11  show the relevance of any requests it sought to move on.[141]   Because MGA refused

12  to even attempt to make this showing, there was no possibility of a good faith meet

13  and confer to resolve the parties' disputes.  The Discovery Master should deny

14  MGA's motion with respect to this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 417:**

16  DOCUMENTS sufficient to determine total sales, revenue, royalties,

17  costs of goods sold and any other costs attributable to net profits REFERRING OR

18  RELATING TO "WEE 3 FRIENDS."

19  **RESPONSE TO REQUEST NO. 417:**

20  In addition to the general objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it is overbroad and unduly burdensome, including in that it seeks all documents on

23  this subject without limitation as to time, and regardless of whether such documents

24

25  [141]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).

28

1   relate to products or matters at issue in this case. Mattel further objects to the

2   Request on the grounds that it seeks documents that are not relevant to this action or

3   likely to lead to the discovery of admissible evidence. Mattel further objects to this

4   Request on the grounds that it seeks confidential, proprietary and trade secret

5   information, including such information that has no bearing on the claims or

6   defenses in this case. Mattel further objects to this Request on the grounds that it

7   calls for the disclosure of information subject to the attorney–client privilege, the

8   attorney work–product doctrine and other applicable privileges. Mattel further

9   objects to this Request as premature in that it seeks expert discovery. Such discovery

10  will be disclosed only at the time, and in the manner required by, the Rules and the

11  Court's Orders.

12          Subject to and without waiving the foregoing objections, Mattel

13  responds as follows: Mattel will produce at an appropriate time responsive, non–

14  privileged documents sufficient to determine total sales, revenue, costs of goods

15  sold, and net profits of the WEE 3 FRIENDS products at issue in this litigation.

16  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

17  **TO SHOULD BE COMPELLED**

18          Mattel has improperly limited its agreement to produce documents in

19  response to this request, excluding "royalties" and stating that it will produce only

20  "at an appropriate time." Mattel has refused to confirm whether or not it has

21  produced all non–privileged responsive documents or whether it is withholding

22  documents based on its objections or limitations in Phase 2. Under the Federal Rules

23  of Civil Procedure, "an objection to part of a request must specify the part and

24  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

25  fail to explain the basis for an objection with specificity are routinely rejected in the

26  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

27  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

28  harassing' are improper – especially when a party fails to submit any evidentiary

1 declarations supporting such objections"). Accordingly, Mattel must be compelled
2 either to certify that it has produced all non–privileged responsive documents or to
3 produce all such documents by a date certain.

4 　　　　To the extent that Mattel is relying on its blanket objections, they are
5 not sustainable and do not justify Mattel's failure to produce documents.

6 　　　　As to overbreadth, Mattel provides no explanation, let alone the
7 required particularity, as to why this request is supposedly overly broad, nor can it
8 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
9 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
10 contrary, the request is narrowly tailored to seek documents sufficient to determine
11 the total sales, revenue, royalties, costs of goods sold and any other costs attributable
12 to net profits related to Mattel's "WEE 3 FRIENDS."

13 　　　　As to burden, Mattel has not attempted to demonstrate why responding
14 to this request and/or producing responsive documents presents any burden. This
15 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
16 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
17 request is unduly burdensome must allege specific facts which indicate the nature
18 and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
19 it is not unduly burdensome, as noted above, in that the request is narrowly tailored
20 to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
21 broad variety of unfair trade practices including serial copying of MGA products
22 and trade dress infringement. MGA is entitled to discovery on these claims.

23 　　　　This request does not seek documents protected by the attorney–client
24 privilege, the attorney work product doctrine, or other applicable privileges. To the
25 extent that Mattel contends that it does, Mattel must provide a privilege log.

26 　　　　As for relevancy, Mattel has not attempted to demonstrate why
27 responding to this request and/or producing responsive documents is irrelevant to
28 the present action. On the contrary, MGA has alleged that Mattel is engaged in

1 copying of MGA products, packaging, themes and advertising. "WEE 3 FRIENDS"
2 is an example of one such product line. A request seeking documents sufficient to
3 determine the total sales, revenue, royalties, costs of goods sold and any other costs
4 attributable to net profits related to Mattel's "WEE 3 FRIENDS" is therefore
5 relevant to this action and MGA's claims and damages.

6 　　　　Mattel objects that the request contains confidential, proprietary, and
7 trade secret information. A Protective Order exists in this case, obviating any
8 concern as to protection of privacy rights and/or commercially sensitive
9 information.

10 　　　　None of Mattel's improper objections are valid and Mattel is obligated
11 to produce all non–privileged responsive documents in its possession.

12 **MATTEL'S RESPONSE**

13 　　　　As MGA would have learned had it bothered to meet and confer on
14 these issues, Mattel has already produced all relevant non-privileged documents
15 responsive to this Request. MGA objects to Mattel's limitation that it will produce
16 documents related to "matters placed at issue in this litigation," but it provides no
17 argument as to why this limitation is inappropriate. MGA has not provided any
18 basis for asserting that this production is incomplete. MGA's motion to compel
19 responses to this Request should therefore be denied as moot.

20 　　　　MGA argues that Mattel seeks unilaterally to impose limits on the
21 electronic discovery sources that it must search and from which it must collect
22 documents. After exhaustive briefing in January through March 2008, the
23 Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
24 searches. In January 2008, MGA moved for a "certification"[142] that Mattel had

25 ─────────────────

26 [142]  The prior Discovery Master has noted that such "certifications" are
27 improper. See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25
("THE COURT: You don't have to address that [the certification issue]. As far as
28 　　(footnote continued)

1  produced "all non-privileged email responsive to MGA's and Bryant's document

2  requests."[143] Because that Motion pre-dated the stay of Phase 2 discovery, it was

3  *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's

4  arguments, the Discovery Master noted the exhaustive search methods Mattel had

5  undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

6  date for electronic information are adequate to discharge its obligation under Rule

7  34."[144]

8           MGA ignores these prior rulings entirely, and demands again that

9  Mattel search *all* data sources in its possession, custody or control for responsive

10  information in connection with its requests for production.  It also ignores the recent

11  ruling of the current Discovery Master that MGA's requests calling for documents

12  that could be found anywhere on Mattel's thousands of servers or individual

13  employee computers worldwide are unduly burdensome.  See Phase 2 Discovery

14  Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (█████

15  ████████████████████████████████████████████████

16  ████████████████████████████████████████

17  ██████████████████████████████████████████

18  ██████████████████████████ Mattel has fully responded to MGA's

19  request, and further searches should not be ordered.

20           Despite Mattel's agreement to produce documents, MGA nevertheless

21  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For

22  ───────────────────

23  I'm concerned, there is no good cause or basis or authorized rule in the Federal

24  Rules of Civil Procedure that support such an order, so I'm going to deny that aspect

25  of the motion.").

    [143]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart

26  Decl., Exh. 16.

    [144]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,

27  Dart Decl., Exh. 16.

28

1   example, there is no basis for overruling Mattel's privilege objection.  MGA's bald

2   assertion that "this request does not seek information protected by the attorney-client

3   privilege, the attorney work product doctrine, or other applicable privileges" has no

4   merit.  Documents discussing WEE 3 FRIENDS could very well be subject to a

5   claim of privilege or work product protection.  Moreover, as MGA has itself argued,

6   the parties have agreed that "all privileged documents would be logged except for

7   documents created after this action was filed on April 27, 2004."[145]  Thus, to the

8   extent privileged documents fall within the post lawsuit time period, they need not

9   be included on Mattel's log.

10          Similarly, MGA attempts to overrule Mattel's burden objection though

11  it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master

12  has already placed limits on the searches Mattel must make in producing documents,

13  and this objection is only meant to invoke those issues that have already been

14  settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at

15  6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,

16  holding that Mattel has produced all relevant emails and does not need to consult

17  back-up tapes to complete its production).  MGA should not be permitted to

18  circumvent prior Orders by seeking to overrule Mattel's objections here.

19          Finally, MGA failed to meet and confer at all, much less in good faith,

20  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

21  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing

22  any discovery motion, the moving party shall first identify each dispute, state the

23  relief sought and identify the authority supporting the requested relief in a meet and

24  confer letter that shall be served on all parties by facsimile or electronic mail.  The

25

26  [145]   See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

00505.07975/3 161807.1

1   parties shall have five court days from the date of service of that letter to conduct an

2   in-person conference to attempt to resolve the dispute."). At no point during the

3   meet and confer process did the parties discuss this Request or Mattel's response to

4   it. In order to engage in a meaningful meet and confer, MGA had the burden to

5   show the relevance of any requests it sought to move on.[146]   Because MGA refused

6   to even attempt to make this showing, there was no possibility of a good faith meet

7   and confer to resolve the parties' disputes. The Discovery Master should deny

8   MGA's motion with respect to this Request on that grounds alone.

9   **REQUEST FOR PRODUCTION NO. 418:**

10         DOCUMENTS, including but not limited to organizational charts,

11   sufficient to identify (by name and job function) all current and former MATTEL

12   personnel and/or freelancers comprising the primary team that worked on the design

13   and development of the "WEE 3 FRIENDS" products, packaging, themes and name.

