1  MGA product."[179]  In the May 22, 2007 Order, the Discovery Master rejected those

2  requests as "clearly overbroad" because they sought documents containing those

3  terms "regardless of whether or not they have anything to do with the claims or

4  defenses in this case."[180]  Similarly, MGA's requirement that Mattel search for and

5  produce every communication between its employees that concerns Bratz, MGA

6  and/or Larian in any way is plainly overbroad and unduly burdensome.

7          Similarly, MGA states that "Mattel has not attempted to demonstrate

8  why responding to this request and/or producing responsive documents presents any

9  burden."  Yet, as MGA knows, the Discovery Master has already placed limits on

10  the searches Mattel must make in producing documents, and this objection is only

11  meant to invoke those issues that have already been settled.  See, e.g., Order

12  Denying MGA's Motion to Compel dated April 24, 2008, at 6-7, Dart Decl., Exh. 16

13  (denying  Motion to Compel on all outstanding emails, holding that Mattel has

14  produced all relevant emails and does not need to consult back-up tapes to complete

15  its production).  MGA should not be permitted to circumvent prior Orders by

16  seeking to overrule Mattel's objections here.

17          Moreover, MGA failed to meet and confer at all, much less in good

18  faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery

19  Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore

20  filing any discovery motion, the moving party shall first identify each dispute, state

21  the relief sought and identify the authority supporting the requested relief in a meet

22  and confer letter that shall be served on all parties by facsimile or electronic mail.

23  The parties shall have five court days from the date of service of that letter to

24  conduct an in-person conference to attempt to resolve the dispute.").  At no point

25

26  [179]  See May 22, 2007 Order Granting in Part and Denying in Part MGA's

27  Motion to Compel at 16-17, Dart Decl., Exh. 5.
   [180]  Id.

28

1  during the meet and confer process did the parties discuss this Request or Mattel's
2  response to it.  In order to engage in a meaningful meet and confer, MGA had the
3  burden to show the relevance of any requests it sought to move on.[181]  Because
4  MGA refused to even attempt to make this showing, there was no possibility of a
5  good faith meet and confer to resolve the parties' disputes.  The Discovery Master
6  should deny MGA's motion with respect to this Request on that grounds alone.

7         There is no basis for overruling Mattel's privilege objection.  MGA's
8  bald assertion that "this request does not seek information protected by the attorney-
9  client privilege, the attorney work product doctrine, or any other applicable
10 privilege" has no merit.  Despite MGA's claim to the contrary, Mattel has produced
11 a privilege log in this action.   Moreover, as MGA has itself argued, the parties have
12 agreed that "all privileged documents would be logged except for documents created
13 after this action was filed on April 27, 2004." Thus, to the extent  privileged
14 documents fall within the post lawsuit time period, they need not be included on
15 Mattel's log.

16        Further, the Request is overbroad to the extent it seeks discovery into
17 events and products that post-date MGA's complaint (April 15, 2005).  MGA takes
18 issue with Mattel imposing any temporal limitations on its production based on the
19 filing of MGA's complaint.  Yet it was MGA itself that successfully enforced
20 precisely such limits in responding to Mattel's Requests, insisting that evidence that
21 post-dated Mattel's complaint could not be relevant to the claims in that complaint.
22 See Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
23 MGA offers no reason, nor could it consistent with judicial estoppel, why

24

25  [181]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).
28

1 | documents post-dating the filing of claims which do not allege continuing
2 | wrongdoing are relevant to those claims.

3 | **REQUEST FOR PRODUCTION NO. 426:**

4 | All COMMUNICATIONS, and all DOCUMENTS REFERRING OR
5 | RELATING TO such COMMUNICATIONS, between MATTEL's Erica Ashbrook
6 | and any retailers (including, but not limited to, Heather Hocut, Barb Lubestine, Scott
7 | McCall, or any other current or former employees of Wal–Mart) regarding
8 | "BRATZ," MGA or LARIAN.

9 | **RESPONSE TO REQUEST NO. 426:**

10 | In addition to the general objections stated above which are
11 | incorporated herein by reference, Mattel objects to this Request on the grounds that
12 | it is overbroad and unduly burdensome, including in that it seeks all documents on
13 | this subject without limitation as to time, and regardless of whether such documents
14 | relate to products or matters at issue in this case. Mattel further object on the
15 | grounds that this Request is an attempt to circumvent the Discovery Master's
16 | May 22, 2007 order determining that the requested documents are irrelevant and/or
17 | that such requests are improper. Mattel further objects to the Request on the grounds
18 | that it seeks documents that are not relevant to this action or likely to lead to the
19 | discovery of admissible evidence. Mattel further objects to this Request on the
20 | grounds that it seeks confidential, proprietary and trade secret information, including
21 | such information that has no bearing on the claims or defenses in this case. Mattel
22 | further objects to this Request on the grounds that it calls for the disclosure of
23 | information subject to the attorney–client privilege, the attorney work–product
24 | doctrine and other applicable privileges.

25 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
26 | **TO SHOULD BE COMPELLED**

27 | Mattel has not agreed to produce documents in response to this request.
28 | Under the Federal Rules of Civil Procedure, "an objection to part of a request must

00505.07975/3161807.1

-216-

1   specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

2   Generic objections that fail to explain the basis for an objection with specificity are

3   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

4   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

5   'overly burdensome and harassing' are improper – especially when a party fails to

6   submit any evidentiary declarations supporting such objections"). Accordingly,

7   Mattel must be compelled either to certify that it has produced all non–privileged

8   responsive documents or to produce all such documents by a date certain.

9          To the extent that Mattel is relying on its blanket objections, they are

10  not sustainable and do not justify Mattel's failure to produce documents.

11         As to overbreadth, Mattel provides no explanation, let alone the

12  required particularity, as to why this request is supposedly overly broad, nor can it

13  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

14  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

15  contrary, the request is narrowly tailored to seek documents relating to

16  communications between a specific individual, Erica Ashbrook, and any retailers

17  regarding "BRATZ," MGA or LARIAN.

18         As to burden, Mattel has not attempted to demonstrate why responding

19  to this request and/or producing responsive documents presents any burden. This

20  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

21  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

22  request is unduly burdensome must allege specific facts which indicate the nature

23  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

24  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

25  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in

26  various unfair trade practices, including coercing its employees to accept restrictive

27  covenants and non–compete clauses and other efforts to prevent prospective MGA

28  employees from accepting offers of employment, threatening retailers and suppliers

1  to cease doing business with MGA, and intimidating employees and industry groups
2  in order to prevent MGA from fairly competing. MGA is entitled to discovery on
3  these claims.

4          Mattel's objection that this request is an attempt to circumvent the
5  Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to
6  this request, which is much narrower than those considered irrelevant and/or
7  improper by the court. This request is narrowly tailored to communications by a
8  specific individual, Erica Ashbrook, with retailers regarding three specific topics,
9  namely "BRATZ," MGA or LARIAN.

10         Mattel objects that the request contains confidential, proprietary and
11 trade secret information. A Protective Order exists in this case, obviating any
12 concern as to protection of privacy rights and/or commercially sensitive
13 information.

14         This request does not seek documents protected by the attorney–client
15 privilege, the attorney work product doctrine, or other applicable privileges. To the
16 extent that Mattel contends that it does, Mattel must provide a privilege log.

17         None of Mattel's improper objections are valid and Mattel is obligated
18 to produce all non–privileged responsive documents in its possession.

19 **MATTEL'S RESPONSE**

20         MGA must establish that its discovery meets the relevance
21 requirements of <u>Rule</u> 26(b)(1).[182] MGA's request seeks every single communication
22 between Mattel employee Erica Ashbrook and any retailer, or that retailer's former
23 employee(s), that relates in any fashion to MGA, Bratz or Isaac Larian, and also any

24

25  [182]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1
    (S.D. Cal. 2009).
28

1  document relating to such communications.  Indeed, MGA ***does not provide even a***

2  ***conclusory claim that the documents at issue are relevant to a specific allegation***

3  ***in this case.***  MGA has therefore made no showing how this request is related to the

4  claims and defenses in this case.  "A trial court has a duty, of special significance in

5  lengthy and complex cases where the possibility of abuse is always present, to

6  supervise and limit discovery to protect parties and witnesses from annoyance and

7  excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see

8  also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133

9  n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

10  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master held, a party

11  may not propound document requests as part of a fishing expedition or to discover

12  new claims.[183]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)

13  ("District courts need not condone the use of discovery to engage in 'fishing

14  expeditions.'").

15             Further, this is precisely the kind of overbroad Request the prior

16  Discovery Master has already rejected.  MGA previously sought to compel

17  production of documents relating to Mattel's communications with buyers,

18  merchandisers, general merchandise managers, retailers, suppliers, actual and

19  potential licensees, public relations firms and members of the press "referring or

20  relating to Bratz, Larian or MGA regarding the origins, designs, development,

21  product launch, sales, promotions, advertising, quality, or price of Bratz or any other

22  MGA product."[184]  In the May 22, 2007 Order, the Discovery Master rejected those

23  requests as "clearly overbroad" because they sought documents containing those

24

25  _____

26  [183]  See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

28

1  terms "regardless of whether or not they have anything to do with the claims or
2  defenses in this case."[185]  Similarly, MGA's requirement that Mattel search for and
3  produce every communication between Ms. Ashbrook and third party retailers that
4  concerns Bratz, MGA and/or Larian in any way is plainly overbroad and unduly
5  burdensome.

6        Similarly, MGA states that "Mattel has not attempted to demonstrate
7  why responding to this request and/or producing responsive documents presents any
8  burden." Yet, as MGA knows, the Discovery Master has already placed limits on
9  the searches Mattel must make in producing documents, and this objection is only
10 meant to invoke those issues that have already been settled. See, e.g., Order
11 Denying MGA's Motion to Compel dated April 24, 2008, at 6-7, Dart Decl., Exh. 16
12 (denying Motion to Compel on all outstanding emails, holding that Mattel has
13 produced all relevant emails and does not need to consult back-up tapes to complete
14 its production).  MGA should not be permitted to circumvent prior Orders by
15 seeking to overrule Mattel's objections here.

16        Moreover, MGA failed to meet and confer at all, much less in good
17 faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery
18 Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore
19 filing any discovery motion, the moving party shall first identify each dispute, state
20 the relief sought and identify the authority supporting the requested relief in a meet
21 and confer letter that shall be served on all parties by facsimile or electronic mail.
22 The parties shall have five court days from the date of service of that letter to
23 conduct an in-person conference to attempt to resolve the dispute.").  At no point
24 during the meet and confer process did the parties discuss this Request or Mattel's

---

26 [184]  May 22, 2007 Order Granting in Part and Denying in Part MGA's Motion to
27 Compel at 16-17, Dart Decl., Exh. 5.
   [185]  Id.

1 | response to it.  In order to engage in a meaningful meet and confer, MGA had the
2 | burden to show the relevance of any requests it sought to move on.[186]  Because
3 | MGA refused to even attempt to make this showing, there was no possibility of a
4 | good faith meet and confer to resolve the parties' disputes.  The Discovery Master
5 | should deny MGA's motion with respect to this Request on that grounds alone.

6 | There is no basis for overruling Mattel's privilege objection.  MGA's
7 | bald assertion that "this request does not seek information protected by the attorney-
8 | client privilege, the attorney work product doctrine, or any other applicable
9 | privilege" has no merit.  Despite MGA's claim to the contrary, Mattel has produced
10 | a privilege log in this action.   Moreover, as MGA has itself argued, the parties have
11 | agreed that "all privileged documents would be logged except for documents created
12 | after this action was filed on April 27, 2004."  Thus, to the extent  privileged
13 | documents fall within the post lawsuit time period, they need not be included on
14 | Mattel's log.

15 | Further, the Request is overbroad to the extent it seeks discovery into
16 | events and products that post-date MGA's complaint (April 15, 2005).  MGA takes
17 | issue with Mattel imposing any temporal limitations on its production based on the
18 | filing of MGA's complaint.  Yet it was MGA itself that successfully enforced
19 | precisely such limits in responding to Mattel's Requests, insisting that evidence that
20 | post-dated Mattel's complaint could not be relevant to the claims in that complaint.
21 | See Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
22 | MGA offers no reason, nor could it consistent with judicial estoppel, why

23 |
24 |

---

25 | [186]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 | Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27 | burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   | (S.D. Cal. May 14, 2009).
28 |

-221-

1 | documents post-dating the filing of claims which do not allege continuing

2 | wrongdoing are relevant to those claims.

3 | **REQUEST FOR PRODUCTION NO. 427:**

4 | All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

5 | RELATING TO such COMMUNICATIONS, between YOU and MGA's Janine

6 | Firth.

7 | **RESPONSE TO REQUEST NO. 427:**

8 | In addition to the general objections stated above which are

9 | incorporated herein by reference, Mattel objects to this Request on the grounds that

10 | it is overbroad and unduly burdensome, including in that it seeks all documents on

11 | this subject without limitation as to time, and regardless of whether such documents

12 | relate to products or matters at issue in this case. Mattel further object on the

13 | grounds that this Request is an attempt to circumvent the Discovery Master's

14 | May 22, 2007 order determining that the requested documents are irrelevant and/or

15 | that such requests are improper. Mattel further objects to the Request on the grounds

16 | that it seeks documents that are not relevant to this action or likely to lead to the

17 | discovery of admissible evidence. Mattel further objects to this Request on the

18 | grounds that it seeks confidential, proprietary and trade secret information, including

19 | such information that has no bearing on the claims or defenses in this case. Mattel

20 | further objects to this Request on the grounds that it calls for the disclosure of

21 | information subject to the attorney–client privilege, the attorney work–product

22 | doctrine and other applicable privileges.

23 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

24 | **TO SHOULD BE COMPELLED**

25 | Mattel has not agreed to produce documents in response to this request,

26 | based on its improper boilerplate objections. Under the Federal Rules of Civil

27 | Procedure, "an objection to part of a request must specify the part and permit

28 | inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to

1  explain the basis for an objection with specificity are routinely rejected in the

2  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

3  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

4  harassing' are improper – especially when a party fails to submit any evidentiary

5  declarations supporting such objections"). Accordingly, Mattel must be compelled

6  either to certify that it has produced all non–privileged responsive documents or to

7  produce all such documents by a date certain.

8          To the extent that Mattel is relying on its blanket objections, they are

9  not sustainable and do not justify Mattel's failure to produce documents.

10          As to overbreadth, Mattel provides no explanation, let alone the

11  required particularity, as to why this request is supposedly overly broad, nor can it

12  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

13  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

14  contrary, the request is narrowly tailored to seek communications and documents

15  related to communications between Mattel and MGA's Janine Firth.

16          As to burden, Mattel has not attempted to demonstrate why responding

17  to this request and/or producing responsive documents presents any burden. This

18  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

19  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

20  request is unduly burdensome must allege specific facts which indicate the nature

21  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

22  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

23  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

24  broad variety of unfair trade practices including serial copying of MGA products

25  and trade dress infringement. MGA is entitled to discovery on these claims.

26          This request does not seek documents protected by the attorney–client

27  privilege, the attorney work product doctrine, or other applicable privileges. To the

28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1    Mattel cites to the May 22, 2007 order, but that order is inapposite to
2  this request, which is much narrower than those considered irrelevant and/or
3  improper by the court. Specifically, the request is narrowly tailored to documents
4  regarding a particular person, namely, Janine Firth.

5    As for relevancy, Mattel has not attempted to demonstrate why
6  responding to this request and/or producing responsive documents is irrelevant to
7  the present action. On the contrary, MGA has alleged that Mattel is engaged in
8  unfair trade practices such as influencing various retailers to preserve Mattel's
9  market share rankings in the critical fashion doll category. A request to seek
10  documents or communications as described above is therefore relevant to this
11  action.

12    Mattel objects that the request contains confidential, proprietary, and
13  trade secret information. A Protective Order exists in this case, obviating any
14  concern as to protection of privacy rights and/or commercially sensitive
15  information.

16    None of Mattel's improper objections are valid and Mattel is obligated
17  to produce all non–privileged responsive documents in its possession.

18  **MATTEL'S RESPONSE**

19    MGA must establish that its discovery meets the relevance
20  requirements of <u>Rule</u> 26(b)(1).[187]  MGA's request seeks every single communication
21  between any present or former Mattel employee and MGA employee Janine Firth
22  that relates in any fashion to MGA, Bratz or Isaac Larian, and also any document
23  relating to such communications.  Indeed, MGA ***does not provide even a conclusory***

---

[187]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

1   *claim that the documents at issue are relevant to a specific allegation in this case.*
2   MGA has therefore made no showing how this request is related to the claims and
3   defenses in this case. "A trial court has a duty, of special significance in lengthy and
4   complex cases where the possibility of abuse is always present, to supervise and
5   limit discovery to protect parties and witnesses from annoyance and excessive
6   expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also
7   Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36
8   (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
9   1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master held, a party
10  may not propound document requests as part of a fishing expedition or to discover
11  new claims.[188]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)
12  ("District courts need not condone the use of discovery to engage in 'fishing
13  expeditions.'").
14          Further, this is precisely the kind of overbroad Request the prior
15  Discovery Master has already rejected.  MGA previously sought to compel
16  production of documents relating to Mattel's communications with buyers,
17  merchandisers, general merchandise managers, retailers, suppliers, actual and
18  potential licensees, public relations firms and members of the press "referring or
19  relating to Bratz, Larian or MGA regarding the origins, designs, development,
20  product launch, sales, promotions, advertising, quality, or price of Bratz or any other
21  MGA product."[189]  In the May 22, 2007 Order, the Discovery Master rejected those
22  requests as "clearly overbroad" because they sought documents containing those
23  terms "regardless of whether or not they have anything to do with the claims or
24
25  ────────────────
26  [188]  See Order Granting In Part and Denying In Part Mattel's Motion for
27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
    1.
28

1  defenses in this case."[190]  Similarly, MGA's requirement that Mattel search for and

2  produce every communication between Mattel's former and past employees and Ms.

3  Firth in any way is plainly overbroad and unduly burdensome.  Further, by

4  definition, MGA already has any communications between Mattel's employees and

5  Ms. Firth because they would be stored on MGA's email servers.  MGA's demand

6  that Mattel produce duplicate copies of such purported communications is unduly

7  burdensome.

8          Similarly, MGA states that "Mattel has not attempted to demonstrate

9  why responding to this request and/or producing responsive documents presents any

10  burden."  Yet, as MGA knows, the Discovery Master has already placed limits on

11  the searches Mattel must make in producing documents, and this objection is only

12  meant to invoke those issues that have already been settled.  See, e.g., Order

13  Denying MGA's Motion to Compel dated April 24, 2008, at 6-7, Dart Decl., Exh. 16

14  (denying  Motion to Compel on all outstanding emails, holding that Mattel has

15  produced all relevant emails and does not need to consult back-up tapes to complete

16  its production).  MGA should not be permitted to circumvent prior Orders by

17  seeking to overrule Mattel's objections here.

18          Moreover, MGA failed to meet and confer at all, much less in good

19  faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery

20  Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore

21  filing any discovery motion, the moving party shall first identify each dispute, state

22  the relief sought and identify the authority supporting the requested relief in a meet

23  and confer letter that shall be served on all parties by facsimile or electronic mail.

