**RESPONSE TO REQUEST NO. 448:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney–client privilege, the attorney work–product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, based raising only improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled

1  either to certify that it has produced all non–privileged responsive documents or to
2  produce all such documents by a date certain.

3        To the extent that Mattel is relying on its blanket objections, they are
4  not sustainable and do not justify Mattel's failure to produce documents.

5        As to overbreadth, Mattel provides no explanation, let alone the
6  required particularity, as to why this request is supposedly overly broad, nor can it
7  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
9  contrary, the request is narrowly tailored to seek documents concerning
10  communications between Mattel and SMOBY regarding Mattel's interest in
11  acquiring the "Majorette" brand or other SMOBY assets, as these documents are
12  directly relevant to MGA's allegation that Mattel interfered with MGA's business
13  dealings and contractual relations with Smoby, for example, as set forth in MGA's
14  Second Affirmative Defense.

15        As to burden, Mattel has not attempted to demonstrate why responding
16  to this request and/or producing responsive documents presents any burden. This
17  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
18  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
19  request is unduly burdensome must allege specific facts which indicate the nature
20  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
21  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
22  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in
23  wrongful acts, such as interfering with MGA's business dealings and contractual
24  relations with SMOBY. MGA is entitled to discovery on these claims and defenses.

25        Mattel's objection that this request is an attempt to circumvent the
26  Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to
27  this request, which is much narrower than those considered irrelevant and/or
28  improper by the court. This request is narrowly tailored to Mattel's communications

1  with a specific entity, SMOBY, regarding a specific topic, Mattel's interest in
2  acquiring specific SMOBY assets. This request is directly relevant to MGA's claims
3  and Second Affirmative Defense that Mattel interfered with MGA's business
4  dealings and contractual relations with SMOBY.

5      Mattel objects that the request contains confidential, proprietary and
6  trade secret information. A Protective Order exists in this case, obviating any
7  concern as to protection of privacy rights and/or commercially sensitive
8  information.

9      This request does not seek documents protected by the attorney–client
10  privilege, the attorney work product doctrine, or other applicable privileges. To the
11  extent that Mattel contends that it does, Mattel must provide a privilege log.

12      None of Mattel's improper objections are valid and Mattel is obligated
13  to produce all non–privileged responsive documents in its possession.

14  **MATTEL'S RESPONSE**

15      Mattel's relevance objection should be sustained.  MGA bears the
16  burden of showing that its discovery meets the relevance requirements of Rule
17  26(b)(1).[249]  MGA has failed to make this showing.  MGA argues that the discovery
18  request is relevant to MGA's unclean hands affirmative defense that "Mattel
19  interfered with MGA's business dealings and contractual relations with SMOBY."
20  However, as the Discovery Master has recognized, "unclean hands does not
21  constitute 'misconduct in the abstract, unrelated to the claim to which it is asserted
22  as a defense.'"[250]  Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841

23  ────────────────

24  [249]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
   Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
25  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   (S.D. Cal. May 14, 2009).
26
   [250]  See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl.,
27  Exh. 7.
28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FOUR)

00505.07975/3161807.1

1  (9th Cir. 2002).  "It is fundamental to [the] operation of the doctrine that the alleged
2  misconduct ... relate directly to the transaction concerning which the complaint is
3  made."  Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir.
4  1989).  Accordingly, courts will not allow discovery based on an unclean hands
5  defense where the "allegations of misconduct do not relate to the transactions ...
6  forming the basis for the complaint."  Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp.
7  948, 952 (S.D. Cal. 1996).  Here, MGA does not even attempt to link this Request to
8  any of Mattel's claims in Phase 2, and therefore the discovery is not relevant.

9              Finally, MGA failed to meet and confer at all, much less in good faith,
10  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
11  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17_ ("[B]efore filing
12  any discovery motion, the moving party shall first identify each dispute, state the
13  relief sought and identify the authority supporting the requested relief in a meet and
14  confer letter that shall be served on all parties by facsimile or electronic mail. The
15  parties shall have five court days from the date of service of that letter to conduct an
16  in-person conference to attempt to resolve the dispute.").  At no point during the
17  meet and confer process did the parties discuss this Request or Mattel's response to
18  it.  In order to engage in a meaningful meet and confer, MGA had the burden to
19  show the relevance of any requests it sought to move on.[251]  Because MGA refused
20  to even attempt to make this showing, there was no possibility of a good faith meet
21  and confer to resolve the parties' disputes.  The Discovery Master should deny
22  MGA's motion with respect to this Request on that grounds alone.

23
24
---
25  [251]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
27  (S.D. Cal. May 14, 2009).
28

1           Other than those documents that it has produced pursuant to other

2   requests, Mattel will not produce documents responsive to this request.

3   **REQUEST FOR PRODUCTION NO. 449:**

4           All DOCUMENTS REFERRING OR RELATING TO business

5   dealings or contractual relations between MGA and SMOBY.

6   **RESPONSE TO REQUEST NO. 449:**

7           In addition to the general objections stated above which are

8   incorporated herein by reference, Mattel objects to this Request on the grounds that

9   it is overbroad and unduly burdensome, including in that it seeks all documents on

10  this subject without limitation as to time, and regardless of whether such documents

11  relate to products or matters at issue in this case. Mattel further object on the

12  grounds that this Request is an attempt to circumvent the Discovery Master's

13  May 22, 2007 order determining that the requested documents are irrelevant and/or

14  that such requests are improper. Mattel further objects to the Request on the grounds

15  that it seeks documents that are not relevant to this action or likely to lead to the

16  discovery of admissible evidence. Mattel further objects to this Request on the

17  grounds that it seeks confidential, proprietary and trade secret information, including

18  such information that has no bearing on the claims or defenses in this case. Mattel

19  further objects to this Request on the grounds that it calls for the disclosure of

20  information subject to the attorney–client privilege, the attorney work–product

21  doctrine and other applicable privileges.

22  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

23  **TO SHOULD BE COMPELLED**

24          Mattel has not agreed to produce documents in response to this request,

25  raising only improper boilerplate objections. Under the Federal Rules of Civil

26  Procedure, "an objection to part of a request must specify the part and permit

27  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to

28  explain the basis for an objection with specificity are routinely rejected in the

1   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
2   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
3   harassing' are improper – especially when a party fails to submit any evidentiary
4   declarations supporting such objections"). Accordingly, Mattel must be compelled
5   either to certify that it has produced all non–privileged responsive documents or to
6   produce all such documents by a date certain.

7           To the extent that Mattel is relying on its blanket objections, they are
8   not sustainable and do not justify Mattel's failure to produce documents.

9           As to overbreadth, Mattel provides no explanation, let alone the
10  required particularity, as to why this request is supposedly overly broad, nor can it
11  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
12  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
13  contrary, the request is narrowly tailored to seek documents concerning business
14  dealings and contractual relations between MGA and SMOBY, as these documents
15  are directly relevant to MGA's allegations that Mattel interfered with those business
16  dealings and contractual relations, for example, as set forth in MGA's Second
17  Affirmative Defense.

18          As to burden, Mattel has not attempted to demonstrate why responding
19  to this request and/or producing responsive documents presents any burden. This
20  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
21  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
22  request is unduly burdensome must allege specific facts which indicate the nature
23  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
24  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
25  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in
26  wrongful acts, such as interfering with MGA's business dealings and contractual
27  relations with SMOBY. MGA is entitled to discovery on these claims.

28

00505.07975/3161807.1

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FOUR)

1          Mattel's objection that this Request is an attempt to circumvent the

2   Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to

3   this Request, which is much narrower than those considered irrelevant and/or

4   improper by the court. This request is narrowly tailored to documents regarding

5   business dealings and contractual relations between MGA and SMOBY, which is

6   directly relevant to MGA's claims and Second Affirmative Defense that Mattel

7   interfered with MGA's business dealings and contractual relations with SMOBY.

8          Mattel objects that the request contains confidential, proprietary and

9   trade secret information. A Protective Order exists in this case, obviating any

10  concern as to protection of privacy rights and/or commercially sensitive

11  information.

12         This request does not seek documents protected by the attorney–client

13  privilege, the attorney work product doctrine, or other applicable privileges. To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15         None of Mattel's improper objections are valid and Mattel is obligated

16  to produce all non–privileged responsive documents in its possession.

17  **MATTEL'S RESPONSE**

18         Mattel's relevance objection should be sustained.  MGA bears the

19  burden of showing that its discovery meets the relevance requirements of Rule

20  26(b)(1).[252]  MGA has failed to make this showing.  MGA argues that the discovery

21  request is relevant to MGA's unclean hands affirmative defense that "Mattel

22  interfered with MGA's business dealings and contractual relations with SMOBY."

23  However, as the Discovery Master has recognized, "unclean hands does not

24

25  [252]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1 | constitute 'misconduct in the abstract, unrelated to the claim to which it is asserted
2 | as a defense.'"[253]  Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841
3 | (9th Cir. 2002).  "It is fundamental to [the] operation of the doctrine that the alleged
4 | misconduct ... relate directly to the transaction concerning which the complaint is
5 | made." Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir.
6 | 1989).  Accordingly, courts will not allow discovery based on an unclean hands
7 | defense where the "allegations of misconduct do not relate to the transactions ...
8 | forming the basis for the complaint." Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp.
9 | 948, 952 (S.D. Cal. 1996).  Here, MGA does not even attempt to link this Request to
10 | any of Mattel's claims in Phase 2, and therefore the discovery is not relevant.

11 | Finally, MGA failed to meet and confer at all, much less in good faith,
12 | regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
13 | Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing
14 | any discovery motion, the moving party shall first identify each dispute, state the
15 | relief sought and identify the authority supporting the requested relief in a meet and
16 | confer letter that shall be served on all parties by facsimile or electronic mail. The
17 | parties shall have five court days from the date of service of that letter to conduct an
18 | in-person conference to attempt to resolve the dispute.").  At no point during the
19 | meet and confer process did the parties discuss this Request or Mattel's response to
20 | it.  In order to engage in a meaningful meet and confer, MGA had the burden to
21 | show the relevance of any requests it sought to move on.[254]  Because MGA refused
22 | to even attempt to make this showing, there was no possibility of a good faith meet

23 |
24 |

---

25 | [253] See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl.,
26 | Exh. 7.

27 | [254] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
28 | (footnote continued)

1   and confer to resolve the parties' disputes.  The Discovery Master should deny

2   MGA's motion with respect to this Request on that grounds alone.

3          Other than those documents that it has produced pursuant to other

4   requests, Mattel will not produce documents responsive to this request.

5   **REQUEST FOR PRODUCTION NO. 450:**

6          All DOCUMENTS REFERRING OR RELATING TO YOUR plans,

7   attempts, efforts or intent to interfere with business dealings or contractual relations

8   between MGA and SMOBY.

9   **RESPONSE TO REQUEST NO. 450:**

10         In addition to the general objections stated above which are

11  incorporated herein by reference, Mattel objects to this Request on the grounds that

12  it is overbroad and unduly burdensome, including in that it seeks all documents on

13  this subject without limitation as to time, and regardless of whether such documents

14  relate to products or matters at issue in this case. Mattel further object on the

15  grounds that this Request is an attempt to circumvent the Discovery Master's

16  May 22, 2007 order determining that the requested documents are irrelevant and/or

17  that such requests are improper. Mattel further objects to the Request on the grounds

18  that it seeks documents that are not relevant to this action or likely to lead to the

19  discovery of admissible evidence. Mattel further objects to this Request on the

20  grounds that it seeks confidential, proprietary and trade secret information, including

21  such information that has no bearing on the claims or defenses in this case. Mattel

22  further objects to this Request on the grounds that it calls for the disclosure of

23  information subject to the attorney–client privilege, the attorney work–product

24  doctrine and other applicable privileges.

25

26  _____

27  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1

28  (S.D. Cal. May 14, 2009).

1 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2 **TO SHOULD BE COMPELLED**

3      Mattel has not agreed to produce documents in response to this request,
4 raising only its improper boilerplate objections. Under the Federal Rules of Civil
5 Procedure, "an objection to part of a request must specify the part and permit
6 inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to
7 explain the basis for an objection with specificity are routinely rejected in the
8 Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
9 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
10 harassing' are improper – especially when a party fails to submit any evidentiary
11 declarations supporting such objections"). Accordingly, Mattel must be compelled
12 either to certify that it has produced all non–privileged responsive documents or to
13 produce all such documents by a date certain.

14      To the extent that Mattel is relying on its blanket objections, they are
15 not sustainable and do not justify Mattel's failure to produce documents.

16      As to overbreadth, Mattel provides no explanation, let alone the
17 required particularity, as to why this request is supposedly overly broad, nor can it
18 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
19 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
20 contrary, the request is narrowly tailored to seek documents concerning Mattel's
21 plans, attempts, efforts or intent to interfere with business dealings and contractual
22 relations between MGA and SMOBY, as these documents are directly relevant to
23 MGA's allegation that Mattel interfered with those business dealings and
24 contractual relations, for example, as set forth in MGA's Second Affirmative
25 Defense.

26      As to burden, Mattel has not attempted to demonstrate why responding
27 to this request and/or producing responsive documents presents any burden. This
28 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

1   173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
2   request is unduly burdensome must allege specific facts which indicate the nature
3   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
4   it is not unduly burdensome, as noted above, in that the request is narrowly tailored
5   to seek only discoverable evidence. MGA has alleged that Mattel engaged in
6   wrongful acts, such as interfering with MGA's business dealings and contractual
7   relations with Smoby. MGA is entitled to discovery on these claims and defenses.

8           Mattel's objection that this request is an attempt to circumvent the
9   Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to
10  this request, which is much narrower than those considered irrelevant and/or
11  improper by the court. This request is narrowly tailored to documents regarding
12  Mattel's actual or intended interference with business dealings and contractual
13  relations between MGA and SMOBY, which is directly relevant to MGA's claims
14  and Second Affirmative Defense that Mattel interfered with MGA's business
15  dealings and contractual relations with SMOBY.

16          Mattel objects that the request contains confidential, proprietary and
17  trade secret information. A Protective Order exists in this case, obviating any
18  concern as to protection of privacy rights and/or commercially sensitive
19  information.

20          This request does not seek documents protected by the attorney–client
21  privilege, the attorney work product doctrine, or other applicable privileges. To the
22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23          None of Mattel's improper objections are valid and Mattel is obligated
24  to produce all non–privileged responsive documents in its possession.

25

26

27

28

**MATTEL'S RESPONSE**

Mattel's relevance objection should be sustained.  MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[255]  MGA has failed to make this showing.  MGA argues that the discovery request is relevant to MGA's unclean hands affirmative defense that "Mattel interfered with MGA's business dealings and contractual relations with SMOBY."  However, as the Discovery Master has recognized, "unclean hands does not constitute 'misconduct in the abstract, unrelated to the claim to which it is asserted as a defense.'"[256]  Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002).  "It is fundamental to [the] operation of the doctrine that the alleged misconduct ... relate directly to the transaction concerning which the complaint is made."  Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir. 1989).  Accordingly, courts will not allow discovery based on an unclean hands defense where the "allegations of misconduct do not relate to the transactions ... forming the basis for the complaint."  Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 952 (S.D. Cal. 1996).  Here, MGA does not even attempt to link this Request to any of Mattel's claims in Phase 2, and therefore the discovery is not relevant.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and

---

[255]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[256]  See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl., Exh. 7.

1   confer letter that shall be served on all parties by facsimile or electronic mail. The

2   parties shall have five court days from the date of service of that letter to conduct an

3   in-person conference to attempt to resolve the dispute."). At no point during the

4   meet and confer process did the parties discuss this Request or Mattel's response to

5   it. In order to engage in a meaningful meet and confer, MGA had the burden to

6   show the relevance of any requests it sought to move on.[257]   Because MGA refused

7   to even attempt to make this showing, there was no possibility of a good faith meet

8   and confer to resolve the parties' disputes. The Discovery Master should deny

9   MGA's motion with respect to this Request on that grounds alone.

10          Other than those documents that it has produced pursuant to other

11   requests, Mattel will not produce documents responsive to this request.

12   **REQUEST FOR PRODUCTION NO. 451:**

13          All DOCUMENTS REFERRING OR RELATING TO YOUR

14   knowledge or awareness of MGA's business dealings or contractual relations with

15   SMOBY prior to April 16, 2007.

16   **RESPONSE TO REQUEST NO. 451:**

17          In addition to the general objections stated above which are

18   incorporated herein by reference, Mattel objects to this Request on the grounds that

19   it is overbroad and unduly burdensome, including in that it seeks all documents on

20   this subject without limitation as to time, and regardless of whether such documents

21   relate to products or matters at issue in this case. Mattel further object on the

22   grounds that this Request is an attempt to circumvent the Discovery Master's

23   May 22, 2007 order determining that the requested documents are irrelevant and/or

24

---

25   [257]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26   Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27   burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1
     (S.D. Cal. May 14, 2009).
28

1   that such requests are improper. Mattel further objects to the Request on the grounds
2   that it seeks documents that are not relevant to this action or likely to lead to the
3   discovery of admissible evidence. Mattel further objects to this Request on the
4   grounds that it seeks confidential, proprietary and trade secret information, including
5   such information that has no bearing on the claims or defenses in this case. Mattel
6   further objects to this Request on the grounds that it calls for the disclosure of
7   information subject to the attorney–client privilege, the attorney work–product
8   doctrine and other applicable privileges.

9   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
10  **TO SHOULD BE COMPELLED**

11          Mattel has not agreed to produce documents in response to this request,
12  raising only improper boilerplate objections. Under the Federal Rules of Civil
13  Procedure, "an objection to part of a request must specify the part and permit
14  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to
15  explain the basis for an objection with specificity are routinely rejected in the
16  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
17  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
18  harassing' are improper – especially when a party fails to submit any evidentiary
19  declarations supporting such objections"). Accordingly, Mattel must be compelled
20  either to certify that it has produced all non–privileged responsive documents or to
21  produce all such documents by a date certain.

22          To the extent that Mattel is relying on its blanket objections, they are
23  not sustainable and do not justify Mattel's failure to produce documents.

24          As to overbreadth, Mattel provides no explanation, let alone the
25  required particularity, as to why this request is supposedly overly broad, nor can it
26  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
27  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
28  contrary, the request is narrowly tailored to seek documents concerning Mattel's

1    knowledge or awareness of MGA's business dealings or contractual relations with
2    SMOBY, specifically limited to times prior to April 16, 2007, as these documents
3    are directly relevant to MGA's allegations that Mattel interfered with those business
4    dealings and contractual relations, for example, as set forth in MGA's Second
5    Affirmative Defense.

6           As to burden, Mattel has not attempted to demonstrate why responding
7    to this request and/or producing responsive documents presents any burden. This
8    objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
9    173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
10   request is unduly burdensome must allege specific facts which indicate the nature
11   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
12   it is not unduly burdensome, as noted above, in that the request is narrowly tailored
13   to seek only discoverable evidence. MGA has alleged that Mattel engaged in
14   wrongful acts, such as interfering with MGA's business dealings and contractual
15   relations with SMOBY. MGA is entitled to discovery on these claims and defenses.

