1 possession, custody, or control, if any, that Mattel has been able to locate after a
2 diligent search and reasonable inquiry, to the extent not previously produced.

3 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
4 **TO SHOULD BE COMPELLED**

5    Mattel has improperly limited its agreement to produce documents in
6 response to this request to those documents relating to work for Mattel that Mattel
7 deems to be at issue in this litigation (which is entirely non–responsive to MGA's
8 request), and subject to its improper boilerplate objections. Mattel has refused to
9 confirm whether or not it has produced all non–privileged responsive documents or
10 whether it is withholding documents based on its objections or limitation in Phase 2.
11 Under the Federal Rules of Civil Procedure, "an objection to part of a request must
12 specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
13 Generic objections that fail to explain the basis for an objection with specificity are
14 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
15 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
16 'overly burdensome and harassing' are improper – especially when a party fails to
17 submit any evidentiary declarations supporting such objections"). Accordingly,
18 Mattel must be compelled either to certify that it has produced all non–privileged
19 responsive documents or to produce all such documents by a date certain.

20    To the extent that Mattel is relying on its blanket objections, they are
21 not sustainable and do not justify Mattel's failure to produce documents.

22    As to overbreadth, Mattel provides no explanation, let alone the
23 required particularity, as to why this request is supposedly overly broad, nor can it
24 do so.

25    This objection is therefore improper. Order No. 17, dated April 14,
26 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.,
27 Ex. 58. To the contrary, the request is narrowly tailored to seek documents relating
28 to communications between Mattel and any licensees, potential licensees, or

1   licensing agents world wide in which Mattel made comments about any potential

2   business dealings between MGA and any such licensee, potential licensee or

3   licensing agent.

4           As to burden, Mattel has not attempted to demonstrate why responding

5   to this request and/or producing responsive documents presents any burden. This

6   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

7   173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

10  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

11  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in

12  various unfair trade practices, including threatening retailers and suppliers to cease

13  doing business with MGA and making false statements about MGA products and

14  product sales, for example, as alleged in MGA's Complaint and in MGA's Second

15  Affirmative Defense. MGA is entitled to discovery on these claims and defenses.

16          Mattel's objection that this request is an attempt to circumvent the

17  Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to

18  this request, which is much narrower than those considered irrelevant and/or

19  improper by the court. This request is narrowly tailored to documents relating to

20  specific communications between Mattel and licensees, potential licensees, or

21  licensing agents, which are directly relevant to MGA's unfair competition claims as

22  found in MGA's Complaint and in MGA's Second Affirmative Defense, for

23  example.

24          Mattel objects that at least some of the requested documents are the

25  subject of a pending motion before the Discovery Master. However, Mattel does not

26  identify what motion it is referring to, or what documents it believes are the subject

27  of this unnamed motion. This objection is therefore improper. Order No. 17, dated

28

1  April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski

2  Decl., Ex. 58.

3    Mattel also objects to the request on the grounds that it seeks

4  information about matters that are not within the subject matter jurisdiction of the

5  Court. First, Mattel does not identify what information it seeks to withhold based on

6  this objection, if any. Second, Mattel may not unilaterally determine this Court's

7  subject matter jurisdiction and withhold discoverable information on the grounds

8  that Mattel has decided this Court lacks jurisdiction to compel it.

9    Mattel objects that the request contains confidential, proprietary and

10  trade secret information. A Protective Order exists in this case, obviating any

11  concern as to protection of privacy rights and/or commercially sensitive

12  information.

13    This request does not seek documents protected by the attorney–client

14  privilege, the attorney work product doctrine, or other applicable privileges. To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16    None of Mattel's improper objections are valid and Mattel is obligated

17  to produce all non–privileged responsive documents in its possession.

18  **MATTEL'S RESPONSE**

19    MGA must establish that its discovery meets the relevance

20  requirements of Rule 26(b)(1).[331]  MGA's request seeks every single communication

21  between any Mattel employee, current or former, and a long list of third parties

22  regarding potential licensing relationships between MGA and such third parties,

23  regardless of whether they are at issue in this case or not.  MGA has therefore made

24

25  [331]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

O0505.07975/3161807.1

1   no showing how this request is related to the claims and defenses in this case.  "A

2   trial court has a duty, of special significance in lengthy and complex cases where the

3   possibility of abuse is always present, to supervise and limit discovery to protect

4   parties and witnesses from annoyance and excessive expense."  Dolgow v.

