1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 90378)
2    (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100
    Attorneys for Mattel, Inc.

7                    UNITED STATES DISTRICT COURT

8                  SOUTHERN DISTRICT OF CALIFORNIA

9  MATTEL, INC., a Delaware             CASE NO. CV 04-9049 DOC (RNBx)
10  corporation,                        Consolidated with
                                        Case No. CV 04-09059
11                Plaintiff,            Case No. CV 05-02727

12                                      **DISCOVERY MATTER**

13        vs.                           **[To Be Heard By Discovery Master
                                        Robert O'Brien]**
14  MGA ENTERTAINMENT, INC., a
15  California corporation, et al.      **[PUBLIC REDACTED] MATTEL'S
                                        RESPONSE TO SEPARATE
                                        STATEMENT IN SUPPORT OF
16                Defendants.           MGA PARTIES' MOTION TO
                                        COMPEL FURTHER RESPONSES
17  ─────────────────────────────       TO MGA'S REQUESTS FOR
    AND CONSOLIDATED ACTIONS            PRODUCTION OF DOCUMENTS
18                                      (9059, SET TWO)**

19

20

21                                      Hearing Date:   TBA
                                        Time:           TBA
22                                      Place:          Arent Fox LLP
                                                        555 West Fifth St.
23                                                      48th Floor
                                                        Los Angeles, CA
24                                                      90013

25                                      **Phase 2**
                                        Disc. Cut-off:   June 1, 2010
26                                      Pre-trial Conf.:
                                        Trial Date:

27

28

00505.07975/3161648.1

1    Mattel, Inc. respectfully submits this Separate Statement in support of

2  its Opposition to MGA Parties' Motion to Compel Further Responses to MGA's

3  Requests for Production of Documents  (9059, Set Two).  This Separate Statement

4  covers MGA's First Set of Requests in Case No. CV 04-9059-SGL of the

5  consolidated proceedings, served on April 13, 2005.  The requests included in this

6  Separate Statement are Request Nos. 333-337, 341-347 (the "Requests at Issue").

7    **MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

8    **AT ISSUE AND RESPONSES - CASE NO. CV 04-9059 NM (RNBx)**

9  **REQUEST FOR PRODUCTION NO. 333:**

10    All DOCUMENTS mentioning, referring or relating to the

11  development or release by MGA of PRAYER ANGELS.

12  **RESPONSE TO REQUEST NO. 333:**

13    In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request as overbroad and

15  unduly burdensome on the grounds that it seeks all documents in Mattel's

16  possession, custody and control authored by <u>anyone at any time</u> that mention, refer

17  or relate to MGA's "development" or "release" of "Prayer Angels," without further

18  limitation as to subject matter, regardless of whether such documents are publicly

19  available and regardless of whether the documents concern matters at issue in this

20  case, and for those same reasons further objects to the Request on the grounds that it

21  seeks documents that are not relevant to this action or likely to lead to the discovery

22  of admissible evidence.  Mattel further objects to this Request on the grounds that it

23  is unreasonably burdensome and premature in that the facts necessary to determine

24  whether documents in Mattel's possession, custody and control relate to the

25  development or release by MGA of "Prayer Angels" dolls are within the knowledge

26  of defendants and third parties associated with defendants, and are not known to

27  Mattel because of defendants' refusals to produce basic discovery.  Mattel further

28  objects to this Request on the grounds that it calls for the disclosure of information

00505.07975/3161648.1

1 subject to the attorney-client privilege, the attorney work-product doctrine and other
2 applicable privileges.

3 Subject to and without waiving the foregoing objections, Mattel will
4 produce responsive, non-privileged documents, if any, within its possession, custody
5 or control located after a reasonable search that relate to MGA's development or
6 initial launch of dolls that MGA has publicly called "Prayer Angels."

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

9 Mattel has improperly limited its agreement to produce documents in
10 response to this request to "dolls that MGA has publicly called 'Prayer Angels.'"
11 Mattel has refused to confirm whether or not it has produced all non-privileged
12 responsive documents or whether it is withholding documents based on its
13 objections and improper limitation in Phase 2. Under the Federal Rules of Civil
14 Procedure, "an objection to part of a request must specify the part and permit
15 inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to
16 explain the basis for an objection with specificity are routinely rejected in the
17 Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
18 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
19 harassing' are improper – especially when a party fails to submit any evidentiary
20 declarations supporting such objections"). Accordingly, Mattel must be compelled
21 either to certify that it has produced all non-privileged responsive documents or to
22 produce all such documents by a date certain.

23 To the extent that Mattel is relying on its blanket objections, they are
24 not sustainable and do not justify Mattel's failure to produce documents.

25 As to overbreadth, Mattel provides no explanation, let alone the
26 required particularity, as to *why* this request is supposedly overly broad, nor can it
27 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
28 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

00505.07975/3161648.1

-2-

1   contrary, the request is narrowly tailored to seek documents concerning
2   development or release by MGA of PRAYER ANGELS.

3        As to burden, Mattel has not attempted to demonstrate why responding
4   to this request and/or producing responsive documents presents any burden. This
5   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
6   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
7   request is unduly burdensome must allege specific facts which indicate the nature
8   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
9   it is not unduly burdensome, as noted above, in that the request is narrowly tailored
10  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
11  broad variety of unfair trade practices including serial copying of MGA products.
12  Mattel has also alleged a trade secret misappropriation claim against MGA. MGA is
13  entitled to discovery on its claims and defenses.

14       This request does not seek documents protected by the attorney-client
15  privilege, the attorney work product doctrine, or other applicable privileges. To the
16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17       As for relevancy, Mattel has not attempted to demonstrate why the
18  information sought in response to this request is not discoverable in Phase 2. On the
19  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
20  product lines. Mattel has also alleged a trade secret misappropriation claim against
21  MGA. Documents concerning development or release by MGA of PRAYER
22  ANGELS that are in possession, custody, or control of Mattel are highly relevant to
23  MGA's claims and defenses, including its claim of serial copying and its defense
24  against Mattel's trade secret misappropriation claim and are discoverable in Phase 2.

25       Mattel limits its response to documents that "relate to MGA's
26  development or initial launch of dolls that MGA has publicly called "Prayer
27  Angels.'" Such a limitation is unjustified. MGA is entitled to discovery on all
28  documents in Mattel's possession, custody, or control related to development or

00505.07975/3161648.1

-3-

1 | release of MGA's PRAYER ANGELS and not just documents related to its initial
2 | launch of products that were publicly called PRAYER ANGELS. To the extent
3 | Mattel has in its possession, custody or control, any document related to the
4 | development or release (not just the initial launch) of any MGA product referred to
5 | as PRAYER ANGELS (not just publicly called), MGA is entitled to its production.

6 |       None of Mattel's improper objections are valid and Mattel is obligated
7 | to produce all non-privileged responsive documents in its possession, custody, or
8 | control.

9 | **MATTEL'S RESPONSE:**

10 |       MGA's argument that it is entitled to the requested documents fails on
11 | its face. MGA bears the burden of showing that its discovery meets the relevance
12 | requirements of Rule 26(b)(1).[1] MGA has not explained how all documents in
13 | Mattel's possession, custody and control authored by anyone at any time that
14 | mention, refer or relate to MGA's "development" or "release" of "Prayer Angels,"
15 | without further limitation as to subject matter, regardless of whether such documents
16 | are publicly available and regardless of whether the documents concern matters at
17 | issue in this case are relevant to Phase 2 issues. "A trial court has a duty, of special
18 | significance in lengthy and complex cases where the possibility of abuse is always
19 | present, to supervise and limit discovery to protect parties and witnesses from
20 | annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664
21 | (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559
22 | F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste
23 | Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous
24 |

25 |     [1] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 | Order No. 27, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an
27 | initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. 2009).
28 |

1   Discovery Master has held, a party may not propound document requests as part of a

2   fishing expedition or to discover new claims.[2]  Rivera v. NIBCO, Inc., 364 F.3d

3   1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

4   to engage in 'fishing expeditions.'").

5           Further, this Request is grossly overbroad.  Seeking the universe of all

6   documents that refer or relate to MGA's "development" or "release" of "Prayer

7   Angels," is not narrowly tailored to seek information relevant to Phase 2.

8           The Request is also duplicative of other MGA Parties' requests in

9   response to which Mattel has produced 17,278 pages in Phase 1 of this case related

10  to unfair competition alone.  MGA has admitted that Mattel has produced

11  documents responsive to this Request.[3]

12          Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

13  that a Court should limit the extent of discovery if it determines that the burden of

14  the proposed discovery outweighs its likely benefit; the discovery sought is

15  unreasonably cumulative or duplicative, or is obtainable from some other source that

16  is more convenient, less burdensome, or less expensive; or the party seeking

17  discovery has had ample opportunity by discovery in the action to obtain the

18  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

19  producing the documents responsive to this overbroad Request would greatly

20  outweigh any marginal benefit to MGA, for the following reasons.

21

22

23

24

25  [2]  See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.

26  1.

27  [3]  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2, Dart Dec., Exh. 43.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17 [7]

18

19

20

21

22

23 [4]

24

25 [5]

26 [6]

27 [7] See

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161648.1

1
2
3
4
5
6
7
8
9
10
11
12



13        There is no basis for overruling Mattel's privilege objection. MGA's

14 bald and unsupported assertion that "[t]his request does not seek information

15 protected by the attorney-client privilege, the attorney work product doctrine, or

16 other applicable privileges" has no merit. Moreover, as MGA has itself argued, the

17 parties have agreed that "all privileged documents would be logged except for

18 documents created after this action was filed on April 27, 2004."[16] Thus, to the

19 extent privileged documents fall within the post-lawsuit time period, they need not

20
21
22
23
24
25

26 [16]  See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.

    3.

28

1 | be included on Mattel's log. Although it bears the burden of showing why this
2 | agreement should not be applied to a given Request, MGA fails to do so.

3 | Finally, MGA failed to meet and confer at all, much less in good faith,
4 | regarding this Request prior to filing its Motion. See Phase 2 Discovery Master
5 | Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
6 | the moving party shall first identify each dispute, state the relief sought and identify
7 | the authority supporting the requested relief in a meet and confer letter that shall be
8 | served on all parties by facsimile or electronic mail. The parties shall have five court
9 | days from the date of service of that letter to conduct an in-person conference to
10 | attempt to resolve the dispute.").  In order to engage in a meaningful meet and
11 | confer, MGA had the burden to show the relevance of any requests it sought to
12 | move on.[17]  At no point during the meet and confer process did MGA show why
13 | this Request could be considered relevant to Phase 2 issues.[18]  Because MGA
14 | refused to even attempt to make this showing, there was no possibility of a good
15 | faith meet and confer to resolve the parties' disputes. The Discovery Master should
16 | deny MGA's motion with respect to this Request on that grounds alone.

17 | **REQUEST FOR PRODUCTION NO. 334:**

18 | All DOCUMENTS mentioning, referring or relating to any dolls
19 | developed or produced by MGA and called or referred to therein as "Angel" or
20 | "Angels."

