MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Tel: (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | Case No.  CV 04-9049-DOC (RNBx) |
| Plaintiff, | Consolidated with:<br>No. CV 04-9059<br>No. CV 05-2727 |
| v. | |
| MATTEL, INC., a Delaware corporation, | **[DISCOVERY MATTER]**<br>**[To be heard by Discovery Master Robert C. O'Brien]** |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | **[PUBLIC VERSION] DECLARATION OF WILLIAM A. MOLINSKI IN SUPPORT OF MGA'S OPPOSITION TO MATTEL, INC.'S MOTION TO ENFORCE, TO COMPEL AND FOR SANCTIONS RE: THE MGA DEFENDANTS' AFFIRMATIVE DEFENSES** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Date:      TBD
Time:      TBD
Place:     Arent Fox LLP
           555 West Fifth St., 48th Fl.
           Los Angeles, CA 90013

**Phase 2**

Disc. Cut-off      June 1, 2010
Pre-trial Conf.:   None Set
Trial Date:        None Set

## DECLARATION OF WILLIAM A. MOLINSKI

I, William A. Molinski, declare as follows:

1.     I am partner at the law firm of Orrick, Herrington & Sutcliffe LLP, attorneys of record for Plaintiff and Counter-Defendant MGA Entertainment, Inc. and Counter-Defendants MGA Entertainment HK, Ltd., MGAE de Mexico S.R.L. de C.V., and Isaac Larian ("MGA Parties").  Based on this representation, I am familiar with the events, pleadings, and discovery in this action and, if called upon as a witness, I could and would testify competently to the matters stated herein of my own personal knowledge.  I make this declaration in support of the MGA Parties' Opposition to Mattel Inc.'s Motion to Enforce, To Compel, and For Sanctions Re: The MGA Defendants' Affirmative Defenses.

2.     Attached hereto as **Exhibit A** is a true and correct copy of the Court's Order dated December 3, 2007.

3.     Attached hereto as **Exhibit B** is a true and correct copy of Mattel, Inc.'s Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses (the "Supplemental Affirmative Defense Interrogatory").

4.     Attached hereto as **Exhibit C** is a true and correct copy of MGA's Response to Mattel, Inc.'s Supplemental Affirmative Defense Interrogatory (filed under seal).

5.     Attached hereto as **Exhibit D** is a true and correct copy of a February 6, 2008 letter from B. Dylan Proctor to Timothy A. Miller, Esq. and Matthew M. Werdegar, Esq.

6.     Attached hereto as **Exhibit E** is a true and correct copy of MGA's Supplemental Response to Mattel, Inc.'s Supplemental Affirmative Defense Interrogatory (filed under seal).

7.     Attached hereto as **Exhibit F** is a true and correct copy of Mattel, Inc.'s Third Amended Answer In Case No. 05-2727 And Counterclaims (filed under seal).

DECLARATION OF WILLIAM A. MOLINSKI ISO OPPOSITION
TO MATTEL MOTION TO ENFORCE
CV 04-9049-DOC (RNBx)

OHS West:260750886.2

8.     Attached hereto as **Exhibit G** is a true and correct copy of the MGA Parties' Answer And Affirmative Defenses To Mattel, Inc.'s Third Amended Answer and Counterclaims (filed under seal).

9.     Attached hereto as **Exhibit H** is a true and correct copy of a July 24, 2009 letter from Jon Corey to Warrington Parker, Esq.

10.    Attached hereto as **Exhibit I** is a true and correct copy of MGA's Supplemental Response To Mattel, Inc.'s Supplemental Affirmative Defense Interrogatory (the "August 31, 2009 Supplemental Response") (filed under seal).

11.    Attached hereto as **Exhibit J** is a true and correct copy of a September 4, 2009 letter from Jon Corey to Annette Hurst, Esq.

12.    Attached hereto as **Exhibit K** is a true and correct copy of a September 4, 2009 letter from Dylan Proctor to Annette Hurst, Esq.

13.    Attached hereto as **Exhibit L** is a true and correct copy of a September 10, 2009 letter from Warrington S. Parker III to Jon Corey, Esq.

14.    Attached hereto as **Exhibit M** is a true and correct copy of a September 23, 2009 letter from Jon Corey to Warrington S. Parker III, Esq.

15.    Attached hereto as **Exhibit N** is a true and correct copy of an email chain dated September 21, 2009 to September 23, 2009 between William A. Molinski and Michael T. Zeller.

16.    Attached hereto as **Exhibit O** is a true and correct copy of an email chain between Annette Hurst and Michael T. Zeller.

17.    Attached hereto as **Exhibit P** is a true and correct copy of Mattel, Inc.'s Second Supplemental Objections and Responses To MGA Entertainment, Inc.'s Second Set of Interrogatory Nos. 20-23 and 28 (filed under seal).

18.    Attached hereto as **Exhibit Q** is a true and correct copy of Mattel, Inc's Opposition To MGAE de Mexico's and MGA Entertainment (HK) Ltd.'s Motion To Compel Responses To Interrogatories (filed under seal).

/ / /

DECLARATION OF WILLIAM A. MOLINSKI ISO OPPOSITION
TO MATTEL MOTION TO ENFORCE
CV 04-9049-DOC (RNBx)

19.     Attached hereto as **Exhibit R** is a true and correct copy of Order No. 46, Regarding: (1) Motion for Limited Reconsideration of Order No. 33; (2) Motion for Protective Order; and (3) Motion to Compel Responses to Phase 2 Interrogatories (filed under seal).

20.     Attached hereto as **Exhibit S** is a true and correct copy of MGAE de Mexico's and MGA Entertainment HK, Ltd.'s Motion to Compel Responses to MGAE de Mexico's Interrogatory Nos. 1-11 and MGA Entertainment HK's Interrogatory Nos. 1-25 (filed under seal).

21.     Attached hereto as **Exhibit T** is a highlighted copy of MGA's Response To Mattel, Inc.'s Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, which highlights the new information by shading (filed under seal).

22.     Attached hereto as **Exhibit U** is a true and correct copy of Mattel's Responses To MGAE de Mexico's Interrogatory Nos. 1-11.

23.     Attached hereto as **Exhibit V** is a true and correct copy of Mattel's Responses to MGA Entertainment (HK) Limited's Interrogatory Nos. 1-25.

Executed this 27th day of October 2009, at Los Angeles, California.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
William A. Molinski

- 3 -

OHS West:260750886.2

# EXHIBIT

# A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
CIVIL MINUTES -- GENERAL

Case No.     CV 04-09049 SGL(RNBx)                    Date: December 3, 2007
Title:       CARTER BRYANT -v- MATTEL, INC.
                 AND CONSOLIDATED ACTIONS

===================================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

|  |  |
|---|---|
| Jim Holmes | Theresa Lanza |
| Courtroom Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Matthew M. Werdegar                   Michael T. Zeller
                                      B. Dylan Proctor
                                      Jon D. Corey

ATTORNEYS PRESENT FOR MGA:            ATTORNEY PRESENT FOR CARLOS
                                      GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan                       Alexander H. Cote
Carl A. Roth
Ryan Weinstein

PROCEEDINGS:   ORDER GRANTING MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL
               INTERROGATORY; ORDER DENYING MOTION TO STRIKE (OR
               ALTERNATIVELY, FOR SUMMARY JUDGMENT AS TO) AFFIRMATIVE
               DEFENSES

        The Court heard argument on these motions on December 3, 2007.  For reasons discussed
on the record, the Court GRANTS the motion for leave to serve a supplemental interrogatory.
Mattel may serve on all opposing parties, and all parties served shall answer without objection
thereto, the following interrogatory:

        State the facts upon which YOU intend to rely at trial to support YOUR
        affirmative defenses, and IDENTIFY all PERSONS with knowledge of those facts and

MINUTES FORM 90                                   Initials of Deputy Clerk __jh_____
CIVIL -- GEN                       1              Time: 00/45

EXHIBIT A
PAGE 4

all DOCUMENTS that REFER OR RELATE TO those facts.

In light of the Court's granting of the motion for leave to file a supplemental interrogatory, the motion to strike (or alternatively, for summary judgment as to) MGA's affirmative defenses is DENIED WITHOUT PREJUDICE pending completion of discovery in this action.

IT IS SO ORDERED.

MINUTES FORM 90                                      Initials of Deputy Clerk __jh_____
CIVIL -- GEN                          2              Time: 00/45

EXHIBIT A
PAGE 5

# EXHIBIT

# B

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Plaintiff Mattel, Inc.

9            UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11                 EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| 13      Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 14      vs. | |
| 15  MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S AMENDED SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES |
| 16      Defendant. | |
| 17 | |
| 18  AND CONSOLIDATED ACTIONS | |

19

20

21  PROPOUNDING PARTY:     Mattel, Inc.
22
23  RESPONDING PARTIES:    MGA Entertainment, Inc., Isaac Larian, Carter
24                         Bryant, MGA Entertainment (HK) Limited, MGAE
25                         de Mexico S.R.L. de C.V., and Carlos Gustavo
26                         Machado Gomez
27  SET NO.:               SUPPLEMENTAL
28

07209/2227746.3

MATTEL'S AMENDED SUPPLEMENTAL INTERROGATORY RE DEFENDANTS' AFFIRMATIVE DEFENSES

1          Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2    ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter

3    Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and

4    Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")

5    individually answer the following Interrogatory separately and fully, in writing and

6    under oath, within 30 days after service hereof.  The Responding Parties shall be

7    obligated to supplement their responses to the Interrogatories at such times and to

8    the extent required by the <u>Federal Rules of Civil Procedure</u>.

9

10                         **Definitions**

11       1.    "YOU" and "YOUR" mean each of the Responding Parties.

12       2.    "PERSON" or "PERSONS" means all natural persons,

13   partnerships, corporations, joint ventures and any kind of business, legal or public

14   entity or organization, as well as its, his or her agents, representatives, employees,

15   officers and directors and any one else acting on its, his or her behalf, pursuant to

16   its, his or her authority or subject to its, his or her control.

17       3.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

18   "recordings" as those terms are defined in <u>Rule</u> 34 of the <u>Federal Rules of Civil</u>

19   <u>Procedure</u> and <u>Rule</u> 1001 of the <u>Federal Rules of Evidence</u>, including, but not

20   limited to, all writings and records of every type and description including, but not

21   limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

22   electronic mail ("e-mail"), COMMUNICATIONS, records of telephone

23   conversations, handwritten and typewritten notes of any kind, statements, reports,

24   minutes, recordings, transcripts and summaries of meetings, voice recordings,

25   pictures, photographs, drawings, computer cards, tapes, discs, printouts and records

26   of all types, studies, instruction manuals, policy manuals and statements, books,

27   pamphlets, invoices, canceled checks and every other device or medium by which or

28   through which information of any type is transmitted, recorded or preserved.

1  Without any limitation on the foregoing, the term "DOCUMENT" shall include all

2  copies that differ in any respect from the original or other versions of the

3  DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or

4  originals containing initials, comments, notations, insertions, corrections, marginal

5  notes, amendments or any other variation of any kind.

6      4.    "COMMUNICATION" or "COMMUNICATIONS" means and

7  includes any disclosure, transfer or exchange of information between two or more

8  PERSONS, whether orally or in writing, including without limitation, any

9  conversation or discussion by means of meeting, letter, telephone, note,

10  memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or

11  other medium, including without limitation in written, audio or video form.

12      5.    "REFER OR RELATE TO" a given subject matter means relate

13  to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence,

14  identify, state, deal with, comment on, respond to, describe, analyze, support, refute,

15  contradict, or in any way pertain to that subject matter, either directly or indirectly.

16      6.    "IDENTIFY" or "IDENTITY" means the following:

17      (a)    with reference to an individual or individuals, means to

18  state, fully and separately as to each, such individual's full name, any known

19  business title, current or last known business affiliation, current or last known

20  residential address, current or last known business address, current or last known

21  relationship to MGA, and current or last known telephone number.

22      (b)    with reference to an entity or entities, means to state, fully

23  and separately as to each, such entity's full name, state (or country) of incorporation

24  or organization, present or last known address, and present or last known telephone

25  number.

26      (C)    with reference to any DOCUMENT or DOCUMENTS,

27  means to describe each DOCUMENT by Bates number.  In the event that a

28  DOCUMENT does not have a Bates number, IDENTIFY means, with respect to

EXHIBIT B
PAGE 8

1 | each such DOCUMENT, to provide a complete description of it such that it may be
2 | the subject of a request for the production of documents, including by stating the
3 | date, identity of the author, addressee(s), signatories, parties, or other PERSONS
4 | identified therein, its present location or custodian and a description of its contents.

5 |       7.    "Any" as used in these interrogatories includes the word "all,"
6 | and the word "all" as used in these interrogatories includes the word "any."

7 |       8.    The singular form of a noun or pronoun includes within its
8 | meaning the plural form of the noun or pronoun so used, and vice versa; the use of
9 | the masculine form of a pronoun also includes within its meaning the feminine form
10 | of the pronoun so used, and vice versa; the use of any tense of any verb includes
11 | also within its meaning all other tenses of the verb so used, whenever such
12 | construction results in a broader request for information; and "and" includes "or"
13 | and vice versa, whenever such construction results in a broader disclosure of
14 | documents or information.

### Instructions

16 |       A.    When an interrogatory requests disclosure of a
17 | COMMUNICATION or other information as to which YOU claim any privilege or
18 | protection as a ground for nondisclosure, identify each PERSON who participated in
19 | or had knowledge of the COMMUNICATION or other information and provide the
20 | following:

21 |             (i)    the privilege or protection that YOU claim precludes disclosure;
22 |             (ii)   the subject matter of the COMMUNICATION or information
23 |                    (without revealing the content as to which the privilege is claimed);
24 |                    and
25 |             (iii)  any additional facts or grounds on which YOU base YOUR
26 |                    claim of privilege or protection.

27 |       B.    When an interrogatory requests that YOU provide information,
28 | YOU are required to supply all information known by or available to YOU or

07209/2227746.3

-4-

MATTEL'S AMENDED SUPPLEMENTAL INTERROGATORY RE DEFENDANTS' AFFIRMATIVE DEFENSES

1 | YOUR employees, officers, directors, agents, representatives, attorneys and experts.

2 | If YOU cannot completely answer the interrogatory in whole or in part after making

3 | diligent efforts to do so, please so state.  Then describe in detail all efforts made to

4 | answer the interrogatory or portion thereof; identify every PERSON involved in

5 | such efforts; and state the additional information YOU need, if any, to respond

6 | completely to the interrogatory.

7 | <center>**Interrogatory**</center>

8 | <u>SUPPLEMENTAL INTERROGATORY:</u>

9 | State the facts upon which YOU intend to rely at trial to support YOUR

10 | affirmative defenses, and IDENTIFY all PERSONS with knowledge of those facts

11 | and all DOCUMENTS that REFER OR RELATE TO those facts.

12 |

13 | DATED:  December 6, 2007        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

14 |

15 | By:_____

16 | B. Dylan Proctor
Attorneys for Plaintiff
Mattel, Inc.

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

07209/2227746.3

<center>-5-</center>

MATTEL'S AMENDED SUPPLEMENTAL INTERROGATORY RE DEFENDANTS' AFFIRMATIVE DEFENSES

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On December 6, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S AMENDED SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES** on the parties in this action as follows:

Thomas J. Nolan, Esq.
**Skadden, Arps, Slate, Meagher & Flom LLP**
300 South Grand Avenue, Suite 3400
Los Angeles, CA  90071

Mark E. Overland, Esq.
David C. Scheper, Esq.
Alexander H. Cote, Esq.
**Overland Borenstein Scheper & Kim, LLP**
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
**Keker & Van Nest, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 6, 2007, at Los Angeles, California.

