MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  +1-415-773-5700
Facsimile:  +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  +1-213-629-2020
Facsimile:  +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-DOC (RNBx)<br><br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>[To Be Heard by Discovery Master O'Brien Pursuant to Order of January 6, 2009]<br><br>**MGA ENTERTAINMENT, INC.'S NOTICE OF MOTION AND MOTION TO CONFIRM OR COMPEL COMPLIANCE WITH THE DISCOVERY MASTER'S MAY 22, 2007 ORDER COMPELLING PRODUCTION OF DOCUMENTS AND FOR SANCTIONS**<br><br>Date:     TBD<br>Time:     TBD<br>Courtroom: TBD<br><br>**Phase 2**<br>Discovery Cutoff:  June 10, 2010<br>Pretrial Conference: TBD<br>Trial Date:       TBD |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, at a hearing before Discovery Master Robert C. O'Brien that will occur on a date and at a time to be determined by the Discovery Master, MGA Entertainment, Inc. ("MGA") will, and hereby does, move the Discovery Master for an order:

(1) compelling Mattel, Inc. ("Mattel") to produce or to confirm that it has already produced all relevant, non-privileged documents in Mattel's custody, possession or control which are responsive to MGA's First Set of Requests for Production of Documents Nos. 32, 33, 37, 39, 47, 59-67 and 102 in *Bryant v. Mattel, Inc.*, Case No. CV 04-9049 SGL (RNBx) (the "Requests at Issue"), pursuant to Discovery Master Infante's May 22, 2007 Order Granting in Part MGA's Motion to Compel Documents Responsive to First Set of Requests for Production of Documents Dated November 22, 2006 (the "May 22, 2007 Order");

(2) compelling Mattel to provide MGA with a privilege log sufficient for MGA to assess the validity of Mattel's privilege claims with respect to any and all documents withheld on privilege grounds; and

(3) for sanctions.

This Motion is made pursuant to Federal Rules of Civil Procedure 26, 34, 37 and 53 and the Order appointing the Discovery Master on the grounds that Mattel has unreasonably and unjustifiably failed to confirm production in response to any of the Requests at Issue, and has also failed to engage in any meaningful and good faith meet and confer efforts.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and the Declaration of Diana M. Molinski, the records and files of this Court, any argument to be presented upon the hearing of this Motion, and all other matters of which the Court may take judicial notice.

**Conference of Counsel**

The parties met and conferred concerning the issues regarding this motion on August 19, 2009 and dates thereafter.

Dated: October 28, 2009         ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  /s/ Diana M. Rutowski
Diana M. Rutowski
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN

## INTRODUCTION

This motion is necessitated by Mattel's continued attempts to stonewall MGA's discovery efforts in Phase 2.  On May 22, 2007, the Discovery Master ordered Mattel to produce documents responsive to the Requests at Issue in this motion, clearly articulating the relevance of those requests to Phase 2 issues. Now that the Court has lifted the stay of Phase 2 discovery, Mattel refuses to either produce all responsive information or to confirm that it has already done so.  MGA is entitled to discovery on its Phase 2 claims and defenses, including its affirmative claims that Mattel has engaged in trade dress infringement, as well as a broad variety of unfair trade practices, from serial copying of MGA products, to threatening retailers and suppliers to cease doing business with MGA, to intimidating employees and industry groups in order to prevent MGA from fairly competing.  After repeated efforts by MGA, and repeated refusals by Mattel, to meet and confer in good faith in order to resolve this dispute, MGA is left with no choice but to seek the Discovery Master's assistance to compel Mattel to comply with the prior Discovery Master's Order of May 22, 2007.  Mattel's efforts to prevent MGA from receiving the discovery it needs must cease.

