MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>[To Be Heard by Discovery Master Robert O'Brien Pursuant to Order of January 6, 2009]<br><br>**DECLARATION OF WILLIAM A. MOLINSKI IN SUPPORT OF MGA PARTIES' MOTION TO CONFIRM COMPLIANCE WITH THE DISCOVERY MASTER'S MAY 22, 2007 ORDER COMPELLING PRODUCTION OF DOCUMENTS AND FOR SANCTIONS**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: TBD<br>**Phase 2**<br>Discovery Cutoff: June 10, 2010<br>Pretrial Conference: TBD<br>Trial Date: TBD |

I, William A. Molinski, declare:

1. I am a member of the bar of the State of California, admitted to practice before this Court, and an associate with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel for the MGA Parties. I make this declaration based on personal knowledge unless otherwise expressly stated, in which case, it is based on information and belief. If called and sworn as a witness, I could and would testify competently as follows.

2. On November 22, 2006, MGA served Mattel with its First Set of Requests For the Production of Documents (1-115). A true and correct copy of those requests is attached hereto as **Exhibit A**.

3. On April 12, 2007, MGA filed a Motion to Compel responses to numerous requests in its First Set of Requests For the Production of Documents. A true and correct copy of that Motion is attached hereto as **Exhibit B**.

4. On May 22, 2007, Discovery Master Infante granted in part and denied in part MGA's Motion to Compel Documents Responsive to MGA's First Set of Requests for Production of Documents, dated November 22, 2006. The Discovery Master granted MGA's Motion to Compel with respect to, among others, Request Nos. 32, 33, 37, 39, 47, 59-67 and 102 in *Bryant v. Mattel, Inc.*, Case No. CV 04-9049 SGL (RNBx) (the "Requests at Issue"). A true and correct copy of the Discovery Master's Order is attached hereto as **Exhibit C**.

5. On August 19, 2009, the parties met and conferred by telephone to discuss, among other things, the Requests at Issue. Robert Dart and James Webster, attorneys with Quinn Emanuel Urquhart Oliver & Hedges, LLP, Diana Rutowski and Cynthia Lock, attorneys with Orrick, Herrington & Sutcliffe LLP, and I participated in the meet and confer. Counsel for MGA sought confirmation from Mattel that it is not withholding any documents that it has been compelled to produce by orders issued by the Discovery Master, on any basis other than privilege. Mr. Webster requested a list of the requests that are subject to Court

orders and agreed to confirm whether or not Mattel has complied with the Court orders. Accordingly, we agreed to provide such a list.

6. Attached hereto as **Exhibit D** is a true and correct copy of an email from me to James Webster, dated August 19, 2009, memorializing the meet and confer teleconference held that same day.

7. On August 25, 2009 Ms. Rutowski sent Mr. Webster a letter setting forth requests the Discovery Master had compelled Mattel to produce documents responsive to, and reminding Mr. Webster of his agreement to confirm whether Mattel had fully complied with the Discovery Master's orders to produce such documents. A true and correct copy of that letter is attached hereto as **Exhibit E.**

8. On August 27, 2009 Ms. Rutowski received a letter from Mr. Webster in response to her letter of August 25, 2009. Instead of confirming whether Mattel had produced documents in compliance with the Discovery Master's Order as agreed, Mr. Webster instead demanded that MGA first "provide [Mattel] with the basis for MGA's contention that such Phase 1 Requests are relevant to claims in Phase 2." A true and correct copy of Mr. Webster's letter is attached hereto as **Exhibit F.**

9. During the parties' meet and confer call on August 19, 2009, the parties also discussed a different set of discovery requests that Mattel had previously agreed to produce documents responsive to, subject to its objections or other limitations. Counsel for MGA sought to confirm whether Mattel was in fact withholding documents subject to those objections and limitations. Mr. Webster refused to confirm whether or not Mattel was withholding documents based on its objections in response to these requests without MGA first making a showing of relevance to Phase 2 issues as to each request. I then reminded Mr. Webster that his partner, Marshall Searcy, had previously taken the position in an April 2, 2009 letter that "Mattel does not have an obligation to preemptively demonstrate the relevance of its requests. If MGA Mexico believes certain requests are irrelevant, it

1  should articulate why each purportedly irrelevant request is, in fact, irrelevant." A
2  true and correct copy of Mr. Searcy's April 2, 2009 letter is attached hereto as
3  **Exhibit G.** I also reminded Mr. Webster that another of his partners, Mr. Zeller,
4  had confirmed by email the day before that Mattel was not abandoning that
5  position. Attached hereto as **Exhibit H** is a true and correct copy of Mr. Zeller's
6  email to me dated August 18, 2009. Mr. Webster nevertheless persisted in his
7  refusal to confirm whether or not Mattel was withholding documents.

8       10.   In an effort to move the meet and confer efforts forward, we offered to
9  discuss the relevance of particular requests and proceeded accordingly. With
10 respect to Request No. 1 from Case No. 04-9049 (relating to the origins and sources
11 of inspiration of "MY SCENE"), we explained the relevance of this Request to
12 MGA's unfair competition and trade dress causes of action. While Mr. Webster did
13 not deny the relevance of this request, he refused to agree, or even disagree, as to
14 the relevance of this request. Mr. Webster instead stated that he would look into it
15 the request and get back to us. Even though Ms. Rutowski had raised the issues
16 relating to this request in her letter to Mr. Webster dated July 28, 2009, he refused
17 to confirm whether or not Mattel had produced documents, articulate what Mattel
18 meant by the limitation it placed on its agreement to produce, or even state a date
19 certain by which he could provide additional information.

20      11.   We then moved on to Request Nos. 17 and 40, again setting forth
21 reasons why the requests are reasonably calculated to lead to the discovery of
22 admissible evidence. Mr. Webster seemed to dispute the relevance of these
23 requests to Phase 2 issues, but was unwilling or unable to articulate Mattel's
24 position regarding the relevance or irrelevance of each request, the status of its
25 document production, or whether or not it is withholding documents based on its
26 objections or the limitation it placed on its agreement to produce.

27      12.   Ms. Rutowski then asked Mr. Webster whether or not he was going to
28 participate in a dialogue regarding the requests and Mattel's position. He

1  confirmed that he would not and would instead get back to us on Mattel's position
2  as to each request.
3      13.   Mr. Webster took the firm position that Mattel was not willing to tell
4  us why requests were not relevant, to identify any particular requests that it
5  contends are not relevant, or to confirm whether or not it is withholding any
6  documents based on its objections or limitations, even after we began to make the
7  requested showing of relevance with respect to particular requests. Instead, Mr.
8  Webster's position appeared to be that MGA should state its theory of relevance for
9  each of the disputed requests, and he would get back to us by some unspecified date
10 with an uncertain response as to Mattel's response to MGA's claim of relevance.
11 Because Mr. Webster seemed to be unprepared or unwilling to participate in a
12 meaningful discussion aimed at resolving the parties' dispute, and because Mr.
13 Webster appeared to be treating the meet and confer as a one way dialogue by
14 MGA, we ended the call.
15     14.   Based on my review of Orrick's billing records for this matter, I
16 estimate that Orrick's fees associated with this motion incurred to date will be
17 approximately $3,000.
18     I declare under penalty of perjury under the laws of the United States
19 of America that the foregoing is true and correct.
20     Executed this 28th day of October, 2009, in San Francisco, California.

                    /s/ William A. Molinski
                    William A. Molinski