# Exhibit A

DIANA M. TORRES (S.B. #162284)
JAMES P. JENAL (S.B. #180190)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: dtorres@omm.com

DALE M. CENDALI (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: dcendali@omm.com

PATRICIA GLASER (S.B. # 55668)
CHRISTENSEN, GLASER, FINK,
JACOBS, WEIL & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920
Email: pglaser@chrisglase.com

Attorneys for Plaintiff
MGA Entertainment, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MGA ENTERTAINMENT, INC., | Case No. CV 04-09049 SGL (RNBx) |
| Plaintiff, | **MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS** |
| v. |  |
| MATTEL, INC., a Delaware Corporation, and DOES 1-10, Defendants. |  |

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | MGA ENTERTAINMENT, INC. |
| 2 | RESPONDING PARTY: | MATTEL, INC. |
| 3 | SET NO. | ONE |
| 4 | NOS. | 1-115 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("Mattel") produce all documents and tangible things described, in accordance with the Definitions and Instructions set forth below, on December 22, 2006, at the offices of O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071.

**DEFINITIONS**

As used in these Requests:

1. "BRATZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress including but not limited to the "BRATZ CONCEPT," "FIRST BRATZ DOLLS," "BRATZ DOLLS," "BRATZ PACK," "LIL' BRATZ," "BRATZ PETZ," "BRATZ BABYZ," and "BRATZ BOYZ."

2. "BRATZ CONCEPT" means and refers to each "BRATZ"-related image, drawing, picture, sculpt, mold, prototype and any other form of artwork predating the FIRST BRATZ DOLLS, examples of which have been the subject of Mr. Bryant's testimony and produced by Mr. Bryant in *Mattel v. Bryant,* now part of consolidated Case No. CV 04-09049 SGL (RNBx), bearing Bates serial numbers

- 1 -                    MGA'S FIRST SET OF REQUESTS FOR THE
                         PRODUCTION OF DOCUMENTS AND THINGS

1  Bryant 00175-177; 00179-00182; 00189-00190; 00192-00196; 00198-00216;

2  00218; 00341; 00972; 01014; and 01116-01118.

3         3.    "FIRST BRATZ DOLLS" means and refers to each image, character,

4  logo, doll, toy, accessory, product, packaging or other thing or matter that is or has

5  ever been manufactured, marketed or sold by MGA, or others under license, as part

6  of a line of goods or merchandise commonly known as, or sold and marketed under

7  the "Bratz" trademark or trade dress and consisting of the following:  "Bratz Cloe,"

8  SKU 248521; "Bratz Cloe," SKU 248538; "Bratz Jade," SKU 248545; "Bratz

9  Sasha," SKU 248552; "Bratz Yasmin," SKU 248569; "Bratz Pajama Power

10  Fashion," SKU 248576; "Bratz Study Hall Fashion," SKU 248583; and "Bratz

11  Dynamite Dance Fashion," SKU 248682.

12         4.    "BRATZ DOLLS" means and refers to each image, character, logo,

13  doll, toy, accessory, product, packaging or other thing or matter that is or has ever

14  been manufactured, marketed or sold by MGA, or others under license, as part of a

15  line of goods or merchandise commonly known as, or sold and marketed under the

16  "Bratz" trademark or trade dress excluding the "FIRST BRATZ DOLLS," "LIL'

17  BRATZ," "BRATZ PETZ," and "BRATZ BABYZ" and including, without

18  limitation, the styling head commonly known as or sold and marketed as the "Bratz

19  Funky Fashion Make Over" styling head, and specifically including, without

20  limitation, the images, characters, dolls, playsets and other products and toys called

21  or referred to as, or named or marketed in association with the names "Cloe,"

22  "Jade," "Sasha," "Yasmin," "Meygan," "Dana," "Fianna," "Nevra," "Cameron,"

23  "Dylan," "Eitan," "Koby," "Cade," "Ailani," "Nazalia," "Talia," "Zada,"

24  "Mikko," "Colin," "Deavon," "Lakin," "Flaunt It," "Beach Party," "Micro

25  Bratz," "Xpress It," "Bratz Boyz," "Funk 'n' Glow," "Funky Fashion Makeover,"

26  "Holiday Bratz – Sweetheart," "Holiday Bratz – Spring Fling," "Holiday Bratz –

27  Independence Dance," "Slumber Party," "Strut It," "Spring Break," "Formal

28  Funk," "Bratz Boyz Formal Funk," "Wintertime Wonderland," "Style It!," "Funk

    MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

1   Out!," "Sun-Kissed Summer," "Girls Nite Out!," "Wild Life Safari," "Forever

2   Diamondz," "Rock Angelz," "Genie Magic," "Ice Champions," "Bratz Rodeo,"

3   "Bratz Play Sportz," "Bratz Boyz Play Sportz," "Bratz Baby Sitter," "Bratz

4   Princess," "Bratz Boyz Prince," "Bratz Boyz Twiinz," "Bratz Class," "Bratz

5   Costume Party," "Bratz Fit It!," "Bratz Holiday Trinity," "Bratz Passion 4

6   Fashion" and any other released, or yet to be released, BRATZ named character or

7   product theme.

8       5.      "BRATZ PACK" means and refers to any collection, compilation or

9   grouping of two or more images, characters or dolls that are or have ever been

10  manufactured, marketed or sold by MGA, or others under license, as part of a line

11  of goods or merchandise commonly known as, or sold and marketed under the

12  "Bratz" trademark or trade dress including, without limitation, the collection,

13  compilation or grouping of four female images, characters or dolls individually

14  named, called or referred to as "Bratz Cloe," "Bratz Jade," "Bratz Sasha," and

15  "Bratz Yasmin" and any other similar collection, compilation or grouping of two or

16  more images, characters or dolls, male or female, and specifically including,

17  without limitation, the images, characters and dolls called or referred to as, or

18  named or marketed in association with the names "Cloe," "Jade," "Sasha,"

19  "Yasmin," "Meygan," "Dana," "Fianna," "Nevra," "Cameron," "Dylan," "Eitan,"

20  "Koby," "Cade," "Ailani," "Nazalia," "Talia," "Zada," "Mikko," "Colin,"

21  "Deavon," "Lakin," "Alek," "Zack," "Sharidan," "Bebe," "Roxxi," "Vinessa,"

22  "Maribel," "Lilee," "Katia," "Phoebe," "Leah," "Kiani," "Lilani," "Lana,"

23  "Alicia," "Krysta," "Lela," "Rina," "Sorya," "and any other released, or yet to be

24  released, "BRATZ" character.

25      6.      "LIL' BRATZ" means and refers to each image, character, logo, doll,

26  toy, accessory, product, packaging or other thing or matter that is or has ever been

27  manufactured, marketed or sold by MGA, or others under license, as part of a line

28  of goods or merchandise commonly known as, or sold and marketed under the

- 3 -

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

1   "Bratz" trademark or trade dress and commonly labeled, called, referred to, named

2   or identified as "LIL' BRATZ," and specifically including, without limitation, the

3   images, characters, dolls, playsets and other products and toys called or referred to

4   as, or named or marketed in association with the names "Cloe," "Yasmin,"

5   "Sasha," "Jade," "Ailani," "Nazalia," "Talia," "Zada," "Lil' Boyz," "Cameron,"

6   "Dylan," "Eitan," "Koby," "Mikko," "Colin," "Deavon," "Lakin," "Lil' Bratz

7   Slumber Party," "Lil' Bratz Tote," "Lil' Bratz Spring Break," "Lil Bratz

8   Dancefloor Funk," "Lil' Boyz Dancefloor Funk," and any other released, or yet to

9   be released, LIL' BRATZ character or product theme.

10       7.   "BRATZ PETZ" means and refers to each image, character, logo, doll,

11   toy, accessory, product, packaging or other thing or matter that is or has ever been

12   manufactured, marketed or sold by MGA, or others under license, as part of a line

13   of goods or merchandise commonly known as, or sold and marketed under the

14   "Bratz" trademark or trade dress and commonly labeled, called, referred to, named

15   or identified as "BRATZ PETZ," and specifically including, without limitation, the

16   images, characters and toys called or referred to as, or named or marketed in

17   association with the names, "Bratz Petz Catz," "Brigitte," "Jolie," "Kendall,"

18   "Daphne," "Bratz Petz Tokyo Catz," "Kyoto," "Cho," "Nami," "Yukiko," "Bratz

19   Petz Foxz," "Carly," "Reilly," "Shayna," "Bree," "Bratz Petz Dogz," "Shae,"

20   "Kali," "Pilar," "Abby," and any other released, or yet to be released, BRATZ

21   PETZ character or product theme.

22       8.   "BRATZ BABYZ" means and refers to each image, character, logo,

23   doll, toy, accessory, product, packaging or other thing or matter that is or has ever

24   been manufactured, marketed or sold by MGA, or others under license, as part of a

25   line of goods or merchandise commonly known as, or sold and marketed under the

26   "Bratz" trademark or trade dress and commonly labeled, called, referred to, named

27   or identified as "BRATZ BABYZ," and specifically including, without limitation,

28   the images, characters and dolls called or referred to as, or named or marketed in

- 4 -

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

1  association with the names, "Cloe," "Sasha," "Jade," "Yasmin," and any other

2  released, or yet to be released, BRATZ BABYZ character or product theme.

3        9.    "BRATZ BOYZ" means and refers to each male image, character,

4  logo, doll, toy, accessory, product, packaging or other thing or matter that is or has

5  ever been manufactured, marketed or sold by MGA, or others under license, as part

6  of a line of goods or merchandise commonly known as, or sold and marketed under

7  the "Bratz" trademark or trade dress and commonly labeled, called, referred to,

8  named or identified as "BRATZ BOYZ," and specifically including, without

9  limitation, the images characters, dolls, playsets and other products and toys called

10  or referred to as, or named or marketed in association with the names "Cameron,"

11  "Dylan," "Eitan," "Koby," "Cade," "Mikko," "Colin," "Deavon," "Lakin,"

12  "Alek," "Zack," "Bratz Boyz Formal Funk," "Boyz Funk Out!," "Boyz Sun-

13  Kissed Summer," "Bratz Boyz Twiinz," "Bratz Boyz Prince," "Bratz Boyz Sportz

14  and any other released, or yet to be released BRATZ BOYZ character or product

15  theme.

16        10.    "BRYANT" means Carter Bryant.

17        11.    "COMMUNICATION[S]" means any transmission of information

18  from one person or entity to another, including, without limitation, by personal

19  meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request

20  that encompasses information relating in any way to communications to, from or

21  within a business or corporate entity is hereby designated to mean, and should be

22  construed to include, all communications by and between representatives,

23  employees, agents or servants of the business or corporate entity.

24        12.    "DOCUMENT[S]" incorporates the full meaning of Federal Rule of

25  Civil Procedure 34, and shall be construed in the broadest sense to mean any and

26  all writings, tangible things and property, of any kind, that are now or that have

27  been in YOUR actual or constructive possession, custody or control, including, but

28  not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed,

- 5 -

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

1    punched, copied, recorded, transcribed, graphic or photographic matter of any kind

2    or nature, in, through, or from which information may be embodied, translated,

3    conveyed or stored, whether an original, a draft or copy, however produced or

4    reproduced, whether sent or received or neither, including, but not limited to,

5    notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals,

6    reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets,

7    work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost

8    sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase

9    orders, telephone records, telegrams, telexes, literature, invoices, contracts,

10    purchase orders, estimates, recordings, transcriptions of recordings, records,

11    books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs,

12    video, audio and digital recordings, television commercials, story boards, website

13    or other spot advertisements, movies, movie trailers, prototypes, products, diaries,

14    calendars, charts, drawings, sketches, messages, photographs and data contained in

15    or accessible through any electronic data processing system, including, but not

16    limited to, computer databases, data sheets, data processing cards, computer files

17    and tapes, computer disks, CD-ROMs, computer meta-data, microfilm,

18    microfiche, electronic mail, website and web pages and transcriptions thereof and

19    all other memorializations of any conversations, meetings and conference, by

20    telephone or otherwise.  The term DOCUMENT also means every copy of a

21    DOCUMENT, where such copy is not an identical duplicate of the original,

22    whether because of deletions, underlinings, showing of blind copies, initialing,

23    signatures, receipt stamps, comments, notations, differences in stationery or any

24    other difference or modification of any kind.

25         13.    "MARKET RESEARCH" means any type of research, study, survey

26    or analysis of consumers or potential consumers of a product or potential product

27    including, without limitation, focus groups, consumer surveys, market analyses,

28    behavioral analyses and consumer research.

- 6 -

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

14.   "MATTEL," "YOU" or "YOUR" means MATTEL, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships with YOU and any others acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

15.   "MGA" means MGA Entertainment, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships with MGA and any others acting on MGA's behalf, pursuant to its authority or subject to its control.

16.   "LARIAN" means MGA's Chief Executive Officer Isaac Larian.

17.   "MGA PRODUCTS" means any and all products offered for sale by MGA Entertainment, Inc. including, without limitation, "Bratz," "4-Ever Best Friends," "Alien Racers," and "Miuchiz."

18.   "MY SCENE" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by Mattel, or others under license by Mattel, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name, "My Scene."

19.   "COMPLAINT" means the complaint filed April 13, 2005 in *MGA Entertainment, Inc. v. Mattel, Inc.,* CV 05-02727.

20.   "ANSWER" means the answer filed May 13, 2005 in *MGA Entertainment, Inc. v. Mattel, Inc.,* CV 05-02727.

21.   "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

1  and directors and any one else acting on its, his or her behalf, pursuant to its, his or
2  her authority or subject to its, his or her control.

3      22.   "REFERRING OR RELATING TO" should be construed in the
4  broadest possible sense to mean concerning, consisting of, referring to, relating to,
5  describing, discussing, constituting, evidencing, containing, reflecting, mentioning,
6  pertaining to, citing, summarizing, analyzing or bearing any logical or factual
7  connection with the matter requested or described.

8      23.   The singular form includes the plural, and vice versa.

9      24.   The terms "any" and "all" are interchangeable.

10     25.   The terms "and" and "or" shall be construed disjunctively and
11  conjunctively, and each shall include the other whenever such dual construction
12  will serve to bring within the scope of any interrogatory, information that would
13  otherwise not be within its scope.

14                              **INSTRUCTIONS**

15     1.   YOU are instructed to produce all non-privileged DOCUMENTS in
16  YOUR possession, custody or control.  A document is in YOUR "possession,
17  custody, or control" if it is in YOUR physical possession, or if, as a practical
18  matter, YOU have the right, upon request, to obtain possession of the DOCUMENT
19  or a copy thereof from another person or entity who has physical possession of the
20  DOCUMENT.

21     2.   If any DOCUMENT or category of DOCUMENTS is not produced in
22  full, please state with particularity the reason or reasons it is not being produced in
23  full, and describe, to the best of YOUR knowledge, information and belief, and
24  with as much particularity as possible, the DOCUMENT or portions of the
25  DOCUMENT that are not being produced.

26     3.   Each DOCUMENT is to be produced as it is kept in the usual course
27  of business, including all file folders, binders, notebooks, and other devices by
28  which such DOCUMENTS may be organized or separated.

- 8 -                MGA'S FIRST SET OF REQUESTS FOR THE
                     PRODUCTION OF DOCUMENTS AND THINGS

1   4.   If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on

2   grounds that it is protected from discovery by the attorney-client privilege, work

3   product doctrine, or other privilege, please set forth for each DOCUMENT or

4   portion of a DOCUMENT withheld:

5       (a)   The place, approximate date, and manner of recording, creating

6           or otherwise preparing the DOCUMENT;

7       (b)   The names and organization position, if any, of each author,

8           sender, and recipient of the DOCUMENT;

9       (c)   A general description of the subject matter of the DOCUMENT;

10      (d)   The basis of any claim of privilege; and

11      (e)   If work-product is asserted, the proceeding for which the

12          DOCUMENT was created.

13  5.   For any DOCUMENT or category of DOCUMENTS that was, but no

14  longer is, in YOUR possession, custody or control, please describe each such

15  DOCUMENT as completely as possible and provide the following information:

16      (a)   The reason the DOCUMENT is no longer in YOUR possession,

17          custody or control;

18      (b)   The person or entity, if any, who has possession, custody or

19          control or, if unknown, so state;

20      (c)   If the DOCUMENT was destroyed or otherwise disposed of,

21          state (i) the manner of disposal (*i.e.* destruction, loss, discarding

22          or other means of disposal); (ii) the date of disposal; (iii) the

23          reason for disposal; (iv) the person authorizing disposal; (v) the

24          person disposing of the DOCUMENT; and (vi) the name and

25          address of the most recent custodian of the DOCUMENT.

26  6.   These Requests impose a continuing obligation subsequent to your

27  initial production to the full extent provided for in Rule 26(e) of the Federal Rules

28  of Civil Procedure.

- 9 -

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All DOCUMENTS REFERRING OR RELATING TO the origins or sources of inspiration of "MY SCENE" including, without limitation, the purpose for which "MY SCENE" products were created.

**REQUEST NO. 2:**

All DOCUMENTS REFERRING OR RELATING TO the initial design and development of "MY SCENE" dolls as identified in paragraph 34 of the COMPLAINT, including but not limited to design drawings, sculpts, internal memos, MARKET RESEARCH, and approval memos.

**REQUEST NO. 3:**

All DOCUMENTS REFERRING OR RELATING TO the initial design and development of the doll YOU refer to as "a Mattel doll character called BARBIE" as asserted in paragraph 25 of YOUR ANSWER responding to paragraph 34 of the COMPLAINT, including but not limited to design drawings, sculpts, internal memos, MARKET RESEARCH, and approval memos.

**REQUEST NO. 4:**

All DOCUMENTS REFERRING OR RELATING TO consideration being given to changing the appearance, including but not limited to DOCUMENTS REFERRING OR RELATING TO sculpts, face paint, and eye design, of the "MY SCENE" dolls, as identified in paragraph 34 of the COMPLAINT, to the appearance as identified in paragraphs 37-40 of the COMPLAINT.

**REQUEST NO. 5:**

Photographs or pictures sufficient to illustrate every variation or version of "MY SCENE" dolls ever released as a commercial product, including without limitation, face paint, face paint plans or designs, eye designs, drafts, ideas or concepts.

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit A - Page 15

**REQUEST NO. 6:**

Photographs or pictures sufficient to illustrate every variation or version of "MY SCENE" dolls considered by YOU but never released as a commercial product, including without limitation, face paint, face paint plans or designs, eye designs, drafts, ideas or concepts.

**REQUEST NO. 7:**

All DOCUMENTS REFERRING OR RELATING TO changes to "MY SCENE" from the appearance as identified in paragraph 34 of the COMPLAINT to the appearance as identified in paragraphs 37-40 of the COMPLAINT including, without limitation, the sculpt, face paint plans or designs, eye designs, ideas, and drafts.

**REQUEST NO. 8:**

All DOCUMENTS which support YOUR assertions in paragraphs 27 and 30 of YOUR ANSWER regarding dolls identified in paragraphs 37 and 40 of the COMPLAINT.

**REQUEST NO. 9:**

All DOCUMENTS which support YOUR assertions in paragraphs 28 and 29 of YOUR ANSWER regarding eye designs identified in paragraphs 38 and 39 of the COMPLAINT.

**REQUEST NO. 10:**

All DOCUMENTS REFERRING OR RELATING TO the design, development, themes, conception or creation of the packaging or artwork of "MY SCENE" including without limitation, the motivation, purpose, or inspiration for the packaging or artwork.

**REQUEST NO. 11:**

All DOCUMENTS REFERRING OR RELATING TO the development of the product design trade dress or packaging trade dress of "MY SCENE," including but not limited to the total image, design and appearance of the "MY SCENE"

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

1   product, as well as features of the "MY SCENE" product such as size, shape, color,

2   color combinations, texture or graphics, or anything else MATTEL considers to be

3   its proprietary trade dress of "MY SCENE," and any changes thereto.

4   **REQUEST NO. 12:**

5       DOCUMENTS sufficient to show any position MATTEL has taken with

6   respect to its claimed trade dress in connection with any "MY SCENE" product,

7   including but not limited to internal COMMUNICATIONS, COMMUNICATIONS

8   with third parties, trademark applications and related DOCUMENTS, filings in

9   judicial proceedings or regulatory filings.

10  **REQUEST NO. 13:**

11      All DOCUMENTS REFERRING OR RELATING TO any MARKET

12  RESEARCH, projections or plans pertaining to the release of "MY SCENE" to the

13  market.

14  **REQUEST NO. 14:**

15      All DOCUMENTS REFERRING OR RELATING TO the creation or

16  development of the "Chillin' Out!," "Night on the Town," "Jammin' in Jamaica,"

17  "Guava Gulch Tiki Lounge," "Sound Lounge," and "My Bling Bling" (including

18  without limitation "My Bling Bling with Real Gem" and "My Bling Bling with

19  Real Diamond") themes including but not limited to DOCUMENTS showing when

20  and how they were first conceived and any awareness by MATTEL of similar or

21  proposed MGA themes.

22  **REQUEST NO. 15:**

23      All DOCUMENTS REFERRING OR RELATING TO the timing or plans

24  for release of the "MY SCENE" themes "Chillin' Out!," "Night on the Town,"

25  "Jammin' in Jamaica," "Guava Gulch Tiki Lounge," "Sound Lounge," and "My

26  Bling Bling" (including without limitation "My Bling Bling with Real Gem" and

27  "My Bling Bling with Real Diamond").

28

- 12 -          MGA'S FIRST SET OF REQUESTS FOR THE
                PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 16:**

All DOCUMENTS REFERRING OR RELATING TO the "BRATZ" themes including but not limited to "Forever Diamondz," "Rock Angelz," "Bratz Rodeo," "Wild Life Safari," "Bratz Passion 4 Fashion," "Formal Funk," "Funky Fashion Makeover," "Wintertime Wonderland," and "Sun Kissed Summer" before they were advertised or otherwise made publicly available.

**REQUEST NO. 17:**

All DOCUMENTS REFERRING OR RELATING TO "BRATZ," or showing any awareness by MATTEL of "BRATZ," prior to the January 2001 Hong Kong toy fair.

**REQUEST NO. 18:**

All DOCUMENTS REFERRING OR RELATING TO any "BRATZ" product or theme as an inspiration or factor in the development of any "MY SCENE" product.

**REQUEST NO. 19:**

All DOCUMENTS REFERRING OR RELATING TO the packaging of "BRATZ, including but not limited to "Forever Diamondz," "Rock Angelz," "Bratz Rode," "Wild Life Safari," "Bratz Passion 4 Fashion," "Formal Funk," "Funky Fashion Makeover," "Wintertime Wonderland," and "Sun Kissed Summer."

**REQUEST NO. 20:**

All DOCUMENTS REFERRING OR RELATING TO any similarity or dissimilarity between "BRATZ" and "MY SCENE" packaging, including without limitation, advertising (including commercials), color schemes, product display, shape, and the transparent style of packaging.

**REQUEST NO. 21:**

All DOCUMENTS REFERRING OR RELATING TO any similarity or dissimilarity between "BRATZ" and "MY SCENE," including without limitation, themes, accessories, clothing, and shoes.

- 13 -

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

1    **REQUEST NO. 22:**

2        All DOCUMENTS REFERRING OR RELATING TO any similarity or

3    dissimilarity between "BRATZ" and "MY SCENE" dolls, including without

4    limitation, feet, hair, removable heads, face paint, eye design, head size, body

5    proportions, and any other physical attributes.

6    **REQUEST NO. 23:**

7        All DOCUMENTS REFERRING OR RELATING TO whether the

8    appearance of "MY SCENE" copies, replicates, or in any way imitates the

9    appearance of "BRATZ."

10   **REQUEST NO. 24:**

11       All DOCUMENTS REFERRING OR RELATING TO whether the

12   appearance of "BRATZ" copies, replicates, or in any way imitates the appearance

13   of "MY SCENE."

14   **REQUEST NO. 25:**

15       All DOCUMENTS REFERRING OR RELATING TO whether "MY

16   SCENE" infringes or potentially infringes the copyrights, trademarks, or trade dress

17   of "BRATZ."

18   **REQUEST NO. 26:**

19       All DOCUMENTS REFERRING OR RELATING TO whether "BRATZ"

20   infringes or potentially infringes the copyrights, trademarks, or trade dress of "MY

21   SCENE."

22   **REQUEST NO. 27:**

23       All DOCUMENTS REFERRING OR RELATING TO actual or potential

24   consumer confusion between any "MY SCENE" product and any "BRATZ"

25   product.

26   **REQUEST NO. 28:**

27       All MATTEL product catalogs, sell sheets and product information sheets

28   that include "MY SCENE" products, from 2001 to the present.

- 14 -

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 29:**

DOCUMENTS sufficient to show all iterations of the www.myscene.com, www.myscene.everythinggirl.com, or http://myscene.everythinggirl.com websites.

**REQUEST NO. 30:**

All DOCUMENTS REFERRING OR RELATING TO any exhibition, or proposed, offered or requested exhibition, of "BRATZ" prior to its release to the public.

**REQUEST NO. 31:**

All DOCUMENTS REFERRING OR RELATING TO whether MATTEL had access to any exhibits, displays or show rooms containing any of MGA's "BRATZ" lines prior to its release to the public.

**REQUEST NO. 32:**

All COMMUNICATIONS between YOU and YOUR sales personnel REFERRING OR RELATING TO any alteration, manipulation or change of displays or retail spacing of MGA's PRODUCTS.

**REQUEST NO. 33:**

All COMMUNICATIONS between YOU and any merchandiser REFERRING OR RELATING TO any alteration, manipulation or change of displays or retail spacing of MGA's PRODUCTS.

**REQUEST NO. 34:**

All COMMUNICATIONS between YOU and NPD Group, Inc., including NPD Funworld, ("NPD Funworld") REFERRING OR RELATING TO MGA's subscription to NPD Funworld data, including but not limited to the termination thereof.

**REQUEST NO. 35:**

All COMMUNICATIONS between YOU and NPD Funworld REFERRING OR RELATING TO any alleged misuse of NPD Funworld data by MGA.

- 15 -

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit A - Page 20

**REQUEST NO. 36:**

All COMMUNICATIONS between YOU and NPD Funworld REFERRING OR RELATING TO MGA, LARIAN, "BRATZ," or MGA PRODUCTS, including but not limited to COMMUNICATIONS as alleged in paragraphs 85 and 86 of the COMPLAINT.

**REQUEST NO. 37:**

All COMMUNICATIONS between YOU and the Children's Advertising Review Unit REFERRING OR RELATING TO MGA's advertisements, commercials, amendments to MGA commercials, or MGA's website, including but not limited to restrictions placed or suggested to be placed on any of the foregoing.

**REQUEST NO. 38:**

All COMMUNICATIONS between YOU and the Children's Advertising Review Unit REFERRING OR RELATING TO MGA, LARIAN, "BRATZ," or MGA PRODUCTS, including but not limited to COMMUNICATIONS as alleged in paragraphs 89, 90, and 91 of the COMPLAINT.

**REQUEST NO. 39:**

All DOCUMENTS supporting YOUR assertion of "MGA's violations of the Children's Advertising Review Unit standards" as set forth in paragraph 80 of YOUR ANSWER.

**REQUEST NO. 40:**

All COMMUNICATIONS between YOU and the Toy Industry Association REFERRING OR RELATING TO the voting procedure or rules pertaining to the People's Choice Toy of the Year Award from 2001 to the present.

**REQUEST NO. 41:**

All COMMUNICATIONS between Neil Friedman and anyone REFERRING OR RELATING TO the voting procedure or rules pertaining to the People's Choice Toy of the Year Award from 2001 to the present as alleged in paragraph 94 of the COMPLAINT.

- 16 -

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

1  **REQUEST NO. 42:**

2      All COMMUNICATIONS between YOU and the Toy Industry Association

3  REFERRING OR RELATING TO MGA's sponsorship of the "Kids' Choice

4  Awards" as alleged in paragraph 97 of the COMPLAINT.

5  **REQUEST NO. 43:**

6      All DOCUMENTS REFERRING OR RELATING TO any attempt by

7  MATTEL to price "MY SCENE" below "BRATZ" generally or to price any "MY

8  SCENE" product below the price of any corresponding "BRATZ" product.

9  **REQUEST NO. 44:**

10     All DOCUMENTS REFERRING OR RELATING TO any attempt by

11  MATTEL to limit the availability or supply of doll hair to MGA or any

12  competitors, at any time since June 2001 as alleged in paragraph 78 of the

13  COMPLAINT.

14  **REQUEST NO. 45:**

15     All DOCUMENTS REFERRING OR RELATING TO MATTEL's purchase

16  of doll hair, at any time since June 2001.

17  **REQUEST NO. 46:**

18     All meeting minutes of YOUR Board of Directors meetings REFERRING

19  OR RELATING TO MGA, LARIAN, BRYANT, or "BRATZ."

20  **REQUEST NO. 47:**

21     All DOCUMENTS REFERRING OR RELATING TO any

22  COMMUNICATIONS between MATTEL and any buyers, merchandisers, general

23  merchandise managers or retailers world wide REFERRING OR RELATING TO

24  whether MGA was giving another United States retailer below-market pricing, or

25  whether MGA was discontinuing one of its lines as alleged in paragraph 79 of the

26  COMPLAINT world wide.

27

28

- 17 -    MGA'S FIRST SET OF REQUESTS FOR THE
          PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 48:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between MATTEL and any buyers, merchandisers, general merchandise managers or retailers world wide REFERRING OR RELATING TO "BRATZ," LARIAN or MGA, regarding the origins, design, development, product launch, sales, promotions, advertising, quality, or price of "BRATZ" or any MGA PRODUCT world wide.

**REQUEST NO. 49:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between MATTEL and any suppliers (including but not limited to MATTEL suppliers) world wide REFERRING OR RELATING TO "BRATZ," LARIAN or MGA, regarding the origins, design, development, product launch, sales, promotions, advertising, quality, or price of "BRATZ" or any MGA PRODUCT world wide.

**REQUEST NO. 50:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between MATTEL and any licensees or potential licensees world wide REFERRING OR RELATING TO "BRATZ," LARIAN or MGA, regarding the origins, design, development, product launch, sales, promotions, advertising, quality, or price of "BRATZ" or any MGA PRODUCT world wide.

**REQUEST NO. 51:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between MATTEL and any public relations firms world wide REFERRING OR RELATING TO "BRATZ," LARIAN or MGA, regarding the origins, design, development, product launch, sales, promotions, advertising, quality, or price of "BRATZ" or any MGA PRODUCT world wide.

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit A - Page 23

**REQUEST NO. 52:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between MATTEL and any member of the press world wide REFERRING OR RELATING TO "BRATZ," LARIAN or MGA, regarding the origins, design, development, product launch, sales, promotions, advertising, quality, or price of "BRATZ" or any MGA PRODUCT world wide.

**REQUEST NO. 53:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between MATTEL and any current MGA employees world wide REFERRING OR RELATING TO "BRATZ," LARIAN or MGA, regarding the origins, design, development, product launch, sales, promotions, advertising, quality, or price of "BRATZ" or any MGA PRODUCT world wide.

**REQUEST NO. 54:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between MATTEL and any former MGA employees world wide REFERRING OR RELATING TO "BRATZ," LARIAN or MGA, regarding the origins, design, development, product launch, sales, promotions, advertising, quality, or price of "BRATZ" or any MGA PRODUCT world wide.

**REQUEST NO. 55:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between MATTEL and any former MATTEL employees world wide REFERRING OR RELATING TO "BRATZ," LARIAN or MGA, regarding the origins, design, development, product launch, sales, promotions, advertising, quality, or price of "BRATZ" or any MGA PRODUCT world wide.

**REQUEST NO. 56:**

All DOCUMENTS REFERRING OR RELATING TO any business dealings between any licensee, supplier, manufacturer, retailer, distributor or merchandiser world wide and MGA.

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit A - Page 24

**REQUEST NO. 57:**

All DOCUMENTS REFERRING OR RELATING TO MATTEL's business dealings with any licensee, supplier, manufacturer, retailer, distributor or merchandiser world wide to the extent that the DOCUMENT refers, explicitly or implicitly, to the business dealings between that licensee, supplier, manufacturer, retailer, distributor or merchandiser and MGA.

**REQUEST NO. 58:**

All DOCUMENTS REFERRING OR RELATING TO MATTEL's business dealings with any licensee, supplier, manufacturer, retailer, distributor or merchandiser world wide to the extent that the DOCUMENT refers, explicitly or implicitly, to the business dealings of that licensee, supplier, manufacturer, retailer, distributor or merchandiser that involve, in any way, "BRATZ" or any MGA PRODUCT world wide.

**REQUEST NO. 59:**

All DOCUMENTS REFERRING OR RELATING TO any interference with or inhibition of the licensing or potential licensing of MGA's products (including but not limited to "BRATZ") world wide or REFERRING OR RELATING TO any limitations or restrictions on any licensee's ability to purchase, promote, advertise, develop, design or sell "BRATZ" or other MGA products world wide.

**REQUEST NO. 60:**

All DOCUMENTS REFERRING OR RELATING TO any third party's licensing or potential licensing of MGA PRODUCTS world wide, or REFERRING OR RELATING TO any licensee's ability to purchase, promote, advertise, develop, design or sell MGA PRODUCTS world wide.

**REQUEST NO. 61:**

All COMMUNICATIONS between YOU and any retailer, sales person or merchandiser world wide REFERRING OR RELATING TO the allocation of shelf space, altering of retail displays, or placement of "BRATZ" in retail stores,

- 20 -          MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

1  including but not limited to COMMUNICATIONS concerning the placement of

2  "BRATZ" relative to "MY SCENE" products world wide.

3  **REQUEST NO. 62:**

4      All DOCUMENTS, including but not limited to COMMUNICATIONS,

5  REFERRING OR RELATING TO any interference with or inhibition of the sales

6  or potential sales of MGA's products (including but not limited to "BRATZ") or

7  REFERRING OR RELATING TO any limitations or restrictions on any retailer's

8  ability to purchase, promote, advertise, develop, design or sell "BRATZ" or other

9  MGA products world wide.

10  **REQUEST NO. 63:**

11      All DOCUMENTS, including but not limited to COMMUNICATIONS,

12  REFERRING OR RELATING TO any contracts, licenses or agreements between

13  MATTEL and any third party world wide that place any limitations, prohibitions or

14  restriction on that third party's ability to license, manufacture, promote, distribute

15  or sell any MGA products or to supply materials or services to MGA world wide.

16  **REQUEST NO. 64:**

17      All DOCUMENTS, including but not limited to COMMUNICATIONS,

18  REFERRING OR RELATING TO any third party's agreement or decision not to

19  license, manufacture, promote, distribute or sell any MGA products, or supply

20  materials or services to MGA world wide.

21  **REQUEST NO. 65:**

22      All DOCUMENTS, including but not limited to COMMUNICATIONS,

23  REFERRING OR RELATING TO any third party's agreement or decision to limit,

24  restrict, curtail or reduce its license, manufacture, promotion, distribution or sales of

25  any MGA products, or its supply of materials or services to MGA world wide.

26  **REQUEST NO. 66:**

27      All DOCUMENTS, including but not limited to COMMUNICATIONS,

28  REFERRING OR RELATING TO any interference with or inhibition of the supply

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

1   of goods or services, or the potential supply of goods or services, to MGA or

2   REFERRING OR RELATING TO any limitations or restrictions on any supplier's

3   ability to do business with MGA world wide.

4   **REQUEST NO. 67:**

5       All DOCUMENTS, including but not limited to COMMUNICATIONS,

6   REFERRING OR RELATING TO any interference with or inhibition of the

7   distribution or potential distribution of MGA's products (including but not limited

8   to "BRATZ") or REFERRING OR RELATING TO any limitations or restrictions

9   on any distributor's ability to purchase, promote, advertise, develop, design, or sell

10  "BRATZ" or other MGA products world wide.

11  **REQUEST NO. 68:**

12      All commercials referenced in paragraph 47 of YOUR ANSWER.

13  **REQUEST NO. 69:**

14      All television commercials for "MY SCENE" and DOCUMENTS sufficient

15  to identify all personnel involved in the creation of those commercials.

16  **REQUEST NO. 70:**

17      All studies, analyses, presentations or investigations, including internal

18  studies, analyses, presentations or investigations, REFERRING OR RELATING

19  TO actual or potential market competition between "MY SCENE" and "BRATZ."

20  **REQUEST NO. 71:**

21      All internal studies, analyses, presentations or investigations REFERRING

22  OR RELATING TO the overall market shares and market position of "MY

23  SCENE" and "Barbie", from 2001 to the present.

24  **REQUEST NO. 72:**

25      All studies, analyses, presentations or investigations of the target audience,

26  age groups, market share, or projections for "MY SCENE."

27

28

- 22 -                MGA'S FIRST SET OF REQUESTS FOR THE
                      PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 73:**

All studies, analyses, presentations or investigations of the target audience, age groups, market share, or projections for "BRATZ."

**REQUEST NO. 74:**

DOCUMENTS sufficient to determine total sales, revenue, royalties, costs of goods sold and any other costs attributable to net profits REFERRING OR RELATING TO "MY SCENE."

**REQUEST NO. 75:**

All DOCUMENTS REFERRING OR RELATING TO whether MATTEL is funding, contributing to, or reimbursing the fees, costs or expenses incurred in connection with any lawsuit involving MGA, to which MATTEL is not a party.

**REQUEST NO. 76:**

All DOCUMENTS REFERRING OR RELATING TO the quality or reputation of "MY SCENE" including, without limitation, accolades or awards for "MY SCENE."

**REQUEST NO. 77:**

All DOCUMENTS REFERRING OR RELATING TO any evaluation, criticism or comparison of "MY SCENE," including in relation to "BRATZ" by any third party.

**REQUEST NO. 78:**

All DOCUMENTS REFERRING OR RELATING TO any evaluation, criticism or comparison of "BRATZ," including in relation to "MY SCENE."

**REQUEST NO. 79:**

All DOCUMENTS evidencing confusion between "BRATZ" and "MY SCENE," including without limitation DOCUMENTS in which photographs of one party's products have been used to depict another party's products or reference to one party's products have been made in lieu of the other party's products.

- 23 -         MGA'S FIRST SET OF REQUESTS FOR THE
              PRODUCTION OF DOCUMENTS AND THINGS

1  **REQUEST NO. 80:**

2       DOCUMENTS, including but not limited to organizational charts, sufficient

3  to identify (by name and job function) all MATTEL personnel with responsibility,

4  at any time since January 2001, for marketing or MARKET RESEARCH,

5  REFERRING OR RELATING TO "MY SCENE."

6  **REQUEST NO. 81:**

7       DOCUMENTS, including but not limited to organizational charts, sufficient

8  to identify (by name and job function) all MATTEL personnel with responsibility

9  for "MY SCENE" sales, promotions, marketing, packaging, advertising (including

10  but not limited to television commercials), development or design, including

11  without limitation internal departments, teams or organizations with responsibility

12  for any specific retailer, licensee or others in the industry.

13  **REQUEST NO. 82:**

14       DOCUMENTS, including but not limited to organizational charts, sufficient

15  to identify (by name and job function) all MATTEL personnel comprising the

16  primary team that worked on the design and development of the original "MY

17  SCENE" products as identified in paragraph 34 of the COMPLAINT.

18  **REQUEST NO. 83:**

19       DOCUMENTS, including but not limited to organizational charts, sufficient

20  to identify (by name and job function) all MATTEL personnel comprising the

21  primary team that worked on the design and development of the more recent "MY

22  SCENE" products as identified in paragraphs 37 and 38 of the COMPLAINT.

23  **REQUEST NO. 84:**

24       DOCUMENTS, including but not limited to organizational charts, sufficient

25  to identify (by name and job function) all current MATTEL personnel comprising

26  the primary team currently working on the design and development of "MY

27  SCENE" products.

28

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 85:**

DOCUMENTS, including but not limited to organizational charts, sufficient to identify (by name and job function) all former MATTEL personnel who were ever a member of the primary team that worked on the design and development of "MY SCENE" products.

**REQUEST NO. 86:**

DOCUMENTS sufficient to describe fully MATTEL's document retention policies (including its policies with respect to the retention or destruction of physical documents, physical objects, samples or specimens, electronic mail and other electronic documents) in effect at any time since January 2001.

**REQUEST NO. 87:**

DOCUMENTS sufficient to describe fully MATTEL's actions to preserve DOCUMENTS in response to the COMPLAINT and the document retention letter from Diana M. Torres, Esq. to Robert Normile, Esq. dated April 16, 2005.

**REQUEST NO. 88:**

DOCUMENTS sufficient to identify all DOCUMENTS REFERRING OR RELATING TO "MY SCENE," "BRATZ," MGA or LARIAN that have been destroyed or discarded since April 16, 2005.

**REQUEST NO. 89:**

All DOCUMENTS REFERRING OR RELATING TO COMMUNICATIONS with or among third parties concerning this litigation, the allegations in the COMPLAINT, Mattel's responses to or views on the allegations in the COMPLAINT or any alleged improper conduct by MATTEL.

**REQUEST NO. 90:**

All DOCUMENTS REFERRING OR RELATING TO the commercial success or recognition of "MY SCENE" including, without limitation, MARKET RESEARCH.

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit A - Page 30

**REQUEST NO. 91:**

All DOCUMENTS REFERRING OR RELATING TO the commercial success or recognition of MGA's "BRATZ" including, without limitation, MARKET RESEARCH.

**REQUEST NO. 92:**

All "New Toy Status Reports" for "MY SCENE."

**REQUEST NO. 93:**

DOCUMENTS sufficient to indicate when a project number was first assigned to "MY SCENE."

**REQUEST NO. 94:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATION between MATTEL and any participant in any MARKET RESEARCH REFERRING OR RELATING TO "MY SCENE," MGA or "BRATZ."

**REQUEST NO. 95:**

All DOCUMENTS REFERRING OR RELATING TO COMMUNICATIONS that pertain in any way, explicitly or implicitly, to "BRATZ" between LARIAN, BRYANT, Paula Garcia (a.k.a. Paula Treantafelles), Mercedeh Ward, Victoria O'Connor, or anyone with an email address in the form of _____@mgae.com, on the one hand, and any of the following, on the other hand:

    a)    Ivy Ross

    b)    Lily Martinez

    c)    Cassidy Park

    d)    Margaret Leahy (a.k.a. Margaret Hatch or Margaret Hatch Leahy)

    e)    Elise Cloonan

    f)    Anna Rhee

- 26 -

MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

g)    any PERSON formerly or currently employed by MATTEL in marketing, sales, design, or development

h)    any PERSON who provided services to MATTEL on a contract or temporary basis in marketing, sales, design, or development

i)    any shareholders, directors or officers of MATTEL.

**REQUEST NO. 96:**

All DOCUMENTS REFERRING OR RELATING TO this lawsuit including, without limitation, COMMUNICATIONS REFERRING OR RELATING TO this lawsuit from any MATTEL executive, anyone that worked on "MY SCENE," or anyone at MATTEL with responsibility for communications with NPD Funworld, Children's Advertising Review Unit, or the Toy Industry Association.

**REQUEST NO. 97:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATION between MATTEL and any person consulted regarding any fact or issue relating to this lawsuit, including, without limitation, any experts, investigators, or witnesses, excluding privileged COMMUNICATIONS with or on behalf of counsel for MATTEL.

**REQUEST NO. 98:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS, between YOU on the one hand and any employee, officer, director, agent, representative, or counsel for any competitor of MGA REFERRING OR RELATING TO MGA, "BRATZ," or this lawsuit, or other litigation involving the parties hereto or their employees.

**REQUEST NO. 99:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS, between YOU on the one hand and any employee, officer, director, agent, representative, or counsel for any licensee or

- 27 -    MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

1    distributor of MGA REFERRING OR RELATING TO MGA, "BRATZ," or this

2    lawsuit, or other litigation involving the parties hereto or their employees.

3    **REQUEST NO. 100:**

4         All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

5    RELATING TO any COMMUNICATIONS, between YOU on the one hand and

6    any employee, officer, director, agent, representative, or counsel for any competitor

7    of MGA REFERRING OR RELATING TO claims by MGA against MATTEL, or

8    claims by MATTEL against MGA or its employees.

9    **REQUEST NO. 101:**

10        All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

11   RELATING TO any COMMUNICATIONS, between YOU on the one hand and

12   any employee, officer, director, agent, representative, or counsel for any licensee or

13   distributor of MGA REFERRING OR RELATING TO claims by MGA against

14   MATTEL, or claims by MATTEL against MGA or its employees.

15   **REQUEST NO. 102:**

16        All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

17   RELATING TO any COMMUNICATIONS, between YOU on the one hand and

18   any employee, officer, director, agent, representative, or counsel for Nickelodeon

19   REFERRING OR RELATING TO MGA, "BRATZ," or LARIAN.

20   **REQUEST NO. 103:**

21        All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

22   RELATING TO any COMMUNICATIONS, between YOU on the one hand and

23   any employee, officer, director, agent, representative, or counsel for Cartoon

24   Network REFERRING OR RELATING TO MGA, "BRATZ," or LARIAN.

25   **REQUEST NO. 104:**

26        All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

27   RELATING TO any COMMUNICATIONS, between YOU on the one hand and

28   any employee, officer, director, agent, representative, or counsel for 4Kids

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

1    Entertainment, Inc. REFERRING OR RELATING TO MGA, "BRATZ," or

2    LARIAN.

3    **REQUEST NO. 105:**

4         All DOCUMENTS received in response to any requests made by YOU at

5    any time relating to this litigation, other than those produced by BRYANT OR

6    MGA.

7    **REQUEST NO. 106:**

8         All DOCUMENTS tending to support or refute MATTEL's claims, if any,

9    that "BRATZ" copies, replicates, or in any way imitates the appearance of "MY

10   SCENE" or any other MATTEL product.

11   **REQUEST NO. 107:**

12        All COMMUNICATIONS between YOU and any retailer REFERRING OR

13   RELATING TO whether "BRATZ" copies, replicates, or in any way imitates the

14   appearance of "MY SCENE" or any other MATTEL product.

15   **REQUEST NO. 108:**

16        All COMMUNICATIONS between YOU and any retailer REFERRING OR

17   RELATING TO whether "MY SCENE" copies, replicates, or in any way imitates

18   the appearance of "BRATZ."

19   **REQUEST NO. 109:**

20        All COMMUNICATIONS between YOU and any customer REFERRING

21   OR RELATING TO whether "MY SCENE" copies, replicates, or in any way

22   imitates the appearance of "BRATZ."

23   **REQUEST NO. 110:**

24        All COMMUNICATIONS between YOU and any member of the press

25   REFERRING OR RELATING TO whether "MY SCENE" copies, replicates, or in

26   any way imitates the appearance of "BRATZ."

27

28

- 29 -          MGA'S FIRST SET OF REQUESTS FOR THE
                PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 111:**

All COMMUNICATIONS between YOU and any supplier REFERRING OR RELATING TO whether "MY SCENE" copies, replicates, or in any way imitates the appearance of "BRATZ."

**REQUEST NO. 112:**

All COMMUNICATIONS between YOU and any other third party REFERRING OR RELATING TO whether "MY SCENE" copies, replicates, or in any way imitates the appearance of "BRATZ".

**REQUEST NO. 113:**

Documents sufficient to identify those persons, by name and title, for the time period from October 1998 through the end of December 2000, associated with the originating telephone numbers contained in the documents produced by YOU in *Mattel v. Bryant,* now part of consolidated Case No. CV 04-09049 SGL (RNBx), with Bates numbers M0001825-M0012534.

**REQUEST NO. 114:**

All DOCUMENTS tending to support or refute any of the denials, allegations or statements in YOUR ANSWER, not produced in response to another Request.

**REQUEST NO. 115:**

All DOCUMENTS tending to support or refute YOUR affirmative defenses to the COMPLAINT, not produced in response to another Request.


Dated:  November 22, 2006          O'MELVENY & MYERS LLP


                                   James P. Jenal
                                   Attorneys for MGA Entertainment, Inc.


- 30 -          MGA'S FIRST SET OF REQUESTS FOR THE
                PRODUCTION OF DOCUMENTS AND THINGS

## PROOF OF SERVICE

I, Karen A. Nakatsu, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On November 22, 2006, I served the within document(s):

**MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

☒     by causing to be personally served the document(s) listed above to the person(s) listed below.

John Quinn, Esq.
Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Keith A. Jacoby, Esq. | Patricia Glaser, Esq. |
| Littler Mendelson, P.C. | Christensen, Glaser, Fink, Jacobs, |
| 2049 Century Park East, | Weil & Shapiro, LLP |
| Fifth Floor | 10250 Constellation Blvd., |
| Los Angeles, CA 90067 | 19th Floor |
| | Los Angeles, CA 90067 |

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on November 22, 2006, at Los Angeles, California.

_Karen A. Nakatsu_
Karen A. Nakatsu

LA2:817525.1

## PROOF OF PERSONAL SERVICE

I am a citizen of the United States and employed in the County of Los Angeles, State of California, by Worldwide Network, Inc., whose address is 350 South Figueroa Street, Suite 299, Los Angeles, CA 90071.  I am over the age of eighteen years and not a party to the within action.  On November 22, 2006, I personally served the following:

### MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

by delivering a copy thereof to the office of the following, and either handing the copy to or leaving it with the _Alicia Sotelo_ of the office thereof:

### Service List

John Quinn, Esq.
Michael T. Zeller, Esq.
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 Figueroa Street, 10th Floor
Los Angeles, California  90017

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on November 22, 2006, at Los Angeles, California.

SIGNATURE: _____

PRINTED NAME: Luis Rivas

LA2:817520.1

Exhibit A - Page 37