# Exhibit F

1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA 94105
6  Telephone:  +1-415-773-5700
   Facsimile:   +1-415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
10 Telephone:  +1-213-629-2020
   Facsimile:   +1-213-612-2499
11
   Attorneys for MGA Parties
12

13                  UNITED STATES DISTRICT COURT

14                 CENTRAL DISTRICT OF CALIFORNIA

15                         EASTERN DIVISION

| | |
|---|---|
| 16  CARTER BRYANT, an individual | Case No. CV 04-9049 SGL (RNBx) |
| 17                Plaintiff, | Consolidated with: CV 04-9059 |
| 18  v. | CV 05-2727 |
| 19  MATTEL, INC., a Delaware Corporation | **DISCOVERY MATTER** |
| 20                Defendant. | **[To Be Heard By Discovery Master Robert C. O'Brien]** |
| 21 | MGA PARTIES' REPLY IN SUPPORT OF NOTICE AND APPLICATION FOR ISSUANCE OF LETTER OF REQUEST FOR JUDICIAL ASSISTANCE RE: DANNY K.H. YU AND BIRD & BIRD |
| 22  AND CONSOLIDATED ACTIONS | |
| 23 | |
| 24 | [Supplemental Declaration of Diana Rutowski and [CORRECTED][Proposed] Letters of Request for Judicial Assistance filed concurrently herewith] |
| 25 | |
| 26 | |

27

28

OHS West:260727755.1

Case 2:04-cv-09049-DOC-RNB   Document 7067-7   Filed 10/29/09   Page 3 of 44   Page ID
#:246372
Case 2:04-cv-09049-SGL-RNB      Document 6714      Filed 09/17/2009    Page 2 of 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

ARGUMENT ...................................................................................................... 2

I.     MGA PARTIES' STATUTE OF LIMITATIONS AND LACHES
       DEFENSES IN PHASE 2 ARE PENDING .............................................. 2

II.    NONE OF THE PHASE 1 ORDERS RELIED UPON BY MATTEL
       ADDRESS PHASE 2 COUNTERCLAIMS OR DEFENSES ...................... 3

       A.     Relation Back of Phase 2 Counterclaims Has Not Been Decided ....... 3

       B.     Phase 2 Counterclaims Implicate Different Facts And Different
              Accrual Dates Not Yet Decided .................................................... 6

III.   MGA RECENTLY LEARNED OF NEW FACTS ...................................... 7

IV.    MGA'S PROPOSED LETTERS OF REQUEST, AS CORRECTED,
       ARE NOT OBJECTIONABLE .............................................................. 9

CONCLUSION ................................................................................................ 10

MGA PARTIES' REPLY ISO APPLICATION
OF LETTERS OF REQUEST
CV-04-0049 SGL (RNBx)

Exhibit F - Page 289

# TABLE OF AUTHORITIES

## FEDERAL CASES

**Page**

*Hydranautics* v. *Filmtec Corp.*,
  204 F.3d 880 (9th Cir. 2000) .................................................................. 2

*Lamps Plus, Inc.* v. *Seattle Lighting Fixture Co.*,
  345 F.3d 1140 (9th Cir. 2003) ................................................................ 6

## STATE CASES

*Fox* v. *Ethicon Endo-Surgery, Inc.*,
  35 Cal. 4th 797 (Cal. 2005) ................................................................... 6

## FEDERAL STATUTES

Fed. R. Civ. P. 26 .................................................................................... 8

Fed. R. Civ. P. 56(f) ................................................................................ 1

## STATE STATUTES

Cal Civ. Code § 3426.1(d) ..................................................................... 6

-ii-

1                                    **INTRODUCTION**

2          Mattel seeks to turn MGA's application for issuance of Letters of Request

3   into a summary judgment motion on collateral estoppel, arguing that various orders

4   regarding Phase 1 claims and defenses render the discovery sought through the

5   proposed Letters of Request irrelevant.  In Phase 2 Mattel is asserting currently

6   *pending* and *different* claims against MGA Parties, and the MGA Parties are

7   asserting statute of limitations and laches defenses to those claims.  So long as

8   Mattel's Phase 2 counterclaims and MGA Parties' statute of limitations and laches

9   defenses thereto are pending, the evidence sought through the proposed Letters of

10  Request is plainly relevant and discoverable.

11         This discovery motion is not an appropriate forum for the Discovery Master

12  to decide the merits of Mattel's argument that MGA Parties should be collaterally

13  estopped from asserting statute of limitations and laches defenses in Phase 2—such

14  an argument would require full briefing and consideration in and of itself.  Indeed,

15  such a motion plainly would be improper in light of the discovery sought in

16  connection with the Letters of Request.  *See* Fed. R. Civ. P. 56(f).  Moreover, the

17  Phase 1 orders cited by Mattel in its disguised summary judgment motion do not

18  have any direct applicability to MGA Parties' Phase 2 defenses for at least three

19  reasons: (1) the prior orders cited by Mattel relate only to Phase 1 claims; (2) the

20  claims at issue in Phase 2 are different from those that were at issue in Phase 1, so

21  the relevant facts are necessarily different; and (3) newly discovered evidence in

22  connection with the Hong Kong Bill of Costs in the Cityworld action points to the

23  existence of facts not previously considered by the Court.  For these reasons, MGA

24  Parties respectfully submit that the Discovery Master should recommend issuance

25  of MGA's proposed Letters of Request, which are narrowly tailored to seek

26  discovery relevant to its currently pending defenses in Phase 2.

27

28

**ARGUMENT**

**I.    MGA PARTIES' STATUTE OF LIMITATIONS AND LACHES DEFENSES IN PHASE 2 ARE PENDING.**

The simple undisputed fact is that MGA Parties' defenses to Mattel's Phase 2 claims (including statute of limitations and laches) are currently pending and yet to be decided in Phase 2.  See Declaration of Diana Rutowski In Support Of Application for Letters of Request ("Rutowski Decl."), Exs. B, C & D; see also, Docket Document No. 5798 (MGA Parties' Answer and Affirmative Defenses to Mattel, Inc.'s Third Amended Answer and Counterclaims).  Mattel itself acknowledges that these defenses are pending in its opposition brief, stating that: "Mattel *intends* to bring a motion before Judge Larson shortly to confirm the direct applicability of [prior] rulings to Mattel's misappropriation of trade secrets claim. A ruling in Mattel's favor *would* plainly render this application moot."  Mattel, Inc.'s Opposition to MGA Parties' Application for Issuance of Letter of Request for Judicial Assistance Re: Danny K. H. Yu and Bird & Bird ("Opp.") at 1 (emphasis added).  It follows that MGA's application *is not currently moot*.

Moreover, to "confirm the direct applicability of [prior] rulings" through collateral estoppel, Mattel would have to establish that "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding."  Hydranautics v. Filmtec Corp., 204 F.3d 880 (9th Cir. 2000).  Mattel cannot make such a showing, and it certainly has not done so here in opposition to MGA's discovery motion.  The MGA Parties strongly contest that Phase 1 orders have any preclusive effect with respect to the MGA Parties' statute of limitations and laches defenses in Phase 2 and will present arguments to that effect if and when Mattel brings its hypothetical motion before Judge Larson.  Indeed, such a motion would be wholly improper at this stage of the

1  proceedings in light of the discovery sought by these Letters of Request and the

2  new evidence from the taxations of costs proceedings in Hong Kong demonstrating

3  that Mattel concealed its earlier communications with Cityworld's counsel.  The

4  requested discovery is relevant to MGA's defenses in Phase 2, and the proposed

5  Letters of Request should issue.

6  **II.     NONE OF THE PHASE 1 ORDERS RELIED UPON BY MATTEL ADDRESS PHASE 2 COUNTERCLAIMS OR DEFENSES.**

7

8         Mattel's attempt to circumvent merits briefing on collateral estoppel through

9  its opposition to this discovery motion should not be allowed.  While this is not the

10  appropriate forum for merits briefing, MGA Parties do point out below that the

11  orders upon which Mattel seeks to rely relate only to Phase 1 issues, and they did

12  not result in dismissal of MGA Parties' defenses to counterclaims pending in Phase

13  2.[1]

14         **A.     Relation Back of Phase 2 Counterclaims Has Not Been Decided.**

15         Mattel misrepresents several orders in support of its argument that its Phase 2

16  counterclaims relate back to the filing of its earlier complaint on April 27, 2004;

17  however, none of these orders are final judgments as to MGA Parties' defenses to

18  Mattel's Phase 2 counterclaims.

19         January 12, 2007:  First, Mattel cites to the January 12, 2007 order granting

20  Mattel leave to file its proposed amended complaint as counterclaims.  Declaration

21  of Michael T. Zeller ISO Mattel's Opp. ("Zeller Decl.") Ex. 1.  The order

22  referenced MGA's argument that Mattel's *copyright* and *intentional interference*

23  claims were barred by the statute of limitations; however, the Court did not finally

24  decide the issue.  Id. at 13-14.  The order is inapposite both because (1) it does not

25  relate to Mattel's Phase 2 counterclaims, including misappropriation of trade

26  secrets, and (2) it was not a final determination of MGA's statute of limitations or

27

28  ───────────────
[1] MGA expressly reserves its right to present any and all arguments on this issue if and when it is ripe and Mattel brings an appropriate motion.

MGA PARTIES' REPLY ISO APPLICATION
OF LETTERS OF REQUEST
CV-04-0049 SGL (RNBx)

1    laches defenses with respect to any claims – the Court merely allowed Mattel to

2    amend to assert counterclaims.  Id. at 15.

3        April 25 and May 21, 2008:  On April 25, 2008 and May 21, 2008, Mattel

4    correctly notes that Judge Larson deferred ruling on MGA's affirmative defenses to

5    Mattel's Phase 1 claims, including statute of limitations and laches.  Zeller Decl.

6    Exs. 3 & 4.  These rulings are notable only because they demonstrate that even

7    MGA's Phase 1 statute of limitations and laches defenses were still in play and not

8    finally decided by the January 12, 2007 order.  They do not otherwise bear any

9    relevance to Phase 2 counterclaims and defenses.

10       May 27, 2008:  Next, Mattel cites to Judge Larson's May 27, 2008 order,

11   arguing that it "affirmed its earlier ruling that the claims asserted by Mattel in its

12   November 6, 2006 first amended answer and counterclaim—including its trade

13   secrets misappropriation claim—related back to the filing of Mattel's original

14   complaint on April 27, 2004."  Opp. at 4.  Mattel then purports to cite from the

15   order.  However, Mattel apparently seeks to mislead the court by *omitting* the first

16   clause, which states explicitly: "*the Phase 1 claims against MGA* sought to be

17   asserted by Mattel on November 20, 2006, which arise out of the same factual

18   allegations as do the claims asserted by Mattel against Carter Bryant on April 27,

19   2004, relate back to the date that complaint was filed."  Zeller Decl. Ex. 8 at 8

20   (emphasis added).  Thus, the May 27, 2008 order explicitly applied only to (1)

21   Phase 1 claims, and (2) only to the extent that those claims arise out of the same

22   factual allegations as do the claims asserted by Mattel against Carter Bryant on

23   April 27, 2004.  With respect to the first point, the Phase 1 claims are not the same

24   as the Phase 2 claims (otherwise there would not be two Phases), and the May 27,

25   2008 order does not apply for that reason alone.  With respect to the second point,

26   Mattel has not shown, nor can it show, that its Phase 2 claims against MGA Parties

27   arise out of the same factual allegations as do the claims it asserted earlier against

28   Carter Bryant—an issue that is in all events well beyond the scope of this discovery

1    matter.  The May 27, 2008 order did not decide or dismiss MGA Parties' defenses

2    in Phase 2.

3           June 2, 2008:  As Mattel notes, after the May 27, 2008 order, the issue was

4    still not finally decided even as to Phase 1 claims and further briefing and argument

5    was allowed.  Opp. at 5, n. 18.  In its briefing, MGA presented additional

6    arguments regarding the application of the relation-back doctrine to the copyright

7    claim.  Zeller Decl. Ex. 9 at 3.  Judge Larson then issued a Further and Final Order

8    Re Statute of Limitations Defense on June 2, 2008.  Opp. at 5, n.18; Zeller Decl.

9    Ex. 9.  What Mattel fails to point out in its opposition is that with respect to the

10   copyright claim, Judge Larson explicitly stated that he "*need not resolve MGA's*

11   *two arguments regarding relation back* and the rolling statute of limitations."

12   Zeller Decl. Ex. 9 at 4 (emphasis added).[2]

13          The remaining orders and jury verdict form cited by Mattel also relate only to

14   Phase 1 issues—they did not decide Phase 2 counterclaims or defenses, as they

15   were issued specifically in connection with the Phase 1 trial.[3]  Mattel's attempt to

16   muddle the issues cannot avoid the plain fact that the merits of MGA Parties'

17   statute of limitations and laches defenses in Phase 2 have never been addressed, let

18   alone decided.  The defenses remain pending.

19

20   [2] Notably, even with respect to Mattel's Phase 1 copyright counterclaim, *whether or
     not it related back to Mattel's April 27, 2004 claims was never finally decided.*

21   [3]       June 7, 2008:  The June 7, 2008 order is the "Court's Final Pre-Trial
     Conference Order for Phase 1 Trial."  Zeller Decl. Ex. 10 at 1.  The Court clarifies

22   that: "The claims and counterclaims to be tried in Phase 1 trial are set forth herein.
     The claims remaining for trial in Phase 2 are set forth on pages 8-9 in Mattel's

23   Memorandum of Trial Structure, filed June 20, 2007, as adopted in the July 2, 2007
     Order."  Id. at 18.  Thus, it is clear that any statements in this order apply only to

24   Phase 1 claims and defenses.
             August 26, 2008:  Mattel cites to the jury verdict form for Phase 1B.  Opp. at

25   5; Zeller Decl. Ex. 11.  The jury heard only issues pertaining to Phase 1B, and its
     verdict form has no bearing on Phase 2 issues.

26           December 3, 2008:  Finally, Mattel relies on a December 3, 2008 order in an
     effort to claim laches is no longer at issue.  Opp. at 5-6; Zeller Decl. Ex. 12.  Again,

27   this order relates only to equitable issues relating to those claims tried in Phase 1,
     which the Court refers to as Phase 1C issues.  Zeller Decl. Ex. 12 at 2.

28   Accordingly, the Court's order applies only to those claims and affirmative
     defenses tried in Phase 1.  Id. at 3.

Case 2:04-cv-09049-DOC-RNB   Document 7067-7   Filed 10/29/09   Page 10 of 44   Page ID
#:246379
Case 2:04-cv-09049-SGL-RNB   Document 6714   Filed 09/17/2009   Page 9 of 13

**B.     Phase 2 Counterclaims Implicate Different Facts And Different Accrual Dates Not Yet Decided.**

Judge Larson quoted the California Supreme Court for the statement that "[g]enerally speaking, a cause of action accrues at the time when the cause of action *is complete with all of its elements*."  Zeller Decl. Ex. 8 at 4 (quoting Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807 (Cal. 2005)).  Each cause of action requires different elements.  Accordingly, and consistent with the prior orders cited by Mattel, each cause of action and its requisite elements must be separately considered.  For example, the elements required to show copyright infringement differ from those required to show misappropriation of trade secrets.[4]

In its opposition, Mattel erroneously seeks to conflate accrual of Mattel's Phase 1 claims with its Phase 2 counterclaims.  For example, Mattel argues that Judge Larson already found that Mattel had no basis to know of its claims against Carter Bryant until November 23, 2003 and against MGA until November 4, 2004.  Opp. at 8.  This finding, however, relates only to Mattel's Phase 1 claims.  As cited by Mattel in its opposition, Judge Larson found that "[w]ithout the drawings, Mattel could not assess the substantial similarity factor to determine whether it could assert a claim that the Bratz dolls infringed Mattel's rights to them."  Opp. at 5; Zeller Decl. Ex. 9.  He considered the elements required to establish only those claims at issue in Phase 1, and made his determination as to accrual based on those elements.  In contrast, Mattel's Phase 2 counterclaims, such as misappropriation of trade secrets, do not require a showing of "substantial similarity."  Unlike the copyright

---

[4] Copyright infringement requires a showing of (1) ownership of a valid copyright, (2) the defendant's access to the original, and (3) substantial similarity between the copyrighted work and the allegedly infringing work.  Zeller Decl. Ex. 9 at 4 (citing Lamps Plus, Inc. v. Seattle Lighting Fixture Co., 345 F.3d 1140, 1144 (9th Cir. 2003)).  Misappropriation of trade secrets, in contrast, requires a showing of misappropriation of trade secret information, including "a formula, pattern, compilation, program, device, method, technique or process that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."  Cal Civ. Code § 3426.1(d).

1   claims, receipt of the "Bratz" drawings will not be necessary before Mattel's Phase

2   2 counterclaims could accrue.  Phase 2 counterclaims may have accrued at an

3   earlier date based on the exchange of different information.  Moreover, as set forth

4   below, the new evidence strongly suggests that even the earlier conclusion by the

5   District Court as to the copyright claims was based on an incomplete record

6   regarding what actually happened in Hong Kong.

7          The evidence sought by MGA's proposed Letters of Request remains

8   discoverable and relevant in connection with its Phase 2 defenses.

9   **III.    MGA RECENTLY LEARNED OF NEW FACTS.**

10         Moreover, newly discovered communications between Mattel and Hong

11   Kong attorneys have come to light that warrant additional discovery.  For example,

12   the Bill of Costs reflects several lengthy phone calls between Mattel and Danny Yu:

13   (1) a 20 minute call on October 13, 2003; (2) a 15 minute call on November 10,

14   2003; (3) a 15 minute call on November 18, 2003; and (4) a *40 minute* call on

15   November 19, 2003.  Rutowski Decl. Ex. K at 84.[5]  All of these conversations,

16   lasting an hour and a half total, occurred more than three years before Mattel sought

17   to assert its counterclaims on November 20, 2003.  The contents and information

18   shared by Danny Yu and Mattel—never before disclosed by Mattel despite

19   substantial litigation of these issues—will lead to the discovery of admissible and

20   highly relevant evidence regarding MGA's defenses.  As further detailed in MGA's

21   Motion, the extent of communications between Danny Yu's firm and Mattel only

22   recently came to light after the Phase 1 trial was concluded in connection with the

23   Hong Kong taxation proceedings.  <u>Id</u>. ¶¶ 13 and 14, Exs. K and L.  Mattel does not

24   explain why it failed to disclose the extent of these communications when its

25   30(b)(6) witness and testified in discovery and it produced a timeline of Cityworld-

26

27   [5] <u>See</u> Rutowski Decl. Ex. K at 80-84 and Rutowski Decl. Ex. L at 170 for context
     showing that the Bill of Cost entries beginning with 1011, and continuing through
28   the phone entries listed from 1053 through 1062, relate to communications between
     Mr. Danny Yu's firm and Mattel.

1   related events in connection with that deposition.  <u>Zeller Decl.</u> Ex. 5 at 94-95.

2   Notably, at least the lengthy October 13 and November 10 calls noted above were

3   missing from that timeline.  <u>Compare</u> <u>i.d.</u> <u>with</u> Rutowski Decl. Ex. K at 84 (Bill of

4   Cost entries reflecting telephone calls between Danny Yu and Mattel).  Moreover,

5   when Mattel's counsel Michael Moore testified on this subject at trial, he repeatedly

6   said the phone calls were merely "to arrange the meeting in Hong Kong," which

7   seems patently incredible in light of the total length of the calls—especially the

8   forty minute call on November 19.  Supplemental Declaration of Diana Rutowski

9   In Support Of Application for Letters of Request, Ex. A at 6616:20-22, 6618:20-22.

10        Rather than address its apparent concealment of relevant evidence, Mattel

11  cites to Judge Larson's May 27, 2008 Order, arguing that the relevance of certain

12  documents from the Hong Kong proceedings has been considered.  Opp. at 9.  In

13  the portion of the order quoted by Mattel, Judge Larson states that "[w]here there is

14  *evidence* of unethical behavior, the Court expects to be made aware of that

15  evidence."  Opp. at 9; Zeller Decl. Ex. 8 at 3.  The proposed Letters of Request seek

16  the very evidence contemplated by Judge Larson in his order through the proper

17  discovery means.  To refuse the discovery because such evidence has not yet been

18  adduced is to place the MGA Parties in precisely the catch-22 situation that Federal

19  Rule of Civil Procedure 26 prohibits.  As Mattel has been fond of arguing to the

20  discovery master in prior motions, the pleadings frame the relevance, and this

21  evidence is plainly relevant.  The fact that the issues are contested make discovery

22  all the more necessary.  The discovery is permissible because it is likely to lead to

23  the discovery of admissible evidence directly relevant to the MGA Parties

24  affirmative defenses of statute of limitations and laches.

25        The proposed Letters of Request are narrowly tailored to the discovery of

26  *new* evidence that was not previously discovered or considered in Phase 1.  They

27  are based on documents that became available to MGA only after the conclusion of

28  the Phase 1 trial.  The discovery is plainly warranted.

**IV.    MGA'S PROPOSED LETTERS OF REQUEST, AS CORRECTED, ARE NOT OBJECTIONABLE**

Mattel argues that aspects of the Letters of Request are objectionable for two reasons.  First, it points out language in the proposed Letters, which was inadvertently included as a typographical error in section 12, "Fees and Costs":

> This Court respectfully requests its willingness to reimburse the High Court of the Hong Kong Special Administrative Region Court of First Instance for costs incurred in executing the Letter of Request.

As noted by the U.S. Department of State, there are generally no costs incurred in connection with service through Hong Kong under the Convention.[6]  Nevertheless, this language should be deleted from section 12, "Fees and Costs."  Accordingly, MGA attaches corrected proposed Letters of Request as Exhibits 1A and 2A hereto.  In the corrected proposed Letter of Request regarding Danny K. H. Yu and his firms (Exhibit 1A), section 12 now contains only the following language:

> Any fees and costs incurred as a result of the special procedures set forth in section 9 above will be paid by MGA through its counsel of record:  Annette Hurst, Orrick Herrington & Sutcliffe LLP, 405 Howard Street, San Francisco, CA 94105. MGA's payment of any such fees and costs is without prejudice to its making a subsequent request to be reimbursed for these costs by other parties in these consolidated actions.[7]

In the corrected proposed Letter of Request regarding Bird & Bird (Exhibit 2A), section 12 has been deleted in its entirety.

Second, Mattel objects based on its allegation that the proposed Letters of Request contradict the prior relation back and accrual rulings of the Court.   For the reasons stated above, Mattel's second objection lacks merit.

---

[6] See http://travel.state.gov/law/info/judicial/judicial_650.html (the U.S. Department of State website regarding Hong Kong Judicial Assistance).

[7] This language is included pursuant to Articles 14 and 9 of the Hague Convention, which provide for reimbursement of expenses incurred due to special methods or procedures such as the transcription and videotaping of Mr. Yu's examination.  See http://hcch.e-vision.nl/index_en.php?act=conventions.text&cid=82 (full text of the Hague Convention).

1

## CONCLUSION

2       For the reasons above and the reasons stated in MGA's opening papers,

3  MGA's Application for Issuance of Letters of Request for Judicial Assistance to the

4  Hong Kong Central Authority should be granted.

5

6

7  Dated:  September 17, 2009              Respectfully submitted,

8                                          DIANA M. RUTOWSKI
                                           Orrick, Herrington & Sutcliffe LLP

9

10                                         By: /s/ Diana M. Rutowski
                                                DIANA M. RUTOWSKI
11                                              Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1A

1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA 94105
6   Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:   +1-213-612-2499
11
    Attorneys for MGA Parties
12

13                  UNITED STATES DISTRICT COURT

14                 CENTRAL DISTRICT OF CALIFORNIA

15                        EASTERN DIVISION

16  | CARTER BRYANT, an individual | Case No. CV 04-9049 SGL (RNBx) |
17  | Plaintiff, | Consolidated with: |
18  | v. | CV 04-9059 CV 05-2727 |
19  | MATTEL, INC., a Delaware Corporation | [CORRECTED] [PROPOSED] LETTER OF REQUEST FOR JUDICIAL |
20  | Defendant. | ASSISTANCE  BY THE UNITED STATES DISTRICT COURT FOR THE |
21  |  | CENTRAL DISTRICT OF CALIFORNIA REGARDING DANNY |
22  | AND CONSOLIDATED ACTIONS | YU |
23
24
25
26
27
28

OHS West:260705847.5
22161-2006 DR5/EK8                                     -1-                MGA'S [CORRECTED] [PROPOSED] LETTER OF
                                                                          REQUEST FOR JUDICIAL ASSISTANCE
                                                                          CV-04-0049 SGL (RNBx)

Exhibit F - Page 302

1   TO THE CHIEF SECRETARY FOR ADMINISTRATION OF HONG KONG

2   SAR:

3       The United States District Court for the Central District of California

4   presents its compliments to the Hong Kong Central Authority, namely the Chief

5   Secretary for Administration of Hong Kong SAR, and requests international

6   judicial assistance to obtain evidence to be used in a civil proceeding before this

7   court in the above captioned matter.  A trial on this matter is scheduled for March

8   23, 2010 in Riverside, California, United States of America.

9       This Court requests that the assistance described herein, as necessary in the

10  interests of justice.  The assistance requested is that the High Court of the Hong

11  Kong Special Administrative Region Court of First Instance compel:

12      (1) the oral deposition under oath of Danny K. H. Yu in Hong Kong, as set

13  forth in Schedule A,

14      (2) the inspection of documents from Danny K. H. Yu, as set forth in

15  Schedule B; and

16      (3) the inspection of documents from Danny K. H. Yu & Co.; Paul K. C.

17  Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co., as set forth in

18  Schedule C.

19      The requested testimony of this witness and documents are intended for use

20  at trial, and will be relevant to numerous claims and defenses at issue in the above-

21  captioned case in this District.

22      This request is made with the understanding that it will in no way require the

23  persons described below to commit any offense, nor will it require the persons

24  described below to undergo a broader form of inquiry than they would if the

25  litigation were conducted in Hong Kong.

26                          **<u>LETTER OF REQUEST</u>**

27      This Letter of Request is made pursuant to the Hague Convention of 18

28  March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters

OHS West:260705847.5
22161-2006 DR5/EK8                    -2-          MGA's [CORRECTED] [PROPOSED] LETTER OF
                                                   REQUEST FOR JUDICIAL ASSISTANCE
                                                   CV-04-0049 SGL (RNBx)

Exhibit F - Page 303

1   ("Hague Convention").  Accordingly, the Letter of Request sets forth the following

2   requirements under the applicable Articles of the Hague Convention, as well as

3   other information pertinent to this particular proceeding:

4   **1.    Authority Requesting Letter of Request (Article 3(a)):**

5   Hon. Stephen G. Larson
    United States District Judge
6   United States District Court for the Central District of California
    Room 260
7   3470 Twelfth Street
    Riverside, CA 92501
8   Tel: (951) 328-4464

9

10   The United States District Court for the Central District of California, Eastern

11   Division, which is a competent court of law and equity which properly has

12   jurisdiction over this proceeding, has the power to compel the attendance of

13   witnesses and inspection of documents within its jurisdiction, and has the authority

14   to seek the assistance of foreign governments in compelling the attendance of

15   witnesses and inspection of documents outside its jurisdiction.

16   **Authority Requested to Executed Letter of Request (Article 3(a)):**

17   Chief Secretary for Administration of Hong Kong SAR
    Central Government Offices
18   Lower Albert Road
    Hong Kong,
19   Tel: (011) (852) 8102954

20   **2.    Names and Addresses of the Parties and Representatives (Article 3(b)):**

21   <u>**Party**</u>                              <u>**Representative**</u>

22   Mattel, Inc.                         John B. Quinn, Esq.
    ("Mattel")                           Michael T. Zeller, Esq.
23                                        Jon D. Corey, Esq.
                                         QUINN EMANUAL URQUHART
24                                        OLIVER & HEDGES LLP
                                         865 South Figueroa Street, 10th Floor
25                                        Los Angeles, CA 90017

26   MGA Entertainment, Inc.;            Melinda Haag, Esq.
    MGAE de Mexico, S.R.L. de C.V.;      Annette L. Hurst, Esq.
27   MGA Entertainment (HK) Limited;     Warrington S. Parker, III, Esq.
    Isaac Larian                         ORRICK HERRINGTON &
28   ("MGA")                             SUTCLIFFE LLP

OHS West:260705847.5
22161-2006 DR5/EK8                        -3-                    MGA'S [CORRECTED] [PROPOSED] LETTER OF
                                                                REQUEST FOR JUDICIAL ASSISTANCE
                                                                CV-04-0049 SGL (RNBx)

Exhibit F - Page 304

| | |
|---|---|
| | The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94104 |
| | William A. Molinski, Esq.<br>ORRICK HERRINGTON &<br>SUTCLIFFE LLP<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, CA 90017 |
| | Thomas J. Nolan, Esq.<br>Jason Russell, Esq.<br>SKADDEN ARPS SLATE<br>MEAGHER & FLOM LLP<br>3000 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071 |
| Carlos Gustavo Machado Gomez | Mark E. Overland, Esq.<br>David C. Scheper, Esq.<br>Alexander H. Cote, Esq.<br>OVERLAND, BORENSTEIN,<br>SCHEPER & KIM, LLP<br>300 S. Grand Avenue, Suite 2750<br>Los Angeles, CA 90071 |
| Omni 808 Investors, LLC | Todd E. Gordinier, Esq.<br>Peter N. Villar, Esq.<br>Craig A. Taggart, Esq.<br>BINGHAM MCCUTCHEN LLP<br>600 Anton Blvd., 18th Floor<br>Costa Mesa, CA 92626 |

3.     **Nature of the Proceedings (Article 3(c)):**

The evidence requested relates to civil proceedings entitled *Bryant v. Mattel, Inc.,* Case No. CV 04-9049 SGL (RNBx) ("Consolidated Proceeding"), which consists of three actions that have been instituted and consolidated before the requesting judicial authority: *Bryant v. Mattel, Inc.*, Case No. CV 04-9049 SGL (RNBx); *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 SGL (RNBx), and *MGA Entertainment v. Mattel, Inc.*, Case No. CV 05-2727 SGL (RNBx).  The Consolidated Proceeding is a civil lawsuit, and the applicant for this Letter of Request is a party to the proceeding, MGA.  In the Consolidated Proceeding, MGA brought a complaint against Mattel alleging false designation of origin, unfair competition, dilution and unjust enrichment.  Mattel filed counterclaims for

OHS West:260705847.5
22161-2006 DR5/EK8

-4-

MGA'S [CORRECTED] [PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 SGL (RNBx)

Exhibit F - Page 305

1    copyright infringement, misappropriation of trade secrets, violation and conspiracy

2    to violate the Racketeer Influenced and Corrupt Organizations Act, breach of

3    contract, intentional interference with contract, breach and aiding and abetting

4    breach of fiduciary duty, breach and aiding and abetting breach of duty of loyalty,

5    conversion, unfair competition, avoidance of intentional and constructive fraudulent

6    transfers under the Uniform Fraudulent Transfer Act, and declaratory relief.  Mattel

7    first sought to lodge an amended complaint with these causes of action on

8    November 20, 2006, but the causes of action were not filed as counterclaims until

9    January 12, 2007.

10          Under California law, which applies in this case, a claim for misappropriation

11   of trade secrets is barred under the statute of limitations if it is filed more than three

12   years after the party discovered or, by the exercise of reasonable diligence, should

13   have discovered the alleged misappropriation.  Thus, any evidence showing that

14   Mattel discovered or should have discovered that its alleged trade secrets were

15   misappropriated before November 20, 2003 would be evidence that Mattel cannot

16   assert its misappropriation of trade secrets claim because it was not filed within

17   three years of when it accrued.

18          MGA has reason to believe that Mattel learned about the alleged

19   misappropriation of trade secrets prior to November 20, 2003 through

20   communications between Mattel, or someone acting on its behalf, and solicitors for

21   Cityworld Limited ("Cityworld"), Toys & Trends (Hong Kong) Limited, Cityworld

22   ("Toys & Trends"), and Jurg Willi Kesselring ("Mr. Kesselring").  MGA issued a

23   Writ of Summons against Toys & Trends, Cityworld, and Mr. Kesselring on June

24   5th 2002 in Hong Kong High Court Action No. 2152 of 2002 ("Hong Kong

25   Action") regarding fashion dolls, and specifically the BRATZ dolls at issue in this

26   case; applied, by way of Summons based on Affirmation evidence, for an

27   interlocutory injunction against Toys & Trends, Cityworld, and Mr. Kesselring in

28   the Hong Kong Action on 18th June 2002; and filed a statement of claim in the

OHS West:260705847.5
22161-2006 DR5/EK8                                   -5-                    MGA'S [CORRECTED] [PROPOSED] LETTER OF
                                                                           REQUEST FOR JUDICIAL ASSISTANCE
                                                                           CV-04-0049 SGL (RNBx)

Exhibit F - Page 306

1   Hong Kong Action on July 5th 2002.   Toys & Trends, Cityworld and Mr.

2   Kesselring were represented by Hong Kong solicitor, Mr. Yu, and the firms at

3   which he had been a principal or employed, including Danny K. H. Yu & Co.; Paul

4   K. C. Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co.  According to

5   evidence produced in the Consolidated Proceeding, solicitors for Toys & Trends,

6   Cityworld and Mr. Kesselring reached out to Mattel at least as early as September

7   2003 regarding the BRATZ dolls and Mattel's former employee's (Carter Bryant)

8   involvement in the conception and design of the BRATZ dolls.  Such

9   correspondence prior to November 20, 2003, if sufficient to put Mattel on notice on

10   the claims it sought to add on November 20, 2006, could bar assertion of those

11   claims.

12        Danny K. H. Yu and his firm Danny K. H. Yu & Co. sought to take out a Bill

13   of Costs against MGA in connection with the Hong Kong Action.  In connection

14   with the Bill of Costs, they itemized and testified regarding details of the

15   communications with Mattel about the Cityworld claim.

16        Accordingly, this Letter of Request is directed and narrowly tailored to

17   evidence of communications between Mr. Yu and Mattel prior to November 20,

18   2003, and agreements or fee arrangements between Toys & Trends, Cityworld, Mr.

19   Kesselring, or any of them, and Mattel covering the period of time after the claim

20   was filed by MGA against Toys & Trends, Cityworld and Mr. Kesselring in June

21   2002.

22        The evidence sought is expected to show that Mattel was put on notice or

23   should have been put on notice of its claims against MGA more than three years

24   before it asserted those claims, rendering the claims barred by the statute of

25   limitations.

26   **4.     Evidence to be Obtained (Article 3(d)):**

27        As stated above, this Letter of Request is directed and narrowly tailored to

28   evidence of communications between Mattel and its U.S. counsel, on the one hand,

OHS West:260705847.5
22161-2006 DR5/EK8                    -6-                    MGA'S [CORRECTED] [PROPOSED] LETTER OF
                                                            REQUEST FOR JUDICIAL ASSISTANCE
                                                            CV-04-0049 SGL (RNBx)

Exhibit F - Page 307

1   and Mr. Yu and his law firms on the other hand, prior to November 20, 2003.  It is

2   also directed and narrowly tailored to agreements between Cityworld and Mattel in

3   the same time frame.  The evidence to be obtained is for use in an upcoming trial of

4   phase 2 of the consolidated actions that have been captioned *Bryant v. Mattel, Inc.*,

5   Case No. 04-9049 SGL (RNBx) (Consolidated with Case No. 04-9059 and Case

6   No. 05-2727).

7        Accordingly, it is requested that the High Court of the Hong Kong Special

8   Administrative Region Court of First Instance compel the following:

9        (1) the oral deposition under oath of Danny K. H. Yu in Hong Kong., as set

10   forth in Schedule A,

11       (2) the inspection of documents from Danny K. H. Yu, as set forth in

12   Schedule B;

13       (3) the inspection of documents from Danny K. H. Yu & Co.; Paul K. C.

14   Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co., as set forth in

15   Schedule C, and

16       As detailed above, it is alleged by MGA that Mattel had communications and

17   dealings with the above entities that are relevant to showing that Mattel knew or

18   should have known about its claims against MGA more than three years before it

19   asserted the claims, rendering the claims barred by the statute of limitations.

20   **5.        Name and Address of the Person to be Examined (Article 3(e)):**

21       Danny K. H. Yu (Examination & Inspection)
22       803, Manning House
         48 Queen's Road Central
23       Hong Kong

24       Danny K. H. Yu & Co. (Inspection only)
         803, Manning House
25       48 Queen's Road Central
         Hong Kong

26

27

28

OHS West:260705847.5
22161-2006 DR5/EK8                                    -7-              MGA'S [CORRECTED] [PROPOSED] LETTER OF
                                                                       REQUEST FOR JUDICIAL ASSISTANCE
                                                                       CV-04-0049 SGL (RNBx)

                                                                       Exhibit F - Page 308

1   Paul K. C. Chan, Danny K. H. Yu & Co. (Inspection only)
    8th Floor, Chinachem Tower,
2   34-37 Connaught Road Central
    Hong Kong
3
    Simon C. W. Yung & Co. (Inspection only)
4   Rm 2603-5, 26/F, ING Tower,
    308 Des Voeux Road Central,
5   Hong Kong

6   **6.      Statement of the Subject-Matter of the Examination (Article 3(f)):**

7          The subject matter about which Mr. Yu is to be examined is set forth in

8   Schedule A.

9   **7.      Documents or Other Property to be Inspected (Article 3(g)):**

10         The documents or other property requested from Mr. Yu are set forth in

11  Schedule B.

12         The documents or other property requested from Danny K. H. Yu & Co.;

13  Paul K. C. Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co. are set

14  forth in Schedule C.

15  **8.      Requirement that the Evidence Is to Be Given Under Oath (Article 3(h)):**

16         This Court requests that the examination of Mr. Yu shall be taken under oath

17  before the appropriate Hong Kong judicial authority empowered to administer oaths

18  and take testimony.

19         This Court further requests that the testimony given during the examinations

20  be given under the following oath: "I [name of deponent] swear that the testimony

21  that I am about to give is the truth, the whole truth and nothing but the truth, so help

22  me God."

23         In the event that the Law of Hong Kong does not permit the swearing of an

24  oath by a particular witness, the duly appointed officer shall make inquiry of such

25  witness to ensure that he/she understands the gravity of the procedure and affirms

26  that his/her statement will be true and correct in all respects.

27  **9.      Special Method or Procedure to be Followed (Articles 3(i) and 9):**

28         A Protective Order was entered in this action on January 4, 2005 (Exhibit A

---

OHS West:260705847.5
22161-2006 DR5/EK8

-8-

MGA'S [CORRECTED] [PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 SGL (RNBx)

Exhibit F - Page 309

1   hereto).  Accordingly, this Court requests that the High Court of the Hong Kong

2   Special Administrative Region Court of First Instance order that the oral evidence

3   produced pursuant to enforcement of this Letter of Request shall not be used by

4   anyone in any manner or proceeding other than in this matter, *Bryant v. Mattel,*

5   *Inc.*, Case No. 04-9049 SGL (RNBx) (consolidated with Case No. 04-9059 and

6   Case No. 05-2727), pending in the United States District Court for the Central

7   District of California.

8        The examinations shall be taken under the Federal Rules of Civil Procedure

9   of the United States of America, except to the extent such procedure is

10  incompatible with the internal laws of Hong Kong.

11       The examinations shall be taken before a commercial stenographer and a

12  transcript shall be produced. The examinations shall also be videotaped.

13       The equipment needed to obtain the transcript and the videotape, as well as

14  the persons needed to operate such equipment, will be provided by the requesting

15  party, MGA.

16  **10.    Notification of Court and Parties (Article 7)**

17       Pursuant to Article 7 of the Hague Convention on the Taking of Evidence

18  Abroad, the Court requests that counsel for the parties in this action, listed in

19  paragraph 2 above, be informed of the time when, and the place where, the

20  proceedings will take place, in order that they may be present and participate.  In

21  the event that American attorneys are not permitted to participate in the

22  proceedings, this Court gives permission for local Hong Kong counsel representing

23  the parties to participate in the questioning of the witnesses.

24  **11.    Reciprocity**

25       This Court respectfully expresses its willingness to provide similar assistance

26  to the High Court of the Hong Kong Special Administrative Region Court of First

27  Instance.

28

OHS West:260705847.5
22161-2006 DR5/EK8

-9-

**MGA'S [CORRECTED] [PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE**
CV-04-0049 SGL (RNBx)

Exhibit F - Page 310

1  **12.      Fees and Costs**

2          Any fees and costs incurred as a result of the special procedures set forth in

3  section 9 above will be paid by MGA through its counsel of record:  Annette Hurst,

4  Orrick Herrington & Sutcliffe LLP, 405 Howard Street, San Francisco, CA 94105.

5  MGA's payment of any such fees and costs is without prejudice to its making a

6  subsequent request to be reimbursed for these costs by other parties in these

7  consolidated actions.

8                                              **Conclusion**

9          Based on the foregoing and the Court's review of the pleadings, this Court

10  has concluded that the above-requested persons and entities have information about

11  the claims and defenses that are the subject of the Consolidated Proceeding,

12  including but not limited to communications with Mattel prior to November 20,

13  2003 relating to the claims at issue and agreements between Mattel and Cityworld.

14  In the spirit of comity and reciprocity, this Court hereby requests international

15  judicial assistance as detailed in this Letter of Request to compel:

16          (1) the oral deposition under oath of Danny K. H. Yu in Hong Kong., as set

17  forth in Schedule A,

18          (2) the inspection of documents from Danny K. H. Yu, as set forth in

19  Schedule B; and

20          (3) the inspection of documents from Danny K. H. Yu & Co.; Paul K. C.

21  Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co., as set forth in

22  Schedule C.

23

24

25

26

27

28

OHS West:260705847.5
22161-2006 DR5/EK8                                   -10-                    MGA'S [CORRECTED] [PROPOSED] LETTER OF
                                                                            REQUEST FOR JUDICIAL ASSISTANCE
                                                                            CV-04-0049 SGL (RNBx)

Exhibit F - Page 311

1      The evidence sought cannot be obtained other than from the entities set forth

2 in this request through examination and inspection of documents in their respective

3 possession, and such evidence in the interests of justice and to assure a complete

4 record for trial in this matter.

7 DATED: _____, 2009

9                   By:_____

10                      THE HONORABLE STEPHEN G. LARSON
                     UNITED STATES DISTRICT COURT JUDGE

12 Authenticated of Signature by Clerk of the Court:

14                  TERRY NAFISI, Clerk of the Court

16                   By:_____

17                      Deputy Clerk _____

18 Court's Authentication that the Clerk of Court is the Clerk of Court:

20                   By:_____

21                      THE HONORABLE STEPHEN G. LARSON
                     UNITED STATES DISTRICT COURT JUDGE

23 Authenticated of Signature by Clerk of the Court:

25                  TERRY NAFISI, Clerk of the Court

27                   By:_____

28                      Deputy Clerk _____

OHS West:260705847.5
22161-2006 DR5/EK8

-11-

MGA'S [CORRECTED] [PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 SGL (RNBx)

Exhibit F - Page 312

1
2

## <u>SCHEDULE A</u>

SUBJECT MATTER ABOUT WHICH MR. YU IS TO BE EXAMINED:

3   1.  Communications between Mr. Danny K. H. Yu or anyone acting on his behalf
4       (together, "Mr. Yu"), and Mattel, Inc. or anyone acting on Mattel's behalf
5       (together, "Mattel") from and including August 1, 2003 through November 20,
6       2003, in connection with or arising from the provision of any information or
7       materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or
8       the receipt of the same by Mattel.

9   2.  Communications between Mr. Yu and Mattel prior to November 20, 2003
10      regarding BRATZ in connection with or arising from the provision of any
11      information or materials filed in Hong Kong High Court Action No. 2152 of
12      2002 to Mattel or the receipt of the same by Mattel.

13  3.  Communications between Mr. Yu and Mattel prior to November 20, 2003
14      regarding Carter Bryant in connection with or arising from the provision of any
15      information or materials filed in Hong Kong High Court Action No. 2152 of
16      2002 to Mattel or the receipt of the same by Mattel.

17  4.  Communications between Mr. Yu and Mattel prior to November 20, 2003
18      regarding MGA in connection with or arising from the provision of any
19      information or materials filed in Hong Kong High Court Action No. 2152 of
20      2002 to Mattel or the receipt of the same by Mattel.

21  5.  Agreements entered into between Mattel and Cityworld Limited ("Cityworld"),
22      Toys & Trends (Hong Kong) Limited, Cityworld ("Toys & Trends"), and Jurg
23      Willi Kesselring ("Mr. Kesselring"), or any of them, including any agreements
24      to pay legal fees incurred by Cityworld, Toys & Trends, Mr. Kesselring, or any
25      of them at any time from and including June 2002 through the present in
26      connection with or arising from Hong Kong High Court Action No. 2152 of
27      2002.

28

OHS West:260705847.5
22161-2006 DR5/EK8

-12-

MGA's [CORRECTED] [PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 SGL (RNBx)

Exhibit F - Page 313

6. Payment by Mattel of legal fees incurred by Cityworld, Toys & Trends, Mr. Kesselring, or any of them at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

OHS West:260705847.5
22161-2006 DR5/EK8

-13-

MGA'S [CORRECTED] [PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 SGL (RNBx)

Exhibit F - Page 314

## SCHEDULE B

REQUESTS FOR INSPECTION OF DOCUMENTS TO DANNY K.H. YU:

1.  Communications between Mr. Danny K. H. Yu or anyone acting on his behalf (together, "Mr. Yu"), and Mattel, Inc. or anyone acting on Mattel's behalf (together, "Mattel") from and including August 1, 2003 through November 20, 2003, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

2.  Documents reflecting communications between Mr. Yu and Mattel from and including August 1, 2003 through November 20, 2003, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

3.  Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding BRATZ in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

4.  Documents reflecting communications between Mr. Yu and Mattel prior to November 20, 2003 regarding BRATZ, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

5.  Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding Carter Bryant in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

OHS West:260705847.5
22161-2006 DR5/EK8

-14-

MGA's [CORRECTED] [PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 SGL (RNBx)

Exhibit F - Page 315

6. Documents reflecting communications between Mr. Yu and Mattel prior to November 20, 2003 regarding Carter Bryant, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

7. Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding MGA in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

8. Documents reflecting communications between Mr. Yu and Mattel prior to November 20, 2003 regarding MGA, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

9. Agreements entered into between Mattel and Cityworld, Toys & Trends, Mr. Kesselring, or any of them, including any agreements to pay legal fees incurred by Cityworld Toys & Trends, Mr. Kesselring, or any of them, at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

10. Documents reflecting payment by Mattel of legal fees incurred by Cityworld Toys & Trends, Mr. Kesselring, or any of them, at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

OHS West:260705847.5
22161-2006 DR5/EK8

-15-

MGA'S [CORRECTED] [PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 SGL (RNBx)

Exhibit F - Page 316

## <u>SCHEDULE C</u>

REQUESTS FOR INSPECTION OF DOCUMENTS TO

> (1) DANNY K. H. YU & CO.;

> (2) PAUL K. C. CHAN, DANNY K. H. YU & CO.; AND

> (3) SIMON C. W. YUNG & CO.:

1. Communications between Mr. Danny K. H. Yu or any other employee of Danny K. H. Yu & Co.; Paul K. C. Chan, Danny K. H. Yu & Co.; Simon C. W. Yung & Co. or anyone acting on their behalf (together "Yu's Firm"), and Mattel, Inc. or anyone acting on Mattel's behalf (together, "Mattel") from and including August 1, 2003 through November 20, 2003, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

2. Documents reflecting communications between Yu's Firm and Mattel from and including August 1, 2003 through November 20, 2003, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

3. Communications between Yu's Firm and Mattel prior to November 20, 2003 regarding BRATZ in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

4. Documents reflecting communications between Yu's Firm and Mattel prior to November 20, 2003 regarding BRATZ, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

OHS West:260705847.5
22161-2006 DR5/EK8

-16-

MGA'S [CORRECTED] [PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 SGL (RNBx)

Exhibit F - Page 317

5. Communications between Yu's Firm and Mattel prior to November 20, 2003 regarding Carter Bryant, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

6. Documents reflecting communications between Yu's Firm and Mattel prior to November 20, 2003 regarding Carter Bryant, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

7. Communications between Yu's Firm and Mattel prior to November 20, 2003 regarding MGA in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

8. Documents reflecting communications between Yu's Firm and Mattel prior to November 20, 2003 regarding MGA, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

9. Agreements entered into between Mattel and Cityworld, Toys & Trends, Mr. Kesselring, or any of them, including any agreements to pay legal fees incurred by Cityworld at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

OHS West:260705847.5
22161-2006 DR5/EK8

-17-

MGA'S [CORRECTED] [PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 SGL (RNBx)

Exhibit F - Page 318

10. Documents reflecting payment by Mattel of legal fees incurred by Cityworld, Toys & Trends, Mr. Kesselring, or any of them, at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

OHS West:260705847.5
22161-2006 DR5/EK8

-18-

MGA'S [CORRECTED] [PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 SGL (RNBx)

Exhibit F - Page 319

# EXHIBIT 2A

1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA 94105
6   Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:   +1-213-612-2499
11
    Attorneys for MGA Parties
12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                  EASTERN DIVISION

16  | CARTER BRYANT, an individual | Case No. CV 04-9049 SGL (RNBx) |
17  |            Plaintiff, | Consolidated with: |
    |                       | CV 04-9059 |
18  | v. | CV 05-2727 |
19  | MATTEL, INC., a Delaware | [CORRECTED[ [PROPOSED] LETTER |
    | Corporation | OF REQUEST FOR JUDICIAL |
20  |            Defendant. | ASSISTANCE  BY THE UNITED |
    |                       | STATES DISTRICT COURT FOR THE |
21  |                       | CENTRAL DISTRICT OF |
22  |                       | CALIFORNIA REGARDING BIRD & |
    | AND CONSOLIDATED ACTIONS | BIRD |
23
24
25
26
27
28

1  TO THE CHIEF SECRETARY FOR ADMINISTRATION OF HONG KONG

2  SAR:

3        The United States District Court for the Central District of California

4  presents its compliments to the Hong Kong Central Authority, namely the Chief

5  Secretary for Administration of Hong Kong SAR, and requests international

6  judicial assistance to obtain evidence to be used in a civil proceeding before this

7  court in the above captioned matter.  A trial on this matter is scheduled for March

8  23, 2010 in Riverside, California, United States of America.

9        This Court requests that the assistance described herein, as necessary in the

10  interests of justice.  The assistance requested is that the High Court of the Hong

11  Kong Special Administrative Region Court of First Instance compel: the inspection

12  of documents from Bird & Bird, as set forth in Schedule A.

13        The requested documents are intended for use at trial, and will be relevant to

14  numerous claims and defenses at issue in the above-captioned case in this District.

15        This request is made with the understanding that it will in no way require the

16  persons described below to commit any offense, nor will it require the persons

17  described below to undergo a broader form of inquiry than they would if the

18  litigation were conducted in Hong Kong.

19                      **LETTER OF REQUEST**

20        This Letter of Request is made pursuant to the Hague Convention of 18

21  March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters

22  ("Hague Convention").  Accordingly, the Letter of Request sets forth the following

23  requirements under the applicable Articles of the Hague Convention, as well as

24  other information pertinent to this particular proceeding:

25

26

27

28

1.    **Authority Requesting Letter of Request (Article 3(a)):**

Hon. Stephen G. Larson
United States District Judge
United States District Court for the Central District of California
Room 260
3470 Twelfth Street
Riverside, CA 92501
Tel: (951) 328-4464

The United States District Court for the Central District of California, Eastern Division, which is a competent court of law and equity which properly has jurisdiction over this proceeding, has the power to compel the attendance of witnesses and inspection of documents within its jurisdiction, and has the authority to seek the assistance of foreign governments in compelling the attendance of witnesses and inspection of documents outside its jurisdiction.

**Authority Requested to Executed Letter of Request (Article 3(a)):**

Chief Secretary for Administration of Hong Kong SAR
Central Government Offices
Lower Albert Road
Hong Kong,
Tel: (011) (852) 8102954

2.    **Names and Addresses of the Parties and Representatives (Article 3(b)):**

| **Party** | **Representative** |
| --- | --- |
| Mattel, Inc. ("Mattel") | John B. Quinn, Esq.<br>Michael T. Zeller, Esq.<br>Jon D. Corey, Esq.<br>QUINN EMANUAL URQUHART OLIVER & HEDGES LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017 |
| MGA Entertainment, Inc.;<br>MGAE de Mexico, S.R.L. de C.V.;<br>MGA Entertainment (HK) Limited;<br>Isaac Larian<br>("MGA") | Melinda Haag, Esq.<br>Annette L. Hurst, Esq.<br>Warrington S. Parker, III, Esq.<br>ORRICK HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94104 |

| | |
|---|---|
| | William A. Molinski, Esq.<br>ORRICK HERRINGTON &<br>SUTCLIFFE LLP<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, CA 90017 |
| | Thomas J. Nolan, Esq.<br>Jason Russell, Esq.<br>SKADDEN ARPS SLATE<br>MEAGHER & FLOM LLP<br>3000 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071 |
| Carlos Gustavo Machado Gomez | Mark E. Overland, Esq.<br>David C. Scheper, Esq.<br>Alexander H. Cote, Esq.<br>OVERLAND, BORENSTEIN,<br>SCHEPER & KIM, LLP<br>300 S. Grand Avenue, Suite 2750<br>Los Angeles, CA 90071 |
| Omni 808 Investors, LLC | Todd E. Gordinier, Esq.<br>Peter N. Villar, Esq.<br>Craig A. Taggart, Esq.<br>BINGHAM MCCUTCHEN LLP<br>600 Anton Blvd., 18th Floor<br>Costa Mesa, CA 92626 |

3.     **Nature of the Proceedings (Article 3(c)):**

The evidence requested relates to civil proceedings entitled *Bryant v. Mattel, Inc.,* Case No. CV 04-9049 SGL (RNBx) ("Consolidated Proceeding"), which consists of three actions that have been instituted and consolidated before the requesting judicial authority: *Bryant v. Mattel, Inc.*, Case No. CV 04-9049 SGL (RNBx); *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 SGL (RNBx), and *MGA Entertainment v. Mattel, Inc.*, Case No. CV 05-2727 SGL (RNBx).  The Consolidated Proceeding is a civil lawsuit, and the applicant for this Letter of Request is a party to the proceeding, MGA.  In the Consolidated Proceeding, MGA brought a complaint against Mattel alleging false designation of origin, unfair competition, dilution and unjust enrichment.  Mattel filed counterclaims for copyright infringement, misappropriation of trade secrets, violation and conspiracy

1    to violate the Racketeer Influenced and Corrupt Organizations Act, breach of

2    contract, intentional interference with contract, breach and aiding and abetting

3    breach of fiduciary duty, breach and aiding and abetting breach of duty of loyalty,

4    conversion, unfair competition, avoidance of intentional and constructive fraudulent

5    transfers under the Uniform Fraudulent Transfer Act, and declaratory relief.  Mattel

6    first sought to lodge an amended complaint with these causes of action on

7    November 20, 2006, but the causes of action were not filed as counterclaims until

8    January 12, 2007.  MGA has reason to believe that Mattel learned about the claims

9    it seeks to assert against MGA at search an early date that Mattel is barred from

10    asserting those claims by the statute of limitations and laches.

11        For example, under California law, which applies in this case, a claim for

12    misappropriation of trade secrets is barred under the statute of limitations if it is

13    filed more than three years after the party discovered or, by the exercise of

14    reasonable diligence, should have discovered the alleged misappropriation.  Thus,

15    any evidence showing that Mattel discovered or should have discovered that its

16    alleged trade secrets were misappropriated before November 20, 2003 would be

17    evidence that Mattel cannot assert its misappropriation of trade secrets claim

18    because it was not filed within three years of when it accrued.

19        MGA has reason to believe that Mattel learned about the alleged

20    misappropriation of trade secrets prior to November 20, 2003 through

21    communications between its counsel at Quinn Emanuel Urquhart Oliver & Hedges,

22    LLP ("Quinn") and Bird & Bird, a solicitors' firm in the Hong Kong Special

23    Administrative Region.  On September 23, 2003, Quinn received one or more

24    facsimiles from Bird & Bird allegedly attaching the Writ of Summons issued in

25    Hong Kong High Court Action No. 2152 of 2002 ("Hong Kong Action"). There are

26    several discrepancies associated with the facsimile(s) that has been produce to

27    MGA in the Consolidated Proceeding, which lead MGA to believe that it may not

28    have the complete document(s) transmitted from Bird & Bird: (1) the header on the

1   facsimile changes between pages ten and eleven indicating that there may have

2   been two different facsimile transmissions from two different machines (the

3   numbering convention changes from "01, 02, 03…" to "11/46, 12/46, 13/46…");

4   (2) also between pages ten and eleven, there is a 18 minute time gap, from 14:37 to

5   14:55; (3) the cover page to the fax indicates that it is 44 pages (including this

6   page), while the header on pages eleven to forty-six indicates that a forty-six page

7   fax was sent.  (Pages with "01" to "10" in the header are attached hereto as Exhibit

8   A.  Pages with "11/46" to "46/46" in the header are attached hereto as Exhibit B.)

9   These discrepancies indicate that Bird & Bird may have sent two facsimile

10  transmissions with materials in addition to those that MGA has been provided in

11  the Consolidated Proceeding.  If Mattel, through Quinn, received additional

12  information about the Hong Kong Action from Bird & Bird prior to November 20,

13  2003, its claims may be time-barred.

14        This Letter of Request is directed and narrowly tailored to inspection of the

15  original and copies of the facsimile transmission(s) from Bird & Bird dated

16  September 23, 2003, and confirmation of transmission as generated by the facsimile

17  machine.  The evidence sought is expected to show that Mattel was put on notice or

18  should have been put on notice of its claims against MGA more than three years

19  before it asserted those claims, rendering the claims barred by the statute of

20  limitations.

21  **4.      Evidence to be Obtained (Article 3(d)):**

22        As stated above, this Letter of Request is directed and narrowly tailored to

23  inspection of the original facsimile transmission(s) from Bird & Bird on September

24  23, 2003.  The evidence to be obtained is for use in an upcoming trial of phase 2 of

25  the consolidated actions that have been captioned *Bryant v. Mattel, Inc*., Case No.

26  04-9049 SGL (RNBx) (Consolidated with Case No. 04-9059 and Case No. 05-

27  2727).

28  / / /

MGA'S [CORRECTED] [PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 SGL (RNBx)

1    Accordingly, it is requested that the High Court of the Hong Kong Special

2    Administrative Region Court of First Instance compel the following: the inspection

3    of documents from Bird & Bird, as set forth in Schedule A.

4    As detailed above, it is alleged by MGA that Mattel had communications and

5    dealings with the above entities that are relevant to showing that Mattel knew or

6    should have known about its claims against MGA more than three years before it

7    asserted the claims, rendering the claims barred by the statute of limitations.

8    **5.    Name and Address of the Person to be Examined (Article 3(e)):**

9        Bird & Bird (Inspection only)
10       33/F, Three Pacific Place,
         1 Queen's Road East,
11       Hong Kong

12   **6.    Statement of the Subject-Matter of the Examination (Article 3(f)):**

13       This Letter of Request seeks only inspection of documents.

14   **7.    Documents or Other Property to be Inspected (Article 3(g)):**

15       The documents or other property requested from Bird & Bird are set forth in

16   Schedule A.

17   **8.    Requirement that the Evidence Is to Be Given Under Oath (Article 3(h)):**

18       This Letter of Request seeks only inspection of documents.

19   **9.    Special Method or Procedure to be Followed (Articles 3(i) and 9):**

20       A Protective Order was entered in this action on January 4, 2005 (Exhibit C

21   hereto).  Accordingly, this Court requests that the High Court of the Hong Kong

22   Special Administrative Region Court of First Instance order that evidence produced

23   pursuant to enforcement of this Letter of Request shall not be used by anyone in

24   any manner or proceeding other than in this matter, *Bryant v. Mattel, Inc.*, Case No.

25   04-9049 SGL (RNBx) (consolidated with Case No. 04-9059 and Case No. 05-

26   2727), pending in the United States District Court for the Central District of

27   California.

28   / / /

**MGA'S [CORRECTED] [PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 SGL (RNBx)**

Exhibit F - Page 327

**10.     Notification of Court and Parties (Article 7)**

Pursuant to Article 7 of the Hague Convention on the Taking of Evidence Abroad, the Court requests that counsel for the parties in this action, listed in paragraph 2 above, be informed of the time when, and the place where, the requested inspection will take place, in order that they may be present and participate.  In the event that American attorneys are not permitted to participate in the proceedings, this Court gives permission for local Hong Kong counsel representing the parties to participate in the inspection.

**11.     Reciprocity**

This Court respectfully expresses its willingness to provide similar assistance to the High Court of the Hong Kong Special Administrative Region Court of First Instance.

## <u>Conclusion</u>

Based on the foregoing and the Court's review of the pleadings, this Court has concluded that the above-requested entity has information about the claims and defenses that are the subject of the Consolidated Proceeding, namely facsimile correspondence with Mattel on September 23, 2003.  In the spirit of comity and reciprocity, this Court hereby requests international judicial assistance as detailed in this Letter of Request to compel: the inspection of documents from Bird & Bird, as set forth in Schedule A.

The evidence sought cannot be obtained other than from Bird & Bird through inspection of documents in its possession, and such evidence in the interests of justice and to assure a complete record for trial in this matter.

1  DATED: _____, 2009

2

3                                          By:_____

4                                              THE HONORABLE STEPHEN G. LARSON
                                                UNITED STATES DISTRICT COURT JUDGE

5

6  Authenticated of Signature by Clerk of the Court:

7

8                                          TERRY NAFISI, Clerk of the Court

9

10                                         By:_____

11                                             Deputy Clerk _____

12  Court's Authentication that the Clerk of Court is the Clerk of Court:

13

14                                         By:_____

15                                             THE HONORABLE STEPHEN G. LARSON
                                                UNITED STATES DISTRICT COURT JUDGE

16

17

18  Authenticated of Signature by Clerk of the Court:

19

20                                         TERRY NAFISI, Clerk of the Court

21

22                                         By:_____

23                                             Deputy Clerk _____

24

25

26

27

28

OHS West:260722013.2                                        -9-                  **MGA'S [CORRECTED] [PROPOSED] LETTER OF
                                                                                    REQUEST FOR JUDICIAL ASSISTANCE**
                                                                                    CV-04-0049 SGL (RNBx)

Exhibit F - Page 329

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>SCHEDULE A</u>

REQUESTS FOR INSPECTION OF DOCUMENTS TO BIRD & BIRD:

1.  The original and copies of the complete set of documents transmitted by facsimile from Bird & Bird to Quinn, beginning with the pages attached hereto as Exhibit A.

2.  The confirmation of transmission provided by the facsimile machine for the facsimile from Bird & Bird to Quinn that begins with the pages attached hereto as Exhibit A.

3.  The original and copies of the complete set of documents transmitted by facsimile from Bird & Bird to Quinn, ending with the pages attached hereto as Exhibit B.

4.  The confirmation of transmission provided by the facsimile machine for the facsimile from Bird & Bird to Quinn that ends with the pages attached hereto as Exhibit B.