QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 DOC (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| vs. | **DISCOVERY MATTER**<br>**[To Be Heard By Discovery Master Robert O'Brien]** |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE THE MGA PARTIES' GENERAL OBJECTIONS RE JURISDICTION AND FOR RECONSIDERATION OF PORTIONS OF ORDER NO. 70; AND |
| AND CONSOLIDATED ACTIONS | |
| | MEMORANDUM OF POINTS AND AUTHORITIES |
| | [Separate Statement and Declaration of Tamara Jih filed concurrently] |
| | Date:   TBD<br>Time:   TBD<br>Place:  Arent Fox |
| | **Phase 2**<br>Discovery: June 1, 2010<br>Pre-trial Conference:  TBD<br>Trial Date:  TBD |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a time and place of hearing to be set by Discovery Master Robert O'Brien, Mattel, Inc. ("Mattel") will, and hereby does, move the Discovery Master for:

(1) an order striking:

(a) General Objection No. 9 of MGA Entertainment, Inc.'s Responses to Mattel's First Set of Requests for Production of Documents and Tangible Things, dated April 13, 2005;

(b) General Objection No. 9 of MGA Entertainment, Inc.'s Responses to Mattel's Second Set of Requests for Production of Documents and Things, dated July 9, 1007;

(c) General Objection No. 9 of MGA Entertainment, Inc.'s Supplemental Responses to Mattel's Second Set of Requests for Production of Documents and Things, dated September 18, 2007;

(d) General Objection No. 9 of MGA Entertainment, Inc.'s Second Supplemental Objections and Response to Request No. 1 of Mattel's Second Set of Requests for Production of Documents and Things, dated December 7, 2007;

(e) General Objection No. 9 of MGA Entertainment (HK) Limited's Supplemental Responses to Mattel's First Set of Requests for Production of Documents and Things, dated November 15, 2007;

(f) General Objection Nos. 11 and 12 of MGA Entertainment, Inc.'s Objections and Responses to Mattel's Third Set of Requests for Production of Documents and Things, dated November 26, 2007;

(g) General Objection Nos. 11 and 12 of MGA Entertainment, Inc.'s Objections and Supplemental Responses to Mattel's Third Set of Requests for Production of Documents and Things, dated January 9, 2008;

MOTION TO STRIKE AND FOR RECONSIDERATION

1            (h) General Objection Nos. 11 and 12 of MGA Entertainment,

2    Inc.'s Further Supplemental Objections and Responses to Mattel's Third Set of

3    Requests for Production of Documents and Things, dated April 30, 2008;

4            (i) General Objection Nos. 11 and 12 of MGA Entertainment,

5    Inc.'s Objections and Responses to Mattel's Fourth Set of Requests for Production of

6    Documents and Things, dated November 26, 2007;

7            (j) General Objection Nos. 11 and 12 of MGAE de Mexico

8    S.R.L. de C.V.'s Objections and Responses to Mattel's First Set of Requests for

9    Production of Documents and Things, dated December 21, 2007;

10           (k) General Objection Nos. 11 and 12 of MGA Entertainment,

11   Inc.'s Objections and Responses to Mattel's Fifth Set of Requests for Production of

12   Documents and Things, dated December 27, 2007;

13           (l) General Objection Nos. 11 and 12 of Response to Mattel,

14   Inc.'s Second Set of Requests for Documents and Things to MGAE de Mexico

15   S.R.L. de C.V., dated January 11, 2008;

16           (m) General Objection Nos. 11 and 12 of Response to Mattel's

17   Sixth Set of Request for Production of Documents and Things to MGA

18   Entertainment, Inc., dated January 11, 2008;

19           (n) General Objection Nos. 11 and 12 of Response to Mattel's

20   Second Set of Requests for Production of Documents and Things to Isaac Larian,

21   dated January 11, 2008;

22           (o) General objection Nos. 11 and 12 of Response to Mattel's

23   Second Set of Requests for Documents and Things to MGA Entertainment (HK)

24   Limited, dated January 17, 2008;

25           (p) General Objection Nos. 14 and 15 of Response to Mattel's

26   Seventh Set of Requests for Documents and Things to MGA Entertainment, Inc.,

27   dated February 21, 2008;

28

1    (q) General Objection Nos. 14 and 15 of Response to Mattel's
2    Third Set of Requests for Documents and Things to MGA de Mexico, S.R.L. de
3    C.V., dated February 21, 2008;

4    (r) General Objection Nos. 14 and 15 of Response to Mattel's
5    Third Set of Requests for Documents and Things to MGA (HK) Limited, dated
6    February 21, 2008; and

7    (s) General Objection Nos. 14 and 15 of Response to Mattel's
8    Third Set of Requests for Documents and Things to Isaac Larian, dated February 21,
9    2008; and

10    (2) an order compelling the MGA Parties to produce any documents
11    that were either previously compelled in this litigation or that were agreed to be
12    produced which they have not produced based on the General Objections listed
13    above.

14    Furthermore, Mattel respectfully moves for reconsideration of the
15    Discovery Master's Order No. 70 to the extent it requires Mattel to demonstrate the
16    discoverability of information under a balancing test for each individual request for
17    production to which the MGA Parties have incorporated by reference their blanket
18    jurisdiction general objections.  Among other things, with respect to previously
19    compelled requests, the MGA Parties waived the above listed General Objections by
20    not asserting them in opposition to Mattel's motions to compel that resulted in such
21    Orders.

22    This Motion is made pursuant to Federal Rules of Civil Procedure
23    33(b)(5) and 37(a) on the grounds that the MGA Parties have asserted improper
24    blanket objections.

25    This Motion is based on this Notice of Motion and Motion, the
26    accompanying Memorandum of Points and Authorities, the concurrently filed
27    Separate Statement, the Declaration of Tamara Jih, the records and files of this
28    Court, and all other matters of which the Court may take judicial notice.

-4-

## Statement of Rule 37-1 Compliance

The parties met and conferred regarding this Motion on July 13 and July 21, 2009.[1]


DATED:  October 30, 2009              QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP


                                      By /s/ Michael T. Zeller
                                         Michael T. Zeller
                                         Attorneys for Mattel. Inc.

---

[1]   See Mattel's Motion: (1) to Enforce Order Compelling the Omni Parties to Produce Documents, 92) to Strike Objections, and (3) for Sanctions, dated July 24, 2009 ("Mattel's Motion to Strike"), at 3, attached as Exhibit 20 to the Declaration of Tamara Jih ("Jih Dec.").

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES.............................................1

PRELIMINARY STATEMENT ...............................................................................1

STATEMENT OF FACTS .........................................................................................2

ARGUMENT ..............................................................................................................5

I.      THE DISCOVERY MASTER SHOULD STRIKE EACH OF THE MGA PARTIES' GENERAL OBJECTIONS BASED ON A PURPORTED LACK OF JURISDICTION ......................................................5

II.     THE DISCOVERY MASTER SHOULD RECONSIDER ORDER NO. 70'S IMPOSITION ON MATTEL OF A "BALANCING TEST" AS TO EACH OF THE RFP'S INCORPORATING GENERAL OBJECTIONS ........................................................................................8

CONCLUSION................................................................................................11

1

## <u>TABLE OF AUTHORITIES</u>

2
<u>Page</u>

3
<u>Cases</u>

4   <u>Calderon v. Presidio Valley Farmers Ass'n,</u>
5       863 F.2d 384 (5th Cir. 1989) ....................................................................7

6   <u>DL v. District of Columbia,</u>
        251 F.R.D. 38 (D.D.C. 2008) ...................................................................5

7   <u>Diapulse Corp. of America v. Curtis Publishing Co.,</u>
8       374 F.2d 442 (2d Cir. 1967) .....................................................................7

9   <u>Diederich v. Dep't of Army,</u>
        132 F.R.D. 614 (S.D.N.Y. 1990) ...........................................................10

10
11  <u>Eidukonis v. Southeastern Pennsylvania Transp. Authority,</u>
        1987 WL 16321 (E.D. Pa. 1987) .............................................................8

12  <u>Fleet Systems, Inc. v. Federal Coach, LLC,</u>
        2007 WL 2264618 (D. Neb. 2007)...........................................................7
13
14  <u>Henry v. Champlain Enterprises, Inc.,</u>
        212 F.R.D. 73 (N.D.N.Y. 2003) .............................................................10

15  <u>Johnson v. Kraft Foods N. Am., Inc.,</u>
        238 F.R.D. 648 (D. Kan. 2006) ...............................................................7
16
17  <u>Kaur v. Alameida,</u>
        2007 WL 1521564 (E.D. Cal. May 23, 2007)......................................6, 10

18
19  <u>Oakes v. Halvorsen Marine Ltd.,</u>
        179 F.R.D. 281 (C.D. Cal. 1998)..............................................................5

20  <u>PLX, Inc. v. Prosystems, Inc.,</u>
        220 F.R.D. 291 (N.D. W.Va. 2004) .........................................................5
21
22  <u>Ramirez v. County of Los Angeles,</u>
        231 F.R.D. 407 (C.D. Cal. 2005)..............................................................5

23  <u>Richmark Corp. v. Timber Falling Consultants,</u>
        959 F.2d 1468 (9th Cir. 1992)...................................................................7
24
25  <u>Sonnino v. Univ. of Kan. Hosp. Auth.,</u>
        221 F.R.D. 661 (D. Kan. 2004) ...............................................................7

26  <u>Swackhammer v. Sprint Corp. PCS,</u>
27      225 F.R.D. 658 (D. Kan. 2004) ...............................................................6

28

1

### **Statutes**

2    <u>Federal Rule of Civil Procedure</u> 26(b) ........................................................................ 8

3    <u>Local Rule</u> 7-18 ........................................................................................................ 9

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

The MGA Parties continue to refuse to withdraw their baseless general jurisdictional objections to Mattel's requests for production ("RFP's").  To date, the MGA Parties have asserted jurisdictional general objections in <u>nineteen</u> different sets of responses to Mattel's requests for production, and have incorporated those general objections "by reference" to every single RFP in each of those sets.  Despite their persistence in maintaining these objections, the MGA Parties do not actually discuss these general objections in any of their specific responses.  In other words, the MGA Parties completely fail to apply or justify their jurisdiction objections to a single RFP.  Such blanket, general objections are *per se* improper because they do not provide Mattel, much less the Court, with sufficient information to evaluate their sufficiency.  The Discovery Master should strike these objections and order the MGA Parties to produce any documents that were either previously compelled in this litigation or that were agreed to be produced which they have not produced on such grounds.

Mattel also seeks reconsideration of Order No. 70 to the extent that the Discovery Master ruled that Mattel must meet a balancing test applicable to each individual RFP to which the MGA Parties have asserted their blanket jurisdiction general objections before these objections can be struck.  Judge Larson's July 9, 2009 Order, on which the Discovery Master relies, included no such requirement.  Furthermore, such a ruling is not consistent with prior Discovery Master rulings.  Not only have prior decisions in fact struck general objections outright without individual RFP analysis, but it would be inappropriate to apply an RFP-by-RFP balancing test to requests that the MGA Parties were already compelled on by prior Orders.  Such general objections were waived under well-settled law by the MGA Parties' failure to assert them in opposition to Mattel's motions to compel.  Finally,

imposing an RFP-by-RFP balancing test requirement would effectively insulate general objections from scrutiny and would displace the burden on the MGA Parties to substantiate their general objections in the first instance.

### Statement of Facts

The MGA Parties Assert Improper General Objections Based on Jurisdiction Against Mattel's Requests for Production.   The MGA Parties have engaged in the practice of asserting general objections based on undefined and unsubstantiated jurisdiction grounds against Mattel's requests for production.   In fact, the MGA Parties have asserted general objections based on jurisdictional grounds in <u>nineteen</u> sets of responses to Mattel's requests for production.[2]   For example, in MGA's response to Mattel's First Set of Requests for Production of Documents and Tangible Things, MGA asserts a general objection "to each request to the extent it seeks information relating to activities or conduct in foreign countries," and explains that "[i]n each instance in which MGA has agreed to produce documents, such production is hereby expressly limited to documents relating to domestic activities or conduct only."[3]   MGAE de Mexico, MGA (HK), and Isaac Larian have asserted such general objections in their responses to Mattel's requests for production as well.   For example, in response to Mattel's Third Set of RFP's, they each assert general objections: (1) "to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties;"[4] and (2) "to each request to the extent it seeks information relating to the activities or

---

[2]  Jih Dec., at ¶ 2.
[3]  MGA's Responses to Mattel's First Set of Requests for Production of Documents and Things, dated April 13, 2005, at 3, Jih Dec., Exh. 1.
[4]  <u>See</u> Response to Mattel's Third Set of Requests for Documents and Things to MGA de Mexico, S.R.L. de C.V., dated February 21, 2008, at 6, Jih Dec., Exh. 17; Response to Mattel's Third Set of Requests for Documents and Things to MGA (HK) Limited, dated February 21, 2008, at 6, Jih Dec., Exh. 18; Response to Mattel's Third Set of Requests for Documents and Things to Isaac Larian, dated February 21, 2008, at 6, Jih Dec., Exh. 19.

conduct in foreign countries."[5]  The MGA Parties have purported to incorporate all of their general objections into all of their specific responses to Mattel's individual requests.[6]   However, the MGA Parties have not applied or justified their jurisdictional general objections to <u>any</u> of the specific RFP's to explain why their jurisdictional objections apply or whether they are withholding responsive documents based on those objections.[7]

           <u>Judge Larson's July 9, 2009 Order</u>.  On July 9, 2009, Judge Larson granted in part Mattel's Motion to reconsider portions of the Discovery Master's Order No. 27.[8]  In that Order, Judge Larson held that there is no blanket prohibition against discovery of "materials that are in the possession of a subpoena recipient, but that are related to a non-party over whom the court has not been shown to have jurisdiction."[9]

           Mattel accordingly met and conferred with the MGA Parties to ascertain whether they were withholding discovery based on this now-rejected objection.  The MGA Parties represented that "no documents compelled by Order or that were agreed to be produced have been withheld on the basis that those documents relate to a non-party over whom the Court has not been shown to have jurisdiction."[10]  Nevertheless, the MGA Parties have not withdrawn their written general objections to producing documents relating to non-parties.  The MGA Parties notably have also not stated whether they have withheld documents on the

---

[5]  <u>Id.</u>
[6]  <u>See, e.g.</u>, Response to Mattel's Third Set of Requests for Documents and Things to MGA (HK) Limited, dated February 21, 2008, at 2, Jih Dec., Exh. 18 ("'MGA HK incorporates the following General Objections, as well as the General Response, into its Specific Responses and Objections to each and every request for documents contained in the Requests").
[7]  <u>See, e.g.</u>, <u>id.</u> at 9 (failing to discuss whether or why General Objection Nos. 14 and 15 apply to Request for Production No. 1).
[8]  July 9, 2009 Order, at 3-5.  Jih Dec., Exh. 21.
[9]  <u>Id.</u> at 5.
[10]  July 23, 2009 Letter from William Molinski to Michael Zeller, Jih Dec., Exh. 22.

1   basis of their general objection to the extent that any of Mattel's requests seek
2   "information relating to activities or conduct in foreign countries."

3       <u>Mattel Seeks Relief from the Discovery Master</u>.  On July 24, 2009,
4   Mattel filed a motion to strike and overrule the MGA Parties' general objections
5   based on jurisdiction.[11]  Mattel listed as examples General Objection Nos. 14 and 15
6   of Larian's, MGA's, and MGA HK's responses to Mattel's Third Set of Requests for
7   Documents and Things, and General Objection Nos. 11 and 12 of Larian's Response
8   to Mattel's Second Set of RFP's.[12]  In each of these responses, the MGA Parties
9   assert general objections to Mattel's requests to the extent they seek information
10  relating to the activities or conduct of other entities or non-parties,[13] and to the
11  extent they seek information relating to the activities or conduct in foreign
12  countries.[14]

13      <u>The Discovery Master Denies Mattel's Motion Without Prejudice</u>.  On
14  October 15, 2009, based on the theory that "jurisdictional objections of this type
15  must be evaluated pursuant to a balancing test," the Discovery Master held that
16  Mattel had not "demonstrate[d] how each of the document requests for which a so-
17  called 'jurisdictional' objection has been asserted is relevant to a Phase 2 issue."[15]
18  The Discovery Master further stated that "[e]ach of the individual requests and
19  objections with which Mattel takes issue (not just a sample of some objections) must

20

21

---

22  [11]   Mattel's Motion: (1) to Enforce Order Compelling the Omni Parties to
23  Produce Documents, 92) to Strike Objections, and (3) for Sanctions, dated July 24, 2009, Jih Dec., Exh. 20.
    [12]   <u>Id.</u> at 10, n. 38.
24  [13]   <u>See</u> Response to Mattel's Third Set of Requests for Documents and Things to
    MGA de Mexico, S.R.L. de C.V., dated February 21, 2008, at 6, Jih Dec., Exh. 17;
25  Response to Mattel's Third Set of Requests for Documents and Things to MGA
    (HK) Limited, dated February 21, 2008, at 6, Jih Dec., Exh. 18; Response to
26  Mattel's Third Set of Requests for Documents and Things to Isaac Larian, dated
    February 21, 2008, at 6, Jih Dec., Exh. 19.
27  [14]   <u>Id.</u>
    [15]   Order No. 70, dated October 19, 2009, at 14-15, Jih Dec., Exh. 28.
28

1  be provided to [him] in a format that permits an efficient analysis."[16]  Accordingly,

2  the Discovery Master denied the Motion to Strike without prejudice.[17]

**Argument**

3

4  **I.   THE DISCOVERY MASTER SHOULD STRIKE EACH OF THE MGA**

5  **PARTIES' GENERAL OBJECTIONS BASED ON A PURPORTED**

6  **LACK OF JURISDICTION**

7            The law is well settled that general, blanket objections are improper

8  and are tantamount to making no objection at all.  <u>DL v. District of Columbia</u>, 251

9  F.R.D. 38, 43 (D.D.C. 2008) (overruling respondent's general objections "in their

10  entirety," where the party incorporated the "General Objections above" without

11  indicating "the specific nature or amount of material being withheld on the basis of

12  the general objections" and "without explanation or elaboration," with respect to the

13  specific discovery requests); <u>PLX, Inc. v. Prosystems, Inc.</u>, 220 F.R.D. 291, 293

14  (N.D. W.Va. 2004) ("general objections, not accompanied by specific explanations,

15  are ineffective and result in a waiver"); <u>Ramirez v. County of Los Angeles</u>, 231

16  F.R.D. 407, 409 (C.D. Cal. 2005) ("[I]t is well-settled that all grounds for objection

17  must be stated with specificity . . . Most of defendants' objections are too general to

18  merit consideration and are therefore waived.").  This is because the party resisting

19  discovery bears the burden of showing "that discovery should not be allowed" and

20  of "clarifying, explaining, and supporting its objections." <u>Oakes v. Halvorsen</u>

21  <u>Marine Ltd.</u>, 179 F.R.D. 281, 283 (C.D. Cal. 1998).  Indeed, the Discovery Master

22  has previously so held.  <u>See</u> Discovery Master Order No. 17, dated April 14, 2009,

23  at 20 ("incorporation by reference of a list of general objections is insufficient to

24  preserve an objection), Jih Dec., Exh. 27.

25

26  _____

27  [16]  <u>Id.</u> at 15.

28  [17]  <u>Id.</u>

The MGA Parties have completely failed to carry this burden. The MGA Parties assert two types of jurisdiction general objections: (1) an objection "to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties;"[18] and (2) an objection "to each request to the extent it seeks information relating to activities or conduct in foreign countries."[19] As a practice, the MGA Parties incorporate these single sentence objections "by reference" to every single RFP Mattel propounds in any given set of requests.[20] Yet not once have the MGA Parties even attempted to <u>apply</u> these general objections to the hundreds of RFP's thus incorporated, and not once have they even discussed whether they are withholding responsive documents to particular requests based on these objections. Such "to the extent" general objections that are never applied to specific requests are meritless and must be stricken. See <u>Kaur v. Alameida</u>, 2007 WL 1521564, at *5 (E.D. Cal. May 23, 2007) (overruling general objection that did not reference any specific requests thereby failing to afford court the ability to evaluate the general objection); <u>see also</u> <u>Swackhammer v. Sprint Corp. PCS</u>, 225 F.R.D. 658, 660-61 (D. Kan. 2004) (overruling "to the extent" general objections as

---

[18]   <u>E.g.</u>, General Objection No. 11 of MGA's Objections and Responses to Mattel's Fifth Set of Requests for Documents and Things, dated December 27, 2007, Jih Dec., Exh. 11; General objection No. 11 of MGAE de Mexico S.R.L. de C.V.'s Objections and Responses to Mattel's First Set of Requests for Production of Documents and Things, dated December 21, 2007, Jih Dec., Exh. 10; General Objection No. 11 of Response to Mattel, Inc.'s Sixth Set of Requests for Production of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec., Exh. 13.

[19]   <u>E.g.</u>, General Objection No. 12 of Response to Mattel's Sixth Set of Requests for Production of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec., Exh. 13; General Objection No. 12 of Response to Mattel's Second Set of Requests for Production of Documents and Things to Isaac Larian, dated January 11, 2008, Jih Dec., Exh. 14; General Objection No. 12 of Response to Mattel's Second Set of Requests for Documents and Things to MGA HK, dated January 17, 2008, Jih Dec., Exh. 15.

[20]   <u>See, e.g.</u>, Response to Mattel's Third Set of Requests for Documents and Things to MGA (HK) Limited, dated February 21, 2008, at 2, Jih Dec., Exh. 18 ("'MGA HK incorporates the following General Objections, as well as the General Response, into its Specific Responses and Objections to each and every request for documents contained in the Requests").

meritless on their face and ruling such general objections are "disapproved" and "worthless for anything beyond delay of the discovery") (internal citation omitted); <u>Sonnino v. Univ. of Kan. Hosp. Auth.</u>, 221 F.R.D. 661, 666-67 (D. Kan. 2004) (disapproving of "'to the extent' it may apply to particular requests for discovery" general objections as "ostensible objections" that the courts will deem as waived or not consider as objections at all) (citations omitted); <u>Johnson v. Kraft Foods N. Am., Inc.</u>, 238 F.R.D. 648, 651 (D. Kan. 2006) ("[A]sserting a general objection 'to the extent' such an objection may apply to particular discovery request . . . [is] construe[d] . . . to be 'hypothetical or contingent possibilities' in those instances where the objecting party makes 'no meaningful effort to show the application of any such theoretical objection to any request for discovery;'" and the court "deem[s] such general objections waived and would decline to consider them as objections at all.").  Any contrary finding would distort the burden of proof that the MGA Parties bear to substantiate their objections.

Furthermore, as a matter of law, these general objections were waived with respect to requests that the MGA Parties were previously compelled on.  It is well-settled that a party's failure to assert an objection or ground in opposition to a motion to compel is a waiver.  <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir. 1992) (party waived objections it failed to make in discovery responses or opposition to motion to compel); <u>Calderon v. Presidio Valley Farmers Ass'n</u>, 863 F.2d 384, 389 (5th Cir. 1989) (party waived claim it failed to raise in opposition to discovery motion); <u>Diapulse Corp. of America v. Curtis Publishing Co.</u>, 374 F.2d 442, 445 (2d Cir. 1967) ("Any other conditions not requested by plaintiff in opposition to defendant's motion to require production of documents for discovery are clearly afterthoughts which were waived by plaintiff's failure to request them in opposition to defendant's motion."); <u>Fleet Systems, Inc. v. Federal Coach</u>, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such

MOTION TO STRIKE AND FOR RECONSIDERATION

1   objections continued to be applicable in its brief in opposition to the motion to

2   compel. Accordingly, such objections are deemed waived."); Eidukonis v.

3   Southeastern Pennsylvania Transp. Authority, 1987 WL 16321, *5 (E.D. Pa. 1987)

4   ("Defendant claims that while plaintiff never argued for this limitation in opposing

5   the prior motion, nor did this Court limit such discovery to the last set of active duty

6   orders, this argument and all objections the plaintiff attempts to set forth now are

7   waived. This Court agrees.").   Accordingly, with regard to any RFP that

8   incorporates the general objections and that the MGA Parties have been compelled

9   on, the general objections were waived and cannot stand as a basis for withholding

10  documents.

11          The MGA Parties' jurisdictional objections should be overruled and

12  stricken from their prior written discovery responses, and they should be required to

13  produce any documents they have withheld based on them.

14  **II.     THE DISCOVERY MASTER SHOULD RECONSIDER ORDER NO.**

15          **70'S IMPOSITION ON MATTEL OF A "BALANCING TEST" AS TO**

16          **EACH OF THE RFP'S INCORPORATING GENERAL OBJECTIONS**

17          In Order No. 70, the Discovery Master concludes that the Court's July 9

18  Order held that jurisdictional objections "must be evaluated pursuant to a balancing

19  test."  Order No. 70 at 14-15, Jih Dec., Exh. 28.  Thus, the Discovery Master held

20  that it is Mattel's burden to establish that the requests it seeks to enforce satisfy the

21  relevancy requirements of Federal Rule of Civil Procedure 26(b) and that Mattel

22  must provide to the Discovery Master "[e]ach of the individual requests and

23  objections with which Mattel takes issue (not just a sample of some objections) . . .

24  in a format that permits efficient analysis."  Id. at 15.

25          Given that Order, Mattel has concurrently filed a Separate Statement

26  that sets forth verbatim each of the general objections with which Mattel takes issue,

27  along with analysis as to why the objections are improper.  However, to the extent

28  that Order No. 70 requires Mattel to demonstrate discoverability under an individual

1  balancing test to each of the hundreds RFP's to which the MGA Parties have merely

2  "incorporated by reference" their "to the extent" jurisdiction general objections,

3  Mattel seeks reconsideration.[21]

4          First, the Discovery Master has misinterpreted the Court's July 9 Order.

5  Judge Larson held in his July 9 Order that a "blanket prohibition on discovery of

6  materials that are in the possession of a subpoena recipient, but that are related to a

7  non-party over whom the Court has not been shown to have jurisdiction" is

8  improper and would "preclude[] the application of the balancing test that applies

9  almost universally to discovery motions."  July 9, 2009 Order at 5, Jih Dec., Exh.

10 21.   However, nowhere in that Order does Judge Larson rule that <u>general</u>

11 jurisdictional objections should trigger a balancing test.   Quite the contrary,

12 requiring Mattel to conduct a balancing test for every RFP to which the MGA

13 Parties have incorporated their general jurisdiction objections constitutes the very

14 sort of blanket prohibition on discovery that Judge Larson rejected.   Indeed,

15 subjecting the MGA Parties' jurisdictional objections to a balancing test is contrary

16 to Judge Larson's repeated rejection of the MGA Parties' territorial and jurisdictional

17 objections,[22] and his express holding that the Discovery Master does not have

18 authority to enforce a blanket jurisdictional prohibition on discovery.

19

20 _____

21   [21]   Reconsideration is appropriate here because the Discovery Master's incorrect

22 interpretation of the Court's July 9 Order demonstrates a manifest failure to consider material facts presented to him.  <u>See</u> <u>Local Rule</u> 7-18 (reconsideration is appropriate

23 where there is a "manifest showing of a failure to consider a material fact presented the Court before such decision").

24   [22]   For example, Judge Larson issued a Permanent Injunction Order on December 3, 2008, which clearly applies to infringing products wherever they are

25 located.  Permanent Injunction Order, Jih Dec., Exh. 23.  After the Court so ordered, MGA argued the alleged impropriety of these provisions in its December 2008 and

26 May 2009 stay applications.  <u>See</u> MGA Parties' <i>Ex Parte</i> Application and Motion for Stay Pending Appeal, dated December 9, 2008, at 15:11-17, Jih Dec., Exh. 24;

27 <u>see also</u> MGA's <i>Ex Parte</i> Application for Stay Pending Appeal, dated May 8, 2009 at 19, 21, Jih Dec., Exh. 25.  Judge Larson, however, flatly rejected these arguments.

28 May 21, 2009 Order at 7, Jih Dec., Exh. 26.

Second, a balancing test cannot be applied where the party offering the general objection has not even stated which of the RFP's it should be applied to, much less how and why.  As discussed above, general blanket objections such as the jurisdiction general objections at issue here are *per se* improper if the responding party does not apply or discuss them in reference to specific RFP responses.  Absent such specific application, the responding party has not provided the propounding party, or the court, enough information to evaluate the general objection -- much less apply an individualized balancing test.  <u>See Kaur</u>, 2007 WL 1521564, at *5 (E.D. Cal. May 23, 2007) (overruling general objection that did not reference any specific requests thereby failing to afford court the ability to evaluate the general objection); <u>see also</u> <u>Henry v. Champlain Enterprises, Inc.</u>, 212 F.R.D. 73, 80 (N.D.N.Y. 2003) (stating that unless the asserted general objections are raised as to a specific request to admit, the court "will ignore them completely" as a "global guard tactic is greatly frowned upon and in the scheme of things are found 'substantially without merit'"); <u>Diederich v. Dep't of Army</u>, 132 F.R.D. 614, 617 (S.D.N.Y. 1990) (overruling general objection incorporated by reference into particularized objections as meritless where the party did not "properly articulate[] complaints with reference to specific language, specific ambiguities, or specific reasons for difficulty in responding;" thereby "leav[ing] the court with the job of applying their objections to the Requests").  Mattel should not have to conduct a balancing test for each of the hundreds of RFP's at issue here given the MGA Parties' complete failure to apply their objections to even a single one of them.

Furthermore, and independently, application of a balancing test to these general objections by the MGA Parties would be contrary to other law.  As demonstrated above, as to each RFP on which the MGA Parties have been compelled, their failure to assert the general objections in opposition to Mattel's motions to compel constituted a waiver of them.  To conduct an RFP-by-RFP

-10-

balancing analysis as to already compelled requests would, by definition, entail resurrecting these already waived objections.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Discovery Master strike the MGA Parties' general jurisdiction objections from their prior written discovery responses and order the MGA Parties to produce any documents that were either previously compelled in this litigation or that were agreed to be produced but which they have not produced based on such grounds.

DATED:  October 30, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                  By /s/ Michael T. Zeller
                                      Michael T. Zeller
                                      Attorneys for Mattel, Inc.

00505.07975/3176062.1

-11-