QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 DOC (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| vs. | **DISCOVERY MATTER** **[To Be Heard by Discovery Master Robert O'Brien]** |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF ITS MOTION TO STRIKE THE MGA PARTIES' GENERAL OBJECTIONS RE JURISDICTION AND FOR RECONSIDERATION OF PORTIONS OF ORDER NO. 70 |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | Date:   TBD<br>Time:   TBD<br>Place:  Arent Fox |
| | **Phase 2**<br>Discovery: June 1, 2010<br>Pre-trial Conference:  TBD<br>Trial Date:  TBD |

# SEPARATE STATEMENT

Mattel, Inc. respectfully submits this Separate Statement in Support of its Motion to Strike the MGA Parties' General Objections Re Jurisdiction and for Reconsideration of Portions of Order No. 70.  For the Discovery Master's convenience, this Separate Statement includes the text of each of the General Objections at issue and a discussion of why the General Objections should be stricken.

## I.   MGA ENTERTAINMENT, INC.'S RESPONSES TO MATTEL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS

### GENERAL OBJECTION NO. 9:

MGA objects to each request to the extent it seeks information relating to activities or conduct in foreign countries.  In each instance in which MGA has agreed to produce documents, such production is hereby expressly limited to documents relating to domestic activities or conduct only.[1]

### MATTEL'S ARGUMENT

The law is well settled that general, blanket objections are improper and are tantamount to making no objection at all.  <u>DL v. District of Columbia</u>, 251 F.R.D. 38, 43 (D.D.C. 2008) (overruling respondent's general objections "in their entirety," where the party incorporated the "General Objections above" without indicating "the specific nature or amount of material being withheld on the basis of the general

---

[1]   MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible Things, dated April 13, 2005, at 3, Jih Dec., Exh. 1.

1   objections" and "without explanation or elaboration," with respect to the specific

2   discovery requests); <u>PLX, Inc. v. Prosystems, Inc.</u>, 220 F.R.D. 291, 293 (N.D. W.Va.

3   2004) ("general objections, not accompanied by specific explanations, are ineffective

4   and result in a waiver"); <u>Ramirez v. County of Los Angeles</u>, 231 F.R.D. 407, 409 (C.D.

5   Cal. 2005) ("[I]t is well-settled that all grounds for objection must be stated with

6   specificity . . . Most of defendants' objections are too general to merit consideration and

7   are therefore waived.").  This is because the party resisting discovery bears the burden

8   of showing "that discovery should not be allowed" and of "clarifying, explaining, and

9   supporting its objections." <u>Oakes v. Halvorsen Marine Ltd.</u>, 179 F.R.D. 281, 283 (C.D.

10  Cal. 1998).  Indeed, the Discovery Master has previously so held.  <u>See</u> Discovery

11  Master Order No. 17, dated April 14, 2009, at 20 ("incorporation by reference of a list

12  of general objections is insufficient to preserve an objection), Jih Dec., Exh. 27.

13          The MGA Parties have completely failed to carry this burden.  The MGA

14  Parties assert two types of jurisdiction general objections: (1) an objection "to each

15  request to the extent it seeks information relating to the activities or conduct of other

16  entities or non-parties;"[2] and (2) an objection "to each request to the extent it seeks

17  information relating to activities or conduct in foreign countries."[3]  As a practice, the

18

19          [2]  <u>E.g.</u>, General Objection No. 11 of MGA's Objections and Responses to

20  Mattel's Fifth Set of Requests for Documents and Things, dated December 27, 2007,
    Jih Dec., Exh. 11; General objection No. 11 of MGAE de Mexico S.R.L. de C.V.'s

21  Objections and Responses to Mattel's First Set of Requests for Production of
    Documents and Things, dated December 21, 2007, Jih Dec., Exh. 10; General

22  Objection No. 11 of Response to Mattel, Inc.'s Sixth Set of Requests for Production
    of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec.,

23  Exh. 13.

24          [3]  <u>E.g.</u>, General Objection No. 12 of Response to Mattel's Sixth Set of Requests

25  for Production of Documents and Things to MGA Entertainment, dated January 11,
    2008, Jih Dec., Exh. 13; General Objection No. 12 of Response to Mattel's Second

26  Set of Requests for Production of Documents and Things to Isaac Larian, dated
    January 11, 2008, Jih Dec., Exh. 14; General Objection No. 12 of Response to

27  (footnote continued)

28

MGA Parties incorporate these single sentence objections "by reference" to every single RFP Mattel propounds in any given set of requests.[4]   Yet not once have the MGA Parties even attempted to <u>apply</u> these general objections to the hundreds of RFP's thus incorporated, and not once have they even discussed whether they are withholding responsive documents to particular requests based on these objections.  Such "to the extent" general objections that are never applied to specific requests are meritless and must be stricken.  <u>See</u> <u>Kaur v. Alameida</u>, 2007 WL 1521564, at *5 (E.D. Cal. May 23, 2007) (overruling general objection that did not reference any specific requests thereby failing to afford court the ability to evaluate the general objection); <u>see also</u> <u>Swackhammer v. Sprint Corp. PCS</u>, 225 F.R.D. 658, 660-61 (D. Kan. 2004) (overruling "to the extent" general objections as meritless on their face and ruling such general objections are "disapproved" and "worthless for anything beyond delay of the discovery") (internal citation omitted); <u>Sonnino v. Univ. of Kan. Hosp. Auth.</u>, 221 F.R.D. 661, 666-67 (D. Kan. 2004) (disapproving of "'to the extent' it may apply to particular requests for discovery" general objections as "ostensible objections" that the courts will deem as waived or not consider as objections at all) (citations omitted); <u>Johnson v. Kraft Foods N. Am., Inc.</u>, 238 F.R.D. 648, 651 (D. Kan. 2006) ("[A]sserting a general objection 'to the extent' such an objection may apply to particular discovery request . . . [is] construe[d] . . . to be 'hypothetical or contingent possibilities' in those instances where the objecting party makes 'no meaningful effort to show the application of any such theoretical objection to any request for discovery;'" and the court "deem[s] such general objections waived and would decline to consider them as objections at

---

Mattel's Second Set of Requests for Documents and Things to MGA HK, dated January 17, 2008, Jih Dec., Exh. 15.

   [4]  <u>See, e.g.</u>, Response to Mattel's Third Set of Requests for Documents and Things to MGA (HK) Limited, dated February 21, 2008, at 2, Jih Dec., Exh. 18 ("'MGA HK incorporates the following General Objections, as well as the General (footnote continued)

all.").  Any contrary finding would distort the burden of proof that the MGA Parties bear to substantiate their objections.

Furthermore, as a matter of law, these general objections were waived with respect to requests that the MGA Parties were previously compelled on.  It is well-settled that a party's failure to assert an objection or ground in opposition to a motion to compel is a waiver.  <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir. 1992) (party waived objections it failed to make in discovery responses or opposition to motion to compel); <u>Calderon v. Presidio Valley Farmers Ass'n</u>, 863 F.2d 384, 389 (5th Cir. 1989) (party waived claim it failed to raise in opposition to discovery motion); <u>Diapulse Corp. of America v. Curtis Publishing Co.</u>, 374 F.2d 442, 445 (2d Cir. 1967) ("Any other conditions not requested by plaintiff in opposition to defendant's motion to require production of documents for discovery are clearly afterthoughts which were waived by plaintiff's failure to request them in opposition to defendant's motion."); <u>Fleet Systems, Inc. v. Federal Coach</u>, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such objections continued to be applicable in its brief in opposition to the motion to compel. Accordingly, such objections are deemed waived."); <u>Eidukonis v. Southeastern Pennsylvania Transp. Authority</u>, 1987 WL 16321, *5 (E.D. Pa. 1987) ("Defendant claims that while plaintiff never argued for this limitation in opposing the prior motion, nor did this Court limit such discovery to the last set of active duty orders, this argument and all objections the plaintiff attempts to set forth now are waived. This Court agrees.").  Accordingly, with regard to any RFP that incorporates the general objections and that the MGA Parties have been compelled on, the general objections were waived and cannot stand as a basis for withholding documents.

_____

Response, into its Specific Responses and Objections to each and every request for documents contained in the Requests").

The MGA Parties' jurisdictional objections should be overruled and stricken from their prior written discovery responses, and they should be required to produce any documents they have withheld based on them.

## II. MGA ENTERTAINMENT, INC.'S RESPONSES TO MATTEL, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**GENERAL OBJECTION NO. 9:**

MGA objects to each request to the extent it seeks information relating to activities or conduct in foreign countries.  In each instance in which MGA has agreed to produce documents, such production is hereby expressly limited to documents relating to domestic activities or conduct only.[5]

**MATTEL'S ARGUMENT**

The law is well settled that general, blanket objections are improper and are tantamount to making no objection at all.  DL v. District of Columbia, 251 F.R.D. 38, 43 (D.D.C. 2008) (overruling respondent's general objections "in their entirety," where the party incorporated the "General Objections above" without indicating "the specific nature or amount of material being withheld on the basis of the general objections" and "without explanation or elaboration," with respect to the specific discovery requests); PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291, 293 (N.D. W.Va. 2004) ("general objections, not accompanied by specific explanations, are ineffective and result in a waiver"); Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("[I]t is well-settled that all grounds for objection must be stated with specificity . . . Most of defendants' objections are too general to merit consideration and

---

[5]   MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s Second Set of Requests for Production of Documents and Things, dated July 9, 2007, at 3, Jih Dec., Exh. 2.

are therefore waived.").  This is because the party resisting discovery bears the burden of showing "that discovery should not be allowed" and of "clarifying, explaining, and supporting its objections." <u>Oakes v. Halvorsen Marine Ltd.,</u> 179 F.R.D. 281, 283 (C.D. Cal. 1998).  Indeed, the Discovery Master has previously so held.  <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at 20 ("incorporation by reference of a list of general objections is insufficient to preserve an objection), Jih Dec., Exh. 27.

The MGA Parties have completely failed to carry this burden.  The MGA Parties assert two types of jurisdiction general objections: (1) an objection "to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties;"[6] and (2) an objection "to each request to the extent it seeks information relating to activities or conduct in foreign countries."[7]  As a practice, the MGA Parties incorporate these single sentence objections "by reference" to every single RFP Mattel propounds in any given set of requests.[8]  Yet not once have the

---

[6]   <u>E.g.</u>, General Objection No. 11 of MGA's Objections and Responses to Mattel's Fifth Set of Requests for Documents and Things, dated December 27, 2007, Jih Dec., Exh. 11; General objection No. 11 of MGAE de Mexico S.R.L. de C.V.'s Objections and Responses to Mattel's First Set of Requests for Production of Documents and Things, dated December 21, 2007, Jih Dec., Exh. 10; General Objection No. 11 of Response to Mattel, Inc.'s Sixth Set of Requests for Production of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec., Exh. 13.

[7]   <u>E.g.</u>, General Objection No. 12 of Response to Mattel's Sixth Set of Requests for Production of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec., Exh. 13; General Objection No. 12 of Response to Mattel's Second Set of Requests for Production of Documents and Things to Isaac Larian, dated January 11, 2008, Jih Dec., Exh. 14; General Objection No. 12 of Response to Mattel's Second Set of Requests for Documents and Things to MGA HK, dated January 17, 2008, Jih Dec., Exh. 15.

[8]   <u>See, e.g.</u>, Response to Mattel's Third Set of Requests for Documents and Things to MGA (HK) Limited, dated February 21, 2008, at 2, Jih Dec., Exh. 18 ("'MGA HK incorporates the following General Objections, as well as the General Response, into its Specific Responses and Objections to each and every request for documents contained in the Requests").

1   MGA Parties even attempted to <u>apply</u> these general objections to the hundreds of RFP's

2   thus incorporated, and not once have they even discussed whether they are withholding

3   responsive documents to particular requests based on these objections.  Such "to the

4   extent" general objections that are never applied to specific requests are meritless and

5   must be stricken.  <u>See</u> <u>Kaur v. Alameida</u>, 2007 WL 1521564, at *5 (E.D. Cal. May 23,

6   2007) (overruling general objection that did not reference any specific requests thereby

7   failing to afford court the ability to evaluate the general objection); <u>see also</u>

8   <u>Swackhammer v. Sprint Corp. PCS</u>, 225 F.R.D. 658, 660-61 (D. Kan. 2004) (overruling

9   "to the extent" general objections as meritless on their face and ruling such general

10  objections are "disapproved" and "worthless for anything beyond delay of the

11  discovery") (internal citation omitted); <u>Sonnino v. Univ. of Kan. Hosp. Auth.</u>, 221

12  F.R.D. 661, 666-67 (D. Kan. 2004) (disapproving of "'to the extent' it may apply to

13  particular requests for discovery" general objections as "ostensible objections" that the

14  courts will deem as waived or not consider as objections at all) (citations omitted);

15  <u>Johnson v. Kraft Foods N. Am., Inc.</u>, 238 F.R.D. 648, 651 (D. Kan. 2006) ("[A]sserting

16  a general objection 'to the extent' such an objection may apply to particular discovery

17  request . . . [is] construe[d] . . . to be 'hypothetical or contingent possibilities' in those

18  instances where the objecting party makes 'no meaningful effort to show the application

19  of any such theoretical objection to any request for discovery;'" and the court "deem[s]

20  such general objections waived and would decline to consider them as objections at

21  all.").  Any contrary finding would distort the burden of proof that the MGA Parties

22  bear to substantiate their objections.

23           Furthermore, as a matter of law, these general objections were waived with

24  respect to requests that the MGA Parties were previously compelled on.  It is well-

25  settled that a party's failure to assert an objection or ground in opposition to a motion to

26  compel is a waiver.  <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468,

27  1473 (9th Cir. 1992) (party waived objections it failed to make in discovery responses

28  or opposition to motion to compel); <u>Calderon v. Presidio Valley Farmers Ass'n</u>, 863

F.2d 384, 389 (5th Cir. 1989) (party waived claim it failed to raise in opposition to discovery motion); <u>Diapulse Corp. of America v. Curtis Publishing Co.</u>, 374 F.2d 442, 445 (2d Cir. 1967) ("Any other conditions not requested by plaintiff in opposition to defendant's motion to require production of documents for discovery are clearly afterthoughts which were waived by plaintiff's failure to request them in opposition to defendant's motion."); <u>Fleet Systems, Inc. v. Federal Coach</u>, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such objections continued to be applicable in its brief in opposition to the motion to compel. Accordingly, such objections are deemed waived."); <u>Eidukonis v. Southeastern Pennsylvania Transp. Authority</u>, 1987 WL 16321, *5 (E.D. Pa. 1987) ("Defendant claims that while plaintiff never argued for this limitation in opposing the prior motion, nor did this Court limit such discovery to the last set of active duty orders, this argument and all objections the plaintiff attempts to set forth now are waived. This Court agrees.").  Accordingly, with regard to any RFP that incorporates the general objections and that the MGA Parties have been compelled on, the general objections were waived and cannot stand as a basis for withholding documents.

The MGA Parties' jurisdictional objections should be overruled and stricken from their prior written discovery responses, and they should be required to produce any documents they have withheld based on them.

## III.   <u>MGA ENTERTAINMENT, INC.'S SUPPLEMENTAL RESPONSES TO MATTEL, INC.'S SECOND SET OF REQUESTS FOR PRODUCTIO NOF DOCUMENTS AND THINGS</u>

**<u>GENERAL OBJECTION NO. 9</u>:**

MGA objects to each request to the extent it seeks information relating to activities or conduct in foreign countries.  In each instance in which MGA has

1  agreed to produce documents, such production is hereby expressly limited to

2  documents relating to domestic activities or conduct only.[9]

3  **MATTEL'S ARGUMENT**

4      The law is well settled that general, blanket objections are improper and

5  are tantamount to making no objection at all.  DL v. District of Columbia, 251 F.R.D.

6  38, 43 (D.D.C. 2008) (overruling respondent's general objections "in their entirety,"

7  where the party incorporated the "General Objections above" without indicating "the

8  specific nature or amount of material being withheld on the basis of the general

9  objections" and "without explanation or elaboration," with respect to the specific

10  discovery requests); PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291, 293 (N.D. W.Va.

11  2004) ("general objections, not accompanied by specific explanations, are ineffective

12  and result in a waiver"); Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D.

13  Cal. 2005) ("[I]t is well-settled that all grounds for objection must be stated with

14  specificity . . . Most of defendants' objections are too general to merit consideration and

15  are therefore waived.").  This is because the party resisting discovery bears the burden

16  of showing "that discovery should not be allowed" and of "clarifying, explaining, and

17  supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D.

18  Cal. 1998).  Indeed, the Discovery Master has previously so held.  See Discovery

19  Master Order No. 17, dated April 14, 2009, at 20 ("incorporation by reference of a list

20  of general objections is insufficient to preserve an objection), Jih Dec., Exh. 27.

21      The MGA Parties have completely failed to carry this burden.  The MGA

22  Parties assert two types of jurisdiction general objections: (1) an objection "to each

23  request to the extent it seeks information relating to the activities or conduct of other

24

25

26  [9]  MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Second

27  Set of Requests for Production of Documents and Things, dated September 18, 2007, at 3, Jih Dec., Exh. 3.

28

entities or non-parties;"[10] and (2) an objection "to each request to the extent it seeks information relating to activities or conduct in foreign countries."[11]  As a practice, the MGA Parties incorporate these single sentence objections "by reference" to every single RFP Mattel propounds in any given set of requests.[12]  Yet not once have the MGA Parties even attempted to apply these general objections to the hundreds of RFP's thus incorporated, and not once have they even discussed whether they are withholding responsive documents to particular requests based on these objections.  Such "to the extent" general objections that are never applied to specific requests are meritless and must be stricken.  See Kaur v. Alameida, 2007 WL 1521564, at *5 (E.D. Cal. May 23, 2007) (overruling general objection that did not reference any specific requests thereby failing to afford court the ability to evaluate the general objection); see also Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 660-61 (D. Kan. 2004) (overruling "to the extent" general objections as meritless on their face and ruling such general

---

[10]   E.g., General Objection No. 11 of MGA's Objections and Responses to Mattel's Fifth Set of Requests for Documents and Things, dated December 27, 2007, Jih Dec., Exh. 11; General objection No. 11 of MGAE de Mexico S.R.L. de C.V.'s Objections and Responses to Mattel's First Set of Requests for Production of Documents and Things, dated December 21, 2007, Jih Dec., Exh. 10; General Objection No. 11 of Response to Mattel, Inc.'s Sixth Set of Requests for Production of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec., Exh. 13.

[11]   E.g., General Objection No. 12 of Response to Mattel's Sixth Set of Requests for Production of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec., Exh. 13; General Objection No. 12 of Response to Mattel's Second Set of Requests for Production of Documents and Things to Isaac Larian, dated January 11, 2008, Jih Dec., Exh. 14; General Objection No. 12 of Response to Mattel's Second Set of Requests for Documents and Things to MGA HK, dated January 17, 2008, Jih Dec., Exh. 15.

[12]   See, e.g., Response to Mattel's Third Set of Requests for Documents and Things to MGA (HK) Limited, dated February 21, 2008, at 2, Jih Dec., Exh. 18 ("'MGA HK incorporates the following General Objections, as well as the General Response, into its Specific Responses and Objections to each and every request for documents contained in the Requests").

objections are "disapproved" and "worthless for anything beyond delay of the discovery") (internal citation omitted); <u>Sonnino v. Univ. of Kan. Hosp. Auth.</u>, 221 F.R.D. 661, 666-67 (D. Kan. 2004) (disapproving of "'to the extent' it may apply to particular requests for discovery" general objections as "ostensible objections" that the courts will deem as waived or not consider as objections at all) (citations omitted); <u>Johnson v. Kraft Foods N. Am., Inc.</u>, 238 F.R.D. 648, 651 (D. Kan. 2006) ("[A]sserting a general objection 'to the extent' such an objection may apply to particular discovery request . . . [is] construe[d] . . . to be 'hypothetical or contingent possibilities' in those instances where the objecting party makes 'no meaningful effort to show the application of any such theoretical objection to any request for discovery;'" and the court "deem[s] such general objections waived and would decline to consider them as objections at all."). Any contrary finding would distort the burden of proof that the MGA Parties bear to substantiate their objections.

Furthermore, as a matter of law, these general objections were waived with respect to requests that the MGA Parties were previously compelled on. It is well-settled that a party's failure to assert an objection or ground in opposition to a motion to compel is a waiver. <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir. 1992) (party waived objections it failed to make in discovery responses or opposition to motion to compel); <u>Calderon v. Presidio Valley Farmers Ass'n</u>, 863 F.2d 384, 389 (5th Cir. 1989) (party waived claim it failed to raise in opposition to discovery motion); <u>Diapulse Corp. of America v. Curtis Publishing Co.</u>, 374 F.2d 442, 445 (2d Cir. 1967) ("Any other conditions not requested by plaintiff in opposition to defendant's motion to require production of documents for discovery are clearly afterthoughts which were waived by plaintiff's failure to request them in opposition to defendant's motion."); <u>Fleet Systems, Inc. v. Federal Coach</u>, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such objections continued to be applicable in its brief in opposition to the motion to compel. Accordingly, such objections are deemed

-12-

waived."); <u>Eidukonis v. Southeastern Pennsylvania Transp. Authority</u>, 1987 WL 16321, *5 (E.D. Pa. 1987) ("Defendant claims that while plaintiff never argued for this limitation in opposing the prior motion, nor did this Court limit such discovery to the last set of active duty orders, this argument and all objections the plaintiff attempts to set forth now are waived. This Court agrees.").  Accordingly, with regard to any RFP that incorporates the general objections and that the MGA Parties have been compelled on, the general objections were waived and cannot stand as a basis for withholding documents.

The MGA Parties' jurisdictional objections should be overruled and stricken from their prior written discovery responses, and they should be required to produce any documents they have withheld based on them.

## IV. MGA ENTERTAINMENT, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSE TO REQUEST NO. 1 OF MATTEL, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO MGA

**GENERAL OBJECTION NO. 9:**

MGA objects to each request to the extent it seeks information relating to activities or conduct in foreign countries.  In each instance in which MGA has agreed to produce documents, such production is hereby expressly limited to documents relating to domestic activities or conduct only.[13]

---

[13]   MGA Entertainment, Inc.'s Second Supplemental Objections and Response to Request No. 1 of Mattel, Inc.'s Second Set of Requests for Production of Documents and Things, dated December 7, 2007, at 3, Jih Dec., Exh. 4.

SEPARATE STATEMENT

1  **MATTEL'S ARGUMENT**

2      The law is well settled that general, blanket objections are improper and

3  are tantamount to making no objection at all.  <u>DL v. District of Columbia</u>, 251 F.R.D.

4  38, 43 (D.D.C. 2008) (overruling respondent's general objections "in their entirety,"

5  where the party incorporated the "General Objections above" without indicating "the

6  specific nature or amount of material being withheld on the basis of the general

7  objections" and "without explanation or elaboration," with respect to the specific

8  discovery requests); <u>PLX, Inc. v. Prosystems, Inc.</u>, 220 F.R.D. 291, 293 (N.D. W.Va.

9  2004) ("general objections, not accompanied by specific explanations, are ineffective

10  and result in a waiver"); <u>Ramirez v. County of Los Angeles</u>, 231 F.R.D. 407, 409 (C.D.

11  Cal. 2005) ("[I]t is well-settled that all grounds for objection must be stated with

12  specificity . . . Most of defendants' objections are too general to merit consideration and

13  are therefore waived.").  This is because the party resisting discovery bears the burden

14  of showing "that discovery should not be allowed" and of "clarifying, explaining, and

15  supporting its objections." <u>Oakes v. Halvorsen Marine Ltd.</u>, 179 F.R.D. 281, 283 (C.D.

16  Cal. 1998).  Indeed, the Discovery Master has previously so held.  <u>See</u> Discovery

17  Master Order No. 17, dated April 14, 2009, at 20 ("incorporation by reference of a list

18  of general objections is insufficient to preserve an objection), Jih Dec., Exh. 27.

19      The MGA Parties have completely failed to carry this burden.  The MGA

20  Parties assert two types of jurisdiction general objections: (1) an objection "to each

21  request to the extent it seeks information relating to the activities or conduct of other

22  entities or non-parties;"[14] and (2) an objection "to each request to the extent it seeks

23

24      [14]   <u>E.g.</u>, General Objection No. 11 of MGA's Objections and Responses to

25  Mattel's Fifth Set of Requests for Documents and Things, dated December 27, 2007,
Jih Dec., Exh. 11; General objection No. 11 of MGAE de Mexico S.R.L. de C.V.'s

26  Objections and Responses to Mattel's First Set of Requests for Production of
Documents and Things, dated December 21, 2007, Jih Dec., Exh. 10; General

27  Objection No. 11 of Response to Mattel, Inc.'s Sixth Set of Requests for Production

28  (footnote continued)

information relating to activities or conduct in foreign countries."[15]  As a practice, the MGA Parties incorporate these single sentence objections "by reference" to every single RFP Mattel propounds in any given set of requests.[16]  Yet not once have the MGA Parties even attempted to <u>apply</u> these general objections to the hundreds of RFP's thus incorporated, and not once have they even discussed whether they are withholding responsive documents to particular requests based on these objections.  Such "to the extent" general objections that are never applied to specific requests are meritless and must be stricken.  See Kaur v. Alameida, 2007 WL 1521564, at *5 (E.D. Cal. May 23, 2007) (overruling general objection that did not reference any specific requests thereby failing to afford court the ability to evaluate the general objection); see also Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 660-61 (D. Kan. 2004) (overruling "to the extent" general objections as meritless on their face and ruling such general objections are "disapproved" and "worthless for anything beyond delay of the discovery") (internal citation omitted); Sonnino v. Univ. of Kan. Hosp. Auth., 221 F.R.D. 661, 666-67 (D. Kan. 2004) (disapproving of "'to the extent' it may apply to particular requests for discovery" general objections as "ostensible objections" that the courts will deem as waived or not consider as objections at all) (citations omitted);

---

of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec., Exh. 13.

[15]  E.g., General Objection No. 12 of Response to Mattel's Sixth Set of Requests for Production of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec., Exh. 13; General Objection No. 12 of Response to Mattel's Second Set of Requests for Production of Documents and Things to Isaac Larian, dated January 11, 2008, Jih Dec., Exh. 14; General Objection No. 12 of Response to Mattel's Second Set of Requests for Documents and Things to MGA HK, dated January 17, 2008, Jih Dec., Exh. 15.

[16]  See, e.g., Response to Mattel's Third Set of Requests for Documents and Things to MGA (HK) Limited, dated February 21, 2008, at 2, Jih Dec., Exh. 18 ("'MGA HK incorporates the following General Objections, as well as the General Response, into its Specific Responses and Objections to each and every request for documents contained in the Requests").

Johnson v. Kraft Foods N. Am., Inc., 238 F.R.D. 648, 651 (D. Kan. 2006) ("[A]sserting a general objection 'to the extent' such an objection may apply to particular discovery request . . . [is] construe[d] . . . to be 'hypothetical or contingent possibilities' in those instances where the objecting party makes 'no meaningful effort to show the application of any such theoretical objection to any request for discovery;'" and the court "deem[s] such general objections waived and would decline to consider them as objections at all."). Any contrary finding would distort the burden of proof that the MGA Parties bear to substantiate their objections.

Furthermore, as a matter of law, these general objections were waived with respect to requests that the MGA Parties were previously compelled on. It is well-settled that a party's failure to assert an objection or ground in opposition to a motion to compel is a waiver. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (party waived objections it failed to make in discovery responses or opposition to motion to compel); Calderon v. Presidio Valley Farmers Ass'n, 863 F.2d 384, 389 (5th Cir. 1989) (party waived claim it failed to raise in opposition to discovery motion); Diapulse Corp. of America v. Curtis Publishing Co., 374 F.2d 442, 445 (2d Cir. 1967) ("Any other conditions not requested by plaintiff in opposition to defendant's motion to require production of documents for discovery are clearly afterthoughts which were waived by plaintiff's failure to request them in opposition to defendant's motion."); Fleet Systems, Inc. v. Federal Coach, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such objections continued to be applicable in its brief in opposition to the motion to compel. Accordingly, such objections are deemed waived."); Eidukonis v. Southeastern Pennsylvania Transp. Authority, 1987 WL 16321, *5 (E.D. Pa. 1987) ("Defendant claims that while plaintiff never argued for this limitation in opposing the prior motion, nor did this Court limit such discovery to the last set of active duty orders, this argument and all objections the plaintiff attempts to set forth now are waived. This Court agrees."). Accordingly, with regard to any RFP

that incorporates the general objections and that the MGA Parties have been compelled on, the general objections were waived and cannot stand as a basis for withholding documents.

The MGA Parties' jurisdictional objections should be overruled and stricken from their prior written discovery responses, and they should be required to produce any documents they have withheld based on them.

## V.   MGA ENTERTAINMENT (HK) LIMITED'S SUPPLEMENTAL RESPONSES TO MATTEL, INC.'S FIRST SET OF REQUESTS OF PRODUCTION OF DOCUMENTS AND THINGS

**GENERAL OBJECTION NO. 9:**

MGA (HK) objects to each request to the extent it seeks information relating to activities or conduct in foreign countries.  In each instance in which MGA (HK) has agreed to produce documents, such production is hereby expressly limited to documents relating to domestic activities or conduct only.[17]

**MATTEL'S ARGUMENT**

The law is well settled that general, blanket objections are improper and are tantamount to making no objection at all.  DL v. District of Columbia, 251 F.R.D. 38, 43 (D.D.C. 2008) (overruling respondent's general objections "in their entirety," where the party incorporated the "General Objections above" without indicating "the specific nature or amount of material being withheld on the basis of the general objections" and "without explanation or elaboration," with respect to the specific discovery requests); PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291, 293 (N.D. W.Va.

---

[17]   MGA (HK) Limited's Supplemental Responses to Mattel, Inc.'s First Set of Requests for Production of Documents and Things, dated November 15, 2007, at 3, Jih Dec., Exh. 5.

2004) ("general objections, not accompanied by specific explanations, are ineffective and result in a waiver"); Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("[I]t is well-settled that all grounds for objection must be stated with specificity . . . Most of defendants' objections are too general to merit consideration and are therefore waived."). This is because the party resisting discovery bears the burden of showing "that discovery should not be allowed" and of "clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998). Indeed, the Discovery Master has previously so held. See Discovery Master Order No. 17, dated April 14, 2009, at 20 ("incorporation by reference of a list of general objections is insufficient to preserve an objection), Jih Dec., Exh. 27.

The MGA Parties have completely failed to carry this burden. The MGA Parties assert two types of jurisdiction general objections: (1) an objection "to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties;"[18] and (2) an objection "to each request to the extent it seeks information relating to activities or conduct in foreign countries."[19] As a practice, the MGA Parties incorporate these single sentence objections "by reference" to every

---

[18] E.g., General Objection No. 11 of MGA's Objections and Responses to Mattel's Fifth Set of Requests for Documents and Things, dated December 27, 2007, Jih Dec., Exh. 11; General objection No. 11 of MGAE de Mexico S.R.L. de C.V.'s Objections and Responses to Mattel's First Set of Requests for Production of Documents and Things, dated December 21, 2007, Jih Dec., Exh. 10; General Objection No. 11 of Response to Mattel, Inc.'s Sixth Set of Requests for Production of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec., Exh. 13.

[19] E.g., General Objection No. 12 of Response to Mattel's Sixth Set of Requests for Production of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec., Exh. 13; General Objection No. 12 of Response to Mattel's Second Set of Requests for Production of Documents and Things to Isaac Larian, dated January 11, 2008, Jih Dec., Exh. 14; General Objection No. 12 of Response to Mattel's Second Set of Requests for Production of Documents and Things to MGA HK, dated January 17, 2008, Jih Dec., Exh. 15.

single RFP Mattel propounds in any given set of requests.[20]  Yet not once have the MGA Parties even attempted to apply these general objections to the hundreds of RFP's thus incorporated, and not once have they even discussed whether they are withholding responsive documents to particular requests based on these objections.  Such "to the extent" general objections that are never applied to specific requests are meritless and must be stricken.  See Kaur v. Alameida, 2007 WL 1521564, at *5 (E.D. Cal. May 23, 2007) (overruling general objection that did not reference any specific requests thereby failing to afford court the ability to evaluate the general objection); see also Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 660-61 (D. Kan. 2004) (overruling "to the extent" general objections as meritless on their face and ruling such general objections are "disapproved" and "worthless for anything beyond delay of the discovery") (internal citation omitted); Sonnino v. Univ. of Kan. Hosp. Auth., 221 F.R.D. 661, 666-67 (D. Kan. 2004) (disapproving of "'to the extent' it may apply to particular requests for discovery" general objections as "ostensible objections" that the courts will deem as waived or not consider as objections at all) (citations omitted); Johnson v. Kraft Foods N. Am., Inc., 238 F.R.D. 648, 651 (D. Kan. 2006) ("[A]sserting a general objection 'to the extent' such an objection may apply to particular discovery request . . . [is] construe[d] . . . to be 'hypothetical or contingent possibilities' in those instances where the objecting party makes 'no meaningful effort to show the application of any such theoretical objection to any request for discovery;'" and the court "deem[s] such general objections waived and would decline to consider them as objections at all.").  Any contrary finding would distort the burden of proof that the MGA Parties bear to substantiate their objections.

---

[20]   See, e.g., Response to Mattel's Third Set of Requests for Documents and Things to MGA (HK) Limited, dated February 21, 2008, at 2, Jih Dec., Exh. 18 ("'MGA HK incorporates the following General Objections, as well as the General Response, into its Specific Responses and Objections to each and every request for documents contained in the Requests").

-19-

Furthermore, as a matter of law, these general objections were waived with respect to requests that the MGA Parties were previously compelled on.  It is well-settled that a party's failure to assert an objection or ground in opposition to a motion to compel is a waiver.  <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir. 1992) (party waived objections it failed to make in discovery responses or opposition to motion to compel); <u>Calderon v. Presidio Valley Farmers Ass'n</u>, 863 F.2d 384, 389 (5th Cir. 1989) (party waived claim it failed to raise in opposition to discovery motion); <u>Diapulse Corp. of America v. Curtis Publishing Co.</u>, 374 F.2d 442, 445 (2d Cir. 1967) ("Any other conditions not requested by plaintiff in opposition to defendant's motion to require production of documents for discovery are clearly afterthoughts which were waived by plaintiff's failure to request them in opposition to defendant's motion."); <u>Fleet Systems, Inc. v. Federal Coach</u>, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such objections continued to be applicable in its brief in opposition to the motion to compel. Accordingly, such objections are deemed waived."); <u>Eidukonis v. Southeastern Pennsylvania Transp. Authority</u>, 1987 WL 16321, *5 (E.D. Pa. 1987) ("Defendant claims that while plaintiff never argued for this limitation in opposing the prior motion, nor did this Court limit such discovery to the last set of active duty orders, this argument and all objections the plaintiff attempts to set forth now are waived. This Court agrees.").  Accordingly, with regard to any RFP that incorporates the general objections and that the MGA Parties have been compelled on, the general objections were waived and cannot stand as a basis for withholding documents.

The MGA Parties' jurisdictional objections should be overruled and stricken from their prior written discovery responses, and they should be required to produce any documents they have withheld based on them.

## VI.   MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**GENERAL OBJECTION NO. 11:**

MGA objects to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties.[21]

**GENERAL OBJECTION NO. 12:**

MGA objects to each request to the extent it seeks information relating to the activities or conduct in foreign countries.[22]

**MATTEL'S ARGUMENT**

The law is well settled that general, blanket objections are improper and are tantamount to making no objection at all.  DL v. District of Columbia, 251 F.R.D. 38, 43 (D.D.C. 2008) (overruling respondent's general objections "in their entirety," where the party incorporated the "General Objections above" without indicating "the specific nature or amount of material being withheld on the basis of the general objections" and "without explanation or elaboration," with respect to the specific discovery requests); PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291, 293 (N.D. W.Va. 2004) ("general objections, not accompanied by specific explanations, are ineffective and result in a waiver"); Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("[I]t is well-settled that all grounds for objection must be stated with specificity . . . Most of defendants' objections are too general to merit consideration and are therefore waived.").  This is because the party resisting discovery bears the burden of showing "that discovery should not be allowed" and of "clarifying, explaining, and

---

[21]   MGA Entertainment, Inc.'s Objections and Responses to Mattel, Inc.'s Third Set of Requests for Production of Documents and Things, dated November 26, 2007, at 4, Jih Dec., Exh. 6.

1  supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D.

2  Cal. 1998).  Indeed, the Discovery Master has previously so held.  See Discovery

3  Master Order No. 17, dated April 14, 2009, at 20 ("incorporation by reference of a list

4  of general objections is insufficient to preserve an objection), Jih Dec., Exh. 27.

5          The MGA Parties have completely failed to carry this burden.  The MGA

6  Parties assert two types of jurisdiction general objections: (1) an objection "to each

7  request to the extent it seeks information relating to the activities or conduct of other

8  entities or non-parties;"[23] and (2) an objection "to each request to the extent it seeks

9  information relating to activities or conduct in foreign countries."[24]  As a practice, the

10  MGA Parties incorporate these single sentence objections "by reference" to every

11  single RFP Mattel propounds in any given set of requests.[25]  Yet not once have the

12  MGA Parties even attempted to apply these general objections to the hundreds of RFP's

---

14  [22]  Id.

15  [23]  E.g., General Objection No. 11 of MGA's Objections and Responses to
Mattel's Fifth Set of Requests for Documents and Things, dated December 27, 2007,
16  Jih Dec., Exh. 11; General objection No. 11 of MGAE de Mexico S.R.L. de C.V.'s
Objections and Responses to Mattel's First Set of Requests for Production of
17  Documents and Things, dated December 21, 2007, Jih Dec., Exh. 10; General
18  Objection No. 11 of Response to Mattel, Inc.'s Sixth Set of Requests for Production
of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec.,
19  Exh. 13.

20  [24]  E.g., General Objection No. 12 of Response to Mattel's Sixth Set of Requests
for Production of Documents and Things to MGA Entertainment, dated January 11,
21  2008, Jih Dec., Exh. 13; General Objection No. 12 of Response to Mattel's Second
22  Set of Requests for Production of Documents and Things to Isaac Larian, dated
January 11, 2008, Jih Dec., Exh. 14; General Objection No. 12 of Response to
23  Mattel's Second Set of Requests for Documents and Things to MGA HK, dated
24  January 17, 2008, Jih Dec., Exh. 15.

25  [25]  See, e.g., Response to Mattel's Third Set of Requests for Documents and
Things to MGA (HK) Limited, dated February 21, 2008, at 2, Jih Dec., Exh. 18
26  ("'MGA HK incorporates the following General Objections, as well as the General
27  Response, into its Specific Responses and Objections to each and every request for
documents contained in the Requests").

28

thus incorporated, and not once have they even discussed whether they are withholding responsive documents to particular requests based on these objections.  Such "to the extent" general objections that are never applied to specific requests are meritless and must be stricken.  See Kaur v. Alameida, 2007 WL 1521564, at *5 (E.D. Cal. May 23, 2007) (overruling general objection that did not reference any specific requests thereby failing to afford court the ability to evaluate the general objection); see also Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 660-61 (D. Kan. 2004) (overruling "to the extent" general objections as meritless on their face and ruling such general objections are "disapproved" and "worthless for anything beyond delay of the discovery") (internal citation omitted); Sonnino v. Univ. of Kan. Hosp. Auth., 221 F.R.D. 661, 666-67 (D. Kan. 2004) (disapproving of "'to the extent' it may apply to particular requests for discovery" general objections as "ostensible objections" that the courts will deem as waived or not consider as objections at all) (citations omitted); Johnson v. Kraft Foods N. Am., Inc., 238 F.R.D. 648, 651 (D. Kan. 2006) ("[A]sserting a general objection 'to the extent' such an objection may apply to particular discovery request . . . [is] construe[d] . . . to be 'hypothetical or contingent possibilities' in those instances where the objecting party makes 'no meaningful effort to show the application of any such theoretical objection to any request for discovery;'" and the court "deem[s] such general objections waived and would decline to consider them as objections at all.").  Any contrary finding would distort the burden of proof that the MGA Parties bear to substantiate their objections.

Furthermore, as a matter of law, these general objections were waived with respect to requests that the MGA Parties were previously compelled on.  It is well-settled that a party's failure to assert an objection or ground in opposition to a motion to compel is a waiver.  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (party waived objections it failed to make in discovery responses or opposition to motion to compel); Calderon v. Presidio Valley Farmers Ass'n, 863 F.2d 384, 389 (5th Cir. 1989) (party waived claim it failed to raise in opposition to

discovery motion); <u>Diapulse Corp. of America v. Curtis Publishing Co.</u>, 374 F.2d 442, 445 (2d Cir. 1967) ("Any other conditions not requested by plaintiff in opposition to defendant's motion to require production of documents for discovery are clearly afterthoughts which were waived by plaintiff's failure to request them in opposition to defendant's motion."); <u>Fleet Systems, Inc. v. Federal Coach</u>, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such objections continued to be applicable in its brief in opposition to the motion to compel. Accordingly, such objections are deemed waived."); <u>Eidukonis v. Southeastern Pennsylvania Transp. Authority</u>, 1987 WL 16321, *5 (E.D. Pa. 1987) ("Defendant claims that while plaintiff never argued for this limitation in opposing the prior motion, nor did this Court limit such discovery to the last set of active duty orders, this argument and all objections the plaintiff attempts to set forth now are waived. This Court agrees.").  Accordingly, with regard to any RFP that incorporates the general objections and that the MGA Parties have been compelled on, the general objections were waived and cannot stand as a basis for withholding documents.

The MGA Parties' jurisdictional objections should be overruled and stricken from their prior written discovery responses, and they should be required to produce any documents they have withheld based on them.

## VII.   MGA ENTERTAINMENT, INC.'S OBJECTIONS AND SUPPLEMENTAL RESPONSES TO MATTEL, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS [31, 35, 37, 39, 78-86]

**GENERAL OBJECTION NO. 11:**

MGA objects to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties.[26]

**GENERAL OBJECTION NO. 12:**

MGA objects to each request to the extent it seeks information relating to the activities or conduct in foreign countries.[27]

**MATTEL'S ARGUMENT**

The law is well settled that general, blanket objections are improper and are tantamount to making no objection at all.  DL v. District of Columbia, 251 F.R.D. 38, 43 (D.D.C. 2008) (overruling respondent's general objections "in their entirety," where the party incorporated the "General Objections above" without indicating "the specific nature or amount of material being withheld on the basis of the general objections" and "without explanation or elaboration," with respect to the specific discovery requests); PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291, 293 (N.D. W.Va. 2004) ("general objections, not accompanied by specific explanations, are ineffective and result in a waiver"); Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("[I]t is well-settled that all grounds for objection must be stated with specificity . . . Most of defendants' objections are too general to merit consideration and are therefore waived.").  This is because the party resisting discovery bears the burden

---

[26]   MGA Entertainment, Inc.'s Objections and Supplemental Responses to Mattel, Inc.'s Third Set of Requests for Production of Documents and Things, dated January 9, 2008, at 4, Jih Dec., Exh. 7.

SEPARATE STATEMENT

of showing "that discovery should not be allowed" and of "clarifying, explaining, and supporting its objections." <u>Oakes v. Halvorsen Marine Ltd.</u>, 179 F.R.D. 281, 283 (C.D. Cal. 1998). Indeed, the Discovery Master has previously so held. <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at 20 ("incorporation by reference of a list of general objections is insufficient to preserve an objection), Jih Dec., Exh. 27.

The MGA Parties have completely failed to carry this burden. The MGA Parties assert two types of jurisdiction general objections: (1) an objection "to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties;"[28] and (2) an objection "to each request to the extent it seeks information relating to activities or conduct in foreign countries."[29] As a practice, the MGA Parties incorporate these single sentence objections "by reference" to every single RFP Mattel propounds in any given set of requests.[30] Yet not once have the

---

[27]   <u>Id.</u>

[28]   <u>E.g.</u>, General Objection No. 11 of MGA's Objections and Responses to Mattel's Fifth Set of Requests for Documents and Things, dated December 27, 2007, Jih Dec., Exh. 11; General objection No. 11 of MGAE de Mexico S.R.L. de C.V.'s Objections and Responses to Mattel's First Set of Requests for Production of Documents and Things, dated December 21, 2007, Jih Dec., Exh. 10; General Objection No. 11 of Response to Mattel, Inc.'s Sixth Set of Requests for Production of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec., Exh. 13.

[29]   <u>E.g.</u>, General Objection No. 12 of Response to Mattel's Sixth Set of Requests for Production of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec., Exh. 13; General Objection No. 12 of Response to Mattel's Second Set of Requests for Production of Documents and Things to Isaac Larian, dated January 11, 2008, Jih Dec., Exh. 14; General Objection No. 12 of Response to Mattel's Second Set of Requests for Documents and Things to MGA HK, dated January 17, 2008, Jih Dec., Exh. 15.

[30]   <u>See, e.g.</u>, Response to Mattel's Third Set of Requests for Documents and Things to MGA (HK) Limited, dated February 21, 2008, at 2, Jih Dec., Exh. 18 ("'MGA HK incorporates the following General Objections, as well as the General Response, into its Specific Responses and Objections to each and every request for documents contained in the Requests").

1   MGA Parties even attempted to apply these general objections to the hundreds of RFP's

2   thus incorporated, and not once have they even discussed whether they are withholding

3   responsive documents to particular requests based on these objections.  Such "to the

4   extent" general objections that are never applied to specific requests are meritless and

5   must be stricken.  See Kaur v. Alameida, 2007 WL 1521564, at *5 (E.D. Cal. May 23,

6   2007) (overruling general objection that did not reference any specific requests thereby

7   failing to afford court the ability to evaluate the general objection); see also

8   Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 660-61 (D. Kan. 2004) (overruling

9   "to the extent" general objections as meritless on their face and ruling such general

10  objections are "disapproved" and "worthless for anything beyond delay of the

11  discovery") (internal citation omitted); Sonnino v. Univ. of Kan. Hosp. Auth., 221

12  F.R.D. 661, 666-67 (D. Kan. 2004) (disapproving of "'to the extent' it may apply to

13  particular requests for discovery" general objections as "ostensible objections" that the

14  courts will deem as waived or not consider as objections at all) (citations omitted);

15  Johnson v. Kraft Foods N. Am., Inc., 238 F.R.D. 648, 651 (D. Kan. 2006) ("[A]sserting

16  a general objection 'to the extent' such an objection may apply to particular discovery

17  request . . . [is] construe[d] . . . to be 'hypothetical or contingent possibilities' in those

18  instances where the objecting party makes 'no meaningful effort to show the application

19  of any such theoretical objection to any request for discovery;'" and the court "deem[s]

20  such general objections waived and would decline to consider them as objections at

21  all.").  Any contrary finding would distort the burden of proof that the MGA Parties

22  bear to substantiate their objections.

23          Furthermore, as a matter of law, these general objections were waived with

24  respect to requests that the MGA Parties were previously compelled on.  It is well-

25  settled that a party's failure to assert an objection or ground in opposition to a motion to

26  compel is a waiver.  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468,

27  1473 (9th Cir. 1992) (party waived objections it failed to make in discovery responses

28  or opposition to motion to compel); Calderon v. Presidio Valley Farmers Ass'n, 863

F.2d 384, 389 (5th Cir. 1989) (party waived claim it failed to raise in opposition to discovery motion); <u>Diapulse Corp. of America v. Curtis Publishing Co.</u>, 374 F.2d 442, 445 (2d Cir. 1967) ("Any other conditions not requested by plaintiff in opposition to defendant's motion to require production of documents for discovery are clearly afterthoughts which were waived by plaintiff's failure to request them in opposition to defendant's motion."); <u>Fleet Systems, Inc. v. Federal Coach</u>, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such objections continued to be applicable in its brief in opposition to the motion to compel. Accordingly, such objections are deemed waived."); <u>Eidukonis v. Southeastern Pennsylvania Transp. Authority</u>, 1987 WL 16321, *5 (E.D. Pa. 1987) ("Defendant claims that while plaintiff never argued for this limitation in opposing the prior motion, nor did this Court limit such discovery to the last set of active duty orders, this argument and all objections the plaintiff attempts to set forth now are waived. This Court agrees.").  Accordingly, with regard to any RFP that incorporates the general objections and that the MGA Parties have been compelled on, the general objections were waived and cannot stand as a basis for withholding documents.

The MGA Parties' jurisdictional objections should be overruled and stricken from their prior written discovery responses, and they should be required to produce any documents they have withheld based on them.

00505.07975/3175117.1

## VIII.  .MGA ENTERTAINMENT, INC.'S FURTHER SUPPLEMENTAL RESPONSES TO MATTEL, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION TO MGA, REQUESTS NOS. 34, 35, 37, AND 39

### GENERAL OBJECTION NO. 11:

MGA objects to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties.[31]

### GENERAL OBJECTION NO. 12:

MGA objects to each request to the extent it seeks information relating to the activities or conduct in foreign countries.[32]

### MATTEL'S ARGUMENT

The law is well settled that general, blanket objections are improper and are tantamount to making no objection at all.  DL v. District of Columbia, 251 F.R.D. 38, 43 (D.D.C. 2008) (overruling respondent's general objections "in their entirety," where the party incorporated the "General Objections above" without indicating "the specific nature or amount of material being withheld on the basis of the general objections" and "without explanation or elaboration," with respect to the specific discovery requests); PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291, 293 (N.D. W.Va. 2004) ("general objections, not accompanied by specific explanations, are ineffective and result in a waiver"); Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("[I]t is well-settled that all grounds for objection must be stated with specificity . . . Most of defendants' objections are too general to merit consideration and are therefore waived.").  This is because the party resisting discovery bears the burden of showing "that discovery should not be allowed" and of "clarifying, explaining, and

---

[31]   MGA Entertainment, Inc.'s Further Supplemental Objections and Responses to Mattel, Inc.'s Third Set of Requests for Production of Documents and Things, dated April 30, 2008, at 4, Jih Dec., Exh. 8.

1    supporting its objections." <u>Oakes v. Halvorsen Marine Ltd.</u>, 179 F.R.D. 281, 283 (C.D.

2    Cal. 1998).   Indeed, the Discovery Master has previously so held.   <u>See</u> Discovery

3    Master Order No. 17, dated April 14, 2009, at 20 ("incorporation by reference of a list

4    of general objections is insufficient to preserve an objection), Jih Dec., Exh. 27.

5            The MGA Parties have completely failed to carry this burden.  The MGA

6    Parties assert two types of jurisdiction general objections: (1) an objection "to each

7    request to the extent it seeks information relating to the activities or conduct of other

8    entities or non-parties;"[33] and (2) an objection "to each request to the extent it seeks

9    information relating to activities or conduct in foreign countries."[34]  As a practice, the

10   MGA Parties incorporate these single sentence objections "by reference" to every

11   single RFP Mattel propounds in any given set of requests.[35]   Yet not once have the

12   MGA Parties even attempted to <u>apply</u> these general objections to the hundreds of RFP's

---

14   [32]   <u>Id.</u>

15   [33]   <u>E.g.</u>, General Objection No. 11 of MGA's Objections and Responses to
     Mattel's Fifth Set of Requests for Documents and Things, dated December 27, 2007,
16   Jih Dec., Exh. 11; General objection No. 11 of MGAE de Mexico S.R.L. de C.V.'s
     Objections and Responses to Mattel's First Set of Requests for Production of
17   Documents and Things, dated December 21, 2007, Jih Dec., Exh. 10; General
     Objection No. 11 of Response to Mattel, Inc.'s Sixth Set of Requests for Production
18   of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec.,
     Exh. 13.
19
     [34]   <u>E.g.</u>, General Objection No. 12 of Response to Mattel's Sixth Set of Requests
20   for Production of Documents and Things to MGA Entertainment, dated January 11,
     2008, Jih Dec., Exh. 13; General Objection No. 12 of Response to Mattel's Second
21   Set of Requests for Production of Documents and Things to Isaac Larian, dated
     January 11, 2008, Jih Dec., Exh. 14; General Objection No. 12 of Response to
22   Mattel's Second Set of Requests for Documents and Things to MGA HK, dated
     January 17, 2008, Jih Dec., Exh. 15.
23
     [35]   <u>See, e.g.</u>, Response to Mattel's Third Set of Requests for Documents and
24   Things to MGA (HK) Limited, dated February 21, 2008, at 2, Jih Dec., Exh. 18
     ("'MGA HK incorporates the following General Objections, as well as the General
25   Response, into its Specific Responses and Objections to each and every request for
     documents contained in the Requests").

thus incorporated, and not once have they even discussed whether they are withholding responsive documents to particular requests based on these objections.  Such "to the extent" general objections that are never applied to specific requests are meritless and must be stricken.  See Kaur v. Alameida, 2007 WL 1521564, at *5 (E.D. Cal. May 23, 2007) (overruling general objection that did not reference any specific requests thereby failing to afford court the ability to evaluate the general objection); see also Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 660-61 (D. Kan. 2004) (overruling "to the extent" general objections as meritless on their face and ruling such general objections are "disapproved" and "worthless for anything beyond delay of the discovery") (internal citation omitted); Sonnino v. Univ. of Kan. Hosp. Auth., 221 F.R.D. 661, 666-67 (D. Kan. 2004) (disapproving of "'to the extent' it may apply to particular requests for discovery" general objections as "ostensible objections" that the courts will deem as waived or not consider as objections at all) (citations omitted); Johnson v. Kraft Foods N. Am., Inc., 238 F.R.D. 648, 651 (D. Kan. 2006) ("[A]sserting a general objection 'to the extent' such an objection may apply to particular discovery request . . . [is] construe[d] . . . to be 'hypothetical or contingent possibilities' in those instances where the objecting party makes 'no meaningful effort to show the application of any such theoretical objection to any request for discovery;'" and the court "deem[s] such general objections waived and would decline to consider them as objections at all.").  Any contrary finding would distort the burden of proof that the MGA Parties bear to substantiate their objections.

Furthermore, as a matter of law, these general objections were waived with respect to requests that the MGA Parties were previously compelled on.  It is well-settled that a party's failure to assert an objection or ground in opposition to a motion to compel is a waiver.  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (party waived objections it failed to make in discovery responses or opposition to motion to compel); Calderon v. Presidio Valley Farmers Ass'n, 863 F.2d 384, 389 (5th Cir. 1989) (party waived claim it failed to raise in opposition to

discovery motion); <u>Diapulse Corp. of America v. Curtis Publishing Co.</u>, 374 F.2d 442, 445 (2d Cir. 1967) ("Any other conditions not requested by plaintiff in opposition to defendant's motion to require production of documents for discovery are clearly afterthoughts which were waived by plaintiff's failure to request them in opposition to defendant's motion."); <u>Fleet Systems, Inc. v. Federal Coach</u>, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such objections continued to be applicable in its brief in opposition to the motion to compel. Accordingly, such objections are deemed waived."); <u>Eidukonis v. Southeastern Pennsylvania Transp. Authority</u>, 1987 WL 16321, *5 (E.D. Pa. 1987) ("Defendant claims that while plaintiff never argued for this limitation in opposing the prior motion, nor did this Court limit such discovery to the last set of active duty orders, this argument and all objections the plaintiff attempts to set forth now are waived. This Court agrees.").  Accordingly, with regard to any RFP that incorporates the general objections and that the MGA Parties have been compelled on, the general objections were waived and cannot stand as a basis for withholding documents.

The MGA Parties' jurisdictional objections should be overruled and stricken from their prior written discovery responses, and they should be required to produce any documents they have withheld based on them.

## IX.   MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

### GENERAL OBJECTION NO. 11:

MGA objects to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties.[36]

### GENERAL OBJECTION NO. 12:

MGA objects to each request to the extent it seeks information relating to the activities or conduct in foreign countries.[37]

### MATTEL'S ARGUMENT

The law is well settled that general, blanket objections are improper and are tantamount to making no objection at all.  DL v. District of Columbia, 251 F.R.D. 38, 43 (D.D.C. 2008) (overruling respondent's general objections "in their entirety," where the party incorporated the "General Objections above" without indicating "the specific nature or amount of material being withheld on the basis of the general objections" and "without explanation or elaboration," with respect to the specific discovery requests); PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291, 293 (N.D. W.Va. 2004) ("general objections, not accompanied by specific explanations, are ineffective and result in a waiver"); Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("[I]t is well-settled that all grounds for objection must be stated with specificity . . . Most of defendants' objections are too general to merit consideration and are therefore waived.").  This is because the party resisting discovery bears the burden of showing "that discovery should not be allowed" and of "clarifying, explaining, and

---

[36]   MGA Entertainment, Inc.'s Objections and Responses to Mattel, Inc.'s Fourth Set of Requests for Production of Documents and Things, dated November 26, 2007, at 4, Jih Dec., Exh. 9.

1  supporting its objections." <u>Oakes v. Halvorsen Marine Ltd.</u>, 179 F.R.D. 281, 283 (C.D.

2  Cal. 1998).   Indeed, the Discovery Master has previously so held.   <u>See</u> Discovery

3  Master Order No. 17, dated April 14, 2009, at 20 ("incorporation by reference of a list

4  of general objections is insufficient to preserve an objection), Jih Dec., Exh. 27.

5         The MGA Parties have completely failed to carry this burden.  The MGA

6  Parties assert two types of jurisdiction general objections: (1) an objection "to each

7  request to the extent it seeks information relating to the activities or conduct of other

8  entities or non-parties;"[38] and (2) an objection "to each request to the extent it seeks

9  information relating to activities or conduct in foreign countries."[39]  As a practice, the

10 MGA Parties incorporate these single sentence objections "by reference" to every

11 single RFP Mattel propounds in any given set of requests.[40]  Yet not once have the

12 MGA Parties even attempted to <u>apply</u> these general objections to the hundreds of RFP's

13

14     [37]   <u>Id.</u>

15     [38]   <u>E.g.</u>, General Objection No. 11 of MGA's Objections and Responses to
    Mattel's Fifth Set of Requests for Documents and Things, dated December 27, 2007,

16  Jih Dec., Exh. 11; General objection No. 11 of MGAE de Mexico S.R.L. de C.V.'s
    Objections and Responses to Mattel's First Set of Requests for Production of

17  Documents and Things, dated December 21, 2007, Jih Dec., Exh. 10; General

18  Objection No. 11 of Response to Mattel, Inc.'s Sixth Set of Requests for Production
    of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec.,

19  Exh. 13.

20     [39]   <u>E.g.</u>, General Objection No. 12 of Response to Mattel's Sixth Set of Requests
    for Production of Documents and Things to MGA Entertainment, dated January 11,

21  2008, Jih Dec., Exh. 13; General Objection No. 12 of Response to Mattel's Second

22  Set of Requests for Production of Documents and Things to Isaac Larian, dated
    January 11, 2008, Jih Dec., Exh. 14; General Objection No. 12 of Response to

23  Mattel's Second Set of Requests for Documents and Things to MGA HK, dated

24  January 17, 2008, Jih Dec., Exh. 15.

25     [40]   <u>See, e.g.</u>, Response to Mattel's Third Set of Requests for Documents and
    Things to MGA (HK) Limited, dated February 21, 2008, at 2, Jih Dec., Exh. 18

26  ("'MGA HK incorporates the following General Objections, as well as the General

27  Response, into its Specific Responses and Objections to each and every request for
    documents contained in the Requests").

28

1  thus incorporated, and not once have they even discussed whether they are withholding

2  responsive documents to particular requests based on these objections.  Such "to the

3  extent" general objections that are never applied to specific requests are meritless and

4  must be stricken.  See Kaur v. Alameida, 2007 WL 1521564, at *5 (E.D. Cal. May 23,

5  2007) (overruling general objection that did not reference any specific requests thereby

6  failing to afford court the ability to evaluate the general objection); see also

7  Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 660-61 (D. Kan. 2004) (overruling

8  "to the extent" general objections as meritless on their face and ruling such general

9  objections are "disapproved" and "worthless for anything beyond delay of the

10  discovery") (internal citation omitted); Sonnino v. Univ. of Kan. Hosp. Auth., 221

11  F.R.D. 661, 666-67 (D. Kan. 2004) (disapproving of "'to the extent' it may apply to

12  particular requests for discovery" general objections as "ostensible objections" that the

13  courts will deem as waived or not consider as objections at all) (citations omitted);

14  Johnson v. Kraft Foods N. Am., Inc., 238 F.R.D. 648, 651 (D. Kan. 2006) ("[A]sserting

15  a general objection 'to the extent' such an objection may apply to particular discovery

16  request . . . [is] construe[d] . . . to be 'hypothetical or contingent possibilities' in those

17  instances where the objecting party makes 'no meaningful effort to show the application

18  of any such theoretical objection to any request for discovery;'" and the court "deem[s]

19  such general objections waived and would decline to consider them as objections at

20  all.").  Any contrary finding would distort the burden of proof that the MGA Parties

21  bear to substantiate their objections.

22         Furthermore, as a matter of law, these general objections were waived with

23  respect to requests that the MGA Parties were previously compelled on.  It is well-

24  settled that a party's failure to assert an objection or ground in opposition to a motion to

25  compel is a waiver.  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468,

26  1473 (9th Cir. 1992) (party waived objections it failed to make in discovery responses

27  or opposition to motion to compel); Calderon v. Presidio Valley Farmers Ass'n, 863

28  F.2d 384, 389 (5th Cir. 1989) (party waived claim it failed to raise in opposition to

-35-

discovery motion); <u>Diapulse Corp. of America v. Curtis Publishing Co.</u>, 374 F.2d 442, 445 (2d Cir. 1967) ("Any other conditions not requested by plaintiff in opposition to defendant's motion to require production of documents for discovery are clearly afterthoughts which were waived by plaintiff's failure to request them in opposition to defendant's motion."); <u>Fleet Systems, Inc. v. Federal Coach</u>, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such objections continued to be applicable in its brief in opposition to the motion to compel. Accordingly, such objections are deemed waived."); <u>Eidukonis v. Southeastern Pennsylvania Transp. Authority</u>, 1987 WL 16321, *5 (E.D. Pa. 1987) ("Defendant claims that while plaintiff never argued for this limitation in opposing the prior motion, nor did this Court limit such discovery to the last set of active duty orders, this argument and all objections the plaintiff attempts to set forth now are waived. This Court agrees.").  Accordingly, with regard to any RFP that incorporates the general objections and that the MGA Parties have been compelled on, the general objections were waived and cannot stand as a basis for withholding documents.

The MGA Parties' jurisdictional objections should be overruled and stricken from their prior written discovery responses, and they should be required to produce any documents they have withheld based on them.

## X.   MGAE DE MEXICO S.R.L. DE C.V.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS

### GENERAL OBJECTION NO. 11:

MGA Mexico objects to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties.[41]

### GENERAL OBJECTION NO. 12:

MGA Mexico objects to each request to the extent it seeks information relating to the activities or conduct in foreign countries.[42]

### MATTEL'S ARGUMENT

The law is well settled that general, blanket objections are improper and are tantamount to making no objection at all. DL v. District of Columbia, 251 F.R.D. 38, 43 (D.D.C. 2008) (overruling respondent's general objections "in their entirety," where the party incorporated the "General Objections above" without indicating "the specific nature or amount of material being withheld on the basis of the general objections" and "without explanation or elaboration," with respect to the specific discovery requests); PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291, 293 (N.D. W.Va. 2004) ("general objections, not accompanied by specific explanations, are ineffective and result in a waiver"); Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("[I]t is well-settled that all grounds for objection must be stated with specificity . . . Most of defendants' objections are too general to merit consideration and are therefore waived."). This is because the party resisting discovery bears the burden of showing "that discovery should not be allowed" and of "clarifying, explaining, and

---

[41]   MGAE de Mexico S.R.L. de C.V.'s Objections and Responses to Mattel, Inc.'s First Set of Requests for Production of Documents and Things, dated December 21, 2007, at 4, Jih Dec., Exh. 10.

SEPARATE STATEMENT

supporting its objections." <u>Oakes v. Halvorsen Marine Ltd.</u>, 179 F.R.D. 281, 283 (C.D. Cal. 1998).  Indeed, the Discovery Master has previously so held.  <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at 20 ("incorporation by reference of a list of general objections is insufficient to preserve an objection), Jih Dec., Exh. 27.

The MGA Parties have completely failed to carry this burden.  The MGA Parties assert two types of jurisdiction general objections: (1) an objection "to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties;"[43] and (2) an objection "to each request to the extent it seeks information relating to activities or conduct in foreign countries."[44]  As a practice, the MGA Parties incorporate these single sentence objections "by reference" to every single RFP Mattel propounds in any given set of requests.[45]  Yet not once have the MGA Parties even attempted to <u>apply</u> these general objections to the hundreds of RFP's

---

[42]  <u>Id.</u>

[43]  <u>E.g.</u>, General Objection No. 11 of MGA's Objections and Responses to Mattel's Fifth Set of Requests for Documents and Things, dated December 27, 2007, Jih Dec., Exh. 11; General objection No. 11 of MGAE de Mexico S.R.L. de C.V.'s Objections and Responses to Mattel's First Set of Requests for Production of Documents and Things, dated December 21, 2007, Jih Dec., Exh. 10; General Objection No. 11 of Response to Mattel, Inc.'s Sixth Set of Requests for Production of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec., Exh. 13.

[44]  <u>E.g.</u>, General Objection No. 12 of Response to Mattel's Sixth Set of Requests for Production of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec., Exh. 13; General Objection No. 12 of Response to Mattel's Second Set of Requests for Production of Documents and Things to Isaac Larian, dated January 11, 2008, Jih Dec., Exh. 14; General Objection No. 12 of Response to Mattel's Second Set of Requests for Documents and Things to MGA HK, dated January 17, 2008, Jih Dec., Exh. 15.

[45]  <u>See, e.g.</u>, Response to Mattel's Third Set of Requests for Documents and Things to MGA (HK) Limited, dated February 21, 2008, at 2, Jih Dec., Exh. 18 ("'MGA HK incorporates the following General Objections, as well as the General Response, into its Specific Responses and Objections to each and every request for documents contained in the Requests").

1    thus incorporated, and not once have they even discussed whether they are withholding

2    responsive documents to particular requests based on these objections.  Such "to the

3    extent" general objections that are never applied to specific requests are meritless and

4    must be stricken.  See Kaur v. Alameida, 2007 WL 1521564, at *5 (E.D. Cal. May 23,

5    2007) (overruling general objection that did not reference any specific requests thereby

6    failing to afford court the ability to evaluate the general objection); see also

7    Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 660-61 (D. Kan. 2004) (overruling

8    "to the extent" general objections as meritless on their face and ruling such general

9    objections are "disapproved" and "worthless for anything beyond delay of the

10   discovery") (internal citation omitted); Sonnino v. Univ. of Kan. Hosp. Auth., 221

11   F.R.D. 661, 666-67 (D. Kan. 2004) (disapproving of "'to the extent' it may apply to

12   particular requests for discovery" general objections as "ostensible objections" that the

13   courts will deem as waived or not consider as objections at all) (citations omitted);

14   Johnson v. Kraft Foods N. Am., Inc., 238 F.R.D. 648, 651 (D. Kan. 2006) ("[A]sserting

15   a general objection 'to the extent' such an objection may apply to particular discovery

16   request . . . [is] construe[d] . . . to be 'hypothetical or contingent possibilities' in those

17   instances where the objecting party makes 'no meaningful effort to show the application

18   of any such theoretical objection to any request for discovery;'" and the court "deem[s]

19   such general objections waived and would decline to consider them as objections at

20   all.").  Any contrary finding would distort the burden of proof that the MGA Parties

21   bear to substantiate their objections.

22        Furthermore, as a matter of law, these general objections were waived with

23   respect to requests that the MGA Parties were previously compelled on.  It is well-

24   settled that a party's failure to assert an objection or ground in opposition to a motion to

25   compel is a waiver.  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468,

26   1473 (9th Cir. 1992) (party waived objections it failed to make in discovery responses

27   or opposition to motion to compel); Calderon v. Presidio Valley Farmers Ass'n, 863

28   F.2d 384, 389 (5th Cir. 1989) (party waived claim it failed to raise in opposition to

discovery motion); <u>Diapulse Corp. of America v. Curtis Publishing Co.</u>, 374 F.2d 442, 445 (2d Cir. 1967) ("Any other conditions not requested by plaintiff in opposition to defendant's motion to require production of documents for discovery are clearly afterthoughts which were waived by plaintiff's failure to request them in opposition to defendant's motion."); <u>Fleet Systems, Inc. v. Federal Coach</u>, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such objections continued to be applicable in its brief in opposition to the motion to compel. Accordingly, such objections are deemed waived."); <u>Eidukonis v. Southeastern Pennsylvania Transp. Authority</u>, 1987 WL 16321, *5 (E.D. Pa. 1987) ("Defendant claims that while plaintiff never argued for this limitation in opposing the prior motion, nor did this Court limit such discovery to the last set of active duty orders, this argument and all objections the plaintiff attempts to set forth now are waived. This Court agrees.").  Accordingly, with regard to any RFP that incorporates the general objections and that the MGA Parties have been compelled on, the general objections were waived and cannot stand as a basis for withholding documents.

The MGA Parties' jurisdictional objections should be overruled and stricken from their prior written discovery responses, and they should be required to produce any documents they have withheld based on them.

## XI. <u>MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.</u>

### <u>GENERAL OBJECTION NO. 11:</u>

MGA objects to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties.[46]

### <u>GENERAL OBJECTION NO. 12:</u>

MGA objects to each request to the extent it seeks information relating to the activities or conduct in foreign countries.[47]

### <u>MATTEL'S ARGUMENT</u>

The law is well settled that general, blanket objections are improper and are tantamount to making no objection at all.  <u>DL v. District of Columbia</u>, 251 F.R.D. 38, 43 (D.D.C. 2008) (overruling respondent's general objections "in their entirety," where the party incorporated the "General Objections above" without indicating "the specific nature or amount of material being withheld on the basis of the general objections" and "without explanation or elaboration," with respect to the specific discovery requests); <u>PLX, Inc. v. Prosystems, Inc.</u>, 220 F.R.D. 291, 293 (N.D. W.Va. 2004) ("general objections, not accompanied by specific explanations, are ineffective and result in a waiver"); <u>Ramirez v. County of Los Angeles</u>, 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("[I]t is well-settled that all grounds for objection must be stated with specificity . . . Most of defendants' objections are too general to merit consideration and are therefore waived.").  This is because the party resisting discovery bears the burden of showing "that discovery should not be allowed" and of "clarifying, explaining, and

---

[46]   MGA Entertainment, Inc.'s Objections and Responses to Mattel, Inc.'s Fifth Set of Requests for Production of Documents and Things, dated December 27, 2007, at 4, Jih Dec., Exh. 11.

1  supporting its objections." <u>Oakes v. Halvorsen Marine Ltd.</u>, 179 F.R.D. 281, 283 (C.D.

2  Cal. 1998).  Indeed, the Discovery Master has previously so held.  <u>See</u> Discovery

3  Master Order No. 17, dated April 14, 2009, at 20 ("incorporation by reference of a list

4  of general objections is insufficient to preserve an objection), Jih Dec., Exh. 27.

5            The MGA Parties have completely failed to carry this burden.  The MGA

6  Parties assert two types of jurisdiction general objections: (1) an objection "to each

7  request to the extent it seeks information relating to the activities or conduct of other

8  entities or non-parties;"[48] and (2) an objection "to each request to the extent it seeks

9  information relating to activities or conduct in foreign countries."[49]  As a practice, the

10  MGA Parties incorporate these single sentence objections "by reference" to every

11  single RFP Mattel propounds in any given set of requests.[50]  Yet not once have the

12  MGA Parties even attempted to <u>apply</u> these general objections to the hundreds of RFP's

13

---

14      [47]   <u>Id.</u>

15      [48]   <u>E.g.</u>, General Objection No. 11 of MGA's Objections and Responses to
Mattel's Fifth Set of Requests for Documents and Things, dated December 27, 2007,
16  Jih Dec., Exh. 11; General objection No. 11 of MGAE de Mexico S.R.L. de C.V.'s
Objections and Responses to Mattel's First Set of Requests for Production of
17  Documents and Things, dated December 21, 2007, Jih Dec., Exh. 10; General
Objection No. 11 of Response to Mattel, Inc.'s Sixth Set of Requests for Production
18  of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec.,
Exh. 13.
19
        [49]   <u>E.g.</u>, General Objection No. 12 of Response to Mattel's Sixth Set of Requests
20  for Production of Documents and Things to MGA Entertainment, dated January 11,
2008, Jih Dec., Exh. 13; General Objection No. 12 of Response to Mattel's Second
21  Set of Requests for Production of Documents and Things to Isaac Larian, dated
January 11, 2008, Jih Dec., Exh. 14; General Objection No. 12 of Response to
22  Mattel's Second Set of Requests for Documents and Things to MGA HK, dated
January 17, 2008, Jih Dec., Exh. 15.
23
        [50]   <u>See, e.g.</u>, Response to Mattel's Third Set of Requests for Documents and
24  Things to MGA (HK) Limited, dated February 21, 2008, at 2, Jih Dec., Exh. 18
("'MGA HK incorporates the following General Objections, as well as the General
25  Response, into its Specific Responses and Objections to each and every request for
documents contained in the Requests").
26

27

28

1  thus incorporated, and not once have they even discussed whether they are withholding

2  responsive documents to particular requests based on these objections.  Such "to the

3  extent" general objections that are never applied to specific requests are meritless and

4  must be stricken.  See Kaur v. Alameida, 2007 WL 1521564, at *5 (E.D. Cal. May 23,

5  2007) (overruling general objection that did not reference any specific requests thereby

6  failing to afford court the ability to evaluate the general objection); see also

7  Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 660-61 (D. Kan. 2004) (overruling

8  "to the extent" general objections as meritless on their face and ruling such general

9  objections are "disapproved" and "worthless for anything beyond delay of the

10  discovery") (internal citation omitted); Sonnino v. Univ. of Kan. Hosp. Auth., 221

11  F.R.D. 661, 666-67 (D. Kan. 2004) (disapproving of "'to the extent' it may apply to

12  particular requests for discovery" general objections as "ostensible objections" that the

13  courts will deem as waived or not consider as objections at all) (citations omitted);

14  Johnson v. Kraft Foods N. Am., Inc., 238 F.R.D. 648, 651 (D. Kan. 2006) ("[A]sserting

15  a general objection 'to the extent' such an objection may apply to particular discovery

16  request . . . [is] construe[d] . . . to be 'hypothetical or contingent possibilities' in those

17  instances where the objecting party makes 'no meaningful effort to show the application

18  of any such theoretical objection to any request for discovery;'" and the court "deem[s]

19  such general objections waived and would decline to consider them as objections at

20  all.").  Any contrary finding would distort the burden of proof that the MGA Parties

21  bear to substantiate their objections.

22          Furthermore, as a matter of law, these general objections were waived with

23  respect to requests that the MGA Parties were previously compelled on.  It is well-

24  settled that a party's failure to assert an objection or ground in opposition to a motion to

25  compel is a waiver.  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468,

26  1473 (9th Cir. 1992) (party waived objections it failed to make in discovery responses

27  or opposition to motion to compel); Calderon v. Presidio Valley Farmers Ass'n, 863

28  F.2d 384, 389 (5th Cir. 1989) (party waived claim it failed to raise in opposition to

discovery motion); <u>Diapulse Corp. of America v. Curtis Publishing Co.</u>, 374 F.2d 442, 445 (2d Cir. 1967) ("Any other conditions not requested by plaintiff in opposition to defendant's motion to require production of documents for discovery are clearly afterthoughts which were waived by plaintiff's failure to request them in opposition to defendant's motion."); <u>Fleet Systems, Inc. v. Federal Coach</u>, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such objections continued to be applicable in its brief in opposition to the motion to compel. Accordingly, such objections are deemed waived."); <u>Eidukonis v. Southeastern Pennsylvania Transp. Authority</u>, 1987 WL 16321, *5 (E.D. Pa. 1987) ("Defendant claims that while plaintiff never argued for this limitation in opposing the prior motion, nor did this Court limit such discovery to the last set of active duty orders, this argument and all objections the plaintiff attempts to set forth now are waived. This Court agrees.").  Accordingly, with regard to any RFP that incorporates the general objections and that the MGA Parties have been compelled on, the general objections were waived and cannot stand as a basis for withholding documents.

The MGA Parties' jurisdictional objections should be overruled and stricken from their prior written discovery responses, and they should be required to produce any documents they have withheld based on them.

## XII.   RESPONSE TO MATTEL, INC.'S SECOND SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

## GENERAL OBJECTION NO. 11:

MGA Mexico objects to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties.[51]

## GENERAL OBJECTION NO. 12:

MGA Mexico objects to each request to the extent it seeks information relating to the activities or conduct in foreign countries.[52]

## MATTEL'S ARGUMENT

The law is well settled that general, blanket objections are improper and are tantamount to making no objection at all.  DL v. District of Columbia, 251 F.R.D. 38, 43 (D.D.C. 2008) (overruling respondent's general objections "in their entirety," where the party incorporated the "General Objections above" without indicating "the specific nature or amount of material being withheld on the basis of the general objections" and "without explanation or elaboration," with respect to the specific discovery requests); PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291, 293 (N.D. W.Va. 2004) ("general objections, not accompanied by specific explanations, are ineffective and result in a waiver"); Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("[I]t is well-settled that all grounds for objection must be stated with specificity . . . Most of defendants' objections are too general to merit consideration and are therefore waived.").  This is because the party resisting discovery bears the burden of showing "that discovery should not be allowed" and of "clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D.

---

[51]   Response to Mattel, Inc.'s Second Set of Requests for Documents and Things to MGAE de Mexico S.R.L. de C.V., dated January 11, 2008, at 4, Jih Dec., Exh. 12.

1   Cal. 1998).   Indeed, the Discovery Master has previously so held.   See Discovery

2   Master Order No. 17, dated April 14, 2009, at 20 ("incorporation by reference of a list

3   of general objections is insufficient to preserve an objection), Jih Dec., Exh. 27.

4               The MGA Parties have completely failed to carry this burden.  The MGA

5   Parties assert two types of jurisdiction general objections: (1) an objection "to each

6   request to the extent it seeks information relating to the activities or conduct of other

7   entities or non-parties;"[53] and (2) an objection "to each request to the extent it seeks

8   information relating to activities or conduct in foreign countries."[54]  As a practice, the

9   MGA Parties incorporate these single sentence objections "by reference" to every

10  single RFP Mattel propounds in any given set of requests.[55]   Yet not once have the

11  MGA Parties even attempted to apply these general objections to the hundreds of RFP's

12  thus incorporated, and not once have they even discussed whether they are withholding

13

14  [52]  Id.

15  [53]  E.g., General Objection No. 11 of MGA's Objections and Responses to
    Mattel's Fifth Set of Requests for Documents and Things, dated December 27, 2007,

16  Jih Dec., Exh. 11; General objection No. 11 of MGAE de Mexico S.R.L. de C.V.'s
    Objections and Responses to Mattel's First Set of Requests for Production of

17  Documents and Things, dated December 21, 2007, Jih Dec., Exh. 10; General

18  Objection No. 11 of Response to Mattel, Inc.'s Sixth Set of Requests for Production
    of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec.,

19  Exh. 13.

20  [54]  E.g., General Objection No. 12 of Response to Mattel's Sixth Set of Requests
    for Production of Documents and Things to MGA Entertainment, dated January 11,

21  2008, Jih Dec., Exh. 13; General Objection No. 12 of Response to Mattel's Second

22  Set of Requests for Production of Documents and Things to Isaac Larian, dated
    January 11, 2008, Jih Dec., Exh. 14; General Objection No. 12 of Response to

23  Mattel's Second Set of Requests for Documents and Things to MGA HK, dated

24  January 17, 2008, Jih Dec., Exh. 15.

25  [55]  See, e.g., Response to Mattel's Third Set of Requests for Documents and
    Things to MGA (HK) Limited, dated February 21, 2008, at 2, Jih Dec., Exh. 18

26  ("'MGA HK incorporates the following General Objections, as well as the General

27  Response, into its Specific Responses and Objections to each and every request for
    documents contained in the Requests").

28

00505.07975/3175117.1

-46-

SEPARATE STATEMENT

responsive documents to particular requests based on these objections.  Such "to the extent" general objections that are never applied to specific requests are meritless and must be stricken.  See Kaur v. Alameida, 2007 WL 1521564, at *5 (E.D. Cal. May 23, 2007) (overruling general objection that did not reference any specific requests thereby failing to afford court the ability to evaluate the general objection); see also Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 660-61 (D. Kan. 2004) (overruling "to the extent" general objections as meritless on their face and ruling such general objections are "disapproved" and "worthless for anything beyond delay of the discovery") (internal citation omitted); Sonnino v. Univ. of Kan. Hosp. Auth., 221 F.R.D. 661, 666-67 (D. Kan. 2004) (disapproving of "'to the extent' it may apply to particular requests for discovery" general objections as "ostensible objections" that the courts will deem as waived or not consider as objections at all) (citations omitted); Johnson v. Kraft Foods N. Am., Inc., 238 F.R.D. 648, 651 (D. Kan. 2006) ("[A]sserting a general objection 'to the extent' such an objection may apply to particular discovery request . . . [is] construe[d] . . . to be 'hypothetical or contingent possibilities' in those instances where the objecting party makes 'no meaningful effort to show the application of any such theoretical objection to any request for discovery;'" and the court "deem[s] such general objections waived and would decline to consider them as objections at all.").  Any contrary finding would distort the burden of proof that the MGA Parties bear to substantiate their objections.

          Furthermore, as a matter of law, these general objections were waived with respect to requests that the MGA Parties were previously compelled on.  It is well-settled that a party's failure to assert an objection or ground in opposition to a motion to compel is a waiver.  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (party waived objections it failed to make in discovery responses or opposition to motion to compel); Calderon v. Presidio Valley Farmers Ass'n, 863 F.2d 384, 389 (5th Cir. 1989) (party waived claim it failed to raise in opposition to discovery motion); Diapulse Corp. of America v. Curtis Publishing Co., 374 F.2d 442,

445 (2d Cir. 1967) ("Any other conditions not requested by plaintiff in opposition to defendant's motion to require production of documents for discovery are clearly afterthoughts which were waived by plaintiff's failure to request them in opposition to defendant's motion."); <u>Fleet Systems, Inc. v. Federal Coach</u>, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such objections continued to be applicable in its brief in opposition to the motion to compel. Accordingly, such objections are deemed waived."); <u>Eidukonis v. Southeastern Pennsylvania Transp. Authority</u>, 1987 WL 16321, *5 (E.D. Pa. 1987) ("Defendant claims that while plaintiff never argued for this limitation in opposing the prior motion, nor did this Court limit such discovery to the last set of active duty orders, this argument and all objections the plaintiff attempts to set forth now are waived. This Court agrees.").  Accordingly, with regard to any RFP that incorporates the general objections and that the MGA Parties have been compelled on, the general objections were waived and cannot stand as a basis for withholding documents.

The MGA Parties' jurisdictional objections should be overruled and stricken from their prior written discovery responses, and they should be required to produce any documents they have withheld based on them.

00505.07975/3175117.1

## XIII.  RESPONSE TO MATTEL, INC.'S SIXTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

**GENERAL OBJECTION NO. 11:**

MGA objects to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties.[56]

**GENERAL OBJECTION NO. 12:**

MGA objects to each request to the extent it seeks information relating to the activities or conduct in foreign countries.[57]

**MATTEL'S ARGUMENT**

The law is well settled that general, blanket objections are improper and are tantamount to making no objection at all.  DL v. District of Columbia, 251 F.R.D. 38, 43 (D.D.C. 2008) (overruling respondent's general objections "in their entirety," where the party incorporated the "General Objections above" without indicating "the specific nature or amount of material being withheld on the basis of the general objections" and "without explanation or elaboration," with respect to the specific discovery requests); PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291, 293 (N.D. W.Va. 2004) ("general objections, not accompanied by specific explanations, are ineffective and result in a waiver"); Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("[I]t is well-settled that all grounds for objection must be stated with specificity . . . Most of defendants' objections are too general to merit consideration and are therefore waived.").  This is because the party resisting discovery bears the burden of showing "that discovery should not be allowed" and of "clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D.

---

[56]   Response to Mattel, Inc.'s Sixth Set of Requests for Production of Documents and Things to MGA Entertainment, Inc., dated January 11, 2008, at 4, Jih Dec., Exh. 13.

Cal. 1998).   Indeed, the Discovery Master has previously so held.   See Discovery Master Order No. 17, dated April 14, 2009, at 20 ("incorporation by reference of a list of general objections is insufficient to preserve an objection), Jih Dec., Exh. 27.

The MGA Parties have completely failed to carry this burden.  The MGA Parties assert two types of jurisdiction general objections: (1) an objection "to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties;"[58] and (2) an objection "to each request to the extent it seeks information relating to activities or conduct in foreign countries."[59] As a practice, the MGA Parties incorporate these single sentence objections "by reference" to every single RFP Mattel propounds in any given set of requests.[60]  Yet not once have the MGA Parties even attempted to apply these general objections to the hundreds of RFP's thus incorporated, and not once have they even discussed whether they are withholding

---

[57]  Id.

[58]  E.g., General Objection No. 11 of MGA's Objections and Responses to Mattel's Fifth Set of Requests for Documents and Things, dated December 27, 2007, Jih Dec., Exh. 11; General objection No. 11 of MGAE de Mexico S.R.L. de C.V.'s Objections and Responses to Mattel's First Set of Requests for Production of Documents and Things, dated December 21, 2007, Jih Dec., Exh. 10; General Objection No. 11 of Response to Mattel, Inc.'s Sixth Set of Requests for Production of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec., Exh. 13.

[59]  E.g., General Objection No. 12 of Response to Mattel's Sixth Set of Requests for Production of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec., Exh. 13; General Objection No. 12 of Response to Mattel's Second Set of Requests for Production of Documents and Things to Isaac Larian, dated January 11, 2008, Jih Dec., Exh. 14; General Objection No. 12 of Response to Mattel's Second Set of Requests for Documents and Things to MGA HK, dated January 17, 2008, Jih Dec., Exh. 15.

[60]  See, e.g., Response to Mattel's Third Set of Requests for Documents and Things to MGA (HK) Limited, dated February 21, 2008, at 2, Jih Dec., Exh. 18 ("'MGA HK incorporates the following General Objections, as well as the General Response, into its Specific Responses and Objections to each and every request for documents contained in the Requests").

responsive documents to particular requests based on these objections.  Such "to the extent" general objections that are never applied to specific requests are meritless and must be stricken.  See Kaur v. Alameida, 2007 WL 1521564, at *5 (E.D. Cal. May 23, 2007) (overruling general objection that did not reference any specific requests thereby failing to afford court the ability to evaluate the general objection); see also Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 660-61 (D. Kan. 2004) (overruling "to the extent" general objections as meritless on their face and ruling such general objections are "disapproved" and "worthless for anything beyond delay of the discovery") (internal citation omitted); Sonnino v. Univ. of Kan. Hosp. Auth., 221 F.R.D. 661, 666-67 (D. Kan. 2004) (disapproving of "'to the extent' it may apply to particular requests for discovery" general objections as "ostensible objections" that the courts will deem as waived or not consider as objections at all) (citations omitted); Johnson v. Kraft Foods N. Am., Inc., 238 F.R.D. 648, 651 (D. Kan. 2006) ("[A]sserting a general objection 'to the extent' such an objection may apply to particular discovery request . . . [is] construe[d] . . . to be 'hypothetical or contingent possibilities' in those instances where the objecting party makes 'no meaningful effort to show the application of any such theoretical objection to any request for discovery;'" and the court "deem[s] such general objections waived and would decline to consider them as objections at all.").  Any contrary finding would distort the burden of proof that the MGA Parties bear to substantiate their objections.

Furthermore, as a matter of law, these general objections were waived with respect to requests that the MGA Parties were previously compelled on.  It is well-settled that a party's failure to assert an objection or ground in opposition to a motion to compel is a waiver.  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (party waived objections it failed to make in discovery responses or opposition to motion to compel); Calderon v. Presidio Valley Farmers Ass'n, 863 F.2d 384, 389 (5th Cir. 1989) (party waived claim it failed to raise in opposition to discovery motion); Diapulse Corp. of America v. Curtis Publishing Co., 374 F.2d 442,

445 (2d Cir. 1967) ("Any other conditions not requested by plaintiff in opposition to defendant's motion to require production of documents for discovery are clearly afterthoughts which were waived by plaintiff's failure to request them in opposition to defendant's motion."); <u>Fleet Systems, Inc. v. Federal Coach</u>, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such objections continued to be applicable in its brief in opposition to the motion to compel. Accordingly, such objections are deemed waived."); <u>Eidukonis v. Southeastern Pennsylvania Transp. Authority</u>, 1987 WL 16321, *5 (E.D. Pa. 1987) ("Defendant claims that while plaintiff never argued for this limitation in opposing the prior motion, nor did this Court limit such discovery to the last set of active duty orders, this argument and all objections the plaintiff attempts to set forth now are waived. This Court agrees.").  Accordingly, with regard to any RFP that incorporates the general objections and that the MGA Parties have been compelled on, the general objections were waived and cannot stand as a basis for withholding documents.

The MGA Parties' jurisdictional objections should be overruled and stricken from their prior written discovery responses, and they should be required to produce any documents they have withheld based on them.

## XIV.  RESPONSE TO MATTEL, INC.'S SECOND SET OF REQUESTS FOR DOCUMENTS AND THINGS TO ISAAC LARIAN

### GENERAL OBJECTION NO. 11:

Larian objects to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties.[61]

### GENERAL OBJECTION NO. 12:

Larian objects to each request to the extent it seeks information relating to the activities or conduct in foreign countries.[62]

### MATTEL'S ARGUMENT

The law is well settled that general, blanket objections are improper and are tantamount to making no objection at all.  DL v. District of Columbia, 251 F.R.D. 38, 43 (D.D.C. 2008) (overruling respondent's general objections "in their entirety," where the party incorporated the "General Objections above" without indicating "the specific nature or amount of material being withheld on the basis of the general objections" and "without explanation or elaboration," with respect to the specific discovery requests); PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291, 293 (N.D. W.Va. 2004) ("general objections, not accompanied by specific explanations, are ineffective and result in a waiver"); Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("[I]t is well-settled that all grounds for objection must be stated with specificity . . . Most of defendants' objections are too general to merit consideration and are therefore waived.").  This is because the party resisting discovery bears the burden of showing "that discovery should not be allowed" and of "clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D.

---

[61]   Response to Mattel, Inc.'s Second Set of Requests for Production of Documents and Things to Isaac Larian, dated January 11, 2008, at 4, Jih Dec., Exh. 14.

00505.07975/3175117.1

1    Cal. 1998).  Indeed, the Discovery Master has previously so held.  See Discovery

2    Master Order No. 17, dated April 14, 2009, at 20 ("incorporation by reference of a list

3    of general objections is insufficient to preserve an objection), Jih Dec., Exh. 27.

4              The MGA Parties have completely failed to carry this burden.  The MGA

5    Parties assert two types of jurisdiction general objections: (1) an objection "to each

6    request to the extent it seeks information relating to the activities or conduct of other

7    entities or non-parties;"[63] and (2) an objection "to each request to the extent it seeks

8    information relating to activities or conduct in foreign countries."[64]  As a practice, the

9    MGA Parties incorporate these single sentence objections "by reference" to every

10   single RFP Mattel propounds in any given set of requests.[65]  Yet not once have the

11   MGA Parties even attempted to apply these general objections to the hundreds of RFP's

12   thus incorporated, and not once have they even discussed whether they are withholding

13

14   [62]  Id.

15   [63]  E.g., General Objection No. 11 of MGA's Objections and Responses to
     Mattel's Fifth Set of Requests for Documents and Things, dated December 27, 2007,
16   Jih Dec., Exh. 11; General objection No. 11 of MGAE de Mexico S.R.L. de C.V.'s
     Objections and Responses to Mattel's First Set of Requests for Production of
17   Documents and Things, dated December 21, 2007, Jih Dec., Exh. 10; General
     Objection No. 11 of Response to Mattel, Inc.'s Sixth Set of Requests for Production
18   of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec.,
     Exh. 13.
19
     [64]  E.g., General Objection No. 12 of Response to Mattel's Sixth Set of Requests
20   for Production of Documents and Things to MGA Entertainment, dated January 11,
     2008, Jih Dec., Exh. 13; General Objection No. 12 of Response to Mattel's Second
21   Set of Requests for Production of Documents and Things to Isaac Larian, dated
     January 11, 2008, Jih Dec., Exh. 14; General Objection No. 12 of Response to
22   Mattel's Second Set of Requests for Documents and Things to MGA HK, dated
     January 17, 2008, Jih Dec., Exh. 15.
23
     [65]  See, e.g., Response to Mattel's Third Set of Requests for Documents and
24   Things to MGA (HK) Limited, dated February 21, 2008, at 2, Jih Dec., Exh. 18
     ("'MGA HK incorporates the following General Objections, as well as the General
25   Response, into its Specific Responses and Objections to each and every request for
     documents contained in the Requests").
26

27

28

responsive documents to particular requests based on these objections.  Such "to the extent" general objections that are never applied to specific requests are meritless and must be stricken.  See Kaur v. Alameida, 2007 WL 1521564, at *5 (E.D. Cal. May 23, 2007) (overruling general objection that did not reference any specific requests thereby failing to afford court the ability to evaluate the general objection); see also Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 660-61 (D. Kan. 2004) (overruling "to the extent" general objections as meritless on their face and ruling such general objections are "disapproved" and "worthless for anything beyond delay of the discovery") (internal citation omitted); Sonnino v. Univ. of Kan. Hosp. Auth., 221 F.R.D. 661, 666-67 (D. Kan. 2004) (disapproving of "'to the extent' it may apply to particular requests for discovery" general objections as "ostensible objections" that the courts will deem as waived or not consider as objections at all) (citations omitted); Johnson v. Kraft Foods N. Am., Inc., 238 F.R.D. 648, 651 (D. Kan. 2006) ("[A]sserting a general objection 'to the extent' such an objection may apply to particular discovery request . . . [is] construe[d] . . . to be 'hypothetical or contingent possibilities' in those instances where the objecting party makes 'no meaningful effort to show the application of any such theoretical objection to any request for discovery;'" and the court "deem[s] such general objections waived and would decline to consider them as objections at all.").  Any contrary finding would distort the burden of proof that the MGA Parties bear to substantiate their objections.

Furthermore, as a matter of law, these general objections were waived with respect to requests that the MGA Parties were previously compelled on.  It is well-settled that a party's failure to assert an objection or ground in opposition to a motion to compel is a waiver.  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (party waived objections it failed to make in discovery responses or opposition to motion to compel); Calderon v. Presidio Valley Farmers Ass'n, 863 F.2d 384, 389 (5th Cir. 1989) (party waived claim it failed to raise in opposition to discovery motion); Diapulse Corp. of America v. Curtis Publishing Co., 374 F.2d 442,

445 (2d Cir. 1967) ("Any other conditions not requested by plaintiff in opposition to defendant's motion to require production of documents for discovery are clearly afterthoughts which were waived by plaintiff's failure to request them in opposition to defendant's motion."); <u>Fleet Systems, Inc. v. Federal Coach</u>, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such objections continued to be applicable in its brief in opposition to the motion to compel. Accordingly, such objections are deemed waived."); <u>Eidukonis v. Southeastern Pennsylvania Transp. Authority</u>, 1987 WL 16321, *5 (E.D. Pa. 1987) ("Defendant claims that while plaintiff never argued for this limitation in opposing the prior motion, nor did this Court limit such discovery to the last set of active duty orders, this argument and all objections the plaintiff attempts to set forth now are waived. This Court agrees.").  Accordingly, with regard to any RFP that incorporates the general objections and that the MGA Parties have been compelled on, the general objections were waived and cannot stand as a basis for withholding documents.

The MGA Parties' jurisdictional objections should be overruled and stricken from their prior written discovery responses, and they should be required to produce any documents they have withheld based on them.

## XV.   RESPONSE TO MATTEL, INC.'S SECOND SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT (HK) LIMITED

### GENERAL OBJECTION NO. 11:

MGA HK objects to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties.[66]

### GENERAL OBJECTION NO. 12:

MGA HK objects to each request to the extent it seeks information relating to the activities or conduct in foreign countries.[67]

### MATTEL'S ARGUMENT

The law is well settled that general, blanket objections are improper and are tantamount to making no objection at all.  DL v. District of Columbia, 251 F.R.D. 38, 43 (D.D.C. 2008) (overruling respondent's general objections "in their entirety," where the party incorporated the "General Objections above" without indicating "the specific nature or amount of material being withheld on the basis of the general objections" and "without explanation or elaboration," with respect to the specific discovery requests); PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291, 293 (N.D. W.Va. 2004) ("general objections, not accompanied by specific explanations, are ineffective and result in a waiver"); Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("[I]t is well-settled that all grounds for objection must be stated with specificity . . . Most of defendants' objections are too general to merit consideration and are therefore waived.").  This is because the party resisting discovery bears the burden of showing "that discovery should not be allowed" and of "clarifying, explaining, and

---

[66]   Response to Mattel, Inc.'s Second Set of Requests for Documents and Things to MGA Entertainment (HK) Limited, dated January 17, 2008, at 4, Jih Dec., Exh. 15.

00505.07975/3175117.1

SEPARATE STATEMENT

1   supporting its objections." <u>Oakes v. Halvorsen Marine Ltd.</u>, 179 F.R.D. 281, 283 (C.D.

2   Cal. 1998).   Indeed, the Discovery Master has previously so held.   <u>See</u> Discovery

3   Master Order No. 17, dated April 14, 2009, at 20 ("incorporation by reference of a list

4   of general objections is insufficient to preserve an objection), Jih Dec., Exh. 27.

5            The MGA Parties have completely failed to carry this burden.  The MGA

6   Parties assert two types of jurisdiction general objections: (1) an objection "to each

7   request to the extent it seeks information relating to the activities or conduct of other

8   entities or non-parties;"[68] and (2) an objection "to each request to the extent it seeks

9   information relating to activities or conduct in foreign countries."[69]  As a practice, the

10  MGA Parties incorporate these single sentence objections "by reference" to every

11  single RFP Mattel propounds in any given set of requests.[70]  Yet not once have the

12  MGA Parties even attempted to <u>apply</u> these general objections to the hundreds of RFP's

---

14  [67]   <u>Id.</u>

15  [68]   <u>E.g.</u>, General Objection No. 11 of MGA's Objections and Responses to
    Mattel's Fifth Set of Requests for Documents and Things, dated December 27, 2007,

16  Jih Dec., Exh. 11; General objection No. 11 of MGAE de Mexico S.R.L. de C.V.'s
    Objections and Responses to Mattel's First Set of Requests for Production of

17  Documents and Things, dated December 21, 2007, Jih Dec., Exh. 10; General

18  Objection No. 11 of Response to Mattel, Inc.'s Sixth Set of Requests for Production
    of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec.,

19  Exh. 13.

20  [69]   <u>E.g.</u>, General Objection No. 12 of Response to Mattel's Sixth Set of Requests
    for Production of Documents and Things to MGA Entertainment, dated January 11,

21  2008, Jih Dec., Exh. 13; General Objection No. 12 of Response to Mattel's Second

22  Set of Requests for Production of Documents and Things to Isaac Larian, dated
    January 11, 2008, Jih Dec., Exh. 14; General Objection No. 12 of Response to

23  Mattel's Second Set of Requests for Documents and Things to MGA HK, dated

24  January 17, 2008, Jih Dec., Exh. 15.

25  [70]   <u>See, e.g.</u>, Response to Mattel's Third Set of Requests for Documents and
    Things to MGA (HK) Limited, dated February 21, 2008, at 2, Jih Dec., Exh. 18

26  ("'MGA HK incorporates the following General Objections, as well as the General

27  Response, into its Specific Responses and Objections to each and every request for
    documents contained in the Requests").

28

thus incorporated, and not once have they even discussed whether they are withholding responsive documents to particular requests based on these objections.  Such "to the extent" general objections that are never applied to specific requests are meritless and must be stricken.  See Kaur v. Alameida, 2007 WL 1521564, at *5 (E.D. Cal. May 23, 2007) (overruling general objection that did not reference any specific requests thereby failing to afford court the ability to evaluate the general objection); see also Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 660-61 (D. Kan. 2004) (overruling "to the extent" general objections as meritless on their face and ruling such general objections are "disapproved" and "worthless for anything beyond delay of the discovery") (internal citation omitted); Sonnino v. Univ. of Kan. Hosp. Auth., 221 F.R.D. 661, 666-67 (D. Kan. 2004) (disapproving of "'to the extent' it may apply to particular requests for discovery" general objections as "ostensible objections" that the courts will deem as waived or not consider as objections at all) (citations omitted); Johnson v. Kraft Foods N. Am., Inc., 238 F.R.D. 648, 651 (D. Kan. 2006) ("[A]sserting a general objection 'to the extent' such an objection may apply to particular discovery request . . . [is] construe[d] . . . to be 'hypothetical or contingent possibilities' in those instances where the objecting party makes 'no meaningful effort to show the application of any such theoretical objection to any request for discovery;'" and the court "deem[s] such general objections waived and would decline to consider them as objections at all.").  Any contrary finding would distort the burden of proof that the MGA Parties bear to substantiate their objections.

Furthermore, as a matter of law, these general objections were waived with respect to requests that the MGA Parties were previously compelled on.  It is well-settled that a party's failure to assert an objection or ground in opposition to a motion to compel is a waiver.  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (party waived objections it failed to make in discovery responses or opposition to motion to compel); Calderon v. Presidio Valley Farmers Ass'n, 863 F.2d 384, 389 (5th Cir. 1989) (party waived claim it failed to raise in opposition to

-59-

discovery motion); <u>Diapulse Corp. of America v. Curtis Publishing Co.</u>, 374 F.2d 442, 445 (2d Cir. 1967) ("Any other conditions not requested by plaintiff in opposition to defendant's motion to require production of documents for discovery are clearly afterthoughts which were waived by plaintiff's failure to request them in opposition to defendant's motion."); <u>Fleet Systems, Inc. v. Federal Coach</u>, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such objections continued to be applicable in its brief in opposition to the motion to compel. Accordingly, such objections are deemed waived."); <u>Eidukonis v. Southeastern Pennsylvania Transp. Authority</u>, 1987 WL 16321, *5 (E.D. Pa. 1987) ("Defendant claims that while plaintiff never argued for this limitation in opposing the prior motion, nor did this Court limit such discovery to the last set of active duty orders, this argument and all objections the plaintiff attempts to set forth now are waived. This Court agrees.").  Accordingly, with regard to any RFP that incorporates the general objections and that the MGA Parties have been compelled on, the general objections were waived and cannot stand as a basis for withholding documents.

The MGA Parties' jurisdictional objections should be overruled and stricken from their prior written discovery responses, and they should be required to produce any documents they have withheld based on them.

## XVI.   RESPONSE TO MATTEL, INC.'S SEVENTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC

### GENERAL OBJECTION NO. 14:

MGA objects to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties.[71]

### GENERAL OBJECTION NO. 15:

MGA objects to each request to the extent it seeks information relating to the activities or conduct in foreign countries.[72]

### MATTEL'S ARGUMENT

The law is well settled that general, blanket objections are improper and are tantamount to making no objection at all. <u>DL v. District of Columbia</u>, 251 F.R.D. 38, 43 (D.D.C. 2008) (overruling respondent's general objections "in their entirety," where the party incorporated the "General Objections above" without indicating "the specific nature or amount of material being withheld on the basis of the general objections" and "without explanation or elaboration," with respect to the specific discovery requests); <u>PLX, Inc. v. Prosystems, Inc.</u>, 220 F.R.D. 291, 293 (N.D. W.Va. 2004) ("general objections, not accompanied by specific explanations, are ineffective and result in a waiver"); <u>Ramirez v. County of Los Angeles</u>, 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("[I]t is well-settled that all grounds for objection must be stated with specificity . . . Most of defendants' objections are too general to merit consideration and are therefore waived."). This is because the party resisting discovery bears the burden of showing "that discovery should not be allowed" and of "clarifying, explaining, and supporting its objections." <u>Oakes v. Halvorsen Marine Ltd.</u>, 179 F.R.D. 281, 283 (C.D.

---

[71]   Response to Mattel's Seventh Set of Requests for Documents and Things to MGA Entertainment, Inc., at 6, dated February 21, 2008, Jih Dec., Exh. 16.

[72]   <u>Id.</u>

1   Cal. 1998).  Indeed, the Discovery Master has previously so held.  See Discovery

2   Master Order No. 17, dated April 14, 2009, at 20 ("incorporation by reference of a list

3   of general objections is insufficient to preserve an objection), Jih Dec., Exh. 27.

4          The MGA Parties have completely failed to carry this burden.  The MGA

5   Parties assert two types of jurisdiction general objections: (1) an objection "to each

6   request to the extent it seeks information relating to the activities or conduct of other

7   entities or non-parties;"[73] and (2) an objection "to each request to the extent it seeks

8   information relating to activities or conduct in foreign countries."[74]  As a practice, the

9   MGA Parties incorporate these single sentence objections "by reference" to every

10  single RFP Mattel propounds in any given set of requests.[75]  Yet not once have the

11  MGA Parties even attempted to apply these general objections to the hundreds of RFP's

12  thus incorporated, and not once have they even discussed whether they are withholding

13  responsive documents to particular requests based on these objections.  Such "to the

14  _____

15  [73]  E.g., General Objection No. 11 of MGA's Objections and Responses to
    Mattel's Fifth Set of Requests for Documents and Things, dated December 27, 2007,

16  Jih Dec., Exh. 11; General objection No. 11 of MGAE de Mexico S.R.L. de C.V.'s
    Objections and Responses to Mattel's First Set of Requests for Production of

17  Documents and Things, dated December 21, 2007, Jih Dec., Exh. 10; General

18  Objection No. 11 of Response to Mattel, Inc.'s Sixth Set of Requests for Production
    of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec.,

19  Exh. 13.

20  [74]  E.g., General Objection No. 12 of Response to Mattel's Sixth Set of Requests
    for Production of Documents and Things to MGA Entertainment, dated January 11,

21  2008, Jih Dec., Exh. 13; General Objection No. 12 of Response to Mattel's Second

22  Set of Requests for Production of Documents and Things to Isaac Larian, dated
    January 11, 2008, Jih Dec., Exh. 14; General Objection No. 12 of Response to

23  Mattel's Second Set of Requests for Documents and Things to MGA HK, dated

24  January 17, 2008, Jih Dec., Exh. 15.

25  [75]  See, e.g., Response to Mattel's Third Set of Requests for Documents and
    Things to MGA (HK) Limited, dated February 21, 2008, at 2, Jih Dec., Exh. 18

26  ("'MGA HK incorporates the following General Objections, as well as the General

27  Response, into its Specific Responses and Objections to each and every request for
    documents contained in the Requests").

28

1    extent" general objections that are never applied to specific requests are meritless and

2    must be stricken.  See Kaur v. Alameida, 2007 WL 1521564, at *5 (E.D. Cal. May 23,

3    2007) (overruling general objection that did not reference any specific requests thereby

4    failing to afford court the ability to evaluate the general objection); see also

5    Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 660-61 (D. Kan. 2004) (overruling

6    "to the extent" general objections as meritless on their face and ruling such general

7    objections are "disapproved" and "worthless for anything beyond delay of the

8    discovery") (internal citation omitted); Sonnino v. Univ. of Kan. Hosp. Auth., 221

9    F.R.D. 661, 666-67 (D. Kan. 2004) (disapproving of "'to the extent' it may apply to

10   particular requests for discovery" general objections as "ostensible objections" that the

11   courts will deem as waived or not consider as objections at all) (citations omitted);

12   Johnson v. Kraft Foods N. Am., Inc., 238 F.R.D. 648, 651 (D. Kan. 2006) ("[A]sserting

13   a general objection 'to the extent' such an objection may apply to particular discovery

14   request . . . [is] construe[d] . . . to be 'hypothetical or contingent possibilities' in those

15   instances where the objecting party makes 'no meaningful effort to show the application

16   of any such theoretical objection to any request for discovery;'" and the court "deem[s]

17   such general objections waived and would decline to consider them as objections at

18   all.").  Any contrary finding would distort the burden of proof that the MGA Parties

19   bear to substantiate their objections.

20              Furthermore, as a matter of law, these general objections were waived with

21   respect to requests that the MGA Parties were previously compelled on.  It is well-

22   settled that a party's failure to assert an objection or ground in opposition to a motion to

23   compel is a waiver.  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468,

24   1473 (9th Cir. 1992) (party waived objections it failed to make in discovery responses

25   or opposition to motion to compel); Calderon v. Presidio Valley Farmers Ass'n, 863

26   F.2d 384, 389 (5th Cir. 1989) (party waived claim it failed to raise in opposition to

27   discovery motion); Diapulse Corp. of America v. Curtis Publishing Co., 374 F.2d 442,

28   445 (2d Cir. 1967) ("Any other conditions not requested by plaintiff in opposition to

defendant's motion to require production of documents for discovery are clearly afterthoughts which were waived by plaintiff's failure to request them in opposition to defendant's motion."); <u>Fleet Systems, Inc. v. Federal Coach</u>, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such objections continued to be applicable in its brief in opposition to the motion to compel. Accordingly, such objections are deemed waived."); <u>Eidukonis v. Southeastern Pennsylvania Transp. Authority</u>, 1987 WL 16321, *5 (E.D. Pa. 1987) ("Defendant claims that while plaintiff never argued for this limitation in opposing the prior motion, nor did this Court limit such discovery to the last set of active duty orders, this argument and all objections the plaintiff attempts to set forth now are waived. This Court agrees.").  Accordingly, with regard to any RFP that incorporates the general objections and that the MGA Parties have been compelled on, the general objections were waived and cannot stand as a basis for withholding documents.

The MGA Parties' jurisdictional objections should be overruled and stricken from their prior written discovery responses, and they should be required to produce any documents they have withheld based on them.

00505.07975/3175117.1

SEPARATE STATEMENT

**XVII.** **RESPONSE TO MATTEL, INC.'S THIRD SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.**

**GENERAL OBJECTION NO. 14:**

MGA Mexico objects to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties.[76]

**GENERAL OBJECTION NO. 15:**

MGA Mexico objects to each request to the extent it seeks information relating to the activities or conduct in foreign countries other than Mexico related to MGA Mexico's business activities.[77]

**MATTEL'S ARGUMENT**

The law is well settled that general, blanket objections are improper and are tantamount to making no objection at all.  DL v. District of Columbia, 251 F.R.D. 38, 43 (D.D.C. 2008) (overruling respondent's general objections "in their entirety," where the party incorporated the "General Objections above" without indicating "the specific nature or amount of material being withheld on the basis of the general objections" and "without explanation or elaboration," with respect to the specific discovery requests); PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291, 293 (N.D. W.Va. 2004) ("general objections, not accompanied by specific explanations, are ineffective and result in a waiver"); Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("[I]t is well-settled that all grounds for objection must be stated with specificity . . . Most of defendants' objections are too general to merit consideration and are therefore waived.").  This is because the party resisting discovery bears the burden of showing "that discovery should not be allowed" and of "clarifying, explaining, and

---

[76]  Response to Mattel's Third Set of Requests for Documents and Things to MGA De Mexico, S.R.L. de C.V., at 6, dated February 21, 2008, Jih Dec., Exh. 17.
[77]  Id.

supporting its objections." <u>Oakes v. Halvorsen Marine Ltd.</u>, 179 F.R.D. 281, 283 (C.D. Cal. 1998).  Indeed, the Discovery Master has previously so held.  <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at 20 ("incorporation by reference of a list of general objections is insufficient to preserve an objection), Jih Dec., Exh. 27.

The MGA Parties have completely failed to carry this burden.  The MGA Parties assert two types of jurisdiction general objections: (1) an objection "to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties;"[78] and (2) an objection "to each request to the extent it seeks information relating to activities or conduct in foreign countries."[79]  As a practice, the MGA Parties incorporate these single sentence objections "by reference" to every single RFP Mattel propounds in any given set of requests.[80]  Yet not once have the MGA Parties even attempted to <u>apply</u> these general objections to the hundreds of RFP's thus incorporated, and not once have they even discussed whether they are withholding

---

[78]   <u>E.g.</u>, General Objection No. 11 of MGA's Objections and Responses to Mattel's Fifth Set of Requests for Documents and Things, dated December 27, 2007, Jih Dec., Exh. 11; General objection No. 11 of MGAE de Mexico S.R.L. de C.V.'s Objections and Responses to Mattel's First Set of Requests for Production of Documents and Things, dated December 21, 2007, Jih Dec., Exh. 10; General Objection No. 11 of Response to Mattel, Inc.'s Sixth Set of Requests for Production of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec., Exh. 13.

[79]   <u>E.g.</u>, General Objection No. 12 of Response to Mattel's Sixth Set of Requests for Production of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec., Exh. 13; General Objection No. 12 of Response to Mattel's Second Set of Requests for Production of Documents and Things to Isaac Larian, dated January 11, 2008, Jih Dec., Exh. 14; General Objection No. 12 of Response to Mattel's Second Set of Requests for Documents and Things to MGA HK, dated January 17, 2008, Jih Dec., Exh. 15.

[80]   <u>See, e.g.</u>, Response to Mattel's Third Set of Requests for Documents and Things to MGA (HK) Limited, dated February 21, 2008, at 2, Jih Dec., Exh. 18 ("'MGA HK incorporates the following General Objections, as well as the General Response, into its Specific Responses and Objections to each and every request for documents contained in the Requests").

responsive documents to particular requests based on these objections.  Such "to the extent" general objections that are never applied to specific requests are meritless and must be stricken.  See Kaur v. Alameida, 2007 WL 1521564, at *5 (E.D. Cal. May 23, 2007) (overruling general objection that did not reference any specific requests thereby failing to afford court the ability to evaluate the general objection); see also Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 660-61 (D. Kan. 2004) (overruling "to the extent" general objections as meritless on their face and ruling such general objections are "disapproved" and "worthless for anything beyond delay of the discovery") (internal citation omitted); Sonnino v. Univ. of Kan. Hosp. Auth., 221 F.R.D. 661, 666-67 (D. Kan. 2004) (disapproving of "'to the extent' it may apply to particular requests for discovery" general objections as "ostensible objections" that the courts will deem as waived or not consider as objections at all) (citations omitted); Johnson v. Kraft Foods N. Am., Inc., 238 F.R.D. 648, 651 (D. Kan. 2006) ("[A]sserting a general objection 'to the extent' such an objection may apply to particular discovery request . . . [is] construe[d] . . . to be 'hypothetical or contingent possibilities' in those instances where the objecting party makes 'no meaningful effort to show the application of any such theoretical objection to any request for discovery;'" and the court "deem[s] such general objections waived and would decline to consider them as objections at all.").  Any contrary finding would distort the burden of proof that the MGA Parties bear to substantiate their objections.

Furthermore, as a matter of law, these general objections were waived with respect to requests that the MGA Parties were previously compelled on.  It is well-settled that a party's failure to assert an objection or ground in opposition to a motion to compel is a waiver.  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (party waived objections it failed to make in discovery responses or opposition to motion to compel); Calderon v. Presidio Valley Farmers Ass'n, 863 F.2d 384, 389 (5th Cir. 1989) (party waived claim it failed to raise in opposition to discovery motion); Diapulse Corp. of America v. Curtis Publishing Co., 374 F.2d 442,

445 (2d Cir. 1967) ("Any other conditions not requested by plaintiff in opposition to defendant's motion to require production of documents for discovery are clearly afterthoughts which were waived by plaintiff's failure to request them in opposition to defendant's motion."); <u>Fleet Systems, Inc. v. Federal Coach</u>, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such objections continued to be applicable in its brief in opposition to the motion to compel. Accordingly, such objections are deemed waived."); <u>Eidukonis v. Southeastern Pennsylvania Transp. Authority</u>, 1987 WL 16321, *5 (E.D. Pa. 1987) ("Defendant claims that while plaintiff never argued for this limitation in opposing the prior motion, nor did this Court limit such discovery to the last set of active duty orders, this argument and all objections the plaintiff attempts to set forth now are waived. This Court agrees.").  Accordingly, with regard to any RFP that incorporates the general objections and that the MGA Parties have been compelled on, the general objections were waived and cannot stand as a basis for withholding documents.

The MGA Parties' jurisdictional objections should be overruled and stricken from their prior written discovery responses, and they should be required to produce any documents they have withheld based on them.

## XVIII.    <u>RESPONSE TO MATTEL, INC.'S THIRD SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT (HK) LIMITED</u>

### GENERAL OBJECTION NO. 14:

MGA HK objects to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties.[81]

### GENERAL OBJECTION NO. 15:

MGA HK objects to each request to the extent it seeks information relating to the activities or conduct in foreign countries other than the Hong Kong Special Administrative Region within the People's Republic of China related to MGA HK's business activities.[82]

### MATTEL'S ARGUMENT

The law is well settled that general, blanket objections are improper and are tantamount to making no objection at all.  <u>DL v. District of Columbia</u>, 251 F.R.D. 38, 43 (D.D.C. 2008) (overruling respondent's general objections "in their entirety," where the party incorporated the "General Objections above" without indicating "the specific nature or amount of material being withheld on the basis of the general objections" and "without explanation or elaboration," with respect to the specific discovery requests); <u>PLX, Inc. v. Prosystems, Inc.</u>, 220 F.R.D. 291, 293 (N.D. W.Va. 2004) ("general objections, not accompanied by specific explanations, are ineffective and result in a waiver"); <u>Ramirez v. County of Los Angeles</u>, 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("[I]t is well-settled that all grounds for objection must be stated with specificity . . . Most of defendants' objections are too general to merit consideration and

---

[81]   Response to Mattel's Third Set of Requests for Documents and Things to MGA (HK) Limited, at 6, dated February 21, 2008, Jih Dec., Exh. 18.

[82]   <u>Id.</u>

are therefore waived.").  This is because the party resisting discovery bears the burden of showing "that discovery should not be allowed" and of "clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998).  Indeed, the Discovery Master has previously so held.  See Discovery Master Order No. 17, dated April 14, 2009, at 20 ("incorporation by reference of a list of general objections is insufficient to preserve an objection), Jih Dec., Exh. 27.

The MGA Parties have completely failed to carry this burden.  The MGA Parties assert two types of jurisdiction general objections: (1) an objection "to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties;"[83] and (2) an objection "to each request to the extent it seeks information relating to activities or conduct in foreign countries."[84]  As a practice, the MGA Parties incorporate these single sentence objections "by reference" to every single RFP Mattel propounds in any given set of requests.[85]  Yet not once have the

---

[83]  E.g., General Objection No. 11 of MGA's Objections and Responses to Mattel's Fifth Set of Requests for Documents and Things, dated December 27, 2007, Jih Dec., Exh. 11; General objection No. 11 of MGAE de Mexico S.R.L. de C.V.'s Objections and Responses to Mattel's First Set of Requests for Production of Documents and Things, dated December 21, 2007, Jih Dec., Exh. 10; General Objection No. 11 of Response to Mattel, Inc.'s Sixth Set of Requests for Production of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec., Exh. 13.

[84]  E.g., General Objection No. 12 of Response to Mattel's Sixth Set of Requests for Production of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec., Exh. 13; General Objection No. 12 of Response to Mattel's Second Set of Requests for Production of Documents and Things to Isaac Larian, dated January 11, 2008, Jih Dec., Exh. 14; General Objection No. 12 of Response to Mattel's Second Set of Requests for Documents and Things to MGA HK, dated January 17, 2008, Jih Dec., Exh. 15.

[85]  See, e.g., Response to Mattel's Third Set of Requests for Documents and Things to MGA (HK) Limited, dated February 21, 2008, at 2, Jih Dec., Exh. 18 ("'MGA HK incorporates the following General Objections, as well as the General Response, into its Specific Responses and Objections to each and every request for documents contained in the Requests").

MGA Parties even attempted to apply these general objections to the hundreds of RFP's thus incorporated, and not once have they even discussed whether they are withholding responsive documents to particular requests based on these objections.  Such "to the extent" general objections that are never applied to specific requests are meritless and must be stricken.  See Kaur v. Alameida, 2007 WL 1521564, at *5 (E.D. Cal. May 23, 2007) (overruling general objection that did not reference any specific requests thereby failing to afford court the ability to evaluate the general objection); see also Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 660-61 (D. Kan. 2004) (overruling "to the extent" general objections as meritless on their face and ruling such general objections are "disapproved" and "worthless for anything beyond delay of the discovery") (internal citation omitted); Sonnino v. Univ. of Kan. Hosp. Auth., 221 F.R.D. 661, 666-67 (D. Kan. 2004) (disapproving of "'to the extent' it may apply to particular requests for discovery" general objections as "ostensible objections" that the courts will deem as waived or not consider as objections at all) (citations omitted); Johnson v. Kraft Foods N. Am., Inc., 238 F.R.D. 648, 651 (D. Kan. 2006) ("[A]sserting a general objection 'to the extent' such an objection may apply to particular discovery request . . . [is] construe[d] . . . to be 'hypothetical or contingent possibilities' in those instances where the objecting party makes 'no meaningful effort to show the application of any such theoretical objection to any request for discovery;'" and the court "deem[s] such general objections waived and would decline to consider them as objections at all.").  Any contrary finding would distort the burden of proof that the MGA Parties bear to substantiate their objections.

Furthermore, as a matter of law, these general objections were waived with respect to requests that the MGA Parties were previously compelled on.  It is well-settled that a party's failure to assert an objection or ground in opposition to a motion to compel is a waiver.  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (party waived objections it failed to make in discovery responses or opposition to motion to compel); Calderon v. Presidio Valley Farmers Ass'n, 863

-71-

F.2d 384, 389 (5th Cir. 1989) (party waived claim it failed to raise in opposition to discovery motion); <u>Diapulse Corp. of America v. Curtis Publishing Co.</u>, 374 F.2d 442, 445 (2d Cir. 1967) ("Any other conditions not requested by plaintiff in opposition to defendant's motion to require production of documents for discovery are clearly afterthoughts which were waived by plaintiff's failure to request them in opposition to defendant's motion."); <u>Fleet Systems, Inc. v. Federal Coach</u>, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such objections continued to be applicable in its brief in opposition to the motion to compel. Accordingly, such objections are deemed waived."); <u>Eidukonis v. Southeastern Pennsylvania Transp. Authority</u>, 1987 WL 16321, *5 (E.D. Pa. 1987) ("Defendant claims that while plaintiff never argued for this limitation in opposing the prior motion, nor did this Court limit such discovery to the last set of active duty orders, this argument and all objections the plaintiff attempts to set forth now are waived. This Court agrees.").  Accordingly, with regard to any RFP that incorporates the general objections and that the MGA Parties have been compelled on, the general objections were waived and cannot stand as a basis for withholding documents.

The MGA Parties' jurisdictional objections should be overruled and stricken from their prior written discovery responses, and they should be required to produce any documents they have withheld based on them.

# XIX.  RESPONSE TO MATTEL, INC.'S THIRD SET OF REQUESTS FOR DOCUMENTS AND THINGS TO ISAAC LARIAN

**GENERAL OBJECTION NO. 14:**

Larian objects to each request to the extent it seeks information relating to the activities or conduct of other entities or non-parties.[86]

**GENERAL OBJECTION NO. 15:**

Larian objects to each request to the extent it seeks information relating to the activities or conduct in foreign countries.[87]

**MATTEL'S ARGUMENT**

The law is well settled that general, blanket objections are improper and are tantamount to making no objection at all.  DL v. District of Columbia, 251 F.R.D. 38, 43 (D.D.C. 2008) (overruling respondent's general objections "in their entirety," where the party incorporated the "General Objections above" without indicating "the specific nature or amount of material being withheld on the basis of the general objections" and "without explanation or elaboration," with respect to the specific discovery requests); PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291, 293 (N.D. W.Va. 2004) ("general objections, not accompanied by specific explanations, are ineffective and result in a waiver"); Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("[I]t is well-settled that all grounds for objection must be stated with specificity . . . Most of defendants' objections are too general to merit consideration and are therefore waived.").  This is because the party resisting discovery bears the burden of showing "that discovery should not be allowed" and of "clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D.

---

[86]  Response to Mattel's Third Set of Requests for Documents and Things to Isaac Larian, at 6, dated February 21, 2008, Jih Dec., Exh. 19.

[87]  Id.

00505.07975/3175117.1

SEPARATE STATEMENT

1   Cal. 1998).  Indeed, the Discovery Master has previously so held.  See Discovery

2   Master Order No. 17, dated April 14, 2009, at 20 ("incorporation by reference of a list

3   of general objections is insufficient to preserve an objection), Jih Dec., Exh. 27.

4          The MGA Parties have completely failed to carry this burden.  The MGA

5   Parties assert two types of jurisdiction general objections: (1) an objection "to each

6   request to the extent it seeks information relating to the activities or conduct of other

7   entities or non-parties;"[88] and (2) an objection "to each request to the extent it seeks

8   information relating to activities or conduct in foreign countries."[89]  As a practice, the

9   MGA Parties incorporate these single sentence objections "by reference" to every

10  single RFP Mattel propounds in any given set of requests.[90]  Yet not once have the

11  MGA Parties even attempted to apply these general objections to the hundreds of RFP's

12  thus incorporated, and not once have they even discussed whether they are withholding

13  responsive documents to particular requests based on these objections.  Such "to the

14  _____

15     [88]  E.g., General Objection No. 11 of MGA's Objections and Responses to
16  Mattel's Fifth Set of Requests for Documents and Things, dated December 27, 2007,
    Jih Dec., Exh. 11; General objection No. 11 of MGAE de Mexico S.R.L. de C.V.'s
17  Objections and Responses to Mattel's First Set of Requests for Production of
    Documents and Things, dated December 21, 2007, Jih Dec., Exh. 10; General
18  Objection No. 11 of Response to Mattel, Inc.'s Sixth Set of Requests for Production
    of Documents and Things to MGA Entertainment, dated January 11, 2008, Jih Dec.,
19  Exh. 13.

20     [89]  E.g., General Objection No. 12 of Response to Mattel's Sixth Set of Requests
21  for Production of Documents and Things to MGA Entertainment, dated January 11,
    2008, Jih Dec., Exh. 13; General Objection No. 12 of Response to Mattel's Second
22  Set of Requests for Production of Documents and Things to Isaac Larian, dated
    January 11, 2008, Jih Dec., Exh. 14; General Objection No. 12 of Response to
23  Mattel's Second Set of Requests for Documents and Things to MGA HK, dated
24  January 17, 2008, Jih Dec., Exh. 15.

25     [90]  See, e.g., Response to Mattel's Third Set of Requests for Documents and
    Things to MGA (HK) Limited, dated February 21, 2008, at 2, Jih Dec., Exh. 18
26  ("'MGA HK incorporates the following General Objections, as well as the General
27  Response, into its Specific Responses and Objections to each and every request for
    documents contained in the Requests").

28

extent" general objections that are never applied to specific requests are meritless and must be stricken.  See Kaur v. Alameida, 2007 WL 1521564, at *5 (E.D. Cal. May 23, 2007) (overruling general objection that did not reference any specific requests thereby failing to afford court the ability to evaluate the general objection); see also Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 660-61 (D. Kan. 2004) (overruling "to the extent" general objections as meritless on their face and ruling such general objections are "disapproved" and "worthless for anything beyond delay of the discovery") (internal citation omitted); Sonnino v. Univ. of Kan. Hosp. Auth., 221 F.R.D. 661, 666-67 (D. Kan. 2004) (disapproving of "'to the extent' it may apply to particular requests for discovery" general objections as "ostensible objections" that the courts will deem as waived or not consider as objections at all) (citations omitted); Johnson v. Kraft Foods N. Am., Inc., 238 F.R.D. 648, 651 (D. Kan. 2006) ("[A]sserting a general objection 'to the extent' such an objection may apply to particular discovery request . . . [is] construe[d] . . . to be 'hypothetical or contingent possibilities' in those instances where the objecting party makes 'no meaningful effort to show the application of any such theoretical objection to any request for discovery;'" and the court "deem[s] such general objections waived and would decline to consider them as objections at all.").  Any contrary finding would distort the burden of proof that the MGA Parties bear to substantiate their objections.

Furthermore, as a matter of law, these general objections were waived with respect to requests that the MGA Parties were previously compelled on.  It is well-settled that a party's failure to assert an objection or ground in opposition to a motion to compel is a waiver.  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (party waived objections it failed to make in discovery responses or opposition to motion to compel); Calderon v. Presidio Valley Farmers Ass'n, 863 F.2d 384, 389 (5th Cir. 1989) (party waived claim it failed to raise in opposition to discovery motion); Diapulse Corp. of America v. Curtis Publishing Co., 374 F.2d 442, 445 (2d Cir. 1967) ("Any other conditions not requested by plaintiff in opposition to

-75-

defendant's motion to require production of documents for discovery are clearly afterthoughts which were waived by plaintiff's failure to request them in opposition to defendant's motion."); <u>Fleet Systems, Inc. v. Federal Coach</u>, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such objections continued to be applicable in its brief in opposition to the motion to compel. Accordingly, such objections are deemed waived."); <u>Eidukonis v. Southeastern Pennsylvania Transp. Authority</u>, 1987 WL 16321, *5 (E.D. Pa. 1987) ("Defendant claims that while plaintiff never argued for this limitation in opposing the prior motion, nor did this Court limit such discovery to the last set of active duty orders, this argument and all objections the plaintiff attempts to set forth now are waived. This Court agrees.").  Accordingly, with regard to any RFP that incorporates the general objections and that the MGA Parties have been compelled on, the general objections were waived and cannot stand as a basis for withholding documents.

The MGA Parties' jurisdictional objections should be overruled and stricken from their prior written discovery responses, and they should be required to produce any documents they have withheld based on them.

DATED:  October 30, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP


By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel. Inc.

SEPARATE STATEMENT