1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   405 Howard Street
5  San Francisco, CA 94105-2669
   Tel: (415) 773-5700/Fax: (415) 773-5759
6
   WILLIAM A. MOLINSKI (State Bar No. 145186)
7  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
8  777 South Figueroa Street, Suite 3200
   Los Angeles, CA 90017
9  Tel: (213) 629-2020/Fax: (213) 612-2499

10 THOMAS S. MCCONVILLE (State Bar No. 155905)
   tmcconville@orrick.com
11 ORRICK, HERRINGTON & SUTCLIFFE LLP
   4 Park Plaza, Suite 1600
12 Irvine, CA 92614-2258
   Tel: (949) 567-6700/Fax: (949) 567-6710
13
   Attorneys for MGA Parties
14
15                 UNITED STATES DISTRICT COURT
16                 CENTRAL DISTRICT OF CALIFORNIA
17                        SOUTHERN DIVISION

18 | CARTER BRYANT, an individual, | Case No. CV 04-9049-DOC (RNBx) |
19 | Plaintiff, | Consolidated with: No. CV 04-9059 No. CV 05-2727 |
20 | v. | |
21 | MATTEL, INC., a Delaware corporation, | **[DISCOVERY MATTER] [To be heard by Discovery Master Robert C. O'Brien]** |
22 | Defendant. | |
23 | | **MGA'S MOTION TO COMPEL MATTEL'S ATTENDANCE AT 30(B)6 DEPOSITION AND FOR SANCTIONS** |
24 | AND CONSOLIDATED ACTIONS | |
25 | **CONFIDENTIAL FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER** | [Declaration of William A. Molinski filed concurrently herewith] |
26 | | |
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Date:      TBD
Time:      TBD

Place:     Arent Fox LLP
           555 West Fifth St., 48th Fl.
           Los Angeles, CA 90013

**Phase 2**
Disc. Cut-off      June 1, 2010
Pre-trial Conf.:   None Set
Trial Date:        None Set

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1

STATEMENT OF FACTS ......................................................................................... 2

ARGUMENT ............................................................................................................. 4

I.    MATTEL CONTINUES TO REFUSE TO COMPLY WITH ITS
      DISCOVERY OBLIGATIONS AND ORDER NO 71. ................................. 4

II.   MATTEL SHOULD BE SANCTIONED FOR ITS FAILURE TO
      PRODUCE WITNESSES FOR DEPOSITION .............................................. 6

CONCLUSION .......................................................................................................... 7

1

# TABLE OF AUTHORITIES

2

## FEDERAL CASES

3

4

*Aikens v. Delux Fin. Servs., Inc.*,
    217 F.R.D. 533 (D. Kan. 2008) .................................................................5

5

6

*Hilao v. Estate of Marcos*,
    103 F.3d 762 (9th Cir. 1996) ..................................................................8

7

8

*New England Carpenters Health Benefits Fund v. First Databank, Inc.*,
    242 F.R.D. 164 (D. Mass. 2007)...................................................... 4, 5

9

10

*Sprint Commc'ns Co. v. Vonage Holdings Corp.*,
    2007 WL 2333356 (D. Kan. Aug. 15, 2007) .........................................5

11

12

*U.S. E.E.O.C. v. ABM Indus. Inc.*,
    2008 WL 2872407 (E.D.Cal. July 24, 2008) ........................................5

13

## FEDERAL STATUTES

14

Fed. R. Civ. P. 30 ..................................................................... *passim*

15

Fed. R. Civ. P. 37 ..................................................................... *passim*

16

## MISCELLANEOUS

17

Order No. 71.............................................................................7

18

19

20

21

22

23

24

25

26

27

28

OHS West:260746753.3

MOTION TO COMPEL 30(B)(6) DEPOSITION
AND FOR SANCTIONS
CV 04-9049 DOC (RNBx)

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on a date and time to be determined by the Discovery Master, MGA Entertainment, Inc. ("MGA") will, and hereby does, move for an order pursuant to Rule 37(a)(3)(B)(i), (ii), to compel designation of a witness or witnesses and for that witness to answer questions at a deposition noticed pursuant to Rule 30(b)(6) and pursuant to Rule 37, for sanctions for failure to appear at a properly noticed deposition.

MGA properly noticed a deposition of Mattel requiring it to produce one or more officers, directors, managing agents or other persons who consent to testify on its behalf regarding various topics related to Mattel's allegations of trade secret misappropriation. All of these topics have been previously found by the Discovery Master to be relevant, non-privileged subject matter for inquiry in this suit. Mattel refused to produce a witnesses or witnesses to testify for the deposition simply on the basis of serving objections and without having made a motion for protective order, and has since refused to provide any dates for the deposition even in the face of the Discovery Master's Order No. 71 requiring all parties to do so. MGA is entitled to an order compelling this deposition on relevant, non-privileged subject matter.

Finally, MGA seeks an order for sanctions based upon Mattel's failure to designate a witness and testify. Mattel is not entitled to unilaterally refuse to show up for deposition. This is not merely a scheduling issue, as Mattel has refused to provide any dates for a witness at all. If Mattel sought to avoid a deposition altogether based on any objection, it was incumbent upon Mattel to seek a protective order prior to the deposition. Mattel did not do so, and it should be sanctioned for its refusal to designate a witness or witnesses and answer questions.

This Motion is based upon this Notice, the Memorandum of Points and Authorities following herein, the Declaration of William A. Molinski and Exhibits attached hereto and filed herewith, the pleadings and papers on file in this action

1   and such other papers and argument that are submitted prior to or at the hearing of

2   this Motion.

3                    **<u>CERTIFICATE OF COMPLIANCE</u>**

4        Counsel for MGA sought repeatedly to resolve the issues in this Motion by

5   inquiring in advance of the deposition and inquiring after the deposition as to when

6   witnesses would be identified and produced for deposition.  Mattel refused to

7   provide any dates or produce a witness(es).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO COMPEL 30(B)(6) DEPOSITION
AND FOR SANCTIONS
CV 04-9049 DOC (RNBx)

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Rather than provide MGA with meaningful discovery Mattel continues to stonewall, requiring expensive and unnecessary motion practice.  In this latest effort – and for the second time in recent months – Mattel has served only objections to MGA's properly noticed Rule 30(b)(6) deposition notice concerning Mattel's trade secret misappropriation claims.  The service of objections, however, in lieu of producing a witness is explicitly prohibited by Rules 30, 37 and the governing case law.  Indeed, Mattel was reminded of its obligations and ordered to produce witnesses for deposition in one of the Discovery Master's most recent orders.  Mattel's failure to provide a witness in this instance expressly defies the Discovery Master's Order No. 71, which ████████████████████████████████████ ████████████████████████████████████████████████ ████████████  Indeed, despite repeated requests by MGA to produce a witnesses for deposition or provide alternative dates for the deposition, Mattel ignored MGA's requests and simply failed to appear at the deposition. ████████ ████████████████████████████████████ an issue clearly also addressed by the Discovery Master's Order No. 71.  Mattel has no basis for refusing to attend the deposition and attendance at the deposition should be compelled immediately.

Mattel has shown that it will not act unless forced to do so.  The discovery gamesmanship must stop.  To that end, Mattel and its counsel should be sanctioned in an amount sufficient to compensate MGA for the expenses incurred in bringing this motion to compel as required by Rule 37.

## STATEMENT OF FACTS

***MGA's Efforts To Obtain The Deposition of Mattel Concerning It's Trade Secret Allegations.*** On September 28, 2009, MGA properly served its Rule 30(b)(6) Notice of Deposition of Mattel, Inc. (the "Notice") seeking information related to Mattel's allegations of trade secret misappropriation. Molinski Decl. ¶ 2, Ex. 1. Specifically, MGA seeks all information and/or evidence of Mattel's allegations of trade secret misappropriation, including Mattel's proof of each element of a trade secret violation. Molinski Decl. ¶ 2, Ex. 1, at pg. 2 -3. In a letter accompanying the Notice, MGA requested that Mattel identify the designated testifying witness(es) three business days in advance and notified Mattel that if the date noticed was not available, that MGA would work with Mattel to reset the deposition. Molinski Decl. ¶ 2, Ex. 1. Mattel did not respond to MGA's letter.

On October 1, 2009, MGA again contacted Mattel by email and asked whether Mattel would be producing a witness on the noticed date. Molinski Decl. ¶ 3, Ex. 2. MGA further advised Mattel that if the October 14th date for the deposition did not work that MGA would consider an alternate date and that Mattel should still identify the witness or witnesses at least three days prior to the date noticed pursuant to the parties stipulation. *Id*. Mattel did not respond to this email either. *Id*.

On October 7, 2009, in response to an email sent by counsel for OMNI partners, Mattel, for the first time, advised that they would not be producing a witness and would not identify the witnesses it intended to make available. Molinski Decl. ¶ 4, Ex. 3. On October 8, 2009, Mattel advised MGA by letter that it would not comply with its discovery obligation, refused to identify the witnesses that would testify and also refused to make a witness available on the date the deposition was scheduled. Molinski Decl. ¶ 6, Ex. 5. The letter was accompanied by Mattel's objections to the deposition notice. Molinski Decl. ¶ 5, Ex. 4.

On October 9, 2009, MGA advised Mattel that its failure to identify and

OHS West:260746753.3

1  produce a witness was inexcusable and violative of Federal Rule of Civil

2  Procedure 37.  Molinski Decl. ¶ 7, Ex. 6.  MGA further indicated that it was

3  incumbent on Mattel to seek a protective order or produce a witness on the date

4  noticed.  *Id.*  With respect to the date noticed for the deposition, MGA reminded

5  Mattel's counsel that they had an opportunity to advise MGA that the dates were

6  not acceptable, but that they had ignored MGA's previous offers to accommodate

7  them.  Molinski Decl. ¶ 7, Ex. 6.  MGA also advised Mattel that the reasons set

8  forth in the pending motion to compel the attendance of a 30(b)(6) witnesses

9  against Mattel, simply objecting to the deposition notice did not alleviate its

10  obligation to produce a witness.  *Id.*  Nonetheless, Mattel continued to refuse to

11  produce or identify a witnesses for deposition.  Molinski Decl. ¶ 8, Ex. 7.

12      At no time prior to the dated noticed for the deposition did Mattel move for a

13  protective order.  Molinski Decl. ¶ 9.  Neither did Mattel inform MGA that the

14  noticed date was unavailable.  *Id.*

15      On October 15, 2009, the Discovery Master issued Order No. 71, concerning

16  MGA's motion to compel attendance at 30(b)(6) deposition.  Molinski Decl. ¶ 11,

17  Ex. 9.  The order █████████████████████████████████████████

18  ███████████████████████████████████████████████████████

19  ███████████████████████████████████████████████ *Id.*

20  The order also █████████████████████████████████████████

21  ███████████████████████████████████████████████████████

22  ███████████████████████████████████████████████████████

23  ████████ *Id.*

24      On October 21, 2009, MGA notified Mattel that, ███████████████████

25  Mattel was required to identify and produce witnesses concerning the topics

26  identified in the second 30(b)(6) deposition notice and to provide dates within three

27  weeks that it would produce those witnesses.  Molinski Decl. ¶ 12, Ex. 10.  Mattel

28  responded by suggesting that MGA must meet and confer with Mattel.  Molinski

1   Decl. ¶ 13, Ex. 11.  While MGA was under no obligation to do so, MGA agreed to

2   meet and confer but requested that Mattel provide dates for the deposition in

3   anticipation of meet and confer conference so that schedules could be confirmed.

4   Molinski Decl. ¶ 14, Ex. 12.  Mattel did not respond to this request.  *Id.*  When

5   Mattel did meet and confer with MGA, Mattel simply refused to produce or identify

6   witnesses and suggested that Order No. 71 ███████████████████ Molinski

7   Decl. ¶ 15.  Mattel did not elaborate on why Order No. 71 did not apply to the

8   instant deposition.  *Id.*

9                                  **ARGUMENT**

10  **I.   MATTEL CONTINUES TO REFUSE TO COMPLY WITH ITS

11        DISCOVERY OBLIGATIONS AND ORDER NO 71.**

12          Mattel continues to ignore its discovery obligations and, in doing so, has also

13  defied the Discovery Master's order.  MGA properly noticed Mattel's deposition

14  pursuant to Rule 30.  Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions,

15  depose any person, including a party, without leave of court"); Fed. R. Civ. P.

16  30(b)(6) ("In its notice or subpoena, a party may name as the deponent a public or

17  private corporation . . .").  Rule 37 specifically explains that failing to attend a

18  properly noticed deposition "is not excused on the ground that the discovery sought

19  was objectionable, unless the party failing to act has a pending motion for a

20  protective order under Rule 26(c)." Rule 37(d)(2).  "[T]here is no provision in the

21  rules which provides for a party whose deposition is noticed to serve objections so

22  as to be able to avoid providing the requested discovery until an order compelling

23  discovery is issued." *New England Carpenters Health Benefits Fund v. First

24  Databank, Inc.,* 242 F.R.D. 164, 166 (D. Mass. 2007).  "[I]n the absence of an

25  agreement, a party cannot decide on its own to ignore the notice." *Id.*

26          If Mattel believes the noticed topics are in any way inappropriate, it is

27  Mattel's burden to seek a protective order to limit the topics identified in the notice.

28  "What is not proper practice is to refuse to comply with the notice, put the burden

1    on the party noticing the deposition to file a motion to compel, and then seek to

2    justify non-compliance in opposition to the motion to compel.  Put simply and

3    clearly, absent agreement, a party who for one reason or another does not wish to

4    comply with a notice of deposition must seek a protective order." *Id.  See also U.S.*

5    *E.E.O.C. v. ABM Indus. Inc.,* 2008 WL 2872407, *2 (E.D.Cal. July 24, 2008) (a

6    properly noticed party "may not fail to appear at the deposition by filing objections

7    absent a court order.").  There is simply no rule or case to the contrary.

8          Though Mattel may continue to assert the same two cases, *Sprint Commc'ns*

9    *Co. v. Vonage Holdings Corp.,* 2007 WL 2333356, *2 (D. Kan. Aug. 15, 2007) and

10   *Aikens v. Delux Fin. Servs., Inc.,* 217 F.R.D. 533, 534-35 (D. Kan. 2008), that it

11   cited in opposition to MGA's prior Motion to Compel MGA's First Phase 2

12   30(b)(6) Deposition, those cases are inapposite.  As discussed in MGA's Reply to

13   Mattel's Opposition, *Sprint* addressed a motion to compel answers to noticed topics

14   in which the deponent's counsel instructed the witness not to answer based on

15   objections served prior to the deposition.  Molinski Decl. ¶ 16, Ex. 13.  In that case,

16   the witness properly appeared for the deposition as obligated under the Federal

17   Rules and preserved its objections by refusing to testify on topics it had previously

18   objected to.  After reviewing the objections, the court ordered a further deposition,

19   requiring the deponent to testify on those topics. *See Sprint Commc'ns Co., supra,*

20   at *2 - *7.  The case does not excuse a party from appearing at the deposition

21   simply because objections were served and does not change alter the procedure for

22   excusing attendance; a motion for protective order.  Mattel's reliance on *Aikens* is

23   even more far afield.  That case concerns document requests, not deposition notices

24   under Federal Rule 30(b)(6).  It is neither persuasive or controlling and does not

25   permit a party to avoid a properly noticed deposition.

26          The Discovery Master ████████████████████████████

27   ████████████

28

MOTION TO COMPEL 30(B)(6) DEPOSITION
AND FOR SANCTIONS
CV 04-9049 DOC (RNBx)



Molinski Decl. ¶ 12, Ex. 10, pg. 8:2-10 (emphasis added and citations omitted).

Since, Mattel has not moved for a protective order before the date scheduled in the notice of deposition, Mattel must be ordered to produce a witness to testify on the noticed topics.  Indeed, even after the issuance of Order No. 71, Mattel still refused to make a witness available.  Molinski Decl. ¶ 15.  This is inexcusable in light of the clarity of the Discovery Master's order.

## II.    MATTEL SHOULD BE SANCTIONED FOR ITS FAILURE TO PRODUCE WITNESSES FOR DEPOSITION.

Mattel has again unilaterally refused to appear for the noticed deposition, serving only objections.  Under Rule 37, "the court where the action is pending may, on motion, order sanctions if:  (1) a party or a party's officer, director or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition."  Rule 37(d)(1)(A).  Mattel's action (or inaction) is specifically prohibited by Rule 37.  Rule 37(d)(2) ("Unacceptable Excuse for Failing to Act.  A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion under Rule 26(c).").  Rule 37 includes in the list of acceptable sanctions requiring Mattel to "pay the reasonable expenses, including attorney's fees, caused by the failure."  Fed. R. Civ. P. 37(d)(3); *see also Hilao v. Estate of Marcos*, 103 F.3d 762, 764-65

1   (9th Cir. 1996) (affirming sanctions in form of establishment of facts alleged in

2   contempt motion where party failed to attend deposition).

3        Mattel's baseless refusal to honor its discovery obligations forced MGA to

4   incur the costs associated with bringing this motion to compel.  Mattel's refusal in

5   this instance is even more egregious in light of the Discovery Master's Order

6   No. 71 and the several chances MGA afforded Mattel to comply.  Mattel cannot

7   justify its refusal to identify and produce a witness or witnesses for deposition.

8   While the Discovery Master determined that ███████████████████

9   ████████████████████████████████████████████

10  ████████████████████████████████ the Discovery

11  Master also warned ████████████████████████

12  █████████████████████████████████████ Molinski

13  Decl., ¶ 10, Ex. 8, pg. 11:1-13.  To date, MGA has incurred approximately $5,745

14  in attorneys' fees preparing the motion.  These amounts do not include paralegal

15  time, administrative costs or the amounts incurred in preparation of the reply to the

16  opposition or for oral argument on MGA's motions.  MGA will provide a more

17  detailed accounting in advance of or at the hearing on the motion.  Mattel should be

18  sanctioned in the total amount of fees MGA has incurred in seeking to compel

19  Mattel's compliance.

## CONCLUSION

21       For all of the foregoing reasons, these Motions should be granted in

22  their entirety.

24  Dated:  October 30, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP

25                                    By: _____
                                          William A. Molinski
26                                    Attorneys for MGA ENTERTAINMENT, INC.,
27                                    MGA ENTERTAINMENT HK, LTD., MGA de
                                      MEXICO, S.R.L. de C.V., and ISAAC LARIAN
28

OHS West:260746753.3