QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.<br><br>          Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>MATTEL, INC.'S OBJECTIONS TO MGA PARTIES' NOTICE OF DEPOSITION OF MATTEL, INC.<br><br>**Phase 2:**<br>Discovery Cut-off:     June 11, 2010<br>Pre-trial Conf.:          TBD<br>Trial Date:                 TBD |

00505.07975/3143770.2

MATTEL. INC.'S OBJECTIONS TO MGA PARTIES' NOTICE OF DEPOSITION OF MATTEL. INC.

**EXHIBIT 4 Page 16**

**Preliminary Statement**

Mattel has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has yet to receive all discovery from defendants MGA Entertainment, Inc. ("MGA"), Isaac Larian, Carter Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., Carlos Gustavo Machado Gomez, and from third parties with regard to this action (collectively, "Defendants"). Consequently, Mattel reserves the right to amend and/or supplement its objections if and when additional facts or documents are discovered. Mattel's objections to any of the Topics set forth in MGA's Second Phase II Notice of Deposition of Mattel, Inc. (the "Notice") are not to be construed as a waiver of any of its objections or its right to object to any other Topic.

**General Objections**

Mattel generally objects to the Notice and each of the Topics set forth in the Notice on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to each and every individual Topic:

1.    Mattel objects to the Notice and the 19 Topics contained in the Notice (collectively the "Topics") on the grounds that they are overbroad, unduly burdensome, vague and harassing. The Topics fail to describe with reasonable particularity the matters on which examination is requested and, on their face, call for vast, undefined categories of information--spanning various unreasonably long time periods and without geographical limitation--that would potentially require dozens of witnesses to address.

2.    Mattel objects to the Notice and the Topics on the grounds that they are unduly burdensome, premature and vague and ambiguous in that they seek information uniquely within the possession, custody, and control of Defendants and

00505.07975/3143770.2

-2-
MATTEL. INC.'S OBJECTIONS TO MGA PARTIES' NOTICE OF DEPOSITION OF MATTEL. INC.

**EXHIBIT 4 Page 17**

1 third parties within the control of Defendants and is not known by Mattel at this
2 juncture, including because Defendants refuse to disclose such information.

3      3.     Mattel objects to the Notice and the Topics on the grounds that they
4 seek disclosure of information that is in the possession of independent parties over
5 whom Mattel has no control, or that is publicly available and hence equally
6 available to all parties in this litigation.

7      4.     Mattel objects to the Notice and the Topics on the grounds that they
8 seek to impose obligations beyond those required by the Federal Rules of Civil
9 Procedure.

10     5.     Mattel objects to the Notice and the Topics on the grounds that they
11 call for information that is not relevant to the subject matter of the pending action,
12 nor reasonably calculated to lead to the discovery of admissible evidence.

13     6.     Mattel objects to the Notice and the Topics on the grounds that they
14 call for the disclosure of information subject to the attorney-client privilege, the
15 attorney work-product doctrine and other applicable privileges, including the joint
16 defense and common interest privileges and the privilege against disclosure of the
17 identities and work product of consulting experts.  Such information will not be
18 disclosed.

19     7.     Mattel objects to the Notice and the Topics on the grounds that they
20 seek they seek trade secret, proprietary or otherwise confidential information of
21 Mattel or third parties or would violate the terms of any agreement or contracts with
22 third parties.  Any such information will be disclosed, if at all, only pursuant to and
23 in reliance upon the Protective Order entered in this case.

24     8.     Mattel objects to the Notice and the Topics on the grounds that they
25 seek information about matters that are not within the subject matter jurisdiction of
26 the Court or seek to directly interfere with and intrude into on-going criminal
27 proceedings.  Any discovery by Mattel will be limited to those matters within the
28 Court's jurisdiction, in compliance with foreign laws limiting disclosure and

-3-

MATTEL. INC.'S OBJECTIONS TO MGA PARTIES' NOTICE OF DEPOSITION OF MATTEL. INC.

**EXHIBIT 4 Page 18**

1 discovery and consistent with governmental or prosecutorial limitations.  Without
2 limiting the generality of the foregoing, Mattel will not undertake to produce
3 witnesses to testify as to the activities of any governmental officials conducting
4 prosecutorial or investigatory functions.

5      9. Mattel objects to the Notices and the Topics on the grounds that they
6 are phrased as legal contentions and purport to require Mattel witnesses to proffer
7 legal theories and analysis.  To the extent Mattel produces any witnesses in response
8 to the Notices, such persons will testify only as to facts known or reasonably
9 ascertainable to Mattel.

10      10. Mattel objects to the times and places specified in the Notice.  Mattel
11 will produce witnesses for deposition in this matter at times and places, and in a
12 manner, that is reasonable, convenient and mutually agreed upon by the parties.

13

14 **Specific Objections and Responses**

15      Each of the following objections and responses is expressly made
16 subject to the above Preliminary Statement and General Objections, all of which are
17 incorporated in each of the following objections and responses to specific topics.

18      1. In addition to the general objections above, which are incorporated
19 herein by reference, Mattel objects to Topic No. 1 because by using the phrase
20 "existence and identity of information," it fails to describe with reasonable
21 particularity the matters on which examination is requested and is vague and
22 ambiguous.  Mattel further objects to Topic No. 1 as overbroad and unduly
23 burdensome, and seeks information that is appropriate for written discovery (and has
24 been the subject of extensive written discovery), not as a subject of 30(b)(6)
25 deposition testimony.  Mattel further objects to Topic No. 1 as cumulative and
26 duplicative of prior discovery.  Mattel also objects to Topic No. 1 on the grounds
27 that it calls for the disclosure of information protected by the attorney-client
28 privilege and work product doctrine.  Mattel further objects to Topic No. 1 to the

1  extent it seeks information from non-party, foreign subsidiaries of Mattel.
2  Defendants have refused to respond to discovery on behalf of similarly situated
3  subsidiaries.

4      2.      In addition to the general objections above, which are incorporated
5  herein by reference, Mattel objects to Topic No. 2 because by using the phrase
6  "identity of documents," it fails to describe with reasonable particularity the matters
7  on which examination is requested and is vague and ambiguous. Mattel further
8  objects to Topic No. 2 as overbroad and unduly burdensome, and seeks information
9  that is appropriate for written discovery (and has been the subject of extensive
10 written discovery), not as a subject of 30(b)(6) deposition testimony. Mattel further
11 objects to Topic No. 2 as cumulative and duplicative of prior discovery. Mattel also
12 objects to Topic No. 2 on the grounds that it calls for the disclosure of information
13 protected by the attorney-client privilege and work product doctrine. Mattel further
14 objects to Topic No. 2 to the extent it seeks information from non-party, foreign
15 subsidiaries of Mattel. Defendants have refused to respond to discovery on behalf
16 of similarly situated subsidiaries.

17     3.      In addition to the general objections above, which are incorporated
18 herein by reference, Mattel objects to Topic No. 3 because by using the terms
19 "creation, preparation, and/or compilation," it fails to describe with reasonable
20 particularity the matters on which examination is requested and is vague and
21 ambiguous. Mattel further objects to Topic No. 3 as overbroad and unduly
22 burdensome, and seeks information that is appropriate for written discovery (and has
23 been the subject of extensive written discovery), not as a subject of 30(b)(6)
24 deposition testimony. Mattel further objects to Topic No. 3 as cumulative and
25 duplicative of prior discovery. Mattel also objects to Topic No. 3 on the grounds
26 that it calls for the disclosure of information protected by the attorney-client
27 privilege and work product doctrine. In addition, Mattel objects to Topic No. 3 on
28 the grounds that it seeks information not relevant to the subject matter of this lawsuit

00505.07975/3143770.2

-5-
MATTEL. INC.'S OBJECTIONS TO MGA PARTIES' NOTICE OF DEPOSITION OF MATTEL. INC.

EXHIBIT 4 Page 20

1  or reasonably calculated to lead to the discovery of admissible evidence.  Mattel
2  further objects to Topic No. 3 to the extent it seeks information from non-party,
3  foreign subsidiaries of Mattel.  Defendants have refused to respond to discovery on
4  behalf of similarly situated subsidiaries.

5         4.      In addition to the general objections above, which are incorporated
6  herein by reference, Mattel objects to Topic No. 4 because by broadly seeking
7  testimony on "the independent economic value that MATTEL TRADE SECRETS
8  derive from not being generally known to the public or other persons who can obtain
9  economic value from the disclosure or use of the MATTEL TRADE SECRETS," it
10 fails to describe with reasonable particularity the matters on which examination is
11 requested and is vague, ambiguous, and compound.  Mattel further objects to Topic
12 No. 4 as overbroad and unduly burdensome, and seeks information that is
13 appropriate for written discovery (and has been the subject of extensive written
14 discovery), not as a subject of 30(b)(6) deposition testimony.  Mattel further objects
15 to Topic No. 4 as cumulative and duplicative of prior discovery.  Mattel also objects
16 to Topic No. 4 on the grounds that it calls for the disclosure of information protected
17 by the attorney-client privilege and work product doctrine.  Mattel further objects to
18 Topic No. 4 to the extent it seeks information from non-party, foreign subsidiaries
19 of Mattel.  Defendants have refused to respond to discovery on behalf of similarly
20 situated subsidiaries.  Mattel also objects to Topic No. 4 on the ground and to the
21 extent that it is premature because its subject matter may be the subject of expert
22 testimony at trial, and to the extent defendants purport to seek to limit the expert
23 testimony that Mattel may seek to introduce at trial.  Matters of expert testimony
24 shall be disclosed at the time and in the manner called for by the Rules and the
25 Court's Orders.

26        5.      In addition to the general objections above, which are incorporated
27 herein by reference, Mattel objects to Topic No. 5 because by seeking information
28 on "Mattel's efforts to maintain the secrecy of the MATTEL TRADE SECRETS," it

00505.07975/3143770.2

-6-

MATTEL. INC.'S OBJECTIONS TO MGA PARTIES' NOTICE OF DEPOSITION OF MATTEL. INC.

EXHIBIT 4 Page 21

1  fails to describe with reasonable particularity the matters on which examination is
2  requested and is vague, ambiguous, and compound.  Mattel further objects to Topic
3  No. 5 as overbroad and unduly burdensome, and seeks information that is
4  appropriate for written discovery (and has been the subject of extensive written
5  discovery), not as a subject of 30(b)(6) deposition testimony.  Mattel further objects
6  to Topic No. 5 as cumulative and duplicative of prior discovery.  Mattel also objects
7  to Topic No. 5 on the grounds that it calls for the disclosure of information protected
8  by the attorney-client privilege and work product doctrine.  In addition, Mattel
9  objects to Topic No. 5 to the extent that it seeks information not relevant to the
10 subject matter of this lawsuit or reasonably calculated to lead to the discovery of
11 admissible evidence.  Mattel further objects to Topic No. 5 to the extent it seeks
12 information from non-party, foreign subsidiaries of Mattel.  Defendants have
13 refused to respond to discovery on behalf of similarly situated subsidiaries.

14      6.      In addition to the general objections above, which are incorporated
15 herein by reference, Mattel objects to Topic No. 6 because seeking "facts supporting
16 any claim by Mattel that the MGA parties acquired MATTEL TRADE SECRETS
17 through improper means," it fails to describe with reasonable particularity the
18 matters on which examination is requested and is vague, ambiguous, and compound.
19 Mattel further objects to Topic No. 6 as overbroad and unduly burdensome, and
20 seeks information that is appropriate for written discovery (and has been the subject
21 of extensive written discovery), not as a subject of 30(b)(6) deposition testimony.
22 Mattel further objects to Topic No. 6 as cumulative and duplicative of prior
23 discovery.  Mattel also objects to Topic No. 6 on the grounds that it calls for the
24 disclosure of information protected by the attorney-client privilege and work
25 product doctrine.  In addition, Mattel objects to Topic No. 6 to the extent that it
26 seeks information not relevant to the subject matter of this lawsuit or reasonably
27 calculated to lead to the discovery of admissible evidence.  Mattel further objects to
28 Topic No. 6 to the extent it seeks information from non-party, foreign subsidiaries

of Mattel.  Defendants have refused to respond to discovery on behalf of similarly situated subsidiaries.  Mattel further objects to Topic No. 6 on the grounds that it is premature, unduly burdensome, and harassing in that it calls for information uniquely known by defendants and by third parties within defendants' control, but is not known by Mattel at this juncture, including because defendants have refused or failed to produce discovery relating to this Topic, including discovery that the Court has ordered MGA to produce.  Mattel also objects to Topic No. 6 on the ground and to the extent that it is premature because its subject matter may be the subject of expert testimony at trial, and to the extent defendants purport to seek to limit the expert testimony that Mattel may seek to introduce at trial.  Matters of expert testimony shall be disclosed at the time and in the manner called for by the Rules and the Court's Orders.

7.     In addition to the general objections above, which are incorporated herein by reference, Mattel objects to Topic No. 7 because the phrases "knew or had reason to know" and "improper means," fail to describe with reasonable particularity the matters on which examination is requested and are vague, ambiguous, and compound.  Mattel further objects to Topic No. 7 as overbroad and unduly burdensome, and seeks information that is appropriate for written discovery (and has been the subject of extensive written discovery), not as a subject of 30(b)(6) deposition testimony.  Mattel further objects to Topic No. 7 as cumulative and duplicative of prior discovery.  Mattel also objects to Topic No. 7 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege and work product doctrine.  Mattel further objects to Topic No. 7 to the extent it seeks information from non-party, foreign subsidiaries of Mattel. Defendants have refused to respond to discovery on behalf of similarly situated subsidiaries.  Mattel further objects to Topic No. 7 on the grounds that it is premature, unduly burdensome, and harassing in that it calls for information uniquely known by defendants and by third parties within defendants' control, but is

00505.07975/3143770.2

-8-

MATTEL. INC.'S OBJECTIONS TO MGA PARTIES' NOTICE OF DEPOSITION OF MATTEL. INC.

EXHIBIT 4 Page 23

1   not known by Mattel at this juncture, including because defendants have refused or

2   failed to produce discovery relating to this Topic, including discovery that the Court

3   has ordered MGA to produce.  Mattel also objects to Topic No. 7 on the ground and

4   to the extent that it is premature because its subject matter may be the subject of

5   expert testimony at trial, and to the extent defendants purport to seek to limit the

6   expert testimony that Mattel may seek to introduce at trial.  Matters of expert

7   testimony shall be disclosed at the time and in the manner called for by the <u>Rules</u>

8   and the Court's Orders.

9         8.     In addition to the general objections above, which are incorporated

10  herein by reference, Mattel objects to Topic No. 8 because seeking "facts supporting

11  any claim by Mattel that the MGA Parties disclosed or used MATTEL TRADE

12  SECRETS without Mattel's express or implied consent" fails to describe with

13  reasonable particularity the matters on which examination is requested and is vague,

14  ambiguous, and compound.  Mattel further objects to Topic No. 8 as overbroad and

15  unduly burdensome, and seeks information that is appropriate for written discovery

16  (and has been the subject of extensive written discovery), not as a subject of

17  30(b)(6) deposition testimony.  Mattel further objects to Topic No. 8 as cumulative

18  and duplicative of prior discovery.  Mattel also objects to Topic No. 8 on the

19  grounds that it calls for the disclosure of information protected by the attorney-client

20  privilege and work product doctrine.  Mattel further objects to Topic No. 8 to the

21  extent it seeks information from non-party, foreign subsidiaries of Mattel.

22  Defendants have refused to respond to discovery on behalf of similarly situated

23  subsidiaries.  Mattel further objects to Topic No. 8 on the grounds that it is

24  premature, unduly burdensome, and harassing in that it calls for information

25  uniquely known by defendants and by third parties within defendants' control, but is

26  not known by Mattel at this juncture, including because defendants have refused or

27  failed to produce discovery relating to this Topic, including discovery that the Court

28  has ordered MGA to produce.  Mattel also objects to Topic No. 8 on the ground and

MATTEL. INC.'S OBJECTIONS TO MGA PARTIES' NOTICE OF DEPOSITION OF MATTEL. INC.
**EXHIBIT 4 Page 24**

1   to the extent that it is premature because its subject matter may be the subject of

2   expert testimony at trial, and to the extent defendants purport to seek to limit the

3   expert testimony that Mattel may seek to introduce at trial.  Matters of expert

4   testimony shall be disclosed at the time and in the manner called for by the <u>Rules</u>

5   and the Court's Orders.

6          9.      In addition to the general objections above, which are incorporated

7   herein by reference, Mattel objects to Topic No. 9 because the phrases "knew or had

8   reason to know" and "circumstances giving rise to a duty to maintain its secrecy or

9   limit its use" fail to describe with reasonable particularity the matters on which

10  examination is requested and are vague, ambiguous, and compound.  Mattel further

11  objects to Topic No. 9 as overbroad and unduly burdensome, and seeks information

12  that is appropriate for written discovery (and has been the subject of extensive

13  written discovery), not as a subject of 30(b)(6) deposition testimony.  Mattel further

14  objects to Topic No. 9 as cumulative and duplicative of prior discovery.  Mattel also

15  objects to Topic No. 9 on the grounds that it calls for the disclosure of information

16  protected by the attorney-client privilege and work product doctrine.  Mattel further

17  objects to Topic No. 9 to the extent it seeks information from non-party, foreign

18  subsidiaries of Mattel.  Defendants have refused to respond to discovery on behalf

19  of similarly situated subsidiaries.  Mattel further objects to Topic No. 9 on the

20  grounds that it is premature, unduly burdensome, and harassing in that it calls for

21  information uniquely known by defendants and by third parties within defendants'

22  control, but is not known by Mattel at this juncture, including because defendants

23  have refused or failed to produce discovery relating to this Topic, including

24  discovery that the Court has ordered MGA to produce.  Mattel also objects to Topic

25  No. 9 on the ground and to the extent that it is premature because its subject matter

26  may be the subject of expert testimony at trial, and to the extent defendants purport

27  to seek to limit the expert testimony that Mattel may seek to introduce at trial.

28

00505.07975/3143770.2

-10-

MATTEL. INC.'S OBJECTIONS TO MGA PARTIES' NOTICE OF DEPOSITION OF MATTEL. INC.

EXHIBIT 4 Page 25

1  Matters of expert testimony shall be disclosed at the time and in the manner called
2  for by the <u>Rules</u> and the Court's Orders.

3       10.    In addition to the general objections above, which are incorporated
4  herein by reference, Mattel objects to Topic No. 10 because seeking "Mattel's
5  policies, procedures, and practices for stamping or otherwise designating materials
6  as confidential, proprietary, or trade secret" fails to describe with reasonable
7  particularity the matters on which examination is requested and is vague,
8  ambiguous, and compound.  Mattel further objects to Topic No. 10 as overbroad,
9  unduly burdensome, and not reasonably calculated to lead to the discovery of
10 admissible evidence, including without limitation, that it seeks testimony about
11 information that is not at issue in this suit and is unlimited as to time and geographic
12 scope.  Mattel further objects to Topic No. 10 as cumulative and duplicative of prior
13 discovery.  Mattel also objects to Topic No. 10 on the grounds that it calls for the
14 disclosure of information protected by the attorney-client privilege and work
15 product doctrine.  Mattel further objects to Topic No. 10 to the extent it seeks
16 information from non-party, foreign subsidiaries of Mattel.  Defendants have
17 refused to respond to discovery on behalf of similarly situated subsidiaries.

18      11.    In addition to the general objections above, which are incorporated
19 herein by reference, Mattel objects to Topic No. 11 because seeking "Mattel's
20 policies, procedures, and practices for educating, notifying, or otherwise informing
21 its employees as to what information Mattel considers to be its trade secrets, or its
22 confidential or proprietary information" fails to describe with reasonable
23 particularity the matters on which examination is requested and is vague,
24 ambiguous, and compound.  Mattel further objects to Topic No. 11 as overbroad,
25 unduly burdensome, and not reasonably calculated to lead to the discovery of
26 admissible evidence, including without limitation, that it seeks testimony about
27 information that is not at issue in this suit and is unlimited as to time and geographic
28 scope.  Mattel also objects to Topic No. 11 on the grounds that it calls for the

disclosure of information protected by the attorney-client privilege and work product doctrine. Mattel further objects to Topic No. 11 to the extent it seeks information from non-party, foreign subsidiaries of Mattel. Defendants have refused to respond to discovery on behalf of similarly situated subsidiaries. Mattel further objects to Topic No. 11 as cumulative and duplicative of prior discovery.

12.     In addition to the general objections above, which are incorporated herein by reference, Mattel objects to Topic No. 12 because seeking "Mattel's investigation of the facts and circumstances concerning the departure and alleged theft of trade secrets by Machado, Vargas, Trueba, Castilla, Brawer, Brisbois, Contreras, and Cooney and any other individuals who previously worked for Mattel before working for the MGA Parties" fails to describe with reasonable particularity the matters on which examination is requested and is vague, ambiguous, and compound. Mattel further objects to Topic No. 12 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including without limitation, that it seeks testimony about "investigation[s]" as to persons who are not at issue in this suit and is unlimited as to time and geographic scope. Mattel also objects to Topic No. 12 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege and work product doctrine. Mattel further objects to Topic No. 12 to the extent it seeks information from non-party, foreign subsidiaries of Mattel. Defendants have refused to respond to discovery on behalf of similarly situated subsidiaries. Mattel further objects to Topic No. 12 as cumulative and duplicative of prior discovery. Mattel also objects to Topic No. 12 on the ground and to the extent that it is premature because its subject matter may be the subject of expert testimony at trial, and to the extent defendants purport to seek to limit the expert testimony that Mattel may seek to introduce at trial. Matters of expert testimony shall be disclosed at the time and in the manner called for by the Rules and the Court's Orders.

00505.07975/3143770.2

-12-

MATTEL. INC.'S OBJECTIONS TO MGA PARTIES' NOTICE OF DEPOSITION OF MATTEL. INC.

EXHIBIT 4 Page 27

13.    In addition to the general objections above, which are incorporated herein by reference, Mattel objects to Topic No. 13 because the phrase "[a]ny harm Mattel claims resulted from the alleged misappropriation of trade secrets by the MGA Parties" fails to describe with reasonable particularity the matters on which examination is requested and is vague, ambiguous, and compound.  Mattel further objects to Topic No. 13 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including without limitation, that it is unlimited as to time and geographic scope and not limited to the trade secrets at issue in this case.  Mattel further objects to this Topic on the grounds that it seeks information that is appropriate for written discovery (and has been the subject of extensive written discovery), not as a subject of 30(b)(6) deposition testimony.  Mattel further objects to Topic No. 13 as cumulative and duplicative of prior discovery.  Mattel also objects to Topic No. 13 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege and work product doctrine.  Mattel further objects to Topic No. 13 to the extent it seeks information from non-party, foreign subsidiaries of Mattel.  Defendants have refused to respond to discovery on behalf of similarly situated subsidiaries.  Mattel objects to Topic No. 13 on the ground and to the extent that it is premature because its subject matter may be the subject of expert testimony at trial, and to the extent defendants purport to seek to limit the expert testimony that Mattel may seek to introduce at trial.  Matters of expert testimony shall be disclosed at the time and in the manner called for by the Rules and the Court's Orders.  Mattel further objects to Topic No. 13 on the grounds that it is premature, unduly burdensome, and harassing in that it calls for information uniquely known by defendants and by third parties within defendants' control, but is not known by Mattel at this juncture, including because defendants have refused or failed to produce discovery relating to this Topic, including discovery that the Court has ordered MGA to produce.

MATTEL. INC.'S OBJECTIONS TO MGA PARTIES' NOTICE OF DEPOSITION OF MATTEL. INC.

EXHIBIT 4 Page 28

14.     In addition to the general objections above, which are incorporated herein by reference, Mattel objects to Topic No. 14 because the phrase "nature and relationship between Mattel and its subsidiaries" fails to describe with reasonable particularity the matters on which examination is requested and is vague, ambiguous, and compound.  Mattel further objects to Topic No. 14 and as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including without limitation, that it is unlimited as to time and not limited to the trade secrets at issue in this case.  Mattel also objects to Topic No. 14 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege and work product doctrine.  Mattel further objects to Topic No. 14 to the extent it seeks information from non-party, foreign subsidiaries of Mattel.  Defendants have refused to respond to discovery on behalf of similarly situated subsidiaries.  Mattel further objects to Topic No. 14 as cumulative and duplicative of prior discovery.

15.     In addition to the general objections above, which are incorporated herein by reference, Mattel objects to Topic No. 15 because seeking "[t]he distinction between trade secret information owned by Mattel versus trade secret information owned by Mattel's subsidiaries in Mexico and Canada" fails to describe with reasonable particularity the matters on which examination is requested and is vague, ambiguous, and compound.  Mattel further objects to Topic No. 15 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including without limitation, that it is unlimited as to time and is not limited to the trade secrets at issue in this case.  Mattel also objects to Topic No. 15 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege and work product doctrine.  Mattel further objects to Topic No. 15 to the extent it seeks information from non-party, foreign subsidiaries of Mattel.  Defendants have refused to respond to discovery on behalf

MATTEL. INC.'S OBJECTIONS TO MGA PARTIES' NOTICE OF DEPOSITION OF MATTEL. INC.

**EXHIBIT 4 Page 29**

1  of similarly situated subsidiaries.  Mattel further objects to Topic No. 15 as
2  cumulative and duplicative of prior discovery.

3       16.   In addition to the general objections above, which are incorporated
4  herein by reference, Mattel objects to Topic No. 16 because seeking information
5  about agreements or arrangements "concerning the use, licensing, payment,
6  ownership, and sharing or trade secret information" fails to describe with reasonable
7  particularity the matters on which examination is requested and is vague,
8  ambiguous, and compound.  Mattel further objects to Topic No. 16 and as
9  overbroad, unduly burdensome, and not reasonably calculated to lead to the
10  discovery of admissible evidence, including without limitation, that it is not limited
11  as to time and is not limited to the trade secrets at issue in this case.  Mattel also
12  objects to Topic No. 16 on the grounds that it calls for the disclosure of information
13  protected by the attorney-client privilege and work product doctrine.  Mattel further
14  objects to Topic No. 16 to the extent it seeks information from non-party, foreign
15  subsidiaries of Mattel.  Defendants have refused to respond to discovery on behalf
16  of similarly situated subsidiaries.  Mattel further objects to Topic No. 16 as
17  cumulative and duplicative of prior discovery.

18       17.   In addition to the general objections above, which are incorporated
19  herein by reference, Mattel objects to Topic No. 17 because the phrase "[p]ayments
20  made by Mattel's subsidiaries in Mexico and Canada for use of any trade secret
21  information owned by Mattel" fails to describe with reasonable particularity the
22  matters on which examination is requested and is vague, ambiguous, and compound.
23  Mattel further objects to Topic No. 17 and as overbroad, unduly burdensome, and
24  not reasonably calculated to lead to the discovery of admissible evidence, including
25  without limitation, that it is not limited as to time and is not limited to the trade
26  secrets at issue in this case.  Mattel also objects to Topic No. 17 on the grounds that
27  it calls for the disclosure of information protected by the attorney-client privilege
28  and work product doctrine.  Mattel further objects to Topic No. 17 to the extent it

1   seeks information from non-party, foreign subsidiaries of Mattel.  Defendants have

2   refused to respond to discovery on behalf of similarly situated subsidiaries.  Mattel

3   further objects to Topic No. 17 as cumulative and duplicative of prior discovery.

4          18.    In addition to the general objections above, which are incorporated

5   herein by reference, Mattel objects to Topic No. 18 because seeking "[p]ayments

6   made by Mattel's subsidiaries in Mexico and Canada for use of Mattel's trade

7   secrets" fails to describe with reasonable particularity the matters on which

8   examination is requested and is vague, ambiguous, and compound.  Mattel further

9   objects to Topic No. 18 and as overbroad, unduly burdensome, and not reasonably

10  calculated to lead to the discovery of admissible evidence, including without

11  limitation, that it is not limited as to time and is not limited to the trade secrets at

12  issue in this case.  Mattel also objects to Topic No. 18 on the grounds that it calls for

13  the disclosure of information protected by the attorney-client privilege and work

14  product doctrine.  Mattel further objects to Topic No. 18 to the extent it seeks

15  information from non-party, foreign subsidiaries of Mattel.  Defendants have

16  refused to respond to discovery on behalf of similarly situated subsidiaries.  Mattel

17  further objects to Topic No. 18 as cumulative and duplicative of prior discovery.

18         19.    In addition to the general objections above, which are incorporated

19  herein by reference, Mattel objects to Topic No. 19 because seeking "[h]ow Mattel

20  accounts and/or records in its financial records, books, balance sheets, or other

21  corporate financial records of the use by Mattel and its subsidiaries in Mexico and

22  Canada of each others' trade secret information" fails to describe with reasonable

23  particularity the matters on which examination is requested and is vague,

24  ambiguous, and compound.  Mattel further objects to Topic No. 19 and as

25  overbroad, unduly burdensome, and not reasonably calculated to lead to the

26  discovery of admissible evidence, including without limitation, that it is not limited

27  as to time and is not limited to the trade secrets at issue in this case.  Mattel also

28  objects to Topic No. 19 on the grounds that it calls for the disclosure of information

00505.07975/3143770.2

-16-

MATTEL, INC.'S OBJECTIONS TO MGA PARTIES' NOTICE OF DEPOSITION OF MATTEL, INC.

EXHIBIT 4 Page 31

1  protected by the attorney-client privilege and work product doctrine.  Mattel further

2  objects to Topic No. 19 to the extent it seeks information from non-party, foreign

3  subsidiaries of Mattel.  Defendants have refused to respond to discovery on behalf

4  of similarly situated subsidiaries.  Mattel further objects to Topic No. 19 as

5  cumulative and duplicative of prior discovery.  Mattel also objects to Topic No. 19

6  on the ground and to the extent that it is premature because its subject matter may be

7  the subject of expert testimony at trial, and to the extent defendants purport to seek

8  to limit the expert testimony that Mattel may seek to introduce at trial.  Matters of

9  expert testimony shall be disclosed at the time and in the manner called for by the

10 Rules and the Court's Orders.

11 DATED:  October 8, 2009          QUINN EMANUEL URQUHART OLIVER &
12                                  HEDGES, LLP

13

14                                  By
                                      ————————————————————————
15                                     Marshall M. Searcy III
                                       Attorneys for Mattel, Inc.
16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3143770.2

MATTEL, INC.'S OBJECTIONS TO MGA PARTIES' NOTICE OF DEPOSITION OF MATTEL, INC.

EXHIBIT 4 Page 32