MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   415-773-5700
Facsimile:    415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:   213-629-2020
Facsimile:    213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS<br><br>**Public Redacted Version** | Case No.  CV 04-9049 DOC (RNBx).<br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>[To Be Heard by Discovery Master Robert O'Brien]<br><br>**MGA PARTIES'** *EX PARTE* **APPLICATION FOR A PROTECTIVE ORDER POSTPONING THE DEPOSITION OF YOON JUNG KIM AKA SUSAN JUNG KIM**<br><br>Date:           TBD<br>Time:          TBD<br>Courtroom: TBD<br><br>**Phase 2**<br>Discovery Cutoff:      June 1, 2010<br>Pretrial Conference: None Set<br>Trial Date:                None Set |

**TO ALL THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Counter-defendants MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Limited and Isaac Larian (collectively, "the MGA Parties") hereby respectfully seek ex parte relief in the form of a protective order postponing Yoon Jung Kim's (a.k.a. Susan Jung Kim) deposition that Mattel, Inc. ("Mattel") unilaterally scheduled for November 11, 2009, and now refuses to reschedule.

According to her declaration recently submitted in support of Mattel's motion to, among other things, take her deposition, Ms. Kim was a Mattel employee from 2003 – 2008. Mattel claims Ms. Kim engaged in certain acts that form a basis for its trade secret misappropriation, RICO and unfair competition claims, including participating in a meeting at which she was allegedly asked to copy certain Mattel computer files and provide them to an MGA executive. After Mattel subpoenaed her for deposition, the MGA Parties requested documents from Mattel that bear on Mattel's contentions regarding Ms. Kim. To date, Mattel has not provided the requested information, and has refused to reschedule her deposition. Mattel provided no explanation for its refusal to reschedule.

As more fully described in the accompanying memorandum, good cause exists for an order postponing Ms. Kim's deposition until a mutually agreeable time no less than twenty-one days after Mattel produces all nonprivileged documents and things responsive to MGA's requests relevant to Mattel's claims regarding Ms. Kim.

**Statement Of Compliance With Local Rule 7-19**

Counsel for Mattel include Michael Zeller, Jon Corey and B. Dylan Proctor of Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP (telephone: 213-443-3000; address: 865 South Figueroa St., 10th Floor, Los Angeles, CA 90017).

On October 28, 2009, the MGA Parties notified Mattel they would seek *ex parte* relief if Mattel did not produce the requested information or agree to postpone the deposition.  The MGA Parties expect Mattel will oppose this application.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The MGA Parties respectfully seek an order postponing Ms. Yoon Jung Kim's (a.k.a. Susan Jung Kim) deposition until after Mattel has produced properly requested information relevant to Mattel's claims regarding Ms. Kim.  Mattel claims Ms. Kim ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  Mattel claims her testimony is "critical" to Mattel's ability to prove these claims.  Yet, Mattel has to date failed to produce the requested information it claims to be willing to produce, and it flatly refused to produce other information.  On October 29, Mattel finally indicated it would provide some information in advance of the deposition, but Mattel did not provide a date certain, indicate the volume of documents allegedly forthcoming or indicate which requests it will respond to (or not respond to).

Because Mattel has refused to provide anything other than the vaguest of statements regarding Ms. Kim's documents, MGA is left with no choice but to move to postpone the deposition until it has had an opportunity to review the requested materials and Mattel's supplemental responses, engage in follow up meet and confer efforts as necessary, and seek additional relief if Mattel's production continues to be deficient.  There is no way for the MGA Parties to know at this point whether Mattel will fully comply with the MGA Parties' requests, and proceeding with Ms. Kim's deposition now, in the midst of an information vacuum created and controlled by Mattel, makes no sense.  Fairness to the witness and the MGA Parties requires the postponement of Ms. Kim's deposition.  For the reasons stated herein, good cause exists to order her deposition postponed until a mutually

agreeable time no less than twenty-one days after Mattel produces all non-privileged materials responsive to MGA's production requests discussed below.

## STATEMENT OF FACTS

**A.  Ms. Kim's Relationship To Mattel's Claims.**

On July 31, 2009, Mattel served its First Supplemental Objections and Responses to Interrogatory Nos. 20-23 and 28 in MGA Entertainment, Inc.'s Second Set of Interrogatories. Declaration of Jason S. Angell ("Angell Decl.") Ex. 1 (Mattel interrogatory responses excerpt). Interrogatory No. 22 seeks "THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that MGA misappropriated any ALLEGED TRADE SECRET." *Id.* at 4.

In its responses, Mattel stated, among other things, that Susan Kim, ███████████████████████████████████████████████████

**B.  Mattel Notices Ms. Kim's Deposition And Moves For Leave To Take The Deposition.**

On August 5, 2009 Mattel subpoenaed Ms. Kim for testimony on November 11, 2009. Angell Decl. Ex. 2 (Kim Subpoena and Notice) at 12. Mattel did not discuss with MGA scheduling Ms. Kim's deposition before Mattel served the subpoena.

On August 11, 2009 (public version filed August 12, 2009), Mattel filed its Notice of Motion and Motion for Leave to Take Additional Depositions. Dkt. # 6254 (public version). In its motion, Mattel claims Ms. Kim's testimony is important because she "has direct knowledge relating to Mr. Contreras [sic] thefts

1   for MGA, [and] her deposition testimony is critical to Mattel's ability to prove its
2   RICO, trade secret and unfair competition claims. *Id.* at 16. In support of its
3   Motion, Mattel attached as Exhibit 62 to the Declaration of Scott L. Watson (Dkt. #
4   6254-2) Ms. Kim's June 30, 2009 declaration. Angell Decl. Ex. 3 (Declaration of
5   Yoon Jung Kim aka Susan Jung Kim); *see also* Dkt. # 6254-11 at 60.

6   The MGA Parties opposed Mattel's motion and cross-moved for a protective
7   order on August 21, 2009 . Dkt. # 6386. Mattel filed its reply on August 31, 2009,
8   and opposed the MGA Parties' request for a protective order. Dkt. # 6506 (public
9   version). On October 15, 2009, the Discovery Master ordered that "each side [may]
10  take thirty (30) depositions in Phase 2." Dkt. # [not yet assigned] Order No. 69 at
11  16.

12  **C.   Mattel Refuses To Provide Relevant Information In Advance Of**
13  **Ms. Kim's Scheduled Deposition And Refuses To Reschedule The**
14  **Deposition.**

15  To test Mattel's contentions regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
16  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ MGA served on August 28,
17  2009 MGA Entertainment, Inc.'s Third Set of Phase 2 Requests for Production of
18  Documents and Things to Mattel, Inc. Angell Decl. Ex. 4 (MGA's Third Set of
19  Phase 2 Requests for Production of Documents) at 21-27. Many of these requests
20  related specifically to Mattel's contentions regarding ▮▮▮▮▮▮▮▮▮▮▮▮
21  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
24  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at Request No.
25  125.

26  Mattel served its responses on September 30, 2009. Mattel did not produce
27  any documents in response to many of these requests. Angell Decl. Ex. 5 (Mattel's
28  Response to MGA's Third Set of Phase 2 Requests for Production of Documents)

at. For example, in its response to Request No. 125, Mattel stated that it would ████████████████████████████████████████ *Id.* at 36-37. Mattel has not produced any such information, and has not stated whether responsive information had been previously produced.

On October 9, 2009, MGA requested a meet and confer to discuss Mattel's responses to MGA's document requests, including those relating to Ms. Kim. Angell Decl. Ex. 6 (October 9, 2009 MGA Parties letter) at 93. The MGA Parties' sought prompt and complete production of documents relating to the requests regarding Ms. Kim and Mr. Contreras reasonably in advance of Ms. Kim's deposition. *Id*. The MGA Parties reserved their rights to postpone the deposition of Ms. Kim if Mattel's production was unacceptably delayed. *Id.*

In contravention of the requirements of the Discovery Master Stipulation, Mattel did not respond to the MGA Parties' meet and confer request until ten days later, on October 19, 2009. Angell Decl. Ex. 7 (October 19, 2009 Mattel letter). The parties conducted a telephonic meet and confer on October 22, 2009. Angell Decl. Ex. 8 (October 26, 2009 MGA Parties letter).

On October 26, 2009, MGA asked Mattel to clarify by the following day whether it would produce the information relevant to Ms. Kim's deposition at least one week in advance of her presently scheduled deposition, and if not, whether Mattel would agree to postpone the deposition to a mutually agreeable time after producing the requested information. Angell Decl. Ex. 8 (October 26, 2009 MGA Parties letter). On October 28, MGA again asked Mattel if it remained intent on deposing Ms. Kim on November 11. Angell Decl. Ex. 9 (October 28, 2009 MGA Parties email). On October 29, Mattel stated it had already produced Ms. Kim's personnel file and that it expected to produce "any remaining Kim documents by the beginning of next week." *Id*. As of this writing, Mattel has not produced the requested information.

## ARGUMENT

More than two months before the date Mattel set for Ms. Kim's deposition, MGA served requests for documents containing information relevant to Mattel's claims that Mr. Contreras "asked for Ms. Kim's assistance in stealing Mattel trade secrets." MGA is entitled to know whether Mattel has any basis for a contention that its confidential information was transferred from Mattel to MGA through Ms. Kim and Mr. Contreras.

MGA is entitled to "obtain discovery regarding any nonprivileged matter that is relevant to [Mattel's] claim[s] or defense[s] . . ." Fed. R. Civ. P. 26(b)(1). MGA properly served discovery directed to matters Mattel described as "critical" to its RICO, trade secret and unfair competition claims. Dkt. # 6254 at 16. Mattel has refused to provide the requested information, although it now claims it will produce some unspecified amount and type of responsive information at some point before the deposition. This is not acceptable. Mattel must know what information it has that allegedly supports its claims, and there is no legitimate reason for Mattel to withhold the information until the eve of Ms. Kim's "critical" deposition.

Rule 26 permits entry of a protective order when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(iii). There is no dispute the issues raised by Mattel's trade secret misappropriation (and, apparently, RICO and unfair competition) claims are "important," and Mattel has characterized the information allegedly known by Ms. Kim as "critical to Mattel's ability to prove" these claims. Mattel has had more than two months to collect and produce the information relevant to Ms. Kim's deposition, but it has failed to do so. Under these circumstances, any "benefit" to proceeding with Ms. Kim's deposition now is clearly outweighed by the burden and expense resulting from being forced to prematurely take a deposition. Given the

1  alleged importance of her deposition to Mattel's claims, and Mattel's failure to
2  provide the requested discovery, there is every reason to postpone her deposition
3  until Mattel has provided MGA with a reasonable time to review information
4  relevant to Mattel's allegations regarding Ms. Kim.

5  Furthermore, Ms. Kim is not a party to this litigation. She is no longer a
6  Mattel employee, although her preparation of a declaration in support of Mattel's
7  claims suggests she is working with Mattel in some capacity. In any event, MGA
8  cannot fully examine Ms. Kim without access to the information allegedly
9  supporting Mattel's claims as they relate to Ms. Kim. If her deposition goes
10  forward on November 11 without MGA having had the opportunity to
11  meaningfully review the requested information, it is likely MGA would need a
12  further opportunity to depose Ms. Kim. There is no need to waste Ms. Kim's time
13  with an inefficient deposition resulting from Mattel's failure to produce information
14  relevant to Mattel's claims concerning Ms. Kim.

## CONCLUSION

For the foregoing reasons, the Discovery Master should order Ms. Kim's deposition deferred until a mutually agreeable time no less than twenty-one days after Mattel produces all non-privileged materials responsive to MGA's Request Nos. 119-168 in MGA's Third Set of Phase 2 Requests for Production of Documents and Things to Mattel, Inc.

Dated: October 30, 2009

JASON S. ANGELL
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ Jason S. Angell
Jason S. Angell
Attorneys for MGA Parties