QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, an individual,

Plaintiff,

vs.

MATTEL, INC., a Delaware corporation,

Defendant.

AND CONSOLIDATED CASES

CASE NO. CV 04-9049 SGL (RNBx)

Consolidated with
Case No. CV 04-09059
Case No. CV 05-02727

NOTICE OF DEPOSITION OF YOON JUNG KIM AKA SUSAN JUNG KIM

Date: November 11, 2009
Time: 9:30 a.m.
Place.: Boston Marriott Cambridge
2 Cambridge Center
Cambridge, MA 02142

**Phase 2**
Discovery Cut-off: December 11, 2009
Pre-trial Conference: March 1, 2010
Trial Date: March 23, 2010

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Mattel, Inc. will take the deposition of Yoon Jung Kim aka Susan Jung Kim, on November 11, 2009, beginning at 9:30 a.m., at the Boston Marriott Cambridge, 2 Cambridge Center, Cambridge, Massachusetts 02142.

PLEASE TAKE FURTHER NOTICE that the deposition will take place upon oral examination before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Sundays, Saturdays and legal holidays excepted, until completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(2), the deposition will be videotaped. Mattel also reserves the right to use Livenote or other technology for real-time transcription of the testimony.

DATED: August 5, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By B. Dylan Proctor /TB
B. Dylan Proctor
Attorneys for Plaintiff Mattel, Inc.

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

CARTER BRYANT, an Individual
*Plaintiff*
v.
MATTEL, INC., a Delaware Corporation
*Defendant*

Civil Action No. Misc. CV 04-9049 SGL (RNBx)

(If the action is pending in another district, state where:
Central District Of California

## SUBPOENA TO TESTIFY AT A DEPOSITION OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To: Yoon Jung Kim aka Susan Jung Kim c/o Ryan G. Baker, Esq. Baker Marquart Crone & Hawxhurst, LLP, 10990 Wilshire Blvd., 4th Floor, Los Angeles, CA 90024

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Boston Marriott Cambridge<br>2 Cambridge Center<br>Cambridge, MA 02142 | Date and Time:<br>11/11/2009 9:30 am |
|---|---|

The deposition will be recorded by this method: Real time transcription and video tape.

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 8/5/09

CLERK OF COURT

OR

_______________________
*Signature of Clerk or Deputy Clerk*

[signature]
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* MATTEL INC., a Delaware Corporation, who issues or requests this subpoena, are:

B. Dylan Proctor, Esq. QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017
213-443-3112 dylanproctor@quinnemanuel.com

Civil Action No. Misc. CV 04-9049 SGL (RNBx)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* ____________________
was received by me on *(date)* ____________ .

☐ I personally served the subpoena on the individual at *(place)* ____________________
____________________ on *(date)* ____________ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* ____________
____________________ , a person of suitable age and discretion who resides there,
on *(date)* ____________ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* ____________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ____________
____________________ on *(date)* ____________ ; or

☐ I returned the subpoena unexecuted because ____________________ ; or

☐ Other *(specify)*:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On August 5, 2009, I served true copies of the following document(s) described as

**NOTICE OF DEPOSITION OF YOON JUNG KIM AKA SUSAN JUNG KIM**

on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>Thomas J. Nolan, Esq.<br>Jason Russell, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>tnolan@skadden.com<br>jrussell@skadden.com | **Attorneys for *the MGA Parties*** |
| Scheper, Kim & Overland, LLP<br>Mark E. Overland, Esq.<br>Alexander H. Cote, Esq.<br>601 West Fifth Street, 12th Floor<br>Los Angeles, CA 90071<br>moverland@scheper.com | **Attorneys for *Carlos Gustavo Machado Gomez*** |
| Orrick, Herrington & Sutcliffe, LLP<br>Melinda Haag, Esq.<br>Annette L. Hurst, Esq.<br>Warrington S. Parker III, Esq.<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>mhaag@orrick.com<br>ahurst@orrick.com<br>wparker@orrick.com | **Attorneys for *the MGA Parties*** |

| | |
|---|---|
| Orrick, Herrington & Sutcliffe, LLP<br>William A. Molinski, Esq.<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, CA 90017<br>wmolinski@orrick.com | **Attorneys for *the MGA Parties*** |
| Bingham McCutchen LLP<br>Todd E. Gordinier, Esq.<br>Peter N. Villar, Esq.<br>600 Anton Boulevard, 18th Floor<br>Costa Mesa, CA 92626-1924<br>todd.gordinier@bingham.com<br>peter.villar@bingham.com | **Attorneys for *the Omni 808 Investors, LLC*** |

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 5, 2009, at Los Angeles, California.

Shanda L. Conners