QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS<br><br>**PUBLIC REDACTED VERSION** | CASE NO. CV 04-9049 DOC (RNBx)<br><br>**DISCOVERY MATTER**<br>**[To Be Heard by Discovery Master Robert C. O'Brien Pursuant]**<br><br>DECLARATION OF SCOTT L. WATSON IN SUPPORT OF MATTEL, INC.'S MOTION FOR AN ORDER ENFORCING DISCOVERY MASTER ORDER NO. 66 AND COMPELLING MGA AND LARIAN TO RESPOND TO REQUESTS FOR ADMISSION<br><br>Phase 2:<br>Discovery Cut-off:     June 1, 2009<br>Pre-trial Conference: TBD<br>Trial Date:                   TBD |

00505.07975/3179908.1

DECLARATION OF SCOTT L. WATSON

## DECLARATION OF SCOTT L. WATSON

I, Scott L. Watson, declare as follows:

1. I am a member of the bar of the State of California, admitted to practice in the Central District of California and elsewhere, and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Attached hereto as Exhibit 1 is a true and correct copy of Discovery Master Order No. 66, dated September 17, 2009.

3. Attached hereto as Exhibit 2 is a true and correct copy of Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment, Inc., dated March 14, 2005.

4. Attached hereto as Exhibit 3 is a true and correct copy of Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated February 2, 2007.

5. Attached hereto as Exhibit 4 is a true and correct copy of Phase 1 Discovery Master Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007.

6. Attached hereto as Exhibit 5 is a true and correct copy of the January 25, 2008 Letter from R. Zuromski to S. Kidman.

7. Attached hereto as Exhibit 6 is a true and correct copy of the January 25, 2008 Letter from A. Tempkin to S. Kidman.

8. Attached hereto as Exhibit 7 is a true and correct copy of Mattel's Supplemental Notice of Motion and Memorandum in Support of Motion to Compel Production of Previously Withheld Documents Only Portions of Which are Allegedly Privileged, dated February 5, 2008.

9. Attached hereto as Exhibit 8 is a true and correct copy of the Declaration of Richard J. Zuromski, Jr., in Support of MGA's Opposition to Mattel's Supplemental Motions to Compel, dated February 29, 2008.

10. Attached hereto as Exhibit 9 is a true and correct copy of MGA's Opposition to Mattel's Motion to Compel Production of Previously Withheld Documents Only Portions of Which Are Allegedly Privileged, dated February 7, 2008.

11. Attached hereto as Exhibit 10 is a true and correct copy of May 7, 2008 Letter from H. Olivar to J. Infante, Discovery Master.

12. Attached hereto as Exhibit 11 is a true and correct copy of relevant excerpts from the June 2, 2008 Hearing in this matter.

13. Attached hereto as Exhibit 12 is a true and correct copy of Order Regarding Various Discovery Motions, Applications and Other Matters Upon Which the Court Ruled on June 2, 2008, dated June 5, 2008.

14. Attached hereto as Exhibit 13 is a true and correct copy of relevant excerpts from the Phase 1 Trial transcript in this matter, dated June 5, 2008, afternoon session.

15. Attached hereto as Exhibit 14 is a true and correct copy of the February 8, 2009 Letter from J. Corey to A. Khan.

16. Attached hereto as Exhibit 15 is a true and correct copy of Mattel Inc.'s Motion to Compel *In Camera* Review and Production of Non-Attorney or Non-Legal Communications Listed on MGA's Privilege Logs, dated March 27, 2009.

17. Attached hereto as Exhibit 16 is a true and correct copy of MGA's Opposition to Mattel's Motion to Compel *In Camera* Review and Production of Non-Attorney and Non-Legal Communications Listed on MGA's Privilege Logs, dated April 3, 2009.

18. Attached hereto as Exhibit 17 is a true and correct copy of Phase 2 Discovery Matter Order No. 33, dated May 18, 2009.

19. Attached hereto as Exhibit 18 is a true and correct copy of Phase 2 Discovery Matter Order No. 41, dated July 27, 2009.

20. Attached hereto as Exhibit 19 is a true and correct copy of August 3, 2009 Letter from A. Hurst to R. O'Brien.

21. Attached hereto as Exhibit 20 is a true and correct copy of the August 4, 2009 Letter from C. Lock to B. Proctor.

22. Attached hereto as Exhibit 21 is a true and correct copy of the August 21, 2009 Letter from C. Lock to B. Proctor.

23. Attached hereto as Exhibit 22 is a true and correct copy of the Court's August 31, 2009 Order.

24. Attached hereto as Exhibit 23 is a true and correct copy of Mattel, Inc.'s Requests to MGA for Admission Re the Court's Order to Show Cause Dated August 31, 2009, dated September 11, 2009.

25. Attached hereto as Exhibit 24 is a true and correct copy of Mattel, Inc.'s Requests to Isaac Larian for Admission Re the Court's Order to Show Cause Dated August 31, 2009, dated September 11, 2009.

26. Attached hereto as Exhibit 25 is a true and correct copy of Mattel, Inc.' *Ex Parte* Application for an Order Shortening Time for MGA and Larian to Respond to Requests for Admission and for Production of Privilege Log, dated September 14, 2009.

27. Attached hereto as Exhibit 26 is a true and correct copy of MGA Parties' Opposition to Mattel, Inc.'s *Ex Parte* Application for an Order Shortening Time for MGA and Larian to Respond to Requests for Admission and for Production of Privilege Log, dated September 15, 2009.

28. Attached hereto as Exhibit 27 is a true and correct copy of the September 22, 2009 Sealed Hearing transcript in this matter.

1  29. Attached hereto as Exhibit 28 is a true and correct copy of MGA's Response to Mattel, Inc.'s Request for Admission to MGA related to MGA's Assertion of Privilege to Withhold Non-Privileged Larian Email Communications That Are the Subject of the Court's Order to Show Cause Dated August 31, 2009, dated October 13, 2009.

30. Attached hereto as Exhibit 29 is a true and correct copy of Larian's Response to Mattel, Inc.'s Request for Admission to MGA related to MGA's Assertion of Privilege to Withhold Non-Privileged Larian Email Communications That Are the Subject of the Court's Order to Show Cause Dated August 31, 2009, dated October 13, 2009.

31. Attached hereto as Exhibit 30 is a true and correct copy of Letter from Cynthia Lock to Dylan Watson, dated August 21, 2009.

32. Attached hereto as Exhibit 31 is a true and correct copy of Phase 1 Discovery Master Order Granting Mattel's Motion to Compel MGA to Answer Requests for Admission, dated August 21, 2007.

33. Attached hereto as Exhibit 32 is a true and correct copy of Phase 1 Discovery Master Order Granting Mattel's Motion to Compel Carter Bryant to Answer Requests for Admission or to Order Requests Admitted, dated August 20, 2007.

34. Attached hereto as Exhibit 33 is a true and correct copy of relevant excerpts from the March 10, 2008 Hearing in this matter.

35. Attached hereto as Exhibit 34 is a true and correct copy of relevant excerpts from the January 23, 2008 Privilege Log, produced on January 25, 2008.

36. Attached hereto as Exhibit 35 is a true and correct copy of relevant excerpts from the Revised January 23, 2008 Privilege Log, produced on January 23, 2008.

   37. On October 20, 2009, I met and conferred via teleconference with Warrington S. Parker III, counsel for the MGA parties, concerning this contemplated motion and the MGA parties' responses to the Requests for Admission. I told Mr. Parker that Mattel believed that Discovery Master Order No. 66 required the MGA parties to admit or deny the Requests and that the service of primarily objections violated that order. Mr. Parker and I also discussed a number of specific Requests and discussed each of the MGA parties' various objections. I noted to Mr. Parker that many of these issues were briefed in connection with Mattel's *Ex Parte* Application to Shorten Time. Mr. Parker confirmed that he was aware of Mattel's arguments in that briefing, and that the MGA parties had considered those arguments prior to serving objections to the Requests.

   38. At the end of the teleconference on October 20, 2009, Mr. Parker informed me that he would get back to me the following day regarding whether and to what extent MGA and Larian would withdraw objections and admit or deny some or all of the Requests. The following day, Mr. Parker asked to postpone our further meet and confer. On Thursday, October 22, 2009, Mr. Parker wrote me an email, stating that the MGA Parties "are not willing to provide different responses." A true and correct copy of this email is attached hereto as Exhibit 36.

   39. Attached hereto as Exhibit 37 is a true and correct copy of Discovery Master Order No. 17, dated April 14, 2009.

   40. Attached hereto as Exhibit 38 is a true and correct copy of Isaac Larian's Response to Mattel, Inc.'s Request for Admission to Isaac Larian Related to Assertion of Privilege to Withhold Non-Privileged Larian Email Communications that Are the Subject of the Court's Order to Show Cause Dated August 31, 2009, dated October 13, 2009.

   41. Attached hereto as Exhibit 39 is a true and correct copy of MGA's Response to Mattel, Inc.'s Request for Admission to MGA Related to MGA's Assertion of Privilege to Withhold Non-Privileged Larian Email

1  Communications that Are the Subject of the Court's Order to Show Cause Dated
2  August 31, 2009, dated October 13, 2009.
3      42.   Attached hereto as Exhibit 40 is a true and correct copy of
4  Mattel, Inc.'s Requests for Admission to Isaac Larian Related to Assertion of
5  Privilege to Withhold Non-Privileged Larian Email Communications that Are the
6  Subject of the Court's Order to Show Cause Dated August 31, 2009, dated
7  September 11, 2009.
8      43.   Attached hereto as Exhibit 41 is a true and correct copy of
9  Mattel, Inc.'s Requests for Admission to MGA Related to MGA's Assertion of
10 Privilege to Withhold Non-Privileged Larian Email Communications that Are the
11 Subject of the Court's Order to Show Cause Dated August 31, 2009, dated
12 September 11, 2009.
13     44.   Attached hereto as Exhibit 42 is a true and correct copy of the
14 Court's September 22, 2009 Order.
15     45.   Attached hereto as Exhibit 43 is a true and correct copy of
16 relevant excerpts from Mattel's Third Amended Answer and Counterclaims, dated
17 May 22, 2009.

        I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct, and that this Declaration was
executed on October 30, 2009 at Los Angeles, California.

                                    _____
                                    Scott L. Watson