# EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**EXHIBIT 18**

1    Robert C. O'Brien (SBN 154372)
     ARENT FOX LLP
2    555 West Fifth Street, 48th Floor
     Los Angeles, CA  90013-1065
3    Telephone:  213.629.7400
     Facsimile:    213.629.7401
4    obrien.robert@arentfox.com

5    Discovery Master

6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

11

12   CARTER BRYANT, an individual,      Case No.  CV 04-09049 SGL (RNBx)

13              Plaintiff,
                                        Consolidated with
14          v.                          Case No. CV 04-09059
                                        Case No. CV 05-2727
15   MATTEL, INC., a Delaware
     corporation,                       **PHASE 2 DISCOVERY MATTER**
16
                Defendant.              **ORDER NO. 41, REGARDING:**
17
                                           **EXTENSION OF TIME FOR THE**
18                                         **MGA PARTIES TO SUMBIT**
                                           **DOCUMENTS FOR** *IN CAMERA*
19                                         **REVIEW**

20

21
     CONSOLIDATED WITH
22   MATTEL, INC. v. BRYANT and
     MGA ENTERTAINMENT, INC. v.
23   MATTEL, INC.

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
                                                        ORDER NO. 41
                                        [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT  18
PAGE    284

1       The Discovery Master, having considered the parties' Stipulation Re

2    Continuance of Date for *In Camera* Review (the "Stipulation"), and good cause

3    appearing therefor, **ORDERS** that, pursuant to the Stipulation, the MGA Parties

4    shall have until Tuesday, August 4, 2009, to comply with the *in camera* submission

5    required by Order No. 33.

6

7    Dated:      July 27, 2009

8

9                                By:       /s/ Robert C. O'Brien

10                                     ROBERT C. O'BRIEN
Discovery Master

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

ORDER NO. 41
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT /6
PAGE 285

**EXHIBIT 19**

# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA  94105-2669

tel  +1 415-773-5700
fax  +1-415-773-5759

WWW.ORRICK.COM

August 3, 2009

Annette L. Hurst
(415) 773-4585
ahurst@orrick.com

*VIA ELECTRONIC MAIL AND FACSIMILE*

Robert C. O'Brien, Esq.
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

Re:     Carter Bryant v. Mattel and consolidated actions

Dear Mr. O'Brien:

MGA's Motion to Compel Further Responses to MGA's First Set of Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production ("Motion") was filed and served by the ECF system before the 6:00 p.m. deadline on July 24. Mattel's opposition was due on July 31, and Mattel failed to file by that date. Mattel has therefore defaulted on the Motion. As provided by Local Rule 7-12, such failure to file by the deadline "may be deemed consent to the granting of the motion." This is an instance where such consent should be deemed, because the excusable neglect requirement of Federal Rule 6(b)(1)(B) (applicable when an extension is requested after the deadline) is not met here.

Yesterday, on Sunday at 10:59 a.m., Mattel (by Ms. Hauler) sent me an e-mail asking for an extension of time until Wednesday to file the already-late opposition. She requested the extension "for scheduling reasons" as "a professional courtesy." I generally interpret requests for professional courtesy to mean there is a personal scheduling problem on the part of counsel. When I pointed out that the opposition was already late, Ms. Hauler then claimed that the extension was actually needed in order to obtain declarations from Mattel witnesses.

Mattel asserts that a calendaring error led to its failure to file a timely opposition. This is hard to credit, since the motion was filed and served by ECF before 6:00 p.m. It is hard to imagine that Mattel's calendaring system is determined by e-mails from counsel rather than official court notices—and failing to observe official court notices is inexcusable. Even were that failure excusable, it does not justify a further extension until Wednesday and the failure to file today should be considered a further default. Had Mattel been diligent, it should have been able to file an opposition today. Instead, Mattel apparently did not start working on the opposition until the weekend and then realized that it would require declarations in order to oppose the motion. The overall picture here is not excusable neglect sufficient to relieve Mattel of its default and grant it a further extension.

EXHIBIT ___19___
PAGE ___286___



# ORRICK

Robert C. O'Brien
August 3, 2009
Page 2

Moreover, this delay of nearly a week in getting the motion fully briefed matters for three reasons: (1) MGA's need for the information; (2) Mattel's consistent pattern of aggressive exploitation of deadlines and other rules to its perceived advantage; and (3) enforcement of *consistent* minimum standards of courtesy *applied evenly to both parties.*

First, complete answers, responses and production for this discovery, which goes to the core of Phase 2 issues, have already been improperly delayed with a near-frivolous motion for protective order on *counting* issues. As the Discovery Master stated to Mattel at the July 8 hearing, there should be no further motion on counting issues until there is some claim that MGA is past its limit for Phase 2, and even then the Discovery Master is going to be inclined to give both parties the discovery they reasonably need in this complex matter. Mattel's motion for protective order should have been immediately withdrawn at that point and the answers and responses served. Instead that protective order motion will not even be heard for another ten days. If Mattel is not ordered to comply promptly, MGA will be even further delayed in obtaining this discovery. Thus, it matters if the Motion is delayed, and no extension should be granted.

Second, Mattel raised no issue in meet and confer that could now reasonably be expected to require attention in declarations from its personnel. In fact, Mattel engages in a consistent pattern of failing to meet and confer in good faith. It does not present its arguments during meet and confer, it does not agree to limitations on its own discovery, and it does not agree to produce anything in response to discovery requests from others. So, Mattel should not even be permitted to submit these declarations which are purportedly causing it to be late, because the issues were never raised in the first place during meet and confer as an excuse for non-compliance.

Third, Mattel apparently believes that MGA's efforts to obtain relevant and timely discovery must come to a standstill when it requires a courtesy, but it is entirely unwilling to grant one to MGA when desperately needed, no matter how reasonable the request. Courtesy is a two-way street, but Mattel walks only in one direction. Here, I pause to address Mattel's misleading assertions concerning the extension we requested for MGA's *in camera* inspection.

The notion that we should force the Discovery Master to review documents *in camera* for which no claim of privilege is maintained, as Mattel apparently would have it, is foolish. The only reason for such an assertion is to impose the expense of the Discovery Master upon MGA as an ancillary burden of litigation. Orrick has spent hundreds of hours re-reviewing the documents at issue and in the utmost good faith has determined that some of them should be produced in their entirety and others should be produced in redacted form (it is this total group that we estimated a week ago would comprise approximately 40% of the documents on the appendices). But we are not certain whether the documents to be produced in redacted form have ever been produced in the form we believe appropriate. We proposed to Mattel an additional two-week extension to complete this

EXHIBIT 19
PAGE 287



ORRICK

Robert C. O'Brien
August 3, 2009
Page 3

production, serve a supplemental privilege log expanding upon the claims of privilege for the documents continuing to be withheld and the basis for the redactions, and then to let Mattel say which documents they really believe require *in camera* review at which point we would turn them over for review immediately without further discussion. Mattel refused our original request for a two-week extension (agreeing only to one), and refused all of our subsequent entreaties for additional time, including this proposal. As a result, we have had several people working almost nonstop on this issue for the last three weeks, pulling all-nighters, missing family obligations and the like. Accordingly, we will provide to the Discovery Master tomorrow, as ordered, all of the documents for *in camera* inspection over which MGA maintains any claim of privilege, with proposed redactions. Once those proposed redactions are approved (or modified), we will produce the redacted documents and the additional ones for which no claim of privilege is maintained.

Additionally, Mattel has granted extensions either sparingly, or not at all, asserting that discovery meet and confer letters are late if not sent within five days, and refusing to grant other reasonable extensions such as the additional time reasonable needed to oppose their motion for continuance. Most recently Mattel has threatened IGWT with the five-day requirement for meet and confer on a document subpoena, even though IGWT's prior counsel informed Mattel that he was no longer representing it and it had not yet obtained new counsel. Mattel serves witnesses with subpoenas on Sundays at 6:00 a.m. in the morning. Mattel will stop short of nothing to enforce the deadlines and press all limits when it perceives doing so to be even in its slightest interest.

Despite Mattel's practices, *on every prior occasion until this one that Mattel has requested an extension, we have granted it.* We granted three weeks to serve interrogatory responses ordered by the Discovery Master to be served by July 31, *and we still don't have those responses.* We granted other extensions on deadlines in at least two instances when requested, promptly and without question.

Mattel should be held to the same standards it would inflict on others. Mattel's approach to the discovery process should not be rewarded with the requested extension.

Respectfully submitted,

*Annette L. Hurst*

Annette L. Hurst

cc:   Michael T. Zeller, Esq.
       Todd Gordinier, Esq.

EXHIBIT   19
PAGE   288

**EXHIBIT 20**



RECEIVED

AUG 0 6 2009

CALENDARED



**O R R I C K**

ORRICK, HERRINGTON & SUTCLIFFE LLP
4 PARK PLAZA
SUITE 1600
IRVINE, CALIFORNIA 92614-2558

*tel* +1-949-567-6700
*fax* 949-567 6710

WWW.ORRICK.COM

August 4, 2009

Cynthia A. Lock
(949) 852-7753
clock@orrick.com

BY U.S. MAIL AND E-MAIL DYLANPROCTOR@QUINNEMANUEL.COM

B. Dylan Proctor
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:    Mattel, Inc. v. MGA Entertainment, Inc., et al.

Dear Dylan:

This letter responds to your letter dated July 30, 2009. You indicated in your July 30 letter that you intend to move to compel production of certain documents on MGA's privilege logs that have been the subject of a meet and confer process with prior counsel. As we informed you on July 30, 2009, we believe that the most responsible course of action as new counsel is to review the documents and privilege logs in question. We are undertaking this process to ensure that the Discovery Master is not burdened with unnecessary motion practice as to documents that we do not dispute should be produced. Because we expect that this process is likely to result in the voluntary production of documents as has our recent review of the appendices for the *in camera* inspection, it is apparent that this will actually speed Mattel's access to those documents to which it may be entitled—not delay it.

While you obviously are free to file a motion that encompasses documents that may be produced in the interim, we do not believe that the Discovery Master should be wasting his time and the parties' money on such potentially undisputed matters. This also applies to that group of documents that we understand MGA has previously agreed to produce. As we informed you on July 30, we intend to follow through with that agreement and will produce those documents by August 14, 2009.

With regard to the production of documents that we determined through the *in camera* review process should be produced, we will produce those documents within a reasonable time after the Discovery Master has issued his ruling as to the propriety of MGA's redactions. MGA will provide revised privilege logs as to the documents that are the subject of the *in camera* review once the Discovery Master has issued a ruling as to the *in camera* documents.

As we indicated to you on July 30, we will provide to a detailed response to your letter to me dated July 17, 2009. You will receive that response and revised privilege logs as to the entries raised by your July 17 letter no later than August 24, 2009.

EXHIBIT **20**

PAGE _____ **289**



**ORRICK**

B. Dylan Proctor
August 4, 2009
Page 2

Let me be completely clear: we are not attempting to cause undue delay in this case. Our course of action is entirely reasonable, and indeed prudent, as new counsel in this case and we will not take some lesser course of action merely to make things more convenient for Mattel.

Very truly yours,

Cynthia A. Lock

cc:     Annette L. Hurst
        L. Kieran Kieckhefer
        Jason D. Russell (*by email only*)

EXHIBIT **20**

PAGE _____ **2**2**0**