**EXHIBIT 21**



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
4 PARK PLAZA
SUITE 1600
IRVINE, CALIFORNIA 92614-2558

*tel* +1-949-567-6700
*fax* 949-567 6710

WWW.ORRICK.COM

August 21, 2009

Cynthia A. Lock
(949) 852-7753
clock@orrick.com

*BY MESSENGER*

B. Dylan Proctor
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:     MGA Entertainment, Inc. v. Mattel

Dear Dylan:

Enclosed is MGA's production of documents not submitted for *in camera* review, Bates Range
MGA2 0069701 – MGA2 0070614.

**Mattel's Appendix A**

Jan. 15 Log Entry Nos. 32, 33, 41 and 44.

Jan. 30 Log Entry Nos. 5, 40, 294, 295, 296, 297, 298, 299 and 300.

Oct. Log Entry Nos. 8, 1941, 2724, 2728, 2732 and 2802.

Rev. Aug. Log Entry No. 990.

Rev. Jan. 23 Log Entry Nos. 115, 209, 232, 233, 267, 381, 536, 548, 592, 593, 594, 595, 596, 609,
610, 611, 613, 672, 1172, 1173, 1178, 1179, 1277, 1301, 1399, 1418, 1424, 1474, 1635, 1706, 1721,
1731, 1732, 1775, 1779, 1783, 1899, 2025, 2039, 2042 and 2043.

Rev. Jan. 28 Log Entry Nos. 28, 36, 37, 38, 42, 43, 61, 97, 98, 99, 113 and 219.

**Mattel's Appendix B**

Jan. 30 Log Entry Nos. 126, 218, 225 and 226.

Rev. Jan. 23 Log Entry No. 1476.

Rev. Jan. 28 Log Entry No. 214.

EXHIBIT __21__

PAGE __291__



**ORRICK**

B. Dylan Proctor
August 21, 2009
Page 2

**Mattel's Appendix C**

Oct. Log Entry Nos. 3, 1046, 1047, 1466 and 1761.

**Mattel's Appendix D**

Rev. Jan. 23 Log Entry Nos. 1480 and 1648.

**Mattel's Appendix E**

Jan. 15 Log Entry No. 188.

Rev. Jan. 23 Log Entry Nos. 118, 670, 1087, 1096, 1099, 1103, 2031 and 2090.

Very truly yours,

Cynthia Lock

Cynthia A. Lock

cc:     Annette L. Hurst
        Jason D. Russell

EXHIBIT 21

PAGE 292







EXHIBIT 21
PAGE 294

**EXHIBIT 22**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES - GENERAL

Case No.    CV 04-09049-SGL(RNBx)                        Date: August 31, 2009

Title:      CARTER BRYANT -v- MATTEL, INC.
===================================================================
PRESENT: HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Cindy Sasse                              Theresa Lanza
Courtroom Deputy Clerk                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

John Quinn                               Annette L. Hurst
Michael T. Zeller                        Warrington S. Parker, III
B. Dylan Proctor                         William A. Molinski


PROCEEDINGS:    MOTIONS HEARING

                1.   Mattel Inc.'s Motion for Order for Preclusive Relief or, in the
                     Alternative, Access to Active Files on the Larian Hard Drives, No.
                     5760, 5769;

                2.   Mattel, Inc.'s Motion for Clarification of 6/18/09 Order,
                     No. 5783;

                3.   Mattel Inc.'s Motion to Modify Scheduling Order,
                     No. 6050

                4.   Order to Show Cause

        The Court addressed the issue the filings of sur-replies; all counsel are directed to follow
Local Rule 7-10 regarding the filing of replies. The Court further heard oral argument and makes
the following rulings:

        First, in light of the parties' stipulation, as set forth on the record, the Court **DENIES AS**

MINUTES FORM 90                                          Initials of Deputy Clerk: cls
CIVIL -- GEN                   Page 1                     Time: 00/41

EXHIBIT 22

PAGE    295

**MOOT** Mattel Inc.'s Motion for Order for Preclusive Relief or, in the Alternative, Access to Active Files on the Larian Hard Drives.

Second, the Court **GRANTS** Mattel, Inc.'s Motion for Clarification. The Court's June 18, 2009, Order is **CLARIFIED** in the following manner: The Court's June 18, 2009, Order, including its discussion of willfulness, was intended to be and is limited to the equitable issue of the scope of an appropriate accounting, and shall not be construed to apply to any circumstances beyond the scope of an appropriate accounting.

Third, the Court **DENIES WITHOUT PREJUDICE** Mattel, Inc.'s Motion to Amend the Scheduling Order as premature. The Court will re-visit the issue of the case scheduling order when it takes up Mattel, Inc.'s motion for leave to file a Fourth Amended Answer and Counterclaims on October 1, 2009. In addition, the Court sets a status conference at which all lead counsel of record shall appear on September 21, 2009, at 1:30 p.m. On or before September 18, 2009, the parties are **ORDERED** to file with the Court a report, not to exceed 10 pages, of the status of discovery for Phase 2 – what has been completed and what must still be completed prior to trial. Counsel shall also advise the Court of the parties' positions with respect to (1) any further bifurcation of Phase 2 trial and (2) a stay of the trial of Phase 2 pending the Ninth Circuit's ruling on the appeal of Phase 1.

Finally, the Court addresses an issue of concern that arose in the papers submitted in advance of this hearing. Specifically, Exhibit 2 to the Second Supplemental Declaration of Dylan Proctor in support of Mattel's Motion for Clarification, dated August 26, 2009, appears relevant to the issue of whether certain acts of copyright infringement were willful acts of infringement. Upon consideration of the evidence in Phase 1, the jury found that the infringement was not willful. However, this document, Bates Nos. MGA2 0070266-0070270, was not offered as evidence in Phase 1, as it was withheld by counsel for the MGA parties on a claim of attorney client privilege. It was finally produced in its current, more complete form on August 21, 2009, well after the conclusion of Phase 1 of the trial, and only upon the eve of an impending *in camera* review of the document by the Discovery Master pursuant to his Order.[1]

The more complete version shows MGA employee Victoria O'Connor was concerned with Mr. Larian's representations to a media source regarding the timing of the creation of Bratz, the central issue tried in Phase 1. Ms. O'Connor stated: "[D]on't you think we should say Bratz was born in October when a certain person was no longer with their company?" Mr. Larian responded: "[G]ood point. Thanks."

---

[1] The document was produced earlier to Mattel in an incomplete form, but the produced version eliminates the communications most relevant to the issue of willfulness. The document takes the form of an email string, a printed version of electronic communications now familiar to most individuals (and certainly to all litigation attorneys), with the most recent communication appearing first. The incomplete document ends with Isaac Larian forwarding the communication, on Wednesday, October 23, 2002, at 1:35 a.m., to other individuals as an "FYI." The more complete version continues with a response from Victoria O'Connor, at 8:38 a.m., and Mr. Larian's reply one minute later.

MINUTES FORM 90
CIVIL -- GEN                            Page 2

Initials of Deputy Clerk: cls
Time: 00/41

EXHIBIT 22
PAGE 296

This document has clear relevance to the claims and defenses at issue in the Phase 1 trial. The withholding of this document under a claim of privilege concerns the Court, as it implicates the duty of the Court to oversee the conduct of the lawyers who appear before it, and who are largely responsible for maintaining the integrity of the adversarial process.

Toward that end, the Court **ORDERS** counsel for the MGA parties to **APPEAR AND SHOW CAUSE** on September 21, 2009, at 1:30 p.m., why sanctions should not be imposed for their repeated failure to produce this document at an earlier date.

With respect to the email communications referenced in this Order, the Court **ORDERS** counsel for the MGA parties to file a report with the Court (served on all parties and Court-Appointed Officers) that, at a minimum, provides to and/or reports to the Court:

(1)   Copies of all versions of all privilege logs, whether or not provided to Mattel, the Discovery Master, the Court-Appointed Forensic Auditor, the Temporary Receiver, or the Monitor, upon which the document referred to above appears, including any version of this email exchange among the senders and recipients (including those "cc'd" or "bcc'd") that contains communications not set forth in the incomplete version of the document that was produced in discovery.

(2)   A description of the process whereby the document referred to above (or any version of it) came to appear on any privilege log. That description shall include, with respect to the document that bears Bates Nos. MGA2 0070266-0070270, the identity of any attorney responsible for the designation of the document as privileged, the identity of any attorney responsible for reviewing that designation, and the identity of any attorney who, upon discovery of the non-privileged nature of the document, continued to withhold the document from production. Each of those attorneys,[2] whether or not current or past counsel of record, shall file a declaration regarding what actions he or she took (or refrained from taking) with respect to this document.

(3)   Any other information known to any current or past counsel of record relevant to a determination of why this unprivileged, relevant document was withheld pursuant to a claim of privilege.

(4)   If any of the information referenced in (1)-(3) above is itself subject to a claim of either attorney-client or work-product privilege, that information may not be withheld from the Court, but need not be served on any party or Court-Appointed Officer (unless the Court orders otherwise) and shall instead be delivered to the Courtroom

---

[2] Each current and past counsel of record is ORDERED to disseminate a copy of this Order to every attorney (whether or not currently associated with any law firm that is or was counsel of record) whom is known to have been, or who is not known to have been but who is likely to have been, involved in the designation of maintenance of this document as privileged.

MINUTES FORM 90
CIVIL -- GEN                                    Page 3                    Initials of Deputy Clerk: cls
                                                                          Time: 00/41

EXHIBIT __22__

PAGE __297__

Deputy Clerk, Cindy Sasse, in a separate, *in camera* filing.

Counsel for the MGA parties shall file their written report(s) no later than September 14, 2009.  Any party may respond no later than September 18, 2009.

The Court recognizes that the Court's current inquiry may overlap to a certain extent with Orders or issues or proceedings before the Discovery Master.  The focus of the Court's inquiry is on attorney conduct; the focus of the Discovery Master is on discovery of evidence.  Therefore, the Court's actions here should not be construed to impact in any way upon the Discovery Master's proceedings and Orders.  More specifically, but not exclusively, this OSC shall not be construed to limit the Discovery Master's ability to continue to hear and resolve discovery disputes on the schedule he sees fit to set, nor shall it be construed to extend any deadline or briefing schedule set by the Discovery Master, and nor shall it be construed to effectuate any delay on the Discovery Master's anticipated *in camera* inspection of certain documents identified as privileged, which may proceed (or be delayed) as the Discovery Master deems appropriate.

**IT IS SO ORDERED.**

MINUTES FORM 90
CIVIL -- GEN                          Page 4                    Initials of Deputy Clerk: cls
                                                               Time: 00/41

EXHIBIT 22

PAGE 208

**EXHIBIT 23**

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  | John B. Quinn (Bar No. 090378)
2 | (johnquinn@quinnemanuel.com)
  | Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
  | Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
  | 865 South Figueroa Street, 10th Floor
5 | Los Angeles, California 90017-2543
  | Telephone: (213) 443-3000
6 | Facsimile: (213) 443-3100

7 | Attorneys for Mattel, Inc.

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S REQUESTS FOR ADMISSION TO MGA RELATED TO MGA'S ASSERTION OF PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL COMMUNICATIONS THAT ARE THE SUBJECT OF THE COURT'S ORDER TO SHOW CAUSE DATED AUGUST 31, 2009 |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

21 | PROPOUNDING PARTY:     Mattel, Inc.

22 | RESPONDING PARTY:      MGA Entertainment, Inc.

23 | SET NO.:               One (Phase 2)

EXHIBIT 23
PAGE 299

9.11

00505.07975/3097732.3

MATTEL'S REQUESTS FOR ADMISSION TO MGA RE AUGUST 31, 2009 ORDER TO SHOW CAUSE

1  Pursuant to <u>Federal Rule of Civil Procedure</u> 36, plaintiff Mattel, Inc.
2  ("Mattel") hereby requests that MGA individually respond to the following Requests
3  for Admission (the "Requests"). MGA shall be obligated to supplement its responses to
4  the Requests at such times and to the extent required by the <u>Federal Rules of Civil</u>
5  <u>Procedure</u>.

6

7  ## **Definitions**

8  1.  "YOU," "YOUR," and "MGA" means MGA Entertainment, Inc.
9  and any PERSON acting directly or indirectly by, through, under or on behalf of MGA
10  Entertainment, Inc., including but not limited to current or former directors, officers,
11  employees, attorneys and agents.

12  2.  "Any" as used in these Requests includes the word "all," and the
13  word "all" as used in these Requests includes the word "any."

14  3.  "PERSON" or "PERSONS" means all natural persons, partnerships,
15  corporations, joint ventures and any kind of business, legal or public entity or
16  organization, as well as its, his or her agents, representatives, employees, officers and
17  directors and any one else acting on its, his or her behalf, pursuant to its, his or her
18  authority or subject to its, his or her control.

19  4.  "MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG"
20  means the privilege log produced by MGA on January 23, 2008 and which was
21  subsequently revised on February 5, 2008 and April 9, 2009.

22  5.  The singular form of a noun or pronoun includes within its meaning
23  the plural form of the noun or pronoun so used, and vice versa; the use of the masculine
24  form of a pronoun also includes within its meaning the feminine form of the pronoun so
25  used, and vice versa; the use of any tense of any verb includes also within its meaning
26  all other tenses of the verb so used, whenever such construction results in a broader
27  request for information; and "and" includes "or" and vice versa, whenever such
28  construction results in a broader disclosure of documents or information.

EXHIBIT 23

PAGE 300

**Requests for Admission**

REQUEST FOR ADMISSION NO. 1:

Admit that MGA did not produce to Mattel the document attached hereto as Exhibit 1 prior to May 27, 2008.

REQUEST FOR ADMISSION NO. 2:

Admit that MGA had been compelled by Court Order prior to May 27, 2008 to produce to Mattel in this litigation the document attached hereto as Exhibit 1.

REQUEST FOR ADMISSION NO. 3:

Admit that MGA knew, prior to May 27, 2008, that MGA had been compelled by Court Order to produce to Mattel in this litigation the document attached hereto as Exhibit 1.

REQUEST FOR ADMISSION NO. 4:

Admit that MGA knew the document attached hereto as Exhibit 1 was not produced to Mattel prior to the commencement of the Phase 1 trial in this matter.

REQUEST FOR ADMISSION NO. 5:

Admit that MGA knew, at the time of the commencement of the Phase 1 trial in this matter, that the document attached hereto as Exhibit 1 was relevant to issues to be tried by the jury in the Phase 1 trial.

REQUEST FOR ADMISSION NO. 6:

Admit that the document attached hereto as Exhibit 1 was withheld by MGA from production in this litigation to Mattel on attorney-client privilege grounds until August 21, 2009.

EXHIBIT 23
PAGE 301

1  REQUEST FOR ADMISSION NO. 7:

2      Admit that the document attached hereto as Exhibit 1 was withheld by

3  MGA from production in this litigation to Mattel on work product grounds until August

4  21, 2009.

5

6  REQUEST FOR ADMISSION NO. 8:

7      Admit that the document attached hereto as Exhibit 1 is protected by

8  attorney-client privilege.

9

10  REQUEST FOR ADMISSION NO. 9:

11      Admit that the document attached hereto as Exhibit 1 is protected by the

12  work product doctrine.

13

14  REQUEST FOR ADMISSION NO. 10:

15      Admit that the document attached hereto as Exhibit 1 is not protected by

16  attorney-client privilege.

17

18  REQUEST FOR ADMISSION NO. 11:

19      Admit that the document attached hereto as Exhibit 1 is not protected by

20  work product doctrine.

21

22  REQUEST FOR ADMISSION NO. 12:

23      Admit that the document attached hereto as Exhibit 1 never was protected

24  by attorney-client privilege.

25

26  REQUEST FOR ADMISSION NO. 13:

27      Admit that the document attached hereto as Exhibit 1 never was protected

28  by work product doctrine.

EXHIBIT 23
PAGE 302

00505.07975/3097732.3

-4-

MATTEL'S REQUESTS FOR ADMISSION TO MGA RE AUGUST 31. 2009 ORDER TO SHOW CAUSE

1  REQUEST FOR ADMISSION NO. 14:

2        Admit that MGA knew the document attached hereto as Exhibit 1 never

3  was protected by attorney-client privilege.

4

5  REQUEST FOR ADMISSION NO. 15:

6        Admit that MGA knew the document attached hereto as Exhibit 1 never

7  was protected by the work product doctrine.

8

9  REQUEST FOR ADMISSION NO. 16:

10       Admit that there was no basis for withholding from production in this

11  litigation the document attached hereto as Exhibit 1 on grounds of attorney-client

12  privilege.

13

14  REQUEST FOR ADMISSION NO. 17:

15       Admit that there was no basis for withholding from production in this

16  litigation the document attached hereto as Exhibit 1 on grounds of the work product

17  doctrine.

18

19  REQUEST FOR ADMISSION NO. 18:

20       Admit that the portion of the document attached hereto as Exhibit 1

21  containing the email exchange between Isaac Larian and Victoria O'Connor reflects

22  legal advice.

23

24  REQUEST FOR ADMISSION NO. 19:

25       Admit that the portion of the document attached hereto as Exhibit 1

26  containing the email exchange between Isaac Larian and Victoria O'Connor does not

27  reflect legal advice.

28

EXHIBIT __23__

PAGE __303__

1 **REQUEST FOR ADMISSION NO. 20:**

2    Admit that MGA knew that the portion of the document attached hereto as

3 Exhibit 1 containing the email exchange between Isaac Larian and Victoria O'Connor

4 did not reflect legal advice.

5

6 **REQUEST FOR ADMISSION NO. 21:**

7    Admit that MGA stated, prior to August 21, 2009, that the portion of the

8 document attached hereto as Exhibit 1 containing the email exchange between Isaac

9 Larian and Victoria O'Connor reflects legal advice.

10

11 **REQUEST FOR ADMISSION NO. 22:**

12    Admit that MGA stated, prior to August 21, 2009, that the portion of the

13 document attached hereto as Exhibit 1 containing the email exchange between Isaac

14 Larian and Victoria O'Connor did not reflect legal advice.

15

16 **REQUEST FOR ADMISSION NO. 23:**

17    Admit that the document attached hereto as Exhibit 1 was listed as Entry

18 No. 381 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG.

19

20 **REQUEST FOR ADMISSION NO. 24:**

21    Admit that the document attached hereto as Exhibit 1 was not listed on any

22 MGA privilege log prior to MGA'S REVISED JANUARY 23, 2008 PRIVILEGE

23 LOG.

24

25 **REQUEST FOR ADMISSION NO. 25:**

26    Admit that the document attached hereto as Exhibit 1 was listed on a MGA

27 privilege log prior to MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG.

28

EXHIBIT 23
PAGE 304

MATTEL'S REQUESTS FOR ADMISSION TO MGA RE AUGUST 31, 2009 ORDER TO SHOW CAUSE

1  REQUEST FOR ADMISSION NO. 26:

2       Admit that the document attached hereto as Exhibit 1 was listed on
3  MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG because MGA knew prior
4  to that time that MGA had been compelled by Court Order to produce the document
5  attached hereto as Exhibit 1.

6

7  REQUEST FOR ADMISSION NO. 27:

8       Admit that the document corresponding to Entry No. 557 on MGA's
9  MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is a duplicate of the
10 document attached hereto as Exhibit 1.

11

12 REQUEST FOR ADMISSION NO. 28:

13      Admit that the document corresponding to Entry No. 557 on MGA'S
14 REVISED JANUARY 23, 2008 PRIVILEGE LOG is not a duplicate of the document
15 attached hereto as Exhibit 1.

16

17 REQUEST FOR ADMISSION NO. 29:

18      Admit that the document corresponding to Entry No. 557 on MGA'S
19 REVISED JANUARY 23, 2008 PRIVILEGE LOG is a further communication related
20 to the subject or subjects of the document attached hereto as Exhibit 1.

21

22 REQUEST FOR ADMISSION NO. 30:

23      Admit that the document corresponding to Entry No. 557 on MGA'S
24 REVISED JANUARY 23, 2008 PRIVILEGE LOG is not a further communication
25 related to the subject or subjects of the document attached hereto as Exhibit 1.

26

27

28

EXHIBIT _23_
PAGE _305_

-7-

1  REQUEST FOR ADMISSION NO. 31:

2      Admit that the document corresponding to Entry No. 557 on MGA'S

3  REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by MGA from

4  production in this litigation to Mattel on attorney-client privilege grounds.

5

6  REQUEST FOR ADMISSION NO. 32:

7      Admit that the document corresponding to Entry No. 557 on MGA'S

8  REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by MGA from

9  production in this litigation to Mattel on work product grounds.

10

11  REQUEST FOR ADMISSION NO. 33:

12      Admit that the document corresponding to Entry No. 557 on MGA'S

13  REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by attorney-client

14  privilege.

15

16  REQUEST FOR ADMISSION NO. 34:

17      Admit that the document corresponding to Entry No. 557 on MGA'S

18  REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by the work product

19  doctrine.

20

21  REQUEST FOR ADMISSION NO. 35:

22      Admit that the document corresponding to Entry No. 557 on MGA'S

23  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by attorney-client

24  privilege.

25

26

27

28

EXHIBIT __23__

PAGE __306__

1  REQUEST FOR ADMISSION NO. 36:

2         Admit that the document corresponding to Entry No. 557 on MGA'S

3  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by the work

4  product doctrine.

5

6  REQUEST FOR ADMISSION NO. 37:

7         Admit that the document corresponding to Entry No. 557 on MGA'S

8  REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by attorney-

9  client privilege.

10

11  REQUEST FOR ADMISSION NO. 38:

12         Admit that the document corresponding to Entry No. 557 on MGA'S

13  REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by the work

14  product doctrine.

15

16  REQUEST FOR ADMISSION NO. 39:

17         Admit that MGA has produced all other versions of the exchange reflected

18  in the document attached hereto as Exhibit 1.

19

20  REQUEST FOR ADMISSION NO. 40:

21         Admit that MGA has not produced to Mattel all other versions of the

22  exchange reflected in the document attached hereto as Exhibit 1.

23

24  REQUEST FOR ADMISSION NO. 41:

25         Admit that there are additional communications to or from Isaac Larian

26  that are part of the email chain attached hereto as Exhibit 1.

27

28

EXHIBIT __23__

PAGE __307__

00505.07975/3097732.3

-9-

MATTEL'S REQUESTS FOR ADMISSION TO MGA RE AUGUST 31. 2009 ORDER TO SHOW CAUSE

1 | REQUEST FOR ADMISSION NO. 42:

2       Admit that there are no additional communications to or from Isaac Larian

3 | that are part of the email chain attached hereto as Exhibit 1.

4

5 | DATED:  September 11, 2009      QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

6

7                     By_____

8                        Michael T. Zeller
                       Attornevs for Mattel. Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _23_
PAGE _308_

00505.07975/3097732.3

-10-

# EXHIBIT 1

EXHIBIT 23
PAGE 309

**Anderson, Diane**

| | |
|---|---|
| From: | Isaac Larian |
| Sent: | Wednesday, October 23, 2002 6:39 AM |
| To: | Victoria O'Connor |
| Subject: | RE: FW: Interview for the French magazine CAPITAL |

good point. Thanks.

-----Original Message-----
From: Victoria O'Connor
Sent: Wednesday, October 23, 2002 6:38 AM
To: Isaac Larian
Subject: RE: FW: Interview for the French magazine CAPITAL

don't you think we should say Bratz was born in October when a certain person was no longer with their company?

-----Original Message-----
From: Isaac Larian
Sent: Wednesday, October 23, 2002 1:35 AM
To: Victoria O'Connor; Sandrine de Raspide
Subject: FW: FW: Interview for the French magazine CAPITAL

FYI

-----Original Message-----
From: Isaac Larian
Sent: Wednesday, October 23, 2002 1:25 AM
To: 'Nathalie RIESEN'
Subject: RE: FW: Interview for the French magazine CAPITAL

Natalie,

Please see below

-----Original Message-----
From: Nathalie RIESEN [mailto:nathalie.villard@wanadoo.fr]
Sent: Wednesday, October 23, 2002 12:42 AM
To: ilarian@mgae.com
Subject: Re: FW: Interview for the French magazine CAPITAL

Thank you Isaac.
I have a few more questions about the story of the Bratz you would be kind to answer by email:
. Date of birth of the Bratz, time of development, first launch in the US

BORN SEPTEMBER 2000; 9 MONTH TO DEVELOP ( LIKE A BABY!); LAUNCHED IN THE USA IN JULY 2001 AND IN SPAIN JUNE 2001 ( BEFORE USA).ISAAC
. Total yearly Sales of the Bratz (in dollars) since their launch.
2001: $65 MILLION

2002: $350 MILLION ( INCLUDING LICENSED GOODS)

2003: PROJECTED $1 BILLION ( INCLUDING LICENSED GOODS)

. Increase of their market share of the doll market

BRATZ CURRENTLY HAVE 33% OF FASHION DOLL MARKET SHARE IN THE USA AND GROWING.

1

CONFIDENTIAL - ATTORNEYS' EYES ONLY

MGA2 0070266

EXHIBIT 23
PAGE 310

. Further development of the Bratz expected in 2003

THE BRATS LINE IS EXPANDING GREATLY FOR 2003. MGA , FOR THE FIRST TIME IS LAUNCHING A VERY INNOVATIVE AND FASHIONABLE LINE OF ELECTRONICS CALLED " BRATZ ELECTRIC FUNK" FOR 2003 AND THIS LINE IS EXPECTED TO GENERATE WHOLESALE SALES IN EXCESS OF $100 MILLION. WE ARE LITERALLY SIGNING 2-3 NEW LICENSEE'S A DAY FOR A VARIETY OF PRODUCTS ( I WILL E MAIL YOU THE LIST). we HAVE ALSO EXPANDED THE TOY LINE GREATLY FOR 2003 AND WILL HAVE OVER 100 NEW ITEMS INTRODUCED IN 2003, BY MGA ALONE. ISAAC

. Sales, Profits and margin of MGAE in 2002 / 2001 /2000

2000 SALES $90 MILLION

2001 SALES $110 MYLLION

2002 SALES $350 MILLION ( ESTIMATE)

. Brief description of MGAE headquarters in LA, its location...

MGAE IS PRESENTLY HEAD QUARTERED IN NORTH OF LA in 43,000 SQUARE FEET OFFICES. WE HAVE OUTGROWN THE FACILITIES AND ARE LOOKING TO MOVE TO A BIGGER FACILITY SOON. ISAAC
. Brief description of your management team

OUR MANAGEMENT TEAM CONSIST OF A GREAT GROUP PASSIONATE AND GROWTH AND EXCELLENCE ORIENTED INDIVIDUALS WHO CARE FOR THE BUSINESS. OUR MISSION STATEMENT IS TO BE NO 1 OR 2 IN ANYTHING WE DO OR DON'T DO IT. INNOVATIVE CONSUMER ENTERTAINMENT PRODUCTS IS THE HEART OF MAGE'S BUSINESS.MGA HAS WON NUMEROUS PRODUCT EXCELLENCE AWARDS EVERY YEAR INCLUDING THE MOST PRESTIGIOUS TOY OF THE YEAR AWARD AND FAMILY FUN TOY OF THE YEAR AWARD ( 3 YEARS IN THE ROW IN DIFFERENT CATEGORIES). ISAAC
. Your age, family situation and hobbies.

I AM 48 YEARS OLD ( BUT 13 AT HEART!) MARRIED FOR THE PAST 18 YEARS TO ANGELA AND HAVE 3 CHILDREN ( JASON:16, YASMINE: 14, CAMERON:8). A KID AT HEART, MY HOBBIES ARE CREATING TOYS, PLAYING VOLLEYBALL, MOUNTAIN BIKE RIDING , CAMPING AND BACKPACKING, TWO OF THE DOLLS ( YASMINE AND CAMERON) ARE NAMED AFTER MY KIDS.

Thank you very much for all this. This story will come out in Capital (leading French business magazine) at the end of November.

PLEASE VISIT WWW.MGAE.COM FOR MORE INFORMATION ABOUT MGA. PLEASE SEND ME TWO COPIES OF THE MAGAZINE WHEN IT COMES OUT.

THANK YOU FOR YOUR INTEREST IN MGA. BY THE WAY, ARE YOUR THREE DAUGHTERS BRATZ FANS? ISAAC

Best regards,
Nathalie

nathalie.villard@wanadoo.fr
Journaliste
CAPITAL
Tel 00 +33 (4) 66 03 24 03 / (1) 56 99 49 33
 Fax 00 +33 (4) 66 03 24 02

 inMessage du 23/10/2002 02:48
>De : Isaac Larian <ilarian@mgae.com>
>A : Dave Malacrida <DMalacrida@mgae.com>
>Copie à : 'nathalie.villard@wanadoo.fr' <nathalie.villard@wanadoo.fr>
>Objet : FW: Interview for the French magazine CAPITAL
>
> Natalie, It was a pleasure talking to you.
>
> Dave, Please send Natalie our recent news clipinings by e mail ASAP.

2

CONFIDENTIAL - ATTORNEYS' EYES ONLY

MGA2 0070267

EXHIBIT 23
PAGE 311

```
>
> Thanks,
>
> Isaac
>
>
>
> -----Original Message-----
> From: Nathalie RIESEN [mailto:nathalie.villard@wanadoo.fr]
> Sent: Tuesday, October 22, 2002 4:49 AM
> To: ilarian@mgae.com
> Subject: RE: Interview for the French magazine CAPITAL
>
>
> >I'll call you today at 10:00 am (your time).
> Nathalie
>
> Messsage du 22/10/2002 03:21
> >De : Isaac Larian <ilarian@mgae.com>
> >A : 'Nathalie RIESEN' <nathalie.villard@wanadoo.fr>
> >Copia à : Rene Turin <RTurin@mgae.com>
> >Objet : RE: Interview for the French magazine CAPITAL
> >
> > Dear Natalie,
> >
> > Lets do October 22 at 10 am.
> >
> > Thanks,
> >
> > Isaac Larian
> > Isaac Larian
> > CEO
> > M G A  Entertainment
> > 16730 Schoenborn Street
> > North Hills, California 91343
> > Tel: 818-894-3150
> > Fax:818-894-1267
> > e-mail: Ilarian@MGAE.COM
> > Please Visit
> > www.MGAE.com
> > And the beautiful BRATZ at
> > www.Bratzpack.com
> > Hey! Its MGA!
> >
> >
> > -----Original Message-----
> > From: Nathalie RIESEN [mailto:nathalie.villard@wanadoo.fr]
> > Sent: Monday, October 21, 2002 8:47 AM
> > To: ilarian@mgae.com
> > Subject: Re: Interview for the French magazine CAPITAL
> >
> >
> > >Dear Isaac,
> > Thanks for your prompt answer.
> > When can I call you for a 15 mn interview, between 9:00 and 10:00 am (your
> > time), either on Oct 22, 28, 29, 30 or 31?
> > Interview: the ingredients of the success of the Bratz.
> > . Birth of the concept? Is there a "Mr or Mrs Bratz"?
> > . How many people involved in the Bratz business today at MGAE?
> > . How different are they from the Barbie world and among the doll market
> in
> > general?
> > . Sales and market share in the US and oversea
> > . Thanks.
> > Best regards,
> > Nathalie
```

3

CONFIDENTIAL - ATTORNEYS' EYES ONLY

MGA2 0070268

EXHIBIT _23_
PAGE _312_

```
> >
> >  nathalie.villard@wanadoo.fr
> > > Journaliste
> > > CAPITAL
> > > Tel 00 +33 (4) 66 03 24 03 / (1) 56 99 49 33
> > > Fax 00 +33 (4) 66 03 24 02
> >
> > Message du 06/03/1904 16:20
> > >De : Nathalie Villard <nathalie.villard@wanadoo.fr>
> > >A : <nathalie.villard@wanadoo.fr>
> > >Copie à :
> > >Objet : FW: Interview pour le magazine franç ais        CAPITAL
> > >
> > >
> > > -----------
> > > De : Isaac Larian <ilarian@mgae.com>
> > > Date : Fri, 18 Oct 2002 19:55:30 -0700
> > > À : Sandrine de Raspide <SDeRaspide@mgae.com>, 'Nathalie Villard'
> > > <nathalie.villard@wanadoo.fr>
> > > Cc : Dave Malacrida <DMalacrida@mgae.com>
> > > Objet : RE: Interview pour le magazine franç ais CAPITAL
> > >
> > > Dear Nathalie,
> > >
> > > I will be happy to do an interview.
> > >
> > > I am now in HK and back in the USA next Tuesday.
> > >
> > > I would like to ask for the list of questions in advance please.
> > >
> > > Best Regards,
> > >
> > > Isaac Larian
> > > Isaac Larian
> > > CEO
> > > M G A  Entertainment
> > > 16730 Schoenborn Street
> > > North Hills, California 91343
> > > Tel: 818-894-3150
> > > Fax:818-894-1267
> > > e-mail: Ilarian@MGAE.COM
> > > Please Visit
> > > www.MGAE.com
> > > And the beautiful BRATZ at
> > > www.Bratzpack.com
> > > Hey! Its MGA!
> > >
> > >
> > >
> > > -----Original Message-----
> > > From: Sandrine de Raspide
> > > Sent: Friday, October 18, 2002 5:53 PM
> > > To: 'Nathalie Villard'
> > > Cc: Isaac Larian, Dave Malacrida
> > > Subject: RE: Interview pour le magazine franç ais CAPITAL
> > >
> > > Dear Nathalie,
> > >
> > > Thanks for your interest in Bratz.  Per our company policy, all
> interviews
> > > need to be conducted through Isaac Larian, our CEO.  Isaac is copied on
> > this
> > > e-mail and will let you know if he can make himself available for a
> phone
> > > interview before the 31st of October.
> > > Isaac, Capital is a business magazine (500,000 prints/month) that will
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

MGA2 0070269

EXHIBIT 23
PAGE 313

```
> do
> > a
> > > special report on the toy industry worldwide.
> > > Kind regards,
> > > Sandrine
> > >
> > > -----Original Message-----
> > > From: Nathalie Villard [mailto:nathalie.villard@wanadoo.fr]
> > > Sent: Friday, October 18, 2002 5:44 AM
> > > To: sderaspide@mgae.com
> > > Subject: Interview pour le magazine français CAPITAL
> > > Importance: High
> > >
> > >
> > > Bonjour,
> > > Dans son numéro de Décembre, Capital (leader de la presse économique,
> 500
> > > 000 ex/mois) prépare un Dossier international de 18 pages sur le
> business
> > > mondial du jouet.
> > > Entre autres articles, je prépare une histoire sur le succès du
> phénomène
> > > Bratz, la naissance du concept, ses déclinaisons, son univers de
> concurrence
> > > avec Mattel, ses licences...
> > > Pourrions-nous convenir rapidement d'un rdv téléphonique avant le 31
> > > Octobre. Beaucoup de personnes ici en France m'ont dit que vous pourriez
> > > m'être très utile.
> > > D'avance merci.
> > > Cordialement,
> > > Nathalie Villard
> > >
> > > nathalie.villard@wanadoo.fr
> > > Journaliste
> > > CAPITAL
> > > Tel 00 +33 (4) 66 03 24 03 / (1) 56 99 49 33
> > > Fax 00 +33 (4) 66 03 24 02
> > >
> >
> >
> >
```

5

CONFIDENTIAL - ATTORNEYS' EYES ONLY

MGA2 0070270

EXHIBIT ___23
PAGE ___314

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>**PROOF OF SERVICE**<br><br>**Phase 2**<br>Discovery Cut-off: December 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

EXHIBIT __23__
PAGE __315__

00505.07975/3097980.1

-1-                                      Case No. CV 04-9049 SGL (RNBx)

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On September 11, 2009, I served true copies of the following document(s) described as:

**(1)    MATTEL, INC.'S REQUESTS FOR ADMISSION TO MGA RELATED TO MGA'S ASSERTION OF PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL COMMUNICATIONS THAT ARE THE SUBJECT OF THE COURT'S ORDER TO SHOW CAUSE DATED AUGUST 31, 2009**

**(2)    MATTEL, INC.'S REQUESTS FOR ADMISSION TO ISAAC LARIAN RELATED TO ASSERTINO OF PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL COMMUNICATIONS THAT ARE THE SUBJECT OF THE COURT'S ORDER TO SHOW CAUSE DATED AUGUST 31, 2009**

on the parties in this action as follows:

on the parties in this action as follows:

| | |
|---|---|
| Scheper, Kim & Overland, LLP<br>  Mark E. Overland, Esq.<br>  Alexander H. Cote, Esq.<br>601 West Fifth Street, 12th Floor<br>Los Angeles, CA 90071<br>  moverland@obsklaw.com<br>  acote@obsklaw.com | **Attorneys for *Carlos Gustavo Machado Gomez*** |
| Bingham McCutchen LLP<br>  Todd E. Gordinier, Esq.<br>  Peter N. Villar, Esq.<br>600 Anton Boulevard, 18th Floor<br>Costa Mesa, CA 92626-1924<br>  todd.gordinier@bingham.com<br>  peter.villar@bingham.com | **Attorneys for *the Omni 808 Investors, LLC***<br><br>EXHIBIT 2 ?<br>PAGE  3 i 6 |
| Ervin Cohen & Jessup LLP<br>  Byron Z. Moldo, Esq. | **Attorneys for *Patrick Fraioli*** |

-2-

1 | 9401 Wilshire Blvd., 9th Floor
2 | Beverly Hills, CA 90212-2974
    bmoldo@ecjlaw.com
3
4
5 |    **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as
6 | shown above, and I deposited such envelope(s) in the mail at Los Angeles,
   California. The envelope was mailed with postage thereon fully prepaid.
7
8 |    I declare under penalty of perjury under the laws of the State of California
   that the foregoing is true and correct.
9
10 |    Executed on September 11, 2009, at Los Angeles, California.
11
12
13 |                 Dina Comaduran
14
15
16
17
18
19
20
21
22
23
24
25
26 |                     EXHIBIT 23
27 |                     PAGE 3:7
28

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is NOW Messenger, 1301 West Second Street, Suite 206, Los Angeles, CA 90026.

On September 11, 2009, I served a true copy of the following documents described as:

**(1)     MATTEL, INC.'S REQUESTS FOR ADMISSION TO MGA RELATED TO MGA'S ASSERTION OF PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL COMMUNICATIONS THAT ARE THE SUBJECT OF THE COURT'S ORDER TO SHOW CAUSE DATED AUGUST 31, 2009**

**(2)     MATTEL, INC.'S REQUESTS FOR ADMISSION TO ISAAC LARIAN RELATED TO ASSERTINO OF PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL COMMUNICATIONS THAT ARE THE SUBJECT OF THE COURT'S ORDER TO SHOW CAUSE DATED AUGUST 31, 2009**

on the parties in this action as follows:

| Skadden, Arps, Slate, Meagher & Flom LLP<br>  Thomas J. Nolan, Esq.<br>  Jason Russell, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>  tnolan@skadden.com<br>  jrussell@skadden.com | **Attorneys for _the MGA Parties_** |
|---|---|
| Orrick, Herrington & Sutcliffe, LLP<br>  Melinda Haag, Esq.<br>  Annette L. Hurst, Esq.<br>  Warrington S. Parker III, Esq.<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>  mhaag@orrick.com<br>  ahurst@orrick.com<br>  wparker@orrick.com | **Attorneys for _the MGA Parties_** |

EXHIBIT 23
PAGE 318

| | |
|---|---|
| Orrick, Herrington & Sutcliffe, LLP<br>   William A. Molinski, Esq.<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, CA 90017<br>   wmolinski@orrick.com | **Attorneys for *the MGA Parties*** |

    **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on September 11, 2009, at Los Angeles, California.


_____
David Ouintana


EXHIBIT 23
PAGE 319

**EXHIBIT 24**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

| 11 | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
|---|---|---|
| 12 | Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 13 | vs. | |
| 14 | MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S REQUESTS FOR ADMISSION TO ISAAC LARIAN RELATED TO ASSERTION OF |
| 15 | | PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL |
| 16 | Defendant. | COMMUNICATIONS THAT ARE THE SUBJECT OF THE COURT'S |
| 17 | AND CONSOLIDATED ACTIONS | ORDER TO SHOW CAUSE DATED AUGUST 31, 2009 |

18

19

20

21  PROPOUNDING PARTY:      Mattel, Inc.

22  RESPONDING PARTY:       Isaac Larian

23  SET NO.:                One (Phase 2)

24

25

26

27                                     EXHIBIT   24

28                                     PAGE       320

07975/3097715.2

MATTEL'S REQUESTS FOR ADMISSION TO LARIAN RE AUGUST 31, 2009 ORDER TO SHOW CAUSE

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 36, plaintiff Mattel, Inc.

2  ("Mattel") hereby requests that Isaac Larian individually respond to the following

3  Requests for Admission (the "Requests"). Larian shall be obligated to supplement his

4  responses to the Requests at such times and to the extent required by the <u>Federal Rules</u>

5  <u>of Civil Procedure</u>.

6

7                          **Definitions**

8    1.    "MGA" means MGA Entertainment, Inc. and any PERSON acting

9  directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc.,

10 including but not limited to current or former directors, officers, employees, attorneys

11 and agents.

12   2.    "YOU," "YOUR," and "LARIAN" means Isaac Larian.

13   3.    "PERSON" or "PERSONS" means all natural persons, partnerships,

14 corporations, joint ventures and any kind of business, legal or public entity or

15 organization, as well as its, his or her agents, representatives, employees, officers and

16 directors and any one else acting on its, his or her behalf, pursuant to its, his or her

17 authority or subject to its, his or her control.

18   4.    "Any" as used in these Requests includes the word "all," and the

19 word "all" as used in these Requests includes the word "any."

20   5.    "MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG"

21 means the privilege log produced by MGA on January 23, 2008 and which was

22 subsequently revised on February 5, 2008 and April 9, 2009.

23   6.    The singular form of a noun or pronoun includes within its

24 meaning the plural form of the noun or pronoun so used, and vice versa; the use of

25 the masculine form of a pronoun also includes within its meaning the feminine form

26 of the pronoun so used, and vice versa; the use of any tense of any verb includes

27 also within its meaning all other tenses of the verb so used, whenever such

28 construction results in a broader request for information; and "and" includes "or"

EXHIBIT _____

PAGE · ____ 321

and vice versa, whenever such construction results in a broader disclosure of documents or information.

### **Requests for Admission**

REQUEST FOR ADMISSION NO. 1:

Admit that the document attached hereto as Exhibit 1 is a true and correct copy of an email exchange in which YOU were involved on or about October 23, 2002.

REQUEST FOR ADMISSION NO. 2:

Admit that YOU had been compelled by Court Order prior to May 27, 2008 to produce to Mattel in this litigation the document attached hereto as Exhibit 1.

REQUEST FOR ADMISSION NO. 3:

Admit that YOU knew, prior to May 27, 2008, that YOU had been compelled by Court Order to produce to Mattel in this litigation the document attached hereto as Exhibit 1.

REQUEST FOR ADMISSION NO. 4:

Admit that MGA knew the document attached hereto as Exhibit 1 was not produced to Mattel prior to the commencement of the Phase 1 trial in this matter.

REQUEST FOR ADMISSION NO. 5:

Admit that MGA knew, at the time of the commencement of the Phase 1 trial in this matter, that the document attached hereto as Exhibit 1 was relevant to issues to be tried by the jury in the Phase 1 trial.

EXHIBIT _24_
PAGE _322_

1  REQUEST FOR ADMISSION NO. 6:

2        Admit that the document attached hereto as Exhibit 1 was withheld by

3  YOU from production in this litigation to Mattel on attorney-client privilege grounds

4  until August 21, 2009.

5

6  REQUEST FOR ADMISSION NO. 7:

7        Admit that the document attached hereto as Exhibit 1 was withheld by

8  YOU from production in this litigation to Mattel on work product grounds until August

9  21, 2009.

10

11  REQUEST FOR ADMISSION NO. 8:

12        Admit that the document attached hereto as Exhibit 1 is protected by

13  attorney-client privilege.

14

15  REQUEST FOR ADMISSION NO. 9:

16        Admit that the document attached hereto as Exhibit 1 is protected by the

17  work product doctrine.

18

19  REQUEST FOR ADMISSION NO. 10:

20        Admit that the document attached hereto as Exhibit 1 is not protected by

21  attorney-client privilege.

22

23  REQUEST FOR ADMISSION NO. 11:

24        Admit that the document attached hereto as Exhibit 1 is not protected by

25  the work product doctrine.

26

27

28

EXHIBIT _24_

PAGE _323_

07975/3097715.2 .

1  | REQUEST FOR ADMISSION NO. 12:

2  |     Admit that the document attached hereto as Exhibit 1 never was protected
3  | by attorney-client privilege.

4  |

5  | REQUEST FOR ADMISSION NO. 13:

6  |     Admit that the document attached hereto as Exhibit 1 never was protected
7  | by the work product doctrine.

8  |

9  | REQUEST FOR ADMISSION NO. 14:

10 |     Admit that YOU knew the document attached hereto as Exhibit 1 never
11 | was protected by attorney-client privilege.

12 |

13 | REQUEST FOR ADMISSION NO. 15:

14 |     Admit that YOU knew the document attached hereto as Exhibit 1 never
15 | was protected by the work product doctrine.

16 |

17 | REQUEST FOR ADMISSION NO. 16:

18 |     Admit that there was no basis for withholding from production in this
19 | litigation the document attached hereto as Exhibit 1 on grounds of attorney-client
20 | privilege.

21 |

22 | REQUEST FOR ADMISSION NO. 17:

23 |     Admit that there was no basis for withholding from production in this
24 | litigation the document attached hereto as Exhibit 1 on grounds of the work product
25 | doctrine.

26 |

27 |

28 |

EXHIBIT _24_

PAGE _324_

-5-

1 | REQUEST FOR ADMISSION NO. 18:

2           Admit that the portion of the document attached hereto as Exhibit 1

3 containing the email exchange between YOU and Victoria O'Connor reflects legal

4 advice.

5

6 | REQUEST FOR ADMISSION NO. 19:

7           Admit that the portion of the document attached hereto as Exhibit 1

8 containing the email exchange between YOU and Victoria O'Connor did not reflect

9 legal advice.

10

11 | REQUEST FOR ADMISSION NO. 20:

12           Admit that YOU believed, prior to May 27, 2008, that the portion of the

13 document attached hereto as Exhibit 1 containing the email exchange between YOU

14 and Victoria O'Connor reflects legal advice.

15

16 | REQUEST FOR ADMISSION NO. 21:

17           Admit that YOU believed, prior to May 27, 2008, that the portion of the

18 document attached hereto as Exhibit 1 containing the email exchange between YOU

19 and Victoria O'Connor did not reflect legal advice.

20

21 | REQUEST FOR ADMISSION NO. 22:

22           Admit that YOU have never believed that the portion of the document

23 attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria

24 O'Connor reflects legal advice.

25

26

27

28

EXHIBIT _24_
PAGE _325_

07975/3097715.2 .

REQUEST FOR ADMISSION NO. 23:

Admit that YOU knew that the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor did not reflect legal advice.

REQUEST FOR ADMISSION NO. 24:

Admit that YOU stated, prior to August 21, 2009, that the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor reflects legal advice.

REQUEST FOR ADMISSION NO. 25:

Admit that YOU stated, prior to August 21, 2009, that the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor did not reflect legal advice.

REQUEST FOR ADMISSION NO. 26:

Admit that the document attached hereto as Exhibit 1 was not listed on any MGA privilege log prior to MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG.

REQUEST FOR ADMISSION NO. 27:

Admit that the document attached hereto as Exhibit 1 was listed on a MGA privilege log prior to MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG.

REQUEST FOR ADMISSION NO. 28:

Admit that the document attached hereto as Exhibit 1 was listed on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG because MGA knew prior

EXHIBIT 24
PAGE 326

MATTEL'S REQUESTS FOR ADMISSION TO LARIAN RE AUGUST 31, 2009 ORDER TO SHOW CAUSE

1  to that time that MGA had been compelled by Court Order to produce the document

2  attached hereto as Exhibit 1.

3

4  REQUEST FOR ADMISSION NO. 29:

5  Admit that the document attached hereto as Exhibit 1 was listed as Entry

6  No. 381 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG.

7

8  REQUEST FOR ADMISSION NO. 30:

9  Admit that the document corresponding to Entry No. 557 on MGA's

10  MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is a duplicate of the

11  document attached hereto as Exhibit 1.

12

13  REQUEST FOR ADMISSION NO. 31:

14  Admit that the document corresponding to Entry No. 557 on MGA'S

15  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not a duplicate of the document

16  attached hereto as Exhibit 1.

17

18  REQUEST FOR ADMISSION NO. 32:

19  Admit that the document corresponding to Entry No. 557 on MGA'S

20  REVISED JANUARY 23, 2008 PRIVILEGE LOG is a further communication related

21  to the subject or subjects of the document attached hereto as Exhibit 1.

22

23  REQUEST FOR ADMISSION NO. 33:

24  Admit that the document corresponding to Entry No. 557 on MGA'S

25  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not a further communication

26  related to the subject or subjects of the document attached hereto as Exhibit 1.

27

28

EXHIBIT _24_

PAGE _327_

-8-

1  REQUEST FOR ADMISSION NO. 34:

2       Admit that the document corresponding to Entry No. 557 on MGA'S

3  REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by YOU from

4  production in this litigation to Mattel on attorney-client privilege grounds.

5

6  REQUEST FOR ADMISSION NO. 35:

7       Admit that the document corresponding to Entry No. 557 on MGA'S

8  REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by YOU from

9  production in this litigation to Mattel on work product grounds.

10

11  REQUEST FOR ADMISSION NO. 36:

12       Admit that the document corresponding to Entry No. 557 on MGA'S

13  REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by attorney-client

14  privilege.

15

16  REQUEST FOR ADMISSION NO. 37:

17       Admit that the document corresponding to Entry No. 557 on MGA'S

18  REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by the work product

19  doctrine.

20

21  REQUEST FOR ADMISSION NO. 38:

22       Admit that the document corresponding to Entry No. 557 on MGA'S

23  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by attorney-client

24  privilege.

25

26

27

28

EXHIBIT 24

PAGE 328

-9-

1  REQUEST FOR ADMISSION NO. 39:

2      Admit that the document corresponding to Entry No. 557 on MGA'S

3  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by the work

4  product doctrine.

5

6  REQUEST FOR ADMISSION NO. 40:

7      Admit that the document corresponding to Entry No. 557 on MGA'S

8  REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by attorney-

9  client privilege.

10

11  REQUEST FOR ADMISSION NO. 41:

12      Admit that the document corresponding to Entry No. 557 on MGA'S

13  REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by the work

14  product doctrine.

15

16  REQUEST FOR ADMISSION NO. 42:

17      Admit that MGA has produced all other versions of the exchange reflected

18  in the document attached hereto as Exhibit 1.

19

20  REQUEST FOR ADMISSION NO. 43:

21      Admit that MGA has not produced to Mattel all other versions of the

22  exchange reflected in the document attached hereto as Exhibit 1.

23

24  REQUEST FOR ADMISSION NO. 44:

25      Admit that there are additional communications to or from Isaac Larian

26  that are part of the email chain attached hereto as Exhibit 1.

27

28

EXHIBIT __24__

PAGE __329__

MATTEL'S REQUESTS FOR ADMISSION TO LARIAN RE AUGUST 31. 2009 ORDER TO SHOW CAUSE

1   REQUEST FOR ADMISSION NO. 45:

2           Admit that there are no additional communications to or from Isaac Larian

3   that are part of the email chain attached hereto as Exhibit 1.

4

5   DATED:  September 11, 2009          QUINN EMANUEL URQUHART OLIVER &
                                         HEDGES. LLP
6

7                                       By  *Mima T. Z—*

8                                          Michael T. Zeller
                                           Attorneys for Mattel. Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                      EXHIBIT  24

28                                      PAGE     330

07975/3097715.2 .

-11-

# EXHIBIT 1

EXHIBIT _24_
PAGE _331_

**Anderson, Diane**

| | |
|---|---|
| From: | Isaac Larian |
| Sent: | Wednesday, October 23, 2002 8:39 AM |
| To: | Victoria O'Connor |
| Subject: | RE: FW: Interview for the French magazine CAPITAL |

good point. Thanks.

-----Original Message-----
From: Victoria O'Connor
Sent: Wednesday, October 23, 2002 8:38 AM
To: Isaac Larian
Subject: RE: FW: Interview for the French magazine CAPITAL

don't you think we should say Bratz was born in October when a certain person was no
longer with their company?

-----Original Message-----
From: Isaac Larian
Sent: Wednesday, October 23, 2002 1:35 AM
To: Victoria O'Connor; Sandrine de Raspide
Subject: FW: FW: Interview for the French magazine CAPITAL

FYI

-----Original Message-----
From: Isaac Larian
Sent: Wednesday, October 23, 2002 1:25 AM
To: 'Nathalie RIESEN'
Subject: RE: FW: Interview for the French magazine CAPITAL

Natalie,

Please see below

-----Original Message-----
From: Nathalie RIESEN [mailto:nathalie.villard@wanadoo.fr]
Sent: Wednesday, October 23, 2002 12:42 AM
To: ilarian@mgae.com
Subject: Re: FW: Interview for the French magazine CAPITAL

Thank you Isaac.
I have a few more questions about the story of the Bratz you would be kind to answer by
email:
. Date of birth of the Bratz, time of development, first launch in the US

BORN SEPTEMBER 2000; 9 MONTH TO DEVELOP ( LIKE A BABY!); LAUNCHED IN THE USA IN JULY 2001
AND IN SPAIN JUNE 2001 ( BEFORE USA).ISAAC
. Total yearly Sales of the Bratz (in dollars) since their launch.
2001: $65 MILLION

2002: $350 MILLION ( INCLUDING LICENSED GOODS)

2003: PROJECTED $1 BILLION ( INCLUDING LICENSED GOODS)

. Increase of their market share of the doll market

BRATZ CURRENTLY HAVE 33% OF FASHION DOLL MARKET SHARE IN THE USA AND GROWING.

1

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

MGA2 0070266

EXHIBIT ___24___
PAGE ___332___

. Further development of the Bratz expected in 2003

THE BRATS LINE IS EXPANDING GREATLY FOR 2003. MGA , FOR THE FIRST TIME IS LAUNCHING A VERY INNOVATIVE AND FASHIONABLE LINE OF ELECTRONICS CALLED " BRATZ ELECTRIC FUNK" FOR 2003 AND THIS LINE IS EXPECTED TO GENERATE WHOLESALE SALES IN EXCESS OF $100 MILLION. WE ARE LITERALLY SIGNING 2-3 NEW LICENSEE'S A DAY FOR A VARIETY OF PRODUCTS [ I WILL E MAIL YOU THE LIST]. we HAVE ALSO EXPANDED THE TOY LINE GREATLY FOR 2003 AND WILL HAVE OVER 100 NEW ITEMS INTRODUCED IN 2003, BY MGA ALONE. ISAAC

. Sales, Profits and margin of MGAE in 2002 / 2001 /2000

2000 SALES $90 MILLION

2001 SALES  $110 MILLION

2002 SALES $350 MILLION [ ESTIMATE]

. Brief description of MGAE headquarters in LA, its location...

MGAE IS PRESENTLY HEAD QUARTERED IN NORTH OF LA in 43,000 SQUARE FEET OFFICES. WE HAVE OUTGROWN THE FACILITIES AND ARE LOOKING TO MOVE TO A BIGGER FACILITY SOON. ISAAC
. Brief description of your management team

OUR MANAGEMENT TEAM CONSIST OF A GREAT GROUP PASSIONATE AND GROWTH AND EXCELLENCE ORIENTED INDIVIDUALS WHO CARE FOR THE BUSINESS. OUR MISSION STATEMENT IS TO BE NO 1 OR 2 IN ANYTHING WE DO OR DON'T DO IT. INNOVATIVE CONSUMER ENTERTAINMENT PRODUCTS IS THE HEART OF MAGE'S BUSINESS.MGA HAS WON NUMEROUS PRODUCT EXCELLENCE AWARDS EVERY YEAR INCLUDING THE MOST PRESTIGIOUS TOY OF THE YEAR AWARD AND FAMILY FUN TOY OF THE YEAR AWARD [ 3 YEARS IN THE ROW IN DIFFERENT CATEGORIES]. ISAAC
. Your age, family situation and hobbies.

I AM 48 YEARS OLD [ BUT 13 AT HEART!) MARRIED FOR THE PAST 18 YEARS TO ANGELA AND HAVE 3 CHILDREN [ JASON:16, YASMINE: 14, CAMERON:8). A KID AT HEART, MY HOBBIES ARE CREATING TOYS, PLAYING VOLLEYBALL, MOUNTAIN BIKE RIDING , CAMPING AND BACKPACKING. TWO OF THE DOLLS [ YASMINE AND CAMERON) ARE NAMED AFTER MY KIDS.

Thank you very much for all this. This story will come out in Capital (leading French business magazine) at the end of November.

PLEASE VISIT WWW.MGAE.COM FOR MORE INFORMATION ABOUT MGA. PLEASE SEND ME TWO COPIES OF THE MAGAZINE WHEN IT COMES OUT.

THANK YOU FOR YOUR INTEREST IN MGA. BY THE WAY, ARE YOUR THREE DAUGHTERS BRATZ FANS? ISAAC

Best regards,
Nathalie

nathalie.villard@wanadoo.fr
Journaliste
CAPITAL
Tel 00 +33 (4) 66 03 24 03 / (1) 56 99 49 33
 Fax 00 +33 (4) 66 03 24 02


 inMesssage du 23/10/2002 02:49
>De : Isaac Larian <ilarian@mgae.com>
>A : Dave Malacrida <DMalacrida@mgae.com>
>Copie à : 'nathalie.villard@wanadoo.fr' <nathalie.villard@wanadoo.fr>
>Objet : FW: Interview for the French magazine CAPITAL
>
> Natalie, It was a pleasure talking to you.
>
> Dave, Please send Natalie our recent news clipinings by e mail ASAP.

2

CONFIDENTIAL - ATTORNEYS' EYES ONLY

MGA2 0070267

EXHIBIT __24__
PAGE __333__

```
>
> Thanks,
>
> Isaac
>
>
>
> -----Original Message-----
> From: Nathalie RIESEN [mailto:nathalie.villard@wanadoo.fr]
> Sent: Tuesday, October 22, 2002 4:49 AM
> To: ilarian@mgae.com
> Subject: RE: Interview for the French magazine CAPITAL
>
>
> >I'll call you today at 10:00 am (your time).
> Nathalie
>
> Message du 22/10/2002 03:21
> >De : Isaac Larian <ilarian@mgae.com>
> >A : 'Nathalie RIESEN' <nathalie.villard@wanadoo.fr>
> >Copie à : Rene Turin <RTurin@mgae.com>
> >Objet : RE: Interview for the French magazine CAPITAL
> >
> > Dear Natalie,
> >
> > Lets do October 22 at 10 am.
> >
> > Thanks,
> >
> > Isaac Larian
> > Isaac Larian
> > CEO
> > M G A  Entertainment
> > 16730 Schoenborn Street
> > North Hills, California 91343
> > Tel: 818-894-3150
> > Fax:818-894-1267
> > e-mail: Ilarian@MGAE.COM
> > Please Visit
> > www.MGAE.com
> > And the beautiful BRATZ at
> > www.Bratzpack.com
> > Hey! Its MGA!
> >
> >
> >
> > -----Original Message-----
> > From: Nathalie RIESEN [mailto:nathalie.villard@wanadoo.fr]
> > Sent: Monday, October 21, 2002 8:47 AM
> > To: ilarian@mgae.com
> > Subject: Re: Interview for the French magazine CAPITAL
> >
> >
> > >Dear Isaac,
> > Thanks for your prompt answer.
> > When can I call you for a 15 mn interview, between 8:00 and 10:00 am (your
> > time), either on Oct 22, 28, 29, 30 or 31?
> > Interview: the ingredients of the success of the Bratz.
> > . Birth of the concept? Is there a "Mr or Mrs Bratz"?
> > . How many people involved in the Bratz business today at MGAE?
> > . How different are they from the Barbie world and among the doll market
> in
> > general?
> > . Sales and market share in the US and oversea
> > Thanks.
> > Best regards,
> > Nathalie
```

                                        3

CONFIDENTIAL - ATTORNEYS' EYES ONLY          MGA2 0070268

EXHIBIT   24
PAGE   334

```
> >
> > nathalie.villard@wanadoo.fr
> > > Journaliste
> > > CAPITAL
> > > Tel 00 +33 (4) 66 03 24 03 / (1) 56 99 49 33
> > > Fax 00 +33 (4) 66 03 24 02
> >
> > Message du 06/03/1904 16:20
> > >De : Nathalie Villard <nathalie.villard@wanadoo.fr>
> > >A : <nathalie.villard@wanadoo.fr>
> > >Copie à :
> > >Objet : FW: Interview pour le magazine franç ais        CAPITAL
> > >
> > >
> > > ----------
> > > De : Isaac Larian <ilarian@mgae.com>
> > > Date : Fri, 18 Oct 2002 19:55:30 -0700
> > > A : Sandrine de Raspide <SDeRaspide@mgae.com>, 'Nathalie Villard'
> > > <nathalie.villard@wanadoo.fr>
> > > Cc : Dave Malacrida <DMalacrida@mgae.com>
> > > Objet : RE: Interview pour le magazine franç ais CAPITAL
> > >
> > > Dear Nathalie,
> > >
> > > I will be happy to do an interview.
> > >
> > > I am now in HK and back in the USA next Tuesday.
> > >
> > > I would like to ask for the list of questions in advance please.
> > >
> > > Best Regards,
> > >
> > > Isaac Larian
> > > Isaac Larian
> > > CEO
> > > M G A  Entertainment
> > > 16730 Schoenborn Street
> > > North Hills, California 91343
> > > Tel: 818-894-3150
> > > Fax:818-894-1267
> > > e-mail: Ilarian@MGAE.COM
> > > Please Visit
> > > www.MGAE.com
> > > And the beautiful BRATZ at
> > > www.Bratzpack.com
> > > Hey! Its MGA!
> > >
> > >
> > >
> > > -----Original Message-----
> > > From: Sandrine de Raspide
> > > Sent: Friday, October 18, 2002 5:53 PM
> > > To: 'Nathalie Villard'
> > > Cc: Isaac Larian; Dave Malacrida
> > > Subject: RE: Interview pour le magazine franç ais CAPITAL
> > >
> > >
> > > Dear Nathalie,
> > >
> > > Thanks for your interest in Bratz.  Per our company policy, all
> interviews
> > > need to be conducted through Isaac Larian, our CEO.  Isaac is copied on
> > this
> > > e-mail and will let you know if he can make himself available for a
> phone
> > > interview before the 31st of October.
> > > Isaac, Capital is a business magazine (500,000 prints/month) that will
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

MGA2 0070269

EXHIBIT  24
PAGE      335

```
> do
> > a
> > > special report on the toy industry worldwide.
> > > Kind regards,
> > > Sandrine
> > >
> > > -----Original Message-----
> > > From: Nathalie Villard [mailto:nathalie.villard@wanadoo.fr]
> > > Sent: Friday, October 18, 2002 5:44 AM
> > > To: sdaraspide@mgae.com
> > > Subject: Interview pour le magazine franç ais CAPITAL
> > > Importance: High
> > >
> > >
> > > Bonjour,
> > > Dans son numéro de Décembre, Capital (leader de la presse économique,
> 500
> > > 000 ex/mois) prépare un Dossier international de 18 pages sur le
> business
> > > mondial du jouet.
> > > Entre autres articles, je prépare une histoire sur le succès du
> phénomène
> > > Bratz, la naissance du concept, ses déclinaisons, son univers de
> > > concurrence
> > > avec Mattel, ses licences...
> > > Pourrions-nous convenir rapidement d'un rdv téléphonique avant le 31
> > > Octobre. Beaucoup de personnes ici en France m'ont dit que vous pourriez
> > > m'être très utile.
> > > D'avance merci.
> > > Cordialement,
> > > Nathalie Villard
> > >
> > > nathalie.villard@wanadoo.fr
> > > Journaliste
> > > CAPITAL
> > > Tel 00 +33 (4) 66 03 24 03 / (1) 56 99 49 33
> > > Fax 00 +33 (4) 66 03 24 02
> > >
> >
> >
>
```

5

CONFIDENTIAL - ATTORNEYS' EYES ONLY

MGA2 0070270

EXHIBIT 24
PAGE 336

**EXHIBIT 25**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11  | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
12  | Plaintiff, | |
13  | | Consolidated with |
    | vs. | Case No. CV 04-09059 |
14  | | Case No. CV 05-02727 |
15  | MATTEL, INC., a Delaware corporation, | [DISCOVERY MATTER] To be heard by Discovery Master Robert C. O'Brien |
16  | Defendant. | |
17  | | MATTEL, INC.'S *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME FOR MGA AND LARIAN TO RESPOND TO REQUESTS FOR ADMISSION AND FOR PRODUCTION OF PRIVILEGE LOG |
18  | AND CONSOLIDATED ACTIONS | |
19  | | |
20  | | [Declaration of Scott L. Watson and Separate Statement filed concurrently herewith] |
21
22
23  Hearing Date: TBD
    Time:        TBD
24  Place:       TBD
25  **Phase 2**
    Discovery Cut-off: December 11, 2009
26  Pre-trial Conference: March 1, 2010
    Trial Date: March 23, 2010
27
28

EXHIBIT  25
PAGE  337

9.14

MATTEL, INC.'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO RESPOND TO RFAS

1 | TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2 |      Pursuant to Local Rule 7-19, Mattel, Inc. ("Mattel") respectfully submits this

3 | *ex parte* application for an order requiring the MGA Parties to respond without

4 | objection, on or before noon September 18, 2009, to Mattel's Requests For

5 | Admission To MGA Related To The Court's Order To Show Cause Dated August

6 | 31, 2009 and Mattel's Requests For Admission To Isaac Larian Related To The

7 | Court's Order To Show Cause Dated August 31, 2009. MGA should also be ordered

8 | to log on a privilege log all communications regarding the Larian-O'Connor email

9 | that is the subject of these RFA's, and/or the decision to withhold it, by September

10 | 21, 2009. Mattel makes this application on the grounds that this discovery is related

11 | to the September 22, 2009 hearing set by the Court and Mattel requires responses to

12 | this information in order to prepare its brief due September 18, 2009, and to prepare

13 | for this hearing.

14 |      Pursuant to Local Rule 7-19, Mattel gave notice of this *ex parte* application to

15 | counsel for the MGA parties, Annette Hurst, Orrick, Herrington & Sutcliffe LLP

16 | (telephone: 415-773-5700; address: The Orrick Building, 405 Howard Street, San

17 | Francisco, CA 94104). The MGA parties informed Mattel that they oppose this

18 | application. This Application is based on this Application, the accompanying

19 | memorandum of points and authorities, and all other matters of which the Court may

20 | take judicial notice.

21 | DATED: September 14, 2009     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

22 |

23 |

24 |      By /s/ Michael T. Zeller
     Michael T. Zeller
     Attorneys for Mattel, Inc.

25 |

26 |

27 |

28 |

EXHIBIT 25

PAGE 338

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel requests an order compelling the MGA Parties to respond without objection by noon on September 18 to Requests for Admission that are directly relevant to the September 22, 2009 hearing on the Order to Show Cause issued by Judge Larson. The RFAs seek salient, non-privileged facts and information about MGA's withholding of the Larian-O'Connor email at issue in this OSC. MGA sought and obtained expedited discovery relevant to the upcoming hearing; Mattel is entitled to the same. Indeed, the relief Mattel seeks is far less burdensome than that provided to the MGA parties in Order No. 62 and far more critical. As MGA has submitted much of its briefing relevant to the OSC *in camera,* Mattel requires these responses for its brief and to prepare for the hearing.

MGA should also be required to log all withheld, privileged documents and communications, including litigation communications, relating to the Larian-O'Connor email at issue in these RFAs and in the Court's OSC. The parties have generally agreed that post-lawsuit communications need not be logged, but an exception is amply justified here. The withholding of this email was a further act of obstruction of justice by MGA, at issue in Mattel's RICO claims. Its internal communications on the subject may not be privileged at all even if between lawyers, including because the withholding furthered ongoing crimes and frauds, yet privilege claims as to the communications cannot be effectively challenged unless the communications are logged first. Moreover, even the log itself would be highly probative, revealing what may very well be repeated predicate acts of obstruction of justice (*viz.*, communications furthering the concealing of critical evidence). Post-lawsuit communications generally need not be logged, but here the communications themselves are directly at issue as not just evidence but, literally, as acts of liability. A complete log, without date restrictions, should be ordered produced.

EXHIBIT 25

PAGE 339

MATTEL, INC.'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO RESPOND TO RFAS

## Background

On August 21, 2009, the MGA Parties produced approximately 95 documents that had previously been listed on their privilege logs (and withheld as privileged) since before the close of Phase 1 discovery.[1]  The production of these documents was compelled by the Discovery Master in May 2009.[2]  One of the documents produced was an October 2002 email chain between Isaac Larian and Victoria O'Connor.[3]  Even though there are no lawyers included in this email, the MGA Parties withheld this email on privilege grounds.

Mattel had sought this document during Phase 1, but its motion to compel as to MGA's logs was denied after MGA's counsel certified to the Court that they had personally reviewed each logged document and that each was, in fact, privileged in its entirety (i.e., contained no non-privileged information).[4]  The Court denied Mattel's motion based on these representations.[5]  Since an incomplete version of this non-privileged email was the only version Mattel had at the time, it was the only version introduced at the Phase 1 trial.[6]

Once Phase 2 discovery resumed, Mattel moved to compel *in camera* review of, among other things, certain communications listed on the MGA Parties' privilege logs for which MGA had failed to substantiate its claims of privilege.  The Discovery Master ordered the MGA Parties to submit approximately 520 documents for *in camera* review.[7]  However, instead of submitting all these long-withheld documents to the Discovery Master *in camera*, the MGA Parties produced

---

[1]  See letter from C. Locke to D. Proctor, dated August 21, 2009, Exhibit 3 to the Declaration of Scott L. Watson ("Watson Decl.") filed concurrently herewith.
[2]  See Order No. 33, dated May 18, 2009, Watson Decl. Exh. 4.
[3]  See email between I. Larian and V. O'Connor, Watson Decl. Exh. 5.
[4]  See June 2, 2008 Trial Transcript at 27:19-29:1, Watson Decl. Exh. 12.
[5]  See id. at 35:23-36:6.
[6]  See Trial Exhibit 11907, Watson Decl. Exh. 11.
[7]  See Order No. 33, dated May 18, 2009, Watson Decl. Exh. 4

EXHIBIT 25
PAGE 340

MATTEL, INC.'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO RESPOND TO RFAS

1  approximately 95, including the Larian-O'Connor email, directly to Mattel,
2  conceding that, contrary to MGA's prior representations to the Court, they were not
3  in fact privileged at all.[8]

4  The now fully produced email chain reflects a conversation between Mr.
5  Larian and Ms. O'Connor that bears directly on the issue of willfulness, among
6  other things.[9]   In the email, Mr. Larian forwards Ms. O'Connor an email
7  conversation he had with a reporter in which he stated that Bratz was "born on
8  September 2000."[10]  Ms. O'Connor responded to Mr. Larian: "don't you think we
9  should say Bratz was born in October when a certain person was no longer with
10  their company?"[11]  Mr. Larian responded, "[G]ood point. Thanks."[12]

11  On August 31, 2009, after Mattel brought the foregoing events and the
12  production of the Larian-O'Connor email to the Court's attention, the Court issued
13  an Order to Show Cause, requiring counsel for the MGA Parties to appear on
14  September 21, 2009 regarding the improper withholding of this email.[13]  The Court
15  subsequently continued the hearing date to September 22, 2009.[14]  Recognizing the
16  serious issues raised by the MGA Parties' withholding of an "unprivileged, relevant
17  document," the Court has ordered the MGA Parties to submit briefing and
18  declarations regarding the withholding of this email.[15]  Key MGA submissions on

19
20
21
22

23  [8]  See letter from A. Hurst to Discovery Matter, dated August 3, 2009, Watson Decl.
      Exh. 6.
24  [9]  See email between I. Larian and V. O'Connor, Watson Decl. Exh. 5.
25  [10]  Id.
      [11]  Id.
26  [12]  Id.
27  [13]  August 31, 2009 Order at 2-4, Watson Decl. Exh. 7.
      [14]  See September 11, 2009 Order, Watson Decl. Exh. 8.
28  [15]  August 31, 2009 Order at 4, Watson Decl. Exh. 7.

EXHIBIT __25__
PAGE __341__

MATTEL, INC.'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO RESPOND TO RFAS

1   this issue have been made *in camera*.[16]  Mattel is to submit responsive briefing by

2   September 18, 2009.[17]

3       On September 11, 2009, Mattel served on MGA and Larian Requests for

4   Admission directed at the Larian-O'Connor email, its status as a privileged or non-

5   privileged document, and the effect of the MGA parties' refusal to produce it prior to

6   the Phase 1 trial.[18]  On the same day, Mattel sent a letter to MGA informing them of

7   its intention to seek expedited responses to these RFAs and inviting them to meet

8   and confer on this application.[19]  MGA responded in the afternoon on September 14,

9   2009 stating that they opposed this application.[20]  On September 12, 2009, Mattel

10  informed the MGA parties that it intended to seek an *ex parte* order compelling

11  MGA to log all communications regarding the Larian-O'Connor email.[21]  MGA did

12  not respond.[22]

13  **ARGUMENT**

14  **I.**    **THE RFAS ARE DIRECTLY RELEVANT TO THE SEPTEMBER 22**

15      **HEARING**

16      Each of the RFAs is relevant to the September 22 hearing and necessary for

17  Mattel to submit briefing to the Court on September 18.  They are limited to the

18  issue of the MGA Parties' withholding of the non-privileged Larian-O'Connor

19  email.[23]    The RFAs seek admissions regarding the effect of the MGA Parties'

20

---

21  [16]  See Skadden, Arps' Notice of In Camera Submission In Response To The Court's

22  Order To Show Cause Regarding Document No. MGA2 0070266-0070270, Watson Decl. Exh. 14.

23  [17]  August 31, 2009 Order at 4, Watson Decl. Exh. 7.

    [18]  Watson Decl. Exhs. 1 (RFAs to MGA) and 2 (RFAs to Larian).

24  [19]  See letter from S. Watson To A. Hurst and B. Molinski, dated September 11, 2009,

25  Watson Decl. Exh. 15.

    [20]  See email from A. Hurst to S. Watson, dated September 14, 2009, Watson Decl.

26  Exh. 16.

    [21]  Watson Decl. ¶ 22.

27  [22]  Id.

28  [23]  See generally RFAs, Watson Decl. Exhs. 1, 2.

EXHIBIT __25__
PAGE __342__

-4-

failure to produce the email, and other salient, non-privileged facts about the withholding.[24] A few of the RFA's address entries that appear identical and request that MGA and Larian admit or deny that such entries are (or are not) duplicates of the Larian-O'Connor email.[25] MGA provided information in that regard in a declaration filed today, showing how easy it is to answer these RFA's, and how little burden is involved in doing so.[26]

Mattel's RFAs do not invade any purported privilege claim. At most, they seek to establish facts regarding the existence (or non-existence) of the privilege, which is not privileged information. B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("[T]he facts necessary to establish the attorney-client privilege are not themselves privileged."); AMCO Ins. Co. v. Madera Quality Nut LLC, 2006 WL 931437, at *18 (E.D. Cal. Apr. 11, 2006) ("it is only the communications that are subject to attorney-client privilege, and not the foundational facts concerning the communication, or the underlying, independent facts"). The RFA's do not seek disclosure of the substance of legal advice.[27]

---

[24] RFAs to MGA Nos. 1-8, 39-42 and RFAs to Larian Nos. 2-4, 6-7, 42-45, Watson Decl. Exhs. 1 and 2.

[25] See RFA's to MGA Nos. 27-30 and RFAs to Larian Nos. 30-33.

[26] See Report and Declaration of Annette L. Hurst On Behalf Of Orrick, Herrington & Sutcliffe In Response To Court's August 31, 2009 Order To Show Cause, dated September 14, 2009, at 1, ¶ 3, Watson Decl. Exh. 17.

[27] "Under federal common law, the essential elements of the attorney-client privilege are: (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived." Williams v. Sprint/United Management Co., 2006 WL 266599, at *1-2 (D. Kan. Feb. 1, 2006) (deciding the "*extent* to which legal counsel *must* be involved in a communication in order to establish the elements required to invoke the attorney-client privilege") (emphasis added); see also Griffith v. Davis, 161 F.R.D. 687, 694 (C.D. Cal. 1995) ("The attorney-client privilege applies when (1) legal advice is sought (2) from a professional legal advisor in his capacity as such, and (3) the communications relating to that purpose (4) are

(footnote continued)

EXHIBIT 25

PAGE 343

1    The Discovery Master recently held that the MGA Parties were entitled to
2  expedited discovery regarding Mattel's communications with law enforcement
3  because they "bear directly" on the September 22 hearing.[28]  In the Order, the
4  Discovery Master ruled that Mattel can also seek expedited discovery related to the
5  September 22 hearing.[29]  As the Discovery Master recently held in Order No. 60,
6  Mattel is entitled to an even playing field.[30]  That is what Mattel seeks now.  Indeed,
7  Mattel's need for this discovery on an expedited basis is even more compelling.  The
8  August 31 Order allows the MGA Parties to submit papers in response to the OSC
9  *in camera* if necessary, and they have done so.[31]  Mattel needs these RFAs to
10  determine the MGA Parties' positions and prepare responsive briefing.  Mattel is
11  entitled to the MGA Parties' responses to these RFAs, and providing these responses
12  on an expedited basis is necessary to enable Mattel to properly brief the matter
13  before the upcoming hearing.

14    Moreover, the discovery Mattel seeks on an expedited basis consists of
15  responses to less than 50 RFAs, many of which are diads, such that the admission or
16  denial of one will dictate the answers to others.[32]  The burden in responding to RFAs
17  is minimal compared to the burden imposed on Mattel by Order No. 62, which
18  required Mattel to search for documents in multiple countries in only a few days.[33]

19

20

21  made in confidence (5) by the client.") (citing Admiral Ins. v. U.S. Dist. Court, 881 F.2d
22  1486, 1492 (9th Cir. 1989)).
    [28]  Order No. 62, dated September 11, 2009, Watson Decl. Exh. 9.
23    [29]  Id. at 2 n.4.
    [30]  Order No. 60, dated September 9, 2009, at 8, Watson Decl. Exh. 10 (". . . I have
24  found that what the parties are entitled to is an even playing field").
    [31]  See Skadden, Arps' Notice of In Camera Submission In Response To The Court's
25  Order To Show Cause Regarding Document No. MGA2 0070266-0070270, Watson Decl.
26  Exh. 14.
    [32]  See generally RFAs, Watson Decl. Exhs. 1, 2.
27    [33]  See Order No. 62, at 4-5, Watson Decl. Exh. 9 (requiring Mattel to produce
28  documents responsive to RFP's "on or before September 14, 2009.")

EXHIBIT  25

PAGE  344

MATTEL, INC.'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO RESPOND TO RFAS

## II. MGA SHOULD ALSO BE REQUIRED TO LOG ALL WITHHELD PRIVILEGED COMMUNICATIONS RELEVANT TO THE LARIAN-O'CONNOR EMAIL

As the Court has found, the Larian-O'Connor email "has clear relevance to the claims and defenses at issue in the Phase 1 trial,"[34] and the decision to withhold the email implicates the "integrity of the adversarial process."[35] The decision to withhold this email is also directly relevant to Mattel's allegations in the TAAC that the MGA Parties have made false representations under oath and obstructed justice to the detriment of Mattel.[36] As the Court noted, the jury found in Phase 1 that the MGA Parties did not willfully infringe Mattel's copyrights,[37] but this email correspondence shows that Isaac Larian and MGA personnel were aware of the significance of the timing of the creation of Bratz -- the central issue of Phase 1 – years before this litigation commenced and discussed efforts to consciously misrepresent that Bratz was created after Bryant left Mattel.[38] This is all part and parcel of MGA's and its conspirators' ongoing obstruction of justice, a pleaded RICO predicate act.[39]

The Discovery Master has ordered Mattel to serve a log of withheld litigation communications to permit MGA to "adequately prepare for the September 21 hearing."[40] While Mattel believes that Order should be reconsidered, here there is a clear need for just such a log. The Court has ordered counsel for the MGA Parties to appear on September 22 and show cause why sanctions should not be imposed for MGA's failure to produce the Larian-O'Connor email earlier. In order

---

[34] August 31 Order at 3, Watson Decl. Exh. 7.
[35] Id.
[36] See TAAC at ¶¶ 104, 141, Watson Decl. Exh. 18.
[37] August 31 Order at 2, Watson Decl. Exh. 7.
[38] See email between I. Larian and V. O'Connor, Watson Decl. Exh. 5.
[39] See TAAC at ¶141(d), Watson Decl. Exh. 18.
[40] See Phase 2 Order No. 62, dated September 11, 2009, at 5, Watson Decl. Exh. 9.

EXHIBIT 35
PAGE 345

1  for Mattel to adequately prepare for this hearing, Mattel needs the privilege log in
2  advance of the hearing to assess whether MGA and its counsel made a deliberate
3  decision to withhold this email, when they did so, and whether Larian and others at
4  MGA were involved in it, among other issues.

5          The log itself is also likely to be highly probative under the
6  circumstances. First, it is through the service of a privilege log that Mattel can
7  identify withheld communications and make appropriate challenges to MGA's
8  privilege claims. Perhaps more fundamentally, however, the log itself could reveal
9  evidence of ongoing obstruction of justice, a pleaded RICO predicate act.[41] MGA's
10 decision to withhold critical evidence smacks of obstruction of justice, at issue in
11 Phase 2. See United States v. Lench, 806 F.2d 1443, 1445 (9th Cir. 1986) (that
12 defendant "failed to provide the information requested and lied" about it "is all that
13 is necessary to obstruct justice"). Thus, the log itself is likely to reveal
14 communications which are not only evidence, but are predicate acts. These
15 communications clearly differ from the ordinary post-lawsuit communications
16 which the parties have agreed need not be logged. Mattel requests that the
17 Discovery Master order MGA to log all privileged communications, without date
18 restriction, regarding the Larian-O'Connor email and/or the decision to withhold
19 it.[42]

20

---

21  [41] See TAAC at ¶141(d), Watson Decl. Exh. 18.
    [42] Such communications are encompassed within multiple compelled requests for
22  production. See, e.g., Mattel, Inc.'s First Set of Requests for Production of Documents and
    Tangible Things to MGA Entertainment, Inc., dated March 14, 2005, Watson Decl. Exh.
23  23 at Document Request No. 33 ("All DOCUMENTS that REFER OR RELATE TO
    BRATZ that REFER OR RELATE TO any time prior to January 1, 2001 (regardless of
24  when such document was prepared, written, transmitted or received, whether in whole or
    in part"); Order Granting Mattel's Motion to Compel Production of Documents and
25  Interrogatory Responses by MGA, dated May 15, 2007, Watson Decl. Exh. 22, at 8:7-21;
26  Order Regarding Mattel, Inc.'s Motion to Enforce the Court's Order of May 15, 2007, to
27  (I) Compel MGA to Produce Compelled Documents (Including Fee And/Or Indemnity
    Agreements Between MGA and Bryant), (II) Order That Any Privilege Objections Have
28      (footnote continued)

EXHIBIT
PAGE  346

1

2                                          **Conclusion**

3          For the foregoing reasons, Mattel respectfully requests that the MGA Parties

4   be ordered to respond without objection to the RFAs by noon on September 18,

5   2009. MGA should be ordered to log all communications related to the Larian-

6   O'Connor email and/or the decision to withhold it by September 21, 2009.

7

8   DATED: September 14, 2009        QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
9

10                                   By /s/ Michael T. Zeller
                                        Michael T. Zeller
11                                      Attorneys for Mattel, Inc.

12

13

14

15

16

17

18

19

20

21

22   Been Waived, And (III) Impose Sanctions, dated December 19, 2007, Watson Decl. Exh.
     24 (imposing sanctions of $3,500); Order Re Mattel, Inc.'s Motion to Enforce the Court's
23   Order of May 15, 2007 to Compel MGA to Produce Compelled Documents in Unredacted
     Form and For Sanctions, dated December 19, 2007, Watson Decl. Exh. 25 (imposing
24   sanctions of $3,500); Order Re Mattel, Inc.'s Motion To Compel Production of Documents
25   Withheld As Privileged, dated December 19, 2007, Watson Decl. Exh. 26 (denying
     Mattel's request for waiver, despite finding that MGA "violated the May 15 Order");
26   Mattel, Inc.'s First Set of Requests For Documents And Things To Isaac Larian, dated June
     13, 2007, at RFP's Nos. 2, 3, 15-17, Watson Decl. Exh. 19; Order Granting In Part and
27   Denying In Part Mattel's Motion To Compel Production of Documents By Isaac Larian,
28   dated December 31, 2007, Watson Decl. Exh. 20.

EXHIBIT ___25___

PAGE ___347___

-9-

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-09059 & CV 05-2727 |
| vs. | [DISCOVERY MATTER] To be heard by Discovery Master Robert C. O'Brien |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | MATTEL, INC.'S APPLICATION TO FILE UNDER SEAL (1) MATTEL, INC.S' *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME FOR MGA AND LARIAN TO RESPOND TO REQUESTS FOR ADMISSION AND FOR PRODUCTION OF PRIVILEGE LOG, (2) CERTAIN EXHIBITS TO THE DECLARATION OF SCOTT L. WATSON IN SUPPORT THEREOF, AND (3) THE SEPARATE STATEMENT IN SUPPORT THEREOF |
| AND CONSOLIDATED ACTIONS | |
| | [[Proposed] Order filed concurrently] |
| | **Phase 2** Discovery Cut-off: December 11, 2009 Pre-trial Conference: March 1, 2010 Trial Date: March 23, 2010 |

EXHIBIT 25
PAGE 348

00505.07975/3101704.1

1        Pursuant to <u>Local Rule</u> 79-5.1 and the Stipulated Protective Order
2    entered by the Court in this action, Mattel, Inc. ("Mattel") hereby respectfully
3    requests that the Court order filed under seal (1) Mattel's *Ex Parte* Application For
4    An Order Shortening Time For MGA And Larian To Respond To Requests For
5    Admission And For Production Of Privilege Log ("Application"), (2) Exhibits 4, 5,
6    9, 10, 13, 17, 18 and 27 to the Declaration of Scott L. Watson In Support Thereof
7    ("Exhibits"), and (3) the Separate Statement In Support Thereof ("Separate
8    Statement").
9        The Application, Exhibits and Separate Statement contain materials
10   that Mattel or MGA have designated as "Confidential" or "Confidential--Attorneys'
11   Eyes Only" pursuant to the Protective Order. Accordingly, Mattel requests that the
12   Court order that the Application, Exhibits and Separate Statement be filed under
13   seal.
14
15
16   DATED:  September 14, 2009          QUINN EMANUEL URQUHART OLIVER &
                                         HEDGES, LLP
17
18                                        By /s/ Michael T. Zeller
19                                          Michael T. Zeller
                                            Attorneys for Mattel, Inc.
20
21
22
23
24
25
26
27                                              EXHIBIT    25
28                                              PAGE    349

00505.07973/3101704.1
                                         -2-
                                         MATTEL, INC.'S APPLICATION TO FILE UNDER SEAL

LODGED

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5    Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
6    Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)
                                         Consolidated with
12              Plaintiff,               Case Nos. CV 04-09059 & CV 05-2727

13      vs.                              Hon. Stephen G. Larson

14  MATTEL, INC., a Delaware            [PROPOSED] ORDER GRANTING
    corporation,                        APPLICATION TO FILE UNDER SEAL
15                                       (1) MATTEL, INC.'S *EX PARTE*
                Defendant.               APPLICATION FOR AN ORDER
16                                       SHORTENING TIME FOR MGA AND
                                         LARIAN TO RESPOND TO REQUESTS
17  AND CONSOLIDATED ACTIONS             FOR ADMISSION AND FOR
                                         PRODUCTION OF PRIVILEGE LOG; (2)
18                                       CERTAIN EXHIBITS TO THE
                                         DECLARATION OF SCOTT L. WATSON
19                                       IN SUPPORT THEREOF; AND (3) THE
                                         SEPARATE STATEMENT IN SUPPORT
20                                       THEREOF

21

22                                       **Phase 2**
                                         Discovery Cut-off: December 11, 2009
23                                       Pre-trial Conference: March 1, 2010
                                         Trial Date: March 23, 2010

24

25

26

27                                       EXHIBIT ___28___

28                                       PAGE ___350___

00505.07975/3101705.1

[PROPOSED] ORDER

1

2 <u>[PROPOSED] ORDER</u>

3

4          Based on the concurrently filed Application to File Under Seal (1)

5 Mattel, Inc.'s *Ex Parte* Application For An Order Shortening Time For MGA And

6 Larian To Respond To Requests For Admission And For Production Of Privilege

7 Log, (2) Exhibits 4, 5, 9, 10, 13, 17, 18 and 27 to the Declaration of Scott L. Watson

8 In Support Thereof, and (3) the Separate Statement In Support Thereof, and good

9 cause appearing for the entry thereof, IT IS HEREBY ORDERED:

10          . Mattel, Inc.'s *Ex Parte* Application For An Order Shortening Time For

11 MGA And Larian To Respond To Requests For Admission And For Production Of

12 Privilege Log, Exhibits 4, 5, 9, 10, 13, 17, 18 and 27 to the Declaration of Scott L.

13 Watson In Support Thereof, and the Separate Statement In Support Thereof are

14 ORDERED filed under seal pursuant to <u>Local Rule</u> 79-5.1.

15

16 DATED:                         , 2009
                                              _____
17                                            Hon. Stephen G. Larson
                                              United States District Judge
18

19

20

21

22

23

24

25

26

27

28

00505.07975/3101705.1

-2-

                                                                    [PROPOSED] ORDER

EXHIBIT ___ 2
PAGE ___ 351

FILED

2009 SEP 15  PM 1:02

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY_____

1

2 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
3 johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
4 (michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
5 (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
6 Los Angeles, California 90017-2543
Telephone: (213) 443-3000
7 Facsimile: (213) 443-3100

8 Attorneys for Mattel, Inc.

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

12 | CARTER BRYANT, an individual,        | CASE NO. CV 04-9049 SGL (RNBx)
13 |                    Plaintiff,        | Consolidated with:
   |                                      | Case No. CV 04-09039
14 |          vs.                         | Case No. CV 05-02727
15 | MATTEL, INC., a Delaware             | **PROOF OF SERVICE VIA**
   | corporation,                         | **ELECTRONIC MAIL**
16 |                                      | **TRANSMISSION**
   |                    Defendant.        |
17
18 AND CONSOLIDATED ACTIONS

19

20

21

22

23

24

25

26                                        EXHIBIT ____25____
27                                        PAGE ___352___
28

09822/3076619.1
                                -1-            Case No. CV 04-9049 SGL (RNBx)
                                               PROOF OF SERVICE

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On September 15, 2009, I served true copies of the following documents described as:                    **SEE ATTACHED LIST**

on the parties in this action as follows:

| | |
|---|---|
| Orrick, Herrington & Sutcliffe LLP<br>William A. Molinski<br>777 S. Figueroa Street, STE 3200<br>Los Angeles, CA 90017<br>wmolinski@orrick.com | ***Attorneys for the MGA Parties*** |
| Orrick, Herrington & Sutcliffe LLP<br>Annette L. Hurst<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94104<br>ahurst@orrick.com | ***Attorneys for the MGA Parties*** |
| Skadden, Arps, Slate, Meagher &<br>Flom LLP<br>  Thomas J. Nolan, Esq.<br>  Jason Russell, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071<br>  tnolan@skadden.com<br>  jrussell@skadden.com | **Attorneys for *the MGA Parties***<br><br><br>Telephone:  213.687.5000<br>Facsimile:  213.687.5600 |
| Overland Borenstein Scheper & Kim<br>LLP<br>  Mark E. Overland, Esq.<br>  Alexander H. Cote, Esq.<br>601 W. 5th Street, 12th Floor<br>Los Angeles, CA 90017<br>  moverland@obsklaw.com<br>  acote@obsklaw.com | **Attorneys for *Carlos Gustavo Machado Gomez***<br><br><br>Telephone:  213.613.4655<br>Facsimile:  213.613.4656 |
| Bingham McCutchen LLP<br>Todd Gordinier, Esq.<br>Peter Villar, Esq.<br>600 Anton Boulevard, 18th Floor<br>Costa Mesa, CA 92626<br>todd.gordinier@bingham.com | **Attorneys for *Omni 808 Investors, LLC*** |

EXHIBIT ___25___

PAGE ___353___

1  **BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission

2  from valerielozano@quinnemanuel.com on September 15, 2009, by transmitting a

3  PDF format copy of such document(s) to each such person at the e-mail address

4  listed below their address(es).  The document(s) was/were transmitted by electronic

5  transmission and such transmission was reported as complete and without error.

6    I declare that I am employed in the office of a member of the bar of this

7  court at whose direction the service was made.

8

9    Executed on September 15, 2009, at Los Angeles, California.

10

11      /s/ Valerie Lozano

12      Valerie Lozano

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27        EXHIBIT _2_

28        PAGE _354_

09822/3076619.1

        Case No. CV 04-9049 SGL (RNBx)
        PROOF OF SERVICE

## DOCUMENT LIST

1) MATTEL, INC.'S EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME FOR MGA AND LARIAN TO RESPOND TO REQUESTS FOR ADMISSION AND FOR PRODUCTION OF PRIVILEGE LOG

2) DECLARATION OF SCOTT L. WATSON IN SUPPORT OF MATTEL, INC.'S EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME FOR MGA AND LARIAN TO RESPOND TO REQUESTS FOR ADMISSION AND FOR PRODUCTION OF PRIVILEGE LOG

3) MATTEL, INC.'S APPLICATION TO FILE UNDER SEAL (1) MATTEL, INC.'S EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME FOR MGA AND LARIAN TO RESPOND TO REQUESTS FOR ADMISSION AND FOR PRODUCTION OF PRIVILEGE LOG, (2) CERTAIN EXHIBITS TO THE DECLARATION OF SCOTT L. WATSON IN SUPPORT THEREOF, AND (3) THE SEPARATE STATEMENT IN SUPPORT THEREOF

4) MATTEL'S SEPARATE STATEMENT IN SUPPORT OF MATTEL, INC.'S EXPARTE APPLICATION FOR AN ORDER SHORTENING TIME FOR MGA AND LARIAN TO RESPOND TO REQUESTS FOR ADMISSION AND FOR PRODUCTION OF PRIVILEGE LOG

5) [PROPOSED] ORDER GRANTING APPLICATION TO FILE UNDER SEAL (1) MATTEL, INC.'S EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME FOR MGA AND LARIAN TO RESPOND TO REQUESTS FOR ADMISSION AND FOR PRODUCTION OF PRIVILEGE LOG, (2) CERTAIN EXHIBITS TO THE DECLARATION OF SCOTT L. WATSON IN SUPPORT THEREOF, AND (3) THE SEPARATE STATEMENT IN SUPPORT THEREOF

EXHIBIT 25

PAGE 355

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

# EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER