**EXHIBIT 28**

OCT 1 5 2009

1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA  94105-2669
6  Telephone:  +1-415-773-5700
   Facsimile:   +1-415-773-5759
7
8  WILLIAM A. MOLINSKI (State Bar No. 145186)
   wmolinski@orrick.com
9  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street, Suite 3200
10 Los Angeles, CA  90017
   Telephone:  +1-213-629-2020
11 Facsimile:   +1-213-612-2499

12 Attorneys for MGA Parties

13                UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                    SOUTHERN DIVISION

16 | CARTER BRYANT, an individual, | Case No.  CV 04-09049 DOC (RNBx)
17 |          Plaintiff,           | Consolidated with:
18 |                               | Case No. CV 04-9059
   |      v.                       | Case No. CV 05-2727
19 | MATTEL, INC., a Delaware       | **MGA'S RESPONSE TO MATTEL,**
20 | corporation,                  | **INC.'S REQUEST FOR ADMISSION**
   |                               | **TO MGA RELATED TO MGA'S**
21 |          Defendant.           | **ASSERTION OF PRIVILEGE TO**
   |                               | **WITHHOLD NON-PRIVILEGED**
22 |                               | **LARIAN EMAIL**
   |                               | **COMMUNICATIONS THAT ARE**
23 | AND CONSOLIDATED ACTIONS      | **THE SUBJECT TO THE COURT'S**
   |                               | **ORDER TO SHOW CAUSE DATED**
24 |                               | **AUGUST 31, 2009**

25

26 PROPOUNDING PARTY:     Mattel, Inc.

27 RESPONDING PARTY:      MGA Entertainment, Inc.

28 SET NO.:               One (Phase 2)

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN  EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT **28**

10\13

PAGE _____ 405

1   Pursuant to Federal Rules of Civil Procedure, Rules 26 and 36, MGA
2   Entertainment, Inc. ("MGA") answers or otherwise objects to the Requests for
3   Admission propounded by Plaintiff Mattel, Inc. herein as follows, with information
4   known to it and within its possession, custody, or control at the present time.  MGA
5   expressly reserves the right to supplement each of the following Responses where
6   necessary.

7                          **GENERAL OBJECTIONS**

8   MGA incorporates the following general objections into its specific
9   objections and responses to each and every request.  The assertion of same, similar,
10  or additional objections to the individual requests does not waive any of MGA's
11  general objections as set forth below:

12  MGA objects to the request insofar as it seeks disclosure of information that
13  is protected by the attorney-client privilege and/or work product doctrine.

14  MGA objects to the request to the extent it seeks information not relevant to
15  the claims or defenses of any party to this action and not reasonably calculated to
16  lead to the discovery of admissible evidence.

17  MGA objects to the request to the extent it is unduly burdensome and
18  oppressive.

19  In responding, MGA has not and will not comply with any instructions or
20  definitions that seek to impose requirements in addition to those imposed by the
21  Federal Rules of Civil Procedure or any applicable local rule.

22  MGA reserves the right to object on any ground at any time to such other and
23  supplemental discovery requests as Mattel may propound involving or relating to
24  the same subject matter(s) of the request.

25  MGA objects to the definitions and instructions to the extent such definitions
26  and instructions purport to enlarge, expand, or alter in any way the plain meaning
27  and scope of any specific term or specific requests on the grounds that such
28  enlargement, expansion or alteration renders such a term or request vague,

- 1 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT _29_

PAGE _406_

1  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

2  open to interpretation.

3       These general objections shall be deemed incorporated into each specific

4  response below as if they were fully set forth below. Nevertheless, without waiver

5  of, without prejudice to, and expressly hereby reserving all of the foregoing general

6  objections, MGA submits the following responses.

7                                  **RESPONSES**

8  **REQUEST FOR ADMISSION NO. 1:**

9       Admit that MGA did not produce to Mattel the document attached hereto as

10 Exhibit 1 prior to May 27, 2008.

11 **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

12      MGA objects to the request as it seeks disclosure of information that is

13 protected by the attorney-client privilege and/or work product doctrine in that the

14 knowledge possessed by MGA regarding the production of Exhibit 1 to the request

15 results from communications with counsel.  MGA objects to the request to the

16 extent it seeks information not relevant to the claims or defenses of any party to this

17 action and not reasonably calculated to lead to the discovery of admissible

18 evidence.  MGA objects to the request to the extent it is unduly burdensome and

19 oppressive.  In responding, MGA has not and will not comply with any instructions

20 or definitions that seek to impose requirements in addition to those imposed by the

21 Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the

22 right to object on any ground at any time to such other and supplemental discovery

23 requests as Mattel may propound involving or relating to the same subject matter(s)

24 of the request.  MGA objects to the definitions and instructions to the extent such

25 definitions and instructions purport to enlarge, expand, or alter in any way the plain

26 meaning and scope of any specific term or specific requests on the grounds that

27 such enlargement, expansion or alteration renders such a term or request vague,

28 ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

- 2 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT 28
407
PAGE

1   open to interpretation.

2   **REQUEST FOR ADMISSION NO. 2:**

3         Admit that MGA has been compelled by Court Order prior to May 27, 2008

4   to produce to Mattel in this litigation the document attached hereto as Exhibit 1.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

6         MGA objects to the request on the grounds that it is vague in failing to

7   specify any Court Order that Mattel contends applies and on the ground that it calls

8   for a legal conclusion.  MGA further objects to the request on the ground that it

9   seeks disclosure of information that is protected by the attorney-client privilege

10  and/or work product doctrine in that facts or conclusions regarding the applicability

11  of a "Court Order" to a particular document result from privileged and work

12  product communications with counsel.  MGA objects to the request to the extent it

13  seeks information not relevant to the claims or defenses of any party to this action

14  and not reasonably calculated to lead to the discovery of admissible evidence.

15  MGA objects to the request to the extent it is unduly burdensome and oppressive.

16  In responding, MGA has not and will not comply with any instructions or

17  definitions that seek to impose requirements in addition to those imposed by the

18  Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the

19  right to object on any ground at any time to such other and supplemental discovery

20  requests as Mattel may propound involving or relating to the same subject matter(s)

21  of the request.  MGA objects to the definitions and instructions to the extent such

22  definitions and instructions purport to enlarge, expand, or alter in any way the plain

23  meaning and scope of any specific term or specific requests on the grounds that

24  such enlargement, expansion or alteration renders such a term or request vague,

25  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

26  open to interpretation.

27  **REQUEST FOR ADMISSION NO. 3:**

28        Admit that MGA knew, prior to May 27, 2008, that MGA had been

- 3 -

EXHIBIT 28

PAGE   408

1   compelled by Court Order to produce to Mattel in this litigation the document

2   attached hereto as Exhibit 1.

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

4       MGA objects to the request on the grounds that it is vague in failing to

5   specify any Court Order that Mattel contends applies and on the ground that it calls

6   for a legal conclusion.  MGA further objects to the request on the ground that it

7   seeks disclosure of information that is protected by the attorney-client privilege

8   and/or work product doctrine in that facts or conclusions regarding the applicability

9   of a "Court Order" to a particular document result from privileged and work

10  product communications with counsel. MGA objects to the request to the extent it

11  seeks information not relevant to the claims or defenses of any party to this action

12  and not reasonably calculated to lead to the discovery of admissible evidence.

13  MGA objects to the request to the extent it is unduly burdensome and oppressive.

14  In responding, MGA has not and will not comply with any instructions or

15  definitions that seek to impose requirements in addition to those imposed by the

16  Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the

17  right to object on any ground at any time to such other and supplemental discovery

18  requests as Mattel may propound involving or relating to the same subject matter(s)

19  of the request.  MGA objects to the definitions and instructions to the extent such

20  definitions and instructions purport to enlarge, expand, or alter in any way the plain

21  meaning and scope of any specific term or specific requests on the grounds that

22  such enlargement, expansion or alteration renders such a term or request vague,

23  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

24  open to interpretation.

25  **REQUEST FOR ADMISSION NO. 4:**

26      Admit that MGA knew the document attached hereto as Exhibit 1 was not

27  produced to Mattel prior to the commencement of the Phase 1 trial in this matter.

28

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN' EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT   28

PAGE   409

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

2        MGA objects to the request as it seeks disclosure of information that is

3   protected by the attorney-client privilege and/or work product doctrine in that the

4   knowledge possessed by MGA regarding the production of Exhibit 1 to the request

5   results from communications with counsel. MGA objects to the request to the

6   extent it seeks information not relevant to the claims or defenses of any party to this

7   action and not reasonably calculated to lead to the discovery of admissible

8   evidence. MGA objects to the request to the extent it is unduly burdensome and

9   oppressive. In responding, MGA has not and will not comply with any instructions

10  or definitions that seek to impose requirements in addition to those imposed by the

11  Federal Rules of Civil Procedure or any applicable local rule. MGA reserves the

12  right to object on any ground at any time to such other and supplemental discovery

13  requests as Mattel may propound involving or relating to the same subject matter(s)

14  of the request. MGA objects to the definitions and instructions to the extent such

15  definitions and instructions purport to enlarge, expand, or alter in any way the plain

16  meaning and scope of any specific term or specific requests on the grounds that

17  such enlargement, expansion or alteration renders such a term or request vague,

18  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

19  open to interpretation.

20  **REQUEST FOR ADMISSION NO. 5:**

21       Admit that MGA knew, at the time of the commencement of the Phase 1 trial

22  in this matter, that the document attached hereto as Exhibit 1 was relevant to issues

23  to be tried by the jury in the Phase 1 trial.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

25       MGA objects to the request as it seeks disclosure of information that is

26  protected by the attorney-client privilege and/or work product doctrine in that the

27  basis for MGA's knowledge regarding the issues in Phase 1 and the relevancy of

28  Exhibit 1 to the request are the result of communications between MGA and its

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT 28

PAGE 410

1   counsel.  MGA additionally objects to this request on the grounds that it calls for a

2   legal conclusion.  MGA objects to the request to the extent it seeks information not

3   relevant to the claims or defenses of any party to this action and not reasonably

4   calculated to lead to the discovery of admissible evidence.  MGA objects to the

5   request to the extent it is unduly burdensome and oppressive.  In responding, MGA

6   has not and will not comply with any instructions or definitions that seek to impose

7   requirements in addition to those imposed by the Federal Rules of Civil Procedure

8   or any applicable local rule.  MGA reserves the right to object on any ground at any

9   time to such other and supplemental discovery requests as Mattel may propound

10  involving or relating to the same subject matter(s) of the request.  MGA objects to

11  the definitions and instructions to the extent such definitions and instructions

12  purport to enlarge, expand, or alter in any way the plain meaning and scope of any

13  specific term or specific requests on the grounds that such enlargement, expansion

14  or alteration renders such a term or request vague, ambiguous, unintelligible, overly

15  broad, unduly burdensome, uncertain or otherwise open to interpretation.

16  **REQUEST FOR ADMISSION NO. 6:**

17      Admit that the document attached hereto as Exhibit 1 was withheld by MGA

18  from production in this litigation to Mattel on attorney-client privilege grounds

19  until August 21, 2009.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

21      MGA objects to the request as vague and ambiguous in its use of the phrase

22  "withheld by MGA from production in this litigation to Mattel."  MGA objects to

23  the request as vague and ambiguous in its use of the phrase "the document" because

24  "the document" contains a series of emails certain of which were marked as trial

25  exhibits and, therefore, MGA assumes that "the document" means any portions of

26  the email that were not marked as a trial exhibit.  As such, MGA objects to the

27  request as it seeks disclosure of information that is protected by the attorney-client

28  privilege and/or work product doctrine in that any information regarding the

- 6 -



EXHIBIT __29__

PAGE _____ 411

1    production of Exhibit 1 would be the result of communications with counsel.  MGA

2    objects to the request to the extent it seeks information not relevant to the claims or

3    defenses of any party to this action and not reasonably calculated to lead to the

4    discovery of admissible evidence.  MGA objects to the request to the extent it is

5    unduly burdensome and oppressive.  In responding, MGA has not and will not

6    comply with any instructions or definitions that seek to impose requirements in

7    addition to those imposed by the Federal Rules of Civil Procedure or any applicable

8    local rule.  MGA reserves the right to object on any ground at any time to such

9    other and supplemental discovery requests as Mattel may propound involving or

10   relating to the same subject matter(s) of the request.  MGA objects to the definitions

11   and instructions to the extent such definitions and instructions purport to enlarge,

12   expand, or alter in any way the plain meaning and scope of any specific term or

13   specific requests on the grounds that such enlargement, expansion or alteration

14   renders such a term or request vague, ambiguous, unintelligible, overly broad,

15   unduly burdensome, uncertain or otherwise open to interpretation.

16   **REQUEST FOR ADMISSION NO. 7:**

17       Admit that the document attached hereto as Exhibit 1 was withheld by MGA

18   from production in this litigation to Mattel on work product grounds until August

19   21, 2009.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

21       MGA objects to the request as vague and ambiguous in its use of the phrase

22   "withheld by MGA from production in this litigation to Mattel."  MGA objects to

23   the request as vague and ambiguous in its use of the phrase "the document" because

24   "the document" contains a series of emails certain of which were marked as trial

25   exhibits and, therefore, MGA assumes that "the document" means any portions of

26   the email that were not marked as a trial exhibit.  As such, MGA objects to the

27   request as it seeks disclosure of information that is protected by the attorney-client

28   privilege and/or work product doctrine in that any information regarding the

- 7 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT  29

PAGE  412

1    production of Exhibit 1 to the request would be the result of communications with

2    counsel. MGA objects to the request to the extent it seeks information not relevant

3    to the claims or defenses of any party to this action and not reasonably calculated to

4    lead to the discovery of admissible evidence. MGA objects to the request to the

5    extent it is unduly burdensome and oppressive. In responding, MGA has not and

6    will not comply with any instructions or definitions that seek to impose

7    requirements in addition to those imposed by the Federal Rules of Civil Procedure

8    or any applicable local rule. MGA reserves the right to object on any ground at any

9    time to such other and supplemental discovery requests as Mattel may propound

10   involving or relating to the same subject matter(s) of the request. MGA objects to

11   the definitions and instructions to the extent such definitions and instructions

12   purport to enlarge, expand, or alter in any way the plain meaning and scope of any

13   specific term or specific requests on the grounds that such enlargement, expansion

14   or alteration renders such a term or request vague, ambiguous, unintelligible, overly

15   broad, unduly burdensome, uncertain or otherwise open to interpretation.

16   **REQUEST FOR ADMISSION NO. 8:**

17         Admit that the document attached hereto as Exhibit 1 is protected by

18   attorney-client privilege.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

20         MGA objects to the request as vague and ambiguous in its use of the phrase

21   "the document" because "the document" contains a series of emails certain of

22   which were marked as trial exhibits and, therefore, MGA assumes that "the

23   document" means any portions of the email that were not marked as a trial exhibit.

24   As such, MGA objects to the request as it seeks disclosure of information that is

25   protected by the attorney-client privilege and/or work product doctrine in that

26   MGA's knowledge concerning the scope and nature of the attorney-client privilege

27   as applied to Exhibit 1 to the request has been gained by and through

28   communications with its counsel. MGA additionally objects to this request on the

- 8 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBX)

EXHIBIT 28
PAGE 413

1   grounds that it calls for a legal conclusion.  MGA objects to the request to the

2   extent it seeks information not relevant to the claims or defenses of any party to this

3   action and not reasonably calculated to lead to the discovery of admissible

4   evidence.  MGA objects to the request to the extent it is unduly burdensome and

5   oppressive.  In responding, MGA has not and will not comply with any instructions

6   or definitions that seek to impose requirements in addition to those imposed by the

7   Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the

8   right to object on any ground at any time to such other and supplemental discovery

9   requests as Mattel may propound involving or relating to the same subject matter(s)

10   of the request.  MGA objects to the definitions and instructions to the extent such

11   definitions and instructions purport to enlarge, expand, or alter in any way the plain

12   meaning and scope of any specific term or specific requests on the grounds that

13   such enlargement, expansion or alteration renders such a term or request vague,

14   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

15   open to interpretation.

16 **REQUEST FOR ADMISSION NO. 9:**

17      Admit that the document attached hereto as Exhibit 1 is protected by the

18   work product doctrine.

19 **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

20      MGA objects to the request as vague and ambiguous in its use of the phrase

21   "the document" because "the document" contains a series of emails certain of

22   which were marked as trial exhibits and, therefore, MGA assumes that "the

23   document" means any portions of the email that were not marked as a trial exhibit.

24   As such, MGA objects to the request as it seeks disclosure of information that is

25   protected by the attorney-client privilege and/or work product doctrine in that

26   MGA's knowledge concerning the scope and nature of the work product doctrine as

27   applied to Exhibit 1 to the request has been gained by and through communications

28   with its counsel.  MGA additionally objects to this request on the grounds that it

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT 29

PAGE 414

1  calls for a legal conclusion.  MGA objects to the request to the extent it seeks

2  information not relevant to the claims or defenses of any party to this action and not

3  reasonably calculated to lead to the discovery of admissible evidence.  MGA

4  objects to the request to the extent it is unduly burdensome and oppressive.  In

5  responding, MGA has not and will not comply with any instructions or definitions

6  that seek to impose requirements in addition to those imposed by the Federal Rules

7  of Civil Procedure or any applicable local rule.  MGA reserves the right to object

8  on any ground at any time to such other and supplemental discovery requests as

9  Mattel may propound involving or relating to the same subject matter(s) of the

10  request.  MGA objects to the definitions and instructions to the extent such

11  definitions and instructions purport to enlarge, expand, or alter in any way the plain

12  meaning and scope of any specific term or specific requests on the grounds that

13  such enlargement, expansion or alteration renders such a term or request vague,

14  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

15  open to interpretation.

16  **REQUEST FOR ADMISSION NO. 10:**

17      Admit that the document attached hereto as Exhibit 1 is not protected by

18  attorney-client privilege.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

20      MGA objects to the request as vague and ambiguous in its use of the phrase

21  "the document" because "the document" contains a series of emails certain of

22  which were marked as trial exhibits and, therefore, MGA assumes that "the

23  document" means any portions of the email that were not marked as a trial exhibit.

24  As such, MGA objects to the request as it seeks disclosure of information that is

25  protected by the attorney-client privilege and/or work product doctrine in that

26  MGA's knowledge concerning the scope and nature of the attorney-client privilege

27  as applied to Exhibit 1 to the request has been gained by and through

28  communications with its counsel.  MGA additionally objects to this request on the

- 10 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT 29

415

1    grounds that it calls for a legal conclusion.  MGA objects to the request to the

2    extent it seeks information not relevant to the claims or defenses of any party to this

3    action and not reasonably calculated to lead to the discovery of admissible

4    evidence.  MGA objects to the request to the extent it is unduly burdensome and

5    oppressive.  In responding, MGA has not and will not comply with any instructions

6    or definitions that seek to impose requirements in addition to those imposed by the

7    Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the

8    right to object on any ground at any time to such other and supplemental discovery

9    requests as Mattel may propound involving or relating to the same subject matter(s)

10    of the request.  MGA objects to the definitions and instructions to the extent such

11    definitions and instructions purport to enlarge, expand, or alter in any way the plain

12    meaning and scope of any specific term or specific requests on the grounds that

13    such enlargement, expansion or alteration renders such a term or request vague,

14    ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

15    open to interpretation.

16    **REQUEST FOR ADMISSION NO. 11:**

17         Admit that the document attached hereto as Exhibit 1 is not protected by

18    work product doctrine.

19    **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

20         MGA objects to the request as vague and ambiguous in its use of the phrase

21    "the document" because "the document" contains a series of emails certain of

22    which were marked as trial exhibits and, therefore, MGA assumes that "the

23    document" means any portions of the email that were not marked as a trial exhibit.

24    As such, MGA objects to the request as it seeks disclosure of information that is

25    protected by the attorney-client privilege and/or work product doctrine in that

26    MGA's knowledge concerning the scope and nature of the work product doctrine as

27    applied to Exhibit 1 to the request has been gained by and through communications

28    with its counsel.  MGA additionally objects to this request on the grounds that it

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN  EMAIL
COMMUNICATIONS,  CV 04-9049 DOC (RNBx)

EXHIBIT 29

PAGE 416

1  calls for a legal conclusion.  MGA objects to the request to the extent it seeks

2  information not relevant to the claims or defenses of any party to this action and not

3  reasonably calculated to lead to the discovery of admissible evidence.  MGA

4  objects to the request to the extent it is unduly burdensome and oppressive.  In

5  responding, MGA has not and will not comply with any instructions or definitions

6  that seek to impose requirements in addition to those imposed by the Federal Rules

7  of Civil Procedure or any applicable local rule.  MGA reserves the right to object

8  on any ground at any time to such other and supplemental discovery requests as

9  Mattel may propound involving or relating to the same subject matter(s) of the

10  request.  MGA objects to the definitions and instructions to the extent such

11  definitions and instructions purport to enlarge, expand, or alter in any way the plain

12  meaning and scope of any specific term or specific requests on the grounds that

13  such enlargement, expansion or alteration renders such a term or request vague,

14  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

15  open to interpretation.

16  **REQUEST FOR ADMISSION NO. 12:**

17      Admit that the document attached hereto as Exhibit 1 never was protected by

18  attorney-client privilege.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

20      MGA objects to the request as vague and ambiguous in its use of the phrase

21  "the document" because "the document" contains a series of emails certain of

22  which were marked as trial exhibits and, therefore, MGA assumes that "the

23  document" means any portions of the email that were not marked as a trial exhibit.

24  As such, MGA objects to the request as it seeks disclosure of information that is

25  protected by the attorney-client privilege and/or work product doctrine in that

26  MGA's knowledge concerning the scope and nature of the attorney-client privilege

27  as applied to Exhibit 1 to the request has been gained by and through

28  communications with its counsel.  MGA additionally objects to this request on the

- 12 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT 29

PAGE 417

1    grounds that it calls for a legal conclusion.  MGA objects to the request to the

2    extent it seeks information not relevant to the claims or defenses of any party to this

3    action and not reasonably calculated to lead to the discovery of admissible

4    evidence.  MGA objects to the request to the extent it is unduly burdensome and

5    oppressive.  In responding, MGA has not and will not comply with any instructions

6    or definitions that seek to impose requirements in addition to those imposed by the

7    Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the

8    right to object on any ground at any time to such other and supplemental discovery

9    requests as Mattel may propound involving or relating to the same subject matter(s)

10   of the request.  MGA objects to the definitions and instructions to the extent such

11   definitions and instructions purport to enlarge, expand, or alter in any way the plain

12   meaning and scope of any specific term or specific requests on the grounds that

13   such enlargement, expansion or alteration renders such a term or request vague,

14   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

15   open to interpretation.

16   **REQUEST FOR ADMISSION NO. 13:**

17        Admit that the document attached hereto as Exhibit 1 never was protected by

18   work product doctrine.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

20        MGA objects to the request as vague and ambiguous in its use of the phrase

21   "the document" because "the document" contains a series of emails certain of

22   which were marked as trial exhibits and, therefore, MGA assumes that "the

23   document" means any portions of the email that were not marked as a trial exhibit.

24   As such, MGA objects to the request as it seeks disclosure of information that is

25   protected by the attorney-client privilege and/or work product doctrine in that

26   MGA's knowledge concerning the scope and nature of the work product doctrine as

27   applied to Exhibit 1 to the request has been gained by and through communications

28   with its counsel.  MGA additionally objects to this request on the grounds that it

- 13 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT 2<u>0</u>

4 1 8

1  calls for a legal conclusion.  MGA objects to the request to the extent it seeks

2  information not relevant to the claims or defenses of any party to this action and not

3  reasonably calculated to lead to the discovery of admissible evidence.  MGA

4  objects to the request to the extent it is unduly burdensome and oppressive.  In

5  responding, MGA has not and will not comply with any instructions or definitions

6  that seek to impose requirements in addition to those imposed by the Federal Rules

7  of Civil Procedure or any applicable local rule.  MGA reserves the right to object

8  on any ground at any time to such other and supplemental discovery requests as

9  Mattel may propound involving or relating to the same subject matter(s) of the

10  request.  MGA objects to the definitions and instructions to the extent such

11  definitions and instructions purport to enlarge, expand, or alter in any way the plain

12  meaning and scope of any specific term or specific requests on the grounds that

13  such enlargement, expansion or alteration renders such a term or request vague,

14  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

15  open to interpretation.

16  **REQUEST FOR ADMISSION NO. 14:**

17      Admit that MGA knew the document attached hereto as Exhibit 1 never was

18  protected by attorney-client privilege.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

20      MGA objects to the request as vague and ambiguous in its use of the phrase

21  "the document" because "the document" contains a series of emails certain of

22  which were marked as trial exhibits and, therefore, MGA assumes that "the

23  document" means any portions of the email that were not marked as a trial exhibit.

24  As such, MGA objects to the request as it seeks disclosure of information that is

25  protected by the attorney-client privilege and/or work product doctrine in that

26  MGA's knowledge concerning the scope and nature of the attorney-client privilege

27  as applied to Exhibit 1 to the request has been gained by and through

28  communications with its counsel.  MGA additionally objects to this request on the

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT 29

PAGE 419

1   grounds that it calls for a legal conclusion.  MGA objects to the request to the

2   extent it seeks information not relevant to the claims or defenses of any party to this

3   action and not reasonably calculated to lead to the discovery of admissible

4   evidence.  MGA objects to the request to the extent it is unduly burdensome and

5   oppressive.  In responding, MGA has not and will not comply with any instructions

6   or definitions that seek to impose requirements in addition to those imposed by the

7   Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the

8   right to object on any ground at any time to such other and supplemental discovery

9   requests as Mattel may propound involving or relating to the same subject matter(s)

10  of the request.  MGA objects to the definitions and instructions to the extent such

11  definitions and instructions purport to enlarge, expand, or alter in any way the plain

12  meaning and scope of any specific term or specific requests on the grounds that

13  such enlargement, expansion or alteration renders such a term or request vague,

14  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

15  open to interpretation.

16  **REQUEST FOR ADMISSION NO. 15:**

17      Admit that MGA knew the document attached hereto as Exhibit 1 never was

18  protected by the work product doctrine.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

20      MGA objects to the request as vague and ambiguous in its use of the phrase

21  "the document" because "the document" contains a series of emails certain of

22  which were marked as trial exhibits and, therefore, MGA assumes that "the

23  document" means any portions of the email that were not marked as a trial exhibit.

24  As such, MGA objects to the request as it seeks disclosure of information that is

25  protected by the attorney-client privilege and/or work product doctrine in that

26  MGA's knowledge concerning the scope and nature of the work product doctrine as

27  applied to Exhibit 1 to the request has been gained by and through communications

28  with its counsel.  MGA additionally objects to this request on the grounds that it

- 15 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBX)

EXHIBIT 29

PAGE 420

1    calls for a legal conclusion. MGA objects to the request to the extent it seeks

2    information not relevant to the claims or defenses of any party to this action and not

3    reasonably calculated to lead to the discovery of admissible evidence. MGA

4    objects to the request to the extent it is unduly burdensome and oppressive. In

5    responding, MGA has not and will not comply with any instructions or definitions

6    that seek to impose requirements in addition to those imposed by the Federal Rules

7    of Civil Procedure or any applicable local rule. MGA reserves the right to object

8    on any ground at any time to such other and supplemental discovery requests as

9    Mattel may propound involving or relating to the same subject matter(s) of the

10   request. MGA objects to the definitions and instructions to the extent such

11   definitions and instructions purport to enlarge, expand, or alter in any way the plain

12   meaning and scope of any specific term or specific requests on the grounds that

13   such enlargement, expansion or alteration renders such a term or request vague,

14   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

15   open to interpretation.

16   **REQUEST FOR ADMISSION NO. 16:**

17       Admit that there was no basis for withholding from production in this

18   litigation the document attached hereto as Exhibit 1 on grounds of attorney-client

19   privilege.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

21       MGA objects to the request as vague and ambiguous in its use of the phrase

22   "the document" because "the document" contains a series of emails certain of

23   which were marked as trial exhibits and, therefore, MGA assumes that "the

24   document" means any portions of the email that were not marked as a trial exhibit.

25   As such, MGA objects to the request as it seeks disclosure of information that is

26   protected by the attorney-client privilege and/or work product doctrine in that

27   MGA's knowledge concerning the scope and nature of the attorney-client privilege

28   as applied to Exhibit 1 to the request has been gained by and through

- 16 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT 2*8*

421

communications with its counsel.  MGA additionally objects to this request on the

grounds that it calls for a legal conclusion.  MGA objects to the request to the

extent it seeks information not relevant to the claims or defenses of any party to this

action and not reasonably calculated to lead to the discovery of admissible

evidence.  MGA objects to the request to the extent it is unduly burdensome and

oppressive.  In responding, MGA has not and will not comply with any instructions

or definitions that seek to impose requirements in addition to those imposed by the

Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the

right to object on any ground at any time to such other and supplemental discovery

requests as Mattel may propound involving or relating to the same subject matter(s)

of the request.  MGA objects to the definitions and instructions to the extent such

definitions and instructions purport to enlarge, expand, or alter in any way the plain

meaning and scope of any specific term or specific requests on the grounds that

such enlargement, expansion or alteration renders such a term or request vague,

ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

open to interpretation.

**REQUEST FOR ADMISSION NO. 17:**

Admit that there was no basis for withholding from production in this

litigation the document attached hereto as Exhibit 1 on grounds of the work product

doctrine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

MGA objects to the request as vague and ambiguous in its use of the phrase

"the document" because "the document" contains a series of emails certain of

which were marked as trial exhibits and, therefore, MGA assumes that "the

document" means any portions of the email that were not marked as a trial exhibit.

As such, MGA objects to the request as it seeks disclosure of information that is

protected by the attorney-client privilege and/or work product doctrine in that

MGA's knowledge concerning the scope and nature of the work product doctrine as

- 17 -

EXHIBIT 29
PAGE 422

1   applied to Exhibit 1 to the request has been gained by and through communications

2   with its counsel.  MGA additionally objects to this request on the grounds that it

3   calls for a legal conclusion.  MGA objects to the request to the extent it seeks

4   information not relevant to the claims or defenses of any party to this action and not

5   reasonably calculated to lead to the discovery of admissible evidence.  MGA

6   objects to the request to the extent it is unduly burdensome and oppressive.  In

7   responding, MGA has not and will not comply with any instructions or definitions

8   that seek to impose requirements in addition to those imposed by the Federal Rules

9   of Civil Procedure or any applicable local rule.  MGA reserves the right to object

10  on any ground at any time to such other and supplemental discovery requests as

11  Mattel may propound involving or relating to the same subject matter(s) of the

12  request.  MGA objects to the definitions and instructions to the extent such

13  definitions and instructions purport to enlarge, expand, or alter in any way the plain

14  meaning and scope of any specific term or specific requests on the grounds that

15  such enlargement, expansion or alteration renders such a term or request vague,

16  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

17  open to interpretation.

18  **REQUEST FOR ADMISSION NO. 18:**

19      Admit that the portion of the document attached hereto as Exhibit 1

20  containing the email exchange between Isaac Larian and Victoria O'Connor reflects

21  legal advice.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

23      MGA objects to the request as vague and ambiguous in its use of the phrase

24  "the portion of the document attached hereto as Exhibit 1 containing the email

25  exchange between Isaac Larian and Victoria O'Connor reflects legal advice" in that

26  there are three email exchanges between Mr. Larian and Victoria O'Connor and this

27  request does not specify which of the three exchanges to which it refers.  MGA

28  objects to the request as it seeks disclosure of information that is protected by the

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT 29

PAGE 423

1   attorney-client privilege and/or work product doctrine.  MGA additionally objects

2   to this request on the grounds that it calls for a legal conclusion.  MGA objects to

3   the request to the extent it seeks information not relevant to the claims or defenses

4   of any party to this action and not reasonably calculated to lead to the discovery of

5   admissible evidence.  MGA objects to the request to the extent it is unduly

6   burdensome and oppressive.  In responding, MGA has not and will not comply with

7   any instructions or definitions that seek to impose requirements in addition to those

8   imposed by the Federal Rules of Civil Procedure or any applicable local rule.

9   MGA reserves the right to object on any ground at any time to such other and

10   supplemental discovery requests as Mattel may propound involving or relating to

11   the same subject matter(s) of the request.  MGA objects to the definitions and

12   instructions to the extent such definitions and instructions purport to enlarge,

13   expand, or alter in any way the plain meaning and scope of any specific term or

14   specific requests on the grounds that such enlargement, expansion or alteration

15   renders such a term or request vague, ambiguous, unintelligible, overly broad,

16   unduly burdensome, uncertain or otherwise open to interpretation.

17   **REQUEST FOR ADMISSION NO. 19:**

18        Admit that the portion of the document attached hereto as Exhibit 1

19   containing the email exchange between Isaac Larian and Victoria O'Connor does

20   not reflect legal advice.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

22        MGA objects to the request as vague and ambiguous in its use of the phrase

23   "the portion of the document attached hereto as Exhibit 1 containing the email

24   exchange between Isaac Larian and Victoria O'Connor does not reflect legal

25   advice" in that there are three email exchanges between Mr. Larian and Victoria

26   O'Connor and this request does not specify which of the three exchanges to which

27   it refers.  MGA objects to the request as it seeks disclosure of information that is

28   protected by the attorney-client privilege and/or work product doctrine.  MGA

- 19 -

EXHIBIT 28

424

1  additionally objects to this request on the grounds that it calls for a legal

2  conclusion.  MGA objects to the request to the extent it seeks information not

3  relevant to the claims or defenses of any party to this action and not reasonably

4  calculated to lead to the discovery of admissible evidence.  MGA objects to the

5  request to the extent it is unduly burdensome and oppressive.  In responding, MGA

6  has not and will not comply with any instructions or definitions that seek to impose

7  requirements in addition to those imposed by the Federal Rules of Civil Procedure

8  or any applicable local rule.  MGA reserves the right to object on any ground at any

9  time to such other and supplemental discovery requests as Mattel may propound

10 involving or relating to the same subject matter(s) of the request.  MGA objects to

11 the definitions and instructions to the extent such definitions and instructions

12 purport to enlarge, expand, or alter in any way the plain meaning and scope of any

13 specific term or specific requests on the grounds that such enlargement, expansion

14 or alteration renders such a term or request vague, ambiguous, unintelligible, overly

15 broad, unduly burdensome, uncertain or otherwise open to interpretation.

16 **REQUEST FOR ADMISSION NO. 20:**

17       Admit that MGA knew that the portion of the document attached hereto as

18 Exhibit 1 containing the email exchange between Isaac Larian and Victoria

19 O'Connor did not reflect legal advice.

20 **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

21       MGA objects to the request as vague and ambiguous in its use of the phrase

22 "the portion of the document attached hereto as Exhibit 1 containing the email

23 exchange between Isaac Larian and Victoria O'Connor did not reflect legal advice"

24 in that there are three email exchanges between Mr. Larian and Victoria O'Connor

25 and this request does not specify which of the three exchanges to which it refers.

26 MGA objects to the request as it seeks disclosure of information that is protected by

27 the attorney-client privilege and/or work product doctrine.  MGA additionally

28 objects to this request on the grounds that it calls for a legal conclusion.  MGA

- 20 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT 28
PAGE 425

1  objects to the request to the extent it seeks information not relevant to the claims or

2  defenses of any party to this action and not reasonably calculated to lead to the

3  discovery of admissible evidence.  MGA objects to the request to the extent it is

4  unduly burdensome and oppressive.  In responding, MGA has not and will not

5  comply with any instructions or definitions that seek to impose requirements in

6  addition to those imposed by the Federal Rules of Civil Procedure or any applicable

7  local rule.  MGA reserves the right to object on any ground at any time to such

8  other and supplemental discovery requests as Mattel may propound involving or

9  relating to the same subject matter(s) of the request.  MGA objects to the definitions

10  and instructions to the extent such definitions and instructions purport to enlarge,

11  expand, or alter in any way the plain meaning and scope of any specific term or

12  specific requests on the grounds that such enlargement, expansion or alteration

13  renders such a term or request vague, ambiguous, unintelligible, overly broad,

14  unduly burdensome, uncertain or otherwise open to interpretation.

15  **REQUEST FOR ADMISSION NO. 21:**

16      Admit that MGA stated, prior to August 21, 2009, that the portion of the

17  document attached hereto as Exhibit 1 containing the email exchange between Isaac

18  Larian and Victoria O'Connor reflects legal advice.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

20      MGA objects to this request on the grounds that the word "stated" is vague

21  and ambiguous.  MGA objects to the request as it seeks disclosure of information

22  that is protected by the attorney-client privilege and/or work product doctrine.

23  MGA objects to the request to the extent it seeks information not relevant to the

24  claims or defenses of any party to this action and not reasonably calculated to lead

25  to the discovery of admissible evidence.  MGA objects to the request to the extent it

26  is unduly burdensome and oppressive.  In responding, MGA has not and will not

27  comply with any instructions or definitions that seek to impose requirements in

28  addition to those imposed by the Federal Rules of Civil Procedure or any applicable

- 21 -

EXHIBIT 29

PAGE 426

1   local rule. MGA reserves the right to object on any ground at any time to such

2   other and supplemental discovery requests as Mattel may propound involving or

3   relating to the same subject matter(s) of the request. MGA objects to the definitions

4   and instructions to the extent such definitions and instructions purport to enlarge,

5   expand, or alter in any way the plain meaning and scope of any specific term or

6   specific requests on the grounds that such enlargement, expansion or alteration

7   renders such a term or request vague, ambiguous, unintelligible, overly broad,

8   unduly burdensome, uncertain or otherwise open to interpretation.

9   **REQUEST FOR ADMISSION NO. 22:**

10      Admit that MGA stated, prior to August 21, 2009, that the portion of the

11   document attached hereto as Exhibit 1 containing the email exchange between Isaac

12   Larian and Victoria O'Connor did not reflect legal advice.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

14      MGA objects to this request on the grounds that the word "stated" is vague

15   and ambiguous. MGA objects to the request as it seeks disclosure of information

16   that is protected by the attorney-client privilege and/or work product doctrine.

17   MGA objects to the request to the extent it seeks information not relevant to the

18   claims or defenses of any party to this action and not reasonably calculated to lead

19   to the discovery of admissible evidence. MGA objects to the request to the extent it

20   is unduly burdensome and oppressive. In responding, MGA has not and will not

21   comply with any instructions or definitions that seek to impose requirements in

22   addition to those imposed by the Federal Rules of Civil Procedure or any applicable

23   local rule. MGA reserves the right to object on any ground at any time to such

24   other and supplemental discovery requests as Mattel may propound involving or

25   relating to the same subject matter(s) of the request. MGA objects to the definitions

26   and instructions to the extent such definitions and instructions purport to enlarge,

27   expand, or alter in any way the plain meaning and scope of any specific term or

28   specific requests on the grounds that such enlargement, expansion or alteration

- 22 -

EXHIBIT **29**

4 2 7

PAGE _____

1 | renders such a term or request vague, ambiguous, unintelligible, overly broad,

2 | unduly burdensome, uncertain or otherwise open to interpretation.

3 | **REQUEST FOR ADMISSION NO. 23:**

4 | Admit that the document attached hereto as Exhibit 1 was listed as Entry No.

5 | 381 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG.

6 | **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

7 | MGA objects to the request as it seeks disclosure of information that is

8 | protected by the attorney-client privilege and/or work product doctrine in that the

9 | basis for MGA's knowledge is communications with its counsel.  MGA objects to

10 | the request to the extent it seeks information not relevant to the claims or defenses

11 | of any party to this action and not reasonably calculated to lead to the discovery of

12 | admissible evidence.  MGA objects to the request to the extent it is unduly

13 | burdensome and oppressive.  In responding, Mr. Larian has not and will not comply

14 | with any instructions or definitions that seek to impose requirements in addition to

15 | those imposed by the Federal Rules of Civil Procedure or any applicable local rule.

16 | MGA reserves the right to object on any ground at any time to such other and

17 | supplemental discovery requests as Mattel may propound involving or relating to

18 | the same subject matter(s) of the request.  MGA objects to the definitions and

19 | instructions to the extent such definitions and instructions purport to enlarge,

20 | expand, or alter in any way the plain meaning and scope of any specific term or

21 | specific requests on the grounds that such enlargement, expansion or alteration

22 | renders such a term or request vague, ambiguous, unintelligible, overly broad,

23 | unduly burdensome, uncertain or otherwise open to interpretation.

24 | **REQUEST FOR ADMISSION NO. 24:**

25 | Admit that the document attached hereto as Exhibit 1 was not listed on any

26 | MGA privilege log prior to MGA'S REVISED JANUARY 23, 2008 PRIVILEGE

27 | LOG.

28 |

- 23 -

EXHIBIT 28

428

PAGE

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

2         MGA objects to the request as it seeks disclosure of information that is

3  protected by the attorney-client privilege and/or work product doctrine in that the

4  basis for MGA's knowledge is communications with its counsel.  MGA objects to

5  the request to the extent it seeks information not relevant to the claims or defenses

6  of any party to this action and not reasonably calculated to lead to the discovery of

7  admissible evidence.  MGA objects to the request to the extent it is unduly

8  burdensome and oppressive.  In responding, MGA has not and will not comply with

9  any instructions or definitions that seek to impose requirements in addition to those

10 imposed by the Federal Rules of Civil Procedure or any applicable local rule.

11 MGA reserves the right to object on any ground at any time to such other and

12 supplemental discovery requests as Mattel may propound involving or relating to

13 the same subject matter(s) of the request.  MGA objects to the definitions and

14 instructions to the extent such definitions and instructions purport to enlarge,

15 expand, or alter in any way the plain meaning and scope of any specific term or

16 specific requests on the grounds that such enlargement, expansion or alteration

17 renders such a term or request vague, ambiguous, unintelligible, overly broad,

18 unduly burdensome, uncertain or otherwise open to interpretation.

19 **REQUEST FOR ADMISSION NO. 25:**

20         Admit that the document attached hereto as Exhibit 1 was listed on a MGA

21 privilege log prior to MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG.

22 **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

23         MGA objects to the request as it seeks disclosure of information that is

24 protected by the attorney-client privilege and/or work product doctrine in that the

25 basis for MGA's knowledge is communications with its counsel.  MGA objects to

26 the request to the extent it seeks information not relevant to the claims or defenses

27 of any party to this action and not reasonably calculated to lead to the discovery of

28 admissible evidence.  MGA objects to the request to the extent it is unduly

- 24 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT *20*

PAGE *429*

1  burdensome and oppressive.  In responding, MGA has not and will not comply with

2  any instructions or definitions that seek to impose requirements in addition to those

3  imposed by the Federal Rules of Civil Procedure or any applicable local rule.

4  MGA reserves the right to object on any ground at any time to such other and

5  supplemental discovery requests as Mattel may propound involving or relating to

6  the same subject matter(s) of the request.  MGA objects to the definitions and

7  instructions to the extent such definitions and instructions purport to enlarge,

8  expand, or alter in any way the plain meaning and scope of any specific term or

9  specific requests on the grounds that such enlargement, expansion or alteration

10  renders such a term or request vague, ambiguous, unintelligible, overly broad,

11  unduly burdensome, uncertain or otherwise open to interpretation.

12  **REQUEST FOR ADMISSION NO. 26:**

13      Admit that the document attached hereto as Exhibit 1 was listed on MGA'S

14  REVISED JANUARY 23, 2008 PRIVILEGE LOG because MGA knew prior to

15  that time that MGA had been compelled by Court Order to produce the document

16  attached hereto as Exhibit 1.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

18      MGA objects to the request on the grounds that it is vague in failing to

19  specify any Court Order that Mattel contends applies and on the ground that it calls

20  for a legal conclusion.  MGA objects to the request as it seeks disclosure of

21  information that is protected by the attorney-client privilege and/or work product

22  doctrine in that the basis for MGA's knowledge is communications with his

23  counsel.  MGA objects to the request to the extent it seeks information not relevant

24  to the claims or defenses of any party to this action and not reasonably calculated to

25  lead to the discovery of admissible evidence.  MGA objects to the request to the

26  extent it is unduly burdensome and oppressive.  In responding, MGA has not and

27  will not comply with any instructions or definitions that seek to impose

28  requirements in addition to those imposed by the Federal Rules of Civil Procedure

- 25 -

EXHIBIT _28_

PAGE _430_

1   or any applicable local rule.  MGA reserves the right to object on any ground at any

2   time to such other and supplemental discovery requests as Mattel may propound

3   involving or relating to the same subject matter(s) of the request.  MGA objects to

4   the definitions and instructions to the extent such definitions and instructions

5   purport to enlarge, expand, or alter in any way the plain meaning and scope of any

6   specific term or specific requests on the grounds that such enlargement, expansion

7   or alteration renders such a term or request vague, ambiguous, unintelligible, overly

8   broad, unduly burdensome, uncertain or otherwise open to interpretation.  Finally,

9   MGA objects to this request as compound in that it combines three requests, *see*

10  Request Nos. 2, 3 and Request No. 23.

11  **REQUEST FOR ADMISSION NO. 27:**

12         Admit that the document corresponding to Entry No. 557 on MGA's [sic]

13  MGA'S REVISED JANUARY 23 2008 PRIVILEGE LOG is a duplicate of the

14  document attached hereto as Exhibit 1.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

16         MGA objects to the request as it seeks disclosure of information that is

17  protected by the attorney-client privilege and/or work product doctrine in that the

18  basis for MGA's knowledge is communications with its counsel.  MGA objects to

19  the request to the extent it seeks information not relevant to the claims or defenses

20  of any party to this action and not reasonably calculated to lead to the discovery of

21  admissible evidence.  MGA objects to the request to the extent it is unduly

22  burdensome and oppressive.  In responding, MGA has not and will not comply with

23  any instructions or definitions that seek to impose requirements in addition to those

24  imposed by the Federal Rules of Civil Procedure or any applicable local rule.

25  MGA reserves the right to object on any ground at any time to such other and

26  supplemental discovery requests as Mattel may propound involving or relating to

27  the same subject matter(s) of the request.  MGA objects to the definitions and

28  instructions to the extent such definitions and instructions purport to enlarge,

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT __29__

__431__

PAGE _____

1   expand, or alter in any way the plain meaning and scope of any specific term or

2   specific requests on the grounds that such enlargement, expansion or alteration

3   renders such a term or request vague, ambiguous, unintelligible, overly broad,

4   unduly burdensome, uncertain or otherwise open to interpretation.

5   **REQUEST FOR ADMISSION NO. 28:**

6       Admit that the document corresponding to Entry No. 557 on MGA's

7   REVISED JANUARY 23, 2008 PRIVILEGE LOG is not a duplicate of the

8   document attached hereto as Exhibit 1.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

10       MGA objects to the request as it seeks disclosure of information that is

11   protected by the attorney-client privilege and/or work product doctrine in that the

12   basis for MGA's knowledge is communications with its counsel.  MGA objects to

13   the request to the extent it seeks information not relevant to the claims or defenses

14   of any party to this action and not reasonably calculated to lead to the discovery of

15   admissible evidence.  MGA objects to the request to the extent it is unduly

16   burdensome and oppressive.  In responding, MGA has not and will not comply with

17   any instructions or definitions that seek to impose requirements in addition to those

18   imposed by the Federal Rules of Civil Procedure or any applicable local rule.

19   MGA reserves the right to object on any ground at any time to such other and

20   supplemental discovery requests as Mattel may propound involving or relating to

21   the same subject matter(s) of the request.  MGA objects to the definitions and

22   instructions to the extent such definitions and instructions purport to enlarge,

23   expand, or alter in any way the plain meaning and scope of any specific term or

24   specific requests on the grounds that such enlargement, expansion or alteration

25   renders such a term or request vague, ambiguous, unintelligible, overly broad,

26   unduly burdensome, uncertain or otherwise open to interpretation.

27   **REQUEST FOR ADMISSION NO. 29:**

28       Admit that the document corresponding to Entry No. 557 on MGA'S

- 27 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)


EXHIBIT 29

432

PAGE

1   REVISED JANUARY 23, 2008 PRIVILEGE LOG is a further communication

2   related to the subject or subjects of the document attached hereto as Exhibit 1.

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

4         MGA objects on the grounds that the phrase "further communication related

5   to the subject or subjects of the document attached hereto as Exhibit 1" is vague and

6   ambiguous.  MGA objects to the request as it seeks disclosure of information that is

7   protected by the attorney-client privilege and/or work product doctrine in that the

8   basis for MGA's knowledge is communications with its counsel.  MGA objects to

9   the request to the extent it seeks information not relevant to the claims or defenses

10  of any party to this action and not reasonably calculated to lead to the discovery of

11  admissible evidence.  MGA objects to the request to the extent it is unduly

12  burdensome and oppressive.  In responding, MGA has not and will not comply with

13  any instructions or definitions that seek to impose requirements in addition to those

14  imposed by the Federal Rules of Civil Procedure or any applicable local rule.

15  MGA reserves the right to object on any ground at any time to such other and

16  supplemental discovery requests as Mattel may propound involving or relating to

17  the same subject matter(s) of the request.  MGA objects to the definitions and

18  instructions to the extent such definitions and instructions purport to enlarge,

19  expand, or alter in any way the plain meaning and scope of any specific term or

20  specific requests on the grounds that such enlargement, expansion or alteration

21  renders such a term or request vague, ambiguous, unintelligible, overly broad,

22  unduly burdensome, uncertain or otherwise open to interpretation.

23  **REQUEST FOR ADMISSION NO. 30:**

24        Admit that the document corresponding to Entry No. 557 on MGA's

25  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not a further communication

26  related to the subject or subjects of the document attached hereto as Exhibit 1.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

28        MGA further objects on the grounds that the phrase "further communication

- 28 -

EXHIBIT 29

PAGE 433

1   related to the subject or subjects of the document attached hereto as Exhibit 1" is

2   vague and ambiguous.  MGA objects to the request as it seeks disclosure of

3   information that is protected by the attorney-client privilege and/or work product

4   doctrine in that the basis for MGA's knowledge is communications with its

5   counsel.  MGA objects to the request to the extent it seeks information not relevant

6   to the claims or defenses of any party to this action and not reasonably calculated to

7   lead to the discovery of admissible evidence.  MGA objects to the request to the

8   extent it is unduly burdensome and oppressive.  In responding, MGA has not and

9   will not comply with any instructions or definitions that seek to impose

10   requirements in addition to those imposed by the Federal Rules of Civil Procedure

11   or any applicable local rule.  MGA reserves the right to object on any ground at any

12   time to such other and supplemental discovery requests as Mattel may propound

13   involving or relating to the same subject matter(s) of the request.  MGA objects to

14   the definitions and instructions to the extent such definitions and instructions

15   purport to enlarge, expand, or alter in any way the plain meaning and scope of any

16   specific term or specific requests on the grounds that such enlargement, expansion

17   or alteration renders such a term or request vague, ambiguous, unintelligible, overly

18   broad, unduly burdensome, uncertain or otherwise open to interpretation.

19   **REQUEST FOR ADMISSION NO. 31:**

20          Admit that the document corresponding to Entry No. 557 on MGA's

21   REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by MGA

22   from production in this litigation to Mattel on attorney-client privilege grounds.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

24          MGA objects to the request as vague and ambiguous in its use of the phrase

25   "the document" because "the document" contains a series of emails certain of

26   which were marked as trial exhibits and, therefore, MGA assumes that "the

27   document" means any portions of the email that were not marked as a trial exhibit.

28   As such, MGA objects to the request as it seeks disclosure of information that is

- 29 -

EXHIBIT _29_

434

1    protected by the attorney-client privilege and/or work product doctrine in that the

2    basis for MGA's knowledge is communications with its counsel.  MGA

3    additionally objects to this request on the grounds that it calls for a legal

4    conclusion.  MGA objects to the request to the extent it seeks information not

5    relevant to the claims or defenses of any party to this action and not reasonably

6    calculated to lead to the discovery of admissible evidence.  MGA objects to the

7    request to the extent it is unduly burdensome and oppressive.  In responding, MGA

8    has not and will not comply with any instructions or definitions that seek to impose

9    requirements in addition to those imposed by the Federal Rules of Civil Procedure

10   or any applicable local rule.  MGA reserves the right to object on any ground at any

11   time to such other and supplemental discovery requests as Mattel may propound

12   involving or relating to the same subject matter(s) of the request.  MGA objects to

13   the definitions and instructions to the extent such definitions and instructions

14   purport to enlarge, expand, or alter in any way the plain meaning and scope of any

15   specific term or specific requests on the grounds that such enlargement, expansion

16   or alteration renders such a term or request vague, ambiguous, unintelligible, overly

17   broad, unduly burdensome, uncertain or otherwise open to interpretation. MGA

18   objects to the request as vague and ambiguous in its use of the phrase "withheld by

19   MGA from production in this litigation to Mattel."

20   **REQUEST FOR ADMISSION NO. 32:**

21        Admit that the document corresponding to Entry No. 557 on MGA'S

22   REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by MGA

23   from production in this litigation to Mattel on work product grounds.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

25        MGA objects to the request as vague and ambiguous in its use of the phrase

26   "the document" because "the document" contains a series of emails certain of

27   which were marked as trial exhibits and, therefore, MGA assumes that "the

28   document" means any portions of the email that were not marked as a trial exhibit.

- 30 -

EXHIBIT 29

PAGE 435

1   As such, MGA objects to the request as it seeks disclosure of information that is

2   protected by the attorney-client privilege and/or work product doctrine in that the

3   basis for MGA's knowledge is communications with its counsel.  MGA

4   additionally objects to this request on the grounds that it calls for a legal

5   conclusion.  MGA objects to the request to the extent it seeks information not

6   relevant to the claims or defenses of any party to this action and not reasonably

7   calculated to lead to the discovery of admissible evidence.  MGA objects to the

8   request to the extent it is unduly burdensome and oppressive.  In responding, MGA

9   has not and will not comply with any instructions or definitions that seek to impose

10  requirements in addition to those imposed by the Federal Rules of Civil Procedure

11  or any applicable local rule.  MGA reserves the right to object on any ground at any

12  time to such other and supplemental discovery requests as Mattel may propound

13  involving or relating to the same subject matter(s) of the request.  MGA objects to

14  the definitions and instructions to the extent such definitions and instructions

15  purport to enlarge, expand, or alter in any way the plain meaning and scope of any

16  specific term or specific requests on the grounds that such enlargement, expansion

17  or alteration renders such a term or request vague, ambiguous, unintelligible, overly

18  broad, unduly burdensome, uncertain or otherwise open to interpretation. MGA

19  objects to the request as vague and ambiguous in its use of the phrase "withheld by

20  MGA from production in this litigation to Mattel."

21  **REQUEST FOR ADMISSION NO. 33:**

22       Admit that the document corresponding to Entry No. 557 on MGA'S

23  REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by attorney-client

24  privilege.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

26       MGA objects to the request as vague and ambiguous in its use of the phrase

27  "the document" because "the document" contains a series of emails certain of

28  which were marked as trial exhibits and, therefore, MGA assumes that "the

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT _28_

436

PAGE _____

1    document" means any portions of the email that were not marked as a trial exhibit.

2    As such, MGA objects to the request as it seeks disclosure of information that is

3    protected by the attorney-client privilege and/or work product doctrine in that

4    MGA's knowledge concerning the scope and nature of the attorney-client privilege

5    as applied to Exhibit 1 to the request has been gained by and through

6    communications with its counsel. MGA additionally objects to this request on the

7    grounds that it calls for a legal conclusion. MGA objects to the request to the

8    extent it seeks information not relevant to the claims or defenses of any party to this

9    action and not reasonably calculated to lead to the discovery of admissible

10    evidence. MGA objects to the request to the extent it is unduly burdensome and

11    oppressive. In responding, MGA has not and will not comply with any instructions

12    or definitions that seek to impose requirements in addition to those imposed by the

13    Federal Rules of Civil Procedure or any applicable local rule. MGA reserves the

14    right to object on any ground at any time to such other and supplemental discovery

15    requests as Mattel may propound involving or relating to the same subject matter(s)

16    of the request. MGA objects to the definitions and instructions to the extent such

17    definitions and instructions purport to enlarge, expand, or alter in any way the plain

18    meaning and scope of any specific term or specific requests on the grounds that

19    such enlargement, expansion or alteration renders such a term or request vague,

20    ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

21    open to interpretation.

22
23    **REQUEST FOR ADMISSION NO. 34:**

24      Admit that the document corresponding to Entry No. 557 on MGA'S

25    REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by the work

26    product doctrine.

27    **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

28      MGA objects to the request as vague and ambiguous in its use of the phrase

- 32 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBX)

EXHIBIT **29**

**4 3 7**

PAGE ____

1   "the document" because "the document" contains a series of emails certain of

2   which were marked as trial exhibits and, therefore, MGA assumes that "the

3   document" means any portions of the email that were not marked as a trial exhibit.

4   As such, MGA objects to the request as it seeks disclosure of information that is

5   protected by the attorney-client privilege and/or work product doctrine in that

6   MGA's knowledge concerning the scope and nature of the work product doctrine as

7   applied to Exhibit 1 to the request has been gained by and through communications

8   with its counsel.  MGA additionally objects to this request on the grounds that it

9   calls for a legal conclusion.  MGA objects to the request to the extent it seeks

10  information not relevant to the claims or defenses of any party to this action and not

11  reasonably calculated to lead to the discovery of admissible evidence.  MGA

12  objects to the request to the extent it is unduly burdensome and oppressive.  In

13  responding, MGA has not and will not comply with any instructions or definitions

14  that seek to impose requirements in addition to those imposed by the Federal Rules

15  of Civil Procedure or any applicable local rule.  MGA reserves the right to object

16  on any ground at any time to such other and supplemental discovery requests as

17  Mattel may propound involving or relating to the same subject matter(s) of the

18  request.  MGA objects to the definitions and instructions to the extent such

19  definitions and instructions purport to enlarge, expand, or alter in any way the plain

20  meaning and scope of any specific term or specific requests on the grounds that

21  such enlargement, expansion or alteration renders such a term or request vague,

22  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

23  open to interpretation.

24  **REQUEST FOR ADMISSION NO. 35:**

25      Admit that the document corresponding to Entry No. 557 on MGA'S

26  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by attorney-

27  client privilege.

28

- 33 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT 29
438
PAGE

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

2          MGA objects to the request as vague and ambiguous in its use of the phrase

3    "the document" because "the document" contains a series of emails certain of

4    which were marked as trial exhibits and, therefore, MGA assumes that "the

5    document" means any portions of the email that were not marked as a trial exhibit.

6    As such, MGA objects to the request as it seeks disclosure of information that is

7    protected by the attorney-client privilege and/or work product doctrine in that

8    MGA's knowledge concerning the scope and nature of the attorney-client privilege

9    as applied to Exhibit 1 to the request has been gained by and through

10   communications with its counsel.  MGA additionally objects to this request on the

11   grounds that it calls for a legal conclusion.  MGA objects to the request to the

12   extent it seeks information not relevant to the claims or defenses of any party to this

13   action and not reasonably calculated to lead to the discovery of admissible

14   evidence.  MGA objects to the request to the extent it is unduly burdensome and

15   oppressive.  In responding, MGA has not and will not comply with any instructions

16   or definitions that seek to impose requirements in addition to those imposed by the

17   Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the

18   right to object on any ground at any time to such other and supplemental discovery

19   requests as Mattel may propound involving or relating to the same subject matter(s)

20   of the request.  MGA objects to the definitions and instructions to the extent such

21   definitions and instructions purport to enlarge, expand, or alter in any way the plain

22   meaning and scope of any specific term or specific requests on the grounds that

23   such enlargement, expansion or alteration renders such a term or request vague,

24   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

25   open to interpretation.

26   **REQUEST FOR ADMISSION NO. 36:**

27         Admit that the document corresponding to Entry No. 557 on MGA's

28   REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by the work

- 34 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT *28*

*439*

1    product doctrine.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

3         MGA objects to the request as vague and ambiguous in its use of the phrase

4    "the document" because "the document" contains a series of emails certain of

5    which were marked as trial exhibits and, therefore, MGA assumes that "the

6    document" means any portions of the email that were not marked as a trial exhibit.

7    As such, MGA objects to the request as it seeks disclosure of information that is

8    protected by the attorney-client privilege and/or work product doctrine in that

9    MGA's knowledge concerning the scope and nature of the work product doctrine as

10   applied to Exhibit 1 to the request has been gained by and through communications

11   with its counsel.  MGA additionally objects to this request on the grounds that it

12   calls for a legal conclusion.  MGA objects to the request to the extent it seeks

13   information not relevant to the claims or defenses of any party to this action and not

14   reasonably calculated to lead to the discovery of admissible evidence.  MGA

15   objects to the request to the extent it is unduly burdensome and oppressive.  In

16   responding, MGA has not and will not comply with any instructions or definitions

17   that seek to impose requirements in addition to those imposed by the Federal Rules

18   of Civil Procedure or any applicable local rule.  MGA reserves the right to object

19   on any ground at any time to such other and supplemental discovery requests as

20   Mattel may propound involving or relating to the same subject matter(s) of the

21   request.  MGA objects to the definitions and instructions to the extent such

22   definitions and instructions purport to enlarge, expand, or alter in any way the plain

23   meaning and scope of any specific term or specific requests on the grounds that

24   such enlargement, expansion or alteration renders such a term or request vague,

25   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

26   open to interpretation.

27   **REQUEST FOR ADMISSION NO. 37:**

28        Admit that the document corresponding to Entry No. 557 on MGA'S

- 35 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT _28_

PAGE _440_

1    REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by

2    attorney-client privilege.

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

4         MGA objects to the request as vague and ambiguous in its use of the phrase

5    "the document" because "the document" contains a series of emails certain of

6    which were marked as trial exhibits and, therefore, MGA assumes that "the

7    document" means any portions of the email that were not marked as a trial exhibit.

8    As such, MGA objects to the request as it seeks disclosure of information that is

9    protected by the attorney-client privilege and/or work product doctrine in that

10   MGA's knowledge concerning the scope and nature of the attorney-client privilege

11   as applied to Exhibit 1 to the request has been gained by and through

12   communications with its counsel.  MGA additionally objects to this request on the

13   grounds that it calls for a legal conclusion.  MGA objects to the request to the

14   extent it seeks information not relevant to the claims or defenses of any party to this

15   action and not reasonably calculated to lead to the discovery of admissible

16   evidence.  MGA objects to the request to the extent it is unduly burdensome and

17   oppressive.  In responding, MGA has not and will not comply with any instructions

18   or definitions that seek to impose requirements in addition to those imposed by the

19   Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the

20   right to object on any ground at any time to such other and supplemental discovery

21   requests as Mattel may propound involving or relating to the same subject matter(s)

22   of the request.  MGA objects to the definitions and instructions to the extent such

23   definitions and instructions purport to enlarge, expand, or alter in any way the plain

24   meaning and scope of any specific term or specific requests on the grounds that

25   such enlargement, expansion or alteration renders such a term or request vague,

26   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

27   open to interpretation.

28

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT **29**
**441**

1   **REQUEST FOR ADMISSION NO. 38:**

2       Admit that the document corresponding to Entry No. 557 on MGA'S

3   REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by the

4   work product doctrine.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

6       MGA objects to the request as vague and ambiguous in its use of the phrase

7   "the document" because "the document" contains a series of emails certain of

8   which were marked as trial exhibits and, therefore, MGA assumes that "the

9   document" means any portions of the email that were not marked as a trial exhibit.

10  As such, MGA objects to the request as it seeks disclosure of information that is

11  protected by the attorney-client privilege and/or work product doctrine in that

12  MGA's knowledge concerning the scope and nature of the work product doctrine as

13. applied to Exhibit 1 to the request has been gained by and through communications

14  with its counsel.  MGA additionally objects to this request on the grounds that it

15  calls for a legal conclusion.  MGA objects to the request to the extent it seeks

16  information not relevant to the claims or defenses of any party to this action and not

17  reasonably calculated to lead to the discovery of admissible evidence.  MGA

18  objects to the request to the extent it is unduly burdensome and oppressive.  In

19  responding, MGA has not and will not comply with any instructions or definitions

20  that seek to impose requirements in addition to those imposed by the Federal Rules

21  of Civil Procedure or any applicable local rule.  MGA reserves the right to object

22  on any ground at any time to such other and supplemental discovery requests as

23  Mattel may propound involving or relating to the same subject matter(s) of the

24  request.  MGA objects to the definitions and instructions to the extent such

25  definitions and instructions purport to enlarge, expand, or alter in any way the plain

26  meaning and scope of any specific term or specific requests on the grounds that

27  such enlargement, expansion or alteration renders such a term or request vague,

28  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT __28__

PAGE __442__

1  open to interpretation.

2  **REQUEST FOR ADMISSION NO. 39:**

3      Admit that MGA has produced all other versions of the exchange reflected in

4  the document attached hereto as Exhibit 1.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

6      MGA objects to the phrase "all other versions of the exchange reflected in

7  the document" as vague and ambiguous.  MGA objects to the request insofar as it

8  seeks disclosure of information that is protected by the attorney-client privilege

9  and/or work product doctrine.  MGA objects to the request to the extent it seeks

10  information not relevant to the claims or defenses of any party to this action and not

11  reasonably calculated to lead to the discovery of admissible evidence.  MGA

12  objects to the request to the extent it is unduly burdensome and oppressive.  In

13  responding, MGA has not and will not comply with any instructions or definitions

14  that seek to impose requirements in addition to those imposed by the Federal Rules

15  of Civil Procedure or any applicable local rule.  MGA reserves the right to object

16  on any ground at any time to such other and supplemental discovery requests as

17  Mattel may propound involving or relating to the same subject matter(s) of the

18  request.  MGA objects to the definitions and instructions to the extent such

19  definitions and instructions purport to enlarge, expand, or alter in any way the plain

20  meaning and scope of any specific term or specific requests on the grounds that

21  such enlargement, expansion or alteration renders such a term or request vague,

22  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

23  open to interpretation.

24      Subject to and without waiving these objections, privileges and doctrines,

25  MGA responds as follows:

26      MGA admits that it has conducted a good faith diligent search and reasonable

27  inquiry for documents responsive to Mattel's discovery requests, including

28  documents that contain the emails reflected in Exhibit 1, and has provided those

- 38 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT 28
443
PAGE

1    documents to counsel for MGA and Mr. Larian.

2    **REQUEST FOR ADMISSION NO. 40:**

3         Admit that MGA has not produced to Mattel all other versions of the

4    exchange reflected in the document attached hereto as Exhibit 1.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

6         MGA objects to the phrase "all other versions of the exchange reflected in

7    the document" as vague and ambiguous.  MGA objects to the request insofar as it

8    seeks disclosure of information that is protected by the attorney-client privilege

9    and/or work product doctrine.  MGA objects to the request to the extent it seeks

10   information not relevant to the claims or defenses of any party to this action and not

11   reasonably calculated to lead to the discovery of admissible evidence.  MGA

12   objects to the request to the extent it is unduly burdensome and oppressive.  In

13   responding, MGA has not and will not comply with any instructions or definitions

14   that seek to impose requirements in addition to those imposed by the Federal Rules

15   of Civil Procedure or any applicable local rule.  MGA reserves the right to object

16   on any ground at any time to such other and supplemental discovery requests as

17   Mattel may propound involving or relating to the same subject matter(s) of the

18   request.  MGA objects to the definitions and instructions to the extent such

19   definitions and instructions purport to enlarge, expand, or alter in any way the plain

20   meaning and scope of any specific term or specific requests on the grounds that

21   such enlargement, expansion or alteration renders such a term or request vague,

22   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

23   open to interpretation.

24        Subject to and without waiving these objections, privileges and doctrines,

25   MGA responds as follows:

26        MGA admits that it has conducted a good faith diligent search and reasonable

27   inquiry for documents responsive to Mattel's discovery requests, including

28   documents that contain the emails reflected in Exhibit 1, and has provided those

- 39 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT 29

444

1  documents to counsel for MGA and Mr. Larian.

2  **REQUEST FOR ADMISSION NO. 41:**

3      Admit that there are additional communications to or from Isaac Larian that

4  are part of the email chain attached hereto as Exhibit 1.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

6      MGA objects to the phrase "additional communications to or from Isaac

7  Larian that are part of the email chain" as vague and ambiguous.  MGA objects to

8  the request insofar as it seeks disclosure of information that is protected by the

9  attorney-client privilege and/or work product doctrine.  MGA objects to the request

10 to the extent it seeks information not relevant to the claims or defenses of any party

11 to this action and not reasonably calculated to lead to the discovery of admissible

12 evidence.  MGA objects to the request to the extent it is unduly burdensome and

13 oppressive.  In responding, MGA has not and will not comply with any instructions

14 or definitions that seek to impose requirements in addition to those imposed by the

15 Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the

16 right to object on any ground at any time to such other and supplemental discovery

17 requests as Mattel may propound involving or relating to the same subject matter(s)

18 of the request.  MGA objects to the definitions and instructions to the extent such

19 definitions and instructions purport to enlarge, expand, or alter in any way the plain

20 meaning and scope of any specific term or specific requests on the grounds that

21 such enlargement, expansion or alteration renders such a term or request vague,

22 ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

23 open to interpretation.

24     Subject to and without waiving these objections, privileges and doctrines,

25 MGA responds as follows:

26     MGA admits that it has conducted a good faith diligent search and reasonable

27 inquiry for documents responsive to Mattel's discovery requests, including

28 documents that contain the emails reflected in Exhibit 1, and has provided those

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT 29

PAGE 445

1   documents to counsel for MGA and Mr. Larian.

2   **REQUEST FOR ADMISSION NO. 42:**

3       Admit that there are no additional communications to or from Isaac Larian

4   that are part of the email chain attached hereto as Exhibit 1.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

6       MGA objects to the phrase "additional communications to or from Isaac

7   Larian that are part of the email chain" as vague and ambiguous. MGA objects to

8   the request insofar as it seeks disclosure of information that is protected by the

9   attorney-client privilege and/or work product doctrine.  MGA objects to the request

10  to the extent it seeks information not relevant to the claims or defenses of any party

11  to this action and not reasonably calculated to lead to the discovery of admissible

12  evidence.  MGA objects to the request to the extent it is unduly burdensome and

13  oppressive.  In responding, MGA has not and will not comply with any instructions

14  or definitions that seek to impose requirements in addition to those imposed by the

15  Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the

16  right to object on any ground at any time to such other and supplemental discovery

17  requests as Mattel may propound involving or relating to the same subject matter(s)

18  of the request.  MGA objects to the definitions and instructions to the extent such

19  definitions and instructions purport to enlarge, expand, or alter in any way the plain

20  meaning and scope of any specific term or specific requests on the grounds that

21  such enlargement, expansion or alteration renders such a term or request vague,

22  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

23  open to interpretation.

24      Subject to and without waiving these objections, privileges and doctrines,

25  MGA responds as follows:

26      MGA admits that it has conducted a good faith diligent search and reasonable

27  inquiry for documents responsive to Mattel's discovery requests, including

28  documents that contain the emails reflected in Exhibit 1, and has provided those

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBX)

EXHIBIT 29

PAGE 446

1    documents to counsel for MGA and Mr. Larian.

2

3    Dated:    October 13, 2009              ORRICK, HERRINGTON & SUTCLIFFE LLP

4

5                                           By: _____
                                                 Warrington S. Parker III
6                                           Attorneys for MGA ENTERTAINMENT, INC.,
                                            MGA ENTERTAINMENT HK, LTD., MGA de
7                                           MEXICO, S.R.L. de C.V., and ISAAC LARIAN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN  EMAIL
COMMUNICATIONS,  CV 04-9049 DOC (RNBx)

EXHIBIT  29
447

OCT 13 2009

1    **PROOF OF SERVICE**

2    I, James Calderon, declare:

3    I am more than eighteen years old and not a party to this action.  My business

4    address is Orrick, Herrington & Sutcliffe LLP, 405 Howard Street, San Francisco,

5    CA 94105.

6    On October 13, 2009, I served the following document:

7    **MGA'S RESPONSE TO MATTEL, INC.'S REQUEST FOR ADMISSION TO MGA RELATED TO MGA'S ASSERTION OF**

8    **PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL COMMUNICATIONS THAT ARE THE SUBJECT TO THE COURT'S**

9    **ORDER TO SHOW CAUSE DATED AUGUST 31, 2009**

10    **ISAAC LARIAN'S RESPONSE TO MATTEL, INC.'S REQUEST FOR ADMISSION TO ISAAC LARIAN RELATED TO ASSERTION OF**

11    **PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL COMMUNICATIONS THAT ARE THE SUBJECT TO THE COURT'S**

12    **ORDER TO SHOW CAUSE DATED AUGUST 31, 2009**

13

14    ☒    By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

15

16    ☐    By depositing a true and correct copy of the document(s) listed above with Fed Ex in Los Angeles, California, enclosed in a sealed envelope.

17

18    ☐    (by Electronic Mail), I caused such documents to be transmitted by electronic mal to the offices of the addressee.

19

20    SEE ATTACHED SERVICE LIST

21    I am employed in the county from which the mailing occurred.  On the

22    date indicated above, I placed the sealed envelope(s) for collection and mailing at

23    this firm's office business address indicated above.  I am readily familiar with this

24    firm's practice for the collection and processing of correspondence for mailing with

25    the United States Postal Service.  Under that practice, the firm's correspondence

26    would be deposited with the United States Postal Service on this same date with

27    postage thereon fully prepaid in the ordinary course of business.

28

- 1 -

EXHIBIT  29

PAGE  448

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 13, 2009, at Los Angeles, California.

_____

James Calderon

- 2 -

EXHIBIT _28_
449
PAGE _____

1

## PHASE 2 DISCOVERY SERVICE LIST

2

Counsel for Mattel. Inc.

3   Michael T. Zeller, Esq.
    michaelzeller@quinnemanuel.com

4   Brett D. Proctor

5   dylanproctor@quinnemanuel.com
    QUINN EMANUÉL URQUHART OLIVER & HEDGES, LLP

6   865 South Figueroa Street, 10th Floor

7   Los Angeles, CA 90017-2543
    Telephone: (213) 443-3000

8   Facsimile: (213) 443-3100

9

    Counsel for Carlos Gustavo Machado Gomez

10  Mark E. Overland, Esq.

11  moverland@scheperkim.com
    Alexander H. Cote, Esq.

12  acote@scheperkim.com

13  SCHEPER KIM & OVERLAND LLP
    601 W. 5th Street, 12th Floor

14  Los Angeles, CA 90017

15  Telephone: (213) 613-4655
    Facsimile: (213) 613-4656

16

17  Additional Counsel:
    Jason D. Russell, Esq.

18  jason.russell@skadden.com

19  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    300 South Grand Ave., Suite 3400

20  Los Angeles, CA 90071-3144

21  Telephone: (213) 687-5000
    Facsimile: (213) 687-5600

22

23

24

25

26

27

28

-3-

EXHIBIT 28

450

PAGE