14   **RESPONSE TO REQUEST NO. 418:**

15         In addition to the general objections stated above which are

16   incorporated herein by reference, Mattel objects to this Request on the grounds that

17   it is overbroad and unduly burdensome, including in that it seeks all documents on

18   this subject without limitation as to time, and regardless of whether such documents

19   relate to products or matters at issue in this case. Mattel further objects that the

20   terms "freelancers" and "primary team" are vague and ambiguous. Mattel further

21   objects to the Request on the grounds that it seeks documents that are not relevant to

22   this action or likely to lead to the discovery of admissible evidence. Mattel further

23   objects to this Request on the grounds that it seeks confidential, proprietary and

24

25   [146]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26   Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1 trade secret information, including such information that has no bearing on the

2 claims or defenses in this case. Mattel further objects to this Request on the grounds

3 that it calls for the disclosure of information subject to the attorney–client privilege,

4 the attorney work–product doctrine and other applicable privileges.

5        Subject to and without waiving the foregoing objections, Mattel

6 responds as follows: Mattel will produce such responsive, non–privileged

7 documents that are in Mattel's possession, custody, or control, if any, relating to

8 those matters placed at issue in this litigation that Mattel has been able to locate

9 after a diligent search and reasonable inquiry, to the extent not previously produced.

10 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

11 **TO SHOULD BE COMPELLED**

12        Mattel has improperly limited its agreement to produce documents to

13 those matters it deems placed at issue in response to this request. Mattel has refused

14 to confirm whether or not it has produced all non–privileged responsive documents

15 or whether it is withholding documents based on its objections or limitation in Phase

16 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

17 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

18 Generic objections that fail to explain the basis for an objection with specificity are

19 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

20 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

21 'overly burdensome and harassing' are improper – especially when a party fails to

22 submit any evidentiary declarations supporting such objections"). Accordingly,

23 Mattel must be compelled either to certify that it has produced all non–privileged

24 responsive documents or to produce all such documents by a date certain.

25        To the extent that Mattel is relying on its blanket objections, they are

26 not sustainable and do not justify Mattel's failure to produce documents.

27        As to overbreadth, Mattel provides no explanation, let alone the

28 required particularity, as to why this request is supposedly overly broad, nor can it

1 | do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
2 | 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
3 | contrary, the request is narrowly tailored to seek documents sufficient to identify all
4 | current and former Mattel personnel and freelancers that comprised the primary
5 | team that worked on the design and development of the Mattel's "WEE 3
6 | FRIENDS')" products, packaging, themes and name.

7 |      As to burden, Mattel has not attempted to demonstrate why responding
8 | to this request and/or producing responsive documents presents any burden. This
9 | objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
10 | 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
11 | request is unduly burdensome must allege specific facts which indicate the nature
12 | and extent of the burden, usually by affidavit or other reliable evidence.')")
13 | Moreover, it is not unduly burdensome, as noted above, in that the request is
14 | narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
15 | has engaged in a broad variety of unfair trade practices including serial copying of
16 | MGA products and trade dress infringement. MGA is entitled to discovery on these
17 | claims.

18 |      This request does not seek documents protected by the attorney–client
19 | privilege, the attorney work product doctrine, or other applicable privileges. To the
20 | extent that Mattel contends that it does, Mattel must provide a privilege log.

21 |      As for relevancy, Mattel has not attempted to demonstrate why
22 | responding to this request and/or producing responsive documents is irrelevant to
23 | the present action. On the contrary, MGA has alleged that Mattel is engaged in
24 | copying of MGA products, packaging, themes and advertising. "WEE 3
25 | FRIENDS')" is an example of one such product line. A request seeking documents
26 | sufficient to identify all current and former Mattel personnel and freelancers that
27 | comprised the primary team that worked on the design and development of the
28 |

1  Mattel's "WEE 3 FRIENDS')" products, packaging, themes and name is therefore
2  relevant to this action and MGA's claims.

3        Mattel objects that the request contains confidential, proprietary, and
4  trade secret information. A Protective Order exists in this case, obviating any
5  concern as to protection of privacy rights and/or commercially sensitive
6  information.

7        None of Mattel's improper objections are valid and Mattel is obligated
8  to produce all non–privileged responsive documents in its possession.

9  **MATTEL'S RESPONSE**

10        As MGA would have learned had it bothered to meet and confer on
11  these issues, Mattel has already produced all relevant non-privileged documents
12  responsive to this Request.  MGA objects to Mattel's limitation that it will produce
13  documents related to "matters placed at issue in this litigation," but it provides no
14  argument as to why this limitation is inappropriate.  MGA has not provided any
15  basis for asserting that this production is incomplete.  MGA's motion to compel
16  responses to this Request should therefore be denied as moot.

17        MGA argues that Mattel seeks unilaterally to impose limits on the
18  electronic discovery sources that it must search and from which it must collect
19  documents.  After exhaustive briefing in January through March 2008, the
20  Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
21  searches.  In January 2008, MGA moved for a "certification"[147] that Mattel had
22  produced "all non-privileged email responsive to MGA's and Bryant's document

23  _____

24  [147]   The prior Discovery Master has noted that such "certifications" are
25  improper.  See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25
    ("THE COURT: You don't have to address that [the certification issue]. As far as
26  I'm concerned, there is no good cause or basis or authorized rule in the Federal
    Rules of Civil Procedure that support such an order, so I'm going to deny that aspect
27  of the motion.").

28

1   requests."[148]  Because that Motion pre-dated the stay of Phase 2 discovery, it was

2   *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's

3   arguments, the Discovery Master noted the exhaustive search methods Mattel had

4   undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

5   date for electronic information are adequate to discharge its obligation under Rule

6   34."[149]

7           MGA ignores these prior rulings entirely, and demands again that

8   Mattel search *all* data sources in its possession, custody or control for responsive

9   information in connection with its requests for production.  It also ignores the recent

10  ruling of the current Discovery Master that MGA's requests calling for documents

11  that could be found anywhere on Mattel's thousands of servers or individual

12  employee computers worldwide are unduly burdensome.  See Phase 2 Discovery

13  Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 ( ███

14  ███████████████████████████████████████████████████

15  ███████████████████████████████████████████

16  ██████████████████████████████████████████

17  ███████████████████████  Mattel has fully responded to MGA's

18  request, and further searches should not be ordered.

19          Despite Mattel's agreement to produce documents, MGA nevertheless

20  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For

21  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald

22  assertion that "this request does not seek information protected by the attorney-client

23  privilege, the attorney work product doctrine, or other applicable privileges" has no

---

[148]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart Decl., Exh. 16.
[149]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6, Dart Decl., Exh. 16.

00505.07975/3161807.1

-178-

1 | merit. Documents discussing WEE 3 FRIENDS could very well be subject to a
2 | claim of privilege or work product protection. Moreover, as MGA has itself argued,
3 | the parties have agreed that "all privileged documents would be logged except for
4 | documents created after this action was filed on April 27, 2004."[150] Thus, to the
5 | extent privileged documents fall within the post lawsuit time period, they need not
6 | be included on Mattel's log.

7 |        Similarly, MGA attempts to overrule Mattel's burden objection though
8 | it provides no argument on the issue. Yet, as MGA knows, the Discovery Master
9 | has already placed limits on the searches Mattel must make in producing documents,
10 | and this objection is only meant to invoke those issues that have already been
11 | settled. See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at
12 | 6-7, Dart Decl., Exh. 16 (denying Motion to Compel on all outstanding emails,
13 | holding that Mattel has produced all relevant emails and does not need to consult
14 | back-up tapes to complete its production). MGA should not be permitted to
15 | circumvent prior Orders by seeking to overrule Mattel's objections here.

16 |        Finally, MGA failed to meet and confer at all, much less in good faith,
17 | regarding this Request prior to filing its Motion. See Phase 2 Discovery Master
18 | Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing
19 | any discovery motion, the moving party shall first identify each dispute, state the
20 | relief sought and identify the authority supporting the requested relief in a meet and
21 | confer letter that shall be served on all parties by facsimile or electronic mail. The
22 | parties shall have five court days from the date of service of that letter to conduct an
23 | in-person conference to attempt to resolve the dispute."). At no point during the
24 | meet and confer process did the parties discuss this Request or Mattel's response to

25 |

26 | [150]   See Order Denying Mattel's Motion for Protective Order Limiting the
27 | Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.
28 |

00505.07975/3161807.1

1    it. In order to engage in a meaningful meet and confer, MGA had the burden to

2    show the relevance of any requests it sought to move on.[151]   Because MGA refused

3    to even attempt to make this showing, there was no possibility of a good faith meet

4    and confer to resolve the parties' disputes.  The Discovery Master should deny

5    MGA's motion with respect to this Request on that grounds alone.

6    **REQUEST FOR PRODUCTION NO. 420:**

7           All DOCUMENTS REFERRING OR RELATING TO YOUR

8    awareness or knowledge of "BRATZ" during the creation, design and development

9    of "MY SCENE."

10   **RESPONSE TO REQUEST NO. 420:**

11          In addition to the general objections stated above which are

12   incorporated herein by reference, Mattel objects to this Request on the grounds that

13   it is overbroad and unduly burdensome, including in that it seeks all documents on

14   this subject without limitation as to time, and regardless of whether such documents

15   relate to products or matters at issue in this case. Mattel further objects to the

16   Request on the grounds that it seeks documents that are not relevant to this action or

17   likely to lead to the discovery of admissible evidence. Mattel further objects to this

18   Request on the grounds that it duplicates numerous other requests. Mattel further

19   objects to this Request on the grounds that it seeks confidential, proprietary and

20   trade secret information, including such information that has no bearing on the

21   claims or defenses in this case. Mattel further objects to this Request on the grounds

22   that it calls for the disclosure of information subject to the attorney–client privilege,

23   the attorney work–product doctrine and other applicable privileges. Mattel further

---

25   [151]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26   Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
     (S.D. Cal. May 14, 2009).
28

1 objects to this Request as duplicative of requests previously served by MGA in this

2 litigation.

3         Subject to and without waiving the foregoing objections, Mattel

4 responds as follows: Mattel will produce such responsive, non–privileged

5 documents that are in Mattel's possession, custody, or control, if any, that reflect

6 Mattel's consideration, if any, of Bratz in the creation, design, and development of

7 the MY SCENE products that are at issue in this case that Mattel has been able to

8 locate after a diligent search and reasonable inquiry, to the extent not previously

9 produced.

10 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

11 **TO SHOULD BE COMPELLED**

12         Mattel has improperly limited its agreement to produce documents in

13 response to this request to documents that "reflect Mattel's consideration, if any, of

14 Bratz," and agrees to produce only subject to its improper boilerplate objections.

15 Mattel seeks to unilaterally limit this request, which seeks documents showing

16 "awareness or knowledge" of Bratz. Mattel further seeks to unilaterally limit its

17 response to "My Scene" products that it deems to be at issue. Such unilateral

18 limitation on production is unjustified to the extent Mattel is withholding documents

19 on that basis. Moreover, it is unclear what exhibition of "aspects of the Bratz

20 products" means. Under the Federal Rules of Civil Procedure, "an objection to part

21 of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P.

22 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with

23 specificity are routinely rejected in the Central District. See <u>A. Farber and</u>

24 <u>Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

25 boilerplate objections such as 'overly burdensome and harassing' are improper –

26 especially when a party fails to submit any evidentiary declarations supporting such

27 objections"). Accordingly, Mattel must be compelled either to certify that it has

28

1 | produced all non–privileged responsive documents without limitation or to produce
2 | all such documents by a date certain.

3 |      To the extent that Mattel is relying on its blanket objections, they are
4 | not sustainable and do not justify Mattel's failure to produce documents.

5 |      As to overbreadth, Mattel provides no explanation, let alone the
6 | required particularity, as to why this request is supposedly overly broad, nor can it
7 | do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8 | 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
9 | contrary, the request is narrowly tailored to seek documents in Mattel's possession,
10 | custody, or control regarding Mattel's knowledge of "BRATZ" during the creation,
11 | design and development of "MY SCENE."

12 |      As to burden, Mattel has not attempted to demonstrate why responding
13 | to this request and/or producing responsive documents presents any burden. This
14 | objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
15 | 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
16 | request is unduly burdensome must allege specific facts which indicate the nature
17 | and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
18 | it is not unduly burdensome, as noted above, in that the request is narrowly tailored
19 | to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
20 | broad variety of unfair trade practices, from trade dress infringement to serial
21 | copying of MGA products. MGA is entitled to discovery on these claims.

22 |      This request does not seek documents protected by the attorney–client
23 | privilege, the attorney work product doctrine, or other applicable privileges. To the
24 | extent that Mattel contends that it does, Mattel must provide a privilege log.

25 |      Mattel objects that the request contains confidential/proprietary/trade
26 | secret information. A Protective Order exists in this case, obviating any concern as
27 | to protection of privacy rights and/or commercially sensitive information.

28 |

1          Mattel objects that the request is duplicative or subsumed within prior

2   requests but does not identify the allegedly duplicative requests. Mattel's failure to

3   produce responsive non–privileged documents is not proper based on this objection.

4          Mattel's objection that the documents sought are not relevant is

5   unfounded, as documents that show Mattel was aware or knew of Bratz during the

6   conception and development of "My Scene" are central to MGA's claims and

7   defenses in this case. Such information, for example, could tend to show that Mattel

8   copied "BRATZ" products, as alleged by MGA.

9          None of Mattel's improper objections are valid and Mattel is obligated

10   to produce all non–privileged responsive documents in its possession, custody or

11   control.

12   **MATTEL'S RESPONSE**

13          MGA objects to Mattel's limitation that it will produce documents

14   related to "reflect Mattel's consideration, if any, of Bratz in the creation, design, and

15   development of the MY SCENE products that are at issue in this case," but it

16   provides no argument as to why this limitation is inappropriate.  To the extent MGA

17   has alleged copying or infringement of Bratz, Mattel has agreed to provide

18   documents on the subject.  But awareness or knowledge of Bratz is simply not

19   relevant unless it reflects Mattel's consideration of Bratz in the creation of the My

20   Scene products at issue.  MGA's objection to Mattel's limitation is thus without

21   merit.

22          As MGA would have learned had it bothered to meet and confer on

23   these issues, Mattel has already produced all relevant non-privileged documents

24   responsive to this Request.  Indeed, to date Mattel has already produced over

25   350,000 pages regarding MY SCENE, without limitation by theme or doll, including

26   documents related to its design and development, packaging, advertising, marketing,

27   testing, themes, sales planning, manufacturing, production, among others.  MGA has

28

1 || not provided any basis for asserting that this production is incomplete.  MGA's

2 || motion to compel responses to this Request should therefore be denied as moot.

3 ||          MGA argues that Mattel seeks unilaterally to impose limits on the

4 || electronic discovery sources that it must search and from which it must collect

5 || documents.  After exhaustive briefing in January through March 2008, the

6 || Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data

7 || searches.  In January 2008, MGA moved for a "certification"[152] that Mattel had

8 || produced "all non-privileged email responsive to MGA's and Bryant's document

9 || requests."[153]  Because that Motion pre-dated the stay of Phase 2 discovery, it was

10 || *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's

11 || arguments, the Discovery Master noted the exhaustive search methods Mattel had

12 || undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

13 || date for electronic information are adequate to discharge its obligation under Rule

14 || 34."[154]

15 ||          MGA ignores these prior rulings entirely, and demands again that

16 || Mattel search *all* data sources in its possession, custody or control for responsive

17 || information in connection with its requests for production.  It also ignores the recent

18 || ruling of the current Discovery Master that MGA's requests calling for documents

19 || that could be found anywhere on Mattel's thousands of servers or individual

20 ||

---

21 ||   [152]   The prior Discovery Master has noted that such "certifications" are

22 || improper.  See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25

23 || ("THE COURT: You don't have to address that [the certification issue].  As far as

I'm concerned, there is no good cause or basis or authorized rule in the Federal

24 || Rules of Civil Procedure that support such an order, so I'm going to deny that aspect

25 || of the motion.").

   [153]   Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart

26 || Decl., Exh. 16.

   [154]   See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,

27 || Dart Decl., Exh. 16.

28 ||

-184-



1 | employee computers worldwide are unduly burdensome.  See Phase 2 Discovery
2 | Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (█████
3 | ████████████████████████████████████████████████████████████
4 | ████████████████████████████████████████████████████████
5 | ████████████████████████████████████████████████████
6 | ███████████████████████  Mattel has fully responded to MGA's
7 | request, and further searches should not be ordered.

8 |      Despite Mattel's agreement to produce documents, MGA nevertheless
9 | seeks to overrule all of Mattel's objections.  This would be inappropriate.  For
10 | example, there is no basis for overruling Mattel's privilege objection.  MGA's bald
11 | assertion that "this request does not seek information protected by the attorney-client
12 | privilege, the attorney work product doctrine, or other applicable privileges" has no
13 | merit.  Documents discussing BRATZ or MY SCENE could very well be subject to
14 | a claim of privilege or work product protection.  Moreover, as MGA has itself
15 | argued, the parties have agreed that "all privileged documents would be logged
16 | except for documents created after this action was filed on April 27, 2004."[155]  Thus,
17 | to the extent privileged documents fall within the post lawsuit time period, they need
18 | not be included on Mattel's log.

19 |      Similarly, MGA attempts to overrule Mattel's burden objection though
20 | it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master
21 | has already placed limits on the searches Mattel must make in producing documents,
22 | and this objection is only meant to invoke those issues that have already been
23 | settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at
24 | 6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,

25 | _____

26 | [155]   See Order Denying Mattel's Motion for Protective Order Limiting the
27 | Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.
28 |

1  holding that Mattel has produced all relevant emails and does not need to consult
2  back-up tapes to complete its production).  MGA should not be permitted to
3  circumvent prior Orders by seeking to overrule Mattel's objections here.

4             Finally, MGA failed to meet and confer at all, much less in good faith,
5  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
6  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17_ ("[B]efore filing
7  any discovery motion, the moving party shall first identify each dispute, state the
8  relief sought and identify the authority supporting the requested relief in a meet and
9  confer letter that shall be served on all parties by facsimile or electronic mail. The
10 parties shall have five court days from the date of service of that letter to conduct an
11 in-person conference to attempt to resolve the dispute.").  At no point during the
12 meet and confer process did the parties discuss this Request or Mattel's response to
13 it.  In order to engage in a meaningful meet and confer, MGA had the burden to
14 show the relevance of any requests it sought to move on.[156]   Because MGA refused
15 to even attempt to make this showing, there was no possibility of a good faith meet
16 and confer to resolve the parties' disputes.  The Discovery Master should deny
17 MGA's motion with respect to this Request on that grounds alone.

18 **REQUEST FOR PRODUCTION NO. 421:**

19             All DOCUMENTS REFERRING OR RELATING TO the selection,
20 approval process, design and development of "MY SCENE" products (including,
21 but not limited to, fashion dolls, styling heads and plush toys), themes and
22 packaging prior to their release to the public, including but not limited to any design
23 drawings, MARKET RESEARCH, and product approval memos.

24

---

25    [156]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   (S.D. Cal. May 14, 2009).
28

**RESPONSE TO REQUEST NO. 421:**

        In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects on the grounds that the term "themes" is vague and ambiguous. Mattel further objects to this Request on the grounds that it duplicates numerous other requests. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it assumes facts not in evidence or is contrary to the evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney–client privilege, the attorney work–product doctrine and other applicable privileges.

        Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non–privileged documents that are in Mattel's possession, custody, or control, if any, that relate to the MY SCENE products that are at issue in this case that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

        Mattel has improperly limited its agreement to produce documents to those products it deems placed at issue in response to this request. Mattel has refused to confirm whether or not it has produced all non–privileged responsive

1  documents or whether it is withholding documents based on its objections or
2  limitation in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to
3  part of a request must specify the part and permit inspection of the rest." Fed. R.
4  Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection
5  with specificity are routinely rejected in the Central District.  See A. Farber and
6  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or
7  boilerplate objections such as 'overly burdensome and harassing' are improper –
8  especially when a party fails to submit any evidentiary declarations supporting such
9  objections"). Accordingly, Mattel must be compelled either to certify that it has
10 produced all non–privileged responsive documents or to produce all such documents
11 by a date certain.
12         To the extent that Mattel is relying on its blanket objections, they are
13 not sustainable and do not justify Mattel's failure to produce documents.
14         As to overbreadth, Mattel provides no explanation, let alone the
15 required particularity, as to why this request is supposedly overly broad, nor can it
16 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
17 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
18 contrary, the request is narrowly tailored to seek documents concerning the
19 selection, approval process, design and development of "MY SCENE" products,
20 themes and packaging prior to their release to the public.
21         As to burden, Mattel has not attempted to demonstrate why responding
22 to this request and/or producing responsive documents presents any burden. This
23 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
24 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
25 request is unduly burdensome must allege specific facts which indicate the nature
26 and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
27 it is not unduly burdensome, as noted above, in that the request is narrowly tailored
28 to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

1 | broad variety of unfair trade practices, including serial copying of MGA products
2 | and trade dress infringement. MGA is entitled to discovery on these claims.

3 |       This request does not seek documents protected by the attorney–client
4 | privilege, the attorney work product doctrine, or other applicable privileges. To the
5 | extent that Mattel contends that it does, Mattel must provide a privilege log.

6 |       Mattel objects that the request contains confidential, proprietary and
7 | trade secret information. A Protective Order exists in this case, obviating any
8 | concern as to protection of privacy rights and/or commercially sensitive
9 | information.

10 |       Mattel also objects to this request on relevance grounds. MGA has
11 | brought trade dress claims related to "MY SCENE" and has alleged claims of unfair
12 | competition based on Mattel's serial copying and imitation of MGA's products. As
13 | such, documents related to the selection, approval process, design and development
14 | of "MY SCENE" products, themes and packaging are highly relevant and likely to
15 | lead to the discovery of admissible evidence.

16 |       Mattel has also improperly limited its agreement to produce by
17 | redefining the scope of MGA's request. While MGA requested documents related to
18 | the selection, approval process, design and development of "MY SCENE" products,
19 | Mattel has only agreed to produce documents related to certain "MY SCENE"
20 | products. Mattel is required to respond to the request as originally drafted by MGA
21 | and may not unilaterally narrow and rewrite MGA's requests.

22 |       None of Mattel's improper objections are valid and Mattel is obligated
23 | to produce all non–privileged responsive documents in its possession.

24 | **MATTEL'S RESPONSE**

25 |       As MGA would have learned had it bothered to meet and confer on
26 | these issues, Mattel has already produced all relevant non-privileged documents
27 | responsive to this Request. MGA objects to Mattel's limitation that it will produce
28 | documents related to "matters placed at issue in this litigation," but it provides no

1   argument as to why this limitation is inappropriate.  MGA has not provided any

2   basis for asserting that this production is incomplete.  MGA's motion to compel

3   responses to this Request should therefore be denied as moot.

4          MGA argues that Mattel seeks unilaterally to impose limits on the

5   electronic discovery sources that it must search and from which it must collect

6   documents.  After exhaustive briefing in January through March 2008, the

7   Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data

8   searches.  In January 2008, MGA moved for a "certification"[157] that Mattel had

9   produced "all non-privileged email responsive to MGA's and Bryant's document

10  requests."[158]  Because that Motion pre-dated the stay of Phase 2 discovery, it was

11  *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's

12  arguments, the Discovery Master noted the exhaustive search methods Mattel had

13  undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

14  date for electronic information are adequate to discharge its obligation under Rule

15  34."[159]

16         MGA ignores these prior rulings entirely, and demands again that

17  Mattel search *all* data sources in its possession, custody or control for responsive

18  information in connection with its requests for production.  It also ignores the recent

19  ruling of the current Discovery Master that MGA's requests calling for documents

20

21  [157]   The prior Discovery Master has noted that such "certifications" are

22  improper.  See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25

23  ("THE COURT: You don't have to address that [the certification issue].  As far as
    I'm concerned, there is no good cause or basis or authorized rule in the Federal

24  Rules of Civil Procedure that support such an order, so I'm going to deny that aspect

25  of the motion.").
    [158]   Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart

26  Decl., Exh. 16.

27  [159]   See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
    Dart Decl., Exh. 16.

28

1  that could be found anywhere on Mattel's thousands of servers or individual

2  employee computers worldwide are unduly burdensome. <u>See</u> Phase 2 Discovery

3  Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (███████

4  ████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████

6  ████████████████████████████████████████████

7  ████████████████████████████████ Mattel has fully responded to MGA's

8  request, and further searches should not be ordered.

9          Despite Mattel's agreement to produce documents, MGA nevertheless

10  seeks to overrule all of Mattel's objections. This would be inappropriate. For

11  example, there is no basis for overruling Mattel's privilege objection. MGA's bald

12  assertion that "this request does not seek information protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges" has no

14  merit. Documents discussing agreements could very well be subject to a claim of

15  privilege or work product protection. Moreover, as MGA has itself argued, the

16  parties have agreed that "all privileged documents would be logged except for

17  documents created after this action was filed on April 27, 2004."[160] Thus, to the

18  extent privileged documents fall within the post lawsuit time period, they need not

19  be included on Mattel's log.

20          Similarly, MGA attempts to overrule Mattel's burden objection though

21  it provides no argument on the issue. Yet, as MGA knows, the Discovery Master

22  has already placed limits on the searches Mattel must make in producing documents,

23  and this objection is only meant to invoke those issues that have already been

24  settled. <u>See, e.g.</u>, Order Denying MGA's Motion to Compel dated April 24, 2008, at

25  _____

26  [160]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.

28

1  6-7, Dart Decl., Exh. 16 (denying Motion to Compel on all outstanding emails,
2  holding that Mattel has produced all relevant emails and does not need to consult
3  back-up tapes to complete its production).  MGA should not be permitted to
4  circumvent prior Orders by seeking to overrule Mattel's objections here.

5        Finally, MGA failed to meet and confer at all, much less in good faith,
6  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
7  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing
8  any discovery motion, the moving party shall first identify each dispute, state the
9  relief sought and identify the authority supporting the requested relief in a meet and
10  confer letter that shall be served on all parties by facsimile or electronic mail. The
11  parties shall have five court days from the date of service of that letter to conduct an
12  in-person conference to attempt to resolve the dispute.").  At no point during the
13  meet and confer process did the parties discuss this Request or Mattel's response to
14  it.  In order to engage in a meaningful meet and confer, MGA had the burden to
15  show the relevance of any requests it sought to move on.[161]  Because MGA refused
16  to even attempt to make this showing, there was no possibility of a good faith meet
17  and confer to resolve the parties' disputes.  The Discovery Master should deny
18  MGA's motion with respect to this Request on that grounds alone.

19  **REQUEST FOR PRODUCTION NO. 422:**

20        All COMMUNICATIONS, and all DOCUMENTS REFERRING OR
21  RELATING TO such COMMUNICATIONS, between MATTEL's Cassidy Park
22  and Lily Martinez, Adrienne Fontanella, Ivy Ross, Matt Bousquette, or any other
23  current or former employee of MATTEL regarding the threat of "BRATZ" to
24

25  [161]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   (S.D. Cal. May 14, 2009).
28

1 | MATTEL, the creation of "MY SCENE," and/or efforts to copy or knock off

2 | "BRATZ."

3 | **RESPONSE TO REQUEST NO. 422:**

4 |          In addition to the general objections stated above which are

5 | incorporated herein by reference, Mattel objects to this Request on the grounds that

6 | it is overbroad and unduly burdensome, including in that it seeks all documents on

7 | this subject without limitation as to time, and regardless of whether such documents

8 | relate to products or matters at issue in this case. Mattel further objects on the

9 | grounds that the terms "threat of 'BRATZ'" and "efforts to copy or knock off

10 | 'BRATZ'" are vague and ambiguous. Mattel further objects to this Request on the

11 | grounds that it duplicates numerous other requests. Mattel further objects to the

12 | Request on the grounds that it seeks documents that are not relevant to this action or

13 | likely to lead to the discovery of admissible evidence. Mattel further objects to this

14 | Request on the grounds that it seeks confidential, proprietary and trade secret

15 | information, including such information that has no bearing on the claims or

16 | defenses in this case. Mattel further objects to this Request on the grounds that it

17 | calls for the disclosure of information subject to the attorney–client privilege, the

18 | attorney work–product doctrine and other applicable privileges. Mattel further

19 | objects to this Request as duplicative of requests previously served by MGA in this

20 | litigation.

21 |          Subject to and without waiving the foregoing objections, Mattel

22 | responds as follows: Mattel will produce such responsive, non–privileged

23 | documents that are in Mattel's possession, custody, or control, if any, that relate to

24 | the MY SCENE products that are at issue in this case that Mattel has been able to

25 | locate after a diligent search and reasonable inquiry, to the extent not previously

26 | produced.

27 |

28 |

00505.07975/3161807.1

-193-

1 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2 | **TO SHOULD BE COMPELLED**

3        Mattel improperly limits its agreement to produce responsive
4 documents to documents "that relate to the MY SCENE products that are at issue."
5 MGA's trade dress and unfair competition claims are broad, and Mattel cannot use
6 its rewriting of the request as a shield to withhold materials discoverable in Phase 2.
7 Mattel has refused to confirm whether or not it has produced all non–privileged
8 responsive documents or whether it is withholding documents based on its
9 objections or limitation in Phase 2. Under the Federal Rules of Civil Procedure, "an
10 objection to part of a request must specify the part and permit inspection of the rest."
11 Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an
12 objection with specificity are routinely rejected in the Central District.  See <u>A.
13 Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
14 or boilerplate objections such as 'overly burdensome and harassing' are improper –
15 especially when a party fails to submit any evidentiary declarations supporting such
16 objections"). Accordingly, Mattel must be compelled either to certify that it has
17 produced all non–privileged responsive documents or to produce all such documents
18 by a date certain.

19        To the extent that Mattel is relying on its blanket objections, they are
20 not sustainable and do not justify Mattel's failure to produce documents.

21        As to overbreadth, Mattel provides no explanation, let alone the
22 required particularity, as to why this request is supposedly overly broad, nor can it
23 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
24 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
25 contrary, the request is narrowly tailored to seek documents specifically relating to
26 whether "MY SCENE" copies "BRATZ" and the threat of "BRATZ" to "MY
27 SCENE." The is also tailored to specific individuals and present and former Mattel
28 employees.

1   As to burden, Mattel has not attempted to demonstrate why responding
2   to this request and/or producing responsive documents presents any burden. This
3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
4   173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
5   request is unduly burdensome must allege specific facts which indicate the nature
6   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
7   it is not unduly burdensome, as noted above, in that the request is narrowly tailored
8   to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
9   broad variety of unfair trade practices including serial copying of MGA products
10   and trade dress infringement. MGA is entitled to discovery on these claims.
11   This request does not seek documents protected by the attorney–client
12   privilege, the attorney work product doctrine, or other applicable privileges. To the
13   extent that Mattel contends that it does, Mattel must provide a privilege log.
14   Mattel objects on the basis of relevance. Mattel cannot legitimately
15   contend that whether "MY SCENE" copies "BRATZ" or whether "BRATZ" was
16   viewed as a threat is not at issue in Phase 2 of these consolidated proceedings.
17   Documents relating to "MY SCENE" coping "BRATZ" are likely to lead to
18   admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair
19   competition claim, Mattel's trade secret misappropriation claim, and both parties'
20   damages claims.
21   None of Mattel's improper objections are valid and Mattel is obligated
22   to produce all non–privileged responsive documents in its possession.
23   **MATTEL'S RESPONSE**
24   As MGA would have learned had it bothered to meet and confer on
25   these issues, Mattel has already produced all relevant non-privileged documents
26   responsive to this Request.  MGA objects to Mattel's limitation that it will produce
27   documents related to "the MY SCENE products that are at issue," but it provides no
28   argument as to why this limitation is inappropriate.  MGA has not provided any

1 | basis for asserting that this production is incomplete.  MGA's motion to compel
2 | responses to this Request should therefore be denied as moot.

3 |     MGA argues that Mattel seeks unilaterally to impose limits on the
4 | electronic discovery sources that it must search and from which it must collect
5 | documents.  After exhaustive briefing in January through March 2008, the
6 | Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
7 | searches.  In January 2008, MGA moved for a "certification"[162] that Mattel had
8 | produced "all non-privileged email responsive to MGA's and Bryant's document
9 | requests."[163]  Because that Motion pre-dated the stay of Phase 2 discovery, it was
10 | *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's
11 | arguments, the Discovery Master noted the exhaustive search methods Mattel had
12 | undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to
13 | date for electronic information are adequate to discharge its obligation under Rule
14 | 34."[164]

15 |     MGA ignores these prior rulings entirely, and demands again that
16 | Mattel search *all* data sources in its possession, custody or control for responsive
17 | information in connection with its requests for production.  It also ignores the recent
18 | ruling of the current Discovery Master that MGA's requests calling for documents
19 | that could be found anywhere on Mattel's thousands of servers or individual

20 | ——————————————

21 |  [162] The prior Discovery Master has noted that such "certifications" are
22 | improper.  <u>See</u> Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25
23 | ("THE COURT: You don't have to address that [the certification issue].  As far as
   I'm concerned, there is no good cause or basis or authorized rule in the Federal
24 | Rules of Civil Procedure that support such an order, so I'm going to deny that aspect
25 | of the motion.").
 [163] Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart
26 | Decl., Exh. 16.
27 |  [164] <u>See</u> Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
   Dart Decl., Exh. 16.

28 |

1 employee computers worldwide are unduly burdensome. <u>See</u> Phase 2 Discovery
2 Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (█████
3 ███████████████████████████████████████████████████████████████
4 ███████████████████████████████████████████████████████████
5 █████████████████████████████████████████████████████████
6 ████████████████████████████ Mattel has fully responded to MGA's
7 request, and further searches should not be ordered.

8    Despite Mattel's agreement to produce documents, MGA nevertheless
9 seeks to overrule all of Mattel's objections. This would be inappropriate. For
10 example, there is no basis for overruling Mattel's privilege objection. MGA's bald
11 assertion that "this request does not seek information protected by the attorney-client
12 privilege, the attorney work product doctrine, or other applicable privileges" has no
13 merit. Documents discussing BRATZ or MY SCENE could very well be subject to
14 a claim of privilege or work product protection. Moreover, as MGA has itself
15 argued, the parties have agreed that "all privileged documents would be logged
16 except for documents created after this action was filed on April 27, 2004."[165] Thus,
17 to the extent privileged documents fall within the post lawsuit time period, they need
18 not be included on Mattel's log.

19    Similarly, MGA attempts to overrule Mattel's burden objection though
20 it provides no argument on the issue. Yet, as MGA knows, the Discovery Master
21 has already placed limits on the searches Mattel must make in producing documents,
22 and this objection is only meant to invoke those issues that have already been
23 settled. <u>See, e.g.,</u> Order Denying MGA's Motion to Compel dated April 24, 2008, at
24 6-7, Dart Decl., Exh. 16 (denying Motion to Compel on all outstanding emails,

25 ───────────────────────────────────────────────

26 [165] See Order Denying Mattel's Motion for Protective Order Limiting the
27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1   holding that Mattel has produced all relevant emails and does not need to consult
2   back-up tapes to complete its production).  MGA should not be permitted to
3   circumvent prior Orders by seeking to overrule Mattel's objections here.

4          Finally, MGA failed to meet and confer at all, much less in good faith,
5   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
6   Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17_ ("[B]efore filing
7   any discovery motion, the moving party shall first identify each dispute, state the
8   relief sought and identify the authority supporting the requested relief in a meet and
9   confer letter that shall be served on all parties by facsimile or electronic mail. The
10  parties shall have five court days from the date of service of that letter to conduct an
11  in-person conference to attempt to resolve the dispute.").  At no point during the
12  meet and confer process did the parties discuss this Request or Mattel's response to
13  it.  In order to engage in a meaningful meet and confer, MGA had the burden to
14  show the relevance of any requests it sought to move on.[166]   Because MGA refused
15  to even attempt to make this showing, there was no possibility of a good faith meet
16  and confer to resolve the parties' disputes.  The Discovery Master should deny
17  MGA's motion with respect to this Request on that grounds alone.

18  **REQUEST FOR PRODUCTION NO. 423:**

19         All DOCUMENTS REFERRING OR RELATING TO unreleased
20  "MY SCENE" products (including, but not limited to, fashion dolls, styling heads,
21  play sets).

22

23

24

---

25  [166]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
    burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
27  (S.D. Cal. May 14, 2009).
28

1  **RESPONSE TO REQUEST NO. 423:**

2            In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it is vague, overbroad, and unduly burdensome, including in that it seeks all

5  documents on this subject without limitation as to time, and regardless of whether

6  such documents relate to products or matters at issue in this case. Mattel further

7  objects to the Request on the grounds that it seeks documents that are not relevant to

8  this action or likely to lead to the discovery of admissible evidence. Mattel further

9  objects to this Request on the grounds that it seeks confidential, proprietary and

10 trade secret information, including such information that has no bearing on the

11 claims or defenses in this case. Mattel further objects to this Request on the grounds

12 that it calls for the disclosure of information subject to the attorney–client privilege,

13 the attorney work–product doctrine and other applicable privileges.

14 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

15 **TO SHOULD BE COMPELLED**

16            Mattel has not agreed to produce documents in response to this request.

17 Under the Federal Rules of Civil Procedure, "an objection to part of a request must

18 specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

19 Generic objections that fail to explain the basis for an objection with specificity are

20 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

21 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

22 'overly burdensome and harassing' are improper – especially when a party fails to

23 submit any evidentiary declarations supporting such objections"). Accordingly,

24 Mattel must be compelled either to certify that it has produced all non–privileged

25 responsive documents or to produce all such documents by a date certain.

26            To the extent that Mattel is relying on its blanket objections, they are

27 not sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the

2  required particularity, as to why this request is supposedly overly broad, nor can it

3  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

4  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

5  contrary, the request is narrowly tailored to seek documents concerning unreleased

6  "MY SCENE" products.

7    As to burden, Mattel has not attempted to demonstrate why responding

8  to this request and/or producing responsive documents presents any burden. This

9  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

10  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

11  request is unduly burdensome must allege specific facts which indicate the nature

12  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

13  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

14  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

15  broad variety of unfair trade practices, including serial copying of MGA products

16  and trade dress infringement. MGA is entitled to discovery on these claims.

17    This request does not seek documents protected by the attorney–client

18  privilege, the attorney work product doctrine, or other applicable privileges. To the

19  extent that Mattel contends that it does, Mattel must provide a privilege log.

20    Mattel objects that the request contains confidential, proprietary and

21  trade secret information. A Protective Order exists in this case, obviating any

22  concern as to protection of privacy rights and/or commercially sensitive

23  information.

24    Mattel also objects to this request on relevance grounds. MGA has

25  brought trade dress claims related to "MY SCENE" and has alleged claims of unfair

26  competition based on Mattel's serial copying and imitation of MGA's products. As

27  such, documents related to unreleased "MY SCENE" products are highly relevant

28  and likely to lead to the discovery of admissible evidence.

1  None of Mattel's improper objections are valid and Mattel is obligated
2  to produce all non–privileged responsive documents in its possession.

3  **MATTEL'S RESPONSE**

4  MGA must establish that its discovery meets the relevance
5  requirements of Rule 26(b)(1).[167] MGA's request seeks every single document
6  related to unreleased MyScene products, regardless of whether they have anything
7  to do with the claims or defenses in this case.  Indeed, MGA *does not provide even*
8  *a conclusory claim that the documents at issue are relevant to a specific allegation*
9  *in this case.*  Nor could it.  MGA has not alleged that unreleased MyScene products
10  infringe its rights.  MGA has therefore made no showing how this request is related
11  to the claims and defenses in this case.  "A trial court has a duty, of special
12  significance in lengthy and complex cases where the possibility of abuse is always
13  present, to supervise and limit discovery to protect parties and witnesses from
14  annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664
15  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559
16  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste
17  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous
18  Discovery Master held, a party may not propound document requests as part of a
19  fishing expedition or to discover new claims.[168]  Rivera v. NIBCO, Inc., 364 F.3d
20  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
21  to engage in 'fishing expeditions.'").

22

23  [167]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
24  Order No. 27, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial
25  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   (S.D. Cal. 2009).
26  [168]  See Order Granting In Part and Denying In Part Mattel's Motion for
27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
   1.
28

1          Further, this is precisely the kind of overbroad Request the prior
2    Discovery Master has already rejected.  MGA previously sought to compel
3    production of documents relating to Mattel's communications with buyers,
4    merchandisers, general merchandise managers, retailers, suppliers, actual and
5    potential licensees, public relations firms and members of the press "referring or
6    relating to Bratz, Larian or MGA  regarding the origins, designs, development,
7    product launch, sales, promotions, advertising, quality, or price of Bratz or any other
8    MGA product."[169]  In the May 22, 2007 Order, the Discovery Master rejected those
9    requests as "clearly overbroad" because they sought documents containing those
10   terms "regardless of whether or not they have anything to do with the claims or
11   defenses in this case."[170]  MGA's requirement that Mattel review every document
12   and produce every documents that is even tangentially related to unreleased
13   MyScene products is unduly burdensome.

14          Similarly, MGA states that "Mattel has not attempted to demonstrate
15   why responding to this request and/or producing responsive documents presents any
16   burden."  Yet, as MGA knows, the Discovery Master has already placed limits on
17   the searches Mattel must make in producing documents, and this objection is only
18   meant to invoke those issues that have already been settled.  See, e.g., Order
19   Denying MGA's Motion to Compel dated April 24, 2008, at 6-7, Dart Decl., Exh. 16
20   (denying  Motion to Compel on all outstanding emails, holding that Mattel has
21   produced all relevant emails and does not need to consult back-up tapes to complete
22   its production).  MGA should not be permitted to circumvent prior Orders by
23   seeking to overrule Mattel's objections here.

24
25   _____
26   [169]   See May 22, 2007 Order Granting in Part and Denying in Part MGA's
27   Motion to Compel at 16-17, Dart Decl., Exh. 5.
     [170]   Id.
28

-202-

1    Moreover, MGA failed to meet and confer at all, much less in good
2  faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery
3  Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore
4  filing any discovery motion, the moving party shall first identify each dispute, state
5  the relief sought and identify the authority supporting the requested relief in a meet
6  and confer letter that shall be served on all parties by facsimile or electronic mail.
7  The parties shall have five court days from the date of service of that letter to
8  conduct an in-person conference to attempt to resolve the dispute."). At no point
9  during the meet and confer process did the parties discuss this Request or Mattel's
10  response to it. In order to engage in a meaningful meet and confer, MGA had the
11  burden to show the relevance of any requests it sought to move on.[171]   Because
12  MGA refused to even attempt to make this showing, there was no possibility of a
13  good faith meet and confer to resolve the parties' disputes. The Discovery Master
14  should deny MGA's motion with respect to this Request on that grounds alone.

15    There is no basis for overruling Mattel's privilege objection. MGA's
16  bald assertion that "this request does not seek information protected by the attorney-
17  client privilege, the attorney work product doctrine, or any other applicable
18  privilege" has no merit. Despite MGA's claim to the contrary, Mattel has produced
19  a privilege log in this action.  Moreover, as MGA has itself argued, the parties have
20  agreed that "all privileged documents would be logged except for documents created
21  after this action was filed on April 27, 2004." Thus, to the extent  privileged
22  documents fall within the post lawsuit time period, they need not be included on
23  Mattel's log.

24

25  [171]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
27  (S.D. Cal. May 14, 2009).
28

1    Further, the Request is overbroad to the extent it seeks discovery into
2    events and products that post-date MGA's complaint (April 15, 2005).  MGA takes
3    issue with Mattel imposing any temporal limitations on its production based on the
4    filing of MGA's complaint.  Yet it was MGA itself that successfully enforced
5    precisely such limits in responding to Mattel's Requests, insisting that evidence that
6    post-dated Mattel's complaint could not be relevant to the claims in that complaint.
7    See Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
8    MGA offers no reason, nor could it consistent with judicial estoppel, why
9    documents post-dating the filing of claims which do not allege continuing
10   wrongdoing are relevant to those claims.
11   **REQUEST FOR PRODUCTION NO. 424:**
12   All photographs (including, but not limited to, photographs in print or
13   digital format) of "BRATZ" taken by any current or former MATTEL salesman or
14   product manager, and all DOCUMENTS REFERRING OR RELATING TO such
15   photographs, including, but not limited to, DOCUMENTS sufficient to show when
16   and where the photographs were taken.
17   **RESPONSE TO REQUEST NO. 424:**
18   In addition to the general objections stated above which are
19   incorporated herein by reference, Mattel objects to this Request on the grounds that
20   it is overbroad and unduly burdensome, including in that it seeks all documents on
21   this subject without limitation as to time, and regardless of whether such documents
22   relate to products or matters at issue in this case. Mattel further object on the
23   grounds that this Request is an attempt to circumvent the Discovery Master's
24   May 22, 2007 order determining that the requested documents are irrelevant and/or
25   that such requests are improper. Mattel further objects to the Request on the grounds
26   that it seeks documents that are not relevant to this action or likely to lead to the
27   discovery of admissible evidence. Mattel further objects to this Request on the
28   grounds that it seeks confidential, proprietary and trade secret information, including

1  such information that has no bearing on the claims or defenses in this case. Mattel

2  further objects to this Request on the grounds that it calls for the disclosure of

3  information subject to the attorney–client privilege, the attorney work–product

4  doctrine and other applicable privileges.

5  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

6  **TO SHOULD BE COMPELLED**

7         Mattel refuses to produce documents in response to this request. Under

8  the Federal Rules of Civil Procedure, "an objection to part of a request must specify

9  the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic

10  objections that fail to explain the basis for an objection with specificity are routinely

11  rejected in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber</u>, 234

12  F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

13  burdensome and harassing' are improper – especially when a party fails to submit

14  any evidentiary declarations supporting such objections"). Accordingly, Mattel must

15  be compelled either to certify that it has produced all non–privileged responsive

16  documents or to produce all such documents by a date certain.

17         To the extent that Mattel is relying on its blanket objections, they are

18  not sustainable and do not justify Mattel's failure to produce documents.

19         As to overbreadth, Mattel provides no explanation, let alone the

20  required particularity, as to why this request is supposedly overly broad, nor can it

21  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

22  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

23  contrary, the request is narrowly tailored to seek documents concerning photographs

24  taken by Mattel of `BRATZ." Accordingly, the request is self–limited in time to the

25  particular product line.

26         As to burden, Mattel has not attempted to demonstrate why responding

27  to this request and/or producing responsive documents presents any burden. This

28  objection must therefore be rejected. See <u>Jackson v. Montgomery Ward & Co., Inc.,</u>

1   173 F.R.D. 524, 528–29 (D. Nev. 1997) (`The party claiming that a discovery

2   request is unduly burdensome must allege specific facts which indicate the nature

3   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

4   it is not unduly burdensome, as noted above, in that the request is narrowly tailored

5   to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

6   broad variety of unfair trade practices, from serial copying of MGA products, to

7   obtaining MGA confidential information through improper means. MGA is entitled

8   to discovery on these claims, and this request seeking photographs that Mattel took

9   of `BRATZ" relates specifically to these issues.

10          This request does not seek documents protected by the attorney–client

11   privilege, the attorney work product doctrine, or other applicable privileges. To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13          Mattel objects that the request contains confidential/proprietary/trade

14   secret information. A Protective Order exists in this case, obviating any concern as

15   to protection of privacy rights and/or commercially sensitive information.

16          None of Mattel's improper objections are valid and Mattel is obligated

17   to produce all non–privileged responsive documents in its possession.

18   **MATTEL'S RESPONSE**

19          MGA must establish that its discovery meets the relevance

20   requirements of Rule 26(b)(1).[172]  MGA's request seeks every single document

21   related to any photograph taken of Bratz products by certain categories of Mattel's ,

22   regardless of whether they have anything to do with the claims or defenses in this

23   case.  Indeed, MGA *does not provide even a conclusory claim that the documents*

24

25   [172]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26   Order No. 27, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial
27   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
     (S.D. Cal. 2009).
28

1  ***at issue are relevant to a specific allegation in this case***.  MGA has therefore made

2  no showing how this request is related to the claims and defenses in this case.  "A

3  trial court has a duty, of special significance in lengthy and complex cases where the

4  possibility of abuse is always present, to supervise and limit discovery to protect

5  parties and witnesses from annoyance and excessive expense."  Dolgow v.

6  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

7  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

8  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

9  (same).  As the previous Discovery Master held, a party may not propound

10  document requests as part of a fishing expedition or to discover new claims.[173]

11  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

12  not condone the use of discovery to engage in 'fishing expeditions.'").

13          Further, this is precisely the kind of overbroad Request the prior

14  Discovery Master has already rejected.  MGA previously sought to compel

15  production of documents relating to Mattel's communications with buyers,

16  merchandisers, general merchandise managers, retailers, suppliers, actual and

17  potential licensees, public relations firms and members of the press "referring or

18  relating to Bratz, Larian or MGA  regarding the origins, designs, development,

19  product launch, sales, promotions, advertising, quality, or price of Bratz or any other

20  MGA product."[174]  In the May 22, 2007 Order, the Discovery Master rejected those

21  requests as "clearly overbroad" because they sought documents containing those

22  terms "regardless of whether or not they have anything to do with the claims or

23

24

25  [173]  See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.

26  1.

27  [174]  See May 22, 2007 Order Granting in Part and Denying in Part MGA's Motion to Compel at 16-17, Dart Decl., Exh. 5.

28

00505.07975/3161807.1

-207-
MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET FOUR)

1  defenses in this case."[175]   MGA's requirement that Mattel review every photograph
2  taken by its employees of Bratz products is unduly burdensome on its face.  For
3  instance, it would require search and productions of family photographs that its
4  employees may have taken a kids' birthday parties where Bratz products happened
5  to be present and be captured by a photograph.  Such photographs are clearly
6  irrelevant to MGA's claims or defenses, and its demand that Mattel search and
7  produce them is unduly burdensome.

8          Similarly, MGA states that "Mattel has not attempted to demonstrate
9  why responding to this request and/or producing responsive documents presents any
10 burden."  Yet, as MGA knows, the Discovery Master has already placed limits on
11 the searches Mattel must make in producing documents, and this objection is only
12 meant to invoke those issues that have already been settled.  See, e.g., Order
13 Denying MGA's Motion to Compel dated April 24, 2008, at 6-7, Dart Decl., Exh. 16
14 (denying  Motion to Compel on all outstanding emails, holding that Mattel has
15 produced all relevant emails and does not need to consult back-up tapes to complete
16 its production).  MGA should not be permitted to circumvent prior Orders by
17 seeking to overrule Mattel's objections here.

18         Moreover, MGA failed to meet and confer at all, much less in good
19 faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery
20 Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore
21 filing any discovery motion, the moving party shall first identify each dispute, state
22 the relief sought and identify the authority supporting the requested relief in a meet
23 and confer letter that shall be served on all parties by facsimile or electronic mail.
24 The parties shall have five court days from the date of service of that letter to
25 conduct an in-person conference to attempt to resolve the dispute.").  At no point

26
27    [175]   Id.
28

1  during the meet and confer process did the parties discuss this Request or Mattel's
2  response to it. In order to engage in a meaningful meet and confer, MGA had the
3  burden to show the relevance of any requests it sought to move on.[176] Because
4  MGA refused to even attempt to make this showing, there was no possibility of a
5  good faith meet and confer to resolve the parties' disputes. The Discovery Master
6  should deny MGA's motion with respect to this Request on that grounds alone.

7         There is no basis for overruling Mattel's privilege objection. MGA's
8  bald assertion that "this request does not seek information protected by the attorney-
9  client privilege, the attorney work product doctrine, or any other applicable
10 privilege" has no merit. Despite MGA's claim to the contrary, Mattel has produced
11 a privilege log in this action. Moreover, as MGA has itself argued, the parties have
12 agreed that "all privileged documents would be logged except for documents created
13 after this action was filed on April 27, 2004." Thus, to the extent privileged
14 documents fall within the post lawsuit time period, they need not be included on
15 Mattel's log.

16        Further, the Request is overbroad to the extent it seeks discovery into
17 events and products that post-date MGA's complaint (April 15, 2005). MGA takes
18 issue with Mattel imposing any temporal limitations on its production based on the
19 filing of MGA's complaint. Yet it was MGA itself that successfully enforced
20 precisely such limits in responding to Mattel's Requests, insisting that evidence that
21 post-dated Mattel's complaint could not be relevant to the claims in that complaint.
22 See Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
23 MGA offers no reason, nor could it consistent with judicial estoppel, why

24

25  [176]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
27 (S.D. Cal. May 14, 2009).
28

1  documents post-dating the filing of claims which do not allege continuing
2  wrongdoing are relevant to those claims.
3  **REQUEST FOR PRODUCTION NO. 425:**
4          All COMMUNICATIONS, and all DOCUMENTS REFERRING OR
5  RELATING TO such COMMUNICATIONS, between MATTEL's Erica Ashbrook
6  and any current or former employee of MATTEL (including, but not limited to,
7  Connie Hibbert) regarding "BRATZ," MGA or LARIAN.
8  **RESPONSE TO REQUEST NO. 425:**
9          In addition to the general objections stated above which are
10 incorporated herein by reference, Mattel objects to this Request on the grounds that
11 it is overbroad and unduly burdensome, including in that it seeks all documents on
12 this subject without limitation as to time, and regardless of whether such documents
13 relate to products or matters at issue in this case. Mattel further object on the
14 grounds that this Request is an attempt to circumvent the Discovery Master's
15 May 22, 2007 order determining that the requested documents are irrelevant and/or
16 that such requests are improper. Mattel further objects to the Request on the grounds
17 that it seeks documents that are not relevant to this action or likely to lead to the
18 discovery of admissible evidence. Mattel further objects to this Request on the
19 grounds that it seeks confidential, proprietary and trade secret information, including
20 such information that has no bearing on the claims or defenses in this case. Mattel
21 further objects to this Request on the grounds that it calls for the disclosure of
22 information subject to the attorney–client privilege, the attorney work–product
23 doctrine and other applicable privileges.
24 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
25 **TO SHOULD BE COMPELLED**
26         Mattel has not agreed to produce documents responsive to this request,
27 subject to its improper boilerplate objections. Mattel has refused to confirm whether
28 or not it has produced all non–privileged responsive documents or whether it is

00505.07975/3 161807.1

-210-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FOUR)

1   withholding documents based on its objections in Phase 2. Under the Federal Rules

2   of Civil Procedure, "an objection to part of a request must specify the part and

3   permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

4   fail to explain the basis for an objection with specificity are routinely rejected in the

5   Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

6   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

7   harassing' are improper – especially when a party fails to submit any evidentiary

8   declarations supporting such objections"). Accordingly, Mattel must be compelled

9   either to certify that it has produced all non–privileged responsive documents or to

10  produce all such documents by a date certain.

11          To the extent that Mattel is relying on its blanket objections, they are

12  not sustainable and do not justify Mattel's failure to produce documents.

13          As to overbreadth, Mattel provides no explanation, let alone the

14  required particularity, as to why this request is supposedly overly broad, nor can it

15  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

16  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

17  contrary, the request is narrowly tailored to seek documents relating to

18  communications between a specific individual, Erica Ashbrook, and current or

19  former Mattel employees regarding "BRATZ," MGA or LARIAN.

20          As to burden, Mattel has not attempted to demonstrate why responding

21  to this request and/or producing responsive documents presents any burden. This

22  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

23  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

24  request is unduly burdensome must allege specific facts which indicate the nature

25  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

26  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

27  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in

28  various unfair trade practices, including coercing its employees to accept restrictive

1  covenants and non–compete clauses and other efforts to prevent prospective MGA

2  employees from accepting offers of employment, threatening retailers and suppliers

3  to cease doing business with MGA, and intimidating employees and industry groups

4  in order to prevent MGA from fairly competing. MGA is entitled to discovery on

5  these claims.

6        Mattel's objection that this request is an attempt to circumvent the

7  Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to

8  this request, which is much narrower than those considered irrelevant and/or

9  improper by the court. This request is narrowly tailored to communications by a

10  specific individual, Erica Ashbrook, with current or former Mattel employees

11  regarding three specific topics, namely "BRATZ," MGA or LARIAN.

12        Mattel objects that the request contains confidential, proprietary and

13  trade secret information. A Protective Order exists in this case, obviating any

14  concern as to protection of privacy rights and/or commercially sensitive

15  information.

16        This request does not seek documents protected by the attorney–client

17  privilege, the attorney work product doctrine, or other applicable privileges. To the

18  extent that Mattel contends that it does, Mattel must provide a privilege log.

19        None of Mattel's improper objections are valid and Mattel is obligated

20  to produce all non–privileged responsive documents in its possession.

21  **MATTEL'S RESPONSE**

22        MGA must establish that its discovery meets the relevance

23  requirements of <u>Rule</u> 26(b)(1).[177]  MGA's request seeks every single communication

24

25  [177]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1
   (S.D. Cal. 2009).

28

1  between Mattel employee Erica Ashbrook and any other Mattel employee that

2  relates in any fashion to MGA, Bratz or Isaac Larian, and also any document

3  relating to such communications.  Indeed, MGA *does not provide even a conclusory*

4  *claim that the documents at issue are relevant to a specific allegation in this case*.

5  MGA has therefore made no showing how this request is related to the claims and

6  defenses in this case.  "A trial court has a duty, of special significance in lengthy and

7  complex cases where the possibility of abuse is always present, to supervise and

8  limit discovery to protect parties and witnesses from annoyance and excessive

9  expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also

10  Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36

11  (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

12  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master held, a party

13  may not propound document requests as part of a fishing expedition or to discover

14  new claims.[178]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)

15  ("District courts need not condone the use of discovery to engage in 'fishing

16  expeditions.'").

17          Further, this is precisely the kind of overbroad Request the prior

18  Discovery Master has already rejected.  MGA previously sought to compel

19  production of documents relating to Mattel's communications with buyers,

20  merchandisers, general merchandise managers, retailers, suppliers, actual and

21  potential licensees, public relations firms and members of the press "referring or

22  relating to Bratz, Larian or MGA regarding the origins, designs, development,

23  product launch, sales, promotions, advertising, quality, or price of Bratz or any other

24

25  _____

26  [178]   See Order Granting In Part and Denying In Part Mattel's Motion for
   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
27  1.

28