24  The parties shall have five court days from the date of service of that letter to

25  _____

26  [189]  May 22, 2007 Order Granting in Part and Denying in Part MGA's Motion to
   Compel at 16-17, Dart Decl., Exh. 5.
27  [190]  Id.

28

1   conduct an in-person conference to attempt to resolve the dispute."). At no point
2   during the meet and confer process did the parties discuss this Request or Mattel's
3   response to it. In order to engage in a meaningful meet and confer, MGA had the
4   burden to show the relevance of any requests it sought to move on.[191]   Because
5   MGA refused to even attempt to make this showing, there was no possibility of a
6   good faith meet and confer to resolve the parties' disputes. The Discovery Master
7   should deny MGA's motion with respect to this Request on that grounds alone.

8           There is no basis for overruling Mattel's privilege objection. MGA's
9   bald assertion that "this request does not seek information protected by the attorney-
10  client privilege, the attorney work product doctrine, or any other applicable
11  privilege" has no merit. Despite MGA's claim to the contrary, Mattel has produced
12  a privilege log in this action.  Moreover, as MGA has itself argued, the parties have
13  agreed that "all privileged documents would be logged except for documents created
14  after this action was filed on April 27, 2004." Thus, to the extent  privileged
15  documents fall within the post lawsuit time period, they need not be included on
16  Mattel's log.

17          Further, the Request is overbroad to the extent it seeks discovery into
18  events and products that post-date MGA's complaint (April 15, 2005). MGA takes
19  issue with Mattel imposing any temporal limitations on its production based on the
20  filing of MGA's complaint. Yet it was MGA itself that successfully enforced
21  precisely such limits in responding to Mattel's Requests, insisting that evidence that
22  post-dated Mattel's complaint could not be relevant to the claims in that complaint.
23  See Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

24

25      [191]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).
28

1  MGA offers no reason, nor could it consistent with judicial estoppel, why
2  documents post-dating the filing of claims which do not allege continuing
3  wrongdoing are relevant to those claims.

4  **REQUEST FOR PRODUCTION NO. 428:**

5         All COMMUNICATIONS, and all DOCUMENTS REFERRING OR
6  RELATING TO such COMMUNICATIONS, between YOU and Margo Eldridge
7  and/or any current or former employee of Eldridge Ink regarding "BRATZ," MGA
8  or LARIAN.

9  **RESPONSE TO REQUEST NO. 428:**

10        In addition to the general objections stated above which are
11  incorporated herein by reference, Mattel objects to this Request on the grounds that
12  it is overbroad and unduly burdensome, including in that it seeks all documents on
13  this subject without limitation as to time, and regardless of whether such documents
14  relate to products or matters at issue in this case. Mattel further object on the
15  grounds that this Request is an attempt to circumvent the Discovery Master's
16  May 22, 2007 order determining that the requested documents are irrelevant and/or
17  that such requests are improper. Mattel further objects to the Request on the grounds
18  that it seeks documents that are not relevant to this action or likely to lead to the
19  discovery of admissible evidence. Mattel further objects to this Request on the
20  grounds that it seeks confidential, proprietary and trade secret information, including
21  such information that has no bearing on the claims or defenses in this case. Mattel
22  further objects to this Request on the grounds that it calls for the disclosure of
23  information subject to the attorney–client privilege, the attorney work–product
24  doctrine and other applicable privileges.

25  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
26  **TO SHOULD BE COMPELLED**

27        Mattel has not agreed to produce documents in response to this request,
28  based on its improper boilerplate objections. Under the Federal Rules of Civil

00505.07975/3161807.1

-228-

1   Procedure, "an objection to part of a request must specify the part and permit

2   inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to

3   explain the basis for an objection with specificity are routinely rejected in the

4   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

5   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

6   harassing' are improper – especially when a party fails to submit any evidentiary

7   declarations supporting such objections"). Accordingly, Mattel must be compelled

8   either to certify that it has produced all non–privileged responsive documents or to

9   produce all such documents by a date certain.

10          To the extent that Mattel is relying on its blanket objections, they are

11  not sustainable and do not justify Mattel's failure to produce documents.

12          As to overbreadth, Mattel provides no explanation, let alone the

13  required particularity, as to why this request is supposedly overly broad, nor can it

14  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

15  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

16  contrary, the request is narrowly tailored to seek documents relating to

17  communications between Mattel and Margo Eldridge or other past or present

18  employees of Eldridge Ink regarding "BRATZ," MGA or LARIAN.

19          As to burden, Mattel has not attempted to demonstrate why responding

20  to this request and/or producing responsive documents presents any burden. This

21  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

22  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

23  request is unduly burdensome must allege specific facts which indicate the nature

24  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

25  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

26  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in

27  various unfair trade practices, including threatening retailers and suppliers to cease

28  doing business with MGA, and intimidating employees and industry groups in order

1 | to prevent MGA from fairly competing. MGA is entitled to discovery on these
2 | claims.

3 |     Mattel's objection that this request is an attempt to circumvent the
4 | Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to
5 | this request, which is much narrower than those considered irrelevant and/or
6 | improper by the court. This request is narrowly tailored to communications by
7 | Mattel with current or former Eldridge Ink employees regarding three specific
8 | topics, namely "BRATZ," MGA or LARIAN.

9 |     Mattel objects that the request contains confidential, proprietary and
10 | trade secret information. A Protective Order exists in this case, obviating any
11 | concern as to protection of privacy rights and/or commercially sensitive
12 | information.

13 |     This request does not seek documents protected by the attorney–client
14 | privilege, the attorney work product doctrine, or other applicable privileges. To the
15 | extent that Mattel contends that it does, Mattel must provide a privilege log.

16 |     None of Mattel's improper objections are valid and Mattel is obligated
17 | to produce all non–privileged responsive documents in its possession.

18 | **MATTEL'S RESPONSE**

19 |     MGA must establish that its discovery meets the relevance
20 | requirements of <u>Rule</u> 26(b)(1).[192]  MGA's request seeks every single communication
21 | between any of its current or former employees and any current or former employee
22 | of Eldridge Ink, that relates in any fashion to MGA, Bratz or Isaac Larian, and also
23 | any document relating to such communications.  Indeed, MGA ***does not provide***

24 |

---

25 |  [192]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 | Order No. 27, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial
27 | burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1
   | (S.D. Cal. 2009).
28 |

1   ***even a conclusory claim that the documents at issue are relevant to a specific***
2   ***allegation in this case.***  MGA has therefore made no showing how this request is
3   related to the claims and defenses in this case. "A trial court has a duty, of special
4   significance in lengthy and complex cases where the possibility of abuse is always
5   present, to supervise and limit discovery to protect parties and witnesses from
6   annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664
7   (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559
8   F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste
9   Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous
10  Discovery Master held, a party may not propound document requests as part of a
11  fishing expedition or to discover new claims.[193] Rivera v. NIBCO, Inc., 364 F.3d
12  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
13  to engage in 'fishing expeditions.'").

14          Further, this is precisely the kind of overbroad Request the prior
15  Discovery Master has already rejected. MGA previously sought to compel
16  production of documents relating to Mattel's communications with buyers,
17  merchandisers, general merchandise managers, retailers, suppliers, actual and
18  potential licensees, public relations firms and members of the press "referring or
19  relating to Bratz, Larian or MGA regarding the origins, designs, development,
20  product launch, sales, promotions, advertising, quality, or price of Bratz or any other
21  MGA product."[194] In the May 22, 2007 Order, the Discovery Master rejected those
22  requests as "clearly overbroad" because they sought documents containing those
23  terms "regardless of whether or not they have anything to do with the claims or

24
25
———————————————————
26  [193]   See Order Granting In Part and Denying In Part Mattel's Motion for
27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.
28

00505.07975/3161807.1

1   defenses in this case."[195]  Similarly, MGA's requirement that Mattel search for and
2   produce every communication between its current or former employees and any
3   current or former employee of Eldridge Ink that concerns Bratz, MGA and/or Larian
4   in any way is plainly overbroad and unduly burdensome.

5              Similarly, MGA states that "Mattel has not attempted to demonstrate
6   why responding to this request and/or producing responsive documents presents any
7   burden." Yet, as MGA knows, the Discovery Master has already placed limits on
8   the searches Mattel must make in producing documents, and this objection is only
9   meant to invoke those issues that have already been settled.  See, e.g., Order
10  Denying MGA's Motion to Compel dated April 24, 2008, at 6-7, Dart Decl., Exh. 16
11  (denying  Motion to Compel on all outstanding emails, holding that Mattel has
12  produced all relevant emails and does not need to consult back-up tapes to complete
13  its production).  MGA should not be permitted to circumvent prior Orders by
14  seeking to overrule Mattel's objections here.

15             Moreover, MGA failed to meet and confer at all, much less in good
16  faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery
17  Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore
18  filing any discovery motion, the moving party shall first identify each dispute, state
19  the relief sought and identify the authority supporting the requested relief in a meet
20  and confer letter that shall be served on all parties by facsimile or electronic mail.
21  The parties shall have five court days from the date of service of that letter to
22  conduct an in-person conference to attempt to resolve the dispute.").  At no point
23  during the meet and confer process did the parties discuss this Request or Mattel's
24  response to it.  In order to engage in a meaningful meet and confer, MGA had the

25  _____

26  [194]  May 22, 2007 Order Granting in Part and Denying in Part MGA's Motion to
27  Compel at 16-17, Dart Decl., Exh. 5.
    [195]  Id.
28

1   burden to show the relevance of any requests it sought to move on.[196]   Because

2   MGA refused to even attempt to make this showing, there was no possibility of a

3   good faith meet and confer to resolve the parties' disputes.  The Discovery Master

4   should deny MGA's motion with respect to this Request on that grounds alone.

5           There is no basis for overruling Mattel's privilege objection.  MGA's

6   bald assertion that "this request does not seek information protected by the attorney-

7   client privilege, the attorney work product doctrine, or any other applicable

8   privilege" has no merit.  Despite MGA's claim to the contrary, Mattel has produced

9   a privilege log in this action.   Moreover, as MGA has itself argued, the parties have

10  agreed that "all privileged documents would be logged except for documents created

11  after this action was filed on April 27, 2004."  Thus, to the extent  privileged

12  documents fall within the post lawsuit time period, they need not be included on

13  Mattel's log.

14          Further, the Request is overbroad to the extent it seeks discovery into

15  events and products that post-date MGA's complaint (April 15, 2005).  MGA takes

16  issue with Mattel imposing any temporal limitations on its production based on the

17  filing of MGA's complaint.  Yet it was MGA itself that successfully enforced

18  precisely such limits in responding to Mattel's Requests, insisting that evidence that

19  post-dated Mattel's complaint could not be relevant to the claims in that complaint.

20  See Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

21  MGA offers no reason, nor could it consistent with judicial estoppel, why

22  documents post-dating the filing of claims which do not allege continuing

23  wrongdoing are relevant to those claims.

24

25  [196]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).

28

1 **REQUEST FOR PRODUCTION NO. 429:**

2      All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

3 RELATING TO such COMMUNICATIONS, between YOU and Andy Gallerani

4 and/or any current or former employee of Mohr–Gallerani & More Films regarding

5 "BRATZ," MGA or LARIAN.

6 **RESPONSE TO REQUEST NO. 429:**

7      In addition to the general objections stated above which are

8 incorporated herein by reference, Mattel objects to this Request on the grounds that

9 it is overbroad and unduly burdensome, including in that it seeks all documents on

10 this subject without limitation as to time, and regardless of whether such documents

11 relate to products or matters at issue in this case. Mattel further object on the

12 grounds that this Request is an attempt to circumvent the Discovery Master's

13 May 22, 2007 order determining that the requested documents are irrelevant and/or

14 that such requests are improper. Mattel further objects to the Request on the grounds

15 that it seeks documents that are not relevant to this action or likely to lead to the

16 discovery of admissible evidence. Mattel further objects to this Request on the

17 grounds that it seeks confidential, proprietary and trade secret information, including

18 such information that has no bearing on the claims or defenses in this case. Mattel

19 further objects to this Request on the grounds that it calls for the disclosure of

20 information subject to the attorney–client privilege, the attorney work–product

21 doctrine and other applicable privileges.

22 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

23 **TO SHOULD BE COMPELLED**

24      Mattel refuses to produce documents responsive to this request. Under

25 the Federal Rules of Civil Procedure, "an objection to part of a request must specify

26 the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic

27 objections that fail to explain the basis for an objection with specificity are routinely

28 rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234

1  F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

2  burdensome and harassing' are improper – especially when a party fails to submit

3  any evidentiary declarations supporting such objections"). Accordingly, Mattel must

4  be compelled either to certify that it has produced all non–privileged responsive

5  documents or to produce all such documents by a date certain.

6          To the extent that Mattel is relying on its blanket objections, they are

7  not sustainable and do not justify Mattel's failure to produce documents.

8          As to overbreadth, Mattel provides no explanation, let alone the

9  required particularity, as to why this request is supposedly overly broad, nor can it

10  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

11  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

12  contrary, the request is narrowly tailored to seek documents concerning

13  communications between Mattel and a specific advertising company relating to

14  "BRATZ," MGA or LARIAN.

15          As to burden, Mattel has not attempted to demonstrate why responding

16  to this request and/or producing responsive documents presents any burden. This

17  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

18  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

21  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

22  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

23  broad variety of unfair trade practices, from serial copying of MGA products, to

24  threatening retailers and suppliers to cease doing business with MGA. MGA is

25  entitled to discovery on these claims.

26          This request does not seek documents protected by the attorney–client

27  privilege, the attorney work product doctrine, or other applicable privileges. To the

28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1   Mattel objects that the request contains confidential/proprietary/trade

2   secret information. A Protective Order exists in this case, obviating any concern as

3   to protection of privacy rights and/or commercially sensitive information.

4   This request is narrowly tailored to particular discoverable

5   communications between Mattel and an specified advertising company regarding

6   "BRATZ," MGA, and LARIAN. Such communications are likely to reflect

7   information related to MGA's claims, for example, serial copying.

8   None of Mattel's improper objections are valid and Mattel is obligated

9   to produce all non–privileged responsive documents in its possession.

10   **MATTEL'S RESPONSE**

11   MGA must establish that its discovery meets the relevance

12   requirements of Rule 26(b)(1).[197]   MGA's request seeks every single communication

13   between any of its current or former employees and any current or former employee

14   of Mohr–Gallerani & More Films, that relates in any fashion to MGA, Bratz or Isaac

15   Larian, and also any document relating to such communications.  Indeed, MGA

16   *does not provide even a conclusory claim that the documents at issue are relevant*

17   *to a specific allegation in this case*.  MGA has therefore made no showing how this

18   request is related to the claims and defenses in this case. "A trial court has a duty, of

19   special significance in lengthy and complex cases where the possibility of abuse is

20   always present, to supervise and limit discovery to protect parties and witnesses

21   from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664

22   (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

23   F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

24

25   [197]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26   Order No. 27, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial
27   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
     (S.D. Cal. 2009).

28

1  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous
2  Discovery Master held, a party may not propound document requests as part of a
3  fishing expedition or to discover new claims.[198]  Rivera v. NIBCO, Inc., 364 F.3d
4  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
5  to engage in 'fishing expeditions.'").

6          Further, this is precisely the kind of overbroad Request the prior
7  Discovery Master has already rejected.  MGA previously sought to compel
8  production of documents relating to Mattel's communications with buyers,
9  merchandisers, general merchandise managers, retailers, suppliers, actual and
10  potential licensees, public relations firms and members of the press "referring or
11  relating to Bratz, Larian or MGA regarding the origins, designs, development,
12  product launch, sales, promotions, advertising, quality, or price of Bratz or any other
13  MGA product."[199]  In the May 22, 2007 Order, the Discovery Master rejected those
14  requests as "clearly overbroad" because they sought documents containing those
15  terms "regardless of whether or not they have anything to do with the claims or
16  defenses in this case."[200]  Similarly, MGA's requirement that Mattel search for and
17  produce every communication between its current or former employees and any
18  current or former employee of Mohr–Gallerani & More Films that concerns Bratz,
19  MGA and/or Larian in any way is plainly overbroad and unduly burdensome.

20          Similarly, MGA states that "Mattel has not attempted to demonstrate
21  why responding to this request and/or producing responsive documents presents any
22  burden."  Yet, as MGA knows, the Discovery Master has already placed limits on

23  _____

24  [198]  See Order Granting In Part and Denying In Part Mattel's Motion for
25  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
    1.
26  [199]  May 22, 2007 Order Granting in Part and Denying in Part MGA's Motion to
27  Compel at 16-17, Dart Decl., Exh. 5.
    [200]  Id.
28

1   the searches Mattel must make in producing documents, and this objection is only
2   meant to invoke those issues that have already been settled. See, e.g., Order
3   Denying MGA's Motion to Compel dated April 24, 2008, at 6-7, Dart Decl., Exh. 16
4   (denying Motion to Compel on all outstanding emails, holding that Mattel has
5   produced all relevant emails and does not need to consult back-up tapes to complete
6   its production). MGA should not be permitted to circumvent prior Orders by
7   seeking to overrule Mattel's objections here.

8           Moreover, MGA failed to meet and confer at all, much less in good
9   faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery
10  Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore
11  filing any discovery motion, the moving party shall first identify each dispute, state
12  the relief sought and identify the authority supporting the requested relief in a meet
13  and confer letter that shall be served on all parties by facsimile or electronic mail.
14  The parties shall have five court days from the date of service of that letter to
15  conduct an in-person conference to attempt to resolve the dispute."). At no point
16  during the meet and confer process did the parties discuss this Request or Mattel's
17  response to it. In order to engage in a meaningful meet and confer, MGA had the
18  burden to show the relevance of any requests it sought to move on.[201]   Because
19  MGA refused to even attempt to make this showing, there was no possibility of a
20  good faith meet and confer to resolve the parties' disputes. The Discovery Master
21  should deny MGA's motion with respect to this Request on that grounds alone.

22          There is no basis for overruling Mattel's privilege objection. MGA's
23  bald assertion that "this request does not seek information protected by the attorney-
24

25  [201]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).
28

1   client privilege, the attorney work product doctrine, or any other applicable

2   privilege" has no merit.  Despite MGA's claim to the contrary, Mattel has produced

3   a privilege log in this action.   Moreover, as MGA has itself argued, the parties have

4   agreed that "all privileged documents would be logged except for documents created

5   after this action was filed on April 27, 2004."  Thus, to the extent  privileged

6   documents fall within the post lawsuit time period, they need not be included on

7   Mattel's log.

8          Further, the Request is overbroad to the extent it seeks discovery into

9   events and products that post-date MGA's complaint (April 15, 2005).  MGA takes

10  issue with Mattel imposing any temporal limitations on its production based on the

11  filing of MGA's complaint.  Yet it was MGA itself that successfully enforced

12  precisely such limits in responding to Mattel's Requests, insisting that evidence that

13  post-dated Mattel's complaint could not be relevant to the claims in that complaint.

14  See Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

15  MGA offers no reason, nor could it consistent with judicial estoppel, why

16  documents post-dating the filing of claims which do not allege continuing

17  wrongdoing are relevant to those claims.

18  **REQUEST FOR PRODUCTION NO. 430:**

19         All COMMUNICATIONS in 2001 and 2002, and all DOCUMENTS

20  REFERRING OR RELATING TO such COMMUNICATIONS, between Ben Van

21  Doesburgh and any current or former employee of Mattel Espana S.A. (including,

22  but not limited to, Raul Van Neerbos) regarding the threat of "BRATZ" to

23  MATTEL and/or the creation of "MY SCENE"

24  **RESPONSE TO REQUEST NO. 430:**

25         In addition to the general objections stated above which are

26  incorporated herein by reference, Mattel objects to this Request on the grounds that

27  it is overbroad and unduly burdensome, including in that it seeks all documents on

28  this subject without limitation as to time, and regardless of whether such documents

1 | relate to products or matters at issue in this case. Mattel further objects that the
2 | terms "threat of 'BRATZ'" are vague and ambiguous. Mattel further objects to the
3 | Request on the grounds that it seeks documents that are not relevant to this action or
4 | likely to lead to the discovery of admissible evidence. Mattel further objects to the
5 | Request on the grounds that it seeks information about matters that are not within
6 | the subject matter jurisdiction of the Court. Production by Mattel, if any, will be
7 | limited to those matters within the Court's jurisdiction, only in the event and to the
8 | extent it is permitted by or otherwise in compliance with foreign laws limiting
9 | disclosure and discovery and only in the event and to the extent that the documents
10 | are within Mattel's possession, custody or control pursuant to governing law. Mattel
11 | further objects to this Request on the grounds that it seeks confidential, proprietary
12 | and trade secret information, including such information that has no bearing on the
13 | claims or defenses in this case. Mattel further objects to this Request on the grounds
14 | that it calls for the disclosure of information subject to the attorney–client privilege,
15 | the attorney work–product doctrine and other applicable privileges. Mattel further
16 | objects to this Request as duplicative of requests previously served by MGA in this
17 | litigation.

18 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
19 | **TO SHOULD BE COMPELLED**

20 | Mattel improperly limits its agreement to produce responsive
21 | documents to documents "that relate to the MY SCENE products that are at issue."
22 | MGA's trade dress and unfair competition claims are broad, and Mattel cannot use
23 | its rewriting of the request as a shield to withhold materials discoverable in Phase 2.
24 | Mattel has refused to confirm whether or not it has produced all non–privileged
25 | responsive documents or whether it is withholding documents based on its
26 | objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to
27 | part of a request must specify the part and permit inspection of the rest." Fed. R.
28 | Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection

1   with specificity are routinely rejected in the Central District. See <u>A. Farber and</u>
2   <u>Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or
3   boilerplate objections such as 'overly burdensome and harassing' are improper –
4   especially when a party fails to submit any evidentiary declarations supporting such
5   objections"). Accordingly, Mattel must be compelled either to certify that it has
6   produced all non–privileged responsive documents or to produce all such documents
7   by a date certain.

8          To the extent that Mattel is relying on its blanket objections, they are
9   not sustainable and do not justify Mattel's failure to produce documents.

10          As to overbreadth, Mattel provides no explanation, let alone the
11  required particularity, as to why this request is supposedly overly broad, nor can it
12  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
13  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
14  contrary, the request is narrowly tailored to seek documents specifically relating to
15  the threat of "BRATZ" to Mattel and "MY SCENE." The request is also tailored to
16  specific individuals, and it is limited in time.

17          As to burden, Mattel has not attempted to demonstrate why responding
18  to this request and/or producing responsive documents presents any burden. This
19  objection must therefore be rejected. See <u>Jackson v. Montgomery Ward & Co., Inc.</u>,
20  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
21  request is unduly burdensome must allege specific facts which indicate the nature
22  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
23  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
24  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
25  broad variety of unfair trade practices including serial copying of MGA products
26  and trade dress infringement. MGA is entitled to discovery on these claims.

27

28

1    This request does not seek documents protected by the attorney–client
2    privilege, the attorney work product doctrine, or other applicable privileges. To the
3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel objects on the basis of relevance. Mattel cannot legitimately
5    contend that whether `BRATZ" was viewed as a threat is not at issue in Phase 2 of
6    these consolidated proceedings. Documents relating to `BRATZ" as a threat are
7    likely to lead to admissible evidence supporting or refuting MGA's trade dress
8    claim, MGA's unfair competition claim, Mattel's trade secret misappropriation
9    claim, and both parties' damages claims.

10   None of Mattel's improper objections are valid and Mattel is obligated
11   to produce all non–privileged responsive documents in its possession.

12   **MATTEL'S RESPONSE**

13   MGA's request seeks every single communication between Ben Van
14   Doesburgh and any current or former employee of Mattel Espana S.A., that relates
15   in any fashion to "regarding the threat of 'BRATZ' to MATTEL and/or the creation
16   of 'MY SCENE,'" and also any document relating to such communications. As an
17   initial matter, the term "threat of 'BRATZ' to MATTEL" is vague. Does MGA
18   mean loss of market share, decrease in share price, loss of shelf-space, or some other
19   effect of Bratz on Mattel? Also, is MGA referring to the purported impact of Bratz
20   on Mattel's Barbie or My Scene product lines or the hundreds of other products that
21   Mattel makes? The request, therefore, is hopelessly vague.

22   Further, MGA must establish that its discovery meets the relevance
23   requirements of Rule 26(b)(1).[202]  Indeed, MGA *does not provide even a conclusory*

---

[202]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

1 | *claim that the documents at issue are relevant to a specific allegation in this case.*
2 | MGA has therefore made no showing how this request is related to the claims and
3 | defenses in this case.  "A trial court has a duty, of special significance in lengthy and
4 | complex cases where the possibility of abuse is always present, to supervise and
5 | limit discovery to protect parties and witnesses from annoyance and excessive
6 | expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also
7 | Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36
8 | (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
9 | 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master held, a party
10 | may not propound document requests as part of a fishing expedition or to discover
11 | new claims.[203]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)
12 | ("District courts need not condone the use of discovery to engage in 'fishing
13 | expeditions.'").

14 | Further, this is precisely the kind of overbroad Request the prior
15 | Discovery Master has already rejected.  MGA previously sought to compel
16 | production of documents relating to Mattel's communications with buyers,
17 | merchandisers, general merchandise managers, retailers, suppliers, actual and
18 | potential licensees, public relations firms and members of the press "referring or
19 | relating to Bratz, Larian or MGA regarding the origins, designs, development,
20 | product launch, sales, promotions, advertising, quality, or price of Bratz or any other
21 | MGA product."[204]  In the May 22, 2007 Order, the Discovery Master rejected those
22 | requests as "clearly overbroad" because they sought documents containing those
23 | terms "regardless of whether or not they have anything to do with the claims or

---

26 | [203]  See Order Granting In Part and Denying In Part Mattel's Motion for
27 | Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
     | 1.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FOUR)

1 | defenses in this case."[205]  Similarly, MGA's requirement that Mattel search for and
2 | produce every communication between Ben Van Doesburgh and any current or
3 | former employee of Mattel Espana S.A. "regarding the threat of "BRATZ" to
4 | MATTEL and/or the creation of "MY SCENE" in any way is plainly overbroad and
5 | unduly burdensome.

6 |           Similarly, MGA states that "Mattel has not attempted to demonstrate
7 | why responding to this request and/or producing responsive documents presents any
8 | burden." Yet, as MGA knows, the Discovery Master has already placed limits on
9 | the searches Mattel must make in producing documents, and this objection is only
10 | meant to invoke those issues that have already been settled. See, e.g., Order
11 | Denying MGA's Motion to Compel dated April 24, 2008, at 6-7, Dart Decl., Exh. 16
12 | (denying Motion to Compel on all outstanding emails, holding that Mattel has
13 | produced all relevant emails and does not need to consult back-up tapes to complete
14 | its production). MGA should not be permitted to circumvent prior Orders by
15 | seeking to overrule Mattel's objections here.

16 |           Moreover, MGA failed to meet and confer at all, much less in good
17 | faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery
18 | Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore
19 | filing any discovery motion, the moving party shall first identify each dispute, state
20 | the relief sought and identify the authority supporting the requested relief in a meet
21 | and confer letter that shall be served on all parties by facsimile or electronic mail.
22 | The parties shall have five court days from the date of service of that letter to
23 | conduct an in-person conference to attempt to resolve the dispute."). At no point
24 | during the meet and confer process did the parties discuss this Request or Mattel's

25 | 
26 | [204]   May 22, 2007 Order Granting in Part and Denying in Part MGA's Motion to
27 | Compel at 16-17, Dart Decl., Exh. 5.
    [205]   Id.
28 |

1 | response to it. In order to engage in a meaningful meet and confer, MGA had the
2 | burden to show the relevance of any requests it sought to move on.[206]  Because
3 | MGA refused to even attempt to make this showing, there was no possibility of a
4 | good faith meet and confer to resolve the parties' disputes. The Discovery Master
5 | should deny MGA's motion with respect to this Request on that grounds alone.

6 | There is no basis for overruling Mattel's privilege objection. MGA's
7 | bald assertion that "this request does not seek information protected by the attorney-
8 | client privilege, the attorney work product doctrine, or any other applicable
9 | privilege" has no merit. Despite MGA's claim to the contrary, Mattel has produced
10 | a privilege log in this action.   Moreover, as MGA has itself argued, the parties have
11 | agreed that "all privileged documents would be logged except for documents created
12 | after this action was filed on April 27, 2004." Thus, to the extent  privileged
13 | documents fall within the post lawsuit time period, they need not be included on
14 | Mattel's log.

15 | **REQUEST FOR PRODUCTION NO. 431:**

16 | All COMMUNICATIONS in 2001 and 2002, and all DOCUMENTS
17 | REFERRING OR RELATING TO such COMMUNICATIONS, between Ben Van
18 | Doesburgh and Adrienne Fontanella, Matt Bousequette or any other current or
19 | former employee of MATTEL regarding the threat of "BRATZ" to MATTEL
20 | and/or the creation of "MY SCENE."

21 | **RESPONSE TO REQUEST NO. 431:**

22 | In addition to the general objections stated above which are
23 | incorporated herein by reference, Mattel objects to this Request on the grounds that

24 |

25 | [206]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 | Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27 | burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   | (S.D. Cal. May 14, 2009).
28 |

1  it is overbroad and unduly burdensome, including in that it seeks all documents on
2  this subject without limitation as to time, and regardless of whether such documents
3  relate to products or matters at issue in this case. Mattel further objects that the
4  terms "threat of 'BRATZ'" are vague and ambiguous. Mattel further objects to the
5  Request on the grounds that it seeks documents that are not relevant to this action or
6  likely to lead to the discovery of admissible evidence. Mattel further objects to this
7  Request on the grounds that it seeks confidential, proprietary and trade secret
8  information, including such information that has no bearing on the claims or
9  defenses in this case. Mattel further objects to this Request on the grounds that it
10  calls for the disclosure of information subject to the attorney–client privilege, the
11  attorney work–product doctrine and other applicable privileges.

12          Subject to and without waiving the foregoing objections, Mattel
13  responds as follows: Mattel will produce such responsive, non–privileged
14  documents that are in Mattel's possession, custody, or control, if any, that relate to
15  the MY SCENE products that are at issue in this case that Mattel has been able to
16  locate after a diligent search and reasonable inquiry, to the extent not previously
17  produced.

18  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
19  **TO SHOULD BE COMPELLED**

20          Mattel improperly limits its agreement to produce responsive
21  documents to documents "that relate to the MY SCENE products that are at issue."
22  MGA's trade dress and unfair competition claims are broad, and Mattel cannot use
23  its rewriting of the request as a shield to withhold materials discoverable in Phase 2.
24  Mattel has refused to confirm whether or not it has produced all non–privileged
25  responsive documents or whether it is withholding documents based on its
26  objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to
27  part of a request must specify the part and permit inspection of the rest." Fed. R.
28  Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection

1  with specificity are routinely rejected in the Central District.  See A. Farber and
2  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or
3  boilerplate objections such as 'overly burdensome and harassing' are improper –
4  especially when a party fails to submit any evidentiary declarations supporting such
5  objections"). Accordingly, Mattel must be compelled either to certify that it has
6  produced all non–privileged responsive documents or to produce all such documents
7  by a date certain.

8          To the extent that Mattel is relying on its blanket objections, they are
9  not sustainable and do not justify Mattel's failure to produce documents.

10          As to overbreadth, Mattel provides no explanation, let alone the
11  required particularity, as to why this request is supposedly overly broad, nor can it
12  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
13  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 55. To the
14  contrary, the request is narrowly tailored to seek documents specifically relating to
15  the threat of "BRATZ" to Mattel and "MY SCENE." The request is also tailored to
16  specific individuals, and it is limited in time.

17          As to burden, Mattel has not attempted to demonstrate why responding
18  to this request and/or producing responsive documents presents any burden. This
19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
20  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
21  request is unduly burdensome must allege specific facts which indicate the nature
22  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
23  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
24  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
25  broad variety of unfair trade practices including serial copying of MGA products
26  and trade dress infringement. MGA is entitled to discovery on these claims.

27

28

00505.07975/3 161807.1

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FOUR)

1        This request does not seek documents protected by the attorney–client

2  privilege, the attorney work product doctrine, or other applicable privileges. To the

3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4        Mattel objects on the basis of relevance. Mattel cannot legitimately

5  contend that whether `BRATZ" was viewed as a threat is not at issue in Phase 2 of

6  these consolidated proceedings. Documents relating to `BRATZ" as a threat are

7  likely to lead to admissible evidence supporting or refuting MGA's trade dress

8  claim, MGA's unfair competition claim, Mattel's trade secret misappropriation

9  claim, and both parties' damages claims.

10        None of Mattel's improper objections are valid and Mattel is obligated

11  to produce all non–privileged responsive documents in its possession.

12  **MATTEL'S RESPONSE**

13        As MGA would have learned had it bothered to meet and confer on

14  these issues, Mattel has already produced all relevant non-privileged documents

15  responsive to this Request. MGA objects to Mattel's limitation that it will produce

16  documents related to "the MY SCENE products that are at issue," but it provides no

17  argument as to why this limitation is inappropriate. MGA has not provided any

18  basis for asserting that this production is incomplete. MGA's motion to compel

19  responses to this Request should therefore be denied as moot.

20        MGA argues that Mattel seeks unilaterally to impose limits on the

21  electronic discovery sources that it must search and from which it must collect

22  documents. After exhaustive briefing in January through March 2008, the

23  Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data

24  searches. In January 2008, MGA moved for a "certification"[207] that Mattel had

25

26  [207]  The prior Discovery Master has noted that such "certifications" are

27  improper. See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25

("THE COURT: You don't have to address that [the certification issue]. As far as

28    (footnote continued)

1  produced "all non-privileged email responsive to MGA's and Bryant's document

2  requests."[208]  Because that Motion pre-dated the stay of Phase 2 discovery, it was

3  *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's

4  arguments, the Discovery Master noted the exhaustive search methods Mattel had

5  undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

6  date for electronic information are adequate to discharge its obligation under Rule

7  34."[209]

8          MGA ignores these prior rulings entirely, and demands again that

9  Mattel search *all* data sources in its possession, custody or control for responsive

10  information in connection with its requests for production.  It also ignores the recent

11  ruling of the current Discovery Master that MGA's requests calling for documents

12  that could be found anywhere on Mattel's thousands of servers or individual

13  employee computers worldwide are unduly burdensome.  See Phase 2 Discovery

14  Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (█████

15  ███████████████████████████████████████████████████████

16  ███████████████████████████████████████████████████████

17  ███████████████████████████████████████████████████████

18  ████████████████████████████  Mattel has fully responded to MGA's

19  request, and further searches should not be ordered.

20          Despite Mattel's agreement to produce documents, MGA nevertheless

21  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For

22

23  I'm concerned, there is no good cause or basis or authorized rule in the Federal

24  Rules of Civil Procedure that support such an order, so I'm going to deny that aspect
   of the motion.").

25  [208]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart

26  Decl., Exh. 16.

27  [209]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
   Dart Decl., Exh. 16.

28

00505.07975/3161807.1

1   example, there is no basis for overruling Mattel's privilege objection.  MGA's bald
2   assertion that "this request does not seek information protected by the attorney-client
3   privilege, the attorney work product doctrine, or other applicable privileges" has no
4   merit.  Documents discussing BRATZ could very well be subject to a claim of
5   privilege or work product protection.  Moreover, as MGA has itself argued, the
6   parties have agreed that "all privileged documents would be logged except for
7   documents created after this action was filed on April 27, 2004."[210]  Thus, to the
8   extent privileged documents fall within the post lawsuit time period, they need not
9   be included on Mattel's log.

10          Similarly, MGA attempts to overrule Mattel's burden objection though
11   it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master
12   has already placed limits on the searches Mattel must make in producing documents,
13   and this objection is only meant to invoke those issues that have already been
14   settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at
15   6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,
16   holding that Mattel has produced all relevant emails and does not need to consult
17   back-up tapes to complete its production).  MGA should not be permitted to
18   circumvent prior Orders by seeking to overrule Mattel's objections here.

19          Finally, MGA failed to meet and confer at all, much less in good faith,
20   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
21   Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing
22   any discovery motion, the moving party shall first identify each dispute, state the
23   relief sought and identify the authority supporting the requested relief in a meet and
24   confer letter that shall be served on all parties by facsimile or electronic mail.  The

25   _____

26   [210]   See Order Denying Mattel's Motion for Protective Order Limiting the
27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
     3.
28

1   parties shall have five court days from the date of service of that letter to conduct an

2   in-person conference to attempt to resolve the dispute."). At no point during the

3   meet and confer process did the parties discuss this Request or Mattel's response to

4   it. In order to engage in a meaningful meet and confer, MGA had the burden to

5   show the relevance of any requests it sought to move on.[211]   Because MGA refused

6   to even attempt to make this showing, there was no possibility of a good faith meet

7   and confer to resolve the parties' disputes. The Discovery Master should deny

8   MGA's motion with respect to this Request on that grounds alone.

9   **REQUEST FOR PRODUCTION NO. 432:**

10          All COMMUNICATIONS in 2001 and 2002, and all DOCUMENTS

11   REFERRING OR RELATING TO such COMMUNICATIONS, between any

12   current or former employees of Mattel Espana S.A., on the one hand, and Adrienne

13   Fontanella, Matt Bousequette or any other current or former MATTEL employees

14   regarding the threat of `BRATZ" to MATTEL and/or the creation of `MY SCENE."

15   **RESPONSE TO REQUEST NO. 432:**

16          In addition to the general objections stated above which are

17   incorporated herein by reference, Mattel objects to this Request on the grounds that

18   it is overbroad and unduly burdensome, including in that it seeks all documents on

19   this subject without limitation as to time, and regardless of whether such documents

20   relate to products or matters at issue in this case. Mattel further objects that the

21   terms "threat of 'BRATZ'" are vague and ambiguous. Mattel further objects to the

22   Request on the grounds that it seeks documents that are not relevant to this action or

23   likely to lead to the discovery of admissible evidence. Mattel further objects to the

---

25   [211]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26   Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
     (S.D. Cal. May 14, 2009).
28

1 Request on the grounds that it seeks information about matters that are not within
2 the subject matter jurisdiction of the Court. Production by Mattel, if any, will be
3 limited to those matters within the Court's jurisdiction, only in the event and to the
4 extent it is permitted by or otherwise in compliance with foreign laws limiting
5 disclosure and discovery and only in the event and to the extent that the documents
6 are within Mattel's possession, custody or control pursuant to governing law. Mattel
7 further objects to this Request on the grounds that it seeks confidential, proprietary
8 and trade secret information, including such information that has no bearing on the
9 claims or defenses in this case. Mattel further objects to this Request on the grounds
10 that it calls for the disclosure of information subject to the attorney–client privilege,
11 the attorney work–product doctrine and other applicable privileges.

12          Subject to and without waiving the foregoing objections, Mattel
13 responds as follows: Mattel will produce such responsive, non–privileged
14 documents that are in Mattel's possession, custody, or control, if any, that relate to
15 the MY SCENE products that are at issue in this case that Mattel has been able to
16 locate after a diligent search and reasonable inquiry, to the extent not previously
17 produced.

18 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
19 **TO SHOULD BE COMPELLED**

20          Mattel improperly limits its agreement to produce responsive
21 documents to documents "that relate to the MY SCENE products that are at issue."
22 MGA's trade dress and unfair competition claims are broad, and Mattel cannot use
23 its rewriting of the request as a shield to withhold materials discoverable in Phase 2.
24 Mattel has refused to confirm whether or not it has produced all non–privileged
25 responsive documents or whether it is withholding documents based on its
26 objections and limitation in Phase 2. Under the Federal Rules of Civil Procedure,
27 "an objection to part of a request must specify the part and permit inspection of the
28 rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for

1 | an objection with specificity are routinely rejected in the Central District.  See <u>A.</u>
2 | <u>Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
3 | or boilerplate objections such as 'overly burdensome and harassing' are improper –
4 | especially when a party fails to submit any evidentiary declarations supporting such
5 | objections"). Accordingly, Mattel must be compelled either to certify that it has
6 | produced all non–privileged responsive documents or to produce all such documents
7 | by a date certain.

8 |        To the extent that Mattel is relying on its blanket objections, they are
9 | not sustainable and do not justify Mattel's failure to produce documents.

10 |        As to overbreadth, Mattel provides no explanation, let alone the
11 | required particularity, as to why this request is supposedly overly broad, nor can it
12 | do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
13 | 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
14 | contrary, the request is narrowly tailored to seek documents specifically relating to
15 | the threat of "BRATZ" to Mattel and "MY SCENE." The request is also tailored to
16 | specific individuals, and it is limited in time.

17 |        As to burden, Mattel has not attempted to demonstrate why responding
18 | to this request and/or producing responsive documents presents any burden. This
19 | objection must therefore be rejected.  See <u>Jackson v. Montgomery Ward & Co., Inc.,</u>
20 | 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
21 | request is unduly burdensome must allege specific facts which indicate the nature
22 | and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
23 | it is not unduly burdensome, as noted above, in that the request is narrowly tailored
24 | to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
25 | broad variety of unfair trade practices including serial copying of MGA products
26 | and trade dress infringement. MGA is entitled to discovery on these claims.

27 |

28 |

1 | This request does not seek documents protected by the attorney–client
2 | privilege, the attorney work product doctrine, or other applicable privileges. To the
3 | extent that Mattel contends that it does, Mattel must provide a privilege log.

4 | Mattel objects on the basis of relevance. Mattel cannot legitimately
5 | contend that whether `BRATZ" was viewed as a threat is not at issue in Phase 2 of
6 | these consolidated proceedings. Documents relating to `BRATZ" as a threat are
7 | likely to lead to admissible evidence supporting or refuting MGA's trade dress
8 | claim, MGA's unfair competition claim, Mattel's trade secret misappropriation
9 | claim, and both parties' damages claims.

10 | None of Mattel's improper objections are valid and Mattel is obligated
11 | to produce all non–privileged responsive documents in its possession.

12 | **MATTEL'S RESPONSE**

13 | As MGA would have learned had it bothered to meet and confer on
14 | these issues, Mattel has already produced all relevant non-privileged documents
15 | responsive to this Request. MGA objects to Mattel's limitation that it will produce
16 | documents related to "the MY SCENE products that are at issue," but it provides no
17 | argument as to why this limitation is inappropriate. MGA has not provided any
18 | basis for asserting that this production is incomplete. MGA's motion to compel
19 | responses to this Request should therefore be denied as moot.

20 | MGA argues that Mattel seeks unilaterally to impose limits on the
21 | electronic discovery sources that it must search and from which it must collect
22 | documents. After exhaustive briefing in January through March 2008, the
23 | Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
24 | searches. In January 2008, MGA moved for a "certification"[212] that Mattel had

25 |

26 | [212] The prior Discovery Master has noted that such "certifications" are
27 | improper. See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25
   | ("THE COURT: You don't have to address that [the certification issue]. As far as
28 | (footnote continued)

1  produced "all non-privileged email responsive to MGA's and Bryant's document

2  requests."[213]  Because that Motion pre-dated the stay of Phase 2 discovery, it was

3  *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's

4  arguments, the Discovery Master noted the exhaustive search methods Mattel had

5  undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

6  date for electronic information are adequate to discharge its obligation under Rule

7  34."[214]

8          MGA ignores these prior rulings entirely, and demands again that

9  Mattel search *all* data sources in its possession, custody or control for responsive

10 information in connection with its requests for production.  It also ignores the recent

11 ruling of the current Discovery Master that MGA's requests calling for documents

12 that could be found anywhere on Mattel's thousands of servers or individual

13 employee computers worldwide are unduly burdensome.  See Phase 2 Discovery

14 Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (██████

15 ████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████

17 ████████████████████████████████████████████████

18 ██████████████████████████████  Mattel has fully responded to MGA's

19 request, and further searches should not be ordered.

20          Despite Mattel's agreement to produce documents, MGA nevertheless

21 seeks to overrule all of Mattel's objections.  This would be inappropriate.  For

22

23 I'm concerned, there is no good cause or basis or authorized rule in the Federal

24 Rules of Civil Procedure that support such an order, so I'm going to deny that aspect

25 of the motion.").

26 [213]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart
   Decl., Exh. 16.

27 [214]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
   Dart Decl., Exh. 16.

28

1 | example, there is no basis for overruling Mattel's privilege objection. MGA's bald

2 | assertion that "this request does not seek information protected by the attorney-client

3 | privilege, the attorney work product doctrine, or other applicable privileges" has no

4 | merit. Documents discussing BRATZ could very well be subject to a claim of

5 | privilege or work product protection. Moreover, as MGA has itself argued, the

6 | parties have agreed that "all privileged documents would be logged except for

7 | documents created after this action was filed on April 27, 2004."[215]  Thus, to the

8 | extent privileged documents fall within the post lawsuit time period, they need not

9 | be included on Mattel's log.

10 | Similarly, MGA attempts to overrule Mattel's burden objection though

11 | it provides no argument on the issue. Yet, as MGA knows, the Discovery Master

12 | has already placed limits on the searches Mattel must make in producing documents,

13 | and this objection is only meant to invoke those issues that have already been

14 | settled. See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at

15 | 6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,

16 | holding that Mattel has produced all relevant emails and does not need to consult

17 | back-up tapes to complete its production). MGA should not be permitted to

18 | circumvent prior Orders by seeking to overrule Mattel's objections here.

19 | Finally, MGA failed to meet and confer at all, much less in good faith,

20 | regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

21 | Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing

22 | any discovery motion, the moving party shall first identify each dispute, state the

23 | relief sought and identify the authority supporting the requested relief in a meet and

24 | confer letter that shall be served on all parties by facsimile or electronic mail. The

25 |

26 | [215]   See Order Denying Mattel's Motion for Protective Order Limiting the

27 | Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28 |

1  parties shall have five court days from the date of service of that letter to conduct an
2  in-person conference to attempt to resolve the dispute."). At no point during the
3  meet and confer process did the parties discuss this Request or Mattel's response to
4  it. In order to engage in a meaningful meet and confer, MGA had the burden to
5  show the relevance of any requests it sought to move on.[216]  Because MGA refused
6  to even attempt to make this showing, there was no possibility of a good faith meet
7  and confer to resolve the parties' disputes. The Discovery Master should deny
8  MGA's motion with respect to this Request on that grounds alone.

9  **REQUEST FOR PRODUCTION NO. 433:**

10        All DOCUMENTS REFERRING OR RELATING TO any effort,
11  attempt, campaign or COMMUNICATION intended to create any press, publicity or
12  public relations about MGA, `BRATZ" or any other MGA product known to YOU,
13  LARIAN, BRYANT, TREANTAFELLES or any other person known to YOU to
14  work for or with, or to have worked for or with, MGA.

15  **RESPONSE TO REQUEST NO. 433:**

16        In addition to the general objections stated above which are
17  incorporated herein by reference, Mattel objects to this Request on the grounds that
18  it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all
19  documents on this subject without limitation as to time, and regardless of whether
20  such documents relate to products or matters at issue in this case. Mattel further
21  object on the grounds that this Request is an attempt to circumvent the Discovery
22  Master's May 22, 2007 order determining that the requested documents are
23  irrelevant and/or that such requests are improper. Mattel further objects to the

24

25        [216]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
     (S.D. Cal. May 14, 2009).
28

1   Request on the grounds that it seeks documents that are not relevant to this action or
2   likely to lead to the discovery of admissible evidence. Mattel further objects to this
3   Request on the grounds that it seeks confidential, proprietary and trade secret
4   information, including such information that has no bearing on the claims or
5   defenses in this case. Mattel further objects to this Request on the grounds that it
6   calls for the disclosure of information subject to the attorney–client privilege, the
7   attorney work–product doctrine and other applicable privileges.
8   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9   **TO SHOULD BE COMPELLED**
10          Mattel has not agreed to produce documents in response to this request,
11  on the basis of its improper boilerplate objections. Mattel has refused to confirm
12  whether or not it has produced all non–privileged responsive documents or whether
13  it is withholding documents based on its objections in Phase 2. Under the Federal
14  Rules of Civil Procedure, "an objection to part of a request must specify the part and
15  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that
16  fail to explain the basis for an objection with specificity are routinely rejected in the
17  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
18  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
19  harassing' are improper – especially when a party fails to submit any evidentiary
20  declarations supporting such objections"). Accordingly, Mattel must be compelled
21  either to certify that it has produced all non–privileged responsive documents or to
22  produce all such documents by a date certain.
23          To the extent that Mattel is relying on its blanket objections, they are
24  not sustainable and do not justify Mattel's failure to produce documents.
25          As to overbreadth, Mattel provides no explanation, let alone the
26  required particularity, as to why this request is supposedly overly broad, nor can it
27  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
28  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

00505.07975/3161807.1

1  contrary, the request is narrowly tailored to seek documents concerning Mattel's
2  efforts to create any press or publicity about MGA, "BRATZ," MGA products, or
3  officers or employees or MGA.

4          As to burden, Mattel has not attempted to demonstrate why responding
5  to this request and/or producing responsive documents presents any burden. This
6  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>,
7  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
8  request is unduly burdensome must allege specific facts which indicate the nature
9  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
10  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
11  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
12  broad variety of unfair trade practices from serial copying of MGA products to
13  intimidating industry groups in order to prevent MGA from fairly competing. MGA
14  is entitled to discovery on these claims.

15          This request does not seek documents protected by the attorney–client
16  privilege, the attorney work product doctrine, or other applicable privileges. To the
17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18          Mattel objects that the request contains confidential, proprietary and
19  trade secret information. A Protective Order exists in this case, obviating any
20  concern as to protection of privacy rights and/or commercially sensitive
21  information.

22          Mattel's objection that this request is an attempt to circumvent the
23  Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to
24  this request, which is much narrower than those considered irrelevant and/or
25  improper by the court. This request is narrowly tailored to documents concerning
26  Mattel's efforts to create any press or publicity about MGA, BRATZ, MGA
27  products, or officers or employees or MGA.

28

1         As for relevancy, Mattel has not attempted to demonstrate why the

2   information sought in response to this request is not discoverable in phase 2. On the

3   contrary, MGA has filed a claim that Mattel engaged in a broad variety of unfair

4   trade practices including serial copying and intimidating industry groups in order to

5   prevent MGA from fairly competing. Documents related to Mattel's efforts or

6   attempts to create any press or publicity about MGA, "BRATZ," MGA products, or

7   officers or employees or MGA, are highly relevant to MGA's claims and defenses,

8   including its unfair competition claims, and are discoverable in phase 2.

9         None of Mattel's improper objections are valid and Mattel is obligated

10  to produce all non–privileged responsive documents in its possession.

11  **MATTEL'S RESPONSE**

12        Mattel objects to this poorly-drafted request on the ground that it is

13  vague, ambiguous, and indecipherable.  MGA requests "All DOCUMENTS

14  REFERRING OR RELATING TO any effort, attempt, campaign or

15  COMMUNICATION intended to create any press, publicity or public relations

16  about MGA, `BRATZ" or any other MGA product known to YOU, LARIAN,

17  BRYANT, TREANTAFELLES or any other person known to YOU to work for or

18  with, or to have worked for or with, MGA."  The meaning of this prolix, compound

19  request is entirely unclear.  What constitutes an "effort, attempt, [or] campaign" is

20  far from certain.  By its terms, MGA does not even limit its request to efforts,

21  attempts, campaigns or communications by Mattel.  MGA requests that Mattel

22  somehow judge whether these actions were "intended" to create publicity.  MGA

23  also requests that Mattel ascertain what was "known to [] Larian, Bryant,

24  Treantafelles," or any other person who worked for MGA.  Mattel objects to this

25  request on the ground such a wholly confusing request cannot possibly guide a

26  reasonable document search.

27        Mattel also objects to this overly broad request on the ground that it is

28  MGA's request is similar to one rejected by the Discovery Master in the May 22,

1 | 2007 Order.  The Discovery Master held that similar requests requiring production
2 | of "documents referring or relating to communications between Mattel and any
3 | public relations firms, members of the press, current or former MGA employees, or
4 | former Mattel employees, relating to MGA, Larian, Bratz, or other MGA products"
5 | were "grossly overbroad."[217]  This request is similarly overbroad.  This improper
6 | attempt by MGA to circumvent the Discovery Master's May 22, 2007 Order should
7 | be rejected.

8 |        Mattel further objects on the ground that this request calls for
9 | information within MGA's possession, custody or control.  MGA requests
10 | documents "known to [] LARIAN, BRYANT, TREANTAFELLES or any other
11 | person known …to have worked for or with, MGA."  MGA gives no reason why
12 | Mattel would have information regarding the knowledge of *MGA employees*.

13 |        Finally, MGA failed to meet and confer at all, much less in good faith,
14 | regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
15 | Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing
16 | any discovery motion, the moving party shall first identify each dispute, state the
17 | relief sought and identify the authority supporting the requested relief in a meet and
18 | confer letter that shall be served on all parties by facsimile or electronic mail. The
19 | parties shall have five court days from the date of service of that letter to conduct an
20 | in-person conference to attempt to resolve the dispute.").  At no point during the
21 | meet and confer process did the parties discuss this Request or Mattel's response to
22 | it.  In order to engage in a meaningful meet and confer, MGA had the burden to
23 | show the relevance of any requests it sought to move on.[218]  Because MGA refused

24 |

25 | [217]  See May 22, 2007 Order Granting in Part and Denying in Part MGA's
26 | Motion to Compel at 16-17, Dart Decl., Exh. 5.
27 | [218]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
     Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
28 |      (footnote continued)

1  to even attempt to make this showing, there was no possibility of a good faith meet

2  and confer to resolve the parties' disputes.  The Discovery Master should deny

3  MGA's motion with respect to this Request on that grounds alone.

4          Other than those documents that it has produced pursuant to other

5  requests, Mattel will not produce documents responsive to this request.

6  **REQUEST FOR PRODUCTION NO. 434:**

7          All DOCUMENTS regarding any MARKET RESEARCH regarding

8  MGA, "BRATZ" or any other MGA product known to YOU, that has been funded

9  or commissioned (indirectly or directly, in whole or in part) by YOU.

10  **RESPONSE TO REQUEST NO. 434:**

11          In addition to the general objections stated above which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it is overbroad and unduly burdensome, including in that it seeks all documents on

14  this subject without limitation as to time, and regardless of whether such documents

15  relate to products or matters at issue in this case. Mattel further object on the

16  grounds that this Request is an attempt to circumvent the Discovery Master's

17  May 22, 2007 order determining that the requested documents are irrelevant and/or

18  that such requests are improper. Mattel further objects to the Request on the grounds

19  that it seeks documents that are not relevant to this action or likely to lead to the

20  discovery of admissible evidence. Mattel further objects to this Request on the

21  grounds that it seeks confidential, proprietary and trade secret information, including

22  such information that has no bearing on the claims or defenses in this case. Mattel

23  further objects to this Request on the grounds that it calls for the disclosure of

24  information subject to the attorney–client privilege, the attorney work–product

25  doctrine and other applicable privileges.

26  ──────────────

27  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1

28      (footnote continued)

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non–privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non–privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the contrary, the request is narrowly tailored to documents regarding one specific topic, namely market research of MGA, "BRATZ" or MGA products funded or commissioned by Mattel.

(S.D. Cal. May 14, 2009).

1  As to burden, Mattel has not attempted to demonstrate why responding
2  to this request and/or producing responsive documents presents any burden. This
3  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
4  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
5  request is unduly burdensome must allege specific facts which indicate the nature
6  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
7  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
8  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
9  broad variety of unfair trade practices including serial copying of MGA products
10  and trade dress infringement. MGA is entitled to discovery on these claims.

11  This request does not seek documents protected by the attorney–client
12  privilege, the attorney work product doctrine, or other applicable privileges. To the
13  extent that Mattel contends that it does, Mattel must provide a privilege log.

14  Mattel objects that the request contains confidential, proprietary and
15  trade secret information. A Protective Order exists in this case, obviating any
16  concern as to protection of privacy rights and/or commercially sensitive
17  information.

18  Mattel's objection that this request is an attempt to circumvent the
19  Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to
20  this request, which is much narrower than those considered irrelevant and/or
21  improper by the court. This request is narrowly tailored to documents regarding one
22  specific topic, namely market research of MGA, BRATZ or MGA products funded
23  or commissioned by Mattel.

24  As for relevancy, Mattel has not attempted to demonstrate why the
25  information sought in response to this request is not discoverable in Phase 2. On the
26  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
27  product lines, including the BRATZ product line, packaging, themes, accessories,
28  and advertising. Documents related to market research of MGA, BRATZ or other

1  MGA products funded or commissioned by Mattel are highly relevant to MGA's
2  claims and are discoverable in Phase 2.

3       None of Mattel's improper objections are valid and Mattel is obligated
4  to produce all non–privileged responsive documents in its possession.

5  **MATTEL'S RESPONSE**

6       Mattel objects to this request on the ground that it is similar to one
7  rejected by the Discovery Master in the May 22, 2007 Order.  MGA requests "all
8  DOCUMENTS regarding any MARKET RESEARCH regarding MGA, 'BRATZ' or
9  any other MGA product known to YOU, that has been funded or commissioned
10 (*indirectly or directly, in whole or in part*) by YOU."  MGA's request for research
11 that is *indirectly*  funded by, or only *partially* funded by,  Mattel encompasses a very
12 broad search for  market research mentioning Bratz or any other MGA product.  The
13 Discovery Master previously held that requests requiring production of "documents
14 referring or relating to communications between Mattel and any public relations
15 firms, members of the press, current or former MGA employees, or former Mattel
16 employees, relating to MGA, Larian, Bratz, or other MGA products" were "grossly
17 overbroad."[219]  This request is similarly overbroad.  This improper attempt by MGA
18 to circumvent the Discovery Master's May 22, 2007 Order should be rejected.

19      Mattel also objects to this request because it is overly broad and seeks
20 information irrelevant to the claims and defenses in this case.  Under Rule 26(b)(1),
21 the moving party—here, MGA—bears the initial burden of establishing relevance.
22 However, MGA baldly asserts that its request for market research mentioning Bratz
23 or other MGA products is relevant to claims that "Mattel has engaged in serial
24 copying of MGA's product lines" without explaining *why* it is relevant to such

25

26

27 [219]  See May 22, 2007 Order Granting in Part and Denying in Part MGA's
   Motion to Compel at 16-17, Dart Decl., Exh. 5.

28

1  claims.  Because MGA has failed to show that its request is relevant and tailored to

2  a claim or defense,  Mattel's objection should be upheld.

3          Finally, MGA failed to meet and confer at all, much less in good faith,

4  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

5  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing

6  any discovery motion, the moving party shall first identify each dispute, state the

7  relief sought and identify the authority supporting the requested relief in a meet and

8  confer letter that shall be served on all parties by facsimile or electronic mail. The

9  parties shall have five court days from the date of service of that letter to conduct an

10 in-person conference to attempt to resolve the dispute.").  At no point during the

11 meet and confer process did the parties discuss this Request or Mattel's response to

12 it.  In order to engage in a meaningful meet and confer, MGA had the burden to

13 show the relevance of any requests it sought to move on.[220]   Because MGA refused

14 to even attempt to make this showing, there was no possibility of a good faith meet

15 and confer to resolve the parties' disputes.  The Discovery Master should deny

16 MGA's motion with respect to this Request on that grounds alone.

17          Other than those documents that it has produced pursuant to other

18 requests, Mattel will not produce documents responsive to this request.

19 **REQUEST FOR PRODUCTION NO. 435:**

20          All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

21 RELATING TO such COMMUNICATIONS, with BANK OF AMERICA

22 regarding MGA, LARIAN, "BRATZ" or any other MGA product known to YOU.

23

24

_____

25  [220]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26 Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   (S.D. Cal. May 14, 2009).

28

1 **RESPONSE TO REQUEST NO. 435:**

2          In addition to the general objections stated above which are

3 incorporated herein by reference, Mattel objects to this Request on the grounds that

4 it is overbroad and unduly burdensome, including in that it seeks all documents on

5 this subject without limitation as to time, and regardless of whether such documents

6 relate to products or matters at issue in this case. Mattel further object on the

7 grounds that this Request is an attempt to circumvent the Discovery Master's

8 May 22, 2007 order determining that the requested documents are irrelevant and/or

9 that such requests are improper. Mattel further objects to the Request on the grounds

10 that it seeks documents that are not relevant to this action or likely to lead to the

11 discovery of admissible evidence. Mattel further objects to this Request on the

12 grounds that it seeks confidential, proprietary and trade secret information, including

13 such information that has no bearing on the claims or defenses in this case. Mattel

14 further objects to this Request on the grounds that it calls for the disclosure of

15 information subject to the attorney–client privilege, the attorney work–product

16 doctrine and other applicable privileges.

17 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

18 **TO SHOULD BE COMPELLED**

19          Mattel has not agreed to produce documents in response to this request,

20 based on its improper boilerplate objections. Under the Federal Rules of Civil

21 Procedure, "an objection to part of a request must specify the part and permit

22 inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to

23 explain the basis for an objection with specificity are routinely rejected in the

24 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

25 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

26 harassing' are improper – especially when a party fails to submit any evidentiary

27 declarations supporting such objections"). Accordingly, Mattel must be compelled

28

1  either to certify that it has produced all non–privileged responsive documents or to

2  produce all such documents by a date certain.

3          To the extent that Mattel is relying on its blanket objections, they are

4  not sustainable and do not justify Mattel's failure to produce documents.

5          As to overbreadth, Mattel provides no explanation, let alone the

6  required particularity, as to why this request is supposedly overly broad, nor can it

7  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

8  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

9  contrary, the request is narrowly tailored to seek documents concerning

10 communications with Bank of America regarding MGA, MGA products, LARIAN,

11 or "BRATZ," as these conversations are directly relevant to MGA's claim that

12 Mattel pressured Bank of America to make MGA's partial acquisition of ZAPF

13 Creation AG unduly burdensome, as set forth in MGA's Second Affirmative

14 Defense.

15         As to burden, Mattel has not attempted to demonstrate why responding

16 to this request and/or producing responsive documents presents any burden. This

17 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

18 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

19 request is unduly burdensome must allege specific facts which indicate the nature

20 and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

21 it is not unduly burdensome, as noted above, in that the request is narrowly tailored

22 to seek only discoverable evidence. MGA has alleged that Mattel has engaged in

23 wrongful acts such as causing Bank of America to make MGA's partial acquisition

24 of ZAPF Creation AG. MGA is entitled to discovery on these claims.

25         Mattel's objection that this request is an attempt to circumvent the

26 Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to

27 this request, which is much narrower than those considered irrelevant and/or

28

1   improper by the court. This request is narrowly tailored to communications with a
2   specific entity, Bank of America, regarding specific relevant topics.

3          Mattel objects that the request contains confidential, proprietary and
4   trade secret information. A Protective Order exists in this case, obviating any
5   concern as to protection of privacy rights and/or commercially sensitive
6   information.

7          This request does not seek documents protected by the attorney–client
8   privilege, the attorney work product doctrine, or other applicable privileges. To the
9   extent that Mattel contends that it does, Mattel must provide a privilege log.

10          None of Mattel's improper objections are valid and Mattel is obligated
11  to produce all non–privileged responsive documents in its possession.

12  **MATTEL'S RESPONSE**

13          Mattel's relevance objection should be sustained.  MGA bears the
14  burden of showing that its discovery meets the relevance requirements of Rule
15  26(b)(1).[221]  MGA has failed to make this showing.  MGA argues that the request is
16  relevant to its unclean hands affirmative defense.  MGA alleges that "Mattel
17  pressured Bank of America to make MGA's partial acquisition of ZAPF Creation
18  AG unduly burdensome."  However, as the Discovery Master has recognized,
19  "unclean hands does not constitute 'misconduct in the abstract, unrelated to the claim
20  to which it is asserted as a defense.'"[222]  Jarrow Formulas, Inc. v. Nutrition Now,
21  Inc., 304 F.3d 829, 841 (9th Cir. 2002). "It is fundamental to [the] operation of the
22  doctrine that the alleged misconduct … relate directly to the transaction concerning

23  ─────────────

24  [221]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
    Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
25  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).

26  [222]  See Discovery Matter Order No. 3, dated March 10, 2009 at 23, Dart Decl.,
27  Exh. 7.

28

1 | which the complaint is made." <u>Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.</u>, 13 F.2d
2 | 165, 173 (9th Cir. 1989).  Accordingly, courts will not allow discovery based on an
3 | unclean hands defense where the "allegations of misconduct do not relate to the
4 | transactions … forming the basis for the complaint." <u>Gen-Probe, Inc. v. Amoco</u>
5 | <u>Corp.</u>, 926 F. Supp. 948, 952 (S.D. Cal. 1996).  Here, MGA does not even attempt
6 | to link the alleged wrongdoing to any of Mattel's claims in Phase 2, and therefore
7 | the discovery is not relevant.

8 |       MGA's conclusory arguments also ignore that the Request is facially
9 | overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of
10 | Civil Procedure do not permit MGA to use broad discovery requests untethered to
11 | any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion
12 | for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.
13 | <u>See also</u> Fed.R.Civ.P. 26(b)(1);  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th
14 | Cir. 2004) ("District courts need not condone the use of discovery to engage in
15 | 'fishing expeditions.'").

16 |       MGA argues that its request is relevant to show Mattel communicated
17 | with and applied pressure toBank of America to make MGA's partial acquisition of
18 | ZAPF Creation AG unduly burdensome.  However, MGA's request is not tailored to
19 | seeking information related to these facts, and therefore is overbroad.  In particular,
20 | MGA seeks ***all documents*** referring to communications with Bank of America
21 | regarding MGA, irrespective of whether those communications took place near the
22 | time MGA acquired ZAPF.  Because MGA's request is unlimited in temporal scope,
23 | it is overbroad.

24 |       Finally, MGA failed to meet and confer at all, much less in good faith,
25 | regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master
26 | Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing
27 | any discovery motion, the moving party shall first identify each dispute, state the
28 | relief sought and identify the authority supporting the requested relief in a meet and

00505.07975/3161807.1

-270-

1  confer letter that shall be served on all parties by facsimile or electronic mail. The

2  parties shall have five court days from the date of service of that letter to conduct an

3  in-person conference to attempt to resolve the dispute."). At no point during the

4  meet and confer process did the parties discuss this Request or Mattel's response to

5  it. In order to engage in a meaningful meet and confer, MGA had the burden to

6  show the relevance of any requests it sought to move on.[223]   Because MGA refused

7  to even attempt to make this showing, there was no possibility of a good faith meet

8  and confer to resolve the parties' disputes. The Discovery Master should deny

9  MGA's motion with respect to this Request on that grounds alone.

10      Other than those documents that it has produced pursuant to other

11  requests, Mattel will not produce documents responsive to this request.

12  **REQUEST FOR PRODUCTION NO. 437:**

13      All DOCUMENTS REFERRING OR RELATING TO MGA's

14  acquisition of or investment in ZAPF.

15  **RESPONSE TO REQUEST NO. 437:**

16      In addition to the general objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it is overbroad and unduly burdensome, including in that it seeks all documents on

19  this subject without limitation as to time, and regardless of whether such documents

20  relate to products or matters at issue in this case. Mattel further object on the

21  grounds that this Request is an attempt to circumvent the Discovery Master's

22  May 22, 2007 order determining that the requested documents are irrelevant and/or

23  that such requests are improper. Mattel further objects to the Request on the grounds

24

25  [223]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).
28

1    that it seeks documents that are not relevant to this action or likely to lead to the

2    discovery of admissible evidence. Mattel further objects to this Request on the

3    grounds that it seeks confidential, proprietary and trade secret information, including

4    such information that has no bearing on the claims or defenses in this case. Mattel

5    further objects to this Request on the grounds that it calls for the disclosure of

6    information subject to the attorney–client privilege, the attorney work–product

7    doctrine and other applicable privileges.

8    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

9    **TO SHOULD BE COMPELLED**

10            Mattel has not agreed to produce documents in response to this request,

11   subject to its improper boilerplate objections. Mattel has refused to confirm whether

12   or not it has produced all non–privileged responsive documents or whether it is

13   withholding documents based on its objections in Phase 2. Under the Federal Rules

14   of Civil Procedure, "an objection to part of a request must specify the part and

15   permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

16   fail to explain the basis for an objection with specificity are routinely rejected in the

17   Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

18   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

19   harassing' are improper – especially when a party fails to submit any evidentiary

20   declarations supporting such objections"). Accordingly, Mattel must be compelled

21   either to certify that it has produced all non–privileged responsive documents or to

22   produce all such documents by a date certain.

23            To the extent that Mattel is relying on its blanket objections, they are

24   not sustainable and do not justify Mattel's failure to produce documents.

25            As to overbreadth, Mattel provides no explanation, let alone the

26   required particularity, as to why this request is supposedly overly broad, nor can it

27   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

28   20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

1  contrary, the request is narrowly tailored to seek documents concerning MGA's
2  acquisition of or investment in ZAPF, as these documents are directly relevant to
3  MGA's claim that Mattel interfered with MGA's efforts to acquire or invest in
4  ZAPF Creation AG, as set forth, for example, in MGA's Second Affirmative
5  Defense.

6       As to burden, Mattel has not attempted to demonstrate why responding
7  to this request and/or producing responsive documents presents any burden. This
8  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
9  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
10  request is unduly burdensome must allege specific facts which indicate the nature
11  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
12  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
13  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in
14  wrongful acts, such as interfering with MGA's efforts to acquire or invest in ZAPF
15  Creation AG. MGA is entitled to discovery on these claims and defenses.

16       Mattel's objection that this Request is an attempt to circumvent the
17  Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to
18  this Request, which is much narrower than those considered irrelevant and/or
19  improper by the court. This request is narrowly tailored to documents related to a
20  specific topic, MGA's acquisition of or investment in ZAPF, which is directly
21  relevant to MGA's claims and Second Affirmative Defense that Mattel interfered
22  with this acquisition.

23       Mattel objects that the request contains confidential, proprietary and
24  trade secret information. A Protective Order exists in this case, obviating any
25  concern as to protection of privacy rights and/or commercially sensitive
26  information.

27
28

-273-

1           This request does not seek documents protected by the attorney–client

2   privilege, the attorney work product doctrine, or other applicable privileges. To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4           None of Mattel's improper objections are valid and Mattel is obligated

5   to produce all non–privileged responsive documents in its possession.

6   **MATTEL'S RESPONSE**

7           Mattel's relevance objection should be sustained.  MGA bears the

8   burden of showing that its discovery meets the relevance requirements of Rule

9   26(b)(1).[224]  MGA has failed to make this showing.  MGA argues that the discovery

10  request is relevant to MGA's unclean hands affirmative defense.  MGA alleges that

11  Mattel pressured Bank of America to make MGA's partial acquisition of ZAPF

12  Creation AG unduly burdensome.  However, as the Discovery Master has

13  recognized, "unclean hands does not constitute 'misconduct in the abstract, unrelated

14  to the claim to which it is asserted as a defense.'"[225]  Jarrow Formulas, Inc. v.

15  Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002).  "It is fundamental to [the]

16  operation of the doctrine that the alleged misconduct … relate directly to the

17  transaction concerning which the complaint is made."  Dollar Sys., Inc. v. Avcar

18  Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir. 1989).  Accordingly, courts will not

19  allow discovery based on an unclean hands defense where the "allegations of

20  misconduct do not relate to the transactions … forming the basis for the complaint."

21  Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 952 (S.D. Cal. 1996).  Here,

22

23  _____

24  [224]   July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order
    No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial burden

25  of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D.
    Cal. May 14, 2009).

26
    [225]   See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl.,

27  Exh. 7.

28

00505.07975/3161807.1

1  MGA does not even attempt to link the alleged misconduct to any of Mattel's claims

2  in Phase 2, and therefore the discovery is not relevant.

3          MGA's conclusory arguments also ignore that the Request is facially

4  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of

5  Civil Procedure do not permit MGA to use broad discovery requests untethered to

6  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion

7  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

8  See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

9  Cir. 2004) ("District courts need not condone the use of discovery to engage in

10  'fishing expeditions.'").

11          MGA argues that its request is relevant to show Mattel communicated

12  with and applied pressure to Bank of America to make MGA's partial acquisition of

13  ZAPF Creation AG unduly burdensome.  Instead of seeking documents pertaining to

14  alleged communications with Bank of America near the time of the transaction,

15  however, MGA seeks *all documents* referring to MGA and ZAPF. Because MGA's

16  request is not tailored to seeking information it claims is relevant, it is overbroad.

17      Finally, MGA failed to meet and confer at all, much less in good faith,

18  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

19  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing

20  any discovery motion, the moving party shall first identify each dispute, state the

21  relief sought and identify the authority supporting the requested relief in a meet and

22  confer letter that shall be served on all parties by facsimile or electronic mail. The

23  parties shall have five court days from the date of service of that letter to conduct an

24  in-person conference to attempt to resolve the dispute.").  At no point during the

25  meet and confer process did the parties discuss this Request or Mattel's response to

26  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

27

28

00505.07975/3161807.1

-275-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FOUR)

1  show the relevance of any requests it sought to move on.[226]   Because MGA refused

2  to even attempt to make this showing, there was no possibility of a good faith meet

3  and confer to resolve the parties' disputes.  The Discovery Master should deny

4  MGA's motion with respect to this Request on that grounds alone.

5         Other than those documents that it has produced pursuant to other

6  requests, Mattel will not produce documents responsive to this request.

7  **REQUEST FOR PRODUCTION NO. 438:**

8         All DOCUMENTS REFERRING OR RELATING TO YOUR plans,

9  attempts, efforts or intent to interfere with MGA's acquisition of or investment in

10  ZAPF.

11  **RESPONSE TO REQUEST NO. 438:**

12         In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad and unduly burdensome, including in that it seeks all documents on

15  this subject without limitation as to time, and regardless of whether such documents

16  relate to products or matters at issue in this case. Mattel further object on the

17  grounds that this Request is an attempt to circumvent the Discovery Master's

18  May 22, 2007 order determining that the requested documents are irrelevant and/or

19  that such requests are improper. Mattel further objects to the Request on the grounds

20  that it seeks documents that are not relevant to this action or likely to lead to the

21  discovery of admissible evidence. Mattel further objects to this Request on the

22  grounds that it seeks confidential, proprietary and trade secret information, including

23  such information that has no bearing on the claims or defenses in this case. Mattel

24

25  [226]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1   further objects to this Request on the grounds that it calls for the disclosure of
2   information subject to the attorney–client privilege, the attorney work–product
3   doctrine and other applicable privileges.

4   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
5   **TO SHOULD BE COMPELLED**

6          Mattel has not agreed to produce documents in response to this request,
7   based on its improper boilerplate objections. Under the Federal Rules of Civil
8   Procedure, "an objection to part of a request must specify the part and permit
9   inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to
10  explain the basis for an objection with specificity are routinely rejected in the
11  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
12  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
13  harassing' are improper – especially when a party fails to submit any evidentiary
14  declarations supporting such objections"). Accordingly, Mattel must be compelled
15  either to certify that it has produced all non–privileged responsive documents or to
16  produce all such documents by a date certain.

17          To the extent that Mattel is relying on its blanket objections, they are
18  not sustainable and do not justify Mattel's failure to produce documents.

19          As to overbreadth, Mattel provides no explanation, let alone the
20  required particularity, as to why this request is supposedly overly broad, nor can it
21  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
22  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
23  contrary, the request is narrowly tailored to seek documents concerning Mattel's
24  plans, attempts, efforts or intent to interfere with MGA's acquisition of or
25  investment in ZAPF, as these documents are directly relevant to MGA's claim that
26  Mattel interfered with MGA's efforts to acquire or invest in ZAPF Creation AG, as
27  set forth, for example, in MGA's Second Affirmative Defense.

28

1    As to burden, Mattel has not attempted to demonstrate why responding
2    to this request and/or producing responsive documents presents any burden. This
3    objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
4    173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
5    request is unduly burdensome must allege specific facts which indicate the nature
6    and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
7    it is not unduly burdensome, as noted above, in that the request is narrowly tailored
8    to seek only discoverable evidence. MGA has alleged that Mattel has engaged in
9    wrongful acts, such as interfering with MGA's efforts to acquire or invest in ZAPF
10   Creation AG. MGA is entitled to discovery on these claims.

11   Mattel's objection that this Request is an attempt to circumvent the
12   Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to
13   this Request, which is much narrower than those considered irrelevant and/or
14   improper by the court. This request is narrowly tailored to documents related to a
15   specific topic, namely Mattel's plans, attempts and efforts to interfere with MGA's
16   acquisition of or investment in ZAPF, which is directly relevant to MGA's claims
17   and Second Affirmative Defense that Mattel interfered with this acquisition.

18   Mattel objects that the request contains confidential, proprietary and
19   trade secret information. A Protective Order exists in this case, obviating any
20   concern as to protection of privacy rights and/or commercially sensitive
21   information.

22   This request does not seek documents protected by the attorney–client
23   privilege, the attorney work product doctrine, or other applicable privileges. To the
24   extent that Mattel contends that it does, Mattel must provide a privilege log. None of
25   Mattel's improper objections are valid and Mattel is obligated to produce all non–
26   privileged responsive documents in its possession.

27
28

-278-
MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET FOUR)

1  **MATTEL'S RESPONSE**

2          Mattel's relevance objection should be sustained.  MGA bears the

3  burden of showing that its discovery meets the relevance requirements of Rule

4  26(b)(1).[227]  MGA has failed to make this showing.  MGA argues that the request is

5  relevant to its unclean hands affirmative defense.  MGA alleges that "Mattel

6  pressured Bank of America to make MGA's partial acquisition of ZAPF Creation

7  AG unduly burdensome."  However, as the Discovery Master has recognized,

8  "unclean hands does not constitute 'misconduct in the abstract, unrelated to the claim

9  to which it is asserted as a defense.'"[228]  Jarrow Formulas, Inc. v. Nutrition Now,

10  Inc., 304 F.3d 829, 841 (9th Cir. 2002).  "It is fundamental to [the] operation of the

11  doctrine that the alleged misconduct ... relate directly to the transaction concerning

12  which the complaint is made."  Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d

13  165, 173 (9th Cir. 1989).  Accordingly, courts will not allow discovery based on an

14  unclean hands defense where the "allegations of misconduct do not relate to the

15  transactions ... forming the basis for the complaint."  Gen-Probe, Inc. v. Amoco

16  Corp., 926 F. Supp. 948, 952 (S.D. Cal. 1996).  Here, MGA does not even attempt

17  to link the alleged wrongdoing to any of Mattel's claims in Phase 2, and therefore

18  the discovery is not relevant.

19          MGA's conclusory arguments also ignore that the Request is facially

20  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of

21  Civil Procedure do not permit MGA to use broad discovery requests untethered to

22  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion

23  _____

24  [227]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
       Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
25     burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
       (S.D. Cal. May 14, 2009).
26
       [228]   See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl.,
27     Exh. 7.

28

00505.07975/3 161807.1

1    for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

2    See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

3    Cir. 2004) ("District courts need not condone the use of discovery to engage in

4    'fishing expeditions.'").

5          MGA argues that its request is relevant to show Mattel communicated

6    with and applied pressure toBank of America to make MGA's partial acquisition of

7    ZAPF Creation AG unduly burdensome.  However, MGA's request is not tailored to

8    seeking information related to these facts, and therefore is overbroad.  In particular,

9    MGA seeks *all documents* referring to alleged plans to interfere with MGA's

10    acquisition of ZAPF, irrespective of whether those documents were created near the

11    time MGA acquired ZAPF.  Because MGA's request is unlimited in temporal scope,

12    it is overbroad.

13          Finally, MGA failed to meet and confer at all, much less in good faith,

14    regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

15    Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing

16    any discovery motion, the moving party shall first identify each dispute, state the

17    relief sought and identify the authority supporting the requested relief in a meet and

18    confer letter that shall be served on all parties by facsimile or electronic mail. The

19    parties shall have five court days from the date of service of that letter to conduct an

20    in-person conference to attempt to resolve the dispute.").  At no point during the

21    meet and confer process did the parties discuss this Request or Mattel's response to

22    it.  In order to engage in a meaningful meet and confer, MGA had the burden to

23    show the relevance of any requests it sought to move on.[229]  Because MGA refused

24

----

25    [229]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26    Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27    burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  to even attempt to make this showing, there was no possibility of a good faith meet

2  and confer to resolve the parties' disputes.  The Discovery Master should deny

3  MGA's motion with respect to this Request on that grounds alone.

4          Other than those documents that it has produced pursuant to other

5  requests, Mattel will not produce documents responsive to this request.

6  **REQUEST FOR PRODUCTION NO. 439:**

7          All DOCUMENTS REFERRING OR RELATING TO YOUR interest

8  in investing in or acquiring ZAPF or plans to invest in or acquire ZAPF.

9  **RESPONSE TO REQUEST NO. 439:**

10          In addition to the general objections stated above which are

11  incorporated herein by reference, Mattel objects to this Request on the grounds that

12  it is overbroad and unduly burdensome, including in that it seeks all documents on

13  this subject without limitation as to time, and regardless of whether such documents

14  relate to products or matters at issue in this case. Mattel further object on the

15  grounds that this Request is an attempt to circumvent the Discovery Master's

16  May 22, 2007 order determining that the requested documents are irrelevant and/or

17  that such requests are improper. Mattel further objects to the Request on the grounds

18  that it seeks documents that are not relevant to this action or likely to lead to the

19  discovery of admissible evidence. Mattel further objects to this Request on the

20  grounds that it seeks confidential, proprietary and trade secret information, including

21  such information that has no bearing on the claims or defenses in this case. Mattel

22  further objects to this Request on the grounds that it calls for the disclosure of

23  information subject to the attorney–client privilege, the attorney work–product

24  doctrine and other applicable privileges.

25  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

26  **TO SHOULD BE COMPELLED**

27          Mattel has not agreed to produce documents in response to this request,

28  based on its improper boilerplate objections. Under the Federal Rules of Civil

1  Procedure, "an objection to part of a request must specify the part and permit

2  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to

3  explain the basis for an objection with specificity are routinely rejected in the

4  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

5  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

6  harassing' are improper – especially when a party fails to submit any evidentiary

7  declarations supporting such objections"). Accordingly, Mattel must be compelled

8  either to certify that it has produced all non–privileged responsive documents or to

9  produce all such documents by a date certain.

10      To the extent that Mattel is relying on its blanket objections, they are

11  not sustainable and do not justify Mattel's failure to produce documents.

12      As to overbreadth, Mattel provides no explanation, let alone the

13  required particularity, as to why this request is supposedly overly broad, nor can it

14  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

15  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

16  contrary, the request is narrowly tailored to seek documents concerning interest in

17  investing in or acquiring ZAPF, or its plans to invest in or acquire ZAPF, as these

18  documents are directly relevant to MGA's claim that Mattel interfered with MGA's

19  efforts to acquire or invest in ZAPF Creation AG, as set forth, for example, in

20  MGA's Second Affirmative Defense.

21      As to burden, Mattel has not attempted to demonstrate why responding

22  to this request and/or producing responsive documents presents any burden. This

23  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

24  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

25  request is unduly burdensome must allege specific facts which indicate the nature

26  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

27  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

28  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in

1   wrongful acts, such as interfering with MGA's efforts to acquire or invest in ZAPF

2   Creation AG. MGA is entitled to discovery on these claims.

3   Mattel's objection that this Request is an attempt to circumvent the

4   Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to

5   this Request, which is much narrower than those considered irrelevant and/or

6   improper by the court. This request is narrowly tailored to documents related to a

7   specific topic, namely Mattel's interest in investing in or acquiring ZAPF, which is

8   directly relevant to MGA's claims and Second Affirmative Defense that Mattel

9   interfered with MGA's planned investment in or acquisition of ZAPF.

10   Mattel objects that the request contains confidential, proprietary and

11   trade secret information. A Protective Order exists in this case, obviating any

12   concern as to protection of privacy rights and/or commercially sensitive

13   information.

14   This request does not seek documents protected by the attorney–client

15   privilege, the attorney work product doctrine, or other applicable privileges. To the

16   extent that Mattel contends that it does, Mattel must provide a privilege log.

17   None of Mattel's improper objections are valid and Mattel is obligated

18   to produce all non–privileged responsive documents in its possession.

19   **MATTEL'S RESPONSE**

20   Mattel's relevance objection should be sustained.  MGA bears the

21   burden of showing that its discovery meets the relevance requirements of Rule

22   26(b)(1).[230]  MGA has failed to make this showing.  MGA argues that the request is

23   relevant to its unclean hands affirmative defense.  MGA alleges that Mattel

24

25   [230]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26   Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
     burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1
27   (S.D. Cal. May 14, 2009).

28

1  pressured Bank of America to make MGA's partial acquisition of ZAPF Creation

2  AG unduly burdensome.  However, as the Discovery Master has recognized,

3  "unclean hands does not constitute 'misconduct in the abstract, unrelated to the claim

4  to which it is asserted as a defense.'"[231]  Jarrow Formulas, Inc. v. Nutrition Now,

5  Inc., 304 F.3d 829, 841 (9th Cir. 2002).  "It is fundamental to [the] operation of the

6  doctrine that the alleged misconduct ... relate directly to the transaction concerning

7  which the complaint is made."  Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d

8  165, 173 (9th Cir. 1989).  Accordingly, courts will not allow discovery based on an

9  unclean hands defense where the "allegations of misconduct do not relate to the

10  transactions ... forming the basis for the complaint."  Gen-Probe, Inc. v. Amoco

11  Corp., 926 F. Supp. 948, 952 (S.D. Cal. 1996).  Here, MGA does not even attempt

12  to link the alleged wrongdoing to any of Mattel's claims in Phase 2, and therefore

13  the discovery is not relevant.

14         MGA's conclusory arguments also ignore that the Request is facially

15  overbroad.  The Discovery Master has previously ruled that "[t]he Federal Rules of

16  Civil Procedure do not permit MGA to use broad discovery requests untethered to

17  any claim or defense."  Order Granting in Part and Denying in Part Mattel's Motion

18  for protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007.

19  See also Fed.R.Civ.P. 26(b)(1);  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th

20  Cir. 2004) ("District courts need not condone the use of discovery to engage in

21  'fishing expeditions.'").

22         MGA argues that its request is relevant to show Mattel communicated

23  with and applied pressure to Bank of America to make MGA's partial acquisition of

24  ZAPF Creation AG unduly burdensome.  However, MGA's request is not tailored to

25

26  [231]  See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl.,

27  Exh. 7.

28

                                           -284-

1  seeking information related to these facts, and therefore is overbroad.  In particular,

2  MGA seeks *all documents* referring to Mattel's alleged plans to acquire ZAPF,

3  irrespective of whether those communications took place near the time MGA

4  acquired ZAPF.  Because MGA's request is unlimited in temporal scope, it is

5  overbroad.

6          Finally, MGA failed to meet and confer at all, much less in good faith,

7  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

8  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing

9  any discovery motion, the moving party shall first identify each dispute, state the

10  relief sought and identify the authority supporting the requested relief in a meet and

11  confer letter that shall be served on all parties by facsimile or electronic mail. The

12  parties shall have five court days from the date of service of that letter to conduct an

13  in-person conference to attempt to resolve the dispute.").  At no point during the

14  meet and confer process did the parties discuss this Request or Mattel's response to

15  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

16  show the relevance of any requests it sought to move on.[232]  Because MGA refused

17  to even attempt to make this showing, there was no possibility of a good faith meet

18  and confer to resolve the parties' disputes.  The Discovery Master should deny

19  MGA's motion with respect to this Request on that grounds alone.

20          Other than those documents that it has produced pursuant to other

21  requests, Mattel will not produce documents responsive to this request.

22

23

24

---

25  [232]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   (S.D. Cal. May 14, 2009).
28

1 **REQUEST FOR PRODUCTION NO. 440:**

2          All DOCUMENTS REFERRING OR RELATING TO the conception,

3 creation and design of BARBIE GIRL, including without limitation, the motivation,

4 purpose, origins of, or inspiration for BARBIE GIRL.

5 **RESPONSE TO REQUEST NO. 440:**

6          In addition to the general objections stated above which are

7 incorporated herein by reference, Mattel objects to this Request on the grounds that

8 it is overbroad and unduly burdensome, including in that it seeks all documents on

9 this subject without limitation as to time, and regardless of whether such documents

10 relate to products or matters at issue in this case. Mattel further object on the

11 grounds that this Request is an attempt to circumvent the Discovery Master's

12 May 22, 2007 order determining that the requested documents are irrelevant and/or

13 that such requests are improper. Mattel further objects on the grounds that the terms

14 "motivation," "purpose," and "inspiration for" are vague and ambiguous. Mattel

15 further objects to the Request on the grounds that it seeks documents that are not

16 relevant to this action or likely to lead to the discovery of admissible evidence.

17 Mattel further objects to this Request on the grounds that it seeks confidential,

18 proprietary and trade secret information, including such information that has no

19 bearing on the claims or defenses in this case. Mattel further objects to this Request

20 on the grounds that it calls for the disclosure of information subject to the attorney–

21 client privilege, the attorney work–product doctrine and other applicable privileges.

22 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

23 **TO SHOULD BE COMPELLED**

24          Mattel has not agreed to produce documents in response to this request,

25 based on its improper boilerplate objections. Under the Federal Rules of Civil

26 Procedure, "an objection to part of a request must specify the part and permit

27 inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to

28 explain the basis for an objection with specificity are routinely rejected in the

1  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

2  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

3  harassing' are improper – especially when a party fails to submit any evidentiary

4  declarations supporting such objections"). Accordingly, Mattel must be compelled

5  either to certify that it has produced all non–privileged responsive documents or to

6  produce all such documents by a date certain.

7         To the extent that Mattel is relying on its blanket objections, they are

8  not sustainable and do not justify Mattel's failure to produce documents.

9         As to overbreadth, Mattel provides no explanation, let alone the

10  required particularity, as to why this request is supposedly overly broad, nor can it

11  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

12  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

13  contrary, the request is narrowly tailored to seek documents that refer to conception,

14  creation and design of a particular product, Mattel's BARBIE GIRL.

15         As to burden, Mattel has not attempted to demonstrate why responding

16  to this request and/or producing responsive documents presents any burden. This

17  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

18  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

21  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

22  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

23  broad variety of unfair trade practices including serial copying of MGA products.

24         This request does not seek documents protected by the attorney–client

25  privilege, the attorney work product doctrine, or other applicable privileges. To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27         Mattel cites to the May 22, 2007 order, but that order is inapposite to

28  this request, which is much narrower than those considered irrelevant and/or

00505.07975/3 161807.1

-287-

1   improper by the court. Specifically, the request is narrowly tailored to documents

2   regarding a particular product, namely BARBIE GIRL, who appears, for example,

3   as an animated `Barbie" character depicted on the home page of Mattel's website

4   www.barbiegirl.com.

5          As to relevancy, Mattel has not attempted to demonstrate why the

6   responsive documents are irrelevant to the current action. On the contrary, MGA has

7   alleged that Mattel is engaged in copying of MGA products, packaging, themes and

8   advertising. BARBIE GIRL is an example of one such product line. A request for

9   documents that refer to the conception, creation and design of BARBIE GIRL is

10  therefore relevant to this action and MGA's claims.

11         Mattel objects that the request contains confidential, proprietary, and

12  trade secret information. A Protective Order exists in this case, obviating any

13  concern as to protection of privacy rights and/or commercially sensitive

14  information.

15         None of Mattel's improper objections are valid and Mattel is obligated

16  to produce all non–privileged responsive documents in its possession.

17  **MATTEL'S RESPONSE**

18         Mattel's relevance objection should be sustained.  MGA bears the

19  burden of showing that its discovery meets the relevance requirements of Rule

20  26(b)(1).[233]  MGA has failed to make this showing.  MGA argues that discovery

21  with respect to "Barbie Girl" is relevant to MGA's allegations that Mattel is engaged

22  in copying MGA products, packaging, themes and advertising.  However, Barbie

23  Girl is not relevant because it post-dates MGA's complaint, which was filed on April

24

25  _____

26  [233]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
     Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1
     (S.D. Cal. May 14, 2009).

28

00505.07975/3161807.1

-288-

15, 2005.  MGA takes issue with Mattel imposing any temporal limitations on its production based on the filing of MGA's complaint.  Yet it was MGA itself that successfully enforced precisely such limits in responding to Mattel's Requests, insisting that evidence that post-dated Mattel's complaint could not be relevant to the claims in that complaint.  See Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.  MGA offers no reason, nor could it consistent with judicial estoppel, why documents post-dating the filing of claims which do not allege continuing wrongdoing are relevant to those claims.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17_ ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").  At no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.  In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[234]  Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

---

[234]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

1    Other than those documents that it has produced pursuant to other

2  requests, Mattel will not produce documents responsive to this request.

3  **REQUEST FOR PRODUCTION NO. 441:**

4    All DOCUMENTS REFERRING OR RELATING TO actual or

5  potential confusion or otherwise evidencing confusion (including, but not limited to,

6  confusion among consumers, retailers, distributors, licensees or members of the

7  press) between BARBIE GIRL and `BRATZ."

8  **RESPONSE TO REQUEST NO. 441:**

9    In addition to the general objections stated above which are

10  incorporated herein by reference, Mattel objects to this Request on the grounds that

11  it is overbroad and unduly burdensome, including in that it seeks all documents on

12  this subject without limitation as to time, and regardless of whether such documents

13  relate to products or matters at issue in this case. Mattel further object on the

14  grounds that this Request is an attempt to circumvent the Discovery Master's

15  May 22, 2007 order determining that the requested documents are irrelevant and/or

16  that such requests are improper. Mattel further objects on the grounds that the terms

17  "otherwise evidencing confusion" are vague and ambiguous. Mattel further objects

18  to the Request on the grounds that it seeks documents that are not relevant to this

19  action or likely to lead to the discovery of admissible evidence. Mattel further

20  objects to this Request on the grounds that it seeks confidential, proprietary and

21  trade secret information, including such information that has no bearing on the

22  claims or defenses in this case. Mattel further objects to this Request on the grounds

23  that it calls for the disclosure of information subject to the attorney–client privilege,

24  the attorney work–product doctrine and other applicable privileges.

25  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

26  **TO SHOULD BE COMPELLED**

27    Mattel has not agreed to produce documents in response to this request,

28  based on its improper boilerplate objections. Under the Federal Rules of Civil

1   Procedure, "an objection to part of a request must specify the part and permit

2   inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to

3   explain the basis for an objection with specificity are routinely rejected in the

4   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

5   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

6   harassing' are improper – especially when a party fails to submit any evidentiary

7   declarations supporting such objections"). Accordingly, Mattel must be compelled

8   either to certify that it has produced all non–privileged responsive documents or to

9   produce all such documents by a date certain.

10          To the extent that Mattel is relying on its blanket objections, they are

11  not sustainable and do not justify Mattel's failure to produce documents.

12          As to overbreadth, Mattel provides no explanation, let alone the

13  required particularity, as to why this request is supposedly overly broad, nor can it

14  do so.

15          This objection is therefore improper. Order No. 17, dated April 14,

16  2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.,

17  Ex. 58. To the contrary, the request is narrowly tailored to seek documents that refer

18  to actual or potential confusion (including confusion among consumers, retailers,

19  distributors, licensees, or members of the press etc.) between Mattel's BARBIE

20  GIRL and MGA's `BRATZ."

21          As to burden, Mattel has not attempted to demonstrate why responding

22  to this request and/or producing responsive documents presents any burden. This

23  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

24  173 F.R.D. 524, 528–29 (D. Nev. 1997) (`The party claiming that a discovery

25  request is unduly burdensome must allege specific facts which indicate the nature

26  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

27  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

28  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

1  broad variety of unfair trade practices including serial copying of MGA products
2  and trade dress infringement.

3          This request does not seek documents protected by the attorney–client
4  privilege, the attorney work product doctrine, or other applicable privileges. To the
5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6          Mattel cites to the May 22, 2007 order, but that order is inapposite to
7  this request, which is much narrower than those considered irrelevant and/or
8  improper by the court. Specifically, the request is narrowly tailored to documents
9  regarding a particular product, namely BARBIE GIRL, who appears, for example,
10  as an animated `Barbie" character depicted on the home page of Mattel's website
11  www.barbiegirl.com.

12          As to relevancy, Mattel has not attempted to demonstrate why the
13  responsive documents are irrelevant to the current action. On the contrary, MGA has
14  alleged that Mattel is engaged in copying of MGA products, packaging, themes and
15  advertising. BARBIE GIRL is an example of one such product line. A request for
16  documents that refer to actual or potential confusion (including confusion among
17  consumers, retailers, distributors, licensees, or members of the press etc.) between
18  Mattel's BARBIE GIRL and MGA's `BRATZ" is therefore relevant to this action
19  and MGA's claims.

20          Mattel objects that the request contains confidential, proprietary, and
21  trade secret information. A Protective Order exists in this case, obviating any
22  concern as to protection of privacy rights and/or commercially sensitive
23  information.

24          None of Mattel's improper objections are valid and Mattel is obligated
25  to produce all non–privileged responsive documents in its possession.

26  **MATTEL'S RESPONSE**
27          Mattel's relevance objection should be sustained.  MGA bears the
28  burden of showing that its discovery meets the relevance requirements of Rule

1   26(b)(1).[235]   MGA has failed to make this showing.  MGA argues that discovery

2   with respect to "Barbie Girl" is relevant to MGA's allegations that Mattel is engaged

3   in copying MGA products, packaging, themes and advertising.  However, Barbie

4   Girl is not relevant because it post-dates MGA's complaint, which was filed on April

5   15, 2005. MGA takes issue with Mattel imposing any temporal limitations on its

6   production based on the filing of MGA's complaint.  Yet it was MGA itself that

7   successfully enforced precisely such limits in responding to Mattel's Requests,

8   insisting that evidence that post-dated Mattel's complaint could not be relevant to

9   the claims in that complaint.  See Discovery Matter Order No. 3, dated March 10,

10  2009, at 18, Dart Decl., Exh. 7.  MGA offers no reason, nor could it consistent with

11  judicial estoppel, why documents post-dating the filing of claims which do not

12  allege continuing wrongdoing are relevant to those claims.

13          Finally, MGA failed to meet and confer at all, much less in good faith,

14  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

15  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing

16  any discovery motion, the moving party shall first identify each dispute, state the

17  relief sought and identify the authority supporting the requested relief in a meet and

18  confer letter that shall be served on all parties by facsimile or electronic mail. The

19  parties shall have five court days from the date of service of that letter to conduct an

20  in-person conference to attempt to resolve the dispute.").  At no point during the

21  meet and confer process did the parties discuss this Request or Mattel's response to

22  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

23

24

25

26  [235]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
    Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).

28

1  show the relevance of any requests it sought to move on.[236]   Because MGA refused
2  to even attempt to make this showing, there was no possibility of a good faith meet
3  and confer to resolve the parties' disputes.  The Discovery Master should deny
4  MGA's motion with respect to this Request on that grounds alone.

5       Other than those documents that it has produced pursuant to other
6  requests, Mattel will not produce documents responsive to this request.

7  **REQUEST FOR PRODUCTION NO. 442:**

8       All DOCUMENTS REFERRING OR RELATING TO any similarity
9  or dissimilarity between BARBIE GIRL and `BRATZ."

10  **RESPONSE TO REQUEST NO. 442:**

11       In addition to the general objections stated above which are
12  incorporated herein by reference, Mattel objects to this Request on the grounds that
13  it is overbroad and unduly burdensome, including in that it seeks all documents on
14  this subject without limitation as to time, and regardless of whether such documents
15  relate to products or matters at issue in this case. Mattel further object on the
16  grounds that this Request is an attempt to circumvent the Discovery Master's
17  May 22, 2007 order determining that the requested documents are irrelevant and/or
18  that such requests are improper. Mattel further objects to the Request on the grounds
19  that it seeks documents that are not relevant to this action or likely to lead to the
20  discovery of admissible evidence. Mattel further objects to this Request on the
21  grounds that it seeks confidential, proprietary and trade secret information, including
22  such information that has no bearing on the claims or defenses in this case. Mattel
23  further objects to this Request on the grounds that it calls for the disclosure of

24

25  [236]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).
28

1 information subject to the attorney–client privilege, the attorney work–product
2 doctrine and other applicable privileges.

3 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
4 **TO SHOULD BE COMPELLED**

5        Mattel has not agreed to produce documents in response to this request,
6 based on its improper boilerplate objections. Under the Federal Rules of Civil
7 Procedure, "an objection to part of a request must specify the part and permit
8 inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to
9 explain the basis for an objection with specificity are routinely rejected in the
10 Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
11 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
12 harassing' are improper – especially when a party fails to submit any evidentiary
13 declarations supporting such objections"). Accordingly, Mattel must be compelled
14 either to certify that it has produced all non–privileged responsive documents or to
15 produce all such documents by a date certain.

16        To the extent that Mattel is relying on its blanket objections, they are
17 not sustainable and do not justify Mattel's failure to produce documents.

18        As to overbreadth, Mattel provides no explanation, let alone the
19 required particularity, as to why this request is supposedly overly broad, nor can it
20 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
21 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
22 contrary, the request is narrowly tailored to seek documents that refer to any
23 similarity or dissimilarity between Mattel's BARBIE GIRL and MGA's "BRATZ."

24        As to burden, Mattel has not attempted to demonstrate why responding
25 to this request and/or producing responsive documents presents any burden. This
26 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
27 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
28 request is unduly burdensome must allege specific facts which indicate the nature

00505.07975/3161807.1

-295-

1   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
2   it is not unduly burdensome, as noted above, in that the request is narrowly tailored
3   to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
4   broad variety of unfair trade practices including serial copying of MGA products
5   and trade dress infringement.

6       This request does not seek documents protected by the attorney–client
7   privilege, the attorney work product doctrine, or other applicable privileges. To the
8   extent that Mattel contends that it does, Mattel must provide a privilege log.

9       Mattel cites to the May 22, 2007 order, but that order is inapposite to
10  this request, which is much narrower than those considered irrelevant and/or
11  improper by the court. Specifically, the request is narrowly tailored to documents
12  regarding a particular product, namely BARBIE GIRL, who appears, for example,
13  as an animated `Barbie" character depicted on the home page of Mattel's website
14  www.barbiegirl.com.

15      As to relevancy, Mattel has not attempted to demonstrate why the
16  responsive documents are irrelevant to the current action. On the contrary, MGA has
17  alleged that Mattel is engaged in copying of MGA products, packaging, themes and
18  advertising. BARBIE GIRL is an example of one such product line. A request for
19  documents that refer to any similarity or dissimilarity between Mattel's BARBIE
20  GIRL and MGA's `BRATZ" is therefore relevant to this action and MGA's claims.

21      Mattel objects that the request contains confidential, proprietary, and
22  trade secret information. A Protective Order exists in this case, obviating any
23  concern as to protection of privacy rights and/or commercially sensitive
24  information.

25      None of Mattel's improper objections are valid and Mattel is obligated
26  to produce all non–privileged responsive documents in its possession.

27
28

1 | **MATTEL'S RESPONSE**

2        Mattel's relevance objection should be sustained.  MGA bears the

3 burden of showing that its discovery meets the relevance requirements of Rule

4 26(b)(1).[237]  MGA has failed to make this showing.  MGA argues that discovery

5 with respect to "Barbie Girl" is relevant to MGA's allegations that Mattel is engaged

6 in copying MGA products, packaging, themes and advertising.  However, Barbie

7 Girl is not relevant because it post-dates MGA's complaint, which was filed on April

8 15, 2005.  MGA takes issue with Mattel imposing any temporal limitations on its

9 production based on the filing of MGA's complaint.  Yet it was MGA itself that

10 successfully enforced precisely such limits in responding to Mattel's Requests,

11 insisting that evidence that post-dated Mattel's complaint could not be relevant to

12 the claims in that complaint.  See Discovery Matter Order No. 3, dated March 10,

13 2009, at 18, Dart Decl., Exh. 7.  MGA offers no reason, nor could it consistent with

14 judicial estoppel, why documents post-dating the filing of claims which do not

15 allege continuing wrongdoing are relevant to those claims.

16        Finally, MGA failed to meet and confer at all, much less in good faith,

17 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

18 Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing

19 any discovery motion, the moving party shall first identify each dispute, state the

20 relief sought and identify the authority supporting the requested relief in a meet and

21 confer letter that shall be served on all parties by facsimile or electronic mail.  The

22 parties shall have five court days from the date of service of that letter to conduct an

23 in-person conference to attempt to resolve the dispute.").  At no point during the

24

25 ─────────────────

26 [237]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
(S.D. Cal. May 14, 2009).

28

1  meet and confer process did the parties discuss this Request or Mattel's response to

2  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

3  show the relevance of any requests it sought to move on.[238]   Because MGA refused

4  to even attempt to make this showing, there was no possibility of a good faith meet

5  and confer to resolve the parties' disputes.  The Discovery Master should deny

6  MGA's motion with respect to this Request on that grounds alone.

7          Other than those documents that it has produced pursuant to other

8  requests, Mattel will not produce documents responsive to this request.

9  **REQUEST FOR PRODUCTION NO. 443:**

10          All DOCUMENTS REFERRING OR RELATING TO any similarity

11  or dissimilarity between BARBIE GIRL and the animated "Barbie" character

12  currently on the homepage of YOUR Barbie.com website.

13  **RESPONSE TO REQUEST NO. 443:**

14          In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case. Mattel further

19  object on the grounds that this Request is an attempt to circumvent the Discovery

20  Master's May 22, 2007 order determining that the requested documents are

21  irrelevant and/or that such requests are improper. Mattel further objects on the

22  grounds that the Request's apparent reference to an "animated 'Barbie' character" is

23  vague and ambiguous. Mattel further objects to the Request on the grounds that it

24  

25  [238]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).
28

1 │ seeks documents that are not relevant to this action or likely to lead to the discovery
2 │ of admissible evidence. Mattel further objects to this Request on the grounds that it
3 │ seeks confidential, proprietary and trade secret information, including such
4 │ information that has no bearing on the claims or defenses in this case. Mattel further
5 │ objects to this Request on the grounds that it calls for the disclosure of information
6 │ subject to the attorney–client privilege, the attorney work–product doctrine and
7 │ other applicable privileges.

8 │ **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9 │ **TO SHOULD BE COMPELLED**

10 │      Mattel has not agreed to produce documents in response to this request,
11 │ based on its improper boilerplate objections. Under the Federal Rules of Civil
12 │ Procedure, "an objection to part of a request must specify the part and permit
13 │ inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to
14 │ explain the basis for an objection with specificity are routinely rejected in the
15 │ Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
16 │ (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
17 │ harassing' are improper – especially when a party fails to submit any evidentiary
18 │ declarations supporting such objections"). Accordingly, Mattel must be compelled
19 │ either to certify that it has produced all non–privileged responsive documents or to
20 │ produce all such documents by a date certain.

21 │      To the extent that Mattel is relying on its blanket objections, they are
22 │ not sustainable and do not justify Mattel's failure to produce documents.

23 │      As to overbreadth, Mattel provides no explanation, let alone the
24 │ required particularity, as to why this request is supposedly overly broad, nor can it
25 │ do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
26 │ 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
27 │ contrary, the request is narrowly tailored to seek documents that refer to any
28 │

1  similarity or dissimilarity between BARBIE GIRL and the animated "Barbie"
2  character currently on the homepage of Mattel's Barbie.com website.

3      As to burden, Mattel has not attempted to demonstrate why responding
4  to this request and/or producing responsive documents presents any burden. This
5  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
6  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
7  request is unduly burdensome must allege specific facts which indicate the nature
8  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
9  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
10 to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
11 broad variety of unfair trade practices including serial copying of MGA products
12 and trade dress infringement.

13     This request does not seek documents protected by the attorney–client
14 privilege, the attorney work product doctrine, or other applicable privileges. To the
15 extent that Mattel contends that it does, Mattel must provide a privilege log.

16     Mattel cites to the May 22, 2007 order, but that order is inapposite to
17 this request, which is much narrower than those considered irrelevant and/or
18 improper by the court. Specifically, the request is narrowly tailored to documents
19 regarding a particular product, namely BARBIE GIRL, who appears, for example,
20 as an animated `Barbie" character depicted on the home page of Mattel's website
21 www.barbiegirl.com.

22     As to relevancy, Mattel has not attempted to demonstrate why the
23 responsive documents are irrelevant to the current action. On the contrary, MGA has
24 alleged that Mattel is engaged in copying of MGA products, packaging, themes and
25 advertising. BARBIE GIRL is an example of one such product line. A request for
26 documents that refer to any similarity or dissimilarity between BARBIE GIRL and
27 the animated `Barbie" character currently on the homepage of Mattel's Barbie.com
28 website is therefore relevant to this action and MGA's claims.

1    Mattel objects that the request contains confidential, proprietary, and
2    trade secret information. A Protective Order exists in this case, obviating any
3    concern as to protection of privacy rights and/or commercially sensitive
4    information.

5    None of Mattel's improper objections are valid and Mattel is obligated
6    to produce all non–privileged responsive documents in its possession.

7    **MATTEL'S RESPONSE**

8    Mattel's relevance objection should be sustained.  MGA bears the
9    burden of showing that its discovery meets the relevance requirements of Rule
10   26(b)(1).[239]  MGA has failed to make this showing.  MGA argues that discovery
11   with respect to "Barbie Girl" is relevant to MGA's allegations that Mattel is engaged
12   in copying MGA products, packaging, themes and advertising.  However, Barbie
13   Girl is not relevant because it post-dates MGA's complaint, which was filed on April
14   15, 2005.  MGA takes issue with Mattel imposing any temporal limitations on its
15   production based on the filing of MGA's complaint.  Yet it was MGA itself that
16   successfully enforced precisely such limits in responding to Mattel's Requests,
17   insisting that evidence that post-dated Mattel's complaint could not be relevant to
18   the claims in that complaint.  See Discovery Matter Order No. 3, dated March 10,
19   2009, at 18, Dart Decl., Exh. 7.  MGA offers no reason, nor could it consistent with
20   judicial estoppel, why documents post-dating the filing of claims which do not
21   allege continuing wrongdoing are relevant to those claims.

22   Finally, MGA failed to meet and confer at all, much less in good faith,
23   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

24

25   [239]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26   Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
     burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1
27   (S.D. Cal. May 14, 2009).

28

00505.07975/3161807.1

-301-
MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FOUR)

1  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing
2  any discovery motion, the moving party shall first identify each dispute, state the
3  relief sought and identify the authority supporting the requested relief in a meet and
4  confer letter that shall be served on all parties by facsimile or electronic mail. The
5  parties shall have five court days from the date of service of that letter to conduct an
6  in-person conference to attempt to resolve the dispute."). At no point during the
7  meet and confer process did the parties discuss this Request or Mattel's response to
8  it. In order to engage in a meaningful meet and confer, MGA had the burden to
9  show the relevance of any requests it sought to move on.[240]   Because MGA refused
10 to even attempt to make this showing, there was no possibility of a good faith meet
11 and confer to resolve the parties' disputes. The Discovery Master should deny
12 MGA's motion with respect to this Request on that grounds alone.
13        Other than those documents that it has produced pursuant to other
14 requests, Mattel will not produce documents responsive to this request.
15
16 **REQUEST FOR PRODUCTION NO. 444:**
17        DOCUMENTS, including but not limited to organizational charts,
18 sufficient to identify (by name and job function) all current and former MATTEL
19 personnel and/or freelancers comprising the primary team that worked on the
20 creation, design and development of BARBIE GIRL.
21 **RESPONSE TO REQUEST NO. 444:**
22        In addition to the general objections stated above which are
23 incorporated herein by reference, Mattel objects to this Request on the grounds that
24
25  [240]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).
28

1  it is overbroad and unduly burdensome, including in that it seeks all documents on

2  this subject without limitation as to time, and regardless of whether such documents

3  relate to products or matters at issue in this case. Mattel further objects that the

4  terms "freelancers" and "primary team" are vague and ambiguous. Mattel further

5  object on the grounds that this Request is an attempt to circumvent the Discovery

6  Master's May 22, 2007 order determining that the requested documents are

7  irrelevant and/or that such requests are improper. Mattel further objects to the

8  Request on the grounds that it seeks documents that are not relevant to this action or

9  likely to lead to the discovery of admissible evidence. Mattel further objects to this

10  Request on the grounds that it seeks confidential, proprietary and trade secret

11  information, including such information that has no bearing on the claims or

12  defenses in this case. Mattel further objects to this Request on the grounds that it

13  calls for the disclosure of information subject to the attorney–client privilege, the

14  attorney work–product doctrine and other applicable privileges.

15  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

16  **TO SHOULD BE COMPELLED**

17  　　　　Mattel has not agreed to produce documents in response to this request,

18  based on its improper boilerplate objections. Under the Federal Rules of Civil

19  Procedure, "an objection to part of a request must specify the part and permit

20  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to

21  explain the basis for an objection with specificity are routinely rejected in the

22  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

23  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

24  harassing' are improper – especially when a party fails to submit any evidentiary

25  declarations supporting such objections"). Accordingly, Mattel must be compelled

26  either to certify that it has produced all non–privileged responsive documents or to

27  produce all such documents by a date certain.

28

1    To the extent that Mattel is relying on its blanket objections, they are
2    not sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the
4    required particularity, as to why this request is supposedly overly broad, nor can it
5    do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
6    20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
7    contrary, the request is narrowly tailored to seek documents that are sufficient to
8    identify all current and former Mattel personnel and/or freelancers that comprised
9    the primary team that worked on the creation, design and development of Mattel's
10   BARBIE GIRL.

11   As to burden, Mattel has not attempted to demonstrate why responding
12   to this request and/or producing responsive documents presents any burden. This
13   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
14   173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
15   request is unduly burdensome must allege specific facts which indicate the nature
16   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
17   it is not unduly burdensome, as noted above, in that the request is narrowly tailored
18   to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
19   broad variety of unfair trade practices including serial copying of MGA products
20   and trade dress infringement.

21   This request does not seek documents protected by the attorney–client
22   privilege, the attorney work product doctrine, or other applicable privileges. To the
23   extent that Mattel contends that it does, Mattel must provide a privilege log.

24   Mattel cites to the May 22, 2007 order, but that order is inapposite to
25   this request, which is much narrower than those considered irrelevant and/or
26   improper by the court. Specifically, the request is narrowly tailored to documents
27   regarding a particular product, namely BARBIE GIRL, who appears, for example,
28

1    as an animated "Barbie" character depicted on the home page of Mattel's website

2    www.barbiegirl.com.

3              As to relevancy, Mattel has not attempted to demonstrate why the

4    responsive documents are irrelevant to the current action. On the contrary, MGA has

5    alleged that Mattel is engaged in copying of MGA products, packaging, themes and

6    advertising. BARBIE GIRL is an example of one such product line. A request for

7    documents that are sufficient to identify all current and former Mattel personnel

8    and/or freelancers that comprised the primary team that worked on the creation,

9    design and development of Mattel's BARBIE GIRL is therefore relevant to this

10   action and MGA's claims.

11             Mattel objects that the request contains confidential, proprietary, and

12   trade secret information. A Protective Order exists in this case, obviating any

13   concern as to protection of privacy rights and/or commercially sensitive

14   information.

15             None of Mattel's improper objections are valid and Mattel is obligated

16   to produce all non–privileged responsive documents in its possession.

17   **MATTEL'S RESPONSE**

18             Mattel's relevance objection should be sustained.  MGA bears the

19   burden of showing that its discovery meets the relevance requirements of Rule

20   26(b)(1).[241]  MGA has failed to make this showing.  MGA argues that discovery

21   with respect to "Barbie Girl" is relevant to MGA's allegations that Mattel is engaged

22   in copying MGA products, packaging, themes and advertising.  However, Barbie

23   Girl is not relevant because it post-dates MGA's complaint, which was filed on April

24

25   [241]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26   Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
     burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1
27   (S.D. Cal. May 14, 2009).

28

15, 2005. MGA takes issue with Mattel imposing any temporal limitations on its production based on the filing of MGA's complaint. Yet it was MGA itself that successfully enforced precisely such limits in responding to Mattel's Requests, insisting that evidence that post-dated Mattel's complaint could not be relevant to the claims in that complaint. See Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7. MGA offers no reason, nor could it consistent with judicial estoppel, why documents post-dating the filing of claims which do not allege continuing wrongdoing are relevant to those claims.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). At no point during the meet and confer process did the parties discuss this Request or Mattel's response to it. In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[242]   Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

---

[242]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

00505.07975/3161807.1

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FOUR)

1    Other than those documents that it has produced pursuant to other
2 requests, Mattel will not produce documents responsive to this request.
3 **REQUEST FOR PRODUCTION NO. 445;**
4    All DOCUMENTS REFERRING OR RELATING TO the Bratz.com
5 website, including but not limited to all DOCUMENTS REFERRING OR
6 RELATING TO this website as an inspiration for or factor in the creation and
7 development of any MATTEL website or product.
8 **RESPONSE TO REQUEST NO. 445:**
9    In addition to the general objections stated above which are
10 incorporated herein by reference, Mattel objects to this Request on the grounds that
11 it is overbroad and unduly burdensome, including in that it seeks all documents on
12 this subject without limitation as to time, and regardless of whether such documents
13 relate to products or matters at issue in this case. Mattel further object on the
14 grounds that this Request is an attempt to circumvent the Discovery Master's
15 May 22, 2007 order determining that the requested documents are irrelevant and/or
16 that such requests are improper. Mattel further objects on the grounds that the terms
17 "inspiration for or factor in the creation and development of" are vague and
18 ambiguous. Mattel further objects to the Request on the grounds that it seeks
19 documents that are not relevant to this action or likely to lead to the discovery of
20 admissible evidence. Mattel further objects to this Request on the grounds that it
21 seeks confidential, proprietary and trade secret information, including such
22 information that has no bearing on the claims or defenses in this case. Mattel further
23 objects to this Request on the grounds that it calls for the disclosure of information
24 subject to the attorney–client privilege, the attorney work–product doctrine and
25 other applicable privileges.
26
27
28

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses to produce documents in response to this request. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non–privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the contrary, the request is narrowly tailored to seek documents specifically relating to MGA's `Bratz.com" website, and whether Mattel copied the website.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

1   broad variety of unfair trade practices including serial copying of MGA products,
2   themes, packaging, and advertising. MGA is entitled to discovery on these claims.

3         This request does not seek documents protected by the attorney–client
4   privilege, the attorney work product doctrine, or other applicable privileges. To the
5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6         Mattel objects on the basis of relevance. Mattel cannot legitimately
7   contend that whether `Bratz.com" has provided an inspiration for any Mattel
8   websites is not discoverable in Phase 2. Documents relating to the `Bratz.com"
9   website are likely to lead to admissible evidence supporting or refuting MGA's trade
10  dress claim, MGA's unfair competition claim, Mattel's trade secret
11  misappropriation claim, and both parties' damages claims.

12        None of Mattel's improper objections are valid and Mattel is obligated
13  to produce all non–privileged responsive documents in its possession.

14  **MATTEL'S RESPONSE**

15        MGA failed to meet and confer at all, much less in good faith,
16  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
17  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17_ ("[B]efore filing
18  any discovery motion, the moving party shall first identify each dispute, state the
19  relief sought and identify the authority supporting the requested relief in a meet and
20  confer letter that shall be served on all parties by facsimile or electronic mail. The
21  parties shall have five court days from the date of service of that letter to conduct an
22  in-person conference to attempt to resolve the dispute.").  At no point during the
23  meet and confer process did the parties discuss this Request or Mattel's response to
24  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

25
26
27
28

00505.07975/3161807.1

1  show the relevance of any requests it sought to move on.[243]   Because MGA refused
2  to even attempt to make this showing, there was no possibility of a good faith meet
3  and confer to resolve the parties' disputes.  The Discovery Master should deny
4  MGA's motion with respect to this Request on that grounds alone.
5  　　　　　　Other than those documents that it has produced pursuant to other
6  requests, Mattel will not produce documents responsive to this request.
7  **REQUEST FOR PRODUCTION NO. 446:**
8  　　　　　　All DOCUMENTS REFERRING OR RELATING TO the
9  Miuchiz.com website, including but not limited to all DOCUMENTS REFERRING
10 OR RELATING TO this website as an inspiration for or factor in the creation and
11 development of any MATTEL website or product.
12 **RESPONSE TO REQUEST NO. 446:**
13 　　　　　　In addition to the general objections stated above which are
14 incorporated herein by reference, Mattel objects to this Request on the grounds that
15 it is overbroad and unduly burdensome, including in that it seeks all documents on
16 this subject without limitation as to time, and regardless of whether such documents
17 relate to products or matters at issue in this case. Mattel further object on the
18 grounds that this Request is an attempt to circumvent the Discovery Master's
19 May 22, 2007 order determining that the requested documents are irrelevant and/or
20 that such requests are improper. Mattel further objects on the grounds that the terms
21 "inspiration for or factor in the creation and development of" are vague and
22 ambiguous. Mattel further objects to the Request on the grounds that it seeks
23 documents that are not relevant to this action or likely to lead to the discovery of

---

25 [243]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   (S.D. Cal. May 14, 2009).
28

1 | admissible evidence. Mattel further objects to this Request on the grounds that it
2 | seeks confidential, proprietary and trade secret information, including such
3 | information that has no bearing on the claims or defenses in this case. Mattel further
4 | objects to this Request on the grounds that it calls for the disclosure of information
5 | subject to the attorney–client privilege, the attorney work–product doctrine and
6 | other applicable privileges.

7 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
8 | **TO SHOULD BE COMPELLED**

9 | Mattel has not agreed to produce documents in response to this request.
10 | Mattel has refused to confirm whether or not it has produced all non–privileged
11 | responsive documents or whether it is withholding documents based on its
12 | objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to
13 | part of a request must specify the part and permit inspection of the rest." Fed. R.
14 | Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection
15 | with specificity are routinely rejected in the Central District. See A. Farber and
16 | Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or
17 | boilerplate objections such as 'overly burdensome and harassing' are improper –
18 | especially when a party fails to submit any evidentiary declarations supporting such
19 | objections"). Accordingly, Mattel must be compelled either to certify that it has
20 | produced all non–privileged responsive documents or to produce all such documents
21 | by a date certain.

22 | To the extent that Mattel is relying on its blanket objections, they are
23 | not sustainable and do not justify Mattel's failure to produce documents.

24 | As to overbreadth, Mattel provides no explanation, let alone the
25 | required particularity, as to why this request is supposedly overly broad, nor can it
26 | do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
27 | 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
28 |

1  contrary, the request is narrowly tailored to seek documents concerning a specific
2  website, namely the Miuchiz.com website.

3      As to burden, Mattel has not attempted to demonstrate why responding
4  to this request and/or producing responsive documents presents any burden. This
5  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
6  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
7  request is unduly burdensome must allege specific facts which indicate the nature
8  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
9  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
10 to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
11 broad variety of unfair trade practices, including copying of MGA's products,
12 branding and advertising. MGA is entitled to discovery on these claims.

13     This request does not seek documents protected by the attorney–client
14 privilege, the attorney work product doctrine, or other applicable privileges. To the
15 extent that Mattel contends that it does, Mattel must provide a privilege log.

16     Mattel objects that the request contains confidential, proprietary and
17 trade secret information. A Protective Order exists in this case, obviating any
18 concern as to protection of privacy rights and/or commercially sensitive
19 information.

20     Mattel further objects on the grounds that the terms "inspiration for or
21 factor in the creation and development of" are vague and ambiguous. Mattel,
22 however, fails to provide any explanation as to why these terms are vague or
23 ambiguous. In addition, "[a] party responding to discovery requests 'should exercise
24 reason and common sense to attribute ordinary definitions to terms and phrases
25 utilized in'" discovery. Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 662
26 (D. Kan. 2004).

27     Mattel also objects to this request on relevance grounds. MGA has
28 alleged claims of unfair competition based on Mattel's copying of MGA's products,

1  branding and advertising. As such, documents related to the Miuchiz.com website

2  and impact it had on the creation of a Mattel website are highly relevant and likely

3  to lead to the discovery of admissible evidence.

4          None of Mattel's improper objections are valid and Mattel is obligated

5  to produce all non–privileged responsive documents in its possession.

6  **MATTEL'S RESPONSE**

7          Mattel's relevance objection should be sustained.  MGA bears the

8  burden of showing that its discovery meets the relevance requirements of Rule

9  26(b)(1).[244]  MGA has failed to make this showing.  MGA argues that discovery

10  with respect to "Miuchiz.com" is relevant to MGA's allegations that Mattel is

11  engaged in copying MGA products, packaging, themes and advertising.  However,

12  Miuchiz is not relevant because it post-dates MGA's complaint, which was filed on

13  April 15, 2005.  MGA takes issue with Mattel imposing any temporal limitations on

14  its production based on the filing of MGA's complaint.  Yet it was MGA itself that

15  successfully enforced precisely such limits in responding to Mattel's Requests,

16  insisting that evidence that post-dated Mattel's complaint could not be relevant to

17  the claims in that complaint.  See Discovery Matter Order No. 3, dated March 10,

18  2009, at 18, Dart Decl., Exh. 7.  MGA offers no reason, nor could it consistent with

19  judicial estoppel, why documents post-dating the filing of claims which do not

20  allege continuing wrongdoing are relevant to those claims.

21          Finally, MGA failed to meet and confer at all, much less in good faith,

22  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

23  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing

24

25  _____

26  [244]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
(S.D. Cal. May 14, 2009).

28

1  any discovery motion, the moving party shall first identify each dispute, state the
2  relief sought and identify the authority supporting the requested relief in a meet and
3  confer letter that shall be served on all parties by facsimile or electronic mail. The
4  parties shall have five court days from the date of service of that letter to conduct an
5  in-person conference to attempt to resolve the dispute."). At no point during the
6  meet and confer process did the parties discuss this Request or Mattel's response to
7  it. In order to engage in a meaningful meet and confer, MGA had the burden to
8  show the relevance of any requests it sought to move on.[245]  Because MGA refused
9  to even attempt to make this showing, there was no possibility of a good faith meet
10 and confer to resolve the parties' disputes. The Discovery Master should deny
11 MGA's motion with respect to this Request on that grounds alone.
12 **REQUEST FOR PRODUCTION NO. 447:**
13         All COMMUNICATIONS, and all DOCUMENTS REFERRING OR
14 RELATING TO such COMMUNICATIONS, between YOU (including, but not
15 limited to, MATTEL's Brian Stockton) and SMOBY (including, but not limited to,
16 SMOBY's Jean–Christophe Breuil) regarding MGA or LARIAN.
17 **RESPONSE TO REQUEST NO. 447:**
18         In addition to the general objections stated above which are
19 incorporated herein by reference, Mattel objects to this Request on the grounds that
20 it is overbroad and unduly burdensome, including in that it seeks all documents on
21 this subject without limitation as to time, and regardless of whether such documents
22 relate to products or matters at issue in this case. Mattel further object on the
23 grounds that this Request is an attempt to circumvent the Discovery Master's

24 ────────────
25 [245]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   (S.D. Cal. May 14, 2009).
28

1   May 22, 2007 order determining that the requested documents are irrelevant and/or
2   that such requests are improper. Mattel further objects to the Request on the grounds
3   that it seeks documents that are not relevant to this action or likely to lead to the
4   discovery of admissible evidence. Mattel further objects to this Request on the
5   grounds that it seeks confidential, proprietary and trade secret information, including
6   such information that has no bearing on the claims or defenses in this case. Mattel
7   further objects to this Request on the grounds that it calls for the disclosure of
8   information subject to the attorney–client privilege, the attorney work–product
9   doctrine and other applicable privileges.

10  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
11  **TO SHOULD BE COMPELLED**

12          Mattel has not agreed to produce documents in response to this request,
13  based on its improper boilerplate objections. Under the Federal Rules of Civil
14  Procedure, "an objection to part of a request must specify the part and permit
15  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to
16  explain the basis for an objection with specificity are routinely rejected in the
17  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
18  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
19  harassing' are improper – especially when a party fails to submit any evidentiary
20  declarations supporting such objections"). Accordingly, Mattel must be compelled
21  either to certify that it has produced all non–privileged responsive documents or to
22  produce all such documents by a date certain.

23          To the extent that Mattel is relying on its blanket objections, they are
24  not sustainable and do not justify Mattel's failure to produce documents.

25          As to overbreadth, Mattel provides no explanation, let alone the
26  required particularity, as to why this request is supposedly overly broad, nor can it
27  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
28  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

-315-

1  contrary, the request is narrowly tailored to seek documents concerning
2  communications between Mattel and SMOBY regarding MGA or LARIAN, as
3  these documents are directly relevant to MGA's claim that Mattel interfered with
4  MGA's business dealings and contractual relations with SMOBY, as set forth, for
5  example, in MGA's Second Affirmative Defense.

6         As to burden, Mattel has not attempted to demonstrate why responding
7  to this request and/or producing responsive documents presents any burden. This
8  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
9  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
10  request is unduly burdensome must allege specific facts which indicate the nature
11  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
12  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
13  to seek only discoverable evidence. MGA claims that Mattel has engaged in
14  wrongful acts, such as interfering with MGA's business dealings and contractual
15  relations with SMOBY. MGA is entitled to discovery on these claims and its
16  defenses.

17         Mattel objects that the request contains confidential, proprietary and
18  trade secret information. A Protective Order exists in this case, obviating any
19  concern as to protection of privacy rights and/or commercially sensitive
20  information.

21         Mattel's objection that this request is an attempt to circumvent the
22  Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to
23  this request, which is much narrower than those considered irrelevant and/or
24  improper by the court. This request is narrowly tailored to Mattel's communications
25  with a specific entity, SMOBY, which is directly relevant to MGA's claims and
26  Second Affirmative Defense that Mattel interfered with MGA's business dealings
27  and contractual relations with SMOBY.

28

-316-
MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET FOUR)

1    This request does not seek documents protected by the attorney–client
2  privilege, the attorney work product doctrine, or other applicable privileges. To the
3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4    None of Mattel's improper objections are valid and Mattel is obligated
5  to produce all non–privileged responsive documents in its possession.

6  **MATTEL'S RESPONSE**

7    Mattel's relevance objection should be sustained.  MGA bears the
8  burden of showing that its discovery meets the relevance requirements of Rule
9  26(b)(1).[246]  MGA has failed to make this showing.  MGA argues that the discovery
10  request is relevant to MGA's unclean hands affirmative defense that "Mattel
11  interfered with MGA's business dealings and contractual relations with SMOBY."
12  However, as the Discovery Master has recognized, "unclean hands does not
13  constitute 'misconduct in the abstract, unrelated to the claim to which it is asserted
14  as a defense.'"[247]  Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841
15  (9th Cir. 2002).  "It is fundamental to [the] operation of the doctrine that the alleged
16  misconduct … relate directly to the transaction concerning which the complaint is
17  made."  Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir.
18  1989).  Accordingly, courts will not allow discovery based on an unclean hands
19  defense where the "allegations of misconduct do not relate to the transactions …
20  forming the basis for the complaint."  Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp.
21  948, 952 (S.D. Cal. 1996).  Here, MGA does not even attempt to link this Request to
22  any of Mattel's claims in Phase 2, and therefore the discovery is not relevant.

23  

24  [246]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
25  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
26  (S.D. Cal. May 14, 2009).

27  [247]  See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Dec.,
   Exh. 7.

28

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing

4  any discovery motion, the moving party shall first identify each dispute, state the

5  relief sought and identify the authority supporting the requested relief in a meet and

6  confer letter that shall be served on all parties by facsimile or electronic mail. The

7  parties shall have five court days from the date of service of that letter to conduct an

8  in-person conference to attempt to resolve the dispute.").  At no point during the

9  meet and confer process did the parties discuss this Request or Mattel's response to

10  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

11  show the relevance of any requests it sought to move on.[248]  Because MGA refused

12  to even attempt to make this showing, there was no possibility of a good faith meet

13  and confer to resolve the parties' disputes.  The Discovery Master should deny

14  MGA's motion with respect to this Request on that grounds alone.

15    Other than those documents that it has produced pursuant to other

16  requests, Mattel will not produce documents responsive to this request.

17  **REQUEST FOR PRODUCTION NO. 448:**

18    All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

19  RELATING TO such COMMUNICATIONS, between YOU (including, but not

20  limited to, MATTEL'S Brian Stockton) and SMOBY (including, but not limited to,

21  Jean–Christophe Breuil) regarding YOUR interest in acquiring the "Majorette"

22  brand or any other SMOBY asset.

23

24

25    [248]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

28  (S.D. Cal. May 14, 2009).