16          Mattel's objection that this request is an attempt to circumvent the
17   Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to
18   this request, which is much narrower than those considered irrelevant and/or
19   improper by the court. This request is narrowly tailored to documents regarding
20   Mattel's knowledge or awareness of MGA's business dealings or contractual
21   relations with SMOBY, and is further limited to a specified timeframe. This request
22   is directly relevant to MGA's claims and Second Affirmative Defense that Mattel
23   interfered with MGA's business dealings and contractual relations with SMOBY.

24          Mattel objects that the request contains confidential, proprietary and
25   trade secret information. A Protective Order exists in this case, obviating any
26   concern as to protection of privacy rights and/or commercially sensitive
27   information.

28

1    This request does not seek documents protected by the attorney–client

2    privilege, the attorney work product doctrine, or other applicable privileges. To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    None of Mattel's improper objections are valid and Mattel is obligated

5    to produce all non–privileged responsive documents in its possession.

6    **MATTEL'S RESPONSE**

7    Mattel's relevance objection should be sustained.  MGA bears the

8    burden of showing that its discovery meets the relevance requirements of Rule

9    26(b)(1).[258]  MGA has failed to make this showing.  MGA argues that the discovery

10   request is relevant to MGA's unclean hands affirmative defense that "Mattel

11   interfered with MGA's business dealings and contractual relations with SMOBY."

12   However, as the Discovery Master has recognized, "unclean hands does not

13   constitute 'misconduct in the abstract, unrelated to the claim to which it is asserted

14   as a defense.'"[259]  Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841

15   (9th Cir. 2002).  "It is fundamental to [the] operation of the doctrine that the alleged

16   misconduct … relate directly to the transaction concerning which the complaint is

17   made."  Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 13 F.2d 165, 173 (9th Cir.

18   1989).  Accordingly, courts will not allow discovery based on an unclean hands

19   defense where the "allegations of misconduct do not relate to the transactions …

20   forming the basis for the complaint."  Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp.

21   948, 952 (S.D. Cal. 1996).  Here, MGA does not even attempt to link this Request to

22   any of Mattel's claims in Phase 2, and therefore the discovery is not relevant.

23   _____

24   [258]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
      Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
25   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
      (S.D. Cal. May 14, 2009).
26
      [259]  See Discovery Matter Order No. 3, dated March 10, 2009, at 23, Dart Decl.,
27   Exh. 7.

28

1           Finally, MGA failed to meet and confer at all, much less in good faith,

2    regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3    Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing

4    any discovery motion, the moving party shall first identify each dispute, state the

5    relief sought and identify the authority supporting the requested relief in a meet and

6    confer letter that shall be served on all parties by facsimile or electronic mail. The

7    parties shall have five court days from the date of service of that letter to conduct an

8    in-person conference to attempt to resolve the dispute.").  At no point during the

9    meet and confer process did the parties discuss this Request or Mattel's response to

10    it.  In order to engage in a meaningful meet and confer, MGA had the burden to

11    show the relevance of any requests it sought to move on.[260]   Because MGA refused

12    to even attempt to make this showing, there was no possibility of a good faith meet

13    and confer to resolve the parties' disputes.  The Discovery Master should deny

14    MGA's motion with respect to this Request on that grounds alone.

15           Other than those documents that it has produced pursuant to other

16    requests, Mattel will not produce documents responsive to this request.

17    **REQUEST FOR PRODUCTION NO. 452:**

18           All DOCUMENTS REFERRING OR RELATING TO directives,

19    suggestions or instructions from YOU to create ADVERTISEMENTS for "MY

20    SCENE," "POLLY POCKET," "ACCELERACERS" or any other MATTEL

21    products using elements that are similar to or the same as elements used in

22    ADVERTISEMENTS for "BRATZ," "ALIEN RACERS," or any other MGA

23    products known to YOU.

24    

---

25    [260]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26    Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27    burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

   (S.D. Cal. May 14, 2009).

28

1  **RESPONSE TO REQUEST NO. 452:**

2         In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all

5  documents on this subject without limitation as to time, and regardless of whether

6  such documents relate to products or matters at issue in this case. Mattel further

7  object on the grounds that this Request is an attempt to circumvent the Discovery

8  Master's orders of April 19, 2007 and May 22, 2007 determining that the requested

9  documents are irrelevant and/or that such requests are improper. Mattel further

10 objects on the grounds that the term "elements" is vague and ambiguous. Mattel

11 further objects to the Request on the grounds that it seeks documents that are not

12 relevant to this action or likely to lead to the discovery of admissible evidence.

13 Mattel further objects to this Request on the grounds that it seeks confidential,

14 proprietary and trade secret information, including such information that has no

15 bearing on the claims or defenses in this case. Mattel further objects to this Request

16 on the grounds that it calls for the disclosure of information subject to the attorney–

17 client privilege, the attorney work–product doctrine and other applicable privileges.

18 Mattel further objects to this Request as duplicative of requests previously served by

19 MGA in this litigation.

20        Subject to and without waiving the foregoing objections, Mattel

21 responds as follows: Mattel will produce such responsive, non–privileged

22 documents relating to those matters placed at issue in this litigation that are in

23 Mattel's possession, custody, or control, if any, that Mattel has been able to locate

24 after a diligent search and reasonable inquiry, to the extent not previously produced.

25 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

26 **TO SHOULD BE COMPELLED**

27        Mattel has improperly limited its agreement to produce documents to

28 matters it deems placed at issue in response to this request. Under the Federal Rules

00505.07975/3161807.1

1  of Civil Procedure, "an objection to part of a request must specify the part and
2  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that
3  fail to explain the basis for an objection with specificity are routinely rejected in the
4  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
5  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
6  harassing' are improper – especially when a party fails to submit any evidentiary
7  declarations supporting such objections"). Accordingly, Mattel must be compelled
8  either to certify that it has produced all non–privileged responsive documents or to
9  produce all such documents by a date certain.

10       To the extent that Mattel is relying on its blanket objections, they are
11  not sustainable and do not justify Mattel's failure to produce documents.

12       As to overbreadth, Mattel provides no explanation, let alone the
13  required particularity, as to why this request is supposedly overly broad, nor can it
14  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
15  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
16  contrary, the request is narrowly tailored to seek documents concerning directives,
17  suggestions or instructions from Mattel to create advertisements for Mattel products
18  using elements that are similar to or the same as elements used in advertisements for
19  MGA products.

20       As to burden, Mattel has not attempted to demonstrate why responding
21  to this request and/or producing responsive documents presents any burden. This
22  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
23  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
24  request is unduly burdensome must allege specific facts which indicate the nature
25  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
26  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
27  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
28

1 | broad variety of unfair trade practices, including serial copying of MGA products,
2 | branding and advertising. MGA is entitled to discovery on these claims.

3 | This request does not seek documents protected by the attorney–client
4 | privilege, the attorney work product doctrine, or other applicable privileges. To the
5 | extent that Mattel contends that it does, Mattel must provide a privilege log.

6 | Mattel objects that the request contains confidential, proprietary and
7 | trade secret information. A Protective Order exists in this case, obviating any
8 | concern as to protection of privacy rights and/or commercially sensitive
9 | information.

10 | Mattel objects that the request is duplicative or subsumed within prior
11 | requests but does not identify the allegedly duplicative requests. Mattel's failure to
12 | agree to produce responsive non–privileged documents is not proper based on this
13 | objection.

14 | Mattel also objects to this request on relevance grounds. MGA has
15 | alleged claims of unfair competition based on Mattel's serial copying and imitation
16 | of MGA's products, branding and advertising. As such, documents related to
17 | directives, suggestions or instructions from Mattel to create advertisements for
18 | Mattel products using elements that are similar to or the same as elements used in
19 | advertisements for MGA products are highly relevant and likely to lead to the
20 | discovery of admissible evidence.

21 | Mattel has also improperly limited its agreement to produce by
22 | redefining the scope of MGA's request. Mattel has only agreed to produce
23 | documents "relating to those matters placed at issue in this litigation." Mattel is
24 | required to respond to the request as originally worded by MGA, and to the extent
25 | that Mattel is withholding documents, such revision is improper.

26 | None of Mattel's improper objections are valid and Mattel is obligated
27 | to produce all non–privileged responsive documents in its possession.

28 |

1 | **MATTEL'S RESPONSE**

2            As MGA would have learned had it bothered to meet and confer on

3 these issues, Mattel has already produced all relevant non-privileged documents

4 responsive to this Request.  MGA objects to Mattel's limitation that it will produce

5 documents related to "matters placed at issue in this litigation," but it provides no

6 argument as to why this limitation is inappropriate.  MGA has not provided any

7 basis for asserting that this production is incomplete.  MGA's motion to compel

8 responses to this Request should therefore be denied as moot.

9            MGA argues that Mattel seeks unilaterally to impose limits on the

10 electronic discovery sources that it must search and from which it must collect

11 documents.  After exhaustive briefing in January through March 2008, the

12 Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data

13 searches.  In January 2008, MGA moved for a "certification"[261] that Mattel had

14 produced "all non-privileged email responsive to MGA's and Bryant's document

15 requests."[262]  Because that Motion pre-dated the stay of Phase 2 discovery, it was

16 *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's

17 arguments, the Discovery Master noted the exhaustive search methods Mattel had

18 undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

19

20

21

22

---

23 [261]  The prior Discovery Master has noted that such "certifications" are improper.  See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25

24 ("THE COURT: You don't have to address that [the certification issue].  As far as I'm concerned, there is no good cause or basis or authorized rule in the Federal

25 Rules of Civil Procedure that support such an order, so I'm going to deny that aspect

26 of the motion.").

27 [262]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart Decl., Exh. 16.

28

-339-

1   date for electronic information are adequate to discharge its obligation under Rule
2   34."[263]

3           MGA ignores these prior rulings entirely, and demands again that
4   Mattel search *all* data sources in its possession, custody or control for responsive
5   information in connection with its requests for production.  It also ignores the recent
6   ruling of the current Discovery Master that MGA's requests calling for documents
7   that could be found anywhere on Mattel's thousands of servers or individual
8   employee computers worldwide are unduly burdensome.  See Phase 2 Discovery
9   Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (█████
10  ████████████████████████████████████████████████████████
11  ████████████████████████████████████████████
12  ████████████████████████████████████████████
13  ████████████████████████   Mattel has fully responded to MGA's
14  request, and further searches should not be ordered.

15          Despite Mattel's agreement to produce documents, MGA nevertheless
16  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For
17  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald
18  assertion that "this request does not seek information protected by the attorney-client
19  privilege, the attorney work product doctrine, or other applicable privileges" has no
20  merit.  Documents discussing advertisements could very well be subject to a claim
21  of privilege or work product protection.  Moreover, as MGA has itself argued, the
22  parties have agreed that "all privileged documents would be logged except for

23
24
25
26
27  [263]   See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
    Dart Decl., Exh. 16.
28

1 | documents created after this action was filed on April 27, 2004."[264] Thus, to the
2 | extent privileged documents fall within the post lawsuit time period, they need not
3 | be included on Mattel's log.

4 |          Similarly, MGA attempts to overrule Mattel's burden objection though
5 | it provides no argument on the issue. Yet, as MGA knows, the Discovery Master
6 | has already placed limits on the searches Mattel must make in producing documents,
7 | and this objection is only meant to invoke those issues that have already been
8 | settled. See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at
9 | 6-7, Dart Decl., Exh. 16 (denying Motion to Compel on all outstanding emails,
10 | holding that Mattel has produced all relevant emails and does not need to consult
11 | back-up tapes to complete its production). MGA should not be permitted to
12 | circumvent prior Orders by seeking to overrule Mattel's objections here.

13 |          Finally, MGA failed to meet and confer at all, much less in good faith,
14 | regarding this Request prior to filing its Motion. See Phase 2 Discovery Master
15 | Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing
16 | any discovery motion, the moving party shall first identify each dispute, state the
17 | relief sought and identify the authority supporting the requested relief in a meet and
18 | confer letter that shall be served on all parties by facsimile or electronic mail. The
19 | parties shall have five court days from the date of service of that letter to conduct an
20 | in-person conference to attempt to resolve the dispute."). At no point during the
21 | meet and confer process did the parties discuss this Request or Mattel's response to
22 | it. In order to engage in a meaningful meet and confer, MGA had the burden to
23 |
24 |
25 |
———————————————————
26 | [264]  See Order Denying Mattel's Motion for Protective Order Limiting the
27 | Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.
28 |

1  show the relevance of any requests it sought to move on.[265]   Because MGA refused

2  to even attempt to make this showing, there was no possibility of a good faith meet

3  and confer to resolve the parties' disputes.  The Discovery Master should deny

4  MGA's motion with respect to this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 453:**

6              All DOCUMENTS REFERRING OR RELATING TO YOUR attempts

7  or efforts to interfere with MGA's ability to produce ADVERTISEMENTS,

8  including, without limitation, efforts to hire the same actresses who appeared in

9  MGA's ADVERTISEMENTS for `BRATZ" and efforts to hire the same crew

10  members used by MGA for its ADVERTISEMENTS for `BRATZ."

11  **RESPONSE TO REQUEST NO. 453:**

12             In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case. Mattel further

17  object on the grounds that this Request is an attempt to circumvent the Discovery

18  Master's May 22, 2007 order determining that the requested documents are

19  irrelevant and/or that such requests are improper. Mattel further objects to this

20  Request on the grounds that it assumes facts not in evidence or is contrary to the

21  evidence. Mattel further objects to the Request on the grounds that it seeks

22  documents that are not relevant to this action or likely to lead to the discovery of

23  admissible evidence. Mattel further objects to this Request on the grounds that it

24

25  [265]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  seeks confidential, proprietary and trade secret information, including such

2  information that has no bearing on the claims or defenses in this case. Mattel further

3  objects to this Request on the grounds that it calls for the disclosure of information

4  subject to the attorney–client privilege, the attorney work–product doctrine and

5  other applicable privileges.

6          Subject to and without waiving the foregoing objections, Mattel

7  responds as follows: Mattel will produce such responsive, non–privileged

8  documents relating to those matters placed at issue in this litigation that are in

9  Mattel's possession, custody, or control, if any, that Mattel has been able to locate

10  after a diligent search and reasonable inquiry, to the extent not previously produced.

11  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

12  **TO SHOULD BE COMPELLED**

13          Mattel has improperly limited its agreement to produce documents to

14  matters it deems placed at issue in response to this request. Mattel has refused to

15  confirm whether or not it has produced all non–privileged responsive documents or

16  whether it is withholding documents based on its objections in Phase 2. Under the

17  Federal Rules of Civil Procedure, "an objection to part of a request must specify the

18  part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic

19  objections that fail to explain the basis for an objection with specificity are routinely

20  rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234

21  F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

22  burdensome and harassing' are improper – especially when a party fails to submit

23  any evidentiary declarations supporting such objections"). Accordingly, Mattel must

24  be compelled either to certify that it has produced all non–privileged responsive

25  documents or to produce all such documents by a date certain.

26          To the extent that Mattel is relying on its blanket objections, they are

27  not sustainable and do not justify Mattel's failure to produce documents.

28

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning attempts or hire the same crew members as MGA with respect to advertisements.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, including claims of serial copying and claims related to Mattel's efforts to interfere with MGA's business. MGA is entitled to discovery on these claims and defenses.

This request does not seek documents protected by the attorney–client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential, proprietary and trade secret information. A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel also objects to this request on relevance grounds. MGA has alleged claims of unfair competition, including claims related to serial copying and Mattel's efforts to interfere with MGA's advertising. As such, documents related to Mattel's attempts or efforts to hire the same individuals as MGA with respect to

1  advertisements are highly relevant and likely to lead to the discovery of admissible
2  evidence.

3          Mattel has also improperly limited its agreement to produce by
4  redefining the scope of MGA's request. Mattel has only agreed to produce
5  documents "relating to those matters placed at issue in this litigation." Mattel is
6  required to respond to the request as originally worded by MGA, and to the extent
7  that Mattel is withholding documents, such revision is improper.

8          None of Mattel's improper objections are valid and Mattel is obligated
9  to produce all non–privileged responsive documents in its possession.

10  **MATTEL'S RESPONSE**

11          As MGA would have learned had it bothered to meet and confer on
12  these issues, Mattel has already produced all relevant non-privileged documents
13  responsive to this Request. MGA objects to Mattel's limitation that it will produce
14  documents related to "matters placed at issue in this litigation," but it provides no
15  argument as to why this limitation is inappropriate. MGA has not provided any
16  basis for asserting that this production is incomplete. MGA's motion to compel
17  responses to this Request should therefore be denied as moot.

18          MGA argues that Mattel seeks unilaterally to impose limits on the
19  electronic discovery sources that it must search and from which it must collect
20  documents. After exhaustive briefing in January through March 2008, the
21  Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
22  searches. In January 2008, MGA moved for a "certification"[266] that Mattel had

23  _____

24  [266]  The prior Discovery Master has noted that such "certifications" are
25  improper. See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25
    ("THE COURT: You don't have to address that [the certification issue]. As far as
26  I'm concerned, there is no good cause or basis or authorized rule in the Federal
    Rules of Civil Procedure that support such an order, so I'm going to deny that aspect
27  of the motion.").

28

1  produced "all non-privileged email responsive to MGA's and Bryant's document
2  requests."[267]  Because that Motion pre-dated the stay of Phase 2 discovery, it was
3  *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's
4  arguments, the Discovery Master noted the exhaustive search methods Mattel had
5  undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to
6  date for electronic information are adequate to discharge its obligation under Rule
7  34."[268]

8  　　　　　MGA ignores these prior rulings entirely, and demands again that
9  Mattel search *all* data sources in its possession, custody or control for responsive
10  information in connection with its requests for production.  It also ignores the recent
11  ruling of the current Discovery Master that MGA's requests calling for documents
12  that could be found anywhere on Mattel's thousands of servers or individual
13  employee computers worldwide are unduly burdensome.  See Phase 2 Discovery
14  Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (██████
15  ████████████████████████████████████████████████████████████
16  ████████████████████████████████████████████████████████
17  ████████████████████████████████████████████████████████
18  ██████████████████████████████████  Mattel has fully responded to MGA's
19  request, and further searches should not be ordered.

20  　　　　　Despite Mattel's agreement to produce documents, MGA nevertheless
21  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For
22  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald
23  assertion that "this request does not seek information protected by the attorney-client

---

25  [267]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart
26  Decl., Exh. 16.
27  [268]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
   Dart Decl., Exh. 16.

privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Documents discussing Mattel products could very well be subject to a claim of privilege or work product protection. Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[269] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Similarly, MGA attempts to overrule Mattel's burden objection though it provides no argument on the issue. Yet, as MGA knows, the Discovery Master has already placed limits on the searches Mattel must make in producing documents, and this objection is only meant to invoke those issues that have already been settled. See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at 6-7, Dart Decl., Exh. 16 (denying Motion to Compel on all outstanding emails, holding that Mattel has produced all relevant emails and does not need to consult back-up tapes to complete its production). MGA should not be permitted to circumvent prior Orders by seeking to overrule Mattel's objections here.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). At no point during the

---

[269]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1  meet and confer process did the parties discuss this Request or Mattel's response to
2  it.  In order to engage in a meaningful meet and confer, MGA had the burden to
3  show the relevance of any requests it sought to move on.[270]   Because MGA refused
4  to even attempt to make this showing, there was no possibility of a good faith meet
5  and confer to resolve the parties' disputes.  The Discovery Master should deny
6  MGA's motion with respect to this Request on that grounds alone.

7  **REQUEST FOR PRODUCTION NO. 454:**

8       All DOCUMENTS REFERRING OR RELATING TO proposed or
9  actual ADVERTISEMENTS for "MY SCENE," "POLLY POCKET,"
10  "ACCELERACERS," or any other MATTEL products and which also REFER OR
11  RELATE TO "BRATZ," "ALIEN RACERS," or any other MGA products known
12  to YOU.

13  **RESPONSE TO REQUEST NO. 454:**

14       In addition to the general objections stated above which are
15  incorporated herein by reference, Mattel objects to this Request on the grounds that
16  it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all
17  documents on this subject without limitation as to time, and regardless of whether
18  such documents relate to products or matters at issue in this case. Mattel further
19  object on the grounds that this Request is an attempt to circumvent the Discovery
20  Master's orders of April 19, 2007 and May 22, 2007 determining that the requested
21  documents are irrelevant and/or that such requests are improper. Mattel further
22  objects on the grounds that the term "elements" is vague and ambiguous. Mattel
23  further objects to the Request on the grounds that it seeks documents that are not
24

25  [270]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   (S.D. Cal. May 14, 2009).
28

1 | relevant to this action or likely to lead to the discovery of admissible evidence.
2 | Mattel further objects to this Request on the grounds that it seeks confidential,
3 | proprietary and trade secret information, including such information that has no
4 | bearing on the claims or defenses in this case. Mattel further objects to this Request
5 | on the grounds that it calls for the disclosure of information subject to the attorney–
6 | client privilege, the attorney work–product doctrine and other applicable privileges.
7 | Mattel further objects to this Request as duplicative of requests previously served by
8 | MGA in this litigation.

9 | Subject to and without waiving the foregoing objections, Mattel
10 | responds as follows: Mattel will produce such responsive, non–privileged
11 | documents relating to those matters placed at issue in this litigation that are in
12 | Mattel's possession, custody, or control, if any, that Mattel has been able to locate
13 | after a diligent search and reasonable inquiry, to the extent not previously produced.

14 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
15 | **TO SHOULD BE COMPELLED**

16 | Mattel has improperly limited its agreement to produce documents to
17 | matters it deems placed at issue in response to this request. Mattel has refused to
18 | confirm whether or not it has produced all non–privileged responsive documents or
19 | whether it is withholding documents based on its objections or limitation in Phase 2.
20 | Under the Federal Rules of Civil Procedure, "an objection to part of a request must
21 | specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
22 | Generic objections that fail to explain the basis for an objection with specificity are
23 | routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
24 | 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
25 | 'overly burdensome and harassing' are improper – especially when a party fails to
26 | submit any evidentiary declarations supporting such objections"). Accordingly,
27 | Mattel must be compelled either to certify that it has produced all non–privileged
28 | responsive documents or to produce all such documents by a date certain.

1           To the extent that Mattel is relying on its blanket objections, they are

2    not sustainable and do not justify Mattel's failure to produce documents.

3           As to overbreadth, Mattel provides no explanation, let alone the

4    required particularity, as to why this request is supposedly overly broad, nor can it

5    do so.

6           This objection is therefore improper. Order No. 17, dated April 14,

7    2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.,

8    Ex. 58. To the contrary, the request is narrowly tailored to seek documents

9    concerning proposed or actual advertisements for Mattel products which also

10   reference MGA products.

11          As to burden, Mattel has not attempted to demonstrate why responding

12   to this request and/or producing responsive documents presents any burden. This

13   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

14   173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

17   it is not unduly burdensome, as noted above, in that the request is narrowly tailored

18   to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

19   broad variety of unfair trade practices, including copying of, and interfering with,

20   MGA's advertising. MGA is entitled to discovery on these claims.

21          This request does not seek documents protected by the attorney–client

22   privilege, the attorney work product doctrine, or other applicable privileges. To the

23   extent that Mattel contends that it does, Mattel must provide a privilege log.

24          Mattel objects that the request contains confidential, proprietary and

25   trade secret information. A Protective Order exists in this case, obviating any

26   concern as to protection of privacy rights and/or commercially sensitive

27   information.

28

1    Mattel objects that the request is duplicative or subsumed within prior
2  requests but does not identify the allegedly duplicative requests. Mattel's failure to
3  agree to produce responsive non–privileged documents is not proper based on this
4  objection.

5    Mattel also objects to this request on relevance grounds. MGA has
6  alleged claims of unfair competition based on Mattel's copying of, and interfering
7  with, MGA's advertising. As such, documents related to advertisements for Mattel
8  products which also reference MGA products are highly relevant and likely to lead
9  to the discovery of admissible evidence.

10    Mattel has also improperly limited its agreement to produce by
11  redefining the scope of MGA's request. Mattel has only agreed to produce
12  documents "relating to those matters placed at issue in this litigation." Mattel is
13  required to respond to the request as originally worded by MGA, and to the extent
14  that Mattel is withholding documents, such revision is improper.

15    None of Mattel's improper objections are valid and Mattel is obligated
16  to produce all non–privileged responsive documents in its possession.

17  **MATTEL'S RESPONSE**

18    As MGA would have learned had it bothered to meet and confer on
19  these issues, Mattel has already produced all relevant non-privileged documents
20  responsive to this Request.  MGA objects to Mattel's limitation that it will produce
21  documents related to "matters placed at issue in this litigation," but it provides no
22  argument as to why this limitation is inappropriate.  MGA has not provided any
23  basis for asserting that this production is incomplete.  MGA's motion to compel
24  responses to this Request should therefore be denied as moot.

25    MGA argues that Mattel seeks unilaterally to impose limits on the
26  electronic discovery sources that it must search and from which it must collect
27  documents.  After exhaustive briefing in January through March 2008, the
28  Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data

00505.07975/3 161807.1

-351-

1    searches.  In January 2008, MGA moved for a "certification"[271] that Mattel had

2    produced "all non-privileged email responsive to MGA's and Bryant's document

3    requests."[272]  Because that Motion pre-dated the stay of Phase 2 discovery, it was

4    *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's

5    arguments, the Discovery Master noted the exhaustive search methods Mattel had

6    undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

7    date for electronic information are adequate to discharge its obligation under Rule

8    34."[273]

9            MGA ignores these prior rulings entirely, and demands again that

10   Mattel search *all* data sources in its possession, custody or control for responsive

11   information in connection with its requests for production.  It also ignores the recent

12   ruling of the current Discovery Master that MGA's requests calling for documents

13   that could be found anywhere on Mattel's thousands of servers or individual

14   employee computers worldwide are unduly burdensome.  See Phase 2 Discovery

15   Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (██████

16   ██████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████

18   ██████████████████████████████████████████

19

20

21   [271]  The prior Discovery Master has noted that such "certifications" are

22   improper.  See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25

23   ("THE COURT: You don't have to address that [the certification issue]. As far as
     I'm concerned, there is no good cause or basis or authorized rule in the Federal

24   Rules of Civil Procedure that support such an order, so I'm going to deny that aspect

25   of the motion.").
     [272]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart

26   Decl., Exh. 16.
     [273]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,

27   Dart Decl., Exh. 16.

28

1  ███████████████████████ Mattel has fully responded to MGA's
2  request, and further searches should not be ordered.

3  Despite Mattel's agreement to produce documents, MGA nevertheless
4  seeks to overrule all of Mattel's objections. This would be inappropriate. For
5  example, there is no basis for overruling Mattel's privilege objection. MGA's bald
6  assertion that "this request does not seek information protected by the attorney-client
7  privilege, the attorney work product doctrine, or other applicable privileges" has no
8  merit. Documents discussing advertisements for Mattel products could very well be
9  subject to a claim of privilege or work product protection. Moreover, as MGA has
10  itself argued, the parties have agreed that "all privileged documents would be logged
11  except for documents created after this action was filed on April 27, 2004."[274] Thus,
12  to the extent privileged documents fall within the post lawsuit time period, they need
13  not be included on Mattel's log.

14  Similarly, MGA attempts to overrule Mattel's burden objection though
15  it provides no argument on the issue. Yet, as MGA knows, the Discovery Master
16  has already placed limits on the searches Mattel must make in producing documents,
17  and this objection is only meant to invoke those issues that have already been
18  settled. See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at
19  6-7, Dart Decl., Exh. 16 (denying Motion to Compel on all outstanding emails,
20  holding that Mattel has produced all relevant emails and does not need to consult
21  back-up tapes to complete its production). MGA should not be permitted to
22  circumvent prior Orders by seeking to overrule Mattel's objections here.

23  Finally, MGA failed to meet and confer at all, much less in good faith,
24  regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

25

26  [274]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.

28

1 | Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17_ ("[B]efore filing
2 | any discovery motion, the moving party shall first identify each dispute, state the
3 | relief sought and identify the authority supporting the requested relief in a meet and
4 | confer letter that shall be served on all parties by facsimile or electronic mail. The
5 | parties shall have five court days from the date of service of that letter to conduct an
6 | in-person conference to attempt to resolve the dispute."). At no point during the
7 | meet and confer process did the parties discuss this Request or Mattel's response to
8 | it. In order to engage in a meaningful meet and confer, MGA had the burden to
9 | show the relevance of any requests it sought to move on.[275] Because MGA refused
10 | to even attempt to make this showing, there was no possibility of a good faith meet
11 | and confer to resolve the parties' disputes. The Discovery Master should deny
12 | MGA's motion with respect to this Request on that grounds alone.

13 | **REQUEST FOR PRODUCTION NO. 455:**

14 | All DOCUMENTS REFERRING OR RELATING TO any evaluation,
15 | analysis, or assessment of ADVERTISEMENTS for "BRATZ," "ALIEN
16 | RACERS,' or any other MGA products known to YOU.

17 | **RESPONSE TO REQUEST NO. 455:**

18 | In addition to the general objections stated above which are
19 | incorporated herein by reference, Mattel objects to this Request on the grounds that
20 | it is overbroad and unduly burdensome, including in that it seeks all documents on
21 | this subject without limitation as to time, and regardless of whether such documents
22 | relate to products or matters at issue in this case. Mattel further object on the
23 | grounds that this Request is an attempt to circumvent the Discovery Master's

24 |

25 | [275] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 | Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27 | burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
28 |

1  May 22, 2007 order determining that the requested documents are irrelevant and/or
2  that such requests are improper. Mattel further objects that the terms "evaluation,
3  analysis, or assessment" are vague and ambiguous. Mattel further objects to the
4  Request on the grounds that it seeks documents that are not relevant to this action or
5  likely to lead to the discovery of admissible evidence. Mattel further objects to this
6  Request on the grounds that it seeks confidential, proprietary and trade secret
7  information, including such information that has no bearing on the claims or
8  defenses in this case. Mattel further objects to this Request on the grounds that it
9  calls for the disclosure of information subject to the attorney–client privilege, the
10  attorney work–product doctrine and other applicable privileges.

11  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
12  **TO SHOULD BE COMPELLED**

13          Mattel has not agreed to produce documents in response to this request.
14  Under the Federal Rules of Civil Procedure, "an objection to part of a request must
15  specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
16  Generic objections that fail to explain the basis for an objection with specificity are
17  routinely rejected in the Central District. See <u>A. Farber and Partners, Inc. v. Garber,</u>
18  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
19  'overly burdensome and harassing' are improper – especially when a party fails to
20  submit any evidentiary declarations supporting such objections"). Accordingly,
21  Mattel must be compelled either to certify that it has produced all non–privileged
22  responsive documents or to produce all such documents by a date certain.

23          To the extent that Mattel is relying on its blanket objections, they are
24  not sustainable and do not justify Mattel's failure to produce documents.

25          As to overbreadth, Mattel provides no explanation, let alone the
26  required particularity, as to why this request is supposedly overly broad, nor can it
27  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
28  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

00505.07975/3161807.1

-355-

1 | contrary, the request is narrowly tailored to seek documents concerning any
2 | evaluation, analysis, or assessment of advertisements for MGA products.

3 |    As to burden, Mattel has not attempted to demonstrate why responding
4 | to this request and/or producing responsive documents presents any burden. This
5 | objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
6 | 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
7 | request is unduly burdensome must allege specific facts which indicate the nature
8 | and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
9 | it is not unduly burdensome, as noted above, in that the request is narrowly tailored
10 | to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
11 | broad variety of unfair trade practices, including copying of MGA's advertising.
12 | MGA is entitled to discovery on these claims.

13 |    This request does not seek documents protected by the attorney–client
14 | privilege, the attorney work product doctrine, or other applicable privileges. To the
15 | extent that Mattel contends that it does, Mattel must provide a privilege log.

16 |    Mattel objects that the request contains confidential, proprietary and
17 | trade secret information. A Protective Order exists in this case, obviating any
18 | concern as to protection of privacy rights and/or commercially sensitive
19 | information.

20 |    Mattel also objects to this request on relevance grounds. MGA has
21 | alleged claims of unfair competition based on Mattel's copying of MGA's products
22 | and advertising. As such, documents related to evaluations, analyses, or assessments
23 | of MGA's advertising are highly relevant and likely to lead to the discovery of
24 | admissible evidence.

25 |    None of Mattel's improper objections are valid and Mattel is obligated
26 | to produce all non–privileged responsive documents in its possession.

27 |
28 |

**MATTEL'S RESPONSE**

MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1).[276] MGA's request seeks every single document, study and email that pertains in any way to advertising for MGA's products. MGA ***does not provide even a conclusory claim that the documents at issue are relevant to a specific allegation in this case***. MGA has therefore made no showing how this request is related to the claims and defenses in this case. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[277] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, this is precisely the kind of overbroad Request the prior Discovery Master has already rejected. MGA previously sought to compel production of documents relating to Mattel's communications with buyers, merchandisers, general merchandise managers, retailers, suppliers, actual and

---

[276] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[277] See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

1  potential licensees, public relations firms and members of the press "referring or
2  relating to Bratz, Larian or MGA regarding the origins, designs, development,
3  product launch, sales, promotions, advertising, quality, or price of Bratz or any other
4  MGA product."[278]  In the May 22, 2007 Order, the Discovery Master rejected those
5  requests as "clearly overbroad" because they sought documents containing those
6  terms "regardless of whether or not they have anything to do with the claims or
7  defenses in this case."[279]  Similarly, MGA's requirement that Mattel search for and
8  produce every document that relates to MGA's advertising in any way is plainly
9  overbroad and unduly burdensome.

10         Similarly, MGA states that "Mattel has not attempted to demonstrate
11  why responding to this request and/or producing responsive documents presents any
12  burden." Yet, as MGA knows, the Discovery Master has already placed limits on
13  the searches Mattel must make in producing documents, and this objection is only
14  meant to invoke those issues that have already been settled.  See, e.g., Order
15  Denying MGA's Motion to Compel dated April 24, 2008, at 6-7, Dart Decl., Exh. 16
16  (denying Motion to Compel on all outstanding emails, holding that Mattel has
17  produced all relevant emails and does not need to consult back-up tapes to complete
18  its production).  MGA should not be permitted to circumvent prior Orders by
19  seeking to overrule Mattel's objections here.

20         Moreover, MGA failed to meet and confer at all, much less in good
21  faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery
22  Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore
23  filing any discovery motion, the moving party shall first identify each dispute, state
24  the relief sought and identify the authority supporting the requested relief in a meet

25  _____

26  [278]  See May 22, 2007 Order Granting in Part and Denying in Part MGA's
    Motion to Compel at 16-17, Dart Decl., Exh. 5.
27  [279]  Id.

28

1 | and confer letter that shall be served on all parties by facsimile or electronic mail.
2 | The parties shall have five court days from the date of service of that letter to
3 | conduct an in-person conference to attempt to resolve the dispute."). At no point
4 | during the meet and confer process did the parties discuss this Request or Mattel's
5 | response to it. In order to engage in a meaningful meet and confer, MGA had the
6 | burden to show the relevance of any requests it sought to move on.[280] Because
7 | MGA refused to even attempt to make this showing, there was no possibility of a
8 | good faith meet and confer to resolve the parties' disputes. The Discovery Master
9 | should deny MGA's motion with respect to this Request on that grounds alone.

10 | There is no basis for overruling Mattel's privilege objection. MGA's
11 | bald assertion that "this request does not seek information protected by the attorney-
12 | client privilege, the attorney work product doctrine, or any other applicable
13 | privilege" has no merit. Despite MGA's claim to the contrary, Mattel has produced
14 | a privilege log in this action. Moreover, as MGA has itself argued, the parties have
15 | agreed that "all privileged documents would be logged except for documents created
16 | after this action was filed on April 27, 2004." Thus, to the extent privileged
17 | documents fall within the post lawsuit time period, they need not be included on
18 | Mattel's log.

19 | Further, the Request is overbroad to the extent it seeks discovery into
20 | events and products that post-date MGA's complaint (April 15, 2005). MGA takes
21 | issue with Mattel imposing any temporal limitations on its production based on the
22 | filing of MGA's complaint. Yet it was MGA itself that successfully enforced
23 | precisely such limits in responding to Mattel's Requests, insisting that evidence that

---

25 | [280] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 | Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27 | burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   | (S.D. Cal. May 14, 2009).

1   post-dated Mattel's complaint could not be relevant to the claims in that complaint.

2   See Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

3   MGA offers no reason, nor could it consistent with judicial estoppel, why

4   documents post-dating the filing of claims which do not allege continuing

5   wrongdoing are relevant to those claims.

6   **REQUEST FOR PRODUCTION NO. 456:**

7           All DOCUMENTS REFERRING OR RELATING to any agreements

8   between YOU and any other person or entity (including, but not limited to, Margo

9   Eldridge, Eldridge Inc., Andy Gallerani, Mohr–Gallerani & More Films, Charlotte

10  Broussard or her company Beyond, A Production Company (a/k/a Beyond

11  Production) which provide that such person or entity shall not work for or on behalf

12  of MGA.

13  **RESPONSE TO REQUEST NO. 456:**

14          In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case. Mattel further

19  object on the grounds that this Request is an attempt to circumvent the Discovery

20  Master's May 22, 2007 order determining that the requested documents are

21  irrelevant and/or that such requests are improper. Further, Mattel objects that at least

22  some of the requested documents are the subject of a pending motion before the

23  Discovery Master. Mattel further objects to the Request on the grounds that it seeks

24  documents that are not relevant to this action or likely to lead to the discovery of

25  admissible evidence. Mattel further objects to this Request on the grounds that it

26  seeks confidential, proprietary and trade secret information, including such

27  information that has no bearing on the claims or defenses in this case. Mattel further

28  objects to this Request on the grounds that it calls for the disclosure of information

1 | subject to the attorney–client privilege, the attorney work–product doctrine and
2 | other applicable privileges.

3 |       Subject to and without waiving the foregoing objections, Mattel
4 | responds as follows: Mattel will produce such responsive, non–privileged
5 | documents relating to work for Mattel at issue in this litigation that are in Mattel's
6 | possession, custody, or control, if any, that Mattel has been able to locate after a
7 | diligent search and reasonable inquiry, to the extent not previously produced.

8 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9 | **TO SHOULD BE COMPELLED**

10 |       Mattel has improperly limited its agreement to produce documents in
11 | response to this request to documents relating to work for Mattel (which is entirely
12 | non–responsive to this request), and subject to its improper boilerplate objections.
13 | Mattel has refused to confirm whether or not it has produced all non–privileged
14 | responsive documents or whether it is withholding documents based on its
15 | objections or limitation in Phase 2. Under the Federal Rules of Civil Procedure, "an
16 | objection to part of a request must specify the part and permit inspection of the rest."
17 | Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an
18 | objection with specificity are routinely rejected in the Central District. See A.
19 | Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
20 | or boilerplate objections such as 'overly burdensome and harassing' are improper –
21 | especially when a party fails to submit any evidentiary declarations supporting such
22 | objections"). Accordingly, Mattel must be compelled either to certify that it has
23 | produced all non–privileged responsive documents or to produce all such documents
24 | by a date certain.

25 |       To the extent that Mattel is relying on its blanket objections, they are
26 | not sustainable and do not justify Mattel's failure to produce documents.

27 |       As to overbreadth, Mattel provides no explanation, let alone the
28 | required particularity, as to why this request is supposedly overly broad, nor can it

1   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
2   20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
3   contrary, the request is narrowly tailored to seek documents relating to agreements
4   between Mattel and others restricting others from working for or on behalf of MGA.

5            As to burden, Mattel has not attempted to demonstrate why responding
6   to this request and/or producing responsive documents presents any burden. This
7   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
8   173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
9   request is unduly burdensome must allege specific facts which indicate the nature
10  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
11  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
12  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in
13  various unfair trade practices, including coercing its employees and contractors to
14  accept restrictive covenants and non–compete clauses, and other efforts to interfere
15  with MGA's employees and contractors, as alleged in MGA's Complaint and in
16  MGA's Second Affirmative Defense. MGA is entitled to discovery on these claims
17  and defenses.

18           Mattel has not specified what documents, if any, are subject to a motion
19  pending before the Discovery Master, nor has it specified what motion it is referring
20  to. Mattel has also failed to identify what documents, if any, it is withholding on
21  these grounds. This objection is therefore improper. Order No. 17, dated April 14,
22  2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.,
23  Ex. 58.

24           Mattel's objection that this request is an attempt to circumvent the
25  Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to
26  this request, which is much narrower than those considered irrelevant and/or
27  improper by the court. This request is narrowly tailored to agreements involving
28  Mattel which restrict a person or entity from working for or on behalf of MGA,

1  which is directly relevant to MGA's unfair competition claim as specifically pleaded
2  in MGA's Complaint, and as set forth in MGA's Second Affirmative Defense.

3        Mattel objects that the request contains confidential, proprietary and
4  trade secret information. A Protective Order exists in this case, obviating any
5  concern as to protection of privacy rights and/or commercially sensitive
6  information.

7        This request does not seek documents protected by the attorney–client
8  privilege, the attorney work product doctrine, or other applicable privileges. To the
9  extent that Mattel contends that it does, Mattel must provide a privilege log.

10        None of Mattel's improper objections are valid and Mattel is obligated
11  to produce all non–privileged responsive documents in its possession.

12  **MATTEL'S RESPONSE**

13        As MGA would have learned had it bothered to meet and confer on
14  these issues, Mattel has already produced all relevant non-privileged documents
15  responsive to this Request. MGA objects to Mattel's limitation that it will produce
16  "documents relating to work for Mattel ," but it provides no argument as to why this
17  limitation is inappropriate. MGA has not provided any basis for asserting that this
18  production is incomplete. MGA's motion to compel responses to this Request
19  should therefore be denied as moot.

20        MGA argues that Mattel seeks unilaterally to impose limits on the
21  electronic discovery sources that it must search and from which it must collect
22  documents. After exhaustive briefing in January through March 2008, the
23  Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
24  searches. In January 2008, MGA moved for a "certification"[281] that Mattel had

25  ─────────────────────

26  [281]   The prior Discovery Master has noted that such "certifications" are
27  improper. See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25
   ("THE COURT: You don't have to address that [the certification issue]. As far as
28      (footnote continued)

-363-

1  produced "all non-privileged email responsive to MGA's and Bryant's document

2  requests."[282]  Because that Motion pre-dated the stay of Phase 2 discovery, it was

3  *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's

4  arguments, the Discovery Master noted the exhaustive search methods Mattel had

5  undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to

6  date for electronic information are adequate to discharge its obligation under Rule

7  34."[283]

8       MGA ignores these prior rulings entirely, and demands again that

9  Mattel search *all* data sources in its possession, custody or control for responsive

10 information in connection with its requests for production.  It also ignores the recent

11 ruling of the current Discovery Master that MGA's requests calling for documents

12 that could be found anywhere on Mattel's thousands of servers or individual

13 employee computers worldwide are unduly burdensome.  See Phase 2 Discovery

14 Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (▇▇▇

15 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

16 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

17 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

18 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  Mattel has fully responded to MGA's

19 request, and further searches should not be ordered.

20       Despite Mattel's agreement to produce documents, MGA nevertheless

21 seeks to overrule all of Mattel's objections.  This would be inappropriate.  For

22

23 I'm concerned, there is no good cause or basis or authorized rule in the Federal

24 Rules of Civil Procedure that support such an order, so I'm going to deny that aspect

25 of the motion.").
   [282]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart

26 Decl., Exh. 16.
   [283]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,

27 Dart Decl., Exh. 16.

28

1  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald

2  assertion that "this request does not seek information protected by the attorney-client

3  privilege, the attorney work product doctrine, or other applicable privileges" has no

4  merit.  Documents discussing agreements could very well be subject to a claim of

5  privilege or work product protection.  Moreover, as MGA has itself argued, the

6  parties have agreed that "all privileged documents would be logged except for

7  documents created after this action was filed on April 27, 2004."[284]  Thus, to the

8  extent privileged documents fall within the post lawsuit time period, they need not

9  be included on Mattel's log.

10           Similarly, MGA attempts to overrule Mattel's burden objection though

11  it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master

12  has already placed limits on the searches Mattel must make in producing documents,

13  and this objection is only meant to invoke those issues that have already been

14  settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at

15  6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,

16  holding that Mattel has produced all relevant emails and does not need to consult

17  back-up tapes to complete its production).  MGA should not be permitted to

18  circumvent prior Orders by seeking to overrule Mattel's objections here.

19           Finally, MGA failed to meet and confer at all, much less in good faith,

20  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

21  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing

22  any discovery motion, the moving party shall first identify each dispute, state the

23  relief sought and identify the authority supporting the requested relief in a meet and

24  confer letter that shall be served on all parties by facsimile or electronic mail. The

25  ───────────────

26  [284]   See Order Denying Mattel's Motion for Protective Order Limiting the
   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
27  3.

28

1  parties shall have five court days from the date of service of that letter to conduct an
2  in-person conference to attempt to resolve the dispute."). At no point during the
3  meet and confer process did the parties discuss this Request or Mattel's response to
4  it. In order to engage in a meaningful meet and confer, MGA had the burden to
5  show the relevance of any requests it sought to move on.[285]  Because MGA refused
6  to even attempt to make this showing, there was no possibility of a good faith meet
7  and confer to resolve the parties' disputes. The Discovery Master should deny
8  MGA's motion with respect to this Request on that grounds alone.

9  **REQUEST FOR PRODUCTION NO. 457:**

10       .       All DOCUMENTS REFERRING OR RELATING to any requests,
11  directions or suggestions by YOU that any other person or entity (including, but not
12  limited to, Margo Eldridge, Eldridge Inc., Andy Gallerani, Mohr–Gallerani & More
13  Films, Charlotte Broussard or her company Beyond, A Production Company (a/k/a
14  Beyond Production)) not work for or on behalf of MGA.

15  **RESPONSE TO REQUEST NO. 457:**

16       In addition to the general objections stated above which are
17  incorporated herein by reference, Mattel objects to this Request on the grounds that
18  it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all
19  documents on this subject without limitation as to time, and regardless of whether
20  such documents relate to products or matters at issue in this case. Mattel further
21  object on the grounds that this Request is an attempt to circumvent the Discovery
22  Master's May 22, 2007 order determining that the requested documents are
23  irrelevant and/or that such requests are improper. Further, Mattel objects that at least

---

25  [285]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   (S.D. Cal. May 14, 2009).

1  some of the requested documents are the subject of a pending motion before the

2  Discovery Master. Mattel further objects to the Request on the grounds that it seeks

3  documents that are not relevant to this action or likely to lead to the discovery of

4  admissible evidence. Mattel further objects to this Request on the grounds that it

5  seeks confidential, proprietary and trade secret information, including such

6  information that has no bearing on the claims or defenses in this case. Mattel further

7  objects to this Request on the grounds that it calls for the disclosure of information

8  subject to the attorney–client privilege, the attorney work–product doctrine and

9  other applicable privileges.

10      Subject to and without waiving the foregoing objections, Mattel

11  responds as follows: Mattel will produce such responsive, non–privileged

12  documents relating to work for Mattel at issue in this litigation that are in Mattel's

13  possession, custody, or control, if any, that Mattel has been able to locate after a

14  diligent search and reasonable inquiry, to the extent not previously produced.

15  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

16  **TO SHOULD BE COMPELLED**

17      Mattel has improperly limited its agreement to produce documents in

18  response to this request to documents relating to work for Mattel (which is entirely

19  non–responsive to this request), and subject to its improper boilerplate objections.

20  Mattel has refused to confirm whether or not it has produced all non–privileged

21  responsive documents or whether it is withholding documents based on its

22  objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to

23  part of a request must specify the part and permit inspection of the rest." Fed. R.

24  Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection

25  with specificity are routinely rejected in the Central District. See A. Farber and

26  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

27  boilerplate objections such as 'overly burdensome and harassing' are improper –

28  especially when a party fails to submit any evidentiary declarations supporting such

1  objections"). Accordingly, Mattel must be compelled either to certify that it has
2  produced all non–privileged responsive documents or to produce all such documents
3  by a date certain.

4  To the extent that Mattel is relying on its blanket objections, they are
5  not sustainable and do not justify Mattel's failure to produce documents.

6  As to overbreadth, Mattel provides no explanation, let alone the
7  required particularity, as to why this request is supposedly overly broad, nor can it
8  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
9  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
10 contrary, the request is narrowly tailored to seek documents relating to directions or
11 discussions by Mattel to others restricting them from working for or on behalf of
12 MGA.

13 As to burden, Mattel has not attempted to demonstrate why responding
14 to this request and/or producing responsive documents presents any burden. This
15 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
16 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
17 request is unduly burdensome must allege specific facts which indicate the nature
18 and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
19 it is not unduly burdensome, as noted above, in that the request is narrowly tailored
20 to seek only discoverable evidence. MGA has alleged that Mattel has engaged in
21 various unfair trade practices, including coercing its employees and contractors to
22 accept restrictive covenants and non–compete clauses, and other efforts to interfere
23 with prospective MGA employees and contractors, as alleged in MGA's Complaint
24 and in MGA's Second Affirmative Defense. MGA is entitled to discovery on these
25 claims and defenses.

26 Mattel has not specified what documents, if any, are subject to a motion
27 pending before the Discovery Master, nor has it specified what motion it is referring
28 to. Mattel has also failed to identify what documents, if any, it is withholding on

1  these grounds. This objection is therefore improper. Order No. 17, dated April 14,

2  2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.,

3  Ex. 58.

4         Mattel's objection that this request is an attempt to circumvent the

5  Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to

6  this request, which is much narrower than those considered irrelevant and/or

7  improper by the court. This request is narrowly tailored to directions or discussions

8  by Mattel restricting a person or entity from working for or on behalf of MGA,

9  which is directly relevant to MGA's unfair competition claim as specifically pleaded

10 in MGA's Complaint, and as set forth in MGA's Second Affirmative Defense.

11        Mattel objects that the request contains confidential, proprietary and

12 trade secret information. A Protective Order exists in this case, obviating any

13 concern as to protection of privacy rights and/or commercially sensitive

14 information.

15        This request does not seek documents protected by the attorney–client

16 privilege, the attorney work product doctrine, or other applicable privileges. To the

17 extent that Mattel contends that it does, Mattel must provide a privilege log.

18        None of Mattel's improper objections are valid and Mattel is obligated

19 to produce all non–privileged responsive documents in its possession.

20 **MATTEL'S RESPONSE**

21        As MGA would have learned had it bothered to meet and confer on

22 these issues, Mattel has already produced all relevant non-privileged documents

23 responsive to this Request.  MGA objects to Mattel's limitation that it will produce

24 "documents relating to work for Mattel ," but it provides no argument as to why this

25 limitation is inappropriate.  MGA has not provided any basis for asserting that this

26 production is incomplete.  MGA's motion to compel responses to this Request

27 should therefore be denied as moot.

28

1    MGA argues that Mattel seeks unilaterally to impose limits on the
2  electronic discovery sources that it must search and from which it must collect
3  documents.  After exhaustive briefing in January through March 2008, the
4  Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
5  searches.  In January 2008, MGA moved for a "certification"[286] that Mattel had
6  produced "all non-privileged email responsive to MGA's and Bryant's document
7  requests."[287]  Because that Motion pre-dated the stay of Phase 2 discovery, it was
8  *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's
9  arguments, the Discovery Master noted the exhaustive search methods Mattel had
10  undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to
11  date for electronic information are adequate to discharge its obligation under Rule
12  34."[288]

13    MGA ignores these prior rulings entirely, and demands again that
14  Mattel search *all* data sources in its possession, custody or control for responsive
15  information in connection with its requests for production.  It also ignores the recent
16  ruling of the current Discovery Master that MGA's requests calling for documents
17  that could be found anywhere on Mattel's thousands of servers or individual
18  employee computers worldwide are unduly burdensome.  See Phase 2 Discovery
19  Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (█████

20

21    [286]  The prior Discovery Master has noted that such "certifications" are
22  improper.  See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25
23  ("THE COURT: You don't have to address that [the certification issue].  As far as
   I'm concerned, there is no good cause or basis or authorized rule in the Federal
24  Rules of Civil Procedure that support such an order, so I'm going to deny that aspect
25  of the motion.").
   [287]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart
26  Decl., Exh. 16.
   [288]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
27  Dart Decl., Exh. 16.

28

1  ███████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████

3  ███████████████████████████████████████████████████

4  ██████████████████████████████ Mattel has fully responded to MGA's

5  request, and further searches should not be ordered.

6          Despite Mattel's agreement to produce documents, MGA nevertheless

7  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For

8  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald

9  assertion that "this request does not seek information protected by the attorney-client

10  privilege, the attorney work product doctrine, or other applicable privileges" has no

11  merit.  Documents discussing agreements could very well be subject to a claim of

12  privilege or work product protection.  Moreover, as MGA has itself argued, the

13  parties have agreed that "all privileged documents would be logged except for

14  documents created after this action was filed on April 27, 2004."[289]  Thus, to the

15  extent privileged documents fall within the post lawsuit time period, they need not

16  be included on Mattel's log.

17          Similarly, MGA attempts to overrule Mattel's burden objection though

18  it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master

19  has already placed limits on the searches Mattel must make in producing documents,

20  and this objection is only meant to invoke those issues that have already been

21  settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at

22  6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,

23  holding that Mattel has produced all relevant emails and does not need to consult

24

25  _____

26  [289]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.

28

-371-

1  back-up tapes to complete its production).  MGA should not be permitted to
2  circumvent prior Orders by seeking to overrule Mattel's objections here.

3          Finally, MGA failed to meet and confer at all, much less in good faith,
4  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
5  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17_ ("[B]efore filing
6  any discovery motion, the moving party shall first identify each dispute, state the
7  relief sought and identify the authority supporting the requested relief in a meet and
8  confer letter that shall be served on all parties by facsimile or electronic mail. The
9  parties shall have five court days from the date of service of that letter to conduct an
10 in-person conference to attempt to resolve the dispute.").  At no point during the
11 meet and confer process did the parties discuss this Request or Mattel's response to
12 it.  In order to engage in a meaningful meet and confer, MGA had the burden to
13 show the relevance of any requests it sought to move on.[290]   Because MGA refused
14 to even attempt to make this showing, there was no possibility of a good faith meet
15 and confer to resolve the parties' disputes.  The Discovery Master should deny
16 MGA's motion with respect to this Request on that grounds alone.

17 **REQUEST FOR PRODUCTION NO. 458:**

18          All COMMUNICATIONS, and all DOCUMENTS REFERRING OR
19 RELATING TO such COMMUNICATIONS, with any buyers, merchandisers,
20 general merchandise managers, retailers, suppliers, licensees, potential licensees, or
21 licensing agents world wide in which YOU made comments about the quality,
22 workmanship, safety, or design features of "BRATZ" or any other MGA products
23 known to YOU.

24

25  [290]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   (S.D. Cal. May 14, 2009).
28

1 | **RESPONSE TO REQUEST NO. 458:**

2 | In addition to the general objections stated above which are

3 | incorporated herein by reference, Mattel objects to this Request on the grounds that

4 | it is overbroad and unduly burdensome, including in that it seeks all documents on

5 | this subject without limitation as to time, and regardless of whether such documents

6 | relate to products or matters at issue in this case. Mattel further object on the

7 | grounds that this Request is an attempt to circumvent the Discovery Master's

8 | May 22, 2007 order determining that the requested documents are irrelevant and/or

9 | that such requests are improper. Mattel further objects to the Request on the grounds

10 | that it seeks documents that are not relevant to this action or likely to lead to the

11 | discovery of admissible evidence. Mattel further objects to the Request on the

12 | grounds that it seeks information about matters that are not within the subject matter

13 | jurisdiction of the Court. Production by Mattel, if any, will be limited to those

14 | matters within the Court's jurisdiction, only in the event and to the extent it is

15 | permitted by or otherwise in compliance with foreign laws limiting disclosure and

16 | discovery and only in the event and to the extent that the documents are within

17 | Mattel's possession, custody or control pursuant to governing law. Mattel further

18 | objects to this Request on the grounds that it seeks confidential, proprietary and

19 | trade secret information, including such information that has no bearing on the

20 | claims or defenses in this case. Mattel further objects to this Request on the grounds

21 | that it calls for the disclosure of information subject to the attorney–client privilege,

22 | the attorney work–product doctrine and other applicable privileges.

23 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

24 | **TO SHOULD BE COMPELLED**

25 | Mattel has not agreed to produce documents in response to this request,

26 | raising only improper boilerplate objections. Under the Federal Rules of Civil

27 | Procedure, "an objection to part of a request must specify the part and permit

28 | inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to

-373-

1   explain the basis for an objection with specificity are routinely rejected in the

2   Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

3   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

4   harassing' are improper – especially when a party fails to submit any evidentiary

5   declarations supporting such objections"). Accordingly, Mattel must be compelled

6   either to certify that it has produced all non–privileged responsive documents or to

7   produce all such documents by a date certain.

8            To the extent that Mattel is relying on its blanket objections, they are

9   not sustainable and do not justify Mattel's failure to produce documents.

10           As to overbreadth, Mattel provides no explanation, let alone the

11  required particularity, as to why this request is supposedly overly broad, nor can it

12  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

13  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

14  contrary, the request is narrowly tailored to seek documents relating to

15  communications between Mattel and buyers, merchandisers, general merchandise

16  managers, retailers, suppliers, licensees, potential licensees, or licensing agents

17  about the quality, workmanship, safety, or design features of "BRATZ" or other

18  MGA products.

19           As to burden, Mattel has not attempted to demonstrate why responding

20  to this request and/or producing responsive documents presents any burden. This

21  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

22  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

23  request is unduly burdensome must allege specific facts which indicate the nature

24  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

25  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

26  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in

27  various unfair trade practices, including threatening retailers and suppliers to cease

28  doing business with MGA, intimidating employees and industry groups in order to

1  prevent MGA from fairly competing, and making false statements about MGA
2  products. MGA is entitled to discovery on these claims.

3        Mattel's objection that this request is an attempt to circumvent the
4  Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to
5  this request, which is much narrower than those considered irrelevant and/or
6  improper by the court. This request is narrowly tailored to communications between
7  Mattel and buyers, merchandisers, general merchandise managers, retailers,
8  suppliers, licensees, potential licensees, or licensing agents regarding specifically
9  enumerated topics concerning `BRATZ" or other MGA products.

10        Mattel also objects to the request on the grounds that it seeks
11  information about matters that are not within the subject matter jurisdiction of the
12  Court. First, Mattel does not identify what information it seeks to withhold based on
13  this objection, if any. Second, Mattel may not unilaterally determine this Court's
14  subject matter jurisdiction and withhold discoverable information on the grounds
15  that Mattel has decided this Court lacks jurisdiction to compel it.

16        Mattel objects that the request contains confidential, proprietary and
17  trade secret information. A Protective Order exists in this case, obviating any
18  concern as to protection of privacy rights and/or commercially sensitive
19  information.

20        This request does not seek documents protected by the attorney–client
21  privilege, the attorney work product doctrine, or other applicable privileges. To the
22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23        None of Mattel's improper objections are valid and Mattel is obligated
24  to produce all non–privileged responsive documents in its possession.

25
26
27
28

1 **MATTEL'S RESPONSE**

2         MGA must establish that its discovery meets the relevance

3 requirements of Rule 26(b)(1).[291]  MGA's request seeks every single communication

4 between any Mattel employee, current or former, and a long list of third parties

5 regarding a broad spectrum of characteristics of MGA's products, regardless of

6 whether they are at issue in this case or not.  MGA has therefore made no showing

7 how this request is related to the claims and defenses in this case.  "A trial court has

8 a duty, of special significance in lengthy and complex cases where the possibility of

9 abuse is always present, to supervise and limit discovery to protect parties and

10 witnesses from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D.

11 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World

12 Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v.

13 Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the

14 previous Discovery Master held, a party may not propound document requests as

15 part of a fishing expedition or to discover new claims.[292]  Rivera v. NIBCO, Inc.,

16 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of

17 discovery to engage in 'fishing expeditions.'").

18         Further, this is precisely the kind of overbroad Request the prior

19 Discovery Master has already rejected.  MGA previously sought to compel

20 production of documents relating to Mattel's communications with buyers,

21 merchandisers, general merchandise managers, retailers, suppliers, actual and

22

23    [291]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

24 Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

25 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

26    [292]  See Order Granting In Part and Denying In Part Mattel's Motion for

27 Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

28

1  potential licensees, public relations firms and members of the press "referring or

2  relating to Bratz, Larian or MGA regarding the origins, designs, development,

3  product launch, sales, promotions, advertising, quality, or price of Bratz or any other

4  MGA product."[293]  In the May 22, 2007 Order, the Discovery Master rejected those

5  requests as "clearly overbroad" because they sought documents containing those

6  terms "regardless of whether or not they have anything to do with the claims or

7  defenses in this case."[294]  Similarly, MGA's requirement that Mattel search for and

8  produce every document pertaining to a broad spectrum of characteristics of MGA's

9  products, regardless of whether they are at issue in this case or not, is plainly

10  overbroad and unduly burdensome.

11         Similarly, MGA states that "Mattel has not attempted to demonstrate

12  why responding to this request and/or producing responsive documents presents any

13  burden." Yet, as MGA knows, the Discovery Master has already placed limits on

14  the searches Mattel must make in producing documents, and this objection is only

15  meant to invoke those issues that have already been settled. See, e.g., Order

16  Denying MGA's Motion to Compel dated April 24, 2008, at 6-7, Dart Decl., Exh. 16

17  (denying Motion to Compel on all outstanding emails, holding that Mattel has

18  produced all relevant emails and does not need to consult back-up tapes to complete

19  its production).  MGA should not be permitted to circumvent prior Orders by

20  seeking to overrule Mattel's objections here.

21         Moreover, MGA failed to meet and confer at all, much less in good

22  faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery

23  Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore

24  filing any discovery motion, the moving party shall first identify each dispute, state

25  _____

26  [293]  See May 22, 2007 Order Granting in Part and Denying in Part MGA's

27  Motion to Compel at 16-17, Dart Decl., Exh. 5.
     [294]  Id.

28

1 || the relief sought and identify the authority supporting the requested relief in a meet
2 || and confer letter that shall be served on all parties by facsimile or electronic mail.
3 || The parties shall have five court days from the date of service of that letter to
4 || conduct an in-person conference to attempt to resolve the dispute."). At no point
5 || during the meet and confer process did the parties discuss this Request or Mattel's
6 || response to it. In order to engage in a meaningful meet and confer, MGA had the
7 || burden to show the relevance of any requests it sought to move on.[295]  Because
8 || MGA refused to even attempt to make this showing, there was no possibility of a
9 || good faith meet and confer to resolve the parties' disputes. The Discovery Master
10 || should deny MGA's motion with respect to this Request on that grounds alone.

11 ||      There is no basis for overruling Mattel's privilege objection. MGA's
12 || bald assertion that "this request does not seek information protected by the attorney-
13 || client privilege, the attorney work product doctrine, or any other applicable
14 || privilege" has no merit. Despite MGA's claim to the contrary, Mattel has produced
15 || a privilege log in this action.  Moreover, as MGA has itself argued, the parties have
16 || agreed that "all privileged documents would be logged except for documents created
17 || after this action was filed on April 27, 2004." Thus, to the extent  privileged
18 || documents fall within the post lawsuit time period, they need not be included on
19 || Mattel's log.

20 ||      Further, the Request is overbroad to the extent it seeks discovery into
21 || events and products that post-date MGA's complaint (April 15, 2005).  MGA takes
22 || issue with Mattel imposing any temporal limitations on its production based on the
23 || filing of MGA's complaint.  Yet it was MGA itself that successfully enforced

24

---

25   [295]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26   Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
     (S.D. Cal. May 14, 2009).
28

1 | precisely such limits in responding to Mattel's Requests, insisting that evidence that

2 | post-dated Mattel's complaint could not be relevant to the claims in that complaint.

3 | See Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

4 | MGA offers no reason, nor could it consistent with judicial estoppel, why

5 | documents post-dating the filing of claims which do not allege continuing

6 | wrongdoing are relevant to those claims.

7 | **REQUEST FOR PRODUCTION NO. 459:**

8 |             All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

9 | RELATING TO such COMMUNICATIONS with any industry analysts world wide

10 | in which YOU made comments about the quality, workmanship, safety, or design

11 | features of `BRATZ" or any other MGA products known to YOU.

12 | **RESPONSE TO REQUEST NO. 459:**

13 |             In addition to the general objections stated above which are

14 | incorporated herein by reference, Mattel objects to this Request on the grounds that

15 | it is overbroad and unduly burdensome, including in that it seeks all documents on

16 | this subject without limitation as to time, and regardless of whether such documents

17 | relate to products or matters at issue in this case. Mattel further object on the

18 | grounds that this Request is an attempt to circumvent the Discovery Master's

19 | May 22, 2007 order determining that the requested documents are irrelevant and/or

20 | that such requests are improper. Mattel further objects to the Request on the grounds

21 | that it seeks documents that are not relevant to this action or likely to lead to the

22 | discovery of admissible evidence. Mattel further objects to the Request on the

23 | grounds that it seeks information about matters that are not within the subject matter

24 | jurisdiction of the Court. Production by Mattel, if any, will be limited to those

25 | matters within the Court's jurisdiction, only in the event and to the extent it is

26 | permitted by or otherwise in compliance with foreign laws limiting disclosure and

27 | discovery and only in the event and to the extent that the documents are within

28 | Mattel's possession, custody or control pursuant to governing law. Mattel further

1  objects to this Request on the grounds that it seeks confidential, proprietary and

2  trade secret information, including such information that has no bearing on the

3  claims or defenses in this case. Mattel further objects to this Request on the grounds

4  that it calls for the disclosure of information subject to the attorney–client privilege,

5  the attorney work–product doctrine and other applicable privileges.

6  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

7  **TO SHOULD BE COMPELLED**

8          Mattel has not agreed to produce documents in response to this request,

9  raising only improper boilerplate objections. Under the Federal Rules of Civil

10  Procedure, "an objection to part of a request must specify the part and permit

11  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to

12  explain the basis for an objection with specificity are routinely rejected in the

13  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

14  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

15  harassing' are improper – especially when a party fails to submit any evidentiary

16  declarations supporting such objections"). Accordingly, Mattel must be compelled

17  either to certify that it has produced all non–privileged responsive documents or to

18  produce all such documents by a date certain.

19          To the extent that Mattel is relying on its blanket objections, they are

20  not sustainable and do not justify Mattel's failure to produce documents.

21          As to overbreadth, Mattel provides no explanation, let alone the

22  required particularity, as to why this request is supposedly overly broad, nor can it

23  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

24  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

25  contrary, the request is narrowly tailored to seek documents relating to

26  communications between Mattel and industry analysts about the quality,

27  workmanship, safety, or design features of Bratz or other MGA products.

28

1         As to burden, Mattel has not attempted to demonstrate why responding

2  to this request and/or producing responsive documents presents any burden. This

3  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

4  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

7  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

8  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in

9  various unfair trade practices, including threatening retailers and suppliers to cease

10  doing business with MGA, intimidating employees and industry groups in order to

11  prevent MGA from fairly competing, and making false statements about MGA

12  products. MGA is entitled to discovery on these claims and defenses.

13         Mattel's objection that this request is an attempt to circumvent the

14  Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to

15  this request, which is much narrower than those considered irrelevant and/or

16  improper by the court. This request is narrowly tailored to communications between

17  Mattel and industry analysts regarding specifically enumerated topics concerning

18  Bratz or other MGA products.

19         Mattel also objects to the request on the grounds that it seeks

20  information about matters that are not within the subject matter jurisdiction of the

21  Court. First, Mattel does not identify what information it seeks to withhold based on

22  its objection, if any. Second, Mattel may not unilaterally determine this Court's

23  subject matter jurisdiction and withhold discoverable information on the grounds

24  that Mattel has decided this Court lacks jurisdiction to compel it.

25         Mattel objects that the request contains confidential, proprietary and

26  trade secret information. A Protective Order exists in this case, obviating any

27  concern as to protection of privacy rights and/or commercially sensitive

28  information.

1         This request does not seek documents protected by the attorney–client

2 privilege, the attorney work product doctrine, or other applicable privileges. To the

3 extent that Mattel contends that it does, Mattel must provide a privilege log.

4         None of Mattel's improper objections are valid and Mattel is obligated

5 to produce all non–privileged responsive documents in its possession.

6 **MATTEL'S RESPONSE**

7         MGA must establish that its discovery meets the relevance

8 requirements of Rule 26(b)(1).[296] MGA's request seeks every single communication

9 between any Mattel employee, current or former, and any industry analyst regarding

10 a broad spectrum of characteristics of MGA's products, regardless of whether they

11 are at issue in this case or not. MGA has therefore made no showing how this

12 request is related to the claims and defenses in this case. "A trial court has a duty, of

13 special significance in lengthy and complex cases where the possibility of abuse is

14 always present, to supervise and limit discovery to protect parties and witnesses

15 from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664

16 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

17 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

18 Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous

19 Discovery Master held, a party may not propound document requests as part of a

20 fishing expedition or to discover new claims.[297] Rivera v. NIBCO, Inc., 364 F.3d

21

22

23     [296] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

24 Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

25 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
(S.D. Cal. May 14, 2009).

26     [297] See Order Granting In Part and Denying In Part Mattel's Motion for

27 Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
1.

28

1    1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

2    to engage in 'fishing expeditions.'").

3              Further, this is precisely the kind of overbroad Request the prior

4    Discovery Master has already rejected.  MGA previously sought to compel

5    production of documents relating to Mattel's communications with buyers,

6    merchandisers, general merchandise managers, retailers, suppliers, actual and

7    potential licensees, public relations firms and members of the press "referring or

8    relating to Bratz, Larian or MGA regarding the origins, designs, development,

9    product launch, sales, promotions, advertising, quality, or price of Bratz or any other

10   MGA product."[298]  In the May 22, 2007 Order, the Discovery Master rejected those

11   requests as "clearly overbroad" because they sought documents containing those

12   terms "regardless of whether or not they have anything to do with the claims or

13   defenses in this case."[299]  Similarly, MGA's requirement that Mattel search for and

14   produce every document pertaining to a broad spectrum of characteristics of MGA's

15   products, regardless of whether they are at issue in this case or not, is plainly

16   overbroad and unduly burdensome.

17             Similarly, MGA states that "Mattel has not attempted to demonstrate

18   why responding to this request and/or producing responsive documents presents any

19   burden."  Yet, as MGA knows, the Discovery Master has already placed limits on

20   the searches Mattel must make in producing documents, and this objection is only

21   meant to invoke those issues that have already been settled.  See, e.g., Order

22   Denying MGA's Motion to Compel dated April 24, 2008, at 6-7, Dart Decl., Exh. 16

23   (denying  Motion to Compel on all outstanding emails, holding that Mattel has

24   produced all relevant emails and does not need to consult back-up tapes to complete

25   ────────────────

26   [298]   See May 22, 2007 Order Granting in Part and Denying in Part MGA's

27   Motion to Compel at 16-17, Dart Decl., Exh. 5.
     [299]   Id.

28

1  its production).  MGA should not be permitted to circumvent prior Orders by

2  seeking to overrule Mattel's objections here.

3        Moreover, MGA failed to meet and confer at all, much less in good

4  faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery

5  Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17_ ("[B]efore

6  filing any discovery motion, the moving party shall first identify each dispute, state

7  the relief sought and identify the authority supporting the requested relief in a meet

8  and confer letter that shall be served on all parties by facsimile or electronic mail.

9  The parties shall have five court days from the date of service of that letter to

10 conduct an in-person conference to attempt to resolve the dispute.").  At no point

11 during the meet and confer process did the parties discuss this Request or Mattel's

12 response to it.  In order to engage in a meaningful meet and confer, MGA had the

13 burden to show the relevance of any requests it sought to move on.[300]  Because

14 MGA refused to even attempt to make this showing, there was no possibility of a

15 good faith meet and confer to resolve the parties' disputes.  The Discovery Master

16 should deny MGA's motion with respect to this Request on that grounds alone.

17        There is no basis for overruling Mattel's privilege objection.  MGA's

18 bald assertion that "this request does not seek information protected by the attorney-

19 client privilege, the attorney work product doctrine, or any other applicable

20 privilege" has no merit.  Despite MGA's claim to the contrary, Mattel has produced

21 a privilege log in this action.  Moreover, as MGA has itself argued, the parties have

22 agreed that "all privileged documents would be logged except for documents created

23 after this action was filed on April 27, 2004."  Thus, to the extent  privileged

24

25    [300]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
27 (S.D. Cal. May 14, 2009).

28

1   documents fall within the post lawsuit time period, they need not be included on
2   Mattel's log.

3          Further, the Request is overbroad to the extent it seeks discovery into
4   events and products that post-date MGA's complaint (April 15, 2005). MGA takes
5   issue with Mattel imposing any temporal limitations on its production based on the
6   filing of MGA's complaint. Yet it was MGA itself that successfully enforced
7   precisely such limits in responding to Mattel's Requests, insisting that evidence that
8   post-dated Mattel's complaint could not be relevant to the claims in that complaint.
9   See Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
10  MGA offers no reason, nor could it consistent with judicial estoppel, why
11  documents post-dating the filing of claims which do not allege continuing
12  wrongdoing are relevant to those claims.

13  **REQUEST FOR PRODUCTION NO. 460:**

14          All COMMUNICATIONS, and all DOCUMENTS REFERRING OR
15  RELATING TO such COMMUNICATIONS, with any buyers, merchandisers,
16  general merchandise managers, retailers, suppliers, licensees, potential licensees, or
17  licensing agents world wide in which YOU made comments about the origins or
18  ownership of "BRATZ" or any other MGA products known to YOU.

19  **RESPONSE TO REQUEST NO. 460:**

20          In addition to the general objections stated above which are
21  incorporated herein by reference, Mattel objects to this Request on the grounds that
22  it is overbroad and unduly burdensome, including in that it seeks all documents on
23  this subject without limitation as to time, and regardless of whether such documents
24  relate to products or matters at issue in this case. Mattel further object on the
25  grounds that this Request is an attempt to circumvent the Discovery Master's
26  May 22, 2007 order determining that the requested documents are irrelevant and/or
27  that such requests are improper. Mattel further objects to the Request on the grounds
28  that it seeks documents that are not relevant to this action or likely to lead to the

1  discovery of admissible evidence. Mattel further objects to the Request on the
2  grounds that it seeks information about matters that are not within the subject matter
3  jurisdiction of the Court. Production by Mattel, if any, will be limited to those
4  matters within the Court's jurisdiction, only in the event and to the extent it is
5  permitted by or otherwise in compliance with foreign laws limiting disclosure and
6  discovery and only in the event and to the extent that the documents are within
7  Mattel's possession, custody or control pursuant to governing law. Mattel further
8  objects to this Request on the grounds that it seeks confidential, proprietary and
9  trade secret information, including such information that has no bearing on the
10  claims or defenses in this case. Mattel further objects to this Request on the grounds
11  that it calls for the disclosure of information subject to the attorney–client privilege,
12  the attorney work–product doctrine and other applicable privileges.

13         Subject to and without waiving the foregoing objections, Mattel
14  responds as follows: Mattel will produce such responsive, non–privileged
15  documents bearing on those products and matters placed at issue in this litigation
16  that are in Mattel's possession, custody, or control, if any, that Mattel has been able
17  to locate after a diligent search and reasonable inquiry, to the extent not previously
18  produced.

19  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
20  **TO SHOULD BE COMPELLED**

21         Mattel has improperly limited its agreement to produce documents to
22  matters it deems placed at issue in response to this request. Mattel has refused to
23  confirm whether or not it has produced all non–privileged responsive documents or
24  whether it is withholding documents based on its objections or limitation in Phase 2.
25  Under the Federal Rules of Civil Procedure, "an objection to part of a request must
26  specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
27  Generic objections that fail to explain the basis for an objection with specificity are
28  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

1  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

2  'overly burdensome and harassing' are improper – especially when a party fails to

3  submit any evidentiary declarations supporting such objections"). Accordingly,

4  Mattel must be compelled either to certify that it has produced all non–privileged

5  responsive documents or to produce all such documents by a date certain.

6          To the extent that Mattel is relying on its blanket objections, they are

7  not sustainable and do not justify Mattel's failure to produce documents.

8          As to overbreadth, Mattel provides no explanation, let alone the

9  required particularity, as to why this request is supposedly overly broad, nor can it

10  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

11  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

12  contrary, the request is narrowly tailored to seek communications and documents

13  related to communications with any buyers, merchandisers, general merchandise

14  managers, retailers, suppliers, licensees, potential licensees, or licensing agents

15  world wide in which Mattel made comments about the origins or ownership of

16  "BRATZ" or any other MGA products known to Mattel.

17          As to burden, Mattel has not attempted to demonstrate why responding

18  to this request and/or producing responsive documents presents any burden. This

19  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

20  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

21  request is unduly burdensome must allege specific facts which indicate the nature

22  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

23  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

24  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

25  broad variety of unfair trade practices including serial copying of MGA products

26  and trade dress infringement. Mattel has also alleged trade secret misappropriation.

27  MGA is entitled to discovery on these claims and its defenses.

28

1        This request does not seek documents protected by the attorney–client
2  privilege, the attorney work product doctrine, or other applicable privileges. To the
3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4        Mattel cites to the May 22, 2007 order, but that order is inapposite to
5  this request, which is much narrower than those considered irrelevant and/or
6  improper by the court. Specifically, the request is narrowly tailored to documents
7  regarding comments Mattel made about the origins and ownership of "BRATZ" or
8  any other MGA products known to Mattel.

9        As for relevancy, Mattel has not attempted to demonstrate why
10  responding to this request and/or producing responsive documents is irrelevant to
11  the present action. On the contrary, MGA has alleged that Mattel is engaged in
12  copying of MGA products, packaging, themes and advertising among other unfair
13  competition and trade practices to preserve its market share rankings in the fashion
14  doll category. A request to seek information as described above is therefore relevant
15  to this action.

16        Mattel objects that the request contains confidential, proprietary, and
17  trade secret information. A Protective Order exists in this case, obviating any
18  concern as to protection of privacy rights and/or commercially sensitive
19  information.

20        None of Mattel's improper objections are valid and Mattel is obligated
21  to produce all non–privileged responsive documents in its possession.

22  **MATTEL'S RESPONSE**

23        As MGA would have learned had it bothered to meet and confer on
24  these issues, Mattel has already produced all relevant non-privileged documents
25  responsive to this Request.  MGA objects to Mattel's limitation that it will produce
26  documents related to "matters placed at issue in this litigation," but it provides no
27  argument as to why this limitation is inappropriate.  MGA has not provided any

28

00505.07975/3161807.1

1  basis for asserting that this production is incomplete.  MGA's motion to compel
2  responses to this Request should therefore be denied as moot.

3          MGA argues that Mattel seeks unilaterally to impose limits on the
4  electronic discovery sources that it must search and from which it must collect
5  documents.  After exhaustive briefing in January through March 2008, the
6  Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
7  searches.  In January 2008, MGA moved for a "certification"[301] that Mattel had
8  produced "all non-privileged email responsive to MGA's and Bryant's document
9  requests."[302]  Because that Motion pre-dated the stay of Phase 2 discovery, it was
10  *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's
11  arguments, the Discovery Master noted the exhaustive search methods Mattel had
12  undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to
13  date for electronic information are adequate to discharge its obligation under Rule
14  34."[303]

15          MGA ignores these prior rulings entirely, and demands again that
16  Mattel search *all* data sources in its possession, custody or control for responsive
17  information in connection with its requests for production.  It also ignores the recent
18  ruling of the current Discovery Master that MGA's requests calling for documents
19  that could be found anywhere on Mattel's thousands of servers or individual
20

---

21      [301]  The prior Discovery Master has noted that such "certifications" are
22  improper.  See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25
23  ("THE COURT: You don't have to address that [the certification issue].  As far as
    I'm concerned, there is no good cause or basis or authorized rule in the Federal
24  Rules of Civil Procedure that support such an order, so I'm going to deny that aspect
25  of the motion.").
       [302]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart
26  Decl., Exh. 16.
       [303]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
27  Dart Decl., Exh. 16.
28



1  employee computers worldwide are unduly burdensome.  <u>See</u> Phase 2 Discovery
2  Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (
3  ██████████████████████████████████████████████████
4  ██████████████████████████████████████████████████
5  ██████████████████████████████████████████
6  ███████████████████████  Mattel has fully responded to MGA's
7  request, and further searches should not be ordered.

8          Despite Mattel's agreement to produce documents, MGA nevertheless
9  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For
10  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald
11  assertion that "this request does not seek information protected by the attorney-client
12  privilege, the attorney work product doctrine, or other applicable privileges" has no
13  merit.  Documents discussing BRATZ could very well be subject to a claim of
14  privilege or work product protection.  Moreover, as MGA has itself argued, the
15  parties have agreed that "all privileged documents would be logged except for
16  documents created after this action was filed on April 27, 2004."[304]  Thus, to the
17  extent privileged documents fall within the post lawsuit time period, they need not
18  be included on Mattel's log.

19          Similarly, MGA attempts to overrule Mattel's burden objection though
20  it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master
21  has already placed limits on the searches Mattel must make in producing documents,
22  and this objection is only meant to invoke those issues that have already been
23  settled.  <u>See, e.g.</u>, Order Denying MGA's Motion to Compel dated April 24, 2008, at
24  6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,

----

26  [304]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1 | holding that Mattel has produced all relevant emails and does not need to consult
2 | back-up tapes to complete its production).  MGA should not be permitted to
3 | circumvent prior Orders by seeking to overrule Mattel's objections here.

4 |         Finally, MGA failed to meet and confer at all, much less in good faith,
5 | regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
6 | Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing
7 | any discovery motion, the moving party shall first identify each dispute, state the
8 | relief sought and identify the authority supporting the requested relief in a meet and
9 | confer letter that shall be served on all parties by facsimile or electronic mail. The
10 | parties shall have five court days from the date of service of that letter to conduct an
11 | in-person conference to attempt to resolve the dispute.").  At no point during the
12 | meet and confer process did the parties discuss this Request or Mattel's response to
13 | it.  In order to engage in a meaningful meet and confer, MGA had the burden to
14 | show the relevance of any requests it sought to move on.[305]   Because MGA refused
15 | to even attempt to make this showing, there was no possibility of a good faith meet
16 | and confer to resolve the parties' disputes.  The Discovery Master should deny
17 | MGA's motion with respect to this Request on that grounds alone.

18 | **REQUEST FOR PRODUCTION NO. 461:**

19 |         All COMMUNICATIONS, and all DOCUMENTS REFERRING OR
20 | RELATING TO such COMMUNICATIONS with any industry analysts world wide
21 | in which YOU made comments about the origins or ownership of "BRATZ" or any
22 | other MGA products known to YOU.

23 |
24 |
_____

25 | [305]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 | Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27 | burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   | (S.D. Cal. May 14, 2009).
28 |

**RESPONSE TO REQUEST NO. 461:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to the Request on the grounds that it seeks information about matters that are not within the subject matter jurisdiction of the Court. Production by Mattel, if any, will be limited to those matters within the Court's jurisdiction, only in the event and to the extent it is permitted by or otherwise in compliance with foreign laws limiting disclosure and discovery and only in the event and to the extent that the documents are within Mattel's possession, custody or control pursuant to governing law. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney–client privilege, the attorney work–product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non–privileged documents bearing on products and matters placed at issue in this litigation that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

1  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2  **TO SHOULD BE COMPELLED**

3        Mattel has improperly limited its agreement to produce documents to
4  matters it deems placed at issue in response to this request. Mattel has refused to
5  confirm whether or not it has produced all non–privileged responsive documents or
6  whether it is withholding documents based on its objections or limitation in Phase 2.
7  Under the Federal Rules of Civil Procedure, "an objection to part of a request must
8  specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
9  Generic objections that fail to explain the basis for an objection with specificity are
10  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
11  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
12  'overly burdensome and harassing' are improper – especially when a party fails to
13  submit any evidentiary declarations supporting such objections"). Accordingly,
14  Mattel must be compelled either to certify that it has produced all non–privileged
15  responsive documents or to produce all such documents by a date certain.

16        To the extent that Mattel is relying on its blanket objections, they are
17  not sustainable and do not justify Mattel's failure to produce documents.

18        As to overbreadth, Mattel provides no explanation, let alone the
19  required particularity, as to why this request is supposedly overly broad, nor can it
20  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
21  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
22  contrary, the request is narrowly tailored to seek communications and documents
23  related to communications with any industry analysts in which Mattel made
24  comments about the origins or ownership of "BRATZ" or any other MGA products
25  known to Mattel.

26        As to burden, Mattel has not attempted to demonstrate why responding
27  to this request and/or producing responsive documents presents any burden. This
28  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

00505.07975/3161807.1

-393-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FOUR)

1  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
2  request is unduly burdensome must allege specific facts which indicate the nature
3  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
4  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
5  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
6  broad variety of unfair trade practices including serial copying of MGA products
7  and trade dress infringement. Mattel has also alleged trade secret misappropriation
8  against MGA. MGA is entitled to discovery on these claims and its defenses.

9       This request does not seek documents protected by the attorney–client
10 privilege, the attorney work product doctrine, or other applicable privileges. To the
11 extent that Mattel contends that it does, Mattel must provide a privilege log.

12      Mattel cites to the May 22, 2007 order, but that order is inapposite to
13 this request, which is much narrower than those considered irrelevant and/or
14 improper by the court. Specifically, the request is narrowly tailored to documents
15 regarding comments Mattel made about the origins and ownership of `BRATZ" or
16 any other MGA products known to Mattel.

17      As for relevancy, Mattel has not attempted to demonstrate why
18 responding to this request and/or producing responsive documents is irrelevant to
19 the present action. On the contrary, MGA has alleged that Mattel is engaged in
20 copying of MGA products, packaging, themes and advertising among other unfair
21 competition and trade practices to preserve its market share rankings in the fashion
22 doll category. A request to seek information as described above is therefore relevant
23 to this action.

24      Mattel objects that the request contains confidential, proprietary, and
25 trade secret information. A Protective Order exists in this case, obviating any
26 concern as to protection of privacy rights and/or commercially sensitive
27 information.

28

1   None of Mattel's improper objections are valid and Mattel is obligated
2   to produce all non–privileged responsive documents in its possession.

3   **MATTEL'S RESPONSE**

4   As MGA would have learned had it bothered to meet and confer on
5   these issues, Mattel has already produced all relevant non-privileged documents
6   responsive to this Request. MGA objects to Mattel's limitation that it will produce
7   documents related to "matters placed at issue in this litigation," but it provides no
8   argument as to why this limitation is inappropriate. MGA has not provided any
9   basis for asserting that this production is incomplete. MGA's motion to compel
10  responses to this Request should therefore be denied as moot.

11  MGA argues that Mattel seeks unilaterally to impose limits on the
12  electronic discovery sources that it must search and from which it must collect
13  documents. After exhaustive briefing in January through March 2008, the
14  Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
15  searches. In January 2008, MGA moved for a "certification"[306] that Mattel had
16  produced "all non-privileged email responsive to MGA's and Bryant's document
17  requests."[307] Because that Motion pre-dated the stay of Phase 2 discovery, it was
18  *expressly applicable* to *every* Request in the instant Motion. In rejecting MGA's
19  arguments, the Discovery Master noted the exhaustive search methods Mattel had
20  undertaken. The Discovery Master held that "[t]he searches Mattel has conducted to
21
22

---

23  [306] The prior Discovery Master has noted that such "certifications" are improper. See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25
24  ("THE COURT: You don't have to address that [the certification issue]. As far as I'm concerned, there is no good cause or basis or authorized rule in the Federal
25  Rules of Civil Procedure that support such an order, so I'm going to deny that aspect
26  of the motion.").
27  [307] Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart Decl., Exh. 16.
28

-395-

1 │ date for electronic information are adequate to discharge its obligation under Rule

2 │ 34."[308]

3 │           MGA ignores these prior rulings entirely, and demands again that

4 │ Mattel search *all* data sources in its possession, custody or control for responsive

5 │ information in connection with its requests for production.  It also ignores the recent

6 │ ruling of the current Discovery Master that MGA's requests calling for documents

7 │ that could be found anywhere on Mattel's thousands of servers or individual

8 │ employee computers worldwide are unduly burdensome.  See Phase 2 Discovery

9 │ Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (███

10 │ ████████████████████████████████████████████████████████

11 │ ████████████████████████████████████████████████

12 │ ██████████████████████████████████████████████

13 │ █████████████████████████████   Mattel has fully responded to MGA's

14 │ request, and further searches should not be ordered.

15 │           Despite Mattel's agreement to produce documents, MGA nevertheless

16 │ seeks to overrule all of Mattel's objections.  This would be inappropriate.  For

17 │ example, there is no basis for overruling Mattel's privilege objection.  MGA's bald

18 │ assertion that "this request does not seek information protected by the attorney-client

19 │ privilege, the attorney work product doctrine, or other applicable privileges" has no

20 │ merit.  Documents discussing BRATZ could very well be subject to a claim of

21 │ privilege or work product protection.  Moreover, as MGA has itself argued, the

22 │ parties have agreed that "all privileged documents would be logged except for

23 │

24 │

25 │

26 │ ────────────────────

27 │ [308]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
   │ Dart Decl., Exh. 16.

28 │

1  documents created after this action was filed on April 27, 2004."[309]  Thus, to the
2  extent privileged documents fall within the post lawsuit time period, they need not
3  be included on Mattel's log.

4          Similarly, MGA attempts to overrule Mattel's burden objection though
5  it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master
6  has already placed limits on the searches Mattel must make in producing documents,
7  and this objection is only meant to invoke those issues that have already been
8  settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at
9  6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,
10  holding that Mattel has produced all relevant emails and does not need to consult
11  back-up tapes to complete its production).  MGA should not be permitted to
12  circumvent prior Orders by seeking to overrule Mattel's objections here.

13          Finally, MGA failed to meet and confer at all, much less in good faith,
14  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
15  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17  ("[B]efore filing
16  any discovery motion, the moving party shall first identify each dispute, state the
17  relief sought and identify the authority supporting the requested relief in a meet and
18  confer letter that shall be served on all parties by facsimile or electronic mail. The
19  parties shall have five court days from the date of service of that letter to conduct an
20  in-person conference to attempt to resolve the dispute.").  At no point during the
21  meet and confer process did the parties discuss this Request or Mattel's response to
22  it.  In order to engage in a meaningful meet and confer, MGA had the burden to
23
24
25

26  [309]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
     3.
28

00505.07975/3 161807.1

1 show the relevance of any requests it sought to move on.[310]   Because MGA refused

2 to even attempt to make this showing, there was no possibility of a good faith meet

3 and confer to resolve the parties' disputes.  The Discovery Master should deny

4 MGA's motion with respect to this Request on that grounds alone.

5 **REQUEST FOR PRODUCTION NO. 462:**

6          All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

7 RELATING TO such COMMUNICATIONS, with any buyers, merchandisers,

8 general merchandise managers, retailers, suppliers, licensees, potential licensees, or

9 licensing agents world wide in which YOU made comments about the launch or

10 discontinuation of any `BRATZ" product or any other MGA products known to

11 YOU.

12 **RESPONSE TO REQUEST NO. 462:**

13          In addition to the general objections stated above which are

14 incorporated herein by reference, Mattel objects to this Request on the grounds that

15 it is overbroad and unduly burdensome, including in that it seeks all documents on

16 this subject without limitation as to time, and regardless of whether such documents

17 relate to products or matters at issue in this case. Mattel further object on the

18 grounds that this Request is an attempt to circumvent the Discovery Master's

19 May 22, 2007 order determining that the requested documents are irrelevant and/or

20 that such requests are improper. Mattel further objects to the Request on the grounds

21 that it seeks information about matters that are not within the subject matter

22 jurisdiction of the Court. Production by Mattel, if any, will be limited to those

23 matters within the Court's jurisdiction, only in the event and to the extent it is

24

25      [310]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26 Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

(S.D. Cal. May 14, 2009).

28

1   permitted by or otherwise in compliance with foreign laws limiting disclosure and
2   discovery and only in the event and to the extent that the documents are within
3   Mattel's possession, custody or control pursuant to governing law. Mattel further
4   objects to the Request on the grounds that it seeks documents that are not relevant to
5   this action or likely to lead to the discovery of admissible evidence. Mattel further
6   objects to this Request on the grounds that it seeks confidential, proprietary and
7   trade secret information, including such information that has no bearing on the
8   claims or defenses in this case. Mattel further objects to this Request on the grounds
9   that it calls for the disclosure of information subject to the attorney–client privilege,
10  the attorney work–product doctrine and other applicable privileges.

11          Subject to and without waiving the foregoing objections, Mattel
12  responds as follows: Mattel will produce such responsive, non–privileged
13  documents bearing on products and matters placed at issue in this litigation that are
14  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
15  after a diligent search and reasonable inquiry, to the extent not previously produced.

16  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
17  **TO SHOULD BE COMPELLED**

18          Mattel has improperly limited its agreement to produce documents to
19  matters it deems placed at issue in response to this request. Mattel has refused to
20  confirm whether or not it has produced all non–privileged responsive documents or
21  whether it is withholding documents based on its objections or limitation in Phase 2.
22  Under the Federal Rules of Civil Procedure, "an objection to part of a request must
23  specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
24  Generic objections that fail to explain the basis for an objection with specificity are
25  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
26  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
27  'overly burdensome and harassing' are improper – especially when a party fails to
28  submit any evidentiary declarations supporting such objections"). Accordingly,

00505.07975/3 161807.1

1  Mattel must be compelled either to certify that it has produced all non–privileged
2  responsive documents or to produce all such documents by a date certain.

3         To the extent that Mattel is relying on its blanket objections, they are
4  not sustainable and do not justify Mattel's failure to produce documents.

5         As to overbreadth, Mattel provides no explanation, let alone the
6  required particularity, as to why this request is supposedly overly broad, nor can it
7  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
9  contrary, the request is narrowly tailored to seek communications and documents
10 related to communications with any buyers, merchandisers, general merchandise
11 managers, retailers, suppliers, licensees, potential licensees, or licensing agents
12 world wide in which Mattel made comments about the launch or discontinuation of
13 any "BRATZ" product or any other MGA products known to Mattel.

14        As to burden, Mattel has not attempted to demonstrate why responding
15 to this request and/or producing responsive documents presents any burden. This
16 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
17 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
18 request is unduly burdensome must allege specific facts which indicate the nature
19 and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
20 it is not unduly burdensome, as noted above, in that the request is narrowly tailored
21 to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
22 broad variety of unfair trade practices including serial copying of MGA products
23 and trade dress infringement. Mattel has also alleged trade secret misappropriation
24 against MGA. MGA is entitled to discovery on these claims and its defenses.

25        This request does not seek documents protected by the attorney–client
26 privilege, the attorney work product doctrine, or other applicable privileges. To the
27 extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1          Mattel cites to the May 22, 2007 order, but that order is inapposite to
2 this request, which is much narrower than those considered irrelevant and/or
3 improper by the court. Specifically, the request is narrowly tailored to documents
4 regarding comments Mattel made about the he launch or discontinuation "BRATZ"
5 or any other MGA products known to Mattel.

6          As for relevancy, Mattel has not attempted to demonstrate why
7 responding to this request and/or producing responsive documents is irrelevant to
8 the present action. On the contrary, MGA has alleged that Mattel is engaged in
9 copying of MGA products, packaging, themes and advertising among other unfair
10 competition and trade practices to preserve its market share rankings in the fashion
11 doll category. A request to seek information as described above is therefore relevant
12 to this action.

13          Mattel objects that the request contains confidential, proprietary, and
14 trade secret information. A Protective Order exists in this case, obviating any
15 concern as to protection of privacy rights and/or commercially sensitive
16 information.

17          None of Mattel's improper objections are valid and Mattel is obligated
18 to produce all non–privileged responsive documents in its possession.

19 **MATTEL'S RESPONSE**

20          As MGA would have learned had it bothered to meet and confer on
21 these issues, Mattel has already produced all relevant non-privileged documents
22 responsive to this Request.  MGA objects to Mattel's limitation that it will produce
23 documents related to "matters placed at issue in this litigation," but it provides no
24 argument as to why this limitation is inappropriate.  MGA has not provided any
25 basis for asserting that this production is incomplete.  MGA's motion to compel
26 responses to this Request should therefore be denied as moot.

27          MGA argues that Mattel seeks unilaterally to impose limits on the
28 electronic discovery sources that it must search and from which it must collect

1   documents.  After exhaustive briefing in January through March 2008, the
2   Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data
3   searches.  In January 2008, MGA moved for a "certification"[311] that Mattel had
4   produced "all non-privileged email responsive to MGA's and Bryant's document
5   requests."[312]  Because that Motion pre-dated the stay of Phase 2 discovery, it was
6   *expressly applicable* to *every* Request in the instant Motion.  In rejecting MGA's
7   arguments, the Discovery Master noted the exhaustive search methods Mattel had
8   undertaken.  The Discovery Master held that "[t]he searches Mattel has conducted to
9   date for electronic information are adequate to discharge its obligation under Rule
10   34."[313]

11          MGA ignores these prior rulings entirely, and demands again that
12   Mattel search *all* data sources in its possession, custody or control for responsive
13   information in connection with its requests for production.  It also ignores the recent
14   ruling of the current Discovery Master that MGA's requests calling for documents
15   that could be found anywhere on Mattel's thousands of servers or individual
16   employee computers worldwide are unduly burdensome.  See Phase 2 Discovery
17   Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 ( ███████
18   ████████████████████████████████████████████████████████████████████████
19   ██████████████████████████████████████████████████

20   _____

21   [311]   The prior Discovery Master has noted that such "certifications" are
22   improper.  See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25
23   ("THE COURT: You don't have to address that [the certification issue].  As far as
    I'm concerned, there is no good cause or basis or authorized rule in the Federal
24   Rules of Civil Procedure that support such an order, so I'm going to deny that aspect
25   of the motion.").
    [312]   Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart
26   Decl., Exh. 16.
    [313]   See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,
27   Dart Decl., Exh. 16.
28

00505.07975/3161807.1
                                    -402-
                MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FOUR)

1   ████████████████████████████████████████████████████████

2   █████████████████████████████████   Mattel has fully responded to MGA's

3   request, and further searches should not be ordered.

4          Despite Mattel's agreement to produce documents, MGA nevertheless

5   seeks to overrule all of Mattel's objections.  This would be inappropriate.  For

6   example, there is no basis for overruling Mattel's privilege objection.  MGA's bald

7   assertion that "this request does not seek information protected by the attorney-client

8   privilege, the attorney work product doctrine, or other applicable privileges" has no

9   merit.  Documents discussing BRATZ could very well be subject to a claim of

10  privilege or work product protection.  Moreover, as MGA has itself argued, the

11  parties have agreed that "all privileged documents would be logged except for

12  documents created after this action was filed on April 27, 2004."[314]  Thus, to the

13  extent privileged documents fall within the post lawsuit time period, they need not

14  be included on Mattel's log.

15         Similarly, MGA attempts to overrule Mattel's burden objection though

16  it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master

17  has already placed limits on the searches Mattel must make in producing documents,

18  and this objection is only meant to invoke those issues that have already been

19  settled.  <u>See, e.g.</u>, Order Denying MGA's Motion to Compel dated April 24, 2008, at

20  6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,

21  holding that Mattel has produced all relevant emails and does not need to consult

22  back-up tapes to complete its production).  MGA should not be permitted to

23  circumvent prior Orders by seeking to overrule Mattel's objections here.

24

25  _____

26  [314]   See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1  Finally, MGA failed to meet and confer at all, much less in good faith,

2  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing

4  any discovery motion, the moving party shall first identify each dispute, state the

5  relief sought and identify the authority supporting the requested relief in a meet and

6  confer letter that shall be served on all parties by facsimile or electronic mail. The

7  parties shall have five court days from the date of service of that letter to conduct an

8  in-person conference to attempt to resolve the dispute.").  At no point during the

9  meet and confer process did the parties discuss this Request or Mattel's response to

10  it.  In order to engage in a meaningful meet and confer, MGA had the burden to

11  show the relevance of any requests it sought to move on.[315]   Because MGA refused

12  to even attempt to make this showing, there was no possibility of a good faith meet

13  and confer to resolve the parties' disputes.  The Discovery Master should deny

14  MGA's motion with respect to this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 463:**

16  All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

17  RELATING TO such COMMUNICATIONS with any industry analysts world wide

18  in which YOU made comments about the launch or discontinuation of any

19  "BRATZ" product or any other MGA products known to YOU.

20  **RESPONSE TO REQUEST NO. 463:**

21  In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the grounds that

23  it is overbroad and unduly burdensome, including in that it seeks all documents on

24

25  [315]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1

(S.D. Cal. May 14, 2009).

28

1  this subject without limitation as to time, and regardless of whether such documents

2  relate to products or matters at issue in this case. Mattel further object on the

3  grounds that this Request is an attempt to circumvent the Discovery Master's

4  May 22, 2007 order determining that the requested documents are irrelevant and/or

5  that such requests are improper. Mattel further objects to the Request on the grounds

6  that it seeks documents that are not relevant to this action or likely to lead to the

7  discovery of admissible evidence. Mattel further objects to the Request on the

8  grounds that it seeks information about matters that are not within the subject matter

9  jurisdiction of the Court. Production by Mattel, if any, will be limited to those

10 matters within the Court's jurisdiction, only in the event and to the extent it is

11 permitted by or otherwise in compliance with foreign laws limiting disclosure and

12 discovery and only in the event and to the extent that the documents are within

13 Mattel's possession, custody or control pursuant to governing law. Mattel further

14 objects to this Request on the grounds that it seeks confidential, proprietary and

15 trade secret information, including such information that has no bearing on the

16 claims or defenses in this case. Mattel further objects to this Request on the grounds

17 that it calls for the disclosure of information subject to the attorney–client privilege,

18 the attorney work–product doctrine and other applicable privileges.

19         Subject to and without waiving the foregoing objections, Mattel

20 responds as follows: Mattel will produce such responsive, non–privileged

21 documents bearing on products and matters placed at issue in this litigation that are

22 in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

23 after a diligent search and reasonable inquiry, to the extent not previously produced.

24 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

25 **TO SHOULD BE COMPELLED**

26         Mattel has improperly limited its agreement to produce documents to

27 matters it deems placed at issue in response to this request. Mattel has refused to

28 confirm whether or not it has produced all non–privileged responsive documents or

1  whether it is withholding documents based on its objections or limitation in Phase 2.
2  Under the Federal Rules of Civil Procedure, "an objection to part of a request must
3  specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
4  Generic objections that fail to explain the basis for an objection with specificity are
5  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
6  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
7  'overly burdensome and harassing' are improper – especially when a party fails to
8  submit any evidentiary declarations supporting such objections"). Accordingly,
9  Mattel must be compelled either to certify that it has produced all non–privileged
10 responsive documents or to produce all such documents by a date certain.

11         To the extent that Mattel is relying on its blanket objections, they are
12 not sustainable and do not justify Mattel's failure to produce documents.

13         As to overbreadth, Mattel provides no explanation, let alone the
14 required particularity, as to why this request is supposedly overly broad, nor can it
15 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
16 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
17 contrary, the request is narrowly tailored to seek communications and documents
18 related to communications with any industry analysts world wide in which Mattel
19 made comments about the launch or discontinuation of any "BRATZ" product or
20 any other MGA products known to Mattel.

21         As to burden, Mattel has not attempted to demonstrate why responding
22 to this request and/or producing responsive documents presents any burden. This
23 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
24 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
25 request is unduly burdensome must allege specific facts which indicate the nature
26 and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
27 it is not unduly burdensome, as noted above, in that the request is narrowly tailored
28 to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

1  broad variety of unfair trade practices including serial copying of MGA products
2  and trade dress infringement. Mattel has also alleged trade secret misappropriation
3  against MGA. MGA is entitled to discovery on these claims and its defenses.

4          This request does not seek documents protected by the attorney–client
5  privilege, the attorney work product doctrine, or other applicable privileges. To the
6  extent that Mattel contends that it does, Mattel must provide a privilege log.

7          Mattel cites to the May 22, 2007 order, but that order is inapposite to
8  this request, which is much narrower than those considered irrelevant and/or
9  improper by the court. Specifically, the request is narrowly tailored to documents
10 regarding comments Mattel made about the launch or discontinuation of "BRATZ"
11 or any other MGA products known to Mattel.

12         As for relevancy, Mattel has not attempted to demonstrate why
13 responding to this request and/or producing responsive documents is irrelevant to
14 the present action. On the contrary, MGA has alleged that Mattel is engaged in
15 copying of MGA products, packaging, themes and advertising among other unfair
16 competition and trade practices to preserve its market share rankings in the fashion
17 doll category. A request to seek information as described above is therefore relevant
18 to this action.

19         Mattel objects that the request contains confidential, proprietary, and
20 trade secret information. A Protective Order exists in this case, obviating any
21 concern as to protection of privacy rights and/or commercially sensitive
22 information.

23         None of Mattel's improper objections are valid and Mattel is obligated
24 to produce all non–privileged responsive documents in its possession.

25 **MATTEL'S RESPONSE**

26         As MGA would have learned had it bothered to meet and confer on
27 these issues, Mattel has already produced all relevant non-privileged documents
28 responsive to this Request.  MGA objects to Mattel's limitation that it will produce

1   documents related to "matters placed at issue in this litigation," but it provides no

2   argument as to why this limitation is inappropriate. MGA has not provided any

3   basis for asserting that this production is incomplete. MGA's motion to compel

4   responses to this Request should therefore be denied as moot.

5          MGA argues that Mattel seeks unilaterally to impose limits on the

6   electronic discovery sources that it must search and from which it must collect

7   documents. After exhaustive briefing in January through March 2008, the

8   Discovery Master specifically ruled on the issue of the sufficiency of Mattel's data

9   searches. In January 2008, MGA moved for a "certification"[316] that Mattel had

10  produced "all non-privileged email responsive to MGA's and Bryant's document

11  requests."[317] Because that Motion pre-dated the stay of Phase 2 discovery, it was

12  *expressly applicable* to *every* Request in the instant Motion. In rejecting MGA's

13  arguments, the Discovery Master noted the exhaustive search methods Mattel had

14  undertaken. The Discovery Master held that "[t]he searches Mattel has conducted to

15  date for electronic information are adequate to discharge its obligation under Rule

16  34."[318]

17         MGA ignores these prior rulings entirely, and demands again that

18  Mattel search *all* data sources in its possession, custody or control for responsive

19  information in connection with its requests for production. It also ignores the recent

20

---

21  [316]  The prior Discovery Master has noted that such "certifications" are

22  improper. See Hearing Tr. dated May 11, 2007, at 21:7-11, Dart Decl., Exh. 25

23  ("THE COURT: You don't have to address that [the certification issue]. As far as

    I'm concerned, there is no good cause or basis or authorized rule in the Federal

24  Rules of Civil Procedure that support such an order, so I'm going to deny that aspect

25  of the motion.").

    [317]  Order Denying MGA's Motion to Compel, dated April 24, 2008, at 1, Dart

26  Decl., Exh. 16.

    [318]  See Order Denying MGA's Motion to Compel, dated April 24, 2008, at 5-6,

27  Dart Decl., Exh. 16.

28

-408-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET FOUR)

1  ruling of the current Discovery Master that MGA's requests calling for documents

2  that could be found anywhere on Mattel's thousands of servers or individual

3  employee computers worldwide are unduly burdensome.  See Phase 2 Discovery

4  Matter Order No. 56, dated September 3, 2009 at 35, Dart Decl., Exh. 49 (██████

5  ████████████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████

7  ██████████████████████████████████████████████████████████

8  ██████████████████████████████  Mattel has fully responded to MGA's

9  request, and further searches should not be ordered.

10        Despite Mattel's agreement to produce documents, MGA nevertheless

11  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For

12  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald

13  assertion that "this request does not seek information protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges" has no

15  merit.  Documents discussing BRATZ could very well be subject to a claim of

16  privilege or work product protection.  Moreover, as MGA has itself argued, the

17  parties have agreed that "all privileged documents would be logged except for

18  documents created after this action was filed on April 27, 2004."[319]  Thus, to the

19  extent privileged documents fall within the post lawsuit time period, they need not

20  be included on Mattel's log.

21        Similarly, MGA attempts to overrule Mattel's burden objection though

22  it provides no argument on the issue.  Yet, as MGA knows, the Discovery Master

23  has already placed limits on the searches Mattel must make in producing documents,

24  and this objection is only meant to invoke those issues that have already been

25  ───────────────────────

26  [319]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1  settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008, at
2  6-7, Dart Decl., Exh. 16 (denying  Motion to Compel on all outstanding emails,
3  holding that Mattel has produced all relevant emails and does not need to consult
4  back-up tapes to complete its production).  MGA should not be permitted to
5  circumvent prior Orders by seeking to overrule Mattel's objections here.

6          Finally, MGA failed to meet and confer at all, much less in good faith,
7  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
8  Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore filing
9  any discovery motion, the moving party shall first identify each dispute, state the
10  relief sought and identify the authority supporting the requested relief in a meet and
11  confer letter that shall be served on all parties by facsimile or electronic mail. The
12  parties shall have five court days from the date of service of that letter to conduct an
13  in-person conference to attempt to resolve the dispute.").  At no point during the
14  meet and confer process did the parties discuss this Request or Mattel's response to
15  it.  In order to engage in a meaningful meet and confer, MGA had the burden to
16  show the relevance of any requests it sought to move on.[320]  Because MGA refused
17  to even attempt to make this showing, there was no possibility of a good faith meet
18  and confer to resolve the parties' disputes.  The Discovery Master should deny
19  MGA's motion with respect to this Request on that grounds alone.

20  **REQUEST FOR PRODUCTION NO. 464:**

21          All COMMUNICATIONS, and all DOCUMENTS REFERRING OR
22  RELATING TO such COMMUNICATIONS, with any buyers, merchandisers,
23  general merchandise managers, retailers, suppliers, licensees, potential licensees, or

24

25  [320]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
27  (S.D. Cal. May 14, 2009).
28

1  licensing agents world wide in which YOU made comments about MGA's
2  operations, business practices, tactics or techniques.

3  **RESPONSE TO REQUEST NO. 464:**

4          In addition to the general objections stated above which are
5  incorporated herein by reference, Mattel objects to this Request on the grounds that
6  it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all
7  documents on this subject without limitation as to time, and regardless of whether
8  such documents relate to products or matters at issue in this case. Mattel further
9  objects that the terms "MGA's operations, business practices, tactics or techniques"
10  are vague and ambiguous. Mattel further object on the grounds that this Request is
11  an attempt to circumvent the Discovery Master's May 22, 2007 order determining
12  that the requested documents are irrelevant and/or that such requests are improper.
13  Mattel further objects to the Request on the grounds that it seeks documents that are
14  not relevant to this action or likely to lead to the discovery of admissible evidence.
15  Mattel further objects to the Request on the grounds that it seeks information about
16  matters that are not within the subject matter jurisdiction of the Court. Production by
17  Mattel, if any, will be limited to those matters within the Court's jurisdiction, only
18  in the event and to the extent it is permitted by or otherwise in compliance with
19  foreign laws limiting disclosure and discovery and only in the event and to the
20  extent that the documents are within Mattel's possession, custody or control
21  pursuant to governing law. Mattel further objects to this Request on the grounds that
22  it seeks confidential, proprietary and trade secret information, including such
23  information that has no bearing on the claims or defenses in this case. Mattel further
24  objects to this Request on the grounds that it calls for the disclosure of information
25  subject to the attorney–client privilege, the attorney work–product doctrine and
26  other applicable privileges.

27

28

1  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2  **TO SHOULD BE COMPELLED**

3        Mattel has not agreed to produce documents in response to this request,
4  raising only improper boilerplate objections. Under the Federal Rules of Civil
5  Procedure, "an objection to part of a request must specify the part and permit
6  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to
7  explain the basis for an objection with specificity are routinely rejected in the
8  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
9  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
10 harassing' are improper – especially when a party fails to submit any evidentiary
11 declarations supporting such objections"). Accordingly, Mattel must be compelled
12 either to certify that it has produced all non–privileged responsive documents or to
13 produce all such documents by a date certain.

14       To the extent that Mattel is relying on its blanket objections, they are
15 not sustainable and do not justify Mattel's failure to produce documents.

16       As to overbreadth, Mattel provides no explanation, let alone the
17 required particularity, as to why this request is supposedly overly broad, nor can it
18 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
19 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
20 contrary, the request is narrowly tailored to seek documents relating to
21 communications between Mattel and particular third parties about a particular
22 subject, namely in which Mattel made comments about MGA's operations, business
23 practices, tactics or techniques.

24       As to burden, Mattel has not attempted to demonstrate why responding
25 to this request and/or producing responsive documents presents any burden. This
26 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
27 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
28 request is unduly burdensome must allege specific facts which indicate the nature

-412-

1 | and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
2 | it is not unduly burdensome, as noted above, in that the request is narrowly tailored
3 | to seek only discoverable evidence. MGA has alleged that Mattel has engaged in
4 | various unfair trade practices, including threatening retailers and suppliers to cease
5 | doing business with MGA as alleged in MGA's Complaint and in MGA's Second
6 | Affirmative Defense. MGA is entitled to discovery on these claims and defenses.

7 |      The terms "MGA's operations, business practices, tactics or
8 | techniques" are common terms and are in no way vague or ambiguous.

9 |      Mattel's objection that this request is an attempt to circumvent the
10 | Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to
11 | this request, which is much narrower than those considered irrelevant and/or
12 | improper by the court. This request is narrowly tailored to documents relating to
13 | specific communications between Mattel and particular third parties in which Mattel
14 | made comments about MGA's operations, business practices, tactics or techniques,
15 | which are directly relevant to MGA's unfair competition claims, for example, in
16 | MGA's Complaint and in MGA's Second Affirmative Defense.

17 |      Mattel also objects to the request on the grounds that it seeks
18 | information about matters that are not within the subject matter jurisdiction of the
19 | Court. First, Mattel does not identify what information it seeks to withhold based on
20 | this objection, if any. Second, Mattel may not unilaterally determine this Court's
21 | subject matter jurisdiction and withhold discoverable information on the grounds
22 | that Mattel has decided this Court lacks jurisdiction to compel it.

23 |      Mattel objects that the request contains confidential, proprietary and
24 | trade secret information. A Protective Order exists in this case, obviating any
25 | concern as to protection of privacy rights and/or commercially sensitive
26 | information.

27

28

1    This request does not seek documents protected by the attorney–client

2  privilege, the attorney work product doctrine, or other applicable privileges. To the

3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4    None of Mattel's improper objections are valid and Mattel is obligated

5  to produce all non–privileged responsive documents in its possession.

6  **MATTEL'S RESPONSE**

7    MGA must establish that its discovery meets the relevance

8  requirements of Rule 26(b)(1).[321]  MGA's request seeks every single communication

9  between any Mattel employee, current or former, and a long list of third parties

10  regarding a broad spectrum of MGA's business practices, regardless of whether they

11  are at issue in this case or not.  MGA has therefore made no showing how this

12  request is related to the claims and defenses in this case.  "A trial court has a duty, of

13  special significance in lengthy and complex cases where the possibility of abuse is

14  always present, to supervise and limit discovery to protect parties and witnesses

15  from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664

16  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

17  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

18  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

19  Discovery Master held, a party may not propound document requests as part of a

20  fishing expedition or to discover new claims.[322]  Rivera v. NIBCO, Inc., 364 F.3d

21

22

23    [321]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

24  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

25  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
(S.D. Cal. May 14, 2009).

26    [322]  See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
1.

28

1   1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

2   to engage in 'fishing expeditions.'").

3           Further, this is precisely the kind of overbroad Request the prior

4   Discovery Master has already rejected.  Moreover, MGA sought production of all

5   communications with all buyers, merchandisers, general merchandise managers,

6   retailers, suppliers, licensees, potential licensees, public relations firms and

7   members of the press "REFERRING OR RELATING TO "BRATZ," LARIAN, or

8   MGA, regarding the origins, design, development, produce launch, sales,

9   promotions, advertising, quality, or price of "BRATZ" or any MGA PRODUCT

10   world wide."[323]  In the May 22, 2007 Order, the Discovery Master rejected those

11   requests as "clearly overbroad" because they sought documents containing those

12   terms "regardless of whether or not they have anything to do with the claims or

13   defenses in this case."[324]  Similarly, MGA's requirement that Mattel search for and

14   produce every document pertaining to a broad spectrum of MGA's business

15   practices, regardless of whether they are at issue in this case or not, is plainly

16   overbroad and unduly burdensome.

17           Similarly, MGA states that "Mattel has not attempted to demonstrate

18   why responding to this request and/or producing responsive documents presents any

19   burden."  Yet, as MGA knows, the Discovery Master has already placed limits on

20   the searches Mattel must make in producing documents, and this objection is only

21   meant to invoke those issues that have already been settled.  See, e.g., Order

22   Denying MGA's Motion to Compel dated April 24, 2008, at 6-7, Dart Decl., Exh. 16

23   (denying  Motion to Compel on all outstanding emails, holding that Mattel has

24   produced all relevant emails and does not need to consult back-up tapes to complete

25   ————————————————

26   [323]  See May 22, 2007 Order Granting in Part and Denying in Part MGA's

27   Motion to Compel at 16-17, Dart Decl., Exh. 5.
  [324]  Id.

28

1  its production). MGA should not be permitted to circumvent prior Orders by
2  seeking to overrule Mattel's objections here.

3          Moreover, MGA failed to meet and confer at all, much less in good
4  faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery
5  Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17_ ("[B]efore
6  filing any discovery motion, the moving party shall first identify each dispute, state
7  the relief sought and identify the authority supporting the requested relief in a meet
8  and confer letter that shall be served on all parties by facsimile or electronic mail.
9  The parties shall have five court days from the date of service of that letter to
10  conduct an in-person conference to attempt to resolve the dispute."). At no point
11  during the meet and confer process did the parties discuss this Request or Mattel's
12  response to it. In order to engage in a meaningful meet and confer, MGA had the
13  burden to show the relevance of any requests it sought to move on.[325]  Because
14  MGA refused to even attempt to make this showing, there was no possibility of a
15  good faith meet and confer to resolve the parties' disputes. The Discovery Master
16  should deny MGA's motion with respect to this Request on that grounds alone.

17          There is no basis for overruling Mattel's privilege objection. MGA's
18  bald assertion that "this request does not seek information protected by the attorney-
19  client privilege, the attorney work product doctrine, or any other applicable
20  privilege" has no merit. Despite MGA's claim to the contrary, Mattel has produced
21  a privilege log in this action. Moreover, as MGA has itself argued, the parties have
22  agreed that "all privileged documents would be logged except for documents created
23  after this action was filed on April 27, 2004." Thus, to the extent  privileged

24  _____

25  [325]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
    (S.D. Cal. May 14, 2009).
28

1 | documents fall within the post lawsuit time period, they need not be included on
2 | Mattel's log.

3 |      Further, the Request is overbroad to the extent it seeks discovery into
4 | events and products that post-date MGA's complaint (April 15, 2005). MGA takes
5 | issue with Mattel imposing any temporal limitations on its production based on the
6 | filing of MGA's complaint. Yet it was MGA itself that successfully enforced
7 | precisely such limits in responding to Mattel's Requests, insisting that evidence that
8 | post-dated Mattel's complaint could not be relevant to the claims in that complaint.
9 | See Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
10 | MGA offers no reason, nor could it consistent with judicial estoppel, why
11 | documents post-dating the filing of claims which do not allege continuing
12 | wrongdoing are relevant to those claims.

13 | **REQUEST FOR PRODUCTION NO. 465:**

14 |      All COMMUNICATIONS, and all DOCUMENTS REFERRING OR
15 | RELATING TO such COMMUNICATIONS with any industry analysts world wide
16 | in which YOU made comments about MGA's operations, business practices, tactics
17 | or techniques.

18 | **RESPONSE TO REQUEST NO. 465:**

19 |      In addition to the general objections stated above which are
20 | incorporated herein by reference, Mattel objects to this Request on the grounds that
21 | it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all
22 | documents on this subject without limitation as to time, and regardless of whether
23 | such documents relate to products or matters at issue in this case.

24 |      Mattel further objects that the terms "MGA's operations, business
25 | practices, tactics or techniques" are vague and ambiguous. Mattel further object on
26 | the grounds that this Request is an attempt to circumvent the Discovery Master's
27 | May 22, 2007 order determining that the requested documents are irrelevant and/or
28 | that such requests are improper. Mattel further objects to the Request on the grounds

1   that it seeks information about matters that are not within the subject matter

2   jurisdiction of the Court. Production by Mattel, if any, will be limited to those

3   matters within the Court's jurisdiction, only in the event and to the extent it is

4   permitted by or otherwise in compliance with foreign laws limiting disclosure and

5   discovery and only in the event and to the extent that the documents are within

6   Mattel's possession, custody or control pursuant to governing law. Mattel further

7   objects to the Request on the grounds that it seeks documents that are not relevant to

8   this action or likely to lead to the discovery of admissible evidence. Mattel further

9   objects to this Request on the grounds that it seeks confidential, proprietary and

10   trade secret information, including such information that has no bearing on the

11   claims or defenses in this case. Mattel further objects to this Request on the grounds

12   that it calls for the disclosure of information subject to the attorney–client privilege,

13   the attorney work–product doctrine and other applicable privileges.

14   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

15   **TO SHOULD BE COMPELLED**

16         Mattel has not agreed to produce documents in response to this request,

17   raising only improper boilerplate objections. Under the Federal Rules of Civil

18   Procedure, "an objection to part of a request must specify the part and permit

19   inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to

20   explain the basis for an objection with specificity are routinely rejected in the

21   Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

22   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

23   harassing' are improper – especially when a party fails to submit any evidentiary

24   declarations supporting such objections"). Accordingly, Mattel must be compelled

25   either to certify that it has produced all non–privileged responsive documents or to

26   produce all such documents by a date certain.

27         To the extent that Mattel is relying on its blanket objections, they are

28   not sustainable and do not justify Mattel's failure to produce documents.

1    As to overbreadth, Mattel provides no explanation, let alone the
2  required particularity, as to why this request is supposedly overly broad, nor can it
3  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
4  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
5  contrary, the request is narrowly tailored to seek documents relating to
6  communications between Mattel and industry analysts in which Mattel made
7  comments about MGA's operations, business practices, tactics or techniques.

8    As to burden, Mattel has not attempted to demonstrate why responding
9  to this request and/or producing responsive documents presents any burden. This
10  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
11  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
12  request is unduly burdensome must allege specific facts which indicate the nature
13  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
14  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
15  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in
16  various unfair trade practices, including threatening retailers and suppliers to cease
17  doing business with MGA and making false statements about MGA products and
18  product sales, for example, as alleged in MGA's Complaint and in MGA's Second
19  Affirmative Defense. MGA is entitled to discovery on these claims and defenses.

20    The terms "MGA's operations, business practices, tactics or
21  techniques" are common terms and are in no way vague or ambiguous.

22    Mattel's objection that this request is an attempt to circumvent the
23  Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to
24  this request, which is much narrower than those considered irrelevant and/or
25  improper by the court. This request is narrowly tailored to documents relating to
26  specific communications between Mattel and industry analysts, which are directly
27  relevant to MGA's unfair competition claims, for example, in MGA's Complaint
28  and in MGA's Second Affirmative Defense.

1    Mattel also objects to the request on the grounds that it seeks

2  information about matters that are not within the subject matter jurisdiction of the

3  Court. First, Mattel does not identify what information it seeks to withhold based on

4  this objection, if any. Second, Mattel may not unilaterally determine this Court's

5  subject matter jurisdiction and withhold discoverable information on the grounds

6  that Mattel has decided this Court lacks jurisdiction to compel it.

7    Mattel objects that the request contains confidential, proprietary and

8  trade secret information. A Protective Order exists in this case, obviating any

9  concern as to protection of privacy rights and/or commercially sensitive

10  information.

11    This request does not seek documents protected by the attorney–client

12  privilege, the attorney work product doctrine, or other applicable privileges. To the

13  extent that Mattel contends that it does, Mattel must provide a privilege log.

14    None of Mattel's improper objections are valid and Mattel is obligated

15  to produce all non–privileged responsive documents in its possession.

16  **MATTEL'S RESPONSE**

17    MGA must establish that its discovery meets the relevance

18  requirements of Rule 26(b)(1).[326]  MGA's request seeks every single communication

19  between any Mattel employee, current or former, and any industry analysts

20  regarding a broad spectrum of MGA's business practices, regardless of whether they

21  are at issue in this case or not.  MGA has therefore made no showing how this

22  request is related to the claims and defenses in this case. "A trial court has a duty, of

23  special significance in lengthy and complex cases where the possibility of abuse is

24

25    [326]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
(S.D. Cal. May 14, 2009).

28

1 | always present, to supervise and limit discovery to protect parties and witnesses
2 | from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664
3 | (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559
4 | F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste
5 | Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous
6 | Discovery Master held, a party may not propound document requests as part of a
7 | fishing expedition or to discover new claims.[327] Rivera v. NIBCO, Inc., 364 F.3d
8 | 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
9 | to engage in 'fishing expeditions.'").
10 |        Further, this is precisely the kind of overbroad Request the prior
11 | Discovery Master has already rejected. MGA previously sought to compel
12 | production of documents relating to Mattel's communications with buyers,
13 | merchandisers, general merchandise managers, retailers, suppliers, actual and
14 | potential licensees, public relations firms and members of the press "referring or
15 | relating to Bratz, Larian or MGA regarding the origins, designs, development,
16 | product launch, sales, promotions, advertising, quality, or price of Bratz or any other
17 | MGA product."[328] In the May 22, 2007 Order, the Discovery Master rejected those
18 | requests as "clearly overbroad" because they sought documents containing those
19 | terms "regardless of whether or not they have anything to do with the claims or
20 | defenses in this case."[329] Similarly, MGA's requirement that Mattel search for and
21 | produce every document pertaining to a broad spectrum of MGA's business
22 |
23 |

---

24 | [327] See Order Granting In Part and Denying In Part Mattel's Motion for
25 | Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.
26 | [328] See May 22, 2007 Order Granting in Part and Denying in Part MGA's
27 | Motion to Compel at 16-17, Dart Decl., Exh. 5.
   | [329] Id.
28 |

1  practices, regardless of whether they are at issue in this case or not, is plainly
2  overbroad and unduly burdensome.

3        Similarly, MGA states that "Mattel has not attempted to demonstrate
4  why responding to this request and/or producing responsive documents presents any
5  burden." Yet, as MGA knows, the Discovery Master has already placed limits on
6  the searches Mattel must make in producing documents, and this objection is only
7  meant to invoke those issues that have already been settled. See, e.g., Order
8  Denying MGA's Motion to Compel dated April 24, 2008, at 6-7, Dart Decl., Exh. 16
9  (denying Motion to Compel on all outstanding emails, holding that Mattel has
10  produced all relevant emails and does not need to consult back-up tapes to complete
11  its production). MGA should not be permitted to circumvent prior Orders by
12  seeking to overrule Mattel's objections here.

13        Moreover, MGA failed to meet and confer at all, much less in good
14  faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery
15  Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore
16  filing any discovery motion, the moving party shall first identify each dispute, state
17  the relief sought and identify the authority supporting the requested relief in a meet
18  and confer letter that shall be served on all parties by facsimile or electronic mail.
19  The parties shall have five court days from the date of service of that letter to
20  conduct an in-person conference to attempt to resolve the dispute."). At no point
21  during the meet and confer process did the parties discuss this Request or Mattel's
22  response to it. In order to engage in a meaningful meet and confer, MGA had the
23  burden to show the relevance of any requests it sought to move on.[330]   Because

24

25  [330]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   (S.D. Cal. May 14, 2009).

28

1  MGA refused to even attempt to make this showing, there was no possibility of a
2  good faith meet and confer to resolve the parties' disputes. The Discovery Master
3  should deny MGA's motion with respect to this Request on that grounds alone.

4         There is no basis for overruling Mattel's privilege objection. MGA's
5  bald assertion that "this request does not seek information protected by the attorney-
6  client privilege, the attorney work product doctrine, or any other applicable
7  privilege" has no merit. Despite MGA's claim to the contrary, Mattel has produced
8  a privilege log in this action. Moreover, as MGA has itself argued, the parties have
9  agreed that "all privileged documents would be logged except for documents created
10 after this action was filed on April 27, 2004." Thus, to the extent  privileged
11 documents fall within the post lawsuit time period, they need not be included on
12 Mattel's log.

13         Further, the Request is overbroad to the extent it seeks discovery into
14 events and products that post-date MGA's complaint (April 15, 2005). MGA takes
15 issue with Mattel imposing any temporal limitations on its production based on the
16 filing of MGA's complaint. Yet it was MGA itself that successfully enforced
17 precisely such limits in responding to Mattel's Requests, insisting that evidence that
18 post-dated Mattel's complaint could not be relevant to the claims in that complaint.
19 See Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
20 MGA offers no reason, nor could it consistent with judicial estoppel, why
21 documents post-dating the filing of claims which do not allege continuing
22 wrongdoing are relevant to those claims.

23 **REQUEST FOR PRODUCTION NO. 466:**

24         All COMMUNICATIONS, and all DOCUMENTS REFERRING OR
25 RELATING TO such COMMUNICATIONS, with any licensees, potential
26 licensees, or licensing agents world wide in which YOU made comments about any
27 potential business dealings between MGA and any such licensee, potential licensee
28 or licensing agent.

**RESPONSE TO REQUEST NO. 466:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper. Further, Mattel objects that at least some of the requested documents are the subject of a pending motion before the Discovery Master. Mattel further objects to the Request on the grounds that it seeks information about matters that are not within the subject matter jurisdiction of the Court. Production by Mattel, if any, will be limited to those matters within the Court's jurisdiction, only in the event and to the extent it is permitted by or otherwise in compliance with foreign laws limiting disclosure and discovery and only in the event and to the extent that the documents are within Mattel's possession, custody or control pursuant to governing law. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney–client privilege, the attorney work–product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non–privileged documents relating to work for Mattel at issue in this litigation that are in Mattel's

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET FOUR)