5   Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

6   American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

7   Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

8   (same).  As the previous Discovery Master held, a party may not propound

9   document requests as part of a fishing expedition or to discover new claims.[332]

10  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

11  not condone the use of discovery to engage in 'fishing expeditions.'").

12          Further, this is precisely the kind of overbroad Request the prior

13  Discovery Master has already rejected.  MGA previously sought to compel

14  production of documents relating to Mattel's communications with buyers,

15  merchandisers, general merchandise managers, retailers, suppliers, actual and

16  potential licensees, public relations firms and members of the press "referring or

17  relating to Bratz, Larian or MGA regarding the origins, designs, development,

18  product launch, sales, promotions, advertising, quality, or price of Bratz or any other

19  MGA product."[333]  In the May 22, 2007 Order, the Discovery Master rejected those

20  requests as "clearly overbroad" because they sought documents containing those

21  terms "regardless of whether or not they have anything to do with the claims or

22  defenses in this case."[334]  Similarly, MGA's requirement that Mattel search for and

23

---

24  [332]   See Order Granting In Part and Denying In Part Mattel's Motion for

25  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

26  [333]   See May 22, 2007 Order Granting in Part and Denying in Part MGA's

27  Motion to Compel at 16-17, Dart Decl., Exh. 5.
    [334]   Id.

28

1 | produce every document pertaining to potential licensing relationships between
2 | MGA and third parties, regardless of whether they are at issue in this case or not, is
3 | plainly overbroad and unduly burdensome.

4 | Similarly, MGA states that "Mattel has not attempted to demonstrate
5 | why responding to this request and/or producing responsive documents presents any
6 | burden." Yet, as MGA knows, the Discovery Master has already placed limits on
7 | the searches Mattel must make in producing documents, and this objection is only
8 | meant to invoke those issues that have already been settled. See, e.g., Order
9 | Denying MGA's Motion to Compel dated April 24, 2008, at 6-7, Dart Decl., Exh. 16
10 | (denying Motion to Compel on all outstanding emails, holding that Mattel has
11 | produced all relevant emails and does not need to consult back-up tapes to complete
12 | its production). MGA should not be permitted to circumvent prior Orders by
13 | seeking to overrule Mattel's objections here.

14 | Moreover, MGA failed to meet and confer at all, much less in good
15 | faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery
16 | Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore
17 | filing any discovery motion, the moving party shall first identify each dispute, state
18 | the relief sought and identify the authority supporting the requested relief in a meet
19 | and confer letter that shall be served on all parties by facsimile or electronic mail.
20 | The parties shall have five court days from the date of service of that letter to
21 | conduct an in-person conference to attempt to resolve the dispute."). At no point
22 | during the meet and confer process did the parties discuss this Request or Mattel's
23 | response to it. In order to engage in a meaningful meet and confer, MGA had the
24 | burden to show the relevance of any requests it sought to move on.[335]   Because

25 |

26 | _____

27 | [335] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
28 | (footnote continued)

-429-

1  MGA refused to even attempt to make this showing, there was no possibility of a
2  good faith meet and confer to resolve the parties' disputes.  The Discovery Master
3  should deny MGA's motion with respect to this Request on that grounds alone.

4        There is no basis for overruling Mattel's privilege objection.  MGA's
5  bald assertion that "this request does not seek information protected by the attorney-
6  client privilege, the attorney work product doctrine, or any other applicable
7  privilege" has no merit.  Despite MGA's claim to the contrary, Mattel has produced
8  a privilege log in this action.  Moreover, as MGA has itself argued, the parties have
9  agreed that "all privileged documents would be logged except for documents created
10 after this action was filed on April 27, 2004."  Thus, to the extent  privileged
11 documents fall within the post lawsuit time period, they need not be included on
12 Mattel's log.

13       Further, the Request is overbroad to the extent it seeks discovery into
14 events and products that post-date MGA's complaint (April 15, 2005).  MGA takes
15 issue with Mattel imposing any temporal limitations on its production based on the
16 filing of MGA's complaint.  Yet it was MGA itself that successfully enforced
17 precisely such limits in responding to Mattel's Requests, insisting that evidence that
18 post-dated Mattel's complaint could not be relevant to the claims in that complaint.
19 See Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.
20 MGA offers no reason, nor could it consistent with judicial estoppel, why
21 documents post-dating the filing of claims which do not allege continuing
22 wrongdoing are relevant to those claims.

23 **REQUEST FOR PRODUCTION NO. 467:**

24       All COMMUNICATIONS, and all DOCUMENTS REFERRING OR
25 RELATING TO such COMMUNICATIONS, with any former MATTEL

26

27 burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1
28    (footnote continued)

1  employees in which YOU made comments about any such MATTEL employees'
2  potential or actual employment with MGA.

3  **RESPONSE TO REQUEST NO. 467:**

4          In addition to the general objections stated above which are
5  incorporated herein by reference, Mattel objects to this Request on the grounds that
6  it is overbroad and unduly burdensome, including in that it seeks all documents on
7  this subject without limitation as to time, and regardless of whether such documents
8  relate to matters at issue in this case. Mattel further objects to the Request on the
9  grounds that it seeks documents that are not relevant to this action or likely to lead
10 to the discovery of admissible evidence. Mattel further objects to this Request on the
11 grounds that it calls for the disclosure of information subject to the attorney–client
12 privilege, the attorney work–product doctrine and other applicable privileges.

13 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
14 **TO SHOULD BE COMPELLED**

15         Mattel has not agreed to produce documents in response to this request,
16 raising only improper boilerplate objections. Under the Federal Rules of Civil
17 Procedure, "an objection to part of a request must specify the part and permit
18 inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to
19 explain the basis for an objection with specificity are routinely rejected in the
20 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
21 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
22 harassing' are improper – especially when a party fails to submit any evidentiary
23 declarations supporting such objections"). Accordingly, Mattel must be compelled
24 either to certify that it has produced all non–privileged responsive documents or to
25 produce all such documents by a date certain.

26

27 (S.D. Cal. May 14, 2009).

28

00505.07975/3161807.1

-431-

1    To the extent that Mattel is relying on its blanket objections, they are
2  not sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the
4  required particularity, as to why this request is supposedly overly broad, nor can it
5  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
6  20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the
7  contrary, the request is narrowly tailored to seek documents relating
8  communications between Mattel and its former employees regarding such
9  employees' actual or potential employment at MGA.

10    As to burden, Mattel has not attempted to demonstrate why responding
11  to this request and/or producing responsive documents presents any burden. This
12  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
13  173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery
14  request is unduly burdensome must allege specific facts which indicate the nature
15  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
16  it is not unduly burdensome, as noted above, in that the request is narrowly tailored
17  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in
18  various unfair trade practices, including coercing its employees to accept restrictive
19  covenants and non–compete clauses, and other efforts to prevent prospective MGA
20  employees from accepting offers of employment, as alleged in MGA's Complaint
21  and in MGA's Second Affirmative Defense. MGA is entitled to discovery on these
22  claims and defenses.

23    This request does not seek documents protected by the attorney–client
24  privilege, the attorney work product doctrine, or other applicable privileges. To the
25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26    None of Mattel's improper objections are valid and Mattel is obligated
27  to produce all non–privileged responsive documents in its possession.

28

**MATTEL'S RESPONSE**

MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1).[336]  MGA's request seeks every single communication between any Mattel employees, current or former, regarding Mattel employees' potential employment with MGA, regardless of whether such employment relationship(s) are at issue in this case or not.  MGA has therefore made no showing how this request is related to the claims and defenses in this case.  "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[337]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, this is precisely the kind of overbroad Request the prior Discovery Master has already rejected.  MGA previously sought to compel "All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between MATTEL and any former MATTEL employees world wide REFERRING

---

[336]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

[337]  See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

1  OR RELATING TO "BRATZ," LARIAN or MGA, regarding the origins, design,

2  development, product launch, sales, promotions, advertising, quality, or price of

3  "BRATZ" or any MGA PRODUCT world wide."  In the May 22, 2007 Order, the

4  Discovery Master rejected those requests as "clearly overbroad" because they sought

5  documents containing those terms "regardless of whether or not they have anything

6  to do with the claims or defenses in this case."[338]  Similarly, MGA's requirement that

7  Mattel search for and produce every document pertaining to Mattel employees'

8  potential employment with MGA, regardless of whether such employment

9  relationship(s) are at issue in this case or not, is plainly overbroad and unduly

10  burdensome.

11       Similarly, MGA states that "Mattel has not attempted to demonstrate

12  why responding to this request and/or producing responsive documents presents any

13  burden."  Yet, as MGA knows, the Discovery Master has already placed limits on

14  the searches Mattel must make in producing documents, and this objection is only

15  meant to invoke those issues that have already been settled.  See, e.g., Order

16  Denying MGA's Motion to Compel dated April 24, 2008, at 6-7, Dart Decl., Exh. 16

17  (denying  Motion to Compel on all outstanding emails, holding that Mattel has

18  produced all relevant emails and does not need to consult back-up tapes to complete

19  its production).  MGA should not be permitted to circumvent prior Orders by

20  seeking to overrule Mattel's objections here.

21       Moreover, MGA failed to meet and confer at all, much less in good

22  faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery

23  Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17_ ("[B]efore

24  filing any discovery motion, the moving party shall first identify each dispute, state

25  the relief sought and identify the authority supporting the requested relief in a meet

26  _____

27  [338]  Id.

28

1  and confer letter that shall be served on all parties by facsimile or electronic mail.

2  The parties shall have five court days from the date of service of that letter to

3  conduct an in-person conference to attempt to resolve the dispute."). At no point

4  during the meet and confer process did the parties discuss this Request or Mattel's

5  response to it. In order to engage in a meaningful meet and confer, MGA had the

6  burden to show the relevance of any requests it sought to move on.[339]  Because

7  MGA refused to even attempt to make this showing, there was no possibility of a

8  good faith meet and confer to resolve the parties' disputes. The Discovery Master

9  should deny MGA's motion with respect to this Request on that grounds alone.

10         There is no basis for overruling Mattel's privilege objection.  MGA's

11  bald assertion that "this request does not seek information protected by the attorney-

12  client privilege, the attorney work product doctrine, or any other applicable

13  privilege" has no merit.  Despite MGA's claim to the contrary, Mattel has produced

14  a privilege log in this action.   Moreover, as MGA has itself argued, the parties have

15  agreed that "all privileged documents would be logged except for documents created

16  after this action was filed on April 27, 2004."  Thus, to the extent  privileged

17  documents fall within the post lawsuit time period, they need not be included on

18  Mattel's log.

19         Further, the Request is overbroad to the extent it seeks discovery into

20  events and products that post-date MGA's complaint (April 15, 2005).  MGA takes

21  issue with Mattel imposing any temporal limitations on its production based on the

22  filing of MGA's complaint.  Yet it was MGA itself that successfully enforced

23  precisely such limits in responding to Mattel's Requests, insisting that evidence that

24

25  [339]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  post-dated Mattel's complaint could not be relevant to the claims in that complaint.

2  See Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

3  MGA offers no reason, nor could it consistent with judicial estoppel, why

4  documents post-dating the filing of claims which do not allege continuing

5  wrongdoing are relevant to those claims.

6  **REQUEST FOR PRODUCTION NO. 468:**

7  All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

8  RELATING TO such COMMUNICATIONS, with ART ATTACKS (including,

9  without limitation, any of ART ATTACKS' attorneys) regarding MGA, "BRATZ,"

10  BRYANT, LARIAN, any litigation between MGA and MATTEL, or any litigation

11  between MGA and ART ATTACKS.

12  **RESPONSE TO REQUEST NO. 468:**

13  In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is overbroad and unduly burdensome, including in that it seeks all documents on

16  this subject without limitation as to time, and regardless of whether such documents

17  relate to matters at issue in this case. Mattel further objects to the Request on the

18  grounds that it seeks documents that are not relevant to this action or likely to lead

19  to the discovery of admissible evidence. Mattel further objects to this Request on the

20  grounds that it calls for the disclosure of information subject to the attorney–client

21  privilege, the attorney work–product doctrine and other applicable privileges. Mattel

22  further objects to this Request as duplicative of requests previously served by MGA

23  in this litigation.

24  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

25  **TO SHOULD BE COMPELLED**

26  Mattel has not agreed to produce documents in response to this request,

27  raising only improper boilerplate objections. Under the Federal Rules of Civil

28  Procedure, "an objection to part of a request must specify the part and permit

00505.07975/3161807.1

-436-

1   inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to

2   explain the basis for an objection with specificity are routinely rejected in the

3   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

4   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

5   harassing' are improper – especially when a party fails to submit any evidentiary

6   declarations supporting such objections"). Accordingly, Mattel must be compelled

7   either to certify that it has produced all non–privileged responsive documents or to

8   produce all such documents by a date certain.

9          To the extent that Mattel is relying on its blanket objections, they are

10   not sustainable and do not justify Mattel's failure to produce documents.

11          As to overbreadth, Mattel provides no explanation, let alone the

12   required particularity, as to why this request is supposedly overly broad, nor can it

13   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

14   20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

15   contrary, the request is narrowly tailored to seek documents relating

16   communications between Mattel and Art Attacks, an entity involved in prior

17   litigation with MGA regarding "BRATZ," about particular topics relevant to

18   MGA's claims and defenses.

19          As to burden, Mattel has not attempted to demonstrate why responding

20   to this request and/or producing responsive documents presents any burden. This

21   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

22   173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery

23   request is unduly burdensome must allege specific facts which indicate the nature

24   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

25   it is not unduly burdensome, as noted above, in that the request is narrowly tailored

26   to seek only discoverable evidence. MGA has alleged that Mattel has engaged in

27   various unfair trade practices, including serial copying of MGA products,

28   threatening retailers and suppliers to cease doing business with MGA and making

1  false statements about MGA products and product sales. Mattel has also alleged
2  trade secret misappropriation against MGA. MGA is entitled to discovery on these
3  claims and defenses.

4          Mattel objects that the request is duplicative or subsumed within prior
5  requests but does not identify the allegedly duplicative requests. Mattel's failure to
6  agree to produce responsive non–privileged documents is not proper based on this
7  objection.

8          This request does not seek documents protected by the attorney–client
9  privilege, the attorney work product doctrine, or other applicable privileges. To the
10 extent that Mattel contends that it does, Mattel must provide a privilege log.

11         To the extent that Mattel had communications with Art Attacks about
12 the litigation with MGA and products involved (e.g. `BRATZ"), such
13 communications are discoverable and likely to lead to discovery tending to support
14 or refute MGA's claims and defenses.

15         None of Mattel's improper objections are valid and Mattel is obligated
16 to produce all non–privileged responsive documents in its possession.

17 **MATTEL'S RESPONSE**

18         MGA must establish that its discovery meets the relevance
19 requirements of Rule 26(b)(1).[340]  MGA's request seeks every single communication
20 between any of its current or former employees and any current or former employee
21 of Mohr–Gallerani & More Films, that relates in any fashion to MGA, Bratz or Isaac
22 Larian, and also any document relating to such communications.  Indeed, MGA
23 *does not provide even a conclusory claim that the documents at issue are relevant*
24

---

25 [340]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27 burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   (S.D. Cal. May 14, 2009).
28

00505.07975/3161807.1

1  *to a specific allegation in this case*.  MGA has therefore made no showing how this

2  request is related to the claims and defenses in this case.  "A trial court has a duty, of

3  special significance in lengthy and complex cases where the possibility of abuse is

4  always present, to supervise and limit discovery to protect parties and witnesses

5  from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664

6  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

7  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

8  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

9  Discovery Master held, a party may not propound document requests as part of a

10  fishing expedition or to discover new claims.[341] Rivera v. NIBCO, Inc., 364 F.3d

11  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

12  to engage in 'fishing expeditions.'").

13         Further, this is precisely the kind of overbroad Request the prior

14  Discovery Master has already rejected.  MGA previously sought to compel

15  production of documents relating to Mattel's communications with buyers,

16  merchandisers, general merchandise managers, retailers, suppliers, actual and

17  potential licensees, public relations firms and members of the press "referring or

18  relating to Bratz, Larian or MGA regarding the origins, designs, development,

19  product launch, sales, promotions, advertising, quality, or price of Bratz or any other

20  MGA product."[342]  In the May 22, 2007 Order, the Discovery Master rejected those

21  requests as "clearly overbroad" because they sought documents containing those

22  terms "regardless of whether or not they have anything to do with the claims or

23

24

---

25  [341]  See Order Granting In Part and Denying In Part Mattel's Motion for
   Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
26  1.

27  [342]  See May 22, 2007 Order Granting in Part and Denying in Part MGA's
   Motion to Compel at 16-17, Dart Decl., Exh. 5.

28

1   defenses in this case."[343]  Similarly, MGA's requirement that Mattel search for and

2   produce every communication between its current or former employees and any

3   current or former employee of Art Attacks that concerns Bratz, MGA, this litigation,

4   Art Attacks' litigation with MGA, and/or Larian in any way is plainly overbroad and

5   unduly burdensome.

6          Similarly, MGA states that "Mattel has not attempted to demonstrate

7   why responding to this request and/or producing responsive documents presents any

8   burden."  Yet, as MGA knows, the Discovery Master has already placed limits on

9   the searches Mattel must make in producing documents, and this objection is only

10  meant to invoke those issues that have already been settled.  See, e.g., Order

11  Denying MGA's Motion to Compel dated April 24, 2008, at 6-7, Dart Decl., Exh. 16

12  (denying  Motion to Compel on all outstanding emails, holding that Mattel has

13  produced all relevant emails and does not need to consult back-up tapes to complete

14  its production).  MGA should not be permitted to circumvent prior Orders by

15  seeking to overrule Mattel's objections here.

16          Moreover, MGA failed to meet and confer at all, much less in good

17  faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery

18  Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore

19  filing any discovery motion, the moving party shall first identify each dispute, state

20  the relief sought and identify the authority supporting the requested relief in a meet

21  and confer letter that shall be served on all parties by facsimile or electronic mail.

22  The parties shall have five court days from the date of service of that letter to

23  conduct an in-person conference to attempt to resolve the dispute.").  At no point

24  during the meet and confer process did the parties discuss this Request or Mattel's

25  response to it.  In order to engage in a meaningful meet and confer, MGA had the

26  _____

27  [343]  Id.

28

1  burden to show the relevance of any requests it sought to move on.[344]   Because

2  MGA refused to even attempt to make this showing, there was no possibility of a

3  good faith meet and confer to resolve the parties' disputes.  The Discovery Master

4  should deny MGA's motion with respect to this Request on that grounds alone.

5          There is no basis for overruling Mattel's privilege objection.  MGA's

6  bald assertion that "this request does not seek information protected by the attorney-

7  client privilege, the attorney work product doctrine, or any other applicable

8  privilege" has no merit.  Despite MGA's claim to the contrary, Mattel has produced

9  a privilege log in this action.   Moreover, as MGA has itself argued, the parties have

10  agreed that "all privileged documents would be logged except for documents created

11  after this action was filed on April 27, 2004."  Thus, to the extent  privileged

12  documents fall within the post lawsuit time period, they need not be included on

13  Mattel's log.

14          Further, the Request is overbroad to the extent it seeks discovery into

15  events and products that post-date MGA's complaint (April 15, 2005).  MGA takes

16  issue with Mattel imposing any temporal limitations on its production based on the

17  filing of MGA's complaint.  Yet it was MGA itself that successfully enforced

18  precisely such limits in responding to Mattel's Requests, insisting that evidence that

19  post-dated Mattel's complaint could not be relevant to the claims in that complaint.

20  See Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

21  MGA offers no reason, nor could it consistent with judicial estoppel, why

22  documents post-dating the filing of claims which do not allege continuing

23  wrongdoing are relevant to those claims.

24

---

25  [344]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
   (S.D. Cal. May 14, 2009).

28

1  **REQUEST FOR PRODUCTION NO. 469:**

2        All COMMUNICATIONS between Alfred R. Kahn, Chairman and

3  CEO of 4Kids Entertainment Inc. and MATTEL (including, without limitation,

4  MATTEL's Neil Friedman) REFERRING OR RELATING TO `BRATZ," BRATZ

5  television programming (including without limitation any animated program

6  consisting of or containing the BRATZ characters, images, logos, trademark and

7  trade dress), MGA, LARIAN or any other person known to YOU to work or to have

8  worked with or for MGA on `BRATZ" or BRATZ television programming, and all

9  DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS.

10  **RESPONSE TO REQUEST NO. 469:**

11        In addition to the general objections stated above which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it is overbroad and unduly burdensome, including in that it seeks all documents on

14  this subject without limitation as to time, and regardless of whether such documents

15  relate to products or matters at issue in this case. Mattel further object on the

16  grounds that this Request is an attempt to circumvent the Discovery Master's

17  May 22, 2007 order determining that the requested documents are irrelevant and/or

18  that such requests are improper, which stated, "MGA has failed to establish that...

19  communications with ... 4kids Entertainment are relevant to a claim or defense in

20  suit." Mattel further objects to the Request on the grounds that it seeks documents

21  that are not relevant to this action or likely to lead to the discovery of admissible

22  evidence. Mattel further objects to this Request on the grounds that it seeks

23  confidential, proprietary and trade secret information, including such information

24  that has no bearing on the claims or defenses in this case. Mattel further objects to

25  this Request on the grounds that it calls for the disclosure of information subject to

26  the attorney–client privilege, the attorney work–product doctrine and other

27  applicable privileges.

28

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, raising only improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non–privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the contrary, the request is narrowly tailored to seek documents relating communications between Mattel and 4Kids Entertainment about particular topics relevant to MGA's claims and defenses.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

1   it is not unduly burdensome, as noted above, in that the request is narrowly tailored
2   to seek only discoverable evidence. MGA has alleged that Mattel has engaged in
3   various unfair trade practices, including serial copying of MGA products,
4   threatening retailers and suppliers to cease doing business with MGA and making
5   false statements about MGA products and product sales. Mattel has also alleged
6   trade secret misappropriation against MGA. MGA is entitled to discovery on these
7   claims and defenses.

8          Mattel objects that the request is duplicative or subsumed within prior
9   requests but does not identify the allegedly duplicative requests. Mattel's failure to
10  agree to produce responsive non–privileged documents is not proper based on this
11  objection.

12         This request does not seek documents protected by the attorney–client
13  privilege, the attorney work product doctrine, or other applicable privileges. To the
14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15         Mattel's objection that this request is an attempt to circumvent the
16  Discovery Master's May 22, 2007 order is unwarranted. That order is inapposite to
17  this request, which is much narrower than those considered irrelevant and/or
18  improper by the court. This request is narrowly tailored to documents relating to
19  specific communications between Mattel and 4Kids Entertainment Inc. regarding
20  particular issues in this case, namely `BRATZ" television programming.

21         To the extent that Mattel had communications with 4Kids
22  Entertainment about MGA and `BRATZ" television programming, such
23  communications are discoverable and likely to lead to discovery tending to support
24  or refute MGA's claims and defenses.

25         None of Mattel's improper objections are valid and Mattel is obligated
26  to produce all non–privileged responsive documents in its possession.

27

28

**MATTEL'S RESPONSE**

MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1).[345]  MGA's request seeks every single communication between all communications between Alfred R. Kahn and MATTEL , and also any document relating to such communications.  Indeed, MGA *does not provide even a conclusory claim that the documents at issue are relevant to a specific allegation in this case*.  MGA has therefore made no showing how this request is related to the claims and defenses in this case.  "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense."  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[346]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Further, this is precisely the kind of overbroad Request the prior Discovery Master has already rejected.  MGA previously sought to compel production of documents relating to Mattel's communications with buyers,

---

[345]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
[346]   See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh. 1.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET FOUR)

1 | merchandisers, general merchandise managers, retailers, suppliers, actual and
2 | potential licensees, public relations firms and members of the press "referring or
3 | relating to Bratz, Larian or MGA regarding the origins, designs, development,
4 | product launch, sales, promotions, advertising, quality, or price of Bratz or any other
5 | MGA product."[347]  In the May 22, 2007 Order, the Discovery Master rejected those
6 | requests as "clearly overbroad" because they sought documents containing those
7 | terms "regardless of whether or not they have anything to do with the claims or
8 | defenses in this case."[348]  Similarly, MGA's requirement that Mattel search for and
9 | produce every communication between Alfred R. Kahn and MATTEL that concerns
10 | Bratz, MGA, and/or Larian in any way is plainly overbroad and unduly burdensome.

11 | Similarly, MGA states that "Mattel has not attempted to demonstrate
12 | why responding to this request and/or producing responsive documents presents any
13 | burden." Yet, as MGA knows, the Discovery Master has already placed limits on
14 | the searches Mattel must make in producing documents, and this objection is only
15 | meant to invoke those issues that have already been settled.  See, e.g., Order
16 | Denying MGA's Motion to Compel dated April 24, 2008, at 6-7, Dart Decl., Exh. 16
17 | (denying Motion to Compel on all outstanding emails, holding that Mattel has
18 | produced all relevant emails and does not need to consult back-up tapes to complete
19 | its production).  MGA should not be permitted to circumvent prior Orders by
20 | seeking to overrule Mattel's objections here.

21 | Moreover, MGA failed to meet and confer at all, much less in good
22 | faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery
23 | Master Order No. 1, dated February 12, 2009, at 2, Dart Decl., Exh. 17 ("[B]efore
24 | filing any discovery motion, the moving party shall first identify each dispute, state

---

[347]  See May 22, 2007 Order Granting in Part and Denying in Part MGA's Motion to Compel at 16-17, Dart Decl., Exh. 5.
[348]  Id.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET FOUR)

1 | the relief sought and identify the authority supporting the requested relief in a meet
2 | and confer letter that shall be served on all parties by facsimile or electronic mail.
3 | The parties shall have five court days from the date of service of that letter to
4 | conduct an in-person conference to attempt to resolve the dispute."). At no point
5 | during the meet and confer process did the parties discuss this Request or Mattel's
6 | response to it. In order to engage in a meaningful meet and confer, MGA had the
7 | burden to show the relevance of any requests it sought to move on.[349]   Because
8 | MGA refused to even attempt to make this showing, there was no possibility of a
9 | good faith meet and confer to resolve the parties' disputes. The Discovery Master
10 | should deny MGA's motion with respect to this Request on that grounds alone.

11 | There is no basis for overruling Mattel's privilege objection. MGA's
12 | bald assertion that "this request does not seek information protected by the attorney-
13 | client privilege, the attorney work product doctrine, or any other applicable
14 | privilege" has no merit. Despite MGA's claim to the contrary, Mattel has produced
15 | a privilege log in this action.  Moreover, as MGA has itself argued, the parties have
16 | agreed that "all privileged documents would be logged except for documents created
17 | after this action was filed on April 27, 2004." Thus, to the extent  privileged
18 | documents fall within the post lawsuit time period, they need not be included on
19 | Mattel's log.

20 | Further, the Request is overbroad to the extent it seeks discovery into events
21 | and products that post-date MGA's complaint (April 15, 2005). MGA takes issue
22 | with Mattel imposing any temporal limitations on its production based on the filing
23 | of MGA's complaint. Yet it was MGA itself that successfully enforced precisely

24 |

25 | [349]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 | Order No. 27, at 4 , Dart Decl., Exh.4 (as the moving party, "Mattel bears an initial
27 | burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
28 |

1  such limits in responding to Mattel's Requests, insisting that evidence that post-

2  dated Mattel's complaint could not be relevant to the claims in that complaint.  See

3  Discovery Matter Order No. 3, dated March 10, 2009, at 18, Dart Decl., Exh. 7.

4  MGA offers no reason, nor could it consistent with judicial estoppel, why

5  documents post-dating the filing of claims which do not allege continuing

6  wrongdoing are relevant to those claims.

7

8

9  DATED:  October 19, 2009         QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES. LLP
10

11                                  By  /s/ James J. Webster

12                                      James J. Webster
                                        Attorneys for Mattel. Inc.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28