21

22

23

---

24 | [17]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
25 | Order No. 27, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an
initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
26 | 1390794 at *1 (S.D. Cal. May 14, 2009).
27 | [18]  See Declaration of James J. Webster ("Webster Dec."), filed concurrently
hereto at p. 1-5.
28

**RESPONSE TO REQUEST NO. 334:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome on the grounds that it seeks all documents in Mattel's possession, custody and control authored by <u>anyone at any time</u> that mention, refer or relate to any dolls developed or produced by MGA called or referred to by anyone as "Angel" or "Angels," without further limitation as to subject matter, regardless of whether such documents are publicly available and regardless of whether the documents concern matters at issue in this case, and for those reasons further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request in that the terms "Angel" and "Angels" are vague and ambiguous in this context. At least one witness has testified that "Angel" was a code name for "Bratz" used by defendants, whereas MGA has claimed that "Angel" or "Angels" refers to the dolls that MGA publicly has called "Prayer Angels." In the event that "Angel" or "Angels" as used in this Request refers to "Bratz," Mattel further objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive and is duplicative with prior discovery requests to which Mattel has previously responded. Mattel will produce such documents only to the extent it has so stated in its prior discovery responses. In the event that "Angel" or "Angels" as used in this Request refers to "Prayer Angels," Mattel further objects to this Request on the grounds that it is duplicative with Request No. 333 above. Mattel further objects to this Request on the grounds that it purports to require Mattel to identify information relating to matters that are currently known to and in the possession, custody and control of defendants and third parties, including third parties associated with defendants. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this

00505.07975/3161648.1

-10-

1   Request on the grounds that it calls for the disclosure of information subject to the

2   attorney-client privilege, the attorney work-product doctrine and other applicable

3   privileges.

4           Subject to and without waiving the foregoing objections, Mattel will

5   produce responsive, non-privileged documents, if any, within its possession, custody

6   or control located after a reasonable search that relate to MGA's development or

7   initial launch of dolls that MGA has publicly called "Prayer Angels."

8   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

9   **TO SHOULD BE COMPELLED**

10          Mattel has improperly limited its agreement to produce documents in

11  response to this request, subject to its improper boilerplate objections. Mattel has

12  refused to confirm whether or not it has produced all non-privileged responsive

13  documents or whether it is withholding documents based on its objections in Phase

14  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

15  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

16  Generic objections that fail to explain the basis for an objection with specificity are

17  routinely rejected in the Central District. See A. Farber and Partners, Inc. v.

18  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

19  such as 'overly burdensome and harassing' are improper – especially when a party

20  fails to submit any evidentiary declarations supporting such objections").

21  Accordingly, Mattel must be compelled either to certify that it has produced all non-

22  privileged responsive documents or to produce all such documents by a date certain.

23          To the extent that Mattel is relying on its blanket objections, they are

24  not sustainable and do not justify Mattel's failure to produce documents.

25          As to overbreadth, Mattel provides no explanation, let alone the

26  required particularity, as to *why* this request is supposedly overly broad, nor can it

27  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

28  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

1   contrary, the request is narrowly tailored to seek documents concerning dolls

2   developed or produced by MGA and called or referred as "Angel" or "Angels."

3          As to burden, Mattel has not attempted to demonstrate why responding

4   to this request and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

6   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

9   it is not unduly burdensome, as noted above, in that the request is narrowly tailored

10  to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a

11  broad variety of unfair trade practices including serial copying of MGA products.

12  Mattel has also alleged a trade secret misappropriation claim against MGA. MGA is

13  entitled to discovery on its claims and defenses.

14          This request does not seek documents protected by the attorney-client

15  privilege, the attorney work product doctrine, or other applicable privileges.  To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17          As for relevancy, Mattel has not attempted to demonstrate why the

18  information sought in response to this request is not discoverable in Phase 2.  On the

19  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

20  product lines.  Mattel has also alleged a trade secret misappropriation claim against

21  MGA. Documents concerning dolls developed or produced by MGA called or

22  referred as "Angel" or "Angels" that are in possession, custody, or control of Mattel

23  are highly relevant to MGA's claims and defenses, including its claim of serial

24  copying and its defense against Mattel's trade secret misappropriation claim.

25          Mattel limits its response to documents that "relate to MGA's

26  development or initial launch of dolls that MGA has publicly called "Prayer

27  Angels."  Such a limitation is unjustified.  Mattel objects that the term "Angel" or

28  "Angels" may refer to "Bratz," or to "Prayer Angels" and improperly limits itself to

1  documents publicly called "Prayer Angels."  MGA is entitled to discovery on
2  documents related to development or release of its products referred to as "Angels"
3  not based on Mattel's unilateral understanding of the term.  MGA has alleged that
4  Mattel has engaged in a broad variety of unfair trade practices including serial
5  copying of MGA products.  To the extent Mattel has in its possession, custody or
6  control, any document related to the development or release (not just the initial
7  launch) of any MGA product referred to as "Angels" (not just publicly called),
8  MGA is entitled to its production because it is directly relevant to its claim and
9  defenses.

10  None of Mattel's improper objections are valid and Mattel is obligated
11  to produce all non-privileged responsive documents in its possession, custody, or
12  control.

13  **MATTEL'S RESPONSE:**

14  MGA's argument that it is entitled to the requested documents fails on
15  its face.  MGA bears the burden of showing that its discovery meets the relevance
16  requirements of <u>Rule</u> 26(b)(1).[19]  MGA has not explained how all documents in
17  Mattel's possession, custody and control authored by <u>anyone at any time</u> that
18  mention, refer or relate to any dolls developed or produced by MGA called or
19  referred to by anyone as "Angel" or "Angels," without further limitation as to
20  subject matter, regardless of whether such documents are publicly available and
21  regardless of whether the documents concern matters at issue in this case are
22  relevant to Phase 2 issues.  "A trial court has a duty, of special significance in
23  lengthy and complex cases where the possibility of abuse is always present, to

24

25  [19]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an
27  initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL
   1390794 at *1 (S.D. Cal. 2009).

28

1  supervise and limit discovery to protect parties and witnesses from annoyance and
2  excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
3  also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
4  n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
5  1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a
6  party may not propound document requests as part of a fishing expedition or to
7  discover new claims.[20] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)
8  ("District courts need not condone the use of discovery to engage in 'fishing
9  expeditions.'").

10        Further, this Request is grossly overbroad. Seeking the universe of all
11  documents in Mattel's possession, custody and control authored by anyone at any
12  time that mention, refer or relate to any dolls developed or produced by MGA called
13  or referred to by anyone as "Angel" or "Angels," without further limitation as to
14  subject matter, regardless of whether such documents are publicly available and
15  regardless of whether the documents concern matters at issue in this case is not
16  narrowly tailored to seek information relevant to Phase 2.

17        The Request is also duplicative of other MGA Parties' requests in
18  response to which Mattel has produced 17,278 pages in Phase 1 of this case related
19  to unfair competition alone. MGA has admitted that Mattel has produced
20  documents responsive to this Request.[21]

21        Further, this Request is unduly burdensome. Rule 26(b)(2)(c) provides
22  that a Court should limit the extent of discovery if it determines that the burden of
23  the proposed discovery outweighs its likely benefit; the discovery sought is

24

25  ————————————

26  [20] See Order Granting In Part and Denying In Part Mattel's Motion for
27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
    1.

28

1  unreasonably cumulative or duplicative, or is obtainable from some other source that

2  is more convenient, less burdensome, or less expensive; or the party seeking

3  discovery has had ample opportunity by discovery in the action to obtain the

4  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

5  producing the documents responsive to this overbroad Request would greatly

6  outweigh any marginal benefit to MGA, for the following reasons.

21  See letter from David Hurwitz to Michael Zeller, dated March 29, 2007, at 2, Dart Dec., Exh. 43.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059. SET TWO)



00505.07975/3161648.1

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059. SET TWO)



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17        There is no basis for overruling Mattel's privilege objection.  MGA's

18  bald and unsupported assertion that "[t]his request does not seek information

19  protected by the attorney-client privilege, the attorney work product doctrine, or

20  other applicable privileges" has no merit.  Moreover, as MGA has itself argued, the

21  parties have agreed that "all privileged documents would be logged except for

22

23

24

25

26

27

28

1   documents created after this action was filed on April 27, 2004."[34]  Thus, to the
2   extent  privileged documents fall within the post-lawsuit time period, they need not
3   be included on Mattel's log.  Although it bears the burden of showing why this
4   agreement should not be applied to a given Request, MGA fails to do so.

5          Finally, MGA failed to meet and confer at all, much less in good faith,
6   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
7   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
8   the moving party shall first identify each dispute, state the relief sought and identify
9   the authority supporting the requested relief in a meet and confer letter that shall be
10  served on all parties by facsimile or electronic mail. The parties shall have five court
11  days from the date of service of that letter to conduct an in-person conference to
12  attempt to resolve the dispute.").   In order to engage in a meaningful meet and
13  confer, MGA had the burden to show the relevance of any requests it sought to
14  move on.[35]  At no point during the meet and confer process did MGA show why
15  this Request could be considered relevant to Phase 2 issues.[36]  Because MGA
16  refused to even attempt to make this showing, there was no possibility of a good
17  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
18  deny MGA's motion with respect to this Request on that grounds alone.

19  **REQUEST FOR PRODUCTION NO. 335:**

20         All DOCUMENTS mentioning, referring or relating to work Anna
21  Rhee performed for MGA including but not limited to any contracts between MGA

22

23  [34]   See Order Denying Mattel's Motion for Protective Order Limiting the
24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
    3.
25  [35]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an
27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. May 14, 2009).
28

1 | and Anna Rhee, the performance of any contracts between MGA and Anna Rhee,
2 | any invoices pertaining to work done by Anna Rhee for MGA, any purchase orders
3 | pertaining to work done by Anna Rhee for MGA, any descriptions of projects for
4 | MGA pertaining to work done by Anna Rhee for MGA, any photographs, sketches,
5 | drawings, copies or other replicas or tangible things of any work Anna Rhee
6 | performed for MGA, any payments Anna Rhee received from MGA and the timing
7 | of any work Anna Rhee performed for MGA, to the extent that such documents
8 | have not already been produced in this litigation.

9 | **RESPONSE TO REQUEST NO. 335:**

10 | In addition to the general objections stated above which are
11 | incorporated herein by reference, Mattel objects to this Request as overbroad and
12 | unduly burdensome on the grounds that it seeks all documents in Mattel's
13 | possession, custody and control authored by <u>anyone at any time</u> mention, refer or
14 | relate a vast array of topics relating to Anna Rhee's work for MGA, without further
15 | limitation as to subject matter and regardless of whether the documents concern
16 | work, services or other matters at issue in this case. Mattel further objects to this
17 | Request on the grounds that is overbroad, unduly burdensome and oppressive in that
18 | it purports to require Mattel to identify the numerous projects, products and other
19 | matters as to which Ms. Rhee apparently has provided work or services to, for or on
20 | behalf of MGA and then search for documents that relate to such projects, products
21 | or other matters. Mattel will not search for, or produce, documents that "relate" to
22 | such projects or products but that do not refer to Ms. Rhee by name. Mattel further
23 | objects to this Request on the grounds that it purports to require Mattel to identify
24 | and produce communications that are currently known to and in the possession,
25 | custody and control of MGA, and are necessarily equally available to MGA. Mattel

26 |
27 | [36] <u>See</u> Webster Dec., p. 1-5.
28 |

1 further objects to this Request on the grounds that it purports to require Mattel to
2 identify information relating to matters that are currently known to and in the
3 possession, custody and control of third parties, including third parties associated
4 with defendants. Mattel further objects to this Request on the grounds that it calls
5 for the disclosure of information subject to the attorney-client privilege, the attorney
6 work-product doctrine and other applicable privileges.

7          Subject to and without waiving the foregoing objections, Mattel will
8 produce responsive, non-privileged documents, if any, within its possession, custody
9 or control located after a reasonable search that expressly refer to Ms. Rhee's work
10 or services performed with, for or on behalf of MGA on "Bratz" and/or "Prayer
11 Angels" and that have not already been produced in this case.

12 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
13 **TO SHOULD BE COMPELLED**

14          Mattel has improperly limited its agreement to produce documents in
15 response to this request, subject to its improper boilerplate objections. Mattel has
16 refused to confirm whether or not it has produced all non-privileged responsive
17 documents or whether it is withholding documents based on its objections in Phase
18 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
19 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
20 Generic objections that fail to explain the basis for an objection with specificity are
21 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
22 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
23 'overly burdensome and harassing' are improper – especially when a party fails to
24 submit any evidentiary declarations supporting such objections"). Accordingly,
25 Mattel must be compelled either to certify that it has produced all non-privileged
26 responsive documents or to produce all such documents by a date certain.

27          To the extent that Mattel is relying on its blanket objections, they are
28 not sustainable and do not justify Mattel's failure to produce documents.

1    As to overbreadth, Mattel provides no explanation, let alone the

2    required particularity, as to *why* this request is supposedly overly broad, nor can it

3    do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

4    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

5    contrary, the request is narrowly tailored to seek documents concerning one specific

6    subject matter and one individual, namely work Anna Rhee performed for MGA.

7    Anna Rhee has been identified as having knowledge of facts relevant to MGA's

8    affirmative defenses. See MGA's Response to Mattel Inc.'s Amended Supplemental

9    Interrogatory Regarding Defendants' Affirmative Defenses, August 31, 2009,

10   Rutowski Decl., Ex. 59.

11   As to burden, Mattel has not attempted to demonstrate why responding

12   to this request and/or producing responsive documents presents any burden. This

13   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

14   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

17   it is not unduly burdensome, as noted above, in that the request is narrowly tailored

18   to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

19   broad variety of unfair trade practices including serial copying of MGA products.

20   Mattel has also alleged a trade secret misappropriation claim against MGA. MGA is

21   entitled to discovery on its claims and defenses. The request is narrowly tailored to

22   seek documents concerning one specific subject matter and one individual, namely

23   work Anna Rhee performed for MGA.

24   This request does not seek documents protected by the attorney-client

25   privilege, the attorney work product doctrine, or other applicable privileges. To the

26   extent that Mattel contends that it does, Mattel must provide a privilege log.

27   As for relevancy, Mattel has not attempted to demonstrate why the

28   information sought in response to this request is not discoverable in Phase 2. On the

1  contrary, Mattel identified Anna Rhee in its Initial Disclosures as a person
2  knowledgeable about the development and ownership of intellectual property at
3  issue and the design and development of "Bratz," among other things. Mattel's
4  Initial Disclosures, Rutowski Decl. Ex. 64. MGA has alleged that Mattel has
5  engaged in serial copying of MGA's product lines. Mattel has also alleged a trade
6  secret misappropriation claim against MGA. Documents concerning the work that
7  Anna Rhee performed for MGA that are in Mattel's possession, custody or control
8  are highly relevant to MGA's claims and defenses, including its allegation of serial
9  copying by Mattel and its defense against Mattel's trade secret misappropriation
10 claim.

11         Mattel improperly limits is response to documents "that expressly refer
12 to Ms. Rhee's work or services performed with, for or on behalf of MGA on 'Bratz'
13 and/or 'Prayer Angels.'" MGA has alleged that Mattel has engaged in a broad variety
14 of unfair trade practices including serial copying of MGA products and seeking to
15 obtain MGA confidential information through improper means. If Mattel has in its
16 possession, custody or control documents relating to Ms. Rhee's work on MGA
17 products other than "Bratz" and "Prayer Angels," that information is discoverable.
18 Mattel also improperly limits its response to documents "that expressly refer to
19 Ms. Rhee's work." Mattel's limitation is too narrow because in addition to
20 documents that expressly refer to Ms. Rhee's work, any photographs, sketches, or
21 other documents that embody her work for MGA or any documents that expressly or
22 indirectly discuss Ms. Rhee's role in connection with MGA, are relevant to MGA's
23 claims and defenses.

24         None of Mattel's improper objections are valid and Mattel is obligated
25 to produce all non-privileged responsive documents in its possession, custody, or
26 control.

27

28

**MATTEL'S RESPONSE:**

Mattel has produced all responsive, non-privileged documents, if any, within its possession, custody or control located after a reasonable search that expressly refer to Ms. Rhee's work or services performed with, for or on behalf of MGA on "Bratz" and/or "Prayer Angels" and that have not already been produced in this case. MGA nowhere provides justification for its extremely tardy objection to this limitation, which was raised well over two years ago. In any case, MGA has identified no allegations at issue in this case that involve Ms. Rhee other than to the extent she was involved in Bratz and Prayer Angels.

MGA has not even attempted, and indeed cannot, show that any documents falling beyond this limitation, yet somehow mentioning Ms. Rhee, are relevant to this case. MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[37] MGA has not explained how all documents in Mattel's possession, custody and control authored by <u>anyone at any time</u> that mention, refer or relate to any dolls developed or produced by MGA called or referred to by anyone as "Angel" or "Angels," without further limitation as to subject matter, regardless of whether such documents are publicly available and regardless of whether the documents concern matters at issue in this case are relevant to Phase 2 issues. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133

---

[37] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

1  n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL
2  1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a
3  party may not propound document requests as part of a fishing expedition or to
4  discover new claims.[38]  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004)
5  ("District courts need not condone the use of discovery to engage in 'fishing
6  expeditions.'").

7        To the extent that MGA pursues this Request beyond Mattel's limiting
8  language, it is also overbroad because it is highly duplicative of discovery already
9  served in this case.  Ms. Rhee has been deposed at length in this action and has been
10  the subject of numerous Requests for Production and Interrogatories.

11        Further, this Request is grossly overbroad.  Seeking the universe of all
12  documents in Mattel's possession, custody and control authored by <u>anyone at any</u>
13  <u>time</u> that mention, refer or relate to any worked that Anna Rhee performed for MGA
14  without further limitation as to subject matter, regardless of whether such documents
15  are publicly available and regardless of whether the documents concern matters at
16  issue in this case is not narrowly tailored to seek information relevant to Phase 2.

17        Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
18  that a Court should limit the extent of discovery if it determines that the burden of
19  the proposed discovery outweighs its likely benefit; the discovery sought is
20  unreasonably cumulative or duplicative, or is obtainable from some other source that
21  is more convenient, less burdensome, or less expensive; or the party seeking
22  discovery has had ample opportunity by discovery in the action to obtain the
23  information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and

24

25  _____

26  [38]  <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for
27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
   1.
28

1  producing the documents responsive to this overbroad Request would greatly

2  outweigh any marginal benefit to MGA, for the following reasons.



00505.07975/3161648.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12



13      There is no basis for overruling Mattel's privilege objection.  MGA's

14 bald and unsupported assertion that "[t]his request does not seek information

15 protected by the attorney-client privilege, the attorney work product doctrine, or

16 other applicable privileges" has no merit.  Moreover, as MGA has itself argued, the

17 parties have agreed that "all privileged documents would be logged except for

18 documents created after this action was filed on April 27, 2004."[51]  Thus, to the

19 extent  privileged documents fall within the post-lawsuit time period, they need not

20

21

22

23

24

25

26   [51]  See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
3.

28

1  be included on Mattel's log.  Although it bears the burden of showing why this

2  agreement should not be applied to a given Request, MGA fails to do so.

3         Finally, MGA failed to meet and confer at all, much less in good faith,

4  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6  the moving party shall first identify each dispute, state the relief sought and identify

7  the authority supporting the requested relief in a meet and confer letter that shall be

8  served on all parties by facsimile or electronic mail. The parties shall have five court

9  days from the date of service of that letter to conduct an in-person conference to

10  attempt to resolve the dispute.").   In order to engage in a meaningful meet and

11  confer, MGA had the burden to show the relevance of any requests it sought to

12  move on.[52]   At no point during the meet and confer process did MGA show why

13  this Request could be considered relevant to Phase 2 issues.[53]  Because MGA

14  refused to even attempt to make this showing, there was no possibility of a good

15  faith meet and confer to resolve the parties' disputes.  The Discovery Master should

16  deny MGA's motion with respect to this Request on that grounds alone.

17  **REQUEST FOR PRODUCTION NO. 336:**

18         All DOCUMENTS mentioning, referring or relating to work Anna

19  Rhee performed for YOU including but not limited to any contracts between YOU

20  and Anna Rhee, the performance of any contracts between YOU and Anna Rhee,

21  any invoices pertaining to work done by Anna Rhee for YOU, any purchase orders

22  pertaining to work done by Anna Rhee for YOU, any descriptions of projects for

23  YOU pertaining to work done by Anna Rhee for YOU, any photographs, sketches,

24

25      [52]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
   1390794 at *1 (S.D. Cal. May 14, 2009).

28

1   drawings, copies or other replicas or tangible things of any work Anna Rhee

2   performed for YOU, any payments Anna Rhee received from YOU and the timing

3   of any work Anna Rhee performed for YOU.

4   **RESPONSE TO REQUEST NO. 336:**

5          In addition to the general objections stated above which are

6   incorporated herein by reference, Mattel objects to this Request on the grounds that

7   such discovery from Mattel is overbroad, unduly burdensome, oppressive and not

8   likely to the lead to the discovery of admissible evidence in that Anna Rhee's work

9   for Mattel is not at issue in this action and is irrelevant to the claims and defenses in

10  this suit.  Rather, at issue are the actions of defendants and third parties associated

11  with defendants in connection with the projects that defendant Bryant worked on

12  with defendant MGA, which is information known to and within the possession,

13  custody and control of defendants and their associated third parties, not Mattel.

14  Mattel further objects to this Request as overbroad and unduly burdensome on the

15  grounds that it seeks all documents in Mattel's possession, custody and control

16  authored by <u>anyone at any time</u> that mention, refer or relate to work Anna Rhee

17  performed for "Mattel," which MGA has defined to include former Mattel

18  employees like Carter Bryant, and regardless of whether the documents concern

19  matters at issue in this case.  Mattel further objects to this Request on the grounds

20  that it seeks confidential, proprietary and trade secret information that has no

21  bearing on the claims or defenses in this case.  Mattel further objects to this Request

22  on the grounds that it calls for the disclosure of information subject to the attorney-

23  client privilege, the attorney work-product doctrine and other applicable privileges.

24         Subject to and without waiving the foregoing objections, Mattel will

25  produce responsive, non-privileged documents within its possession, custody or

26

27     [53]   <u>See</u> Webster Dec. at p. 1-5.

28

1   control located after a reasonable search sufficient to show the total amount of

2   payments Mattel has made to Anna Rhee for her work or services since January 1,

3   2000.

4   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

5   **TO SHOULD BE COMPELLED**

6            Mattel has improperly limited its agreement to produce documents in

7   response to this request, subject to its improper boilerplate objections. Mattel has

8   refused to confirm whether or not it has produced all non-privileged responsive

9   documents or whether it is withholding documents based on its objections in Phase

10  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

11  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

12  Generic objections that fail to explain the basis for an objection with specificity are

13  routinely rejected in the Central District. See A. Farber and Partners, Inc. v.

14  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

15  such as 'overly burdensome and harassing' are improper – especially when a party

16  fails to submit any evidentiary declarations supporting such objections").

17  Accordingly, Mattel must be compelled either to certify that it has produced all non-

18  privileged responsive documents or to produce all such documents by a date certain.

19           To the extent that Mattel is relying on its blanket objections, they are

20  not sustainable and do not justify Mattel's failure to produce documents.

21           As to overbreadth, Mattel provides no explanation, let alone the

22  required particularity, as to *why* this request is supposedly overly broad, nor can it

23  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

24  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

25  contrary, the request is narrowly tailored to seek documents concerning one specific

26  subject matter and one individual, namely work Anna Rhee performed for Mattel.

27  Anna Rhee has been identified as having knowledge of facts relevant to MGA's

28  affirmative defenses. See MGA's Response to Mattel Inc.'s Amended Supplemental

1  Interrogatory Regarding Defendants' Affirmative Defenses, August 31, 2009,

2  Rutowski Decl. Ex. 59.

3       As to burden, Mattel has not attempted to demonstrate why responding

4  to this request and/or producing responsive documents presents any burden. This

5  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

6  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7  request is unduly burdensome must allege specific facts which indicate the nature

8  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

9  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

10  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

11  broad variety of unfair trade practices including serial copying of MGA products.

12  Mattel has also alleged a trade secret misappropriation claim against MGA. MGA is

13  entitled to discovery on its claims and defenses.

14       Mattel objects that the request contains confidential, proprietary, trade

15  secret information. A Protective Order exists in this case, obviating any concern as

16  to protection of privacy rights and/or commercially sensitive information.

17       This request does not seek documents protected by the attorney-client

18  privilege, the attorney work product doctrine, or other applicable privileges. To the

19  extent that Mattel contends that it does, Mattel must provide a privilege log.

20       As for relevancy, Mattel has not attempted to demonstrate why the

21  information sought in response to this request is not discoverable in Phase 2. On the

22  contrary, Mattel identified Anna Rhee in its Initial Disclosures as a person

23  knowledgeable about the development and ownership of intellectual property at

24  issue and the design and development of "Bratz," among other things. Mattel's

25  Initial Disclosures, Rutowski Decl. Ex. 64. MGA has alleged that Mattel has

26  engaged in serial copying of MGA's product lines. Mattel has also alleged a trade

27  secret misappropriation claim against MGA. Documents concerning the work that

28  Anna Rhee performed for MGA that are in Mattel's possession, custody or control

1    are highly relevant to MGA's claims and defenses, including its allegation of serial

2    copying by Mattel and its defense against Mattel's trade secret misappropriation

3    claim.

4           Mattel improperly limits its response to documents "sufficient to show

5    the total amount of payments Mattel has made to Anna Rhee for her work or

6    services since January 1, 2000." Mattel's limitation is too narrow because in

7    addition to documents that show payments made to Anna Rhee, Anna Rhee's work

8    for Mattel, including photographs, drawings, tangible things, and other documents,

9    are directly relevant to MGA's claims and defenses.

10          None of Mattel's improper objections are valid and Mattel is obligated

11   to produce all non-privileged responsive documents in its possession, custody, or

12   control.

13   **MATTEL'S RESPONSE:**

14          Mattel has produced responsive, non-privileged documents within its

15   possession, custody or control located after a reasonable search sufficient to show

16   the total amount of payments Mattel has made to Anna Rhee for her work or

17   services since January 1, 2000. In any case, there are simply no allegations at issue

18   in this case that could involve any payments from Mattel to Ms. Rhee occurring

19   after that date. MGA nowhere provides justification for its extremely tardy

20   objection to this limitation, which was raised well over two years ago.

21          MGA has not even attempted, and indeed cannot, show that any

22   documents falling beyond this limitation, yet somehow mentioning Ms. Rhee, are

23   relevant to this case. MGA bears the burden of showing that its discovery meets the

24   relevance requirements of Rule 26(b)(1).[54] MGA has not explained how all

25

26

_____

27   [54]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
     Order No. 27, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an

28   (footnote continued)

1  documents in Mattel's possession, custody and control authored by <u>anyone at any</u>
2  <u>time</u> that mention, refer or relate to any work that Anna Rhee performed for Mattel
3  without further limitation as to subject matter, regardless of whether such documents
4  are publicly available and regardless of whether the documents concern matters at
5  issue in this case are relevant to Phase 2 issues. "A trial court has a duty, of special
6  significance in lengthy and complex cases where the possibility of abuse is always
7  present, to supervise and limit discovery to protect parties and witnesses from
8  annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664
9  (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559
10  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste</u>
11  <u>Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous
12  Discovery Master has held, a party may not propound document requests as part of a
13  fishing expedition or to discover new claims.[55] <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d
14  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery
15  to engage in 'fishing expeditions.'").

16       To the extent that MGA pursues this Request beyond Mattel's limiting
17  language, it is also overbroad because it is highly duplicative of discovery already
18  served in this case. Ms. Rhee has been deposed at length in this action and has been
19  the subject of numerous Requests for Production and Interrogatories.

20       Further, this Request is grossly overbroad. Seeking the universe of all
21  documents in Mattel's possession, custody and control authored by <u>anyone at any</u>
22  <u>time</u> that mention, refer or relate to any work that Anna Rhee performed for Mattel
23  without further limitation as to subject matter, regardless of whether such documents
24
25
26  ———————————
27  initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).
28

1  are publicly available and regardless of whether the documents concern matters at
2  issue in this case is not narrowly tailored to seek information relevant to Phase 2.

3        Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides
4  that a Court should limit the extent of discovery if it determines that the burden of
5  the proposed discovery outweighs its likely benefit; the discovery sought is
6  unreasonably cumulative or duplicative, or is obtainable from some other source that
7  is more convenient, less burdensome, or less expensive; or the party seeking
8  discovery has had ample opportunity by discovery in the action to obtain the
9  information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and
10  producing the documents responsive to this overbroad Request would greatly
11  outweigh any marginal benefit to MGA, for the following reasons.



24  _____

25  [55]  <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for
26  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
27  1.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1 ████████████████████████████████████████████████

2 ████████████████████████████████████████

3       There is no basis for overruling Mattel's privilege objection. MGA's

4 bald and unsupported assertion that "[t]his request does not seek information

5 protected by the attorney-client privilege, the attorney work product doctrine, or

6 other applicable privileges" has no merit. Moreover, as MGA has itself argued, the

7 parties have agreed that "all privileged documents would be logged except for

8 documents created after this action was filed on April 27, 2004."[63] Thus, to the

9 extent privileged documents fall within the post-lawsuit time period, they need not

10 be included on Mattel's log. Although it bears the burden of showing why this

11 agreement should not be applied to a given Request, MGA fails to do so.

12       Finally, MGA failed to meet and confer at all, much less in good faith,

13 regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

14 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15 the moving party shall first identify each dispute, state the relief sought and identify

16 the authority supporting the requested relief in a meet and confer letter that shall be

17 served on all parties by facsimile or electronic mail. The parties shall have five court

18 days from the date of service of that letter to conduct an in-person conference to

19 attempt to resolve the dispute."). In order to engage in a meaningful meet and

20 confer, MGA had the burden to show the relevance of any requests it sought to

21

22 ————————————————

23 ████████████████████████████████████████████

24 █████

25 ████████████████████████████████████████████

26 [63] See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
3.

28

1    move on.[64]   At no point during the meet and confer process did MGA show why

2    this Request could be considered relevant to Phase 2 issues.[65]  Because MGA

3    refused to even attempt to make this showing, there was no possibility of a good

4    faith meet and confer to resolve the parties' disputes.  The Discovery Master should

5    deny MGA's motion with respect to this Request on that grounds alone.

6    **REQUEST FOR PRODUCTION NO. 337:**

7          All DOCUMENTS sufficient to show the name of any project Anna

8    Rhee has worked on in the past and the amount paid to her per month since January

9    1, 2000.

10    **RESPONSE TO REQUEST NO. 337:**

11          In addition to the general objections stated above which are

12    incorporated herein by reference, Mattel objects to this Request vague, ambiguous

13    and unintelligible.  Mattel further objects to this Request as overbroad and unduly

14    burdensome on the grounds that it seeks all documents in Mattel's possession,

15    custody and control authored by <u>anyone at any time</u> sufficient to show the name of

16    any project Anna Rhee has <u>ever</u> worked on and the amount paid to her by <u>anyone</u>

17    per month since January 1, 2000, without further limitation as to subject matter and

18    regardless of whether the documents concern matters at issue in this case.  Mattel

19    further objects to the Request on the grounds that it seeks documents that are not

20    relevant to this action or likely to lead to the discovery of admissible evidence.

21    Mattel further objects to this Request on the grounds that it purports to require

22    Mattel to identify information relating to matters that are currently known to and in

23    the possession, custody and control of defendants and third parties, including third

24

---

25    [64]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26    Order No. 27, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an

27    initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL

      1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  parties associated with defendants.  Mattel further objects to this Request on the
2  grounds that it calls for the disclosure of information subject to the attorney-client
3  privilege, the attorney work-product doctrine and other applicable privileges.

4          Subject to and without waiving the foregoing objections, Mattel will
5  produce responsive, non-privileged documents within its possession, custody or
6  control located after a reasonable search sufficient to show the total amount of
7  payments Mattel has made to Anna Rhee for her work or services since January 1,
8  2000.

9  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
10 **TO SHOULD BE COMPELLED**

11         Mattel has improperly limited its agreement to produce documents in
12 response to this request, subject to its improper boilerplate objections.  Mattel has
13 refused to confirm whether or not it has produced all non-privileged responsive
14 documents or whether it is withholding documents based on its objections in Phase
15 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
16 must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).
17 Generic objections that fail to explain the basis for an objection with specificity are
18 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
19 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
20 'overly burdensome and harassing' are improper – especially when a party fails to
21 submit any evidentiary declarations supporting such objections").  Accordingly,
22 Mattel must be compelled either to certify that it has produced all non-privileged
23 responsive documents or to produce all such documents by a date certain.

24         To the extent that Mattel is relying on its blanket objections, they are
25 not sustainable and do not justify Mattel's failure to produce documents.

26

27   [65]   See Webster Dec. at p. 1-5.

28

1        As to overbreadth, Mattel provides no explanation, let alone the

2 required particularity, as to *why* this request is supposedly overly broad, nor can it

3 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

4 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

5 contrary, the request is narrowly tailored to seek documents concerning one specific

6 subject matter and one individual, namely the names of projects that Anna Rhee

7 worked on. Anna Rhee has been identified as having knowledge of facts relevant to

8 MGA's affirmative defenses. See MGA's Response to Mattel Inc.'s Amended

9 Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, August

10 31, 2009, Rutowski Decl. Ex. 59.

11        As to burden, Mattel has not attempted to demonstrate why responding

12 to this request and/or producing responsive documents presents any burden. This

13 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

14 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15 request is unduly burdensome must allege specific facts which indicate the nature

16 and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

17 it is not unduly burdensome, as noted above, in that the request is narrowly tailored

18 to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

19 broad variety of unfair trade practices including serial copying of MGA products.

20 Mattel has also alleged a trade secret misappropriation claim against MGA. MGA is

21 entitled to discovery on its claims and defenses.

22        This request does not seek documents protected by the attorney-client

23 privilege, the attorney work product doctrine, or other applicable privileges. To the

24 extent that Mattel contends that it does, Mattel must provide a privilege log.

25        Mattel objects that the request is duplicative or subsumed within prior

26 requests but does not identify the allegedly duplicative requests. Mattel's failure to

27 agree to produce responsive non-privileged documents is not proper based on this

28 objection.

1          As for relevancy, Mattel has not attempted to demonstrate why the

2    information sought in response to this request is not discoverable in Phase 2.  On the

3    contrary, Mattel identified Anna Rhee in its Initial Disclosures as a person

4    knowledgeable about the development and ownership of intellectual property at

5    issue and the design and development of "Bratz," among other things.  Mattel's

6    Initial Disclosures, Rutowski Decl. Ex. 64.  MGA has alleged that Mattel has

7    engaged in serial copying of MGA's product lines.  Mattel has also alleged a trade

8    secret misappropriation claim against MGA. Documents concerning the work that

9    Anna Rhee performed for MGA that are in Mattel's possession, custody or control

10   are highly relevant to MGA's claims and defenses, including its allegation of serial

11   copying by Mattel and its defense against Mattel's trade secret misappropriation

12   claim.

13         Mattel's response to the request makes no sense.  The requests seeks

14   names of projects that Anna Rhee worked on.  Mattel responds that it will provide

15   documents "sufficient to show the total amount of payments Mattel has made to

16   Anna Rhee for her work or services since January 1, 2000." This is not responsive.

17         None of Mattel's improper objections are valid and Mattel is obligated

18   to produce all non-privileged responsive documents in its possession, custody, or

19   control.

20   **MATTEL'S RESPONSE:**

21         Mattel has produced responsive, non-privileged documents within its

22   possession, custody or control located after a reasonable search sufficient to show

23   the total amount of payments Mattel has made to Anna Rhee for her work or

24   services since January 1, 2000.  MGA nowhere provides justification for its

25   extremely tardy objection to this limitation, which was raised well over two years

26   ago.  MGA has identified no allegations at issue in this case that could involve any

27   payments from Mattel to Ms. Rhee occurring after that date.

28

1    MGA has not even attempted, and indeed cannot, show that any
2  documents falling beyond this limitation, yet somehow mentioning Ms. Rhee, are
3  relevant to this case. MGA bears the burden of showing that its discovery meets the
4  relevance requirements of Rule 26(b)(1).[66] MGA has not explained how all
5  documents in Mattel's possession, custody and control authored by anyone at any
6  time that identify any project that Anna Rhee worked on without further limitation
7  as to subject matter, regardless of whether such documents are publicly available
8  and regardless of whether the documents concern matters at issue in this case are
9  relevant to Phase 2 issues. "A trial court has a duty, of special significance in
10 lengthy and complex cases where the possibility of abuse is always present, to
11 supervise and limit discovery to protect parties and witnesses from annoyance and
12 excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see
13 also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133
14 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL
15 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a
16 party may not propound document requests as part of a fishing expedition or to
17 discover new claims.[67] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)
18 ("District courts need not condone the use of discovery to engage in 'fishing
19 expeditions.'").

20   To the extent that MGA pursues this Request beyond Mattel's limiting
21 language, it is also overbroad because it is highly duplicative of discovery already

---

23 [66] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
24 Order No. 27, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an
25 initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. 2009).
26 [67] See Order Granting In Part and Denying In Part Mattel's Motion for
27 Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
    1.
28

1  served in this case.  Ms. Rhee has been deposed at length in this action and has been

2  the subject of numerous Requests for Production and Interrogatories.

3       Further, this Request is grossly overbroad.  Seeking the universe of all

4  documents in Mattel's possession, custody and control authored by <u>anyone at any</u>

5  <u>time</u> that identify any project that Ann Rhee worked on without further limitation as

6  to subject matter, regardless of whether such documents are publicly available and

7  regardless of whether the documents concern matters at issue in this case is not

8  narrowly tailored to seek information relevant to Phase 2.

9       Further, this Request is unduly burdensome.  <u>Rule</u> 26(b)(2)(c) provides

10  that a Court should limit the extent of discovery if it determines that the burden of

11  the proposed discovery outweighs its likely benefit; the discovery sought is

12  unreasonably cumulative or duplicative, or is obtainable from some other source that

13  is more convenient, less burdensome, or less expensive; or the party seeking

14  discovery has had ample opportunity by discovery in the action to obtain the

15  information sought.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(2)(c).  The burden of locating and

16  producing the documents responsive to this overbroad Request would greatly

17  outweigh any marginal benefit to MGA, for the following reasons.



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

00505.07975/3161648.1



11   There is no basis for overruling Mattel's privilege objection. MGA's

12   bald and unsupported assertion that "[t]his request does not seek information

13   protected by the attorney-client privilege, the attorney work product doctrine, or

14   other applicable privileges" has no merit. Moreover, as MGA has itself argued, the

15   parties have agreed that "all privileged documents would be logged except for

16   documents created after this action was filed on April 27, 2004."[76] Thus, to the

17   extent  privileged documents fall within the post-lawsuit time period, they need not

18   be included on Mattel's log. Although it bears the burden of showing why this

19   agreement should not be applied to a given Request, MGA fails to do so.

20   Finally, MGA failed to meet and confer at all, much less in good faith,

21   regarding this Request prior to filing its Motion. See Phase 2 Discovery Master



Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").   In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[77]   At no point during the meet and confer process did MGA show why this Request could be considered relevant to Phase 2 issues.[78]   Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 343:**

All COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and counsel for Anna Rhee on the other, and all DOCUMENTS constituting, mentioning, describing, discussing, referring or relating to such COMMUNICATIONS.

**RESPONSE TO REQUEST NO. 343:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome on the grounds that it seeks all communications at any time between "Mattel," as defined by MGA to include former Mattel employees like Carter Bryant, and "counsel for Anna Rhee," and all documents that constitute,

---

[77]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

1   mention, describe, discuss, refer or relate to such communications, without further
2   limitation as to subject matter or time, and regardless of whether the documents
3   concern matters at issue in this case. Mattel further objects to the Request on the
4   ground that it seeks documents in the possession, custody and control of the
5   requesting party. Mattel further objects to the Request on the grounds that it seeks
6   documents that are neither relevant to the claims or defenses in this action nor likely
7   to lead to the discovery of admissible evidence. Mattel further objects to this
8   Request on the grounds that it calls for the disclosure of information subject to the
9   attorney-client privilege, the attorney work-product doctrine and other applicable
10  privileges.

11        Subject to and without waiving the foregoing objections, the only
12  responsive, non-privileged documents of which Mattel is aware relating to this
13  litigation that are responsive to this Request and are within its possession, custody or
14  control are: (i) correspondence and pleadings between and among counsel to the
15  parties in this action and counsel for Ms. Rhee regarding the subpoena to Ms. Rhee,
16  her deposition and documents requested of Ms. Rhee; and (ii) transcripts of
17  hearings, meetings of counsel and Ms. Rhee's deposition in this suit. The foregoing
18  documents will not be produced.

19  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
20  **TO SHOULD BE COMPELLED**

21        In response to this request, Mattel acknowledges that there are
22  responsive, non-privileged documents but then states that the documents will not be
23  produced. This is improper, as Mattel is obliged to produce all responsive, non-
24  privileged documents within its possession, custody or control. This obligation is
25  independent of whether or not MGA can obtain the documents by other means.

26

27  [78]   See Webster Dec. at p. 1-5.

28

1 Moreover, Mattel acknowledges that there is correspondence between counsel for
2 Mattel and counsel Ms. Rhee regarding her subpoena. This correspondence may or
3 may not already be in MGA's possession, as it is possible that counsel for Mattel
4 had correspondence with Ms. Rhee without including MGA or its counsel. Nor can
5 Mattel's general and boilerplate objections justify nonproduction. See A. Farber and
6 Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or
7 boilerplate objections such as 'overly burdensome and harassing' are improper –
8 especially when a party fails to submit any evidentiary declarations supporting such
9 objections"). Accordingly, Mattel must be compelled either to certify that it has
10 produced all non-privileged responsive documents or to produce all such documents
11 by a date certain.

12 **MATTEL'S RESPONSE:**

13 Mattel has stated in its Response to this Request that the only
14 responsive, non-privileged documents of which Mattel is aware relating to this
15 litigation that are responsive to this Request and are within its possession, custody or
16 control are: (i) correspondence and pleadings between and among counsel to the
17 parties in this action and counsel for Ms. Rhee regarding the subpoena to Ms. Rhee,
18 her deposition and documents requested of Ms. Rhee; and (ii) transcripts of
19 hearings, meetings of counsel and Ms. Rhee's deposition in this suit. The foregoing
20 documents will not be produced.

21 MGA nowhere explains its need for the documents enumerated in those
22 two categories, or its more than two year delay in seeking those two categories of
23 documents. Mattel need not and will not reproduce correspondence that it has
24 already mailed to MGA and pleadings that have already been served on MGA. This
25 should go without saying. Similarly, Mattel need not and will not reproduce
26 transcripts for hearings, depositions, and meetings of counsel that occurred in
27 MGA's presence. As Mattel represented over two years ago, these are the only non-
28 privileged documents it possesses that are responsive to this Request.

1    Finally, MGA failed to meet and confer at all, much less in good faith,
2  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
3  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
4  the moving party shall first identify each dispute, state the relief sought and identify
5  the authority supporting the requested relief in a meet and confer letter that shall be
6  served on all parties by facsimile or electronic mail. The parties shall have five court
7  days from the date of service of that letter to conduct an in-person conference to
8  attempt to resolve the dispute.").  In order to engage in a meaningful meet and
9  confer, MGA had the burden to show the relevance of any requests it sought to
10  move on.[79]  At no point during the meet and confer process did MGA show why
11  this Request could be considered relevant to Phase 2 issues.[80]  Because MGA
12  refused to even attempt to make this showing, there was no possibility of a good
13  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
14  deny MGA's motion with respect to this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 344:**

16    All DOCUMENTS mentioning, referring or relating to any agreement
17  or contract between YOU, including YOUR inside and outside counsel, and Anna
18  Rhee, including any drafts thereof.

19  **RESPONSE TO REQUEST NO. 344:**

20    In addition to the general objections stated above which are
21  incorporated herein by reference, Mattel objects to this Request as overbroad and
22  unduly burdensome on the grounds that it seeks all documents mentioning, referring
23  or relating to any agreement or contract between "Mattel," as defined by MGA to
24

25    [79]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an
27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
   1390794 at *1 (S.D. Cal. May 14, 2009).
28

1  include former Mattel employees like Carter Bryant, and Anna Rhee created at any
2  time, without further limitation as to subject matter and regardless of whether the
3  documents concern matters at issue in this case, and therefore would include
4  employee agreements, benefits and other matters.  Mattel further objects to this
5  Request on the grounds that such discovery from Mattel is overbroad, unduly
6  burdensome, oppressive and not likely to the lead to the discovery of admissible
7  evidence in that Anna Rhee's agreements and contracts with Mattel are not at issue
8  in this action and are irrelevant to the claims and defenses in this suit.  Rather, at
9  issue are the actions of defendants and third parties associated with defendants in
10  connection with the projects that defendant Bryant worked on with defendant MGA,
11  which is information known to and within the possession, custody and control of
12  defendants and their associated third parties, not Mattel.  Mattel further objects to
13  the Request on the grounds that it seeks documents that are neither relevant to the
14  claims or defenses in this action nor likely to lead to the discovery of admissible
15  evidence.  Mattel further objects to this Request on the grounds that it seeks
16  confidential, proprietary and trade secret information that has no bearing on the
17  claims or defenses in this case.  Mattel further objects to this Request on the grounds
18  that it calls for the disclosure of information subject to the attorney-client privilege,
19  the attorney work-product doctrine and other applicable privileges.

20  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
21  **TO SHOULD BE COMPELLED**

22       Mattel has not agreed to produce documents in response to this request,
23  subject to its improper boilerplate objections.  Mattel has refused to confirm whether
24  or not it has produced all non-privileged responsive documents or whether it is
25  withholding documents based on its objections in Phase 2.  Under the Federal Rules

26

27    [80]  See Webster Dec. at p. 1-5.

28

1 of Civil Procedure, "an objection to part of a request must specify the part and
2 permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that
3 fail to explain the basis for an objection with specificity are routinely rejected in the
4 Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
5 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
6 harassing' are improper – especially when a party fails to submit any evidentiary
7 declarations supporting such objections"). Accordingly, Mattel must be compelled
8 either to certify that it has produced all non-privileged responsive documents or to
9 produce all such documents by a date certain.

10       To the extent that Mattel is relying on its blanket objections, they are
11 not sustainable and do not justify Mattel's failure to produce documents.

12       As to overbreadth, Mattel provides no explanation, let alone the
13 required particularity, as to *why* this request is supposedly overly broad, nor can it
14 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
15 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
16 contrary, the request is narrowly tailored to seek documents related to one subject
17 matter and to one individual, namely any agreements or contracts between Mattel,
18 including Mattel's inside or outside counsel, and Anna Rhee. Anna Rhee has been
19 identified as having knowledge of facts relevant to MGA's affirmative defenses.
20 See MGA's Response to Mattel Inc.'s Amended Supplemental Interrogatory
21 Regarding Defendants' Affirmative Defenses, August 31, 2009, Rutowski Decl.
22 Ex. 59.

23       As to burden, Mattel has not attempted to demonstrate why responding
24 to this request and/or producing responsive documents presents any burden. This
25 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
26 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
27 request is unduly burdensome must allege specific facts which indicate the nature
28 and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

1    it is not unduly burdensome, as noted above, in that the request is narrowly tailored
2    to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a
3    broad variety of unfair trade practices including serial copying of MGA products.
4    Mattel has also alleged a trade secret misappropriation claim against MGA. MGA is
5    entitled to discovery on its claims and defenses.

6           This request does not seek documents protected by the attorney-client
7    privilege, the attorney work product doctrine, or other applicable privileges.  To the
8    extent that Mattel contends that it does, Mattel must provide a privilege log.

9           Mattel objects that the request contains confidential, proprietary, and
10   trade secret information.  A Protective Order exists in this case, obviating any
11   concern as to protection of privacy rights and/or commercially sensitive
12   information.

13          Mattel objects that Anna Rhee's agreements and contracts with Mattel
14   are not at issue in this action and are irrelevant to the claims and defenses in this
15   suit.  Discovery relating to Anna Rhee's agreements or contracts with Mattel is
16   likely to lead to admissible evidence supporting or refuting MGA's trade dress
17   claim, MGA's unfair competition claim, and Mattel's trade secret misappropriation
18   claim.

19          As for relevancy, Mattel has not attempted to demonstrate why the
20   information sought in response to this request is not discoverable in Phase 2.  On the
21   contrary, Mattel identified Anna Rhee in its Initial Disclosures as a person
22   knowledgeable about the development and ownership of intellectual property at
23   issue and the design and development of "Bratz," among other things.  Mattel's
24   Initial Disclosures, Rutowski Decl. Ex. 64.  MGA has alleged that Mattel has
25   engaged in serial copying of MGA's product lines.  Mattel has also alleged a trade
26   secret misappropriation claim against MGA. Documents concerning any agreements
27   or contracts between Mattel and Ms. Rhee are highly relevant to MGA's claims and
28

1   defenses, including its allegation of serial copying by Mattel and its defense against

2   Mattel's trade secret misappropriation claim.

3          None of Mattel's improper objections are valid and Mattel is obligated

4   to produce all non-privileged responsive documents in its possession, custody, or

5   control.

6   **MATTEL'S RESPONSE:**

7          MGA bears the burden of showing that its discovery meets the

8   relevance requirements of Rule 26(b)(1).[81]  MGA has not explained how all

9   documents mentioning, referring or relating to any agreement or contract between

10   "Mattel," as defined by MGA to include former Mattel employees like Carter

11   Bryant, and Anna Rhee created at any time, without further limitation as to subject

12   matter and regardless of whether the documents concern matters at issue in this case,

13   and therefore would include employee agreements, benefits and other matters are

14   relevant to Phase 2 issues. "A trial court has a duty, of special significance in

15   lengthy and complex cases where the possibility of abuse is always present, to

16   supervise and limit discovery to protect parties and witnesses from annoyance and

17   excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see

18   also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133

19   n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL

20   1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a

21   party may not propound document requests as part of a fishing expedition or to

22

23

24

---

25     [81]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26   Order No. 27, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an

27   initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. 2009).

28

1  discover new claims.[82]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)

2  ("District courts need not condone the use of discovery to engage in 'fishing

3  expeditions.'").

4            Further, this Request is grossly overbroad.  Seeking the universe of all

5  documents mentioning, referring or relating to any agreement or contract between

6  "Mattel," as defined by MGA to include former Mattel employees like Carter

7  Bryant, and Anna Rhee created at any time, without further limitation as to subject

8  matter and regardless of whether the documents concern matters at issue in this case,

9  and therefore would include employee agreements, benefits and other matters is not

10 narrowly tailored to seek information relevant to Phase 2.  The Request is also

11 duplicative of other MGA Parties' requests.  In fact, MGA has admitted that Mattel

12 has produced documents responsive to this specific Request.[83]

13           Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

14 that a Court should limit the extent of discovery if it determines that the burden of

15 the proposed discovery outweighs its likely benefit; the discovery sought is

16 unreasonably cumulative or duplicative, or is obtainable from some other source that

17 is more convenient, less burdensome, or less expensive; or the party seeking

18 discovery has had ample opportunity by discovery in the action to obtain the

19 information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

20 producing the documents responsive to this overbroad Request would greatly

21 outweigh any marginal benefit to MGA, for the following reasons.

22 ████████████████████████████████████████████████

23 ████████████████████████████████████████████

24

25

26 [82]  See Order Granting In Part and Denying In Part Mattel's Motion for
27 Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh.
   1.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3161648.1

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9059. SET TWO)



1

2

3

4

5

6

7

8

9

10

11    There is no basis for overruling Mattel's privilege objection. MGA's

12    bald and unsupported assertion that "[t]his request does not seek information

13    protected by the attorney-client privilege, the attorney work product doctrine, or

14    other applicable privileges" has no merit. Moreover, as MGA has itself argued, the

15    parties have agreed that "all privileged documents would be logged except for

16    documents created after this action was filed on April 27, 2004."[91] Thus, to the

17    extent  privileged documents fall within the post-lawsuit time period, they need not

18    be included on Mattel's log. Although it bears the burden of showing why this

19    agreement should not be applied to a given Request, MGA fails to do so.

20    Finally, MGA failed to meet and confer at all, much less in good faith,

21    regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

22    _____

23

24

25

26    [91] See Order Denying Mattel's Motion for Protective Order Limiting the
27    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.
3.

28

1   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
2   the moving party shall first identify each dispute, state the relief sought and identify
3   the authority supporting the requested relief in a meet and confer letter that shall be
4   served on all parties by facsimile or electronic mail. The parties shall have five court
5   days from the date of service of that letter to conduct an in-person conference to
6   attempt to resolve the dispute.").  In order to engage in a meaningful meet and
7   confer, MGA had the burden to show the relevance of any requests it sought to
8   move on.[92]  At no point during the meet and confer process did MGA show why
9   this Request could be considered relevant to Phase 2 issues.[93]  Because MGA
10  refused to even attempt to make this showing, there was no possibility of a good
11  faith meet and confer to resolve the parties' disputes.  The Discovery Master should
12  deny MGA's motion with respect to this Request on that grounds alone.

13  **REQUEST FOR PRODUCTION NO. 345:**

14          All DOCUMENTS mentioning, referring or relating to any agreement
15  or contract between YOU, including YOUR inside and outside counsel, and counsel
16  for Anna Rhee, including any drafts thereof.

17  **RESPONSE TO REQUEST NO. 345:**

18          In addition to the general objections stated above which are
19  incorporated herein by reference, Mattel objects to this Request as overbroad and
20  unduly burdensome on the grounds that it seeks all documents created at any time
21  mentioning, referring or relating to any agreement or contract between "Mattel," as
22  defined by MGA to include former Mattel employees like Carter Bryant, and
23  "counsel for Anna Rhee," without further limitation as to subject matter or time, and

24

---

25  [92]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an
27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  regardless of whether the documents concern matters at issue in this case, and

2  therefore would include employee agreements, benefits and other such matters.  For

3  the same reasons, Mattel further objects to the Request on the grounds that it seeks

4  documents that are neither relevant to the claims or defenses in this action nor likely

5  to lead to the discovery of admissible evidence.  Mattel further objects to this

6  Request on the grounds that it calls for the disclosure of information subject to the

7  attorney-client privilege, the attorney work-product doctrine and other applicable

8  privileges.

9  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

10 **TO SHOULD BE COMPELLED**

11        Mattel has not agreed to produce documents in response to this request,

12 subject to its improper boilerplate objections.  Mattel has refused to confirm whether

13 or not it has produced all non-privileged responsive documents or whether it is

14 withholding documents based on its objections in Phase 2.  Under the Federal Rules

15 of Civil Procedure, "an objection to part of a request must specify the part and

16 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

17 fail to explain the basis for an objection with specificity are routinely rejected in the

18 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

19 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

20 harassing' are improper – especially when a party fails to submit any evidentiary

21 declarations supporting such objections").  Accordingly, Mattel must be compelled

22 either to certify that it has produced all non-privileged responsive documents or to

23 produce all such documents by a date certain.

24        To the extent that Mattel is relying on its blanket objections, they are

25 not sustainable and do not justify Mattel's failure to produce documents.

26

27        [93]  See Webster Dec. at p. 1-5.

28

1          As to overbreadth, Mattel provides no explanation, let alone the

2   required particularity, as to *why* this request is supposedly overly broad, nor can it

3   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

4   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

5   contrary, the request is narrowly tailored to seek documents concerning any

6   agreements or contracts between Mattel, including Mattel's inside or outside

7   counsel, and Anna Rhee's counsel. Anna Rhee has been identified as having

8   knowledge of facts relevant to MGA's affirmative defenses. See MGA's Response

9   to Mattel Inc.'s Amended Supplemental Interrogatory Regarding Defendants'

10  Affirmative Defenses, August 31, 2009.

11         As to burden, Mattel has not attempted to demonstrate why responding

12  to this request and/or producing responsive documents presents any burden. This

13  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

14  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15  request is unduly burdensome must allege specific facts which indicate the nature

16  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

17  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

18  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

19  broad variety of unfair trade practices including serial copying of MGA products.

20  Mattel has also alleged a trade secret misappropriation claim against MGA. MGA is

21  entitled to discovery on its claims and defenses.

22         This request does not seek documents protected by the attorney-client

23  privilege, the attorney work product doctrine, or other applicable privileges. To the

24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25         Mattel objects that Anna Rhee's agreements and contracts with Mattel

26  are not at issue in this action and are irrelevant to the claims and defenses in this

27  suit. To the contrary, Anna Rhee has been identified as having knowledge of facts

28  relevant to MGA's affirmative defenses and discovery concerning any agreements or

1 | contracts between Mattel, including Mattel's inside or outside counsel, and Anna
2 | Rhee's counsel will likely lead to admissible evidence. See MGA's Response to
3 | Mattel Inc.'s Amended Supplemental Interrogatory Regarding Defendants'
4 | Affirmative Defenses, August 31, 2009, Rutowski Decl. Ex. 59.

5 |      As for relevancy, Mattel has not attempted to demonstrate why the
6 | information sought in response to this request is not discoverable in Phase 2. On the
7 | contrary, Mattel identified Anna Rhee in its Initial Disclosures as a person
8 | knowledgeable about the development and ownership of intellectual property at
9 | issue and the design and development of "Bratz," among other things. Mattel's
10 | Initial Disclosures, Rutowski Decl. Ex. 64. MGA has alleged that Mattel has
11 | engaged in serial copying of MGA's product lines. Mattel has also alleged a trade
12 | secret misappropriation claim against MGA. Documents concerning any agreements
13 | or contracts between Mattel and Ms. Rhee are highly relevant to MGA's claims and
14 | defenses, including its allegation of serial copying by Mattel and its defense against
15 | Mattel's trade secret misappropriation claim.

16 |      None of Mattel's improper objections are valid and Mattel is obligated
17 | to produce all non-privileged responsive documents in its possession, custody, or
18 | control.

19 | **MATTEL'S RESPONSE:**

20 |      MGA bears the burden of showing that its discovery meets the
21 | relevance requirements of Rule 26(b)(1).[94] MGA has not explained how all
22 | documents created at any time mentioning, referring or relating to any agreement or
23 | contract between "Mattel," as defined by MGA to include former Mattel employees

24 |

---

25 | [94] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26 | Order No. 27, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an
27 | initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28 |

1  like Carter Bryant, and "counsel for Anna Rhee," without further limitation as to

2  subject matter or time, and regardless of whether the documents concern matters at

3  issue in this case -- and therefore would include employee agreements, benefits and

4  other such matters -- are relevant to Phase 2 issues. "A trial court has a duty, of

5  special significance in lengthy and complex cases where the possibility of abuse is

6  always present, to supervise and limit discovery to protect parties and witnesses

7  from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664

8  (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559

9  F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste

10  Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous

11  Discovery Master has held, a party may not propound document requests as part of a

12  fishing expedition or to discover new claims.[95] Rivera v. NIBCO, Inc., 364 F.3d

13  1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery

14  to engage in 'fishing expeditions.'").

15  Further, this Request is grossly overbroad. Seeking the universe of all

16  documents created at any time mentioning, referring or relating to any agreement or

17  contract between "Mattel," as defined by MGA to include former Mattel employees

18  like Carter Bryant, and "counsel for Anna Rhee," without further limitation as to

19  subject matter or time, and regardless of whether the documents concern matters at

20  issue in this case -- and therefore would include employee agreements, benefits and

21  other such matters -- is not narrowly tailored to seek information relevant to Phase

22  2.

23

24

25

---

26  [95]  See Order Granting In Part and Denying In Part Mattel's Motion for

27  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Dec., Exh. 1.

28

1    The Request is also duplicative of other MGA Parties' requests.  MGA

2  has admitted that Mattel has produced documents responsive to this Request.[96]

3    Further, this Request is unduly burdensome.  Rule 26(b)(2)(c) provides

4  that a Court should limit the extent of discovery if it determines that the burden of

5  the proposed discovery outweighs its likely benefit; the discovery sought is

6  unreasonably cumulative or duplicative, or is obtainable from some other source that

7  is more convenient, less burdensome, or less expensive; or the party seeking

8  discovery has had ample opportunity by discovery in the action to obtain the

9  information sought.  See Fed. R. Civ. P. 26(b)(2)(c).  The burden of locating and

10  producing the documents responsive to this overbroad Request would greatly

11  outweigh any marginal benefit to MGA, for the following reasons.



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1          There is no basis for overruling Mattel's privilege objection. MGA's

2  bald and unsupported assertion that "[t]his request does not seek information

3  protected by the attorney-client privilege, the attorney work product doctrine, or

4  other applicable privileges" has no merit. Moreover, as MGA has itself argued, the

5  parties have agreed that "all privileged documents would be logged except for

6  documents created after this action was filed on April 27, 2004."[104] Thus, to the

7  extent privileged documents fall within the post-lawsuit time period, they need not

8  be included on Mattel's log. Although it bears the burden of showing why this

9  agreement should not be applied to a given Request, MGA fails to do so.

10         Finally, MGA failed to meet and confer at all, much less in good faith,

11  regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

12  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

13  the moving party shall first identify each dispute, state the relief sought and identify

14  the authority supporting the requested relief in a meet and confer letter that shall be

15  served on all parties by facsimile or electronic mail. The parties shall have five court

16  days from the date of service of that letter to conduct an in-person conference to

17  attempt to resolve the dispute."). In order to engage in a meaningful meet and

18  confer, MGA had the burden to show the relevance of any requests it sought to

19  move on.[105] At no point during the meet and confer process did MGA show why

20  this Request could be considered relevant to Phase 2 issues.[106] Because MGA

21  refused to even attempt to make this showing, there was no possibility of a good

22

23  [104] See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Dec., Exh.

25  3.

     [105] See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, at p. 4, Dart Dec., Exh. 4 (as the moving party, "Mattel bears an

27  initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

     1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  faith meet and confer to resolve the parties' disputes. The Discovery Master should

2  deny MGA's motion with respect to this Request on that grounds alone.

3  **REQUEST FOR PRODUCTION NO. 346:**

4  All DOCUMENTS constituting, mentioning, describing or referring to

5  COMMUNICATIONS between YOU, including YOUR inside and outside counsel,

6  on the one hand and counsel for Anna Rhee on the other mentioning, referring or

7  relating to any agreement or contract between YOU, including YOUR inside and

8  outside counsel, and Anna Rhee.

9  **RESPONSE TO REQUEST NO. 346:**

10  In addition to the general objections stated above which are

11  incorporated herein by reference, Mattel objects to this Request as vague,

12  ambiguous and unintelligible. Mattel further objects to this Request as overbroad

13  and unduly burdensome on the grounds that it seeks all documents created by

14  anyone at any time, without meaningful limitation as to subject matter, and

15  regardless of whether the documents concern matters at issue in this case. Mattel

16  further objects to the Request on the grounds that it seeks documents that are neither

17  relevant to the claims or defenses in this action nor likely to lead to the discovery of

18  admissible evidence. Mattel further objects to this Request on the grounds that such

19  discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely

20  to the lead to the discovery of admissible evidence in that Anna Rhee's agreements

21  and contracts with Mattel are not at issue in this action and are irrelevant to the

22  claims and defenses in this suit. Rather, at issue are the actions of defendants and

23  third parties associated with defendants in connection with the projects that

24  defendant Bryant worked on with defendant MGA, which is information known to

25  and within the possession, custody and control of defendants and their associated

26

27  [106]  See Webster Dec. at p. 1-5.

28

1   third parties, not Mattel.  Mattel further objects to this Request on the grounds that it

2   calls for the disclosure of information subject to the attorney-client privilege, the

3   attorney work-product doctrine and other applicable privileges.

4   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

5   **TO SHOULD BE COMPELLED**

6         Mattel has not agreed to produce documents in response to this request,

7   subject to its improper boilerplate objections.  Mattel has refused to confirm whether

8   or not it has produced all non-privileged responsive documents or whether it is

9   withholding documents based on its objections in Phase 2.  Under the Federal Rules

10   of Civil Procedure, "an objection to part of a request must specify the part and

11   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

12   fail to explain the basis for an objection with specificity are routinely rejected in the

13   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

14   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

15   harassing' are improper – especially when a party fails to submit any evidentiary

16   declarations supporting such objections").  Accordingly, Mattel must be compelled

17   either to certify that it has produced all non-privileged responsive documents or to

18   produce all such documents by a date certain.

19         To the extent that Mattel is relying on its blanket objections, they are

20   not sustainable and do not justify Mattel's failure to produce documents.

21         As to overbreadth, Mattel provides no explanation, let alone the

22   required particularity, as to *why* this request is supposedly overly broad, nor can it

23   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

24   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

25   contrary, the request is narrowly tailored to seek documents concerning

26   communications between Mattel, including its inside or outside counsel, and counsel

27   for Anna Rhee related to any agreement or contract between Mattel and Anna Rhee.

28   Anna Rhee has been identified as having knowledge of facts relevant to MGA's

1 affirmative defenses. See MGA's Response to Mattel Inc.'s Amended Supplemental
2 Interrogatory Regarding Defendants' Affirmative Defenses, August 31, 2009,
3 Rutowski Decl. Ex. 59.

4        As to burden, Mattel has not attempted to demonstrate why responding
5 to this request and/or producing responsive documents presents any burden. This
6 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
7 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
8 request is unduly burdensome must allege specific facts which indicate the nature
9 and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,
10 it is not unduly burdensome, as noted above, in that the request is narrowly tailored
11 to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a
12 broad variety of unfair trade practices including serial copying of MGA products.
13 Mattel has also alleged a trade secret misappropriation claim against MGA. MGA is
14 entitled to discovery on its claims and defenses.

15        This request does not seek documents protected by the attorney-client
16 privilege, the attorney work product doctrine, or other applicable privileges. To the
17 extent that Mattel contends that it does, Mattel must provide a privilege log.

18        Mattel objects that Anna Rhee's agreements and contracts with Mattel
19 are not at issue in this action and are irrelevant to the claims and defenses in this
20 suit. To the contrary, Anna Rhee has been identified as having knowledge of facts
21 relevant to MGA's affirmative defenses and discovery relating to Anna Rhee's
22 agreements with Mattel will likely lead to admissible evidence.

23        As for relevancy, Mattel has not attempted to demonstrate why the
24 information sought in response to this request is not discoverable in Phase 2. On the
25 contrary, Mattel identified Anna Rhee in its Initial Disclosures as a person
26 knowledgeable about the development and ownership of intellectual property at
27 issue and the design and development of "Bratz," among other things. Mattel's
28 Initial Disclosures, Rutowski Decl. Ex. 64. MGA has alleged that Mattel has

1  engaged in serial copying of MGA's product lines.  Mattel has also alleged a trade

2  secret misappropriation claim against MGA. Documents concerning any

3  communications between Mattel and Ms. Rhee are highly relevant to MGA's claims

4  and defenses, including its allegation of serial copying by Mattel and its defense

5  against Mattel's trade secret misappropriation claim.

6  　　　　None of Mattel's improper objections are valid and Mattel is obligated

7  to produce all non-privileged responsive documents in its possession, custody, or

8  control.

9  **MATTEL'S RESPONSE:**

10  　　　　MGA's Request for all documents constituting, mentioning, describing

11  or referring to communications between Mattel, including its inside and outside

12  counsel, on the one hand and counsel for Anna Rhee on the other mentioning,

13  referring or relating to any agreement or contract between Mattel, including its

14  inside and outside counsel, and Anna Rhee reaches a broad range of irrelevant

15  materials and materials covered by the attorney-client privilege and the attorney

16  work product without limitation as to time, scope, or source.

17  　　　　MGA must establish that its discovery meets the relevance

18  requirements of Rule 26(b)(1), which clearly states that discovery must be

19  "reasonably calculated to lead to the discovery of admissible evidence."  MGA has

20  not attempted to explain how the requested documents are relevant to Phase 2

21  issues. "A trial court has a duty, of special significance in lengthy and complex

22  cases where the possibility of abuse is always present, to supervise and limit

23  discovery to protect parties and witnesses from annoyance and excessive expense."

24  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways

25  Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.

26  1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D.

27  Ill. 1983) (same).  As the previous Discovery Master has held, a party may not

28  propound document requests as part of a fishing expedition or to discover new

1    claims. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

2    courts need not condone the use of discovery to engage in 'fishing expeditions.'").

3    Despite MGA's unsupported assertion, the fact that Anna Rhee was involved in the

4    Phase 1 trial does not make every agreement – and indeed, every document relating

5    to every agreement – between Ms. Rhee and Mattel relevant to Phase 2. MGA fails

6    to articulate what these supposed agreements have to do with Phase 2 at all.

7         Additionally, MGA failed to meet and confer in good faith regarding

8    this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1,

9    dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving

10   party shall first identify each dispute, state the relief sought and identify the

11   authority supporting the requested relief in a meet and confer letter that shall be

12   served on all parties by facsimile or electronic mail. The parties shall have five court

13   days from the date of service of that letter to conduct an in-person conference to

14   attempt to resolve the dispute."). At no point during the meet and confer process did

15   MGA articulate a valid basis for which this Request could be considered relevant to

16   Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is

17   simply not true; MGA never initiated any dialogue about this Request or Mattel's

18   response in the first place. The Discovery Master should deny MGA's motion with

19   respect to this Request on that grounds alone. As MGA has admitted in

20   correspondence going back to 2007[107], Mattel has produced and continues to

21   produce documents that are responsive to this Request. As to the actual production

22   of relevant documents, there is no dispute and indeed had been no dispute for years,

23   as MGA well knows, and this issue could have been resolved without motion

24   practice if MGA had completed the meet and confer process in good faith.

25

26

27   [107]  See March 29, 2007 letter from David Hurwitz to Michael Zeller.

28

1    The Request is also entirely duplicative of prior discovery served by
2  Carter Bryant and subsequent discovery served by MGA.  Ms. Rhee has been
3  deposed at length in this action and has been the subject of numerous Requests for
4  Production and Interrogatories.

5  **REQUEST FOR PRODUCTION NO. 347:**

6    All DOCUMENTS constituting, mentioning, describing or referring to
7  COMMUNICATIONS between YOU, including YOUR inside and outside counsel,
8  on the one hand and counsel for Anna Rhee on the other mentioning, referring or
9  relating to any agreement or contract between YOU, including YOUR inside and
10  outside counsel, and counsel for Anna Rhee.

11  **RESPONSE TO REQUEST NO. 347:**

12    In addition to the general objections stated above which are
13  incorporated herein by reference, Mattel objects to this Request as vague,
14  ambiguous and unintelligible.  Mattel further objects to this Request as overbroad
15  and unduly burdensome on the grounds that it seeks all communications at any time
16  between "Mattel," as defined by MGA to include former Mattel employees like
17  Carter Bryant, and "counsel for Anna Rhee" that mention, refer or relate to any
18  agreement or contract between "Mattel," and "counsel for Anna Rhee" at any time
19  and for any purpose, without further limitation as to subject matter, and regardless
20  of whether the documents concern matters at issue in this case.  For example, the
21  Request demands production any document that mentions any contract or agreement
22  between any former Mattel employee or officer and Anna Rhee's counsel at any
23  time for the provision of legal services.  For the same reasons, Mattel further objects
24  to the Request on the grounds that it seeks documents that are neither relevant to the
25  claims or defenses in this action nor likely to lead to the discovery of admissible
26  evidence.  Mattel further objects to this Request on the grounds that it calls for the
27  disclosure of information subject to the attorney-client privilege, the attorney work-
28  product doctrine and other applicable privileges.

1  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2  **TO SHOULD BE COMPELLED**

3          Mattel has not agreed to produce documents in response to this request,
4  subject to its improper boilerplate objections. Mattel has refused to confirm whether
5  or not it has produced all non-privileged responsive documents or whether it is
6  withholding documents based on its objections in Phase 2. Under the Federal Rules
7  of Civil Procedure, "an objection to part of a request must specify the part and
8  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that
9  fail to explain the basis for an objection with specificity are routinely rejected in the
10 Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
11 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
12 harassing' are improper – especially when a party fails to submit any evidentiary
13 declarations supporting such objections"). Accordingly, Mattel must be compelled
14 either to certify that it has produced all non-privileged responsive documents or to
15 produce all such documents by a date certain.

16         To the extent that Mattel is relying on its blanket objections, they are
17 not sustainable and do not justify Mattel's failure to produce documents.

18         As to overbreadth, Mattel provides no explanation, let alone the
19 required particularity, as to *why* this request is supposedly overly broad, nor can it
20 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
21 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
22 contrary, the request is narrowly tailored to seek documents concerning
23 communications between Mattel, including its inside or outside counsel, and counsel
24 for Anna Rhee, related to any agreement of contract between Anna Rhee's counsel
25 and Mattel. Anna Rhee has been identified as having knowledge of facts relevant to
26 MGA's affirmative defenses. See MGA's Response to Mattel Inc.'s Amended
27 Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, August
28 31, 2009, Rutowski Decl. Ex. 59.

00505.07975/3161648.1

1        As to burden, Mattel has not attempted to demonstrate why responding

2  to this request and/or producing responsive documents presents any burden. This

3  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

4  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.") Moreover,

7  it is not unduly burdensome, as noted above, in that the request is narrowly tailored

8  to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a

9  broad variety of unfair trade practices including serial copying of MGA products.

10  Mattel has also alleged a trade secret misappropriation claim against MGA. MGA is

11  entitled to discovery on its claims and defenses.

12        This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges. To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15        As for relevancy, Mattel has not attempted to demonstrate why the

16  information sought in response to this request is not discoverable in Phase 2. On the

17  contrary, Mattel identified Anna Rhee in its Initial Disclosures as a person

18  knowledgeable about the development and ownership of intellectual property at

19  issue and the design and development of "Bratz," among other things. Mattel's

20  Initial Disclosures, Rutowski Decl. Ex. 64. MGA has alleged that Mattel has

21  engaged in serial copying of MGA's product lines. Mattel has also alleged a trade

22  secret misappropriation claim against MGA. Documents related to communications

23  between Mattel or Mattel's counsel and Anna Rhee's counsel regarding Anna Rhee's

24  agreements or contracts with Mattel are highly relevant to MGA's claims and

25  defenses, including its allegation of serial copying by Mattel and its defense against

26  Mattel's trade secret misappropriation claim and are discoverable in Phase 2.

27

28

1    None of Mattel's improper objections are valid and Mattel is obligated
2  to produce all non-privileged responsive documents in its possession, custody, or
3  control.

4  **MATTEL'S RESPONSE:**

5    MGA's Request for all constituting, mentioning, describing or referring
6  to communications between Mattel, including Mattel's inside and outside counsel,
7  on the one hand and counsel for Anna Rhee on the other mentioning, referring or
8  relating to any agreement or contract between Mattel, including Mattel's inside and
9  outside counsel, and counsel for Anna Rhee reaches a broad range of irrelevant
10  materials and materials covered by the attorney-client privilege and the attorney
11  work product without limitation as to time, scope, or source.

12    MGA must establish that its discovery meets the relevance
13  requirements of Rule 26(b)(1), which clearly states that discovery must be
14  "reasonably calculated to lead to the discovery of admissible evidence."  MGA has
15  not attempted to explain how all responsive documents are relevant to Phase 2
16  issues.  "A trial court has a duty, of special significance in lengthy and complex
17  cases where the possibility of abuse is always present, to supervise and limit
18  discovery to protect parties and witnesses from annoyance and excessive expense."
19  Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways
20  Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C.
21  1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D.
22  Ill. 1983) (same).  As the previous Discovery Master has held, a party may not
23  propound document requests as part of a fishing expedition or to discover new
24  claims.  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District
25  courts need not condone the use of discovery to engage in 'fishing expeditions.'").
26  Despite MGA's unsupported assertion, the fact that Anna Rhee was involved in the
27  Phase 1 trial does not make every agreement – and indeed, every document relating
28

1 to every agreement – between Ms. Rhee and Mattel relevant to Phase 2. MGA fails
2 to articulate what these supposed agreements have to do with Phase 2 at all.

3       Additionally, MGA failed to meet and confer in good faith regarding
4 this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1,
5 dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving
6 party shall first identify each dispute, state the relief sought and identify the
7 authority supporting the requested relief in a meet and confer letter that shall be
8 served on all parties by facsimile or electronic mail. The parties shall have five court
9 days from the date of service of that letter to conduct an in-person conference to
10 attempt to resolve the dispute."). At no point during the meet and confer process did
11 MGA articulate a valid basis for which this Request could be considered relevant to
12 Phase 2 issues. Thus, MGA's claim that Mattel has refused to meet and confer is
13 simply not true; MGA never initiated any dialogue about this Request or Mattel's
14 response in the first place. The Discovery Master should deny MGA's motion with
15 respect to this Request on that grounds alone. As MGA has admitted in
16 correspondence going back to 2007[108], Mattel has produced and continues to
17 produce documents that are responsive to this Request. As to the actual production
18 of relevant documents, there is no dispute and indeed had been no dispute for years,
19 as MGA well knows, and this issue could have been resolved without motion
20 practice if MGA had completed the meet and confer process in good faith.

21       The Request is also entirely duplicative of prior discovery served by
22 Carter Bryant and subsequent discovery served by MGA. Ms. Rhee has been
23 deposed at length in this action and has been the subject of numerous Requests for
24 Production and Interrogatories.

25

26

_____

27 [108] See March 29, 2007 letter from David Hurwitz to Michael Zeller.

28

1   DATED:  September 19, 2009        QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES. LLP
2

3                                     Bv /s/ James J. Webster
                                         James J. Webster
4                                        Attornevs for Mattel. Inc.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-74-