NOW LEGAL -- Erin Gilbride

07209/2316336.1

EXHIBIT B
PAGE 11

# EXHIBIT C

# EXHIBIT C

**Confidential – Attorney's Eyes Only
Filed Under Seal
Pursuant to Protective Order**

# EXHIBIT

# D

02-06-2008   14:43   From-QUINN EMANUEL                    2134433100          T-666   P.001/004   F-606

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| | | |
|---|---|---|
| **NEW YORK** | **LOS ANGELES** | **SAN FRANCISCO** |
| 51 Madison Avenue, 22nd Floor | 865 South Figueroa Street, 10th Floor | 50 California Street, 22nd Floor |
| New York, NY 10010 | Los Angeles, CA 90017 | San Francisco, CA 94111 |
| (212) 849-7000 | (213) 443-3000 | (415) 875-6600 |
| Facsimile: (212) 849-7100 | Facsimile: (213) 443-3100 | Facsimile: (415) 875-6700 |

| | |
|---|---|
| **TOKYO** | **SILICON VALLEY** |
| Akasaka Twin Tower Main Building, 6th Floor | 555 Twin Dolphin Drive, Suite 560 |
| 17-22 Akasaka 2-Chome | Redwood Shores, CA 94065 |
| Minato-ku, Tokyo 107-0052, Japan | (650) 801-5000 |
| +81 3 5561-1711 | Facsimile: (650) 801-5100 |
| Facsimile: +81 3 5561-1712 | |

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   February 6, 2008                    **NUMBER OF PAGES, INCLUDING COVER:** 4

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Timothy A. Miller, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | (415) 984-6400 | (415) 984-2698 |
| Matthew M. Werdegar, Esq.<br>Keker & Van Nest, LLP | (415) 391-5400 | (415) 397-7188 |

**FROM:**   B. Dylan Proctor, Esq.

**RE:**   Mattel v. Bryant et al.

**MESSAGE:**

**RECEIVED**
FROM FAX DEPARTMENT

FEB 0 6 2008

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

| | | | |
|---|---|---|---|
| **CLIENT #:** 07209 | **ROUTE/<br>RETURN TO:** Tiffany Garcia | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT | |
| **OPERATOR:** | | **CONFIRMED?** ☐ NO   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT D
PAGE 98

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

February 6, 2008

VIA FACSIMILE AND U.S. MAIL

Timothy A. Miller, Esq.                    Matthew M. Werdegar, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP    Keker & Van Nest, LLP
Four Embarcadero Center                     710 Sansome Street
San Francisco, CA 94111-4144                San Francisco, CA 94111-1704

Re:   Mattel v. Bryant et al.

Dear Counsel:

I write pursuant to Section 5 of the Discovery Master Stipulation to request a conference of counsel regarding MGA's and Carter Bryant's Responses to Mattel's Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, served on January 7, 2008.

Mattel's Amended Supplemental Interrogatory -- which Judge Larson ordered defendants to answer "without objection" -- asks defendants to "[s]tate the facts upon which YOU intend to rely at trial to support YOUR affirmative defenses, and IDENTIFY all PERSONS with knowledge of those facts and all DOCUMENTS that REFER OR RELATE TO those facts." While MGA and Bryant identify broad categories of responsive documents in their answers, they generally fail to identify these documents with specificity. This is improper.

The list of documents identified by MGA as referring or relating to the facts supporting its unclean hands defense is illustrative. MGA states:

The following documents may be relevant to the foregoing: the products, trade dress, trademarks, themes, ideas, advertising and product packaging identified

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010.| TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-5107 FAX 858-812-5336

EXHIBIT D
PAGE 99

above; letters and emails to MGA from Euromic, Character Licensing and Marketing, Egmont, ConsumerQuest, Endemol, Kidz-Entertainment, Endemol U.K. plc, The Licensing Company, Rose Art Industries, ITC, Early Light, and Vivid Imagination; mails from consumers to MGA or Internet postings by consumers evidencing confusion between "Bratz" and "My Scene," articles in the press evidencing confusion between "Bratz" and "My Scene"; copies of web pages from eBay, La Papa, and Amazon; and a photograph of display of "Bratz" products at Target, which includes "My Scene" plush pet; emails to MGA from Toys 'R Us, Zellers, Woolworth UK, Margo Eldridge, JNH, Rosanna Ferrer, and J.P. Morgan; and press releases and articles with false information reported by Mattel; emails from Kelly Falco of NPD to MGA; emails from Nick Austin of Vivid U.K. to MGA; Mattel's press releases and communications with retailers and financial investors that improperly contain NPD data; Mattel's focus group studies and consumer research campaigns for MyScene products; documents regarding TIA's rules for the Toy-of-the-Year awards; correspondence between MGA's representatives and TIA; and correspondence between CARU and MGA representatives; documents produced by TIA in response to subpoena (TIA00001-00400); documents produced by CARU in response to subpoena; documents produced by NPD (NPD00001-00496).

This response is clearly insufficient to enable Mattel to locate the relevant documents and adequately prepare to rebut defendants' defenses. For example, MGA references various emails and letters in this response, but fails to identify the individuals who sent or received these communications, or the dates on which they were sent. Nor does MGA indicate whether these emails and letters have been produced in this litigation. MGA's responses as to its remaining affirmative defenses, and Bryant's responses, suffer from the same deficiencies.

MGA and Bryant are certainly well into the process of gathering and evaluating the facts and documents they will use to support their various positions. In fact, when it suits defendants to do so, they have identified documents with specificity, in other contexts. For example, in their recent Joint Motion to Overrule Mattel's Relevance Objection and Compel Discovery Relevant to Mattel's Employee Agreements, defendants discussed and attached specific documents they believe support their contention that Bryant's Inventions Agreement with Mattel does not apply to copyright subject matter. Their failure to identify documents with specificity in response to Mattel's Amended Supplemental Interrogatory is by choice and part of their strategy to sandbag Mattel. Notably, defendants have not confirmed even that all documents on which they will rely have even been produced.

Please let us know when your clients are available for a conference of counsel.  If we cannot resolve this matter, we intend to file a motion to enforce, and may seek sanctions.  I look forward to hearing from you.

Best regards,

*B. Dylan Proctor /ca*

B. Dylan Proctor

EXHIBIT D
PAGE 101

# EXHIBIT

# E

# EXHIBIT E

**Confidential – Attorney's Eyes Only**
**Filed Under Seal**
**Pursuant to Protective Order**

# EXHIBIT

# F

# EXHIBIT F

**Confidential – Attorney's Eyes Only
Filed Under Seal
Pursuant to Protective Order**

# EXHIBIT

# G

# EXHIBIT G

**Confidential – Attorney's Eyes Only**
**Filed Under Seal**
**Pursuant to Protective Order**

# EXHIBIT

# H

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

July 24, 2009

VIA FACSIMILE AND U.S. MAIL

Warrington Parker, Esq.
Orrick Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105

Re:    Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Warrington:

I write to confirm our conversation of earlier today in which you stated that the MGA Defendants will supplement their responses to Mattel's supplemental interrogatory and bring themselves into compliance with the Court's December 3, 2007 Order by the end of August 2009. Such supplementation will include the first articulation of the MGA Defendants' contentions regarding the thirteen affirmative defenses that they asserted for the first time in response to Mattel's TAAC. Given that the end of August is approximately five weeks away, I asked whether the MGA Defendants could provide its answer to the supplemental interrogatory sooner than that. You informed me that the MGA Defendants needed that time to provide the required information and thus could not agree to an earlier deadline.

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

*Jon Corey*

Jon Corey

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

07975/0023163.1

EXHIBIT H
PAGE 242

# EXHIBIT

# I

# EXHIBIT I

**Confidential – Attorney's Eyes Only
Filed Under Seal
Pursuant to Protective Order**

# EXHIBIT

# J

**quinn emanuel**

September 4, 2009

VIA FACSIMILE AND U.S. MAIL

Annette Hurst, Esq.
Orrick Herrington & Sutcliffe, LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105

Re:   Mattel, Inc. v. MGA Entertainment, et al.

Dear Annette:

I write pursuant to paragraph 5 of the Discovery Master Stipulation and Order to request a meeting of counsel regarding when the MGA Defendants will bring itself into compliance with the Discovery Master Order dated August 13, 2007.

On August 31, 2009, the MGA Defendants served its Response to Mattel's Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, dated August 31, 2009 ("Response"). Those responses reference documents and categories of documents that the MGA Defendants have not produced. To date, Mattel has not received all of the documents MGA identifies, describes, or references in its Response. Such documents are directly responsive to requests for production that the previous Discovery Master has compelled. E.g., Discovery Master's Order, dated August 13, 2007 (ordering MGA to produce documents responsive to Request No. 166 of Mattel's First Set of Requests for Documents and Things Re Unfair Competition Claims); Request No. 166 of Mattel's First Set of Requests for Documents and Things Re Unfair Competition Claims, dated December 18, 2006 ("To the extent not produced in response to any other Request for Production, all DOCUMENTS and tangible things upon which [MGA] intend[s] to rely upon in this action.").

**quinn emanuel urquhart oliver & hedges, llp**

07075/3087929.2

Because these documents were obviously reviewed and identified in connection with the preparation of the supplemental responses, they are and have been readily available and should be produced without further delay.  Unless MGA agrees to produce these documents within a week, please consider this a request pursuant to paragraph 5 of the Discovery Master Stipulation to meet and confer regarding this matter.  If MGA fails or refuses to produce the documents it identifies, describes, or references in its Response as required, Mattel contemplates bringing a motion to enforce that Order and for sanctions.

I look forward to hearing from you.

Best regards,

Jon Corey
07975/3087979.2

EXHIBIT J
PAGE 442

# EXHIBIT

# K

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

September 4, 2009

VIA EMAIL AND U.S. MAIL

Annette L. Hurst, Esq.
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105

Re:   Mattel, Inc. adv. MGA Entertainment

Dear Annette:

I write pursuant to paragraph 5 of the stipulation and order for appointment of a discovery master for a meet and confer regarding MGA's Responses to Mattel's Amended Supplemental Interrogatory regarding Defendants' Affirmative Defenses.

In MGA's response regarding its unclean hands defense, MGA states that persons with knowledge include "current or former employees" of certain entities, namely, Saran, Smith & Brooks, Zeon, Gemma International, Hart Concepts, MV Sports, Sea Port, Ketchum, Young & Rubicam Brands, Peterson Milla Hooks, Ogilvy & Mather Worldwide, and MTV Networks/Nickelodeon. See Responses at 29-30. However, MGA does not provide names of any of these individuals.

Mattel requests that MGA provide sufficient answers that specify which individuals at these entities have relevant knowledge. As you are aware, MGA has previously been compelled by Judge Larson to fully answer this interrogatory. Please let us know if MGA will provide this information and by when. In the event that MGA will not agree to do so, please let us know when MGA is available to meet and confer on this matter in advance of a Mattel motion to enforce and to compel and for sanctions.

quinn emanuel urquhart oliver & hedges, llp

NEW YORK  51 Madison Avenue, 22nd Floor, New York, NY  10010 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO  50 California Street, 22nd Floor, San Francisco, CA  94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY  555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA  94065 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO  250 South Wacker Drive, Suite 230, Chicago, IL  60606 | TEL (312) 463-2961 FAX (312) 463-2982
LONDON  16 Old Bailey, London EC4M 7EG United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO  Akasaka Twin Tower Main Bldg., 6th Fl., 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

EXHIBIT K
PAGE 443

I look forward to hearing from you.

Very truly yours,

/s/ B. Dylan Proctor

B. Dylan Proctor
07975/3080326.1

00505.07975/3089367.1                      2

# EXHIBIT

# L



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759

WWW.ORRICK.COM

September 10, 2009

Warrington S. Parker III
415 773 5740
wparker@orrick.com

*VIA E-MAIL AND U.S. MAIL*

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017
Facsimile No. 213 443 3100

Re:   MGA Entertainment, Inc. et al. v. Mattel

Dear Mr. Corey:

I write in response to your letter of September 4, 2009 regarding the documents referenced in the MGA Parties' Response to the Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, dated August 31, 2009. We believe the documents referenced in the Response have been produced or are available to Mattel, in this regard I am specifically referencing the deposition transcripts. If there is a specific document that you believe has not been produced or that Mattel does not have for any reason, please identify the specific document. We can then discuss whether production is appropriate.

Very truly yours,

Warrington S. Parker III

OHS West:260710041.1

EXHIBIT L
PAGE 445

# EXHIBIT

# M

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

September 23, 2009

**VIA FACSIMILE AND U.S. MAIL**

Warrington S. Parker III, Esq.
Orrick Herrington & Sutcliffe, LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105

Re:    Mattel, Inc. v. MGA Entertainment, et al.

Dear Warrington:

I write further to my letter of September 4, 2009 regarding the MGA Defendants' failure to produce documents referenced in their Response to Mattel's Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, and in response to your letter of September 10, 2009.

Your representation that all of the documents referenced in the Response have been produced is mistaken. For example, a review of the documents identified in the MGA Defendants' responses shows that documents bearing Bates numbers MGA 59802 and MGA 665527 have not been produced, even though they are referenced in the Responses. See Response at 49. As another example, the MGA Defendants cite to "letters and emails to MGA from . . . Endemol . . . and Endemol U.K." Id. at 30-31. Mattel understands this statement to refer to correspondence between Endemol U.S. and MGA, as well as between Endemol U.K. and MGA. Please advise if that is not the case. Mattel was able to locate some correspondence between MGA and Endemol U.K., but it was unable to locate any correspondence between Endemol U.S. and MGA. As these examples show, together with the documents identified in Mr. Zeller's e-mail message of yesterday, the MGA Defendants have not produced all of the documents identified in the Responses.

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

EXHIBIT M
PAGE 446

The MGA Defendants should produce these documents immediately. Mattel should not have to try to guess or double check to see which documents the MGA Defendants have and have not produced. Nor can it because the MGA Defendants have attempted to obscure that as well. The MGA Defendants have referenced categories of documents without identifying them by Bates number, making it impossible for Mattel to determine which specific documents the MGA Defendants are purporting to rely on. E.g., Response at 30-31, 36, 40, 41-43, 45-47, 51, 56, 61; 66, 71, 75-76, 79-80, 86, 91, 96-97, 102, 127-128, 159, 162-164, 167-168, 170, 195-196. The Court has previously required the MGA Defendants to identify documents by Bates number when responding to interrogatories. Order Granting in Part and Denying in Part Mattel's Motion for Review of Discovery Master's February 15, 2008 and February 20, 2008 Orders at 3, dated March 31, 2008, Watson Dec., Exh. 26. Indeed, the Court held that it is "imperative to narrowing the potential for dispute between the parties at trial as to whether a particular document falls into those 'identified' in responses to a given contention interrogatory." Id.

Unless the missing documents are produced and accurate and specific responses are provided forthwith, Mattel will seek relief from the Discovery Master. As you know, we previously asked for a meet and confer in my September 4 letter, but to date MGA has not met and conferred or made itself available to do so. Please let me know whether MGA intends to meet and confer or not and, if so, when it is available.

Best regards,

Jon Corey /D

Jon Corey
07975/3087979.2

00505.07975/3117130.1                          2

# EXHIBIT

# N

**From:** Molinski, William
**Sent:** Wednesday, September 23, 2009 4:44 PM
**To:** 'Michael T Zeller'; Valerie Lozano; Hurst, Annette
**Cc:** 'jrussell@skadden.com'; 'acote@obsklaw.com'; 'todd.gordinier@bingham.com'; Jon Corey; Parker, Warrington
**Subject:** RE: Mattel adv. MGA

Mike:

This is in further response to your letter dated September 4, 2009. With respect to your request that we identify the names of individuals at various entities identified in MGA's Responses to Mattel's Amended Supplemental Interrogatory regarding Affirmative Defenses, we are currently looking into your request to determine if we have additional information that might be responsive. To the extent we identify such information, we will supplement this response within 10 days. If you would like to meet on this issue, either before or after that time, please let me know and we would be happy to do so.
Responding to Jon Corey's letter of today's date, to the extent that the amended response served on August 31, 2009 references new documents not referenced  previously, MGA will determine whether those documents have been produced. Otherwise, it is incumbent on Mattel to inform MGA of those documents it claims it does not have.

Bill



**O R R I C K**

**BILL A. MOLINSKI**
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

---

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Tuesday, September 22, 2009 9:32 AM
**To:** Molinski, William; Valerie Lozano; Hurst, Annette
**Cc:** 'jrussell@skadden.com'; 'acote@obsklaw.com'; 'todd.gordinier@bingham.com'; Jon Corey
**Subject:** Re: Mattel adv. MGA

Bill, there is no basis for yet more delay before MGA provides any kind of response on this issue. We sent our original meet and confer letter on September 4. MGA's deadline for MGA to meet and comfer under the Discovery Master Stipulation expired long ago. Instead, it ignored that obligation until we had to send a second letter. Even now, MGA does not say it will make itself available for a meet and confer but only announces after all this time

EXHIBIT N
PAGE 448

that it will respond in some unspecified way. If MGA is interested in resolving this matter, please let us know when tomorrow it is available to discuss it.

---

**From:** Molinski, William <wmolinski@orrick.com>
**To:** Valerie Lozano; Hurst, Annette <ahurst@orrick.com>
**Cc:** jrussell@skadden.com <jrussell@skadden.com>; acote@obsklaw.com <acote@obsklaw.com>; todd.gordinier@bingham.com <todd.gordinier@bingham.com>; Michael T Zeller; Jon Corey
**Sent:** Tue Sep 22 07:53:11 2009
**Subject:** RE: Mattel adv. MGA

Counsel:

We are reviewing the issues you addressed in your September 4 letter and expect to have a response shortly, but no later than the end of this week.

**O**

**ORRICK**

**BILL A. MOLINSKI**
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

---

**From:** Valerie Lozano [mailto:valerielozano@quinnemanuel.com]
**Sent:** Monday, September 21, 2009 4:13 PM
**To:** Hurst, Annette; Molinski, William
**Cc:** jrussell@skadden.com; acote@obsklaw.com; todd.gordinier@bingham.com; Michael T Zeller; Jon Corey
**Subject:** Mattel adv. MGA

Counsel:  attached please find correspondence from Jon Corey.

Best Regards,

**Valerie Lozano**
*Associate,*
**Quinn Emanuel Urquhart Oliver & Hedges LLP.**

865 S. Figueroa St 10th Floor

Los Angeles, Ca 90017
213-443-3280 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
valerielozano@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

"EMF <orrick.com>" made the following annotations.
------------------------------------------------------------------------
============================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.


============================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
============================================================
============================================================

# EXHIBIT

# O



**ORRICK**

**BILL A. MOLINSKI**
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

---

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Tuesday, September 22, 2009 8:58 PM
**To:** Hurst, Annette; Molinski, William
**Cc:** Casey McGannon; Dylan Proctor; 'Villar, Peter N.'
**Subject:** Mattel v. MGA Entertainment

In MGA's recently-filed reply brief in support of its request for foreign discovery, MGA argues that "new evidence from the taxation of costs proceedings in Hong Kong demonstrate[e] that Mattel concealed its earlier communications with Cityworld's counsel." (Reply at 3.)

This statement is demonstrably false and a misrepresentation of the evidence. The earliest communication involving Mattel reflected in the Bill of Costs documents took place in September 2003 (see Ex. K to Rukowski Dec., p. 354), a fact entirely consistent with the actual evidence and Judge Larson's rulings on statutes of limitations and laches (see, e.g., Exhibit 4434). Indeed, contrary to MGA's misstatement of the evidence, nothing in the Bill of Costs documents indicate communications "possibly at least as early as August 2003." While there are entries reflecting communications in August **2004**--well after this litigation began--contrary to MGA's insinuation there is nothing to indicate any communications earlier than September 2003. MGA's reply misstates the facts in order to re-litigate the merits of its statute of limitations affirmative defense which was rejected by the Court based on all relevant evidence, including Mattel's September 2003 communications with Cityworld that MGA falsely seeks to represent as "new evidence" now and that MGA misrepresents as being from August 2003.

Equally troubling, these false assertions are based on documents that were never previously disclosed to Mattel, in violation of prior Court Orders and in violation of MGA's own responses promising production, and that, even now, have been provided only as declaration attachments in a cherry-picked fashion, even though they have been

EXHIBIT O
PAGE 451

in MGA's possession for over a year.  MGA's failure to identify or produce these documents is in direct violation of, among other things, its continuing duties under the Court's December 3, 2007 Order compelling it to reply without objection to a Mattel interrogatory calling for MGA to state all facts supporting it's affirmative defenses, identify all persons with knowledge of those facts, and identify all documents that refer or relate to those facts, as well as MGA's own responses to RFP No. 95 where it conceded it must produce such documents.

Please produce to Mattel, by the close of business tomorrow, complete copies of the Bill of Costs and transcript documents that MGA has provided to the Discovery Master.  If we do not receive them by that time, Mattel will bring an ex parte motion before Discovery Master to apprise him of MGA's violations and to compel complete copies of these long-withheld documents.  Furthermore, please let me know when MGA is available to meet and confer in advance of a contemplated motion to enforce and for sanctions for MGA's now demonstrable withholding of documents relating to MGA's purported affirmative defenses.

I look forward to hearing from you.

Michael T. Zeller

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  michaelzeller@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Saturday, October 03, 2009 10:30 AM
**To:** Hurst, Annette; Molinski, William
**Cc:** Casey McGannon; Dylan Proctor; 'peter.villar@bingham.com'
**Subject:** Re: Mattel v. MGA Entertainment

I have received no response to our meet and confer request. As today's order provides, Mattel is entitled to proceed on a regularly noticed motion to enforce the prior Orders. Although MGA has not met and conferred within the time required, please let us know if MGA will do so on Monday. If not, we will assume MGA won't meet and confer and accordingly move forward with our motion to compel and for sanctions.

**From:** Michael T Zeller
**To:** 'Annette Hurst (ahurst@orrick.com)' <ahurst@orrick.com>; 'Molinski, William' <wmolinski@orrick.com>
**Cc:** Casey McGannon; Dylan Proctor; 'Villar, Peter N.' <peter.villar@bingham.com>
**Sent:** Tue Sep 22 20:57:32 2009
**Subject:** Mattel v. MGA Entertainment

In MGA's recently-filed reply brief in support of its request for foreign discovery, MGA argues that "new evidence from the taxation of costs proceedings in Hong Kong demonstrate[e] that Mattel concealed its earlier communications with Cityworld's counsel."  (Reply at 3.)

This statement is demonstrably false and a misrepresentation of the evidence.  The earliest communication involving Mattel reflected in the Bill of Costs documents took place in September 2003 (see Ex. K to Rukowski

EXHIBIT O
PAGE 453

Dec., p. 354), a fact entirely consistent with the actual evidence and Judge Larson's rulings on statutes of limitations and laches (see, e.g., Exhibit 4434). Indeed, contrary to MGA's misstatement of the evidence, nothing in the Bill of Costs documents indicate communications "possibly at least as early as August 2003." While there are entries reflecting communications in August 2004--well after this litigation began—contrary to MGA's insinuation there is nothing to indicate any communications earlier than September 2003. MGA's reply misstates the facts in order to re-litigate the merits of its statute of limitations affirmative defense which was rejected by the Court based on all relevant evidence, including Mattel's September 2003 communications with Cityworld that MGA falsely seeks to represent as "new evidence" now and that MGA misrepresents as being from August 2003.

Equally troubling, these false assertions are based on documents that were never previously disclosed to Mattel, in violation of prior Court Orders and in violation of MGA's own responses promising production, and that, even now, have been provided only as declaration attachments in a cherry-picked fashion, even though they have been in MGA's possession for over a year. MGA's failure to identify or produce these documents is in direct violation of, among other things, its continuing duties under the Court's December 3, 2007 Order compelling it to reply without objection to a Mattel interrogatory calling for MGA to state all facts supporting it's affirmative defenses, identify all persons with knowledge of those facts, and identify all documents that refer or relate to those facts, as well as MGA's own responses to RFP No. 95 where it conceded it must produce such documents.

Please produce to Mattel, by the close of business tomorrow, complete copies of the Bill of Costs and transcript documents that MGA has provided to the Discovery Master. If we do not receive them by that time, Mattel will bring an ex parte motion before Discovery Master to apprise him of MGA's violations and to compel complete copies of these long-withheld documents. Furthermore, please let me know when MGA is available to meet and confer in advance of a contemplated motion to enforce and for sanctions for MGA's now demonstrable withholding of documents relating to MGA's purported affirmative defenses.

I look forward to hearing from you.

Michael T. Zeller

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: michaelzeller@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT O
PAGE 454

**From:** Hurst, Annette
**Sent:** Monday, October 05, 2009 9:15 AM
**To:** Michael T Zeller
**Cc:** Casey McGannon; Dylan Proctor; 'peter.villar@bingham.com'; Rutowski, Diana; Molinski, William
**Subject:** RE: Mattel v. MGA Entertainment

Mike:

Your e-mail was so full of vitriolic argument and rhetoric that it was impossible to determine what it is that Mattel might actually be requesting that it does not already have.  What is it exactly that you are requesting that Mattel doesn't already have?

Annette

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Saturday, October 03, 2009 10:30 AM
**To:** Hurst, Annette; Molinski, William
**Cc:** Casey McGannon; Dylan Proctor; 'peter.villar@bingham.com'
**Subject:** Re: Mattel v. MGA Entertainment

I have received no response to our meet and confer request. As today's order provides, Mattel is entitled to proceed on a regularly noticed motion to enforce the prior Orders. Although MGA has not met and conferred within the time required, please let us know if MGA will do so on Monday. If not, we will assume MGA won't meet

EXHIBIT O
PAGE 455

and confer and accordingly move forward with our motion to compel and for sanctions.

---

**From:** Michael T Zeller
**To:** 'Annette Hurst (ahurst@orrick.com)' <ahurst@orrick.com>; 'Molinski, William' <wmolinski@orrick.com>
**Cc:** Casey McGannon; Dylan Proctor; 'Villar, Peter N.' <peter.villar@bingham.com>
**Sent:** Tue Sep 22 20:57:32 2009
**Subject:** Mattel v. MGA Entertainment

In MGA's recently-filed reply brief in support of its request for foreign discovery, MGA argues that "new evidence from the taxation of costs proceedings in Hong Kong demonstrate[e] that Mattel concealed its earlier communications with Cityworld's counsel." (Reply at 3.)

This statement is demonstrably false and a misrepresentation of the evidence. The earliest communication involving Mattel reflected in the Bill of Costs documents took place in September 2003 (see Ex. K to Rukowski Dec., p. 354), a fact entirely consistent with the actual evidence and Judge Larson's rulings on statutes of limitations and laches (see, e.g., Exhibit 4434). Indeed, contrary to MGA's misstatement of the evidence, nothing in the Bill of Costs documents indicate communications "possibly at least as early as August 2003." While there are entries reflecting communications in August 2004—well after this litigation began—contrary to MGA's insinuation there is nothing to indicate any communications earlier than September 2003. MGA's reply misstates the facts in order to re-litigate the merits of its statute of limitations affirmative defense which was rejected by the Court based on all relevant evidence, including Mattel's September 2003 communications with Cityworld that MGA falsely seeks to represent as "new evidence" now and that MGA misrepresents as being from August 2003.

Equally troubling, these false assertions are based on documents that were never previously disclosed to Mattel, in violation of prior Court Orders and in violation of MGA's own responses promising production, and that, even now, have been provided only as declaration attachments in a cherry-picked fashion, even though they have been in MGA's possession for over a year. MGA's failure to identify or produce these documents is in direct violation of, among other things, its continuing duties under the Court's December 3, 2007 Order compelling it to reply without objection to a Mattel interrogatory calling for MGA to state all facts supporting it's affirmative defenses, identify all persons with knowledge of those facts, and identify all documents that refer or relate to those facts, as well as MGA's own responses to RFP No. 95 where it conceded it must produce such documents.

Please produce to Mattel, by the close of business tomorrow, complete copies of the Bill of Costs and transcript documents that MGA has provided to the Discovery Master. If we do not receive them by that time, Mattel will bring an ex parte motion before Discovery Master to apprise him of MGA's violations and to compel complete copies of these long-withheld documents. Furthermore, please let me know when MGA is available to meet and confer in advance of a contemplated motion to enforce and for sanctions for MGA's now demonstrable withholding of documents relating to MGA's purported affirmative defenses.

I look forward to hearing from you.

Michael T. Zeller

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: michaelzeller@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error

and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT O
PAGE 457

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Monday, October 05, 2009 9:26 AM
**To:** Hurst, Annette
**Cc:** Casey McGannon; Dylan Proctor; 'peter.villar@bingham.com'; Rutowski, Diana; Molinski, William
**Subject:** Re: Mattel v. MGA Entertainment

Has MGA produced all docs relating to its affirmative defenses? This includes any and all documents purportedly supporting its statute of limitations and laches defenses. MGA was ordered to produce such documents but its own motion showed that it has violated those Orders. Please let me know if MGA intends to meet and confer. Otherwise, we will proceed with our motion, including for sanctions.

**From:** Hurst, Annette <ahurst@orrick.com>
**To:** Michael T Zeller
**Cc:** Casey McGannon; Dylan Proctor; peter.villar@bingham.com <peter.villar@bingham.com>; Rutowski, Diana <drutowski@orrick.com>; Molinski, William <wmolinski@orrick.com>
**Sent:** Mon Oct 05 09:15:10 2009
**Subject:** RE: Mattel v. MGA Entertainment

Mike:

Your e-mail was so full of vitriolic argument and rhetoric that it was impossible to determine what it is that Mattel might actually be requesting that it does not already have.  What is it exactly that you are requesting that Mattel doesn't already have?

EXHIBIT O
PAGE 458

Annette

---

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Saturday, October 03, 2009 10:30 AM
**To:** Hurst, Annette; Molinski, William
**Cc:** Casey McGannon; Dylan Proctor; 'peter.villar@bingham.com'
**Subject:** Re: Mattel v. MGA Entertainment

I have received no response to our meet and confer request. As today's order provides, Mattel is entitled to proceed on a regularly noticed motion to enforce the prior Orders. Although MGA has not met and conferred within the time required, please let us know if MGA will do so on Monday. If not, we will assume MGA won't meet and confer and accordingly move forward with our motion to compel and for sanctions.

---

**From:** Michael T Zeller
**To:** 'Annette Hurst (ahurst@orrick.com)' <ahurst@orrick.com>; 'Molinski, William' <wmolinski@orrick.com>
**Cc:** Casey McGannon; Dylan Proctor; 'Villar, Peter N.' <peter.villar@bingham.com>
**Sent:** Tue Sep 22 20:57:32 2009
**Subject:** Mattel v. MGA Entertainment

In MGA's recently-filed reply brief in support of its request for foreign discovery, MGA argues that "new evidence from the taxation of costs proceedings in Hong Kong demonstrate[e] that Mattel concealed its earlier communications with Cityworld's counsel." (Reply at 3.)

This statement is demonstrably false and a misrepresentation of the evidence. The earliest communication involving Mattel reflected in the Bill of Costs documents took place in September 2003 (see Ex. K to Rukowski Dec., p. 354), a fact entirely consistent with the actual evidence and Judge Larson's rulings on statutes of limitations and laches (see, e.g., Exhibit 4434). Indeed, contrary to MGA's misstatement of the evidence, nothing in the Bill of Costs documents indicate communications "possibly at least as early as August 2003." While there are entries reflecting communications in August **2004**—well after this litigation began--contrary to MGA's insinuation there is nothing to indicate any communications earlier than September 2003. MGA's reply misstates the facts in order to re-litigate the merits of its statute of limitations affirmative defense which was rejected by the Court based on all relevant evidence, including Mattel's September 2003 communications with Cityworld that MGA falsely seeks to represent as "new evidence" now and that MGA misrepresents as being from August 2003.

Equally troubling, these false assertions are based on documents that were never previously disclosed to Mattel, in violation of prior Court Orders and in violation of MGA's own responses promising production, and that, even now, have been provided only as declaration attachments in a cherry-picked fashion, even though they have been in MGA's possession for over a year. MGA's failure to identify or produce these documents is in direct violation of, among other things, its continuing duties under the Court's December 3, 2007 Order compelling it to reply without objection to a Mattel interrogatory calling for MGA to state all facts supporting it's affirmative defenses, identify all persons with knowledge of those facts, and to identify all documents that refer or relate to those facts, as well as MGA's own responses to RFP No. 95 where it conceded it must produce such documents.

Please produce to Mattel, by the close of business tomorrow, complete copies of the Bill of Costs and transcript documents that MGA has provided to the Discovery Master. If we do not receive them by that time, Mattel will bring an ex parte motion before Discovery Master to apprise him of MGA's violations and to compel complete copies of these long-withheld documents. Furthermore, please let me know when MGA is available to meet and confer in advance of a contemplated motion to enforce and for sanctions for MGA's now demonstrable withholding of documents relating to MGA's purported affirmative defenses.

I look forward to hearing from you.

Michael T. Zeller

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  michaelzeller@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

```
"EMF <orrick.com>" made the following annotations.
--------------------------------------------------------------------------
==============================================================
```

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.

```
==============================================================
```

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/

```
==============================================================
==============================================================
```

**From:** Hurst, Annette
**Sent:** Monday, October 05, 2009 9:34 AM
**To:** Michael T Zeller
**Cc:** Casey McGannon; Dylan Proctor; 'peter.villar@bingham.com'; Rutowski, Diana; Molinski, William; Parker, Warrington; Jon Corey
**Subject:** RE: Mattel v. MGA Entertainment

The subject of documents referenced or relied upon in affirmative defenses has already been raised in written meet and confer by one of your colleagues and that meet and confer is ongoing.  There have been several letters already exchanged between Jon Corey and Warrington Parker on this topic.  Why are you jumping in on that ongoing meet and confer?  It is completely inappropriate for you to demand meet and confer and threaten motion practice and sanctions on a topic that has already been under discussion for at least a couple of weeks by one of your other colleagues, and for which there is no impasse (of which we are aware).

So, the short answer to your question is that we already have met and conferred about this.  If Mr. Corey has a problem with the position taken in that meet and confer correspondence, please let us know what it is and we will address it.

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Monday, October 05, 2009 9:26 AM
**To:** Hurst, Annette
**Cc:** Casey McGannon; Dylan Proctor; 'peter.villar@bingham.com'; Rutowski, Diana; Molinski, William
**Subject:** Re: Mattel v. MGA Entertainment

Has MGA produced all docs relating to its affirmative defenses? This includes any and all documents purportedly supporting its statute of limitations and laches defenses. MGA was ordered to produce such documents but its own motion showed that it has violated those Orders. Please let me know if MGA intends to meet and confer. Otherwise, we will proceed with our motion, including for sanctions.

---

**From:** Hurst, Annette <ahurst@orrick.com>
**To:** Michael T Zeller
**Cc:** Casey McGannon; Dylan Proctor; peter.villar@bingham.com <peter.villar@bingham.com>; Rutowski, Diana <drutowski@orrick.com>; Molinski, William <wmolinski@orrick.com>
**Sent:** Mon Oct 05 09:15:10 2009
**Subject:** RE: Mattel v. MGA Entertainment

Mike:

Your e-mail was so full of vitriolic argument and rhetoric that it was impossible to determine what it is that Mattel might actually be requesting that it does not already have. What is it exactly that you are requesting that Mattel doesn't already have?

Annette

---

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Saturday, October 03, 2009 10:30 AM
**To:** Hurst, Annette; Molinski, William
**Cc:** Casey McGannon; Dylan Proctor; 'peter.villar@bingham.com'
**Subject:** Re: Mattel v. MGA Entertainment

I have received no response to our meet and confer request. As today's order provides, Mattel is entitled to proceed on a regularly noticed motion to enforce the prior Orders. Although MGA has not met and conferred within the time required, please let us know if MGA will do so on Monday. If not, we will assume MGA won't meet and confer and accordingly move forward with our motion to compel and for sanctions.

---

**From:** Michael T Zeller
**To:** 'Annette Hurst (ahurst@orrick.com)' <ahurst@orrick.com>; 'Molinski, William' <wmolinski@orrick.com>
**Cc:** Casey McGannon; Dylan Proctor; 'Villar, Peter N.' <peter.villar@bingham.com>
**Sent:** Tue Sep 22 20:57:32 2009
**Subject:** Mattel v. MGA Entertainment

In MGA's recently-filed reply brief in support of its request for foreign discovery, MGA argues that "new evidence from the taxation of costs proceedings in Hong Kong demonstrate[e] that Mattel concealed its earlier communications with Cityworld's counsel." (Reply at 3.)

This statement is demonstrably false and a misrepresentation of the evidence. The earliest communication involving Mattel reflected in the Bill of Costs documents took place in September 2003 (see Ex. K to Rukowski Dec., p. 354), a fact entirely consistent with the actual evidence and Judge Larson's rulings on statutes of limitations and laches (see, e.g., Exhibit 4434). Indeed, contrary to MGA's misstatement of the evidence, nothing in the Bill of Costs documents indicate communications "possibly at least as early as August 2003." While there are entries reflecting communications in August **2004**--well after this litigation began--contrary to MGA's insinuation there is nothing to indicate any communications earlier than September 2003. MGA's reply misstates the facts in order to re-litigate the merits of its statute of limitations affirmative defense which was rejected by the Court based on all relevant evidence, including Mattel's September 2003 communications with Cityworld that MGA falsely seeks to represent as "new evidence" now and that MGA misrepresents as being from August 2003.

EXHIBIT O
PAGE 462

Equally troubling, these false assertions are based on documents that were never previously disclosed to Mattel, in violation of prior Court Orders and in violation of MGA's own responses promising production, and that, even now, have been provided only as declaration attachments in a cherry-picked fashion, even though they have been in MGA's possession for over a year.  MGA's failure to identify or produce these documents is in direct violation of, among other things, its continuing duties under the Court's December 3, 2007 Order compelling it to reply without objection to a Mattel interrogatory calling for MGA to state all facts supporting it's affirmative defenses, identify all persons with knowledge of those facts, and identify all documents that refer or relate to those facts, as well as MGA's own responses to RFP No. 95 where it conceded it must produce such documents.

Please produce to Mattel, by the close of business tomorrow, complete copies of the Bill of Costs and transcript documents that MGA has provided to the Discovery Master.  If we do not receive them by that time, Mattel will bring an ex parte motion before Discovery Master to apprise him of MGA's violations and to compel complete copies of these long-withheld documents.  Furthermore, please let me know when MGA is available to meet and confer in advance of a contemplated motion to enforce and for sanctions for MGA's now demonstrable withholding of documents relating to MGA's purported affirmative defenses.

I look forward to hearing from you.

Michael T. Zeller

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail:  michaelzeller@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

"EMF <orrick.com>" made the following annotations.
------------------------------------------------------------------------------------
==============================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.


==============================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A

COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
==========================================================
============================================================================

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Monday, October 05, 2009 10:44 AM
**To:** Hurst, Annette
**Cc:** Casey McGannon; Dylan Proctor; 'peter.villar@bingham.com'; Rutowski, Diana; Molinski, William; Parker, Warrington; Jon Corey
**Subject:** RE: Mattel v. MGA Entertainment

Annette, your email mischaracterizes the other meet and confer efforts, including its inconsistent suggestions that the meet and confer is ongoing or that the issues were somehow resolved. Warrington responded with the same type of "catch us if you can" approach to compliance with Court Orders in his letter of September 10. We wrote back and indeed identified examples where MGA had failed to produce documents. MGA has not responded to that letter or made itself available to discuss in response in response to either my or Jon Corey's requests. Again, if MGA intends to comply with its obligations to meet and confer, which we've repeatedly asked for, please let me know.


Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: michaelzeller@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Hurst, Annette [mailto:ahurst@orrick.com]
**Sent:** Monday, October 05, 2009 9:34 AM
**To:** Michael T Zeller
**Cc:** Casey McGannon; Dylan Proctor; peter.villar@bingham.com; Rutowski, Diana; Molinski, William; Parker, Warrington; Jon Corey
**Subject:** RE: Mattel v. MGA Entertainment

The subject of documents referenced or relied upon in affirmative defenses has already been raised in written meet and confer by one of your colleagues and that meet and confer is ongoing.  There have been several letters already exchanged between Jon Corey and Warrington Parker on this topic.  Why are you jumping in on that ongoing meet and confer?  It is completely inappropriate for you to demand meet and confer and threaten motion practice and sanctions on a topic that has already been under discussion for at least a couple of weeks by one of your other colleagues, and for which there is no impasse (of which we are aware).

So, the short answer to your question is that we already have met and conferred about this.  If Mr. Corey has a problem with the position taken in that meet and confer correspondence, please let us know what it is and we will address it.

---

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Monday, October 05, 2009 9:26 AM
**To:** Hurst, Annette
**Cc:** Casey McGannon; Dylan Proctor; 'peter.villar@bingham.com'; Rutowski, Diana; Molinski, William
**Subject:** Re: Mattel v. MGA Entertainment

Has MGA produced all docs relating to its affirmative defenses? This includes any and all documents purportedly supporting its statute of limitations and laches defenses. MGA was ordered to produce such documents but its own motion showed that it has violated those Orders. Please let me know if MGA intends to meet and confer. Otherwise, we will proceed with our motion, including for sanctions.

---

**From:** Hurst, Annette <ahurst@orrick.com>
**To:** Michael T Zeller
**Cc:** Casey McGannon; Dylan Proctor; peter.villar@bingham.com <peter.villar@bingham.com>; Rutowski, Diana <drutowski@orrick.com>; Molinski, William <wmolinski@orrick.com>
**Sent:** Mon Oct 05 09:15:10 2009
**Subject:** RE: Mattel v. MGA Entertainment

Mike:

Your e-mail was so full of vitriolic argument and rhetoric that it was impossible to determine what it is that Mattel might actually be requesting that it does not already have.  What is it exactly that you are requesting that Mattel doesn't already have?

Annette

---

EXHIBIT O
PAGE 466

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Saturday, October 03, 2009 10:30 AM
**To:** Hurst, Annette; Molinski, William
**Cc:** Casey McGannon; Dylan Proctor; 'peter.villar@bingham.com'
**Subject:** Re: Mattel v. MGA Entertainment

I have received no response to our meet and confer request. As today's order provides, Mattel is entitled to proceed on a regularly noticed motion to enforce the prior Orders. Although MGA has not met and conferred within the time required, please let us know if MGA will do so on Monday. If not, we will assume MGA won't meet and confer and accordingly move forward with our motion to compel and for sanctions.

---

**From:** Michael T Zeller
**To:** 'Annette Hurst (ahurst@orrick.com)' <ahurst@orrick.com>; 'Molinski, William' <wmolinski@orrick.com>
**Cc:** Casey McGannon; Dylan Proctor; 'Villar, Peter N.' <peter.villar@bingham.com>
**Sent:** Tue Sep 22 20:57:32 2009
**Subject:** Mattel v. MGA Entertainment

In MGA's recently-filed reply brief in support of its request for foreign discovery, MGA argues that "new evidence from the taxation of costs proceedings in Hong Kong demonstrate[e] that Mattel concealed its earlier communications with Cityworld's counsel." (Reply at 3.)

This statement is demonstrably false and a misrepresentation of the evidence. The earliest communication involving Mattel reflected in the Bill of Costs documents took place in September 2003 (see Ex. K to Rukowski Dec., p. 354), a fact entirely consistent with the actual evidence and Judge Larson's rulings on statutes of limitations and laches (see, e.g., Exhibit 4434). Indeed, contrary to MGA's misstatement of the evidence, nothing in the Bill of Costs documents indicate communications "possibly at least as early as August 2003." While there are entries reflecting communications in August **2004**—well after this litigation began—contrary to MGA's insinuation there is nothing to indicate any communications earlier than September 2003. MGA's reply misstates the facts in order to re-litigate the merits of its statute of limitations affirmative defense which was rejected by the Court based on all relevant evidence, including Mattel's September 2003 communications with Cityworld that MGA falsely seeks to represent as "new evidence" now and that MGA misrepresents as being from August 2003.

Equally troubling, these false assertions are based on documents that were never previously disclosed to Mattel, in violation of prior Court Orders and in violation of MGA's own responses promising production, and that, even now, have been provided only as declaration attachments in a cherry-picked fashion, even though they have been in MGA's possession for over a year. MGA's failure to identify or produce these documents is in direct violation of, among other things, its continuing duties under the Court's December 3, 2007 Order compelling it to reply without objection to a Mattel interrogatory calling for MGA to state all facts supporting it's affirmative defenses, identify all persons with knowledge of those facts, and identify all documents that refer or relate to those facts, as well as MGA's own responses to RFP No. 95 where it conceded it must produce such documents.

Please produce to Mattel, by the close of business tomorrow, complete copies of the Bill of Costs and transcript documents that MGA has provided to the Discovery Master. If we do not receive them by that time, Mattel will bring an ex parte motion before Discovery Master to apprise him of MGA's violations and to compel complete copies of these long-withheld documents. Furthermore, please let me know when MGA is available to meet and confer in advance of a contemplated motion to enforce and for sanctions for MGA's now demonstrable withholding of documents relating to MGA's purported affirmative defenses.

I look forward to hearing from you.

Michael T. Zeller

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180

Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  michaelzeiler@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

```
"EMF <orrick.com>" made the following annotations.
-------------------------------------------------------------------------
=========================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.



=========================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
=========================================================
=================================================================
```

# EXHIBIT

# P

# EXHIBIT P

**Confidential – Attorney's Eyes Only
Filed Under Seal
Pursuant to Protective Order**

# EXHIBIT

# Q

# EXHIBIT Q

**Confidential – Attorney's Eyes Only
Filed Under Seal
Pursuant to Protective Order**

# EXHIBIT

# R

# EXHIBIT R

**Confidential – Attorney's Eyes Only**
**Filed Under Seal**
**Pursuant to Protective Order**

# EXHIBIT

# S

# EXHIBIT S

**Confidential – Attorney's Eyes Only**
**Filed Under Seal**
**Pursuant to Protective Order**

# EXHIBIT

# T

# EXHIBIT T


**Confidential – Attorney's Eyes Only
Filed Under Seal
Pursuant to Protective Order**

# EXHIBIT

# U

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
6   Facsimile:  (213) 443-3100

7   Attorneys for Mattel, Inc.

8

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

12  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

13          Plaintiff,                   Consolidated with
                                         Case No. CV 04-09059
14       vs.                             Case No. CV 05-02727

15  MATTEL, INC., a Delaware             Hon. Stephen G. Larson
    corporation,
16                                       **MATTEL'S RESPONSES TO
          Defendant.                     MGAE DE MEXICO'S
17                                       INTERROGATORY NOS. 1-11**

18  AND CONSOLIDATED ACTIONS

19

20

21  PROPOUNDING PARTY:     MGAE DE MEXICO, S.R.L. DE C.V.

22  RESPONDING PARTY:      MATTEL, INC.

23  SET NO.:               NOS. 1-11

24

25

26

27

28

07975/3074039.1

EXHIBIT U
PAGE 1091

**Preliminary Statement**

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not completed discovery from the MGA Parties or any third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement these responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts or documents discovered or generated pursuant to subsequent investigation or discovery. Mattel's response to any of Defendant's Second Set of Interrogatories (the "Interrogatories") is not to be construed as a waiver of any of its objections or its right to object to any other discovery request.

**General Objections**

Mattel generally objects to each of the Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to each and every individual Interrogatory:

1.     Mattel objects to the Interrogatories on the grounds that they seek to impose obligations upon Mattel beyond those imposed by the Federal Rules of Civil Procedure.

2.     Mattel objects to the Interrogatories on the grounds and to the extent that they call for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, including the privilege against disclosure of the identities and work product of consulting experts. Such information and documents will not be produced.

3.     Mattel objects to the Interrogatories on the grounds that they call for production or disclosure of confidential, proprietary and/or private information.

1  Such information and documents will not be disclosed or produced except pursuant

2  to and in reliance upon the operative protective order.

3      4.    Mattel objects to the Interrogatories on the grounds that they

4  seek the disclosure of information or documents that are in the possession, custody

5  and control of independent parties over whom Mattel has no control, including

6  defendants, or are publicly available and hence equally available to all parties to this

7  litigation.

8      5.    Mattel objects to the Interrogatories on the grounds and to the

9  extent that they call for information that is neither relevant to the claims or defenses

10  in the pending action nor reasonably calculated to lead to the discovery of

11  admissible evidence.

12      6.    Mattel objects to the Interrogatories on the grounds that they are

13  unduly burdensome, compound and oppressive, including in that they (1) purport to

14  require Mattel to identify all facts—which Defendants have refused to do—and in

15  conflict with the Court's Orders of February 15, 2008, February 20, 2008, and

16  March 31, 2009, and (2) that they relate to multiple claims and discrete issues.

17      7.    Mattel further objects to the Interrogatories on the grounds and to

18  the extent that they purport to circumvent the expert disclosure provisions of the

19  Federal and Local Rules.  Such disclosures will be made in accordance with the

20  requirements of, and at the times specified by, the Court's Orders and the Rules.

21      8.    Mattel objects to the Interrogatories on the grounds and to the

22  extent that they seek the disclosure of information or documents in violation of the

23  terms of agreements or protective orders entered into with third parties, or in

24  violation of the privacy, contractual, or other rights of third parties.

25      9.    Mattel objects to the Interrogatories on the grounds that they are

26  overbroad and vague and ambiguous, including with respect to the defined terms

27  "IDENTIFY," and "COMMUNICATION."

28

-2-
MATTEL'S RESPONSES TO MGAE DE MEXICO'S INTERROGATORY NOS. 1-11

**EXHIBIT U**
**PAGE 1093**

1        10.    Mattel objects to the Interrogatories on the grounds that they

2  exceed the number of interrogatories allowed per side and, therefore, are contrary to

3  the Court's and the previous Discovery Master's rulings in this case.

4                      **Specific and General Responses**

5        Each of the following objections and responses to the Interrogatories is

6  expressly made subject to the above Preliminary Statement and General Objections,

7  all of which are incorporated in each of the following objections and responses to

8  specific Interrogatories.

9

10                 **RESPONSES TO INTERROGATORIES**

11

12  INTERROGATORY NO. 1:

13        IDENTIFY by bates number all DOCUMENTS that contain the trade

14  secrets YOU claim were misappropriated by MGA and IDENTIFY with

15  particularity on a document-by-document basis the information contained within

16  each such DOCUMENT that YOU claim constitutes the trade secrets that were

17  misappropriated by MGA.

18

19  RESPONSE TO INTERROGATORY NO. 1:

20        In addition to the general objections stated above, Mattel specifically

21  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

22  overbroad, including in that it purports to require Mattel to summarize all facts on

23  these subjects, despite defendants' own refusals to answer interrogatories with the

24  same or comparable language and in conflict with the Court's Orders of February

25  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

26  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

27  that it calls for the disclosure of information subject to the attorney-client privilege,

28  the attorney work-product doctrine and other applicable privileges.  Mattel further

-3-

EXHIBIT U
PAGE 1094

1  objects to this Interrogatory on the grounds that it calls for the disclosure of

2  confidential and/or proprietary information, which Mattel will disclose only subject

3  to and in reliance upon the operative protective order.  Mattel further objects to this

4  Interrogatory as compound and seeks to require Mattel to separately and discretely

5  "IDENTIFY with particularity *on a document-by-document basis* the information

6  contained within each such DOCUMENT that YOU claim constitutes the trade

7  secrets that were misappropriated by MGA."  As such, the interrogatory is

8  impermissibly compound and causes the total number of interrogatories served

9  during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil

10  Procedure and the Court.  In addition, Mattel objects that this interrogatory is unduly

11  burdensome and oppressive in that it is an impermissible attempt to exceed the

12  number of interrogatories propounded on behalf of Defendant MGA.

13

14  INTERROGATORY NO. 2:

15          State all facts, on a document-by-document basis by bates number,

16  which support your contention that MGA obtained through improper means any

17  MATTEL DOCUMENT containing MATTEL trade secrets identified in response to

18  Request No. 1, above, and IDENTIFY all PERSONS with knowledge of such facts

19  and all DOCUMENTS that REFER OR RELATE to such facts.

20

21  RESPONSE TO INTERROGATORY NO. 2:

22          In addition to the general objections stated above, Mattel specifically

23  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

24  overbroad, including in that it purports to require Mattel to summarize all facts on

25  these subjects, despite defendants' own refusals to answer interrogatories with the

26  same or comparable language and in conflict with the Court's Orders of February

27  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

28  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

07975/3074039.1

-4-

EXHIBIT U
PAGE 1095

1  that it calls for the disclosure of information subject to the attorney-client privilege,

2  the attorney work-product doctrine and other applicable privileges.  Mattel further

3  objects to this Interrogatory on the grounds that it calls for the disclosure of

4  confidential and/or proprietary information, which Mattel will disclose only subject

5  to and in reliance upon the operative protective order.  Mattel further objects to this

6  Interrogatory as compound and seeks to require Mattel to separately and discretely

7  "state all facts *on a document-by-document basis* by bates number, which support

8  your contention that MGA obtained through improper means any MATTEL

9  DOCUMENT containing MATTEL trade secrets identified in response to Request

10  No. 1, above."  As such, the interrogatory is impermissibly compound and causes

11  the total number of interrogatories served during Phase 2 discovery to exceed the

12  limits set by the Federal Rules of Civil Procedure and the Court.  In addition, Mattel

13  objects that this interrogatory is unduly burdensome and oppressive in that it is an

14  impermissible attempt to exceed the number of interrogatories propounded on behalf

15  of Defendant MGA.

16

17

18  INTERROGATORY NO. 3:

19        State all facts, on a document-by-document basis by bates number,

20  which support YOUR contention that MGA used or disclosed without the consent of

21  MATTEL any of the MATTEL trade secrets identified in response to Request No. 1,

22  above, and IDENTIFY all PERSONS with knowledge of such facts and all

23  DOCUMENTS that REFER OR RELATE to such facts.

24

25  RESPONSE TO INTERROGATORY NO. 3:

26        In addition to the general objections stated above, Mattel specifically

27  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

28  overbroad, including in that it purports to require Mattel to summarize all facts on

1  these subjects, despite defendants' own refusals to answer interrogatories with the

2  same or comparable language and in conflict with the Court's Orders of February

3  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

4  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

5  that it calls for the disclosure of information subject to the attorney-client privilege,

6  the attorney work-product doctrine and other applicable privileges.  Mattel further

7  objects to this Interrogatory on the grounds that it calls for the disclosure of

8  confidential and/or proprietary information, which Mattel will disclose only subject

9  to and in reliance upon the operative protective order.  Mattel further objects to this

10 Interrogatory as compound and seeks to require Mattel to separately and discretely

11 "state all facts *on a document-by-document basis* by bates number, which support

12 YOUR contention that MGA used or disclosed without the consent of MATTEL any

13 of the MATTEL trade secrets identified in response to Request No. 1, above."  As

14 such, the interrogatory is impermissibly compound and causes the total number of

15 interrogatories served during Phase 2 discovery to exceed the limits set by the

16 Federal Rules of Civil Procedure and the Court.  In addition, Mattel objects that this

17 interrogatory is unduly burdensome and oppressive in that it is an impermissible

18 attempt to exceed the number of interrogatories propounded on behalf of Defendant

19 MGA.

20

21 INTERROGATORY NO. 4:

22          State all facts, on a document-by-document basis by bates number,

23 which support YOUR contention that MGA acquired any of the MATTEL trade

24 secrets identified in response to Request No. 1 above, from a person that MGA

25 knew or had reason to know that the trade secret was acquired by improper means,

26 and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS

27 that REFER OR RELATE to such facts.

28

EXHIBIT U
PAGE 1097

1  <u>RESPONSE TO INTERROGATORY NO. 4:</u>

2           In addition to the general objections stated above, Mattel specifically

3  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

4  overbroad, including in that it purports to require Mattel to summarize all facts on

5  these subjects, despite defendants' own refusals to answer interrogatories with the

6  same or comparable language and in conflict with the Court's Orders of February

7  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

8  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

9  that it calls for the disclosure of information subject to the attorney-client privilege,

10  the attorney work-product doctrine and other applicable privileges.  Mattel further

11  objects to this Interrogatory on the grounds that it calls for the disclosure of

12  confidential and/or proprietary information, which Mattel will disclose only subject

13  to and in reliance upon the operative protective order.  Mattel further objects to this

14  Interrogatory as compound and seeks to require Mattel to separately and discretely

15  "state all facts *on a document-by-document basis* by bates number, which support

16  your contention that MGA acquired any of the MATTEL trade secrets identified in

17  response to Request No. 1 above, from a person that MGA knew or had reason to

18  know that the trade secret was acquired by improper means."  As such, the

19  interrogatory is impermissibly compound and causes the total number of

20  interrogatories served during Phase 2 discovery to exceed the limits set by the

21  Federal Rules of Civil Procedure and the Court.  In addition, Mattel objects that this

22  interrogatory is unduly burdensome and oppressive in that it is an impermissible

23  attempt to exceed the number of interrogatories propounded on behalf of Defendant

24  MGA.

25

26  <u>INTERROGATORY NO. 5:</u>

27           State all facts, on a document-by-document basis by bates number,

28  which support YOUR contention that the trade secrets identified in response to

EXHIBIT U
PAGE 1098

1 Request No. 1, above, derived independent economic value from not being generally
2 known to the public or other persons who can obtain economic value from its
3 disclosure or use, and IDENTIFY all PERSONS with knowledge of such facts and
4 all DOCUMENTS that REFER OR RELATE to such facts.

5

6 RESPONSE TO INTERROGATORY NO. 5:

7         In addition to the general objections stated above, Mattel specifically
8 objects to this Interrogatory on the grounds that it is unreasonably burdensome,
9 overbroad, including in that it purports to require Mattel to summarize all facts on
10 these subjects, despite defendants' own refusals to answer interrogatories with the
11 same or comparable language and in conflict with the Court's Orders of February
12 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all
13 facts on these subjects.  Mattel further objects to this Interrogatory on the grounds
14 that it calls for the disclosure of information subject to the attorney-client privilege,
15 the attorney work-product doctrine and other applicable privileges.  Mattel further
16 objects to this Interrogatory on the grounds that it calls for the disclosure of
17 confidential and/or proprietary information, which Mattel will disclose only subject
18 to and in reliance upon the operative protective order.  Mattel further objects to this
19 Interrogatory as compound and seeks to require Mattel to separately and discretely
20 "state all facts *on a document-by-document basis* by bates number, which support
21 your contention that the trade secrets identified in response to Request No. 1, above,
22 derived independent economic value from not being generally known to the public
23 or other persons who can obtain economic value from its disclosure or use."  As
24 such, the interrogatory is impermissibly compound and causes the total number of
25 interrogatories served during Phase 2 discovery to exceed the limits set by the
26 Federal Rules of Civil Procedure and the Court.  In addition, Mattel objects that this
27 interrogatory is unduly burdensome and oppressive in that it is an impermissible
28

1  attempt to exceed the number of interrogatories propounded on behalf of Defendant

2  MGA.

3

4  INTERROGATORY NO. 6:

5      State all facts on a document-by-document basis by bates number,

6  which support YOUR contention that the trade secrets identified in responses to

7  Request No. 1, above, was not known to the public or to PERSONS who can obtain

8  economic value from its disclosure or use, and IDENTIFY all PERSONS with

9  knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such

10  facts.

11

12  RESPONSE TO INTERROGATORY NO. 6:

13      In addition to the general objections stated above, Mattel specifically

14  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

15  overbroad, including in that it purports to require Mattel to summarize all facts on

16  these subjects, despite defendants' own refusals to answer interrogatories with the

17  same or comparable language and in conflict with the Court's Orders of February

18  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

19  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

20  that it calls for the disclosure of information subject to the attorney-client privilege,

21  the attorney work-product doctrine and other applicable privileges.  Mattel further

22  objects to this Interrogatory on the grounds that it calls for the disclosure of

23  confidential and/or proprietary information, which Mattel will disclose only subject

24  to and in reliance upon the operative protective order.  Mattel further objects to this

25  Interrogatory as compound and seeks to require Mattel to separately and discretely

26  "state all facts *on a document-by-document basis* by bates number, which support

27  your contention that the trade secrets identified in responses to Request No. 1,

28  above, was not known to the public or to PERSONS who can obtain economic value

EXHIBIT U
PAGE 1100

1   from its disclosure or use." As such, the interrogatory is impermissibly compound

2   and causes the total number of interrogatories served during Phase 2 discovery to

3   exceed the limits set by the Federal Rules of Civil Procedure and the Court. In

4   addition, Mattel objects that this interrogatory is unduly burdensome and oppressive

5   in that it is an impermissible attempt to exceed the number of interrogatories

6   propounded on behalf of Defendant MGA.

7

8   INTERROGATORY NO. 7:

9         State all facts, on a document-by-document basis by bates number, that

10  support YOUR contention that the trade secrets identified in response to Request

11  No. 1, above, were the subject of efforts that are reasonable under the circumstances

12  to maintain its secrecy, and IDENTIFY all PERSONS with knowledge of such facts

13  and all DOCUMENTS that REFER OR RELATE to such facts.

14

15  RESPONSE TO INTERROGATORY NO. 7:

16        In addition to the general objections stated above, Mattel specifically

17  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

18  overbroad, including in that it purports to require Mattel to summarize all facts on

19  these subjects, despite defendants' own refusals to answer interrogatories with the

20  same or comparable language and in conflict with the Court's Orders of February

21  15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

22  facts on these subjects. Mattel further objects to this Interrogatory on the grounds

23  that it calls for the disclosure of information subject to the attorney-client privilege,

24  the attorney work-product doctrine and other applicable privileges. Mattel further

25  objects to this Interrogatory on the grounds that it calls for the disclosure of

26  confidential and/or proprietary information, which Mattel will disclose only subject

27  to and in reliance upon the operative protective order. Mattel further objects to this

28  Interrogatory as compound and seeks to require Mattel to separately and discretely

1   "state all facts *on a document-by-document basis* by bates number, which support

2   your contention that the trade secrets identified in responses to Request No. 1,

3   above, were the subject of efforts that are reasonable under the circumstances to

4   maintain its secrecy."  As such, the interrogatory is impermissibly compound and

5   causes the total number of interrogatories served during Phase 2 discovery to exceed

6   the limits set by the Federal Rules of Civil Procedure and the Court.  In addition,

7   Mattel objects that this interrogatory is unduly burdensome and oppressive in that it

8   is an impermissible attempt to exceed the number of interrogatories propounded on

9   behalf of Defendant MGA.

10

11   INTERROGATORY NO. 8:

12          State all facts regarding MGAE de Mexico, S.R.L. de C.V.'s

13   conducting or participating, directly or indirectly, in the conduct of the affairs of a

14   RICO enterprise through a pattern of racketeering activity (as alleged in the

15   Counterclaims of the TAAC).

16

17   RESPONSE TO INTERROGATORY NO. 8:

18          In addition to the general objections stated above, Mattel specifically

19   objects to this Interrogatory on the grounds that it is unreasonably burdensome,

20   overbroad, including in that it purports to require Mattel to summarize all facts on

21   this subject, despite defendants' own refusals to answer interrogatories with the

22   same or comparable language and in conflict with the Court's Orders of February

23   15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

24   facts on this subject.  Mattel further objects to this interrogatory as vague and

25   ambiguous, including as to time.  Mattel further objects to this Interrogatory on the

26   grounds that it calls for the disclosure of information subject to the attorney-client

27   privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

28   further objects to this Interrogatory on the grounds that it calls for the disclosure of

07975/3074039.1

-11-

EXHIBIT U
PAGE 1102

1  confidential and/or proprietary information, which Mattel will disclose only subject

2  to and in reliance upon the operative protective order.  Mattel further objects to this

3  Interrogatory as the interrogatory, combined with the compound interrogatories

4  propounded together with it, causes the total number of interrogatories served during

5  Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure

6  and the Court.

7

8

9  INTERROGATORY NO. 9:

10         IDENTIFY all communications since January 1, 2001, between

11  MATTEL and government entities (federal, state or local, domestic or foreign)

12  regarding alleged misconduct by MGA (or its subsidiaries, affiliates, agents, or

13  employees), and/or alleged misconduct by former MATTEL employees who worked

14  for MGA, including but not limited to the predicate acts and patterns of racketeering

15  alleged in the Second and Third Counterclaims of the TAAC.

16

17  RESPONSE TO INTERROGATORY NO. 9:

18         In addition to the general objections stated above, Mattel specifically

19  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

20  overbroad, including in that it purports to require Mattel to summarize all facts on

21  this subject, despite defendants' own refusals to answer interrogatories with the

22  same or comparable language and in conflict with the Court's Orders of February

23  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

24  facts on this subject.  Mattel further objects to this interrogatory as vague and

25  ambiguous, including as to time.  Mattel further objects to this Interrogatory on the

26  grounds that it calls for the disclosure of information subject to the attorney-client

27  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

28  further objects to this Interrogatory on the grounds that it calls for the disclosure of

EXHIBIT U
PAGE 1103

1  confidential and/or proprietary information, which Mattel will disclose only subject

2  to and in reliance upon the operative protective order.  Mattel further objects to this

3  Interrogatory as the interrogatory, combined with the compound interrogatories

4  propounded together with it, causes the total number of interrogatories served during

5  Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure

6  and the Court.  In addition, Mattel objects that this interrogatory is unduly

7  burdensome and oppressive in that it is an impermissible attempt to exceed the

8  number of interrogatories propounded on behalf of Defendant MGA.

9

10  INTERROGATORY NO. 10:

11         With respect to the allegation in paragraphs 44 – 61 of the

12  Counterclaims of the TAAC, that the defendants stole MATTEL trade secrets in

13  Mexico, state all facts regarding:

14         (a)    every RICO predicate act committed through that conduct;

15         (b)    which PERSONS employed by or associated with which RICO

16  enterprises committed those predicate acts;

17         (c)    the injuries to MATTEL's business or property proximately

18  caused by those predicate acts;

19         (d)    how MATTEL has calculated or estimated the dollar value of

20  those injuries (and if it has not, why not); and

21         (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

22  the information requested in this Interrogatory.

23

24  RESPONSE TO INTERROGATORY NO. 10:

25         In addition to the general objections stated above, Mattel specifically

26  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

27  overbroad, including in that it purports to require Mattel to summarize all facts on

28  these subjects, despite defendants' own refusals to answer interrogatories with the

07975/3074039.1

-13-
MATTEL'S RESPONSES TO MGAE DE MEXICO'S INTERROGATORY NOS. 1-11

1  same or comparable language and in conflict with the Court's Orders of February

2  15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

3  facts on these subjects. Mattel further objects to this Interrogatory on the grounds

4  that it calls for the disclosure of information subject to the attorney-client privilege,

5  the attorney work-product doctrine and other applicable privileges. Mattel further

6  objects to this Interrogatory on the grounds that it calls for the disclosure of

7  confidential and/or proprietary information, which Mattel will disclose only subject

8  to and in reliance upon the operative protective order. Mattel further objects to this

9  Interrogatory as compound and seeks to require Mattel to provide separate discrete

10  responses as to "every RICO predicate act committed through that conduct." As

11  such, the interrogatory is impermissibly compound and causes the total number of

12  interrogatories served during Phase 2 discovery to exceed the limits set by the

13  Federal Rules of Civil Procedure and the Court.

14

15  INTERROGATORY NO. 11:

16        As to each allegation upon information and belief as alleged in the

17  Counterclaims of the TAAC, state all facts regarding the sources of the information

18  alleged, when the information was acquired from each source, and all inferences or

19  conclusions you have drawn that support the stated belief.

20

21  RESPONSE TO INTERROGATORY NO. 11:

22        In addition to the general objections stated above, Mattel specifically

23  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

24  overbroad, including in that it purports to require Mattel to summarize all facts on

25  these subjects, despite defendants' own refusals to answer interrogatories with the

26  same or comparable language and in conflict with the Court's Orders of February

27  15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

28  facts on these subjects. Mattel further objects to this Interrogatory on the grounds

07975/3074039.1

-14-

EXHIBIT U
PAGE 1105

1  that it calls for the disclosure of information subject to the attorney-client privilege,

2  the attorney work-product doctrine and other applicable privileges.  Mattel further

3  objects to this Interrogatory on the grounds that it calls for the disclosure of

4  confidential and/or proprietary information, which Mattel will disclose only subject

5  to and in reliance upon the operative protective order.  Mattel further objects to this

6  Interrogatory as compound and seeks to require Mattel to provide separate discrete

7  responses as to "each allegation upon information and belief as alleged in the

8  Counterclaims of the TAAC."  As such, the interrogatory is impermissibly

9  compound and causes the total number of interrogatories served during Phase 2

10  discovery to exceed the limits set by the Federal Rules of Civil Procedure and the

11  Court.  In addition, Mattel objects that this interrogatory is unduly burdensome and

12  oppressive in that it is an impermissible attempt to exceed the number of

13  interrogatories propounded on behalf of Defendants other than MGAE.

16  DATED: August 28, 2009

QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP


By  _Marshall Searcy /cm_
    Marshall M. Searcy III
    Attorneys for Mattel, Inc.

**EXHIBIT U
PAGE 1106**

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
6   Facsimile:  (213) 443-3100

7   Attorneys for Mattel, Inc.

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                       EASTERN DIVISION

11  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

12            Plaintiff,                    Consolidated with
                                            Case No. CV 04-09059
13        vs.                               Case No. CV 05-02727

14  MATTEL, INC., a Delaware               Hon. Stephen G. Larson
15  corporation,
                                           **PROOF OF SERVICE**
16            Defendant.

17                                         **Phase 2**
                                           Discovery Cut-off:  December 11, 2009
18                                         Pre-trial Conference:  March 1, 2010
                                           Trial Date:  March 23, 2010
19

20

21

22

23

24

25

26

27

28

07975/3073675.1

EXHIBIT U
PAGE 1107

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On August 28, 2009, I served true copies of the following document(s) described as on the parties in this action as follows: **MATTEL'S RESPONSES TO MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25; MATTEL'S RESPONSES TO MGAE DE MEXICO'S INTERROGATORY NOS. 1-11**

on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>   Thomas J. Nolan, Esq.<br>   Jason Russell, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071<br>   tnolan@skadden.com<br>   jrussell@skadden.com | **Attorneys for** *the MGA Parties* |
| Orrick, Herrington & Sutcliffe, LLP<br>   William A. Molinski, Esq.<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, CA 90017<br>   wmolinski@orrick.com | **Attorneys for** *the MGA Parties* |

**BY ELECTRONIC MAIL TRANSMISSION:**  By electronic mail transmission from debbieyeh@quinnemanuel.com on August 28, 2009, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es).  The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 28, 2009, at Los Angeles, California.

EXHIBIT U
PAGE 1108

1

2

3

Debbie Yeh

4        **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the

5    office of the person(s) being served.

6        I declare under penalty of perjury under the laws of the State of California

7    that the foregoing is true and correct.

8

9                                By /s/ Pedro Miranda

10                                   Pedro Miranda
                                    Apex Attorney Service

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT U
PAGE 1109

| | |
|---|---|
| Bingham McCutchen LLP<br>   Todd E. Gordinier, Esq.<br>   Peter N. Villar, Esq.<br>600 Anton Boulevard, 18th Floor<br>Costa Mesa, CA 92626-1924<br>   todd.gordinier@bingham.com<br>   peter.villar@bingham.com | **Attorneys for** *the Omni 808 Investors, LLC* |
| Orrick, Herrington & Sutcliffe, LLP<br>   Melinda Haag, Esq.<br>   Annette L. Hurst, Esq.<br>   Warrington S. Parker III, Esq.<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>   mhaag@orrick.com<br>   ahurst@orrick.com<br>   wparker@orrick.com | **Attorneys for** *the MGA Parties* |
| Scheper, Kim & Overland, LLP<br>   Mark E. Overland, Esq.<br>   Alexander H. Cote, Esq.<br>601 West Fifth Street, 12th Floor<br>Los Angeles, CA 90071<br>   moverland@obsklaw.com<br>   acote@obsklaw.com | **Attorneys for** *Carlos Gustavo Machado Gomez* |

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from debbieyeh@quinnemanuel.com on August 28, 2009, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

1    I declare under penalty of perjury under the laws of the State of California

2   that the foregoing is true and correct.

3    Executed on August 28, 2009, at Los Angeles, California.

Debbie Yeh

EXHIBIT U
PAGE 1111

# EXHIBIT

# V

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

12  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

13           Plaintiff,                   Consolidated with
                                          Case No. CV 04-09059
14      vs.                               Case No. CV 05-02727

15  MATTEL, INC., a Delaware             Hon. Stephen G. Larson
    corporation,
16                                        **MATTEL'S RESPONSES TO MGA**
             Defendant.                   **ENTERTAINMENT (HK)**
17                                        **LIMITED'S**
                                          **INTERROGATORY NOS. 1-25**
18  AND CONSOLIDATED ACTIONS

19

20  PROPOUNDING PARTY:    MGA ENTERTAINMENT (HK) LIMITED

21  RESPONDING PARTY:     MATTEL, INC.

22  SET NO.:              NOS. 1-25

23

24

25

26

27

28

07975/3073735.1

## Preliminary Statement

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not completed discovery from the MGA Parties or any third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement these responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts or documents discovered or generated pursuant to subsequent investigation or discovery. Mattel's response to any of Defendant's Second Set of Interrogatories (the "Interrogatories") is not to be construed as a waiver of any of its objections or its right to object to any other discovery request.

## General Objections

Mattel generally objects to each of the Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to each and every individual Interrogatory:

1.      Mattel objects to the Interrogatories on the grounds that they seek to impose obligations upon Mattel beyond those imposed by the Federal Rules of Civil Procedure.

2.      Mattel objects to the Interrogatories on the grounds and to the extent that they call for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, including the privilege against disclosure of the identities and work product of consulting experts. Such information and documents will not be produced.

3.      Mattel objects to the Interrogatories on the grounds that they call for production or disclosure of confidential, proprietary and/or private information.

07975/3073735.1

**EXHIBIT V**
**PAGE 1113**

1    Such information and documents will not be disclosed or produced except pursuant
2    to and in reliance upon the operative protective order.

3         4.    Mattel objects to the Interrogatories on the grounds that they
4    seek the disclosure of information or documents that are in the possession, custody
5    and control of independent parties over whom Mattel has no control, including
6    defendants, or are publicly available and hence equally available to all parties to this
7    litigation.

8         5.    Mattel objects to the Interrogatories on the grounds and to the
9    extent that they call for information that is neither relevant to the claims or defenses
10   in the pending action nor reasonably calculated to lead to the discovery of
11   admissible evidence.

12        6.    Mattel objects to the Interrogatories on the grounds that they are
13   unduly burdensome, compound and oppressive, including in that they (1) purport to
14   require Mattel to identify all facts—which Defendants have refused to do—and in
15   conflict with the Court's Orders of February 15, 2008, February 20, 2008, and
16   March 31, 2009, and (2) that they relate to multiple claims and discrete issues.

17        7.    Mattel further objects to the Interrogatories on the grounds and to
18   the extent that they purport to circumvent the expert disclosure provisions of the
19   Federal and Local Rules.  Such disclosures will be made in accordance with the
20   requirements of, and at the times specified by, the Court's Orders and the Rules.

21        8.    Mattel objects to the Interrogatories on the grounds and to the
22   extent that they seek the disclosure of information or documents in violation of the
23   terms of agreements or protective orders entered into with third parties, or in
24   violation of the privacy, contractual, or other rights of third parties.

25        9.    Mattel objects to the Interrogatories on the grounds that they are
26   overbroad and vague and ambiguous, including with respect to the defined terms
27   "IDENTIFY," and "COMMUNICATION."

28

07975/3073735.1

-3-

1        10.    Mattel objects to the Interrogatories on the grounds that they

2    exceed the number of interrogatories allowed per side and, therefore, are contrary to

3    the Court's and the previous Discovery Master's rulings in this case.

4        **Specific and General Responses**

5        Each of the following objections and responses to the Interrogatories is

6    expressly made subject to the above Preliminary Statement and General Objections,

7    all of which are incorporated in each of the following objections and responses to

8    specific Interrogatories.

9        **RESPONSES TO INTERROGATORIES**

10

11   INTERROGATORY NO. 1:

12       As to each occasion on which Mattel contends a RICO predicate was

13   committed as alleged in the Second and Third Counterclaims of the TAAC:

14       (a)    IDENTIFY the RICO predicate act (by statute) and state all facts

15   regarding the acts and omissions establishing that RICO predicate act. (If you

16   contend the same acts and omissions established the commission of more than one

17   RICO predicate act, IDENTIFY all of those RICO predicate acts.);

18       (b)    IDENTIFY which PERSONS employed by or associated with

19   which RICO enterprise(s) committed that RICO predicate act;

20       (c)    state all facts which you contend demonstrate that Isaac Larian

21   knew of, participated in, or directed the commission of that RICO predicate act;

22       (d)    state all facts regarding how that RICO predicate act proximately

23   caused injury(s) to Mattel's business or property;

24       (e)    state all facts regarding how Mattel has calculated or estimated

25   the monetary damages for each type of injury to its business or property proximately

26   caused by that RICO predicate act (and if it has not, why not); and

27       (f)    IDENTIFY all PERSONS Mattel believes have knowledge of the

28   information requested in this Interrogatory.

RESPONSE TO INTERROGATORY NO. 1:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on these subjects. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete responses as "to each occasion on which Mattel contends a RICO predicate was committed." As such, the interrogatory is impermissibly compound and causes the total number of interrogatories served by this party in Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court. Mattel further objects to subsection (c) of the interrogatory as an impermissible attempt to circumvent the limits on interrogatories that may be served in Phase 2 discovery.

INTERROGATORY NO. 2:

State all facts regarding Isaac Larian's conducting or participating, directly or indirectly, in the conduct of the affairs of a RICO enterprise through a pattern of racketeering activity (as alleged in the Counterclaims of the TAAC).

RESPONSE TO INTERROGATORY NO. 2:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on this subject, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on this subject. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as it is an impermissible attempt to circumvent the limits on interrogatories that may be served during Phase 2 discovery.

INTERROGATORY NO. 3:

State all facts regarding MGA Entertainment (HK) Limited's conducting or participating, directly or indirectly, in the conduct of the affairs of a RICO enterprise through a pattern of racketeering activity (as alleged in the Counterclaims of the TAAC).

RESPONSE TO INTERROGATORY NO. 3:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on this subject, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February

1  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

2  facts on this subject.  Mattel further objects to this interrogatory as vague and

3  ambiguous, including as to time.  Mattel further objects to this Interrogatory on the

4  grounds that it calls for the disclosure of information subject to the attorney-client

5  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

6  further objects to this Interrogatory on the grounds that it calls for the disclosure of

7  confidential and/or proprietary information, which Mattel will disclose only subject

8  to and in reliance upon the operative protective order.  Mattel further objects to this

9  Interrogatory as the interrogatory, combined with the compound interrogatories

10  propounded together with it, causes the total number of interrogatories served during

11  Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure

12  and the Court.

13

14  <u>INTERROGATORY NO. 4:</u>

15       As to each injury to its business or property which MATTEL claims

16  was proximately caused by the actions and/or omissions alleged in the Second and

17  Third Counterclaims of the TAAC:

18       (a)    state all facts regarding the precise nature and type of that injury;

19       (b)    state all facts regarding the RICO predicate act(s) and/or pattern

20  of racketeering that proximately caused that injury;

21       (c)    IDENTIFY which PERSONS employed by or associated with

22  which RICO enterprises committed the RICO predicate act(s) and/or pattern of

23  racketeering that proximately caused that injury;

24       (d)    state all facts regarding how MATTEL has calculated or

25  estimated the monetary damages for that injury (and if it has not, why not); and

26       (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

27  the information requested in this Interrogatory.

28

RESPONSE TO INTERROGATORY NO. 4:

      In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on these subjects. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete responses as "to each injury to its business or property which MATTEL claims was proximately caused by the actions and/or omissions alleged in the Second and Third Counterclaims of the TAAC." As such, the interrogatory is impermissibly compound and causes the total number of interrogatories served during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court.

INTERROGATORY NO. 5:

      As to each separate scheme or artifice to defraud underlying the Second Counterclaim's allegations of mail and/or wire fraud (see, e.g., ¶¶ 137-39, 141(a),(b)), state all facts regarding:

      (a)    the duration and goals of the scheme or artifice to defraud;

      (b)    which PERSONS employed by or associated with which RICO enterprises committed the mail and/or wire fraud;

EXHIBIT V
PAGE 1119

1        (c)    to whom the scheme or artifice to defraud was directed;

2        (d)    the uses of the mails and/or wires that furthered the fraud;

3        (e)    the injuries to MATTEL's business or property proximately

4 caused by the scheme or artifice to defraud;

5        (f)    how MATTEL has calculated or estimated the dollar value of

6 those injuries to MATTEL's business or property (and if it has not, why not); and

7        (g)    IDENTIFY all PERSONS MATTEL believes have knowledge of

8 the information requested in this Interrogatory.

9

10 <u>RESPONSE TO INTERROGATORY NO. 5:</u>

11        In addition to the general objections stated above, Mattel specifically

12 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

13 overbroad, including in that it purports to require Mattel to summarize all facts on

14 these subjects, despite defendants' own refusals to answer interrogatories with the

15 same or comparable language and in conflict with the Court's Orders of February

16 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

17 facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

18 that it calls for the disclosure of information subject to the attorney-client privilege,

19 the attorney work-product doctrine and other applicable privileges.  Mattel further

20 objects to this Interrogatory on the grounds that it calls for the disclosure of

21 confidential and/or proprietary information, which Mattel will disclose only subject

22 to and in reliance upon the operative protective order.  Mattel further objects to this

23 Interrogatory as compound and seeks to require Mattel to provide separate discrete

24 responses as "to each separate scheme or artifice to defraud underlying the Second

25 Counterclaim's allegations of mail and/or wire fraud."  As such, the interrogatory is

26 impermissibly compound and causes the total number of interrogatories served

27 during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil

28 Procedure and the Court.

1    <u>INTERROGATORY NO. 6:</u>

2           As to each misrepresentation or concealment underlying the Second

3    Counterclaim's allegations of mail and/or wire fraud (see, e.g., ¶¶ 137-39,

4    141(a),(b)), state all facts regarding:

5           (a)    the duration and goals of the mail and/or wire fraud based on that

6    misrepresentation or concealment;

7           (b)    which PERSONS employed by or associated with which RICO

8    enterprises committed that mail and/or wire fraud;

9           (c)    what facts or information were misrepresented or concealed;

10          (d)    when the facts or information were misrepresented or concealed;

11          (e)    who misrepresented or concealed the facts or information;

12          (f)    the factual and legal basis of the duties, if any, to disclose the

13   facts or information;

14          (g)    to whom the misrepresentation or concealment was directed;

15          (h)    who, if anyone, relied upon the misrepresentation or

16   concealment;

17          (i)    the uses of the mails and/or wires that furthered the mail and/or

18   wire fraud based on that misrepresentation or concealment;

19          (j)    the injuries to MATTEL's business or property proximately

20   caused by the misrepresentation or concealment and/or the mail and/or wire fraud

21   based on that misrepresentation or concealment;

22          (k)    how MATTEL has calculated or estimated the dollar value of

23   those injuries to MATTEL's business or property (and if it has not, why not); and

24          (l)    IDENTIFY all PERSONS MATTEL believes have knowledge of

25   the information requested in this Interrogatory.

26

27

28

07975/3073735.1

EXHIBIT V
PAGE 1121

RESPONSE TO INTERROGATORY NO. 6:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on these subjects. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete responses as "to each misrepresentation or concealment underlying the Second Counterclaim's allegations of mail and/or wire fraud." As such, the interrogatory is impermissibly compound and causes the total number of interrogatories served during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court.

INTERROGATORY NO. 7:

As to each RICO enterprise alleged in the Counterclaims of the TAAC, state all facts regarding:

(a)     the purposes and goals of the enterprise;

(b)     the RICO predicate acts committed by the enterprise;

(c)     the duration of the enterprise; and

(d)     IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

RESPONSE TO INTERROGATORY NO. 7:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on these subjects. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete responses as "to each RICO enterprise alleged in the Counterclaims of the TAAC." As such, the interrogatory is impermissibly compound and causes the total number of interrogatories served during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court.

INTERROGATORY NO. 8:

As to each RICO conspiracy alleged in the Third Counterclaim of the TAAC, state all facts regarding:

    (a)    the co-conspirators of the conspiracy;

    (b)    the purposes and goals of the conspiracy;

    (c)    the overt acts committed in furtherance of the conspiracy;

    (d)    when and how the co-conspirators demonstrated their agreement to join the conspiracy; and

1        (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

2  the information requested in this Interrogatory.

3

4  <u>RESPONSE TO INTERROGATORY NO. 8:</u>

5        In addition to the general objections stated above, Mattel specifically

6  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

7  overbroad, including in that it purports to require Mattel to summarize all facts on

8  these subjects, despite defendants' own refusals to answer interrogatories with the

9  same or comparable language and in conflict with the Court's Orders of February

10  15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

11  facts on these subjects. Mattel further objects to this Interrogatory on the grounds

12  that it calls for the disclosure of information subject to the attorney-client privilege,

13  the attorney work-product doctrine and other applicable privileges. Mattel further

14  objects to this Interrogatory on the grounds that it calls for the disclosure of

15  confidential and/or proprietary information, which Mattel will disclose only subject

16  to and in reliance upon the operative protective order. Mattel further objects to this

17  Interrogatory as compound and seeks to require Mattel to provide separate discrete

18  responses as "to each RICO conspiracy alleged in the Third Counterclaim of the

19  TAAC." As such, the interrogatory is impermissibly compound and causes the total

20  number of interrogatories served during Phase 2 discovery to exceed the limits set

21  by the Federal Rules of Civil Procedure and the Court.

22

23  <u>INTERROGATORY NO. 9:</u>

24        IDENTIFY each PERSON that aided and abetted a predicate act

25  committed against MATTEL (as alleged in the Counterclaims of the TAAC, e.g., ¶¶

26  141, 151), and IDENTIFY:

27        (a)    the predicate act that person aided and abetted;

28        (b)    the perpetrators whom that person aided and abetted;

-13-

EXHIBIT V
PAGE 1124

1   responses as to "every RICO predicate act committed through that conduct."  As

2   such, the interrogatory is impermissibly compound and causes the total number of

3   interrogatories served during Phase 2 discovery to exceed the limits set by the

4   Federal Rules of Civil Procedure and the Court.

5

6   INTERROGATORY NO. 11:

7          With respect to the allegation in paragraphs 44- 61 of the

8   Counterclaims of the TAAC, that the defendants stole MATTEL trade secrets in

9   Mexico, state all facts regarding:

10         (a)     every RICO predicate act committed through that conduct;

11         (b)     which PERSONS employed by or associated with which RICO

12   enterprises committed those predicate acts;

13         (c)     the injuries to MATTEL's business or property proximately

14   caused by those predicate acts;

15         (d)     how MATTEL has calculated or estimated the dollar value of

16   those injuries (and if it has not, why not); and

17         (e)     IDENTIFY all PERSONS MATTEL believes have knowledge of

18   the information requested in this Interrogatory.

19

20   RESPONSE TO INTERROGATORY NO. 11:

21         In addition to the general objections stated above, Mattel specifically

22   objects to this Interrogatory on the grounds that it is unreasonably burdensome,

23   overbroad, including in that it purports to require Mattel to summarize all facts on

24   these subjects, despite defendants' own refusals to answer interrogatories with the

25   same or comparable language and in conflict with the Court's Orders of February

26   15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

27   facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

28   that it calls for the disclosure of information subject to the attorney-client privilege,

EXHIBIT V
PAGE 1127

1         (c)    the acts or omissions that constituted the aiding and abetting by

2 that person; and

3         (d)    IDENTIFY all PERSONS MATTEL believes have knowledge of

4 the information requested in this Interrogatory

5

6 <u>RESPONSE TO INTERROGATORY NO. 9</u>:

7        In addition to the general objections stated above, Mattel specifically

8 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

9 overbroad, including in that it purports to require Mattel to summarize all facts on

10 these subjects, despite defendants' own refusals to answer interrogatories with the

11 same or comparable language and in conflict with the Court's Orders of February

12 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

13 facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

14 that it calls for the disclosure of information subject to the attorney-client privilege,

15 the attorney work-product doctrine and other applicable privileges.  Mattel further

16 objects to this Interrogatory on the grounds that it calls for the disclosure of

17 confidential and/or proprietary information, which Mattel will disclose only subject

18 to and in reliance upon the operative protective order.  Mattel further objects to this

19 Interrogatory as compound and seeks to require Mattel to provide separate discrete

20 responses as to "each PERSON that aided and abetted a predicate act committed

21 against MATTEL (as alleged in the Counterclaims of the TAAC."  As such, the

22 interrogatory is impermissibly compound and causes the total number of

23 interrogatories served during Phase 2 discovery to exceed the limits set by the

24 Federal Rules of Civil Procedure and the Court.

25

26

27

28

EXHIBIT V
PAGE 1125

1    INTERROGATORY NO. 10:

2           With respect to the allegation in paragraphs 28 - 43 of the

3    Counterclaims of the TAAC, that the defendants stole a new line of fashion dolls

4    from MATTEL, state all facts regarding:

5           (a)    every RICO predicate act committed through that conduct;

6           (b)    which PERSONS employed by or associated with which RICO

7    enterprises committed those predicate acts;

8           (c)    the injuries to MATTEL's business or property proximately

9    caused by those predicate acts;

10          (d)    how MATTEL has calculated or estimated the dollar value of

11   those injuries (and if it has not, why not); and

12          (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

13   the information requested in this Interrogatory.

14

15   RESPONSE TO INTERROGATORY NO. 10:

16          In addition to the general objections stated above, Mattel specifically

17   objects to this Interrogatory on the grounds that it is unreasonably burdensome,

18   overbroad, including in that it purports to require Mattel to summarize all facts on

19   these subjects, despite defendants' own refusals to answer interrogatories with the

20   same or comparable language and in conflict with the Court's Orders of February

21   15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

22   facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

23   that it calls for the disclosure of information subject to the attorney-client privilege,

24   the attorney work-product doctrine and other applicable privileges.  Mattel further

25   objects to this Interrogatory on the grounds that it calls for the disclosure of

26   confidential and/or proprietary information, which Mattel will disclose only subject

27   to and in reliance upon the operative protective order.  Mattel further objects to this

28   Interrogatory as compound and seeks to require Mattel to provide separate discrete

1   the attorney work-product doctrine and other applicable privileges.  Mattel further

2   objects to this Interrogatory on the grounds that it calls for the disclosure of

3   confidential and/or proprietary information, which Mattel will disclose only subject

4   to and in reliance upon the operative protective order.  Mattel further objects to this

5   Interrogatory as compound and seeks to require Mattel to provide separate discrete

6   responses as to "every RICO predicate act committed through that conduct."  As

7   such, the interrogatory is impermissibly compound and causes the total number of

8   interrogatories served during Phase 2 discovery to exceed the limits set by the

9   Federal Rules of Civil Procedure and the Court.

10

11  INTERROGATORY NO. 12:

12          With respect to the allegation in paragraphs 62 – 76 of the

13  Counterclaims of the TAAC, that the defendants hired Ron Brawer to facilitate the

14  theft and use of MATTEL business methods and practices, state all facts regarding:

15          (a)     every RICO predicate act committed through that conduct;

16          (b)     which PERSONS employed by or associated with which RICO

17  enterprises committed those predicate acts;

18          (c)     the injuries to MATTEL's business or property proximately

19  caused by those predicate acts;

20          (d)     how MATTEL has calculated or estimated the dollar value of

21  those injuries (and if it has not, why not); and

22          (e)     IDENTIFY all PERSONS MATTEL believes have knowledge of

23  the information requested in this Interrogatory.

24

25  RESPONSE TO INTERROGATORY NO. 12:

26          In addition to the general objections stated above, Mattel specifically

27  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

28  overbroad, including in that it purports to require Mattel to summarize all facts on

07975/3073735.1

-17-

EXHIBIT V
PAGE 1128

1 these subjects, despite defendants' own refusals to answer interrogatories with the

2 same or comparable language and in conflict with the Court's Orders of February

3 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

4 facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

5 that it calls for the disclosure of information subject to the attorney-client privilege,

6 the attorney work-product doctrine and other applicable privileges.  Mattel further

7 objects to this Interrogatory on the grounds that it calls for the disclosure of

8 confidential and/or proprietary information, which Mattel will disclose only subject

9 to and in reliance upon the operative protective order.  Mattel further objects to this

10 Interrogatory as compound and seeks to require Mattel to provide separate discrete

11 responses as to "every RICO predicate act committed through that conduct."  As

12 such, the interrogatory is impermissibly compound and causes the total number of

13 interrogatories served during Phase 2 discovery to exceed the limits set by the

14 Federal Rules of Civil Procedure and the Court.

15

16 <u>INTERROGATORY NO. 13:</u>

17 　　　　　　With respect to the allegation in paragraphs 77 – 87 of the

18 Counterclaims of the TAAC, that the defendants hired Jorge Castilla to obtain trade

19 secret and highly confidential information about MATTEL's forecasting and

20 inventory management systems, state all facts regarding:

21 　　　　　　(a)　　every RICO predicate act(s) committed through that conduct;

22 　　　　　　(b)　　which PERSONS employed by or associated with which RICO

23 enterprises committed those predicate acts;

24 　　　　　　(c)　　the injuries to MATTEL's business or property proximately

25 caused by those predicate acts;

26 　　　　　　(d)　　how MATTEL has calculated or estimated the dollar value of

27 those injuries (and if it has not, why not); and

28

1        (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

2    the information requested in this Interrogatory.

3

4    RESPONSE TO INTERROGATORY NO. 13:

5            In addition to the general objections stated above, Mattel specifically

6    objects to this Interrogatory on the grounds that it is unreasonably burdensome,

7    overbroad, including in that it purports to require Mattel to summarize all facts on

8    these subjects, despite defendants' own refusals to answer interrogatories with the

9    same or comparable language and in conflict with the Court's Orders of February

10   15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

11   facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

12   that it calls for the disclosure of information subject to the attorney-client privilege,

13   the attorney work-product doctrine and other applicable privileges.  Mattel further

14   objects to this Interrogatory on the grounds that it calls for the disclosure of

15   confidential and/or proprietary information, which Mattel will disclose only subject

16   to and in reliance upon the operative protective order.  Mattel further objects to this

17   Interrogatory as compound and seeks to require Mattel to provide separate discrete

18   responses as to "every RICO predicate act committed through that conduct."  As

19   such, the interrogatory is impermissibly compound and causes the total number of

20   interrogatories served during Phase 2 discovery to exceed the limits set by the

21   Federal Rules of Civil Procedure and the Court.

22

23   INTERROGATORY NO. 14:

24           With respect to the allegation in paragraphs 88 – 94 of the

25   Counterclaims of the TAAC, that the defendants hired Janine Brisbois and stole

26   trade secrets of MATTEL in Canada, state all facts regarding:

27        (a)    every RICO predicate act committed through that conduct;

28

07975/3073735.1

-19-

EXHIBIT V
PAGE 1130

1    (b)    which PERSONS employed by or associated with which RICO

2    enterprises committed those predicate acts;

3    (c)    the injuries to MATTEL's business or property proximately

4    caused by those predicate acts;

5    (d)    how MATTEL has calculated or estimated the dollar value of

6    those injuries (and if it has not, why not); and

7    (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

8    the information requested in this Interrogatory.

9

10   RESPONSE TO INTERROGATORY NO. 14:

11           In addition to the general objections stated above, Mattel specifically

12   objects to this Interrogatory on the grounds that it is unreasonably burdensome,

13   overbroad, including in that it purports to require Mattel to summarize all facts on

14   these subjects, despite defendants' own refusals to answer interrogatories with the

15   same or comparable language and in conflict with the Court's Orders of February

16   15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

17   facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

18   that it calls for the disclosure of information subject to the attorney-client privilege,

19   the attorney work-product doctrine and other applicable privileges.  Mattel further

20   objects to this Interrogatory on the grounds that it calls for the disclosure of

21   confidential and/or proprietary information, which Mattel will disclose only subject

22   to and in reliance upon the operative protective order.  Mattel further objects to this

23   Interrogatory as compound and seeks to require Mattel to provide separate discrete

24   responses as to "every RICO predicate act committed through that conduct."  As

25   such, the interrogatory is impermissibly compound and causes the total number of

26   interrogatories served during Phase 2 discovery to exceed the limits set by the

27   Federal Rules of Civil Procedure and the Court.

28

EXHIBIT V
PAGE 1131

INTERROGATORY NO. 15:

With respect to the allegation in paragraphs 95 – 96 of the Counterclaims of the TAAC, that MATTEL employees other than Carter Bryant secretly worked on Bratz, state all facts regarding:

(a)     every RICO predicate act committed through that conduct;

(b)     which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

(c)     the injuries to MATTEL's business or property proximately caused by those predicate acts;

(d)     how MATTEL has calculated or estimated the dollar value of those injuries (and if it has not, why not);

(e)     IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

RESPONSE TO INTERROGATORY NO. 15:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on these subjects. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete

07975/3073735.1

MATTEL'S RESPONSES TO MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25

**EXHIBIT V**
**PAGE 1132**

1 responses as to "every RICO predicate act committed through that conduct." As

2 such, the interrogatory is impermissibly compound and causes the total number of

3 interrogatories served during Phase 2 discovery to exceed the limits set by the

4 Federal Rules of Civil Procedure and the Court.

5

6 INTERROGATORY NO. 16:

7 　　　　With respect to the allegation in paragraph 97 of the Counterclaims of

8 the TAAC, that MATTEL employees were paid in cash, using false names and false

9 social security numbers while working for MGA, state all facts regarding:

10 　　　　(a)　　every RICO predicate act committed through that conduct;

11 　　　　(b)　　which PERSONS employed by or associated with which RICO

12 enterprises committed those predicate acts;

13 　　　　(c)　　the injuries to MATTEL's business or property proximately

14 caused by those predicate acts;

15 　　　　(d)　　how MATTEL has calculated or estimated the dollar value of

16 every direct, concrete injury to MATTEL's business or property which was

17 proximately caused by those predicate acts (and if it has not, why not); and

18 　　　　(e)　　IDENTIFY all PERSONS MATTEL believes have knowledge of

19 the information requested in this Interrogatory.

20

21 RESPONSE TO INTERROGATORY NO. 16:

22 　　　　In addition to the general objections stated above, Mattel specifically

23 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

24 overbroad, including in that it purports to require Mattel to summarize all facts on

25 these subjects, despite defendants' own refusals to answer interrogatories with the

26 same or comparable language and in conflict with the Court's Orders of February

27 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

28 facts on these subjects. Mattel further objects to this Interrogatory on the grounds

EXHIBIT V
PAGE 1133

1  that it calls for the disclosure of information subject to the attorney-client privilege,

2  the attorney work-product doctrine and other applicable privileges.  Mattel further

3  objects to this Interrogatory on the grounds that it calls for the disclosure of

4  confidential and/or proprietary information, which Mattel will disclose only subject

5  to and in reliance upon the operative protective order.  Mattel further objects to this

6  Interrogatory as compound and seeks to require Mattel to provide separate discrete

7  responses as to "every RICO predicate act committed through that conduct."  As

8  such, the interrogatory is impermissibly compound and causes the total number of

9  interrogatories served during Phase 2 discovery to exceed the limits set by the

10  Federal Rules of Civil Procedure and the Court.

11

12  <u>INTERROGATORY NO. 17:</u>

13        With respect to the allegation in paragraph 98 of the Counterclaims of

14  the TAAC, that MGA has hired other MATTEL employees or induced them to

15  secretly work for MGA while they were employed by MATTEL, and persuaded

16  them to misappropriate MATTEL trade secrets, state all facts regarding:

17        (a)    IDENTIFY those other MATTEL employees;

18        (b)    the dates each ended employment at MATTEL, the date each

19  began employment at MGA, and the period during which each secretly worked for

20  MGA while still employed by MATTEL;

21        (c)    every RICO predicate act committed through that conduct;

22        (d)    which PERSONS employed by or associated with which RICO

23  enterprises committed those predicate acts;

24        (e)    the injuries to MATTEL's business or property proximately

25  caused by those predicate acts;

26        (f)    how MATTEL has calculated or estimated the dollar value of

27  those injuries (and if it has not, why not); and

28

EXHIBIT V
PAGE 1134

(g)   IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

RESPONSE TO INTERROGATORY NO. 17:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts on these subjects.  Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order.  Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete responses as to "every RICO predicate act committed through that conduct."  As such, the interrogatory is impermissibly compound and causes the total number of interrogatories served during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court.

INTERROGATORY NO. 18:

With respect to the allegation in paragraphs 99 – 102 of the Counterclaims of the TAAC, that Isaac Larian made misrepresentations to retailers and in press releases and in the market place, state all facts regarding:

(a)   every RICO predicate act committed through that conduct;

07975/3073735.1

-24-

EXHIBIT V
PAGE 1135

1        (b)    the RICO enterprises that Mr. Larian was employed by or

2 associated with when he committed those predicate acts;

3        (c)    the injuries to MATTEL's business or property proximately

4 caused by those predicate acts;

5        (d)    how MATTEL has calculated or estimated the dollar value of

6 those injuries (and if it has not, why not); and

7        (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

8 the information requested in this Interrogatory.

9

10 RESPONSE TO INTERROGATORY NO. 18:

11        In addition to the general objections stated above, Mattel specifically

12 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

13 overbroad, including in that it purports to require Mattel to summarize all facts on

14 these subjects, despite defendants' own refusals to answer interrogatories with the

15 same or comparable language and in conflict with the Court's Orders of February

16 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

17 facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

18 that it calls for the disclosure of information subject to the attorney-client privilege,

19 the attorney work-product doctrine and other applicable privileges.  Mattel further

20 objects to this Interrogatory on the grounds that it calls for the disclosure of

21 confidential and/or proprietary information, which Mattel will disclose only subject

22 to and in reliance upon the operative protective order.  Mattel further objects to this

23 Interrogatory as compound and seeks to require Mattel to provide separate discrete

24 responses as to "every RICO predicate act committed through that conduct."  As

25 such, the interrogatory is impermissibly compound and causes the total number of

26 interrogatories served during Phase 2 discovery to exceed the limits set by the

27 Federal Rules of Civil Procedure and the Court.

28

-25-

MATTEL'S RESPONSES TO MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25

EXHIBIT V
PAGE 1136

INTERROGATORY NO. 19:

With respect to the allegation in paragraphs 103 – 104 of the Counterclaims of the TAAC, regarding destruction of documents, perjury, conspiracy to commit perjury, and obstruction of justice, state all facts regarding:

(a)    every RICO predicate act committed through that conduct;

(b)    which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

(c)    the injuries to MATTEL's business or property proximately caused by those predicate acts;

(d)    how MATTEL has calculated or estimated the dollar value of those injuries (and if it has not, why not); and

(e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

RESPONSE TO INTERROGATORY NO. 19:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on these subjects. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete

-26-

EXHIBIT V
PAGE 1137

1  responses as to "every RICO predicate act committed through that conduct."  As

2  such, the interrogatory is impermissibly compound and causes the total number of

3  interrogatories served during Phase 2 discovery to exceed the limits set by the

4  Federal Rules of Civil Procedure and the Court.

5

6  INTERROGATORY NO. 20:

7              With respect to the allegation in paragraphs 108 – 112 and 120 of the

8  Counterclaims of the TAAC, that Isaac Larian and MGA created various shell and

9  off-shore entities to either transfer or assist in the transfer of proceeds generated by

10 unlawful conduct and criminal enterprises, state all facts regarding:

11              (a)     every RICO predicate act committed through that conduct;

12              (b)     which PERSONS employed by or associated with which RICO

13 enterprises committed those predicate acts;

14              (c)     the injuries to MATTEL's business or property proximately

15 caused by those predicate acts;

16              (d)     how MATTEL has calculated or estimated the dollar value of

17 those injuries (and if it has not, why not); and

18              (e)     IDENTIFY all PERSONS MATTEL believes have knowledge of

19 the information requested in this Interrogatory.

20

21 RESPONSE TO INTERROGATORY NO. 20:

22              In addition to the general objections stated above, Mattel specifically

23 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

24 overbroad, including in that it purports to require Mattel to summarize all facts on

25 these subjects, despite defendants' own refusals to answer interrogatories with the

26 same or comparable language and in conflict with the Court's Orders of February

27 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

28 facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

1  that it calls for the disclosure of information subject to the attorney-client privilege,

2  the attorney work-product doctrine and other applicable privileges.  Mattel further

3  objects to this Interrogatory on the grounds that it calls for the disclosure of

4  confidential and/or proprietary information, which Mattel will disclose only subject

5  to and in reliance upon the operative protective order.  Mattel further objects to this

6  Interrogatory as compound and seeks to require Mattel to provide separate discrete

7  responses as to "every RICO predicate act committed through that conduct."  As

8  such, the interrogatory is impermissibly compound and causes the total number of

9  interrogatories served during Phase 2 discovery to exceed the limits set by the

10  Federal Rules of Civil Procedure and the Court.

11

12  INTERROGATORY NO. 21:

13          With respect to the allegation in paragraphs 113 – 120 of the

14  Counterclaims of the TAAC, that Isaac Larian and MGA wrongfully acquired $313

15  million of debt that MGA owed Wachovia, state all facts regarding:

16          (a)     every RICO predicate act committed through that conduct;

17          (b)     which PERSONS employed by or associated with which RICO

18  enterprises committed those predicate acts;

19          (c)     the injuries to MATTEL's business or property proximately

20  caused by those predicate acts;

21          (d)     how MATTEL has calculated or estimated the dollar value of

22  those injuries (and if it has not, why not); and

23          (e)     IDENTIFY all PERSONS MATTEL believes have knowledge of

24  the information requested in this Interrogatory.

25

26  RESPONSE TO INTERROGATORY NO. 21:

27          In addition to the general objections stated above, Mattel specifically

28  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

07975/3073735.1

-28-

EXHIBIT V
PAGE 1139

1  overbroad, including in that it purports to require Mattel to summarize all facts on

2  these subjects, despite defendants' own refusals to answer interrogatories with the

3  same or comparable language and in conflict with the Court's Orders of February

4  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

5  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

6  that it calls for the disclosure of information subject to the attorney-client privilege,

7  the attorney work-product doctrine and other applicable privileges.  Mattel further

8  objects to this Interrogatory on the grounds that it calls for the disclosure of

9  confidential and/or proprietary information, which Mattel will disclose only subject

10  to and in reliance upon the operative protective order.  Mattel further objects to this

11  Interrogatory as compound and seeks to require Mattel to provide separate discrete

12  responses as to "every RICO predicate act committed through that conduct."  As

13  such, the interrogatory is impermissibly compound and causes the total number of

14  interrogatories served during Phase 2 discovery to exceed the limits set by the

15  Federal Rules of Civil Procedure and the Court.

16

17  <u>INTERROGATORY NO. 22:</u>

18            With respect to the allegation in paragraph 121 of the Counterclaims of

19  the TAAC, regarding various loans to MGA and MGA Entertainment (HK), state all

20  facts regarding:

21            (a)     every RICO predicate act committed through that conduct;

22            (b)     which PERSONS employed by or associated with which RICO

23  enterprises committed those predicate acts;

24            (c)     the injuries to MATTEL's business or property proximately

25  caused by those predicate acts;

26            (d)     how MATTEL has calculated or estimated the dollar value of

27  those injuries (and if it has not, why not; and

28

07975/3073735.1

MATTEL'S RESPONSES TO MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25

EXHIBIT V
PAGE 1140