## STATEMENT OF FACTS

### A. **MGA Filed A Motion To Compel, Which the Discovery Master Granted With Respect To The Requests At Issue.**

On November 22, 2006 MGA served its First Set of Requests For the Production of Documents (1-115), in *Bryant v. Mattel, Inc.*, Case No. CV 04-9049 SGL (RNBx) ("First Set of RFPs").  Declaration of William A. Molinski ("Molinski Decl.") ¶ 2, Ex. A.  These requests sought documents relevant to MGA's affirmative claims against Mattel.  After it became clear that Mattel had failed to produce responsive information and would not engage in productive meet and confer efforts, MGA filed a motion to compel with respect to numerous requests in its First Set of RFPs.  Molinski Decl. ¶ 3, Ex. B ("MGA's Motion to

Compel"). On May 22, 2007, Discovery Master Infante granted in part MGA's Motion to Compel, and ordered Mattel to produce all non-privileged documents responsive to each of the Requests at Issue in this motion, namely Request numbers 32, 33, 37, 39, 47, 59-67 and 102. *Id.* ¶ 4, Ex. C.

### B. The Prior Discovery Master Made A Finding Of Relevance To Phase 2 Issues For Each Request At Issue.

The prior Discovery Master explicitly stated the relevance of each Request at Issue to MGA's affirmative claims, which were later set for trial in Phase 2 after the case was bifurcated. Molinski Decl., ¶ 4, Ex. C (May 22, 2007 Order); Docket No. 560 at 8 (Mattel's proposal of Phase 2 issues); Docket No. 608 at 2 (Order adopting proposal). Specifically, the Discovery Master made the following findings of relevance to MGA's affirmative claims in granting MGA's Motion with respect to the Requests at Issue:

Request nos. 32, 33 and 61: "seek documents relevant to MGA's allegation that 'Mattel merchandisers have been caught tampering with MGA's displays, replacing favorably located MGA merchandise with Mattel merchandise instead.'" Molinski Decl. Ex. C at 13:11-13 (quoting MGA Complaint at ¶ 79).

Request nos. 37 and 39: "seek information relevant to MGA's allegation that Mattel influenced CARU to place restrictions on MGA's advertisements." *Id.* at 14:19-20 (paraphrasing MGA Complaint at ¶ 89).

Request no. 47: "seeks documents relevant to MGA's allegation that Mattel made a false representation to a major United States retailer that MGA was giving another retailer below-market pricing, and falsely told a United Kingdom retailer that MGA was discontinuing a product line." *Id.* at 16:1-4 (paraphrasing MGA Complaint at ¶ 79).

Request nos. 59, 60, 62 and 63: "seek information relevant to MGA's allegations, including among others, that Mattel 'warned a number of companies,

including the biggest publishing entity in the United Kingdom, not to license MGA products, or risk retribution,' and that Mattel 'terminated one of its licensees, apparently in retribution for licensing Bratz.'" *Id.* at 20:17-20, (citing MGA's Complaint at ¶ 76).

<u>Requests nos. 64, 65, 66 and 67:</u> "seek information relevant to MGA's allegation that Mattel interfered with its business dealings. In particular, MGA has alleged that Mattel 'warned a number of companies, including the biggest publishing entity in the United Kingdom, not to license MGA products, or risk retribution,' and that Mattel 'terminated one of its licensees, apparently in retribution for licensing Bratz.' MGA's requests are reasonably calculated to lead to information relevant to this allegation." *Id.* at 21:23-22:2 (citing MGA's Complaint at ¶ 76).

<u>Request no. 102:</u> is "relevant in light of MGA's allegation that Mattel was 'instrumental in attempting to keep MGA from participating as a sponsor in the 'Kids' Choice Awards.'" *Id.* at 22:15-17 (citing MGA's Complaint at ¶ 97).

**C.     The Case Was Bifurcated and Phase 2 Discovery Was Stayed.**

On July 2, 2007, the Court issued an order bifurcating the trial on the issues in the consolidated proceeding into two phases, holding that all of MGA's affirmative claims would be tried in Phase 2. Docket No. 560 at 8; Docket No. 608 at 2. MGA's affirmative claims against Mattel include false designation of origin (trade dress infringement) and a wide variety of unfair trade practices constituting unfair competition. *Id.* On February 4, 2008, the Court issued an order staying discovery relating to Phase 2 issues, including MGA's affirmative claims. Docket No. 1931. The Court lifted the stay on February 11, 2009 after the Phase 1 trial had concluded. Docket No. 4885.

**D.     Mattel Refuses to Confirm Production In Response To The Requests At Issue, Stonewalling Discovery Despite A Prior Order.**

Once the stay of discovery on Phase 2 issues was lifted, and Mattel's

duty to produce information discoverable in Phase 2 was renewed, MGA sought confirmation from Mattel that it had fully produced all non-privileged documents in compliance with the Discovery Master's Order.  On August 19, 2009, counsel for MGA spoke with counsel for Mattel by telephone.  Molinski Decl. at ¶ 5 and ¶ 6, Ex. D.  During that call, counsel for Mattel agreed to confirm whether or not Mattel was withholding any documents that it was compelled by order to produce on any basis other than privilege, if MGA identified particular requests.  *Id.*  Pursuant to that agreement, counsel for MGA sent counsel for Mattel a letter identifying those requests, including the Requests at Issue, on August 25, 2009.  *Id.* at ¶ 7, Ex. E.[1]  In spite of Mattel's counsel's agreement, and in spite of the fact that the Discovery Master's Order is clear that the Requests at Issue pertain to Phase 2 issues, counsel for Mattel refused to confirm whether Mattel was withholding documents and demanded that MGA first "provide [Mattel] with the basis for MGA's contention that such Phase 1 Requests are relevant to claims in Phase 2."  *Id.* at ¶ 8, Ex. F.

As stated above, any such "basis" is clear from the prior Discovery Master's May 22, 2007 Order.  *Id*. at ¶ 4, Ex. C.  Moreover, Mattel's position is inconsistent with the position it has taken when the tables were turned.  When Mattel sought documents from MGA Mexico, its counsel stated: "Mattel does not have an obligation to preemptively demonstrate the relevance of its requests.  If MGA Mexico believes certain requests are irrelevant, it should articulate why each purportedly irrelevant request is, in fact, irrelevant."  Molinski Decl. ¶ 9, Ex. G at 96.  Counsel for Mattel confirmed it was not abandoning that position the day before making its contrary demand that MGA provide a showing of relevance for each of its requests.  *Id.*, Ex. H.  Nevertheless, Mattel has refused to confirm its

---

[1] The letter also identified requests from MGA's First Set of Requests issued in Case No. CV 04-9059 NM (RNBx), which were subject to the prior Discovery Master's order dated September 12, 2007.  To date, Mattel has also failed to confirm its compliance with that order, and MGA anticipates it will be forced to bring a motion to confirm or compel compliance with that order as well.

OHS West:260731698.5                                - 6 -                    MOTION TO CONFIRM OR COMPEL COMPLIANCE WITH
                                                                              MAY 22, 2007 ORDER AND FOR SANCTIONS
                                                                              CV-04-9049 DOC (RNBx)

compliance with the May 22, 2007 Order.[2]

## ARGUMENT

### I. MATTEL MUST COMPLY WITH THE ORDER COMPELLING PRODUCTION OF THE REQUESTS AT ISSUE IN PHASE 2.

#### A. Now That The Stay Is Lifted, Mattel's Discovery Obligations With Respect to Phase 2 Are Renewed And Continuing.

For a period of time, Phase 2 discovery, and therefore all discovery relating to MGA's affirmative claims, was stayed in this case. Now that Phase 2 discovery has resumed, Mattel is improperly using the stay to avoid its obligations to respond to discovery requests served before bifurcation by demanding that MGA demonstrate the relevance of requests already found to be relevant.[3] Despite its continued efforts to obstruct and delay the discovery process by engaging in unproductive meet and confer efforts and by improperly placing burdens upon MGA, Mattel does not, and cannot, dispute that MGA is entitled to discovery on its Phase 2 claims.

Rule 26(b)(1) entitles the parties to discovery on "any nonprivileged matter that is relevant to any party's claim or defense," which includes any discovery that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Pro. 26(b)(1). Rule 26(e) further requires supplementation of disclosures or responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect…" Fed. R. Civ. Pro. 26(e). Mattel is therefore obligated to produce documents responsive, and to supplement any previous responses, to MGA's discovery requests seeking

---

[2] Counsel for Mattel has previously improperly demanded that MGA preemptively justify the relevance of its discovery requests, as discussed in MGA's Motion to Compel Further Responses to Requests for Production, filed on September 23, 2009 (Docket No. 6816). While MGA disagreed with Mattel's position, in an effort to move meet and confer efforts forward, MGA began explaining the relevance of each request. *Id.*; Molinski Decl. ¶10-13. Yet Mattel *still* refused to agree to produce responsive documents, even when its counsel was unable to dispute the relevance of MGA's requests. *Id.*

[3] These efforts are further detailed in MGA's Motion to Compel Further Responses to Requests for Production, filed on September 23, 2009 (Docket No. 6816).

documents relevant to Phase 2 issues.

### B. The Discovery Master Has Already Ordered Production And Found Each Request At Issue to be Relevant to Phase 2 Issues.

Mattel's demand that MGA preemptively explain why its requests are relevant to Phase 2 issues is improper for at least two reasons. First, Mattel's demand is particularly egregious because Discovery Master Infante has already determined that the Requests at Issue *are* relevant to Phase 2 issues in his May 22, 2007 Order. Molinski Decl., ¶ 4, Ex. C. Second, as counsel for Mattel has repeatedly acknowledged when the tables were turned, MGA has no duty to preemptively explain the relevance of requests in response to which Mattel has not articulated a proper or meaningful objection.

Mattel's improper refusal to comply with the prior Discovery Master's Order unless and until MGA convinces Mattel that the Requests at Issue are relevant to Phase 2, despite the Discovery Master's clear articulation of Phase 2 relevance in his Order overruling Mattel's baseless objections and compelling production, is pure gamesmanship and bad faith litigation conduct. Mattel must fully comply with the Discovery Master's Order overruling its objections and compelling production, or must verify it has already done so.

## II. MATTEL SHOULD BE SANCTIONED FOR REFUSING TO COMPLY WITH THE DISCOVERY MASTER'S ORDER

Federal Rule 37(b)(2)(A) provides a list of sanctions a court may order where a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. Pro. 37(b)(2)(A). Additionally, Federal Rule 37(b) *requires* a court to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Federal Rule 57(c)(2) grants a Discovery Master the power to "impose on a party any noncontempt sanction provided by Rule 37," and to "recommend a contempt

1  sanction against a party."

2  Mattel's refusal to confirm its compliance with the Discovery Master's
Order on the purported grounds that the requests may not be relevant to Phase 2
issues, despite the plain nature of the requests and the Discovery Master's explicit
holdings to the contrary, is unjustifiable and can only be explained as part of
Mattel's general strategy of stonewalling and refusing to conduct the discovery
process in good faith. Federal Rule 37(b) therefore requires that Mattel be ordered
to pay MGA's costs and attorney's fees incurred from bringing this motion.
Accordingly, and in the interest of justice and to deter future abuses by Mattel, the
Discovery Master should grant MGA's request for sanctions in the amount of
$3,000 - MGA's costs and reasonable attorneys fees required to bring this motion.
Molinski Decl. ¶ 14.

## CONCLUSION

For the foregoing reasons, MGA respectfully requests that the Discovery Master grant MGA's Motion in its entirety.

Dated: October 28, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP


By: ___/s/ Diana M. Rutowski___
        Diana M. Rutowski
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN